**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT,**
**AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state the following in support of this motion (the "Motion"):

## Relief Requested

1.      The Debtors seek entry of orders, substantially in the form attached hereto as
**Exhibit A** (the "Order"): (a) authorizing, but not directing, the Debtors to designate these
Chapter 11 Cases (as defined herein) as complex cases, (b) approving and implementing certain
notice, case management, and administrative procedures as described in Exhibit 1 to the Order
(collectively, the "Case Management Procedures"); and (c) granting related relief.[2]

2.      There are thousands of creditors and parties in interest in these Chapter 11 Cases.
Notice of all pleadings and other papers filed in this bankruptcy to each of these parties would be
extremely burdensome and costly to the estate.  The costs of photocopying, postage, and other
expenses associated with such large mailings would be excessive and practically prohibitive.  The
relief sought in this Motion is tailored to address such concerns while simultaneously ensuring
timely notification to those parties actively participating in this case or those parties whose rights
are directly affected by a given matter.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of New Jersey (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of
Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

---

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in greater detail in the First Day Declaration, filed contemporaneously herewith and incorporated by reference herein.

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 102(1), 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1001, 1007, 2002, 9007, 9013-1, 9014, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

6.      The Debtors are the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more.  In addition to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond stores and their buybuy BABY stores with locations across North America.  Headquartered in Union, New Jersey, Bed Bath & Beyond Inc. is a publicly traded company that currently employs approximately 14,000 non-seasonal employees.

7.      The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these cases, the  Debtors will immediately commence an orderly and value-maximizing wind down of their business, while marketing a sale of all or part of their business on a timeline consented to by their prepetition and DIP lenders.

8.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and

3

managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion requesting

procedural consolidation and joint administration of these Chapter 11 Cases pursuant to

Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made

in these Chapter 11 Cases, and no official committees have been appointed or designated.

### Case Management Procedures

9.      On November 25, 2009, the Hon. Judith H. Wizmur, Ret., entered the *General

Order Governing Procedures for Complex Chapter 11 Cases* (the "General Order").  The General

Order was designed to provide "special scheduling and other procedures" in cases where certain

factors, including a large creditor base or high assets and liabilities, were present.  *See* General

Order ¶ 1.  Debtors seeking treatment as a complex case filed a simple application setting forth the

factors that warranted complex treatment and an order would be entered designating the cases as

"complex cases."[3]  The General Order provided that, "[i]n a Complex Chapter 11 Case, counsel

for the debtor, at the hearing on First Day Matters, shall:  [d]iscuss with the Court, provisions

regarding the entry of a proposed case management order in accordance with the Guidelines

Establishing Case Management and Administrative Procedures for Cases Designated as Complex

Chapter 11 Cases [(the "General Guidelines")], a copy of which [was] attached [to the General

Order] as Exhibit F."  *Id.* ¶ 6(a).

10.      Although the General Guidelines were state of the art in 2009, in the ensuing

14 years, technology has developed rapidly, and our lives have changed in response.  In light of

---

[3]      Out of an abundance of caution, the Debtors are seeking authority to designate these Chapter 11 Cases as complex cases in compliance with the General Order, which is considered an archived general order.  *See Transcript of First Day Motions*, *In re SLT HoldCo, Inc.*, No. 20-18268 (MBK), Hr'g Tr. at 17:2–8 (Bankr. D.N.J. July 10, 2020) (noting that the United States Trustee for Region III has "question[ed] whether this relief is necessary in light of the fact that the November 25 [*sic*], 2009 order is an archived general order").  The Court recently granted similar relief designating the debtors' chapter 11 cases as complex cases via the debtors' case management motion.  *See, e.g.*, *In re BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022).

these changes, the General Guidelines do not satisfy the Debtors' particular needs in 2023.  For example, the General Guidelines require paper service that is no longer necessary or practicable in light of, among other things:  (i) the fact that most people check their email multiple times a day, giving them instant access to pleadings and information electronically served on them; (ii) the fact that many people do not check their paper mail with any regularity; (iii) the fact that many people do not work from offices five days a week; and (iv) the size of today's chapter 11 cases and the current inflationary environment makes paper service cost prohibitive, even when effectuated via first class mail (*i.e.*, when not served via overnight carrier).

11.    In light of these realities, the Debtors seek authority to implement a set of Case Management Procedures—based on and closely correlated with the General Guidelines—that have been tailored to the Debtors' particular facts and circumstances, as well as the practicalities of service and bankruptcy practice in 2023.

12.    The Case Management Procedures, among other things:  (a) establish requirements for filing and serving notices, motions, applications, declarations, affidavits, objections, replies, responses, memoranda, briefs, supporting documents, and other papers filed in these Chapter 11 Cases, including with regard to any contested matters and any related adversary proceedings (collectively, the "Court Filings"), and any orders entered in these Chapter 11 Cases, including with regard to any contested matters and any related adversary proceedings (together with the Court Filings, the "Court Filings and Orders"); (b) delineate standards for notices of hearings and agendas; (c) fix periodic omnibus hearing dates and provide mandatory guidelines for scheduling hearings and setting objection and reply deadlines; and (d) minimize potential burdens on the Court by limiting matters that are required to be heard by the Court.

13.    The Debtors believe that the Case Management Procedures will facilitate service

of Court Filings and Orders in a manner that will maximize the efficiency and orderly

administration of the Chapter 11 Cases, while at the same time ensuring that appropriate notice is

provided, particularly to parties who express an interest in these Chapter 11 Cases and those

directly affected by a request for relief.    In particular, the Case Management Procedures are

intended to:

a.    Reduce the need for expedited hearings and requests for expedited relief;

b.    Provide for omnibus hearings for the Court to consider motions,
applications, other pleadings, and any responses thereto, as applicable;

c.    Promote consensual resolution of important matters;

d.    Assure prompt receipt of appropriate notice by potentially affected parties;

e.    Allow for electronic notice in accordance with the Court's electronic filing
system (the "ECF System");

f.    Provide ample opportunity for parties in interest to prepare for and respond
to matters before the Court;

g.    Reduce the substantial administrative and financial burden that otherwise
may be placed on the Debtors and other parties in interest who file
documents in these Chapter 11 Cases; and

h.    Reduce the administrative burdens on the Court and the office of the clerk
of the United States Bankruptcy Court for the District of New Jersey
(the "Clerk of Court").

14.    To ensure that parties in interest in these Chapter 11 Cases are made aware of the

Case Management Procedures, the Debtors propose to:    (a) serve the Case Management

Procedures via electronic mail (where available) or regular mail on each of the parties on the

Master Service List (as defined in the Case Management Procedures) as soon as practicable after

entry of the Order; (b) publish the Case Management Procedures on the Debtors' restructuring

website    at    https://restructuring.ra.kroll.com/bbby    (the "Case Website");    and

(c) make the Case Management Procedures readily available upon request to the Debtors'

proposed claims and noticing agent, Kroll Restructuring Administration LLC (the "Claims Agent"). If the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will (a) make updated versions of the Case Management Procedures available on the Case Website, (b) file a notice of the updated procedures (along with a copy of the updated procedures) electronically on the docket, and (c) serve such updated procedures in accordance with the revised Case Management Procedures.

**Basis for Relief**

15.    The Bankruptcy Rules and Bankruptcy Code provide the Debtors with authority to establish notice and case management procedures. In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties in interest. The Bankruptcy Rules further provide that "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." *See* Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

16.    In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles. Specifically, section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

7

11 U.S.C. § 105(a).

17.    Under section 102(1) of the Bankruptcy Code, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ."  11 U.S.C. § 102(1)(A).  Finally, and perhaps most importantly, Bankruptcy Rule 1001 requires the Bankruptcy Rules to be "construed . . . to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

18.    The Debtors' Chapter 11 Cases are complex, will likely be fast-paced, and will involve large numbers of creditors and other parties in interest.  The costs and burdens associated with the possibility of frequent and fragmented hearings, plus the costs associated with copying and mailing or otherwise serving all documents filed with the Court to all such entities, will impose an extraordinary and expensive administrative and economic burden on the Debtors' estates, the Court, and the parties in interest.  Indeed, constant mass mailings will be extraordinarily costly to the Debtors' estates and will require the Debtors to divert valuable resources to comply with all administrative requirements.  Additionally, hard copy mailing is not available for all parties in interest, so the Debtors request to serve such parties, through the Claims Agent, via electronic mail to ensure service on such parties.

19.    Limited notice procedures are routinely established by bankruptcy courts in large chapter 11 cases to reduce the expense of the administration of the estate.  *See In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023); *In re BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022); *In re Aearo Tech. LLC*, No. 22-02890-JJG-11 (Bankr. S.D. Ind. Sept. 30, 2022); *In re Celsius Network LLC*, No. 22-10964 (MG)

(Bankr. S.D.N.Y. Aug. 17, 2022); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW)

(Bankr. S.D.N.Y. Aug. 4, 2022).

20.     For the reasons discussed herein, the Debtors believe that the Case Management
Procedures are appropriate and should be approved and implemented.  The establishment of the
Case Management Procedures will promote the efficient and orderly administration of these
Chapter 11 Cases.  For these reasons, the Debtors believe that the relief requested herein is in the
best interests of the Debtors and their estates and should be approved.

## Waiver of Memorandum of Law

21.     The Debtors respectfully request that the Court waive the requirement to file a
separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon
which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

22.     Notwithstanding anything to the contrary herein, nothing contained in this Motion
or any actions taken pursuant to any order granting the relief requested by this Motion is intended
or should be construed as (a) an admission as to the validity of any particular claim against the
Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a
promise or requirement to pay any particular claim, (d) an implication or admission that any
particular claim is of a type specified or defined in this Motion or any order granting the relief
requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease
pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors', or any
other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a
concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that
may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved
to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants

the relief sought herein, any payment made pursuant to this Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## No Prior Request

23.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

24.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; (m) all governmental agencies having a regulatory or statutory interest in these Chapter 11 Cases; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: April 23, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

## ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through six (6) and the Exhibit 1 attached hereto, is hereby **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to designate these Chapter 11 Cases as complex cases, (b) approving and implementing certain notice, case management, and administrative procedures as described in **Exhibit 1** to the case management Order (collectively, the "Case Management Procedures"); and (c) granting related relief**,** all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on a basis as set forth herein.

2.      The Court concludes that the above-captioned cases constitute Complex Chapter 11 Cases.

3.      The Case Management Procedures set forth in **Exhibit 1** hereto are approved and shall apply as provided therein in these Chapter 11 Cases, except as otherwise ordered by the Court.  Notice and service accomplished in accordance with the Case Management Procedures, including service via electronic mail (where available), shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Case Management Procedures shall govern and supersede such rules.

4.      The next three omnibus hearings are scheduled as follows:

(a)      __:__ _.m., prevailing Eastern Time, on      ____, 2023;

(b)      __:__ _.m., prevailing Eastern Time, on      ____, 2023; and

(c)      __:__ _.m., prevailing Eastern Time, on      ____, 2023.

5.      Prior to giving notice of the Case Management Procedures, the Debtors are authorized to make non-substantive revisions and corrections as needed to the Case Management Procedures, including filling in (a) the omnibus hearing schedule, and (b) the date and docket number of this Order where indicated therein.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

6.      Any party may obtain a copy of the Case Management Procedures by: (a) accessing the website maintained by the Claims Agent at https://restructuring.ra.kroll.com/bbby free of charge; (b) contacting the Claims Agent directly at Kroll Restructuring Administration LLC, Attn: Bed Bath & Beyond Inquiries, 52 East 52nd St., 17th Floor, NY, New York 10055, by email at BBBYInfo@ra.kroll.com , or by telephone at (833) 570-5355 (toll-free), +1 (646) 440-4806 (International), or (c) by accessing PACER on the Court's website at https://www.njb.uscourts.gov for a nominal fee.

7.      As soon as practicable after the entry of this Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List (as defined in the Case Management Procedures attached as Exhibit 1 hereto). To help ensure that all parties who may participate in these Chapter 11 Cases are aware of the terms of the Case Management Procedures, the Claims Agent shall post the Case Management Procedures on the Case Website (as defined in the Case Management Procedures attached as Exhibit 1 hereto).

8.      If the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors shall (a) make updated versions of the Case Management Procedures available on the Case Website, (b) file a notice of the updated procedures (along with a copy of the updated procedures) electronically on the docket, and (c) serve such updated procedures in accordance with the revised Case Management Procedures.

9.      This Order shall be effective immediately upon entry, and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

10.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

11.     A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

12.     This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**<u>Exhibit 1</u>**

**Case Management Procedures**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

On April 23, 2023 (the "Petition Date"), Bed Bath & Beyond Inc. and its debtor affiliates,

as debtors and debtors in possession in the above-referenced chapter 11 cases (collectively,

the "Debtors") commenced the above-captioned bankruptcy cases (these "Chapter 11 Cases") by

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of
the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the
website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The
location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these
Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

filing their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On [●], 2023, the Court entered an order (the "Case Management Order") [Docket No. [●]], pursuant to sections 102(1), 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1001, 1007, 2002, 9007, 9013, 9014, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules"), approving (a) these Notice, Case Management, and Administrative Procedures (collectively, the "Case Management Procedures"), and (b) the form and notice thereof.

Pursuant to the Case Management Order, all notices, motions, applications, briefs, memoranda, declarations, affidavits, objections, responses, replies, supporting documents, and other papers filed in these Chapter 11 Cases, including with regards to any contested matters and any related adversary proceedings, and orders entered in these Chapter 11 Cases, including with regards to any contested matters and any related adversary proceedings, are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, to the extent there is a conflict between the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules and these Case Management Procedures, these Case Management Procedures shall govern in all respects.

***Accordingly, all parties in interest are strongly encouraged to review the below Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein prior to filing any documents in the Chapter 11 Cases.***

## Case Management Procedures

**A.    Omnibus Hearings**

1.    <u>All Matters to Be Heard at Omnibus Hearings</u>.  All matters requiring a hearing in these Chapter 11 Cases, including with regards to any contested matters and any related adversary proceedings, shall be heard at periodic omnibus hearings (each, an "<u>Omnibus Hearing</u>"), in accordance with these Case Management Procedures, unless otherwise ordered by the Court for good cause shown.  The Debtors shall be authorized to schedule, in cooperation with the Court, Omnibus Hearings to consider (a) all motions, applications, and other requests for relief, along with any notices, briefs, memoranda, declarations, affidavits, replies, and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>"); and (b) all objections and responses to such Requests for Relief and documents filed in support of such objections and responses (collectively, the "<u>Objections</u>" and, together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") pursuant to the following procedures:

(a)    <u>Initial Omnibus Hearings</u>.  The next three Omnibus Hearings shall be held on the following dates and times:

(i)    __:__ _.m., prevailing Eastern Time, on ____, 2023;

(ii)    __:__ _.m., prevailing Eastern Time, on ____, 2023; and

(iii)    __:__, _.m., prevailing Eastern Time, on ____, 2023.

(b)    <u>Subsequent Omnibus Hearings</u>.  The Debtors shall be authorized to schedule, in coordination with the Court, additional Omnibus Hearings.  The Debtors shall file notices of additional Omnibus Hearing dates with the Court on a periodic basis.  The Debtors' claims and noticing agent (the "<u>Claims Agent</u>") shall post the dates of the Omnibus Hearings on a website established for this case at <u>https://restructuring.ra.kroll.com/bbby</u> (the "<u>Case Website</u>").  Entities may contact the Claims Agent for information concerning all scheduled Omnibus Hearings.

(c)    <u>Proposed Notice of Agenda</u>.  Before noon (prevailing Eastern Time) on the day that is two (2) business days before each Omnibus Hearing, the Debtors' counsel will file a proposed Notice of Agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing (the "<u>Notice of Agenda</u>").  The

Notice of Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment.

(d)      Content of Notice of Agenda.   The proposed Notice of Agenda shall list:  (i) the docket number (in docketing order) and title of each matter scheduled for hearing at such Omnibus Hearing, including the initial filing and any filed responses, replies, or documents related thereto; (ii) the relevant objection deadlines and whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; and (iv) other comments that will assist the Court.  The matters listed on the proposed Notice of Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and affidavits of service.  Resolved or continued matters shall be listed ahead of unresolved matters on the Notice of Agenda.  Contested matters shall be listed in the order of docketing with the corresponding docket number.

All amended Notices shall list matters as listed in the original Notice of Agenda with all edits and additional information being listed in boldface type.

Copies of the Notice of Agenda shall be served upon all counsel who have entered an appearance in the case, as well as all other counsel with a direct interest in any matter on the Notice of Agenda and the United States Trustee simultaneously with the filing of the Notice of Agenda with the Court.

When an adversary proceeding is scheduled, the Notice of Agenda shall indicate the adversary proceeding number and the corresponding docket number for pleadings filed in the adversary proceeding on the Notice of Agenda, in addition to the information regularly required in a Notice of Agenda.

(e)      Adjournment of Omnibus Hearings.  Unless the Court orders otherwise, the Debtors' counsel may, without further leave of the Court, (i) adjourn any hearing on a Request for Relief filed by the Debtors to a subsequent Omnibus Hearing either (A) if no Objection contesting the relief has been filed, or (B) with the consent of any party that has filed such an Objection; and (ii) adjourn any hearing on a Request for Relief filed by a non-Debtor party to a subsequent Omnibus Hearing provided that the filing party consents and either (A) no Objection contesting the relief has been filed, or (B) any party that has filed such an Objection consents.  Notice of such adjournments may be filed separately on the docket or noted in the Proposed Hearing Agenda.

(f)      Cancellation of Omnibus Hearings.  If no matters are scheduled for hearing at an Omnibus Hearing, the Debtors may cancel the Omnibus Hearing, with the consent of the Court, by filing a notice of cancellation on the docket for these Chapter 11 Cases.

**B.     Filing Procedures; General Motion Practice; Deadlines for Filing of Responsive Pleadings**

2.      <u>Procedures Established for Court Filings</u>.    Registered users of the Court's Electronic Case Filing System (the "<u>ECF System</u>") shall file all Court Filings electronically.  Any Court Filing that refers specifically to a pleading that has already been filed in the Chapter 11 Case shall make specific reference to the docket number assigned by the Court to such pleading by use of the designation "Docket No. ___" or similar designation.

3.      <u>General Motion Practice</u>.  The following procedures shall be followed for Requests for Relief generally, except as otherwise provided by these Case Management Procedures or an order of the Court:

(a)      <u>Requests for Relief</u>.  Any Request for Relief, including briefs, must be filed at least twenty-one (21) calendar days prior to the hearing thereon.  A Request for Relief may be scheduled by the filing party to be heard at any Omnibus Hearing at least twenty-one (21) calendar days after the filing of such Request for Relief.

(b)      <u>Inconsistent Filings</u>.  If a party other than the Debtors files a Court Filing and purports to set a hearing date inconsistent with these Case Management Procedures (an "<u>Inconsistent Filing</u>"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the 21-day notice period has expired, and the Debtors shall provide such party with notice of these Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.  If such filing is filed at least twenty-one (21) days from the next Omnibus Hearing Date, then the hearing with respect to such filing shall be deemed to be on such omnibus hearing date.    If such filing is less than twenty-one (21) days prior to the next omnibus hearing date, then the hearing with respect to such filing shall be the next omnibus hearing date after the required twenty-one (21) days have passed.   The movant must provide notice of the corrected hearing date to all affected parties and thereafter file a certificate of service regarding the notice.

(c)      <u>Service of Requests for Relief</u>.  All Requests for Relief shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Rules, and any applicable Court order on:  (i) the master service list (the "<u>Master Service List</u>") that the Claims Agent shall maintain pursuant to Bankruptcy Rule 2002; (ii) the list of entities (the "<u>2002 List</u>" and, together with the Master Service List, the "<u>Core Service List</u>") that have filed a written request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (a "<u>2002 Notice Request</u>"), which the Claims Agent also shall maintain pursuant to Bankruptcy Rule 2002; and

(iii) each entity with a particularized interest in the subject matter of the specific Court Filing (each, an "<u>Affected Entity</u>").

(d)    <u>Notices of Requests for Relief</u>.   Parties should consult the Local Rules regarding the form and content of notices with respect to Requests for Relief and visit the Court's website at http://njb.uscourts.gov for more information.

(e)    <u>Requests for Shortened Time or Limited Notice</u>.   Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to (i) file a Request for Relief upon shortened notice; or (ii) seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

(f)    <u>Expedited Hearings.</u>   If a party in interest has an emergency or other situation that it believes requires consideration on less than the 21-day notice as required by D.N.J. LBR 9013-2(c), the moving party should file and serve, a separate written application requesting shortened time and expedited hearing in respect of the underlying motion in the form provided at D.N.J. LBR 9013-2(c).

If the Court grants the motion for expedited hearing, the underlying motion will be set at the next available omnibus hearing date or at some other appropriate shortened date approved by the Court.

Requests for expedited hearings will only be granted under emergency or exigent circumstances.

(g)    <u>Negative Noticing Procedures</u>.   Subject to the Court's discretion, the Court may approve notice procedures which provide that if no objections are timely filed and served by a deadline set in accordance with the Bankruptcy Rules and/or the Case Management Order and/or the Local Rules, the Court may enter an order granting the relief requested without further notice or a hearing ("<u>Negative Notice</u>").   The notice of motion accompanying such motion must specifically advise parties of the objection deadline and must also inform the recipient that if no objections are filed and served, the Court may enter an order granting the motion without further notice or hearing.

Negative Notice may be used in connection with motions including, but not limited to, matters requesting the following relief:  (a) rejection of a non-residential real property lease or executory contract pursuant to 11 U.S.C. § 365; (b) extension of deadline to seek removal action pursuant to Bankruptcy Rule 9027; (c) sales of assets outside the ordinary course of business pursuant to 11 U.S.C. § 363 with a purchase price set on a case-by-case basis; (d) approval of settlements and compromises pursuant to Bankruptcy Rule 9019 of claims where the settled amount of the claim does not exceed an amount set on a case-by-case basis; and (e) nothing contained herein shall be construed to limit a party in interest's ability to request

that the Court approve the use of Negative Notice procedures in connection with motions not specifically identified above.

If an objection is timely filed and served, a hearing will be scheduled for the next Omnibus Hearing date unless otherwise ordered by the Court.

(h)     Evidentiary Hearings.  Nothing herein shall prejudice the rights of any party to seek appropriate discovery with respect to any Court Filings, and all parties' rights to request an evidentiary hearing or establish a discovery schedule are preserved.

(i)      Certificate of No Objection.  After the Objection date has passed with no Objection having been filed or served, counsel for the movant may file a Certification of No Objection substantially in the form as it appears in the General Order Governing Procedures for Complex Chapter 11 Cases on the annexed Schedule "1" stating that no Objection has been filed or served on the movant.

By filing such certifications, counsel for the movant is representing to the Court that the movant is unaware of any objection to the motion or application and that counsel has reviewed the Court's docket and no Objection appears thereon.

Upon receipt of the Certification of No Objection, the Court may enter the order accompanying the motion or application without further pleading or hearing and, once the order is entered, the hearing scheduled on the motion or application shall be cancelled without further notice.

4.     Filing and Service of Objections, Replies, and Other Responsive Pleadings.  The following procedures shall be followed, except as otherwise provided by these Case Management Procedures or an order of the Court:

(a)     Objections and Replies.  Any Objection, including related briefs, must be filed on or before the date that is seven (7) days prior to the hearing set on the motion unless otherwise provided by the Court (the "Objection Deadline").  If an objection is filed, the movant or another interested party may file a reply and any documents in support of the reply, including briefs (collectively, a "Reply"), with the Court on or before four (4) days before the applicable hearing date unless otherwise provided by the Court (the "Reply Deadline").

(b)     Extension of Objection Deadline.  The Objection Deadline may be extended upon the consent of the entity filing the Request for Relief without further order of the Court, provided that the Objection Deadline shall not be less than seven (7) days before the hearing on such matter without approval of the Court.  The Reply Deadline may be extended with the approval of the Court.  Unless otherwise agreed by the entity filing the Request for Relief, adjournment of the hearing on the Request for Relief shall not extend the Objection Deadline.

(c)     Service of Objections.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) those entities on the Core Service List, and (iv) each Affected Entity.

(d)     Service of Replies to Objections.  Any Reply shall be filed and served by the applicable Reply Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtors, (iii) each party that filed an Objection, (iv) each party on the Core Service List, and (v) each Affected Entity.

5.      Granting the Request for Relief Without a Hearing.  A Request for Relief may be granted without a hearing to the extent allowed under the Bankruptcy Rules or the Local Rules, except as otherwise provided herein.  If the Court decides not to grant the Request for Relief without a hearing, (a) the Request for Relief shall be heard at the next scheduled Omnibus Hearing, and (b) the decision not to grant the Request for Relief shall not constitute an extension of the Objection Deadline related thereto with respect to any party, unless otherwise agreed between the party seeking relief and the party seeking to object.

**C.     Service and Notice Procedures**

6.      Procedures Established for Notices.  All Court Filings shall be filed with the Court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

7.      Entities Entitled to Service.  All Court Filings shall be served on the Core Service List and any other Affected Entities according to the Notice Procedures, except as otherwise provided by these Case Management Procedures or an order of the Court.  In accordance with Bankruptcy Rule 2002, the Claims Agent shall maintain the Core Service List, which shall be updated in accordance with paragraph 8 below.  An updated Core Service List can be obtained by (a) accessing the Case Website, (b) contacting the Claims Agent directly, or (c) contacting Debtors' counsel directly.

8.      Maintenance of the Core Service List.  At least every fourteen (14) days during the first sixty (60) days of these Chapter 11 Cases, and thereafter at least once every thirty (30) days,

the Claims Agent shall maintain and update the Core Service List by (a) making any necessary additions and deletions, and (b) posting an updated version of the Core Service List on the Case Website. The Debtors' counsel must file a Core Service List with the Court every time it is updated.

9.      <u>Parties on the Core Service List</u>.  The Core Service List shall include the following parties:

(a)    The Debtor(s);

(b)    The Debtors' counsel;

(c)    The office of the United States Trustee for Region III;

(d)    The chairperson of any official committees established pursuant to section 1102 of the Bankruptcy Code;

(e)    Counsel retained by any official committees established pursuant to section 1102 of the Bankruptcy Code, or counsel retained by the fifty (50) largest creditors if an official committee has not been appointed.

(f)    Counsel to secured creditors, to include but not be limited to counsel to the DIP Agents;

(g)    Davis Polk & Wardwell, LLP, and Greenberg Taurig, LLP, in their capacity as counsel to the Prepetition ABL Agent, Attn: Marshall Huebner, Adam Shpeen, Steven Szanzer, and Michael Pera; and

(h)    Any other person or entity as authorized by the Court.

10.      <u>Master Service List</u>.  Debtors' counsel or counsel to the trustee shall also maintain and update a master service list which shall be comprised of the Core Service List and the parties that have filed a 2002 Notice Request in the Debtor's case.  Service on the persons/entities listed on the Master Service List shall be made only with respect to those matters enumerated in the Case Management Order.  Debtor's counsel must update the Master Service List at least every fourteen (14) days during the first sixty (60) days of the case and at least every thirty (30) days thereafter.  Further, the Debtors' counsel must file a Master Service List with the Court each time it is updated.

11.    <u>Requests for Documents</u>.  Any creditor or party in interest may enter an appearance and request receipt of all Court Filings pursuant to Bankruptcy Rule 2002 by filing a 2002 Notice Request with the Court and providing a copy of the 2002 Notice Request to (a) the Debtors and their counsel, and (b) the Claims Agent.  Except as set forth in paragraph 13 below, a 2002 Notice Request filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request:  (a) the name, organization (if any), full street address (no P.O. boxes), phone number, fax number (if any), and email address (if any) of the party requesting service; (b) if made by an attorney, the party or parties that such attorney represents; and (c) a certification that a copy of the 2002 Notice Request has been provided to the Debtors and their counsel and the Claims Agent.

12.    <u>Certification Opting Out of Email Service</u>.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address, and therefore cannot receive service by email, must include in the 2002 Notice Request a certification to that effect (the "<u>Certification</u>").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an email address, and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.  Such individual or entity will thereafter receive paper service as provided in these Case Management Procedures.

13.    <u>No Email or Certification Provided</u>.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days of receipt of service of the 2002 Notice Request and specifically request an email address and/or Certification.  ***Until (a) an email address, or (b) a Certification is provided in response to the Debtors' request, such party shall not be***

***added to the 2002 List and shall not be served with copies of Court Filings filed in these Chapter 11 Cases unless such Court Filings directly affect such party.***

14.    <u>Service of Motions Required to Be Served on All Creditors and Parties in Interest</u>. With respect to Requests for Relief for which particular notices are required to be served on all creditors and parties in interest—including pursuant to Bankruptcy Rules 2002(a)(2), 2002(a)(3), 4001, 6004, 6007 and/or 9019—and subject to paragraph 16 below, parties shall serve all such filings by electronic mail (where available), except as otherwise provided in paragraphs 7 through 9 hereof, on the Core Service List and any Affected Entity.

15.    All notices required by subdivisions Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), and 4001 shall be served upon:

(a)    Each entity designated on the Core Service List;

(b)    When the notice is of a proposed use, sale, lease, or abandonment of property or of a hearing thereon, each entity designated on the most recent Master Service List and each entity having an interest in the property;

(c)    When the notice relates to relief from the stay in order to take action against property of the Debtor's Estate, each entity having a lien, encumbrance or interest in the subject property;

(d)    When the notice relates to use of cash collateral or obtaining credit, each entity who has an interest in the cash collateral or each entity who has a lien or other interest in property on which a lien is proposed to be granted;

(e)    When the notice is of a proposed compromise or settlement or of a hearing thereon, each entity designated on the most recent Master Service List and each entity who is a party to the compromise or settlement; and

(f)    When the notice is of an application for compensation or reimbursement of expenses or of a hearing thereon, each entity designated on the most recent Master Service List and each professional person who is seeking compensation or reimbursement whose retention in these Chapter 11 Cases is authorized by the Court.

16.    <u>Service by Email</u>.    All Court Filings shall be electronically filed using the ECF System and served via email (where available) as provided in these Case Management

Procedures, which shall be deemed to constitute proper service for all parties who are sent such

email service, provided, however, that notwithstanding the foregoing and paragraph 13 below,

(a) a summons and complaint in an adversary proceeding shall not be served by email and

(b) documents filed under seal shall not be served.  In accordance with Bankruptcy Rule 9036, the

"Notice of Electronic Filing" that is automatically generated and sent via email by the ECF System

shall constitute proper, sufficient, and effective service by email for those parties who are, or whose

agents are, registered attorney users of the ECF System (collectively, the "ECF System Users").

Therefore, a party filing a Court Filing that is served on the ECF System Users via the ECF System

has no further obligation to serve such Court Filing on the ECF System Users, provided that service

to an ECF System User shall not be effective if the filing party receives notice that service of the

Court Filing did not reach the ECF System User.

(a)     Consent to Electronic Service.  Each creditor or party in interest that files a
2002 Notice Request shall be deemed to have consented to service of all
Court Filings solely by electronic transmission, unless such creditor or party
in interest has included a Certification opting out of such service.

(b)     Email Subject Line.  With respect to the service of any Court Filing, the
subject line of the email shall include:  (i) the Debtor's case name and case
number (*In re Bed Bath & Beyond Inc.*, Case No. 23-13359); (ii) the name
of the party serving such Court Filing and (iii) the title of the Court Filing
being served.  If the title of the Court Filing is too long to fit reasonably
within the subject line of the email, the subject line shall contain a shortened
version of such title and the text of the email shall contain the full name of
such Court Filing.

(c)     Email Attachments.  All Court Filings served by email shall include access
to a computer file containing the entire document (including any proposed
form of order and exhibits, attachments or other materials) in PDF format,
readable by Adobe Acrobat or other equivalent document reader programs
commonly available without cost.  The relevant Court Filing shall either be
attached to the email in a format specified above or the email shall contain
a link to such filing in such format.

(d)     Effective Date of Service.  Service by email on a party shall be effective as
of the earlier of:  (i) the date the Court Filing (or a notice stating that the
Court Filing cannot be attached but is available on the ECF System or the

Case Website) is transmitted by email to the address provided by such party; or (ii) the date the Court Filing is posted on the ECF System where service on such ECF System User via the ECF System is proper under these Case Management Procedures.

17.    <u>Certificates of Service</u>.  The certificate of service for each filing must be filed with the Court together with the complete Service List that was utilized and served for a particular filing but said certificate of service is not to be served via hard copy on the recipients of the filing.

18.    <u>Service in Adversary Proceedings</u>.  All filings in adversary proceedings shall be served, pursuant to Bankruptcy Rule 7005, upon all parties to the adversary proceeding, all parties known to have a particularized interest in the subject of such adversary proceeding, and the parties listed on the Core Service List.  Any summons, complaint, or motion initiating an adversary proceeding shall be served in hard copy format, pursuant to Bankruptcy Rule 7004, upon the party or parties against whom relief is sought, all parties known to have a particularized interest in the subject of such proceeding, and the parties listed on the Core Service List.  Absent leave of the Court, responsive pleadings shall be filed only by defendants in adversary proceedings and/or by parties in interest who seek to be joined or to dismiss for failure to join a necessary party.

19.    <u>Service of Orders</u>.  All parties submitting orders shall serve a confirmed copy of any entered order on the parties that were entitled to service of the underlying Request for Relief in accordance with these Case Management Procedures, except as otherwise provided by an order of the Court.  The Agent shall post all entered orders on the Case Website.

20.    <u>Service Upon United States Trustee</u>.  Pursuant to the General Order Governing Procedures for Complex Chapter 11 Cases, the Office of the United States Trustee for Region III—New Jersey Office requires service upon it of all pleadings and papers, including but not limited to, petitions, schedules, statements of financial affairs, plan, disclosure statement, and monthly

operating reports, in hard copy format regardless of whether the United States Trustee's Office receives same electronically.

21. <u>Right to Request Special Notice Procedures</u>. Nothing herein shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency ex parte relief or relief upon shortened notice.

**D.    Additional Case Management Procedures**

1. <u>Adequate Notice</u>. Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2. <u>Computation of Time</u>. Unless otherwise specified, all time periods referenced in these Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

3. <u>Extensions of Time</u>. If a Motion to extend the time for a party to take any action is filed consistent with these Case Management Procedures before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order. If the Court denies such Motion to extend, then the applicable action must be completed no later than 5:00 p.m., prevailing Eastern Time, on the first business day after the Court enters such order.

4. <u>Effect of the Case Management Procedures</u>. The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these Chapter 11 Cases, except to the extent that any provision of these Case Management Procedures by its terms supersedes or is inconsistent with such rules.

5.      <u>Modification of Order</u>.  Any party may at any time apply for reconsideration or modification of the Order approving these Case Management Procedures.  Service of said motion shall be made to all persons/entities on the Master Service List.  The Court may amend Case Management Procedures from time to time as is necessary.