**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY**
**OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE**
**DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS'**
**30 LARGEST UNSECURED CREDITORS, (B) FILE A CONSOLIDATED**
**LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING**
**MATRIX FOR EACH DEBTOR, (C) REDACT CERTAIN PERSONALLY**

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**IDENTIFIABLE INFORMATION, (II) WAIVING THE REQUIREMENT
TO FILE A LIST OF EQUITY HOLDERS AND PROVIDE NOTICES DIRECTLY
TO EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state the following in support of this motion (the "Motion"):

**Relief Requested**

1.      The Debtors seek entry of orders, substantially in the forms attached hereto as
**Exhibit A** and **Exhibit B** (the "Interim Order" and "Final Order," respectively): (a) authorizing,
but not directing, the Debtors to (i) file a consolidated list of the Debtors' 30 largest unsecured
creditors in lieu of filing separate creditor lists for each Debtor, (ii) file a consolidated list of
creditors in lieu of submitting a separate mailing matrix for each Debtor, (iii) redact certain
personally identifiable information; (b) waiving the requirement to file a list of equity holders and
provide notices directly to equity security holders; (c) scheduling a final hearing 28 days after the
commencement of these Chapter 11 Cases (as defined herein) to consider entry of an order
approving the relief requested herein on a final basis; and (d) granting related relief.[2]

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

---

[2]      Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the
*Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc.,
in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").  A detailed
description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11
Cases is set forth in greater detail in the First Day Declaration, filed contemporaneously herewith and incorporated
by reference herein.

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, 9007, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5.      The Debtors are the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more.  In addition to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond stores and their buybuy BABY stores with locations across North America.  Headquartered in Union, New Jersey, Bed Bath & Beyond Inc. is a publicly traded company that currently employs approximately 14,000 non-seasonal employees.

6.      The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these cases, the Debtors will immediately commence an

3

orderly and value-maximizing wind down of their business, while marketing a sale of all or part of their business on a timeline consented to by their prepetition and DIP lenders.

7.    On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## Basis for Relief

## I.    Cause Exists to Authorize the Debtors to File a Single Consolidated List of Top 30 Unsecured Creditors and Prepare a List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.

8.    Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each of the debtors' creditors.  *See* 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1).  Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bank. P. 1007(d).  This list is primarily used by the United States Trustee for the District of New Jersey (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

9.      The Debtors request authority to file a single list of their 30 largest general unsecured creditors on a consolidated basis (the "Top 30 List").[3]  Because the top creditor lists for each individual Debtor overlap, the Debtors submit that filing separate lists for each Debtor would be of limited utility.  In addition, the exercise of compiling separate top creditor lists for each individual Debtor could consume an excessive amount of the Debtors', and their advisors', limited time and resources.  The Debtors believe that the Top 30 List will better aid the U.S. Trustee in its efforts to communicate with these creditors.

10.      Allowing the Debtors to prepare and maintain a consolidated list of their creditors (the "Consolidated Creditor Matrix"), in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances of these Chapter 11 Cases where there are thousands of creditors and parties in interest.  Converting the Debtors' computerized information to a format compatible with the matrix requirements, as well as the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents.  Accordingly, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

11.      The Debtors, working together with Kroll Restructuring Administration LLC ("Kroll") as their proposed noticing and claims agent in these Chapter 11 Cases (the "Proposed Claims and Noticing Agent"), have already prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make the Consolidated

---

[3]    The Debtors submit that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within ten days of any such conversion.

Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense), and the Debtors intend to file a copy of the Consolidated Creditor Matrix on the docket.

12.     Courts in this jurisdiction have granted relief similar to the relief requested herein. *See, e.g.*, *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023) (authorizing a consolidated list of the debtors' 30 largest unsecured creditors); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J Nov. 30, 2022) (authorizing a consolidated list of the debtors' 50 largest unsecured creditors); *In re Nat'l Realty Inv. Advisors, LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. June 9, 2022) (authorizing a consolidated list of the debtors' 30 largest unsecured creditors); *In re Christopher & Banks Corp.*, No. 21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021) (authorizing a consolidated list of the debtors' 20 largest unsecured creditors); *In re RTW Retailwinds, Inc.*, No. 20-18445 (JKS) (Bankr. D.N.J. July 15, 2020) (same).[4]

13.     Accordingly, the Debtors submit that filing a Top 30 List and a Consolidated Creditor Matrix is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

## II.     Redaction of Certain Confidential Information of Individuals Is Warranted.

14.     Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

---

[4]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

(A) Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).  Furthermore, Bankruptcy Rule 9037(a) authorizes the Debtors to redact certain personally identifiable information of minors.  *See* Fed. R. Bankr. P. 9037(a).

15.     The Debtors request authority to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including, but not limited to, the Consolidated Creditor Matrix and Schedules and Statements,[5] the home and email addresses of individual creditors and individual equity holders, because such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1).  The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[6]

16.     In addition, the Debtors request authority to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including, but not limited to, the Consolidated

---

[5]   As defined in the *Debtors' Motion Seeking Entry of An Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief* filed contemporaneously herewith.

[6]   The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

Creditor Matrix and Schedules and Statements, all personally identifiable information of minors in compliance with Bankruptcy Rule 9037(a), to the extent applicable.

17.    The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these Chapter 11 Cases, and (d) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any other privacy or data protection law or regulation.  In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.  A version containing the redacted home and email addresses of individual creditors and equity holders will be filed with the Court and shall be available for viewing via Kroll's website, https://restructuring.ra.kroll.com/bbby.

18.    Courts in this jurisdiction and within the Third Circuit have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023) (authorizing the debtors to redact the names, home addresses, and email addresses of individuals listed on the creditor matrix, schedules and statements, and other documents filed with the court ); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022) (interim order authorizing the debtors to redact the home and email addresses of individuals listed on the creditor matrix, schedules and statements, or other documents filed with the court); *In re Christopher & Banks Corp.*, No. 21-10269 (ABA) (Bankr. D.N.J. Jan.

15, 2021) (authorizing the debtors to redact the home addresses of individuals listed on the creditor

matrix, schedules and statements, and other documents filed with the court); *In re SLT Holdco,*

*Inc.*, No. 20-18368 (MBK) (Bankr. D.N.J. July 30, 2020) (same); *In re FTX Trading Ltd.*, No.

22-11068 (JTD) (Bankr. D. Del. Jan. 20, 2023) (authorizing the debtors to redact the names,

addresses, and email addresses of their customers from any documents filed with the court or made

publicly available in the debtors' chapter 11 cases for 90 days from the entry of the final order);

*In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Oct. 6, 2022) (authorizing the

debtors to seal those portions of the creditor matrix, consolidated creditor list, and the lists of equity

security holders that contain the residential address information of individuals on a final basis).[7]

19.     In addition to granting the requested relief, bankruptcy courts in other districts

within the Third Circuit have expounded on the importance of authorizing debtors to redact

individual creditors' personally identifiable information, including home addresses in particular.

In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief

proposed here, Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof"

issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No.

20-10533 (CSS) (Bankr. D. Del. Mar. 2020).[8] Judge Sontchi found that "at this point and given

---

[7]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion.
Copies of these orders are available upon request of the Debtors' proposed counsel.

[8]  Similarly, Judge Sontchi previously overruled the Delaware U.S. Trustee's objection to the redaction of
individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little
information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life
issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5,
*In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).

Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started
practice with the problems of identity theft" and that his perspective had evolved in that he was not previously
aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24.
The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not

the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13–16.  Similarly, in *Clover*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses.  And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).   And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

20.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the home and email addresses of individuals listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court.  Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of employees, contract workers, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors

---

self-evident in this instance.

of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**III.   Under the Circumstances of These Chapter 11 Cases, it is Appropriate for This Court to Waive the Requirement to File a List of Equity Holders and to Provide Notice Directly to Equity Security Holders.**

21.     Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtors' equity security holders.  Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d) requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Fed. R. Bankr. P. 2002(d).  Bankruptcy courts have authority to modify or waive the requirements under both rules.  Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

22.     As of the Petition Date, Debtor Bed Bath & Beyond Inc. had one class of common stock outstanding to thousands of equity holders.  As an initial matter, Bed Bath & Beyond Inc. is a publicly traded company with an actively trading stock of approximately 739,056,836 million outstanding shares of common stock.  Bed Bath & Beyond Inc. does not maintain a list of its equity security holders (an "Equity List") and therefore must obtain the names and addresses of its

shareholders from a securities agent.  Further, the holders of such equity might have changed hands before the Petition Date.  As such, Bed Bath & Beyond Inc. would have to undertake an investigation and diligence to confirm the current list of the names and addresses of its equity security holders.

23.     The Debtors submit that preparing an Equity List with accurate names and last known addresses and providing notices to all such parties of the commencement of these Chapter 11 Cases would create a significant expense and administrative burden without a corresponding benefit to the estates or parties in interest.  Moreover, Bed Bath & Beyond Inc. disclosed its most significant holder of outstanding equity in connection with its statement of corporate ownership, and each of its affiliated Debtors filed with their petitions a list of holders of outstanding equity.  As soon as is practicable, following the date hereof, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Bed Bath & Beyond Inc.'s common stock.  Accordingly, the Debtors respectfully request that the requirement for Bed Bath & Beyond Inc. to file a list of, and to provide notice directly to, Bed Bath & Beyond Inc.'s equity security holders be waived.

24.     Bankruptcy courts have granted substantially similar relief in other complex cases. *See, e.g.*, *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022) (waiving the requirements to file a list of and to provide notice of commencement of the case to equity security holders); *In re PhaseBio Pharms., Inc.*, No. 22-10995 (LSS) (Bankr. D. Del. Nov. 15, 2022) (same); *In re NewAge Inc.*, No. 22-10819 (LSS) (Bankr. D. Del. Sept. 29, 2022) (same); *In re Allena Pharms., Inc.*, No. 22-10842 (KBO) (Bankr. D. Del. Sept. 26, 2022) (same);

*In re Clarus Therapeutics Holdings, Inc.*, No. 22-10845 (MFW) (Bankr. D. Del. Sept. 7, 2022) (same).

### Waiver of Memorandum of Law

25.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### No Prior Request

26.    No prior request for the relief sought in this Motion has been made to this or any other court.

### Notice

27.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; (m) any party that is entitled to notice pursuant to Local Rule 9013-5(c); and (n) any party that has requested notice pursuant to

13

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no

other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final

orders, in substantially the forms submitted herewith, granting the relief requested herein and such

other relief as is just and proper under the circumstances.

Dated: April 23, 2023

|  |  |
|---|---|
|  | /s/ Michael D. Sirota |
|  | **COLE SCHOTZ P.C.** |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:    msirota@coleschotz.com
         wusatine@coleschotz.com
         fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:    josuha.sussberg@kirkland.com
         emily.geier@kirkland.com
         derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' 30
LARGEST UNSECURED CREDITORS, (B) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (C) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION, (II) WAIVING THE REQUIREMENT
TO FILE A LIST OF EQUITY HOLDERS AND PROVIDE NOTICES DIRECTLY
TO EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/BBBY.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) file a consolidated list of the Debtors' 30 largest unsecured creditors in lieu of filing separate creditors lists for each Debtor, (ii) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (iii) redact certain personally identifiable information, (b) waiving the requirement to file a list of equity holders and provide notices directly to equity security holders; (c) scheduling a final hearing 28 days after the commencement of these Chapter 11 Cases to consider approval of the Motion on a final basis; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, **2023 at** _____ **(Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtor's proposed counsel on or before _____, **2023 at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1 to submit a Consolidated Creditor Matrix; *provided* that if any of these Chapter 11 Cases converts to a case under chapter 7

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within 14 days of any such conversion.

4.      The Debtors are authorized, on an interim basis, to submit a single consolidated list of their 30 largest unsecured creditors in lieu of a separate list for each Debtor.

5.      The Debtors are authorized, on an interim basis, to file one Consolidated Creditor Matrix for all Debtors.

6.      The Debtors are authorized, on an interim basis, pursuant to section 107(c) of the Bankruptcy Code, to redact on the Creditor Matrix, Schedules and Statements, or other document filed with the Court (a) the home and email addresses of individuals and (b) all personally identifiable information of minors pursuant to Bankruptcy Rule 9037.  The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these Chapter 11 Cases, and (d) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.  Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

7.      The Debtors shall cause the Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

8.      The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for Debtor Bed Bath & Beyond Inc. is waived.

9.      Any requirement that Debtor Bed Bath & Beyond Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of the Debtors' equity securities.

10.     The Debtors, through Kroll, are authorized, on an interim basis, to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Consolidated Creditor Matrix (including via email if available).

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

13.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

14.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Order.

15.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/BBBY.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS'
30 LARGEST UNSECURED CREDITORS, (B) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (C) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION, (II) WAIVING THE REQUIREMENT TO
FILE A LIST OF EQUITY HOLDERS AND PROVIDE NOTICES DIRECTLY
<u>TO EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered three (3) through six (6), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) file a consolidated list of the Debtors' 30 largest unsecured creditors in lieu of filing separate creditors lists for each Debtor, (ii) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (iii) redact certain personally identifiable information; (b) waiving the requirement to file a list of equity holders and provide notices directly to equity security holders; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

     **IT IS HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** on a final basis as set forth herein.

2.     The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1 to submit a consolidated Creditor Matrix; *provided* that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within 14 days of any such conversion.

3.     The Debtors are authorized to submit a single consolidated list of their 30 largest unsecured creditors in lieu of a separate list for each Debtor.

4.     The Debtors are authorized, on a final basis, to file one Consolidated Creditor Matrix for all Debtors.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

5.      The Debtors are authorized, pursuant to section 107(c) of the Bankruptcy Code, to redact on the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court (a) the home and email addresses of individuals and (b) all personally identifiable information of minors pursuant to Bankruptcy Rule 9037.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these Chapter 11 Cases, and (d) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.  Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

6.      The Debtors shall cause the Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

7.      The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for Debtor Bed Bath & Beyond Inc. is waived.

8.      Any requirement that Debtor Bed Bath & Beyond Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief |

to serve the notices required under Bankruptcy Rule 2002(d) on the known holders of the Debtors' equity securities.

9.      The Debtors, through Kroll, are authorized, on a final basis, to serve all pleadings and papers on all parties listed on the Consolidated Creditor Matrix (including via email if available).

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

12.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.