UNITED STATES BANKRUPTCY COURT DISTRICT
OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

In re:

BED BATH & BEYOND INC., *et al.*,

  Debtors.[1]

**Order Filed on April 25, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 11

Case No. 23-13359 (VFP)

(Joint Administration Requested)

# INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE AND SURETY COVERAGE ENTERED INTO PREPETITION AND PAY RELATED PREPETITION OBLIGATIONS, AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE AND SURETY COVERAGE, AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered four (4) through seven (7), is **ORDERED**.

**DATED: April 25, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* [Docket No. 20] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) maintain coverage under the Insurance Policies and the Surety Bonds and pay related prepetition obligations, and (ii) renew, supplement, modify, or purchase insurance and surety coverage in the ordinary course of business, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.  The Motion is **GRANTED** on an interim basis as set forth herein.

2.  The Final Hearing on the Motion will be held on **May 16, 2023 at 2:00 p.m. (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtor's proposed counsel on or before **May 9, 2023 at 5:00 p.m. (Eastern Time)**. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.  The Debtors shall serve a copy of the Motion and this Interim Order on each Insurance Carrier and Surety listed on **Exhibits C and D** to the Motion within two (2) business days after the date this Interim Order is entered.

4.  The Debtors are hereby authorized, but not directed, and in each case in accordance with the ordinary course of business and this Order, to:

    (a) continue the Insurance Policies, including without limitation those Insurance Policies identified on **Exhibit C** to the Motion, and pay any prepetition or postpetition obligations related to the Insurance Policies, including any amounts owed on account of the Insurance Deductibles, the insurance premiums, and amounts owed to the Captive Insurer, the Claim Administrator, and the Insurance Broker under the Insurance Policies, in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases;

    (b) maintain the Surety Bond Program, including without limitation those Surety Bonds identified on **Exhibit D** to the Motion, without interruption, including the payment of premiums, performance under any Indemnity Agreement (including posting collateral as security), provision of additional

(Page | 5)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief

---

or new surety bonds to third parties to secure the Debtors' payment or performance of certain obligations, including duties, taxes, and fees on account of merchandise imported from foreign countries, and to take all appropriate actions in connection therewith, including providing any cash collateral, and execution of other agreements in connection with the Surety Bond Program, and pay any prepetition or postpetition obligations related to the Surety Bond Program, including any amounts owed to the Surety Bond Brokers, in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases;

(c) with the consent of the Prepetition ABL Agent (as the term is defined in the DIP Orders, referenced below), such consent not to be unreasonably withheld, renew, amend, supplement, extend, or purchase insurance policies or surety bonds to the extent that the Debtors determine that such action is in the best interest of their estates; and

(d) honor any amounts owed on account of any Insurance Policy Audits in the ordinary course of business;

*provided* that, with respect to paragraph 4(a)–(d) above, nothing in this Order authorizes the Debtors to pay any amounts before such amounts are due, including, but not limited to, amounts related to the Insurance Policies and Surety Bond Program.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

6. Notwithstanding anything to the contrary herein, nothing contained in the Motion or this Order, and no action taken pursuant to such relief requested or granted (including any

5

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim. The rights of all parties in interest are expressly reserved.

7. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Insurance Policies and/or the Surety Bond Program to the extent payment thereof is authorized pursuant to the relief granted herein and to the extent authorized by this Interim Order.

8. Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

9. Nothing in this Interim Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Interim Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

10. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

12. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

13. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

16. A true copy of this Interim Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

17. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.