UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

|  |  |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Joint Administration Requested) |

Order Filed on April 25, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### ORDER (I) AUTHORIZING THE APPOINTMENT OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT <u>EFFECTIVE AS TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF</u>

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED.**

**DATED: April 25, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/BBBY. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

Upon the *Debtors' Application for Entry of an Order (i) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief* (the "Application"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to, pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of the Bankruptcy Code, appoint Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent (the "Claims and Noticing Agent") in their Chapter 11 Cases, pursuant to the terms of the Engagement Agreement, effective as of the Petition Date, all as more fully set forth in the Application; and (b) granting related relief; and upon the First Day Declaration and the *Declaration of Benjamin J. Steele in Support of Debtors' Application for Entry of an Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief* (the "Steele Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

| | |
|---|---|
| (Page | 3) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**,

1.    The Application is **GRANTED** to the extent set forth herein.

2.    The Debtors are authorized to retain Kroll as Claims and Noticing Agent, effective as to the Petition Date, pursuant to the terms of the Engagement Agreement, in the form attached hereto as Exhibit 1, and Kroll is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Application.

3.    Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statements of financial affairs shall be limited to administrative and ministerial services.  The Debtors shall remain responsible for the content and accuracy of their schedules of assets and liabilities and statements of financial affairs.

4.    Kroll shall serve as the custodian of Court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate of any and all proofs of claim upon the request of the Clerk.

(Page | 4)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

5.      Kroll is authorized and directed to provide public access to every proof of claim unless otherwise ordered by the Court and to obtain a post office box or address for the receipt of proofs of claim.

6.      Kroll is authorized to take such other action to comply with all the duties set forth in the Application.

7.      The Debtors are authorized to compensate Kroll in accordance with the terms of the Engagement Agreement, upon the receipt of reasonably detailed invoices setting forth the services provided by Kroll and the rates charged therefor, and to reimburse Kroll for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Kroll to file fee applications or otherwise seek Court approval for the payment of compensation for services rendered and reimbursement of expenses incurred.

8.      Kroll shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any other party in interest that specifically requests service of the monthly invoices.

9.      Parties shall have ten (10) days from receipt of the invoice to review such invoice and raise any objections, either formally through the filing of an objection with the Court or informally through a writing served on Kroll, to the fees and expenses being requested by Kroll. If an objection is interposed, the parties shall meet and confer in an attempt to resolve any

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

dispute which may arise relating to the Engagement Agreement or Kroll's monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if such efforts prove unsuccessful.  If no objection has been raised, the Debtors are authorized to pay Kroll the full amount of the requested fees and expenses upon expiration of the ten (10) day review without further order of the Court.  If an objection has been raised, the Debtors may not pay the objected to amount pending agreement of the parties or entry of an order of this Court authorizing payment.

10.    Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Kroll under this Order shall be an administrative expense of the Debtors' estates.  Kroll may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and, thereafter, Kroll may hold its advance during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11.    The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

12.    Kroll shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

13.    Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either:  (i) judicially determined (the determination having

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

become final) to have arisen from Kroll's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

14.     If, before the earlier of the entry of an order (i) confirming a chapter 11 plan in these Chapter 11 Cases (that determination having become final) or (ii) closing these Chapter 11 Cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement, as modified by this Order, including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order of this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution, or reimbursement and is not intended to limit the duration of the Debtors' obligation to indemnify Kroll.  All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution, or reimbursement.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

15.     In the event Kroll is unable to provide the services set out in this Order, Kroll shall immediately notify the Clerk and counsel for the Debtors and, upon approval of the Court, shall cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and counsel for the Debtors.

16.     The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

17.     Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 6 thereof, by this Order, the Court is not authorizing Kroll to establish financial accounts with financial institutions on behalf of the Debtors.

18.     Notwithstanding anything to the contrary contained in the Engagement Agreement, the 1.5% late charge in paragraph 2(c) of the Engagement Agreement shall not be assessed during the pendency of these Chapter 11 Cases.

19.     Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 15 thereof, the Court shall have exclusive jurisdiction over Kroll's engagement during the pendency of these Chapter 11 Cases, and the Arbitration clause shall have no force or effect during the pendency of these Chapter 11 Cases.

20.     Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 2(h) thereof, Kroll shall provide at least ten (10) days' notice of any increases in its billing rates, subject to the parties in interest's right to object to any such increases.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

21.     Notwithstanding anything to the contrary in the Engagement Agreement, in the event that any of these chapter 11 cases convert to a case under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to such case or cases shall have no obligation to continue the engagement of Kroll.

22.     The Debtors may submit a separate retention application, pursuant to section 327(a) of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Kroll but that is not specifically authorized by this Order.

23.     To the extent applicable, Kroll shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-Debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankruptcy or insolvent entities.

24.     Kroll shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

25.     In the event of any inconsistency between the Engagement Agreement and this Order, this Order shall govern.

26.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Application or otherwise deemed waived.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as to the Petition Date, and (II) Granting Related Relief |

28.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

29.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30.     The requirement set forth in 9013-1(a)(3) of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules") that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

31.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

32.     A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

33.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Kroll Engagement Agreement**



### Kroll Restructuring Administration LLC Engagement Agreement

This Agreement is entered into as of January 20, 2022 between Kroll Restructuring Administration LLC ("**Kroll**") and Bed Bath & Beyond Inc. (together with its affiliates and subsidiaries, the "**Company**").[1]

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  <u>Services</u>

    (a) Kroll agrees to provide the Company with consulting services regarding legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of schedules of assets and liabilities and statements of financial affairs, communications, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement) and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "**Services**").

    (b) The Company acknowledges and agrees that Kroll will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "**Company Parties**") with respect to providing Services hereunder.  The parties agree that Kroll may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.

    (c) The Company agrees and understands that Kroll shall not provide the Company or any other party with legal advice.

2.  <u>Rates, Expenses and Payment</u>

    (a) Kroll will provide the Services on an as-needed basis and upon request or agreement of the Company, in each case in accordance with the rate structure attached hereto and incorporated by reference herein (the "**Rate Structure**"); provided, however that Kroll will provide a discount of 10% off the attached hourly rates.  The Company agrees to pay for reasonable out of pocket expenses incurred by Kroll in connection with providing Services hereunder.

    (b) The Rate Structure sets forth individual unit pricing for each of the Services.  The Company may request separate Services or all of the Services.

    (c) Kroll will bill the Company no less frequently than monthly.  All invoices shall be due and payable upon receipt.  Where an expense or group of expenses to be incurred is expected to exceed $10,000 (e.g., publication notice), Kroll may require advance or direct payment from the Company before the performance of Services hereunder.  If any amount is unpaid as of 30 days after delivery of an invoice, the Company agrees to pay a late charge equal to 1.5% of the total amount unpaid every 30 days.

---

[1] The Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in any chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.



(d) In case of a good faith dispute with respect to an invoice amount, the Company shall provide a detailed written notice of such dispute to Kroll within 10 days of receipt of the invoice. The undisputed portion of the invoice will remain due and payable immediately upon receipt thereof. Late charges shall not accrue on any amounts disputed in good faith.

(e) The Company shall pay any fees and expenses for Services relating to, arising out of or resulting from any error or omission made by the Company or the Company Parties.

(f) The Company shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Kroll or paid by Kroll to a taxing authority.

(g) Upon execution of this Agreement, the Company shall pay Kroll an advance of $100,000. Kroll may use such advance against unpaid fees and expenses hereunder. Kroll may use the advance against all prepetition fees and expenses, which advance then shall be replenished immediately by the Company to the original advance amount; thereafter, Kroll may hold such advance to apply against unpaid fees and expenses hereunder.

(h) Kroll reserves the right to make reasonable increases to the Rate Structure on an annual basis effective on the first business day of each year. If such annual increases represent an increase greater than 10% from the previous year's levels, Kroll shall provide 30 days' notice to the Company of such increases.

### 3.    Retention in Bankruptcy Case

(a) If the Company commences a case pursuant to title 11 of the United States Code (the "***Bankruptcy Code***"), the Company promptly shall file applications with the Bankruptcy Court to retain Kroll (i) as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and (ii) as administrative advisor pursuant to section 327(a) of the Bankruptcy Code for all Services that fall outside the scope of 28 U.S.C. § 156(c). The form and substance of such applications and any order approving them shall be reasonably acceptable to Kroll.

(b) If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Kroll will continue to be paid for Services pursuant to 28 U.S.C. § 156(c) and the terms hereunder.

### 4.    Confidentiality

(a) The Company and Kroll agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party or required to be disclosed by law, then a party shall bear no responsibility for publicly disclosing such information.

(b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time to seek any remedy available under applicable law to prevent disclosure of the information.



**5.** **Property Rights**

Kroll reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation and any other information or property (collectively, "***Property***") furnished by Kroll for itself or for use by the Company hereunder.  Fees and expenses paid by the Company do not vest in the Company any rights in such Property.  Such Property is only being made available for the Company's use during and in connection with the Services provided by Kroll hereunder.

**6.** **Bank Accounts**

At the request of the Company or the Company Parties, Kroll shall be authorized to establish accounts with financial institutions in the name of and as agent for the Company to facilitate distributions pursuant to a chapter 11 plan or other transaction.  To the extent that certain financial products are provided to the Company pursuant to Kroll's agreement with financial institutions, Kroll may receive compensation from such institutions for the services Kroll provides pursuant to such agreement.

**7.** **Term and Termination**

(a) This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein).  "***Cause***" means (i) gross negligence or willful misconduct of Kroll that causes material harm to the Company's restructuring under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Kroll invoices for more than 60 days from the date of invoice or (iii) the accrual of invoices or unpaid Services in excess of the retainer held by Kroll where Kroll reasonably believes it will not be paid.

(b) If this Agreement is terminated after Kroll is retained pursuant to Bankruptcy Court order, the Company promptly shall seek entry of a Bankruptcy Court order discharging Kroll of its duties under such retention, which order shall be in form and substance reasonably acceptable to Kroll.

(c) If this Agreement is terminated, the Company shall remain liable for all amounts then accrued and/or due and owing to Kroll hereunder.

(d) If this Agreement is terminated, Kroll shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions, and Kroll shall provide the necessary staff, services and assistance required for such an orderly transfer.  The Company agrees to pay for such Services pursuant to the Rate Structure.

**8.** **No Representations or Warranties**

Kroll makes no representations or warranties, express or implied, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.



9. **Indemnification**

    (a) To the fullest extent permitted by applicable law, the Company shall indemnify and hold harmless Kroll and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents (collectively, the "***Indemnified Parties***") from and against any and all losses, claims, damages, judgments, liabilities and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "***Losses***") resulting from, arising out of or related to Kroll's performance hereunder.  Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

    (b) Kroll and the Company shall notify each other in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that either party becomes aware of with respect to the Services provided hereunder.

    (c) The Company's indemnification of Kroll hereunder shall exclude Losses resulting from Kroll's gross negligence or willful misconduct.

    (d) The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

10. **Limitations of Liability**

Except as expressly provided herein, Kroll's liability to the Company for any Losses, unless due to Kroll's gross negligence or willful misconduct, shall be limited to the total amount paid by the Company for the portion of the particular work that gave rise to the alleged Loss.  In no event shall Kroll's liability to the Company for any Losses arising out of this Agreement exceed the total amount actually paid to Kroll for Services provided hereunder.  In no event shall Kroll be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

11. **Company Data**

    (a) The Company is responsible for, and Kroll does not verify, the accuracy of the programs, data and other information it or any Company Party submits for processing to Kroll and for the output of such information, including, without limitation, with respect to preparation of statements of financial affairs and schedules of assets and liabilities (collectively, "**SOFAs and Schedules**").  Kroll bears no responsibility for the accuracy and content of SOFAs and Schedules, and the Company is deemed hereunder to have approved and reviewed all SOFAs and Schedules filed on its behalf.

    (b) The Company agrees, represents and warrants to Kroll that before delivery of any information to Kroll: (i) the Company has full authority to deliver such information to Kroll; and (ii) Kroll is authorized to use such information to perform Services hereunder.

    (c) Any data, storage media, programs or other materials furnished to Kroll by the Company may be retained by Kroll until the Services provided hereunder are paid in full.  The Company shall remain liable for all fees and expenses incurred by Kroll under this Agreement as a result of data, storage media or other materials maintained, stored or disposed of by Kroll.  Any such disposal shall be in a manner requested by or acceptable to the Company; provided that if the



Company has not utilized Kroll's Services for a period of 90 days or more, Kroll may dispose of any such materials, and be reimbursed by the Company for the expense of such disposition, after giving the Company 30 days' notice; provided that undeliverable mail may be disposed of upon closing of the case without notice to the client.  The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs, data or information provided by the Company to Kroll.

(d) If Kroll is retained pursuant to Bankruptcy Court order, disposal of any Company data, storage media or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

(e) Kroll may use Company's name and logo on its website and in its promotional materials to state that Company is a customer of Kroll and its Services during and after the term of this Agreement.

**12.  Non-Solicitation**

The Company agrees that neither it nor any of its subsidiaries or affiliates shall directly or indirectly solicit for employment, employ or otherwise retain as employees, consultants or otherwise, any employees of Kroll during the term of this Agreement and for a period of 12 months after termination thereof unless Kroll provides prior written consent to such solicitation or retention.

**13.  Force Majeure**

Whenever performance by Kroll of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Kroll's reasonable control, then such performance shall be excused, and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**14.  Choice of Law**

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**15.  Arbitration**

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction.  There shall be three arbitrators named in accordance with such rules.  The arbitration shall be conducted in the English language in New York, New York in accordance with the United States Arbitration Act.

**16.  Integration; Severability; Modifications; Assignment**

(a) Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals,



understandings, agreements and communications between the parties relating to the subject matter hereof.

(b) If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the Company and an officer of Kroll.

(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Kroll may assign this Agreement to a wholly-owned subsidiary or affiliate without the Company's consent.

**17.  Effectiveness of Counterparts**

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement.  This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

**18.  Notices**

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

|  |  |
|---|---|
| If to Kroll: | Kroll Restructuring Administration LLC |
|  | 55 East 52nd Street, 17th Floor |
|  | New York, NY 10055 |
|  | Attn:    Legal Department |
|  | Tel:     (212) 257-5450 |
|  | Email:   Legal@kbs.kroll.com |
|  |  |
| If to the Company: | Bed Bath & Beyond Inc. |
|  | 650 Liberty Ave. |
|  | Union, New Jersey 07083 |
|  | Attn: David Kastin |
|  | Tel: 908-688-0888 |
|  | Email: david.kastin@bedbath.com |
|  |  |
| With a copy to: | Kirkland & Ellis LLP |
|  | 601 Lexington Avenue |
|  | New York, NY 10022 |
|  | Attn:    Emily E. Geier |
|  | Tel:     (212) 446-6429 |
|  | Email:   emily.geier@kirkland.com |



IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

**Kroll Restructuring Administration LLC**

By:  Shira Weiner
Title: General Counsel

Bed Bath & Beyond Inc.

By: David Kastin
Title: EVP - Chief Legal Officer

7



# RATES

Quality.
Partnership.
Expertise.
Innovation.

| Claim and Noticing Rates | |
| --- | --- |
| **TITLE** | **HOURLY RATE** |
| **Analyst** <br> The Analyst processes incoming proofs of claim, ballots and return mail, and physically executes outgoing mailings with adherence to strict quality control standards. | $30 - $60 |
| **Technology Consultant** <br> The Technology Consultant provides database support for complex reporting requests and administers complicated variable data mailings. | $35 - $110 |
| **Consultant/Senior Consultant** <br> The Consultant is the day-to-day contact for mailings, updates the case website, prepares and executes affidavits of service, responds to creditor inquiries and maintains the official claim register, including processing of claims objections and transfers. Consultants have between three and five years of experience. <br><br> The Senior Consultant directs the data collection process for the master mailing list and Schedules & SOFA, oversees all mailings, performs quality control checks on all claims and ballots, and generates claim and ballot reports. Senior Consultants average over five years of experience. | $65 - $195 |
| **Director** <br> The Director is the lead contact for the company, counsel and advisors on the case engagement and oversees all aspects of the bankruptcy administration, including managing the internal case team. In many instances, the executives of Kroll Restructuring Administration will serve in this role at this rate. Directors have over ten years of experience and are typically former restructuring attorneys or paralegals. | $175 - $245 |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106



# R A T E S

Quality.
Partnership.
Expertise.
Innovation.

## Solicitation, Balloting and Tabulation Rates

| TITLE | HOURLY RATE |
|---|---|
| **Solicitation Consultant**<br>The Solicitation Consultant reviews, tabulates and audits ballots, and executes plan solicitation and other public securities mailings. In addition, the Solicitation Consultant prepares customized reports relating to voting and other corporate events (such as exchange offers and rights subscriptions) and interfaces with banks, brokers, nominees, depositories and their agents regarding solicitations and other communications. Solicitation Consultants average over five years of experience. | $220 |
| **Director of Solicitation**<br>The Director of Solicitation is the lead consultant in the plan solicitation process. The Director oversees and coordinates soliciting creditor votes on a plan of reorganization and will attest to solicitation processes and results. The Director also advises on public securities noticing and related actions, including voting, exchange offers, treatment elections, rights subscriptions and distributions and coordinates with banks, brokers, nominees, their agents and depositories to ensure the smooth execution of these processes. Kroll Restructuring Administration's Director of Solicitation has over 15 years of experience and is a former restructuring attorney. | $245 |

### Printing & Noticing Services

| | |
|---|---|
| Printing | $0.10 per page |
| Customization/Envelope Printing | $0.05 each |
| Document folding and inserting | No charge |
| Postage/Overnight Delivery | Preferred Rates |
| Public Securities Events | Varies by Event |
| Standard E-mail Noticing | No charge |
| Fax Noticing | $0.10 per page |
| Proof of Claim Acknowledgment Card | $0.10 per card |
| Envelopes | Varies by Size |

### Newspaper and Legal Notice Publishing

| | |
|---|---|
| Coordinate and publish legal notices | Available on request |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106



## R A T E S

Quality.
Partnership.
Expertise.
Innovation.

| Case Website | |
|---|---|
| Case Website setup | No charge |
| Case Website hosting | No charge |
| Update case docket and claims register | No charge |

| Client Access | |
|---|---|
| Access to secure client login (unlimited users) | No charge |
| Client customizable reports on demand or via scheduled email delivery (unlimited quantity) | No charge |
| Real time dashboard analytics measuring claim and ballot information and document processing status | No charge |

| Data Administration and Management | |
|---|---|
| *Kroll does not charge for automated processes, encrypted bandwidth and other similar components of overhead.* | |
| Inputting proofs of claim and ballots | Standard hourly rates (no per claim or ballot charge) |
| Electronic Imaging | $0.12 per image |
| Data Storage, maintenance and security | $0.10 per record per month |
| Virtual Data Rooms | Available on request |

| On-line Claim Filing Services | |
|---|---|
| On-line claim filing | No charge |

| Call Center Services | |
|---|---|
| Case-specific voice-mail box | No charge |
| Interactive Voice Response ("IVR") | No charge |
| Monthly maintenance | No charge |
| Call center personnel | Standard hourly rates |
| Live chat | Standard hourly rates |

| Disbursement Services & Securities Eligibility Services | |
|---|---|
| Securities Eligibility Services | Available on request |
| Check issuance and/or Form 1099 | Available on request |
| W-9 mailing and maintenance of EIN/TIN database | Standard rates |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106

## **Exhibit B**

**Steele Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

**DECLARATION OF BENJAMIN J. STEELE**
**IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN**
**ORDER (I) AUTHORIZING THE APPOINTMENT OF KROLL RESTRUCTURING**
**ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE**
**AS TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF DATE**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1.      I am a Managing Director of Kroll Restructuring Administration LLC ("Kroll"),[2] a chapter 11 administrative services firm whose offices are located at 55 East 52nd Street, 17th Floor, New York, NY 10055.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.      This Declaration is made in support of the application (the "Application")[3] of Bed Bath & Beyond Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), for entry of an Order authorizing the appointment of Kroll as their Claims and Noticing Agent.

3.      Kroll is comprised of industry-leading professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Kroll's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this district and others.  *See, e.g.*, *In re BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022); *In re FTX Trading Ltd.,* No. 22-11068 (JTD) (Bankr. D. Del. Nov. 22, 2022); *In re Endo Int'l plc,* No. 22-22549 (JLG) (Bankr. S.D.N.Y. Sept. 6, 2022); *In re GenapSys, Inc.,* No. 22-10621 (BLS) (Bankr. D. Del. July 13, 2022); *In re SAS AB,* No. 22-10925 (MEW) (Bankr. S.D.N.Y July 8, 2022); *In re Revlon*

---

[2]     Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

[3]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Application.

*Inc.,* No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022); *In re TPC Grp. Inc.*, No. 22-10493

(CTG) (Bankr. D. Del. June 2, 2022); *In re Ruby Pipeline, LLC,* No. 22-10278 (CTG)

(Bankr. D. Del. Apr. 4, 2022); *In re Diocese of Camden,* No. 20-21257 (JNP) (Bankr. D.N.J Oct.

8, 2020); *In re Modell's Sporting Goods, Inc.,* No. 20-14179 (VFP) (Bankr. D.N.J Mar. 13,

2020); *In re Hollister Constr. Servs., LLC,* No. 19-27439 (MBK) (Bankr. D.N.J. Sept. 16, 2019);

*In re Aceto Corp.,* No. 19-13448 (VFP) (Bankr. D.N.J. Feb. 22, 2019); *In re Frank Theatres*

*Bayonne/South Cove, LLC,* No. 18-34808 (SLM) (Bankr. D.N.J. Dec. 21, 2018); *In re Mountain*

*Creek Resort, Inc.,* No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017).

4.    As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Kroll

will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "Clerk"), the

services specified in the Application and the Engagement Agreement, and, at the Debtors'

request, any related administrative, technical, and support services as specified in the Application

and the Engagement Agreement.  In performing such services, Kroll will charge the Debtors the

rates set forth in the Engagement Agreement.

5.    Kroll represents, among other things, the following:

(a)    Kroll is not a creditor of the Debtors;

(b)    Kroll will not consider itself employed by the United States government
and shall not seek any compensation from the United States government in
its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c)    By accepting employment in these Chapter 11 Cases, Kroll waives any
rights to receive compensation from the United States government in
connection with these Chapter 11 Cases;

(d)    In its capacity as the Claims and Noticing Agent in these Chapter 11
Cases, Kroll will not be an agent of the United States and will not act on
behalf of the United States;

(e)    Kroll will not employ any past or present employees of the Debtors in
connection with its work as the Claims and Noticing Agent in these
Chapter 11 Cases;

(f)     Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g)     In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Kroll will not intentionally misrepresent any fact to any person;

(h)     Kroll shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)     Kroll will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     None of the services provided by Kroll as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

6.      To the best of my knowledge and based solely upon information provided to me by the Debtors, and except as provided herein, neither Kroll nor any of its professionals have any materially adverse connection to the Debtors, their creditors, or other relevant parties. Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

7.      Kroll has reviewed its electronic database to determine whether it has any relationships with the persons and entities on the list of potential parties in interest provided by the Debtors. Based on the results of such search, at this time, Kroll is not aware of any relationship that would present a disqualifying conflict of interest. Should Kroll discover any new, relevant facts or relationships bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to promptly file a supplemental declaration.

8.      Certain of Kroll's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these Chapter 11 Cases. Such firms include Kirkland & Ellis LLP ("K&E"); Weil, Gotshal & Manges LLP;

6

O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP;

Bracewell LLP; Proskauer Rose LLP; Curtis, Mallet-Prevost, Colt & Mosle LLP; Baker &

Hostetler LLP; Togut, Segal & Segal LLP; Gibson, Dunn & Crutcher LLP; Willkie Farr &

Gallagher LLP; Jones Day; Shearman & Sterling LLP; KPMG LLP; PricewaterhouseCoopers

LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc. and Kurtzman Carson

Consultants LLC.  Except as may be disclosed herein, these professionals did not work on any

matters involving the Debtors while employed by their previous firms.  Moreover, these

professionals were not employed by their previous firms when these Chapter 11 Cases were

filed.

9.      I was previously an associate at K&E, co-counsel to the Debtors in these

Chapter 11 Cases.  In addition, Brad Weiland, a Managing Director of Kroll, was previously a

partner at K&E.  I left K&E in August 2013, and Mr. Weiland left K&E in November 2021.

Neither I nor Mr. Weiland worked on any matter involving the Debtors while employed by

K&E.

10.      I understand that K&E has represented and currently represents Kroll in matters

unrelated to the Debtors and these Chapter 11 Cases.  I do not believe that these connections

preclude Kroll from meeting the disinterestedness standard under the Bankruptcy Code.

11.      James Waldron, former Clerk of the United States Bankruptcy Court for the

District of New Jersey, joined Kroll as Senior Advisor in March 2017.  Mr. Waldron was not

employed as Clerk of the United States Bankruptcy Court for the District of New Jersey when

these Chapter 11 Cases were filed.

12.      Kroll is an indirect subsidiary of Kroll, LLC ("Kroll Parent").  Kroll Parent is the

world's premier provider of services and digital products related to governance, risk, and

7

transparency.  Within the Kroll Parent corporate structure, Kroll operates independently from Kroll Parent.  As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Kroll's that is materially adverse to the Debtors' estates or any class of creditors or security holders.  Kroll Parent is not currently identified on the Potential Parties in Interest list, but Kroll makes this disclosure out of an abundance of caution.

13.    Kroll, as well as its personnel, has and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' Chapter 11 Cases. Kroll may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

14.    Kroll and its personnel, in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Kroll, or its personnel, may appear in chapter 11 cases representing the Debtors or parties in interest.  All engagements where such firms represent Kroll or its personnel in their individual capacities are unrelated to these Chapter 11 Cases.

15.    Kroll further declares that Kroll does not now have, nor has it ever had, any contract or agreement with XClaim Inc. or with any other party under which Kroll provided, provides, or will provide exclusive access to claims data and/or under which Kroll would be compensated for claims data made available by Kroll.

8

16.    Based on the foregoing, I believe that Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  Moreover, to the best of my knowledge and belief, neither Kroll nor any of its partners or employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which Kroll is to be engaged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on ____April 23____, 2023

BENJAMIN J. STEELE
Managing Director, Kroll Restructuring
Administration LLC

9

United States Bankruptcy Court

District of New Jersey

In re:                                                                     Case No. 23-13359-VFP

Bed Bath & Beyond Inc.                                                     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                        User: admin                                      Page 1 of 6

Date Rcvd: Apr 25, 2023                     Form ID: pdf903                           Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 27, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 27, 2023                     Signature:             /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 25, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan J. Brody | on behalf of Creditor JPMorgan Chase Bank N.A. brodya@gtlaw.com  NJLitDock@gtlaw.com |
| Alexandria Nikolinos | on behalf of U.S. Trustee U.S. Trustee alexandria.nikolinos@usdoj.gov |
| Anthony Sodono, III | on behalf of Creditor Salmar Properties  LLC asodono@msbnj.com |
| Brian I. Kantar | on behalf of Creditor Arch Insurance Company bkantar@csglaw.com |
| Dana S. Plon | on behalf of Creditor Closter Marketplace (EBA)  LLC dplon@sirlinlaw.com |
| Daniel M Pereira | on behalf of Creditor Commerce Technologies LLC dpereira@stradley.com |

District/off: 0312-2

Date Rcvd: Apr 25, 2023

User: admin

Form ID: pdf903

Page 2 of 6

Total Noticed: 1

Felice R. Yudkin

on behalf of Debtor Bed Bath & Beyond Inc. fyudkin@coleschotz.com fpisano@coleschotz.com

Fran B. Steele

on behalf of U.S. Trustee U.S. Trustee Fran.B.Steele@usdoj.gov

Gary S. Redish

on behalf of Creditor AJG Enterprises  LLC gredish@winnebanta.com

Jay B. Solomon

on behalf of Creditor Mastic Associates of New York LLC jsolomon@bbgllp.com

Jeffrey Kurtzman

on behalf of Creditor Water Tower Square Associates kurtzman@kurtzmansteady.com

Jessica Deborah Mikhailevich

on behalf of Other Prof. Hilco Merchant Resources  LLC and Gordon Brothers Retail Partners, LLC
jessica.mikhailevich@troutman.com, wlbank@troutman.com

John Kendrick Turner

on behalf of Creditor Tom Green Cad john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner

on behalf of Creditor Smith County john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John S. Mairo

on behalf of Creditor Sama Plastics Corp. and Sama Wood LLC jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

Jordan Seth Blask

on behalf of Creditor WPG Legacy  LLC jblask@fbtlaw.com, jpatchan@fbtlaw.com

Joseph H. Lemkin

on behalf of Creditor Levin Management Corporation jlemkin@stark-stark.com

Keri P. Ebeck

on behalf of Creditor Duquesne Light Company KEBECK@BERNSTEINLAW.COM  jbluemle@bernsteinlaw.com

Kevin C Calhoun

on behalf of Creditor Oaklad County Treasurer kevin@lawyermich.com

Leslie Carol Heilman

on behalf of Creditor Brixmor Operating Partnership LP heilmanl@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com

Meredith Mitnick

on behalf of Creditor SharkNinja Operating LLC mmitnick@goodwinlaw.com

Michael D. Sirota

on behalf of Debtor Of a Kind  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Virginia Beach Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor BBB Canada LP Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Frederick  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Westfield  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Palm Desert Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Louisville Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Fashion Center  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Portland Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of New Rochelle  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor BBBYCF LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Mandeville Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Lincoln Park Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor BBBY Management Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Davenport Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Melville  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Hartsdale  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Baton Rouge Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Caldwell  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Deerbrook Bed Bath & Beyond Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of California Limited Liability Company msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Decorist  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed  Bath & Beyond of Manhattan, Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Pittsford Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Knoxville Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Gallery Place L.L.C. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Massapequa  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Brentwood  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Yonkers  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Waldorf Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

District/off: 0312-2                          User: admin                                   Page 4 of 6
Date Rcvd: Apr 25, 2023                       Form ID: pdf903                          Total Noticed: 1

Michael D. Sirota
    on behalf of Debtor BWAO LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Arundel Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Carlstadt  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Springfield Buy Buy Baby  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Buy Buy Baby of Rockville  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Hackensack  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Paradise Valley Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Overland Park Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BBB Value Services Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Opry Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Buy Buy Baby of Totowa  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor bed 'n bath Stores Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Buy Buy Baby  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Liberty Procurement Co. Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor One Kings Lane LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Franklin  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BBBYTF LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Falls Church  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor San Antonio Bed Bath & Beyond Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Chef C Holdings LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Alamo Bed Bath & Beyond Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

District/off: 0312-2
Date Rcvd: Apr 25, 2023

User: admin
Form ID: pdf903

Page 5 of 6
Total Noticed: 1

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Rockford Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Old Bridge  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Annapolis  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Newton  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Bridgewater Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Woodbridge Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Gaithersburg Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of East Hanover Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon Stores  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Plainview  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Rockaway  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Totowa  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Shrewsbury  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Manalapan  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Lexington Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Greenbrook II  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Birmingham Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Wayne  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Hanover  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Towson Inc msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Edgewater Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Raritan  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Monique Bair DiSabatino
on behalf of Creditor Town & Country (CA) Station L.P. mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
on behalf of Creditor College Plaza Station LLC mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
on behalf of Creditor Phillips Edison & Company mdisabatino@saul.com  robyn.warren@saul.com

Morris S. Bauer
on behalf of Other Prof. Sixth Street Specialty Lending  Inc. MSBauer@duanemorris.com, tjsantorelli@duanemorris.com

Paul Rubin
on behalf of Creditor Castle Ridge Plaza LLC prubin@rubinlawllc.com  hhuynh@rubinlawllc.com

Paul Rubin
on behalf of Creditor Regent Shopping Center Inc. prubin@rubinlawllc.com  hhuynh@rubinlawllc.com

Sari Blair Placona
on behalf of Creditor Salmar Properties  LLC splacona@msbnj.com

Scott A. Zuber
on behalf of Creditor Arch Insurance Company szuber@csglaw.com  ecf@csglaw.com

Sommer Leigh Ross
on behalf of Other Prof. Sixth Street Specialty Lending  Inc. slross@duanemorris.com, AutoDocketWILM@duanemorris.com

Steven P. Kartzman
on behalf of Creditor Farley Real Estate Associates  LLC Trustee@msklaw.net,
nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Thomas S. Onder
on behalf of Creditor Levin Management Corporation tonder@stark-stark.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

Warren A. Usatine
on behalf of Debtor Bed Bath & Beyond Inc. wusatine@coleschotz.com  fpisano@coleschotz.com

William G. Wright
on behalf of Creditor ARC International North America  LLC wwright@capehart.com, jlafferty@capehart.com

TOTAL: 109