**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Emily E. Geier, P.C. (*pro hac vice* pending)<br>Derek I. Hunter (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel for Debtors and Debtors in Possession* | **Order Filed on April 25, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Joint Administration Requested) |

**INTERIM ORDER (I) APPROVING  NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF COMMON STOCK AND PREFERRED STOCK AND (II)
GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two  (2) through seven (7), is ORDERED.

**DATED: April 25, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 23] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) approving the Procedures related to transfers of Beneficial Ownership of Common Stock and Preferred Stock, (b) directing that any purchase, sale, other transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*, and (c) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and First Day Declaration establish just cause for the relief granted herein; and upon all of the proceedings

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief |

had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS**

**HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** on an interim basis as set forth herein.

2.     The Final Hearing on the Motion will be held on **May 16, 2023 at 2:00 p.m. (Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtor's proposed counsel on or before **May 9, 2023 at 5:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.     The Procedures, as set forth in **Exhibit 1** attached hereto are hereby approved on an interim basis; *provided*, *however*, that any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause; *provided* that the Debtors' and the other Notice Parties' rights to oppose such relief are fully reserved and preserved.

4.     Any transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

5.     In the case of any such transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief |

6.     The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.     Within three business days after entry of this Interim Order or as soon as reasonably practicable thereafter, the Debtors shall (i) send the notice of this Interim Order to all parties that were served with notice of the Motion by first class mail and email, if available, including any broker, bank, dealer or other agent, intermediary, or nominee of a beneficial holder of Common Stock or Preferred Stock and any known registered holders of Common Stock or Preferred Stock, (ii) publish the Notice of Interim Order once in *The New York Times*, and (iii) post the Interim Order, Procedures, Declarations, and Notice of Interim Order to the website established by Kroll Restructuring Administration LLC, the Debtors' proposed noticing, claims, and solicitation agent, for these Chapter 11 Cases (https://restructuring.ra.kroll.com/bbby), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

8.     The requirements set forth in this Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

9.     Other than to the extent that this Interim Order expressly conditions or restricts trading in Common Stock or Preferred Stock, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief |

10.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.     Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying*

| (Page | 7) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief |

*the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

12.    7.    Nothing in this Interim Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Interim Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

13.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14.    The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

15.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief |

16.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.    The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within three (3) business days after the entry of this Interim Order, or as soon as reasonably practicable thereafter.

19.    Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

20.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit 1**

**Procedures for Transfers of Beneficial Ownership of Common Stock and Preferred Stock**

**PROCEDURES FOR TRANSFERS OF COMMON STOCK AND PREFERRED STOCK**

The following procedures apply to transfers of Common Stock and Preferred Stock:[1]

a.   Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Kastin; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler, (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq.; (iii) counsel to the Prepetition ABL Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Adam L. Shpeen (adam.shpeen@davispolk.com), Steven Z. Szanzer (steven.szanzer@davispolk.com), and Michael Pera (michael.pera@davispolk.com); (iv) counsel to any statutory committee appointed in these Chapter 11 Cases; (v) counsel to the DIP Agent, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attn: David M. Hillman (dhillman@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1A** (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.   Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock or Preferred Stock").

c.   Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock or Preferred Stock," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "Declaration of Proposed Transfer").

d.    The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

e.    For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (a) 4.5 percent of all issued and outstanding shares of Common Stock (currently 33,257,558[2] shares of Common Stock) or (b) 4.5 percent of all issued and outstanding shares of Preferred Stock (currently 9[3] shares of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, and (4) persons and entities acting in concert to

---

[2]    Based on approximately 739,056,836 shares of Common Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date.

[3]    Based on approximately 180 shares of Preferred Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date.

make a coordinated acquisition of equity securities may be treated as a single entity).

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a. No later than three (3) business days following entry of the Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as **Exhibit 1D** (the "Notice of Interim Order"), on:  (i) the U.S. Trustee for the District of New Jersey (the "U.S. Trustee"); (ii) the entities listed on the consolidated list of creditors holding the 30 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these Chapter 11 Cases; and (vi) all registered and nominee holders of Common Stock or Preferred Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable).  Additionally, no later than three (3) business days following entry of the Final Order, or as soon as reasonably practicable thereafter, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b. All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, down the chain of ownership for all such holders of Common Stock or Preferred Stock.

c. Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, or any broker or agent acting on such purchaser's behalf.

d. To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors shall not be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## Exhibit 1A

### Declaration of Status as a Substantial Shareholder

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE   TAKE   NOTICE**   that   the   undersigned   party   is/has   become   a

Substantial Shareholder with respect to the common stock or Series A convertible preferred stock

of Bed Bath & Beyond Inc, or any Beneficial Ownership therein (any such record or Beneficial

Ownership of common stock, the "Common Stock", and any such record or Beneficial Ownership

of Series A convertible preferred stock, the "Preferred Stock").  Bed Bath & Beyond Inc. is a

debtor and debtor in possession in 23-13359 (VFP) pending in the United States Bankruptcy Court

for the District of New Jersey (the "Court").

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (a) 4.5 percent of all issued and outstanding shares of Common Stock (currently 33,257,558 shares of Common Stock, based on approximately 739,056,836 shares of Common Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date) or (b) 4.5 percent of all issued and outstanding shares of Preferred Stock (currently 9 shares of Preferred Stock, based on approximately 180 shares of Preferred Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, and (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity).

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock or Preferred Stock:

| Number of Shares | Type of Stock (Common/Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

2

identification number and the amount of Common Stock or Preferred Stock that the Substantial

Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

     (City)       (State)

3

## **Exhibit 1B**

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

**DECLARATION OF INTENT TO**
**ACCUMULATE COMMON STOCK OR PREFERRED STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the common stock or Series A convertible preferred stock of Bed Bath & Beyond Inc., or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, the "Common Stock", and any such record or Beneficial Ownership of Series A convertible preferred stock, the "Preferred Stock"). Bed Bath & Beyond Inc. is a debtor and debtor in

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (a) 4.5 percent of all issued and outstanding shares of Common Stock (currently 33,257,558 shares of Common Stock, based on approximately 739,056,836 shares of Common Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date) or (b) 4.5 percent of all issued and outstanding shares of Preferred Stock (currently 9 shares of Preferred Stock, based on approximately 180 shares of Preferred Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, and (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity).

possession in Case No. 23-13359 (VFP) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

2

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

     (City)      (State)

4

**<u>Exhibit 1C</u>**

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO
## TRANSFER COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the

common stock or Series A convertible preferred stock of Bed Bath & Beyond Inc, or any

Beneficial Ownership therein (any such record or Beneficial Ownership of common stock,

the "Common Stock", and any such record or Beneficial Ownership of Series A convertible

preferred stock, the "Preferred Stock").  Bed Bath & Beyond Inc. is a debtor and debtor in

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2]  For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (a) 4.5 percent of all issued and outstanding shares of Common Stock (currently 33,257,558 shares of Common Stock, based on approximately 739,056,836 shares of Common Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date) or (b) 4.5 percent of all issued and outstanding shares of Preferred Stock (currently 9 shares of Preferred Stock, based on approximately 180 shares of Preferred Stock outstanding as of the Petition Date, which may be subject to change following the Petition Date); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, and (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity).

possession in Case No. 23-13359 (VFP) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

2

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:    _____

Address:    _____

_____

Telephone:    _____

Facsimile:    _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## Exhibit 1D

**Notice of Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Joint Administration Requested) |

**NOTICE OF**
**(I) DISCLOSURE PROCEDURES APPLICABLE**
**TO CERTAIN HOLDERS OF COMMON STOCK OR**
**PREFERRED STOCK, (II) DISCLOSURE PROCEDURES FOR**
**TRANSFERS OF COMMON STOCK AND PREFERRED STOCK,**
**AND (III) FINAL HEARING ON THE APPLICATION THEREOF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK") OR SERIES A CONVERTIBLE PREFERRED STOCK (THE "PREFERRED STOCK") OF BED BATH & BEYOND INC.:**

**PLEASE TAKE NOTICE** that on April 23, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of New Jersey (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

*Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 23] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2023, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Interim Order") approving procedures for certain transfers of Common Stock and Preferred Stock set forth in Exhibit 1 attached to the Interim Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Interim Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, upon the request of any entity, the proposed noticing, claims, and solicitation agent for the Debtors, Kroll Restructuring Administration LLC, will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.njb.uscourts.gov/ for a fee or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/bbby.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "Final Hearing") on the Motion shall be held on May 16, 2023, at 2:00.p.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 5:00 p.m., prevailing Eastern Time, on May 9, 2023, and shall be served on:  (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Castin; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler, (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq.; (iii) counsel to the Prepetition ABL Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn:    Adam    L.    Shpeen    (adam.shpeen@davispolk.com),    Steven    Z.    Szanzer (steven.szanzer@davispolk.com), and Michael Pera (michael.pera@davispolk.com); (iv) counsel to any statutory committee appointed in these Chapter 11 Cases; (v) counsel to the DIP Agent, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attn: David M. Hillman (dhillman@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); and (vi) the Office of

3

the United States Trustee for the District of New Jersey, One Newark Center, 108 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102 (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, failure to follow the procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Interim Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Interim Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Interim Order expressly conditions or restricts trading in Common Stock or Preferred Stock, nothing in the Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of Common Stock or Preferred Stock, or the Beneficial Ownership thereof in violation of the Interim Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

4

Dated: _____, 2023

/s/ *Draft*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

5

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 23-13359-VFP

Bed Bath & Beyond Inc.                                                          Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                    User: admin                         Page 1 of 6
Date Rcvd: Apr 25, 2023                 Form ID: pdf903                     Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 27, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 27, 2023                 Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 25, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan J. Brody | on behalf of Creditor JPMorgan Chase Bank N.A. brodya@gtlaw.com  NJLitDock@gtlaw.com |
| Alexandria Nikolinos | on behalf of U.S. Trustee U.S. Trustee alexandria.nikolinos@usdoj.gov |
| Andrew Braunstein | on behalf of Creditor Commission Junction LLC andrew.braunstein@lockelord.com |
| Anthony Sodono, III | on behalf of Creditor Salmar Properties  LLC asodono@msbnj.com |
| Brian I. Kantar | on behalf of Creditor Arch Insurance Company bkantar@csglaw.com |
| Dana S. Plon | on behalf of Creditor Closter Marketplace (EBA)  LLC dplon@sirlinlaw.com |

District/off: 0312-2                          User: admin                          Page 2 of 6
Date Rcvd: Apr 25, 2023                        Form ID: pdf903                   Total Noticed: 1

Daniel M Pereira
on behalf of Creditor Commerce Technologies LLC dpereira@stradley.com

Felice R. Yudkin
on behalf of Debtor Bed Bath & Beyond Inc. fyudkin@coleschotz.com  fpisano@coleschotz.com

Fran B. Steele
on behalf of U.S. Trustee U.S. Trustee Fran.B.Steele@usdoj.gov

Gary S. Redish
on behalf of Creditor AJG Enterprises  LLC gredish@winnebanta.com

Jay B. Solomon
on behalf of Creditor Mastic Associates of New York LLC jsolomon@bbgllp.com

Jeffrey Kurtzman
on behalf of Creditor Water Tower Square Associates kurtzman@kurtzmansteady.com

Jessica Deborah Mikhailevich
on behalf of Other Prof. Hilco Merchant Resources  LLC and Gordon Brothers Retail Partners, LLC
jessica.mikhailevich@troutman.com, wlbank@troutman.com

John Kendrick Turner
on behalf of Creditor Smith County john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner
on behalf of Creditor Tom Green Cad john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John S. Mairo
on behalf of Creditor Sama Plastics Corp. and Sama Wood LLC jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

Jordan Seth Blask
on behalf of Creditor WPG Legacy  LLC jblask@fbtlaw.com, jpatchan@fbtlaw.com

Joseph H. Lemkin
on behalf of Creditor Levin Management Corporation jlemkin@stark-stark.com

Keri P. Ebeck
on behalf of Creditor Duquesne Light Company KEBECK@BERNSTEINLAW.COM  jbluemle@bernsteinlaw.com

Kevin C Calhoun
on behalf of Creditor Oaklad County Treasurer kevin@lawyermich.com

Leslie Carol Heilman
on behalf of Creditor Brixmor Operating Partnership LP heilmanl@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com

Meredith Mitnick
on behalf of Creditor SharkNinja Operating LLC mmitnick@goodwinlaw.com

Michael D. Sirota
on behalf of Debtor Of a Kind  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Virginia Beach Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor BBB Canada LP Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Frederick  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Westfield  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Palm Desert Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Louisville Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Debtor Bed Bath & Beyond of Fashion Center  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Portland Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of New Rochelle  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor BBBYCF LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Mandeville Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Lincoln Park Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor BBBY Management Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Davenport Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Melville  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Hartsdale  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Baton Rouge Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Caldwell  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Deerbrook Bed Bath & Beyond Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of California Limited Liability Company msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Decorist  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed  Bath & Beyond of Manhattan, Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Pittsford Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Knoxville Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Gallery Place L.L.C. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Massapequa  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Brentwood  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Yonkers  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Waldorf Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BWAO LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Arundel Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Carlstadt  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Springfield Buy Buy Baby  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Buy Buy Baby of Rockville  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Hackensack  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Paradise Valley Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Overland Park Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BBB Value Services Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Opry Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Buy Buy Baby of Totowa  Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor bed 'n bath Stores Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Buy Buy Baby  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Liberty Procurement Co. Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor One Kings Lane LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Franklin  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BBBYTF LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Falls Church  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor San Antonio Bed Bath & Beyond Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Chef C Holdings LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Alamo Bed Bath & Beyond Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Rockford Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Old Bridge  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Newton  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Annapolis  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Bridgewater Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Woodbridge Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Gaithersburg Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of East Hanover Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon Stores  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Plainview  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Rockaway  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Totowa  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Shrewsbury  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Manalapan  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Lexington Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Greenbrook II  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Birmingham Inc. msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Wayne  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Harmon of Hanover  Inc. msirota@coleschotz.com,
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
  on behalf of Debtor Bed Bath & Beyond of Towson Inc msirota@coleschotz.com
  fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

District/off: 0312-2                          User: admin                          Page 6 of 6
Date Rcvd: Apr 25, 2023                    Form ID: pdf903                    Total Noticed: 1

Michael D. Sirota
 on behalf of Debtor Bed Bath & Beyond of Edgewater Inc. msirota@coleschotz.com
 fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
 on behalf of Debtor Harmon of Raritan Inc. msirota@coleschotz.com,
 fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
 on behalf of Debtor Bed Bath & Beyond Inc. msirota@coleschotz.com
 fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Monique Bair DiSabatino
 on behalf of Creditor Town & Country (CA) Station L.P. mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
 on behalf of Creditor College Plaza Station LLC mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
 on behalf of Creditor Phillips Edison & Company mdisabatino@saul.com  robyn.warren@saul.com

Morris S. Bauer
 on behalf of Other Prof. Sixth Street Specialty Lending  Inc. MSBauer@duanemorris.com, tjsantorelli@duanemorris.com

Paul Rubin
 on behalf of Creditor Castle Ridge Plaza LLC prubin@rubinlawllc.com  hhuynh@rubinlawllc.com

Paul Rubin
 on behalf of Creditor Regent Shopping Center Inc. prubin@rubinlawllc.com  hhuynh@rubinlawllc.com

Sari Blair Placona
 on behalf of Creditor Salmar Properties  LLC splacona@msbnj.com

Scott A. Zuber
 on behalf of Creditor Arch Insurance Company szuber@csglaw.com  ecf@csglaw.com

Sommer Leigh Ross
 on behalf of Other Prof. Sixth Street Specialty Lending  Inc. slross@duanemorris.com, AutoDocketWILM@duanemorris.com

Steven P. Kartzman
 on behalf of Creditor Farley Real Estate Associates  LLC Trustee@msklaw.net,
 nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msk
 law.net

Thomas S. Onder
 on behalf of Creditor Levin Management Corporation tonder@stark-stark.com

U.S. Trustee
 USTPRegion03.NE.ECF@usdoj.gov

Warren A. Usatine
 on behalf of Debtor Bed Bath & Beyond Inc. wusatine@coleschotz.com  fpisano@coleschotz.com

William G. Wright
 on behalf of Creditor ARC International North America  LLC wwright@capehart.com, jlafferty@capehart.com


TOTAL: 110