UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

TROUTMAN PEPPER HAMILTON SANDERS LLP
Jessica D. Mikhailevich
875 Third Avenue
New York, NY 10022
Telephone: (212) 704.6350
Fax:    (212) 704.6288
Email: Jessica.Mikhailevich@troutman.com
-and-
Douglas D. Herrmann
Marcy J. McLaughlin Smith
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 777.6500
Fax:    (866) 422.3027
Email: douglas.herrmann@troutman.com
    marcy.smith@troutman.com
- and -
RIEMER & BRAUNSTEIN, LLP
Steven E. Fox
Times Square Tower
Seven Times Square, Suite 2506
New York, NY 10036
Tel: (212) 789-3150
Fax: (212) 719-0140
Email:  sfox@riemerlaw.com
*Counsel for the Consultant*

In re:

BED BATH & BEYOND INC., *et al*.,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

154047319v2

**DECLARATION MARK P. NAUGHTON ON BEHALF OF TIGER CAPITAL GROUP, LLC IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO ASSUME THE CONSULTING AGREEMENTS, (II) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (III) AUTHORIZING CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING STORES, AND (IV) GRANTING RELATED RELIEF**

I, Mark P. Naughton, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am Senior General Counsel of Tiger Capital Group, LLC ("Tiger"), located at 60 State Street, 11th Floor, Boston, MA 02109.

2. I submit this declaration (the "Declaration") on behalf of Tiger in support of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief* (D.I. 28) (the "Motion"). Although not required for purposes of approval of the Motion pursuant to sections 363 and 365 of the Bankruptcy Code, I submit this Declaration and disclose Tiger's connections to the Debtors and Parties in Interest (as defined below) in support thereof. I have reviewed and am familiar with the Motion and the relief sought therein.

3. The facts set forth in my Declaration are based upon my personal knowledge, information, and belief, and upon records kept in the ordinary course of business that were reviewed by me or other employees of Tiger under my supervision and direction. If called as a witness, I would testify to the facts set forth in this Declaration.

4. In the Motion, the Debtors seek authority to assume the Third Amendment to Letter Agreements dated as of April 22, 2023 (along with the prior agreements between the parties, the "Consulting Agreements") with Hilco Merchant Resources, LLC ("Hilco"). The Third

154047319v2

Amendment provided that Hilco was authorized by the Debtors to syndicate the transactions contemplated thereby with, amongst other parties, Tiger. The Court has entered an Interim Order approving the assumption of the Consulting Agreements (D.I. 102) that provided that each member of the Consultant under the Consulting Agreement shall file a declaration disclosing connections to the Debtors, their creditors and other parties in interest in these chapter 11 cases.

5. I have been provided a list of names of individuals and companies provided by the Debtors for purposes of providing this Declaration and determining the connection(s) that Tiger has with such entities (attached hereto as **Schedule 1**; collectively, the "Parties in Interest").

6. Tiger's review of Schedule 1 has identified the connections listed on and described in the attached **Schedule 2**.

7. Except with respect to Tiger's contractual joint venture partners under the Consulting Agreements, neither I, Tiger, nor any principal, partner, director, officer, or employee thereof, nor any professional retained by Tiger has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of Tiger.

8. Except with respect to entry into the Consulting Agreements (as defined in the Motion), and except as set forth in **Schedule 2** hereto, to the best of my knowledge, neither I, Tiger,, nor any principal, partner, director, officer, or employee thereof, nor any professional retained by Tiger, insofar as I have been able to ascertain, is a creditor, equity security holder, or an insider of the Debtors.

9. To the best of my knowledge, neither I, Tiger, nor any principal, partner, director, officer, or employee thereof, nor any professional retained by Tiger, insofar as I have

154047319v2

been able to ascertain, is or has been, within two years before the date of the filing of the petition(s) herein, a director, officer or employee of the Debtors.

10. To the best of my knowledge, neither I, Tiger, nor any principal, partner, director, officer, or employee thereof, nor any professional retained by Tiger, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which Tiger is engaged, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

11. If Tiger should discover any facts bearing on the matters described herein, Tiger will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Chicago, Illinois
May 2, 2023

Tiger Capital Group, LLC

By: *[signature]*

Mark P. Naughton
Senior General Counsel

154047319v2