| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>Jessica D. Mikhailevich<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 704.6350<br>Fax:        (212) 704.6288<br>Email: Jessica.Mikhailevich@troutman.com<br>-and-<br>Douglas D. Herrmann<br>Marcy J. McLaughlin Smith<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 777.6500<br>Fax:        (866) 422.3027<br>Email: douglas.herrmann@troutman.com<br>          marcy.smith@troutman.com<br>- and -<br>RIEMER & BRAUNSTEIN, LLP<br>Steven E. Fox<br>Times Square Tower<br>Seven Times Square, Suite 2506<br>New York, NY 10036<br>Tel: (212) 789-3150<br>Fax: (212) 719-0140<br>Email:  sfox@riemerlaw.com<br>*Counsel for the Consultant* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

154201380v2

**DECLARATION OF SCOTT K. CARPENTER ON BEHALF OF B. RILEY RETAIL SOLUTIONS, LLC IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO ASSUME THE CONSULTING AGREEMENTS, (II) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (III) AUTHORIZING CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING STORES, AND (IV) GRANTING RELATED RELIEF**

I, Scott K. Carpenter, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am the Chief Executive Officer of B. Riley Retail Solutions, LLC ("B. Riley Retail"), located at 30870 Russell Ranch Rd, Suite 250, Westlake Village, CA 91362.

2. I submit this declaration (the "Declaration") on behalf of B. Riley Retail in support of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief* (D.I. 28) (the "Motion"). Although not required for purposes of approval of the Motion pursuant to section 363 of the Bankruptcy Code, I submit this Declaration and disclose B. Riley Retail's connections to the Debtors and Parties in Interest (as defined below) in support thereof. I have reviewed and am familiar with the Motion and the relief sought therein.

3. The facts set forth in my Declaration are based upon my personal knowledge, information, and belief, and upon records kept in the ordinary course of business that were reviewed by me or other employees of B. Riley Retail (or its affiliates) under my supervision and direction. If called as a witness, I would testify to the facts set forth in this Declaration.

4. In the ordinary course of its business, B. Riley Retail and its affiliates and subsidiaries (collectively, "B. Riley") maintain certain databases (the "B. Riley Databases") for

2

purposes of performing "conflicts checks." The B. Riley Databases contain information regarding present and past representations and transactions of B. Riley. I obtained a list of names of individuals and companies provided by the Debtors for purposes of searching the B. Riley Databases and determining the connection(s) which B. Riley has with such entities (attached hereto as **Schedule 1**; collectively, the "Parties in Interest"). B. Riley ran the names of all of the Parties in Interest through the B. Riley Databases to determine whether B. Riley had in the past, or currently has, any connection to such Parties in Interest. The B. Riley Databases includes information relating to debt and equity holdings of the entities comprising B. Riley (including debt and equity holdings by such entities for the account of a third party, if any). In short, if one of the entities comprising B. Riley holds debt or equity in a Party in Interest, that connection would be identified in the conflicts check and disclosed; *provided*, *however*, that an affiliate of B. Riley Retail is a full service securities firm engaged in a wide range of businesses and from time to time, in the ordinary course of its business, may hold long or short positions and trade or otherwise effect transactions for its own account or the account of its customers in debt or equity securities, loans or other financial instruments (or any derivatives thereof) of a Party in Interest. Moreover, the conflicts check conducted by B. Riley in connection with the Motion did not exclude any affiliates of B. Riley or its ultimate parent company.

5. B. Riley's search of the B. Riley Databases identified the connections listed on and described in the attached **Schedule 2**.

6. Except with respect to B. Riley's contractual joint venture partners, neither I, B. Riley, nor any principal, partner, director, officer, or employee thereof, nor any professional retained by B. Riley has agreed to share or will share any portion of the compensation to be

received from the Debtors by B. Riley with any other person other than the principals and regular employees of B. Riley.

7. Except with respect to entry into the Consulting Agreement (as defined in the Motion), and except as set forth in **Schedule 2** hereto, to the best of my knowledge, neither I, B. Riley, nor any director, executive officer, nor any professional retained by B. Riley, insofar as I have been able to ascertain, is a creditor, equity security holder, or an insider of the Debtors.

8. To the best of my knowledge, neither I, B. Riley, nor any director, executive officer, nor any professional retained by B. Riley, insofar as I have been able to ascertain, is or has been, within two years before the date of the filing of the petition(s) herein, a director, officer or employee of the Debtors.

9. To the best of my knowledge, neither I, B. Riley, nor any director, executive officer, nor any professional retained by B. Riley, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which B. Riley is engaged, by reason of any direct or indirect relationship to, or connection with, or interest in, the Debtors or for any other reason.

10. B. Riley is conducting further inquiries regarding B. Riley's engagement by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of B. Riley's engagement if B. Riley should discover any facts bearing on the matters described herein, B. Riley will supplement the information contained in this Declaration.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Westlake Village, CA
May 2, 2023

B. Riley Retail Solutions, LLC

By: *Scott Carpenter*

Scott K. Carpenter
Chief Executive Officer

153157287v1