**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS**
**UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4.      The Debtors are the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more.  In addition to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond stores and their buybuy BABY stores with locations across North America.  Headquartered in Union, New Jersey, Bed Bath & Beyond Inc. is a publicly traded company that currently employs approximately 14,000 non-seasonal employees.

2

5.      The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these cases, the Debtors will immediately commence an orderly and value-maximizing wind down of their business, while marketing a sale of all or part of their business on a timeline consented to by their prepetition and DIP lenders.

6.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and this Motion are set forth in greater detail in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration"), incorporated by reference herein.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2023, the Court entered an order [Docket No. 75] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

7.      Prior to the Petition Date, the Debtors employed the professionals identified on the attached Exhibit 1 to the Order (the "Initial Ordinary Course Professionals").  The Initial Ordinary Course Professionals perform services, including legal, tax, accounting, regulatory, and other matters, that are not intrinsically related to the Chapter 11 Cases.  The Debtors require the services of the Initial Ordinary Course Professionals regardless of the pendency of the Chapter 11 Cases, and the services do not significantly impact the direction of the Debtors' reorganization.  To the

best of the Debtors' knowledge, the Initial Ordinary Course Professionals have no interest materially adverse to the Debtors and their estates.

### **Relief Requested**

8.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) authorizing, but not directing, the Debtors (i) to retain both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals (as defined below, together with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals," each an "Ordinary Course Professional") without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (ii) to pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval and (b) granting related relief.

9.     For the sake of clarity, individual retention applications will be required for any professionals that the Debtors seek to employ in connection with the conduct of the Chapter 11 Cases or in connection with special matters not appropriate for ordinary course treatment (the "Chapter 11 Professionals").  Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Court Rules of the United States Bankruptcy Court for the District of New Jersey, and any orders entered in the Chapter 11 Cases governing professional compensation and reimbursement for services rendered and expenses incurred.

A.        **Proposed Ordinary Course Professional Procedures**

10.        The Debtors propose the following procedures in recognition of the importance of providing information regarding Ordinary Course Professionals to the Court and the United States Trustee.

11.        The Debtors propose they be permitted to continue to employ and retain the Initial Ordinary Course Professionals.  Within thirty (30) days of the later of (a) the entry of an order granting the relief requested herein or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional will be required to provide to the Debtors' counsel a declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form annexed hereto as Exhibit 2 to the Order, certifying that the professional does not represent or hold any interest adverse to the Debtors or the estates with respect to the matter on which the professional is to be employed (the "Declaration") for filing with the Court and service upon: (i) Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn:  David Kastin (david.kastin@bedbath.com); (ii) Cole Schotz P.C., as co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn:  Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); (iii) Kirkland & Ellis LLP, as co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com), Emily E. Geier, P.C. (emily.geier@kirkland.com), Derek I. Hunter, Esq. (derek.hunter@kirkland.com); (iv) the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn:  Fran B. Steele, Esq. (fran.b.steele@usdoj.gov), John    Schanne,    Esq.    (john.schanne@usdoj.gov),    and    Alexandria    Nikolinos,    Esq

(alexandria.nikolinos@usdoj.gov); (v) counsel for JPMorgan Chase Bank, N.A., in its capacity as

ABL agent under the Debtors' prepetition ABL facility: Davis Polk & Wardwell LLP, 450

Lexington Avenue, New York, NY, 10017, Attn: Adam L. Shpeen, Esq.

(adam.shpeen@davispolk.com), Steven Z. Szanzer, Esq. (szanzer@davispolk.com) and Michael

Pera, Esq. (michael.pera@davispolk.com); (vi) counsel for Sixth Street Specialty Lending, Inc. in

its capacities as FILO agent under the Debtor's prepetition ABL facility and postpetition

debtor-in-possession financing facility: Proskauer Rose LLP, Eleven Times Square, New York,

NY 10036, Attn: David M. Hillman, Esq. (dhillman@proskauer.com) and Megan R. Volin, Esq.

(mvolin@proskauer.com); (vii) counsel to any official committee appointed in these cases

(the "Committee"); and (viii) those parties that have filed a notice of appearance and request for

service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the

"Notice Parties").  Each Ordinary Course Professional shall also complete and return a retention

questionnaire substantially in the form annexed as Exhibit 3 to the Order (the "Retention

Questionnaire"), which shall be served upon the Notice Parties.

12.    The Debtors further request that upon the later of (i) the entry of the Order or

(ii) service of each required Declaration and Retention Questionnaire, the Notice Parties will have

fifteen (15) days (the "Objection Deadline") to object to the retention of the Initial Ordinary Course

Professional in question.  Any such objections must be filed with the Court and served upon the

Notice Parties and the subject Initial Ordinary Course Professional by the Objection Deadline.  If

any such objection cannot be resolved or withdrawn within fifteen (15) days after service, the

matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date

or such other date that may be agreeable to the Initial Ordinary Course Professional, the Debtors,

and the objecting party.  If no objection is received on or before the Objection Deadline, if any

objection is withdrawn, or if any objection submitted is timely resolved, the Debtors will be authorized to retain the Initial Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

13.     The Debtors also request that they be authorized to employ and retain additional ordinary course professionals not currently listed as Initial Ordinary Course Professionals as future circumstances require (the "Additional Ordinary Course Professionals"), without the need to file individual retention applications or provide further hearing or notice to any party, by filing with the Court a supplement to Exhibit 1 (the "Supplement") and serving copies of both the Supplement and the Retention Questionnaire upon the Notice Parties.

14.     The Debtors propose that, as with the Initial Ordinary Course Professionals, each Additional Ordinary Course Professional be required to provide to the Debtors and their counsel, for filing with the Court, a Declaration, and for service upon the Notice Parties, both a Declaration and a Retention Questionnaire, within thirty (30) days after the filing of the Supplement.  The Notice Parties will have fifteen (15) days after service of each required Declaration to object to the retention of the Additional Ordinary Course Professional in question.  Any objection would be handled as set forth in paragraph 12 above.  If no objection is timely submitted, the objection is withdrawn, or the objection submitted is timely resolved, the Debtors would be authorized to retain the Additional Ordinary Course Professional as a final matter without further order, effective as of the date of filing the Supplement or the applicable date of engagement.

15.     The Debtors will not pay any fees and expenses to any Ordinary Course Professional (nor shall any such Ordinary Course Professional draw down on any existing retainer) unless:  (a) such Ordinary Course Professional has submitted its Declaration and such Declaration is filed with the Court and, along with the Retention Questionnaire, served on the Notice Parties;

(b) the applicable Objection Deadline has expired; and (c) no timely objection is pending.  If a timely objection is received, no payment will be made until such objection is resolved, withdrawn or otherwise overruled by the Court.

**B.     Proposed Payment Procedures**

16.     Once the Debtors retain an Ordinary Course Professional in accordance with these procedures above, they propose to pay such Ordinary Course Professional one-hundred percent (100%) of their fees and one-hundred percent (100%) of their disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided*, *however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the applicable monthly fee cap set forth in Exhibit 1 of the Order or in any Supplement on average over any three month period on a rolling basis (the "Monthly Fee Cap").

17.     The Debtors propose that payments to a particular Ordinary Course Professional would become subject to Court approval based upon an application for allowance of fees and expenses under Bankruptcy Code §§ 330 and 331, under the same procedures that are established for Chapter 11 Professionals, only if such payments exceed the Monthly Fee Cap; *provided*, *however*, that the applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

18.     In the ordinary course of business, as a routine matter, the Debtors review all bills received from the Ordinary Course Professionals to assess the reasonableness of the fees charged and the necessity of the expenses incurred.  This type of review will continue post-petition and,

coupled with the proposed Monthly Fee Cap, will protect the Debtors' estates against excessive and improper billings.

## C.    Periodic Payment Statements

19.    Within thirty (30) days after the end of, and with respect to, each full three-month period after the Petition Date (including any initial partial month in the first period), the Debtors propose to file a periodic payment summary statement with the Court and to serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional. The obligation to file summary statements will terminate upon confirmation of a plan in the Chapter 11 Cases.

## Basis for Relief Requested

20.    The Debtors seek the relief requested in this Motion to avoid any later controversy about employing and paying the Ordinary Course Professionals during the pendency of the Chapter 11 Cases. The Debtors believe that their decision to employ the Ordinary Course Professionals is appropriate under Bankruptcy Code § 363(c)(1) because the employment and compensation of the Ordinary Course Professionals are matters that relate to the ordinary course of the Debtors' business. "The Code takes cognizance of the fact that if a debtor had to seek court approval to pay for every expense incurred during the normal course of its affairs, the debtor would be in court more than in business." *Bagus v. Clark (In re Buyer's Club Markets)*, 5 F.3d 455, 457–58 (10th Cir. 1993). By this Motion, the Debtors are neither requesting to pay prepetition amounts owed to

any of the Ordinary Course Professionals nor requiring the Ordinary Course Professionals to waive any claim against the Debtors.

### A.    The Debtors Employ the Ordinary Course Professionals in the Ordinary Course of the Debtors' Business

21.    Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors, as debtors in possession, are authorized to operate their businesses.  Bankruptcy Code § 363(c)(1) further defines the scope of a debtor's authority and provides that, unless the court orders otherwise, a debtor in possession may enter into transactions, including the use, sale, or lease of estate property in the ordinary course of business without notice and a hearing.  "The framework of section 363 is designed to allow a trustee (or a debtor in possession) the flexibility to engage in ordinary transactions without unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when transactions are not ordinary." *In re Roth American, Inc.*, 975 F.2d 949, 952 (3d Cir. 1992).  "Neither the Bankruptcy Code nor its legislative history provide a framework for analyzing whether particular transactions are in the ordinary course of a debtor's business for the purposes of section 363." *Id.*

22.    In order to determine whether or not a transaction falls in the ordinary course of business, many courts have adopted a two-step inquiry: the "vertical dimension" or "creditor's expectation" test, and the "horizontal dimension" or "industry-wide" test. *See id.* (citations omitted); s*ee also N.J. Mobile Dental Practice, P.A. v. Cont'l Assocs. Ltd.* (*In re N.J. Mobile Dental Practice. P.A.*), No. 05-17772 (DHS), Adv. No. 07-1988 (DHS), 2008 Bankr. LEXIS 1184 at *14 (Bankr. D.N.J. April 7, 2008) (explaining that "the Third Circuit adopted a two-step approach consisting of a horizontal and vertical dimension").

23.    Under the vertical dimension test, courts "analyze[] the transactions from the vantage point of a hypothetical creditor and the inquiry is whether the transaction subjects a

creditor to economic risk of a different nature from those he accepted when he decided to extend credit." *In re Roth American, Inc., 975 F.2d* at 953. A debtor's "pre-petition business practices and conduct" are the primary focus of the vertical analysis. *Id.* Under the horizontal dimension test, courts analyze "whether, from an industry-wide perspective, the transaction is of the sort commonly undertaken by companies in that industry." *Id.*

24.    Application of the vertical and horizontal tests to the Debtors' employment and compensation of the Ordinary Course Professionals demonstrates that the Debtors' actions should be considered ordinary course transactions pursuant to Bankruptcy Code § 363(c)(1). With regard to the vertical dimension test, the Debtors' employment and compensation of the Ordinary Course Professionals is consistent with the Debtors' pre-petition business practices. The Debtors utilize the services of each of the Initial Ordinary Course Professionals in connection with the day-to-day operation of the Debtors' businesses. Further, the Debtors' creditors may reasonably assume that the operation of the Debtors' businesses requires the assistance of various non-bankruptcy professionals in connection with legal, tax, accounting, regulatory, and other matters.

25.    With regard to the horizontal dimension test, it is standard practice for companies in the retail industry to utilize the services provided by the Ordinary Course Professionals in connection with day-to-day operations. Therefore, employment and compensation of the Ordinary Course Professionals satisfies both the horizontal and vertical tests, and is therefore consistent with Bankruptcy Code § 363(c)(1).

**B.    The Ordinary Course Professionals are not Professional Persons Under Bankruptcy Code § 327**

26.    The Ordinary Course Professionals should not be subject to the requirements of Bankruptcy Code § 327 because they are not "professional persons" within the meaning of Bankruptcy Code § 327(a). Under Bankruptcy Code § 327(a), a debtor "with the court's approval,

may employ one or more attorneys, accountants, appraisers, auctioneers, *or other professional persons* . . . to represent or assist the [debtor] *in carrying out the [debtor's] duties under this title."* 11 U.S.C. § 327(a) (emphasis added).

27.    "[N]ot all individuals normally considered as professionals are deemed professionals for purposes of Section 327." *U.S. ex rel. Kraft v. Aetna Cas. & Sur. Co.*, 43 B.R. 119, 121 (M.D. Tenn. 1984); *see also, e.g.*, *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D.N.J. 1999) (explaining that "it is not enough that the party be a professional by education or training" but that "he or she must also play an integral role in the administration of the bankruptcy case" to be considered a "professional person" under section 327(a)).  Bankruptcy Code § 327(a) only requires the court's approval of a professional "to represent or assist the trustee in carrying out the trustee's duties under this title."  Therefore, courts have required that the professional person's employment must specifically relate to the administration of the bankruptcy case, as opposed to the ordinary course operation of the debtor's business. *See, e.g.*, *In re Napoleon*, 233 B.R. at 913.

28.    Furthermore, the professional person's employment must be "central" to the administration of the estate, and Bankruptcy Code § 327(a) should only apply if the professional will play an intimate role in the reorganization of the debtor's estate. *In re Napoleon*, 233 B.R. at 913*; see also, e.g.*, *In re Livore*, 473 B.R. 864, 870 (Bankr. D.N.J. 2012) (holding that the employed party was not a professional person requiring retention under section 327(a) because he "did not play an integral role in the administration of the bankruptcy case" ); *In re Zais Inves. Grade Ltd. VII*, No. 11-20243 (RTL), 2011 WL 4543215 at *2 (Bankr. D.N.J. Sept. 26, 2011) ("This court is of the opinion that court approval is not required for the Debtor to engage Cayman Islands counsel for such non-bankruptcy legal services and to compensate the professional in accordance with prior practice.").

29.    If the debtor is not seeking to employ a professional because of a need that arose incident to the bankruptcy, Bankruptcy Code § 327 should not apply, regardless of whether the professional's services are important to the debtor's business. *See In re Livore*, 473 B.R. 864, 870 (Bankr. D.N.J. 2012) (holding that the employed party was not a professional person requiring retention under section 327(a) because he "did not play an integral role in the administration of the bankruptcy case"); *In re Zais Inves. Grade Ltd. VII*, No. 11-20243 (RTL), 2011 WL 4543215 at *2 (Bankr. D.N.J. Sept. 26, 2011) ("This court is of the opinion that court approval is not required for the Debtor to engage Cayman Islands counsel for such non-bankruptcy legal services and to compensate the professional in accordance with prior practice."); *see also In re Johns–Manville Corp.*, 60 B.R. 612, 621 (Bankr. S.D.N.Y. 1986) (lobbyists retained to perform services in the ordinary course of debtor's business "performed a function completely external to the reorganization process" and therefore were not professional persons requiring retention under section 327(a)); *In re Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr. S.D.N.Y. 1981) (holding that maritime engineers employed in the course of Debtor's business would "play an important role in the mechanics of [Debtor's] operation," but were not professionals requiring retention under section 327(a) because their retention would not "affect the administration of [Debtor's] reorganization.").

30.    Although the Ordinary Course Professionals provide valuable services for the Debtors, their employment is not central to the reorganization of the Debtors' businesses. Furthermore, it could hinder the administration of the Debtors' estates if the Debtors were required (a) to submit to the Court an application, declaration, and proposed retention order for each Ordinary Course Professional, (b) to wait until such order is approved before such Ordinary Course Professional continues to render services, and (c) to withhold payment of the normal fees and

expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to Chapter 11 Professionals.

31.     Under such conditions, there is a risk that some Ordinary Course Professionals would be unwilling to provide services, and that others would suspend services pending a specific court order authorizing the services.  Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay or need to replace professionals could have adverse consequences on the Debtors' estates.  For example, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date were lost, the estates undoubtedly would incur additional and unnecessary expenses because the Debtors would have to retain other professionals without such background and expertise, at potentially higher rates.  It is therefore in the best interest of the Debtors' estates to avoid any disruption to the professional services required.

32.     Moreover, the requested relief will allow the Debtors to avoid additional fees that such Ordinary Course Professionals would charge in connection with preparing and prosecuting numerous interim fee applications.  Likewise, the procedures set forth above will relieve the Court, the United States Trustee, and other interested parties of the burden of reviewing a multitude of fee applications involving relatively small amounts of fees and expenses.

33.     To the best of the Debtors' knowledge, none of the Initial Ordinary Course Professionals represents or holds any interest materially adverse to the Debtors or to their estates with respect to the matter in which the Debtors employ such Ordinary Course Professional(s).  Although certain of the Initial Ordinary Course Professionals may hold unsecured claims against

one or more of the Debtors, the Debtors do not believe that any of such claims constitute interests materially adverse to the Debtors, their estates, their creditors, or other parties in interest.

34.     Courts in this district have consistently granted similar relief in other chapter 11 cases. *See e.g., In re SLT Holdco, Inc.*, No. 20-18368 (MBK) (Bankr. D.N.J. Aug. 31, 2020); *In re Congoleum Corp.*, No. 20-18488 (MBK) (Bankr. D.N.J. Aug. 19, 2020); *In re Mountain Creek Resort, Inc.*, No. 17-19899 (SLM) (Bankr. D.N.J. June 28, 2017); *In re Cinram Grp., Inc.*, No. 17-15258 (VFP) (Bankr. D.N.J. Aug. 11, 2017); *In re Kid Brands, Inc.*, No. 14-22582 (DHS) (Bankr. D.N.J. Jul. 14, 2014).

## C.     Retroactive Relief is Appropriate

35.     The Debtors request that the employment of the Ordinary Course Professionals be approved retroactively to the Petition Date, or in the case of Additional Ordinary Course Professionals, retroactively to the date of the filing of the Supplement or the applicable date of the engagement.   The Debtors filed this Motion as a precautionary measure to avoid any later controversy about employing and paying the Ordinary Course Professionals during the pendency of the Chapter 11 Cases.   Therefore, granting the relief requested in this Motion retroactive to the Petition Date will not prejudice any party in interest.   Furthermore, even if the Ordinary Course Professionals were subject to the requirements of Bankruptcy Code § 327, the Court would have the authority to approve retroactive relief. *See, e.g., In re Arkansas Co., Inc.*, 798 F.2d 645, 648 (3d Cir. 1986) (holding "that the bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power").   While the *Arkansas* case limits *nunc pro tunc* approval to cases involving extraordinary circumstances, courts have recognized that such "heightened showing" of extraordinary circumstances only applies "when there has been a months-long delay before seeking approval." *City of Rockford v.*

*Mallinckrodt Plc (In re Mallinckrodt Plc)*, No. 21-398-LPS, 2022 WL 906451 at *22 (Bankr. D.

Del. March 28, 2022); *see also, e.g.*, *In re Sound Radio, Inc.*, 145 B.R. 193, 205 n.18 (Bankr.

D.N.J. 1992) (explaining that another court "held that thirty days from the commencement of the

case . . . is the outer limit" for obtaining court approval and after that, "the applicant must show a

reasonable explanation for the delay") (citing *In re Martin*, 102 B.R. 653 (Bankr. W.D. Tenn.

1989)).

36.     Based on the foregoing facts and circumstances, the Debtors submit that the

employment and compensation of the Ordinary Course Professionals in the manner set forth above

and in the proposed Order is supported by sound business judgment, and is necessary, prudent,

and in the best interests of the Debtors, their estates, and their creditors.

### Request for Waiver of Stay

37.     To the extent that the relief sought in the Motion constitutes a use of property under

section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under

Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtors request that the Court find

that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested

in this Motion is immediately necessary for the Debtors to be able to continue to operate their

businesses and preserve the value of their estates.

### Waiver of Memorandum of Law

38.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

39.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

40.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) Davis Polk & Wardwell LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: May 4, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:       josuha.sussberg@kirkland.com
             emily.geier@kirkland.com
             derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS
<u>UTILIZED IN THE ORDINARY COURSE OF BUSINESS</u>**

The relief set forth on the following pages, numbered three (3) through ten (10) and the

exhibits hereto is **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Upon the *Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to**,** but not directing, retain Ordinary Course Professionals (which includes both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, (b) pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on the attached **Exhibit 1** (the "Initial Ordinary Course Professionals"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of this Order and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional.  The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, and reimburse expenses incurred pursuant to the terms of this Order.  Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.      Within seven (7) days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional.  Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a Declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form of **Exhibit 2** for filing

(Page 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

with the Court and service upon (i) Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Kastin (david.kastin@bedbath.com); (ii) Cole Schotz P.C., as co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); (iii) Kirkland & Ellis LLP, as co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com), Emily E. Geier, P.C. (emily.geier@kirkland.com), Derek I. Hunter, Esq. (derek.hunter@kirkland.com); (iv) the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele, Esq. (fran.b.steele@usdoj.gov), John Schanne, Esq. (john.schanne@usdoj.gov), and Alexandria Nikolinos, Esq (alexandria.nikolinos@usdoj.gov); (v) counsel for JPMorgan Chase Bank, N.A., in its capacity as ABL agent under the Debtors' prepetition ABL facility: Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY, 10017, Attn: Adam L. Shpeen, Esq. (adam.shpeen@davispolk.com), Steven Z. Szanzer, Esq. (szanzer@davispolk.com) and Michael Pera, Esq. (michael.pera@davispolk.com); (vi) counsel for Sixth Street Specialty Lending, Inc. in its capacities as FILO agent under the Debtor's prepetition ABL facility and postpetition debtor-in-possession financing facility: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David M. Hillman, Esq. (dhillman@proskauer.com) and Megan R. Volin, Esq. (mvolin@proskauer.com); (vii) counsel to any official committee appointed in these cases (the "Committee"); and (viii) those parties that have filed a notice of appearance and request for

(Page 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Each Ordinary Course Professional shall also complete and return the Retention Questionnaire substantially in the form attached hereto as **Exhibit 3** and serve the same upon the Notice Parties.

4.     The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on **Exhibit 1** (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to **Exhibit 1** (the "Supplement"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable monthly fee cap, serving a copy of both the Supplement and the Retention Questionnaire on the Notice Parties, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement. Each Additional Ordinary Course Professional shall file a Declaration within thirty (30) days of the filing of such Supplement.

5.     The Notice Parties shall have fifteen (15) days after the later of (i) the entry of this Order, (ii) the service of any Declaration, or (iii) the service of any Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the Notice Parties and the Ordinary Course Professional subject to such objection by the Objection Deadline. If any objection cannot be resolved or withdrawn within fifteen (15) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled

(Page 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party. If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

6.      The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and, along with the Retention Questionnaire, served on the Notice Parties; (b) the Objection Deadline has expired; and (c) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7.      The Debtors shall pay each Ordinary Course Professional retained in accordance with the procedures outlined above 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; *provided*, *however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in **Exhibit 1** or in any Supplement, as applicable, on average over any three month period on a rolling basis.

(Page 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

8.      If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application on account of the amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with Bankruptcy Code §§ 330 and 331 and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, and any other procedures and orders of the Court.  Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

9.      Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional.  The obligation to file summary statements shall terminate upon confirmation of a plan in the Chapter 11 Cases.

10.      This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

| (Page 9) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

11.     Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

12.     Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing The Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 25] (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

13.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof

(Page 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

16.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized |
|---|---|---|
| Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY  10006 | Legal - Securities Litigation | $11,000 |
| Crowell & Morning LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC  20004 | Legal – Tariff Litigation | $10,000 + Providing Contingency Based Services*[1] |
| Deloitte<br>110 Morris Street<br>Morristown, NJ 07960 | Tax Compliance | $181,500 |
| Epstein Becker Green, P.C.<br>875 Third Avenue<br>New York, NY  10022 | Legal – Employment Litigation | $11,000 |
| Huth Reynolds LLP<br>41 Cannon Court<br>Huntington, NY  11743 | Legal – Freight Litigation | $5,000 cost + Providing Contingency Based Services* |
| Jackson Lewis, P.C.<br>1711 7th Street, NW<br>Suite 1200<br>Atlanta, GA  30363 | Legal – Employment Litigation | $11,000 |
| KPMG LLP<br>345 Park Avenue New York, NY 10154-0102 | Audit Services | $550,000[2] |
| Lerner David LLP<br>20 Commerce Drive<br>Suite 400<br>Cranford, NJ  07016 | Legal – Intellectual Property Maintenance | $11,000 |
| Perkins Coie LLP<br>1155 Avenue of the Americas<br>22nd Floor<br>New York, NY  10036-2711 | Legal - Litigation | $110,000[3] |
| Pryor Cashman<br>7 Times Square<br>New York, NY  10036-6569 | Legal – Immigration Counsel | $27,500 |

---

[1]   Asterisk denotes contingency fee structure.  Professional not subject to a Monthly Fee Cap for amounts paid on contingency basis.

[2]   KPMG LLP is providing the Debtors with near-term services relating to ongoing audit matters.  While the Debtors anticipate KPMG LLP to incur fees in the month following entry of the Order, the Debtors do not expect KPMG LLP to incur any fees thereafter.

[3]   The Debtors provided Perkins Coie LLP with a $175,000 retainer prior to the Petition Date.

| PricewaterhouseCoopers LLP 300 Madison Avenue, New York, NY 10017 | Audit Services | $550,000[4] |
| --- | --- | --- |

---

[4] PricewaterhouseCoopers LLP is providing the Debtors with near-term services relating to ongoing audit matters. While the Debtors anticipate PricewaterhouseCoopers LLP to incur fees in the month following entry of the Order, the Debtors do not expect PricewaterhouseCoopers LLP to incur any fees thereafter.

2

## **Exhibit 2**

**Form of Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF [DECLARANT], ON BEHALF OF PROPOSED**
**ORDINARY COURSE PROFESSIONAL [COMPANY NAME]**

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby

declare that the following is true to the best of my information, knowledge, and belief:

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of
the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the
website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of
Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11
Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

1.      I am [**Title**] of [**Company Name**], located at [**Address**] (the "<u>Company</u>").

2.      Bed Bath & Beyond Inc. and/or its affiliated debtors (collectively, the "<u>Debtors</u>") have requested that the Company provide [**Type of Services**] to the Debtors, and the Company has consented to provide such services.

3.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases.  As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases.  The Company does not perform services for any such person in connection with these cases.  In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

6.      [FOR LEGAL SERVICES FIRMS: The Debtors owe the Firm $__ for pre-petition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. 101-1532.]

7.      [FOR NON-LEGAL SERVICE FIRMS ONLY: The Firm agreed to waive all unpaid amounts for services rendered prior to the Petition Date.]

2

8.      As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

9.      At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10.     I, or a representative of the Company, have read and am familiar with the requirements of the *Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*


I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].

_____
              [**Declarant**]

3

## Exhibit 3

**Form Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

<u>**RETENTION QUESTIONNAIRE**</u>

**TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL
EMPLOYED BY THE DEBTORS**

<u>**Do not file**</u> **this Questionnaire with the Court.  Please return it to:**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Dated:_____, 2023

[Name]
[Title]
[Firm]