**STARK & STARK**
A Professional Corporation
Thomas S. Onder, Esquire
PO Box 5315
Princeton, NJ 08543-5315
(609) 896-9060
Attorneys for Levin Management Corporation,
Somerville Circle Partnership,
North Village Associates and Gator Investments

| | |
|---|---|
| In re: | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| BED BATH & BEYOND, INC.., et al.,[1] | Chapter 11 |
| | Case No.: 23-13359 (VFP) |
| Debtors, | Hearing Date: May 16, 2023 at 10:00 a.m. |
| | Objection Deadline: May 9, 2023 4:00 pm |
| | Ref. Docket Nos.: 80 |

**OBJECTION OF LEVIN MANAGEMENT CORPORATION, SOMERVILLE CIRCLE PARTNERSHIP, NORTH VILLAGE ASSOCIATES AND GATOR INVESTMENTS TO MOTION OF DEBTORS (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE, AND GRANTING OTHER RELATED RELIEF; AND DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (II) GRANTING RELATED RELIEF**

Levin Management Corporation, Somerville Circle Partnership, North Village Associates and Gator Investments ("Landlords") by and through their counsel, Stark & Stark, P.C. hereby file the following limited objections (the "Objections") to the above-captioned debtors' (the "Debtors") Motions for an Order Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of Any Personal Property, Effective As of The Rejection Date, and Granting Other

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

4891-9184-3683, v. 2

Related Relief (the "Rejection Motion"); and for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and, (II) Granting Other Related Relief (the "Procedures Motion" and collectively with the Rejection Motion, the "Motions") [Docket Nos. 79 and 80].

## BACKGROUND[2]

1. On or about April 23, 2023 (the "Petition Date"), Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. Upon information and belief, Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Landlords are the landlords or managing agent for landlords for several Debtor leases (the "Leases")

4. The Leases are all leases "of real property in a shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990). The leases are all located in New Jersey.

## OBJECTIONS

**Rejection Motion**

5. Landlord files this limited objection to the extent the Leases are included in the Rejection Motion.

6. Landlord objects to the extent the Rejection Motion does not provide for strict compliance with all obligations under the Leases, including payment of all rent and other obligations which accrue while Debtors remains in possession of the Premises and attempts to market the Leases for the benefits of the Debtors' estates.

---

[2] Landlord has not attached referenced documents which are voluminous, but reserves its right to supplement this objection to include the same, upon request from the Court or a party-in-interest.

7. Landlord further objects to ensure that stub rent is paid in-full.

8. Landlords also object to the rejection to the extent the Debtors are seeking to maintain control and potentially market the Leases while at the same time seeking retroactive rejection. Either the Leases should be rejected at the time a definitive decision is made, or if the Debtors are seeking to maintain control and market the Leases, then they should not be deemed rejected until such time full control is given to Landlords.

9. In sum, Landlord reserves any and all of its claims for unpaid rent and obligations under the Lease, including the April stub rent, reconciliation amounts and attorneys' fees and costs, and any other claim it may assert, including, without limitation, any contingent or unliquidated rights that Landlord may have against Debtors prior to and upon rejection of the Lease. Landlord requests that any Order approving rejection of the Lease clarify that such rights are preserved.

10. Landlord also reserves the right to argue that unpaid post-petition rent is entitled to administrative expense priority.

**Procedures Motion**

11. Concerning the proposed rejection procedures, Landlord objects in order to ensure that both it and its undersigned counsel are provided with notice of rejection of the Leases. Such notice should be provided by regular mail and e-mail to Landlord and its counsel, and should not solely be filed and noticed via ECF.

12. In addition, the Motion seeks authorization to abandon assets at the Premises. Although Debtors may have the right to do so, such right is not unfettered and does not relieve Debtors of liability for requiring the Landlord to clean up the Premises. For instance, if Debtors leaves a large piece of machinery that can only be removed by disassembling a wall, the costs for removing the same should be treated as an administrative expense claim, where the equipment

4891-9184-3683, v. 2

was necessarily for the benefit of Debtors. Debtors should also not be permitted to abandon equipment at the Premises to the extent such equipment was not located at the premises pre-petition.

13. Landlord reserves its rights to seek allowance and payment of administrative claim for the removal and disposal of any abandoned assets, as well as to file an objection to the rejection of its Lease at least 30 days after the flng of the rejection notice and physical turnover of possession.

### JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS AND RESERVATION OF RIGHTS

14. To the extent consistent with the objections expressed herein, Landlord also joins in the objections of other landlords to the Motions. Further, Landlord reserves all rights to make further and/or future objections based upon any facts or arguments that come to light prior to the hearing on these issues.

Dated: May 8, 2023

Respectfully submitted,

**STARK & STARK**
**A Professional Corporation**

By: */s/ Thomas S. Onder*
Thomas S. Onder, Esquire

P.O. Box 5315
Princeton, NJ 08543
(609) 219-7458 (direct)
(609) 896-9060 (main)
(609) 895-7395 (facsimile)
Attorneys for Levin Management Corporation, Somerville Circle Partnership, North Village Associates and Gator Investments

4

4891-9184-3683, v. 2