| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>Courtney M. Brown<br>VEDDER PRICE P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>Tel.: (212)407-7700<br>Email: cmbrown@vedderprice.com<br><br>*Counsel for CMR Limited Partnership* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>      Debtors. | Case No. 23-13359 (VFP)<br><br>Chapter 11<br><br>Judge Vincent F. Papalia<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF CMR LIMITED PARTNERSHIP TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO ASSUME THE CONSULTING AGREEMENTS, (II) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (III) AUTHORIZING CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING STORES, AND (IV) GRANTING RELATED RELIEF**

    CMR Limited Partnership ("CMR" or "Landlord"), by and through its undersigned attorneys, hereby objects to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief* [Docket No. 28] (the "Motion"), as follows:

**Background**

    1.    CMR and debtor Bed Bath & Beyond of Lincoln Park, Inc. (the "Debtor") are

parties to that certain Lease Agreement dated December 13, 1993, as amended, for the Premises known as +/- 43,200 RSF on the first and second floors of the Clybourn Place retail center located at 1800 North Clybourn Avenue, Chicago, Illinois 60614 (the "Lease").[1]  A true and correct copy of the Lease is attached hereto as Exhibit A.

2. Debtor Bed Bath & Beyond Inc. is a guarantor of the Lease.

3. Prior to the Petition Date, the Debtor was in default under the Lease and indebted to CMR in an amount not less than $286,912.44 as of April 5, 2023.

4. On April 23, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases in the United States Bankruptcy Court for the District of New Jersey.

5. On April 25, 2023, the Court entered an order approving the Motion on an interim basis [Docket No. 102] (the "Interim Order").

**Objection**

6. While CMR understands the Debtor's desire to liquidate inventory for the benefit of creditors, CMR objects to the Motion to the extent it seeks to modify terms of the Lease that are in place to protect CMR and the leased Premises.

7. Article VII of the Motion specifically requests that the Court permit the Consulting Agreements, Store Closings, Sales and Sale Guidelines to override what the Debtor refers to as "Lease Restrictions" (Motion, ¶¶ 20-21).  The Interim Order is silent as to this issue.

8. Contrary to the Debtor's description, however, the Lease contains terms that are specifically designed to protect the Landlord, the Premises, the Common Areas and the Shopping Center (each as defined in the Lease).  The Debtor negotiated and agreed to these terms as a

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion or the Lease, as applicable.

condition of occupying the Premises under the Lease.

9. To extent the Court enters a final order approving the Motion, CMR respectfully requests that the Sale Guidelines in such order be conditioned upon each the following in accordance with the Lease:

   a. Any Consultant operating out of the Premises shall operate the Sales and Store Closings in "a first class manner" as required by Section 8(b) of the Lease;

   b. The Debtor and any Consultant operating out of the Premises shall maintain insurance as required by Section 16(a) of the Lease;

   c. Prior to the commencement of any Sales or Store Closings, the Debtor and any Consultant or other entity operating out of the Premises shall deliver to Landlord updated Certificates of Insurance naming "CMR Limited Partnership" as an additional insured;

   d. Sales and Store Closings may only be conducted during regular store hours as they existed prior to the Petition Date;

   e. All signage in support of Sales and Store Closings must comply with Section 11(a) and Exhibit F of the Lease;

   f. All Sales or Store Closings (and any personnel related thereto) must be maintained solely within the leased Premises, and may not take place outside of the Premises in the Shopping Center, Common Areas or adjacent parking lots; and

   g. The Debtor shall timely pay all post-petition rent, tax, common area and other charges that come due under the Lease until such time that the Premises are vacated and surrendered to Landlord on July 31, 2023 (during "Wave 5").

10. Permitting the Sales and Store Closings to be conducted on the aforementioned terms will serve the dual purpose of assisting the Debtors maximize value for the estates while at the same time protecting the Premises, Shopping Center and Common Areas.[2]

---

[2] CMR is open to negotiating a Side Letter with the Debtor that incorporates Paragraphs 9(a)-(g) of this Objection.

WHEREFORE, CMR Limited Partnership respectfully requests that the Court condition approval of the Motion, Sales, Store Closings and Sale Guidelines upon maintenance of all existing terms in the Lease, including, without limitation, those set forth in Paragraphs 9(a)-(g) of this Objection.

Dated: New York, New York
      May 9, 2023

Respectfully submitted,

VEDDER PRICE P.C.

By: /s/ *Courtney M. Brown*
    Courtney M. Brown
    cmbrown@vedderprice.com
    1633 Broadway, 31st Floor
    New York, New York 10019
    T: (212) 407-7700
    F: (212) 407-7799

    David L. Kane (*pro hac vice pending*)
    dkane@vedderprice.com
    222 N. LaSalle Street, Suite 2600
    Chicago, Illinois 60601
    T: (312) 609-7500

*Attorneys for CMR Limited Partnership*