IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-13359 (VFP) |
| | § | |
| BED BATH & BEYOND, INC., *et al.,* | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**LIMITED JOINT OBJECTION OF THE TEXAS TAXING AUTHORITIES TO THE DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO ASSUME THE CONSULTING AGREEMENTS, (II) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (III) AUTHORIZING CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING STORES, AND (IV) GRANTING RELATED RELIEF**
(Relates to Document Nos. 28 and 102)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW the Texas Taxing Authorities[1], secured creditors and parties in interest and file this *Limited Joint Objection to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to Be Free and Clear of All Liens, Claims,*

---

[1] Including but not limited to: Bexar County, Cameron County, Cypress-Fairbanks Independent School District, Dallas County, City of El Paso, Fort Bend County WCID #02, Fort Bend County, City of Frisco, Grayson County, Gregg County, Harris County, Hidalgo County, Jefferson County, Lewisville Independent School District, City of McAllen, McLennan County, City of Mesquite, Montgomery County, Nueces County, Parker CAD, Rockwall CAD, San Marcos CISD, Smith County, Tarrant County, Tom Green CAD, Victoria County, Wichita County Tax Office, Randall County Tax Office, Brazoria County, Brazoria County Special Road & Bridge, Alvin Independent School District, Alvin Community College, Brazoria County Drainage District #4, Pearland Municipal Management, Brazoria Municipal Utility District #06, Woodlands Metro Municipal Utility District, Woodlands Road Utility District, Clear Creek Independent School District, Humble Independent School District, Pasadena Independent School District, Spring Branch Independent School District, City of Houston, Lubbock Central Appraisal District, Midland County, City of Lake Worth, Crowley Independent School District, Grapevine-Colleyville Independent School District, Frisco Independent School District, Plano Independent School District, Bell County Tax Appraisal District, Bowie Central Appraisal District, Brazos County, Denton County, Guadalupe County, Hays County, Midland Central Appraisal District, Taylor County Central Appraisal District, City of Waco, Waco Independent School District and Williamson County.

1

*and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief* (the "Store Closing Motion"), and respectfully show as follows.

Background

1. The Texas Taxing Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2. The Texas Taxing Authorities hold secured pre-petition ad valorem tax claims for the 2023 and prior tax years in the amount of $5,287,669.94[2] (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the Debtors within their taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each tax year.

3. The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code. The priority of the tax claims is determined under applicable non-bankruptcy law. 11 U.S.C. §506; *Butner v. U.S.*, 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. *See* Texas Property Tax Code §32.05 (b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors. *See In re Universal Seismic*, 288 F.3d 205 (5th Cir. 2002). The tax lien is also

---

[2] Due diligence is ongoing, and the Tax Claim amount is an estimate only and subject to change.

2

unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995). The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02.

<u>Objection to the Store Closing Motion</u>

4. In the Store Closing Motion, the Debtors ask the Court to authorize procedures for closing and selling certain stores, including numerous stores in Texas in which taxes are owed to the Texas Taxing Authorities. Paragraph 14 of the Store Closing Motion provides that the sale is "free and clear of liens, claims, and encumbrances with proceeds thereof distributed in accordance with the Debtors' DIP orders. [Docket no. 28]. The Texas Taxing Authorities are also filing an objection to the Debtors' debtor-in possession financing motion and request to use cash collateral (the "DIP Motion") since both the Store Closing Motion and the DIP Motion propose to disburse sale proceeds to creditors with liens junior to the Tax Liens.

5. The proceeds from the sale of the Texas Taxing Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c)(4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. Accordingly, absent the Texas Taxing Authorities' consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4). Further, the proceeds from the sale of the Texas Taxing Authorities' collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full

WHEREFORE, the Texas Taxing Authorities respectfully object to the Store Closing Motion and request this Court to order appropriate provisions to assure the protection of the

position of these secured tax creditors, and further request other and such relief as is just and proper.

Dated: May 9, 2023

Counsel for the Texas Taxing Authorities

ANSELL GRIMM & AARON, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel:  973.247.9000
Email:  jb@ansellgrimm.com

By:  s/Joshua S. Bauchner
     Joshua S. Bauchner, Esq.


Co-Counsel for the Texas Taxing Authorities

| **LINEBARGER GOGGAN BLAIR & SAMPSON, LLP** | **PERDUE BRANDON FIELDER COLLINS & MOTT, LLP** |
|---|---|
| /s/   Tara L. Grundemeier | /s/       Melissa E. Valdez |
| **John P. Dillman** | **Melissa E. Valdez** |
| Texas State Bar No. 05874400 | Texas State Bar No. 24051463 |
| **Tara L. Grundemeier** | **Owen M. Sonik** |
| Texas State Bar No. 24036691 | Texas State Bar No. 18847250 |
| **Jeannie L. Andresen** | 1235 North Loop West, Suite 600 |
| Texas State Bar No. 24086239 | Houston, Texas, 77008 |
| Post Office Box 3064 | (713) 862-1860 *Telephone* |
| Houston, Texas 77253-3064 | (713) 862-1429 *Facsimile* |
| (713) 844-3478 *Telephone* | mvaldez@pbfcm.com |
| (713) 844-3503 *Facsimile* | osonik@pbfcm.com |
| john.dillman@lgbs.com | |
| tara.grundemeier@lgbs.com | |
| jeannie.andresen@lgbs.com | |

**McCREARY VESELKA BRAGG & ALLEN, P.C.**

/s/  Julie A. Parsons
**Julie A. Parsons**
Texas State Bar No. 00790358
700 Jeffrey Way #100

4

Round Rock, Texas 78665
(513) 323-3200 *Telephone*
julie.parsons@mvbalaw.com

5