IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-13359 (VFP) |
| | § | |
| **BED BATH & BEYOND, INC.,** *et al.,* | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**JOINT OBJECTION OF THE TEXAS TAXING AUTHORITIES TO THE DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING, AND (VI) <u>GRANTING RELATED RELIEF</u>**
**(Relates to Document Nos. 25 and 76)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COME NOW the Texas Taxing Authorities[1], secured creditors and parties in interest and file this *Joint Objection to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate*

---

[1] Including but not limited to: Bexar County, Cameron County, Cypress-Fairbanks Independent School District, Dallas County, City of El Paso, Fort Bend County WCID #02, Fort Bend County, City of Frisco, Grayson County, Gregg County, Harris County, Hidalgo County, Jefferson County, Lewisville Independent School District, City of McAllen, McLennan County, City of Mesquite, Montgomery County, Nueces County, Parker CAD, Rockwall CAD, San Marcos CISD, Smith County, Tarrant County, Tom Green CAD, Victoria County, Wichita County Tax Office, Randall County Tax Office, Brazoria County, Brazoria County Special Road & Bridge, Alvin Independent School District, Alvin Community College, Brazoria County Drainage District #4, Pearland Municipal Management, Brazoria Municipal Utility District #06, Woodlands Metro Municipal Utility District, Woodlands Road Utility District, Clear Creek Independent School District, Humble Independent School District, Pasadena Independent School District, Spring Branch Independent School District, City of Houston, Lubbock Central Appraisal District, Midland County, City of Lake Worth, Crowley Independent School District, Grapevine-Colleyville Independent School District, Frisco Independent School District, Plano Independent School District, Bell County Tax Appraisal District, Bowie Central Appraisal District, Brazos County, Denton County, Guadalupe County, Hays County, Midland Central Appraisal District, Taylor County Central Appraisal District, City of Waco, Waco Independent School District and Williamson County.

1

*Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "DIP Motion"), and respectfully show as follows.

## Background

1.  The Texas Taxing Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2.  The Texas Taxing Authorities hold secured pre-petition ad valorem tax claims for the 2023 and prior tax years in the amount of $5,287,669.94[2] (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the Debtors within their taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each tax year.

3.  The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code. The priority of the tax claims is determined under applicable non-bankruptcy law. 11 U.S.C. §506; *Butner v. U.S.*, 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. *See* Texas Property Tax Code §32.05 (b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors. *See In re Universal Seismic*, 288 F.3d 205 (5th Cir. 2002). The tax lien is also

---

[2] Due diligence is ongoing, and the Tax Claim amount is an estimate only and subject to change.

unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995). The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02.

### Objection to DIP Motion

4. The proponents of the DIP Motion have failed to demonstrate that the Texas Taxing Authorities are adequately protected. The Texas Taxing Authorities object to the DIP Motion to the extent that it seeks to prime the valid, enforceable, senior liens held by the Texas Taxing Authorities without adequate protection.

5. Paragraph 26 of the Interim Order provides that the Debtors shall remit proceeds from the sale of the Texas Taxing Authorities' collateral to the DIP lenders to be applied to the Debtors outstanding loan debt. [Docket no. 76]. As senior secured creditors, with liens priming the DIP lenders, the Texas Taxing Authorities object to any sale proceeds being paid over to any junior creditors without first having paid the Texas Taxing Authorities' claims.

6. The proceeds from the sale of the Texas Taxing Authorities' collateral constitutes their cash collateral and they object to its use to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c)(4), absent consent by the Texas Taxing Authorities, or an order of the Court permitting use of the cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. The Taxing Authorities do not consent to the use of their cash collateral and a segregated account in the amount of $5,287,669.94 must be established from the sale proceeds to comply with the requirements of 11 U.S.C. § 363(c)(4).

7. Counsel for the Texas Taxing Authorities have attempted to confer with counsel in an attempt to reach an agreement.

WHEREFORE, The Texas Taxing Authorities respectfully request that a Final Order approving the DIP Motion (1) include language that their liens are not primed nor made

subordinate to any other party, (2) provide sufficient funds to pay the Tax Claims plus interest at the applicable non-bankruptcy rate to be set aside in a segregated account for the sole purpose of paying its claims, not to be paid to any other party until the Tax Claims have been paid or without further order of this Court and (3) grant them such other and further relief as is just and proper.

Dated: May 9, 2023

Counsel for the Texas Taxing Authorities

ANSELL GRIMM & AARON, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel: 973.247.9000
Email: jb@ansellgrimm.com


By: *s/Joshua S. Bauchner*
Joshua S. Bauchner, Esq.


Co-Counsel for the Texas Taxing Authorities

| **LINEBARGER GOGGAN BLAIR & SAMPSON, LLP** | **PERDUE BRANDON FIELDER COLLINS & MOTT, LLP** |
|---|---|
| */s/   Tara L. Grundemeier* | */s/      Melissa E. Valdez* |
| **John P. Dillman** | **Melissa E. Valdez** |
| Texas State Bar No. 05874400 | Texas State Bar No. 24051463 |
| **Tara L. Grundemeier** | **Owen M. Sonik** |
| Texas State Bar No. 24036691 | Texas State Bar No. 18847250 |
| **Jeannie L. Andresen** | 1235 North Loop West, Suite 600 |
| Texas State Bar No. 24086239 | Houston, Texas, 77008 |
| Post Office Box 3064 | (713) 862-1860 *Telephone* |
| Houston, Texas 77253-3064 | (713) 862-1429 *Facsimile* |
| (713) 844-3478 *Telephone* | mvaldez@pbfcm.com |
| (713) 844-3503 *Facsimile* | osonik@pbfcm.com |
| john.dillman@lgbs.com | |
| tara.grundemeier@lgbs.com | |
| jeannie.andresen@lgbs.com | |

**McCREARY VESELKA BRAGG & ALLEN, P.C.**

4

*/s/ Julie A. Parsons*
**Julie A. Parsons**
Texas State Bar No. 00790358
700 Jeffrey Way #100
Round Rock, Texas 78665
(513) 323-3200 *Telephone*
julie.parsons@mvbalaw.com