James S. Yu
SEYFARTH SHAW LLP
620 8th Avenue
New York, NY  10018
Telephone:  (212) 218-5524
Facsimile:  (917) 344-1339
Email: jyu@seyfarth.com

*Attorneys for 36 Monmouth Plaza LLC and*
*CA 5-15 West 125th LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Jointly Administered<br><br>Hearing Date: May 16, 2023, at 2:00 p.m. |

**36 MONMOUTH PLAZA LLC'S AND CA 5-15 WEST 125TH LLC'S JOINT OBJECTION TO DEBTORS' (1) MOTION REGARDING CONDUCT OF STORE CLOSING SALES, (2) MOTION FOR ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES AND ABANDONMENT OF PERSONAL PROPERTY, AND (3) MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING PROCEDURES <u>TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Landlords 36 Monmouth Plaza LLC and CA 5-15 West 125th LLC (the "Landlords") hereby object to the above-captioned debtors' ("Debtors"): (1) the Motion (Dkt. No. 28) ("Store Closing Motion"); (2) the Motion for an Order Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of Any Personal Property, Effective as of the Rejection Date, and Granting Other Related Relief (Dkt. No. 79) (the "Rejection Motion"); and (3) the Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief (Dkt. No. 80) ("Procedures Motion").

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), Debtors filed with this Court their voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Each of the Landlords is a counterparty to Debtor Bed Bath & Beyond, Inc. in its unexpired lease agreement for the leasing of commercial real property. Specifically, 36 Monmouth Plaza LLC is the landlord for premises located at 92 Route 36, Eatontown, New Jersey, and CA 5-15 West 125th LLC is the landlord for premises located at 5-15 West 125th Street and 16-18 West 126th Street, New York, New York.

3. From a review of the leases scheduled in exhibits to the Store Closing Motion and Rejection Motion, neither of the Landlords' leases are listed in the Rejection Motion, but the store associated with the lease of 36 Monmouth Plaza LLC is identified in the Store Closing Motion (on Exhibit A-3) as a store that may be designated for closure at a future date and, thus, is purported to be subject to the Store Closing Motion.

## OBJECTIONS

4. Out of an abundance of caution, the Landlords hereby object to the Store Closing Motion, Rejection Motion, and Procedures Motion in several respects.

5. With respect to the Rejection Motion and the Procedures Motion, the Landlords object to Debtors' proposition that rejection of Debtors' leases should be applied retroactively, especially with respect to leases for which no decision as to rejection has been presented to the Court and for which landlords, including the Landlords, await Debtors' unilateral determination whether to assume or reject a particular lease. Although it is true that some courts have permitted a debtor's rejection of a lease to be applied retroactively to a date that has already passed, *see, e.g., In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004), such a determination turns on a balancing of the equities. Here, as Debtors themselves argue, one of the primary considerations is

2

whether a counterparty to a lease had notice of the intent that such lease would be rejected and had the ability to take steps to mitigate the prejudice from a retroactive rejection date. *See, e.g.*, *id.* (rejecting request to set rejection date as petition date given failure to surrender premises); *TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-533, 2004 U.S. Dist. LEXIS 671, at *5-6 (D. Del. Jan. 14, 2004) (affirming denial of retroactive rejection because debtor, as moving party, failed to carry burden, including timely and proper surrender of possession of premises). Furthermore, it is not appropriate for the Court to decide without a fact-specific inquiry that applying a retroactive rejection date is warranted under whatever circumstances the parties find themselves at the time Debtors seek such relief, and as such, the Court should reject Debtors' implicit invitation in the Procedures Order (at ¶ 26) that the Court prospectively bless retroactive rejection dates.

6. A corollary to the foregoing point is that postpetition rent, including stub rent for the postpetition portion of the month in which the petitions were filed, should be paid in full, including as administrative expenses, especially as to those leases for which Debtors have not yet made or revealed their decision regarding assumption or rejection. *See* 11 U.S.C. § 365(d)(3); *In re Goody's Family Clothing, Inc.*, 610 F.3d 812 (3d Cir. 2010). In other words, Debtors should not be entitled to delay their decision on assumption or rejection and then seek retroactive rejection of such lease to avoid the consequences of their indecisiveness. To hold to the contrary would inequitably place risk upon the landlord in question and create the possibility for mischief.

7. The Landlords further object to Debtors' Rejection Motion and also the Procedures Motion to the extent Debtors assert that they have an unfettered right to abandon personal property without consequence and without regard to any prejudice suffered by the party then stuck with disposing of such abandoned property at its own expense. Debtors may abandon certain property,

but landlords are not without recourse and may seek to recover from Debtors the costs associated with the disposal of such personal property.

8. Finally, with respect to the Store Closing Motion, the Landlords join the objection filed by CMR Limited Partnership (Dkt. No. 278) and request that the Court condition its approval of the Store Closing Motion upon Debtors and their consultants' compliance with applicable lease provisions as they conduct the closure of any store.

## JOINDER IN OBJECTIONS AND RESERVATION OF RIGHTS

9. Unless inconsistent with the objections set forth herein, the Landlords join in the objections of other landlords to the Rejection Motion and Procedures Motion. The Landlords reserve all rights to make further objections in the future based upon any facts or arguments prior to the hearing on these issues.

Dated: May 9, 2023
      New York, New York

SEYFARTH SHAW LLP

By: /s/ James S. Yu
    James S. Yu
    SEYFARTH SHAW LLP
    620 8th Avenue
    New York, NY 10018
    Telephone: (212) 218-5524
    Facsimile: (917) 344-1339
    Email: jyu@seyfarth.com

*Attorneys for 36 Monmouth Plaza LLC and CA 5-15 West 125th LLC*

94819246v.1