**IRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM,**

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

## (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Bar Date Motion") will be held on **May 31, 2023 at 10:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Judge Vincent F. Papalia, United States Bankruptcy Judge, in Courtroom 3B of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, New Jersey 07102.

**PLEASE TAKE FURTHER NOTICE** that the Bar Date Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Bar Date Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that Objections, if any, to the relief requested in the Bar Date Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in

accordance with the General Order and the Supplemental Commentary, so as to be received on or before **May 24, 2023 at 5:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Bar Date Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Bar Date Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration LLC at https://restructuring.ra.kroll.com/bbby.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: May 10, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER**
**(I) SETTING BAR DATES FOR SUBMITTING**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR**
**PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING**
**AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR**
**DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

**THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):[2]

### Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"), approving the following relief:

   a.    setting Bar Dates (as defined herein) for creditors to submit Proofs of Claim (as defined herein), as summarized in the table below;

   b.    approving the procedures described herein for submitting Proofs of Claim and the forms of the Proof of Claim attached as Exhibit 1 to the Bar Date Order;

   c.    approving the form and manner of service of the notice of the Bar Dates, substantially in the form attached as Exhibit 2 to the Order (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached as Exhibit 3 to the Bar Date Order, allowing for publication notice as described in this Motion; and

   d.    granting related relief.

| BAR DATES | |
|---|---|
| **General Claims Bar Date** | Establishing **June 30, 2023, at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each entity[3] to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against any Debtor (the "General Claims Bar Date"). |

---

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration"). A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

[3]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the

| Governmental Bar Date | Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), establishing **October 20, 2023, at 5:00 p.m, prevailing Eastern Time**, as the last date and time for each such governmental unit to file Proofs of Claim asserting Claims ("Government Claims") against any Debtor that arose on or before the Petition Date (the "Governmental Bar Date"). |
|---|---|
| Amended Schedules Bar Date | In the event that the Debtors amend their Schedules (as defined herein), **establishing the later of (a) (i) the General Claims Bar Date or (ii) the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules, as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claim against any Debtor** (such later date, the "Amended Schedules Bar Date") |
| Rejection Damages Bar Date | Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, **establishing the later of (i) the General Claims Bar Date or (ii) the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** as the last date and time by which claimants holding claims based upon such rejection must file Proofs of Claim against any Debtor, **unless otherwise ordered by the Court** (such later date, the "Rejection Damages Bar Date") |
| Administrative Claims Bar Date | Establishing the following dates and times as the last date and time for each entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim based on any claim arising from costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2) of the Bankruptcy Code ("Administrative Claim") against any Debtor (the "Administrative Claims Bar Date," and, together with the General Claims Bar Date, the Governmental Bar Date, the Amended Schedules Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates"): <br><br> For any Administrative Claims **arising on or prior to June 20, 2023, establishing June 30, 2023, at 5:00 p.m., prevailing Eastern Time** as the last date and time by which claimants holding such Administrative Claims must file Proofs of Claim <br><br> For any Administrative Claims **arising after June 20, 2023, such Claims must be filed by the earlier of: (a) the 15th day of the month following the month in which the claim arose[4] and (b) 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' Chapter 11 Cases.** |

meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]   For example, a claim arising in the month of July must be filed by August 15, 2023.

| | Any party that fails to comply with these deadlines shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Debtors (or filing a Proof of Claim with respect thereto). |
|---|---|

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 501, 502, 503, 1111(a), and 1141 of title 11 of the United States Code, 11 U.S.C.  §§ 101-1532 (the "Bankruptcy Code"), rules 2002, 3003, and 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3003-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5.      The Debtors are the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more.  In addition to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond stores and their buybuy BABY stores with locations across North America.  Headquartered in Union, New Jersey, Bed Bath & Beyond Inc. is a publicly traded company that currently employs approximately 14,000 non-seasonal employees.

6.      The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these cases, the Debtors will immediately commence an orderly and value-maximizing wind down of their business, while marketing a sale of all or part of their business on a timeline consented to by their prepetition and DIP lenders.

7.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2023, the Court entered an order [Docket No. 75] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On May 5, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 218].

**The Proposed Bar Dates**

8.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim. The Debtors intend to file their Schedules by May 30, 2023.

9.      The Debtors propose to allow creditors other than governmental units until **5:00 p.m., prevailing Eastern Time on June 30, 2023**, and governmental units until **October 20, 2023, at 5:00 p.m., prevailing Eastern Time**, to file Proofs of Claim.  Accordingly, the Debtors anticipate that their Schedules will be on file at least thirty-one (31) days before the Debtors' proposed General Claims Bar Date and at least one-hundred forty-three (143) days before the Governmental Bar Date.  The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**I.      General Claims Bar Date.**

10.      The Debtors request that the Court establish **5:00 p.m., prevailing Eastern Time on June 30, 2023** as the General Claims Bar Date.  The General Claims Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are actually received by Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent") as of the General Claims Bar Date, unless such entity's claim falls within one of the exceptions set forth in this Motion.  Subject to these exceptions, the General Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these Chapter 11 Cases.

**II.      Governmental Bar Date.**

11.      Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ." 11 U.S.C. § 502(b)(9). The Debtors request that the Court establish **5:00 p.m., prevailing Eastern Time on October 20,**

**2023** as the Governmental Bar Date for all Governmental Claims. The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Notice and Claims Agent by the Governmental Bar Date.

### III.    Amended Schedules Bar Date.

12.    In the event that the Debtors amend their Schedules after May 30, 2023 in accordance with Bankruptcy Local Rule 1009-1, the Debtors request that the Court establish the Amended Schedules Bar Date as the deadline by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by the Notice and Claims Agent as of the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Eastern Time on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules.   In such instances, the Debtors will provide such parties with notice, in a form substantially similar to the Bar Date Notice, that will clearly set forth the Amended Schedules Bar Date by which such parties must submit a Proof of Claim with respect to such Claims so that such Proofs of Claim are actually received by the Notice and Claims Agent by the later of (a) the applicable Bar Date and (b) **5:00 p.m., prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity.

## IV.      Rejection Damages Bar Date.

13.      The Debtors also seek to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, **5:00 p.m., prevailing Eastern Time, on the date that is thirty calendar days** from the date of entry of such order, unless otherwise ordered by the Court, (the "Rejection Damages Bar Date").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## V.      Administrative Claims Bar Date.

14.      For any holders of Claims for costs and expenses of administration of the estates pursuant to 503(b), other than claims arising pursuant to section 503(b)(9), or 507(a)(2), the Debtors seek to establish (a) **5:00 p.m., prevailing Eastern Time on June 30, 2023** as the last date and time for Claims incurred through June 20, 2023 to file a proof of such Administrative Claim, (b) for all Claims arising after June 20, 2023, the 15th day of the month following the month in which the Claim arose as the last date and time to file a proof of such Administrative Claim, and (c) fourteen days following the effective date of any confirmed plan as the last date and time to file a proof of such Administrative Claim (the "Administrative Claims Bar Date," and together with the General Claims Bar Date, Governmental Bar Date, Amended Schedules Bar Date, and Rejection Damages Bar Date, the "Bar Dates"). [5]

---

[5]    The Administrative Claims Bar Date includes Claims for:  (a) the actual and necessary costs and expenses of preserving the Debtors' estates; (b) reasonable and documented fees and expenses for services rendered by a professional related in any way to any purchase, sale, plan, disclosure statement, or confirmation event; and

## The Proposed Procedures for Submitting Proofs of Claim

**I.     Proposed Filing Procedures**

**A.     Parties and Forms.**

15.     All holders of Claims shall file Proofs of Claim, using the Proof of Claim Form, by the General Claims Bar Date, **except** as set forth below:

a.     All governmental units shall file Proofs of Claim by the Governmental Bar Date.

b.     All holders of Rejection Claims shall file Proofs of Claim by the Rejection Damages Bar Date.

c.     All holders of Claims affected by an amendment to the Schedules shall file Proofs of Claim by the Amended Schedules Bar Date.

d.     All holders of Administrative Claims shall file Proofs of Claim by the Administrative Claims Bar Date.

16.     In addition to the exceptions listed in the paragraph above, the Debtors propose that entities holding the following Claims be **exempt** from any requirement to file a Proof of Claim on account of the below claims before any Bar Date:

a.     any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b.     any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is **not** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.     any Claim that has previously been allowed by order of this Court;

d.     any Claim that has already been paid in full by any of the Debtors;

---

(c) adequate protection claims; provided, *however*, that the Administrative Claims Bar Date does *not* apply to Professional Compensation Claims (as defined in paragraph 16).

e.      any Claim for which a different deadline has previously been fixed by this Court;

f.      any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Bed Bath & Beyond Inc.;

g.      any Claim based on an equity interest in the Debtors;

h.      any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.      any Professional Compensation Claim[6];

j.      any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the Prepetition Secured Parties and DIP Secured Parties (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 76] and any amended or final order entered by the Court in respect thereof; and

l.      any Claim held by any person or entity solely against a non-Debtor entity.

---

[6]   "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

17.   The Debtors prepared and seek approval of the form of Proof of Claim attached as

Exhibit 1 to the Bar Date Order (the "Proof of Claim Form"), which, although based on Official

Form 410, is modified to allow creditors to request payment for (a) claims under section 503(b)(9)

of the Bankruptcy Code, and (b) Administrative Claims.

## II.   Proposed Preparation and Filing Instructions.

18.   The Debtors request that the Court require all Proofs of Claim submitted in these

Chapter 11 Cases be consistent with the following:

a.   ***Contents***.   Each Proof of Claim must:   (i) be written in English; (ii) denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website at https://restructuring.ra.kroll.com/bbby by the claimant or by an authorized agent or legal representative of the claimant;

b.   ***Section 503(b)(9) Claim***.   In addition to the requirements set forth in the above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c.   ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d.   ***Identification of the Debtor Entity***.   Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Forms.   A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc.   A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having

been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e.   ***Claim Against Multiple Debtor Entities***.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of a Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f.   ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**III.   Consequences of Failing to Timely Submit a Proof of Claim.**

19.    In accordance with Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim—including any such Claim asserting administrative expense status under section 503(b)(9) of the Bankruptcy Code—against the Debtors (or submitting a Proof of Claim with respect to that Claim), and the Debtors and their property, will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim. Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such

Claim.  Such person or entity shall not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases.

## **The Bar Date Notice**

20.     Among other things, the Bar Date Notice:  (a) identifies the Bar Dates; (b) includes detailed procedures for submitting a timely and accurate Proof of Claim; (c) lists the parties who are not required to submit a Proof of Claim; (d) describes the consequences of failing to submit a Proof of Claim in accordance with the Bar Date Order; and (e) provides creditors with the name and telephone number of the Notice and Claims Agent, where questions may be addressed and from whom additional information may be obtained.

21.     With the assistance of the Notice and Claims Agent, by no later than two (2) business days after entry of the Bar Date Order (commencing twenty-eight (28) days in advance of the General Claims Bar Date), the Debtors will serve the Bar Date Notice and a Proof of Claim Form by email from the Notice and Claims Agent as applicable and/or first-class mail in accordance with the *Order(I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 98] (as amended, supplemented, or modified by order of the Court, the "Case Management Procedures") on:

    a.    the Master Service List (as defined in the Case Management Procedures);

    b.    all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

    c.    all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

    d.    all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

    e.    all entities who are party to executory contracts and unexpired leases with the Debtors;

f.     all entities who are party to litigation with the Debtors;

g.     all current and certain former employees (to the extent that contact information for former employees is available in the Debtors' records);

h.     all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i.     all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

22.     The Debtors also intend to provide notice of the Bar Dates by publication to help ensure that all potential claimants receive adequate notice of the Bar Dates.  Specifically, the Debtors propose to publish the Bar Date Notice, modified for publication substantially in the form attached as <u>Exhibit 3</u> to the Bar Date Order, on one occasion in *The New York Times* (National Edition), and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

23.     Further, the Debtors shall post the Proof of Claim Forms and the Bar Date Notice on the Debtors' case website established by the Notice and Claims Agent at https://restructuring.ra.kroll.com/bbby.

**<u>Basis for Relief</u>**

**I.     Authority to Approve the Bar Dates and the Procedures for Filing Proofs of Claim.**

24.     Generally, claimants must submit a Proof of Claim to assert a Claim in a bankruptcy proceeding.  *See* 11 U.S.C. § 501(a).  Bankruptcy Rule 3003(c)(3) typically governs the submission of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  General claims bar dates are integral to the twin goals of chapter 11—preserving going-concerns and maximizing creditor recovery value.  *See In re Waterman S.S. Corp.*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986).  Indeed, prolonged uncertainty regarding the aggregate

liabilities of the bankruptcy estate could delay or derail the development of a sound restructuring plan process to the detriment of creditors and parties in interest. *Id.* ("Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion.").

25.    Local Rule 3003-1 provides that:  (i) a "creditor (other than a governmental unit) or equity security holder subject to Bankruptcy Rule 3003(c)(2) must file a proof of Claim . . . not later than 70 days after the date of the order for relief;" (ii) that a "governmental unit subject to Bankruptcy Rule 3003(c)(2) must file a proof of claim not later than 180 days after the date of the order for relief;" and (iii) that a "proof of claim arising from the rejection of an executory contract or unexpired lease must be filed by the later of (1) 30 days after rejection; or (2) 70 days after the date of the order for relief." *See* Local Rule 3003-1.

26.    The Court has authority to establish an Administrative Claims Bar Date, pursuant to "[s]ection 503[, which] gives bankruptcy courts discretion to set and enforce bar dates by which creditors must file administrative expense claims." *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 238 (3d Cir. 2021);  *see also* 11 U.S.C. § 503(a); 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

27.    Recognizing the importance of setting deadlines for submitting claims against a debtor, courts in this and other jurisdictions routinely approve relief similar to that requested in this Motion. *See, e.g.*, *In re BlockFi INC.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 30, 2023); *In re Alliant Techs. L.L.C.*, No. 21-19748 (JKS) (Bankr. D.N.J. Apr. 6, 2022); *In re L'Occitane,*

*Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J. Mar. 31, 2021); *In re Congoleum Corp.*, No. 20-18488

(MBK) (Bankr. D.N.J. Aug. 13, 2020).[7]

28.    To ensure that the Debtors are able to confirm and consummate a chapter 11 plan,

the Debtors will require accurate information regarding the nature, validity, amount, and status of

all Claims that will be asserted against their estates in these Chapter 11 Cases.  Given the sheer

number of potential claimants in these Chapter 11 Cases, it is important that the Debtors begin the

Claims analysis and reconciliation process as soon as possible pursuant to clear procedures

designed to both limit confusion on the part of creditors and facilitate an efficient process that

conserves estate resources.  Fixing the Bar Dates as set forth herein will help the Debtors

accomplish the foregoing objectives.

29.    Given the facts and circumstances surrounding these cases, enforcing an

Administrative Claims Bar Date and procedures related thereto as proposed by the Debtors is

appropriate for the same reasons that prepetition claims bar date is appropriate.  These procedures

will facilitate the Debtors' orderly and systematic payment of administrative claimants in

accordance with any chapter 11 plan and without the chaos of individual claimants seeking

payment of Administrative Claims on a one-off basis.  The procedures described herein provide

creditors with sufficient notice and opportunity and a clear process for filing Proofs of

Administrative Claims and achieve administrative and judicial efficiency.  Indeed, the proposed

procedures will provide comprehensive notice and clear instructions to creditors, on the one hand,

and allow the conclusion of Debtors' Chapter 11 Cases to move forward while minimizing

administrative expense and delay, on the other hand.

---

[7]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request.

30.     The Debtors submit that the adjustments to the Proof of Claim Forms set forth
herein are justified and warranted under the circumstances present here.  Courts in this and other
jurisdictions regularly adjust a proof of claim form with respect to fixing bar dates for submitting
Claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re BlockFi INC.*, No. 22-
19361 (MBK) (Bankr. D.N.J. Jan. 30, 2023); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr.
D.N.J. Mar. 31, 2021); *In re Congoleum Corp.*, No. 20-18488 (MBK) (Bankr. D.N.J. Aug. 13,
2020); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3,
2022); *In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Feb. 3. 2022);
*In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021).

31.     The Bar Dates herein comply with the Bankruptcy Code, Bankruptcy Rules, and
Local Rules, are appropriate, and should be approved.  The Debtors anticipate that their Schedules
will be on file at least thirty-one (31) days before the General Claims Bar Date and at least one-
hundred forty-three (143) days before the Governmental Bar Date.  Further, the proposed timeline
provides that the Rejection Damages Bar Date is the later of (a) the General Claims Bar Date or
the Governmental Bar Date, as applicable, and (b) any date the Court may fix in the applicable
order authorizing such rejection and, if no such date is provided, thirty calendar days from the date
of entry of such order, unless otherwise ordered by the Court.  Accordingly, the Debtors request
that the Court establish the Bar Dates set forth herein.

**II.     The Procedures for Submitting Proofs of Claim Should Be Approved.**

32.     The Debtors have worked to design procedures that:  (a) provide creditors with
ample notice and opportunity to submit Proofs of Claim; (b) provide a clear process for effecting
the same; and (c) achieve administrative and judicial efficiency.  Indeed, the procedures described
above are calibrated to achieve the twin goals of providing comprehensive notice and clear

instructions to creditors, on the one hand, and allowing these Chapter 11 Cases to move forward

quickly with a minimum of administrative expense and delay, on the other hand.

33.     Among other things, the procedures provide clear instructions for submitting

Proofs of Claim that are calculated to avoid confusion or uncertainty among creditors that might

lead them to submit unnecessary protective Proofs of Claim or multiple Proofs of Claim, which,

in either event, would result in unnecessary expense and delay in the Claims reconciliation process

for all parties affected thereby.

34.     The Debtors propose that claimants be permitted to submit Proofs of Claim in

person, by hand delivery, or via mail.  Although Proofs of Claim submitted by fax or email will

not be accepted, the Debtors propose that Proofs of Claim be permitted to be submitted

electronically using the interface available on the Notice and Claims Agent's website at

https://restructuring.ra.kroll.com/bbby.  A similar electronic interface has been utilized in other

large bankruptcy cases.  *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW)

(Bankr. S.D.N.Y. Aug. 3, 2022) (approving procedures for submission of proofs of claim through

electronic interface); *In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y.

Feb. 3. 2022) (same); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27,

2021) (same); *In re Greensill Cap. Inc.*, No. 21-10561 (MEW) (Bankr. S.D.N.Y. Apr. 26, 2021)

(same); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2020) (same).[8]

These procedures will facilitate the Claims process by establishing protocols for noticing and

publishing the Bar Dates and providing claimants with clear instructions regarding the procedures

---

[8]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request.

and other requirements for submitting a Proof of Claim.  Accordingly, these procedures should be approved.

### III.    The Proposed Notice and Service Satisfy Due Process Requirements.

35.    Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one days' notice by mail of the time fixed for submitting proofs of claim pursuant to Bankruptcy Rule 3003(c).  In addition, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

36.    The Debtors propose to serve the Bar Date Notice to their known creditors and must rely on publication to give notice to their unknown creditors.

37.    To determine the adequacy of notice to a creditor, case law distinguishes between "known" and "unknown" creditors.  Generally speaking, the former is a creditor whose identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose interests are conjectural or future or, although potentially discoverable upon investigation, do not come to the knowledge of the debtor in the ordinary course of business.  *See Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (holding that publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed).

38.    Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim.  *See, e.g.*, *In re Enron Corp.*, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive

notice is generally sufficient with an unknown creditor."); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, 2003 WL 21355214, at *3 (S.D.N.Y. June 11, 2003) (same); *Pope*, 485 U.S. at 491 (holding that where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice").

39.     Where a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. *See, e.g.*, *In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (finding that if a creditor is unknown constructive notice is generally sufficient); *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is 'unknown' to the debtor, publication notice of the Claims bar date is adequate constructive notice sufficient to satisfy due process requirements . . . ."); *In re U.S.H. Corp. of New York*, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998) (same).  Furthermore, debtors are not required to publish notice in an excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

40.     The Debtors propose that the Bar Date Notice be served by email and/or first class mail, as applicable, within two (2) business days of entry of the Bar Date Order.  This will provide for at least twenty-eight (28) days' notice of the General Claims Bar Date.

41.     After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[9] (b) notices served by

---

[9]     If notices are returned as "return to sender" without a forwarding address, the Debtors request that they should not be required to mail additional notices to such creditors.

email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity interest holders) decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants become known to the Debtors. In these and similar circumstances, the Debtors request that the Court permit them to make supplemental mailings of the Bar Date Notices and Proof of Claim Forms at any time up to fourteen days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors.

42.     To provide creditors unknown to the Debtors with constructive notice of the Bar Dates herein, the Debtors propose to publish the Bar Date Notice, modified as necessary, in *The New York Times* (National Edition), and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

43.     In light of the foregoing, service and publication of the Bar Date Notice is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules. Accordingly, the Debtors request that the Court deem the form of Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates set forth herein.

## **Waiver of Memorandum of Law**

44.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **Reservation of Rights**

45.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **No Prior Request**

42.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## **Notice**

43.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) the agents under the

Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto;

(e) Davis Polk & Wardwell LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the

Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the

United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service;

(i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the

Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel

thereto; (l) the Debtors' Canadian Counsel; and (m) any party that has requested notice pursuant

to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested,

no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: May 10, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:        msirota@coleschotz.com
                 wusatine@coleschotz.com
                 fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:        josuha.sussberg@kirkland.com
                 emily.geier@kirkland.com
                 derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS**
**OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9),**
**(II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES**
**BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING**
**THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM,**
**(IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through and including fifteen (15), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these Chapter 11 Cases, (b) approving the procedures described herein for submitting Proofs of Claim in these Chapter 11 Cases and the form of Proof of Claim attached hereto as **Exhibit 1**, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached hereto as **Exhibit 3**, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on the basis as set forth herein.

2. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is *actually received* by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") before **5:00 p.m. prevailing Eastern Time on June 30, 2023** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3. Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be *actually received* by the

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

Notice and Claims Agent before **5:00 p.m. prevailing Eastern Time on October 20, 2023** (the "Governmental Bar Date").

4. Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the applicable Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order, unless otherwise ordered by the Court (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

5. In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such person or entity (any such date, a "Amended Schedules Bar Date").

6. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert an Administrative Expense Claim pursuant to 503(b), other than claims arising pursuant to section

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

503(b)(9), or 507(a)(2), shall submit a written proof of such Claim so that it is ***actually received*** by the Notice and Claims Agent before **5:00 p.m. prevailing Eastern Time** (a) **on June 30, 2023** for claims incurred through June 20, 2023, (b) for all claims arising after June 20, 2023, on the 15th day of the month following the month in which the claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"), in accordance with this Bar Date Order.

7.      In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim.

8.      The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these Chapter 11 Cases shall apply:

  a.   Each Proof of Claim must: (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website at https://restructuring.ra.kroll.com/bbby by the claimant or by an authorized agent or legal representative of the claimant;

  b.   In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to an received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d.  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not

(Page | 8)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

9.      Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a.  any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b.  any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.  any Claim that has previously been allowed by order of this Court;

d.  any Claim that has already been paid in full by any of the Debtors;

e.  any Claim for which a different deadline has previously been fixed by this Court;

f.  any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Bed Bath & Beyond Inc.;

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

g.   any Claim based on an equity interest in the Debtors;

h.   any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.   any Professional Compensation Claim[2];

j.   any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.   any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the Prepetition Secured Parties and DIP Secured Parties (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 76] (the "Interim DIP Order") and any amended or final order entered by the Court in respect thereof (the "Final DIP Order"); and

---

[2]   "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

   l. any Claim held by any person or entity solely against a non-Debtor entity.

10. Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11. The Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, and the Proof of Claim Form, substantially in the forms attached to this Order as **Exhibit 1**, are hereby approved.

12. The Debtors shall cause the Bar Date Notice and the Proof of Claim Forms to be served within two business days of entry of this Bar Date Order by email and/or first-class mail, as applicable, in accordance with the Case Management Procedures on:

   a. the Master Service List (as defined in the Case Management Procedures);

   b. all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

   c. all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

   d. all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

   e. all entities who are party to executory contracts and unexpired leases with the Debtors;

   f. all entities who are party to litigation with the Debtors;

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

g.  all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h.  all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i.  all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

13.  After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[3] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors.  In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to fourteen days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

---

[3]  To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

14.     Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as **Exhibit 3** to the Order, on one occasion in *The New York Times* (National Edition), and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

15.     For the avoidance of doubt, the Notice and Claims Agent is authorized to redact certain personally identifiable information from the claims register for each Debtor, in accordance with the *Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief* [Docket No 103] and any final order related thereto.

16.     Each of the Prepetition Administrative Agent and the Prepetition FILO Agent (as defined in the Interim DIP Order) is authorized, but not directed or required, to file in the Debtors' lead chapter 11 case, *In re Bed Bath & Beyond Inc.*, Case No. 23-13359, a single master proof of claim (each a "Master Proof of Claim") on behalf of its respective Prepetition Secured Parties (as defined in the Interim DIP Order) on account of any and all of their respective claims arising under the applicable Prepetition Credit Documents, in the Interim DIP Order, and in the Final DIP Order against each of the Debtors.  Upon the filing of a Master Proof of Claim by either Prepetition Agent, as applicable, it shall be deemed to have filed a proof of claim in the amount set forth

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

opposite its name therein in respect of its claims against each of the Debtors of any type or nature whatsoever with respect to the applicable Prepetition Credit Documents, and the claim of each applicable Prepetition Secured Party (and each of its respective successors and assigns), named in a Master Proof of Claim shall be treated as if it had filed a separate proof of claim in each of these Chapter 11 Cases. The Master Proofs of Claim shall not be required to identify whether any Prepetition Secured Party acquired its claim from another party and the identity of any such party or to be amended to reflect a change in the holders of the claims set forth therein or a reallocation among the holders of the claims asserted therein resulting from the transfer of all or any portion of such claims.  The provisions of this paragraph 16 and each Master Proof of Claim are intended solely for the purpose of administrative convenience and shall not affect the right of each Prepetition Secured Party (or its successors in interest) to vote separately on any plan proposed in these Chapter 11 Cases. The Master Proofs of Claim shall not be required to attach any instruments, agreements or other documents evidencing the obligations owing by each of the Debtors to the applicable Prepetition Secured Parties, which instruments, agreements or other documents will be provided upon written request to counsel to each Prepetition Administrative Agent and the Prepetition FILO Agent, as applicable.

17.     Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the

(Page | 14)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

18.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

19.     Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

20.     The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

21.     Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

22.     Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the

(Page | 15)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     Notwithstanding anything to the contrary in the Motion, this Bar Date Order, or any findings announced at the hearing, nothing in the Motion, this Bar Date Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

25.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

## **Exhibit 1**

**Proof of Claim Form**

**United States Bankruptcy Court, District of New Jersey (Newark)**

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:  Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor  _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom?  _____ |

| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | Contact phone  _____<br>Contact email  _____ | Contact phone  _____<br>Contact email  _____ |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____      Filed on  ____ / ____ / _____<br>MM / DD  / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing?  _____ |

## Part 2:  Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____ ____ ____ ____ |
| 7. **How much is the claim?** | $_____. Does this amount include interest or other charges?<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information. |

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                       $_____

**Amount of the claim that is secured:**       $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

|  | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |
|---|---|---|

| 14. **Is all or part of the claim being asserted as an administrative expense claim?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred:** | |
|---|---|---|
| | ☐ **On or prior to June 20, 2023:** | $ _____ |
| | ☐ **After June 20, 2023:** | $ _____ |
| | **Total Administrative Expense Claim Amount:** | $ _____ |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A) (2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                           MM  /  DD  /  YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name               Middle name                    Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City                                              State        ZIP Code |
| Contact phone | _____     Email _____ |

**Proof of Claim**                                                                                 page 3

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                        12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/BBBY.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:

Bed Bath & Beyond Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163

If by overnight courier or hand delivery:

Bed Bath & Beyond Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

## **Exhibit 2**

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# NOTICE OF DEADLINE
## REQUIRING SUBMISSION OF PROOFS
## OF CLAIM ON OR BEFORE JUNE 30, 2023,
## AND RELATED PROCEDURES FOR SUBMITTING PROOFS
## OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO:    **ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. prevailing Eastern Time on June 30, 2023** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of Claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **April 23, 2023** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including** parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code **(each, a "503(b)(9) Claim")**.[4]  In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on October 20, 2023** (the date that is the one-hundred and eighty-three days after the Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

### Debtors in these chapter 11 cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond Inc. | 0488 | 23-13359 |
| Alamo Bed Bath & Beyond Inc. | 0408 | 23-13360 |
| BBB Canada LP Inc. | 7777 | 23-13361 |
| BBB Value Services Inc. | 5809 | 23-13362 |
| BBBY Management Corporation | 9534 | 23-13363 |
| BBBYCF LLC | 5533 | 23-13364 |
| BBBYTF LLC | 6838 | 23-13365 |
| Bed Bath & Beyond of Annapolis, Inc. | 8488 | 23-13366 |

---

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]    Defined collectively as the Rejection Damages Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), the Governmental Bar Date, and the Administrative Claims Bar Date (further defined herein).

[4]    "503(b)(9) Claims" are Claims for the value of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond of Arundel Inc. | 2626 | 23-13367 |
| Bed Bath & Beyond of Baton Rouge Inc. | 4076 | 23-13368 |
| Bed Bath & Beyond of Birmingham Inc. | 0327 | 23-13369 |
| Bed Bath & Beyond of Bridgewater Inc. | 5533 | 23-13370 |
| Bed Bath & Beyond of California Limited Liability Company | 2362 | 23-13371 |
| Bed Bath & Beyond of Davenport Inc. | 4074 | 23-13372 |
| Bed Bath & Beyond of East Hanover Inc. | 1176 | 23-13373 |
| Bed Bath & Beyond of Edgewater Inc. | 3618 | 23-13374 |
| Bed Bath & Beyond of Falls Church, Inc. | 2908 | 23-13375 |
| Bed Bath & Beyond of Fashion Center, Inc. | 7852 | 23-13376 |
| Bed Bath & Beyond of Frederick, Inc. | 0889 | 23-13377 |
| Bed Bath & Beyond of Gaithersburg Inc. | 6406 | 23-13378 |
| Bed Bath & Beyond of Gallery Place L.L.C. | 8791 | 23-13379 |
| Bed Bath & Beyond of Knoxville Inc. | 0403 | 23-13380 |
| Bed Bath & Beyond of Lexington Inc. | 0888 | 23-13381 |
| Bed Bath & Beyond of Lincoln Park Inc. | 8893 | 23-13382 |
| Bed Bath & Beyond of Louisville Inc. | 2624 | 23-13383 |
| Bed Bath & Beyond of Mandeville Inc. | 5531 | 23-13384 |
| Bed Bath & Beyond of Opry Inc. | 0264 | 23-13385 |
| Bed Bath & Beyond of Overland Park Inc. | 6404 | 23-13386 |
| Bed Bath & Beyond of Palm Desert Inc. | 0152 | 23-13387 |
| Bed Bath & Beyond of Paradise Valley Inc. | 6576 | 23-13388 |
| Bed Bath & Beyond of Pittsford Inc. | 6881 | 23-13389 |
| Bed Bath & Beyond of Portland Inc. | 8153 | 23-13390 |
| Bed Bath & Beyond of Rockford Inc. | 1065 | 23-13391 |
| Bed Bath & Beyond of Towson Inc. | 1854 | 23-13392 |
| Bed Bath & Beyond of Virginia Beach Inc. | 2326 | 23-13393 |
| Bed Bath & Beyond of Waldorf Inc. | 0890 | 23-13394 |
| Bed Bath & Beyond of Woodbridge Inc. | 1179 | 23-13395 |
| bed 'n bath Stores Inc. | 2034 | 23-13396 |
| Bed, Bath & Beyond of Manhattan, Inc. | 2956 | 23-13397 |
| Buy Buy Baby of Rockville, Inc. | 6272 | 23-13398 |
| Buy Buy Baby of Totowa, Inc. | 8098 | 23-13399 |
| Buy Buy Baby, Inc. | 2010 | 23-13400 |
| BWAO LLC | 1562 | 23-13401 |
| Chef C Holdings LLC | 6069 | 23-13402 |
| Decorist, LLC | 4917 | 23-13403 |
| Deerbrook Bed Bath & Beyond Inc. | 0895 | 23-13404 |
| Harmon of Brentwood, Inc. | 4214 | 23-13405 |
| Harmon of Caldwell, Inc. | 1648 | 23-13406 |
| Harmon of Carlstadt, Inc. | 9065 | 23-13407 |
| Harmon of Franklin, Inc. | 9738 | 23-13408 |
| Harmon of Greenbrook II, Inc. | 9743 | 23-13409 |
| Harmon of Hackensack, Inc. | 4535 | 23-13410 |
| Harmon of Hanover, Inc. | 5485 | 23-13411 |
| Harmon of Hartsdale, Inc. | 2588 | 23-13412 |
| Harmon of Manalapan, Inc. | 7942 | 23-13413 |
| Harmon of Massapequa, Inc. | 9949 | 23-13414 |
| Harmon of Melville, Inc. | 5648 | 23-13415 |
| Harmon of New Rochelle, Inc. | 4673 | 23-13416 |
| Harmon of Newton, Inc. | 9775 | 23-13417 |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Harmon of Old Bridge, Inc. | 2762 | 23-13418 |
| Harmon of Plainview, Inc. | 4515 | 23-13419 |
| Harmon of Raritan, Inc. | 5646 | 23-13420 |
| Harmon of Rockaway, Inc. | 2765 | 23-13421 |
| Harmon of Shrewsbury, Inc. | 8849 | 23-13422 |
| Harmon of Totowa, Inc. | 4269 | 23-13423 |
| Harmon of Wayne, Inc. | 4316 | 23-13424 |
| Harmon of Westfield, Inc. | 2851 | 23-13425 |
| Harmon of Yonkers, Inc. | 0371 | 23-13426 |
| Harmon Stores, Inc. | 6555 | 23-13427 |
| Liberty Procurement Co. Inc. | 9383 | 23-13428 |
| Of a Kind, Inc. | 6492 | 23-13429 |
| One Kings Lane LLC | 4759 | 23-13430 |
| San Antonio Bed Bath & Beyond Inc. | 4701 | 23-13431 |
| Springfield Buy Buy Baby, Inc. | 8387 | 23-13432 |

## Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What To Submit

The Debtors are enclosing a Proof of Claim form for use in the cases; if your Claim is scheduled by the Debtors, the form indicates the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim Form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the Debtors' notice and claims agent, Kroll Restructuring Administration LLC (the "Notice and Claims Agent"), by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/bbby.

The following procedures for the submission of Proofs of Claim against the Debtors in these Chapter 11 Cases shall apply:

a. ***Contents***. Each Proof of Claim must: (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby by the claimant or by an authorized agent or legal representative of the claimant;

b. ***Section 503(b)(9) Claim***. In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c. ***Receipt of Service***. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. ***Identification of the Debtor Entity***. Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e. ***Claim Against Multiple Debtor Entities***.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f. ***Supporting Documentation***.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

## When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby, or (ii) first-class U.S. Mail, which Proof of Claim must include an ***original*** signature, at the following address:   Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:  Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

## PROOFS OF CLAIM
## SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
## ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.

## Claims for Which Proofs of Claim Need Not Be Filed

Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

6

b.  any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is **not** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.  any Claim that has previously been allowed by order of this Court;

d.  any Claim that has already been paid in full by any of the Debtors;

e.  any Claim for which a different deadline has previously been fixed by this Court;

f.  any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Bed Bath & Beyond, Inc.;

g.  any Claim based on an equity interest in the Debtors;

h.  any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.  any Professional Compensation Claim;[5]

j.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the Prepetition Secured Parties and DIP Secured Parties (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition*

---

[5]  "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

*Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 76] and any amended or final order entered by the Court in respect thereof; and

l.  any Claim held by any person or entity solely against a non-Debtor entity.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

### Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order, unless otherwise ordered by the Court (the "<u>Rejection Damages Bar Date</u>").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

### Amended Schedules Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) calendar days after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "<u>Amended Schedules Bar Date</u>").

### Administrative Claims Bar Date

If you have an Administrative Expense Claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2), you must submit your Proof of Claim by (a) **5:00 p.m., prevailing Eastern Time on June 30, 2023** for Claims incurred through June 20, 2023, (b) for all Claims arising after June 20, 2023, the 15th day of the month following the month in which the Claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "<u>Administrative Claims Bar Date</u>").

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/bbby; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

## Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM. SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

Dated: May 10, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:    msirota@coleschotz.com
          wusatine@coleschotz.com
          fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:    josuha.sussberg@kirkland.com
          emily.geier@kirkland.com
          derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

## <u>Exhibit 3</u>

**Publication Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF BAR DATES FOR
SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER
SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") has entered an order (the "<u>Bar Date Order</u>") establishing **5:00 p.m. prevailing Eastern Time on June 30, 2023** (the "<u>General Claims Bar Date</u>"), as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

and trusts) to submit a Proof of Claim against any of the Debtors listed below (collectively, the "Debtors").  A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Kroll Restructuring Administration LLC (the noticing and claims agent retained in these Chapter 11 Cases), by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States, (ii) for no charge by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/bbby, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Bar Date Order requires that all entities (collectively, the "Claimants") holding or wishing to assert a Claim that arose or is deemed to have arisen prior to April 23, 2023 (the "Petition Date"), against the Debtors ("Claims") to submit a Proof of Claim so as to be actually received by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") on or before the applicable bar date (collectively, the "Bar Dates") as set forth below.  None of the Bar Dates described herein apply to any governmental unit.   Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units shall have at least one-hundred and eighty days from the commencement of these Chapter 11 Cases to submit Claims against the Debtors.

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond Inc. | 0488 | 23-13359 |
| Alamo Bed Bath & Beyond Inc. | 0408 | 23-13360 |
| BBB Canada LP Inc. | 7777 | 23-13361 |
| BBB Value Services Inc. | 5809 | 23-13362 |
| BBBY Management Corporation | 9534 | 23-13363 |
| BBBYCF LLC | 5533 | 23-13364 |
| BBBYTF LLC | 6838 | 23-13365 |
| Bed Bath & Beyond of Annapolis, Inc. | 8488 | 23-13366 |
| Bed Bath & Beyond of Arundel Inc. | 2626 | 23-13367 |
| Bed Bath & Beyond of Baton Rouge Inc. | 4076 | 23-13368 |
| Bed Bath & Beyond of Birmingham Inc. | 0327 | 23-13369 |
| Bed Bath & Beyond of Bridgewater Inc. | 5533 | 23-13370 |
| Bed Bath & Beyond of California Limited Liability Company | 2362 | 23-13371 |
| Bed Bath & Beyond of Davenport Inc. | 4074 | 23-13372 |
| Bed Bath & Beyond of East Hanover Inc. | 1176 | 23-13373 |
| Bed Bath & Beyond of Edgewater Inc. | 3618 | 23-13374 |
| Bed Bath & Beyond of Falls Church, Inc. | 2908 | 23-13375 |
| Bed Bath & Beyond of Fashion Center, Inc. | 7852 | 23-13376 |
| Bed Bath & Beyond of Frederick, Inc. | 0889 | 23-13377 |
| Bed Bath & Beyond of Gaithersburg Inc. | 6406 | 23-13378 |
| Bed Bath & Beyond of Gallery Place L.L.C. | 8791 | 23-13379 |
| Bed Bath & Beyond of Knoxville Inc. | 0403 | 23-13380 |
| Bed Bath & Beyond of Lexington Inc. | 0888 | 23-13381 |
| Bed Bath & Beyond of Lincoln Park Inc. | 8893 | 23-13382 |
| Bed Bath & Beyond of Louisville Inc. | 2624 | 23-13383 |
| Bed Bath & Beyond of Mandeville Inc. | 5531 | 23-13384 |
| Bed Bath & Beyond of Opry Inc. | 0264 | 23-13385 |
| Bed Bath & Beyond of Overland Park Inc. | 6404 | 23-13386 |
| Bed Bath & Beyond of Palm Desert Inc. | 0152 | 23-13387 |
| Bed Bath & Beyond of Paradise Valley Inc. | 6576 | 23-13388 |
| Bed Bath & Beyond of Pittsford Inc. | 6881 | 23-13389 |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond of Portland Inc. | 8153 | 23-13390 |
| Bed Bath & Beyond of Rockford Inc. | 1065 | 23-13391 |
| Bed Bath & Beyond of Towson Inc. | 1854 | 23-13392 |
| Bed Bath & Beyond of Virginia Beach Inc. | 2326 | 23-13393 |
| Bed Bath & Beyond of Waldorf Inc. | 0890 | 23-13394 |
| Bed Bath & Beyond of Woodbridge Inc. | 1179 | 23-13395 |
| bed 'n bath Stores Inc. | 2034 | 23-13396 |
| Bed, Bath & Beyond of Manhattan, Inc. | 2956 | 23-13397 |
| Buy Buy Baby of Rockville, Inc. | 6272 | 23-13398 |
| Buy Buy Baby of Totowa, Inc. | 8098 | 23-13399 |
| Buy Buy Baby, Inc. | 2010 | 23-13400 |
| BWAO LLC | 1562 | 23-13401 |
| Chef C Holdings LLC | 6069 | 23-13402 |
| Decorist, LLC | 4917 | 23-13403 |
| Deerbrook Bed Bath & Beyond Inc. | 0895 | 23-13404 |
| Harmon of Brentwood, Inc. | 4214 | 23-13405 |
| Harmon of Caldwell, Inc. | 1648 | 23-13406 |
| Harmon of Carlstadt, Inc. | 9065 | 23-13407 |
| Harmon of Franklin, Inc. | 9738 | 23-13408 |
| Harmon of Greenbrook II, Inc. | 9743 | 23-13409 |
| Harmon of Hackensack, Inc. | 4535 | 23-13410 |
| Harmon of Hanover, Inc. | 5485 | 23-13411 |
| Harmon of Hartsdale, Inc. | 2588 | 23-13412 |
| Harmon of Manalapan, Inc. | 7942 | 23-13413 |
| Harmon of Massapequa, Inc. | 9949 | 23-13414 |
| Harmon of Melville, Inc. | 5648 | 23-13415 |
| Harmon of New Rochelle, Inc. | 4673 | 23-13416 |
| Harmon of Newton, Inc. | 9775 | 23-13417 |
| Harmon of Old Bridge, Inc. | 2762 | 23-13418 |
| Harmon of Plainview, Inc. | 4515 | 23-13419 |
| Harmon of Raritan, Inc. | 5646 | 23-13420 |
| Harmon of Rockaway, Inc. | 2765 | 23-13421 |
| Harmon of Shrewsbury, Inc. | 8849 | 23-13422 |
| Harmon of Totowa, Inc. | 4269 | 23-13423 |
| Harmon of Wayne, Inc. | 4316 | 23-13424 |
| Harmon of Westfield, Inc. | 2851 | 23-13425 |
| Harmon of Yonkers, Inc. | 0371 | 23-13426 |
| Harmon Stores, Inc. | 6555 | 23-13427 |
| Liberty Procurement Co. Inc. | 9383 | 23-13428 |
| Of a Kind, Inc. | 6492 | 23-13429 |
| One Kings Lane LLC | 4759 | 23-13430 |
| San Antonio Bed Bath & Beyond Inc. | 4701 | 23-13431 |
| Springfield Buy Buy Baby, Inc. | 8387 | 23-13432 |

| **General Claims Bar Date** (Applicable to 503(b)(9) Claims) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **June 30, 2023, at 5:00 p.m. prevailing Eastern Time** (the "General Claims Bar Date"), including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
|---|---|

3

| | |
|---|---|
| **Governmental Bar Date** | All governmental units holding or wishing to assert a Claim against the Debtors arising (or deemed to arise) before the Petition Date (whether secured, unsecured priority or unsecured non-priority) must submit a Proof of Claim so as to be **actually received** by the Notice and Claims Agent by **October 20, 2023, at 5:00 p.m. prevailing Eastern Time** (the "Governmental Bar Date"). |
| **Amended Schedules Bar Date** | In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "Amended Schedules Bar Date"). |
| **Rejection Damages Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order, unless otherwise ordered by the Court (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease. |
| **Administrative Claims Bar Date** | All Claimants holding or wishing to assert an Administrative Expense Claim for costs and expenses of administration of the estates pursuant to sections 503(b), other than claims pursuant to section 503(b)(9), or 507(a)(2) of the Bankruptcy Code must submit a Proof of Claim by (a) **5:00 p.m., prevailing Eastern Time on June 30, 2023** for Claims incurred through June 20, 2023, (b) for all Claims arising after June 20, 2023, the 15th day of the month following the month in which the Claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"). |

## When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address: Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address: Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM**
**SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE**
**ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

<u>**Contents of Proofs of Claim.**</u>  Each Proof of Claim must:  (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby by the Claimant or by an authorized agent or legal representative of the Claimant.  **Please note** that each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

<u>**Section 503(b)(9) Claims.**</u>  Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date.  The Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code.  In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made against the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors.

<u>**Consequences of Failing to Timely Submit Your Proof of Claim.**</u>  Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto).  In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

<u>**Reservation of Rights.**</u>  Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information.**  If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form, or related documents, you may do so by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/bbby or contacting the Notice and Claims Agent by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or writing to the following address:  Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.