**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

BECKER, GLYNN, MUFFLY, CHASSIN &
HOSINSKI LLP
Alec P. Ostrow, Esq. (*pro hac vice* admission requested)
Walter E. Swearingen, Esq.
299 Avenue, 16th Floor
New York, NY  10171
Phone: (212) 888-3033
aostrow@beckerglynn.com
wswearingen@beckerglynn.com

*Attorneys for TF Cornerstone Inc. and 200-220 West 26*
*LLC*

| | |
|---|---|
| In re: | Case No.:  23-13359 (VFP) |
| BED BATH & BEYOND INC., *et al.,* | Chapter:  11 |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF**
**ORDER (I) ESTABLISHING PROCEDURES TO SELL CERTAIN**
**LEASES, (II) APPROVING THE SALE OF CERTAIN LEASES,**
**AND (III) GRANTING RELATED RELIEF**

The limited objection (the "Limited Objection") of TF Cornerstone Inc. and 200-220

West 26 LLC, to the Debtors' Motion for Entry of Order (I) Establishing Procedures to Sell

Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief (the

"Procedures Motion") by its attorneys, respectfully sets forth the following:

1.      200-220 West 26 LLC is the landlord of the premises leased by Buy Buy Baby

Inc., one of the jointly administered debtors, located at 200-220 West 26th Street, New York,

New York.  TF Cornerstone Inc., an affiliate of 200-220 West 26 LLC, manages the premises for

the benefit of the landlord.

1

2.      This Limited Objection is directed to the procedures for the landlords to object to

the proposed assumption and assignment of their respective leases in accordance with the

requirements of 11 U.S.C. § 365(a), (b), (f) & (*l*) with respect to (i) the amounts necessary to

cure defaults ("Cure Costs"), (ii) the satisfaction of the requirement of adequate assurance of

future performance ("Adequate Assurance"), and (iii) the ability of the landlord to "require a

deposit or other security for the performance of the debtor's obligations under the lease

substantially the same as would have been required by the landlord upon the initial leasing to a

similar tenant" ("Deposit or Other Security").  The procedures requested by the Debtors in the

Procedures Motion do not provide an adequate opportunity for the landlords to make objections

and assert or protect their rights with respect these three statutory requirements.

3.      With regard to Cure Costs, the Procedures Motion requires the landlords to object

to the Debtors' proposed Cure Costs by June 18, 2023.  *See* Procedures Motion ¶¶ 13 (chart), 31;

Proposed Order (Exhibit A to Procedures Motion) ¶¶ 10, 23.  But the Debtors are not required to

notify the landlords of their proposed Cure Costs until 5 days prior to the Lease Sale Hearing,

which is proposed to be scheduled for June 25, 2023.  *See* Procedures Motion ¶¶ 13 (chart), 29;

Proposed Order ¶¶ 11, 21.  As a result, the landlords are expected to object to the Debtors'

proposed Cure Costs before they know what they are.  This absurd result cannot have been

intended by the Debtors and should not be adopted by this Court.  The landlords should have a

minimum of 7 business days to object to the Debtors' proposed Cure Costs after being notified of

what the Debtors contend the Cure Costs are.  For the record, TF Cornerstone Inc. and 200-220

West 26 LLC state their belief that the Cure Costs for their lease amount to $291,018.05, without

late fees and before attorneys' fees.

2

4880-3858-2115, v. 2

4.      With regard to the Adequate Assurance, the Procedures Order similarly requires

the landlords to object by June 18, 2023.  Once again, the Procedures Motion requires the

landlords to object on the basis of Adequate Assurance by June 18, 2023.  *See* Procedures

Motion ¶¶ 13 (chart), 31; Proposed Order (Exhibit A to Procedures Motion) ¶¶ 10, 23.  But, the

Procedures Motion contains no requirement for the Debtors to provide information concerning

Adequate Assurance to the landlords whose leases are proposed to be assigned.

5.      The Procedures Motion states in paragraph 72:

> 72.      The Debtors submit that the information required for any
> bidder to become a Qualified Bidder satisfies any adequate
> assurance inquiry.  Further, the Lease Sale Procedures provide that
> the Debtors **may disseminate certain information of a Qualified
> Bidder to affected landlords** to satisfy the requirement of
> providing adequate assurance of future performance. [Emphasis
> added.]

6.      This discretionary ability of the Debtors to provide certain selected information to

the affected landlords is not a requirement.  The landlords are entitled to evaluate all relevant

information of a prospective assignee to determine whether the landlords are satisfied with the

financial ability of the prospective assignee to perform the obligations of their respective leases

along with all the other leases that the same prospective assignee will be obliged to perform.  The

landlords are not required to trust the Debtors' judgment as to satisfaction of the Adequate

Assurance requirement.  In a contested matter with respect to Adequate Assurance, the landlords

would be entitled to the same discovery as is available in an adversary proceeding.  FED. R.

BANKR. P. 9014(c).  The Procedures Order relies on the Debtors voluntary provision of relevant

materials to affected landlords to satisfy a statutory requirement or force landlords to object.

This Court should not adopt a procedure that compels objections by landlords based on the

Debtors' failure to provide voluntarily the information necessary for landlords to assess the

3

4880-3858-2115, v. 2

viability of their prospective new tenants.  The Court should require the Debtors to provide all information received from the prospective assignees to the affected landlords at least 7 business days prior to any objection deadline.

7.       With regard to Deposit or Other Security, the Procedures Order makes absolutely no provision at all.  The Procedures Motion does not mention this right of the landlords under 11 U.S.C. § 365(*l*).  For the same reasons as stated above with respect to Adequate Assurance, to protect the landlords' ability to seek an appropriate Deposit or Other Security, the Court should require the Debtors to provide all information received from the prospective assignees to the affected landlords at least 7 business days prior to any objection deadline.

8.       If the Debtors' proposed schedule is followed without the modifications requested herein, landlords interested in protecting their rights will be required to file protective objections without knowing whether there is any real controversy with regard to Cure Costs, Adequate Assurance, or Deposit or Other Security.  Certainly, this is not an efficient or effective manner to streamline procedures for the sale of the Debtors' leases.

**WHEREFORE**, TF Cornerstone Inc. and 200-220 West 26 LLC respectfully request that the Court sustain this Limited Objection, deny the Procedures Motion in its current form,

4880-3858-2115, v. 2

grant the Procedures Motion only if modified in accordance with this Limited Objection, and

grant of TF Cornerstone Inc. and 200-220 West 26 LLC such other and further relief as is just.

Dated:  May 15, 2023

<div style="margin-left: 40%;">

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP


By: s/Walter E. Swearingen
Walter E. Swearingen
Alec P. Ostrow (*pro hac vice* admission requested)
299 Avenue, 16th Floor
New York, NY  10171
Phone: (212) 888-3033
wswearingen@beckerglynn.com
aostrow@beckerglynn.com


*Attorneys for TF Cornerstone Inc. and 200-220 West 26 LLC*

</div>

5