**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF REVISED FINAL ORDER**
**(I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE AND SURETY**
**COVERAGE ENTERED INTO PREPETITION AND PAY RELATED PREPETITION**
**OBLIGATIONS, AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE**
**INSURANCE AND SURETY COVERAGE, AND (II) GRANTING RELATED RELIEF**

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession hereby file a revised proposed form of *Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* (the "<u>Revised Proposed Final Insurance Order</u>")

**PLEASE TAKE FURTHER NOTICE** that a clean version of the Revised Proposed Final Insurance Order is attached hereto as **<u>Exhibit A</u>** and a blackline against the previous filed version is attached hereto as **<u>Exhibit B</u>**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have resolved all formal and informal objections in connection with the relief requested in the Revised Proposed Final Insurance Order and respectfully request that the Court enter the Revised Proposed Final Insurance Order without a hearing.

*[Remainder of Page Intentionally Left Blank]*

2

Dated: May 12, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:       josuha.sussberg@kirkland.com
             emily.geier@kirkland.com
             derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) MAINTAIN INSURANCE AND SURETY COVERAGE
ENTERED INTO PREPETITION AND PAY RELATED PREPETITION
OBLIGATIONS, AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE
INSURANCE AND SURETY COVERAGE, AND (II) GRANTING RELATED RELIEF**

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of
the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the
website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The
location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these
Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through nine (9), is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* [Docket No. 20] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) maintain coverage under the Insurance Policies and the Surety Bonds and pay related prepetition obligations, and (ii) renew, supplement, modify, or purchase insurance and surety coverage in the ordinary course of business, and (b) granting related relief**,** all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

and this Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and upon all of the proceedings had before the Court and

after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED**

**THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors shall serve a copy of the Motion and this Final Order on each Insurance

Carrier and Surety listed on <u>Exhibits C and D</u> to the Motion within two (2) business days after the

date this Final Order is entered.

3.      The Debtors are hereby authorized, but not directed, and in each case in accordance

with the ordinary course of business and this Final Order, to:

(a)      continue the Insurance Policies,[1] including without limitation those insurance policies identified on <u>Exhibit C</u> to the Motion, and pay any prepetition or postpetition obligations related to the Insurance Policies in the ordinary course of business, including, without limitation, all premiums (including insurance premiums and audit premiums), any amounts owed on account of the insurance deductibles (including the Insurance Deductibles and funded deductibles), expenses, assessments, surcharges, service fees, broker fees, all other amounts (including any collateral) arising under or in connection with the Insurance Policies, and amounts owed to the Captive Insurer, the Claim Administrator, and the Insurance Broker under the Insurance Policies, in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases;

(b)      maintain the Surety Bond Program, including without limitation those Surety Bonds identified on <u>Exhibit D</u> to the Motion, without interruption, including the payment of premiums, performance under any Indemnity Agreement (including posting collateral as security), provision of additional

---

[1]      For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage at any time to any of the Debtors or their predecessors, whether expired, current or prospective, and any agreements and other documents related thereto, whether or not identified on <u>Exhibit C</u> to the Motion.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

or new surety bonds to third parties to secure the Debtors' payment or performance of certain obligations, including duties, taxes, and fees on account of merchandise imported from foreign countries, and to take all appropriate actions in connection therewith, including providing any cash collateral, and execution of other agreements in connection with the Surety Bond Program, and pay any prepetition or postpetition obligations related to the Surety Bond Program, including any amounts owed to the Surety Bond Brokers, in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases;

(c)     with the consent of the Prepetition ABL Agent (as that term is defined in the DIP Orders, referenced below) such consent not to be unreasonably withheld, delayed, or conditioned; renew, amend, supplement, extend, modify, endorse, replace, purchase, and/or enter into new insurance policies or surety bonds to the extent that the Debtors determine that such action is in the best interest of their estates; and

(d)     pay any amounts owed on account of any Insurance Policy Audits in the ordinary course of business;

*provided* that, with respect to paragraph 4(a)–(d) above, nothing in this Final Order authorizes the Debtors to pay any amounts before such amounts are due, including, but not limited to, amounts related to the Insurance Policies and Surety Bond Program.

4.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

5.     Nothing in this Final Order or the Motion (a) alters, amends or modifies the terms and conditions of any of the Insurance Policies; (b) relieves the Debtors of any of their obligations under the Insurance Policies; (c) creates or permits a direct right of action against an Insurance

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Carrier;[2] (d) precludes or limits, in any way, the rights of any Insurance Carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under any of the Insurance Policies; or (e) waives any Insurance Carrier's claims or rights against the Debtors, any of the Debtors' subsidiaries or affiliates, or any other person, entity, property or parties liable to such Insurance Carrier (whether under the Insurance Policies or otherwise).

6.      Notwithstanding anything to the contrary herein, nothing contained in the Motion or this Final Order, and no action taken pursuant to such relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.  The rights of all parties in interest are expressly reserved.

---

[2]     For the avoidance of doubt, the term Insurance Carrier shall include all insurers and third party administrators that issued or entered into any Insurance Policy and any of their affiliates and successors, whether or not such insurers, third party administrators, affiliates and/or successors are identified on Exhibit C to the Motion.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

7.    The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Insurance Policies and/or the Surety Bond Program to the extent payment thereof is authorized pursuant to the relief granted herein and to the extent authorized by this Final Order.

8.    Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

9.    Nothing in this Final Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario

(Page | 8)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any order granted thereunder, and to the extent of any inconsistency between the Final Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

10. The rights of Arch Insurance Company with respect to any indemnity or collateral agreements with the Debtors are hereby reserved.

11. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

13. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

14. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice* pending)
Emily E. Geier, P.C. (admitted *pro hac vice* pending)
Derek I. Hunter (admitted *pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered Requested) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) MAINTAIN INSURANCE AND SURETY COVERAGE
ENTERED INTO PREPETITION AND PAY RELATED PREPETITION
OBLIGATIONS, AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE
INSURANCE AND SURETY COVERAGE, AND (II) GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

The relief set forth on the following pages, numbered ~~four~~three (~~4~~3) through ~~eight~~nine (~~8~~9), is **ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* [Docket No. 20] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) maintain coverage under the Insurance Policies and the Surety Bonds and pay related prepetition obligations, and (ii) renew, supplement, modify, or purchase insurance and surety coverage in the ordinary course of business, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors shall serve a copy of the Motion and this Final Order on each Insurance Carrier and Surety listed on Exhibits C and D to the Motion within two (2) business days after the date this Final Order is entered.

3.      The Debtors are hereby authorized, but not directed, and in each case in accordance with the ordinary course of business and this Final Order, to:

(a)      continue the Insurance Policies,[1] including without limitation those insurance Ppolicies identified on Exhibit C to the Motion, and pay any prepetition or postpetition obligations related to the Insurance Policies in the ordinary course of business, including, without limitation, all premiums (including insurance premiums and audit premiums), any amounts owed on account of the insurance deductibles (including the Insurance Deductibles, and funded deductibles), expenses, assessments, surcharges, service fees, broker fees, all other amounts (including any collateral) arising under or in connection with the iInsurance premiumsPolicies, and amounts owed to the Captive Insurer, the Claim Administrator, and the Insurance Broker under the Insurance Policies, in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases;

(b)      maintain the Surety Bond Program, including without limitation those Surety Bonds identified on Exhibit D to the Motion, without interruption,

---

[1]   For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage at any time to any of the Debtors or their predecessors, whether expired, current or prospective, and any agreements and other documents related thereto, whether or not identified on Exhibit C to the Motion.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

including the payment of premiums, performance under any Indemnity Agreement (including posting collateral as security), provision of additional or new surety bonds to third parties to secure the Debtors' payment or performance of certain obligations, including duties, taxes, and fees on account of merchandise imported from foreign countries, and to take all appropriate actions in connection therewith, including providing any cash collateral, and execution of other agreements in connection with the Surety Bond Program, and pay any prepetition or postpetition obligations related to the Surety Bond Program, including any amounts owed to the Surety Bond Brokers, in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases;

(c)    with the consent of the Prepetition ABL Agent (as that term is defined in the DIP Orders, referenced below)~~,~~ such consent not to be unreasonably withheld, delayed, or conditioned; renew, amend, supplement, extend, ~~or~~modify, endorse, replace, purchase, and/or enter into new insurance policies or surety bonds to the extent that the Debtors determine that such action is in the best interest of their estates; and

(d)    ~~honor~~pay any amounts owed on account of any Insurance Policy Audits in the ordinary course of business;

*provided* that, with respect to paragraph 4(a)–(d) above, nothing in this Final Order authorizes the Debtors to pay any amounts before such amounts are due, including, but not limited to, amounts related to the Insurance Policies and Surety Bond Program.

4.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

5.      Nothing in this Final Order or the Motion (a) alters, amends or modifies the terms and conditions of any of the Insurance Policies; (b) relieves the Debtors of any of their obligations under the Insurance Policies; (c) creates or permits a direct right of action against an Insurance Carrier;[2] (d) precludes or limits, in any way, the rights of any Insurance Carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under any of the Insurance Policies; or (e) waives any Insurance Carrier's claims or rights against the Debtors, any of the Debtors' subsidiaries or affiliates, or any other person, entity, property or parties liable to such Insurance Carrier (whether under the Insurance Policies or otherwise).

6.      5.  Notwithstanding anything to the contrary herein, nothing contained in the Motion or this Final Order, and no action taken pursuant to such relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code

---

[2]  For the avoidance of doubt, the term Insurance Carrier shall include all insurers and third party administrators that issued or entered into any Insurance Policy and any of their affiliates and successors, whether or not such insurers, third party administrators, affiliates and/or successors are identified on Exhibit C to the Motion.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

or any other applicable law. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim. The rights of all parties in interest are expressly reserved.

7. ~~6.~~ The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Insurance Policies and/or the Surety Bond Program to the extent payment thereof is authorized pursuant to the relief granted herein and to the extent authorized by this Final Order.

8. ~~7.~~ Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify,

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

9.    8. Nothing in this Final Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any order granted thereunder, and to the extent of any inconsistency between the Final Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

10.    The rights of Arch Insurance Company with respect to any indemnity or collateral agreements with the Debtors are hereby reserved.

11.    9. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

12.    10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

13.    11. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

14.    ~~12.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

15.    ~~13.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.    ~~14.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.    ~~15.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

| Summary report: Litera Compare for Word 11.0.0.61 Document comparison done on 5/12/2023 3:35:07 PM | |
|---|---|
| **Style name:** Color (Kirkland Default) | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dms.kirkland.com/LEGAL/96047014/1 | |
| **Modified DMS:** iw://dms.kirkland.com/LEGAL/96047014/5 | |
| **Changes:** | |
| Add | 45 |
| Delete | 29 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 74 |