| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>Courtney M. Brown<br>VEDDER PRICE P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>Tel.: (212)407-7700<br>Email: cmbrown@vedderprice.com<br><br>*Counsel for CMR Limited Partnership* |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>      Debtors. |

Case No. 23-13359 (VFP)

Chapter 11

Judge Vincent F. Papalia

(Jointly Administered)

## LIMITED OBJECTION OF CMR LIMITED PARTNERSHIP TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES TO SELL CERTAIN LEASES, (II) APPROVING THE SALE OF CERTAIN LEASES, AND (III) GRANTING RELATED RELIEF

CMR Limited Partnership ("CMR" or "Landlord"), by and through its undersigned attorneys, hereby objects to the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 193] (the "Motion")[1], as follows:

### Background

1. CMR and debtor Bed Bath & Beyond of Lincoln Park, Inc. (the "Debtor") are parties to that certain Lease Agreement dated December 13, 1993, as amended, for the Premises known as +/- 43,200 RSF on the first and second floors of the Clybourn Place retail center located

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

VP/#61173225.1

at 1800 North Clybourn Avenue, Chicago, Illinois 60614 (the "Lease").

2. Debtor Bed Bath & Beyond Inc. is a guarantor of the Lease.

3. Prior to the Petition Date, the Debtor was in default under the Lease and indebted to CMR in an amount not less than $286,912.44 as of April 5, 2023, not including additional fees and costs due under the Lease.

4. On April 23, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases in the United States Bankruptcy Court for the District of New Jersey.

## Objection

5. CMR objects to the Motion and the Assumption and Assignment Procedures, particularly with respect to CMR's ability to object to the assumption and assignment of its Lease pursuant to the requirements of 11 U.S.C. § 365, including (i) the amount necessary to cure Lease defaults ("Cure Costs"), (ii) the satisfaction of the requirement of adequate assurance of future performance ("Adequate Assurance"), (iii) its ability to require any assignee of the Lease to post a new deposit ("Deposit") and (iv) and any other restrictions on the protections afforded to landlords under the Bankruptcy Code. The procedures requested by the Debtors in the Motion do not provide an adequate opportunity for CMR and other landlords to assert or protect their rights with respect the statutory requirements of 11 U.S.C. § 365:

6. Cure Costs. The Motion requires landlords to file objections to the Debtors' proposed Cure Costs by June 18, 2023. Motion ¶¶ 13, 31; Proposed Order (Ex. A) ¶¶ 10, 23. But the Debtors are not required to file the Assignment and Assumption Notice notifying landlords of their proposed Cure Costs until five (5) days prior to the Lease Sale Hearing, which is currently scheduled for June 25, 2023. Motion ¶¶ 13, 29; Proposed Order ¶¶ 11, 21. As a result, CMR and

other landlords are effectively required to file objections to the Debtors' proposed Cure Costs *before* they even know what they are. CMR and other landlords should have a minimum of at least ten (10) business days to object to the Debtors' proposed Cure Costs after being notified of what the Debtors contend the Cure Costs are.

7.  <u>Adequate Assurance</u>. As with the Cure Cost scheduling noted in paragraph 6 above, the Proposed Order similarly requires that CMR and other landlords object on the basis of Adequate Assurance by June 18, 2023. Motion ¶¶ 13, 31; Proposed Order ¶¶ 10, 23. But, the Motion contains no requirement for the Debtors to actually provide any information concerning the potential assignee or Adequate Assurance to CMR or the other landlords whose leases are proposed to be assigned. Instead, the Motion only provides "that the Debtors ***may disseminate certain information of a Qualified Bidder to affected landlords to satisfy the requirement of providing adequate assurance of future performance***." Motion ¶72 (emphasis added). Rather than making information-sharing discretionary, the Debtors must be required to provide CMR with sufficient information to allow CMR to determine whether the prospective assignee has the ability (financial or otherwise) to perform its obligations under the Lease. Indeed, CMR (and other landlords) are not required to trust the Debtors' judgment as to satisfaction of the Adequate Assurance requirement. This Court should not adopt a procedure that forces CMR and other landlords to files objections based upon the Debtors' failure to provide information necessary regarding the viability of prospective new tenants. The Court should instead require the Debtors to provide comprehensive information regarding the prospective Lease assignee not less than ten (10) business days prior to any objection deadline.

8.  <u>Deposits</u>. The Proposed Order fails to include any provisions regarding the rights of CMR or other landlords under 11 U.S.C. § 365(l) to "require a deposit or other security for the

performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant." 11 U.S.C § 365(l). For the same reasons as stated above with respect to Adequate Assurance, the Court should require the Debtors to provide information regarding any prospective Lease assignee to CMR (and other landlords) at least ten (10) business days prior to any objection deadline such that CMR has ample time to assess the proposed assignee and any related Deposit requirements.

9. The dates and deadlines imposed by the proposed Assumption and Assignment Procedures and other Lease Sale Procedures do not provide CMR and other landlords with ample time to review and respond to the Debtors' disclosures regarding Cure Costs, Adequate Assurance, or the need for Deposits, or in some instances require no disclosures by the Debtors at all. Indeed, the proposed schedule seemingly requires CMR to file protective objections to protect its rights under 11 U.S.C § 365(l).

10. This Objection is only intended to address the procedural infirmities in the Motion. In addition to the objections set forth herein, CMR reserves its rights with respect to all other matters related to the potential assumption and assignment of its Lease, including, without limitation, with respect to Cure Costs, Adequate Protection, Deposit, and matters related to any proposed Lease assignee.

WHEREFORE, CMR Limited Partnership respectfully requests that the Court deny the Motion in its current form, condition approval of the Motion on its incorporation of the procedural and timing objection in this Objection, and grant such other and further relief as the Court deems just.

VP/#61173225.1

Dated: New York, New York
      May 15, 2023

Respectfully submitted,

VEDDER PRICE P.C.

By: /s/ *Courtney M. Brown*
    Courtney M. Brown
    cmbrown@vedderprice.com
    1633 Broadway, 31st Floor
    New York, New York 10019
    T: (212) 407-7700
    F: (212) 407-7799

    David L. Kane (*pro hac vice pending*)
    dkane@vedderprice.com
    222 N. LaSalle Street, Suite 2600
    Chicago, Illinois 60601
    T: (312) 609-7500

*Attorneys for CMR Limited Partnership*