**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF LAZARD FRÈRES**
**& CO. LLC AS INVESTMENT BANKER TO**
**THE DEBTORS AND DEBTORS IN POSSESSION,**
**EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

**THE TERMS OF THE LAZARD AGREEMENT, (III) WAIVING CERTAIN
TIMEKEEPING REQUIREMENTS, AND (IV) GRANTING RELATED RELIEF**

TO:   THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PAPALIA:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this application (the "Application"):

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) authorizing, but not directing, the Debtors to (i) employ and retain

Lazard Frères & Co. LLC ("Lazard"), as their investment banker, effective as of the Petition Date

(as defined below), pursuant to (i) that certain engagement letter, dated as of March 21, 2023

(the "March Engagement Letter"), as amended by that certain letter agreement, dated as of April

22, 2023 (the "April Amendment"), each of which is attached hereto as **Exhibit 1** and **Exhibit 2**

to **Exhibit A** (the March Engagement Letter and the April Amendment, together, the "Engagement

Letter"), and (ii) that certain letter regarding indemnification and related matters, dated as of

August 10, 2022, by and between Lazard and the Debtors, a copy of which is attached hereto as

**Exhibit 3** to **Exhibit A** (the "Indemnification Letter," and together with the Engagement Letter,

the "Lazard Agreement"); (b) approving the terms of the Lazard Agreement; (c) waiving certain

timekeeping requirements pursuant to Rules 2014(a) and 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the District of New Jersey (the "Local Rules"), the guidelines

(the "Trustee Guidelines") of the Office of the United States Trustee for the District of New Jersey

(the "U.S. Trustee"), and any other applicable procedures and orders of the Court in connection

with Lazard's engagement; and (d) granting related relief.  In support of this Application, the

Debtors submit the *Declaration of David S. Kurtz in Support of Debtors' Application for Entry of*

an Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as

Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date,

(II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping

Requirements, and (IV) Granting Related Relief, a copy of which is attached hereto as **Exhibit B**

(the "Kurtz Declaration").[2]

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Application to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(a) and 328(a) of title 11

of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and

Local Rules 2014-1 and 2016-1.

### Background

5.      The Debtors are the largest home goods retailer in the United States, offering

everything from bed linens to cookware to home organization, baby care, and more.  In addition

to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond

---

[2]      Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to them in
the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond
Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day
Declaration").

stores and their buybuy BABY stores with locations across North America.  Headquartered in

Union, New Jersey, Bed Bath & Beyond, Inc. is a publicly traded company that currently employs

approximately 14,000 non-seasonal employees.

6.     The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to

streamline their store footprint and facilitate a timely and efficient process to maximize the value

of the Debtors' estates for the benefit of all stakeholders.  Through these cases, the Debtors intend

to market a going-concern sale of all or part of their business on a timeline consented-to by their

prepetition and DIP lenders.  In the event that process is unsuccessful, the Debtors will implement

an orderly and value-maximizing wind-down of their business.

7.     On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and

managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion requesting

procedural consolidation and joint administration of these Chapter 11 Cases pursuant to

Bankruptcy Rule 1015(b).  On May 5, 2023, the United States Trustee for the District of New

Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code [Docket No. 218].

## Lazard's Qualifications

8.     The Debtors require a qualified and experienced investment banker with the

resources, capabilities, and experience of Lazard to assist them in pursuing the transaction(s) that

are crucial to the success of the Debtors' cases.  An investment banker, such as Lazard, fulfills a

critical service that complements the services provided by the Debtors' other professionals.

9.     Lazard is a preeminent international financial advisory and asset management firm

with its principal office located at 30 Rockefeller Plaza, New York, New York 10112.  Together

with its predecessors and affiliates, Lazard has been advising clients around the world for over 174 years.

10.    Lazard has dedicated professionals who provide restructuring services to its clients. Lazard and its professionals have considerable expertise and experience in providing investment banking and financial advisory services to financially distressed companies and to creditors, equity holders and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court.  In addition, Lazard's investment banking professionals have extensive experience in advising debtors in chapter 11 cases and have served as investment bankers to numerous debtors, chapter 11 trustees, creditors' committees, and buyers in chapter 11 proceedings.  Since 1990, Lazard's professionals have been involved in over 250 restructurings, representing over $1 trillion in debtors' assets.

11.    Notably, Lazard has been retained as an investment banker and financial advisor in numerous large and complex chapter 11 cases, including, among others:  *In re Redwood Liquidating Co.*, No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022); *In re Rockall Energy Holdings, LLC*, No. 22-90000 (MXM) (Bankr. N.D. Tex. Apr. 27, 2022); *In re Alto Maipo SpA*, No. 21-11507 (KBO) (Bankr. D. Del. Dec. 17, 2021); *In re Neiman Marcus Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. July 16, 2020); *In re Pioneer Energy Servs. Corp*, No. 20-31425 (DRJ) (Bankr. S.D. Tex. June 30, 2020); *In re Chinos Holdings, Inc.*, No. 20-32181 (KLP) (Bankr. E.D. Va. June 5, 2020); *In re Insys Therapeutics, Inc.*, No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019); *In re Sears Holdings Corp.,* No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 9, 2018); *In re Nine West Holdings, Inc.*, No. 18-10847 (SCC) (Bankr. S.D.N.Y. June 5, 2018); *In re FirstEnergy Solutions Corp.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio May 8, 2018); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. Apr. 4, 2018); *In re GST*

5

*AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 27, 2017); *In re Gymboree Corporation*, No. 17-32986 (KLP) (Bankr. E.D. Va. July 11, 2017); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2015); *In re Standard Register Co.*, No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015); *In re AWI Delaware, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. Sep. 17, 2014); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 24, 2013); *In re Maxcom Telecomm., S.A.B. de C.V.*, No. 13-11839 (PJW) (Bankr. D. Del. Aug. 15, 2013); *In re Cengage Learning, Inc.*, No. 13-44106 (ESS) (Bankr. E.D.N.Y. July 24, 2013).[3]

12.     The Debtors have selected Lazard as their investment banker based upon, among other things:  (a) the Debtors' need to retain a skilled investment banking firm to provide advice with respect to the Debtors' restructuring activities; (b) Lazard's substantial experience with the Debtors' assets and operations; and (c) Lazard's extensive experience in and excellent reputation for providing investment banking and financial advisory services in complex chapter 11 cases.

13.     The resources, capabilities, and experience of Lazard in advising debtors are crucial to the resolution of these Chapter 11 Cases.  As an experienced investment banker, Lazard fulfills a critical need that complements the services offered by the Debtor's other restructuring professionals.  Lazard will concentrate its efforts on the restructuring, negotiating with the Debtors' creditor constituencies, assisting in obtaining any necessary  financing to fund a  plan, and assisting the Debtors in consummating a sale of their assets, and/or facilitating a Wind Down (as defined below).  For these reasons, the Debtors require the services of a capable and experienced investment banking firm such as Lazard.

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application.  Copies of these orders are available upon request of the Debtors' proposed counsel.

14. Lazard began advising the Debtors on strategic and restructuring initiatives prior to the commencement of these Chapter 11 Cases. Lazard was initially engaged as the Debtors' investment banker on August 10, 2022, and has provided advisory services in connection with the Debtors' restructuring efforts since its engagement. In connection therewith, on or about March 21, 2023, the Debtors and Lazard entered into the March Engagement Letter. Thereafter, and in advance of the Petition Date, the Debtors and Lazard entered into the April Amendment to agree on a modified fee structure (i) in connection with services related to obtaining "debtor-in-possession" financing, commencing and preparing sale and winddown processes, and related restructuring matters, and (ii) in the event of a Wind Down. As a result of its prepetition work with the Debtors, Lazard is substantially familiar with the Debtors and their operations. Lazard has worked closely with the Debtors, their management, and their other advisors and has become well acquainted with, among other things, the Debtors' operations, business needs, and capital structure. Thus, Lazard is uniquely suited to provide the investment banking services to the Debtors that are contemplated by the Engagement Letter and described herein.

## Services to be Provided

15. Subject to further order of the Court, and as set forth more fully in the Engagement Letter, in consideration for the compensation contemplated therein, Lazard has and will perform the following services, as requested by the Debtors:[4]

- reviewing and analyzing the Debtors' business, operations, and financial projections;

- evaluating the Debtors' potential debt capacity in light of their projected cash flows;

---

[4] The summary provided herein is for illustrative purposes only and is subject to the Engagement Letter in all respects. In the event of any inconsistency between the Fee Structure as set forth herein and the Engagement Letter, the Engagement Letter will control. Capitalized terms not otherwise defined in such summaries shall have the meanings ascribed to them in the Engagement Letter.

- assisting in the determination of a post-restructuring capital structure for the Debtors;

- assisting in the determination of a range of values for the Debtors on a going concern basis;

- assisting in analyzing potential liability management transactions or other capital structure or strategic alternatives, including any Sale Transaction, Restructuring, and/or Financing;

- evaluating the financial terms of any proposed Transaction;

- advising the Debtors on tactics and strategies for negotiating with the Stakeholders and/or Transaction counterparties;

- rendering financial advice to the Debtors and participating in meetings or negotiations with the Stakeholders and/or rating agencies or other appropriate parties in connection with any Transaction;

- advising the Debtors on the timing, nature, and terms of new securities, other consideration, or other inducements to be offered pursuant to any Transaction;

- advising and assisting the Debtors in evaluating any potential Financing, and, subject to Lazard's agreement to so act and, if requested by Lazard, to the execution of appropriate agreements, on behalf of the Debtors, contacting potential sources of capital as the Debtors may designate and assisting the Debtors in implementing such Financing;

- assisting the Debtors in preparing documentation within Lazard's area of expertise that is required in connection with any Transaction;

- assisting the Debtors in identifying and evaluating candidates for any potential Sale Transaction, advising the Debtors in connection with negotiations and aiding in the consummation of any Sale Transaction;

- attending meetings of the Board of Directors of the Debtors with respect to matters on which Lazard has been engaged to advise under the Engagement Letter;

- providing testimony, as necessary, with respect to matters on which Lazard has been engaged to advise under the Engagement Letter in any proceeding before the Court; and

- providing the Debtors with other financial restructuring advice.

16.     The Debtors believe that Lazard is well qualified and able to provide the foregoing services to the Debtors.  Lazard has indicated a willingness to act on behalf of the Debtors, on the terms described herein.

## **Professional Compensation**

17.     Lazard intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court (to the extent compliance is not waived), and consistent with the proposed compensation set forth in the Engagement Letter (the "Fee Structure").  Lazard's decision to advise and assist the Debtors is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment and to be compensated for its services and reimbursed for the expenses it incurs in accordance with its customary billing practices.

18.     Investment bankers such as Lazard do not typically charge for their services on an hourly basis.  Instead, for restructuring matters, they customarily charge a monthly advisory fee plus an additional fee that is contingent upon the occurrence of a specified type of transaction.  The Engagement Letter follows this custom in the investment banking industry and sets forth the monthly and transaction-based fees that are to be payable to Lazard.

19.     The compensation arrangements contained in the Lazard Agreement are highly beneficial to the Debtors' estates as they provide certainty and proper inducement for Lazard to act expeditiously and prudently with respect to the matters for which it will be employed.  Accordingly, because the Debtors are seeking to retain Lazard under section 328(a) of the Bankruptcy Code, the Debtors believe that Lazard's compensation should not be subject to any

additional standard of review under section 330 of the Bankruptcy Code and does not constitute a

"bonus" or fee enhancement under applicable law.

20.    In summary, the Fee Structure provides that the Debtors have agreed to pay Lazard

the following fees:

(i)    **Work Fee**.  A fee equal to $4,000,000 (the "Work Fee"), which was earned and
paid prior to the commencement of these Chapter 11 Cases in connection with
services that Lazard provided related to obtaining "debtor-in-possession"
financing, commencing and preparing sale and winddown processes, and related
restructuring matters.  The Work Fee (A) was earned regardless of the occurrence
of a Wind Down, and (B) replaced any Financing Fees that would be earned and
payable on account of the $240 million of "debtor-in-possession" financing
provided by Sixth Street Specialty Lending, Inc., as administrative agent, and the
lenders party thereto (the "Sixth Street DIP"), and Lazard shall not be entitled to
any additional Financing Fees with respect to the Sixth Street DIP.

(ii)    In the event that the Debtors obtain Bankruptcy Court approval for, and effectuate,
a wind down of the Debtors, a liquidation and going out of business sales for all of
the Debtors' stores, and a sale of the Debtors' other assets, including the intellectual
property (a "Wind Down"), then:

- **Monthly Fee**.  A monthly fee of $200,000 (the "Monthly Fee"), payable on the
first day of each month beginning April 1, 2023 until the termination of
Lazard's engagement pursuant to the March Engagement Letter.  One half of
the Monthly Fees paid in respect of any months after June 2023 shall be credited
(without duplication) against any Sale Transaction Fee or Other Sale
Transaction Fee (each as defined below) payable; *provided*, that such credit
shall only apply to the extent that the Sale Transaction Fee or Other Sale
Transaction Fee is paid to Lazard in full, subject only to giving effect to the
monthly credit described herein, and the Sale Transaction Fee or Other Sale
Transaction Fee is approved in its entirety by the Bankruptcy Court.

- **Sale Transaction Fee**.  If the Debtors consummate one or a series of Sale
Transactions on a going-concern basis (as such term is used in U.S. generally
accepted accounting principles) incorporating all or any portion of the assets of
BUY BUY BABY, INC., Lazard shall be paid a fee (the "Sale Transaction
Fee") based on the Aggregate Consideration in such Sale Transaction(s) equal
to (A) 2.25% of such Aggregate Consideration, *plus* (B) 2.5% of any Aggregate
Consideration in excess of $500 million; *provided*, *however*, that a sale of all or
any portion of BUY BUY BABY, INC. on a going-concern basis (as such term
is used in U.S. generally accepted accounting principles) that results in
Aggregate Consideration of less than $300 million shall constitute an Other
Sale Transaction, and Lazard's fees for such sale shall be calculated pursuant
to the immediately following sub-bullet.

10

- **Other Sale Transaction Fee**.  If the Debtors consummate one or a series of Sale Transactions not covered by the immediately preceding sub-bullet (including a sale of any of the Company's intellectual property assets), Lazard shall be paid a fee (the "Other Sale Transaction Fee") equal to (A) 1.75% of Aggregate Consideration less than or equal to $175 million, *plus* (B) 2.25% of Aggregate Consideration in excess of $175 million but less than or equal to $225 million, *plus* (C) 2.5% of Aggregate Consideration in excess of $225 million; *provided*, *however*, that the Other Sale Transaction Fee received by Lazard shall be no less than $3,000,000 in connection with one or a series of Sale Transactions not covered by the immediately preceding sub-bullet (including for any sale of any of the Company's intellectual property assets) that is greater than or equal to $150 million.

- For purposes of the two immediately preceding sub-bullets, Sale Transactions shall not include any transaction pursuant to a liquidation process conducted by any person other than Lazard and involving only asset sales of any working capital assets, fixtures, real estate, or lease designation rights.  For the avoidance of doubt, the foregoing shall not be deemed to exclude any such assets from the calculation of Aggregate Consideration if they are involved in a Sale Transaction.

- To the extent that the Aggregate Consideration received in connection with one or a series of Sale Transactions (measured on a combined basis) (i) is less than or equal to $250 million, Lazard shall credit a portion of the Work Fee calculated in an amount equal to 75% of any Sale Transaction Fee or Other Sale Transaction Fee payable up to a maximum aggregate $3 million credit, or (ii) exceeds $250 million, Lazard shall credit a portion of the Work Fee calculated in an amount equal to 50% of any Sale Transaction Fee or Other Sale Transaction Fee payable up to a maximum aggregate $3 million credit.

- **Financing Fee**.  A fee, payable upon the earlier of execution of a commitment letter or a definitive agreement with respect to any Financing other than the Sixth Street DIP (each, a "Financing Fee"), calculated in the manner set forth in the March Engagement Letter, as described further below.

- For the avoidance of any doubt, and except as otherwise provided above, more than one Other Sale Transaction Fee and Financing Fee may be payable.

(iii)    If there is not a Wind Down, then:

- **Monthly Fee**.  A monthly fee of $200,000 (the "Monthly Fee"), payable on the first day of each month beginning January 1, 2023 until the earliest of completion of a Restructuring, completion of a Sale Transaction incorporating all or a majority of the assets or all or a majority or controlling interest in the equity securities of the Debtors, or the termination of Lazard's engagement pursuant to Section 10 of the Lazard Agreement.  One half of the Monthly Fees paid in respect of any months after June 2023 shall be credited (without

duplication) against any Restructuring Fee or Sale Transaction Fee payable; *provided*, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that such fees are approved in entirety by the Court, if applicable.

- **Restructuring Fee**.   A fee equal to $15,000,000, payable upon the consummation of any Restructuring (the "Restructuring Fee"); *provided, however*, that if a Restructuring is to be completed through a "pre-packaged" or "pre-arranged" plan of reorganization, the Restructuring Fee shall be earned and shall be payable upon the earlier of (a) execution of definitive agreements with respect to such plan and (b) delivery of binding consents to such plan by a sufficient number of creditors and/or bondholders, as the case may be to the plan; *provided, further*, that in the event that Lazard is paid a fee in connection with a "pre-packaged" or "pre-arranged" plan and a plan of reorganization is not consummated, Lazard shall return such fee to the Debtors (less any Monthly Fees that have accrued).

- **Sale Transaction Fee**.  If, whether in connection with the consummation of a Restructuring or otherwise, the Debtors consummate a Sale Transaction incorporating all or a majority of the assets or all or a majority or controlling interest in the equity securities of the Debtors, Lazard shall be paid a fee (the "Sale Transaction Fee") equal to $15,000,000.  Any Sale Transaction Fee earned by Lazard shall be payable upon the consummation of the applicable Sale Transaction.

- **Other Sale Transaction Fee**:   If, whether in connection with the consummation of a Restructuring or otherwise, the Debtors consummate any Sale Transaction not covered by the immediately preceding sub-bullet (including, for the avoidance of doubt, a sale of substantially only buybuy BABY, INC. or its subsidiaries), the Debtors shall pay Lazard a fee (the "Other Sale Transaction Fee") based on the Aggregate Consideration calculated as set forth in Schedule I to the Engagement Letter; *provided, however*, to the extent that the buyer in the Sale Transaction also provided any "debtor in possession financing" and it uses all or any portion of such "debtor in possession" financing as consideration paid by it in such Sale Transaction (for example, as a "credit bid"), Lazard shall credit 50% of the Financing Fees earned and paid in connection with the "debtor in possession" financing that the buyer uses as consideration against the applicable Other Sale Transaction Fee.

- Any Sale Transaction Fee or Other Sale Transaction Fee shall be payable upon consummation of the applicable Sale Transaction.  One half of any Other Sale Transaction Fees paid shall be credited (without duplication) against any Restructuring Fee or Sale Transaction Fee payable; *provided, however*, that any Other Sale Transaction Fee paid with respect to a Sale Transaction involving the sale of substantially only buybuy BABY, INC. or its subsidiaries, shall be fully credited against any Restructuring Fee or Sale Transaction Fee payable.

- **Financing Fee**.  A fee, payable upon consummation of a Financing (each, a "Financing Fee"), equal to the applicable percentages of gross principal amounts as follows based on the type of Financing (including, without limitation, any debtor in possession or exit financing): (a) 1.0% of any senior secured debt financing, plus (b) 2.0% of any junior secured, last-out, unsecured, subordinated or FILO debt financing, plus (c) 3.0% of any equity, equity-linked or equity-stapled or similarly bundled equity financing (including, but not limited to, preferred or common equity, convertible debt, debt bundled or stapled with equity or equity-linked financing, options, warrants, or other rights to acquire interests), *provided*, *however*, that with respect to any debtor in possession financing involving the "roll-up" of Existing Obligations, the percentage(s) used to calculate the Financing Fee payable on account of the portion(s) of the debtor-in-possession Financing constituting amounts "rolled-up" shall be reduced by one half.  To the extent that the type of Financing issued (including any "stapled" or similarly bundled securities) would qualify as more than one of the types of Financings listed above, the highest applicable fee percentage shall apply.  For any proposed "debtor in possession" Financing, the Financing Fee shall be earned and shall be payable upon the earlier of execution of a commitment letter or a definitive agreement with respect to the Financing; *provided* that to the extent that Lazard is paid a fee in connection with a proposed "debtor in possession" Financing and the Bankruptcy Court does not provide any required approval with respect thereto, Lazard shall return such fee to the Debtors (less any Monthly Fees that have accrued).  One half of any Financing Fees paid shall be credited (without duplication) against any Restructuring Fee or Sale Transaction Fee payable.

- For the avoidance of any doubt, and except as otherwise provided above, more than one Other Sale Transaction Fee and Financing Fee may be payable.  However, notwithstanding anything to the contrary set forth above, to the extent a transaction constitutes both a Restructuring and a Sale Transaction described in subparagraph (iii)(a) above, Lazard shall only be entitled to either the Restructuring Fee or the Sale Transaction Fee payable on account of such transaction (and not both).

(iv)     In addition to any fees that may be payable to Lazard, and regardless of whether any transaction occurs, the Debtors shall promptly reimburse Lazard for all reasonable expenses incurred by Lazard (including travel and lodging, data processing and communications charges, courier services and other expenditures) and the reasonable fees and expenses of counsel retained by Lazard.

(v)     As part of the compensation payable to Lazard hereunder, the Debtors agree to the indemnification, reimbursement, contribution and other provisions set forth in the Indemnification Letter between the Debtors and Lazard dated August 10, 2022, which remains in full force and effect.

21.     The Debtors understand that Lazard intends to apply for compensation for professional services rendered and reimbursement for all reasonable expenses incurred in connection with these Chapter 11 Cases after the Petition Date, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Trustee Guidelines, and any other applicable procedures and orders of the Court, including any order granting this Application (to the extent compliance is not waived) and consistent with the proposed compensation set forth in the Engagement Letter.

22.     However, because (a) it is not the general practice of investment banking firms such as Lazard to keep detailed time records similar to those customarily kept by attorneys, (b) Lazard does not ordinarily keep time records on a "project category" basis, and (c) Lazard's compensation is based on a fixed Monthly Fee and fixed transaction fees, the Debtors respectfully request that Lazard's restructuring professionals who advise or provide professional services to, or on behalf of, the Debtors only be required to maintain records (in summary format) of the services rendered to the Debtors, including summary descriptions of those services, the approximate time expended in providing those services (in hourly increments), and the identity of the restructuring professionals who provided those services, consistent with its ordinary practice. Lazard will present such records to the Court in its fee application(s). Moreover, the Debtors respectfully request that Lazard's restructuring professionals not be required to keep time records on a "project category" basis, that its non-restructuring professionals and personnel in administrative departments (including legal) not be required to maintain any time records, and that it not be required to provide or conform to any schedule of hourly rates. To the extent that Lazard would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Trustee Guidelines, or other

applicable procedures and orders of the Court, the Debtors respectfully request that this Court waive such requirements.

23.     Lazard will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these Chapter 11 Cases.  In the event that Lazard seeks reimbursement for attorneys' fees during the term of these Chapter 11 Cases, Lazard will include the applicable invoices and supporting time records from such attorneys in Lazard's own fee applications, both interim and final.  Such invoices and time records will be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

24.     The Debtors believe that the Fee Structure is reasonable, consistent with, and typical of compensation arrangements entered into by Lazard and other comparable firms in connection with the rendering of similar services under similar circumstances, both in and out of bankruptcy proceedings.  The Debtors also believe that the Fee Structure reflects a proper balance between a fixed, monthly fee, and a contingency amount, which is tied to the consummation and closing of the transactions and services contemplated by the Debtors and Lazard in the Engagement Letter.  The Fee Structure is consistent with Lazard's normal and customary billing practices for chapter 11 cases of this size and complexity that require the level of scope and services outlined herein.  Lazard's strategic and financial expertise, as well as its capital markets knowledge, financing skills, restructuring capabilities, and mergers and acquisitions expertise, some or all of which may be required by the Debtors during the term of Lazard's engagement, were all important factors to the Debtors in agreeing to the Fee Structure.  The Debtors believe

that the ultimate benefit of Lazard's services cannot be measured by reference to the number of hours to be expended by Lazard's professionals in the performance of such services.  Indeed, the Debtors and Lazard have agreed upon the Fee Structure in anticipation that a substantial commitment of professional time and effort will be required of Lazard and its professionals in connection with these cases and in light of the fact that:  (a) such commitment may foreclose other opportunities for Lazard and (b) the actual time and commitment required of Lazard and its professionals to perform its services under the Engagement Letter may vary substantially from week to week and month to month, creating "peak load" issues for Lazard.

25.      In light of the foregoing and given the numerous issues that Lazard may be required to address in the performance of its services hereunder, Lazard's commitment to the variable level of time and effort necessary to address all such issues as they arise and the market prices for Lazard's services for engagements of this nature both in- and out-of-court and in the chapter 11 context, the Debtors believe that the Fee Structure is fair, reasonable, and market-based under the standard set forth in section 328(a) of the Bankruptcy Code.

26.      Lazard has not shared or agreed to share any compensation to be paid by the Debtors with any other person, other than principals and employees of Lazard, in accordance with section 504 of the Bankruptcy Code.

**Indemnification**

27.      As part of the overall compensation payable to Lazard under the terms of the Lazard Agreement, the Debtors have agreed to indemnify and exculpate any and all Indemnified Persons (as defined in the Indemnification Letter), and pay certain contributions and reimbursements to, Lazard in accordance with the terms and conditions set forth in the Indemnification Letter (such provisions, collectively, the "Indemnification Provisions").  As set forth more fully under the Indemnification Provisions, if any Indemnified Person becomes involved in any capacity in any

action, claim, proceeding, or investigation (each an "<u>Action</u>") brought or threatened by or against

any person related to, arising out of, or in connection with Lazard's engagement, the Debtors will

reimburse such Indemnified Person for the reasonable out-of-pocket legal and other expenses of

investigating, preparing for, and responding to such Action promptly after receipt of invoices with

reasonable descriptions thereof; *provided* that no Indemnified Person shall be entitled to any such

reimbursement to the extent that such expenses are found by a court of competent jurisdiction in a

final judgment to have resulted from such Indemnified Person's bad faith, willful misconduct, or

gross negligence.

28.    The Debtors will also indemnify and hold harmless any Indemnified Person from

and against any losses, claims, damages, liabilities, or expenses to which any Indemnified Person

may become subject under any applicable federal or state law, or otherwise, related to, arising out

of, or in connection with Lazard's engagement, whether or not any pending or threatened Action

giving rise to such losses, claims, damages, liabilities, or expenses is initiated or brought by the

Debtors or on the Debtors' behalf and whether or not in connection with any Action in which the

Debtors or any such Indemnified Person are a party, except to the extent that any such loss, claim,

damage, liability, or expense is found by a court of competent jurisdiction in a final judgment to

have resulted from such Indemnified Person's bad faith, willful misconduct, or gross negligence.[5]

29.    The indemnification, contribution, and reimbursement provisions reflected in the

Indemnification Letter are customary and reasonable terms of consideration for investment

bankers such as Lazard for proceedings both out of court and in chapter 11.  The terms of the

Indemnification Letter were fully negotiated between the Debtors and Lazard at arm's-length and

---

[5]    To the extent there is any inconsistency between the summary of the indemnification provisions set forth in this Application and the indemnifications set forth in the Indemnification Letter, the terms of the Indemnification Letter shall control.

the Debtors respectfully submit that the Indemnification Letter is reasonable and in the best interests of the Debtors, their estates, and stakeholders.  Accordingly, the Debtors request that the Court approve the Indemnification Letter, subject to customary modifications set forth in the Debtors' proposed order.

## No Duplication of Services

30.     The Debtors intend that Lazard's services will not duplicate the services to be rendered by any other professional retained by the Debtors in these Chapter 11 Cases. The Engagement Letter reflects Lazard's understanding that the Debtors have retained and may retain other professionals during the term of the engagement, and the Debtors believe that at their request Lazard will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## Lazard's Disinterestedness

31.     Lazard has informed the Debtors that, except as set forth in the Kurtz Declaration, Lazard:  (a) does not hold any interest adverse to the Debtors' estates; and (b) believes that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.  If any new material facts or relationships are discovered or arise, Lazard will inform the Court as required by Bankruptcy Rule 2014(a).

32.     During the 90-day period prior to the commencement of these cases, Lazard was paid in the ordinary course certain fees and expense reimbursements in connection with strategic restructuring initiatives and refinancing services (as described in paragraphs 14 and 15 of this Application) due under prior arrangements with the Debtors and the Lazard Agreement. Specifically, Lazard was paid (i)  $8,429,642.11 in fees other than on account of the Work Fee for services rendered, (ii)  $137,222.58 in related expense reimbursements, which included $100,000

paid as an expense deposit to cover prepetition costs, and (iii) $4,000,000 as the Work Fee, for a total of $12,566,864.69.  As of the Petition Date, no other amounts were due and payable to Lazard under the Lazard Agreement.  Accordingly, Lazard is not a prepetition creditor of the Debtors.

33.    Accordingly, to the best of the Debtors' knowledge, information, and belief that is based in reliance on the representations made to the Debtors by Lazard, the Debtors believe that Lazard is disinterested and holds no materially adverse interest as to the matters upon which they are to be retained in these Chapter 11 Cases.

## **Basis for Relief**

## I.    **The Debtors Should be Permitted to Retain and Employ Lazard on the Terms of the Lazard Agreement Pursuant to Sections 327 and 328 of the Bankruptcy Code**

34.    The Debtors seek approval of the retention and employment of Lazard pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.   Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a).  As discussed above, Lazard satisfies the disinterestedness standard of section 327(a).

35.    In addition, the Debtors seek approval of the Lazard Agreement, including the Fee Structure set forth therein, pursuant to section 328(a) of the Bankruptcy Code.  Section 328(a) of the Bankruptcy Code provides, in relevant part, that debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

36.    Section 328 of the Bankruptcy Code permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit

recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d 861, 862 (5th Cir. 1997) (internal citations omitted).

37.    As set forth above, notwithstanding approval of the Engagement Letter under section 328(a) of the Bankruptcy Code, Lazard intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Trustee Guidelines, and any other applicable procedures and orders of the Court (to the extent compliance is not waived) and consistent with the Fee Structure set forth in the Engagement Letter.

38.    The Debtors believe that the Fee Structure appropriately reflects the nature and scope of services to be provided by Lazard in these Chapter 11 Cases, Lazard's substantial experience with respect to investment banking services, and the fee structures typically utilized by Lazard and other leading investment banks that do not bill their client on an hourly basis. In agreeing to seek Lazard's retention under section 328(a) of the Bankruptcy Code, the Debtors acknowledge that: (a) they believe that Lazard's general restructuring experience and expertise, its knowledge of the capital markets, and its merger and acquisition capabilities will inure to the benefit of the Debtors in pursuing any Restructuring, Sale Transaction, or Financing (as defined in the Engagement Letter); (b) that the value to the Debtors of Lazard's services under the Lazard

20

Agreement derives in substantial part from that expertise and experience; (c) that, accordingly, the
Fee Structure is reasonable regardless of the number of hours to be expended by Lazard's
professionals in the performance of the services to be provided under the Lazard Agreement; and
(d) that any deferred fees earned by Lazard pursuant to the Engagement Letter should not be
considered to be "bonuses" or fee enhancements under applicable law.

39.    Indeed, similar fixed and contingency fee arrangements in other large chapter 11
cases have been routinely approved and implemented by courts in this circuit and elsewhere.
*See, e.g.*, *In re Redwood Liquidating Co.*, No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022);
*In re Rockall Energy Holdings, LLC*, No. 22-90000 (MXM) (Bankr. N.D. Tex. Apr. 27, 2022);
*In re Alto Maipo SpA*, No. 21-11507 (KBO) (Bankr. D. Del. Dec. 17, 2021); *In re Neiman Marcus
Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. July 16, 2020); *In re Pioneer Energy
Servs. Corp*, No. 20-31425 (DRJ) (Bankr. S.D. Tex. June 30, 2020); *In re Chinos Holdings, Inc.*,
No. 20-32181 (KLP) (Bankr. E.D. Va. June 5, 2020); *In re Insys Therapeutics, Inc.*, No. 19-11292
(KG) (Bankr. D. Del. July 15, 2019); *In re Sears Holdings Corp.,* No. 18-23538 (RDD) (Bankr.
S.D.N.Y. Nov. 9, 2018); *In re Nine West Holdings, Inc.*, No. 18-10847 (SCC) (Bankr. S.D.N.Y.
June 5, 2018); *In re FirstEnergy Solutions Corp.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio May 8,
2018); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. Apr. 4, 2018); *In re GST
AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 27, 2017); *In re Gymboree
Corporation*, No. 17-32986 (KLP) (Bankr. E.D. Va. July 11, 2017); *In re Sabine Oil & Gas Corp.*,
No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2015); *In re Standard Register Co.*,
No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015); *In re AWI Delaware, Inc.*, No. 14-12092
(KJC) (Bankr. D. Del. Sep. 17, 2014); *In re Longview Power, LLC*, No. 13-12211 (BLS)
(Bankr. D. Del. Sept. 24, 2013); *In re Maxcom Telecomm., S.A.B. de C.V.*, No. 13-11839 (PJW)

(Bankr. D. Del. Aug. 15, 2013); *In re Cengage Learning, Inc.*, No. 13-44106 (ESS) (Bankr. E.D.N.Y. July 24, 2013).[6]

40.    The Debtors also believe that employment of Lazard effective as of the Petition Date is warranted by the circumstances presented by these Chapter 11 Cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring retroactive retention.  *See In re Ark. Co.*, 798 F.2d 645, 650 (3d Cir. 1986) ("[T]he bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power." (collecting cases)).  The complexity, compressed timing, and intense activity relating to the preparation and filing of these Chapter 11 Cases necessitated that the Debtors and Lazard, as well as the Debtors' other professionals, focus their immediate attention on time-sensitive matters, and promptly devote substantial resources to the affairs of the Debtors to comply with the pending submission and approval of this Application.

## II.    The Provisions of the Indemnification Letter Are Appropriate

41.    The Debtors and Lazard believe that the Indemnification Provisions set forth in the Indemnification Letter are customary and reasonable for investment banking engagements, both out of court and in chapter 11 cases, and reflect the qualifications and limitations on indemnification provisions in this district, and others.  *See, e.g.*, *In re Redwood Liquidating Co.*, No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022) (approving similar indemnification provisions as set forth in the Indemnification Letter); *In re Rockall Energy Holdings, LLC*, No. 22-90000 (MXM) (Bankr. N.D. Tex. Apr. 27, 2022) (same); *In re Neiman Marcus Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. July 16, 2020) (same); *In re Pioneer Energy Servs. Corp*,

---

[6]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application.  Copies of these orders are available upon request of the Debtors' proposed counsel.

No. 20-31425 (DRJ) (Bankr. S.D. Tex. June 30, 2020) (same); *In re Chinos Holdings, Inc.*,

No. 20-32181 (KLP) (Bankr. E.D. Va. June 5, 2020) (same); *In re Insys-Therapeutics, Inc.*,

No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019) (same); *In re Sears Holdings Corp.,*

No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 9, 2018) (same); *In re FirstEnergy Solutions Corp.*,

No. 18-50757 (AMK) (Bankr. N.D. Ohio May 8, 2018) (same); *In re Nine West Holdings, Inc.*,

No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 8, 2018) (same); *In re Claire's Stores, Inc.*,

No. 18-10584 (MFW) (Bankr. D. Del. Apr. 4, 2018) (same); *In re GST AutoLeather*, *Inc.*,

No. 17-12100 (LSS) (Bankr D. Del. Oct. 27, 2017) (same); *In re Sabine Oil & Gas Corp.*,

No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2015) (same); *In re Standard Register Co.*,

No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015) (same); *In re AWI Delaware, Inc.*,

No. 14-12092 (KJC) (Bankr. D. Del. Sep. 17, 2014) (same); *In re Longview Power, LLC*,

No. 13-12211 (BLS) (Bankr. D. Del.  Sept. 24, 2013) (same); *In re Cengage Learning, Inc.*,

No. 13-44106 (ESS) (Bankr. E.D.N.Y.  July 24, 2013) (same).

42.     In light of the foregoing, and given the numerous issues that Lazard may be required

to address in the performance of its services under the Engagement Letter, Lazard's commitment

to the variable level of time and effort necessary to address all such issues as they arise, and the

market prices for Lazard's services for engagement of this nature, the Debtors believe that the

terms and conditions of the Lazard Agreement are fair, reasonable, and market-based under the

standards set forth in section 328(a) of the Bankruptcy Code.

**III.    The Retention of Lazard is Critical to the Debtors' Chapter 11 Efforts**

43.     The Debtors submit that the retention of Lazard is in the best interests of all parties

in interest in these Chapter 11 Cases.  As set forth above, Lazard has extensive experience in

matters involving complex financial restructurings and an excellent reputation for the services that

it has rendered in chapter 11 cases on behalf of debtors and creditor constituencies throughout the United States.  Lazard is a preeminent investment banking firm that is intimately familiar with the Debtors' businesses.  Denial of the relief requested herein will deprive the Debtors of the assistance of Lazard's uniquely qualified professionals who have served them since several months prior to the Petition Date and have continued to assist them following the Petition Date.  Indeed, if the Debtors were forced to engage a new investment banker who lacks a thorough understanding of the Debtors' businesses, such change would mandate the commitment of significant resources to educate a replacement, causing significant delay and increased cost.  Based on services performed to date, Lazard was integral in preparing the Debtors for these Chapter 11 Cases.

44.    Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry of an order authorizing the Debtors to retain and employ Lazard in these Chapter 11 Cases on the terms described herein and in the Engagement Letter.

## **Request of Waiver of Stay**

45.    To the extent that the relief sought in the Application constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  As explained herein, the relief requested in this Application is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

## **No Prior Request**

46.    No prior request for the relief sought in this Application has been made to this Court or any other court.

## Notice

47.     The Debtors will provide notice of this Application to the following parties and/or their respective counsel, as applicable:  (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) the agents under the Debtors prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) the indenture trustee to the Debtors' Senior Unsecured Notes; (f) the Debtors' Canadian counsel; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  May 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

### ORDER (I) AUTHORIZING THE
### EMPLOYMENT AND RETENTION OF
### LAZARD FRÈRES & CO. LLC AS INVESTMENT
### BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION,
### EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING
### THE TERMS OF THE LAZARD AGREEMENT, (III) WAIVING CERTAIN
### TIMEKEEPING REQUIREMENTS, AND (IV) GRANTING RELATED RELIEF

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered four (4) through eight (8) is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

Upon the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief* (the "Application"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, (a) authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("Lazard") as investment banker to the Debtors effective as of the Petition Date, on the terms set forth in the Lazard Agreement attached hereto as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**; (b) approving the terms of the Lazard Agreement; (c) waiving certain timekeeping requirements pursuant to the Bankruptcy Rules, Local Rules, and the Trustee Guidelines; and (d) granting related relief, all as more fully set forth in the Application; and upon the First Day Declaration and the declaration of David S. Kurtz in support of the Application (the "Kurtz Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** on a basis as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Lazard in accordance with the terms and conditions set forth in the Lazard Agreement, as modified herein, effective as of the Petition Date.

3. The Lazard Agreement, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, the Monthly Fee(s), the Restructuring Fee, the Sale Transaction Fee(s), the Other Sale Transaction Fee(s), the Financing Fee(s), the Work Fee, the expense reimbursement, and indemnification and related obligations are approved pursuant to section 328(a) of the Bankruptcy Code and Lazard shall be compensated,

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

reimbursed and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Letter and Indemnification Letter.

4.     No amounts shall be paid to Lazard absent an order of this Court approving an interim or final fee statement or application for the allowance of compensation and reimbursement of expenses filed by Lazard pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures or orders of this Court, except that the Debtors are authorized to pay the Monthly Fee to Lazard each month when required under the Engagement Letter without a prior fee application.

5.     Notwithstanding paragraphs 2 through 4 of this Order and any provision to the contrary in the Application or the Engagement Letter, the U.S. Trustee shall have the right to respond or object to Lazard's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code.

6.     Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-1, the U.S. Trustee Guidelines, and any otherwise applicable orders or

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records of its services rendered for the Debtors in hourly increments, and shall be authorized to file interim fee applications and/or final fee applications without previously filing or serving monthly fee statements covering the same period.

7.    The Indemnification Provisions set forth in the Indemnification Letter are approved, subject during the pendency of these cases to the following:

a.    Lazard shall not be entitled to indemnification, contribution, or reimbursement set forth in the Indemnification Letter, unless such indemnification, contribution, or reimbursement is approved by the Court as consistent with the terms of the Indemnification Letter;

b.    notwithstanding any provision of the Application and the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify any Indemnified Person (as defined in the Indemnification Letter), or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Person's gross negligence, willful misconduct, bad faith, fraud or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which it is judicially determined (the determination having become final) that such Indemnified Person has breached such Indemnified Person's obligations to maintain the confidentiality of nonpublic information, unless the Court determines that indemnification, contribution, or reimbursement would be permissible notwithstanding *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Person's gross negligence, willful misconduct, bad faith, fraud, or unconsented self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnification, contribution, or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

      c.    if, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing the Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, and/or reimbursement by any Indemnified Persons, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons; and

      d.    any limitations on any amounts to be contributed by Lazard in the case of a judicial determination of an Indemnified Person's gross negligence, willful misconduct, bad faith, fraud, or self-dealing to which the Debtors have not consented shall be eliminated from the Indemnification Letter.  The Indemnified Parties shall retain any rights they may have to contribution at common law.

9.    None of the fees payable to Lazard under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

10.    To the extent that there may be any inconsistency between the terms of the Application, the Kurtz Declaration, the Lazard Agreement, and this Order, the terms of this Order shall govern.

11.    The Debtors and Lazard are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Lazard Agreement, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

12.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

13.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit 1</u>

**March Engagement Letter**

# LAZARD

Lazard Frères & Co. LLC
300 N. LaSalle Street
23rd Floor
Chicago, IL 60654
(312) 407-6600

As of March 21, 2023

Bed Bath & Beyond Inc.
650 Liberty Avenue
Union, NJ 07083

Attention:     Sue Gove
               Chief Executive Officer

Dear Ladies and Gentlemen:

This letter agreement (the "Agreement") confirms the understanding and agreement between Lazard Frères & Co. LLC ("Lazard") and Bed Bath & Beyond Inc. ("BBBY") and its controlled subsidiaries (collectively with any entity formed or used for the purposes set forth herein, the "Company") regarding the engagement of Lazard as sole investment banker to the Company in connection with any Financing, Exchange, Sale Transaction, and/or Restructuring (each as defined herein and each a "Transaction", and collectively, the "Transactions") on the terms and conditions set forth herein.  By signing this Agreement, we hereby accept our appointment as investment banker under the terms hereof.

This Agreement supersedes the engagement agreement between Lazard and the Company (the "Prior Engagement Letter") dated January 15, 2023 (except that Lazard shall remain entitled to any accrued fees and expenses pursuant to the Prior Engagement Letter).

## *Description of Services:*

1.  Lazard agrees, in consideration of the compensation provided in Section 2 below, to perform such of the following investment banking services as the Company may reasonably request, including:

    (a)     Reviewing and analyzing the Company's business, operations and financial projections;

    (b)     Evaluating the Company's potential debt capacity in light of its projected cash flows;

    (c)     Assisting in the determination of a target capital structure for the Company;

DocuSign Envelope ID: DA2B75A2-C008-4FCE-AA35-5DEDF2453253
Case 23-13359-VFP    Doc 345    Filed 05/15/23    Entered 05/15/23 20:22:42    Desc Main
Document    Page 38 of 119

Page 2

(d)     Assisting in the determination of a range of values for the Company on a going concern basis;

(e)     Assisting in analyzing potential liability management transactions or other capital structure or strategic alternatives, including any Sale Transaction, Restructuring, Exchange and/or Financing;

(f)     Evaluating the financial terms of any proposed Transaction;

(g)     Advising the Company on tactics and strategies for negotiating with the Stakeholders and/or Transaction counterparties;

(h)     Rendering financial advice to the Company and participating in meetings or negotiations with the Stakeholders and/or rating agencies or other appropriate parties in connection with any Transaction;

(i)     Advising the Company on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to any Transaction;

(j)     Advising and assisting the Company in evaluating any potential Financing, and, subject to Lazard's agreement so to act and, if requested by Lazard, to execution of appropriate agreements, on behalf of the Company, contacting potential sources of capital as the Company may designate and assisting the Company in implementing such Financing;

(k)     Assisting the Company in preparing documentation within our area of expertise that is required in connection with any Transaction;

(l)     Assisting the Company in identifying and evaluating candidates for any potential Sale Transaction, advising the Company in connection with negotiations and aiding in the consummation of any Sale Transaction;

(m)     Attending meetings of the Board of Directors of BBBY (or other Company subsidiary, as required) with respect to matters on which we have been engaged to advise hereunder;

(n)     Providing testimony, as necessary, with respect to matters on which we have been engaged to advise hereunder in any proceeding before the Bankruptcy Court; and

(o)     Providing the Company with other financial restructuring advice.

Lazard's investment banking services hereunder shall not include serving as a dealer-manager in connection with any Exchange. Any provision of dealer-manager services would be subject to Lazard's agreement to so act and to the execution of a separate agreement between the parties or an amendment to this agreement, in either case containing terms and conditions to be mutually agreed by the parties addressing such services, including an additional dealer-manager fee.

DocuSign Envelope ID: DA2B75A2-C008-4ECE-AA35-EDEDF24E3253
Case 23-13359-VFP    Doc 345    Filed 05/15/23    Entered 05/15/23 20:22:42    Desc Main
Document    Page 39 of 119

Page 3

_Fees:_

2.  As consideration for the services to be provided, the Company shall pay Lazard the following fees:

(a)  A monthly fee of $200,000 (the "Monthly Fee"), payable on the first day of each month beginning April 1, 2023 until the earliest of completion of a Restructuring, completion of a Sale Transaction incorporating all or a majority of the assets or all or a majority or controlling interest in the equity securities of the Company, or the termination of Lazard's engagement pursuant to Section 10. One half of the Monthly Fees paid in respect of any months after June 2023 shall be credited (without duplication) against any Restructuring Fee or Sale Transaction Fee payable; _provided_, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that such fees are approved in entirety by the Bankruptcy Court, if applicable.

(b)  A fee equal to $15,000,000 payable upon the consummation of any Restructuring (the "Restructuring Fee"); _provided_, however, that if a Restructuring is to be completed through a "pre-packaged" or "pre-arranged" plan of reorganization, the Restructuring Fee shall be earned and shall be payable upon the earlier of (i) execution of definitive agreements with respect to such plan and (ii) delivery of binding consents to such plan by a sufficient number of creditors and/or bondholders, as the case may be, to bind the creditors or bondholders, as the case may be to the plan; _provided_, further, that in the event that Lazard is paid a fee in connection with a "pre-packaged" or "pre-arranged" plan and a plan of reorganization is not consummated, Lazard shall return such fee to the Company (less any Monthly Fees that have accrued).

(c)  (i) If, whether in connection with the consummation of a Restructuring or otherwise, the Company consummates a Sale Transaction incorporating all or a majority of the assets or all or a majority or controlling interest in the equity securities of the Company, Lazard shall be paid a fee (the "Sale Transaction Fee") equal to $15,000,000.

(ii) If, whether in connection with the consummation of a Restructuring or otherwise, the Company consummates any Sale Transaction not covered by clause (i) above (including, for the avoidance of doubt, a sale of substantially only BUY BUY BABY, INC. or its subsidiaries), the Company shall pay Lazard a fee (the "Other Sale Transaction Fee") based on the Aggregate Consideration calculated as set forth in Schedule I hereto; _provided_, _however_, to the extent that the buyer in the Sale Transaction also provided any "debtor-in-possession financing" and it uses all or any portion of such "debtor-in-possession" financing as consideration paid by it in such Sale Transaction (for example, as a "credit bid"), Lazard shall credit 50% of the Financing Fees earned and paid in connection with the "debtor-in-possession" financing that the buyer uses as consideration against the

applicable Other Sale Transaction Fee.

(iii) Any Sale Transaction Fee or Other Sale Transaction Fee shall be payable upon consummation of the applicable Sale Transaction. One half of any Other Sale Transaction Fees paid shall be credited (without duplication) against any Restructuring Fee or Sale Transaction Fee payable; *provided*, *however*, that any Other Sale Transaction Fee paid with respect to a Sale Transaction involving the sale of substantially only BUY BUY BABY, INC. or its subsidiaries, shall be fully credited against any Restructuring Fee or Sale Transaction Fee payable.

(d)     A fee, payable upon consummation of a Financing (each, a "<u>Financing Fee</u>"), equal to the applicable percentages of gross principal amounts as follows based on the type of Financing (including, without limitation, any debtor-in-possession or exit financing): (i) 1.0% of any senior secured debt financing, <u>plus</u> (ii) 2.0% of any junior secured, last-out, unsecured, subordinated or FILO debt financing, <u>plus</u> (iii) 3.0% of any equity, equity-linked or equity-stapled or similarly bundled equity financing (including, but not limited to, preferred or common equity, convertible debt, debt bundled or stapled with equity or equity-linked financing, options, warrants, or other rights to acquire interests) ("Equity Offering"), *provided*, however, that with respect to any debtor-in-possession financing involving the "roll-up" of Existing Obligations, the percentage(s) used to calculate the Financing Fee payable on account of the portion(s) of the debtor-in-possession Financing constituting amounts "rolled-up" shall be reduced by one half. To the extent that the type of Financing issued (including any "stapled" or similarly bundled securities) would qualify as more than one of the types of Financings listed above, the highest applicable fee percentage shall apply). For any proposed "debtor-in-possession" Financing, the Financing Fee shall be earned and shall be payable upon the earlier of execution of a commitment letter or a definitive agreement with respect to the Financing; *provided*, that to the extent that Lazard is paid a fee in connection with a proposed "debtor-in-possession" Financing and the Bankruptcy Court does not provide any required approval with respect thereto, Lazard shall return such fee to the Company (less any Monthly Fees that have accrued). One half of any Financing Fees paid shall be credited (without duplication) against any Restructuring Fee or Sale Transaction Fee payable, *provided*, however, that only 25% of any Financing Fees paid in connection with the February 2023 Transaction (as defined below) shall be credited against any Restructuring Fee or Sale Transaction Fee payable. Notwithstanding the fee set forth in Section 2(d)(iii) above with respect to an Equity Offering), it is agreed that (i) the Financing Fee payable with respect to the Equity Offering announced on or about February 6, 2023 (the "February 2023 Transaction") shall be equal to 2% of the equity capital provided in each installment (*i.e.*, $4,737,000 of such Financing Fee will be payable upon the receipt of $236,850,000 of equity capital provided at the initial closing and remaining amounts equal to 2.0% of any subsequent installments will be payable upon the funding of such installments thereafter, in both instances prior to the OID); provided that the maximum

fee to be paid in connection with the February 2023 Transaction shall not exceed $20,000,000. For avoidance of doubt, in the event the Company does not receive any of the monthly funding installments following the initial closing date of the February 2023 Transaction, then Lazard shall not be entitled to receive payment of that portion of the Financing Fee that would otherwise be payable at such future funding date. No Financing Fee will be payable in connection with the $100,000,000 FILO financing provided by Sixth Street Partners in connection with the February 2023 Transaction.

(e)    A fee, payable upon consummation of any Exchange (each, an "Exchange Fee"), equal to 1.0% of the aggregate principal amount of Funded Debt involved in such Exchange.

(f)    For the avoidance of any doubt, and except as otherwise provided above, (i) more than one fee may be payable pursuant to clauses (c)(ii), (d) and (e) above and (ii) both a Financing Fee and an Exchange Fee may be payable with respect to the same transaction. However, notwithstanding anything to the contrary set forth above, to the extent a transaction constitutes both a Restructuring and a Sale Transaction described in subparagraph (c)(i) above, Lazard shall only be entitled to either the Restructuring Fee or the Sale Transaction Fee payable on account of such transaction (and not both).

(g)    In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Company shall promptly reimburse Lazard for all reasonable expenses incurred by Lazard (including travel and lodging, data processing and communications charges, courier services and other expenditures) and the reasonable fees and expenses of counsel retained by Lazard. Notwithstanding anything to the contrary set forth in the Original Engagement Letter (as defined below), the Prior Engagement Letter or the DMA (as defined below), the Company agrees to reimburse us for outstanding legal expenses incurred by us in the amount of $488,122.32 upon completion of the funding of the February 2023 Transaction. For the avoidance of doubt, to the extent that the February 2023 Transaction is not ever funded to completion, the Company will not be obligated to reimburse us for the foregoing amount. As part of the compensation payable to Lazard hereunder, the Company agrees to the indemnification, reimbursement, contribution and other provisions set forth in the indemnification letter between the Company and Lazard dated August 10, 2022, which remains in full force and effect (the "Indemnification Letter"), and such provisions are incorporated herein in their entirety. The Indemnification Letter is attached hereto as Exhibit A.

(h)    All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

*Retention in Chapter 11 Proceedings*:

DocuSign Envelope ID: DA2B75A2-C008-4ECE-AA35-EDEDF24E3253
Case 23-13359-VFP    Doc 345    Filed 05/15/23    Entered 05/15/23 20:22:42    Desc Main
Document    Page 42 of 119

Page 6

3. In the event of the commencement of Chapter 11 proceedings, the Company agrees that it will use best efforts to obtain prompt authorization from the Bankruptcy Court to retain Lazard on the terms and conditions set forth in this Agreement under the provisions of Section 328(a) of the Bankruptcy Code. Subject to being so retained, Lazard agrees that during the pendency of any such proceedings, it shall continue to perform its obligations under this Agreement and that it shall file interim and final applications for allowance of the fees and expenses payable to it under the terms of this Agreement pursuant to the applicable Federal Rules of Bankruptcy Procedure, and the local rules and order of the Bankruptcy Court. The Company shall supply Lazard with a draft of the application and proposed retention order authorizing Lazard's retention sufficiently in advance of the filing of such application and proposed order to enable Lazard and its counsel to review and comment thereon. Lazard shall be under no obligation to provide any services under this agreement in the event that the Company becomes a debtor under the Bankruptcy Code unless Lazard's retention under the terms of this Agreement is approved under section 328(a) of the Bankruptcy Code by final order of the Bankruptcy Court, which order is acceptable to Lazard. The retention application shall note that in so agreeing to seek Lazard's retention under Section 328(a) of the Bankruptcy Code, the Company acknowledges that it believes that Lazard's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Company in pursuing any Restructuring, Sale Transaction, Exchange or Financing, that the value to the Company of Lazard's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the deferred fees, including the Restructuring Fee, Sale Transaction Fee, Other Sale Transaction Fee, Exchange Fee and Financing Fee is reasonable regardless of the number of hours to be expended by Lazard's professionals in the performance of the services to be provided hereunder, and that the deferred fees shall not be considered to be "bonuses" or fee enhancements under applicable law.

*Other:*

4. No fee payable to any third party, by the Company or any other person or entity, shall reduce or otherwise affect any fee payable hereunder to us.

5. The Company will furnish or cause to be furnished to Lazard such current and historical financial information and other information regarding the business of the Company as Lazard may request in connection with this engagement. The Company represents and warrants to Lazard that all of the foregoing information will be accurate and complete at the time it is furnished, and agrees to keep Lazard advised of all developments materially affecting the Company or its financial position. The Company also agrees to use all reasonable efforts to cause any relevant third party to provide us with such information as we deem necessary for our financial review and analysis. In performing its services pursuant to this Agreement, Lazard shall be entitled to rely upon information furnished to it by the Company or any third party and information that is publicly available, may assume the accuracy and completeness of such information and shall not assume any responsibility for independent verification of any such information. Lazard will not, as part of its engagement, undertake any independent valuation or appraisal of any of the assets or liabilities of the Company or of any third party.

6. In performing its services pursuant to this Agreement, Lazard is not assuming any responsibility for the decision of the Company or any other party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any Restructuring, Sale Transaction, Exchange,

Financing or other transaction. Lazard shall not have any obligation or responsibility to provide "crisis management" for or business consultant services to the Company and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements; nor shall Lazard be responsible for providing or deemed to have provided any tax, accounting, actuarial, legal or other specialist advice.

7.  It is understood and agreed that nothing contained in this Agreement shall constitute an express or implied commitment by Lazard or any of our affiliates to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate underwriting, placement agency or purchase agreement, as applicable, relating to the financing.

8.  On August 10, 2022, the parties hereto entered into the Indemnification Letter. The Indemnification Letter shall survive any termination or expiration of our engagement hereunder.

9.  In order to coordinate our efforts on behalf of the Company during the period of our engagement hereunder, the Company will promptly inform Lazard of any discussions, negotiations, or inquiries regarding a potential transaction, including any such discussions or inquiries that have occurred during the six-month period prior to the date of this Agreement. In the event that Lazard receives an inquiry concerning any transaction, we will promptly inform the Company of such inquiry.

10. Our engagement hereunder will expire on the earlier of the completion of a Restructuring or a Sale Transaction incorporating all or a majority of the assets or all or a majority or controlling interest in the equity securities of the Company, and may be earlier terminated by BBBY or us only upon written notice by the Company or us to the other party at any time (and, for the avoidance of doubt, not by any other action, conduct or event), without liability or continuing obligation to the Company or us following any termination or expiration, except that (a) following any termination or expiration of our engagement we shall remain entitled to any fees accrued pursuant to Section 2 but not yet paid prior to such termination or expiration, as the case may be, and to reimbursement of expenses incurred prior to such termination or expiration, as the case may be, and (b) in the case of termination by BBBY or expiration of our engagement, we shall remain entitled to full payment of all fees contemplated by Section 2 hereof in respect of any Transaction announced or resulting from negotiations occurring during the period from the date hereof until one year following such termination or expiration, as the case may be.

11. Lazard has been retained under this Agreement as an independent contractor to BBBY, and nothing herein is intended to confer any rights or remedies as against Lazard upon any person (including the management, Board of Directors, employees, securityholders and creditors of the Company) other than BBBY. In addition, it is understood and agreed that this Agreement and our engagement do not create a fiduciary relationship between Lazard and any person, including the Company or its management, Board of Directors, employees, securityholders and creditors. No one, other than senior management or the Board of Directors of BBBY (in their capacities as such) is authorized to rely upon the Company's engagement of Lazard or any statements, advice, opinions or conduct by Lazard. Without limiting the foregoing, any advice, written or oral, rendered in the course of the Company's engagement of Lazard are solely for the purpose of assisting senior management or the Board of Directors of BBBY (in their capacities as such) in evaluating any Transaction and does not constitute a recommendation to any stakeholder of the Company that such stakeholder might or should take in connection with any Transaction. The Company agrees that, notwithstanding any termination or expiration of our engagement, any

advice, written or oral, rendered by Lazard and the terms of our engagement hereunder may not be disclosed publicly or made available to third parties without the prior written consent of Lazard. Notwithstanding the foregoing, nothing herein shall prohibit the Company from disclosing to any and all persons the tax treatment and tax structure of any transaction and the portions of any materials that relate to such tax treatment or tax structure.

12. In connection with the services to be provided hereunder, Lazard may employ the services of its affiliates and may share with any such entity any information concerning the Company, provided that Lazard and such entities shall hold any nonpublic information confidential in accordance with their respective customary policies relating to nonpublic information. Any such entity so employed shall be entitled to all of the benefits afforded to Lazard hereunder and under the Indemnification Letter and shall be entitled to be reimbursed for its expenses on the same basis as Lazard.

13. The provisions hereof shall inure to the benefit of and be binding upon the successors and assigns of the Company, Lazard and any other person entitled to indemnity under the Indemnification Letter. The Company's obligations pursuant to this Agreement shall be joint and several. This Agreement and the related Indemnification Letter embody the entire agreement and understanding among the parties hereto and supersede any and all prior agreements, arrangements, and understandings, related to the matters provided for herein (including the Prior Engagement Letter and the engagement letters between the Company and Lazard dated as of August 10, 2022 (the "Original Engagement Letter")); provided, however, that this Agreement does not supersede the Dealer Manager Agreement between the parties dated October 18, 2022 (the "DMA") (and amounts may become payable pursuant thereto following the date hereof) and Lazard remains entitled to the amounts incurred in connection with the Prior Engagement Letter, the Original Engagement Letter and the DMA prior to the date hereof; and, provided, further, that no amounts paid pursuant to the Original Engagement Letter, the Prior Engagement Letter or the DMA will be credited against any amounts payable pursuant to this Agreement. No waiver, amendment or other modification of this agreement shall be effective unless in writing and signed by each party to be bound thereby.

14. This Agreement and any claim related directly or indirectly to this Agreement (including any claim concerning advice provided pursuant to our engagement hereunder) shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law. No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or the United States District Court for the Southern District of New York, and each of the parties hereby submits to the jurisdiction of such courts. The Company hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding. The Company waives all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of this Agreement or the engagement of Lazard pursuant to, or the performance by Lazard of the services contemplated by, this Agreement.

*Definitions:*

15. The term "Exchange" shall mean, collectively, any transaction, arrangement, or series of transactions or arrangements involving any Funded Debt which takes the form of an extension of term, reduction, repayment, settlement, prepayment, refinancing, or repurchase of, or other

exchange of cash for, all or a portion of the Funded Debt, a conversion of all or a portion of the Funded Debt to equity, equity-linked, or debt securities, instruments, or obligations, or an exchange of equity, equity-linked, or debt securities, instruments or obligations for all or a portion of the Funded Debt.

16. The term "Funded Debt" shall mean, collectively, (i) the Company's existing "ABL Facility," 2024 Notes, 2034 Notes, and 2044 Notes and (ii) the FILO debt.

17. The term "Financing" shall mean any transaction or series of transactions involving the public or private issuance, sale, or placement of newly-issued (including securities held in treasury) equity, equity-linked or debt securities, instruments, or obligations of the Company, and including any debtor-in-possession financing or exit financing in connection with a case under the Bankruptcy Code.

18. The term "Restructuring" shall mean, collectively, any restructuring, reorganization and/or recapitalization of all or a significant portion of the Company's outstanding indebtedness (including bank debt, bond debt, and other on and off balance sheet indebtedness), trade claims, leases (both on and off balance sheet), or other liabilities (collectively, the "Existing Obligations") that is achieved, without limitation, through a solicitation of waivers and consents from the holders of Existing Obligations (collectively, the "Stakeholders"); rescheduling of the maturities of Existing Obligations; a change in interest rates, repurchase, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity or other securities; an exchange offer involving the issuance of new securities in exchange for Existing Obligations; the issuance of new securities, sale or disposition of assets, sale of debt or equity securities or other interests or other similar transaction or series of transactions. An Exchange shall not in and of itself constitute a Restructuring.

19. The term "Sale Transaction" shall mean any transaction or series of transactions involving (a) an acquisition, merger, consolidation, or other business combination pursuant to which the business or assets of the Company are, directly or indirectly, combined with another company; (b) the acquisition, directly or indirectly, by a buyer or buyers (which term shall include a "group" of persons as defined in Section 13(d) of the Securities Exchange Act of 1934, as amended), of equity interests or options, or any combination thereof constituting a majority of the then outstanding stock of the Company or possessing a majority of the then outstanding voting power of the Company (except as may occur with current Stakeholders pursuant to a Restructuring); (c) any other purchase, acquisition, agreement or commitment to sell, directly or indirectly, by a buyer or buyers (including, without limitation, any liquidator that participates in a sale process) of significant assets, securities or other interests of the Company or (d) the formation of a joint venture or partnership with the Company or direct investment in the Company for the purpose of effecting a transfer of an interest in the Company to a third party. For purposes hereof, any sale of newly issued securities (including securities held in treasury) shall be deemed a Financing and not a Sale Transaction.

If the foregoing Agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _David S Kurtz_____

David S. Kurtz

Vice Chairman


AGREED TO AND ACCEPTED
as of the date first written above:

BED BATH & BEYOND INC., on behalf of itself
and its controlled subsidiaries

By._Sue Gove_____

Sue Gove

Chief Executive Officer

## SCHEDULE I

The following table outlines the Other Sale Transaction Fee schedule. The total fee shall be equal to the applicable percentage of the Aggregate Consideration set forth below, and for any transaction involving an Aggregate Consideration between the thresholds set forth below, the fee shall be determined by interpolating between the two closest percentages.

| Aggregate Consideration Threshold | Applicable Fee % |
|---|---|
| *($ in millions)* | |
| $25 | 2.65% |
| $100 | 2.15% |
| $200 | 1.85% |
| $300 | 1.75% |
| $400 | 1.65% |
| $500 | 1.60% |
| $600 | 1.55% |
| $700 | 1.45% |
| $800 | 1.40% |
| $900 | 1.35% |
| $1,000 | 1.30% |
| $2,000 | 1.25% |
| $3,000 | 1.15% |
| $4,000+ | 1.05% |

For purposes hereof, the term "Aggregate Consideration" means (x) the total amount of cash and the fair market value (on the date of payment) of all of the property paid and payable (including amounts paid into escrow) in connection with the Sale Transaction (or any related transaction), including amounts paid and payable in respect of convertible securities, preferred equity securities, warrants, stock appreciation rights, option or similar rights, whether or not vested, plus (y) the principal amount of all indebtedness for borrowed money or other liabilities of the Company or relevant Company entity, as applicable, as set forth on the most recent balance sheet, or, in case of the sale of assets, all indebtedness for borrowed money or other liabilities assumed, cancelled, exchanged or forgiven by a third party. Aggregate Consideration shall also include the aggregate amount of any dividends or other distributions declared by the Company or relevant Company entity, as applicable, after the date hereof other than normal quarterly cash dividends, and, in the case of the sale of assets, the net value of any current assets not sold by the Company or relevant Company entity, as applicable. For purposes of calculating Aggregate Consideration, (i) all shares will be deemed transferred where a Sale Transaction is effected by the transfer of shares, (a) constituting more than 30% of the then outstanding equity securities of or equity interest in the Company or relevant Company entity, as applicable, or (b) possessing more than 30% of the then outstanding voting power of the outstanding equity securities of or equity interest in the Company or relevant Company entity, as applicable, (ii) in the case of a "credit bid" or other contribution or exchange of Existing Obligations, the value of such Existing Obligations shall be the face value, and (iii) the value of securities (whether debt or equity) that are freely tradable in an established public market will be determined on the basis of the average closing

price in such market for the 10 trading days prior to the closing of the Sale Transaction (the "Valuation Date"); and the value of securities that have no established public market or other property will be the fair market value of such securities or other property on such Valuation Date and any restricted stock (i.e., stock in a public company not freely tradeable) received shall be valued at 85% of the public market price of such stock. Aggregate Consideration shall also be deemed to include pension liabilities and guarantees of monies borrowed assumed, cancelled, exchanged or forgiven directly or indirectly by a third party. If the Aggregate Consideration is subject to increase by contingent payments related to future events, the portion of our fee relating thereto shall be calculated by us in good faith and paid to us upon consummation of the Sale Transaction.

## <u>Exhibit 2</u>

**April Amendment**

# LAZARD

Lazard Frères & Co. LLC
300 N. LaSalle Street
23rd Floor
Chicago, IL 60654
(312) 407-6600

As of April 22, 2023

Bed Bath & Beyond Inc.
650 Liberty Avenue
Union, NJ 07083

Attention:      Holly Etlin
                Chief Restructuring Officer and Chief Financial Officer

Dear Ms. Etlin:

This letter (this "Amendment") amends the engagement agreement between Lazard Frères & Co. LLC ("Lazard") and Bed Bath & Beyond Inc. ("BBBY") and its controlled subsidiaries (collectively with any entity formed or used for the purposes set forth herein, the "Company") dated as of March 21, 2023 (the "March Engagement Agreement") and confirms the understanding and agreement between Lazard and the Company regarding the terms of Lazard's continued engagement as investment banker to the Company.  Capitalized terms used but not defined in this Amendment shall have the meanings ascribed to them in the March Engagement Agreement (and references to the March Engagement Agreement therein shall be deemed to include this Amendment).

As previously discussed and agreed, Lazard has entered into this Amendment to reflect certain modifications to the fee structure (i) in connection with services provided prior to the date hereof related to obtaining "debtor-in-possession" financing, commencing and preparing sale and winddown processes, and related restructuring matters and (ii) in the event that the Company obtains Bankruptcy Court approval for, and effectuates, a wind down of the Company, a liquidation and going out of business sales for all of the Company's stores, and a sale of the Company's other assets, including the intellectual property (a "Wind Down").  For the avoidance of doubt, the March Engagement Agreement remains in full operation and effect (including that Lazard shall remain entitled to any accrued fees and expenses pursuant to the March Engagement Agreement), other than to the extent the terms of the March Engagement Agreement are expressly superseded by this Amendment.[1]

1.  In connection with entry into this Amendment and prior to the commencement of chapter 11 proceedings, it was agreed, and Lazard received, a fee equal to $4,000,000 (the "Work Fee"), which was earned and paid in connection with services that Lazard provided related to obtaining "debtor-in-possession" financing, commencing and preparing sale and winddown processes, and related restructuring matters.  It was further agreed that the Work Fee (A) was earned regardless of the occurrence of a Wind Down, and (B) replaced any Financing Fees that

---

[1] The March Engagement Agreement and this Amendment together constituting the terms of Lazard's continued engagement as investment banker to the Company, as may be further amended as needed.

# LAZARD

Lazard Frères & Co. LLC
300 N. LaSalle Street
23rd Floor
Chicago, IL 60654
(312) 407-6600

would be earned and payable under the March Engagement Agreement on account of the $240 million of "debtor-in-possession" financing provided by Sixth Street Specialty Lending, Inc., as administrative agent, and the lenders party thereto (the "<u>Sixth Street DIP</u>"), and Lazard shall not be entitled to any additional Financing Fees under the March Engagement Agreement with respect to that same financing.

2.    In the event of a Wind Down, then, in lieu of the fees set forth in Section 2 of the March Engagement Agreement, and as consideration for the services to be provided, the Company shall pay Lazard the following fees:

a.   A monthly fee of $200,000 (the "<u>Monthly Fee</u>"), payable on the first day of each month beginning April 1, 2023 until the termination of Lazard's engagement pursuant to the March Engagement Agreement.  One half of the Monthly Fees paid in respect of any months after June 2023 shall be credited (without duplication) against any Sale Transaction Fee or Other Sale Transaction Fee (each as defined below) payable; *provided*, that such credit shall only apply to the extent that the Sale Transaction Fee or Other Sale Transaction Fee is paid to Lazard in full, subject only to giving effect to the monthly credit described herein, and the Sale Transaction Fee or Other Sale Transaction Fee is approved in its entirety by the Bankruptcy Court.

b.   (i) If the Company consummates one or a series of Sale Transactions on a going-concern basis (as such term is used in U.S. generally accepted accounting principles) incorporating all or any portion of the assets of BUY BUY BABY, INC.), Lazard shall be paid a fee (the "<u>Sale Transaction Fee</u>") based on the Aggregate Consideration in such Sale Transaction(s) equal to (A) 2.25% of such Aggregate Consideration, *plus* (B) 2.5% of any Aggregate Consideration in excess of $500 million; *provided*, *however*, that a sale of all or any portion of BUY BUY BABY, INC. on a going-concern basis (as such term is used in U.S. generally accepted accounting principles) that results in Aggregate Consideration of less than $300 million shall constitute an Other Sale Transaction, and Lazard's fees for such sale shall be calculated pursuant to clause (ii) below, and not pursuant to this clause (i).

(ii) If the Company consummates one or a series of Sale Transactions not covered by clause (i) above (including a sale of any of the Company's intellectual property assets), Lazard shall be paid a fee (the "<u>Other Sale Transaction Fee</u>") equal to (A) 1.75% of Aggregate Consideration less than or equal to $175 million, *plus* (B) 2.25% of Aggregate Consideration in excess of $175 million but less than or equal to $225 million, *plus* (C) 2.5% of Aggregate Consideration in excess of $225 million; *provided*, *however*, that the Other Sale Transaction Fee received by Lazard shall be no less than $3,000,000 in connection with one or a series of Sale Transactions not covered by clause (i) above (including for any sale of any of the Company's intellectual property assets) that is greater than or equal to $150 million.

(iii) For purposes of clauses (i) and (ii) above, Sale Transactions shall not include

LAZARD

Lazard Frères & Co. LLC
300 N. LaSalle Street
23rd Floor
Chicago, IL 60654
(312) 407-6600

any transaction pursuant to a liquidation process conducted by any person other than Lazard and involving only asset sales of any working capital assets, fixtures, real estate, or lease designation rights.  For the avoidance of doubt, the foregoing shall not be deemed to exclude any such assets from the calculation of Aggregate Consideration if they are involved in a Sale Transaction.

(iv) To the extent that the Aggregate Consideration received in connection with one or a series of Sale Transactions (measured on a combined basis) (i) is less than or equal to $250 million, Lazard shall credit a portion of the Work Fee calculated in an amount equal to 75% of any Sale Transaction Fee or Other Sale Transaction Fee payable up to a maximum aggregate $3 million credit, or (ii) exceeds $250 million, Lazard shall credit a portion of the Work Fee calculated in an amount equal to 50% of any Sale Transaction Fee or Other Sale Transaction Fee payable up to a maximum aggregate $3 million credit.

c.  A fee, payable upon the earlier of execution of a commitment letter or a definitive agreement with respect to any Financing other than the Sixth Street DIP (each, a "Financing Fee"), calculated in the manner set forth in the first two sentences of Section 2(d) of the March Engagement Agreement.

d.  For the avoidance of any doubt, more than one fee may be payable pursuant to clauses (b) and (c) above.

e.  In addition to any fees that may be payable to Lazard, and regardless of whether any Transaction occurs, the Company shall promptly reimburse Lazard for all reasonable expenses incurred by Lazard (including travel and lodging, data processing and communications charges, courier services, and other expenditures) and the reasonable fees and expenses of counsel retained by Lazard.

f.  As part of the compensation payable to Lazard hereunder, the Company agrees to the indemnification, reimbursement, contribution and other provisions set forth in the indemnification letter between the Company and Lazard dated August 10, 2022, which remains in full force and effect (the "Indemnification Letter"), and such provisions are incorporated herein in their entirety.  The Indemnification Letter is attached hereto as Exhibit A.

g.  All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

3.  This Amendment and any claim related directly or indirectly to this Amendment shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law.  No such claim shall be commenced, prosecuted, or continued in any forum other than the courts of the State of New York located in the City and County of New York or the United States District Court for the Southern District of New York, and each of the parties hereby submits to the jurisdiction of such courts.  The Company hereby waives on behalf

# LAZARD

Lazard Frères & Co. LLC
300 N. LaSalle Street
23rd Floor
Chicago, IL 60654
(312) 407-6600

of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding.  The Company waives all right to trial by jury in any action, proceeding, or counterclaim (whether based upon contract, tort, or otherwise) related to or arising out of this Amendment.

If the foregoing Amendment is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRÈRES & CO. LLC

By: _David S Kurtz_____

David S. Kurtz
Vice Chairman

AGREED TO AND ACCEPTED
as of the date first written above:

BED BATH & BEYOND INC., on behalf of itself
and its controlled subsidiaries

By: _Holly Etlin_____

Holly Etlin
Chief Restructuring Officer and Chief Financial Officer

## <u>Exhibit 3</u>

**Indemnification Letter**

DocuSign Envelope ID: F4F278D4-C2DB-4F95-BF63-B93F82D9C6E6

# LAZARD

Lazard Frères & Co. LLC
300 N. LaSalle Street
23rd Floor
Chicago, IL 60654
(312) 407-6600

As of August 10, 2022

Bed Bath & Beyond Inc.
650 Liberty Avenue
Union, NJ

Ladies and Gentlemen:

        In connection with our engagement to advise and assist Bed Bath & Beyond Inc. and its controlled subsidiaries (collectively, "you") with the matters set forth in the engagement letter of even date herewith, you and we are entering into this letter agreement.  It is understood and agreed that in the event that Lazard Frères & Co. LLC or any of our current or future affiliates, or any of our or their respective directors, officers, members, employees, agents or controlling persons, if any (each of the foregoing, including Lazard Frères & Co. LLC, being an "Indemnified Person"), become involved in any capacity in any action, claim, proceeding or investigation brought or threatened by or against any person, including your securityholders, related to, arising out of or in connection with our engagement, you will promptly reimburse each such Indemnified Person for its reasonable, out-of-pocket legal and other expenses (including the reasonable, out-of-pocket cost of any investigation and preparation) promptly after receipt of invoices with reasonable descriptions thereof; provided that no Indemnified Person shall be entitled to any such reimbursement to the extent that such expenses are found by a court of competent jurisdiction in a judgment which has become final (in that it is no longer subject to appeal or review) to have resulted from such Indemnified Person's bad faith, willful misconduct or gross negligence.  You will indemnify and hold harmless each Indemnified Person from and against any losses, claims, damages, liabilities or expenses to which any Indemnified Person may become subject under any applicable federal or state law, or otherwise, related to, arising out of or in connection with our engagement, whether or not any pending or threatened action, claim, proceeding or investigation giving rise to such losses, claims, damages, liabilities or expenses is initiated or brought by you or on your behalf and whether or not in connection with any action, claim, proceeding or investigation in which you or any such Indemnified Person are a party, except to the extent that any such loss, claim, damage, liability or expense is found by a court of competent jurisdiction in a judgment which has become final (in that it is no longer subject to appeal or review) to have resulted from such Indemnified Person's bad faith, willful misconduct or gross negligence.  Notwithstanding anything to the contrary in this agreement, to the extent that an Indemnified Person is found by a court of competent jurisdiction in a judgment which has become final (in that it is no longer subject to appeal or review) to be not entitled to indemnification in respect of a loss, claim, damage, liability or expense in accordance with the previous sentence, such Indemnified Person will promptly repay to you (i) any indemnification payments made by you under this agreement with respect thereto and (ii) any expenses previously reimbursed by you under this agreement that were attributable thereto.  You also agree that no Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to you or your securityholders or creditors related to, arising out of or in connection with our engagement except to the extent that any loss, claim, damage or liability is found by a court of

DocuSign Envelope ID: F4F278D4-C2DB-4F95-BE63-B93F82D9C6E6

competent jurisdiction in a judgment which has become final (in that it is no longer subject to appeal or review) to have resulted from such Indemnified Person's bad faith, willful misconduct or gross negligence. If multiple claims are brought against any Indemnified Person in an arbitration related to, arising out of or in connection with our engagement, and indemnification is permitted under applicable law with respect to at least one such claim, you agree that any arbitration award shall be conclusively deemed to be based on claims as to which indemnification is permitted and provided for hereunder, except to the extent the arbitration award expressly states that the award, or any portion thereof, is based solely on a claim as to which indemnification is not available.

If for any reason the foregoing indemnification is held unenforceable or is otherwise unavailable (other than due to a failure to meet the standard of care set forth in the preceding paragraph), then you shall contribute to the loss, claim, damage, liability or expense for which such indemnification is held unenforceable in such proportion as is appropriate to reflect the relative benefits received, or sought to be received, by you and your securityholders and creditors on the one hand and the Indemnified Persons on the other hand in the matters contemplated by our engagement as well as the relative fault of yourselves and such persons with respect to such loss, claim, damage, liability or expense and any other relevant equitable considerations. You agree that for the purposes hereof the relative benefits received, or sought to be received, by you and your securityholders and creditors and the Indemnified Persons shall be deemed to be in the same proportion as (i) the total value paid or proposed to be paid by or to you and your securityholders and creditors, as the case may be, pursuant to any transaction (whether or not consummated) for which we have been engaged to perform investment banking services bears to (ii) the fees paid or proposed to be paid to us in connection with such engagement; provided, however, that, to the extent permitted by applicable law, in no event shall we or any other Indemnified Person be required to contribute an aggregate amount in excess of the aggregate fees actually paid to us for such investment banking services. Your reimbursement, indemnity and contribution obligations under this agreement shall be joint and several, shall be in addition to any liability which you may otherwise have, shall not be limited by any rights we or any other Indemnified Person may otherwise have and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of yourselves, ourselves, and any other Indemnified Persons.

We or the relevant Indemnified Person shall notify you in writing (email will suffice) promptly after receipt by an Indemnified Person of actual notice of the commencement of any claim, action, proceeding or investigation with respect to which reimbursement or indemnification may be sought hereunder; provided that the omission so to notify you will not (a) relieve you from any liability which you may have on account of this agreement, except to the extent you have been actually materially prejudiced by such omission and (y) will not in any event relieve you from any other obligation or liability that you may have to any Indemnified Person otherwise than under this agreement. You shall be entitled to participate in any such claim, action, proceeding or investigation. You shall also be entitled to assume the defense of any such claim, action, proceeding or investigation with counsel reasonably satisfactory to us. If you have so assumed the defense of any claim, action, proceeding or investigation, each Indemnified Person shall have the right to participate in such claim, action, proceeding or investigation and to retain its own counsel but, except as provided below, you shall not be responsible for any costs, fees or expenses of any such separate counsel. Notwithstanding the foregoing, you may not assume the defense and we or the Indemnified Persons shall have the right to employ separate counsel in the defense of such claim, action, proceeding or investigation with you bearing the reasonable, out-of-pocket legal and other expenses of such separate counsel, if (i) you have failed to assume the defense and retain counsel in a timely manner or you have retained counsel that is not reasonably acceptable to us, (ii) you do not diligently defend the claim, action, proceeding or

investigation after assuming defense thereof, (iii) the use of counsel chosen by you to represent such Indemnified Person would be inappropriate due to actual or potential conflicts of interest or (iv) you have provided prior written authorization to such Indemnified Person to employ separate counsel at your expense. Notwithstanding the foregoing, if any claim, action, proceeding or investigation seeks non-monetary relief or includes a criminal or quasi-criminal claim, we may, by written notice to you, assume the exclusive right to defend and resolve such matter with the costs of such defense and resolution to be at your expense. Notwithstanding any provision herein, in no event shall you be responsible for the fees, costs or expenses of more than one counsel (plus one local counsel in any jurisdiction where necessary) for all Indemnified Persons in connection with any claim, action, proceeding or investigation unless an Indemnified Person has been advised by its own counsel that there exist actual or potential conflicting interests between such Indemnified Person and another Indemnified Person subject to the same Indemnification Claim, including the availability of one or more legal defenses which are different from or additional to those available to the other Indemnified Person. The Company shall be liable for any settlement of any Indemnification Claim made with the Company's prior written consent (which shall not be unreasonably withheld, conditioned or delayed).

No Indemnified Person may, without your prior written consent (which will not be unreasonably withheld, conditioned or delayed), agree to the settlement of any claim, action, proceeding or investigation for which indemnity will be sought hereunder.

You agree that, without our prior written consent (which will not be unreasonably withheld), you will not settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action, proceeding or investigation in respect of which indemnification or contribution could be sought hereunder (whether or not we or any other Indemnified Persons are an actual or potential party to such claim, action, proceeding or investigation), unless such settlement, compromise or consent includes an unconditional release of each Indemnified Person from all liability arising out of such claim, action, proceeding or investigation. No waiver, amendment or other modification of this agreement shall be effective unless in writing and signed by each party to be bound thereby. This agreement and any claim related directly or indirectly to this agreement shall be governed and construed in accordance with the laws of the State of New York (without giving regard to the conflicts of law provisions thereof). No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or the United States District Court for the Southern District of New York, and each of us hereby submits to the jurisdiction of such courts. You hereby waive on behalf of yourself and your successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable. You (on your own behalf and, to the extent permitted by applicable law, on behalf of your securityholders and creditors) waive all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to, arising out of or in connection with this agreement or our engagement.

*[Signature page follows.]*

DocuSign Envelope ID: F4F27BD4-C2DB-4F95-BF63-B93F82D9C6E6

This agreement shall remain in effect indefinitely, notwithstanding any termination of our engagement.


Very truly yours,

LAZARD FRERES & CO. LLC

By: _David A Kurtz_____

David Kurtz
Vice Chairman


AGREED TO AND ACCEPTED
as of the date first
above written:

BED BATH & BEYOND INC., on behalf of itself
and its controlled subsidiaries

By: _Sue Gove_____

Sue Gove
Interim Chief Executive Officer

## **Exhibit B**

**Kurtz Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF DAVID S. KURTZ IN SUPPORT**
**OF THE DEBTORS' APPLICATION FOR AN**
**ORDER (I) AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT**
**BANKER EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING**

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

**THE TERMS OF THE LAZARD AGREEMENT, (III) WAIVING CERTAIN
TIMEKEEPING REQUIREMENTS, AND (IV) GRANTING RELATED RELIEF**

I, David S. Kurtz, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.    I am Vice Chairman of Investment Banking and the Global Head of the Restructuring and Capital Solutions Group at Lazard Frères & Co. LLC ("Lazard"), which has its principal office at 30 Rockefeller Plaza, New York, New York 10112.  I am authorized to make this declaration on behalf of Lazard and in support of the application (the "Application") of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order: (a) authorizing the retention and employment of Lazard as investment banker to the Debtors effective as of the Petition Date; (b) approving the terms of the Lazard Agreement; (c) waiving certain timekeeping requirements; and (d) granting related relief.[2]  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.[3]  Lazard was retained pursuant to that certain engagement letter, dated as of March 21, 2023 (the "March Engagement Letter"), as amended by that certain letter agreement, dated as of April 22, 2023 (the "April Amendment" and, together with the March Engagement Letter, the "Engagement Letter"), copies of which are attached as Exhibit 1 and Exhibit 2 to Exhibit A of the Application, and that certain letter regarding indemnification and related matters, dated as of August 10, 2022 (the "Indemnification Letter," which is attached as Exhibit 3 to Exhibit A of the Application and, together with the Engagement Letter, the "Lazard Agreement").

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3]    Certain disclosures herein relate to matters within the personal knowledge of other professionals at Lazard and are based on information provided to me by them.

2.      Lazard is the primary U.S. operating subsidiary of a preeminent international investment banking, financial advisory, and asset management firm.    Together with its predecessors and affiliates, Lazard has been advising clients around the world for over 174 years. Lazard and its professionals have considerable expertise and experience in providing investment banking and financial advisory services to financially distressed companies and to creditors, equity holders and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court.   In addition, Lazard's investment banking professionals have extensive experience in advising debtors in chapter 11 cases and have served as investment bankers to numerous debtors, chapter 11 trustees, creditors' committees and buyers in chapter 11 proceedings.   Since 1990, Lazard professionals have been involved in over 250 restructurings, representing over $1 trillion in debtor assets.

3.      Notably, Lazard has been retained as an investment banker and financial advisor in numerous large and complex chapter 11 cases, including, among others:   *In re Redwood Liquidating Co.*, No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022); *In re Rockall Energy Holdings, LLC*, No. 22-90000 (MXM) (Bankr. N.D. Tex. Apr. 27, 2022); *In re Alto Maipo SpA*, No. 21-11507 (KBO) (Bankr. D. Del. Dec. 17, 2021); *In re Neiman Marcus Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. July 16, 2020); *In re Pioneer Energy Servs. Corp*, No. 20-31425 (DRJ) (Bankr. S.D. Tex. June 30, 2020); *In re Chinos Holdings, Inc.*, No. 20-32181 (KLP) (Bankr. E.D. Va. June 5, 2020); *In re Insys Therapeutics, Inc.*, No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019); *In re Sears Holdings Corp.,* No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 9, 2018); *In re Nine West Holdings, Inc.*, No. 18-10847 (SCC) (Bankr. S.D.N.Y. June 5, 2018); *In re FirstEnergy Solutions Corp.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio May 8, 2018); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. Apr. 4, 2018); *In re GST AutoLeather*,

*Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 27, 2017); *In re Gymboree Corporation*, No. 17-32986 (KLP) (Bankr. E.D. Va. July 11, 2017); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2015); *In re Standard Register Co.*, No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015); *In re AWI Delaware, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. Sep. 17, 2014); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 24, 2013); *In re Maxcom Telecomm., S.A.B. de C.V.*, No. 13-11839 (PJW) (Bankr. D. Del. Aug. 15, 2013); *In re Cengage Learning, Inc.*, No. 13-44106 (ESS) (Bankr.  E.D.N.Y. July 24, 2013).

4.    In connection with its proposed retention by the Debtors in these Chapter 11 Cases, Lazard obtained from the Debtors' counsel the names of individuals and entities that may be parties in interest in these Chapter 11 Cases (the "Potential Parties in Interest"), which parties are listed on **Schedule 1**, attached hereto.  Lazard then compared the names of the Potential Parties in Interest with the names of entities that have entered into engagement agreements with Lazard in the last three years.  To the extent that this inquiry revealed that any of the Potential Parties in Interest (or any of their known or apparent affiliates) entered into any such engagement agreements with Lazard within the last three years, such parties are listed on **Schedule 2** attached hereto.  To the best of my knowledge and belief, Lazard's representation of each entity listed on **Schedule 2** (or its known or apparent affiliates) was or is only on matters that are unrelated to the Debtors and these Chapter 11 Cases.  Other than as listed on **Schedule 2**, I am unaware of any investment banking engagements of Lazard by the Potential Parties in Interest within the last three years. Given the size of the Firm and the breadth of Lazard's client base, however, it is possible that Lazard may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters without my knowledge.  To the extent that Lazard discovers or enters into any new, material relationship with Potential Parties in Interest, it will supplement this declaration.

5.     In addition to the parties listed on **Schedule 2**, Lazard may also represent, or may have represented, affiliates, equity holders or sponsors of Potential Parties in Interest and Lazard may have worked with, continue to work with, have or had mutual clients with, been represented by and/or advised certain accounting and law firms that are Potential Parties in Interest (and, in the case of law firms, may have entered into engagement agreements in which the law firm was named as client although the work was performed for a mutual client of Lazard's and the applicable law firm).  Lazard may also represent, or may have represented in the past, committees or groups of lenders or creditors in connection with certain restructuring or refinancing engagements, which committees or groups include, or included, entities that are Potential Parties in Interest.  Certain of the Potential Parties in Interest may also be vendors and/or have other non-investment banking relationships with Lazard.

6.     Although Lazard has researched the Potential Parties in Interest list, the Debtors may also have numerous customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom Lazard may maintain business relationships.  Additionally, as noted above, Lazard is a U.S. operating subsidiary of an international financial advisory and asset management firm that has several legally separate and distinct affiliates.  Although it is possible that employees of certain affiliates may assist Lazard in connection with Lazard's engagement, as Lazard is the only entity being retained by the Debtors, we have researched only the electronic client files and records of Lazard, not of all of its affiliates, to determine relationships with any Potential Parties in Interest.

7.     In addition, as of the date hereof, Lazard and its affiliates have approximately 3,400[4] employees worldwide.  It is possible that certain of Lazard's and its affiliates' respective

---

[4]     As of December 31, 2022.

directors, officers, and employees may have had in the past, may currently have, or may in the

future have connections to (i) the Debtors, (ii) Potential Parties in Interest in these Chapter 11

Cases, or (iii) funds or other investment vehicles that may own debt or securities of the Debtors or

other Potential Parties in Interest.

8.      Lazard also has asset management affiliates, Lazard Asset Management LLC

("LAM") and Lazard Frères Gestion SAS ("LFG"), and an affiliate, Edgewater HoldCo LLC, that

holds interests in the management companies for certain private funds (collectively, "Edgewater").

Although Lazard receives payments from LAM, LFG, and Edgewater generated by their respective

business operations, each of LAM, LFG, and Edgewater is operated as a separate and distinct

affiliate and is separated from Lazard's other businesses.   As part of their regular business

operations, LAM and LFG may act as investment advisor for or trade securities (including in

discretionary client accounts, and through the operation of hedge funds and mutual funds, in which

cases investment decisions are made by LAM or LFG), including on behalf of creditors, equity

holders, or other parties in interest in these cases, and Lazard or its respective affiliates, managing

directors, and employees.   Some of these LAM or LFG accounts and funds may have held, may

now hold, or may in the future hold debt or equity securities of the Debtors or the Debtors'

creditors, equity holders, or other parties in interest in these cases, and LAM or LFG may have

relationships with such parties.   Furthermore, some of the investment funds managed by Edgewater

may have held, may now hold or may in the future hold debt or equity securities of the Debtors or

the Debtors' creditors, equity holders, or other parties in interest in these cases.   Additionally, the

Debtors, their creditors, equity holders, or other parties in interest in these cases, and Lazard or its

affiliates, managing directors, and employees, may be investors in investment funds that are

managed by Edgewater.   Lazard has in place compliance procedures to ensure that no confidential

or non-public information concerning the Debtors has been or will be available to employees of LAM, LFG, or Edgewater.

9.      During the 90-day period prior to the commencement of these cases, Lazard was paid in the ordinary course certain fees and expense reimbursements in connection with strategic restructuring initiatives and refinancing services (as described in paragraphs 14 and 15 of the Application) due under prior arrangements with the Debtors and the Lazard Agreement. Specifically, Lazard was paid (i) $8,429,642.11 in fees other than on account of the Work Fee for services rendered, (ii) $137,222.58 in related expense reimbursements, which included $100,000 paid as an expense deposit to cover prepetition costs, and (iii) $4,000,000 as the Work Fee, for a total of $12,566,864.69. As of the Petition Date, no other amounts were due and payable to Lazard under the Lazard Agreement. Accordingly, Lazard is not a prepetition creditor of the Debtors.

10.     Other than as disclosed herein, Lazard has no relationship with the Debtors of which I am aware after due inquiry.

11.     Based upon the foregoing, except as otherwise set forth herein, to the best of my knowledge, information, and belief, Lazard (a) is not a creditor, equity security holder or an insider of the Debtors and (b) is not or was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors.

12.     The Indemnification Letter includes standard and customary terms contained in Lazard's engagement letters both in and outside of bankruptcy cases. Based on my experience in the market for investment banking services, the Indemnification Letter is similar to the indemnification provisions in engagement letters of other similarly situated investment banking firms in engagements both in and outside of bankruptcy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated:  May 15, 2023                          */s/ David S. Kurtz*
                                                                   David S. Kurtz
                                                                   Vice Chairman
                                                                   Lazard Frères & Co. LLC

## **Schedule 1**

### **Potential Parties in Interest**

# SCHEDULE 1

### List of Schedules

| Schedule | Category |
| --- | --- |
| 1(a) | Debtor |
| 1(b) | Non-Debtor Affiliate |
| 1(c) | Director/Officer |
| 1(d) | Equity Shareholder |
| 1(e) | Bondholder |
| 1(f) | Debtor Professional |
| 1(g) | Depository Banks |
| 1(h) | Freight Provider |
| 1(i) | Guarantor |
| 1(j) | Insurance Provider |
| 1(k) | Interested Party |
| 1(l) | Landlord |
| 1(m) | Lender Advisor |
| 1(n) | Letter of Credit Beneficiary |
| 1(o) | Letter of Credit Provider |
| 1(p) | Litigation |
| 1(q) | Office of the United States Trustee & Judge |
| 1(r) | Ordinary Course Professional |
| 1(s) | Secured Lender |
| 1(t) | Trade |
| 1(u) | UCC Lien |
| 1(v) | Unsecured Noteholder |
| 1(w) | Utility Provider |

# SCHEDULE 1(a)

## Debtor

Alamo Bed Bath & Beyond Inc.
BBB Canada LP Inc.
BBB Value Services Inc.
BBBY Management Corp.
BBBYCF LLC
BBBYTF LLC
Bed Bath & Beyond Inc.
Bed Bath & Beyond of Annapolis Inc.
Bed Bath & Beyond of Arundel Inc.
Bed Bath & Beyond of Baton Rouge Inc.
Bed Bath & Beyond of Birmingham Inc.
Bed Bath & Beyond of Bridgewater Inc.
Bed Bath & Beyond of California LLC
Bed Bath & Beyond of Davenport Inc.
Bed Bath & Beyond of East Hanover Inc.
Bed Bath & Beyond of Edgewater Inc.
Bed Bath & Beyond of Falls Church Inc.
Bed Bath & Beyond of Fashion Center Inc.
Bed Bath & Beyond of Frederick Inc.
Bed Bath & Beyond of Gaithersburg Inc.
Bed Bath & Beyond of Gallery Place LLC
Bed Bath & Beyond of Knoxville Inc.
Bed Bath & Beyond of Lexington Inc.
Bed Bath & Beyond of Lincoln Park Inc.
Bed Bath & Beyond of Louisville Inc.
Bed Bath & Beyond of Mandeville Inc.
Bed Bath & Beyond of Manhattan Inc.
Bed Bath & Beyond of Norman Inc.
Bed Bath & Beyond of Opry Inc.
Bed Bath & Beyond of Overland Park Inc.
Bed Bath & Beyond of Palm Desert Inc.
Bed Bath & Beyond of Paradise Valley Inc.
Bed Bath & Beyond of Pittsford Inc.
Bed Bath & Beyond of Portland Inc.
Bed Bath & Beyond of Rockford Inc.
Bed Bath & Beyond of St. Louis Inc.
Bed Bath & Beyond of Towson Inc.
Bed Bath & Beyond of Virginia Beach Inc.
Bed Bath & Beyond of Waldorf Inc.
Bed Bath & Beyond of Woodbridge Inc.
Bed 'n Bath Stores Inc.
Buy Buy Baby Inc.

Buy Buy Baby of Rockville Inc.
Buy Buy Baby of Totowa Inc.
BWAO LLC
Chef C Holdings LLC
Decorist LLC
Deerbrook Bed Bath & Beyond Inc.
Harmon of Brentwood Inc.
Harmon of Caldwell Inc.
Harmon of Carlstadt Inc.
Harmon of Franklin Inc.
Harmon of Greenbrook II Inc.
Harmon of Hackensack Inc.
Harmon of Hanover Inc.
Harmon of Hartsdale Inc.
Harmon of Manalapan Inc.
Harmon of Massapequa Inc.
Harmon of Melville Inc.
Harmon of New Rochelle Inc.
Harmon of Newton Inc.
Harmon of Old Bridge Inc.
Harmon of Plainview Inc.
Harmon of Raritan Inc.
Harmon of Rockaway Inc.
Harmon of Shrewsbury Inc.
Harmon of Totowa Inc.
Harmon of Wayne Inc.
Harmon of Westfield Inc.
Harmon of Yonkers Inc.
Harmon Stores Inc.
Liberty Procurement Co. Inc.
Of a Kind Inc.
One Kings Lane LLC
San Antonio Bed Bath & Beyond Inc.
Springfield Buy Buy Baby Inc.

## SCHEDULE 1(b)

### Non-Debtor Affiliate

BBB Canada Ltd.
BBB Mexico L.L.C.
Bed Bath & Beyond Canada L.P.
Bed Bath & Beyond Mexico S. de R. de C.V.
Harmon of Roxbury, Inc.
Importadora BBBMex S. de R.L. de C.V.
Oak Insurance Company Inc.
Servicios BBBMex S. de R.L. de C.V.
Servicios, S. de R.L. de C.V.

# SCHEDULE 1(c)

## Director/Officer

Andrisano, Toni-Anne
Bowen, Marjorie
Crossen, Laura
Danzig, Mark
Dyer, Greg
Edelman, Harriet
Foster, Jonathan
Fratanduono, Camille
Gove, Sue
Haddad, Wade
Kastin, David
Kim, Susie
Kirwan, Jeffrey
Lindblom, Scott
Lombard, Shelly
Markoe, Lynda
Schecter, Joshua
Shah, Minesh
Sichel, Bart
Sirhal, Mara
Weiss, Andrea
Wu, Patty
Yerger, Ann

# SCHEDULE 1(d)

## **Equity Shareholder**

BlackRock Inc.
Vanguard Group Inc., The

# SCHEDULE 1(e)

## Bondholder

1832 Asset Management LP
AllianceBernstein LP
Alta Capital Management LLC
Altrius Capital Management Inc.
Ameritas Life Insurance Corp. of New York
APG Asset Management US Inc.
AQS Asset Management LLC
Aristotle Capital Management LLC
Asset Allocation & Management Co. LLC
Aviary Capital Enterprises Inc.
Banco de Sabadell SA
Bank of America Merrill Lynch Proprietary Trading
Barclays Capital Inc.
Bivium Capital Partners LLC
BlackRock Advisors LLC
Blackstone Liquid Credit Strategies LLC
BlueCrest Capital Management (U.K.) LLP
BNP Paribas Asset Management France
BNP Paribas Securities Corp.
BondBloxx Investment Management Corp.
BVK- Beamtenversicherungskasse des Kantons Zurich
Cable Car Capital LLC
California Public Employees Retirement System
Canal Insurance Co.
CapitalatWork - Foyer Group (Belgium)
Carillon Tower Advisers Inc.
CastleKnight Management LP
Catholic Family Fraternal of Texas
Chartwell Investment Partners LLC
Chicago Capital LLC
CIGNA Investments Inc.
Citigroup Global Markets Inc.
Croatian Fraternal Union of America
CTC Alternative Strategies Ltd.
DBX Advisors LLC
Deutsche Bank Securities Inc.
Diamond Insurance Group Ltd.
FBL Investment Management Services Inc.
Fidelity Management & Research Co. LLC

Finlabo SIM SpA
Flow Traders U.S. LLC
Foxhill Capital Partners LLC
Franklin Advisers Inc.
GIA Partners LLC
Goldman Sachs Asset Management LP (US)
GSO Capital Partners LP
Healthcare of Ontario Pension Plan
Highbridge Capital Management LLC
Hotchkis & Wiley Capital Management LLC
HSBC Bank PLC
International City Management Association Retirement Corp.
Invesco Advisers Inc.
Invesco Capital Management LLC
JPMorgan Investment Management Inc.
JPMorgan Securities LLC
KSKJ Life American Slovenian Catholic Union
Lawson Kroeker Investment Management Inc.
LM Capital Group LLC
Lombard Odier Asset Management Europe Ltd.
MacKay Shields LLC
Manhattan Life Insurance
Manning & Napier Advisors LLC
Marathon Asset Management Ltd.
Mellon Investments Corp.
Millennium Advisors LLC
Miller Value Partners LLC
Mirabaud Asset Management Ltd.
Mont Blanc Capital Management AG
Morgan Stanley & Co. LLC
Murchinson LP
Muzinich & Co. Inc.
Napier Park Global Capital (US) LP
New Jersey, State of, Division of Investment
New York, City of (NY), Comptroller's Office
Northern Trust Global Investments Ltd.

Northwestern Mutual Investment
    Management Co. LLC
Nykredit Bank AS
Oppenheimer Asset Management Inc.
Pension Reserves Investment Management
    Board
PFA Asset Management AS
PGIM Inc.
Pharus Management SA
PNC Bank NA
Russell Investment Management LLC
Safeway Insurance Group
Safra Securities LLC
Seix Investment Advisors LLC
Selected Funeral & Life Insurance Co.
SG Americas Securities LLC
Shlomo Holdings Ltd.
SMH Capital Advisors LLC
Squarepoint OPS LLC
State Street Global Advisors
SumRidge Partners LLC
Tennessee Farmers Mutual Insurance Co.
TOBAM
UBS Securities LLC
USA Life One Insurance Co. of Indiana
Van Eck Associates Corp.
Verition Fund Management LLC
Virtus Investment Advisers Inc.
Western Asset Management Co. LLC
Zest SA

# SCHEDULE 1(f)

## **Debtor Professional**

A&G Realty Partners, LLC
AlixPartners LLP
Cole Schotz P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
Kroll Restructuring Administration LLC

# SCHEDULE 1(g)

## **Depository Banks**

Banco Popular
BB&T
Fifth Third
First Hawaiian
JPMorgan
Key Bank
Scotia Bank
SSB/Morgan Stanley
UBS
Union Bank
US Bank
Wells Fargo

## SCHEDULE 1(h)

### **Freight Provider**

Federal Express

# SCHEDULE 1(i)

## Guarantor

BBB Canada LP Inc.
BBB Canada Ltd.
BBB Value Services Inc.
BBBY Management Corp.
BBBYCF LLC
BBBYTF LLC
Bed Bath & Beyond Canada LP
Bed Bath & Beyond Inc.
Bed Bath & Beyond of California LLC
Bed 'n Bath Stores Inc.
Buy Buy Baby Inc.
BWAO LLC
Chef C Holdings LLC
Decorist LLC
Harmon Stores Inc.
Liberty Procurement Co. Inc.

# SCHEDULE 1(j)

## Insurance Provider

Ace Property & Casualty Insurance Co.
Affiliated FM Insurance Co.
AIG
AIG Insurance Co. of Canada
AIG Specialty Insurance Co.
Allianz Global Risks US Insurance Co.
Allied World Specialty Insurance Co.
Arch Insurance Co.
Arch Specialty Insurance Co.
Argonaut Insurance Co.
Axis Surplus Insurance Co.
Berkley Assurance Co.
Berkshire Hathaway Specialty Insurance Co.
Certain Underwriters at Lloyd's - Syndicate 1183 (Validus)
Continental Insurance Co.
Endurance American Insurance Co.
Factory Mutual Insurance Co.
Federal Insurance Co.
FM Global de Mexico SA De CV
General Security Indemnity Co. of Arizona
Great American Insurance Co.
Hudson Insurance Co.
Insurance Co. of the State of Pennsylvania, The
Insurance Corp. of British Columbia
Liberty Surplus Insurance Corp.
Lloyd's Syndicate 2623 (Beazley Furlonge Ltd.)
Mercer Insurance Co.
National Casualty Co.
National Union Fire Insurance Co. of Pittsburgh PA
Navigators Insurance Co.
Ohio Casualty Insurance Co., The
Old Republic Union Insurance Co.
Safety National Casualty Corp.
Safety Specialty Insurance Co.
Scottsdale Insurance Co.
Starr Surplus Lines Insurance Co.
State National Insurance Co. Inc.
Underwriters At Lloyd's London
XL Insurance America Inc.
Zurich American Insurance Co.

# SCHEDULE 1(k)

## **Interested Party**

Angelo Gordon
Ares Management Corp.
Authentic Brands Group Inc.
Blue Torch Capital LP
Centerbridge Partners LP
Cerberus Capital Management LP
Citigroup Inc.
Cohen, Ryan
CSC Generation Inc.
Hudson Bay Capital
Interweave Inc.
JPMorgan Chase & Co.
Michaels Stores Inc.
MidCap Financial LLC
Putman Investments
SB360 Capital Partners LLC
Silver Point Capital LP
Sleep Country Canada Holdings Inc.
Sycamore Partners Management LP

# SCHEDULE 1(l)

## Landlord

0509 CC Ocala Joint Venture
0534 Pensacola Cordova Land LLC
101 & Scottsdale LLC
1019 Central Avenue Corp.
12535 SE 82nd Ave LLC
1301 East Gladstone Street Investors LLC
13555 TTN LLC
168th & Dodge LP
1700 Oxford Drive Partnership
200-220 West 26 LLC
209-261 Junction Road Madison Investors
    LLC
2180 Kings Highway DE LLC
2200 Lohman Ave. LLC
270 Greenwich Street Associates LLC
271 South Broadway LLC
28th Street Management Co. LLC
293-305 Route 22 East LLC
31535 Southfield Road LLC
36 Monmouth Plaza LLC
3600 Long Beach Road, LLC
4S Commons Partners LLC
555 9th Street LP
5737-5848 North Elizabeth Street Holdings
    LLC
6034 Azle Avenue LLC
675 AOA Owner LLC
81 Associates LLC
A&W Acquisitions LLC
ABAH LLC
Aberdeen Commons Associates LLC
ABJ Group Advancement TX LLC
Acadia Realty LP
ACS Fort Smith Pavilion AR LLC
ACS Town Square Shopping Center IN LLC
AE Holdings I LLC
AGC Pacific Coast Plaza LLC
Agree 1031 LLC
Agree Grand Chute WI LLC
Agree LP
Airport Plaza LLC
AJG Enterprises LLC

AK-SAR-BEN Village LLC
Alexander's Rego Shopping Center Inc.
Alexandria Main Mall LLC
Almaden Plaza Shopping Center Inc.
Alpine Cherry Creek LLC
ALTO Northpoint LP
Amherst Crossing AMA Realty Ventures
    LLC
Anna Mscisz Trust
Arapahoe Crossings LP
Arboretum Retail LLC
ARC ASANDSC001 LLC
ARC BHTVCMI001 LLC
ARC CLORLFL001 LLC
ARC CLORLFL001 LLC-Lockbox
ARC CPFAYNC001 LLC
ARC PCBIRAL001 LLC
ARC PRLAWKS001 LLC
ARC SMWMBFL001 LLC
ARC SSSEBFL001 LLC
ARC TCMESTX001 LLC
ARG BBSCHIL001 LLC
ARG CCALBNMOO1 LLC
ARG FSBROWI001 LLC
ARG GFBOGKY001 LLC
ARG MPLTRAR001 LLC
ARG PSALBNM001 LLC
ARG SAABITX001 LLC
ARG SPSPRIL001 LLC
ARG SSSTRPA001 LLC
ARG TTRALNC001 LLC
Arrowhead Palms LLC
A-S 149 Island Gate Plaza LP
A-S 156 HQSC LP
Asbury Shops LLC
ATT OST Marketplace LLC
AVR CPC Associates LLC
B Comm Realty LLC
B33 Erie Marketplace II LLC
B33 Maple Grove II LLC
Barrywoods Holdings LLC
Basser-Kaufman Real Estate

Bayer Development Co. LLC
Bayshore Mall Partners
BBB Plaza Associates Ltd.
BBP Partners LLC
BCB Group Investments Tramonto
    Marketplace LLC
BCC II LLC
Beatty LP
Bell Tower Shops LLC
Belleclaire Hotel LLC
Belz Investco GP
Benchmark-Clarence Associates LLC
Benderson 85-1 Trust
Benderson Properties Inc.
Berkshire Merrill Road LLC
BG Monmouth LLC
BIT Holdings Sixty-Three Inc.
BIT Investment Twenty Seven LLC
Bowles Village Center LLC
Boyer Spring Creek LLC
Bradenton I LLC
BRE DDR Fairfax Town Center LLC
BRE DDR Flatacres Marketplace LLC
BRE DDR IVA Southmont PA LLC
BRE DDR Lake Brandon Village LLC
BRE/Pearlridge LLC
BREIT Bingo Holdings LLC
Brentwood Plaza LLC
Bridgewater Falls Station LLC
Brighton Mall Associates LP
Bristol-Warner Investors LLC
Brixmor Arborland LLC
Brixmor GA Coastal Landing (FL) LLC
Brixmor GA Cobblestone Village at St.
    Augustine LLC
Brixmor GA Delta Center (MI) LLC
Brixmor GA Fashion Corner LLC
Brixmor GA Springdale/Mobile LP
Brixmor GA Westminster LLC
Brixmor Hale Road LLC
Brixmor Holdings 6 SPE LLC
Brixmor Property Owner II LLC
Brixmor SPE 1 LLC
Brixmor/IA Delco Plaza LLC
Brixton Beaumont LLC
Brixton Rogue LLC

Broadway Belvedere LLC
Brookwood Capital Partners LLC
Brown Ranch Properties LP
Burlington Gateway LP
BV Southwind LLC
BV Waco Central Texas Marketplace LLC
BVA Avenue LLC
BVA Deerbrook SPE LLC
BVA Towne Square LLC
BVA Woodhill LLC
BVC Oakwood Commons Inc.
BVCV Union Plaza LLC
CAC Atlantic LLC
Cafaro Northwest Partnership, The
CAL Development LLC
Caldwell Mooney Partners II LP
Camden Village LLC
Candlewood Lake Road LLC
Canton Corners Ford Road LLC
Canton Marketplace Owner LLC
Canyon Park West LLC
Caparra Center Associates LLC
Capital Mall Land LLC
Capstone Marketplace LLC
Carson Valley Center LLC
Caruth Acquisition LP
Castle Ridge Associates
Casto-Oakbridge Venture Ltd.
CD 2007-CD5 Ed Noble Parkway LLC
Center Developments Oregon LLC
Centerra Retail Shops LLC
Centerton Square Owners LLC
Central Mall Port Arthur Realty Holding
    LLC
Central Shopping Centers CC LLC
Centre at Deane Hill GP, The
Centre at Deane Hill LLC, The
CFH Realty III/Senset Valey LP
CFH Realty III/Sunset Valley LP
Champlain Center South Associates LLC
Chandler Festival SPE LLC
Chandler Village Center LLC
Charter Warwick LLC
Chase Green Mountain LP
Chenal Place Properties LLC
Cherry Hill Retail Partners LLC

Chico Crossroads LP
Christiana Town Center LLC
Closter Marketplace (EBA) LLC
CMR LP
Coastal Grand CMBS LLC
Cobb Place Property LLC
Cole MT Folsom CA LP
Cole San Marcos TX LLC
College Plaza Station LLC
Colonies-Pacific LLC, The
Columbia Square Kennewick LLC
Columbia Tech Center LLC
Columbiana Station E&A LLC
Columbus Town Center II LLC
Commons at Issaquah Inc.
Commons at Sugarhouse LC, The
Concord Investment Co.
Congressional North Associates LP
Congressional Plaza Associates LLC
Conroe Marketplace SC LP
Coral Sky Retail LLC
CP Venture Five-AV LLC
CP Venture Two LLC
CPC Gateway Plaza LLC
CPT Arlington Highlands 1 LP
CPT Louisville I LLC
CR Hagerstown LLC
CR Mount Pleasant LLC
CR Oakland Square LLC
CR West Ashley LLC
Credi Chattanooga LLC
Creekstone Juban I LLC
Crestview Hills Town Center LLC
Crocker Park Phase III LLC
Crossing at 288 Phase 2 Ltd., The
Crossroads Canada LLC
Crosswinds St. Pete LLC
Crystal Mall LLC
CSHV Woodlands II LP
CSM West Ridge Inc.
CT Center S.C. LP
CTC Phase II LLC
CVSC LLC
CW Northridge Plaza LLC
Dadeland Station Associates
Daly City Partners I LP

Daly City Serramonte Center LLC
Dartmouth Marketplace Associates LLC
Davenport CRG LLC
DC USA Operating Co. LLC
DDR Carolina Pavilion LP
DDR Creekside LP
DDR Del Sol LLC SE
DDR Guilford LLC
DDR Hendon Nassau Park II LP
DDR Southeast Loisdale LLC
DDR Southeast Snellville LLC
DDR Winter Garden LLC
DDRA Tanasbourne Town Center LLC
DDRM Shoppes of Ellenwood LLC
DDRTC Marketplace at Mill Creek LLC
DDRTC Village Crossing LLC
De Rito/Kimco Riverview LLC
Decatur Realty LLC
Dedham Real Estate Development LLC
Delco LLC
Delta & Delta Realty Trust
DeMoulas Super Markets Inc.
Denver West Village LP
Dewcom LLC
DFG-BBB Monroe LLC
Dickman & Chernotsky
Dierbergs Osage Beach LLC
Dillon Ridge Marketplace III LLC
DJD Partners 10 LLC
Dollinger-Ventura Associates
Dollinger-Westlake Associates
Donahue Schriber Realty Group LP
Dong Koo Kim & Jong Ok Kim Family
     Trust, The
Dorcich-Vidovich
Dothan Pavilion Group LLC
Downey Landing SPE LLC
Downtown Summerlin
DPEG Fountains LP
Dreamland of Asheville Associates LLC
DRP Market Heights Property Owner LLC
DRP Tulsa Hills Property Owner LLC
DS Properties 18 LP
DT University Centre LP
DTL-SGW LLC
DTR1C-SGW LLC

DTS Properties LLC
Duluth (Gwinnett) SSR LLC
Durango Mall LLC
E&A Northeast LP
Eager Road Associates West LLC
East Chase Properties LLC
Easton Market LLC
Eastridge Mall Realty Holding LLC
Edens Plaza SC Owner LLC
Edgewood Retail LLC
Edison BRMA001 LLC
Edison BRMA002 LLC
Edison DENJ001 LLC
Edison EHNJ001 LLC
Edison NNVA001 LLC
EIG Grand Island LLC
EIG Wanamaker LLC
Elite Development Group LLC
Elmsford-119 Associates LLC
Empire East LLC
Encinitas Town Center Associates I LLC
Enid Two LLC
Epps Bridge Centre Property Co. LLC
Equity One (Florida Portfolio) LLC
Equity One (Northeast Portfolio) LLC
Equity One (Southeast Portfolio) LLC
EREP Broadway Commons I LLC
Evergreen -1-10 & Ray LLC
ExchangeRight Value-Add Portfolio 2
    Master Lessee LLC
F&H Sinclair Properties
Fairview Shopping Center LLC
Family Center at Federal Way LLC, The
Farley Realty Associates
Federal Realty - Barracks Road (500-2070)
Federal Realty - Gratiot S.C. (500-1220)
Federal Realty Investment Trust
Federal Realty Investment Trust Property
    #1180
Federal Realty Investment Trust Property
    #1217
Federal Realty Partners LP
Federated Associates
FHS Promenade LLC
Fidelity Totowa Associates LLC
Finmarc Wildewood LLC

First Real Estate Investment Trust of New
    Jersey Inc.
Five Points Revocable Trust
Flagler SC LLC
Flemington Retail LLC
Forest Plaza LLC
Forum Lone Star LP
FR Assembly Square LLC
FR Camelback Colonnade LLC
Franklin Park SC LLC
Freedom Group LLC
Frontier Plaza LLC
FW Ridge Rock Ltd.
G&I IX Kildeer LLC
G&I IX Primrose Marketplace LLC
G&I VII Carriage Crossing LLC
G3C Temple LLC
Gainesville Associates
Garfield-Southcenter LLC
Gateway Center Properties II LLC
Gateway Fairview Inc.
GBR Holmdel Plaza LLC
GC Ambassador Courtyard LLC
Germantown E&A LLC
GF Valdosta Mall LLC
GG Midlothian TC LLC
GG REIF I Gateway LLC
GGCal LLC
GK Holiday Village LLC
GKT Shoppes at Legacy Park LLC
Glacier 400 Wilbur LLC
Glimcher SuperMall Venture LLC
GLP Flint LLC
GM Realty of Bangor LLC
Golden Isles Plaza LLC
Golden Spectrum Property
Governors SPV LLC
Governors Square Plaza
Grand Mesa Center LLC
Grand Plaza Management LLC
Grandbridge Real Estate Capital LLC
Granite Park Retail LLC
GRE Altamonte LP
GRE Broadmoor LLC
Green Ridge Holdings LLC
Greendale 14 LLC

Greenwich Place Partners LLC
Grewe LP, The
Grove Court Shopping Center LLC
Hamilton Commons TEI Equities LLC
Hamilton Properties
Hamilton TC LLC
Hanes M. Owner LLC
HART Miracle Marketplace
Hart TC I-III LLC
Har-Zait LLC
Hastings Village Investment Co. LP
Hawthorne Investors 1 LLC
HCL Texas Avenue LLC
HCP Vista Ridge LLC
Heritage House South LLC
Heritage Plaza LLC
Herricks Mineola LLC
HGREIT Edmondson Road LLC
Highland Commons Associates LLC
Hill Management Services Inc.
Hingham Launch Property LLC
Hitchcock Plaza LLC
HLT Partnership LP
Holmdel GT LP
Houma LA LLC
HRTC I LLC
IA LaQuinta Pavilion LLC
IA Matthews Sycamore LLC
IA Sarasota Tamiami LLC
Ikea Property Inc.
IMI Huntsville LLC
Imperial Legacy Enterprises LLC
Inland Commercial Real Estate Services
    LLC
Inland National Real Estate Services LLC
International Speedway Square Ltd.
IRC Retail Centers
IRC University Crossings LLC
Ireland Davie Ltd.
ISM Holdings Inc.
I-Southport LLC
ITAC 192 LLC
IVT Highlands at Flower Mound LP
IVT Parke Cedar Park LLC
Jaydor Bleeker Realty Sub II
JDN Real Estate Hamilton LP

Jefferson Pointe SPE LLC
Jeffrey Management Corp.
Jemal's Boulevard LLC
Jess Ranch Brea Retail XVI LLC
JG Elizabeth II LLC
JLP Kentwood
JLP-Harvard Park LLC
JLPK-Orange Park LLC
JLP-Novi LLC
Joule Las Palmas Owner LLC
Jubilee - Cranberry Equity LLC
Jubilee LP
Jubilee Square LLC
KBC Properties
KDMM LLC
Keene MZL LLC
KFT Enterprises No. 2 LP
Kiemle & Hagood Co.
Kimco Savannah 185 Inc.
KIR Brandon 011 LLC
KIR Bridgewater 573 LLC
KIR Montgomery 049 LLC
KIR Pasadena II LP
KIR Soncy LP
KIR Tukwila LP
KMO-361 (Paramus) LLC
Kraus-Anderson Inc.
KRG Avondale McDowell LLC
KRG Cool Springs LLC
KRG Leesburg Fort Evans LLC
KRG Livingston Center LLC
KRG Market Street Village LP
KRG McDonough Henry Town LLC
KRG Miami 19th Street II LLC
KRG New Hill Place LLC
KRG Plaza Green LLC
KRG Rivers Edge LLC
KRG Shops at Moore LLC
KRG Southlake LLC
KRG Sunland LP
KRG Temecula Commons LLC
KSI Cary 483 LLC
La Frontera Improvements LLC
La Habra Westridge Partners LP
Lake Success Shopping Center LLC
Lakeline Plaza LLC

Lakes Mall Realty LLC
Lane Avenue 450 LLC
LaSalle Shopping Center LLC
Levin Management Corp.
LG-BBB LLC
Lilac19 LP
Lindale Holdings II LLC
Lindale Holdings LLC
Livesey East LLC
Loja WTP LLC
LPC Retail Accounting
LTC Retail LLC
Lynchburg (Wards Crossing) LLC
M&D Real Estate LP
M&J Big Waterfront Market LLC
M.O.R. Snowden Square Limited
    Partnership
Macerich Lakewood LP
Mad River Development LLC
Magnolia Commons SC LLC
Main Street at Exton LP
Mall at Gurnee Mills LLC
Mall at Potomac Mills LLC
Manalapan UE LLC
Manhattan Marketplace Shopping Center
    LLC
Mansell Crossing Retail LP
Marin Country Mart LLC
Marketplace at Vernon Hills LLC
Marketplace West Partners LLC
Maverick Investors LLC
McAllen TX LLC
McKinley Mall Realty Holding LLC
MCS-Lancaster De Holding LP
MCV23 LLC
MDC Coastal I LLC
Medistar Parkwest JV Ltd.
Meridian Kellogg LLC
Meridian Mall LP
Metropolitan Life Insurance Co.
MFC Longview LLC
MFS Eastgate-I LLC
MGP IX Properties LLC
MGP XII Magnolia LLC
Middletown I Resources LP
Middletown Shopping Center I LP

Midstate Owner LLC
M-III Olathe Station Property LLC
Mishorim Gold Houston LLC
Mishorim Gold Properties LP
Mission Valley Shoppingtown LLC
Mission Viejo Freeway Center
Mississippi ADP LLC
ML-MJW Port Chester SC Owner LLC
MLO Great South Bay LLC
MM/PG (Bayfair) Properties LLC
Monroeville SC LP
Mooresville Crossing LP
Morris Plains Holding UE LLC
Mountain Grove Partners LLC
MP Northglenn LLC
MS Flowood LP
MSS Millburn Realty Co.
NADG/TRC Lakepointe LP
National Retail Properties LP
New Plan of West Ridge LLC
Newbridge LLC
Newburgh Mall Ventures LLC
NEWKOA LLC
NewMarket Square Ltd.
News Co. LLC
Newtown Bucks Associates LP
North Attleboro Marketplace II LLC
North Massepequa LLC
North Park Crossing LC
North Village Associates
Northeast Holdings LLC
Northgate Mall Partnership
Northington Mechanicsburg Investors LLC
Northville Retail Center Joint Venture LLC
Northway Mall Properties LLC
Northwoods III (San Antonio) LLC
NP Royal Ridge LLC
NPMC Retail LLC
NPP Development LLC
Oak Leaf Property Management LLC
Oak Street Investment Grade Net Lease
    Fund Series 2021-1 LLC
Oak Street Investment Grade Net Lease
    Fund Series 2021-2 LLC
Oakland Iron Works Associates
Oaks Square Joint Venture

Ogden CAP Properties LLC
Old Bridge Market Place II LLC
Olivet Kom LLC
OLP Champaign Inc.
Onni Burbank Town Center LLC
Oracle Plaza LLC
Orchard Hill Park
ORF V Sugarcreek Plaza LLC
ORF VII Felch Street LLC
ORF VII Pelican Place LLC
Overton Park Plaza Associates LLC
Pace - 64 Associates LLC
Pacific Coast Highway Property LLC
Pagosa Partners III Ltd.
Palouse Mall LLC
Panama City Beach Venture II LLC
PAPF Dimond LLC
PAPF Redding LLC
Pappas Laguna LP
Paramount JSM at Jenkintown LLC
Paramount Newco Realty LLC Upland
Paramount Plaza at Brick LLC
Park West Village Phase I LLC
Parkmall LLC
Parkway Crossing East Shopping Center LP
Partridge Equity Group I LLC
Patterson Place Durham LLC
Pavilions at Hartman Heritage LLC
Pearland RJR LLC
Pergament Mall of Staten Island LLC
Perrysburg Enterprise LLC
Petoskey Mall Associates LLC
PGS Burlington
Pinnacle North II LLC
Pioneer Hills SPE LLC
Pittsburgh Hilton Head Associates
Pivotal 650 California St. LLC
PL Dulles LLC
Pleasant Hill Crescent Drive Investors LLC
PMAT Waterside LLC
PMH Properties LLC
Pontiac Mall LP
Poughkeepsie Plaza Mall LLC
PP-Gaston Mall LLC
Premier Centre LLC
Premium Properties LLC

Prescott Gateway Mall Realty Holding LLC
Presidential Markets
Price/Baybrook Ltd.
PRLHC Annapolis Town Center Parole
    162302
Promenade Delaware LLC
Promenade D'Iberville LLC, The
PRU/Desert Crossing II LLC
PTC TX Holdings LLC
PT-USRIF Meridian LLC
QCM Partners LLC
Quail Creek Crossing Ltd.
R&F Garden City LLC
R.E.D. Capital Management LLC
R.K. Associates VIII Inc.
R.K. Middletown LLC
RAF Jackson LLC
RAF Johnson City LLC
RAF Lake Charles LLC
Rainbow Arroyos Commons LLC
Rainier Colony Place Acquisitions LLC
Rainier Summit Woods Acquisitions LLC
Ramco-Gershenson Properties LP
Ramsey Interstate Center LLC
Ranch Town Center LLC
Rancho Dowlen LLC
Rancho Texarkana Investors LLC
Ravid Lake St. Louis II LLC
RCG-Sparks LLC
Realty Income Properties 27 LLC
Redfield Promenade LP
Redlands Joint Venture LLC
Regency Centers LP
Regent Shopping Center Inc.
Rehoboth Gateway LLC
Revesco (USA) Properties of Bozeman LP
Richards Clearview LLC
Ridge Park Square LLC
Ridgeport LP
River Park Properties II
Riverchase Crossings LLC
Riverdale Center North LLC
Riverview Plaza (E&A) LLC
Riviera Center Properties HITF
RK Coral Palm Plaza LLC
RK Hialeah LLC

RK Pembroke Pines LLC
RK Southington LLC
Rockaway Town Court LLC
Rockwall Crossing Ltd.
Rogers Retail LLC
ROIC California LLC
Rolling Hills Plaza LLC
Ronald Benderson 1995 Trust
Rosedale Commons LP
Rosemont 2019 LLC
Route 206 Northbound LLC
Roxville Associates
RPAI Butler Kinnelon LLC
RPAI King's Grant II LP
RPAI Lakewood LLC
RPAI San Antonio Huebner Oaks GP LLC
RPAI Southwest Management LLC
RPI Interests II Ltd.
RPT Realty LP
RPT Terra Nova Plaza LLC
RREEF America REIT II Corp. MM
Running Hill SP LLC
Ruscio Management LLC
Rushmore Crossing Associates LLC
RXR 620 Master Lessee LLC
S & E Realty Co. Inc.
Salmar Properties LLC
Sandusky Pavilion
Santa Fe Mall Property Owner LLC
Santa Rosa Town Center
SanTan MP LP
Santee Trolley Square 991 LP
Sanzari 89 Associates LP
Saul Holdings LP
Savi Ranch Group LLC
Sayville Plaza Development Co.
SBLO Barrett Pavilion LLC
SCA Tree 1 LLC
Schnitzer Stephanie LLC
Scottsdale Fiesta Retail Center LLC
SDC/Pacific/Youngman-Santa Ana
Seaview Acquisition LLC
Sebanc, Allan A.
Sebanc, Beverly M.
Section 14 Development Co.
SEP Augusta LLC

Seritage SRC Finance LLC
Serota Islip NC LLC
SF WH Property Owner LLC
Shadowwood Square Ltd.
Shelby Corners RE Holdings LLC
SHI Owner LLC
Shiloh Venture LLC
Shoppes at Hamilton Place CMBS LLC, The
Shoppes at Wilton LLC, The
Shops at Summerlin South LP, The
Shops of Tupelo LLC, The
Shreve Center DE LLC
Shrewsbury Commons
Siegen Lane Properties LLC
Sigfeld Realty Marketplace LLC
Silvertown Inc.
Simon Property Group LP
Simsbury Commons LLC
SIPOC LLC
Sir Barton Place LLC
Site C LLC
Skyway Regional Shopping Center LLC
SLO Promenade DE LLC
SM Eastland Mall LLC
South Frisco Village SC LP
South Town Owner PR LLC
SOUTHAVEN TOWNE CENTER II LLC
Southgate Mall Montana II LLC
Southridge Plaza LLC
SP Bossier LLC
Sparkleberry Square
SPG Doral Retail Partners LLC
Spirit VC Victoria TX LLC
Spring Creek Improvements LLC
Spring Ridge LP
Springfield Plaza LLC
SREIT Palm Beach Lakes Blvd LLC
SRK Lady Lake 21 SPE LLC
SRL Crossings at Taylor LLC
St. Cloud Rainbow Village LLC
Star-West Chicago Ridge LLC
Stone Creek Retail LLC
Stop & Shop Supermarket Co. LLC, The
Stram Associates
Strip Delaware LLC, The

Studio City East 93K LLC
Sunbury Gardens Realty Co.
Sunmark Property LLC
Sunnybrook Partners LLC
Sunrise Mills (MLP) LP
Sunset & Vine Apartment
Sunset Hills Owner LLC
Super LLC
Surprise Marketplace Holdings LLC
SVAP II Creekwalk Village LLC
Sycamore Browns Valley LLC
Taft Corners Associates
Talisman Towson LP
Tamarack Village Shopping Center LP
Target Jefferson Boulevard LLC
TCSC LLC
Telegraph Marketplace Partners II LLC
TFP Limited Real Estate Development
THF Harrisonburg Crossings LLC
THF Shawnee Station LLC
THF/MRP Tiger Town LLC
Thoroughbred Village LLC
TJ Center LLC
TKG - Manchester Highlands Shopping
    Center LLC
TKG Biscayne LLC
TKG Coral North LLC
TKG Logan Town Centre LP
TKG Monroe Louisiana 2 LLC
TKG Mountain View Plaza LLC
TKG Paxton Towne Center Development
    LP
TKG Woodmen Commons LLC
TL Street Marketplace NE LLC
Totowa UE LLC
Tower Burlington LLC
Town & Country (CA) Station LP
Town Pointe Associates
TPC Stonewall Investors I LC
TPP 207 Brookhill LLC
TPP Bryant LLC
Trahwen LLC
TREA NW Forum at Carlsbad Owner LLC
Truss Realty Co.
TSO Winchester Station LP
Tucson Shopping Center LLC

Tyler Broadway/Centennial LP
UB Stamford LP
UE 675 Paterson Avenue LLC
UE 675 Route 1 LLC
UG2 Solon OH LP
UH US Lynncroft 2019 LLC
University Mall Realty LLC
University of Louisville Real Estate
    Foundation Inc.
Uptown Group LLC
Urstadt Biddle Properties Inc.
US 41 AND I-285 Co. LLC
US REIF Joliet SC Fee LLC
USPP Fischer Market Place LLC
UTC LP
V & V 224 Ltd.
V&V Stores Inc.
Valencia Marketplace I LLC
Valley and Plainfield Associates LP
Valley Hills Mall LLC
Valley Square I LP
VAM Ltd.
Vestar Best In The West Property LLC
VF Center Associates LP
Village Developers
W/S Brunswick Properties II LLC
W/S Hadley Properties II LLC
W-ADP Harvest Junction OP Owner VIII
    LLC
Waldorf Shopper's World
Wallace Real Estate Co.
Watchung Square Associates LLC
Water Tower Square Associates
Waterford Lakes Town Center LLC
WBP Central Associates LLC
WCK LC
Weatherford Dunhill LLC
Weingarten Nostat Inc.
Weingarten Realty Investors - Co. 001
West 64th Street LLC
Westgate Mall CMBS LLC
Westminster Crossing East LLC
Wethersfield Shopping Center LLC
WF Kingsbury Center LLC
White Goose LLC
Whitemak Associates

Whitemak Associates & PREIT
Whitestone Eldorado Plaza LLC
Widewaters Group Inc., The
Willowbrook Town Center LLC
Will-Ridge Associates LLC
Windsor Park Estates Silverdale LLC
WM Acquisition Delaware LLC
WM Associates LP
WMG Meadows LLC
Wood Stone Plano Partners LLC
Woolbright Wekiva LLC
WR Partners LLC
WRG Homestead LLC
WRI Mueller LLC
WRI/Raleigh LP
WRI-URS South Hill LLC
Wutsboro Associates LLC
ZP No. 171 LLC

## SCHEDULE 1(m)

### **Lender Advisor**

FTI Consulting Inc.
M3 Partners LP

# SCHEDULE 1(n)

### Letter of Credit Beneficiary

Agua Mansa Commerce Phase I
American Alternative Insurance (BBB)
American Alternative Insurance (CTS)
Arch Insurance Co.
BHF International Ltd.
Bissell International Trading
Breville USA Inc.
Chubb - Federal Insurance
CIT Group, The/Commercial Services
Dyson Canada Ltd.
Dyson Inc.
JB Hunt Transport Inc.
Mattel Inc.
Milberg Factors Inc.
Monahan Products LLC
National Cart LLC
Newell Brands Inc.
North American Corp. of Illinois
RXR 620 Master Lessee LLC
Safety National Casualty
Sentry Insurance
Travelers Casualty & Surety Co.
Trisura Insurance
United States Fidelity & Guaranty
Welspun USA Inc.
Whirlpool Corp.

## SCHEDULE 1(o)

### **Letter of Credit Provider**

Bank of America NA
JPMorgan Chase Bank NA

# SCHEDULE 1(p)

### Litigation

Abram, Harwick Chya
AML IP LLC
Amos, Sadina
Anderson, Carol
APS&EE
Augenbaum, Todd
Bell, Ema
Blue Cross Blue Shield (Anthem)
Burt-Deasy, Kelly
CA 5-15 West 125th LLC
CAC Atlantic LLC
Cahill, Doreen
California, State of
Cohen, Judith
Council for Education & Research on
    Toxics
Davaco Inc.
Davis, Chuck
Decatur Mall
Design Toscano
Emcor Facilities Services Inc.
Environmental Health Advocates
Floriey Industries
Fox River Commons
Frederick, Randall
Freeman, Alan
Gastelum, Fernando
Georgiou, Katerina
Giebe, Michael
Hayden, Shadi
Hess, Donald
Johnson, Jeffrey
Kelly, Whitney
Kingston, Donette
Lopez, Florencia
Mediant Communications Inc.
Munday, Janice
Newburgh Mall Ventures
Only Kids Apparel LLC
Padilla, Elizabeth
Patrick, Jeremy
Place Services

Raslavich, Anna
Reimer, Ruhi
Richmond, Simon Nicholas
Sawgrass
Schaumburg, Village of (IL)
Si, Pengcheng
Smith, Patricia
Spalding, James
SSS Village at West Oaks
Systems LLC
Team Worldwide Corp.
Topalli, Leutrim
Waite, Joshua
Williams & Frost Specialty Group
World Market of Texas LLC

# SCHEDULE 1(q)

## Office of the United States Trustee

Alfaro, Adela
Ardelean, Kirsten K.
Arendas, Francyne D.
Artis, Michael
Bielskie, Lauren
D'Auria, Peter J.
Fuentes, Neidy
Gerardi, David
Green, Tia
Hildebrandt, Martha
Kern, Joseph C.
Kropiewnicki, Daniel C.
McGee, Maggie
Nikolinos, Alexandria
Oppelt, Tina L.
Ortiz-Ng, Angeliza
Schneider, Robert J., Jr.
Shaarawy, Adam
Sponder, Jeffrey
Steele, Fran B.
Stives, James
Vara, Andrew
Ziemer, William J.

# SCHEDULE 1(r)

## Ordinary Course Professional

AnyBill
Avalara
Crowell & Morning LLP
Deloitte
Epstein Becker & Green PC
Faegre Drinker Biddle & Reath LLP
Greenspoon Marder LLP
Hill Ward & Henderson PA
Huth Reynolds LLP
Jackson Lewis PC
KPMG
Lerner David LLP
Lester Schwab Katz & Dwyer LLP
Mackay Law Inc.
McKool Smith
Morgan Lewis & Bockius LLP
Norton Rose Fulbright US LLP
Osler Hoskin & Harcourt LLP
Perkins Coie LLP
PricewaterhouseCoopers International Ltd.
Pryor Cashman
Riker, Danzig, Scherer, Hyland & Perretti LLP
Transaction Tax Resources Inc.
Vintage aw LLC

# SCHEDULE 1(s)

## **Secured Lender**

Bank of America NA
Bank of Montreal
Capital One NA
Goldman Sachs Bank USA
JPMorgan Chase Bank NA
MUFG Union Bank NA
PNC Bank NA
Sixth Street Lending Partners
Sixth Street Specialty Lending Inc.
TAO Talents LLC
TD Bank NA
Truist Bank
Webster Bank
Wells Fargo Bank NA

# SCHEDULE 1(t)

## Trade

Accenture LLP
Acosta Inc.
ActionLink Services LLC
Aden & Anais Inc.
Adobe Systems Inc.
Afa Protective Systems Inc.
Akamai Technologies Inc.
Apollo Retail Specialists LLC
Applied Predictive
Appriss Retail
Artsana USA Inc.
Assemble Partners
Atlas Sign Industries Inc.
Babybjorn Inc.
Bay Island LLC
Beachwaver Co., The
Berkshire Blanket & Home Co. Inc.
Blendjet Inc.
Blue Yonder Inc.
Breville USA Inc.
Bridgetree LLC
Britax Child Safety Inc.
Broadridge
Butterblu LLC
Caliber Americas LLC
Caraway Home Inc.
Carpenter Co.
Carrier Corp.
CCA & B LLC
Cella Inc.
Centric Software Inc.
Chain Store Maintenance Inc.
Cisco Systems Capital Corp.
CitrusAd International Inc.
Cleary Gottlieb Steen & Hamilton LLP
Comfort Revolution
Comm Works LLC
Commerce Technologies LLC
Commission Junction Inc.
Continental Web Press Inc.
Copper Pearl Inc.
Coway USA Inc.

Crossmark Inc.
Crystal of America
Cuisinart Inc.
Cybersource Corp.
Data Networks
Datapipe Inc.
Davaco Inc.
Deloitte Consulting LLP
Design Productions
Displaymax Inc.
DRM Waste Management Inc.
Dyson Canada Ltd.
Dyson Inc.
E. Mishan & Sons Inc.
Euro-Line Appliances Inc./CA/VDC
Evenflo Co. Inc.
Everyday Health Inc.
Exploramed NC7 Inc.
F 3 Metalworx Inc.
Facebook Inc.
Federal Heath Sign Co. LLC
Federated Service Solutions
First Data Corp. Integrated Pay
Fisher Price Baby Gear
Fisher Price Toys
Flexprint LLC
Fridababy LLC
Funder America Inc.
GFA Inc.
Gibson Overseas Inc.
Ginsey Industries Inc.
Gotham Technology Group LLC
Granite Telecommunications LLC
Hallmart Collectibles Inc.
Halo Innovations Inc.
Halo Innovations Inc./VDC
Hilco Merchant Resources LLC
Himatsingka America Inc.
Holt Construction Corp.
Homedics USA LLC
Hudson's Holiday Helpers
IBM Corp. TR4

IDX LLC
Inside Edge Commercial Interior Services
    LLC
Intelligrated Systems LLC
Intersoft Data Labs Inc.
Iron Mountain Records Management
    Services
Itential Inc.
JB Hunt Transport Inc.
Jonathan Y Designs Inc.
KAZ USA Inc. PUR
KDM POP Solutions Group
Keeco LLC / Poly-Filled Bed Pillow
Kepler Group LLC
Keurig Green Mountain Inc.
KitchenAid Portable Appliances
Knot Worldwide Inc., The
Kone Inc.
KPMG LLP
KPRS Construction Services Inc.
Kreber Inc.
Krups Rowenta Inc.
Lennox National Account Services Inc.
Levtex LLC
Lifetime Brands Inc.
Logixal Inc.
M Booth & Associates LLC
Madix Inc.
Manhattan Associates Inc.
Marlite Inc.
MCG Architecture
Merchsource LLC
Merkle Inc.
Metro One Loss Prevention Services Group
    Inc.
Microsoft Online Inc.
Million Dollar Baby/VDC
Mirakl Inc.
Mle Development Ltd.
Mobile Mini Texas Ltd.
Modern Space Pacific Services
Morning Consult LLC, The
My Move LLC
Narrativ Co. Inc., The
National Tree Co.
Navco Security Systems

NCR Corp.
Newell Brands Canada ULC/CA/VDC
Noritake/VDC
North American Corp.
NTT America Inc.
OMI Industries Inc.
One Network Enterprises Inc.
Oracle America Inc.
Pem America Inc.
Philips Consumer Lifestyle BV
Ping Identity Corp.
Pinterest Inc.
Place Services Inc.
Premier Workforce Inc.
PRGX USA Inc.
Pros Choice Beauty Care Inc.
Quantum Metric Inc.
Rackspace Hosting Inc.
Redwood Supply Chain Solutions
Resource Plus of North Florida Inc.
ReStore Capital LLC
Richards Homewares Inc.
Riskified Inc.
RR Donnelley & Sons Co.
Ryder Integrated Logistics Inc.
Safavieh Inc.
Sailpoint Technologies Inc.
Salesforce.Com Inc.
Sama Plastics Corp.
SAS Institute Inc.
SBC Advertising Ltd.
Schneider Logistics Inc.
SF Home Decor LLC
Sharkninja Operating LLC
Simply Mommy LLC/Snuggle Me
Skip Hop Inc.
Spin Master Inc.
St. George Distribution Corp.
Storflex Fixture Corp.
Studio Mococo LLC
Sumologic Inc.
Sun Industrial Inc.
Sunbeam Products Inc./Calphalon
Swiftwin Solutions Inc.
Tata Consultancy Services Ltd.
Tealium Inc.

Technibilt Ltd.
Tempur-Pedic North America LLC
Teradata Corp. Inc.
Testrite Products Corp.
Tineco Intelligent Inc.
Tms Construction Inc.
Toshiba GCS
Tyco Integrated Security LLC
Udisense Inc./Nanit
United Rentals Inc.
US Maintenance
VeriFone Inc.
Verizon Business Network Services Inc.
Verizon Wireless Services LLC
Vornado Air LLC
Walker Edison Furniture Co. LLC
Wamsutta
Werner National LLC
Wesco Services LLC
William Carter Co.
Williams & Frost Specialty Group
Wilton Industries Inc.
World Distribution Services
Wunderkind Corp.
Yard NYC
Zadro Inc.
Zemoga Inc.
Zipline LLC

# SCHEDULE 1(u)

## UCC Lien

American Greetings Corp.
Dimension Data North America Inc.
Hallmark Marketing Co. LLC
JPMorgan Chase Bank NA
Papyrus-Recycled Greetings Inc.
Somerset Capital Group Ltd.
Voxx Accessories Corp.

## SCHEDULE 1(v)

### Unsecured Noteholder

1832 Asset Management LP
AllianceBernstein LP (US)
Alta Capital Management LLC
Altrius Capital Management Inc.
Ameritas Life Insurance Corp. of New York
APG Asset Management US Inc.
AQS Asset Management LLC
Aristotle Capital Management LLC
Asset Allocation & Management Co. LLC
Aviary Capital Enterprises Inc.
Banco de Sabadell SA
Bank of America Merrill Lynch Proprietary
    Trading
Barclays Capital Inc.
Bivium Capital Partners LLC
BlackRock Advisors LLC
Blackstone Liquid Credit Strategies LLC
BlueCrest Capital Management (U.K.) LLP
BNP Paribas Asset Management France
BNP Paribas Securities Corp.
BondBloxx Investment Management Corp.
BVK- Beamtenversicherungskasse des
    Kantons Zurich
Cable Car Capital LLC
California Public Employees Retirement
    System
Canal Insurance Co.
CapitalatWork Foyer Group SA
Carillon Tower Advisers Inc.
CastleKnight Management LP
Catholic Family Fraternal of Texas
Chartwell Investment Partners LLC
Chicago Capital LLC
CIGNA Investments Inc.
Citigroup Global Markets Inc.
Croatian Fraternal Union of America
CTC Alternative Strategies Ltd.
DBX Advisors LLC
Deutsche Bank Securities Inc.
Diamond Insurance Group Ltd.
FBL Investment Management Services Inc.
Fidelity Management & Research Co. LLC

Finlabo SIM SpA
Flow Traders U.S. LLC
Foxhill Capital Partners LLC
Franklin Advisers Inc.
GIA Partners LLC
Goldman Sachs Asset Management LP (US)
GSO Capital Partners LP
Healthcare of Ontario Pension Plan
Highbridge Capital Management LLC
Hotchkis & Wiley Capital Management
    LLC
HSBC Bank PLC
International City Management Association
    Retirement Corp.
Invesco Advisers Inc.
Invesco Capital Management LLC
JPMorgan Investment Management Inc.
JPMorgan Securities LLC
KSKJ Life American Slovenian Catholic
    Union
Lawson Kroeker Investment Management
    Inc.
LM Capital Group LLC
Lombard Odier Asset Management Europe
    Ltd.
MacKay Shields LLC
Manhattan Life Insurance
Manning & Napier Advisors LLC
Marathon Asset Management Ltd.
Mellon Investments Corp.
Millennium Advisors LLC
Miller Value Partners LLC
Mirabaud Asset Management Ltd.
Mont Blanc Capital Management AG
Morgan Stanley & Co. LLC
Murchinson LP
Muzinich & Co. Inc.
Napier Park Global Capital (US) LP
New Jersey, State of, Division of Investment
New York, City of (NY), Comptroller's
    Office
Northern Trust Global Investments Ltd.

Northwestern Mutual Investment
    Management Co. LLC
Nykredit Bank AS
Oppenheimer Asset Management Inc.
Pension Reserves Investment Management
    Board
PFA Asset Management AS
PGIM Inc.
Pharus Management SA
PNC Bank NA
Russell Investment Management LLC
Safeway Insurance Group
Safra Securities LLC
Seix Investment Advisors LLC
Selected Funeral & Life Insurance Co.
SG Americas Securities LLC
Shlomo Holdings Ltd.
SMH Capital Advisors LLC
Squarepoint OPS LLC
State Street Global Advisors
SumRidge Partners LLC
Tennessee Farmers Mutual Insurance Co.
TOBAM
UBS Securities LLC
USA Life One Insurance Co. of Indiana
Van Eck Associates Corp.
Verition Fund Management LLC
Virtus Investment Advisers Inc.
Western Asset Management Co. LLC
Zest SA

# SCHEDULE 1(w)

## Utility Provider

Aberdeen, Town of (NC)
Abilene, City of (TX)
AES Indiana
AES Ohio
Aiken, City of (SC)
Alabama Power Co.
Albuquerque Bernalillo County
Alderwood Water & Wastewater District
Alectra Utilities
Alectra Utilities Corp.
Alexandria, City of (LA)
Alliant Energy IPL
Alliant Energy WP&L
Alliant Energy WPL
Altamonte Springs, City of (FL)
Altoona Water Authority
Ameren Illinois
Ameren Missouri
American Electric Power
American Water & Energy Savers
American Water Works Co. Inc.
Ammon, City of (ID)
Ann Arbor, City of (MI), Water Utilities
Antioch, City of
Appalachian Power
Apple Valley, City of (MN)
APS
Aqua Illinois Inc.
Aqua Indiana
Aqua New Jersey
Aqua Ohio Inc.
Aqua Pennsylvania
Aquarion Water Co. of CT
Arkansas Oklahoma Gas Corp.
Arnold Line Water
Asheville, City of (NC)
Ashwaubenon Water & Sewer Utilities
ATCO Energy
Atlanta, City of (GA)
Atlantic City Electric
Atmos Energy
Auburn Water District

Auburn, City of
Auburn, Town of
Augusta Utilities Department
Aurora Water
Austin, City of (TX)
Autoridad de Acueductos y Alcantarillados
   (Central)
Avista
Avondale, City of (AZ)
AW Billing Services LLC
Bakersfield, City of (CA)
Baldwin EMC
Bangor Natural Gas
Bangor Water District
Baton Rouge Water Co.
BC Hydro
BCWSA
Beaches Energy Services
Beaufort Jasper
Beaumont, City of
Beaverton, City of
Bel Air, Town of (MD)
Belleville, City of (Ontario)
Bellingham, City of (WA)
Bend, City of (OR), Utilities
Benton PUD
Berkshire Gas Co.
Beverly Hills Water Department
BGE
Billings, City of (MT)
Bismark, City of (ND), Water Department
Black Hills Energy
Boca Raton, City of (FL)
Boise City Utility Billing
Bossier City Utilities Department
Bowling Green Muni Utilities
Boynton Beach, City of (FL)
Bozeman, City of (MT)
Bradley, Village of (IL)
Braintree Electric Light Department
Braintree Water & Sewer Department
Brantford Power Inc.

Brantford, City of (Ontario)
Brazoria County Mud #6
Brick Township MUA
Brighton, City of
BrightRidge
Bristol Tennessee Essential Service
Bristol, City of (TN), Finance Department
Brixmor Holdings 11 SPE LLC
Brodhead Creek Regional Authority
Brookfield, City of (WI), Utilities
Broward County Water & Wastewater
    Services
Brunswick Glynn County Joint
Buena Park, City of (CA)
Buford, City of (GA)
Burlington, City of (NC)
Burlington, Town of
Butler County Water & Sewer Department
Butler, Borough of (NJ)
California Water Service
California Water Service Co.
Cambridge, Corporation of the City of
    (Ontario)
Canton Township Water Department
Cape Coral, City of (FL)
Cape Fear Public Utility Authority
Capital Electric Cooperative Inc.
Carbondale Water & Sewer
Carle Place Water District
Carroll Electric Cooperative Corp.
Cary, Town of (NC)
Cascade Natural Gas
Caseyville Township Sewer
Cass County Electric Cooperative
Cedar Rapids Municipal Utility
Centerpoint Energy
Central Arkansas Water
Central Hudson Gas & Electric Corp.
Central Maine Power
Chandler, City of (AZ)
Charles County Government
Charleston Water System
Charlotte, County of (FL), Utilities
Charlottesville, City of (VA)
Charter Township of Chesterfield
Charter Township of Meridian

Chattanooga Gas
Chattanooga, City of (TN)
Chesterfield, County of (VA)
Chicago Ridge, Village of (IL)
Christiansburg, Town of (VA)
Chugach Electric Association
Citizens Energy Group
Citizens Westfield Utilities
City Utilities
City Water, Light & Power
Clackamas River Water
Claremont, City of (NC)
Clark County Water Reclamation District
Clark Public Utilities
Clarksville Department of Electricty
Clarksville Gas & Water
Clarksville Wastewater Treatment
    Department
Clearwater, City of
Cleco Power LLC
Cleveland, City of (OH), Division of Water
Coachella Valley Water District
Coast EPA
Cocoa, City of (FL)
Coeur d'Alene, City of (ID)
Cole MT San Marcos TX LLC
College Station Utilities
Collier County Utilities
Colonie, Village of (NY), Water District
Colorado Springs Utilities
Columbia Gas of Kentucky
Columbia Gas of Maryland
Columbia Gas of Ohio
Columbia Gas of Pennsylvania
Columbia Gas of Virginia
Columbia, City of (MO)
Columbus Water Works
ComED
Con Edison
Concord, City of (NH)
Connecticut Natural Gas Corp.
Connecticut Water Co., The
Conroe, City of (TX)
Conservice
Consolidated Edison Co. of NY
Consolidated Utility District

Consolidated Waterworks Dist 1
Consumers Energy
Contra Costa Water District
Coral Springs Improvement District
Coralville, City of (IA)
Core Electric Cooperative
Corpus Christi, City of (TX)
Cortlandt, Town of (NY)
Coserv
Cowlitz PUD
CPS Energy
Crystal Lake, City of (IL)
Cuivre River Electric Cooperative
Dakota Electric Association
Dallas, City of (TX)
Daly City, City of (CA)
Danvers, Town of (MA)
Danvers, Town of (MA), Water & Sewer
Daphne Utilites
Dartmouth, Town of (MA)
Davenport, City of
Dayton Power & Light Co.
Daytona Beach, City of (FL)
Dedham Westwood Water District
Delmarva Power
Delray Beach, City of (FL)
Delta, Charter Township of (MI)
Denton, City of (TX)
Denver Water
Destin Water Users Inc.
Diberbille, CIty of (MS)
Dillon, Town of (CO)
Direct Energy Business LLC
Direct Energy Regulated Services
Dixie Electric Cooperative Inc.
Dominion Energy Inc.
Dominion Energy Ohio Inc.
Dominion Energy South Carolina Inc.
Dominion Energy Virginia Inc.
Dothan Utilities
Dothan, City of (AL)
Downers Grove Sanitary District (IL)
Downers Grove, Village of (IL)
Downey, City of (CA)
DTE Energy Co.
Dublin San Ramon Services District

Dubuque, City of (IA)
Duke Energy Corp.
Duke Energy Corp., Payment Processing
DuPage County Public Works
Duquesne Light Co.
Durham, City of (NC)
East Brunswick Township Water Sewer
East Hanover, Town of (NJ)
East Lampeter, Township of (PA)
Easton Suburban Water Authority (PA)
Eastward Energy Inc.
Edmond, City of (OK)
El Paso Electric
El Paso Water Utilities Inc.
Electric City Utilities
Elexicon Energy
Elizabethtown Gas Co.
Elizabethtown, City of (KY), Utilities
Elmsford, Village of (NY)
Enbridge
Enbridge Gas Distribution Inc.
Enbridge Gas Inc.
Energie NB Power
Energy West Montana Inc.
Energy+ Inc.
Engie Resources LLC
ENMAX
Enstar Group Ltd.
Entergy Corp.
Entergy Texas Inc.
EPB Ltd.
EPCOR Electricity Distribution Inc.
EPCOR Inc.
Erie, County of (OH), Sewer & Water
Eugene Water & Electric Board
Euless, City of (TX)
Eureka, City of (CA)
Evergy Inc.
Eversource Energy
Fairclough Propane
Fairfax Water
Fargo, City of (ND)
Fayetteville Public Works Commission
Federal Realty Investment Trust
First Real Estate Investment Trust
Flathead Electric Cooperative Inc.

Flint Electric Membership Corp.
Florence Utilities Dept.
Florence, City of
Florida City Gas
Florida Power & Light Co.
Florida Power & Light Northwest FL
Florida Public Utilities Co. Inc.
Flower Mound, Town of (TX)
Flowood, City of (MS)
Fort Bend Co. Water Control &
    Improvement District #2
Fort Collins Utilities
Fort Lauderdale, City of (FL)
Fort Wayne, City of (IN), Water Utilities
Fort Worth, City of (TX), Water Department
FortisBC Electricity
FortisBC Natural Gas
Foxborough, Town of (MA)
Frankfort, Village of (NY)
Franklin, City of (IN), Board of Public
    Works
Frederick, County of (MD)
Fredericksburg, City of
Fredericton, City of (New Brunswick)
Fresno, City of (CA)
Frisco, City of (TX)
Fruitland Mutual Water Co.
Fruitport, Charter Township of (MI)
Gainesville Regional Utilities
Gainesville, City of
Gas Co., The
Gastonia, City of (NC)
Geneva, City of
Georgia Natural Gas Co.
Georgia Power Co.
Gilbert, Town of (AZ)
Glendale, City of (CA)
Glendora, City of (CA)
Glenwood Springs, City of (CO)
Golden State Water Co.
Gordons Corner Water Co.
Government Services Union
Grand Chute Utilities
Grand Island, City of (NE), Utilities
Grand Traverse, County of (MI), Dept. of
    Public Works

Greater Peoria Sanitary District
Green Mountain Power Corp.
Greenlawn Water District
Greensboro, City of (NC)
Greenville Utilities Commission
Greenville Water
Greenwood Sanitation Dept.
GRI-EQY Presidential Markets LLC
Gulf Power Co.
Gulf Shores, City of (AL)
Gurnee, Village of (IL)
Hadley, Town of
Hamilton, Township of (NJ)
Hardin, County of (KY), Water District #2
Harker Heights, City of (TX)
Harpeth Valley Utilities District
Harrisonburg Electric Commission
Harrisonburg, City of (VA)
Hattiesburg, City of (MS)
Hawaiian Electric Co.
Helena, City of (MT)
Hempstead, Town of (NY), Department of
    Water
Henrico, County of (VA), Utility
Hernando, County of (FL), Utilities
    Department
Hialeah, City of (FL)
Hickory, City of (NC)
Hill Management Services Inc.
Hillsborough, County of (FL), Board of
    County Commissioners
Hingham Municipal Lighting Plant
Hixson Utility District
Holland Board of Public Works
Holland Charter, Township of (MI)
Honolulu, City & County of (HI)
Hope Gas
Hot Springs, City of (AK), Municipal
    Utilities
Houston, City of (TX)
Howard, County of
HRSD
Huber Heights, City of (OH)
Humble, City of (TX)
Hummels Wharf Municipal Authority
Huntsville, City of (AL), Utilities

Hurst, City of (TX), Utility Billing
Hyannis Water System
Hydro One Networks Inc.
Hydro Ottawa
Idaho Power
Illuminating Co., The
Imperial Irrigation District
Independence, City of (MO)
Indian River, County of (FL), Utilities
Indiana American Water Co Inc.
Indianapolis Water Co.
Intermountain Gas Co.
Iowa American Water
Irving Energy
Issaquah, City of (WA)
Ithaca, City of (NY)
IVT Parke Cedar Park LLC
Jackson County Water & Sewerage
    Authority
Jackson EMC
Jackson Energy Authority
Jackson, City of
Jacksonville, City of (FL)
JCP&L
JEA
Jersey Central Power & Light
JLP Cranberry Equity LLC
Johnson City Utility System
Johnson, County of (KS), Wastewater
Johnson, County of (KS), Water District 1
Joliet, City of (IL)
Joplin, City of (MO)
Jordan Tax Service Inc.
Jupiter Town of (FL)
Kalispell, City of (MT)
Kamloops, City of (British Columbia)
Kansas Gas Service
KCP&L
Keizer, City of (OR)
Kennewick, City of (WA)
Kentucky American Water
Kissimmee Utility Authority
Kitchener Wilmot Hydro Inc.
Kitchener, Corporation of the City of
    (Ontario)
Kitsap, County of (WA), Public Works

Knoxville Utilities Board
La Habra, City of (CA)
La Plata Electric Association Inc.
Lady Lake, Town of (FL)
Lafayette, City of
Lake Apopka Natural Gas District
Lake Charles, City of (LA)
Lake Worth, City of
Lake, County of (OH), Department of
    Utilities
Lake, County of (OH), Department Public
    Works
Lakeland, City of (FL)
Lakewood, City of
Lakewood, City of (FL), Water District
Lansing Board of Water & Light
Las Cruces, City of (NM)
Lawton, City of (OK), Utility Services
LCEC
Lee, County of (FL), Utilities
Lenoir City Utilities Board
Leominster, City of (MA)
Lethbridge, City of (Alberta)
Lewisville, City of (TX)
Lexington Fayette Urban County
    Government
LG&E & KU Energy LLC
Liberty Utilities
Liberty Utilities
Liberty Utilities Co.
Liberty Utilities Georgia
Liberty Utilities New Hampshire
Liberty Utilities New York
Lincoln Electric System
Livingston, Town of (NJ)
Logan, Township of
London Hydro
Longmont, City of (CO)
Longview, City of (WA)
Los Angeles, City of (CA), Department of
    Water & Power
Los Angeles, County of (CA)
Loudoun Water
Louisville Gas & Electric
Louisville Water Co.
Loveland, City of (CO)

Lubbock, City of (TX)
Luma Energy
LUS
Lynchburg, City of (VA), Utility Billing
Lynnwood, City of (WA)
Madison Gas & Electric
Madison Suburban Utility District
Maine Natural Gas
Manatee County Utilities Department
Manchester, Town of
Mandeville, City of (LA)
Manhattan, City of (KS)
Manitoba Hydro
Mansfield, City of (TX)
Maple Grove, City of (MN)
Marietta Power Water
Marin Municipal Water District
Marina Coast Water District
Maritime Electric
Martin County Utilities
Maryland American Water
McKinney, City of (TX)
Medicine Hat, City of (Alberta)
Memphis Light Gas & Water Division
Mequon, City of (WI)
Merchantville Pennsauken Water
Meridian, City of
Mesa, City of (AZ)
Mesquite, City of (TX)
Metro Water Services
Metropolitan Domestic Water Improvement
   District (AZ)
Metropolitan St. Louis Sewer District
Metropolitan Utilities District
Miami Dade Water Sewer Department
Mid Carolina Electric Cooperative
Midamerican Energy Co.
Midamerican Energy Services
Middle Tennessee Electric
Middlesex Water Co.
Midland, City of (MI), Water Department
Milford Sewer Department
Milford Water Department
Mineola, Village of (NY)
Minnesota Energy Resources
Mishawaka Utilities

Missoula, City of (MT)
Missouri American Water
Modesto Irrigation District
Monarch Utilities
Monongahela Power
Monroe County Water Authority
Monroe, City of
Monroeville Municipal Authority
Monrovia, City of (CA)
Montana Dakota Utilities Co.
Montgomery Water Wrks & Sewer
Moore, City of (OK)
Morehead City, Town of (NC)
Morgantown Utility Board
Moscow, City of (ID)
Moulton Niguel Water
Mount Laurel MUA
Mount Pleasant Waterworks
MTMSA
Municipality of Bethel Park
Myrtle Beach, City of (FL)
Naperville, City of (IL)
Nashua Waste Water System
Nashville Electric Service
National Exemption Service
National Fuel Gas Co.
National Grid
NB Power
New Jersey American Water
New London, City of
New Mexico Gas Co.
New York City, City of (NY), Water Board
New York State Electric & Gas Corp.
Newburgh, Town of (NY)
Newmarket Tay Power Distribution Ltd.
Newport News Waterworks
Newport, City of
Newtown Artesian Water Co.
Nicor Gas
Nipsco
NJ Natural Gas Co.
Noblesville, City of (IN), Utilities
Normal, Town of (IL)
Norman, City of (OK)
North Attleborough Electric Department
North Attleborough, Town of (MA)

North Brunswick, Township of (NJ)
North Little Rock Electric
North Shore Gas
North Springs Improvement District
North Wales Water Authority
Northeast Ohio Region Sewer District
Northglenn, City of (CO)
Northville Township Water Department
Northwestern Energy
Northwestern Water & Sewer District
Nova Scotia Power Inc.
Novec
Novi, City of (MI)
NV Energy
NW Natural
Oakville Hydro
Ocala, City of (FL)
Oceanside, City of (CA)
Oconee County Water Resources
O'Fallon, City of (MO)
OGE
Ohio Edison
Okaloosa Gas District
Oklahoma Electric Cooperative Inc.
Oklahoma Natural Gas
Oklahoma, City of (OK)
Olivenhain Municipal Water District
Olympia, City of (WA)
Omaha Public Power District
Opelika Power Services
Opelika Utilities
Orange & Rockland
Orange County Water Resource
    Commission
Orange, City of (FL), Utilities
Orem, City of (UT)
Orlando Utilities Commission
Osage Beach, City of (MO)
Ottawa, City of (Ontario)
Pacific Gas & Electric Co.
Pacific Power
Padre Dam Municipal Water District
Paducah Power System
Paducah Water
Palm Beach, County of (FL), Water Utility
    Department

Palmetto Electric Cooperative
Palmetto Utilities Inc.
Paramount Newco Realty LLC
Paramus, Borough of (NJ)
Pasadena Water & Power
Pasadena, City of (CA), Water Department
Passaic Valley Water Commission
Pearl River Valley EPA
Peco Energy
Peco Payment Processing
Pedernales Electric Cooperative Inc.
Peel, Regional Municipality of (Ontario)
Pembroke Pines, City of (FL)
Penn Power
Pennichuck Water
Pennsylvania American Water
Pennsylvania Electric Co.
Peoples
Peoples Gas
Peoria, City of (IL)
Pepco
Perrysburg, City of (OH)
Petoskey, City of (MI)
PG&E
PGE
Pharr, City of (TX)
Phoenix, City of (AZ)
Piedmont Natural Gas
Pierce, County of (WA), Sewer
Pinellas, County of (FL), Utilities
Pittsfield, City of (MA)
Plano, City of (TX)
Plattsburgh, Town of (NY), Water & Sewer
Plymouth, Town of (MA)
PNM Resources Inc.
Port Arthur, City of (TX)
Portage, City of (IN)
Portland General Electric Co.
Portsmouth, City of (VA)
Potomac Edison Co., The
PowerStream Energy Services
PP&L Inc.
PPL Electric Utilities Corp.
PPL Utilities
Prince William County Service Authority
    Inc.

Promenade Delaware LLC
PSE&G Co.
PSEG Long Island LLC
PSNC Energy
Public Service Co. of North Carolina
Public Service Co. Of Oklahoma
Public Utility District 1 Skagit Co.
Pueblo Board of Waterworks
Puget Sound Energy Inc.
Puyallup, City of (WA)
Queen Creek, Town of (AZ)
Quincy, City of (IL)
Raleigh, City of (NC)
Ramsey Board of Public Works
Rancho California Water District (CA)
Rapid City, City of (SD), Utility Billing
    Office
Raynham Center Water District
Realpage Utility Management Inc.
Red Deer, City of (Alberta)
Redding, City of (CA)
Redlands, City of (CA)
Redwood City, City of (CA)
Regina, City of (Saskatchewan)
Rehoboth Beach, City of (DE)
Reno, City of (NV), Utilities Department
Rhode Island Energy
Rib Mountain Sanitary District
Richmond, City of (VA)
Riverside Public Utilities
Riviera Utilities
Roanoke Gas Co.
Rochester Gas & Electric Corp.
Rochester Hills, City of (MI), Water &
    Sewer
Rochester Public Utilities
Rockaway Township Municipal Utility
Rockland Electric Co.
Rockwall, City of (TX)
Rocky Mountain Power Inc.
Rosemont Commons Delaware LLC
Roseville, City of (CA)
Roseville, City of (CA), Water Department
Round Rock, City of (TX)
Rutland, City of (VT)
Sacramento Municipal Utilities District

Sacramento Municipal Utility District
Sacramento, County of (CA), Utilities
Saginaw Charter Township Water
    Department
Salem, Town of (NH)
Salt Lake City, City of (UT), Public Utilities
San Antonio Water System
San Diego Gas & Electric Co.
San Dieguito Water District
San Luis Obispo, City of (CA)
San Marcos, City of (TX)
Sandpiper Energy Inc.
Sandy, City of (UT)
Santa Clara, City of (CA)
Santa Cruz, City of (CA), Municipal
    Utilities
Santa Fe, City of (NM)
Santa Margarita Water District
Santa Rosa, City of (CA)
Santee Cooper
Sarasota, County of (FL), Public Utilities
Saskatoon, City of (Saskatchewan)
SaskEnergy
SaskPower
Savannah, City of (GA)
Sawnee Electric Membership Foundation
    Inc.
SCE&G
Schaumburg, Village of (IL)
Schererville, Town of (IN)
Seacoast Utility Authority
Seal Beach, City of (CA)
Seattle, City of (WA)
Sebring, City of (FL)
SECO Energy Corp.
Selma, City of (CA)
SEMCO ENERGY Gas Co.
Shenandoah Valley Electric Cooperative
    Inc.
Sherman, City of (TX)
Shreveport, City of (LA)
Silverdale Water District
Sioux City (IA)
Sioux Falls Utilities
Skokie, Village of (IL)
Snohomish County Public Utility District

Socalgas
Somerville, City of (MA)
South Carolina Electric & Gas
South Jersey Gas Co.
Southaven, City of (MS)
Southeast Gas
Southern California Edison Co.
Southern California Gas Co.
Southern Connecticut Gas Co., The
Southern Maryland Electric Cooperative
    Inc.
Southington, Town of (CT)
Southington, Town of (CT), Water
    Department, Board of Water
    Commissioners
Southlake, City of (TX), Water Utilities
Southwest Gas Holdings Inc.
Southwestern Electric Power Co.
Sparks, City of (NV)
Spartanburg Water System
Spire Inc.
Spotsylvania, County of (VA), Treasurer
Spring, Town of (PA)
Springfield, City of (MO), Utilities
SRLLC SG Fort Collins LLC
SRP
St. Johns, County of (FL), Utility
    Department
St. Mary's County Metropolitan
    Commission
St. Petersburg, City of (FL)
Standard Waste Services
Stark, County of (OH), Metropolitan Sewer
    District
Sterling Heights, City of (MI), Water
Strathcona, County of (Alberta)
Suffolk County Water Authority Inc.
Summit Natural Gas of Missouri Inc.
Summit Township Sewer Authority
Summit Township Water Authority
Summit Utilities Arkansas Inc.
Summit Utilities Oklahoma Inc.
Sunrise, City of (FL)
Superior Propane
Surprise, City of (AZ)
Tacoma, City of (WA)

Tacoma, City of (WA), City Treasurer
Tallahassee, City of (FL)
Tampa Electric Co.
Taunton Municipal Lighting Plant
Taylor, City of (MI), Water Department
TECO Energy Inc.
Teco Peoples Gas
Temple, City of (TX)
TEMUA
Tennessee American Water Co.
Terrebonne Parish Consolidated
    Government
Texarkana Water Utilities
Texas Gas Service Co. Inc.
Think Utility Services Inc.
Thornton, City of (CO)
Thoroughbred Village
Tigard, City of (OR)
Toho Water Authority
Toledo Edison Co., The
Toledo, City of (OH), Department of Public
    Utilities
Tombigbee Electric Power Association
TOMSA
Topeka, City Of (KS)
Toronto Hydro Electric System Ltd.
Torranc, City of (CA), Utilities
Totowa, Borough of (NJ)
Tri-county Electric Cooperative Inc.
Troy, City of (MI), Water
Truckee Meadows Water Authority
Tucson Electric Power Co.
Tucson, City of (AZ), Utility Lockbox
Tukwila, City of (WA)
Tulsa, City of (OK), Utilities
Tupelo, City of (MS), Water & Light
Tuscaloosa, City of (AL), Water Sewer
Twin Falls, City of (ID)
TXU Electric Co. Inc.
Tyler, City of (TX)
UGI Central Penn Gas Inc.
UGI South
UGI Utilities Inc.
United Illuminating Co., The
United Power Inc.
United Water Delaware Inc.

Unitil Corp.
UNS Gas Inc.
Upland, City Of (CA)
Urstadt Biddle Properties Inc.
Utilities Kingston
Valdosta, City of (CA)
Vallejo, City of (CA)
Valparaiso City Utilities
Vancouver, City of (WA), Utilities
Veolia Water Delaware
Veolia Water Idaho
Veolia Water New Jersey
Veolia Water New York
Veolia Water Pennsylvania
Versant Power
VGS
Victor, Town of (NY), Sewer District
Victoria, City of (TX), Utility Billing Office
Virginia Natural Gas Inc.
Visalia, City of (CA)
Waco, City of (TC), Water Office
Walker, City of (MI)
Walla Walla, City of (WA)
Walton Electric Membership Corp., The
Ward 2 Water District
Warner Robins, City of (GA), City Hall
Washington Gas Light Co.
Washington, City of (UT)
Water Tower Square Associates
Wayne, Township of
We Energies
Weatherford, City Of (Tx)
Webster, City of (TX)
Weir River Water System
West Des Moines Water Works
West Harris, County of (TX), Mud 5
West Melbourne, City of (FL), City Hall
West Penn Power Co.
Western Allegheny, County of (PA),
    Municipal Authority
Western Virginia Water Authority
Westland, City of (MI), Water Billing
Westminster, City of (CA)
White Lake, Township of (MI), Water
    Department
Wichita Falls, City of (TX)

Wichita, City of (KS)
Wildwood, City of (FL), Water Utility
Williston, Town of (VT)
Willowbrook, Village of (IL)
Wilmette, Village of (IL)
Wilson, City of (NC)
Wilton, Town of (NY)
Winnipeg, City of (Manitoba)
Winston-Salem, City of (NC)
Winter Garden, City of (FL)
Wisconsin Public Service Corp.
Withlacoochee River Electric Cooperative
    Inc.
Woodbury, City of (MN)
Woodlands Water Mud# Metro
Wright Hennepin Cooperative Electric
    Association
WSSC Water
Xcel Energy Inc.
Yorba Linda Water District

## **Schedule 2**

**Engagements with Potential Parties in Interest**

## Schedule 2

Ace Property & Casualty Insurance Co.
AIG
AIG Insurance Co. of Canada
AIG Specialty Insurance Co.
AllianceBernstein LP
AllianceBernstein, LP (US)
Arch Insurance Co.
Arch Insurance Company
Arch Specialty Insurance Co.
Ares Management
Authentic Brands Group Inc.
Bank of America Merrill Lynch Proprietary Trading
Bank of America, N.A.
Barclays Capital Inc.
BlackRock Advisors LLC
BlackRock Inc.
Blackstone Liquid Credit Strategies LLC
BNP Paribas Asset Management France
BNP Paribas Securities Corp.
Centerbridge Partners LP
Cerberus Capital Management LP
Chubb - Federal Insurance
Citigroup Global Markets Inc.
Columbia Gas of Kentucky
Columbia Gas of Maryland
Columbia Gas of Ohio
Columbia Gas of Pennsylvania
Columbia Gas of Virginia
DBX Advisors LLC
De Rito/Kimco Riverview LLC
Denver West Village LP
Deutsche Bank Securities Inc.
Deutsche Bank Securities, Inc.
DTE Energy Co.
El Paso Electric
Engie Resources LLC
Federal Insurance Co.
Florida City Gas
Florida Power & Light Co.
Florida Power & Light Northwest FL
Franklin Advisers Inc.
Goldman Sachs Asset Management, LP (US)
Goldman Sachs Bank USA
Governors Square Plaza
GSO Capital Partners LP

Gulf Power Co.
Highbridge Capital Management LLC
HSBC Bank PLC
IBM Corp Tr4
Illuminating Co., The
Insurance Co. of the State of Pennsylvania, The
Invesco Advisers Inc.
Invesco Capital Management LLC
JP Morgan Investment Management Inc.
JCP&L
Jersey Central Power & Light
JPMorgan
JPMorgan Chase & Co.
JPMorgan Chase Bank, N.A.
JPMorgan Chase Bank NA
Kimco Savannah 185 Inc
Kroll Restructuring Administration LLC
Mall at Gurnee Mills LLC
Mall at Potomac Mills, LLC
Mansell Crossing Retail LP
Mellon Investments Corp.
Monongahela Power
Morgan Stanley & Co. LLC
MUFG Union Bank, N.A.
Narrativ Co. Inc., The
National Fuel Gas Co.
National Union Fire Insurance Co. of Pittsburgh PA
Nipsco
OGE
Ohio Edison
Pacific Gas & Electric Co.
PG&E
PGE
PGIM Inc.
PNC Bank NA
PNC Bank, National Association
Potomac Edison Co., The
Rackspace Hosting Inc.
Redfield Promenade LP
Sailpoint Technologies Inc.
San Diego Gas & Electric Co.
Santa Rosa Town Center
Silver Point Capital LP
Simon Property Group LP
Socalgas
Southern California Gas Co.
Southwest Gas Holdings Inc.

Squarepoint OPS LLC
SSB/Morgan Stanley
State Street Global Advisors
Sunrise Mills (MLP), LP
Sycamore Partners Management LP
Tata Consultancy Services Ltd.
Toledo Edison Co., The
Toshiba GCS
TXU Electric Co. Inc.
Vanguard Group Inc., The
Weingarten Nostat Inc
Weingarten Nostat Inc.
Weingarten Realty Investors - Co. 001
Wells Fargo
Wells Fargo Bank, National Association
West Penn Power Co.WRI Mueller LLC
WRI/Raleigh LP
WRI-URS South Hill LLC
Zipline LLC