**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF REVISED ORDER**
**GRANTING DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession hereby file a revised proposed form of *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that a clean version of the Revised Proposed Order is attached hereto as **Exhibit A** and a blackline against the previous filed version is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have resolved all formal and informal objections in connection with the relief requested in the Revised Proposed Order and respectfully request that the Court enter the Revised Proposed Order without a hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 17, 2023

/s/  Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS
<u>UTILIZED IN THE ORDINARY COURSE OF BUSINESS</u>**

The relief set forth on the following pages, numbered three (3) through ten (10) and the

exhibits hereto is **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Upon the *Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to, but not directing, retain Ordinary Course Professionals (which includes both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, (b) pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on the attached **<u>Exhibit 1</u>** (the "<u>Initial Ordinary Course Professionals</u>"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of this Order and collectively with the Initial Ordinary Course Professionals, the "<u>Ordinary Course Professionals</u>"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional.  The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, and reimburse expenses incurred pursuant to the terms of this Order.  Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.      Within seven (7) days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional.  Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a Declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form of **<u>Exhibit 2</u>** for filing

(Page 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

with the Court and service upon (i) Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Kastin (david.kastin@bedbath.com); (ii) Cole Schotz P.C., as co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); (iii) Kirkland & Ellis LLP, as co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com), Emily E. Geier, P.C. (emily.geier@kirkland.com), Derek I. Hunter, Esq. (derek.hunter@kirkland.com); (iv) the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele, Esq. (fran.b.steele@usdoj.gov), John Schanne, Esq. (john.schanne@usdoj.gov), and Alexandria Nikolinos, Esq (alexandria.nikolinos@usdoj.gov); (v) counsel for JPMorgan Chase Bank, N.A., in its capacity as ABL agent under the Debtors' prepetition ABL facility: Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY, 10017, Attn: Adam L. Shpeen, Esq. (adam.shpeen@davispolk.com), Steven Z. Szanzer, Esq. (szanzer@davispolk.com) and Michael Pera, Esq. (michael.pera@davispolk.com); (vi) counsel for Sixth Street Specialty Lending, Inc. in its capacities as FILO agent under the Debtor's prepetition ABL facility and postpetition debtor-in-possession financing facility: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David M. Hillman, Esq. (dhillman@proskauer.com) and Megan R. Volin, Esq. (mvolin@proskauer.com); (vii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York,

| | |
|---|---|
| (Page 6) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

NY 10017, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Colin R. Robinson (crobinson@pszjlaw.com) (the "Committee");  and (viii) those parties that have filed a notice of appearance and request for service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").   Each Ordinary Course Professional shall also complete and return the Retention Questionnaire substantially in the form attached hereto as **Exhibit 3** and serve the same upon the Notice Parties.

4.      The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on **Exhibit 1** (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to **Exhibit 1** (the "Supplement"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable monthly fee cap, serving a copy of both the Supplement and the Retention Questionnaire on the Notice Parties, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement.  Each Additional Ordinary Course Professional shall file a Declaration within thirty (30) days of the filing of such Supplement.

5.      The Notice Parties shall have fifteen (15) days after the later of (i) the entry of this Order, (ii) the service of any Declaration, or (iii) the service of any Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional.  Any such objections shall be filed with the Court and served upon the Notice Parties and the Ordinary Course

(Page 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Professional subject to such objection by the Objection Deadline.  If any objection cannot be resolved or withdrawn within fifteen (15) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.  If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

6.      The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and, along with the Retention Questionnaire, served on the Notice Parties; (b) the Objection Deadline has expired; and (c) no timely objection is pending.  If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7.      The Debtors shall pay each Ordinary Course Professional retained in accordance with the procedures outlined above 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice, a copy of which shall be provided to the U.S. Trustee and counsel to the Committee, setting forth in reasonable detail the nature of the services rendered and expenses

(Page 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

actually incurred; *provided*, *however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in **Exhibit 1** or in any Supplement, as applicable, on average over any three month period on a rolling basis.

8.      If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application on account of the amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with Bankruptcy Code §§ 330 and 331 and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, and any other procedures and orders of the Court.  Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

9.      Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional.  The obligation to file summary statements shall terminate upon confirmation of a plan in the Chapter 11 Cases.

(Page 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

10.     This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

11.     Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

12.     Each Ordinary Course Professional shall periodically update its Declaration and Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.

13.     As this Order is only procedural in nature, the U.S. Trustee reserves his rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified on **Exhibit 1** and any Supplement.

14.     Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing The Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 25] (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and

(Page 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

15.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized |
|---|---|---|
| Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY  10006 | Legal - Securities Litigation | $11,000 |
| Crowell & Morning LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC  20004 | Legal – Tariff Litigation | $10,000 + Providing Contingency Based Services*[1] |
| Deloitte<br>110 Morris Street<br>Morristown, NJ 07960 | Tax Compliance | $181,500 |
| Epstein Becker Green, P.C.<br>875 Third Avenue<br>New York, NY  10022 | Legal – Employment Litigation | $11,000 |
| Huth Reynolds LLP<br>41 Cannon Court<br>Huntington, NY  11743 | Legal – Freight Litigation | $5,000 cost + Providing Contingency Based Services* |
| Jackson Lewis, P.C.<br>1711 7th Street, NW<br>Suite 1200<br>Atlanta, GA  30363 | Legal – Employment Litigation | $11,000 |
| KPMG LLP<br>345 Park Avenue New York, NY 10154-0102 | Audit Services | $550,000[2] |
| Lerner David LLP<br>20 Commerce Drive<br>Suite 400<br>Cranford, NJ  07016 | Legal – Intellectual Property Maintenance | $11,000 |
| Perkins Coie LLP<br>1155 Avenue of the Americas<br>22nd Floor<br>New York, NY  10036-2711 | Legal - Litigation | $110,000[3] |
| Pryor Cashman<br>7 Times Square<br>New York, NY  10036-6569 | Legal – Immigration Counsel | $27,500 |

---

[1]    Asterisk denotes contingency fee structure.  Professional not subject to a Monthly Fee Cap for amounts paid on contingency basis.

[2]    KPMG LLP is providing the Debtors with near-term services relating to ongoing audit matters.  While the Debtors anticipate KPMG LLP to incur fees in the month following entry of the Order, the Debtors do not expect KPMG LLP to incur any fees thereafter.

[3]    The Debtors provided Perkins Coie LLP with a $175,000 retainer prior to the Petition Date.

1

| PricewaterhouseCoopers LLP 300 Madison Avenue, New York, NY 10017 | Audit Services | $550,000[4] |
| --- | --- | --- |

---

[4]    PricewaterhouseCoopers LLP is providing the Debtors with near-term services relating to ongoing audit matters.  While the Debtors anticipate PricewaterhouseCoopers LLP to incur fees in the month following entry of the Order, the Debtors do not expect PricewaterhouseCoopers LLP to incur any fees thereafter.

Error! Unknown document property name.

## **Exhibit 2**

**Form of Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF [DECLARANT], ON BEHALF OF PROPOSED**
**ORDINARY COURSE PROFESSIONAL [COMPANY NAME]**

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby

declare that the following is true to the best of my information, knowledge, and belief:

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of
      the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the
      website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of
      Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11
      Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

1.      I am [**Title**] of [**Company Name**], located at [**Address**] (the "Company").

2.      Bed Bath & Beyond Inc. and/or its affiliated debtors (collectively, the "Debtors") have requested that the Company provide [**Type of Services**] to the Debtors, and the Company has consented to provide such services.

3.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases.  As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases.  The Company does not perform services for any such person in connection with these cases.  In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

6.      [FOR LEGAL SERVICES FIRMS: The Debtors owe the Firm $__ for pre-petition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. 101-1532.]

7.      [FOR NON-LEGAL SERVICE FIRMS ONLY: The Firm agreed to waive all unpaid amounts for services rendered prior to the Petition Date.]

2

8.      As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

9.      At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10.      I, or a representative of the Company, have read and am familiar with the requirements of the *Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*


I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].


_____
[**Declarant**]

3

**<u>Exhibit 3</u>**

**Form Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## <u>RETENTION QUESTIONNAIRE</u>

### TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL EMPLOYED BY THE DEBTORS

### <u>Do not file</u> this Questionnaire with the Court.  Please return it to:

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true
and correct to the best of my knowledge and information.

Dated:_____, 2023

[Name]
[Title]
[Firm]

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice* ~~pending~~)
Emily E. Geier, P.C. (admitted *pro hac vice* ~~pending~~)
Derek I. Hunter (admitted *pro hac vice* ~~pending~~)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS
<u>UTILIZED IN THE ORDINARY COURSE OF BUSINESS</u>**

The relief set forth on the following pages, numbered three (3) through ten (10) and the

exhibits hereto is **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Upon the *Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to, but not directing, retain Ordinary Course Professionals

(which includes both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, (b) pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on the attached **Exhibit 1** (the "Initial Ordinary Course Professionals"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of this Order and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional.  The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, and reimburse expenses incurred pursuant to the terms of this Order.  Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.      Within seven (7) days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional.  Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course

(Page 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Professional shall provide to the Debtors and the Debtors' counsel a Declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form of **Exhibit 2** for filing with the Court and service upon (i) Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Kastin (david.kastin@bedbath.com); (ii) Cole Schotz P.C., as co-co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); (iii) Kirkland & Ellis LLP, as co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com), Emily E. Geier, P.C. (emily.geier@kirkland.com), Derek I. Hunter, Esq. (derek.hunter@kirkland.com); (iv) the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele, Esq. (fran.b.steele@usdoj.gov), John Schanne, Esq. (john.schanne@usdoj.gov), and Alexandria Nikolinos, Esq (alexandria.nikolinos@usdoj.gov); (v) counsel for JPMorgan Chase Bank, N.A., in its capacity as ABL agent under the Debtors' prepetition ABL facility: Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY, 10017, Attn: Adam L. Shpeen, Esq. (adam.shpeen@davispolk.com), Steven Z. Szanzer, Esq. (szanzer@davispolk.com) and Michael Pera, Esq. (michael.pera@davispolk.com); (vi) counsel for Sixth Street Specialty Lending, Inc. in its capacities as FILO agent under the Debtor's prepetition ABL facility and postpetition debtor-in-possession financing facility: Proskauer Rose LLP, Eleven Times Square, New York,

| | |
|---|---|
| (Page 6) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

NY 10036, Attn: David M. Hillman, Esq. (dhillman@proskauer.com) and Megan R. Volin, Esq. (mvolin@proskauer.com); (vii) counsel to ~~any~~the ~~o~~Official ~~c~~Committee ~~appointed in these cases of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Colin R. Robinson (crobinson@pszjlaw.com)~~ (the "Committee");  and (viii) those parties that have filed a notice of appearance and request for service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Each Ordinary Course Professional shall also complete and return the Retention Questionnaire substantially in the form attached hereto as **Exhibit 3** and serve the same upon the Notice Parties.

4.      The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on **Exhibit 1** (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to **Exhibit 1** (the "Supplement"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable monthly fee cap, serving a copy of both the Supplement and the Retention Questionnaire on the Notice Parties, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement.  Each Additional Ordinary Course Professional shall file a Declaration within thirty (30) days of the filing of such Supplement.

(Page 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

5.     The Notice Parties shall have fifteen (15) days after the later of (i) the entry of this Order, (ii) the service of any Declaration, or (iii) the service of any Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional.  Any such objections shall be filed with the Court and served upon the Notice Parties and the Ordinary Course Professional subject to such objection by the Objection Deadline.  If any objection cannot be resolved or withdrawn within fifteen (15) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.  If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

6.     The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and, along with the Retention Questionnaire, served on the Notice Parties; (b) the Objection Deadline has expired; and (c) no timely objection is pending.  If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

| (Page 8) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

7.    The Debtors shall pay each Ordinary Course Professional retained in accordance with the procedures outlined above 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice, a copy of which shall be provided to the U.S. Trustee and counsel to the Committee, setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; *provided*, *however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in **Exhibit 1** or in any Supplement, as applicable, on average over any three month period on a rolling basis.

8.    If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application on account of the amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with Bankruptcy Code §§ 330 and 331 and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, and any other procedures and orders of the Court.  Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

9.    Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that

| | |
|---|---|
| (Page 9) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional.   The obligation to file summary statements shall terminate upon confirmation of a plan in the Chapter 11 Cases.

10.    This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

11.    Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

12.    Each Ordinary Course Professional shall periodically update its Declaration and Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.

13.    As this Order is only procedural in nature, the U.S. Trustee reserves his rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified on **Exhibit 1** and any Supplement.

14.    12. Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder

| (Page 10) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing The Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 25] (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

15. ~~13.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived

16. ~~14.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. ~~15.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof

18. ~~16.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

19. ~~17.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20. ~~18.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized |
|---|---|---|
| Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006 | Legal - Securities Litigation | $11,000 |
| Crowell & Morning LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004 | Legal – Tariff Litigation | $10,000 + Providing Contingency Based Services*[1] |
| Deloitte<br>110 Morris Street<br>Morristown, NJ 07960 | Tax Compliance | $181,500 |
| Epstein Becker Green, P.C.<br>875 Third Avenue<br>New York, NY 10022 | Legal – Employment Litigation | $11,000 |
| Huth Reynolds LLP<br>41 Cannon Court<br>Huntington, NY 11743 | Legal – Freight Litigation | $5,000 cost + Providing Contingency Based Services* |
| Jackson Lewis, P.C.<br>1711 7th Street, NW<br>Suite 1200<br>Atlanta, GA 30363 | Legal – Employment Litigation | $11,000 |
| KPMG LLP<br>345 Park Avenue New York, NY 10154-0102 | Audit Services | $550,000[2] |
| Lerner David LLP<br>20 Commerce Drive<br>Suite 400 | Legal – Intellectual Property Maintenance | $11,000 |

---

[1]    Asterisk denotes contingency fee structure.  Professional not subject to a Monthly Fee Cap for amounts paid on contingency basis.

[2]    KPMG LLP is providing the Debtors with near-term services relating to ongoing audit matters.  While the Debtors anticipate KPMG LLP to incur fees in the month following entry of the Order, the Debtors do not expect KPMG LLP to incur any fees thereafter.

| | | |
|---|---|---|
| Cranford, NJ  07016 | | |
| Perkins Coie LLP<br>1155 Avenue of the Americas<br>22nd Floor<br>New York, NY  10036-2711 | Legal - Litigation | $110,000[3] |
| Pryor Cashman<br>7 Times Square<br>New York, NY  10036-6569 | Legal – Immigration Counsel | $27,500 |
| PricewaterhouseCoopers LLP<br>300 Madison Avenue,<br>New York, NY 10017 | Audit Services | $550,000[4] |

---

[3]    The Debtors provided Perkins Coie LLP with a $175,000 retainer prior to the Petition Date.

[4]    PricewaterhouseCoopers LLP is providing the Debtors with near-term services relating to ongoing audit matters.  While the Debtors anticipate PricewaterhouseCoopers LLP to incur fees in the month following entry of the Order, the Debtors do not expect PricewaterhouseCoopers LLP to incur any fees thereafter.

**<u>Exhibit 2</u>**

**Form of Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*
~~pending~~)
Emily E. Geier, P.C. (admitted *pro hac vice* ~~pending~~)
Derek I. Hunter (admitted *pro hac vice* ~~pending~~)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF [DECLARANT], ON BEHALF OF PROPOSED**
**ORDINARY COURSE PROFESSIONAL [COMPANY NAME]**

I, **[Declarant]**, pursuant to Section 1746 of title 28 of the United States Code, hereby

declare that the following is true to the best of my information, knowledge, and belief:

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of
the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the
website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of
Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these
Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

1.      I am [**Title**] of [**Company Name**], located at [**Address**] (the "Company").

2.      Bed Bath & Beyond Inc. and/or its affiliated debtors (collectively, the "Debtors") have requested that the Company provide [**Type of Services**] to the Debtors, and the Company has consented to provide such services.

3.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases.  As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases.  The Company does not perform services for any such person in connection with these cases.  In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

6.      [FOR LEGAL SERVICES FIRMS: The Debtors owe the Firm $__ for pre-petition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. 101-1532.]

7.      [FOR NON-LEGAL SERVICE FIRMS ONLY: The Firm agreed to waive all unpaid amounts for services rendered prior to the Petition Date.]

8.      As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

9.      At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10.      I, or a representative of the Company, have read and am familiar with the requirements of the *Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*


I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].

_____
**[Declarant]**

3

## Exhibit 3

**Form Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## RETENTION QUESTIONNAIRE

### TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL EMPLOYED BY THE DEBTORS

### <u>Do not file</u> this Questionnaire with the Court.  Please return it to:

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (<u>admitted</u> *pro hac vice* ~~pending~~)
Emily E. Geier, P.C. (<u>admitted</u> *pro hac vice* ~~pending~~)
Derek I. Hunter (<u>admitted</u> *pro hac vice* ~~pending~~)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

2

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Dated: _____, 2023

[Name]
[Title]
[Firm]