**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on May 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

# FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF

**DATED: May 17, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief* [Docket No. 21] (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an final order (this "Final Order") (a) authorizing the Debtors to approve the Debtors' Proposed Adequate Assurance of payment for future Utility Services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures for resolving Additional Assurance Requests, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal or informal objections to the Motion have been resolved, **IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** on a final basis as set forth herein.

2.    Subject to the Adequate Assurance Procedures for resolving Additional Assurance Requests, the Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3.    All Utility Companies, including those Utility Companies paid by the Landlords or through a Utilities Administrator, are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance.

4.    The following Adequate Assurance Procedures are hereby approved:

   a.    The Debtors will serve a copy of the Motion and this Final Order to each Utility Company in accordance with these Procedures.

   b.    Within twenty (20) days of entry of this Final Order, subject to paragraphs (f)–(i) below, to the extent that they have not already, the Debtors will deposit the Adequate Assurance Deposit, in an aggregate amount not to

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No.: | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

exceed $1,881,800.00, in the newly-created, segregated, interest-bearing Adequate Assurance Account.

c.    Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached to the Motion as **Exhibit C**.

d.    If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, Bed Bath & Beyond, Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Kastin; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (Joshua.sussberg@kirkland.com), Emily Geier (emily.geier@kirkland.com), and Derek I. Hunter (derek.hunter@kirkland.com); (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin (fyudkin@coleschotz.com); (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Jeffrey Sponder, Esq. and Lauren Bielske, Esq.; (v) counsel to the DIP Agent, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attn: David M. Hillman (dhillman@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (vi) counsel to the Prepetition ABL Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Adam L. Shpeen (adam.shpeen@davispolk.com), Steven Z. Szanzer (steven.szanzer@davispolk.com), and Michael Pera (michael.pera@davispolk.com); and (vii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Colin R. Robinson (crobinson@pszjlaw.com) (collectively, the "Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

e.      The portion of the Adequate Assurance Deposit attributable to each Utility Company (including any additional amount deposited upon request of any applicable Utility Company) shall be returned to the Debtors upon the earlier of (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases if there are no outstanding disputes related to postpetition payment.

f.      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.  An Additional Adequate Assurance Request may be made at any time.

g.      Any Additional Assurance Request must (i) be in writing, (ii) identify the location for which the Utility Services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), (iv) certify the amount that is equal to one-half of the monthly cost of Utility Services the Utility Company provides to the Debtors, calculated as a historical average payment for the twelve-month period ended December 2022, and (v) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

h.      Unless and until a Utility Company timely files an objection or serves an Additional Assurance Request, such Utility Company shall be:  (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

    i.    Upon the Debtors' receipt of any Additional Assurance Request, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

    j.    The Debtors may, without further order from the Court, resolve any Additional Assurance Request by mutual agreement with the relevant Utility Company and, the Debtors may, in connection with any such agreement, provide such Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors determine that such additional adequate assurance is reasonable; *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the DIP Agent, Prepetition ABL Agent, the Committee, and the U.S. Trustee, upon request.

    k.    If the Debtors and the Utility Company are not able to reach an alternative resolution within fourteen days of receipt of the Additional Assurance Request, the Debtors may request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

    l.    Pending resolution at any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

    5.    The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

    6.    The Debtors are authorized, following the giving of two weeks' notice to the affected Utility Company, where the Debtors have received no objection from any such Utility Company, and with the consent of the Prepetition ABL Agent, to add or remove any Utility

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

Company from the Utility Services List, and, with the consent of the Prepetition ABL Agent, the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one-half of the Debtors' average monthly cost for each Utility Company subsequently added or removed, respectively, as soon as practicable.  If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree.  The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Services List unless and until the two-week notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court. For Utility Companies that are added to the Utility Services List, the Debtors will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company.  Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.  In addition, the Debtors will provide an Adequate Assurance Deposit in an amount not to exceed fifty percent (50%) of the Debtors' average monthly utility consumption over the course of the prior historical period for any Utility Company added to the Utility Services List as set forth herein.  The Debtors shall supplement Exhibit C to this Motion with the names of any subsequently identified Utility Companies and file the same with the Court.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

7.      To the extent that the Debtors become delinquent with respect to a Utility Company's account after the Petition Date, such Utility Company shall be permitted to file a written notice of delinquency with the court (a "Delinquency Notice") and serve such Delinquency Notice on the Debtors.  Such Delinquency Notice must be set forth the amount of the delinquency with enough detail for the Debtors and other parties-in-interest to determine the amount owing, by account number, and the date services were provided.  If such delinquency is not cured, and none of the Debtors nor any party-in-interest has objected to the Delinquency Notice within ten (10) days of receipt, the Debtors will be required to remit to the respective Utility Company from the Adequate Assurance Account the amount of postpetition charges claimed as delinquent.  The Debtor will further be required to ensure that the Adequate Assurance Deposit is replenished after payment of the delinquent balance.  If an objection is filed to the Delinquency Notice, the Debtor will request that this Court schedule a hearing to resolve the dispute.

8.      The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

9.      Any Landlord or third party that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a Landlord or

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

third party may cease payments on account of Utility Services following the effective date of any rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code.

10.     The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

11.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise)

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

14. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

15. No payment may be made by the Debtors to, or for the benefit of, any non-Debtor Insider (as defined in section 101 of the Bankruptcy Code) or any non-Debtor affiliate of or related party to any such Insider pursuant to this Final Order without further court approval on notice to parties in interest.

16. Notwithstanding anything to the contrary in any other Order of this Court, including any DIP Financing Order, the interests of any party, including but not limited to the Debtors' post-petition or pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Companies' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Order, or as otherwise ordered by the Court.

17. Nothing in this Final Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Final Order and the terms

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief |

of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

18.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

19.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

21.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                   Case No. 23-13359-VFP

Bed Bath & Beyond Inc.                                                                   Chapter 11

        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                                Page 1 of 1

Date Rcvd: May 17, 2023                       Form ID: pdf903                            Total Noticed: 7

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 19, 2023                    Signature:        /s/Gustava Winters