**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**



Caption in Compliance with D.N.J. LBR 9004-2(c)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on May 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al*.,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT**

The relief set forth on the following pages, numbered three (2) through eight (7) is ORDERED.

**DATED: May 17, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

(Page 3)

|  |  |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

Upon the *Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an administrative order (this "Order") establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

|  |  |
|---|---|
| (Page 4) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal or informal objections to the Motion have been resolved, **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is **GRANTED** as set forth herein.

    2.    Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these Chapter 11 Cases pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

    (A)    <u>Monthly Fee Statements</u>.

        1.    Not later than the 30th day of the month following the month for which compensation is sought, each Professional seeking compensation under this Order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (a "Monthly Fee Statement") on the following parties:

            A.    Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Kastin (david.kastin@bedbath.com);

            B.    Cole Schotz P.C., as co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com);

            C.    Kirkland & Ellis LLP, as co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com), Emily E. Geier, P.C.

| | |
|---|---|
| (Page 5) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

(emily.geier@kirkland.com), Derek I. Hunter, Esq. (derek.hunter@kirkland.com);

D. the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele, Esq. (fran.b.steele@usdoj.gov), John Schanne, Esq. (john.schanne@usdoj.gov), and Alexandria Nikolinos, Esq (alexandria.nikolinos@usdoj.gov);

E. counsel for JPMorgan Chase Bank, N.A. in its capacities as ABL agent under the Debtors' prepetition ABL facility and post-petition debtor-in-possession financing facility: Davis Polk & Wardwell, LLP, 450 Lexington Avenue, Boston, MA, 02110, Attn: Adam L. Shpeen, Esq. (adam.shpeen@davispolk.com), Steven Z. Szanzer, Esq. (szanzer@davispolk.com) and Michael Pera, Esq.(michael.pera@davispolk.com);

F. counsel for Sixth Street Specialty Lending, Inc. in its capacities as FILO agent under the Debtor's prepetition ABL facility and postpetition debtor-in-possession financing facility: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David M. Hillman, Esq. (dhillman@proskauer.com) and Megan R. Volin, Esq. (mvolin@proskauer.com);

G. counsel for the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), Paul J.

| | |
|---|---|
| (Page 6) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

        Labov (plabov@pszjlaw.com), and Colin R. Robinson (crobinson@pszjlaw.com).

    H.    any other secured creditor and counsel, to the extent known;

    I.    any party requesting notice of all proceedings; and

    J.    any other party designated by the Court.

    2.    A Monthly Fee Statement must comply with Local Rule 2016-1(a).

(B)    <u>Objections</u>.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than fourteen (14) days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C)    <u>Payments</u>.

    1.    On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection.

    2.    If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

(Page 7)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359 (VFP)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

---

3. If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (b), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the court.

(D) <u>Fee Applications</u>.

1. A Professional who has received monthly payments under the Order must, at four-month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period.

2. The interim fee application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court.

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed to state the amount paid to each Professional.

4. All Professionals that are law firms shall make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, in connection with any Monthly Fee Statements, interim fee applications and final fee applications to be filed in these Chapter 11 Cases. All professionals that are law firms shall provide any and all Monthly Fee Statements, interim fee applications and final fee applications in "LEDES" format to the U.S. Trustee.

| | |
|---|---|
| (Page 8) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

5. Each member of the Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the counsel for the Committee, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures. For the avoidance of doubt, this provision only permits the committee member to request reimbursement and does not extend to any representative purporting to act on behalf of the committee member.

6. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final Order of this Court.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Debtors are authorized to take all actions necessary to carry out this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-13359-VFP |
| Bed Bath & Beyond Inc. | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 1 |
| Date Rcvd: May 17, 2023 | Form ID: pdf903 | Total Noticed: 7 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 19, 2023              Signature:       /s/Gustava Winters