**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that on **June 13, 2023**, at 2:00 p.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, shall move (the "Motion") before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, in Courtroom 3B of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, authorizing the Debtors to assume and assign certain unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith, authorizing the Debtors to assume the WM Leases (as defined in the Motion) and assign the rights and obligations under the WM Leases to World Market, LLC ("World Market") and granting such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and

the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases (as defined in the Motion) may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/bbby.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated:  May 23, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of
the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the
website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of
Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11
Cases is 650 Liberty Avenue, Union, New Jersey 07083.

attached hereto as **Exhibit A**, authorizing the Debtors to assume and assign certain unexpired

leases (the "WM Leases") to World Market, LLC ("World Market") as set forth on Schedule 1 to

the Order.  In support of this Motion, the Debtors state as follows:

## Jurisdiction

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 365 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## Background

4.      The Debtors are the largest home goods retailer in the United States, offering

everything from bed linens to cookware to home organization, baby care, and more.  In addition

to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond

stores and their buybuy BABY stores with locations across North America.  Headquartered in

Union, New Jersey, Bed Bath & Beyond Inc. is a publicly traded company that, as of the Petition

Date, employed approximately 14,000 non-seasonal employees.

5.      The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to

implement a timely and efficient process to maximize the value of the Debtors' estates for the

benefit of all stakeholders.

6.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2023, the Court entered an order [Docket No. 75] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  On May 5, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 218].

## The WM Leases

7.      World Market operates a chain of brick-and-mortar stores in the United States and an e-commerce website that sells unique indoor and outdoor furniture, home decor, imported rugs, and specialty food and beverage offerings from across the globe.  The World Market brand was formerly owned by an affiliate of Bed Bath & Beyond Inc., doing business as Cost Plus World Market.  In January 2021, Bed Bath & Beyond Inc. sold Cost Plus World Market to an affiliate of Kingswood Capital Management, LP, pursuant to a share purchase agreement (the "SPA," as amended from time to time) between the parties.

8.      At the time of the transaction, Bed Bath & Beyond Inc. was (a) the tenant under numerous leases with various landlords and (b) the sublandlord under numerous subleases with its affiliate and subtenant, Cost Plus World Market, at 44 World Market store locations (collectively, the "Specified Leases").[2]  Under the SPA, a letter of credit naming Bed Bath & Beyond Inc. as

---

[2]    The Specified Leases were specifically identified in an exhibit to the SPA.  Pursuant to the SPA, the parties agreed to cause landlords party to the Specified Leases to consent to the assignment of Bed Bath & Beyond Inc.'s leasehold interest to World Market.

beneficiary was provided by Wells Fargo Bank, N.A. (the "Wells Fargo LC") to secure certain of

World Market's lease obligations under the Specified Leases after the effective date of the SPA.

9.     Since the transaction, Bed Bath & Beyond Inc. and World Market have worked

collaboratively and in good faith, with the consent and cooperation of landlords, to transition many

of the Specified Leases to direct lease arrangements between World Market and the applicable

landlords.   These efforts have continued since the Petition Date, and the Debtors now seek to

further effectuate a transition of the 10 WM Leases to World Market through assumption and

assignment thereof.   For each of the WM Leases, World Market is the subtenant and is operating

a retail store at the leased location.

## Basis for Relief

**I.     Assumption and Assignment of the WM Leases to World Market is a Sound Exercise of the Debtors' Reasonable Business Judgement.**

10.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the

court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

11 U.S.C. § 365(a).   Further, section 365(f)(2) of the Bankruptcy Code states that the debtor may

assign an unexpired lease if such lease is assumed under section 365(a) and "adequate assurance

of future performance" is provided by the assignee.   11 U.S.C. § 365(f)(2); *see also In re Midwest*

*Portland Cement Co.*, 174 Fed. Appx. 34, 35 (3d Cir. 2006).

11.     The decision to assume or reject an unexpired lease is a matter within the "business

judgment" of the debtor.   *See NLRB v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79

(3d Cir. 1982); *see also Nickels Midway Pier, LLC v. Wild Waves, LLC (In re Nickels Midway*

*Pier, LLC)*, 341 B.R. 486, 493 (D.N.J. 2006) ("Although the Bankruptcy Code does not specify

the standard to be applied in assessing the decision of a trustee or debtor in possession to assume

or reject of [sic] a contract, the Third Circuit has adopted the business judgment standard."); *In re*

*Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003). The business judgment standard is satisfied if assumption of an unexpired lease would benefit the estate. *See In re Farmland Indus., Inc.*, 294 B.R. 903, at 913 (Bankr. W.D. Mo. 2003) (finding that the debtor must show merely that "the action to be taken will benefit the estate"). Indeed, when applying the "business judgment" standard in connection with a decision under section 365 of the Bankruptcy Code, courts show great deference to a debtor's business decisions. *See e.g.*, *In re Armstrong World Indus.* 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or lease is appropriate under section 365(a)."); *In re Troll Commc'ns, LLC*, 385 B.R. 110, 118 (Bankr. D. Del. 2008).

12.    The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). Thus, if the debtor's business judgment has been exercised reasonably, a court should approve the assumption and assignment of an unexpired lease. *See, e.g.*, *Grp. of Inst'l Investors v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550-51 (1943).

13.    The Debtors' assumption and assignment of the WM Leases represents a sound exercise of their business judgement. As an initial matter, the Debtors' proposed real estate consultant and advisor, A&G Realty Partners, LLC, conducted a review of the Debtors' leases and determined that the WM Leases hold little to no value for the Debtors' estates. Thus, attempts to market and assign the WM Leases to a third party would further expend estate resources and

destroy value.  Assignment of the WM Leases to World Market, on the other hand, will benefit the

Debtors, their estates, and their creditors because the Debtors' estates will no longer carry any

ongoing or future obligations under the WM Leases.  Importantly, World Market is already a

subtenant under the subleases tied to the WM Leases and thus occupies the store locations for

which it seeks a lease assignment.  By this Motion, World Market merely seeks to finally effectuate

the parties' agreement under the SPA to transition certain Specified Leases to World Market.

14.     Additionally, the assumption and assignment of the WM Leases will allow the

Debtors to focus on the administration of these Chapter 11 Cases without the burden of facilitating

rent payments to landlords under the WM Leases or handling any other matters raised by landlords

who are party to the WM Leases.  World Market, as the subtenant under the subleases tied to the

WM Leases, is either the beneficiary of a tri-party recognition agreement or recognition clauses in

many of those subleases.  Thus, assignment to World Market will provide the Debtors with an

efficient means to extinguish their existing and future obligations under the WM Leases without

having to incur the administrative burdens associated with transitioning the WM Leases by any

other means.

15.     Further, assignment of the WM Leases to World Market allows the Debtors to

minimize claims against their estates that would otherwise result from rejection of the WM Leases.

In doing so, the Debtors will preserve and enhance the value of their estates for the benefit of all

stakeholders.   Accordingly, the Debtors have determined, in their business judgment, that

assumption and assignment of the WM Leases to World Market is the best option for maximizing

value and should be approved.

**II.     Assumption and Assignment of the WM Leases Satisfies the Bankruptcy Code.**

16.     Once a court finds a debtor has exercised its sound business judgment in

determining whether to assume an unexpired lease, it must then evaluate whether such assumption

and subsequent assignment meets the requirements under Bankruptcy Code section 365(f)(2).  *See*

*Cinicola v. Scharffenberger*, 248 F.3d 110, 117 (3d. Cir. 2001).

17.    Section 365(f)(2) provides that a debtor can assume an unexpired lease if the debtor

assumes such contract under section 365(b) and the assignee provides adequate assurances of

future performance.  11 U.S.C. § 365(f)(2)(B); *Cinicola*, 248 F.3d at 117.  Section 365(b)(1)(A)

provides that a debtor can assume an unexpired lease if the debtor first cures or provides adequate

assurance that the assignee will promptly cure, any defaults in the contract.

11 U.S.C. § 365(b)(1)(A); s*ee Cinicola*, 248 F.3d at 119.

18.    Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, World Market evaluated

the amounts necessary to cure any applicable defaults under the WM Leases.  The cure amounts

listed on Schedule 1 attached hereto accurately reflect the amounts contained in the Debtors' books

and records, and World Market has agreed to cure the amounts listed on Schedule 1 upon

assumption and assignment of the WM Leases.  In the event that any landlords timely object to the

cure amounts listed (a "Cure Objection"), and World Market and the landlord are unable to resolve

such Cure Objection, the Court will resolve the Cure Objection after notice and a hearing.  If a

cure amount has been set by the Court after adjudication of a Cure Objection, the Debtors reserve

the right to reject such WM Lease if World Market determines that the Court-ordered cure amount

is reasonably unacceptable to World Market.  Accordingly, the Debtors submit that the statutory

requirements of section 365(b)(1)(A) of the Bankruptcy Code are satisfied.

19.    Further, World Market will adequately assure the landlords of future performance

under the WM Leases.  As courts have found no single standard of adequate assurance to be

dispositive, the form of adequate assurance instead depends on the facts and circumstances of each

case. *See Winters Nursery v. Color Spot Holdings*, No. 18-1246, 2018 WL 3996938, at *8 (Bankr.

D. Del. 2018) (stating that adequate assurance "will fall considerably short of an absolute guarantee of performance").  A party may demonstrate adequate assurance by showing that it is financially capable of performing under the agreement.  *See Cinicola*, 248 F.3d at 117.  Here, World Market has provided the landlords to the WM Leases with adequate assurance of future performance through its continued payment of its rent obligations under the WM Leases and its willingness to cure any related defaults.  Accordingly, the Debtors and World Market have satisfied those requirements for assumption and assignment as set forth under section 365(f)(2).

### III.    Relief Under Bankruptcy Rules 6004(h) and 6006(d) Is Appropriate.

20.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of fourteen days after the entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  Additionally, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of fourteen days after the entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6006(d).  The Debtors request that the proposed *Order Authorizing the Debtors to Assume and Assign Certain Unexpired Leases*, attached hereto, be effective immediately upon its entry by providing that the fourteen-day stay under Bankruptcy Rules 6004(h) and 6006(d) are waived.  Absent a waiver of such stays, the Debtors may be forced to incur additional rent and occupancy-related costs with respect to the WM Leases during the fourteen-day stay periods.

21.    The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented.  *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d).  Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen-day stay period, the leading treatise on bankruptcy suggests that

the fourteen-day stay should be eliminated to allow a transaction to close immediately "where there has been no objection to procedure." 10 Collier on Bankr. ¶ 6004.10 (15th rev. ed. 2006). Furthermore, if an objection is filed and overruled, and the objecting party informs the Court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id*. Accordingly, the Debtors hereby request that the Court waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

### **Waiver of Memorandum of Law**

22.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein, and the Motion does not raise any novel issues of law.

### **Reservation of Rights**

23.     The Debtors and World Market reserve their rights to:  (a) amend Schedule 1 at any time prior to the hearing; (b) adjourn the determination with regard to specific WM Leases at any time prior to or at the Court's hearing to consider the relief requested by this Motion; and (c) seek authority to reject any of the WM Leases prior to entry of an order of the Court approving the assumption and assignment of the WM Leases.

### **Notice**

24.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the United States Trustee for the District of New Jersey; (b) the Committee; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission;

(j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; (m) World Market; (n) the landlords to the WM Leases; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

25.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  May 23, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:       msirota@coleschotz.com
                   wusatine@coleschotz.com
                   fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:       josuha.sussberg@kirkland.com
                   emily.geier@kirkland.com
                   derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## ORDER AUTHORIZING THE DEBTORS
## TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES |

Upon the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Assume and Assign Certain Leases* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to assume and assign the WM Leases to World Market, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES |

2.      The Debtors are authorized to (i) assume and assign the WM Leases as set forth on **Schedule 1**, and in accordance with the terms of this Order hereby assume the WM Leases and assign such to World Market free and clear of any and all liens, claims, and encumbrances, and (ii) execute and deliver such documents or other instruments as is reasonably necessary to assign the WM Leases to World Market.

3.      Notwithstanding anything herein to the contrary, World Market shall pay all accrued charges and payments arising under or pursuant to the WM Leases, including but not limited to fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "True-Up Charge") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of such WM Leases, in the ordinary course as and when such True-Up Charge becomes due and payable. If World Market disputes any alleged True-Up Charge and the parties are unable to come to an agreement regarding the amount actually owed, the dispute may be adjudicated by the Bankruptcy Court upon proper notice.

4.      World Market shall pay, directly or indirectly, any applicable cure amounts for the WM Leases.  Payment of the applicable cure amount by World Market, directly or indirectly, shall constitute the cure of all defaults arising under the WM Leases that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).

5.      The Debtors have demonstrated adequate assurance of future performance and have satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES |

the WM Leases. For the avoidance of doubt and notwithstanding section 365(l) of the Bankruptcy Code, the landlords to the WM Leases may not require and World Market shall have no obligation to provide any deposit, letter of credit, guarantee, or other security for the performance of the Debtors' obligations under the WM Leases.

6.      There shall be no rent accelerations, assignment fees, increases or any other fees charged to World Market or the Debtors as a result of the assumption and assignment of the WM Leases.

7.      Any provisions in the WM Leases that prohibit or condition the assignment of such WM Leases or allow the landlords to the WM Leases to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term of condition, as a result of the assignment of the WM Leases constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and World Market in connection with the assumption and assignment of the WM Leases. The WM Leases shall remain in full force and effect, without existing defaults, subject only to payment by the Debtors of the appropriate cure amount, if any.

8.      Upon payment of the applicable cure amount, the landlords to the WM Leases are hereby barred and permanently enjoined from asserting against the Debtors or World Market any default, claim, or liability existing, accrued, arising, or relating to the WM Leases for the period prior to the entry of this Order.

9.      Upon entry of this Order, the Debtors shall submit a written instruction to Wells Fargo Bank, N.A. to permanently reduce the Wells Fargo LC to $1,000,000. The Debtors shall

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES |

also submit a written instruction to Wells Fargo Bank N.A. to permanently cancel the Wells Fargo LC no later than three (3) business days, or as soon as reasonably practicable, after all Specified Leases extant as of the Petition Date with Bed Bath & Beyond Inc. as tenant thereunder, have either (a) been assigned to World Market or (b) been rejected, in each instance, pursuant to an order of this Court.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this order.  The provisions of this Order authorizing the assignment of the WM Leases shall be self-executing, and neither the Debtors nor World Market shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate and/or implement provisions of this Order.  Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order.  A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

11.     The requirements set forth in Bankruptcy Rule 6003(c) are satisfied by the contents of the Motion or otherwise deemed waived.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.     Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES |

14.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6004(a) and 6006(c) and the Local Rules are satisfied by such notice.

15.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

16.    Nothing in this Order shall be deemed a waiver of any rights, remedies or defenses that any party has or may have under applicable bankruptcy and non-bankruptcy law, under any related agreements or any rights, remedies, or defenses of the Debtors with respect thereto.

17.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

### Assigned WM Leases

| Store Number | Lease Description | Counterparty | Cure Costs | Effective Assignment Date |
|---|---|---|---|---|
| 6216 | Lease for premises located at the West Ashley Shoppes, 946 Orleans Road, #E-2, Charleston, SC 29407 | CR West Ashley, LLC | $42,265 | May 31, 2023 |
| 6387 | Lease for premises located at The Shoppes at Legacy Park, 1320 McFarland Blvd E, Tuscaloosa, AL 35401 | Tidal Town Tuscaloosa, LLC | $0 | May 31, 2023 |
| 6038 | Lease for premises located at 15600 N.E. 8th Street, Bellevue, WA 98008 | Terranomics Crossroads Associates | $13,152 | May 31, 2023 |
| 6194 | Lease for premises located at 1445 New Britain Avenue, West Hartford, CT 06110 | SF WH Property Owner LLC | $0 | May 31, 2023 |
| 6307 | Lease for premises located at The Avenue Viera, 2221 Town Center Ave, Suite 135, Melbourne, FL 32940 | CP Venture Five - AV LLC | $0 | May 31, 2023 |
| 6369 | Lease for premises located at Bridgepointe Shopping Center, 3000 Bridgepoint Parkway, San Mateo CA 94404 | TREA 3010 Bridgepointe Parkway LLC | $0 | May 31, 2023 |
| 6382 | Lease for premises located at Mission Viejo Freeway Center, 25262 El Paseo, Mission Viejo, CA 92691 | Che Chen and Shu Fen Liu Revocable Trust dated October 9, 2012 | $0 | May 31, 2023 |

| Store Number | Lease Description | Counterparty | Cure Costs | Effective Assignment Date |
|---|---|---|---|---|
| 6383 | Lease for premises located at Yale Street Market, 195 Yale Street, Suite 300, Houston, TX 77007 | YSM-Ponderosa, LLC | $0 | May 31, 2023 |
| 96886 | Lease for premises located at 1151 Marina Village Parkway, Alameda, CA 94501 | G&I IX Marina Village Office Park LP | $0[1] | May 31, 2023 |
| 96990 | Lease for premises located at 1201 Marina Village Parkway, Alameda, CA 94501 | G&I IX Marina Village Office Park LP | $0[2] | May 31, 2023 |

---

[1]   The Debtors believe the cure cost to be zero, subject to further diligence. The Debtors reserve the right to increase the cure cost upon notice to the Court and Notice Parties prior to entry of the Order.

[2]   The Debtors believe the cure cost to be zero, subject to further diligence. The Debtors reserve the right to increase the cure cost upon notice to the Court and Notice Parties prior to entry of the Order.