**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 AND SECTION 365 APPROVING
THE LEASE TERMINATION AGREEMENT WITH 31535 SOUTHFIELD ROAD, LLC**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion (the "<u>Motion</u>"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"): (a) authorizing the rejection and termination of that certain lease of non-residential real property dated as of January 13, 2000, as subsequently amended or modified, between Debtor, Bed Bath & Beyond Inc. (the "<u>Tenant</u>"), and 31535 Southfield Road, LLC (the "<u>Landlord</u>") (the "<u>Lease</u>") governing the premises located at 31535 Southfield Road, Beverly Hills, MI 48025 (the "<u>Premises</u>"); (b) approving the certain lease termination agreement dated May 23, 2023 by and among the Landlord and the Tenant annexed as <u>Exhibit 1</u> to **Exhibit A** attached hereto (the "<u>Lease Termination Agreement</u>"), by which the Debtors agree that, upon the Termination Date (as defined therein), the Lease shall be deemed rejected and terminated in exchange for, among other things, (i) $170,000.00 (subject to offset as set forth in the Lease Termination Agreement), payable as set forth in the Lease Termination Agreement, (ii) a release of all claims held by Landlord against the Tenant, and (iii) a release of all Tenant's claims against the Landlord; and (c) authorizing the Debtors and Landlord to take any and all actions reasonably necessary to consummate the Lease Termination Agreement and perform all obligations contemplated therein.[2]

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "<u>First Day Declaration</u>") or the Lease Termination Agreement, as applicable. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

2

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365, and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 9019, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

5. Under the terms of the Lease, the Landlord leased the Premises to the Debtors.

6. After extensive arms-length negotiations, resolving a dispute as to whether or not the Lease was terminated prior to the filing of the voluntary petition for relief under chapter 11 of the Bankruptcy Code, the parties entered into the Lease Termination Agreement pursuant to which the Debtors and Landlord agreed that the Lease shall be deemed rejected and terminated as of July 31, 2023, in accordance with the terms set forth in the Lease Termination Agreement.

**The Lease Termination Agreement**

7. As set forth more fully in Exhibit 1 to the Order, the key provisions of the Lease Termination Agreement are summarized below:[3]

---

[3] The terms described herein are for illustrative purposes only. To the extent there is any inconsistency between the terms set forth in the Lease Termination Agreement and the terms described herein, the Lease Termination

3

1. ***Termination of the Lease.*** On July 31, 2023 (the "Termination Date"), the Debtors will surrender the Premises to the Landlord. On the Termination Date, the existing Lease will be deemed terminated. Any property remaining on the Premises after the Termination Date shall be deemed abandoned.

2. ***Payment to the Debtors.*** Upon occurrence of the Termination Date, the Landlord shall deliver to the Debtors a cash payment in the amount of $170,000.00 (subject to offset of certain amounts, including rent, as set forth in the Lease Termination Agreement) (the "Termination Fee").

3. ***Mutual Release of Claims.*** The Landlord and the Tenant will be deemed to have granted each other mutual releases of all claims and causes of action.

8. The Landlord's agreement to pay the Termination Fee, coupled with the resolution and release of any and all claims, justifies entry into and performance under the Lease Termination Agreement. The Debtors further believe that approval of the Lease Termination Agreement is in the best interest of their estates.

## Basis for Relief Requested

**I. The Settlement Agreement Should be Approved Pursuant to Section 105(a) and Bankruptcy Rule 9019(a).**

9. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides that, "after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

10. "The federal courts have a well-established policy of encouraging settlement to promote judicial economy and limit the waste of judicial resources." *Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc.*, 523 F. Supp. 2d 376, 384 (S.D.N.Y. 2007); *see also, e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27–28 (1994) (discussing the utility of settlement vis-à-vis judicial economy). The force of this established

---

Agreement shall control in all respects.

federal policy is particularly acute in the bankruptcy context, where compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Indeed, in order to "minimize litigation and expedite the administration of the bankruptcy estate 'compromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. rev. 1993)); *see also, e.g.*, *In re Penn. Cent. Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979); *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Culmtech, Ltd.*, 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990).

11. Whether to approve a proposed settlement is committed to the discretion of the bankruptcy court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Ameen*, No. 94–33056, 2008 WL 5955351, at *2 (Bankr. D.N.J. Nov. 6, 2008) (quoting *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997)). In exercising that discretion, the Third Circuit has stated that courts should consider "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393; *see also, e.g.*, *Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006); *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243 (D. Del. 1998). The proponent of a settlement is not required to demonstrate the settlement is the "'best possible compromise' available, it only needs to be above 'the lowest point in the range of reasonableness.'" *In re Annunziata*, No. 17-1864, 2018 WL 1091291, at *5 (D.N.J. Feb. 28, 2018) (quoting *In re Wash. Mut., Inc.*, 442 B.R. 314, 327–28 (Del. Banla. 2011)).

12. Further, section 365(a) of the Bankruptcy Code provides that a debtor "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval.

5

13. Courts routinely approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See In re Market Square Inn, Inc.*, 978 F.2d 116, 121 (3d Cir. 1992) (the "resolution of [the] issue of assumption or rejection will be a matter of business judgment by the bankruptcy court"); *Matter of Taylor*, 103 B.R. 511, 517 (D.N.J. 1989), *aff'd in part, rev'd, in part*, 913 F.2d 102 (3d Cir. 1990) (citing *Sharon Steel Corp. v. Nat'l Gas Distribs. Corp.*, 812 F.2d 36, 39-40 (3d Cir. 1989)). *See also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) (noting that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *City of Covington v. Covington Landing L.P.*, 71 F.3d. 1221, 1226 (6th Cir. 1995).

14. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. *See, e.g., In re Balco Equities, Ltd., Inc.*, 323 B.R. 85, 98-99 (Bankr. S.D.N.Y. 2005); *cf Phar-Mor, Inc. v. Strouss Bldg.*, 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."); *In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[a] court will ordinarily defer to the business judgment of the debtor's management").

15. The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the

debtor's estate. *See In re W & L Assocs., Inc.,* 71 B.R. 962, 966 (Bankr. E.D. Pa. 1987) ("We do not consider the 'business judgment test' to be a strict standard to meet."); *In re Metro Transp. Co.*, 87 B.R. 338, 343 (Bankr. E.D. Pa. 1988) ("We reiterate that the 'business judgment test' is not a 'strict standard to meet.'"); *In re Hardie,* 100 B.R. 284, 287 (Bankr. E.D.N.C. 1989) (court should not disturb the debtor's decision to reject an executory contract unless "the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim.").

16. The Debtors respectfully submit that entry into the Lease Termination Agreement and rejection of the Lease represents a fair and reasonable compromise that is in the best interest of the Debtors' estates and within the Debtors' sound business judgment. Entry into the Lease Termination Agreement will inure to the benefit of the Debtors' estates in a number of ways. **First**, approval of the Lease Termination Agreement will allow the Debtors to settle any and all claims with the Landlord. **Second**, approval of the Lease Termination Agreement will result in the payment of the Termination Fee to the Debtors. Rejection and termination here is supported by sound business reasons because the Landlord supports the rejection and will resolve all outstanding rent claims and release rejection claims against the estates as part of the transaction in accordance with the terms of the Lease Termination Agreement. Accordingly, rejection is appropriate under the terms of the Lease Termination Agreement.

## II. Abandonment of Personal Property Remaining in the Leased Premises Should be Approved by the Court.

17. With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Before

authorizing abandonment of property, a bankruptcy court must find either: (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. *See*, *e.g.*, *Midlantic Nat'l bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986), *reh'g denied*, 475 U.S. 1091 (1986).

18. Although the Debtors will have abandoned the Premises and removed any personal property therein to the extent removal was feasible and provided value to the Debtors' estate, a minimal amount of personal property may remain at the Premises after the Termination Date. To the extent such personal property remains it is (a) of no value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs of removal and storage of such property is likely to exceed the net proceeds realizable from their sale.

19. Rule 6007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules") requires that notice of a proposed abandonment, among other things, describe the property to be abandoned. The Debtors submit that given the description of the personal property provided herein and the *de minimis* nature of such property, the requirements of the Local Rules have been satisfied. Alternatively, to the extent the Court finds such information does not meet the requirements of Local Bankruptcy Rule 6007-1, the Debtors respectfully request that the Court waive such requirements with respect to this Motion.

## Request of Waiver of Stay

20. To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

### The Requirements of Local Rule 9019-3 Are Satisfied

21. The Debtors respectfully submit that all information required pursuant to Local Rule 9019-3 is encompassed in the Motion and Lease Termination Agreement. Accordingly, the Debtors request that the Court waive the requirement to file any separate notice pursuant to Local Rule 9019-3.

### The Requirements of Local Rule 6007-1 Are Satisfied

22. The Debtors respectfully submit that all information required pursuant to Local Rule 6007-1 is encompassed in the Motion and Lease Termination Agreement. Accordingly, the Debtors request that the Court waive the requirement to file any separate notice pursuant to Local Rule 6007-1.

### Waiver of Memorandum of Law

23. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

24. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## No Prior Request

25. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

26. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of New Jersey; (b) the Committee[4]; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent and counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; (m) the Landlord; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The

---

[4] On May 5, 2023, the United States Trustee for the District of New Jersey appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 218].

10

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: May 23, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
         wusatine@coleschotz.com
         fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:   josuha.sussberg@kirkland.com
         emily.geier@kirkland.com
         derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## Exhibit A

Proposed Order

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Emily E. Geier, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel for Debtors and Debtors in Possession* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND SECTION 365 APPROVING THE LEASE TERMINATION AGREEMENT WITH 31535 SOUTHFIELD ROAD, LLC

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC |

Upon the *Debtors' Motion for Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), among other things, (a) authorizing the deemed rejection and termination of the Lease, (b) approving the Lease Termination Agreement between the Debtors and Landlord, and (c) authorizing the Debtors and Landlord to take any and all actions reasonably necessary to consummate the Lease Termination Agreement and perform all obligations contemplated therein, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC |

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to Bankruptcy Rule 9019 and section 365 of the Bankruptcy Code, the Debtors and Landlord are authorized to enter into and perform under the Lease Termination Agreement, attached hereto as **Exhibit 1**, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

3. The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the termination of the Lease, the Debtors' surrender of the Premises (as defined therein), the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes the Landlord's release of administrative claims (except as provided thereunder), are hereby approved in all respects.

4. The Debtors and Landlord are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

5. Upon the Termination Date (as defined in the Lease Termination Agreement), the Debtors' rejection and termination of the Lease shall occur without any further action required by the Debtors, and the Debtors shall surrender the Premises pursuant to the terms of the Lease Termination Agreement.

Case 23-13359-VFP    Doc 429    Filed 05/23/23    Entered 05/23/23 23:18:08    Desc Main
Document    Page 17 of 19

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC |

6. The Debtors are authorized, in their sole discretion, to abandon their personal property located within the Premises.

7. Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada), and to the extent of any inconsistency between the Order and the terms of the Initial Order, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

9. The Debtors and Landlord are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC |

12. The requirement set forth in Local Rule 9019-3 that the Debtor file a notice of proposed compromise or settlement is hereby deemed satisfied by the contents of the Motion and Lease Termination Agreement or otherwise waived.

13. The requirement set forth in Local Rule 6007-1 that the Debtor file a notice of proposed abandonment is hereby deemed satisfied by the contents of the Motion and Lease Termination Agreement or otherwise waived.

14. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

Lease Termination Agreement