**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF BRIAN ZENK, ON BEHALF OF PROPOSED
### ORDINARY COURSE PROFESSIONAL PRICEWATERHOUSECOOPERS LLP

I, Brian T. Zenk, pursuant to Section 1746 of title 28 of the United States Code, hereby

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

declare that the following is true to the best of my information, knowledge, and belief:

    1.    I am a Partner of PricewaterhouseCoopers LLP, located at 300 Madison Avenue, New York, New York 10017 (the "Company").

    2.    Bed Bath & Beyond Inc. and/or its affiliated debtors (collectively, the "Debtors") have requested that the Company provide accounting and valuation advisory services to the Debtors pursuant to the terms and conditions set forth in the Master Services Agreement dated June 15, 2021 (the "Master Services Agreement") and the Statement of Work dated March 8, 2023, (the "SOW" and together with the Master Services Agreement, the "Engagement Agreement"), and the Company has consented to provide such services.

    3.    The Company may have performed services in the past and may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in these cases. As part of its customary practice, the Company is employed in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by Debtors, claimant or other parties in interest in these cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed. In addition, the Company does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which the Company is to be employed.

    4.    Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any non-affiliated or unrelated entity.

5. To the best of my knowledge, neither I, nor any principal of, or professional employed by the Company who are expected to provide services to the Debtors pursuant to the Engagement Agreement, holds or represents any interest adverse to the Debtors or their estates.

6. The Company agreed to waive all unpaid amounts for services rendered prior to the Petition Date.

7. As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company was party to an agreement for indemnification with the Debtors.

8. At any time during the period of its employment during the pendency of the chapter 11 cases, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

9. I, or a representative of the Company, have read and am familiar with the requirements of the Order Granting Debtors' Motion for Entry of an *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business*.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 24, 2023
New York, New York

*/s/ Brian T. Zenk*
Brian T. Zenk, Partner