**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on May 22, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) ESTABLISHING PROCEDURES
## TO SELL CERTAIN LEASES, (II) APPROVING THE
## SALE OF CERTAIN LEASES, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through sixteen (16), is

**ORDERED**.

**DATED: May 22, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Debtors:              BED BATH & BEYOND INC., *et al.*

Case No.           23-13359-VFP

Caption of Order:    Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the proposed auction and sale procedures, attached hereto as **Exhibit 1** (the "Lease Sale Procedures"), by which the Debtors, in consultation with the Consultation Parties, will solicit and select the highest or otherwise best offer(s) for the sales or transfers (the "Lease Sales") of certain unexpired leases (the "Lease Assets"), including with any related ancillary agreement(s) thereto or through the sale of designation rights related thereto; (b) approving the form and manner of notice of the Lease Auction and Lease Sale Hearing attached hereto as **Exhibit 2** (the "Lease Auction and Lease Sale Hearing Notice"); (c) approving the procedures for the assumption and assignment of executory contracts and unexpired leases (the "Assumption and Assignment Procedures"), including the notice of proposed cure amounts, attached hereto as **Exhibit 3** (the "Assumption and Assignment Notice"); (d) scheduling an auction or auctions to sell the assets detailed in the Lease Sale Procedures (each, an "Lease Auction") and hearings to approve one or more Sales (the "Sale Hearing"); and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or Sales Procedures, as applicable.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the COurt having been advised that all formal and informal objections to the MOtion have been resolved, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to this Court at the hearing on the Motion or by stipulation filed with this Court, are overruled.

3. The Debtors are authorized to conduct two Lease Sale Processes (respectively, the "Phase 1 Lease Sale Process" and "Phase 2 Lease Sale Process") for the transfer and sale of certain Lease Assets.

## I.     Important Dates and Deadlines.

4. The following dates and deadlines are hereby approved (and may be adjourned from time to time by the Debtors in consultation with the Consultation Parties):

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

5.      **Phase 1 Stalking Horse Deadline**:  **June 16, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline by which the Debtors, in consultation with the Consultation Parties, may choose a Stalking Horse Bidder with respect to the Phase 1 Lease Sale Process.

6.      **Phase 1 Bid Deadline**:  **June 22, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline by which all binding Bids with respect to the Phase 1 Lease Sale Process must be actually received pursuant to the Lease Sale Procedures.

7.      **Notice of Phase 1 Qualified Bid Deadline**:  **June 24, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the date and time by which the Debtors shall notify the Bidders for Lease Assets with respect to the Phase 1 Lease Sale Process whether their Bids are Qualified Bids.

8.      **Phase 1 Lease Auction**:  **June 26, 2023, at 10:00 a.m. (prevailing Eastern Time)**, is the date and time by which the Lease Auction, if needed, with respect to the Phase 1 Lease Sale Process (the "Phase 1 Lease Auction") will be held at the offices of Kirkland & Ellis LLP, located at:  601 Lexington Avenue, New York, New York 10022.  The Debtors shall send written notice of the date, time, and place of the Phase 1 Lease Auction to the applicable Qualified Bidders no later than two business days before the Phase 1 Lease Auction, and file a notice of the date, time, and place of such Phase 1 Lease Auction with the Court no later than two business days before the Phase 1 Lease Auction and post such notice on the Debtors' Case Website: https://restructuring.ra.kroll.com/bbby.  The Debtors, in consultation with the Consultation Parties, may modify the date, time, and place of the Phase 1 Lease Auction by providing written notice to Qualified Bidders and filing a notice with the Court so long as such notice is no later than two days before such Phase 1 Lease Auction.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

9.      **File List of Proposed Final Phase 1 Lease Sale(s)**:  **Within twenty-four hours after the conclusion of the Phase 1 Lease Auction (if necessary), or as soon as reasonably practicable thereafter**, as the deadline by which the Debtors must file with the Court a list of all proposed final Lease Sales with respect to the Phase 1 Lease Sale Process (each, a "Phase 1 Lease Sale").

10.      **File Phase 1 Assumption and Assignment Notice**:  **June 30, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the date and time by which the Debtors shall file an Assignment and Assumption Notice (as defined herein) with respect to Contracts to be assumed in connection with any proposed Phase 1 Lease Sales.

11.      **Phase 1 Lease Sale Objection Deadline**:  if applicable, **July 11, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline to object to any Phase 1 Lease Sale.

12.      **Phase 1 Assumption Objection Deadline**:  if applicable, **July 11, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline to object to the proposed assumption and assignment and/or to the Successful Bidder's or Backup Bidder's proposed form of adequate assurance of future performance with respect to Lease Assets proposed to be sold or transferred pursuant to a Phase 1 Lease Sale.

13.      **Phase 1 Lease Sale Hearing**:  **July 14, 2023**, as the date by which the Debtors shall seek approval from this Court to designate the Successful Bidders in connection with any Phase 1 Lease Sales.

14.      **Phase 2 Stalking Horse Deadline**:  **June 30, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline by which the Debtors, in consultation with the Consultation Parties, may choose a Stalking Horse Bidder with respect to the Phase 2 Lease Sale Process.

(Page | 6)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

15.    **Phase 2 Bid Deadline**:  **July 6, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline by which all binding Bids with respect to the Phase 2 Lease Sale Process must be actually received pursuant to the Lease Sale Procedures.

16.    **Notice of Phase 2 Qualified Bid Deadline**:  **July 8, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the date and time by which the Debtors shall notify the Bidders for Lease Assets with respect to the Phase 2 Lease Sale Process whether their Bids are Qualified Bids.

17.    **Phase 2 Lease Auction**:  **July 10, 2023, at 10:00 a.m. (prevailing Eastern Time)**, is the date and time by which the Lease Auction, if needed, with respect to the Phase 2 Lease Sale Process (the "Phase 2 Lease Auction") will be held at the offices of Kirkland & Ellis LLP, located at:  601 Lexington Avenue, New York, New York 10022.  The Debtors shall send written notice of the date, time, and place of the Phase 2 Lease Auction to the applicable Qualified Bidders no later than two business days before the Phase 2 Lease Auction, and file a notice of the date, time, and place of such Phase 2 Lease Auction with the Court no later than two business days before the Phase 2 Lease Auction and post such notice on the Debtors' Case Website: https://restructuring.ra.kroll.com/bbby.  The Debtors, in consultation with the Consultation Parties, may modify the date, time, and place of the Phase 2 Lease Auction by providing written notice to Qualified Bidders and filing a notice with the Court so long as such notice is no later than two days before such Phase 2 Lease Auction.

18.    **File List of Proposed Final Phase 2 Lease Sale(s)**:  **Within twenty-four hours after the conclusion of the Phase 2 Lease Auction (if necessary), or as soon as reasonably practicable thereafter**, as the deadline by which the Debtors must file with the Court a list of all

| (Page | 7) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

proposed final Lease Sales with respect to the Phase 2 Lease Sale Process (each, a "Phase 2 Lease Sale").

19. **File Phase 2 Assumption and Assignment Notice**: **July 14, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the date and time by which the Debtors shall file an Assignment and Assumption Notice (as defined herein) with respect to Contracts to be assumed in connection with any proposed Phase 2 Lease Sales.

20. **Phase 2 Lease Sale Objection Deadline**: if applicable, **July 24, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline to object to any Phase 2 Lease Sale.

21. **Phase 2 Assumption Objection Deadline**: if applicable, **July 24, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline to object to the proposed assumption and assignment and/or to the Successful Bidder's or Backup Bidder's proposed form of adequate assurance of future performance with respect to Lease Assets proposed to be sold or transferred pursuant to a Phase 2 Lease Sale.

22. **Phase 2 Lease Sale Hearing**: **July 28, 2023**, as the date by which the Debtors shall seek approval from this Court to designate the Successful Bidders in connection with any Phase 2 Lease Sales.

II. **Lease Auctions and Lease Sales Procedures.**

23. The Lease Sale Procedures, attached as **Exhibit 1** hereto, are incorporated herein and are hereby approved in their entirety. The Lease Sale Procedures apply equally to both the Phase 1 Lease Sale Process and the Phase 2 Lease Sale Process, and shall govern the submission, receipt, and analysis of all bids related to any Lease Sales. Any party desiring to submit a bid shall comply with the Lease Sale Procedures and this Order. The Debtors, in consultation with the

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

Consultation Parties, are authorized to take any and all actions necessary to implement the Lease Sale Procedures.

24.    If the Debtors do not receive a Qualified Bid as to a particular Lease Asset by the applicable Bid Deadline, the Lease Auction shall be cancelled as to such asset.  If the Debtors receive one or more Qualified Bids, the Debtors will conduct a Lease Auction in accordance with the Lease Sale Procedures.

25.    At any Lease Auction, each Qualified Bidder will be entitled, but will not be obligated, to submit overbids and, to the extent a Qualified Bidder has a valid and perfected lien on the Lease Assets included in its bid, will be entitled in any such overbids to credit bid all or a portion of the value of the secured portion of its claims within the meaning of section 363(k) of the Bankruptcy Code.  Each Qualified Landlord Bidder that submits a timely bid may credit bid all or a portion of its applicable, undisputed Cure Cost (as defined herein).  For the avoidance of doubt, each Qualified Landlord Bidder shall be deemed a Qualified Bidder.

26.    At or following any Lease Auction, the Debtors, in consultation with the Consultation Parties, may:  (a) select, in their business judgment, pursuant to the Lease Sale Procedures, (i) the highest or otherwise best bid as the Successful Bidder and (ii) the second highest or otherwise second best bid as the Backup Bidder; and (b) reject any bid (regardless of whether such bid is a Qualified Bid) that, in the Debtors' business judgment, is (i) inadequate, insufficient, or not the highest or best bid, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Lease Sale Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtors' estates, affected stakeholders, or other parties in interest.  For the avoidance of doubt, the Debtors are not required to name a Successful Bidder for

| | |
|---|---|
| (Page | 9) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

any given Lease Asset or group thereof and may elect, in consultation with the Consultation

Parties, to not sell such asset to the highest or otherwise best bidder.

27.    The Breakup Fee is approved on the terms set forth in the Lease Sale Procedures

and the Debtors are authorized, but not directed, to incur and pay the Breakup Fee in an exercise

of their business judgment, in consultation with the Consultation Parties, without further action or

order by this Court; *provided*, *that*, for the avoidance of doubt, the amount of the Breakup Fee

shall not exceed three percent (3%) of any proposed Stalking Horse Bidder Purchase Price.

**III.    Lease Auction and Lease Sale Hearing Notice.**

28.    The Lease Auction and Lease Sale Hearing Notice, substantially in the form

attached hereto as **Exhibit 2**, is approved.  Within three business days of the entry of this Order,

or as soon thereafter as reasonably practicable, the Debtors shall cause a Lease Auction and Lease

Sale Hearing Notice, which shall be in form and substance reasonable acceptable to the DIP Agent

and Prepetition Agents, with respect to the Phase 1 Lease Auction and Phase 1 Lease Sale Hearing

to be served upon the Notice Parties (as defined herein) and place a publication version of such

Lease Auction and Lease Sale hearing Notice for one day in *The New York Times* (National

Edition) and post it onto the Case Website.  At least twenty business days prior to the Phase 2

Lease Auction, the Debtors shall cause a Lease Auction and Lease Sale Hearing Notice, which

shall be in form and substance reasonable acceptable to the DIP Agent and Prepetition Agents,

with respect to the Phase 2 Lease Auction and Phase 2 Lease Sale Hearing to be served upon the

Notice Parties and place a publication version of such Lease Auction and Lease Sale hearing

Notice for one day in *The New York Times* (National Edition) and post it onto the Case Website.

Each Lease Auction and Lease Sale Hearing Notice will indicate that copies of this Motion and

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

any future sale documents, if applicable, can be obtained on the Case Website.  Such notice shall be deemed sufficient and proper notice of the Lease Sales with respect to known interested parties.

29.    The Debtors shall file with this Court and serve written notice on the applicable Qualified Bidders of the date, time, and place of any Lease Auction no later than two business days before such Lease Auction and post such notice on the Debtors' Case Website: https://restructuring.ra.kroll.com/bbby.  The Debtors, in consultation with the Consultation Parties, may modify the date, time, and place of the Lease Auction by providing written notice to Qualified Bidders and filing a notice with this Court, so long as such notice is filed and served no later than two days before such Lease Auction.

30.    Parties objecting to approval of any proposed Lease Sale must file a written objection (each, a "Lease Sale Objection") so that such Lease Sale Objection is filed with the Court and served so as to be **actually received** by **July 11, 2023, at 5:00 p.m. (prevailing Eastern Time)** with respect to any Phase 1 Lease Sale and by **July 24, 2023, at 5:00 p.m. (prevailing Eastern Time)** with respect to any Phase 2 Lease Sale and serve such Sale Objection on:  (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler; and Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq, proposed co-counsel to the Debtors; (b) the Office of the United States Trustee for the District of New Jersey, Attn: Fran B. Steele and Alexandria Nikolinos; (c) Pachulski Stang Ziehl & Jones LLP, 780 3rd Ave #34, New York, NY 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov and Colin R. Robinson, proposed counsel to the Committee; (d) Davis Polk & Wardwell LLP, 450 Lexington Avenue,

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

New York, New York 10017, Attn:  Adam Shpeen and Steven Szanzer, counsel to the Prepetition ABL Agent; and (e) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attn: David M. Hillman and Charles A. Dale, counsel to the DIP Agent (collectively, the "Notice Parties").

## IV.      Assumption and Assignment Procedures.

31.      The Assumption and Assignment Procedures below are hereby approved and shall be the procedures by which the Debtors will notify counterparties (the "Counterparties") to executory contracts and unexpired leases (the "Contracts") of proposed cure amounts in the event the Debtors determine, in consultation with the Consultation Parties, to assume and assign such Contracts in connection with a sale, liquidation, or other disposition of the Lease Assets.

32.      Within twenty-four hours after the completion of the applicable Lease Auction, to the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will provide information of all proposed forms of adequate assurance of future performance they have received from each Successful Bidder and Backup Bidder, the applicable Successful Bidder's A&A Agreement, and the corresponding redline of the applicable Bidder A&A Agreement to such applicable Counterparty (and their counsel, if known).

33.      The Debtors shall file with the Court, by **June 30, 2023, at 5:00 p.m. (prevailing Eastern Time)** in connection with any Phase 1 Lease Sale and by **July 14, 2023, at 5:00 p.m. (prevailing Eastern Time)** in connection with any Phase 2 Lease Sale, an assumption and assignment notice in the form attached hereto as **Exhibit 3** (the "Assumption and Assignment Notice") to assume one or more Contracts pursuant to section 365 of the Bankruptcy Code, which Assumption and Assignment Notice shall set forth, among other things:  (i) the Contract or

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

Contracts to be assumed; (ii) the names and addresses of the Counterparties; (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption for each such Contract (the "Assumption Date"); (v) the proposed cure amount (the "Cure Costs"), if any for each such Contract; (vi) each Successful Bidder's Bidder A&A Agreement and (vii) the deadlines and procedures for filing objections to the Assumption and Assignment Notice (as set forth below).

34. Within twenty-four hours of filing an Assumption and Assignment Notice, the Debtors will cause such Assumption and Assignment Notice to be served by first class mail and/or email (to the extent email is reasonably known) upon: (i) the Counterparties affected by the Assumption and Assignment Notice at the address set forth in the notice provision of the applicable Contract (and via email to their counsel, if known) and (ii) the Notice Parties.

35. Parties objecting to the proposed Cure Costs or a proposed assumption and assignment and/or to a Successful Bidder's proposed form of adequate assurance of future performance must file a written objection (each, an "Assumption Objection") so that such Assumption Objection is filed with the Court and **actually received** by **July 11, 2023, at 5:00 p.m. (prevailing Eastern Time)** with respect to any Phase 1 Lease Sale and by **July 24, 2023, at 5:00 p.m. (prevailing Eastern Time)** with respect to any Phase 2 Lease Sale and serve such Assumption Objection on: (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler; and Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq, proposed co-counsel to the Debtors; (b) the Office of the United States Trustee for the District of New Jersey,

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

Attn: Fran B. Steele and Alexandria Nikolinos; (c) Pachulski Stang Ziehl & Jones LLP, 780 3rd

Ave #34, New York, NY 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov and

Colin R. Robinson, proposed counsel to the Committee; (d) Davis Polk & Wardwell LLP, 450

Lexington Avenue, New York, New York 10017, Attn: Adam Shpeen and Steven Szanzer, counsel

to the Prepetition ABL Agent; and (e) Proskauer Rose LLP, Eleven Times Square, New York,

New York 10036, Attn: David M. Hillman and Charles A. Dale, counsel to the DIP Agent.

36.    If no objection to the assumption of any Contract is timely filed, each Contract shall

be assumed as of the date of entry of an order approving the applicable Lease Sale or such later

date as the Debtors and the Counterparty or Counterparties to such Contract(s) agree, and the

proposed cure amount shall be binding on all Counterparties to such Contract(s) and no amount in

excess thereof shall be paid for cure purposes.

37.    If a Counterparty does not file and serve an Assumption Objection in a manner that

is consistent with the requirements set forth herein, and absent a subsequent order of the Court in

connection with such objection establishing an alternative Cure Cost, (a) the Cure Costs, if any,

set forth in the applicable Assumption and Assignment Notice shall be controlling,

notwithstanding anything to the contrary in any Assumed Contract or any other document, and

(b) the Counterparty will be deemed to have consented to the assumption and assignment of the

Assumed Contract and the Cure Costs, if any, and will be forever barred from asserting any other

claims with respect to Cure Costs related to such Assumed Contract against the Debtors or the

applicable Successful Bidder, or the property of any of them.

38.    The inclusion of an Assumed Contract on any Assumption and Assignment Notice

will not:  (a) obligate the Debtors to assume any Assumed Contract listed thereon or a Successful

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

Bidder to take assignment of such Assumed Contract; or (b) constitute any admission or agreement of the Debtors that such Assumed Contract is an executory contract.  Only those Assumed Contracts that are included on a schedule of assumed and acquired contracts attached to a final assignment and assumption agreement with a Successful Bidder (including amendments or modifications to such schedules in accordance with such assignment and assumption agreement) will be assumed and assigned to the applicable Successful Bidder.  No Assumed Contract shall be assumed absent entry of an order approving the applicable Lease Sale and closing on the assignment thereof to the applicable Successful Bidder.

39.     For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such Contract by the Debtors to the Assignee.

**V.     Miscellaneous.**

40.     The failure to include or reference a particular provision of the Lease Sale Procedures in this Order shall not diminish or impair the effectiveness or enforceability of such a provision in the Lease Sale Procedures.

41.     The Debtors are authorized to establish an escrow account (the "Escrow Account") to accept deposits from Qualified Bidders and may pay any reasonable fees related to such account.  Any deposits made by Qualified Bidders into the Escrow Account shall not be property of the Debtors' estates.

42.     Notwithstanding anything to the contrary contained in the Motion, this Order, or the Lease Sale Procedures, any Lease Sales effected pursuant hereto or thereto, and any relief or authorization granted herein shall not be inconsistent with, and shall be subject to and in

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

compliance with, the requirements imposed on the Debtors under the terms of any interim and final orders entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 25] (the "DIP Motion" and such orders in respect thereto, the "DIP Orders") or the DIP Credit Agreement (as defined in the DIP Motion) and any rights, terms, or conditions set forth therein.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

43.     Notwithstanding anything to the contrary in this Order or the Lease Sale Procedures, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant to any Lease Sale(s) without the express prior written consent of the applicable insurer and/or third-party administrator.

44.     In the event of any inconsistencies between this Order and the Motion, this Order shall govern.  In the event of any inconsistencies between this Order and the Lease Sale Procedures, the Lease Sale Procedures shall govern.

45.     The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or otherwise deemed waived.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief |

46.      The Debtors, in consultation with the Consultation Parties, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

47.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

48.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

49.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

50.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**LEASE SALE PROCEDURES FOR THE SALE OF CERTAIN LEASE ASSETS**

On [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. [●]] (the "Lease Sale

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Procedures Order")[2] by which the Court approved the following procedures.  These Lease Sale Procedures set forth the process by which the Debtors are authorized to conduct one or more auctions (each, a "Lease Auction") for the sale or transfer (the "Lease Sales") of certain unexpired leases (collectively, the "Lease Assets"), including with any ancillary agreement(s) thereto or through the sale of designation rights related thereto.

A.    **Lease Assets.**

The Debtors are seeking to sell all of their Lease Assets, or any portion thereof, pursuant to these Lease Sale Procedures.  These Lease Assets include, but are not limited to, approximately 475 unexpired non-residential leases, free and clear of all liens, claims, interests, or other encumbrances.

B.    **Solicitation Process; Distribution of Lease Sale Procedures.**

For any sale of Lease Assets in these chapter 11 cases (these "Chapter 11 Cases") subject to a Lease Sale Process, the above-captioned debtors and debtors in possession (the "Debtors"), A&G Realty Partners, LLC ("A&G"), or any such other agent of the Debtors shall, at the Debtors' direction, distribute these Lease Sale Procedures to any potential interested bidders.  The Debtors, in consultation with the Consultation Parties,[3] may elect to exclude any Lease Asset from these Lease Sale Procedures and sell such Lease Asset at either a private or public sale, subject to Bankruptcy Court approval of any alternative sale method.  Furthermore, the Debtors, in consultation with the Consultation Parties, may determine whether to proceed with a sale of any Lease Asset.  The Debtors will conduct two Lease Sale Processes (respectively, the "Phase 1 Lease Sale Process" and the "Phase 2 Lease Sale Process").

C.    **Eligibility of Bidders to Participate in a Lease Auction.**

In order to be eligible to bid for the sale of any Lease Asset in these Chapter 11 Cases subject to a Lease Sale Process or otherwise participate in a Lease Auction (as defined below), each bidder must be determined by the Debtors, in consultation with the Consultation Parties, to be a Qualified Bidder (as defined below).

D.    **Qualification of Bidders.**

Each Qualified Bid (as defined below) must be made by a Qualified Bidder.  In order to be considered for status as a "Qualified Bidder" and to have a Qualified Bid, a bidder must:

---

[2]    All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sales Procedures Order or the *Debtors' Motion for Entry of an Order (I) Establishing Sales Procedures, (II) Approving the Sale of Certain Real Property and Leases, and (III) Granting Related Relief* [Docket No. [●]], as applicable.

[3]    "Consultation Parties" shall mean counsel to the DIP Agent, Prepetition FILO Agent, and Prepetition ABL Agent (each, an "Agent") and the Committee; *provided, however*, that to the extent any Agent submits a bid for any Lease Assets, such Agent shall not be a Consultation Party with respect to (a) the evaluation and qualification of competing bids for the Lease Assets included in such Agent's bid or (b) seeking and/or obtaining information about other bids, but such Agent shall remain a Consultation Party for the other purposes set forth herein.

(i)     Deliver to A&G Realty Partners, LLC, c/o Emilio Amendola, 445 Broadhollow Road, Suite 410, Melville, NY 11747; email: emilio@agrealtypartners.com; Tel: (631) 465-9507; Fax: (631) 420-4499; with copy to the Debtors' counsel, Kirkland & Ellis LLP, c/o Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler, 601 Lexington Avenue, New York, NY 10022; email: joshua.sussberg@kirkland.com, emily.geier@kirkland.com, derek.hunter@kirkland.com, ross.fiedler@kirkland.com; Tel: (212) 446-4800; Fax: (212) 446-4900; so as to be received before **5:00 p.m. (prevailing Eastern Time) on June 22, 2023** with respect to the Phase 1 Lease Sale Process (the "Phase 1 Bid Deadline") and before **5:00 p.m. (prevailing Eastern Time) on July 6, 2023** with respect to the Phase 2 Lease Sale Process (the "Phase 2 Bid Deadline" and together with the Phase 1 Bid Deadline, the "Bid Deadlines"), a written offer to purchase the Lease Assets at issue (a "Qualified Bid") that:

(a)     Consists of an executed form of the assignment and assumption agreement for sale that may not deviate substantially from the terms of the form assignment and assumption agreement, substantially in the form attached hereto as **Exhibit A**, marked to show any proposed revisions, which are acceptable to the Debtors in consultation with the Consultation Parties, that provides for the purchase of the Lease Asset(s) being sold (such bidder's executed assignment and assumption agreement, the "Bidder A&A Agreement"); *provided* that any landlord bidding on a Lease Asset related to a property which such landlord owns (in such capacity, a "Qualified Landlord Bidder")[4] shall instead provide with its bid an executed form of the lease termination agreement that may not deviate substantially from the terms of the form lease termination agreement, substantially in the form attached hereto as **Exhibit B**, marked to show any proposed revisions, which are acceptable to the Debtors in consultation with the Consultation Parties. Each Qualified Landlord Bidder which timely submits a bid shall be deemed a Qualified Bidder. Any bidder may propose to purchase more than one Lease Asset. The assignment and assumption agreement shall be marked to reflect differences as to the Lease Assets proposed to be purchased;

---

[4]     For the avoidance of doubt, a landlord shall only be a Qualified Landlord Bidder with respect to Lease Assets in which the landlord has a property interest. Any landlord bidding on Lease Assets in which the landlord does not have a property interest is not a Qualified Landlord Bidder in such capacity.

3

(b)    Consists of a completed bidder registration form, substantially in the form attached hereto as **Exhibit C**, which must detail which of the Lease Assets up for sale the Qualified Bidder proposes to be assumed and assigned and provides for the payment of all Cure Costs related to such Lease Assets by the Qualified Bidder.  For the avoidance of doubt, a Qualified Landlord Bidder may credit bid such Qualified Landlord Bidder's undisputed Cure Costs, which shall be provided by the Debtors upon request.  A single bidder or group of bidders may purchase all or a portion of the Lease Assets.  If a bidder or group of bidders submits an offer for a combination of Lease Assets, such bidder or group of bidders must indicate (i) if it would be willing to purchase any of such assets if not sold as a group and, if so, (ii) a schedule indicating the bid as to any individual or sub-group of assets that such bidder would purchase.  The Debtors, in consultation with the Consultation Parties, reserve the right to determine whether to auction any assets as part of a group or individually up through and including at an Auction or to conduct an Auction of any Lease Asset both individually and as part of a group in order to determine which option maximizes value of the assets;

(c)    Contains no contingencies to the validity, effectiveness, and/or binding nature of the bid, including without limitation, contingencies for due diligence and inspection (other than as set forth in **Exhibit A**) or financing of any kind;

(d)    Contains documentation acceptable to the Debtors, in consultation with the Consultation Parties, evidencing that the bidder has financial resources sufficient to close the transaction within twenty (20) days after the Lease Auction which evidence may include, without limitation, evidence of cash on hand, a binding financing commitment from an established and financially sound financial institution or investment fund, and the identity of contact persons at the entity issuing such commitment letter; *provided* that any Qualified Landlord Bidder need not submit such evidence of adequate financial resource to the extent that such Qualified Landlord Bidder submits a bid solely based on a credit bid of undisputed Cure Costs;

(e)    Demonstrates, to the Debtors' satisfaction, in consultation with the Consultation Parties, that the bidder has the legal capacity to consummate the transaction it is proposing; and

4

(f)    Includes a statement from the bidder that:  (i) it is prepared to enter into and consummate the transactions contemplated in the Bidder A&A Agreement immediately upon entry by the Bankruptcy Court of an order approving the sale of Lease Assets to such bidder; and (ii) the Qualified Bid, if determined to be a Successful Bid (defined below) or Backup Bid (defined below), will then be irrevocable for a period of thirty (30) days after the conclusion of the Lease Auction;

(ii)    Contemporaneous with the submission of a bid, tender an earnest money deposit of ten percent (10.0%) of the proposed purchase price for the sale of the Lease Assets (the "Qualified Bidder Deposit") by cashier's or certified check or wire transfer of immediately available funds, which deposit shall be held in an interest bearing escrow account in accordance with the terms of the Bidder A&A Agreement.[5]  A Qualified Landlord Bidder must only tender a Qualified Bidder Deposit with respect to cash amounts bid in excess of such Qualified Landlord Bidder's credit bid.  A Qualified Bidder Deposit will be refunded only if (a) the bid corresponding to the Qualified Bidding Deposit is rejected; or (b) the bid corresponding with the Qualified Bidder Deposit is not approved by the Bankruptcy Court.  The Debtors reserve the right to hold each Qualified Bidder Deposit until five (5) days after the closing of a Lease Sale of the applicable Lease Assets, but the Debtors may refund the full Qualified Bid Deposit any time after the applicable Lease Sale Hearing. The provisions of this subparagraph D(ii) shall apply to Qualified Bidders and controls notwithstanding any conflicting provisions in the Bidder A&A Agreement.

(iii)    Provide such information of adequate assurance of future performance (which the Qualified Bidder agrees may be disseminated to affected landlords if such Qualified Bidders' Bid is determined to be a Qualified Bid), which may include, without limitation:  (A) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (B) a corporate organizational chart or similar disclosure identifying ownership and control of the proposed assignee of the applicable Contracts; (C) audited or unaudited financial statements, tax returns, bank account statements, or annual reports; (D) financial projections, calculations, and/or financial *pro formas* prepared in contemplation of purchasing the applicable Lease Assets; (E) the proposed assignee's intended use of the Lease Assets and a description of the proposed business to be conducted at the lease premises; (F) the proposed assignee's experience in retail and in operating in a shopping center; (G) a contact person for the proposed assignee; and/or (H) any

---

[5]   For the avoidance of doubt, these funds are not property of the Debtors' estates.

other documentation that the Debtors or landlords may further request; *provided* that a Qualified Landlord Bidder need not provide information of adequate assurance of future performance with respect to any Lease Asset in which such Qualified Bidder has an existing property interest.

**E.**    **Rejection of "Qualified Bid" Status for Non-Conforming Bids.**

The determination as to which bids qualify shall be determined by the Debtors, in consultation with the Consultation Parties. The Debtors, in consultation with the Consultation Parties, shall have the right to reject bids as non-conforming bids; *provided*, *however*, the Debtors shall have the right to negotiate with any bidder with respect to clarification of any bid. Notwithstanding anything to the contrary herein, any bid submitted by any of the Agents or their respective designees shall be a Qualified Bid.

**F.**    **Breakup Fee.**

Upon entry of the Lease Sale Procedures Order, the Debtors shall be authorized, but not obligated, in an exercise of their business judgment in consultation with the Consultation Parties, to (a) select one or more Qualified Bidders to act as a stalking horse bidder (a "Stalking Horse Bidder") in connection with a Lease Auction and (b) in connection with any staking horse agreement with a Stalking Horse Bidder, provide for a breakup fee (the "Breakup Fee") in an amount not to exceed three percent (3%) of the proposed Purchase Price.

**G.**    **Due Diligence.**

Any Qualified Bidder may request diligence from the Debtors, and the Debtors, in consultation with the Consultation Parties, may grant or deny the request. The Debtors may require such Qualified Bidder to execute a non-disclosure agreement prior to providing diligence to such Qualified Bidder. All due diligence shall be completed prior to the applicable Bid Deadline.

**H.**    **Bid Deadline.**

All Qualified Bids must be submitted to A&G, with copy to Debtors' counsel in accordance with paragraph D(i), so as to be actually received not later than **5:00 p.m. (prevailing Eastern Time) on June 22, 2023** with respect to the Phase 1 Lease Sale Process and before **5:00 p.m. (prevailing Eastern Time) on July 6, 2023** with respect to the Phase 2 Lease Sale Process.

**I.**    **Terms of Lease Auctions.**

In the event that one or more Qualified Bids are submitted in accordance with these Lease Sale Procedures, the Debtors will conduct an auction sale of the Lease Assets (a "Lease Auction") on the following terms:

(i)     **Time, Date and Location of Auction; Adjournment of Auction; Appearance of Qualified Bidders at Auction.**  Each Auction will take place at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022.  An Auction will be conducted on **June 26, 2023, at 10:00 a.m. (prevailing Eastern Time)** with respect to the Phase 1 Lease Sale Process and on **July 10, 2023, at 10:00 a.m. (prevailing Eastern Time)** with respect to the Phase 2 Lease Sale Process.  The Debtors will send written notice of the date, time, and place of each Lease Auction to the Qualified Bidders no later than two business days before such Lease Auction, and file a notice of the date, time, and place of each Lease Auction with the Court no later than two business days before such Lease Auction and post such notice on the Debtors' Case Website:  https://restructuring.ra.kroll.com/bbby.  The Debtors, in consultation with the Consultation Parties, may modify the date, time, and place of each Lease Auction by providing written notice to Qualified Bidders and filing a notice with the Court so long as such notice is no later than two days before the Lease Auction.

(ii)    **Permitted Attendees at Lease Auctions.**  Unless otherwise ordered or directed by the Bankruptcy Court, only representatives of the Debtors, the Consultation Parties, the Office of the United States Trustee for the District of New Jersey, any statutory committee appointed in these Chapter 11 Cases, any landlord counterparty to a Lease Asset marketed for sale or transfer at any Lease Auction, any other parties invited specifically by the Debtors, and any Qualified Bidders (and the professionals for each of the foregoing) shall be entitled to attend a Lease Auction; *provided that*, only Qualified Bidders shall be entitled to bid at a Lease Auction.

(iii)   **Lease Auction Bid Submission Procedures.**  Lease Auction bidding shall be subject to the following procedures:

      (a)     For a Qualified Bid to be considered and in order for a Qualified Bidder to further bid at a Lease Auction, Qualified Bidders must appear in person at the Lease Auction, or through a duly authorized representative, unless alternative arrangements are agreed upon in advance by the Debtors.

      (b)     Only Qualified Bidders shall be entitled to make any subsequent bids at a Lease Auction.

      (c)     Bidding will commence with the announcement of the highest and best Qualified Bid with respect to each Lease Asset or group thereof, which shall be determined by the Debtors in their business judgment in consultation with the Consultation Parties.  Any Qualified Bidder may

7

then submit successive bids in minimum increments, which will be determined by the Debtors, in consultation with the Consultation Parties, at each Lease Auction depending on the total dollar value of the Lease Assets being sold (the "<u>Minimum Overbid Amount</u>"). The Minimum Overbid Amount may be different with respect to each asset or group of assets being auctioned.

(d)     If one or more Qualified Bids are received by the Debtors, each such Qualified Bidder shall have the right to improve its respective bid at the applicable Lease Auction.

(e)     Each successive bid submitted by any bidder at a Lease Auction must contain an actual cash purchase price that exceeds the then existing highest bid by at least the Minimum Overbid Amount.

(f)     At commencement of each Lease Auction, the Debtors, in consultation with the Consultation Parties, may announce procedural and related rules governing such Lease Auction, including time periods available to all Qualified Bidders to submit successive bid(s) in an amount equivalent to at least the Minimum Overbid Amount.

(iv)    <u>**No Collusion.**</u>  Each Qualified Bidder participating at a Lease Auction will be required to confirm on the record at the Lease Auction that (i) it has not engaged in any collusion with respect to the bidding and (ii) its Qualified Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

(v)     <u>**Selection of Successful Bid.**</u>  Each Lease Auction shall continue until there is only one bid remaining to purchase a certain portion or all of the Lease Assets that the Debtors determine in consultation with the Consultation Parties, subject to Bankruptcy Court approval, is the highest and/or best Qualified Bid (such bid, the "<u>Successful Bid</u>" and such bidder, the "<u>Successful Bidder</u>").  For the avoidance of doubt, if there are any Qualified Bids for different portions of the Lease Assets, there may be multiple Successful Bidders.  In making this decision, the Debtors, in consultation with the Consultation Parties, shall consider the amount of the purchase price, the form of consideration being offered, the contents of the Bidder A&A Agreement, the likelihood of such Qualified Bidder's ability to close the transaction, the timing thereof, and the net benefit to the Debtors' estates.  The Debtors, in consultation with the Consultation Parties, reserve the right to select the Successful Bid, even if it is not the highest bid.  The Debtors, in consultation with the Consultation Parties, reserve the right to not select any Successful Bid or

Successful Bidder with respect to any Lease Asset or group thereof. The Successful Bidder shall have such rights and responsibilities of the purchaser, as set forth in the Bidder A&A Agreement. Prior to the applicable Sale Hearing, the Successful Bidder shall complete and execute a final and revised Bidder A&A Agreement, as necessary to conform to the terms of each Lease Auction, and all other agreements, contracts, instruments, and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made (such documents collectively, the "Successful Bidder Sale Documents"). The Successful Bid shall be irrevocable for a period of thirty (30) days after the conclusion of the applicable Lease Auction.

(vi) **Selection of Backup Bidder.** The bidder of the second highest and best bid for a portion or all of the Lease Assets, as determined by the Debtors in consultation with the Consultation Parties, may be deemed a backup bidder (such bidder the "Backup Bidder" and such bid the "Backup Bid"). For the avoidance of doubt, if there are Qualifying Bids for different portions of the Lease Assets, there may be multiple Backup Bidders. If the Debtors, in consultation with the Consultation Parties, so designate a bidder as a Backup Bidder, such Backup Bidder shall be required to complete and execute an assignment and assumption agreement in form and substance reasonably acceptable to the Debtors, in consultation with the Consultation Parties, memorializing, among other things, the amount of the Backup Bid (the "Backup Bidder A&A Agreement"). Upon the failure of the Successful Bidder to timely consummate its purchase of the Lease Assets, pursuant to the terms of the Successful Bidder Sale Documents, the Debtors, in consultation with the Consultation Parties, shall promptly file a supplemental notice seeking to approve the proposed sale of the Lease Assets to the applicable Backup Bidder on expedited notice and a hearing; *provided* that such notice will provide a three (3) day period to object to such sale. The Debtors shall serve such notice via first class mail or email (to the extent email is reasonably known) on (A) the Notice Parties and (B) the applicable landlord (and via email to their counsel, if known). The Backup Bidder A&A Agreement shall be irrevocable for a period of thirty (30) days after the conclusion of the applicable Lease Auction.

(vii) **Irrevocability of Bids; Rejection of Bids.** A Qualified Bid must be irrevocable unless and until the Debtors accept a higher Bid and such Qualified Bidder is not selected as the Backup Bidder. Unless determined by the Debtors, in consultation with the Consultation Parties, to be the Successful Bid or Backup Bid, all other Qualified Bids and all other successive bids at a Lease Auction shall be deemed rejected at the conclusion of such Lease Auction.

**J.**    <u>Sale Hearing</u>.

The Bankruptcy Court shall hold a Lease Sale Hearing (i) on or about **July 14, 2023**, to approve the Lease Sale of the Lease Assets with respect to the Phase 1 Lease Sale Process, if any, and (ii) on or about **July 28, 2023**, to approve the Lease Sale of the Lease Assets with respect to the Phase 2 Lease Sale Process, if any. Each Lease Sale Hearing will be held at the United States Bankruptcy Court for the District of New Jersey. At each Lease Sale Hearing, the Debtors will seek entry of an order approving and authorizing the proposed sale to the Successful Bidder(s), if any. The Debtors shall also notify the Bankruptcy Court of the Backup Bidder(s), if any. The Debtors, in consultation with the Consultation Parties, shall ascertain whether the Successful Bidder(s) and the Backup Bidder(s) are insiders of one or more of the Debtors, whether each applicable Sale represents an arm's-length transaction between the parties, made without fraud or collusion, and whether there has been any attempt by either party to take any unfair advantage of the other such that a Successful Bidder or Backup Bidder may be deem to be purchasing the Lease Assets in good faith pursuant to 11 U.S.C. § 363(m). At each Lease Sale Hearing, the Debtors shall make a record of these findings and any order approving the Lease Sales shall include such findings in order to approve the sale to the Successful Bidder(s) or Backup Bidder(s), pursuant to 11 U.S.C. § 363(m). Each Lease Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at such Lease Sale Hearing or the Debtors', in consultation with the Consultation Parties, filing notice of a rescheduled Lease Sale Hearing with the Court.

**K.**    <u>Closing</u>.

The closing of the sale of the Lease Assets will occur no later than twenty (20) days after each applicable Lease Auction, unless otherwise extended by the Debtors, in consultation with the Consultation Parties, in accordance with the terms of the Successful Bidder Sale Documents or the assignment and assumption agreement of the entity otherwise authorized by the Bankruptcy Court to purchase the Lease Assets, as applicable.

**L.**    <u>Disclosures</u>.

Qualified Bidders shall disclose to the Debtors all communications with other Qualified Bidders following the submission of a Qualified Bid until the sale of the Lease Assets is consummated.

**M.**    <u>Commissions</u>.

The Debtors shall be under no obligation to pay commission to any agent or broker, with the exception of A&G. All commissions, fees, or expenses for agents, other than A&G, may be paid by bidders at such bidder's discretion. In no case shall any commissions, fees, or expenses be deducted from the proceeds of the sale of the Lease Assets or an agreed Successful Bid.

**N.**    <u>No Representation; Qualified Bidder's Duty to Review</u>.

The Debtors are not making and have not at any time made any warranties or representations of any kind or character, express or implied, with respect to the Lease Assets,

including, but not limited to, any warranties or representations as to habitability, merchantability, fitness for a particular purpose, title, zoning, tax consequences, latent or patent physical or environmental condition, utilities, operating history or projections, valuation, governmental approvals, the compliance of the Lease Assets with governmental laws (including, without limitation, accessibility for handicapped persons), the truth, accuracy or completeness of any documents related to the Lease Assets, or any other information provided by or on behalf of the Debtors to a bidder, or any other matter or thing regarding the Lease Assets. All bidders must acknowledge and agree that upon closing the Debtors shall sell and transfer to the Successful Bidder and the Successful Bidder shall accept the Lease Assets "AS-IS, WHERE IS, WITH ALL FAULTS," except to the extent expressly provided otherwise in the Bankruptcy Court's order approving the Lease Sale. All bidders must agree that they have not relied on and will not rely on, and the Debtors are not liable for or bound by, any express or implied warranties, guaranties, statements, representations, or information pertaining to the Lease Assets or relating thereto (including specifically, without limitation, information regarding the Lease Assets distributed with respect to such real estate) made or furnished by the Debtors or any real estate broker or agent representing or purporting to represent the Debtors, to whomever made or given, directly or indirectly, orally or in writing, unless specifically set forth in the Bankruptcy Court's order approving the Lease Sale.

**O.**     **Reservation of Rights.**

The Debtors, in consultation with the Consultation Parties, reserve their rights to modify these Lease Sale Procedures in their business judgment in any manner that will best promote the goals of these Lease Sale Procedures, or impose, at or prior to any Lease Auction, additional customary terms and conditions on Lease Sales, including, without limitation: (a) extending the deadlines set forth in these Lease Sale Procedures; (b) adjourning such Lease Auction at the applicable Lease Sale Hearing; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting such Lease Auction; (d) canceling such Lease Auction; and (e) rejecting any or all Bids or Qualified Bids. Nothing in these Lease Sale Procedures shall abrogate the fiduciary duties of the Debtors.

**P.**     **Consent to Jurisdiction.**

All Qualified Bidders at each Lease Auction shall be deemed (i) to have consented to the jurisdiction of the Court and (ii) to have waived any right to a jury trial in connection with any disputes relating to such Lease Auction and the construction and enforcement of these Lease Sale Procedures.

**Q.**     **Return of Qualified Bidder Deposit.**

The Qualified Bidder Deposit of a Successful Bidder shall be applied to the purchase price of such transaction at closing. The Qualified Bidder Deposits for each Qualified Bidder shall be held in one or more interest-bearing escrow accounts on terms acceptable to the Debtors and shall be returned (other than with respect to the Successful Bidder and the Backup Bidder) on the date that is five business days after the close of the Sales, or as soon as is reasonably practicable thereafter. Upon the return of the Deposits, the applicable Qualified Bidders shall receive any and all interest that will have accrued thereon.

11

If a Successful Bidder (or Backup Bidder, as applicable) fails to consummate a proposed transaction because of a breach of, or default or failure to perform under, any Successful Bidder Sale Documents or the terms of these Sales Procedures by such Successful Bidder (or Backup Bidder, as applicable), the Qualified Bidder Deposit shall be released to the Debtors and the Debtors shall not have any obligation to return the Qualified Bidder Deposit deposited by such Successful Bidder (or Backup Bidder, as applicable). Such Qualified Bidder Deposit released to the Debtors may be retained by the Debtors as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtors and their estates, and the Debtors shall be free to consummate the proposed transaction with the applicable Backup Bidder without the need for an additional hearing or order of the Court.

**R.**      **Fiduciary Out.**

Nothing in these Lease Sale Procedures shall require the Debtors' management or board of directors to take any action, or to refrain from taking any action, with respect to these Lease Sale Procedures, to the extent the Debtors' management or board of directors determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary obligations under applicable law.

## EXHIBIT A

**ASSUMPTION AND ASSIGNMENT AGREEMENT**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of _____, 2023, is by and between _____ ("Assignor") and _____ ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to the Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto (the "Assigned Asset(s)" or the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1.     Assignment and Assumption.

(a)     Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Asset(s).

(b)     Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Assigned Asset(s).

2.     Payment of Purchase Price. Assignee shall, on the date hereof, deliver the purchase price for the Assigned Asset(s) in the amount of _____ (the "Purchase Price") in immediately available funds wired to the account specified by Assignor. If the assumption and assignment of the Assigned Asset(s) do(es) not occur by _____, 2023, Assignee will additionally reimburse Assignor for all amounts that came due, were required to be paid, and were in fact paid in connection with the Assigned Asset(s) on and after _____, 2023.

3.     Assumption of Liabilities. In addition to assuming all remaining obligations that exist with respect to the Assigned Asset(s), including, but not limited to, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Assigned Asset(s).

4.     No Further Liability of Assignor. From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Assigned Asset(s).

5.    <u>Further Assurances</u>.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Asset(s).

6.    <u>"As Is Where Is" Transaction</u>.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset(s).  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Asset(s).  Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of the Assigned Asset(s) and all such other matters relating to or affecting the Assigned Asset(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Asset(s), Assignee is doing so based upon such independent inspections and investigations.  Accordingly, Assignee will accept the Assigned Asset(s) "AS IS" and "WHERE IS."

7.    <u>Compliance With Law</u>.  Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9.    <u>Jurisdiction.</u>  The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10.    <u>No Reliance</u>.  Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11.    <u>Construction</u>.  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other.  The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12.    <u>Execution in Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**[COMPANY]**

By_____
Name_____
Its_____


**ASSIGNEE:**
**[ASSIGNEE]**

By_____
Name_____
Its_____

**<u>Schedule A</u>**

**Description of Lease Asset(s)**

## EXHIBIT B

**LEASE TERMINATION AGREEMENT**

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "Agreement") is made as of this ___ day of _____, 2023 by and between _____ ("Landlord") and _____ ("Tenant" or "Debtor").

## RECITALS

WHEREAS, Landlord and Tenant entered into a certain lease dated _____ (the "Lease"), covering certain premises located at _____ (the "Premises"), on the terms and conditions set forth therein;

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, the Parties desire to enter into this Agreement, for among things, Landlord is restored to possession of the Premises as of the Termination Date, the parties release the other and Landlord is able to dispose of any remaining equipment at the Premises in its sole and absolute discretion;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement:

## AGREEMENT

1.  Recitals.  The Recitals are incorporated herein as if set forth at length.

2.  Lease Termination.  The Lease is terminated effective _____ (the "Termination Date").

3.  Consideration.  Landlord shall pay to Tenant $ _____.

4.  Landlord Release of Tenant.  For valuable consideration, and the mutual covenants and agreements contained herein, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

5.    _Tenant Release of Landlord_.  For valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

6.    As further consideration for this Release, the parties hereto, for themselves and their successors and assigns, hereby agree, represent and warrant that the matters released herein are not limited to matters that are known or disclosed, and the parties hereby waive any and all rights and benefits that they now have, or in the future may have, conferred upon it by virtue of the provisions of Section 1542 of the Civil Code of the State of California (or any other statute or common law principles of similar effect), which Section provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7.    In this connection, the parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that this Release has been negotiated and agreed upon in light of that realization and that, except as expressly limited above, it nevertheless hereby intends to release, discharge, and acquit the Released Parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

8.    _Conditions Precedent_.  As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

(a)    Tenant has delivered possession of the Premises to Landlord;

(b)    Tenant has delivered to Landlord the keys and access codes to the Premises;

(c)    An order has been entered by the Bankruptcy Court approving the entirety of this Agreement.

9.    _Furniture, Fixtures and Equipment (FF&E)_.  Any FF&E remaining at the Premises after the Termination Date is deemed abandoned and the Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to the Debtor or any entity.

10.    <u>Authority to Settle</u>.  Each of the parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby.  Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

11.    <u>Entire Agreement</u>.  This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral.  Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement.  Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

12.    <u>Advice of Counsel</u>.  Each of the parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

13.    <u>Attorneys' Fees</u>. Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

14.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document.  Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

15.    <u>Governing Law.</u>  This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

16.    <u>Jurisdiction</u>.  The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

17.    <u>Miscellaneous</u>.

(a)    The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.  This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

(b)    This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c)    Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d)    Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e)    The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signatures appear on following page]*

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**[LANDLORD]**

By:_____

Print Name:_____

Its:_____


**[TENANT]**

By:_____

Print Name:_____

Its:_____

## EXHIBIT C

**BIDDER REGISTRATION FORM**

**EXHIBIT C TO LEASE SALE PROCEDURES**

**OFFER AND QUALIFIED BIDDER FORM**

Bidder,_____, hereby:

- Offers to purchase the following Lease Asset(s) for the bid set forth below, pursuant to this Offer and Qualified Bidder Form and the terms and conditions of the accompanying Assumption and Assignment Agreement, and

- Seeks to become a Qualified Bidder pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* subject to approval by the United States Bankruptcy Court for the District of New Jersey in the Chapter 11 Cases jointly administered under *In re Bed Bath & Beyond Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Lease Sale Procedures").

Bidder's offer is for the following Lease Assets at the following bids:

| **LEASE ASSET** | **BID/PURCHASE PRICE** |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| **Aggregate Purchase Price:** | |

**Bidder hereby warrants and represents as follows**:

(a)  Bidder has received, reviewed, understands, and agrees to abide by the terms and conditions of the Lease Sale Procedures, the terms and conditions of which are incorporated herein by reference.

(b)  Bidder has received, reviewed, and understands the terms and conditions of the Assumption and Assignment Agreement, the terms and conditions of which are incorporated herein by reference.

(c)  To the extent that the words and phrases which are capitalized in this Offer and Qualified Bidder Form have been defined in the Lease Sale Procedures or in the Assumption and Assignment Agreement, those definitions are incorporated herein by reference.

(d)  Each Bid made at a Lease Auction shall constitute a binding, irrevocable "Bid" pursuant to the Lease Sale Procedures.

(e)  Each Bid is and shall be a good faith, bona fide, irrevocable offer to purchase the Lease Asset(s) on an as-is, where-is basis, with no contingencies.

(f)  Bidder (a) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Lease Asset(s) in making its offer; (b) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Lease Asset(s) or the completeness of any information provided in connection therewith or the Lease Auction other than as provided in the Assumption and Assignment Agreement; (c) is not entitled to any break-up fee, termination fee, expense reimbursement, or similar type of payment; and (d) by submitting an Assignment and Assumption Agreement, waives, and shall be deemed to waive, the right to pursue a substantial contribution claim under section 503 of title 11 of the United States Code (the "Bankruptcy Code") related in any way to the submission of its bid, the Lease Sale Procedures, or any earnest money Deposit.

(g)  Bidder is either not represented by a broker seeking a commission, or if Bidder is represented by a broker, Bidder exclusively authorizes broker to submit such offer on behalf of Bidder and that any commission or fee of any type due and payable to such broker as a result of a Lease Sale shall be paid solely by Bidder and Bidder shall indemnify the Debtors and their agents in this regard, and (ii) Bidder acknowledges that it will comply with the Lease Sale Procedures.

(h)  Bidder acknowledges that, pursuant to, *inter alia*, 18 U.S.C. § 371, it is a federal crime to engage in collusive bidding or to chill the bidding.

(i)  Bidder confirms that it has not engaged, and will not engage, in any collusion with respect to the bidding or any Lease Sale.

(j)  Identification of how the Bidder will pay the purchase price at Closing.

*[Signatures appear on following page]*

AGREED & ACCEPTED this _____ day of _____, 2023

Company: _____

By:_____
Name:
Title:

*BIDDER I.D.*

Bidder's Company: _____

Bidder's Address:_____

Bidder's Contact:_____

Bidder's Phone & Facsimile Numbers:_____

Bidder's Email Address: _____

Bidder's Tax ID Number:_____

*ATTORNEY OR AUTHORIZED AGENT I.D.*

Attorney or Agent Name:_____

Law Firm or Company: _____

Address:_____

Phone & Facsimile Numbers:_____

Email Address:  _____

## **Exhibit 2**

**Lease Auction and Lease Hearing Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF BID DEADLINE AND POTENTIAL SALE HEARING**

---

  **PLEASE TAKE NOTICE** that on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Establishing Procedures to Sell Certain*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

*Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief*
[Docket No. [●]] (the "Lease Sale Procedures Order"),[2] by which the Court approved procedures
setting forth the process by which the Debtors are authorized to conduct an auction (the "Lease
Auction") for the sale of certain unexpired leases, including with any ancillary agreement(s)
thereto or through the sale of designation rights related thereto (the "Lease Assets").

PLEASE TAKE NOTICE that the Debtors are soliciting offers for the sale, liquidation,
or other disposition of certain of the Debtors' Lease Assets consistent with the Lease Sale
Procedures approved by the Court by entry of the Lease Sale Procedures Order. **All interested
bidders should carefully read the Lease Sale Procedures and Lease Sale Procedures Order.**
To the extent that there are any inconsistencies between this notice and the Lease Sale Procedures
or Lease Sale Procedures Order, the Lease Sale Procedures or Lease Sale Procedures Order, as
applicable, shall govern in all respects.

PLEASE TAKE FURTHER NOTICE that, if the Debtors receive qualified competing
bids within the requirements and time frame specified by the Lease Sale Procedures, the Debtors
will conduct a Lease Auction of certain of the Debtors' Lease Assets **on or about [●], 2023, at
10:00 a.m. (prevailing Eastern Time)** at the offices of Kirkland & Ellis LLP, 601 Lexington
Avenue, New York, NY 10022 (or at any other location as the Debtors may hereafter designate on
proper notice).

PLEASE TAKE FURTHER NOTICE that the Debtors will seek approval of the Lease
Sale(s) at the hearing scheduled to commence on or before **[●], 2023, at [●] [a./p.]m. (prevailing
Eastern Time)** (the "Lease Sale Hearing") before the Honorable Vincent F. Papalia, at the Court,
Courtroom 3B, Martin Luther King Jr. Federal Building, 50 Walnut Street, 3rd Floor, Newark, NJ
07102.

PLEASE TAKE FURTHER NOTICE that objections to approval of the proposed Lease
Sale, the proposed assumption and assignment, and/or to the Successful Bidder's proposed form
of adequate assurance of future performance must file a written objection (each, a "Lease Sale
Objection") so that such objection is filed with the Court so as to be **actually received** by **[●],
2023, at 5:00 p.m., (prevailing Eastern Time)** and serve such Objection on: (a) Kirkland & Ellis
LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C.,
Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler; and Cole Schotz P.C., Court Plaza
North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq., Warren A.
Usatine, Esq., and Felice R. Yudkin, Esq, proposed co-counsel to the Debtors; (b) the Office of
the United States Trustee for the District of New Jersey, Attn: Fran B. Steele and Alexandria
Nikolinos; (c) Pachulski Stang Ziehl & Jones LLP, 780 3rd Ave #34, New York, NY 10017, Attn:
Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov and Colin R. Robinson, proposed counsel
to the Committee; (d) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York
10017, Attn: Adam Shpeen, Steven Szanzer, counsel to the Prepetition ABL Agent; and

---

[2]    All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sales
Procedures Order or the *Debtors' Motion for Entry of an Order (I) Establishing Sales Procedures, (II) Approving
the Sale of Certain Real Property and Leases, and (III) Granting Related Relief* [Docket No. [●]], as applicable.

(e) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attn: David M. Hillman and Charles A. Dale, counsel to the DIP Agent.

### CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO A LEASE SALE ON OR BEFORE THE TRANSACTION OBJECTION DEADLINE IN ACCORDANCE WITH THE LEASE SALE PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO SUCH LEASE SALE, INCLUDING WITH RESPECT TO THE DISPOSITION OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN SUCH OTHER AGREEMENT WITH THE SUCCESSFUL BIDDER.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Lease Sale Procedures Motion, Lease Sale Procedures, and the Lease Sale Procedures Order, as well as all related exhibits, including the form purchase agreement, are available:  (a) upon request to Kroll Restructuring Administration LLC (the notice and claims agent retained in these Chapter 11 Cases) by calling (833) 332-9937 (toll free) or, for international callers, +1 (646) 440-4757; (b) by visiting the website maintained in these Chapter 11 Cases at https://restructuring.ra.kroll.com/bbby; or (c) for a fee via PACER by visiting http://www.njb.uscourts.gov.

3

Dated:  [●], 2023

/s/
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

## Exhibit 3

**Assumption and Assignment Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF ASSUMPTION OF CERTAIN UNEXPIRED LEASES

_____

    **PLEASE TAKE NOTICE** that on [●], 2023 the United States Bankruptcy Court for the
District of New Jersey (the "Court") entered the *Order (I) Establishing Procedures to Sell Certain*

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of
the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the
website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The
location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these
chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

*Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. [●]] (the "Lease Sale Procedures Order"), attached hereto as **Exhibit A**,[2] by which the Court, among other things, approved expedited procedures for the assumption and assignment of unexpired leases and granted related relief.

**PLEASE TAKE NOTICE** that pursuant to the Lease Sale Procedures Order and by this written notice (this "Assumption and Assignment Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each unexpired lease set forth on **Exhibit B** attached hereto is hereby assumed and assigned, including with respect to payment of any cure costs (the "Cure Costs") in the amounts set forth on **Exhibit B** required to assume such unexpired lease, effective as of the date of entry of an order approving the sale of the applicable Lease Asset(s) or such other date as the Debtors and the Counterparties to such unexpired leases agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtors believe that the party to which each applicable unexpired lease will be assigned has the financial wherewithal to meet all future obligations under such unexpired lease and the Debtors will, at the request of the applicable Counterparty use commercially reasonable efforts to provide evidence thereof to such applicable Counterparty (and their counsel, if known), thereby demonstrating that the assignee of the unexpired lease has the ability to comply with the requirements of adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE** that objections to the proposed Cure Costs, proposed assumption and assignment, and/or to the Successful Bidder's or Backup Bidder's proposed form of adequate assurance of future performance must file a written objection (each, an "Assumption Objection") so that such objection is filed with the Court so as to be **actually received** by June 20, 2023, at 5:00 p.m., **(prevailing Eastern Time)** and serve such Assumption Objection on: (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler; and Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq, proposed co-counsel to the Debtors; (b) the Office of the United States Trustee for the District of New Jersey, Attn: Fran B. Steele and Alexandria Nikolinos; (c) Pachulski Stang Ziehl & Jones LLP, 780 3rd Ave #34, New York, NY 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov and Colin R. Robinson, proposed counsel to the Committee; (d) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Adam Shpeen, Steven Szanzer, counsel to the Prepetition ABL Agent; and (e) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attn: David M. Hillman and Charles A. Dale, counsel to the DIP Agent.

**PLEASE TAKE FURTHER NOTICE** that if an Assumption Objection is timely filed and not withdrawn or resolved, such Assumption Objection will be heard at a Lease Sale hearing, or such other date and time as agreed to by the Debtors and the objecting party or as ordered by

---

[2]     All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sales Procedures Order or the *Debtors' Motion for Entry of an Order (I) Establishing Sales Procedures, (II) Approving the Sale of Certain Real Property and Leases, and (III) Granting Related Relief* [Docket No. [●]], as applicable.

the Court. If such Assumption Objection is overruled or withdrawn, or if no Assumption Objection is filed with respect to any unexpired lease, such unexpired lease shall be assumed as of the Assumption Date set forth in **Exhibit B** or such other date as the Debtors and the applicable Counterparties to such unexpired lease agree.

*[Remainder of page intentionally left blank]*

3

Dated:  [●], 2023

/s/
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

4

## EXHIBIT A

**Lease Sale Procedures Order**

## EXHIBIT B

**Schedule of Unexpired Leases to be Assumed and Assigned**

## Exhibit 4

**Post-Auction Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF SUCCESSFUL AND BACKUP BIDDER WITH RESPECT**
**TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASE ASSETS**
**AND ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES**

On [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving*

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.    The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

*the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. [●]] (the "Lease Sale Procedures Order"),[2] attached hereto as **Exhibit A**, by which the Court approved procedures setting forth the process by which the Debtors are authorized to conduct an auction (the "Lease Auction") for the sale or transfer (the "Lease Sales") of certain unexpired leases (collectively, the "Lease Assets"), including with any ancillary agreement(s) thereto or through the sale of designation rights related thereto.

PLEASE TAKE FURTHER NOTICE that, on [●], 2023, pursuant to the Lease Sale Procedures Order, the Debtors conducted the Lease Auction with respect to certain of the Lease Assets at the offices of Kirkland & Ellis, LLP, located at 601 Lexington Avenue, New York, New York, 10022.

PLEASE TAKE FURTHER NOTICE that, at the conclusion of the Lease Auction, the Debtors, in consultation with their professionals, selected the following Successful Bidder and Backup Bidder with respect to each of the Lease Assets listed on **Exhibit B** attached hereto.

PLEASE TAKE FURTHER NOTICE that the hearing to consider approval of the sale, liquidation, or other disposition of the Lease Assets to the Successful Bidders at the Lease Auction, free and clear of all liens, claims, interests, and encumbrances in accordance with Bankruptcy Code section 363(f), will be held before the Honorable Vincent F. Papalia, at the Court, Courtroom 3B, Martin Luther King Jr. Federal Building, 50 Walnut Street, 3rd Floor, Newark, NJ 07102, **on [●], 2023 at [●]:00 [a./p.].m. (prevailing Eastern Time)** (the "Lease Sale Hearing").

PLEASE TAKE FURTHER NOTICE, that at the Lease Sale Hearing, the Debtors will seek the Court's approval of the Successful Bid pursuant to an order (the "Lease Sale Order"). Unless the Court orders otherwise or as agreed to by the applicable parties, the Lease Sale Hearing shall be an evidentiary hearing on matters relating to the Lease Sale and there will be no further bidding at the Lease Sale Hearing. In the event that the Successful Bidder cannot or refuses to consummate the Lease Sale following entry of a Lease Sale Order because of the breach or failure on the part of the Successful Bidder, the Debtors shall promptly file a supplemental notice on or before the Lease Sale Closing Deadline, seeking to approve the sale to the Backup Bidder, if applicable, on expedited notice and a hearing.

PLEASE TAKE FURTHER NOTICE that the Debtors believe that the party to which each applicable unexpired lease, as applicable, will be assigned has the financial wherewithal to meet all future obligations under such unexpired lease and the Debtors will, within three business days or sooner provide evidence thereof to such applicable lease counterparty (and their counsel, if known) thereby demonstrating that the assignee of the lease has the ability to comply with the requirements of adequate assurance of future performance.

PLEASE TAKE FURTHER NOTICE that parties objecting to the proposed assumption and assignment, proposed cure amount, and/or to the Successful Bidder's proposed form of adequate assurance of future performance must file a written objection (each, a "Lease Sale

---

[2]    All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sales Procedures Order or the *Debtors' Motion for Entry of an Order (I) Establishing Sales Procedures, (II) Approving the Sale of Certain Real Property and Leases, and (III) Granting Related Relief* [Docket No. [●]], as applicable.

Objection") so that such objection is filed with the Court by **[●], 2023, at 5:00 p.m., (prevailing Eastern Time)** and serve such Lease Sale Objection on: (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler; and Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq, proposed co-counsel to the Debtors; (b) the Office of the United States Trustee for the District of New Jersey, Attn: Fran B. Steele and Alexandria Nikolinos; (c) Pachulski Stang Ziehl & Jones LLP, 780 3rd Ave #34, New York, NY 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov and Colin R. Robinson, proposed counsel to the Committee; (d) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Adam Shpeen, Steven Szanzer, counsel to the Prepetition ABL Agent; and (e) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attn: David M. Hillman and Charles A. Dale, counsel to the DIP Agent.

**PLEASE TAKE FURTHER NOTICE** that, if a Lease Sale Objection is timely filed and not withdrawn or resolved, such objection will be heard at the Lease Sale Hearing or such other date and time as agreed to by the Debtors and the objecting party or ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this Post-Auction Notice is subject to the terms and conditions of the Lease Sale Procedures Motion and the Lease Sale Procedures Order, with such Lease Sale Procedures Order controlling in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. Copies of the Lease Sale Procedures Motion, the Lease Sale Procedures Order, this Notice, and any other related documents are available: (a) upon request to Kroll Restructuring Administration LLC (the notice and claims agent retained in these Chapter 11 Cases) by calling (833) 332-9937 (toll free) or, for international callers, +1 (646) 440-4757; (b) by visiting the website maintained in these Chapter 11 Cases at https://restructuring.ra.kroll.com/bbby; or (c) for a fee via PACER by visiting http://www.njb.uscourts.gov.

Dated:  [●], 2023

/s/
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

## Exhibit A

**Lease Sale Procedures Order**

**Exhibit B**

**Successful and Backup Bidder List**

| Lease Asset(s) | Lease Counterparty | Successful Bidder | Type of Agreement [Assignment Agreement/Lease Termination Agreement] | Backup Bidder | Proposed Breakup Fee | Price | Cure |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

1

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 23-13359-VFP

Bed Bath & Beyond Inc.                                                    Chapter 11
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                    User: admin                              Page 1 of 1
Date Rcvd: May 22, 2023                 Form ID: pdf903                      Total Noticed: 7

The following symbols are used throughout this certificate:

**Symbol        Definition**

+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 24, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2023                      Signature:        /s/Gustava Winters