**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF AVRAM MORELL, ON BEHALF OF PROPOSED ORDINARY COURSE PROFESSIONAL PRYOR CASHMAN LLP

I, Avram Morell, to Section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my information, knowledge, and belief:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

3

1. I am a partner of Pryor Cashman LLP, located at 7 Times Square, New York, NY 10036 (the "Company").

2. Bed Bath & Beyond Inc. and/or its affiliated debtors (collectively, the "Debtors") have requested that the Company provide legal services to the Debtors, and the Company has consented to provide such services.

3. The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases. The Company represents certain parties in interest in connection with these chapter 11 cases, but such representations are unrelated to the Company's representation of the Debtors. Other than as disclosed in the completed Retention Questionnaire of Ordinary Course Professional Pryor Cashman, (the "Retention Questionnaire"), submitted pursuant to and in accordance with the Order, the Firm does not perform services for any such person in connection with these cases. To avoid any conflicts of interest, the Company set up an ethical wall between the attorneys representing the Debtors and those who are adverse to the Debtors. In addition, the firm does not have any other relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5. Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

6. The Debtors owe the Company $37,097.28 for pre-petition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. 101-1532.

7. As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company was not party to an agreement for indemnification with the Debtors.

8. At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

9. I, or a representative of the Company, have read and am familiar with the requirements of the *Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this May 25, 2023 in New York, NY, USA.

                                                  */s/ Avram Morell*
                                                   Avram Morell