**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# NOTICE OF FILING OF REVISED FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession hereby file a revised proposed form of *Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief* (the "Revised Proposed Final Taxes Order").

**PLEASE TAKE FURTHER NOTICE** that a clean version of the Revised Proposed Final Taxes Order is attached hereto as **Exhibit A** and a blackline against the previous filed version is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have resolved all formal and informal objections in connection with the relief requested in the Revised Proposed Final Taxes Order and respectfully request that the Court enter the Revised Proposed Final Taxes Order without a hearing.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 25, 2023

        /s/ *Michael D. Sirota*
        **COLE SCHOTZ P.C.**
        Michael D. Sirota, Esq.
        Warren A. Usatine, Esq.
        Felice R. Yudkin, Esq.
        Court Plaza North, 25 Main Street
        Hackensack, New Jersey 07601
        Telephone: (201) 489-3000
        Email:    msirota@coleschotz.com
                     wusatine@coleschotz.com
                     fyudkin@coleschotz.com

        **KIRKLAND & ELLIS LLP**
        **KIRKLAND & ELLIS INTERNATIONAL LLP**
        Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
        Emily E. Geier, P.C. (admitted *pro hac vice*)
        Derek I. Hunter (admitted *pro hac vice*)
        601 Lexington Avenue
        New York, New York 10022
        Telephone: (212) 446-4800
        Facsimile: (212) 446-4900
        Email:    josuha.sussberg@kirkland.com
                     emily.geier@kirkland.com
                     derek.hunter@kirkland.com

        *Proposed Co-Counsel for Debtors and*
        *Debtors in Possession*

**Exhibit A**

|  |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Emily E. Geier, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel for Debtors and Debtors in Possession* |

| In re: | Chapter 11 |
|---|---|
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# FINAL ORDER (I) AUTHORIZING THE PAYMENT
# OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through seven (7), is **ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief* [Docket No. 12] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an final order (this "Final Order") (a) authorizing the Debtors to negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees (including corresponding Assessments), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and First Day Declaration establish just cause for the relief granted herein; and upon all of the proceedings had

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)
Debtors:         BED BATH & BEYOND INC., *et al.*
Case No.         23-13359 (VFP)
Caption of Order: Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief

before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy sales taxes, use taxes, income taxes, and property taxes, as well as other governmental taxes, fees, and assessments in various jurisdictions (the "Taxes and Fees") and Assessments that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business consistent with past practice on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Assessments; *provided, however*, the Debtors shall provide the Official Committee of Unsecured Creditors (the "Committee') with three (3) business days' notice (the "Committee Notice Period") prior to making any payment of Taxes and Fees and Assessments that exceed $150,000. If the Committee does not object during the Committee Notice Period, the Debtors may make the payment of such Taxes and Fees and Assessments as proposed. If the Committee timely objects (which can be by email through counsel), the disputed Taxes and Fees and Assessment payment(s) shall not be made absent (i) agreement by and among the Debtors and the Committee or (ii) further order of the Court; *provided*, *further*, that payment of property or income taxes made pursuant to this Final Order require prior written consent (email of counsel sufficient) of the DIP Lenders.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief |

3. Notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

4. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

5. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. The Debtors shall maintain a schedule/matrix of payments made pursuant to this Final Order, including the following information: (a) the names of the payee; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment; (e) the Debtor or Debtors that made the payment; (f) the payment date; and (g) the purpose of such payment. The

(Page | 5)
| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief |

Debtors shall provide a copy of such schedule to (i) the U.S. Trustee for the District of New Jersey; (ii) counsel to the DIP Agent; (iii) counsel to the Prepetition ABL Agent; (iv) counsel to the FILO Agent; and (v) counsel to the Committee on a monthly basis beginning upon entry of this Final Order.

8. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief |

10. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

11. Nothing in this Final Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Final Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA , the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

(Page | 7)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359 (VFP)
Caption of Order: Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief

12. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

13. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

15. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice* pending)
Emily E. Geier, P.C. (admitted *pro hac vice* pending)
Derek I. Hunter (admitted *pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administerationed Requested) |

# FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through seven (7), is **ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359- (VFP)
Caption of Order: Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief* [Docket No. 12] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an final order (this "Final Order") (a) authorizing the Debtors to negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees (including corresponding Assessments), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and First Day Declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief |

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy ~~the~~ sales taxes, use taxes, income taxes, and property taxes, as well as other governmental taxes, fees, and assessments in various jurisdictions (the "Taxes and Fees") and Assessments that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business consistent with past practice on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Assessments; *provided* ~~that, notwithstanding~~, *however*, the Debtors shall provide the Official Committee of Unsecured Creditors (the "Committee') with three (3) business days' notice (the "Committee Notice Period") prior to making any payment of Taxes and Fees and Assessments that exceed $150,000. If the Committee does not object during the Committee Notice Period, the Debtors may make the payment of such Taxes and Fees and Assessments as proposed. If the Committee timely objects (which can be by email through counsel), the disputed Taxes and Fees and Assessment payment(s) shall not be made absent (i) agreement by and among the Debtors and the Committee or (ii) further order of the Court; *provided*, *further*, that payment of property or income taxes made pursuant to this Final Order require prior written consent (email of counsel sufficient) of the DIP Lenders.

(Page | 4)
Debtors:            BED BATH & BEYOND INC., *et al*.
Case No.            23-13359- (VFP)
Caption of Order:   Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and
                    (II) Granting Related Relief

3. Notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

4. ~~3.~~ Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

5. ~~4.~~ The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

6. ~~5.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

(Page | 5)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359- (VFP)
Caption of Order: Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief

7. 6. The Debtors shall maintain a schedule/matrix of payments made pursuant to this Final Order, including the following information: (a) the names of the payee; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment; (e) the Debtor or Debtors that made the payment; (f) the payment date; and (g) the purpose of such payment. The Debtors shall provide a copy of such schedule to (i) the U.S. Trustee for the District of New Jersey; (ii) counsel to the DIP Agent; (iii) counsel to the Prepetition ABL Agent; (iv) counsel to the FILO Agent; and (v) any statutory counsel to the cCommittee appointed in these Chapter 11 Cases on a monthly basis beginning upon entry of this Final Order.

8. 7. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the

(Page | 6)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359- (VFP)
Caption of Order: Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief

validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9.  ~~8.~~ The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

10. ~~9.~~ Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

11. ~~10.~~ Nothing in this Final Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P.

(Page | 7)
Debtors:         BED BATH & BEYOND INC., *et al*.
Case No.         23-13359- (VFP)
Caption of Order: Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and
(II) Granting Related Relief

(collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Final Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA , the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

12.    ~~11.~~ Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

13.    ~~12.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14.    ~~13.~~ The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

15.    ~~14.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

16.    ~~15.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.    ~~16.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 8)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359 (VFP)
Caption of Order: Final Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief

18. ~~17.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.