**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF REVISED FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO PAY CERTAIN PREPETITION SECURED CLAIMS OF CRITICAL
LIEN CLAIMANTS, (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY
OF CRITICAL OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession hereby file a revised proposed form of *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief* (the "Revised Proposed Final Lienholders Order").

**PLEASE TAKE FURTHER NOTICE** that a clean version of the Revised Proposed Order is attached hereto as **Exhibit A** and a blackline against the previous filed version is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have resolved all formal and informal objections in connection with the relief requested in the Revised Proposed Order and respectfully request that the Court enter the Revised Proposed Order without a hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 26, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:        msirota@coleschotz.com
              wusatine@coleschotz.com
              fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:        josuha.sussberg@kirkland.com
              emily.geier@kirkland.com
              derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION SECURED CLAIMS OF CRITICAL LIEN CLAIMANTS, (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY OF CRITICAL OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through nine (9), is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief* [Docket No. 22] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing the Debtors to pay prepetition Critical Lien Claims, (b) confirming the administrative expense priority status of Critical Outstanding Orders, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors hereby are authorized, but not directed, in the reasonable exercise of their business judgment to (i) honor, pay, or otherwise satisfy in accordance with this Final Order, on a case-by-case basis, all or part of prepetition amounts on account of Critical Lien Claims in an amount not to exceed $20 million, subject to the conditions of this Final Order, and are authorized, but not directed, to (ii) pay all undisputed amounts related to the Critical Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date, *provided* that, the Debtors must provide no fewer than two (2) business days written notice to the Official Committee of Unsecured Creditors (the "Committee") of any payment on account of a Critical Lien Claim in excess of $100,000.  In the event the Committee provides a written objection (by email to the Debtors' counsel is acceptable), no disputed payment may be made on account of a Critical Lien Claim until the Committee's objection is resolved.

3.      The Debtors are authorized, but not directed, to condition payment of the Critical Lien Claims upon the holder of such Critical Lien Claim agreeing to Customary Trade Terms and if any such holder accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with Customary Trade Terms, then:  (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4. The Debtors reserve the right to require, at their discretion, that the Customary Trade Terms condition to payment be made in writing. The Debtors further reserve the right to require additional favorable trade terms with any Critical Lien Claimant as a condition to payment of any Critical Lien Claim; *provided* that the Debtors' failure to request such an acknowledgement shall not be, and shall not be deemed to be, a waiver of the Debtors' right hereunder.

5. The Debtors shall maintain a matrix summarizing payments made to Critical Lien Claimants pursuant to this Final Order including (i) the name of each Critical Lien Claimant paid, and (ii) the amount paid to each Critical Lien Claimant on account of its Critical Lien Claim. The matrix will be provided via electronic mail on a weekly basis following the entry of this Final Order to counsel to the Committee. The Committee shall be provided with copies of the Customary Trade Terms upon request.

6. Any party that accepts payment from the Debtors on account of all or a portion of any Critical Lien Claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties. Notwithstanding anything to the contrary herein, prior to making any

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

payment pursuant to this Final Order, the Debtors shall provide the Critical Lien Claimant with a copy of this Final Order (unless previously provided to such Critical Lien Claimant).

7.      Nothing herein shall impair or prejudice the ability of the Debtors, the Committee, the DIP Agent, the Prepetition ABL Agent, or the Prepetition FILO Agent to contest, in their discretion, the extent, perfection, priority, validity, or amounts of any claims held by any holder of a Critical Lien Claim.  Neither the Debtors nor the Committee, DIP Agent, the Prepetition ABL Agent, or the Prepetition FILO Agent concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors, the Committee, DIP Agent, the Prepetition ABL Agent, and the Prepetition FILO Agent expressly reserve all rights to contest the extent, priority, validity, or perfection or seek the avoidance of all such liens or the priority of such Critical Lien Claims.

8.      All undisputed and valid obligations related to the Critical Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code; *provided*, *however*, that the Debtors can terminate any Outstanding Orders prior to delivery and any canceled orders shall neither constitute Critical Outstanding Orders nor be afforded administrative priority.  Notwithstanding the foregoing, the rights or defenses of the Debtors, Committee, DIP Agent, the Prepetition ABL Agent, the Prepetition FILO Agent and a Critical Lien Claimant regarding the termination of an Outstanding Order or the classification of administrative expense priority status are reserved.

9.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

for payment, and all such banks and financial institutions are authorized to rely on the Debtors'
designation of any particular check or electronic payment request as approved by this Final Order.

10.      Notwithstanding the relief granted in this Final Order and any actions taken
pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the
validity, or secured or administrative priority status, of any particular claim against the Debtors;
(b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise
or requirement to pay any particular claim; (d) an implication or admission that any particular
claim is of a type specified or defined in this Final Order or the Motion; (e) a request or
authorization to assume any agreement, contract, or lease pursuant to section 365 of the
Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights
under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that
any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the
Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity,
or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order
is not intended and should not be construed as an admission as the validity of any particular claim
or a waiver of the Debtors' rights to subsequently dispute such claim.

11.      The Debtors are authorized, but not directed, to issue postpetition checks, or to
effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests
that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts
owed in connection with the relief granted herein and to the extent authorized by this Final Order.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

12.     Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* and any amended or final order entered by the Court in connection therewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

13.     Nothing in this Final Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Final Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

14.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

15.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

16.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice* pending)
Emily E. Geier, P.C. (admitted *pro hac vice* pending)
Derek I. Hunter (admitted *pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administerationed Requested) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
PAY CERTAIN PREPETITION SECURED CLAIMS OF CRITICAL LIEN
CLAIMANTS, (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY
OF CRITICAL OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered ~~four~~three (~~4~~3) through ~~eight~~nine (~~8~~9), is **ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief* [Docket No. 22] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing the Debtors to pay prepetition Critical Lien Claims, (b) confirming the administrative expense priority status of Critical Outstanding Orders, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS**

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

**HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors hereby are authorized, but not directed, in the reasonable exercise of their business judgment to (i) honor, pay, or otherwise satisfy in accordance with this Final Order, on a case-by-case basis, all or part of prepetition amounts on account of Critical Lien Claims in an amount not to exceed $~~17~~20 million, subject to the conditions of this Final Order, and are authorized, but not directed, to (ii) pay all undisputed amounts related to the Critical Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date~~.~~*, provided* that, the Debtors must provide no fewer than two (2) business days written notice to the Official Committee of Unsecured Creditors (the "Committee") of any payment on account of a Critical Lien Claim in excess of $100,000.  In the event the Committee provides a written objection (by email to the Debtors' counsel is acceptable), no disputed payment may be made on account of a Critical Lien Claim until the Committee's objection is resolved.

3.      The Debtors are authorized, but not directed, to condition payment of the Critical Lien Claims upon the holder of such Critical Lien Claim agreeing to Customary Trade Terms and if any such holder accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with Customary Trade Terms, then:  (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4.      The Debtors reserve the right to require, at their discretion, that the Customary Trade Terms condition to payment be made in writing.  The Debtors further reserve the right to require additional favorable trade terms with any Critical Lien Claimant as a condition to payment of any Critical Lien Claim; *provided* that the Debtors' failure to request such an acknowledgement shall not be, and shall not be deemed to be, a waiver of the Debtors' right hereunder.

5.      The Debtors shall maintain a matrix summarizing payments made to Critical Lien Claimants pursuant to this Final Order including (i) the name of each Critical Lien Claimant paid, and (ii) the amount paid to each Critical Lien Claimant on account of its Critical Lien Claim.  The matrix will be provided via electronic mail on a weekly basis following the entry of this Final Order to counsel to the Committee.  The Committee shall be provided with copies of the Customary Trade Terms upon request.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

6. 5. Any party that accepts payment from the Debtors on account of all or a portion of any Critical Lien Claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Final Order, the Debtors shall provide suchthe Critical Lien Claimant with a copy of this Final Order (unless previously provided to such Critical Lien Claimant).

7. 6. Nothing herein shall impair or prejudice the ability of the Debtors, the Committee, the DIP Agent, the Prepetition ABL Agent, or the Prepetition FILO Agent to contest, in their discretion, the extent, perfection, priority, validity, or amounts of any claims held by any holder of a Critical Lien Claim. Neither the Debtors nor the Committee, DIP Agent, the Prepetition ABL Agent, or the Prepetition FILO Agent concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors, the Committee, DIP Agent, the Prepetition ABL Agent, and the Prepetition FILO Agent expressly reserve all rights to contest the extent, priority, validity, or perfection or seek the avoidance of all such liens or the priority of such Critical Lien Claims.

8. 7. All undisputed and valid obligations related to the Critical Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code; *provided*, *however*, that the Debtors can terminate any Outstanding Orders

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

prior to delivery and any canceled orders shall neither constitute Critical Outstanding Orders nor be afforded administrative priority. Notwithstanding the foregoing, the rights or defenses of the Debtors, Committee, DIP Agent, the Prepetition ABL Agent, the Prepetition FILO Agent and a Critical Lien Claimant regarding the termination of an Outstanding Order or the classification of administrative expense priority status are reserved.

9. 8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

10. 9. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity, or secured or administrative priority status, of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.    10. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

12.    11. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* and any amended or final order entered by the Court in connection therewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

13. ~~12.~~ Nothing in this Final Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Final Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

14. ~~13.~~ Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

15. ~~14.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

16. ~~15.~~ The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

17. ~~16.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief |

18. ~~17.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. ~~18.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20. ~~19.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.