UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Order Filed on May 31, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

**DATED: May 31, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through and including eighteen (18), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these Chapter 11 Cases, (b) approving the procedures described herein for submitting Proofs of Claim in these Chapter 11 Cases and the form of Proof of Claim attached hereto as **Exhibit 1**, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached hereto as **Exhibit 3**, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal and informal objections to the Motion have been resolved, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on the basis as set forth herein.

2. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is ***actually received*** by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") by **July 7, 2023** (the "General Claims Bar Date"), in accordance with this Bar Date Order, *provided*, *however*, that The Bank of New York Mellon, as trustee ("Trustee") under that certain Indenture dated as of July 17, 2014, as supplemented by the First Supplemental Indenture dated as of July 17, 2014 (collectively, the "Indenture") with Bed Bath & Beyond Inc., pursuant to which the 3.749% Senior

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

Notes due 2024 (the "2024 Notes"), 4.915% Senior Notes due 2034 (the "2034 Notes") and 5.165% Senior Notes due 2044 (the "2044 Notes," and collectively with the 2024 Notes and 2034 Notes, the "Notes") were issued, is authorized to file a single proof of claim pursuant to section 501(a) of the Bankruptcy Code before the General Claims Bar Date on behalf of individual noteholders thereunder (collectively, the "Noteholders") on account of such Noteholders' claims for the payment of principal, interest and/or other applicable fees and charges arising from the ownership or holding of the Notes (the "Notes Claim") or the Indenture. Any Noteholder seeking to assert a claim, other than the Notes Claim, shall be required to file a proof of claim with respect to such non-Notes Claim on or before the General Claims Bar Date, unless another exception identified herein applies.

3.    Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be ***actually received*** by the Notice and Claims Agent **on October 20, 2023** (the "Governmental Bar Date").

4.    Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the applicable Bar Date, (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, the date that is thirty calendar days from the date of entry of such order, unless otherwise ordered by the Court, and (c) the date that is thirty days following the effective date of such rejection of an applicable executory contract or

(Page | 6)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

unexpired lease (the "Rejection Damages Bar Date").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.  For the avoidance of doubt, and subject to paragraph 6 herein, counterparties to unexpired leases of non-residential real property shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

5.    In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **the date that is thirty calendar days** after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such person or entity (any such date, a "Amended Schedules Bar Date").

6.    Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert an Administrative Expense Claim pursuant to 503(b), other than claims arising pursuant to section 503(b)(9), or 507(a)(2), shall submit a written proof of such Claim so that it is ***actually received*** by the Notice and Claims Agent before (a) **on July 7, 2023** for claims incurred through June 27, 2023, (b) for all claims arising after June 27, 2023, on the 15th day of the month following the month in which the claim arose, and (c) fourteen days following the effective date of any

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

confirmed plan (the "Administrative Claims Bar Date"), in accordance with this Bar Date Order; *provided*, *however*, that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

7.      In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim.

8.      The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these Chapter 11 Cases shall apply:

a.   Each Proof of Claim must: (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website at https://restructuring.ra.kroll.com/bbby by the claimant or by an authorized agent or legal representative of the claimant;

b.   In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

were delivered to an received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d.  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request. Failure to provide such supporting documentation within ten (10) days may result in the disallowance of some or all of the amounts asserted on the applicable Proof of Claim.

i. Solely as an accommodation to the Chubb Companies (as defined below), and solely in their capacities as insurers, notwithstanding anything to the contrary in this Bar Date Order, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any order of this Court, or any Proof of Claim Form or Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto, and as to each applicable Administrative Claims Bar Date, a single consolidated Proof of Claim for any Administrative Claims (collectively, the "Consolidated Claims") in the chapter 11 case of Bed Bath & Beyond Inc., Case No. 23-13359 (the "Lead Case"), which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors, (b) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed with the Consolidated Claims instead, and (c) as to each Administrative Claims Bar Date, the Chubb Companies need only file a single Consolidated Claim for amounts that are Administrative Claims and have become liquidated during the relevant time period; *provided, however*, that each of the Consolidated Claims will include a schedule of the policies and/or agreements upon which the Consolidated Claims are based; *provided, further*, that the Debtors reserve the

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

right to request all documents supporting the Consolidated Claims subject to appropriate protections for confidential information. The authorization granted hereby to allow the Chubb Companies to file the Consolidated Claims is for procedural purposes only, is intended for administrative convenience, and shall not be interpreted or construed to substantively affect any right, objection, claim, or defense of any party in interest to the Consolidated Claims including, (i) the amount, extent, validity, priority, perfection, or enforceability of any claim or security interest asserted by the Consolidated Claims and (ii) the right of the Chubb Companies to (A) assert joint and several liability against some or all of the Debtors, (B) modify the Debtor(s) against which the Consolidated Claims are asserted, or (C) amend the amount or nature of the Consolidated Claims, and, in each case, the Debtors' rights to object thereto; *provided, however*, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Bed Bath & Beyond Inc. (instead of in the chapter 11 cases of each or any of the other Debtors) and/or (ii) only by ACE American Insurance Company (instead of by each of the Chubb Companies, respectively). For the avoidance of doubt, and without altering any of the foregoing, the authorization granted hereby is without prejudice to the right of any party to object to the Consolidated Claims on the basis of insufficient information or to seek to disallow and/or expunge the Consolidated Claims to the extent it is determined that all or any portion of the Consolidated Claims are not allowable against any individual Debtor.

## PROOFS OF CLAIM
## SUBMITTED BY FAX OR EMAIL WILL **NOT** BE
## ACCEPTED AND WILL **NOT** BE DEEMED TIMELY SUBMITTED.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

9.    Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a.    any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b.    any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.    any Claim that has previously been allowed by order of this Court;

d.    any Claim that has already been paid in full by any of the Debtors;

e.    any Claim for which a different deadline has previously been fixed by this Court;

f.    any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Bed Bath & Beyond Inc.;

g.    any Claim based on an equity interest in the Debtors;

h.    any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.  any Professional Compensation Claim[2];

j.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the Prepetition Secured Parties and DIP Secured Parties (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 76] (the "Interim DIP Order") and any amended or final order entered by the Court in respect thereof (the "Final DIP Order"); and

l.  any Claim held by any person or entity solely against a non-Debtor entity.

m.  Noteholders (but not the Trustee) on account of Notes Claims; and

n.  any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors,

---

[2]  "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

solely with respect to claims arising under such contract or lease or any related agreements.

10.     Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11.     The Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, and the Proof of Claim Form, substantially in the forms attached to this Order as **Exhibit 1**, are hereby approved.

12.     The Debtors shall cause the Bar Date Notice and the Proof of Claim Forms to be served within two business days of entry of this Bar Date Order by email and/or first-class mail, as applicable, in accordance with the Case Management Procedures on:

    a.   the Master Service List (as defined in the Case Management Procedures);

    b.   all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

    c.   all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

    d.   all registered non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

    e.   all entities who are party to executory contracts and unexpired leases with the Debtors;

    f.   all entities who are party to litigation with the Debtors;

(Page | 14)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

g.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h.    all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i.    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

13.    After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[3] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors.  In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to fourteen days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

---

[3]    To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

(Page | 15)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

14.     Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as **Exhibit 3** to the Order, on one occasion in *The New York Times* (National Edition), and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

15.     For the avoidance of doubt, the Notice and Claims Agent is authorized to redact certain personally identifiable information from the claims register for each Debtor, in accordance with the *Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (C) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief* [Docket No 103] and any final order related thereto.

16.     Each of the Prepetition Administrative Agent and the Prepetition FILO Agent (as defined in the Interim DIP Order) is authorized, but not directed or required, to file in the Debtors' lead chapter 11 case, *In re Bed Bath & Beyond Inc.*, Case No. 23-13359, a single master proof of claim (each a "Master Proof of Claim") on behalf of its respective Prepetition Secured Parties (as defined in the Interim DIP Order) on account of any and all of their respective claims arising under the applicable Prepetition Credit Documents, in the Interim DIP Order, and in the Final DIP Order against each of the Debtors.  Upon the filing of a Master Proof of Claim by either Prepetition Agent, as applicable, it shall be deemed to have filed a proof of claim in the amount set forth

(Page | 16)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

opposite its name therein in respect of its claims against each of the Debtors of any type or nature whatsoever with respect to the applicable Prepetition Credit Documents, and the claim of each applicable Prepetition Secured Party (and each of its respective successors and assigns), named in a Master Proof of Claim shall be treated as if it had filed a separate proof of claim in each of these Chapter 11 Cases. The Master Proofs of Claim shall not be required to identify whether any Prepetition Secured Party acquired its claim from another party and the identity of any such party or to be amended to reflect a change in the holders of the claims set forth therein or a reallocation among the holders of the claims asserted therein resulting from the transfer of all or any portion of such claims.  The provisions of this paragraph 16 and each Master Proof of Claim are intended solely for the purpose of administrative convenience and shall not affect the right of each Prepetition Secured Party (or its successors in interest) to vote separately on any plan proposed in these Chapter 11 Cases. The Master Proofs of Claim shall not be required to attach any instruments, agreements or other documents evidencing the obligations owing by each of the Debtors to the applicable Prepetition Secured Parties, which instruments, agreements or other documents will be provided upon written request to counsel to each Prepetition Administrative Agent and the Prepetition FILO Agent, as applicable.

17.    Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

18.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

19.     Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

20.     The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

21.     Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

22.     Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the

(Page | 18)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE, REJECTION DAMAGES BAR DATE, AND ADMINISTRATIVE CLAIMS BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF |

General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     Notwithstanding anything to the contrary in the Motion, this Bar Date Order, or any findings announced at the hearing, nothing in the Motion, this Bar Date Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

25.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

## **Exhibit 1**

**Proof of Claim Form**

**United States Bankruptcy Court, District of New Jersey (Newark)**

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. | **Who is the current creditor?** | |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? |
|---|---|---|

| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|---|
| | | Contact phone<br>Contact email | Contact phone<br>Contact email |

| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____          Filed on ____ / ____ / _____<br><span style="margin-left:12em"></span>MM  /  DD  /  YYYY |
|---|---|---|

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? |
|---|---|---|

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____ |
|---|---|---|

| 7. | **How much is the claim?** | $_____ . Does this amount include interest or other charges?<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br><span style="margin-left:2em"></span>charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information. |
|---|---|---|

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | | |
|---|---|---|
| **13.** **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

| | | |
|---|---|---|
| **14.** **Is all or part of the claim being asserted as an administrative expense claim?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred:** | |
| | ☐ **On or prior to June 20, 2023:** | $ _____ |
| | ☐ **After June 20, 2023:** | $ _____ |
| | **Total Administrative Expense Claim Amount:** | $ _____ |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A) (2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

---

## Part 3:    Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐   I am the creditor.<br>☐   I am the creditor's attorney or authorized agent.<br>☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____<br>　　　　　　　　　　MM  /  DD  /  YYYY<br><br><br>_____<br>Signature<br><br>**Name of the person who is completing and signing this claim:** |

| | |
|---|---|
| Name | _____<br>First name　　　　　　Middle name　　　　　　　Last name |
| Title | _____ |
| Company | _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____<br>Number　　　　Street |
| | _____<br>City　　　　　　　　　　　　　　State　　　ZIP Code |
| Contact phone | _____　　Email _____ |

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/BBBY.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:

Bed Bath & Beyond Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163

If by overnight courier or hand delivery:

Bed Bath & Beyond Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

---

**Do not file these instructions with your form**

## <u>Exhibit 2</u>

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# NOTICE OF DEADLINE
# REQUIRING SUBMISSION OF PROOFS
# OF CLAIM ON OR BEFORE JULY 7, 2023,
# AND RELATED PROCEDURES FOR SUBMITTING PROOFS
# OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **July 7, 2023** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of Claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **April 23, 2023** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim").**[4]  In addition, governmental units have until **October 20, 2023** (the date that is the one-hundred and eighty-three days after the Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

### Debtors in these chapter 11 cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond Inc. | 0488 | 23-13359 |
| Alamo Bed Bath & Beyond Inc. | 0408 | 23-13360 |
| BBB Canada LP Inc. | 7777 | 23-13361 |
| BBB Value Services Inc. | 5809 | 23-13362 |
| BBBY Management Corporation | 9534 | 23-13363 |
| BBBYCF LLC | 5533 | 23-13364 |
| BBBYTF LLC | 6838 | 23-13365 |
| Bed Bath & Beyond of Annapolis, Inc. | 8488 | 23-13366 |
| Bed Bath & Beyond of Arundel Inc. | 2626 | 23-13367 |

---

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]    Defined collectively as the Rejection Damages Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), the Governmental Bar Date, and the Administrative Claims Bar Date (further defined herein).

[4]    "503(b)(9) Claims" are Claims for the value of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

2

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond of Baton Rouge Inc. | 4076 | 23-13368 |
| Bed Bath & Beyond of Birmingham Inc. | 0327 | 23-13369 |
| Bed Bath & Beyond of Bridgewater Inc. | 5533 | 23-13370 |
| Bed Bath & Beyond of California Limited Liability Company | 2362 | 23-13371 |
| Bed Bath & Beyond of Davenport Inc. | 4074 | 23-13372 |
| Bed Bath & Beyond of East Hanover Inc. | 1176 | 23-13373 |
| Bed Bath & Beyond of Edgewater Inc. | 3618 | 23-13374 |
| Bed Bath & Beyond of Falls Church, Inc. | 2908 | 23-13375 |
| Bed Bath & Beyond of Fashion Center, Inc. | 7852 | 23-13376 |
| Bed Bath & Beyond of Frederick, Inc. | 0889 | 23-13377 |
| Bed Bath & Beyond of Gaithersburg Inc. | 6406 | 23-13378 |
| Bed Bath & Beyond of Gallery Place L.L.C. | 8791 | 23-13379 |
| Bed Bath & Beyond of Knoxville Inc. | 0403 | 23-13380 |
| Bed Bath & Beyond of Lexington Inc. | 0888 | 23-13381 |
| Bed Bath & Beyond of Lincoln Park Inc. | 8893 | 23-13382 |
| Bed Bath & Beyond of Louisville Inc. | 2624 | 23-13383 |
| Bed Bath & Beyond of Mandeville Inc. | 5531 | 23-13384 |
| Bed Bath & Beyond of Opry Inc. | 0264 | 23-13385 |
| Bed Bath & Beyond of Overland Park Inc. | 6404 | 23-13386 |
| Bed Bath & Beyond of Palm Desert Inc. | 0152 | 23-13387 |
| Bed Bath & Beyond of Paradise Valley Inc. | 6576 | 23-13388 |
| Bed Bath & Beyond of Pittsford Inc. | 6881 | 23-13389 |
| Bed Bath & Beyond of Portland Inc. | 8153 | 23-13390 |
| Bed Bath & Beyond of Rockford Inc. | 1065 | 23-13391 |
| Bed Bath & Beyond of Towson Inc. | 1854 | 23-13392 |
| Bed Bath & Beyond of Virginia Beach Inc. | 2326 | 23-13393 |
| Bed Bath & Beyond of Waldorf Inc. | 0890 | 23-13394 |
| Bed Bath & Beyond of Woodbridge Inc. | 1179 | 23-13395 |
| bed 'n bath Stores Inc. | 2034 | 23-13396 |
| Bed, Bath & Beyond of Manhattan, Inc. | 2956 | 23-13397 |
| Buy Buy Baby of Rockville, Inc. | 6272 | 23-13398 |
| Buy Buy Baby of Totowa, Inc. | 8098 | 23-13399 |
| Buy Buy Baby, Inc. | 2010 | 23-13400 |
| BWAO LLC | 1562 | 23-13401 |
| Chef C Holdings LLC | 6069 | 23-13402 |
| Decorist, LLC | 4917 | 23-13403 |
| Deerbrook Bed Bath & Beyond Inc. | 0895 | 23-13404 |
| Harmon of Brentwood, Inc. | 4214 | 23-13405 |
| Harmon of Caldwell, Inc. | 1648 | 23-13406 |
| Harmon of Carlstadt, Inc. | 9065 | 23-13407 |
| Harmon of Franklin, Inc. | 9738 | 23-13408 |
| Harmon of Greenbrook II, Inc. | 9743 | 23-13409 |
| Harmon of Hackensack, Inc. | 4535 | 23-13410 |
| Harmon of Hanover, Inc. | 5485 | 23-13411 |
| Harmon of Hartsdale, Inc. | 2588 | 23-13412 |
| Harmon of Manalapan, Inc. | 7942 | 23-13413 |
| Harmon of Massapequa, Inc. | 9949 | 23-13414 |
| Harmon of Melville, Inc. | 5648 | 23-13415 |
| Harmon of New Rochelle, Inc. | 4673 | 23-13416 |
| Harmon of Newton, Inc. | 9775 | 23-13417 |
| Harmon of Old Bridge, Inc. | 2762 | 23-13418 |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Harmon of Plainview, Inc. | 4515 | 23-13419 |
| Harmon of Raritan, Inc. | 5646 | 23-13420 |
| Harmon of Rockaway, Inc. | 2765 | 23-13421 |
| Harmon of Shrewsbury, Inc. | 8849 | 23-13422 |
| Harmon of Totowa, Inc. | 4269 | 23-13423 |
| Harmon of Wayne, Inc. | 4316 | 23-13424 |
| Harmon of Westfield, Inc. | 2851 | 23-13425 |
| Harmon of Yonkers, Inc. | 0371 | 23-13426 |
| Harmon Stores, Inc. | 6555 | 23-13427 |
| Liberty Procurement Co. Inc. | 9383 | 23-13428 |
| Of a Kind, Inc. | 6492 | 23-13429 |
| One Kings Lane LLC | 4759 | 23-13430 |
| San Antonio Bed Bath & Beyond Inc. | 4701 | 23-13431 |
| Springfield Buy Buy Baby, Inc. | 8387 | 23-13432 |

## Who Must Submit a Proof of Claim

You **MUST** submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is ***not*** one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What To Submit

The Debtors are enclosing a Proof of Claim form for use in the cases; if your Claim is scheduled by the Debtors, the form indicates the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim Form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the Debtors' notice and claims agent, Kroll Restructuring Administration LLC (the "Notice and Claims Agent"), by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/bbby.

The following procedures for the submission of Proofs of Claim against the Debtors in these Chapter 11 Cases shall apply:

a. *Contents*.  Each Proof of Claim must:  (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby by the claimant or by an authorized agent or legal representative of the claimant;

b. *Section 503(b)(9) Claim*.  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c. *Receipt of Service*.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. *Identification of the Debtor Entity*.  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

5

e. ***Claim Against Multiple Debtor Entities***.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f. ***Supporting Documentation***.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.  Failure to provide such supporting documentation within ten (10) days may result in the disallowance of some or all of the amounts asserted on the applicable Proof of Claim.

   i. Solely as an accommodation to the Chubb Companies (as defined below), and solely in their capacities as insurers, notwithstanding anything to the contrary in this Bar Date Order, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any order of this Court, or any Proof of Claim Form or Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto, and as to each applicable Administrative Claims Bar Date, a single consolidated Proof of Claim for any Administrative Claims (collectively, the "Consolidated Claims") in the chapter 11 case of Bed Bath & Beyond Inc., Case No. 23-13359 (the "Lead Case"), which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors, (b) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed

6

with the Consolidated Claims instead, and (c) as to each Administrative Claims Bar Date, the Chubb Companies need only file a single Consolidated Claim for amounts that are Administrative Claims and have become liquidated during the relevant time period; *provided*, *however*, that each of the Consolidated Claims will include a schedule of the policies and/or agreements upon which the Consolidated Claims are based; *provided*, *further*, that the Debtors reserve the right to request all documents supporting the Consolidated Claims subject to appropriate protections for confidential information.  The authorization granted hereby to allow the Chubb Companies to file the Consolidated Claims is for procedural purposes only, is intended for administrative convenience, and shall not be interpreted or construed to substantively affect any right, objection, claim, or defense of any party in interest to the Consolidated Claims including, (i) the amount, extent, validity, priority, perfection, or enforceability of any claim or security interest asserted by the Consolidated Claims and (ii) the right of the Chubb Companies to (A) assert joint and several liability against some or all of the Debtors, (B) modify the Debtor(s) against which the Consolidated Claims are asserted, or (C) amend the amount or nature of the Consolidated Claims, and, in each case, the Debtors' rights to object thereto; *provided, however*, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Bed Bath & Beyond Inc. (instead of in the chapter 11 cases of each or any of the other Debtors) and/or (ii) only by ACE American Insurance Company (instead of by each of the Chubb Companies, respectively).  For the avoidance of doubt, and without altering any of the foregoing, the authorization granted hereby is without prejudice to the right of any party to object to the Consolidated Claims on the basis of insufficient information or to seek to disallow and/or expunge the Consolidated Claims to the extent it is determined that all or any portion of the Consolidated Claims are not allowable against any individual Debtor.

### **When and Where To Submit**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby, or (ii) first-class U.S. Mail, which Proof of Claim must include an ***original*** signature, at the following address:   Bed Bath & Beyond Inc. Claims

7

Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:  Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

<u>**Claims for Which Proofs of Claim Need Not Be Filed**</u>

Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b. any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c. any Claim that has previously been allowed by order of this Court;

d. any Claim that has already been paid in full by any of the Debtors;

e. any Claim for which a different deadline has previously been fixed by this Court;

f. any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Bed Bath & Beyond, Inc.;

g. any Claim based on an equity interest in the Debtors;

h. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims

8

for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.  any Professional Compensation Claim;[5]

j.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the Prepetition Secured Parties and DIP Secured Parties (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 76] and any amended or final order entered by the Court in respect thereof;

l.  any Claim held by any person or entity solely against a non-Debtor entity;

m.  Noteholders (but not the Trustee) on account of Notes Claims; and

n.  any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease or any related agreements.

---

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

---

[5]  "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date, (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, the date that is thirty calendar days from the date of entry of such order, unless otherwise ordered by the Court, and (c) the date that is thirty days following the effective date of such rejection of an applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## Amended Schedules Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) the date that is thirty (30) calendar days after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "Amended Schedules Bar Date").

## Administrative Claims Bar Date

If you have an Administrative Expense Claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2), you must submit your Proof of Claim by (a) **July 7, 2023** for Claims incurred through June 27, 2023, (b) for all Claims arising after June 27, 2023, the 15th day of the month following the month in which the Claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"), *provided, however,* that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available:  (a) from the Notice and Claims Agent by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/bbby; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

## **Reservation of Rights**

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## **Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.  SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

Dated: May 10, 2023

<u>/s/ Michael D. Sirota</u>
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## <u>Exhibit 3</u>

**Publication Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF BAR DATES FOR**
**SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER**
**SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **July 7, 2023** (the "General Claims Bar Date"), as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) to submit a Proof of Claim against

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

any of the Debtors listed below (collectively, the "Debtors").  A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Kroll Restructuring Administration LLC (the noticing and claims agent retained in these Chapter 11 Cases), by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States, (ii) for no charge by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/bbby, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Bar Date Order requires that all entities (collectively, the "Claimants") holding or wishing to assert a Claim that arose or is deemed to have arisen prior to April 23, 2023 (the "Petition Date"), against the Debtors ("Claims") to submit a Proof of Claim so as to be actually received by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") on or before the applicable bar date (collectively, the "Bar Dates") as set forth below.  None of the Bar Dates described herein apply to any governmental unit.    Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units shall have at least one-hundred and eighty days from the commencement of these Chapter 11 Cases to submit Claims against the Debtors.

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond Inc. | 0488 | 23-13359 |
| Alamo Bed Bath & Beyond Inc. | 0408 | 23-13360 |
| BBB Canada LP Inc. | 7777 | 23-13361 |
| BBB Value Services Inc. | 5809 | 23-13362 |
| BBBY Management Corporation | 9534 | 23-13363 |
| BBBYCF LLC | 5533 | 23-13364 |
| BBBYTF LLC | 6838 | 23-13365 |
| Bed Bath & Beyond of Annapolis, Inc. | 8488 | 23-13366 |
| Bed Bath & Beyond of Arundel Inc. | 2626 | 23-13367 |
| Bed Bath & Beyond of Baton Rouge Inc. | 4076 | 23-13368 |
| Bed Bath & Beyond of Birmingham Inc. | 0327 | 23-13369 |
| Bed Bath & Beyond of Bridgewater Inc. | 5533 | 23-13370 |
| Bed Bath & Beyond of California Limited Liability Company | 2362 | 23-13371 |
| Bed Bath & Beyond of Davenport Inc. | 4074 | 23-13372 |
| Bed Bath & Beyond of East Hanover Inc. | 1176 | 23-13373 |
| Bed Bath & Beyond of Edgewater Inc. | 3618 | 23-13374 |
| Bed Bath & Beyond of Falls Church, Inc. | 2908 | 23-13375 |
| Bed Bath & Beyond of Fashion Center, Inc. | 7852 | 23-13376 |
| Bed Bath & Beyond of Frederick, Inc. | 0889 | 23-13377 |
| Bed Bath & Beyond of Gaithersburg Inc. | 6406 | 23-13378 |
| Bed Bath & Beyond of Gallery Place L.L.C. | 8791 | 23-13379 |
| Bed Bath & Beyond of Knoxville Inc. | 0403 | 23-13380 |
| Bed Bath & Beyond of Lexington Inc. | 0888 | 23-13381 |
| Bed Bath & Beyond of Lincoln Park Inc. | 8893 | 23-13382 |
| Bed Bath & Beyond of Louisville Inc. | 2624 | 23-13383 |
| Bed Bath & Beyond of Mandeville Inc. | 5531 | 23-13384 |
| Bed Bath & Beyond of Opry Inc. | 0264 | 23-13385 |
| Bed Bath & Beyond of Overland Park Inc. | 6404 | 23-13386 |
| Bed Bath & Beyond of Palm Desert Inc. | 0152 | 23-13387 |
| Bed Bath & Beyond of Paradise Valley Inc. | 6576 | 23-13388 |
| Bed Bath & Beyond of Pittsford Inc. | 6881 | 23-13389 |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond of Portland Inc. | 8153 | 23-13390 |
| Bed Bath & Beyond of Rockford Inc. | 1065 | 23-13391 |
| Bed Bath & Beyond of Towson Inc. | 1854 | 23-13392 |
| Bed Bath & Beyond of Virginia Beach Inc. | 2326 | 23-13393 |
| Bed Bath & Beyond of Waldorf Inc. | 0890 | 23-13394 |
| Bed Bath & Beyond of Woodbridge Inc. | 1179 | 23-13395 |
| bed 'n bath Stores Inc. | 2034 | 23-13396 |
| Bed, Bath & Beyond of Manhattan, Inc. | 2956 | 23-13397 |
| Buy Buy Baby of Rockville, Inc. | 6272 | 23-13398 |
| Buy Buy Baby of Totowa, Inc. | 8098 | 23-13399 |
| Buy Buy Baby, Inc. | 2010 | 23-13400 |
| BWAO LLC | 1562 | 23-13401 |
| Chef C Holdings LLC | 6069 | 23-13402 |
| Decorist, LLC | 4917 | 23-13403 |
| Deerbrook Bed Bath & Beyond Inc. | 0895 | 23-13404 |
| Harmon of Brentwood, Inc. | 4214 | 23-13405 |
| Harmon of Caldwell, Inc. | 1648 | 23-13406 |
| Harmon of Carlstadt, Inc. | 9065 | 23-13407 |
| Harmon of Franklin, Inc. | 9738 | 23-13408 |
| Harmon of Greenbrook II, Inc. | 9743 | 23-13409 |
| Harmon of Hackensack, Inc. | 4535 | 23-13410 |
| Harmon of Hanover, Inc. | 5485 | 23-13411 |
| Harmon of Hartsdale, Inc. | 2588 | 23-13412 |
| Harmon of Manalapan, Inc. | 7942 | 23-13413 |
| Harmon of Massapequa, Inc. | 9949 | 23-13414 |
| Harmon of Melville, Inc. | 5648 | 23-13415 |
| Harmon of New Rochelle, Inc. | 4673 | 23-13416 |
| Harmon of Newton, Inc. | 9775 | 23-13417 |
| Harmon of Old Bridge, Inc. | 2762 | 23-13418 |
| Harmon of Plainview, Inc. | 4515 | 23-13419 |
| Harmon of Raritan, Inc. | 5646 | 23-13420 |
| Harmon of Rockaway, Inc. | 2765 | 23-13421 |
| Harmon of Shrewsbury, Inc. | 8849 | 23-13422 |
| Harmon of Totowa, Inc. | 4269 | 23-13423 |
| Harmon of Wayne, Inc. | 4316 | 23-13424 |
| Harmon of Westfield, Inc. | 2851 | 23-13425 |
| Harmon of Yonkers, Inc. | 0371 | 23-13426 |
| Harmon Stores, Inc. | 6555 | 23-13427 |
| Liberty Procurement Co. Inc. | 9383 | 23-13428 |
| Of a Kind, Inc. | 6492 | 23-13429 |
| One Kings Lane LLC | 4759 | 23-13430 |
| San Antonio Bed Bath & Beyond Inc. | 4701 | 23-13431 |
| Springfield Buy Buy Baby, Inc. | 8387 | 23-13432 |

| **General Claims Bar Date**<br><br>(Applicable to 503(b)(9) Claims) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **July 7, 2023** (the "General Claims Bar Date"), including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
|---|---|

| **Governmental Bar Date** | All governmental units holding or wishing to assert a Claim against the Debtors arising (or deemed to arise) before the Petition Date (whether secured, unsecured priority or unsecured non-priority) must submit a Proof of Claim so as to be **actually received** by the Notice and Claims Agent by **October 20, 2023** (the "<u>Governmental Bar Date</u>"). |
|---|---|
| **Amended Schedules Bar Date** | In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **date that is thirty calendar days** after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "<u>Amended Schedules Bar Date</u>"). |
| **Rejection Damages Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date, (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, the date that is thirty calendar days from the date of entry of such order, unless otherwise ordered by the Court, and (c) the date that is thirty days following the effective date of such rejection of an applicable executory contract or unexpired lease (the "<u>Rejection Damages Bar Date</u>").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease. |
| **Administrative Claims Bar Date** | All Claimants holding or wishing to assert an Administrative Expense Claim for costs and expenses of administration of the estates pursuant to sections 503(b), other than claims pursuant to section 503(b)(9), or 507(a)(2) of the Bankruptcy Code must submit a Proof of Claim by (a) **July 7, 2023** for Claims incurred through June 27, 2023, (b) for all Claims arising after June 27, 2023, the 15th day of the month following the month in which the Claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "<u>Administrative Claims Bar Date</u>"), *provided, however,* that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023. |

## **When and Where To Submit**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at <u>https://restructuring.ra.kroll.com/bbby</u>, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address:  Bed Bath & Beyond Inc. Claims Processing

Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:  Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**Contents of Proofs of Claim.**  Each Proof of Claim must:  (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby by the Claimant or by an authorized agent or legal representative of the Claimant.  **Please note** that each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

**Section 503(b)(9) Claims.**  Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date.  The Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code.  In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made against the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors.

**Consequences of Failing to Timely Submit Your Proof of Claim.**  Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto).  In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

**Reservation of Rights.**  Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information.**  If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form, or related documents, you may do so by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/bbby or contacting the Notice and Claims Agent by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or writing to the following address:  Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.