**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

**Order Filed on May 31, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**ORDER (I) AUTHORIZING REJECTION AND TERMINATION OF
LEASE PURSUANT TO §§ 105, 363 AND 365 AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through four (4), is **ORDERED**.

**DATED: May 31, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing (A) the Rejection and Termination of Lease Pursuant to Sections 105, 363 and 365 and (B) the Parties to Enter into a Lease Termination Agreement Under Section 363(b) and (II) Granting Related |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing (A) the Rejection and Termination of Lease Pursuant to §§ 105, 363 and 365 and (B) the Parties to Enter into a Lease Termination Agreement Under Section 363(b) and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the rejection and termination of the Lease, (b) authorizing the Debtors and Landlord to enter into the Lease Termination Agreement, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing (A) the Rejection and Termination of Lease Pursuant to Sections 105, 363 and 365 and (B) the Parties to Enter into a Lease Termination Agreement Under Section 363(b) and (II) Granting Related |

after due deliberation and sufficient cause appearing therefor, and no objections having been filed, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on the terms set forth herein.

2. The Debtors and Landlord are authorized to enter into the Lease Termination Agreement, attached hereto as **Exhibit 1**, and the releases contemplated therein are hereby approved.

3. The Debtors are authorized to transfer the Solar Facilities pursuant to the terms of the Lease Termination Agreement.

4. The Debtors are authorized to reject and terminate the Lease pursuant to the terms of the Lease Termination Agreement.

5. Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing (A) the Rejection and Termination of Lease Pursuant to Sections 105, 363 and 365 and (B) the Parties to Enter into a Lease Termination Agreement Under Section 363(b) and (II) Granting Related |

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit 1**

Lease Termination Agreement

# LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "Agreement") is made as of this _____ day of May, 2023 by and between TAFT ASSOCIATES, a Joint Venture comprised of Gotham Industrial Park, a limited partnership of New Jersey and Brancasons, a general partnership of New Jersey, as tenant-in-common, with offices at 375 Murray Hills Parkway, East Rutherford, New Jersey 07073 ("Landlord") and HARMON STORES, INC., a Delaware corporation, with offices at 650 Liberty Avenue, Union, NJ 07083 ("Tenant" or "Debtor").

## RECITALS

WHEREAS, Landlord and Tenant entered into a certain Lease Agreement dated May 5, 2009, as amended by that certain First Amendment to Lease Agreement dated March 9, 2011 (as amended, the "Lease"), covering certain premises located at 11 Taft Road, Totowa, New Jersey (the "Premises"), on the terms and conditions set forth therein;

WHEREAS, the Tenant's obligations under the Lease are guaranteed by Bed Bath & Beyond Inc., a New York corporation ("Guarantor")

WHEREAS, Guarantor and Tenant, along with their affiliated debtors and debtors in possession, have filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, the Parties desire to enter into this Agreement whereby, among other things, Landlord is restored to possession of the Premises as of the Termination Date, the parties release each other and Landlord is able to dispose of any remaining equipment at the Premises in its sole and absolute discretion;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject to an order of the Bankruptcy Court approving this Agreement:

## AGREEMENT

1.     Recitals. The Recitals are incorporated herein as if set forth at length.

2.     Lease Termination. The Lease is terminated effective as of the date (the "Termination Date") which is one (1) business day after the date on which an order by the Bankruptcy Court, approving this Agreement in its entirety (the "Bankruptcy Court Approval") is issued.

3.     Consideration. Landlord shall (a) pay to Tenant $3,000,000.00, (b) dismiss the "Pre-Petition Complaint" (as hereinafter defined in Paragraph 4 below), (c) waive and release all claims relating to Tenant's obligations to repair and restore the Premises, the cost of which is currently estimated to exceed $5,000,000.00, and (d) waive and release all claims relating to Tenant's unpaid late rents, late fees, real estate taxes, water and sewer charges, and other additional rents now due and owing under the Lease, in the amount of approximately $55,000. A deposit of $300,000.00 shall be paid by Landlord to Tenant's attorneys, Cole Schotz, P.C., who shall hold such deposit in escrow. Landlord hereby directs Cole Schotz, P.C. as escrow agent, to release such deposit to Tenant on the date of the issuance of the Bankruptcy Court Approval. If the Bankruptcy Court Approval is not granted on or before May 31st, 2023 Landlord may

terminate this Agreement and the deposit shall be returned to Landlord. The balance of the consideration shall be paid by Landlord to Tenant on the Termination Date.

4. <u>Landlord Release of Tenant and Guarantor</u>. For valuable consideration, and the mutual covenants and agreements contained herein, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant and Guarantor, and each of their respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by or relating to the Lease and any guaranty thereof by Guarantor. This release includes, without limitation, all matters claimed by Landlord in that certain suit titled "Taft Associates, A Joint Venture Comprised Of Gotham Industrial Park, A New Jersey Limited Partnership, And Brancasons, A New Jersey General Partnership, As Tenants In Common vs. Harmon Stores, Inc.", being Case # PASL00073023 (the "<u>Pre-Petition Complaint</u>").

5. <u>Tenant Release of Landlord</u>. For valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by or relating to the Lease.

6. <u>Acknowledgement</u>. In this connection, the parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that the Releases set forth in Sections 4 and 5 hereof have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, each nevertheless hereby intends to release, discharge, and acquit the Released Parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

7. <u>Solar Panels</u>. As of the Termination Date, Tenant hereby transfers to Landlord, free and clear of all liens, claims and encumbrances, possession of, and title to, all solar facilities and equipment located at the Property, including the solar panels, racking system, combiner boxes, cable, disconnects and central inverters (the "Solar Facilities"). Tenant will execute such documents and provide such additional

cooperation as may be required in order to facilitate and effect the transfer of the Solar Facilities to Landlord as of the Termination Date, including but not limited to the execution of the GATS System Change Form attached hereto as Exhibit A.

8. **Condition of Premises**. On the Termination Date, Tenant shall deliver to Landlord possession of the Premises in their as-is condition. Tenant shall have no obligation to perform any repair or replacement work to any part of the Premises or any fixtures, fittings or improvements therein, including those repairs asserts by Landlord in the Pre-Petition Complaint.

9. **Conditions Precedent**. As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

    (a) Tenant has delivered possession of the Premises to Landlord;

    (b) Tenant has delivered to Landlord the keys and access codes to the Premises;

    (c) An order has been entered by the Bankruptcy Court approving the entirety of this Agreement.

10. **Furniture, Fixtures and Equipment (FF&E)**. Any FF&E remaining at the Premises after the Termination Date is deemed abandoned, free and clear of all liens, claims and encumbrances, and Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to the Debtor or any entity.

11. **Authority to Settle**. Each of the parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

12. **Entire Agreement**. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

13. **Advice of Counsel**. Each of the parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

14. **Attorneys' Fees**. Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

15. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

16. **Governing Law.** This Agreement shall be governed by and construed under the laws of the State of New Jersey, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

17. **Jurisdiction**. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

18. **Miscellaneous**.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Tenant acknowledges and agrees that Landlord shall have no obligation to pay a broker commission to any broker engaged by Tenant with respect to this Agreement.

(e) Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(f) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent

and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signatures appear on following page]*

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

TAFT ASSOCIATES,

GOTHAM INDUSTRIAL PARK,
a limited partnership of New Jersey, Joint Venturer

By: _____
Print Name: Robert A. Wilson
Its: Partner

BRANCASONS,
a general partnership of New Jersey, Joint Venturer

By: _____
Print Name: Richard Branca
Its: Partner

HARMON STORES, INC.,
a Delaware corporation

By: *Wade Haddad* (DocuSigned by: 39C2464B1AAD429...)
Print Name: Wade Haddad
Its: SVP Real Estate and Construction

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**TAFT ASSOCIATES,**

GOTHAM INDUSTRIAL PARK,
a limited partnership of New Jersey, Joint Venturer

By: _____
Print Name: Robert A. Wilson
Its: Partner


BRANCASONS,
a general partnership of New Jersey, Joint Venturer


By:_____
Print Name: Richard Branca
Its: Partner



**HARMON STORES, INC.,**
a Delaware corporation


By:_____
Print Name:_____
Its:_____

# EXHIBIT A

## GATS System Change Form

**pjm|EIS** Environmental Information Services

## GATS Ownership Transfer Request

Please complete all fields applicable to this transfer request. Incomplete requests will be rejected.

| GATS System Name: | Harmon Totowa |
|---|---|
| GATS Unit ID: | NON60412 |
| Current GATS Account Name: | Bed Bath & Beyond |
| GATS Account to be Transferred to: | Taft Associates |
| System Address: | 11 Taft Rd<br>Totowa, NJ 07512 |
| State Certification Number(s): | NJ -252940-SUN-I & VA-020728-SUN |

### Change in System Ownership

Per the agreement made between the Buyer and Seller, the Buyer is entitled to the following. **Please check off one of the following selections.**

- ● **Change in System and REC Ownership** – The buyer purchased the system and is entitled to all the attributes including the renewable energy credit (RECs) located at this address.

- ○ **Change in System Ownership only** – The buyer purchased the system but the renewable energy credit (RECs) were not part of this purchase agreement. (Additional documentation may be required as proof)

- ○ **Change in REC Ownership only** – A buyer is only entitled to the renewable energy credit (RECs) (Additional documentation may be required as proof)

- ○ **Change in Ownership due to death/or trust** (Additional documentation may be required as proof)



| SELLER | BUYER |
|---|---|
| Name (Printed): Bed Bath & Beyond Inc | Name (Printed): Taft Associates |
| Email Address: robert.eckhardt@bedbath.com | Email Address: raw@wilsonnj.com |
| Phone Number: 908-855-4649 | Phone Number: 201-845-8000 |
| Signature: Robert Eckhardt (Digitally signed by Robert Eckhardt Date: 2023.05.30 15:48:48 -04'00') | Signature: [signed] |
| Date: May 31, 2023 | Date: May 31, 2023 |

Closing Date: June 1, 2023

I, as the GATS Subscriber, recognize and accept that PJM EIS is relying on the truth, accuracy, and completeness of the certifications herein, attest that all statements are accurate, and recognize and accept that I have a continuing duty to notify PJM EIS if and when the certifications, herein made, cease to be accurate or complete.

GATS Subscriber Name[1]: Taft Associates (Acct. #68083) (Printed)

GATS Subscriber Signature: [signed]

Date: May 31, 2023

---

Please email this form to the GATS Administrator.
Email: GATSAdmin@pjm-eis.com

NOTE: Form will only be accepted if completed in its entirety and legibly.
The GATS Administrators reserve the right to request any additional documentation regarding the Transfer Ownership Request
All changes will be effective once reviewed by the GATS Administrator.

---

[1] GATS Subscriber Name refers to the GATS Subscriber that is submitting the form and whose GATS Account that the system should be transferred to.