**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**Order Filed on June 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION  LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

The relief set forth on the following pages, numbered three (3) through eight (8), is hereby **ORDERED**.

**DATED: June 1, 2023**

_____

**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date |

Upon the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date* [Docket No. 349] (the "Application"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, authorizing the Debtors to employ and retain Kroll Restructuring Administration LLC ("Kroll") so that it may perform services as administrative advisor ("Administrative Advisor") effective as of the Petition Date; all as more fully set forth in the Application; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and upon the Declaration of Benjamin J. Steele in support thereof; and the Court being satisfied that Kroll does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and 101(14) of the Bankruptcy Code, and that said

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

(Page | 3)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date |

employment would be in the best interest of the Debtors, their respective estates and creditors, and all parties-in-interest, and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal and informal objections to the Motion have been resolved,

**IT IS HEREBY ORDERED THAT**:

1.        The Application is **GRANTED** to the extent set forth herein.

2.        The Debtors are authorized to retain Kroll as Administrative Advisor, effective as of the Petition Date, pursuant to section 327(a) of the Bankruptcy Code and under the terms of the Engagement Agreement attached hereto as **Exhibit 1**, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3.        Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statements of financial affairs shall be limited to administrative and ministerial services.  The Debtors shall remain responsible for the content and accuracy of their schedules of assets and liabilities and statements of financial affairs.

4.        Kroll is authorized to take all actions necessary to comply with its duties as Administrative Advisor as described in the Application and set forth in the Engagement Agreement.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date |

5.      Kroll shall apply to the Court for allowance of compensation and reimbursement of expenses incurred in its capacity as Administrative Advisor in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

6.      The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

7.      Kroll shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

8.      Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either: (i) judicially determined to have arisen from Kroll's gross negligence, willful misconduct, bad faith, self-dealing, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date |

9.      If, before the earlier of the entry of an order (i) confirming a chapter 11 plan in these Chapter 11 Cases (that determination having become final) or (ii) closing these Chapter 11 Cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement, as modified by this Order, including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order of this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution, or reimbursement and is not intended to limit the duration of the Debtors' obligation to indemnify Kroll.  All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution, or reimbursement.

10.      The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

11.      Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 6 thereof, by this Order, the Court is not authorizing Kroll to establish financial accounts with financial institutions on behalf of the Debtors.

12.      Notwithstanding anything to the contrary contained in the Engagement Agreement, the 1.5% late charge in paragraph 2(c) of the Engagement Agreement shall not be assessed during the pendency of these Chapter 11 Cases.

(Page | 6)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date |

13.     Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 15 thereof, the Court shall have exclusive jurisdiction over Kroll's engagement during the pendency of these Chapter 11 Cases, and the Arbitration clause shall have no force or effect during the pendency of these Chapter 11 Cases.

14.     Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 2(h) thereof, Kroll shall provide at least ten (10) days' notice of any increases in its billing rates, subject to the parties in interest's right to object to any such increases, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

15.     Notwithstanding anything to the contrary in the Engagement Agreement, in the event that any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to such case or cases shall have no obligation to continue the engagement of Kroll.  Additionally, paragraph 3(b) of the Engagement Agreement (indicating that Kroll will continue to be paid, notwithstanding conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code) shall be of no force and effect with respect to the services provided by Kroll pursuant to this Order.

16.     Notwithstanding anything in the Application or any supporting declarations, including the Steele Declaration, to the contrary, Kroll shall seek reimbursement from the Debtors' estates for its engagement-related expenses at Kroll's actual costs paid.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date |

17. Notwithstanding anything in the Application or any supporting declarations, including the Steel Declaration, to the contrary, Kroll, to the extent that Kroll engages the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these Chapter 11 Cases, shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that Kroll pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflicts checks as required for Kroll; (d) file with this Court disclosures pertaining to such engagement of Contractor services as required pursuant to Bankruptcy Rule 2014; and (e) attach any such Contractor's invoices to its monthly fee statements, interim fee applications, and/or final fee applications filed in these Chapter 11 Cases.

18. Kroll shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these Chapter 11 Cases.

19. To the extent applicable, Kroll shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-Debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankruptcy or insolvent entities.

20. In the event of any inconsistency between the Engagement Agreement and this Order, this Order shall govern.

21. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date |

22.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

23.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Engagement Agreement**



## Kroll Restructuring Administration LLC Engagement Agreement

This Agreement is entered into as of January 20, 2023 between Kroll Restructuring Administration LLC ("**Kroll**") and Bed Bath & Beyond Inc. (together with its affiliates and subsidiaries, the "**Company**").[1]

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Services**

   (a) Kroll agrees to provide the Company with consulting services regarding legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of schedules of assets and liabilities and statements of financial affairs, communications, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement) and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "**Services**").

   (b) The Company acknowledges and agrees that Kroll will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "**Company Parties**") with respect to providing Services hereunder.  The parties agree that Kroll may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.

   (c) The Company agrees and understands that Kroll shall not provide the Company or any other party with legal advice.

2. **Rates, Expenses and Payment**

   (a) Kroll will provide the Services on an as-needed basis and upon request or agreement of the Company, in each case in accordance with the rate structure attached hereto and incorporated by reference herein (the "**Rate Structure**"); provided, however that Kroll will provide a discount of 10% off the attached hourly rates.  The Company agrees to pay for reasonable out of pocket expenses incurred by Kroll in connection with providing Services hereunder.

   (b) The Rate Structure sets forth individual unit pricing for each of the Services.  The Company may request separate Services or all of the Services.

   (c) Kroll will bill the Company no less frequently than monthly.  All invoices shall be due and payable upon receipt.  Where an expense or group of expenses to be incurred is expected to exceed $10,000 (e.g., publication notice), Kroll may require advance or direct payment from the Company before the performance of Services hereunder.  If any amount is unpaid as of 30 days after delivery of an invoice, the Company agrees to pay a late charge equal to 1.5% of the total amount unpaid every 30 days.

---

[1] The Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in any chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.



(d) In case of a good faith dispute with respect to an invoice amount, the Company shall provide a detailed written notice of such dispute to Kroll within 10 days of receipt of the invoice.  The undisputed portion of the invoice will remain due and payable immediately upon receipt thereof.  Late charges shall not accrue on any amounts disputed in good faith.

(e) The Company shall pay any fees and expenses for Services relating to, arising out of or resulting from any error or omission made by the Company or the Company Parties.

(f) The Company shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Kroll or paid by Kroll to a taxing authority.

(g) Upon execution of this Agreement, the Company shall pay Kroll an advance of $100,000.  Kroll may use such advance against unpaid fees and expenses hereunder.  Kroll may use the advance against all prepetition fees and expenses, which advance then shall be replenished immediately by the Company to the original advance amount; thereafter, Kroll may hold such advance to apply against unpaid fees and expenses hereunder.

(h) Kroll reserves the right to make reasonable increases to the Rate Structure on an annual basis effective on the first business day of each year.  If such annual increases represent an increase greater than 10% from the previous year's levels, Kroll shall provide 30 days' notice to the Company of such increases.

**3.   Retention in Bankruptcy Case**

(a) If the Company commences a case pursuant to title 11 of the United States Code (the "***Bankruptcy Code***"), the Company promptly shall file applications with the Bankruptcy Court to retain Kroll (i) as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and (ii) as administrative advisor pursuant to section 327(a) of the Bankruptcy Code for all Services that fall outside the scope of 28 U.S.C. § 156(c).  The form and substance of such applications and any order approving them shall be reasonably acceptable to Kroll.

(b) If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Kroll will continue to be paid for Services pursuant to 28 U.S.C. § 156(c) and the terms hereunder.

**4.   Confidentiality**

(a) The Company and Kroll agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party or required to be disclosed by law, then a party shall bear no responsibility for publicly disclosing such information.

(b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time to seek any remedy available under applicable law to prevent disclosure of the information.



5. **Property Rights**

Kroll reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation and any other information or property (collectively, "***Property***") furnished by Kroll for itself or for use by the Company hereunder.  Fees and expenses paid by the Company do not vest in the Company any rights in such Property.  Such Property is only being made available for the Company's use during and in connection with the Services provided by Kroll hereunder.

6. **Bank Accounts**

At the request of the Company or the Company Parties, Kroll shall be authorized to establish accounts with financial institutions in the name of and as agent for the Company to facilitate distributions pursuant to a chapter 11 plan or other transaction.  To the extent that certain financial products are provided to the Company pursuant to Kroll's agreement with financial institutions, Kroll may receive compensation from such institutions for the services Kroll provides pursuant to such agreement.

7. **Term and Termination**

    (a)  This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein).  "***Cause***" means (i) gross negligence or willful misconduct of Kroll that causes material harm to the Company's restructuring under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Kroll invoices for more than 60 days from the date of invoice or (iii) the accrual of invoices or unpaid Services in excess of the retainer held by Kroll where Kroll reasonably believes it will not be paid.

    (b)  If this Agreement is terminated after Kroll is retained pursuant to Bankruptcy Court order, the Company promptly shall seek entry of a Bankruptcy Court order discharging Kroll of its duties under such retention, which order shall be in form and substance reasonably acceptable to Kroll.

    (c)  If this Agreement is terminated, the Company shall remain liable for all amounts then accrued and/or due and owing to Kroll hereunder.

    (d)  If this Agreement is terminated, Kroll shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions, and Kroll shall provide the necessary staff, services and assistance required for such an orderly transfer.  The Company agrees to pay for such Services pursuant to the Rate Structure.

8. **No Representations or Warranties**

Kroll makes no representations or warranties, express or implied, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.



9. **Indemnification**

    (a) To the fullest extent permitted by applicable law, the Company shall indemnify and hold harmless Kroll and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents (collectively, the "***Indemnified Parties***") from and against any and all losses, claims, damages, judgments, liabilities and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "***Losses***") resulting from, arising out of or related to Kroll's performance hereunder.  Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

    (b) Kroll and the Company shall notify each other in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that either party becomes aware of with respect to the Services provided hereunder.

    (c) The Company's indemnification of Kroll hereunder shall exclude Losses resulting from Kroll's gross negligence or willful misconduct.

    (d) The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

10. **Limitations of Liability**

Except as expressly provided herein, Kroll's liability to the Company for any Losses, unless due to Kroll's gross negligence or willful misconduct, shall be limited to the total amount paid by the Company for the portion of the particular work that gave rise to the alleged Loss.  In no event shall Kroll's liability to the Company for any Losses arising out of this Agreement exceed the total amount actually paid to Kroll for Services provided hereunder.  In no event shall Kroll be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

11. **Company Data**

    (a) The Company is responsible for, and Kroll does not verify, the accuracy of the programs, data and other information it or any Company Party submits for processing to Kroll and for the output of such information, including, without limitation, with respect to preparation of statements of financial affairs and schedules of assets and liabilities (collectively, "**SOFAs and Schedules**").  Kroll bears no responsibility for the accuracy and content of SOFAs and Schedules, and the Company is deemed hereunder to have approved and reviewed all SOFAs and Schedules filed on its behalf.

    (b) The Company agrees, represents and warrants to Kroll that before delivery of any information to Kroll: (i) the Company has full authority to deliver such information to Kroll; and (ii) Kroll is authorized to use such information to perform Services hereunder.

    (c) Any data, storage media, programs or other materials furnished to Kroll by the Company may be retained by Kroll until the Services provided hereunder are paid in full.  The Company shall remain liable for all fees and expenses incurred by Kroll under this Agreement as a result of data, storage media or other materials maintained, stored or disposed of by Kroll.  Any such disposal shall be in a manner requested by or acceptable to the Company; provided that if the



Company has not utilized Kroll's Services for a period of 90 days or more, Kroll may dispose of any such materials, and be reimbursed by the Company for the expense of such disposition, after giving the Company 30 days' notice; provided that undeliverable mail may be disposed of upon closing of the case without notice to the client.  The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs, data or information provided by the Company to Kroll.

(d) If Kroll is retained pursuant to Bankruptcy Court order, disposal of any Company data, storage media or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

(e) Kroll may use Company's name and logo on its website and in its promotional materials to state that Company is a customer of Kroll and its Services during and after the term of this Agreement.

**12. <u>Non-Solicitation</u>**

The Company agrees that neither it nor any of its subsidiaries or affiliates shall directly or indirectly solicit for employment, employ or otherwise retain as employees, consultants or otherwise, any employees of Kroll during the term of this Agreement and for a period of 12 months after termination thereof unless Kroll provides prior written consent to such solicitation or retention.

**13. <u>Force Majeure</u>**

Whenever performance by Kroll of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Kroll's reasonable control, then such performance shall be excused, and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**14. <u>Choice of Law</u>**

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**15. <u>Arbitration</u>**

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction.  There shall be three arbitrators named in accordance with such rules.  The arbitration shall be conducted in the English language in New York, New York in accordance with the United States Arbitration Act.

**16. <u>Integration; Severability; Modifications; Assignment</u>**

(a) Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals,



understandings, agreements and communications between the parties relating to the subject matter hereof.

(b) If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the Company and an officer of Kroll.

(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Kroll may assign this Agreement to a wholly-owned subsidiary or affiliate without the Company's consent.

## 17. **Effectiveness of Counterparts**

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement.  This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

## 18. **Notices**

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

|  |  |
|---|---|
| If to Kroll: | Kroll Restructuring Administration LLC |
|  | 55 East 52nd Street, 17th Floor |
|  | New York, NY 10055 |
|  | Attn:   Legal Department |
|  | Tel:    (212) 257-5450 |
|  | Email:  Legal@kbs.kroll.com |
|  |  |
| If to the Company: | Bed Bath & Beyond Inc. |
|  | 650 Liberty Ave. |
|  | Union, New Jersey 07083 |
|  | Attn: David Kastin |
|  | Tel: 908-688-0888 |
|  | Email: david.kastin@bedbath.com |
| With a copy to: | Kirkland & Ellis LLP |
|  | 601 Lexington Avenue |
|  | New York, NY 10022 |
|  | Attn:   Emily E. Geier |
|  | Tel:    (212) 446-6429 |
|  | Email:  emily.geier@kirkland.com |



IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

**Kroll Restructuring Administration LLC**

By:  Shira Weiner
Title: General Counsel



Bed Bath & Beyond Inc.

By: David Kastin
Title: EVP - Chief Legal Officer



# R A T E S

Quality.
Partnership.
Expertise.
Innovation.

| Claim and Noticing Rates | |
| --- | --- |
| TITLE | HOURLY RATE |
| **Analyst**<br>The Analyst processes incoming proofs of claim, ballots and return mail, and physically executes outgoing mailings with adherence to strict quality control standards. | $30 - $60 |
| **Technology Consultant**<br>The Technology Consultant provides database support for complex reporting requests and administers complicated variable data mailings. | $35 - $110 |
| **Consultant/Senior Consultant**<br>The Consultant is the day-to-day contact for mailings, updates the case website, prepares and executes affidavits of service, responds to creditor inquiries and maintains the official claim register, including processing of claims objections and transfers. Consultants have between three and five years of experience.<br><br>The Senior Consultant directs the data collection process for the master mailing list and Schedules & SOFA, oversees all mailings, performs quality control checks on all claims and ballots, and generates claim and ballot reports. Senior Consultants average over five years of experience. | $65 - $195 |
| **Director**<br>The Director is the lead contact for the company, counsel and advisors on the case engagement and oversees all aspects of the bankruptcy administration, including managing the internal case team. In many instances, the executives of Kroll Restructuring Administration will serve in this role at this rate. Directors have over ten years of experience and are typically former restructuring attorneys or paralegals. | $175 - $245 |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106



# R A T E S

Quality.

Partnership.

Expertise.

Innovation.

## Solicitation, Balloting and Tabulation Rates

| TITLE | HOURLY RATE |
| --- | --- |
| Solicitation Consultant<br>The Solicitation Consultant reviews, tabulates and audits ballots, and executes plan solicitation and other public securities mailings. In addition, the Solicitation Consultant prepares customized reports relating to voting and other corporate events (such as exchange offers and rights subscriptions) and interfaces with banks, brokers, nominees, depositories and their agents regarding solicitations and other communications. Solicitation Consultants average over five years of experience. | $220 |
| Director of Solicitation<br>The Director of Solicitation is the lead consultant in the plan solicitation process. The Director oversees and coordinates soliciting creditor votes on a plan of reorganization and will attest to solicitation processes and results. The Director also advises on public securities noticing and related actions, including voting, exchange offers, treatment elections, rights subscriptions and distributions and coordinates with banks, brokers, nominees, their agents and depositories to ensure the smooth execution of these processes. Kroll Restructuring Administration's Director of Solicitation has over 15 years of experience and is a former restructuring attorney. | $245 |

### Printing & Noticing Services

| | |
| --- | --- |
| Printing | $0.10 per page |
| Customization/Envelope Printing | $0.05 each |
| Document folding and inserting | No charge |
| Postage/Overnight Delivery | Preferred Rates |
| Public Securities Events | Varies by Event |
| Standard E-mail Noticing | No charge |
| Fax Noticing | $0.10 per page |
| Proof of Claim Acknowledgment Card | $0.10 per card |
| Envelopes | Varies by Size |

### Newspaper and Legal Notice Publishing

| | |
| --- | --- |
| Coordinate and publish legal notices | Available on request |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106



## R A T E S

Quality.
Partnership.
Expertise.
Innovation.

| Case Website | |
|---|---|
| Case Website setup | No charge |
| Case Website hosting | No charge |
| Update case docket and claims register | No charge |

| Client Access | |
|---|---|
| Access to secure client login (unlimited users) | No charge |
| Client customizable reports on demand or via scheduled email delivery (unlimited quantity) | No charge |
| Real time dashboard analytics measuring claim and ballot information and document processing status | No charge |

| Data Administration and Management | |
|---|---|
| *Kroll does not charge for automated processes, encrypted bandwidth and other similar components of overhead.* | |
| Inputting proofs of claim and ballots | Standard hourly rates (no per claim or ballot charge) |
| Electronic Imaging | $0.12 per image |
| Data Storage, maintenance and security | $0.10 per record per month |
| Virtual Data Rooms | Available on request |

| On-line Claim Filing Services | |
|---|---|
| On-line claim filing | No charge |

| Call Center Services | |
|---|---|
| Case-specific voice-mail box | No charge |
| Interactive Voice Response ("IVR") | No charge |
| Monthly maintenance | No charge |
| Call center personnel | Standard hourly rates |
| Live chat | Standard hourly rates |

| Disbursement Services & Securities Eligibility Services | |
|---|---|
| Securities Eligibility Services | Available on request |
| Check issuance and/or Form 1099 | Available on request |
| W-9 mailing and maintenance of EIN/TIN database | Standard rates |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106