**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors. [1]

Order Filed on June 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: June 1, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

65548/0001-44570428v3

(Page 2)
Debtors:          BED BATH AND BEYOND INC., *et al*.
Case No.          23-13359 (VFP)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Cole Schotz P.C. ("Cole Schotz") as their bankruptcy co-counsel in these proceedings *nunc pro tunc* to the Petition Date; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title* 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declarations of Michael D. Sirota, Esq. and Holly Etlin in support thereof; and the Court being satisfied that Cole Schotz does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and 101(14) of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal and informal objections to the Motion have been resolved,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)
Debtors:          BED BATH AND BEYOND INC., *et al*.
Case No.          23-13359 (VFP)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the Debtors are hereby authorized and empowered to employ and retain Cole Schotz as their bankruptcy co-counsel in these Chapter 11 Cases effective as of the Petition Date.

3. Any and all compensation to be paid to Cole Schotz for services rendered on the Debtors' behalf, including compensation for services rendered in connection with the preparation of the petition and accompanying papers, shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.  Cole Schotz also shall make a reasonable effort to comply with the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Cole Schotz in the Chapter 11 Cases.

4. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Cole Schotz shall coordinate with Kirkland & Ellis LLP, Kirkland & Ellis International LLP and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases.  As such, Cole Schotz shall use its best efforts to

(Page 4)
Debtors: BED BATH AND BEYOND INC., *et al.*
Case No. 23-13359 (VFP)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

---

avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

5. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Cole Schotz shall provide ten (10) days' prior notice of any such increases to the Debtors, the United States Trustee, and any official committee appointed in the Debtors' Chapter 11 Cases and shall file such notice with the Court. All parties in interest retain rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Cole Schotz (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any objections to any of Cole Schotz's fee applications in this case; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iv) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

7. Notwithstanding anything in the Application or the Sirota Declaration to the contrary, Cole Schotz shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

(Page 5)
Debtors: BED BATH AND BEYOND INC., *et al*.
Case No. 23-13359 (VFP)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

---

8. Notwithstanding anything in the Application and the Sirota Declaration to the contrary, Cole Schotz shall (i) to the extent that Cole Schotz uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Cole Schotz pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Cole Schotz; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases. No agreement or understanding exists between Cole Schotz and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Cole Schotz share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

9. Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision that "Our bills are due and payable upon receipt" shall be null and void during the pendency of these bankruptcy cases.

10. Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, during the pendency of the Chapter 11 Cases, Cole Schotz's retainer shall be treated like a security retainer and shall not be drawn down absent Court order.

(Page 6)
Debtors:         BED BATH AND BEYOND INC., *et al*.
Case No.         23-13359 (VFP)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

---

11. As set forth in Cole Schotz's Standard Terms of Engagement for Legal Services, Cole Schotz's fees and expenses will be considered "earned" at the time they are incurred, notwithstanding the fact that any such amounts shall only be payable as set forth in any order granting that certain *Debtors' Motion For Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 105] and shall only be allowed upon entry of a Court order allowing them.

12. Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision concerning fee disputes is null and void during the pendency of these Chapter 11 Cases.

13. To the extent the Application, the Sirota Declaration, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

14. The Debtors are authorized to take all action necessary to carry out this Order.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.