**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on May 31, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND SECTION 365 APPROVING THE LEASE TERMINATION AGREEMENT WITH 31535 SOUTHFIELD ROAD, LLC**

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

**DATED: May 31, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC |

Upon the *Debtors' Motion for Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), among other things, (a) authorizing the deemed rejection and termination of the Lease, (b) approving the Lease Termination Agreement between the Debtors and Landlord, and (c) authorizing the Debtors and Landlord to take any and all actions reasonably necessary to consummate the Lease Termination Agreement and perform all obligations contemplated therein, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC |

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and no objection having been filed, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to Bankruptcy Rule 9019 and section 365 of the Bankruptcy Code, the Debtors and Landlord are authorized to enter into and perform under the Lease Termination Agreement, attached hereto as **Exhibit 1**, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

3. The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the termination of the Lease, the Debtors' surrender of the Premises (as defined therein), the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes the Landlord's release of administrative claims (except as provided thereunder), are hereby approved in all respects.

4. The Debtors and Landlord are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

5. Upon the Termination Date (as defined in the Lease Termination Agreement), the Debtors' rejection and termination of the Lease shall occur without any further action required by the Debtors, and the Debtors shall surrender the Premises pursuant to the terms of the Lease Termination Agreement.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC |

6. The Debtors are authorized, in their sole discretion, to abandon their personal property located within the Premises.

7. Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada), and to the extent of any inconsistency between the Order and the terms of the Initial Order, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

9. The Debtors and Landlord are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 5)
Debtors:        BED BATH & BEYOND INC., *et al.*
Case No.        23-13359-VFP
Caption of Order:   Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 365 Approving the Lease Termination Agreement with 31535 Southfield Road, LLC

12. The requirement set forth in Local Rule 9019-3 that the Debtor file a notice of proposed compromise or settlement is hereby deemed satisfied by the contents of the Motion and Lease Termination Agreement or otherwise waived.

13. The requirement set forth in Local Rule 6007-1 that the Debtor file a notice of proposed abandonment is hereby deemed satisfied by the contents of the Motion and Lease Termination Agreement or otherwise waived.

14. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

Lease Termination Agreement

## LEASE SETTLEMENT AND TERMINATION AGREEMENT

This Lease Settlement and Termination Agreement (the "Agreement") is made as of this 24th day of May, 2023 by and between 31535 Southfield Road, LLC, a Michigan limited liability company ("Landlord") and Bed Bath & Beyond Inc., a New York corporation ("Tenant" or "Debtor", and together with Landlord, the "Parties").

## RECITALS

WHEREAS, Landlord and Tenant entered into a certain lease dated January 13, 2000 (as subsequently amended from time to time, the "Lease"), covering certain premises located at 31535 Southfield Road, Beverly Hills, MI 48025 (the "Premises"), on the terms and conditions set forth therein;

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, the Parties desire to enter into this Agreement, to, among things, resolve the disputes among the Parties, including, inter alia, a dispute as to whether or not the Lease was terminated prior to the Tenant filing filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the Bankruptcy Code, terminate the Lease and restore Landlord to possession of the Premises as of the Termination Date;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows:

## AGREEMENT

1. Recitals. The Recitals are incorporated herein as if set forth at length.

2. Lease Termination. Landlord acknowledges that (x) the April rent has not been paid but is waived by Landlord in consideration of the termination of the Lease in accordance with this Agreement, (y) the May rent has been paid and (z) the rent for June 2023 and July 2023 and Real Estate Taxes, as shown on Exhibit A hereto, shall be deducted from the Termination Fee (defined below). Tenant shall utilize the Premises, until the Termination Date, solely for the purposes of implementing and completing any "going out of business" sales approved by the Bankruptcy Court and not for any other purposes, and shall otherwise comply with all terms and covenants of the Lease (but without giving effect to any provision triggered by the bankruptcy filing of Tenant). Subject to the Bankruptcy Court Order (as hereinafter defined), the Parties agree that the Lease shall immediately and automatically be deemed terminated effective as of July 31, 2023 (the "Termination Date"). Subject to the issuance of the Bankruptcy Court Order, no later than the Termination Date, Tenant shall surrender and vacate the Premises to Landlord, deliver all access codes and keys to Landlord and restore the Premises to Landlord in broom clean condition with all of Tenant's inventory and merchandise removed therefrom. Notwithstanding the terms of the Lease regarding the condition of the Premises on the surrender thereof to Landlord, Tenant shall have no other obligations to make any repairs or perform any work connected with the surrender of the Premises to Landlord. If Tenant fails to deliver the Premises to the Landlord on or before the Termination Date in accordance with this Agreement, (a) the Parties agree that Landlord shall be entitled to immediate specific performance and injunctive relief, and Debtor shall not object to any request for an emergency hearing from the Bankruptcy Court (Tenant hereby agreeing that the Bankruptcy Court shall have jurisdiction in this matter and Tenant

waives its rights under state law), and (b) without limiting Landlord's rights under this Agreement or applicable law, Tenant shall, unless waived (in whole or in part by Landlord, in advance in writing), (i) for the first seven (7) days of August 2023, pay rent at the monthly rate required under the Lease on a per diem basis (*i.e.*, $ i.e., $29,963.37/31 days = $966.56 per day), (ii) for the balance of August, pay rent at twice the monthly rent required under the Lease on a per diem basis, (iii) for September 2023, pay rent at three times the monthly rent required under the Lease on a per diem basis, and (iv) for each month thereafter, pay the successive increase in the monthly rent rate required under the Lease on a per diem basis. If Tenant holds over beyond July 31, 2023, which it may only do with prior written consent of the Landlord, then such holdover will be on a month-to-month basis at the base rents described above in this Paragraph 2 and Tenant must give Landlord at least 30 days' prior written notice of its intent to holdover. If Tenant's holdover period is less than 30 days, Landlord will charge Tenant the per diem amount of base rent (as modified above in this Paragraph 2) for the actual period Tenant remains in possession of the Premises through the date the Premises are returned to Landlord in the condition required hereunder. As of the date of execution of this Agreement, Tenant acknowledges and agrees that, from and after the date hereof, (a) Landlord shall have the right to immediately market the Premises for lease and Tenant shall allow Landlord reasonable access to the Premises for such purpose, and (b) Tenant shall not market the Lease, and shall remove the Lease from any lease sale procedures or sale process.

       3.      <u>Consideration</u>. In consideration of the termination of the Lease on the Termination Date, Landlord shall pay to Tenant on the later of delivery of the Premises to Landlord in accordance with this Agreement or the Termination Date, the aggregate sum of $170,000.00 in cash (the "Termination Fee") (subject to offset as set forth herein). Within two business days hereof, Landlord shall deliver to Landlord's counsel, Paul Hastings LLP, the sum of $70,000.00 and Paul Hastings LLC shall hold the same in trust or escrow toward payment of the Termination Fee in accordance with this Agreement. On the later of delivery of the Premises to Landlord in accordance with this Agreement or the Termination Date, an amount equal to the June and July Rent payments in the amount set forth in Exhibit A hereto as well as the actual 2023 summer real estate taxes for the Premises shall be deducted from the Termination Fee, and (ii) Paul Hastings LLP shall deliver the remaining balance (if any) after off-setting any amounts due to Landlord under Section 2 of this Agreement, from the trust or escrow account to Tenant, in final satisfaction of Landlord's obligations hereunder to Tenant. Paul Hastings is authorized to accept Landlord's demand for the June and July rental amounts, as set forth above, to be an acknowledgement by Landlord of the delivery to Landlord of possession of the Premises, in accordance with this Agreement.

       4.      <u>Landlord Release of Tenant</u>. For valuable consideration, and the mutual covenants and agreements contained herein, effective as of the date hereof, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease; *provided* that nothing contained herein shall release Tenant of any its obligations hereunder or Landlord's right to enforce this Agreement.

5. <u>Tenant Release of Landlord</u>.  For valuable consideration, and the mutual covenants and agreements contained herein, effective as of the date hereof, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease; *provided* that nothing contained herein shall release Landlord of any its obligations hereunder or Tenant's right to enforce this Agreement.

6. As further consideration for the releases set forth herein, the Parties hereto, for themselves and their successors and assigns, hereby agree, represent and warrant that the matters released herein are not limited to matters that are known or disclosed, and the parties hereby waive any and all rights and benefits that they now have, or in the future may have, conferred upon it by virtue of the provisions of Section 1542 of the Civil Code of the State of California (or any other statute or common law principles of similar effect), which Section provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7. The Parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that the releases set forth herein have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, it nevertheless hereby intends to release, discharge, and acquit each other from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

8. <u>Conditions Precedent</u>.  This Agreement shall become effective, binding and enforceable against each of the Parties immediately upon the execution hereof by each of the Parties, subject only to entry of an order by the Bankruptcy Court approving this Agreement in its entirety (the "Bankruptcy Court Order").

9. <u>Intentionally Omitted</u>.

10. <u>Furniture, Fixtures and Equipment ("FF&E")</u>.  Any FF&E remaining at the Premises after the Termination Date is deemed abandoned, and all of the Debtors' right, title and interest to, and possession of, such FF&E shall, at the option of Landlord, be vested in the Landlord pursuant to sections 105(a), 363(b), 363(f) and 365 of the Bankruptcy Code free and clear of any all liens and claims, and the Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to Tenant.

11. <u>Authority to Settle</u>. Each of the Parties to this Agreement respectively represents and warrants that each such Party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby (subject, in the case of the Debtor, to entry of the Bankruptcy Court Order). Each of the Parties to this Agreement respectively represents and warrants that each such Party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

12. <u>Entire Agreement</u>. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the Parties to this Agreement respectively represents and warrants that no other Party to this Agreement, nor any agent or attorney of any such Party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the Parties to this Agreement further acknowledges that such Party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

13. <u>Advice of Counsel</u>. Each of the Parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party, except for those expressly set forth herein.

14. <u>Attorneys' Fees</u>. Each Party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing Party shall be entitled to recover its costs and attorneys' fees.

15. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the Parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such Party whose signature is by scan to the same extent as if it were its original signature.

16. <u>Governing Law.</u> This Agreement shall be governed by and construed under the laws of the State of Michigan, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

17. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

18. <u>Miscellaneous</u>.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the Parties hereto.

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of Tenant's and Landlord's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the Parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the Parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the Parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the Parties to this Agreement respectively represents and warrants that each such Party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the Parties to this Agreement.

*[Signatures appear on following page]*

65548/0002-45347098v6

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**[LANDLORD]**

**31535 Southfield Road, LLC,**
**a Michigan limited liability company**

By: _____

Print Name: Linden D. Nelson

Its Manager

**[TENANT]**

**Bed Bath & Beyond, Inc.,**
**a New York corporation**

By: _____
Print Name: _____
Its: _____

Error! Unknown document property name.

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**[LANDLORD]**

**31535 SOUTHFIELD ROAD, LLC,**

**a Michigan limited liability company**

By:_____

Print Name:  Linden D. Nelson

Its Manager

**[TENANT]**

**BED BATH & BEYOND INC.,**

**a New York corporation**

By:_____
       *Wade Haddad* (DocuSigned by: 39C2464B1AAD429...)

Print Name:_____

Its:_____

65548/0002-45347098v6

EXHIBIT "A"

JUNE 2023, JULY 2023 RENT AND REAL ESTATE TAXES

| | |
|---|---|
| June 1, 2023 Base Rent: | $29,963.37 |
| July 1, 2023 Base Rent: | $29,963.37 |
| Taxes (Estimated): | |
| Southfield Township | $27,003.00 |
| Village of Beverly Hills: | <u>$13,740.00</u> |
| Total: | $100,669.74 |

65548/0002-45347098v6

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-13359-VFP |
| Bed Bath & Beyond Inc. | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 1 |
| Date Rcvd: May 31, 2023 | Form ID: pdf903 | Total Noticed: 7 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 02, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 02, 2023                                    Signature:    /s/Gustava Winters