UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on June 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**DATED: June 1, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER (I) AUTHORIZING THE
EMPLOYMENT AND RETENTION
OF A&G REALTY PARTNERS, LLC AS
REAL ESTATE CONSULTANT AND ADVISOR
TO THE DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING
THE TERMS OF A&G'S EMPLOYMENT, (III) WAIVING CERTAIN
TIMEKEEPING REQUIREMENTS, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered four (4) through nine (9), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

Upon the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief* [Docket No. 348] (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to, under sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, employ and retain A&G Realty Partners, LLC ("A&G"), as real estate consultant and advisor to the Debtors in accordance with that certain real estate services agreement executed in August 2022 by and between Debtor Bed Bath & Beyond Inc. and A&G, a copy of which is attached hereto as **Exhibit 1** (the "Real Estate Services Agreement"), that certain amendment to the Real Estate Services Agreement dated as of January 27, 2023 between A&G and Debtor Bed Bath & Beyond Inc., a copy of which is attached hereto as **Exhibit 2** (the "Real Estate Services Agreement Amendment"), and that certain real estate services agreement executed on May 11, 2023 between and among Debtor Bed Bath & Beyond, Inc., A&G, and Jones Lang LaSalle Americas, Inc. ("JLL"), a copy of which is attached hereto as **Exhibit 3** (the "Co-Broker Real Estate Services Agreement," and together with the Real Estate Services Agreement and the Real Estate Services Agreement Amendment, the "A&G Agreement"), effective as of the Petition Date; (b) approving the terms of A&G's employment and retention, including the fee and expense structure and the indemnification provisions set forth in

| (Page \| 4) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

the A&G Agreement; (c) waiving certain timekeeping requirements of the Bankruptcy Rules, Local Rules, and the Trustee Guidelines; and (d) granting related relief, all as more fully set forth in the Application; and upon the First Day Declaration and the Amendola Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal and informal objections to the Motion have been resolved, **IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** on a basis as set forth herein.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

to employ and retain A&G as their real estate consultant and advisor in accordance with the terms and conditions set forth in the Application and the A&G Agreement, as modified by this Order, effective as of the Petition Date.

3.      The A&G Agreement, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, the Fee Structure and indemnification provisions are approved pursuant to section 328(a) of the Bankruptcy Code and A&G shall be compensated, reimbursed, and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the A&G Agreement, as modified by this Order.

4.      The terms and provisions of the A&G Agreement are approved, and the Debtors are authorized to compensate A&G in accordance with the A&G Agreement.  A&G shall not be required to file interim fee applications for its fixed fee Services; *provided*, *however*, that A&G shall be required to file a final fee application upon completion of its Services which shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code, subject to the rights of the U.S. Trustee to review pursuant to section 330 of the Bankruptcy Code as set forth in paragraph 6 below.

5.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and the United States Trustee Program's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), A&G shall

| (Page \| 6) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

be granted a limited waiver of the information requirements such that A&G shall not be required to maintain records of detailed time entries in connection with the Services as that term is defined in the A&G Agreement; *provided* that in the event that A&G provides any Additional Services to the Debtors, A&G shall be required to file interim and final fee applications on an hourly basis only and the time detail provided for such fees may be provided in a summary fashion. Specifically, A&G will submit time records setting forth the hours spent on each activity and a description of the Additional Services provided but will not break out its time into tenth-of-an-hour increments.

6.      Notwithstanding anything to the contrary in this Order, the Application, the Retention Agreement or the Amendola Declaration, the U.S. Trustee shall retain the right and be entitled to object to A&G's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.  The Debtors and A&G further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of A&G's compensation and reimbursement requests under sections 330 and 331 of the Bankruptcy Code.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee on appeal or otherwise, with respect to the reasonableness of A&G's fees and compensation and reimbursement requests.

7.      In the event that, during the pendency of these Chapter 11 Cases, A&G requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records

| (Page \| 7) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

from such attorneys shall be included in A&G's fee applications, and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines and approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, A&G shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

8.      Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the initial order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between this Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA , the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

9.      A&G shall disclose any and all facts that may have a bearing on whether A&G, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse

| (Page | 8) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

to the Debtors, their creditors, or other parties in interest in these cases. The obligation to disclose identified in this paragraph shall be a continuing obligation.

10. With respect to controversies or claims arising out of or in any way related to the Services in the A&G Agreement notwithstanding any arbitration, dispute resolution, or exclusive jurisdiction provisions contained in the A&G Agreement, any disputes arising under the A&G Agreement shall be heard in this Court during the pendency of these Chapter 11 Cases.

11. The Indemnification Provision set forth in the A&G Agreement is approved, subject during the pendency of these cases to the following:

a. A&G shall not be entitled to indemnification, contribution, or reimbursement set forth in the Indemnification Provision, unless such indemnification, contribution, or reimbursement is approved by the Court;

b. notwithstanding any provision of the Application and the A&G Agreement to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to any Indemnified Person under the A&G Agreement for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person's gross negligence, willful misconduct, bad faith, fraud or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege the breach of such Indemnified Person's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Person's gross negligence, willful misconduct, bad faith, fraud, or unconsented self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnification, contribution, or reimbursement under the terms of the A&G Agreement, as modified by this Order;

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

    c.    if, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing the Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, and/or reimbursement by any Indemnified Persons, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons.  All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement; and

    d.    any limitation on liability pursuant to the A&G Agreement or otherwise shall be eliminated.

12.    A&G will work to ensure that the services to be provided by A&G will not duplicate the services of any of the other professionals retained by the Debtors.

13.    None of the fees payable to A&G under the A&G Agreement shall constitute a "bonus" or fee enhancement under applicable law.

14.    To the extent that there may be any inconsistency between the terms of the Application, the Amendola Declaration, the A&G Agreement, and this Order, the terms of this Order shall govern

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of A&G Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of A&G's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

15.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     The Debtors and A&G are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Real Estate Services Agreement**



# REAL ESTATE SERVICES
# AGREEMENT WITH
# BED BATH & BEYOND INC.

This Real Estate Services Agreement including the Schedules attached hereto (collectively the "Agreement") is made as of August ___, 2022 (the "Agreement Date"), by and between **A&G REALTY PARTNERS, LLC**, a New York limited liability company, with its principal place of business at 445 Broadhollow Road, Suite 410, Melville, New York 11797 ("A&G"), and **BED BATH & BEYOND INC.**, a New York corporation, with its principal place of business at 650 Liberty Avenue, Union, New Jersey 07083 (including its affiliates and subsidiaries, collectively the "Company" and, together with A&G, collectively, the "Parties" and, individually, a "Party").

<u>WITNESSETH</u>:

**WHEREAS,** the Company is the lessee or sublessee of certain non-residential real property leases, including Non-Store Leases as defined herein (each a "Lease" and, collectively, the "Leases") to be identified by the Company on Schedule A within thirty (30) days of the Agreement Date.

**WHEREAS,** the Company desires to: (i) reduce or amend its obligations under the Leases by modifying the terms and conditions thereof or reduce risk and provide optionality under certain Leases; (ii) obtain the right to terminate certain Leases prior to their expiration date; and (iii) obtain other real estate consulting and advisory services as set forth herein; and

**WHEREAS,** under the terms and conditions contained in this Agreement, the Company desires to retain A&G and A&G is willing to provide the Services.

**NOW THEREFORE,** in consideration of the mutual covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    <u>Services to be Provided</u>.  In accordance with the terms and conditions of this Agreement, A&G will provide the following services relating to the Leases  (the "Services"):

  a)  assist the Company with real estate strategy;

  b)  consult with the Company to discuss the Company's goals, objectives and financial parameters in relation to the Leases;

  c)  provide ongoing advice and guidance related to individual financial and non-financial lease restructuring opportunities;

  d)  negotiate with the landlords of the Leases (collectively, the "Landlords" and, individually, a "Landlord") on behalf of the Company to obtain Lease Modifications (as defined herein);

2

e) negotiate with Landlords and other third parties on behalf of the Company to obtain Lease Terminations (as defined below) acceptable to the Company;

f) negotiate with Landlords on behalf of the Company to obtain Early Termination Rights (as defined herein);

g) negotiate with prospective tenants and other third parties on behalf of the Company to obtain Subleases (as defined herein); and

h) provide regular update reports to the Company regarding the status of the Services, not less than weekly and in the format attached hereto as Schedule C.

2.    Term of Agreement.  Subject to Section 15 herein, this Agreement shall be for a term of six (6) months following the Agreement Date (the "Term").  In the event the Services are not completed at the end of the Term, the Agreement may be extended or renewed by written agreement of the Parties.

3.    Compensation.  The compensation for the Services is set forth on Schedule B, which is attached hereto and incorporated herein ("Compensation"). The Company acknowledges that the calculations necessary to determine Compensation are predicated on Company Information (as that term is defined below) provided by the Company to A&G. Any material discrepancies, inaccuracies or omissions in the Company Information may affect the Compensation payable to A&G.

4.    Additional Services.  A&G may provide additional services requested by the Company that are not otherwise specifically provided for in this Agreement. Any additional services will be mutually agreed upon by the Parties and documented in a separate agreement.

5.    Recordkeeping.  The Services to be provided by A&G pursuant to this Agreement are, in general, transactional in nature. Accordingly, A&G will not bill the Company by the hour or maintain time records.

6.    Expenses and Disbursements.  The Company shall reimburse A&G for A&G's actual reasonable out-of-pocket expenses (including, but not limited to, legal, mailing, marketing) incurred in connection with its retention and provision of Services, subject to the incurrence of expenses being pre-approved in writing by the Company. This includes, but is not limited to, responding to any litigation or other type of inquiry, deposition or otherwise relating to the Services or this Agreement.  Any undisputed reimbursable expenses shall be paid to A&G within twenty-one (21) days upon receipt of invoice accompanied by supporting documentation.

7.    Exclusive.  During the Term of this Agreement, A&G shall have the sole and exclusive authority to perform the Services for the Leases set forth on Schedule A; provided, however, that nothing herein shall prohibit the Company's employees

3

from communicating with Landlords relating to day-to-day operations at the premises of such Landlords. The Company agrees to forward to A&G all relevant inquiries regarding the Leases made to the Company, its representatives or related parties. <u>Schedule A</u> may be amended from time to time during the term of this Agreement to add additional Leases or to delete any Leases upon mutual written consent by the Parties.

The Company acknowledges that A&G may be engaged to provide the same or similar services as those referenced herein to other persons or entities and that any such engagement shall not constitute or be deemed to be a violation of this Agreement, provided that it does not present an actual or potential conflict of interest or otherwise does not interfere with A&G's ability to provide the Services.

8.    <u>Company's Representative</u>. Wade Haddad, Senior Vice-President of Real Estate, will be the Company's representative ("<u>Company Representative</u>") in dealing with A&G. The Company reserves the right, at any time and from time-to-time, upon written notice to A&G, to designate a successor representative or an additional representative and to limit the authority of the representative in any respect. A&G will report regularly to the Company's Representative in order to keep him/her fully apprised of A&G's performance. The designated principal representative for A&G will be Emilio Amendola. Any change in the designated representative for A&G from Emilio Amendola shall require the written consent of the Company, which may be withheld in its sole discretion.

9.    <u>Company Cooperation</u>. The Company shall provide A&G with all information concerning the Leases reasonably necessary for the performance of A&G's obligations hereunder, including, but not limited to (a) copies of the Leases and any Lease abstracts, (b) populating an Excel spreadsheet provided by A&G with, among other things, current rents, taxes and other charges relating to the Leases, rent bumps, percentage rent and breakpoints, premises size, the commencement and expiration dates of the Leases, any Lease options, up to date Landlord contact information (including name, email and phone number information for each Landlord), any outstanding or deferred rent, and any default letters sent by Landlords, and (c) such other information as A&G requests for the performance of its Services (collectively, the "<u>Lease Information</u>"). The Company also agrees to complete <u>Schedule A</u>, which shall include any proposed request for each Lease (the "<u>Lease Request</u>"). Additionally, the Company agrees to utilize its own financial analysts to prepare financial models relative to rent reduction requests, while A&G will provide guidance and assumptions to assist the Company in the preparation of the requests to Landlords.

All information provided by the Company to A&G, including, but not limited to, the Company's goals and objectives, financial information and the Lease Information referenced above, shall collectively be referred to as "<u>Company Information</u>." It is understood and agreed by the Parties that A&G shall have no obligation to verify the accuracy of such information and that A&G shall have no

4

liability whatsoever resulting from, whether directly or indirectly, the inaccuracy or incompleteness of the Company Information. Both Parties understand and agree that A&G shall base its Services on the Company Information and any material inaccuracies, discrepancies or omissions in the information may delay or impede A&G's ability to render the Services. In the event the Company Information turns out to be inaccurate, the Company shall provide such personnel and administrative support as necessary to correct the information. Furthermore, both Parties understand and agree that the commencement of this Agreement and the continuation of its Services are contingent upon A&G's receipt of the Company Information.

Additionally, the Company agrees to assist A&G in the performance of its Services, including but not limited to, by (i) providing a response, within seven (7) business days of A&G's transmittal to the Company of a Deal Sheet (as defined in Schedule B) for each Lease (the "Deal Sheet Deadline"), which states whether a proposed Service transaction is approved or not, and (ii) providing all necessary legal support to review Documents (as defined below) submitted by A&G in connection with a Service and getting all Documents in form and substance acceptable to the Company executed accurately and timely. In addition, the Company shall track the status of all Documents through an A&G legal tracking report provided by A&G.

Notwithstanding anything herein to the contrary, the Company shall be in no way obligated to enter into any Lease Modification, Lease Termination, Early Termination Right, Sublease or other transaction or commitment arising out of the Services and that such decision shall remain in the Company's sole discretion.

10.   Use of Company Name. A&G may use the Company's name and logo to identify the Company as one of A&G's clients.

11.   No Authority to Execute Agreements. A&G shall have no right or power to enter into any agreement in the name of or on behalf of the Company or to otherwise obligate the Company in any manner unless authorized in writing.

12.   Meetings. After the commencement of the Agreement, A&G shall meet with, in a manner agreed to by the Parties, the Company's Representative(s) to review the Company's goals, objectives and financial parameters. Thereafter, A&G will meet with or participate in telephone conferences with the Company's Representative(s) regarding the status of the Services as mutually agreed to by the Parties; provided that such meetings will be not less than weekly and that A&G shall provide in advance an updated A&G tracking report referenced in Section 9 above.

13.   Disclosures/Reports. All information, advice, recommendations (whether written or oral) or any reports, presentations or other communications that A&G provides under the terms of this Agreement are solely for the benefit of the Company and no such opinion, advice, recommendations or reports shall be used for any other purpose, or reproduced, disseminated, quoted or referred to at any time, in any manner, other than as provided herein, without the prior written consent of A&G.

5

Notwithstanding the foregoing, the Company may provide such information, advice and recommendations to its representatives, consultants, Board of Directors and attorneys as required to effectuate the Services, provided however that both Parties understand and agree that A&G shall have no liability to such Parties and such Parties are not intended to be third-party beneficiaries to this Agreement.

If the Company receives a subpoena, summons or court order by any federal, state or other regulatory agency having jurisdiction over the Company relating in any respect to A&G or its Services, the Company shall promptly notify A&G, if legally permissible, so that A&G may obtain, at its sole cost, a protective order for such information. If A&G is unable to obtain a protective order and the Company is required to provide information regarding A&G and/or the Services, the Company agrees to provide only that information which is legally required and to use reasonable efforts to ensure the confidentiality of such information and documentation.

14.    Independent Contractor. Each Party acknowledges and agrees that the arrangements contemplated herein are and will be for the provision of the Services and that nothing contained herein shall create or be construed as creating a contract or other arrangement of employment between the Company and A&G. A&G shall provide the Services as an independent contractor and not as an employee, agent, partner or joint venture of the Company.

15.    Early Termination. Either Party may terminate this Agreement without cause upon thirty (30) days' prior written notice in accordance with the notice provision below. Additionally, if either Party fails to perform its obligations in accordance with the terms herein and does not cure such failure within ten (10) days after written notice of default, the other Party will have the right to terminate this Agreement by notice of termination to the non-performing Party, effective ten (10) days after the date of such notice. Additionally, if for any reason either Party becomes unable to perform its duties as a result of a legal, contractual or regulatory restriction, such Party shall have the right to terminate this Agreement. Any rights or obligations incurred or accrued by either Party prior to termination shall survive termination of this Agreement.

16.    Assignment. Neither Party may delegate or assign its rights and obligations under this Agreement in whole or in part to an unaffiliated third party without the prior written consent of the other Party.

17.    Notices. Unless otherwise expressly provided herein or waived in writing by the Party to whom notice is given, any notice or other communication required or permitted hereunder will be effective if given in writing (i) when delivered by hand; (ii) three days after sent by certified mail, return receipt requested; (iii) when delivered by electronic email communication to the email address set forth below and verified by confirmed receipt; or (iv) one day after delivery to a commercial overnight courier, and addressed to the Parties as follows:

| To the Company: | Bed Bath & Beyond, Inc. |
| | 650 Liberty Avenue |
| | Union, New Jersey 07083 |
| | Attention: Wade Haddad, SVP Real Estate |
| | Email: Wade.Haddad@BedBath.com |

With a copy to:

Bed Bath & Beyond, Inc.
650 Liberty Avenue
Union, New Jersey 07083
Attention: Chief Legal Officer
Email: Arlene.Hong@BedBath.com

| To A&G: | A&G Realty Partners, LLC |
| | 445 Broadhollow Road, Suite 410 |
| | Melville, NY  11747 |
| | Attn: Emilio Amendola, Co-President |
| | Tel: (631) 465-9507 |
| | Email: emilio@agrep.com |

18. <u>Representations, Warranties and Covenants</u>. Each Party has all requisite power and authority to enter into this Agreement. This Agreement has been validly authorized by all necessary corporate action and constitutes a legal, valid and binding agreement of the Company and A&G.  Each Party represents that this Agreement does not and will not violate any applicable law or conflict with any agreement, instrument, judgment, order or decree to which it is a party or by which it is bound.  Furthermore, each Party represents and agrees that it will comply with all applicable laws, rules, regulations, orders or decrees during the term of this Agreement in performing its obligations hereunder. Each Party agrees to deal with the other fairly and in good faith so as to allow each Party to perform their duties and earn the benefit of this Agreement.  A&G agrees to utilize commercially reasonable efforts and diligence to achieve the purpose of this Agreement.

19. <u>Survival of Fee</u>.  In the event that following the termination or earlier expiration of this Agreement, (i) a Fee Event (as defined below) occurs with a Landlord or other third party within 90 days after the date that this Agreement terminates or expires, (ii) A&G has substantially performed the Services which are the proximate cause of such Fee Event, and (iii) A&G would have been entitled to a fee pursuant to this Agreement but for the termination or expiration of this Agreement, then in that event, A&G shall be entitled to and paid its fee pursuant to the terms of this Agreement notwithstanding the fact that the Agreement has terminated or expired. Such Survival of Fee will terminate ninety (90) days after the termination or expiration of this Agreement.

20. <u>Intellectual Property</u>. A&G may use data, software, designs, utilities, tools, models, systems and other methodologies that it owns or licenses in performing the Services hereunder. Notwithstanding the delivery of any reports by A&G to the Company, A&G shall retain all intellectual property rights in such materials (including any improvements or knowledge developed while performing the Services) and in any working papers compiled in connection with the Services.

21. <u>Indemnification</u>. The Company agrees to indemnify A&G and its affiliates, officers, directors, employees, agents and independent contractors, and hold each of them harmless from and against all third party claims, demands, penalties, losses, liability or damage, including, without limitation, reasonable attorneys' fees and expenses, asserted against, resulting from (directly or indirectly), or related to the Services or actions or omissions of A&G or the Company taken pursuant to this Agreement or in any written agreement entered into in connection herewith except to the extent that such claims or liabilities arise as a direct result of A&G's fraud, negligence or misconduct as determined by a final non-appealable order of a court of competent jurisdiction.

22. <u>Limitation on Liability</u>.  Neither Party shall be responsible for any indirect, incidental, consequential, exemplary, punitive or other special damages (including, but not limited to, loss of profits and damage to reputation or business) arising under or by reason of this Agreement, the Services or any act or omission hereunder. Neither Party shall be liable if it is unable to perform its responsibilities hereunder as a result of events beyond its control.  Furthermore, except in the event A&G's errors and omissions policy is available to cover any claim against A&G hereunder, in no event shall A&G's liability for a default or breach of this Agreement exceed the amount of fees paid to A&G hereunder, unless such breach or default arises from fraud or willful misconduct by A&G. A&G represents and warrants that A&G maintains an errors and omissions policy with liability limits of $4,000,000 as of the Agreement Date and that primary and any excess policies are in full force and effect. A&G shall maintain an errors and omissions policy with liability limits of not less than $4,000,000 in full force and effect at all times during the Term of this Agreement

23. <u>Confidentiality</u>.  Each of the Parties shall be bound by the confidentiality and other obligations contained in the non-disclosure agreement, dated as of August 2, 2022, the terms of which are incorporated into this Agreement by reference.

24. <u>Binding Effect. No Third-Party Beneficiaries</u>.  This Agreement binds and inures to the benefit of the Parties hereto and their respective successors and permitted assigns and except as expressly provided herein, is not intended to confer any rights or remedies upon any person not a party to this Agreement.

25. <u>Waivers and Amendments</u>.  Waiver by either Party of any default by the other Party shall not be deemed a waiver of any other default. This Agreement (including the Schedule (s) attached hereto) may not be waived, amended, or modified by either Party unless in writing and signed by the Parties hereto.

26. <u>Severability</u>. If any provision, or any portion of any provision, contained in this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, then it is the intent of the Parties to modify or limit such provision or portion thereof so as to be valid and enforceable to the extent permitted under applicable law. In the event that such provision or portion thereof cannot be modified, then such provision or portion thereof shall be deemed omitted and this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

27. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All prior agreements, representations, statements, negotiations, understandings, and undertakings are superseded by this Agreement.

28. <u>Counterpart Execution/Facsimile and Electronic Signatures</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original and all of which together shall constitute one document. Facsimile and electronic signatures on this Agreement and any document contemplated hereby shall be deemed to be original signatures.

29. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New York without reference to its conflict of laws rules.

30. <u>Waiver of Jury Trial</u>. Each of the Parties unconditionally waives, to the fullest extent allowed by law, the right to a jury trial in connection with any claim arising out of or related to this Agreement.

31. <u>Headings/Tenses</u>. The section headings and use of defined terms in the singular or plural or past or present tenses in this Agreement are solely for the convenience of the Parties. To the extent that there may be any inconsistency between the headings and/or the tenses and the intended meaning, the intent of the Parties or the provision, the terms of such provision shall govern.

32. <u>No Presumptions</u>. This Agreement by shall be deemed drafted by both Parties and there shall be no presumption for or against either Party in the interpretation of this Agreement.

[SIGNATURES ON THE FOLLOWING PAGE]

9

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their respective duly authorized representatives effective as of the Agreement Date.

BED BATH & BEYOND INC.

By: _Wade Haddad_
    39C2464B1AAD429

Name: Wade Haddad

Title: SVP Real Estate and Construction


A&G REALTY PARTNERS, LLC

By: _____

Name: Emilio Amendola

Title: Co-President


**Schedules**

Schedule A    Leases/Company Information/Lease Request
Schedule B    Compensation
Schedule C    A&G Weekly Reporting Template
Schedule D    A&G Deal Sheet Template

## **Schedule A**

**Leases/Company Information/Lease Request**

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 1175 | BBB | 601 E. Dimond Boulevard | Anchorage, AK | AK |
| Store Lease | 148 | BBB | 313 Summit Boulevard | Birmingham, AL | AL |
| Store Lease | 1190 | BBB | 3800 Gulf Shores Parkway | Gulf Shores, AL | AL |
| Store Lease | 98 | BBB | 1771 Montgomery Hwy | Hoover, AL | AL |
| Store Lease | 405 | BBB | 6888 Governors West | Huntsville, AL | AL |
| Store Lease | 1409 | BBB | 1320 McFarland Blvd E | Tuscaloosa, AL | AL |
| Store Lease | 278 | BBB | 3816 North Mall Avenue | Fayetteville, AR | AR |
| Store Lease | 228 | BBB | 12309 Chenal Parkway, Suite A | Little Rock, AR | AR |
| Store Lease | 1142 | BBB | 2203 Promenade Boulevard | Rogers, AR | AR |
| Store Lease | 591 | BBB | 10060 W. McDowell Road | Avondale, AZ | AZ |
| Store Lease | 189 | BBB | 850 N. 54th Street | Chandler, AZ | AZ |
| Store Lease | 1033 | BBB | 2793 S Market St | Gilbert, AZ | AZ |
| Store Lease | 233 | BBB | 7340 West Bell Road | Glendale, AZ | AZ |
| Store Lease | 1162 | BBB | SEC Dobson Road & Loop 202 | Mesa, AZ | AZ |
| Store Lease | 1077 | BBB | 1919 East Camelback Road | Phoenix, AZ | AZ |
| Store Lease | 573 | BBB | 7000 E. Mayo Blvd., Building 12 | Phoenix, AZ | AZ |
| Store Lease | 1307 | BBB | 3250 Gateway Blvd. Ste. 508 | Prescott, AZ | AZ |
| Store Lease | 606 | BBB | 13723 W. Bell Road | Surprise, AZ | AZ |
| Store Lease | 47 | BBB | 4811 E. Grant Road, Suite 131 | Tucson, AZ | AZ |
| Store Lease | 766 | BBB | 6310 N. Oracle Road | Tuscon, AZ | AZ |
| Store Lease | 1266 | BBB | Bear Valley Road & Jess Ranch Parkway | Apple Valley, CA | CA |
| Store Lease | 407 | BBB | 5000 Stockdale Highway | Bakersfield, CA | CA |
| Store Lease | 8 | BBB | 6530 Canoga Avenue | Canoga Park, CA | CA |
| Store Lease | 540 | BBB | 3555 Clares Street, Suite J | Capitola, CA | CA |
| Store Lease | 315 | BBB | 303 Gellert Boulevard | Daly City, CA | CA |
| Store Lease | 173 | BBB | 4882 Dublin Boulevard | Dublin, CA | CA |
| Store Lease | 562 | BBB | 3300 Broadway | Eureka, CA | CA |
| Store Lease | 225 | BBB | 7497 N. Blackstone Avenue | Fresno, CA | CA |
| Store Lease | 820 | BBB | 189 North Fairview Ave | Goleta, CA | CA |
| Store Lease | 384 | BBB | 1557 Vine Street | Hollywood, CA | CA |
| Store Lease | 1030 | BBB | 79-110 Hwy 111 | La Quinta, CA | CA |
| Store Lease | 275 | BBB | 25732 El Paseo | Mission Viejo, CA | CA |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 254 | BBB | 3900 Sisk Road | Modesto, CA | CA |
| Store Lease | 1097 | BBB | 24450 Village Walk Place | Murrieta, CA | CA |
| Store Lease | 26 | BBB | 590 2nd  Street | Oakland, CA | CA |
| Store Lease | 139 | BBB | 2120 Vista Way | Oceanside, CA | CA |
| Store Lease | 1305 | BBB | 5200 E. Ramon Road Building B | Palm Springs, CA | CA |
| Store Lease | 183 | BBB | 3341 East Foothill Boulevard | Pasadena, CA | CA |
| Store Lease | 261 | BBB | 15 Crescent Drive | Pleasant Hill, CA | CA |
| Store Lease | 101 | BBB | 11530 4th Street, Suite 120 | Rancho Cucamonga, CA | CA |
| Store Lease | 776 | BBB | 27450 Lugonia Avenue | redlands, CA | CA |
| Store Lease | 539 | BBB | 1950 El Camino Real | Redwood City, CA | CA |
| Store Lease | 538 | BBB | 3700 Tyler Street, Suite 14 | Riverside, CA | CA |
| Store Lease | 307 | BBB | 1120 Galleria Blvd. | Roseville, CA | CA |
| Store Lease | 569 | BBB | 2725 Marconi Ave | Sacramento, CA | CA |
| Store Lease | 31 | BBB | 1750 Camino Del Rio North | San Diego, CA | CA |
| Store Lease | 127 | BBB | 5201 Stevens Creek Boulevard | Santa Clara, CA | CA |
| Store Lease | 24 | BBB | 2785 Santa Rosa Avenue | Santa Rosa, CA | CA |
| Store Lease | 412 | BBB | 1290 Seal Beach Blvd. | Seal Beach, CA | CA |
| Store Lease | 25 | BBB | 12555 Ventura Boulevard | Studio City, CA | CA |
| Store Lease | 138 | BBB | 121 South Weslake Boulevard | Thousand Oaks, CA | CA |
| Store Lease | 475 | BBB | 2595 Pacific Coast Highway | Torrance, CA | CA |
| Store Lease | 821 | BBB | 4040 East Main Street | Ventura, CA | CA |
| Store Lease | 20 | BBB | 11854 West Olympic Blvd | W. Los Angeles, CA | CA |
| Store Lease | 436 | BBB | 5560 South Parker Road | Aurora, CO | CO |
| Store Lease | 338 | BBB | 2180 Southgate Road | Colorado Springs, CO | CO |
| Store Lease | 200 | BBB | 1790 E. Woodmen Road | Colorado Springs, CO | CO |
| Store Lease | 1321 | BBB | 800 South Camino Del Rio | Durango, CO | CO |
| Store Lease | 194 | BBB | 110 W. Troutman Parkway | Fort Collins, CO | CO |
| Store Lease | 68 | BBB | 370 S. Colorado Blvd | Glendale, CO | CO |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 838 | BBB | 9315 Dorchester | Highlands Ranch, CO | CO |
| Store Lease | 137 | BBB | 14383 West Colfax Avenue | Lakewood, CO | CO |
| Store Lease | 279 | BBB | 7421 West Bowles Avenue | Littleton, CO | CO |
| Store Lease | 1108 | BBB | 205 Ken Pratt Blvd Suite 240 | Longmont, CO | CO |
| Store Lease | 605 | BBB | 11435 Twenty Mile Road | Parker, CO | CO |
| Store Lease | 355 | BBB | 7225 W. 88th Ave. | Westminster, CO | CO |
| Store Lease | 837 | BBB | 14 Candlewood Lake Road | Brookfield, CT | CT |
| Store Lease | 311 | BBB | 530 Bushy Hill Road | Simsbury, CT | CT |
| Store Lease | 1177 | BBB | 3100 14th Street NW | Washington, DC | DC |
| Store Lease | 1341 | BBB | 331 West Main Street | Newark, DE | DE |
| Store Lease | 1422 | BBB | 30134 Veterans Way | Rehoboth Beach, DE | DE |
| Store Lease | 197 | BBB | 19205 Biscayne Boulevard | Aventura, FL | FL |
| Store Lease | 385 | BBB | 1400C Glades Road | Boca Raton, FL | FL |
| Store Lease | 551 | BBB | 825 Cortez Rd West | Bradenton, FL | FL |
| Store Lease | 1304 | BBB | 1827 NE Pine Island Road | Cape Coral, FL | FL |
| Store Lease | 214 | BBB | 23676 US Hwy 19 North | Clearwater, FL | FL |
| Store Lease | 1110 | BBB | S.W. 33rd Avenue and S.W. 22nd Street | Coral Gables, FL | FL |
| Store Lease | 359 | BBB | 1801 South University Drive | Davie, FL | FL |
| Store Lease | 236 | BBB | 2500 W. International Speedway Boulevard | Daytona Beach, FL | FL |
| Store Lease | 400 | BBB | 4441 Commons Drive East | Destin, FL | FL |
| Store Lease | 454 | BBB | 2701 N. Federal Highway | Ft. Lauderdale, FL | FL |
| Store Lease | 285 | BBB | 13499 South Cleveland Avenue | Ft. Myers, FL | FL |
| Store Lease | 245 | BBB | 6855 Newberry Road | Gainesville, FL | FL |
| Store Lease | 1138 | BBB | 4054 South 3rd Street | Jacksonville Beach, FL | FL |
| Store Lease | 808 | BBB | 322 North John Young Parkway | Kissimmee, FL | FL |
| Store Lease | 1234 | BBB | 546 N. Highway 441 | Lady Lake, FL | FL |
| Store Lease | 1028 | BBB | 1500 Town Center Drive | Lakeland, FL | FL |
| Store Lease | 833 | BBB | 2291 Town Center Avenue | Melbourne, FL | FL |
| Store Lease | 46 | BBB | 8380 South Dixie Highway | Miami, FL | FL |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 579 | BBB | 10640 N. W. 19th Street | Miami, FL | FL |
| Store Lease | 128 | BBB | 5351 N. Airport Road | Naples, FL | FL |
| Store Lease | 1125 | BBB | 13585 Tamiami Trail N. Unit #6 | Naples, FL | FL |
| Store Lease | 523 | BBB | 2701 SW College Road | Ocala, FL | FL |
| Store Lease | 1143 | BBB | Colonial Landing | Orlando, FL | FL |
| Store Lease | 273 | BBB | 2410 PGA Boulevard | Palm Beach Gardens, FL | FL |
| Store Lease | 1367 | BBB | 15600 Panama City Beach Parkway | Panama City Beach, FL | FL |
| Store Lease | 525 | BBB | 5450 N. 9th Avenue | Pensacola, FL | FL |
| Store Lease | 424 | BBB | 18700 Veterans Blvd. | Port Charlotte, FL | FL |
| Store Lease | 1268 | BBB | Building # 4 | Sarasota, FL | FL |
| Store Lease | 235 | BBB | 6567 S. Tamiami Trail | Sarasota, FL | FL |
| Store Lease | 556 | BBB | 320 CBL Drive | St. Augustine, FL | FL |
| Store Lease | 178 | BBB | 2060 66th Street North | St. Petersburg, FL | FL |
| Store Lease | 213 | BBB | 2450 NW Federal Highway | Stuart, FL | FL |
| Store Lease | 388 | BBB | 1574 Governors Square Blvd. | Tallahassee, FL | FL |
| Store Lease | 99 | BBB | 13123 N. Dale Mabry Highway | Tampa, FL | FL |
| Store Lease | 154 | BBB | TBD | TBD | FL |
| Store Lease | 518 | BBB | 6150 20th Street | Vero Beach, FL | FL |
| Store Lease | 1209 | BBB | 5845 Wesley Grove Boulevard | Wesley Chapel, FL | FL |
| Store Lease | 55 | BBB | 1875 Palm Beach Lakes Blvd. | West Palm Beach, FL | FL |
| Store Lease | 1338 | BBB | 3215 Daniels Road | Winter Garden, FL | FL |
| Store Lease | 103 | BBB | 6050 North Point Parkway | Alpharetta, GA | GA |
| Store Lease | 313 | BBB | 1791 Oconee Connector, Suite 350 | Athens, GA | GA |
| Store Lease | 1094 | BBB | 2955 Cobb ParkwaySE | Atlanta, GA | GA |
| Store Lease | 1014 | BBB | 1235 Caroline Street NE | Atlanta, GA | GA |
| Store Lease | 155 | BBB | 221 Robert C Daniel Jr Pkwy | Augusta, GA | GA |
| Store Lease | 255 | BBB | 1705 Mall of Georgia Blvd. | Buford, GA | GA |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 470 | BBB | 5555 Whittlesey Blvd | Columbia, GA | GA |
| Store Lease | 66 | BBB | 800 Ernest Barrett Parkway | Kennesaw, GA | GA |
| Store Lease | 497 | BBB | 1898 Jonesboro Road | McDonough, GA | GA |
| Store Lease | 1119 | BBB | 1245 North Peachtree Parkway | Peachtree City, GA | GA |
| Store Lease | 529 | BBB | 7400 Abercorn Street | Savannah, GA | GA |
| Store Lease | 1265 | BBB | Margie Drive & State Route 247 | Warner Robins, GA | GA |
| Store Lease | 1326 | BBB | 98-145 Kaonohi Street | Aiea, HI | HI |
| Store Lease | 428 | BBB | 11101 University Avenue | Clive, IA | IA |
| Store Lease | 559 | BBB | 440 W. Wilbur Avenue | Coeur D' Alene, ID | ID |
| Store Lease | 626 | BBB | 3011 S. 25th East | Idaho Falls, ID | ID |
| Store Lease | 333 | BBB | 1350 North Eagle Road | Meridian, ID | ID |
| Store Lease | 63 | BBB | 1800 North Clybourn, Suite A | Chicago, IL | IL |
| Store Lease | 32 | BBB | 96 S. Waukegan Rd. | Deerfield, IL | IL |
| Store Lease | 53 | BBB | 1548 Butterfield Road | Downers Grove, IL | IL |
| Store Lease | 623 | BBB | 11165 W. Lincoln Highway | Frankfort, IL | IL |
| Store Lease | 133 | BBB | 336 S Rte. 59 | Naperville, IL | IL |
| Store Lease | 108 | BBB | 6309 East State Street | Rockford, IL | IL |
| Store Lease | 486 | BBB | 5545 W. Touhy Ave. | Skokie, IL | IL |
| Store Lease | 1203 | BBB | 7175 Kingery Highway | Willowbrook, IL | IL |
| Store Lease | 564 | BBB | 1950-6 Greyhound Pass | Carmel, IN | IN |
| Store Lease | 375 | BBB | 280 North Green River Road | Evansville, IN | IN |
| Store Lease | 363 | BBB | 777 N Highway 31 | Greenwood, IN | IN |
| Store Lease | 215 | BBB | 5802 Grape Road Suite B | Mishawaka, IN | IN |
| Store Lease | 1308 | BBB | 124 US Highway 41 | Schererville, IN | IN |
| Store Lease | 87 | BBB | 12035 Metcalf Avenue | Overland Park, KS | KS |
| Store Lease | 326 | BBB | 2750 N. Greenwich Ct. | Wichita, KS | KS |
| Store Lease | 1053 | BBB | 2757 Town Center Blvd | Crestview Hills, KY | KY |
| Store Lease | 800 | BBB | 2321 Sir Barton Way | Lexington, KY | KY |
| Store Lease | 293 | BBB | 996 Breckinridge Lane | Louisville, KY | KY |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 248 | BBB | 10505 South Mall Drive | Baton Rouge, LA | LA |
| Store Lease | 1392 | BBB | 10129 Crossing Way, Suite 420 | Denham Springs, LA | LA |
| Store Lease | 321 | BBB | 3617 Ambassador Caffery | Lafayette, LA | LA |
| Store Lease | 492 | BBB | 4410 Veterans Blvd | Metairie, LA | LA |
| Store Lease | 450 | BBB | 366 Southbridge Street | Auburn, MA | MA |
| Store Lease | 149 | BBB | 400 Grossman  Drive | Braintree, MA | MA |
| Store Lease | 350 | BBB | 180 Endicott Street | Danvers, MA | MA |
| Store Lease | 1227 | BBB | 330 Patriots Place | Foxborough, MA | MA |
| Store Lease | 1258 | BBB | Lincoln Street (3A) & Shipyard | Hingham, MA | MA |
| Store Lease | 487 | BBB | 65 Independence Drive | Hyannis, MA | MA |
| Store Lease | 1044 | BBB | 200 Colony Place | Plymouth, MA | MA |
| Store Lease | 810 | BBB | 119 Middlesex Ave | Somerville, MA | MA |
| Store Lease | 52 | BBB | 9021 Snowden River Parkway | Columbia, MD | MD |
| Store Lease | 439 | BBB | 2382 Brandermill Boulevard | Crofton, MD | MD |
| Store Lease | 188 | BBB | 5413 Urbana Pike | Frederick, MD | MD |
| Store Lease | 33 | BBB | c/o Property Management Account Services LLC | ROCKVILLE, MD | MD |
| Store Lease | 196 | BBB | 1238 Putty Hill Avenue | Towson, MD | MD |
| Store Lease | 169 | BBB | 3270 Crain Highway | Waldorf, MD | MD |
| Store Lease | 1150 | BBB | 42 Whitten Road, Suite 1 | Augusta, ME | ME |
| Store Lease | 365 | BBB | 490 Stillwater Avenue | Bangor, ME | ME |
| Store Lease | 433 | BBB | 200 Running Hill Road | South Portland, ME | ME |
| Store Lease | 295 | BBB | 31535 Southfield Road | Beverly Hills, MI | MI |
| Store Lease | 202 | BBB | 4901 28th Street, SE | Grand Rapids, MI | MI |
| Store Lease | 368 | BBB | 43610 West Oaks Drive | Novi, MI | MI |
| Store Lease | 1154 | BBB | 910 Spring Street | Petoskey, MI | MI |
| Store Lease | 378 | BBB | 1242 South Rochester Road | Rochester Hills, MI | MI |
| Store Lease | 166 | BBB | 30801 Gratiot | Roseville, MI | MI |
| Store Lease | 49 | BBB | 12020 Hall Road | Sterling Heights, MI | MI |
| Store Lease | 364 | BBB | 23871 Eureka Blvd | Taylor, MI | MI |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 762 | BBB | 3301 N. US 31 South | Traverse City, MI | MI |
| Store Lease | 414 | BBB | 14910 Florence Trail | Apple Valley, MN | MN |
| Store Lease | 456 | BBB | 7950 Wedgewood Lane N. | Maple Grove, MN | MN |
| Store Lease | 482 | BBB | 8264 Tamarack Village | Woodbury, MN | MN |
| Store Lease | 147 | BBB | 141 Highlands Boulevard Drive | Manchester, MO | MO |
| Store Lease | 490 | BBB | 3308 S, Glenstone Ave | Springfield, MO | MO |
| Store Lease | 157 | BBB | 281 Mid Rivers Mall Drive | St. Peters, MO | MO |
| Store Lease | 589 | BBB | 3951 Promenade Parkway | D'Iberville, MS | MS |
| Store Lease | 1259 | BBB | 760 Mackenzie Lane | Flowood, MS | MS |
| Store Lease | 1313 | BBB | 6400 Towne Center Loop | Southaven, MS | MS |
| Store Lease | 1310 | BBB | 2821 King Ave West | Billings, MT | MT |
| Store Lease | 1115 | BBB | 2155 West Cattail Street | Bozeman, MT | MT |
| Store Lease | 1073 | BBB | 2411 Highway 93 North | Kalispell, MT | MT |
| Store Lease | 1157 | BBB | 3017 Paxson Street | Missoula, MT | MT |
| Store Lease | 1011 | BBB | 200 Aberdeen Commons | Aberdeen, NC | NC |
| Store Lease | 268 | BBB | 83 G South Tunnel Road | Ashville, NC | NC |
| Store Lease | 124 | BBB | 405 Cross Roads Boulevard | Cary, NC | NC |
| Store Lease | 309 | BBB | 9559 South Blvd. | Charlotte, NC | NC |
| Store Lease | 774 | BBB | 3616 Witherspoon Blvd. | Durham, NC | NC |
| Store Lease | 560 | BBB | 5075 Morganton Road | Fayetteville, NC | NC |
| Store Lease | 1126 | BBB | 1618 Highwoods Blvd. | Greensboro, NC | NC |
| Store Lease | 1405 | BBB | 208 Grand Hill Place | Holly Springs, NC | NC |
| Store Lease | 426 | BBB | 1305 Western Blvd. | Jacksonville, NC | NC |
| Store Lease | 435 | BBB | 10530 Northeast Parkway | Matthews, NC | NC |
| Store Lease | 1179 | BBB | 627 River Highway | Mooresville, NC | NC |
| Store Lease | 1237 | BBB | 5160 Highway 70 Suite 600 | Morehead City, NC | NC |
| Store Lease | 832 | BBB | 3604 Sumner Blvd. | Raleigh Triangle, NC | NC |
| Store Lease | 418 | BBB | 352 South College Road, Unit 10B | Wilmington, NC | NC |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 317 | BBB | 1020 Hanes Mall Blvd. | Winston-Salem, NC | NC |
| Store Lease | 328 | BBB | 4340 13th Avenue SW | Fargo, ND | ND |
| Store Lease | 211 | BBB | 2960 Pine Lake Road, Suite A | Lincoln, NE | NE |
| Store Lease | 771 | BBB | 255 N. 170th Street | Omaha, NE | NE |
| Store Lease | 1021 | BBB | 1220 South 71st Street | Omaha, NE | NE |
| Store Lease | 756 | BBB | 5 Colby Court | Bedford, NH | NH |
| Store Lease | 841 | BBB | 10 Loudon Rd. | Concord, NH | NH |
| Store Lease | 542 | BBB | 261 Daniel Webster Highway | Nashus, NH | NH |
| Store Lease | 1244 | BBB | 100 Durgin Lane | Portsmouth, NH | NH |
| Store Lease | 380 | BBB | 265 South Broadway | Salem, NH | NH |
| Store Lease | 224 | BBB | 51 Chambersbridge Road | Brick, NJ | NJ |
| Store Lease | 27 | BBB | 2130 Marlton Pike W Suite D | Cherry Hill, NJ | NJ |
| Store Lease | 1096 | BBB | 404 Route 3 West | Clifton, NJ | NJ |
| Store Lease | 207 | BBB | 1755 Deptford Center Rd | Deptford, NJ | NJ |
| Store Lease | 159 | BBB | 180 Route 10 West | East Hanover, NJ | NJ |
| Store Lease | 266 | BBB | 92 Route 36 | Eatontown, NJ | NJ |
| Store Lease | 1309 | BBB | 160 Marketplace Boulevard | Hamilton, NJ | NJ |
| Store Lease | 289 | BBB | 1115 Route 35 | Middletown, NJ | NJ |
| Store Lease | 1091 | BBB | 3201 Route 9 | Rio Grande, NJ | NJ |
| Store Lease | 1 | BBB | 715 Morris Avenue | Springfield, NJ | NJ |
| Store Lease | 477 | BBB | 545 Route 46 | Totowa, NJ | NJ |
| Store Lease | 160 | BBB | 675 U.S. 1 | Woodbridge Township, NJ | NJ |
| Store Lease | 111 | BBB | 2451 San Mateo Boulevard NE Suite D | Albuquerque, NM | NM |
| Store Lease | 1133 | BBB | 3601 Old Airport Road, | Albuquerque, NM | NM |
| Store Lease | 524 | BBB | 4250 Cerrillos Road, Suite 1214 | Santa Fe, NM | NM |
| Store Lease | 422 | BBB | 621 Marks Street | Henderson, NV | NV |
| Store Lease | 485 | BBB | 2100 N. Rainbow | Las Vegas, NV | NV |
| Store Lease | 503 | BBB | 2315 Summa Drive #180 | Las Vegas, NV | NV |
| Store Lease | 208 | BBB | 4983 S. Virginia Street | Reno, NV | NV |
| Store Lease | 40 | BBB | 32 Wolf Road | Albany, NY | NY |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 1056 | BBB | 3701 McKinley Parkway | Blasdell, NY | NY |
| Store Lease | 37 | BBB | Smith Haven Plaza | Lake Grove, NY | NY |
| Store Lease | 42 | BBB | 620 6th Avenue | Manhattan, NY | NY |
| Store Lease | 507 | BBB | 3640 Long beach Road | Oceanside, NY | NY |
| Store Lease | 135 | BBB | 96-05 Queens Boulevard | Rego Park, NY | NY |
| Store Lease | 1314 | BBB | 1440 Old Country Road | Riverhead, NY | NY |
| Store Lease | 260 | BBB | 950 Merchant Concourse | Westbury, NY | NY |
| Store Lease | 1059 | BBB | 4401 Transit Road | Williamsville, NY | NY |
| Store Lease | 394 | BBB | 2141 Central Park Ave | Yonkers, NY | NY |
| Store Lease | 301 | BBB | 2719 Edmondson Road | Cincinnati, OH | OH |
| Store Lease | 370 | BBB | 3708 W. Dublin-Granville Road | Columbus, OH | OH |
| Store Lease | 462 | BBB | 6142 Wilmington Pike | Dayton, OH | OH |
| Store Lease | 768 | BBB | 5800 Deerfield Road | Mason, OH | OH |
| Store Lease | 119 | BBB | 6725 Strip Avenue NW | North Canton, OH | OH |
| Store Lease | 204 | BBB | 6025 Kruse Drive, Suite 123 | Solon, OH | OH |
| Store Lease | 1082 | BBB | 5135 Monroe Street | Toledo, OH | OH |
| Store Lease | 54 | BBB | 30083 Detroit Road | Westlake, OH | OH |
| Store Lease | 358 | BBB | 550 Boardban Poland Road | Youngstown, OH | OH |
| Store Lease | 544 | BBB | 412 S. Bryant Ave | Edmond, OK | OK |
| Store Lease | 164 | BBB | 2848 N.W. 63rd Street | Oklahoma City, OK | OK |
| Store Lease | 86 | BBB | 10011 East 71st Street | Tulsa, OK | OK |
| Store Lease | 812 | BBB | 63455 North Highway 97 | Bend, OR | OR |
| Store Lease | 319 | BBB | 95 Oakway Center | Eugene, OR | OR |
| Store Lease | 431 | BBB | 18043 NW Evergreen Parkway | Hillsboro, OR | OR |
| Store Lease | 1127 | BBB | 6180 Ulali Drive | Keizer, OR | OR |
| Store Lease | 136 | BBB | 16800 Southwest 72nd Avenue | Tigard, OR | OR |
| Store Lease | 775 | BBB | 4449 Southmont Way | Easton, PA | PA |
| Store Lease | 432 | BBB | 108 Bartlett Ave | Exton, PA | PA |
| Store Lease | 271 | BBB | 5125 Jonestown Road | Harrisburg, PA | PA |
| Store Lease | 337 | BBB | 490 Waterfront Drive East | Homestead, PA | PA |
| Store Lease | 227 | BBB | 905 Old York Road | Jenkintown, PA | PA |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 1331 | BBB | 2350 Lincoln Highway East Suite 100 | Lancaster, PA | PA |
| Store Lease | 336 | BBB | 20 West Road | Newtown, PA | PA |
| Store Lease | 1327 | BBB | 500 Shoppes at Stroud | Stroudsburg, PA | PA |
| Store Lease | 449 | BBB | 1015 Main Street | Warrington, PA | PA |
| Store Lease | 251 | BBB | 1223 Whitehall Mall | Whitehall, PA | PA |
| Store Lease | 377 | BBB | 435 Arena Hub Plaza | Wilkes-Barre, PA | PA |
| Store Lease | 577 | BBB | San Patricio Plaza | Guaynabo, PR | PR |
| Store Lease | 550 | BBB | 288 East Main Road | Middletown, RI | RI |
| Store Lease | 372 | BBB | 1500 Bald Hill Road Suite B | Warwick, RI | RI |
| Store Lease | 437 | BBB | 146 Station Drive | Anderson, SC | SC |
| Store Lease | 298 | BBB | 1460 Fording Island Road, Suite 100 | Bluffton, SC | SC |
| Store Lease | 592 | BBB | 946 Orleans Road | Charleston, SC | SC |
| Store Lease | 199 | BBB | 136 Harbison Boulevard | Columbia, SC | SC |
| Store Lease | 349 | BBB | 1117 Woodruff Road | Greenville, SC | SC |
| Store Lease | 237 | BBB | 1744 Town Centre Way | Mt. Pleasant, SC | SC |
| Store Lease | 772 | BBB | 2400 Coastal Grand Circle | Myrtle Beach, SC | SC |
| Store Lease | 1333 | BBB | 1365 Eglin Street | Rapid City, SD | SD |
| Store Lease | 1149 | BBB | 3800 South Louise Avenue | Sioux Falls, SD | SD |
| Store Lease | 558 | BBB | 2040 Hamilton Place Blvd. | Chattanooga, TN | TN |
| Store Lease | 1312 | BBB | 4610 Merchants Park Circle Suite 501 | Collierville, TN | TN |
| Store Lease | 339 | BBB | 545 Cool Springs Blvd. | Franklin, TN | TN |
| Store Lease | 327 | BBB | 3211 Peoples Street, Suite 25 | Johnson City, TN | TN |
| Store Lease | 1035 | BBB | Colonial Pinnacle at Turkey Creek | Knoxville, TN | TN |
| Store Lease | 611 | BBB | 2615 Medical Center Parkway | Murfreesboro, TN | TN |
| Store Lease | 476 | BBB | 7657 Highway 70 South | Nashville, TN | TN |
| Store Lease | 121 | BBB | 2810 Germantown Parkway | Wolfchase, TN | TN |
| Store Lease | 615 | BBB | 3417 Catclaw Drive | Abilene, TX | TX |
| Store Lease | 352 | BBB | 3000 Soncy | Amarillo, TX | TX |
| Store Lease | 129 | BBB | 4000 Retail Conection Way | Arlington, TX | TX |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 97 | BBB | 5400 Brodie La, Suite 300 | Austin, TX | TX |
| Store Lease | 1161 | BBB | 1201 Barbara Jordan Boulevard Suite #200 | Austin, TX | TX |
| Store Lease | 571 | BBB | 11066 Pecan Park Boulevard, Bldg. 1 | Cedar Park, TX | TX |
| Store Lease | 585 | BBB | 1430 Texas Avenue South | College Station, TX | TX |
| Store Lease | 1117 | BBB | Conroe Village Shopping Center 2920 I-45 | Conroe, TX | TX |
| Store Lease | 502 | BBB | 4717 S. Padre Island Drive, | Corpus Christi, TX | TX |
| Store Lease | 1069 | BBB | 25839 US Highway 290 | Cypress, TX | TX |
| Store Lease | 82 | BBB | 8005 Park Lane | Dallas, TX | TX |
| Store Lease | 557 | BBB | 2315 Colorado Boulevard, Suite 180 | Denton, TX | TX |
| Store Lease | 1291 | BBB | 655 Sunland Park Drive | El Paso, TX | TX |
| Store Lease | 1212 | BBB | 2800 Highway 121 Suite 600 | Euless, TX | TX |
| Store Lease | 1403 | BBB | 6101 Long Prairie Road, Suite 200 | Flower Mound, TX | TX |
| Store Lease | 330 | BBB | 4931 Overton Ridge Blvd. | Fort Worth, TX | TX |
| Store Lease | 404 | BBB | 2930 Preston Road | Frisco, TX | TX |
| Store Lease | 442 | BBB | 3102 Kirby Drive | Houston, TX | TX |
| Store Lease | 88 | BBB | 10515 Katy Freeway, Suite A | Houston, TX | TX |
| Store Lease | 45 | BBB | 17355 Tomball Parkway Suite 1J | Houston, TX | TX |
| Store Lease | 116 | BBB | 20514 Highway 59N | Humble, TX | TX |
| Store Lease | 272 | BBB | 24600 Katy Freeway | Katy, TX | TX |
| Store Lease | 1365 | BBB | 422 W. Loop 281 Suite 200 | Longview, TX | TX |
| Store Lease | 632 | BBB | 2624 W Loop 289 | Lubbock, TX | TX |
| Store Lease | 535 | BBB | 620 E. Expressway 83 | McAllen, TX | TX |
| Store Lease | 825 | BBB | 2975 Craig Street | McKinney, TX | TX |
| Store Lease | 514 | BBB | 2705 N. Mesquite Drive | Mesquite, TX | TX |
| Store Lease | 318 | BBB | 3001-A101 West Loop 250 North | Midland, TX | TX |
| Store Lease | 61 | BBB | 801 West 15th Street, Suite D | Plano, TX | TX |
| Store Lease | 1024 | BBB | 963 East Interstate Highway 30 | Rockwall, TX | TX |
| Store Lease | 305 | BBB | 2701-A Parker Drive | Round Rock, TX | TX |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 134 | BBB | 11745 IH 10 West, Suite 750 | San Antonio, TX | TX |
| Store Lease | 1002 | BBB | 6001 North West Loop 410 | San Antonio, TX | TX |
| Store Lease | 430 | BBB | 1730 N. FM 1604 East | San Antonio, TX | TX |
| Store Lease | 1107 | BBB | 1050 McKinley Place Drive | San Marcos, TX | TX |
| Store Lease | 1317 | BBB | 8262 Agora Parkway | Selma, TX | TX |
| Store Lease | 341 | BBB | 2930 East Southlake Blvd. | Southlake, TX | TX |
| Store Lease | 126 | BBB | 12520 Fountain Lake Circle | Stafford, TX | TX |
| Store Lease | 67 | BBB | TBD | TBD | TX |
| Store Lease | 547 | BBB | 4820 S. Broadway | Tyler, TX | TX |
| Store Lease | 769 | BBB | 4633 S Jack Kultgen Expressway | Waco, TX | TX |
| Store Lease | 51 | BBB | 19801 Gulf Freeway, Suite 1000 | Webster, TX | TX |
| Store Lease | 504 | BBB | 1560 Lake Woodlands Drive | Woodlands, TX | TX |
| Store Lease | 783 | BBB | 4113 Riverdale Road | Ogden, UT | UT |
| Store Lease | 294 | BBB | 1169 Wilmington Ave | Salt Lake City, UT | UT |
| Store Lease | 1260 | BBB | 10433 South State Street | Sandy, UT | UT |
| Store Lease | 292 | BBB | 50 West 1300 South | South Orem, UT | UT |
| Store Lease | 777 | BBB | 844 W. Telegraph Steet | Washington CIty, UT | UT |
| Store Lease | 110 | BBB | 975A N. Emmet Street | Charlottesville, VA | VA |
| Store Lease | 393 | BBB | 45575 Dulles Eastern Plaza | Dulles, VA | VA |
| Store Lease | 29 | BBB | 5810 Crossroad Center | Falls Church, VA | VA |
| Store Lease | 765 | BBB | 3700 Plank Road | Fredericksburg, VA | VA |
| Store Lease | 156 | BBB | 10050 West Broad Street | Glen Allen, VA | VA |
| Store Lease | 192 | BBB | 11609 Midlothian Turnpike | Midlothian, VA | VA |
| Store Lease | 172 | BBB | 12132 A Jefferson Ave. | Newport News, VA | VA |
| Store Lease | 114 | BBB | 220 Constitution Drive | Virginia Beach, VA | VA |
| Store Lease | 780 | BBB | 14101 Crossing Place | Woodbridge, VA | VA |
| Store Lease | 1112 | BBB | Green Mountain Shopping Plaza | Rutland, VT | VT |
| Store Lease | 181 | BBB | 115 Trader Lane | Williston, VT | VT |
| Store Lease | 1336 | BBB | 1915 Marketplace Drive | Burlington, WA | WA |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 250 | BBB | 3115 196th Street, SW | Lynnwood, WA | WA |
| Store Lease | 1129 | BBB | 2405 4th Avenue West | Olympia, WA | WA |
| Store Lease | 417 | BBB | 4102-D South Meridian Street | Puyallup, WA | WA |
| Store Lease | 1207 | BBB | 401 NE Northgate Way Suite 2100 | Seattle, WA | WA |
| Store Lease | 1372 | BBB | 9991 Mickelberry Road NW, Unit 103 | Silverdale, WA | WA |
| Store Lease | 362 | BBB | 5628 North Division Steet | Spokane, WA | WA |
| Store Lease | 371 | BBB | 240 Andover Park West | Tukwila, WA | WA |
| Store Lease | 1130 | BBB | Mill Plain Crossing | Vancouver, WA | WA |
| Store Lease | 839 | BBB | 825 Pilgrim Way | Green Bay, WI | WI |
| Store Lease | 402 | BBB | 5445 South 76th Street | Greendale, WI | WI |
| Store Lease | 132 | BBB | 215 Junction Road | Madison, WI | WI |
| Store Lease | 3031 | bbBaby | 4351 Creekside Ave. | Hoover, AL | AL |
| Store Lease | 3022 | bbBaby | 2640 W. Chandler Blvd. | Chandler, AZ | AZ |
| Store Lease | 3119 | bbBaby | 7375 W Bell Rd | Peoria, AZ | AZ |
| Store Lease | 3023 | bbBaby | 10080 N. 90th Street | Scottsdale, AZ | AZ |
| Store Lease | 3118 | bbBaby | 1660 Millenia Avenue | Chula Vista, CA | CA |
| Store Lease | 3108 | bbBaby | 149 Serramonte Center | Daly City, CA | CA |
| Store Lease | 3058 | bbBaby | 7621 Laguna Blvd | Elk Grove, CA | CA |
| Store Lease | 3063 | bbBaby | 1014 N. El Camino Real | Encinitas, CA | CA |
| Store Lease | 3048 | bbBaby | 7458 North Blackstone Avenue | Fresno, CA | CA |
| Store Lease | 3084 | bbBaby | 25322 El Paseo | Mission Viejo, CA | CA |
| Store Lease | 3055 | bbBaby | 3250 Buskirk Ave Suite 300-A | Pleasant Hill, CA | CA |
| Store Lease | 3096 | bbBaby | 11530 4th Street, Suite 125 | Rancho Cucamonga, CA | CA |
| Store Lease | 3097 | bbBaby | 27651 San Bernardino Avenue | Redlands, CA | CA |
| Store Lease | 3034 | bbBaby | 5353 Almaden Expressway Suite A 100 | San Jose, CA | CA |
| Store Lease | 3088 | bbBaby | TBD | TBD | CA |
| Store Lease | 3043 | bbBaby | 40438 Winchester Road | Temecula, CA | CA |
| Store Lease | 3076 | bbBaby | 3700 West Torrance Blvd | Torrance, CA | CA |
| Store Lease | 3099 | bbBaby | 6621 Fallbrook Avenue, Unit B | West Hills, CA | CA |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 3095 | bbBaby | 22999 Savi Ranch Parkway | Yorba Linda, CA | CA |
| Store Lease | 3105 | bbBaby | 6492 South Parker Road | Aurora, CO | CO |
| Store Lease | 3132 | bbBaby | 5134 South Wadsworth Boulevard | Littleton, CO | CO |
| Store Lease | 3138 | bbBaby | 9420 Sheridan Boulevard | Westminster, CO | CO |
| Store Lease | 3121 | bbBaby | 1445 New Britain Avenue | West Hartford, CT | CT |
| Store Lease | 3046 | bbBaby | 501 West Main St | Newark, DE | DE |
| Store Lease | 3072 | bbBaby | 130 E. Altamonte Dr. Suite #1000 | Altamonte Springs, FL | FL |
| Store Lease | 3029 | bbBaby | 11345 Causeway Blvd | Brandon, FL | FL |
| Store Lease | 3015 | bbBaby | 2035 N. University Drive | Coral Springs, FL | FL |
| Store Lease | 3025 | bbBaby | 8241 West Flagler Street Suite 100 | Miami, FL | FL |
| Store Lease | 3074 | bbBaby | 3206 East Colonial Drive | Orlando, FL | FL |
| Store Lease | 3049 | bbBaby | 11350-11360 Pines Blvd | Pembroke Pines, FL | FL |
| Store Lease | 3071 | bbBaby | TBD | TBD | FL |
| Store Lease | 3033 | bbBaby | 7121 North Point Parkway | Alpharetta, GA | GA |
| Store Lease | 3019 | bbBaby | 242 Robert C. Daniels Jr. Parkway | Augusta, GA | GA |
| Store Lease | 3100 | bbBaby | 2555 Cobb Place Lane NW, Suite 50 | Kennesaw, GA | GA |
| Store Lease | 3056 | bbBaby | 1670 Scenic Hwy N Suite 124 | Snellville, GA | GA |
| Store Lease | 3073 | bbBaby | 4100 University Ave, Suite 115 | W. Des Moines, IA | IA |
| Store Lease | 3040 | bbBaby | 5540 Northwest Hwy | Crystal Lake, IL | IL |
| Store Lease | 3009 | bbBaby | 1556 Butterfield Road | Downers Grove, IL | IL |
| Store Lease | 3064 | bbBaby | 324 S. Route 59 | Naperville, IL | IL |
| Store Lease | 3017 | bbBaby | 580 E. Golf Road | Schaumburg, IL | IL |
| Store Lease | 3140 | bbBaby | 425 East University Drive | Granger, IN | IN |
| Store Lease | 3016 | bbBaby | 1230 N. US 31 Suite A | Greenwood, IN | IN |
| Store Lease | 3051 | bbBaby | 4030 East 82nd Street | Indianapolis, IN | IN |
| Store Lease | 3057 | bbBaby | 12055 Metcalf Avenue | Overland Park, KS | KS |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 3104 | bbBaby | 2756 N. Greenwich Ct. | Wichita, KS | KS |
| Store Lease | 3042 | bbBaby | 2321 Sir Barton Way | Lexington, KY | KY |
| Store Lease | 3120 | bbBaby | 5919 Bluebonnet Blvd | Baton Rouge, LA | LA |
| Store Lease | 3060 | bbBaby | 160 Granite Street | Braintree, MA | MA |
| Store Lease | 3001 | bbBaby | 683 Rockville Pike | Rockville, MD | MD |
| Store Lease | 3012 | bbBaby | 42595 Ford Road | Canton, MI | MI |
| Store Lease | 3047 | bbBaby | 4100 28th Street SE | Kentwood, MI | MI |
| Store Lease | 3137 | bbBaby | 28512 Telegraph Road | Southfield, MI | MI |
| Store Lease | 3011 | bbBaby | 13361 Hall Road | Utica, MI | MI |
| Store Lease | 3065 | bbBaby | 9160 Hudson Road | Woodbury, MN | MN |
| Store Lease | 3070 | bbBaby | 15355A Manchester Road | Ballwin, MO | MO |
| Store Lease | 3062 | bbBaby | 20000 East Jackson Drive | Independence, MO | MO |
| Store Lease | 3090 | bbBaby | 3200 Laclede Station, Suite D | St. Louis, MO | MO |
| Store Lease | 3024 | bbBaby | 9555 South Blvd. | Charlotte, NC | NC |
| Store Lease | 3131 | bbBaby | 8050 Concord Mills Boulevard | Concord, NC | NC |
| Store Lease | 3115 | bbBaby | 2716 Freedom Parkway | Fayetteville, NC | NC |
| Store Lease | 3050 | bbBaby | 3121 Market Center Drive | Morrisville, NC | NC |
| Store Lease | 3101 | bbBaby | 12204 K Plaza | Omaha, NE | NE |
| Store Lease | 3028 | bbBaby | 213 Daniel Webster Highway | Nashua, NH | NH |
| Store Lease | 3037 | bbBaby | 711 Route 28 | Bridgewater, NJ | NJ |
| Store Lease | 3010 | bbBaby | 1590 Kings Highway North | Cherry Hill, NJ | NJ |
| Store Lease | 3094 | bbBaby | 530 W. Mount Pleasant Avenue | Livingston, NJ | NJ |
| Store Lease | 3003 | bbBaby | Route 17 North | Paramus, NJ | NJ |
| Store Lease | 3092 | bbBaby | TBD | TBD | NJ |
| Store Lease | 3006 | bbBaby | TBD | TBD | NJ |
| Store Lease | 3081 | bbBaby | 310 Rt. 36 | West Long Branch, NJ | NJ |
| Store Lease | 3130 | bbBaby | 675 U.S. 1 | Woodbridge Township, NJ | NJ |
| Store Lease | 3087 | bbBaby | 2451 San Mateo Boulevard NE Suite D | Albuquerque, NM | NM |
| Store Lease | 3136 | bbBaby | 535 North Stephanie Street | Henderson, NV | NV |
| Store Lease | 3112 | bbBaby | 2315 Summa Drive, Suite 120 | Summerlin, NV | NV |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 3083 | bbBaby | 1261 Niagara Falls Boulevard, #1 | Amherst, NY | NY |
| Store Lease | 3036 | bbBaby | 1440 Central Avenue | Colonie, NY | NY |
| Store Lease | 3005 | bbBaby | 895 East Gate Boulevard | Garden City East, NY | NY |
| Store Lease | 3007 | bbBaby | 220 W. 26th Street | New York, NY | NY |
| Store Lease | 3002 | bbBaby | 1019 Central Park Avenue | Scarsdale, NY | NY |
| Store Lease | 3013 | bbBaby | 3749 Easton Market | Columbus, OH | OH |
| Store Lease | 3116 | bbBaby | 6146 Wilmington Pike | Dayton, OH | OH |
| Store Lease | 3044 | bbBaby | 5255 Deerfield Blvd. | Mason, OH | OH |
| Store Lease | 3093 | bbBaby | 4045 Richmond Road | Warrenville Heights, OH | OH |
| Store Lease | 3129 | bbBaby | 292 Main Street | Westlake, OH | OH |
| Store Lease | 3053 | bbBaby | 10017 East 71st Street | Tulsa, OK | OK |
| Store Lease | 3124 | bbBaby | 3485 SW Cedar Hills Blvd. | Beaverton, OR | OR |
| Store Lease | 3128 | bbBaby | TBD | TBD | OR |
| Store Lease | 3103 | bbBaby | 751 Horsham Road, Unit B1 | Montgomeryville, PA | PA |
| Store Lease | 3026 | bbBaby | 1915 Whitehall Mall | Whitehall, PA | PA |
| Store Lease | 3032 | bbBaby | 1117 Woodruff Road | Greenville, SC | SC |
| Store Lease | 3110 | bbBaby | 2000 Mallory Lane, Suite 400 | Franklin, TN | TN |
| Store Lease | 3086 | bbBaby | 202 Morrell Road | Knoxville, TN | TN |
| Store Lease | 3018 | bbBaby | 5400 Brodie Lane, Suite 400 | Austin, TX | TX |
| Store Lease | 3117 | bbBaby | 5001-183A Toll Road, Suite i100 | Cedar Park, TX | TX |
| Store Lease | 3054 | bbBaby | 4648 SW Loop 820 | Fort Worth, TX | TX |
| Store Lease | 3039 | bbBaby | 2930 Preston Rd Suite 600 | Frisco, TX | TX |
| Store Lease | 3091 | bbBaby | 17355 Tomball Pkwy, Suite 1K | Houston, TX | TX |
| Store Lease | 3122 | bbBaby | 20416 Highway 59N | Humble, TX | TX |
| Store Lease | 3052 | bbBaby | 1451 West Pipeline Rd. | Hurst, TX | TX |
| Store Lease | 3109 | bbBaby | 24600 Katy Freeway, Suite 200 | Katy, TX | TX |
| Store Lease | 3111 | bbBaby | 500 N. Jackson Road, A-2 | Pharr, TX | TX |
| Store Lease | 3021 | bbBaby | 2712 N. Central Expressway | Plano, TX | TX |
| Store Lease | 3125 | bbBaby | 522 Northwest Loop 410 | San Antonio, TX | TX |
| Store Lease | 3106 | bbBaby | 2941 E. State Highway 114, | Southlake, TX | TX |
| Store Lease | 3126 | bbBaby | 12710 Fountain Lake Circle | Stafford, TX | TX |

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 3027 | bbBaby | TBD | TBD | TX |
| Store Lease | 3134 | bbBaby | 8930 South Broadway Avenue | Tyler, TX | TX |
| Store Lease | 3067 | bbBaby | 19801 Gulf Freeway Ste. 800 | Webster, TX | TX |
| Store Lease | 3066 | bbBaby | 10230 South State Street | Sandy, UT | UT |
| Store Lease | 3113 | bbBaby | 24670 Dulles Landing Drive, | Dulles, VA | VA |
| Store Lease | 3008 | bbBaby | 6398 Springfield Plaza | Springfield, VA | VA |
| Store Lease | 3080 | bbBaby | 2700 Potomac Mills Circle Suite 100 | Woodbridge, VA | VA |
| Store Lease | 3098 | bbBaby | 17686 Southcenter Parkway | Tukwila, WA | WA |
| Store Lease | 3038 | bbBaby | 665 Main Street | Brookfield, WI | WI |
| Store Lease | 3139 | bbBaby | TBD | TBD | WI |

## SCHEDULE B
## Compensation

### A.    Definitions

"Document" - shall be defined as an amendment or agreement generated by the Company, a Landlord or third party, that modifies a Lease in any manner. For the avoidance of doubt, a Document also shall include any letter agreement or other binding written communication (including, but not limited to, an e-mail communication) from a Landlord or third party consenting to the applicable Service.

"Early Termination Right" - shall be defined as the Company's exclusive right to terminate the Lease prior to the expiration date of the Lease.

"Gross Occupancy Cost" - shall be defined as the sum of the remaining base rent, any annual increases, percentage rent, CAM, taxes, insurance, rental tax, marketing and merchants' association charges, utility charges, HVAC usage charges, trash removal charges, sprinkler usage charges, unpaid rents, or any other sums due to the Landlord under a particular Lease as of the Agreement Date. For clarification purposes, Gross Occupancy Cost is calculated using the first date that the Service commences (i.e., the date that the rent reduction commences) through the earlier of the end of the Lease term in effect as of the Agreement Date (or longer if a Lease extension is also requested and negotiated by A&G on behalf of the Company) or when the Service is no longer in effect. CAM, taxes, insurance, marketing and merchants' association charges and all other applicable charges will be calculated using the last available full year charge for each item (which may be a calendar year or a lease year, depending upon which is the most recent full year charge available). In the event that rent increases periodically based upon the change in the Consumer Price Index (CPI), the assumed annual CPI increase shall be four percent (4%).

"Monetary Lease Modification" - shall be defined as any modification to or inclusion of additional provisions relating to the monetary terms of a Lease agreement, including, but not limited to, reduction in rent/other Lease charges, reduction in Lease Term, reduction in Lease space, termination of/waiver of/free rent or other Lease charges (including any previously deferred rent or other Lease charges), reduction or elimination of any outstanding amounts due under a Lease, reduction in square footage of premises covered by a Lease, reduction in the termination/kick out notice provision, the granting of tenant allowance or capital improvement dollars from the Landlord, the waiver of Company's capital expenditure obligations, extensions of existing rent reductions past their original end date, reduction in CAM charges, taxes, elimination of percentage rent, conversion to percentage rent, reductions in or returns of security deposits and FF&E if otherwise non-refundable (either pursuant to the terms of the Lease or as determined by the Landlord), or any other amendment to a Lease that results in Occupancy Cost Savings to the Company.

DocuSign Envelope ID: 4B6BA831-C743-405C-8B7E-D62A72EC48B2

"Lease Termination" - shall be defined as the termination or assignment of a Lease consented to by the Landlord pursuant to which the Company is relieved of all future obligations under that Lease.

"New Gross Occupancy Cost" - shall be defined as the reduced Gross Occupancy Cost that results from a Lease Modification or any other amendment to the Lease.

"Non-Monetary Lease Modification" - shall be defined as any modification to the non-monetary terms of a Lease agreement, including, but not limited to, change of use, co-tenancy clause, sublease rights, the negotiation of a lease extension, the granting of an additional option term or terms, an amendment to the current option term or terms (Early Termination Right fees are set forth separately for fee purposes), relocation of Lease spaces that do not result in a reduction in Gross Occupancy Cost and any other amendments to the Lease that is or would be beneficial to the Company that do not fall within the above definition of Monetary Lease Modifications.

"Occupancy Cost Savings" - shall be defined as the difference between the original Gross Occupancy Cost and the New Gross Occupancy Cost for the period from the earlier of the effective date of a Document, the date in which the Lease Modification or other Service becomes effective or the date in which A&G becomes entitled to its Fees under the terms herein, through the end of the Lease Term or the Revised Lease Term pursuant to the terms of the Services, less any payment(s) or costs payable by the Company to effectuate the Lease Modification or other Service, excluding legal fees. "Lease Term" shall be defined as the commencement date and expiration date of the Lease as set forth in the Lease as of the Agreement Date. "Revised Lease Term" shall be defined as the new Lease expiration date pursuant to any Lease extensions obtained by A&G on behalf of the Company. For example, if a Service includes a Monetary Lease Modification and an extension of the Lease, the Occupancy Cost Savings shall be applicable through the duration of the Lease extension (i.e., the Revised Lease Term).

Occupancy Cost Savings include, but are not limited to, reduction in rent/other Lease charges, reduction in term, reduction in Lease space, termination of/waiver of/free rent or other Lease charges (including any previously deferred rent or other Lease charges), reduction or elimination of any outstanding amounts due under a Lease, reduction of unamortized tenant allowance, reduction or elimination of the obligation to repay tenant allowance to the Landlord, reduction or elimination of the requirement to improve the Lease space that have a direct monetary benefit to the Company, the granting of tenant allowance or capital improvement dollars from Landlord or Landlord improvements to the property, the waiver of Company's capital expenditure obligations, reduction in square footage of premises covered by a Lease, extensions of existing rent reductions past their original end date, any lease extensions that result in a rent decrease, reduction in CAM charges, taxes, elimination of percentage rent, conversion to percentage rent, or any or any other amendment to a Lease that results in direct monetary savings to the Company.

For Occupancy Cost Savings resulting from the extension of a rent reduction past the Lease Term in effect as of the Agreement Date, the savings shall be based upon the original rent

13

DocuSign Envelope ID: 4B6BA831-C743-405C-8B7E-D52A72EC48B2

and option rent set forth in the Lease, allocated proportionately to the time period during the Lease Term and the extended term, as the case may be.  For example purposes only, if A&G obtains a 4-year rent reduction and only 2 years remain on the Lease Term, A&G's fee will be based upon the blended Occupancy Costs Savings resulting from the reduced rent as compared to the rent in effect during the Term for a period of 2 years, and the Occupancy Costs Savings resulting from the reduced rent as compared to the option rent set forth in the Lease, provided the Company exercises such option.  For Occupancy Cost Savings resulting from lease extensions where there is no rent increase, the savings shall be based upon the option price for the period of the duration of the extension or if there is no option price, the rent price for the immediately preceding period.

In the event base or gross rent (i.e., contract rent) is converted to percentage rent based on sales, Occupancy Cost Savings will be calculated based on the difference between the contract rent and the percentage rent using sales figures for the twelve (12) months ended June 30, 2022.

"Sublease" – shall be defined as the renting to a new tenant of a portion or the entirety of a premises subject to a Lease.

"Non-Store Lease" – shall be defined as any Lease on Schedule A that pertains to a non-store location, including without limitation, for any warehouse or office space.

B.    **Fees**

A&G shall be compensated for the Services as follows:

1.  Security Retainer. The Company shall pay A&G a security retainer in the amount of one hundred thousand dollars ($100,000) upon execution of this Agreement. The security retainer shall be non-refundable and shall be applied to the final invoice for fees and expenses due under the terms of this Agreement. To the extent the Security Retainer exceeds the amount of the final invoice for undisputed fees and expenses payable under this Agreement, A&G shall pay the excess amount back to the Company within 30 days of this Agreement's expiration or earlier termination.

2.  Monetary Lease Modifications. For each Monetary Lease Modification obtained by A&G on behalf of the Company, A&G shall earn and be paid a fee, for each Lease, in the amount of (i) two and a half percent (2.5%) of the Occupancy Cost Savings in years 1 through 5 of remaining Lease term and two percent (2.0%) of the Occupancy Cost Savings in any years remaining thereafter, per Lease plus (ii) two percent (2.0%) any consideration paid to the Company by or on behalf of a Landlord for any Monetary Lease Modification regardless of year in which paid (the "Monetary Lease Modification Consideration"); provided that for any Non-Store Lease, the fee shall be in the amount of two percent (2%) of the Monetary Lease Modification Consideration.

14

3. <u>Lease Terminations</u>.  For each Lease Termination obtained by A&G on behalf of the Company, A&G shall earn and be paid a fee, for each Lease, in the amount of (i) two and a half percent (2.5%) of the Occupancy Cost Savings in years 1 through 5 of remaining Lease term and two percent (2.0%) of the Occupancy Cost Savings in any years remaining thereafter, per Lease plus (ii) two percent (2.0%) any consideration paid to the Company by or on behalf of a Landlord or a new tenant including the return of any security deposits regardless of year in which paid (subparts (i) and (ii), collectively, the "<u>Lease Termination Consideration</u>"); provided that for any Non-Store Lease, the fee shall be in the amount of two percent (2%) of the Lease Termination  Consideration.

4. <u>Sublease</u>.  For each Sublease obtained by A&G on behalf of the Company, A&G shall earn and be paid a fee (the "<u>Sublease Fee</u>"), for each Sublease, in the amount of three percent (3%) of the total gross rent to be paid to the Company during the original term of the Sublease (the "<u>Sublease Consideration</u>"); provided that for any Sublease of a Non-Store Lease, the fee shall be two percent (2%) of the Sublease Consideration.  In the event a broker fee is to be paid to the broker of a subtenant, the Sublease Fee shall be five percent (5%) of the Sublease Consideration for the Sublease of a Lease; provided that for any Sublease of a No-Store Lease, the Sublease Fee shall be three percent (3%) of the Sublease Consideration, with A&G to have sole responsibility to pay any broker's commission.

5. <u>Non-Monetary Lease Modifications.</u>  For each  Non-Monetary  Lease Modification obtained by A&G on behalf of the Company, A&G shall earn and be paid a fee of $750.00 per Lease.

6. <u>Early Termination Rights.</u>  For each Early Termination Right obtained by A&G on behalf of the Company, A&G shall earn and be paid a fee equal to one-fourth (¼) of one (1) month's Gross Occupancy Cost per Lease.

7. <u>Broader Transaction</u>.  For the avoidance of doubt, in the event any Leases are assigned to a buyer as part of a broader transaction, including with respect to a going concern sale, including without limitation, as to individual concepts such as buy buy Baby or as to certain geographies such as Canada or Mexico, A&G shall not earn a fee on any consideration paid to the Company by or on behalf of such buyer.  A&G shall, however, earn a fee for any individual Leases(s) included in such broader transaction for any such individual Lease with respect to which a Fee Event has occurred prior to the closing of such broader transaction.

C.    **Payment of Fees**.

A&G shall provide the Company with a deal sheet with the terms of the proposed Lease Modification, Lease Termination, Sublease or Early Termination Right (the "<u>Deal</u>

15

Sheet"). For clarification purposes, a Deal Sheet can include, but not be limited to, an email or other written communication from A&G setting forth the terms of the proposed Service. If the Company approves the terms of the Deal Sheet in writing, which approval shall be in the Company's sole and absolute discretion, and either (x) (i) the Company and the applicable Landlord or other third party (if applicable) each execute and unconditionally deliver a Document pursuant to which a Lease Termination or Sublease is consummated, (ii) such Document contains terms that are substantially the same as the terms in the Deal Sheet, and (iii) all conditions precedent to the effectiveness of such Document are satisfied, then A&G shall be entitled to, and shall be paid, its fees in accordance with the above fee structure, or (y) (I) the applicable Landlord or other third party (if applicable) executes and delivers a Document pursuant to which a Lease Modification or Early Termination Right would be consummated upon execution and delivery of such Document by the Company, (II) such Document contains terms that are substantially the same as the terms in the Deal Sheet, and (III) all conditions precedent to the effectiveness of such Document are satisfied (other than the Company's execution and delivery thereof), but the Company elects not to execute and deliver such Document notwithstanding that such Document contains terms that are the same terms as the Deal Sheet, then A&G shall be entitled to, and shall be paid, its fees in accordance with the above fee structure (the occurrence of either of the events described in clauses (x) and (y) above being referred to herein as a "Fee Event"). The Deal Sheet shall be in the form attached hereto as Exhibit D.

The Company shall pay all undisputed fees to A&G within twenty-one (21) days of the receipt of an invoice therefor.

## **SCHEDULE C**

**A&G Weekly Reporting Template**

*[On file with the Debtors]*

## **SCHEDULE D**

**A&G Deal Sheet Template**

*[On file with the Debtors]*

## **Exhibit 2**

**Real Estate Services Agreement Amendment**

## FIRST AMENDMENT TO REAL ESTATE SERVICES
## AGREEMENT WITH BED BATH & BEYOND, INC.

This Amendment (the "Amendment") is made as of January 27, 2023 (the "Amendment Date"), to the Real Estate Services Agreement by and between **A&G REALTY PARTNERS, LLC**, a New York limited liability company, with its principal place of business at 445 Broadhollow Road, Suite 410, Melville, New York 11797 ("A&G"), and **BED BATH & BEYOND, INC.**, a New York corporation, with its principal place of business at 650 Liberty Avenue, Union, New Jersey 07083 (including its affiliates and subsidiaries, collectively the "Company" and, together with A&G, collectively the "Parties" and, individually, a "Party").

WITNESSETH:

**WHEREAS**, the Parties entered into a Real Estate Services Agreement (the "Original Agreement") dated as of August __, 2022; and

**WHEREAS**, the Parties wish to amend the Original Agreement as set forth herein.

**NOW THEREFORE**, in consideration of the mutual covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Parties agree as follows:

1. The Term (as defined in the Original Agreement) of the Original Agreement hereby is extended through July 31, 2023, or until the Services are completed.

2. New Section 33 is added as follows:

    33. Bankruptcy.

        a. In the event the Company files for bankruptcy protection during the Term of this Agreement, the Company shall apply promptly to the Bankruptcy Court for an order, in a form acceptable to A&G, authorizing the Company to retain and compensate A&G in accordance with the terms of this Agreement and to use its best efforts to obtain such order. The Company shall (a) seek the hiring and retention of A&G under sections 327 and 328 of the Bankruptcy Code and (b) file any applications necessary and otherwise assist A&G in obtaining Bankruptcy Court approval of the payment of its fees and costs hereunder. The Company shall provide A&G with a copy of the pleadings requesting retention of A&G prior to submission to the Bankruptcy Court for A&G's review and comments and advise A&G of any objection or hearings pertaining to A&G's retention. The order

authorizing A&G's retention must be reasonably acceptable to A&G and A&G's obligations hereunder are conditioned upon the grant of such order. Furthermore, if such order is not obtained within sixty days from the date that it is filed, A&G shall have the right to terminate this Agreement at any time thereafter. If a reasonably acceptable order is not obtained authorizing A&G's services and fees as set forth herein, the Company agrees to amend the application in conjunction with A&G and request a hearing to consider the application. In the event the Company is unable to obtain a reasonably acceptable order authorizing the hiring and retention of A&G under the terms of this Agreement and the Agreement is terminated, A&G reserves the right to seek a substantial contribution claim for any rights or obligations incurred or accrued prior to such termination.

b.  Before finalizing any cash collateral/debtor in possession financing budget with its secured lender and filing same with the Bankruptcy Court, the Company shall provide A&G with a reasonable opportunity to review and provide input into the budget regarding its estimated fees and expenses during the relevant budget period(s).

3.  New definition is added to **Section A (<u>Definitions</u>)** of **SCHEDULE B (<u>Compensation</u>)** as follows:

"<u>Gross Proceeds</u>" - shall be defined as the total consideration paid or payable to the Company by a landlord, investor, purchaser, or any other party to either waive, terminate, sublease, or purchase a Lease or any right related to a Lease. It includes, but is not limited to, cash and any other form of currency paid or waived by the Landlord, sub-tenant or other third party to the Company in relation to a Lease Sale. This list is not meant to be exhaustive and Gross Proceeds shall include any consideration or other quantifiable economic benefit paid or payable to the Company in conjunction with a Lease Sale, including all (i) Company debt assumed, satisfied or paid by a purchaser or which remains outstanding at closing (including, without limitation, the amount of any indebtedness "credit bid" at any sale), and (ii) amounts placed in escrow and deferred, contingent payments and installment payments.

4.  New Subsections 8-10 are added to **Section B (<u>Fees</u>)** of **SCHEDULE B (<u>Compensation</u>)** as follows:

8.  <u>Lease Sales</u>.  For each assignment or other disposition of a Lease obtained by A&G on behalf of the Company to a third party, A&G shall earn and be paid a fee in the amount of three percent (3%) of the Gross Proceeds per Lease.

9.  <u>Lease Valuations</u>.  If requested by the Company, for each valuation of a Lease provided by A&G to the Company, A&G shall earn and be paid a fee in the amount of five hundred dollars ($500) per Lease.

2

10. <u>Landlord Consents</u>.    If requested by the Company, for each consent obtained by A&G to extend the Company's time to assume or reject a Lease as a part of any applicable Chapter 11 case, A&G shall earn and be paid a fee in the amount of five hundred dollars ($500) per Lease.

All other terms and conditions of the Original Agreement shall be unaffected by this Amendment and remain in full force and effect.

IN WITNESS WHEREOF, the Parties have caused this Amendment to be executed by their respective duly authorized representatives effective as of the Amendment Date.

BED BATH & BEYOND, INC.

By:

Name:    David Kastin
Title:    EVP - Chief Legal Officer

A&G REALTY PARTNERS, LLC

By:
Name: EMILIO Amendola
Title: Co-president

3

## **Exhibit 3**

**Co-Broker Real Estate Services Agreement**



# REAL ESTATE SERVICES AGREEMENT AMONG A&G REALTY PARTNERS, LLC, JONES LANG LASALLE AMERICAS, INC., AND BED BATH AND BEYOND INC.

This Real Estate Services Agreement including the Schedules attached hereto (collectively the "Agreement") is made as of May 11, 2023 (the "Agreement Date"), by and among **A&G REALTY PARTNERS, LLC**, a New York limited liability company, with its principal place of business at 445 Broadhollow Road, Suite 410, Melville, New York 11797 ("A&G"), **JONES LANG LASALLE AMERICAS, INC.**, a Maryland corporation, with an address of 101 Wood Avenue South, Suite 410, Iselin, New Jersey 08830 ("JLL" and, together with A&G, the "RE Advisors"), and **BED BATH & BEYOND, INC.**, a New York corporation, with its principal place of business at 650 Liberty Avenue, Union, New Jersey 07083 (the "Company" and, together with the RE Advisors, collectively, the "Parties" and, individually, a "Party").

## WITNESSETH:

**WHEREAS**, on April 23, 2023, the Company and 73 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") bearing Case No. 23-13359 (VFP) (administratively consolidated);

**WHEREAS**, the Company (or one or more of the Debtors) (i) owns certain property located at 2436 Penny Road, Claremont, North Carolina (the "Property") and (ii) is the tenant under the leases for warehouse space more particularly identified on the attached Schedule A (collectively, the "Leases" and, individually, a "Lease"); and

**WHEREAS**, under the terms and conditions contained in this Agreement, and subject to Bankruptcy Court approval, the Company, on behalf of itself and the other Debtors, desires to retain the RE Advisors, and the RE Advisors are willing to provide the Services (as defined below) to the Company.

**NOW THEREFORE**, in consideration of the mutual covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  In accordance with the terms and conditions of this Agreement, and subject to Bankruptcy Court approval pursuant to Sections 327 and 328 of the Bankruptcy Code, the RE Advisors will provide the Company with the following services (collectively, the "Services"):

    a.  Ascertain the Company's goals, objectives and financial parameters with respect to the sale of the Leases (each, a "Lease Sale") and the Property (the "Property Sale");

    b.  Prepare and implement a marketing plan to sell the Leases and the Property;

    c.  Conduct a sale process for the Leases and the Property;

    d.  Represent the Company in, and negotiate, the sale of the Leases and the Property;

    e.  Assist the Company and its counsel in the documentation of sale transactions involving the Leases and the Property; and

    f.  Report periodically to the Company regarding the status of the project.

2.    <u>Term of Agreement</u>.  Subject to Section 12 herein, this Agreement shall be for a term of six (6) months following the Agreement Date (the "<u>Term</u>") or until the Services are completed. The Term may be extended or renewed by written agreement of the Parties.

3.    <u>Compensation</u>.   The RE Advisors shall earn and be paid a fee in the amount of three percent (3%) of the Gross Proceeds of a Lease Sale or the Property Sale (the "<u>Fee</u>"). "Gross Proceeds" shall be defined as the amount of total consideration paid or payable, or otherwise to be received by the Debtors in connection with the sale of the Property or any Leases including all (i) cash, securities or other property, (ii) any debt assumed, satisfied or paid by a purchaser or which remains outstanding at closing (including, without limitation, the amount of any indebtedness "credit bid" at any sale), and (iii) amounts placed in escrow and deferred, contingent payments and installment payments. With respect to a Lease Sale, "Gross Proceeds" also shall include any form of currency waived by a landlord of that Lease. The Fee shall be paid at the closing on each Lease Sale or the Property Sale, as the case may be. The RE Advisors shall file a final fee application under Section 328 of the Bankruptcy Code in connection with the Fee and any Marketing Expenses. The Fee shall be shared equally between the RE Advisors.

4.    <u>Additional Services.</u>  The RE Advisors may provide additional services requested by the Debtors that are not otherwise specifically provided for in this Agreement. Any additional services will be mutually agreed upon by the Parties and documented in a separate written agreement.

5.    <u>Recordkeeping</u>.  The Services to be provided by the RE Advisors pursuant to this Agreement are, in general, transactional in nature. Accordingly, the RE Advisors will not bill the Company by the hour or maintain time records.

6.    <u>Expenses and Disbursements</u>. The Debtors shall reimburse the RE Advisors for their reasonable, documented out-of-pocket expenses (including, but not limited to, marketing and travel) incurred in connection with its retention and provision of Services (the "<u>Marketing Expenses</u>"), provided, the Marketing Expenses shall be approved in advance by the Company (it is estimated that the Marketing Expenses shall not exceed approximately $20,000). Additionally, any legal fees and expenses incurred by the RE Advisors as a result of responding to any litigation or other type of inquiry, deposition or otherwise relating to the Services or this Agreement shall be reimbursed by the Debtors to the RE Advisors. Any undisputed reimbursable

expenses shall be paid to the RE Advisors within five (5) business days of receipt of an invoice therefor, except as otherwise provided by the Bankruptcy Court.

7.    Exclusive. During the Term of this Agreement, the RE Advisors shall have the sole and exclusive authority to perform the Services. All relevant inquiries regarding the Property or any Leases made to the Debtors, their agents or representatives (including professionals) shall be directed to the RE Advisors, *provided, however*, that nothing herein shall prohibit the Company's employees from communicating with a landlord of such Lease relating to day-to-day operations at the premises of such landlord. In the event the Debtors enter into an agreement for the sale of the Property or any Lease during the term of this Agreement, then regardless of the identity of the purchaser or the person who introduced such purchaser to the Debtors, or the date of closing thereunder, the RE Advisors shall be entitled to the Fee pursuant to the terms of Section 3 of this Agreement payable upon the closing of the transaction.

8.    Information.    The Company shall make available to the RE Advisors such documents and other information which in the reasonable judgment of the RE Advisors are necessary or appropriate for the fulfillment of their assignment hereunder and the proper marketing of the Property and the Leases. All documents and information supplied to the RE Advisors by the Company shall, to the best of the Company's knowledge, be complete and accurate and the Company shall correct any information which it learns is incomplete or inaccurate. The Company understands that the information provided to the RE Advisors may be used in the preparation of marketing materials that will be distributed to prospective purchasers. The Company will be asked to approve all marketing materials in advance of their use. The Company acknowledges and agrees that, as between the RE Advisors and the Company, the Company is responsible for the accuracy and completeness of all information regarding the Property and the Leases that is provided by or at the direction of the Company to third parties. Additionally, the Company agrees to provide to the RE Advisors a copy of the final form of the closing or settlement statement(s) prepared in connection with the closing and settlement of the sale transaction(s).

9.    Analysis. To the extent that the RE Advisors prepare any analysis, valuation, appraisal or other report regarding the economic value of the Property or the Leases ("Analysis"), the  Company acknowledges and agrees that any such Analysis will be an estimate only and will not constitute a representation, warranty, covenant or guaranty, either expressed or implied, regarding future events or performance. The Company further acknowledges and agrees that the Analysis will be used for its internal purposes only, and will not be disseminated to any third party without the written consent of the RE Advisors.

10.    Use of Company Name.  The RE Advisors may use the Company's name and logo to identify the Company as one of the RE Advisors' clients.

4

11.   <u>No Authority to Execute Agreements.</u>  The RE Advisors shall have no right or power to enter into any agreement in the name of or on behalf of the Company or to otherwise obligate the Company in any manner without the Company's prior written consent or approval.

12.   <u>Assignment</u>.  Neither Party may delegate or assign its rights and obligations under this Agreement in whole or in part to an unaffiliated third party without the prior written consent of the other Party.

13.   <u>Notices.</u>  Unless otherwise expressly provided herein or waived in writing by the Party to whom notice is given, any notice or other communication required or permitted hereunder will be effective if given in writing (i) when delivered by hand; (ii) three days after sent by certified mail, return receipt requested; (iii) when delivered by electronic email communication to the email address set forth below and verified by confirmed receipt; or (iv) one day after delivery to a commercial overnight courier, and addressed to the Parties as follows:

<table>
<tr><td>To the Company:</td><td>Bed Bath & Beyond, Inc.<br>650 Liberty Avenue<br>Union, New Jersey 07083<br>Attention: Wade Haddad, SVP Real Estate<br>Email: Wade.Haddad@BedBath.com</td></tr>
<tr><td></td><td>With a copy to:</td></tr>
<tr><td></td><td>Bed Bath & Beyond, Inc.<br>650 Liberty Avenue<br>Union, New Jersey 07083<br>Attention: Chief Restructuring Officer<br>Email: hetlin@alixpartners.com</td></tr>
<tr><td>To A&G:</td><td>A&G Realty Partners, LLC<br>445 Broadhollow Road, Suite 410<br>Melville, New York 11747<br>Attn:  Emilio Amendola<br>Tel: (631) 465-9507<br>Email:  emilio@agrep.com</td></tr>
<tr><td>To JLL:</td><td>JLL-Northeast Industrial Region<br>101 Wood Avenue South, Suite 410<br>Iselin, New Jersey 08830<br>Attn:  Seth Geldzahler, Senior Managing Director<br>Tel: (732) 491-2170<br>Email:  Seth.Geldzahler@jll.com</td></tr>
</table>

14. <u>Representations, Warranties and Covenants</u>. Each Party, severally not jointly, represents that it has all requisite power and authority to enter into this Agreement. This Agreement has been validly authorized by all necessary corporate action and constitutes a legal, valid and binding agreement of the Company and the RE Advisors. Each Party, severally not jointly, represents that this Agreement does not and will not violate any applicable law or conflict with any agreement, instrument, judgment, order or decree to which it is a party or by which it is bound. Furthermore, each Party, severally not jointly, represents and agrees that it will comply with all applicable laws, rules, regulations, orders or decrees during the term of this Agreement in performing its obligations hereunder. Each Party, severally not jointly, agrees to deal with the other fairly and in good faith so as to allow each Party to perform their duties and earn the benefit of this Agreement. The RE Advisors agree to utilize commercially reasonable efforts and diligence to achieve the purpose of this Agreement.

15. <u>Survival of Fee</u>. In the event the RE Advisors have had, and have documented, substantive discussions regarding a sale of the Property or any Lease with a third party prior to the termination or expiration of the term of this Agreement and a sale of the Property or any Lease by the Company to said third party is consummated within ninety (90) days after the termination or expiration of this Agreement, the RE Advisors shall be entitled to the Fee pursuant to the terms of Section 3 of this Agreement.

16. <u>Indemnification</u>. The Company agrees to indemnify the RE Advisors and their respective affiliates, officers, directors, employees, agents and independent contractors, and hold each of them harmless from and against all third party claims, demands, penalties, losses, liability or damage, including, without limitation, reasonable attorneys' fees and expenses, asserted against, resulting from (directly or indirectly), or related to the Services or actions or omissions of the RE Advisors or the Company taken pursuant to this Agreement, (including, but not limited to, any covenants, representations or warranties contained herein) or in any written agreement entered into in connection herewith except to the extent that such claims or liabilities arise as a direct result of the RE Advisors' fraud, gross negligence, or willful misconduct.

17. <u>Limitation on Liability</u>. Neither Party shall be responsible for any indirect, incidental, consequential, exemplary, punitive or other special damages (including, but not limited to, loss of profits and damage to reputation or business) arising under or by reason of this Agreement, the Services or any act or omission hereunder except to the extent of actual fraud, gross negligence, or willful misconduct. Neither Party shall be liable if it is unable to perform its responsibilities hereunder as a result of events beyond its control. Furthermore, except in the event the RE Advisors' errors and omissions policy is available to cover any claims against the RE Advisors hereunder, in no event shall the RE Advisors/ liability for a default or breach of this Agreement exceed the amount of fees paid to the RE Advisors hereunder.

18. <u>Binding Effect. No Third-Party Beneficiaries</u>. This Agreement binds and inures to the benefit of the Parties hereto and their respective successors and permitted assigns and except as expressly provided herein, is not intended to confer any rights or remedies upon any person not a party to this Agreement.

19. <u>Waivers and Amendments</u>. Waiver by either Party of any default by the other Party shall not be deemed a waiver of any other default. This Agreement (including the Schedule (s) attached hereto) may not be waived, amended, or modified by either Party unless in writing and signed by all Parties hereto.

20. <u>Severability</u>. If any provision, or any portion of any provision, contained in this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, then it is the intent of the Parties to modify or limit such provision or portion thereof so as to be valid and enforceable to the extent permitted under applicable law. In the event that such provision or portion thereof cannot be modified, then such provision or portion thereof shall be deemed omitted and this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

21. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All prior agreements, representations, statements, negotiations, understandings, and undertakings are superseded by this Agreement.

22. <u>Counterpart Execution/Facsimile and Electronic Signatures</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original and all of which together shall constitute one document. Facsimile and electronic signatures on this Agreement and any document contemplated hereby shall be deemed to be original signatures.

23. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New Jersey without reference to its conflict of laws rules. Any dispute arising under or resulting from this Agreement shall be resolved exclusively by the Bankruptcy Court.

24. <u>Waiver of Jury Trial</u>. Each of the Parties unconditionally waives, to the extent legally permissible, the right to a jury trial in connection with any claim arising out of or related to this Agreement.

25. <u>Headings/Tenses</u>. The section headings and use of defined terms in the singular or plural tenses in this Agreement are solely for the convenience of the Parties. To the extent that there may be any inconsistency between the headings and/or the tenses and the intended meaning, the intent of the Parties or the provision, the terms of such provision shall govern.

26. <u>No Presumptions</u>. This Agreement shall be deemed drafted by all Parties and there shall be no presumption for or against any Party in the interpretation of this Agreement.

[SIGNATURES ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their respective duly authorized representatives effective as of the Agreement Date.

BED BATH & BEYOND, INC.

By: _Holly Etlin_____

    Name: Holly Etlin

    Title:  Chief Restructuring Officer and Chief
           Financial Officer

A&G REALTY PARTNERS, LLC

By: _____

    Name: Emilio Amendola

    Title:  Co-President

JONES LANG LASALLE AMERICAS, INC.

By: _____

    Name:  David Knee

    Title:  Vice Chairman

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 653 | BBB | 1001 W. Middlesex Avenue | Port Reading/Carteret, NJ | NJ |
| Store Lease | 677 | BBB | 2900 S. Valley Parkway | Lewisville, TX | TX |
| Store Lease | 655 | BBB | 5835 East Ann Road | North Las Vegas, NV | NV |
| Store Lease | 657 | BBB | 860 John B. Brooks Road | Pendergrass, GA | GA |
| Store Lease | 693 | BBB | 71 Mall Road | Frackville, PA | PA |
| Store Lease | 650 | BBB | 3 Enterprise Ave. N | Secaucus, NJ | NJ |
| Store Lease | 8671 | BBB | 5402 East El Campo | North Las Vegas, NV | NV |
| Store Lease | 8650 | BBB | 11 Taft Road | Totowa, NJ | NJ |
| Store Lease | 1692 | BBB | 6120 Clinker Drive, Bldg 1 | Jurupa Valley, CA | CA |