**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**CERTIFICATE OF NO OBJECTION WITH RESPECT TO
THE DEBTORS' NOTICE OF REJECTION OF EXECUTORY
<u>CONTRACTS AND/OR UNEXPIRED LEASES AND GRANTING RELATED RELIEF</u>**

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1.      On May 23, 2023, the above-captioned debtors and debtors in possession filed a Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (the "<u>Rejection Notice</u>").

2.      The Rejection Notice is attached hereto as **<u>Exhibit A</u>**.

3.      The proposed form of *First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any* (the "<u>Proposed Order</u>") is attached hereto as **<u>Exhibit B</u>**.

4.      The deadline for parties to file objections and responses to the Rejection Notice was June 2, 2023 (the "<u>Objection Deadline</u>").  No objections or responses to the Rejection Notice were filed on the docket on or before the Objection Deadline.  Counsel to the Debtors did not receive any other informal responses on or before the Objection Deadline.

5.      The Debtors request that the Court enter the attached Proposed Order at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 5, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
           wusatine@coleschotz.com
           fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:     josuha.sussberg@kirkland.com
           emily.geier@kirkland.com
           derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that on May 17, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. 382] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' Chapter 11 Cases no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler, and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq.; (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos (Fran.B.Steele@usdoj.gov, John.Schanne@usdoj.gov, and

---

[2]    Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

Alexandria.Nikolinos@usdoj.gov); and (iv) proposed counsel to the Committee, Pachulski Stang

Ziehl & Jones LLP, 780 3rd Ave #34, New York, NY 10017, Attn: Attn: Robert J. Feinstein,

Bradford J. Sandler, Paul J. Labov and Colin R. Robinson. Only those responses that are timely

filed, served, and received will be considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the

Debtors may include and file with the Court the above-described Contract(s) in a rejection

schedule attached to the proposed form of order under a certificate of no objection, substantially

in the form attached hereto as **Exhibit 1-A** (the "Rejection Order"). No Contract shall be deemed

rejected absent entry of an applicable Rejection Order. The rejection of each Contract shall

become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as

the Debtors and the counterparty or counterparties to such Contract agree.[3]

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any

Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing

to consider the objection for the Contract or Contracts to which such objection relates. If such

objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the

applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors

and the counterparty or counterparties to any such Contract agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures

Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or

other arrangement, the Contract counterparty may not set off or recoup or otherwise use such

---

[3]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an
objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the
rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which
it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection
will be effective in accordance with this Rejection Notice and the Order.

monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

PLEASE TAKE FURTHER NOTICE that to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these Chapter 11 Cases, if any, and (b) 30 days after the later of (i) the date of entry of the Rejection Order approving rejection of the applicable Contract and (ii) the Rejection Date. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: May 23, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:       josuha.sussberg@kirkland.com
             emily.geier@kirkland.com
             derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**<u>Schedule 1</u>**

**Procedures Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on May 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## ORDER (I) AUTHORIZING AND APPROVING
## PROCEDURES TO REJECT EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

**DATED: May 17, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through ten (10), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion For Entry of an Order (I) Authorizing And Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.  The Motion is **GRANTED** as set forth herein.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

2.      Notwithstanding anything to the contrary contained herein, nothing contained in this Order shall affect any leases rejected pursuant to the order entered by the Court in respect of the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of any Personal Property, Effective as of the Rejection Date, and (III) Granting Related Relief* (the "Lease Rejection Motion") [Docket No. 79].

3.      The following Rejection Procedures are approved in connection with rejecting Contracts:

a.      ***Rejection Notice***.   The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall be provided to the Official Committee of Unsecured Creditors (the "Committee") at least three (3) days prior to filing, absent exigent circumstances that require shorter notice in the Debtors' reasonable discretion, and set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (iv) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable; (v) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).   The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order.   Further, the Rejection Notice shall include the proposed form of order (the "Rejection Order") approving the rejection of the Contracts, which shall be substantially in the form of Exhibit 1-A to the Rejection Notice.   No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.      ***Service of the Rejection Notice***.   The Debtors will cause each Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and by email upon such

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the office of the United States Trustee for the District of New Jersey, Attn: Fran B. Steele, Esq., Fran.B.Steele@usdoj.gov; (B) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (C) the agents under the Debtors' prepetition secured facilities and counsel thereto; (D) the DIP Agent counsel thereto; (E) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (F) the indenture trustee to the Debtors' Senior Unsecured Notes; (G) the United States Attorney's Office for the District of New Jersey; (H) the Internal Revenue Service; (I) the U.S. Securities and Exchange Commission; (J) the attorneys general in the states where the Debtors conduct their business operations; (K) the monitor in the CCAA proceeding and counsel thereto; (L) the Debtors Canadian Counsel; and (M) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.    ***Objection Procedures***.    Parties objecting to a proposed rejection must file and serve a written objection[1] so that such objection is filed with this Court on the docket of the Debtors' Chapter 11 Cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler, and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq.; (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos (Fran.B.Steele@usdoj.gov, John.Schanne@usdoj.gov, and Alexandria.Nikolinos@usdoj.gov); and (iv) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 780 3rd Ave #34, New York, NY 10017, Attn: Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov and Colin R. Robinson.

d.    ***No Objection Timely Filed***.    If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under

---

[1]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

a certificate of no objection. Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.      ***Unresolved Timely Objections***.   If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.      ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date; *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises as described above and (a) turn over keys, key codes, and security codes, if any, to the affected landlord or (b) notify the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

g.      ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup

(Page | 7)
| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.     ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment, and (iii) within five (5) business days of filing a Rejection Notice, the Debtors will make reasonable efforts to contact any third parties that may be known to the Debtors to have a property interest in the Abandoned Property and ask such third parties to remove or cause to be removed personal property, if any, from the premises prior to the Rejection Date.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The rights of the applicable landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

i.     ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed in accordance with the Plan or on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) 30 days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

4.      Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6.      Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors To (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the*

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

*Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

7.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

8.      Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the Rejection Notices.

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Proposed Rejection Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that on [_____], 2023 the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") entered an order on the motion (the "<u>Motion</u>")[2] of debtors and debtors in possession (the "<u>Debtors</u>"), approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "<u>Procedures Order</u>") attached hereto as **<u>Schedule 1</u>**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this notice (this "<u>Rejection Notice</u>"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **<u>Schedule 2</u>** attached hereto is hereby rejected effective as of the date (the "<u>Rejection Date</u>") set forth in **<u>Schedule 2</u>**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' Chapter 11 Cases no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fiedler, and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq.; (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos (Fran.B.Steele@usdoj.gov, John.Schanne@usdoj.gov, and

---

[2]   Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

Alexandria.Nikolinos@usdoj.gov); and (iv)  proposed counsel to the Committee, Pachulski Stang

Ziehl & Jones LLP, 780 3rd Ave #34, New York, NY 10017, Attn: Attn: Robert J. Feinstein,

Bradford J. Sandler, Paul J. Labov and Colin R. Robinson.  Only those responses that are timely

filed, served, and received will be considered at any hearing.

　　　　**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the

rejection of each Contract shall become effective on the applicable Rejection Date set forth in

**Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such

Contract agree.[3]

　　　　**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any

Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing

to consider the objection for the Contract or Contracts to which such objection relates.  If such

objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the

applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors

and the counterparty or counterparties to any such Contract agree.

　　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures

Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or

other arrangement, the Contract counterparty may not set off or recoup or otherwise use such

monies without further order of the Court, unless the Debtors and the counterparty or

counterparties to such Contracts otherwise agree.

---

[3]　　An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these Chapter 11 Cases, if any, and (b) 30 days after the later of (i) the date of entry of the Rejection Order approving rejection of the applicable Contract and (ii) the Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: [_____], 2023

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**<u>Schedule 1</u>**

**Procedures Order**

## Schedule 2

### Rejected Contracts

| Rejection Counterparty | Description of Contract[1] | Abandoned Property | Rejection Date |
|---|---|---|---|
|  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## Exhibit 1-A

**Proposed Rejection Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

---

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# [NUMBER] ORDER APPROVING THE REJECTION
# OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
# LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Case is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page |3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No.____] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Procedures Order; and no timely objections have been filed to the Rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on Exhibit 1 or such other date as the Debtors and the applicable Rejection Counterparty

---

[1]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page |4 )

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

2.     The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises and (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The rights of the applicable landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

3.        Claims arising out of the rejection of Contracts, if any, must be filed in accordance with the Plan or on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) 30 days after the later of (A) the date of entry of this Order, and (B) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

4.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

5.        This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

### **Rejection Schedule**

**Schedule 2**

**Rejected Contracts**

| No. | Non-Debtor Counterparty | Counterparty Address | Contract Description | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|
| 1. | Brixmor Hale Road, LLC | PO Box 645351 Cincinnati, OH 45264-5351 | Store Lease | 6056 | 179B Hale Road, Manchester, CT 06042 | 5/31/2023 | Miscellaneous FF&E and/or retail fixtures |
| 2. | Brixmor GA Springdale/Mobile Limited Partnership | PO Box 645341 Cincinnati, OH 45264-5341 | Store Lease | 6097 | 3250 Airport Blvd, Unit 110, Mobile, AL 36606 | 5/31/2023 | Miscellaneous FF&E and/or retail fixtures |

## Exhibit 1-A

**Proposed Rejection Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# FIRST ORDER APPROVING THE REJECTION
# OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
# LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Case is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page |3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No. 382] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Procedures Order; and no timely objections have been filed to the Rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.     The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on **Exhibit 1** or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided, however,* that the Rejection Date for a rejection of a lease of non-residential real

---

[1]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page | 4 )

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

2.     The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment, and (iii) within five (5) business days of filing a Rejection Notice, the Debtors will make reasonable efforts to contact any third parties that may be known to the Debtors to have a property interest in the Abandoned Property and ask such third parties to remove or cause to be removed personal property, if any, from the premises prior to the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The rights

(Page |5 )

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

of the applicable landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

3.       Claims arising out of the rejection of Contracts, if any, must be filed in accordance with the Plan or on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) 30 days after the later of (A) the date of entry of this Order, and (B) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

4.       The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

5.       This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

### Rejection Schedule

| No. | Non-Debtor Counterparty | Counterparty Address | Contract Description | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|
| 1. | Brixmor Hale Road, LLC | PO Box 645351 Cincinnati, OH 45264-5351 | Store Lease | 6056 | 179B Hale Road, Manchester, CT 06042 | 5/31/2023 | Miscellaneous FF&E and/or retail fixtures |
| 2. | Brixmor GA Springdale/Mobile Limited Partnership | PO Box 645341 Cincinnati, OH 45264-5341 | Store Lease | 6097 | 3250 Airport Blvd, Unit 110, Mobile, AL 36606 | 5/31/2023 | Miscellaneous FF&E and/or retail fixtures |

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# FIRST ORDER APPROVING THE REJECTION
## OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
## LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Case is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page |3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No. 382] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Procedures Order; and no timely objections have been filed to the Rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on **Exhibit 1** or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real

---

[1]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page |4 )

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

2.      The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment, and (iii) within five (5) business days of filing a Rejection Notice, the Debtors will make reasonable efforts to contact any third parties that may be known to the Debtors to have a property interest in the Abandoned Property and ask such third parties to remove or cause to be removed personal property, if any, from the premises prior to the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The rights

(Page |5 )

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

of the applicable landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

3.      Claims arising out of the rejection of Contracts, if any, must be filed in accordance with the Plan or on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) 30 days after the later of (A) the date of entry of this Order, and (B) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Rejection Schedule**

| No. | Non-Debtor Counterparty | Counterparty Address | Contract Description | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|
| 1. | Brixmor Hale Road, LLC | PO Box 645351 Cincinnati, OH 45264-5351 | Store Lease | 6056 | 179B Hale Road, Manchester, CT 06042 | 5/31/2023 | Miscellaneous FF&E and/or retail fixtures |
| 2. | Brixmor GA Springdale/Mobile Limited Partnership | PO Box 645341 Cincinnati, OH 45264-5341 | Store Lease | 6097 | 3250 Airport Blvd, Unit 110, Mobile, AL 36606 | 5/31/2023 | Miscellaneous FF&E and/or retail fixtures |