**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Proposed Co-Counsel for Debtors and Debtors in Possession*



Order Filed on June 8, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH PRW URBAN RENEWAL 1, LLC, AND PROLOGIS USLF NV II LLC AND AUTHORIZING THE ACCOMPANYING SALE AND TRANSFER OF PROPERTY LOCATED AT THE PREMISES**

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

**DATED: June 8, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH PRW URBAN RENEWAL 1, LLC, AND PROLOGIS USLF NV II LLC AND AUTHORIZING THE ACCOMPANYING SALE AND TRANSFER OF PROPERTY LOCATED AT THE PREMISES |

Upon the *Motion for Entry of an Order Pursuant to Sections 365 and 363 Approving the Lease Termination Agreement with PRW Urban Renewal 1, LLC, and Prologis USLF NV II LLC and Authorizing the Accompanying Sale and Transfer of Property Located at the Premises* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), among other things, (a) authorizing the deemed rejection and termination of the Leases, (b) approving the Lease Termination Agreement between the Debtors and the Prologis Landlords, (c) authorizing the transfer of certain property at the Premises, including the MHE and Solar Equipment free and clear of all liens, claims and encumbrances, (d) authorizing the abandonment of any FF&E remaining at the Premises as of the Termination Date, and (e) authorizing the Debtors and Landlord to take any and all actions reasonably necessary to consummate the Lease Termination Agreement and perform all obligations contemplated therein, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH PRW URBAN RENEWAL 1, LLC, AND PROLOGIS USLF NV II LLC AND AUTHORIZING THE ACCOMPANYING SALE AND TRANSFER OF PROPERTY LOCATED AT THE PREMISES |

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to sections 105(a), 363(b)(1) and (f), 365(a) and 554(a) of the Bankruptcy Code, the Debtors and Landlord are authorized to enter into and perform under the Lease Termination Agreement, attached hereto as **Exhibit 1**, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder. The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the rejection and termination of the Leases, the Debtors' surrender of the Premises, the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes the Prologis Landlords' release of any administrative claims (except as provided thereunder), are hereby approved in all respects.

3. Upon the applicable Termination Date (as defined in the Lease Termination Agreement), the Debtors' rejection and termination of the Leases shall occur without any further

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH PRW URBAN RENEWAL 1, LLC, AND PROLOGIS USLF NV II LLC AND AUTHORIZING THE ACCOMPANYING SALE AND TRANSFER OF PROPERTY LOCATED AT THE PREMISES |

action required by the Debtors, and the Debtors shall surrender the applicable Premises pursuant to the terms of the Lease Termination Agreement.

4. The Debtors are authorized, pursuant to section 363(b)(1) of the Bankruptcy Code, to transfer the MHE and the Solar Equipment, together with the Debtors' interest in the Lease, pursuant to the terms of the Lease Termination Agreement, which transfer shall, pursuant to section 363(f) of the Bankruptcy Code, be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto.

5. The Debtors, in their sole discretion, are authorized, pursuant to section 554(a) of the Bankruptcy Code, to abandon to the Prologis Landlords any personal property, including the FF&E, remaining in the Premises as of the applicable Termination Date and the Prologis Landlords and their managing agents are free to dispose of such abandoned property in their sole and absolute discretion without liability to the Debtors or any entity.

6. The Debtors and the Prologis Landlords are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

7. Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P.

Case 23-13359-VFP    Doc 686    Filed 06/10/23    Entered 06/11/23 00:19:46    Desc
Imaged Certificate of Notice    Page 5 of 18

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH PRW URBAN RENEWAL 1, LLC, AND PROLOGIS USLF NV II LLC AND AUTHORIZING THE ACCOMPANYING SALE AND TRANSFER OF PROPERTY LOCATED AT THE PREMISES |

(collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada), and to the extent of any inconsistency between the Order and the terms of the Initial Order, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

8. The Debtors and Landlord are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The requirement set forth in Local Rule 6007-1 that the Debtor file a notice of proposed abandonment is hereby deemed satisfied by the contents of the Motion and Lease Termination Agreement or otherwise waived.

12. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH PRW URBAN RENEWAL 1, LLC, AND PROLOGIS USLF NV II LLC AND AUTHORIZING THE ACCOMPANYING SALE AND TRANSFER OF PROPERTY LOCATED AT THE PREMISES |

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

Lease Termination Agreement

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "Agreement") is made as of this 26th day of May, 2023 by and between PRW URBAN RENEWAL 1, LLC, a New Jersey limited liability company ("PRW") and PROLOGIS USLF NV II LLC, a Delaware limited liability company ("Prologis USLF") (collectively, "Landlord") and BED BATH & BEYOND INC., a New York corporation ("Tenant" or "Debtor").

### RECITALS

WHEREAS, PRW and Tenant have entered into a Lease dated September 21, 2006, as amended by that certain First Amendment to Lease Agreement dated December 1, 2008, that certain Second Amendment to Lease Agreement dated July 31, 2009, that certain Third Amendment to Lease Agreement dated October 18, 2010, that certain Fourth Amendment to Lease Agreement dated January 26, 2021, pursuant to which PRW leased to Tenant certain premises consisting of approximately 607,417 square feet located at 1001 West Middlesex Ave., Woodbridge, NJ 07064 (the "Woodbridge Premises"), such lease, as heretofore modified, being herein referred to as the "Woodbridge Lease";

WHEREAS, Prologis USLF and Tenant have entered into a Lease dated March 31, 2016, as amended by that certain First Amendment to Lease Agreement dated October 20, 2017 and that certain Second Amendment to Lease Agreement dated December 5, 2017, pursuant to which Prologis USLF leased to Tenant certain premises consisting of approximately 164,125 square feet located at 5835 East Ann Road, North Las Vegas, Nevada 89115, known as "Prologis Speedway Logistics Center #1", (the "Las Vegas Premises"), such lease, as heretofore modified, being herein referred to as the "Las Vegas Lease");

WHEREAS, the Las Vegas Premises and the Woodbridge Premises may be collectively referred to herein as the "Premises";

WHEREAS, the Las Vegas Lease and the Woodbridge Lease may be collectively referred to as the "Leases";

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, the Parties desire to enter into this Agreement, wherein among other things, Landlord is restored to possession of the Premises as of the applicable Termination Date and the parties release each other as provided herein;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement:

### AGREEMENT

1.  Recitals. The Recitals are incorporated herein as if set forth at length.

2.  Lease Termination. The Woodbridge Lease is terminated effective May 31, 2023, and the Las Vegas Lease is terminated June 30, 2023 (as applicable, the "Termination Date").

65548/0002-45416886v6

3. <u>Consideration</u>. Landlord shall pay to Tenant, as consideration for this Agreement, the sum of $3,500,000.00 (the "<u>Termination Payment</u>"). Furthermore, as additional consideration for the Termination Payment, effective on the respective Termination Date, Tenant shall transfer to the respective Landlord possession of, and title to, all material handling equipment, including but not limited to lift trucks, generators, compressors, conveyors and racking located at the respective Premises as of the date hereof (the "MHE") as well as any solar system and its associated equipment located at the Premises (the "Solar Equipment") and any interconnection agreement for the Solar Equipment, free and clear of all liens, claims and encumbrances. Tenant shall have no obligation to pay any base rent or operations expenses under the Las Vegas Lease for the month of June 2023; provided Tenant shall remain obligated to pay all utilities with respect to the Las Vegas Premises through the Termination Date of the Las Vegas Lease. Landlord acknowledges that it will not constitute a post-petition default if Tenant is not paying the rent due under the Lease while the application for the Bankruptcy Court Order is pending. The total consideration of $3,500,000.00 shall be paid within one business day after the date hereof by Landlord to Tenant's attorneys, Cole Schotz, P.C., who shall hold such sum in escrow. Landlord hereby directs Cole Schotz, P.C. as escrow agent, to release the consideration to Tenant as follows:

    a. on the date of the satisfaction of the conditions precedent set forth in Section 7 below with respect to the Woodbridge Lease, the sum of $1,740,000.00; and

    b. on the date of the satisfaction of the conditions precedent set forth in Section 7 below with respect to the Las Vegas Lease, the sum of $1,760,000.00.

Landlord and Tenant acknowledge that such partial release of the Termination Payment does not constitute an allocation of the Termination Payment between the various Premises.

If Tenant holds over in the Las Vegas Premises beyond June 30, 2023, then such holdover will be governed by Section 27.9 of the Las Vegas Lease except the holdover rent shall be calculated on a per diem basis for the period of such holdover and any amount due shall be deducted from the payment due under Section 3b above and delivered by Tenant's attorneys, Cole Schotz, P.C., to Landlord promptly after Tenant vacates the Las Vegas Premises. Tenant acknowledges and agrees that, from and after the date hereof, (a) Landlord shall have the right to immediately market the Premises for lease and Tenant shall allow Landlord reasonable access to the Premises for such purpose, and (b) Tenant shall not market the Lease, and shall remove the Lease from any lease sale procedures or sale process.

4. <u>Landlord Release of Tenant</u>. Subject to Tenant's timely surrender of the Premises on the Termination Date in the condition required herein, Tenant's transfer of the MHE and Solar Equipment to the respective Landlord as provided herein, and the conditions precedent as set forth in Section 7 below, and for valuable consideration, and the mutual covenants and agreements contained herein, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length with respect to the Leases, including, without limitation, any and all claims evidenced by the Lease.

5.  **Tenant Release of Landlord**. Subject to Landlord's payment of the Termination Fee and the conditions precedent as set forth in Section 7 below, and for valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlords, and their respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, avoidance actions under Chapter 5 of the Bankruptcy Code, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses, and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Leases.

6.  **Extent of Release**. In this connection, the parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that the Releases in Sections 4 and 5 hereof have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, it nevertheless hereby intends to release, discharge, and acquit the released parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

7.  **Conditions Precedent**. As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the applicable Termination Date:

    (a) Tenant has delivered possession of the Premises to applicable Landlord;

    (b) Tenant has delivered to the applicable Landlord the keys and access codes to the Premises;

    (c) An order has been entered by the Bankruptcy Court approving the entirety of this Agreement (the "Bankruptcy Court Order").

8.  **Condition of Premises**. On the applicable Termination Date, Tenant shall deliver to the applicable Landlord possession of the applicable Premises in broom-clean and good condition, but otherwise in its as-is condition, with all inventory property removed except for the MHE, Solar Equipment, and any FFE as provided below. Tenant shall have no obligation to perform any repair or replacement work to any part of the Premises or any fixtures, fittings or improvements therein except for material damage resulting from Tenant's move out which shall be repaired at Tenant's expense. Any furniture, fixtures and equipment ("FF&E") remaining at the Premises after the applicable Termination Date is deemed abandoned and the Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to the Debtor or any entity. Tenant will execute such documents and provide such additional cooperation as may be required in order to facilitate and effect the transfer of the Solar Equipment to Landlord as of the Termination Date, including but not limited to the execution of the GATS System Change Form attached hereto as Exhibit A.

9.  **Authority to Settle**. Each of the parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each

such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

10. <u>Entire Agreement</u>. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

11. <u>Advice of Counsel</u>. Each of the parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

12. <u>Attorneys' Fees</u>. Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

13. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

14. <u>Governing Law.</u> This Agreement shall be governed by and construed under the laws of the State of New Jersey, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

15. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

16. <u>Miscellaneous</u>.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

65548/0002-45416886v6

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

17. <u>Escrow Provisions</u>.

(a) Cole Schotz P.C. hereby agrees that the Termination Payment shall be held by Cole Schotz P.C., in escrow and disbursed in accordance with the terms and conditions of this Agreement. Cole Schotz P.C. shall deposit the Termination Payment in its attorney trust account. If, as of the date of the release of any part of the Termination Payment in accordance with this Agreement, the conditions precedent shall not have been satisfied with respect to the applicable location, Cole Schotz P.C. shall continue to hold the Termination Payment until (i) the satisfaction of the conditions precedent with respect to the applicable location (ii) delivery to Cole Schotz P.C. of mutual instructions by Landlord and Tenant, or (iii) ordered by the Bankruptcy Court (in which event Cole Schotz P.C. shall disburse the same in accordance with such Bankruptcy Court order).

(b) Landlord and Tenant acknowledge that Cole Schotz P.C. is acting solely as a stakeholder at their request and for their convenience, that Cole Schotz P.C. shall not be liable to either of the parties for any action or omission on its part taken or made in good faith, and not in disregard of this Agreement. Landlord and Tenant shall indemnify and hold Cole Schotz P.C. harmless from and against all liabilities (including reasonable attorneys' fees, expenses and disbursements) incurred in connection with the performance of Cole Schotz P.C. duties hereunder, except with respect to actions or omissions taken or made by Cole Schotz P.C. in bad faith, in disregard of this Agreement or involving negligence on the part of Cole Schotz P.C.

*[Signatures appear on following page]*

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**TENANT:**

**BED BATH & BEYOND INC.,**
a New York Corporation

By: *Wade Haddad* (DocuSigned)

Name: Wade Haddad

Title: SVP Real Estate and Construction

**LANDLORD:**

**PRW URBAN RENEWAL 1, LLC**
a New Jersey limited liability company,
an urban renewal entity

By: Authorized Person

_____
Scott Gregory, Head of Operations, East Region of Prologis, Inc., a Maryland corporation

**PROLOGIS USLF NV II LLC,**
a Delaware limited liability company

By: Authorized Person

_____
Megan Creecy-Herman, Head of Operations, West Region of Prologis, Inc., a Maryland corporation

**COLE SCHOTZ P.C.**, as to the provisions of Section 17 only.

By: _____
Name: W. JOHN PARK
Title: MEMBER.

65548/0002-45416886v6

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

| **TENANT:** | **LANDLORD:** |
|---|---|
| **BED BATH & BEYOND INC.**, a New York Corporation | **PRW URBAN RENEWAL 1, LLC** a New Jersey limited liability company, an urban renewal entity |

By: _____

Name: _____

Title: _____

By: Authorized Person

_____
Scott Gregory, Head of Operations, East Region of Prologis, Inc., a Maryland corporation

**PROLOGIS USLF NV II LLC**,
a Delaware limited liability company

By: Authorized Person

_____
Megan Creecy-Herman, Head of Operations, West Region of Prologis, Inc., a Maryland corporation

**COLE SCHOTZ P.C.**, as to the provisions of Section 17 only.

By: _____
Name:
Title:

# EXHIBIT A

**GATS System Change Form**



# GATS Ownership Transfer Request

Please complete all fields applicable to this transfer request. Incomplete requests will be rejected.

| | |
|---|---|
| GATS System Name: | |
| GATS Unit ID: | |
| Current GATS Account Name: | Bed Bath & Beyond |
| GATS Account to be Transferred to: | |
| System Address: | |
| State Certification Number(s): | |

### *Change in System Ownership*

Per the agreement made between the Buyer and Seller, the Buyer is entitled to the following. **Please check off one of the following selections.**

    x    **Change in System and REC Ownership** – The buyer purchased the system and is entitled to all the attributes including the renewable energy credit (RECs) located at this address.

**Change in System Ownership only** – The buyer purchased the system but the renewable energy credit (RECs) were not part of this purchase agreement. (Additional documentation may be required as proof)

**Change in REC Ownership only** – A buyer is only entitled to the renewable energy credit (RECs)
(Additional documentation may be required as proof)

**Change in Ownership due to death/or trust**
(Additional documentation may be required as proof)



| SELLER | BUYER |
|---|---|
| Name: Bed Bath & Beyond Inc <br> (Printed) | Name: _____ <br> (Printed) |
| Email Address: robert.eckhardt@bedbath.com | Email Address: _____ |
| Phone Number: 908-855-4649 | Phone Number: _____ |
| Signature: _____ | Signature: _____ |
| Date: _____ | Date: _____ |
| Closing Date: _____ ||

I, as the GATS Subscriber, recognize and accept that PJM EIS is relying on the truth, accuracy, and completeness of the certifications herein, attest that all statements are accurate, and recognize and accept that I have a continuing duty to notify PJM EIS if and when the certifications, herein made, cease to be accurate or complete.

GATS Subscriber Name[1]: _____
(Printed)

GATS Subscriber Signature: _____

Date: _____

Please email this form to the GATS Administrator.
Email: GATSAdmin@pjm-eis.com

**NOTE: Form will only be accepted if completed in its entirety and legibly.**
The GATS Administrators reserve the right to request any additional documentation regarding the Transfer Ownership Request
All changes will be effective once reviewed by the GATS Administrator.

---

[1] GATS Subscriber Name refers to the GATS Subscriber that is submitting the form and whose GATS Account that the system should be transferred to.

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 23-13359-VFP

Bed Bath & Beyond Inc.  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2  User: admin  Page 1 of 1

Date Rcvd: Jun 08, 2023  Form ID: pdf903  Total Noticed: 8

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 10, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 10, 2023  Signature:  /s/Gustava Winters