**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Emily E. Geier, P.C. (*pro hac vice* pending)
Derek I. Hunter (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

~~*Proposed*~~ Co-Counsel for Debtors and Debtors in Possession

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | ~~(Joint Administration Requested)~~<br>**(Jointly Administered)** |

**~~INTERIM~~FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO (A) OBTAIN POSTPETITION FINANCING
AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS ¶
AND ¶SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, ¶
(III) GRANTING ¶ADEQUATE PROTECTION, (IV) MODIFYING THE ¶
AUTOMATIC STAY, ¶AND (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~
GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered two (2) through one hundred ~~eight~~**fifteen** (~~108~~**109**) is hereby **ORDERED.**¶

(Page 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**THIS MATTER** having come before the Court upon the motion (the "<u>Motion</u>") of Bed Bath & Beyond Inc. ("<u>BBB</u>") and its affiliated debtors-in-possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>"), seeking entry of an interim **order (the "Interim Order") and a final** order (this "~~Interim~~**Final** Order")[2] ~~and a Final Order (as defined herein)~~ pursuant to sections 105, 361, 362, 363, 364(c)(l), 364(c)(2), 364(c)(3), 364(e), 503, 507 and 552 of chapter 11 of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 4001-1, 4001-2, 4001-3 9013-1, 9013-2, 9013-4, and 9013-5 of the Local Rules (the "<u>Local Bankruptcy Rules</u>") for the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>" or the "<u>Bankruptcy Court</u>"), *inter alia*:

(i)      authorizing, upon entry of the Interim Order, the Debtors to obtain senior secured postpetition financing on a superpriority basis under (1) a new money single draw term loan facility (the "<u>DIP Facility</u>") consisting of up to $40 million (the "<u>New Money Amount</u>"), and (2) a roll-up of Prepetition FILO Secured Obligations (as defined below) in the amount of $200 million (the "<u>Roll-Up Amount</u>") pursuant to the terms and conditions of th~~is~~**e** Interim Order**, this Final Order,** and that certain Senior Secured Super-~~p~~**P**riority Debtor-in-Possession Term Loan

---

[2] Capitalized terms used in this ~~Interim~~**Final** Order but not defined herein shall have the meanings given to them in the Motion or DIP Credit Agreement~~, as applicable~~ (~~each~~as defined below)**, as applicable** .

(Page 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Credit Agreement attached hereto as **Exhibit A** (as the same may be amended, restated, supplemented, or otherwise modified from time to time, the "DIP Credit Agreement"), by and among BBB, as borrower ("Borrower"), each of Borrower's subsidiaries and affiliates who are Debtors as additional borrowers (the "Additional Borrowers" and together with Borrower, the "Borrowers"), the other loan parties party thereto, together with the Borrowers, the "DIP Loan Parties") Sixth Street Specialty Lending, Inc., as administrative agent (in such capacity, the "DIP Agent"), and the lenders party thereto from time to time (the "DIP Lenders," and together with the DIP Agent, the "DIP Secured Parties");

(ii)     approving the terms of, and authorizing the DIP Loan Parties to execute and deliver, the DIP Credit Agreement and any other agreements, instruments and documents related thereto (collectively, the "DIP Documents"), which shall be on terms consistent with the DIP Credit Agreement and otherwise in form and substance acceptable to the Required DIP Lenders (as defined in the DIP Credit Agreement) (or as otherwise provided in the DIP Documents), and to perform such other acts as may be necessary or desirable in connection with the DIP Documents;

(iii)     authorizing the DIP Loan Parties to execute and deliver the DIP Documents, to incur all obligations owing thereunder to the DIP Secured Parties (collectively, the "DIP Obligations"), grant the DIP Agent and DIP Lenders allowed superpriority administrative expense claim status in each of the Chapter 11 Cases and any Successor Cases (as defined

(Page 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

below), subject to the Carve-Out (as defined below), and with respect to the Prepetition ABL Priority Collateral, subject to the Prepetition ABL Secured Obligations and the Prepetition ABL Superpriority Claims (as defined below), and, with respect to the Postpetition ABL Priority Collateral,[3] the Prepetition ABL Superpriority Claim and otherwise perform all of their respective obligations under the DIP Documents;

(iv)    subject to the Carve-Out and, with respect to the Prepetition ABL Priority Collateral, subject to the Prepetition ABL Liens and the Prepetition ABL AP Liens and, with respect to the Postpetition ABL Priority Collateral, subject to the Prepetition ABL AP Liens, granting to the DIP Agent (on behalf of the DIP Secured Parties) automatically perfected security interests in and liens on all of the DIP Collateral (as defined below), including, without limitation, all property constituting "cash collateral" as defined in section 363(a) of the Bankruptcy Code (including, without limitation, all cash and cash equivalents and other amounts from time to time on deposit or maintained by the Debtors in any deposit or securities account or accounts as of the Petition Date) and any cash or cash equivalents received by the Debtors after the Petition Date as proceeds of the Prepetition Collateral (as defined herein) ("Cash

---

[3] "Postpetition ABL Priority Collateral" means DIP Collateral that would constitute Prepetition ABL Priority Collateral if it existed immediately prior to the Petition Date; provided that, as used herein with respect to the Prepetition ABL Obligations or the Prepetition ABL Liens, the Postpetition ABL Priority Collateral is subject to section 552 of the Bankruptcy Code.

(Page 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Collateral"), which liens shall be subject to the priorities set forth in paragraph 14(ii)(a) of this ~~Interim~~**Final** Order;

(v)    authorizing the Debtors to use proceeds of the DIP Facility and Cash Collateral to: (a) pay the principal, interest, fees, expenses, and other amounts payable and reimbursable under the DIP Documents and this ~~Interim~~**Final** Order as such become earned, due, and payable, including, without limitation, commitment fees and the fees and disbursements of the DIP Lender Professionals (as defined below); (b) make permitted adequate protection payments as specified below; and (c) provide financing for working capital and other general corporate purposes during the Chapter 11 Cases, including for bankruptcy-related costs and expenses (which shall include administrative costs required to operate the Debtors' businesses during the Chapter 11 Cases and wind-down process, including store closing bonuses for rank-and-file employees, a marketing process consistent with the Debtors' proposed bidding procedures, and the costs of the restructuring), all to the extent provided in, and in accordance with, the Approved Budget, this ~~Interim~~**Final** Order and the DIP Documents);

(vi)    authorizing the Debtors to use the Prepetition Collateral, including all property constituting Cash Collateral of the Prepetition Secured Parties under the Prepetition Credit Documents (each term as defined herein) on ~~an interim~~**a final** basis in accordance with both the Approved Budget, this ~~Interim~~**Final** Order, and the DIP Documents, and providing, among other things, adequate protection to the Prepetition Secured Parties for any diminution in value of their

(Page 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

respective interests in the applicable Prepetition Collateral (including Cash Collateral), including resulting from the imposition of the automatic stay, the Debtors' use, sale, or lease of the Prepetition Collateral, including Cash Collateral ("Diminution in Value"), subject to the restrictions set forth in the DIP Documents and this ~~Interim~~**Final** Order;

(vii)    vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent set forth herein solely to the extent necessary to permit the Debtors, their affiliates, and the Prepetition Secured Parties to implement and effectuate the terms and provisions of the DIP Documents and this ~~Interim~~**Final** Order;

(viii)    authorizing payment of the DIP Fees (as defined below); **and**

(ix)    waiving any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of this ~~Interim~~**Final** Order and providing for the immediate effectiveness of this ~~Interim~~**Final** Order~~; and~~¶

~~(x)    scheduling a final hearing (the "Final Hearing") to consider the relief requested in the Motion on a final basis and approving the form of notice with respect to the Final Hearing~~.

The Court having considered the Motion, the exhibits attached thereto, the First Day Declaration, *Declaration of Holly Etlin in Support of the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling A Final*

(Page 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

*Hearing, and (VI) Granting Related Relief* (the "Etlin DIP Declaration"), and the *Declaration of David Kurtz in Support of the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling A Final Hearing, and (VI) Granting Related Relief* (the "Kurtz DIP Declaration," together with the Etlin DIP Declaration, collectively, the "DIP Declarations"), the DIP Credit Agreement and other DIP Documents, and the evidence submitted and argument made at the interim hearing held on April 24, 2023 (the "Interim Hearing") **and the final hearing held on June 14, 2023 (the "Final Hearing"); and the Court having entered the Interim Order**; and notice of the ~~Interim~~**Final** Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), and all applicable Local Bankruptcy Rules; and the ~~Interim~~**Final** Hearing having been held and concluded; and all objections, if any, to the ~~interim~~**final** relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and it appearing that approval of the ~~interim~~**final** relief requested in the Motion is necessary to avoid ~~immediate and irreparable~~ harm to the Debtors and their estates (the "Estates") ~~pending the Final Hearing~~, and otherwise is fair and reasonable and in the best interests of the Debtors, their Estates and all parties in interest, and is essential for the continued operation of the Debtors' business and the preservation of the value of the Debtors'

(Page 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

assets; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING AND THE FINAL HEARING, THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[4]

---

[4] The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

(Page 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

A.    **Disposition.**  The relief requested in the Motion is granted on ~~an interim~~**a final** basis in accordance with the terms of this ~~Interim~~**Final** Order.  Any objections to the Motion with respect to the entry of this ~~Interim~~**Final** Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits.  This ~~Interim~~**Final** Order shall become effective immediately upon its entry and any applicable stay (including under Bankruptcy Rule 6004) is waived to permit such effectiveness.

B.    **Petition Date**.  On April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

C.    **Debtors in Possession**.  The Debtors have continued in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been appointed.

D.    **Jurisdiction and Venue**.  This Court has jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue for the Chapter 11 Cases and proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.    **Committee**.  ~~As of the date hereof~~**On May 5, 2023**, the United States Trustee for the District of New Jersey (the "U.S. Trustee") ~~has not~~ appointed an official committee of

10

(Page 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code (a**the** "**Committee**").

F.      **Notice**.  Notice of the Motion and the ~~Interim~~**Final** Hearing have been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the DIP Motion with respect to the relief requested at the ~~Interim~~**Final** Hearing or entry of this ~~Interim~~**Final** Order shall be required.

G.      **Debtors' Stipulations**.  Subject to the limitations in Paragraph 43, and after consultation with their attorneys and financial advisors, the Debtors, and without prejudice to the rights of parties in interest as set forth in Paragraph 43, admit, stipulate, acknowledge, and agree as follows (Paragraphs G(i) through (v) below are referred to, collectively, as the "Debtors' Stipulations"):

(i)      *Prepetition Secured Facility.*  Pursuant to that certain *Amended and Restated Credit Agreement*, dated as of August 9, 2021 (as amended, restated, supplemented, or otherwise modified from time to time, including, without limitation, by that certain *First Amendment to Amended and Restated Credit Agreement*, dated as of August 31, 2022, that certain *Second Amendment to Amended and Restated Credit Agreement and Waiver*, dated as of February 7, 2023, that certain *Third Amendment to Amended and Restated Credit Agreement and Waiver*, dated as of March 6, 2023, that certain *Fourth Amendment to Amended and Restated Credit Agreement and Waiver*, dated as of March 30, 2023, that certain *Fifth Amendment to*

(Page 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

*Amended and Restated Credit Agreement and Waiver*, dated as of April 6, 2023, and that certain *Sixth Amendment to Amended and Restated Credit Agreement, Consent and Waiver*, dated as of April 21, 2023,[5] the "Prepetition Credit Agreement" and collectively with the Loan Documents (as defined in the Prepetition Credit Agreement) any other agreements and documents executed or delivered in connection therewith, each as may be amended, restated, supplemented, waived or otherwise modified from time to time, the "Prepetition Credit Documents"), among (a) the Debtors and other obligors which are Loan Parties (as defined in the Prepetition Credit Agreement) thereto, (b) JPMorgan Chase Bank, N.A., as administrative agent (in such capacity, the "Prepetition Administrative Agent"**; provided, that, pursuant to Section 8.05(c) of the Prepetition Credit Agreement, upon Discharge of Revolving Obligations (as defined in the Prepetition Credit Agreement) and subject to and in accordance with the terms of the Prepetition Credit Agreement, Sixth Street Specialty Lending, Inc. ("Sixth Street") will be appointed successor Prepetition Administrative Agent**), (c) Sixth Street Specialty Lending, Inc., as FILO Agent (the "Prepetition FILO Agent," and together with the Prepetition Administrative Agent, the "Prepetition Agents"), (d) the Revolving Lenders (as defined in the Prepetition Credit Agreement, the "Prepetition ABL Lenders," and together with the "Revolving

---

[5] Pursuant to the Sixth Amendment to Amended and Restated Credit Agreement, Consent and Waiver, dated as of April 21, 2023, the Required Prepetition ABL Lenders and the Required Prepetition FILO Lenders waived an existing Event of Default and waived certain conditions to borrowing to permit the Debtors to borrow Revolving Loans in the amount of $54 million in order for the Debtors to pay critical expenses on April 21, 2023, including payroll obligations (the "Emergency Rescue Loan"). The Emergency Rescue Loan reduced the Debtors' need for post-petition financing on a dollar-for-dollar basis.

(Page 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Secured Parties" (as defined in Schedule 9.23 to the Prepetition Credit Agreement), the

"Prepetition ABL Secured Parties"), and (e) the FILO Term Loan Lenders (as defined in the

Prepetition Credit Agreement, the "Prepetition FILO Lenders," and together with the FILO Term

Loan Secured Parties (as defined in Schedule 9.23 to the Prepetition Credit Agreement), the

"Prepetition FILO Secured Parties," and collectively with the Prepetition Agents, the Prepetition

ABL Secured Parties and the "Secured Parties" (as defined in the Prepetition Credit Agreement),

the "Prepetition Secured Parties"), the Prepetition Secured Parties provided revolving credit,

term loans and other financial accommodations to, and issued letters of credit for the account of,

certain Debtors and other Loan Parties pursuant to the Prepetition Credit Documents (the

"Prepetition Facility"). **Sixth Street as the successor Prepetition Administrative Agent**
**appointed subject to and in accordance with the Prepetition Credit Agreement shall**
**succeed to and become vested with all the rights, powers, privileges, and duties of the**
**retiring Prepetition Administrative Agent. Sixth Street in its capacity as duly appointed**
**successor Prepetition Administrative Agent may, at its discretion, file or record any**
**financing statement amendments or take any other action to evidence the change in the**
**Prepetition Administrative Agent but has no obligation to take any such action.**

        (ii)    *Prepetition Secured Obligations.*  The Prepetition Facility provided the

Debtors with, among other things, (a) Revolving Commitments (as defined in the Prepetition

Credit Agreement) of up to $300,000,000, and (b) the FILO Term Loan (as defined in the

(Page 14)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Prepetition Credit Agreement) in the aggregate principal amount of $475,000,000. As of the Petition Date, (x) the aggregate outstanding principal amount of Revolving Loans (as defined in the Prepetition Credit Agreement) was not less than approximately $80,000,000 and the aggregate principal amount of issued and outstanding Letters of Credit (as defined in the Prepetition Credit Agreement) was not less than approximately $102,000,000 (collectively, together with accrued and unpaid interest, bankers' acceptances, any reimbursement obligations (contingent or otherwise) in respect of letters of credit and bankers' acceptances, any fees, expenses and disbursements (including attorneys' fees, accountants' fees, auditor fees, appraisers' fees and financial advisors' fees, and related expenses and disbursements), treasury, cash management, bank product and derivative obligations, indemnification obligations, guarantee obligations, and other charges, amounts and costs of whatever nature owing, whether or not contingent, whenever arising, accrued, accruing, due, owing, or chargeable in respect of any of the Debtors' and other Loan Parties' obligations owing to the Prepetition ABL Secured Parties pursuant to, or secured by, the Prepetition Credit Documents, including all "Obligations" as defined in the Prepetition Credit Agreement, other than the "FILO Obligations" as defined in the Prepetition Credit Agreement, and all interest, fees, costs, and other charges allowable under section 506(b) of the Bankruptcy Code, the "Prepetition ABL Secured Obligations"), and (y) the aggregate outstanding principal amount of FILO Term Loans (as defined in the Prepetition Credit Agreement) was not less than approximately $547,064,592.31 (collectively, together with

14

(Page 15)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No.: | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

accrued and unpaid interest, any fees, expenses and disbursements (including attorneys' fees, accountants' fees, auditor fees, appraisers' fees and financial advisors' fees, and related expenses and disbursements), indemnification obligations, guarantee obligations, and other charges, amounts and costs of whatever nature owing, whether or not contingent, whenever arising, accrued, accruing, due, owing, or chargeable in respect of any of the Debtors' obligations owing to the Prepetition FILO Secured Parties pursuant to, or secured by, the Prepetition Credit Documents, including all "FILO Obligations" as defined in the Prepetition Credit Agreement, and all interest and fees (including the FILO Applicable Premium (as defined in the Prepetition Credit Agreement)), costs and other charges allowable under section 506(b) of the Bankruptcy Code, the "Prepetition FILO Secured Obligations," and collectively with the Prepetition ABL Secured Obligations and any other "Obligations" (as defined in the Prepetition Credit Agreement), the "Prepetition Secured Obligations").

(iii)    *Prepetition Liens and Prepetition Collateral.*  As more fully set forth in the Prepetition Credit Documents, prior to the Petition Date, the Debtors and other Loan Parties granted to the Prepetition Administrative Agent, for the benefit of itself and the Prepetition Secured Parties, security interests in and continuing liens as follows:  (a) with respect to the lien in favor of the Prepetition ABL Secured Parties and the Prepetition ABL Secured Obligations (the "Prepetition ABL Liens"), (1) a first priority security interest in and continuing lien on the "ABL Assets" (as defined in the Prepetition Credit Agreement) whether then owned or existing

(Page 16)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No.: | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

or thereafter acquired or arising (collectively, the "Prepetition ABL Priority Collateral"), subject in terms of priority, only to Prepetition Permitted Liens (as defined herein), and (2) a second priority security interest in and continuing lien on the "Specified Collateral" (as defined in the Prepetition Credit Agreement) whether then owned or existing or thereafter acquired or arising (collectively, the "Prepetition FILO Priority Collateral," and together with the Prepetition ABL Priority Collateral, the "Prepetition Collateral"), subject in terms of priority only to the security interest in favor of the Prepetition FILO Secured Parties on the Prepetition FILO Priority Collateral and Prepetition Permitted Liens, and (b) with respect to the lien in favor of the Prepetition FILO Secured Parties and the Prepetition FILO Secured Obligations (the "Prepetition FILO Liens," and together with the Prepetition ABL Liens, the "Prepetition Liens"), (1) a first priority security interest in and continuing lien on the Prepetition FILO Priority Collateral, subject in terms of priority only to Prepetition Permitted Liens (as defined herein), and (2) a second priority security interest in and continuing lien on the Prepetition ABL Priority Collateral, subject in terms of priority, only to the security interest in favor of the Prepetition ABL Secured Parties on the Prepetition ABL Priority Collateral and Prepetition Permitted Liens.

(iv)    *Priority of Prepetition Liens; Agreement Among Lenders.*  The Prepetition Agents, Prepetition ABL Lenders, and Prepetition FILO Lenders entered into that certain *Agreement Among Revolving Lenders and FILO Term Loan Lenders* dated as of August 31, 2022 (included as Schedule 9.23 to the Prepetition Credit Agreement and as may be further

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

amended, restated, supplemented, or otherwise modified in accordance with its terms, the "AAL") to govern certain rights, interests, obligations, priority, and positions of the Prepetition Secured Parties with respect to the assets and properties of the Debtors and other Loan Parties.

(v)     *Validity, Extent, Perfection and Priority of Prepetition Liens and Prepetition Secured Obligations.*  The Debtors acknowledge and agree that as of the Petition Date (a) the Prepetition Liens on the Prepetition Collateral were valid, binding, enforceable, non-avoidable, and properly perfected and were granted to, or for the benefit of, the Prepetition Secured Parties for fair consideration and reasonably equivalent value; (b) the Prepetition Liens were senior in priority over any and all other liens on the Prepetition Collateral, subject to the AAL, other than certain other liens that are permitted to be senior to the Prepetition Liens under the Prepetition Credit Documents (solely to the extent such liens were valid, non-avoidable, and senior in priority to the Prepetition Liens as of the Petition Date and properly perfected as of the Petition Date, as expressly indicated as "Prepetition Permitted Liens" on Schedule 6.02 of the DIP Credit Agreement, or perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code (collectively the "Prepetition Permitted Liens")); (c) the Prepetition Secured Obligations constitute legal, valid, binding, and non-avoidable obligations of the Debtors enforceable in accordance with the terms of the applicable Prepetition Credit Documents; (d) no offsets, recoupments, challenges, objections, defenses, claims, or counterclaims of any kind or nature to any of the Prepetition Liens or Prepetition Secured

(Page 18)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Obligations exist, and no portion of the Prepetition Liens or Prepetition Secured Obligations is subject to any challenge or defense including avoidance, disallowance, disgorgement, recharacterization, or subordination (equitable or otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law; (e) the Debtors and their estates have no claims, objections, challenges, causes of action, and/or choses in action, including avoidance claims under Chapter 5 of the Bankruptcy Code or applicable state law equivalents or actions for recovery or disgorgement, against any of the Prepetition Secured Parties or any of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors, and employees arising out of, based upon or related to the Prepetition Facility or the Debtors; (f) the Debtors have waived, discharged, and released any right to challenge any of the Prepetition Secured Obligations, the priority of the Debtors' obligations thereunder, and the validity, extent, and priority of the liens securing the Prepetition Secured Obligations; and (g) the Prepetition Secured Obligations constitute allowed, secured claims within the meaning of sections 502 and 506 of the Bankruptcy Code.

(Page 19)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

H.    **Releases**.  Subject to paragraph 43 hereof, the Debtors, on behalf of themselves and their respective Estates (including any successor trustee or other estate representative in the Chapter 11 Cases and any Successor Cases (as defined herein), and any party acting by, through or under the Debtors or their Estates), hereby stipulate and agree that they absolutely and unconditionally release and forever and irrevocably discharge and acquit each of the DIP Secured Parties, the Prepetition Secured Parties, and their respective affiliates and each of their respective former or current officers, partners, directors, managers, owners, members, principals, employees, agents, related funds, investors, financing sources, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals and the respective successors and assigns thereof (collectively, the "Released Parties") from any and all obligations and liabilities to the Debtors (and their successors and assigns) and from any and all claims, counterclaims, demands, debts, accounts, contracts, disputes, liabilities, allegations, suits, controversies, proceedings, actions and causes of action arising prior to the Petition Date (collectively, the "Released Claims") of any kind, nature or description, whether known or unknown, foreseen or unforeseen or liquidated or unliquidated, arising in law or equity or upon contract or tort or under any state or federal law or regulation or otherwise, arising out of or related to (as applicable) the DIP Documents and the Prepetition Credit Documents, the negotiation thereof and of the transactions reflected thereby and the obligations and financial obligations made thereunder or otherwise related to the Debtors, in each case that the Debtors at

(Page 20)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

any time had, now have or may have, or that their successors or assigns hereafter can or may have against any of the Released Parties for or by reason of any act, omission, matter, cause or thing whatsoever arising at any time on or prior to the date of this ~~Interim~~**Final** Order.  The Debtors further waive and release any defense, right of counterclaim, right of set-off, or deduction to the payment of the Prepetition Secured Obligations that the Debtors may now have or may claim to have against the Released Parties, arising out of, connected with, or relating to any and all acts, omissions, or events occurring prior to this Court entering this ~~Interim~~**Final** Order relating to the Debtors' secured lending relationship with the Prepetition Secured Parties. For the avoidance of doubt, nothing in this release shall relieve the DIP Secured Parties of their obligations under the DIP Documents from and after the date of this ~~Interim~~**Final** Order.

(Page 21)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

I.  **Prepetition Permitted Liens**.  Nothing herein shall constitute a finding or ruling by this Court that any alleged Prepetition Permitted Lien is valid, senior, enforceable, prior, perfected, or non-avoidable.[6]   Moreover, nothing shall prejudice the rights of any party-in-interest, including, but not limited to the Debtors, the DIP Secured Parties, the Prepetition Secured Parties, or ~~a~~**the** Committee ~~(if appointed)~~, to challenge the validity, priority, enforceability, seniority, avoidability, perfection, or extent of any alleged Prepetition Permitted Lien.  The right of a seller of goods to reclaim such goods under section 546(c) of the Bankruptcy Code is not a Prepetition Permitted Lien, rather, any such alleged claim arising or asserted as a right of reclamation (whether asserted under section 546(c) of the Bankruptcy Code or otherwise) shall have the same rights and priority vis-à-vis the Prepetition Liens as such claims had on the Petition Date.

J.  **Agreement Among Lenders**.  Pursuant to section 510 of the Bankruptcy Code, the AAL and any other applicable intercreditor or subordination provisions contained in any of the Prepetition Credit Documents or otherwise (i) shall remain in full force and effect, (ii) shall continue to govern the relative priorities, rights, and remedies of the Prepetition Secured Parties, and (iii) shall not be deemed to be amended, altered, or modified by the terms of this ~~Interim~~**Final** Order, unless as expressly set forth herein.

---

[6] For the avoidance of doubt, as used in this ~~Interim~~**Final** Order, no reference to the Prepetition Permitted Liens shall refer to or include the Prepetition Liens.

(Page 22)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**K.**    **Cash Collateral**.    All or substantially all of the Debtors' cash and cash equivalents, including cash in their deposit accounts as of the Petition Date, cash obtained at any time thereafter (including proceeds of the DIP Facility), securities or other property, wherever located, whether subject to control agreements or otherwise, whether as original collateral or proceeds of other Prepetition Collateral, constitutes Cash Collateral of the Prepetition Secured Parties.

**L.**    **Findings Regarding Postpetition Financing**

(i)    *Request for Postpetition Financing*.    The Debtors seek authority to (a) enter into the DIP Facility on the terms described herein and in the DIP Documents, and (b) use Cash Collateral on the terms described herein, in the DIP Credit Agreement, and the other DIP Documents to administer their Chapter 11 Cases and fund their operations in accordance with the Approved Budget (as defined herein)~~. At the Final Hearing, the Debtors will seek final approval of the proposed postpetition financing and use of Cash Collateral arrangements pursuant to a proposed final order (the "Final Order"), which shall be in form and substance acceptable to the DIP Lenders and the Prepetition Administrative Agent (acting at the direction of the Required Revolving Lenders (as defined in the AAL). Notice of the Final Hearing and Final Order will be provided in accordance with this Interim Order~~.

(ii)    *Need for Postpetition Financing and Use of Cash Collateral*.    The Debtors have ~~an immediate and~~**a** critical need to obtain the financing pursuant to the DIP Facility and

(Page 23)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

to continue to use the Prepetition Collateral (including Cash Collateral) in order to, among other things, (i) pay the fees, costs, and expenses incurred in connection with the Chapter 11 Cases, (ii) fund any obligations benefitting from the Carve-Out and the Reserves (as defined below), (iii) fund the orderly wind-down of their businesses and, to the extent applicable and feasible, the going-concern sale or sales of their businesses and assets, (iv) maintain business relationships with customers, vendors and suppliers, (v) make payroll (including funding store closing bonuses for rank-and-file employees), and (vi) satisfy other working capital and operational needs and costs of the restructuring, all to the extent provided in, and in accordance with, the Approved Budget, this ~~Interim~~**Final** Order and the DIP Documents. The incurrence of new debt under the DIP Documents and use of Cash Collateral is necessary and vital to the preservation and maintenance of the value of the Debtors' Estates. ~~Immediate and irreparable harm~~**Harm** will be caused to the Debtors and their Estates if immediate financing is not obtained and permission to use Cash Collateral is not granted. The terms of the proposed financing are fair and reasonable, reflect the Debtors' exercise of prudent business judgment, and are supported by reasonably equivalent value and fair consideration. The adequate protection provided in this ~~Interim~~**Final** Order and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code.

(iii) *No Credit Available on More Favorable Terms.* The DIP Facility is the best source of debtor-in-possession financing available to the Debtors. Given their current

(Page 24)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

financial condition, financing arrangements, capital structure, and the circumstances of these Chapter 11 Cases, the Debtors are unable to obtain financing from sources other than the DIP Lenders on terms more favorable than the DIP Facility.  The Prepetition Secured Parties have consented to the Debtors incurring debtor-in-possession financing and the use of their Cash Collateral, only on the terms and subject to the conditions set forth in the DIP Documents and this ~~Interim~~**Final** Order.  The Debtors are unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.  The Debtors have also been unable to obtain:  (a) unsecured credit having priority over that of administrative expenses of the kind specified in sections 503(b), 507(a) and 507(b) of the Bankruptcy Code; (b) credit secured solely by a lien on property of the Debtors and their Estates that is not otherwise subject to a lien; or (c) credit secured solely by a junior lien on property of the Debtors and their Estates that is subject to a lien.  Financing on terms more favorable than those set forth in the DIP Documents is not available without granting: (1) perfected security interests in and liens on (each as provided herein) the DIP Collateral with the priorities set forth herein (including subject to the Carve-Out); (2) superpriority claims to the extent set forth in this ~~Interim~~**Final** Order; and (3) the other protections set forth in this ~~Interim~~**Final** Order.

(iv)  *Use of Cash Collateral and Proceeds of the DIP Facility.*  As a condition to the Debtors' entry into the DIP Documents, the extension of credit under the DIP Facility

(Page 25)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

and the authorization to use Prepetition Collateral, including Cash Collateral, the Debtors and Prepetition Secured Parties have agreed that Cash Collateral and the proceeds of the DIP Facility shall be used solely in accordance with the terms and conditions of this ~~Interim~~**Final** Order and the DIP Documents and in accordance with the Approved Budget.

(v)  *Application of Proceeds of Collateral*.  As a condition to entry into the DIP Documents, the extension of credit under the DIP Facility and authorization to use Cash Collateral, the Debtors have agreed that, as of and commencing on the date of entry of th~~is~~**e** Interim Order, the Debtors shall apply the proceeds of DIP Collateral in accordance with this ~~Interim~~**Final** Order and the DIP Documents.

(vi)  *Roll-Up*.

1.    Upon entry of th~~is~~**e** Interim Order, subject only to paragraph 43 of th~~is~~**e** Interim **Order and this Final** Order, Prepetition FILO Secured Obligations in an aggregate amount of up to the Roll-Up Amount ~~shall be~~**were** converted on a cashless dollar-for-dollar basis into principal obligations constituting DIP Obligations, without any further action by the Debtors or any other party (collectively, the "DIP Roll-Up Obligations").[7]

2.    The conversion (or "roll-up") ~~shall be~~**was** authorized **pursuant to the Interim Order, and is authorized pursuant to this Final Order,** as compensation for, in consideration for, and solely on account of, the agreement of the Prepetition FILO Secured

---

[7] The DIP Obligations other than the DIP Roll-Up Obligations shall constitute the "New Money DIP Obligations."

(Page 26)

Debtors:              BED BATH & BEYOND, INC., *et al.*
Case No.              23-13359 (VFP)
Caption of Order:     ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF

---

Parties as DIP Lenders to fund amounts, and provide other consideration to the Debtors under the DIP Facility and not as payments under, adequate protection for, or otherwise on account of, any Prepetition FILO Secured Obligations.  Notwithstanding any other provision of th~~is~~**e** Interim Order, th~~e~~**is** Final Order, or the DIP Documents, all rights of the Prepetition Secured Parties shall be fully preserved.  The Prepetition Secured Parties would not otherwise consent to the use of their Cash Collateral, and the DIP Agent and the DIP Lenders would not be willing to provide the DIP Facility or extend credit to the Debtors thereunder, without the inclusion of the DIP Roll-Up Obligations in the DIP Obligations upon entry of th~~is~~**e** Interim Order.  Moreover, the roll-up of the Prepetition FILO Secured Obligations in the Roll-Up Amount into DIP Obligations ~~will enable~~**enabled** the Debtors to obtain urgently needed financing to administer these Chapter 11 Cases to fund their operations, and fund the Reserves.

26

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

M.    **Adequate Protection**.  Until such time as the applicable Prepetition Secured Obligations are Paid in Full,[8] the Prepetition Administrative Agent, for the benefit of itself and the other Prepetition ABL Secured Parties, and the Prepetition FILO Agent, for the benefit of itself and the Prepetition FILO Secured Parties, are each entitled to receive adequate protection as set forth herein to the extent of any Diminution in Value of their respective interests in the Prepetition Collateral.

N.    **Good Faith of the DIP Secured Parties**.

(i)    *Willingness to Provide Financing*.    The DIP Secured Parties have committed to provide financing to the Debtors subject to:  (a) entry of th~~is~~**e** Interim Order and the~~is~~ Final Order; (b) approval of the terms and conditions of the DIP Facility and those set forth in the DIP Documents; (c) satisfaction (or waiver) of the closing conditions set forth in the DIP Documents;  (d) the conversion of the Roll-Up Amount into DIP Roll-Up Obligations upon entry of th~~is~~**e** Interim Order; and (e) findings by this Bankruptcy Court that the DIP Facility is essential to the Debtors' estates, that the DIP Lenders are extending credit to the Debtors pursuant to the DIP Documents in good faith, and that the DIP Secured Parties' claims, superpriority claims, security interests and liens and other protections granted pursuant

---

[8] "Paid in Full" or "Payment in Full" shall have the meaning set forth in the Prepetition Credit Agreement or the DIP Credit Agreement, as the context requires.

(Page 28)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

to this ~~Interim~~**Final** Order and the DIP Documents will have the protections provided by section 364(e) of the Bankruptcy Code.

(ii)    *Business Judgment and Good Faith Pursuant to Section 364(e)*.  Based on the Motion and the DIP  Declarations, and the record presented to the Court at the Interim **Hearing and the Final** Hearing, (i) the terms of the financing embodied in the DIP Facility, including the fees, expenses and other charges paid and to be paid thereunder or in connection therewith, (ii) the adequate protection authorized by this ~~Interim~~**Final** Order and DIP Documents and (iii) the terms on which the Debtors may continue to use the Prepetition Collateral (including Cash Collateral), in each case pursuant to this ~~Interim~~**Final** Order and the DIP Documents, are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, constitute reasonably equivalent value and fair consideration, and represent the best financing (and terms) available under the circumstances.

(iii)    *Good Faith Pursuant to Section 364(e)*.  The terms and conditions of the DIP Facility (including the conversion of the Roll-Up Amount into DIP Roll-Up Obligations) and the use of Cash Collateral were negotiated in good faith and at arm's length among the Debtors, the DIP Secured Parties, and the Prepetition Secured Parties with the assistance and counsel of their respective advisors.  Use of Cash Collateral and the credit~~ to be~~ extended under the DIP Facility shall be deemed to have been allowed, advanced, made, or extended in

(Page 29)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

good faith by the DIP Secured Parties and the Prepetition Secured Parties within the meaning of section 364(e) of the Bankruptcy Code.

(iv)  *Consent to DIP Facility and Use of Cash Collateral.* The Prepetition Secured Parties and the Debtors have negotiated at arms-length and in good faith regarding the Debtors' use of Cash Collateral as provided herein.  The Prepetition Secured Parties have agreed to permit the Debtors' use of Cash Collateral and other Prepetition Collateral, subject to the terms and conditions set forth herein, and the Debtors' entry into the DIP Documents solely in accordance with and subject to the terms and conditions in this ~~Interim~~**Final** Order and the DIP Documents.  Entry of this ~~Interim~~**Final** Order is in the best interests of the Debtors, their estates and their creditors.

O.    **Good Cause**.    Good cause has been shown for immediate entry of this ~~Interim~~**Final** Order, and the entry of this ~~Interim~~**Final** Order is in the best interests of the Debtors, the Estates and their stakeholders.  Among other things, the relief granted herein will minimize disruption of the Debtors' business and permit the Debtors to meet payroll, continue operating their business to facilitate an orderly liquidation and simultaneously a marketing process consistent with the Debtors' proposed bidding procedures and Milestones (as defined herein), pay other expenses necessary to maximize the value of the Estates, and fund the Reserves.  The terms of the Debtors' DIP Facility, use of Cash Collateral and proposed adequate protection arrangements, as set forth in this ~~Interim~~**Final** Order, are fair and reasonable under the

(Page 30)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

circumstances, and reflect the Debtors' exercise of prudent business judgment.

(Page 31)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

P.     **Sections 506(c) and 552(b)**.   In light of (i) the Prepetition Secured Parties' agreement that their liens shall be subject to the Carve-Out, and (ii) the payment of certain prepetition unsecured claims and administrative expenses as set forth in the Approved Budget (as defined below) and first day motions, and the funding of the Reserves in accordance with and subject to the terms and conditions of this ~~Interim~~**Final** Order, (a) the Prepetition Secured Parties are each entitled to a waiver of any "equities of the case" exception under section 552(b) of the Bankruptcy Code, and (b) the Prepetition Secured Parties are each entitled to a waiver of the provisions of section 506(c) of the Bankruptcy Code~~; *provided* that the foregoing shall be without prejudice to the terms of the Final Order with respect to the period from and after entry of the Final Order.¶~~

~~Q.     **Immediate Entry**.   Sufficient cause exists for immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2).   Absent entry of this Interim Order, the Debtors' businesses, properties and estates would be immediately and irreparably harmed. This Court concludes that entry of this Interim Order is in the best interests of the Debtors' respective estates and stakeholders.~~

(Page 32)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**Q.** ~~R. Interim~~**Final** **Hearing**.  Notice of the ~~Interim~~**Final** Hearing and the relief requested in the Motion has been provided by the Debtors, whether by facsimile, electronic mail, overnight courier or hand delivery, to certain parties-in-interest, including:  (i) the U.S. Trustee; (ii) those entities or individuals included on the Debtors' list of 30 largest unsecured creditors on a consolidated basis; (iii) counsel to the Prepetition Administrative Agent; (iv) counsel to the Prepetition FILO Agent; **(v) counsel to the Committee;** and (~~v~~**vi**) all other parties entitled to notice under the Bankruptcy Rules and the Local Rules.  The Debtors have made reasonable efforts to afford the best notice possible under the circumstances.

Based upon the foregoing findings and conclusions, the Motion, the First Day Declaration, the DIP Declarations, and the record before the Court with respect to the Motion, and after due consideration and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    <u>DIP Financing Approved</u>.  On ~~an interim~~**a final** basis, entry into the DIP Facility, is authorized and approved, and the use of Cash Collateral is authorized, in each case, subject to the terms and conditions set forth in this ~~Interim~~**Final** Order and the DIP Documents. All objections to this ~~Interim~~**Final** Order to the extent not withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby denied and overruled on the merits.  This ~~Interim~~**Final** Order shall become effective immediately upon its entry.

**<u>DIP Facility Authorization</u>**

(Page 33)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

2.      <u>Authorization of the DIP Financing</u>.   The Debtors are expressly and immediately authorized and empowered to execute and deliver the DIP Documents, and to incur and to perform the DIP Obligations in accordance with, and subject to, the terms of this ~~Interim~~**Final** Order and the DIP Documents, and to execute, deliver and perform under all instruments, certificates, agreements, and documents which may be required or necessary for the performance by the Debtors under the DIP Documents and the creation and perfection of the DIP Liens described in and provided for by this ~~Interim~~**Final** Order and the DIP Documents. The Debtors are hereby authorized and directed to pay, in accordance with this ~~Interim~~**Final** Order, any principal, interest, fees, expenses, and other amounts described in the DIP Documents and this ~~Interim~~**Final** Order, as such amounts become due and owing, without need to obtain further Court approval (except as otherwise provided herein or in the DIP Documents) subject to and in accordance with the terms hereof and thereof, including, without limitation, any closing fees and commitment fees, as well as any reasonable and documented fees and disbursements of persons or firms retained by the DIP Agent, including, but not limited to, Proskauer Rose LLP, Duane Morris LLP, Houlihan Lokey, Inc., M3 Partners, LP and McMillan LLP (collectively, the "<u>DIP Professionals</u>") as set forth herein and in the DIP Documents, whether or not such professional fees and disbursements arose before or after the Petition Date, and whether or not the transactions contemplated hereby are consummated, to implement all applicable reserves and to take any other actions that may be necessary or appropriate, all to the extent provided in this

(Page 34)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

~~Interim~~**Final** Order and the DIP Documents.  Upon execution and delivery, the DIP Documents shall represent legal, valid and binding obligations of the Debtors, enforceable against each of the Debtors and their Estates in accordance with their terms.  Each officer, sole member, or managing member, as applicable, of a Debtor acting individually is hereby authorized to execute and deliver each of the DIP Documents, and such execution and delivery is conclusive evidence of the respective authority of such officer, sole member, or managing member, as applicable, to act in the name of and on behalf of the Debtors.

       3.      <u>Authorization to Borrow</u>.  To prevent ~~immediate and irreparable~~ harm to the Debtors' Estates, and to enable the Debtors to continue to operate their business in connection with an orderly liquidation and a marketing process consistent with the Debtors' proposed bidding procedures and the Milestones (as defined herein), and to preserve and maximize the value of their Estates, subject to the terms and conditions set forth in the DIP Documents and this **Final Order, the Debtors were, pursuant to the** Interim Order, ~~the Debtors are~~**and** hereby **are** authorized to borrow the New Money Amount and Roll-Up Amount, subject to any limitations on, or conditions to, borrowing under the DIP Documents, which borrowings shall be used solely for purposes permitted under the DIP Documents, including, without limitation, to provide working capital for the Debtors and for other general corporate purposes and to pay interest, fees, costs, charges and expenses, in each case, in accordance with this ~~Interim~~**Final** Order, the DIP Documents, and the Approved Budget.

(Page 35)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

4.     <u>DIP Obligations</u>.  Upon execution and delivery of the DIP Documents, the DIP Documents and th~~is~~**e** Interim Order shall constitute and evidence**,** the validity and binding effect of the Debtors' DIP Obligations.  Upon execution and delivery of the DIP Documents and entry of th~~is~~**e** Interim Order **and this Final Order, respectively,** the DIP Obligations and th~~is~~**e** Interim Order **were, pursuant to the Interim Order, and** shall be**, pursuant to this Final Order,** enforceable against the Debtors, their Estates, and any successors thereto, including without limitation, any trustee appointed in the Chapter 11 Cases, or in any case under Chapter 7 of the Bankruptcy Code upon the conversion of any of the Chapter 11 Cases, or in any other proceedings superseding or related to any of the foregoing (collectively, the "<u>Successor Cases</u>").  Upon execution and delivery of the DIP Documents and entry of th~~is~~**e** Interim Order, the DIP Obligations ~~will~~**included, and upon entry of this Final Order shall continue to** include**,** all loans, the DIP Roll-Up Obligations, guarantees, reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which may now or from time to time be owing by any of the Debtors to the DIP Secured Parties, including, without limitation, all principal, accrued interest, costs, charges, fees, expenses and other amounts under the DIP Documents.  The Debtors shall be jointly and severally liable for the DIP Obligations.     No obligation, payment, transfer, or grant of collateral security hereunder or under the DIP Documents (including any DIP Obligation, DIP Roll-Up Obligation, or DIP Liens) to the DIP Secured Parties, shall be stayed, restrained, voidable, avoidable, or recoverable, under the

(Page 36)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Bankruptcy Code or under any applicable law (including, without limitation, under sections 502(d), 544, and 547 to 550 of the Bankruptcy Code or under any applicable state Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or similar statute or common law), or be subject to any disgorgement, avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), claim, counterclaim, charge, assessment, cross-claim, defense, or any other liability or challenge under the Bankruptcy Code or any applicable law or regulation by any person or entity for any reason.

5.      <u>DIP Collateral</u>.  Subject and subordinate to the Carve-Out, to secure the DIP Obligations, effective immediately upon entry of ~~this~~**the** Interim Order and execution and delivery of the DIP Documents, pursuant to sections 361, 362, 364(c)(2), and 364(c)(3) of the Bankruptcy Code, the DIP Agent (for the benefit of the DIP Lenders), ~~is~~**was** hereby granted, continuing, valid, binding, enforceable, non-avoidable, and automatically and properly perfected postpetition security interests in and liens on (collectively, the "<u>DIP Liens</u>") all the DIP Collateral.[9]

---

[9]  "<u>DIP Collateral</u>" means: all property of the estate under section 541 of the Bankruptcy Code, including all real and personal property, whether now existing or hereafter arising and wherever located, tangible and intangible, of each of the Debtors, including: (a) all cash, cash equivalents, deposit accounts, securities accounts, accounts, other receivables (including credit card receivables), chattel paper, contract rights, inventory (wherever located), instruments, documents, securities (whether or not marketable) and investment property (including all of the issued and outstanding capital stock of each of its subsidiaries), hedge agreements, real estate, furniture, fixtures, equipment (including documents of title), goods, franchise rights, trade names, trademarks, servicemarks, copyrights, patents, license rights, intellectual property, general intangibles (including, for the avoidance of

(Page 37)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

6.      <u>DIP Liens</u>.  Upon execution and delivery of the DIP Documents, the DIP Liens securing the DIP Obligations are valid, automatically perfected, non-avoidable, senior in priority, and superior to any security, mortgage, collateral interest, lien or claim to any of the DIP Collateral, except that the DIP Liens shall be subject to the Carve-Out and shall have the priorities set forth in Paragraph 14(ii)(a) below.  Other than as set forth herein or in the DIP Documents, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in the Chapter 11 Cases or any Successor Cases, and shall be valid and enforceable against any trustee appointed in the Chapter 11 Cases or any Successor Cases, upon the conversion of any of the Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code (or in any other Successor Case), and/or upon the dismissal of any of the

---

doubt, payment intangibles), rights to the payment of money (including tax refunds and any other extraordinary payments), supporting obligations, guarantees, letter of credit rights, commercial tort claims, causes of action, and all substitutions, indemnification rights, all present and future intercompany debt, books and records related to the foregoing, accessions and proceeds of the foregoing, wherever located, including insurance or other proceeds; (b) all proceeds of leased real property; (c) ~~subject to entry of a Final Order,~~ the proceeds of any avoidance actions brought pursuant to Chapter 5 of the Bankruptcy Code or applicable state law equivalents; (d) proceeds of the Debtors' rights under section 506(c) (solely to the extent such rights result from the use of DIP Collateral, and are, therefore, enforceable against parties other than the Prepetition Agents or the Prepetition Secured Parties) and 550 of the Bankruptcy Code; (e) all Prepetition Collateral, (f) all Prepetition Collateral that was not otherwise subject to valid, perfected, enforceable, and unavoidable liens on the Petition Date, (g) all Lease Rights (as defined below), and (h) any security deposits refunded to the Debtors after application by a landlord of non-residential real property.  Notwithstanding the foregoing, DIP Collateral shall not include (a) the Debtors' real property leases (but shall include all proceeds of such leases) solely to the extent that the grant of a DIP Lien is prohibited or restricted by the terms of such real property lease or applicable nonbankruptcy law to attach to any such real property lease and (b) any letters of credit posted by the Debtors in favor of third parties (including any landlords of non-residential real property)**; provided however, for the avoidance of doubt, on the Reserve Release Date, the Priority Claims Reserve and Wind-Down Reserve (as defined in Paragraph 10(b) below) once released to the Estates and any amounts paid or payable to the Estates under Paragraph 60 hereof shall not constitute part of the DIP Collateral**.

(Page 38)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Chapter 11 Cases or Successor Cases. The DIP Liens shall not be subject to section 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of any Estate pursuant to section 551 of the Bankruptcy Code shall be *pari passu* with or senior to the DIP Liens with respect to the DIP Collateral.

7.      _DIP Superpriority Claims_. Subject and subordinate to the Carve-Out, upon entry of th~~is~~e Interim Order, the DIP Secured Parties ~~are hereby~~**were** granted, pursuant to section 364(c)(1) of the Bankruptcy Code, allowed superpriority administrative expense claims in each of the Chapter 11 Cases and any Successor Cases (collectively, the "DIP Superpriority Claims") for all DIP Obligations, except as set forth herein (including with respect to the Carve-Out), with priority over any and all administrative expense claims and any claims of any kind against the Debtors or their Estates in any of the Chapter 11 Cases and any Successor Cases, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 364, 503(a), 503(b), 507(a), 507(b), 546(c), 546(d), 726, 1113, and 1114 of the Bankruptcy Code, and any other provision of the Bankruptcy Code, as provided under section 364(c)(1) of the Bankruptcy Code. Notwithstanding anything contained herein or in any of the DIP Documents to the contrary, the DIP Superpriority Claims shall at all times be, in respect of any Prepetition ABL Priority Collateral or Postpetition ABL Priority Collateral, junior

(Page 39)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

in right of payment to the Prepetition ABL Superpriority Claims and the Prepetition ABL Secured Obligations.

8.      _DIP Roll-Up Obligations_.  Upon entry of th~~is~~**e** Interim Order and subject to paragraph 43 **of the Interim Order and this Final Order**, Prepetition FILO Secured Obligations in an aggregate amount equal to the Roll-Up Amount ~~shall be~~**were** converted into DIP Roll-Up Obligations, without any further action by the Debtors or any other party.

9.      _No Obligation to Extend Credit_.  Except as required to fund the Carve-Out and the Reserves, the DIP Secured Parties shall have no obligation to make any loan or advance under the DIP Documents unless all of the conditions precedent under the DIP Documents and this ~~Interim~~**Final** Order have been satisfied in full or waived by the  DIP Agent or Required DIP Lenders, as applicable, in accordance with the terms of the DIP Documents.

10.      _Use of Proceeds of DIP Facility_.

(a)      From and after the Petition Date, the Debtors shall use DIP Facility proceeds only for the purposes specifically set forth in this ~~Interim~~**Final** Order and the DIP Documents, and only in compliance with the Approved Budget (subject to the Permitted Variances) and the terms and conditions in this ~~Interim~~**Final** Order and the DIP Documents.

(b)      Upon entry of th~~is~~**e** Interim Order, the Debtors ~~shall establish~~**established** (i) a reserve in a segregated account, which may be the same account as the Wind-Down Reserve (as defined below) (the "Priority Claims Reserve") in the sum of  $~~15.0~~**10.0** million, which

(Page 40)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

reserve shall be funded in accordance with the Approved Budget from the proceeds of the DIP Facility, proceeds of the DIP Collateral, and/or the Prepetition Collateral (including Cash Collateral) to fund allowed, undisputed and unpaid chapter 11 administrative expense claims, priority and other claims **("Claims and Expenses")**, (ii) a reserve in a segregated account, which may be the same account as the Priority Claims Reserve, (the "Wind-Down Reserve") in the sum of  $5.0 million, which reserve shall be funded in accordance with the Approved Budget from the proceeds of the DIP Facility, proceeds of the DIP Collateral, and/or the Prepetition Collateral (including Cash Collateral), to fund costs associated with the orderly wind-down of the Debtors' businesses and administration of the Debtors' estates **("Wind-Down Costs")**, and (iii) a reserve in a segregated account, which may be the same account as the Priority Claims Reserve and/or the Wind-Down Reserve, (the "WARN Reserve" and, together with the Priority Claims Reserve and the Wind-Down Reserve, the "Reserves") in an amount up to $16.0 million, which reserve shall be funded in accordance with the Approved Budget from the proceeds of the DIP Facility, proceeds of the DIP Collateral, and/or the Prepetition Collateral (including Cash Collateral), to fund costs associated with the federal Worker Adjustment and Retraining Notification Act and state law equivalents **("WARN Costs")**. ¶

~~(c)      Any contrary provision hereof notwithstanding, the Priority Claims Reserve and the Wind-Down Reserve  shall not be available to the Debtors or their Estates if (i) the Final Order is not entered by the applicable Milestone date (as it may be extended with the~~

40

(Page 41)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

~~prior written consent of the DIP Agent), or (ii) a party obtains requisite standing with respect to a Challenge (as defined in Paragraph 43 of this Interim Order) that is timely filed prior to the expiration of the Challenge Period. Upon the occurrence of either event in Paragraph 10(c) (i) or (ii), then the Priority Claims Reserve and Wind-Down Reserve shall automatically terminate, all funds then on deposit in such Reserves shall immediately be paid to the DIP Agent for application to the DIP Obligations and shall not be further funded in accordance with the Approved Budget.¶~~

~~(d)    Any contrary provision hereof notwithstanding, the WARN Reserves shall not be available to the Debtors or their Estates if (i) the Final Order is not entered by the applicable Milestone date (as it may be extended with the prior written consent of the DIP Agent), or (ii) a party obtains requisite standing with respect to a Challenge (as defined in Paragraph 43 of this Interim Order) that is timely filed prior to the expiration of the Challenge Period resulting in a Successful Challenge.   Upon the occurrence of either event in Paragraph 10(d) (i) or (ii), the WARN Reserve shall automatically terminate all funds then on deposit in such WARN Reserves shall immediately be paid to the DIP Agent for application to the DIP Obligations, and shall not be further funded in accordance with the Approved Budget.¶~~

~~(e)    If a party obtains requisite standing with respect to a Challenge (as defined in Paragraph 43 of this Interim Order) that is timely filed prior to the expiration of the Challenge Period, then the fees and costs incurred by the Estates, the DIP Agent and Prepetition~~

(Page 42)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

~~Secured Parties with respect to such Challenge shall deplete the WARN Reserve on a dollar-for-dollar basis.~~

**(c)** ~~(f) Subject to the foregoing~~**Ten (10) calendar days after entry of this Final Order (the "Reserve Release Date"),** ~~any~~**all** funds in the ~~Reserves~~**Priority Claims Reserve and the Wind Down Reserve shall be** released to the Debtors ~~pursuant to this paragraph shall be~~ free and clear of the DIP Liens, the Prepetition Liens and the Adequate Protection ~~Lien.~~ **Liens and shall be collapsed such that $15 million may be used by the Debtors without regard to the allocation set forth in paragraph 10(b).  Upon payment of all amounts payable from the WARN Reserve as set forth in this Final Order, any excess funds in the WARN Reserve shall be released to the Debtors' Estates for distribution in accordance with this Final Order.**

11.    ~~No~~ Monitoring Obligation.  The DIP Secured Parties shall have no obligation or responsibility to monitor the Debtors' use of the DIP Facility, and the DIP Secured Parties may rely upon the Debtors' representation that the use of the DIP Facility at any time is in accordance with the requirements of this ~~Interim~~**Final** Order and the DIP Documents.

**Authorization to Use Cash Collateral**

12.    Authorization to Use Cash Collateral.  Subject to the terms and conditions of this ~~Interim~~**Final** Order and the DIP Documents, and in accordance with the Approved Budget (subject to the Permitted Variances), the Debtors are authorized to use Cash Collateral.

(Page 43)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Nothing in this ~~Interim~~**Final** Order shall authorize the disposition of any DIP Collateral outside the ordinary course of business, except as permitted by this ~~Interim~~**Final** Order and (including the Carve-Out) the DIP Documents, and in accordance with the Approved Budget (subject to the Permitted Variances), as applicable.

13.    <u>Consent of Prepetition Secured Parties.</u>  The Prepetition Secured Parties hereby consent to (a) the provisions of this ~~Interim~~**Final** Order including the Debtors' entry into the DIP Facility on ~~an interim~~**a final** basis, (b) the granting of the DIP Liens and DIP Superpriority Claims on the terms and subject to the conditions set forth herein, (c) the Approved Budget, and (d) the DIP Roll-Up Obligations.

14.    <u>Adequate Protection for Prepetition Secured Parties</u>.  As adequate protection for any Diminution in Value of the Prepetition Secured Parties' interest in the Prepetition Collateral resulting from the subordination of the Prepetition Liens to the Carve-Out, and the use of Cash Collateral, the Prepetition Administrative Agent shall receive, for the benefit of the Prepetition Secured Parties (the "<u>Adequate Protection Obligations</u>"):

(i)    <u>Adequate Protection Liens</u>.

(a)    *Prepetition ABL AP Liens*.  Subject to the Carve-Out, pursuant to sections 361 and 363(e) of the Bankruptcy Code, as adequate protection of the interests of the Prepetition ABL Secured Parties in the Prepetition Collateral to the extent of any Diminution in Value of such interests in the Prepetition Collateral, the Debtors hereby grant to the Prepetition

(Page 44)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Administrative Agent, for the benefit of itself and the Prepetition ABL Secured Parties, a continuing, valid, binding, enforceable, and perfected postpetition security interest in and lien on all DIP Collateral subject to the priorities set forth in Paragraph 14(ii)(a) below (the "Prepetition ABL AP Liens").

(b)    *Prepetition FILO AP Liens*.  Subject to the Carve-Out, pursuant to sections 361 and 363(e) of the Bankruptcy Code, as adequate protection of the interests of the Prepetition FILO Secured Parties in the Prepetition Collateral, to the extent of any Diminution in Value of such interests in the Prepetition Collateral, the Debtors hereby grant to the Prepetition FILO Agent, for the benefit of itself and the Prepetition FILO Secured Parties, a continuing, valid, binding, enforceable, and perfected postpetition security interest in and lien on all of the DIP Collateral subject to the priorities set forth in paragraph 14(ii)(a) below (the "Prepetition FILO AP Liens," and together with the Prepetition ABL AP Liens, the "Adequate Protection Liens").

(ii)    Relative Priority of DIP Liens and Adequate Protection Liens.

(a)    Subject to the Marshalling Agreement**s** (as defined below), the DIP Liens, Adequate Protection Liens, and Prepetition Liens shall have the following relative priority on the DIP Collateral:

| | Prepetition Collateral | DIP Collateral |
|---|---|---|
| | | |

(Page 45)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

| | Prepetition ABL Priority Collateral | Prepetition FILO Priority Collateral | Postpetition ABL Priority Collateral | Postpetition FILO Priority Collateral[10] |
|---|---|---|---|---|
| 1 | Carve-Out | Carve-Out | Carve-Out | Carve-Out |
| 2 | Prepetition Permitted Liens | Prepetition Permitted Liens | Prepetition ABL AP Liens | DIP Liens |
| 3 | Prepetition ABL AP Liens | Prepetition FILO AP Liens | Prepetition ABL Liens | Prepetition FILO AP Liens |
| 4 | Prepetition ABL Liens | Prepetition FILO Liens | Prepetition FILO AP Liens | Prepetition ABL AP Liens |
| 5 | Prepetition FILO AP Liens | Prepetition ABL AP Liens | Prepetition FILO Liens | |
| 6 | Prepetition FILO Liens | Prepetition ABL Liens | DIP Liens | |
| 7 | DIP Liens | DIP Liens | | |

(b)    Except as provided herein (including with respect to the Carve-Out), the

Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or security

---

[10] "Postpetition FILO Priority Collateral" means all DIP Collateral other than Prepetition FILO Priority Collateral, Prepetition ABL Priority Collateral, and Postpetition ABL Priority Collateral.

(Page 46)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

interest heretofore or hereinafter in the Chapter 11 Cases or any Successor Cases, and shall be valid and enforceable against any trustee appointed in any of the Chapter 11 Cases or any Successor Cases, or upon the dismissal of any of the Chapter 11 Cases or Successor Cases. The Adequate Protection Liens shall not be subject to sections 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code shall be *pari passu* with or senior to the Prepetition ABL Liens, Prepetition FILO Liens, or the Adequate Protection Liens.

    (iii)   <u>Adequate Protection Superpriority Claims</u>.

    (a)   *Prepetition ABL Superpriority Claim*. Subject and subordinate to the Carve-Out, as further adequate protection of the interests of the Prepetition ABL Secured Parties in the Prepetition Collateral, to the extent of any Diminution in Value of such interests in the Prepetition ABL Priority Collateral, the Prepetition Administrative Agent, on behalf of itself and the Prepetition ABL Secured Parties, is hereby granted pursuant to section 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Chapter 11 Cases and any Successor Cases (the "<u>Prepetition ABL Superpriority Claim</u>").

    (b)   *Prepetition FILO Superpriority Claim*. Subject and subordinate to the Carve-Out, as further adequate protection of the interests of the Prepetition FILO Secured Parties in the Prepetition Collateral, to the extent of any Diminution in Value of such interests in the Prepetition FILO Priority Collateral, the Prepetition FILO Agent, on behalf of itself and the

(Page 47)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Prepetition FILO Secured Parties, is hereby granted pursuant to section 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Chapter 11 Cases and any Successor Cases (the "Prepetition FILO Superpriority Claim," and together with the Prepetition ABL Superpriority Claim, the "Adequate Protection Superpriority Claims").

(iv)  <u>Priority of Adequate Protection Superpriority Claims</u>.  Except as set forth herein (including with respect to the Carve-Out), the Adequate Protection Superpriority Claims shall have priority over all administrative expense claims and unsecured claims against the Debtors or their estates, now existing or hereafter arising, of any kind or nature whatsoever, including administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b), 507(a), 506(c~~) (subject to entry of the Final Order~~), 507(b), 546(c), 546(d), 726, 1113, and 1114 of the Bankruptcy Code.  The Adequate Protection Superpriority Claims shall be subject to the Carve-Out, the order of priority set forth in Paragraph 14(ii)(a) and the Marshalling Agreement**s**.

(v)  <u>Adequate Protection Payments and Protections for Prepetition ABL Secured Parties</u>.  As further adequate protection, the Debtors shall pay the following: (a) interest on the Prepetition ABL Secured Obligations at the default rate under the Prepetition Credit Documents, payable in cash (but subject to the Challenge rights to the extent preserved in Paragraph 43 below), (b) ~~immediately upon entry of~~**in accordance with** this ~~Interim~~**Final** Order, the reasonable and documented fees, out-of-pocket fees and expenses, and disbursements

47

(Page 48)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

(including the reasonable and documented fees, out-of-pocket fees and expenses, and disbursements of counsel, financial advisors, auditors, third-party consultants, and other vendors) incurred by the Prepetition Administrative Agent arising prior to the Petition Date and reimbursable under the Prepetition Credit Documents, including, without limitation, the fees and expenses of Davis Polk & Wardwell, LLP, Greenberg Traurig, and FTI Consulting, Inc. (the "Prepetition Administrative Agent Advisors") and (c) in accordance with this ~~Interim~~**Final** Order, the reasonable and documented fees, out-of-pocket fees and expenses, and disbursements (including the reasonable and documented fees, out-of-pocket fees and expenses, and disbursements of counsel, financial advisors, auditors, third-party consultants, and other vendors) incurred by the Prepetition Administrative Agent on and subsequent to the Petition Date and reimbursable under the Prepetition Credit Documents, including the Prepetition Administrative Agent Advisors, and (d) the Prepetition ABL Secured Obligations in accordance with the Approved Budget. The Debtors shall fund to the Prepetition Administrative Agent, for the benefit of the Prepetition ABL Secured Parties, $500,000 into a non-interest bearing account maintained at the Prepetition Administrative Agent, which amount shall be increased to $5,000,000 in the event that a Challenge is filed against the Prepetition Administrative Agent or the Prepetition ABL Lenders related to the Prepetition Credit Documents, the Prepetition Secured Obligations, or the Prepetition ABL Liens before the expiration of the Challenge Period (as may be extended in accordance with this ~~Interim~~**Final** Order) (the "Prepetition ABL

(Page 49)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Indemnity Reserve"). The Prepetition ABL Indemnity Reserve shall secure contingent indemnification, reimbursement, or similar continuing obligations to the Prepetition ABL Secured Parties arising under or related to the Prepetition Credit Documents (the "Prepetition ABL Indemnity Obligations") and shall be funded with the application of first available cash proceeds of Prepetition ABL Priority Collateral to the Prepetition ABL Secured Obligations provided for in Paragraph 26. The Prepetition ABL Indemnity Reserve shall secure all costs, expenses, and other amounts (including reasonable and documented attorneys' fees) owed to or incurred by the Prepetition Administrative Agent and the Prepetition ABL Lenders related to the Prepetition Credit Documents, the Prepetition Secured Obligations, or the Prepetition ABL Liens, as applicable. The Prepetition ABL Indemnity Obligations shall be secured by a first priority lien on the Prepetition ABL Indemnity Reserve and the funds therein (which shall not be subject to the Carve-Out) and by a lien on the Prepetition ABL Priority Collateral and the Postpetition ABL Priority Collateral (subject in all respects to the AAL). Subject to Paragraph 37 below, the Debtors shall pay all Prepetition ABL Indemnity Obligations as and when they become fixed and are no longer contingent; *provided*, that the Prepetition Administrative Agent shall have authority, but not an obligation, to apply amounts in the Prepetition ABL Indemnity Reserve to any Prepetition ABL Indemnity Obligations, without further notice to or consent from the Debtors, ~~a~~**the** Committee ~~(if appointed)~~, or any other parties in interest and without further order of this Court; *provided* that the Prepetition ABL Agent shall provide seven (7)

(Page 50)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Business Days' advance notice to the Debtors and the Committee of any payments to be made from the Prepetition ABL Indemnity Reserve on account of Prepetition ABL Indemnity Obligations, during which period the Debtors and the Committee shall have the right to object to any such payment of Prepetition ABL Indemnity Obligations; *provided*, *further*, that any such indemnification claims shall be subject to (a) the terms of the Prepetition Credit Documents (including with respect to application of proceeds) and (b) the rights of parties in interest with requisite standing to object to such indemnification claim(s) to the extent set forth in Paragraph 43 hereof.  The Prepetition ABL Agent shall not apply amounts in the Prepetition ABL Indemnity Reserve to any Prepetition ABL Indemnity Obligations unless and until such objection is resolved by agreement or by order of the Court.  The Prepetition Administrative Agent (for itself and on behalf of the Prepetition ABL Secured Parties) shall retain and maintain the Prepetition ABL Liens and the Prepetition ABL AP Liens granted to the Prepetition Administrative Agent as security for the amount of any Prepetition ABL Indemnity Obligations in excess of funds on deposit in the Prepetition ABL Indemnity Reserve.  The Prepetition ABL Indemnity Reserve shall be released to the Debtors at the earlier of (~~x~~**i**) expiration of the Challenge Period (as may be extended in accordance with this ~~Interim~~**Final** Order) in the event no Challenge is made or (ii) the Prepetition ABL Indemnity Obligations (including any contingent indemnity obligations) have been Paid in Full after being fixed in amount and liquidated pursuant to agreement or a final court order that has not ~~have~~ been reversed, vacated,

50

(Page 51)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

stayed or subject to appeal ("Allowed Prepetition ABL Indemnity Obligations"); *provided* that any Allowed Prepetition ABL Indemnity Obligations must first be paid from the Prepetition ABL Indemnity Reserve.

(vi)    ABL Adequate Protection Information Rights. The Debtors shall provide the Prepetition Administrative Agent **(and the Committee)** at the same time as such reporting is provided to the DIP Lenders and/or the DIP Agent all reporting required to be provided to the DIP Lenders or DIP Agent under the DIP Documents.  The Debtors shall provide the Prepetition Administrative Agent **(and the Committee)** with all weekly borrowing base certificates on a postpetition basis in accordance with the terms of the Prepetition Credit Agreement.

(vii)    Adequate Protection Payments and Protections for Prepetition FILO Secured Parties.  Subject to the Carve-Out and Reserves, as further adequate protection, in accordance with this ~~Interim~~**Final** Order, the Debtors shall (a) pay in cash all interest on the Prepetition FILO Secured Obligations (net of the Roll-Up Amount) at the default rate due under the Prepetition Credit Documents (but subject to the Challenge rights to the extent preserved in Paragraph 43 below), and (b) pay in cash the reasonable and documented fees, out-of-pocket fees and expenses, and disbursements (including the reasonable and documented fees, out-of-pocket fees and expenses, and disbursements of counsel, financial advisors, auditors, third-party consultants, and other vendors) incurred by the Prepetition FILO Agent and Prepetition FILO Lenders on, prior to, and subsequent to the Petition Date and reimbursable

(Page 52)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

under the Prepetition Credit Documents, subject to the procedures set forth in Paragraph 37 hereto.

(viii) <u>Adequate Protection Reservation</u>.  Subject to the Carve-Out, nothing herein shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided to the Prepetition Secured Parties hereunder is insufficient to compensate for any Diminution in Value of their respective interests in the Prepetition Collateral during the Chapter 11 Cases or any Successor Cases.  The receipt by the Prepetition Secured Parties of the adequate protection provided herein shall not be deemed an admission that the interests of the Prepetition Secured Parties are adequately protected.  Further, this ~~Interim~~**Final** Order shall not prejudice or limit the rights of the Prepetition Secured Parties to seek additional relief with respect to the use of Cash Collateral or for additional adequate protection.

**<u>Provisions Common to DIP Financing and Use of Cash Collateral</u>**

15.    <u>Amendment of the DIP Documents</u>.  The Debtors and the DIP Agent and Required DIP Lenders (or as otherwise provided in the DIP Documents) may enter into one or more amendments, waivers, consents, or other modifications to and under the DIP Documents, in each case in accordance with the terms of the applicable DIP Documents and in such form as the Debtors and the Required DIP Lenders (or as otherwise provided in the DIP Documents) agree and no further approval of this Court shall be required for any amendment, waiver,

(Page 53)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

consent, or other modification to and under the DIP Documents (and any fees paid in connection therewith) that does not materially and adversely affect the Debtors or (A) which does not (i) shorten the maturity of the DIP Facility, (ii) increase the principal amount of, the rate of interest on, or the fees payable in connection with the DIP Facility, or (iii) change any event of default, add any covenants, or amend the covenants to be materially more restrictive or (B) which is (i) immaterial or non-adverse to the Debtors and (ii) in accordance with the DIP Documents; *provided*, *however*, any such amendment, waiver, consent, or other modification shall be filed with the Court and served by the Debtors on the U.S. Trustee, counsel to the Committee, and counsel to the Prepetition Administrative Agent two days in advance of its effectiveness, to the extent reasonably practicable. No consent to any such amendment, waiver, consent, or modification shall be implied by any action, inaction, or acquiescence of the DIP Secured Parties.

16. <u>Approved Budget</u>.

(i) Attached to this ~~Interim~~**Final** Order as **Exhibit B** is a 13-week budget approved by the DIP Agent, Required DIP Lenders, Prepetition FILO Agent, and Prepetition Administrative Agent, which sets forth, among other things, projected cash receipts and cash disbursements (the "<u>Approved Budget</u>"). Commencing at 5:00 P.M. (Eastern Time) on the fourth business day beginning with the week of May 1, 2023, and continuing at 5:00 P.M. (Eastern Time) on the fourth business day of every calendar week thereafter, the Debtors shall

(Page 54)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

deliver to the DIP Agent, the Prepetition FILO Agent, and the Prepetition Administrative Agent an updated budget, and if such updated budget is in form and substance satisfactory to the DIP Agent, Required DIP Lenders, Prepetition FILO Agent, and Prepetition Administrative Agent, it shall become the "Approved Budget" for purposes of the DIP Documents, thi~~s~~**e** Interim Order, and the~~is~~ Final Order ~~(together with this Interim Order, the "DIP Orders")~~.  Any amendments, supplements or modifications to the Approved Budget or a Variance Report (as defined below) shall be subject to the prior written approval of the DIP Agent (acting at the direction of the Required DIP Lenders), Prepetition FILO Agent (acting at the direction of the Required FILO Lenders (as defined in the Prepetition Credit Agreement)), and Prepetition Administrative Agent (acting at the direction of the Required Revolving Lenders (as defined in the Prepetition Credit Agreement, and, *provided*, that the Required Revolving Lenders shall be deemed to approve any Variance Report with Variances less than or equal to the Permitted Variances plus 10%)) prior to the implementation thereof.  Upon the prior written consent of each of the DIP Agent, Prepetition FILO Agent, and Prepetition Administrative Agent (acting at the direction of the Required Lenders) to a proposed updated budget, or an amendment, supplement or modification to the Approved Budget or a Variance Report, such proposed updated budget, amendment, supplement or modification shall be effective.  Until any such updated budget, amendment, supplement or modification has been affirmatively approved (as provided in the immediately preceding sentence), the Debtors shall be subject to and be governed by the terms of the

(Page 55)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Approved Budget then in effect.  Any such Approved Budgets shall be served on the U.S. Trustee and counsel to the Committee.

(ii)     The Approved Budget is approved on ~~an interim~~**a final** basis.  The proceeds of the DIP Facility and Cash Collateral under this ~~Interim~~**Final** Order shall be used by the Debtors solely in accordance with the Approved Budget (subject to Permitted Variances), this ~~Interim~~**Final** Order and the DIP Documents.

(iii)     Other than with respect to the Carve-Out, and except as provided in Paragraphs 30, 31, and 33(ii), none of the DIP Secured Parties' and the Prepetition Secured Parties' consent (deemed or otherwise) to, or acknowledgement of, the Approved Budget shall be construed as consent to use the proceeds of the DIP Facility or Cash Collateral beyond the Maturity Date of the DIP Facility or the occurrence of the Termination Date or ABL Cash Collateral Termination Date (each as defined below), regardless of whether the aggregate funds shown on the Approved Budget have been expended.

(iv)     Notwithstanding anything to the contrary herein, **no amendments or modifications shall be made to the line items for the Committee Professionals without the express consent of the Committee Professionals or further order of the Court.¶**

(v)     **Notwithstanding anything to the contrary herein,** the Debtors shall pay the fees, costs and expenses of the DIP Professionals in accordance with the DIP Documents and this ~~Interim~~**Final** Order without reference to the Approved Budget.

(Page 56)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

17.     <u>Budget Reporting</u>.    The Debtors shall at all times comply with the Approved Budget.  By not later than 5:00 p.m. (Eastern Time) on the fourth business day after the first full calendar week following the Petition Date (which shall not be a Testing Date, as defined below), and no later than 5:00 p.m. (Eastern Time) on each fourth business day thereafter (each, a "<u>Testing Date</u>"), the Debtors shall deliver to the DIP Agent, Prepetition FILO Agent, Prepetition Administrative Agent, counsel to the Committee, and the U.S. Trustee, a variance report for the applicable Testing Period (as defined below) in form and detail consistent to such prepetition reporting and reasonably acceptable to the DIP Agent, Prepetition FILO Agent, and Prepetition Administrative Agent (acting at the direction of the Required Lenders) (a "<u>Variance Report</u>") showing comparisons of (a) aggregate actual cash receipts since the Petition Date and for such Testing Period on a line by line basis, compared to the aggregate projected cash receipts of the Debtors since the Petition Date on a line by line basis, and for such Testing Period as set forth in the Approved Budget (any such difference on an aggregate basis, a "<u>Receipts Variance</u>") and (b) actual cash disbursements on a line by line basis of the Debtors since the Petition Date and for such Testing Period compared to the projected cumulative cash disbursements on a line by line basis since the Petition Date and for such Testing Period as set forth in the Approved Budget (any such difference on an aggregate basis, a "<u>Disbursements Variance</u>" and together with the Receipts Variance, a "<u>Variance</u>").  Each Variance Report shall indicate whether there are any adverse variances that exceed the Permitted Variances (as defined

(Page 57)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

below) and shall provide a written explanation for such variances. "Permitted Variances" shall mean, as of any Testing Date, (i) for the first two full calendar weeks following the Petition Date, a cumulative Receipts Variance up to 15% or a cumulative Disbursements Variance up to 15% on an aggregate basis contained in the Approved Budget (excluding professional fees); (ii) for the first three full calendar weeks following the Petition Date, a cumulative Receipts Variance up to 12.5% or a cumulative Disbursements Variance up to 12.5% on an aggregate basis contained in the Approved Budget (excluding professional fees); and (iii) for the first four full calendar weeks following the Petition Date, and the trailing four-week period for each Testing Date thereafter, a cumulative Receipts Variance up to 10% or a cumulative Disbursements Variance up to 10% on an aggregate basis contained in the Approved Budget (excluding professional fees) (the two, three, and four-week periods set forth in these clauses (i)–(iii) each, a "Testing Period"). Each Testing Period shall begin on the applicable Sunday and end on the Saturday immediately prior to the applicable Testing Date.

18. Additional Reporting. The Debtors shall deliver to the DIP Agent, Prepetition FILO Agent, and Prepetition Administrative Agent**, and the Committee** each of the reports and other information set forth on **Exhibit D** hereto within the timeframe set forth therein, in form and detail reasonably acceptable to the DIP Agent, Prepetition FILO Agent and Prepetition Administrative Agent**, and the Committee**. The Debtors shall also make the Debtor Professionals and their other advisors available upon reasonable notice, for in-person, telephonic

(Page 58)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

or virtual meetings to update the DIP Agent, the Prepetition Administrative Agent, **the Committee,** and their respective advisors on all matters affecting the Debtors, the Chapter 11 Cases and the CCAA Proceedings, including with respect to (i) the status and results of Specified Store Closing Sales, and (ii) the efforts to market and sell DIP Collateral, including intellectual property and owned and leased real estate.

19.    <u>Modification of Automatic Stay</u>.   The automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified and vacated to the extent necessary to permit the Debtors, the DIP Secured Parties, and the Prepetition Secured Parties to accomplish the transactions contemplated by this ~~Interim~~**Final** Order, including to:  (a) permit the Debtors to grant the DIP Liens, the DIP Superpriority Claims, the Adequate Protection Liens, and the Adequate Protection Superpriority Claims; (b) permit the Debtors to perform such acts as either the Prepetition Agent or the DIP Agent may reasonably request to assure the perfection and priority of the liens granted herein; (c) permit the Debtors to incur all liabilities and obligations to the DIP Secured Parties and the Prepetition Secured Parties under this ~~Interim~~**Final** Order and the DIP Documents; and (d) authorize the Debtors to pay, and the DIP Secured Parties and the Prepetition Secured Parties to retain and apply, payments made in accordance with the terms of this ~~Interim~~**Final** Order.

20.    <u>Perfection of DIP Liens and Adequate Protection Liens</u>.   Th~~is~~**e** Interim **Order and this Final** Order shall be sufficient and conclusive evidence of the creation, validity,

(Page 59)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

perfection, and priority of all liens granted ~~herein~~**in the Interim Order and this Final Order**, including the DIP Liens and the Adequate Protection Liens, without the necessity of filing or recording any financing statement, mortgage, deed of trust, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens and the Adequate Protection Liens or to entitle the DIP Secured Parties and the Prepetition Secured Parties to the priorities granted herein.  Notwithstanding the foregoing, the DIP Agent and the Prepetition Agents (for the benefit of the DIP Secured Parties and the Prepetition Secured Parties, respectively) are authorized, but not required, to file, as each deems necessary or advisable, such financing statements, security agreements, mortgages, notices of liens and other similar documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the DIP Liens and the Adequate Protection Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the Petition Date; *provided*, *however*, that no such filing or recordation shall be necessary or required in order to create or perfect the DIP Liens or the Adequate Protection Liens.  The Debtors are authorized and directed to execute and deliver promptly upon demand to the DIP Agent and the Prepetition Agents all such financing statements, mortgages, notices and other documents as each may reasonably request.  The DIP Agent and the Prepetition Agents

(Page 60)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

may each, in its discretion, file a photocopy of this ~~Interim~~**Final** Order as a financing statement with any filing or recording office or with any registry of deeds or similar office in addition to or in lieu of such financing statements, notices of lien or similar instruments.  To the extent that either Prepetition Agent is, with respect to the DIP Collateral, the secured party under any security agreement, mortgage, leasehold mortgage, landlord waiver, credit card processor notices or agreements, bailee letters, custom broker agreements, financing statement, account control agreements or any other Prepetition Credit Documents or is listed as loss payee, lenders' loss payee or additional insured under any of the Debtors' insurance policies, the DIP Agent (for the benefit of the DIP Secured Parties) shall also be deemed to be the secured party or mortgagee, as applicable, under such documents or to be the loss payee or additional insured, as applicable.

The Prepetition Agents shall act as agent for the DIP Secured Parties solely for purposes of perfecting the DIP Secured Parties' liens on all DIP Collateral that, without giving effect to the Bankruptcy Code and this ~~Interim~~**Final** Order, is of a type such that perfection of a lien therein may be accomplished only by possession or control by a secured party (including any deposit account control agreement), and all of the Prepetition Agents' respective rights in such DIP Collateral (other than, with respect to the Prepetition Administrative Agent, the Prepetition ABL Priority Collateral and the Postpetition ABL Priority Collateral) shall inure to the benefit of and be exercisable exclusively by the DIP Agent until the DIP Obligations have been repaid in full in cash; *provided*, that the DIP Agent may, except with respect to the Prepetition ABL Priority

(Page 61)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Collateral and the Postpetition ABL Priority Collateral, in its sole discretion, require the Debtors to (and the Debtors shall) use commercially reasonable efforts to provide the DIP Agent with such possession or control as is necessary to perfect the DIP Obligations and DIP Liens. Notwithstanding the foregoing, ~~and subject to entry of the Final Order,~~ in the event any of the Chapter 11 Cases or Successor Cases are dismissed prior to the Payment in Full of the DIP Obligations, such order dismissing any Chapter 11 Cases or Successor Cases shall not be effective for five (5) business days to permit the DIP Agent and the Prepetition Agents to enter into any agreements or file any documents (including credit agreements, financing statements, mortgages, or other notices or documents) evidencing the DIP Obligations and the perfection and priority of the DIP Liens and Adequate Protection Liens, and during such period, the Debtors shall comply with all reasonable requests of the DIP Agent and the Prepetition Agents to ensure the perfection of the DIP Liens and the Adequate Protection Liens, as applicable.

21.  <u>Access to Books and Records</u>.  The Debtors will (i) maintain books, records, and accounts to the extent and as required by the DIP Documents, (ii) cooperate with, consult with, and provide to the DIP Secured Parties and the Prepetition Secured Parties, all such information and documents that any or all of the Debtors are obligated to provide under the DIP Documents or the provisions of this ~~Interim~~**Final** Order, or the Prepetition Credit Documents, as applicable or as otherwise reasonably requested by the DIP Secured Parties or the Prepetition Secured Parties, (iii) during normal business hours, upon reasonable advance notice, permit

(Page 62)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

consultants, advisors and other representatives (including third party representatives) of the DIP Secured Parties and the Prepetition Secured Parties to visit and inspect any of the Debtors' respective properties, to examine and make abstracts or copies from any of their respective books and records, to conduct a collateral audit and analysis of their respective inventory and accounts, to tour the Debtors' business premises and other properties, and to discuss, and provide advice with respect to, their respective senior management independent public accountants to the extent required by the DIP Documents or the Prepetition Credit Documents, and (iv) permit the DIP Secured Parties, the Prepetition Secured Parties, and their consultants, advisors and other representatives, to consult with the Debtors' management and advisors on matters concerning the Debtors'  businesses, financial condition, operations and assets, as provided for in the DIP Documents.

22. <u>Proceeds of Subsequent Financing</u>.  If the Debtors, any trustee, any examiner with expanded powers, or any responsible officer subsequently appointed in these Chapter 11 Cases or any Successor Cases, shall obtain credit or incur debt pursuant to Bankruptcy Code sections 364(b), 364(c) or 364(d) or in violation of the DIP Documents at any time prior to the Payment in Full of all DIP Obligations and the termination of the DIP Lenders' obligation to extend credit under the DIP Facility, including subsequent to the confirmation of any plan with respect to any or all of the Debtors and the Debtors' Estates, then all cash proceeds derived from such credit or debt shall immediately be turned over to the DIP Agent (for the

(Page 63)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

benefit of the DIP Secured Parties) to be distributed in accordance with this ~~Interim~~**Final** Order and the DIP Documents.  For the avoidance of doubt, if the Debtors, any trustee, any examiner with expanded powers, or any responsible officer subsequently appointed in the Chapter 11 Cases, or any Successor Cases, shall obtain credit or incur debt (other than the DIP Facility) pursuant to Bankruptcy Code section 364(d) at any time prior to the Payment in Full of the Prepetition Secured Obligations, the Prepetition Secured Parties' rights to object to the Debtors' use of Cash Collateral and assert a lack of adequate protection shall be fully preserved.

23.    <u>Cash Management</u>.  The Debtors shall maintain their cash management system consistent with the terms and conditions of any interim and/or final order granting the Debtors authorization to continue their cash management systems and certain related relief (as amended, supplemented or otherwise modified, the "<u>Cash Management Order</u>"), the DIP Documents, and this ~~Interim~~**Final** Order unless such cash management system is modified with the written consent of the DIP Agent and the Prepetition Agents (such consents not to be unreasonably withheld) or modified as a result of entry of any order by the Court.

24.    <u>Maintenance of DIP Collateral</u>.  Until the Payment in Full of all DIP Obligations, the Payment in Full of all Prepetition Secured Obligations, and the termination of the DIP Lenders' obligation to extend credit under the DIP Facility, the Debtors shall: (a) insure the DIP Collateral as required under the DIP Documents or the Prepetition Credit Documents, as applicable; and (b) maintain the cash management system consistent with the terms and

(Page 64)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

conditions of the Cash Management Order and the DIP Documents unless such cash management system is modified with the consent of the DIP Agent and the Prepetition Agents (such consents not to be unreasonably withheld) or modified as a result of entry of any order by the Court.

25.    <u>Disposition of DIP Collateral</u>.  Other than ordinary course inventory sales and other Dispositions subject to the Specified Liquidation Agreements (as defined in the DIP Credit Agreement) approved by order of the Bankruptcy Court or as otherwise provided for in the DIP Documents, the Debtors shall not sell, transfer, lease, encumber or otherwise Dispose of any portion of the DIP Collateral the fair market value of which exceeds $250,000, without the prior written consent of (x) the Required DIP Lenders, (y) the Required FILO Lenders (as defined in the Prepetition Credit Agreement) with respect to Prepetition FILO Priority Collateral and Postpetition FILO Priority Collateral, and (z) the Prepetition Administrative Agent (acting at the direction of the Required Revolving Lenders (as defined in the AAL)) with respect to the Prepetition ABL Priority Collateral and Postpetition ABL Priority Collateral; no such consent shall be implied from any other action, inaction, or acquiescence by the Required DIP Lenders, the Required FILO Lenders, or Prepetition Administrative Agent, or from any order of this Court.

26.    <u>Weekly True-Up and Application of DIP Collateral Proceeds</u>.  Subject to the Carve-Out, commencing with the second full calendar week following the Petition Date, on

(Page 65)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

each Testing Date, the Debtors shall remit the Net Cash Proceeds (as defined in the DIP Credit Agreement) of (a) Prepetition ABL Priority Collateral and Postpetition ABL Priority Collateral to (i) the Prepetition Administrative Agent for application in accordance with Section 2.18(b) of the Prepetition Credit Agreement, the priority waterfall in Paragraph 14(ii)(a) of this ~~Interim~~**Final** Order and the Marshalling Agreement**s** until Payment in Full of the Prepetition ABL Secured Obligations, (ii) thereafter, *~~the DIP Agent for application in accordance with Section 2.18(b) of the DIP Credit Agreement, the waterfall in Paragraph 14(ii)(a) of this~~* ~~Interim Order and the Marshalling~~ ~~Agreement~~ *~~until Payment in Full of the DIP Obligations;~~* ~~and (iii) thereafter,~~ the Prepetition FILO Agent for application in accordance with Section 2.18(b) of the Prepetition Credit Agreement, the ~~priority~~ waterfall in Paragraph 14(ii)(a) of this ~~Interim~~**Final** Order and the Marshalling Agreement**s** until Payment in Full of the Prepetition FILO Secured Obligations; **and (iii) thereafter,** *the DIP Agent for application in accordance with Section 2.18(b) of the DIP Credit Agreement, the* **priority** *waterfall in Paragraph 14(ii)(a) of this* **Final** *Order and the Marshalling* **Agreements** *until Payment in Full of the DIP Obligations;* (b) Prepetition FILO Priority Collateral to (i) the Prepetition FILO Agent for application in accordance with Section 2.18(g) of the Prepetition Credit Agreement, the priority waterfall in Paragraph 14(ii)(a) of this ~~Interim~~**Final** Order and the Marshalling Agreement**s** until Payment in Full of the Prepetition FILO Secured Obligations, and (ii) thereafter, *~~to the DIP Agent for application in accordance with Section 2.18(b) of the DIP Credit Agreement, the waterfall in~~*

(Page 66)
Debtors:              BED BATH & BEYOND, INC., *et al.*
Case No.              23-13359 (VFP)
Caption of Order:     ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A)
                      OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH
                      COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY
                      ADMINISTRATIVE     EXPENSE     CLAIMS,    (III)    GRANTING
                      ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC
                      STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~
                      GRANTING RELATED RELIEF

*~~Paragraph 14(ii)(a) of this~~* ~~Interim~~ *~~Order and the Marshalling~~* ~~Agreement~~ *~~until Payment in Full~~*

*~~of the DIP Obligations; and (iii) thereafter,~~* to the Prepetition Administrative Agent for

application in accordance with Section 2.18(b) of the Prepetition Credit Agreement, the *waterfall*

*in Paragraph 14(ii)(a) of this* **Final** *Order and the Marshalling* **Agreements** *until Payment in*

*Full of the Prepetition ABL Secured Obligations; and (iii) thereafter, to the DIP Agent for*

*application in accordance with Section 2.18(b) of the DIP Credit Agreement, the* priority

waterfall in paragraph 14(ii)(a) of this ~~Interim~~**Final** Order, and the Marshalling Agreement**s** until

Payment in Full of the *~~Prepetition ABL Secured~~***DIP** Obligations; (c) DIP Collateral (other than

Prepetition ABL Priority Collateral, Postpetition ABL Priority Collateral, and Prepetition FILO

Priority Collateral) to the DIP Agent for application in accordance with Section 2.18(b) of the

DIP Credit Agreement, the waterfall in Paragraph 14(ii)(a) of this ~~Interim~~**Final** Order and the

Marshalling Agreement**s** until Payment in Full of the DIP Obligations.  The distributions in

clauses (a)–(c) above shall be subject only to the Reserves, the Prepetition ABL Indemnity

Reserve (solely with respect to clauses (a) and (b)) the Carve-Out and the Debtors maintaining a

minimum cash balance of $10 million as of such Testing Date (the amount of such excess, the

"Weekly True-Up", which minimum cash balance shall be reflected as a separate line item on

the Approved Budget).  **Notwithstanding the foregoing, no later than the Monday prior to**

**the applicable Testing Date, the Debtors may seek a formal waiver of the requirement to**

**maintain a minimum cash balance of $10 million (as contemplated in this paragraph 26)**

(Page 67)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**for the following week.  Upon the express written consent of the DIP Agent (which consent shall not be unreasonably withheld, conditioned, or delayed), the Debtors shall be entitled to maintain a cash balance in an amount approved by the DIP Agent.  In the event that the DIP Agent does not consent to the Debtors' request for excess funds, clauses (a)–(c) of this paragraph 26 control.**  Notwithstanding the foregoing, and subject to the Carve-Out and the Reserves, the Debtors shall remit any proceeds in excess of $5 million from the sale or other disposition of Postpetition FILO Priority Collateral to the DIP Agent as soon as practicable, and no later than one (1) business day after receipt by the Debtors' Estates for distribution in accordance with this paragraph.

27.    <u>Milestones</u>. As a condition to the DIP Facility and the use of Cash Collateral, the Debtors have agreed to the milestones set forth on **Exhibit C** hereto (the "<u>Milestones</u>").  For the avoidance of doubt, unless extended or waived in writing (email being sufficient) by the DIP Agent (at the direction of the Required DIP Lenders in their sole discretion) and the Prepetition Administrative Agent (acting at the direction of the Required Lenders; *provided*, that the Prepetition Administrative Agent's consent to extension or waiver of any Milestone shall only be required to the extent such Milestone is extended by more than two calendar weeks), the failure of the Debtors to meet the Milestones by the applicable specified deadlines set forth therefor shall constitute an "Event of Default" and a Termination Event under the DIP Documents and this ~~Interim~~**Final** Order.

(Page 68)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

28.   <u>Termination Date</u>.   On the Termination Date (as defined below), all applicable DIP Obligations shall be immediately due and payable and, the applicable Prepetition Secured Parties' consent to use of Cash Collateral shall terminate, and all commitments to extend credit under the DIP Facility will terminate.

29.   <u>Termination Events</u>.

(i)   Until the DIP Obligations are Paid in Full and all commitments thereunder are terminated (the "<u>DIP Repayment</u>"), the occurrence and continuation of any of the following events, unless waived by the Required DIP Lenders (or as otherwise provided in the DIP Documents) in writing (which may be by electronic mail) and in accordance with the terms of the DIP Documents, shall constitute an event of default (collectively, the "<u>Termination Events</u>"):  the occurrence and continuation of any "Event of Default" under, and as defined in, the DIP Credit Agreement or any other DIP Documents.

(ii)   <u>Exercise of Remedies.</u> Upon the occurrence and during the continuation of a Termination Event, notwithstanding the provisions of section 362 of the Bankruptcy Code, without any application, motion or notice to, hearing before, or order from the Bankruptcy Court, other than, subject to the terms of this ~~Interim~~**Final** Order: (a) the DIP Agent (at the direction of the Required DIP Lenders or as otherwise provided in the DIP Documents) may send a written notice to the Debtors, counsel to the Committee ~~(if appointed)~~, counsel to each of the Prepetition Agents, and the U.S. Trustee (any such declaration shall be referred to

(Page 69)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

herein as a "Termination Declaration"), which shall be filed on the docket of the Chapter 11 Cases, declaring (1) all DIP Obligations owing under the DIP Documents to be immediately due and payable, (2) the commitment of each DIP Lender to make loans under the DIP Facility to be terminated, whereupon such commitments and obligation shall be terminated to the extent any such commitment remains under the DIP Facility, (3) the termination of the DIP Facility and the DIP Documents as to any future liability or obligation of the DIP Secured Parties, but without affecting any of the DIP Liens or the DIP Obligations, and (4) the application of the Carve-Out has occurred following the delivery of the Carve-Out Trigger Notice (as defined below) to the Borrower; (b) interest, including, where applicable, default interest, shall accrue and be paid as set forth in the DIP Documents; and (c) the DIP Agent (with the consent or at the direction of the Required DIP Lenders) may declare a termination, reduction, or restriction on the ability of the Debtors to use Cash Collateral, other than to pay expenses set forth in the Approved Budget that are necessary to avoid ~~immediate and irreparable~~ harm to the Estates. The earliest date on which a Termination Declaration is delivered by the DIP Agent (at the direction of the Required DIP Lenders) and filed on the Docket shall be referred to herein as the "Termination Date." Following a Termination Date, neither the DIP Secured Parties nor the Prepetition Secured Parties shall be required to consent to the use of any Cash Collateral or provide any loans or other financial accommodations under the DIP Facility. The Termination Declaration shall be

(Page 70)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

given by electronic mail (or other electronic means) to counsel to the Debtors, counsel to the Committee ~~(if appointed)~~, counsel to each of the Prepetition Agents, and the U.S. Trustee.

30.    <u>Emergency Hearing</u>.  The Debtors, the Prepetition Administrative Agent (acting at the direction of the Required Lenders (as defined in the Prepetition Credit Agreement)), and the Committee ~~(if any)~~ may seek an emergency hearing during the five (5) business days following the date a Termination Declaration is delivered (such five (5) business day period, the "<u>Remedies Notice Period</u>").  During the Remedies Notice Period, the Debtors shall continue to have the right to use Cash Collateral in accordance with the terms of this ~~Interim~~**Final** Order, solely to pay necessary expenses set forth in the Approved Budget to avoid ~~immediate and irreparable~~ harm to the Estates.  At the end of the Remedies Notice Period, unless the Bankruptcy Court has entered an order to the contrary, the Debtors' right to use Cash Collateral shall immediately cease, unless otherwise provided herein, and the DIP Agent and DIP Lenders shall have the rights set forth immediately below.

31.    <u>Certain Rights and Remedies Following Termination Date</u>.  Following a Termination Date and upon either the expiration of the Remedies Notice Period or order of the Bankruptcy Court (which may authorize the remedies set forth in this Paragraph or any other appropriate remedy as then determined by the Bankruptcy Court) upon an emergency motion by the DIP Agent (at the direction of the Required DIP Lenders) to be heard on no less than five (5) business days' notice (and the Debtors shall not object to such shortened notice) (the

(Page 71)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

"Termination Enforcement Order"), the DIP Agent shall be entitled to exercise all rights and remedies in accordance with the DIP Documents, this ~~Interim~~**Final** Order, the AAL, and applicable law and shall be permitted to satisfy the relevant DIP Obligations and DIP Superpriority Claims, to be applied in accordance with the priorities set forth in Paragraph 14(ii)(a)**, subject in all respects to paragraph 60 hereof**. Following entry of the Termination Enforcement Order, except as otherwise ordered by the Court (including in any Termination Enforcement Order): (a) the Debtors are hereby authorized and directed to, with the exclusion of the Carve-Out, remit to the DIP Agent (for the benefit of the DIP Secured Parties) one-hundred percent (100%) of all collections, remittances, and proceeds of the DIP Collateral (other than the Prepetition ABL Priority Collateral and the Postpetition ABL Priority Collateral) in accordance with the DIP Documents and this ~~Interim~~**Final** Order; (b) the DIP Agent (at the direction of the Required DIP Lenders or as otherwise provided in the DIP Documents) may compel the Debtors to seek authority to, (i) sell or otherwise dispose of all or any portion of the DIP Collateral (or any other property of the Debtors to the extent a lien is not permitted by law to attach to such property, the proceeds which are DIP Collateral), subject to the consent of the Prepetition Administrative Agent (acting at the direction of the Required Lenders) with respect to the Prepetition ABL Priority Collateral and Postpetition ABL Priority Collateral, pursuant to section 363 (or any other applicable provision) of the Bankruptcy Code on terms and conditions pursuant to sections 363, 365, and other applicable provisions of the Bankruptcy Code, and (ii)

Debtors:             BED BATH & BEYOND, INC., *et al.*
Case No.            23-13359 (VFP)
Caption of Order:   ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A)
                    OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH
                    COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY
                    ADMINISTRATIVE      EXPENSE      CLAIMS,      (III)   GRANTING
                    ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC
                    STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~
                    GRANTING RELATED RELIEF

assume and assign any lease or executory contract included in the DIP Collateral to the DIP

Agent's designees in accordance with and subject to section 365 of the Bankruptcy Code, (c) the

DIP Agent (at the direction of the Required DIP Lenders) may direct the Debtors to (and the

Debtors shall comply with such direction to) dispose of or liquidate the DIP Collateral (or any

other property of the Debtors to the extent a lien is not permitted by law to attach to such

property, the proceeds which are DIP Collateral), subject to the consent of the Prepetition

Administrative Agent (acting at the direction of the Required Revolving Lenders) with respect to

the Prepetition ABL Priority Collateral and Postpetition ABL Priority Collateral, via one or more

sales of such DIP Collateral or property and/or the monetization of other DIP Collateral or

property, and (d) the Debtors shall take all action that is reasonably necessary to cooperate with

the DIP Secured Parties in the exercise of their rights and remedies and to facilitate the

realization of the DIP Collateral by the DIP Secured Parties and Prepetition Secured Parties.

32.    <u>Access to DIP Collateral</u>.  Notwithstanding anything contained herein to

the contrary and without limiting any other rights or remedies of the DIP Secured Parties or

Prepetition Secured Parties under th~~e is Interim~~ **Final** Order, the DIP Documents and applicable

law, after the occurrence of a Termination Date and the entry of a Termination Enforcement

Order, and subject to Paragraph 31, for the purpose of exercising any remedy with respect to any

of the DIP Collateral, (x) the DIP Agent with respect to the DIP Collateral, (y) the Prepetition

Administrative Agent, with respect to the Prepetition ABL Priority Collateral and Postpetition

(Page 73)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

ABL Priority Collateral, and (z) the Prepetition FILO Agent, with respect to the Prepetition FILO Priority Collateral and Postpetition FILO Priority Collateral at the sole cost and expense of the Debtors (or any of each such agent's employees, agents, consultants, contractors, or other professionals) (collectively, the "Enforcement Agents"), shall have the right (to be exercised at the direction of the Required DIP Lenders, Required FILO Lenders, or Required Lenders, as applicable), to:  (i) enter upon, occupy, and use any real or personal property, fixtures, equipment, leasehold interests, or warehouse arrangements owned or leased by the Debtors, (ii) enter into the premises of any Debtor in connection with the orderly sale or disposition of the applicable DIP Collateral (including, without limitation, to complete any work in process), ~~and~~ (iii) exercise any rights of the Debtors to access the applicable DIP Collateral (including inventory) held by any third party; *provided*, *however*, the Enforcement Agents may only be permitted to do so in accordance with (a) existing rights under applicable non-bankruptcy law, including, without limitation, applicable leases, (b) any prepetition (and, if applicable, post-petition) landlord waivers or consents, or (c) further order of this Court on motion and notice appropriate under the circumstances**, which shall include notice to applicable lease counterparties**; provided, however, that the AAL shall govern the rights as between the Prepetition FILO Agent, the Prepetition Administrative Agent, and the DIP Agent in this paragraph 32~~;~~**,** and (~~iii~~**iv**) use any and all trademarks, tradenames, copyrights, licenses, patents, equipment or any other similar assets of the Debtors, or assets which are owned by or subject to

Debtors:           BED BATH & BEYOND, INC., *et al.*

Case No.           23-13359 (VFP)

Caption of Order:  ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF

a lien of any third party and which are used by the Debtors in their businesses; *provided*, *however*, the Enforcement Agents may use such assets to the extent permitted by applicable non-bankruptcy law and the AAL.  The Enforcement Agents will be responsible for the payment of any applicable fees, rentals, royalties, or other amounts owing to such lessor, licensor or owner of such property (other than the Debtors) on a *per diem* basis and solely for the period of time that the Enforcement Agents actually occupy any real property or use the equipment or the intellectual property (but in no event for any accrued and unpaid fees, rentals, or other amounts owing for any period prior to the date that the Enforcement Agents actually occupy or use such assets or properties); *provided*, *further*, that nothing herein shall relieve the Debtors of their obligations pursuant to section 365(d)(3) of the Bankruptcy Code for the payment of postpetition rent and other charges under any lease of non residential real property through and including any assumption and/or rejection of any lease.   Nothing contained herein shall require the Enforcement Agents to assume any lease as a condition to the rights afforded in this Paragraph 32.  For the avoidance of doubt, nothing in this Paragraph 32 is intended to and shall not in any way modify (i) the priorities of the liens and claims set forth in Paragraph 14(ii)(a) or (ii) the rights of the Prepetition Secured Parties set forth in the AAL.

33.    <u>ABL Cash Collateral Termination Events; Exercise of Remedies</u>

(i)    <u>ABL Cash Collateral Termination Events</u>. The occurrence of any of the following events, unless consented to or waived by the Prepetition Administrative Agent (acting

(Page 75)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

at the direction of the Required Revolving Lenders) in advance, in writing (which may be by electronic mail), in its sole and absolute discretion, shall constitute "ABL Cash Collateral Termination Events" under this ~~Interim~~**Final** Order (collectively, the "ABL Cash Collateral Termination Events"):

(a)    the failure of the Debtors to observe or perform, in any material respect, any of the terms, provisions, conditions, covenants, or obligations under this ~~Interim~~**Final** Order (including, without limitation, with respect to the Adequate Protection Obligations) directly and adversely affecting the Prepetition ABL Secured Parties;

(b)    the failure of the Debtors to comply with any of the Milestones within 14 calendar days of the specified deadline;

(c)    the failure of the Debtors to comply with the Approved Budget (after taking into account the Permitted Variances plus an additional 10% Variance);

(d)    (i) the filing of any proposed Prohibited Plan or Sale (as defined herein) or disclosure statement attendant thereto, or any direct or indirect amendment to such chapter 11 plan or disclosure statement, by a Debtor, (ii) the entry or request for entry of any order terminating any Debtor's exclusive right to file a chapter 11 plan (unless actively contested by the Debtors) or (iii) the expiration of any Debtor's exclusive right to file a chapter 11 plan;

(e)    the entry of an order amending, supplementing, staying, vacating or otherwise materially modifying this ~~Interim~~**Final** Order or the Cash Management Order in a

75

(Page 76)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

manner that materially and adversely affects the Prepetition ABL Secured Parties, the filing by a Debtor of a motion for reconsideration with respect to this ~~Interim~~**Final** Order or the Cash Management Order, or th~~is Interim~~**e Final** Order shall cease to be in full force and effect;

(f)       the payment of, or application by the Debtors for authority to pay, any prepetition claims unless in accordance with the Approved Budget (after taking into account the Permitted Variances plus an additional 10% Variance);

(g)       the appointment of an interim or permanent trustee in any of the Cases, the appointment of a receiver, receiver and manager, interim receiver or similar official over any substantial portion of the assets of the Debtors, or the appointment of a trustee receiver or an examiner in any of the Cases with expanded powers to operate or manage the financial affairs, business, or reorganization of the Debtors;

(h)       the filing of a motion to approve a sale of Prepetition ABL Priority Collateral or Postpetition ABL Priority Collateral, unless otherwise consented to in writing by the Prepetition Administrative Agent;

(i)       the dismissal of any Chapter 11 Case, or the conversion of any Chapter 11 Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code or any Debtor filing a motion or other pleading seeking the dismissal of the Cases under section 1112 of the Bankruptcy Code or otherwise or the conversion of the Chapter 11 Cases to Chapter 7 of the Bankruptcy Code;

(Page 77)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

(j)    the Court entering an order granting, relief from or modifying the automatic stay of section 362 of the Bankruptcy Code (i) to allow any creditor (other than the Prepetition ABL Agent and/or the Prepetition FILO Agent, in accordance with the AAL) to execute upon or enforce a lien on any Prepetition ABL Priority Collateral, or (ii) with respect to any lien on or the granting of any lien on any Prepetition ABL Priority Collateral to any federal, state or local environmental or regulatory agency or authority, which in either case involves a claim of $1 million or more;

(k)    any Debtor shall file, or entry of an order materially adversely impacting the rights and interests of the Prepetition ABL Secured Parties and such order shall have been entered by the Court or any other court of competent jurisdiction;

(l)    any Debtor shall challenge, or support or encourage a challenge of, any payments made to any Prepetition ABL Secured Party with respect to the Prepetition ABL Secured Obligations;

(m)    the entry of any order by the Court granting, or the filing by any Debtor of (or any Debtor failing to contest in good faith the filing of) any motion or other request with the Court seeking authority (i) to use the Cash Collateral that constitutes Prepetition ABL Priority Collateral or Postpetition ABL Priority Collateral or that is subject to Prepetition ABL AP Liens other than as set forth in this ~~Interim~~**Final** Order or (ii) to obtain any financing under section 364(d) of the Bankruptcy Code priming the Prepetition ABL Liens;

(Page 78)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

(n)     the automatic stay is modified, reversed, revoked or vacated in a manner that has a material adverse impact on the rights and interests of any of the Prepetition ABL Secured Parties.

(o)     the entry of an order in the Chapter 11 Cases charging any of the Prepetition Collateral or DIP Collateral of the Prepetition ABL Secured Parties under sections 506(c) or 552(b) of the Bankruptcy Code against any of the Prepetition ABL Secured Parties under which any person takes action against such collateral or that becomes a final non-appealable order, or the commencement of other actions that are materially adverse to any of the Prepetition ABL Secured Parties or their respective rights and remedies under the Prepetition Credit Documents in the Chapter 11 Cases (or any order requiring any of the Prepetition ABL Secured Parties to be subject to the equitable doctrine of "marshaling" except as set forth in this ~~Interim~~**Final** Order); and

(p)     a filing by any Debtor of any motion, pleading, application or adversary proceeding challenging the validity, enforceability, perfection or priority of the liens securing the Prepetition Secured Obligations or asserting any other cause of action against and/or with respect to the Prepetition Secured Obligations, the Adequate Protection Obligations, the Prepetition Collateral, the DIP Collateral or any of the Prepetition Secured Parties, (or if the Debtors support or fail to contest any such motion, pleading, application or adversary proceeding commenced by any third party).

78

(Page 79)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

(ii)    <u>Exercise of Remedies</u>.

(a)    The Debtors' right to use the Cash Collateral that constitutes Prepetition ABL Priority Collateral or Postpetition ABL Priority Collateral (or that is subject to a Prepetition ABL AP Lien) pursuant to this ~~Interim~~**Final** Order shall terminate (the date of any such termination, the "<u>ABL Cash Collateral Termination Date</u>") without further notice or court proceeding, five (5) business days (any such five-business-day period of time, the "<u>ABL Cash Collateral Remedies Notice Period</u>") following the delivery of a written notice (any such notice, an "<u>ABL Cash Collateral Remedies Notice</u>") and the filing of the notice on the Court's docket, by the Prepetition Administrative Agent (acting at the direction of the Required Revolving Lenders) to the ~~the~~ Debtors, counsel to the Committee ~~(if appointed)~~, counsel to the DIP Agent, and the U.S. Trustee, of the occurrence of any of the ABL Cash Collateral Termination Events unless such occurrence is cured by the Debtors prior to the expiration of the ABL Cash Collateral Remedies Notice Period with respect to such clause or such occurrence is waived by the Required Revolving Lenders. During the ABL Cash Collateral Remedies Notice Period, the Debtors shall be permitted to use ABL Cash Collateral in the ordinary course of business, subject to the Approved Budget, and the Debtors, the Committee ~~(if any)~~ and/or any party in interest shall be entitled to seek an emergency hearing with the Court within the Cash Collateral Remedies Notice Period solely for the purpose of contesting whether, in fact, a Cash Collateral Termination Event has occurred and is continuing.

(Page 80)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

(b)    Upon the expiration of the ABL Cash Collateral Remedies Notice Period, subject to the Carve-Out, (a) the Adequate Protection Obligations with respect to the Prepetition ABL Secured Parties, if any, shall become due and payable, and (b) each Prepetition ABL Secured Party may exercise their respective rights and remedies available under the Prepetition Credit Documents, this ~~Interim~~**Final** Order, or applicable law, including without limitation, freezing monies or balances in any accounts under the control (other than the Reserve Accounts or any accounts described in paragraph 34 herein) or the of or otherwise subject to a lien in favor of the Prepetition Administrative Agent and foreclosing upon and selling all or a portion of the ABL Priority Collateral in order to collect the Prepetition ABL Obligations; *provided* that the Administrative Agent shall take no action, and shall seek no right or entitlement to the reserves or the funds therein. The Automatic Stay is hereby deemed modified and vacated to the extent necessary to permit such actions, provided that during the ABL Cash Collateral Remedies Notice Period, unless the Court orders otherwise upon the filing of an emergency motion by either of the Prepetition Agents, the Automatic Stay (to the extent applicable) shall remain in effect. Any delay or failure of the Prepetition Secured Parties to exercise rights under the Prepetition Credit Documents or this ~~Interim~~**Final** Order shall not constitute a waiver of their respective rights hereunder, thereunder or otherwise, unless any such waiver is pursuant to a written instrument executed in accordance with the terms of the applicable document. Notwithstanding the occurrence of the ABL Cash Collateral Termination Date or anything herein, all of the rights,

(Page 81)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

remedies, benefits and protections provided to the Prepetition ABL Secured Parties under this ~~Interim~~**Final** Order shall survive the ABL Cash Collateral Termination Date.

34.     Carve-Out.  As used in this ~~Interim~~**Final** Order, the "Carve-Out" means the sum of (a) all fees required to be paid to the Clerk of the Court and to the Office of the U.S. Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory rate (without regard to the notice set forth in (c) below); (b) all reasonable fees and expenses up to $50,000 incurred by a trustee under section 726(b) of the Bankruptcy Code (without regard to the notice set forth in (c) below); (c) to the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses (including any restructuring, sale, success, or other transaction fee allowed and payable by the Debtors to Lazard Frères & Co. LLC ("Lazard") pursuant to that certain engagement dated January 15, 2023, and excluding any other restructuring, sale, success, or other transaction fee of any other investment bankers or financial advisors of the Debtors or ~~any~~**the** Committee; *provided* that the full amount of any such fee shall be distributed to the Carve-Out Reserve solely from the proceeds received by the Debtors from the transaction giving rise to such fee, unless paid immediately pursuant to a separate order) (the "Allowed Professional Fees") incurred by persons or firms retained by the Debtors pursuant to section 327, 328, or 363 of the Bankruptcy Code (the "Debtor Professionals") and the Committee~~, if any,~~ pursuant to section 328 or 1103 of the Bankruptcy Code (the "Committee Professionals" and, together with the Debtor Professionals, the

(Page 82)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

"Professional Persons") at any time before or on the first business day following delivery by the DIP Agent of a Carve-Out Trigger Notice (as defined below), whether allowed by the Court prior to or after delivery of a Carve-Out Trigger Notice ~~and, with respect to Committee Professionals not to exceed the aggregate amounts set forth for Committee Professionals in the Approved Budget~~; and (d) Allowed Professional Fees of Professional Persons in an aggregate amount not to exceed $500,000 incurred after the first business day following delivery by the DIP Agent of the Carve-Out Trigger Notice, to the extent allowed at any time, whether by interim order, procedural order, or otherwise (the amounts set forth in this clause (d) being the "Post-Carve-Out Trigger Notice Cap"). For purposes of the foregoing, "Carve-Out Trigger Notice" shall mean a written notice delivered by email (or other electronic means) by the DIP Agent to the Debtors, their lead restructuring counsel, the U.S. Trustee, and counsel to the Committee, which notice may be delivered following the occurrence and during the continuation of an Event of Default and acceleration of the DIP Obligations under the DIP Credit Agreement, stating that the Post-Carve-Out Trigger Notice Cap has been invoked.

(i)    Fee Estimates. Not later than 7:00 p.m. New York time on the third business day of each week starting with the first full calendar week following the Petition Date, each Professional Person shall deliver to the Debtors a statement setting forth a good-faith estimate of the amount of fees and expenses (collectively, "Estimated Fees and Expenses") incurred during the preceding week by such Professional Person (through Saturday of such

(Page 83)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

week, the "Calculation Date"), along with a good-faith estimate of the cumulative total amount of unreimbursed fees and expenses incurred through the applicable Calculation Date and a statement of the amount of such fees and expenses that have been paid to date by the Debtors (each such statement, a "Weekly Statement"); *provided, that* within one business day of the occurrence of the Termination Declaration Date (as defined below), each Professional Person shall deliver one additional statement (the "Final Statement") setting forth a good-faith estimate of the amount of fees and expenses incurred during the period commencing on the calendar day after the most recent Calculation Date for which a Weekly Statement has been delivered and concluding on the Termination Declaration Date (and the Debtors shall cause such Weekly Statement and Final Statement to be delivered on the same day received to the DIP Agent and Prepetition Agents). If any Professional Person fails to deliver a Weekly Statement within three calendar days after such Weekly Statement is due, such Professional Person's entitlement (if any) to any funds in the Pre-Carve-Out Trigger Notice Reserve (as defined below) with respect to the aggregate unpaid amount of Allowed Professional Fees for the applicable period(s) for which such Professional Person failed to deliver a Weekly Statement covering such period shall be limited to the aggregate unpaid amount of Allowed Professional Fees included in the Approved Budget for such period for such Professional Person.

(ii)    Carve-Out Reserves. Commencing with the week ended May 5, 2023, and on or before the Thursday of each week thereafter, the Debtors shall utilize all cash on hand

(Page 84)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

as of such date and any available cash thereafter held by any Debtor to fund a reserve in an amount equal to the greater of (x) the aggregate amount of all Estimated Fees and Expenses reflected in the Weekly Statement delivered on the immediately prior Wednesday to the Debtors, the DIP Agent, and the Prepetition Agents, and (y) the aggregate amount of Allowed Professional Fees contemplated to be incurred in the Budget during such week. The Debtors shall deposit and hold such amounts in a segregated account in trust (the "Pre-Carve Out Trigger Notice Reserve Account") to pay such Allowed Professional Fees (the "Pre-Carve Out Trigger Notice Reserve") prior to any and all other claims, and all payments of Allowed Professional fees incurred prior to the Termination Declaration Date shall be paid first from such Pre-Carve Out Trigger Notice Reserve Account**. To the extent the Pre-Carve Out Trigger Notice Reserve exceeds the amount of Allowed Professional Fees included in any line item in the Approved Budget, such excess shall be paid first from the Reserves, which shall be reduced on a dollar for dollar basis**.

(iii)    On the day on which a Carve Out Trigger Notice is given by the DIP Agent to the Debtors with a copy to counsel to the Committee (the "Termination Declaration Date"), the Carve Out Trigger Notice shall constitute a demand to the Debtors to, and the Debtors shall, utilize all cash on hand as of such date and any available cash thereafter held by any Debtor to fund, to the extent not already funded, (A) the Pre-Carve Out Trigger Notice Reserve Account in an amount equal to the aggregate amount of all Estimated Fees and

(Page 85)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Expenses reflected in the Final Statements delivered to Debtors, the DIP Agent, and the

Prepetition Agents plus the amounts set forth in (a)(i) and (a)(ii) of this paragraph above, and (B)

after funding the Pre-Carve Out Trigger Notice Reserve Account, a reserve in an amount equal

to the Post-Carve Out Trigger Notice Cap (the "Post-Carve Out Trigger Notice Reserve" and,

together with the Pre-Carve Out Trigger Notice Reserve, the "Carve Out Reserves") prior to any

and all other claims.   The DIP Agent, the Prepetition FILO Agent, and the Prepetition

Administrative Agent reserve their respective rights as to the allocation of proceeds used to fund

the Carve-Out as among Prepetition FILO Priority Collateral, Postpetition FILO Priority

Collateral, Prepetition ABL Priority Collateral, and Postpetition ABL Priority Collateral.

(Page 86)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

(iv)    Application of Carve-Out Reserves.

(a)    All funds in the Pre-Carve-Out Trigger Notice Reserve shall be used first to pay the obligations set forth in clauses 34(a) through 34(c) of the definition of Carve-Out set forth above (the "Pre-Carve-Out Amounts"), but not, for the avoidance of doubt, the Post-Carve-Out Trigger Notice Cap, until paid in full. If the Pre-Carve-Out Trigger Notice Reserve has not been reduced to zero, subject to clause (iii), below, all remaining funds shall be distributed *first* to the DIP Agent on account of the applicable DIP Obligations until Paid in Full, and *thereafter* to the Prepetition Secured Parties in accordance with their rights and priorities as set forth in this ~~Interim~~**Final** Order.

(b)    All funds in the Post-Carve-Out Trigger Notice Reserve (other than up to $500,000, which may be used to pay Pre-Carve-Out Amounts to the extent they exceed the Professional Fee Carve-Out Cap) shall be used first to pay the obligations set forth in clause (d) of the definition of Carve-Out set forth above (the "Post-Carve-Out Amounts"). If the Post-Carve-Out Trigger Notice Reserve has not been reduced to zero, subject to clause (d), below, all remaining funds shall be distributed *first* to the DIP Agent on account of the applicable DIP Obligations until Paid in Full, and *thereafter* to the Prepetition Secured Parties in accordance with their rights and priorities as set forth in this ~~Interim~~**Final** Order.

(c)    Notwithstanding anything to the contrary in the Prepetition Credit Agreement or this ~~Interim~~**Final** Order, if either of the Carve-Out Reserves is not funded in full in

(Page 87)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

the amounts set forth in this Paragraph 34, then, any excess funds in one of the Carve-Out Reserves following the payment of the Pre-Carve-Out Amounts and Post-Carve-Out Amounts, respectively, shall be used to fund the other Carve-Out Reserve to the extent of any shortfall.

(d)     Notwithstanding anything to the contrary in the Prepetition Credit Agreement or this ~~Interim~~**Final** Order, following delivery of a Carve-Out Trigger Notice, the DIP Agent, the Prepetition Administrative Agent, and the Prepetition FILO Agent, shall not sweep or foreclose on cash (including cash received as a result of the sale or other disposition of any assets) of the Debtors until the Carve-Out Reserves have been fully funded, but shall have a security interest in any residual interest in the Carve-Out Reserves, with any excess paid as provided in Paragraphs 34(iii)(a)-(c) above.

(e)     Notwithstanding anything to the contrary in this ~~Interim~~**Final** Order, (A) the failure of the Carve-Out Reserves to satisfy in full the Allowed Professional Fees shall not affect the priority of the Carve-Out with respect to any shortfall (as described below), and (B) subject to the limitations with respect to the DIP Agent, DIP Lenders, Prepetition Secured Parties set forth in Paragraph 34(d) above, in no way shall any Approved Budget, Carve-Out, Post-Carve-Out Trigger Notice Cap or Carve-Out Reserves be construed as a cap or limitation on the amount of the Allowed Professional Fees due and payable by the Debtors.  For the avoidance of doubt and notwithstanding anything to the contrary in this ~~Interim~~**Final** Order, or in the DIP Documents, the Carve-Out shall be senior to all liens and claims securing the DIP

(Page 88)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Obligations, the Adequate Protection Liens, and the DIP Superpriority Claims, and any and all other forms of adequate protection, liens, or claims securing the DIP Obligations or the Prepetition Secured Obligations.

(v)    <u>No Direct Obligation To Pay Allowed Professional Fees</u>.  None of the DIP Agent, DIP Lenders, or the Prepetition Secured Parties shall be responsible for the payment or reimbursement of any fees or disbursements of any Professional Person incurred in connection with the Chapter 11 Cases or any Successor Cases under any chapter of the Bankruptcy Code. Nothing in this ~~Interim~~**Final** Order or otherwise shall be construed to obligate the DIP Agents, the DIP Lenders, or the Prepetition Secured Parties, in any way, to pay compensation to, or to reimburse expenses of, any Professional Person or to guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement.

(vi)    <u>Payment of Allowed Professional Fees After the Termination Declaration Date</u>.  Any payment or reimbursement made on or after the occurrence of the Termination Declaration Date in respect of any Allowed Professional Fees shall permanently reduce the Carve-Out on a dollar-for-dollar basis.

35.    <u>Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this ~~Interim~~**Final** Order</u>.  The DIP Secured Parties and the Prepetition Secured Parties have acted in good faith in connection with this ~~Interim~~**Final** Order and are entitled to rely upon the protections granted herein and by section 364(e) of the Bankruptcy

Debtors:          BED BATH & BEYOND, INC., *et al.*

Case No.          23-13359 (VFP)

Caption of Order: ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF

---

Code.  Based on the findings set forth in this ~~Interim~~**Final** Order and the record made during the ~~Interim~~**Final** Hearing, and in accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this ~~Interim~~**Final** Order are hereafter modified, amended or vacated by a subsequent order of this Bankruptcy Court or any other court, the DIP Secured Parties and Prepetition Secured Parties are entitled to the protections provided in section 364(e) of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or lien, claim (including the DIP Roll-Up Obligations) or priority authorized or created hereby.

36.    <u>Approval of DIP Fees</u>.  In consideration for the DIP Financing and the consent to the use of Cash Collateral in accordance with the terms of this ~~Interim~~**Final** Order, the DIP Secured Parties shall be paid all prepetition and postpetition fees (including the DIP Origination Fee as defined in the DIP Credit Agreement), expenses, and other amounts payable under the DIP Documents as such become due, including, without limitation, commitment fees, facility fees, extension fees and the reasonable and documented fees and expenses of the DIP Secured Parties in connection with the facility, without regard to whether or not the transactions contemplated hereby are consummated (all such fees, together, the "<u>DIP Fees</u>"), subject to the review procedures set forth in paragraph 37.  The DIP Fees shall be fully earned and payable in accordance with the terms of the DIP Documents, without the need for any further order of this Court.  The DIP Fees shall be part of the DIP Obligations.  Any and all DIP Fees paid prior to

(Page 90)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

the Petition Date by any of the Debtors to the DIP Secured Parties in connection with or with respect to the DIP Facility in each case is hereby approved in full.

37.    <u>Lender Professionals' Fees</u>.  Professionals for the DIP Secured Parties and Prepetition Secured Parties (the "<u>Lender Professionals</u>") shall not be required to comply with the U.S. Trustee fee guidelines or file applications or motions with, or obtain approval of, this Court for compensation and reimbursement of fees and expenses.  The Lender Professionals shall submit copies of summary invoices to the Debtors, the U.S. Trustee, and counsel for ~~any~~**the** Committee.  The summary invoices shall provide the specific individuals providing the services, the total number of hours billed for each individual, the hourly fee for such individual, and a summary description of services provided by each individual and the expenses incurred by the applicable party and/or professionals (which shall not be required to contain time entries and which may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege or any other confidential information), and shall be subject to all applicable privilege and work product doctrines.  If the Debtors, U.S. Trustee, or ~~any~~**the** Committee object to the reasonableness of the fees and expenses of any Lender Professional and cannot resolve such objection within ten (10) days after receipt of such invoices, then the Debtors, U.S. Trustee, or the Committee, as the case may be, shall file with this Court and serve on such Lender Professional an objection (the "<u>Fee Objection</u>") and any failure by any such party to file a Fee Objection within such ten (10) day period shall constitute a waiver of any right

Case 23-13359-VFP   Doc 718-1   Filed 06/14/23   Entered 06/14/23 09:56:09   Desc
Redline to Entered Interim Order    Page 91 of 131

(Page 91)
| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

of such party to object to the applicable invoice. Notwithstanding any provision herein to the contrary, any objection to, and any hearing on an objection to, payment of any fees, costs, and expenses set forth in a professional fee invoice in respect of the Lender Professionals shall be limited to the reasonableness of the particular items or categories of the fees, costs, and expenses that are the subject of such objection. The Debtors shall timely pay in accordance with the terms and conditions of this ~~Interim~~**Final** Order (a) the undisputed fees, costs, and expenses reflected on any invoice to which a Fee Objection has been timely filed and (b) all fees, costs and expenses on any invoice to which no Fee Objection has been timely filed.

38. <u>Indemnification</u>. The Debtors shall indemnify and hold harmless the DIP Secured Parties in accordance with, and subject to, the terms and conditions of the DIP Documents.

39. <u>Right to Credit Bid</u>. In connection with any sale or other disposition of the DIP Collateral or Prepetition Collateral including any sales occurring under or pursuant to section 363 of the Bankruptcy Code, any plan of reorganization or plan of liquidation under section 1129 of the Bankruptcy Code, or a sale or disposition by a chapter 7 trustee for any of the Debtors under section 725 of the Bankruptcy Code (any of the foregoing sales or dispositions, a "Sale"), ~~subject~~**(x)** to the ~~AAL,~~**extent Discharge of Revolving Obligations has not occurred prior to such Sale, (I)** the DIP Agent (at the direction of the Required DIP Lenders), with respect to DIP Collateral, and **(II) subject to the AAL,** the Prepetition

(Page 92)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Administrative Agent (at the direction of the Required FILO Lenders ~~(as defined in *the Prepetition Credit Agreement*)~~ with respect to the Prepetition FILO Priority Collateral or at the direction of the Required Revolving Lenders with respect to the Prepetition ABL Priority Collateral) **and (y) to the extent Discharge of Revolving Obligations has occurred prior to such Sale, Sixth Street in its capacity as the successor Prepetition Administrative Agent (at the direction of the Required FILO Lenders) appointed subject to and in accordance with the term of** *the Prepetition Credit Agreement***,** shall be authorized to credit bid on a dollar-for-dollar basis the full amount of the outstanding DIP Obligations (including the DIP Roll-Up Obligations) and Prepetition Secured Obligations, as applicable, including any accrued interest and expenses, in a Sale (including any deposit in connection with such sale) of any DIP Collateral, Prepetition ABL Priority Collateral, or Prepetition FILO Priority Collateral, whether such sale is effectuated through section 363 or 1129 of the Bankruptcy Code, by a Chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise; *provided* that **to the extent Discharge of Revolving Obligations has not occurred prior to such Sale,** no DIP Obligations or Prepetition FILO Secured Obligations may be credit bid in any disposition of any Prepetition ABL Priority Collateral unless such Sale provides for Payment in Full of the Prepetition ABL Secured Obligations to the Prepetition Administrative Agent on behalf of the Prepetition ABL Secured Parties and the funding of the Prepetition ABL Indemnity Reserve in full if such reserve

(Page 93)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

has not been fully funded or is otherwise consented to by the Prepetition Administrative Agent,

acting at the direction of the Required Revolving Lenders ~~(as defined in the AAL)~~.

40.    <u>Proofs of Claim</u>.  Each of the Prepetition Secured Parties shall not be

required to file proofs of claim in the Chapter 11 Cases or any Successor Case in order to assert

claims on behalf of themselves or the Prepetition Secured Parties for payment of the Prepetition

Secured Obligations arising under the Prepetition Credit Documents, including, without

limitation, any principal, unpaid interest, fees, expenses and other amounts under the Prepetition

Credit Documents. The statements of claim in respect of such indebtedness set forth in this

~~Interim~~**Final** Order are deemed sufficient to and do constitute proofs of claim in respect of such

debt and such secured status.  The DIP Agent and the DIP Secured Parties shall similarly not be

required to file proofs of claim with respect to their DIP Obligations under the DIP Documents,

and the evidence presented with the Motion and the record established at the ~~Interim~~**Final**

Hearing are deemed sufficient to, and do, constitute proofs of claim with respect to their

obligations, secured status, and priority. **As a result, the Prepetition Secured Obligations and**

**DIP Obligations shall be deemed allowed for all purposes in accordance with section 502(a)**

**of the Bankruptcy Code.**

41.    <u>Limitations on Use of DIP Proceeds, Cash Collateral and Carve-Out</u>.

Except as otherwise permitted in this ~~Interim~~**Final** Order and the Approved Budget (including

with respect to the Investigation), the DIP Facility, the DIP Collateral, the Prepetition Collateral,

(Page 94)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

the Cash Collateral, and the Carve-Out may not be used in connection with: (a) except to contest the occurrence of an Event of Default, preventing, hindering, or delaying the DIP Secured Parties or the Prepetition Secured Parties' enforcement or realization upon any of the DIP Collateral or Prepetition Collateral; (b) using or seeking to use Cash Collateral or selling or otherwise disposing of DIP Collateral except as otherwise provided in the DIP Documents and this ~~Interim~~**Final** Order; (c) using or seeking to use, outside the ordinary course of business, any insurance proceeds constituting DIP Collateral without the prior written consent of the Required DIP Lenders, except to the extent permitted under the DIP Documents; (d) incurring any indebtedness without the prior written consent of the Required DIP Lenders, except to the extent permitted under the DIP Documents; (e) seeking to amend or modify any of the rights granted to the DIP Secured Parties or the Prepetition Secured Parties under this ~~Interim~~**Final** Order, the DIP Documents, or the Prepetition Credit Documents; (f) objecting to or challenging in any way the DIP Liens, the DIP Obligations, the Prepetition Liens, the Prepetition Secured Obligations, or the Adequate Protection Obligations, the DIP Collateral (including Cash Collateral) or, as the case may be, Prepetition Collateral, or any other claims or liens, held by or on behalf of any of the DIP Secured Parties or the Prepetition Secured Parties, respectively; (g) asserting, commencing or prosecuting any claims or causes of action whatsoever, including, without limitation, any actions under Chapter 5 of the Bankruptcy Code, applicable state law equivalents, any so-called "lender liability" claims and causes of action or other actions to recover or

(Page 95)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

disgorge payments against the DIP Secured Parties, the Prepetition Secured Parties, or any of their respective affiliates, successors and assigns and the partners, shareholders, controlling persons, directors, officers, employees, agents, attorneys, advisors, and professionals); (h) litigating, objecting to, challenging, contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of any of the DIP Obligations, the DIP Liens, the Prepetition Liens, the Prepetition Secured Obligations, the Adequate Protection Obligations, or any other rights or interests of the DIP Secured Parties or the Prepetition Secured Parties; or (i) seeking to subordinate, recharacterize, disallow or avoid the DIP Obligations or the Prepetition Secured Obligations.

42.    <u>Turn Over.</u>  Prior to the Payment in Full of all DIP Obligations and termination of the commitment in accordance with the DIP Documents, any party who holds a lien or security interest in DIP Collateral that is junior and/or subordinate to the DIP Liens or a claim that is subordinate to the DIP Superpriority Claims (including any of the Prepetition Secured Parties) receives or is paid the proceeds of any DIP Collateral other than as expressly permitted in the DIP Documents and this ~~Interim~~**Final** Order, such party shall be deemed to have received, and shall hold, such proceeds or payments in trust for the DIP Secured Parties and shall immediately turn over such amounts to the DIP Agent for distribution to the DIP Lenders to repay the DIP Obligations in accordance with the DIP Documents and this ~~Interim~~**Final** Order until paid in full in cash.

(Page 96)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

43.    <u>Effect of Stipulations on Third Parties</u>.    The Debtors' Stipulations contained in Paragraph G and releases in Paragraph H hereof ~~shall be~~**are** binding in all circumstances upon the Debtors ~~upon entry of this Interim Order~~ and ~~upon~~ their Estates ~~upon entry of the Final Order~~.    The Debtors' Stipulations shall be binding upon each other party-in-interest, including the Committee **and its members**, except to the extent such party in interest *first* obtains standing (including any chapter 11 trustee or if the Chapter 11 Cases are converted to cases under chapter 7 prior to the expiration of the Challenge Period (as defined below), the chapter 7 trustee in such Successor Case), by no later than ~~(a) sixty (60) calendar days following the date of formation of a Committee (if appointed) or (b) 75 calendar days following entry of the Interim Order if no Committee is appointed~~**the earlier of the Reserve Release Date or July 4, 2023** (the "<u>Challenge Period</u>," and the date that is the next calendar day after the termination of the Challenge Period in the event that either (i) no Challenge (as defined below) is properly raised during the Challenge Period or (ii) with respect only to those parties who properly file a contested matter, adversary proceeding, or other matter challenging or otherwise objecting to the admissions, stipulations, findings, or releases included in the Debtors' Stipulations (each, a "<u>Challenge</u>"), such Challenge is fully and finally adjudicated, (i) and (ii) shall be referred to as the "<u>Challenge Period Termination Date</u>") and *second*, obtains a final, non-appealable order in favor of such party-in-interest sustaining any such Challenge in any such timely-filed contested matter, adversary proceeding, or other action (any such Challenge

(Page 97)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

timely brought for which such a final and non-appealable order is so obtained, a "Successful Challenge").  **Notwithstanding anything in this Final Order to the contrary, the Challenge Period Termination Date with respect to the Committee is the date of this Final Order, the Committee's Challenge Period has terminated upon entry of this Final Order, and the Committee shall not file a Challenge or a motion seeking standing to file a Challenge on or after the date hereof.**  The filing of a motion seeking standing to file a Challenge before expiration of the Challenge Period, which attaches a proposed Challenge, shall extend the Challenge Period with respect to solely that party until two business days after the Court approves the standing motion, or such other time period ordered by the Court in approving the standing motion.  Except as otherwise expressly provided herein, from and after the Challenge Period Termination Date and for all purposes in these Chapter 11 Cases and any Successor Cases (and after the dismissal of these Chapter 11 Cases or any Successor Cases), and without further notice, motion, or application to, order of, or hearing before this Court, (i) any and all payments made to or for the benefit of the Prepetition Secured Parties or otherwise authorized by this ~~Interim~~**Final** Order (whether made prior to, on, or after the Petition Date) shall not be subject to counterclaim, set-off, subordination, recharacterization, defense, disallowance, recovery or avoidance by any party in interest, (ii) any and all such Challenges by any party-in-interest shall be deemed to be forever released, waived, and barred, (iii) all of the Prepetition Secured Obligations shall be deemed to be fully allowed claims within the meaning of section 506 of the

(Page 98)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Bankruptcy Code, and (iv) the Debtors' Stipulations shall be binding on all parties in interest in these Chapter 11 Cases or any Successor Cases, including ~~any~~**the** Committee or chapter 11 or chapter 7 trustee.  Notwithstanding the foregoing, to the extent any Challenge is timely asserted, the Debtors' Stipulations and the other provisions in clauses (i) through (iv) in the immediately preceding sentence shall nonetheless remain binding and preclusive on ~~any~~**the** Committee and on any other party-in-interest from and after the Challenge Period Termination Date, except to the extent that such Debtors' Stipulations or the other provisions in clauses (i) through (iv) of the immediately preceding sentence were expressly challenged in such Challenge and such Challenge becomes a Successful Challenge; *provided*, that all other stipulations (other than those subject to a Successful Challenge) shall remain binding on ~~any~~**the** Committee or other party-in-interest.   Notwithstanding any provision to the contrary herein, nothing in this ~~Interim~~**Final** Order shall be construed to grant standing on any party in interest, including ~~any~~**the** Committee, to bring any Challenge on behalf of the Debtors' Estates.  The failure of any party-in-interest, including ~~any~~**the** Committee, to obtain an order of this Court prior to the Challenge Period Termination Date granting standing to bring any Challenge on behalf of the Debtors' estates shall not be a defense to failing to commence a Challenge prior to the Challenge Period Termination Date as required under this Paragraph 43 or to require or permit an extension of the Challenge Period Termination Date.  No portion of the Carve-Out, any Cash Collateral, any other DIP Collateral, or any proceeds of the DIP Facility, including any disbursements set

(Page 99)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

forth in the Approved Budget or obligations benefitting from the Carve-Out, shall be used for the payment of Allowed Professional Fees, disbursements, costs or expenses incurred by any person, including, without limitation, ~~any~~**the** Committee, in connection with challenging the DIP Secured Parties' or the Prepetition Secured Parties' liens or claims, preventing, hindering or delaying any of the DIP Secured Parties' or the Prepetition Secured Parties' enforcement or realization upon any of the DIP Collateral, or initiating or prosecuting any claim or action against any DIP Secured Party or Prepetition Secured Party; provided that, notwithstanding the foregoing, proceeds from the DIP Facility and/or Cash Collateral not to exceed $~~50,000~~**150,000** in the aggregate (the "Investigation Budget Cap") may be used on account of Allowed Professional Fees incurred by Committee Professionals ~~(if any)~~ in connection with the investigation of avoidance actions or any other claims or causes of action (but not the prosecution of such actions) on account of the Obligations, under the Prepetition Credit Documents and Prepetition Secured Parties (but not the DIP Facility and DIP Secured Parties).

44.    No Third-Party Rights.  Except as explicitly provided for herein or in any of the DIP Documents, this ~~Interim~~**Final** Order does not create any rights for the benefit of any third party, creditor, equity holder, or direct, indirect, or incidental beneficiary.

45.    No Lender Liability.  In determining to make any loan (whether under the DIP Documents or otherwise) or to permit the use of Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to this ~~Interim~~**Final** Order or the DIP Documents or

(Page 100)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

taking any other act permitted under this ~~Interim~~**Final** Order and the DIP Documents, none of the DIP Secured Parties or Prepetition Secured Parties shall (i) be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the *United States Comprehensive Environmental Response, Compensation and Liability Act*, 42 U.S.C. §§ 9601 *et seq.*, as amended, or any similar federal, state or local statute or regulation), (ii) be liable to any current or former employee of the Debtors under any applicable law, including, without limitation, the Workers Adjustment and Retraining Notification Act and similar state laws (including the Millville Salas Airmotive Plant Job Loss Notification Act), or (iii) owe any fiduciary duty to the Debtors, their respective creditors, shareholders, or estates. Furthermore, nothing in this ~~Interim~~**Final** Order shall in any way be construed or interpreted to impose or allow the imposition upon any of the DIP Secured Parties or the Prepetition Secured Parties of any liability for any claims arising from the prepetition or postpetition activities of any of the Debtors and their respective affiliates (as defined in section 101(2) of the Bankruptcy Code).

46.    Section 506(c) Claims. ~~Subject to entry of a Final Order, except~~**Except** to the extent of the Carve-Out, (a) no costs or expenses of administration of the Chapter 11 Cases or any Successor Cases shall be charged against or recovered from or against any or all of the DIP Secured Parties or the Prepetition Secured Parties with respect to the DIP Collateral or the

(Page 101)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Prepetition Collateral, in each case pursuant to section 105 or section 506(c) of the Bankruptcy Code or otherwise, without the prior written consent of the DIP Secured Parties or the Prepetition Secured Parties, as applicable and (b) no such consent shall be implied from any other action, inaction, or acquiescence of any or all of the DIP Secured Parties or the Prepetition Secured Parties.

47.    <u>No Marshalling</u>.    The DIP Secured Parties and the Prepetition Secured Parties shall not be subject to the equitable doctrine of "marshalling" or any other similar doctrine with respect to any of the DIP Collateral or the Prepetition Collateral**, except as set forth in paragraphs 48(a) and (b) below (the "Marshalling Agreements") (except as set forth in paragraphs 47 and 60)**. ¶

**(a)**    Notwithstanding the foregoing, the DIP Lenders, the Prepetition FILO Secured Parties, and the Prepetition ABL Secured Parties have agreed ~~(the "Marshalling Agreement")~~ that until the Prepetition ABL Superpriority Claim, if any, has been Paid In Full in accordance with  the Prepetition Credit Agreement, the proceeds of Postpetition FILO Priority Collateral, including "Property" (as defined  in the Prepetition Credit Agreement) and proceeds from the sale, assignment or other disposition of (i) any commercial real estate leases and (ii) the Debtors' right to select, identify and designate which commercial leases may be assumed and assigned under 11 U.S.C. § 365 (the property described in clauses (i) and (ii) collectively, the "<u>Lease Rights</u>") shall be applied (A) first, to the New Money Amount (plus all accrued interest,

(Page 102)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

fees and expenses) of the DIP Facility (the "New Money Claim"); provided, that, notwithstanding the foregoing, 50% of the proceeds of Lease Rights shall be not applied to the New Money Claim but instead shall be deposited in a segregated account (the "Segregated Account") by the Debtors, and (B) second, after the New Money Claim  is Paid In Full in accordance with the DIP Credit Agreement, the proceeds of Lease Rights shall be applied (a) 50% to the remaining DIP Obligations and the Prepetition FILO Superpriority Claim and (b) the remaining 50% shall be deposited into the Segregated Account by the Debtors.  The Segregated Account shall be subject to the DIP Liens and shall not be available for any purposes other than as set forth in this paragraph. If any Prepetition ABL Superpriority Claim remains unpaid after the Prepetition ABL Priority Collateral and Postpetition ABL Priority Collateral has been liquidated or otherwise sold or otherwise disposed of by the Prepetition Administrative Agent, amounts in the Segregated Account shall be distributed to the Prepetition Agent to be applied to the payment in full of any remaining Prepetition ABL Superpriority Claim. If any Prepetition ABL Superpriority Claim remains unpaid after all amounts in the Segregated Account have been applied to the Prepetition ABL Superpriority Claim, the DIP Agent will, in consultation with the Prepetition Administrative Agent, perform a reconciliation of amounts applied to the New Money Claim to determine if any additional amounts would have been deposited into the Segregated Account if the proceeds of Lease Rights were not applied to the New Money Claim until after the Postpetition FILO Priority Collateral, including "Property" but excluding Lease

(Page 103)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Rights, was applied to the payment of the  New Money Claim.  If the reconciliation shows that, under the circumstances described in the foregoing sentence, additional amounts would have been deposited into the Segregated Account, the DIP Lenders shall promptly deposit such additional amounts into the Segregated Account to be distributed to the Prepetition Administrative Agent to be applied to the payment of any remaining Prepetition ABL Superpriority Claim. After the Payment in Full of the Prepetition ABL Superpriority Claim, any funds remaining in the Segregated Account shall be distributed by the DIP Agent to the DIP Lenders to be applied to  the remaining DIP Obligations and thereafter to  the Prepetition FILO Superpriority Claim.  The Prepetition ABL Secured Parties agree to look first to the proceeds of the liquidation, sale or other disposition of the Prepetition ABL Priority Collateral and Postpetition ABL Priority Collateral before seeking to apply amounts on deposit in the Segregated Account  to satisfy the Prepetition ABL Superpriority Claim.¶

**(b)    The DIP Lenders and the Prepetition FILO Secured Parties agree that the DIP Obligations and Prepetition FILO Secured Obligations shall be satisfied first from Prepetition Collateral and DIP Collateral and the proceeds thereof other than proceeds of litigation claims described in Paragraph 60(c)(ii) – (vi) (the "Litigation Claims") and thereafter from Litigation Claims' proceeds.**

48.    Section 552(b).  The DIP Secured Parties and the Prepetition Secured Parties shall each be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy

(Page 104)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the DIP Secured Parties or the Prepetition Secured Parties, as applicable with respect to proceeds, product, offspring or profits of any of the Prepetition Collateral or DIP Collateral, as applicable~~; *provided* that the foregoing waiver shall be without prejudice to any provisions of the Final Order~~.

49.    <u>Limitation on Liability</u>.  Nothing in this ~~Interim~~**Final** Order or the DIP Documents shall in any way be construed or interpreted to impose or allow the imposition upon the DIP Secured Parties or Prepetition Secured Parties any liability for any claims arising from the prepetition or postpetition activities of the Debtors, including with respect to the operation of their businesses, in connection with their restructuring efforts or administration of these Chapter 11 Cases.  In addition, the DIP Secured Parties shall not in any way or manner be liable or responsible for: (i) the safe-keeping of the DIP Collateral, (ii) any loss or damage thereto occurring or arising in any manner or fashion from any cause, (iii) any Diminution in Value thereof, or (iv) any act or default of any carrier, servicer, bailee, custodian, forwarding agency or other person.

50.    <u>Preservation of Rights Granted under this ~~Interim~~**Final** Order</u>

(i)    Other than those claims and liens expressly granted or permitted by this ~~Interim~~**Final** Order, no claim or lien having a priority superior to or *pari passu* with those granted by this ~~Interim~~**Final** Order to the DIP Secured Parties or the Prepetition Secured Parties

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

shall be permitted while any of the DIP Obligations or the Adequate Protection Obligations remain outstanding, and, except as otherwise expressly provided in or permitted under this ~~Interim~~**Final** Order, the DIP Liens and the Adequate Protection Liens shall not be: (i) subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code; (ii) subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise; (iii) subordinated to or made *pari passu* with any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other domestic or foreign governmental unit (including any regulatory body), commission, board or court for any liability of the DIP Loan Parties; or (iv) subject or junior to any intercompany or affiliate liens or security interests of the DIP Loan Parties.

(ii)    Notwithstanding any order that may be entered dismissing any of the Chapter 11 Cases under section 1112 of the Bankruptcy Code or converting these Chapter 11 Cases to cases under chapter 7:  (A) the DIP Superpriority Claims, the Adequate Protection Superpriority Claims, the DIP Liens, and the Adequate Protection Liens, and any claims related to the foregoing, shall continue in full force and effect and shall maintain their priorities as provided in this ~~Interim~~**Final** Order until all DIP Obligations and Adequate Protection Obligations shall have been Paid in Full (and that such DIP Superpriority Claims, Adequate Protection **Superpriority** Claims, DIP Liens and Adequate Protection Liens shall,

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

notwithstanding such dismissal, remain binding on all parties in interest); (B) the other rights granted by this ~~Interim~~**Final** Order, including with respect to the Carve-Out, shall not be affected; and (C) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in this Paragraph 50 and otherwise in this ~~Interim~~**Final** Order**.**

(iii)    If any or all of the provisions of this ~~Interim~~**Final** Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacatur or stay shall not affect: (i) the validity, priority or enforceability of any DIP Obligations or Adequate Protection Obligations incurred prior to the actual receipt of written notice by the DIP Agent, the Prepetition Administrative Agent or the Prepetition FILO Agent, as applicable, of the effective date of such reversal, modification, vacatur or stay; or (ii) the validity, priority or enforceability of the DIP Liens, the Adequate Protection Liens, or the Carve-Out. Notwithstanding any such reversal, modification, vacatur or stay of any use of Cash Collateral, any DIP Obligations, DIP Liens, Adequate Protection Obligations or Adequate Protection Liens incurred by the DIP Loan Parties and granted to the DIP Agent, the DIP Secured Parties, the Prepetition Administrative Agent, the Prepetition FILO Agent, or the other Prepetition Secured Parties, as the case may be, prior to the actual receipt of written notice by the DIP Agent, the Prepetition Administrative Agent or the Prepetition FILO Agent, as applicable, of the effective date of such reversal, modification, vacatur or stay shall be governed in all respects by the original provisions of this

(Page 107)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

~~Interim~~**Final** Order, and the DIP Agent, the DIP Secured Parties, the Prepetition Administrative Agent, the Prepetition FILO Agent, and the other Prepetition Secured Parties shall be entitled to, and are hereby granted, all the rights, remedies, privileges and benefits arising under sections 364(e) and 363(m) of the Bankruptcy Code, this ~~Interim~~**Final** Order and the DIP Documents with respect to all uses of Cash Collateral, DIP Obligations and Adequate Protection Obligations.

(iv)    Except as expressly provided in this ~~Interim~~**Final** Order or in the DIP Documents, the DIP Liens, the DIP Superpriority Claims, the Adequate Protection Liens, the Adequate Protection Obligations, the Adequate Protection **Superpriority** Claims and all other rights and remedies of the DIP Agent, the DIP Secured Parties, the Prepetition Administrative Agent, the Prepetition FILO Agent, and the other Prepetition Secured Parties granted by the provisions of this ~~Interim~~**Final** Order and the DIP Documents and the Carve-Out shall survive, and shall not be modified, impaired or discharged by: (a) the entry of an order converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, dismissing any of the Chapter 11 Cases or terminating the joint administration of these Chapter 11 Cases or by any other act or omission; (b) the entry of an order approving the sale of any DIP Collateral pursuant to section 363(b) of the Bankruptcy Code (except to the extent permitted by the DIP Documents); (c) the entry of an order confirming a chapter 11 plan in any of the Chapter 11 Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the DIP Loan Parties have

(Page 108)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

waived any discharge as to any remaining DIP Obligations or Adequate Protection Obligations. The terms and provisions of this ~~Interim~~**Final** Order and the DIP Documents shall continue in these Chapter 11 Cases, in any Successor Cases if these Chapter 11 Cases cease to be jointly administered and in any superseding chapter 7 cases under the Bankruptcy Code, and the DIP Liens, the DIP Superpriority Claims, the Adequate Protection Liens and the Adequate Protection Obligations and all other rights and remedies of the DIP Agent, the DIP Secured Parties, the Prepetition Administrative Agent, the Prepetition FILO Agent, and the other Prepetition Secured Parties granted by the provisions of this ~~Interim~~**Final** Order and the DIP Documents shall continue in full force and effect until the DIP Obligations and the Adequate Protection **Superpriority** Claims are indefeasibly Paid in Full in cash, as set forth herein and in the DIP Documents, and the DIP Commitments have been terminated (and in the case of rights and remedies of the Prepetition Administrative Agent, the Prepetition FILO Agent, and the other Prepetition Secured Parties, shall remain in full force and effect thereafter, subject to the terms of this ~~Interim~~**Final** Order), and the Carve-Out shall continue in full force and effect.

(v)    So long as there are any Prepetition ABL Secured Obligations or any Adequate Protection Obligations with respect to the Prepetition ABL Secured Parties outstanding and prior to the indefeasible Payment in Full, in cash of the Prepetition ABL Secured Obligations and any Adequate Protection Obligations with respect to the Prepetition ABL Secured Parties and cash collateralization of all Letters of Credit, in each case with respect

(Page 109)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

to the ABL Priority Collateral, the DIP Secured Parties or Prepetition Secured Parties (other than the Prepetition ABL Secured Parties) shall have no right to and shall not take any action to foreclose upon, or recover in connection with, the liens granted thereto pursuant to the Prepetition Credit Documents, the DIP Documents or this ~~Interim~~**Final** Order, or otherwise seek to exercise or enforce any rights or remedies against such ABL Priority Collateral, except in accordance with the Prepetition Credit Documents, including the AAL.

51. <u>Release of DIP Secured Parties and Prepetition Secured Parties</u>. Upon entry of th~~is~~e Interim Order, the Debtors, on their own behalf and their Estates, **did** forever and irrevocably: (i) release, discharge, and acquit each of the DIP Secured Parties and Prepetition Secured Parties and each of their former or current officers, employees, directors, agents, representatives, owners, members, partners, financial advisors, legal advisors, shareholders, managers, consultants, accountants, attorneys, affiliates, and predecessors-in-interest of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, of every type, including, without limitation, any so-called "lender liability" or equitable subordination claims or defenses, solely with respect to or relating to the negotiation and entry into the DIP Documents and the use of Cash Collateral; and (ii) waive, discharge and release any and all defenses (including, without limitation, offsets and counterclaims of any nature or kind) as to the validity, perfection, priority, enforceability, and

(Page 110)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

avoidability of the DIP Liens and the DIP Obligations other than any Challenge with respect to the Roll-Up Amount.

52.     <u>Insurance Proceeds and Policies</u>. ~~Upon entry of this Interim Order, and to~~**To** the fullest extent provided by applicable law, the Prepetition Administrative Agent (on behalf of the Prepetition ABL Secured Parties), the Prepetition FILO Agent (on behalf of the Prepetition FILO Secured Parties), and the DIP Agent (for the benefit of the DIP Lenders), shall be, and shall be deemed to be, without any further action or notice, named as additional insured and loss payee on each insurance policy maintained by the Debtors that in any way relates to the DIP Collateral**;** *provided* that~~, during the period between entry of the Interim Order and entry of the Final Order,~~ the liens granted herein shall not interfere with any rights held by a landlord to insurance proceeds for damage to a landlord's property~~.~~

53.     <u>No Superior Rights of Reclamation</u>.  The right of a seller of goods to reclaim such goods under section 546(c) of the Bankruptcy Code is not a Prepetition Permitted Lien; rather, any such alleged claims arising or asserted as a right of reclamation (whether asserted under section 546(c) of the Bankruptcy Code or otherwise) shall have the same rights and priority with respect to the Prepetition Liens as such claim had on the Petition Date.

54.     <u>Rights Preserved</u>.  Notwithstanding anything herein to the contrary, the entry of this ~~Interim~~**Final** Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, subject to the Prepetition Credit Documents and the AAL: (a) the

(Page 111)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Prepetition Secured Parties' right to seek any other or supplemental relief in respect of the Debtors; (b) any of the rights of any of the Prepetition Secured Parties under the Bankruptcy Code or under non-bankruptcy law, including the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Chapter 11 Cases or Successor Cases, conversion of any of the Chapter 11 Cases to cases under Chapter 7, or appointment of a Chapter 11 trustee or examiner with expanded powers, or (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a Chapter 11 plan or plans; or (c) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of any of the Prepetition Secured Parties.  Notwithstanding anything herein to the contrary, the entry of this ~~Interim~~**Final** Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the Debtors', ~~a~~**the** Committee's ~~(if appointed)~~, or any party in interest's right to oppose any of the relief requested in accordance with the immediately preceding sentence except as expressly set forth in this ~~Interim~~**Final** Order.  Entry of this ~~Interim~~**Final** Order is without prejudice to any and all rights of any party in interest with respect to the terms and approval of the~~is~~ Final Order and, unless otherwise set forth in this ~~Interim Order or the~~ Final Order, any other position which any party in interest deems appropriate to raise in the Chapter 11 Cases.

55.    <u>No Waiver by Failure to Seek Relief</u>.  The failure of the DIP Secured Parties or Prepetition Secured Parties to seek relief or otherwise exercise their rights and remedies under this ~~Interim~~**Final** Order, the DIP Documents, the Prepetition Credit Documents

(Page 112)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise.

56.    <u>Binding Effect of ~~Interim~~**Final** Order</u>.  Immediately upon entry of this ~~Interim~~**Final** Order by this Court, the terms and provisions of this ~~Interim~~**Final** Order shall become valid and binding upon and inure to the benefit of the Debtors, the DIP Secured Parties, the Prepetition Secured Parties, all other creditors of any of the Debtors, ~~any~~**the** Committee (or any other court appointed committee) appointed in the Chapter 11 Cases, and all other parties-in-interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the Chapter 11 Cases, any Successor Cases, or upon dismissal of any Chapter 11 Case or Successor Case.

57.    <u>Discharge</u>.  Except as otherwise agreed in writing by the DIP Agent (acting at the direction of the Required DIP Lenders) and the Prepetition Administrative Agent (acting at the direction of the Required Revolving Lenders or Required FILO Lenders, as applicable, as those terms are defined in the Prepetition Credit Agreement), the DIP Obligations, Prepetition Secured Obligations and Adequate Protection Obligations shall not be discharged by the entry of an order confirming any plan of reorganization in any of the Chapter 11 Cases, notwithstanding the provisions of section 1141(d) of the Bankruptcy Code, unless such obligations have been Paid in Full, on or before the effective date of such confirmed plan of reorganization.  If any of the Debtors propose or support any plan of reorganization or sale of all

(Page 113)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

or substantially all of the Debtors' assets, or order confirming such plan or approving such sale, that is not conditioned upon the Payment in Full (including by credit bid) of the DIP Obligations, Prepetition Secured Obligations, and Adequate Protection Obligations (a "Prohibited Plan or Sale") without the reasonable written consent of the DIP Agent (acting at the direction of the Required DIP Lenders) and the Prepetition Administrative Agent (acting at the direction of the Required FILO Term Loan Lenders with respect to the Prepetition FILO Priority Collateral or at the direction the Required Revolving Lenders with respect to the Prepetition ABL Priority Collateral), the Debtors' proposal or support of a Prohibited Plan or Sale, or the entry of an order with respect thereto, shall constitute an Event of Default under the DIP Documents and a Termination Event.

58.    Joint and Several.  The Debtors are jointly and severally liable for the DIP Obligations and all other obligations hereunder.

59.    Survival.  The provisions of this ~~Interim~~**Final** Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of reorganization in any of the Chapter 11 Cases; (b) converting any of the Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code; (c) dismissing any of the Chapter 11 Cases or any Successor Cases; or (d) pursuant to which this Bankruptcy Court abstains from hearing any of the Chapter 11 Cases or Successor Cases.  The terms and provisions of this ~~Interim~~**Final** Order, including the claims, liens, security interests and other protections granted to the DIP Secured

(Page 114)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Parties and the Prepetition Secured Parties pursuant to this ~~Interim~~**Final** Order and the DIP Documents, shall continue in the Chapter 11 Cases, in any Successor Cases, or following dismissal of the Chapter 11 Cases or any Successor Cases, and shall maintain their priority as provided by this ~~Interim~~**Final** Order until: (i) in respect of the DIP Facility, all the DIP Obligations, pursuant to the DIP Documents and this ~~Interim~~**Final** Order, have been Paid in Full (such payment being without prejudice to any terms or provisions contained in the DIP Facility which survive such discharge by their terms), and all commitments to extend credit under the DIP Facility are terminated; and (ii) in respect of the Prepetition Facilities, all of the Prepetition Secured Obligations pursuant to the Prepetition Credit Documents and this ~~Interim~~**Final** Order, have been Paid in Full (such payment being without prejudice to any terms or provisions contained in the Prepetition Credit Facility which survive such discharge by their terms).  The terms and provisions concerning the indemnification of the DIP Secured Parties shall continue in the Chapter 11 Cases, in any Successor Cases, following dismissal of the Chapter 11 Cases or any Successor Cases, following termination of the DIP Documents and/or the repayment of the DIP Obligations.  In addition, the terms and provisions of this ~~Interim~~**Final** Order shall continue in full force and effect for the benefit of the Prepetition Secured Parties notwithstanding the repayment in full or termination of the DIP Obligations until such time as the Prepetition Secured Obligations have been Paid in Full.

114

(Page 115)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

60.    ~~Final Hearing. The Final Hearing on the Motion shall be held on May 16, 2023, at 2:00 p.m., prevailing Eastern Time; *provided* that the Final Hearing may be adjourned or otherwise postponed upon the Debtors filing a notice of such adjournment with the consent of the DIP Agent (acting at the direction of the Required DIP Lenders). The Debtors shall promptly serve copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court. Any objections or responses to entry of the Final Order shall be filed on or before 5:00 p.m., prevailing Eastern Time, on May 9, 2023.~~**Committee Settlement ¶**

(a)    **In settlement of disputes with the Committee relating to entry of this Final DIP Order, the Debtors, the Committee, the Prepetition Secured Parties and the DIP Secured Parties agree to the settlement described below, which shall continue to apply in all respects following the occurrence of, and during the continuation of, a Termination Event or an ABL Cash Collateral Termination Event and in any Successor Cases. ¶**

(b)    **Until (i) the Prepetition ABL Secured Obligations are Paid in Full and (ii) the DIP Secured Parties and Prepetition FILO Secured Parties indefeasibly recover $515,000,000 in cash in respect of principal plus interest on such principal amount plus fees (each as provided for under this Final Order and the Prepetition Facility) on account of the DIP Obligations and the Prepetition FILO Secured Obligations (the sum of 60(b)(i) and**

(Page 116)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**(ii), the "Initial Sharing Threshold"), all proceeds of all Prepetition Collateral and DIP Collateral shall be distributed in accordance with the terms of this Final Order and the DIP Documents (other than for the avoidance of doubt, the terms of paragraph 60(c) and (d)).¶**

**(c)     Once the Initial Sharing Threshold is reached and until the Second Sharing Threshold (as defined below), all proceeds of DIP Collateral and Prepetition Collateral shall be distributed as follows:¶**

**(i)     100% of the proceeds of all Prepetition Collateral and DIP Collateral other than those assets described in paragraphs 60(c)(ii)–(vi) below shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties;¶**

**(ii)     80% of the proceeds of all claims related to Price Gouging Claims**[11] **and Shipping Claims**[12] **("Shipping and Price Gouging Claim Proceeds") shall be distributed to the Prepetition FILO Secured Parties and 20% of the Shipping and Price Gouging Claim Proceeds shall be distributed to the Estates for the benefit of general unsecured creditors;¶**

---

[11]   **Price Gouging Claims means those claims and causes of action of the Debtors, their affiliates, and any successors or assigns relating to the "fail[ure] to establish, observe, and enforce just and reasonable regulations and practices relating to or connected with receiving, handling, storing, or delivering property," including pricing practices. See 46 U.S. Code § 41102 (c).**

[12]   **Shipping Claims means those claims and causes of action of the Debtors, their affiliates, and any successors or assigns, brought under federal maritime law, including, without limitation, the Shipping Act of 1984, 46 U.S.C. §§ 40101 – 41309, the Ocean Shipping Reform Act of 2022, and any similar laws, and in accordance with the 46 C.F.R. §§ 500 – 599.**

(Page 117)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

> (iii) **60% of the proceeds of all Specified Estate Claims[13] (such proceeds, the "Specified Estate Claim Proceeds") shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties and with the remaining 40% to be distributed to the Estates;¶**
>
> (iv) **50% of the proceeds of all Other Liability Claims[14] (such proceeds, "Other Liability Claim Proceeds") shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties and 50% of the Other Liability Claim Proceeds shall be distributed to the Estates;¶**
>
> (v) **50% of the proceeds of the payment card interchange fee and merchant discount antitrust litigation filed (the "Interchange Litigation Proceeds") shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties and 50% of the Interchange Litigation Proceeds shall be distributed to the Estates; and¶**
>
> (vi) **100% of the proceeds of preference actions brought under Chapter 5 of the Bankruptcy Code against non-insiders of the Debtors ("Preference Action Proceeds") shall be distributed to the Estates.¶**

**(d)    After (i) the Estates have recovered $25 million pursuant to paragraph 60(c) and (ii) the DIP Secured Parties and Prepetition FILO Secured Parties**

---

[13] **As used in this Final Order, the term "Specified Estate Claims" means any claims or causes of action held by the Debtors against the current and former directors, officers, or managers of the Debtors, each in their capacities as such.**

[14] **As used in this Final Order, the term "Other Liability Claims" means any claims or causes of action of the Debtors against professionals, excluding any professionals retained by the Debtors in their chapter 11 cases (including, for the avoidance of doubt, Kirkland & Ellis LLP and Kirkland & Ellis International LLP (including any employees or contractors thereof), Cole Schotz, AlixPartners, Lazard, and A&G Realty).**

117

(Page 118)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**indefeasibly recover $550,000,000 in cash plus interest and fees (each as provided for under this Final Order and the Prepetition Facility) on account of the DIP Obligations and the Prepetition FILO Secured Obligations (the sum of 60(d)(i) and (ii), the "Second Sharing Threshold"), all proceeds of all Prepetition Collateral and DIP Collateral shall be distributed as follows:¶**

> **(i)    80% of the proceeds of all Prepetition Collateral and DIP Collateral other than the assets described in paragraphs 60(d)(ii)–(vi) below shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties, and 20% of such Prepetition Collateral and DIP Collateral shall be distributed to the Estates;¶**

> **(ii)    65% of the Shipping and Price Gouging Claim Proceeds shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties and 35% shall be distributed to the Estates;¶**

> **(iii)    50% of the Specified Estate Claim Proceeds shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties and 50% shall be distributed to the Estates;¶**

> **(iv)    50% of the Other Liability Claim Proceeds shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties and 50% shall be distributed to the Estates;¶**

> **(v)    50% of the Interchange Litigation Proceeds shall be distributed to the Prepetition FILO Secured Parties and DIP Secured Parties and 50% shall be distributed to the Estates; and¶**

(Page 119)

Debtors:              BED BATH & BEYOND, INC., *et al.*

Case No.              23-13359 (VFP)

Caption of Order:     ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF

---

**(vi)    100% of the proceeds of the Preference Action Proceeds shall be distributed to the Estates.15¶**

**(e)    No DIP Lien, Prepetition FILO AP Lien or Prepetition Lien, DIP Superpriority Claim, Adequate Protection Superpriority Claim, or any remaining claims of the Prepetition FILO Secured Parties or DIP Secured Parties shall attach to, or be payable from, proceeds of DIP Collateral distributed to the Estates pursuant to paragraphs 60(c) and (d).¶**

**(f)    The Committee and DIP Secured Parties' professionals agree to meet weekly to discuss, among other things, going out of business sales, litigation, and other matters related to the Chapter 11 Cases. ¶**

**(g)    Notwithstanding paragraph 43 of this Final Order, in exchange for the agreements set forth herein, the Committee has irrevocably and unconditionally waived any and all rights to assert any Challenge against the Prepetition ABL Secured Parties and the Prepetition FILO Secured Parties, the Debtors' Stipulations contained in Paragraph G and the releases in Paragraph H shall be binding in all circumstances upon the Committee, and the Challenge Period Termination Date has been deemed to have occurred with respect to the Committee. The Committee has further agreed, subject to its**

---

**15 All distributions to ABL Lenders, Prepetition FILO Secured Parties and DIP Secured Parties contemplated in Paragraph 60(c) and (d) shall be made in accordance with this Final Order, the DIP Documents and Prepetition Facility as applicable.**

(Page 120)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

fiduciary duties, to take all reasonable efforts to oppose any challenge to entry of this Final Order, including opposing any party in interest asserting a Challenge or requesting standing to assert a Challenge.¶

61.    **Texas Taxing Authorities.**  Notwithstanding any provisions of the Motion, the Interim Order, this Final Order, or the other DIP Documents, any valid, binding, perfected, enforceable, and non-avoidable liens currently held by the Texas Taxing Authorities[16] on account of allowed secured claims for taxes on any DIP Collateral that under applicable non-bankruptcy law are granted priority over a prior perfected security interest or lien (the "Texas Tax Liens") shall neither be primed by nor subordinated to any DIP Liens or Adequate Protection Liens granted under the Interim Order or this Final Order, and upon the sale of any DIP Collateral subject to the Texas

---

[16] The term "Texas Taxing Authorities" means Bexar County, Cameron County, Cypress-Fairbanks Independent School District, Dallas County, City of El Paso, Fort Bend County WCID #02, Fort Bend County, City of Frisco, Grayson County, Gregg County, Harris County, Hidalgo County, Jefferson County, Lewisville Independent School District, City of McAllen, McLennan County, City of Mesquite, Montgomery County, Nueces County, Parker CAD, Rockwall CAD, San Marcos CISD, Smith County, Tarrant County, Tom Green CAD, Victoria County, Wichita County Tax Office, Randall County Tax Office, Brazoria County, Brazoria County Special Road & Bridge, Alvin Independent School District, Alvin Community College, Brazoria County Drainage District #4, Pearland Municipal Management, Brazoria Municipal Utility District #06, Woodlands Metro Municipal Utility District, Woodlands Road Utility District, Clear Creek Independent School District, Humble Independent School District, Pasadena Independent School District, Spring Branch Independent School District, City of Houston, Lubbock Central Appraisal District, Midland County, City of Lake Worth, Crowley Independent School District, Grapevine-Colleyville Independent School District, Frisco Independent School District, Plano Independent School District, Bell County Tax Appraisal District, Bowie Central Appraisal District, Brazos County, Denton County, Guadalupe County, Hays County, Midland Central Appraisal District, Taylor County Central Appraisal District, City of Waco, Waco Independent School District and Williamson County.

(Page 121)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

Tax Liens, the Texas Tax Liens shall be paid by the Debtors and shall attach to the Priority Claims Reserve and WARN Reserve to the extent of any shortfall, with the same order of priority which the Texas Tax Liens had on the applicable DIP Collateral.  All *parties' rights to object to the priority, validity, amount,* enforceability and extent of any purported *claims and liens asserted by the Texas Taxing Authorities are fully* reserved.¶

62.    Notwithstanding any other provisions of this Final Order, the Debtors are authorized, but not directed, to use funds from the Priority Claims Reserve and WARN Reserve to pay valid, undisputed, enforceable, non-avoidable, allowed claims for sales taxes, use taxes, income taxes, and property taxes, as well as other governmental taxes, fees, and assessments in various jurisdictions ("Taxes and Fees") solely to the extent that such Taxes and Fees exceed the amounts set forth in the Approved Budget.  ¶

63.    Comenity Capital Bank.¶

(i)    Comenity Capital Bank's ("Comenity") rights of setoff and/or recoupment, if any, with respect to the Co-Brand Credit Card Program Agreement between Comenity and Bed Bath & Beyond Inc. dated as of December 25, 2015, as amended from time to time (the "Program Agreement"): (a) shall not be affected, modified, expanded, waived, primed, subordinated, or impaired in any way by this Final Order, and (b) shall not be made subject to, subordinated by, or pari passu with any (x) secured financing, security interests, or liens, and/or (y) super priority, administrative, or

(Page 122)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

adequate protection claims and such rights (if any) shall remain subject to the Bankruptcy Code; ¶

(ii)   Comenity's right to use the Debtors' trademarks, service marks, and/or other rights pertaining to the Debtors' names as set forth in the Program Agreement: (a) shall not be affected, modified, expanded,  waived, primed, subordinated, or impaired in any way by this Final Order, (b) shall not be made subject to, subordinated by, or pari passu with any (x) secured financing, security interests, or liens, and/or (y) super priority, administrative, or adequate protection claims; and¶

(iii)   all of Comenity's rights, remedies, claims, defenses, and other relief (if any) arising from or related to the Program Agreement (including, but not limited to, those set forth in paragraphs 62(i) and (ii) above) are expressly reserved.  ¶

64.   **Arch Insurance Surety Collateral.**  Notwithstanding any provision herein to the contrary, nothing in the Interim Order, this Final Order, or any amendments hereto, shall affect the rights, if any, of Arch Insurance Company ("Arch") in any letters of credit, letter of credit rights, or other collateral delivered to, in possession of, or controlled by Arch as of the Petition Date, or the proceeds thereof, including but not limited to, in, or under Irrevocable Letter of Credit No. NUSCGS044368, dated September 27, 2022, in the amount of $2,216,659.62 (collectively, "Arch's LC Collateral"), and nothing herein shall be deemed to alter, limit, modify or impair any rights of Arch in, to, or under any of Arch's

(Page 123)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

LC Collateral, if any, and the definitions of "DIP Collateral," "DIP Liens," and/or "DIP Superpriority Claims" shall not include or apply to any of Arch's LC Collateral.¶

65.    **Chubb Reservation of Rights.** For the avoidance of doubt, nothing, including the DIP Documents and/or this Final Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto.¶

66.    **American Greetings Corporation and Papyrus-Recycled Greetings, Inc..** Notwithstanding anything contained herein to the contrary, the DIP Liens shall not encumber, and the DIP Collateral shall not be deemed to include: (a) American Greetings Corporation's ("AG") interest in products (the "AG Products") located at the Debtors' stores that were or are hereafter supplied by AG pursuant to that certain *Supply Agreement* between AG and the Debtors, as thereafter amended (the "AG SBT Agreement"); (b) the portion of the proceeds from the sale of the AG Products to which AG is entitled under the AG SBT Agreement (the "AG Sale Proceeds"); (c) Papyrus-Recycled Greetings, Inc.'s ("Papyrus") interest in products (the "Papyrus Products") located at the Debtors' stores that were or are hereafter supplied by Papyrus pursuant to that certain *SBT Agreement* between Papyrus and the Debtors (the "Papyrus SBT Agreement"); and (d) the portion of the proceeds from the sale of the Papyrus Products to which Papyrus is entitled under the Papyrus SBT Agreement (the "Papyrus

(Page 124)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**Sale Proceeds"). The Debtors are hereby authorized and directed to continue to remit the AG Sale Proceeds to AG pursuant to the terms of the AG SBT Agreement and to continue to remit the Papyrus Sale Proceeds to Papyrus pursuant to the terms of the Papyrus SBT Agreement, provided that nothing herein shall be deemed to constitute an assumption by the Debtors of the AG SBT Agreement or the Papyrus SBT Agreement, with the Debtors reserving all of their rights with respect thereto under section 365 of the Bankruptcy Code.**

**67.** ~~61.~~ Necessary Action. The Debtors are authorized to take any and all such reasonable actions and to make, execute and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this **Final** Order and the transactions contemplated hereby.

**68.** ~~62.~~ Enforceability. This ~~Interim~~**Final** Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable immediately upon entry ~~t~~hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9014 of the Bankruptcy Rules, any applicable Local Bankruptcy Rules, or Rule 62(a) of the Federal Rules of Civil Procedure, this ~~Interim~~**Final** Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this ~~Interim~~**Final** Order.

(Page 125)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND, INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ~~INTERIM~~**FINAL** ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, **AND** (V) ~~SCHEDULING A FINAL HEARING, AND (VI)~~ GRANTING RELATED RELIEF |

**69.** ~~63.~~ Headings. The headings in this ~~Interim~~**Final** Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this ~~Interim~~**Final** Order.

**70.** ~~64.~~ Priority of Terms.   To the extent of any conflict between or among (a) the express terms or provisions of any of the DIP Documents, the Motion, or the Cash Management Order, on the one hand, and (b) the terms and provisions of this ~~Interim~~**Final** Order, on the other hand, unless such term or provision herein is phrased in terms of "as defined in" or "as set forth in" any of the DIP Documents, the Prepetition Credit Agreement, or other agreement, the terms and provisions of this ~~Interim~~**Final** Order shall govern.

**71.** ~~65.~~ Retention of Jurisdiction.   This Court retains jurisdiction (i) with respect to all matters arising from or related to the DIP Documents and the implementation of this ~~Interim~~**Final** Order and (ii) to enforce the same. ¶

~~66.    Texas Taxing Authority.   Notwithstanding any other provisions of this Order, any statutory liens (collectively, the "Tax Liens") held by any and all Texas *ad valorem* taxing entities (the "Texas Taxing Authorities") for pre-petition and post-petition taxes shall not be primed nor made subordinate to any liens granted to any party hereby but only to the extent such Tax Liens of the Texas Taxing Authorities are allowed, valid, senior, perfected, and unavoidable, and all~~ *~~parties' rights to object to the priority, validity, amount,~~* ~~and extent of the~~ *~~claims and liens asserted by the Texas Taxing Authorities are fully~~* ~~preserved.~~¶

# EXHIBIT A

**DIP Credit Agreement¶¶**

**Filed at Docket No. 716**

# **EXHIBIT B**

**Approved Budget**

<u>**EXHIBIT C**</u>

**Milestones**

1.      On the Petition Date, the Debtors shall have filed (i) motions in form and substance satisfactory to the DIP Agent requesting approval from the Bankruptcy Court to (a) continue going out of business ("GOB") sales at all retail locations, and (b) assume their prepetition Letter Agreement dated as of September 11, 2020 and Letter Agreement dated as of March 2, 2021 (each as amended and supplemented from time to time) with Hilco Merchant Resources, LLC, and (ii) a motion seeking approval of a Bidding Procedures Order (as defined below), which motion shall be in form and substance reasonably acceptable to the Required DIP Lenders.

2.      On or before (3) days after the Petition Date, the Bankruptcy Court shall have entered the Interim Order and the Cash Management Order.

3.      On or before seven (7) days after the Petition Date, the Court shall have entered an order in form and substance reasonably acceptable to the Required DIP Lenders, approving the bidding and auction procedures with respect to the sale by the Debtors of any, all or substantially all of the Debtors' assets (the "Bidding Procedures Order").

4.      On or before ~~twenty-five (25) days after the Petition Date~~**June 15, 2023**, the Bankruptcy Court shall have entered the Final DIP Order and the final Cash Management Order.

5.      On or before ~~thirty-five (35) days after the Petition Date~~**June 16, 2023**, the deadline for submission of bids for all or substantially all of the Debtors' assets shall have occurred pursuant to the Bidding Procedures Order.

6.      On or before ~~forty (40) days after the Petition Date~~**June 21, 2023**, the Debtors shall conduct an auction for all or substantially all of their assets pursuant to the Bidding Procedures Order.

7.      On or before ~~forty-five (45) days after the Petition Date~~**June 28, 2023**, the Bankruptcy Court shall have entered an order or orders approving the sale(s) of all or substantially all of the Debtors' assets.¶

~~8.      On or before ninety (90) days after the Petition Date, *the Debtors shall have completed GOB sales at all retail locations.*~~

**8.**      ~~9. *On or before* ninety (90) days after the Petition Date~~**On or before June 30, 2023**, the Debtors shall have filed a chapter 11 plan (the "Plan"), which plan shall be in form and substance acceptable to the Required DIP Lenders **and consistent with, and which shall incorporate, the terms of the settlement with the Committee in paragraph 60 of the Final Order**.¶

**9.**      On or before ~~one hundred twenty (120) days after the Petition Date~~**July 22, 2023**, *the Debtors shall have completed GOB sales at all retail locations.*

10.      *On or before* **August 31, 2023**, the Bankruptcy Court shall have entered an order confirming the Plan **and the Plan shall have gone into effect**.

## **EXHIBIT D**

### **Additional Reporting**

1.      Weekly[1147] report on cash flow, budget to actual, and inventory roll forwards.

2.      Weekly update on the Specified Store Closing Sales and other Dispositions of DIP Collateral.

3.      Weekly report on all outstanding letters of credit and the release, termination or return of any letter of credit issued for the benefit of any of the Debtors.

4.      Weekly report with the Debtors' advisors on the Debtors' sale process, including updates on parties contacted and discussions held, non-disclosure agreements in process and executed, and bids and letters of intent received.

5.      Every second week commencing with the Thursday after the first full calendar week following the Petition Date, reporting on (i) resignations and terminations of all employees, including a list of resignations and terminations and, for each resignation or termination, such employee's annual salary and years of service and (ii) the calculation of any WARN Reserve and updates based on census changes.

6.      Reporting on the composition of any inflow or disbursement in any week, as requested by the DIP Agent or DIP Lenders.

7.      Daily reporting of all disbursements, which shall include the issuance of any funds whether by wire, ACH, check, or other means, made by the Debtors.

8.      Hilco Global shall provide reporting on going out of business sales in a manner consistent with their prepetition reporting practice.

9.      Daily reporting to the best of the Debtors' knowledge on the outstanding amount of Revolving Loans (as defined in the Prepetition Credit Agreement), letters of credit, and DIP Obligations; however, the parties acknowledge that the DIP Lenders maintain the books and records.

10.     Other customary reports (together with supporting materials) as requested by the DIP Agent or DIP Lenders.

---

[1147] The Debtors shall deliver all weekly reporting set forth herein on the Thursday after the first full calendar week following the Petition Date, and on each Testing Date thereafter.

Document comparison by Workshare Compare on Wednesday, June 14, 2023
9:45:02 AM

| Input: | |
|---|---|
| Document 1 ID | BBB - DIP - Revised Interim Order [Entered Order]_(96049800_8).DOCX |
| Description | BBB - DIP - Revised Interim Order [Entered Order]_(96049800_8) |
| Document 2 ID | BBBY - DIP - Final DIP Order [Proposed Filing]_(97421558_13).DOCX |
| Description | BBBY - DIP - Final DIP Order [Proposed Filing]_(97421558_13) |
| Rendering set | Color |

| Legend: | |
|---|---|
| **Insertion** | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 436 |
| Deletions | 356 |
| Moved from | 15 |
| Moved to | 15 |
| Style changes | 0 |
| Format changes | 0 |

| Total changes | 822 |
|---|---|