| |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>Jeffrey Kurtzman, Esquire (JK-7689)<br>**KURTZMAN | STEADY, LLC**<br>101 N. Washington Avenue, Suite 4A<br>Margate, NJ 08402<br>kurtzman@kurtzmansteady.com<br>Telephone: (215) 839-1222<br><br>Attorneys for Water Tower Square Associates | |
| In re:<br><br>BED BATH & BEYOND INC., et al.,<br><br>               Debtors. | Case No. 23-13359 (VFP)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

### OBJECTION OF WATER TOWER SQUARE ASSOCIATES TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

Water Tower Square Associates ("WTSA"), by and through its undersigned attorneys, hereby files its objection to the cure amount set forth in the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases (the "Cure Notice") [Doc. No. 714], and respectfully represents in support thereof as follows:

### <u>BACKGROUND</u>

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. WTSA is the owner of certain nonresidential real estate known as Water Tower Square located in Montgomeryville, Pennsylvania (the "Property").

3. On July 9, 2015, WTSA, as lessor, entered into a lease agreement (the "Lease") with Bed Bath & Beyond, Inc. ("Bed Bath"), one of the Debtors, as lessee, for retail premises at the Property. A copy of the Lease is annexed hereto and made a part hereof as Exhibit "A".

4. On the same date, Bed Bath, as sublessor, entered into a sublease (the "Sublease") with its affiliate, Buy Buy Baby, Inc., as sublessee, for the leasehold premises. WTSA is not a party to the Sublease.

5. The Property is a "shopping center" within the meaning of § 365(b)(3) of the Bankruptcy Code.

6. On June 13, 2023, the Debtors filed the Cure Notice in connection with a potential assumption and assignment of the Lease, among other unexpired nonresidential real property leases. As it relates to the Lease (as well as the Sublease), the Cure Notice reflects a stated cure amount of $0.00. See, Cure Notice, p. 43 of 46.

7. While WTSA reserves all of its rights with respect to the prospective assumption and assignment of the Lease, it objects to the stated cure amount applicable to the Lease for the reasons hereinafter set forth.

## RELIEF REQUESTED

**A.     The Cure Amount is Understated.**

8. The Cure Notice understates the cure amount presently due and owing under the Lease and is inconsistent with the Debtors' own schedules of assets and liabilities, which reflect an amount due and owing to WTSA as of the Petition Date in the amount of $21,123.92. In addition, the stated cure amount is inconsistent with WTSA's proof of claim (the "WTSA

Claim"), a copy of which is annexed hereto and made a part hereof as Exhibit "B", which reflects an amount due under the Lease as of the Petition Date in the amount of $21,204.80. The WTSA Claim is consistent with the amount scheduled by the Debtors.

9. The discrepancy between the stated cure amount and the actual amount required to cure defaults under the Lease as of the Petition Date is illustrated in the following chart:

| Landlord | Actual Claim Amount | Stated Cure Amount | Discrepancy |
| --- | --- | --- | --- |
| Water Tower Square Associates | $21,204.80 | $0.00 | $21,204.80 |

10. In order to assume the Lease, the Debtors are required to cure defaults existing under such lease pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

11. In disregarding the amounts due under the Lease, as reflected in the attached summa, the Debtors have materially understated the amount required to cure defaults under the Lease.

## RESERVATION OF RIGHTS

12. WTSA specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption of the Lease, including, without limitation, an assignee's proposed adequate assurance of future performance.

3

## CONCLUSION

13. For the foregoing reasons, WTSA seeks an order of this Court fixing the Debtors' cure obligations under the Lease in the amount set forth herein (less any payments made by the Debtors on account of such sum prior to the assumption of the Lease plus any additional post-petition amounts accruing under the Lease through the date thereof) and directing the Debtors promptly to satisfy such amount following the entry of an order approving the assumption of the Lease.

WHEREFORE, Water Tower Square Associates respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated: June 15, 2023

**KURTZMAN | STEADY, LLC**

By: /s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
101 N. Washington Avenue, Suite 4A
Margate, NJ 08402
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for Water Tower Square Associates