**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C. (admitted *pro hac vice*) |
| Derek I. Hunter (admitted *pro hac vice*) |
| 601 Lexington Avenue |
| New York, New York 10022 |
| Telephone: (212) 446-4800 |
| Facsimile: (212) 446-4900 |
| joshua.sussberg@kirkland.com |
| emily.geier@kirkland.com |
| derek.hunter@kirkland.com |
| |
| **COLE SCHOTZ P.C.** |
| Michael D. Sirota, Esq. |
| Warren A. Usatine, Esq. |
| Felice R. Yudkin, Esq. |
| Court Plaza North, 25 Main Street |
| Hackensack, New Jersey 07601 |
| Telephone: (201) 489-3000 |
| msirota@coleschotz.com |
| wusatine@coleschotz.com |
| fyudkin@coleschotz.com |
| |
| *Co-Counsel for Debtors and Debtors in Possession* |

Order Filed on June 16, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND CONSENT ORDER**
**(I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION**
**OF LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE**

**DATED: June 16, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED.**

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER (I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION OF THE LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE |

This stipulation and consent order (the "Stipulation") is made by and between BVC Oakwood Commons, LLC (the "Landlord"), Burlington Coat Factory Warehouse Corporation and certain of its affiliates (collectively, "Burlington"), and Bed Bath & Beyond Inc., and its affiliates, as debtors and debtors in possession (the "Debtors," and together with Landlord and Burlington, the "Parties") by and through their respective duly authorized undersigned counsel.

**Introduction**

**WHEREAS,** on April 23, 2023 (the "Petition Date"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS,** the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS,** as of the Petition Date, Landlord and one of the Debtors were parties to an unexpired lease (the "Lease") of nonresidential real property for retail store space at Oakwood Commons at 4646 Lebanon Pike, Hermitage, Tennessee 37076 (the "Premises");

**WHEREAS**, pursuant to the *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Approving Assumption and Assignment of Certain Unexpired Leases, and (III) Granting Related Relief* [Docket No. 644] (the "Motion to Assume and Assign"), filed on June 7, 2023, the Debtors sought authority to assume and assign certain unexpired leases to Burlington Coat Factory Warehouse Corporation and certain of its affiliates

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER (I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION OF THE LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE |

(collectively, "Burlington") in accordance with the terms of the assumption and assignment agreement attached as Schedule 2 to Exhibit A of the Motion to Assume and Assign (the "Assumption and Assignment Agreement").

**WHEREAS,** the Lease, together with certain other nonresidential real property leases, was rejected (the "Rejection") pursuant to the *Order (I) Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of Any Personal Property, Effective as of the Rejection Date and (II) Granting Related Relief* [Docket No. 373] entered on May 17, 2023 (the "Lease Rejection Order");

**WHEREAS,** the Debtors and Burlington desire to modify the Lease Rejection Order to have the Lease removed from the rejection list and assumed and assigned to Burlington in accordance with the Motion to Assume and Assign and the Assumption and Assignment Agreement, a copy of which applicable Assumption and Assignment Agreement with respect to the Lease is attached hereto as **Schedule 1**; and

**WHEREAS,** the reversal of the Rejection and the assumption and assignment of the Lease to Burlington will benefit the Debtors' bankruptcy estates by eliminating certain prepetition and lease rejection damages claims.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Parties' Stipulation and are incorporated herein.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER (I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION OF THE LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE |

2. This Stipulation is subject to and conditioned upon the entry of a final order of the Court approving this Stipulation (the "Stipulation Effective Date"). In the event that the Stipulation Effective Date does not occur by June 14, 2023, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any submissions filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions status quo ante.

3. Upon the Stipulation Effective Date:

   (a) the Lease Rejection Order shall be deemed modified to remove the Lease from the list of leases rejected pursuant to the Lease Rejection Order, and the Rejection of the Lease shall be deemed void or reversed;

   (b) the Lease shall be deemed in full force and effect in accordance with its terms;

   (c) in substantial compliance with the Motion to Assume and Assign and upon the consent of the parties hereto, pursuant to 11 U.S.C. §§ 365(a), 365(b), and 365(f), effective as of June 14, 2023, the Lease is hereby assumed by the Debtors and assigned to Burlington, as the Lease has been amended by agreement between Landlord and the Debtor;

   (d) all personal property remaining at the Premises shall be conveyed to Burlington;

   (e) the 11 U.S.C. § 365(b) "cure" amount for the Lease shall be $53,811.28 and the Debtors and the Landlord shall be deemed to have waived any and all claims against the other; *provided, however*, that Landlord shall be entitled to seek payment on any such claims solely from the proceeds of the sale of the Lease of the Premises, and not from Burlington, or any successors to any of the foregoing; and

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER (I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION OF THE LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE |

      (f)    promptly following the entry of this Stipulation and Order by the Court, the Landlord shall withdraw, with prejudice, all claims filed against the Debtors.

4.    To the extent the Lease contains use restrictions which would otherwise prohibit the operation of a typical Burlington store as operated on the date hereof, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code. Burlington shall be subject to all other use restrictions and limitations set forth in the Lease.

5.    Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in the Lease that purports to be personal only to a Debtor or Debtors or to a named entity in the Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by Burlington, in accordance with the terms of the Lease. The Debtors have timely exercised any applicable extension or renewal options under the Lease, the Lease is in full force and effect as of the Stipulation Effective Date, and the Debtors' period to assume or reject the Lease has not otherwise expired.

6.    Notwithstanding any provision of the Lease (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, Burlington shall not be required to operate its business from the leased premises for a reasonable period of time after the entry of this Order, in order to perform alterations and remodeling which shall be done in a manner consistent

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER (I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION OF THE LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE |

with the terms of the Lease and to replace and modify existing signage to the extent necessary to operate at the premises under as a Burlington store and consistent with its business operations and the terms of the Lease. Notwithstanding any provision of the Lease to the contrary (including any related REA or Master Lease), to the extent the Landlord's consent is required for any such alteration or signage modification, the Landlord's consent thereto shall not be unreasonably withheld, conditioned, or delayed. If such alterations or signage modifications are consistent with Burlington's other locations, such consent shall not be required provided that Burlington complies with applicable law.

7. Burlington's assumption of liabilities under the Lease shall be limited to obligations arising from and after the Stipulation Effective Date. With respect to any provision in the Lease providing for calculation of rent based on percentage of annual sales, for the annual period in which the Stipulation Effective Date occurs, Burlington shall only be responsible for the prorated portion of percentage rent attributable to the period after the Stipulation Effective Date calculated on a per diem basis.

8. The Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Burlington, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening and operating the premises associated with the Lease; *provided* that the Landlord does not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER (I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION OF THE LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE |

9.  This Order and the terms and provisions of the Assumption and Assignment Agreement shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Landlord, Burlington, and their respective affiliates, successors, and assigns, and any affected third parties.

10. This Stipulation is the entire agreement between the Parties with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected, or held out other than as expressly provided for herein.

11. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

12. Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing.  Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

13. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.  This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including without

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER (I) MODIFYING LEASE REJECTION ORDER, (II) REVERSING REJECTION OF THE LEASE, AND (III) APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE |

limitation, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative, and the liquidation trustee under the Debtors' confirmed plan of liquidation, and as to the Landlord and Burlington, any executor, estate administrator or representative.

14. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced. If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

15. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of New Jersey, without regard to the conflict of laws principles thereof. this Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

16. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

17. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

Dated: June 7, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**

/s/ *Michael Shanahan*
Michael Shanahan
Senior Vice President, Real Estate

**BVC OAKWOOD COMMONS, LLC**

/s/ *Robert Levy*
Robert Levy
Authorized Signatory

## SCHEDULE 1

**Assignment and Assumption Agreement**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

**THIS ASSIGNMENT AND ASSUMPTION AGREEMENT** (the "Agreement"), dated as of **June 2, 2023**, is by and between **BED BATH AND BEYOND INC.**, a New York corporation ("Assignor") and **BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**, a Florida corporation, or its designated affiliates reflected on **Schedule A** ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Assignor to the Assignee.

### RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto, including rights under those certain Subordination, Non-Disturbance and Recognition Agreements executed in connection with such leases (collectively referred to as either as the "Assigned Assets" or the "Leases" and individually an "Assigned Asset" or "Lease") with respect to the premises set forth on Schedule A (the "Premises") subject to approval by the Court in the Chapter 11 Cases (the "Court Order").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto (individually, "Party" or collectively, "Parties") agree as follows:

### AGREEMENT

1. <u>Assignment and Assumption</u>. Effective as of the date the Bankruptcy Court enters an order pursuant to 11 U.S.C. 363(b) approving the assumption and assignment contemplated by this Agreement, and such order becomes final (the "Closing Date"), and upon payment of the Purchase Price as set forth below:

   (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Assets.

   (b) Except as specifically set forth in this Agreement, Assignee hereby assumes and undertakes to pay, perform and discharge all of Assignor's obligations and duties with respect to the Assigned Assets.

   (c) For the avoidance of doubt and notwithstanding any other provision of this Agreement, Assignee agrees it is responsible, on a prorated basis, for the costs of rent with respect to the Assigned Assets for the rental period from and after the Closing Date (for clarity, this includes the Closing Date). To the extent the Assignor has paid any rent costs with respect to any Premises prior to the Closing Date for the period from and after the Closing Date, Assignee shall reimburse Assignor for such amounts paid within seven (7) days of the later to occur of: (I) the Closing Date; or (II) the date Assignor provides Assignee with documentation reasonably sufficient to establish Assignor's payment

of such rent cost.

2.  Assigned Assets. The Parties will work together in good faith and with diligent efforts to obtain the issuance of one or more Court Orders for all of the Assigned Assets.

3.  Payment of Purchase Price. Assignee shall, on the Closing Date, deliver the purchase price for the Assigned Assets in the aggregate amount of **$1,650,000.00** (the "Purchase Price") in immediately available funds wired to the account specified by Assignor. The Parties acknowledge that if the assumption and assignment of the Assigned Assets (the "Closing") does not occur on the date of the final Court Order the Lease(s) may thereafter be rejected in the bankruptcy proceeding referenced above.

4.  Assumption of Liabilities. All defaults or other obligations of the Assignor arising or accruing prior to the Closing Date (including, but not limited to, fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "True-Up Charge") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of such Assigned Asset(s), but without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. 365(b)(2)) shall be cured by the Assignor on or before the Closing Date or as soon thereafter as reasonably practicable (or as otherwise agreed with the counterparty to such Assigned Asset), and the Assignee shall have no liability or obligation arising or accruing under the Assigned Assets prior to the Closing Date. Assignee shall assume all obligations with respect to the Assigned Assets arising from and after the Closing Date.

5.  No Further Liability of Assignor. From and after the Closing Date, Assignor shall have no further obligations and duties with respect to the Assigned Assets arising from and after the Closing Date.

6.  Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Assets.

7.  "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Assets; *provided, however*, Assignor warrants and represents: (a) Assignor is the tenant under all of the Leases; (b) each Lease is in full force and effect; (c) the Leases, as identified in **Schedule A** are complete in listing all documents comprising the Lease(s) and there are no other agreements (written or verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease(s) or that otherwise give rights with regard to use of the Premises under the Lease or limit the use of the Premises; and (d) there are no service contracts for any of the Assigned Assets which will bind Assignee after the Closing and Assignor shall terminate any and all service contracts with respect to the Assigned Assets and the Leases prior to Closing or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets. If a Premises is not in substantially the same condition as it was on April 21, 2023 and the cost to repair such Premises to its prior commercially operational condition exceeds **twenty-five percent (25%)** of the allocated Purchase Price for the Lease for such Premises previously submitted by Assignee to Assignor, then Assignee shall have the right, in Assignee's sole discretion, to either: (i) remove such Assigned Asset(s) from this transaction if such Premises has not

been restored to its prior commercially operational condition within seven (7) days after such notice is received by the Assignor, and the Assignor and Assignee shall cooperate in good faith to come to an adjustment of the Purchase Price; or (ii) proceed with Closing on such Assigned Asset(s).

8. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to principles of conflicts of law.

9. <u>Jurisdiction.</u> The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. <u>No Reliance</u>. Except as specifically set forth in this Agreement, each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

11. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12. <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

*[Signatures appear on following page]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**BED BATH & BEYOND INC.**,
a New York corporation

By: *Wade Haddad*
Name: Wade Haddad
Title:  SVP, Real Estate & Store Development

**ASSIGNEE:**
**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**,
a Florida corporation


By:
Name:  Michael Shanahan
Title:  Senior Vice President, Real Estate
Federal I.D. No.:  22-1970303

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**BED BATH & BEYOND INC.**,
a New York corporation


By:_____
Name:  Wade Haddad
Title:    SVP, Real Estate & Store Development

**ASSIGNEE:**
**BURLINGTON COAT FACTORY**
**WAREHOUSE CORPORATION**,
a Florida corporation

By:_____
Name:  Michael Shanahan
Title:  Senior Vice President, Real Estate
Federal I.D. No.:  22-1970303

4

## Schedule A

## Description of Assigned Assets

| Store # | Street | City | State | Zip | Sq Ft | Lease Date | Description of Lease | Burlington Tenant Entity |
|---|---|---|---|---|---|---|---|---|
| 80 | 3675 Satellite Boulevard | Duluth | GA | 30096 | 29,820 | 11/23/07 | • Lease Agreement, dated as of November 23, 2007<br>• Memorandum of Lease dated 11/23/2007<br>• 1st Lease Amendment dated 1/5/2009<br>• 2nd Lease Amendment dated 1/14/2013<br>• Decline Right of First Refusal dated 6/28/2016<br>• 3rd Lease Amendment dated 8/2/2017<br>• Lease Modification dated 6/11/2019 | Burlington Coat Factory Warehouse Corporation, a Florida corporation |
| 195 | 3750 Easton Market | Columbus | OH | 43219 | 40,000 | 4/2/97 | • Lease Agreement, dated as of April 2, 1997<br>• Recorded Memorandum of Lease dated 4/2/1997<br>• Rent Commencement and Expiration Date Agreement dated 8/14/1998<br>• Ulta Consent dated 12/16/2009<br>• Letter Agreement dated 3/29/2010<br>• Nordstrom Rack Consent dated 5/15/2012<br>• Renewal Option dated 7/22/2013<br>• Bass Pro Consent Letter dated 10/1/2015<br>• Kirkland Letter Agreement dated 3/30/2016<br>• TJX Consent dated 6/14/2017<br>• First Amendment to lease dated 7/27/2017<br>• Ross Letter Agreement dated 1/16/2018<br>• Second Amendment to Lease dated 11/16/2018<br>• Cost Plus Letter Agreement dated 2/23/2020<br>• Pick Up Space Agreement dated 1/24/2021<br>• Third Amendment dated 2/22/2021 | Burlington Coat Factory of Texas, Inc., a Florida corporation |
| 471 | 2464 US Highway 6 & 50 Ste 106 | Grand Junction | CO | 81505 | 24,864 | 6/29/01 | • Lease Agreement, dated as of June 29, 2001<br>• Rent Commencement and Expiration Date Agreement, dated as of September 9, 2022<br>• First Amendment to Lease Agreement, dated as of September 11, 2001<br>• Second Amendment to Lease Agreement, dated as of October 31, 2022<br>• Letter dated July 24, 2012, exercising the first renewal Option<br>• Letter dated July 24, 2017, exercising the second Renewal Option | Burlington Coat Factory Warehouse Corporation, a Florida corporation |
| 778 | 3710 Town Center Street | Sherman | TX | 75092 | 18,000 |  | • Lease Agreement Dated October 2, 2003<br>• First Amendment to Lease Dated September 15, 2014<br>• Rent Commencement and Expiration Date Agreement dated August 16, 2004<br>• Bath & Body Works Waiver dated May | Burlington Coat Factory of |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | 10/2/2003 | • 14, 2018<br>• Amended Memorandum of Lease dated September 15, 2014<br>• Buff City Soap Consent Letter dated September 15, 2022 | Texas, L.P.,<br>a Florida limited partnership |
| 834 | 4646 Lebanon Pike | Hermitage | TN | 37076 | 23,035 | 06/18/04 | • Lease Agreement dated June 18, 2004<br>• Lease Agreement dated 6/18/2004<br>• Recorded Memorandum of Lease dated 6/18/2004<br>• Recorded SNDA dated 6/18/2004<br>• Ross Consent dated 6/23/2004<br>• PetSmart Consent dated 12/14/2004<br>• Rent Commencement and Expiration Agreement dated 2/2/2005<br>• Publix Consent dated 4/2/2008<br>• Picture This Gallery Consent dated 12/17/2008<br>• Physicians Urgent Care Consent dated 8/9/2010<br>• State Farm Consent dated 9/26/2011<br>• Workout Anytime Consent dated 1/28/2013<br>• First Amendment to Lease dated 5/29/2014<br>• Recorded Amended Memorandum of Lease dated 5/29/2014<br>• Recorded SNDA dated 1/25/2017<br>• Dental Practice Consent dated 6/20/2018<br>• Second Amendment to Lease dated 4/19/2018<br>• Second Amendment to memorandum of Lease dated 4/19/2018<br>• Exercise Facility Consent dated 4/30/2019<br>• Farmers Insurance Consent dated 9/9/2019<br>• SNDA dated 8/19/2022 | Burlington Coat Factory Warehouse Corporation, a Florida corporation |
| 843 | 825 West Montauk Highway | West Babylon | NY | 11704 | 29,875 | 10/5/2004 | • Lease Agreement dated October 5, 2004<br>• Rent Commencement and Expiration Agreement dated 6/24/2004<br>• Jo-Ann Stores Waiver dated 7/28/2004<br>• Recorded SNDA Fleet Bank dated 10/5/2004<br>• Recorded Memo of Lease dated 5/9/2005<br>• Tenant Allowance Letter Agreement dated 6/15/2005<br>• Modification and Consent Agreement dated 6/29/2009<br>• Chick fil A Waiver dated 3/7/2018<br>• Bank of America Estoppel dated 1/14/2022 | Burlington Coat Factory of Texas, Inc.,<br>a Florida corporation |
| 1239 | 225 Adams Drive Suite 235 | Weatherford | TX | 76086 | 20,400 | 8/17/2007 | • Lease Agreement dated August 17, 2007<br>• Recorded Memo of Lease dated 8/17/2007<br>• Michaels Letter Agreement dated 7/11/2007<br>• Rent Commencement and Expiration Date Agreement dated 6/24/2008<br>• Delivery Date Notice dated 1/7/2008<br>• Delivery Date Certification dated 4/21/2008<br>• Consent for Landlord's Development of Outparcels dated 9/18/2009<br>• TJ Maxx Waiver Letter dated 9/20/2011<br>• Consent for Landlord's Development of Outparcels dated 6/20/2013 | Burlington Coat Factory of Texas, L.P.,<br>a Florida limited partnership |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | • Revised Consent for Landlord's Development of Outparcels dated 6/19/2014<br>• First Amendment to Lease dated 10/31/2014<br>• Tuesday Morning Consent dated 2/21/2017<br>• Recorded Amendment to Memorandum of Lease date 9/7/2018<br>• Second Amendment dated 9/7/2018<br>• JC Penney OEA Agreement dated 2/21/2007<br>• JC Penney OEA Supplemental Agreement dated 2/21/2007 | |
| 3059 | 441 Boston Post Road | Port Chester | NY | 10573-4738 | 25,000 | 2/17/2011 | • Lease Agreement dated 2/17/2011<br>• Recorded Memorandum of Lease dated 2/17/2011<br>• Subtenant Recognition Agreement dated 2/28/2011<br>• Rent Commencement and Expiration Date Agreement dated 10/20/2011<br>• Ulta Consent dated 1/9/2012<br>• Urgent Care Consent dated 1/15/2014<br>• Ground Lease dated 7/10/1978<br>• Agreement and Amendment to Lease dated 4/4/1979<br>• Agreement and Second Amendment to Lease dated 2/1/1980<br>• Second Lease Amendment dated 8/1/1981<br>• Letter Agreement dated 12/21/1981<br>• Letter Agreement dated 2/26/1982<br>• Lease Amendment dated 4/1/1986<br>• Seventh Amendment to Lease dated 9/15/1988<br>• Letter Agreement dated 12/11/1991<br>• Ninth Amendment to Lease dated 12/15/1998<br>• Letter Agreement dated 7/26/1999<br>• Eleventh Amendment to Lease dated 9/29/1999<br>• Letter Agreement dated 1/6/2006<br>• Letter Agreement dated 6/14/2006<br>• Letter Agreement dated 2/27/2007 | Burlington Coat Factory of Texas, Inc., a Florida corporation |

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-13359-VFP |
| Bed Bath & Beyond Inc. | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Jun 16, 2023 | Form ID: pdf903 | Total Noticed: 9 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 18, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Jacob E. Black, Kirkland and Ellis LLP,, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 18, 2023          Signature:      /s/Gustava Winters