**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*

SAUL EWING LLP
Monique B. DiSabatino (Bar No. 200901040)
1201 N. Market Street, Suite 2300
P. O. Box 1266
Wilmington, DE 19899
Office : (302) 421-6840
Fax: (302) 421-6813
monique.disabatino@saul.com

*Counsel for Town & Country (CA) Station L.P.*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., et al., | Case No. 23-13359 (VFP) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF TOWN & COUNTRY (CA) STATION L.P.  TO CURE AMOUNT IN CONNECTION WITH DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Town & Country (CA) Station L.P. ("**Town & Country**" or the "**Landlord**") hereby files this limited objection ("**Limited Objection**") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 714] (the "**Cure Notice**"), and respectfully represents  as follows:

**BACKGROUND**

1. On April 23, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").  Since the Petition Date, the Debtors have continued to manage their

properties and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code

2. As of the Petition Date, the Landlord and Debtor Bed Bath & Beyond Inc. ("**BBBY**") were parties to that certain lease dated December 28, 2011 (as amended from time to time, the "**Lease**"), pursuant to which BBBY leases certain nonresidential real property located at 2725 Marconi Ave, Sacramento, CA 958211 (the "**Premises**"). The Premises is located in a "shopping center," as that term is used in 11 U.S.C. § 365(b)(3).

3. On April 25, 2023, the Court entered the *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [D.I. 92] (the "**Bidding Procedures Order**"), pursuant to which the Court established procedures for the potential sale of substantially all of the Debtors' assets.

4. On May 22, 2023, the Court entered an *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [D.I. 422] (the "**Lease Sale Procedures Order**"), pursuant to which the Court approved auction and sale procedures for the sales or transfers of certain of the Debtors' unexpired leases (the "**Lease Sale Procedures**"). The Lease Sale Procedures contemplate that a cure notice must be filed by June 30, 2023 with respect to any leases to be assumed in connection with any proposed Phase 1 Lease Sales (as defined in the Lease Sale Procedures), and that any objections thereto must be filed by July 11, 2023.

5. On June 13, 2023, the Debtors filed the Cure Notice, which identifies (a) those leases that may be assumed and assigned to a successful bidder in connection with a sale of substantially all of the Debtors' assets in accordance with the procedures approved in the Bid Procedures Order, and (b) the Debtors' proposed cure amounts with respect to such leases.

6. The Cure Notice reflects a cure amount for the Lease of $13,742.46 (the "**Proposed Cure Amount**").

7. While Town & Country reserves all of its rights with respect to the potential assumption and assignment of the Lease, it objects to the proposed cure amount for the Lease for the reasons set forth herein.

## RELIEF REQUESTED

8. The discrepancy between the Proposed Cure Amount and the actual amount required to cure defaults under the Lease as of the date of this Limited Objection (the "**Actual Cure Amount**"), which include unpaid pre- and post-petition amounts presently due or billed under the Lease, is illustrated in the following chart:

| Landlord | Store No. | Proposed Cure Amount | Actual Cure Amount | Discrepancy |
|---|---|---|---|---|
| Town & Country (CA) Station LLC | 569 | $13,742.46 | $176,441.35 | $162,698.89 |

9. Attached hereto as **Exhibit "A"** is a detailed breakdown of the Actual Cure Amount due and owing by the Debtors under the Lease as of the date of this Limited Objection. As reflected above and in the exhibit, the Debtors are presently indebted to Town & Country in the amount of $176,441.35. In addition, attached hereto as **Exhibit "B"** is additional detail supporting the tax reconciliations set forth in the aging reports attached hereto as Exhibit A.

41741858.1

10. In order to assume the Lease, the Debtors are required to cure defaults existing under such Lease pursuant to section 365(b)(l)(A) of the Bankruptcy Code, which provides, in relevant part, that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default[.]"  11 U.S.C. § 365(b)(l)(A).

11. The Landlord objects to any proposed assumption of the Lease to the extent such assumption fails to comply with any of the foregoing requirements of section 365(b(3) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

12. The Landlord reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Lease, including, without limitation, an assignee's proposed adequate assurance of future performance.  The Debtors further reserve all rights to object to any proposed sale of the Lease under the Lease Sale Procedures, and all objections and reservations of rights set forth herein shall apply to any such proposed sale or transfer of the Lease pursuant to such procedures.

## CONCLUSION

13. For the foregoing reasons, Town & Country seeks an order of this Court fixing the Debtors' cure obligation under the Lease in the amount of $176,441.35 (less any payments made by the Debtors on account of such sums prior to the assumption of the Lease and plus any additional post-petition amounts accruing under the Lease through the date thereof) and directing the Debtors or any Successful Bidder to promptly to satisfy such amount following the entry of any order authorizing the assumption of the Lease.

WHEREFORE, Town & Country respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated: June 20, 2023

**SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Monique B. DiSabatino (No. 200901040)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6806
Email: monique.disabatino@saul.com

-and-

Stephen B. Ravin
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
Email: stephen.ravin@saul.com

*Counsel to Town & Country (CA) Station L.P.*

5

41741858.1