| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| **Greenbaum, Rowe, Smith & Davis LLP** <br> Metro Corporate Campus One <br> P.O. Box 5600 <br> Woodbridge, New Jersey 07095 <br> (732) 549-5600 <br> David L. Bruck, Esq. <br> dbruck@greenbaumlaw.com <br> Attorneys for Triple B Mission Viejo LLC |
| In re: <br><br> **BED BATH & BEYOND INC.,** *et al.*, <br><br> Debtor. |

Chapter 11 Proceeding

**Case No.: 23-13359 (VFP)**

(Jointly Administered)

### OBJECTION BY LANDLORD TRIPLE B MISSION VIEJO, LLC TO DEBTORS' PROPOSED CURE AMOUNT AND OTHER RELIEF

#### PRELIMINARY STATEMENT

Landlord Triple B Mission Viejo LLC ("Landlord") through counsel Greenbaum Rowe Smith & Davis LLP objects pursuant to Bankruptcy Code 365 (b)(1) and 365(f)(2)(B) to (1) the proposed cure amount proposed by Bed Bath & Beyond (collectively, the "Debtors") to be paid in connection with the proposed assumption and assignment of the unexpired lease of nonresidential real property held by Landlord with Bed Bath & Beyond, Inc., ("Bed Bath") as tenant, for a portion of the premises located at 25732 El Paso Mission Viejo, California (the "Leased Premises") and asserts as well that (2) the Debtors have failed to provide adequate assurance of future performance nor (given the fact that the Lease is a shopping center lease) complied with the requirements of Bankruptcy Code section 365(b)(3) and states as follows:

**STATEMENT OF PERTINENT FACTS**

1. The Landlord owns real property at 25732 El Paso Mission Viejo, California which is leased to Bed Bath, one of the Debtors in this Chapter 11 proceeding. The Lease is dated June 30, 1999 (the "Lease") and was originally between The National 1031 Exchange Corporation as landlord and Bed Bath & Beyond Inc. as tenant. The Lease was assigned to Triple B Mission Viejo LLC. A copy of the Lease is attached as **Exhibit A**. The Lease is a shopping center lease. Bed Bath has defaulted in the terms and conditions of the Lease and notice of default was provided to Bed Bath prepetition.

2. The Debtors filed the within Chapter 11 proceeding on April 23, 2023. (the "Case"). The Case is jointly administered.

3. On April 23, 2023 the Debtors filed a motion for Entry of an Order (I)((A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bidding Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the form and Manner of Notice Therefore, Approving the Form of APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief (Document # 29) (the "Bidding Procedures Motion").

4. On April 25, 2023, the Court entered an Order (the "Approval Order") approving the Bidding Procedures Motion.

5. The dates scheduled for the hearings and procedures as set forth in the Approval Order have been extended from time to time as permitted in the Approval Order.

6. On June 13, 2023, the Debtors filed a Notice to Contract Parties to Potentially Assumed Contracts and Unexpired Leases (the "Cure Notice") (Document #714) setting forth

therein the Debtors' proposed cure amounts for the potential assumption and assignment of contracts and unexpired leases.

7. At page 39 of the Cure Notice item #1962 the Debtors list the Landlord Triple B Mission Viejo LLC as landlord of premises at 25732 El Paseo, Mission Viejo, California and propose a cure amount of $990.63.

## GROUNDS FOR OBJECTION

8. The proposed cure amount of $990.63 is grossly understated and does not accurately reflect all amounts required to be paid to cure all defaults and compensate the Landlord for all pecuniary losses sustained as a result of the defaults in the Lease. Bankruptcy Code sections 365(b) and 365(f)(2)(B) governs the financial obligations of a debtor that seeks to assume and/or assign a lease. It is generally understood that the debtor may not pick and choose those provisions of the Lease to be assumed but must assume the entire Lease. As a condition of such assumption of the Lease by the Debtor, the Debtor must:

(A) "Cure or provide adequate assurances that the trustee will promptly cure such default.

(B) Compensate or provide adequate assurance that the trustee will promptly compensate a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) Provide adequate assurance of future performance under such contract or lease."

9. The Debtors have failed to comply with the requirements of Bankruptcy Code 365 (b)(1) and 365(f)(2)(B) by (a) failing to correctly state or propose the actual pecuniary loss to be

3

8527259.1

suffered by the Landlord as a result of the defaults in the Lease; and (b) failing to provide adequate assurance of the curing of such default, and (c) failing to provide adequate assurance of future performance under the Lease.

10. The Lease is a shopping center lease and falls within the purview of Bankruptcy Code section 365(b)(3). The Debtors have not identified the Successful Bidder of the Lease and accordingly has not yet complied with the restrictions in Section 365(b)(3).

11. The Landlord has filed a Proof of Claim (attached as **Exhibit B**) setting forth therein the Landlord's claims against the Debtors which arose as a result of the defaults in the Lease. The Proof of Claim is to be amended to update the outstanding claim.

12. Attached as **Exhibit C** is a compilation of the amounts necessary to cure the defaults and compensate the Landlord for the pecuniary loss to the Landlord caused by the defaults in the Lease. The amount necessary to compensate the landlord is $380,793.06 including unpaid rent, unpaid additional rent inclusive of the tenant's required payment of its share of real estate taxes, operating expenses, mechanics liens and litigation filed against the Landlord's property and charges incurred by Bed Bath which remain unpaid for repairs and construction at the leased premises and attorneys' fees incurred as a result of Bed Bath's default. The Lease specifically provides for the payment of attorney's fees incurred in connection with the Bed Bath's defaults. See **Article 5** of the Lease.

13. The Debtors have not paid certain contractors (Davaco Inc. and Interior Experts General Builders Inc.) who performed work at the Leased Premises at the request of Bed Bath and said contractors have filed mechanics liens against the Landlord's property in the amount of $343,380 and $17,708.32, respectively. Davaco Inc. has filed a complaint in the Superior Court of California, County of Orange to foreclose on its mechanics lien as against the Landlord's

property (the "Complaint"). Copies of the Complaint and the mechanics lien filed by Interior Experts are attached hereto as **Exhibits D and E**, respectively. The Debtors are responsible for such charges as set forth in **Article 2.3** of the Lease, and has indemnified the Landlord against losses, costs or damages arising from such default. **See Article 2.4** of the Lease**.** The Debtors cannot assume the Lease without compensating Landlord for such pecuniary loss and damage caused by the filing of the Complaint to foreclose on Landlord's property and the recording of mechanics liens against its property as a result of Bed Bath's failure to pay Davaco Inc. and Interior Experts. See analysis in In re Grayhall Res., Inc., 63 B.R. 382,387 (Bankr. D. Colo. 1985). In re Midway Airlines, Inc. 91 B 06449,1993 WL 243935 (Bankr. N.D. Ill June 17,1993), aff'd, 163 B.R. 514 (N.D. Ill 1993)

14. While the Debtors have filed the Cure Notice it has not identified the Successful Bidder for the Lease held by the Landlord. Absent identification of the Successful Bidder the Landlord cannot make a business judgment as to the financial abilities of the proposed Successful Bidder and accordingly the Debtors have not provided adequate assurance of future performance under the Lease.

15. The Leased Premises, while consisting of a stand-alone building, are included within a shopping center and the Lease contains restrictions as to the use of the Leased Premises. In addition, there are restrictions on the use of the Leased Premises contained within the Owners Association. Until the Successful Bidder is identified there can be no assurance that the use intended by the Successful Bidder will comply with the restrictions in the Lease or as contained within the Owners' Association.

16. Landlord reserves the right to supplement and amend as necessary this objection to (1) reflect additional amounts which may become due prior to the date of proposed

8527259.1

assumption and (2) address the issue of adequate assurance once the "Successful Bidder" for the Lease is identified and to address such issues as may arise.

## RELIEF REQUESTED

The Landlord objects to the proposed cure amount as set forth above and requests that assumption of the Lease be conditioned upon (1) full payment of the Cure amounts specified in Exhibit C; (2) identification as required in the Lease of the Successful Bidder and proof as required of adequate assurance of future performance; (3) compliance by the Successful Bidder with the restrictions included in the Lease and in the Owners Association regarding the use of the Leased Premises within the Shopping Center in accordance with Bankruptcy Code section 365(b)(3); (4) attorney's fees as specifically allowed under the Lease; and (5) such further relief as the Court may find to be appropriate under the circumstances.

Respectfully submitted,

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Triple B Mission Viejo LLC

Dated: June 20, 2023

*/s/ David L. Bruck*
 David L. Bruck