Barbra R. Parlin, Esq.
Holland & Knight LLP
31 West 52nd Street
New York, NY  10019
Phone: (212) 513-3200
Fax: (212) 385-9010
Email: barbra.parlin@hklaw.com

*Attorneys for ALTO Northpoint, LP*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| In re: | |
| BED BATH & BEYOND INC., *et al.*, | Chapter 11 |
| | Case No. 23-13359 (VFP) |
| | (Jointly Administered) |
| Debtors.[1] | |

**LIMITED OBJECTION OF ALTO NORTHPOINT LP
IN CONNECTION WITH NOTICE OF POTENTIAL
ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE
AND RESERVATION OF RIGHTS**

ALTO Northpoint LP ("ALTO Northpoint"), by and through its undersigned counsel, respectfully submits this limited objection to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [dkt. # 714] ("Notice")[2] filed by Debtors in connection with the above captioned cases, and in support hereof states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083

[2] Capitalized terms in the Notice have the meanings set forth in the Court's order approving bidding procedures [dkt. #92] (the "Bidding Procedures Order").

Background

1. On April 23, 2023 ("Petition Date"), each of the above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On June 13, 2023, the Debtors filed the Notice, which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the contract or agreement listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transaction." Notice, p.2 (emphasis in original).

3. Exhibit A to the Notice lists at item number 141 that certain Lease Agreement between ALTO Northpoint LP, as lessor/counterparty and debtor Bed Bath & Beyond, Inc. as lessee for the premises located at Northpoint Shopping Center, 1827 NE Pine Island Road, Cape Coral, Florida ("Lease"). The Notice further states that the cure cost associated with assumption of the Lease is $0.

4. In addition, on May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [D.I. 422] ("Lease Sale Procedures Order"). The Lease Sale Procedures Order, among other things, approves additional sale procedures related to the Debtors' potential sale of leases, and permits landlords to submit bids in connection with their leases, including credit bids of their undisputed cure amounts.

**Limited Objection**

5. ALTO Northpoint asserts that the correct cure amount for the Lease, as of the date of filing this limited objection, is $45,138.73 ("Correct Cure Amount"), which amount includes all rent, insurance, CAM charges, real estate and sales tax due as of the Petition Date

under the Lease.

6. If the Lease is to be assumed or assumed and assigned, the Debtors or the assignee should be required to pay ALTO Northpoint the Correct Cure Amount in accordance with section 365(b) of the Bankruptcy Code, together with any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned.

7. In addition to cure costs, ALTO Northpoint is entitled to adequate assurance of future performance by any assignee under section 365(f)(2)(B) of the Bankruptcy Code. As a shopping center lease, this also requires satisfaction of the provisions of section 365(b)(3), which requires adequate assurance:

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

8. To date, ALTO Northpoint has not received any information concerning prospective assignees for the Lease, much less information sufficient to establish adequate

assurance of future performance by any such assignee. ALTO Northpoint submits that no assumption and assignment of the Lease may occur unless Debtors provide ALTO Northpoint with adequate assurance information as required under section 365(b). In addition, ALTO Northpoint objects to any proposed assumption and assignment that does not require the assignee to comply with all of the terms of the Lease, including but not limited to all usage requirements and restrictions related to the premises as required under section 365(b)(3) of the Bankruptcy Code.

## Reservation of Rights

9. ALTO Northpoint reserves the right to amend and/or supplement this objection and the Correct Cure Amount. Although the Lease Sale Procedures Order is not referenced in the Notice, ALTO Northpoint further reserves all rights and objections with respect to any sale, assumption or assignment proposed in connection therewith. All objections and reservations asserted herein apply with equal force to any proposed sale, assumption or assignment under the Lease Sale Procedures Order, to the extent applicable.

## Conclusion

**WHEREFORE**, ALTO Northpoint respectfully requests that the Court sustain this limited objection by conditioning assumption and assignment of the Lease on: (1) payment to ALTO Northpoint of the Correct Cure Amount plus any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned; and (2) provision of adequate assurance of future performance, including without

limitation as required by section 365(b)(3) of the Bankruptcy Code, and grant any other and further relief that the Court may deem appropriate.

Dated: June 20, 2023

                                              HOLLAND & KNIGHT LLP

                                              By:  /s/  Barbra R. Parlin
                                              Barbra R. Parlin, Esq.
                                              31 West 52nd Street
                                              New York, New York 10019
                                              Telephone:  (212) 513-3200
                                              Facsimile:   (212) 385-9010

                                              *Counsel to ALTO Northpoint, LP*