| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>SAUL EWING LLP<br>Turner N. Falk, Esquire<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102-2186<br>Office: (215) 972-7777<br>Fax: (215) 972-7725<br>turner.falk@saul.com<br><br>-and-<br><br>Mark Minuti, Esquire (*admitted pro hac vice*)<br>1201 N. Market Street, Suite 2300<br>P. O. Box 1266<br>Wilmington, DE 19899<br>Office : (302) 421-6840<br>Fax: (215) 421-6813<br>mark.minuti@saul.com<br><br>*Counsel for Loja WTP, LLC* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., et al., | Case No. 23-13359 (VFP) |
| Debtors. | Jointly Administered |

**LOJA WTP, LLC'S PRELIMINARY OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)(A) APPROVING THE AUCTION AND BIDDING PROCEDURES, (B) APPROVING STALKING HORSE BID PROTECTIONS, (C) SCHEDULING BID DEADLINES AND AN AUCTION, (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (E) APPROVING THE FORM APA, AND (II)(A) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS, (C) AUTHORIZING THE SALE OF ASSETS AND (D) GRANTING RELATED RELIEF**

Loja WTP, LLC ("Landlord"), by and through its undersigned counsel, hereby files this

preliminary objection (the "Objection") to the Debtors' motion seeking, *inter alia*, approval of

auction procedures and, ultimately, the sale of substantially all of their assets [D. I. 29] (the "Sale Motion"). In support of this Objection, the Landlord respectfully states as follows:

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. Landlord as landlord[1] and debtor Bed Bath & Beyond Inc. ("BBB") as tenant are parties to a Memorandum of Lease dated as of December 9, 2011 (the "Lease") for non-residential real property located in a shopping center known as Water Tower Place Shopping Center (the "Shopping Center") located at 4100 University Avenue, West Des Moines, Iowa (the "Premises"). A copy of the Lease is attached as **Exhibit A** and incorporated by reference herein.

3. The Premises is located in a "shopping center" as that term is used in 11 U.S.C. § 365(b)(3).

4. On December 9, 2011, Debtor BBB as sublandlord and debtor Buy Baby, Inc. ("Baby") as subtenant entered into a Sublease (the "Sublease") for the Premises, a copy of which is attached hereto as **Exhibit B** and incorporated by reference herein.

5. Best Buy Stores, L.P. ("Best Buy") is another tenant in the Shopping Center pursuant to written lease with Landlord (the "Best Buy Lease"). In connection with the execution of the Lease and Sublease, debtor Baby entered into a letter agreement dated October 7, 2011 (the "Best Buy Letter Agreement") with Best Buy acknowledging and agreeing to honor the use restrictions in the Best Buy Lease. A copy of the Best Buy Letter Agreement is attached as **Exhibit C** and incorporated by reference herein.

---

[1]   Landlord is the successor to the original landlord and owner of the shopping center, having purchased the shopping center and accepted an assignment of the relevant leases effective May 30, 2019.

2

6. Whole Foods Market Group, Inc. ("Whole Foods") is another tenant in the Shopping Center pursuant to written lease with Landlord (the "Whole Foods Lease"). In connection with the execution of the Lease and Sublease, debtor Baby entered into a letter agreement dated December 6, 2011 (the "Whole Foods Letter Agreement") with Whole Foods acknowledging and agreeing to honor the use restrictions in the Whole Foods Lease. A copy of the Whole Foods Letter Agreement is attached as **Exhibit D** and incorporated by reference herein.

7. There are other tenants in the Shopping Center with various "exclusive" provisions in their leases as set forth on the summary attached as **Exhibit E** and incorporated by reference herein.

8. Debtor BBB defaulted under the Lease prior to the Petition Date and failed to pay rent and other charges due for April 2023, as follows:

| | |
|---|---:|
| Real Estate Taxes | $50,383.20 |
| 2022 Lease Reconciliations | $46.11 |
| 2023 Estimated Adjustments | $992.43 |
| April Rent | $25,938.00 |
| April CAM | $2,160.14 |
| April Insurance | $470.71 |
| Total: | $79,990.59 |

9. Post-Petition Date, on or about April 28, 2023, debtor BBB paid a portion of April base rent in the amount of $6,916.80 and a portion of April CAM in the amount of $613.34, leaving a pre-Petition Date balance due of **$72,460.45** (the "Correct Cure Amount").

10. On the Petition Date, the Debtors filed the Sale Motion. On April 25, 2023, the Court entered an order [D. I. 92] (the "Bid Procedures Order") approved certain of the relief requested in the Sale Motion.

11. Pursuant to the Bid Procedures Order, on May 22, 2023, the Debtors served and filed the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [D. I. 714] (the "Contract Assumption Notice").

12. Both the Lease (1162) and Sublease (383) are listed in the Contract Assumption Notice. The Lease is listed in the Contract Assumption Notice with an incorrect cure amount of only $31,176.34.

## OBJECTION TO CURE AMOUNT

13. In order to assume the Lease, debtor BBB is required to cure defaults existing under such lease pursuant to 11 U.S.C. § 365(b)(1)(A), which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

14. As stated above, the Debtors have materially understated the amount required to cure defaults under the Lease and the Lease cannot be assumed or assumed and assigned unless the Correct Cure Amount is paid.

## RESERVATION OF RIGHTS

15. Landlord specifically reserves its rights to object to any other relief sought by the Debtors in connection with the Sale Motion and proposed assumption and assignment of the

Lease, including, without limitation, an assignee's proposed use and/or adequate assurance of future performance.

    WHEREFORE, the Landlord respectfully request that the Court deny the Sale Motion to the extent the Debtors seek to assume and assign the Lease without paying the Correct Cure Amount and grant the Landlord such other relief as is just and proper.

Dated: June 20, 2023            SAUL EWING LLP

*/s/ Turner N. Falk*
Turner N. Falk, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Office: (215) 972-7777
Fax: (215) 972-7725
turner.falk@saul.com

-and-

Mark Minuti, Esquire (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
P. O. Box 1266
Wilmington, DE 19899
Office: (302) 421-6840
Fax: (302) 421-6873
mark.minuti@saul.com

*Attorneys for Loja WTP, LLC*