**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that on **July 11, 2023, at 2:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, shall move (the "Motion") before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, in Courtroom 3B of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, (i) enlarging the period in which the Debtors may remove actions and (ii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith, authorizing the Debtors to enlarge the period of time during which the Debtors may seek removal of certain actions.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and

the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/bbby. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: June 20, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
Email:    msirota@coleschotz.com
          wusatine@coleschotz.com
          fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    joshua.sussberg@kirkland.com
          emily.geier@kirkland.com
          derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# DEBTORS' MOTION FOR ENTRY OF AN ORDER
# (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS
# MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing, but not directing, the Debtors to enlarge the period of time (the "Removal Period") set forth in rules 9027(a)(2) and (3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Debtors may seek removal of certain actions (collectively, the "Actions") pursuant to section 1452 of title 28 of the United States Code (the "Judicial Code") and Bankruptcy Rule 9027 by 120 days, up to and including November 21, 2023, without prejudice to the Debtors' right to seek additional extensions of the period within which the Debtors may remove actions; and (b) granting related relief.[2]

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court,

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration"). A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 1452 of the Judicial Code and Bankruptcy Rules 9006 and 9027.

**Background**

5. The Debtors are the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more. In addition to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond stores and their buybuy BABY stores with locations across North America. Headquartered in Union, New Jersey, Bed Bath & Beyond Inc. is a publicly traded company that currently employs approximately 14,000 non-seasonal employees.

6. The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders. Through these cases, the Debtors will immediately commence an orderly and value-maximizing wind down of their business, while marketing a sale of all or part of their business on a timeline consented to by their prepetition and DIP lenders.

7. On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 24, 2023, the Court entered an order [Docket No. 75] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On May 5, 2023, the United States Trustee for the

District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 218].

### The Actions

8. The Debtors are involved in numerous Actions commenced prepetition in various forums. On May 30, 2023, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules and Statements"), in which the Debtors identified the Actions known as of the Petition Date. The Debtors will provide notice of this Motion to each of the litigation counterparties to the Actions and will file an affidavit of service reflecting such service. Further, the Debtors may become aware of additional Actions before the close of these Chapter 11 Cases. If that occurs, the Debtors will provide prompt and proper notice to the litigation parties.

9. Since the Petition Date, the Debtors and their professionals have worked diligently on numerous time-sensitive matters critical to their restructuring efforts. Specifically, the Debtors and their professionals have focused their attention on, among other things, the following:

- stabilizing the Debtors' business operations to maximize the value of the Debtors' estates;

- addressing numerous questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest;

- engaging with the DIP Lenders and obtaining debtor-in-possession financing that is critical to ensuring uninterrupted business operations and sufficient funding for these Chapter 11 Cases;

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- preparing and filing the Schedules and Statements;

- having regular discussions with, and responding to diligence requests from, the Committee and the Debtors' key stakeholder groups;

- obtaining relief that has enabled the Debtors to continue operating their business in these Chapter 11 Cases, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications; and

- negotiating with key stakeholders regarding the form and substance of a wind-down and potential sale of some or all of the Debtors' assets.

10. Simply put, the Debtors' time and resources have been productively spent toward progressing these Chapter 11 Cases quickly and efficiently and engaging with various stakeholders so the Debtors can file and confirm a chapter 11 plan expeditiously.

11. Further, as noted above the Debtors may become aware of additional Actions in connection with the proofs of claim that are filed in these Chapter 11 Cases. Pursuant to the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584], the deadline to file proofs of claim is July 7, 2023 for non-governmental claimants and October 20, 2023 for governmental claimants. The Debtors have not yet had and will not have had the time to fully evaluate the claims that have been or will be filed in these Chapter 11 Cases and require additional time to decide which, if any, Actions they may seek to remove upon review of such claims.

## Basis for Relief

12. Section 1452 of title 28 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district

> court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

13. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides, in pertinent part: that a notice of removal may be:

> [A] notice of removal may be filed . . . only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

14. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . .with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

15. It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that " [u]nder the . . .

Rules of Bankruptcy Procedure, it is clear that the court may grant [an extension of the time limit for removal]") (citing Fed. R. Bankr. P. 9006(b)), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) ("Considered *in pari materia* with Rule 9027, Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that "the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing period of Bankruptcy Rule 9027(a)(3) beyond the thirty day period, pursuant to Bankruptcy Rule 9006(b)"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules.") (citing Fed. R. Bankr. P. 9006(b)).

16. The Debtors are seeking to extend the Bankruptcy Rule 9027(a) deadline—which in isolation would expire on July 22, 2023—to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline.

17. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the expeditious resolution of these Chapter 11 Cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the reorganization process, any chapter 11 plan, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action. To make the appropriate determination, the Debtors must analyze each Action (if any) in light of such factors.

18. To date, the Debtors' review of their books and records to determine whether any additional Actions exist remains ongoing. Since the commencement of these Chapter 11 Cases, the Debtors have been focused on addressing time-critical matters including, among other things, stabilizing their business operations, preparing the Schedules and Statements, and negotiating the terms and structure of debtor-in-possession finance and the framework for a comprehensive restructuring. The Debtors believe that the extension requested herein will provide the Debtors with the ability to make fully informed decisions concerning the removal of any Actions and will ensure that the Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner. Alternately, if such an extension is not granted, the Debtors may not become aware of Actions until after the Removal Period expires.

19. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period. Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these Chapter 11 Cases, even absent the relief requested herein. Further, if the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b). Accordingly, the Debtors submit that cause exists for the relief requested herein.

20. Courts in this district have regularly granted the relief requested herein in other large chapter 11 cases. *See, e.g.*, *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Mar. 13, 2023) (granting 90-day initial extension without prejudice to debtors' right to seek further extensions); *In re LTL Mgmt. LLC*, No. 21-30589 (MBK) (Bankr. D.N.J. Jan. 12, 2022) (granting 180-day initial extension without prejudice to debtor's right to seek further extensions);

*In re Modell's Sporting Goods*, No. 20-14179 (VFP) (Bankr. D.N.J. June 24, 2020) (granting 91-day initial extension without prejudice to debtors' right to seek further extensions); *In re Tri Harbor Holdings Corp. (f/k/a Aceto Corp.)*, No. 19-13488 (VFP) (Bankr. D.N.J. May 20, 2019) (granting 120-day initial extension without prejudice to debtors' right to seek further extensions); *In re New England Motor Freight, Inc.*, No. 19-12809 (JKS) (Bankr. D.N.J. May 1, 2019) (same). The 120-day extension requested herein is consistent with the extensions granted by the Court and other courts in this district under similar circumstances. Accordingly, the Debtors' requested extension is reasonable.

## **Reservation of Rights**

21. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Waiver of Memorandum of Law**

22. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

24. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of New Jersey; (b) the Committee; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent and counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; (m) parties to the Actions; (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: June 20, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
Email:    msirota@coleschotz.com
    wusatine@coleschotz.com
    fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    joshua.sussberg@kirkland.com
    emily.geier@kirkland.com
    derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Order**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Emily E. Geier, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Co-Counsel for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

### ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through four (4), is **ORDERED.**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Enlarging The Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to enlarge the Removal Period for filing notices of removal of the Actions by 120 days, up to and including November 21, 2023, without prejudice to the Debtors' right to seek further extensions, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a basis as set forth herein.

2. The period within which the Debtors may file a notice of removal with respect to any proceeding related to these Chapter 11 Cases is extended through and including November 21, 2023.

3. The extension granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to file notices of removal with respect to proceedings related to these Chapter 11 Cases.

4. This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5. Nothing in this Order shall be construed as modifying or terminating any stay applicable to any act, action or proceeding pursuant to section 362 of the Bankruptcy Code, or any order entered by this Court pursuant to section 105 of the Bankruptcy Code.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.