**MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.**
James W. McCartney, Esq.
2500 Plaza 5, Harborside Financial Center
Jersey City, New Jersey 07311
(201) 521-3170
JMcCartney@mcwpc.com
Counsel for Caparra Center Associates LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**OBJECTION OF CAPARRA CENTER ASSOCIATES LLC TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXCUTORY CONTRACTS AND UNEXPIRED LEASES**

Caparra Center Associates LLC ("Caparra"), by and through its undersigned attorneys, hereby files its objection to the Notice of Lease Auction and Potential Lease Sale Hearing [Doc. No. 456] and Notice to Contract parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. No. 714] (hereinafter both referred to as "Lease Sale"):

**BACKGROUND**

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 4889. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 cases is 640 Liberty Avenue, Union, New Jersey 07083.

Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. Caparra is the owner of certain nonresidential real estate known as San Patricio Plaza located in Guaynabo, Puerto Rico (the "Property").

3. On November 13, 2002, Caparra, as Landlord, entered into a Lease Agreement (the "Lease") with Bed Bath & Beyond, Inc. ("Bed Bath"), one of the Debtors, as Tenant, for the rental of approximately 40,000 square feet of store area at the Property (the "Leased Premises"). A copy of the Lease and its amendment dated December 30, 2022, is attached hereto and made a part hereof as Exhibit "A".

4. The Property is a "shopping center" within the meaning of § 365(b)(3) of the Bankruptcy Code.

5. On May 25, 2023, the Debtors filed the Notice of Lease Auction and Potential Lease Sale Hearing [Doc. No. 456], objections to which are due by July 11, 2023.

6. On June 13, 2023, the Debtors filed a Notice of Selection of Stalking Horse Bidder [Doc. No. 708], in which it notified that the Stalking Horse is Overstock.com.

7. On June 13, 2023, the Debtors filed the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. No. 714], the deadline to object to which is June 26, 2023.

8. Caparra does not object to the cure amount as stated by the Debtors at Doc. No. 714, page 12, line 418.

9. Caparra herein objects to the proposed assignment to the Successful Bidder of the Lease, as notified in Doc. No. 456 and Doc. No. 714 (hereinafter both notices referred to as "Lease Assignment Notices").

## **RELIEF REQUESTED**

10. The Lease Assignment Notices do not take into consideration that the assignment of the Lease to Overstock.com, or any similar purchaser, would breach exclusivity provisions contained in the Lease or in any other lease related to Caparra's shopping center, nor does it take into consideration that the assignment of the Lease would disrupt the tenant mix or the balance in Caparra's shopping center, in violation of § 365(b)(3) (A), (C) and (D) of the Bankruptcy Code.

11. The Lease clearly states that the Tenant shall honor certain Existing Exclusives listed in Exhibit K-1 to the Lease dated November 13, 2002 (see, Section 13 of the Lease and its Exhibit K-1 of Exhibit A hereto).

12. In said Existing Exclusives, Tenant is prohibited from subleasing or assigning its lease to any operation or conduct of a "variety store" or "junior department store" or "cut-rate store" or "discount store".

13. Section 15.1 of the Lease clearly states that Tenant could assign or sublease the Leased Premises, with prior consent of Landlord, if

"(b) the proposed assignee or sublessee proposes to use the Premises for a lawful retail use customarily found in shopping centers of no less quality or character than the Shopping Center as of the date of the Assignment/Subletting

Notice and which will not violate any of the Prohibited Uses or the Existing Exclusives; …

(d) such assignee has agreed to assume all of Tenant's obligations under this Lease from and after the date of the proposed assignment, or, if applicable, the proposed sublease reflects that it is subject to the terms and conditions of this Lease, provided that such assumption shall not affect the liability of Tenant under this Lease; …

(f) the proposed assignee's or sublessee's use would not violate any then existing primary use exclusive granted to a tenant operating in the Shopping Center." See Exhibit A hereto in, Section 15.1.

14. The Prohibited Uses, as defined in the Lease, include among others, the operation of a storage facility and the use of the Leased Premises as a "surplus" store. See Exhibit L of the Lease, attached to Exhibit A hereto.

15. The Stalking Horse has been identified as Overstock.com, which defines itself as a "tech-driven online retailer"[2]. It is our understanding that Overstock.com only operates online and sells, among other things, surplus or returned merchandise on its online marketplace that ship from its warehouses and distribution centers.

16. If the Lease is assigned to Overstock.com or any other party that could be considered a surplus store or off-price retailer, Debtor and the new "Tenant" would be in default of the Lease provisions.

17. The Lease clearly prohibits the use of the Leased Premises for storage, warehousing of any kind or "surplus" store. The assignment of the Lease to a new Tenant for the use of the Leased Premises for any of these previously listed reasons would cause Caparra to be in breach with some, if not all of its current tenants and would cause unrepairable damages to Caparra.

---

[2] About Us | Overstock.com

18. As stated before, some of Caparra's other tenants have set limitations to Caparra's use of other leasable space, of which Debtor is well aware, an example of these limitations reads as follows:

    "No other premises in the Shopping Center shall at any time contain more than (i) fifteen thousand (15,000) square feet of floor area therein used or occupied for, or devoted to, the sale or display of off-price apparel and related accessories (hereinafter referred to as a "Competing Use" and the merchandise referred to therein as the "Protected Merchandise"). The computation of such floor area shall include one half (1/2) of all floor area in any aisles, corridors or similar spaces adjacent to or abutting any racks, gondolas, shelves, cabinets, counters or other fixtures or equipment containing or used for the sale or display of the Protected Merchandise."

19. If one of Caparra's tenants defaults on the above provision, then the penalty would be the following:

    "In addition to all other remedies available to Tenant at law and in equity for a breach of the covenants contained in Paragraphs (A) and (B) of this Paragraph 4, if an occupant or tenant in the Shopping Center engages in a Competing Use or a Prohibited Use, Tenant shall be entitled to any of the following remedies on a non-exclusive basis: (i) Tenant may pay Alternate Rent (as defined in Section 4.3(B) of the lease) until such Competing Use or Prohibited Use ceases, except that Landlord shall have three (3) months to attempt cure before Tenant may pay Alternate Rent when Landlord has not consented to the Competing Use, (ii) Tenant may terminate this lease if the Competing Use or Prohibited Use continues for more than one hundred fifty (150) consecutive days by giving thirty (30) days-notice to Landlord or (iii) Tenant may seek injunctive relief to enjoin or restrain such occupant or tenant from engaging in a Competing Use or a Prohibited Use. Notwithstanding anything to the contrary contained herein, so long as Landlord is using its best efforts to diligently enforce the restrictions contained in this Paragraph 4 against any tenant or occupant engaged in the Competing Use or a Prohibited Use in violation of its lease, Tenant's termination right under this Paragraph 4(C) shall be stayed."

20. The assignment of the Lease to Overstock.com or to any other party that could be considered a surplus store or off-price retailer or pretends to use the Leased Premises as a warehouse or distribution center would be in violation of the

Lease and Tenant's obligations to other tenants and therefore the assignment would be in violation of § 365(b)(3) of the Bankruptcy Code.

21. Debtor has not provided adequate assurance that the assignee has a similar financial condition and operating performance as the Debtor had at the time it became Tenant under the Lease, as required by § 365(b)(3)(A) of the Bankruptcy Code.

22. Debtor has not provided adequate assurance that the assumption or assignment of such lease will comply with all the provisions of the Lease, including but not limited to "provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center", as required by § 365(b)(3)(C) of the Bankruptcy Code.

23. Furthermore, Debtor has not demonstrated that the assumption or assignment of the Lease will not disrupt any tenant mix or balance of Caparra's shopping center, as required by § 365(b)(3)(D) of the Bankruptcy Code.

24. Therefore, Caparra objects to the potential assignment of its lease to Overstock.com or any other potential assignee to the Lease if it does not comply with the Bankruptcy Code provisions or the Lease.

WHEREFORE, Caparra respectfully requests the entry of an order granting the relief described herein, together with such other and further relies as is just and proper.

Dated: June 21, 2023

        s/ James W. McCartney
        James W. McCartney, Esq.
        (N.J.D.C. No. JM-4571)
        (NJ Bar ID # 046801990)
        MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.
        2500 Plaza 5, Harborside Financial Center
        Jersey City, New Jersey 07311
        Tel.: (201) 521-3170
        Fax: (201) 521-3180
        Email: JMcCartney@mcwpc.com

*Attorneys for Caparra Center Associates LLC*