**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Cohen Seglias Pallas Greenhall & Furman PC**
Evan W. Rassman, Esq. (admitted *pro hac vice*)
500 Delaware Avenue, Suite 730
Wilmington, DE 19801
Telephone: 302-425-5089
Email: erassman@cohenseglias.com

**Cohen Seglias Pallas Greenhall & Furman PC**
Alexander F. Barth, Esq.
One Newark Center
1085 Raymond Boulevard, 21st Floor
Newark, NJ 07102
Telephone: 973-474-5003
Email: abarth@cohenseglias.com

*Counsel to Che Chen Liu and*
*Shu Fen Liu, Trustees of the*
*Che Chen Liu and Shu Fen Liu*
*Revocable Trust dated October 9, 2012*

---

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Cast No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# LIMITED OBJECTION OF CHE CHEN LIU AND SHU FEN LIU, AS TRUSTEES OF THE CHE CHEN LIU AND SHU FEN LIU REVOCABLE TRUST DATED OCTOBER 9, 2012, TO CURE AMOUNT IN CONNECTION WITH POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE AND RESERVATION OF RIGHTS

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

Che Chen Liu and Shu Fen Liu, Trustees of the Che Chen Liu and Shu Fen Liu Revocable Trust dated October 9, 2012 (the "Trust"), through its undersigned counsel, respectfully submits this limited objection to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 714] ("Notice"), and in support hereof states as follows:

### Background

1.    On April 24, 2023 ("Petition Date"), each of the above-captioned debtors ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.    On June 13, 2023, the Debtors filed the Notice, which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors may assume and assign to the Successful Bidder the contract or agreement listed on Exhibit A to which you are a counterparty, upon approval of the Sale Transaction." Notice, p.2 (emphasis in original).[2]

3.    Exhibit A to the Notice includes a lease with the Trust (incorrectly described on the Notice as "Che Chen and Shur Fen Liu") for the premises located at 25263 El Paseo, Mission Viejo, CA, and described in the Notice as "Lease Agreement – 25262 El Paseo, Mission Viejo, CA" ("Lease"). Exhibit A to the Notice

---

[2] Capitalized terms in the Notice have the meanings set forth in the Court's order approving bidding procedures [D.I. 92] (the "Bidding Procedures Order").

asserts that the cure costs for the Lease is $0.00.

4. In addition, on May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [D.I. 422] ("Lease Sale Procedures Order").

## Limited Objection

5. The Trust asserts that the correct cure amount for the Lease, as of the date of filing this limited objection, is $409.84 ("Correct Cure Amount"), which includes pre-Petition Date rent, real estate taxes, insurance, and CAM charges, as well as post-Petition Date CAM and insurance charges due and owing under the Lease.

6. If the Lease is to be assumed or assumed and assigned, the Debtors or the assignee shall be required to pay The Trust the Correct Cure Amount in accordance with Section 365(b) of the Bankruptcy Code, together with any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned.

7. In addition to cure costs, The Trust is entitled to adequate assurance of future performance by any assignee under Section 365(f)(2)(B) of the Bankruptcy

Code. As a shopping center lease, this also requires satisfaction of the provisions of Section 365(b)(3), which requires adequate assurance:

> (A) Of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) That any percentage rent due under such lease will not decline substantially;
>
> (C) That assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center; and
>
> (D) That assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. §365(b)(3).

8. The Trust objects to the extent any proposed assignment of the Lease fails to comply with any of the foregoing requirements under Section 365(b)(3) of the Bankruptcy Code.

### Reservation of Rights

9. The Trust further reserves the right to amend and/or supplement this objection and the Correct Cure Amount. Further, while the Lease Sale Procedures Order is not referenced in the Notice, The Trust further reserves all rights with

respect thereto. All objections and reservations asserted herein apply with equal force to any proposed sale, assumption or assignment under the Lease Sale Procedures Order, to the extent applicable.

## Conclusion

WHEREFORE, The Trust respectfully requests that the Court sustain this limited objection by conditioning assumption and assignment of the Lease on: (1) payment to The Trust of the Correct Cure Amount plus any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned; and (2) provision of adequate assurance of future performance, including without limitation as required by Section 365(b)(3) of the Bankruptcy Code, and grant any other and further relief that the Court may deem appropriate.

Respectfully submitted,

COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC

Dated: June 21, 2023        /s/Alexander F. Barth
Alexander F. Barth, Esq.
One Newark Center
1085 Raymond Boulevard, 21st Floor
Newark, NJ 07102
Telephone: 973-474-5003
Email:

-and-

5

Evan W. Rassman, Esq.
500 Delaware Avenue, Suite 730
Wilmington, DE 19801
Telephone: 302-425-5089
Email: erassman@cohenseglias.com

*Counsel to Che Chen Liu and Shu Fen Liu, Trustees of the Che Chen Liu and Shu Fen Liu Revocable Trust dated October 9, 2012*

6

8476674.1 57138-0002

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

Dated:  June 21, 2023                    /s/Alexander F. Barth
                                                                                         Alexander F. Barth, Esq.