| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**BROWN McGARRY NIMEROFF LLC**<br>A Pennsylvania Limited Liability Company<br>Jami B. Nimeroff, Esquire # 044171993<br>2 Penn Center, Suite 610<br>1500 John F. Kennedy Boulevard<br>Philadelphia, PA 19102<br>Telephone: (267) 861-5330<br>*Attorneys for Waldorf Shoppers' World, LLC* |
| *In re:*<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. |

Case No. 23-13359 (VFP)

Chapter 11

(Jointly Administered)

**OBJECTION OF WALDORF SHOPPERS' WORLD, LLC TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Waldorf Shoppers' World, LLC ("Waldorf"), by and through its undersigned attorneys, hereby files its Objection to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (the "Notice") [DI 714], and in support thereof states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

**BACKGROUND**

1. On April 23, 2023 (the "Petition Date"), the Debtors filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code" or "Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in- possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. Waldorf Shoppers World, LLC "Landlord") and one of the Debtors, Bed Bath & Beyond of Waldorf, Inc. ("Tenant") are parties to that certain Lease Agreement dated as of September 9, 1997 (as amended and/or modified, collectively the "Lease"), with respect to premises consisting of approximately 36,424 square feet located at 3270 Crain Highway, Waldorf, MD 20603 ("Premises") in the shopping center known as Waldorf Shoppers' World in Waldorf, MD ("Shopping Center"), which is Store #169.

3. Over the years, the original Lease Agreement was amended a number of times, with the most recent amendment being Amendment No. 4, which is dated as of March 14, 2022. Amendment No. 4 to the Lease contains a number of substantive changes including an extension of the Lease term (the "Extension Term") and a Tenant surrender of one Renewal Option, as defined in the Lease. Amendment No. 4 also provides that the annual Fixed Rent during the Extension Term for any Tenant who is not one of the Debtors reverts to $364,240, which is based on $10.00 per square foot.

4. The Premises is a "shopping center" within the meaning of § 365(b)(3) of the Bankruptcy Code.

5. On June 13, 2023, the Debtors filed the Cure Notice in connection with a potential assumption and assignment of the Lease, among other unexpired nonresidential real property

leases. As it relates to the Lease, the Cure Notice states no cure amount. *See* Cure Notice, #2157, p. 43 of 46.

6. The Cure Notice also states as follows:

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Executory Contract or Unexpired Lease, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Executory Contract or Unexpired Lease, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction.

7. Landlord hereby objects to (i) the proposed Cure Payments, (ii) any proposed assignment and assumption of the Lease and (iii) adequate assurance of any proposed Successful Bidder's ability of future performance of the Lease and reserves all of its rights as to a potential assumption or assumption and assignment of the Lease.

## Objection to Proposed Cure Amount

8. In order to assume the Lease, the Debtors are required to cure defaults existing under such lease pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

9. The current breakdown of monthly Fixed Rent invoiced and required to be paid by Tenant as of the 1st of every month is as follows:[2]

|  |  |
|---|---|
| Base Rent | $24,282.67 |
| CAM/INS escrow | 4,619.96 |
| **TOTAL** | **$28,902.63** |

10. Tenant has generally been paying its monthly Fixed Rent as it comes due. However, depending on the effective date of any proposed assumption (or assumption and assignment) of the Lease, such monthly Fixed Rent may be due or overdue and thus should be included in any cure payment to be made to Landlord, as necessary or appropriate. Landlord's cure should include rent and other charges arising after the filing of this Objection including July 2023 monthly rent and other charges.

11. Moreover, Tenant remains obligated to Landlord for additional sums under the Lease, including but not limited to real property taxes, CAM, insurance and related charges, which either will come due after the date of this Objection or for which the actual amount due will not be known until a future date after the anticipated date of assumption (or assumption and assignment).

12. For example, the real estate tax year runs from July through June. Some time during the month of July 2023, Landlord will receive the annual tax bill for the period July 1, 2023 through June 30, 2024, which is required to be paid by September 30, 2023. Pursuant to the Lease, Tenant is required to pay its entire pro rata share of the real estate taxes for this coming tax year <u>upon receipt of the invoice</u> from Landlord which will be sent to Tenant in August 2023. Tenant's <u>estimated</u> share of the real estate taxes for the upcoming tax year from July 1, 2023 through June 30, 2024 is $46,300, which must be paid to Landlord on or before

---

[2] As noted above in paragraph 3, the annual Fixed Rent for any proposed assignee who is unrelated to the Debtors is $364,240, which is based on $10.00 per square foot.

4

September 1, 2023. Landlord will know Tenant's true share of the real estate taxes once it receives the annual tax bill from the county in July 2023 and invoices Tenant in August 2023. Since it is not clear what the effective date will be of any proposed assumption or assumption and assignment, Tenant's portion of the real estate tax bill for the upcoming tax year must be paid by either the Debtors or any proposed assignee of the Lease in connection with assumption and/or assumption and assignment.

13. In addition, CAM and insurance charges are billed on a calendar year basis. For 2023, it is possible that Tenant could owe Landlord additional sums after reconciliation occurs after the end of the year. The obligation to pay any such amounts must be addressed by either the Debtors or any proposed assignee of the Lease in connection with any assumption or assumption and assignment of the Lease.

**Objection to Proposed Assumption and Assignment**

14. At this time, no assumption or assumption and assignment of the Lease has been proposed and thus, Landlord does not have information as to the terms of any proposed assumption or assumption and assignment of the Lease. Therefore, Landlord objects thereto and reserves all of its rights.

15. Also, as a point of clarity, the Debtors (or any assignee) must take the Lease as it is, with all existing benefits and burdens. Amendment No. 4 to the Lease provides that the annual Fixed Rent during the Extension Term for any Tenant who is not one of the Debtors reverts to $364,240, which is based on $10.00 per square foot. Any proposed assumption and assignment to a non-Debtor assignee must recognize this annual Fixed Rent reversion.

16. Moreover, the Lease contains broad indemnification obligations of Tenant which may not become known until after the assumption and assignment of the Lease. Any

proposed assumption and assignment must provide for the assignee to inherit the responsibility for the indemnity obligations existing under the Lease.

### Objection to Adequate Assurance of Future Performance

17. The Debtors may not assume and assign the Lease unless they demonstrate adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(C); *see also* 11 U.S.C. § 365(f)(2). The provision of adequate assurance of future performance is an affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under Section 365.

18. In this case, the Lease is a shopping center lease and, as such, the Bankruptcy Code requires more than the basic adequate assurance of future performance of the Lease under Section 365(b)(1)(C). In order to assume and assign shopping center leases, the Debtors must satisfy the heightened requirements set forth in 11 U.S.C. § 365(b)(3)(A)-(D).

19. At this time, no assumption or assumption and assignment of the Lease has been proposed and thus, Landlord does not have any information as to the identity of any Successful Bidder with respect to the Lease or any proposed terms. Therefore, Landlord objects to adequate assurance of future performance pursuant to 11 U.S.C. §365(b) and reserves all of its rights, including as to credit enhancement under section 365(l) of the Code.

### RESERVATION OF RIGHTS

20. Landlord specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption (or assumption and assignment) of the Lease, including, without limitation, the terms of assignment and an assignee's proposed adequate assurance of future performance.

21.  Landlord reserves the right amend or supplement this Objection as to the cure amount or any other issue raise herein.

22.  Lastly, the Lease contains provisions for recovery of attorneys' fees and costs in the event Landlord is required to take legal action to protect its interests. Landlord reserves all of its rights to recovery of its attorneys' fees incurred in connection with any proposed assumption or assumption and assignment of the Lease.

WHEREFORE, Waldorf Shoppers' World, LLC respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

**BROWN McGARRY NIMEROFF LLC**
**A Pennsylvania Limited Liability Company**

By: */s/ Jami B. Nimeroff*
Jami B. Nimeroff #044171993
Two Penn Center, Suite 610
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania  19102
(267) 861-5330

*Attorneys for Waldorf Shoppers' World, LLC*

Dated:  June 22, 2023

## CERTIFICATE OF SERVICE

I, Jami B. Nimeroff, hereby certify that on this 22nd day of June, 2024 I caused a true and correct copy of the foregoing to be electronically filed with the Court using the CM/ECF System and to be served upon all parties requesting service therefrom. I further certify that I caused a true and correct copy of the foregoing to be served upon the following via electronic mail:

Joshua A. Sussberg, P.C.
Emily E. Geier, P.C.
Derek I. Hunter, Esquire
Ross J. Fiedler, Esquire
**Kirkland & Ellis LLP**
601 Lexington Avenue
New York, New York 10022
Joshua.sussberg@kirkland.com
Emily.geier@kirkland.com
Derek.hunter@kirkland.com
*Counsel to the Debtors*

Michael D. Sirota, Esquire
Warren A. Usatine, Esquire
Felice R. Yudkin, Esquire
**Cole Schotz P.C.**
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-counsel to the Debtors*

David M. Hillman, Esquire
Megan R. Volin, Esquire
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036
DHillman@proskauer.com
MVolin@proskauer.com
*Counsel to the DIP Agent*

Marshall S. Huebner, Esquire
Adam L. Shpeen, Esquire
Steven Z. Szanzer, Esquire
Michael Pera, Esquire
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, New York 10017
marshall.huebner@davispolk.com
adam.shpeen@davispolk.com
steven.szanzer@davispolk.com
michael.pera@davispolk.com
*Counsel to the Prepetition ABL Agent*

Fran B. Steele, Esquire
**Office of the United States Trustee for Region 3**
District of New Jersey
Raymond Boulevard, Suite 2100
Newark, NJ 07102
Fran.b.steele@usdoj.gov

Robert J. Feinstein, Esquire
Bradford J. Sandler, Esquire
Paul J. Labov, Esquire
Colin R. Robinson, Esquire
**Pachulski Stang Ziehl & Jones LLP**
780 Third Ave., 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com
*Counsel to Creditors' Committee*

Scott K. Charles, Esquire
Michael S. Benn, Esquire
Gordon S. Moodie, Esquire
**Wachtell Lipton Rosen & Katz**
51 West 52nd Street
New York, NY 10019
SKCharles@wlrk.com
MSBenn@wlrk.com
GSMoodie@wlrk.com
*Counsel to Stalking Horse Bidder*

Dated: June 22, 2023                                BROWN McGARRY NIMEROFF LLC

                                                    */s/ Jami B. Nimeroff*
                                                    Jami B. Nimeroff

2