**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, NJ 07068
(973) 622-1800
Sari B. Placona (splacona@msbnj.com)
*Counsel to Central Transport, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BED BETH & BEYOND INC., *et al*.,<br><br>Debtors.<sup>1</sup> | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**CENTRAL TRANSPORT, LLC'S OBJECTION TO NOTICE TO**
**CONTRACT PARTIES TO POTENTIALLY ASSUMED**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Central Transport, LLC ("Central Transport"), through counsel, for its Objection to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases ("Cure Notice") [ECF No. 714] states:

1. Central Transport provided transportation and logistics services to Debtor Bed Bath & Beyond Inc.

2. Central Transport and Debtor Bed Bath & Beyond Inc. are parties to a Less Than Truckload (LTL) Transportation Agreement dated February 1, 2014, that was last amended in August 2022.

3. The Cure Notice identifies two contracts between Debtors and Central Transport subject to assumption and assignment with a cure amount of $0: (i) Central2021 - LTLAgreement

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

- fully executed; and (ii) Central2021 - LTLAmend - fully executed.

4. Central Transport cannot ascertain with specificity what contracts the Cure Notice is referring to and presumes Debtors are identifying the 2014 Less Than Truckload (LTL) Transportation Agreement, as amended. The cure amount listed on the Cure Notice is incorrect. Central Transport is owed $139,590.51 related to unpaid pre-petition transportation services. The documentation supporting the cure amount is voluminous and Central Transport will provide a copy to Debtors' counsel upon request.

## OBJECTION

5. Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and provide adequate assurance of future performance under the contract. *See* 11 U.S.C. §365(b)(1); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("In order for a debtor to assume a contract under § 365(b)(1), it must: (1) cure existing default or provide adequate assurance that cure will promptly occur, 365(b)(1)(A); (2) compensate any party to the agreement that has suffered actual pecuniary loss as a result of default, or provide adequate assurance of prompt compensation to the injured party, § 365(b)(1)(B); and (3) provide adequate assurance of future performance under the agreement before assumption will be permitted, § 365(b)(1)(c)."). This includes both pre-petition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

6. The cure amount owing to Central Transport is $139,590.51 and not $0 as listed in the Cure Notice.

7. Debtors have not provided adequate assurance of future performance under the contracts it proposes to assume and assign. Debtors appear to be relying upon payment of cure costs as evidence of adequate assurance of future performance, but such an argument is circular,

and renders moot the separate requirement of § 365(b)(1)(C). [ECF No. 92, Page 11 of 120]. While adequate assurance of future performance falls short of an absolute guaranty of performance, there must be evidence satisfactory to the court that the proposed assignee possesses the financial wherewithal to perform all of the obligations under the agreement at issue. *See In re RS Legacy Corp.*, Nos. 15-10197 (BLS), 1947, 2414, 2015 Bankr. LEXIS 2206, at *2 (Bankr. D. Del. June 25, 2015).

8. Central Transport reserves the right to amend, supplement, or otherwise modify this Objection, and to raise further objections to the assumption and assignment or cure amounts with respect to any contract between Central Transport and Debtors.

**WHEREFORE**, Central Transport requests that the Court sustain this Objection and grant Central Transport such additional relief that is just and equitable.

> **McMANIMON, SCOTLAND
> & BAUMANN, LLC**
> *Counsel to Central Transport, LLC*
>
> By: */s/ Sari B. Placona*
>      Sari B. Placona

Dated:  June 22, 2023