LAW OFFICES
CHARLES A. GRUEN
Michael Korik, Esq.
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone No.: (201) 342-1212
Facsimile No.: (201) 342-6474
Email: mkorik@gruenlaw.com

J. Seth Moore, Esq. (*pro hac vice* application forthcoming)
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel:  214.265.3852
E-mail: smoore@condontobin.com

*Counsel to JMCR Sherman*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND, INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**JMCR SHERMAN, LP'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

JMCR Sherman, LP ("JMCR"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Debtors Motion for Entry of an Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief* (the "Motion") (ECF No. 644). In support of the Objection, JMCR states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

**BACKGROUND**

1. JMCR is the landlord and Bed Bath and Beyond, Inc. ("Debtor" or "Tenant") on a lease of non-residential real property dated October 2, 2003 in Sherman, Texas (the "Lease"). A true and correct copy of the Lease is attached to the affidavit of Robert Dozier filed in support of this Objection (the "Dozier Affidavit"). The Dozier Affidavit is incorporated by reference as if fully set forth herein.

2. Prior to the bankruptcy filing, on April 10, 2023, JMCR and Debtor entered into a termination agreement (the "Termination Agreement"), which terminated the Lease effective April 30, 2023. A true and correct copy of the Termination Agreement is attached to the Dozier Affidavit.

3. On June 7, 2023, the Debtor filed the Motion seeking to assume, assign, and sell certain leasehold interests, including the terminated Lease.

**OBJECTION**

4. JMCR objects to the Motion because the Lease is expired and thus cannot be assumed and assigned pursuant to section 365 of the Bankruptcy Code. Section 365(a) provides that the Debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Here, an agreement was reached pre-petition between JMCR and Tenant such that the Lease terminated on April 30, 2023, and thus not "unexpired" as required by section 365(a). "If the contract has expired by its own terms, there is nothing left for the trustee or D.I.P. to assume or reject." *Matter of Howard Indus., Inc.*, 56 B.R. 5 (Bankr. D.N.J. 1985) [citing 2 Collier on Bankruptcy ¶ 365.02 (15th ed. 1979)].

5. Section 365 of the Bankruptcy Code further provides that the Debtor may not assume or assign the Lease if "such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. §

365(c)(3). The Lease is clearly a nonresidential lease and the Termination Agreement was executed by the Debtor and JMCR prior to the petition date.

6. The Debtor voluntarily entered into the Termination Agreement pre-petition, vacated the space prior to the agreed upon early termination date for the Lease, and ceased to pay rent after the early termination date. By all of its actions, the Debtor has acknowledged the Lease ended on April 30, 2023. The Debtor cannot now assume and assign the Lease under section 365.

WHEREFORE, PREMISES CONSIDERED, JMCR objects to the Motion, and asks that it be denied with respect to the Lease, and asks that the Court grant JMCR such other and further relief to which it may be justly entitled.

Dated: June 22, 2023                         **LAW OFFICES CHARLES A. GRUEN**

                                             By:/s/ Michael Korik

                                             Michael Korik, Esq.
                                             381 Broadway, Suite 300
                                             Westwood, New Jersey 07675
                                             Tel: (201) 342-1212
                                             Fax: (201) 342-6474
                                             Email: mkorik@gruenlaw.com

                                                - AND -

                                             J. Seth Moore, Esq. Pro Hac Vice to be filed
                                             8080 Park Lane, Suite 700

Dallas, Texas 75231  
Tel:   (214)265-3852  
Fax:   (214)691-6311  
Email:smoore@condontobin.com

*Counsel for JMCR Sherman*

**CERTIFICATE OF SERVICE**

      I, Michael Korik, hereby certify that on June 22, 2023, I caused a true and correct copy of the foregoing *JMCR Sherman LP's Objection to Debtors' Motion for Entry of an Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief*, to be filed with the Court and served electronically through the Court's ECF System.

                                                        **/s/Michael Korik**