**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------- X

In re

BED BATH & BEYOND INC., *et al.,*

Debtors.[1]

------------------------------------------------------- X

Chapter 11

Case No. 23-13359 (VFP)

(Joint Administration)

**LIMITED OBJECTION OF CANDLEWOOD LAKE ROAD, LLC AND**
**R&F GARDEN CITY, LLC TO DEBTORS' PROPOSED CURE AMOUNTS ON**
**NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Candlewood Lake Road, LLC, as assignee of R&F Danbury, LLC ("Candlewood") and R&F Garden City, LLC ("R&F," and, collectively with Candlewood, the "Landlords"), by and through their undersigned counsel, submit this limited objection (the "Limited Objection") to the proposed cure costs set forth on Exhibit A of the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt. No. 714] (the "Cure Notice") filed by Bed Bath & Beyond, Inc., *et al.* (the "Debtors"). In support of the Limited Objection, the Landlords state as follows:

**INTRODUCTION**

The Debtors seek to establish the cure costs for the assumption of certain leases with the Landlords in connection with the Debtors' chapter 11 cases. Subject to satisfying the adequate assurance of future performance requirement, the Landlords do not generally oppose assumption

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

and/or assignment, but file this Limited Objection to reserve their rights to receive a full cure, which must include all amounts due and owing to the Landlords.

## BACKGROUND

1. The Landlords are the owners of retail spaces, including the locations listed on the attached Exhibit A (collectively, the "Leased Premises") where the debtors lease retail space pursuant to written leases (each a "Lease" and, collectively, the "Leases").

2. On April 23, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On June 13, 2023, the Debtors filed the Cure Notice, which states that the Debtors may assume and assign certain leases, including the Leases, and lists proposed cure amounts for such leases. The cure amounts listed in the Cure Notice are included on Exhibit A, attached hereto, in the column titled "Debtors' Proposed Cure Amount."

5. The Debtors Cure Notice further provides that the deadline to object to the Cure Notice is June 26, 2023, at 5:00 p.m. (prevailing Eastern Time) (the "Cure Objection Deadline").

## OBJECTION

6. The Landlords dispute the Debtors' proposed cure amounts. The correct cure amounts for the Leases are set forth on Exhibit A, attached hereto, in the "Total Landlord Cure Amount" column, which also includes an estimate of attorneys' fees incurred to date. The Landlords reserve the right to amend the cure amounts to include additional amounts that may

continue to accrue and any other obligations that may arise and/or become known to the Landlords prior to assumption and assignment of the Leases.

7. Pursuant to the Leases, the Debtors are obligated to pay regular installments of fixed monthly rent, as well as a share of common area maintenance ("CAM") costs, real estate taxes, and insurance. Further, a cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid, including late fees and charges pursuant to the agreement. *In re New Investments, Inc.*, 840 F.3d 1137 (9th Cir. 2016). So, the Landlords are entitled to, among other things, any rent costs, CAM costs, and late fees accrued as part of the Debtors' obligations under the agreements.

8. In addition, prior to assumption of the Leases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Leases and compensate the Landlords for any actual pecuniary loss, including, but not limited to, the payment of attorneys' fees incurred in connection with the Debtors' default. *See* 11 U.S.C. §365(b)(1)(B); *LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary losses, the Landlords are entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Leases.

9. Finally, the Debtors are required to demonstrate adequate assurance of future performance by any assignee as a precondition to the assignment. The Landlords reserve the right

to object to the assignment of their respective Leases based on the proposed assignees' failure to provide adequate assurance of future performance.

## CONCLUSION

Therefore, the Landlords object to the Cure Notice to the extent it misstates the amount necessary to cure the arrearages under the Leases, and the Landlords requests that the Court enter an order conditioning the assumption and assignment of the Leases on the Debtors or the proposed assignee promptly paying the cure amounts set forth in the column titled "Total Landlord cure Amount" on Exhibit A attached hereto, including any additional pecuniary losses suffered by the Landlords, including reasonable attorneys' fees.

Respectfully Submitted,

**THOMPSON COBURN HAHN & HESSEN LLP**

By: */s/ Jose A. Fernandez*
**Mark T. Power**
**Jose A. Fernandez** (NJ Bar No. 135982014)
488 Madison Avenue, 15th Floor
New York, New York 10022
Phone: 212-478-7200
Fax: 212-478-7400
mpower@thompsoncoburn.com
JFernandez@thompsoncoburn.com

*Counsel for Landlords Candlewood Lake Road, LLC, as assignee of R&F Danbury, LLC and R&F Garden City, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 22, 2023, a true and correct copy of the foregoing *Limited Objection of Candlewood Lake Road, LLC and R&F Garden City, LLC to Debtors' Proposed Cure Amounts on Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* was served via the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey to all parties registered to receive such notice. In addition, the parties below were served via email or U.S. Mail:

Counsel to the Debtors:
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Joshua A. Sussberg (joshua.sussberg@kirkland.com)
Emily E. Geier (emily.geier@kirkland.com)
Derek I. Hunter (derek.hunter@kirkland.com)
Ross J. Fiedler (ross.fiedler@kirkland.com)

Co-counsel to the Debtors:
Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com)
Warren A. Usatine, Esq. (wusatine@coleschotz.com)
Felice R. Yudkin, Esq.(fyudkin@coleschotz.com)

Counsel to the Prepetition ABL Agent:
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Attn: Marshall S. Huebner (marshall.huebner@davispolk.com)
Adam L. Shpeen (adam.shpeen@davispolk.com)
Steven Z. Szanzer (steven.szanzer@davispolk.com)
Michael Pera (michael.pera@davispolk.com)

Counsel to the DIP Agent:
Proskauer Rose LLP,
Eleven Times Square
New York, NY 10036

Attn: David M. Hillman (DHillman@proskauer.com)
Megan R. Volin (MVolin@proskauer.com)

Counsel to the Official Committee of Unsecured Creditors:
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com)
Beth E. Levine (blevine@pszjlaw.com)

Office of the United States Trustee for Region 3
District of New Jersey
Raymond Boulevard, Suite 2100
Newark, NJ 07102
Attn: Fran B. Steele (Fran.B.Steele@usdoj.gov)

THOMPSON COBURN HAHN & HESSEN LLP

*/s/ David H. Reinhart*
David H. Reinhart