**CIARDI, CIARDI & ASTIN**
Albert A. Ciardi III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
215-557-3550
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

**MURPHY & KING, P.C.**
Kathleen R. Cruickshank (*pro hac vice* pending)
28 State Street, Suite 3101
Boston, MA 02109
617.423.0400
kcruickshank@murphyking.com

*Attorneys for Rainier Colony Place Acquisitions, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH AND BEYOND INC., *et.al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | Jointly Administered |

**LIMITED OBJECTION OF RAINIER COLONY PLACE ACQUISITIONS, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL REAL PROPERTY LEASE AND RESERVATION OF RIGHTS**

Rainier Colony Place Acquisitions, LLC ("**Rainier**"), by and through their undersigned counsel, respectfully submits this limited objection (the "**Limited Objection**") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [docket # 714] (the "**Notice**") filed by the Debtors in the above-captioned cases (collectively, the "**Debtors**"). In support of this Objection,[1] Rainier respectfully represents:

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Court's order approving bidding procedures [docket # 92] (the "**Bidding Procedures Order**").

## Background

1. On April 23, 2023 (the "Petition Date'), each of the above-captioned debtors (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. Rainier is the owner of certain nonresidential real estate known as Colony Place, located at Routes 3 and 44 in Plymouth, Massachusetts (the "**Property**"). The Property is a "shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code.

3. Rainier as lessor and the Debtor Bed Bath & Beyond, Inc. as lessee are parties to a lease agreement (the "**Lease**") for certain retail premises at the Property (the "**Premises**").

4. On June 13, 2023, the Debtors filed the Notice, which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the contract or agreement listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transaction." *Notice*, p. 2 (emphasis contained in original).

5. In the Exhibit A to the Notice, the Debtors have included the Lease at number 1570. The Notice states that the cure cost associated with assumption of the Lease is $0.

6. On May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [docket no. 422] (the "**Lease Sale Procedures Order**"). Among other things, the Lease Sale Procedures Order approves certain procedures with respect to the Debtors' potential sale of its leases.

## Limited Objection

7. Rainier asserts that the cure amount for the Lease is $4,817.44 (the "**Rainier Cure Amount**"), which amount includes all rent, insurance, CAM charges, real estate and sales tax due as of the Petition Date under the Lease.

8. If the Lease is assumed or assumed and assigned, the Debtors or the assignee are required to pay Rainier the Rainier Cure Amount pursuant to Bankruptcy Code section 365(b), and any additional amounts that have accrued under the Lease through the date upon which the Lease is assumed or assumed and assigned.

9. In addition to payment of the Rainier Cure Amount, Rainier is entitled to adequate assurance of future performance by any assignee pursuant to Bankruptcy Code section 365(f)(2)(B). Moreover, as the Premises are located in a shopping center, the assignee must satisfy the provisions of Bankruptcy Code section 365(b)(3), which requires adequate assurance:

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

10. Rainier has not received any information with respect to any prospective assignees for the Lease. As such, it has not received information constituting adequate assurance of any assignee's future performance under the Lease.

11. No assumption or assumption and assignment of the Lease may occur unless the Debtors provide Rainier with the adequate assurance information pursuant to Bankruptcy Code section 365(b). Further, Rainier objects to any proposed assumption that does not require any assignee to comply with all of the terms of the Lease, including but not limited to all usage requirements and restrictions related to the Premises in accordance with section 365(b).

## Reservation of Rights

12. Rainier reserves the right to amend and/or supplement this Limited Objection and the Rainier Cure Amount. Further, although the Lease Sales Procedures Order is not referenced in the Notice, Rainier reserves all rights and objections with respect to any sale, assumption and/or assignment in connection with the Lease Sale Procedures Order. To the extent applicable, the objections and reservation of rights set forth herein shall also apply to any proposed sale, assumption and/or assignment under the Lease Sale Procedures Order.

[remainder of page intentionally left blank]

**WHEREFORE,** Rainier respectfully requests that the Court (a) sustain the Limited Objection; (b) condition the assumption or assumption and assignment of the Lease upon: (i) payment to Rainier of the Rainier Cure Amount and any other amounts which have accrued under the Lease prior to the date upon which the Lease is assumed or assumed and assigned; and (ii) provision of adequate assurance of future performance, including without limitation, such adequate assurance required by Bankruptcy Code section 365(b)(3); and (c) grant such other relief as is just and proper.

Dated: June 23, 2023

**CIARDI, CIARDI & ASTIN**

By: */s/ Nicole M. Nigrelli*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
Telephone: (215) 557-3550
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

-and-

**MURPHY & KING, PROFESSIONAL CORPORATION**
Kathleen R. Cruickshank (*pro hac vice* pending)
28 State Street, Suite 3101
Boston, Massachusetts 02109
Tel:  (617) 423-0400
kcruickshank@murphyking.com

*Counsel to Rainier Colony Place Acquisitions, LLC*