**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1(b)

Jerrold S. Kulback, Esq.
**ARCHER & GREINER, P.C.**
1025 Laurel Oak Road
Voorhees, NJ  08043-3506
Telephone: (856) 795-2121
Facsimile: (856) 795-0574
Email: jkulback@archerlaw.com

Vanessa P. Moody, Esq.
Brendan M. Gage, Esq.
**GOULSTON & STORRS PC**
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone: (617) 574-6483
Facsimile: (617) 574-7561
Email: vmoody@goulstonstorrs.com
         bgage@goulstonstorrs.com

*Counsel for Hingham Launch Property LLC*

| | |
|---|---|
| In re: | Case No. 23-13359 |
| Bed Bath & Beyond Inc., et al., | Chapter 11 |
| Debtors.[1] | Judge: Hon. Vincent F. Papalia |

**LIMITED OBJECTION OF HINGHAM LAUNCH PROPERTY LLC TO PROPOSED CURE AMOUNT IN CONNECTION WITH POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE, AND RESERVATION OF RIGHTS**

Hingham Launch Property LLC (the "Landlord")[2], through its undersigned counsel, respectfully submits this limited objection and reservation of rights ("Limited Objection") with

---

1   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

2   Capitalized terms used, but not otherwise defined herein shall have the meaning given to them in the Bid Procedures Order (as hereinafter defined).

227374157 v1

respect to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "Cure Notice") filed by the above-captioned debtors (the "Debtors") on June 13, 2023, in connection with the Debtors' Bid Procedures Order (as defined below) for the sale of substantially all of their assets (the "General Sale Process"). While Landlord does not generally oppose the General Sale Process, the Proposed Cure Amount (as hereinafter defined) for Landlord's unexpired lease with the Debtors is incorrect and Landlord is submitting this Limited Objection for the limited purpose of asserting the correct amount of the cure claim to which it is entitled to be paid in connection with the assumption and assignment of its lease under section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). In support of this Limited Objection, Landlord hereby states as follows:

## Background

1. On April 23, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. As of the date hereof, Landlord, as landlord (as successor-in-interest to Samuels & Associates Hingham LLC), and Debtor Bed Bath & Beyond Inc. ("BBBY"), as tenant, are parties to that certain Lease Agreement dated as of November 23, 2007 (as amended from time to time, the "Hingham Lease"), pursuant to which BBBY leases certain nonresidential real property located in the shopping center commonly known as The Launch at Hingham Shipyard in Hingham, Massachusetts. The Hingham Lease is a lease "of real property in a shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086–87 (3d Cir. 1990).

3. On April 25, 2023, the Court entered that certain *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling*

2

227374157 v1

*Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Docket No. 92] (the "Bid Procedures Order"), pursuant to which the Court established procedures for the General Sale Process.

4. On June 13, 2023, the Debtors filed the Cure Notice, which identifies (a) those leases that may be assumed and assigned to a Successful Bidder (as defined in Exhibit 1 to the Bid Procedures Order), and (b) the Debtors' proposed cure amounts with respect to such leases. The Cure Notice reflects a proposed cure amount for the Hingham Lease of $0.00 (the "Proposed Cure Amount").

5. On June 14, 2023, Landlord's counsel contacted Debtors' counsel regarding the Proposed Cure Amount and provided an aging report in support of Landlord's calculation of the correct cure amount with respect to the Hingham Lease as being at least $34,525.62 (plus attorney's fees). While Debtors' counsel has indicated that they are working with BBBY to resolve cure amounts, including those under the Hingham Lease, to date, neither the Debtors nor Debtors' counsel has indicated that they disagree with Landlord's calculations.

**Cure Objection**

6. The Debtors' Proposed Cure Amount is incorrect. The actual arrearages (exclusive of attorney's fees) currently owed under the Hingham Lease through the date of this Limited Objection are at least $34,525.62. Attached hereto as **Exhibit A** is a detailed summary of the outstanding unpaid rent and charges (exclusive of attorneys' fees) due under the Hingham Lease as of the date of this Limited Objection.

3

7. Landlord objects to the Proposed Cure Amount as it does not reflect the correct amount of arrearages under the Hingham Lease and does not account for pecuniary losses, reconciliations and other charges or any indemnity obligations under the Hingham Lease. Section 365 of the Bankruptcy Code conditions a debtor's assumption of an unexpired lease on the debtor's curing, or providing adequate assurance that the debtor shall promptly cure, all defaults upon assumption. 11 U.S.C. § 365(b)(1)(A); *see also In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("Because the Bankruptcy Code also recognizes the interest of the landlord in realizing the benefit of the bargain struck with the tenant, albeit under brighter financial circumstances, in order to assume the lease, the trustee must cure any remaining defaults under the contract or lease.").

8. In addition to the cure of monetary defaults, Landlord is entitled under section 365(b)(1)(B) of the Bankruptcy Code to be reimbursed for its pecuniary losses in the form of attorney's fees and costs required to be reimbursed under the Hingham Lease.

9. Landlord is entitled to be reimbursed for reasonable attorney's fees under Section 16.1 of the Hingham Lease (requires the Debtors to compensate Landlord for pecuniary losses arising from a default), and additionally under Section 23.7 of the Hingham Lease (prevailing party provision). *See, e.g.*, *In re Westworld Cmty. Healthcare, Inc.*, 95 B.R. 730, 733 (Bankr. C.D. Cal. 1989) ("attorneys' fees constitute a pecuniary loss resulting from debtors (sic) default pursuant to 11 U.S.C. § 365(b)(1)(B), and such fees must be recompensed by the debtor before it may assume its lease"); *In re Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) ("section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties"); *In re F & N Acquisition Corp.*, 152 B.R. 304, 308 (Bankr. W.D. Wash. 1993) (collecting cases). The Debtors' defaults under the Hingham Lease, as well as the actions taken by Debtors in these cases, have caused Landlord to incur pecuniary losses in the form of reasonable

4

attorney's fees and expenses in an amount at least equal to $10,000.00.  The terms of the Hingham Lease (as well as section 365(b)(1)(B) of the Bankruptcy Code), require the Debtors to reimburse Landlord for such reasonable attorney's fees and expenses incurred.

10.     In addition, Landlord is entitled to payment of any amounts that are billed or become due under the Hingham Lease after the date hereof including, without limitation, any year-end additional rent true-up amounts and other reconciliations that may later be billed by Landlord and shall be payable by the Debtors or their assignee under the Hingham Lease (collectively, "Lease Reconciliations").  Any order approving the assumption (and assignment, as the case may be) of the Hingham Lease should contain express language that the successful buyer/assignee shall be liable to pay any and all Lease Reconciliations as, and when, they become due and payable under the Hingham Lease, regardless of when such rent or other charges initially accrued under the Hingham Lease.

11.     In Section 12.4.8 of the Hingham Lease, BBBY is obligated to indemnify and hold harmless Landlord from and against a variety of losses relating to, *inter alia*, personal injury, property damage, environmental and other claims.  Consequently, the Debtors remain responsible for losses arising from events which may have occurred before the assumption of the Hingham Lease, but which may not be asserted or made known to Landlord (and possibly the Debtors) until after the Hingham Lease is assumed.  Claims for indemnity may include, but are not limited to, claims for personal injuries at the premises subject to the Hingham Lease, where a Landlord is joined as a party defendant, and damage and destruction to such premises by the Debtors or their agents, or their respective employees or contractors.  Accordingly, any order approving the sale of the Debtors' assets and approving the assumption or assignment or both of the Hingham Lease should contain express language that the successful buyer shall remain liable to pay any and all

227374157 v1

indemnification obligations as, and when, they become due and payable under the Hingham Lease, regardless of when they arose.

### Adequate Assurance Objection

12. As of the filing of this Limited Objection, the Debtors have not designated a Successful Bidder or assignee of the Hingham Lease. Landlord reserves the right to object to any assumption or assignment, or both of the Hingham Lease on adequate assurance or any other grounds. Section 365(f)(2)(B) provides that a debtor may assume and assign a lease only if "adequate assurance of future performance by the assignee of such . . . lease is provided . . . ." The Hingham Lease is a shopping center lease. Thus, the Debtors and/or any assignee must satisfy the heightened standards and conditions to assignment set forth under section 365(b)(3) of the Bankruptcy Code.

13. To date, Landlord has not received any indication that a third party has bid on the Hingham Lease or any adequate assurance information with respect to such a third party. Accordingly, Landlord expressly reserves the right to object to adequate assurance concerning the proposed stalking horse bidder or any other potential assignee (or the reorganized Debtors, if the Hingham Lease is assumed but not assigned). Further, if the successful bidder does not possess sufficient operating experience or capitalization sufficient to demonstrate adequate assurance of future performance under the Hingham Lease, Landlord reserves the right to request that the Court order the assignee to provide some type of security or guaranty as part of its adequate assurance of future performance demonstration, as required by Section 365(*l*) of the Bankruptcy Code.

### Reservation of Rights

14. Landlord reserves its right to supplement this Limited Objection with additional charges, obligations and costs (including without limitation attorney's fees and expenses and unpaid post-petition rent and charges) that may arise under the Hingham Lease prior to the

6

227374157 v1

effective date of any assumption or assignment of the Hingham Lease.  Nothing herein shall be interpreted as consent by Landlord to the assumption of a Lease and all objections and defenses to any request by the Debtors to assume or assume and assign the Hingham Lease is expressly preserved.

## **Joinder**

15.    In addition to the foregoing, Landlord further joins in the objections filed by the Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Limited Objection (or any subsequent resolution of Landlord's objection).

[*remainder of page intentionally left blank; signature page follows*]

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) allowing the cure claim of Landlord in the amount of not less than $34,525.62 (unless earlier resolved by agreement of the parties), and further awarding and directing payment of pecuniary losses in the form of Landlord's attorney's fees and costs in an amount not less than $10,000.00 (or as otherwise agreed), (ii) requiring that all Lease Reconciliations shall be paid as, and when, they become due and payable under the Hingham Lease, regardless of when they arose, (iii) requiring that all indemnification claims of Landlord shall be paid as, and when, they become due and payable under the Hingham Lease, regardless of when they arose, (iv) requiring the Debtors and any proposed assignee to demonstrate adequate assurance of future performance under section 365(b)(3) of the Bankruptcy Code, and (v) granting to Landlord such other and further relief as the Court deems just and proper.

Dated: June 23, 2023                                **ARCHER & GREINER, P.C.**

*/s/ Jerrold S. Kulback*
Jerrold S. Kulback, Esq.
1025 Laurel Oak Road
Voorhees, NJ  08043-3506
Telephone: (856) 795-2121
Facsimile: (856) 795-0574
Email: jkulback@archerlaw.com

- and -

Vanessa P. Moody, Esq.
Brendan M. Gage, Esq.
**GOULSTON & STORRS PC**
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone: (617) 574-6483
Facsimile: (617) 574-7561
Email: vmoody@goulstonstorrs.com
            bgage@goulstonstorrs.com

*Counsel for Hingham Launch Property LLC*

8

227374157 v1