**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*

**MCELROY, DEUTSCH, MULVANEY**
**& CARPENTER, LLP**
David P. Primack, Esq.
Bar I.D. No. 230612016
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
Telephone: (302) 300-4515
E-mail: dprimack@mdmc-law.com

*Attorneys for Landlords listed below*

In re:

BED BATH & BEYOND INC., *et al.*,[1]

Debtors.

Chapter 11
(Jointly Administered)

Case No. 23-13359 (VFP)

## OBJECTION TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

TKG Woodmen Commons, LLC, MCS-Lancaster DE LLP, GKT Shoppes at Legacy Park and Grand Mesa Center, LLC (collectively, the "Landlords"), by their undersigned counsel, submit this limited objection (the "Objection") to the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] ("Cure Notice"), and respectfully state as follows::

1. On April 23, 2023, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Court"). This Court entered its order authorizing the joint administration and procedural consolidation of these Chapter 11 cases.

2. No trustee or examiner has been appointed and Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. Prior to the Petition Date, Debtors leased retail space from Landlords pursuant to unexpired leases of nonresidential real property (the "Leases"). The Leases are leases "of real property in a shopping center" for purposes of 11 U.S.C. § 365(b)(3).

4. On April 25, 2023, the Court issued its *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A)Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Docket No. 92] (the "Bidding Procedures Order").

5. Pursuant to Bidding Procedures Order, on June 13, 2023, the Debtors filed the Cure Notice listing the cure amounts (the "Cure Amounts") relating to the Leases according to the Debtors' books and records.

## OBJECTION

6. Landlords object to the Cure Amounts as they are inaccurate according to Landlords' books and records. The following table lists the Leases with Cure Amounts and the correct Cure Amounts from the Landlords' books and records:

| **Store Number** | **Landlord** | **Debtors' Cure Amount** | **Correct Cure Amount** |
|---|---|---|---|
| 200 | TKG Woodmen Commons, LLC | $28,839.29 | $29,448.85 |

| Store Number | Landlord | Debtors' Cure Amount | Correct Cure Amount |
|---|---|---|---|
| 1331 | MCS-Lancaster DE LLP | $7,032.29 | $53,740.40 |
| 1409 | GKT Shoppes at Legacy Park | $0 | $3,258.33 |
| 471 | Grand Mesa Center, LLC[2] | $28,374.52 | $361,589.00 |

7. Further, the Debtors' Cure Amounts do not take into consideration the passage of time between the filing of the Cure Notice and the effective date of any assumption and assignment of the Leases by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption and assignment of the Leases, and (ii) cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption and assignment by the Debtors. See 11 U.S.C. § 365(b)(1).

8. Debtors' Cure Amounts do not include amounts that may become due under the Leases after the Leases are assumed and assigned, but which may relate to the pre-assumption and assignment period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing cure amounts in connection with the assumption and assignment of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the Debtors' Cure Amounts.

9. Leases provide that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after the assumption and assignment of the Leases (i.e., personal injury claims, damage to the leased premises or shopping

---

[2] This lease is also subject to a pending motion *Debtors' Motion For Entry Of An Order (I) Authorizing The Sale Of Certain Unexpired Leases Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (II) Approving Assumption And Assignment Of Certain Unexpired Leases; And (III) Granting Related Relief* [Docket No. 644], for which Grand Mesa Center, LLC filed its *Objection to the Cure Amounts in Debtors' Sale Motion* [Docket No. 775].

center caused by the Debtors or their agents). Any order approving the assumption and assignment of the Leases must provide that the assumption and assignment is pursuant to the terms of the Leases, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

10. In the event that the Debtors or any proposed assignee of the Leases proposes an alternate use of any of the premises, then Landlords reserve their rights to object to any such proposed use.

11. To the extent not inconsistent with the arguments raised herein, Landlords join in the objections of other landlords.

12. Landlords hereby reserve their rights to make such other and further objections as may be appropriate to the Leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

13. For the reasons set forth above, Landlords respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Leases affirmatively requires the Debtors to pay all amounts accrued but not yet billed including attorneys' fees and expenses, if appropriate; and (iii) grant Landlords such further relief as it deems proper.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: June 23, 2023

*/s/ David P. Primack*
David P. Primack, Esq. (#230612016)
300 Delaware Avenue, Suite 1014
Wilmington, DE 19801
Telephone: 302-300-4515
Facsimile: 302-645-4031
E-mail: dprimack@mdmc-law.com

*Counsel to Landlords*