| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**Greenbaum Rowe Smith & Davis LLP**<br>**David L Bruck Esq.**<br>**99 Wood Avenue South**<br>**Iselin, New Jersey 08830**<br>**Telephone: 732 549 5600**<br>dbruck@greenbaumlaw.com<br><br>**Counsel to Chenal Place Properties LLC** | |
| In re:<br><br>Bed Bath & Beyond, Inc., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359-VFP<br><br>(Joint Administration Requested) |

**OBJECTION BY LANDLORD CHENAL PLACE PROPERTIES, LLC TO DEBTORS' PROPOSED CURE AMOUNT AND OTHER RELIEF**

Chenal Place Properties, LLC (the "Landlord"), by and through its undersigned attorneys, hereby files its objection to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. No. 714].

**BACKGROUND**

1. The Landlord owns real property located at 12309 Chenal Parkway, Suite A, Little Rock, Arkansas, 72211 (the "Leased Property"), which has been leased to Bed Bath & Beyond, Inc. ("BBB"). The Agreement of Lease, as amended from time to time, is attached hereto as **Exhibit A** and incorporated herein by reference.

2. The Lease involves a shopping center.

3. On April 23, 2023, the above captioned debtors (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code.

4. On June 13, 2023, the Debtors filed a Notice to Contract Parties to Potentially Assumed Contracts and Unexpired Leases (the "Notice"). The Notice provides the cure amounts

for all unexpired leases and executory contracts that the Debtors plan to assume and/or assign in the bankruptcy proceeding.

5. On page 13 of the Notice, at Item # 457, BBB states that the cure amount owed to the Landlord is $5,421.25.

6. Landlord objects to the Notice. Section 365(b) and 365(f)(2)(B) govern the obligations a debtor has when seeking to assume or assign a lease. BBB has failed to comply with the requirements of these two sections by (1) failing to correctly state or propose adequate cure amounts to cure BBB's defaults under the Lease; (2) failing to provide adequate assurances that BBB will cure said defaults; and (3) failing to provide adequate assurance of future performance under the Lease.

7. At the commencement of the case, there was a credit on BBB's account in the amount of $2,773.10. A copy of the statement evidencing this credit amount is attached hereto as **Exhibit B** and is incorporated herein by reference. The Notice should be modified to provide the correct cure amount due to the Landlord.

8. In addition to misstating the cure amount, the Notice also fails to address BBB's additional defaults under the Lease.

9. Specifically, BBB has defaulted under the Lease by permitting a materialman's lien to be filed and remain on the Leased Property.

10. On December 22, 2022, Place Services, Inc. provided BBB with certain furnishing materials and labor that were used in the construction of the interior and exterior model of Store 228, a BBB store located on the Leased Property and leased to BBB by Landlord pursuant to the Lease.

11. On January 19, 2023, Place Services, Inc. filed a materialman's lien against the

8538639.1

Leased Property based on the services provided to BBB. A copy of the materialman's lien is attached hereto as **Exhibit C** and is incorporated herein by reference.

12. Pursuant to paragraph 55 of the Lease, BBB is required to discharge the materialman's lien within 30 days of the lien being filed.

13. Paragraph 55 of the Lease provides, "Within thirty (30) days after notice of the filing thereof, [BBB] shall discharge (either by payment or by filing of the necessary bond, or otherwise) any lien against the Premises and/or Landlord's interest therein, which may rise out of any payment due for, or purported to be due for, any labor, services materials, supplies or equipment alleged to have been furnished to or for [BBB] in, upon or about the Premises."

14. BBB has failed to comply with its obligations under Paragraph 55 of the Lease.

15. Paragraph 18 of the Lease provides BBB will have defaulted under the Lease if, "default should be made in any of the other covenants of this Lease on [BBB] part to be performed, and [BBB] does not cure such default on or before the thirtieth (30th) day after its receipt of written notice thereof from [L]andlord specifying the nature of such default."

16. On March 21, 2023, Landlord provided notice that BBB had defaulted under paragraphs 18 and 55 of the Lease by failing to discharge Place Service's Inc.'s materialman's lien from the Leased Property within 30 days of it being placed. A copy of the notice to BBB is attached hereto as **Exhibit D** and is incorporated herein by reference.

17. After receiving notice, BBB was required to have the lien discharged from the Leased Property on or before April 20, 2023.

18. BBB has failed to have the materialman's lien discharged from the Leased Property.

19. BBB defaulted under the terms of the Lease by failing to discharge the materialman's lien discharged from the Leased Property within 30 days of receiving notice of the

8538639.1

default.

20. Before assuming the Lease, as provided in the Lease, BBB must cure all its defaults, including discharging the materialman's lien that currently encumbers the Leased Property.

21. Furthermore, since the Leased Property is a shopping center, BBB is required to comply with the provisions found in Section 365(b)(3) of the Bankruptcy Code. Because BBB has failed to identify the entity to whom the Lease will be assigned, there is no way for the Landlord or the Court to determine whether the requirements of Section 365(b)(3) have been met.

22. BBB has not provided adequate assurances that the assignee of the Lease will have a similar financial condition and operating performance as BBB had at the time it became the tenant under the Lease, as required by Section 365(b)(3)(A) of the Bankruptcy Code.

23. The Lease contains restrictions as to the Leased Premises. *See* Paragraph 7(c) and Exhibit J to the Lease.

24. Until a successful bidder is identified, there can be no assurances that the assignee will comply with the restrictions within the Lease.

25. Landlord reserves the right to supplement, modify or amend this objection and make such other objections as may be necessary to any proposed assumption and assignment of the Lease.

WHEREFORE, Chenal Place Properties, LLC respectfully requests that the approval of the assumption of the Lease be conditioned upon (1) correction of the stated cure amount to align with the amount reflected in Paragraph 7 of this Objection; (2) identification of the future bidder prior to approval so that Chenal Place Properties, LLC can determine whether it has adequate assurances of future performance; (3) compliance by the assignee with the restrictions included in the Lease regarding uses of the Leased Property; and (4) such other relief as the Court finds

8538639.1

appropriate under the circumstances.

        Respectfully submitted,

        Greenbaum Rowe Smith & Davis LLP
        Counsel to Chenal Place Properties LLC

        */s/ David L. Bruck*
        David L Bruck

Dated: June 23, 2023

8538639.1