**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bed Bath + Beyond Inc
650 Liberty Ave.
Union, NJ 07083
Attn: David Kastin

9590 9402 7884 2234 2744 01

2. Article Number (Transfer from service label)

7021 2720 0001 7398 1789

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _CD9H_     ☐ Agent
             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 3/24

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**EXHIBIT D**

**Quattlebaum, Grooms & Tull PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY
4100 Corporate Center Drive
Suite 310
Springdale, Arkansas 72762

Philip A. Elmore
pelmore@qgtlaw.com

(479) 444-5200
Writer's Direct Dial
(479) 444-5203
Writer's Direct Facsimile
(479) 444-5253

March 21, 2023

***Via U.S. Certified Mail,***
***Return Receipt Requested***

Bed Bath & Beyond Inc.
650 Liberty Avenue
Union, NJ 07083
Attn: David Kastin

Re: Notice of Default and Demand for Cure under Lease Agreement dated November 18, 1998 (as amended, the "Lease") between Chenal Place Properties, LLC, successor-in-interest to West Group, LLC ("Landlord") and Bed Bath & Beyond Inc. ("Tenant") regarding Real Property Located at 12309 Chenal Parkway, Suite A, Little Rock, Arkansas 72211 ("Store 228").

Dear Mr. Kastin:

I am writing to you on behalf of my client Landlord concerning a materialmen's lien recorded on the above-referenced property by general contractor Place Services, Inc. ("PSI") as a result of being unpaid by Tenant in the amount of $44,202.21 for furnishing materials and/or providing labor used in the construction of the interior and exterior model of Store 228, an existing Bed Bath & Beyond store located on the property and leased to Tenant by Landlord pursuant to the Lease.

Landlord first received notice of PSI's recorded materialmen's lien on January 24, 2023, when PSI provided a copy to Landlord after the lien was recorded. Landlord immediately reached out to Tenant's corporate counsel Kathryn O'Connell and asked for an update on how Tenant planned on handling PSI's recorded lien and informed Ms. O'Connell that resolution of the lien dispute was critical. In response, Ms. O'Connell assured Landlord on January 26 that the $44,202.21 Tenant owed to PSI was "in process for payment." Landlord heard nothing further until January 30, when Tenant informed Landlord that a "missing invoice" had been uploaded to Tenant and that Tenant expected payment and a release of PSI's lien during the weekend of February 4-5, 2023.

Tenant never informed Landlord that the PSI lien had been discharged. On February 28, 2023, I emailed Ms. O'Connell directly and informed her that the lien remained recorded on the property and demanded Tenant have the PSI lien discharged by payment or bond by Tuesday, March 7. To date, PSI's lien has not been discharged.

Pursuant to Section 55 of the Lease, Tenant "**shall** discharge (either by payment or by filing of the necessary bond, or otherwise) **any** lien against the Premises and/or Landlord's interest therein, which may arise out of any payment due for, or purported to be due for, any labor, services, materials, supplies or equipment alleged to have been furnished to or for Tenant in, upon or about the Premises" within thirty (30) days after notice of the filing thereof. *See* Lease, at § 55 (emphasis added).

Landlord provided Tenant notice of PSI's lien in its email to Tenant's corporate counsel on January 24, 2023. Tenant failed to discharge the lien either through payment or bond within thirty days of its first receipt of notice from Landlord concerning PSI's lien. Pursuant to Section 18(a) of the Lease, an "Event of Default" by Tenant occurs when Tenant defaults on "any of the … covenants of this Lease on Tenant's part to be performed" and Tenant "does not cure such default on or before the thirtieth (30th) day after its receipt of written notice thereof from Landlord specifying the nature of such default." *See* Lease, at § 18(a). Upon an "Event of Default," Landlord shall have all remedies given to it at law or in equity, including (upon provision of at least five (5) days' notice to Tenant) termination of the Lease, termination of Tenant's right to possession, and re-entering the Premises and taking possession thereof. *See* Lease, at § 18(b)(ii). Landlord will also have the right to sue for and collect all damages to Landlord by reason of Tenant's default, including all costs Landlord incurs in removing and storing Tenant's or other occupant's property, the costs of repairs to the property, and all other reasonable expenses incurred by Landlord in enforcing or defending its rights and/or remedies under the Lease, including reasonable attorneys' fees. See Lease, at § 18(c).

This letter serves as Landlord's written notice that Tenant's failure to discharge the PSI lien by either payment or bond constitutes a default of Tenant's obligations under the Lease. Demand is hereby made that Landlord cure said default through discharge of the PSI lien within thirty (30) days from the date of Tenant's receipt of this written notice. If Tenant fails to discharge the PSI lien after its thirty (30) day cure period expires, Landlord will deem Tenant's failure to constitute an "Event of Default" under Section 18 of the Lease. Landlord will then exercise any and all remedies available to it under both the Lease and applicable law, including but not limited to terminating the Lease and instituting legal proceedings against Tenant to evict Tenant from the property and recover its damages incurred from Tenant's failure to discharge the PSI lien, which will include Landlord's costs and attorneys' fees.

Thank you for your prompt and immediate attention to this matter. I look forward to hearing from Tenant about how it plans to meet its contractual obligations and discharge the PSI lien.

Sincerely,

QUATTLEBAUM, GROOMS & TULL PLLC

*/s/ Philip A. Elmore*
Philip A. Elmore

PAE/ldh

2

cc: Allan N. Rauch, Esq. (c/o Bed Bath & Beyond Inc., 650 Liberty Ave., Union, NJ 07083)
　　Edward M. Schotz, Esq. (c/o Cole Schotz, PC, P.O. Box 800, Hackensack, NJ 07602)
　　Kathryn O'Connell, Esq. (via email only)