| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| OFFIT KURMAN, P.A.<br>By: Paul J. Winterhalter, Esquire (006961986)<br>100 Eagle Rock Avenue, Suite 105<br>East Hanover, NJ 07936<br>Telephone: (267) 338-1370<br>Facsimile: (267) 338-1335<br>E-mail: pwinterhalter@offitkurman.com<br><br>*Counsel for*<br>*Saul Holdings Limited Partnership* | |
| In re:<br><br>BED, BATH & BEYOND, INC.,<br><br>                *Debtor*. | Chapter 11<br><br>Case No. 23-13359<br><br>Judge: Vincent F. Papalia |
| | **CURE OBJECTION<br>OF SAUL HOLDINGS LIMITED<br>PARTNERSHIP** |

# CURE OBJECTION OF SAUL HOLDINGS LIMITED PARTNERSHIP
**(Store #164)**

Saul Holdings Limited Partnership ("Saul"), by and through its counsel, hereby objects to the Debtors' stated cure amount, and in support states:

1.    Saul is the lessor for real property known as Store #164 located at 2848 NW 63rd Street, Oklahoma City, OK 73116 (the "Premises") located at French Market Shopping Center in Oklahoma City, Oklahoma (the "Center"), pursuant to that certain Lease Agreement dated September 12, 1997 (as amended and/or modified) (the "Lease").

2. On June 13, 2023, the Debtors filed their Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases (the "Notice") (ECF No. 714).

3. On Exhibit A to the Notice, Debtors assert that the Cure Amount for the Lease is $0 (the "Alleged Cure Cost").

4. The actual current monetary Cure Amount due under the terms of the Lease is $170,043.12 (through June of 2023), consisting of the following (the "Actual Cure Amount"):

| | |
|---|---|
| Prorated rent for April 1, 2023 – April 22, 2023[1] | $35,112.22 |
| Amounts due as a result of mechanic's lien filed by Federal Heath Sign Company LLC | $44,371.80 |
| Amounts due as a result of mechanic's lien filed by Advanced Systems, Inc. | $88,059.10 |
| Attorneys' Fees | $2,500.00 |
| **TOTAL** | **$170,043.12** |

5. With respect to the above-referenced mechanic's liens, Saul provided notice to Debtor Bed Bath & Beyond Inc. on April 14, 2023 ("Saul's Notice"), that it must take all steps necessary to remove or satisfy the mechanic's liens within thirty (30) days in accordance with Section 54 of the Lease, which provides:

> Whenever and as often as any lien arising out of or in connection with any work performed, materials furnished or obligations incurred by or on behalf of Tenant shall have been filed against the Premises or the Shopping Center, or if any materials, machinery, fixtures used in the construction, repair or operation thereof, or annexed thereto by Tenant, Tenant shall forthwith take such action by bonding, deposit or payment as will remove or satisfy the lien or conditional bill of sale within thirty (30) days of Landlord's written request therefor."

A true and correct copy of the Saul's Notice is attached hereto as **Exhibit 1**.

6. Furthermore, 11 U.S.C. § 365(b)(1)(B) requires compensation to Saul for sums incurred for attorneys' fees in connection with the bankruptcy case. Saul requests $2,500.00 as reasonable attorneys' fees associated with the possible assumption and assignment of the Lease.

---

[1] Debtors paid Saul for the pro-rated post-petition portion of rent for April of 2023.

7. Finally, Saul asserts that Debtors must remove certain portable storage units from the common areas of the Center. On June 5, 2023, Saul notified Debtors that the tenant was in default of the Lease, by its use of the common areas of the Center for storage outside the Premises by placing five portable storage units in the common areas. Saul's June 5, 2023 letter demanded removal by July 5, 2023, and the tenant has not yet complied. Pursuant to 11 U.S.C. § 365(b)(1)(A), the failure to remove the storage units is a default that is not impossible to cure, thus making it a default that must be cured. Alternatively, assuming *arguendo* that this default is "impossible for the trustee to cure," the default constitutes a "failure to operate in accordance with a non-residential real property lease," which "shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of [11 U.S.C. § 365(b)(1)(A)]."

**WHEREFORE**, Saul respectfully requests that the Court condition the proposed assumption and assignment upon the prompt payment of the Actual Cure Amount and the removal of the five portable storage units.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By:   */s/ Paul J. Winterhalter*
PAUL J. WINTERHALTER
100 Eagle Rock Avenue, Suite 105
East Hanover, NJ 07936
Telephone: (267) 338-1370
Facsimile: (267) 338-1300
E-mail: pwinterhalter@offitkurman.com

*Counsel for Saul Holdings Limited Partnership*

Dated: June 23, 2023

4868-6637-3740, v. 1