**CIARDI, CIARDI & ASTIN**
Albert A. Ciardi III, Esquire
Nicole M. Nigrelli, Esquire
52 Haddonfield-Berlin Road, Suite 1000
Cherry Hill, NJ 08034
856.362.2001
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

**MURPHY & KING, P.C.**
Kathleen R. Cruickshank (*pro hac vice* pending)
28 State Street, Suite 3101
Boston, MA 02109
617.423.0400
kcruickshank@murphyking.com

*Attorneys for The Anna Mscisz Trust*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH AND BEYOND INC., *et.al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | Jointly Administered |

### LIMITED OBJECTION OF THE ANNA MSCISZ TRUST TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL REAL PROPERTY LEASE AND RESERVATION OF RIGHTS

The Anna Mscisz Trust (the "**Trust**"), by and through their undersigned counsel, respectfully submits this limited objection (the "**Limited Objection**") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [docket # 714] (the "**Notice**") filed by the above-captioned debtors in the above-captioned Chapter 11 cases

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

(collectively, the "**Debtors**"). In support of this Objection,[2] the Trust respectfully represents:

## Background

1. On April 23, 2023 (the "Petition Date'), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**").

2. The Trust is the owner of certain nonresidential real estate known as Endicott Square located at 180 Endicott Street in Danvers, Massachusetts (the "**Property**"). The Property is a "shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code.

3. The Trust, as lessor, and the Debtor Bed Bath & Beyond, Inc., as lessee, are parties to a Lease Agreement (as amended, the "**Lease**") for certain retail premises at the Property (the "**Premises**").

4. On June 13, 2023, the Debtors filed the Notice, which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the contract or agreement listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transaction." *Notice*, p. 2 (emphasis contained in original).

5. In the Exhibit A to the Notice, the Debtors have included the Lease at number 152. The Notice states that the cure cost associated with assumption of the Lease is $0.

6. On May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [docket no. 422] (the "**Lease Sale Procedures Order**"). Among other things, the Lease Sale Procedures Order approves certain procedures with respect to the Debtors' potential sale of its

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Court's order approving bidding procedures [docket # 92] (the "**Bidding Procedures Order**").

2

leases.

## Limited Objection

7. The Trust asserts that the cure amount for the Lease is $594 (the "**Trust Cure Amount**"), which amount includes all rent, insurance, CAM charges, real estate and sales tax due as of the Petition Date under the Lease.

8. If the Lease is assumed or assumed and assigned, the Debtors or the assignee are required to pay the Trust Cure Amount to the Trust pursuant to Bankruptcy Code section 365(b), and any additional amounts that have accrued under the Lease through the date upon which the Lease is assumed or assumed and assigned.

9. In addition to payment of the Trust Cure Amount, the Trust is entitled to adequate assurance of future performance by any assignee pursuant to Bankruptcy Code section 365(f)(2)(B). Moreover, as the Premises are located in a shopping center, the assignee must satisfy the provisions of Bankruptcy Code section 365(b)(3), which requires adequate assurance:

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

10. The Trust has not received any information with respect to any prospective assignees for the Lease. As such, it has not received information constituting adequate assurance

of any assignee's future performance under the Lease.

11. No assumption or assumption and assignment of the Lease may occur unless the Debtors provide the Trust with the adequate assurance information pursuant to Bankruptcy Code section 365(b). Further, the Trust objects to any proposed assumption that does not require any assignee to comply with all of the terms of the Lease, including but not limited to all usage requirements and restrictions related to the Premises in accordance with section 365(b).

## Reservation of Rights

12. The Trust reserves the right to amend and/or supplement this Limited Objection and the Trust Cure Amount. Further, although the Lease Sales Procedures Order is not referenced in the Notice, the Trust reserves all rights and objections with respect to any sale, assumption and/or assignment in connection with the Lease Sale Procedures Order. To the extent applicable, the objections and reservation of rights set forth herein shall also apply to any proposed sale, assumption and/or assignment under the Lease Sale Procedures Order.

**WHEREFORE,** The Trust respectfully requests that the Court (a) sustain the Limited Objection; (b) condition the assumption or assumption and assignment of the Lease upon: (i) payment to the Trust of the Trust Cure Amount and any other amounts which have accrued under the Lease prior to the date upon which the Lease is assumed or assumed and assigned; and (ii) provision of adequate assurance of future performance, including without limitation, such adequate assurance required by Bankruptcy Code section 365(b)(3); and (c) grant such other relief as is just and proper.

*[Signatures on next page]*

Dated: June 23, 2023

**CIARDI, CIARDI & ASTIN**

By: */s/ Albert Ciardi, III*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
52 Haddonfield-Berlin Road, Suite 1000
Cherry Hill, NJ 08034
Telephone: (856) 362-2001
Aciardi@cierdilaw.com
nnigrelli@ciardilaw.com

-and-

**MURPHY & KING, PROFESSIONAL CORPORATION**

Kathleen R. Cruickshank (*pro hac vice* pending)
28 State Street, Suite 3101
Boston, Massachusetts 02109
Tel: (617) 423-0400
kcruickshank@murphyking.com

*Counsel to The Anna Mscisz Trust*