<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FROST BROWN TODD LLP**
Jordan S. Blask, Esq. (NJ I.D. #JB4173)
501 Grant Street, Suite 800
Pittsburgh, PA 15219
Tel: (412) 513-4300
Fax: (412) 513-4299
Email: jblask@fbtlaw.com
    --and--
Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
(Admitted *pro hac vice*)
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
E-mail: rgold@fbtlaw.com


*Counsel to WPG Legacy, LLC*

</td><td>

Chapter 11

Case No. 23-13359

Hon. Judge Vincent F. Papalia

(Jointly Administered)

</td></tr>
<tr><td>

In Re:

Bed Bath & Beyond Inc., *et al.*,[1]

Debtors.

</td><td></td></tr>
</table>

**OBJECTION AND RESERVATION OF RIGHTS OF WPG LEGACY, LLC TO THE (I)
NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED SALE**

WPG Legacy, LLC f/k/a Washington Prime Group Inc. ("WPG"), as the managing agent

for the landlords set forth herein (the "WPG Landlords"), by its undersigned counsel, hereby files

this objection and reservation of rights (this "Objection") to the above-captioned debtors' (the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the
Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website
of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor
Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is
650 Liberty Avenue, Union, New Jersey 07083.

"Debtors") *Notice to Contract Parties to Potentially Assumed Contracts and Unexpired Leases* [Docket No. 714] (the "Assumption Notice") and the Proposed Sale (defined herein).[2] In support of this Objection, WPG respectfully states:

## BACKGROUND

1.      On April 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (this "Court").

2.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      The Debtors and the WPG Landlords are parties to those certain unexpired leases of nonresidential real property (the "WPG Leases") involving the Debtors' retail stores (the "Leased Premises") identified below:

| Store No. | Shopping Center |
|-----------|-----------------|
| 1149 | Empire East in Sioux Falls, South Dakota |
| 108 | Forest Plaza in Rockford, Illinois |
| 523 | Gaitway Plaza in Ocala, Florida |
| 571 | Lakeline Plaza in Cedar Park, Texas |
| 1326 | Pearlridge Center in Aiea, Hawaii |
| 1157 | Southgate Mall in Missoula, Montana |
| 564 | Village Park Plaza in Carmel, Indiana |
| 251 | Whitehall Mall (BBBY) in Whitehall, Pennsylvania |
| 3026 | Whitehall Mall (Baby) in Whitehall, Pennsylvania |

4.      All of the Leased Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081,

---

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Assumption Notice or Bidding Procedures Order (defined herein), as applicable.

1086-87 (3rd Cir. 1990).

5.          On April 23, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) (A) Approving the Auction and Bidding Procedures, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II) (A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases and (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Docket No. 29] (the "Bidding Procedures Motion") pursuant to which the Debtors sought, among other things, entry of an order establishing bid procedures for the sale (the "Proposed Sale") of substantially all of the Debtors' assets and procedures for the assumption and assignment of the Debtors' unexpired leases.

6.          On April 25, 2023, this Court entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Approving Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief* [Docket No. 92] (the "Bidding Procedures Order") which, among other things, approved the Bidding Procedures and procedures for (i) filing objections to the Proposed Sale and (ii) providing notice to lease counterparties of assumption and assignment of any unexpired leases in connection with the Proposed Sale.

7.          As contemplated by the Bidding Procedures Order, on June 13, 2023, the Debtors filed the Assumption Notice which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the Proposed Sale, including the WPG Leases. Pursuant to the Assumption Notice, the Debtors propose the following cure amounts for the WPG Leases (the "Proposed Cure Amount"):

| Store No. | Shopping Center | Proposed Cure Amount |
|---|---|---|
| 1149 | Empire East | $0 |
| 108 | Forest Plaza | $18,424.66 |
| 523 | Gaitway Plaza | $10,841.14 |
| 571 | Lakeline Plaza | $0 |
| 1326 | Pearlridge Center | $0 |
| 1157 | Southgate Mall | $0 |
| 564 | Village Park Plaza | $0 |
| 251 | Whitehall Mall (BBBY) | $0 |
| 3026 | Whitehall Mall (Baby) | $0 |
| | **TOTAL** | **$29,265.80** |

8.      Pursuant to the Assumption Notice, the Cure Objection Deadline is June 26, 2023 at 5:00 p.m. (ET).

9.      On June 13, 2023, the Debtors filed the *Notice of Selection of Stalking Horse Bidder* [Docket No. 708] providing notice that the Debtors selected Overstock.com, Inc. to act as the Stalking Horse Bidder for certain of the Debtors' assets.

10.     On June 22, 2023, the Debtors filed the *Notice of Successful Bidder and Backup Bidders With Respect to the Stalking Horse Bid and June 21, 2023 Auction* [Docket No. 877] (the "Notice of Successful Bidder") identifying Overstock.com, Inc. as the successful bidder for the Debtors' IP assets and mobile platform (subject to certain exclusions), and JOWA Brands LLC as the backup bidder solely with respect to certain IP assets associated with the Debtors' Wamsutta brand, and Ten Twenty Four, Inc. as the backup bidder solely with respect to the Debtors' Beyond.com assets.

11.     On June 23, 2023, the Debtors filed the *Notice of Phase 1 Lease Auction, Qualified Bids, Lease Sale Hearing, and Related Lease Asset Information* [Docket No. 905] (the "Auction Notice"). Pursuant to the Auction Notice, the Debtors will not assume or assume and assign any Lease Assets to Overstock.com, Inc. Notwithstanding the foregoing, WPG files this Objection out of an abundance of caution to preserve and reserve its rights.

**OBJECTION**

12.    Although WPG does not object to the Debtors' right to sell substantially all of the Debtors' assets, WPG does object to any Proposed Sale to the extent that such sale seeks to impair, limit and/or modify WPG's rights under the WPG Leases, the Bankruptcy Code and applicable law. Moreover, any assumption of the WPG Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the WPG Leases, including, but not limited to, paying all amounts due and owing under each of the WPG Leases through the effective date of the assumption of the WPG Leases and providing adequate assurance of future performance information to WPG in accordance with the terms of the Bidding Procedures Order.

A. **WPG Objects to the Proposed Cure Amount**

13.    The Proposed Cure Amount is not accurate and will not cure all amounts due and owing to WPG under the WPG Leases. As of the date of this Objection, the aggregate cure amount owing under the WPG Leases is $292,916.71 (the "WPG Cure Amount").[3] Attached hereto and incorporated herein as **Exhibit A** are schedules containing an itemization of the amounts due and owing under each of the WPG Leases. For ease of reference, below is a chart summarizing the WPG Cure Amount:

| Store No. | Shopping Center | WPG Cure Amount |
|---|---|---|
| 1149 | Empire East | $38,158.00 |
| 108 | Forest Plaza | $34,811.01 |
| 523 | Gaitway Plaza | $1,870.36 |
| 571 | Lakeline Plaza | $47,347.74 |
| 1326 | Pearlridge Center | $65,818.88 |

---

[3] The WPG Cure Amount includes $2,000.00 in attorneys' fees. WPG is entitled to attorneys' fees as part of the WPG Cure Amount for the WPG Leases, as the WPG Leases specifically provide for the recovery of such fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by WPG in enforcing its rights under the WPG Leases must be paid as part of any assumption of the WPG Leases. *See id.*

| 1157 | Southgate Mall | $80,573.62 |
| 564 | Village Park Plaza | $0.00 |
| 251 | Whitehall Mall (BBBY) | $1,522.36 |
| 3026 | Whitehall Mall (Baby) | $20,814.74 |

14.     The WPG Cure Amount represents the amounts currently due and owing to WPG under the WPG Leases. The WPG Cure Amount may increase prior to any actual date of assumption and assignment of the WPG Leases if the Debtors do not pay all amounts that accrue after the date of this Objection, and any taxes, common area maintenance and other amounts that may come due, pursuant to the terms of the WPG Leases, and regardless of when those amounts accrued.

15.     WPG notes that the WPG Leases impose certain indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against WPG in connection with the WPG Leases.  Each of these indemnification and contribution covenants and obligations must be assumed, paid, and otherwise cured if the WPG Leases are to be assumed and assigned as part of the Proposed Sale. WPG objects to the Proposed Cure Amount to the extent that it fails to include amounts related to the indemnification and contribution covenants and obligations for which the Debtors are responsible to WPG under the WPG Leases.

16.     In connection with the assumption and assignment of the WPG Leases, all rights of WPG under the WPG Leases (including defenses thereto) must be preserved. As such, any order approving the Proposed Sale should specify that WPG's setoff, recoupment, and subrogation rights are preserved, and that the Debtors and any proposed assignee remain liable to WPG for (i) any accrued but unbilled charges under the WPG Leases including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (ii) any regular or periodic adjustment or reconciliation charges that come due under the WPG Leases; (iii) any percentage

rent that may be due under the WPG Leases; (iv) any non-monetary defaults; and/or (v) any insurance, indemnification and other contractual obligations under each WPG Lease regardless of when they accrued. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the WPG Leases. *See* 11 U.S.C. § 365(b)(1).

17.    To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or WPG suffers other pecuniary losses with respect to the WPG Leases, WPG further reserves the right to amend the WPG Cure Amount to: (i) reflect such additional amounts; and (ii) to account for year-end adjustments, including, without limitation, adjustments for calendar years 2022 and 2023 (collectively, the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the WPG Leases. The Debtors or any assignee of the WPG Leases must be responsible for satisfying the Adjustment Amounts when due in accordance with the terms of the WPG Leases regardless of when such Adjustment Amounts were incurred. To the extent that the Debtors are to remain responsible for any Adjustment Amounts, WPG requests that at the closing of the Proposed Sale, such funds be placed into a separate and segregated escrow account outside of the Debtors' chapter 11 bankruptcy estates so that there is no question that sufficient, earmarked, unencumbered funds will be available to pay WPG when said Adjustment Amounts become due and owing to WPG in accordance with the terms of the WPG Leases.

18.    Further, under section 365(k) of the Bankruptcy Code the Debtors remain responsible for any contractual obligations under the WPG Leases that arose prior to the assumption and assignment of any WPG Lease, thus, any provision in the proposed order approving the Proposed Sale that purports to release the Debtors from any further liability under

the WPG Leases, including those contractual obligations that arose prior to the assumption and

assignment of the WPG Leases should be stricken.

19.    Finally, the proposed order approving the Proposed Sale or any order approving

the assumption and assignment of the WPG Leases must provide, among other things, that the

Debtors, the Successful Bidder or the proposed assignee promptly pay to WPG all amounts due

and owing under the WPG Leases through the effective date of assumption and assignment of the

WPG Leases (i.e., the WPG Cure Amount), as the same may increase to reflect attorneys' fees and

any other amounts that become due or are determined after the date of this Objection.

**B.  Debtors Must Demonstrate Adequate Assurance of Future Performance**

20.    In accordance with section 365 of the Bankruptcy Code, WPG must be provided

with sufficient information with respect to adequate assurance of future performance prior to the

potential assumption and assignment of the WPG Leases to the Successful Bidder or proposed

assignee.

21.    The adequate assurance of future performance information provided to WPG as

part of the Proposed Sale must demonstrate the heightened standards for adequate assurance of

future performance in a shopping center will be satisfied by the Successful Bidder or proposed

assignee in accordance with section 365 of the Bankruptcy Code.

22.    Under this requirement, the Debtors must provide to WPG assurances: (a) of the

source of rent and other consideration due under the WPG Leases, and that the financial condition

and operating performance of the Successful Bidder or proposed assignee and any guarantor shall

be similar to the financial condition and operating performance of the Debtors and any guarantor

of the Debtors at the time the Debtors entered into the WPG Leases; (b) that any percentage rent

due under the WPG Leases, if applicable, will not decline substantially; (c) that assumption and

assignment of the WPG Leases is subject to all provisions of the WPG Leases, including but not

limited to radius, location, use or exclusivity provisions, and will not breach any such provision

contained in another lease; and (d) that assumption or assignment of the WPG Leases will not

disrupt any tenant mix in the Leased Premises. *See* 11 U.S.C. § 365(b)(3). The Debtors bear the

burden of demonstrating the Successful Bidder or proposed assignee's ability to provide adequate

assurance of future performance. *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312

(Bankr. E.D.N.Y. 1991). *See also In re Federated Dept. Stores, Inc.*, 135 B.R. 941, 944 (Bankr.

S.D. Ohio 1991); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y. 1983).

23.    In order to satisfy the heightened adequate assurance of future performance

burden, the Successful Bidder or any proposed assignee of the WPG Leases must provide the

following information: (i) the specific name of the proposed assignee, and the proposed name

under which the proposed assignee intends to operate the store; (ii) the proposed assignee's

intended use for the space; (iii) audited financial statements and annual reports for the past three

(3) years, including all supplements or amendments thereto; (iv) cash flow projections for the

proposed assignee, the proposed assignee's most recent business plan, all cash flow projections

for the WPG Leases, and any financial projections, calculations and/or proformas prepared in

contemplation of purchasing the WPG Leases; (v) all documents and other evidence of the

proposed assignee's retail experience and experience operating stores in a shopping center; and

(vi) a contact person for the proposed assignee WPG may directly contact in connection with the

adequate assurance of future performance information.[4]

24.    WPG demands strict proof of the Successful Bidder's or the proposed assignee's

---

[4] WPG expressly reserves the right to request further adequate assurance information that WPG may deem necessary, in its sole and unfettered discretion, to make an informed decision as to the ability of any proposed assignee of a WPG Lease to satisfy the requirements of section 365 of the Bankruptcy Code.

ability to establish adequate assurance of future performance with respect to the WPG Leases.

WPG is entitled to the full benefit of its bargain under the WPG and the full protections provided

by section 365 of the Bankruptcy Code. Any assumption and assignment of the WPG Leases must

be in accordance with all provisions of the WPG Leases and the Bankruptcy Code. *See, e.g.*, *In re*

*Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).

## **RESERVATION OF RIGHTS**

25.     Nothing in this Objection is intended to be, or should be construed as, a waiver by

WPG of any of its rights under any of the WPG Leases, the Bankruptcy Code, or applicable law.

WPG expressly reserves all such rights, including, without limitation, the right to: (a) supplement

and/or amend this Objection and to assert any additional objections with respect to WPG Cure

Amount, any proposed assumption and assignment of the WPG Leases, the Proposed Sale, the

Stalking Horse Agreement and the proposed sale order; (b) amend the WPG Cure Amount; (c)

assert any nonmonetary defaults under the WPG Leases; (d) assert any rights for indemnification

or contribution against the Debtors arising under the WPG Leases; and (e) assert any further

objections as it deems necessary or appropriate as it relates to the WPG Leases and/or the interests

of WPG.

## **JOINDER**

26.     WPG joins in any objections that are filed by other landlords to the extent that they

are not inconsistent with this Objection.

**WHEREFORE**, WPG respectfully requests that this Court: (a) sustain this Objection; (b)

affirmatively require the Debtors and the Successful Bidder to comply with each and every term,

condition and obligation set forth in the WPG Leases; and (c) grant WPG such other and further relief

as this Court deems just and appropriate under the circumstances.

Dated: June 23, 2023

**FROST BROWN TODD LLP**

*/s/ Jordan S. Blask*
Jordan S. Blask
NJ I.D. #JB4173
501 Grant Street, Suite 800
Pittsburgh, PA 15219
Telephone: (412) 513-4300
Facsimile: (412) 513-4299
Email:  jblask@fbtlaw.com

--and--

Ronald E. Gold, Esq.
Ohio Bar No. 0061351
(Admitted *pro hac vice*)
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com

*Counsel to WPG Legacy, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2023, I caused a true and correct copy of the foregoing to be served by electronic means through the ECF system to all registered ECF participants in this case and by e-mail on the parties identified on the Service List.

*/s/ Jordan S. Blask*
Jordan S. Blask

**Service List**

1.  Joshua A. Sussberg, P.C.
    Emily E. Geier, P.C.
    Derek I. Hunter, Esq.
    Ross J. Fiedler, Esq.
    Kirkland & Ellis LLP
    601 Lexington Avenue
    New York, New York 10022
    Email: Joshua.sussberg@kirkland.com
            Emily.geier@kirkland.com
            Derek.hunter@kirkland.com
            Ross.fielder@kirkland.com

2.  Michael D. Sirota, Esq.
    Felice R. Yudkin, Esq.
    Warren A. Usatine, Esq.
    Cole Schotz P.C.
    Court Plaza North
    25 Main Street
    Hackensack, New Jersey 07601
    Email: msirota@coleschotz.com,
            fyudkin@coleschotz.com
            wusatine@coleschotz.com

3.  Marshall S. Huebner, Esq.
    Adam L. Shpeen, Esq.
    Steven Z. Szanser, Esq.
    Michael Pera, Esq.
    Davis Polk & Wardwell LLP
    450 Lexington Ave.
    New York, New York 10017
    Email: marshall.huebner@davispolk.com
            adam.shpeen@davispolk.com
            steven.szanzer@davispolk.com
            michael.pera@davispolk.com

4.  David M. Hillman, Esq.
    Megan R. Volin, Esq.
    Proskauer Rose LLP
    Eleven Times Square
    New York, New York 10036
    Email: DHillman@proskauer.com
            MVolin@proskauer.com

5. Office of the United States Trustee
   Fran Steele, Esq.
   One Newark Center Suite 2100
   Newark, NJ 07102
   Email: fran.b.steele@usdoj.gov

6. Robert J. Feinstein, Esq.
   Paul J. Labov, Esq.
   Bradford J. Sandler, Esq.
   Colin R. Robinson, Esq.
   Pachulski Stang Ziehl & Jones LLP
   780 Third Avenue, 34th Floor
   New York, NY 10017-2024
   Email: rfeinstein@pszjlaw.com
        plabov@pszjlaw.com
        bsandler@pszjlaw.com
        crobinson@pszjlaw.com

0028924.0759558  4889-7717-3355v1