**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

Benesch, Friedlander, Coplan & Aronoff LLP
Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com

*Counsel to PREP Home Retail-Oceanside LLC*

In re:

BED BATH & BEYOND INC., *et al.*[1],

Debtor.

Chapter 11

Case No. 23-13359 (VFP)

Judge: Vincent F. Papalia

## LIMITED OBJECTION OF PREP HOME RETAIL-OCEANSIDE LLC REGARDING NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

PREP Home Retail-Oceanside LLC ("PREP" or "Landlord"), by and through its undersigned counsel, hereby files this Limited Objection to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (the "Cure Notice") [DI 714], and in support thereof states as follows:

### BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the Debtors filed Voluntary Petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

22899378

Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in- possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. PREP, as landlord, and debtor Bed Bath & Beyond, Inc., as tenant ("Tenant") entered into that certain lease dated June 21, 1996 as disclosed by a Memorandum of Lease recorded September 24, 1996 as Instrument No. 1996-0483982 of Official Records for County of San Diego, State of California, as amended by the following amendments: First Amendment to Lease Agreement dated November 11, 1996; Lease Modification Letter dated February 19, 1997; Settlement and Release Agreement dated as of September 1, 1998; Letter Agreement dated February 23, 2005; Letter Agreement dated November 10, 2006; Second Amendment to Lease dated May 10, 2012; Option Exercise Notice Letter dated July 24, 2017; Third Lease Modification dated January 21, 2021 and Assignment and Assumptions of Leases dated June, 2015 Store # 139 (collectively, the "Lease").

3. The Lease relates to the Tenant's premises located at 2120 Vista Way, Oceanside, California 92054 (the "Premises") consisting of approximately 44,000 square feet in the shopping center commonly known as Pacific Coast Plaza (the "Shopping Center") that had been utilized as a Bed Bath & Beyond store by the Debtors. The Premises and the Shopping Center are a "shopping center" within the meaning of § 365(b)(3) of the Bankruptcy Code.

4. On June 13, 2023, the Debtors filed the Cure Notice primarily in relation to the Debtors attempts to sell the Debtors' assets (or as much of such assets as they could) as a going concern sale. For that process, the Debtors designated nearly all of its executory contracts and unexpired leases as a potential candidate for assumption and assignment. As it relates to the Lease, the Cure Notice states no cure amount. *See* DI 714, Cure Notice, at Line Item No. 1527 (ECF p. 32 of 46).

5. The Cure Notice also stated the following:

> **PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Executory Contract or Unexpired Lease, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Executory Contract or Unexpired

>    Lease, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction.

DI 714 at p. 3 of 46.

6.    In connection with the filing of the Cure Notice and the attempted sale of the business assets, the Debtors filed on June 13, 2023 their *Notice of Selection of Stalking Horse Bidder* (DI 708) designating Ovestock.com, Inc. as the proposed stalking horse bidder and attached the proposed Asset Purchase Agreement for the transaction. Notably, Section 2.1(e) of the Disclosure Schedules—which would list the Contracts (as defined in the APA to include leases) that are included within the definition of "Acquired Assets" as defined in Section 2.1 of the APA—was not included with the APA attached to the Notice of Selection of Stalking Horse Bidder.

7.    Thereafter, on June 22, 2023, the Debtors filed their *Notice of Successful Bidder and Backup Bidders with Respect to the Stalking Horse Bid and June 21, 2023 Auction* (DI 877). In that Notice, the Debtors disclosed that Overstock.com, Inc. was the successful bidder for the "Acquired Assets" and attached, yet again, the proposed Asset Purchase Agreement, but without the Section 2.1(e) Disclosure Schedule designating the executory contracts and unexpired leases to be included within the sale. Further, this Notice designated two additional bidders as backup bidders for certain assets, yet it is not clear as to whether PREP's Lease is included within any of these proposed sales.

8.    For these reasons, Landlord hereby objects to (i) the proposed Cure Payments, (ii) any proposed assignment and assumption of the Lease and (iii) the adequate assurance of future performance any proposed "Successful Bidder" to perform under the Lease. Further, Landlord reserves all of its rights as to a potential assumption or assumption and assignment of the Lease in connection with the "business" sale to the extent relevant or with respect to the forthcoming Phase 1 Lease Sale and Phase 2 Lease Sale processes.

**OBJECTION TO PROPOSED CURE AMOUNT**

9. In order to assume the Lease, the Debtors are required to cure defaults existing under such lease pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

10. As of the Petition Date, Landlord holds a pre-petition claim against Tenant under the Lease in the amount of no less than $15,190.81 attributed to the following:

| | |
|---|---:|
| Late Charge (Mar. 2023) | $2,141.38 |
| Late Charge (Apr. 2023) | $2,588.80 |
| Tenant Bill Back Charge | $3.50 |
| 2022 CAM Reconciliation | $10,457.13 |
| **Total:** | **$15,190.81** |

(collectively, the "Pre-Petition Cure Claim").

11. Prior to and after the Petition Date, Tenant has generally been paying its monthly rent as it comes due. However, depending on the effective date of any proposed assumption (or assumption and assignment) of the Lease, such monthly rent may be due or overdue and thus should be included in any cure payment to be made to Landlord, as necessary or appropriate. Landlord's cure should include rent and other charges arising after the filing of this objection including July 2023 monthly rent and other charges. The projected rent due on or before July 1, 2023 is $51,841.50 comprised of the following:

| | |
|---|---:|
| Rent Charge (Jul. 2023) | $42,759.00 |
| Tenant Bill Back Charge | $68.50 |
| Insurance Charge | $617.00 |
| CAM Charge | 8,400.00 |
| **Total:** | **$51,841.50** |

12. Moreover, Tenant remains obligated to Landlord for additional sums under the Lease, including but not limited to real property taxes, CAM, CAM reconciliations, insurance and related charges, which either will come due after the date of this objection or for which the

actual amount due will not be known until a future date after the anticipated date of assumption (or assumption and assignment).

13. For 2023, it is possible that Tenant could owe Landlord additional sums after reconciliation occurs after the end of the year. The obligation to pay any such amounts must be addressed by either the Debtors or any proposed assignee of the Lease in connection with any assumption or assumption and assignment of the Lease.

### **OBJECTION TO PROPOSED ASSUMPTION AND ASSIGNMENT**

14. At this time, no assumption or assumption and assignment of the Lease has been proposed in connection with the "going concern sale" or "business sale" and, thus, Landlord does not have information as to the terms of any proposed assumption or assumption and assignment of the Lease. Moreover, the Lease contains broad indemnification obligations of Tenant which may not become known until after the assumption and assignment of the Lease. Any proposed assumption and assignment must provide for the assignee to inherit the responsibility for the indemnity obligations existing under the Lease. Finally, as it relates to the Phase 1 Lease Sale and Phase 2 Lease Sale process, which are still in prospect, Landlord submits this objection and reserves all of its rights as that process plays out.

### **OBJECTION TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

15. The Debtors may not assume and assign the Lease unless they can demonstrate adequate assurance of future performance of the terms of the Lease by the proposed assignee. *See* 11 U.S.C. § 365(b)(1)(C), (f)(2). The establishment of whether adequate assurance of future has been provided affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under Section 365.

16. In this case, the Lease is a shopping center lease and, as such, the Bankruptcy Code requires more than the basic adequate assurance of future performance of the Lease under section 365(b)(1)(C). In order to assume and assign shopping center leases, the Debtors must satisfy the heightened requirements set forth in section 365(b)(3)(A) to (D).

17. At this time, no assumption or assumption and assignment of the Lease has been proposed and thus, Landlord does not have any information as to the identity of any "Successful Bidder" with respect to the Lease or any proposed terms. Therefore, Landlord objects to adequate assurance of future performance pursuant to section 365(b) and reserves all of its rights, including as to credit enhancement under section 365(l) of the Code.

## RESERVATION OF RIGHTS

18. Landlord specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption (or the assumption and assignment) of the Lease, including, without limitation, the terms of assignment and an assignee's proposed adequate assurance of future performance.

19. Landlord reserves the right amend or supplement this objection as to the cure amount or any other issue raise herein. Landlord further reserves all rights as they relate to the Phase 1 Lease Sale and Phase 2 Lease Sale processes.

20. Lastly, the Lease contains provisions for recovery of attorneys' fees and costs in the event Landlord is required to take legal action to protect its interests. Landlord reserves all of its rights to recovery of its attorneys' fees incurred in connection with any proposed assumption or assumption and assignment of the Lease.

WHEREFORE, Landlord respectfully requests that the Court address Landlord's issues raised herein with respect to the Lease of Store No. 139 as it may relate to any sale motion and order (going concern, business assets, lease assets or otherwise), and grant such further relief as is just and proper.

Dated: June 23, 2023

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

By: ___/s/ Kevin M. Capuzzi___
Kevin M. Capuzzi (NJ No. 173442015)

Counsel to landlord
*PREP Home Retail-Oceanside LLC*