LAW OFFICES OF DOUGLAS TABACHNIK P.C.
Douglas T. Tabachnik, Esq.
63 West Main Street, Suite C
Freehold, NJ 07728-2141
(732) 780-2760
dtabachnik@dttlaw.com
Counsel to Casto-Oakbridge Venture, Ltd.;
Hanes M. Owner, LLC; Panama City Beach Venture II;
Park West Village Phase I

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| | (Jointly Administered) |
| BED BATH & BEYOND INC., et al. | |
| | Case No. 23-13359 (VFP) |
| Debtors-In-Possession.[1] | |

### LIMITED OBJECTION TO DEBTORS' NOTICE TO CONTRACT COUNTERPARTIES TO POTENTIALLY ASSUMED UNEXPIRED LEASES

Casto-Oakbridge Venture, Ltd., Hanes M. Owner, LLC, Hanes Z. Owner, LLC, Panama City Beach Venture, II, LLC, and Park West Village Phase I, LLC (the "Landlords"), by and through their undersigned counsel, hereby file this Limited Objection (the "Objection") to Debtors' *Notice to Contract Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "Cure Notice") and, in support thereof, states as follows:

1. On April 23, 2023 (the "Petition Date"), Bed Bath & Beyond Inc. and certain of its affiliates (the "Debtors"), filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

Code before the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

3. On April 25, 2023, the Court issued its *Order (I) Approving the Auction and Bidding Procedures, (II) Approving Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief. (related document:29 Motion re: Debtors' Motion for Entry of an Order (I)(A) Approving the Auction and Bidding Procedures; (B) Approving Stalking Horse Bid Protections; (C) Scheduling Bid Deadlines and an Auction; (D) Approving the Form and Manner of Notice Thereof; (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets, and (D) Granting Related Relief Filed by Michael D. Sirota on behalf of Bed Bath & Beyond Inc.* [Docket No. 92] (the "Bidding Procedures Order").

4. Pursuant to the procedures for potential sale of certain assets of Debtors under the Bidding Procedures Order, Debtor filed the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Lease,* on June 13, 2023 (Doc. No. 714) ("Notice"), setting forth proposed cure amounts and indicating that certain leases and executory contracts may be assumed and assigned.

5. Prior to the Petition Date, Debtors entered into certain agreements to lease premises and/or agreements regarding obligations and restrictions related to such premises (the "Premises'")

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

from the Landlords pursuant to unexpired leases of nonresidential real property (the "Leases"), and amendments thereto, appurtenant to certain real property owned by the Debtors or third-parties, described as follows:

- Casto-Oakbridge Venture Ltd., as landlord, and Bed Bath & Beyond Inc., as tenant, are parties to a certain lease agreement dated 10/05/2004 (together will all modifications, amendments and extensions), Store #1028, located at Lakeside Village in Lakeland, FL;

- Hanes M. Owner, LLC and Hanes Z. Owner, LLC, as landlords, and Bed Bath & Beyond Inc., as tenant, are parties to a certain lease agreement dated 02/25/2010 (together will all modifications, amendments and extensions), Store #317, located at Hanes Point in Winston-Salem, NC;

- Panama City Beach Venture II, LLC, as landlord, and Bed Bath & Beyond Inc., as tenant, are parties to a certain lease agreement dated 12/06/2012 (together will all modifications, amendments and extensions), Store #1367, located at Pier Park North Shopping Center in Panama City Beach, FL; and

- Park West Village Phase III, LLC, as landlord, and Buy Buy Baby, Inc., as tenant, are parties to a certain lease agreement dated 06/18/2010 (together will all modifications, amendments and extensions), Store #3050, located at Park West Village Shopping Center in Morrisville, NC. The current term of the Lease will expire on 01/31/2024;

Collectively, the "Leases."

6. The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*,s 922 F.2d 1081 (3d. Cir. 1990).

7. As of the date of this Objection, the Leases are not subject to a rejection motion or rejection order.

8. The Leases appear on the Notice.

**CURE OBJECTION**

9. Section 365(b) provides, in part, as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

10. As of the date of this Objection, Landlords state the following cure amounts apply to the Leases as set forth in Table 1 below (the "Cure Amounts"):

**TABLE 1:**

| Landlord | Debtors' Stated Cure | Landlord Cure Amounts[3] |
|---|---|---|
| Casto-Oakbridge Venture, Ltd. Store # 1028 (Notice Schedule no. 425) | $0.00 | $1,921.23 |
| Hanes M. Owner, LLC and Hanes Z. Owner, LLC Store # 317 (Notice Schedule no. 878) | $0.00 | Lease is current to date as to billed rent. |
| Panama City Beach Venture, II, LLC Store # 1367 (Notice Schedule no. 1453) | $82.08 | $5,402.15 |
| Park West Village Phase I, LLC Store # 3050 (Notice Schedule no. 1459) | $0.00 | Lease is current to date as to billed rent. |

11. To the extent these amounts differ from Debtors' amounts listed on the Notice, Landlords object to those proposed cure amounts. Landlords herein reserve the right to file a supplementary cure objection regarding additional Leases and Agreements, or for additional

---

[3] Such Cure Amounts are subject to the attorneys' fees and charges requested in Paragraph 15 herein.

amounts accrued but not yet billed under any Lease or Agreement or for additional amounts that become due. By written correspondence, Debtor has consented to the amounts set forth in Table 1.

12. In addition, section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The Leases provide for recovery of attorneys' fees and expenses. Landlords hereby object to assumption of the Leases listed in the Notice absent payment of attorneys' fees and expenses. *See* 11 U.S.C. §365(b)(1)(B); *LJC Corp. v. Boyle,* 768 F.2d 1489, 1494-96 (D.C. Cir. 1985)*; In re Bullock, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); In re Crown Books Corp.,* 269 B.R. 12, 14-15 (Bankr. D. Del. 2001*); In re BAB Enterprises, Inc.,* 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.,* 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.,* 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986)*.*

13. Landlords further object to the assumption of the Leases absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after June 22, 2023 (including, but not limited to, additional amounts, not yet known, that accrued following June 22, 2023, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

## **ASSIGNMENT OBJECTION**

14. The Notice is silent as to the proposed assignee, and the recent filings in connection with the sale, including Doc. Nos. 708, 772, and 791, do not include the schedules (the so called "Disclosure Schedules") of leases and executory contracts to be assumed and assigned and the "Excluded Assets.". The Disclosure Schedules are referenced throughout the APA , but not

attached. Upon information and belief, the proposed sale subject to the Notice will only include intellectual property, but based upon the omitted information and the Notice, Landlords files this Objection to reserve its right to object to any proposed assignment of the Leases.

15. Landlords demand, and are entitled to, adequate assurance of future performance, including adequate assurance that the proposed assignment shall not violate any radius, location, use, or exclusivity provision of the Leases, and will not breach any other lease, financing agreement, or master agreement related to the shopping center. Landlords demands adequate assurance as to the protections afforded under 11 U.S.C. § 365(b), including adequate assurance of financial performance.

16. Upon information and belief, the Leases will not be included in the "going-concern" auction, even though they were identified in the Notice. Landlords reserve the right to object to any proposed assignment in connection with the Phase 1 or Phase 2 Lease sales. Landlords are entitled to adequate notice, with opportunity to object, in advance of any proposed assignment of the Leases.

WHEREFORE, Landlords respectfully request that this Honorable Court sustain the Objection, establish the cure amounts as set forth above, award attorneys' fees in connection with this Objection and this bankruptcy case, require adequate assurance as required under 11 U.S.C. § 365, and grant any other relief that this Court deems appropriate.

Dated: June 23, 2023

LAW OFFICES OF DOUGLAS TABACHNIK P.C.

By: */s/ Douglas T. Tabachnik*
Douglas T. Tabachnik
63 West Main Street, Suite C
Freehold, NJ 07728-2141
Tel: (732) 780-2760
Email: dtabachnik@dttlaw.com
Counsel to Casto-Oakbridge Venture, Ltd.;

        Hanes M. Owner, LLC; Panama City Beach Venture II; Park West Village Phase I.

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on June _____, 2023, a true copy of the foregoing has been served electronically through the Court's ECF system to all registered ECF participants on the creditor matrix.

        */s/ Douglas T. Tabachnik*
        Douglas T. Tabachnik, Esq.