Frank F. Velocci, Esq. (018861999)
**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
(973) 549-7000
Frank.velocci@faegredrinker.com

Walter Haverfield LLP (pro hac vice admission forthcoming)
Mark S. Fusco
Douglas M. Eppler
Anthony R. Santiago
1301 E.9th Street, Suite 3500
Cleveland, Ohio 44114
Tel: (216) 619-7839
Email: mfusco@walterhav.com
deppler@walterhaver.com
asantiago@walterhav.com

*Counsel for UG2 Solon OH, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In re: | Chapter 11 |
|---|---|
| BED BATH & BEYOND, INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**UG2 SOLON OH, LP'S LIMITED OBJECTION TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

UG2 Solon OH, LP ("UG2"), by and through its undersigned counsel, hereby files its limited objection to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. No. 714] (hereinafter referred to as "Lease Notice").

## BACKGROUND

1. On April 23, 2023, the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code ("the Bankruptcy Code").[1]

2. Since April 23, 2023, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3. UG2 is the owner of certain nonresidential real estate known as Uptown Solon Shopping Center in Solon, Ohio (the "Property").

4. On July 15, 1998, UG2's predecessor-in-interest, Developers Diversified Realty Corporation, an Ohio Corporation, as Landlord, entered into a Lease Agreement (the "Lease") with Bed Bath & Beyond of Solon Inc., as Tenant, which assigned all of its right, title and interest as Tenant to Bed Bath & Beyond Inc. ("Bed Bath"), one of the debtors, for the rental of approximately 40,000 square feet of store area at the Property ("the Leased Premises"). A copy of the Lease and its subsequent amendments in 1998, 2009, 2013, 2014 and 2015 are attached hereto and made a part hereof as "Exhibit A."

5. The Property is a "shopping center" within the meaning of § 365(b)(3) of the Bankruptcy Code.

6. On May 25, 2023, the Debtors filed the Notice of Lease Auction and Potential Lease Sale Hearing [Doc. No. 456], objections to which are due by July 11, 2023.

---

[1] A complete list of the Debtors in these Chapter 11 cases and each such Debtors' tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and Debtor's service address in these Chapter 11 cases is 640 Liberty Avenue, Union, New Jersey 07083.

7. On June 13, 2023, the Debtors filed the Lease Notice. The Lease Notice states that the deadline to object to cure amounts stated therein is June 26, 2023.

8. UG2 reserves its right to object to the proposed assignment to the Successful Bidder of the Lease, as notified in Doc. No. 456 in accordance with the deadline set by the Court.

9. UG2 herein objects to the cure amount as stated by the Debtors the Lease Notice, at page 40, line 11 in which no cure amount was proposed.

10. As of the date of this Objection, the aggregate amount of unpaid monetary obligations due to UG2 is not less than $153,573.79.

## RELIEF REQUESTED

11. Debtors' failure to include a cure amount grossly misrepresents the outstanding rent and other charges due by Bed Bath under the Lease.

12. The lack of a cure amount does not accurately reflect all amounts required to be paid to cure all defaults and compensate the Landlord for all pecuniary losses sustained as a result of the defaults under the Lease. Bankruptcy Code §§ 365(b) and 365(f) govern the financial obligations of Trustee or debtor-in-possession that seeks to assume and/or assume and assign a lease. As a condition of such assumption by Bed Bath here, Bed Bath must, among other requirements:

    A. Cure or provide adequate assurances that it will promptly cure such default and;

    B. Compensate or provide adequate assurance that it will promptly compensate a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from default.

13. Bed Bath has failed to comply with the requirements of Bankruptcy Code §365 (b)(1) and 365(f)(2) by failing to correctly state or propose the actual pecuniary loss to be suffered by the Landlord as a result of the defaults in the lease and by failing to provide adequate assurance of the curing of such default.

14. Until such time as Bed Bath complies with the applicable provisions of the Bankruptcy Code, it can neither assume nor assign the Lease.

15. The amount necessary to compensate the Landlord, as of June 1, 2023, is $153,573.79 (the "Cure Amount") including unpaid rent, unpaid additional rent inclusive of the Bed Bath's required payment of its share of real estate taxes, insurance, and operating expenses. This amount does not include attorneys' fee incurred to cure any defaults, which UG2 has the right to recover under Section 48 of the Lease. A ledger representing the Cure Amount under the Lease as of June 1, 2023, is attached hereto as "Exhibit B."

16. Moreover, Bed Bath remains obligated to UG2 for additional sums under the Lease, including but not limited to future rent, real property taxes, insurance and related charges, which either will come due after the date of this Objection or for which the actual amount due will not be known until a future date after the anticipated date of assumption (or assumption and assignment.)

17. UG2 reserves the right to supplement and amend as necessary this objection to 1) reflect additional amounts which may become due prior to the date of the proposed assumption and 2) address the issue of adequate assurance once the "Successful Bidder" for the Lease is identified.

18. UG2 specifically reserves its right to object to any other relief sought by the Debtors in connection with the assumption (or assumption and assignment) of the Lease.

Wherefore, UG2 requests that assumption of the Lease be conditioned upon 1) payment of the Cure Amount specified in Exhibit B; 2) identification of the Successful Bidder and proof as required of adequate assurance of future performance by such Successfully Bidder; 3) compliance with Bankruptcy Code §Section 365 (b)(3) and 4) payment of attorneys' fees as allowed under the Lease and such further relief as the Court may find to be appropriate under the circumstances. Once these conditions have been met, UG2 requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated:  June 23, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**
*Attorneys for UG2 Solon OH, LP*

By:  */s/ Frank F. Velocci*
Frank F. Velocci
600 Campus Drive
Florham Park, New Jersey 07932
Tel: (973) 549-7000
Fax: (973) 377-1911
Frank.Velocci@faegredrinker.com

-and -

Walter Haverfield LLP (pro hac vice admission forthcoming)
Mark S. Fusco
Douglas M. Eppler
Anthony R. Santiago
1301 E.9th Street, Suite 3500
Cleveland, Ohio 44114
Tel: (216) 619-7839
Email: mfusco@walterhav.com
deppler@walterhaver.com
asantiago@walterhav.com

*Counsel for UG2 Solon OH, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing "*UG2 Solon OH, LP's Limited Objection to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases*" has been filed electronically on this 23rd day of June, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: */s/ Frank F. Velocci*
Frank F. Velocci
600 Campus Drive
Florham Park, New Jersey 07932
Tel: (973) 549-7000
Fax: (973) 377-1911
Frank.Velocci@faegredrinker.com