| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| OFFIT KURMAN, P.A.<br>By: Paul J. Winterhalter, Esquire (006961986)<br>100 Eagle Rock Avenue, Suite 105<br>East Hanover, NJ 07936<br>Telephone: (267) 338-1370<br>Facsimile: (267) 338-1335<br>E-mail: pwinterhalter@offitkurman.com<br><br>*Counsel for*<br>*Simon Properties Group, Inc.* | |
| In re:<br><br>BED, BATH & BEYOND, INC.,<br><br>      *Debtor*. | Chapter 11<br><br>Case No. 23-13359<br><br>Judge: Vincent F. Papalia |
| | **Limited Objection of Simon Properties Group, Inc. To Notice of Potential Assumption Of Executory Contracts & Leases** |

Simon Property Group, Inc. ("Simon" or "Landlord"), by its counsel Paul J. Winterhalter of Offit Kurman P.A., hereby files its Limited Objection to Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases ("Notice"), and in support states:

## BACKGROUND

1.   This is a contested matter pursuant to Rules of Bankruptcy Procedure 6006(b) and 9014.

2.   Jurisdiction is based upon 28 U.S.C. §1334.

3. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

4. On April 23, 2023 ("Petition Date"), Debtors filed their petition(s) for relief under Chapter 11 of the United States Bankruptcy Code.

5. As of the Petition Date, the Debtor Bed Bath & Beyond Inc. was lessee under ten (10) leases of non- residential real property with Simon (individually, "Lease" or collectively, "Leases").

## **OBJECTION**

6. Section 365 of the Bankruptcy code provides in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee (a) cures or provides adequate assurance that the trustee will promptly cure, such default….

11 U.S.C. § 365(b)(1)(A).

7. The Notice asserts the amounts required to cure each Lease. Simon is not in agreement with the proposed amounts asserted as the Debtor is either (i) in default of its monetary obligations under the Lease(s); (ii) the Notice fails to compensate Landlord for any actual pecuniary loss resulting from the default and/or bankruptcy filing; or (iii) both. Please see attached Exhibit A.

8. Further, Section 365(b)(1)(B) requires compensation to the landlord for actual pecuniary loss which includes attorneys' fees incurred in connection with a bankruptcy case. *See In re F&N Acquisition Corp.*, 152 B.R. 304 (Bankr. W.D. Wash. 1993); *In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 (Bankr. C.D. Cal. 1989); *In re Ryan's Subs, Inc.*, 25 Bankr. Ct. Dec. 649 (Bankr. W.D. Mo. 1994); and *In re Child World, Inc.*, 161 B.R. 349 (Bankr. S.D.N.Y. 1993) (each holding Section 365(b)(1)(B) allows for recovery of attorneys' fees based

upon the language of the lease). Simon requests $1,500.00 per Lease as reasonable attorneys' fees incurred in association with these bankruptcy cases and possible assumption of each Lease.

9. Simon also objects, in part, to the assumption of any of the Leases not subject to any charges accrued, but not yet billed, including, but not limited to, common area maintenance, real estate taxes, utilities, overage rent or percent rent.

10. Simon also objects to the assumption of any of the Leases that have already been rejected, such as the Lease Agreement with Mall at Potomac Mills, LLC, regarding Store #7077, pursuant to the Order (I) Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of any Personal Property, Effective as of the Rejection Date, and (II) Granting Related Relief [ECF No. 373].

11. Simon further objects to the assumption of any of the Leases to the extent that a purchaser does not meet the Section 365(b)(3) (A-D) standard of adequate assurance of future performance of a lease of real property which provides:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3) (A-D).

12.     Simon reserves the right to supplement this Objection prior to any final determination by the Court regarding assumption and assignment of the Leases, as rent, attorneys' fees and other charges continue to accrue.

WHEREFORE, Simon Property Group, Inc. requests that the Court enter an Order requiring that the Debtors, as a condition of any assumption of any of the Leases: (i) cure all outstanding defaults and actual pecuniary losses including attorneys' fees in conformity with this Objection; and (ii) pay all accrued but unbilled charges in conformity with each Lease, and that such Order award Simon Property Group, Inc. its costs and reasonable attorneys' fees incurred in connection with this Objection, and grant such other relief as may be just.

Dated: June 23, 2023                                **OFFIT KURMAN, P.A.**

By: **/S/ Paul J. Winterhalter**
Paul J. Winterhalter
100 Eagle Rock Avenue, Suite 105
East Hanover, NJ o7936
Telephone: (267) 338-1370
Facsimile: (267) 338-1335
Email: pwinterhalter@offitkurman.com

*Attorneys for Simon Property Group, Inc.*