| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| **Nancy Isaacson, Esq. (1325)** <br> **Greenbaum, Rowe, Smith & Davis LLP** <br> 75 Livingston Avenue <br> Roseland, New Jersey 07052 <br> nisaacson@greenbaumlaw.com <br> 973-575-1600 <br> Attorneys for Garfield-Southcenter, LLC |
| In re: <br><br> **BED BATH & BEYOND INC.,** *et al.*[1], <br><br> Debtor. |

Chapter 11 Proceeding

**Case No.: 23-13359 (VFP)**

(Jointly Administered)

### OBJECTION BY LANDLORD GARFIELD-SOUTHCENTER, LLC TO DEBTORS' PROPOSED CURE AMOUNT AND OTHER RELIEF

### PRELIMINARY STATEMENT

Landlord Garfield-Southcenter, LLC ("Landlord") through counsel Greenbaum Rowe Smith & Davis LLP objects pursuant to Bankruptcy Code 365 (b)(1) and 365(f)(2)(B) to (1) the proposed cure amount proposed by Bed Bath & Beyond (collectively, the "Debtors") to be paid in connection with the proposed assumption and assignment of the unexpired lease of nonresidential real property held by Landlord with Bed Bath & Beyond, Inc., ("Bed Bath") as tenant, for a portion of the premises located at 400 Strander Blvd., Tukwila, Washington (Store #370) (the "Leased Premises") and asserts as well that (2) the Debtors have failed to provide adequate assurance of

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

8527259.1

future performance nor (given the fact that the Lease is a shopping center lease) complied with the requirements of Bankruptcy Code section 365(b)(3) and states as follows:

## STATEMENT OF PERTINENT FACTS

1. The Landlord owns real property at 400 Strander Blvd., Tukwila, Washington which is leased to Bed Bath, one of the Debtors in this Chapter 11 proceeding. The Fifth Amendment to Lease is dated April 6, 2021 (the "Lease"). A copy of the Lease is attached to landlord's Proof of Claim attached as **Exhibit A**. The Lease is a shopping center lease. Bed Bath has defaulted on the terms and conditions of the Lease and notice of default was provided to Bed Bath prepetition.

2. The Debtors filed the within Chapter 11 proceeding on April 23, 2023. (the "Case"). The Case is jointly administered.

3. On April 23, 2023 the Debtors filed a motion for Entry of an Order (I)((A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bidding Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the form and Manner of Notice Therefore, Approving the Form of APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief (Document # 29) (the "Bidding Procedures Motion").

4. On April 25, 2023, the Court entered an Order (the "Approval Order") approving the Bidding Procedures Motion.

5. The dates scheduled for the hearings and procedures as set forth in the Approval Order have been extended from time to time as permitted in the Approval Order.

8527259.1

6. On June 13, 2023, the Debtors filed a Notice to Contract Parties to Potentially Assumed Contracts and Unexpired Leases (the "Cure Notice") (Document #714) setting forth therein the Debtors' proposed cure amounts for the potential assumption and assignment of contracts and unexpired leases.

7. At page 19 of 46 of Doc. No 714 of the Cure Notice, item #813, the Debtors incorrectly list the Landlord Garfield-Southcenter, LLC as landlord of premises at 240 Andover Park West, Tukwila, Washington and propose a cure amount of $10,294.69. The premises is located at 400 Strander Blvd., Tukwila, Washington and the cure amount, subject to an updated accounting, is at minimum $131,570.57.

## **GROUNDS FOR OBJECTION**

8. The proposed cure amount of $10,294.69.is grossly understated and does not accurately reflect all amounts required to be paid to cure all defaults and compensate the Landlord for all pecuniary losses sustained because of the defaults in the Lease. Bankruptcy Code sections 365(b) and 365(f)(2)(B) govern the financial obligations of a debtor that seeks to assume and/or assign a lease. It is generally understood that the debtor may not pick and choose those provisions of the Lease to be assumed but must assume the entire Lease. As a condition of such assumption of the Lease by the Debtor, the Debtor must:

> (A) "Cure or provide adequate assurances that the trustee will promptly cure such default.
>
> (B) Compensate or provide adequate assurance that the trustee will promptly compensate a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

8527259.1

    (C) Provide adequate assurance of future performance under such contract or lease."

  9. The Debtors have failed to comply with the requirements of Bankruptcy Code 365 (b)(1) and 365(f)(2)(B) by (a) failing to correctly state or propose the actual pecuniary loss to be suffered by the Landlord as a result of the defaults in the Lease; and (b) failing to provide adequate assurance of the curing of such default, and (c) failing to provide adequate assurance of future performance under the Lease.

  10. The Lease is a shopping center lease and falls within the purview of Bankruptcy Code section 365(b)(3). The Debtors have not identified the Successful Bidder of the Lease and accordingly has not yet complied with the restrictions in Section 365(b)(3).

  11. The Landlord filed a Proof of Claim (attached as **Exhibit A**) setting forth the Landlord's claims against the Debtors which arose as a result of the defaults in the Lease. The Proof of Claim sets forth the pre-petition compilation of amounts due to cure the default and attaches as an Exhibit the Lease and the documents in support of the per-petition defaults. If the Lease is rejected, the Proof of Claim will be amended to update Landlord's damage claim because of the breach of the lease pursuant to 11 U.S.C. § 502(b)(6).

  12. Subject to an updated accounting, the amount necessary to compensate the landlord is $131,570.57 including unpaid rent, unpaid additional rent inclusive of the tenant's required payment of its share of real estate taxes and operating expenses and charges incurred by Bed Bath which remain unpaid for repairs and construction at the leased premises and attorneys' fees incurred as a result of Bed Bath's default. The Lease specifically provides for the payment of attorney's fees incurred in connection with the Bed Bath's defaults. See **Article 10.1.3(a)** of the Lease.

13. While the Debtors have filed the Cure Notice it has not identified the Successful Bidder for the Lease held by the Landlord. Absent identification of the Successful Bidder the Landlord cannot make a business judgment as to the financial abilities of the proposed Successful Bidder and accordingly the Debtors have not provided adequate assurance of future performance under the Lease.

15. The Leased Premises, while consisting of a stand-alone building, are included within a shopping center and the Lease contains restrictions as to the use of the Leased Premises. Until the Successful Bidder is identified there can be no assurance that the use intended by the Successful Bidder will comply with the restrictions in the Lease or as contained within the Owners' Association.

16. Landlord reserves the right to supplement and amend as necessary this objection to (1) reflect additional amounts which may become due prior to the date of proposed assumption and (2) address the issue of adequate assurance once the "Successful Bidder" for the Lease is identified and to address such issues as may arise.

## RELIEF REQUESTED

The Landlord objects to the proposed cure amount as set forth above and requests that assumption of the Lease be conditioned upon (1) full payment of the Cure amounts specified in Exhibit C; (2) identification as required in the Lease of the Successful Bidder and proof as required of adequate assurance of future performance; (3) compliance by the Successful Bidder with the restrictions included in the Lease and in the Owners Association regarding the use of the Leased Premises within the Shopping Center in accordance with Bankruptcy Code section 365(b)(3); (4) attorney's fees as specifically allowed under the Lease; and (5) such further relief as the Court may find to be appropriate under the circumstances.

8527259.1

        Respectfully submitted,

        **GREENBAUM, ROWE, SMITH & DAVIS LLP**
        Attorneys for Landlord Garfield-Southcenter, LLC

Dated: June 20, 2023         */s/ Nancy Isaacson*
        Nancy Isaacson

8527259.1