---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Gregory S. Kinoian, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
DStolz@genovaburns.com
GKinoian@genovaburns.com

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn, Esq. (admitted pro hac vice)
Kurt A. Mayr, Esq. (admitted pro hac vice)
Shai Schmidt, Esq. (admitted pro hac vice)
Agustina G. Berro, Esq. (admitted pro hac vice)
Naznen Rahman, Esq. (admitted pro hac vice)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
aglenn@glennagre.com
kmayr@glennagre.com
sschmidt@glennagre.com
aberro@glennagre.com
nrahman@glennagre.com

*Counsel to the Ad Hoc Bondholder Group*

---

In re:

**BED BATH & BEYOND INC.,** *et al.*,

Debtors.[1]

Chapter: 11
Case No.: 23-13359 (VFP)

Judge: Hon. Vincent F. Papalia
U.S. Bankruptcy Judge

---

**APPLICATION IN SUPPORT OF MOTION OF THE AD HOC BONDHOLDER GROUP (I) FOR AUTHORITY TO FILE UNDER SEAL THE AD HOC BONDHOLDER GROUP'S MOTION, PURSUANT TO 11 U.S.C. § 105(a), FED. R. CIV. P. 60(b), AND FED. R. BANKR. P. 4001(c) AND 9024, AND DECLARATION IN SUPPORT (A) FOR AN ORDER VACATING THE INTERIM AND FINAL ORDERS, AMONG OTHER THINGS, AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, AND (B) FOR OTHER RELATED RELIEF, AND (II) FOR OTHER RELATED RELIEF**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

The Ad Hoc Bondholder Group,[2] respectfully submits, by and through its counsel, this application in support of the Ad Hoc Bondholder Group's motion (the "Motion to Seal"), pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1, for entry of an order, substantially in the form submitted herewith, (I) for authority to file under seal the Motion for Consideration (defined herein) and the declaration of Andrew K. Glenn (the "Glenn Declaration") in support thereof, filed substantially contemporaneously herewith,[3] submitted in support of the Ad Hoc Bondholder Group's motion (the "Motion for Reconsideration"), pursuant to 11 U.S.C. § 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 4001(c) and 9024, (A) reconsidering and vacating (1) the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Dkt. No. 76] (the "Interim DIP Order") and (2) the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Dkt. No. 729] (the "Final DIP Order" and, together with the Interim DIP Order, collectively, the "DIP Orders"), and (B) granting the Ad Hoc Bondholder Group such other and further relief as the Court believes is just and proper, filed

---

[2] The Ad Hoc Bondholder Group consists of an ad hoc group of certain holders of the 3.479% Senior Notes due 2024 (the "2024 3.749% Notes"), the 4.915% Senior Notes due 2034 (the "2034 4.915% Notes") and the 5.165% Senior Notes due 2044 (the "2044 5.165% Notes" and, together with the 2024 3.749% Notes and the 2034 4.915% Notes, the "Senior Unsecured Notes"), each issued by Bed Bath & Beyond, Inc. on July 17, 2014 (collectively, the "Ad Hoc Bondholder Group").

[3] Unredacted versions of the Motion for Reconsideration and the Glenn Declaration are being filed immediately after the filing of the Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov).

substantially contemporaneously herewith,[4] and (II) granting the Ad Hoc Bondholder Group such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Ad Hoc Bondholder Group respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Motion for Reconsideration and the Glenn Declaration include and rely on certain information designated by the Debtors as being confidential (collectively, the "Confidential Information") in accordance with that certain Confidentiality Agreement, dated as of May 26, 2023, entered into between Glenn Agre Bergman & Fuentes LLP, lead counsel to the Ad Hoc Bondholder Group, and the Debtors (the "Confidentiality Agreement"). So as not to delay the filing of the Motion for Reconsideration, the Ad Hoc Bondholder Group is, at this time, abiding by the Debtors' confidentiality designations. However, all of the Ad Hoc Bondholder Group's rights to challenge the Debtors' designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Confidentiality Agreement, are hereby being expressly preserved.

2. For the reasons set forth herein, the Ad Hoc Bondholder Group respectfully requests that the Motion to Seal be granted.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion to Seal and the Reply Supporting the Motion to Dismiss pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion

---

[4] A redacted version of the TCC Reply has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the TCC Reply is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov).

to Seal and the Reply Supporting the Motion to Dismiss is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4.     On April 23, 2023 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On the Petition Date, the Debtors filed the *Declaration of Holly Etlin in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 10] (the "First Day Declaration"). On the Petition Date, the Debtors also filed the DIP Motion.

6.     On April 24, 2023, or the day after the Petition Date, the Debtors held their "first day" hearing in the Chapter 11 Cases for the Court's consideration of, *inter alia*, the relief requested in the DIP Motion.

7.     On May 5, 2023, the United States Trustee for Regions 3 and 9 appointed the Committee.

8.     The Ad Hoc Bondholder Group owns nearly $185 million of the $1.3 billion in Senior Unsecured Notes outstanding. The remaining $1.1 billion is held primarily by retail investors who hold small claims and are unlikely to meaningfully participate in these Cases. While the indenture trustee for the unsecured noteholders has a seat on the Committee, the Ad Hoc

Bondholder Group has voiced its concern that the trustee is not acting in the best interests of the noteholders.

9. The Motion for Reconsideration and Glenn Declaration set forth relevant preliminary and background matters which are incorporated herein by reference.

## APPLICABLE LAW

10. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

11. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

12. As previously stated, Motion for Reconsideration and the Glenn Declaration include certain information designated by the Debtors as being Confidential Information in

- 5 -

accordance with the Confidentiality Agreement. So as not to delay the filing of the Motion for Reconsideration, the Ad Hoc Bondholder Group is, at this time, abiding by the Debtors' confidentiality designations. However, all of the Ad Hoc Bondholder Group's rights to challenge the Debtors' designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Confidentiality Agreement, are hereby being expressly preserved.

13. Therefore, the Ad Hoc Bondholder Group's Motion to Seal should be granted.

## NO PRIOR REQUEST

14. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the specific Confidential Information included in the Motion for Reconsideration and the Glenn Declaration.

## RESERVATION OF RIGHTS

15. The Ad Hoc Bondholder Group reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

**CONCLUSION**

**WHEREFORE**, the Ad Hoc Bondholder Group respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: June 25, 2023

Respectfully submitted,

**GENOVA BURNS LLC**

By: */s/ Daniel M. Stolz*
    Daniel M. Stolz, Esq.
    Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:  (973) 230-2095
Fax:  (973) 533-1112
Email: DStolz@genovaburns.com
       GKinoian@genovaburns.com

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn, Esq. (admitted *pro hac vice*)
Kurt A. Mayr, Esq. (admitted *pro hac vice*)
Shai Schmidt, Esq. (admitted *pro hac vice*)
Agustina Berro, Esq. (admitted *pro hac vice*)
Naznen Rahman, Esq. (admitted *pro hac vice*)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
      kmayr@glennagre.com
      sschmidt@glennagre.com
      aberro@glennagre.com
      nrahman@glennagre.com

*Counsel to the Ad Hoc Bondholder Group*