**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**FROST BROWN TODD LLP**
Jordan S. Blask, Esq. (NJ I.D. #JB4173)
501 Grant Street, Suite 800
Pittsburgh, PA 15219
Telephone: (412) 513-4300
Facsimile: (412) 513-4299
Email: jblask@fbtlaw.com
    --and--
A.J. Webb, Esq. (*pro hac vice* forthcoming)
Ohio Bar No. 0093655
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: awebb@fbtlaw.com

*Counsel to Select Consolidated Management, LLC*

In re:

Bed Bath & Beyond Inc., *et al.*,[1]

Debtors.

Chapter 11

Case No. 23-13359 (VFP)

Hon. Judge Vincent F. Papalia

(Jointly Administered)

# LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SELECT CONSOLIDATED MANAGEMENT, LLC IN CONNECTION WITH THE DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNTS OF CERTAIN LEASES

Select Consolidated Management, LLC ("Select"), as the managing agent for AE Holdings,

I, LLC, owner of the property identified herein and landlord of the Debtors (the "Debtors"), by its

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

undersigned counsel, hereby files this this limited objection and reservation of rights (this "Limited Objection") in connection with: (i) the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (Docket No. 714) (the "Notice");[2] and (ii) the proposed sale (or sales) of the Debtors' assets (the "Proposed Sale"), to the extent that the Proposed Sale impacts Select.[3] In support of this Limited Objection, Select respectfully states:

## BACKGROUND

1. On April 23, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors lease space from Select pursuant to those certain unexpired leases of nonresidential real property involving the Debtors' Bed Bath & Beyond location at 221 Robert C. Daniel Jr Pkwy, Augusta, Georgia (the "BBB Lease") and the Debtors' buybuy BABY location at 242 Robert C. Daniel Jr Pkwy, Augusta, Georgia (the "Baby Lease" and, together with the BBB Lease, the "Leases").[4] Both of the premises leased by the Debtors are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Notice.

[3] Select notes that the Debtors separately filed that certain *Notice of Lease Auction and Potential Sale Hearing* (Docket No. 456) (the "Lease Sale Notice"), which separately schedules the Leases (as defined herein) for potential assumption and assignment. The objection deadline in connection with the Lease Sale Notice is July 11, 2023, and by filing this Limited Objection, Select is not waiving its rights to object to the Lease Sale Notice. All rights of Select are fully reserved.

[4] As further stated in this Limited Objection, the Baby Lease expires by its own terms on January 31, 2024.

4.   On April 25, 2023, the Court entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Approving Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief* (Docket No. 92) (the "Bidding Procedures Order"). The deadlines set forth in the Bidding Procedures Order have been subsequently amended and extended by the Debtors. *See* Docket Nos. 771, 692, 665, 597, 392.

5.   On June 13, 2023, pursuant to the Bid Procedures Order, the Debtors filed the Notice identifying certain executory contracts and unexpired leases that the Debtors may assume and assign. The Notice included the Leases and identified a proposed cure amount for the BBB Lease of $0.00 (the "BBB Proposed Cure Amount") and a proposed cure amount for the Baby Lease of $3,184.99 (the "Baby Proposed Cure Amount").

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

6.   Any assumption of the Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Leases, including, but not limited to, paying all amounts due and owing under the Leases through the effective date of the assumption of the Leases and complying with the terms of the Leases.

7.   The Debtors' BBB Proposed Cure Amount is not accurate and will not cure all amounts due and owing to Select under the BBB Lease. As of the date of this Limited Objection, the aggregate cure amount owing under the BBB Lease is $5,214.92 (the "BBB Cure Amount").

8.   The Debtors' Baby Proposed Cure Amount is not accurate and will not cure all amounts due and owing to Select under the Baby Lease. As of the date of this Limited Objection, the aggregate cure amount owing under the Baby Lease is $20,066.58 (the "Baby Cure Amount

3

and, together with the BBB Cure Amount, the "Cure Amounts").[5]

9. An itemization of the Cure Amounts is attached hereto as Exhibit A.

10. The Cure Amounts represent the known amounts, based on information available to Select, currently due and owing to Select under the Leases, exclusive of any sums which have become due or have been paid, or are discovered after the date of this Limited Objection. The Cure Amounts may increase prior to any actual date of assumption and assignment of the Leases if (i) the Debtors do not pay all amounts that accrue after the date of this Limited Objection, and (ii) any taxes, common area maintenance and other amounts come due, pursuant to the terms of the Leases.

11. Accordingly, Select expressly reserves its rights to amend or supplement this Limited Objection and the Cure Amounts from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) post-Petition Date rent and other charges that continue to accrue under the Leases and that arise and become known to Select prior to assumption of the Leases; (b) certain amounts accruing under the Leases which may be unbilled as of the date hereof, including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (c) any regular or periodic adjustment of charges under the Leases which were not due or had not been determined as of the date of this Limited Objection; (d) any percentage rent that may be due under the Leases; (e) any non-monetary defaults; and/or (f) insurance, indemnification and other contractual obligations under the Leases.

12. There may also be unknown and/or unasserted claims (among various other types

---

[5] The Cure Amounts each include $1,000.00 in attorneys' fees. Select is entitled to attorneys' fees as part of the Cure Amounts for the Leases, as the Leases specifically provide for the recovery of attorneys' fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by Select in enforcing its rights under the Leases must be paid as part of any assumption of the Leases. *See id.*

4

of claims and liabilities) against Select that presently exist or may exist in the future, for which the Debtors may be obligated to indemnify and defend Select. Select reserves its rights under the Leases and applicable law to assert against the Debtors or any other appropriate party, including the reorganized Debtors, any and all amounts that may be due and owing to it or their affiliated or related parties for the indemnification and contribution obligations under the Leases. All rights of Select under the Leases for setoff, recoupment, and subrogation (including defenses thereto) must survive assumption, notwithstanding any terms or conditions to the contrary.

13. Consistent with the foregoing, Select respectfully requests that any order approving the assumption of the Leases provide, among other things, that the Debtors promptly pay to Select all amounts due and owing under the Leases through the effective date of assumption of the Leases (i.e., the Cure Amounts), as the same may increase to reflect attorneys' fees and any other amounts that become due or are determined after the date of this Limited Objection. In addition, Select respectfully requests that the order specifically provide that the Debtors will be responsible for paying the following charges when they become due, regardless of whether these obligations and charges accrue prior to or after effective date of assumption of the Leases:

a) all accruing but unbilled charges under the Leases, including but not limited to all unpaid year-end and other adjustments and reconciliations (such as adjustments for common area maintenance, taxes and similar charges);

b) all regular or periodic adjustment of charges under the Leases which were not due or had not been determined as of the date of this Limited Objection;

c) all percentage rent that may be due under the Leases; and

d) all insurance, indemnification and other contractual obligations under the Leases, including but not limited to indemnification obligations relating to currently unknown and/or unasserted claims against Select that presently exist or may exist in the future, for which the tenant under the Leases may be obligated to indemnify and defend Select.

14. Such provisions are supported by the statutory requirement that the Debtors cure

all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Leases. See 11 U.S.C. § 365(b)(1).

15. Finally, the term of the Baby Lease will expire pursuant to its own terms on January 31, 2024. The Debtors improperly attempted to exercise an option to renew the Baby Lease by sending a letter to Select on June 20, 2023. Pursuant to Section 5 of the Second Amendment to the Baby Lease dated May 18, 2021, any option to renew the Baby Lease was required to be exercised on or before May 7, 2023. On June 22, 2023, Select sent notice to the Debtors indicating that the Debtors had invalidly attempted to exercise its option to renew the Baby Lease and that the Baby Lease will automatically terminate on January 31, 2023. Any assumption or assumption and assignment of the Baby Lease will be subject to the natural expiration of the Baby Lease on January 31, 2023. Select reserves all its rights accordingly, including its rights to amend or supplement this Limited Objection regarding this issue.

16. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by Select of any of its rights under any of the Leases, the Bankruptcy Code, or applicable law. Select expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Limited Objection and to assert any additional objections with respect to the Cure Amounts; (b) amend the Cure Amounts; (c) assert any nonmonetary defaults under the Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the Leases; and (e) assert any further objections as it deems necessary or appropriate, including objections with respect to the Proposed Sale and objections with respect to adequate assurance of future performance.

**WHEREFORE**, Select respectfully requests that this Court: (a) sustain this Limited Objection; (b) affirmatively require the Debtors to pay all amounts owing to Select under the

Leases through the effective date of any assumption of the Leases plus attorneys' fees; (c) affirmatively require the Debtors to comply with each and every term, condition and obligation set forth in the Leases; and (d) grant Select such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: June 26, 2023

**FROST BROWN TODD LLP**

*/s/ Jordan S. Blask*

Jordan S. Blask
NJ I.D. #JB4173
**Frost Brown Todd LLP**
501 Grant Street, Suite 800
Pittsburgh, PA 15219
Telephone: (412) 513-4300
Facsimile: (412) 513-4299
Email: jblask@fbtlaw.com

--and--

A.J. Webb, Esq. (*pro hac vice* forthcoming)
**Frost Brown Todd LLP**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981

*Counsel for Select Consolidated Management, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I caused a copy of the foregoing to be served by electronic means through the ECF system to all registered ECF participants and via electronic mail upon the parties listed below:

| | |
|---|---|
| Michael D. Sirota<br>Warren A. Usatine<br>Felice R. Yudkin<br>**Cole Schotz, P.C.**<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Counsel to Debtors* | Joshua A. Sussberg<br>Emily E. Geier<br>Derek I. Hunter<br>**Kirkland & Ellis LLP**<br>**Kirkland & Ellis International LLP**<br>Joshua.sussberg@kirkland.com<br>Emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>*Co-Counsel to Debtors* |
| Alexandria Nikolinos<br>Fran B. Steele<br>**U.S. Department of Justice**<br>Alexandria.nikolinos@usdoj.gov<br>fran.b.steele@usdoj.gov<br><br>*U.S. Trustee* | Beth E. Levine<br>Colin R. Robinson<br>Bradford J. Sandler<br>**Pachulski Stang Ziehl & Jones, LLP**<br>blevine@pszjlaw.com<br>crobinson@pszjlaw.com<br>bsandler@pszjlaw.com<br><br>*Counsel to Official Committee of Unsecured Creditors* |

*/s/ Jordan Blask*
Jordan Blask

# Exhibit A

0133008.0769661   4858-6462-7563v4

9

**Exhibit A**