UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

Sirlin Lesser & Benson, P.C.
Dana S. Plon, Esquire (#019621997)
123 South Broad Street, Suite 2100
Philadelphia, PA  19109
(215) 864-9700
dplon@sirlinlaw.com
*Attorney for Riverhead Centre Owners, LLC*

| In re: | Chapter 11 |
|---|---|
| BED BATH & BEYOND INC., *et al.* Debtors[1] | Case No. 23-13359 (VFP) |
| | Honorable Vincent F. Papalia |
| | Jointly Administered |

## OBJECTION OF RIVERHEAD CENTRE OWNERS, LLC TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Riverhead Centre Owners, LLC, successor in interest to BIT Investment Twenty-Seven, LLC, ("Landlord") [2], by and through its undersigned counsel, hereby files its objection (the "Objection") to the Notice To Contract Parties To Potentially Assumed Executory Contracts And Unexpired Leases [Docket No. 714] (the "Cure Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Landlord Riverhead Centre Owners LLC acquired the property subject to the Lease Agreement by Bargain and Sale Deed dated April 19, 2023 and is the current owner of the property subject to the Lease Agreement.

**BACKGROUND**

A. **The Lease Agreement**

1. Landlord, as lessor, and Debtor, Bed Bath & Beyond Inc. ("BBB"), as lessee, are parties to that certain Lease Agreement dated September 23, 2009 (as extended, and as may be amended, supplemented or otherwise modified, the "Lease Agreement").

2. BBB is currently in default of its obligations owing under the Lease Agreement as a result of BBB's failure to pay Landlord rent and other charges due and owing to Landlord.

B. **Bankruptcy Case**

3. On April 23, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. On April 25, 2023, the Court entered the Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief [Docket No. 92] (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures and the Assumption and Assignment Procedures.

5. Pursuant to the Bidding Procedures Order, on June 13, 2023, the Debtors filed the Cure Notice.

6. The Debtors listed the Lease Agreement in the Cure Notice and assert that its associated Cure Payment is $29,137.87. See Cure Notice at Item No. 320.

**C.    Objection**

7. While Landlord reserves and preserves all rights with respect to the potential assumption and assignment of the Lease Agreement, Landlord objects to the proposed Cure Payment for the Lease Agreement listed in the Cure Notice.

8. According to Landlord's books and records, the Cure Payment for the Lease Agreement as of June 8, 2023 is $89,539.56 (the "Actual Cure Amount"). A true and of Tenant's account statement itemizing the Actual Cure Amount is attached hereto as **Exhibit 1** and made a part hereof.

9. Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an unexpired lease or executory contract on which there has been a default unless it: (a) cures the default or provides adequate assurance that the default will be promptly cured; (b) compensates or provides adequate assurance that any pecuniary loss of the counterparty resulting from the default will be promptly compensated; and (c) provides adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1); *see also Kimmelman v. Port Auth. of N.Y. & N.J.* (*In re Kiwi Int'l Air Lines, Inc.*), 344 F.3d 311, 317-18 (3d Cir. 2003) ("In order to assume [an executory contract or unexpired lease], the debtor in possession must cure defaults and provide assurance of future performance."); *In re Bruno, No. 06-21423*, 2008 Bankr. LEXIS 910, at *8 (Bankr. D.N.J. Mar. 27, 2008) (11 U.S.C. § 365(b)(1)(a) "does not permit an unexpired lease to be assumed unless, at the time of assumption, the debtor cures the monetary default(s) thereunder…").

10. Landlord therefore objects to the stated Cure Payment of the Lease Agreement and asserts that, in order for BBB to assume and assign the Lease Agreement, the Debtors must, inter alia, pay the Actual Cure Amount plus any obligations incurred thereunder through the date of assumption.

**D.    Reservation of Rights**

11.    Landlord expressly reserves the right to make such other and further objections as may be appropriate or necessary with respect to the Sale Transaction and the Cure Notice, including but not limited to, any additional objections regarding the prospective assumption and assignment of the Lease Agreement and adequate assurance of future performance under Section 365(b)(1) of the Bankruptcy Code.

**WHEREFORE**, to the extent the Debtors seek to assume and assign the Lease Agreement, Landlord respectfully requests that the Court deny the Debtors' stated Cure Payment for the Lease Agreement and order that the Cure Payment for the Lease Agreement be established as $89,539.56 as of June 8, 2023, plus any and all obligations incurred under the Lease Agreement on or after June 8, 2023.

SIRLIN LESSER & BENSON, P.C.

By: */s/ Dana S. Plon*
DANA S. PLON, ESQUIRE
*Attorney for Creditor,*
*Riverhead Centre Owners, LLC*
123 S. Broad Street, Suite 2100
Philadelphia, PA 19109
Phone: (215) 864-9700
dplon@sirlinlaw.com