| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**FROST BROWN TODD LLP**<br>Jordan S. Blask, Esq. (NJ I.D. #JB4173)<br>501 Grant Street, Suite 800<br>Pittsburgh, PA 15219<br>Telephone: (412) 513-4300<br>Facsimile: (412) 513-4299<br>Email: jblask@fbtlaw.com<br>      --and--<br>Ronald E. Gold (Ohio Bar No. 0061351)<br>Admitted *pro hac vice*<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, OH 45202<br>Telephone: (513) 651-6800<br>Facsimile: (513) 651-6981<br>E-mail rgold@fbtlaw.com<br><br>*Counsel to Cintas Corporation* | |
| In Re:<br><br>Bed Bath & Beyond Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Hon. Judge Vincent F. Papalia<br><br>(Jointly Administered) |

**OBJECTION OF CINTAS CORPORATION TO THE NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RESERVATION OF RIGHTS**

Cintas Corporation ("Cintas"), by its undersigned counsel, hereby files this this objection

(this "Objection") in connection with the Debtors' *Notice to Contract Parties to Potentially Assumed*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

*Executory Contracts and Unexpired Leases* (Docket No. 714) (the "Notice").[2] In support of this Objection, Cintas respectfully states:

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Cintas and the Debtors were parties to that certain National Fire Protection Agreement dated June 1, 2013 (the "Agreement") pursuant to which Cintas provided the Debtors with fire extinguishing equipment and related services.

4. On January 26, 2023, in accordance with the terms of the Agreement, Cintas sent the Debtors written notice of termination of the Agreement (the "Termination Notice") due to the Debtors' failure to remit payments due and owing to Cintas under the Agreement in an amount not less than $94,733.79. A copy of the Termination Notice is attached hereto as **Exhibit A**. The Debtors received the Termination Notice on January 30, 2023. A copy of the proof of delivery of the Termination Notice is attached hereto as **Exhibit B**. Pursuant to the Termination Notice, the termination of the Agreement was effective March 20, 2023, prior to the Petition Date.

5. On April 25, 2023, the Court entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Approving Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines*

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Notice.

2

*and an Auction, (IV) Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief* (Docket No. 92) (the "Bidding Procedures Order"), which, among other things, approved the Bidding Procedures and procedures for (i) filing objections to the proposed sale and (ii) providing notice to contract counterparties of assumption and assignment of any executory contracts in connection with the proposed sale.

6. On June 13, 2023, pursuant to the Bidding Procedures Order, the Debtors filed the Notice identifying certain executory contracts and unexpired leases that the Debtors may assume and assign. The Notice includes the terminated Agreement and sets forth a proposed cure amount of $0.00.

7. On June 22, 2023, the Debtors filed the *Notice of Successful Bidder and Backup Bidders With Respect to the Stalking Horse Bid and June 21, 2023 Auction* [Docket No. 877] (the "Notice of Successful Bidder") identifying Overstock.com, Inc. as the successful bidder for the Debtors' IP assets and mobile platform (subject to certain exclusions), and JOWA Brands LLC as the backup bidder solely with respect to certain IP assets associated with the Debtors' Wamsutta brand, and Ten Twenty Four, Inc. as the backup bidder solely with respect to the Debtors' Beyond.com assets.

8. The Notice of Successful Bidder includes the asset purchase agreement associated with the Successful Bid (the "Overstock APA"); however, the Overstock APA, as filed, does not include the Disclosure Schedules (as defined in the Overstock APA) related to the Acquired Assets (as defined in the Overstock APA), which, among other things, identify the executory contracts that are Transferred Contracts (as defined in the Overstock APA) and other assets, properties, and rights that are Acquired Assets (as defined in the Overstock APA). Accordingly, as of the filing of this Objection, Cintas has not been able to review the Disclosure Schedules (as defined in the Overstock APA) to determine if its rights are impacted beyond the impact identified in this

3

Objection.

## **OBJECTION**

9. Cintas objects to the possible assumption and assignment of the Agreement because the terminated Agreement is not part of the Debtors' bankruptcy estate under section 541 of the Bankruptcy Code and, therefore, not subject to assumption and assignment by the Debtors.

10. Section 541(a)(1) of the Bankruptcy Code provides that "all legal or equitable interests of the debtor in property *as of the commencement of the case*" are property of the estate. 11. U.S.C. § 541(a)(1) (emphasis added). Here, upon termination of the Agreement on March 20, 2023, the Debtor no longer had any legal or equitable interest in the Agreement. Accordingly, the Agreement never became property of the Debtors' bankruptcy estate, and the Debtors may not now seek to assume and assign the Agreement.

11. Further, pursuant to section 365 of the Bankruptcy Code, a debtor may assume or reject an executory contract or unexpired lease upon approval by the court. However, a debtor may not assume an executory contract or unexpired lease that was properly terminated prior to the debtor's bankruptcy filing. *In re Indri*, 126 B.R. 443, 445 (Bankr. D.N.J. 1991). As noted by the Third Circuit, "an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets." *In re Triangle Laboratories, Inc.*, 663 F.2d 463, 467-68 (3d Cir. N.J. 1981).

12. Through the Termination Notice, the Agreement was validly terminated by Cintas prior to the Petition Date. The Debtors did not respond or otherwise challenge the Termination Notice prepetition. Therefore, the Debtors are prohibited from assuming and assigning the Agreement as set forth in the Notice. Cintas respectfully requests that the Court deny the Debtors' proposed

assumption and assignment of the terminated Agreement pursuant to the Notice.

14. Notwithstanding the foregoing and without waiving any rights, including all rights and remedies under the Agreement and those related to the termination of the Agreement, the current amount owed to Cintas under the Agreement by the Debtors is not less than $94,733.79, plus attorneys' fees and other costs and expenses incurred by Cintas as a result of the Debtors' default.

## RESERVATION OF RIGHTS

14. Nothing in this Objection is intended to be, or should be construed as, a waiver by Cintas of any of its rights under the Agreement, the Bankruptcy Code, or applicable law. Cintas expressly reserves all such rights, including, without limitation, (i) the right to supplement and/or amend this Objection and to assert any additional or further objections with respect to the Notice as it deems necessary or appropriate; (ii) its setoff, recoupment and any other legal rights that exist in law and equity with respect to the terminated Agreement and the proposed Sale.  Additionally, Cintas reserves its rights to: (a) to supplement and/or amend this Reservation of Rights, (b) to assert any additional objections with respect to any proposed assumption and assignment of the Agreements, the proposed Sale, the Stalking Horse Agreement and the proposed Sale Order, and/or (c) assert any further objections as it deems necessary or appropriate as it relates to the Agreements and/or the interests of Cintas.

## JOINDER

15. Cintas joins in any objections to the extent that they are not inconsistent with this Reservation of Rights.

**WHEREFORE**, Cintas respectfully requests that this Court sustain this Objection and grant Cintas such other and further relief as this Court deems just and appropriate under the circumstances.

Dated:  June 26, 2023                                **FROST BROWN TODD LLP**

/s/ *Jordan S. Blask*
Jordan S. Blask
NJ I.D. No. JB4173
Sloane B. O'Donnell, Esq.
PA ID No. 321295
(*Pro hac vice* admission forthcoming)
501 Grant Street, Suite 800
Pittsburgh, PA 15219
Telephone: (412) 513-4300
Facsimile: (412) 513-4299
Email:  jblask@fbtlaw.com

--and--

Ronald E. Gold, Esq.
Ohio Bar No. 0061351
(Admitted *pro hac vice*)
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com

*Counsel to Cintas Corporation*