| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>John S. Mairo, Esq.<br>jsmairo@pbnlaw.com<br>--and—<br>**WINSTEAD PC**<br>500 Winstead Building<br>2728 N. Harwood Street<br>Dallas, Texas 75201<br>(214) 745-5400<br>(214) 745-5390 Facsimile<br>Phillip Lamberson<br>plamberson@winstead.com<br>Annmarie Chiarello<br>achiarello@winstead.com<br>Steffen R. Sowell<br>ssowell@winstead.com<br><br>*Counsel for DFW Lewisville Partners GP* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*[1],<br><br>      Debtor. | Chapter 11<br><br>Case No.: 23-13359 (VFP)<br><br>(Jointly Administered) |

# OBJECTION TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

DFW Lewisville Partners GP (the "Landlord"), lease counter-party, creditor, and holder of claims against Bed Bath & Beyond, Inc. (the "Tenant,"), together with its affiliates and debtors-

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

7385384

in-possession (collectively, the "Debtors" in the above captioned, jointly administered bankruptcy cases (the "Chapter 11 Cases")), files this *Objection* (the "Objection") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "Cure Notice"), and in support thereof, would respectfully demonstrate to this Court as follows:

**PROCEDURAL BACKGROUND**

1. On April 23, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain in possession and management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in these Chapter 11 Cases.

3. The Landlord is a party-in-interest in these Chapter 11 Cases.

4. On April 25, 2023, the Court entered the *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Docket No. 92] (the "Bidding Procedures Order").

5. On May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422] (the "Lease Sales Procedures Order").

6. On June 13, 2023, the Debtors filed the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "Cure Notice"). The

2

7385384

Cure Notice expressly references the Bidding Procedures Order, but this Objection also applies to the Lease Sales Procedures Order, to the extent the Cure Notice relates to that order.

## FACTUAL BACKGROUND

7. Prior to the Petition Date, on January 4, 2016, the Landlord and the Tenant entered into that certain Industrial Lease (the "Lease"), whereby the Tenant agreed to lease the nonresidential real property located at 2900 S. Valley Parkway, Lewisville, Texas 75067 (as further described by the Lease, the "Premises"). A true and correct copy of the Lease is attached hereto as **"Exhibit A"** and incorporated herein for all purposes.

8. Pursuant to the Lease, the Tenant is responsible for monthly Base Rent (as defined by the Lease), Operating Expenses (as defined by the Lease), and other amounts (including attorneys' fees) due and owing under the Lease.

9. The Tenant occupied the Premises prior to the Petition Date. Since the Petition Date, the Tenant has continued to occupy the Premises and use the Premises to operate its business.

10. As of the date of this filing, the Tenant is indebted to the Landlord in the amount of at least $23,684.00 related to amounts that are due and owing in connection with the Lease, including, but not limited to, unpaid attorneys' fees (the "Cure Amount").

11. On June 13, 2023, the Debtors filed the Cure Notice. The Cure Notice states that the Debtors may seek to assume and/or assume and assign the Lease. However, the Cure Notice does not specify an assignee of the Lease, the terms of the assignment or provide any adequate assurance information with respect to a proposed assignee of the Lease.

12. Pursuant to the Cure Notice, the Debtors' proposed cure amount is $0.00.

## OBJECTION

13. The Landlord objects to the proposed assumption and/or assumption and assignment of the Lease because the Tenant has failed to comply with the Bankruptcy Code,

3

7385384

particularly Section 365(b), (c) and (f)(2).

14.     The Lease is an "unexpired lease" as that term is defined in Section 365(b)(1) of the Bankruptcy Code. Pursuant to Sections 365(b)(1) and (f)(2) of the Bankruptcy Code, the Tenant may not assume and assign the Lease unless it: (i) cures or provides adequate assurance that it will promptly cure any monetary default(s) under the Lease; (ii) compensates the Landlord for any actual pecuniary loss resulting from any default under the Lease; and (iii) provides adequate assurance of future performance under the Lease. 11 U.S.C. § 365(b) and (f); *see also Spyglass Media Grp., LLC v. Bruce Cohen Prods (In re Weinstein Co. Holdings, LLC),* 997 F.3d 497, 501 (3d Cir. 2021).

15.     The Cure Notice does not comply with Sections 365(b), (c) and (f)(2) of the Bankruptcy Code, as it does not: (i) provide adequate assurance that the Debtors or assignee will pay the Cure Amount; (ii) provide adequate assurance of future performance under the Lease; or (iii) name the potential assignee for the Lease or provide the terms of such assignment. In order to assume the Lease, the Debtors must cure the Lease by paying the Cure Amount. Similarly, the Debtors have not provided any evidence of adequate assurance of future performance under the Lease. Finally, absent identification of the potential assignee and terms of assignment, the Landlord cannot make a business judgment as to the acceptability of the proposed assignee.

16.     Because the Debtors are running overlapping sales processes that may include the same assets and are not identifying which assets are included in which process until after the fact, it is very difficult to determine which deadlines apply to the Lease. For the sake of clarity, Landlord intends for this Objection to apply to any attempt to assume and/or assign the Lease under any motion or process, without prejudice to Landlord's ability to amend this Objection or otherwise make additional objections later.

7385384

## RESERVATION OF RIGHTS

17. The Landlord hereby reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, additional objections regarding assignment or adequate assurance of future performance of the Lease pursuant to Section 365 of the Bankruptcy Code. The Landlord further reserves its right to amend or supplement the Cure Amount, including to amend or supplement: (a) any post-petition rent and other charges pursuant to the Lease; (b) certain amounts due and owing under the Lease, but which may be unbilled as of the date hereof; or (c) any regular or periodic adjustment of charges under the Lease, which were not or had not been determined as of the date hereof.

## PRAYER

The Landlord respectfully requests that this Court enter an order denying the assumption and assignment of the Lease and granting the Landlord such other and further relief to which it may justly and fairly be entitled, both at law and in equity.

Dated: June 26, 2023

**PORZIO BROMBERG & NEWMAN, P.C.**

By: */s/ John S. Mairo*
John S. Mairo, Esq.
100 Southgate Parkway
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Facsimile
jsmairo@pbnlaw.com

-and-

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400
(214) 745-5390 Facsimile
Phillip Lamberson, Esq.
plamberson@winstead.com

7385384

        Annmarie Chiarello, Esq.
achiarello@winstead.com
Steffen R. Sowell, Esq.
ssowell@winstead.com

*Counsel for DFW Lewisville Partners GP*

7385384

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, I caused a true and correct copy of the foregoing document to be served by electronic means through the CM/ECF system to all registered participants in this case and by e-mail on the parties identified on the Service List.

/s/   *John S. Mairo*
John S. Mairo

7385384

# SERVICE LIST

**Counsel to the Debtors**

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter, and Ross J. Fielder
joshua.sussberg@kirkland.com; emily.geier@kirkland.com; derek.hunter@kirkland.com; ross.fiedler@kirkland.com

**Co-Counsel to the Debtors**

Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, NY 07601
Attn: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq.
msirota@coleschotz.com; wusatine@coleschotz.com; fyudkin@coleschotz.com

**Counsel to the Prepetition ABL Agent**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Marshall S. Huebner, Adam L. Shpeen, Steven Z. Szanzer, and Michael Pera
marshall.huebner@davispolk.com; adam.shpeen@davispolk.com; steven.szanzer@davispolk.com; michael.pera@davispolk.com

**Counsel to the DIP Agent**

Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Attn: David M. Hillman and Megan R. Volin
DHillman@proskauer.com; MVolin@proskauer.com

7385384

**Office of the United States Trustee**
**For Region 3, District of New Jersey**

Raymond Boulevard
Suite 2100
Newark, NY 07102
Attn: Fran B. Steele
Fran.B.Steele@usdoj.gov

**Counsel to the Official Committee of Unsecured Creditors**

Pachulski Stang Ziehl & Jones LLP
Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com; bsandler@pszjlaw.com; plabov@pszjlaw.com; crobinson@pszjlaw.com

**Stalking Horse Bidder**

Overstock.com, Inc.
799 W. Coliseum Way
Midvale, UT 84047
Attention: Chief Legal Officer and Corporate Secretary
gnickle@overstock.com

**Counsel to Stalking Horse Bidder**

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Attn: Scott K. Charles, Michael S. Benn, and Gordon S. Moodie
SKCharles@wlrk.com, MSBenn@wlrk.com, GSMoodie@wlrk.com

7385384