| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in compliance with D.N.J. LBR 9004-1(b)<br><br>Richard M. Kremen, Esq.<br>**DLA Piper LLP (US)**<br>650 South Exeter Street<br>Suite 1100<br>Baltimore, Maryland 21202<br>Telephone: (410) 580-4328<br>Facsimile: (410) 580-3011<br>Email: richard.kremen@dlapiper.com<br><br>Aaron S. Applebaum, Esq.<br>**DLA Piper LLP (US)**<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>Email: aaron.applebaum@us.dlapiper.com<br><br>Counsel for WM Sunset & Vine LLC | |
| In re:<br><br>Bed Bath & Beyond Inc., et al.,<br><br>      Debtors.[1] | Case No. 23-13359<br><br>Chapter 11<br><br>Judge: Hon. Vincent F. Papalia |

## LIMITED OBJECTION OF WM SUNSET & VINE LLC TO CURE AMOUNT IN CONNECTION WITH POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE AND RESERVATION OF RIGHTS

  WM Sunset & Vine LLC ("Landlord"), through its undersigned counsel, respectfully submits this limited objection to the *Notice to Contract Parties to Potentially*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

*Assumed Executory Contracts and Unexpired Leases* [D.I. 714] ("Notice"), and in support hereof states as follows:

## Background

1.     On April 23, 2023 ("Petition Date"), each of the above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.     On June 13, 2023, the Debtors filed the Notice, which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the contract or agreement listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transaction." Notice, p.2 (emphasis in original).[2]

3.     Exhibit A to the Notice includes a lease with the Landlord (incorrectly described on the Notice as "Sunset & Vine Apartment") for the premises located in Hollywood, California, described in the Notice as "Lease Agreement – 1557 Vine Street, Hollywood, CA" ("Lease"). Exhibit A to the Notice identifies Sunset & Vine Apartment as the counterparty and asserts that the cure cost for the Lease is $181.02.

4.     In addition, on May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [D.I. 422] ("Lease Sale Procedures Order"). The Lease Sale

---

[2] Capitalized terms in the Notice have the meanings set forth in the Court's order approving bidding procedures [D.I 92] (the "Bidding Procedures Order").

Procedures Order, among other things, approves additional sale procedures related to the Debtors' potential sale of leases, and permits landlords to submit bids in connection with their leases, including credit bids of their undisputed cure amounts.

## Limited Objection

5. The Landlord asserts that the correct cure amount for the Lease, as of the date of filing this limited objection, is $2,039.77 ("Correct Cure Amount"), which includes pre-Petition amounts due and owing under the Lease.

6. If the Lease is to be assumed or assumed and assigned, the Debtors or the assignee should be required to pay the Landlord the Correct Cure Amount in accordance with section 365(b) of the Bankruptcy Code, together with any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned.

7. In addition to cure costs, the Landlord is entitled to adequate assurance of future performance by any assignee under section 365(f)(2)(B) of the Bankruptcy Code. As a shopping center lease, this also requires satisfaction of the provisions of section 365(b)(3), which requires adequate assurance:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;

    (C)    that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center; and

    (D)    that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

8. The Landlord objects to the extent any proposed assignment of the Lease fails to comply with any of the foregoing requirements under section 365(b)(3) of the Bankruptcy Code.

### Reservation of Rights

9. Landlord further reserves the right to amend and/or supplement this objection and the Correct Cure Amount. Further, while the Lease Sale Procedures Order is not referenced in the Notice, Landlord further reserves all rights with respect thereto. All objections and reservations asserted herein apply with equal force to any proposed sale, assumption or assignment under the Lease Sale Procedures Order, to the extent applicable.

### Conclusion

**WHEREFORE**, Landlord respectfully requests that the Court sustain this limited objection by conditioning assumption and assignment of the Lease on: (1) payment to Landlord of the Correct Cure Amount plus any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed

4

and assigned; and (2) provision of adequate assurance of future performance, including without limitation as required by section 365(b)(3) of the Bankruptcy Code, and grant any other and further relief that the Court may deem appropriate.

Dated: June 26, 2023 **DLA PIPER LLP (US)**

/s/  Aaron S. Applebaum

Aaron S. Applebaum, Esq.
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: aaron.applebaum@us.dlapiper.com

-and-

Richard M. Kremen, Esq.
650 South Exeter Street, Suite 110
Baltimore, Maryland 21202
Telephone: (410) 580-4328
Facsimile: (410) 580-3011
Email: richard.kremen@dlapiper.com

*Counsel for WM Sunset &Vine LLC*