| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>Courtney M. Brown<br>VEDDER PRICE P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>Tel.: (212)407-7700<br>Email: cmbrown@vedderprice.com<br><br>*Counsel for CMR Limited Partnership* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Case No. 23-13359 (VFP)<br><br>Chapter 11<br><br>Judge Vincent F. Papalia<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF CMR LIMITED PARTNERSHIP TO
CURE AMOUNT IN CONNECTION WITH NOTICE TO CONTRACT PARTIES TO
POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND RESERVATION OF RIGHTS**

CMR Limited Partnership ("CMR"), by and through its undersigned attorneys, hereby submits this limited objection to the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "Notice"), as follows:

**Background**

1. CMR and debtor Bed Bath & Beyond of Lincoln Park, Inc. (the "Debtor") are parties to that certain Lease Agreement dated December 13, 1993, as amended, for the premises

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

VP/#61721722.1

known as +/- 43,200 RSF on the first and second floors of the Clybourn Place retail center located at 1800 North Clybourn Avenue, Chicago, Illinois 60614 (the "Lease").

2. Debtor Bed Bath & Beyond Inc. is a guarantor of the Lease.

3. On April 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases in the United States Bankruptcy Court for the District of New Jersey.

4. On April 25, 2023, the Court entered an Order [Docket No. 92] approving bidding procedures (the "Bidding Procedures Order") in connection with potential sales of the Debtors' assets.[2]

5. In addition, on May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422] ("Lease Sale Procedures Order"). The Lease Sale Procedures Order, among other things, approves additional sale procedures related to the Debtors' potential sale of leases, and, among other things, provides for additional adequate assurance information to be given to landlords and permits landlords to submit bids in connection with their leases, including credit bids of their undisputed cure amounts.

6. On June 13, 2023, the Debtors filed the Notice, which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors may assume and assign to the Successful Bidder the contract or agreement listed on Exhibit A to which you are a counterparty, upon approval of the Sale Transaction." Notice, p.2.

7. Exhibit A to the Notice includes the Lease with CMR, identifies CMR as the counterparty to the Lease and asserts that the "cure amount" for the Lease is $0.00. Notice, p.13.

---

[2] Capitalized terms used in the Notice have the meanings ascribed to such terms in the Bidding Procedures Order.

**Limited Objection**

8. CMR asserts that the correct cure amount for the Lease as of June 21, 2023 is not less than **$281,915.46** ("Correct Cure Amount"), which amount includes pre-Petition Date fixed rent and rent adjustments and post-Petition Date rent shortfalls, plus taxes, fees and other costs due and owing under the Lease, all of which continue to accrue.

9. If the Lease is to be assumed or assumed and assigned, the Debtors or the assignee are required to pay CMR the Correct Cure Amount in accordance with section 365(b) of the Bankruptcy Code, together with any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned.

10. Section 365(b) of the Bankruptcy Code also requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and provide adequate assurance of future performance under the contract. *See* 11 U.S.C. §365(b)(1); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("In order for a debtor to assume a contract under § 365(b)(1), it must: (1) cure existing default or provide adequate assurance that cure will promptly occur, 365(b)(1)(A); (2) compensate any party to the agreement that has suffered actual pecuniary loss as a result of default, or provide adequate assurance of prompt compensation to the injured party, § 365(b)(1)(B); and (3) provide adequate assurance of future performance under the agreement before assumption will be permitted, § 365(b)(1)(c)."). This includes both pre-petition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

11. In addition to payment of the Correct Cure Amount, CMR is entitled to adequate assurance of future performance by any proposed assignee of the Lease. As of the date hereof, despite the requirements to provide adequate assurance information placed on the Debtors in the

Bidding Procedures Order and the Lease Sale Procedures Order, neither CMR nor its counsel have received any adequate assurance information regarding potential assignees of the Lease. Without such information it is impossible for CMR to even assess whether the Debtor or any proposed assignee can provide adequate assurance of future performance as required under Section 365(b)(1)(c).

### Reservation of Rights

12.    CMR reserves the right to amend and/or supplement this objection and the Correct Cure Amount. CMR reserves the right to file further objections with respect to any proposed sale of the Lease or assumption and assignment of the Lease. Further, while the Lease Sale Procedures Order is not referenced in the Notice, CMR further reserves all rights with respect thereto. All objections and reservations asserted herein with respect the Correct Cure Amount, adequate assurance or otherwise apply with equal force to any proposed sale, assumption or assignment under the Lease Sale Procedures Order, to the extent applicable.

### Conclusion

WHEREFORE, CMR Limited Partnership respectfully requests that the Court sustain this Limited Objection by conditioning assumption and assignment of the Lease on: (1) payment to CMR of the Correct Cure Amount plus any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned; and (2) provision of adequate assurance of future performance as required by the Bankruptcy Code, and grant any other and further relief that the Court may deem appropriate.

VP/#61721722.1

| | |
|---|---|
| Dated: New York, New York<br>June 26, 2023 | Respectfully submitted,<br><br>VEDDER PRICE P.C.<br><br>By: /s/ *Courtney M. Brown*<br>Courtney M. Brown<br>cmbrown@vedderprice.com<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>T: (212) 407-7700<br>F: (212) 407-7799<br><br>David L. Kane (*admitted pro hac vice*)<br>dkane@vedderprice.com<br>222 N. LaSalle Street, Suite 2600<br>Chicago, Illinois 60601<br>T: (312) 609-7500<br><br>*Attorneys for CMR Limited Partnership* |