| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(a) | |
| Benesch, Friedlander, Coplan & Aronoff LLP <br> Kevin M. Capuzzi (NJ No. 173442015) <br> Continental Plaza II <br> 411 Hackensack Ave., 3rd Floor <br> Hackensack, NJ 07601-6323 <br> Telephone: (302) 442-7010 <br> Facsimile: (302) 442-7012 <br> kcapuzzi@beneschlaw.com <br><br> *Counsel to Infosys Limited and Infosys McCamish Systems LLC* | |
| In re: <br><br> BED BATH & BEYOND INC., *et al.*,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> Judge: Vincent F. Papalia |

### LIMITED OBJECTION OF INFOSYS LIMITED AND INFOSYS MCCAMISH SYSTEMS LLC REGARDING NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Infosys Limited and Infosys McCamish Systems LLC (together, "Infosys"), by and through their undersigned counsel, hereby file this Limited Objection to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (the "Cure Notice") [D.I. 714], and in support thereof, respectfully state as follows:

### BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

"Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Infosys and debtor Bed Bath & Beyond Inc. ("BBBY") are parties to several agreements, purchase orders, and statements of work, including, as relevant to this Limited Objection, (a) that certain Master Services Agreement, dated on or about November 26, 2003 (as amended, modified, or supplemented from time to time, the "Master Services Agreement"), and (b) that certain ServiceNow Sublicense Agreement, dated on or about March 19, 2018 (as amended, modified, or supplemented from time to time, the "Sublicense Agreement").[2]

3. On June 13, 2023, the Debtors filed the Cure Notice. As it relates to the Master Services Agreement, the Cure Notice states a cure amount of $555,600.00. *See* D.I. 714, Cure Notice, at Nos. 964-966. As it relates to the Sublicense Agreement, the Cure Notice states a cure amount of $55,447.13. *See* D.I. 714, Cure Notice, at Nos. 967-968.

4. The Cure Notice also provides the following:

> **PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Executory Contract or Unexpired Lease, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Executory Contract or Unexpired Lease, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction.

D.I. 714 at p. 3.

---

[2] These agreements are not attached to this Limited Objection because they are voluminous and already in the Debtors' possession; however, they will be made available upon reasonable request.

5. In connection with the filing of the Cure Notice and the attempted sale of their business assets, on June 13, 2023, the Debtors filed the *Notice of Selection of Stalking Horse Bidder* [D.I. 708] designating Ovestock.com, Inc. as the proposed Stalking Horse Bidder and attaching the proposed asset purchase agreement (the "APA") for the transaction. Notably, Section 2.1(e) of the Disclosure Schedules, which would list the Contracts (as defined in the APA to include leases) that are included within the definition of "Acquired Assets" as defined in Section 2.1 of the APA, was not attached.

6. Thereafter, on June 22, 2023, the Debtors filed their *Notice of Successful Bidder and Backup Bidders with Respect to the Stalking Horse Bid and June 21, 2023 Auction* [D.I. 877] (the "Successful Bidder Notice"). In the Successful Bidder Notice, the Debtors disclosed that Overstock.com, Inc. was the successful bidder for the "Acquired Assets" and attached, yet again, the proposed APA, but without the Section 2.1(e) Disclosure Schedule designating the Contracts to be included in the sale. The Successful Bidder Notice also designated two additional bidders as backup bidders for certain assets. However, it is not clear whether the Master Services Agreement or the Sublicense Agreement are contemplated to be included within any of these proposed transactions.

7. For these reasons, Infosys hereby objects to (i) the proposed Cure Payments, (ii) any proposed assignment and assumption of the Master Services Agreement and Sublicense Agreement, and (iii) the ability of any proposed "Successful Bidder" to provide adequate assurance of future performance under the Master Services Agreement and Sublicense Agreement. Further, Infosys reserves all of its rights as to the potential assumption or assumption and assignment of the Master Services Agreement and Sublicense Agreement.

**OBJECTION TO PROPOSED CURE AMOUNTS**

8. In order to assume the Master Services Agreement and the Sublicense Agreement, the Debtors are required to cure defaults existing under such agreements pursuant to section 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume

such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

9. As of the Petition Date, Infosys holds a pre-petition claim against BBBY under the Master Services Agreement in the amount of no less than $555,600.00 (the "Master Services Agreement Pre-Petition Cure Claim"). Thus, the proposed Cure Payment with respect to the Master Services Agreement is accurate as of the Petition Date; however, additional amounts have accrued, and continue to accrue, after the Petition Date for which the actual amount due will not be known until a future date, after the anticipated date of assumption (or assumption and assignment).

10. As of the Petition Date, Infosys holds a pre-petition claim against BBBY under the Sublicense Agreement in the amount of no less than $1,286,119.15 (the "Sublicense Agreement Pre-Petition Cure Claim"). Thus, the proposed Cure Payment with respect to the Sublicense Agreement is incorrect. In addition, additional amounts have accrued, and continue to accrue, after the Petition Date for which the actual amount due will not be known until a future date, after the anticipated date of assumption (or assumption and assignment).

**OBJECTION TO PROPOSED ASSUMPTION AND ASSIGNMENT**

11. At this time, Infosys does not have any information as to the terms of any proposed assumption or assumption and assignment of the Master Services Agreement or the Sublicense Agreement. Further, assignment of the Sublicense Agreement requires Infosys' consent, which it has not yet given. *See* Sublicense Agreement at 12.5; *see also* 11 U.S.C. § 365(c)(1). Accordingly, Infosys submits this objection and reserves all of its rights as to any proposed assumption or assumption and assignment.

**OBJECTION TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

12. The Debtors may not assume and assign the Master Services Agreement or the Sublicense Agreement unless they can demonstrate adequate assurance of future performance of the terms of the agreements by the proposed assignee. *See* 11 U.S.C. § 365(b)(1)(C), (f)(2).

The establishment of whether adequate assurance of future has been provided is the affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under Section 365.

13. At this time, no assumption or assumption and assignment of the Master Services Agreement or the Sublicense Agreement has been proposed and, thus, Infosys does not have any information as to the identity of any "Successful Bidder" with respect to the Master Services Agreement or the Sublicense Agreement or any proposed terms. Therefore, Infosys objects to the ability of any such unidentified assignee to provide adequate assurance of its future performance pursuant to section 365(b) and reserves all of its rights.

## RESERVATION OF RIGHTS

14. Infosys specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption (or the assumption and assignment) of the Master Services Agreement or the Sublicense Agreement, including, without limitation, the proposed cure amount and the terms of assignment and any assignee's proposed adequate assurance of future performance.

15. Infosys reserves the right to amend or supplement this objection as to the cure amount or any other issue raised herein.

WHEREFORE, Infosys respectfully requests that the Court address Infosys's issues raised herein with respect to the Master Services Agreement or the Sublicense Agreement, and grant such further relief as is just and proper.

Dated: June 26, 2023

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

By: */s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (NJ No. 173442015)

*Counsel to Infosys Limited and Infosys McCamish Systems LLC*

5