| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>MANDELBAUM BARRETT PC<br>Vincent J. Roldan, Esq.<br>3 Becker Farm Road, Suite 105<br>Roseland, New Jersey 07068<br>VRoldan@mblawfirm.com<br>*Attorney for Arrowhead Palms, L.L.C.* |
| *In re:*<br><br>BED BATH & BEYOND INC., et al.,[1]<br><br>Debtors. |

Case No. 23-13359 (VFP)

Chapter 11

(Jointly Administered)

## OBJECTION OF ARROWHEAD PALMS, L.L.C. AND RESERVATION OF RIGHT WITH RESPECT TO PROPOSED CURE PAYMENT AND TO ASSUMPTION OF REAL PROPERTY LEASE

Arrowhead Palms, L.L.C. (hereinafter, "Landlord"), by and through its undersigned attorneys, hereby files its Objection and Reservation of Right With Respect to Proposed Cure Payment and to Assumption Of Real Property Lease, states as follows:

### BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the Debtors filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

"Bankruptcy Code" or "Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

## The Lease

2. Landlord and one of the Debtors, Bed Bath & Beyond, Inc. doing business as buybuyBaby ("Tenant") are parties to that certain Lease Agreement dated as of February 1, 2017, as amended by the First Amendment to Lease ("First Amendment") dated September 19, 2017 (collectively, the "Lease"), with respect to premises consisting of approximately 21,315 square feet located at 7375 West Bell Road, Peoria, Arizona 85382 (the "Premises") in the shopping center known as Arrowhead Palms Shopping Center ("Shopping Center"). A copy of the Lease is attached hereto as Exhibit A.

3. The First Amendment contains a number of substantive changes, including a clarification of the 21,315 square feet that make up the Premises, and providing the annual Fixed Rent amounts for the Initial Term and subsequent Renewal Terms. The Fixed Rent during the initial term is $287,752.50 per year, based on $13.50 per square foot per year.

4. The Premises is a retail space within a "shopping center" within the meaning of § 365(b)(3) of the Bankruptcy Code.

## The Cure Notice

5. On June 13, 2023, the Debtors filed that certain Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases (the "Cure Notice") [DE 714]. As it relates to the Lease, the Cure Notice proposes a cure amount of $34,923.11. See Cure Notice, #197, p. 9 of 46.

6. The Cure Notice also states as follows:

PLEASE TAKE FURTHER NOTICE that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Executory Contract or Unexpired Lease, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Executory Contract or Unexpired Lease, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction.

7. Landlord hereby objects to (i) the proposed Cure Payments, (ii) any proposed assignment and assumption of the Lease and (iii) adequate assurance of any proposed Successful Bidder's ability of future performance of the Lease, and reserves all of its rights as to a potential assumption or assumption and assignment of the Lease.

## **OBJECTION TO PROPOSED CURE AMOUNT**

8. In order to assume the Lease, the Debtors are required to cure defaults existing under such lease pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

9. The current breakdown of monthly Fixed Rent invoiced and required to be paid by Tenant as of the 1st day of every month is as follows:

| | |
|---|---|
| Base Rent: | $23,979.38 |
| Rent Tax: | $     551.53 |
| CAM: | $  3,785.73 |
| Rent Tax on CAM | $       87.07 |
| **TOTAL:** | **$28,403.71** |

3

10. Tenant has generally been paying its monthly Fixed Rent as it comes due. However, depending on the effective date of any proposed assumption (or assumption and assignment) of the Lease, such monthly Fixed Rent may be due or overdue and thus should be included in any cure payment to be made to Landlord, as necessary or appropriate. Landlord's cure should include rent and other charges arising after the filing of this Objection including July 2023 monthly rent and other charges, and real estate taxes.

11. Moreover, Tenant remains obligated to Landlord for additional sums under the Lease, including, but not limited to real property taxes, CAM, insurance and other charges, collectively referred to forms of ("Additional Rent"), which either will come due after the date of this Objection or for which the actual amount due will not be known until a future date after the anticipated date of assumption (or assumption and assignment).

12. For example, Arizona real estate taxes for Maricopa County are paid in arrears. The real estate taxes owed for the first half of the year 2023 will be due on or around October 1, 2023. Sometime during the month of September 2023, Landlord will receive the 2023 real estate tax bill, with the first half required to be paid by October 1, 2023.

13. Pursuant to the Lease, Tenant is required to pay its pro rata share of the first half of the 2023 real estate taxes <u>upon receipt of the invoice</u> from Landlord which will be sent to Tenant in September 2023. Tenant's <u>estimated</u> share of the real estate taxes for the first half of 2023 is $19,764.26 (which amount is based upon the amount of the 2022 Real estate taxes and is inclusive of rental taxes), which must be paid by the Tenant to Landlord on or before October 1, 2023. Landlord will know Tenant's true share of the real estate taxes once it receives the annual tax bill from Maricopa County in September 2023 and invoices Tenant thereafter. Since it is not clear what

4

the effective date will be of any proposed assumption or assumption and assignment, Tenant's portion of the real estate tax bill for 2023 must be paid by either the Debtors or any proposed assignee of the Lease in connection with assumption and/or assumption and assignment.

14. In addition, Common Area Maintenance ("CAM") and insurance charges are billed on a calendar year basis and Tenant pays an estimate of Tenant's share each month. For 2023, it is possible that Tenant could owe Landlord additional sums after reconciliation occurs after the end of the year. The obligation to pay any such amounts must be addressed by either the Debtors or any proposed assignee of the Lease in connection with any assumption or assumption and assignment of the Lease.

**RESERVATION OF RIGHT WITH RESPECT TO ASSUMPTION AND ASSIGNMENT**

15. At this time, no assumption or assumption and assignment of the Lease has been proposed and thus, Landlord does not have information as to the terms of any proposed assumption or assumption and assignment of the Lease. Therefore, Landlord objects thereto and reserves all of its rights, including its ability to object to any tenant that violates any exclusive uses or use restrictions of the Shopping Center.

16. Also, as a point of clarity, the Debtors (or any assignee) must take the Lease as it is, with all existing benefits and burdens. Moreover, the Lease contains broad indemnification obligations of Tenant which may not become known until after the assumption and assignment of the Lease. Any proposed assumption and assignment must provide for the assignee to inherit the responsibility for the indemnity obligations existing under the Lease.

**RESERVATION OF RIGHT WITH RESPECT TO**

4882-3125-3612, v. 1

## ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

17. The Debtors may not assume and assign the Lease unless they demonstrate adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(C); see also 11 U.S.C. § 365(f)(2). The provision of adequate assurance of future performance is an affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under Section 365.

18. In this case, the Lease is a shopping center lease and, as such, the Bankruptcy Code requires more than the basic adequate assurance of future performance of the Lease under Section 365(b)(1)(C). In order to assume and assign shopping center leases, the Debtors must satisfy the heightened requirements set forth in 11 U.S.C. § 365(b)(3)(A)-(D).

19. At this time, no assumption or assumption and assignment of the Lease has been proposed and thus, Landlord does not have any information as to the identity of any Successful Bidder with respect to the Lease or any proposed terms. Therefore, Landlord objects to adequate assurance of future performance pursuant to 11 U.S.C. §365(b) and reserves all of its rights, including as to credit enhancement under section 365(l) of the Code.

## FURTHER RESERVATION OF RIGHTS

20. Landlord specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption (or assumption and assignment) of the Lease, including, without limitation, the terms of assignment and an assignee's proposed adequate assurance of future performance, and the new tenant's prospective use.

21. Landlord reserves the right amend or supplement this Objection as to the cure amount or any other issue raised herein.

22. Lastly, the Lease contains provisions for recovery of attorneys' fees and costs in

the event Landlord is required to take legal action to protect its interests. Landlord reserves all of its rights to recovery of its attorneys' fees incurred in connection with any proposed assumption or assumption and assignment of the Lease.

WHEREFORE, Arrowhead Palms, L.L.C. respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated:  June 23, 2023
Roseland NJ

MANDELBAUM BARRETT PC

By: /s/ Vincent J. Roldan, Esq.
Vincent J. Roldan, Esq.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
VRoldan@mblawfirm.com

*Attorneys for Arrowhead Palms, L.L.C.*