| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>John S. Mairo, Esq.<br>jsmairo@pbnlaw.com<br>--and--<br>**ULMER & BERNE LLP**<br>1660 West 2nd Street, Suite 1100<br>Cleveland, OH  44113<br>(216) 583-7120<br>(216) 583-7121 Facsimile<br>Michael S. Tucker, Esq.<br>(*pro hac vice admission to be sought*)<br>mtucker@ulmer.com<br><br>*Counsel to KMO-361 (Paramus) LLC, Northway Mall*<br>*Properties Sub, LLC and Siegen Lane Properties LLC* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**OBJECTION OF CERTAIN LANDLORDS TO THE DEBTORS'**
**NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES**

KMO-361 (Paramus) LLC, Northway Mall Properties Sub, LLC and Siegen Lane

Properties LLC (collectively, the "**Landlords**") hereby file this objection (the "**Objection**"), by

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

and through their undersigned counsel, to the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (the "**Assumption Notice**") [Docket No. 714],[2] and respectfully represent as follows:

## THE LEASES

1.      **KMO-361 (Paramus) LLC Lease**:  KMO 361 Realty Associates and Bed Bath & Beyond Inc. (the "**KMO Tenant**") entered into that certain Lease Agreement dated as of December 22, 2011 with respect to premises consisting of 63,479 square feet of Floor Area and located at the corner of Route 17 North and Ridgewood Avenue in Paramus, New Jersey (the "**KMO Premises**").  The Lease Agreement was modified by a Modification Agreement dated as of June 28, 2012.  KMO-361 (Paramus) LLC (the "**KMO Landlord**"), as successor-in-interest to KMO 361 Realty Associates and Bed Bath & Beyond Inc. entered into the First Amendment to Lease dated as of December 31, 2022, which further amended the Lease Agreement, and which in part, extended the lease term.  The Lease Agreement, as modified or amended (including those modifications and amendments listed above) is hereinafter referred to as the "**KMO Lease**".

2.      **Northway Mall Properties Sub, LLC**:  Northway Properties, LLC and Buy Buy Baby, Inc. (the "**Northway Tenant**") entered into that certain Lease Agreement dated as of March 2010 with respect to premises located at the Northway Mall Shopping Center in Colonie, New York (the "**Northway Premises**").  The Lease Agreement was amended by the First Amendment to Lease dated as of May 13, 2010, a Second Amendment to Lease dated as of July 1, 2010, and a Third Amendment of Lease dated as of July 30, 2021, with the Third Amendment of Lease being executed by Northway Mall Properties Sub, LLC (the "**Northway Landlord**"), as successor-in-interest to Northway Properties, LLC.  The Lease Agreement, as modified or amended (including

---

[2] Terms not defined herein shall have the meanings ascribed to them in the Assumption Notice and accompanying documents.

those modifications and amendments listed above) is hereinafter referred to as the "**Northway Lease**".

3.       **Siegen Lane Properties, LLC**:  Siegen Lane Marketplace Company and Bed Bath & Beyond of Baton Rouge Inc. (the "**Siegen Tenant**") entered into that certain Agreement of Lease dated as of September 28, 1999 with respect to premises located at the Siegen Lane Marketplace in Baton Rouge, Louisiana (the "**Siegen Premises**").  The Agreement of Lease was amended by the First Amendment to Agreement of Lease dated as of May 10, 2000, a Second Amendment to Agreement of Lease dated as of January 7, 2010, a Third Amendment to Agreement of Lease dated as of May 20, 2013, a Fourth Amendment to Agreement of Lease dated as of June 27, 2013, with the Fourth Amendment to Agreement of Lease being executed by Siegen Lane Properties, LLC (the "**Siegen Landlord**"), as successor-in-interest to Siegen Lane Marketplace Company, and a Fifth Amendment to Lease dated as of September 2, 2021.  The Agreement of Lease, as modified or amended (including those modifications and amendments listed above) is hereinafter referred to as the "**Siegen Lease**" (and together with the KMO Lease and the Northway Lease, the "**Leases**".)

## BACKGROUND FACTS

4.       On April 23, 2023 ("**Petition Date**"), the Debtors filed their petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5.       The KMO Premises, the Northway Premises and the Siegen Premises (collectively, the "**Premises**") are each located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g., In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

6.       On April 25, 2023, the Court entered the *Order (I) Approving the Auction and*

*Bidding Procedures, (II) Approving Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief* [Docket No. 92] (the "**Bidding Procedures Order**") which, among other things, approved the Bidding Procedures and the terms of any Successful Bid, pursuant to which the Debtors may assume and assign certain executory contracts and unexpired leases to the Successful Bidder upon approval of the Sale Transaction.

7.      On June 13, 2023, the Debtors filed a *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "**Cure Notice**") which provided procedures for (i) filing objections to the proposed Cure Payments, (ii) objecting to a proposed assignment to the Successful Bidder, or (iii) disputing the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Contract.  Pursuant to the Cure Notice, June 26, 2023 at 5:00 pm was the Cure Objection Deadline.

8.      Pursuant to the Notice of Amendment of Cure Objection Deadline [Docket 952], the Cure Objection Deadline was extended to July 5, 2023 at 9:00 am.

9.      Pursuant to the Cure Notice, the Debtors listed the "Proposed Cure Amounts" for the Landlords' leases as follows: (i) the KMO Lease -- $70,371.34 ("**Proposed KMO Cure Amount**"); (ii) the Northway Lease -- $30,905.55 ("**Proposed Northway Cure Amount**"); and (iii) the Siegen Lease -- $0.00 ("**Proposed Siegen Cure Amount**").

10.     As of the date of this Objection, no proposed sale order has been filed nor has a stalking horse bidder been identified for any of the Leases.

## OBJECTION

11.     Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate

assurance (a) that the Debtors will promptly cure all defaults under the unexpired leases to be

assumed and assigned and (b) of the future performance of a proposed assignee under the terms of

any unexpired leases sought to be assumed and assigned.

12.     As of June 20, 2023, the Debtors' Proposed Cure Amount, including attorney fees,

are understated as follows:

| Property Name | Debtor | Debtor Proposed Cure Amounts | Lease Cure Amount | Attorneys' Fees | Total Cure Amount |
|---|---|---|---|---|---|
| KMO-361 (Paramus) LLC | Bed Bath & Beyond Inc. (listed in Notice as Buy Buy Baby, Inc.) | $70,371.34 | $385,556.26 | $2,500.00 | $388,056.26 |
| Northway Mall Properties Sub, LLC | Buy Buy Baby, Inc. | $30,905.55 | $42,415.59 | $2,500.00 | $44,915.59 |
| Siegen Lane Properties, LLC | Bed Bath & Beyond of Baton Rouge Inc. | $0.00 | $61,472.10 | $2,500.00 | $63,972.10 |

A summary of the Lease Cure Amounts as of June 20, 2023 are attached as **Exhibit A (KMO),**

**Exhibit B (Northway) and Exhibit C (Siegen).**  Thus, before the Debtors may assume and assign

the Leases, they must provide adequate assurance that they will pay these amounts and that any

proposed assignee will be able to perform under the Leases in the future.

13.     In addition, the Debtors remains responsible for all accrued or accruing charges

under the Leases and must pay such charges when they come due under the Leases.  The Debtors

must assume the Leases subject to their respective terms, and must assume all obligations owing

under the Leases, including obligations that have accrued but may not yet have been billed under

the Leases.  Any final assumption or confirmation order should clearly state that the Debtors will

assume the obligations under the Leases and pay them when due, regardless of whether they relate

to the period prior to, or after, the assumption.  Furthermore, any provision in an assumption or confirmation order that purports to release the Debtors of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Leases.

14.     Some charges for which the Debtors bear responsibility under the Leases have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods.  Subject to the terms of the Leases, the Debtors pay fixed minimum rent, along with (where applicable) a pro-rata share of expenses such as real property taxes, insurance, utilities, tenant operating contributions ("**CTOC**"), fees, annual percentage rent, and the like.  Certain charges, such as CTOC and property taxes are estimated prospectively, billed to and paid by the tenant during the year, and then reconciled after year-end. The reconciliation compares the amounts estimated and paid against actual charges incurred.  To the extent the estimated payments exceed actual charges; the result is a credit to the tenant.  To the extent the estimated payments do not cover actual charges incurred under the Leases, the result is an additional amount (or debit) for which the tenant is liable.  In some instances, year-end reconciliations and adjustments for previous years may not yet be complete.  In other instances, certain charges may be paid in arrears, and cannot be calculated (in some cases) until a year or more after year-end.  Because these accrued, but unbilled, charges are not yet due under the Leases, they do not create a current default that gives rise to a requirement to cure by the Debtors at this time.

15.     Finally, the Leases require the Debtors to indemnify and hold the Landlords harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the Premises. Any assumption of the Leases must be subject to the terms of the Leases, including the continuation of all indemnification obligations, regardless of when any

claim arose.[3]   Nothing in any assumption or confirmation order should preclude the Landlords

from pursuing the Debtors, their insurance, or any other party that may be liable under the Leases,

and the Landlords specifically reserve their rights to pursue such rights irrespective of any amounts

claimed herein.

16.     Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding balances

due under the Leases upon assumption.  To the extent there is a dispute over the total cure

obligation for the Leases, all undisputed cure amounts should be paid promptly upon the

assumption or assumption and assignment of the Leases.  The Debtors should escrow disputed

amounts, and the Court should set a status conference within thirty (30) days of the assumption of

the Lease(s) to deal with any disputes that remain unresolved after such period.

17.     The Landlords reserve the right to amend and/or supplement this Objection on any

basis, including, without limitation, by adding and supplementing objections to the Debtor's

proposed cure amounts and by adding or supplementing objections to the adequate assurance of

future performance provided by the Debtors or any proposed assignee(s).

WHEREFORE, the Landlords respectfully requests that this Court enter an Order

sustaining this Objection or granting relief consistent with this Objection, and granting the

Landlords such other and further relief as it deems just and proper.

 Dated: June 26, 2023                                          **PORZIO BROMBERG & NEWMAN, P.C.**

By: */s/ John S. Mairo*
John S. Mairo, Esq.
100 Southgate Parkway
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Facsimile
jsmairo@pbnlaw.com

---

[3]  Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f).  Therefore, any
assumption must be in accordance with all provisions of the Lease.

--and--

**ULMER & BERNE LLP**
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113
(216) 583-7120
(216) 583-7121 Facsimile
Michael S. Tucker, Esq.
*(pro hac vice admission to be sought)*
mtucker@ulmer.com

*Counsel for KMO-361 (Paramus) LLC, Northway Mall Properties Sub, LLC and Siegen Lane Properties LLC*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2023, I caused a true and correct copy of the foregoing document to be served by electronic means through the CM/ECF system to all registered participants in this case and by e-mail on the parties identified on the Service List.

*/s/ John S. Mairo*

John S. Mairo

## Service List

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Joshua A. Sussberg, P.C.,
Emily E. Geier, P.C.,
Derek I. Hunter, and
Ross J. Fiedler
Email: joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com
ross.fiedler@kirkland.com

Cole Schotz P.C.
Michael D. Sirota, Esq.
Warren A. Usatine, Esq., and
Felice R. Yudkin, Esq.
25 Main Street Hackensack
New Jersey 07601
email: msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

Davis Polk & Wardwell LLP,
450 Lexington Avenue
New York, New York 10017
Attn: Marshall S. Huebner
marshall.huebner@davispolk.com
Adam L. Shpeen
adam.shpeen@davispolk.com
Steven Z. Szanzer
steven.szanzer@davispolk.com
Michael Pera
michael.pera@davispolk.com

Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Attn: David M. Hillman
DHillman@proskauer.com
and Megan R. Volin
MVolin@proskauer.com

Office of the United States Trustee
Andrew R. Vara, U.S. Trustee, Regions 3 & 9
Fran B. Stele, Esq.
Fran.B.Steele@usdoj.gov

Pachulski Stang Ziehl & Jones LLP
Robert J. Feinstein
Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

Overstock.com, Inc.
799 W. Coliseum Way
Midvale, UT 84047
Attention: Chief Legal Officer and Corporate
Secretary
Email: gnickle@overstock.com

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Attn: Scott K. Charles
Michael S. Benn
Gordon S. Moodie
E-Mail: SKCharles@wlrk.com
MSBenn@wlrk.com
GSMoodie@wlrk.com