**MELLINGER KARTZMAN LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Steven A. Jayson, Esq.
Tel. (973) 267-0220
Fax. (973) 267-3979
sjayson@msklaw.net
*Attorneys for Farley Real Estate Associates, LLC*

| | |
|---|---|
| In re: | **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **BED BATH & BEYOND INC.,** *et. al.*, | Chapter 11 |
| Debtors. | Case No.: 23-13359 (VFP) |
| | Honorable Vincent F. Papalia |

**LIMITED OBJECTION BY LANDLORD, FARLEY REAL ESTATE ASSOCIATES, LLC TO DEBTORS' PROPOSED CURE AMOUNT AND OTHER RELIEF**

Farley Real Estate Associates, LLC ("Farley" or "Landlord"), by and through its attorneys, Mellinger Kartzman LLC, objects pursuant to Bankruptcy Code 365 (b)(1) and 365(f)(1) and (2) the proposed cure amount proposed by Bed Bath & Beyond Inc. (referred to in the jointly administered bankruptcy estate as the "Debtors") to be paid in connection with the proposed assumption and assignment of the unexpired lease of nonresidential real property held by Landlord with Bed Bath & Beyond Inc., ("BBBY") as tenant, for premises located at 715 Morris Turnpike, Springfield, New Jersey 07081 (the " Leased Premises"); and (2) asserts that the Debtors have failed to provide adequate assurance of future performance and otherwise failed to comply with the requirements of 11 U.S.C. 365(b)(3), and states as follows:

**PERTINENT FACTS AND PROCEDURAL HISTORY**

1.  Debtor Bed Bath & Beyond Inc. (the "Debtor") and Farley, as successor in interest to Farley Realty Corp., are parties to that certain Lease Agreement originally dated September 21, 1984, as amended from time to time (the "Lease"), related to premises comprised

of approximately 20,353 gross rentable square feet of space. Farley leased an additional 27,287 gross rentable square feet of space to the Debtor on or about February 11, 1988, located at 715 Morris Turnpike, Springfield, New Jersey 07081 (the "Premises"). (**Exhibit "A"**). BBBY has defaulted in the terms and conditions of the Lease.

2. The Debtors filed the within Chapter 11 proceeding on April 23, 2023. (the "Case"). The Case is jointly administered.

3. Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

4. On April 23, 2023 the Debtors filed a motion for Entry of an Order (I)((A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bidding Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the form and Manner of Notice Therefore, Approving the Form of APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief (Document # 29) (the "Bidding Procedures Motion").

5. On April 25, 2023, the Court entered an Order (the "Approval Order") approving the Bidding Procedures Motion.

6. The dates scheduled for the hearings and procedures as set forth in the Approval Order have been extended from time to time as permitted in the Approval Order.

7. On June 13, 2023, the Debtors filed a Notice to Contract Parties to Potentially Assumed Contracts and Unexpired Leases (the "Cure Notice") (Dkt. No. 714) setting forth therein the Debtors' proposed cure amounts for the potential assumption and assignment of

---

[1] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2

contracts and unexpired leases. The last date to file an Objection to the Cure Notice is June 26, 2023.

8. The Cure Notice lists Landlord at page 18 Item #742, with no Cure Amount (which presumably means a $0.00 cure amount).

## BASIS FOR OBJECTION

9. The proposed cure amount of $0.00 is grossly understated and does not accurately reflect all amounts required to be paid to cure all defaults and compensate the Landlord for all pecuniary losses sustained as a result of the defaults in the Lease. Sections 365(b) and 365(f) govern the financial obligations of a debtor that seeks to assume and/or assign a lease. As a condition of such assumption by the Debtor, the Debtor must:

   a. "Cure or provide adequate assurances that the trustee will promptly cure such default;

   b. Compensate or provide adequate assurance that the trustee will promptly compensate a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

   c. Provide adequate assurance of future performance under such contract or lease."

In order to assign the lease, Section 365(f)(2) states that:

> [t]he trustee may assign an executory contract or unexpired lease of the debtor only if – (A) the trustee assumes such executory contract or unexpired lease in accordance with the provisions of this section; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided whether or not there has been a default in such contract or lease.

10. Landlord does not object generally to an assumption and assignment of the Lease. However, the Debtors have failed to comply with the requirements of Section 365 (b)(1) and

3

365(f)(2) by (a) failing to correctly state or propose the actual pecuniary loss to be suffered by the Landlord as a result of the defaults in the Lease; and (b) failing to provide adequate assurance of the curing of such default, and (c) failing to provide adequate assurance of future performance by the assignee under the Lease. Until such time as the Debtor complies with the applicable provisions of the Bankruptcy Code it cannot either assume or assign the Lease.

11. The Landlord has filed a Proof of Claim (attached as **Exhibit "B"**) setting forth therein the Landlord's claims against the Debtors which arose as a result of the defaults in the Lease. The Proof of Claim may be amended to reflect any changes in the actual amount due as time passes.

12. Attached as **Exhibit "C"** is a compilation of the amounts necessary to cure the defaults and compensate the Landlord for the pecuniary loss to the Landlord caused by the defaults in the Lease. The amount necessary to compensate the Landlord is $240,524.36 including unpaid rent, unpaid additional rent inclusive of the tenant's required payment of its share of real estate taxes, operating expenses, and attorneys' fees incurred as a result of tenant's default. The Lease specifically provides for the payment of attorney's fees incurred in connection with BBBY's default. (*See* Section 18 of the Lease).

13. While the Debtors have filed the Cure Notice it has not identified the Successful Bidder for the Lease held by the Landlord. Absent identification of the Successful Bidder the Landlord cannot make a business judgment as to the financial abilities of the proposed Successful Bidder and accordingly the Debtors have not provided adequate assurance of future performance under the Lease.

14. Landlord reserves the right to supplement and amend this objection as necessary to (1) reflect additional amounts which may become due prior to the date of proposed

assumption; (2) address the issue of adequate assurance once the "Successful Bidder" for the Lease is identified; (3) address the issue of an adequate security deposit; and (4) to address such issues as may arise.

## RELIEF REQUESTED

The Landlord requests that assumption of the Lease be conditioned upon (1) payment of the Cure amounts specified in Exhibit C; (2) identification of the Successful Bidder and proof as required of adequate assurance of future performance by such Successful Bidder; (3) an adequate security deposit; and (4) attorney's fees as allowed under the Lease and such further relief as the Court may find to be appropriate under the circumstances.

## RESERVATION OF RIGHTS

15.     Farley hereby reserves its right to make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

|  |  |
|---|---|
|  | **MELLINGER KARTZMAN LLC** |
|  | /s/ *Steven A. Jayson* |
| Dated: June 26, 2023 | STEVEN A. JAYSON, ESQ.<br>101 Gibraltar Drive, Suite 2F<br>Morris Plains, New Jersey 07950<br>Tel. (973) 267-0220<br>Fax. (973) 267-3979<br>sjayson@msklaw.net<br>*Attorneys for Farley Real Estate Associates, LLC* |