| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**LOIZIDES, P.A.**<br>Christopher D. Loizides, Esq.<br>Legal Arts Building<br>1225 King Street, Suite 800<br>Wilmington, Delaware 19801<br>(302) 654-0248<br>loizides@loizides.com<br><br>**KUTAK ROCK LLP**<br>Lisa M. Peters, Esq. (*pro hac vice* application to follow)<br>1650 Farnam Street<br>Omaha, Nebraska 68102<br>(402) 346-6000<br>lisa.peters@kutakrock.com<br><br>*Counsel for Northwoods III (San Antonio, LLC* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>      Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 714** |

**OBJECTION OF NORTHWOODS III (SAN ANTONIO), LLC TO
POTENTIAL ASSUMPTION AND ASSIGNMENT OF ITS LEASE AND
THE PROPOSED CURE AMOUNT IN CONNECTION THEREWITH**

COMES NOW, NORTHWOODS III (SAN ANTONIO), LLC ("Landlord"), by and through its undersigned counsel, and hereby files this Objection (the "Objection") to the potential assumption and assignment of its Lease (as hereinafter defined) and the proposed cure amount in connection therewith in response to that certain *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "Notice"). As more fully set forth in this Objection, Landlord objects to (a) the cure amount relating to its Lease, as stated in the Notice, and (b) any potential assumption or assumption and assignment of its Lease without

providing for both (i) a full and complete cure; and (ii) adequate assurance of future performance. In support of this Objection, Landlord respectfully states the following:

## BACKGROUND

### I. Procedural History.

1. On or about April 23, 2023, Bed Bath & Beyond Inc. ("BB&B") and 73 of its affiliates (collectively, the "Debtors), each filed their respective voluntary petitions for relief under chapter 11 of 11 U.S.C. § 101 *et seq*. Each of the Debtors have continued to operate their respective businesses and manage their respective properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

### II. The Property and Lease.

2. Landlord owns that certain nonresidential real property, including the building and improvements located thereon, at 1730 North Loop 1604 East, San Antonio, Texas 78232 (the "Property"). Landlord leases the Property to BB&B pursuant to that certain Lease Agreement dated as of January 31, 2001 by and between Northwoods Retail Phase III, Ltd. ("NRP"), as predecessor-in-interest to Landlord, as landlord, and BB&B, as tenant, as amended by (a) that certain First Amendment to Lease Agreement dated June 26, 2001 by and between BB&B, as tenant, and NRP, as landlord, (b) that certain Second Amendment to Lease dated as of March 14, 2011 by and between Northwoods Center III, Inc. ("NCIII"), as successor-in-interest to NRP and predecessor-in-interest to Landlord, as landlord, and BB&B, as tenant, and (c) that certain Third Lease Modification dated as of May 7, 2021 by and between Landlord, as landlord, and BB&B, as tenant (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto and assignments thereof, the "Lease"). The Lease is currently effective, has not

been terminated, rejected, assigned or otherwise rendered unenforceable or ineffective. Upon information and belief, Debtors identify the store operated at the Property as Store No. 430.

### III. The Notice.

3. Pursuant to the Notice, Debtors seek permission to, among other actions, fix the cure amounts due with respect to certain executory contracts and unexpired leases, including the Lease. The Notice states that according to Debtors' books and records, the cure amount for the unpaid monetary obligations under Lease is $137,360.69. *See* Notice, Exhibit A, entry 1321.

## OBJECTION

### I. Cure Amount.

4. Contrary to the Notice, according to Landlord's books and records, as of June 19, 2023 (the "Reference Date"), the accrued monetary amounts due under the Lease is **$132,562.67** which consists of the charges shown on the year-to-date 2023 Lease ledger set forth as **Exhibit A** hereto, which is fully incorporated herein.

5. The foregoing amounts represent only known base rent, common area maintenance, real estate taxes, and insurance obligations (including year-end or other periodic reconciliations thereof and adjustments thereto), as applicable, that were not paid when due by BB&B as required under the Lease, and remain outstanding as of the Reference Date (collectively, the "Outstanding Monetary Obligations"), all as more particularly set forth above.

6. Under the terms of the Lease, BB&B is responsible for the payment of all base rent, common area maintenance, real estate taxes, insurance and other amounts attributable or related to the Property leased thereunder.

7. In addition to the Outstanding Monetary Obligations, base rent, real common area maintenance, real estate taxes, insurance (including year-end or other periodic reconciliations

thereof and adjustments thereto), and other amounts denominated as additional rent, will become due and owing pursuant to the Lease from and after the Reference Date and must similarly be paid by BB&B, or any assignee, when due or paid in connection with any assumption or assumption and assignment (as the case may be) of the Lease.  Landlord objects to any assumption or assumption and assignment of its Lease unless all base rent, common area maintenance, real estate taxes, insurance (including year-end or other periodic reconciliations thereof and adjustments thereto), and other amounts denominated as additional rent that become due pursuant to the terms of the Lease from and after the Reference Date (a) are paid as and when due or (b) are paid in full in connection with an assumption or assumption and assignment of the Lease, as the case may be.

8. Further monetary obligations may have accrued pursuant to Lease but have not yet become the subject of an invoice or statement and may not become due prior to the entry of an order approving the assumption or assumption and assignment of the Lease.  Non-exclusive examples of these accrued, but not yet due, obligations are common area maintenance, real estate taxes, utilities, and insurance, as applicable, all of which must be paid by BB&B pursuant to the terms of the Lease.  BB&B and any proposed assignee, must acknowledge, and any order approving cure amounts and the assumption or assumption and assignment of the Lease must provide, that (a) BB&B or any proposed assignee shall be liable for all amounts that have accrued but have not become the subject of a statement or other invoice without regard to whether such amounts are attributable to a pre-petition or post-petition period, and (b) payment of year-end reconciliations and adjustments, if any, will be made by BB&B or any assignee as and when due pursuant to the terms of the Lease.  Landlord objects to any assumption or assumption and assignment of the Lease to the extent that the order approving any assumption or assumption and assignment of the Lease does not obligate BB&B or any assignee to pay all obligations that have

4

accrued under the Lease but have not yet become due and payable prior to the date an order is entered approving the assumption or assumption and assignment thereof.

9. As set forth in the Lease, Landlord additionally asserts its right to be reimbursed as part of the cure payment for all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under the Lease in connection with (a) Debtors' bankruptcy proceedings, and (b) clearing the Property of statutory mechanic's liens resulting from BB&B contracting for work at or to the Property but failing to pay all amounts due and owing with respect thereto.  Landlord further objects to the extent that all cure amounts are not immediately paid in full upon any assumption or assumption and assignment of the Lease, including all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under the Lease as part of these proceedings and protecting the Property by clearing mechanic's liens that resulted from BB&B's failure to satisfy the amounts secured thereby.

10. Lastly, the Lease also provide that BB&B must indemnify and hold Landlord harmless with regard to any and all claims suffered by Landlord and arising from BB&B's use or occupancy of the Property, including without limitation, latent claims that are presently unknown but arose prior to the assumption or assumption and assignment of the Lease.  BB&B and any assignee of the Lease must assume all indemnification liabilities set forth in the Lease or BB&B must be required to evidence, or obtain, adequate insurance in order to guaranty that its indemnity responsibilities will be met.  Claims for indemnity may include, but are not limited to, (a) claims for personal injuries which occur at the Property where Debtors or Landlord is joined as a party defendant, (b) damage and destruction to the Property by Debtors or their agents, (c) claims for mechanic's, materialmen's or similar liens with respect to the Property (including actions brought

5

in connection therewith where a Debtor or Landlord is joined as a party defendant), or (d) claims for environmental damage or environmental cleanup.

11. Landlord is aware of at least one mechanic's lien presently filed against the Property as a result of work BB&B contracted for but failed to pay for as required by the Lease and the agreement(s) between BB&B and the third party mechanic's lien claimant, FTK Construction Services ("FTK"). Without narrowing or otherwise limiting Landlord's rights to indemnification as set forth above, Landlord expressly reserves all rights with respect to the mechanic's lien filed by FTK against the Property in the amount of no less than $57,878.55 (and all attorneys' fees and costs incurred by Landlord in connection therewith as provided for in the Lease).

12. Accordingly, Landlord objects to any assumption or assumption and assignment of the Lease to the extent the order approving any assumption or assumption and assignment of the Lease does not obligate BB&B or any assignee of the Lease to be responsible for all indemnification liabilities or obligate BB&B to otherwise provide assurance that such indemnification obligations will be satisfied.

**II.    Adequate Assurances of Future Performance.**

13. As of the date hereof, Landlord has not received any adequate assurance information for Debtors or any proposed assignee. Accordingly, Landlord objects to any assumption or assumption and assignment of the Lease on the basis that Debtors have not satisfied the requirements under 11 U.S.C. § 365(b), including the heightened standards under 11 U.S.C. § 365(b)(3), with respect to adequate assurances of future performance by Debtor or any bidder, as the case may be.

**RESERVATION OF RIGHTS**

14. Landlord reserves all rights to object to any assumption or assumption and assignment of the Lease on the basis of adequate assurance of future performance with respect to Debtors, in the event BB&B seeks to assume the Lease, or any other assignee, in the event BB&B seeks to assume and assign the Lease to any party, including any heightened adequate assurance information required by 11 U.S.C. § 365(b)(3). Landlord further reserves its right to amend, supplement and modify this Objection at any time and in any manner, including without limitation, as to any adequate assurance information provided by Debtors or any other party that proposes to become the assignee under the Lease.

## CONCLUSION

15. Debtors have failed to demonstrate that any assumption or assumption and assignment of the Lease will fully comply with all of the requirements of 11 U.S.C. § 365(b) including, but not limited to, (a) a cure of all defaults, and (b) adequate assurances of future performance. Landlord objects to any assumption or assumption and assignment of the Lease until such time as full compliance with 11 U.S.C. § 365(b) has been demonstrated.

**WHEREFORE**, Landlord (a) objects to the Notice with respect to the Lease as set forth herein and requests that the cure amounts for the Lease be set at the applicable amount identified above as the Outstanding Monetary Obligations therefor, together with attorneys' fees, any additional actual pecuniary losses and such additional amounts as may become due prior to any assumption or assumption and assignment of the Lease (collectively, the "Lease Cure Amounts"), including, without limitation accrued and accruing base rent, common area maintenance, real estate taxes, and insurance amounts (including year-end or other periodic reconciliations thereof and adjustments thereto), and other monetary obligations and amounts denominated as additional rent under such Lease (which include, but are not limited to, costs and fees incurred by Landlord in connection with obtaining the release of mechanic's liens filed against the Property as a result

of BB&B's actions and subsequent failure to pay all amounts due therefor); (b) objects to any assumption or assumption and assignment of the Lease unless a complete and immediate payment of all Lease Cure Amounts with respect to the Lease is made prior to the assumption or assumption and assignment thereof and such assumption or assumption and assignment otherwise adequately resolves the objections set forth above; (c) reserves the right to further object to any assumption or assumption and assignment of the Lease on the grounds of adequate assurances of future performance; and (d) requests such other and further relief as may be just and required under all of the circumstances.

Dated:  June 26, 2023

Respectfully submitted,

By: */s/ Christopher D. Loizides*
Christopher D. Loizides, Esq.
LOIZIDES, P.A.
Legal Arts Building
1225 King Street, Suite 800
Wilmington, Delaware  19801
Telephone:   (302) 654-0248
Facsimile:   (302) 654-0728
Email:   loizides@loizides.com

-and-

Lisa M. Peters, Esq. (*pro hac vice* application to follow)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone:   (402) 346-6000
Facsimile:   (402) 346-1148
Email:   lisa.peters@kutakrock.com

*Counsel for Northwoods III (San Antonio), LLC*