UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ  07601-7082
Tel:  201-287-2460
Fax:  201-489-0495
James C. Suozzo, Esq.

*Attorneys for Case Snow Management, LLC*

| | |
|---|---|
| IN RE: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No.: 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF CASE SNOW MANAGEMENT, LLC TO CURE AMOUNT IN CONNECTION WITH DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Case Snow Management, LLC ("Case Snow") hereby files this limited objection ("Limited Objection") to the *Notice To Contract Parties To Potentially Assumed Executory Contracts And Unexpired Leases* [D.I. 714] (the "Cure Notice")**,** and respectfully states as follows:

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").  Since the Petition Date, the Debtors have continued to operate their

businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

    2.    As of the Petition Date, Case Snow and Debtor Bed Bath & Beyond Inc. ("Debtor") were parties to that certain contract entitled "Bed, Bath and Beyond Service Master Agreement (SMA)" and dated as of October 1, 2022 (the "Agreement")[1], pursuant to which Case Snow agreed to perform certain snow removal services for Debtor.

    3.    On April 25, 2023, the Court entered the *Order (J)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [D.I. 92], pursuant to which the Court established procedures for the potential sale of substantially all of the Debtors' assets.

    4.    On June 13, 2023, the Debtors filed the Cure Notice, which identifies (a) those executory contracts and unexpired leases that may be assumed and assigned to a successful bidder in connection with a sale of substantially all of the Debtors' assets in accordance with the procedures approved in the Bid Procedures Order, and (b) the Debtors' proposed cure amounts with respect to such executory contracts and unexpired leases.

    5.    The Cure Notice (i) lists the Agreement as item number 424; and (ii) states the cure amount for the Agreement as $322,809.03 (the "Proposed Cure amount").

    6.    While Case Snow reserves all of its rights with respect to the potential assumption and assignment of the Agreement, it objects to the Proposed Cure Amount for reasons set forth

---

[1] A copy of the Agreement will be provided to the Court upon request.

herein.

**RELIEF REQUESTED**

7. Attached hereto as "Exhibit A" is a detailed breakdown of the amounts billed to Debtor for services rendered under the Agreement as of the date of this Limited Objection. As reflected in the exhibit, Debtor is presently past due in payment to Case Snow in the amount of $400,066.54 (the "Actual Cure Amount").[2] There is a discrepancy (a deficiency) between the amounts of the Proposed Cure Amount ($322,809.03) and the amount of the Actual Cure Amount ($400,066.54). Thus, via the Cure Notice, the Debtors propose to underpay Case Snow in the sum of $77,257.51 should it seek to assume and assign the Agreement.

8. In order to assume the Agreement, the Debtors are required to cure defaults existing under such contract pursuant to Section 365(b)(l)(A) of the Bankruptcy Code. *See* 11 U.S.C. § 365(b)(l)(A). Section 365(b) of the Bankruptcy Code requires that a trustee (or a debtor-in-possession) fully cure all defaults existing at the time of assumption before that trustee or debtor-in-possession may assume an executory contract. *See* 11 U.S.C. §365(b)(1); *see also*, *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("In order for a debtor to assume a contract under § 365(b)(1), it must: (1) cure existing default or provide adequate assurance that cure will promptly occur, 365(b)(1)(A); (2) compensate any party to the agreement that has suffered actual pecuniary loss as a result of default, or provide adequate assurance of prompt compensation to the injured party, § 365(b)(1)(B); and (3) provide adequate assurance of future performance under the agreement before assumption will be permitted, § 365(b)(1)(c)."). This duty to cure includes both pre-petition and post-petition defaults. *See In re Seven Hills, Inc.*, 403 B.R. 327, 335 (Bkrtcy. D.N.J., 2009).

---

[2] The invoices supporting the accounting stated on Exhibit A are voluminous. Like the Agreement, Case Snow will produce copies of all invoices to the Court upon request.

9. Case Snow objects to any proposed assumption of the Agreement to the extent such assumption fails to comply with any of the foregoing requirements of Section 365(b)(l) of the Bankruptcy Code.

10. Case Snow reserves the right to amend, modify, or supplement this Limited Objection and to raise additional arguments and objections to any other relief sought by the Debtors in connection with the assumption and assignment of the Agreement.

WHEREFORE, for the foregoing reasons, Case Snow Management, LLC respectfully requests that the Court enter an order fixing the Debtors' cure obligation under the Agreement in the amount of $400,066.54  (less any payments made by the Debtors on account of such sums prior to the assumption of the Agreement and plus any additional post-petition amounts accruing under the Agreement through the date thereof) and directing the Debtors or any Successful Bidder promptly to satisfy such amount following the entry of any order authorizing the assumption of the Agreement.

Dated: June 26, 2023

RIVKIN RADLER LLP

By: */s/ James C. Suozzo*
    JAMES C. SUOZZO
    25 Main Street
    Court Plaza North, Suite 501
    Hackensack, NJ  07601-7082
    Tel:  201-287-2460
    james.suozzo@rivkin.com
    *Counsel for Case Snow Management, LLC*

**EXHIBIT A**