**LOCKE LORD LLP**
Andrew Braunstein
Jonathan W. Young (*pro hac vice*)
Hanna J. Redd (*pro hac vice*)
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Tel: 212-415-8600
andrew.braunstein@lockelord.com
jonathan.young@lockelord.com
hanna.redd@lockelord.com

*Counsel to Commission Junction LLC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtor. | Jointly Administered |

**OBJECTION OF COMMISSION JUNCTION LLC AND APPLICABLE AFFILIATES TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Commission Junction LLC, on behalf of itself and any of its applicable affiliates (individually and collectively, "**Commission Junction**"), as a creditor and party-in-interest in the above-captioned, jointly administered bankruptcy cases (the "**Bankruptcy Cases**"), hereby files this objection (the "**Objection**") to the *Notice to Contract Parties to Potentially Assumed*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

*Executory Contracts and Unexpired Leases* [Docket No. 714] (the "**Cure Notice**"). In support of this Objection, Commission Junction respectfully represent as follows:

## BACKGROUND

1. On April 23, 2023 (the "**Petition Date**"), Bed Bath & Beyond Inc. and its affiliated debtors (collectively, the "**Debtors**") each filed a voluntary petition under title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of New Jersey (the "**Court**") commencing these jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

2. Pursuant to that certain *CJ Vantage Advertiser Service Agreement*, dated September 14, 2010 (as amended, the "***Agreement***"[2]) between debtor Bed Bath & Beyond Inc. ("**BB&B**") and Commission Junction, Commission Junction agreed to provide and facilitate certain advertising, promoting, and marketing services (the "**Services**") to BB&B, as client, in accordance with the terms of the Agreement.[3]

3. On May 9, 2023, Commission Junction filed a timely proof of claim in BB&B's chapter 11 case (the "**Proof of Claim**"). *See* Claim No. 266 filed against BB&B. Commission Junction's Proof of Claim asserted rights of setoff, recoupment, and other equitable rights to the fullest extent available. The Proof of Claim reserves all of Commission Junction's rights and preserves all defenses in connection therewith.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

[3] The Debtors maintain four Advertiser Programs with Commission Junction, identified as Bed Bath & Beyond, BuyBuyBaby, Harmon Stores, and Bed Bath & Beyond Canada (the "**Debtor's Programs**"). For the sake of clarification, this Objection, and all rights and objections set forth herein, is asserted with respect to obligations and amounts owing to Commission Junction that have already accrued, that continue to accrue, and that may accrue in the future for the Debtor's Programs, collectively.

2

4. On June 13, 2023, the Debtors filed the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "**Cure Notice**"). The Cure Notice provides that contracts and unexpired leases identified therein may be assumed by the designated purchaser of the Debtors' assets. The Cure Notice also proposed cure amounts for each contract to potentially be assumed.

5. The Cure Notice lists two Data Processing Addenda to the Agreement (the "***Addenda***"[4]) to potentially be assumed, and an associated cure amount of $6,410,280.36.

## OBJECTION

6. Commission Junction objects to the potential assumption of the Addenda but not the Agreement. Indeed, the Addenda indicate that the terms therein "shall be incorporated into and made a part of the [Agreement]." To the extent any addendum is assumed and assigned, the underlying Agreement must also be assumed. *See In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3rd Cir. 1951) (debtor assumes a contract *cum onere*); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) (debtor "must generally assume all the terms of [a contract] and may not pick and choose only favorable terms to be assumed"); *In re ANC Rental Corp.*, 277 B.R. 226, 238-39 (Bankr. D. Dl. 2022) (same).

7. Additionally, Commission Junction asserts amounts owed under the Agreement are different from those asserted in the Cure Notice. As stated in the Proof of Claim, Commission Junction asserts **$6,834,797.92** is needed to cure BB&B's defaults under the Agreement.

---

[4] Copies of the Addenda will be made available upon reasonable request.

3

8. Commission Junction is continuing to investigate amounts owing to it, and thus submits this objection to preserve its rights to these and other amounts (the "***True Cure Amount***"). Commission Junction expects the True Cure Amount to be paid in order to assume the Agreement.

9. As noted, Commission Junction is continuing to investigate the amounts and obligations that are due and owing and/or continuing to accrue, and Commission Junction reserves all of its rights, including without limitation, to amend this Objection to reflect additional amounts owed that comprise the True Cure Amount.

10. Section 365(b) allows a debtor to assume and assign a lease or other executory contract only if "at the time of assumption of such contract or lease, the [debtor] . . . compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default." 11 U.S.C. § 365(b)(1)(B). Therefore, Commission Junction is entitled to receive the True Cure Amount if the Agreement is to be assumed. Further, Commission Junction expressly reserves all rights of setoff and/or recoupment, and object to the extent the Cure Notice proposes to limit or abridge those rights.

## RESERVATION OF RIGHTS

11. Commission Junction reserves the right to amend and/or supplement this Objection and to raise other and further objections with respect to the Debtors' Cure Notice. Moreover, Commission Junction reserves the right to amend and/or supplement this Objection to claim any additional amounts it discovers owing, or which are continuing to accrue, to Commission Junction under any agreements proposed to be assumed under the Plan and to which

Commission Junction is entitled in order to cure the Debtors' default. Finally, Commission Junction reserves the right to object based on the Debtors' inability to provide adequate assurance of future performance on the part of the Debtors and/or any proposed assignee as required by section 365(f)(2) of the Bankruptcy Code if and when the Debtors provide such information.

## CONCLUSION

12. For the foregoing reasons, Commission Junction objects to the Cure Notice and reserves its rights, as set forth herein.

**DATED:** June 26, 2023

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/ Andrew Braunstein*
Andrew Braunstein
Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Tel: 212-415-8600
andrew.braunstein@lockelord.com

Jonathan W. Young (*pro hac vice*)
701 8th St., N.W., Suite 500
Washington, D.C. 20001
Tel: (202) 220-6900
jonathan.young@lockelord.com

Hanna J. Redd (*pro hac vice*)
111 Huntington Ave., 9th Floor
Boston, MA 02199
Tel: (617) 239-0100
hanna.redd@lockelord.com

*Attorneys for Commission Junction LLC and its Applicable Affiliates*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on June 26, 2023, true and correct copies of the foregoing were forwarded to all parties receiving electronic notification in this case from the Court's electronic case filing (ECF) system.

                                               */s/ Andrew Braunstein*

133577382v.3