| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Allen J. Underwood II, Esquire<br>LITE DEPALMA GREENBERG & AFANADOR, LLC<br>570 Broad Street – Suite 1201<br>Newark, NJ 07102<br>Direct Dial: 973.877.3814<br>Main No. 973.623.3000<br>Fax No. 973.623.0858<br>Email: aunderwood@litedepalma.com<br><br>-and-<br><br>Joel I. Sher, Esquire<br>Richard M. Goldberg, Esquire<br>SHAPIRO SHER GUINOT & SANDLER<br>250 W. Pratt Street, Suite 2000<br>Baltimore, Maryland 21201<br>Tel: 410-385-4277<br>Fax: 410-539-7611<br>Email: jis@shapirosher.com<br>      rmg@shapirosher.com<br><br>*Counsel for 12535 SE 82ND AVE LLC* | |
| In re:<br><br>Bed Bath & Beyond, Inc., *et al.,*<br><br>        Debtors. | Chapter 11<br><br>Case No. 23-13359-VFP<br><br>(Jointly Administered)<br><br>**Re: D.I. 92, 714** |

**12535 SE 82ND AVE LLC'S OBJECTION TO DEBTORS' PROPOSED
ASSUMPTION OF UNEXPIRED LEASE FOR STORE NO. 3128**

12535 SE 82ND AVE LLC (the "Landlord") by and through its undersigned counsel, hereby submits this objection (the "Objection") to the proposed assumption of the lease between the Landlord and Buy Buy Baby, Inc. ("BBBY") and the cure amount for said lease

as identified in the *Notice To Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714](the "Cure Notice"). In support of this Objection, Landlord respectfully states as follows:

## BACKGROUND

1. On June 13, 2023, the Debtors filed the Cure Notice setting forth, *inter alia*, the amount of the purported Cure Payment due to Landlord in the event BBBY assumes its unexpired sublease for Store No. 3128, as defined below.

2. In the Cure Notice, BBBY asserts that the amount to cure all unpaid monetary obligations due to Landlord is $0.00 (the "Proposed Cure Amount").

3. Landlord objects to the Proposed Cure Amount. As of the date of the filing of this Objection the correct amount needed to cure unpaid monetary obligations due to is $79,364.00 (the "Cure Amount"), as set forth on Exhibit A, attached hereto. The Landlord reserve the right to amend the Cure Amount to include additional amounts that continue to accrue and any other obligations that arise and/or become known to the Landlord prior to, or at the time of, the assumption and assignment of the Lease, as defined below.

## OBJECTION TO ASSUMPTION OF THE LEASE AND PROPOSED CURE AMOUNT

4. Landlord is the landlord for certain non-residential real property known as 12535 SE 82nd Ave, Suite B, Clackamas, Oregon (the "Premises"). Landlord and BBBY (together with Bed Bath & Beyond, Inc.) entered into that certain Recognition Agreement dated as of January 22, 2020. A true and correct copy of the Recognition Agreement is attached as Exhibit B. Simultaneously therewith, Bed Bath & Beyond, Inc. entered into a Sublease with BBBY providing for BBBY's sublease of the approximately 16,968 square feet of floor space

comprising the Premises. A true and correct copy of the Sublease is attached as <u>Exhibit C</u>. The Recognition Agreement and the Sublease are hereinafter collectively referred to as the Lease.

5. The Debtors, including BBBY, are winding down their businesses and are not moving to assign the Lease; rather BBBY indicates that it may seek to assume the lease so that it can later assign it to some yet to be identified user.

6. Section 365(b)(1) of the Bankruptcy Code expressly provides that before assuming any unexpired lease of real property, the Debtors must, at the time of assumption (A) cure all existing pre and post-petition defaults (or provide assurance of a prompt cure), subject to certain limited exceptions; (B) compensate or provide adequate assurance that Debtors will promptly compensate Landlord for any actual pecuniary loss resulting from such default; and (C) provide adequate assurance of future performance under the Lease. *See* 11 U.S.C. § 365(b)(1)(A)-(C); *Stanley Jacobs Prod., Ltd. v. 9472541 Can. Inc. (In re Thane Int'l, Inc.)*, 586 B.R. 540, 546 (Bankr. D.Del. 2018); *In re Empire Equities Capital Corp.*, 405 B.R. 687, 690 (Bankr. S.D.N.Y. 2009) (explaining these "requirements are intended to provide the non-debtor party with the benefit of its bargain by assuring substantial compliance with the terms of the contract"). The Debtors cure obligations for defaults extend to non-monetary obligations except for unexpired leases of real property "if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption." 11 U.S.C. § 365(b)(1)(A). Upon the showing of any default under the Lease, the Debtors bear the burden of demonstrating that the requirements for assumption under § 365(b) have been met. *See generally, In re Thane Int'l, Inc.* 586 B.R. at 546; *In re Memphis-Friday's Assocs.*, 88 B.R. 830, 840 (Bankr. W.D.Tenn. 1988).

7. Section 365(d)(3) further provides that the Debtors "shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)."

8. Accordingly, to assume and/or assign the Lease, BBBY must pay the Cure Amount to Landlord in an amount not less than $79,364.00.

**RESERVATION OF RIGHTS AND JOINDER, INCLUDING TO PROCEED AGAINST ANY ULTIMATE ASSIGNEE ON NUMEROUS EXISTING LEASE DEFAULTS**

9. Landlord reserves its right to assert any and all other claims against the Debtors arising out of or related to the Lease, including without limitation, claims for: (a) the costs of any further repairs that may be necessary after additional inspection of the Premises; (b) additional post-petition rent and other charges accruing under the Lease, that Landlord has yet to discover including interest thereon; (c) additional defaults determined by the Landlord, (d) pecuniary losses suffered by Landlord as a result of any defaults by Debtors under the Lease, including, but not limited to, additional attorneys' fees and costs incurred as a direct result of any further defaults; and (e) non-monetary defaults of which Landlord is unable to determine at this time.

10. Landlord reserves all of its rights to object to any proposed assignee of the Lease on any basis, to the extent BBBY seeks to assign the Lease, as well as any other rights it now has or may have under applicable law with respect to this matter, including, but not limited to, any rights under § 365 of the Bankruptcy Code. Specifically, to the extent that any default or breach of the Lease is not cured or required to be cured prior to assumption and BBBY later seeks to assign the Lease, Landlord will pursue all of its rights and remedies against any assignee in the proper forum, as permitted under, *inter alia*, § 365(k) of the Bankruptcy Code.

4

11. To the extent not inconsistent herewith, the Landlord hereby joins in the objections raised by other landlords.

WHEREFORE, 12535 SE 82ND AVE LLC respectfully requests that the Court enter an order consistent with this Objection denying the assumption of the Lease by Buy Buy Baby, Inc. for Store No. 3128.

Dated: June 26, 2023              /s/ Allen J. Underwood II, Esq.
                                                  Allen J. Underwood II, Esquire
                                                  LITE DEPALMA GREENBERG & AFANADOR, LLC
                                                  570 Broad Street – Suite 1201
                                                  Newark, NJ 07102
                                                  Direct Dial: 973.877.3814
                                                  Main No. 973.623.3000
                                                  Fax No. 973.623.0858
                                                  Email: aunderwood@litedepalma.com

                                                            -and-

                                                  Joel I. Sher, Esquire
                                                  Richard M. Goldberg, Esquire
                                                  SHAPIRO SHER GUINOT & SANDLER
                                                  250 W. Pratt Street, Suite 2000
                                                  Baltimore, Maryland 21201
                                                  Tel: 410-385-4277
                                                  Fax: 410-539-7611
                                                  Email: jis@shapirosher.com
                                                            rmg@shapirosher.com

*Counsel for 12535 SE 82ND AVE LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June, 2023, I caused a copy of *12535 SE 82ND AVE LLC's Objection to Debtors' Proposed Assumption of Unexpired Lease For Store No. 3128* to be served by electronic means through email to the following parties listed below and the Court's ECF system to all parties receiving notices in this case.

Joshua A. Sussberg, P.C.
Emily E. Geier, P.C.
Derek I. Hunter, Esquire
Ross J. Fiedler, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com
ross.fiedler@kirkland.com
*Co-Counsel to the Debtors*

Michael D. Sirota, Esquire
Warren A. Usatine, Esquire
Felice R. Yudkin, Esquire
COLE SCHOTZ P.C.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel to the Debtors*

Marshall S. Huebner, Esquire
Adam L. Shpeen, Esquire
Steven Z. Szanzer, Esquire
Michael Pera, Esquire
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
marshall.huebner@davispolk.com
adam.shpeen@davispolk.com
steven.szanzer@davispolk.com
michael.pera@davispolk.com
*Counsel to the Prepetition ABL Agent*

David M. Hillman, Esquire
Megan R. Volin, Esquire
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
DHillman@proskauer.com
MVolin@proskauer.com
*Counsel to the DIP Agent*

Robert K. Malone, Esquire
Brett S. Theisen, Esquire
Kyle P. Mcevilly, Esquire
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
RMALONE@GIBBONSLAW.COM
BTHEISEN@GIBBONSLAW.COM
KMCEVILLY@GIBBONSLAW.COM
*Co-Counsel to the Creditors' Committee*

Fran B. Steele, Esquire
Office of the United States Trustee for Region 3, District of New Jersey
Raymond Boulevard, Suite 2100
Newark, NJ 07102

6

Bradford J. Sandler, Esquire
Pachulski Stang Ziehl & Jones, LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
bsandler@pszjlaw.com
*Co-Counsel to the Creditors' Committee*

                                                         /s/ Allen J. Underwood II
                                                         Allen J. Underwood II