# EXHIBIT B

__(ABOVE SPACE FOR RECORDER'S USE ONLY)__

PREPARED BY, AND UPON
RECORDING, RETURN TO:
Bed Bath & Beyond Inc.
650 Liberty Avenue
Union, NJ 07083
Attention: Alan M. Freeman, Esquire

## Recognition Agreement

THIS RECOGNITION AGREEMENT, made as of the 22nd day of January 2020, by and between 12535 SE 82ND AVE LLC, a Nevada limited liability company, having an address at 9595 Wilshire Boulevard, Suite 411, Beverly Hills, California 90212 (*"Landlord"*); BED BATH & BEYOND INC., a New York corporation, having an address at 650 Liberty Avenue, Union, New Jersey 07083 (*"Tenant"*); and BUY BUY BABY, INC., a Delaware corporation, having an address at 650 Liberty Avenue, Union, New Jersey 07083 (*"Subtenant"*).

R E C I T A L S:

A.    Landlord and Tenant have entered into a certain Lease Agreement (the *"Lease"*) dated as of January 22, 2020, a short form of which will be recorded simultaneously herewith and which demises certain premises (the *"Premises"*) located at 12535 SE 82nd Avenue, Clackamas, Oregon (*"Landlord's Property"*), which Landlord's Property is more particularly described on Exhibit A annexed hereto and made a part hereof.

B.    The Lease is subject to that certain Ground Lease (the *"Ground Lease"*) dated August 1, 2011, by and between State of California Public Employees' Retirement System and Lexington Toy Clackamas L.P., as assigned to Landlord by that certain Assignment and Assumption of Ground Lease dated November 1, 2013, evidence of which was documented in a Memorandum of Lease filed in Clackamas County, Oregon and recorded on December 5, 2012 as

Document No. 2012-080041 and an Assignment and Assumption of Ground Lease recorded on November 5, 2013 as Document No. 2013-075371.

C.  Section 15.5 of the Lease provides that in the event Tenant subleases all or certain portions of the Premises to an Affiliate, or to a third party for a term of at least five (5) years, Landlord shall, upon Tenant's request, execute and deliver a Recognition Agreement among Landlord, Tenant and each such subtenant in the form attached to the Lease, in recordable form.

D.  Pursuant to a Sublease dated as of January 22, 2020 (the "*Sublease*"), Tenant has subleased a portion of the Premises to Subtenant (the "*Subleased Premises*").

E.  The parties hereto desire to effectuate the provisions of Section 15.5 of the Lease with respect to the Sublease and the Subleased Premises.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto, intending to be legally bound hereby, agree as follows:

1.  Landlord warrants and represents as follows:

    (a)  that it is the fee owner of the Premises,

    (b)  that the Lease is unmodified (except as may be otherwise set forth in <u>Exhibit B</u> annexed hereto, if any) and is in full force and effect,

    (c)  that the term of the Lease will be determined in accordance with Section 1.1.38 of the Lease and is subject to three (3) renewal periods of five (5) years each; and

    (d)  that to the current, actual knowledge of Landlord, Tenant is not in default under the Lease nor has, to the current actual knowledge of Landlord, any event occurred which would after notice to Tenant and the passage of time become a default of Tenant under the Lease.

2.  Landlord hereby acknowledges receipt of a copy of the Sublease and all of the terms, covenants and provisions thereof.

3.  Landlord agrees that whenever it has an obligation with respect to the Premises, or its consent or approval is required for any action of Tenant under the Lease, then, to the extent such obligation, consent or approval relates to the Subleased Premises or Subtenant's use and occupation thereof, it will perform such obligation in accordance with the terms and conditions of the Lease, and, subject to the applicable terms of the Lease, will not unreasonably withhold or unduly delay such consent or approval.

4.  Landlord shall not, in the exercise of any of the rights arising or which may arise out of the Lease or of any instrument modifying or amending the same or entered into in substitution or replacement thereof (whether as a result of Tenant's default or otherwise), disturb or deprive Subtenant in or of its possession or its rights to possession of the Subleased Premises or of any right or privilege granted to or inuring to the benefit of Subtenant under the Sublease, provided that Subtenant (i) is not in default under the Sublease beyond the expiration of any

applicable notice and cure period, and (ii) undertakes the obligation to cure the outstanding defaults of Tenant under the Lease, other than those not reasonably susceptible of cure.

5. In the event of the termination of the Lease by reentry, notice, conditional limitation, surrender, summary proceeding or other action or proceeding, or otherwise, or, if the Lease shall terminate or expire for any reason before any of the dates provided in the Sublease for the termination of the initial or renewal terms of the Sublease and if immediately prior to such surrender, termination or expiration the Sublease shall be in full force and effect, Subtenant shall not be made a party in any removal or eviction action or proceeding nor shall Subtenant be evicted or removed of its possession or its right of possession of the Subleased Premises be disturbed or in any way interfered with, and the Sublease shall continue in full force and effect as a direct lease between Landlord and Subtenant (provided, that in such event, Subtenant shall, for the then remainder of the term of the Sublease, (i) pay fixed rent and additional rent in an amount equal to the greater of (x) the Fixed Rent and additional rent then payable under the Lease, prorated on the basis of the ratio which the Floor Area of the Subleased Premises bears to the Floor Area of the Premises, (y) the fixed rent and additional rent then payable under the Sublease, or (z) the Fixed Rent and additional rent then payable under the Lease, less the Fixed Rent and additional rent paid to Landlord for such period of time by the occupant of the remainder of the Premises, if any, and (ii) perform all of the obligations required to be performed by Tenant under the Lease irrespective of whether such obligations are required to be performed by Subtenant under the Sublease).

6. Landlord shall not be:

(a) liable for any act or omission of Tenant unless such act or omission continues from and after the date upon which Landlord succeeds to the interest of Tenant under the Sublease;

(b) subject to any defenses which Subtenant may have against Tenant unless resulting from any default or breach by Tenant which continues from and after the date upon which Landlord succeeds to the interest of Tenant;

(c) subject to any offsets which Subtenant may have against Tenant, except to the extent (i) such offsets pertain to any obligation that Landlord is obligated to perform under the Lease, (ii) such offsets are expressly provided under the Sublease and (iii) Landlord has received notice thereof and the opportunity to cure within the applicable time periods set forth in the Sublease (it being further agreed that offsets under the Sublease that were deducted by Subtenant prior to the date upon which Landlord succeeds to the interest of Tenant shall not be subject to challenge);

(d) bound by any fixed rent or additional rent which Subtenant might have paid for more than one (1) month in advance of its due date under the Sublease, unless such additional rent is paid in accordance with the applicable provisions of the Sublease; or

(e) bound by any amendment or modification of the Sublease made without Landlord's consent; or

(f) obligated to perform any obligation that Landlord is not obligated to perform under the Lease.

7. In the event Landlord shall give notice to Subtenant that Tenant has defaulted in its obligations under the Lease beyond any applicable notice and cure period, Subtenant shall, upon Landlord's demand therefor, thereafter pay directly to Landlord all amounts thereafter payable by Subtenant to Tenant under the Sublease.

8. Landlord hereby waives and relinquishes any and all rights or remedies against Subtenant, pursuant to any lien, statutory or otherwise, that it may have against the property, goods or chattels of Subtenant in or on the Subleased Premises.

9. Any notices, consents, approvals, submissions, demands or other communications (hereinafter collectively referred to as "*Notice*") given under this Agreement shall be in writing. Unless otherwise required by law or governmental regulation, Notices shall be deemed given if sent by registered or certified mail, return receipt requested, or by any recognized overnight mail carrier, with proof of delivery slip, postage prepaid (a) to Landlord, at the address of Landlord as hereinabove set forth or such other address or persons as Landlord may designate by Notice to the other parties hereto, (b) to Tenant, at the address of Tenant as hereinabove set forth, with duplicate copies to Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attention: General Counsel, and Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, NJ 07601, Attention W. John Park, or such other address or persons as Tenant may designate by Notice to the other parties hereto, and (c) to Subtenant, at the address of Subtenant as hereinabove set forth or such other address or persons as Subtenant may designate by Notice to the other parties hereto. During the period of any postal strike or other interference with the mails, personal delivery shall be substitute for registered or certified mail. All Notices shall become effective only on the receipt or rejection of same by the proper parties.

10. No modification, amendment, waiver or release of any provision of this Agreement or of any right, obligation, claim or cause of action arising hereunder shall be valid or binding for any purpose whatsoever unless in writing and duly executed by the party against whom the same is sought to be asserted.

[Signature Page Follows]

11. This Agreement shall be binding on and shall inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors, assigns and sublessees.

IN WITNESS WHEREOF, the parties have caused this Recognition Agreement to be executed under seal the date first above written.

SIGNED IN THE PRESENCE OF:

**LANDLORD:**

12535 SE 82ND AVE LLC, a Nevada limited liability company

By: _____
Name: _____
Title: _____

**TENANT:**

BED BATH & BEYOND INC., a New York corporation

By: _____
Name: Mark J. Tritton
Title: President and Chief Executive Officer

Name: Alan M. Freeman

**SUBTENANT:**

BUY BUY BABY, INC., a Delaware corporation

By: _____
Name: Glen P. Cary
Title: President

Name: Alan M. Freeman

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of Los Angeles )

On January 21, 2020, before me, Stephanie P Ortiz De Leon, a Notary Public, personally appeared Jack B Corwin, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

STEPHANIE P. ORTIZ DE LEON
COMM. #2237787
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Apr. 13, 2022

STATE OF NEW JERSEY )
 ) : ss.
COUNTY OF UNION )

On this 10 day of Jan, 2020, before me personally came Mark J. Tritton to me known, who being by me duly sworn, did depose and say that he is the President and Chief Executive Officer of Bed Bath & Beyond Inc., the corporation described in and which executed the above instrument and that he signed his name thereto by order of the Board of Directors of said corporation.

_____
Notary Public

My Commission Expires:

Kathleen P Currie
Notary Public
New Jersey
My Commission Expires 11-02-2023
No. 17737

STATE OF NEW JERSEY  )
                     ) :ss.
COUNTY OF UNION      )

On this 10 day of JAN, 2020, before me personally came Glen P. Cary to me known, who being by me duly sworn, did depose and say that he is the President of BUY BUY BABY, INC., the corporation described in and which executed the above instrument and that he signed his name thereto by order of the Board of Directors of said corporation.

_____
Notary Public

My Commission Expires:

Kathleen P Currie
Notary Public
New Jersey
My Commission Expires 11-02-2023
No. 17737

# EXHIBIT A

## LEGAL DESCRIPTION OF THE PROPERTY

SITUATE IN THE COUNTY OF CLACKAMAS, STATE OF OREGON:

PART OF THE NORTHEAST ONE-QUARTER OF SECTION 5, TOWNSHIP 2 SOUTH, RANGE 2 EAST OF THE WILLAMETTE MERIDIAN, IN THE COUNTY OF CLACKAMAS AND STATE OF OREGON, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID SECTION 5; THENCE RUNNING SOUTH 89°44' WEST ALONG SAID SECTION LINE 570.0 FEET TO THE NORTHEAST CORNER OF THE PARCEL SOLD TO SCHOOL DISTRICT NO. 1 BY DEED RECORDED MAY 18, 1950 IN BOOK 431, PAGE 373, CLACKAMAS COUNTY DEED RECORD; THENCE SOUTH ALONG THE EAST LINE THEREOF, 499.54 FEET; THENCE EAST 570 FEET, MORE OR LESS, TO THE EAST LINE OF SAID SECTION 5; THENCE NORTH ALONG SAID EAST LINE TO THE POINT OF BEGINNING.

EXCEPT THE NORTHERLY 10 FEET SOLD TO CLACKAMAS COUNTY BY DEED RECORDED NOVEMBER 18, 1968, AS RECORDER'S FEE NO. 68-23448, CLACKAMAS COUNTY RECORDS.

ALSO EXCEPT THAT PORTION SOLD TO THE STATE OF OREGON BY DEED RECORDED OCTOBER 18, 1940 IN BOOK 273 PAGE 536, CLACKAMAS COUNTY DEED RECORDS.

FURTHER EXCEPTING THEREOF THAT PORTION THEREOF DESCRIBED IN STIPULATED ORDER AND JUDGMENT IN CLACKAMAS COUNTY CASE NO. 84-12-36, FILED SEPTEMBER 18, 1986 AND THAT PORTION THEREOF DESCRIBED IN STIPULATED JUDGMENT IN CLACKAMAS COUNTY CASE NO. 93-8-18, FILED MAY 19, 1994.