James S. Yu
SEYFARTH SHAW LLP
620 8th Avenue
New York, NY  10018
Telephone:  (212) 218-5524
Facsimile:  (917) 344-1339
Email: jyu@seyfarth.com

M. Ryan Pinkston (admitted *pro hac vice*)
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549
rpinkston@seyfarth,com

*Attorneys for 36 Monmouth Plaza, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Jointly Administered |

**36 MONMOUTH PLAZA, LLC's OBJECTION AND RESERVATION OF RIGHTS REGARDING NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

36 Monmouth Plaza, LLC ("Landlord"), through counsel Seyfarth Shaw LLP, hereby objects to the proposed cure amount proposed by Bed Bath & Beyond Inc. ("Debtor") to be paid in connection with the proposed assumption and assignment of the unexpired lease of nonresidential real property between Landlord and Debtor, as tenant, for premises located at 92 Route 36, Eatontown, New Jersey (the "Leased Premises") and states as follows:

1. Landlord and Debtor are parties to that certain Agreement of Lease, dated February 28, 1999 (as amended, the "Lease").

2. Debtor has indicated its intention to assume and assign the Lease to a third party, and the Lease is identified on line number 31 on Exhibit A to Debtor's Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases (Dkt. No. 714) ("Notice").

3. In the Notice, Debtor proposes to pay nothing to cure its existing default under the Lease.

4. However, as of Debtor's petition date of April 25, 2023, Debtor was in arrears and continues to owe unpaid prepetition rent, common area maintenance charges, late charges, and prorated prepetition real estate taxes in the total amount of $168,566.96 (as reflected in the ledger attached hereto as **Exhibit A**), which amount must be paid upon assumption in order to cure Debtor's existing default under the Lease. *See* 11 U.S.C. § 365(b)(1)(A). Landlord hereby requests that any assumption of the Lease be expressly conditioned upon Landlord's receipt of the amount of $168,566.96 to cure Debtor's existing default.

5. Landlord understands from Debtor that it disputes a portion of the above cure amount, but Debtor admits that Landlord is entitled to cure costs in the amount of at least $49,488.27. At a minimum, this lesser undisputed amount must be paid upon assumption of the Lease.

6. In addition to Landlord's assertion of cure costs in the amount of $168,566.96, Landlord reserves its right to demand adequate assurance of future performance from any intended assignee of the Lease. *See* 11 U.S.C. § 365(b)(1)(C), (f). At this time, no potential assignee has been identified by Debtor.

7. Landlord further reserves its right to supplement or revise this objection as additional information is learned regarding Debtor's position regarding the disputed portion of Landlord's cure costs and/or any potential assignee of the Lease.

3

| | |
|---|---|
| Dated: June 26, 2023<br>New York, New York | SEYFARTH SHAW LLP<br><br>By: /s/ *James S. Yu*<br>James S. Yu<br>SEYFARTH SHAW LLP<br>620 8th Avenue<br>New York, NY  10018<br>Telephone:  (212) 218-5524<br>Facsimile:  (917) 344-1339<br>Email: jyu@seyfarth.com<br><br>*Attorneys for 36 Monmouth Plaza, LLC* |