**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | ) Case No. 23-13359 (VFP) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket Nos. 92 and 714** |

**OBJECTION OF KIMCO RIVERVIEW, LLC, WEINGARTEN NOSTAT, LLC, FLAGLER S.C., LLC, KSI CARY 483, LLC, MOORESVILLE CROSSING, LP, KIR SONCY L.P., CFH REALTY III/SUNSET VALLEY, L.P., CONROE MARKETPLACE, S.C., L.P., PRICE BAYBROOK LTD., PL DULLES LLC, WRI-URS SOUTH HILL, LLC, FRANKLIN PARK S.C., LLC, AND KIR TUKWILA, L.P. TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Kimco Riverview, LLC, Weingarten Nostat, LLC, Flagler S.C., LLC, KSI Cary 483, LLC, Mooresville Crossing, LP, KIR Soncy L.P., CFH Realty III/Sunset Valley, L.P., Conroe Marketplace S.C., L.P., Price/Baybrook Ltd., PL Dulles LLC, WRI-URS South Hill, LLC, Franklin Park, S.C., LLC, and KIR Tukwila L.P. (collectively, the "Landlords"), by and through their undersigned counsel, file this objection (the "Objection") to certain proposed Cure Payments reflected in the *Notice To Contract Parties To Potentially Assumed Executory Contracts And Unexpired Leases* [Doc. No. 714] (the "Cure Notice").[2] In support of this Objection, Landlords respectfully state as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Cure Notice.

AFDOCS:198447155.2

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and thereby commenced these chapter 11 cases in the United States Bankruptcy Court for the District of New Jersey (the "Court"). No request has been made for the appointment of a trustee or examiner, and the Debtors continue to operate its business as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On May 5, 2023, an Official Committee of Unsecured Creditors was appointed in these chapter 11 cases by the Office of the United States Trustee [Doc. No. 218].

3. Each Landlord is the owner of a shopping center in which the Debtors operate a retail store pursuant to a nonresidential real property lease (collectively, the "Leases").

4. On April 25, 2023, the Court entered the *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Doc. No. 92] (the "Bidding Procedures Order") in these chapter 11 cases.

5. On June 13, 2023, pursuant to the Bidding Procedures Order, the Debtors filed the Cure Notice which included a list of contracts and agreements on Exhibit A thereto that the Debtors may assume and assign to the Successful Bidder upon approval of a Sale Transaction and corresponding Cure Payments for unpaid monetary obligations under such executory contract or unexpired lease.

AFDOCS:198447155.2

6. The Landlords are counterparties to certain Leases included in the Cure Notice and, to the extent set forth herein, submit this Objection to the corresponding Cure Payments included with respect to those Leases with the Landlords.

## **CURE OBJECTION**

7. Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject an unexpired lease in the debtor's discretion. However, in order to sell an unexpired lease under section 363 of the Bankruptcy Code, the Debtors must actually assume and assign the subject lease, under section 365 of the Bankruptcy Code, and (i) cure (or provide adequate assurance that they will promptly cure) all defaults that exist as of the Petition Date; (ii) compensate, or provide adequate assurance that they will compensate, the counter-party to the unexpired lease for any pecuniary loss arising from such defaults and (iii) provide adequate assurance of future performance consistent with the heightened protections afforded to landlords of shopping centers under section 365(b)(3) of the Bankruptcy Code. 11 U.S.C. § 365.

8. Additionally, in accordance with section 365(d)(3) of the Bankruptcy Code, all post-petition rent (*i.e.*, base rent and additional rent, including but not limited to, CAM, electric, taxes and related charges and expenses) must be paid by the Debtors under the Leases until such time as each Lease is rejected or assumed and assigned.

9. The proposed Cure Payments in connection with the Leases as they appear in the Cure Notice are improper. The correct amounts should be as follows:

AFDOCS:198447155.2

| Landlord | Store Number | Site Name/Location | Proposed Cure Payments | Correct Cure Payments[3] |
|---|---|---|---|---|
| Kimco Riverview, LLC | 1162 | Mesa Riverview; Mesa, AZ | $313.65 | $20,894.10 |
| Weingarten Nostat, LLC | 214 | Sunset Point 19 S.C.; Clearwater, FL | $12,786.79 | $51,920.51 |
| Flagler S.C., LLC | 3025 | Flagler Park Plaza; Miami, FL | $15,218.32 | $40,643.50 |
| KSI Cary 482, LLC | 124 | Crossroads Plaza – Cary; Cary, NC | $0.00 | $24,267.56 |
| Mooresville Crossing, LP | 1179 | Mooresville Crossing; Mooresville, NC | $0.00 | $2,539.34 |
| KIR Soncy L.P. | 352 | Westgate Plaza – Shops at Soncy; Amarillo, TX | $0.00 | $6,349.41 |
| CFH Realty III/Sunset Valley, L.P. | 97 | Sunset Valley Marketfair; Austin, TX | $0.00 | $75,424.92 |
| CFH Realty III/Sunset Valley, L.P. | 3018 | Sunset Valley Marketfair; Austin, TX | $0.00 | $175,786.08 |
| Conroe Marketplace S.C., L.P. | 1117 | Conroe Marketplace; Conroe, TX | $109,606.72 | $112,022.26 |
| Price/Baybrook Ltd. | 51 | Center at Baybrook; Webster, TX | $0.00 | $3,961.84 |
| Price/Baybrook Ltd. | 3067 | Center at Baybrook; Webster, TX | $0.00 | $6,949.79 |
| PL Dulles LLC | 393 | Dulles Town Crossing; Sterling, VA | $0.00 | $23,459.74 |
| WRI-URS South Hill, LLC | 417 | South Hill Center; Puyallup, WA | $0.00 | $27,787.33 |
| Franklin Park S.C., LLC | 362 | Franklin Park S.C.; Spokane, WA | $0.00 | $21,413.45 |
| KIR Tukwila L.P. | 3098 | Parkway Super Center; Tukwila, WA | $42,153.89 | $66,287.39 |

10. With respect to the Cure Payments reflected herein and any post-petition amounts due under the Leases, Landlords expressly reserve the right to collect all year-end adjustments or other amounts that are due and payable under any Lease, regardless of their

---

[3] Certain of the corrected Cure Payments include unpaid amounts of the post-petition (including stub rent). The Landlords will provide supporting documentation for the corrected Cure Payments upon request of the Debtors or its professionals.

4

AFDOCS:198447155.2

accrual or billing date, and amounts not yet known as of the date of this Objection. Said amounts include, but are not limited to, charges/reconciliations for common area maintenance charges, insurance and real estate taxes. Because some of these charges are payable in arrears, the amounts due cannot be calculated at this time. Nevertheless, the Debtors and/or the eventual assignee will continue to be liable for all such charges as and when they come due under the Leases. Accordingly, the Debtors must be required to escrow and/or segregate sufficient funds to compensate Landlords for said charges when billed under the Leases or, in the alternative, any assignee of a Lease must be expressly held liable to pay such charges (in full and when due under the Lease) to the Landlords, regardless of whether said charges relate to periods that pre-date any assumption and assignment of the Leases.

11. Furthermore, each of the Landlords is also entitled to recover attorneys' fees and costs incurred with respect to the enforcement of the Leases. As a result, Landlords expressly reserve the right to seek payment of such fees and expenses. *See Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric*, 127 S. Ct. 1199, 1206 (2007).

## **RESERVATION OF RIGHTS**

12. Landlords expressly reserve all of their rights to supplement, modify or amend this Objection and make such other and further objections to the Cure Notice or any assumption and assignment of the Leases until such time as a final order is entered approving the Cure Payments with respect to the Leases. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defenses that Landlords have asserted, or may assert, with respect to any of proofs of claim against the Debtors. In addition, nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of the Landlords against the Debtors.

5

## CONCLUSION

**WHEREFORE**, Landlords respectfully requests that this Court enter an order (i) reserving the Landlords' rights to appropriate Cure Payments; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 26, 2023

                              ARENTFOX SCHIFF LLP

                              By: */s/ Brett D. Goodman*
                                  Brett D. Goodman
                                  1301 Avenue of the Americas, 42nd Floor
                                  New York, New York 10019
                                  Tel. No.: (212) 484-3939
                                  Fax No.: (212) 484-3900

                                *Attorneys for the Landlords*

AFDOCS:198447155.2