| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** |
| **FOX ROTHSCHILD, LLP**<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>49 Market Street<br>Morristown, NJ 07960<br>(973) 992-4800 (Telephone)<br>(973) 992-9125 (Facsimile)<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>*Counsel for Whitestone Eldorado Plaza LLC* |
| In re:<br><br>BED BATH & BEYOND, *et al.,* [1]<br><br>Debtors. |

Chapter 11

Case No. 23-13359-VFP
(Jointly Administered)

Hon. Vincent F. Papalia

## OBJECTION AND RESERVATION OF RIGHTS OF WHITESTONE ELDORADO PLAZA LLC TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Whitestone Eldorado Plaza LLC, as successor-in-interest to Parkday Eldorado Plaza, L.P. ("Landlord"), by and through its counsel, Fox Rothschild LLP, files this objection and reservation of rights (this "Objection") to the cure amount stated with respect to the lease described below in the above-captioned debtors' (the "Debtors") *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* filed on June 13, 2023 (the "Cure Notice") [D.I. 714], and in support thereof, respectfully states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

146927061.1

## BACKGROUND

1. Landlord and Debtor, Bed Bath & Beyond, Inc. ("BB&B"), as tenant, are parties to a certain lease dated February 28, 2014 (the lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease"), with respect to commercial property located at the El Dorado Shipping Center, 2975 Craig Street, McKinney, Texas 74072 (the "Premises"), designated as lease number 2194 in the Cure Notice and store number 825 in the Debtors' *Notice of Lease Auction and Potential Lease Sale Hearing* filed on May 25, 2023 [D.I. 456].

2. The Lease is for an initial ten (10) year term, with options to renew the Lease for four (4) successive five (5) year terms.

3. Pursuant to section 1.1.11 of the Lease, the fixed annual rent during the initial term of the Lease is $329,188, payable in equal monthly installments due on the first day of each calendar month. In addition to fixed rent, BB&B is responsible for its pro-rated share of common area charges and real estate taxes pursuant to sections 4.3 and 5.1.2 of the Lease, among other charges.

4. The Lease is listed as lease number 2194 in the Cure Notice, but no cure amount is stated.

5. For purposes of credit bidding on the Lease during the Phase 1 Lease Auction pursuant to the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [D.I. 422], the Debtors and the Landlord agreed to an undisputed cure amount. As set forth below, Landlord asserts that additional amounts are due under the Lease, and submits this Objection in the event that it is not the successful bidder for the Lease.

146927061.1

**OBJECTION**

6. Section 365(b) of the Bankruptcy Code provides that an unexpired lease cannot be assumed by a debtor unless the debtor cures any default under the lease and provides adequate assurance of present and future performance under the lease. 11 U.S.C. § 365(b)(1). *See In re G-I Holdings, Inc.*, 580 B.R. 388, 420-21 (Bankr. D.N.J. 2018) ("In order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance"); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (noting same). *See also Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998) ("That the obligations of an executory contract be accepted along with its benefits is made plain in the Bankruptcy Code's requirement that, as conditions of the contract's assumption, the debtor cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom."). The requirement to cure includes both pre- and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

7. Further, it is well settled that "[w]here the debtor assumes an executory contract or unexpired lease, it must assume the entire agreement, *cum onere* – the debtor accepts both the obligations and the benefits of the executory contract." *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (*citing National Labor Relations Board v. Bildisco and Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188 (1984)). *In re Jamesway Corp.*, 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996) ("[e]xcept as otherwise provided in the Bankruptcy Code, an executory contract or unexpired lease is assumed *cum onere*."); *In re Texaco, Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000) ("The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future."); *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D.N.Y. 1999) ("It is axiomatic that

3

an executory contract must be assumed *cum onere*. A debtor cannot simply retain the favorable and excise the burdensome provisions of an agreement."). This rule prevents the estate from avoiding obligations that are an integral part of an assumed agreement." *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (*quoting United Air Lines, Inc. v. Bank Trust Nat'l Ass'n (In re UAL Corp.)*, 346 B.R. 456, 468 n. 11 (Bankr. N.D. Ill. 2006). This requires that a lease be assumed "subject to the benefits and burdens thereunder." *Id. See also In re Eastman Kodak Company*, 495 B.R. 618, 624-25 (Bankr. S.D.N.Y. 2013) (noting that an agreement must be assumed "subject to its burdens").

8. Landlord objects to the cure amount stated in the Cure Notice because it does not accurately reflect the amounts due to Landlord under the Lease.

9. The amount currently outstanding under the Lease is $83,974.84, consisting of (i) $53,976.74 of unpaid rent, 2022 taxes, and common area charges, as set forth in detail in the lease ledger attached hereto as Exhibit A, and (ii) $29,998.10 for BB&B's pro rata share of real estate taxes that have accrued for the 2023 calendar year through June 30, 2023, the calculations for which are set forth in Exhibit B attached hereto.

10. Accordingly, in the event the Debtor seeks to assume the Lease, the cure amount should be fixed at $83,974.84, plus any additional amounts that accrue subsequent to the date of this filing.

11. Additionally, given that the Premises is located in a shopping center, as a condition of assuming the Lease, the Debtor must provide Landlord adequate assurance of future performance under the lease in accordance with section 365(b)(3) of the Bankruptcy Code.[2]

---

[2] Under section 365(b)(3), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance –

Likewise if the Lease is to be assumed and then assigned to a third-party, the proposed assignee must also furnish Landlord with adequate assurance of future performance pursuant to section 365(f)(2) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

12.     Landlord reserves its rights to amend and/or supplement this Objection as necessary, including, but not limited to, objections regarding adequate assurance of future performance under section 365 of the Bankruptcy Code, including as may be required by a proposed assignee under sections 365(b)(3) and 365(f)(2) of the Bankruptcy Code, and to object to any proposed assumption and assignment of the Lease, including to any terms of such assignment that might deviate from the use and occupancy terms of the Premises set forth in the Lease.

## **JOINDER**

13.     In addition to the foregoing, Whitestone joins in the objections to the Cure Notice filed by other parties-in-interest to the extent they are not inconsistent with this Objection.

---

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
(B) that any percentage rent due under such lease will not decline substantially;
(C) that assumption or assignment of such lease is subject to all the provisions therefor, including (but not limited to) provisions such as a radius, location, use or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

146927061.1

**CONCLUSION**

14. Based on the foregoing, Landlord respectfully requests that the Court determine that the cure amount due to Landlord under the Lease is $83,974.84, plus any additional amounts that accrue, and grant such further relief as the Court deems just.

| | |
|---|---|
| Dated: June 26, 2023<br>Morristown, New Jersey | **FOX ROTHSCHILD LLP**<br>*Counsel for Whitestone Eldorado Plaza LLC*<br><br>By: /s/ Michael R. Herz<br>Michael R. Herz, Esq.<br>Joseph J. DiPasquale, Esq. |