**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(a)**

Benesch, Friedlander, Coplan & Aronoff LLP
Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com

*Counsel to DoorDash, Inc.*

In re:

BED BATH & BEYOND INC., *et al*.[1],

Debtor.

Chapter 11

Case No. 23-13359 (VFP)

Judge: Vincent F. Papalia

## LIMITED OBJECTION OF DOORDASH, INC. TO CURE AMOUNT IN CONNECTION WITH NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RESERVATION OF RIGHTS

DoorDash, Inc. ("DoorDash"), by and through its undersigned counsel, hereby files this Limited Objection to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (the "Cure Notice") [D.I. 714], and in support thereof, respectfully states as follows:

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors (the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

"Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 25, 2023, the Court entered an Order [Docket No. 92] approving bidding procedures (the "Bidding Procedures Order") in connection with potential sales of the Debtors' assets.

3. DoorDash and debtor Bed Bath & Beyond Inc. ("BBBY") are parties to that certain DoorDash Drive Fulfillment Agreement, dated on or about April 7, 2021 (as amended, modified, or supplemented from time to time, the "Drive Agreement").

4. On June 13, 2023, the Debtors filed the Cure Notice. As it relates to the Drive Agreement, the Cure Notice includes only addendums to the Drive Agreement, stating a cure amount of only $12,937.24 for "DoorDash Drive US Re-Pricing Addendums." *See* D.I. 714, Cure Notice, at Nos. 666-669. The Drive Agreement is noticeably absent from the Debtors' Cure Notice.

5. The Cure Notice also provides the following:

> **PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Executory Contract or Unexpired Lease, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Executory Contract or Unexpired Lease, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction.

D.I. 714 at p. 3.

2

6. Under the Drive Agreement, the Debtors owe DoorDash $117,636.75 for prepetition amounts, and all accrued but unpaid postpetition amounts. This sum is far higher than the purported $12,937.24 cure amount for DoorDash listed in the Cure Notice.

7. For these reasons, DoorDash hereby objects to the proposed Cure Payments.

## LIMITED OBJECTION

8. DoorDash asserts that the correct cure amount for the Drive Agreement as of June 26, 2023 is not less than **$117,636.75** (the "Correct Cure Amount"), which amount includes pre-Petition Date sums owing to DoorDash, plus all accrued but unpaid postpetition amounts.

9. In order to assume the Drive Agreement, the Debtors are required to cure defaults existing under such agreements pursuant to section 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A). This includes both pre-petition and post-petition defaults. *See In re Burger Boys,* 94 F.3d 755, 763 (2d Cir. 1996).

10. As of the Petition Date, DoorDash holds a pre-petition claim against BBBY under the Drive Agreement in the amount of no less than $105,010.91 (the "Drive Agreement Pre-Petition Cure Claim"). Thus, the Cure Payment with respect to DoorDash is incorrect. In addition, approximately $12,625.84 in Post-Petition Date sums have accrued and remain unpaid by BBBY.

11. Furthermore, it appears that the Debtors may attempt to only assume and assign portions of the Drive Agreement, as the Cure Notice lists certain addendums individually. Generally, 11 U.S.C. § 365 requires that a debtor assume all of a contract or reject all of a contract; debtors are not permitted to pick and choose favorable portions of an agreement to assume while

3

rejecting other aspects of the contract. *See In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 183 (Bankr. E.D. Penn. 2010) ("The trustee or debtor-in-possession must either assume the entire contract, *cum onere,* or reject the entire contract, shedding obligations as well as benefits."). To the extent the Debtors are attempting to only assume portions of the Drive Agreement (or only addendums thereto), DoorDash objects.

12. In addition to payment of the Correct Cure Amount, DoorDash is entitled to adequate assurance of future performance by any proposed assignee of the Drive Agreement. As of the date hereof, despite the requirements to provide adequate assurance information placed on the Debtors in the Bidding Procedures Order, neither DoorDash nor its counsel have received any adequate assurance information regarding potential assignees of the Drive Agreement.[2] Without such information it is impossible for DoorDash to assess whether the Debtors or any proposed assignee can provide adequate assurance of future performance as required under Section 365(b)(1)(C).

## **RESERVATION OF RIGHTS**

13. DoorDash specifically reserves its rights to amend and/or supplement this objection and the Correct Cure Amount. DoorDash reserves the right to file further objections with respect to any proposed sale of the Drive Agreement or assumption and assignment of the Drive Agreement. All objections and reservations asserted herein with respect to the Correct Cure Amount, adequate assurance, or otherwise apply with equal force to any proposed sale, assumption or assignment.

---

[2] Though DoorDash notes it is currently holding a prepayment/security deposit from BBBY which currently provides some assurance that its claims will be paid.

WHEREFORE, DoorDash respectfully requests that the Court address DoorDash's issues raised herein with respect to the Drive Agreement, and grant such further relief as is just and proper.

Dated: June 26, 2023

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

By: */s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (NJ No. 173442015)

*Counsel to DoorDash, Inc.*