**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**GREENBERG TRAURIG LLP**
Alan J. Brody
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
Email: brodya@gtlaw.com

- and -

Heath B. Kushnick (*pro hac vice* pending)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9298
Facsimile: (212) 805-5598
Email: kushnickh@gtlaw.com

*Counsel for Alexander's Rego Shopping Center, Inc.*

In re:

BED BATH & BEYOND INC., *et al.*,

    Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**LIMITED OBJECTION OF ALEXANDER'S REGO SHOPPING CENTER, INC. TO PROPOSED CURE AMOUNT IN CONNECTION WITH POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE, AND RESERVATION OF RIGHTS**

Alexander's Rego Shopping Center, Inc. (the "Landlord"), through its undersigned counsel, respectfully submits this limited objection and reservation of rights ("Limited Objection") with respect to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] (the "Cure Notice") filed by the above-captioned debtors (the "Debtors") on June 13, 2023, in connection with the Debtors' Bid Procedures Order (as defined

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

below) for the sale of substantially all of their assets (the "General Sale Process"). While Landlord does not generally oppose the General Sale Process, the Proposed Cure Amount (as hereinafter defined) for Landlord's unexpired lease with the Debtors is incorrect and Landlord is submitting this Limited Objection for the limited purpose of asserting the correct amount of the cure claim to which it is entitled to be paid in connection with the possible assumption and assignment of its lease under section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). In support of this Limited Objection, Landlord hereby states as follows:

## BACKGROUND

1. On April 23, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. As of the date hereof, Landlord, as successor-landlord, and Debtor Bed Bath & Beyond Inc. ("BBBY" or the "Debtor"), as tenant, are parties to that certain Agreement of Lease dated as of December 12, 1996 (as amended from time to time, the "Lease"), pursuant to which BBBY leases certain nonresidential real property located in the shopping center at 96-05 Queens Boulevard, Rego Park, New York 11374. The Lease is a lease "of real property in a shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086–87 (3d Cir. 1990).

3. On April 25, 2023, the Court entered that certain *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Docket No. 92]

2

(the "Bid Procedures Order"), pursuant to which the Court established procedures for the General Sale Process.

4. On June 13, 2023, the Debtors filed the Cure Notice, which identifies (a) those leases that may be assumed and assigned to a Successful Bidder (as defined in Exhibit 1 to the Bid Procedures Order), and (b) the Debtors' proposed cure amounts with respect to such leases. The Cure Notice reflects a proposed cure amount for the Lease of $14,341.09 (the "Proposed Cure Amount").

## Cure Objection

5. The Debtors' Proposed Cure Amount is incorrect. The actual pre-petition arrearages (exclusive of attorney's fees) currently owed under the Lease through the date of this Limited Objection are at least $119,441.90. Attached hereto as **Exhibit A** is a detailed summary of the outstanding unpaid rent and charges (exclusive of attorneys' fees) due under the Lease as of the date of this Limited Objection.

6. Landlord objects to the Proposed Cure Amount as it does not reflect the correct amount of pre-petition arrearages under the Lease and does not account for pecuniary losses, reconciliations and other charges or any indemnity obligations under the Lease.

7. Section 365 of the Bankruptcy Code conditions a debtor's assumption of an unexpired lease on the debtor's curing, or providing adequate assurance that the debtor shall promptly cure, all defaults upon assumption. 11 U.S.C. § 365(b)(1)(A); *see also In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("Because the Bankruptcy Code also recognizes the interest of the landlord in realizing the benefit of the bargain struck with the tenant, albeit under brighter financial circumstances, in order to assume the lease, the trustee must cure any remaining defaults under the contract or lease.").

8. In addition to the cure of monetary defaults, Landlord is entitled under section 365(b)(1)(B) of the Bankruptcy Code to be reimbursed for its pecuniary losses in the form of attorney's fees and costs required to be reimbursed under the Lease.

9. Landlord is entitled to be reimbursed for reasonable attorney's fees under Sections 18(d) and (g) of the Lease (requires the Debtors to compensate Landlord for pecuniary losses arising from a default), and additionally under Section 48 of the Lease (prevailing party provision). *See, e.g.*, *In re Westworld Cmty. Healthcare, Inc.*, 95 B.R. 730, 733 (Bankr. C.D. Cal. 1989) ("attorneys' fees constitute a pecuniary loss resulting from debtors (sic) default pursuant to 11 U.S.C. § 365(b)(1)(B), and such fees must be recompensed by the debtor before it may assume its lease"); *In re Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) ("section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties"); *In re F & N Acquisition Corp.*, 152 B.R. 304, 308 (Bankr. W.D. Wash. 1993) (collecting cases). The Debtors' defaults under the Lease, as well as the actions taken by Debtors in these cases, have caused Landlord to incur pecuniary losses in the form of reasonable attorney's fees and expenses in an amount at least equal to $119,441.90. The terms of the Lease (as well as section 365(b)(1)(B) of the Bankruptcy Code), require the Debtors to reimburse Landlord for such reasonable attorney's fees and expenses incurred.

10. Additionally, Landlord is entitled to any adjustments of costs that are due but may not yet be known under the Lease, including but not limited to, electricity costs, common area maintenance "CAM" costs, real estate taxes, and other amounts that may be attributable to the pre-petition period.

**Adequate Assurance Objection**

11. As of the filing of this Limited Objection, the Debtors have not designated a Successful Bidder or assignee of the Lease. Landlord reserves the right to object to any assumption

or assignment, or both of the Lease on adequate assurance or any other grounds. Section 365(f)(2)(B) provides that a debtor may assume and assign a lease only if "adequate assurance of future performance by the assignee of such . . . lease is provided . . . ." The Lease is a shopping center lease. Thus, the Debtors and/or any assignee must satisfy the heightened standards and conditions to assignment set forth under section 365(b)(3) of the Bankruptcy Code.

12. To date, Landlord has not received any indication that a third party has bid on the Lease or any adequate assurance information with respect to such a third party. Accordingly, Landlord expressly reserves the right to object to adequate assurance concerning the proposed stalking horse bidder or any other potential assignee (or the reorganized Debtors, if the Lease is assumed but not assigned). Further, if the successful bidder does not possess sufficient operating experience or capitalization sufficient to demonstrate adequate assurance of future performance under the Lease, Landlord reserves the right to request that the Court order the assignee to provide some type of security or guaranty as part of its adequate assurance of future performance demonstration, as required by Section 365(l) of the Bankruptcy Code.

**<u>Reservation of Rights</u>**

13. Landlord reserves (i) the right to supplement this Limited Objection with additional charges, obligations, and costs (including, without limitation, attorney's fees and expenses and unpaid post-petition rent and charges) that may arise under the Lease prior to the effective date of any assumption or assignment of the Lease, and (ii) the right to assert an administrative expense claim for post-petition amounts due and continuing to accrue under the Lease.  Nothing herein shall be interpreted as consent by Landlord to the assumption of a Lease and all objections and defenses to any request by the Debtors to assume or assume and assign the Lease is expressly preserved.

**Joinder**

14. In addition to the foregoing, Landlord further joins in the objections filed by the Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Limited Objection (or any subsequent resolution of Landlord's objection).

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) allowing the cure claim of Landlord in the amount of not less than $119,441.90 (unless earlier resolved by agreement of the parties), and further awarding and directing payment of pecuniary losses in the form of Landlord's attorney's fees and costs in an amount not less than $119,441.90 (or as otherwise agreed), (ii) requiring the Debtors and any proposed assignee to demonstrate adequate assurance of future performance under section 365(b)(3) of the Bankruptcy Code, and (iii) granting to Landlord such other and further relief as the Court deems just and proper.

Dated: June 26, 2023

**GREENBERG TRAURIG LLP**

*/s/ Alan J. Brody*

Alan J. Brody
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
Email: brodya@gtlaw.com

- and -

Heath B. Kushnick (*pro hac vice* pending)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9298
Facsimile: (212) 805-5598
Email: kushnickh@gtlaw.com

*Counsel for Alexander's Rego Shopping Center, Inc.*