UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

HODGSON RUSS LLP
Erin N. Teske, Esq.
605 Third Avenue, Suite 2300
New York, New York 10158
Telephone:  (212) 751-4300
Email:  eteske@hodgsonruss.com

HODGSON RUSS LLP
James C. Thoman, Esq.  (*pro hac vice* pending)
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
Email:  jthoman@hodgsonruss.com

Counsel for Benchmark-Clarence Associates, LLC
and SRK Lady Lake 21 SPE, LLC

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al*.,<br><br>Debtors.[1] | Case No.:  23-13359 (VFP)<br><br>Chapter 11<br><br>Judge:  Hon. Vincent F. Papalia |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
BENCHMARK-CLARENCE ASSOCIATES, LLC AND SRK LADY LAKE
21 SPE, LLC TO NOTICE TO CONTRACT PARTIES TO
POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND
UNEXPIRED LEASES**

Benchmark-Clarence Associates, LLC ("Benchmark") and SRK Lady Lake 21

SPE, LLC ("SRK," and together with Benchmark, the "Landlords"), by and through their

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

attorneys, Hodgson Russ LLP, as and for their limited objection and reservation of rights to the

Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases

(the "Cure Notice") [Docket No. 714], filed by Bed bath & Beyond Inc. and its debtor affiliates,

as debtors and debtors in possession (collectively, the "Debtors"), respectfully states as follows:

## BACKGROUND

1.    On April 23, 2023, the Debtors filed voluntary petitions (the "Chapter 11

Cases") for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in

the United States Bankruptcy Court for the District of New Jersey (the "Court").

**Benchmark Lease**

2.    On March 23, 2006, one of the Debtors, Bed Bath & Beyond Inc. (the

"Debtor") and Benchmark Main Transit Associates, LLC ("Benchmark Main") entered a Lease

Agreement (the "Original Benchmark Lease") for certain retail space located at 4401 Transit

Road, Williamsville, New York 14221 (the "Benchmark Leased Premises").

3.    On August 9, 2007, Benchmark Main assigned the Original Benchmark

Lease to Benchmark pursuant to an Assignment and Assumption of Leases (the "Lease

Assumption").

4.    On March 19, 2019, Benchmark and the Debtor executed a First

Amendment to Lease (the "First Lease Amendment").

5.    On June 22, 2020, Benchmark and the Debtor executed a Second

Amendment to Lease (the "Second Lease Amendment").

6.      On January 27, 2022, Benchmark and the Debtor executed a Third Amendment to Lease (the "Third Lease Amendment," and collectively with the Original Benchmark Lease, Lease Assumption, First Lease Amendment, and Second Lease Amendment, the "Benchmark Lease").

**SRK Lease**

7.      On June 14, 2007, the Debtor and SRK Lady Lake 21 Associates LLC ("SRK Associates") entered a Lease Agreement (the "Original SRK Lease") for certain retail space located at 546 N. Highway 27/441, Lady Lake, Florida 32159 (the "SRK Leased Premises," and together with the Benchmark Leased Premises, the "Leased Premises").

8.      On January 16, 2008, SRK Associates and the Debtor executed a First Amendment to Lease (the "First Lease Amendment").

9.      On June 27, 2018, SRK Associates and the Debtor executed a Second Amendment to Lease (the "Second Lease Amendment").

10.     On June 22, 2020, SRK Associates and the Debtor executed a Third Amendment to Lease (the "Third Lease Amendment,").

11.     On June 30, 2022, SRK Associates assigned the Original SRK Lease to SRK pursuant to an Assignment and Assumption of Leases (the "Lease Assumption," and collectively with the Original SRK Lease, First Lease Amendment, Second Lease Amendment, and Third Lease Amendment, the "SRK Lease," and together with the Benchmark Lease, the "Leases").

**Debtors' Sale Motion**

12.     On or about April 23, 2023, the Debtors filed a Motion for Entry of an

Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid

Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner

of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and

Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the

Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D)

Granting Related Relief (the "Sale Motion") [Docket No. 29].

13.     On April 25, 2023, the Court entered an Order (I)(A) Approving the

Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling

Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E)

Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption

and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of

Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief (the

"Bidding Procedures Order") [Docket No. 92].

14.     The Leases are leases of real property in shopping centers as that term is

used in 11 U.S.C. § 365(b)(3).  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir.

1990).

15.     Benchmark is listed on the Cure Notice with a proposed cure amount of

$134.29 for the Benchmark Leased Premises (the "Proposed Benchmark Cure Amount").

16.     SRK is listed on the Cure Notice with a proposed cure amount of

$9,057.76 for the SRK Leased Premises (the "Proposed SRK Cure Amount," and together with

the Proposed Benchmark Cure Amount, the "Proposed Cure Amounts").

17.     Upon information and belief, as of the date of this Objection, the Debtor

continues to operate at the Leased Premises, and therefore additional post-petition obligations

will become due and payable.  Any additional post-petition amounts which may come due must

be paid to the Landlords in order to cure any defaults under the Leases.

## **OBJECTION**

18.     Section 365(b)(l) provides, in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor,
> the trustee may not assume such contract or lease unless, at the time of assumption
> of such contract or lease, the trustee-
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such
> default ....

11 U.S.C. § 365(b)(1).

19.     The Landlords are entitled to have any and all defaults under the Leases be

cured prior to the assumption and assignment of the Leases.  The Landlords object to any

assumption and assignment of the Leases in the event that the Debtor has not cured the pre-

petition defaults and is not current in its post-petition obligations at the time of the proposed

assumption and assignment.

20.     Benchmark disputes the Debtor's Proposed Benchmark Cure Amount and

asserts that the proper cure amount pursuant to the terms and conditions of the Benchmark Lease

is not less than $7,538.97.  A copy of the itemization of the Benchmark's cure amount as of the

5

date of this Objection is annexed hereto as **Exhibit 1**.  Benchmark reserves its right to update the

cure amounts as of the effective date of any proposed assumption and assignment.

      21.    SRK does not object to the Debtor's current Proposed SRK Cure Amount,

but SRK reserves its right to update the cure amounts as of the effective date of any proposed

assumption and assignment.  A copy of the itemization of the SRK's cure amount as of the date

of this Objection, $9,057.78, is annexed hereto as **Exhibit 2**.

      22.    Section 365(f)(2)(B) of the Bankruptcy Code provides that the Debtor may

only assign an executory contract or unexpired lease if:

> (B) adequate assurance of future performance by the assignee of such contract or
> lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2)(B).

      23.    While the Bankruptcy Code does not define "adequate assurance", courts

generally rely on the Uniform Commercial Code for guidance which bases adequate assurance

on "commercial reasonableness".  *In re DBSL Inc.* 405 B.R. 698, 708 (Bankr. D.Del. 2009).

Therefore, "courts have held that the term 'adequate assurance' was intended to be given a

practical, pragmatic construction." *Id.* (citations omitted).  Accordingly, the facts and

circumstances of each assumption and assignment are to be evaluated and considered in making

a determination as to what constitutes adequate assurance. *Id.* The movant bears the burden of

proof on adequate assurance of future performance. *In re Texas Health Enters., Inc.,* 246 B.R.

832, 835 (Bankr. E.D. Tex. 2000).

      24.    To date, the Debtor has not identified any proposed counterparty for

assumption/assignment of the Leases.  Therefore, the Landlords reserve their right to amend

and/or supplement this Objection to update the amount necessary to cure as well as adequate

assurance information as to a proposed assignee.  The Landlords further reserve all rights and

objections with respect to any sale, assumption or assignment, proposed in connection herewith.

**WHEREFORE**, the Landlords reserve their rights as to any proposed assumption

and assignment of the Leases and Benchmark hereby objects to the Proposed Benchmark Cure

Amount and request such other and further relief as the Court deems just and proper.

Dated:  June 26, 2023                    Respectfully submitted,


**HODGSON RUSS LLP**
*Counsel for Benchmark-Clarence Associates, LLC and*
*SRK Lady Lake 21 SPE, LLC*


By:    */s/ Erin N. Teske*
       Erin N. Teske, Esq.  (NJ I.D. #023652010)
605 Third Avenue, Suite 2300
New York, New York 10158
Telephone:  (212) 751-4300
Email:  eteske@hodgsonruss.com

and

James C. Thoman, Esq.  (*pro hac vice* pending)
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
Email:  jthoman@hodgsonruss.com