Caption in Compliance with D.N.J. LBR 9004-1(b)
CONNOLLY GALLAGHER LLP
Karen C. Bifferato (DE #3279)
Jeffrey C. Wisler (#002911989)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for IRC Woodfield Plaza, L.L.C. and
IRC Prairie Crossings, L.L.C.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Jointly Administered |

### OBJECTION OF IRC WOODFIELD PLAZA, L.L.C., AND IRC PRAIRIE CROSSINGS, L.L.C. TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

IRC Woodfield Plaza, L.L.C. ("IRCW"), and IRC Prairie Crossings, L.L.C. ("IRCP"; together with IRC, collectively hereinafter referred to as the "Landlords"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (Docket No. 714) (the "Cure Notice") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), and in support thereof, respectfully state as follows:

## BACKGROUND

1.      On April 23, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). IRCW is a party to an unexpired lease of nonresidential real property with the Debtors for premises located at 580 East Golf Road, Schaumburg, IL 60173 (the "Schaumburg Lease"), and IRCP is a party to an unexpired lease of nonresidential real property with the Debtors for premises located at 11165 W. Lincoln Highway, Frankfort, IL 60423 (the "Frankfort Lease"; together with the Schaumburg Lease, collectively hereinafter referred to as the "Leases"). The Leases are each a lease "of real property in a shopping center" for purposes of 11 U.S.C. § 365(b)(3).

2.      On April 25, 2023, the Court entered an order (Docket No. 92) that approved the Debtors' proposed bidding procedures and proposed sale process regarding the sale of the Debtors' assets. In connection therewith, on June 13, 2023, the Debtors filed the Cure Notice. The Cure Notice lists the Debtors' proposed cure amount for both the Schaumburg Lease and the Frankfort Lease as $0 (collectively hereinafter referred to as the "Proposed Cure Amounts").

## OBJECTION AND BASIS THEREFOR

3.      The Proposed Cure Amounts are incorrect according to the Landlords' books and records. As of the date hereof, IRCW's records reflect that instead, the correct cure amount for the Schaumburg Lease is $213,797.62 (the "Actual Schaumburg Cure Amount"), and IRCP's records reflect that the correct cure amount for the Frankfort Lease is $46,894.83 (the "Actual Frankfort Cure Amount"; together with the Actual Schaumburg Cure Amount, collectively hereinafter referred to as the "Actual Cure Amounts"). The Actual Cure Amounts are the

amounts that the Landlords show is owed for each of the Leases through the date of this Objection.[1]

4. In addition, the Proposed Cure Amounts do not take into consideration the passage of time between the filing of the Cure Notice and the effective date of any assumption or assumption and assignment of the Leases by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption or assumption and assignment of the Leases, and (ii) cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption or assumption and assignment by the Debtors. *See* 11 U.S.C. § 365(b)(1).

5. Next, the Proposed Cure Amounts do not include amounts that may become due under the Leases after the Leases are assumed or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, real estate tax and common area maintenance reconciliations). Any order establishing cure amounts in connection with the assumption or assumption and assignment of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases subsequent to assumption or assumption and assignment.

6. Third, the Leases provide that the Debtors must indemnify and hold Landlords harmless with respect to any existing claims that may not become known until after the assumption of the Leases (*i.e.*, personal injury claims, damage to the leased premises or shopping centers caused by the Debtors or their agents). Any order approving the assumption or assumption and assignment of the Leases must provide that the assumption or assumption and

---

[1] Any party wishing to receive a more detailed breakdown of the Actual Cure Amounts may do so by contacting the undersigned counsel to the Landlords.

assignment is pursuant to the terms of the Leases, and that the Debtors or the assignee will continue to be responsible for all such indemnification obligations, regardless of when they arose.

7.  Finally, under the Leases, Landlords are entitled to certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, Landlords cannot be certain as to when such assumption or assumption and assignment will occur. The correct cure amount should include all of Landlords' attorneys' fees and costs to which they are entitled under the Leases through the effective date of assumption or assumption and assignment.

WHEREFORE, for all of the foregoing reasons, Landlords respectfully request that any order entered by the Court that establishes cure amounts with respect to the Leases and the assumption or assumption and assignment of the Leases, be consistent with the relief requested herein, and that the Court grant Landlords such other and further relief as is just and proper.

Dated: June 26, 2023

**CONNOLLY GALLAGHER LLP**

*/s/ Jeffrey C. Wisler*
Karen C. Bifferato (DE #3279)
Jeffrey C. Wisler (#002911989)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for IRC Woodfield Plaza, L.L.C. and IRC Prairie Crossings, L.L.C.*

05745603