**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:<br><br>BED BATH & BEYOND INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**OBJECTION OF ML-MJW PORT CHESTER SC OWNER LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

ML-MJW Port Chester SC Owner LLC, ("MJW Port Chester" or "Landlord") hereby files its objection (the "Objection") to the Debtors' Motion for Entry of an Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief (the "Burlington Sale Motion") (Docket No. 644) filed on June 7, 2023, and sets forth the following:

**Background**

1.  On April 23, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey, which cases have been jointly consolidated for administrative purposes only.

2.  On April 25, 2023, the Court entered an Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E), Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption

and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief (the "Bidding Procedures Order") (Docket No. 92).

3. MJW Port Chester, successor in interest to AVR PORTCHESTER, LLC, and Bed Bath & Beyond Inc. (the "Debtor" or "Tenant") are parties to a lease of non-residential real property dated February 17, 2011, as amended from time to time, covering certain premises (the "Premises") located at 441 Boston Post Road, Port Chester, New York 10573 (the "Lease," **Exhibit A** hereto).

4. On May 18, 2023, Mr. Emilio Amendola of A&G Real Estate Partners, one of the Debtors' retained professionals herein, sent an email to Timothy Shields, Senior Vice President of M&J Wilkow, regarding the Debtor's Lease of the Port Chester property. In his email, Mr. Amendola stated that "the lease is being assigned to Burlington, the motion will be filed shortly."

5. Landlord interpreted Mr. Amendola's email as an "Assignment/Subletting Notice" from the Debtor of its proposal to assign its interest under the Lease to Burlington in accordance with Section 15.1.2 of the Lease. Pursuant to Section 15.1.2 of the Lease, Landlord had the option to terminate the Lease upon payment of Tenant's unamortized costs and expenses and any alterations performed by Tenant to the Premises.

6. Section 15.1.2 is included in the Lease to provide the Landlord with control over the tenant mix at Port Chester which is necessary for Landlord to maintain because of covenants in leases of various other tenants that restrict Landlord's ability to lease space.

7. For example, Landlord's current lease at Port Chester with Target Corporation (**Exhibit B** hereto), which post-dates the Lease with the Debtor, prevents Landlord for entering

into a new lease with "General Merchandise Use" tenants, such as Burlington. (*Id*. at Schedule 1, definition of General Merchandise Use, and Exhibit G, Prohibited Uses, #3).

8. Accordingly, on May 18, 2023, Landlord, though its counsel, sent a letter via email and federal express to Mr. Amendola, copying Debtor's counsel, constituting Landlord's Termination Notice (the "Termination Notice," **Exhibit C** hereto) pursuant to Section 15.1.2(a) of the Lease. The Termination Notice requested that the Debtor provide Landlord with the full name and address of the proposed assignee, together with a statement certified by Tenant of the amount of the then unamortized costs (amortized on a straight-line basis over the Initial Term) of Tenant's Work (less the Tenant's Allowance to the extent actually paid by the landlord to Tenant) and any alterations performed by Tenant to the Premises, as required by Section 15.1.2 of the Lease.

9. While under Section 15.1.2 of the Lease, the Lease automatically terminates on the ninetieth (90th) day (the "Termination Date") after the date of the Termination Notice, given that the Tenant is a Debtor in these bankruptcy proceedings, Landlord could not effectuate termination of the Lease without obtaining an order from this Court modifying automatic stay under 11 U.S.C. §362(d).

10. Landlord has not sought modification of the stay and does not assert its termination right under Section 15.1 of the Lease as a ground to object to Debtor's Motion.

11. After receiving notice of the Burlington Sale Motion, on June 12, 2023, the Landlord submitted its offer to purchase the Debtor's leasehold interest in the Lease in the form of an Assumption and Assignment Agreement, a copy of which is attached hereto as **Exhibit D**. The total economic consideration to be received by the Debtor under the Landlord's offer is $450,000. *Id*. at ¶ 2.

35368158.1

12. Within the past several days, Landlord has been informed, verbally, that their is a revised offer from Burlington the on Port Chester lease that matches the $450,000 in consideration in Landlord's offer and that the Debtor's would be filing a revised motion setting forth the precise terms of the revised bid.

13. To date, Landlord has not seen any revised motion, or the precise terms of a revised bid from Burlington.

14. While Landlord and the Debtors have been in discussions in an attempt to address the leasehold interest but as of the date of this Objection, the parties have been unable to reach a resolution.

## Objection

15. Landlord objects to the proposed assumption and assignment/sale of the Lease because it would result in Landlord entering into a lease with Burlington to operate a General Merchandise Use on the Premises, which is a prohibited use under the existing lease with Target Corporation and would result in Landlord being in breach of its lease with Target.

16. Landlord further objects to the proposed assumption and assignment/sale of the Lease, along with the $31,299.84 Cure Amount listed in the Burlington Sale Motion.

17. Effective June 30, 2023, the principal amount required to cure existing defaults under the Lease, exclusive of interest and late fees (the "Cure Amount") is listed in the following chart and has been provided to Debtor:

35368158.1

| Description | Billing Date | Amount | |
|---|---|---|---|
| Monthly Fixed Rent April, 2023 | 4/1/23 | $32,812.50 | Art. 4 of Lease |
| Monthly Fixed CAM and INS for April, 2023 | 4/1/23 | $8,446.38 | Art. 5 of Lease |
| Monthly Fixed Rent for May, 2023 | 5/1/23 | $32,812.50 | Art. 4 of Lease |
| Monthly Fixed CAM and INS for May, 2023 | 5/1/23 | $8,446.38 | Art. 5 of Lease |
| Monthly Fixed Rent for June, 2023 | 6/1/23 | $32,812.50 | Art. 4 of Lease |
| Monthly Fixed CAM and INS for June, 2023 | 6/1/23 | $8,446.38 | Art. 5 of Lease |
| Calendar Year 2022 RET (2nd installment) | 5/1/23 | $25,987.02 | Art. 4 of Lease |
| Calendar Year 2023 RET (1st installment) | 5/8/23 | $20,652.35 | Art. 4 of Lease |
| Calendar Year 2023 RET (2nd installment) | 6/7/23 | $26,255.70 | Art. 4 of Lease |
| | | | |
| **Total Cure Amount Due and Payable** | | **$196,671.71** | |

18.     The Cure Amount does not include interest and late fees based on the date of actual payment and will increase because of amounts due to be paid under the Lease on July 1, 2023.

### Request for Continuance

19.     Landlord remains interested in competitively bidding against the Burlington revised offer, but without the terms of that Offer set forth in a revised motion, Landlord does not know what it is bidding against.

20.     Landlord respectfully requests that the Court enter and continue the Burlington Sale Motion for a short period of time to allow the Debtors to file an Amended Motion setting forth the terms of the own Burlington bid and affording Landlord an opportunity to review same and determine whether to revise its own proposal.

WHEREFORE, ML-MJW Port Chester SC Owner LLC respectfully requests that the Court enter an order either (i) denying the assumption and assignment/sale of the Lease for the

5

35368158.1

reasons set forth above or, alternatively, (ii) entering and continuing the Burlington Sale Motion for a short time to allow Debtor to file an amended motion setting forth the terms of any new Burlington bid and affording Landlord the opportunity to meet or exceed the new Burlington bid.

Dated:   June 27, 2023                  */s/ Dana Plon*
                                          Dana Plon
                                          Peter A. Lesser
                                          SIRLIN LESSER & BENSON, PC
                                          123 S. Broad St., Suite 2100
                                          Philadelphia, PA 19109
                                          Ph: (215) 864-9700
                                          Email: dplon@sirlinlaw.com; plesser@sirlinlaw.com

                                          and

                                          Robert Radasevich
                                          NEAL, GERBER & EISENBERG LLP
                                          Two N. LaSalle Street, Suite 1700
                                          Chicago, IL 60602
                                          Ph: (312) 269-8000
                                          Email: rradasevich@nge.com

                                          *Counsel to ML-MJW Port Chester SC Owner LLC*

35368158.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 27, 2023, I caused a copy of the foregoing Objection to be served through the Court's CM/ECF system on all parties receiving notices in these cases. I also caused a copy of the foregoing to be served by electronic mail on the parties listed below.

/s/ Dana S. Plon

| | |
|---|---|
| Joshua A. Sussberg<br>Emily E. Geier<br>Derek I. Hunter<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com | Michael D. Sirota<br>Warren A. Usatine<br>Felice R. Yudkin<br>Cole Schotz P.C.<br>Court Plaza North<br>25 Main Street<br>Hackensack, NJ 07601<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com |
| Marshall S. Huebner<br>Adam L. Shpeen<br>Steven Z. Szanzer<br>Michael Pera<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>marshall.huebner@davispolk.com<br>adam.shpeen@davispolk.com<br>steven.szanzer@davispolk.com<br>michael.pera@davispolk.com | David M. Hillman<br>Megan R. Volin<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036<br>dhillman@proskauer.com<br>mvolin@proskauer.com |

| | |
|---|---|
| Fran B. Steele<br>Office of the United States Trustee for Region 3, District of New Jersey<br>1085 Raymond Boulevard, Suite 2100<br>Newark, NJ 07102<br>fran.b.steele@usdoj.gov | Robert K. Malone<br>Brett S. Theisen<br>Kyle P. McEvilly<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102<br>rmalone@gibbonslaw.com<br>btheisen@gibbonslaw.com<br>kmcevilly@gibbonslaw.com |
| Robert J. Feinstein<br>Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com | |

35368158.1