# EXHIBIT "D"

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of June __, 2023, is by and between Bed Bath & Beyond, Inc., a New York Corporation ("Assignor") and ML-MJW Port Chester SC Owner LLC, a Delaware limited liability company, or a designated affiliate, ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Assignor to the Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.,* Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease listed on Schedule A attached hereto (the "Assigned Assets" or the "Lease") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1.    Assignment and Assumption.  Effective as of the date the Bankruptcy Court enters an order pursuant to 11 U.S.C. § 363(b) approving the assumption and assignment by this Agreement, and such order becomes final  (the "Closing Date"), and upon payment of the Purchase Price as set forth below:

(a)    Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Assets.

(b)    Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Assigned Assets.

2.    Payment of Purchase Price. Assignee shall, on the date hereof, deliver the purchase price for the Assigned Assets in the amount of $253,328.29 (the "Purchase Price") in immediately available funds wired to the account specified by Assignor. Combining the $253,328.29 Purchase Price to be paid by Assignee with the $196,671.71 Cure Amount to be waived by Assignee as set forth in paragraph 3 below, the total economic consideration realized by the Assignor under this Agreement is $450,000.00 (the "Total Economic Consideration"). The Parties acknowledge that if the assumption and assignment of the Assigned Assets (the "Closing") does not occur on the Closing Date, the Lease may thereafter be rejected in the bankruptcy proceeding referenced above.

3.    <u>Assumption of Liabilities and Waiver of Cure Amounts</u>. In addition to assuming all remaining obligations that exist with respect to the Assigned Assets, including, but not limited to, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance, Assignee shall waive and release its statutory right to seek payment of all cure amounts under 11 U.S.C. § 363(b)(1).  As set for on Schedule B hereto, as of the date of this Agreement, the amounts necessary to cure all breaches and deficiencies due to Assignee/Landlord under the Lease and relating to the Assigned Assets totals $196,671.71 (the "<u>Cure Amount</u>").

4.    <u>No Further Liability of Assignor</u>. From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Assigned Assets.

5.    <u>Further Assurances</u>. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Assets.

6.    <u>"As Is Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Assets. Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets. Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of the Assigned Asset(s) and all such other matters relating to or affecting the Assigned Asset(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Asset(s), Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Assigned Assets "AS IS" and "WHERE IS."

7.    <u>Compliance With Law</u>. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8.    <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9.    <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10.    <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party

is relying on any representation or statement made by any other Party or any person representing such other Party.

11.      Construction. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12.      Execution in Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**Bed Bath & Beyond Inc.**

By _____
Name _____
Its _____


**ASSIGNEE:**
**ML-MJW Port Chester SC Owner LLC,**
a Delaware limited liability company

By:  ML-MJW Port Chester SC Venture LLC, its
      sole member
      By:  M & J PC Investors LLC, its managing
            member
            By: M & J PC Manager Inc., its manager

      By: _____
            Name: Marc R. Wilkow
            Title: President

-3-

## Schedule A

## Description of Lease and Assigned Assets

| Store # | Street | City | State | Zip | Sq Ft | Lease Date | Description of Lease | Assignee Tenant Entity |
|---------|--------|------|-------|-----|-------|------------|----------------------|------------------------|
| 3059 | 441 Boston Post Road | Port Chester | NY | 10573-4738 | 25,000 | 2/17/2011 | Lease Agreement dated 2/17/2011 Recorded Memorandum of Lease dated 2/17/2011 Subtenant Recognition Agreement dated 2/28/2011 Rent Commencement and Expiration Date Agreement dated 10/20/2011 Ulta Consent dated 1/9/2012 Urgent Care Consent dated 1/15/2014 Ground Lease dated 7/10/1978 Agreement and Amendment to Lease dated 4/4/1979 Agreement and Second Amendment to Lease dated 2/1/1980 Second Lease Amendment dated 8/1/1981 Letter Agreement dated 12/21/1981 Letter Agreement dated 2/26/1982 Lease Amendment dated 4/1/1986 Seventh Amendment to Lease dated 9/15/1988 Letter Agreement dated 12/11/1991 Ninth Amendment to Lease dated 12/15/1998 Letter Agreement dated 7/26/1999 Eleventh Amendment to Lease dated 9/29/1999 Letter Agreement dated 1/6/2006 Letter Agreement dated 6/14/2006 Letter Agreement dated 2/27/2007 | ML-MJW Port Chester SC Owner LLC, or a designated affiliate |

## Schedule B

## Cure Amounts

| Bill Date | Billing Start | Billing End | Original Billing | Proration | Claim Amount | Description | Allocation Type |
|---|---|---|---|---|---|---|---|
| 4/1/2023 | 4/1/2023 | 4/23/2023 | $41,258.88 | 76.7% | $31,631.81 | Base Rent/Opx | Prepetition |
| 5/8/2023 | 1/1/2023 | 4/23/2023 | $20,652.35 | 31.0% | $6,393.74 | 2023 RET (Town/City/Water) | Prepetition |
| 5/31/2023 | 1/1/2022 | 12/31/2022 | $25,987.02 | 100.0% | $25,987.02 | 2022 RET (2nd Install- Village) | Prepetition |
| 6/7/2023 | 1/1/2023 | 4/23/2023 | $26,255.70 | 31.0% | $8,139.27 | 2023 RET (Village) | Prepetition |
| | | | | **Total Pre-Petition** | **$72,151.84** | | |
| 4/1/2023 | 4/24/2023 | 4/30/2023 | $41,258.88 | 23.3% | $9,627.07 | Base Rent/Opx | Post Petition |
| 5/1/2023 | 5/1/2023 | 5/31/2023 | $41,258.88 | 100.0% | $41,258.88 | Base Rent/Opx | Post Petition |
| 6/1/2023 | 6/1/2023 | 6/30/2023 | $41,258.88 | 100.0% | $41,258.88 | Base Rent/Opx | Post Petition |
| 5/8/2023 | 4/24/2023 | 12/31/2023 | $20,652.35 | 69.0% | $14,258.61 | 2023 RET (Town/City/Water) | Post Petition |
| 6/7/2023 | 4/24/2023 | 12/31/2023 | $26,255.70 | 69.0% | $18,116.43 | 2023 RET (1st Install- Village) | Post Petition |
| | | | | **Total Post-Petition** | **$124,519.87** | | |
| | | | | **Total Cure Amount** | **$196,671.71** | | |

35315413.4