**WILENTZ, GOLDMAN & SPITZER, P.A.**
By: David H. Stein, Esq.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095-0958
Telephone: (732) 636-8000
Facsimile: (732) 726-6570
E-mail: *dstein@wilentz.com*
*Attorneys for Enid Two, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED, BATH & BEYOND INC., et al.[1], | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

### AMENDED OBJECTION OF ENID TWO, LLC TO DEBTORS' PROPOSED CURE AMOUNT; ADEQUATE ASSURANCE OBJECTION; JOINDER AND RESERVATION OF RIGHTS[2]

Upon the objection of Enid Two, LLC ("Enid Two") to the Debtors' Proposed Cure Amount, Adequate Assurance Objection, Joinder and Reservation of Rights, submitted by and through its undersigned counsel, respectfully represents the following:

1. On April 23, 2023 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Objection is being amended to update the Landlord Cure Amount and Schedule of Cure Amount to include sewer charges paid by Enid Two in the amount of $2,616.43.

#13897338.1 180078.001

2.  Enid Two is the landlord of the Debtor, Bed, Bath & Beyond Inc. ("BBB"), under an executory unexpired lease of non-residential real property, as said term is defined in 11 U.S.C. § 365(d)(3).

3.  The lease dated March 22, 2010 (the "Lease Agreement") between Enid Two and BBB, as assigned to Buy Buy Baby, Inc. (the "Debtor-Tenant"), is for real property located at 711 Route 28, Bridgewater, New Jersey, consisting of approximately 32,206 square feet of retail space leased under a triple-net lease.[3]

4.  Base rent and other charges were not paid to Enid Two as set forth below. In addition to the payment of base rent, the Lease Agreement provides for payment of taxes and utilities, together with percentage rent as set forth in Section 4.4, comprised of a percentage of Debtor-Tenant's Gross Sales as described in the Lease Agreement (the "Percentage Rent").

5.  In addition and pursuant to Lease Section 4.4.1, within 60 days after the close of each calendar year, Debtor-Tenant is required to furnish to Landlord a compilation prepared by an officer of Debtor-Tenant setting forth the amount of Gross Sales during the preceding calendar year and indicating the amount of Percentage Rent, if any, required to be paid for such calendar year (the "Gross Sales Compilation"), subject to certain exceptions.

6.  Debtors have served a Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. 714] (the "Notice"), dated June 13, 2023. The Notice provides that objections to the proposed cure amount shall identify the assumed contract to which the objector is a party; describe with particularity any cure costs which the claimant contends are required under Bankruptcy Code Section 365; and identify the grounds for the alleged cure claim under the contract, if applicable.

---

[3] The Lease Agreement is voluminous in nature and will be presented to the Court in the event that this matter proceeds to a contested hearing or upon request by any party-in-interest.

#13897338.1 180078.001

**OBJECTION**

7.  Exhibit A to the Notice sets forth a proposed cure amount for Enid Two in the amount of $58,427.78 (the "Cure Amount").

8.  First, Enid Two objects to Debtors' Cure Amount since said amount does not accurately reflect the full amount due and owing to Enid Two. Enid Two asserts that the correct cure amount, through June 26, 2023, is **$97,102.94**[4] (the "Landlord Cure Amount"), which Landlord Cure Amount includes unpaid base rent, taxes, sewer charges, Percentage Rent, and legal fees incurred in connection with the filing of a State Court eviction action and related services, fees that are not incidental to these bankruptcy proceedings and which were incurred in a State Court eviction action. A copy of Enid Two's schedule of claim is attached hereto as **Exhibit "A"**.

9.  As a threshold matter, Landlord's Cure Amount must be paid by the Debtors to Enid Two in order for the Debtor-Tenant to assume the Lease Agreement including all other commercially reasonable expenses incurred by Landlord in enforcing Landlord's rights and remedies, including reasonable attorneys' fees incurred in connection with pre-petition State Court eviction action recoverable pursuant to provision 16.1.3 of the Lease Agreement.

10. When the debtor assumes the lease or the contract under Section 365, it must assume both the benefits and the burdens of the contract. City of Covington v. Covington Landing Limited Partnership, 71 F.3d 1221, 1226 (6th Cir. 1995). The landlord is entitled, upon lease assignment and assumption, to receive it's bargained for exchange. In re Joshua Slocum Ltd., 922 F.2d 1081 (3rd Cir. 1990).

---

[4] The "Cure Amount" is calculated as of June 26, 2023. This amount is subject to change depending upon when the Debtor-Tenant assumes the Lease Agreement.

#13897338.1 180078.001

11. Second, Enid Two objects with respect to adequate assurance of the future performance of any prospective assignee of the Lease Agreement under Section 365 of the Bankruptcy Code. Enid Two is entitled to receive assurance that any assignee of the Lease Agreement will have at least the same ability to pay rent as the initial tenant at the commencement of the Lease Agreement.

12. Third, Enid Two is entitled to receive assurance that any Percentage Rent due will not decline substantially or be uncollectible.

13. Fourth, nothing which has been presented to Enid Two demonstrates that any prospective tenant has the ability to perform under the Lease Agreement, has adequate financials consistent with servicing a commercial retail lease, has an appropriate business operation consistent with the Lease Agreement, or has the ability to maintain the subject property under a triple net lease.

14. Fifth, and continuing prior to the hearing date, Enid Two has been attempting to obtain access to the subject property in order to have its engineer conduct an inspection of same consistent with the Lease Agreement. Due to the continuing nature of the inspection and receipt of a report, Enid Two reserves the right to assert additional damages when such inspection and report are completed.

15. Finally, BBB, or any assignee of the Lease Agreement, must be responsible to satisfy the Adjustment Amounts (as defined herein below), if any, when due in accordance with the terms of the Lease Agreement and to present all necessary information for Enid Two to determine whether assumption/assignment is appropriate, permissible and ultimately feasible in the context of any proposed assignee or assignee's business model.

**JOINDER AND RESERVATION OF RIGHTS**

16. Enid Two reserves the right to amend its Landlord's Cure Amount for other amounts which have not yet been billed or which have not yet become due under the terms of the

4

Lease Agreement (the "<u>Adjustment Amounts</u>") and to present other objections following review of any adequate assurance information and other documentation provided by Debtors and/or any prospective assignee of the Lease Agreement. Enid Two further joins in and adopts any other objection filed by any other landlord or other party in these proceedings.

## CONCLUSION

For the reasons set forth hereinabove, Enid Two respectfully requests that (i) in the event that the Lease Agreement is subject to assumption and assignment, Debtors shall be ordered to pay to Enid Two the Landlord's Cure Amount as of June 26, 2023 or as accrued, up to the assumption date; (ii) that the Debtor-Tenant, or any assignee of the Lease Agreement, be required to pay post-petition rent and the Adjustment Amounts and to continue to comply with all terms and obligations of the Lease Agreement in the ordinary course of business, including payment of Percentage Rent; (iii) that all rights are reserved regarding any hearing to review adequate assurance of future performance; and (iv) for such other and further relief as the Court deems equitable, just and proper under the circumstances.

Dated: June 27, 2023                            Respectfully submitted,

                                                     **WILENTZ, GOLDMAN & SPITZER, P.A.**
*Attorneys for Enid Two, LLC*

                                                     By: */s/ David H. Stein*
                                                         David H. Stein, Esq.

#13897338.1 180078.001

## CERTIFICATION OF SERVICE

I hereby certify that in accordance with the Notice that the foregoing objection was filed electronically with the Clerk of the Court on June 27, 2023 and simultaneously served on the following notice parties via ECF and/or Email:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn.:  Joshua A. Sussberg

Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Attn:   Michael D. Sirota

Office of the United States Trustee
for the District of New Jersey
One Newark Center, Suite 2100
Newark, New Jersey 07102
Attn:   Fran B. Steele

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Attn:   Adam Shpeen

Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
Attn:   David M. Hillman

Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Attn:   Bradford J. Sandler

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: June 27, 2023              **WILENTZ, GOLDMAN & SPITZER, P.A.**
                                  *Attorneys for Enid Two, LLC*

                                  By:  */s/ David H. Stein*
                                      David H. Stein, Esq.

#13897338.1 180078.001