**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua
A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier,
P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

---

**Order Filed on June 27, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

BED BATH & BEYOND INC., *et al.*,

    Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

## ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

**DATED: June 27, 2023**

_____

**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

The relief set forth on the following pages, numbered three (3) through ten (10), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to sell certain unexpired leases set forth on **Schedule 1** attached hereto (the "Leases") free and clear of liens, claims, encumbrances, and other interests; (ii) approving the assumption and assignment of the Leases to Burlington Coat Factory Warehouse Corporation and certain of its affiliates (collectively, "Burlington"); and (iii) granting related relief (the "Motion")[1], all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized to sell the Leases set forth on **Schedule 1** to Burlington

for the aggregate price of $1,530,000, and in accordance with the terms of this Order and the

Amended and Restated Assumption and Assignment Agreement attached hereto as **Schedule 2**

(the "Assumption and Assignment Agreement"), hereby assume and assign such Leases to the

applicable Burlington entity set forth on **Schedule 1** free and clear of any and all licensees, tenants,

and/or subtenants, all license and concession agreements for all or any part of the leased premises,

all assigned contracts relating to the leased premises, and all liens, claims, and encumbrances

pursuant to section 363(f) of the Bankruptcy Code.

3.      On the Closing Date, the Debtors shall pay the applicable cure amounts for the

Leases, as set forth on **Schedule 1** attached hereto, which shall be paid from the proceeds of the

sales.  Payment of the applicable cure amount(s) by the Debtors shall constitute the cure of all

defaults arising under the Leases that are required to be cured by section 365(b)(1)(A) of the

Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).  With respect

to the Lease for Store #843 governing the premises at 825 West Montauk Highway, West Babylon,

New York, $36,472.18 of the stated cure amount on **Schedule 1** shall be paid directly to Federal

Heath Sign Company, LLC on account of its mechanics' lien.

4.      Burlington has demonstrated adequate assurance of future performance and has

satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

the Leases. Burlington is a good faith purchaser of the Leases within the meaning of section 363(m) of the Bankruptcy Code.

5.      There shall be no rent accelerations, assignment fees, increases or any other fees charged to Burlington or the Debtors as a result of the assumption and assignment of the Leases.

6.      Effective as of the Closing Date, the assignment of the Leases by the Debtors to each applicable Burlington entity shall constitute a legal, valid, and effective transfer of such Lease notwithstanding any requirement for approval or consent by any person and vests each applicable Burlington entity with all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

7.      Any provisions in the Leases that prohibit or condition the assignment of such Lease or allow the Landlord of such Lease to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease, constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Burlington in connection with the assumption and assignment of the Leases. The Leases shall remain in full force and effect, without existing defaults, subject only to payment by the Debtor of the appropriate cure amount, if any.

8.      Upon payment of the applicable cure amount, if any, or agreement that no cure amount is owed to the applicable Landlord and upon entry of this Order, the Debtors and each Landlord are hereby barred and permanently enjoined from asserting against one another or Burlington any default, claim, or liability existing, accrued, arising, or relating to the applicable Lease for the period prior to the Closing Date; *provided, however*, that nothing herein shall impair

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

or prejudice any Landlord's rights to recover from the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the applicable premises subject to an applicable Lease on account of events that occurred prior to the effective date of assumption and assignment of such Lease to Burlington.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Burlington shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

10.      Except as mandated by section 365(b)(3)(C) and (D) of the Bankruptcy Code, to the extent any Lease contains use restrictions which would otherwise prohibit Burlington from operating at the applicable leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Burlington, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

11.     Notwithstanding any term of the Leases to the contrary, any extension, renewal option, or other rights contained in any Lease that purports to be personal only to a Debtor or Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the applicable Burlington entity, in accordance with the terms of such Lease.  The Debtors have timely exercised any applicable extension or renewal options under the Leases, and the Leases are all in full force and effect.  The Debtors have not previously rejected any of the Leases and the Debtors' period to assume or reject the Leases has not otherwise expired.

12.     Except as set forth in this Order, from and after the assumption and assignment to Assignee of the Leases in accordance with this Order, the terms of each Lease shall be binding upon the applicable Burlington entity to which the particular Lease is assigned (as may be modified in any written agreement between Burlington and the applicable Landlord (each a "Landlord Agreement")), including, without limitation, in the case of each Lease, any indemnification obligations expressly contained in such Lease (but expressly limited to matters arising from and after the Closing Date (as defined in the Assumption and Assignment Agreement)), and any rent, common area maintenance, insurance, taxes, or similar charges expressly contained in such Lease that relate to periods from and after the Closing Date; *provided, however*, that Burlington's assumption of obligations and liabilities under the Leases shall be limited to obligations arising from and after the Closing Date and which relate to periods from and after the Closing Date.  With respect to any provision of any Lease providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing Date occurs, Burlington shall only be

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

responsible for the prorated portion of percentage rent attributable to the period after the Closing Date calculated on a per diem basis.

13.     Notwithstanding any provision of the Leases (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, Burlington shall not be required to operate its business from the leased premises for a reasonable period of time after the entry of this Order, in order to perform alterations and remodeling which shall be done in a manner consistent with the terms of the Lease and to replace and modify existing signage to the extent necessary to operate at the premises under as a Burlington store and consistent with its business operations and the terms of the Leases.  Notwithstanding any provision of the Leases to the contrary (including any related REA or Master Lease), to the extent any Landlord's consent is required for any such alteration or signage modification, such Landlord's consent thereto shall not be unreasonably withheld, conditioned, or delayed.

14.     The Landlords shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Burlington, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the premises associated with the Leases; *provided* that the Landlords do not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

15. Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

18. To the extent there is any conflict between the terms of this Order and that certain Letter Agreement, dated June 27, 2023, by and between Burlington and GA-Duluth Gwinnett-SSR, LLC (the "Store 80 Letter Agreement"), the terms of the Store 80 Letter Agreement shall prevail.

19. Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Unexpired Leases; and (III) Granting Related Relief |

21.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

### Leases to Be Assumed and Assigned

| Store Number | Debtor Entity | Landlord | Landlord Address | Premises Address | Purchaser Entity | Purchase Price | Cure Amount |
|---|---|---|---|---|---|---|---|
| 80 | Bed Bath & Beyond Inc. | DULUTH (GWINNETT) SSR, LLC | C/O RIVERCREST REALTY ASSOCIATES, LLC, 8816 SIX FORKS ROAD, SUITE 201, RALEIGH, NC 27615 | 3675 Satellite Blvd., Duluth, GA, 30096 | Burlington Coat Factory Warehouse Corporation | $225,000 | $128,010.68 |
| 195 | Bed Bath & Beyond Inc. | Easton Market Limited Liability Company | 3300 Enterprise Parkway, Attn: Senior VP of Leasing, Beachwood, OH, 44122 | 3750 Easton Market, Colum bus, OH, 43219 | Burlington Coat Factory of Texas, Inc. | $225,000 | $200,000 |
| 471 | Bed Bath & Beyond Inc. | GRAND MESA CENTER, L.L.C. | C/O THF REALTY, INC., 2127 INNERBELT BUSINESS CENTER DRIVE, SUITE 200, ST. LOUIS, MO 63114 | 2464 US Highway 6 & 50, Suite 106, Grand Junction, CO, 81505 | Burlington Coat Factory Warehouse Corporation | $125,000 | $0 |
| 843 | Bed Bath & Beyond Inc. | MLO GREAT SOUTH BAY LLC | C/O OLSHAN PROPERTIES, 5500 NEW ALBANY ROAD, EAST SUITE 310, NEW ALBANY, OH 43054 | 825 West Montauk Highway, West Babylon, NY, 11704 | Burlington Coat Factory of Texas, Inc. | $280,000 | $266,472.18 |
| 1239 | Bed Bath & Beyond Inc. | WEATHERFORD DUNHILL LLC | 3100 MONTICELLO, SUITE 300, DALLAS, TX 75205 | 225 Adam s Drive Suite 235, Weatherford, TX, 76086 | Burlington Coat Factory of Texas, L.P. | $225,000 | $0 |
| 3059 | Bed Bath & Beyond Inc. | ML-MJW PORT CHESTER SC OWNER LLC | C/O M & J WILKOW PROPERTIES, LLC, ATTN: MARC WILKOW, PRESIDENT, 20 S. CLARK STREET, STE. 3000, CHICAGO, IL 6063 | 441 Boston Post Road, Port Chester, NY, 10573 | Burlington Coat Factory of Texas, Inc. | $450,000 | $196,671.71 |

## **Schedule 2**

**Assumption and Assignment Agreement**

DocuSign Envelope ID: 5A33295C-9044-4B06-AD8A-F02E5DB7BA9D

### AMENDED AND RESTATED ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS AMENDED AND RESTATED ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of **June 27, 2023**, by and between **BED BATH AND BEYOND INC.**, a New York corporation ("Assignor") and **BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**, a Florida corporation, or its designated affiliates reflected on **Schedule A** ("Assignee"), amends and restates that certain Assumption and Assignment Agreement, dated as of June 2, 2023, by and between Assignor and Assignee.  For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Assignor to the Assignee.

### RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto, including rights under those certain Subordination, Non-Disturbance and Recognition Agreements executed in connection with such leases (collectively referred to as either as the "Assigned Assets" or the "Leases" and individually an "Assigned Asset" or "Lease") with respect to the premises set forth on Schedule A (the "Premises") subject to approval by the Court in the Chapter 11 Cases (the "Court Order").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto (individually, "Party" or collectively, "Parties") agree as follows:

### AGREEMENT

1.    Assignment and Assumption.  Effective as of the date the Bankruptcy Court enters an order pursuant to 11 U.S.C. 363(b) approving the assumption and assignment contemplated by this Agreement (the "Closing Date"), and upon payment of the Purchase Price as set forth below, but in no event later than June 30, 2023:

         (a)    Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Assets.

         (b)    Except as specifically set forth in this Agreement, Assignee hereby assumes and undertakes to pay, perform and discharge all of Assignor's obligations and duties with respect to the Assigned Assets.

         (c)    For the avoidance of doubt and notwithstanding any other provision of this Agreement, Assignee agrees it is responsible, on a prorated basis, for the costs of rent with respect to the Assigned Assets for the rental period from and after the Closing Date (for clarity, this includes the Closing Date).  To the extent the Assignor has paid any rent costs with respect to any Premises prior to the Closing Date for the period from and after the Closing Date, Assignee shall reimburse Assignor for

such amounts paid within seven (7) days of the later to occur of: (I) the Closing Date; or (II) the date Assignor provides Assignee with documentation reasonably sufficient to establish Assignor's payment of such rent cost.

2. <u>Assigned Assets</u>. The Parties will work together in good faith and with diligent efforts to obtain the issuance of one or more Court Orders for all of the Assigned Assets.

3. <u>Payment of Purchase Price</u>. Assignee shall, on the Closing Date, deliver the purchase price for the Assigned Assets in the aggregate amount of **$1,705,000.00** (the "Purchase Price") in immediately available funds wired to the account specified by Assignor. The Parties acknowledge that if the assumption and assignment of the Assigned Assets (the "Closing") does not occur on the date of the final Court Order the Lease(s) may thereafter be rejected in the bankruptcy proceeding referenced above.

4. <u>Assumption of Liabilities</u>. All defaults or other obligations of the Assignor arising or accruing prior to the Closing Date (including, but not limited to, fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "True-Up Charge") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of such Assigned Asset(s), but without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. 365(b)(2)) shall be cured by the Assignor on or before the Closing Date or as soon thereafter as reasonably practicable (or as otherwise agreed with the counterparty to such Assigned Asset), and the Assignee shall have no liability or obligation arising or accruing under the Assigned Assets prior to the Closing Date. Assignee shall assume all obligations with respect to the Assigned Assets arising from and after the Closing Date.

5. <u>No Further Liability of Assignor</u>. From and after the Closing Date, Assignor shall have no further obligations and duties with respect to the Assigned Assets arising from and after the Closing Date.

6. <u>Further Assurances</u>. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Assets.

7. <u>"As Is Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Assets; *provided, however*, Assignor warrants and represents: (a) Assignor is the tenant under all of the Leases; (b) each Lease is in full force and effect; (c) the Leases, as identified in **Schedule A** are complete in listing all documents comprising the Lease(s) and there are no other agreements (written or verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease(s) or that otherwise give rights with regard to use of the Premises under the Lease or limit the use of the Premises; and (d) there are no service contracts for any of the Assigned Assets which will bind Assignee after the Closing and Assignor shall terminate any and all service contracts with respect to the Assigned Assets and the Leases prior to Closing or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets. If a Premises is not in substantially the same condition as it was on April 21, 2023 and the cost to repair such Premises to its prior commercially operational condition exceeds **twenty-five percent (25%)** of the allocated Purchase Price for the Lease for such Premises

2

DocuSign Envelope ID: 5A33295C-2314-4906-AD8A-F02B58B7BA0D

previously submitted by Assignee to Assignor, then Assignee shall have the right, in Assignee's sole discretion, to either: (i) remove such Assigned Asset(s) from this transaction if such Premises has not been restored to its prior commercially operational condition within seven (7) days after such notice is received by the Assignor, and the Assignor and Assignee shall cooperate in good faith to come to an adjustment of the Purchase Price; or (ii) proceed with Closing on such Assigned Asset(s).

8.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to principles of conflicts of law.

9.    <u>Jurisdiction.</u>  The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds  of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10.    <u>No Reliance</u>.  Except as specifically set forth in this Agreement, each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

11.    <u>Construction</u>.  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12.    <u>Execution in Counterparts</u>.  This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered.  No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

*[Signatures appear on following page]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**BED BATH & BEYOND INC**.,
a New York corporation

By: _Wade Haddad_
Name:   Wade Haddad
Title:    SVP, Real Estate & Store Development

**ASSIGNEE:**
**BURLINGTON COAT FACTORY**
**WAREHOUSE CORPORATION**,
a Florida corporation

By: _____
Name:  Michael Shanahan
Title:  Senior Vice President, Real Estate
Federal I.D. No.:  22-1970303

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**

**BED BATH & BEYOND INC**.,
a New York corporation

By:_____
Name:  Wade Haddad
Title:    SVP, Real Estate & Store Development

**ASSIGNEE:**

**BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION**,
a Florida corporation

By: *Michael Shanahan*
9E628E720E6F4BA...
Name:  Michael Shanahan
Title:  Senior Vice President, Real Estate
Federal I.D. No.:  22-1970303

Execution Version

## Schedule A

### Description of Assigned Assets

| Store # | Street | City | State | Zip | Sq Ft | Lease Date | Description of Lease | Burlington Tenant Entity |
|---------|--------|------|-------|-----|-------|------------|----------------------|--------------------------|
| 80 | 3675 Satellite Boulevard | Duluth | GA | 30096 | 29,820 | 11/23/07 | • Lease Agreement, dated as of November 23, 2007<br>• Memorandum of Lease dated 11/23/2007<br>• 1st Lease Amendment dated 1/5/2009<br>• 2nd Lease Amendment dated 1/14/2013<br>• Decline Right of First Refusal dated 6/28/2016<br>• 3rd Lease Amendment dated 8/2/2017<br>• Lease Modification dated 6/11/2019 | Burlington Coat Factory Warehouse Corporation, a Florida corporation |
| 195 | 3750 Easton Market | Columbus | OH | 43219 | 40,000 | 4/2/97 | • Lease Agreement, dated as of April 2, 1997<br>• Recorded Memorandum of Lease dated 4/2/1997<br>• Rent Commencement and Expiration Date Agreement dated 8/14/1998<br>• Ulta Consent dated 12/16/2009<br>• Letter Agreement dated 3/29/2010<br>• Nordstrom Rack Consent dated 5/15/2012<br>• Renewal Option dated 7/22/2013<br>• Bass Pro Consent Letter dated 10/1/2015<br>• Kirkland Letter Agreement dated 3/30/2016<br>• TJX Consent dated 6/14/2017<br>• First Amendment to lease dated 7/27/2017<br>• Ross Letter Agreement dated 1/16/2018<br>• Second Amendment to Lease dated 11/16/2018<br>• Cost Plus Letter Agreement dated 2/23/2020<br>• Pick Up Space Agreement dated 1/24/2021<br>• Third Amendment dated 2/22/2021 | Burlington Coat Factory of Texas, Inc., a Florida corporation |
| 471 | 2464 US Highway 6 & 50 Ste 106 | Grand Junction | CO | 81505 | 24,864 | 6/29/01 | • Lease Agreement, dated as of June 29, 2001<br>• Rent Commencement and Expiration Date Agreement, dated as of September 9, 2022<br>• First Amendment to Lease Agreement, dated as of September 11, 2001<br>• Second Amendment to Lease Agreement, dated as of October 31, 2022<br>• Letter dated July 24, 2012, exercising the first renewal Option<br>• Letter dated July 24, 2017, exercising the second Renewal Option | Burlington Coat Factory Warehouse Corporation, a Florida corporation |
| 834 | 4646 Lebanon Pike | Hermitage | TN | 37076 | 23,035 | | • Lease Agreement dated June 18, 2004<br>• Lease Agreement dated 6/18/2004<br>• Recorded Memorandum of Lease dated 6/18/2004<br>• Recorded SNDA dated 6/18/2004<br>• Ross Consent dated 6/23/2004 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | 06/18/04 | • PetSmart Consent dated 12/14/2004<br>• Rent Commencement and Expiration Agreement dated 2/2/2005<br>• Publix Consent dated 4/2/2008<br>• Picture This Gallery Consent dated 12/17/2008<br>• Physicians Urgent Care Consent dated 8/9/2010<br>• State Farm Consent dated 9/26/2011<br>• Workout Anytime Consent dated 1/28/2013<br>• First Amendment to Lease dated 5/29/2014<br>• Recorded Amended Memorandum of Lease dated 5/29/2014<br>• Recorded SNDA dated 1/25/2017<br>• Dental Practice Consent dated 6/20/2018<br>• Second Amendment to Lease dated 4/19/2018<br>• Second Amendment to memorandum of Lease dated 4/19/2018<br>• Exercise Facility Consent dated 4/30/2019<br>• Farmers Insurance Consent dated 9/9/2019<br>• SNDA dated 8/19/2022 | Burlington Coat Factory Warehouse Corporation, a Florida corporation |
| 843 | 825 West Montauk Highway | West Babylon | NY | 11704 | 29,875 | 10/5/2004 | • Lease Agreement dated October 5, 2004<br>• Rent Commencement and Expiration Agreement dated 6/24/2004<br>• Jo-Ann Stores Waiver dated 7/28/2004<br>• Recorded SNDA Fleet Bank dated 10/5/2004<br>• Recorded Memo of Lease dated 5/9/2005<br>• Tenant Allowance Letter Agreement dated 6/15/2005<br>• Modification and Consent Agreement dated 6/29/2009<br>• Chick fil A Waiver dated 3/7/2018<br>• Bank of America Estoppel dated 1/14/2022 | Burlington Coat Factory of Texas, Inc., a Florida corporation |
| 1239 | 225 Adams Drive Suite 235 | Weatherford | TX | 76086 | 20,400 | 8/17/2007 | • Lease Agreement dated August 17, 2007<br>• Recorded Memo of Lease dated 8/17/2007<br>• Michaels Letter Agreement dated 7/11/2007<br>• Rent Commencement and Expiration Date Agreement dated 6/24/2008<br>• Delivery Date Notice dated 1/7/2008<br>• Delivery Date Certification dated 4/21/2008<br>• Consent for Landlord's Development of Outparcels dated 9/18/2009<br>• TJ Maxx Waiver Letter dated 9/20/2011<br>• Consent for Landlord's Development of Outparcels dated 6/20/2013<br>• Revised Consent for Landlord's Development of Outparcels dated 6/19/2014<br>• First Amendment to Lease dated 10/31/2014<br>• Tuesday Morning Consent dated 2/21/2017<br>• Recorded Amendment to Memorandum of Lease date 9/7/2018<br>• Second Amendment dated 9/7/2018<br>• JC Penney OEA Agreement dated 2/21/2007<br>• JC Penney OEA Supplemental | Burlington Coat Factory of Texas, L.P., a Florida limited partnership |

2

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Agreement dated 2/21/2007 | |
| 3059 | 441 Boston Post Road | Port Chester | NY | 10573-4738 | 25,000 | 2/17/2011 | <ul><li>Lease Agreement dated 2/17/2011</li><li>Recorded Memorandum of Lease dated 2/17/2011</li><li>Subtenant Recognition Agreement dated 2/28/2011</li><li>Rent Commencement and Expiration Date Agreement dated 10/20/2011</li><li>Ulta Consent dated 1/9/2012</li><li>Urgent Care Consent dated 1/15/2014</li><li>Ground Lease dated 7/10/1978</li><li>Agreement and Amendment to Lease dated 4/4/1979</li><li>Agreement and Second Amendment to Lease dated 2/1/1980</li><li>Second Lease Amendment dated 8/1/1981</li><li>Letter Agreement dated 12/21/1981</li><li>Letter Agreement dated 2/26/1982</li><li>Lease Amendment dated 4/1/1986</li><li>Seventh Amendment to Lease dated 9/15/1988</li><li>Letter Agreement dated 12/11/1991</li><li>Ninth Amendment to Lease dated 12/15/1998</li><li>Letter Agreement dated 7/26/1999</li><li>Eleventh Amendment to Lease dated 9/29/1999</li><li>Letter Agreement dated 1/6/2006</li><li>Letter Agreement dated 6/14/2006</li><li>Letter Agreement dated 2/27/2007</li></ul> | Burlington Coat Factory of Texas, Inc., a Florida corporation |