**MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.**
James W. McCartney, Esq.
2500 Plaza 5, Harborside Financial Center
Jersey City, New Jersey 07311
(201) 521-3170
JMcCartney@mcwpc.com
Counsel for Caparra Center Associates LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., et al., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**AMENDED OBJECTION AND RESERVATION OF RIGHTS OF CAPARRA CENTER ASSOCIATES LLC TO NOTICE OF PHASE 1 LEASE AUCTION, QUALIFIED BIDS, LEASE SALE HEARING, AND RELATED LEASE INFORMATION**

Caparra Center Associates LLC ("Caparra"), by and through its undersigned attorneys, hereby files its amended objection and reservation of rights to the Notice of Lease Auction and Potential Lease Sale Hearing [Doc. No. 456], to Notice Of Phase 1 Lease Auction, Qualified Bids, Lease Sale Hearing, And Related Lease Information [Doc. No. 905], Supplemental Notice of Phase 1 Lease Auction, Qualified Bids, Lease Sale Hearing, and Related Lease Asset Information [Doc. No. 964], and Notice of Successful and Backup Bidder with Respect to the Phase 1 Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases [Doc. No. 11114] (hereinafter referred to as "Lease Sale"):

---

[1]      The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 4889. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 cases is 640 Liberty Avenue, Union, New Jersey 07083.

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. Caparra is the owner of certain nonresidential real estate known as San Patricio Plaza located in Guaynabo, Puerto Rico (the "Property").

3. On November 13, 2002, Caparra, as Landlord, entered into a Lease Agreement (the "Lease") with Bed Bath & Beyond, Inc. ("Bed Bath"), one of the Debtors, as Tenant, for the rental of approximately 40,000 square feet of store area at the Property (the "Leased Premises"). A copy of the Lease and its amendment dated December 30, 2022, is attached hereto and made a part hereof as **Exhibit "A"**.

4. The Property is a "shopping center" within the meaning of § 365(b)(3) of the Bankruptcy Code.

5. On May 25, 2023, the Debtors filed the Notice of Lease Auction and Potential Lease Sale Hearing [Doc. No. 456], in which it listed the Lease as one of the leases to be sold at auction, objections to which are due by July 11, 2023.

6. On June 23, 2023, the Debtors filed a Notice of Phase 1 Lease Auction, Qualified Bids, Lease Sale Hearing, And Related Lease Information [Doc. No. 905], in

2

which it listed the Lease as one of the leases to be sold at auction, objections to which are due by July 11, 2023.

7. On June 24, 2023, the Debtors filed Supplemental Notice of Phase 1 Lease Auction, Qualified Bids, Lease Sale Hearing, and Related Lease Asset Information [Doc. No. 964], in which it supplements Doc. No. 905 and removes the Lease from the list of leases to be sold at the Phase 1 Lease Auction, objections to which are due by July 11, 2023.

8. On June 27, 2023 the Debtors filed Notice of Successful and Backup Bidder with Respect to the Phase 1 Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases [Doc. No. 1114], in which they advised that the Phase I Lease Auction resulted in the proposed sale of the Lease to Burlington, which Caparra understands to be Burlington Stores. See Doc. No. 1114, p. 9, no. 62.

9. Caparra herein objects to the potential and proposed assignment or sale of the Lease to Burlington, as notified in Doc. No. 1114 and reserves its rights regarding any other notice of leases auction or sale (hereinafter referred to as "Lease Sale Notices").

**RELIEF REQUESTED**

10. The Lease Sale Notices do not take into consideration that the assignment or sale of the Lease to Burlington would breach exclusivity provisions contained in the Lease or in any other lease related to Caparra's shopping center, nor does it take into consideration that the assumption, assignment or sale of the Lease

3

would disrupt the tenant mix or the balance in Caparra's shopping center, in violation of § 365(b)(3) (A), (C) and (D) of the Bankruptcy Code.

11. The Lease clearly states that the Tenant shall honor certain Existing Exclusives listed in Exhibit K-1 to the Lease dated November 13, 2002 (see, Section 13 of the Lease and its Exhibit K-1 of Exhibit A hereto).

12. In said Existing Exclusives, Tenant is prohibited from subleasing or assigning its lease to any operation or conduct of a "variety store" or "junior department store" or "cut-rate store" or "discount store".

13. Section 15.1 of the Lease clearly states that Tenant could assign or sublease the Leased Premises, with prior consent of Landlord, if

> "(b) the proposed assignee or sublessee proposes to use the Premises for a lawful retail use customarily found in shopping centers of no less quality or character than the Shopping Center as of the date of the Assignment/Subletting Notice and which will not violate any of the Prohibited Uses or the Existing Exclusives;    …
>
> (d) such assignee has agreed to assume all of Tenant's obligations under this Lease from and after the date of the proposed assignment, or, if applicable, the proposed sublease reflects that it is subject to the terms and conditions of this Lease, provided that such assumption shall not affect the liability of Tenant under this Lease;    …
>
> (f) the proposed assignee's or sublessee's use would not violate any then existing primary use exclusive granted to a tenant operating in the Shopping Center." See Exhibit A hereto in, Section 15.1.

14. The Prohibited Uses, as defined in the Lease, include among others, the operation of a storage facility and the use of the Leased Premises as a "surplus" store. See Exhibit L of the Lease, attached to Exhibit A hereto.

15. If the Lease is assigned to any party that could be considered a surplus store, storage, distribution center or off-price retailer, Debtor and the new "Tenant" would be in default of the Lease provisions.

16. The Lease clearly prohibits the use of the Leased Premises for storage, warehousing of any kind or "surplus" store. The assignment or sale of the Lease to a new Tenant for the use of the Leased Premises for any of these previously listed reasons, or any of the Prohibited Uses listed in the Lease, would cause Caparra to be in breach with some, if not all of its current tenants and would cause irreparable damage to Caparra.

17. As stated before, some of Caparra's other tenants have set limitations to Caparra's use of other leasable space, of which Debtor is well aware, an example of these limitations reads as follows:

> "No other premises in the Shopping Center shall at any time contain more than (i) fifteen thousand (15,000) square feet of floor area therein used or occupied for, or devoted to, the sale or display of off-price apparel and related accessories (hereinafter referred to as a "Competing Use" and the merchandise referred to therein as the "Protected Merchandise"). The computation of such floor area shall include one half (1/2) of all floor area in any aisles, corridors or similar spaces adjacent to or abutting any racks, gondolas, shelves, cabinets, counters or other fixtures or equipment containing or used for the sale or display of the Protected Merchandise."

18. If one of Caparra's tenants defaults on the above provision, then the penalty would be the following:

> "In addition to all other remedies available to Tenant at law and in equity for a breach of the covenants contained in Paragraphs (A) and (B) of this Paragraph 4, if an occupant or tenant in the Shopping Center engages in a Competing Use or a Prohibited Use, Tenant shall be entitled to any of the following remedies on a non-exclusive basis: (i) Tenant may pay Alternate Rent (as defined in Section 4.3(B) of the lease) until such Competing Use or Prohibited Use ceases, except that Landlord shall have three (3) months to attempt cure before Tenant may pay Alternate Rent

5

when Landlord has not consented to the Competing Use, (ii) Tenant may terminate this lease if the Competing Use or Prohibited Use continues for more than one hundred fifty (150) consecutive days by giving thirty (30) days-notice to Landlord or (iii) Tenant may seek injunctive relief to enjoin or restrain such occupant or tenant from engaging in a Competing Use or a Prohibited Use. Notwithstanding anything to the contrary contained herein, so long as Landlord is using its best efforts to diligently enforce the restrictions contained in this Paragraph 4 against any tenant or occupant engaged in the Competing Use or a Prohibited Use in violation of its lease, Tenant's termination right under this Paragraph 4(C) shall be stayed."

19. Burlington Stores describes itself as follows:

Burlington Stores began in 1972 as a family run business, with one store in Burlington, New Jersey. In those early days, serving the customer was about delivering a broad selection of off-price coats and outerwear. Our name was Burlington Coat Factory, and it was an immediate success. We started opening more stores across the U.S. and expanded our product assortment to **include ladies' sportswear, men's active wear, and children's apparel, staying true to our off-price model.** In the ensuing four decades, our product selection has grown to include **baby, home, beauty** and our name changed to Burlington Stores to reflect the breadth of our product offerings.

(Emphasis supplied). See Burlington's website, Our History - Burlington.

20. The assignment or sale of the Lease to Burlington, which should be could be considered a surplus store or off-price retailer or pretends to use the Leased Premises as a warehouse or distribution center would be in violation of the Lease and Tenant's obligations to other tenants and therefore the assignment or sale would be in violation of § 365(b)(3) of the Bankruptcy Code.

21. Debtor has not provided adequate assurance that the potential assignee has a similar financial condition and operating performance as the Debtor had at the time it became Tenant under the Lease, as required by § 365(b)(3)(A) of the Bankruptcy Code.

6

22. Debtor has not provided adequate assurance that the assumption, assignment, or sale of such lease will comply with all the provisions of the Lease, including but not limited to "provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center", as required by § 365(b)(3)(C) of the Bankruptcy Code.

23. Furthermore, Debtor has not demonstrated that the assumption, assignment, or sale of the Lease will not disrupt any tenant mix or balance of Caparra's shopping center, as required by § 365(b)(3)(D) of the Bankruptcy Code.

24. Therefore, Caparra objects to the potential assignment or sale of its lease to Burlington or any other potential assignee to the Lease if it does not comply with the Bankruptcy Code provisions or the Lease.

**WHEREFORE**, Caparra respectfully requests the entry of an order granting the relief described herein, together with such other and further relies as is just and proper.

Dated: June 28, 2023

                                                        s/ James W. McCartney
James W. McCartney, Esq.
(N.J.D.C. No. JM-4571)
(NJ Bar ID # 046801990)
MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C**.**
2500 Plaza 5, Harborside Financial Center
Jersey City, New Jersey 07311
Email: JMcCartney@mcwpc.com

<u>s/ Cristina A. Fernández Rodríguez</u>
Cristina A. Fernández Rodríguez
*Admitted Pro Hac Vice*
MCD Law LLC
PO Box 191732
San Juan PR 00919-1732
Email: caf@mcdlawllc.com

*Attorneys for Caparra Center Associates LLC*

## CERTIFICATION OF SERVICE

James W. McCartney, of full age and an attorney-at-law in the State of New Jersey, hereby certifies as follows:

1. I represent creditor Caparra Center Associates LLC in the above-captioned matter.

2. On June 28, 2023 I served copies of the following pleadings and/or documents via 1) the CM/ECF system for the United States Bankruptcy Court for the District of New Jersey upon all registered users thereof; and 2) via electronic mail to the parties listed on the chart below:

**AMENDED OBJECTION OF CAPARRA CENTER ASSOCIATES LLC TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXCUTORY CONTRACTS AND UNEXPIRED LEASES**

3. I certify that the foregoing statements made by me are true. I am aware that if they are willfully false, I am subject to punishment.

s/ James W. McCartney  
James W. McCartney, Esq.  
*Attorney for Caparra Center Associates LLC*

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>**Cole Schotz, PC**<br>25 Main Street<br>PO Box 800<br>Hackensack, NJ 07602<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com | Counsel to Debtors | Notice of Electronic Filing (NEF) and Email |
| Joshua A. Sussberg, Esq. Emily E. Geier, Esq.<br>Derek I. Hunter, Esq.<br>Ross J. Fiedler, Esq.<br>**Kirkland & Ellis LLP**<br>601 Lexington Ave.<br>New York, NY 10022<br>Derek.hunter@kirkland.com<br>Joshua.sussberg@kirkland.com<br>Emily.geier@kirkland.com<br>Ross.fiedler@kirkland.com | Co-Counsel to Debtors | Notice of Electronic Filing (NEF) and Email |
| Office of the US Trustee<br>Fran B. Steele<br>U.S. Department of Justice<br>Raymond Boulevard<br>Suite 2100<br>Newark, NJ 07102<br>Fran.B.Steele@usdoj.gov | United States Trustee | Notice of Electronic Filing (NEF) and Email |
| Marshall S. Huebner, Esq.<br>Adam L. Shpeen, Esq.<br>Steven Z. Szanzer, Esq.<br>Michael Pera, Esq.<br>**Davis Polk & Wardwell LP**<br>450 Lexington Ave.<br>New York, NY 10017<br>Marshall.huebner@davispolk.com<br>Adam.shpeen@davispolk.com<br>Steven.szanzer@davispolk.com<br>Michael.pera@davispolk.com | Counsel to Prepetition ABL Agent | Notice of Electronic Filing (NEF) and Email |
| David M. Hillman, Esq.<br>Megan R. Volin, Esq.<br>Prokauser Rose LLP<br>Eleven Times Square<br>New York, NY 10036<br>dhillman@proskauer.com<br>mvolin@proskauer.com | Counsel to DIP Agent | Notice of Electronic Filing (NEF) and Email |

| | | |
|---|---|---|
| Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Ave., 34th Floor<br>New York, NY 10017<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com | Counsel to Creditors' Committee | Notice of Electronic Filing (NEF) and Email |
| Scott K. Charles, Esq.<br>Michael S. Benn, Esq.<br>Gordon S. Moodie, Esq.<br>**Wachtell Lipton Rosen & Katz**<br>51 West 52nd Street<br>New York, NY 10019<br>SKCharles@wlrk.com<br>MSBenn@wlrk.com<br>GSMoodie@wlrk.com | Counsel to Stalking Horse Bidder | Notice of Electronic Filing (NEF) and Email |