UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Ph.:  206-624-0900
Fax:  206-386-7500
Brian T. Glover
bryan.glover@stoel.com

*Attorneys for Creditor Schnitzer Stephanie, LLC, formerly known as HIP Stephanie, LLC*

---

In re

BED BATH & BEYOND, *et al.*,

Debtors.[1]

Case No.  23-13359 (VFP)

Chapter 11

**SCHNITZER STEPHANIE'S LIMITED OBJECTION TO DEBTORS' NOTICE OF CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES [DKT NO. 714]**

Schnitzer Stephanie, LLC, formerly known as HIP Stephanie, LLC (**"*Schnitzer Stephanie*"**), files this limited objection (the "***Limited Objection***") to the Debtors' possible assumption and assignment of certain executory contracts and unexpired leases, as identified in

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

the *Debtors' Notice of Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt. No. 714] (the "***Initial Assumption Notice***").

## BACKGROUND

1. Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") on April 23, 2023 (the "***Petition Date***"). The Debtors have continued to operate their businesses post-petition as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Schnitzer Stephanie owns the shopping center known as Stephanie Street Power Center located in Henderson, NV (the "***Stephanie Shopping Center***"). Debtor Buy Buy Baby, Inc. ("***BB Baby***") and Schnitzer Stephanie are parties to a nonresidential lease agreement originally dated as of September 28, 2021 (together with any and all modifications and amendments thereto, collectively hereinafter referred to as the "***Stephanie Lease***"). The Stephanie Lease is a shopping center lease, as that term is described in 11 U.S.C. § 365(b)(3). Pursuant to the Stephanie Lease, BB Baby leases from Schnitzer Stephanie certain retail space in the Stephanie Shopping Center (as more particularly described in the Stephanie Lease, the "***Stephanie Premises***").

3. On June 13, 2023, the Debtors filed a notice in connection with a potential assumption and assignment of the Stephanie Lease, among other unexpired nonresidential real property leases, that included a list of proposed Cure Payments for the leases (the "***Cure Notice***"). As it relates to the Stephanie Lease, the Cure Notice specified a Cure Payment in the amount of $6,921.78. See Cure Notice, page 21 of 46, Line 902. The Cure Notice also states as follows:

> "**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Executory Contract or Unexpired

2

Lease, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Executory Contract or Unexpired Lease, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction."

## **LIMITED OBJECTION AND RESERVATION OF RIGHTS**

4.     Schnitzer Stephanie, as Landlord under the Stephanie Lease, hereby objects to (1) the proposed Cure Payment of the Stephanie Lease set forth in the Cure Notice, (2) any proposed assumption and assignment of the Stephanie Lease based on adequate assurance of future performance, and (3) any assumption and assignment without the continuation of maintenance obligations as provided under the Stephanie Lease. Schnitzer Stephanie reserves all of its rights as to a potential assumption or assumption and assignment of the Stephanie Lease.

**A.     Objection to Proposed Cure Payment for Stephanie Lease.**

5.     Schnitzer Stephanie objects to the Cure Payment of $6,921.78 set forth by the Debtors in Doc. No. 714, page 21, line 902. As of the date hereof, the total amount past due and owing under the Stephanie Lease equals $17,389.96 (with such amount being subject to modification, the "***Cure Payment***"). Depending on the effective date of any proposed assumption and assignment of the Stephanie Lease, the Cure Payment may increase if BB Baby fails to make any payments due and payable under the Stephanie Lease after the date hereof. The final Cure Payment must include all rent and other charges payable under the Stephanie Lease after the filing of this Objection. Without limiting the generality of the preceding sentence, BB Baby also remains obligated under the Stephanie Lease to pay Schnitzer Stephanie all sums in addition to Fixed Rent, including but not limited to its Pro Rata Share of Taxes and

3

Common Area Charges, which will either come due after the date of this Objection or for which the actual amount due will not be known until a future date. Any assumption (or assumption and assignment) of the Stephanie Lease must be conditioned on BB Baby or any permitted assignee continuing to be obligated to pay all sums coming due after the date of this Objection, even if such sums will not be known until a future date. Likewise, any assumption and assignment of the Stephanie Lease must be conditioned on continuation of the obligation to pay any charges billed in arrears, including but not limited to Taxes and Common Area Charges.

B. **Objection to Proposed Assumption and Assignment based on Adequate Assurance of Future Performance of the Stephanie Lease.**

6. The Debtors may not assume and assign the Stephanie Lease unless they demonstrate adequate assurance of future performance. 11 U.S.C. Section 365(b)(1)(C); *see also* 11 U.S.C. Section 365(f)(2). The provision of adequate assurance of future performance is an affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under Section 365. In order to assume and assign shopping center leases, such as the Stephanie Lease, the Debtors must satisfy the heightened requirements set forth in 11 U.S.C. Section 365(b)(3)(A)-(D).

7. A debtor-in-possession may assign an executory contract or unexpired lease of the debtor only if (a) the debtor-in-possession assumes the contract or lease in accordance with the section 365 of the Bankruptcy Code; and (b) the assignee provides adequate assurance of future performance, regardless of whether there has been a default under the contract or lease. 11 U.S.C. § 365(f)(2).

8. To date, Schnitzer Stephanie has not received any information concerning prospective assignees for the Stephanie Lease, much less information sufficient to establish adequate assurance of future performance by any such assignee.

4

9. Schnitzer Stephanie submits that no assumption and assignment of the Stephanie Lease may occur unless Debtors provide Schnitzer Stephanie with adequate assurance information as required under section 365(b) and 365(f)(2).

10. Although Schnitzer Stephanie is unable to assert specific objections herein because the identity of the potential assignee has not yet been determined or disclosed, there are several terms and conditions in the Stephanie Lease as well as in other existing leases between Schnitzer Stephanie and other tenants for retail spaces in the Stephanie Shopping Center that require additional attention to ensure they carry through any potential assumption and assignment appropriately, including but not limited to the following.

11. First, there are existing leases between Schnitzer Stephanie and other tenants leasing space in the Stephanie Shopping Center with prohibited uses that must not be violated by any proposed assignee of the Stephanie Lease. Some of the prohibited uses in other leases, include but are not limited to the following: bowling alley; arcade, game room, or amusement center; single price point discount dollar store; drug store; children's recreational, educational or day care facility; tavern or bar; health club, spa, gymnasium or fitness center; second hand or surplus store; restaurant; movie theater; auto parts store; entertainment facility or recreational facility; training or educational facility; vet hospital; non-retail uses; office, medical and/or professional uses; and uses inconsistent with other first-class or high quality retail shopping centers. The foregoing is not an exhaustive list of the prohibited uses applicable to the Stephanie Premises. Several other existing leases between Schnitzer Stephanie and other tenants in the Stephanie Shopping Center contain provisions that prohibit other uses in the Stephanie Premises and BB Baby and/or any assignee of the Stephanie Lease should not be allowed to violate any such prohibited uses.

4860-7791-5757, v. 1

12. Second, the Stephanie Lease also clearly states that BB Baby (including any assignee) shall honor certain Existing Exclusives listed on Exhibit K-1 attached to the Stephanie Lease. Specifically, the Existing Exclusives prohibit the Stephanie Premises from being used for the operation of any of the following: book/magazine store; coffee shop; mattress store; golf store; Mexican food restaurant; restaurant primarily selling hamburgers; a store devoting more than 15,000 square feet of floor area to the sale or display of home furnishings including but not limited to linens, floor coverings, bedding, furniture, wall décor, and other home items; plus size women's clothing store; mens' clothing store; a craft store selling arts and crafts, art supplies, picture frames, framed art, and any other store similar in operation or merchandising as Michaels; office supply store; steakhouse restaurant; pet store; grocery store, meat or seafood or produce market; store selling vitamins and supplements, ethnic foods, natural or health food; store selling natural cosmetics, natural health or natural beauty products; full-service bakery; delicatessen; a liquor store; or a store selling cosmetics, fragrances, health and beauty products, hair care products and accessories, personal care appliances, skin care products, or body care products; or a full service beauty salon. The foregoing may not be an exhaustive list of exclusive uses that BB Baby (or its assignee) shall be bound by and Schnitzer Stephanie reserves the right to object to any proposed assignee that may violate any of the terms of any existing lease between it and other tenants within the Stephanie Shopping Center.

13. Schnitzer Stephanie reserves the right to specifically object to any proposed assumption or assignment and assumption of the Stephanie Lease based upon any pertinent restrictions and prohibitions set forth in the Stephanie Lease and/or any other existing lease between Schnitzer Stephanie and any other party for space in the Stephanie Shopping Center.

4860-7791-5757, v. 1

14. In addition, Schnitzer Stephanie objects to any proposed assumption and assignment that does not require the assignee to comply with all of the terms of the Stephanie Lease, including but not limited to all usage requirements and restrictions related to the premises as required under section 365(b)(3) of the Bankruptcy Code.

C. **Any Assumption (or Assumption and Assignment) Must Be Conditioned on the Continuation of Maintenance Obligations.**

15. The Stephanie Lease includes provisions requiring BB Baby to maintain the Stephanie Premises in good condition, to make all necessary repairs, and to return the Stephanie Premises in good order and repair at the end of the Stephanie Lease term. Schnitzer Stephanie has not recently toured the Stephanie Premises and does not currently know whether BB Baby is in compliance with its maintenance and repair obligations under the Stephanie Lease.

16. Schnitzer Stephanie's rights to a claim for breach of these maintenance obligations must be preserved. If those rights are not preserved, Schnitzer Stephanie would be required to thoroughly inspect the premises for any damages or other maintenance violations prior to assumption. Such an inspection is impracticable while the Debtors are still using the premises and may disrupt the Debtors' business operations. A more appropriate solution is to preserve Schnitzer Stephanie's rights to bring such claims post-assumption and assignment by having any order approving the assumption and assignment of the Stephanie Lease expressly provide that the assignee of any of the Stephanie Lease shall be obligated to redeliver possession of each of the Stephanie Premises to Schnitzer Stephanie according to the terms of the Stephanie Lease and in the condition prescribed by the Stephanie Lease and applicable non-bankruptcy law. The obligation to redeliver the Stephanie Premises in such condition shall not be discharged and shall survive the assumption and assignment of the Stephanie Lease, even if any damages to

7

the Stephanie Premises had occurred prior to the assumption and assignment of the Stephanie Lease.

## RESERVATION OF RIGHTS

17. Schnitzer Stephanie specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Stephanie Lease, including, without limitation, an assignee's proposed adequate assurance of future performance.

## CONCLUSION

For the foregoing reasons, Schnitzer Stephanie respectfully requests that the Court (a) defer in determining a cure amount for the Stephanie Lease until the Debtors have determined whether they will assume and assign the Stephanie Lease and the effective date for such assumption and assignment; (b) condition the Debtors' assumption and assignment of the Stephanie Lease on the Debtors' addressing Schnitzer Stephanie's objections raised herein, (c) grant such other and further relief as is just and proper.

Dated: Roseland, NJ
June 29, 2023

MANDELBAUM BARRETT PC
By: /s/ Vincent J. Roldan
3 Becker Farm Road
Roseland, New Jersey 07068
Telephone: 973-974-9815
vroldan@mblawfirm.com

-and-

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Ph.: 206-624-0900
Fax: 206-386-7500
Bryan T. Glover
bryan.glover@stoel.com

4860-7791-5757, v. 1

*Attorneys for Schnitzer Stephanie, LLC, formerly known as HIP Stephanie, LLC*

9

4860-7791-5757, v. 1