| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>SAUL EWING LLP<br>Turner N. Falk, Esquire<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102-2186<br>Office: (215) 972-7777<br>Fax: (215) 972-7725<br>turner.falk@saul.com<br><br>*Counsel for RAF Johnson City LLC and G&I IX Primrose Marketplace LLC* | |
| In re:<br><br>BED BATH & BEYOND INC., et al.,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Jointly Administered |

**LIMITED OBJECTION OF RAF JOHNSON CITY LLC AND G&I IX PRIMROSE MARKETPLACE LLC TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

RAF Johnson City LLC ("Johnson City") and G&I IX Primrose Marketplace LLC ("Primrose", collectively with Johnson City, the "Landlords") by their undersigned counsel, submit this limited objection (the "Objection") to the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 714] (the "Cure Notice"), and respectfully state as follows:

**PRELIMINARY STATEMENT**

The Landlords are each parties to a commercial lease with Debtor Bed Bath & Beyond Inc. (the "Debtor"). The Debtors filed the Cure Notice alleging that they are current with the Landlords. In fact, Johnson City is owed $19,468.11 plus default interest and attorney's fees as of the date of this Objection and Primrose is owed $13,512.78 plus default interest and attorney's fees.

Subject to their reservation of rights in paragraph 15 below, the Landlords do not object to the assumption and assignment of their leases. However, they file this Objection to ensure that any order authorizing the assumption and/or assignment of the leases provides for the payment of all amounts that come due prior to the date of assumption, and provides that any year-end reconciliation amounts remain enforceable against any assignee.

## BACKGROUND

1. On April 23, 2023, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. Johnson City and the Debtor are parties to a commercial lease for 3211 Peoples Street, Suite 25, Johnson City, TN, 37604 dated November 23, 1999, as amended (the "Johnson City Lease").

3. Primrose and the Debtor are parties to a commercial lease for 3308 S. Glenstone Avenue, Springfield, MO, 65804 dated January 9, 2002, as amended (the "Primrose Lease," collectively with the Johnson City Lease, the "Leases").

4. Lease provide that the Debtor's failure to pay any amount due within 10 days notice is an Event of Default. Upon the occurrence of an Event of Default, each Landlord is entitled to "commercially reasonable expenses incurred by [Landlord] in enforcing or defending [Landlord's] rights and/or remedies, including reasonable attorneys' fees." Upon an Event of Default, unpaid rent incurs interest at a rate of prime plus 2%.

5. On April 25, 2023, the Court issued its *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form*

41803336.1 06/30/2023

*APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [D.I. 92] (the "Bidding Procedures Order").

6. Pursuant to Bidding Procedures Order, on June 13, 2023, the Debtors filed the Cure Notice listing the cure amount (the "Cure Amounts") relating to the leases with the Landlords according to the Debtor's books and records. The stated Cure Amounts are blank, but presumably indicate that the Cure Amounts are each $0.00.

7. Johnson City's books and records show it is owed at least $19,468.11 for rent pursuant to the Johnson City Lease. See aging report attached as **Exhibit "A"**. This amount is increased by default interest at 10.25%[1] from the due date. Johnson City is also entitled to attorney's fees in an unliquidated amount, which continues to accrue as of the date hereof. Johnson City estimates that the amount of its attorney fees will be approximately $1,500.00.

8. Primrose's books and records show it is owed at least $13,512.78. See aging report attached as **Exhibit "B"**. This amount is increased by default interest at 10.25% from the due date. Primrose is also entitled to attorney's fees in an unliquidated amount, which continues to accrue as of the date hereof. Primrose estimates that the amount of its attorney fees will be approximately $1,500.00.

9. Both leases permit each Landlord to perform year-end reconciliations of amounts owed for CAM, taxes and other expenses that may be asserted against the Debtor under each lease.

---

[1] The prime rate as of the date of this objection is 8.25%.

**OBJECTION**

10. In order to assume and/or assign the leases, the Debtor must cure any default outstanding at the time of assumption and provide adequate assurance of future performance under the Services Agreement. 11 U.S.C. § 365(b)(1).

11. When a landlord attempts to enforce its contractual rights under a lease, attorney's fees payable under that lease are part of the amount that must be paid in order to cure pursuant to 11 U.S.C. § 365(b)(1). In re Manz, 617 B.R. 520, 529 (Bankr. D.N.J. 2020) (in order to cure executory contract, "Debtor is liable for the reasonable attorneys' fees incurred by [the contract counterparty] in enforcing the Contract."); see also In re Crown Books Corp., 269 B.R. 12, 18 (Bankr. D. Del. 2001) (awarding attorney's fees for landlord's cure objection).

12. The Debtor's proposed Cure Amounts do not provide for payment of all amounts outstanding for rent, default interest or attorney's fees.

13. Additional amounts may come due after the date of this Objection, including as part of the year-end reconciliation, attributable to time periods prior to the assumption and assignment of the leases.

14. The Bidding Procedures Order and Cure Notice do not clearly address any amounts that may come due before the effective date of any assumption and assignment of the Leases, or any amounts attributable to pre-assignment time periods.

15. If amounts owed under the Leases come due prior to the effective date of an assumption and assignment, the Cure Notice does not clearly provide that such amounts will be paid as part of a cure.

16. Accordingly, any order that is entered establishing the Cure Amounts with respect to the leases with the Landlords must require that the Debtor (i) pay all outstanding amounts owed

as of the date of assignment in order to cure, and (ii) provide that year-end reconciliation amounts for time periods prior to the assignment remain enforceable against any assignee.

17. The Landlords hereby reserve their rights to make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

For the reasons set forth above, RAF Johnson City LLC and G&I IX Primrose Marketplace LLC respectfully request that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of their Leases affirmatively requires the Debtor to pay all amounts due prior to the assumption of the Leases; (iii) provide that year-end reconciliation amounts for time periods prior to the assignment remain enforceable against any assignee; and (iv) grant such further relief as it deems proper.

Dated: June 30, 2023                          **SAUL EWING LLP**

                                              */s/ Turner N. Falk*
                                              Turner N. Falk, Esquire
                                              Centre Square West
                                              1500 Market Street, 38th Floor
                                              Philadelphia, PA 19102-2186
                                              Office: (215) 972-7777
                                              Fax: (215) 972-7725
                                              turner.falk@saul.com

                                              *Counsel for RAF Johnson City LLC and G&I IX Primrose Marketplace LLC*