| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**BARCLAY DAMON LLP**<br>Scott L. Fleischer, Esq.<br>1270 Avenue of the Americas, Suite 501<br>New York, NY 10020<br>Telephone: (212) 784-5810<br>Email: sfleischer@barclaydamon.com<br><br>**SINGER & LEVICK, P.C.**<br>Michelle E. Shriro<br>Texas State Bar No. 18310900<br>16200 Addison Road, Suite 140<br>Addison, Texas  75001<br>Telephone: 972.380.5533<br>Fax: 972.380.5748<br>Email: mshriro@singerlevick.com<br><br>*ATTORNEYS FOR West Coast Highway LLC, successor-in-interest to Panattoni Development Company, Inc., successor-in-interest to LRIGF Denton, LLC* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Judge:  Vincent F. Papalia<br><br>(Jointly Administered) |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**COMES NOW**, West Coast Highway LLC, successor-in-interest to Panattoni Development Company, Inc., successor-in-interest to LRIGF Denton, LLC ("**West Coast**"), by

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

and through its counsel Singer & Levick, P.C. and Barclay Damon LLP, and files this, its *Limited Objection and Reservation of Rights to Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* ("**Objection**") and, in support of same, would respectfully show as follows:

1. Debtors are a party to a non-residential real property lease ("**Lease**") with West Coast ("**Landlord**") for the property located at 2315 Colorado Blvd, Suite 180, Denton, TX 76205, which is a shopping center within the meaning of Section 365(b)(3) of the BANKRUPTCY CODE. As of the filing of this pleading, the Lease has not been rejected by the Debtors.

2. On April 23, 2023 ("**Petition Date**"), Bed Bath & Beyond, Inc. and its related Debtor entities (together, "**Debtors**") each filed voluntary Petitions for Chapter 11 protection under Title 11 of the UNITED STATES CODE ("**BANKRUPTCY CODE**") with the United States Bankruptcy Court for the District of New Jersey ("**Bankruptcy Court**"), which cases have been jointly consolidated for administrative purposes only ("**Chapter 11 Cases**"). The Debtors continue to operate their businesses and manage their properties as Debtors and Debtors-in-Possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. On April 25, 2023, the Bankruptcy Court entered the *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* ("**Bidding Procedures Order**") (**Dkt.092**).

4. Pursuant to such Bidding Procedures Order, on June 13, 2023, the Debtors filed their *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired*

---
**LIMITED OBJECTION AND RESERVATION OF RIGHTS (West Coast Highway LLC)**    Page 2

*Leases* ("**Assumption Notice**") (**Dkt.714**). In addition, this Lease is listed as an acquired asset on the *Notice of Successful and Backup Bidder with Respect to the Phase I Auction of Certain of the Debtors' Lease Assets And Assumption and Assignment of Certain Unexpired Lease*s (Dkt. 1114), which this Objection shall also serve as a cure objection to.

5. Contained within such Assumption Notice as *Exhibit A* (see Dkt.714: P.6-46) was a listing of the contracts and leases which were subject to such potential assumption and assignment, as well as the proposed cure amounts for each counterparty/Landlord set forth ("**Proposed Cure Amount**").

6. Landlord West Coast was listed in the Assumption Notice with a proposed cure amount of $12,541.70. This amount is for the 2022 CAM reconciliation.

7. Attached hereto as **Exhibit A**, and incorporated herein by reference, is a chart which shows the Lease that is the subject of this pleading, the Debtors' Proposed Cure Amount, as well as the amount listed on the books and records of West Coast as the amounts owed as of June 30, 2023 for the Lease ("**Correct Cure Amount**"). Pursuant to the terms of the Lease, although the CAM obligations accrue each month, Debtor is required to pay all accrued CAM obligations at the end of each year. The CAM obligations for January – June 2023 are $20,288.27 (which have been added to the Correct Cure Amount), and such CAM obligations will continue to accrue monthly until the Lease is assumed and must be paid to the Landlord by any proposed purchaser of the Lease. Accordingly, the Correct Cure Amount consists of the $12,541.70 for the 2022 reconciliation plus the $20,288.27 in accrued CAM charges for 2023 for a total of $32,829.97.

## CURE OBJECTION AND BASIS THEREFORE

8. Landlord is not objecting to the assumption of its Lease but rather files this Objection for the purpose of objecting to the entry of any Order that sets the Proposed Cure

Amount listed on Exhibit A as the final cure amount for its Lease and submits that the Correct Cure Amount is the current amount which should be used in any final order authorizing the assumption of the Lease and/or establishing the cure amount, plus any additional unpaid amounts which accrue and remain unpaid prior to the date of assumption. These amounts include post-petition charges which remain unpaid, including any charges which may accrue prior to the date of assumption.

9. Prior to the date of any assumption or assignment, and regardless of when those amounts accrue, pursuant to the contractual obligations of the Lease, and as stated above, other amounts such as common area maintenance, taxes, insurance and potentially other amounts, including any periodic adjustment of charges, may come due to the Landlord. Either any cure amount should include any unpaid amounts which accrue prior to the date of any assumption and assignment, or the Debtors or any assignee must be responsible for payment of these amounts.

10. Additionally, the Proposed Cure Amounts do not include amounts that may become due under the Lease after the date of the assumption and assignment that relate to the pre-assumption and assignment period (i.e., real estate taxes, etc.). Any proposed Order establishing a cure amount in connection with the assumption of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the cure amount, that will become payable after the date of the assumption.

11. Additionally, there may also be unknown and/or unasserted claims that may exist presently or may exist in the future against the Landlord for which the Debtors may be obligated to indemnify and defend the Landlord. The Landlord reserves its rights under the Lease and all applicable law to assert a claim for any and all amounts which may be due and owing for any currently unknown and/or unasserted claim against Landlord that may presently exist or may exist

in the future for which the Debtors may be obligated to indemnify and defend the Landlord. Any assumption of the Lease must include these obligations.

12. To assume an executory contract or unexpired contract, a debtor-in-possession must, at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1). When assuming a contract, the debtor must do so *cum onere*, with all the burdens as well as the benefits. *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("[s]hould the debtor in possession elect to assume the executory contract, … it assumes the contract cum onere"); *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (citations omitted). If a contract is proposed to be assigned to a purchaser or other third party, the requirement of adequate assurance of future performance is applicable to such assignee. *See* 11 U.S.C. § 365(f)(2)(B); *In re Fleming Companies, Inc.*, 499 F.3d at 305.

13. Accordingly, any Order that is entered establishing a cure amount with respect to the Lease must require the Debtors to (1) pay Landlord its actual cure amount, (2) comply with all obligations under the Lease pursuant to 11 U.S.C. § 365(b)(3) pending the actual assumption of the Lease, (3) cure any additional defaults that may occur under the Lease between the date of this Objection and the effective date of any assumption by the Debtors or any successful bidder (*see* 11 U.S.C. §365(b)(1), and (4) ensure that the Debtors or any assignee will be expressly responsible and liable for the payment of any charges that come due under the Lease post-assumption and assignment, but that may relate to a pre-assumption and assignment period. In addition, any purchaser must execute a document in a form acceptable by the Landlord in which it ratifies the Lease and assumes the obligations.

### RESERVATION OF RIGHTS CONCERNING CURE AND ASSUMPTION

14. Landlord reserves its rights to supplement this Objection prior to any final determination by the Court regarding assumption and assignment of its Lease, including the amount and payment required for purposes of cure under Section 365 of the BANKRUPTCY CODE.

15. Landlord further reserves the right to object to any other relief sought by the Debtors in connection with any proposed assignment including, without limitation, any proposed showing of adequate assurance of future performance for any purchaser if assigned.

16. This Reservation of Rights is not intended to be, nor should be construed as, a waiver by Landlord of any of its rights under the Lease, the BANKRUPTCY CODE, or applicable law. Landlord files this Objection and Reservation of Rights to reserve and preserve any and all rights in connection with any proposed assumption and assignment of its Lease and adequate assurance including, without limitation, issues regarding the financial condition and ability of any proposed assignee to meet the heightened requirements for assumption and assignment of contracts and leases as set forth in Section 365 of the BANKRUPTCY CODE.

## JOINDER TO OTHER LANDLORD OBJECTIONS

17. Landlord, and to the extent not inconsistent with the Objections expressed herein, joins in the Objections and Responses to the Assumption Notice asserted by other landlord objectors.

18. Landlord further reserves all rights to object to any other relief sought by the Debtors in connection with the Assumption Notice.

19. Landlord's Objection and Joinder is not intended to be, nor should be construed as, a waiver of any of its rights under its Lease, the BANKRUPTCY CODE, or applicable law. Landlord files this Objection and Joinder to reserve and preserve any and all rights it has in connection with its Lease.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, West Coast Highway LLC requests that the Court enter an Order:

(a) establishing the actual cure amount owed to its Lease consistent with the Correct Cure Amount set forth on Exhibit A;

(b) requiring the Debtors to comply with all obligations under the Lease pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Lease;

(c) requiring the Debtors to cure any additional defaults that may occur under its Lease between the date of this Objection and the effective date of any assumption by the proposed purchaser;

(d) requiring the Debtors to ensure that the proposed purchaser be expressly responsible and liable for the payment of any charges that come due under the Lease post-assumption and assignment, including the year-end adjustment, but that may relate to a pre-assumption and assignment period; and

(e) granting Landlord West Coast Highway LLC such additional and further relief as the Court may deem to be just and proper.

**DATED:** July 4, 2023
New York, New York

Respectfully submitted,

**BARCLAY DAMON LLP**

By:   /s/  *Scott L. Fleischer*
Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, New York  10020
Telephone:  (212) 784-5810
Fax:  (212) 784-5799
E-mail:  sfleischer@barclaydamon.com

- and –

**SINGER & LEVICK, P.C.**
Michelle E. Shriro
Texas State Bar No. 18310900
16200 Addison Road, Suite 140
Addison, Texas  75001
Phone:  972.380.5533
Fax:  972.380.5748
Email: mshriro@singerlevick.com

ATTORNEYS FOR:
WEST COAST HIGHWAY LLC, SUCCESSOR-IN-INTEREST TO PANATTONI DEVELOPMENT COMPANY, INC., SUCCESSOR-IN-INTEREST TO LRIGF DENTON, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below, and via electronic mail as required by the Assumption Notice as shown below, on this 4th day of July, 2023.

| **Debtors:**<br>Bed Bath & Beyond, Inc.<br>650 Liberty Avenue<br>Union, NJ 07083<br><br>**VIA ECF Noticing through its Attorneys** | **Counsel for Debtors:**<br>**Cole Schotz P.C.**<br>25 Main Street<br>Hackensack, NJ 07601<br>Attn: Michael D. Sirota<br>Email: msirota@coleschotz.com<br>Attn: Felice R. Yudkin<br>Email: fyudkin@coleschotz.com<br>Attn: Warren A. Usatine<br>Email: wusatine@coleschotz.com<br><br>**Kirkland and Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn: Joshua A. Sussberg<br>Email: joshua.sussberg@kirkland.com<br>Attn: Emily E. Geier<br>Email: emily.geier@kirkland.com<br>Attn: Derek I. Hunter<br>Email: derek.hunter@kirkland.com<br>Attn: Ross J. Fiedler<br>Email: ross.fiedler@kirkland.com<br><br>**VIA ECF Noticing and/or VIA Email** |
|---|---|

| | |
|---|---|
| **Counsel for Prepetition ABL Agent:**<br>Marshall S. Huebner<br>Adam L. Shpeen<br>Steven Z. Szanzer<br>Michael Pera<br>**Davis Polk & Wardwell LLP**<br>450 Lexington Avenue<br>New York, NY 10017<br>Attn: Marshall S. Huebner<br>Email: marshall.huebner@davispolk.com<br>Attn: Adam L. Shpeen<br>Email: adam.shpeen@davispolk.com<br>Attn: Steven Z. Szanzer<br>Email: steven.szanzer@davispolk.com<br>Attn: Michael Pera<br>Email: michael.pera@davispolk.com<br><br>**VIA ECF Noticing and/or VIA Email** | **Counsel to DIP Agent**:<br>**Proskauer Rose LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Attn: David M. Hillman<br>Email: dhillman@proskauer.com<br>Attn: Megan R. Volin<br>Email: mvolin@proskauer.com<br><br>**VIA ECF Noticing and/or VIA Email** |
| **Stalking Horse Bidder:**<br>Chief Legal Officer and Corporate Secretary<br>**Overstock.com, Inc.**<br>799 W. Coliseum Way<br>Midvale, UT 84047<br>Email: gnickle@overstock.com<br><br>**VIA ECF Noticing and/or VIA Email** | **Counsel to Stalking Horse Bidder:**<br>**Wachtell, Lipton, Rosen & Katz**<br>51 West 52nd Street<br>New York, NY 10019<br>Attn: Scott K. Charles<br>E-Mail: skcharles@wlrk.com<br>Attn: Michael S. Benn<br>Email: msbenn@wlrk.com<br>Attn: Gordon S. Moodie<br>Email: gsmoodie@wlrk.com<br><br>**VIA ECF Noticing and/or VIA Email** |
| **Counsel to the Committee:**<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein<br>Email: rfeinstein@pszjlaw.com<br>Attn: Bradford J. Sandler<br>Email: bsandler@pszjlaw.com<br>Attn: Paul J. Labov<br>Email: plabov@pszjlaw.com<br>Attn: Colin R. Robinson<br>Email: crobinson@pszjlaw.com<br><br>**VIA ECF Noticing and/or VIA Email** | **US Trustee:**<br>Office of the US Trustee<br>One Newark Center<br>Raymond Blvd., Suite 2100<br>Newark, NJ 07102-5504<br>Attn: Fran B. Steele<br>Email: fran.b.steele@usdoj.gov<br><br>**VIA ECF Noticing and/or VIA Email** |

                                             /s/ *Scott L. Fleischer*
                                                Scott L. Fleischer

# Exhibit A

## Proposed Cure Amount // Correct Cure Amount

| Landlord | Proposed Cure Amount | Correct Cure Amount | See Ledger |
|---|---|---|---|
| West Coast Highway LLC, successor-in-interest to Panattoni Development Company, Inc., successor-in-interest to LRIGF Denton, LLC | $ 12,541.70 | $ 32,829.97 | A-1 |

# Exhibit A-1

Shops at Colorado

BBBY 2023 CAM & Tax YTD

| | | |
|---|---|---|
| Tenant SF | | 30,281 |
| CAM & INS PSF | $ | 0.38 |
| TAX PSF | $ | 0.96 |

| 2023 | Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|---|
| CAM | $ 958.90 | $ 958.90 | $ 958.90 | $ 958.90 | $ 958.90 | $ 958.90 |
| TAX | $ 2,422.48 | $ 2,422.48 | $ 2,422.48 | $ 2,422.48 | $ 2,422.48 | $ 2,422.48 |
| Total | $ 3,381.38 | $ 3,381.38 | $ 3,381.38 | $ 3,381.38 | $ 3,381.38 | $ 3,381.38 |

Year to Date    $ 20,288.27