| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>SAUL EWING LLP<br>Turner N. Falk, Esquire<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102-2186<br>Office: (215) 972-7777<br>Fax: (215) 972-7725<br>turner.falk@saul.com<br><br>-and-<br><br>Mark Minuti, Esquire (*admitted pro hac vice*)<br>1201 N. Market Street, Suite 2300<br>P. O. Box 1266<br>Wilmington, DE 19899<br>Office : (302) 421-6840<br>Fax: (215) 421-6813<br>mark.minuti@saul.com<br><br>*Counsel for Loja WTP, LLC* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Jointly Administered |

**LOJA WTP, LLC'S OBJECTION TO DEBTORS' PROPOSED
ASSUMPTION AND ASSIGNMENT OF ITS LEASE IN CONNECTION
WITH THE PROPOSED SALE OF THE BUYBUY BABY ASSETS**

Loja WTP, LLC ("Landlord"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Debtors' motion seeking, *inter alia*, approval of auction procedures and, ultimately, the sale of substantially all of their assets [D. I. 29] (the "Sale Motion"), as it relates to the proposed assumption and assignment of its Lease (as defined below) as part of the proposed sale of the Debtors' buybuy Baby Assets. In support of this Objection, the Landlord respectfully states as follows:

41618404.5

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. Landlord as landlord[1] and debtor Bed Bath & Beyond Inc. ("BBB") as tenant are parties to a Memorandum of Lease dated as of December 9, 2011 (the "Lease") for non-residential real property located in a shopping center known as Water Tower Place Shopping Center (the "Shopping Center") located at 4100 University Avenue, West Des Moines, Iowa (the "Premises"). A copy of the Lease (not including exhibits) is attached as **Exhibit A** to the Preliminary Cure Objection (as defined below).

3. The Premises is located in a "shopping center" as that term is used in 11 U.S.C. § 365(b)(3).

4. On December 9, 2011, debtor BBB as sublandlord and debtor Buy Buy Baby, Inc. ("Baby") as subtenant entered into a Sublease (the "Sublease") for the Premises, a copy of which is attached as **Exhibit B** to the Preliminary Cure Objection.

5. Best Buy Stores, L.P. ("Best Buy") is another tenant in the Shopping Center pursuant to written lease with Landlord (the "Best Buy Lease"). In connection with the execution of the Lease and Sublease, debtor Baby entered into a letter agreement dated October 7, 2011 (the "Best Buy Letter Agreement") with Best Buy acknowledging and agreeing to honor the use restrictions in the Best Buy Lease. A copy of the Best Buy Letter Agreement is attached as **Exhibit C** to the Preliminary Cure Objection.

---

[1] Landlord is the successor to the original landlord and owner of the shopping center, having purchased the shopping center and accepted an assignment of the relevant leases effective May 30, 2019.

2

6. Whole Foods Market Group, Inc. ("Whole Foods") is another tenant in the Shopping Center pursuant to written lease with Landlord (the "Whole Foods Lease"). In connection with the execution of the Lease and Sublease, debtor Baby entered into a letter agreement dated December 6, 2011 (the "Whole Foods Letter Agreement") with Whole Foods acknowledging and agreeing to honor the use restrictions in the Whole Foods Lease. A copy of the Whole Foods Letter Agreement is attached as **Exhibit D** to the Preliminary Cure Objection.

7. There are other tenants in the Shopping Center with various "exclusive" provisions in their leases as set forth on the summary attached as **Exhibit E** to the Preliminary Cure Objection.

8. Debtor BBB defaulted under the Lease prior to the Petition Date and failed to pay rent and other charges due for April 2023.

9. On the Petition Date, the Debtors filed the Sale Motion. On April 25, 2023, the Court entered an order [D. I. 92] (the "Bid Procedures Order") approved certain of the relief requested in the Sale Motion.

10. Pursuant to the Bid Procedures Order, on May 22, 2023, the Debtors served and filed the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [D. I. 714] (the "Contract Assumption Notice").

11. Both the Lease (1162) and Sublease (383) are listed in the Contract Assumption Notice. The Lease is listed in the Contract Assumption Notice with an incorrect cure amount of only $31,176.34.

12. On June 20, 2023, the Landlord filed a preliminary objection to the Sale Motion [D. I. 781], asserting a cure claim of approximately $72,460.45 (the "Preliminary Cure Objection"), which Preliminary Cure Objection is incorporated by reference herein. Based upon

3

communications with the Debtors' counsel, the Landlord does not dispute the Debtor's communicated assertion that the following amounts are due under the Lease for the pre-Petition Date period:

| | |
|---|---|
| Pre-petition CAM escrow adj (1/1-4/22) | $1,229.89 |
| 2022 CAM rec | $2,466.39 |
| Pre-petition RET rec (1/1-4/22) | $31,176.34 |
| Pre-petition April rent/cam (4/1-4/22) | $20,707.90 |
| Total | $55,580.52 (the "**Correct Cure Claim**") |

13. By notice dated June 17, 2023 [D. I. 771], the Debtors provided notice of (a) an auction for the buybuy Baby Assets (as that term is used in the Notice) on June 28, 2023; (b) an objection deadline of July 5, 2023 (the "Objection Deadline"); and (c) a hearing to confirm the sale to of the buybuy Baby Assets to the highest and best bidder at the auction on July 11, 2023 at 2:00 pm ET.

14. By notice dated June 29, 2023 [D. I. 1124], the Debtors further altered the sale timeline for the buybuy Baby Assets, by continuing the proposed auction to July 7, 2023. The foregoing notice, however, did not change the Objection Deadline.

15. Also on June 29, 2023, the Debtors filed the Rejection Notice to, *inter alia*, reject the Lease effective as of June 30, 2023. *See Rejection Notice, Rejection Schedule*, p. 11. The Rejection Notice provides, however, that the Debtors have reserved the right to remove the Lease from the rejection schedule attached to the Rejection Notice any time prior to the entry of an order approving the rejection. *See Rejection Notice*, p. 3.

## **OBJECTION**

16.     In order to assume the Lease, debtor BBB is required to cure defaults existing under such lease pursuant to 11 U.S.C. § 365(b)(1)(A), which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

17.     As stated above, the Debtors materially understated the amount required to cure defaults under the Lease in the Contract Assumption Notice and the Lease cannot be assumed or assumed and assigned unless the Correct Cure Amount is paid.

18.     Subject to payment of the Correct Cure Amount, the Landlord would welcome the assignment of the Lease to a competent tenant/operator, subject to appropriate proof of adequate assurance of future performance within the meaning of 11 U.S.C. § 365(b)(1), (2) and (3). Because, the Objection Deadline was scheduled prior to the continued auction, however, the Landlord has not been provided with any adequate assurance information nor the identify of any possible assignee of the Lease.   For now, Landlord is forced to object to the proposed assumption and assignment of the Lease on adequate assurance of future performance grounds.

19.     In the event that there is no assignee for the Lease and the Debtors, instead, seek to reject the Lease pursuant the Rejection Notice, the Landlord has no objection to such rejection.

WHEREFORE, the Landlord respectfully request that the Court (a) deny the Sale Motion (i) to the extent the Debtors seek to assume and assign the Lease without paying the Correct Cure

Amount and (ii) absent satisfactory proof of adequate assurance of future performance; and (b) grant the Landlord such other relief as is just and proper.

| | |
|---|---|
| Dated: July 5, 2023 | SAUL EWING LLP |
| | |
| | */s/ Turner N. Falk* |
| | Turner N. Falk, Esquire |
| | Centre Square West |
| | 1500 Market Street, 38th Floor |
| | Philadelphia, PA 19102-2186 |
| | Office: (215) 972-7777 |
| | Fax: (215) 972-7725 |
| | turner.falk@saul.com |
| | |
| | -and- |
| | |
| | Mark Minuti, Esquire (admitted *pro hac vice*) |
| | 1201 N. Market Street, Suite 2300 |
| | P. O. Box 1266 |
| | Wilmington, DE 19899 |
| | Office: (302) 421-6840 |
| | Fax: (302) 421-6873 |
| | mark.minuti@saul.com |
| | |
| | *Attorneys for Loja WTP, LLC* |