| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004-2(b)*<br>BIELLI & KLAUDER, LLC<br>Angela L. Mastrangelo, Esquire<br>(No. 239652019)<br>David M. Klauder, Esquire<br>1905 Spruce Street<br>Philadelphia, PA 19103<br>Telephone: (215) 642-8271<br>Email: mastrangelo@bk-legal.com<br>         dklauder@bk-legal.com<br>*Counsel to Valley Square I, L.P.* | |
| In re:<br><br>BED BATH & BEYOND, INC. et al.,<br><br>Debtors. | Case No.: 23-13359<br><br>Hon. Vincent F. Papalia<br><br>Chapter 11<br><br>Jointly Administered |

**OBJECTION OF VALLEY SQUARE I, L.P. TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Valley Square I, L.P. ("Valley" or the "Landlord"), by and through its undersigned counsel hereby files this objection (the "Objection") to the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 714] filed on June 13, 2023 (the "Cure Notice"), and in support thereof, respectfully states as follows:

1. On April 23, 2023 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On April 25, 2023, the Court entered an order [Docket No. 92] that approved the Debtors' proposed bidding procedures and proposed sale process regarding the sale of the Debtors' assets and authorizing the assumption and assignment of the Assumed Contracts.

1

3. On June 13, 2023, the Debtors filed the Cure Notice, listing Valley Square I, L.P. as a Counterparty to an unexpired lease with an unknown cure amount. (Debtor's Vendor No. 2037).

4. On February 1, 2012, Valley entered into an unexpired lease (with subsequent amendments) of nonresidential real property (the "Lease"), with Bed Bath & Beyond, Inc. (the "Debtor") for premises located at 1015 Main Street, Warrington, PA 18976 (the "Property").

5. As of the date hereof, Valley's records reflect that the correct cure amount for the Lease equals $31,147.34.

6. Valley objects to the Cure Notice because it fails to satisfy Debtors' cure obligations consistent with 11 U.S.C. §365(b)(1). When a contract is assumed under this section of the Bankruptcy Code, the non-debtor third-party to that contract must be made whole at the time of the debtor's assumption of the contract. *In re Entertainment, Inc.,* 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). As such, to the extent that the Debtors seek to assume/assign the Lease, the Debtors must pay the full cure amounts based upon the actual amounts that are due on the date that the Lease is assumed/assigned. *See* 11 U.S.C. § 365(b)(1).

7. The proposed Cure Amount does not take into consideration the passage of time between the filing of the Cure Notice and the effective day of any assumption/assignment of the Lease by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Lease must require that the Debtor (i) comply with all obligations under the Lease pending the actual assumption/assignment of the Lease, and (ii) cure any additional defaults that may occur under the Lease between the date of this Obligation and the effective date of any assumption/assignment by the Debtor. *See* 11 U.S.C. § 365(b)(1).

8. The Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed/assigned, but which may relate to the pre-assumption period. Any order establishing cure amounts in connection with the assumption/assignment of the Lease must provide for the payment of all charged due and/or accrued in the ordinary course under the terms of the Lease subsequent to assumption/assignment.

9. Under the Lease, Valley is also entitled to certain attorneys' fees and costs. The correct cure amount should include all of Valley's attorneys' fees and costs to which it is entitled under the Lease through the effective date of assumption/assignment. As of June 30, 2023, accrued attorney's fees are $2,500.00.

10. Any order approving the assumption/assignment of the Lease must provide that such assumption/assignment is pursuant to the terms of the Lease, and that the Debtors or assignee will continue to be responsible for all obligations under the Lease.

11. This Objection is made without prejudice to, and Valley reserves, all other rights, claims, demands, and remedies available at law or in equity, including, but not limited to the following: (a) filing an application to compel payments of an administrative claim, (b) filing an administrative proof of claim, (c) filing a general unsecured proof of claim, and (d) filing an objection to the assumption and assignment of the lease for failure to provide adequate assurance of future performance or for any other reason.

**WHEREFORE**, for all of the foregoing reasons, Valley respectfully requests that this Court enter an order that permits assumption and assignment of the Lease only as consistent with the foregoing, and grants Valley such additional relief as this Court deems just and proper.

Dated: July 5, 2023

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/ Angela L. Mastrangelo*
David M. Klauder, Esquire
Angela L. Mastrangelo, Esquire (No. 239652019)
1905 Spruce Street
Philadelphia, PA 19103
(215) 642-8271
Email: dklauder@bk-legal.com
Email: mastrangelo@bk-legal.com

*Counsel to Valley Square I, L.P.*