UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

LIMITED OBJECTION OF RXR 620 MASTER LESSEE LLC TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS BASED UPON THE CURE AMOUNT PROPOSED BY DEBTORS UNDER LEASE # 1668 AS LISTED ON EXHIBIT A TO THE SCHEDULE ATTACHED TO THE NOTICE FILED AS DOCUMENT # 714

TO:     **THE HONORABLE VINCENT F. PAPALIA**
         **UNITED STATES BANKRUPTCY JUDGE**

**RXR 620 MASTER LESSEE LLC** ("Landlord"), hereby objects to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases filed by Bed Bath & Beyond Inc. and certain of its affiliates (collectively, "Debtors") (ECF # 714) (the "Cure Notice"), insofar as the proposed cure amount arising under a certain unexpired lease of nonresidential real property between Landlord, as landlord, and debtor/tenant Bed Bath Beyond Inc. ("Tenant") for certain commercial retail space in the building known as 620 Avenue of the Americas, New York, New York (the "Building"), is understated, and for the other reasons set forth below.

In the Cure Notice (as listed on Exhibit "A" thereto), Debtors state that the cure amount with respect to the parties' lease is $27,987.61; however, as shown below, the monetary amount necessary for Tenant to cure its current default is **$198,171.85.**

**RELEVANT FACTUAL BACKGROUND**

1.      On April 23, 2023, Debtors filed their Chapter 11 petitions with this Court.

2. Landlord is the owner of the Building, and landlord of all commercial spaces therein. Pursuant to a written agreement of lease, dated as of March 18, 2020 (as amended, the "Lease"), made between Landlord and Tenant, Tenant became the tenant of the premises, consisting of portions of the Ground Floor, Ground Floor Mezzanine Area, Lower Level, Lower Mezzanine Area, and Second Level (collectively, the "Premises"), as more particularly described in the Lease, located in the Building.

3. The Premises consists of 92,025 square feet, wherein Tenant operates the retail chain store known as "Bed, Bath & Beyond", and serves as the chain's flagship store.

4. The Lease expires by its terms on March 15, 2031.

**ARGUMENT**

5. Section 365(b) of the Bankruptcy Code provides that an unexpired lease cannot be assumed by a debtor unless the debtor cures any default under the lease and provides adequate assurance of present and future performance under the lease. 11 U.S.C. § 365(b)(1). See In re GI Holdings, Inc., 580 B.R. 388, 420-21 (Bankr. D.N.J. 2018) ("In order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance"); In re Carlisle Homes, Inc., 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (noting same). See also Adventure Resources, Inc. v. Holland, 137 F.3d 786, 798 (4th Cir. 1998) ("That the obligations of an executory contract be accepted along with its benefits is made plain in the Bankruptcy Code's requirement that, as conditions of the contract's assumption, the debtor cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom."). The requirement to cure includes both pre- and post-petition defaults. See In re Burger Boys, 94 F.3d 755, 763 (2d Cir. 1996).

6. Contrary to the representations made in the Cure Notice, the amount necessary to cure Tenant's default under the Lease is **$198,171.85.**

## RESERVATION OF RIGHTS

7. Landlord reserves its rights to amend and/or supplement this Objection as necessary, including, but not limited to, objections regarding adequate assurance of future performance under section 365 of the Bankruptcy Code, including as may be required by a proposed assignee under sections 365(b)(3) and 365(f)(2) of the Bankruptcy Code, and to object to any proposed assumption and assignment of the Lease, including to any terms of such assignment that might deviate from the use and occupancy terms of the Premises set forth in the Lease.

## JOINDER

8. In addition to the foregoing, Landlord joins in the objections to the Cure Notice filed by other parties-in-interest to the extent they are not inconsistent with this Objection.

**WHEREFORE**, Landlord requests that this Court deny the Cure Notice insofar as Debtors' misstated the amount necessary for Tenant to cure its default under the Lease.

Dated: New York, New York
July 3, 2023

CYRULI, SHANKS & ZIZMOR LLP

By: /s/ Edmond P. O'Brien
Edmond P. O'Brien (EO-5583)
420 Lexington Avenue, Suite 2320
New York, New York 10170
(212) 661-6800
*Attorneys for RXR 620*
*Master Lessee LLC*