# EXHIBIT B

Case 23-13359-VFP    Doc 1828    Filed 06/20/23    Entered 06/20/23 09:50:00    Desc Main
Document    Page 1 of 5

Case 23-13359-VFP    Doc 782-2    Filed 06/07/23    Entered 06/07/23 12:40:00    Desc
Exhibit B-Objection to Cure Amount    Page 2 of 6

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>David L. Bruck, Esq.<br>dbruck@greenbaumlaw.com<br>Attorneys for Almaden Plaza Shopping Center Inc. | |
| In re:<br><br>**BED BATH & BEYOND INC.,** *et al.,*<br><br>Debtor. | Chapter 11 Proceeding<br><br>**Case No.: 23-13359 (VFP)**<br><br>(Jointly Administered) |

### OBJECTION BY LANDLORD ALMADEN PLAZA SHOPPING CENTER INC. TO DEBTORS' PROPOSED CURE AMOUNT AND OTHER RELIEF

### PRELIMINARY STATEMENT

Landlord Almaden Plaza Shopping Center inc. ("Landlord") through counsel Greenbaum Rowe Smith & Davis LLP objects pursuant to Bankruptcy Code 365 (b)(1) and 365(f)(2) to (1) the proposed cure amount proposed by Buy Buy Baby (referred to in the jointly administered bankruptcy estate as the "Debtors") to be paid in connection with the proposed assumption and assignment of the unexpired lease of nonresidential real property held by Landlord with Buy Buy Baby Inc., ("BBB") as tenant, for premises located at Almaden Plaza Shopping Center, San Jose, California (the "Leased Premises"); and asserts that (2) the Debtors have failed to provide adequate assurance of future performance nor complied with the requirements of Bankruptcy Code section 365(b)(3) and states as follows:

8531544.1

## PERTINENT FACTS AND PROCEDURAL HISTORY

1. The Landlord owns the Almaden Plaza Shopping Center San Jose, California a portion of which is leased to Buy Buy Baby ("BBB"), one of the Debtors in this Chapter 11 proceeding. The Lease is dated February 9, 2010 (the "Lease"). A copy of the Lease is attached as **Exhibit A**. The Lease is a shopping center lease. BBB has defaulted in the terms and conditions of the Lease.

2. The Debtors filed the within Chapter 11 proceeding on April 23, 2023. (the "Case"). The Case is jointly administered.

3. On April 23, 2023 the Debtors filed a motion for Entry of an Order (I)((A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bidding Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the form and Manner of Notice Therefore, Approving the Form of APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief (Document # 29) (the "Bidding Procedures Motion").

4. On April 25, 2023, the Court entered an Order (the "Approval Order") approving the Bidding Procedures Motion.

5. The dates scheduled for the hearings and procedures as set forth in the Approval Order have been extended from time to time as permitted in the Approval Order.

6. On June 13, 2023, the Debtors filed a Notice to Contract Parties to Potentially Assumed Contracts and Unexpired Leases (the "Cure Notice") (Document #714) setting forth therein the Debtors' proposed cure amounts for the potential assumption and assignment of

2

8531544.1

contracts and unexpired leases. The last date to file an Objection to the Cure Notice is June 26, 2023.

7. At page 8 of the Cure Notice item #139 the Debtors list the Landlord Almaden Plaza Shopping Center Inc. as landlord of premises leased to BBB at the Almaden Plaza Shopping Center, San Jose, CA, and propose a cure amount of $8,666.08.

## BASIS FOR OBJECTION

8. The proposed cure amount of $8,666.08 is grossly understated and does not accurately reflect all amounts required to be paid to cure all defaults and compensate the Landlord for all pecuniary losses sustained as a result of the defaults in the Lease. Bankruptcy Code sections 365(b) and 365(f) govern the financial obligations of a debtor that seeks to assume and/or assign a lease. As a condition of such assumption by the Debtor, the Debtor must:

> (A) "Cure or provide adequate assurances that the trustee will promptly cure such default.
>
> (B) Compensate or provide adequate assurance that the trustee will promptly compensate a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) Provide adequate assurance of future performance under such contract or lease."

In order to assign the lease, section 365(f)(2) states that "The trustee may assign an executory contract or unexpired lease of the debtor only if – (A) the trustee assumes such executory contract or unexpired lease in accordance with the provisions of this section; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided whether or not there has been a default in such contract or lease."

3

8531544.1

9. The Debtors have failed to comply with the requirements of Bankruptcy Code 365 (b)(1) and 365(f)(2) by (a) failing to correctly state or propose the actual pecuniary loss to be suffered by the Landlord as a result of the defaults in the Lease; and (b) failing to provide adequate assurance of the curing of such default, and (c) failing to provide adequate assurance of future performance by the assignee under the Lease. Until such time as the Debtor complies with the applicable provisions of the Bankruptcy Code it cannot either assume or assign the Lease.

10. The Lease is a shopping center lease and falls within the purview of Bankruptcy Code section 365(b)(3). The Debtors have not identified the Successful Bidder of the Lease and accordingly has not yet complied with the restrictions in Section 365(b)(3).

11. The Landlord has filed a Proof of Claim (attached as **Exhibit B**) setting forth therein the Landlord's claims against the Debtors which arose as a result of the defaults in the Lease. The Proof of Claim may be amended to reflect any changes in the actual amount due as time passes.

12. Attached as **Exhibit C** is a compilation of the amounts necessary to cure the defaults and compensate the Landlord for the pecuniary loss to the Landlord caused by the defaults in the Lease. The amount necessary to compensate the Landlord is $**52,581.03** including unpaid rent, unpaid additional rent inclusive of the tenant's required payment of its share of real estate taxes, operating expenses and attorneys' fees incurred as a result of tenant's default. The Lease specifically provides for the payment of attorney's fees incurred in connection with BBB's defaults. See Section 46 of the Lease.

13. While the Debtors have filed the Cure Notice it has not identified the Successful Bidder for the Lease held by the Landlord. Absent identification of the Successful Bidder the Landlord cannot make a business judgment as to the financial abilities of the proposed Successful

4

8531544.1

Bidder and accordingly the Debtors have not provided adequate assurance of future performance under the Lease.

14. The Leased Premises are included within a shopping center and the Lease contains restrictions on the intended use of the Leased Premises. Until the Successful Bidder is identified there can be no assurance that the use intended by the Successful Bidder will comply with the restrictions in the Lease and all rights are reserved.

15. Landlord reserves the right to supplement and amend as necessary this objection to (1) reflect additional amounts which may become due prior to the date of proposed assumption and (2) address the issue of adequate assurance once the "Successful Bidder" for the Lease is identified, (3) address the issue of the restrictions on the intended use of the Leased Premises by the Successful Bidder and to address such issues as may arise.

## **RELIEF REQUESTED**

The Landlord requests that assumption of the Lease be conditioned upon (1) payment of the Cure amounts specified in **Exhibit C**; (2) identification of the Successful Bidder and proof as required of adequate assurance of future performance by such Successful Bidder; (3) identification of the intended use of the Successful Bidder and compliance with Bankruptcy Code section 365 (b)(3); and (4) attorney's fees as allowed under the Lease and such further relief as the Court may find to be appropriate under the circumstances.

Respectfully submitted,

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Almaden Plaza Shopping Center Inc.

Dated: June 21, 2023        */s/ David L. Bruck*
                           David L. Bruck

8531544.1