Richard J. McCord, Esq. (*admitted Pro Hac Vice*)
Jaspreet S. Mayall, Esq. New Jersey Attorney I.D. 037711991
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for 3600 Long Beach Road, LLC
90 Merrick Avenue
East Meadow, New York 11554
Telephone: (516) 296-7000
Facsimile: (516) 296-7111

Hearing Date: July 18, 2023
Time: 2:30 p.m.
Objections Due: July 11, 2023 at 5PM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
In re:

BED BATH & BEYOND, INC., et al.

Debtors.[1].
-----------------------------------------------------------------X

Chapter 11
Case No. 23-13359 (VFP)

Jointly Administered

## OBJECTION OF 3600 LONG BEACH ROAD, LLC., TO THE PROPOSED SALE, ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASE FOR PREMISES LOCATED AT 3600 LONG BEACH ROAD, OCEANSIDE, NEW YORK (STORE NO. 507)

3600 Long Beach Road, LLC ("3600 or "Landlord"), by its attorneys, Certilman Balin Adler & Hyman, LLP, hereby objects to the sale, assumption and assignment of the real property lease for premises located at 3600 Long Beach Road, Oceanside, New York (Store No. 507) (the "Premises") and respectfully represents as follows:

### BACKGROUND FACTS

1. 3600 Long Beach Road, LLC., is the Landlord under a real property lease for the Premises, dated June 10, 1999, with Kohl's Center (the "Kohl's Center"). The Premises is located in a commercial shopping center located on 3600 Long Beach Road, in the County of Nassau and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of the Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

8076932.1

State of New York. Prior to the Chapter 11 filings, the Debtors operated approximately 283,652 square feet of retail space.

2. On June 30, 2023, the Debtors filed a Notice ("Assumption Notice") [Dkt. No. 1157] pursuant to the Lease Sale Procedures Order [Dkt. 422.].

3. On May 22, 2023, the Court entered an Order Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief [Dkt. No. 422].

4. Pursuant to the Lease Sale Procedures Order, the Debtors' conducted the Lease Auction with respect to certain of the Lease Assets at the Offices of Kirkland & Ellis, LLP on June 26, 2023.

5. On June 27, 2023, the Notice of Successful and Backup Bidder with Respect to the Phase 1 Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases was filed [Dkt. 1114], naming Burlington Coat Factory Warehouse Corporation as the successful bidder in the amount of $12,000,000.

## LEGAL REQUIREMENTS FOR ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES

6. Section 365(b)(1) of the Bankruptcy Code provides as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will prompt cure, such default. . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly cure, such default. . . .;
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). When a debtor in possession elects to assume an executory contract or unexpired lease under Bankruptcy Code Section 365, it assumes the contract or lease *cum onere*, so that the debtor in possession must assume all the benefits, burdens and obligations attendant thereto. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-21 (1984); *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 24 (2d Cir. 1996); *In re Jamesway Corp.* 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996). The rationale behind Section 365(b) is to ensure that the contracting parties receive the benefit of their bargain if a lease or contract is assumed. *In re Ionosphere Clubs, Inc.*, 85 F. 3d 992, 999 (2d Cir. 1996). *See also Matter of U.L. Radio Corp.*, 19 B.R. 537, 541 (Bankr. S.D.N.Y. 1982) ("If a trustee is to assume a contract or lease, the courts will have to insure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of the bargain").

7. Section 365(f)(2) of the Bankruptcy Code provides as follows:

> The trustee may assign an executory contract or unexpired lease of the debtor only if—
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default under such contract or lease.

11 U.S.C. §365(f)(2). Pursuant to Section 365(b)(3) of the Bankruptcy Code, shopping center landlords are afforded the following special protections:

> (3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance—
>
> (A) *of the source of rent and other consideration due under such lease, and in the case of an assignment, that the*

3

> *financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;*
>
> (B) *that any percentage rent due under such lease will not decline substantially;*
>
> (C) *that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease . . . relating to such shopping center*; and
>
> (D) *that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.*

11 U.S.C. § 365(b)(3) (emphasis supplied). "*Section 365(b)(3) imposes heightened restrictions on the assumption and assignment of leases for shopping centers . . . to protect the rights of the lessors and the center's other tenants.*" *Androse Associates of Allaire, LLC v. Great Atlantic & Pacific Tea Co., Inc. (In re Great Atlantic & Pacific Tea Co., Inc.)*, 472 B.R. 666, 676 (S.D.N.Y. 2012) (emphasis supplied), *citing In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086 (3d Cir. 1990) ("*Androse v. A&P*").

8. The term "adequate assurance of future performance" is not statutorily defined, but courts have determined that "whether 'adequate assurance of future performance' has been provided is determined by the facts and circumstances of each case. *Androse v. A&P,* 472 B.R. 666, 674 (S.D.N.Y. 2012), *citing In re M. Fine Lumber Co.*, 383 B.R. 565, 572 (Bankr. E.D.N.Y. 2008). As movants, the Debtors bear the ultimate burden of persuasion regarding satisfaction of the requirements under Bankruptcy Code Section 365 and proving adequate assurance of future performance in connection with the potential assumption and assignment of a lease. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143, 147 (Bankr. D. Conn. 1995).

9. Because the Bankruptcy Code does not define "shopping center," courts have interpreted the term on a case-by-case basis. *Androse v. A&P*, at 677. ***"Congress described a shopping center as 'often a carefully planned enterprise, and though it consists of numerous individual tenants, the center is planned as a single unit.'"*** *Matter of U.L. Radio Corp.*, 19 B.R. 537, 542 (Bankr. S.D.N.Y. 1982) (emphasis supplied), *citing H.R. Rep. No*. 95-595, 95th Cong., 1st Sess., 347 (1977). The multi-factor test set forth by the Third Circuit in *Joshua Slocum* is regularly used by courts in determining whether premises are a "shopping center" under Section 365(b)(3)." *In re Ames Dept. Stores, Inc.*, 348 B.R. 91, 95 (Bankr. S.D.N.Y. 1996), *citing Joshua Slocum*, 922 F.2d at 1087-88.

10. Bankruptcy courts making a determination of whether premises are a "shopping center" consider whether a majority of the following factors are present: (1) a combination of leases; (2) all leases held by a single landlord; (3) all tenants engaged in the commercial retail distribution of goods; (4) the presence of a common parking area; (5) the purposeful development of the premises as a shopping center; (6) the existence of a master lease; (7) the existence of fixed hours during which all stores are open; (8) the existence of joint advertising; (9) contractual interdependence of the tenants as evidenced by restrictive use provisions in their leases; (10) the existence of percentage rent provisions in the leases; (11) the right of the tenants to terminate their leases if the anchor tenant terminates its lease; (12) joint participation by the tenants in trash removal and other maintenance; (13) the existence of a tenant mix; and (14) the contiguity of the stores. *Ames*, 348 at 95.

8076932.1

## OBJECTION OF 3600 LONG BEACH ROAD, LLC.

11. Landlord objects to Debtors' proposed assignment of the Kohl's Center Lease and assumption thereof by Burlington Coat Factory Warehouse Corporation for the reasons set forth below.

### A. *3600 Long Beach Road LLC Is a Shopping Center for Purposes of 11 U.S.C. § 365(b)(3)*

12. 3600 Long Beach Road LLC satisfies the definition of a shopping center under a majority of the *Joshua Slocum* factors. As set forth in the Affidavit of Joseph V. Scimone (the "Scimone Affidavit"), which is filed herewith in support of this Objection, the property was purposefully developed as a commercial shopping center and consists of 283,652 of square feet of retail space. The major tenants of the Shopping Center are Staples, Michaels, Bed, Bath & Beyond, Amazon Fresh, Kohl's, Marshall's and Carters Osh Kosh. It has ample off street parking in accordance with all local laws and requirements. *See* Scimone Aff., ¶ 6. The Town of Hempstead issued a Certificate of Occupancy stating use as a Shopping Center. See Exhibit "B" to Scimone Affidavit.

13. Reference is made to Section 16.5 of the Lease as the Restrictive Declaration. "Landlord further covenants and agrees that throughout the Term, as long as Tenant is operating a specialty department store within the Premises and is not itself violating the restrictions in this Section 16.5, no space within the Shopping Center shall be used by any occupant to operate a retail operation in which more than twenty percent (20%) of the Floor Area of the premises of the occupant (including the Floor Area) of the aisles adjacent to the space where such merchandise is displayed) is used for the display and sale of clothing commonly referred to as close outs, manufacturer's overruns, other retailers returned or excess inventory or manufacturer's seconds or imperfect merchandise; provided however, the positions of this Section 16.5 shall not apply to any

8076932.1

of the existing tenants of the Shopping Center (or their successors, subtenants, and assigns) to the extent that the leases with such tenants permit the tenants thereunder to undertake without Landlord's consent an activity that would otherwise be prohibited under this Section 16.5. If Landlord shall be in breach of this covenant and shall fail to cure such breach within thirty (30) days after receipt of written notice from Tenant, Tenant shall have the option to seek such injunctive or other relief as may be available at law or in equity to force the cessation of the offending activity, and Landlord shall reimburse Tenant for all expenses incurred by Tenant (including reasonable attorneys fees and disbursements) in the enforcement of the provisions of this Section 16.5. If Landlord fails to begin to cure the violation within the time set forth herein. In addition to Tenant's right to seek injunctive or other relief, and without waiving Tenant's right to seek injunctive or other relief at a later date should such violation continue, so long as such violation shall continue, the annual fixed rent otherwise due under this Lease shall be reduced by ten percent (10%) of the annual fixed rent otherwise due under this Lease". See Exhibit "C".

14. The possibility of losing the current tenant and having a tenant in its place which fails to use the property in strict accordance with the requirements of the Restrictive Declarations as referenced in paragraph 16.5 of the Lease needs to be resolved before 3600 Long Beach, LLC can consent to the assumption of the lease to the successful bidder. The Landlord is concerned that the proposed new tenant may possibly violate the Restrictive Declaration as to the type of business permitted at said location and hereby objects to the assumption of the Lease pursuant to Bankruptcy Code §365 3(6)(A), (C) and (D).

15. The Landlord has not granted any approvals of modifications to the restrictive declaration as reflected in paragraph 16.5 of the Lease in regard to this space.

8076932.1

16. The Landlord strongly urges the Debtor to engage in assignment discussions only with users which would comply with the terms of the Lease, in particular, paragraph 16.5, to avoid any risk of forfeiture of said Restrictive Declaration and the other negative consequences that would ensue from a change in use of the space occupied by Bed, Bath & Beyond which would violate 11 U.S.C. §365(b)(3)(A), (C) and (D).

## RESERVATIONOF RIGHTS

17. Landlord reserves the right to amend and/or supplement this Objection to assert any additional objections regarding the ability of the proposed assignee of the Kohl's Center Lease.

**WHEREFORE**, 3600 respectfully requests that (a) the Court sustain this Objection; (b) any assumption and assignment of the Kohl's Center Lease be conditioned upon the compliance of the terms of the Lease, in particular, paragraph 16.5, to avoid any risk of forfeiture of said Restrictive Declaration and the other negative consequences that would ensue from a change in use of the space occupied by Bed Bath & Beyond, Inc. and (c) grant such other, further and related relief as the Court deems just, proper and equitable.

Dated: East Meadow, New York
July 7, 2023

        **CERTILMAN BALIN ADLER & HYMAN, LLP**
        Attorneys for 3600 Long Beach Road, LLC.

        By:   /s/Jaspreet S. Mayall_____
               Jaspreet S. Mayall, Esq.
               New Jersey Attorney ID# 037711991
               Richard J. McCord, Esq.
               *(Admitted Pro Hac Vice)*
               90 Merrick Avenue, 9th Floor
               East Meadow, New York 11554
               (516) 296-7000

8076932.1