**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**NOTICE OF**
**HEARING ON DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**AND APPROVING THE SETTLEMENT AGREEMENT BY**
**AND BETWEEN DEBTOR BED BATH & BEYOND INC. AND OCEAN**
**NETWORK EXPRESS (NORTH AMERICA) INC. AS GENERAL AGENT FOR**
**OCEAN NETWORK EXPRESS PTE. LTD. AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on a date set forth by the Bankruptcy Court (as defined below), the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, shall move (the "Motion") before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, in Courtroom 3B of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, authorizing and approving the settlement agreement by and between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as general agent for Ocean Network Express Pte. Ltd. and granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (a) be in writing, (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004

(the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at <u>www.njb.uscourts.gov</u>, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at <u>https://restructuring.ra.kroll.com/bbby</u>.  You may also obtain copies of any pleadings by visiting the Court's website at <u>https://www.njb.uscourts.gov</u> in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: July 10, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING
AND APPROVING THE SETTLEMENT AGREEMENT BY
AND BETWEEN DEBTOR BED BATH & BEYOND INC. AND OCEAN
NETWORK EXPRESS (NORTH AMERICA) INC. AS GENERAL AGENT FOR
OCEAN NETWORK EXPRESS PTE. LTD. AND (II) GRANTING RELATED RELIEF**

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) authorizing and approving Debtor Bed Bath & Beyond Inc.'s

("BBBY) entry into and performance under the settlement agreement by and between BBBY and

Ocean Network Express (North America) Inc. as general agent for Ocean Network Express Pte.

Ltd. (together, "ONE," and collectively with BBBY, the "Settlement Parties" and such agreement,

the "Settlement Agreement"); and (b) granting related relief.  A true and correct copy of the

Settlement Agreement is attached hereto as Exhibit 1 to the Order.

## Jurisdiction

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

---

[2]      The facts and circumstances supporting the Motion are set forth in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration") and are incorporated by reference herein.  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the First Day Declaration and the Settlement Agreement, as applicable.

2

final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9019-3 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

### Background

5.      The Debtors are the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more.  In addition to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond stores and their buybuy BABY stores with locations across North America.  Headquartered in Union, New Jersey, BBBY is a publicly traded company that, as of the Petition Date (as defined below) employed approximately 14,000 non-seasonal employees.

6.      The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these cases, the Debtors have commenced an orderly and value-maximizing wind down of their business, while marketing a sale of all or part of their business on a timeline consented to by their prepetition and DIP lenders.

7.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2023, the Court entered an order [Docket No. 75] authorizing

procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On May 5, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 218].

**Overview and Material Terms of the Proposed Settlement Agreement**

8.      As one of the largest container and shipping transportation companies in the world, ONE helps BBBY facilitate its global supply chain network by providing shipping services for BBBY inventory and other products across the globe. In connection with these services, ONE invoices counterparties for certain detention and demurrage charges in accordance with the U.S. Shipping Act of 1984, as amended (the "Shipping Act").

9.      On February 22, 2023, BBBY sent a formal demand letter to ONE, alleging that ONE's policies and practices with respect to the assessment of charges violated various provisions of the U.S. Shipping Act of 1984, as amended (the "Shipping Act") and associated federal regulations, and that said violations caused BBBY to suffer financial damages for which BBBY would be entitled to statutory reparations. Accordingly, the Settlement Parties started to engage in good faith regarding the allegations set forth in the demand letter and a potential settlement to obviate the need to bring the issues to a formal litigation. ONE denied having violated the Shipping Act; and BBBY and ONE both denied and disputed in whole or in part the factual and/or legal positions of the other.

10.     Following extensive good-faith, arm's-length negotiations, the Parties reached the terms of a settlement of the charges assessed by ONE that were challenged by BBBY in the form of the Settlement Agreement.

11.     The Settlement Agreement aims to resolve all claims concerning all charges billed or possibly incurred by and between BBBY and ONE with respect to any shipments of BBBY

4

cargo carried by ONE within the past three years (the "Shipments," and such claims, the "Shipment Claims") on the following terms:[3]

a.   Within three business days after execution of the Settlement Agreement, ONE shall transfer $237,500 (the "Settlement Amount") to BBBY's counsel's trust account, where the Settlement Amount shall remain until entry of the Order. Upon entry of the Order, the Settlement Amount will be divided among Debtors and BBBY's counsel (Huth Reynolds LLP) pursuant to BBBY's contingency arrangement with Huth Reynolds LLP.

b.   In consideration of the payment of the Settlement Amount, BBBY agrees to and does fully, finally, and forever release and discharge ONE and its respective officers, directors, shareholders, members, attorneys, insurers, agents, independent contractors, employees, successors, legal representatives, assigns, parents, subsidiaries, and all affiliated entities, from any and all claims, disputes, demands, actions, suits, liabilities, and damages of any kind or character, whether known as of the date of the Settlement Agreement or discovered hereafter, arising out of or in connection with all charges billed or possibly incurred by and between BBBY and ONE with respect to the Shipments up to and including the date of the Settlement Agreement.

c.   Upon entry of the Order approving the Settlement Agreement, ONE agrees to and does fully, finally, and forever release and discharge BBBY and its respective officers, directors, shareholders, members, attorneys, insurers, agents, independent contractors, employees, successors, legal representatives, assigns, parents, subsidiaries, and all affiliated entities, and customers and entities or persons related to the Shipments from any and all claims, disputes, demands, actions, suits, liabilities, and damages of any kind or character, whether known as of the date of the Settlement Agreement or discovered hereafter, arising out of or in connection with the Shipments, including the return of empty equipment in connection with the Shipments and charges in connection with the Shipments.

d.   ONE agrees not to object to any plan of reorganization or liquidation in BBBY's chapter 11 cases and shall not opt out of or otherwise object to the releases and exculpation provisions set forth in any such plan of reorganization or liquidation.

---

[3]   This summary of material terms of the Settlement Agreement has been included for the convenience of the parties receiving this Motion. It in no way alters, changes, or amends the actual terms set forth in the Settlement Agreement itself. In the event there are any inconsistencies between this summary and the Settlement Agreement, the language set forth in the Settlement Agreement controls.

12.     The Debtors believe that the terms of the Settlement Agreement are in the best

interests of the Debtors and their estates.  The Settlement Agreement represents a resolution of the

charges assessed by ONE that were challenged by BBBY and provides an immediate benefit by

virtue of the additional liquidity to the Debtors' estates in the form of the Settlement Amount.

Approval of the Settlement Agreement will further the paramount interests of the Debtors'

creditors.

## Basis for Relief

13.     If a settlement is outside of the ordinary course of business of the debtor, it requires

approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See

Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350–51 (3d Cir. 1999); *see also

Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a

hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an

agreement to settle or compromise a controversy.").  Courts normally defer to the debtor's business

judgment so long as there is a legitimate business justification for the use of estate property.

*See Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward

Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (holding that the trustee need only have

a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

14.     Here, the Debtors have determined, in a sound exercise of their business judgment,

that the immediate liquidity provided by the Settlement Agreement serves the best interests of the

Debtors and their estates.  Indeed, the cost of litigating the Shipment Claims could eclipse the

value of the Shipment Claims, and therefore the Settlement Agreement represents a more efficient

use of the Debtors' limited assets, which inures to the benefit of all stakeholders.

15.     Pursuant to Bankruptcy Rule 9019, bankruptcy courts are authorized to approve a

compromise proposed by a debtor following the filing of a motion and a hearing with notice to the

creditors.   Fed. R. Bankr. P. 9019(a).   In reviewing a proposed settlement, the Court must determine that it is "fair and equitable."   *See Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).   Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court.   *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

16.      In determining whether the proposed settlement is fair and equitable, two principles should guide this Court.   First, "[c]ompromises are favored in bankruptcy," 10 Lawrence P. King, *Collier on Bankruptcy,* ¶ 9019.01, at 9019–2 (15th ed. rev. 1997) (citing *In re Sassalos,* 160 B.R. 646, 653 (D. Ore. 1993)), and are "a normal part of the reorganization process." *TMT Trailer*, 390 U.S. at 424 (quoting *Case v. Los Angeles Lumber Prods., Co.*, 308 U.S. 106, 130 (1939)); *In re A & C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake."); *In re Michael*, 183 B.R. at 232 (Bankr. D. Mont. 1995) ("[I]t is also well established that the law favors compromise."); *Nellis v. Shugrue,* 165 B.R. 115, 123 (S.D.N.Y. 1994) (recognizing "the general rule that settlements are favored").

17.      Second, settlements should be approved if they fall above the lowest point on the continuum of reasonableness.   "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the [movant,] but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *see generally In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (explaining that a court should not conduct a "mini-trial" on the merits of a proposed settlement).   Thus, the question is not whether a better settlement might have been achieved or a

7

better result reached if litigation pursued.  Instead, the court should approve settlements that meet

a minimal threshold of reasonableness.  *Nellis*, 165 B.R. at 123; *In re Tech. for Energy Corp.*, 56

B.R. 307, 311–12 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608

(Bankr. N.D. Ohio 1985); 10 *Collier on Bankruptcy* ¶ 9019.02, at 9019–4.

18.     The Third Circuit specifically sets forth four factors to be considered by the court

in determining the fairness, reasonableness, and adequacy of a settlement, as follows:

     a.    the probability of success in litigation;

     b.    the likely difficulties in collection;

     c.    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

     d.    the paramount interest of creditors.

*In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re RFE Indus., Inc.*, 283 F.3d 159, 165

(3d Cir. 2002) (reiterating the *Martin* factors); *In re Nutraquest, Inc.*, 434 F. 3d at 644–47 (same).

19.     In this case, the four *Martin* factors weigh in favor of approval of the Settlement

Agreement.  With respect to the first three criteria, while the Debtors are confident in the evidence,

arguments, and merits of their legal positions with respect to BBBY's Shipment Claims, the

litigation of these disputes would be factually complex and detailed, time consuming, and

expensive, with the outcome uncertain.  Settlement of the Shipment Claims obviates the need for

protracted, expensive, and uncertain litigation.   Indeed, discovery efforts are likely to be

significant, costly, and time consuming, and would create a distraction for the Debtors' key

personnel that would otherwise be focused on supporting and implementing the Debtors'

restructuring efforts.  "It is axiomatic that settlement will almost always reduce the complexity and

inconvenience of litigation[,]" and so too here will the ability to efficiently resolve the Shipment

Claims through the Settlement Agreement reduce expense and inconvenience at this critical juncture in the Debtors' Chapter 11 Cases and inure to the benefit of all stakeholders. *See In re Nutraquest, Inc.*, 434 F. 3d at 646. "Litigation and delay are always the alternative to settlement[,]" and the Debtors have determined in an exercise of their sound business judgment that—after considering the probable outcome of litigating the Shipment Claims—entering into the Settlement Agreement was the best option to pursue.

20.    With respect to the paramount interest of creditors, the Debtors believe that the terms and conditions of the Settlement Agreement are in the best interests of creditors because they resolve any claims that ONE may have against BBBY in connection with the Shipments and thus limit the significant administrative costs the Debtors would incur in defending such claims, if any, in the absence of the Settlement Agreement. Similarly, the value of the claims BBBY holds against ONE that are released pursuant to the Settlement Agreement may be eclipsed by the cost of litigating such claims, and it is therefore prudent to resolve such claims through the Settlement Agreement.

21.    Ultimately, given the costs, risks, and delay associated with litigation, the Debtors, in the exercise of their sound business judgement, believe that the terms of the Settlement Agreement are fair and reasonable and satisfy the standard promulgated by the Third Circuit governing compromise of controversies under Bankruptcy Rule 9019. Accordingly, the terms of the Settlement Agreement should be approved.

**<u>Request of Waiver of Stay</u>**

22.    To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under

Bankruptcy Rule 6004(h).  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to preserve the value of their estates.

## **Waiver of Memorandum of Law**

23.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **Reservation of Rights**

24.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors', or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim.

## **No Prior Request**

25.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**<u>Notice</u>**

26.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of New Jersey; (b) the Committee; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; (m) counsel to ONE; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: July 10, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Order**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL**
**LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER GRANTING DEBTORS' MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING
AND APPROVING THE SETTLEMENT AGREEMENT BY
AND BETWEEN DEBTOR BED BATH & BEYOND INC. AND OCEAN
NETWORK EXPRESS (NORTH AMERICA) INC. AS GENERAL AGENT FOR
<u>OCEAN NETWORK EXPRESS PTE. LTD. AND (II) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief* (the "Motion")[1] filed by the captioned debtors and debtors in possession (the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court finding that the relief requested in the Motion may be authorized pursuant to Bankruptcy Rule 9019(a); and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief |

2.      The Debtors are authorized to enter into the Settlement Agreement, substantially in the form attached hereto as **Exhibit 1**, and to take any and all actions necessary to effectuate the relief granted in this Order.

3.      The Settlement Agreement satisfies all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rule 9019.

4.      Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief |

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

### **Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (this "Agreement") is entered into this 19th day of June, 2023, by and between Bed Bath & Beyond Inc. ("BBBY") on the one hand and Ocean Network Express (North America) Inc. as general agent for Ocean Network Express Pte. Ltd. (collectively, "ONE") on the other hand. BBBY and ONE are hereinafter sometimes referred to individually as a "Party" and collectively as the "Parties."

WHEREAS, BBBY sent a demand letter on or about February 22, 2023 (the "Demand"), alleging that ONE's policies and practices with respect to the assessment of demurrage and detention charges violated various provisions of the U.S. Shipping Act of 1984, as amended ("Shipping Act") and that said violations had caused BBBY to suffer financial damages; and

WHEREAS, the Demand identified, and the Parties discussed, potential disputes concerning approximately $1,325,135 of charges incurred in the Savannah, Georgia, Los Angeles/Long Beach, California, and Chicago, Illinois areas between October 2021 and April 2022; and

WHEREAS, after negotiations and mutual exchange of information, BBBY was prepared to press its Demand with respect to a subset of the charges identified in the Demand, amounting to $900,222.64; and

WHEREAS, on April 23, 2023, BBBY and certain subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Docket No. 2:23-bk-13359; and

WHEREAS, BBBY and ONE wish to resolve all claims concerning all charges billed or possibly incurred by and between BBBY and ONE with respect to any shipments of BBBY cargo carried by ONE, within the past three years (the "Shipments"), including without limitation all claims identified in the Demand in connection with charges incurred in the Savannah, Georgia, Los Angeles/Long Beach, California, and Chicago, Illinois areas between October 2021 and April 2022; and

WHEREAS, ONE denies having violated the Shipping Act; and

WHEREAS, BBBY and ONE deny or dispute in whole or in part the factual and/or legal positions of the other; and

WHEREAS, the Parties are cognizant of the high cost of litigation and the inherent risks involved in litigation, including the risk to a Party that it might not prevail in whole or in part; and

WHEREAS, the Parties desire to resolve their dispute fully and finally without litigation;

NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:

1. The foregoing recitals are incorporated herein by reference.

DocuSign Envelope ID: 31D549794702-4F5A-B8E5-D51DB4A59F18

2.  This Agreement is contingent upon entry of an order of the Bankruptcy Court approving this Agreement (the "Order").  The Parties will in good faith exercise all reasonable efforts required to obtain entry of the Order, including executing and delivering any motions, declarations, or other items of support reasonably required in connection therewith.  Consistent with the preceding sentence, BBBY will promptly prepare a motion to approve compromise of controversy pursuant to Federal Rule of Bankruptcy 9019 (the "Motion").  BBBY shall file the Motion with the Bankruptcy Court and serve the Motion upon those parties entitled to notice thereof.

3.  Within three (3) business days after execution of this Agreement (i.e., the Agreement has been signed by both BBBY and ONE or their respective agent(s)), BBBY's counsel, Huth Reynolds LLP ("HR LLP"), shall provide ONE with account information and transfer instructions for HR LLP's trust account, and ONE shall transfer the amount of Two Hundred Thirty Seven Thousand Five Hundred Dollars ($237,500) (the "Settlement Amount") to HR LLP's trust account, where the Settlement Amount will remain until the Order approving this Agreement is entered.

4.  In consideration of the payment of the Settlement Amount described in Paragraph 3 above, upon entry of the Order approving this Agreement, BBBY agrees to and does fully, finally, and forever release and discharge ONE and its respective officers, directors, shareholders, members, attorneys, insurers, agents, independent contractors, employees, successors, legal representatives, assigns, parents, subsidiaries, and all affiliated entities, from any and all claims, disputes, demands, actions, suits, liabilities, and damages of any kind or character, whether known as of the date of this Agreement or discovered hereafter, arising out of or in connection with all charges billed or possibly incurred by and between BBBY and ONE with respect to the Shipments up to and including the date of this Agreement.

5.  In consideration of this Agreement and other valuable consideration herein, upon entry of the Order approving this Agreement, ONE agrees to and does fully, finally, and forever release and discharge BBBY and its respective officers, directors, shareholders, members, attorneys, insurers, agents, independent contractors, employees, successors, legal representatives, assigns, parents, subsidiaries, and all affiliated entities, and customers and entities or persons related to the Shipments from any and all claims, disputes, demands, actions, suits, liabilities, and damages of any kind or character, whether known as of the date of this Agreement or discovered hereafter, arising out of or in connection with the Shipments, including the return of empty equipment in connection with the Shipments and charges in connection with the Shipments.  Additionally, to the extent applicable, ONE agrees not to object to any plan of reorganization or liquidation in BBBY's chapter 11 cases and shall not opt out of or otherwise object to the releases and exculpation provisions set forth in any such plan of reorganization or liquidation.

6.  Each Party shall be responsible for its own legal fees and costs, including in connection with BBBY's chapter 11 cases.

7.  This Agreement shall be binding on the Parties and their respective successors and assigns (including any bankruptcy estate of BBBY and all such estate representatives).

8. This Agreement shall be governed exclusively by, and enforced in accordance with, the internal laws of the United States of America and, to the extent applicable, the State of New York.  Each of the Parties consents to the exclusive jurisdiction of the Bankruptcy Court as to any litigation or

DocuSign Envelope ID: 81D54675 47D2 4E5A B8E5 D51DB4A59E49

dispute that arises from or relates to this Agreement or any alleged breach thereof, and waives any objections to such jurisdiction and, if such rights exist, waives its right to a jury trial in any dispute arising under this Agreement.

9. The representatives of the Parties signing below each represent and warrant that they are duly authorized to enter into this Agreement on behalf of the Party for which they are signing. This Agreement may be signed in counterparts. An electronic or facsimile signature, including an email or faxed copy of a signature shall be as binding as an original ink signature.

10. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter of this Agreement and supersedes all prior written and oral agreements and understandings between the Parties with respect to the subject matter of this Agreement. This Agreement may not be amended except by a written agreement executed by both Parties to this Agreement. The Parties acknowledge that neither any other party nor any agent or attorney of any other party has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof to induce any party to execute this Agreement and acknowledge that they have not executed this Agreement in reliance upon any such promise, representation or warranty not contained herein.

11. If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remaining terms and provisions of this Agreement, or the application of such terms or provisions to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

12. In connection with the releases contained herein, ONE and BBBY acknowledge that they are aware that they or their attorneys may hereinafter discover facts different from or in addition to the facts which their attorneys now know or believe to be true with respect to the subject matter of this Agreement, but that it is ONE and BBBY's intention to fully and finally, absolutely and forever settle any and all claims identified herein and that in furtherance of such intention, the release herein given shall be and remain in effect as full and final release notwithstanding the discovery of any such different or additional facts. In entering into this Agreement, and the releases given hereunder, each of the Parties acknowledges that it has conducted its own independent investigation, has consulted with legal counsel of its own choice, and has not relied on any statement, representation, promise, inducement, or agreement not expressly contained within this Agreement. It is therefore understood and agreed that this Agreement is intended to cover and does cover all claims or possible claims of every nature and kind whatsoever, whether known or unknown, suspected or unsuspected, or hereafter discovered or ascertained which relate to the charges for the Shipments and all rights under Section 1542 of the Civil Code of California are hereby expressly waived.

13. Should any additional instruments be necessary or desirable to accomplish the purpose(s) of this Agreement or to establish the rights or discharge the obligations of either Party hereto, such additional instruments will be promptly executed and delivered upon the request of the other Party.

DocuSign Envelope ID: 31D54679-47D2-4E5A-B8E5-D54DB4A59E49

14. This Agreement shall not be construed in favor of or against any Party on the basis that the Party did or did not author this Agreement or any attachment related to it.

15. This Agreement represents the final agreement between the Parties with respect to the subject matter contained herein and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements between the Parties.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date first written above.

Bed Bath & Beyond, Inc.

Ocean Network Express (North America) Inc. as general agent for Ocean Network Express Pte. Ltd.

_David Kastin_                     6/19/2023

By: David Kastin
Title: Executive Vice President,
Chief Legal Officer and Corporate Secretary

By:   Makoto Kodera
Title:  Senior Vice president,
Marketing & Commercial

Date : 6/20/2023