BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Kenneth M. Klemm
201 St. Charles Avenue, 36th Floor
New Orleans, Louisiana 70170
504.566.5258
kklemm@bakerdonelson.com

J. David Folds
901 K Street NW; Suite 900
Washington, D.C. 20001
(202) 508-3441
dfolds@bakerdonelson.com

*Attorneys for Bayer Development Company, L.L.C.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (NEWARK)

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 23-13359-VFP |
| Bed Bath & Beyond, Inc., *et al.*[1], | ) | Judge Hon. Vincent F. Papalia |
| | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

## LIMITED OBJECTION OF BAYER DEVELOPMENT COMPANY, L.L.C. TO POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE AND RESERVATION OF RIGHTS

Bayer Development Company, L.L.C., ("**Bayer**" or "**Landlord**") through its undersigned counsel, respectfully submits this limited objection and reservation of rights to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [DE 714] ("**Notice**"), and in support hereof states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

1. Bayer and Bed Bath & Beyond Inc. (the "***Debtor*** are parties to a Lease Agreement dated September 27, 1996 (as amended, the "***Lease***")[2] pursuant to which the Debtor leases from Bayer certain premises (the "***Premises***") in the retail center known The Summit in Birmingham, Alabama. The Debtor operates a Bed Bath and Beyond store #148 (the "***Store***") on the Premises.

2. The Premises is located within a "shopping center" within the meaning of 11 U.S.C. § 365(b)(3).

3. On April 23, 2023 ("***Petition Date***"), each of the above-captioned debtors ("***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("***Bankruptcy Code***").

4. On June 13, 2023, the Debtors filed the Notice, which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors may assume and assign to the Successful Bidder the contract or agreement listed on Exhibit A to which you are a counterparty, upon approval of the Sale Transaction." [DE 714, p.2].

5. The Notice included the Lease and identified a proposed cure amount of $3,567.20 [DE 714, p.9].

6. The Phase I Auction was held on June 26, 2023. There were no announced third-party bids for the Lease at the Phase I Auction. The potential sale of the Lease was deferred until the Phase II Auction, which is now scheduled for July 19, 2023.

## Limited Objection

7. The Landlord does not object to the assumption and assignment of the Lease provided that the correct cure amount is paid and all requirements of Section 365 of the Bankruptcy Code are satisfied.

---

[2] Upon information and belief, the Debtors have a copy of the Lease. A copy will be provided upon request.

8. In order to assume and/or assign a lease for nonresidential real property, a debtor must cure any monetary default outstanding at the time of assumption and provide adequate assurance of future performance under the subject lease. 11 U.S.C. § 365(b)(1).

9. In addition to cure costs, the Landlord is entitled to adequate assurance of future performance by any assignee under section 365(b)(2)(B) of the Bankruptcy Code. As a shopping center lease, this also requires satisfaction of the provisions of section 365(b)(3), which requires adequate assurance:

- of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

- that any percentage rent due under such lease will not decline substantially;

- that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center; and

- that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

Cure Amount

10. The Landlord objects to any assumption or assignment of the Lease to the extent that the correct cure amount is not paid.

11. In the Notice, the Debtor listed a proposed cure amount of $3,567.20.

12. As of July 11, 2023, the balance due under the Lease is $3,296.36. *See* **Exhibit A**.

13. The Lease provides for the recovery of reasonable attorneys' fees, costs, and expenses in an action or proceeding pursuant to the Lease. Lease, Section 48.

14. In this Chapter 11 case, the Landlord has enforced its rights under the Lease by, *inter alia*, monitoring filings regarding the proposed lease auction and assumption of leases, participating in the Phase I auction, filing a proof of claim, and preparing this response to the potential assumption or assignment of the Lease.

15. Through July 7, 2023, the Landlord has incurred $17,966.43 in legal fees in this matter. Pursuant to the Lease, Section 365 of the Bankruptcy Code, and applicable law, these amounts should be included in the cure amount.

16. As of July 10, 2023, the correct cure amount is at least:

| | |
|---|---|
| $3,296 | See Exhibit A |
| $17,966.43 | Legal fees |
| $21,262.43 | Total |

17. Accordingly, the Landlord submits that approval of the assumption and assignment of the Lease should be conditioned upon payment of $21,262.43 as the cure amount (the "**Correct Cure Amount**") pursuant to 11 U.S.C. § 365(b)(1)(A). In addition, the Debtor or its assignee should be required to pay any additional amounts that come due, or are incurred (including legal fees), but remain unpaid through the effective date of assumption of the Lease.

Section 365(b)(3)(C)

18. The Landlord objects to the extent any proposed assignment of the Lease fails to comply with any of the requirements under section 365(b)(3) of the Bankruptcy Code.

19. As noted above, the Premises are within a shopping center, which is known as The Summit, in which the Landlord leases various parcels to a variety of tenants. A number of the

leases at The Summit, including the Lease, contain co-tenancy provisions, exclusivity provisions, and/or use restrictions.

20. To the extent that the Debtor seeks to assume the Lease and assign it to a third party, the Landlord objects to such assignment unless the Debtor and/or prospective assignee provides adequate assurance that the assumption and assignment of the Lease will not violate an existing restriction in the Lease or any other lease at The Summit. Because the Lease is included in the Phase II Auction and the identity of any third party bidders is not yet known, the Landlord reserves all rights regarding the requirements of Section 365(b)(3) of the Bankruptcy Code, including the right to seek adequate assurance of future performance.

## Reservation of Rights

21. The Lease is included in the Phase II Auction, which is scheduled for July 19, 2023. The Landlord reserves the right to revise or supplement this objection, or to raise further objections, to the assumption and assignment of the Lease following the results of the auction.

WHEREFORE, Landlord respectfully requests that the Court sustain this limited objection by conditioning assumption and assignment of the Lease on: (1) payment to the Landlord of the correct cure amount plus any other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned; and (2) provision of adequate assurance of future performance, including without limitation as required by section 365(b)(3) of the Bankruptcy Code; and (3) grant any other further relief that the Court may deem appropriate.

Respectfully submitted,

Dated: July 11, 2023

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: //s/ Kenneth M. Klemm

5

Kenneth M. Klemm
NJ Bar No: 033451990
201 St. Charles Avenue, 36th Floor
New Orleans, Louisiana 70170
(504) 566-5258
kklemm@bakerdonelson.com

J. David Folds
901 K Street NW; Suite 900
Washington, D.C. 20001
(202) 508-3441
dfolds@bakerdonelson.com

*Attorneys for Bayer Development Company, L.L.C.*

# Exhibit A

BAYER DEVELOPMENT
214 SUMMIT BOULEVARD
SUITE 150
BIRMINGHAM, 35243

(205) 967-0111

| | 7/11/2023 | ACCOUNT NUMBER |
|---|---|---|
| Bed Bath & Beyond<br>Store #148<br>650 Liberty Avenue<br>Union, NJ 07083 | INVOICE #: | P0000011    1 |

**MAKE CHECKS PAYABLE TO:** BAYER DEVELOPMENT          **BALANCE DUE**       3,296.36

| Date | Code | Description | Charges | Payments | Amount Due |
|---|---|---|---|---|---|
| 3/31/2022 | PYC | 2021 Prior Year Reconciliation | -9,648.94 | -9,378.10 | -270.84 |
| 3/31/2023 | PYC | 2022 Prior Year Reconciliation | 505.89 | .00 | 505.89 |
| 3/31/2023 | PYT | 2022 Prior Year Reconciliation | 3,061.31 | .00 | 3,061.31 |

| | 7/11/2023 | ACCOUNT NUMBER |
|---|---|---|
| Please send this portion of the statement with your remittance. | INVOICE #:<br>Bed Bath & Beyond | P0000011    1 |

BAYER DEVELOPMENT
214 SUMMIT BOULEVARD
SUITE 150
BIRMINGHAM, 35243

(205) 967-0111

| Current | 30 | 60 | 90 | 120 | BALANCE DUE |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 3,567.20 | -270.84 | 3,296.36 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (NEWARK)

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 23-13359-VFP |
| Bed Bath & Beyond, Inc., *et al.*, | ) | |
| | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I do hereby certify that I have served the parties in this action listed below with a copy of the pleading(s) hereinbelow specified by mailing a copy of the same today by United States Mail, postage prepaid, to the following address(es):

Pleadings:   Limited Objection of Bayer Development Company, LLC to cure amount in connection with potential assumption and assignment of unexpired lease and reservation of rights.

Parties Served:   Bed Bath & Beyond Inc.
650 Liberty Avenue,
Union, New Jersey 07083

Michael D. Sirota
*via cm/ecf*

Warren A. Usatine
*via cm/ecf*

Felice R. Yudkin
*via cm/ecf*

US Trustee's Office
*via cm/ecf*

DATE OF SERVICE: July 11, 2023

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:   /s/Savannah E. Lavender

7