**GRAFF SILVERSTEIN LLP**
David Graff, Esq.
Matthew J. Silverstein, Esq.
3 Middle Patent Road
Armonk, NY 10504
Telephone: (212)-381-6055
dgraff@graffsilversteinllp.com
msilverstein@graffsilversteinllp.com

**PARSONS BEHLE & LATIMER**
Darren Neilson, Esq. (*pro hac vice* pending)
201 S Main St, #1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
DNeilson@parsonsbehle.com

*Counsel for Telegraph Marketplace Partners II, LLC*

**UNITED STATES BANKRUPTCY**
**COURT DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Joint Administration Requested) |

# OBJECTION TO ASSIGNMENT OF TELEGRAPH MARKETPLACE PARTNERS II LLC'S LEASE TO BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND OBJECTION TO CURE AMOUNTS *[RESPONSE TO DOCKET NO. 1157]*

Creditor and landlord Telegraph Marketplace Partners II, LLC, a Utah limited liability company ("**Telegraph Partners**"), by its attorneys, submit this objection to the above-captioned

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

debtors' (the "**Debtors**") *Notice of Assumption of Certain Unexpired Leases* (the "**Notice**") [Docket No. 1157] and, specifically, to (a) the proposed assignment of the Telegraph Partners' Lease to Burlington Coat Factory Warehouse Corporation ("**Burlington**"), and (b) to the proposed cure amount referenced by the Debtors with respect to any assignment of the Telegraph Partners Lease.

1. On or about September 19, 2003, Debtor executed and entered into a lease agreement (the "**Lease Agreement**") with Telegraph Partners pursuant to which Telegraph Partners leased to the Debtors real property located at 844 Telegraph Street, Suite 2, in Washington City, Utah (the "**Premises**"). A copy of the Lease Agreement is attached hereto as **Exhibit A**.

2. Under the Lease Agreement, Debtor agreed to pay monthly rent and additional rent, which amount includes base rent and "Common Area Charges," and a "reconciliation share" of Common Area Charges not covered by Debtor's month payments of Common Area Maintenance Charges during the immediately preceding calendar year (a "**Reconciliation Share**").

3. Under Section 5.1.2 (b) of the Lease Agreement, Defendant agreed to pay its Reconciliation Share within sixty (60) days following receipt from Landlord of a "CAC Reconciliation Statement."

4. Telegraph Partners delivered a CAC Reconciliation Statement to Debtor for calendar year 2022 on January 3, 2023; therefore, Debtor was required to pay its Reconciliation Share on or before March 4, 2023. A copy of the CAC Reconciliation Statement is attached hereto as **Exhibit B**.

5. Debtor failed to pay its 2022 Reconciliation Share on or before March 4, 2023, despite Telegraph Partner' repeated calls for Debtor to make such payment. Such calls included a reference to Debtor's failure to pay its 2022 Reconciliation Share in notice of default delivered by Telegraph Partners to Debtor dated February 2, 2023, relating to Debtor's failure to timely

pay rent for the month of February 2023, as well as a notice of default delivered to Debtor on March 6, 2023 (this notice was dated March 2, 2023, but not effective under the Lease Agreement until delivered to Defendant on March 6, 2023). Copies of such notices are attached hereto as **Exhibit C**.

6. Under Section 18 of the Lease Agreement, notices are effective upon receipt. Accordingly, the notice of default delivered to Debtor on March 6, 2023, gave Debtor 10 days, until March 16, 2023, to cure the default.

7. Debtor failed to cure the default within the cure period.

8. Telegraph Partners delivered to Debtor a Notice of Termination of Lease dated March 31, 2023, pursuant to Section 16.1.2 (c) of the Lease Agreement, with such termination to be effective as of April 6, 2023. A copy of such notice is attached hereto as **Exhibit D**.

9. As a result of the termination of the Lease Agreement, Debtor became a tenant-at-will.

10. On April 12, 2023, Telegraph Partners delivered to Debtor a "Five Day Notice To Vacate Premises or, in the alternative, Fifteen Day Notice To Vacate Premises." Once the Lease Agreement was terminated on April 6, 2023, the Debtor became a tenant-at-will. As such the Debtor was subject to a five-day notice to vacate under Utah Code Ann. § 78B-6-802(1)(b)(ii). A copy of the notice is attached hereto as **Exhibit E.**

11. Debtor's five-day period to vacate the Premises expired at 11:59 p.m., on April 18, 2023.

12. After the Lease Agreement had been terminated, on April 23, 2023, the above-captioned debtors and debtors-in-possession, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, as amended the ("**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of New Jersey.

13. Telegraph Partners filed a *Motion to Confirm Absence of Automatic Stay* in which Telegraph Partners provides the Court with additional facts and legal arguments in support of the

absence of the automatic stay and by extension, termination of the Lease Agreement [*See* Docket No. 495].

14. As the Lease Agreement has been terminated, the Debtors are unable to assign the Lease Agreement to Burlington.

15. In the event that the Court determines that the Lease Agreement was not terminated, the Notice states that the cure amount is $0.00. This is incorrect. As the Lease Agreement was terminated, Telegraph Partners returned Debtors April lease payment in the amount of $17,740.50. Prior to any assignment, this amount must be cured.

16. To assume the Lease Agreement, and in addition to the other requirements of Section 365 of the Bankruptcy Code, the Debtors must cure all existing defaults pursuant to § 365(b)(1)(A) of the Bankruptcy Code: "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A). 18. Telegraph Partners object to assumption and assignment of the Lease Agreement to anyone unless, in conjunction therewith, all monetary defaults are cured under the lease and all other requirements of Section 365 are satisfied. As set forth above, the amount currently due and owing under the lease, excluding attorneys' fees and costs, is $17,740.50.

17. Finally, the Lease Agreement contains provisions pursuant to which the tenant is responsible for payment of CAM and property tax reconciliations for prior lease periods. Here, it is possible that there will be additional CAM and property tax obligations for periods that relate to the pre-assumption period (including for periods that relate to the pre-petition period).

18. Any Order authorizing assumption of the Lease Agreement should require, in addition to payment of all amounts current due under the lease, a requirement that the Assignee be responsible for any reconciled CAM and property tax charges, even if those reconciled charges relate to periods prior to the date of assumption.

| | |
|---|---|
| Dated: July 10, 2023 | Respectfully submitted,<br>/s/ David Graff<br><br>David Graff<br>GRAFF SILVERSTEIN LLP<br>3 Middle Patent Road<br>Armonk, NY 10504<br>Phone: (212)-381-6055<br><br>**Counsel to** *Telegraph Marketplace Partners II, LLC* |