**CIARDI, CIARDI & ASTIN**
Albert A. Ciardi III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
215-557-3550
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

**MURPHY & KING, P.C.**
Kathleen R. Cruickshank (admitted *pro hac vice*)
28 State Street, Suite 3101
Boston, MA 02109
617.423.0400
kcruickshank@murphyking.com

*Attorneys for Rainier Colony Place Acquisitions, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BED BATH AND BEYOND INC., *et.al.*, | ) | Case No. 23-13359 (VFP) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**LIMITED OBJECTION OF RAINIER COLONY PLACE ACQUISITIONS, LLC TO ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL REAL PROPERTY LEASE AND RESERVATION OF RIGHTS**

Rainier Colony Place Acquisitions, LLC ("**Rainier**"), by and through their undersigned counsel, respectfully submits this limited objection and reservation of rights (the "**Limited Objection**") with respect to the *Notice of Assumption of Certain Unexpired Leases* [docket

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc., tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of the Debtor Bed Bath & Beyond Inc's principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

#1157] (the "**Assumption Notice**") filed by the above-captioned debtors in the above-captioned cases (collectively, the "**Debtors**").  In support of this Limited Objection,[2] Rainier respectfully represents:

### Background

1. On April 23, 2023 (the "Petition Date'), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**").

2. As of the date hereof, Rainier (as successor-in-interest to Colony Place Plaza, LLC) is the owner of certain nonresidential real estate commonly known as Colony Place, located at Routes 3 and 44 in Plymouth, Massachusetts (the "**Property**").  Rainier as lessor and the Debtor Bed Bath & Beyond, Inc. ("**BBBY**") as lessee are parties to that certain lease agreement dated as of December 23, 2004 (as amended from time to time, the "**Lease**"), pursuant to which BBBY leases 20,098 square feet of nonresidential real property (the "**Premises**") located at the Property. The Lease is a lease "of real property in a shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

3. On May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [docket no. 422] (the "**Lease Sale Procedures Order**"). Among other things, the Lease Sale Procedures Order approves certain procedures with respect to the Debtors' potential sale of theirleases.

4. On June 13, 2023, the Debtors filed the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [docket # 714] (the "**Potential Assumption**

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Court's order approving bidding procedures [docket #92] (the "**Bidding Procedures Orde**r.")

**Notice**"), in which the Debtors stated the cure cost associated with the assumption of the Lease was $0. On June 23, 2023, Rainer filed the *Limited Objection of Rainier Colony Place Acquisitions, LLC To Notice of Potential Assumption and Assignment of Non-Residential Real Property Lease and Reservation of Rights* [docket no. 932] (the "**First Objection**") in which Rainer asserted that the proposed cure amount for the Lease was at least $4,817.44, and reserved all rights to supplement the asserted cure amount. In the First Objection, Rainier also reserved all rights to object to a potential assignee of the Lease following an auction.

5. On June 19, 2023, the Debtors' conducted an auction (the "**Auction**") with respect to certain of its non-residential real estate leases for which it had received qualifying bids. Thereafter, on June 30, 2023, the Debtors filed the Assumption Notice, which provides that pursuant to the Lease Sale Procedures Order, the Debtors intend to assume and assign the Lease to Burlington Coat Factory Warehouse Corporation ("**Burlington**"). *See,* Assumption Notice, p. 13. On <u>Exhibit A</u> to the Assumption Notice, at number 1044, the Debtors listed the Proposed Cure Amount associated with assumption of the Lease at $0.

## Cure Objection

6. The Debtors' Proposed Cure Amount is incorrect. The actual arrearages (exclusive of attorney's fees) currently owed under the Lease through the date of this Limited Objection is at least $4,817.44.

7. Rainier objects to the Proposed Cure Amount as it does not reflect the correct amount of arrearages under the Lease and does not account for pecuniary losses, reconciliations and other charges or any indemnity obligations under the Lease. Section 365 of the Bankruptcy Code conditions a debtor's assumption of an unexpired lease on the debtor's curing, or proving adequate assurance that the debtor shall promptly cure, all defaults upon assumption. 11 U.S.C. §

365(b)(1)(A); *see also In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("Because the Bankruptcy Code also recognizes the interest of the landlord in realizing the benefit of the bargain struck with the tenant, albeit under brighter financial circumstances, in order to assume the lease, the trustee must cure any remaining defaults under the contract or lease.").

8. In addition to the cure of monetary defaults, Rainier is entitled under section 365(b)(1)(B) of the Bankruptcy Code to be reimbursed for its pecuniary losses in the form of attorney's fees and costs required to be reimbursed under the Lease. Landlord is entitled to be reimbursed for reasonable attorney's fees under Section 16.1.3 of the Lease. *See, e.g., In re Westworld Cmty. Healthcare, Inc.*, 95 B.R. 730, 733 (Bankr.C.D. Cal. 1989) ("attorneys' fees constitute a pecuniary loss resulting from debtors (sic) default pursuant to 11 U.S.C. § 365(b)(1)(B), and such fees must be recompenses by the debtor before it may assume its lease"); *In re Child World, Inc.* 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1991) ("section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties"). The Debtors' defaults under the Lease, as well as the actions taken by the Debtors in these cases, have caused Rainier to incur pecuniary losses in the form of reasonable attorney's fees and expenses. The terms of the Lease and Section 365(b)(1)(B) of the Bankruptcy Code require the Debtors to reimburse Rainier for such reasonable attorneys' fees and expenses owed.

9. In addition, Rainier is entitled to payment of any amounts that are billed or become due under the Lease after the date hereof including, without limitation, any year end additional rent true-up amounts and other reconciliations that may later be billed by Rainier and shall be payable by the Debtors or their assignee under the Lease (the "**Lease Reconciliations**.") Any order approving the assumption and assignment of the Lease should require Burlington to be liable to any and all Lease Reconciliations as, and when, they become due and payable under the Lease,

regardless of when such rent or other charges initially accrued under the Lease.

## Adequate Assurance Objection

10. Rainer is entitled to adequate assurance of future performance by Burlington pursuant to Bankruptcy Code section 365(f)(2)(B). Moreover, as the Premises are located in a shopping center, the assignee must satisfy the provisions of Bankruptcy Code section 365(b)(3), which requires adequate assurance:

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11. Rainier yesterday received financial information about Burlington from counsel to the Debtors and has not had a sufficient opportunity to determine these documents provide adequate assurance of Burlington's future performance under the Lease.

12. Further, Rainier (as successor to Colony Place Plaza, LLC) as lessor and The TJX Companies, Inc. ("**TJX**") as lessee are parties to that certain Lease Agreement dated as of December 10, 2018 (as amended from time to time, the "**TJX Lease**"), pursuant to which TJX leases certain nonresidential real property located at the Property.

13. The Debtors' assumption and assignment of the Lease to Burlington may cause Rainier to be in violation of the exclusivity provisions of the TJX Lease (the "**Exclusivity**

**Provisions**") set forth in Schedule B, Section 4(A)-(C), which provides TJX with certain exclusivity rights, and among other things, expressly prohibits Burlington from becoming a tenant at the Property. If the Lease is assigned to Burlington, TJX may have the right to terminate the TJX Lease, causing Rainier to be harmed by the loss of a valuable tenant. The Exclusivity Provisions provide, in relevant part, as follows:

> Landlord agrees that, from the date hereof until expiration of the term of this lease subject to existing leases which so permit or do not prohibit, no other premises in the Shopping Center shall at any time contain more than: fifteen thousand (15,000) square feet of floor area therein used or occupied for, or devoted to, the sale or display of off-priced apparel and related accessories; (all of the foregoing hereinafter described as the "**Exclusive Use**" and the merchandise referred to therein as the "**Protected Merchandise**"). The computation of such floor area shall include one half (1/2) of all floor area in any aisles, corridors or similar spaces adjacent to or abutting any racks, gondolas, shelves, cabinets, counters or other fixtures or equipment containing or used for the sale or display of the Protected Merchandise. For the purposes of clarity, the above Exclusive Use Provision is intended to preclude off-price apparel retailers (such as, without being limited to, Ross Dress for Less, Nordstrom Rack, Saks Off-Fifth and Burlington Coat) but is not intended to preclude value-priced apparel retailers (such as Old Navy, Lane Bryant and Forever 21 and H&M), outlet stores (such as LL Bean outlet, Gap Outlet, and NY & Co Outlet) or national department stores (such as Kohls, Target, Macy's and JC Penny).

14. Pursuant to Bankruptcy Code section 365(b)(3)(C), the Debtors may not assume and assign the Lease to Burlington unless Burlington obtains a waiver of the Exclusivity Provisions from TJX.

15. Further, pursuant to Bankruptcy Code Section 365(b)(3)(D), the Debtors have not provided adequate assurance that the assignment will not disrupt any tenant mix or balance of the shopping center that includes the Premises.

### Reservation of Rights

16. Rainier reserves all rights to amend, modify and/or supplement this Limited Objection, including with respect to the proposed assumption and assignment of the Lease, the lease sale processes, Rainier's asserted cure amount, and the adequacy of any future performance

under the provisions of Section 365(b)(3) provided by Burlington, any back up bidder, or any future bidder.

**WHEREFORE,** Rainier respectfully requests that the Court (a) sustain the Limited Objection; (b) condition the Debtors' assumption and assignment of the Lease to Burlington upon: (i) payment to Rainier of its asserted cure amounts as set forth herein, as well as any additional amounts which have accrued under the Lease prior to the date upon which the Lease may be assumed and assigned to Burlington; and (ii) the provision of adequate assurance of future performance to Rainier, including without limitation, Burlington's procurement of a waiver from TJX with respect to the Exclusivity Provisions, and such additional adequate assurance as required by Bankruptcy Code section 365(b)(3); and (c) grant such other relief as is just and proper.

Dated: July 11, 2023

**CIARDI, CIARDI & ASTIN**

By: */s/Nicole M. Nigrelli*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
Telephone: 215-557-3550
aciardi@cierdilaw.com
nnigrelli@ciardilaw.com

-and-

**MURPHY & KING, PROFESSIONAL CORPORATION**
Kathleen R. Cruickshank (*admitted pro hac vice*)
28 State Street, Suite 3101
Boston, Massachusetts 02109
Tel:  (617) 423-0400
Email: kcruickshank@murphyking.com

*Counsel to Rainier Colony Place Acquisitions, LLC*