Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq.
Connie Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  212-808-7800
Fax: 212-808-7897

Email:  rlehane@kelleydrye.com
       jraviele@kelleydrye.com
       cchoe@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: 973-503-5900

*Counsel for Landlord, Edison TOCA001 LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BED BATH & BEYOND, INC., *et al.,* | : | Case No. 23-13359 (VFP) |
| | : | |
| Debtors | : | (Jointly Administered) |

---------------------------------------------------------------x

**OBJECTION OF LANDLORD, EDISON TOCA001 LLC TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ASSUME AND ASSIGN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASE FOR STORE NO. 3076**

      Edison TOCA001 LLC ("Landlord "), landlord to debtor Bed Bath & Beyond, Inc. (the "Debtor) with respect to retail premises located at 3700 West Torrance Boulevard in Torrance, California (the "Leased Premises"), submits this objection (this "Objection") to the proposed assumption and assignment of the unexpired lease of nonresidential real property of Debtors' Store No. 3076 (the "Lease"), to A&M Properties, Inc. ("A&M" or the "Proposed Assignee") pursuant to the Notice of Assumption of Certain Unexpired Leases [Docket No. 1157] (the

1

4871-9703-2814v.6

"Assignment Notice"), and the Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 714] (the "Cure Notice"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Debtors may not assign the Lease to A&M. The Debtors and A&M cannot satisfy their burden under Bankruptcy Code section 365 because A&M, the proposed assignee, is a developer and does not have any proposed tenant for the premises. Additionally, the Debtors have failed to provide: (a) adequate assurance that A&M will (i) cure all defaults, (ii) compensate Landlord for its losses caused by such defaults, or (iii) be able to perform all obligations required under the lease, or (b) any indication of A&M's intended use for the property.

**BACKGROUND**

1. On April 23, 2023, the above-captioned Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and Debtors are currently operating their businesses as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' Chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

2. On or about December 20, 2019, Landlord and debtor Bed Bath & Beyond, Inc. (the "Tenant") entered into the Lease for the Leased Premises. The Leased Premises have been designated by Tenant as its store No. 3076.

3. This is a traditional triple net lease. The Tenant is responsible for monthly rent and charges under the Lease in the amount of $49,299.38 for total annual rent relating to the

2

Leased Premises in the amount of $591,593, in addition to paying all utility charges, real estate taxes, and all other sums relating to the Leased Premises.

4. On May 3, 2023, Debtors filed their motion to establish procedures for the sale of leases, which was granted by order on May 22, 2023 (the "Sale Procedures Order"). Pursuant to the Sale Procedures Order, on June 30, 2023, the Debtors filed the Assignment Notice indicating the Debtors' intent to assume and assign to assignee A&M Properties, Inc. ("A&M"). The only information about A&M received to date is that A&M has over 40 years' experience in real estate development and an investment account statement of its principal.

**OBJECTION**

**I. THE PROPOSED CURE AMOUNT IS INCORRECT**

5. Landlord disputes the cure amount of $0 proposed by the Debtors in the Cure Notice. The correct amount outstanding under the Lease, including an estimate of attorney's fees incurred to date, is $41,450.00 (the "Cure Amount").

6. Prior to assumption and assignment, the Debtors are required to cure all outstanding defaults under the Lease pursuant to section 365(b)(1) of the Bankruptcy Code. Under a triple net lease (such as the Lease), a tenant must pay for property taxes, insurance costs, and maintenance expenses in addition to rent. Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, as well as monthly payment of real estate taxes, utility charges, and any other amounts, sums, charges, liabilities and obligations which the Tenant assumes or agrees to pay. The Tenant has not satisfied all of the obligations of the Lease, which must be resolved via cure.

7. Moreover, prior to assumption and assignment, the Debtors must also compensate Landlord for any actual pecuniary losses under the Lease. *See* 11 U.S.C.

3

§365(b)(1)(B). As part of their pecuniary losses, Landlord is entitled to attorneys' fees in connection with the Debtors' defaults under the Lease. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Mid Am. Oil, Inc.*, 255 B.R. 839, 841 (Bankr. M.D. Tenn. 2000); *In re Crown Books Corp.*, 269 B.R. 12, 19 (Bankr. D. Del. 2001).

8. To the extent that rent, attorney's fees, interest, or other charges continue to accrue, and/or Landlord suffers other pecuniary losses with respect to the Lease, the Landlord reserves the right to amend the Cure Amount to reflect such additional amounts or to account for year-end adjustments (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease. As such, the Debtors or their assignee(s) must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts are or were incurred. During the Bankruptcy case, there have been numerous complaints regarding the Debtors' failure to properly maintain the Leased Premises as required by the Lease and local ordinances and zoning requirements. These non-monetary defaults must also be cured in connection with the assumption and assignment of the Lease.

## II. DEBTORS MUST DEMONSTRATE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE IN ORDER TO ASSUME AND ASSIGN THE LEASE

9. The Debtor bears the burden of providing a landlord with adequate assurance of future performance of the prompt cure of all defaults and compensation to the landlord for any pecuniary loss in connection with such assumption. 11 U.S.C. § 365(b)(1)(C). Section 365(f)(2)(B) provides that a trustee or debtor-in-possession may assign an unexpired nonresidential lease only if "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." *See In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 370 (Bankr. D. Del. 1999).

10. While adequate assurance of future performance is not defined in the Bankruptcy Code, several courts have looked to the legislative history for guidance and have concluded that "the term was intended to be given a practical, pragmatic construction" in light of the facts of each case. *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009). The emphasis is on protection of the lessor, and the intention "is to afford landlord with a measure of protection from having to be saddled with a debtor that may continue to default and return to bankruptcy." *In re Natco Industries, Inc.*, 54 B.R. 436, 441 (Bankr. S.D.N.Y. 1985). By implication, Bankruptcy Code section 365 operates to remove doubts entertained by a lessor concerning the status of his lease with the bankruptcy estate. *See In re Standard Furniture Co.*, 3 B.R. 527, 530 (Bankr. S.D. Cal. 1980).

11. The initial burden of presentation as to adequate assurance falls upon Debtors. *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989). The Sea Harvest court rejected the debtor's bald statement that it "recognizes the ongoing obligation to maintain such Leases and pay all obligations with regard thereto," stating that Sea Harvest's empty declaration does not provide the compensation and assurances required by section 365(b)(1)." *Sea Harvest*, supra, 868 F.2d at 1080.

12. Consistent with the legislative purpose, the Debtor bears the burden of proof to demonstrate the proposed assignee's ability to provide the landlord with adequate assurance of future performance. *See In re TSW Stores of Nanuet, Inc., 34 B.R. 299, 308 (Bankr. S.D.N.Y, 1983)*; *see also In re Federated Dept. Stores, Inc., 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991).*

13. Adequate assurance requires a foundation that is nonspeculative and sufficiently substantive so as to assure that a landlord will receive the bargained-for performance.

4871-9703-2814v.6

*In re World Skating Center, Inc.,* 100 B.R. 147, 148-149 (Bankr. D.Conn. 1989). Indeed, courts have required a *specific factual showing* through competent evidence to determine whether adequate assurance of future performance has been provided. *See, e.g., Matter of Haute Cuisine, Inc.,* 58 B.R. 390, 393-394 (Bankr. M.D. Fla. 1986); *In the Matter of CM Systems, Inc.,* 64 B.R. 363, 364-365 (Bankr. M.D. Fla. 1986).

14. In addition to the monetary obligations that either Debtors or any proposed assignee must satisfy under section 365 of the Bankruptcy Code, the Lease provides that the Tenant must indemnify and hold Landlord "harmless against all liabilities, obligations, claims, damages, penalties, causes of action, losses, reasonable actual out-of-pocket fees and court costs" arising from, among other things, Tenant's use of the Leased Premises or breach of any provision of the Lease. *See* Lease at section 20(a). There is no exclusion or limitation on such indemnification with regard to events or incidents that may have occurred prior to any assignment, but which are not made known to Landlord, the Debtors or any assignee until after the assignment.

15. Accordingly, in order to cure possible pre-assignment non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Lease, either (a) A&M must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in the assignment agreement, or (b) the Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the

Leased Premises where the Landlord is joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

### III. ADDITIONAL SECURITY FOR PERFORMANCE OF LEASE OBLIGATIONS

16. Section 365(l) of the Bankruptcy provides, in the pertinent part:

If an unexpired lease under which the debtor is lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

17. In the ordinary course of their business, the Landlord requires security in the form of deposits, personal guaranties or letters of credit when leasing to certain companies based on their financial situation, corporate structure or balance sheet. In connection with the proposed assumption and assignment of the Lease, the Landlord would demand such security in one of the forms required by section 365(l) of the Bankruptcy Code, but in the absence of adequate information about the proposed identity and intended use of the Leased Premises, cannot make any determination as to the amount and type of the required security.

### RESERVATION OF RIGHTS

Landlord reserves the right to make such other and further objections as may be appropriate based upon any new information provided by Debtors or the proposed assignee or upon any different relief requested by Debtors, or as may be developed through formal or informal discovery.

4871-9703-2814v.6

## CONCLUSION

Because Debtors have failed to sustain their burden of demonstrating adequate assurance of future performance with respect to the proposed assignment of the Lease, the assignment of the Lease for the Leased Premises, as proposed, should be denied.

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order denying the proposed assignment of the Lease to A&M unless the Debtors and the Proposed Assignee provide Landlord with adequate assurance of prompt cure of all defaults and future performance consistent with this Objection.

Dated: July 12, 2023

Respectfully submitted,

/s/ Robert L. LeHane
Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq.
Connie Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: 212-808-7800
Fax: 212-808-7897
Email: rlehane@kelleydrye.com
jraviele@kelleydrye.com
cchoe@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: 973-503-5900

*Counsel for Landlord, Edison TOCA001 LLC*

4871-9703-2814v.6