Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq.
Connie Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  212-808-7800
Fax: 212-808-7897

Email:  rlehane@kelleydrye.com
  jraviele@kelleydrye.com
  cchoe@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: 973-503-5900

*Counsel for Landlords, EDISON BRMA 001 LLC and EDISON FLFL001 LLC*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BED BATH & BEYOND, INC., *et al.*, | : | Case No. 23-13359 (VFP) |
| | : | |
| Debtors | : | (Jointly Administered) |

---------------------------------------------------------------x

**LIMITED OBJECTION OF EDISON BRMA OO1 LLC AND EDISON FLFL001 LLC
TO MOTION FOR ORDER AUTHORIZING DEBTORS TO ASSUME
AND ASSIGN LEASES FOR STORE NOS. 149 AND 454**

EDISON BRMA 001 LLC and EDISON FLFL001 LLC (each a "Landlord" and collectively, the "Landlords"), landlords to debtor Bed Bath & Beyond, Inc. with respect to retail premises located at 400 Grossman Dr., Braintree, MA and 2701 N. Federal Highway, Fort Lauderdale, FL, respectively, submit this limited objection (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of Certain Unexpired Leases Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving Assumption and Assignment of*

1

4890-4699-9408v.1

*Certain Unexpired Leases; and (III) Granting Related Relief* (the "Assignment Motion")[1], and the Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases (the "Cure Notice")[2] and respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The Landlords are not opposed to the relief requested in the Assignment Motion, but submit this Limited Objection to address several issues that remain unresolved as of the date of this filing. First, the Assignment Motion fails to adequately provide for cure of existing defaults under the subject Leases (defined below), compensate the Landlords for any pecuniary losses, including reasonable attorneys' fees, and cure or provide adequate assurance that they will cure all non-monetary defaults under the Leases.

2. Second, the Debtors have failed to meet their burden of demonstrating adequate assurance of future performance as required by Bankruptcy Code section 365(b)(3). Among other issues, as part of adequate assurance of future performance, the Debtors must satisfy any Adjustment Amounts (as defined below) which have not yet been billed or have not yet become due under the terms of the Leases. The Debtors must also (i) comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which occurred before assumption, but which were not known to the Landlord as of the date of the assumption, and (ii) continue to timely pay all rent, additional rent, and percentage rent due under the Leases until the Leases is assumed and assigned pursuant to section 365(d)(3) of the Bankruptcy Code.

---

[1] Docket No. 644. Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Motion.

[2] Docket No. 714.

2

4890-4699-9408v.1

3. The Landlords are in discussions with the Proposed Assignee and the Debtors and would prefer to resolve these issues consensually, but file this Limited Objection in case the parties are unable to reach agreement.

## BACKGROUND

4. On April 23, 2023, the above-captioned Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. No trustee has been appointed and Debtors are currently operating their businesses as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' Chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

6. The Debtors lease retail space from the Landlords pursuant to written leases (the "Leases") for certain retail space designated by the Debtors as Stores No. 149 and 454 (the "Leased Premises") at commercial shopping centers located at 400 Grossman Dr., Braintree, MA and 2701 N. Federal Highway, Fort Lauderdale, FL, respectively. The Leased Premises are each located in a "shopping center," as that term is used in section 365(b)(3) of the Bankruptcy Code. *See*, *e.g.*, *In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

7. On May 3, 2023, Debtors filed their motion to establish procedures for the sale of leases, which was granted by order on May 22, 2023 (the "Sale Procedures Order"). Pursuant to the Sale Procedures Order, on June 30, 2023, the Debtors filed the Notice of Assumption of Certain Unexpired Leases [Docket No. 1157] (the "Assignment Notice"). Exhibit B to the Assignment Notice identifies the Leases for assumption and assignment to Burlington Coat Factory Warehouse Corporation ("Burlington").

**OBJECTION**

**I.    THE CURE AMOUNTS PROPOSED BY THE DEBTORS ARE INCORRECT**

8. The Landlords dispute the cure amounts proposed by the Debtors in the Cure Notice. The correct amounts outstanding under the Leases, including an estimate of attorney's fees incurred to date, are as follows (the "Landlord Cure Amounts"):

| Store No. | Location | Landlord | Landlord Cure Amount |
|---|---|---|---|
| 149 | Braintree, MA | EDISON BRMA001 LLC | $24,500 |
| 454 | Fort Lauderdale, FL | BBB FT. LAUDERDALE LLC | $24,500 |

9. Prior to assumption and assignment, the Debtors are required to cure all outstanding defaults under the Leases pursuant to section 365(b)(1) of the Bankruptcy Code. Pursuant to the Leases, the Debtors are obligated to pay regular installments of fixed monthly rent, as well as monthly payment of real estate taxes, utility charges, and any other amounts, sums, charges, liabilities and obligations which the Tenant assumes or agrees to pay.[3]

10. Moreover, prior to assumption and assignment, the Debtors must also compensate the Landlords for any actual pecuniary losses under the Lease. *See* 11 U.S.C. §365(b)(1)(B). As part of their pecuniary losses, the Landlords is entitled to attorneys' fees in connection with the Debtors' defaults under the Leases. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Mid Am. Oil, Inc.*, 255 B.R. 839, 841 (Bankr. M.D. Tenn. 2000); *In re Crown Books Corp.*, 269 B.R. 12, 19 (Bankr. D. Del. 2001).

11. To the extent that rent, attorney's fees, interest, or other charges continue to accrue, and/or the Landlords suffers other pecuniary losses with respect to the Leases, the

---

[3] Leases at §5(b).

Landlords reserves the right to amend the Landlord Cure Amounts to reflect such additional amounts or to account for year-end adjustments (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease. As such, the Debtors or their assignee(s) must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Leases, regardless of when such Adjustment Amounts are or were incurred.

## II. DEBTORS MUST PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE TO ASSUME AND ASSIGN THE LEASES

12. Adequate assurance of future performance and prompt cure of defaults are both required in connection with the assumption and assignment of real property leases. 11 U.S.C. § 365(b)(1)(C). Section 365(f)(2)(B) provides that a trustee or debtor-in-possession may assign an unexpired nonresidential lease only if "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." *See In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 370 (Bankr. D. Del. 1999).

13. While adequate assurance of future performance is not defined in the Bankruptcy Code, several courts have looked to the legislative history for guidance and have concluded that "the term was intended to be given a practical, pragmatic construction" in light of the facts of each case. *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009). The emphasis is on protection of the lessor, and the intention "is to afford landlord with a measure of protection from having to be saddled with a debtor that may continue to default and return to bankruptcy." *In re Natco Industries, Inc.*, 54 B.R. 436, 441 (Bankr. S.D.N.Y. 1985). By implication, Bankruptcy Code section 365 operates to remove doubts entertained by a lessor concerning the

4890-4699-9408v.1

status of his lease with the bankruptcy estate. *See In re Standard Furniture Co.*, 3 B.R. 527, 530 (Bankr. S.D. Cal. 1980).

14. The initial burden of presentation as to adequate assurance falls upon Debtors. *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989). The Sea Harvest court rejected the debtor's bald statement that it "recognizes the ongoing obligation to maintain such Leases and pay all obligations with regard thereto," stating that Sea Harvest's empty declaration does not provide the compensation and assurances required by section 365(b)(1)." *Sea Harvest*, supra, 868 F.2d at 1080.

15. It is well-established that "[t]he Bankruptcy Code imposes heightened restrictions on the assumption and assignment of leases of shopping centers." *In re Serv. Merch. Co., Inc.*, 297 B.R. 675, 681 (Bankr. M.D. Tenn. 2002), aff'd sub nom. *Ramco-Gershenson Properties, L.P. v. Serv. Merch. Co.*, 293 B.R. 169 (M.D. Tenn. 2003). Bankruptcy Code section 365(b)(3), added as part of the so-called 1984 "Shopping Center Amendments" to the Bankruptcy Code, provides that adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance.

    (A)    of the source of rent and other consideration due under such lease, and in the case of an assignment, *that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease*;

    (B)    that any percentage rent due under such lease will not decline substantially;

    (C)    that *assumption or assignment of such lease is subject to all the provisions thereof, including* (but not limited to) provisions such as a radius, location, *use, or exclusivity provision*, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

  (D)  that assumption or assignment of such lease will *not disrupt any tenant mix or balance* in such shopping center.

(Emphasis added.)

16. Before 1984, sections 365(b)(3)(C) and (D) of the Bankruptcy Code provided that an assignment of a shopping center lease must not "substantially" breach any use or exclusivity provision or "substantially" disrupt any tenant mix or balance in a shopping center. In 1984, however, the legislature approved amendments to section 365 of the Bankruptcy Code to afford further protection for landlords and tenants in shopping centers. *Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353*. Among these protections was the deletion of the word "substantially" from section 365(b)(3) of the Bankruptcy Code.

17. Consistent with the legislative purpose, the debtor bears the burden of proof to demonstrate the proposed assignee's ability to provide the landlord with adequate assurance of future performance. *See In re TSW Stores of Nanuet, Inc., 34 B.R. 299, 308 (Bankr. S.D.N.Y, 1983)*; *see also In re Federated Dept. Stores, Inc., 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991)*.

18. Adequate assurance requires a foundation that is nonspeculative and sufficiently substantive so as to assure that a landlord will receive the bargained-for performance. *In re World Skating Center, Inc.,* 100 B.R. 147, 148-149 (Bankr. D.Conn. 1989). Indeed, courts have required a *specific factual showing* through competent evidence to determine whether adequate assurance of future performance has been provided. *See, e.g., Matter of Haute Cuisine, Inc.,* 58 B.R. 390, 393-394 (Bankr. M.D. Fla. 1986); *In the Matter of CM Systems, Inc.,* 64 B.R. 363, 364-365 (Bankr. M.D. Fla. 1986).

4890-4699-9408v.1

### A. <u>Debtors Must Provide for Payment of All Accrued but not yet Billed Amounts</u>

19. Bankruptcy Code section 365(b)(3)(C) provides that the assumption and assignment of a shopping center lease "is subject to all the provisions thereof…"  As with most modern shopping center leases, section 5(b) of the Lease provides for monthly payment of real estate taxes, utility charges, and any other amounts, sums, charges, liabilities and obligations which the Tenant assumes or agrees to pay.

20. In order to satisfy the adequate assurance requirements of Bankruptcy Code section 365(b)(1)(C), and ensure that the assumption of the Leases "is subject to all the provisions thereof…" (11 U.S.C. § 365(b)(3)(C)), either Debtors must make arrangement for such payment by establishment of a segregated, reserve account for that purpose or the proposed assignee must have responsibility for such as yet unbilled obligations (and, conversely, receive the benefit of any credits).

21. As the bankruptcy court noted in *In re Washington Capital Aviation & Leasing, supra*, 156 B.R. at 175 fn.3:

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment."  A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty.  See Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")).  While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise.  Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

4890-4699-9408v.1

22.  *See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3rd Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach.")

23.  As a matter of law, however, the Debtors are not entitled to the benefits and protections of Section 365(k) where the debtor does not assume and assign the lease *cum onere* – with all benefits and burdens. *American Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76 (3d Cir. 1999).[4] In particular, where an agreement between the debtor and assignee attempts to limit the obligations assumed by the assignee only to obligations arising after the closing, there has not been a complete assignment and the debtor is not entitled to the protections of Section 365(k). *Id.* at 81.

24.  For these reasons, in order to provide adequate assurance of future performance, either Burlington or the Debtors must be responsible for all accrued but not yet billed amounts under the Lease, including amounts for real estate taxes, common area maintenance, and insurance.

B. **Debtors Must Provide Adequate Assurance of Indemnification Obligations**

25.  In addition to the monetary obligations that either Debtors or any proposed assignee must satisfy under section 365 of the Bankruptcy Code, the Leases provide that the Tenant must indemnify and hold the Landlords "harmless against all liabilities, obligations, claims, damages, penalties, causes of action, losses, reasonable actual out-of-pocket fees and

---

[4] Bankruptcy Code section 365(f) requires a debtor to assume (and assign) a contract subject to all benefits and burdens thereunder. *See, e.g., In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3rd Cir. 2007). In this regard, to the extent Debtors seek to assign the Lease under Bankruptcy Code section 363(f) "free and clear" of the recorded conditions and restrictions that are part of the Lease (Exhibit N), such relief is contrary to Bankruptcy Code section 365(b)(3)(C) and (f).

9

court costs" arising from, among other things, Tenant's use of the Leased Premises or breach of any provision of the Lease. *See* Leases at section 20(a). There is no exclusion or limitation on such indemnification with regard to events or incidents that may have occurred prior to any assignment, but which are not made known to the Landlords, the Debtors or any assignee until after the assignment.

26. Accordingly, in order to cure possible pre-assignment non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) Burlington must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in the assignment agreement, or (b) the Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the Landlords are joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

### III. DEMAND FOR ADDITIONAL SECURITY

27. Section 365(l) of the Bankruptcy provides, in the pertinent part:

> If an unexpired lease under which the debtor is lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

28. In the ordinary course of their business, the Landlords may require security deposits or guaranties when leasing (or assessing an assignment of a lease) to certain

10

companies based on their financial information and history of the proposed assignee and reserve the right to require such security in one of the forms required by section 365(l) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

The Landlords reserve the right to make such other and further objections as may be appropriate based upon any new information provided by Debtors or the proposed assignee or upon any different relief requested by Debtors, or as may be developed through formal or informal discovery.

**WHEREFORE**, the Landlords request that the Court enter an order approving the assignment of the Leases, conditioned on the applicable Order requiring cure of all defaults under the Leases and provision of adequate assurance of future performance.

4890-4699-9408v.1

Dated: July 12, 2023

Respectfully submitted,

/s/ Robert L. LeHane
Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq.
Connie Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  212-808-7800
Fax: 212-808-7897
Email:  rlehane@kelleydrye.com
jraviele@kelleydrye.com
cchoe@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: 973-503-5900

*Counsel for Landlords, EDISON BRMA 001 LLC and EDISON FLFL001 LLC*