**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) AUTHORIZING AND ESTABLISHING**
**PROCEDURES FOR THE COMPROMISE AND SETTLEMENT**
**OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER**
**OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE NOTICE** that on July 24, 2023, at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, shall move (the "Motion") before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, in Courtroom 3B of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, (a) authorizing and approving the Settlement Procedures (as defined in the Motion) to allow the Debtors to compromise and settle De Minimis Claims (as defined in the Motion); and (b) approving the proposed form and manner of notice that will be provided to affected creditors.

**PLEASE TAKE FURTHER NOTICE** that, in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and

the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/bbby.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated:  July 13, 2023

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com


*Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# DEBTORS' MOTION FOR ENTRY OF
## AN ORDER (I) AUTHORIZING AND ESTABLISHING
## PROCEDURES FOR THE COMPROMISE AND SETTLEMENT
## OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER
## OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing and approving the procedures outlined below (the "Settlement Procedures") to allow the Debtors to compromise and settle both prepetition and postpetition claims, cross-claims, litigation, and causes of action, including but not limited to, prepetition claims threatened or actions brought by various parties (each a "Claimant," and collectively, the "Claimants") against one or more of the Debtors or their estates in judicial, administrative, or other actions or proceedings (collectively, the "De Minimis Claims"); (b) approving the proposed form and manner of notice that will be provided to affected creditors (the "Settlement Notice"), substantially in the form attached as Exhibit 1 to the Order and incorporated herein by reference; and (c) granting related relief.[2]

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a

---

[2]   Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration"). A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013–1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules")

### Background

5.      The Debtors are the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more.  In addition to their e-commerce website, the Debtors offer merchandise through their Bed Bath & Beyond stores and their buybuy BABY stores with locations across North America.  Headquartered in Union, New Jersey, Bed Bath & Beyond Inc. is a publicly traded company that, as of the Petition Date, employed approximately 14,000 non-seasonal employees.

6.      The Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these cases, the Debtors immediately commenced an orderly and value-maximizing wind down of their business, while marketing a sale of all or part of their business on a timeline consented to by their prepetition and DIP lenders.

7.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2023, the Court entered an order [Docket No. 75] authorizing

procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On May 5, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 218].

**The De Minimis Claims Settlement Procedures**

8.      Prior to the commencement of these cases, the Debtors maintained, in the ordinary course of business, books and records that reflected, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors.

9.      In the course of the Debtors' business operations, disputes arise between the Debtors and other parties concerning a variety of matters. These disputes include, but are not limited to, tort claims, landlord disputes, employment-related disputes, and claims regarding accounts receivable and payable with parties doing business with the Debtors. Before the commencement of these cases, the Debtors, in the ordinary course of their businesses, typically investigated, evaluated, and attempted to resolve such disputes. The Debtors propose to implement certain guidelines and Settlement Procedures as set forth in the Order with respect to the compromise and settlement of the De Minimis Claims asserted against the Debtors and, if applicable, any related cross-claims held by the Debtors.

10.      Absent the relief requested in this Motion, the Debtors would be required to seek Court approval to settle and compromise each individual De Minimis Claim. Filing individual pleadings, sending notice of each proposed settlement to every creditor and party entitled to receive notice in these cases, and holding individual hearings would be an expensive, cumbersome, and highly inefficient way to resolve the De Minimis Claims.

4

11.     Accordingly, the Debtors propose to implement certain guidelines and Settlement Procedures with respect to the compromise and settlement of the De Minimis Claims asserted against the Debtors and, if applicable, any related cross-claims held by the Debtors (each a "Settlement").  If the Settlement Procedures are approved, the Debtors' bankruptcy estates will be spared significant expense and delay attendant to resolving De Minimis Claims.  Moreover, the Settlement Procedures will preserve an oversight function for key parties in interest to monitor and receive notice of certain settlement agreements.

12.     The Debtors propose the following Settlement Procedures[3] applicable to De Minimis Claims:

a.     No Settlement will be effective unless it is executed by an authorized representative of the Debtors;

b.     A full release of the Debtors and/or the settling party may be included in the Settlement;

c.     With regard to any Settlement in an amount equal to or less than $50,000 for:  (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

i.     The affected Debtor or Debtors are authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

---

[3]     This section of the Motion is intended as a summary of the Settlement Procedures set forth in the Order.  Parties are strongly encouraged to review the Order in its entirety.  In the event there is a discrepancy between the Motion and the Order, the Order shall control in all respects.

    ii.    Such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it or its estate without notice by such Debtor to any third party or further action by this Court.

d.    With regard to any Settlement that is in an amount greater than $50,000 but does not exceed $1 million, for:  (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

    i.    A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue, subject only to the noticing and objection procedures set forth herein.

    ii.    Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to:  (i) the U.S. Trustee for the District of New Jersey, (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Committee), (iii) the agents under the Debtors' prepetition secured facilities and counsel thereto, (iv) the DIP Agent and counsel thereto, (v) any party to the Settlement; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party" and collectively, the "Notice Parties").

    iii.    Such notice will be in substantially the form of the settlement notice attached hereto as Exhibit 1 to **Exhibit A** (the "Settlement Notice") and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

    iv.    The Notice Parties may object to a proposed Settlement by filing such objection with the Court by no later than 5:00 p.m., prevailing Eastern Time, seven (7) calendar days after delivery of a Settlement Notice ("the Objection Deadline"), and serving such objection on: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue,

Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos.

v.      The Notice Parties may request additional time or additional information to evaluate the proposed Settlement in writing by no later than the Objection Deadline and serve such request on counsel to the Debtors. If a Notice Party provides a written request to counsel for the Debtors for additional information or additional time to evaluate the proposed Settlement, then the Objection Deadline with respect to such Notice Party shall be (i) in the case of a request for additional time, five (5) days after the initial Objection Deadline, or (ii) in the case of a request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may make only one request for additional time per Settlement Notice, unless otherwise agreed to by the Debtors in their sole discretion.

vi.     If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vii.    If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

viii.   Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any

subsequent hearing, without filing a separate motion or other pleading.

ix.    All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

e.    Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

f.    On a monthly basis, beginning 30 days after entry of an Order granting this Motion, the Debtors will provide to the Notice Parties a report of all Settlements that the Debtors entered into during the previous month pursuant to the Settlement Procedures.  Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which such De Minimis Claims were settled.

g.    With respect to any and all De Minimis Claims asserted *by* the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought *by* the Debtors against a non-Debtor third party:

i.    A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim(s) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

ii.    Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days' advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to the Notice Parties.

iii.    Such notice will be in substantially the form of the Settlement Notice and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iv.  The Notice Parties may object to a proposed Settlement by filing such objection with the Court by the Objection Deadline and serving such objection on:  (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn:  David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn:  Robert J. Feinstein,  Bradford  J.  Sandler,  Paul J. Labov,  and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn:  Fran Steele, John Schanne, and Alexandria Nikolinos.

v.  If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vi.  If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

vii.  Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

viii.  All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

13.  Nothing in the Settlement Procedures is intended or should be construed to alter any requirements under the Debtors' insurance policies.

9

14.     Additionally, the Debtors will provide written notice to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' authorized claims and noticing agent, with respect to any proofs of claim filed in these Chapter 11 Cases that are settled pursuant to these Settlement Procedures.  If applicable, Kroll will be authorized and directed to amend the claims register to reflect the applicable Settlement without further order of the Court.

15.     The Settlement Procedures are designed to afford parties a reasonable period of time to review a Settlement.  Under the Settlement Procedures, parties in interest will have up to twelve (12) days to review a Settlement (if such party makes a request for an additional five (5) calendar days).   Under the Local Rules, an adverse party would typically have seven (7) calendar days to object to a proposed consent order.  *See* D.N.J. LBR 9012–1.  But, with respect to such parties, the applicable Notice Period will actually be five (5) calendar days longer than provided for under Local Rules.

16.     The Settlement Procedures provide the Debtors and their estates a significant cost savings benefit by obviating the need to file a separate motion to approve each Settlement with service on all creditors.  Likewise, as set forth more fully below, excepting relatively low-cost Settlements from notice requirements ensures that the Debtors will be able to reach the greatest number of low-cost Settlements—which have a comparatively minor impact on the Debtors' bankruptcy estates—in an expeditious and cost-effective manner.

### Basis for Relief

## I.    The Settlement Procedures are Fair and Reasonable.

17.     In evaluating whether to approve the Settlement Procedures, this Court's analysis is guided by Bankruptcy Code sections 105 and 363, as well as Bankruptcy Rule 9019(b). Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a).  Under Bankruptcy Code section 363, a bankruptcy court is empowered to authorize a chapter 11 debtor to expend funds, with court approval, outside the ordinary course of business.  *See* 11 U.S.C. § 363.  In order to obtain approval for the use of estate assets outside the ordinary course of business, the debtor must articulate a valid business justification for the requested use.  *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1985).

18.    Likewise, pursuant to Bankruptcy Rule 9019(b), the Court is empowered to approve procedures for the settlement of classes of controversy by a debtor in possession.  Specifically, "[a]fter a hearing . . . the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice."  Fed. R. Bankr. P. 9019(b).  The rule merely requires that the proposed procedures be reasonable.  *See In re Check Reporting Service, Inc.*, 137 B.R. 653, 658 (Bankr. W.D. Mich. 1992).

19.    Here, these standards have been satisfied because the Settlement Procedures are fair and reasonable based on the size and complexity of the Debtors' Chapter 11 Cases, as well as the types of disputes the Debtors seek to resolve.  The Debtors' proposed Settlement Procedures will streamline the claims' resolution process, thereby eliminating unnecessary expenditures of time and money with respect to the De Minimis Claims.

20.    Moreover, approval of the Settlement Procedures is in the best interest of the Debtors and their estates and will not unduly prejudice the rights of creditors or other parties in interest.  As set forth above, with respect to Settlements over $50,000, the Settlement Procedures do not materially alter the deadline by which a party in interest would be required to object to a Settlement under the Case Management Order.  In addition, being required to obtain separate Court approval to resolve numerous disputes that may arise in the Debtors' cases would impose an undue burden on the Court and be an unnecessary drain on the time and resources of the Debtors and

their professionals.  Given the size and complexity of these cases, the expense of seeking Court approval for every Settlement may significantly reduce the benefits otherwise incident to such proposed Settlements.  Therefore, for the sake of both judicial efficiency and maximizing the value of the Debtors' estates, the Settlement Procedures should be approved.

21.     Additionally, the Debtors submit that, pursuant to Bankruptcy Rules 2002(a)(3) and 9006, cause exists to limit notice, as described above, of any Settlement entered into pursuant to the Settlement Procedures described herein.  As set forth above, the rights of parties to object to any Settlement of greater than $50,000 are preserved.  These procedures will enable the Debtors to promptly and efficiently enter into the Settlements contemplated by this Motion without imposing unnecessary costs on the Debtors' estates.  Excluding Settlements of less than $50,000 from the Settlement Procedures will reduce the administrative burden of responding to objections to relatively low-cost Settlements.[4]  This will maximize the number of low-cost Settlements, thereby reducing expenses and enhancing creditor recovery by eliminating the costs associated with providing notice to parties of relatively low-cost Settlements—agreements to which such parties otherwise would be unlikely to object.

22.     Based on the foregoing, the Debtors submit that the Settlement Procedures are necessary and appropriate, and in the best interests of the Debtors, their estates, and their creditors, and should be approved.

## II.    Settlements Entered into Pursuant to the Settlement Procedures Should Be Approved Under Bankruptcy Code Section 105 and Bankruptcy Rule 9019.

23.     As noted above, section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

---

[4]    Any Settlement on account of a prepetition claim will recover at plan value and will therefore be substantially less in terms of "real dollars."

out the provisions of this title." 11 U.S.C. § 105(a). In turn, Bankruptcy Rule 9019 provides that

the Court "may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises

are tools for expediting the administration of the case and reducing administrative costs and are

favored in bankruptcy. *See Off. Comm. of Unsecured Creditors of Bond v. White Plains Joint*

*Venture (In re Bond)*, 1994 U.S. App. Lexis 1282, at *9-14 (4th Cir. 1994) ("To minimize litigation

and expedite the administration of a bankruptcy estate, 'compromises are favored in

bankruptcy.'"); *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *In re Martin*, 91 F.3d 389, 393

(3d Cir. 1996). Courts have recognized that, particularly in the bankruptcy context, "[s]ettlement

is intended to conserve [scarce] resources and is therefore encouraged." *Magill v. Springfield*

*Marine Bank (In re Hessinger Res. Ltd.)*, 67 B.R. 378, 382 (C.D. Ill. 1986); *see Thomas v. Fallon*

*(In re Chi. Rapid Transit Co.)*, 196 F.2d 484, 490 (7th Cir. 1952) ("We fully realize the desirability

of settling claims without resort to litigation in bankruptcy matters . . . where any reasonable basis

for compromise settlements appears they should be encouraged.").

24.    The standards by which a debtor should guide its decision whether to enter into a

settlement, and by which this Court should evaluate a settlement, are well established. In addition

to considering the proposed terms of the settlement, the following factors are relevant:

a.    the probability of success in litigation;

b.    the difficulty in collecting any judgment that may be obtained;

c.    the complexity of the litigation involved, and the expense inconvenience and delay
necessarily attendant to it; and

d.    the interest of creditors and stockholders and a proper deference to their reasonable
views of the settlement.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,

390 U.S. 414, 424-25 (1968); *In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006)

(enumerating and applying the *TMT Trailer Ferry / Martin* factors); *In re Martin*, 91 F.3d at 393;

*United States ex. Rel. Rahman v. Oncology Assoc., P.C.*, 269 B.R. 139, 152 (D. Md. 2001).

25.     The decision to approve a settlement or compromise is within the discretion of the

Court and is warranted where the settlement is found to be reasonable and fair in light of the

particular circumstances of the case.  *See TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25.  The

settlement need not be the best that the debtor could have achieved, but need only fall "within the

reasonable range of litigation possibilities."  *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553

(Bankr. N.D. Ill. 1994).  In making its determination, a court should not substitute its own judgment

for that of the debtor, and should defer to the debtor so long as there is a reasonable business

justification.  *See In re Martin*, 91 F.3d at 395; *In re Jasmine, Ltd.*, 258 B.R. 119, 123

(D.N.J. 2000).  The Court should exercise its discretion "of the general public policy favoring

settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998);

*Nellis v. Shugrue*, 165 B.R. 115, 23 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are

favored and, in fact, encouraged by the approval process outlined above.").

26.     Here, the Debtors will evaluate any Settlements based on the foregoing standard

and will only enter into a Settlement after giving due consideration to the factors set forth in *TMT*

*Trailer Ferry* and other relevant cases.  Specifically, the Debtors will consider:   (i) the

reasonableness of the Settlement as a whole; (ii) the probability of success if the De Minimis

Claim(s) were to be litigated, mediated or otherwise resolved through De Minimis means; (iii) the

complexity, expense, and likely duration of any litigation, mediation, or dispute resolution process;

(iv) the likelihood of collecting any judgment if the Debtors proceeded with litigation; (v) the

fairness of the Settlement with regard to the Debtors' estates, creditors, and other parties in interest;

and (vi) other factors relevant in assessing the utility of a proposed Settlement.  Only after giving

due consideration to the foregoing will the Debtors enter into a settlement agreement.  In light of

the foregoing, the Debtors submit that all Settlements should be approved under Bankruptcy Code

section 105 and Bankruptcy Rule 9019.

27.     Courts, including those in this circuit, have granted similar relief to debtors in

possession in other large and complex chapter 11 cases.  *See, e.g.*, *In re Forever 21, Inc.*, Case

No. 19-12122 (MFW) (Bankr. D. Del. Mar. 20, 2020); *In re PES Holdings, LLC*, Case

No. 19-11626 (KG) (Bankr. D. Del. Dec. 9, 2019); *In re Promise Healthcare Grp., LLC*, Case

No. 18-12491 (CSS) (Bankr. D. Del. Mar. 20, 2019); *In re Revlon, Inc.*, Case No. 22-10760 (DSJ)

(Bankr. S.D.N.Y. Aug. 23, 2022); *In re Le Tote, Inc.*, Case No. 20-33332 (KLP) (Bankr. E.D. Va.

Nov. 24, 2020); *In re Intelsat S.A.*, Case No. 20-32299 (KLP) (Bankr. E.D. Va. Sep. 1, 2020); *In re

Covia Holding Corp.*, Case No. 20-33295 (Bankr. S.D.T.X. Aug. 6, 2020).

## Request of Waiver of Stay

28.     To the extent that the relief sought in the Motion constitutes a use of property under

section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under

Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtors request that the Court find

that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested

in this Motion is immediately necessary for the Debtors to be able to continue to operate their

businesses and preserve the value of their estates.

## Waiver of Memorandum of Law

29.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

30.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

31.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of New Jersey; (b) the Committee; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) the attorneys general in the states where the Debtors conduct their business operations; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

16

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  July 13, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER (I) AUTHORIZING AND
ESTABLISHING PROCEDURES FOR THE COMPROMISE AND
SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND
<u>MANNER OF NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered three (3) through twelve (12), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the procedures for compromise and settlement of certain claims, cross-claims, litigation, and causes of action (collectively, the "De Minimis Claims"), without further Court approval; (b) approving the proposed form and manner of notice that will be provided to the affected creditors (the "Settlement Notice"), substantially in the form attached hereto as **Exhibit 1**; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest.

3.      The Debtors are authorized to enter into Settlements in accordance with the

following Settlement Procedures:

a.      No Settlement will be effective unless it is executed by an authorized representative of the Debtors;

b.      A full release of the Debtors and/or the settling party may be included in the Settlement;

c.      With regard to any Settlement in an amount equal to or less than $50,000 for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

i.      The affected Debtor or Debtors are authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

ii.     Such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it or its estate without notice by such Debtor to any third party or further action by this Court.

d.     With regard to any Settlement that is in an amount greater than $50,000 but does not exceed $1 million, for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

i.     A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue, subject only to the noticing and objection procedures set forth herein.

ii.     Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to: (i) the U.S. Trustee for the District of New Jersey, (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Committee), (iii) the agents under the Debtors' prepetition secured facilities and counsel thereto, (iv) the DIP Agent and counsel thereto, (v) any party to the Settlement; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party" and collectively, the "Notice Parties").

iii.     Such notice will be in substantially the form of the settlement notice attached hereto as Exhibit 1 to **Exhibit A** (the "Settlement Notice") and will specify (i) the identity of the other party to the Settlement,

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

(ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iv.     The Notice Parties may object to a proposed Settlement by filing such objection with the Court by no later than 5:00 p.m., prevailing Eastern Time, seven (7) calendar days after delivery of a Settlement Notice ("the Objection Deadline"), and serving such objection on: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos.

v.      The Notice Parties may request additional time or additional information to evaluate the proposed Settlement in writing by no later than the Objection Deadline and serve such request on counsel to the Debtors. If a Notice Party provides a written request to counsel for the Debtors for additional information or additional time to evaluate the proposed Settlement, then the Objection Deadline with respect to such Notice Party shall be (i) in the case of a request for additional time, five (5) days after the initial Objection Deadline, or (ii) in the case of a request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may make only one request for additional time per Settlement Notice, unless otherwise agreed to by the Debtors in their sole discretion.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

vi.    If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vii.    If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

viii.    Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

ix.    All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

e.    Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

f.    On a monthly basis, beginning 30 days after entry of an Order granting this Motion, the Debtors will provide to the Notice Parties a report of all Settlements that the Debtors entered into during the previous month pursuant to the Settlement Procedures.  Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which such De Minimis Claims were settled.

g.    With respect to any and all De Minimis Claims asserted *by* the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought *by* the Debtors against a non-Debtor third party:

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

    i.    A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim(s) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

    ii.    Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days' advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to the Notice Parties.

    iii.    Such notice will be in substantially the form of the Settlement Notice and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

    iv.    The Notice Parties may object to a proposed Settlement by filing such objection with the Court by the Objection Deadline and serving such objection on: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos.

v.   If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vi.   If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

vii.   Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

viii.   All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

4.   Notwithstanding anything herein to the contrary, the Settlement Procedures shall not apply to (a) claims asserted against the Debtors by any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively, and (b) claims asserted by the Debtors against any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively.

5.   Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

6.      Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Settlement Procedures shall be deemed (i) fair and reasonable, and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.      The Debtors are authorized to compromise and settle De Minimis Claims in accordance with the Settlement Procedures.

8.      The Debtors are authorized to resolve all of the De Minimis Claims of a single party in a single settlement agreement.

9.      The Debtors shall provide written notice to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures; *provided* that, if applicable, Kroll is authorized and directed to amend the claims register accordingly without further order of the Court.

10.     Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period, the settlement agreement shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

11.     In the event there is an inconsistency between the Motion and this Order, this Order shall control.

12.     This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order, or any Settlement.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

13.     Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and, to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

14.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

18.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Proposed Settlement Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF SETTLEMENT**

**PLEASE TAKE NOTICE** that on April 23, 2023, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**PLEASE TAKE FURTHER NOTICE** that, on [_____], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") approved an *Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of Notice of Settlement, and (III) Granting Related Relief* [Docket No. [●]] (the "Settlement Procedures Order"), whereby the Court authorized the Debtors to settle certain prepetition or postpetition claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral, or other action or proceeding (collectively, the "De Minimis Claims").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Settlement Procedures Order, any recipient of this notice may object to the proposed settlement within seven (7) calendar days of service of this notice.  Objections must: (i) **be in writing**; (ii) **be received within seven (7) calendar days of service of this notice** (the "Objection Deadline"); and (iii) be submitted by mail, email, or facsimile to (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn:  David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn:  Fran Steele, John Schanne, and Alexandria Nikolinos.  **If you file a written objection with the Court by the Objection Deadline, the Debtors may only settle the De Minimis Claim(s) upon submission of a consensual form of order resolving the objection as between you and the Debtors, or upon further order of the Court approving the settlement of such De Minimis Claim(s)**.