**Bernstein-Burkley, P.C.**
**Keri P. Ebeck, Esquire**
**Bar No. 262092017**
**601 Grant Street, 9th Floor**
**Pittsburgh, PA 15219**
**(412) 456-8112**

*Attorneys for Realty Income Corporation*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------------------x
In re                                           :     Chapter 11
                                                :
BED BATH & BEYOND, INC., *et al.,*              :     Case No. 23-13359 (VFP)
                                                :
        Debtors                                 :     (Jointly Administered)
------------------------------------------------------------------------x

### OBJECTION OF LANDLORD REALTY INCOME CORPORATION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ASSUME AND ASSIGN REAL PROPERTY LEASE FOR STORE NO. 1107

Realty Income Corporation ("Landlord"), landlord to debtor Bed Bath & Beyond, Inc. (the "Debtor") with respect to the retail store located at 1050 McKinley Place Drive, San Marcos, Texas (the "Leased Premises"), submits this objection (this "Objection") to the proposed assumption and assignment of the lease pertaining to Store No. 1107 (the "Lease"), to Ollie's Bargain Outlet, Inc. ("Proposed Assignee") pursuant to the Notice of Assumption of Certain Unexpired Leases [Docket No. 1157] (the "Assignment Notice"), and the Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 714] (the "Cure Notice"), and respectfully represents as follows:

### PRELIMINARY STATEMENT

Landlord objects to the proposed assignment of the Lease. The Debtors and the Proposed Assignee cannot satisfy their burden under Bankruptcy Code section 365 because Proposed Assignee is engaged in the business of operating a discount closeout retailer which violates the

permissive uses under the Lease. Additionally, the Debtors have failed to provide: (a) adequate assurance that the Proposed Assignee will (i) cure all defaults, (ii) compensate Landlord for its losses caused by such defaults, or (iii) be able to perform all obligations required under the Lease.

## BACKGROUND

1. On or about April 24, 2023 ("Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with this Court.

2. The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On or about September 29, 2005, Landlord and Bed Bath & Beyond, Inc. (the "Tenant" or "Debtor") entered into that certain Lease Agreement for the leased premises (the "Premises"). The Premises are designated as Store No. 1107. In addition to rent obligations, the Lease provides for, among other things, triple net terms (obligating the Tenant to pay for common area charges, taxes and insurance) as well as other customary non-monetary obligations.

4. On June 13, 2023, the Debtors filed the Cure Notice in connection with the Lease inaccurately reflecting the cure amount at $00 for the Premises. Thus, on June 26, 2023, Landlord filed an objection to the Cure Notice and reserved all rights (the "Objection"). [Docket No. 1025.]

5. In addition, on May 22, 2023, this Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422] ("Lease Sale Procedures Order"). The Lease Sale Procedures Order approves, among other things, additional sale procedures related to the Debtors' potential "Phase I" and "Phase II" sale of leases.

**OBJECTION**

I. **THE PROPOSED CURE AMOUNT IS INCORRECT**

1. As set forth in the Objection, Landlord disputes the cure amount of $0 proposed by the Debtors in the Cure Notice. The correct amount outstanding under the Lease for prepetition amounts is not less $83,651.85 plus recoverable legal fees and costs; in addition, postpetition rent and other lease obligations in excess of $19,286.19 remain owing and increase with the passage of time (collectively, the "Cure Amount").

2. Prior to assumption and assignment, the Debtors are required to cure all outstanding defaults under the Lease pursuant to section 365(b)(1) of the Bankruptcy Code. The Debtor has not satisfied all of the obligations of the Lease, which must be resolved via cure.

3. Moreover, prior to assumption and assignment, the Debtors must also compensate Landlord for any actual pecuniary losses under the Lease. *See* 11 U.S.C. § 365(b)(1)(B). As part of their pecuniary losses, Landlord is entitled to attorneys' fees in connection with the Debtors' defaults under the Lease. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Mid Am. Oil, Inc.*, 255 B.R. 839, 841 (Bankr. M.D. Tenn. 2000); *In re Crown Books Corp.*, 269 B.R. 12, 19 (Bankr. D. Del. 2001).

4. To the extent that rent, attorney's fees, interest, or other charges continue to accrue, and/or Landlord suffers other pecuniary losses with respect to the Lease, the Landlord reserves the right to amend the Cure Amount to reflect such additional amounts, which have not yet been billed or have not yet become due under the terms of the Lease.

II. **DEBTORS MUST DEMONSTRATE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE IN ORDER TO ASSUME AND ASSIGN THE LEASE**

5. The Debtor bears the burden of providing a landlord with adequate assurance of future performance of the prompt cure of all defaults and compensation to the landlord for any pecuniary loss in connection with such assumption. 11 U.S.C. § 365(b)(1)(C). Section

365(f)(2)(B) provides that a trustee or debtor-in-possession may assign an unexpired nonresidential lease only if "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." *See In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 370 (Bankr. D. Del. 1999).

6. The initial burden of presentation as to adequate assurance falls upon Debtors. *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989). The Sea Harvest court rejected the debtor's bald statement that it "recognizes the ongoing obligation to maintain such Leases and pay all obligations with regard thereto," stating that Sea Harvest's empty declaration does not provide the compensation and assurances required by section 365(b)(1)." *Sea Harvest*, supra, 868 F.2d at 1080. Consistent with the legislative purpose, the Debtor bears the burden of proof to demonstrate the proposed assignee's ability to provide the landlord with adequate assurance of future performance. *See In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y, 1983); *see also In re Federated Dept. Stores, Inc.*, 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991).

### III.     ADDITIONAL SECURITY FOR PERFORMANCE OF LEASE OBLIGATIONS

7. Section 365(l) of the Bankruptcy provides, in the pertinent part:

> If an unexpired lease under which the debtor is lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

8. As stated in the Objection, Landlord seeks additional security in connection with any lease assumption. The Landlord typically requires security in the form of deposits, personal guaranties or letters of credit. In connection with the proposed assumption and assignment of the Lease, the Landlord would demand such security in one of the forms required

by section 365(l) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

Landlord reserves the right to make such other and further objections as may be appropriate based upon any new information provided by Debtors or the proposed assignee or upon any different relief requested by Debtors, or as may be developed.

## CONCLUSION

Because Debtors have failed to sustain their burden of demonstrating adequate assurance of future performance with respect to the proposed assignment of the Lease, the assignment of the Lease for the Leased Premises, as proposed, should be denied.

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order denying the proposed assignment of the Lease to Proposed Assignee unless the Debtors and the Proposed Assignee provide Landlord with adequate assurance of prompt cure of all defaults and future performance consistent with this Objection.

Dated: July 14, 2023

Respectfully submitted,

**BERNSTEIN-BERKLEY, P.C.**

By: */s/ Keri P. Ebeck*
Keri P., Ebeck, NJ ID No. 262092017
kebeck@bernsteinlaw.com
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
Telephone: 412-456-8112
Fax: 412- 456-8135

*Attorneys for Realty Income Corporation*