**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
Philip Gross, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: krosen@lowenstein.com
Email: mseymour@lowenstein.com
Email: pgross@lowenstein.com

*Co-Counsel to Michaels Stores, Inc.*

**WHITE & CASE LLP**
Gregory F. Pesce, Esq. *(pro hac vice pending)*
Laura E. Baccash, Esq. *(pro hac vice pending)*
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com
Email:  laura.baccash@whitecase.com

-and-

Samuel P. Hershey, Esq. *(pro hac vice pending)*
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: sam.hershey@whitecase.com

-and-

Devin J. Rivero, Esq. *(pro hac vice pending)*
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Email:  devin.rivero@whitecase.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.,* | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**MICHAELS STORES INC.'S**
**MOTION TO FILE UNDER SEAL EXHIBIT A**
**TO THE DECLARATION OF TODD POWERS**
**IN SUPPORT OF MICHAELS STORES INC.'S**
**REPLY TO OBJECTION OF PINNACLE HILLS, LLC**
**TO DEBTORS' MOTION FOR ORDER AUTHORIZING**
**DEBTORS TO ASSUME AND ASSIGN LEASE FOR STORE NO. 1142**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

Michaels Stores, Inc. ("**Michaels**"), by and through its undersigned counsel, hereby move (this "**Seal Motion**") for entry of an order authorizing Michaels to file **Exhibit A** (the "**Exhibit**") to the *Declaration of Todd Powers in Support of Michaels Stores Inc.'s Reply to Objection of Pinnacle Hills, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 1142* [Docket No. 1384] (the "**Declaration**") under seal in its entirety. In support of this Seal Motion, Michaels respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Seal Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

### BACKGROUND

3. On April 23, 2023, each of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").

4. On May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief*

[Docket No. 422] (the "**Lease Sale Procedures Order**"), by which the Court, among other things, approved expedited procedures for the assumption and assignment of unexpired leases and granted.

5. On June 30, 2023, the Debtors filed the *Notice of Assumption of Certain Unexpired Leases* [Docket No. 1157] (the "**Assumption Notice**").

6. On July 12, 2023, Pinnacle Hills, LLC, an indirect subsidiary of Brookfield Properties Retail Inc. (the "**Landlord**")—the landlord to Debtor Bed Bath & Beyond, Inc. with respect to retail premises located at the Pinnacle Hills Power Center in Rogers, Arkansas—submitted its objection [Docket No. 1323] (the "**Landlord Objection**") to the proposed assumption and assignment of the unexpired lease of nonresidential real property of Debtors' Store No. 1142 to Michaels, as proposed assignee.

### MICHAELS'S REPLY TO THE LANDLORD OBJECTION

7. Contemporaneously herewith, Michaels has filed its reply to the Landlord Objection [Docket No. 1383] (the "**Reply**") and the Declaration in support of the Reply. The Exhibit to the Declaration contains confidential, commercially sensitive information of the Debtors and the Landlord. Michaels will submit a copy of the Declaration, including unsealed **Exhibit A** to (i) the Court for *in camera* review, (ii) the Debtors' and Landlord's counsel, and (iii) any other party as may be ordered by the Court.

### RELIEF REQUESTED

8. Through this Seal Motion, Michaels seeks authority to file **Exhibit A** to the Declaration under seal in its entirety.

9. The Exhibit includes commercially sensitive information, which Michaels believes should be kept confidential. Specifically, the Exhibit contains sensitive leasing information, including rental streams and other terms specific to lease under the lease, among other matters. Public disclosure of such information would allow the Debtors' and Michaels's competitors to obtain commercial information at an unfair advantage and might also disadvantage the landlord in

negotiations with other tenants at the shopping center. The information is not public, and disclosure of this commercial information could cause injury to the Debtors, the Landlord, and Michaels.

10. Accordingly, Michaels seeks authority to file the Exhibit to the Declaration under seal to protect the sensitive commercial information contained therein.

## BASIS FOR RELIEF REQUESTED

13. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities[2] from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 sets forth the procedure for application of section 107 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

---

[2] Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

15.     Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  *See Orion Pictures*, 21 F.3d at 27 (emphasis in original); *see also In re Borders Group, Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011) ("where a party in interest moves to protect 'commercial information' from disclosure, the court must grant protection [under section 107(b)].").

16.     Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors.'"  *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006).  Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  *See Orion Pictures*, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

17.     Here, Michaels seeks authority to seal certain confidential commercial information in the Exhibit as such information must be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  The Exhibit contains confidential commercial information of the Debtors and the Landlord, such information is not public, and disclosure of this commercial information could cause significant injuries to the Debtors, Michaels, and/or the Landlord,

particularly with respect to competitive relationships and the Landlord's ability to negotiate other leases within the shopping center. The proposed format of disclosure is tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of commercial information where truly necessary.

18. Accordingly, in order to protect the confidential commercial information contained in the Exhibit to the Declaration, Michaels hereby requests that the Court authorize the filing of **Exhibit A** to the Declaration under seal in its entirety.

## WAIVER OF MEMORANDUM OF LAW

19. In accordance with Rule 9013-2 of the District of New Jersey Local Bankruptcy Rules, no brief is being filed in support of this Seal Motion because the legal principles involved are not novel or in dispute and are adequately set forth in this Seal Motion.

## CONCLUSION

20. **WHEREFORE**, for all the foregoing reasons, Michaels respectfully requests that, pursuant to 11 U.S.C. §§ 107(b) and Fed. R. Bankr. P. 9018, the Court enter an Order (i) authorizing Michaels to file **Exhibit A** to the Declaration under seal in its entirety and (ii) granting such other and further relief as necessary and appropriate.

Dated: July 17, 2023

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

By: /s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone (973) 597-2500
E-mail: krosen@lowenstein.com
Email: mseymour@lowenstein.com
E-mail: pgross@lowenstein.com

-and-

**WHITE & CASE LLP**
Gregory F. Pesce, Esq. *(pro hac vice pending)*
Laura E. Baccash, Esq. *(pro hac vice pending)*
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com
Email:  laura.baccash@whitecase.com
-and-

Samuel P. Hershey, Esq. *(pro hac vice pending)*
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: sam.hershey@whitecase.com

-and-

Devin J. Rivero, Esq. *(pro hac vice pending)*
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Email:  devin.rivero@whitecase.com

*Co-Counsel to Michaels Stores, Inc.*