**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**AFFIDAVIT OF SERVICE**

I, Nelson Crespin, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On July 17, 2023, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First Class Mail on BNY Mellon, (ADRID: 12908421), Attn Clayton Colquitt, 500 Ross St, 12th Floor, Pittsburgh, PA 15262.

- Notice of Deadline Requiring Submission of Proofs of Claim on or Before July 7, 2023, and Related Procedures for Submitting Proofs of Claim in the Above-Captioned Chapter 11 Cases, a copy of which is attached hereto as **Exhibit A**

- Proof of Claim Form, customized to include the name and address of the party, the debtor, amount, nature, classification of the scheduled claim, and an indication that the party appears on Schedule DEF, a copy of which is attached hereto as **Exhibit B**

- Order Respecting Amendment to Schedule D, E/F, G or H or List of Creditors [Docket No. 1343]

*[Remainder of page intentionally left blank]*

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Dated: July 18, 2023


                                                    */s/ Nelson Crespin*
                                                    Nelson Crespin

State of New York
County of New York


Subscribed and sworn (or affirmed) to me on July 18, 2023, by Nelson Crespin, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

*/s/ Cindy C. Hosein-Mohan*
Notary Public, State of New York
No. 01HO6295177
Qualified in Nassau County
Commission Expires December 30, 2025

SRF 71342

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# NOTICE OF DEADLINE
# REQUIRING SUBMISSION OF PROOFS
# OF CLAIM ON OR BEFORE JULY 7, 2023,
# AND RELATED PROCEDURES FOR SUBMITTING PROOFS
# OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **July 7, 2023** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of Claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **April 23, 2023** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim").**[4]  In addition, governmental units have until **October 20, 2023** (the date that is the one-hundred and eighty-three days after the Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.

---

**A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

---

### Debtors in these chapter 11 cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond Inc. | 0488 | 23-13359 |
| Alamo Bed Bath & Beyond Inc. | 0408 | 23-13360 |
| BBB Canada LP Inc. | 7777 | 23-13361 |
| BBB Value Services Inc. | 5809 | 23-13362 |
| BBBY Management Corporation | 9534 | 23-13363 |
| BBBYCF LLC | 5533 | 23-13364 |
| BBBYTF LLC | 6838 | 23-13365 |
| Bed Bath & Beyond of Annapolis, Inc. | 8488 | 23-13366 |
| Bed Bath & Beyond of Arundel Inc. | 2626 | 23-13367 |

---

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]    Defined collectively as the Rejection Damages Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), the Governmental Bar Date, and the Administrative Claims Bar Date (further defined herein).

[4]    "503(b)(9) Claims" are Claims for the value of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Bed Bath & Beyond of Baton Rouge Inc. | 4076 | 23-13368 |
| Bed Bath & Beyond of Birmingham Inc. | 0327 | 23-13369 |
| Bed Bath & Beyond of Bridgewater Inc. | 5533 | 23-13370 |
| Bed Bath & Beyond of California Limited Liability Company | 2362 | 23-13371 |
| Bed Bath & Beyond of Davenport Inc. | 4074 | 23-13372 |
| Bed Bath & Beyond of East Hanover Inc. | 1176 | 23-13373 |
| Bed Bath & Beyond of Edgewater Inc. | 3618 | 23-13374 |
| Bed Bath & Beyond of Falls Church, Inc. | 2908 | 23-13375 |
| Bed Bath & Beyond of Fashion Center, Inc. | 7852 | 23-13376 |
| Bed Bath & Beyond of Frederick, Inc. | 0889 | 23-13377 |
| Bed Bath & Beyond of Gaithersburg Inc. | 6406 | 23-13378 |
| Bed Bath & Beyond of Gallery Place L.L.C. | 8791 | 23-13379 |
| Bed Bath & Beyond of Knoxville Inc. | 0403 | 23-13380 |
| Bed Bath & Beyond of Lexington Inc. | 0888 | 23-13381 |
| Bed Bath & Beyond of Lincoln Park Inc. | 8893 | 23-13382 |
| Bed Bath & Beyond of Louisville Inc. | 2624 | 23-13383 |
| Bed Bath & Beyond of Mandeville Inc. | 5531 | 23-13384 |
| Bed Bath & Beyond of Opry Inc. | 0264 | 23-13385 |
| Bed Bath & Beyond of Overland Park Inc. | 6404 | 23-13386 |
| Bed Bath & Beyond of Palm Desert Inc. | 0152 | 23-13387 |
| Bed Bath & Beyond of Paradise Valley Inc. | 6576 | 23-13388 |
| Bed Bath & Beyond of Pittsford Inc. | 6881 | 23-13389 |
| Bed Bath & Beyond of Portland Inc. | 8153 | 23-13390 |
| Bed Bath & Beyond of Rockford Inc. | 1065 | 23-13391 |
| Bed Bath & Beyond of Towson Inc. | 1854 | 23-13392 |
| Bed Bath & Beyond of Virginia Beach Inc. | 2326 | 23-13393 |
| Bed Bath & Beyond of Waldorf Inc. | 0890 | 23-13394 |
| Bed Bath & Beyond of Woodbridge Inc. | 1179 | 23-13395 |
| bed 'n bath Stores Inc. | 2034 | 23-13396 |
| Bed, Bath & Beyond of Manhattan, Inc. | 2956 | 23-13397 |
| Buy Buy Baby of Rockville, Inc. | 6272 | 23-13398 |
| Buy Buy Baby of Totowa, Inc. | 8098 | 23-13399 |
| Buy Buy Baby, Inc. | 2010 | 23-13400 |
| BWAO LLC | 1562 | 23-13401 |
| Chef C Holdings LLC | 6069 | 23-13402 |
| Decorist, LLC | 4917 | 23-13403 |
| Deerbrook Bed Bath & Beyond Inc. | 0895 | 23-13404 |
| Harmon of Brentwood, Inc. | 4214 | 23-13405 |
| Harmon of Caldwell, Inc. | 1648 | 23-13406 |
| Harmon of Carlstadt, Inc. | 9065 | 23-13407 |
| Harmon of Franklin, Inc. | 9738 | 23-13408 |
| Harmon of Greenbrook II, Inc. | 9743 | 23-13409 |
| Harmon of Hackensack, Inc. | 4535 | 23-13410 |
| Harmon of Hanover, Inc. | 5485 | 23-13411 |
| Harmon of Hartsdale, Inc. | 2588 | 23-13412 |
| Harmon of Manalapan, Inc. | 7942 | 23-13413 |
| Harmon of Massapequa, Inc. | 9949 | 23-13414 |
| Harmon of Melville, Inc. | 5648 | 23-13415 |
| Harmon of New Rochelle, Inc. | 4673 | 23-13416 |
| Harmon of Newton, Inc. | 9775 | 23-13417 |
| Harmon of Old Bridge, Inc. | 2762 | 23-13418 |

3

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Harmon of Plainview, Inc. | 4515 | 23-13419 |
| Harmon of Raritan, Inc. | 5646 | 23-13420 |
| Harmon of Rockaway, Inc. | 2765 | 23-13421 |
| Harmon of Shrewsbury, Inc. | 8849 | 23-13422 |
| Harmon of Totowa, Inc. | 4269 | 23-13423 |
| Harmon of Wayne, Inc. | 4316 | 23-13424 |
| Harmon of Westfield, Inc. | 2851 | 23-13425 |
| Harmon of Yonkers, Inc. | 0371 | 23-13426 |
| Harmon Stores, Inc. | 6555 | 23-13427 |
| Liberty Procurement Co. Inc. | 9383 | 23-13428 |
| Of a Kind, Inc. | 6492 | 23-13429 |
| One Kings Lane LLC | 4759 | 23-13430 |
| San Antonio Bed Bath & Beyond Inc. | 4701 | 23-13431 |
| Springfield Buy Buy Baby, Inc. | 8387 | 23-13432 |

## Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What To Submit

The Debtors are enclosing a Proof of Claim form for use in the cases; if your Claim is scheduled by the Debtors, the form indicates the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim Form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the Debtors' notice and claims agent, Kroll Restructuring Administration LLC (the "Notice and Claims Agent"), by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/bbby.

The following procedures for the submission of Proofs of Claim against the Debtors in these Chapter 11 Cases shall apply:

a. **_Contents_**. Each Proof of Claim must: (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby by the claimant or by an authorized agent or legal representative of the claimant;

b. **_Section 503(b)(9) Claim_**. In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c. **_Receipt of Service_**. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. **_Identification of the Debtor Entity_**. Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 23-13359 or that does not identify a Debtor will be deemed as submitted only against Bed Bath & Beyond Inc. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

5

e.  ***Claim Against Multiple Debtor Entities***.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f.  ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.  Failure to provide such supporting documentation within ten (10) days may result in the disallowance of some or all of the amounts asserted on the applicable Proof of Claim.

i.  Solely as an accommodation to the Chubb Companies (as defined below), and solely in their capacities as insurers, notwithstanding anything to the contrary in this Bar Date Order, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any order of this Court, or any Proof of Claim Form or Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto, and as to each applicable Administrative Claims Bar Date, a single consolidated Proof of Claim for any Administrative Claims (collectively, the "Consolidated Claims") in the chapter 11 case of Bed Bath & Beyond Inc., Case No. 23-13359 (the "Lead Case"), which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors, (b) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed

with the Consolidated Claims instead, and (c) as to each Administrative Claims Bar Date, the Chubb Companies need only file a single Consolidated Claim for amounts that are Administrative Claims and have become liquidated during the relevant time period; *provided, however*, that each of the Consolidated Claims will include a schedule of the policies and/or agreements upon which the Consolidated Claims are based; *provided, further*, that the Debtors reserve the right to request all documents supporting the Consolidated Claims subject to appropriate protections for confidential information.  The authorization granted hereby to allow the Chubb Companies to file the Consolidated Claims is for procedural purposes only, is intended for administrative convenience, and shall not be interpreted or construed to substantively affect any right, objection, claim, or defense of any party in interest to the Consolidated Claims including, (i) the amount, extent, validity, priority, perfection, or enforceability of any claim or security interest asserted by the Consolidated Claims and (ii) the right of the Chubb Companies to (A) assert joint and several liability against some or all of the Debtors, (B) modify the Debtor(s) against which the Consolidated Claims are asserted, or (C) amend the amount or nature of the Consolidated Claims, and, in each case, the Debtors' rights to object thereto; *provided, however*, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Bed Bath & Beyond Inc. (instead of in the chapter 11 cases of each or any of the other Debtors) and/or (ii) only by ACE American Insurance Company (instead of by each of the Chubb Companies, respectively).  For the avoidance of doubt, and without altering any of the foregoing, the authorization granted hereby is without prejudice to the right of any party to object to the Consolidated Claims on the basis of insufficient information or to seek to disallow and/or expunge the Consolidated Claims to the extent it is determined that all or any portion of the Consolidated Claims are not allowable against any individual Debtor.

## **When and Where To Submit**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/bbby, or (ii) first-class U.S. Mail, which Proof of Claim must include an ***original*** signature, at the following address:  Bed Bath & Beyond Inc. Claims

Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:  Bed Bath & Beyond Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM**
**SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE**
**ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**<u>Claims for Which Proofs of Claim Need Not Be Filed</u>**

Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b. any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c. any Claim that has previously been allowed by order of this Court;

d. any Claim that has already been paid in full by any of the Debtors;

e. any Claim for which a different deadline has previously been fixed by this Court;

f. any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Bed Bath & Beyond, Inc.;

g. any Claim based on an equity interest in the Debtors;

h. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims

for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.  any Professional Compensation Claim;[5]

j.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the Prepetition Secured Parties and DIP Secured Parties (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 76] and any amended or final order entered by the Court in respect thereof;

l.  any Claim held by any person or entity solely against a non-Debtor entity;

m.  Noteholders (but not the Trustee) on account of Notes Claims; and

n.  any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease or any related agreements.

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

---

[5]  "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date, (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, the date that is thirty calendar days from the date of entry of such order, unless otherwise ordered by the Court, and (c) the date that is thirty days following the effective date of such rejection of an applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## Amended Schedules Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) the date that is thirty (30) calendar days after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "Amended Schedules Bar Date").

## Administrative Claims Bar Date

If you have an Administrative Expense Claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2), you must submit your Proof of Claim by (a) **July 7, 2023** for Claims incurred through June 27, 2023, (b) for all Claims arising after June 27, 2023, the 15th day of the month following the month in which the Claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"), *provided, however,* that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available:  (a) from the Notice and Claims Agent by calling (833) 570-5355 for callers in the United States or by calling (646) 440-4806 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/bbby; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.  SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

Dated: May 31, 2023

_/s/ Michael D. Sirota_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted _pro hac vice_)
Emily E. Geier, P.C. (admitted _pro hac vice_)
Derek I. Hunter (admitted _pro hac vice_)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

_Proposed Co-Counsel for Debtors and_
_Debtors in Possession_

12

**Exhibit B**

**United States Bankruptcy Court, District of New Jersey (Newark)**

<table>
<tr><td colspan="4">Fill in this information to identify the case (Select only one Debtor per claim form):</td></tr>
<tr>
<td>☐ Bed Bath & Beyond Inc.<br>(Case No. 23-13359)</td>
<td>☐ Alamo Bed Bath & Beyond Inc.<br>(Case No. 23-13360)</td>
<td>☐ BBB Canada LP Inc.<br>(Case No. 23-13361)</td>
<td>☐ BBB Value Services Inc.<br>(Case No. 23-13362)</td>
</tr>
<tr>
<td>☐ BBBY Management Corporation<br>(Case No. 23-13363)</td>
<td>☐ BBBYCF LLC<br>(Case No. 23-13364)</td>
<td>☐ BBBYTF LLC<br>(Case No. 23-13365)</td>
<td>☐ bed 'n bath Stores Inc.<br>(Case No. 23-13396)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Annapolis, Inc.<br>(Case No. 23-13366)</td>
<td>☐ Bed Bath & Beyond of Arundel Inc.<br>(Case No. 23-13367)</td>
<td>☐ Bed Bath & Beyond of Baton Rouge Inc.<br>(Case No. 23-13368)</td>
<td>☐ Bed Bath & Beyond of Birmingham Inc.<br>(Case No. 23-13369)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Bridgewater Inc.<br>(Case No. 23-13370)</td>
<td>☐ Bed Bath & Beyond of California Limited Liability Company<br>(Case No. 23-13371)</td>
<td>☐ Bed Bath & Beyond of Davenport Inc.<br>(Case No. 23-13372)</td>
<td>☐ Bed Bath & Beyond of East Hanover Inc.<br>(Case No. 23-13373)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Edgewater Inc.<br>(Case No. 23-13374)</td>
<td>☐ Bed Bath & Beyond of Falls Church, Inc.<br>(Case No. 23-13375)</td>
<td>☐ Bed Bath & Beyond of Fashion Center, Inc.<br>(Case No. 23-13376)</td>
<td>☐ Bed Bath & Beyond of Frederick, Inc.<br>(Case No. 23-13377)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Gaithersburg Inc.<br>(Case No. 23-13378)</td>
<td>☐ Bed Bath & Beyond of Gallery Place L.L.C.<br>(Case No. 23-13379)</td>
<td>☐ Bed Bath & Beyond of Knoxville Inc.<br>(Case No. 23-13380)</td>
<td>☐ Bed Bath & Beyond of Lexington Inc.<br>(Case No. 23-13381)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Lincoln Park Inc.<br>(Case No. 23-13382)</td>
<td>☐ Bed Bath & Beyond of Louisville Inc.<br>(Case No. 23-13383)</td>
<td>☐ Bed Bath & Beyond of Mandeville Inc.<br>(Case No. 23-13384)</td>
<td>☐ Bed, Bath & Beyond of Manhattan, Inc.<br>(Case No. 23-13397)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Opry Inc.<br>(Case No. 23-13385)</td>
<td>☐ Bed Bath & Beyond of Overland Park Inc.<br>(Case No. 23-13386)</td>
<td>☐ Bed Bath & Beyond of Palm Desert Inc.<br>(Case No. 23-13387)</td>
<td>☐ Bed Bath & Beyond of Paradise Valley Inc.<br>(Case No. 23-13388)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Pittsford Inc.<br>(Case No. 23-13389)</td>
<td>☐ Bed Bath & Beyond of Portland Inc.<br>(Case No. 23-13390)</td>
<td>☐ Bed Bath & Beyond of Rockford Inc.<br>(Case No. 23-13391)</td>
<td>☐ Bed Bath & Beyond of Towson Inc.<br>(Case No. 23-13392)</td>
</tr>
<tr>
<td>☐ Bed Bath & Beyond of Virginia Beach Inc.<br>(Case No. 23-13393)</td>
<td>☐ Bed Bath & Beyond of Waldorf Inc.<br>(Case No. 23-13394)</td>
<td>☐ Bed Bath & Beyond of Woodbridge Inc.<br>(Case No. 23-13395)</td>
<td>☐ Buy Buy Baby of Rockville, Inc.<br>(Case No. 23-13398)</td>
</tr>
<tr>
<td>☐ Buy Buy Baby of Totowa, Inc.<br>(Case No. 23-13399)</td>
<td>☐ Buy Buy Baby, Inc.<br>(Case No. 23-13400)</td>
<td>☐ BWAO LLC<br>(Case No. 23-13401)</td>
<td>☐ Chef C Holdings LLC<br>(Case No. 23-13402)</td>
</tr>
<tr>
<td>☐ Decorist, LLC<br>(Case No. 23-13403)</td>
<td>☐ Deerbrook Bed Bath & Beyond Inc.<br>(Case No. 23-13404)</td>
<td>☐ Harmon of Brentwood, Inc.<br>(Case No. 23-13405)</td>
<td>☐ Harmon of Caldwell, Inc.<br>(Case No. 23-13406)</td>
</tr>
<tr>
<td>☐ Harmon of Carlstadt, Inc.<br>(Case No. 23-13407)</td>
<td>☐ Harmon of Franklin, Inc.<br>(Case No. 23-13408)</td>
<td>☐ Harmon of Greenbrook II, Inc.<br>(Case No. 23-13409)</td>
<td>☐ Harmon of Hackensack, Inc.<br>(Case No. 23-13410)</td>
</tr>
<tr>
<td>☐ Harmon of Hanover, Inc.<br>(Case No. 23-13411)</td>
<td>☐ Harmon of Hartsdale, Inc.<br>(Case No. 23-13412)</td>
<td>☐ Harmon of Manalapan, Inc.<br>(Case No. 23-13413)</td>
<td>☐ Harmon of Massapequa, Inc.<br>(Case No. 23-13414)</td>
</tr>
<tr>
<td>☐ Harmon of Melville, Inc.<br>(Case No. 23-13415)</td>
<td>☐ Harmon of New Rochelle, Inc.<br>(Case No. 23-13416)</td>
<td>☐ Harmon of Newton, Inc.<br>(Case No. 23-13417)</td>
<td>☐ Harmon of Old Bridge, Inc.<br>(Case No. 23-13418)</td>
</tr>
<tr>
<td>☐ Harmon of Plainview, Inc.<br>(Case No. 23-13419)</td>
<td>☐ Harmon of Raritan, Inc.<br>(Case No. 23-13420)</td>
<td>☐ Harmon of Rockaway, Inc.<br>(Case No. 23-13421)</td>
<td>☐ Harmon of Shrewsbury, Inc.<br>(Case No. 23-13422)</td>
</tr>
<tr>
<td>☐ Harmon of Totowa, Inc.<br>(Case No. 23-13423)</td>
<td>☐ Harmon of Wayne, Inc.<br>(Case No. 23-13424)</td>
<td>☐ Harmon of Westfield, Inc.<br>(Case No. 23-13425)</td>
<td>☐ Harmon of Yonkers, Inc.<br>(Case No. 23-13426)</td>
</tr>
<tr>
<td>☐ Harmon Stores, Inc.<br>(Case No. 23-13427)</td>
<td>☐ Liberty Procurement Co. Inc.<br>(Case No. 23-13428)</td>
<td>☐ Of a Kind, Inc.<br>(Case No. 23-13429)</td>
<td>☐ One Kings Lane LLC<br>(Case No. 23-13430)</td>
</tr>
<tr>
<td>☐ San Antonio Bed Bath & Beyond Inc.<br>(Case No. 23-13431)</td>
<td>☐ Springfield Buy Buy Baby, Inc.<br>(Case No. 23-13432)</td>
<td></td>
<td></td>
</tr>
</table>

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____ <br><br> Other names the creditor used with the debtor _____ |
|---|---|---|

| 2. | **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes. From whom? _____ |
|---|---|---|

| 3. | **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br><br><br><br><br><br><br><br> Contact phone  _____ <br> Contact email  _____ | **Where should payments to the creditor be sent?** (if different) <br><br><br><br><br><br><br><br><br> Contact phone  _____ <br> Contact email  _____ |
|---|---|---|---|

| 4. | **Does this claim amend one already filed?** | ☐ No <br> ☐ Yes.  Claim number on court claims registry (if known)_____     Filed on _____ <br> MM  / DD   / YYYY |
|---|---|---|

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No <br> ☐ Yes. Who made the earlier filing? _____ |
|---|---|---|

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ☐ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____ |
|---|---|---|

| 7. | **How much is the claim?** | $_____. **Does this amount include interest or other charges?** <br> ☐ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br><br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br><br> Limit disclosing information that is entitled to privacy, such as health care information. |
|---|---|---|

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**        $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**  $_____ |

| | |
|---|---|
| **14. Is all or part of the claim being asserted as an administrative expense claim?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred:** |

|  |  |
|---|---|
| ☐ **On or prior to June 27, 2023:** | $ _____ |
| ☐ **After June 27, 2023:** | $ _____ |
| **Total Administrative Expense Claim Amount:** | $ _____ |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

## Part 3: Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐  I am the creditor.<br>☐  I am the creditor's attorney or authorized agent.<br>☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____<br>  MM  /  DD  /  YYYY<br><br><br>_____<br>Signature<br><br>**Name of the person who is completing and signing this claim:** |

| | | | |
|---|---|---|---|
| Name | _____ | | |
| | First name | Middle name | Last name |
| Title | _____ | | |
| Company | _____ | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | _____ | | |
| | Number        Street | | |
| | _____ | | |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                            12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/BBBY.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:

Bed Bath & Beyond Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163

If by overnight courier or hand delivery:

Bed Bath & Beyond Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.ra.kroll.com/BBBY/EPOC-Index.

---

**Do not file these instructions with your form**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM SO AS TO BE ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE:**

**General Claims Bar Date (including claims pursuant to section 503(b)(9) of the Bankruptcy Code): July 7, 2023**

**Administrative Claims Bar Date: All Claimants holding or wishing to assert an Administrative Expense Claim for costs and expenses of administration of the estates pursuant to sections 503(b), other than claims pursuant to section 503(b)(9), or 507(a)(2) of the Bankruptcy Code must submit a Proof of Claim by (a) July 7, 2023 for Claims incurred through June 27, 2023, (b) for all Claims arising after June 27, 2023, the 15th day of the month following the month in which the Claim arose, and (c) fourteen days following the effective date of any confirmed plan, *provided*, *however*, that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.**

**Governmental Bar Date: October 20, 2023**

**IF DELIVERED BY FIRST-CLASS MAIL:**

> Bed Bath & Beyond Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850

**IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:**

> Bed Bath & Beyond Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

**If you have any questions about this notice, please call (833) 570-5355 (US/Canada toll free) or +1 (646) 440-4806 (International), email BBBYInfo@ra.kroll.com or visit https://restructuring.ra.kroll.com/BBBY/.**

**You may also file your claim electronically at https://restructuring.ra.kroll.com/BBBY/EPOC-Index.**