**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A.
Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C.
(admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

---

Order Filed on July 19, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

---

**CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363
APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT
WITH WESTERN CARRIERS, INC.**

The relief set forth on the following pages, numbered two (2) through ten (10), is

**ORDERED**.

**DATED: July 19, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

Upon the *Debtors' Motion for Entry of an Order Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through assumption and assignment agreements between the Debtors and the prospective assignee, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the Debtors having complied with the Lease Sale Procedures, and that the Debtors' entry into the Assumption and Assignment Agreement is in the best interest of the

---

[2]       Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Assumption and Assignment Agreement attached hereto as **Exhibit 1** (the "Assumption and Assignment Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

Debtors and their estates and provides for the highest or best offer for the Lease (as defined in the Assumption and Assignment Agreement); and the landlord, Prologis ("Landlord") and the assignee, Western Carriers, Inc. ("Assignee" and together with the Debtors as Tenant and Landlord, the "Parties") having consented to the immediate entry of this Order as reflected herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Debtors and Assignee are authorized to enter into and perform under the Assumption and Assignment Agreement attached hereto as **Exhibit 1**, and to implement the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.  The Assumption and Assignment Agreement and all of the terms and conditions thereof is hereby approved in all respects.

2.      Pursuant to sections 105(a), 363(b)(1) and (f), and 365(a) of the Bankruptcy Code, the Debtors are hereby authorized and directed to (a) sell and assume and assign to Assignee, in accordance with the terms of the Assumption and Assignment Agreement, for the consideration of $10,500,000.00 (the "Consideration"), the Lease (as identified in the Assumption and Assignment Agreement), free and clear of any and all licenses, tenants and/or subtenants, license and concession agreements for all or any part of the Premises, and all liens, claims and encumbrances, with such license and concession agreements for all or any part of the Premises, and all liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the transfer, subject to any claims and defenses the Debtors and the Debtors'

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

estates may have with respect thereto, and (b) execute and deliver to the Assignee such

documents or other instruments as the Assignee deems necessary to assign and transfer the Lease

to Assignee.

3.      Assignee has demonstrated adequate assurance of future performance and has

satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect

to the Lease.  Assignee is a good faith purchaser of the Lease within the meaning of section

363(m) of the Bankruptcy Code.

4.      Notwithstanding anything in the Assumption and Assignment Agreement or this

Order to the contrary, the Assignment Date as set forth in the Assumption and Assignment

Agreement shall be July 1, 2023, *provided*, *however*, Assignee shall not be required to pay the

Consideration under the Assumption and Assignment Agreement until one day after the issuance

of this Order.  As of July 1, 2023, but subject to the payment of the Consideration due under the

Assumption and Assignment Agreement, the assignment of the Lease by the Debtors to Assignee

shall constitute a legal, valid, and effective transfer of such Lease notwithstanding any

requirement for approval or consent by any person and vests Assignee with all right, title, and

interest of the Debtors in and to such Lease, free and clear of all liens, claims, and encumbrances

pursuant to sections 363(f) and 365 of the Bankruptcy Code.

5.      Assignee shall be deemed to be substituted for the Debtors as a party to the Lease

and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any

further liability under the Lease from and after July 1, 2023.

(Page | 5)

| Debtors: | BED BATH & BEYOND INC., *et al*. |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

6.     Section 27.1 of the Lease shall be deemed amended to read as follows:

At Landlord's request, Tenant shall furnish Landlord with true and complete copies of its most recent financial statements.

7.     The Cure Costs total $5,555.16, as set forth in that certain Construction Lien Claim encumbering the Premises.  Within one business day after receiving Consideration for the Lease from Assignee, the Debtors shall pay the lien.  The Debtors shall also ensure that the Construction Liens are discharged.

8.     Upon payment of the applicable Cure Costs and the Debtors' undertaking to satisfy and discharge the Construction Lien, Landlord is hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Leases for the period prior to July 1, 2023.  The Cure Costs are hereby fixed as set forth in this Order.

9.     There shall be no rent accelerations, assignment fees, increases, or any other fees charged to Assignee or the Debtors as a result of the assumption and assignment of the Lease.

10.     Any provisions in the Lease that prohibit or condition the assignment of such Lease or allow Landlord of such Lease to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Assignee in connection with the assumption and assignment of the Lease pursuant to the Assumption and Assignment Agreement only.  Any such provisions shall remain in full force and effect with respect to any subsequent

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

assignment. The Lease shall remain in full force and effect, without existing defaults, subject only to payment by of the appropriate Cure Costs, if any.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.  The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Assignee shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order.  Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.  The Assignee and Landlord agree to execute the third amendment to the Lease attached hereto as **Exhibit 2** to reflect the assignment.

12.     To the extent any Lease contains use restrictions which would otherwise prohibit Assignee from operating at the applicable leased premises for the purpose of warehousing and distributing alcoholic beverages, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

13.     Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in such Lease that purports to be personal only to a Debtor or Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

full extent by the Assignee, in accordance with the terms of such Lease.  The Debtors have

timely exercised any applicable extension or renewal options under the Lease, and the Lease is in

all in full force and effect.  The Debtors have not previously rejected the Lease and the Debtors'

period to assume or reject the Lease has not otherwise expired.

14.    With respect to any provision of the Lease providing for calculation of rent based

on a percentage of annual sales, for the annual period in which the Closing Date occurs,

Assignee shall only be responsible for the prorated portion of percentage rent attributable to the

period after the Closing Date calculated on a per diem basis.

15.    Notwithstanding any provision of the Lease (including any related reciprocal

easement agreement or declaration of covenants and restrictions or other land use agreement

(each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary,

including a covenant of continuous operation or a "go dark" provision, Assignee shall not be

required to operate its business from the leased premises for a reasonable period of time after the

entry of this Order, in order to perform alterations and remodeling which shall be done in a

manner consistent with the terms of the Lease, including any provision requiring Landlord's

approval, and to replace and modify existing signage to the extent necessary to operate at the

premises under as a Assignee store and consistent with its business operations and the terms of

the Lease, including any provision requiring Landlord's approval.

16.    Landlord shall cooperate in good faith and use commercially reasonable efforts to

execute and deliver, upon the request of Assignee, any instruments, applications, consents, or

other documents that may be required by any public or quasi-public authority or other party or

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the Premises, that have been approved by the Landlord in accordance with the Lease, including, without limitation, Assignee's application for Certificates of Occupancy from the NJSEA and Town of Secaucus by providing required documents and information and executing any required application; *provided that* Landlord does not incur any o out-of-pocket costs as a result of such cooperation.

17.     Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.     The Debtors and Assignee are authorized to take any and all actions reasonably necessary or appropriate to consummate the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.

20.     In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

21.     Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 9)

| Debtors: | BED BATH & BEYOND INC., *et al*. |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

[*Remainder of Page Intentionally Left Blank – Signatures Appear on Following Page*]

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH WESTERN CARRIERS, INC. |

The undersigned counsel hereby consent to the form
and entry of this Consent Order:

DATED: July 18, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**

Michael D. Sirota, Esq.

Warren A. Usatine, Esq.

Felice R. Yudkin, Esq.

Court Plaza North, 25 Main Street

Hackensack, New Jersey 07601

Telephone:  (201) 489-3000

Email:  msirota@coleschotz.com
  wusatine@coleschotz.com
  fyudkin@coleschotz.com


**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)

Emily E. Geier, P.C. (admitted *pro hac vice*)

Derek I. Hunter (admitted *pro hac vice*)

601 Lexington Avenue

New York, New York 10022

Telephone:  (212) 446-4800

Facsimile:  (212) 446-4900

Email:      josuha.sussberg@kirkland.com
      emily.geier@kirkland.com
      derek.hunter@kirkland.com


*Co-Counsel for Debtors and*
*Debtors in Possession*

/s/ Jeffrey A. Lester

**BRAVERMAN & LESTER**

Jeffrey A. Lester, Esq.

374 Main Street

Hackensack, NJ 07601

Telephone: (201) 487-5544

Email: jlester@bllaw.com

*Counsel to Western Carriers, Inc.*


/s/ Frank F. Velocci

**FAEGRE DRINKER BIDDLE & REATH LLP**

Frank F. Velocci, Esq.

600 Campus Drive

Florham Park, NJ 07932

Telephone. (973) 549-7078

Email: frank.velocci@faegredrinker.com

*Counsel to Prologis*

## **Exhibit 1**

Assumption and Assignment Agreement

DocuSign Envelope ID: 3EEF4580D2FBB4B48-88A4-49A82ACF34CF

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of _____, 2023, is by and between **BED BATH & BEYOND INC.**, a New York corporation ("Assignor") and **WESTERN CARRIERS, INC.**, a Delaware corporation ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to the Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto (the "Assigned Asset(s)" or the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") approved pursuant to that certain Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III), and Granting Related Relief [Docket No. 422] ("the "Lease Sale Procedures Order"),[1] subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1.    Assignment and Assumption.

(a)    As of the Assignment Date (as hereinafter defined), Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Asset(s) including all items set forth in Section 8.

(b)    As of the Assignment Date, Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Assigned Asset(s).

2.    Payment of Purchase Price. In consideration of the assignment and assumption set forth hereof, Assignee shall pay to Assignor the sum of $10,500,000.00. On the date hereof, a deposit of $1,050,000 shall be paid by Assignee to Assignor's attorneys, Cole Schotz, P.C., who shall hold such deposit in escrow. Assignee hereby directs Cole Schotz, P.C. as escrow agent, to release such deposit to Assignor on the date of the issuance of the Bankruptcy Court Approval. The balance of the consideration shall be paid by Assignee to Assignor one business day after the issuance of the Bankruptcy Court Approval (the "Assignment Date").

---

[1] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Lease Sale Procedures Order or the Lease Sale Procedures, as applicable.

3.    <u>Lease Sale Procedures</u>.  The Lease Sale Procedures are incorporated herein by reference and Assignee expressly agrees that this Agreement shall be subject to a Lease Auction (in accordance with the timing of the Phase 1 Lease Auction) and the right of Assignor to accept a higher or better Bid for the Assigned Asset(s).  Assignor agrees that the first bid at any Lease Auction must be at least $11,000,000.00, but that thereafter the size of the bid increment and the nature and conduct of the Lease Auction shall be at the discretion of Assignor in accordance with the Lease Sales Procedures.  If this Agreement is terminated because Assignor enters into an Alternative Transaction,[2] Assignor shall pay to Assignee a Break-Up Fee[3] upon the consummation of such Alternative Transaction.

4.    <u>Assumption of Liabilities</u>.  Assignee shall assume obligations with respect to the Assigned Asset(s) accruing after the Assignment Date.  If the Assignment Date is other than the first day of a month, when rent payment is due under the Lease, then on the Assignment Date rent shall be apportioned between Assignor and Assignee such that, on the Assignment Date, Assignor shall receive, in addition to the consideration payable by Assignee under Section 2 hereof, a credit for any rent that has been paid by Assignor for the Assignment Date and any period thereafter.

5.    <u>No Further Liability of Assignor</u>.  From and after the Assignment Date, Assignor shall have no further obligations and duties with respect to the Assigned Asset(s).

6.    <u>Further Assurances</u>.  At any time and from time to time after the Assignment Date, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Asset(s).  Assignor represents that:

(a)    it has full authority to enter into this Agreement;

(b)    as of the effective date of this Assignment, to the actual knowledge of Assignor, Assignor has not received notice from the landlord under the Lease alleging that an uncured default by Assignor exists under the Lease; and

(c)    the Lease, as amended, is in full force and effect.

7.    <u>"As Is Where Is" Transaction</u>.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset(s).  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Asset(s).  Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of the Assigned Asset(s) and all such other matters relating to or affecting the Assigned Asset(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Asset(s), Assignee is doing so based upon such independent inspections and investigations.  Accordingly, Assignee will accept the Assigned Asset(s) "AS IS" and "WHERE IS."

8.    <u>Furniture, Fixtures and Equipment ("FF&E")</u>.  All of the Assignor's right, title and interest to, and possession of, any FF&E remaining at the Premises on the Assignment Date shall be vested in Assignee free and clear of any all liens and claims, including, without limitation, all racking systems, material handling equipment, forklifts, charging stations, furniture, and Assignee is free to dispose of the

---

[2] "<u>Alternative Transaction</u>" shall mean the approval by the Court of a sale or sales of a material portion of the Assigned Assets to an assignee other than Assignor.

[3] The "Break-Up Fee," within the meaning of the Lease Sale Procedures Order, shall be fixed at the sum of $315,000.00, representing an amount equal to 3.0% of the sum of the Purchase Price.

DocuSign Envelope ID: 3EEF4E80-D2FB-4B48-88A4-49A82ACF31CE

FF&E in their sole and absolute discretion without liability to Assignor. As of the Assignment Date, Assignor hereby transfers to Assignee, free and clear of all liens, claims and encumbrances, possession of, and title to, all solar facilities and equipment located at the Property, including the solar panels, racking system, combiner boxes, cable, disconnects and central inverters (the "Solar Facilities"). Assignor will execute such documents and provide such additional cooperation as may be required in order to facilitate and effect the transfer of the Solar Facilities to Assignee as of the Assignment Date, including but not limited to the execution of the GATS System Change Form attached hereto as <u>Exhibit A</u>.

9.      <u>Compliance With Law</u>. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

10.      <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to principles of conflicts of law.

11.      <u>Jurisdiction.</u>   The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

12.      <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

13.      <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

14.      <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

ASSIGNOR:
**BED BATH & BEYOND INC.,**
a New York corporation

By: _____
Name:
Its:

ASSIGNEE:
**WESTERN CARRIERS, INC.,**
a Delaware corporation
By: _____
Name: Marc Cohen
Its: Executive Vice President

## Schedule A

### Description of Lease Asset(s)

Lease dated December 9, 2010 PRW URBAN RENEWAL 1, LLC, a New Jersey limited liability company ("PRW") and BED BATH & BEYOND INC., a New York corporation, as amended by that certain First Amendment to Lease dated March 1, 2012 and by that certain Second Amendment to Lease dated March 29, 2013, pursuant to which PLD leased to BBBY certain premises consisting of approximately 191,688 square feet located at 3 Enterprise Avenue North, Secaucus, New Jersey.

**EXHIBIT A**

**GATS SYSTEM CHANGE FORM**



# GATS Ownership Transfer Request

Please complete all fields applicable to this transfer request. Incomplete requests will be rejected.

| | |
|---|---|
| GATS System Name: | |
| GATS Unit ID: | |
| Current GATS Account Name: | **Bed Bath & Beyond** |
| GATS Account to be Transferred to: | |
| System Address: | |
| State Certification Number(s): | |

### *Change in System Ownership*

Per the agreement made between the Buyer and Seller, the Buyer is entitled to the following. **Please check off one of the following selections.**

- ◉ **Change in System and REC Ownership** – The buyer purchased the system and is entitled to all the attributes including the renewable energy credit (RECs) located at this address.

- ○ **Change in System Ownership only** – The buyer purchased the system but the renewable energy credit (RECs) were not part of this purchase agreement. (Additional documentation may be required as proof)

- ○ **Change in REC Ownership only** – A buyer is only entitled to the renewable energy credit (RECs) (Additional documentation may be required as proof)

- ○ **Change in Ownership due to death/or trust** (Additional documentation may be required as proof)



| SELLER | BUYER |
|---|---|
| Name: **Bed Bath & Beyond Inc** (Printed) | Name: _____ (Printed) |
| Email Address: robert.eckhardt@bedbath.com | Email Address: _____ |
| Phone Number: **908-855-4649** | Phone Number: _____ |
| Signature: _____ | Signature: _____ |
| Date: _____ | Date: _____ |
| Closing Date: _____ ||

I, as the GATS Subscriber, recognize and accept that PJM EIS is relying on the truth, accuracy, and completeness of the certifications herein, attest that all statements are accurate, and recognize and accept that I have a continuing duty to notify PJM EIS if and when the certifications, herein made, cease to be accurate or complete.

GATS Subscriber Name[1]: _____
(Printed)

GATS Subscriber Signature: _____

Date: _____

<div style="border:1px solid">

Please email this form to the GATS Administrator.
Email: GATSAdmin@pjm-eis.com

**NOTE: Form will only be accepted if completed in its entirety and legibly.
The GATS Administrators reserve the right to request any additional documentation regarding the Transfer Ownership Request
All changes will be effective once reviewed by the GATS Administrator.**

</div>

[1] GATS Subscriber Name refers to the GATS Subscriber that is submitting the form and whose GATS Account that the system should be transferred to.

## **Exhibit 2**

Third Amendment to Lease Agreement

## THIRD AMENDMENT TO LEASE AGREEMENT

**THIS THIRD AMENDMENT TO LEASE AGREEMENT** (this "<u>Amendment</u>") is entered into as of July ___, 2023 (the "<u>Effective Date</u>"), by and between PROLOGIS, a Maryland real estate investment trust ("<u>Landlord</u>") and WESTERN CARRIERS, INC. a Delaware corporation ("<u>Assignee</u>" or "<u>Tenant</u>"). Tenant and the Landlord are referred to herein individually as a "<u>Party</u>" and collectively as the "<u>Parties</u>".

W I T N E S S E T H :

WHEREAS, Landlord and Bed Bath & Beyond Inc., a New York corporation ("<u>Prior Tenant</u>" or the "<u>Debtor</u>") entered into a Lease dated December 9, 2010 as amended by that certain First Amendment to Lease dated March 1, 2012 and by that certain Second Amendment to Lease dated March 29, 2013, pursuant to which Landlord leased to Prior Tenant certain premises consisting of approximately 191,688 square feet located at 3 Enterprise Avenue North, Secaucus, New Jersey (the "<u>Secaucus Premises</u>"), such lease, as heretofore modified, being herein referred to as the "<u>Secaucus Lease</u>". All capitalized terms not otherwise defined herein shall bear the meaning given in the Lease; and

WHEREAS, Prior Tenant, along with its affiliated debtors and debtors in possession, filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>"); and

WHEREAS, the Debtor filed a *Motion for Entry of an Order Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "<u>Motion</u>") identifying the Lease as a lease that may be assumed and assigned in connection with a sale of the Debtor's assets; and

WHEREAS, the Assignee was the successful bidder for the Lease; and

WHEREAS, on July _____, 2023, the Bankruptcy Court entered the *Consent Order Pursuant To Sections 365 And 363 Approving The Assumption And Assignment Agreement With Western Carriers, Inc. (the "Assignment Order")*; and

WHEREAS, Landlord and Tenant desire to modify the Lease on the terms and conditions set forth below.

A G R E E M E N T :

NOW THEREFORE, in consideration of the Premises and the mutual covenants hereinafter contained, the Parties hereto agree as follows:

1. The above recitals are incorporated into and made a substantive part of this Amendment.

2. Effective as of the date set forth in the Assignment Order, the Lease was transferred to the Tenant. Accordingly, Assignee agrees to perform and assume all the applicable terms, conditions, and obligations under the Lease.

3.  Except as otherwise expressly provided herein, all defined terms used in this Amendment shall have the same respective meanings as are provided for such defined terms in the Lease. The notice addresses for Landlord and Tenant during the Lease Term, as extended, shall be as follows:

Landlord:      Prologis
301 Route 17N
Suite 204
Rutherford, New Jersey 07070-2585
Attention: Managing Director of the East Region

With a copy to:    Prologis
1800 Wazee Street, Suite 500
Denver, Colorado 80202
Attention: General Counsel

Assignee:      Western Carriers, Inc.
2220 91st Street
North Bergen, New Jersey 07047
Attention: Marc Cohen, Exec. Vice President

4.  Tenant represents that it has dealt with Cushman & Wakefield as a broker in connection with this lease transaction. Tenant will be solely responsible for Cushman & Wakefield's fee. Tenant will also indemnify and hold Landlord harmless from and against any claims by the broker any other broker, agent or other person claiming a commission or other form of compensation by virtue of having dealt with Tenant with regards to this leasing transaction.

5.  Insofar as the specific terms and provisions of this Amendment purport to amend or modify or are in conflict with the specific terms, provisions and exhibits of the Lease, the terms and provisions of this Amendment shall govern and control; in all other respects, the terms, provisions and exhibits of the Lease shall remain unmodified and in full force and effect.

6.  Section 27.1 of the Lease shall be deemed amended to read as follows:

At Landlord's request, Tenant shall furnish Landlord with true and complete copies of its most recent financial statements.

7.  Landlord and Tenant hereby agree that (i) this Amendment is incorporated into and made a part of the Lease, (ii) any and all references to the Lease hereinafter shall include this Amendment, and (iii) the Lease and all terms, conditions and provisions of the Lease are in full force and effect as of the date hereof, except as expressly modified and amended hereinabove.

8. This Amendment may be executed in counterparts, each of which shall constitute an original, and which together shall constitute one and the same agreement.  This Amendment may be signed by Docu-Sign or electronic means, and copies of executed signature pages stored electronically in portable document format (.pdf) shall be binding as originals.  This Amendment is intended to bind and insure to the benefit of the parties hereto and their respective assigns, heirs, executors, administrators and representatives.

IN WITNESS WHEREOF, the parties hereto have signed this Amendment as of the day and year first above written.

**TENANT:**                                **LANDLORD:**

WESTERN CARRIERS, INC.            PROLOGIS
a Delaware corporation                 a Maryland real estate investment trust
By:                                          By:    Authorized Person


_____        _____