UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A.
Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C.
(admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

Order Filed on July 20, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

## ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF

·          The relief set forth on the following pages, numbered two (2) through sixteen (16), is

**ORDERED**.

**DATED: July 20, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|----------|-------------------------------|
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* ( the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to sell (the "Sale") that certain unexpired lease (the "Lease") identified in the Assumption and Assignment Agreement (the "Agreement") attached hereto as **Schedule 1** free and clear of liens, claims, encumbrances, and other interests; (ii) approving the assumption and assignment of the Lease to Macy's Retail Holdings, Inc. ("Macy's"); and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion and the Agreement (defined herein), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

"Hearing");and this Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor **IT IS**

**HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Any responses or objections to, or reservations of rights regarding, the entry of

this Order or the relief granted herein or requested in the Motion that have not been withdrawn,

waived, or settled, or have not otherwise been resolved, if any, are hereby denied and overruled

on the merits with prejudice. All holders of liens, claims, interests, and encumbrances

(collectively, "Interests") and other persons and entities, including landlords, that failed to timely

object, or withdrew their objections, to the Motion or this Order are deemed to consent to the

relief granted herein for all purposes.

3.      The Agreement, attached hereto as **Schedule 1**, and all of the terms and

conditions thereof, and the Sale, contemplated thereby, are hereby approved in all respects. The

failure to include specifically any particular provision of the Agreement in this Order shall not

diminish or impair the effectiveness of such provisions, it being the intent of this Court that,

unless expressly provided otherwise in this Order, the Agreement and all of its provisions,

payments and transactions, be authorized and approved in their entirety.  Likewise, all of the

provisions of this Order are not severable and mutually dependent.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

4.      Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, acting by and through their existing agents, representatives and officers, are authorized to take any and all actions necessary and appropriate to consummate the Agreement and the Sale, in accordance with the terms and conditions of the Agreement and this Order.

5.      Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, upon the Closing and pursuant to and except as otherwise set forth in the Agreement, the Lease shall be transferred to Macy's free and clear of all Interests in the Lease with all such Interests attaching to the proceeds of the Sale with the same force, effect and priority that such Interests had with respect to the Lease sold.

6.      Each holder of any Interest against the Debtors, their estates, or the Lease (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.

7.      Subject to the terms and conditions of this Order and the Agreement, upon the Closing, Macy's shall be deemed to be substituted for the Debtors as a party to the Lease and all documents related to the Lease, and the Lease shall be deemed valid and binding, in good standing, in full force and effect in accordance with their terms, and, in accordance with sections 363 and 365 of the Bankruptcy Code, Macy's shall be fully and irrevocably vested in all right,

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

title, interest of the Debtors as tenant under the Lease, free and clear of all Interests of any kind or nature whatsoever.

8.       The Debtors shall pay the landlord (the "Landlord") the applicable cure amount for the Lease. Payment of the applicable cure amount by the Debtors, either as agreed by the Debtors and the Landlord in writing or as otherwise determined by the Court, shall constitute the cure of all defaults arising under the Lease that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code). For the avoidance of doubt and notwithstanding anything to the contrary herein, the Debtors shall remain liable for any additional obligations under Lease that arise under section 365(d)(3) of the Bankruptcy Code between the date of the entry of this Order and the Closing.  Moreover, to the extent that any such obligations are not paid in accordance with the terms of the Lease prior to the Closing, the Landlord shall be entitled to request, upon such notice and a hearing as the Bankruptcy Code and the Bankruptcy Rules require or this Court otherwise orders, immediate payment of such obligations under section 365(d)(3) of the Bankruptcy Code from the Debtors and their estates, and all rights of the Debtors and their estates in connection with any such request shall be reserved.

9.       Except as otherwise agreed in writing between the Debtors and the Landlord, the determination of any disputed cure amount shall be expressly reserved for further proceedings, at which time the Debtors and the Landlord may schedule a further hearing before the Court on the issue of appropriate cure amount on at least seven (7) days' prior notice to the other party.  Upon

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

payment of such cure amount, the Debtors and the Landlord are hereby barred and permanently enjoined from asserting against one another or Macy's, including its agents, representatives, affiliates, and permitted successors and assigns, any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the Closing; *provided, however*, that nothing herein shall impair or prejudice the Landlord's right to recover from the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the Leased Premises on account of events that occurred prior to the effective date of assumption and assignment of the Lease to Macy's. Macy's shall not have any liability or obligation, including, but not limited to, any indemnification obligation to the Landlord in relation to or in connection with any default, action, liability or other cause of action under the Lease existing, arising, accruing or based upon events occurring prior to the Closing, whether asserted or not, except as specifically provided for in the Agreement.

10.      All defaults or obligations for compensation of pecuniary loss and all other pre-petition and post-petition amounts under the Lease arising prior to the Closing, including, without limitation, legal fees, interest, late charges and refurbishing obligations are deemed fully and completely satisfied by the payment by the Debtors of the cure amount with respect to the Lease.

11.      Except as set forth in this Order, from and after the assumption and assignment to Macy's of the Lease in accordance with this Order, the terms of the Lease shall be binding upon Macy's (and as may be modified by the Agreement attached hereto as **Schedule 1**), including,

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

without limitation, in the case of the Lease, any indemnification obligations expressly contained in the Lease (but expressly limited to matters arising from and after the Closing Date (as defined in the Agreement), and any rent, common area maintenance, insurance, taxes, or similar charges expressly contained in the Lease that relate to periods from and after the Closing Date; *provided, however*, that Macy's assumption of obligations and liabilities under the Lease shall be limited to obligations arising from and after the Closing Date and which relate to periods from and after the Closing Date.

12.    With respect to any provision of the Lease providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing occurs, Macy's shall only be responsible for the prorated portion of percentage rent attributable to the period after the Closing calculated on a per diem basis.

13.    Except as expressly set forth in the Agreement, Macy's and its successors and assigns shall have no liability for any claim, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as a transferee or successor or otherwise, of any kind, nature or character whatsoever, by reason of any theory of law or equity.

14.    The Debtors have met all requirements of sections 365(b) and 365(f) of the Bankruptcy Code in connection with the assumption and assignment of the Lease to Macy's. The Lease is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

15.    Macy's has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Lease.

16.    There shall be no rent accelerations, assignment fees, increases or any other fees charged to Macy's or the Debtors as a result of the assumption and assignment of the Lease.

17.    Any provisions in the Lease that prohibit or condition the assignment of the Lease or allow the Landlord to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of the Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Macy's in connection with the assumption and assignment of the Lease. The Lease shall remain in full force and effect, without existing defaults, subject only to payment by the Debtor of the appropriate cure amount.

18.    On the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Lease transferring good and marketable title in the Lease to Macy's pursuant to the terms and allocations set forth in this Order and the Agreement.

19.    To the maximum extent available under applicable law and to the extent provided for under the Agreement, Macy's shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Lease and, to the maximum extent available under applicable law and to the extent

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

provided for under the Agreement, all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to Macy's as of the Closing. All existing licenses or permits applicable to the business shall remain in place for Macy's benefit until either new licenses and permits are obtained or existing licenses and permits are transferred in accordance with applicable administrative procedures.

20.     The Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Macy's, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the premises associated with the Lease; *provided* that the Landlord does not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

21.     Solely with respect to the transaction contemplated by the Agreement and approved by this Order, any terms, conditions or provisions in the Lease that (i) prohibit or condition the assignment of the Lease for any reason, including, but not limited to, any radius, tenant mix, prohibited use, exclusive use, operating covenants, or other restrictive provisions contained in the Lease or any other contract and agreement the Debtors are a party to including, but not limited to, any restrictive covenant with any third party, (ii) allow the Landlord to cancel, terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment the Lease, (iii) provide for additional payments, i.e., so called

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

"profit" sharing/splitting, penalties, fees, charges or other financial accommodations in favor of the Landlord upon assignment of the Lease, or (iv) provide for any rights of first refusal on the Landlord's part, or any recapture or termination rights in favor of the Landlord, or any right of the Landlord to take an assignment of the Lease or by the Debtors in accordance herewith, are unenforceable, as to Macy's, and/or anti assignment provisions that are void and of no force and effect as to Macy's and are not binding on Macy's, its affiliates, its successors and assigns. For the avoidance of doubt, to the extent the Lease contains use restrictions which would otherwise prohibit Macy's from operating at the leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Macy's, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

22.     Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in the Lease that purports to be personal only to a Debtor or Debtors or to a named entity in the Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by Macy's, in accordance with the terms of the Lease. The Debtors have timely exercised any applicable extension or renewal options under the Lease, and the Lease is all in full force and effect. The Debtors have not previously rejected the Lease and the Debtors' period to assume or reject the Lease has not otherwise expired.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

23.     Notwithstanding any term of the Lease (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, (a) Macy's shall be authorized to use the leased premises, subject to section 365(b)(3) of the Bankruptcy Code, (b) Macy's shall be authorized to operate its business at the leased premises, (c) Macy's shall be authorized to make such alternations and modifications to the interior and exterior of the leased premises (including signage, together with appropriate changes to existing tenant signage in the respective shopping center, including signage affixed to the building panels on all pylons, monuments, directional and other ground and off-premises signs where the Debtors are presently represented) as are determined by Macy's and as may be permitted pursuant to the Lease, (d) remain "dark" with respect to the leased premises after such assumption and assignment of the Lease until the date is necessary to permit, but no more than 365 consecutive days, to remodel, restock, re-fixture, change signage and/or completion of the work described herein or such later date as may be reasonably required by Macy's for restoration of the leased premises following any applicable casualty/condemnation event, and (e) exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges and options granted or provided to the Debtors in or under the Lease.

24.     Notwithstanding anything to the contrary in this Order or the Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

25.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Lease shall be self-executing, and neither the Debtors nor Macy's shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

26.    By virtue of the Sale, Macy's and its affiliates, successors and assigns shall not be deemed or considered to, (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors, (b) have, de facto or otherwise, merged with or into any or all Debtors, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and Macy's has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates. Except as expressly set forth in the Agreement, Macy's and its affiliates, successors and assigns shall have no successor,

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, regulation or doctrine, whether known or unknown as of the Closing, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Closing, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the operation of the Lease prior to the Closing or arising based on actions of the Debtors taken after the Closing.

27.     The Sale is undertaken by Macy's without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of the Sale are duly stayed pending such appeal.  Macy's is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

28.     Neither the Debtors nor Macy's has engaged in any conduct that would cause or permit the Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. Accordingly, the Agreement and the Sale shall not be avoidable under

(Page | 14)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other

recovery pursuant to section 363(n) of the Bankruptcy Code in respect of Agreement or the Sale.

29.     Macy's is a party in interest and shall be entitled to be heard on all issues in these

chapter 11 cases related to the Agreement, the transaction contemplated thereby, and the

implementation or enforcement of this Order.

30.     Following the Closing, no holder of any Interest in or against the Debtors and

their bankruptcy estates or the Lease shall interfere with Macy's title to or use and enjoyment of

Lease based on or related to such Interest.

31.     The terms and provisions of the Agreement and this Order shall be binding in all

respects upon the Debtors, their estates and their creditors, any affected third parties, all holders

of equity interests in the Debtors, all holders of any claims, whether known or unknown, against

the Debtors, any holders of claims against or on all or any portion of the Lease, including, but

not limited to all contract counterparties, leaseholders, governmental units, and any trustees,

examiners, administrators, responsible officers, estate representatives, or similar entities for the

Debtors, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a

conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' chapter 11 cases, and

each of their respective affiliates, successors and assigns. The Agreement and the Order shall

inure to the benefit of the Debtors, their estates and creditors, Macy's and their respective

successors and assigns. The Agreement, the Sale and this Order shall not be subject to rejection

or avoidance by the Debtors, their estates, their creditors or any trustee, examiner or receiver.

(Page | 15)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

32.    The Debtors, including their respective officers, employees and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this Order.  The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this Order and the relief granted pursuant to this Order.

33.    Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in these chapter 11 cases, any subsequent chapter 7 or chapter 11 cases of the Debtors, or any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the terms of this Order or the Agreement.

34.    For the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

35.    In the event of any inconsistencies between this Order, the Motion, and the Agreement, this Order shall govern.

36.    The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

(Page | 16)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

37.     All time periods set forth in this Order and the Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

38.     Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

39.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

40.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

41.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

Assumption and Assignment Agreement

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of July 18, 2023, is by and between Bed Bath & Beyond Inc. ("Assignor"), Macy's Retail Holdings, LLC ("Assignee") and DDR Winter Garden, LLC ("Landlord"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases") on April 23, 2023 (the "Petition Date");

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume (the "Transaction") the unexpired lease between Assignor and Landlord identified on Schedule A attached hereto (the "Assigned Asset" or the "Lease") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases of the proposed form of sale order acceptable to Assignee and Assignor approving this Agreement (the "Sale Order"); and

WHEREAS, Landlord consents to the assumption by Assignor and assignment to Assignee of the Lease as set forth in this Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties (the "Parties") hereto agree as follows:

## AGREEMENT

1.      Assignment and Assumption. Effective upon (i) entry of the Sale Order and (ii) payment of the Purchase Price (defined herein) (the "Closing"):

(a)      Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Asset, including, without limitation, the right to possession of the Premises.

(b)      Except as specifically set forth in this Agreement, Assignee hereby assumes all of the terms, conditions and covenants of the Lease as tenant under the Lease effective as of the Closing.

(c)      For the avoidance of doubt and notwithstanding any other provision of this Agreement, Assignee shall not be responsible for and is not assuming any liabilities that arose prior to the Closing that remain unsatisfied as of the Closing, including, but not limited to, personal injury, third-party tort or property damage claims that accrued or arose before the Closing but may be adjudicated after the Closing.

(d)      For the avoidance of doubt and notwithstanding any other provision of this Agreement, any and all lease payments for the Premises or receipts, rentals, costs, charges, fees or expenses connected with the use or operation of the Premises, including all common area costs, shall be prorated between the parties on the date of Closing and Assignor shall bear its proportion thereof through the day prior to the date of Closing using the best available information at the time of the proration. Subject to the terms of the Sale Order, Assignor shall be responsible for any penalties and interest payable for rent or

other items under the Lease where the same are due as a result of an underpayment or late payment by Assignor prior to the date of Closing and Assignee shall be responsible for such amounts in respect of periods on or following the Closing. For purposes of calculating any proration, Assignor shall be responsible for amounts allocable to the period up to but not including the date of Closing. All such prorations shall be made on the basis of the actual number of days of the year and month which shall have elapsed as of the Closing.

2.      Payment of Purchase Price. As of the date hereof, Assignee has paid a ten percent (10%) deposit (the "Deposit") to Assignor. Assignee shall on or before the Closing deliver the purchase price for the Assigned Asset in the aggregate amount of $1,200,000.00 (the "Purchase Price") minus the Deposit already paid, which Purchase Price includes the amounts required to be paid to Landlord in connection with the assumption and assignment of the Lease pursuant to section 365 of the Bankruptcy Code, as identified on Schedule A hereto (the "Cure Costs"), in immediately available funds wired to the account specified by Assignor; provided that in the event the final Cure Costs include obligations or duties not identified on Schedule A hereto or in excess of the amounts listed on Schedule A hereto, absent written consent from Assignee to pay such additional and/or increased Cure Costs as part of its Purchase Price or Assignor's agreement to pay the same, Assignee may terminate this Agreement.

3.      Assumption of Liabilities. Payment by Assignor of the Cure Costs shall represent satisfaction of all defaults or other obligations of Assignor arising or accruing prior to the Closing under the Lease, including, but not limited to the Cure Costs and fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "True-Up Charge") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of the Assigned Asset, but without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code.  Assignee shall have no liability or obligation arising or accruing under the Assigned Asset prior to the Closing. Assignee shall assume all obligations with respect to the Assigned Asset arising from and after the Closing. The Lease shall be transferred to, and remain in full force and effect for the benefit of, Assignee, in accordance with its terms, as modified herein and as may be amended. Upon assumption by Assignor and payment of the Cure Costs, no default shall exist and any and all prior defaults under the Lease, if any, whether monetary or non-monetary, shall be deemed cured, and Assignee shall have no liability therefore.

4.      No Further Liability of Assignor. Upon payment of the Cure Amount, from and after the Closing, Assignor and Landlord shall have no further obligations and duties to one another with respect to the Assigned Asset; provided that nothing herein shall impair or prejudice the Landlord's right to recover from the Assignor's available insurance coverage with respect to third-party claims asserted in connection with the Assignor's use and occupancy of the Assigned Asset on account of events that occurred prior to the Closing.

5.      Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Asset.

6.      "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor and the Landlord (as to the Landlord, other than the representations and warranties in the Lease) make no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset; provided, however, (i) Assignor and Landlord warrant and represent: (a) Assignor is the tenant under all of the Lease; (b) the Lease is in full force and effect; (c) the Lease, as identified on Schedule A, is complete in listing all documents comprising the Lease and there are no other agreements (written or

verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease or that otherwise give rights with regard to use of the Premises under the Lease or limit the use of the Premises; and (ii) Assignor represents and warrants that there are no service contracts for any of the Assigned Asset which will bind Assignee after the Closing and Assignor shall terminate any and all service contracts with respect to the Lease prior to Closing or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Asset.

7.  <u>Sale Order</u>. Each party's obligation under this Agreement is expressly subject to and conditioned upon the entry of the Sale Order by the Bankruptcy Court in form and substance reasonably satisfactory to both parties, that shall, among other things, (a) approve, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, (i) the execution, delivery and performance by Assignor of this Agreement, (ii) the transfer and assignment of the Assigned Asset to Assignee on the terms set forth herein and free and clear of all liens, encumbrances, security interests, pledges, claims and/or other interests, and (iii) the performance by Assignor of its obligations under this Agreement; (b) authorize and empower Assignor to assign to Assignee the Lease; (c) order that, notwithstanding Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure, the Sale Order shall take effect immediately upon entry; (d) order that there shall be no rent accelerations, assignment fees, increases or other fees charged or chargeable to Assignee as a result of the sale and assignment of the Lease; (e) establish the Cure Costs as the amount necessary to cure all defaults under the Lease; (f) authorize Landlord to execute and deliver, upon the reasonable request of Assignee and at no cost to Landlord, any instruments, applications, consents or other documents which may be required by any governmental agency for the purpose of obtaining permits, approval of other necessary documents required for the alteration, opening and operating of the Premises by Assignee; (g) authorize the rejection of all license and concession agreements pursuant to which Assignor has granted any party a license, access or right to use all or any portion of the Premises for any purpose whatsoever; (h) find that Assignee is a "good faith" buyer within the meaning of section 363(m) of the Bankruptcy Code, not a successor of Assignor, and grant Assignee the protections of section 363(m) of the Bankruptcy Code; (i) find that Assignee shall have no liability or responsibility for any liabilities or other obligations of the Assignor arising under or related to the Assigned Asset other than as expressly set forth in this Agreement, including successor or vicarious liabilities of any kind or character, including any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity; (j) find that the assignment contemplated by this Agreement shall not be avoided pursuant to section 363(n) of the Bankruptcy Code; (k) find that all tenant contributions due and owing under the Lease have been paid in full; and (1) find that all exclusives and use restrictions contained in the Lease benefitting the Assignor continue in full force and effect, notwithstanding any closures or cessations in business operations by Assignee or Assignor.

To the extent such Sale Order is not approved by the Court, neither Assignee nor Assignor shall have any obligations under this Agreement or, solely with respect to Assignee, the entire Purchase Price, including the Deposit, shall be returned to Assignee within five (5) business days of the Court's denial or any other event that makes the entry of such Sale Order impossible, provided that Assignee (a) shall negotiate the terms of the Sale Order and modifications of the Lease (if any) with Landlord in good faith and (b) participate in the hearing to approve the Sale Order, if applicable; *provided* that such participation may be through remote attendance.

8.  <u>Assignor's Delivery of Documents</u>. Assignor shall deliver to Assignee each of the following: (i) an executed counterpart of this Agreement; (ii) all applicable state, county and municipal transfer declarations and any other required governmental certificates, provided that Assignor shall use commercially reasonable efforts to obtain and deliver such documentation to Assignee; (iii) if Assignor has any assignable rights under any Non-Disturbance Agreement, Reciprocal Easement Agreement, or any other agreement with respect to each Premises, an assignment of such rights executed by Assignor, subject to the consent of such assignment from the applicable counterparty; and (iv) all other documents (including assignments of operating agreements affecting the Premises and closing statements), affidavits, instruments

and writings reasonably required to be executed and delivered by Assignor at or prior to the entry of the Sale Order or otherwise required by law or reasonably requested by Assignee, if not previously delivered.

9.     <u>No Holdover</u>.  Assignor shall fully vacate the Assigned Asset no later than July 31, 2023. In the event Assignor fails to fully vacate the Assigned Asset as provided herein, Assignee shall have no obligation pursuant to the Lease(s) to pay any further rent, additional rent, or percentage rent unless and until Assignee complies with this Agreement.

10.     <u>Customary Modification to Lease</u>. Notwithstanding anything to the contrary herein or the Lease, solely in connection with this agreement, Landlord waives its right to terminate the Lease in accordance with Article 14 of the Lease provided Assignee opens to the public within 365 days of the Closing. For the avoidance of doubt, Assignee shall not be required to continuously operate its business from the Premises within 365 consecutive days of the Closing (the "<u>Modification</u>"). If this Modification is not approved by Landlord and/or set forth in the Sale Order, Assignee shall have the right, in its sole discretion, to terminate this Agreement with respect to the Assigned Asset and shall not be liable for any other amounts, obligations, liabilities or duties under this Agreement or the Assigned Asset.

11.     <u>Compliance With Law</u>. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

12.     <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

13.     <u>Jurisdiction.</u> The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

14.     <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

15.     <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

16.     <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital

signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR**:
Bed Bath & Beyond Inc.

By: _____
Name: _____
Title:_____

STATE OF _____          )
                                 ) SS.
COUNTY OF _____           )

And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of _____, a _____, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth. This is an acknowledgement certificate.  No oath or affirmation was administered to the signer with regard to this notarial act.

GIVEN under my hand and notarial seal this _____ day of July, 2023.

_____
Notary Public
My Commission Expires: _____

**ASSIGNEE**:

Macy's Retail Holdings, LLC

By: _____

Name: _____

Title:_____

STATE OF _____        )
                                 )  SS.
COUNTY OF _____           )

      And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of Macy's Retail Holdings, LLC, an Ohio limited liability company, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth.  This is an acknowledgement certificate.  No oath or affirmation was administered to the signer with regard to this notarial act.

      GIVEN under my hand and notarial seal this ____ day of July, 2023.

            _____

            Notary Public

            My Commission Expires: _____

**LANDLORD**:

DDR Winter Garden, LLC


By: _____

Name: _____

Title:_____


STATE OF _____                    )
                                            ) SS.
COUNTY OF _____                       )

      And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of _____, a _____, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth.  This is an acknowledgement certificate.  No oath or affirmation was administered to the signer with regard to this notarial act.

      GIVEN under my hand and notarial seal this _____ day of July, 2023.


_____

Notary Public
My Commission Expires: _____

**<u>SCHEDULE A</u>**

**Description of Assigned Asset**

| Store No. | Center Name | Address | Description of Lease | Cure Costs |
|---|---|---|---|---|
| 1338 | Winter Garden Village | 3251 Daniels Road, Winter Garden, Florida 34787 | • Lease Agreement, dated as of August 10, 2010<br>• Memorandum of Lease made as of August 10, 2010 and recorded in Book 10090, Page 8616 | $TBD |

0028924.0759558   4892-2584-9969v2