UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

TROUTMAN PEPPER HAMILTON SANDERS LLP
Jessica D. Mikhailevich
875 Third Avenue
New York, NY 10022
Telephone: (212) 704.6350
Fax:        (212) 704.6288
Email: Jessica.Mikhailevich@troutman.com

-and-

Matthew R. Brooks
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Email: matthew.brooks@troutmansanders.com

*Counsel for NPMC Retail, LLC*

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

Re: D.I. 714

## NPMC RETAIL, LLC'S OBJECTION TO THE DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

NPMC Retail, LLC ("NPMC"), by and through its undersigned counsel, hereby objects (this "Objection") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 714] (the "Cure Notice")[2] filed by the above-captioned debtors and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Cure Notice.

debtors-in-possession (the "Debtors"). In support of this Objection, NPMC respectfully states as follows:

## BACKGROUND

1. On April 23, 2023 (the "Petition Date") the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. Prior to the Petition Date, CP Venture Two LLC executed that certain *Lease Agreement*, dated December 22, 2009, pursuant to which it leased to Debtor Bed Bath & Beyond Inc. the premises located at the North Point Market Center in Alpharetta, Georgia (the lease agreement, as amended, modified, extended, supplemented or assigned, is hereinafter referred to as the "Lease"). Thereafter, the Lease was assigned to NPMC pursuant to that *Assignment of Leases and Intangible Property*, dated March 29, 2017.

3. On April 25, 2023, the Court entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Approving Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief* [D.I. 92] (the "Bidding Procedures Order").

4. Pursuant to the Bidding Procedures Order, the Debtors filed the Cure Notice on June 13, 2023. Exhibit A to the Cure Notice lists, among other things, (i) certain executory contracts and unexpired leases the Debtors may assume and assign to the Successful Bidder and (ii) the purported cure amount for each such executory contract or unexpired lease. The deadline to object to a cure amount in the Cure Notice was June 26, 2023, at 5:00 p.m. (ET) (the "Cure Objection Deadline").

5. The Lease is included in Exhibit A to the Cure Notice as a lease the Debtors may assume and assign.[3] *See* Cure Notice, Ex. A. The Debtors have asserted that the cure amount for the Lease is $0.00 (the "Proposed Cure Amount"). *Id*.

6. Based on a review of its books and records, NPMC submits that the Proposed Cure Amount is incorrect. As of the date hereof, the amount required to cure all defaults under the Lease is not less than $159,581.21, exclusive of interest, penalties, and fees, including attorneys' fees and costs (the "Cure Amount").[4] The Cure Amount consists of outstanding rent for July 2023 as well as certain tax and CAM reconciliation charges.

## OBJECTION

7. NPMC objects to the Cure Notice and Proposed Cure Amount because the Debtors failed to provide sufficient notice. The Debtors were required to provide NPMC with notice of the Debtors' intent to potentially assume the Lease. Bidding Procedures Order ¶ 19(a) (requiring the Debtors to serve a notice of contract assumption via first class mail at the notice addresses set forth in the applicable lease); *see also Century Indemnity Co. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 513 (5th Cir. 2000) (holding that the Debtors must assure that the contract counterparty receives notice of the Debtors' intent to assume a contract).

8. The affidavit of service filed in connection with the Cure Notice does not show service on NPMC. *See* D.I. 758. Because NPMC was never provided notice, NPMC is not bound by the Cure Amount identified in the Cure Notice. *Nat'l Gypsum*, 208 F.3d at 513 (acknowledging

---

[3] Upon review, NPMC notes that the Lease was listed for auction in the *Notice of (I) Phase 2 Lease Auction and Potential Lease Sale Hearing and (II) Extension of Dates and Deadlines Related Thereto* [D.I. 1162]. However, PC Venture Two LLC was listed as the contract counterparty—not NPMC. Thereafter, the Lease appears to have been removed from the final lease list pursuant to the *Supplemental Notice of Phase 2 Lease Auction, Qualified Bids, Lease Sale Hearing, and Related Lease Asset Information* [D.I. 1392]. NPMC files this Objection out of an abundance of caution to the extent the Debtors intend to list the Lease on any future lease list for auction.

[4] Documentation supporting NPMC's asserted cure amount may be provided upon request.

that absent sufficient notice, the contract counterparty is not bound by the consequences of failing to timely object to a cure amount).[5]

9. Notwithstanding the improper notice, NPMC objects to the Proposed Cure Amount. As stated above, the Cure Amount is not less than $159,581.21, exclusive of interest, penalties, and fees, including attorneys' fees and costs. Until the Debtors confirm they intend to pay the Cure Amount, the Debtors may not assume the Lease nor can they assign the Lease to any third party in connection with any of the pending auctions or proposed future auction(s). *See* 11 U.S.C. § 365(b) (requiring debtors to cure all defaults prior to assuming a contract).

10. Nothing in this Objection is intended to be, or should be construed as, a waiver by NPMC of any of their rights under the Lease, the Bankruptcy Code, or applicable law.[6] NPMC expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the correct cure amount; (b) amend the correct cure amount; (c) assert any nonmonetary defaults under the Lease; (d) assert any rights for indemnification or contribution arising under the Lease; and (e) assert any further objections as it deems necessary or appropriate, including, but not limited to, the right to assert the failure of any successful bidder to provide adequate assurance of future performance.

---

[5] Given the lack of proper service, NPMC learned about the Cure Notice only recently after the proposed objection deadline. Nonetheless, it promptly investigated the issue and obtained counsel – who immediately raised the issue with the debtors via email (without response) and promptly filed this Objection. NPMC's eventual knowledge regarding the proposed Lease sale or perceived general knowledge that the Debtors' bankruptcy cases are pending does not negate the Debtors' burden to provide NPMC with sufficient notice of the Cure Notice and Proposed Cure Amount. *Nat'l Gypsum*, 2018 F.3d at 514.

[6] To the extent this Court determines that there was sufficient service of the Cure Notice, NPMC requests leave to file a late objection.

160229553v1

WHEREFORE, NPMC respectfully requests that the Court enter an order (i) sustaining this Objection and (ii) granting such other and further relief as is just.

Dated: July 21, 2023                                          Respectfully submitted,

/s/ Jessica D. Mikhailevich
Jessica D. Mikhailevich
New Jersey Bar No. 026412009
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704.6350
Fax:           (212) 704.6288
Email: Jessica.Mikhailevich@troutman.com

 - and -

Matthew Ray Brooks
New York Bar No. 1176951
(*Pro Hac Vice* forthcoming)
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Email: matthew.brooks@troutman.com

*Counsel for NPMC Retail, LLC*