**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# NOTICE OF HEARING ON DEBTORS' MOTION

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**SEEKING ENTRY OF AN ORDER (I) PURSUANT TO
SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING
DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF
<u>NON-RESINDETIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF</u>**

**PLEASE TAKE NOTICE** that on **August 15**, 2023, at 2:30 p.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), by and through their undersigned proposed counsel, shall move (the "<u>Motion</u>") before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, in Courtroom 3B of the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "<u>Order</u>"), substantially in the form submitted herewith, extending the Debtors' time to reject or assume executory contracts and unexpired leases and granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "<u>General Order</u>") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at <u>www.njb.uscourts.gov</u>, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in

Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/bbby.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: July 21, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**DEBTORS' MOTION SEEKING ENTRY OF AN
ORDER (I) PURSUANT TO SECTION 365(D)(4) OF
THE BANKRUPTCY CODE EXTENDING DEBTORS'
TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF
NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

TO:  THE HONORABLE JUDGE VINCENT F. PAPALIA

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):[2]

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order") to (a) extend the Debtors' time to assume or reject unexpired leases of

non-residential real property (collectively, the "Unexpired Leases")[3] for an additional ninety days

for a total of 210 days from the Petition Date through and including November 20, 2023,[4] and (b)

granting related relief.  The Debtors further request that the proposed extension be without

prejudice to the Debtors' right to seek additional extensions of the time to assume or reject the

---

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration").  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

[3]    Notwithstanding anything to the contrary, the Debtors are not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

[4]    The Solicitation Period currently expires on August 21, 2023. 90 days after August 21, 2023 is November 19, 2023, which falls on a Sunday.  Pursuant to Bankruptcy Rule 9006(a)(1)(C), "if the last day [of a period stated in days] is a . . . Sunday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1), (a)(1)(C). Accordingly, the requested 90-day extension here would expire on November 20, 2023.

Unexpired Leases as contemplated under section 365(d)(4)(B)(ii) of the Bankruptcy Code with the consent of the applicable Unexpired Lease counterparty.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 365(d)(4)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2023, the Court entered an order [Docket No. 75] authorizing procedural consolidation and joint administration of these chapter 11 cases (these "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b).  On May 5, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee

3

of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee")
[Docket No. 218].

### The Unexpired Leases

6.      The Debtors are party to thousands of contracts, which include, among other
agreements, contracts with vendors for the supply of goods and services, contracts related to the
operation of the Debtors' businesses, and leases with respect to real and personal property.  As of
the Petition Date, over 900 of these Contracts were leases of non-residential real property subject
to section 365(d)(4) of the Bankruptcy Code.  Bed Bath & Beyond also closed over 430 locations
across the United States and Canada before filing these Chapter 11 Cases, implementing full scale
winddowns of their Canadian business and the Harmon branded stores.

7.      On May 17, 2023, the Debtors received court approval to reject 476 of their leases
pursuant to the Court's *Order (I) Authorizing (A) Rejection of Certain Unexpired Leases and (B)
Abandonment of Any Personal Property, Effective as of the Rejection Date and (II) Granting
Related Relief* [Docket No. 373] (the "Lease Rejection Order").   In the intervening months,
the Debtors have engaged with prospective bidders and conducted two auctions for their
Unexpired Leases.  These auctions have produced several successful bidders, providing an avenue
for the Debtors to realize value for their stakeholders in the form of assumption and assignment of
certain of their Unexpired Leases (the "Auction Leases").  While the vast majority of the Debtors'
Unexpired Leases will be designated for either assumption and assignment or rejection by the date
this Motion is heard, there are certain objections outstanding with respect to a subset of the Auction
Leases.  Currently, the initial 120-day period to assume or reject such leases will expire on August
21, 2023 (the "365(d)(4) Deadline") pursuant to section 365(d)(4) of the Bankruptcy Code.  To
allow sufficient time to either consensually resolve or otherwise litigate such objections, it is
imperative that the Debtors preserve optionality as to their remaining Unexpired Leases.

4

8.      Given the timeline of these Chapter 11 Cases, the Debtors are hopeful that any potential objections related to the assumption and assignment of their Unexpired Leases will be resolved before the current 365(d)(4) Deadline.  However, to account for any potential changes in this anticipated timeline, the Debtors seek to avoid any limitations on their ability to make informed decisions by filing this Motion, which seeks a customary extension of the 365(d)(4) Deadline.

9.      The Debtors have actively worked, and continue to work, alongside their key stakeholders to facilitate a value-maximizing winddown of the Debtors' businesses.  Specifically, prior to and since the Petition Date, the Debtors and their professionals have focused on, among other things:

(a)      stabilizing the Debtors' business operations;

(b)      analyzing their store footprint and initiating store closings enterprise-wide;

(c)      negotiating and obtaining approval of the Debtors' postpetition debtor-in-possession financing to address the Debtors' liquidity needs;

(d)      obtaining relief that will enable the Debtors to continue operating their business in the ordinary course, including obtaining approval to pay employee wages and potential lien claimants, among others; and

(e)      negotiating, drafting, and filing the *Joint Plan of Reorganization of Bed Bath & Beyond Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Affiliates* [Docket No. 1429] (the "Plan").

10.      An extension of the 365(d)(4) Deadline at this juncture will provide the Debtors' stakeholders with the certainty that the Debtors have adequate time to make final determinations with respect to their Unexpired Leases.

**Basis for Relief**

11.     Section 365(d)(4) of the Bankruptcy Code provides:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall not be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

12.     The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. Although the decision to extend a debtor's time to assume or reject unexpired leases of nonresidential real property generally is within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including:

(a)     whether the lessor continues to receive rent for the use of the property;

(b)     whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the Bankruptcy Code;

(c)     whether the lease is an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

(d)     whether the case is complex and involves large numbers of leases;

6

> (e)     whether the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization; or

> (f)     the existence of any other facts indicating the lack of a reasonable time to decide whether to assume or reject the lease.

*See In re Panaco, Inc.,* 2002 WL 31990368 at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (listing similar factors to consider when determining whether to extend deadline); *South St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.),* 94 F.3d 755, 761 (2d Cir. 1996) (same); *In re Beautyco, Inc.,* 307 B.R. 225, 231 (Bankr. N.D. Okla. 2004) (same); *In re Am. Healthcare Mgmt., Inc.,* 900 F.2d 827, 830 (5th Cir. 1990) (recognizing that a court may extend the deadline under section 365(d)(4) if "there is 'cause' for granting the extension"); *In re Legacy Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.),* 989 F.2d 682, 689 (3d Cir. 1993), cert. denied, 510 U.S. 865 (1993); *see also In re GST Telecom Inc.,* No. 00-1982-GMS, 2001 U.S. Dist. LEXIS 8817, at *9 (D. Del. June 8, 2001) (stating that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

13.     The Third Circuit has specifically found that:

> "Nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that is attempting to develop. …[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time to analyze leases in light of the plan it is formulating."

*In re Channel Home Ctrs., Inc.*, 989 F.2d at 689.

14.     The purpose of this extension is to allow the Debtors additional time to carefully evaluate the assumption and assignment of Unexpired Leases and to resolve any outstanding or forthcoming objections so that they can preserve optionality to maximize the value of their estates. The Debtors' successful administration of these Chapter 11 Cases requires a careful analysis of the Unexpired Leases to determine if value can be extracted through a transfer to a prospective

assignee.  The Debtors are moving forward on an expedited timeline and have made a designation

with respect to either the assumption and assignment or the rejection of the majority of their leases,

but seek by this Motion to preserve the status quo and ensure they can maximize value without

being constrained by the initial 365(d)(4) Deadline.

15.     Applying these factors to the circumstances of this case leads to the conclusion that

the relief requested should be granted.  The relief requested in this Motion is appropriate and in

the best interest of the Debtors, their estates, and their stakeholders.

16.     *First*, the Unexpired Leases are important assets from which the Debtors are

seeking to extract value for the benefit of all stakeholders.

17.     *Second*, the proposed 90-day extension will not prejudice the landlords under the

Unexpired Leases.  *See In re Bon Ton Restaurant & Pastry Shop, Inc.,* 52 B.R. 850, 854-55 (Bankr.

N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not

prejudiced by an extension of the section 365(d)(4) deadline).  Pending the Debtors' decision to

assume or reject the Unexpired Leases, the Debtors have been and intend to continue timely

performing all undisputed obligations thereunder such as payment of monthly rents in the ordinary

course postpetition to the extent required by section 365(d)(3) of the Bankruptcy Code, unless

otherwise waived by the applicable landlord.  As such, the Debtors' requested extension of time

to assume or reject the Unexpired Leases will not prejudice or otherwise affect the substantive

rights of the lessors under the Unexpired Leases.  *See, e.g., In re Am. Healthcare Mgmt., Inc.*, 900

F.2d at 833 ("[A]n order extending the time for a debtor to assume or reject a lease merely

preserves the status quo.").

18.     *Third*, courts frequently grant debtors additional time to assume or reject unexpired

nonresidential leases pursuant to section 365(d)(4) of the Bankruptcy Code, particularly in

complex matters such as these Chapter 11 Cases. *See, e.g., In re Blockfi Inc.,* No. 22-19361 (MBK)

(Bankr. D.N.J. March 24, 2023) (authorizing the extension of debtors' time to assume or reject

unexpired leases of non-residential real properties by 90 days); *In re National realty Investment*

*Advisors, LLC,* No. 22-14539 (JKS) (Bankr. D.N.J. Oct. 5, 2022) (same); *In re Congoleum*

*Corporation,* No. 20-18488 (MBK) (Bankr. D.N.J. Nov. 11, 2020) (same); *In re Forever 21, Inc.*

No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019); *In re PES Holdings, LLC,* No. 19-11626 (KG)

(Bankr. D. Del. Nov. 4, 2019) (same).[5]

19.     Accordingly, the Debtors submit that cause exists for the Court to extend the time

within which the Debtors may assume or reject any of the Unexpired Leases for an additional

ninety days, through and including November 20, 2023.

### Request of Waiver of Stay

20.     To the extent that the relief sought in the Motion constitutes a use of property under

section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under

Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtors request that the Court find

that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested

in this Motion is immediately necessary for the Debtors to be able to preserve the value of their

estates.

### Waiver of Memorandum of Law

21.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

---

[5]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these
orders are available upon request of the Debtors' counsel.

**Reservation of Rights**

22.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**No Prior Request**

23.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

24.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of New Jersey; (b) the Committee; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agent counsel thereto; (e) Davis Polk & Wardwell, LLP, and Greenberg

Traurig, LLP, in their capacity as counsel to the Prepetition ABL Agent; (f) the indenture trustee

to the Debtors' Senior Unsecured Notes; (g) the United States Attorney's Office for the District of

New Jersey; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission;

(j) the attorneys general in the states where the Debtors conduct their business operations; (k) the

monitor in the CCAA proceeding and counsel thereto; (l) the Debtors' Canadian Counsel; (m) the

Landlords under Unexpired Leases; and (n) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no

other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: July 21, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:        msirota@coleschotz.com
                  wusatine@coleschotz.com
                  fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:        joshua.sussberg@kirkland.com
                  emily.geier@kirkland.com
                  derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Pursuant to Section 365(D)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real property and (II) Granting Related Relief |

The relief set forth on the following pages, numbered three (3) through six (6), is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Pursuant to Section 365(D)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real property and (II) Granting Related Relief |

Upon the *Debtor's Motion Seeking Entry of an Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to extend the time within which the Debtors must assume or reject the Unexpired Leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Pursuant to Section 365(D)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real property and (II) Granting Related Relief |

1.       The Motion is **GRANTED** on a basis as set forth herein.

2.       The time period within which the Debtors must assume or reject Unexpired Leases pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code is extended through and including November 20, 2023; *provided*, that if the Debtors file a motion to assume or reject an Unexpired Lease prior to such date, the time period within which the Debtors must assume or reject such Unexpired Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date that the Court enters an order granting or denying such motion.

3.       This Order is without prejudice to the right of the Debtors to request additional extensions of time to assume or reject the Unexpired Leases consistent with section 365(d)(4) of the Bankruptcy Code.

4.       Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Pursuant to Section 365(D)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real property and (II) Granting Related Relief |

applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5.     The relief granted by this Order shall not affect the ability of the Debtors to assume or reject any Unexpired Leases.

6.     Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

7.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Pursuant to Section 365(D)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real property and (II) Granting Related Relief |

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.