# EXHIBIT 1

| Date Filed | State Filed | Alternate BU | Legal Entity Name | Lease Number | Tenant Number | Store Number | GL Date | Bill Code | Name - Remark | Date Range Billed | Gross Amount | Total Amt Due | Pre-Petition Charges thru 4/22/2023 | Post-Petition Charges 4/23/2023-current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 6/10/2022 | RCAM | RCAM/RINS 1/1/2021-12/31/2021 | 1/1/22 - 12/31/22 | (7,583.53) | (7,583.53) | (7,583.53) | |
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 6/10/2022 | RINS | RCAM/RINS 1/1/2021-12/31/2021 | 1/1/22 - 12/31/22 | 6,025.14 | 6,025.14 | 6,025.14 | |
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 7/1/2022 | AMR | Annual Minimum Rent | 07/01/22 - 07/31/22 | 23,250.36 | 23,250.36 | 23,250.36 | |
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 2/2/2023 | RINS | RCAM/RINS  1/1/22 - 12/31/22 | 02/01/23 - 02/28/23 | 6,338.82 | 6,338.82 | 6,338.82 | |
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 4/1/2023 | AMR | Annual Minimum Rent | 04/01/23 - 04/30/23 | 23,250.36 | 17,050.26 | 17,050.26 | (0.00) |
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 4/1/2023 | CAM | CAM (Escrow / Deposit) | 04/01/23 - 04/30/23 | 3,155.21 | 2,313.82 | 2,313.82 | (0.00) |
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 4/12/2023 | LATE | Generated Fee or Interest | 04/01/23 - 04/30/23 | 1,320.28 | 1,320.28 | 1,320.28 | |
| 4/23/2023 | NJ | 166001 - Arapahoe Crossings | ERP Mingo Marketplace, LLC | 1660071 | 875373 - Buy Buy Baby | 1161 | 6/26/2023 | RRET | 2022 Tax Reconciliation | 1/1/22 - 12/31/22 | 90,685.91 | 90,685.91 | | 90,685.91 |
| | | | | | | | | | **Totals** | | 146,442.55 | 118,892.08 | 28,206.17 | 90,685.91 |

# EXHIBIT 2

| Date Filed | State Filed | Alternate BU | Legal Entity Name | Lease Number | Tenant Number | Store Number | GL Date | Bill Code | Name - Remark | Date Range Billed | Gross Amount | Total Amt Due | Pre-Petition Charges thru 4/22/2023 | Post-Petition Charges 4/23/2023-current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/23/2023 | NJ | 185601 - Delco Plaza | Brixmor/IA Delco Plaza, LLC | 1856010 | 875372 - Bed Bath & Beyond | 49 | 3/10/2023 | RRET | RRET 01/01/22-12/31/22 | 01/01/2022 - 12/31/2022 | 41,249.92 | 41,249.92 | 41,249.92 | |
| 4/23/2023 | NJ | 185601 - Delco Plaza | Brixmor/IA Delco Plaza, LLC | 1856010 | 875372 - Bed Bath & Beyond | 49 | 4/24/2023 | RCAM | RCAM/RINS 1/1/2022-12/31/22 | 01/01/2022 - 12/31/2022 | 45,776.85 | 45,776.85 | | 45,776.85 |
| 4/23/2023 | NJ | 185601 - Delco Plaza | Brixmor/IA Delco Plaza, LLC | 1856010 | 875372 - Bed Bath & Beyond | 49 | 4/24/2023 | RINS | RCAM/RINS 1/1/2022-12/31/22 | 01/01/2022 - 12/31/2022 | 11,790.58 | 11,790.58 | | 11,790.58 |
| | | | | | | | | | Totals | | 98,817.35 | 98,817.35 | 41,249.92 | 57,567.43 |

# EXHIBIT 3

| Date Filed | State Filed | Alternate BU | Legal Entity Name | Lease Number | Tenant Number | Store Number | GL Date | Bill Code | Name - Remark | Date Range Billed | Gross Amount | Total Amt Due | Pre-Petition Charges thru 4/22/2023 | Post-Petition Charges 4/23/2023-current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 12/8/2022 | UG | UG 10/01/22-10/31/22 | 10/01/2022 - 10/31/2022 | 151.98 | 151.98 | 151.98 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 2/8/2023 | UG | UG 12/01/22-12/31/22 | 12/01/2022 - 12/31/2022 | 1,130.72 | 1,130.72 | 1,130.72 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 2/15/2023 | DUP | ACH-DUP UG 11/01/22-11/30/22 | | (818.04) | (818.04) | (818.04) | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 3/3/2023 | UG | UG 01/01/23-01/31/23 | 01/01/2023 - 01/31/2023 | 953.86 | 953.86 | 953.86 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 3/3/2023 | UW | UW 12/31/22-01/31/23 | 12/1/2022 - 01/31/2023 | 68.70 | 68.70 | 68.70 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 3/10/2023 | DUP | ACH-DUP UW 10/31/22-11/30/22 | | (30,778.11) | (49.71) | (49.71) | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/1/2023 | AMR | Annual Minimum Rent | 04/01/2023 - 04/30/2023 | 27,497.16 | 20,164.58 | 20,164.58 | (0.00) |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/1/2023 | CAM | CAM (Escrow / Deposit) | 04/01/2023 - 04/30/2023 | 2,618.78 | 1,920.44 | 1,920.44 | 0.00 |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/1/2023 | INS | Insurance | 04/01/2023 - 04/30/2023 | 612.46 | 449.14 | 449.14 | 0.00 |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/3/2023 | RCAM | RCAM/RINS 1/1/2022-12/31/2022 | 01/01/2022 - 12/31/2022 | 315.32 | 315.32 | 315.32 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/3/2023 | RINS | RCAM/RINS 1/1/2022-12/31/2022 | 01/01/2022 - 12/31/2022 | (182.56) | (182.56) | (182.56) | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/6/2023 | UG | GAS 02/01/23-02/28/23 | 02/01/2023 - 02/28/2023 | 674.49 | 674.49 | 674.49 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/6/2023 | UW | Water 01/31/23-02/28/23 | 01/31/2023 - 02/28/2023 | 44.59 | 44.59 | 44.59 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 4/12/2023 | LATE | Generated Fee or Interest | 04/01/2023 - 04/30/2023 | 1,536.42 | 1,536.42 | 1,536.42 | |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 5/3/2023 | UG | UG 03/01/23-03/31/23 | 03/01/2023 - 03/31/2023 | 402.66 | 402.66 | | 402.66 |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 5/3/2023 | UW | UW 02/28/23-03/20/23 | 02/28/2023 - 03/20/2023 | 42.65 | 42.65 | | 42.65 |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 6/7/2023 | UG | UG 04/01/23-05/11/23 | 04/01/23-05/11/23 | 187.52 | 187.52 | | 187.52 |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 6/7/2023 | UW | UW 03/20/23-04/18/23 | 03/20/23-04/18/23 | 50.32 | 50.32 | | 50.32 |
| 4/23/2023 | NJ | 518201 - Westminster City Center | Brixmor GA Westminster LLC | 5182050 | 875372 - Bed Bath & Beyond | 3138 | 6/16/2023 | RRET | RRET 01/01/22-12/31/22 | 1/01/22-12/31/22 | 54,387.71 | 54,387.71 | | 54,387.71 |
| | | | | | | | | | **Totals** | | 58,896.63 | 81,430.79 | 26,359.93 | 55,070.86 |

# **EXHIBIT 4**

| Date Filed | State Filed | Alternate BU | Legal Entity Name | Lease Number | Tenant Number | Store Number | GL Date | Bill Code | Name - Remark | Date Range Billed | Gross Amount | Total Amt Due | Pre-Petition Charges thru 4/22/2023 | Post-Petition Charges 4/23/2023-current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 3/26/2021 | UW | 3rd Qtr 2020 Sewer/Water Rec | 03/01/21 - 03/31/21 | 432.39 | 432.39 | 432.39 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 3/30/2021 | UW | Q4 2020 Water Reconciliation | 03/01/21 - 03/31/21 | 1,168.55 | 1,168.55 | 1,168.55 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 6/21/2021 | UW | 1st Qtr 2021 Sewer/Water Rec | 06/01/21 - 06/30/21 | 505.21 | 505.21 | 505.21 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 9/24/2021 | UW | 2nd Qtr 2021 Sewer/Water Rec | 09/01/21 - 09/30/21 | 538.09 | 538.09 | 538.09 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 12/23/2021 | UW | Q3 2021 Water Reconciliation | 12/01/21 - 12/31/21 | 736.51 | 736.51 | 736.51 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 12/27/2021 | UW | Q4 2021 Water Reconciliation | 12/01/21 - 12/31/21 | 330.92 | 330.92 | 330.92 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 3/28/2022 | UW | 1st Qtr 2022 Sewer/Water Rec | 03/01/22 - 03/31/22 | 647.07 | 647.07 | 647.07 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 6/21/2022 | UW | 2nd Qtr 2022 Sewer/Water Rec | 06/01/22 - 06/30/22 | 525.86 | 525.86 | 525.86 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 10/27/2022 | UW | 3rd Qtr 2022 Sewer/Water Rec | 10/01/22 - 10/31/22 | 457.98 | 457.98 | 457.98 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 11/3/2022 | RRET | RRET 1/1/21-12/31/21 | 01/01/21 - 12/31/21 | 38,552.19 | 16,245.71 | 16,245.71 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 12/20/2022 | METR | TBB-9065 - Resource Energy Sys | 12/01/22 - 12/31/22 | 2,702.26 | 2,702.26 | 2,702.26 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 12/22/2022 | UW | 4th Qtr 2022 Sewer/Waer Rec | 12/01/22 - 12/31/22 | 390.51 | 390.51 | 390.51 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 3/20/2023 | UW | UW 11/18/22-12/21/22 | 11/18/22 - 12/21/22 | 134.32 | 134.32 | 134.32 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 3/20/2023 | UW | UW 12/22/22-01/31/23 | 12/22/22 - 01/31/23 | 88.31 | 88.31 | 88.31 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 3/23/2023 | RRET | RV RRET 1/1/21-12/31/21 Adj | 01/01/21 - 12/31/21 | 22,306.48 | 22,306.48 | 22,306.48 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 4/6/2023 | UW | UW 01/31/23-02/22/23 | 01/31/23 - 02/22/23 | 54.71 | 54.71 | 54.71 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143075 | 875372 - Bed Bath & Beyond | 3064 | 5/22/2023 | UW | UW 02/22/23-03/23/23 | 02/22/23 - 03/23/23 | 69.83 | 69.83 | | 69.83 |
| | | | | | | | | | **Totals** | | 69,641.19 | 47,334.71 | 47,264.88 | 69.83 |

# EXHIBIT 5

| Date Filed | State Filed | Alternate BU | Legal Entity Name | Lease Number | Tenant Number | Store Number | GL Date | Bill Code | Name - Remark | Date Range Billed | Gross Amount | Total Amt Due | Pre-Petition Charges thru 4/22/2023 | Post-Petition Charges 4/23/2023-current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 12/1/2022 | DTT | ACH - WTR EML FOR APPL | | (23,781.98) | (1,298.86) | (1,298.86) | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 2/1/2023 | RETX | Real Estate Tax (Escrow) | 02/01/23 - 02/28/23 | 2,978.85 | 2,978.85 | 2,978.85 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 3/1/2023 | RETX | Real Estate Tax (Escrow) | 03/01/23 - 03/31/23 | 2,978.85 | 2,978.85 | 2,978.85 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 3/9/2023 | DTT | ACH - INS ADJ JAN 2023 | | (23,778.28) | (431.72) | (431.72) | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 3/20/2023 | UW | UW 11/18/22-12/21/22 | 11/18/22 - 12/21/22 | 134.32 | 134.32 | 134.32 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 3/20/2023 | UW | UW 12/22/22-01/31/23 | 12/22/22 - 01/31/23 | 215.62 | 215.62 | 215.62 | |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 4/1/2023 | AMR | Annual Minimum Rent | 04/01/23 - 04/30/23 | 20,994.42 | 15,395.91 | 15,395.91 | - |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 4/1/2023 | CAM | CAM (Escrow / Deposit) | 04/01/23 - 04/30/23 | 1,488.70 | 1,091.71 | 1,091.71 | - |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 4/1/2023 | INS | Insurance | 04/01/23 - 04/30/23 | 431.72 | 316.59 | 316.59 | - |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 4/1/2023 | RETX | Real Estate Tax (Escrow) | 04/01/23 - 04/30/23 | 2,978.85 | 2,978.85 | 2,184.49 | 794.36 |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 5/1/2023 | RETX | Real Estate Tax (Escrow) | 5/1/23-5/31/23 | 2,978.85 | 2,978.85 | | 2,978.85 |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 5/2/2023 | RETX | 2022 rcam/rins | 1/1/22-12/31/22 | 2,680.59 | 2,680.59 | | 2,680.59 |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 6/1/2023 | RETX | Real Estate Tax (Escrow) | 6/1/23-6/31/23 | 2,978.85 | 2,978.85 | | 2,978.85 |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 4/6/2023 | UW | 3/23/23-5/31/23 | 3/23/23-5/31/23 | 207.77 | 207.77 | | 207.77 |
| 4/23/2023 | NJ | 114301 - Westridge Court | Brixmor Holdings 6 SPE, LLC | 1143050 | 875373 - Buy Buy Baby | 3064 | 7/1/2023 | RETX | Real Estate Tax (Escrow) | 7/1/23-7/31/23 | 2,978.85 | 2,978.85 | | 2,978.85 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | **Totals** | (3,534.02) | 36,185.03 | 23,565.77 | 12,619.27 |

# EXHIBIT 6

Bed Bath & Beyond, Inc. t/a Bed Bath & Beyond #810
Assembly Square Marketplace, Somerville, Massachusetts
Landlord: FR Assembly Square, LLC
Security Deposit:  None
Guarantor:  None
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2029

## Pre-petition

| | | |
|---|---|---:|
| 9/1/2022 | Balance of 0922 - CAM Majors Estimate | 433.47 |
| | | ------------------ |
| Total Pre-petition Arrearage: | | 433.47 |

## Post-petition

| | | |
|---|---|---:|
| 05/05/2023 | RE Tax Semi-Annually | 55,021.87 |
| 06/07/2023 | CAM Majors 2022 YE | 9,467.65 |
| | | ------------------ |
| **Total Admin Claim:** | | **64,489.52** |

## TOTAL CLAIMS:                64,922.99

# EXHIBIT 7

Bed Bath & Beyond, Inc. t/a Bed Bath & Beyond #110
Barracks Road Shopping Center, Charlottesville, Virginia
Landlord: Federal Realty OP LP
Security Deposit:  None
Guarantor:  None
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2026

## Pre-petition

| | | |
|---|---|---:|
| 7/2/2020 | APP: Admin Fee 6/30/2020 | 75.00 |
| 12/11/2020 | Balance of Payment | (983.95) |
| 6/2/2022 | ALA: 5/26/2022 License Agreeme | 100.00 |
| 6/14/2022 | Balance of Payment | (574.77) |
| 10/3/2022 | Balance of Payment | (193.36) |
| 4/19/2023 | Balance of Payment | (770.85) |
| | | ------------------ |
| Total Pre-petition Arrearage: | | (2,347.93) |

## Post-petition

| | | |
|---|---|---:|
| 06/08/2023 | 2022 YE CAM | 10,154.96 |
| 07/01/2023 | 0723 - CAM Majors Estimate | 8,241.82 |
| 07/01/2023 | 0723 - Merchant Association Du | 303.75 |
| 07/01/2023 | 0723 - Minimum Rent Retail | 66,460.50 |
| 07/01/2023 | 0723 - RE Tax Majors Monthly | 10,984.85 |
| 07/13/2023 | RMY 2022 YE RE Tax | (1,495.40) |
| | | ------------------ |
| **TOTAL ADMINISTRATIVE CLAIM:** | | **94,650.48** |

**TOTAL CLAIMS:**                                **92,302.55**


                                                 **92,302.55**

# EXHIBIT 8

Bed Bath & Beyond, Inc. t/a Bed Bath & Beyond #077
Camelback Colonnade, Phoenix, Arizona
Landlord:  FR Camelback Colonnade, LLC
Security Deposit:  None
Guarantor:  None
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2026

## Pre-petition

| | | |
|---|---|---:|
| | 3/20/2023 Balance of 1/21-6/13/21 CP Reconciliation | (43.19) |
| | 4/1/2023 0423 - Minimum Rent Retail | 37,766.67 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 188.83 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 906.40 |
| | 4/1/2023 0423 - Insurance Recovery | 404.00 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 2.02 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 9.70 |
| | 4/1/2023 0423 - Sewer and Water Recover | 132.26 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 0.66 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 3.18 |
| | 4/1/2023 0423 - CAM Majors Estimate | 5,175.00 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 25.88 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 124.20 |
| | 4/1/2023 0423 - Electricity Recovery | 3,400.00 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 17.00 |
| | 4/1/2023 0423 - Sales Tax- Camelback Co | 81.60 |
| | 4/3/2023 Payment | (48,237.40) |
| | | ------------------ |
| | **TOTAL PRE-PETITION ARREARAGE:** | (43.19) |

## Post-petition

| | | |
|---|---|---:|
| | 05/01/2023 0523 - Minimum Rent Retail | 37,766.67 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 188.83 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 906.40 |
| | 05/01/2023 0523 - Insurance Recovery | 404.00 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 2.02 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 9.70 |
| | 05/01/2023 0523 - Sewer and Water Recover | 132.26 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 0.66 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 3.18 |
| | 05/01/2023 0523 - CAM Majors Estimate | 5,175.00 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 25.88 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 124.20 |
| | 05/01/2023 0523 - Electricity Recovery | 3,400.00 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 17.00 |
| | 05/01/2023 0523 - Sales Tax- Camelback Co | 81.60 |
| | 05/02/2023 Payment | (48,194.21) |
| | 05/12/2023 1/1-6/30/23 RET Estimate | 34,584.27 |
| | 05/12/2023 Sales Tax- Camelback Colonnade | 172.92 |
| | 05/12/2023 Sales Tax- Camelback Colonnade | 830.02 |
| 07/01/2023 | 0723 - CAM Majors Estimate | 5,175.00 |
| 07/01/2023 | 0723 - Electricity Recovery | 3,400.00 |
| 07/01/2023 | 0723 - Insurance Recovery | 404.00 |
| 07/01/2023 | 0723 - Minimum Rent Retail | 37,766.67 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 188.83 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 2.02 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 0.66 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 25.88 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 17.00 |
| 07/01/2023 | 0723 - Sewer and Water Recover | 132.26 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 906.40 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 9.70 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 3.18 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 124.20 |
| 07/01/2023 | 0723 - Sales Tax- Camelback Co | 81.60 |
| | | ------------------ |
| | **TOTAL ADMINISTRATIVE CLAIM:** | **83,867.80** |

| | |
|---|---:|
| **TOTAL CLAIMS:** | **83,824.61** |

# EXHIBIT 9

Buy Buy Baby, Inc. t/a BuyBuyBaby #3022
Chandler Festival Shopping Center, Chandler, Arizona
Landlord:  Chandler Festival SPE LLC
Security Deposit:  None
Guarantor:  None
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2025

## Pre-petition

|  |  |
|---|---:|
|  | ------------------ |
| Total: | 0.00 |

## Post-petition

| | |
|---|---:|
| 05/12/2023 PRO: Tax YE for 1/1/22-10/5/22 | 18,037.94 |
| 05/12/2023 PRO: Sales Tax - Chandler | 90.19 |
| 05/12/2023 PRO: Sales Tax - Chandler | 270.57 |
| 05/12/2023 RTS: Tax YE 10/6/22-12/31/22 | 16,432.47 |
| 05/12/2023 Sales Tax - Chandler | 82.16 |
| 05/12/2023 Sales Tax - Chandler | 246.49 |
| 05/12/2023 RTS: Tax YE 1/1/23-6/30/23 | 34,470.40 |
| 05/12/2023 Sales Tax - Chandler | 172.35 |
| 05/12/2023 Sales Tax - Chandler | 517.06 |
| 06/20/2023 Sales Tax - Chandler | (1.35) |
| 06/20/2023 Sales Tax - Chandler | (4.06) |
| 06/20/2023 Sales Tax - Chandler | 1.35 |
| 06/20/2023 Sales Tax - Chandler | 4.06 |
| | ------------------ |
| **TOTAL ADMINISTRATIVE CLAIM:** | **70,319.63** |

**TOTAL CLAIM:**                                    **70,319.63**

# EXHIBIT 10

Buy Buy Baby of Rockville, Inc. t/a BuyBuyBaby #3001
Congressional Plaza, Rockville, Maryland
Landlord:  Congressional Plaza Associates, LLC
Security Deposit:  None
Guarantor:  Buy Buy Baby, Inc.
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2024

## Pre-petition

| | | |
|---|---|---:|
| 5/15/2022 | SEW 3/31/2022-4/30/2022 | 147.36 |
| 11/15/2022 | SEW 09/30/22-10/31/22 | 147.36 |
| 12/15/2022 | SEW 10/31/22-11/30/22 | 147.36 |
| 2/24/2023 | Credit for 2.22-1.23 PER % rent paid | (34,703.77) |
| 3/1/2023 | 0323 - Minimum Rent Retail | 35,246.67 |
| 3/9/2023 | Payment | (31,104.51) |
| 03/15/2023 | SEW 01/31/23-02/28/23 | 138.79 |
| 04/01/2023 | 0423 - Minimum Rent Retail (4/1 - 4/22 - 22 days) | 25,847.56 |
| 04/15/2023 | SEW 02/28/23-03/31/23 | 152.44 |
| 04/17/2023 | Perfect Receivable | (35,246.67) |
| | | ------------------ |
| **TOTAL PRE-PETITION ARREARAGE:** | | (39,227.41) |

## Post-petition

| | | |
|---|---|---:|
| 04/01/2023 | 0423 - Minimum Rent Retail (4/23 - 4/30 - 8 days) | 9,399.11 |
| 05/01/2023 | 0523 - Minimum Rent Retail | 35,246.67 |
| 05/02/2023 | Perfect Receivable | (35,246.67) |
| 05/11/2023 | Perfect Receivable | (6,997.05) |
| 05/15/2023 | SEW 03/31/23-04/30/23 | 74.49 |
| 06/01/2023 | 0623 - Minimum Rent Retail | 35,246.67 |
| 06/05/2023 | Perfect Receivable | (35,266.53) |
| To be billed | SEW 5/1/2023 forward | 0.00 |
| | | ------------------ |
| **TOTAL ADMIN CLAIM** | | **2,456.69** |

# TOTAL CLAIMS:                                            (36,770.72)

# EXHIBIT 11

BuyBuyBaby, Inc. t/a BuyBuyBaby #3010
Ellisburg Circle Shopping Center, Cherry Hill, New Jersey
Landlord:  Federal Realty OP LP
Security Deposit:  None
Guarantor: None
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2024

## Pre-petition

| | | |
|---|---|---:|
| | 4/12/2019 Trs Fr 237654 B98832 4/12/19 | (393.30) |
| | 7/15/2019 Trs Fr 237654 B114416 7/15/19 | (996.68) |
| | 2/21/2022 February 2022 Late Fees | 760.00 |
| | 3/21/2022 March 2022 Late Fees | 560.00 |
| | 4/21/2022 April 2022 Late Fees | 620.00 |
| | 6/15/2022 SOL 5/1 - 5/31/22 | 1,739.11 |
| | 6/15/2022 SOL 5/1 - 5/31/22 | 115.23 |
| | 6/21/2022 June 2022 Late Fees | 1,360.00 |
| | 7/21/2022 July 2022 Late Fees | 1,938.00 |
| | 8/21/2022 August 2022 Late Fees | 620.00 |
| | 9/15/2022 SOL 6/1 - 6/30/22 | 2,641.15 |
| | 9/15/2022 SAL 6/1 - 6/30/22 | 175.00 |
| | 9/15/2022 SOL 7/1 - 7/31/22 | 3,991.97 |
| | 9/15/2022 SAL 7/1 - 7/31/22 | 264.51 |
| | 9/15/2022 SOL 8/1 - 8/31/22 | 3,660.11 |
| | 9/15/2022 SAL 8/1 - 8/31/22 | 242.52 |
| | 9/21/2022 September 2022 Late Fees | 620.00 |
| | 10/7/2022 SEW 05/03/22-08/27/22 | 837.28 |
| | 11/21/2022 November Late Fees | 620.00 |
| | 11/28/2022 Balance of Payment | (87.63) |
| | 12/21/2022 December 2022 Late Fees | 3,180.00 |
| | 01/03/2023 SOL 9/1 - 9/30/22 | 2,338.09 |
| | 01/03/2023 SAL 9/1 - 9/30/22 | 154.92 |
| | 01/03/2023 SOL 10/1 - 10/31/22 | 1,842.52 |
| | 01/03/2023 SAL 10/1 - 10/31/22 | 122.09 |
| | 01/03/2023 SOL 11/1 - 11/30/22 | 1,130.68 |
| | 01/03/2023 SAL 11/1 - 11/30/22 | 74.92 |
| | 01/15/2023 SOL 12/1 - 12/31/22 | 2,147.14 |
| | 01/15/2023 SAL 12/1 - 12/31/22 | 142.27 |
| | 01/15/2023 SEW 11/30/22-12/28/22 | 195.81 |
| | 2/15/2023 SOL 1/1 - 1/31/23 | 1,546.69 |
| | 2/15/2023 SAL 1/1 - 1/31/23 | 102.48 |
| | 03/15/2023 SEW 12/28/22-02/27/23 | 418.49 |
| | 03/15/2023 SOL 2/1 - 2/28/23 | 1,501.27 |
| | 03/15/2023 SAL 2/1 - 2/28/23 | 99.47 |
| | 04/01/2023 0423 - Minimum Rent Retail (4/1 - 4/22 - 22 days) | 21,242.16 |
| | 04/15/2023 SEW 02/27/23-03/27/23 | 187.02 |
| | 04/15/2023 SOL 3/1 - 3/31/23 | 1,627.18 |
| | 04/15/2023 SAL 3/1 - 3/31/23 | 107.82 |
| | 04/21/2023 April 2023 Late Fees | 1,500.00 |
| | | ------------------ |
| TOTAL PRE-PETITION ARREARAGE: | | 58,948.29 |

## Post-petition

| | | |
|---|---|---:|
| | 05/15/2023 SEW 03/27/23-04/22/23 | 190.38 |
| | 05/15/2023 SOL 4/1 - 4/30/23 | 2,232.60 |
| | 05/15/2023 SAL 4/1 - 4/30/23 | 147.93 |
| | 05/16/2023 2023 RE Tax Recon | 19,810.78 |
| | 05/23/2023 OTH 4/21/23 Backflow Insp. Fee | 182.00 |
| | 6/7/2023 2022 CAM YE | 17,585.85 |
| | 6/15/2023 SEW 04/22/23-05/30/23 | 224.02 |
| 06/15/2023 | SAL 5/1 - 5/31/23 | 212.59 |
| 06/15/2023 | SOL 5/1 - 5/31/23 | 3,208.40 |
| TO BE BILLED | CYE 2023 YE CAM | 0.00 |
| TO BE BILLED | CYE 2023 YE RE Taxes | 0.00 |
| | | ------------------ |
| **TOTAL ADMINISTRATIVE CLAIM:** | | **43,794.55** |

**TOTAL CLAIMS:**                                    **102,742.84**

# EXHIBIT 12

Bed Bath & Beyond, Inc. t/a Bed Bath & Beyond #53
Finley Square Shopping Center, Downer's Grove, Illinois
Landlord: Federal Realty OP LP
Security Deposit:  None
Guarantor:  None
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2024

## Pre-petition

| | | |
|---|---|---|
| 11/1/2022 | Balance of 1122 - Minimum Rent Retail | 1,869.72 |
| | | ------------------ |
| | TOTAL PRE-PETITION ARREARAGE: | 1,869.72 |

## Post-petition

| | | |
|---|---|---|
| 04/27/2023 | 2022 RE Tax Year End | 13,509.90 |
| 06/08/2023 | 2024 (2023) RE Tax thru 063024 | 98,642.07 |
| 06/08/2023 | 2023 (2022) RE TAX Year End | 111,487.21 |
| 06/08/2023 | 2022 YE CAM | 22,456.87 |
| | | ------------------ |
| | **TOTAL ADMINISTRATIVE CLAIM** | **246,096.05** |

## TOTAL CLAIMS:                                        247,965.77

# **EXHIBIT 13**

BuyBuyBaby, Inc. t/a BuyBuyBaby #3009
Finley Square Shopping Center, Downer's Grove, Illinois
Landlord:  Federal Realty OP LP
Security Deposit:  None
Guarantor:  None
Date: June 20, 2023
Chapter 11 File Date: April 23, 2023
Lease Expiration Date: January 31, 2024

## **Pre-petition**

| | | |
|---|---|---:|
| 2/15/2019 | Balance of SEW:1/1-1/31/2019 | 244.90 |
| 3/15/2019 | Balance of SEW 2/1-2/28/2019 | 250.46 |
| 5/15/2019 | Balance of SEW 3/31-4/30/2019 | 245.71 |
| 7/15/2019 | Balance of SEW 5/31-6/30/2019 | 267.40 |
| 7/25/2019 | SEW: 5/1-5/31/18 Partial Rvrs | (957.40) |
| 7/25/2019 | SEW: 6/1-6/30/18 Partial Rvrs | (433.14) |
| 7/25/2019 | SEW:10/1-10/31/18 Partial Rvrs | (439.42) |
| 7/25/2019 | SEW:11/1-11/30/18 Partial Rvrs | (417.94) |
| 7/25/2019 | SEW:12/1-12/31/18 Partial Rvrs | (432.00) |
| 7/25/2019 | SEW: 3/1-3/31/19 Partial Rvrs | (518.57) |
| 7/25/2019 | SEW:4/30-5/31/19 Partial Rvrs | (500.20) |
| 8/12/2019 | Payment | (800.61) |
| 8/28/2019 | SEW: 7/31-8/31/19 Partial Rvrs | (496.95) |
| 3/15/2020 | SEW 1/31-2/29/2020 | 243.96 |
| 9/11/2020 | Balance of Payment | (81.00) |
| 10/5/2021 | SEW 8/20-9/20/2021 | 209.75 |
| 11/5/2021 | SEW 9/20-10/20/2021 | 205.46 |
| 12/5/2021 | SEW 10/20-11/20/2021 | 224.99 |
| 1/1/2022 | SEW 11/20-12/20/2021 | 205.25 |
| 6/22/2022 | OTH: 5/25/22 Fire Alarm | 690.58 |
| 01/05/2023 | SEW 11/20/22-12/20/22 | 222.35 |
| 03/01/2023 | 0323 - CAM Majors Estimate | 418.25 |
| 03/05/2023 | SEW 01/20/23-02/20/23 | 222.04 |
| 04/01/2023 | 0423 - Minimum Rent Retail (4/1 - 4/22 - 22 days) | 31,594.49 |
| 04/01/2023 | 0423 - CAM Majors Estimate (4/1 - 4/22 - 22 days) | 3,385.96 |
| 04/05/2023 | SEW 02/20/23-03/20/23 | 124.22 |

TOTAL PRE-PETITION ARREARAGE:          33,678.54

## **Post-petition**

| | | |
|---|---|---:|
| 04/01/2023 | 0423 - Minimum Rent Retail (4/23 - 4/30 - 8 days) | 11,488.91 |
| 04/01/2023 | 0423 - CAM Majors Estimate (4/23 - 4/30 - 8 days) | 1,231.26 |
| 05/05/2023 | SEW 04/20/23-05/31/23 | 180.78 |
| 06/05/2023 | SEW 04/20/23-05/31/23 | 189.51 |
| 06/05/2023 | SEW 04/20/23-05/31/23 | 18.13 |
| 06/08/2023 | 2024 (2023) RE Tax thru 063024 | 47,523.03 |
| 06/08/2023 | 2023 (2022) RE TAX Year End | 97,135.82 |
| 06/08/2023 | 2022 YE CAM | 13,121.42 |
| 07/01/2023 | 0723 - CAM Majors Estimate | 6,296.21 |
| 07/01/2023 | 0723 - Minimum Rent Retail | 58,750.09 |
| 07/05/2023 | SEW 05/31/23-06/20/23 | 115.04 |

TOTAL ADMINISTRATIVE CLAIM:          **236,050.20**


**TOTAL CLAIMS:**          **269,728.74**

# EXHIBIT 14

## LEASE AGREEMENT

Between

**209-261 JUNCTION ROAD MADISON INVESTORS LLC,**
**a Delaware limited liability company,**

**Landlord**

**and**

**BUY BUY BABY, INC.,**
**a Delaware corporation,**

**Tenant**

## PRAIRIE TOWNE CENTER
**Junction Road**
**Madison, Wisconsin**

Dated as of: <u>February 3</u>, **2022**

* * * * * *

The mailing, delivery or negotiation of this Lease shall not be deemed an offer to enter into any transaction or to enter into any relationship, whether on the terms contained herein or on any other terms. This Lease shall not be binding nor shall either party have any obligations or liabilities or any rights with respect thereto, or with respect to the premises, unless and until both parties have executed and delivered this Lease. Until such execution and delivery of this Lease, either party may terminate all negotiation and discussion of the subject matter hereof, without causes and for any reason, without recourse or liability.

* * * * * *

1   responsible for the reasonable costs and expenses it incurs in connection with such "after
2   hours" repairs.

3        Section 9.3   <u>Legal Compliance Work</u>. Except as hereinafter expressly
4   provided, Landlord shall be responsible, at its sole cost and expense (and not includable
5   in Common Areas Charges), for performing all "Legal Compliance Work" (hereinafter
6   defined). Notwithstanding the foregoing, Tenant shall be responsible, at its sole cost and
7   expense, for the performance of Legal Compliance Work: (a) pertaining to the interior
8   elements of the Premises which are neither structural nor comprise the major building
9   systems serving the Premises; or (b) required solely as a result of Tenant's specific
10  manner of use of the Premises (*i.e.*, are not of general applicability to tenants and
11  occupants of the Shopping Center); <u>provided</u>, <u>however</u>, that the foregoing shall not
12  relieve Landlord of its obligations to perform: (x) Landlord's Work in accordance with
13  all Legal Requirements, and (y) the repairs required in this Lease. As used herein, "***Legal***
14  ***Compliance Work"*** shall mean any obligation, addition, alteration, improvement, or
15  rebuilding, structural or otherwise, to or of the Premises, the Shopping Center, or any part
16  thereof, as applicable, which may be required by reason of any Legal Requirement.

17                     ARTICLE 10
18      INDEMNIFICATION, INSURANCE AND WAIVER OF SUBROGATION

19        Section 10.1   <u>Mutual Release, Waiver of Subrogation and Mutual</u>
20                   <u>Indemnification</u>.

21         10.1.1 <u>Mutual Waiver of Claims</u>. Landlord and Tenant, on their own behalf
22  and on behalf of anyone claiming under or through either one by way of subrogation,
23  hereby release and waive all rights of recovery and causes of action against each other
24  and their respective Affiliates from any and all liability for any loss or damage to
25  property or resulting from damage to such property (and, in either case, any resulting loss
26  of business or rental income), whether caused by the negligence or fault of the other
27  party, which is normally insured under Special Form property insurance (so-called "All-
28  Risk") and time element insurance required to be maintained hereunder. In the event
29  either Landlord or Tenant is a self-insurer or maintains a deductible (as either may be
30  permitted hereunder), then the self-insuring party or the party maintaining the deductible
31  hereby releases the other party from any liability arising from any event which would
32  have been covered had the required insurance been obtained and/or the deductible not
33  been maintained.

34         10.1.2 <u>Waiver of Subrogation</u>. Landlord and Tenant shall cause each
35  property insurance policy carried by either of them insuring the Premises, the contents
36  thereof, or the Shopping Center, to provide that the insurer waives all rights of recovery
37  by way of subrogation or otherwise against the other party hereto (and all of such other
38  party's Affiliates) in connection with any loss or damage which is covered by such policy
39  or that such policy shall otherwise permit, and shall not be voided by the releases
40  provided above.

41         10.1.3 <u>Mutual Indemnification</u>.

42           (a)   Except as otherwise provided in Subsections 10.1.1 and
43  10.1.2 above, Tenant covenants to defend and indemnify Landlord and hold Landlord
44  harmless from and against any and all claims, actions, damages, liability and expense,
45  including reasonable attorneys' fees, (x) in connection with loss of life, personal injury
46  and/or damage to property arising from or out of any occurrence in or upon the Premises,
47  or any part thereof, or (y) occasioned wholly or in part by any act or omission of Tenant,
48  its agents, contractors, employees, servants, or licensees, <u>except</u> to the extent such claims,
49  actions, damages, liability and expense are caused by the acts or omissions of Landlord,
50  its agents, contractors, licensees, employees, or other tenants and occupants, or for which
51  any of said parties may be statutorily liable; provided, however, that the foregoing

1    exception shall not affect Tenant's indemnity herein to the extent such claims, actions,
2    damages, liability and expense are covered by the specified minimum insurance coverage
3    required to be maintained under subsection 10.2.1 below..

4            (b)    Except as otherwise provided in Subsections 10.1.1 and
5    10.1.2 above, Landlord covenants to defend and indemnify Tenant and hold Tenant
6    harmless from and against any and all claims, actions, damages, liability and expense,
7    including reasonable attorneys' fees, (x) in connection with loss of life, personal injury
8    and/or damage to property arising from or out of any occurrence in or upon any
9    portion(s) of the Shopping Center (excluding the Premises), or (y) occasioned wholly or
10    in part by any act or omission of Landlord, its agents, contractors, employees, servants,
11    tenants (other than Tenant), occupants or licensees, except to the extent such claims,
12    actions, damages, liability and expense are caused by the acts or omissions of Tenant, its
13    agents, contractors, licensees or employees, or for which any of said parties may be
14    statutorily liable; provided, however, that the foregoing exception shall not affect
15    Landlord's indemnity herein to the extent such claims, actions, damages, liability and
16    expense are covered by the specified minimum insurance coverage required to be
17    maintained under subsection 10.3.1 below..

18        Section 10.2    Tenant's Insurance.

19        10.2.1 Tenant's Insurance. Tenant shall maintain, or cause to be
20    maintained, in full force and effect from and after the Delivery Date, and throughout the
21    Term: (i) commercial general liability insurance protecting and insuring Tenant, naming
22    Landlord as "additional insured-lessor" for claims arising out of the use or occupancy of
23    the Premises by Tenant and the obligations assumed by Tenant under this Lease, and
24    having a combined single limit of liability of not less than Ten Million Dollars
25    ($10,000,000) for bodily injury, death and property damage liability; and (ii) Special
26    Form (so-called "All-Risk") property insurance, on a replacement cost basis, in an
27    amount adequate to cover the full insurable replacement value of all of Tenant's Property.

28        10.2.2 Self-Insurance. All insurance required to be maintained under this
29    **Section 10.2** may be: (i) insured under an individual policy covering this location, or a
30    blanket policy or policies which includes other liabilities, properties and locations of
31    Tenant or its Affiliates; (ii) self-insured by Tenant via a deductible, a formal plan of self-
32    insurance, or otherwise, provided that Tenant or any guarantor of Tenant's obligations
33    under this Lease maintains, during the period of such self-insurance, a net worth of at
34    least One Hundred Million Dollars ($100,000,000); or (iii) insured or self-insured by
35    Tenant through a combination of any of the foregoing insurance programs. To the extent
36    any deductible is permitted or allowed as a part of any insurance policy carried by Tenant
37    in compliance with this Section 10.2, then Tenant shall be deemed to be covering the
38    amount thereof under an informal plan of self-insurance; provided, however, that in no
39    event shall any deductible exceed Two Hundred Fifty Thousand Dollars ($250,000.00)
40    unless Tenant complies with the requirements regarding self-insurance pursuant to clause
41    (iii) above.

42        Section 10.3    Landlord's Insurance.

43        10.3.1 Liability Insurance. Landlord shall maintain in full force and effect
44    on and after the Effective Date and throughout the Term commercial general liability
45    insurance with regard to the Common Areas protecting and insuring Landlord, naming
46    Tenant as "additional insured-lessee", and having a primary policy limit of liability of
47    not less than One Million Dollars ($1,000,000) and a combined single limit of liability of
48    not less than Ten Million Dollars ($10,000,000) for bodily injury, death and property
49    damage liability. Landlord shall have the right to carry its insurance under "blanket
50    policies" covering the Shopping Center and other properties provided that: (i) the amount
51    of the total insurance available shall be at least the protection equivalent to separate

DocuSign Envelope ID: 63E5E2E1-F97C-47BF-8663-336FE7E5A744

## ARTICLE 19
## TENANT'S PROPERTY

All of Tenant's Property which may be installed or placed in or upon the Premises by Tenant shall remain the property of Tenant.  Tenant may assign, hypothecate, encumber, mortgage or create a security interest in or upon Tenant's Property in the Premises without the consent of Landlord and may remove Tenant's Property at any time during the Term.  Landlord waives any right it may have in Tenant's Property.  To the extent Landlord may have a lien on or security interest in the Tenant's Property pursuant to this Lease, by law or otherwise, Landlord hereby waives, and agrees not to assert, such lien or security interest.  Landlord shall provide to Tenant, within ten (10) days after Tenant's request therefor, a written waiver in form reasonably satisfactory to Tenant evidencing Landlord's waiver of any rights it has or may have in Tenant's Property. Tenant shall not record or permit the recordation of any UCC Financing Statement or other similar instrument against the Shopping Center unless such UCC Financing Statement or other instrument is limited to Tenant's interest in the personal property in the Premises.

## ARTICLE 20
## END OF TERM

Section 20.1    <u>Surrender of Premises</u>.  At the expiration of the Term, Tenant will quit and surrender the Premises in good condition and repair, <u>excepting</u>, <u>however</u>, reasonable wear and tear, damage by fire or other casualty, damage by eminent domain, and repairs and replacements to be made by Landlord hereunder.

Section 20.2    <u>Hold Over</u>.  If Tenant fails to deliver possession of the Premises to Landlord at the end of the Term, and unless Landlord and Tenant are, at such time, engaged in *bona fide* good faith negotiations to extend the Term, Tenant shall be a tenant at sufferance and shall be liable for Fixed Rent on a monthly basis (or, if applicable, on a prorated daily basis) in an amount equal to one hundred fifty (150%) percent of the amount thereof payable by Tenant for the month immediately preceding the last day of the Term as well as for all Additional Rent payable by Tenant hereunder.

## ARTICLE 21
## INTENTIONALLY OMITTED

## ARTICLE 22
## INTENTIONALLY OMITTED

## ARTICLE 23
## MISCELLANEOUS

Section 23.1    <u>Loading Facilities</u>.  Tenant shall have the exclusive right to utilize the loading facilities serving the Premises (shown on <u>Exhibit B</u>) on a "24 hour a day", "365 days a year" basis.

Section 23.2    <u>Liens</u>.  Within thirty (30) days after notice of the filing thereof, Tenant shall discharge (either by payment or by filing of the necessary bond, or otherwise) any lien against the Premises and/or Landlord's interest therein, which may arise out of any payment due for, or purported to be due for, any labor, services, materials, supplies or equipment alleged to have been furnished to or for Tenant in, upon or about the Premises.  Similarly, within thirty (30) days after notice of the filing thereof, Landlord shall discharge (either by payment or by filing of the necessary bond, or

otherwise) any lien against the Premises and/or Landlord's interest therein, which may arise out of any payment due for, or purported to be due for, any labor, services, materials, supplies or equipment alleged to have been furnished to or for Landlord in, upon or about the Premises.  It is expressly understood and agreed that neither Tenant nor any of Tenant's agents, employees, representatives, contractors or subcontractors shall have any power or authority to do any act or thing or to make any contract or agreement which shall result in the creation of any mechanic's lien, materialman's lien or other lien or claim upon or against Landlord's interest in the Premises or any property of Landlord, and Landlord shall have no responsibility to Tenant or Tenant's contractors, subcontracts, suppliers, materialmen, workmen or other person, firm or corporation who shall engage in or participate in any additions, alterations, changes or replacements of the improvements by or on behalf of Tenant.  Landlord and Tenant acknowledge and agree that their relationship is and shall be solely that of "landlord-tenant" (thereby excluding a relationship of "owner-contractor," "owner-agent" or other similar relationships) and that Tenant is not authorized to act as Landlord's common law agent or construction agent in connection with any work performed in the Premises. Nothing herein shall be deemed a consent by Landlord to any liens being placed upon the Premises, the Shopping Center or Landlord's interest therein due to any work performed by or for Tenant or deemed to give any contractor or subcontractor or materialman any right or interest in any funds held by Landlord to reimburse Tenant for any portion of the cost of such work. **IT IS THE INTENT OF LANDLORD AND TENANT THAT NOTWITHSTANDING ANY CONSENT OR APPROVAL BY LANDLORD OF TENANT'S ALTERATIONS, ADDITIONS, OR IMPROVEMENTS, NOTHING CONTAINED IN THIS LEASE SHALL BE CONSTRUED AS CONSTITUTING THE EXPRESS OR IMPLIED CONSENT OR PERMISSION OF LANDLORD FOR THE PERFORMANCE OF ANY LABOR OR SERVICES FOR, OR THE FURNISHING OF ANY MATERIALS TO, TENANT THAT WOULD GIVE RISE TO ANY SUCH MECHANIC'S LIEN, MATERIALMAN'S LIEN OR ANY OTHER LIEN AGAINST LANDLORD'S INTEREST IN THE PREMISES OR ANY PROPERTY OF LANDLORD, OR IMPOSING ANY LIABILITY ON LANDLORD FOR ANY LABOR OR MATERIALS FURNISHED TO OR TO BE FURNISHED TO TENANT UPON CREDIT**.

Section 23.3    <u>Broker's Commission</u>.  Landlord and Tenant each warrant and represent to the other that they did not deal with any real estate broker in connection with the negotiation, execution and delivery of this Lease, except for Scott Stefanik, Midwest Commercial Realty, Inc. and Peter Glaser, CBRE (collectively, the "***Broker***").  Landlord shall pay the Broker a commission pursuant to a separate agreement.  Each party agrees to indemnify, defend, and save the other harmless from and against any and all liabilities, costs, causes of action, damages and expenses, including, without limitation, attorneys' fees, with respect to or arising out of any claims made by any real estate broker (other than the Broker), agent or finder with respect to this Lease in breach of the foregoing representation.  The provisions of this Section shall survive the expiration or earlier termination of this Lease.

Section 23.4    *<u>Force Majeure</u>*.  Except as otherwise expressly set forth herein, in the event either party hereto shall be delayed or hindered in, or prevented from, the performance of any act required hereunder by reason of strikes, failure of power, riots, insurrection, war, earthquake, hurricane or tornado (or comparable weather conditions of unusual severity), or other reasons of an extraordinary nature which are beyond the reasonable control of the party and which could not have been avoided through the exercise of due diligence by a party (collectively referred to herein as "***Force Majeure***"), then the performance of any such act shall be excused for a period equal to the period of the delay.  Notwithstanding the foregoing provisions, the following shall not constitute Force Majeure: (i) the financial inability of a party to perform its obligations under this Lease (except for delays resulting from cyber-attacks, power failures, or other events of Force Majeure affecting the availability of funds); or (ii) delays occurring in the course of

1                              Exhibit N

2            Form of Mechanics' Lien Indemnification Agreement

3        THIS MECHANICS' LIEN INDEMNIFICATION is made this 25th day of
4 October, 2022, by BUY BUY BABY, INC., a Delaware corporation (hereinafter referred
5 to as **"Tenant"**), for the benefit of 209-261 JUNCTION ROAD MADISON
6 INVESTORS LLC, a Delaware limited liability company ("**Landlord**").

7                        WITNESSETH

8        Landlord and Tenant have entered into a Lease (the **"Lease"**) dated February 3,
9 2022, whereby Landlord has leased to Tenant a portion of the real property located in
10 Prairie Towne Center, Madison, Wisconsin (the **"Shopping Center"**) and Tenant has
11 constructed on such real property a store premises (the **"Premises"**).

12       NOW, THEREFORE, in consideration of the payment of the Tenant Allowance as
13 defined in the Lease and other good and valuable consideration, the receipt of which is
14 hereby acknowledged, the Tenant agrees as follows:

15       1.    Tenant hereby indemnifies and agrees to hold Landlord harmless from any
16 loss, payment, claim or expense as the result of mechanics and materialmen filing liens or
17 otherwise making claims against Landlord's interest in the Premises and the Shopping
18 Center based upon materials or services provided under contract with Tenant. In the
19 event that any mechanic, materialman or other claimant makes claim against the Premises
20 or Shopping Center based upon materials or services provided under contract with
21 Tenant, Tenant shall hold harmless and protect Landlord from any loss, payment, claim
22 or expense related thereto.

23       2.    Tenant reserves the right to contest in good faith the amount of any claim or
24 lien assessed against the Premises or the Shopping Center by any of such claimants;
25 <u>provided</u>, <u>however</u>, should the holder or holders of such claim or lien attempt to enforce
26 their lien by foreclosure by any other means, Tenant shall bond around, pay or remove
27 such lien by any manner reasonably necessary to protect Landlord's interest in the
28 Premises and the Shopping Center. This indemnity and hold harmless shall not apply to
29 any liens or claims caused by Landlord or Landlord's agents.

30       EXECUTED as of the date set forth above.


**TENANT:**

BUY BUY BABY, INC., a Delaware
corporation

By: _Wade Haddad_
Name: Wade Haddad
Title: Sr. VP of Real Estate& Store
Development

31

32

33

O-1

**FILED**
**07-17-2023**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2023CV001823**
Honorable Frank D.
Remington
**Branch 8**

STATE OF WISCONSIN  CIRCUIT COURT    DANE COUNTY

TMS CONSTRUCTION, INC.
a Colorado corporation,
5739 Observation Court, Suite 110
Colorado Springs, CO  80916

                    Plaintiff,

v.                                   Case No.: _____
                                   Other - Real Estate - 30405

209-261 JUNCTION ROAD MADISON INVESTORS, LLC
10 State House Square, 15th Floor
Hartford, CT  06103

                    Defendant.

---

## COMPLAINT

      **NOW COMES** Plaintiff TMS Construction, Inc. ("Plaintiff" or "TMS"), by its attorneys, von Briesen & Roper, s.c., and as and for its Complaint against Defendant 209-261 Junction Road Madison Investors, LLC ("Defendant"), alleges and states as follows:

      1.     TMS is a corporation duly organized and existing under the laws of the State of Colorado, with its principal place of business located at 5739 Observation Court, Suite 110, Colorado Springs, Colorado 80916.  At all times material to the allegations in this Complaint, TMS has been registered and authorized to conduct business in Wisconsin.

      2.     Defendant is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 10 State House Square, 15th Floor, Hartford, Connecticut 06103.  According to the records of the Wisconsin Department of Financial Institutions, Defendant's Registered Agent for service of process in

Wisconsin is Corporation Service Company, 33 East Main Street, Suite 610, Madison, Wisconsin 53703.

3.      TMS is a general contractor and furnished certain labor, services, materials and plans to construct a Buy Buy Baby store at 231 Junction Road, Madison, Wisconsin 53717 (the "Project") under a written contract with Bed Bath & Beyond, Inc. dated February 10, 2022.

4.      The Project and the underlying real estate (collectively the "Property"), is owned by the Defendant.

5.      At all times relevant to the claims in this action, Bed Bath & Beyond, Inc. and/or Buy Buy Baby were tenants of Defendant pursuant to an underlying lease with Defendant.

### Claim One – Foreclosure of Construction Lien

6.      TMS realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5 of the Complaint above.

7.      Pursuant to their lease with Defendant and/or otherwise, Bed Bath & Beyond, Inc. and/or Buy Buy Baby were authorized to improve the Property, including the Project, and Defendant had knowledge of, approved, and ratified the work being done on the Project to improve the Property.

8.      The legal description of the Property is attached as Exhibit 1.

9.      The labor, services, materials and plans referred to in paragraph 3 above were furnished by TMS between the dates of February 24, 2022 and October 3, 2022 and were used for the improvement of the Property.

2

10.     When TMS last furnished the labor, services, materials and plans for the improvement of the Property, there was due for the labor, services, materials and plans the sum of no less than Nine Hundred Seventy-Seven Thousand Eight Hundred Five and 83/100 Dollars ($977,805.83), and such amount remains unpaid.

11.     On November 28, 2022, at least thirty (30) days before TMS filed its Claim for Lien, TMS, by its attorneys, served its written Notice of Intention to File Claim for Lien on Defendant via Certified Mail, return receipt requested. True and correct copies of TMS' Notice of Intention to File Claim for Lien and delivery confirmation are attached as Exhibit 2.

12.     On February 22, 2023, within six (6) months from the date TMS furnished the last labor, services, materials and plans for the improvement of the Property, TMS filed with the Clerk of Circuit Court for Dane County its Claim for Lien against the Property as 2023CL000015 in the amount of Nine Hundred Seventy-Seven Thousand Eight Hundred Five and 83/100 Dollars ($977,805.83), which Claim for Lien contained all information required by Chapter 779 of the Wisconsin Statutes, thereby creating a lien on the Property in favor of TMS in said amount. A true and correct copy of TMS' Claim for Lien is attached as Exhibit 3.

13.     On March 7, 2023, within thirty (30) days from the date TMS filed its Claim for Lien, TMS, by its attorneys, served a copy of its filed Claim for Lien on Defendant via certified mail, return receipt requested. Attached as Exhibit 4 are true and correct copies of the cover letter to Defendant and the certified mail receipt and delivery confirmation.

14.     Pursuant to Wis. Stat. § 779.06(1), TMS is required to bring an action to foreclose its Claim for Lien within two (2) years of filing in order to preserve its lien rights.

15.     Two (2) years have not elapsed since the date TMS filed its Claim for Lien.

3

16.     The amount of Nine Hundred Seventy-Seven Thousand Eight Hundred Five and 83/100 Dollars ($977,805.83) for which TMS' Claim for Lien was filed remains unpaid, and TMS is entitled to a judgment of foreclosure of its Claim for Lien against the Property.

### Claim Two – Unjust Enrichment

17.     TMS realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 16 of the Complaint above.

18.     The Project conferred a benefit on Defendant by virtue of the improvements to the Property, including by increasing the value of the Property, by resulting in Defendant's receipt of rent payments from Bed Bath & Beyond, Inc. and/or Buy Buy Baby, and by making the leased space more desirable for a subsequent tenant.

19.     Defendant had knowledge and appreciation of receiving the benefit of the improvements to the Property as a result of the Project, including because, pursuant to their lease with Defendant and/or otherwise, Bed Bath & Beyond, Inc. and/or Buy Buy Baby were authorized to improve the Property, including the Project, Defendant had knowledge of, approved, and ratified the work being done on the Project to improve the Property, and Defendant intended to contribute to the cost of the Project via a tenant improvement allowance.

20.     Defendant has retained the benefits of the improvements to the Property as a result of the Project without paying for the value of the improvements.

21.     It would be inequitable and unjust for Defendant to retain the benefits of the improvements to the Property as a result of the Project without paying TMS for the value of the improvements, including because, pursuant to their lease with Defendant and/or otherwise, Bed Bath & Beyond, Inc. and/or Buy Buy Baby were authorized to improve the Property, including the Project, Defendant had knowledge of, approved, and ratified the work being done on the

4

Project to improve the Property, Defendant intended to contribute to the cost of the Project via a

tenant improvement allowance, Bed Bath & Beyond, Inc. and/or Buy Buy Baby would not have

leased the space at the Property and/or paid the same rent without the improvements to the

Property as a result of the Project, the leased space is more desirable to a subsequent tenant

because of the improvements to the Property as a result of the Project and/or Defendant will have

to incur fewer costs to make the leased space more desirable to a subsequent tenant because of

the improvements to the Property as a result of the Project.

22.    Defendant has been unjustly enriched by receipt and retention of the benefit of the

improvements to the Property as a result of the Project, for which Defendant has not paid.

23.    TMS is entitled to payment from Defendant for the value of the benefit conferred

on Defendant by the improvements to the Property as a result of the Project in the amount of at

least Nine Hundred Seventy-Seven Thousand Eight Hundred Five and 83/100 Dollars

($977,805.83).

WHEREFORE, TMS demands judgment against Defendant as follows:

(a)    Money damages in the amount of at least Nine Hundred Seventy-Seven

Thousand Eight Hundred Five and 83/100 Dollars ($977,805.83);

(b)    A determination in accordance with applicable law of TMS' Claim for Lien,

including its entitlement to foreclose the Claim for Lien in the sum of no less than Nine

Hundred Seventy-Seven Thousand Eight Hundred Five and 83/100 Dollars ($977,805.83) in

favor of TMS;

(c)    Recoverable interest, statutory costs and attorney's fees as allowed by law; and

(d)    Such other and further relief as this Court deems fair and equitable under the

circumstances.

5

Dated this 17th day of July, 2023.

*Electronically signed by Devon R. Baumbach*
Devon R. Baumbach
State Bar No. 1023009
dbaumbach@vonbriesen.com
VON BRIESEN & ROPER, S.C.
Ten East Doty Street, Suite 900
Madison, WI 53703
Telephone:  (608) 310-3602
Facsimile:   (608) 441-0301

*Attorneys for Plaintiff TMS Construction, Inc.*

6

## Legal Description of the Shopping Center

Parcel A

Lot 1, Certified Survey Map 7978, recorded October 06, 1995, in Volume 42 of Certified Survey Maps, pages 198-203, as Document No. 2709568, and corrected by Affidavit of Correction recorded October 19, 1995 in Volume 31117 of Records, Page 44, as Document No. 2712543, being a redivision of Lots 1,2, and 3 Junction Ridge Plat, and part of the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, all located in the Northeast 1/4 and the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, in the City of Madison, Dane County, Wisconsin.

Parcel B

Appurtenant easements and rights benefiting Parcel A pursuant to that certain Operation and Easement Agreement recorded in the Dane County Register of Deeds Office in Vol. 31242 of Records, Page 11, as Document #2716113, as subsequently amended by that certain First Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds Office as Document #2778057 and that certain Second Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds' Office as Document #3343300.

EXHIBIT
1

# PRIME CONTRACTOR* NOTICE OF INTENTION TO FILE CLAIM FOR LIEN
## §779.06(2), Wis. Stats.

Date: **November 28, 2022**

One (1) copy of this Notice is being served on the Owner by: (check one)
- ☒ Registered mail, certified mail or by any other method of delivery where recipient makes written confirmation of receipt
- OR
- ☐ Personal delivery

Owner Name: **209-261 Junction Road Madison Investors LLC c/o Corporation Service Company**

Owner Address: **8040 Excelsior Drive, Suite 400**
**Madison, WI 53717**

**THE UNDERSIGNED PRIME CONTRACTOR, HAVING A CONTRACT DIRECTLY WITH YOU, PERFORMED, FURNISHED OR PROCURED LABOR, SERVICES, MATERIALS, PLANS OR SPECIFICATIONS FOR:**

The remodel of the department store at the below stated addresses including but not limited to providing the following: demo, exterior concrete, masonry, structural renovations, rough carpentry, counter tops, cabinetry, roofing, caulking, drywall, doors, acoustical ceiling, ceramic tile, carpet, interior paint, wall covering, dock equipment, fire sprinklers, plumbing, HVAC, electrical work, and final clean up.

(describe work performed)

**TO IMPROVE YOUR PROPERTY LOCATED AT: (CHECK AND COMPLETE AS APPLICABLE)**
- ☒ Address: **231 Junction Rd., Madison, WI 53717**
- ☐ Legal Description:

☒ See attached.

**AND, AS OF THE DATE OF THIS NOTICE, IS OWED THE SUM OF $ 1,175,816.05**

(balance due)

**IF PAYMENT IN FULL IS NOT RECEIVED WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS NOTICE, THE UNDERSIGNED PRIME CONTRACTOR INTENDS TO FILE A CLAIM FOR LIEN ON YOUR PROPERTY.**

Prime Contractor Name:
**TMS Construction, Inc.**

By: _Rebecca A. Klongland_
Authorized Agent Signature
**Rebecca A. Klongland**
Authorized Agent Print Name

Title: **Attorney**

Address: **N94W17900 Appleton Avenue Ste 200**
**Menomonee Falls, WI 50351**

Telephone: **262-251-5330**

*"Prime Contractor" typically includes anyone, other than a laborer, who enters into a contract with an Owner of land to improve the land or takes over from a Prime Contractor the uncompleted contract. (See §779.01(2)(d), Wis. Stats.)

INFO-PRO®    www.info

## EXHIBIT
## 2

## Legal Description of the Shopping Center

Parcel A

Lot 1, Certified Survey Map 7978, recorded October 06, 1995, in Volume 42 of Certified Survey Maps, pages 198-203, as Document No. 2709568, and corrected by Affidavit of Correction recorded October 19, 1995 in Volume 31117 of Records, Page 44, as Document No. 2712543, being a redivision of Lots 1,2, and 3 Junction Ridge Plat, and part of the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, all located in the Northeast 1/4 and the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, in the City of Madison, Dane County, Wisconsin.

Parcel B

Appurtenant easements and rights benefiting Parcel A pursuant to that certain Operation and Easement Agreement recorded in the Dane County Register of Deeds Office in Vol. 31242 of Records, Page 11, as Document #2716113, as subsequently amended by that certain First Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds Office as Document #2778057 and that certain Second Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds' Office as Document #3343300.



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

201-261 Junction Road Madison Investors LLC
C/o Corporation Service Company
8040 Excelsior Drive #400
Madison WI 53717

9590 9402 5639 9308 4054 62

2. Article Number (Transfer from service label)

7016 0750 0001 0058 9885

PS Form 3811, July 2015 PSN 7530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  John Long    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $ _____
☐ Return Receipt (electronic)     $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required        $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage

Total Postage and Fees
$  7.82

Sent To
C/o Corporation Service Company
Street and Apt. No., or PO Box No.
8040 Excelsior Drive #400
City, State, ZIP+4®
Madison WI 53717

7016 0750 0001 0058 9885

MENOMONEE FALLS WI 53051
Postmark Here  NOV 28  USPS

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

FILED
02-22-2023
CIRCUIT COURT
DANE COUNTY, WI
2023CL000015

## PRIME CONTRACTOR* CLAIM FOR LIEN
§779.06, Wis. Stats.

NOTE: This Claim for Lien must be docketed
with the Clerk of Courts in the County where the
Property is located. A copy of this claim must
be served on the Owner of the property within
thirty (30) days after filing the claim.

Date: **February 22, 2023**

To the Clerk of Circuit Court for Dane County, State of Wisconsin:

1. Claimant's Name: **TMS Construction, Inc.**

   Claimant's Address:     **5739 Observation Court, Suite 110
   Colorado Springs, CO 80916**

   Claimant is a    **X corporation**     limited liability company     partnership
                    sole proprietorship     individual            assignee
                    other: _____
                                            (specify)

2. Owner(s) Name(s):     **209-261 Junction Road Madison Investors LLC**

   Owner Address:      **10 State House Square, 15th Floor
   Hartford, CT 06103**

                          **c/o Corporation Service Company
   33 East Main Street Suite 610
   Madison, WI 53703**

3. Legal Description of Owner's Property improved by Claimant is:
      **X**     **attached to this Claim for Lien**
             described as: _____
                         _____
                         _____

located in **Dane** County, Wisconsin, and more commonly known as( street address):

**231 Junction Road
Madison, WI 53717**

4. Description of labor, services, materials, plans or specifications performed, furnished or procured
   by Claimant to improve Owner's Property:

**The remodel of the Buy Buy Baby/Bed Bath Beyond department store including but not limited to
providing the following: demo, exterior concrete, masonry, structural renovations, rough
carpentry, countertops, cabinetry, roofing, caulking, drywall, doors, acoustical ceiling, ceramic tile,
carpet, interior paint, wall covering, dock equipment, fire sprinklers, plumbing, HVAC, electrical
work, and final clean up.**

      **X under a written contract dated February 10, 2022**

EXHIBIT
3

other (specify): _____

\* A Prime Contractor is anyone who performs, furnishes, or procures labor, services, materials, plans, or specifications for construction under a contract directly with the Owner of the property being improved, and as provided in §779.01(2)(d), Wis. Stats.

5.   Date of first visible commencement of the
     entire work of improvement on the Property
     (whether by Claimant or others):                    **February 24, 2022**

6.   Date Claimant <u>first</u> furnished labor
     or materials:                                        **February 24, 2022**

7.   Date Claimant <u>last</u> furnished labor
     or materials:                                        **October 3, 2022**

8.   Prime Contractor's Notice of Lien Rights was (check as applicable):

     ~    Given to Owner as part of the Claimant's written contract for construction with the
     Owner.

     ~    Given to the Owner by registered mail or hand delivery within ten (10) days after
     first furnishing labor and materials under an oral contract.

     **X    Not given to Owner because (check one):**

            ~ No subcontractor or material suppliers worked for Claimant in
            improving the Owner's property.

            ~ This was residential construction of <u>more</u> than a four-family building.

            **X  This was non-residential construction.**

            ~ Prime Contractor, or its officer(s) or controlling shareholder(s), hold(s)
            an interest in Owner's Property.

            ~ Prime Contractor is managed or controlled by a corporation or company
            which owns the Property.

            ~ Claimant has fully paid all its obligations to subcontractors and/or
            material suppliers for their work improving the Property AND the lien rights of all
            Claimant's subcontractors and/or material suppliers have lapsed.

9.   Date Claimant's Notice of Intention to File
     Claim for Lien was given to Owner
     (must be at least 30 days <u>before</u> the filing
     of this Claim for Lien):                             **November 28, 2022**

| 10. | The Total Amount owed to Claimant: | $ | 1,175,816.05 | |
| | Amount paid or otherwise satisfied to date: | ($ | 198,010.22 | ) |
| | AMOUNT CLAIMED: | $ | 977,805.83 | |

<div align="center">

**Statement of Claim**

</div>

Claimant makes and files this claim for a lien upon the interest held by the Owner in the Property under Chapter 779, Wis. Stats., not more than six (6) months after Claimant last furnished labor and/or materials as stated in Paragraph 7 above. Claimant certifies to the best of Claimant's knowledge and belief that all information contained in this Claim for Lien is correct. Based upon the above information, Claimant claims a lien upon all of the interest which the Owner has in the above described Property and improvements on it at the time of first visible commencement of the work of improvement, or that Owner may have acquired since that time, in the amount of **Nine Hundred Seventy-Seven Thousand Eight Hundred and Five Dollars and 83/100 ($977,805.83).**

This claim is subject to amendment in the event foreclosure action is commenced.

Claimant's Name: **TMS Construction, Inc.**

By: _____
                     (signature)

Authorized Agent's Name: **Rebecca A. Klongland**

Title:  **Attorney for Claimant, State Bar No. 1115431**

Address:  **Niebler, Pyzyk, Carrig, Jelenchick & Hanley LLP**
                **N94 W17900 Appleton Avenue, Suite 200**
                **Menomonee Falls, WI 53051**

Telephone No: **262-251-5330**

The following <u>must</u> be attached to this Claim for Lien:
X       **Legal Description (unless fully set forth in Paragraph 3 above)**
          Prime Contractor's Notice of Lien Rights (unless not provided to Owner as indicated in Paragraph 8 above)
X       **Notice of Intention to File Claim for Lien**

# PRIME CONTRACTOR* NOTICE OF INTENTION TO FILE CLAIM FOR LIEN
## §779.06(2), Wis. Stats.

Date: __November 28, 2022__

One (1) copy of this Notice is being served on the Owner by: (check one)
- ☒ Registered mail, certified mail or by any other method of delivery where recipient makes written confirmation of receipt
  OR
- ☐ Personal delivery

Owner Name: __209-261 Junction Road Madison Investors LLC c/o Corporation Service Company__

Owner Address: __8040 Excelsior Drive, Suite 400__
__Madison, WI 53717__

**THE UNDERSIGNED PRIME CONTRACTOR, HAVING A CONTRACT DIRECTLY WITH YOU, PERFORMED, FURNISHED OR PROCURED LABOR, SERVICES, MATERIALS, PLANS OR SPECIFICATIONS FOR:**

__The remodel of the department store at the below stated addresses including but not limited to providing the following:__
__demo, exterior concrete, masonry, structural renovations, rough carpentry, counter tops, cabinetry, roofing, caulking,__
__drywall, doors, acoustical ceiling, ceramic tile, carpet, interior paint, wall covering, dock equipment, fire sprinklers,__
__plumbing, HVAC, electrical work, and final clean up.__

_____
_____
_____
_____ ,
(describe work performed)

**TO IMPROVE YOUR PROPERTY LOCATED AT: (CHECK AND COMPLETE AS APPLICABLE)**
- ☒ Address: __231 Junction Rd., Madison, WI 53717__
- ☐ Legal Description: _____

☒ See attached.

**AND, AS OF THE DATE OF THIS NOTICE, IS OWED THE SUM OF** $ __1,175,816.05__
(balance due)

**IF PAYMENT IN FULL IS NOT RECEIVED WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS NOTICE, THE UNDERSIGNED PRIME CONTRACTOR INTENDS TO FILE A CLAIM FOR LIEN ON YOUR PROPERTY.**

Prime Contractor Name:
__TMS Construction, Inc.__

By: _____
Authorized Agent Signature

__Rebecca A. Klongland__
Authorized Agent Print Name

Title: __Attorney__

Address: __N94W17900 Appleton Avenue Ste 200__
__Menomonee Falls, WI 50351__

Telephone: __262-251-5330__

*"Prime Contractor" typically includes anyone, other than a laborer, who enters into a contract with an Owner of land to improve the land or takes over from a Prime Contractor the uncompleted contract. (See §779.01(2)(d), Wis. Stats.)

Legal Description of the Shopping Center

Parcel A

Lot 1, Certified Survey Map 7978, recorded October 06, 1995, in Volume 42 of Certified Survey
Maps, pages 198-203, as Document No. 2709568, and corrected by Affidavit of Correction
recorded October 19, 1995 in Volume 31117 of Records, Page 44, as Document No. 2712543,
being a redivision of Lots 1,2, and 3 Junction Ridge Plat, and part of the Southeast 1/4 of the
Southeast 1/4 of Section 22, Township 7 North, Range 8 East, all located in the Northeast 1/4
and the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, in the
City of Madison, Dane County, Wisconsin.

Parcel B

Appurtenant easements and rights benefiting Parcel A pursuant to that certain Operation and
Easement Agreement recorded in the Dane County Register of Deeds Office in Vol. 31242 of
Records, Page 11, as Document #2716113, as subsequently amended by that certain First
Amendment to Operation and Easement Agreement recorded in the Dane County Register of
Deeds Office as Document #2778057 and that certain Second Amendment to Operation and
Easement Agreement recorded in the Dane County Register of Deeds' Office as Document
#3343300.





**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$
Total Postage and Fees  8.34
$
Sent To  Corporation Service Company
Street and Apt. No., or PO Box No.  33 East Main Street #601D
City, State, ZIP+4®  Madison WI 53703

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
33 East Main Street
# 601D
Madison WI 53703

9590 9402 7530 2098 3843 93

2. Article Number (Transfer from service label)
7016 0600 0000 0987 5054

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                 ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                 ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™
☐ Collect on Delivery             ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

# USPS Tracking®

FAQs >

Tracking Number:                                                         Remove ✕

# 70160600000009875054

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 11:16 am on March 15, 2023 in MADISON, WI 53703.

Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered

**Delivered, Individual Picked Up at Postal Facility**
MADISON, WI 53703
March 15, 2023, 11:16 am

See All Tracking History

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

Feedback

# Need More Help?

Contact USPS Tracking support for further assistance.

```
FAQs
```

# NIEBLER PYZYK
## Carrig, Jelenchick & Hanley LLP

| | |
|---|---|
| John H. Niebler | Matthew R. Jelenchick |
| Robert G. Pyzyk | James B. Hanley |
| James J. Carrig | James P. Riebe |
| Joseph C. Niebler, Jr. | Rebecca A. Klongland |

Rebecca A. Klongland
rklongland@nieblerpyzyk.com

Chester J. Niebler (1915-1994)

March 7, 2023

Corporation Service Company                    **Via Certified Mail**
33 East Main Street, Suite 610
Madison, WI 53703

RE: Claim for Lien
    209-261 Junction Road Madison Investors LLC

Dear Sir or Madam:

Enclosed please find the Claim for Lien for 209-261 Junction Road Madison Investors LLC for the property located at 231 Junction Road, Madison, WI 53717.

Very truly yours,

NIEBLER, PYZYK, CARRIG, JELENCHICK & HANLEY LLP

Rebecca A. Klongland

RAK
Enclosure

**EXHIBIT
4**

FILED
02-22-2023
CIRCUIT COURT
DANE COUNTY, WI
2023CL000015

## PRIME CONTRACTOR* CLAIM FOR LIEN
### §779.06, Wis. Stats.

NOTE: This Claim for Lien must be docketed with the Clerk of Courts in the County where the Property is located. A copy of this claim must be served on the Owner of the property within thirty (30) days after filing the claim.

Date:   **February 22, 2023**

To the Clerk of Circuit Court for **Dane** County, State of Wisconsin:

1. Claimant's Name:   **TMS Construction, Inc.**

   Claimant's Address:      **5739 Observation Court, Suite 110**
   **Colorado Springs, CO 80916**

   Claimant is a    **X corporation**              limited liability company          partnership
                    sole proprietorship           individual                          assignee
                    other: _____
                                                           (specify)

2. Owner(s) Name(s):     **209-261 Junction Road Madison Investors LLC**

   Owner Address:        **10 State House Square, 15th Floor**
   **Hartford, CT 06103**

   **c/o Corporation Service Company**
   **33 East Main Street Suite 610**
   **Madison, WI 53703**

3. Legal Description of Owner's Property improved by Claimant is:
   **X**       attached to this Claim for Lien
            described as: _____
            _____
            _____

located in **Dane** County, Wisconsin, and more commonly known as( street address):

**231 Junction Road**
**Madison, WI 53717**

4. Description of labor, services, materials, plans or specifications performed, furnished or procured by Claimant to improve Owner's Property:

**The remodel of the Buy Buy Baby/Bed Bath Beyond department store including but not limited to providing the following: demo, exterior concrete, masonry, structural renovations, rough carpentry, countertops, cabinetry, roofing, caulking, drywall, doors, acoustical ceiling, ceramic tile, carpet, interior paint, wall covering, dock equipment, fire sprinklers, plumbing, HVAC, electrical work, and final clean up.**

   **X under a written contract dated February 10, 2022**

Case 23-13359-VFP    Doc 1445-1    Filed 07/21/23    Entered 07/21/23 20:55:48    Desc
Case 2023CV001823      Document 2   Filed 03-13-2023    Page 24 of 30
Exhibit 1 - 18    Page 41 of 70

Case 2023CL000015    Document 1    Filed 02-22-2023    Page 2 of 6

other (specify): _____

\* A Prime Contractor is anyone who performs, furnishes, or procures labor, services, materials, plans, or specifications for construction under a contract directly with the Owner of the property being improved, and as provided in §779.01(2)(d), Wis. Stats.

5.    Date of first visible commencement of the
        entire work of improvement on the Property
        (whether by Claimant or others):                    **February 24, 2022**

6.    Date Claimant <u>first</u> furnished labor
        or materials:                                        **February 24, 2022**

7.    Date Claimant <u>last</u> furnished labor
        or materials:                                        **October 3, 2022**

8.    Prime Contractor's Notice of Lien Rights was (check as applicable):

          ~    Given to Owner as part of the Claimant's written contract for construction with the
        Owner.

          ~    Given to the Owner by registered mail or hand delivery within ten (10) days after
        first furnishing labor and materials under an oral contract.

          **X    Not given to Owner because (check one):**

                  ~ No subcontractor or material suppliers worked for Claimant in
            improving the Owner's property.

                  ~ This was residential construction of <u>more</u> than a four-family building.

                  **X This was non-residential construction.**

                  ~ Prime Contractor, or its officer(s) or controlling shareholder(s), hold(s)
            an interest in Owner's Property.

                  ~ Prime Contractor is managed or controlled by a corporation or company
            which owns the Property.

                  ~ Claimant has fully paid all its obligations to subcontractors and/or
            material suppliers for their work improving the Property AND the lien rights of all
            Claimant's subcontractors and/or material suppliers have lapsed.

9.    Date Claimant's Notice of Intention to File
        Claim for Lien was given to Owner
        (must be at least 30 days <u>before</u> the filing
        of this Claim for Lien):                            **November 28, 2022**

Case 23-13359-VFP    Doc 1445-1    Filed 07/21/23    Entered 07/21/23 20:55:48    Desc
Case 2023CV001823      Document 2 - Filed 07-17-2023    Page 25 of 30
Exhibit 1 - 1B    Page 42 of 70

Case 2023CL000015      Document 1      Filed 02-22-2023      Page 3 of 6

10.    The Total Amount owed to Claimant:                    $      1,175,816.05

Amount paid or otherwise satisfied to date:              ($      198,010.22      )

AMOUNT CLAIMED:                                          $      977,805.83

### Statement of Claim

Claimant makes and files this claim for a lien upon the interest held by the Owner in the Property under Chapter 779, Wis. Stats., not more than six (6) months after Claimant last furnished labor and/or materials as stated in Paragraph 7 above. Claimant certifies to the best of Claimant's knowledge and belief that all information contained in this Claim for Lien is correct. Based upon the above information, Claimant claims a lien upon all of the interest which the Owner has in the above described Property and improvements on it at the time of first visible commencement of the work of improvement, or that Owner may have acquired since that time, in the amount of **Nine Hundred Seventy-Seven Thousand Eight Hundred and Five Dollars and 83/100 ($977,805.83).**

This claim is subject to amendment in the event foreclosure action is commenced.

Claimant's Name: **TMS Construction, Inc.**

By: _____
                                        (signature)

Authorized Agent's Name: **Rebecca A. Klongland**

Title:  **Attorney for Claimant, State Bar No. 1115431**

Address:  **Niebler, Pyzyk, Carrig, Jelenchick & Hanley LLP
N94 W17900 Appleton Avenue, Suite 200
Menomonee Falls, WI 53051**

Telephone No: **262-251-5330**

The following **must** be attached to this Claim for Lien:
X      **Legal Description (unless fully set forth in Paragraph 3 above)**
        Prime Contractor's Notice of Lien Rights (unless not provided to Owner as indicated in Paragraph 8 above)
X      **Notice of Intention to File Claim for Lien**

Case 23-13359-VFP    Doc 1445-1    Filed 07/21/23    Entered 07/21/23 20:55:48    Desc
Case 2023CV001823      Document 2      Filed 07-17-2023
Exhibit 1 - 1    Page 43 of 70    Page 26 of 30

Case 2023CL000015      Document 1      Filed 02-22-2023      Page 4 of 6

## PRIME CONTRACTOR* NOTICE OF INTENTION TO FILE CLAIM FOR LIEN
### §779.06(2), Wis. Stats.

Date: **November 28, 2022**

One (1) copy of this Notice is being served on the Owner by: (check one)

☒ Registered mail, certified mail or by any other method of delivery where recipient makes written confirmation of receipt
OR

☐ Personal delivery

Owner Name:       **209-261 Junction Road Madison Investors LLC c/o Corporation Service Company**

Owner Address:    **8040 Excelsior Drive, Suite 400**
**Madison, WI 53717**

**THE UNDERSIGNED PRIME CONTRACTOR, HAVING A CONTRACT DIRECTLY WITH YOU, PERFORMED, FURNISHED OR PROCURED LABOR, SERVICES, MATERIALS, PLANS OR SPECIFICATIONS FOR:**

**The remodel of the department store at the below stated addresses including but not limited to providing the following: demo, exterior concrete, masonry, structural renovations, rough carpentry, counter tops, cabinetry, roofing, caulking, drywall, doors, acoustical ceiling, ceramic tile, carpet, interior paint, wall covering, dock equipment, fire sprinklers, plumbing, HVAC, electrical work, and final clean up.**

_____ ,

(describe work performed)

**TO IMPROVE YOUR PROPERTY LOCATED AT: (CHECK AND COMPLETE AS APPLICABLE)**

☒ **Address: 231 Junction Rd., Madison, WI 53717**

☐ **Legal Description:**

☒ **See attached.**

**AND, AS OF THE DATE OF THIS NOTICE, IS OWED THE SUM OF  $ 1,175,816.05**

(balance due)

**IF PAYMENT IN FULL IS NOT RECEIVED WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS NOTICE, THE UNDERSIGNED PRIME CONTRACTOR INTENDS TO FILE A CLAIM FOR LIEN ON YOUR PROPERTY.**

Prime Contractor Name:
**TMS Construction, Inc.**

By: _Rebecca A. Klongland_ (signature)
Authorized Agent Signature

**Rebecca A. Klongland**
Authorized Agent Print Name

Title: **Attorney**

Address: **N94W17900 Appleton Avenue Ste 200**
**Menomonee Falls, WI 50351**

Telephone: **262-251-5330**

*"Prime Contractor" typically includes anyone, other than a laborer, who enters into a contract with an Owner of land to improve the land or takes over from a Prime Contractor the uncompleted contract. (See §779.01(2)(d), Wis. Stats.)

Case 23-13359-VFP    Doc 1445-1    Filed 07/21/23    Entered 07/21/23 20:55:48    Desc
Case 2023CV001823    Document 1 - Exhibit 1 - 18 Filed 07/17/2023 Page 27 of 30
Page 44 of 70

Case 2023CL000015    Document 1    Filed 02-22-2023    Page 5 of 6

<u>Legal Description of the Shopping Center</u>

Parcel A

Lot 1, Certified Survey Map 7978, recorded October 06, 1995, in Volume 42 of Certified Survey Maps, pages 198-203, as Document No. 2709568, and corrected by Affidavit of Correction recorded October 19, 1995 in Volume 31117 of Records, Page 44, as Document No. 2712543, being a redivision of Lots 1,2, and 3 Junction Ridge Plat, and part of the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, all located in the Northeast 1/4 and the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, in the City of Madison, Dane County, Wisconsin.

Parcel B

Appurtenant easements and rights benefiting Parcel A pursuant to that certain Operation and Easement Agreement recorded in the Dane County Register of Deeds Office in Vol. 31242 of Records, Page 11, as Document #2716113, as subsequently amended by that certain First Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds Office as Document #2778057 and that certain Second Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds' Office as Document #3343300.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

2021 Junction Road Madison Investors LLC
c/o Corporation Service Company
8040 Excelsior Drive #400
Madison WI 53717

9590 9402 5639 9308 4054 62

2. Article Number (Transfer from service label)
7016 0750 0001 0058 9885

PS Form 3811, July 2015 PSN 7530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name):
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

7016 0750 0001 0058 9885

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postage
$
Total Postage and Fees
$ 7.82

Postmark Here
MENOMONEE FALLS WI 53051 USPS NOV 28

Sent To: c/o Corporation Service Company
Street and Apt. No., or PO Box No.: 8040 Excelsior Drive #400
City, State, ZIP+4®: Madison WI 53717

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions





**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$ 8.34

Sent To *Corporation Service Company*
Street and Apt. No., or PO Box No. *33 East Main Street #610*
City, State, ZIP+4® *Madison WI 53703*

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Claim for Lien sent

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

*Corporation Service Company*
*33 East Main Street*
*#610*
*Madison WI 53703*

9590 9402 7530 2098 3843 93

2. Article Number *(Transfer from service label)*
7016 0600 0000 0987 5054

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

# 70160600000009875054

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 11:16 am on March 15, 2023 in MADISON, WI 53703.

**Get More Out of USPS Tracking:**

    USPS Tracking Plus®

## Delivered
**Delivered, Individual Picked Up at Postal Facility**

MADISON, WI 53703
March 15, 2023, 11:16 am

See All Tracking History

---

**Text & Email Updates**                                         ⌄

---

**USPS Tracking Plus®**                                          ⌄

---

**Product Information**                                          ⌄

**See Less** ⌃

---

Track Another Package

Enter tracking or barcode numbers

Feedback

# Ballard Spahr
### LLP

2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Michael S. Myers
Tel: 602.798.5446
Fax: 602.798.5595
myersm@ballardspahr.com

April 21, 2023

*By FedEx*

Bed Bath & Beyond Inc.                          Thomas J. Phillips, Esq.
Attention: General Counsel                   Brown Rudnick LLP
650 Liberty Avenue                               One Financial Center
Union, New Jersey 07083                      Boston, Massachusetts 02111

Re:    NOTICE OF DEFAULT ("Notice") -- Lease Agreement dated February 3, 2022
("Lease"), by and between 209-261 Junction Road Madison Investors, LLC, a
Delaware limited liability company ("Landlord") and Buy Buy Baby, Inc., a
Delaware corporation ("Tenant") for the property located at 231 Junction Rd,
Madison, WI 53717 (the "Premises") and Guaranty of Lease dated February 3, 2022
("Guaranty") executed by Bed Bath & Beyond Inc., a New York corporation
("Guarantor")

Dear Sir/Madam:

As you know, this firm represents Landlord with respect to the above-referenced Lease and
Guaranty.  Any capitalized term used, but not defined, herein shall have the meaning set forth
in the Lease and Guaranty.

**NOTICE IS HEREBY GIVEN THAT ADDITIONAL DEFAULTS HAVE OCCURRED
UNDER THE LEASE.**

As advised in the Notice of Default dated January 3, 2023, Notice of Default dated March 3,
2023, and Notice of Default dated March 13, 2023 (the "Prior Notices"), Tenant was in breach
of the Lease due to the lien claim asserted by contractor TMS Construction, Inc. ("Contractor")
as well as Tenant's failure to pay Rent due on March 1, 2023.  Tenant's failure to cure all
defaults specified in those Prior Notices, specifically the failure to remove the lien claim from
the Premises, resulted in an Event of Default, which is continuing.  *See* Lease, Sections 16.1.1,
23.2; Mechanics' Lien Indemnification Agreement (Exhibit N).

More recently, Tenant failed to pay Rent due on April 1, 2023.  Tenant owes Rental in the
total amount of $52,910.91, which is comprised of $25,826.50 of Monthly Base Rental and
$27,084.41 for the 2022 tax reconciliation.  Landlord demands that Tenant or Guarantor pay
the outstanding amounts immediately but in no case later than ten (10) days from receipt of

Bed Bath & Beyond Inc.
Thomas J. Phillips, Esq.
April 21, 2023
Page 2

this Notice.  Should Tenant fail to pay the foregoing amounts within ten (10) days of receipt of this Notice, there shall be another Event of Default.

An Event of Default entitles Landlord to exercise any and all rights and remedies available to it under the Lease, at law or in equity, all without further notice or opportunity to cure (Lease, Section 16.1.2). This includes, without limitation, the right to terminate the Lease and sue for all accrued, unpaid Rent and any damages. Further, an Event of Default will entitle Landlord to exercise any and all rights and remedies under the Guaranty.

Landlord may not have identified each default or Event of Default presently existing under the Lease and Guaranty. Any failure or delay by Landlord in identifying such defaults or Events of Default, or exercising any right, power, or remedy under the Lease or Guaranty, at law or in equity, or any acceptance of partial performance or partial payment (a) shall not operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of such right, power, or remedy or the exercise of any other right, power, or remedy; and (b) shall not be sufficient, by itself or together with any other action or inaction by Landlord, to establish a course of dealing or course of conduct by Landlord (with any such prior course of dealing or conduct, if any, hereby terminated).

Further, nothing contained in this Notice shall be construed to (i) limit the right of Landlord to receive any and all sums that are or may become due and payable pursuant to the Lease and Guaranty, or otherwise, including, without limitation, costs of collection (including reasonable attorneys' fees), default interest and late charges; (ii) waive any default or Event of Default under the Lease or Guaranty, whether or not known to Landlord; (iii) waive, limit, modify, prejudice or otherwise adversely affect any right, remedy, or power of Landlord under the Lease or Guaranty, by statute, at law, or in equity, all of which rights, remedies, and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any of the claims of Landlord against Tenant.

Sincerely,

Michael S. Myers

MSM/ms

# Ballard Spahr
### LLP

– – – – – – – – – – – – – – – – – – –
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Michael S. Myers
Tel: 602.798.5446
Fax: 602.798.5595
myersm@ballardspahr.com

April 21, 2023

*By FedEx*

Bed Bath & Beyond Inc.                      Thomas J. Phillips, Esq.
Attention: General Counsel              Brown Rudnick LLP
650 Liberty Avenue                           One Financial Center
Union, New Jersey 07083                 Boston, Massachusetts 02111

Re:    NOTICE OF DEFAULT ("Notice") -- Lease Agreement dated February 3, 2022
       ("Lease"), by and between 209-261 Junction Road Madison Investors, LLC, a
       Delaware limited liability company ("Landlord") and Buy Buy Baby, Inc., a
       Delaware corporation ("Tenant") for the property located at 231 Junction Rd,
       Madison, WI 53717 (the "Premises") and Guaranty of Lease dated February 3, 2022
       ("Guaranty") executed by Bed Bath & Beyond Inc., a New York corporation
       ("Guarantor")  _____

Dear Sir/Madam:

As you know, this firm represents Landlord with respect to the above-referenced Lease and
Guaranty.  Any capitalized term used, but not defined, herein shall have the meaning set forth
in the Lease and Guaranty.

**NOTICE IS HEREBY GIVEN THAT ADDITIONAL DEFAULTS HAVE OCCURRED
UNDER THE GUARANTY.**

As advised in the Notice of Default dated January 3, 2023, Notice of Default dated March 3,
2023, and Notice of Default dated March 13, 2023 (the "Prior Notices"), Tenant was in breach
of the Lease due to the lien claim asserted by contractor TMS Construction, Inc. ("Contractor")
as well as Tenant's failure to pay Rent due on March 1, 2023.  Tenant's failure to cure all
defaults specified in those Prior Notices, specifically the failure to remove the lien claim from
the Premises, resulted in an Event of Default, which is continuing.  *See* Lease, Sections 16.1.1,
23.2; Mechanics' Lien Indemnification Agreement (Exhibit N).

More recently, Tenant failed to pay Rent due on April 1, 2023.  Tenant owes Rental in the
total amount of $52,910.91, which is comprised of $25,826.50 of Monthly Base Rental and
$27,084.41 for the 2022 tax reconciliation.  Landlord demands that Tenant or Guarantor pay
the outstanding amounts immediately but in no case later than ten (10) days from receipt of

Bed Bath & Beyond Inc.
Thomas J. Phillips, Esq.
April 21, 2023
Page 2

this Notice.  Should Tenant fail to pay the foregoing amounts within ten (10) days of receipt of this Notice, there shall be another Event of Default.

An Event of Default entitles Landlord to exercise any and all rights and remedies available to it under the Lease, at law or in equity, all without further notice or opportunity to cure (Lease, Section 16.1.2). This includes, without limitation, the right to terminate the Lease and sue for all accrued, unpaid Rent and any damages. Further, an Event of Default will entitle Landlord to exercise any and all rights and remedies under the Guaranty.

Landlord may not have identified each default or Event of Default presently existing under the Lease and Guaranty. Any failure or delay by Landlord in identifying such defaults or Events of Default, or exercising any right, power, or remedy under the Lease or Guaranty, at law or in equity, or any acceptance of partial performance or partial payment (a) shall not operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of such right, power, or remedy or the exercise of any other right, power, or remedy; and (b) shall not be sufficient, by itself or together with any other action or inaction by Landlord, to establish a course of dealing or course of conduct by Landlord (with any such prior course of dealing or conduct, if any, hereby terminated).

Further, nothing contained in this Notice shall be construed to (i) limit the right of Landlord to receive any and all sums that are or may become due and payable pursuant to the Lease and Guaranty, or otherwise, including, without limitation, costs of collection (including reasonable attorneys' fees), default interest and late charges; (ii) waive any default or Event of Default under the Lease or Guaranty, whether or not known to Landlord; (iii) waive, limit, modify, prejudice or otherwise adversely affect any right, remedy, or power of Landlord under the Lease or Guaranty, by statute, at law, or in equity, all of which rights, remedies, and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any of the claims of Landlord against Tenant.

Sincerely,

Michael S. Myers

MSM/ms

# Ballard Spahr
### LLP

2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Michael S. Myers
Tel: 602.798.5446
Fax: 602.798.5595
myersm@ballardspahr.com

March 13, 2023

*By FedEx*

Bed Bath & Beyond Inc.                          Thomas J. Phillips, Esq.
Attention: General Counsel                      Brown Rudnick LLP
650 Liberty Avenue                              One Financial Center
Union, New Jersey 07083                         Boston, Massachusetts 02111

Re:    NOTICE OF DEFAULT ("Notice") -- Lease Agreement dated February 3, 2022
       ("Lease"), by and between 209-261 Junction Road Madison Investors, LLC, a
       Delaware limited liability company ("Landlord") and Buy Buy Baby, Inc., a
       Delaware corporation ("Tenant") for the property located at 231 Junction Rd,
       Madison, WI 53717 (the "Premises") and Guaranty of Lease dated February 3, 2022
       ("Guaranty") executed by Bed Bath & Beyond Inc., a New York corporation
       ("Guarantor")

Dear Sir/Madam:

As you know, this firm represents Landlord with respect to the above-referenced Lease and
Guaranty. Any capitalized term used, but not defined, herein shall have the meaning set forth
in the Lease and Guaranty.

**NOTICE IS HEREBY GIVEN THAT ADDITIONAL DEFAULTS HAVE OCCURRED
UNDER THE LEASE.**

As advised in Notice of Default dated January 3, 2023 ("First Notice") and Notice of Default
dated March 3, 2023 ("Second Notice"), Tenant was in breach of the Lease due to the lien
claim asserted by contractor TMS Construction, Inc. ("Contractor") related to amounts
allegedly owed by Tenant to Contractor totaling $1,175,816.05, as asserted by Contractor in
the Notice of Intention to File Claim for Lien dated November 28, 2022 and filed with the
Dane County Circuit Court, case number 2023CL000015 on February 22, 2023. Tenant
Continues to be in default due to the lien claim. *See* Lease, Section 23.2; Mechanics' Lien
Indemnification Agreement (Exhibit N).

More recently, Tenant failed to pay Rent due on March 1, 2023. Tenant owes Rental in the
total amount of $30,542.40, which is comprised of $25,826.50 of Monthly Base Rental,
$4,704.11 in Common Area Maintenance, and a forwarded balance of $11.79. Landlord

Bed Bath & Beyond Inc.
Thomas J. Phillips, Esq.
March 13, 2023
Page 2

demands that Tenant or Guarantor pay the outstanding amounts immediately but in no case later than ten (10) days from receipt of this Notice.  Should Tenant fail to pay the foregoing amounts within ten (10) days of receipt of this Notice, there shall be another Event of Default.

An Event of Default entitles Landlord to exercise any and all rights and remedies available to it under the Lease, at law or in equity, all without further notice or opportunity to cure (Lease, Section 16.1.2). This includes, without limitation, the right to terminate the Lease and sue for all accrued, unpaid Rent and any damages. Further, an Event of Default will entitle Landlord to exercise any and all rights and remedies under the Guaranty.

Landlord may not have identified each default or Event of Default presently existing under the Lease and Guaranty. Any failure or delay by Landlord in identifying such defaults or Events of Default, or exercising any right, power, or remedy under the Lease or Guaranty, at law or in equity, or any acceptance of partial performance or partial payment (a) shall not operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of such right, power, or remedy or the exercise of any other right, power, or remedy; and (b) shall not be sufficient, by itself or together with any other action or inaction by Landlord, to establish a course of dealing or course of conduct by Landlord (with any such prior course of dealing or conduct, if any, hereby terminated).

Further, nothing contained in this Second Notice shall be construed to (i) limit the right of Landlord to receive any and all sums that are or may become due and payable pursuant to the Lease and Guaranty, or otherwise, including, without limitation, costs of collection (including reasonable attorneys' fees), default interest and late charges; (ii) waive any default or Event of Default under the Lease or Guaranty, whether or not known to Landlord; (iii) waive, limit, modify, prejudice or otherwise adversely affect any right, remedy, or power of Landlord under the Lease or Guaranty, by statute, at law, or in equity, all of which rights, remedies, and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any of the claims of Landlord against Tenant.

Sincerely,

*Michael Myers*

Michael S. Myers

MSM/ms

# Ballard Spahr
### LLP

2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Michael S. Myers
Tel: 602.798.5446
Fax: 602.798.5595
myersm@ballardspahr.com

March 13, 2023

*By FedEx*

Bed Bath & Beyond Inc.                    Thomas J. Phillips, Esq.
Attention: General Counsel              Brown Rudnick LLP
650 Liberty Avenue                         One Financial Center
Union, New Jersey 07083               Boston, Massachusetts 02111

Re:    NOTICE OF DEFAULT ("Notice") -- Lease Agreement dated February 3, 2022
       ("Lease"), by and between 209-261 Junction Road Madison Investors, LLC, a
       Delaware limited liability company ("Landlord") and Buy Buy Baby, Inc., a
       Delaware corporation ("Tenant") for the property located at 231 Junction Rd,
       Madison, WI 53717 (the "Premises") and Guaranty of Lease dated February 3, 2022
       ("Guaranty") executed by Bed Bath & Beyond Inc., a New York corporation
       ("Guarantor")

Dear Sir/Madam:

As you know, this firm represents Landlord with respect to the above-referenced Lease and
Guaranty. Any capitalized term used, but not defined, herein shall have the meaning set forth
in the Lease and Guaranty.

**NOTICE IS HEREBY GIVEN THAT ADDITIONAL DEFAULTS HAVE OCCURRED
UNDER THE GUARANTY.**

As advised in Notice of Default dated January 3, 2023 ("First Notice") and Notice of Default
dated March 3, 2023 ("Second Notice"), Tenant was in breach of the Lease due to the lien
claim asserted by contractor TMS Construction, Inc. ("Contractor") related to amounts
allegedly owed by Tenant to Contractor totaling $1,175,816.05, as asserted by Contractor in
the Notice of Intention to File Claim for Lien dated November 28, 2022 and filed with the
Dane County Circuit Court, case number 2023CL000015 on February 22, 2023. Tenant
Continues to be in default due to the lien claim. *See* Lease, Section 23.2; Mechanics' Lien
Indemnification Agreement (Exhibit N).

More recently, Tenant failed to pay Rent due on March 1, 2023. Tenant owes Rental in the
total amount of $30,542.40, which is comprised of $25,826.50 of Monthly Base Rental,
$4,704.11 in Common Area Maintenance, and a forwarded balance of $11.79. Landlord

DMFIRM #407001453 v1

Bed Bath & Beyond Inc.
Thomas J. Phillips, Esq.
March 13, 2023
Page 2

demands that Tenant or Guarantor pay the outstanding amounts immediately but in no case later than ten (10) days from receipt of this Notice.  Should Tenant fail to pay the foregoing amounts within ten (10) days of receipt of this Notice, there shall be another Event of Default.

An Event of Default entitles Landlord to exercise any and all rights and remedies available to it under the Lease, at law or in equity, all without further notice or opportunity to cure (Lease, Section 16.1.2). This includes, without limitation, the right to terminate the Lease and sue for all accrued, unpaid Rent and any damages. Further, an Event of Default will entitle Landlord to exercise any and all rights and remedies under the Guaranty.

Landlord may not have identified each default or Event of Default presently existing under the Lease and Guaranty. Any failure or delay by Landlord in identifying such defaults or Events of Default, or exercising any right, power, or remedy under the Lease or Guaranty, at law or in equity, or any acceptance of partial performance or partial payment (a) shall not operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of such right, power, or remedy or the exercise of any other right, power, or remedy; and (b) shall not be sufficient, by itself or together with any other action or inaction by Landlord, to establish a course of dealing or course of conduct by Landlord (with any such prior course of dealing or conduct, if any, hereby terminated).

Further, nothing contained in this Notice shall be construed to (i) limit the right of Landlord to receive any and all sums that are or may become due and payable pursuant to the Lease and Guaranty, or otherwise, including, without limitation, costs of collection (including reasonable attorneys' fees), default interest and late charges; (ii) waive any default or Event of Default under the Lease or Guaranty, whether or not known to Landlord; (iii) waive, limit, modify, prejudice or otherwise adversely affect any right, remedy, or power of Landlord under the Lease or Guaranty, by statute, at law, or in equity, all of which rights, remedies, and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any of the claims of Landlord against Tenant.

Sincerely,

*Michael Myers*

Michael S. Myers

MSM/ms

# Ballard Spahr
### LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Michael S. Myers
Tel: 602.798.5446
Fax: 602.798.5595
myersm@ballardspahr.com

March 3, 2023

*By FedEx*

Bed Bath & Beyond Inc.                    Thomas J. Phillips, Esq.
Attention: General Counsel              Brown Rudnick LLP
650 Liberty Avenue                          One Financial Center
Union, New Jersey 07083                 Boston, Massachusetts 02111

Re:    SECOND NOTICE OF DEFAULT ("Second Notice") -- Lease Agreement dated
February 3, 2022 ("Lease"), by and between 209-261 Junction Road Madison
Investors, LLC, a Delaware limited liability company ("Landlord") and Buy Buy
Baby, Inc., a Delaware corporation ("Tenant") for the property located at 231
Junction Rd, Madison, WI 53717 (the "Premises") and Guaranty of Lease dated
February 3, 2022 ("Guaranty") executed by Bed Bath & Beyond Inc., a New York
corporation ("Guarantor")

Dear Sir/Madam:

As you know, this firm represents Landlord with respect to the above-referenced Lease and
Guaranty.  Any capitalized term used, but not defined, herein shall have the meaning set forth
in the Lease and Guaranty.

**FURTHER NOTICE IS HEREBY GIVEN THAT DEFAULTS HAVE OCCURRED
UNDER THE LEASE.**

As advised in Notice of Default dated January 3, 2023 (the "First Notice"), Tenant was in
breach of the Lease due to the claim asserted by contractor TMS Construction, Inc.
("Contractor") related to amounts allegedly owed by Tenant to Contractor totaling
$1,175,816.05, as asserted by Contractor in the Notice of Intention to File Claim for Lien dated
November 28, 2022.  The assertion of this claim constituted a breach of the Mechanics' Lien
Indemnification Agreement (Exhibit N) and the Lease.  Because Tenant failed to pay the
amounts claimed by the Contractor within thirty (30) days of the First Notice, there is an Event
of Default under the Lease.

Furthermore, Tenant's failure to resolve the claim asserted by Contractor has led to the
Contractor filing a lien against the Premises and Landlord's interest therein.  On February 22,
2023, Contractor filed a lien claim with the Dane County Circuit Court, case number

Bed Bath & Beyond Inc.
Thomas J. Phillips, Esq.
March 3, 2023
Page 2

2023CL000015.  Tenant's failure to discharge the lien within thirty (30) days shall result in another Event of Default under the Lease.  Lease, Section 23.2.

An Event of Default entitles Landlord to exercise any and all rights and remedies available to it under the Lease, at law or in equity, all without further notice or opportunity to cure (Lease, Section 16.1.2). This includes, without limitation, the right to terminate the Lease and sue for all accrued, unpaid Rent and any damages. Further, an Event of Default will entitle Landlord to exercise any and all rights and remedies under the Guaranty.

Landlord may not have identified each default or Event of Default presently existing under the Lease and Guaranty. Any failure or delay by Landlord in identifying such defaults or Events of Default, or exercising any right, power, or remedy under the Lease or Guaranty, at law or in equity, or any acceptance of partial performance or partial payment (a) shall not operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of such right, power, or remedy or the exercise of any other right, power, or remedy; and (b) shall not be sufficient, by itself or together with any other action or inaction by Landlord, to establish a course of dealing or course of conduct by Landlord (with any such prior course of dealing or conduct, if any, hereby terminated).

Further, nothing contained in this Second Notice shall be construed to (i) limit the right of Landlord to receive any and all sums that are or may become due and payable pursuant to the Lease and Guaranty, or otherwise, including, without limitation, costs of collection (including reasonable attorneys' fees), default interest and late charges; (ii) waive any default or Event of Default under the Lease or Guaranty, whether or not known to Landlord; (iii) waive, limit, modify, prejudice or otherwise adversely affect any right, remedy, or power of Landlord under the Lease or Guaranty, by statute, at law, or in equity, all of which rights, remedies, and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any of the claims of Landlord against Tenant.

Sincerely,

*Michael Myers*

Michael S. Myers

MSM/ms

# Ballard Spahr
**LLP**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Michael S. Myers
Tel: 602.798.5446
Fax: 602.798.5595
myersm@ballardspahr.com

March 3, 2023

_By FedEx_

Bed Bath & Beyond Inc.                   Thomas J. Phillips, Esq.
Attention: General Counsel               Brown Rudnick LLP
650 Liberty Avenue                       One Financial Center
Union, New Jersey 07083                  Boston, Massachusetts 02111

Re:    NOTICE OF DEFAULT ("Notice") -- Lease Agreement dated February 3, 2022
       ("Lease"), by and between 209-261 Junction Road Madison Investors, LLC, a
       Delaware limited liability company ("Landlord") and Buy Buy Baby, Inc., a
       Delaware corporation ("Tenant") for the property located at 231 Junction Rd,
       Madison, WI 53717 (the "Premises") and Guaranty of Lease dated February 3, 2022
       ("Guaranty") executed by Bed Bath & Beyond Inc., a New York corporation
       ("Guarantor")

Dear Sir/Madam:

As you know, this firm represents Landlord with respect to the above-referenced Guaranty.
Any capitalized term used, but not defined, herein shall have the meaning set forth in the Lease
and Guaranty.

**NOTICE IS HEREBY GIVEN THAT DEFAULTS HAVE OCCURRED UNDER THE
GUARANTY.**

As advised in Notice of Default dated January 3, 2023 sent to Bed Bath & Beyond Inc. as
Guarantor and on behalf of both Tenant (the "First Notice"), Tenant was in breach of the Lease
due to the claim asserted by contractor TMS Construction, Inc. ("Contractor") related to
amounts allegedly owed by Tenant to Contractor totaling $1,175,816.05, as asserted by
Contractor in the Notice of Intention to File Claim for Lien dated November 28, 2022.  The
assertion of this claim constituted a breach of the Mechanics' Lien Indemnification Agreement
(Exhibit N) and the Lease.  Because Tenant failed to pay the amounts claimed by the
Contractor within thirty (30) days of the First Notice, there is an Event of Default under the
Lease.

DMFIRM #406933887 v1

Bed Bath & Beyond Inc.
Thomas J. Phillips, Esq.
March 3, 2023
Page 2

Furthermore, Tenant's failure to resolve the claim asserted by Contractor has led to the Contractor filing a lien against the Premises and Landlord's interest therein. On February 22, 2023, Contractor filed a lien claim with the Dane County Circuit Court, case number 2023CL000015. Tenant's failure to discharge the lien within thirty (30) days shall result in another Event of Default under the Lease. Lease, Section 23.2.

An Event of Default entitles Landlord to exercise any and all rights and remedies available to it under the Lease, at law or in equity, all without further notice or opportunity to cure (Lease, Section 16.1.2). This includes, without limitation, the right to terminate the Lease and sue for all accrued, unpaid Rent and any damages. Further, an Event of Default will entitle Landlord to exercise any and all rights and remedies under the Guaranty.

Landlord may not have identified each default or Event of Default presently existing under the Lease and Guaranty. Any failure or delay by Landlord in identifying such defaults or Events of Default, or exercising any right, power, or remedy under the Lease or Guaranty, at law or in equity, or any acceptance of partial performance or partial payment (a) shall not operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of such right, power, or remedy or the exercise of any other right, power, or remedy; and (b) shall not be sufficient, by itself or together with any other action or inaction by Landlord, to establish a course of dealing or course of conduct by Landlord (with any such prior course of dealing or conduct, if any, hereby terminated).

Further, nothing contained in this Notice shall be construed to (i) limit the right of Landlord to receive any and all sums that are or may become due and payable pursuant to the Lease and Guaranty, or otherwise, including, without limitation, costs of collection (including reasonable attorneys' fees), default interest and late charges; (ii) waive any default or Event of Default under the Lease or Guaranty, whether or not known to Landlord; (iii) waive, limit, modify, prejudice or otherwise adversely affect any right, remedy, or power of Landlord under the Lease or Guaranty, by statute, at law, or in equity, all of which rights, remedies, and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any of the claims of Landlord against Tenant.

Sincerely,

*Michael Myers*

Michael S. Myers

MSM/ms

# Ballard Spahr
### LLP

2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Michael S. Myers
Tel: 602.798.5446
Fax: 602.798.5595
myersm@ballardspahr.com

January 3, 2023

*By FedEx*

Bed Bath & Beyond Inc.                          Thomas J. Phillips, Esq.
650 Liberty Avenue                              Brown Rudnick LLP
Union, New Jersey 07083                         One Financial Center
Attention: General Counsel                      Boston, Massachusetts 02111

Re:     NOTICE OF DEFAULT (this "Notice") – Lease Agreement dated February 3, 2022
        ("Lease"), by and between 209-261 Junction Road Madison Investors LLC, a
        Delaware limited liability company ("Landlord") and Buy Buy Baby, Inc., a
        Delaware corporation ("Tenant") and Guaranty of Lease dated February 3, 2022
        ("Guaranty") executed by Bed Bath & Beyond Inc., a New York corporation
        ("Guarantor")

Dear Sir/Madam:

This firm represents Landlord with respect to the above-referenced Lease. Any capitalized
term used, but not defined, herein shall have the meaning set forth in the Lease and Guaranty.

**NOTICE IS HEREBY GIVEN THAT DEFAULTS HAVE OCCURRED UNDER THE
LEASE AND GUARANTY.**

Section 23.2 of the Lease provides that Tenant shall discharge any lien against the Premises
and/or Landlord's interest therein within thirty (30) days after notice of the filing thereof.
Further, pursuant to the Mechanics' Lien Indemnification Agreement (Exhibit N to the Lease),
Tenant indemnified and agreed to hold Landlord harmless from "any loss, payment, claim or
expense as the result of mechanics and materialmen filing liens or otherwise making claims
against Landlord's interest in the Premises and the Shopping Center based upon materials or
services provided under contract with Tenant." "In the event that any mechanic, materialman
or other claimant makes claim against the Premises or Shopping Center based upon materials
or services provided under contract with Tenant, Tenant shall hold harmless and protect
Landlord from any loss, payment, claim or expense related thereto." Mechanics' Lien
Indemnification Agreement, Section 1. Pursuant to the Guaranty, Guarantor unconditionally
and absolutely guaranteed the payment of all of Tenant's Monetary Lease Obligations under
the Lease as well as the performance by Tenant of all of Tenant's Non-Monetary Lease
Obligations. Guaranty, Section 2.

On or about November 28, 2022, Landlord receive a Notice of Intention to File Claim for Lien (the "Lien") from counsel for TMS Construction, Inc. relating to amounts allegedly owed by Tenant to TMS Construction, Inc. totaling $1,175,816.05.  On Friday, December 2, 2022 and Wednesday, December 14, 2022, Terry Delsman at CBRE, on behalf of Landlord, requested Tenant either pay this claim or bond around it, but Tenant has failed to do so—or even to respond to Landlord's requests.  The failure to pay this amount or to bond around the Lien within thirty (30) days of this Notice shall constitute an Event of Default pursuant to Section 16.1.1 of the Lease.  An Event of Default will entitle Landlord to exercise any and all rights and remedies available to it under the Lease, at law or in equity, all without further notice or opportunity to cure (Lease, Section 16.1.2).  This includes, without limitation, the right to terminate the Lease and sue for all accrued, unpaid Rent and any damages.  Further, an Event of Default will entitle Landlord to exercise any and all rights and remedies under the Guaranty.

Landlord may not have identified each default or Event of Default presently existing under the Lease and Guaranty.  Any failure or delay by Landlord in identifying such defaults or Events of Default, or exercising any right, power, or remedy under the Lease or Guaranty, at law or in equity, or any acceptance of partial performance or partial payment (a) shall not operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of such right, power, or remedy or the exercise of any other right, power, or remedy; and (b) shall not be sufficient, by itself or together with any other action or inaction by Landlord, to establish a course of dealing or course of conduct by Landlord (with any such prior course of dealing or conduct, if any, hereby terminated).

Further, nothing contained in this Notice shall be construed to (i) limit the right of Landlord to receive any and all sums that are or may become due and payable pursuant to the Lease and Guaranty, or otherwise, including, without limitation, costs of collection (including reasonable attorneys' fees), default interest and late charges; (ii) waive any default or Event of Default under the Lease or Guaranty, whether or not known to Landlord; (iii) waive, limit, modify, prejudice or otherwise adversely affect any right, remedy, or power of Landlord under the Lease or Guaranty, by statute, at law, or in equity, all of which rights, remedies, and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any of the claims of Landlord against Tenant.

Sincerely,

Michael S. Myers

MSM/vlm



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25985540**
**Date Processed: 12/02/2022**

| | |
|---|---|
| **Primary Contact:** | Steven M. Kapiloff<br>UBS Realty Investors LLC<br>10 State House Sq<br>Fl 15<br>Hartford, CT 06103-3600 |
| **Electronic copy provided to:** | Laura Austin<br>Wanda Fongemie<br>Susan Engle |

| | |
|---|---|
| **Entity:** | 209-261 Junction Road Madison Investors LLC<br>Entity ID Number  3384279 |
| **Entity Served:** | 209-261 Junction Road Madison Investors LLC |
| **Title of Action:** | TMS Construction, Inc. vs. 231 Junction Rd., Madison, WI 53717 |
| **Matter Name/ID:** | TMS Construction, Inc. vs. 231 Junction Rd., Madison, WI 53717 (13285898) |
| **Document(s) Type:** | Notice |
| **Nature of Action:** | Property |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 11/30/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Niebler, Pyzyk, Carrig, Jelenchick & Hanley LLP<br>262-251-5330 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# NIEBLER PYZYK
## Carrig, Jelenchick & Hanley  LLP

John H. Niebler
Robert G. Pyzyk
James J. Carrig
Joseph C. Niebler, Jr.

Matthew R. Jelenchick
James B. Hanley
James P. Riebe
Rebecca A. Klongland

Chester J. Niebler (1915-1994)

Rebecca A. Klongland
rklongland@nieblerpyzyk.com

November 28, 2022

209-261 Junction Road Madison Investors LLC          **Via Certified Mail**
c/o Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

RE: Notice of Intention to File Claim for Lien
231 Junction Rd., Madison, WI 53717

Dear Sir or Madam:

Enclosed please find a Notice of Intention to File Claim for Lien, on behalf of my client TMS Construction, Inc.  TMS Construction, Inc. was hired to remodel the department store at the above stated address for Bed Bath & Beyond, Inc. and a Buy Buy Baby Store.  Currently, TMS Construction, Inc. is owed $1,175,816.05 on the project.

If payment is not made within 30 days, TMS Construction, Inc. will proceed with filing a lien on the property for the sums due and owing.  If you should have any questions, please do not hesitate to contact me.

A courtesy copy of the Notice of Intention to File Claim for Lien has been provided to the Property Manager, Terry Delsman at CBRE, Inc.

Very truly yours,

NIEBLER, PYZYK, CARRIG, JELENCHICK & HANLEY LLP

Rebecca A. Klongland

Enclosure

Via Regular US Mail: CBRE, Inc.
c/o Terry Delsman
777 East Wisconsin Avenue, Suite 3150
Milwaukee, WI 53202

# PRIME CONTRACTOR* NOTICE OF INTENTION TO FILE CLAIM FOR LIEN
### §779.06(2), Wis. Stats.

Date: **November 28, 2022**

One (1) copy of this Notice is being served on the Owner by: (check one)

☒ Registered mail, certified mail or by any other method of delivery where recipient makes written confirmation of receipt
OR
☐ Personal delivery

Owner Name: **209-261 Junction Road Madison Investors LLC c/o Corporation Service Company**

Owner Address: **8040 Excelsior Drive, Suite 400**
**Madison, WI 53717**

**THE UNDERSIGNED PRIME CONTRACTOR, HAVING A CONTRACT DIRECTLY WITH YOU, PERFORMED, FURNISHED OR PROCURED LABOR, SERVICES, MATERIALS, PLANS OR SPECIFICATIONS FOR:**

**The remodel of the department store at the below stated addresses including but not limited to providing the following: demo, exterior concrete, masonry, structural renovations, rough carpentry, counter tops, cabinetry, roofing, caulking, drywall, doors, acoustical ceiling, ceramic tile, carpet, interior paint, wall covering, dock equipment, fire sprinklers, plumbing, HVAC, electrical work, and final clean up.**

(describe work performed)

**TO IMPROVE YOUR PROPERTY LOCATED AT: (CHECK AND COMPLETE AS APPLICABLE)**

☒ Address: **231 Junction Rd., Madison, WI 53717**
☐ Legal Description: _____

☒ See attached.

**AND, AS OF THE DATE OF THIS NOTICE, IS OWED THE SUM OF** $ **1,175,816.05** .
(balance due)

**IF PAYMENT IN FULL IS NOT RECEIVED WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS NOTICE, THE UNDERSIGNED PRIME CONTRACTOR INTENDS TO FILE A CLAIM FOR LIEN ON YOUR PROPERTY.**

Prime Contractor Name:
**TMS Construction, Inc.**

By: _Rebecca A. Klongland_
Authorized Agent Signature
**Rebecca A. Klongland**
Authorized Agent Print Name

Title: **Attorney**

Address: **N94W17900 Appleton Avenue Ste 200**
**Menomonee Falls, WI 50351**

Telephone: **262-251-5330**

*"Prime Contractor" typically includes anyone, other than a laborer, who enters into a contract with an Owner of land to improve the land or takes over from a Prime Contractor the uncompleted contract. (See §779.01(2)(d), Wis. Stats.)

<u>Legal Description of the Shopping Center</u>

Parcel A

Lot 1, Certified Survey Map 7978, recorded October 06, 1995, in Volume 42 of Certified Survey Maps, pages 198-203, as Document No. 2709568, and corrected by Affidavit of Correction recorded October 19, 1995 in Volume 31117 of Records, Page 44, as Document No. 2712543, being a redivision of Lots 1,2, and 3 Junction Ridge Plat, and part of the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, all located in the Northeast 1/4 and the Southeast 1/4 of the Southeast 1/4 of Section 22, Township 7 North, Range 8 East, in the City of Madison, Dane County, Wisconsin.

Parcel B

Appurtenant easements and rights benefiting Parcel A pursuant to that certain Operation and Easement Agreement recorded in the Dane County Register of Deeds Office in Vol. 31242 of Records, Page 11, as Document #2716113, as subsequently amended by that certain First Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds Office as Document #2778057 and that certain Second Amendment to Operation and Easement Agreement recorded in the Dane County Register of Deeds' Office as Document #3343300.

# NIEBLER PYZYK
Carrig, Jelenchick & Hanley LLP

N94 W17900 Appleton Ave. Suite 200
P.O. Box 444
Menomonee Falls, WI 53052-0444





CERTIFIED MAIL

7016 0750 0001 0058 9885

US POSTAGE ™ PITNEY BOWES

ZIP 53051
02 7H
0001266760    NOV 28 2022

$ 007.82⁰

209-261 Junction Road Madison Investors LLC
c/o Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

53717-291500

| Database: | RIVERROCKGRP | | | Aged Delinquencies | | #8 - WARNER | | Page: | 1 |
| ENTITY: | 718 | **EXHIBIT 15** | | RiverRock REG | | MARKETPLACE | | Date: | 7/20/2023 |
| | | | | Bristol Warner Investors LLC | | | | Time: | 04:12 PM |
| | | | | Period: 07/23 | | | | | |

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 718-000319 | | **Bed, Bath and Beyond** | | Master Occupant Id: 00000312-1 | | Day Due: 1 | Delq Day: 10 | | |
| | | Emily Ortiz | | 06530    Current | | Last Payment: | 7/3/2023 | | 75,293.54 |
| | | (908) 855-4174 | | | | | | | |
| 3/21/2023 | PYC | Prior Year CAM | CH | 4,724.79 | 0.00 | 0.00 | 0.00 | 4,724.79 | 0.00 |
| 4/1/2023 | CAM | Common Area Maint | CH | 6,937.49 | 0.00 | 0.00 | 0.00 | 6,937.49 | 0.00 |
| 4/1/2023 | INS | Insurance | CH | 1,889.23 | 0.00 | 0.00 | 0.00 | 1,889.23 | 0.00 |
| 4/1/2023 | RNT | Monthly Rent | CH | 33,406.39 | 0.00 | 0.00 | 0.00 | 33,406.39 | 0.00 |
| 4/1/2023 | TAX | Taxes | CH | 12,982.15 | 0.00 | 0.00 | 0.00 | 12,982.15 | 0.00 |
| 4/24/2023 | LAT | Late Fee | CH | 3,200.73 | 0.00 | 0.00 | 3,200.73 | 0.00 | 0.00 |
| 5/1/2023 | RNT | Monthly Rent | CH | 1,791.73 | 0.00 | 0.00 | 1,791.73 | 0.00 | 0.00 |
| | | TOTAL ADMIN | | $4,992.46 | | | | | |
| | CAM | Common Area Maintenance | | 6,937.49 | 0.00 | 0.00 | 0.00 | 6,937.49 | 0.00 |
| | INS | Insurance | | 1,889.23 | 0.00 | 0.00 | 0.00 | 1,889.23 | 0.00 |
| | LAT | Late Fee | | 3,200.73 | 0.00 | 0.00 | 3,200.73 | 0.00 | 0.00 |
| | PYC | Prior Year CAM | | 4,724.79 | 0.00 | 0.00 | 0.00 | 4,724.79 | 0.00 |
| | RNT | Monthly Rent | | 35,198.12 | 0.00 | 0.00 | 1,791.73 | 33,406.39 | 0.00 |
| | TAX | Taxes | | 12,982.15 | 0.00 | 0.00 | 0.00 | 12,982.15 | 0.00 |
| | | **Bed, Bath and Beyond Total:** | | 64,932.51 | 0.00 | 0.00 | 4,992.46 | 59,940.05 | 0.00 |
| | CAM | Common Area Maintenance | | 6,937.49 | 0.00 | 0.00 | 0.00 | 6,937.49 | 0.00 |
| | INS | Insurance | | 1,889.23 | 0.00 | 0.00 | 0.00 | 1,889.23 | 0.00 |
| | LAT | Late Fee | | 3,200.73 | 0.00 | 0.00 | 3,200.73 | 0.00 | 0.00 |
| | PYC | Prior Year CAM | | 4,724.79 | 0.00 | 0.00 | 0.00 | 4,724.79 | 0.00 |
| | RNT | Monthly Rent | | 35,198.12 | 0.00 | 0.00 | 1,791.73 | 33,406.39 | 0.00 |
| | TAX | Taxes | | 12,982.15 | 0.00 | 0.00 | 0.00 | 12,982.15 | 0.00 |
| | | **ENTITY 718 Total:** | | 64,932.51 | 0.00 | 0.00 | 4,992.46 | 59,940.05 | 0.00 |
| | CAM | Common Area Maintenance | | 6,937.49 | 0.00 | 0.00 | 0.00 | 6,937.49 | 0.00 |
| | INS | Insurance | | 1,889.23 | 0.00 | 0.00 | 0.00 | 1,889.23 | 0.00 |
| | LAT | Late Fee | | 3,200.73 | 0.00 | 0.00 | 3,200.73 | 0.00 | 0.00 |
| | PYC | Prior Year CAM | | 4,724.79 | 0.00 | 0.00 | 0.00 | 4,724.79 | 0.00 |
| | RNT | Monthly Rent | | 35,198.12 | 0.00 | 0.00 | 1,791.73 | 33,406.39 | 0.00 |
| | TAX | Taxes | | 12,982.15 | 0.00 | 0.00 | 0.00 | 12,982.15 | 0.00 |
| | | **Grand Total:** | | 64,932.51 | 0.00 | 0.00 | 4,992.46 | 59,940.05 | 0.00 |

ADMIN

# **EXHIBIT 16**

**Aged Delinquencies Collections**
**Urban Edge Properties**
**RWO2 - Woodbridge II**
**Bed Bath & Beyond #160**
**Master Occupant ID: 000000695**
**Period: 07/23**

| Invoice Date | Category | Category Description | Transaction Description | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months | Additional Description | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/21/2023 | TTT | Real Estate Tax | Estimate Reconciliation | 50,010.12 | 0.00 | 0.00 | 0.00 | 0.00 | 50,010.12 | | |
| 3/22/2023 | CAM | CAM | Recovery Reconciliation 12/22 | (2,583.69) | 0.00 | 0.00 | 0.00 | 0.00 | (2,583.69) | | |
| 4/19/2023 | CAM | CAM | Over Payment CAM Apr'23 | (631.57) | 0.00 | 0.00 | 0.00 | (631.57) | 0.00 | | |
| 5/1/2023 | TTT | **Real Estate Tax** | **AUTOCHRG @T7/31/2023 @R** | **50,010.12** | **0.00** | **0.00** | **50,010.12** | **0.00** | **0.00** | **Rate Change: 50,010.12 to 50,010.12** | **POST-PETITION TAX BILLING OUTSTANDING** |
| **Bed Bath & Beyond #160 Total:** | | | | **96,804.98** | **0.00** | **0.00** | **50,010.12** | **(631.57)** | **47,426.43** | | |

heilmanl #408593930 v1

# EXHBIIT 17

**Aged Delinquencies Collections**
**Urban Edge Properties**
**RWO2 - Woodbridge II**
**Buy Buy Baby #3130**
**Master Occupant ID: 000000696**
**Period: 07/23**

| Invoice Date | Category | Category Description | Transaction Description | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months | Additional Description | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/21/2023 | TTT | Real Estate Tax | Estimate Reconciliation | 32,056.48 | 0.00 | 0.00 | 0.00 | 0.00 | 32,056.48 | | |
| 3/22/2023 | CAM | CAM | Recovery Reconciliation 12/22 | (1,656.15) | 0.00 | 0.00 | 0.00 | 0.00 | (1,656.15) | | |
| 4/1/2023 | BRR | Base Rent - Retail | AUTOCHRG @T4/30/2023 | 22,641.54 | 0.00 | 0.00 | 0.00 | 22,641.54 | 0.00 | | |
| 4/1/2023 | CAM | CAM | AUTOCHRG @T4/30/2023 @R | 3,168.50 | 0.00 | 0.00 | 0.00 | 3,168.50 | 0.00 | Rate Change: 4,872.73 to 4,320.68 | |
| 4/1/2023 | OTR | Tenant Trash Removal | AUTOCHRG @T4/30/2023 | 486.41 | 0.00 | 0.00 | 0.00 | 486.41 | 0.00 | | |
| 5/1/2023 | TTT | **Real Estate Tax** | **AUTOCHRG @T7/31/2023 @R** | **7,749.91** | **0.00** | **0.00** | **7,749.91** | **0.00** | **0.00** | **Rate Change: 32,056.48 to 32,056.48** | **POSTPETITION ADMINISTRATIVE CLAIM** |
| **Buy Buy Baby #3130 Total:** | | | | **64,446.69** | **0.00** | **0.00** | **7,749.91** | **26,296.45** | **30,400.33** | | |
| | | Plus, April Stub Rent | | 7,012.39 | | | | | | | |
| | | **TOTAL ADMIN** | | **14,762.30** | | | | | | | |

# EXHIBIT 18

**Aged Delinquencies Collections**
**Urban Edge Properties**
**RTOT - Totowa**
**Bed Bath & Beyond #477**
**Master Occupant ID:  RTOT10A**
**Period:  07/23**

| Invoice Date | Category | Category Description | Transaction Description | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months | Additional Description | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/17/2023 | CAM | CAM | Recovery Reconciliation 12/22 | 2,277.09 | 0.00 | 0.00 | 0.00 | 0.00 | 2,277.09 | | |
| 4/1/2023 | CAM | CAM | AUTOCHRG @T4/30/2023 @R | 556.62 | 0.00 | 0.00 | 0.00 | 556.62 | 0.00 | Rate Change: 18,828.18 to 19,587.21 | |
| 5/1/2023 | TTT | Real Estate Tax | AUTOCHRG @T7/31/2023 @R | 23,895.57 | 0.00 | 0.00 | 23,895.57 | 0.00 | 0.00 | Rate Change: 98,840.76 to 98,840.76 | POSTPETITION ADMINISTRATIVE CLAIM |
| **Bed Bath & Beyond #477 Total:** | | | | 26,729.28 | 0.00 | 0.00 | 23,895.57 | 556.62 | 2,277.09 | | |
| | | | Plus, April Stub | 148.432 | | | | | | | |
| | | | TOTAL ADMIN | 24,044.00 | | | | | | | |