UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A.
Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C.
(admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

Order Filed on July 20, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through sixteen (16), is

**ORDERED**.

**DATED: July 20, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

| | |
|---|---|
| (Page \| 2) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* ( the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to sell (the "Sale") that certain unexpired lease (the "Lease") identified in the Assumption and Assignment Agreement (the "Agreement") attached hereto as **Schedule 1** free and clear of liens, claims, encumbrances, and other interests; (ii) approving the assumption and assignment of the Lease to Macy's Retail Holdings, Inc. ("Macy's"); and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion and the Agreement (defined herein), as applicable.

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

"Hearing");and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Any responses or objections to, or reservations of rights regarding, the entry of this Order or the relief granted herein or requested in the Motion that have not been withdrawn, waived, or settled, or have not otherwise been resolved, if any, are hereby denied and overruled on the merits with prejudice. All holders of liens, claims, interests, and encumbrances (collectively, "Interests") and other persons and entities, including landlords, that failed to timely object, or withdrew their objections, to the Motion or this Order are deemed to consent to the relief granted herein for all purposes.

3.      The Agreement, attached hereto as **Schedule 1**, and all of the terms and conditions thereof, and the Sale, contemplated thereby, are hereby approved in all respects. The failure to include specifically any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of this Court that, unless expressly provided otherwise in this Order, the Agreement and all of its provisions, payments and transactions, be authorized and approved in their entirety.  Likewise, all of the provisions of this Order are not severable and mutually dependent.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

4.      Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, acting by and through their existing agents, representatives and officers, are authorized to take any and all actions necessary and appropriate to consummate the Agreement and the Sale, in accordance with the terms and conditions of the Agreement and this Order.

5.      Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, upon the Closing and pursuant to and except as otherwise set forth in the Agreement, the Lease shall be transferred to Macy's free and clear of all Interests in the Lease with all such Interests attaching to the proceeds of the Sale with the same force, effect and priority that such Interests had with respect to the Lease sold.

6.      Each holder of any Interest against the Debtors, their estates, or the Lease (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.

7.      Subject to the terms and conditions of this Order and the Agreement, upon the Closing, Macy's shall be deemed to be substituted for the Debtors as a party to the Lease and all documents related to the Lease, and the Lease shall be deemed valid and binding, in good standing, in full force and effect in accordance with their terms, and, in accordance with sections 363 and 365 of the Bankruptcy Code, Macy's shall be fully and irrevocably vested in all right,

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

title, interest of the Debtors as tenant under the Lease, free and clear of all Interests of any kind

or nature whatsoever.

8.     The Debtors shall pay the landlord (the "Landlord") the applicable cure amount

for the Lease. Payment of the applicable cure amount by the Debtors, either as agreed by the

Debtors and the Landlord in writing or as otherwise determined by the Court, shall constitute the

cure of all defaults arising under the Lease that are required to be cured by section 365(b)(1)(A)

of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code). For

the avoidance of doubt and notwithstanding anything to the contrary herein, the Debtors shall

remain liable for any additional obligations under Lease that arise under section 365(d)(3) of the

Bankruptcy Code between the date of the entry of this Order and the Closing.  Moreover, to the

extent that any such obligations are not paid in accordance with the terms of the Lease prior to

the Closing, the Landlord shall be entitled to request, upon such notice and a hearing as the

Bankruptcy Code and the Bankruptcy Rules require or this Court otherwise orders, immediate

payment of such obligations under section 365(d)(3) of the Bankruptcy Code from the Debtors

and their estates, and all rights of the Debtors and their estates in connection with any such

request shall be reserved.

9.     Except as otherwise agreed in writing between the Debtors and the Landlord, the

determination of any disputed cure amount shall be expressly reserved for further proceedings, at

which time the Debtors and the Landlord may schedule a further hearing before the Court on the

issue of appropriate cure amount on at least seven (7) days' prior notice to the other party.  Upon

65548/0001-45774111v1

| | |
|---|---|
| (Page | 6) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

payment of such cure amount, the Debtors and the Landlord are hereby barred and permanently enjoined from asserting against one another or Macy's, including its agents, representatives, affiliates, and permitted successors and assigns, any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the Closing; *provided, however*, that nothing herein shall impair or prejudice the Landlord's right to recover from the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the Leased Premises on account of events that occurred prior to the effective date of assumption and assignment of the Lease to Macy's. Macy's shall not have any liability or obligation, including, but not limited to, any indemnification obligation to the Landlord in relation to or in connection with any default, action, liability or other cause of action under the Lease existing, arising, accruing or based upon events occurring prior to the Closing, whether asserted or not, except as specifically provided for in the Agreement.

10.     All defaults or obligations for compensation of pecuniary loss and all other pre-petition and post-petition amounts under the Lease arising prior to the Closing, including, without limitation, legal fees, interest, late charges and refurbishing obligations are deemed fully and completely satisfied by the payment by the Debtors of the cure amount with respect to the Lease.

11.     Except as set forth in this Order, from and after the assumption and assignment to Macy's of the Lease in accordance with this Order, the terms of the Lease shall be binding upon Macy's (and as may be modified by the Agreement attached hereto as **Schedule 1**), including,

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

without limitation, in the case of the Lease, any indemnification obligations expressly contained in the Lease (but expressly limited to matters arising from and after the Closing Date (as defined in the Agreement), and any rent, common area maintenance, insurance, taxes, or similar charges expressly contained in the Lease that relate to periods from and after the Closing Date; *provided, however*, that Macy's assumption of obligations and liabilities under the Lease shall be limited to obligations arising from and after the Closing Date and which relate to periods from and after the Closing Date.

12.     With respect to any provision of the Lease providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing occurs, Macy's shall only be responsible for the prorated portion of percentage rent attributable to the period after the Closing calculated on a per diem basis.

13.     Except as expressly set forth in the Agreement, Macy's and its successors and assigns shall have no liability for any claim, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as a transferee or successor or otherwise, of any kind, nature or character whatsoever, by reason of any theory of law or equity.

14.     The Debtors have met all requirements of sections 365(b) and 365(f) of the Bankruptcy Code in connection with the assumption and assignment of the Lease to Macy's. The Lease is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code.

| (Page \| 8) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

15. Macy's has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Lease.

16. There shall be no rent accelerations, assignment fees, increases or any other fees charged to Macy's or the Debtors as a result of the assumption and assignment of the Lease.

17. Any provisions in the Lease that prohibit or condition the assignment of the Lease or allow the Landlord to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of the Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Macy's in connection with the assumption and assignment of the Lease. The Lease shall remain in full force and effect, without existing defaults, subject only to payment by the Debtor of the appropriate cure amount.

18. On the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Lease transferring good and marketable title in the Lease to Macy's pursuant to the terms and allocations set forth in this Order and the Agreement.

19. To the maximum extent available under applicable law and to the extent provided for under the Agreement, Macy's shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Lease and, to the maximum extent available under applicable law and to the extent

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

provided for under the Agreement, all such licenses, permits, registrations, and governmental

authorizations and approvals are deemed to have been transferred to Macy's as of the Closing.

All existing licenses or permits applicable to the business shall remain in place for Macy's

benefit until either new licenses and permits are obtained or existing licenses and permits are

transferred in accordance with applicable administrative procedures.

20.    The Landlord shall cooperate in good faith and use commercially reasonable

efforts to execute and deliver, upon the request of Macy's, any instruments, applications,

consents, or other documents that may be required by any public or quasi-public authority or

other party or entity, for the purpose of obtaining any permits, approvals, or other necessary

documents required for alteration, installation of signage, opening, and operating the premises

associated with the Lease; *provided* that the Landlord does not incur any out of the ordinary

material out-of-pocket costs as a result of such cooperation.

21.    Solely with respect to the transaction contemplated by the Agreement and

approved by this Order, any terms, conditions or provisions in the Lease that (i) prohibit or

condition the assignment of the Lease for any reason, including, but not limited to, any radius,

tenant mix, prohibited use, exclusive use, operating covenants, or other restrictive provisions

contained in the Lease or any other contract and agreement the Debtors are a party to including,

but not limited to, any restrictive covenant with any third party, (ii) allow the Landlord to cancel,

terminate, recapture, impose any penalty, condition on renewal or extension or modify any term

or condition upon the assignment the Lease, (iii) provide for additional payments, i.e., so called

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

"profit" sharing/splitting, penalties, fees, charges or other financial accommodations in favor of the Landlord upon assignment of the Lease, or (iv) provide for any rights of first refusal on the Landlord's part, or any recapture or termination rights in favor of the Landlord, or any right of the Landlord to take an assignment of the Lease or by the Debtors in accordance herewith, are unenforceable, as to Macy's, and/or anti assignment provisions that are void and of no force and effect as to Macy's and are not binding on Macy's, its affiliates, its successors and assigns.  For the avoidance of doubt, to the extent the Lease contains use restrictions which would otherwise prohibit Macy's from operating at the leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Macy's, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

22.     Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in the Lease that purports to be personal only to a Debtor or Debtors or to a named entity in the Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by Macy's, in accordance with the terms of the Lease. The Debtors have timely exercised any applicable extension or renewal options under the Lease, and the Lease is all in full force and effect. The Debtors have not previously rejected the Lease and the Debtors' period to assume or reject the Lease has not otherwise expired.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

23.     Notwithstanding any term of the Lease (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, (a) Macy's shall be authorized to use the leased premises, subject to section 365(b)(3) of the Bankruptcy Code, (b) Macy's shall be authorized to operate its business at the leased premises, (c) Macy's shall be authorized to make such alternations and modifications to the interior and exterior of the leased premises (including signage, together with appropriate changes to existing tenant signage in the respective shopping center, including signage affixed to the building panels on all pylons, monuments, directional and other ground and off-premises signs where the Debtors are presently represented) as are determined by Macy's and as may be permitted pursuant to the Lease, (d) remain "dark" with respect to the leased premises after such assumption and assignment of the Lease until the date is necessary to permit, but no more than 365 consecutive days, to remodel, restock, re-fixture, change signage and/or completion of the work described herein or such later date as may be reasonably required by Macy's for restoration of the leased premises following any applicable casualty/condemnation event, and (e) exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges and options granted or provided to the Debtors in or under the Lease.

24.     Notwithstanding anything to the contrary in this Order or the Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

25.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Lease shall be self-executing, and neither the Debtors nor Macy's shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

26.    By virtue of the Sale, Macy's and its affiliates, successors and assigns shall not be deemed or considered to, (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors, (b) have, de facto or otherwise, merged with or into any or all Debtors, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and Macy's has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates. Except as expressly set forth in the Agreement, Macy's and its affiliates, successors and assigns shall have no successor,

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, regulation or doctrine, whether known or unknown as of the Closing, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Closing, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the operation of the Lease prior to the Closing or arising based on actions of the Debtors taken after the Closing.

27.     The Sale is undertaken by Macy's without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of the Sale are duly stayed pending such appeal.  Macy's is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

28.     Neither the Debtors nor Macy's has engaged in any conduct that would cause or permit the Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. Accordingly, the Agreement and the Sale shall not be avoidable under

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of Agreement or the Sale.

29.    Macy's is a party in interest and shall be entitled to be heard on all issues in these chapter 11 cases related to the Agreement, the transaction contemplated thereby, and the implementation or enforcement of this Order.

30.    Following the Closing, no holder of any Interest in or against the Debtors and their bankruptcy estates or the Lease shall interfere with Macy's title to or use and enjoyment of Lease based on or related to such Interest.

31.    The terms and provisions of the Agreement and this Order shall be binding in all respects upon the Debtors, their estates and their creditors, any affected third parties, all holders of equity interests in the Debtors, all holders of any claims, whether known or unknown, against the Debtors, any holders of claims against or on all or any portion of the Lease, including, but not limited to all contract counterparties, leaseholders, governmental units, and any trustees, examiners, administrators, responsible officers, estate representatives, or similar entities for the Debtors, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' chapter 11 cases, and each of their respective affiliates, successors and assigns. The Agreement and the Order shall inure to the benefit of the Debtors, their estates and creditors, Macy's and their respective successors and assigns. The Agreement, the Sale and this Order shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors or any trustee, examiner or receiver.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

32.     The Debtors, including their respective officers, employees and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this Order.  The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this Order and the relief granted pursuant to this Order.

33.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in these chapter 11 cases, any subsequent chapter 7 or chapter 11 cases of the Debtors, or any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the terms of this Order or the Agreement.

34.     For the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

35.     In the event of any inconsistencies between this Order, the Motion, and the Agreement, this Order shall govern.

36.     The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

(Page | 16)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF |

37.     All time periods set forth in this Order and the Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

38.     Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

39.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

40.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

41.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

Assumption and Assignment Agreement

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of July 18, 2023, is by and between Bed Bath & Beyond Inc. ("Assignor"), Macy's Retail Holdings, LLC ("Assignee") and DDR Winter Garden, LLC ("Landlord"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases") on April 23, 2023 (the "Petition Date");

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume (the "Transaction") the unexpired lease between Assignor and Landlord identified on Schedule A attached hereto (the "Assigned Asset" or the "Lease") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases of the proposed form of sale order acceptable to Assignee and Assignor approving this Agreement (the "Sale Order"); and

WHEREAS, Landlord consents to the assumption by Assignor and assignment to Assignee of the Lease as set forth in this Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties (the "Parties") hereto agree as follows:

## AGREEMENT

1.      Assignment and Assumption. Effective upon (i) entry of the Sale Order and (ii) payment of the Purchase Price (defined herein) (the "Closing"):

(a)      Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Asset, including, without limitation, the right to possession of the Premises.

(b)      Except as specifically set forth in this Agreement, Assignee hereby assumes all of the terms, conditions and covenants of the Lease as tenant under the Lease effective as of the Closing.

(c)      For the avoidance of doubt and notwithstanding any other provision of this Agreement, Assignee shall not be responsible for and is not assuming any liabilities that arose prior to the Closing that remain unsatisfied as of the Closing, including, but not limited to, personal injury, third-party tort or property damage claims that accrued or arose before the Closing but may be adjudicated after the Closing.

(d)      For the avoidance of doubt and notwithstanding any other provision of this Agreement, any and all lease payments for the Premises or receipts, rentals, costs, charges, fees or expenses connected with the use or operation of the Premises, including all common area costs, shall be prorated between the parties on the date of Closing and Assignor shall bear its proportion thereof through the day prior to the date of Closing using the best available information at the time of the proration. Subject to the terms of the Sale Order, Assignor shall be responsible for any penalties and interest payable for rent or

other items under the Lease where the same are due as a result of an underpayment or late payment by Assignor prior to the date of Closing and Assignee shall be responsible for such amounts in respect of periods on or following the Closing. For purposes of calculating any proration, Assignor shall be responsible for amounts allocable to the period up to but not including the date of Closing. All such prorations shall be made on the basis of the actual number of days of the year and month which shall have elapsed as of the Closing.

2.   <u>Payment of Purchase Price</u>. As of the date hereof, Assignee has paid a ten percent (10%) deposit (the "<u>Deposit</u>") to Assignor. Assignee shall on or before the Closing deliver the purchase price for the Assigned Asset in the aggregate amount of $1,200,000.00 (the "<u>Purchase Price</u>") minus the Deposit already paid, which Purchase Price includes the amounts required to be paid to Landlord in connection with the assumption and assignment of the Lease pursuant to section 365 of the Bankruptcy Code, as identified on <u>Schedule A</u> hereto (the "<u>Cure Costs</u>"), in immediately available funds wired to the account specified by Assignor; *provided* that in the event the final Cure Costs include obligations or duties not identified on <u>Schedule A</u> hereto or in excess of the amounts listed on <u>Schedule A</u> hereto, absent written consent from Assignee to pay such additional and/or increased Cure Costs as part of its Purchase Price or Assignor's agreement to pay the same, Assignee may terminate this Agreement.

3.   <u>Assumption of Liabilities</u>. Payment by Assignor of the Cure Costs shall represent satisfaction of all defaults or other obligations of Assignor arising or accruing prior to the Closing under the Lease, including, but not limited to the Cure Costs and fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "<u>True-Up Charge</u>") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of the Assigned Asset, but without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code.  Assignee shall have no liability or obligation arising or accruing under the Assigned Asset prior to the Closing. Assignee shall assume all obligations with respect to the Assigned Asset arising from and after the Closing. The Lease shall be transferred to, and remain in full force and effect for the benefit of, Assignee, in accordance with its terms, as modified herein and as may be amended. Upon assumption by Assignor and payment of the Cure Costs, no default shall exist and any and all prior defaults under the Lease, if any, whether monetary or non-monetary, shall be deemed cured, and Assignee shall have no liability therefore.

4.   <u>No Further Liability of Assignor</u>. Upon payment of the Cure Amount, from and after the Closing, Assignor and Landlord shall have no further obligations and duties to one another with respect to the Assigned Asset; provided that nothing herein shall impair or prejudice the Landlord's right to recover from the Assignor's available insurance coverage with respect to third-party claims asserted in connection with the Assignor's use and occupancy of the Assigned Asset on account of events that occurred prior to the Closing.

5.   <u>Further Assurances</u>. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Asset.

6.   "<u>As Is Where Is</u>" Transaction. Assignee hereby acknowledges and agrees that Assignor and the Landlord (as to the Landlord, other than the representations and warranties in the Lease) make no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset; provided, however, (i) Assignor and Landlord warrant and represent: (a) Assignor is the tenant under all of the Lease; (b) the Lease is in full force and effect; (c) the Lease, as identified on <u>Schedule A</u>, is complete in listing all documents comprising the Lease and there are no other agreements (written or

verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease or that otherwise give rights with regard to use of the Premises under the Lease or limit the use of the Premises; and (ii) Assignor represents and warrants that there are no service contracts for any of the Assigned Asset which will bind Assignee after the Closing and Assignor shall terminate any and all service contracts with respect to the Lease prior to Closing or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Asset.

7.    <u>Sale Order</u>. Each party's obligation under this Agreement is expressly subject to and conditioned upon the entry of the Sale Order by the Bankruptcy Court in form and substance reasonably satisfactory to both parties, that shall, among other things, (a) approve, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, (i) the execution, delivery and performance by Assignor of this Agreement, (ii) the transfer and assignment of the Assigned Asset to Assignee on the terms set forth herein and free and clear of all liens, encumbrances, security interests, pledges, claims and/or other interests, and (iii) the performance by Assignor of its obligations under this Agreement; (b) authorize and empower Assignor to assign to Assignee the Lease; (c) order that, notwithstanding Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure, the Sale Order shall take effect immediately upon entry; (d) order that there shall be no rent accelerations, assignment fees, increases or other fees charged or chargeable to Assignee as a result of the sale and assignment of the Lease; (e) establish the Cure Costs as the amount necessary to cure all defaults under the Lease; (f) authorize Landlord to execute and deliver, upon the reasonable request of Assignee and at no cost to Landlord, any instruments, applications, consents or other documents which may be required by any governmental agency for the purpose of obtaining permits, approval of other necessary documents required for the alteration, opening and operating of the Premises by Assignee; (g) authorize the rejection of all license and concession agreements pursuant to which Assignor has granted any party a license, access or right to use all or any portion of the Premises for any purpose whatsoever; (h) find that Assignee is a "good faith" buyer within the meaning of section 363(m) of the Bankruptcy Code, not a successor of Assignor, and grant Assignee the protections of section 363(m) of the Bankruptcy Code; (i) find that Assignee shall have no liability or responsibility for any liabilities or other obligations of the Assignor arising under or related to the Assigned Asset other than as expressly set forth in this Agreement, including successor or vicarious liabilities of any kind or character, including any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity; (j) find that the assignment contemplated by this Agreement shall not be avoided pursuant to section 363(n) of the Bankruptcy Code; (k) find that all tenant contributions due and owing under the Lease have been paid in full; and (1) find that all exclusives and use restrictions contained in the Lease benefitting the Assignor continue in full force and effect, notwithstanding any closures or cessations in business operations by Assignee or Assignor.

To the extent such Sale Order is not approved by the Court, neither Assignee nor Assignor shall have any obligations under this Agreement or, solely with respect to Assignee, the entire Purchase Price, including the Deposit, shall be returned to Assignee within five (5) business days of the Court's denial or any other event that makes the entry of such Sale Order impossible, provided that Assignee (a) shall negotiate the terms of the Sale Order and modifications of the Lease (if any) with Landlord in good faith and (b) participate in the hearing to approve the Sale Order, if applicable; *provided* that such participation may be through remote attendance.

8.    <u>Assignor's Delivery of Documents</u>. Assignor shall deliver to Assignee each of the following: (i) an executed counterpart of this Agreement; (ii) all applicable state, county and municipal transfer declarations and any other required governmental certificates, provided that Assignor shall use commercially reasonable efforts to obtain and deliver such documentation to Assignee; (iii) if Assignor has any assignable rights under any Non-Disturbance Agreement, Reciprocal Easement Agreement, or any other agreement with respect to each Premises, an assignment of such rights executed by Assignor, subject to the consent of such assignment from the applicable counterparty; and (iv) all other documents (including assignments of operating agreements affecting the Premises and closing statements), affidavits, instruments

and writings reasonably required to be executed and delivered by Assignor at or prior to the entry of the Sale Order or otherwise required by law or reasonably requested by Assignee, if not previously delivered.

9.  No Holdover. Assignor shall fully vacate the Assigned Asset no later than July 31, 2023. In the event Assignor fails to fully vacate the Assigned Asset as provided herein, Assignee shall have no obligation pursuant to the Lease(s) to pay any further rent, additional rent, or percentage rent unless and until Assignee complies with this Agreement.

10.  Customary Modification to Lease. Notwithstanding anything to the contrary herein or the Lease, solely in connection with this agreement, Landlord waives its right to terminate the Lease in accordance with Article 14 of the Lease provided Assignee opens to the public within 365 days of the Closing. For the avoidance of doubt, Assignee shall not be required to continuously operate its business from the Premises within 365 consecutive days of the Closing (the "Modification"). If this Modification is not approved by Landlord and/or set forth in the Sale Order, Assignee shall have the right, in its sole discretion, to terminate this Agreement with respect to the Assigned Asset and shall not be liable for any other amounts, obligations, liabilities or duties under this Agreement or the Assigned Asset.

11.  Compliance With Law. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

12.  Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

13.  Jurisdiction. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

14.  No Reliance. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

15.  Construction. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

16.  Execution in Counterparts. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital

signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR**:

Bed Bath & Beyond Inc.

By: _____

Name: _____

Title:_____

STATE OF _____ )
                                                        ) SS.
COUNTY OF _____ )

And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of _____, a _____, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth. This is an acknowledgement certificate. No oath or affirmation was administered to the signer with regard to this notarial act.

GIVEN under my hand and notarial seal this ____ day of July, 2023.

_____

Notary Public
My Commission Expires: _____

**ASSIGNEE**:

Macy's Retail Holdings, LLC

By: _____

Name: _____

Title:_____

STATE OF _____              )

                                     ) SS.

COUNTY OF _____              )

      And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of Macy's Retail Holdings, LLC, an Ohio limited liability company, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth.  This is an acknowledgement certificate.  No oath or affirmation was administered to the signer with regard to this notarial act.

      GIVEN under my hand and notarial seal this ____ day of July, 2023.

_____

Notary Public

My Commission Expires: _____

65548/0002-45751623v7

**LANDLORD**:

DDR Winter Garden, LLC

By: _____

Name: _____

Title:_____

STATE OF _____        )
                                )  SS.
COUNTY OF _____         )

   And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of _____, a _____, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth.  This is an acknowledgement certificate.  No oath or affirmation was administered to the signer with regard to this notarial act.

   GIVEN under my hand and notarial seal this _____ day of July, 2023.

_____

Notary Public

My Commission Expires: _____

**SCHEDULE A**

**Description of Assigned Asset**

| Store No. | Center Name | Address | Description of Lease | Cure Costs |
|---|---|---|---|---|
| 1338 | Winter Garden Village | 3251 Daniels Road, Winter Garden, Florida 34787 | • Lease Agreement, dated as of August 10, 2010<br>• Memorandum of Lease made as of August 10, 2010 and recorded in Book 10090, Page 8616 | $TBD |

0028924.0759558   4892-2584-9969v2

65548/0002-45751623v7

United States Bankruptcy Court

District of New Jersey

In re:                                                                        Case No. 23-13359-VFP

Bed Bath & Beyond Inc.                                                        Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                    User: admin                           Page 1 of 21

Date Rcvd: Jul 20, 2023                 Form ID: pdf903                        Total Noticed: 12

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 22, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Jacob E. Black, Kirkland and Ellis LLP,, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Michael A. Sloman, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Noah Z. Sosnick, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Olivia F. Acuna, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 12

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 22, 2023                    Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 20, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| A.J. Webb | |
| | on behalf of Creditor Select Consolidated Management  LLC awebb@fbtlaw.com |

District/off: 0312-2                                    User: admin                                    Page 2 of 21
Date Rcvd: Jul 20, 2023                              Form ID: pdf903                              Total Noticed: 12

Aaron Applebaum
on behalf of Creditor Ridgeport Limited Partnership aaron.applebaum@us.dlapiper.com
aaron--applebaum--3547@ecf.pacerpro.com

Aaron Applebaum
on behalf of Creditor CR Mount Pleasant  LLC aaron.applebaum@us.dlapiper.com, aaron--applebaum--3547@ecf.pacerpro.com

Aaron Applebaum
on behalf of Creditor CR West Ashley  LLC aaron.applebaum@us.dlapiper.com, aaron--applebaum--3547@ecf.pacerpro.com

Aaron Applebaum
on behalf of Interested Party Continental Realty Corporation aaron.applebaum@us.dlapiper.com
aaron--applebaum--3547@ecf.pacerpro.com

Aaron Applebaum
on behalf of Interested Party WM Sunset & Vine LLC aaron.applebaum@us.dlapiper.com
aaron--applebaum--3547@ecf.pacerpro.com

Aaron R. Cahn
on behalf of Creditor The Bank of New York Mellon cahn@clm.com  CourtMail@clm.com

Alan J. Brody
on behalf of Creditor Alexander's Rego Shopping Center  Inc. brodya@gtlaw.com, NJLitDock@gtlaw.com

Alan J. Brody
on behalf of Creditor JPMorgan Chase Bank N.A. brodya@gtlaw.com  NJLitDock@gtlaw.com

Albert Anthony Ciardi, III
on behalf of Interested Party Anna Mscisz Trust aciardi@ciardilaw.com  sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Albert Anthony Ciardi, III
on behalf of Creditor Rainier Colony Place Acquisitions  LLC aciardi@ciardilaw.com,
sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Albert Anthony Ciardi, III
on behalf of Creditor The Anna Mscisz Trust aciardi@ciardilaw.com  sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Alexander F. Barth
on behalf of Creditor The Chen Liu and Shu Fen Lie Revocable Trust abarth@cohenseglias.com

Alexandria Nikolinos
on behalf of U.S. Trustee U.S. Trustee alexandria.nikolinos@usdoj.gov

Allen J Barkin
on behalf of Creditor LOGIXAL INC. abarkin@sbmesq.com  sandyr@sbmesq.com

Allen Joseph Underwood, II
on behalf of Creditor 12535 SE 82nd AVE LLC aunderwood@litedepalma.com
ajunderwood@ecf.courtdrive.com;grodriguez@litedepalma.com

Allyson Stavis
on behalf of Interested Party Nordstrom  Inc. astavis@atllp.com

Amish R. Doshi
on behalf of Creditor Oracle America  Inc. amish@doshilegal.com

Amy Elizabeth Vulpio
on behalf of Creditor Salesforce.com  inc. vulpioa@whiteandwilliams.com

Andrew Braunstein
on behalf of Creditor Commission Junction LLC andrew.braunstein@lockelord.com

Andy Winchell
on behalf of Creditor Dong Koo Kim and Jong Ok Kim  Trustees of the Dong Koo Kim and Jong Ok Kim Family Trust, dated
October 18, 1996 andy@winchlaw.com,
awinchellecf@gmail.com;katharine@winchlaw.com;winchellar94173@notify.bestcase.com

Andy Winchell
on behalf of Creditor River Park Properties II  LP andy@winchlaw.com,
awinchellecf@gmail.com;katharine@winchlaw.com;winchellar94173@notify.bestcase.com

Angela L Mastrangelo
on behalf of Interested Party CTC Phase II  LLC mastrangelo@bk-legal.com, bhoffmann@bk-legal.com

Angela L Mastrangelo
on behalf of Interested Party Valley Square I  L.P. mastrangelo@bk-legal.com, bhoffmann@bk-legal.com

Angela L Mastrangelo
on behalf of Interested Party Christiana Town Center  LLC mastrangelo@bk-legal.com, bhoffmann@bk-legal.com

Anthony Sodono, III
on behalf of Creditor Salmar Properties  LLC asodono@msbnj.com

Arthur Abramowitz

on behalf of Other Prof. Golf & Tennis Pro Shops Inc. (d/b/a/ PGA TOUR Superstore) aabramowitz@shermansilverstein.com,
jbaugh@shermansilverstein.com

Barbra Rachel Parlin

on behalf of Creditor ALTO Northpoint LP barbra.parlin@hklaw.com,
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Beth E Levine

on behalf of Creditor Committee Official Committee Of Unsecured Creditors blevine@pszjlaw.com

Bradford J. Sandler

on behalf of Creditor Committee Official Committee Of Unsecured Creditors bsandler@pszjlaw.com
mseidl@pszjlaw.com;lsc@pszjlaw.com

Brendan Scott

on behalf of Creditor Dream on Me Industries Inc. bscott@klestadt.com

Brett D. Goodman

on behalf of Creditor Weingarten Nostat LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor KIR Pasadena II L.P. brett.goodman@afslaw.com john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor KIR Brandon 011 LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Chico Crossroads L.P. brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor PL Dulles LLC brett.goodman@afslaw.com john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor KIR Tukwila L.P. brett.goodman@afslaw.com john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor KIR Bridgewater 573 LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor CFH Realty III/Sunset Valley L.P. brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Talisman Towson Limited Partnership brett.goodman@afslaw.com john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Airport Plaza LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor WRI Mueller LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor C T Center S.C. LP brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Kimco Realty OP LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor KSI Cary 483 LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor KIR MONTGOMERY 049 LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor KIR Soncy L.P. brett.goodman@afslaw.com john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Kimco Riverview LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor WRI/Raleigh L.P. brett.goodman@afslaw.com john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Redfield Promenade LP brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Conroe Marketplace S.C. L.P. brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Mooresville Crossing LP brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman

on behalf of Creditor Price/Baybrook Ltd. brett.goodman@afslaw.com john.murphy@troutman.com

Brett D. Goodman
　　　　　on behalf of Creditor Franklin Park S.C. LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman
　　　　　on behalf of Creditor WRI-URS South Hill LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brett D. Goodman
　　　　　on behalf of Creditor Flagler S.C. LLC brett.goodman@afslaw.com, john.murphy@troutman.com

Brian Morgan
　　　　　on behalf of Creditor UG2 Solon OH LP brian.morgan@faegredrinker.com

Brian Morgan
　　　　　on behalf of Creditor PRW Urban Renewal 1 LLC brian.morgan@faegredrinker.com

Brian Morgan
　　　　　on behalf of Creditor Prologis brian.morgan@faegredrinker.com

Brian Morgan
　　　　　on behalf of Creditor Prologis USLF NV II LLC brian.morgan@faegredrinker.com

Brian I. Kantar
　　　　　on behalf of Creditor Arch Insurance Company bkantar@csglaw.com

Brittany B Falabella
　　　　　on behalf of Creditor The Brink's Company bfalabella@hirschlerlaw.com rhenderson@hirschlerlaw.com

Carol L. Knowlton
　　　　　on behalf of Creditor TFP Limited cknowlton@gorskiknowlton.com

Christopher D Loizides
　　　　　on behalf of Interested Party NORTHWOODS III (SAN ANTONIO) LLC loizides@loizides.com

Clayton Daniel Harvey
　　　　　on behalf of Creditor Federal Heath Sign Company LLC charvey@sgrlaw.com

Colin R. Robinson
　　　　　on behalf of Creditor Committee Official Committee Of Unsecured Creditors crobinson@pszjlaw.com

Courtney Brown
　　　　　on behalf of Creditor CMR Limited Partnership cmbrown@vedderprice.com
ecfnydocket@vedderprice.com,courtney-brown-3667@ecf.pacerpro.com

Courtney A. Schael
　　　　　on behalf of Creditor ShopperTrak RCT LLC cschael@ashfordnjlaw.com mrogers@ashfordnjlaw.com

Dana Lee Robbins
　　　　　on behalf of Creditor DS Properties 18 LP drobbins@burr.com

Dana Lee Robbins
　　　　　on behalf of Creditor SF WH Property Owner LLC drobbins@burr.com

Dana S. Plon
　　　　　on behalf of Creditor Riverhead Centre Owners LLC dplon@sirlinlaw.com

Dana S. Plon
　　　　　on behalf of Creditor Simsbury Commons LLC dplon@sirlinlaw.com

Dana S. Plon
　　　　　on behalf of Creditor Middletown Shopping Center I L.P. dplon@sirlinlaw.com

Dana S. Plon
　　　　　on behalf of Creditor ML-MJW Port Chester SC Owner LLC dplon@sirlinlaw.com

Daniel Stolz
　　　　　on behalf of Interested Party Ad Hoc Committee of Bondholders dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
　　　　　on behalf of Creditor Unsecured Noteholders Group dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel M Pereira
　　　　　on behalf of Creditor Commerce Technologies LLC dpereira@stradley.com

Daniel M Pereira
　　　　　on behalf of Creditor ChannelAdvisor Corp. dpereira@stradley.com

Daniel N. Zinman
　　　　　on behalf of Creditor W.B.P. Central Associates LLC dzinman@kandfllp.com,
skossar@kandfllp.com;cvalenzuela@kandfllp.com;foreclosure@kandfllp.com

Daniel R. Utain

|  |  |
|---|---|
| | on behalf of Creditor Newtown/Bucks Associates L.P. dutain@kaplaw.com, llapenna@kaplaw.com |
| David Edelberg | |
| | on behalf of Attorney DC USA Operating Co. LLC dedelberg@sh-law.com edelbergdr82964@notify.bestcase.com |
| David Graff | |
| | on behalf of Creditor Telegraph Marketplace Partners II LLC dgraff@graffsilversteinllp.com |
| David H. Pikus | |
| | on behalf of Creditor Acxiom LLC dpikus@bressler.com |
| David H. Stein | |
| | on behalf of Creditor Enid Two LLC dstein@wilentz.com, ciarkowski@wilentz.com |
| David L. Bruck | |
| | on behalf of Creditor Brothers International Holding Corporation and Almaden Plaza Shopping Center Inc. bankruptcy@greenbaumlaw.com |
| David L. Bruck | |
| | on behalf of Creditor Chase Green Mountain LP bankruptcy@greenbaumlaw.com |
| David L. Bruck | |
| | on behalf of Creditor Chenal Place Properties LLC bankruptcy@greenbaumlaw.com |
| David L. Bruck | |
| | on behalf of Creditor Triple B Mission Viejo LLC bankruptcy@greenbaumlaw.com |
| David L. Bruck | |
| | on behalf of Creditor Almaden Plaza Shopping Center Inc. bankruptcy@greenbaumlaw.com |
| David M Stauss | |
| | on behalf of Creditor CBL & Associates Management Inc. david.stauss@huschblackwell.com, serena.hill@huschblackwell.com;david-stauss-2550@ecf.pacerpro.com |
| David M Stauss | |
| | on behalf of Interested Party Safety National Casualty Corporation david.stauss@huschblackwell.com serena.hill@huschblackwell.com;david-stauss-2550@ecf.pacerpro.com |
| David M. Bass | |
| | on behalf of Debtor Bed Bath & Beyond Inc. dbass@coleschotz.com |
| David P. Primack | |
| | on behalf of Creditor TKG Biscayne LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor THF/MRP Tiger Town LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor TKG Woodmen Commons LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor THF Harrisonburg Crossing LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor GKT Shoppes at Legacy Park dprimack@mdmc-law.com kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor TKG Paxton Towne Center Development LP dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor GKT Gallatin Shopping Center dprimack@mdmc-law.com kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor SLO Promenade DE LLC dprimack@mdmc-law.com kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor TKG-Manchester Highland dprimack@mdmc-law.com kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor TKG Coral North LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor TKG Monroe Louisiana 2 LLC dprimack@mdmc-law.com kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor Wedgewood Hills Inc. dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor Epps Bridge Centre Property Co LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com |
| David P. Primack | |
| | on behalf of Creditor Carson Valley Center LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com |

District/off: 0312-2                          User: admin                          Page 6 of 21
Date Rcvd: Jul 20, 2023                       Form ID: pdf903                       Total Noticed: 12

David P. Primack

    on behalf of Creditor Dreamland Shopping Center dprimack@mdmc-law.com  kpatterson@mdmc-law.com

David P. Primack

    on behalf of Creditor Shreve Center DE LLC dprimack@mdmc-law.com  kpatterson@mdmc-law.com

David P. Primack

    on behalf of Creditor TKG Logan Town Centre LP dprimack@mdmc-law.com  kpatterson@mdmc-law.com

David P. Primack

    on behalf of Creditor Manhattan Marketplace SC LLC dprimack@mdmc-law.com  kpatterson@mdmc-law.com

David P. Primack

    on behalf of Creditor The Shoppes at Wilton  LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com

David P. Primack

    on behalf of Creditor TKG Mountain View Plaza  LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com

David P. Primack

    on behalf of Creditor MCS-Lancaster DE LP dprimack@mdmc-law.com  kpatterson@mdmc-law.com

David P. Primack

    on behalf of Creditor Grand Mesa Center  LLC dprimack@mdmc-law.com, kpatterson@mdmc-law.com

David S. Catuogno

    on behalf of Creditor Cartus Corporation david.catuogno@klgates.com

Derek J. Baker

    on behalf of Creditor Cherry Hill Retail Partners  LLC dbaker@reedsmith.com

Diane Sanders

    on behalf of Creditor VICTORIA COUNTY austin.bankruptcy@lgbs.com

Diane Sanders

    on behalf of Creditor Nueces County austin.bankruptcy@lgbs.com

Diane Sanders

    on behalf of Creditor San Marcos CISD austin.bankruptcy@lgbs.com

Diane Sanders

    on behalf of Creditor CAMERON COUNTY austin.bankruptcy@lgbs.com

Diane Sanders

    on behalf of Creditor McLennan County austin.bankruptcy@lgbs.com

Diane Sanders

    on behalf of Creditor City of McAllen austin.bankruptcy@lgbs.com

Don Stecker

    on behalf of Creditor Bexar County sanantonio.bankruptcy@lgbs.com

Don Stecker

    on behalf of Creditor City of El Paso sanantonio.bankruptcy@lgbs.com

Don A. Beskrone

    on behalf of Creditor RetailMeNot  Inc. DBeskrone@ashbygeddes.com,
rpalacio@ashbygeddes.com;snewman@ashbygeddes.com;ahrycak@ashbygeddes.com;gtaylor@ashbygeddes.com;adellose@ashbygeddes.com

Douglas J. McGill

    on behalf of Creditor Ak-Sr-Ben Village  L.L.C. dmcgill@webbermcgill.com

Douglas T Tabachnik

    on behalf of Creditor Hanes M. Owner  LLC and Hanes Z. Owner, LLC, Joint Tenants dtabachnik@dttlaw.com,
rdalba@dttlaw.com

Douglas T Tabachnik

    on behalf of Creditor Park West Village Phase I dtabachnik@dttlaw.com  rdalba@dttlaw.com

Douglas T Tabachnik

    on behalf of Creditor Casto-Oakbridge Venture  Ltd dtabachnik@dttlaw.com, rdalba@dttlaw.com

Douglas T Tabachnik

    on behalf of Creditor Panama City Beach Venture II dtabachnik@dttlaw.com  rdalba@dttlaw.com

Drew S. McGehrin

    on behalf of Creditor NP New Castle  LLC dsmcgehrin@duanemorris.com

Edmond P O'Brien

    on behalf of Creditor RXR 620 Master Lessee LLC eobrien@cszlaw.com  jrich@cszlaw.com

Elliot D. Ostrove

    on behalf of Creditor Iris Software  Inc. e.ostrove@epsteinostrove.com

Eric Horn
    on behalf of Creditor Warren Eisenberg ehorn@aystrauss.com
g31738@notify.cincompass.com,lediazlaw@gmail.com;diazlr82343@notify.bestcase.com;ldiaz@vogelbachpc.com;horner82343
@notify.bestcase.com

Eric Horn
    on behalf of Creditor Leonard Feinstein ehorn@aystrauss.com
g31738@notify.cincompass.com,lediazlaw@gmail.com;diazlr82343@notify.bestcase.com;ldiaz@vogelbachpc.com;horner82343
@notify.bestcase.com

Eric S. Chafetz
    on behalf of Interested Party Pagosa Partners III  Ltd. echafetz@lowenstein.com

Eric S. Chafetz
    on behalf of Interested Party CPT Arlington Highlands 1  LP echafetz@lowenstein.com

Erin Teske
    on behalf of Creditor Benchmark-Clarence Associates  LLC eteske@hodgsonruss.com

Erin Teske
    on behalf of Creditor SRK Lady Lake 21 SPE  LLC eteske@hodgsonruss.com

Evan J. Zucker
    on behalf of Creditor 1019 Central Avenue Corp. ezucker@blankrome.com  nybankruptcydocketing@blankrome.com

Faye C Rasch
    on behalf of Creditor SHI Owner  LLC faye@wrlawgroup.com, travis@wrlawgroup.com

Felice R. Yudkin
    on behalf of Debtor Bed Bath & Beyond Inc. fyudkin@coleschotz.com  fpisano@coleschotz.com

Fernand L Laudumiey, IV
    on behalf of Creditor Richards Clearview  LLC laudumiey@chaffe.com

Fran B. Steele
    on behalf of U.S. Trustee U.S. Trustee Fran.B.Steele@usdoj.gov

Frank F. Velocci
    on behalf of Creditor Prologis frank.velocci@faegredrinker.com  cathy.greer@faegredrinker.com

Frank F. Velocci
    on behalf of Creditor Prologis USLF NV II  LLC frank.velocci@faegredrinker.com, cathy.greer@faegredrinker.com

Geoffrey Edward Lynott
    on behalf of Creditor Verizon Entities glynott@mccarter.com  lharkins@mccarter.com

Gregory Plotko
    on behalf of Interested Party Infor (US)  LLC gplotko@btlaw.com, mschneider@rkollp.com,greg-plotko-2613@ecf.pacerpro.com

Gregory S. Kinoian
    on behalf of Interested Party Ad Hoc Committee of Bondholders gkinoian@genovaburns.com

Jaclyn Dopke
    on behalf of Creditor Federated Service Solutions c/o Jaclyn Scarduzio Dopke fleischercases@fleischerlaw.com
jdopke@fleischerlaw.com

James McCartney
    on behalf of Creditor Caparra Center Associates LLC JMcCartney@mcwpc.com

James C. Thoman
    on behalf of Creditor SRK Lady Lake 21 SPE  LLC jthoman@hodgsonruss.com, rleek@hodgsonruss.com

James C. Thoman
    on behalf of Creditor Benchmark-Clarence Associates  LLC jthoman@hodgsonruss.com, rleek@hodgsonruss.com

James S. Carr
    on behalf of Creditor Ryder Integrated Logistics  Inc.
KDWBankruptcyDepartment@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

James S. Yu
    on behalf of Creditor CA 5-15 West 125th LLC jyu@seyfarth.com  nycdocket@seyfarth.com;rpinkston@seyfarth.com

James S. Yu
    on behalf of Creditor 36 Monmouth Plaza jyu@seyfarth.com  nycdocket@seyfarth.com;rpinkston@seyfarth.com

Jamese Suozzo
    on behalf of Interested Party 250 Hudson Street  LLC james.suozzo@rivkin.com,
matthew.spero@rivkin.com;stuart.gordon@rivkin.com

Jamese Suozzo
    on behalf of Interested Party Case Snow Management  LLC james.suozzo@rivkin.com,
matthew.spero@rivkin.com;stuart.gordon@rivkin.com

District/off: 0312-2                          User: admin                          Page 8 of 21
Date Rcvd: Jul 20, 2023                       Form ID: pdf903                       Total Noticed: 12

Jami B. Nimeroff

    on behalf of Creditor Mode Transportation  Inc. jnimeroff@bmnlawyers.com, cjones@bmnlawyers.com

Jami B. Nimeroff

    on behalf of Creditor Waldorf Shoppers' World  LLC jnimeroff@bmnlawyers.com, cjones@bmnlawyers.com

Jaspreet S. Mayall

    on behalf of Creditor Serota Islip NC LLC jmayall@certilmanbalin.com;rnosek@certilmanbalin.com;afollett@certilmanbalin.com;cfollett@certilmanbalin.com

Jaspreet S. Mayall

    on behalf of Creditor 3600 Long Beach Road  LLC , jmayall@certilmanbalin.com;rnosek@certilmanbalin.com;afollett@certilmanbalin.com;cfollett@certilmanbalin.com

Jay B. Solomon

    on behalf of Creditor Mastic Associates of New York LLC jsolomon@bbgllp.com

Jay L. Lubetkin

    on behalf of Creditor Mad River Development LLC jlubetkin@rltlawfirm.com  rgaydos@rltlawfirm.com

Jeffrey Bernstein

    on behalf of Creditor HRTC 1 LLC jbernstein@mdmc-law.com

Jeffrey Kurtzman

    on behalf of Creditor Water Tower Square Associates kurtzman@kurtzmansteady.com

Jeffrey Kurtzman

    on behalf of Creditor Tamarack Village Shopping Center  A Limited Partnership kurtzman@kurtzmansteady.com

Jeffrey Ruderman

    on behalf of Creditor RXR 620 Master Lessee LLC jruderman@cszlaw.com

Jeffrey A. Lester

    on behalf of Interested Party Western Carriers  Inc. jlester@bllaw.com

Jeffrey A. Wurst

    on behalf of Interested Party Nordstrom  Inc. jwurst@atllp.com

Jeffrey C. Wisler

    on behalf of Creditor IRC Prairie Crossings  L.L.C. jwisler@connollygallagher.com

Jeffrey C. Wisler

    on behalf of Creditor IRC Woodfield Plaza  L.L.C. jwisler@connollygallagher.com

Jeremy M. Campana

    on behalf of Creditor IMI Huntsville LLC a/k/a Bridge Street Town Centre jeremy.campana@thompsonhine.com ECFDocket@thompsonhine.com

Jerrold S. Kulback

    on behalf of Creditor HCL Technologies Limited jkulback@archerlaw.com  chansen@archerlaw.com

Jerrold S. Kulback

    on behalf of Creditor Hingham Launch Property  LLC jkulback@archerlaw.com, chansen@archerlaw.com

Jerrold S. Kulback

    on behalf of Creditor CP Venture Five - AV  LLC jkulback@archerlaw.com, chansen@archerlaw.com

Jesse M. Harris

    on behalf of Creditor Microsoft Corporation jesseharris@foxrothschild.com

Jessica Deborah Mikhailevich

    on behalf of Interested Party Gordon Brothers Retail Partners  LLC jessica.mikhailevich@troutman.com, wlbank@troutman.com

Jessica Deborah Mikhailevich

    on behalf of Other Prof. Hilco Merchant Resources  LLC and Gordon Brothers Retail Partners, LLC jessica.mikhailevich@troutman.com, wlbank@troutman.com

Jessica Deborah Mikhailevich

    on behalf of Interested Party B. Riley Retail Solutions  LLC jessica.mikhailevich@troutman.com, wlbank@troutman.com

Jessica Deborah Mikhailevich

    on behalf of Interested Party Tiger Capital Group  LLC jessica.mikhailevich@troutman.com, wlbank@troutman.com

John Greco

    on behalf of Creditor Evergreen Shipping Agency (America) Corporation jgreco@bge-law.com

John Greco

    on behalf of Creditor Evergreen Line jgreco@bge-law.com

John O'Boyle

    on behalf of Creditor 101 & Scottsdale  LLC joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com;dtakach@norgaardfirm.com;o'boyle.johnb124931@notify.bestcase.com

John David Folds
on behalf of Creditor Bayer Development Company  LLC dfolds@bakerdonelson.com

John David Folds
on behalf of Creditor Hart Miracle Marketplace  LLC dfolds@bakerdonelson.com

John David Folds
on behalf of Creditor Cobb Place Property  LLC dfolds@bakerdonelson.com

John David Folds
on behalf of Creditor Hart TC I-III  LLC dfolds@bakerdonelson.com

John Kendrick Turner
on behalf of Creditor Smith County john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner
on behalf of Creditor Tom Green Cad john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John S. Mairo
on behalf of Creditor Northway Mall Properties Sub  LLC jsmairo@pbnlaw.com,
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

John S. Mairo
on behalf of Creditor MLO Great South Bay LLC jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

John S. Mairo
on behalf of Creditor Sama Plastics Corp. and Sama Wood LLC jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

John S. Mairo
on behalf of Creditor U.S. 41 & I-285 Company LLC jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

John S. Mairo
on behalf of Creditor DFW Lewisville Partners GP jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

John S. Mairo
on behalf of Creditor DPEG Fountains  LP jsmairo@pbnlaw.com,
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

John S. Mairo
on behalf of Creditor KMO-361 (Paramus) LLC jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

John S. Mairo
on behalf of Creditor Siegen Lane Properties LLC jsmairo@pbnlaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

Jonathan S. Bodner
on behalf of Creditor BVCV Union Plaza  LLC jbodner@bodnerlawpllc.com

Jonathan S. Bodner
on behalf of Creditor BV Waco Central Texas Marketplace  LLC jbodner@bodnerlawpllc.com

Jonathan S. Bodner
on behalf of Creditor International Warehouse Group Inc. jbodner@bodnerlawpllc.com

Jonathan S. Bodner
on behalf of Creditor International Distribution Group LLC jbodner@bodnerlawpllc.com

Jordan Seth Blask
on behalf of Creditor Tempur Sealy International  Inc. jblask@fbtlaw.com, rmccartney@fbtlaw.com

Jordan Seth Blask
on behalf of Creditor WPG Legacy  LLC jblask@fbtlaw.com, rmccartney@fbtlaw.com

Jordan Seth Blask
on behalf of Creditor Cintas Corporation jblask@fbtlaw.com  rmccartney@fbtlaw.com

Jordan Seth Blask
on behalf of Creditor Select Consolidated Management  LLC jblask@fbtlaw.com, rmccartney@fbtlaw.com

Joseph H Baldiga
on behalf of Creditor Running Hill SP  LLC jbaldiga@mirickoconnell.com

Joseph H. Lemkin
on behalf of Creditor Levin Management Corporation jlemkin@stark-stark.com

Joseph H. Lemkin
on behalf of Creditor Richards Clearview  LLC jlemkin@stark-stark.com

District/off: 0312-2                          User: admin                          Page 10 of 21
Date Rcvd: Jul 20, 2023                   Form ID: pdf903                   Total Noticed: 12

Joseph H. Lemkin

    on behalf of Creditor Riskified Inc. jlemkin@stark-stark.com

Joshua Sussberg

    on behalf of Debtor Bed Bath & Beyond Inc. joshua.sussberg@kirkland.com ecf-00163ec7e7ea@ecf.pacerpro.com

Joshua S. Bauchner

    on behalf of Creditor Texas Taxing Authorities jb@ansellgrimm.com  courtfilings@ansellgrimm.com;ajd@ansellgrimm.com

Julie Anne Parsons

    on behalf of Creditor Texas Taxing Authorities jparsons@mvbalaw.com

Kenneth A. Rosen

    on behalf of Interested Party Michael's Stores  Inc. krosen@lowenstein.com, dclaussen@lowenstein.com

Kenneth L. Baum

    on behalf of Creditor Creekstone/Juban I  LLC kbaum@kenbaumdebtsolutions.com, ddipiazza@kenbaumdebtsolutions.com

Kenneth L. Baum

    on behalf of Creditor Columbus Park Crossing  LLC kbaum@kenbaumdebtsolutions.com, ddipiazza@kenbaumdebtsolutions.com

Kenneth L. Baum

    on behalf of Creditor Forum Lone Star  L.P. kbaum@kenbaumdebtsolutions.com, ddipiazza@kenbaumdebtsolutions.com

Kenneth M Klemm

    on behalf of Creditor Hart TC I-III  LLC kklemm@bakerdonelson.com

Kenneth M Klemm

    on behalf of Creditor Bayer Development Company  LLC kklemm@bakerdonelson.com

Kenneth M Klemm

    on behalf of Creditor Cobb Place Property  LLC kklemm@bakerdonelson.com

Kenneth M Klemm

    on behalf of Creditor Hart Miracle Marketplace  LLC kklemm@bakerdonelson.com

Keri P. Ebeck

    on behalf of Creditor Realty Income Corporation KEBECK@BERNSTEINLAW.COM
jbluemle@bernsteinlaw.com;kebeck@ecf.courtdrive.com

Keri P. Ebeck

    on behalf of Creditor Duquesne Light Company KEBECK@BERNSTEINLAW.COM
jbluemle@bernsteinlaw.com;kebeck@ecf.courtdrive.com

Kevin C Calhoun

    on behalf of Creditor Oaklad County Treasurer kevin@lawyermich.com

Kevin M. Capuzzi

    on behalf of Creditor PREP Home Retail-Oceanside LLC kcapuzzi@beneschlaw.com
docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi

    on behalf of Creditor DoorDash  Inc. kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi

    on behalf of Creditor Infosys McCamish Systems LLC kcapuzzi@beneschlaw.com
docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi

    on behalf of Creditor Infosys Limited kcapuzzi@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin Scott Mann

    on behalf of Interested Party Flexport  Inc. kmann@crosslaw.com, smacdonald@crosslaw.com;mjoyce@crosslaw.com

Kevin Scott Mann

    on behalf of Creditor NP Royal Ridge LLC kmann@crosslaw.com  smacdonald@crosslaw.com;mjoyce@crosslaw.com

Kristen Peters Watson

    on behalf of Creditor SF WH Property Owner LLC kwatson@burr.com  jcarlin@burr.com;sfoshee@burr.com

Kristen Peters Watson

    on behalf of Creditor DS Properties 18 LP kwatson@burr.com  jcarlin@burr.com;sfoshee@burr.com

Kristen Peters Watson

    on behalf of Creditor Comenity Capital Bank kwatson@burr.com  jcarlin@burr.com;sfoshee@burr.com

Kurt F Vote

    on behalf of Creditor River Park Properties II  LP kvote@wjhattorneys.com, kdodd@wjhattorneys.com

Lauren M. Macksoud

    on behalf of Creditor Mishorim 255  LLC and Mishorim Gold Houston, LLC lauren.macksoud@dentons.com

Lawrence J Hilton

on behalf of Creditor HRTC 1 LLC lhilton@onellp.com lthomas@onellp.com

Lee Squitieri

on behalf of Creditor Judith Cohen lee@sfclasslaw.com

Lee Squitieri

on behalf of Plaintiff Judith Cohen lee@sfclasslaw.com

Leslie Carol Heilman

on behalf of Creditor PF Portfolio 2  LP heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor MGP XII Magnolia  LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Brixmor Operating Partnership LP heilmanl@ballardspahr.com vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor GC Ambassador Courtyard  LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor 210 Development  LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Brixmor GA Cobblestone Village St. Augustine LLC heilmanl@ballardspahr.com vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Agua Mansa Commerce Phase I  LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor CLPF Marketplace  LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor ARC CLORLFL001  LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Lisa M. Solomon

on behalf of Attorney DC USA Operating Co. LLC lisa.solomon@att.net

Loren L. Speziale

on behalf of Creditor Township of Whitehall lspeziale@grossmcginley.com  jkacsur@grossmcginley.com

Mark Minuti

on behalf of Interested Party Loja WTP  LLC mark.minuti@saul.com

Mark Christopher Errico

on behalf of Interested Party Blue Yonder  Inc. mark.errico@squirepb.com, maria.depinho@squirepb.com;mark-c-errico-7862@ecf.pacerpro.com;rudy.green@squirepb.com;rudy-green-3307@ecf.pacerpro.com

Mark E. Hall

on behalf of Creditor Silvertown  Inc. mhall@foxrothschild.com, cbrown@foxrothschild.com

Marshall Dworkin

on behalf of Creditor Studio City East 93K LLC mdworkin@moritthock.com

Matthew E. Kaslow

on behalf of Creditor Willowbrook Town Center  LLC mkaslow@blankrome.com

Melissa A. Pena

on behalf of Creditor Rushmore Crossing  LLC mapena@norris-law.com, pfreda@nmmlaw.com

Melissa A. Pena

on behalf of Creditor CSHV Woodlands  LP mapena@norris-law.com, pfreda@nmmlaw.com

Melissa A. Pena

on behalf of Creditor San Antonio Central Park Associates  LLC mapena@norris-law.com, pfreda@nmmlaw.com

Melissa A. Pena

on behalf of Creditor Overton Park Plaza Associates  LLC mapena@norris-law.com, pfreda@nmmlaw.com

Meredith Mitnick

on behalf of Creditor SharkNinja Operating LLC mmitnick@goodwinlaw.com

Merrill M. O'Brien

on behalf of Creditor F3 Metalworx  Inc. obrien@obrienthornton.com, meg.ohayon@obrienthornton.com

District/off: 0312-2                                    User: admin                                    Page 12 of 21
Date Rcvd: Jul 20, 2023                            Form ID: pdf903                            Total Noticed: 12

Michael Korik

on behalf of Creditor JMCR Sherman  LP mkorik@gruenlaw.com

Michael Kwiatkowski

on behalf of Creditor Atlantic City Electric Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Southern California Edison Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Jersey Central Power & Light Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor American Electric Power mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Salt River Project mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Florida Power & Light Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Public Service Electric and Gas Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Commonwealth Edison Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Tucson Electric Power Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Massachusetts Electric Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor PSEG Long Island mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor The Cleveland Electric Illuminating Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Virginia Electric and Power Company d/b/a Dominion Energy Virginia mkwiatkowski@cullenllp.com
mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor UNS Gas  Inc. mkwiatkowski@cullenllp.com, mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Potomac Edison Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor KeySpan Energy Delivery Long Island mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Toledo Edison Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor San Diego Gas and Electric Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Public Service Company of New Hampshire mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Colonial Gas Cape Cod mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor New York State Electric and Gas Corporation mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Consolidated Edison Company of New York  Inc. mkwiatkowski@cullenllp.com,
mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor PECO Energy Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Peoples Gas System  Inc. mkwiatkowski@cullenllp.com, mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Arizona Public Service Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Boston Gas Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Rochester Gas & Electric Corporation mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Delmarva Power & Light Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor The East Ohio Gas Company d/b/a Dominion Energy Ohio mkwiatkowski@cullenllp.com
mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor NStar Electric Company  Western Massachusetts mkwiatkowski@cullenllp.com, mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Yankee Gas Service Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor NV Energy  Inc. mkwiatkowski@cullenllp.com, mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Baltimore Gas and Electric Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Narragansett Electric Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor West Penn Power Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Pennsylvania Power Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Tampa Electric Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Monongahela Power Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor The Connecticut Light & Power Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Georgia Power Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Niagara Mohawk Power Corporation mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor KeySpan Energy Delivery New York mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Eversource Gas of Massachusetts mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael Kwiatkowski

on behalf of Creditor Ohio Edison Company mkwiatkowski@cullenllp.com  mkwiatkowski@msek.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Annapolis  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Bridgewater Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of East Hanover Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Manalapan  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Greenbrook II  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Edgewater Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of New Rochelle  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Caldwell  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Yonkers  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Decorist  LLC msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Knoxville Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Gallery Place L.L.C. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Arundel Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Hackensack  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BBB Value Services Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Buy Buy Baby of Totowa  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Falls Church  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Alamo Bed Bath & Beyond Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Newton  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Totowa  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Raritan  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Of a Kind  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Westfield  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Harmon of Rockaway  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Birmingham Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Mandeville Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BBBY Management Corporation msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor Bed Bath & Beyond of Baton Rouge Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of California Limited Liability Company msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Pittsford Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Paradise Valley Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Portland Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Opry Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Buy Buy Baby  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Old Bridge  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Lincoln Park Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Plainview  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Shrewsbury  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Wayne  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Hanover  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Towson Inc msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Virginia Beach Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Palm Desert Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Louisville Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Fashion Center  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Overland Park Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Liberty Procurement Co. Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor BBBYCF LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Davenport Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed  Bath & Beyond of Manhattan, Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Massapequa  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Waldorf Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Carlstadt  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Springfield Buy Buy Baby  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor One Kings Lane LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Melville  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Rockford Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Woodbridge Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Hartsdale  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Gaithersburg Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon Stores  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Lexington Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Bed Bath & Beyond of Frederick  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor BBB Canada LP Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Deerbrook Bed Bath & Beyond Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Harmon of Brentwood  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor BWAO LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota

on behalf of Debtor Buy Buy Baby of Rockville  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

District/off: 0312-2                                    User: admin                                    Page 17 of 21
Date Rcvd: Jul 20, 2023                              Form ID: pdf903                              Total Noticed: 12

Michael D. Sirota
on behalf of Debtor bed 'n bath Stores Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor Harmon of Franklin  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor BBBYTF LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor San Antonio Bed Bath & Beyond Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor Chef C Holdings LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael R. Herz
on behalf of Interested Party Whitestone Eldorado Plaza LLC mherz@foxrothschild.com  cbrown@foxrothschild.com

Mollie Margaret Lerew
on behalf of Creditor Texas Taxing Authorities mlerew@pbfcm.com

Monique Bair DiSabatino
on behalf of Creditor Phillips Edison & Company mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
on behalf of Creditor College Plaza Station LLC mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
on behalf of Creditor Town & Country (CA) Station L.P. mdisabatino@saul.com  robyn.warren@saul.com

Morris J. Schlaf
on behalf of Creditor Eleni Zervos mschlaf@saccofillas.com  mschlaf@recap.email

Morris S. Bauer
on behalf of Other Prof. Sixth Street Specialty Lending  Inc. MSBauer@duanemorris.com, tjsantorelli@duanemorris.com

Nancy Isaacson
on behalf of Creditor Garfield-Southcenter  LLC nisaacson@greenbaumlaw.com

Naznen Rahman
on behalf of Interested Party Ad Hoc Committee of Bondholders nrahman@glennagre.com

Nicole A. Leonard
on behalf of Creditor HRTC 1 LLC nleonard@mdmc-law.com
gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Nicole M. Nigrelli
on behalf of Creditor The Anna Mscisz Trust nnigrelli@ciardilaw.com  sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Nicole M. Nigrelli
on behalf of Creditor Rainier Colony Place Acquisitions  LLC nnigrelli@ciardilaw.com,
sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Owen M. Sonik
on behalf of Creditor Humble Independent School District osonik@pbfcm.com
osonik@ecf.inforuptcy.com;mvaldez@pbfcm.com

Owen M. Sonik
on behalf of Creditor City of Houston osonik@pbfcm.com  osonik@ecf.inforuptcy.com;mvaldez@pbfcm.com

Owen M. Sonik
on behalf of Creditor Clear Creek Independent School District osonik@pbfcm.com
osonik@ecf.inforuptcy.com;mvaldez@pbfcm.com

Owen M. Sonik
on behalf of Creditor Spring Branch Independent School Dist. osonik@pbfcm.com
osonik@ecf.inforuptcy.com;mvaldez@pbfcm.com

Owen M. Sonik
on behalf of Creditor Pasadena Independent School District osonik@pbfcm.com
osonik@ecf.inforuptcy.com;mvaldez@pbfcm.com

Paul Rubin
on behalf of Creditor Castle Ridge Plaza LLC prubin@rubinlawllc.com  hhuynh@rubinlawllc.com

Paul Rubin
on behalf of Creditor Regent Shopping Center Inc. prubin@rubinlawllc.com  hhuynh@rubinlawllc.com

District/off: 0312-2                                    User: admin                                    Page 18 of 21
Date Rcvd: Jul 20, 2023                                Form ID: pdf903                               Total Noticed: 12

Paul Hans Schafhauser
on behalf of Creditor IKEA Property  Inc. schafhauserp@gtlaw.com

Paul J. Winterhalter
on behalf of Creditor Simon Property Group pwinterhalter@offitkurman.com  cballasy@offitkurman.com

Paul J. Winterhalter
on behalf of Creditor Saul Holdings  Limited Partnership pwinterhalter@offitkurman.com, cballasy@offitkurman.com

Paul S. Murphy
on behalf of Creditor Pittsburgh Hilton Head Associates L.P. paul.murphy@butlersnow.com
ecf.notices@butlersnow.com,kitty.logan@butlersnow.com

Paul W Carey
on behalf of Creditor Running Hill SP  LLC pcarey@mirickoconnell.com

Paul W Carey
on behalf of Creditor ISM Holdings  Inc. pcarey@mirickoconnell.com

Richard L Fuqua, II
on behalf of Creditor PTCTX Holdings  LLC fuqua@fuqualegal.com

Richard L Fuqua, II
on behalf of Creditor HCL Texas Avenue  LLC fuqua@fuqualegal.com

Richard L. Zucker
on behalf of Creditor Taft Associates rzucker@lasserhochman.com

Richard L. Zucker
on behalf of Interested Party Taft Associates rzucker@lasserhochman.com

Rick Aaron Steinberg
on behalf of Creditor TOTE Maritime rsteinberg@pricemeese.com

Robert Malone
on behalf of Creditor Committee Official Committee Of Unsecured Creditors rmalone@gibbonslaw.com
nmitchell@gibbonslaw.com

Robert J Feinstein
on behalf of Creditor Committee Official Committee Of Unsecured Creditors rfeinstein@pszjlaw.com

Robert J Sproul
on behalf of Creditor County of Loudoun robert.sproul@loudoun.gov
ann.mccafferty@loudoun.gov;nicole.rodriguez@loudoun.gov

Robert L. LeHane
on behalf of Creditor Oak Street Real Estate rlehane@kelleydrye.com
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Nuveen Real Estate rlehane@kelleydrye.com
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor SITE Centers Corp. rlehane@kelleydrye.com
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor ShopCore Properties rlehane@kelleydrye.com
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Brookfield Properties Retail  Inc rlehane@kelleydrye.com,
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Kite Realty Group rlehane@kelleydrye.com
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Regency Centers  L.P rlehane@kelleydrye.com,
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Blumenfeld Development Group  Ltd rlehane@kelleydrye.com,
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Pinnacle Hills  LLC rlehane@kelleydrye.com,
KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor HGREIT II Edmondson Road  LLC rlehane@kelleydrye.com,

District/off: 0312-2                                       User: admin                                       Page 19 of 21
Date Rcvd: Jul 20, 2023                                   Form ID: pdf903                                   Total Noticed: 12

|  | KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
|---|---|
| Robert L. LeHane | on behalf of Creditor Daly City Serramonte Center  LLC rlehane@kelleydrye.com, KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
| Robert L. LeHane | on behalf of Creditor Edison TOCA001 LLC rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
| Robert L. LeHane | on behalf of Creditor SIPOC LLC rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
| Robert L. LeHane | on behalf of Creditor Benderson Development Company rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
| Robert L. LeHane | on behalf of Creditor Lerner Properties rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
| Robert L. LeHane | on behalf of Creditor EDISON BRMA 001 LLC and EDISON FLFL001 LLC rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
| Robert S. Roglieri | on behalf of Interested Party World Market  LLC rroglieri@trenkisabel.law, mmassoud@trenkisabel.law |
| Robert S. Westermann | on behalf of Creditor The Brink's Company rwestermann@hirschlerlaw.com  rhenderson@hirschlerlaw.com |
| Ronald S. Gellert | on behalf of Creditor Seritage SRC Finance LLC rgellert@gsbblaw.com  abrown@gsbblaw.com |
| Sari Blair Placona | on behalf of Creditor Salmar Properties  LLC splacona@msbnj.com |
| Sari Blair Placona | on behalf of Interested Party Vista Property Company  LLC and Rockwall Crossing SC, LP splacona@msbnj.com |
| Sari Blair Placona | on behalf of Interested Party Central Transport  LLC splacona@msbnj.com |
| Scott Fleischer | on behalf of Creditor RED Development  LLC sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor West Coast Highway LLC sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor Inland Commercial Real Estate Services  L.L.C. sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor RPT Realty  L.P. sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor Westfield LLC sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor DLC Management Corp. sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor Rivercrest Realty Associates  LLC sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor Mission Valley Shoppingtown LLC sfleischer@barclaydamon.com |
| Scott Fleischer | on behalf of Creditor National Realty & Development Corp. sfleischer@barclaydamon.com |
| Scott A. Zuber | on behalf of Creditor Arch Insurance Company szuber@csglaw.com  ecf@csglaw.com |
| Scott H. Bernstein | on behalf of Creditor Brinks U.S.  a Division of Brinks, Incorporated scott@scottbernsteinlaw.com, scott.bernstein@gmail.com |
| Shai Schmidt | on behalf of Interested Party Ad Hoc Committee of Bondholders sschmidt@glennagre.com |
| Shawn M. Christianson | on behalf of Creditor Oracle America  Inc. schristianson@buchalter.com, cmcintire@buchalter.com |

District/off: 0312-2                          User: admin                                    Page 20 of 21
Date Rcvd: Jul 20, 2023                      Form ID: pdf903                              Total Noticed: 12

Shmuel Klein
on behalf of Unknown Role Type No Place Like Home Corp shmuel.klein@verizon.net
bleichmanklein@gmail.com;kleinsr88450@notify.bestcase.com

Sommer Leigh Ross
on behalf of Other Prof. Sixth Street Specialty Lending  Inc. slross@duanemorris.com, AutoDocketWILM@duanemorris.com

Stephanie L. Jonaitis
on behalf of Interested Party Kaz Canada  Inc. stephanie.jonaitis@troutman.com, balaa@pepperlaw.com

Stephanie L. Jonaitis
on behalf of Interested Party OXO International Ltd. stephanie.jonaitis@troutman.com  balaa@pepperlaw.com

Stephanie L. Jonaitis
on behalf of Interested Party Helen of Troy L.P. stephanie.jonaitis@troutman.com  balaa@pepperlaw.com

Stephanie L. Jonaitis
on behalf of Interested Party Kaz USA  Inc. stephanie.jonaitis@troutman.com, balaa@pepperlaw.com

Stephanie R Sweeney
on behalf of Creditor Dream on Me Industries  Inc. ssweeney@klestadt.com

Stephen R. Catanzaro
on behalf of Creditor Gotham Technology Group  LLC scatanzaro@daypitney.com,
cparlapiano@daypitney.com;jcohen@daypitney.com

Steven A. Jayson
on behalf of Creditor Farley Real Estate Associates  LLC sjayson@msklaw.net,
jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven P. Kartzman
on behalf of Creditor Farley Real Estate Associates  LLC Trustee@msklaw.net,
nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msk
law.net

Stuart D. Gavzy
on behalf of Creditor Township of Rockaway stuart@gavzylaw.com
lesliebrown.paralegal@gmail.com;gavzysr82824@notify.bestcase.com;4635996420@filings.docketbird.com;ecf123@casedriver.
com

Sunjae Lee
on behalf of Creditor GFA Alabama Inc. sunjae@jcklaw.com  steve@jcklaw.com;john@jcklaw.com;debbie@jcklaw.com

Tara J. Schellhorn
on behalf of Creditor TPP Bryant  LLC tschellhorn@riker.com

Tara J. Schellhorn
on behalf of Creditor Dadeland Station Associates  Ltd. tschellhorn@riker.com

Thomas James Monroe
on behalf of Creditor Serota Islip NC LLC tmonroe@certilmanbalin.com

Thomas S. Onder
on behalf of Creditor Gator Investments tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Levin Management Corporation tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor North Village Associates tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Richards Clearview  LLC tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Bell Tower Shops  LLC tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Somerville Circle Partnership tonder@stark-stark.com

Tina Moss
on behalf of Creditor Workday  Inc. tmoss@perkinscoie.com,
tina-moss-8527@ecf.pacerpro.com;Docketnyc@perkinscoie.com;nvargas@perkinscoie.com;MichelleRose@perkinscoie.com

Tina Moss
on behalf of Creditor Adobe  Inc. tmoss@perkinscoie.com,
tina-moss-8527@ecf.pacerpro.com;Docketnyc@perkinscoie.com;nvargas@perkinscoie.com;MichelleRose@perkinscoie.com

Turner Falk
on behalf of Interested Party Loja WTP  LLC turner.falk@saul.com, catherine.santangelo@saul.com

Turner Falk
on behalf of Interested Party Brown Ranch Properties LP turner.falk@saul.com  catherine.santangelo@saul.com

District/off: 0312-2                                     User: admin                                          Page 21 of 21
Date Rcvd: Jul 20, 2023                                  Form ID: pdf903                                     Total Noticed: 12

Turner Falk
    on behalf of Creditor RAF Johnson City LLC and G&I IX Primrose Marketplace LLC turner.falk@saul.com
    catherine.santangelo@saul.com

Turner Falk
    on behalf of Creditor College Plaza Station LLC turner.falk@saul.com  catherine.santangelo@saul.com

Turner Falk
    on behalf of Creditor Phillips Edison & Company turner.falk@saul.com  catherine.santangelo@saul.com

Turner Falk
    on behalf of Creditor Town & Country (CA) Station L.P. turner.falk@saul.com  catherine.santangelo@saul.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

Vahbiz Karanjia
    on behalf of Creditor Iris Software  Inc. v.karanjia@epsteinostrove.com

Vincent J. Roldan
    on behalf of Creditor Schnitzer Stephanie  LLC vroldan@mblawfirm.com

Vincent J. Roldan
    on behalf of Creditor Arrowhead Palms L.L.C. vroldan@mblawfirm.com

Walter E. Swearingen
    on behalf of Creditor 200-220 West 26 LLC wswearingen@beckerglynn.com  aostrow@beckerglynn.com;hlin@beckerglynn.com

Walter E. Swearingen
    on behalf of Creditor TF Cornerstone Inc. wswearingen@beckerglynn.com  aostrow@beckerglynn.com;hlin@beckerglynn.com

Warren A. Usatine
    on behalf of Debtor Bed Bath & Beyond Inc. wusatine@coleschotz.com  fpisano@coleschotz.com

Wendy M Simkulak
    on behalf of Creditor Chubb Companies wmsimkulak@duanemorris.com

Wendy M Simkulak
    on behalf of Creditor The Chubb Companies wmsimkulak@duanemorris.com

William G. Wright
    on behalf of Creditor ARC International North America  LLC wwright@capehart.com, jlafferty@capehart.com

William J. Levant
    on behalf of Creditor Consumer Centre Paramount 6  LLC efile.wjl@kaplaw.com, wlevant@gmail.com

William J. Levant
    on behalf of Creditor Consumer Centre Paramount 5  LLC efile.wjl@kaplaw.com, wlevant@gmail.com

William J. Levant
    on behalf of Creditor Consumer Centre Paramount 2  LLC efile.wjl@kaplaw.com, wlevant@gmail.com

William J. Levant
    on behalf of Creditor Consumer Centre Paramount 4  LLC efile.wjl@kaplaw.com, wlevant@gmail.com

William J. Levant
    on behalf of Creditor Consumer Centre Paramount 1  LLC efile.wjl@kaplaw.com, wlevant@gmail.com

William J. Levant
    on behalf of Creditor Main Street at Exton II  L.P. efile.wjl@kaplaw.com, wlevant@gmail.com

William J. Levant
    on behalf of Creditor Consumer Centre Paramount 7  LLC efile.wjl@kaplaw.com, wlevant@gmail.com

William R. Firth, III
    on behalf of Creditor DT-SGW  LLC wfirth@pashmanstein.com, ddanielson@cohenseglias.com


TOTAL: 495