**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF REVISED ORDER (I) AUTHORIZING THE DEBTORS
TO ESTABLISH PROCEDURES FOR THE COMPROMISE AND SETTLEMENT
OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER
OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, in connection with the *Debtors' Motion for Entry of an*

*Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

*Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief* [Docket No. 1341], the above-captioned debtors and debtors in possession hereby file a revised proposed form of *Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of Notice of Settlement, and (III) Granting Related Relief* (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that a clean version of the Revised Proposed Order is attached hereto as **Exhibit A** and a blackline against the previous filed version is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the objection deadline has passed, and the Debtors have resolved all formal and informal objections in connection with the relief requested in the Revised Proposed Order and respectfully request that the Court enter the Revised Proposed Order without a hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated:  July 24, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:     msirota@coleschotz.com
           wusatine@coleschotz.com
           fyudkin@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:     josuha.sussberg@kirkland.com
           emily.geier@kirkland.com
           derek.hunter@kirkland.com


*Co-Counsel for Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER (I) AUTHORIZING AND
ESTABLISHING PROCEDURES FOR THE COMPROMISE AND
SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND
MANNER OF NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the procedures for compromise and settlement of certain claims, cross-claims, litigation, and causes of action (collectively, the "De Minimis Claims"), without further Court approval; (b) approving the proposed form and manner of notice that will be provided to the affected creditors (the "Settlement Notice"), substantially in the form attached hereto as **Exhibit 1**; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

3.      The Debtors are authorized to enter into Settlements in accordance with the following Settlement Procedures:

a.      No Settlement will be effective unless it is executed by an authorized representative of the Debtors;

b.      A full release of the Debtors and/or the settling party may be included in the Settlement;

c.      With regard to any Settlement in an amount equal to or less than $50,000 for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

i.      The affected Debtor or Debtors are authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

> or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and
>
> ii. Such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it or its estate without notice by such Debtor to any third party or further action by this Court.

d. With regard to any Settlement that is in an amount greater than $50,000 but does not exceed $1 million, for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

> i. A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue, subject only to the noticing and objection procedures set forth herein.
>
> ii. Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to: (i) the U.S. Trustee for the District of New Jersey, (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Committee), (iii) the agents under the Debtors' prepetition secured facilities and counsel thereto, (iv) the DIP Agent and counsel thereto, (v) any party to the Settlement; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party" and collectively, the "Notice Parties").
>
> iii. Such notice will be in substantially the form of the settlement notice attached hereto as Exhibit 1 to **Exhibit A** (the "Settlement Notice") and will specify (i) the identity of the other party to the Settlement,

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

        (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iv.    The Notice Parties may object to a proposed Settlement by filing such objection with the Court by no later than 5:00 p.m., prevailing Eastern Time, seven (7) calendar days after delivery of a Settlement Notice ("the Objection Deadline"), and serving such objection on: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos.

v.    The Notice Parties may request additional time or additional information to evaluate the proposed Settlement in writing by no later than the Objection Deadline and serve such request on counsel to the Debtors. If a Notice Party provides a written request to counsel for the Debtors for additional information or additional time to evaluate the proposed Settlement, then the Objection Deadline with respect to such Notice Party shall be (i) in the case of a request for additional time, five (5) days after the initial Objection Deadline, or (ii) in the case of a request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may make only one request for additional time per Settlement Notice, unless otherwise agreed to by the Debtors in their sole discretion.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

vi.   If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vii.   If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

viii.   Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

ix.   All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

e.   Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

f.   On a monthly basis, beginning 30 days after entry of an Order granting this Motion, the Debtors will provide to the Notice Parties a report of all Settlements that the Debtors entered into during the previous month pursuant to the Settlement Procedures.  Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which such De Minimis Claims were settled.

g.   With respect to any and all De Minimis Claims asserted *by* the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought *by* the Debtors against a non-Debtor third party:

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

i.   A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim(s) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

ii.   Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days' advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to the Notice Parties.

iii.   Such notice will be in substantially the form of the Settlement Notice and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iv.   The Notice Parties may object to a proposed Settlement by filing such objection with the Court by the Objection Deadline and serving such objection on: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos.

v.     If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vi.     If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

vii.     Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

viii.     All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

4.     Notwithstanding anything herein to the contrary, the Settlement Procedures shall not apply to (a) claims asserted against the Debtors by any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively, and (b) claims asserted by the Debtors against any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively.

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

6.      Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Settlement Procedures shall be deemed (i) fair and reasonable, and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.      The Debtors are authorized to compromise and settle De Minimis Claims in accordance with the Settlement Procedures.

8.      The Debtors are authorized to resolve all of the De Minimis Claims of a single party in a single settlement agreement.

9.      Notwithstanding anything to the contrary in the Motion, this Order, the Settlement Procedures, or any notice pursuant thereto, the Settlement Procedures approved by this Order shall not apply to (a) worker's compensation claims; (b) claims where there is a judgment entered or settlement already agreed to and signed by all applicable parties; (c) direct action claims against any of the Debtors' insurers under applicable non-bankruptcy state law; or (d) any claims or actions relating to any claims between the Debtors' insurers, on the one hand, and the Debtors, on the other hand.

10.      Nothing in this Order, the Settlement Procedures, or any notice pursuant thereto (a) amends, modifies or otherwise alters (i) the terms and conditions of any insurance policies issued to the Debtors and any related agreements (collectively, the "Insurance Policies"), including, but not limited to, any provisions (A) requiring certain notice to insurers regarding claims possibly covered under the Insurance Policies, (B) allowing an insurer to assume and/or

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

control the defense or settlement of claims possibly covered under the Insurance Policies, (C) requiring the approval of any insurer prior to settlement of or payment on account of any claims possibly covered under the Insurance Policies, or (D) regarding payment of and liability for self-insured retentions or deductibles; or (ii) either the duty or right, if any, under the Insurance Policies or applicable non-bankruptcy law of insurers to (A) pay claims covered by the Insurance Policies and seek payment or reimbursement from the insured therefor pursuant to the terms of the Insurance Policies, or (B) reduce any payment from insurance proceeds by any amount received by a claimant on account of the same claim from another source including, but not limited to, the Debtors or the Debtors' estates; (b) creates or permits a direct right of action against any of the Debtors' insurers; (c) obligates an insurer to be bound by a settlement; or (d) requires an insurer to pay, in whole or in part, a settlement.

11.     The Debtors shall provide written notice to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures; *provided* that, if applicable, Kroll is authorized and directed to amend the claims register accordingly without further order of the Court.

12.     Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period, the settlement agreement shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

13.     In the event there is an inconsistency between the Motion and this Order, this Order shall control.

14.     This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order, or any Settlement.

15.     Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and, to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

16.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

19.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

21.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER (I) AUTHORIZING AND
ESTABLISHING PROCEDURES FOR THE COMPROMISE AND
SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND
MANNER OF NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through twelvethirteen (123), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the procedures for compromise and settlement of certain claims, cross-claims, litigation, and causes of action (collectively, the "De Minimis Claims"), without further Court approval; (b) approving the proposed form and manner of notice that will be provided to the affected creditors (the "Settlement Notice"), substantially in the form attached hereto as **Exhibit 1**; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

3.      The Debtors are authorized to enter into Settlements in accordance with the following Settlement Procedures:

a.      No Settlement will be effective unless it is executed by an authorized representative of the Debtors;

b.      A full release of the Debtors and/or the settling party may be included in the Settlement;

c.      With regard to any Settlement in an amount equal to or less than $50,000 for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

i.      The affected Debtor or Debtors are authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

ii.    Such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it or its estate without notice by such Debtor to any third party or further action by this Court.

d.    With regard to any Settlement that is in an amount greater than $50,000 but does not exceed $1 million, for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

i.    A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue, subject only to the noticing and objection procedures set forth herein.

ii.    Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to: (i) the U.S. Trustee for the District of New Jersey, (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Committee), (iii) the agents under the Debtors' prepetition secured facilities and counsel thereto, (iv) the DIP Agent and counsel thereto, (v) any party to the Settlement; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "<u>Notice Party</u>" and collectively, the "<u>Notice Parties</u>").

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

iii.    Such notice will be in substantially the form of the settlement notice attached hereto as <u>Exhibit 1</u> to **Exhibit A** (the "<u>Settlement Notice</u>") and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iv.    The Notice Parties may object to a proposed Settlement by filing such objection with the Court by no later than 5:00 p.m., prevailing Eastern Time, seven (7) calendar days after delivery of a Settlement Notice ("the <u>Objection Deadline</u>"), and serving such objection on: (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: David Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos.

v.    The Notice Parties may request additional time or additional information to evaluate the proposed Settlement in writing by no later than the Objection Deadline and serve such request on counsel to the Debtors. If a Notice Party provides a written request to counsel for the Debtors for additional information or additional time to evaluate the proposed Settlement, then the Objection Deadline with respect to such Notice Party shall be (i) in the case of a request for additional time, five (5) days after the initial Objection Deadline, or (ii) in the case of a request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may make

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

only one request for additional time per Settlement Notice, unless otherwise agreed to by the Debtors in their sole discretion.

vi.      If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vii.     If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

viii.    Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

ix.      All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

e.      Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

f.      On a monthly basis, beginning 30 days after entry of an Order granting this Motion, the Debtors will provide to the Notice Parties a report of all Settlements that the Debtors entered into during the previous month pursuant to the Settlement Procedures. Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which such De Minimis Claims were settled.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

g.   With respect to any and all De Minimis Claims asserted *by* the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought *by* the Debtors against a non-Debtor third party:

  i.   A Debtor is authorized to settle, with the consent of the DIP Agent, such De Minimis Claim(s) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

  ii.   Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days' advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to the Notice Parties.

  iii.   Such notice will be in substantially the form of the Settlement Notice and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

  iv.   The Notice Parties may object to a proposed Settlement by filing such objection with the Court by the Objection Deadline and serving such objection on:  (i) the Debtors, Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, P.C., Derek I. Hunter; (iii) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq; (iv) the DIP Agent and counsel thereto, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: David

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

Hillman and Charles A. Dale; (v) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Bradford J. Sandler, Paul J. Labov, and Colin R. Robinson; and (vi) Office of the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, John Schanne, and Alexandria Nikolinos.

v.      If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vi.     If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

vii.    Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

viii.   All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

4.      Notwithstanding anything herein to the contrary, the Settlement Procedures shall not apply to (a) claims asserted against the Debtors by any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively, and (b) claims asserted by

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

the Debtors against any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Settlement Procedures shall be deemed (i) fair and reasonable, and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The Debtors are authorized to compromise and settle De Minimis Claims in accordance with the Settlement Procedures.

8.    The Debtors are authorized to resolve all of the De Minimis Claims of a single party in a single settlement agreement.

9.    Notwithstanding anything to the contrary in the Motion, this Order, the Settlement Procedures, or any notice pursuant thereto, the Settlement Procedures approved by this Order shall not apply to (a) worker's compensation claims; (b) claims where there is a judgment entered or settlement already agreed to and signed by all applicable parties; (c) direct action claims against any of the Debtors' insurers under applicable non-bankruptcy state law; or (d) any claims or actions relating to any claims between the Debtors' insurers, on the one hand, and the Debtors, on the other hand.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

10.     Nothing in this Order, the Settlement Procedures, or any notice pursuant thereto (a) amends, modifies or otherwise alters (i) the terms and conditions of any insurance policies issued to the Debtors and any related agreements (collectively, the "Insurance Policies"), including, but not limited to, any provisions (A) requiring certain notice to insurers regarding claims possibly covered under the Insurance Policies, (B) allowing an insurer to assume and/or control the defense or settlement of claims possibly covered under the Insurance Policies, (C) requiring the approval of any insurer prior to settlement of or payment on account of any claims possibly covered under the Insurance Policies, or (D) regarding payment of and liability for self-insured retentions or deductibles; or (ii) either the duty or right, if any, under the Insurance Policies or applicable non-bankruptcy law of insurers to (A) pay claims covered by the Insurance Policies and seek payment or reimbursement from the insured therefor pursuant to the terms of the Insurance Policies, or (B) reduce any payment from insurance proceeds by any amount received by a claimant on account of the same claim from another source including, but not limited to, the Debtors or the Debtors' estates; (b) creates or permits a direct right of action against any of the Debtors' insurers; (c) obligates an insurer to be bound by a settlement; or (d) requires an insurer to pay, in whole or in part, a settlement.

11.     9.   The Debtors shall provide written notice to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures; *provided* that, if applicable,

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

Kroll is authorized and directed to amend the claims register accordingly without further order of the Court.

12.    ~~10.~~ Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period, the settlement agreement shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

13.    ~~11.~~ In the event there is an inconsistency between the Motion and this Order, this Order shall control.

14.    ~~12.~~ This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order, or any Settlement.

15.    ~~13.~~ Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and, to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

16.    ~~14.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING AND ESTABLISHING PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF |

17. ~~15.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. ~~16.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

19. ~~17.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. ~~18.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

21. ~~19.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.