UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C. (admitted *pro hac vice*) Derek I. Hunter (admitted *pro hac vice*) 601 Lexington Avenue New York, New York 10022 Telephone: (212) 446-4800 Facsimile: (212) 446-4900 joshua.sussberg@kirkland.com emily.geier@kirkland.com derek.hunter@kirkland.com |
| **COLE SCHOTZ P.C.** Michael D. Sirota, Esq. Warren A. Usatine, Esq. Felice R. Yudkin, Esq. Court Plaza North, 25 Main Street Hackensack, New Jersey 07601 Telephone: (201) 489-3000 msirota@coleschotz.com wusatine@coleschotz.com fyudkin@coleschotz.com *Co-Counsel for Debtors and Debtors in Possession* |

**Order Filed on July 24, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF**

**DATED: July 24, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered two (2) through twenty one (21), is

**ORDERED**.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing and approving, among other things, the Debtors' right to consummate Lease Sales, including through Acquisition of Designation Rights Agreements between the Debtors and Michaels Stores, Inc. ("Michaels"), all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Acquisition of Designation Rights Agreement attached hereto as **Exhibit 1** (the "Designation Rights Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

that the Debtors having complied with the Lease Sale Procedures, and that the Debtors' entry into the Designation Rights Agreement is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Lease (as defined in the Designation Rights Agreement); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

## I.   Approval of the Sale of Designation Rights and Entry into the Designation Rights Agreement

1.      The Debtors and Michaels are authorized to enter into and perform under the Designation Rights Agreement, and to implement the Designation Rights Agreement and the transactions contemplated thereunder and hereunder.  The Designation Rights Agreement and all of the terms and conditions thereof are hereby approved in all respects.   The Debtors are authorized, at the direction of Michaels, to assume and to assign any Lease(s) set forth on **Exhibit 2** hereto to Michaels and/or an affiliate pursuant to sections 363 and 365 of the Bankruptcy Code or to reject any Lease(s) in accordance with the Designation Rights Agreement. The failure to include any particular provision of the Designation Rights Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Designation Rights Agreement be authorized and approved in its entirety. Each and every anti-assignment provision in any Lease is null, void and of no force and effect in connection with the transfer of the Designation Rights and assumption and assignment of certain Leases to Michaels pursuant to the Designation Rights Agreement. Michaels has provided adequate assurance of its

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

future performance under the Leases within the meaning of sections 365(b)(1)(C), 365(b)(3), and 365(f)(2)(B) of the Bankruptcy Code.

**II.      Consummation of Sale**

2.      Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees, and agents, without further order of the Court, are authorized to execute, deliver, and perform their obligations under and comply with the terms of the Designation Rights Agreement and to close and consummate the Lease Sale, pursuant to and in accordance with the terms and conditions of the Designation Rights Agreement and this Order. All persons and entities, including landlords or counterparties to a lease (each, a "Lease Counterparty"), that failed to timely object, or withdrew their objections, to the Motion or this Order are deemed to consent to the relief granted herein for all purposes.

3.      All persons that are currently occupying any premises related to some or all of the Leases are hereby directed to surrender possession of the premises with respect to Leases to Michaels and vacate such premises as set forth in the Designation Rights Agreement. To the extent required by the Designation Rights Agreement, the Debtors agree to exercise commercially reasonable efforts to assist Michaels in assuring that all persons that are presently, or on the applicable closing date may be, in possession of some or all of the premises related to the Leases will surrender possession of such premises to Michaels and vacate such premises as set forth in the Designation Rights Agreement. In the event that the Debtors or any other person or entity fails to fully vacate the premises related to the Leases as provided in the Designation Rights Agreement,

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

Michaels shall have no obligation pursuant to such Lease(s) during the Designation Period (as defined below), including the obligation to pay any rent, additional rent, or percentage rent, unless and until the Debtors or any other applicable person or entity complies with the Designation Rights Agreement and this Order. Instead, the Debtors will continue to have those obligations under the Leases until the effective date of assumption and assignment or rejection, as applicable.

### III.    Michaels' Designation Rights and Designation Period

4.        Michaels shall have the sole, exclusive, and continuing right to select, identify and designate (on one or more occasions) which of the Leases set forth on **Exhibit 2** hereto shall be either: (i) rejected or (ii) assumed and assigned in connection with an assumption and assignment, to Michaels and/or an affiliate (all of which rights are referred to in this Order as the "Designation Rights"). The sale of the Designation Rights provided for in this Order shall not effect a conveyance of the Leases to Michaels and/or an affiliate except for those Leases that Michaels will specifically designate for itself and/or an affiliate in accordance with this Order. Notwithstanding anything to the contrary herein, effective upon Debtors' receipt of a Lease Assumption Notice (defined below), under any Lease(s) identified in such Lease Assumption Notice, (a) Debtors shall be authorized to transfer, convey, assign and set over to Michaels and/or an affiliate, its successors and assigns, all of Debtors' right, title, and interest in and to the Lease(s), and (b) Michaels and/or an affiliate shall be authorized to assume and undertake to pay, perform, and discharge all of Debtors' obligations and duties with respect to the Lease(s) as set forth in this Order. For the avoidance of doubt, this Court approves (x) the Designation Rights, (y) any potential assumption

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

and assignment of Lease(s) set forth on **Exhibit 2** hereto to Michaels, and (z) any other terms of the Designation Rights Agreement, including Michaels' rights with respect to rejection of Lease(s) and Lease Rejection Notices (as defined below), if any.

5.      Michaels' Designation Rights shall commence immediately upon entry of this Order and expire thirty days after the Court's entry of this Order (the "Designation Period"); *provided, however,* that the Designation Period may be extended upon mutual written agreement of Michaels, the Debtors, and the Lease Counterparty to the applicable Lease; *provided, further, however*, to the extent that the Debtors have not vacated the premises of any Lease during the Designation Period, the terms of this Order with respect to Michaels' obligations, including paragraph 3 of this Order, shall apply.

6.      During the Designation Period or at any time prior to the effective date of the assignment of the applicable Lease, Michaels shall be authorized to enter, examine, and/or survey any of the premises related to the Leases upon reasonable notice to the Debtors and the applicable Lease Counterparty.

## IV.    Obligations Under the Leases During the Designation Period

7.      Except as provided herein, during the Designation Period, with respect to each individual Lease, Michaels shall assume all obligations under the Lease, including rent, real estate taxes, insurance, common area charges, maintenance and any other obligations owed by Debtors to each Lease Counterparty under a particular Lease for the period commencing on and after the Sale Closing Deadline; *provided, however*, that Michaels shall not be responsible for (i) any

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

obligations already satisfied by the Debtors, (ii) any obligations that accrued prior to the Sale Closing Deadline but had not yet come due, (iii) any obligations for a particular Lease that come due under the Lease after such Lease has been rejected pursuant to the terms of this Agreement, and (iv) any obligations covered by insurance actually carried by the Debtors.

## V.      Rejection of Leases

8.      At any time during the Designation Period, Michaels shall have the right, which right may be exercised at any time and from time to time, to provide written notice to the Debtors (each such notice, a "Lease Rejection Notice") of Michaels' election to require the Debtors to reject the Lease(s) identified in the Lease Rejection Notice.  Following the date that Michaels delivers a Lease Rejection Notice to the Debtors, the Debtors shall cause the rejection of the Lease(s) identified in the Lease Rejection Notice, pursuant to the *Order (i) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, and (ii) Granting Related Relief* (the "Procedures to Reject, Assume, or Assume and Assign") [Docket No. 382] or the plan of reorganization in the Debtors' chapter 11 cases.  Michaels shall not be responsible for any obligations and duties for a particular Lease that accrue or come due under the Lease on or after the first day following Michaels' delivery of the Lease Rejection Notice to the Debtors pursuant to the terms of this Order and the Designation Rights Agreement.  For the avoidance of doubt, after Michaels provides a Lease Rejection Notice to the Debtors, all of Michaels' obligations and duties with respect to the Lease(s) identified in the applicable Rejection Notice are discharged.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

## VI.    Assumption and Assignment of Leases

9.    At any time during the Designation Period, Michaels shall have the right, without further Court order, which right may be exercised at any time and from time to time, to provide written notice to the Debtors (each such notice, a "Lease Assumption Notice") of Michaels' election to assume the Lease(s) identified in the subject Lease Assumption Notice(s) and assign same to Michaels and/or an affiliate, as set forth herein.

10.    To the extent that the applicable Lease(s) is assigned to Michaels and/or an affiliate during or after the Designation Period, upon the effective date of the assumption and assignment of any Lease(s) identified in such Lease Assumption Notice(s), Michaels shall assume (i) all obligations under such Lease(s) that both become (a) due and (b) accrue after the Sale Closing with respect to the Lease(s) and (ii) cure all outstanding liabilities that were (x) due and/or (y) accrued but not yet due prior to the Sale Closing under the applicable Lease(s) with respect to the Lease(s), which cure amounts, if any, are solely limited to the amounts listed for each applicable Lease set forth on **Exhibit 2** hereto (the "Cure Amount"), if any, within three (3) business days after the effective date of such assignment. If the assignment and assumption of the Lease(s) identified in the subject Lease Assumption Notice(s) does not occur on or before thirty days (30) after the Court's entry of this Order, or such other date as set forth in such Lease Assumption Notice, the Lease(s) may thereafter be rejected in the chapter 11 cases.

11.    Notwithstanding anything herein or in any other agreement to the contrary, any applicable Cure Amount, including any amounts that had accrued but had not yet come due, if any,

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

are hereby fixed at the amounts solely set forth on **Exhibit 2** hereto, which amounts are in accordance with the *Notice of Assumption of Certain Unexpired Leases* [Docket No. 1157] (the "Assumption and Assignment Notice"), except as forth in this Order, on the record of the Hearing (if any), as otherwise agreed between the Lease Counterparty and Michaels, or as determined by Court order, as the case may be.

12.     Upon payment of the applicable Cure Amount, if any, each Lease Counterparty and non-debtor party shall be barred and permanently enjoined from asserting against the Debtors and Michaels any additional amount other than the Cure Amount on **Exhibit 2** hereto, including any other amounts, liabilities or claims with respect to its Lease that arose, accrued, or came due on or before entry of this Order. Each non-debtor party to a Lease is forever barred, estopped, and permanently enjoined from asserting against the Debtors or Michaels and/or an affiliate, their successors or assigns, or the property of any of them, any default, claim, or liability accrued, arising, or relating to the Leases for the period prior to the entry of this Order.  Payment of the Cure Amount shall be in full satisfaction and cure of any and all defaults under the Leases, whether monetary or non-monetary. To the extent applicable, upon the effective date of any assignment, Michaels shall deliver the Cure Amount to the Debtors which Cure Amount will be paid by the Debtors to the Lease Counterparty under the Lease as set forth on **Exhibit 2** hereto.

13.     At any time during the Designation Period, in the event that Michaels exercises the right to designate a Lease(s) for assumption and assignment to Michaels and/or an affiliate and Michaels delivers a Lease Assumption Notice to the Debtors, without further Court order or notice,

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

the Debtors are hereby authorized, in accordance with sections 105(a) and 365 of the Bankruptcy Code, to assume and assign the Leases set forth in the Lease Assumption Notice to Michaels and/or an affiliate, which on the effective date of assignment as set forth in the Lease Assumption Notice shall constitute a legal, valid, and effective transfer of such Lease and vest Michaels and/or an affiliate with all rights, titles, and interests to the applicable Lease(s), which assignment to Michaels or an affiliate shall be free and clear of all (i) all interests including, but not limited to, any liens, claims, rights, interests, charges, encumbrances or any interests related to reciprocal easement agreements and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Michaels or an affiliate, as the case may be, in the Lease (but only in connection with the assignment by the Debtor to Michaels or an affiliate) or (B) in respect of any taxes).

**VII.    Upon the Effective Date of the Assignment to Michaels**

14.    Except as otherwise expressly provided in the Designation Rights Agreement, all persons (and their respective successors and assigns) including the Debtors, the Debtors' estates, all debt security holders, equity security holders, governmental, tax and regulatory authorities,

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

governmental units, lenders, employees, former employees, trade creditors and any other creditors holding claims against the Debtors, the Leases, or the Debtors' businesses (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior, or subordinated), including any amounts, liabilities or claims that accrued but were not yet due, arising under or out of, in connection with, or in any way relating to the Debtors, the Leases, or the Debtors' businesses prior to the entry of this Order are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims against Michaels, its affiliates, successors or assigns, its property or the Leases, including taking any of the following actions with respect to or based on a claim: (a) commencing or continuing in any manner any action or other proceeding against Michaels, its affiliates, successors or assigns, assets, or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against Michaels, its affiliates, successors, or assigns, assets, or properties; (c) creating, perfecting, or enforcing any claims against Michaels, its successors or assigns, assets, or properties; (d) asserting a claim as a setoff, right of subrogation or recoupment of any kind against any obligation due Michaels or its successors, or assigns; or (e) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Order or the agreements or actions contemplated or taken in respect thereof. No such persons shall assert or pursue against Michaels or its affiliates, successors or assigns any such claim.

15.     To the extent that Michaels delivers a Lease Assumption Notice(s) to the Debtors, upon the effective date of the assumption and assignment of any Lease(s) identified in such Lease

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

Assumption Notice(s) by Michaels and/or an affiliate, Michaels and/or an affiliate, as applicable, shall be deemed to be substituted for the Debtors as a party to the assumed and assigned Leases and all documents related thereto and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the applicable assumption date.

16.     Each of the assumed and assigned Leases shall be deemed valid and binding, in good standing, in full force and effect in accordance with their terms, the Designation Rights Agreement and this Order, and Michaels and/or an affiliate, as applicable, shall be fully and irrevocably vested with all right, title, interest, and obligations of the Debtors as tenant under the assumed and assigned Leases.  Assumption of any Leases by the Debtors is contingent upon the concurrent assignment of such Leases to Michaels and/or an affiliate, as applicable.

17.     Upon the effective date of the assumption and assignment of any Lease(s) identified in such Lease Assumption Notice(s), each assumed and assigned Lease may be used by Michaels and/or an affiliate, as applicable throughout the entire term of such assumed and assigned Lease (including any extensions thereof) and any use provisions in each such Lease prohibiting Michaels and/or an affiliate from operating its business are not enforceable. Terms governing exclusive use and/or prohibited use at the premises at which the assumed and assigned Leases are located shall not block the assumption and assignment of any such Leases to Michaels and/or an affiliate, as applicable.

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

18.     Notwithstanding any term of the Lease(s) identified in a Lease Assumption Notice(s) to the contrary, any extension or renewal options or other rights contained in the assumed and assigned Leases that purport to be personal only to the Debtors or to a named entity in such Leases or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name, may be freely exercised to their full extent by Michaels and/or an affiliate, in accordance with the terms of such Leases. The Debtors have timely exercised any applicable extension or renewal options under the Lease that were required to have been exercised on or before the date of entry of this Order, and the Lease is in all respects in full force and effect. The Debtors have not previously rejected the Lease and the Debtors' period to assume or reject the Lease has not otherwise expired.

19.     Notwithstanding any provision of the Leases (including any reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")), including a covenant of continuous operation or a "go dark" provision, Michaels and/or an affiliate shall not be required to operate their respective businesses from the leased premises for a reasonable period of time after the Debtors have vacated the property unless agreed to with the applicable Lease Counterparty, and in no event shall they be required to operate sooner than the later of (a) 180 days after the later of such date the Debtors have vacated the property (subject to force majeure), and (b) such longer period as provided in the Lease or any other agreements, in order to perform alterations and remodeling which shall be done in a manner consistent with the terms of the Leases and to replace

(Page | 14)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

and modify existing signage to the extent necessary to operate at the premises under their applicable trade names consistent with their business operations. Notwithstanding anything to the contrary in the Leases (including any REA or Master Lease), to the extent the Lease Counterparty's consent is required for any such alteration or signage modification, the Lease Counterparty's consent thereto shall not be unreasonably withheld, conditioned, or delayed. Any provisions in the Lease that require reports related to annual gross sales shall not be required from Michaels and/or an affiliate until the Debtors surrender possession to Michaels and/or an affiliate and Michaels and/or an affiliate has operated its business on the premises for a reasonable amount of time. With respect to any provision of the Lease providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing Date occurs, Michaels shall only be responsible for the prorated portion of percentage rent attributable to the period after the Closing Date calculated on a per diem basis. To the extent the Lease Counterparty and Michaels enter into a side-letter agreement modifying the terms of this paragraph, the terms of such side-letter agreement shall govern to the extent of any inconsistency with this paragraph. To the extent the Lease Counterparty and Michaels did not enter into any side-letter agreement modifying the terms of this Order, this Order shall govern to the extent of any inconsistency provided in the Lease.

20.     The Lease Counterparties and Michaels shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of the Lease Counterparties or Michaels, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of

(Page | 15)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening and operating the premises associated with the Leases.

## VIII. Binding Effect of this Order

21.     Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, in the event that Michaels exercises the right to designate a Lease(s) for assumption and assignment to Michaels or an affiliate and Michaels delivers a Lease Assumption Notice to the Debtors, without further Court order, the Debtors are hereby authorized and directed to (a) sell and assume and assign to Michaels, in accordance with the terms of the Designation Rights Agreement, the Lease (as identified in the Designation Rights Agreement), free and clear of any and all licenses, tenants and/or subtenants, including the certain sublease between Bed Bath & Beyond Inc. and Buy Buy Baby Inc. dated January 1, 2017, license and concession agreements for all or any part of the Premises, and all liens, claims and encumbrances, with such license and concession agreements for all or any part of the Premises, and all liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto, and (b) execute and deliver to Michaels such documents or other instruments as Michaels deems necessary to assign and transfer the Lease to Michaels.  In such event, as of the effective date of the applicable assignment to Michaels, the assignment of the Lease by the Debtors to Michaels shall, without further court order, constitute a legal, valid, and effective transfer of such Lease notwithstanding

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

any requirement for approval or consent by any person and vests Michaels with all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims, and encumbrances pursuant to sections 363(f) and 365 of the Bankruptcy Code.

22.     The terms and provisions of the Designation Rights Agreement and this Order shall be binding in all respects upon the Debtors, their estates and their creditors, any affected third parties, all holders of equity interests in the Debtors, all holders of any claims, whether known or unknown, against the Debtors, any holders of claims against or on all or any portion of the Leases, including, but not limited to all contract counterparties, leaseholders, governmental units, and any trustees, examiners, administrators, responsible officers, estate representatives, or similar entities for the Debtors, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the debtors' chapter 11 cases, and each of their respective affiliates, successors and assigns. The Designation Rights Agreement and the Order shall inure to the benefit of the Debtors, their estates and creditors, Michaels, and their respective successors and assigns. The Designation Rights Agreement, the Lease Sale, and this Order shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors or any trustee, examiner or receiver.

23.     Michaels has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Lease.

(Page | 17)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

24.     There shall be no rent accelerations, assignment fees, increases or any other fees charged to Michaels or the Debtors as a result of the assumption and assignment of the Lease, as applicable.

25.     Any provisions in the Lease that prohibit or condition the assignment of such Lease or allow the Lease Counterparty of such Lease to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Michaels in connection with the assumption and assignment of the Lease. The Lease shall remain in full force and effect, without existing defaults, subject only to payment by of the appropriate Cure Amount, as set forth above, if any.

26.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.  The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Michaels shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded

(Page | 18)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

27.     To the extent any Lease contains use restrictions which would otherwise prohibit Michaels from operating at the applicable leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Michaels, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

### IX.     No Successor or Other Derivative Liability

28.     By virtue of the Lease Sale, Michaels and/or an affiliate, successors and assigns shall not be deemed or considered to, (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors, (b) have, de facto or otherwise, merged with or into any or all Debtors, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and Michaels and/or an affiliate has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates. Except as expressly set forth in the Designation Rights Agreement, Michaels and its affiliates, successors and assigns shall have no successor, transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, regulation or doctrine, whether known or

(Page | 19)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

unknown as of the closing date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the closing date, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the operation of the Leases, prior to the closing date or arising based on actions of the Debtors taken after the closing date.

## X.       Statutory Mootness

29.       The transactions contemplated by the Designation Rights Agreement are undertaken by Michaels without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein of the Lease Sale shall neither affect the validity of the Lease Sale nor the transfer of (i) the Designation Rights to Michaels, and (ii) Leases identified in a Lease Assumption Notice to Michaels and/or an affiliate, free and clear of claims, unless such authorization is duly stayed before the closing date pending such appeal.

30.       Michaels is a good faith purchaser and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code. The Debtors and Michaels will be acting in good faith if they proceed to consummate the Lease Sale at any time after entry of this Order.

## XI.       Conflicts; Precedence

(Page | 20)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

31.     In the event that there is a direct conflict between the terms of this Order, the Designation Rights Agreement, and any documents executed in connection therewith, the provisions contained in this (i) Order, (ii) the Designation Rights Agreement and (iii) any documents executed in connection therewith shall govern, in that order. Nothing contained in any chapter 11 plan hereinafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Designation Rights Agreement or the terms of this Order.

## XII.     Modification of Designation Rights Agreement

32.     The Designation Rights Agreement, and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed each party, and in accordance with the terms thereof, without further order of the Court; provided that any such modification, amendment or supplement does not materially affect the rights of the Lease Counterparty or materially change the terms of the Designation Rights Agreement or any related agreements, documents or other instruments.

## XIII.     Miscellaneous

33.     Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-

(Page | 21)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

34.     Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

35.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

36.     The Debtors and Michaels are authorized to take any and all actions reasonably necessary or appropriate to consummate the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.

37.     In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

(Page | 22)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS AND MICHAELS, (II) AUTHORIZING THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MICHAELS, AND (III) GRANTING RELATED RELIEF |

38. Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

39. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

40. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

41. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Designation Rights Agreement**

## ACQUISITION OF DESIGNATION RIGHTS AGREEMENT

This ACQUISITION OF DESIGNATION RIGHTS AGREEMENT (the "Agreement"), dated as of July 20, 2023, is by and between Bed Bath & Beyond, Inc. ("Seller") and Michaels Stores, Inc. ("Purchaser"). For the avoidance of doubt, in the event that the Purchaser exercises the right to designate a Lease(s) (as defined below) for assumption and assignment to the Purchaser itself or an affiliate and the Purchaser delivers a Lease Assumption Notice (as defined below) to the Seller, except as set forth herein, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Purchaser after consummation of the assignment of such contract by the Debtors to the Purchaser.

## RECITALS

WHEREAS, Seller, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Seller has agreed to (i) sell, convey, assign, transfer and deliver to Purchaser, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Designation Rights (as defined below herein) with respect to unexpired lease(s) listed on Schedule A attached hereto (the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises"), (ii) take the actions set forth herein to cause the rejection of the Lease(s) identified in the subject Lease Rejection Notice(s) (as defined below herein) following the date that Purchaser delivers a Lease Rejection Notice to the Seller, and (iii) assign and Purchaser and/or an affiliate has agreed to assume Lease(s) identified in the subject Lease Assumption Notice(s) (as defined below herein) as set forth herein, pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures"), as modified herein, subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the Premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1.      **Designation Rights**. On the terms and conditions set forth in this Agreement, Purchaser shall have the sole, exclusive, and continuing right to select, identify and designate (on one or more occasions) which of the Leases set forth on Schedule A hereto shall be either: (i) rejected or (ii) assumed and assigned in connection with an assumption and assignment, to Purchaser and/or an affiliate (all of which rights are referred to in this Agreement as the "Designation Rights"). The sale of the Designation Rights provided for in this Agreement shall not effect a conveyance of the Leases to Purchaser and/or an affiliate except for those Leases that Purchaser will specifically designate for itself and/or an affiliate in accordance with this Agreement.  Notwithstanding anything to the contrary herein, the Lease Sale Order[1] shall provide that effective upon receipt of a Lease Assumption Notice (defined herein) to the applicable Lease Counterparty under any Lease(s) identified in such Lease Assumption Notice from Seller, (a) Seller shall be authorized to transfer, convey, assign and set over to Purchaser and/or an affiliate, its successors and assigns, all of Seller's right, title, and interest in and to the Lease(s), and (b) Purchaser and/or an affiliate shall be authorized to assume and undertake to pay, perform, and discharge all of Seller's obligations and

---

[1]     To the extent that words and phrases are capitalized but undefined in this Agreement and have been defined in the *Lease Sale Procedures*, those definitions are incorporated herein by reference.

duties with respect to the Lease(s) as set forth herein.  For the avoidance of doubt, the Lease Sale Order shall approve (x) the Designation Rights and (y) any potential assumption and assignment of Lease(s) set forth on Schedule A to the Purchaser.

2.      **Designation Period**.  Purchaser's Designation Rights shall commence immediately after Court approval of the terms of this Agreement (the "Sale Closing Deadline") and expire thirty days (30) after the Court's entry of the Lease Sale Order (the "Designation Period"); *provided, however*, that the Designation Period may be extended upon mutual written agreement of Purchaser, the Seller, and a landlord or counterparty to the applicable Lease (each, a "Lease Counterparty").

(a)      ***Rejection of Leases***.  At any time during the Designation Period, Purchaser shall have the right, which right may be exercised at any time and from time to time, to provide written notice to the Seller (each such notice, a "Lease Rejection Notice") of Purchaser's election to require the Seller to reject the Lease(s) identified in the Lease Rejection Notice.  Following the date that Purchaser delivers a Lease Rejection Notice to the Seller, the Purchaser shall cause the rejection of the Lease(s) identified in the Lease Rejection Notice, pursuant to the *Procedures to Reject, Assume, or Assume and Assign* or the plan of reorganization in the Seller's Chapter 11 Cases.[2]  Purchaser shall not be responsible for any obligations and duties for a particular Lease that come due under the Lease after such Lease has been rejected pursuant to the terms of this Agreement.  For the avoidance of doubt, after the Purchaser provides a Lease Rejection Notice to the Seller, all of the Purchaser's obligations and duties with respect to the Lease(s) identified in the applicable Rejection Notice are discharged.

(b)      ***Assumption and Assignment of Leases***.  At any time during the Designation Period, Purchaser shall have the right, which right may be exercised at any time and from time to time, to provide written notice to the Seller (each such notice, a "Lease Assumption Notice") of Purchaser's election to assume the Lease(s) identified in the subject Lease Assumption Notice(s) and assign same to Purchaser and/or an affiliate, as set forth below or pursuant to the *Procedures to Reject, Assume, or Assume and Assign*, as applicable.

(i)      Assumption and Assignment to Purchaser or Affiliate.      At any time during the Designation Period, in the event that the Purchaser exercises the right to designate a Lease(s) for assumption and assignment to the Purchaser itself or an affiliate and the Purchaser delivers a Lease Assumption Notice to the Seller, without further Court order, on the effective date of assignment as set forth in the Lease Assumption Notice, (a) Seller shall be authorized to transfer, convey, assign and set over to Purchaser or an affiliate, as applicable, its successors and assigns, all of Seller's right, title, and interest in and to the Lease(s), and (b) Purchaser or an affiliate, as applicable, shall be authorized to assume and undertake to pay, perform, and discharge all of Seller's obligations and duties with respect to the Lease(s) as set forth herein.

3.      **Payment of Purchase Price**.  Purchaser shall, on or before the effective date of the assumption and assignment of the Lease(s) (the "Sale Closing"), deliver the purchase price for the Lease(s) in the amount of $100,000.00 (the "Purchase Price") minus the amount of the deposit (*i.e.*, $2,500.00) in immediately available funds wired to the account specified by Seller; *provided, however*, if the Court does not approve this Agreement, the Designation Rights, and/or the assumption and assignment of such Lease(s) set forth on Schedule 1 hereto to Purchaser in accordance with the terms of this Agreement, including with respect to Purchaser's rights to exercise any renewal options or extensions under the Lease(s), this Agreement shall terminate, Seller shall return the deposit to Purchaser, and Purchaser shall not be liable for

---

[2]      On May 17, 2023, the Court entered the *Order (i) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, and (ii) Granting Related Relief* (the "Procedures to Reject, Assume, or Assume and Assign") [Docket No. 382].

any other amounts, obligations, liabilities or duties under this Agreement or any of the Leases. The Parties acknowledge that if the assignment and assumption of the Lease(s) identified in the subject Lease Assumption Notice(s) (the "Closing") does not occur before thirty days (30) after the Court's entry of the Lease Sale Order, or such other date as set forth in the subject Lease Assumption Notice(s), the Lease(s) may thereafter be rejected in the Chapter 11 Cases.

(a)     Removal of Leases From the Lease Sale Process.  To the extent that any of the Leases listed on **Schedule A** attached hereto are not included in the Auction or are no longer subject to the sale process under the Lease Sale Procedures, the Seller shall return the applicable portion of Purchaser's Deposit to Purchaser the later of (i) three business days after removing any such Lease from the sale process under the Lease Sale Procedures and (ii) three business days after the Auction.

(b)     Toggle to Second Choice Lease.  For the (i) Summerlin and (ii) Dayton locations, there are two Leases available for assumption and assignment to a potential assignee.  With respect to the Summerlin location, in the event that Purchaser is not the Successful Bidder at the Auction for Lease Store ID 3112 (first choice lease), Purchaser will bid on Lease Store ID 503 (second choice lease).  With respect to the Dayton location, in the event that Purchaser is not the Successful Bidder at the Auction for Lease Store ID 3116 (first choice lease), Purchaser will bid on Lease Store ID 462 (second choice lease).  In each case, if Purchaser is the Successful Bidder on its first choice lease, Purchaser will not participate in the Auction with respect to its second choice Lease.  Purchaser will submit a single deposit with respect to each location and if such deposit is greater than was necessary for the Lease that is purchased, the overage or excess shall be applied to reduce the remaining Purchase Price due at Closing for the other applicable Leases where the Purchaser is the Successful Bidder.

4.     **Obligations under the Leases During the Designation Period**.  During the Designation Period, with respect to each individual Lease, Purchaser shall assume all obligations under the Lease, including rent, real estate taxes, insurance, common area charges, maintenance and any other obligations owed by Seller to each Lease Counterparty under a particular Lease for the period commencing on and after the Sale Closing Deadline; *provided, however,* that Purchaser shall not be responsible for (i) any obligations already satisfied by the Seller, (ii) any obligations that accrued prior to the Sale Closing Deadline but had not yet come due, (iii) any obligations for a particular Lease that come due under the Lease after such Lease has been rejected pursuant to the terms of this Agreement, and (iv) any obligations covered by insurance actually carried by the Seller.

5.     **Assumption of Assigned Liabilities**.  In addition to assuming all obligations that become due and are required to be paid during the Designation Period with respect to the Lease(s), as limited by paragraph 4 above, to the extent that Purchaser delivers a Lease Assumption Notice(s) to the Seller, upon the effective date of the assumption and assignment of any Lease(s) identified in such Lease Assumption Notice(s) by Purchaser and/or an affiliate, Purchaser shall assume (i) all obligations under such Lease(s) that both become due and accrue after the Sale Closing with respect to the Lease(s) and (ii) cure all outstanding liabilities that were (x) due and/or (y) accrued but not yet due prior to the Sale Closing under the applicable Lease(s) with respect to the Lease(s), which cure amounts, if any, are solely limited to the amounts listed for each applicable Lease set forth on Schedule A hereto (the "Cure Costs"). Notwithstanding anything herein or in any other agreement to the contrary, any applicable Cure Costs for the Lease(s), including any amounts that had accrued but had not yet come due, if any, are solely set forth on Schedule A hereto, provided that any objection or dispute with respect to the Cure Costs shall be resolved in accordance with the Lease Sale Procedures.  The Lease Sale Order shall provide that upon satisfaction of the Cure Costs, each Lease Counterparty shall be barred from asserting any additional amount other than the Cure Costs set forth on Schedule A hereto, including any other amounts, liabilities or claims with respect to its Lease(s) that arose, accrued, or came due on or before entry of the Lease Sale Order.  In the event the final Cure Costs include obligations and duties not identified on Schedule A hereto or in excess of the

amounts listed on Schedule A hereto, absent written consent from Purchaser to assume and pay such additional and/or increased Cure Costs, the Purchaser may terminate this Agreement if Purchaser is otherwise the successful bidder and the Seller shall return the Purchaser's deposit to the Purchaser within a reasonable amount of time.

6.      **No Further Liability of Seller**.  From and after the Sale Closing, except as provided herein, Seller shall have no further obligations and duties with respect to the Lease(s).

7.      **Further Assurances**.  At any time and from time to time after the date hereof, at the request of Purchaser, and without further consideration, Seller shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Purchaser may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Purchaser the Seller's rights to the Lease(s).

8.      **"As Is Where Is" Transaction**.  Purchaser hereby acknowledges and agrees that Seller makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s).  Without limiting the foregoing, Seller hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Lease(s).  Purchaser further acknowledges that the Purchaser has conducted an independent inspection and investigation of the physical condition of the Lease(s) and all such other matters relating to or affecting the Lease(s) as Purchaser deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Purchaser is doing so based upon such independent inspections and investigations.  Accordingly, Purchaser will accept the Lease(s) "AS IS" and "WHERE IS."

9.      **No Holdover**.  Seller shall fully vacate the Lease(s) identified in Schedule A hereto no later than five (5) days prior to the Sale Closing.  In the event Seller fails to fully vacate such Lease(s) as provided herein, Purchaser shall have no obligation to the Seller during the Designation Period, including the obligation to pay any rent, additional rent, or percentage rent, unless and until Seller complies with this Agreement. If the Seller has not vacated the Premises related to any Designated Lease during the required time, the Seller shall be solely responsible for any and all obligations related to the applicable Lease(s), including payment of any amounts due thereunder until the Lease(s) are assumed and assigned to Purchaser or rejected in accordance with this Agreement.

10.     **Lease Sale Order**.  A condition precedent to any obligations of the Parties under this Agreement shall be entry by the Court of the Lease Sale Order approving this Agreement in form and substance acceptable to the Purchaser and Seller in all respects.  To the extent that (i) a Lease Counterparty informally objects or files an objection to this Agreement or the proposed Lease Sale Order and such objection can not be resolved prior to the Lease Sale Hearing and the Purchaser determines it does not want to proceed or (ii) such Lease Sale Order is not approved by the Court, the Purchaser shall not have any obligations under this Agreement or under the Leases set forth on Schedule A and the entire Purchase Price shall be returned to Purchaser, including any deposit, within five (5) business days of either event set forth in (i) and (ii) or any other event that makes the entry of such Lease Sale Order impossible.

11.     **Customary Modifications to Lease(s).**  Notwithstanding anything to the contrary herein, if certain customary modifications to the Lease(s) (which may include one or a combination of the Lease(s) set forth on Schedule A hereto) in connection with the occupancy and operation of Purchaser at the applicable Premises are not approved by the applicable Lease Counterparty and/or set forth in the Lease Sale Order authorizing any assignment of such Lease(s) to Purchaser, including modifications with respect to, among other provisions, requirements in connection with use, continuous operations, increased deposit, rent or other obligations related to assignment, signage for, improvements to, and buildout of the Premises, unless waived in writing by Purchaser in its sole discretion, this Agreement shall terminate, Seller shall

return the deposit to Purchaser, and Purchaser shall not be liable for any amounts, obligations, liabilities or duties under this Agreement or any of the Lease(s).

12.     **Compliance With Law**.  Purchaser hereby agrees to comply with all applicable laws. Purchaser agrees to indemnify and hold Seller harmless for any violation or alleged violation of this section.

13.     **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

14.     **Jurisdiction.**  The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

15.     **No Reliance**.  Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

16.     **Construction.**  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other.  The execution and delivery of this Agreement is the free and voluntary act of the Parties.

17.     **Execution in Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**SELLER:**
**BED BATH & BEYOND, INC.**

By_____
Name_____
Its_____

**PURCHASER:**
**MICHAELS STORES, INC.**

By_____
Name__Todd Powers_____
Its_____SVP – Real Estate and Development

**Schedule A**

**Description of Lease Asset(s) and Cure Amount[3]**

| LEASES |
|---|
| 1. **Lease #:**          Store #1067; Store ID: 3118 |
| <u>Name, State, and Zip</u>:   Chula Vista, CA 91915 |
| <u>Banner Name</u>:       BuyBuy Baby |
| <u>Cure Amount</u>:       $0.00 |
| <u>Purchase Price (including Cure Amount)</u>: $100,000.00 |
| <u>Lease To Be Assumed and Assigned</u>:  Lease Agreement Between SDI Millenia LLC and Bed Bath & Beyond Inc. dated as of December 30, 2016, including all amendments, modifications, ancillary and related documents or agreements thereto |

---

[3]    On June 22, 2023, Michaels delivered to the Debtors a deposit in the amount of $40,604.28 (a prorated amount of which related to this lease).

**Exhibit 2**

**Description of Lease(s) and Cure Amount[1]**

| LEASES |
|---|
| 1. **Lease #:**　　　　　Store #1067; Store ID: 3118 |
| Name, State, and Zip:　　Chula Vista, CA 91915 |
| Banner Name:　　　　　BuyBuy Baby |
| Cure Amount:　　　　　$0.00 |
| Purchase Price (including Cure Amount):  $100,000.00 |
| Lease To Be Assumed and Assigned:  Lease Agreement Between SDI Millenia LLC and Bed Bath & Beyond Inc. dated as of December 30, 2016, including all amendments, modifications, ancillary and related documents or agreements thereto |

---

[1]　On June 22, 2023, Michaels delivered to the Debtors a deposit in the amount of $40,604.28 (a prorated amount of which related to this lease).