Lauren R. Jacoby NJ Bar #03406 2009
Hooten & Jacoby LLP
17 Snyder Avenue
Toms River, NJ  08753
Telephone: (848) 223-7362
Facsimile: (848) 223-7391
Email: lrjacoby@jacobylawonline.com

Attorneys for Kelly Burt-Deasy

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., et al. | Case No.   23-13359 (VFP) |
| Debtor. | (Joint Administration Requested) |
| | Hearing Date: August 15, 2023 at 2:30 p.m. |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND**
**MEMORANDUM OF LAW IN SUPPORT**

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

Creditor Kelly Burt-Deasy ("Creditor" or "Movant") respectfully states the following in support of this motion (the "Motion"):

**REQUEST FOR RELIEF**

1.   Movant seeks an order, substantially in the form attached hereto, by and through its undersigned counsel, pursuant to Section 362(d)(1) Title 11, United States Code ("Bankruptcy Code") and Rule 4001 of the Rules of Bankruptcy Procedure, modifying the automatic stay to allow certain claims to proceed against the Debtor, Bed Bath & Beyond Inc. ("Debtor"),  in a

California Superior Court proceeding to the point of judgment and allocation of liability only with any recovery against Debtor in such proceeding limited solely to the Debtor's applicable insurance proceeds which are payable by third parties and waiving any stay pursuant to Fed. R. Bankr. P. 4001(a)(3) (the "Motion"), and respectfully states as follows:

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are §§ 105(a), 362(d)(1) of title 11 of the United States Code, rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 4001-1, and 9013-1-4 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## BACKGROUND

5. At the time of the filing of the petition, Movant had an action pending in the Superior Court, State of California, County of Alameda against debtor and six non-debtor co-defendants[1] entitled *Kelly Burt-Deasy v. Cost Plus, Inc. a.k.a Cost Plus, a California corporation, et al.*, Case No. RG20078793 ("State Court Action").  Attached to Certification of Robert S. Jaret, Esq. in Support of Motion for Relief From Stay as Exhibit "A" is the First Amended Complaint for Damages which alleges six claims for relief for Discrimination Based

---

[1] i.e., Cost Plus, Inc. a.k.a. Cost Plus, a California corporation; Cost Plus Management Services, Inc., a California corporation, Jonathan Schwefel a.k.a. Jack Schwefel; Cost Plus World Market, LLC, a California limited liability company; World Market, LLC, , a California limited liability company; and World Market Management Services, LLC, a California limited liability company.

on Age, Sex/Gender, Disability, and Race in Violation of FEHA (Govt. Code §112900, et seq.); Harassment Based on Age, Sex/Gender, Disability, and Race in Violation of FEHA (Govt. Code § 12900, et seq.); Retaliation in Violation of FEHA (Govt. Code § 12900, et seq.); Failure to Take Reasonable Steps to Prevent Discrimination From Occurring in Violation of FEHA (Govt. Code § 12900, et seq.); Wrongful Termination in Violation of Public Policy; and Declaratory Relief.

6. Movant seeks damages in the amount of $1,835,781.36, including $500,000 for emotional distress and pain and suffering. Attached as Exhibit "B" to Certification of Robert S. Jaret, Esq. is Plaintiff's Statement of Damages. Movant timely filed a proof of claim in this case, which is attached as Exhibit "C."

7. Movant understands that the debtor is insured by a policy of insurance held by Zurich American Insurance Company, bearing policy number of DOC 0258449-03. An excerpt from the policy is attached as Exhibit "D" to the Certification of Robert S. Jaret, Esq. Debtor's state court counsel has represented that the policy covers the claims made with respect to Jack Schwefel, however, there may be coverage for the entire claim. In any event, Movant seeks modification of the stay to continue the State Court Action as to the Debtor to the extent of insurance coverage.

8. Prior to the filing of the petition, the State Court Action was ready for trial and a trial date of August 28, 2023 had been set. However, due to the filing of the bankruptcy petition, the judge in the State Court Action has stayed the entire action, including as to the six non-debtor defendants. Therefore, relief from stay is needed in order for Movant to continue to prosecute her claims in the State Court Action. See Certification of Robert S. Jaret, Esq.

## **GROUNDS FOR RELIEF**

11 U.S.C. § 362(d) provides the following, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

>(1) for cause, including the lack of adequate protection of an interest in property of such party in interest …

"Initially, on a motion to lift or modify the automatic stay, the burden of proof is a shifting one. That is, section 362(d)(1) requires an initial showing of 'cause' by the movant, while section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property.'" *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999), citing *In re Holly's. Inc.*, 140 B.R. 643 (Bankr.W.D.Mich.1992).

"Cause" is a "broad and flexible concept." *In re Mid Atlantic Handling Systems. LLC*. 304 B.R. 111, 130 (Bankr. D.N.J. 2003). The court must determine whether cause exists based on a totality of the circumstances present in each particular case. See e.g. *In re Mid-Atlantic*. 304 B.R. at 130. Thus, while the lack of adequate protection is a common basis for granting stay relief, other bases can constitute cause as well. *Id*., at 130.

>"In determining whether to grant relief from the automatic stay so as to permit a party in interest to continue prosecuting a matter in another forum, courts will often rely upon the following factors: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the harms. *In re Ice Cream*

*Liquidation, Inc.*, 281 B.R. 154, 165 (Bankr.D.Conn.2002); *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984) (utilizing same factors).12 All twelve factors are not necessarily present in a particular case, and a court need not rely on any plurality of factors in deciding whether to lift the automatic stay. *In re Ice Cream Liquidation, Inc.*, 281 B.R. at 165." *In re Mid-Atlantic*, 304 B.R. at 130.

In this case, factors one, two, six, seven, ten, eleven and twelve predominate and all weigh in favor of granting stay relief. As to factor one, permitting the litigation to proceed would result in a complete resolution of Movant's claims in the State Court Action. Regarding, factor two, allowing the litigation to proceed would have no interference with the bankruptcy case. As to factor six, the State Court Action primarily involves third parties, i.e. six non-debtor defendants. As to factor seven, since the bankruptcy case is a liquidation case and not a reorganization case, litigating the State Court Action would not prejudice the interests of other creditors. Regarding factor ten, allowing the State Court Case to proceed would be in the interest of judicial economy. As to factor eleven, the parties are ready for trial and trial, in fact, had been scheduled for August 28, 2023. Regarding factor twelve, because the state court judge has stayed the entire action, Movant cannot proceed to trial on her claims. At the same time, debtor will not be reorganizing as a going concern, so allowing the State Court Action to proceed will not interfere with any reorganization efforts. Therefore, the balance of harms affects Movant to a much greater extend than the debtor.

Concerning factor five, it is unclear regarding the extent of the insurance coverage beyond covering the claims regarding the actions of Jack Schwefel. Movant does not have information regarding whether the insurance company has assumed full responsibility for defending. Presumably debtor and its state court counsel have that information.

Finally, it is well-settled that absent a showing of great prejudice, tort claimants may obtain relief from the stay during bankruptcy proceedings. See e.g. *Green v. Welsh*, 956 F.2d 30,

34 (2d Cir. 1992). Here, there is no prejudice or harm to debtor as Movant seeks to proceed against available insurance. Rather, Movant will be prejudiced if her request for stay relief is denied, as her claims will remain pending and uncertain for an indefinite period of time.

## WAIVER OF MEMORANDUM OF LAW

Movant respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

## CONCLUSION

Accordingly, for all of the foregoing reasons, Movant respectfully requests that this Court enter an order modifying the automatic stay to continue litigation of her claims in the State Court Action as set-forth in the attached form of Order.

Respectfully submitted,

By:    */s/ Lauren R. Jacoby*
Lauren R. Jacoby NJ Bar #03406 2009
Hooten & Jacoby LLP
17 Snyder Avenue
Toms River, NJ  08753
Telephone: (848) 223-7362
Facsimile: (848) 223-7391
Email: lrjacoby@jacobylawonline.com
Attorneys for Kelly Burt-Deasy