**EXHIBIT A**

Electronically Received 05/25/2022 03:52 PM

Electronically Received 05/25/2022 03:52 PM

PHILLIP A. JARET, ESQ. [SBN 092212]
ROBERT S. JARET, ESQ. [SBN 124876]
JARET & JARET
1016 Lincoln Avenue
San Rafael, California 94901
Telephone: (415) 455-1010
Facsimile: (415) 455-1050

Attorneys for Plaintiff KELLY BURT-DEASY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

CIVIL UNLIMITED JURISDICTION

| | |
|---|---|
| KELLY BURT-DEASY, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>COST PLUS, INC. a.k.a. COST PLUS, a California corporation; COST PLUS MANAGEMENT SERVICES, INC., a California corporation; JONATHAN SCHWEFEL aka JACK SCHWEFEL, an individual; BED BATH & BEYOND, INC., a corporation; COST PLUS WORLD MARKET, LLC, a limited liability company; WORLD MARKET, LLC, a California limited liability company; WORLD MARKET MANAGEMENT SERVICES, LLC, a California limited liability company; and DOES 5 through 50, inclusive,<br><br>        Defendants. | No. RG20078793<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>**1)**   **Discrimination Based on Age, Sex/Gender, Disability, and Race in Violation of FEHA (Govt. Code §12900, et seq.)**<br><br>**2)**   **Harassment Based on Age, Sex/Gender, Disability, and Race in Violation of FEHA (Govt. Code § 12900, et seq.)**<br><br>**3)**   **Retaliation in Violation of FEHA (Govt. Code § 12900, et seq.)**<br><br>**4)**   **Failure to Take Reasonable Steps to Prevent Discrimination From Occurring in Violation of FEHA (Govt. Code § 12900, et seq.)**<br><br>**5)**   **Wrongful Termination in Violation of Public Policy**<br><br>**6)**   **Declaratory Relief**<br><br>**JURY TRIAL DEMANDED** |

# EXHIBIT "A"

COMES NOW, Plaintiff KELLY-BURT DEASY, an individual, and alleges as follows:

## PARTIES

1.    Plaintiff KELLY BURT-DEASY (hereinafter "Plaintiff" or "BURT-DEASY"), an individual, is an adult natural person.

2.    Defendant COST PLUS, INC. a.k.a. COST PLUS (hereinafter "Defendant" or "COST PLUS, INC.") is a California corporation with its principal place of business in the City and County of Alameda, and was the employer of Plaintiff.

3.    Defendant COST PLUS MANAGEMENT SERVICES, INC. (hereinafter "Defendant" or "COST PLUS MANAGEMENT") is a California corporation with its principal place of business in the City of Oakland, County of Alameda, and was the employer of Plaintiff.

4.    Defendant JONATHAN SCHWEFEL aka JACK SCHWEFEL (hereinafter "Defendant" or "SCHWEFEL") is an individual and CEO of Defendant COST PLUS, INC.

5.    Defendants COST PLUS, INC. a.k.a. COST PLUS and COST PLUS MANAGEMENT SERVICES, INC. were the "Employer Defendants."

6.    Defendant BED BATH & BEYOND INC. was interrelated with Defendants COST PLUS, INC. and COST PLUS MANAGEMENT SERVICES, INC. and was an integrated enterprise and employer or joint employer of Plaintiff.

7.    Defendant COST PLUS WORLD MARKET, LLC, purchased COST PLUS, INC. and COST PLUS MANAGEMENT SERVICES, INC. subsequent to Plaintiff's termination of employment and is liable for the damages complained of in this Complaint.

8.    Defendant COST PLUS, INC. converted its name and business entity status to Defendant WORLD MARKET, LLC on September 1, 2021.

9.    Defendant COST PLUS MANAGEMENT SERVICES, INC. converted name and business entity status to Defendant WORLD MARKET MANAGEMENT SERVICES, LLC on September 1, 2021.

10.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 5 through 50, inclusive, are unknown to Plaintiff, who therefore sues and Defendants by such fictitious names. Plaintiff is informed and believes and thereon

alleges that each of the Defendants designated herein as a fictitiously named Defendant is in some manner responsible for the events and happenings herein referred to, either contractually or tortiously, and caused the damage to Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of DOES 5 through 50, inclusive, it will ask leave of this Court to amend its Complaint by setting forth the same.

11.    At all times mentioned in this Complaint, Defendants were the agents and employees of the other Defendants and were acting in the course and scope of such agency and employment.

**JURISDICTION & VENUE**

12.    Venue is proper because Defendants were doing business in and liability arose in Alameda County.

13.    Subject matter in this action is properly heard in this Court as the action incorporates an amount in controversy as set forth in this Complaint which exceeds $25,000.

14.    At all times mentioned herein, California Government Code §12900, et seq. was in full force and effect, and were binding upon Defendants.

15.    Defendants are employers subject to suit under the California Fair Employment and Housing Act (FEHA) in that Defendants are business organizations with five (5) or more employees doing business in the state of California.

16.    Within the time provided by law, the Plaintiff filed verified charges of Discrimination with the California Department of Fair Employment and Housing ("DFEH") and against the named Defendants on or about February 5, 2019 and May 21, 2019, and amended on August 19, 2020; January 29, 2021; July 13, 2021; July 17, 2021; and November 22, 2021. The Plaintiff has received her Right to Sue Notices from the DFEH on or about May 20, 2020, August 19, 2020, July 13, 2021 (BED BATH & BEYOND INC.); July 27, 2021 (COST PLUS WORLD MARKET, LLC); and November 22, 2021 (WORLD MARKET, LLC and WORLD MARKET SERVICES, LLC), and now timely files this action. Plaintiff has properly exhausted her administrative remedies.

///

## **GENERAL ALLEGATIONS**

17.    Plaintiff is female, Caucasian and was 56 years of age at the time of her termination of employment. The Plaintiff also suffers from recognized disabilities known to Defendants.

18.    Plaintiff alleges that after 11 years of dedicated service, including being elevated from Trend Manager in 2008 to Director of Design and Trend, without any substantive performance deficiencies, Plaintiff was abruptly terminated effective January 21, 2019.

19.    The Plaintiff's role as the Director of Trend and Design included collecting home interiors market information through attending trade shows, along with market presentations and everyday research from publications, and to present it to the Company 4 times a year. This would include presenting color palettes and pattern artwork created for the merchants to use in product development. In addition to art and color, trend themes and market direction was presented to Company so that all cross functional teams would know the direction the brand (and overall store) were going.  With knowledge of product development practices throughout Southeast Asia, the Plaintiff would share presentations with manufacturing partners to assist in getting products made to follow the trend direction. Weekly, the Plaintiff and her team would hold an all day meeting to meet with the merchant teams to review progress of products in development, and to share any new or additional market research found throughout the year.

20.    Plaintiff was initially informed by Defendant SCHWEFEL, CEO, that her department was being eliminated and there was no work remaining, so she was subjected to a layoff. The statement was false as the work remained in her department and was not eliminated. The discharge paperwork that confirmed a change in status did not indicate layoff, position elimination, or any other reason. Further, Plaintiff's much younger assistant in her 30s retained her position and is still doing the same work, as well as the Plaintiff's work. Further, the Plaintiff's "title" was given to another employee. This subterfuge is evidence of age discrimination.

21.    The Plaintiff is pursuing discrimination claims on both theories of disparate impact and disparate treatment.

///

22.    When the Plaintiff was initially notified by the CEO that she was being terminated, he said that her job was being eliminated and she was no longer needed. She was also told that the department she was working in, along with her title of Director of Trend and Design, was also being eliminated. Later, HR falsely stated that the Plaintiff had performance issues and that was the reason for the termination.

23.    Defendant SCHWEFEL has been observed to act in a hostile manner including yelling and acting abusively. In October 2018 while Plaintiff was in front of a large group of people giving a presentation, Defendant SCHWEFEL, who was sitting in the front row mocking the Plaintiff. Defendant SCHWEFEL was making faces, shaking his head in a negative fashion which was suggesting that the Plaintiff was wrong and he was disagreeing with what she was saying. The Plaintiff was horrified by his conduct. This was rude, humiliating, harassing, and an indicator of his discriminatory feelings towards the Plaintiff. This conduct was witnessed and commented on by multiple employees. On another occasion, Defendant SCHWEFEL remarked loudly that he knew a young girl in Los Angeles who would be a good fit to take the Plaintiff's position. These and other actions on the part of Defendant SCHWEFEL provide direct evidence that the Plaintiff's age and gender were substantial motivating factors for the wrongful termination.

24.    The Plaintiff was provided with an unsolicited Separation and General Release Agreement which is evidence of discrimination. The Plaintiff's former supervisor, female and over the age of 40 was also terminated by Defendant SCHWEFEL.

25.    The Plaintiff has numerous witnesses who will confirm her excellent work performance, including her former supervisor.

26.    The Plaintiff's title was given to a younger employee, Terri Daniels, African-American, who had no experience and would not be qualified to perform those functions. The Plaintiff's former assistant, Emily Livadary, who is paid significantly less and who is in her 30s, has been performing the Plaintiff's work.

27.    The Plaintiff's job function was not eliminated, and the work was merely spread out amongst other employees.

28.   "An employer's freedom to consolidate or reduce its work force, and to eliminate positions in the process, does not mean it may use the occasion as a convenient opportunity to get rid of its [protected] workers.  Invocation of a right to downsize does not resolve whether the employer had a discriminatory motive for cutting back its work force or engaged in intentional discrimination when deciding which individual workers to retain and release.  Where these are issues, the employer's explanation must address them." (*Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 358 (2000), *emphasis added*; see also *Kelly v. Stamps.com, Inc.* (2006) 135 Cal.App.4th 1088.)

29.   Plaintiff was later told when she met with the Human Resources Department that the termination was related to performance as opposed to a reduction in workforce. The examples given were false and kept changing. In addition, the Plaintiff did not receive regular formal written performance evaluations. Her work was exemplary. She also received annual pay increases. The only write-up she received related to allowing a freelancer to work on her computer in March 2018. However, this warning did not result in the termination. Moreover, the reason that the freelancer was working on the computer was that the Plaintiff was not provided with adequate support. The same freelancer became a temporary employee and still has access to the computer so obviously, the issue was not significant and did not result in the separation of employment.

30.   The fact that different excuses were given to the Plaintiff for the termination is evidence of "pretext", or a phony excuse for the real reason, age and gender discrimination. The Plaintiff's disability, perceived disability, and race were also substantial motivating factors for unlawful termination. Employers desire to hire younger workers with fewer medical needs who can be paid less. As set forth in California Government Code §12941, "Age discrimination", the use of salary as a method of differentiating between employees may be found to constitute age discrimination if the use of that criterion adversely impacts older workers as a group.

31.   When the employer provides a phony excuse for the termination, there is a reasonable inference of unlawful discrimination.

///

32.    "An inference of dissembling" may arise where the employer "has given shifting, contradictory, implausible, uninformed or factually baseless justifications for its actions." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 363.)

33.    When there are weaknesses, implausibilities, inconsistencies, and contradictions in an employer's reasons for discharge, a reasonable fact-finder could rationally find an employer's stated reason unworthy of credence and infer discriminatory intent. (*Hersant v. Calif. Dept. of Soc. Services* (1997) 57 Cal.App.4th 997, 1004-1005.)

34.    The abrupt termination also violates internal policies contained in the Associate Handbook. For example, in the section entitled Performance Feedback, it states that a worker's performance will be reviewed at least annually. This is important to assess performance, ensure an understanding of job requirements, clarify expectations, and establish goals for future performance. This did not occur and is evidence of pretext.

35.    Also, in the section of the Associate Handbook entitled Disciplinary Action, Associates whose conduct or performance falls below expectations may be disciplined. This includes receiving a verbal warning, written warning, final warning, or suspension, before being terminated. This did not occur and is additional evidence of pretext.

36.    Evidence that the employer failed to follow its policy is evidence of discriminatory intent. "[E]vidence showing...that the employer significantly deviated from its ordinary personnel procedures in the aggrieved employee's case, might well be relevant to support... an inference of retaliation." (*Kotla v. Regents of the University of California* (2004) 115 Cal.App.4th 283, 294 fn. 6.)

37.    Pretext is shown when the employer claims poor performance, but the Plaintiff was given merit-based raises. (*Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 761 (8th Cir. 2004); See also *Primmer v. CBS Studios, Inc.*, 667 F.Supp.2d 248, 261 (S.D.N.Y. 2009).) In this case, the Plaintiff received a promotion and merit-based raises which is inconsistent with a claim of termination based on poor performance.

///

///

38.    Plaintiff alleges her employer had an animus against the Plaintiff due to her age, and that gender, disability, perceived disability, and race were also substantial motivating factors for her termination.

## FIRST CAUSE OF ACTION

**Discrimination Based on Age, Sex/Gender, Disability, and Race**

**in Violation of FEHA (Govt. Code §12900, et seq.)**

**Against the Employer Defendants**

39.    By this reference, the Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

40.    Pursuant to California Government Code § 12900 et seq., the Plaintiff had a legal right to be free from discrimination.

41.    Plaintiff is informed and believes and thereon alleges that she was discriminated against under the terms and conditions of her employment, as outlined above, based on her age, sex/gender, disability, perceived disability, and race. That is, during the course of her employment, Plaintiff, as alleged above, was subjected to unlawful and discriminatory employment practices.

42.    Plaintiff is informed and believes and thereon alleges that Defendants and/or DOES 5-50, and each of them, willfully and/or with reckless indifference violated California Government Code Sections 12900, et seq., by discriminating against Plaintiff, as outlined above. Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

43.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

44.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

///

45.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or DOES 5-25, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or DOES 5-25 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

46.    In addition, Defendants acted despicably, willfully, knowingly, intentionally, maliciously, oppressively, or with conscious or wanton or reckless disregard for the rights of Plaintiff, who is therefore entitled to an award of punitive damages against Defendants for the improper conduct, as well as all appropriate exemplary damages pursuant to Civil Code § 3294.

47.    Plaintiff is informed and believes and thereon alleges that the Defendants had advance knowledge of the unfitness of their employees who acted on their behalf in committing the wrongs alleged herein, and employed them with a conscious disregard of the rights or safety of others, including Plaintiff, and also authorized or ratified the wrongful conduct for which the damages are sought, as well as being personally guilty of oppression, fraud or malice. Said advance knowledge is alleged to be on the part of an officer, director, or managing agent of Defendants. Further, the acts were committed with the knowledge of the Defendants and/or DOES 5-25 and were allowed to proceed by officers, directors, and/or managing agents of the Defendants and/or DOES 5-25.

48.    As a result of the conduct of Defendants and/or Does 5-50, and each of them, Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**

**Harassment Based on Age, Sex/Gender, Disability, and Race in Violation of FEHA**

**(Govt. Code § 12900, et seq.)**

**Against All Defendants**

49.    By this reference, the Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

///

50.    Pursuant to California Government Code, § 12900 et seq., Plaintiff had a legal right to be free from harassment based on her age, sex/gender, disability, perceived disability, and race .

51.    Plaintiff is informed and believes and thereon alleges that she was the subject of harassment as outlined above. That is, during the course of her employment, Plaintiff was subjected to unlawful and unwelcome harassment and related discriminatory employment practices. She was similarly discriminated against by the creation of a hostile work environment, as set forth herein, in violation of the FEHA.

52.    Plaintiff is informed and believes and thereon alleges that Defendants and/or DOES 5-50, and each of them, willfully and/or with reckless indifference violated California Government Code §§ 12900, et seq., by harassing and discriminating against Plaintiff, as outlined above, as a result of her disability and perceived disability, age, color, and race.. Such harassment has resulted in damage and injury to Plaintiff as alleged herein.

53.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

54.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

55.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or DOES 5-25, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or DOES 5-25 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

56.    In addition, Defendants acted despicably, willfully, knowingly, intentionally, maliciously, oppressively, or with conscious or wanton or reckless disregard for the rights of

///

1   Plaintiff, who is therefore entitled to an award of punitive damages against Defendants for their

2   improper conduct, as well as all appropriate exemplary damages pursuant to Civil Code § 3294.

3         57.    Plaintiff is informed and believes and thereon alleges that Defendants had advance

4   knowledge of the unfitness of their employees who acted on their behalf in committing the

5   wrongs alleged herein, and employed them with a conscious disregard of the rights or safety of

6   others including Plaintiff, and also authorized or ratified the wrongful conduct for which the

7   damages are sought, as well as being personally guilty of oppression, fraud or malice. Said

8   advance knowledge is alleged to be on the part of an officer, director, or managing agent of the

9   corporate Defendants. Further the acts were committed with the knowledge of Defendants

10  and/or DOES 5-25 and were allowed to proceed by officers, directors, and/or managing agents

11  of Defendants and/or DOES 5-25.

12        58.    As a result of the conduct of Defendants and/or Does 5-50, and each of them,

13  Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an

14  amount according to proof at trial.

15        WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

16                                **THIRD CAUSE OF ACTION**

17              **Retaliation in Violation of FEHA (Govt. Code § 12900, et seq.)**

18                            **Against the Employer Defendants**

19        59.    By this reference, the Plaintiff hereby incorporates each and every paragraph set

20  forth in this pleading.

21        60.    As alleged above, Defendants have retaliated against Plaintiff based on her

22  complaints and reports of discrimination and requesting reasonable accommodations.

23        61.    Pursuant to the California Government Code, § 12900 et seq., Plaintiff had a legal

24  right to be free from discrimination.

25        62.    As a result of Plaintiff's protesting discrimination and requesting reasonable

26  accommodations. Plaintiff has been subjected to unlawful retaliation in violation of California

27  Government Code §12940.

28  ///

63.   As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

64.   As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

65.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or DOES 5-25, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or DOES 5-25 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

66.   In addition, Defendants acted despicably, willfully, knowingly, intentionally, maliciously, oppressively, or with conscious or wanton or reckless disregard for the rights of Plaintiff, who is therefore entitled to an award of punitive damages against Defendants for the improper conduct, as well as all appropriate exemplary damages pursuant to Civil Code § 3294. Plaintiff is informed and believes and thereon alleges that the Defendants had advance knowledge of the unfitness of their employees who acted on their behalf in committing the wrongs alleged herein, and employed them with a conscious disregard of the rights or safety of others including Plaintiff, and also authorized or ratified the wrongful conduct for which the damages are sought, as well as being personally guilty of oppression, fraud or malice. Said advance knowledge is alleged to be on the part of an officer, director, or managing agent of the corporate Defendants. Further the acts were committed with the knowledge of the Defendants and/or DOES 5-25 and were allowed to proceed by officers, directors, and/or managing agents of the Defendants and/or DOES 5-25.

67.   As a result of the conduct of Defendants and/or Does 5-50, and each of them, Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### Failure to Take Reasonable Steps to Prevent Discrimination From

### Occurring in Violation of FEHA (Govt. Code § 12900, et seq.)

### Against the Employer Defendants

68.    By this reference, the Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

69.    Plaintiff is informed, believes, and thereon alleges that Defendant and/or DOES 5-50, and each of them, failed to take all reasonable steps to prevent and/or stop discrimination, harassment, and retaliation from occurring in the workplace, in violation of section 12940(k) of the Government Code.

70.    Plaintiff is informed, believes, and thereon alleges that discrimination against her resulted from the Defendant's failure to have in place a prophylactic anti-discrimination policy and/or reporting mechanism and failed to take all reasonable steps to prevent discrimination and harassment from occurring in the workplace.

71.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

72.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

73.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or DOES 5-25, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or DOES 5-25 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

///

74.    In addition, Defendants acted despicably, willfully, knowingly, intentionally, maliciously, oppressively, or with conscious or wanton or reckless disregard for the rights of Plaintiff, who is therefore entitled to an award of punitive damages against Defendants for the improper conduct, as well as all appropriate exemplary damages pursuant to Civil Code § 3294. Plaintiff is informed and believes and thereon alleges that the Defendants had advance knowledge of the unfitness of their employees who acted on their behalf in committing the wrongs alleged herein, and employed them with a conscious disregard of the rights or safety of others, including Plaintiff, and also authorized or ratified the wrongful conduct for which the damages are sought, as well as being personally guilty of oppression, fraud or malice. Said advance knowledge is alleged to be on the part of an officer, director, or managing agent of the Defendants. Further the acts were committed with the knowledge of the Defendants and/or DOES 5-25 and were allowed to proceed by officers, directors, and/or managing agents of the Defendants and/or DOES 5-25.

75.    As a result of the conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### Against the Employer Defendants

76.    By this reference, the Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

77.    At all times relevant there was an employer/employee relationship between Plaintiff and Defendants.

78.    It is the public policy of the State of California to prohibit employers from terminating or retaliating against employees who have complained about discrimination on the basis of a protected category or who have requested reasonable accommodations.

///

79. Defendant wrongfully terminated Plaintiff's employment in violation of California Government Code, §12900 et seq.

80. Plaintiff's employment was terminated as a result of Defendant's violation of fundamental public policies, including California Government Code, §12900 et seq. It is against fundamental California public policy to terminate an employee in violation of California's anti-discrimination laws.

81. A tortious termination subjects the employer to "liability for compensatory and punitive damages under normal tort principles." (*Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1101.)

82. As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 5-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

83. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or DOES 5-25, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or DOES 5-25 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

84. In addition, Defendants acted despicably, willfully, knowingly, intentionally, maliciously, oppressively, or with conscious or wanton or reckless disregard for the rights of Plaintiff, who is therefore entitled to an award of punitive damages against Defendants for the improper conduct, as well as all appropriate exemplary damages pursuant to Civil Code § 3294. Plaintiff is informed and believes and thereon alleges that the Defendants had advance knowledge of the unfitness of their employees who acted on their behalf in committing the wrongs alleged herein, and employed them with a conscious disregard of the rights or safety of others, including Plaintiff, and also authorized or ratified the wrongful conduct for which the damages are sought, as well as being personally guilty of oppression, fraud or malice. Said advance knowledge is alleged to be on the part of an officer, director, or managing agent of the

Defendants. Further the acts were committed with the knowledge of the Defendants and/or DOES 5-25 and were allowed to proceed by officers, directors, and/or managing agents of the Defendants and/or DOES 5-25.

85.     The actions alleged herein were done with malice, fraud, and oppression, and in reckless disregard for Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### Declaratory Relief

### Against the Employer Defendants

86.     By this reference, the Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

87.     Government Code § 12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general. Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

///

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

88.    Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

89.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

90.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that Plaintiff was not discriminated, harassed and/or retaliated against on account of her age, sex/gender, disability, perceived disability, and race, but was subjected to legitimate, non-discriminatory personnel actions. Plaintiff contends that she was unlawfully discriminated against, harassed and/or retaliated against. Plaintiff also contends that Defendants failed to take all steps reasonably necessary to prevent the discrimination, harassment and retaliation from occurring. Plaintiff is informed and believes, and on that basis alleges, that Defendants dispute Plaintiff's contention.

91.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a determination of her rights and duties, and a declaration that the discrimination, harassment and/or retaliation she was subjected to was on account of her disability and matters related to her disability.

92.    A declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for herself and on behalf of employees of the State of California and in

conformity with the public policy of the State, obtain a declaration of the wrongdoing of Defendants and to condemn such discriminatory and/or harassing and/or retaliatory conduct in employment policies or practices. *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

93.    A declaration is necessary and appropriate at this time such that Defendants and/or their owners, managers and supervisors may also be aware of their obligations under the law to not engage in discriminatory and/or harassing and/or retaliatory practices or violate the law and that Defendants have an obligation under the law to take all steps reasonably necessary to prevent discrimination, harassment and/or retaliation from occurring in the work place.

94.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs. "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For monetary relief in a sum according to proof, including, but not limited to, lost wages, front pay and back pay, promotions, benefits, and retirement benefits;

2.    For an Order that Plaintiff be reinstated and made whole and afforded all benefits attendant thereto that would have been afforded Plaintiff but for said discrimination, harassment, and retaliation;

3.    For special damages according to proof;

4.    For general damages according to proof;

5.    For an injunction restraining the Defendants from continuing or maintaining any policy, practice, custom or usage which is retaliatory in nature;

6.    For an order requiring Defendants to undergo discrimination training;

7.    For punitive damages according to proof;

1          8.   For interest on the damages awarded, including prejudgment interest;

2          9.   For reasonable attorney's fees and costs, including costs of expert

3  witnesses, pursuant to statute, including but not limited to Government Code §12965(b);

4         10.  For costs of suit herein; and

5         11.  For such other and further relief as this Court deems just and proper.

6

7  Dated: __5-25-2022__                   JARET & JARET

8

9

10                           ROBERT S. JARET

11                       Attorneys for Plaintiff KELLY BURT-DEASY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Debra Archuleta, declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action.  My business address is 1016 Lincoln Avenue, San Rafael, CA 94901. On May 25, 2022, I served the within document(s):

FIRST AMENDED COMPLAINT FOR DAMAGES:
1)  Discrimination Based on Age, Sex/Gender, Disability, and Race in Violation of FEHA (Govt. Code §12900, et seq.)
2)  Harassment Based on Age, Sex/Gender, Disability, and Race in Violation of FEHA (Govt. Code § 12900, et seq.)
3)  Retaliation in Violation of FEHA (Govt. Code § 12900, et seq.)
4)  Failure to Take Reasonable Steps to Prevent Discrimination From Occurring in Violation of FEHA (Govt. Code § 12900, et seq.)
5)  Wrongful Termination in Violation of Public Policy
6)  Declaratory Relief

__X__   By transmitting via email the document(s) listed above to the email address(es) set forth below on this date.

__X__   By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Rafael, California addressed as set forth below.

____   By placing the document(s) listed above in a sealed _____ envelope, and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

____   By causing the document(s) to be hand-delivered in a sealed envelope to the person(s) set forth below.

Eric Meckley, Esq.                                    Attorneys for Defendants COST PLUS, INC.;
Miranda M. Rowley, Esq.                        COST PLUS MANAGEMENT SERVICES,
Morgan, Lewis & Brockius LLP              INC; and JACK SCHWEFEL
One Market, Spear Street Tower
San Francisco,  CA 94105
Tel (415) 442-1000
Email: eric.meckley@morganlewis.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 25, 2022, at San Rafael, California.

_____
DEBRA ARCHULETA

FIRST AMENDED COMPLAINT
20

**EXHIBIT B**

1 │ PHILLIP A. JARET, ESQ. [SBN 092212]
  │ ROBERT S. JARET, ESQ. [SBN 124876]
2 │ JARET & JARET
  │ 1016 Lincoln Avenue
3 │ San Rafael, California 94901
  │ Telephone: (415) 455-1010
4 │ Facsimile: (415) 455-1050

5 │ Attorneys for Plaintiff KELLY BURT-DEASY

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      IN AND FOR THE COUNTY OF ALAMEDA

10                       CIVIL UNLIMITED JURISDICTION

11

12 │ KELLY BURT-DEASY, an individual,          No. RG20078793

13 │           Plaintiff,

14 │ v.

15 │ COST PLUS, INC. a.k.a. COST PLUS, a        **PLAINTIFF'S STATEMENT OF**
   │ California corporation; COST PLUS          **DAMAGES AGAINST BED BATH &**
16 │ MANAGEMENT SERVICES, INC., a California    **BEYOND, INC.**
17 │ corporation: JONATHAN SCHWEFEL aka
   │ JACK SCHWEFEL, an individual; BED BATH &
18 │ BEYOND, INC., a corporation; COST PLUS
19 │ WORLD MARKET, LLC, a limited liability
   │ company; WORLD MARKET, LLC, a California
20 │ limited liability company; WORLD MARKET
   │ MANAGEMENT SERVICES, LLC, a California
21 │ limited liability company; and
22 │ DOES 1 through 50, inclusive,

23 │           Defendants.

24

25 │ ///

26 │ ///

27 │ ///

28 │ ///

PLAINTIFF'S STATEMENT OF DAMAGES AGAINST BED BATH & BEYOND, INC.
1

**EXHIBIT "B"**

Pursuant to Cal. Code Civ. Proc. §425.11, Plaintiff has suffered the following damages:

1. Economic Damages for lost back pay      $980,110.00

2. Emotional distress and pain and suffering      $500,000.00

3. Statutory attorney's fees and costs      $355,671.36

Total      $1,835,781.36

Dated: July **5**, 2023

JARET & JARET

ROBERT S. JARET

Attorneys for Plaintiff KELLY BURT-DEASY

**EXHIBIT C**

**United States Bankruptcy Court, District of New Jersey (Newark)**

Fill in this information to identify the case (Select only one Debtor per claim form)

| | | | |
|---|---|---|---|
| ☑ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

# EXHIBIT "C"

Modified Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Kelly Burt-Deasy

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Jaret & Jaret, Attention Robert S. Jaret

1016 Lincoln Avenue

San Rafael
CA
94901

Contact phone 415-455-1010
Contact email rjaret@jaretlaw.com

Where should payments to the creditor be sent? (if different)

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)_____ Filed on ___/___/____ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ 1,835,781.36

Does this amount include interest or other charges?

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Complaint for discrimation, harassment, retaliation and wrongful termination

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**              $_____<br><br>**Amount of the claim that is secured:**    $_____<br><br>**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:*                                      **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under<br>   11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                 $_____<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for<br>   personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the<br>   bankruptcy petition is filed or the debtor's business ends, whichever is earlier.<br>   11 U.S.C. § 507(a)(4).                              $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies.    $_____<br><br>* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. |

| 13. | Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☑ No | | |
| | | ☐ **Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

| 14. | Is all or part of the claim being asserted as an administrative expense claim? | ☑ No | |
| | | ☐ **Yes. Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred:** | |

|  | ☐ **On or prior to June 27, 2023:** | $_____ |
|  | ☐ **After June 27, 2023:** | $_____ |
|  | **Total Administrative Expense Claim Amount:** | $_____ |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Cheryl Rouse*

07/06/2023

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | Cheryl C. Rouse | | |
| | First name | Middle name | Last name |
| Title | Law Offices of Rouse & Bahlert | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1246 18th Street | | |
| | Number          Street | | |
| | San Francisco          CA          94107 | | |
| | City                                    State          ZIP Code | | |
| Contact phone | 415-575-9444 | Email | rblaw@ix.netcom.com |

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:
_____

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**
☑ Yes
☐ No
-----------------------------------------------------------------------------------------------------------------

Attachment Filename:

Attachment to Proof of Claim with Documents.pdf

**KROLL**

Electronic Proof of Claim Confirmation:  3335-1-NOGCK-850603260

Claim Electronically Submitted on (UTC) :  2023-07-06T23:43:06.439Z

Submitted by:  Kelly Burt-Deasy
                         rblaw@ix.netcom.com

**KROLL**

**EXHIBIT D**



# Important Notice - In Witness Clause

In return for the payment of premium, and subject to the terms of this policy, coverage is provided as stated in this policy.

IN WITNESS WHEREOF, this Company has executed and attested these presents and, where required by law, has caused this policy to be countersigned by its duly Authorized Representative(s).

President

Corporate Secretary

---

**QUESTIONS ABOUT YOUR INSURANCE?** Your agent or broker is best equipped to provide information about your insurance. Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich in North America
Customer Inquiry Center
1299 Zurich Way
Schaumburg, Illinois 60196-1056
**1-800-382-2150** (Business Hours:  8 a.m. - 4 p.m. [CT])
**Email:** info.source@zurichna.com

---

Confidential

COS-KBD000656

U-GU-810-F (01/09)
Page 1 of 1

**EXHIBIT "D"**

**Insured Name:**   BED BATH & BEYOND INC

**Policy Number:**   DOC███████49-03
**Effective Date:**   09/15/2020



### THIS DISCLOSURE IS ATTACHED TO AND MADE PART OF YOUR POLICY.

# DISCLOSURE OF IMPORTANT INFORMATION RELATING TO TERRORISM RISK INSURANCE ACT

## SCHEDULE*

| |
|---|
| Premium attributable to risk of loss from certified acts of terrorism for lines of insurance subject to TRIA:<br>$0 |

*Any information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.  Disclosure of Premium**

In accordance with the federal Terrorism Risk Insurance Act ("TRIA"), as amended, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to the risk of loss from terrorist acts certified under that Act for lines subject to TRIA. That portion of premium attributable is shown in the Schedule above. The premium shown in the Schedule above is subject to adjustment upon premium audit, if applicable.

**B.  Disclosure of Federal Participation in Payment of Terrorism Losses**

You should know that where coverage is provided by this policy for losses resulting from certified acts of terrorism, the United States Government may pay up to 80% of insured losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.

**C.  Disclosure of $100 Billion Cap on All Insurer and Federal Obligations**

If aggregate insured losses attributable to terrorist acts certified under TRIA exceed $100 billion in a calendar year (January 1 through December 31) and an insurer has met its deductible under the program, that insurer shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of Treasury.

**D.  Availability**

As required by TRIA, we have made available to you for lines subject to TRIA coverage for losses resulting from acts of terrorism certified under TRIA with terms, amounts and limitations that do not differ materially from those for losses arising from events other than acts of terrorism.

**E.  Definition of Act of Terrorism under TRIA**

TRIA defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act ("TRIA"), to be an act of terrorism. The Terrorism Risk Insurance Act provides that the Secretary of Treasury shall certify an act of terrorism:

**1.**  To be an act of terrorism;

**2.**  To be a violent act or an act that is dangerous to human life, property or infrastructure;

**3.**  To have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of Title 49, United States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and

Copyright © 2020 Zurich American Insurance Company
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

COS-KBD00065

U-GU 898-E CW (01/20)
Page 1 of 2

**4.** To have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

No act may be certified as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or if losses resulting from the act, in the aggregate for insurance subject to TRIA, do not exceed $5,000,000.

# Disclosure Statement

**ZURICH**®

It is our pleasure to present the enclosed policy to you
for presentation to your customer.

**INSTRUCTION TO AGENT OR BROKER:**

WE REQUIRE THAT YOU TRANSMIT THE ATTACHED/ENCLOSED DISCLOSURE STATEMENT TO THE CUSTOMER
WITH THE POLICY.

Once again, thank you for your interest, and we look forward to meeting your needs and those of your customers.

# Disclosure Statement



**NOTICE OF DISCLOSURE FOR AGENT & BROKER COMPENSATION**

If you want to learn more about the compensation Zurich pays agents and brokers visit:

http://www.zurichnaproducercompensation.com

or call the following toll-free number:  (866) 903-1192.


This Notice is provided on behalf of Zurich American Insurance Company

and its underwriting subsidiaries.

COS-KBD000660

# Directors & Officers Liability Insurance Policy - Zurich D&O Select®



**Declarations**

Insurance is provided by:

Zurich American Insurance Company
1299 Zurich Way
Schaumburg, IL 60196-1056
(a stock company hereinafter "Underwriter")

**THIS POLICY IS WRITTEN ON A CLAIMS MADE AND REPORTED BASIS AND COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD OR THE EXTENDED REPORTING PERIOD OR RUN-OFF COVERAGE PERIOD, IF EXERCISED, AND REPORTED TO THE UNDERWRITER PURSUANT TO SUBSECTION V.H.   THE LIMITS OF LIABILITY AND ANY RETENTION SHALL BE REDUCED BY AMOUNTS INCURRED AS DEFENSE COSTS.  THE UNDERWRITER DOES NOT ASSUME ANY DUTY TO DEFEND.  PLEASE READ THIS POLICY CAREFULLY.**

Policy Number:   DOC ███49-03

Item 1.   **Policyholder** and Mailing Address:     BED BATH & BEYOND INC
650 LIBERTY AVENUE
UNION, NJ  07083

Item 2.   Limits of Liability:

A. Aggregate Limit of Liability for all **Loss** under Insuring Clauses A, B, C and E:  $10,000,000

B. Aggregate Sub-limit of Liability for all **Securityholder Derivative Demands** under Insuring Clause E:  $250,000

C. Separate Limit of Liability for Each **Retired Independent Director** under Insuring Clause D:  $250,000

D. Separate Aggregate Limit of Liability for all **Retired Independent Directors** under Insuring Clause D:  $1,000,000

Item 3.   **Policy Period**:   From:  12:01 A.M. on 09/15/2020  To:  12:01 A.M. on 09/15/2021
Local time at the address shown in Item 1.

Item 4.   Retention:   A.  Each **Securities Claim** under Insuring Clauses B and C:   $5,000,000

B.  Each **Claim**, other than a **Securities Claim**, under Insuring Clause B:   $5,000,000

Item 5.   **Extended Reporting Period**:   A.  Additional Premium:   150% of Annual Premium
B.  Additional Period:   365 Days

Item 6.   Pending or Prior Date:   01/01/1901

Item 7.   Notice to Underwriter:

A. Address for Notice of **Claim** or Potential **Claim**

Attn:  Corporate D&O Claims Department
Zurich North America
P.O. Box 968041
Schaumburg, IL 60196
Facsimile: 866-255-2962
E-mail: msgclms@zurichna.com

B. Address for All Other Notices:

Attn:  Northeast, MASE & West Region Underwriting
Regional Manager
One Liberty Plaza – 30th Floor
New York, NY 10006
Email: NEsubmissions@zurichna.com

Item 8.   Premium:   $833,471



# Form and Endorsement Schedule

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC ███49-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | | |

**Policyholder:** BED BATH & BEYOND INC

| Form Name | Form Number | Edition Date | Endorsement No. |
|---|---|---|---|
| Important Notice - In Witness Clause | U-GU-319-F | (01/09) | |
| Disclosure of Premium (Relating to Disposition of TRIA) | U-GU-630-E CW | (01/20) | |
| Directors & Officers Liability Insurance Policy - Zurich D&O Select Declarations | U-DO-D-738-A CW | (05/09) | |
| Directors & Officers Liability Insurance Policy - Zurich D&O Select | U-DO-755-B CW | (08/09) | |
| Mergers and Acquisitions Endorsement (Add Retention and Definitions) | U-DO-2034-B CW | (01/15) | 01 |
| Insured Person Amended to Include Employees for EPL Claims Endorsement | U-DO-1015-B CW | (01/15) | 02 |
| Personal Conduct Exclusions Amended Endorsement | U-DO-2039-B CW | (01/15) | 03 |
| UK Corporate Manslaughter Endorsement | U-DO-2059-A CW | (01/15) | 04 |
| Executive Officer Amended Endorsement | U-DO-812-B CW | (02/10) | 05 |
| ADR Deleted Endorsement | U-DO-863-A CW | (02/10) | 06 |
| State Amendatory Inconsistency Endorsement | U-DO-867-A CW | (02/10) | 07 |
| New Organizations Asset Threshold Amended Endorsement | U-DO-871-A CW | (02/10) | 08 |
| Intent Statement Added to Bankruptcy Provision Endorsement | U-DO-882-A CW | (03/10) | 09 |
| Allocation Amended Endorsement | U-DO-884-A CW | (03/10) | 10 |
| Application Amended Endorsement | U-DO-892-A CW | (03/10) | 11 |
| Delete Environmental Mismanagement Claims Coverage Endorsement | U-DO-893-B CW | (01/19) | 12 |
| Employed Lawyers Coverage Endorsement | U-DO-894-B CW | (01/15) | 13 |
| Advancement of Defense Costs Added Endorsement | U-DO-913-B CW | (01/15) | 14 |

| Freedom Protection Costs | U-DO-916-B CW | (01/15) | 15 |
|---|---|---|---|
| Cooperation Severability Endorsement | U-DO-924-A CW | (06/10) | 16 |
| Protected Executive Added Endorsement | U-DO-973-B CW | (01/15) | 17 |
| Event Study Coverage Added | N-DO-3004N CW | (07/14) | 18 |
| Aiding and Abetting Defense Costs Coverage Added | N-DO-3011N CW | (03/18) | 19 |
| Derivative Exposure Amended (Add Plaintiff Fees) | N-DO-3014N CW | (09/15) | 20 |
| Books and Records Coverage Added | N-DO-3007N | (06/17) | 21 |
| Company Added with Prior Acts Exclusion Endorsement | U-DO-921-A CW | (06/10) | 22 |
| Statutory Claims Endorsement | U-DO-930-A CW | (06/10) | 23 |
| Inquiry Costs Coverage | U-DO-2061-A CW | (01/15) | 24 |
| Section V. F Defense and Settlement Amended | N-DO-3103N CW | (11/16) | 25 |
| Exclusions Preamble Amended | U-DO-1029-B CW | (01/15) | 26 |
| Prior Notice Exclusion Amended | U-DO-2035-B CW | (01/15) | 27 |
| Amended Reporting and Notice Endorsement | U-DO-800-B CW | (02/10) | 28 |
| Section V.I. Other Insurance Amended (Personal Umbrella) | M-DO-3687N CW | (04/16) | 29 |
| Compensation Clawback Costs Endorsement | U-DO-968-C CW | (12/13) | 30 |
| Section III.B.5 Definition of Claim Amended | N-DO-3313N CW | (12/17) | 31 |
| Section V.F. Defense and Settlement Amended (Cooperation Severability) | N-DO-3242N CW | (07/17) | 32 |
| Section V.Q Recovery of Limits Added | N-DO-3006N CW | (09/13) | 33 |
| Entity V. Insured Exclusion (Including ODL) | U-DO-972-C CW | (01/15) | 34 |
| New Jersey Amendatory Endorsement | U-DO-765-B NJ | (02/10) | 35 |
| Sanctions Exclusion Endorsement | U-GU-1191-A CW | (03/15) | 36 |
| Cap on Losses From Certified Acts of Terrorism | U-GU-767-B CW | (01/15) | 37 |

Confidential



## TABLE OF CONTENTS

|  |  | **Page** |
|---|---|---|
| I. | INSURING CLAUSES | 2 |
| | A. Directors and Officers Liability Coverage | 2 |
| | B. Company Reimbursement Coverage | 2 |
| | C. Company Securities Liability Coverage | 2 |
| | D. Retired Independent Directors Liability Coverage | 2 |
| | E. Derivative Demand Investigation Costs Coverage | 2 |
| II. | EXTENSIONS | 3 |
| | A. Estates, Legal Representatives, Spouses and Domestic Partners | 3 |
| | B. Extended Reporting Period | 3 |
| | C. Individual Insured Person Extended Coverage | 3 |
| | D. Outside Position Coverage | 3 |
| | E. Environmental Mismanagement Coverage | 4 |
| III. | DEFINITIONS | 4 |
| IV. | EXCLUSIONS | 7 |
| V. | GENERAL CONDITIONS AND LIMITATIONS | 9 |
| | A. Presumptive Indemnification | 9 |
| | B. Representations, Severability and Non-Rescindable Coverages | 9 |
| | C. Limits of Liability, Retention and Single Claims | 10 |
| | D. Allocation | 11 |
| | E. Changes in Exposure | 11 |
| | F. Defense and Settlement | 12 |
| | G. Territory and Valuation | 12 |
| | H. Reporting and Notice | 12 |
| | I. Other Insurance | 13 |
| | J. Subrogation | 13 |
| | K. Alteration, Assignment and Headings | 13 |
| | L. Payment Priority | 13 |
| | M. Policy Termination and Nonrenewal | 14 |
| | N. Authorization Clause | 14 |
| | O. Bankruptcy | 14 |
| | P. Alternative Dispute Resolution | 14 |

# Directors & Officers Liability Insurance Policy – Zurich D&O Select®



In consideration of payment of the premium and in reliance upon the statements made in the **Application**, which is made a part hereof, and subject to the Declarations and the limitations, conditions, provisions and other terms of this policy (including any endorsements hereto), the Insurance Company shown in the Declarations (herein called the Underwriter) and the **Insureds** agree as follows:

I.    INSURING CLAUSES

A.    DIRECTORS AND OFFICERS LIABILITY COVERAGE

The Underwriter shall pay on behalf of the **Insured Persons** all **Loss** for which the **Insured Persons** are not indemnified by the **Company** and which the **Insured Persons** become legally obligated to pay on account of any **Claim** first made against them, individually or otherwise, during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Limit of Liability set forth in Item 2.A of the Declarations.

B.    COMPANY REIMBURSEMENT COVERAGE

The Underwriter shall pay on behalf of the **Company** all **Loss** for which the **Company** grants indemnification to the **Insured Persons**, as permitted or required by law, and which the **Insured Persons** have become legally obligated to pay on account of any **Claim** first made against them, individually or otherwise, during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Limit of Liability set forth in Item 2.A of the Declarations.

C.    COMPANY SECURITIES LIABLITY COVERAGE

The Underwriter shall pay on behalf of the **Company** all **Loss** for which the **Company** becomes legally obligated to pay on account of a **Securities Claim** first made against the **Company** during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Limit of Liability set forth in Item 2.A of the Declarations.

D.    RETIRED INDEPENDENT DIRECTORS LIABILITY COVERAGE

The Underwriter shall pay on behalf of the **Retired Independent Directors** all **Loss** for which the **Retired Independent Directors** are not indemnified by the **Company** and which the **Retired Independent Directors** become legally obligated to pay on account of any **Claim** first made against them, individually or otherwise, during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the respective Limits of Liability set forth in Item 2.C of the Declarations. Coverage under this Insuring Clause D shall apply only if (i) the **Retired Independent Director** is a **Retired Independent Director** when the **Claim** is first made, and (ii) the Limit of Liability in Item 2.A of the Declarations is exhausted by reason of payment by the Underwriter of **Loss**. Such coverage shall then be excess of all other insurance specifically excess of this policy as well as all other insurance described in Subsection V.I.

E.    DERIVATIVE DEMAND INVESTIGATION COSTS COVERAGE

The Underwriter shall pay on behalf of the **Company** all **Investigative Costs** resulting from a **Securityholder Derivative Demand** first received by the **Company** during the **Policy Period** or the **Extended Reporting Period** or **Run-Off Coverage Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**, subject to the Sub-limit set forth in Item 2.B of the Declarations.

Endorsement #  02

# Insured Person Amended to Include Employees for EPL Claims Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC██████49-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | | |

**Policyholder:**  BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Subsection III.M.2 is replaced with the following:

2.  any one or more other natural persons not described in subparagraph 1 above who were, now are or shall become full or part-time employees of the **Company**, but solely with respect to (i) a **Securities Claim** or (ii) any **Claim** for an employment-related **Wrongful Act**; or (iii) any other **Claim** while such other **Claim** is brought and maintained against both such other employee(s) and an **Insured Person** described in subparagraph 1 above; provided such other employees shall not be considered **Insured Persons** for purposes of Exclusions C or D in Section IV of this policy or Section II.C; and

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

Confidential

Endorsement #   05

# Executive Officer Amended Endorsement

**ZURICH**®

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC ██████49-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

Definition H in Section III is replaced with the following:

H.   **Executive Officers** means with respect to any Company its CEO and CFO.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

Confidential

Endorsement #  09

# Intent Statement Added to Bankruptcy Provision Endorsement



| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|
| DOC ███49-03 | 09/15/2020 | 09/15/2021 | 09/15/2020 | | |

**Policyholder:**   BED BATH & BEYOND INC

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**Directors & Officers Liability Insurance Policy – Zurich D&O Select**

It is agreed that:

The following is added to Subsection V.O Bankruptcy:

The coverage provided under this policy is intended to protect and benefit the **Insured Persons**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

Confidential