| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>**BURR & FORMAN, LLP**<br>Kristen Watson, Esquire (NJ Bar No. 270832018)<br>420 N. 20th Street, 3400<br>Birmingham, AL  35203<br>(205) 458-5169<br>kwatson@burr.com<br><br>Dana L. Robbins, Esquire (admitted *pro hac vice*)<br>201 N. Franklin Street<br>Tampa, Florida 33602<br>(813) 255-7341<br>drobbins@burr.com<br>*Counsel for Landlord SF WH Property Owner LLC* |

| | |
|---|---|
| In re:<br><br>BED BATH AND BEYOND INC., *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP) |

### LIMITED OBJECTION TO THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES

SF WH Property Owner LLC, as successor-in-interest to Seritage SRC Finance, LLC ("Landlord") hereby files this Limited Objection to the Debtors' *Notice of Assumption and Assignment of Certain Unexpired Leases* (the "Contract Assumption Notice") [Docket No. 1447] filed by the above captioned debtors and debtors-in-possession (the "Debtors"), and in support states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

## JURISDICTION

1. The United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D) and (M).

## BACKGROUND

2. On April 23, 2023 (the "Petition Date") each of the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"), United States Bankruptcy Court, District of New Jersey.

3. The Debtors have continued to operate their business and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Code.

4. Prior to the Petition Date, SF WH Property Owner LLC, as successor-in-interest to Seritage SRC Finance, LLC, as Landlord, and Bed Bath & Beyond Inc., (the "Debtor"), as tenant, are parties to an unexpired lease of nonresidential real property lease dated as of March 31, 2017 (the lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease"), pursuant to which Debtor has leased from Landlord certain space, located at 1445 New Britain Avenue, West Hartford, Connecticut (as more particularly defined in the Lease, the " Leased Premises"), of which the Debtor and Buy Buy Baby, Inc. ("buybuy BABY") entered into that certain Sublease dated March 31, 2017, for the Premises. A true and correct copy of the Lease is attached as **Exhibit A.**

5. On May 22, 2023, the Court entered the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422] (the "Lease Sale Procedures Order").

6.  On July 19, 2023, pursuant to the Lease Sale Procedures Order, the Debtors conducted the Lease Auction with respect to certain of the Lease Assets, and filed their *Notice of Successful and Backup Bidder with Respect to the Phase 1 Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases* [Docket No. 1114].

7.  On July 21, 2023, the Debtors filed the *Notice of Assumption and Assignment of Certain Unexpired Leases* (the "Contract Assumption Notice") [Docket No. 1447], with a list of the unexpired leases to be assumed and assigned and projected cure costs associated therewith attached thereto as Exhibit B.

8.  The Contract Assumption Notice lists the Lease, No. 3121, with a cure amount for $20,205.18 (the "Proposed Cure Amount") [Docket 1447, p. 9].

**LIMITED OBJECTION**

9.  Landlord does not object to the assumption and assignment of the Lease. This Limited Objection is filed to ensure that any order authorizing assumption or assignment of the Lease provides for the payment of all amounts that came due prior to the date of assumption.

10.  Section 365(b) of the Bankruptcy Code provides that an unexpired lease cannot be assumed by a debtor unless the debtor cures any default under the lease and provides adequate assurance of present and future performance under the lease. 11 U.S.C. § 365(b)(1). *See In re GI Holdings, Inc.*, 580 B.R. 388, 420-21 (Bankr. D.N.J. 2018) ("In order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance"); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (noting same). The requirement to cure includes both pre- and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

11.  Landlord objects because the Proposed Cure Amount is not reflective of all monetary defaults or deferred amounts due under the Lease.

3

12. As of the date of this Objection, the aggregate cure amount owing under the Lease is **$108,312.74** (the "Cure Amount"), which is itemized on the attached **Exhibit B.**

13. The Cure Amount represents the amounts currently due and owing to Landlord under the Lease. The Cure Amount may increase prior to any actual date of assumption and assignment of the leases if the Debtors do not pay all amounts that accrue after the date of this Objection, and any taxes, common area maintenance and other amounts that may come due, pursuant to the terms of the Lease, and regardless of when those amounts accrued.

14. Section 365(b)(1) of the Bankruptcy Code also provides for compensation to landlords for sums incurred for attorneys' fees and expenses. The Lease provides for recovery of attorneys' fees and expenses which amounts are currently unliquidated since it is uncertain when assumption may occur. Such amounts should be included in the cure amount to be paid to Landlord with respect to any assumption or assumption and assignment of the Lease. Landlord objects to assumption or assumption and assignment of the Lease absent payment of Landlord's attorneys' fees and expenses through the effective date of assumption. The correct cure amount should include all of Landlord's attorneys' fees and costs to which it is entitled under the Lease.

## RESERVATION OF RIGHTS

15. Landlord reserves its rights to amend and/or supplement this Limited Objection as necessary, including, but not limited to, objections regarding adequate assurance of future performance under section 365 of the Bankruptcy Code, and to object to any proposed assumption and assignment of the Leases, including to any terms of such assignment that might deviate from the use and occupancy terms of the Premises set forth in the Lease. Nothing in this Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law.

**CONCLUSION**

WHEREFORE, Landlord requests that this Court (a) sustain this Limited Objection; (b) require that any order entered by the Court that establishes the cure amount with respect to the Lease and assumption or assumption and assignment of the Lease be consistent with the relief requested herein; and (c) that the Court grant Landlord such other and further relief as is just and proper.

Dated: July 25, 2023                                                      **BURR & FORMAN LLP**

By: /s/  *Kristen Watson*
Kristen Watson, Esq.
New Jersey Bar No. 270832018
**Burr & Forman, LLP**
420 N. 20th Street, 3400
Birmingham, Al  35203
Telephone:  (205) 458-5169
Email:  kwatson@burr.com

*/s/ Dana L. Robbins*
Dana L. Robbins, Esq.
Florida Bar No. 106626
(Admitted *Pro Hac Vice*)
**Burr & Forman, LLP**
201 N. Franklin Avenue, Suite 3200
Tampa, Florida 33602
Phone: (813) 367-5760
Fax: (813) 221-2626
E-mail: Drobbins@burr.com
*Attorneys for Landlord*

## CERTIFICATE OF SERVICE

I, hereby certify that on July 25, 2023, a true and correct copy of the LIMITED OBJECTION TO THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES was served via the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey to all parties registered to receive such notice. In addition, the parties below were served via electronic mail:

*Counsel to the Debtors*
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Joshua A. Sussberg, P.C.
(joshua.sussberg@kirkland.com)
Emily E. Geier, P.C.,
(emily.geier@kirkland.com)
Derek I. Hunter
(derek.hunter@kirkland.com)
Ross J. Fiedler
(ross.fiedler@kirkland.com)

*Co-counsel to the Debtors*
Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601,
Attn: Michael D. Sirota
(msirota@coleschotz.com)
Warren A. Usatine
(wusatine@coleschotz.com)
Felice R. Yudkin
(fyudkin@coleschotz.com)

*Office of the United States Trustee*
Andrew R.Vara, U.S. Trustee,
Regions 3 & 9
Fran B. Steele, Esq.
Fran.B.Steele@usdoj.gov

*Counsel to the Committee of Unsecured Creditors*
Pachulski Stang Ziehl & Jones LLP/
Robert J. Feinstein
Bradford J. Sandler
Paul J. Labov and Colin R. Robinson
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to DIP Agent*
Proskauer Rose LLP,
Eleven Times Square,
New York, New York 10036,
Attn: David M. Hillman and Charles A. Dale,

Dated: July 25, 2023  /s/ *Dana L. Robbins*
                      Dana L. Robbins, Esq.