**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E.
Geier, P.C. (admitted *pro hac vice*) Derek I. Hunter (admitted
*pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*



Order Filed on July 25, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DATED: July 25, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

# ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AGREEMENT BY AND BETWEEN DEBTOR BED BATH & BEYOND INC. AND OCEAN NETWORK EXPRESS (NORTH AMERICA) INC. AS GENERAL AGENT FOR OCEAN NETWORK EXPRESS PTE. LTD. AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief* (the "Motion")[1] filed by the captioned debtors and debtors in possession (the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court finding that the relief requested in the Motion may be authorized pursuant to Bankruptcy Rule 9019(a); and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief |

2. The Debtors are authorized to enter into the Settlement Agreement, substantially in the form attached hereto as **Exhibit 1**, and to take any and all actions necessary to effectuate the relief granted in this Order.

3. The Settlement Agreement satisfies all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rule 9019.

4. Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order Granting Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement by and Between Debtor Bed Bath & Beyond Inc. and Ocean Network Express (North America) Inc. as General Agent for Ocean Network Express Pte. Ltd. and (II) Granting Related Relief |

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **<u>Exhibit 1</u>**

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (this "Agreement") is entered into this 19th day of June, 2023, by and between Bed Bath & Beyond Inc. ("BBBY") on the one hand and Ocean Network Express (North America) Inc. as general agent for Ocean Network Express Pte. Ltd. (collectively, "ONE") on the other hand. BBBY and ONE are hereinafter sometimes referred to individually as a "Party" and collectively as the "Parties."

WHEREAS, BBBY sent a demand letter on or about February 22, 2023 (the "Demand"), alleging that ONE's policies and practices with respect to the assessment of demurrage and detention charges violated various provisions of the U.S. Shipping Act of 1984, as amended ("Shipping Act") and that said violations had caused BBBY to suffer financial damages; and

WHEREAS, the Demand identified, and the Parties discussed, potential disputes concerning approximately $1,325,135 of charges incurred in the Savannah, Georgia, Los Angeles/Long Beach, California, and Chicago, Illinois areas between October 2021 and April 2022; and

WHEREAS, after negotiations and mutual exchange of information, BBBY was prepared to press its Demand with respect to a subset of the charges identified in the Demand, amounting to $900,222.64; and

WHEREAS, on April 23, 2023, BBBY and certain subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Docket No. 2:23-bk-13359; and

WHEREAS, BBBY and ONE wish to resolve all claims concerning all charges billed or possibly incurred by and between BBBY and ONE with respect to any shipments of BBBY cargo carried by ONE, within the past three years (the "Shipments"), including without limitation all claims identified in the Demand in connection with charges incurred in the Savannah, Georgia, Los Angeles/Long Beach, California, and Chicago, Illinois areas between October 2021 and April 2022; and

WHEREAS, ONE denies having violated the Shipping Act; and

WHEREAS, BBBY and ONE deny or dispute in whole or in part the factual and/or legal positions of the other; and

WHEREAS, the Parties are cognizant of the high cost of litigation and the inherent risks involved in litigation, including the risk to a Party that it might not prevail in whole or in part; and

WHEREAS, the Parties desire to resolve their dispute fully and finally without litigation;

NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:

1. The foregoing recitals are incorporated herein by reference.

2. This Agreement is contingent upon entry of an order of the Bankruptcy Court approving this Agreement (the "Order"). The Parties will in good faith exercise all reasonable efforts required to obtain entry of the Order, including executing and delivering any motions, declarations, or other items of support reasonably required in connection therewith. Consistent with the preceding sentence, BBBY will promptly prepare a motion to approve compromise of controversy pursuant to Federal Rule of Bankruptcy 9019 (the "Motion"). BBBY shall file the Motion with the Bankruptcy Court and serve the Motion upon those parties entitled to notice thereof.

3. Within three (3) business days after execution of this Agreement (i.e., the Agreement has been signed by both BBBY and ONE or their respective agent(s)), BBBY's counsel, Huth Reynolds LLP ("HR LLP"), shall provide ONE with account information and transfer instructions for HR LLP's trust account, and ONE shall transfer the amount of Two Hundred Thirty Seven Thousand Five Hundred Dollars ($237,500) (the "Settlement Amount") to HR LLP's trust account, where the Settlement Amount will remain until the Order approving this Agreement is entered.

4. In consideration of the payment of the Settlement Amount described in Paragraph 3 above, upon entry of the Order approving this Agreement, BBBY agrees to and does fully, finally, and forever release and discharge ONE and its respective officers, directors, shareholders, members, attorneys, insurers, agents, independent contractors, employees, successors, legal representatives, assigns, parents, subsidiaries, and all affiliated entities, from any and all claims, disputes, demands, actions, suits, liabilities, and damages of any kind or character, whether known as of the date of this Agreement or discovered hereafter, arising out of or in connection with all charges billed or possibly incurred by and between BBBY and ONE with respect to the Shipments up to and including the date of this Agreement.

5. In consideration of this Agreement and other valuable consideration herein, upon entry of the Order approving this Agreement, ONE agrees to and does fully, finally, and forever release and discharge BBBY and its respective officers, directors, shareholders, members, attorneys, insurers, agents, independent contractors, employees, successors, legal representatives, assigns, parents, subsidiaries, and all affiliated entities, and customers and entities or persons related to the Shipments from any and all claims, disputes, demands, actions, suits, liabilities, and damages of any kind or character, whether known as of the date of this Agreement or discovered hereafter, arising out of or in connection with the Shipments, including the return of empty equipment in connection with the Shipments and charges in connection with the Shipments. Additionally, to the extent applicable, ONE agrees not to object to any plan of reorganization or liquidation in BBBY's chapter 11 cases and shall not opt out of or otherwise object to the releases and exculpation provisions set forth in any such plan of reorganization or liquidation.

6. Each Party shall be responsible for its own legal fees and costs, including in connection with BBBY's chapter 11 cases.

7. This Agreement shall be binding on the Parties and their respective successors and assigns (including any bankruptcy estate of BBBY and all such estate representatives).

8. This Agreement shall be governed exclusively by, and enforced in accordance with, the internal laws of the United States of America and, to the extent applicable, the State of New York. Each of the Parties consents to the exclusive jurisdiction of the Bankruptcy Court as to any litigation or

dispute that arises from or relates to this Agreement or any alleged breach thereof, and waives any objections to such jurisdiction and, if such rights exist, waives its right to a jury trial in any dispute arising under this Agreement.

9. The representatives of the Parties signing below each represent and warrant that they are duly authorized to enter into this Agreement on behalf of the Party for which they are signing. This Agreement may be signed in counterparts. An electronic or facsimile signature, including an email or faxed copy of a signature shall be as binding as an original ink signature.

10. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter of this Agreement and supersedes all prior written and oral agreements and understandings between the Parties with respect to the subject matter of this Agreement. This Agreement may not be amended except by a written agreement executed by both Parties to this Agreement. The Parties acknowledge that neither any other party nor any agent or attorney of any other party has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof to induce any party to execute this Agreement and acknowledge that they have not executed this Agreement in reliance upon any such promise, representation or warranty not contained herein.

11. If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remaining terms and provisions of this Agreement, or the application of such terms or provisions to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

12. In connection with the releases contained herein, ONE and BBBY acknowledge that they are aware that they or their attorneys may hereinafter discover facts different from or in addition to the facts which their attorneys now know or believe to be true with respect to the subject matter of this Agreement, but that it is ONE and BBBY's intention to fully and finally, absolutely and forever settle any and all claims identified herein and that in furtherance of such intention, the release herein given shall be and remain in effect as full and final release notwithstanding the discovery of any such different or additional facts. In entering into this Agreement, and the releases given hereunder, each of the Parties acknowledges that it has conducted its own independent investigation, has consulted with legal counsel of its own choice, and has not relied on any statement, representation, promise, inducement, or agreement not expressly contained within this Agreement. It is therefore understood and agreed that this Agreement is intended to cover and does cover all claims or possible claims of every nature and kind whatsoever, whether known or unknown, suspected or unsuspected, or hereafter discovered or ascertained which relate to the charges for the Shipments and all rights under Section 1542 of the Civil Code of California are hereby expressly waived.

13. Should any additional instruments be necessary or desirable to accomplish the purpose(s) of this Agreement or to establish the rights or discharge the obligations of either Party hereto, such additional instruments will be promptly executed and delivered upon the request of the other Party.

14. This Agreement shall not be construed in favor of or against any Party on the basis that the Party did or did not author this Agreement or any attachment related to it.

15. This Agreement represents the final agreement between the Parties with respect to the subject matter contained herein and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements between the Parties.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date first written above.

Bed Bath & Beyond, Inc.

DocuSigned by:
*David Kastin*    6/19/2023
By: David Kastin
Title: Executive Vice President,
Chief Legal Officer and Corporate Secretary

Ocean Network Express (North America) Inc. as general agent for Ocean Network Express Pte. Ltd.

By: Makoto Kodera
Title: Senior Vice president, Marketing & Commercial
Date : 6/20/2023