| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br> **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C. (admitted *pro hac vice*) <br> Derek I. Hunter (admitted *pro hac vice*) <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 <br> joshua.sussberg@kirkland.com <br> emily.geier@kirkland.com <br> derek.hunter@kirkland.com <br><br> **COLE SCHOTZ P.C.** <br> Michael D. Sirota, Esq. <br> Warren A. Usatine, Esq. <br> Felice R. Yudkin, Esq. <br> Court Plaza North, 25 Main Street <br> Hackensack, New Jersey 07601 <br> Telephone: (201) 489-3000 <br> msirota@coleschotz.com <br> wusatine@coleschotz.com <br> fyudkin@coleschotz.com <br> *Co-Counsel for Debtors and Debtors in Possession* |

Order Filed on July 26, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: <br><br> BED BATH & BEYOND INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH GROVE COURT SHOPPING CENTER LLC**

The relief set forth on the following pages, numbered two (2) through four (4), is **ORDERED**.

**DATED: July 26, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

65548/0001-45757924v2

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH GROVE COURT SHOPPING CENTER LLC |

Upon the *Debtors' Motion for Entry of an Order Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 193] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through Lease Termination Agreements between the Debtors and the applicable landlord, all as more fully set forth in the Motion, and upon entry of the *Order (I) Establishing Procedures To Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422]; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Lease Termination Agreement attached hereto as **Exhibit 1** (the "Lease Termination Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH GROVE COURT SHOPPING CENTER LLC |

Debtors having complied with the Lease Sale Procedures, and that the Debtors' entry into the Lease Termination Agreement is in the best interest of the Debtors and their estates and provides for the highest or best bid for the Lease (as defined in the Lease Termination Agreement); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, the Debtors and Landlord (as defined in the Lease Termination Agreement) are authorized to enter into and perform under the Lease Termination Agreement, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.  The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the termination of the Lease, the Debtors' surrender of the Premises (as defined in the Lease Termination Agreement), the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes the Landlord's release of any administrative claims (except as provided thereunder), are hereby approved in all respects.

2. Upon the Termination Date (as defined in the Lease Termination Agreement), the termination of the Lease shall occur without any further action required by the Debtors, and the Debtors shall surrender the Premises pursuant to the terms of the Lease Termination Agreement.

3. The Debtors are authorized, pursuant to section 363(b)(1) of the Bankruptcy Code, to transfer any rights in and under the Lease and the Premises to the Landlord, pursuant to the terms of the Lease Termination Agreement, which transfer shall, pursuant to section 363(f) of

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH GROVE COURT SHOPPING CENTER LLC |

the Bankruptcy Code, be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto.

4.  The Debtors and the Landlord are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

5.  The Lease Termination Agreement and each of the transactions contemplated therein were negotiated, proposed and are undertaken by the Debtors and the Landlord from arm's-length bargaining positions without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Landlord is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

6.  The Debtors and Landlord are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

8.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit 1**

Lease Termination Agreement

65548/0001-45757924v2

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "Agreement") is made as of this ___ day of _____, 2023 by and between Grove Court Shopping Center LLC ("Landlord") and Bed Bath & Beyond, Inc. ("Tenant" or "Debtor" and together with Landlord, the "Parties").

## RECITALS

WHEREAS, Landlord and Tenant entered into a certain lease dated June 29, 2018 (as may have been amended, supplemented or modified from time to time, with such lease and any and all amendments, supplements and/or modifications hereinafter referred to as the "Lease"), covering certain premises located at the shopping center known as Bedford Grove, in Bedford, NH (the "Premises") [Debtors' Store No. 756]; and

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief (the "Bankruptcy Case"), pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), which Bankruptcy Case is being jointly administered at Case No. 23-13359 (VFP); and

WHEREAS, Landlord has prepetition and postpetition sums due and owing from Tenant; and

WHEREAS, the Parties desire to enter into this Agreement for, among other things, Landlord to be restored to possession of the Premises as of the Termination Date, the Parties releasing the other and Landlord being able to use or dispose of any remaining property at the Premises in its sole and absolute discretion; and

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement:

## AGREEMENT

1.  Recitals. The Recitals are incorporated herein as if set forth at length.

2.  Lease Termination. The Lease is hereby terminated as of June, 30, 2023 (the "Termination Date").  In addition, any and all rights and obligations of the Parties that may have arisen in connection with the Premises shall be deemed to have expired and terminated as of the Termination Date, except that nothing herein shall waive any rights of contribution or indemnification arising from claims by third parties for personal injury or property damage with respect to or arising from the use and occupancy of the Premises by Tenant prior to the Termination or claims asserted by contractors, subcontractors, materialmen, laborers, or persons or entities entitled to assert mechanic's liens or similar claims for works of improvement at the Premises contracted for by Tenant, each of which shall be preserved to the fullest extent and survive the expiration or termination of the Lease and are not affected by the mutual releases contained in this Agreement (the "Surviving Claims").  By no later than the Termination Date, Tenant shall

surrender possession of the Premises to Landlord; *provided* that Tenant may in writing (an e-mail being sufficient) surrender the Premises to Landlord and either (i) return the keys, key codes, or security codes, if any, to Landlord contemporaneously therewith, or (ii) if such keys, keys codes and security codes, if any, are not available, notify Landlord in writing (an e-mail being sufficient) that Landlord may rekey the Premises.  Effective as of the Termination Date, Tenant surrenders the Premises to Landlord and shall give, grant and surrender unto Landlord all of Tenant's right, title and interest in and to the Premises, including, without limitation, all of Tenant's right, title and interest in, to and under the Lease, and Landlord hereby accepts such surrender.  On the Termination Date, Tenant shall deliver to Landlord possession of the Premises in as-is condition.  Each of the parties hereto agree that, from and after the Termination Date, the Lease, and all rights and obligations of the parties thereunder, shall be deemed to have expired and terminated as fully and completely and with the same force and effect as if such date were the expiration date set forth in the Lease, except as set forth in this Agreement.  Tenant shall have no further right to occupy or possess the Premises or have any further rights under the Lease after the Termination Date, or to otherwise operate at the Premises beyond the Termination Date.

3. <u>Consideration</u>. Landlord shall (i) credit for all pre-petition and post-petition claims of Landlord under the Lease due from Debtors (the "<u>Cure Costs</u>"), and (ii) waive any claim for damages arising from the rejection of the Lease under 11 U.S.C. § 502(b)(6) as consideration for this Agreement (the "<u>Consideration</u>").

4. <u>Landlord Release of Tenant</u>. Conditioned upon (i) the entry of an order of the Bankruptcy Court approving this Agreement (the "<u>Bankruptcy Order</u>") and (ii) Tenant's return of possession of the Premises to Landlord in accordance with this Agreement on or prior to the Termination Date, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease save and except for (x) rights and obligations created or reserved by this Agreement; (y) covenants and obligations of the Tenant, including the payment of all rent and related lease charges as and when they come due under the Lease, from the date of this Agreement through the Termination Date; and (z) the Surviving Claims.

5. <u>Tenant Release of Landlord</u>. Conditioned upon (i) the entry of the Bankruptcy Order, (ii) the execution and delivery of this Agreement by Landlord and Tenant, and (iii) the receipt of the Consideration by Tenant in exchange for the termination of the Lease as provided herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord,

and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease, including specifically, but not limited to, claims under 11 U.S.C. §§ 544, 547, 548 and 550, and all claims relating in any way to common area maintenance fees and other so-called "triple-net" charges payable under the Leases, and any year-end adjustments or reconciliations relating to same, save and except for (x) the rights and obligations created by this Agreement; and (y) the Surviving Claims.

6. <u>California Civil Code Section 1542</u>. As further consideration for this Release, the parties hereto, for themselves and their successors and assigns, hereby agree, represent and warrant that the matters released herein are not limited to matters that are known or disclosed, and the parties hereby waive any and all rights and benefits that they now have, or in the future may have, conferred upon it by virtue of the provisions of Section 1542 of the Civil Code of the State of California (or any other statute or common law principles of similar effect), which Section provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In this connection, the parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that this Release has been negotiated and agreed upon in light of that realization and that, except as expressly limited above, it nevertheless hereby intends to release, discharge, and acquit the Released Parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses. Notwithstanding the foregoing, the obligations of Tenant to defend, indemnify, and hold the Landlord harmless for claims or potential claims (including but not limited to: (i) any third-party claims for bodily injury, personal injury, or property damage relating to the Premises; and, (ii) claims asserted by contractors, subcontractors, materialmen, laborers or persons or entities entitled to assert mechanics' liens or

similar claims for works of improvement at any of the Premises) shall survive termination of the Leases, and are not affected by the mutual release contained in this Agreement.

7. <u>Conditions Precedent</u>. As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

(a) Tenant has delivered possession of the Premises to Landlord;

(b) Tenant has delivered to Landlord the keys and access codes to the Premises;

(c) The Bankruptcy Order has been entered by the Bankruptcy Court approving the entirety of this Agreement.

8. <u>Furniture, Fixtures and Equipment (FF&E)</u>. Any FF&E or other personal property remaining in or at the Premises following the Termination Date shall be deemed abandoned by the Tenant and the Landlord and its managing agents are free to use or dispose of such FF&E or other personal property in their sole and absolute discretion without notice or liability to the Debtors or any third parties entity.

9. <u>Authority to Settle</u>. Each of the Parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

10. <u>Entire Agreement</u>. This Agreement, any exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the Parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the Parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

11. <u>Advice of Counsel</u>. Each of the Parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no party is relying on any representation or statement made by any other party or any person representing such other party.

12. <u>Attorneys' Fees</u>. Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

13. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

14. <u>Governing Law.</u> This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

15. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

16. <u>Broker</u>.  The Parties hereto each warrant and represent to each other that it has dealt with no broker or real estate consultant in connection with the consummation of this Agreement, except for Tenant's broker A&G Realty Partners, and in the event of any other consultant or brokerage claims against a party (the "<u>Innocent Party</u>") predicated upon prior dealings with the other party, such other party agrees to defend the same and indemnify the Innocent Party against any such claim.  Tenant shall pay its broker a commission pursuant to a separate agreement.

17. <u>Miscellaneous</u>.

(a)    The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

(b)    This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c)    Each of the Parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the Parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. Because this Agreement was drafted with the participation of all Parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the Parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the Parties to this Agreement.

*[Signatures appear on following page]*

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**GROVE COURT SHOPPING CENTER LLC**

By: _____
   DocuSigned by: [signature]
   692DDCDA3B0D433...
Print Name: David A. Vender
Its: Executive Vice President
July 18, 2023 | 3:47 PM EDT

**BED BATH & BEYOND, INC.**

By: _____
   DocuSigned by: Wade Haddad
   39C2464B1AAD429...
Print Name: _____
Its: _____

DMFIRM #408537693 v1                                7