**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua
A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier,
P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

Order Filed on July 30, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365
AND 363 APPROVING THE LEASE TERMINATION AGREEMENT
WITH TOWN & COUNTRY (CA) STATION L.P.**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED.**

**DATED: July 30, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

65548/0001-45699313v3

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH TOWN & COUNTRY (CA) STATION L.P. |

This stipulation and consent order (the "Stipulation") is made by and between Town & Country (CA) Station L.P. ("Landlord") and Bed Bath & Beyond Inc., and its affiliates, as debtors and debtors in possession (the "Debtors," and together with Landlord, the "Parties"), including, as applicable, by and through their duly authorized undersigned counsel.

**WHEREAS,** on April 23, 2023 (the "Petition Date"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS,** the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS,** as of the Petition Date, Landlord and one of the Debtors were parties to an unexpired lease (the "Lease") of nonresidential real property located at Town & Country Village, 2725 Marconi Ave., Sacramento, CA 95821 (the "Premises");

**WHEREAS**, the Parties have agreed upon the terms of the Lease Termination Agreement attached hereto as **Exhibit A** (the "Lease Termination Agreement"), for which the Parties seek approval hereby;

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1.     The recitals set forth above are hereby made an integral part of the Parties' Stipulation and are incorporated herein.

65548/0001-45699313v3

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH TOWN & COUNTRY (CA) STATION L.P. |

2. Pursuant to sections 105(a), 363(b)(1) and (f), and 365(a) of the Bankruptcy Code, the Debtors and Landlord are authorized to enter into and perform under the Lease Termination Agreement, attached hereto as **Exhibit A**, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder. The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the rejection and termination of the Lease, the Debtors' surrender of the Premises, the abandonment of the personal property and FF&E remaining in the Premises, the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes Landlord's release of any administrative claims (except as provided thereunder), are hereby approved in all respects.

3. Upon the Termination Date (as defined in the Lease Termination Agreement), the Debtors' rejection and termination of the Lease shall occur without any further action required by the Debtors, and the Debtors shall surrender the Premises to Landlord pursuant to the terms of the Lease Termination Agreement, including turnover of the keys and access code (or written confirmation that Landlord is authorized to change the locks).

4. The Debtors are authorized, pursuant to section 363(b)(1) of the Bankruptcy Code, to transfer any rights in and under the Lease and the Premises to Landlord, pursuant to the terms of the Lease Termination Agreement, which transfer shall, pursuant to section 363(f) of the Bankruptcy Code, be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH TOWN & COUNTRY (CA) STATION L.P. |

transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto.

5. The Debtors, in their sole discretion, are authorized, pursuant to section 554(a) of the Bankruptcy Code, to abandon to Landlord any personal property, including the FF&E, remaining in the Premises as of the Termination Date, provided the Debtors shall use commercially reasonable effort to remove "personally identifiable information" from any personal property to be abandoned, and Landlord and their representatives and managing agents are free to use or dispose of such abandoned property and FF&E in their sole and absolute discretion without liability to the Debtors or any entity.

6. The Debtors and Landlord are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

7. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), upon the Court's approval of this Stipulation, the relief set forth herein shall be effective and enforceable immediately upon entry hereof.

8. The requirement set forth in Local Rule 6007-1 that the Debtors file a notice of proposed abandonment is hereby deemed satisfied by the contents of the Application and Lease Termination Agreement or otherwise waived.

9. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

Dated: July 20, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:    josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**SAUL EWING LLP**
Monique B. DiSabatino, Esq.
1201 North Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6806
Email: Monique.DiSabatino@saul.com

*Counsel for Town & Country (CA) Station L.P.*

# **EXHIBIT A**

**Lease Termination Agreement**

65548/0001-45699313v3

**LEASE TERMINATION AGREEMENT**

This Lease Termination Agreement (the "**Agreement**") is made as of this 18th day of July, 2023 by and between Town & Country (CA) Station L.P. ("**Landlord**") and Bed Bath & Beyond, Inc. ("**Tenant**" or "**Debtor**").

**RECITALS**

WHEREAS, Landlord and Tenant (or their predecessors) entered into a certain lease dated December 28, 2011 (as amended on or about March 24, 2014 and on February 5, 2021, and inclusive of the Rent Deferment Letter Agreement dated May 27, 2020, the "**Lease**"), covering certain premises located at Town & Country Village, 2725 Marconi Ave., Sacramento, CA 95821 (the "**Premises**"), on the terms and conditions set forth therein;

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**");

WHEREAS, the Parties desire to enter into this Agreement, under which, among other things, Landlord is restored to possession of the Premises as of the Termination Date (as defined below), the parties release each other, and Landlord is able to dispose of any remaining equipment at the Premises in its sole and absolute discretion;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows, subject only to an order of the Bankruptcy Court approving this Agreement (the "**Bankruptcy Court Order**"):

**AGREEMENT**

1.  <u>Recitals</u>. The Recitals are incorporated herein as if set forth at length.

2.  <u>Lease Termination</u>. Subject to the Bankruptcy Court Order, the Lease shall immediately and automatically be deemed terminated effective as of July 31, 2023 (the "**Termination Date**"). From and after the Termination Date, Tenant shall have no right, title or interest in or to the Premises pursuant to the Lease. Subject to the Bankruptcy Court Order, no later than the Termination Date, Tenant shall surrender the Premises to Landlord, deliver possession thereof to Landlord and deliver all access codes and keys (or written confirmation that Landlord is authorized to change the locks), key codes and alarm codes for the Premises (if practically available) to Landlord. Tenant shall have no obligation to perform any repair or replacement work to any part of the Premises or any fixtures, fittings or improvements therein and the Premises shall be delivered in their as-is condition. As of the date of execution of this Agreement, Tenant acknowledges and agrees that, from and after the date hereof, (a) Landlord shall have the right to immediately market the Premises for lease and Tenant shall allow Landlord reasonable access to the Premises for such purpose, and (b) Tenant shall not market the Lease, and shall remove the Lease from any lease sale procedures or sale process, and shall instruct its representatives, advisors and agents (including A&G Realty and JLL) accordingly.

3.  <u>Consideration</u>. Landlord shall, on the Effective Date (as defined herein), pay Tenant the summer of $10,000.00 in cash and waive all unpaid pre and post-petition amounts due to Landlord as of

the date of this Agreement, including Landlord's claim in the amount of $176,441.35, subject to satisfaction of the conditions precedent listed in paragraph 7 of this Agreement.

4. <u>Landlord Release of Tenant</u>. Subject to Tenant's timely surrender of the Premises by the Termination Date as required herein, for valuable consideration, and the mutual covenants and agreements contained herein, effective from and after the Termination Date, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery with respect to the Lease, except that (i) Landlord does not release Tenant from Tenant's obligations under this Agreement, and (ii) to the extent necessary to seek indemnification under any applicable liability insurance policy of Tenant, Landlord does not release Tenant from any claims for indemnification under the Lease arising from any third-party claims that may be asserted against Landlord for occurrences prior to the Termination Date.

5. <u>Tenant Release of Landlord</u>. For valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, avoidance actions under chapter 5 of the Bankruptcy Code, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

6. <u>Extent of Release</u>. The parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that the Releases set forth in sections 4 and 5 above have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, they nevertheless hereby intend to release, discharge, and acquit the parties released in sections 4 and 5 above from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

7. <u>Conditions Precedent</u>. As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

2

    (a) Tenant has delivered possession of the Premises to Landlord in the condition required under the Lease;

    (b) Tenant has delivered to Landlord the keys and access codes to the Premises; and

    (c) An order has been entered by the Bankruptcy Court approving the entirety of this Agreement (the "**Bankruptcy Court Order**"). The date on which the Bankruptcy Court enters the Bankruptcy Court Order shall be referred to herein as the "**Effective Date**." Tenant shall use commercially reasonable efforts to seek and obtain Bankruptcy Court approval of this Agreement on an expedited basis such that the Effective Date shall occur no later than July 28, 2023.

  8. <u>Tenant Representations, Warranties and Covenants</u>. Tenant represents and warrants to Landlord that:

(a) All utility services relating to the Premises directly billed to Tenant, if any, which are consumed in or which service the Premises shall be terminated by Tenant prior to the Termination Date and charges for such utility services shall have been paid in full through the date on which Tenant terminates such utility service;

(b) To the best of Tenant's actual knowledge, there are no outstanding contracts for the supply of labor or material to the Premises as of the date hereof, and as of the Effective Date, no work will have been done, or materials delivered, in, about, or to the Premises which have not been fully paid for and for which a mechanic's lien could be asserted and/or foreclosed; and

(c) To the best of Tenant's actual knowledge, there are not any actions, suits or proceedings pending or threatened before any governmental department, commission, board, bureau, agency or instrumentality that would affect the Premises or the right to occupy or utilize it.

  9. <u>Furniture, Fixtures and Equipment (FF&E)</u>. In advance of the Termination Date, Tenant will use commercially reasonable efforts to remove "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, from any personal property to be abandoned upon the Termination Date. Upon the termination date, any FF&E remaining at the Premises is deemed abandoned and the Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to the Debtor or any third party.

  10. <u>Authority to Settle</u>. Each of the parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

  11. <u>Entire Agreement</u>. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

3

41847909.7 07/18/2023

12. <u>Advice of Counsel</u>. Each of the parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

13. <u>Attorneys' Fees</u>. Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

14. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

15. <u>Governing Law</u>. This Agreement shall be governed by and construed under the laws of the State of California, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

16. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

17. <u>Miscellaneous</u>.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

4

(e) Tenant acknowledges and agrees that Landlord shall have no obligation to pay a broker commission or any other compensation to any broker or real estate consultant engaged by Tenant with respect to this Agreement. To the maximum extent permitted by governing law, Tenant agrees to indemnify and defend Landlord against and hold it harmless from all liabilities arising from any such broker claim arising on account of Tenant's acts or omissions (including, without limitation, the cost of attorney fees in connection therewith).

(f) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signatures appear on following page]*

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**LANDLORD:**

TOWN & COUNTRY (CA) STATION L.P.,
a Delaware limited partnership

BY: Town & Country (CA) Station GP LLC, a Delaware limited liability company, its general partner

BY: Phillips Edison Grocery Center Operating Partnership I, L.P., a Delaware limited partnership, its sole member

BY: Phillips Edison Grocery Center OP GP I LLC, a Delaware limited liability company, its general partner

By: _____

Name: Joseph G. Schlosser

Its: Senior Vice President, Portfolio Management

Date: July 18, 2023

**TENANT:**

BED BATH & BEYOND INC.,
a New York corporation

By:_____

Print Name:_____

Its:_____

Date:_____

6

41847909.4 07/13/2023