**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

Order Filed on July 31, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF**

**DATED: July 31, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The relief set forth on the following pages, numbered two (2) through fourteen (14), is

**ORDERED**.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through Assumption and Assignment Agreements between the Debtors and the prospective assignee, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the Debtors

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Assumption and Assignment Agreement attached hereto as **Exhibit 1** (the "Assumption and Assignment Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

having complied with the Lease Sale Procedures, and that the Debtors' entry into the Assumption and Assignment Agreement is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Lease (as defined in the Assumption and Assignment Agreement); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Debtors and Michaels Stores, Inc. (the "Assignee") are authorized to enter into and perform under the Assumption and Assignment Agreement, and to implement the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.  The Assumption and Assignment Agreement and all of the terms and conditions thereof is hereby approved in all respects.

2.      All holders of Interests (as defined below) and other persons and entities are deemed to consent to the relief granted herein for all purposes.  The landlord (the "Landlord") and landlords or counterparties to the applicable ground lease related to the Lease consent to the relief granted herein for all purposes.

3.      Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, the Debtors are hereby authorized and directed to (a) sell and assume and assign to Assignee, in accordance with the terms of the Assumption and Assignment Agreement, the Lease (as identified in the Assumption and Assignment Agreement), free and clear of any and all licenses, tenants and/or subtenants, license and concession agreements for all or any part of the Premises, and all liens, claims and encumbrances (collectively, "Interests"),  (b) execute and deliver to the Assignee

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

such documents or other instruments as the Assignee deems necessary to assign and transfer the Lease to Assignee, and (c) take any and all actions necessary or appropriate to consummate the Assumption and Assignment Agreement.  Each holder of any Interest against the Debtors, their estates, or the Lease (i) has, subject to the terms and conditions of this Order, consented to the Lease Sale or is deemed to have consented to the Lease Sale; (ii) could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.

4.    The Lease is an "unexpired lease" of the Debtors within the meaning of Section 365 of the Bankruptcy Code.  Assignee has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Lease.  Assignee is a good faith purchaser of the Lease within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

5.    There shall be no rent accelerations, assignment fees, increases or any other fees charged to Assignee or the Debtors as a result of the assumption and assignment of the Lease.

6.    Effective as of the date of entry of this Order, the assignment of the Lease by the Debtors to Assignee shall constitute a legal, valid, and effective transfer of such Lease notwithstanding any requirement for approval or consent by any person and vests Assignee with all right, title, and interest of the Debtors in and to such Lease, free and clear of all Interests pursuant to sections 363(f) and 365 of the Bankruptcy Code.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

7.      Any provisions in the Lease that prohibit or condition the assignment of such Lease or allow the Landlord (as defined in the Assumption and Assignment Agreement) to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Assignee in connection with the assumption and assignment of the Lease. The Lease shall remain in full force and effect, without existing defaults, subject only to payment by of the appropriate Cure Costs (defined below), if any.

8.      The applicable amounts that (a) accrued but had not yet come due and (b) came due and were required to be paid prior to the Petition Date (collectively, the "Cure Costs") to assume and assign the Lease are hereby fixed at the amounts set forth in **Exhibit 2**, on the record of the Hearing (if any), as otherwise agreed between the Landlord, the Debtors, and/or the Assignee, or as determined by Court order, as the case may be.

9.      Within three (3) business days of the Closing Date or as otherwise set forth solely with respect to payment of the Cure Costs set forth on **Exhibit 2** hereto, the Debtors shall pay the Landlord the Cure Costs.  Payment of the Cure Costs shall constitute the cure of all defaults arising under the Lease that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).  For the avoidance of doubt and notwithstanding anything to the contrary herein, the Debtors shall remain liable for any additional obligations under the Lease that arise under section 365(d)(3) of the Bankruptcy Code between the

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

date of the entry of this Order and the Closing Date. Moreover, to the extent that the Cure Costs are not paid in accordance with the terms of the Lease prior to the Closing Date, the Landlord shall be entitled to request, upon such notice and a hearing as the Bankruptcy Code and the Bankruptcy Rules require or this Court otherwise orders, immediate payment of such obligations under section 365(d)(3) of the Bankruptcy Code from the Debtors and their estates, and all rights of the Debtors and their estates in connection with any such request shall be reserved.

10.     Upon payment of the applicable Cure Costs, the Debtors and the Landlord are hereby barred and permanently enjoined from asserting against one another or the Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order; *provided, however*, that nothing herein shall impair or prejudice the Landlord's rights with respect to the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the premises subject to the Lease with regard to events that occurred prior to the effective date of assumption and assignment of the Lease to Assignee.

11.     Assignee shall be deemed to be substituted for the Debtors as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the Assumption Date.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Assignee shall be required to

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

13.     There are no use provisions in the Lease prohibiting Assignee from operating its business in the ordinary course.  No terms, including with respect to exclusive use and/or prohibited use at the shopping centers at which the Lease is located, to the extent applicable, blocks the assumption and assignment of such Leases to the Assignee.

14.     Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in such Lease that purports to be personal only to a Debtor or Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the Assignee, in accordance with the terms of such Lease.  The Debtors have timely exercised any applicable extension or renewal options under the Lease, and the Lease is in all in full force and effect.  The Debtors have not previously rejected the Lease and the Debtors' period to assume or reject the Lease has not otherwise expired.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

15. Notwithstanding anything in the Motion, or the Assumption and Assignment Agreement to the contrary, and except as set forth in this Order, from and after the assumption and assignment to Assignee of the Leases in accordance with this Order, Assignee shall comply with the terms of the Lease in its entirety (as may be modified in any written agreement between Assignee and the Landlord (a "Landlord Agreement")), including, without limitation, any indemnification obligations expressly contained in the Lease and any rent, common area maintenance, insurance, taxes, or similar charges expressly contained in the Lease that come due on or after the effective date of assumption and assignment to Assignee of the Lease, as applicable; provided that Assignee's assumption of liabilities under the Lease shall be limited to obligations arising from and after the Closing Date.

16. Notwithstanding any provision of the Lease (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, Assignee shall not be required to operate its business from the leased premises for a reasonable period of time after the entry of this Order, in order to perform alterations and remodeling which shall be done in a manner consistent with the terms of the Lease and to replace and modify existing signage to the extent necessary to operate at the premises under as a Assignee store and consistent with its business operations and the terms of the Lease. Notwithstanding any provision of the Lease to the contrary (including any related REA or Master Lease), to the extent the Landlord's consent is required for any such

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

alteration or signage modification, the Landlord's consent thereto shall not be unreasonably withheld, conditioned, or delayed.  If such alterations or signage modifications are consistent with Assignee's other locations, such consent shall not be required provided that Assignee complies with applicable law.

17.    On or before the Closing Date, all persons that are currently in possession of the Lease are hereby directed to surrender possession of the Lease to the Assignee.  To the extent required by the Assumption and Assignment Agreement, the Debtors agree to exercise commercially reasonable efforts to assist the Assignee in assuring that all persons or entities that are presently, or on the Closing Date may be, in possession of the Lease will surrender possession of the Lease to either (i) the Debtors before the Closing Date, or (ii) the Assignee on or after the Closing Date.

18.    Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

19.    Except as otherwise expressly provided in this Order and the Assumption and Assignment Agreement, all persons (and their respective successors and assigns) including the Debtors, the Debtors' estates, all debt security holders, equity security holders, governmental, tax and regulatory authorities, governmental units, lenders, employees, former employees, trade

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

creditors and any other creditors holding claims against the Debtors, the Lease, or the Debtors' businesses (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior, or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Lease, or the Debtors' businesses prior to the Closing Date, are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims against the Assignee, its affiliates, successors or assigns, its property or the Lease, including taking any of the following actions with respect to or based on a claim: (a) commencing or continuing in any manner any action or other proceeding against the Assignee, its affiliates, successors or assigns, assets, or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Assignee, its affiliates, successors, or assigns, assets, or properties; (c) creating, perfecting, or enforcing any claims against the Assignee, its successors or assigns, assets, or properties; (d) asserting a claim as a setoff, right of subrogation or recoupment of any kind against any obligation due the Assignee or its successors, or assigns; or commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Order or the agreements or actions contemplated or taken in respect thereof.  No such persons shall assert or pursue against the Assignee or its affiliates, successors or assigns any such claim.

20.    Following the Closing Date, no holder of any claim shall interfere with the Assignee's title to or use and enjoyment of the Lease based on or related to any such claim or based on any actions the Debtors may take in these chapter 11 cases.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

21.     Except as expressly set forth in the Assumption and Assignment Agreement, the Assignee and its successors and assigns shall have no liability for any claim, whether known or unknown as of the Closing Date, now existing, whether fixed or contingent, whether derivatively, vicariously, as a transferee or successor or otherwise, of any kind, nature or character whatsoever, by reason of any theory of law or equity.

22.     By virtue of the transaction approved by this Order and contemplated in the Assumption and Assignment Agreement, the Assignee and its affiliates, successors and assigns shall not be deemed or considered to, (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors, (b) have, de facto or otherwise, merged with or into any or all Debtors, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and the Assignee has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates. Except as expressly set forth in the Assumption and Assignment Agreement, the Assignee and its affiliates, successors and assigns shall have no successor, transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, regulation or doctrine, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the

**Error! Unknown document property name.**

(Page | 12)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

Debtors arising prior to the Closing Date, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the operation of the Lease prior to the Closing Date or arising based on actions of the Debtors taken after the Closing Date.

23. Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order and any and all other documents and instruments necessary and appropriate to consummate the Lease Sale to the Assignee.

24. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing officers, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Lease.

25. This Order, and the terms and provisions of the Assumption and Assignment Agreement, shall be binding on all entities and individuals, whether in a personal capacity or otherwise. For the avoidance of doubt, this includes any chapter 11 or chapter 7 trustee (or other fiduciary) that may be subsequently appointed in the Debtors' cases or any other or further case involving the Debtors, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

**Error! Unknown document property name.**

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

26.     The Assumption and Assignment Agreement and the ancillary documents thereto and the consummation thereof, and the Sale itself shall not be avoided under section 363(n) or chapter 5 of the Bankruptcy Code.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

28.     The Debtors and Assignee are authorized to take any and all actions reasonably necessary or appropriate to consummate the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.

29.     In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern in all respects.  To the extent the Landlord and Assignee enter into Landlord Agreement modifying the terms of this Order, which for the avoidance of doubt, such side-letter agreement does not include the Assumption and Assignment Agreement, the terms of such Landlord Agreement shall govern to the extent of any inconsistency with this Order.

30.     Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

31.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 14)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF AN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH MICHAELS STORES, INC.; AND (III) GRANTING RELATED RELIEF |

32.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

33.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Assumption and Assignment Agreement**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of July 31, 2023, is by and between Bed Bath & Beyond Inc. ("Assignor"), Michaels Stores, Inc. ("Assignee") and Uncommon LLC, successor-in-interest to Uncommon, Ltd. ("Landlord"). All provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases") on April 23, 2023 (the "Petition Date");

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume (the "Transaction") the unexpired lease between Assignor and Landlord identified on Schedule A attached hereto (the "Assigned Asset" or the "Lease") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases of the proposed form of sale order acceptable to Assignee and Assignor approving this Agreement (the "Sale Order"); and

WHEREAS, Landlord consents to the assumption by Assignor and assignment to Assignee of the Lease as set forth in this Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties (the "Parties") hereto agree as follows:

## AGREEMENT

1.    Assignment and Assumption. Effective upon entry of the Sale Order, but not later than July 31, 2023 (the "Closing"):

(a)    Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Asset, including, without limitation, the right to possession of the Premises.

(b)    Except as specifically set forth in this Agreement, Assignee hereby assumes all of the terms, conditions and covenants of the Lease as tenant under the Lease effective as of the Closing.

(c)    For the avoidance of doubt and notwithstanding any other provision of this Agreement, Assignee shall not be responsible for and is not assuming any liabilities that arose prior to the Closing that remain unsatisfied as of the Closing, including, but not limited to, personal injury, third-party tort or property damage claims that accrued or arose before the Closing but may be adjudicated after the Closing.

(d)    For the avoidance of doubt and notwithstanding any other provision of this Agreement, any and all lease payments for the Premises or receipts, rentals, costs, charges, fees or expenses connected with the use or operation of the Premises, including all common area costs, shall be prorated between the parties on the date of Closing and Assignor shall bear its proportion thereof through the day prior to the date of Closing using the best available information at the time of the proration. Subject to the terms of the Sale Order, Assignor shall be responsible for any penalties and interest payable for rent or

other items under the Lease where the same are due as a result of an underpayment or late payment by Assignor prior to the date of Closing and Assignee shall be responsible for such amounts in respect of periods on or following the Closing. For purposes of calculating any proration, Assignor shall be responsible for amounts allocable to the period up to but not including the date of Closing. All such prorations shall be made on the basis of the actual number of days of the year and month which shall have elapsed as of the Closing.

2.        Payment of Purchase Price. As of the date hereof, Assignee has paid a $2,500 deposit (the "Deposit") to Assignor. Within three business days of entry of the Sale Order, Assignee shall deliver the purchase price for the Assigned Asset in the aggregate amount of $450,000.00 (the "Purchase Price") minus the Deposit already paid plus Cure Costs, which Purchase Price includes the amounts required to be paid to Landlord in connection with the assumption and assignment of the Lease pursuant to section 365 of the Bankruptcy Code, as identified on Schedule A hereto (the "Cure Costs"), in immediately available funds wired to the account specified by Assignor; *provided* that in the event the final Cure Costs include obligations or duties not identified on Schedule A hereto or in excess of the amounts listed on Schedule A hereto, absent written consent from Assignee to pay such additional and/or increased Cure Costs as part of its Purchase Price or Assignor's agreement to pay the same, Assignee may terminate this Agreement.

3.        Assumption of Liabilities. Payment of the Cure Costs shall represent satisfaction of all defaults or other obligations of Assignor arising or accruing prior to the Closing under the Lease, including, but not limited to the Cure Costs and fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "True-Up Charge") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of the Assigned Asset, but without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code. Assignee shall have no liability or obligation arising or accruing under the Assigned Asset prior to the Closing. Assignee shall assume all obligations with respect to the Assigned Asset arising from and after the Closing. The Lease shall be transferred to, and remain in full force and effect for the benefit of, Assignee, in accordance with its terms, as modified herein and as may be amended. Upon assumption by Assignor and payment of the Cure Costs, no default shall exist and any and all prior defaults under the Lease, if any, whether monetary or non-monetary, shall be deemed cured, and Assignee shall have no liability therefore.

4.        No Further Liability of Assignor. Upon payment of the Cure Costs, from and after the Closing, Assignor and Landlord shall have no further obligations and duties to one another with respect to the Assigned Asset; provided that nothing herein shall impair or prejudice the Landlord's right to recover from the Assignor's available insurance coverage with respect to third-party claims asserted in connection with the Assignor's use and occupancy of the Assigned Asset on account of events that occurred prior to the Closing. For the avoidance of doubt and notwithstanding anything to the contrary herein, the Assignor shall remain liable for any additional obligations under the Lease that arise under section 365(d)(3) of the Bankruptcy Code between the date of the entry of this Order and the Closing Date.

5.        Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Asset.

6.        "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor and the Landlord (as to the Landlord, other than the representations and warranties in the Lease) make no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset; provided, however, (i) Assignor and Landlord warrant and represent: (a) Assignor is the

tenant under all of the Lease; (b) the Lease is in full force and effect; (c) the Lease, as identified on <u>Schedule A</u>, is complete in listing all documents comprising the Lease and there are no other agreements (written or verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease or that otherwise give rights with regard to use of the Premises under the Lease or limit the use of the Premises; and (ii) Assignor represents and warrants that there are no service contracts for any of the Assigned Asset which will bind Assignee after the Closing and Assignor shall terminate any and all service contracts with respect to the Lease prior to Closing or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Asset.

7.      <u>Sale Order</u>. Each party's obligation under this Agreement is expressly subject to and conditioned upon the entry of the Sale Order by the Bankruptcy Court in form and substance reasonably satisfactory to the Assignor, Assignee, and Landlord, that shall, among other things, (a) approve, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, (i) the execution, delivery and performance by Assignor of this Agreement, (ii) the transfer and assignment of the Assigned Asset to Assignee on the terms set forth herein and free and clear of all liens, encumbrances, security interests, pledges, claims and/or other interests, and (iii) the performance by Assignor of its obligations under this Agreement; (b) authorize and empower Assignor to assign to Assignee the Lease; (c) order that, notwithstanding Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure, the Sale Order shall take effect immediately upon entry; (d) order that there shall be no rent accelerations, assignment fees, increases or other fees charged or chargeable to Assignee as a result of the sale and assignment of the Lease; (e) establish the Cure Costs as the amount necessary to cure all defaults under the Lease; (f) authorize Landlord to execute and deliver, upon the reasonable request of Assignee and at no cost to Landlord, any instruments, applications, consents or other documents which may be required by any governmental agency for the purpose of obtaining permits, approval of other necessary documents required for the alteration, opening and operating of the Premises by Assignee; (g) authorize the rejection of all license and concession agreements pursuant to which Assignor has granted any party a license, access or right to use all or any portion of the Premises for any purpose whatsoever; (h) find that Assignee is a "good faith" buyer within the meaning of section 363(m) of the Bankruptcy Code, not a successor of Assignor, and grant Assignee the protections of section 363(m) of the Bankruptcy Code; (i) find that Assignee shall have no liability or responsibility for any liabilities or other obligations of the Assignor arising under or related to the Assigned Asset other than as expressly set forth in this Agreement, including successor or vicarious liabilities of any kind or character, including any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity; (j) find that the assignment contemplated by this Agreement shall not be avoided pursuant to section 363(n) of the Bankruptcy Code; (k) find that all tenant contributions due and owing under the Lease have been paid in full; and (l) find that all exclusives and use restrictions contained in the Lease benefitting the Assignor continue in full force and effect, notwithstanding any closures or cessations in business operations by Assignee or Assignor.

To the extent such Sale Order is not approved by the Court, neither Assignee nor Assignor shall have any obligations under this Agreement or, solely with respect to Assignee, the entire Purchase Price, including the Deposit, shall be returned to Assignee within five (5) business days of the Court's denial or any other event that makes the entry of such Sale Order impossible, provided that Assignee (a) shall negotiate the terms of the Sale Order and modifications of the Lease (if any) with Landlord in good faith and (b) participate in the hearing to approve the Sale Order, if reasonably requested in writing by Assignor and if applicable; *provided* that such participation may be through remote attendance.

8.      <u>Assignor's Delivery of Documents</u>. Assignor shall deliver to Assignee each of the following: (i) an executed counterpart of this Agreement; (ii) all applicable state, county and municipal transfer declarations and any other required governmental certificates, provided that Assignor shall use commercially reasonable efforts to obtain and deliver such documentation to Assignee; (iii) if Assignor has any assignable rights under any Non-Disturbance Agreement, Reciprocal Easement Agreement, or any

other agreement with respect to each Premises, an assignment of such rights executed by Assignor, subject to the consent of such assignment from the applicable counterparty; and (iv) all other documents (including assignments of operating agreements affecting the Premises and closing statements), affidavits, instruments and writings reasonably required to be executed and delivered by Assignor at or prior to the entry of the Sale Order or otherwise required by law or reasonably requested by Assignee, if not previously delivered.

9.    <u>No Holdover</u>.  Assignor shall fully vacate the Assigned Asset no later than July 31, 2023. In the event Assignor fails to fully vacate the Assigned Asset as provided herein, Assignee shall have no obligation pursuant to the Lease(s) to pay any further rent, additional rent, or percentage rent unless and until Assignee complies with this Agreement.

10.    <u>Compliance With Law</u>. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

11.    <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

12.    <u>Jurisdiction.</u> The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

13.    <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

14.    <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

15.    <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR**:

Bed Bath & Beyond Inc.

By: _____

Name: _____

Title:_____

STATE OF _____                    )
                                            ) SS.
COUNTY OF _____                      )

And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of _____, a _____, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth. This is an acknowledgement certificate. No oath or affirmation was administered to the signer with regard to this notarial act.

GIVEN under my hand and notarial seal this _____ day of July, 2023.

_____

Notary Public

My Commission Expires: _____

**ASSIGNEE**:

Michaels Stores, Inc.


By: _____

Name: _____

Title:_____


STATE OF _____                    )
                                            ) SS.
COUNTY OF _____                       )


      And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of Michaels Stores, Inc., and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth.  This is an acknowledgement certificate. No oath or affirmation was administered to the signer with regard to this notarial act.

      GIVEN under my hand and notarial seal this ____ day of July, 2023.


                  _____

                  Notary Public

                  My Commission Expires: _____

**LANDLORD**:
Uncommon, LLC

**BY ITS MANAGING MEMBER**
Regency Centers L.P.

By: _____
Name: <u>Ernst Bell</u>
Title: <u>Associate General Counsel, Vice
President - Legal</u>

STATE OF _____              )
                                     ) SS.
COUNTY OF _____               )

    And now before me, the undersigned Notary Public in and for the said County, in the State aforesaid, personally appeared _____, who acknowledged himself/herself to be the _____ of _____, a _____, and he/she, being authorized to do so, has executed the foregoing instrument for the uses and purposes therein set forth.  This is an acknowledgement certificate.  No oath or affirmation was administered to the signer with regard to this notarial act.

    GIVEN under my hand and notarial seal this _____ day of July, 2023.

_____
Notary Public
My Commission Expires: _____

## SCHEDULE A

### Description of Assigned Asset

| Store No. | Center Name | Address | Description of Lease | Cure Costs |
|---|---|---|---|---|
| 385 | University Commons | 1400C Glades Rd, Boca Raton, FL 33431 | Lease Agreement, dated as of June 14, 2000 | See below |

Cure Costs shall be limited to the amounts set forth below:

a) $10,000 ($5,000 to be paid by Assignor and $5,000 to be paid by Assignee) to be paid within three business days of entry of the Sale Order;

b) amounts that accrued for real estate property taxes from January 1, 2023 to the Closing date in an amount not to exceed $70,000, to be paid by Assignee as such taxes come due; and

c) common area charges that accrued from January 1, 2023 to the Closing date in an amount not to exceed $7,000, to be paid as such common area charges come due; *provided, however*, that Assignee shall receive the benefit of any year-end common area credits that accrued under the lease from January 1, 2023 to the Closing date.

## Exhibit 2

## Cure Costs

| Store No. | Center Name | Address | Description of Lease | Cure Costs |
|---|---|---|---|---|
| 385 | University Commons | 1400C Glades Rd, Boca Raton, FL 33431 | Lease Agreement, dated as of June 14, 2000 | See below |

Cure Costs shall be limited to the amounts set forth below:

a) $10,000 ($5,000 to be paid by Assignor and $5,000 to be paid by Assignee) to be paid within three business days of entry of the Sale Order;

b) amounts that accrued for real estate property taxes from January 1, 2023 to the Closing date in an amount not to exceed $70,000, to be paid by Assignee as such taxes come due; and

c) common area charges that accrued from January 1, 2023 to the Closing date in an amount not to exceed $7,000, to be paid as such common area charges come due; *provided, however*, that Assignee shall receive the benefit of any year-end common area credits that accrued under the lease from January 1, 2023 to the Closing date.