| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Emily E. Geier, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>*Co-Counsel for Debtors and Debtors in Possession* |

Order Filed on July 31, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC.**

The relief set forth on the following pages, numbered two (2) through nine (9), is

**ORDERED**.

**DATED: July 31, 2023**

                                                                                                                  **Honorable Vincent F. Papalia**
                                                                                                                  **United States Bankruptcy Judge**

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 193] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through Assumption and Assignment Agreements between the Debtors and the prospective assignee, all as more fully set forth in the Motion, and upon entry of the *Order (I) Establishing Procedures To Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422]; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Assumption and Assignment Agreement attached hereto as **Exhibit 1** (the "Assumption and Assignment Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

determined that the Debtors having complied with the Lease Sale Procedures, and that the Debtors' entry into the Assumption and Assignment Agreement is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Leases (as defined in the Assumption and Assignment Agreement); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Debtors and Assignee (as defined in the Assumption and Assignment Agreement) are authorized to enter into and perform under the Assumption and Assignment Agreement, and to implement the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder. The Assumption and Assignment Agreement and all of the terms and conditions thereof is hereby approved in all respects.

2. Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, the Debtors are hereby authorized and directed to (a) sell and assume and assign to Assignee, in accordance with the terms of the Assumption and Assignment Agreement, the Leases (as identified in the Assumption and Assignment Agreement), free and clear of any and all licenses, tenants and/or subtenants, license and concession agreements for all or any part of the Premises, and all liens, claims and encumbrances, with such license and concession agreements for all or any part of the Premises, and all liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto, and (b) execute and deliver to

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

the Assignee such documents or other instruments as the Assignee deems necessary to assign and transfer the Leases to Assignee.

3.  Assignee has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Leases. Assignee is a good faith purchaser of the Leases within the meaning of section 363(m) of the Bankruptcy Code.

4.  There shall be no rent accelerations, assignment fees, increases or any other fees charged to Assignee or the Debtors as a result of the assumption and assignment of the Leases.

5.  Effective as of the Effective Date (as defined in the Assumption and Assignment Agreement), the assignment of the Leases by the Debtors to Assignee (pursuant to, consistent with and subject to the conditions set forth in the terms of the Assumption and Assignment Agreement) shall constitute a legal, valid, and effective transfer of such Lease notwithstanding any requirement for approval or consent by any person and vests Assignee with all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims, and encumbrances pursuant to sections 363(f) and 365 of the Bankruptcy Code.

6.  Any provisions in the Leases that prohibit or condition the assignment of such Lease or allow the landlord of such Lease (hereinafter, the "Landlord") to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Assignee in connection with the assumption and assignment of the Leases. The Leases shall

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

remain in full force and effect, without existing defaults, subject only to payment by of the appropriate Cure Costs, if any.

7.    Upon payment of the applicable Cure Costs, the Landlord is hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Leases for the period prior to the entry of this Order. The Cure Costs are hereby fixed at the following amounts: $11,901.75 with respect to Store 86 and $7,225.53 with respect to Store 3053. Notwithstanding anything to the contrary in the Assumption and Assignment Agreement, Assignee shall be liable for obligations that become due and owing from and after the Closing Date.

8.    Assignee shall be deemed to be substituted for the Debtors as a party to the Leases and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Leases from and after the Effective Date (as defined in the Assumption and Assignment Agreement).

9.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Assignee shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate

Case 23-13359-VFP    Doc 1695    Filed 07/31/23    Entered 08/01/23 11:01:10    Desc Main
Document    Page 6 of 16

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

10. To the extent any Lease contains use restrictions which would otherwise prohibit Assignee from operating at the applicable leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Assignee, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

11. Notwithstanding any term of the Leases to the contrary, any extension, renewal option, or other rights contained in such Lease that purports to be personal only to a Debtor or Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the Assignee, in accordance with the terms of such Lease. The Debtors have timely exercised any applicable extension or renewal options under the Leases, and the Leases are in all in full force and effect. The Debtors have not previously rejected the Leases and the Debtors' periods to assume or reject the Leases have not otherwise expired.

12. With respect to any provision of the Leases providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing Date occurs, Assignee shall only be responsible for the prorated portion of percentage rent attributable to the period after the Closing Date calculated on a per diem basis.

13. Notwithstanding any provision of the Leases (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement

| | |
|---|---|
| (Page \| 7) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

(each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, Assignee shall not be required to operate its business from the leased premises for a reasonable period of time after the entry of this Order, in order to perform alterations and remodeling which shall be done in a manner consistent with the terms of the Leases (or as otherwise agreed between the Landlord and Assignee) and to replace and modify existing signage to the extent necessary to operate at the premises under as a Assignee store and consistent with its business operations and the terms of the Leases (or as otherwise agreed between the Landlord and Assignee). Notwithstanding any provision of the Leases to the contrary (including any related REA or Master Lease), to the extent the Landlord's consent is required for any such alteration or signage modification, the Landlord's consent thereto shall not be unreasonably withheld, conditioned, or delayed. If such alterations or signage modifications are consistent with Assignee's other locations, such consent shall not be required provided that Assignee complies with applicable law.

14.    The Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Assignee, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the Premises; *provided that* the Landlord does not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

15. Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order. For the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. The Debtors and Assignee are authorized to take any and all actions reasonably necessary or appropriate to consummate the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.

18. Nothing in this Order is intended to modify or relieve the Assignee or the Landlord of their respective obligations under the Letter Agreement dated July 27, 2023 between Landlord and Assignee.

19. In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

| | |
|---|---|
| (Page \| 9) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DICK'S SPORTING GOODS, INC. |

20.    Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

21.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

23.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

Assumption and Assignment Agreement

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement"), dated as of _____, 2023, is by and between Bed Bath & Beyond Inc. and Buy Buy Baby, Inc. (each, an "Assignor" and, collectively, the "Assignors") and Dick's Sporting Goods, Inc. ("Assignee"). For the avoidance of doubt, all provisions of the applicable Leases, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to the Assignee.

## RECITALS

WHEREAS, each Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignors have agreed to assign and Assignee has agreed to assume the unexpired leases listed on Schedule A attached hereto (the "Leases") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1. Assignment and Assumption.

    (a) Each Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, on the Effective Date (as defined below) all of such Assignor's right, title, and interest in and to the Assigned Assets. The "Assigned Assets" shall consist of (i) each of the Leases, (ii) all reports (including, without limitation, engineering and environmental reports), surveys (including, without limitation, boundary and topographical surveys), plans, blueprints and other schematics, franchises, grants, authorizations, licenses, easements, variances, exceptions, consents, certificates (including, without limitation, certificates of occupancy), site plan approvals and all other planning approvals, zoning variances, building permits, fire, health and safety permits, conditional or special use permits (including, without limitation, for firearms or other special occupancies or uses), general assembly or general use permits or other similar documentation, environmental permits, other permits of any kind, other approvals, clearances and orders of a governmental authority, together with all architect, engineer, contractor, vendor and supplier warranties and guarantees with respect to any of the foregoing and/or the related Improvements (as defined below), in each case related to either of the Leases and (iii) all building systems (including, without limitation, HVAC, electrical, plumbing, mechanical, vertical transportation and other similar systems), leasehold alterations, improvements, structures, buildings, fixtures and equipment which are affixed to and constitute a part of or are used in the operation of either Premises, together with all tenant improvements (other

W/4623399v1

than movable partitions, trade fixtures, furniture, office machines, equipment, merchandise and inventory) located thereon, in each case located on or comprising either Premises (the items described in this clause (iii), the "Improvements").

(b)     Assignee hereby assumes and undertakes on the Effective Date to pay, perform, and discharge all of Assignors' obligations and duties with respect to the Assigned Assets.

2.     Payment of Purchase Price.  On the Effective Date, (a) Assignee shall deliver the purchase price for the Assigned Assets in the amount of $600,000.00 (the "Purchase Price"), less the amount of $50,000.00 (which was previously deposited by Assignee into an escrow account maintained by the Assignors (the "Deposit") in immediately available funds wired to the account specified by Assignors and (b) the Deposit shall be released from escrow to Assignors.

3.     Assumption of Liabilities.  Assignee shall assume and cure all outstanding liabilities with respect to the Assigned Assets in an amount to be agreed between Assignee and the applicable landlord (the "Cure Costs").  Other than the Cure Costs, Assignee shall have no liabilities for any amounts accruing prior to the Effective Date (including, without limitation, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance).

4.     No Further Liability of Assignor.  From and after the Effective Date, Assignor shall have no further obligations and duties with respect to the Assigned Assets.

5.     Effectiveness.  Assignee's obligation to consummate the transactions contemplated by this Agreement is subject to the satisfaction (or waiver by Assignee) of each of the following conditions:  (a) this Agreement shall have been executed by each Assignor and Assignee, (b) the representations and warranties of Assignors set forth herein shall be true and correct in all material respects, (c) the landlord under each of the Leases shall have approved Assignee's acquisition, occupancy, proposed use and proposed improvement of the Lease Premises and (d) the Court shall have entered an order acceptable to Assignee in its sole discretion authorizing Assignors to enter into this Agreement and perform the transactions contemplated hereby (the "Approval Order"), which Approval Order shall not have been modified, vacated or stayed.  The business day immediately succeeding the first day on which such conditions are satisfied or waived (so long as such conditions continue to be satisfied or waived on such succeeding business day) shall be referred to herein as the "Effective Date".

6.     Further Assurances.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, each Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee such Assignor's rights to the Assigned Assets.

7.     Representations and Warranties.  Assignors hereby represent and warrant to Assignee on the date hereof and on the Effective Date that (a) Assignors have delivered to Assignee each Lease (including, without limitation, all amendments, supplements and other modifications thereto and all notices, certificates, elections, instructions, directions or other communication

relating thereto), (b) each of the Leases is legal, valid, binding and enforceable against the applicable Assignor and, to the Assignors' knowledge, each other party thereto, is in full force and effect and has not been terminated, amended, supplemented or otherwise modified except pursuant to such documents as Assignors have delivered to Assignee, (c) Assignors have good title to the Leases and a valid leasehold interest in the Premises, free and clear of any mortgages, pledges, hypothecations, charges, liens, interests, debentures, trust deeds, claims and encumbrances of any type whatsoever, except for such as shall be released upon consummation of the assignment contemplated hereby pursuant to the terms of the Approval Order and (d) subject to entry of the Approval Order, (i) each Assignor has the requisite corporate power and authority necessary to enter into and perform its obligations under this Agreement and to consummate the transactions contemplated hereby, (ii) the execution, delivery and performance of this Agreement and each Assignor's obligations hereunder have been duly authorized by all necessary corporate action and (iii) this Agreement has been duly executed and delivered by each Assignor and constitutes, when executed and delivered by such Assignor, a legal, valid and binding obligation of such Assignor enforceable against such Assignor in accordance with its terms.

8. <u>"As Is Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that no Assignor makes any representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Assets, except as expressly set forth herein. Without limiting the foregoing, each Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets, except to the extent expressly set forth herein. Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of the Assigned Assets and all such other matters relating to or affecting the Assigned Assets as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Assets, Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Assigned Assets "AS IS" and "WHERE IS."

9. <u>Compliance With Law</u>. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignors harmless for any violation or alleged violation of this section.

10. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

11. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

12. <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party

is relying on any representation or statement made by any other Party or any person representing such other Party.

13. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

14. <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

[*Remainder of Page Intentionally Left Blank*]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNORS:**
**BED BATH & BEYOND INC.**

By_____
Name_____
Its_____

**BUY BUY BABY, INC.**

By_____
Name_____
Its_____

**ASSIGNEE:**
**DICK'S SPORTING GOODS, INC.**

By:_____
Name: John E. Hayes III
Its:  Senior Vice President, General Counsel

## Schedule A

### Description of Lease Assets

Leases for the following store locations:

1. 10017 East 71st Street, Tulsa, OK  74133 (Store No. 3053)

2. 10011 East 71st Street Tulsa, OK  74133 (Store No. 86)