| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>1675 Broadway, Suite 1810<br>New York, New York 10019<br>(646) 348-6723<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Dean M. Oswald, Esq. (dmoswald@pbnlaw.com) (*pro hac vice admission pending*)<br><br>*Counsel for Englewood Construction, Inc.* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## MOTION OF ENGLEWOOD CONSTRUCTION, INC.
## FOR RELIEF FROM THE AUTOMATIC STAY

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY IN ACCORDANCE WITH ANY ORDER SHORTENING TIME ENTERED BY THE COURT. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Englewood Construction, Inc. ("Englewood"), by and through its undersigned attorneys, hereby moves for relief from the automatic stay (the "Motion") pursuant to 11 U.S.C. § 362(d)(2)

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

7419313

of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, Englewood respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  On or about June 20, 2022, Englewood was engaged to perform construction services at a premises located at 1412 Greenbrier Parkway, (Suite 104), Chesapeake Virginia 23320 (Store 3145) (the "Premises"), which is owned by non-debtor JLP-Chesapeake LLC ("JLP"). Although JLP leased the Premises (the "Lease") to the Debtors (defined below), the Debtors' rejected the Lease effective as of April 30, 2023 pursuant to the Rejection Order (defined below) dated May 17, 2023. JLP has failed to fully pay Englewood for the construction services rendered at the Premises, and Englewood intends to institute an action to recover on its claims against JLP in Virginia (the "Virginia Action").

2.  Pursuant to relevant Virginia law, to enforce its claims against JLP, Englewood is required to "name all necessary parties … and a failure to name a necessary party as defendant requires dismissal." *Glasser & Glasser, PLC v. Jack Bays, Inc.,* 741 S.E.2d 599, 605 (2013). Although the Debtors have rejected the Lease, rejection breaches a contract but does not rescind it. *Mission Product Holdings, Inc. v. Tempnology*, LLC, 139 S. Ct. 1652, 1666 (2019). As such, in order to avoid dismissal of its action against JLP, Englewood must name the Debtors as defendants in the Virginia Action. To be clear, Englewood will not assert any direct claims against the Debtors in the Virginia Action. However, out an abundance of caution, Englewood seeks an order from this Court granting Englewood relief from the automatic stay to permit Englewood to name the Debtors in the Virginia Action as defendants so that Englewood is able to pursue its claims against JLP.

7419313

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted pursuant to 11 U.S.C. § 362(d).

**BACKGROUND**

4. Englewood and CBRE GWS, LLC ("CBRE"), on behalf of property owner JLP, entered into a construction contract (the "Project") to build out the Premises in the summer of 2022.

5. Englewood completed the Project, but, JLP has failed to fully pay Englewood for its work on the Project. Englewood now seeks to pursue its claims against JLP in Virginia, including its rights under its Mechanics Lien recorded on February 14, 2023, as amended (collectively, the "Mechanics Lien"). A copy of the Mechanics Lien, as amended, is attached to the Certification of Brett S. Moore (the "Moore Cert.") submitted herewith in support of the Motion as **Exhibit "A"**.

6. On April 23, 2023, (the "Petition Date"), Bed Bath & Beyond Inc. and 73 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

7. On May 5, 2023, the Debtors filed a Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of Any Personal Property, Effective as of the Rejection Date and (II) Granting Related Relief (the "Motion to Reject") [D.I. 225].

7419313

8.  On May 17, 2023, the Court granted the Rejection Motion and entered an *Order (I) Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of Any Personal Property, Effective as of the Rejection Date and (II) Granting Related Relief* (the "Rejection Order"), a copy of with is attached to the Moore Cert. as **Exhibit "B"** for convenience**.** [D.I. 373]. In the Rejection Order, the Court granted the Debtors' request to reject the Lease for the Premises, which is listed on Schedule 1 to the Rejection Order at No. 185, Store Lease # 3145.

9.  Although the Court has authorized the Debtors to reject their interests in the Lease pursuant to the Rejection Order, rejection of the Lease does not terminate all interests in the Lease. "[U]nder Section 365, a debtor's rejection of an executory contract in bankruptcy has the same effect as a breach outside bankruptcy. Such an act cannot rescind rights that the contract previously granted." *Mission Product Holdings, Inc. v. Tempnology*, LLC, 139 S. Ct. 1652, 1666 (2019). In *Mission Product Holdings*, the United States Supreme Court held that "rejection breaches a contract but does not rescind it. And that means all the rights that would ordinarily survive a contract breach remain in place." *Id.* at 1657-58. *See also* this Court's decision in *In re Tri Harbor Holdings Corporation*, 2022 No. 19-13448 (VFP), 2022 WL 17184547 at *12 (Bankr. D.N.J Nov. 22, 2022) where the Court cited to *Tri Harbor Holdings Corporation* and stated that "it is hornbook law that '[r]ejection of a contract is not the same as termination ....'" *citing Simas v. Powell*, 635 B.R. 366, 378 (N.D. Cal. 2021); *In re Extraction Oil & Gas*, 622 B.R. 608, 623 (Bankr. D. Del. 2020).

10. Under the relevant Virginia law, Englewood is required to "name all necessary parties … and a failure to name a necessary party as defendant requires dismissal." *Glasser & Glasser, PLC v. Jack Bays, Inc.,* 741 S.E.2d 599, 605 (2013). Virginia courts define "necessary

7419313

party" broadly. *Synchronized Const. Services, Inc. v. Prav Lodging, L.L.C.*, 764 S.E.2d 61, 65 (2014). Generally, "necessary parties" are described as follows:

> [w]here an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*Id. citing Asch v. Friends of Mt. Vernon Yacht Club,* 465 S.E.2d 817, 818 (1996). Thus, because the Debtors arguably maintain certain interests in the Lease despite its rejection, the Debtors may be "necessary" parties under Virginia law.

11.    Under the relevant Virginia statute, Englewood is required to file its Mechanics Lien action within six months of the time it recorded its Mechanics Lien. VA ST § 43-17. As noted above, Englewood recorded its Mechanics Lien recorded on February 14, 2023, and thus, is required to file the Virginia Action withing six months of that date, i.e., before August 14, 2023.

## BASIS FOR RELIEF REQUESTED

**A.    Section 362(d)(2)**

12.    Section 362(d)(2) states that the Court shall grant relief from the stay if a party in interest can show that a debtor is holding property in which the debtor does not have equity and such property is not necessary to an effective reorganization. If a creditor meets its burden under section 362(d)(2)(A) by showing that the debtor does not have an equity in the property and the debtor cannot show that the property is necessary for an effective reorganization pursuant to section 362(d)(2)(B), then relief from the automatic stay is appropriate. *In re Kim*, No. 02-20654, 2008 WL 442120 at *5 (D.N.J. Feb. 14, 2008) citing *Nazareth Nat'l Bank v. Trina–Dee, Inc.,* 731 F.2d 170, 171 (3d Cir.1984).

7419313

13. Here, the Debtors' rejected the Lease effective as of April 30, 2023 pursuant to the Rejection Order dated May 17, 2023. Thus, the Debtors neither hold an "equity interest" in the Premises, nor is the Premises or any remnant rights in the Lease necessary to an effective reorganization. Given that Englewood must name the Debtors in the Virginia Action to comply with Virginia law to enforce rights against JLP, and Englewood will not assert any claims against the Debtors, the automatic stay should be lifted under Section 362(d)(2) to expressly authorize Englewood to name the Debtors as defendants in the Virginia Action.

## CONCLUSION

**WHEREFORE,** Englewood respectfully requests this Court grant Englewood enter an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) to expressly authorize Englewood to name the Debtors as defendants in the Virginia Action.

Dated: August 1, 2023              Respectfully submitted,

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Counsel for Englewood Construction, Inc.*

By: */s/Brett S. Moore*
    Brett S. Moore, Esq.
    Dean M. Oswald, Esq. (*pro hac vice admission pending*)
    1675 Broadway, Suite 1810
    New York, New York 10019
    (646) 348-6723
    Email: bsmoore@pbnlaw.com
           dmoswald@pbnlaw.com

7419313