UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua
A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier,
P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

---

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

Order Filed on August 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194)

The relief set forth on the following pages, numbered two (2) through eight (8), is **ORDERED**.

**DATED: August 1, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 193] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through Assumption and Assignment Agreements between the Debtors and the prospective assignee, all as more fully set forth in the Motion, and upon the *Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422]; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Assumption and Assignment Agreement attached hereto as **Exhibit 1** (the "Assumption and Assignment Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

determined that the Debtors having complied with the Lease Sale Procedures, and that the

Debtors' entry into the Assumption and Assignment Agreement is in the best interest of the

Debtors and their estates and provides for the highest or best offer for the Lease (as defined in

the Assumption and Assignment Agreement); and upon all of the proceedings had before the

Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY**

**ORDERED THAT**:

1.      The Debtors and Assignee (as defined in the Assumption and Assignment

Agreement) are authorized to enter into and perform under the Assumption and Assignment

Agreement, and to implement the Assumption and Assignment Agreement and the transactions

contemplated thereunder and hereunder.  The Assumption and Assignment Agreement and all of

the terms and conditions thereof is hereby approved in all respects.

2.      Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code,

the Debtors are hereby authorized and directed to (a) sell and assume and assign to Assignee, in

accordance with the terms of the Assumption and Assignment Agreement, the Lease (as

identified in the Assumption and Assignment Agreement), free and clear of any and all licenses,

tenants and/or subtenants, license and concession agreements for all or any part of the Premises,

and all liens, claims and encumbrances, with such license and concession agreements for all or

any part of the Premises, and all liens, claims and encumbrances to attach to the proceeds

received on account of such transfer in the same order of priority and with the same validity,

force and effect that any creditor had prior to the transfer, subject to any claims and defenses the

Debtors and the Debtors' estates may have with respect thereto, and (b) execute and deliver to

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

the Assignee such documents or other instruments as the Assignee deems necessary to assign and

transfer the Lease to Assignee.

3.      Assignee has demonstrated adequate assurance of future performance and has

satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect

to the Lease.  Assignee is a good faith purchaser of the Lease within the meaning of section

363(m) of the Bankruptcy Code.

4.      There shall be no rent accelerations, assignment fees, increases or any other fees

charged to Assignee or the Debtors as a result of the assumption and assignment of the Lease.

5.      Effective as of the date of entry of this Order, the assignment of the Lease by the

Debtors to Assignee shall constitute a legal, valid, and effective transfer of such Lease

notwithstanding any requirement for approval or consent by any person and vests Assignee with

all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims,

and encumbrances pursuant to sections 363(f) and 365 of the Bankruptcy Code.

6.      Any provisions in the Lease that prohibit or condition the assignment of such

Lease or allow the landlord of such Lease (hereinafter, the "Landlord") to terminate, declare a

breach or default, recapture, impose any penalty, condition any renewal or extension, or modify

any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-

assignment provisions and are void and of no force and effect as against the Debtors and

Assignee in connection with the assumption and assignment of the Lease. The Lease shall

remain in full force and effect, without existing defaults, subject only to payment by of the

appropriate Cure Costs, if any.

65548/0001-45799339v2

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

7.      Upon payment of the applicable Cure Costs, and except to the extent expressly set forth in the Assumption and Assignment Agreement, including, without limitation, Paragraph 3 thereof, the Landlord is hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Leases for the period prior to the entry of this Order.  The Cure Costs are hereby fixed in the amount of $58,007.07.

8.      Assignee shall be deemed to be substituted for the Debtors as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the Assumption Date.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.  The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Assignee shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

10.      To the extent any Lease contains use restrictions which would otherwise prohibit Assignee from operating at the applicable leased premises in the ordinary course of its business,

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

including any restrictions on the sale of some or all of the items and goods typically sold by

Assignee, such use restriction provisions are deemed to be unenforceable anti-assignment

provisions pursuant to section 365(f) of the Bankruptcy Code.

11.     Notwithstanding any term of the Lease to the contrary, any extension, renewal

option, or other rights contained in such Lease that purports to be personal only to a Debtor or

Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by

a named entity or an entity operating under a specific trade name may be freely exercised to their

full extent by the Assignee, in accordance with the terms of such Lease.  The Debtors have

timely exercised any applicable extension or renewal options under the Lease, and the Lease is in

all in full force and effect.  The Debtors have not previously rejected the Lease and the Debtors'

period to assume or reject the Lease has not otherwise expired.

12.     With respect to any provision of the Lease providing for calculation of rent based

on a percentage of annual sales, for the annual period in which the Closing Date occurs,

Assignee shall only be responsible for the prorated portion of percentage rent attributable to the

period after the Closing Date calculated on a per diem basis.

13.     Notwithstanding any provision of the Lease (including any related reciprocal

easement agreement or declaration of covenants and restrictions or other land use agreement

(each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary,

including a covenant of continuous operation or a "go dark" provision, Assignee shall not be

required to operate its business from the leased premises for a reasonable period of time after the

entry of this Order, in order to perform alterations and remodeling which shall be done in a

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

manner consistent with the terms of the Lease and to replace and modify existing signage to the extent necessary to operate at the premises under as a Assignee store and consistent with its business operations and the terms of the Lease.  Notwithstanding any provision of the Lease to the contrary (including any related REA or Master Lease), to the extent the Landlord's consent is required for any such alteration or signage modification, the Landlord's consent thereto shall not be unreasonably withheld, conditioned, or delayed.  If such alterations or signage modifications are consistent with Assignee's other locations, such consent shall not be required provided that Assignee complies with applicable law.

14.     The Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Assignee, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the Premises; *provided that* the Landlord does not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

15.     Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     The Debtors and Assignee are authorized to take any and all actions reasonably necessary or appropriate to consummate the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.

18.     In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

19.     Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

20.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*[signature appears on the following page]*

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH GORDON FOOD SERVICE STORE, LLC (STORE 194) |

CONSENTED TO:

SG-Fort Collins LLC

BY: _____

Name: MARK S. OWGAR
Title: EXECUTIVE VICE PRESIDENT

## **Exhibit 1**

Assumption and Assignment Agreement

65548/0001-45799339v2

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of July 31, 2023, is by and between BED BATH & BEYOND INC. ("Assignor") and GORDON FOOD SEERVICE STORE, LLC ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to the Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto (the "Assigned Asset(s)" or the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1.      Assignment and Assumption.

(a)      Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Asset(s).

(b)      Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Assigned Asset(s).

2.      Payment of Purchase Price. Assignee shall, on the date hereof, deliver the purchase price for the Assigned Asset(s) in the amount of $75,000.00 (the "Purchase Price") in immediately available funds wired to the account specified by Assignor. If the assumption and assignment of the Assigned Asset(s) do(es) not occur by August 1, 2023, Assignee will additionally reimburse Assignor for all amounts that came due, were required to be paid, and were in fact paid in connection with the Assigned Asset(s) on and after August 1, 2023.

3.      Assumption of Liabilities. In addition to assuming all remaining obligations that exist with respect to the Assigned Asset(s), including, but not limited to, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Assigned Asset(s).

4.      No Further Liability of Assignor. From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Assigned Asset(s).

5.      Further Assurances.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Asset(s).

6.      "As Is Where Is" Transaction.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset(s).  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Asset(s).  Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of the Assigned Asset(s) and all such other matters relating to or affecting the Assigned Asset(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Asset(s), Assignee is doing so based upon such independent inspections and investigations.  Accordingly, Assignee will accept the Assigned Asset(s) "AS IS" and "WHERE IS."

7.      Compliance With Law.  Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8.      Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9.      Jurisdiction.  The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10.     No Reliance.  Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11.     Construction.  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other.  The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12.     Execution in Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

ASSIGNOR:
BED BATH & BEYOND INC.


By_____
Name_____
Its_____


ASSIGNEE:
**GORDON FOOD SERVICE STORE, LLC**


By _Jeff Maddox_____
Name _JEFF MADDOX_____
Its _President_____

**Schedule A**

**Description of Lease Asset(s)**

Store # 194, 110 W. Troutman Parkway, Fort Collins, CO 80525