# Exhibit 1

## Stipulation & Consent Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365
AND 363 APPROVING THE LEASE TERMINATION AGREEMENT
WITH YSM-PONDEROSA, LLC**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED.**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

65548/0001-45852377v1

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH YSM-PONDEROSA, LLC |

This stipulation and consent order (the "Stipulation and Consent Order") is made by and between YSM-Ponderosa, LLC ("Landlord") and Bed Bath & Beyond Inc., and its affiliates, as debtors and debtors in possession (the "Debtors," and together with Landlord, the "Parties"), including, as applicable, by and through their duly authorized undersigned counsel.

**WHEREAS,** on April 23, 2023 (the "Petition Date"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS,** the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS,** prior to the Petition Date, YSM-Ponderosa, LLC ("Landlord") and Bed Bath & Beyond Inc. entered into that certain lease of nonresidential real property dated July 29, 2014 (the "Lease") covering premises located at 195 Yale Street Market, Houston, Texas;

**WHEREAS**, the Parties have agreed upon the terms of the Lease Termination Agreement attached hereto as **Exhibit A** (the "Lease Termination Agreement"), for which the Parties seek approval hereby;

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Parties' Stipulation and Consent Order and are incorporated herein.

65548/0001-45852377v1

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH YSM-PONDEROSA, LLC |

2. Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, the Debtors and Landlord (as defined in the Lease Termination Agreement) are authorized to enter into and perform under the Lease Termination Agreement, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder. The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the rejection and termination of the Lease, the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes the Landlord's release of any administrative claims (except as provided thereunder), are hereby approved in all respects.

3. Upon the Outside Termination Date (as defined in the Lease Termination Agreement) and to the extent that the Lease has not already been terminated, the Debtors' rejection and termination of the Lease shall occur without any further action required by the Debtors subject to the terms and conditions of the Lease Termination Agreement.

4. The Debtors are authorized, pursuant to section 363(b)(1) of the Bankruptcy Code, to transfer any rights in and under the Lease to the Landlord, pursuant to the terms of the Lease Termination Agreement, which transfer shall, pursuant to section 363(f) of the Bankruptcy Code, be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto.

65548/0001-45852377v1

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH YSM-PONDEROSA, LLC |

5. The *Debtors' Motion for Entry of an Order Authorizing the Debtors to Assume and Assign Certain Unexpired Leases* [Docket No. 428] is deemed withdrawn with prejudice with respect to the Lease and paragraph 3 of the *Order Authorizing the Debtors to Assume and Assign Certain Unexpired Leases* [Docket No. 731] (the "WM Order") shall be deemed stricken from the WM Order and of no further force or effect.  For the avoidance of doubt nothing in this Stipulation and Consent Order shall be deemed to effect any provision of the WM Order other than paragraph 3.

6. The Debtors and the Landlord are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

7. The Lease Termination Agreement and each of the transactions contemplated therein were negotiated, proposed and are undertaken by the Debtors and the Landlord from arm's-length bargaining positions without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Landlord is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

8. The Debtors and Landlord are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Consent Order in accordance with the Motion.

9. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Stipulation and Consent Order shall be effective and enforceable immediately upon entry hereof.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH YSM-PONDEROSA, LLC |

10. Subject in all respects to the Lease Termination Agreement, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Consent Order.

Dated: August 1, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:    msirota@coleschotz.com
             wusatine@coleschotz.com
             fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:    josuha.sussberg@kirkland.com
             emily.geier@kirkland.com
             derek.hunter@kirkland.com

*Co-Counsel for Debtors and Debtors in Possession*

/s/ *Kevin Zuzolo*
**AKIN GUMP  STRAUSS HAUER & FELD LLP**
Kevin Zuzolo, Esq.
One Bryant Park
Bank of America Tower
New York, NY 10036-6745
Telephone:  (212) 872-1000
Email:  kzuzolo@akingump.com

*Counsel for YSM-Ponderosa, LLC*

65548/0001-45852377v1

# **EXHIBIT A**

**Lease Termination Agreement**

**LEASE TERMINATION AGREEMENT**

This Lease Termination Agreement (the "Agreement") is made as of this 31st day of July, 2023 by and between YSM-Ponderosa, LLC ("Landlord") and BED BATH & BEYOND INC. ("Tenant" or "Debtor").

**RECITALS**

WHEREAS, Landlord and Tenant entered into a certain lease dated July 29, 2014 (the "Lease"), covering certain premises located at 195 Yale Street Market, Houston, Texas (Store #6383) (the "Premises"), on the terms and conditions set forth therein;

WHEREAS, Tenant and Cost Plus of Texas, Inc. ("Subtenant") entered into that certain sublease dated July 29, 2014 (the "Sublease"), covering the Premises on the terms and conditions set forth therein;

WHEREAS, there has been an ongoing dispute between Landlord, Tenant, and Subtenant regarding Landlord's termination of the Lease and the right to possession of the Premises;

WHEREAS, on April 23, 2023 (the "Petition Date"), Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, the parties desire to enter into this Agreement, for among other things, to agree to the termination of the Lease and exchange mutual releases;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement:

**AGREEMENT**

1. Recitals. The Recitals are incorporated herein as if set forth at length.

2. Lease Termination. Landlord has asserted that the Lease was terminated prior to the Petition Date. Tenant has disputed the termination of the Lease. To the extent that the Lease has not already been terminated and subject to the terms and conditions contained herein, Landlord and Tenant agree that the Lease shall be terminated effective July 31, 2023 (the "Outside Termination Date"). Subject to Section 4 and 6 hereof, Landlord expressly reserves all rights and remedies with respect to the date of termination of the Lease, and nothing in this Agreement shall preclude Landlord from asserting that termination of the Lease was effective prior to the Outside Termination Date.

3. Consideration. Landlord shall (i) pay Debtor the sum of $25,000, (ii) waive all pre-petition claims and waive all post-petition claims of Landlord under the Lease solely and exclusively due from Debtor, and (iii) waive any claim for damages arising from the rejection of the Lease under 11 U.S.C. § 502(b)(6) as consideration for this Agreement (the "Consideration").

4. Landlord Release of Tenant. For valuable consideration, and the mutual covenants and agreements contained herein, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers,

directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease. Notwithstanding anything to the contrary herein, nothing in this Agreement shall be deemed a release or wavier of any claims or causes of action against Subtenant or any of its successors or assigns and all such claims and causes of action Landlord possesses against Subtenant are expressly preserved.

5.  Tenant Release of Landlord. For valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

6.  Mutual Limitation of Release. The parties hereto expressly acknowledge and confirm that Landlord and Subtenant are currently involved in other ongoing disputes, disagreements, and lawsuits relating to the Lease and/or Sublease (collectively, the "Ongoing Disputes"). Notwithstanding anything contained herein to the contrary or otherwise, this Agreement and the mutual covenants, agreements, and promises contained herein shall in no way whatsoever or in any way release, waive, or discharge Landlord or Subtenant with respect to any claims, demands, liabilities, and damages whatsoever of any character, nature and kind, arising contemporaneously with or prior to the date hereof or on account of or arising out of such ongoing disputes, disagreement, and lawsuits relating to the Ongoing Disputes.

7.  Scope of Release. In this connection, the parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that the Releases in Section 4 and 5 above have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, it nevertheless hereby intends to release, discharge, and acquit the Released Parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

8.  Conditions Precedent. As a condition precedent to the effectiveness of this Agreement, the Bankruptcy Court shall have entered an order approving the entirety of this Agreement.

9. **Authority to Settle.** Each of the parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

10. **Entire Agreement.** This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

11. **Advice of Counsel.** Each of the parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

12. **Attorneys' Fees.** Each party to this Agreement agrees that in the event that either Landlord or Tenant challenges the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to seek its costs and attorneys' fees.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

14. **Governing Law.** This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

15. **Jurisdiction.** The parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters arising under the Lease or any disputes related to the interpretation of this Agreement; *provided, however,* nothing in this Agreement shall be deemed a consent by the Landlord to the jurisdiction of the Bankruptcy Court with respect to any dispute between Landlord and Subtenant. The parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

3

16.  **Confidentiality.** Without the prior written consent of Landlord, Debtor agrees and covenants that Debtor shall maintain and keep this Agreement, and the subject matter hereof (collectively, "Confidential Information") confidential at all times and shall not disclose any Confidential Information to any Person (hereinafter defined); provided, however, that the parties hereto expressly agree and confirm that Confidential Information shall not include information which (i) is or becomes generally available to the public, other than as a result of a disclosure by Debtor; or (ii) is required to be disclosed by Debtor as a result of any legal proceedings, including, without limitation, any proceeding pending with the Bankruptcy Court. The term "Person" as used in this Agreement shall be broadly interpreted to include the media and any corporate entity, partnership, group, individual, or other party.

17.  **Miscellaneous.**

(a)  The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

(b)  This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c)  Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement, including, without limitation, the duly and timely delivery of any and all notices, documents, or other agreements required to be delivered in accordance with the terms and conditions of the Lease and/or Sublease.

(d)  Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e)  The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

(f)  No failure to exercise and no delay in exercising any right, power or privilege in this Agreement, shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege preclude the exercise of any other right, power or privilege. The rights and remedies herein provided are cumulative and not exclusive of any rights or remedies provided by law or in any other agreement.

(g)  In case any one or more of the provisions contained in this Agreement or any other documents referred to herein or executed in connection with this Agreement or otherwise should be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained herein and therein shall not in any way be affected thereby. It is the intention of the parties hereto

that if any such provision is held to be illegal, invalid, or unenforceable, there will be added in lieu thereof a provision as similar to such provision as is possible to be legal, valid, and enforceable.

(h)    The parties hereto acknowledge and agree that the execution of this Agreement does not constitute in any manner whatsoever an admission of liability on the part of any of the parties hereto for any matter covered by or released hereby, but that such liability is specifically denied or claimed.

(i)    Time is expressly declared to be "of the essence" in this Agreement and in each and every provision hereof wherein time for performance is a factor.

**[The remainder of this page intentionally left blank. Signatures appear on following page.]**

5

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**YSM-Ponderosa, LLC**

By: _[signature]_
Print Name: James W. Chang
Its: Authorized Agent


**Bed Bath & Beyond Inc.**

By: _[DocuSigned by: David Kastin, 4B0B3C8BC5C64DB...]_
Print Name: _____
Its: _____

6