**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

Order Filed on August 3, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through twelve (12), is **ORDERED**.

**DATED: August 3, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

(Page | 2)
Debtors:         BED BATH & BEYOND INC., *et al*.
Case No.         23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 193] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through Assumption and Assignment Agreements between the Debtors and the prospective assignee, all as more fully set forth in the Motion, and upon entry of the *Order (I) Establishing Procedures To Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422] (the "Lease Sale Procedures Order"); and upon the First Day Declaration, and the arguments and filings in support of the entry of this Order authorizing the Debtors to sell certain unexpired leases set forth on **Schedule 1** attached hereto (the "Leases") free and clear of liens, claims, encumbrances, and other interests, and approving the assumption and assignment of the Leases to Burlington Coat Factory Warehouse Corporation and certain of its affiliates (collectively, "Burlington" or "Assignee") (collectively, the "Burlington Lease Sale and Assignment"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Assumption and Assignment Agreement attached hereto as **Schedule 2** (the "Assumption and Assignment Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion and this Order is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the corresponding assumption and assignment and sale of the Leases and all of the Debtors' rights therein was in accordance with the provisions of the Lease Sale Procedures Order and otherwise appropriate under the circumstances and no other notice need be provided; and in accordance with the Lease Sale Procedures Order, the Debtors having conducted the Phase 1 Lease Auction; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the Debtors having complied with the Lease Sale Procedures, and that the Debtors' entry into the Assumption and Assignment Agreement is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Lease (as defined in the Assumption and Assignment Agreement); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. All objections to Burlington Lease Sale and Assignment and Burlington's operation of a Burlington store within the premises under the respective Leases have been resolved as set forth herein and/or settled as announced to the Court at the Sale Hearing and each landlord (each,

3

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

a "Landlord," and collectively, "Landlords") has consented to the Burlington Lease Sale and Assignment and Burlington's operation of a Burlington store within the premises under the respective Leases as set forth herein.

3.  The Debtors are authorized to sell the Leases set forth on **Schedule 1** to Burlington for the price previously agreed to, and in accordance with the terms of this Order and the Assumption and Assignment Agreement attached hereto as **Schedule 2**, hereby assume and assign such Leases to the applicable Burlington entity set forth on **Schedule 1** free and clear of any and all licensees, tenants, and/or subtenants, all license and concession agreements for all or any part of the leased premises, all assigned contracts relating to the leased premises, and all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

4.  The Debtors shall have sole responsibility for paying all cure costs (the "Cure Costs") required to assume and assign the Leases. As set forth on **Schedule 1**, certain cure costs are undisputed (the "Undisputed Cure Costs") and certain Cure Costs are disputed (the "Disputed Cure Costs"). Within seven (7) days of the Closing Date (the "Undisputed Cure Cost Payment Date"), the Debtors shall pay the Undisputed Cure Costs for the Leases, as set forth on **Schedule 1** attached hereto, which shall be paid from the proceeds of the Burlington Lease Sale and Assignment. The Debtors shall not be required to pay the Disputed Cure Costs on the Undisputed Cure Cost Payment Date but shall remain liable for the payment of the Disputed Cure Costs either upon an agreement between the Debtors and the applicable Landlord with respect to the Cure Costs or upon the Court's determination of such Cure Costs. Without otherwise relieving the Debtors

(Page | 5)
Debtors:            BED BATH & BEYOND INC., *et al*.
Case No.            23-13359-VFP
Caption of Order:   ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

from their obligation to satisfy the Cure Costs, the Leases shall be sold and assumed and assigned pursuant to the terms of this Order notwithstanding the non-payment of the Disputed Cure Costs on the Undisputed Cure Cost Payment Date. The Debtors shall reserve from the proceeds of the Burlington Lease Sale and Assignment an amount equal to the Disputed Cure Costs (the "Disputed Cure Reserve"). Upon payment of any Disputed Cure Cost, the Debtors shall be permitted to release from the Disputed Cost Reserve such amounts in excess of the amount initially reserved on account of such Disputed Cure Cost. Upon the payment of all applicable Cure Costs the Debtors shall be permitted to release any amounts remaining in the Disputed Cure Reserve for the Debtors' use subject to the terms of the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 729]. Subject to the provisions of this paragraph, the determination of any Disputed Cure Costs shall be expressly reserved for further proceedings, at which time the Debtors and such affected Landlord with a Disputed Cure Cost may schedule a further hearing before the Court on the issue of appropriate Cure Costs on at least seven (7) days' prior notice to the parties affected. Payment of the applicable Cure Costs, in such amounts as either set forth on **Schedule 1**, agreed by the Debtors and the applicable Landlord, or as otherwise determined by the Court, shall constitute the cure of all defaults arising under the Leases that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).

5

(Page | 6)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

5. Burlington has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Leases. Burlington is a good faith purchaser of the Leases within the meaning of section 363(m) of the Bankruptcy Code.

6. There shall be no rent accelerations, assignment fees, increases or any other fees charged to Burlington or the Debtors as a result of the assumption and assignment of the Leases.

7. Effective as of the Closing Date, the assignment of the Leases by the Debtors to each applicable Burlington entity shall constitute a legal, valid, and effective transfer of such Lease notwithstanding any requirement for approval or consent by any person and vests each applicable Burlington entity with all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

8. Any provisions in the Leases that prohibit or condition the assignment of such Lease or allow the Landlord of such Lease to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease, constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Burlington in connection with the assumption and assignment of the Leases. The Leases shall remain in full force and effect, without existing defaults, subject only to payment by the Debtor of the appropriate cure amount, if any.

9. Upon payment of the applicable Cure Cost, if any, or agreement that no Cure Cost is owed to the applicable Landlord and upon entry of this Order, the Debtors and each Landlord

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

are hereby barred and permanently enjoined from asserting against one another any default, claim, or liability existing, accrued, arising, or relating to the applicable Lease for the period prior to the Closing Date, and from and after the entry of this Order, each applicable Landlord and the Debtors are hereby barred and permanently enjoined from asserting against Burlington any default, claim, or liability existing, accrued, arising, or relating to the applicable Lease for the period prior to the Closing Date; *provided, however*, that nothing herein shall impair or prejudice any Landlord's rights to recover from the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the applicable premises subject to an applicable Lease on account of events that occurred prior to the effective date of assumption and assignment of such Lease to Burlington.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Burlington shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

(Page | 8)
Debtors:           BED BATH & BEYOND INC., *et al*.
Case No.          23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

11. To the extent any Lease contains use restrictions which would otherwise prohibit Burlington from operating at the applicable leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Burlington, each Landlord agrees that such use by Assignee is permitted for purposes of this assignment.

12. Burlington has agreed in a separate written agreement with the Landlords of Stores 591 (Avondale, AZ) and 1405 (Holly Springs, NC) to operate in a manner that will avoid the breach of the exclusives referenced therein while applicable against Assignee pursuant to the terms of such letter agreement.

13. Notwithstanding any term of the Leases to the contrary, any extension, renewal option, or other rights contained in any Lease that purports to be personal only to a Debtor or Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the applicable Burlington entity, in accordance with the terms of such Lease. The Debtors have timely exercised any applicable extension or renewal options under the Leases, and the Leases are all in full force and effect. For clarity, the five-year term renewal option for Lease for store number 1268 (Sarasota, FL) has been exercised (so the Lease expiration date for such Lease is January 31, 2029). The Debtors have not previously rejected any of the Leases and the Debtors' period to assume or reject the Leases has not otherwise expired.

Case 23-13359-VFP    Doc 1747    Filed 08/03/23    Entered 08/04/23 09:04:46    Desc Main
Document    Page 9 of 18

(Page | 9)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

14. Except as set forth in this Order, from and after the assumption and assignment to Assignee of the Leases in accordance with this Order, the terms of each Lease shall be binding upon the applicable Burlington entity to which the particular Lease is assigned (as may be modified in any Landlord Agreement), including, without limitation, in the case of each Lease, any indemnification obligations expressly contained in such Lease (but expressly limited to matters arising from and after the Closing Date (as defined in the Assumption and Assignment Agreement), and any rent, common area maintenance, insurance, taxes, or similar charges expressly contained in such Lease that relate to periods from and after the Closing Date; *provided, however*, that Burlington's assumption of obligations and liabilities under the Leases shall be limited to obligations arising from and after the Closing Date and which relate to periods from and after the Closing Date. With respect to any provision of any Lease providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing Date occurs, Burlington shall only be responsible for the prorated portion of percentage rent attributable to the period after the Closing Date calculated on a per diem basis.

15. Notwithstanding any provision of the Leases (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, Burlington shall not be required to operate its business from the leased premises for a reasonable period of time after the entry of this Order, in order to perform alterations and remodeling which shall be done in a manner consistent

9

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

with the terms of the Lease and to replace and modify existing signage to the extent necessary to operate at the premises as a Burlington store and consistent with its business operations and the terms of the Leases. Notwithstanding any provision of the Leases to the contrary (including any related REA or Master Lease), to the extent any Landlord's consent is required for any such alteration or signage modification, such Landlord's consent thereto shall not be unreasonably withheld, conditioned, or delayed.

16. The Landlords shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Burlington, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the premises associated with the Leases; *provided* that the Landlords do not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

17. Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order. Moreover, and for the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or

(Page | 11)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

18. Burlington and Debtors acknowledge and confirm that on July 3, 2023, the Debtors executed a written waiver of its Right of First Refusal to purchase the fee interest of the Landlord in the premises leased by the Debtors at Store 149 located in Braintree, MA (the "Braintree Property") pursuant to paragraph 45 of the applicable lease (the "Waiver"), and that the Waiver is valid as against the Debtor and Burlington in connection with the pending sale of the Braintree Property.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20. In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

21. Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 12)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

23. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Schedule 1**

## **LEASES TO BE ASSUMED AND ASSIGNED**

| Store Number | Address | Purchaser Entity | Undisputed Cure Costs | Disputed Cure Costs | Reserve Cure Cost |
|---|---|---|---|---|---|
| **149** | 400 Grossman Drive Braintree, MA | Burlington Coat Factory of Texas, Inc. | $10,352.28 | | $50,451.09 |
| **454** | 2701 N. Federal Highway Ft. Lauderdale, FL | Burlington Coat Factory Warehouse Corporation | $10,000.00 | | $122,001.40 |
| **591** | 10060 W.McDowell Road Avondale, AZ | Burlington Coat Factory of Texas, Inc. | $134,814.08 | $5,642.64 | |
| **1268** | Building # 4, Sarasota, FL | Burlington Coat Factory Warehouse Corporation | $142,338.06 | | |
| **1309** | 160 Marketplace Blvd. Hamilton, NJ | Burlington Coat Factory Warehouse Corporation | $91,998.10 | | |
| **1405** | 208 Grand Hill Place Holly Springs, NC | Burlington Coat Factory Warehouse Corporation | $47,523.11 | | |

1

## Schedule 2

Assumption and Assignment Agreement

DocuSign Envelope ID: FCD430DD-DD0B-4F22-B5DC-0B3FAFC195BD

### ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of **August 3, 2023**, is by and between **BED BATH AND BEYOND INC.**, a New York corporation ("Assignor") and **BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**, a Florida corporation, or its designated affiliates reflected on Schedule A ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Assignor to the Assignee.

### RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto, including rights under those certain Subordination, Non-Disturbance and Recognition Agreements executed in connection with such leases (collectively referred to as either as the "Assigned Assets" or the "Leases" and individually an "Assigned Asset" or "Lease") with respect to the premises set forth on Schedule A (the "Premises") subject to approval by the Court in the Chapter 11 Cases (the "Court Order").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto (individually, "Party" or collectively, "Parties") agree as follows:

### AGREEMENT

1. **Assignment and Assumption.** Effective as of the date the Bankruptcy Court enters an order pursuant to 11 U.S.C. 363(b) approving the assumption and assignment contemplated by this Agreement (the "Closing Date"), and upon payment of the Purchase Price as set forth below, but in no event later than August 7, 2023:

    (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Assets.

    (b) Except as specifically set forth in this Agreement, Assignee hereby assumes and undertakes to pay, perform and discharge all of Assignor's obligations and duties with respect to the Assigned Assets.

    (c) For the avoidance of doubt and notwithstanding any other provision of this Agreement, Assignee agrees it is responsible, on a prorated basis, for the costs of rent with respect to the Assigned Assets for the rental period from and after the Closing Date (for clarity, this includes the Closing Date). To the extent the Assignor has paid any rent costs with respect to any Premises prior to the Closing Date for the period from and after the Closing Date, Assignee shall reimburse Assignor for such amounts paid within seven (7) days of the later to occur of: (I) the Closing Date; or (II) the date Assignor provides Assignee with documentation reasonably sufficient to establish Assignor's payment of such rent cost.

1

DocuSign Envelope ID: FCD430DD-DD0B-4F22-B5DC-0B3FAFC195BD

2. <u>Assigned Assets</u>. The Parties will work together in good faith and with diligent efforts to obtain the issuance of one or more Court Orders for all of the Assigned Assets.

3. <u>Payment of Purchase Price</u>. Assignee shall, on the Closing Date, deliver the purchase price for the Assigned Assets in the amount previously agreed to (the "<u>Purchase Price</u>"), in immediately available funds wired to the account specified by Assignor. The Parties acknowledge that if the assumption and assignment of the Assigned Assets (the "<u>Closing</u>") does not occur on the date of the final Court Order the Lease(s) may thereafter be rejected in the bankruptcy proceeding referenced above.

4. <u>Assumption of Liabilities</u>. All defaults or other obligations of Assignor arising or accruing prior to the Closing Date (including, but not limited to, fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "<u>True-Up Charge</u>") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of such Assigned Asset(s), but without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. 365(b)(2)) shall be cured by Assignor on or before the Closing Date or as soon thereafter as reasonably practicable (or as otherwise agreed with the counterparty to such Assigned Asset), and Assignee shall have no liability or obligation arising or accruing under the Assigned Assets prior to the Closing Date. Assignee shall assume all obligations with respect to the Assigned Assets arising from and after the Closing Date.

5. <u>No Further Liability of Assignor</u>. From and after the Closing Date, Assignor shall have no further obligations and duties with respect to the Assigned Assets arising from and after the Closing Date.

6. <u>Further Assurances</u>. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Assets.

7. <u>"As Is Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Assets; *provided, however*, Assignor warrants and represents: (a) Assignor is the tenant under all of the Leases; (b) each Lease is in full force and effect; (c) the Leases are comprised of the documents made available to Assignee by Assignor via A&G Real Estate Partners and there are no other agreements (written or verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease(s) or that otherwise give rights with regard to use of the Premises under the Lease or limit the use of the Premises; and (d) there are no service contracts for any of the Assigned Assets which will bind Assignee after the Closing and Assignor shall terminate any and all service contracts with respect to the Assigned Assets and the Leases prior to Closing or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets.

8. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to principles of conflicts of law.

9. <u>Jurisdiction.</u> The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to

2

DocuSign Envelope ID: FCD430DD-DD0B-4F22-B5DC-0B3FAFC195BD

this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. <u>No Reliance</u>. Except as specifically set forth in this Agreement, each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

11. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12. <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

*[Signatures appear on following page]*

DocuSign Envelope ID: FCD430DD-DD0B-4F22-B5DC-0B3FAFC195BD

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**BED BATH & BEYOND INC.**,
a New York corporation

By: *David Kastin*
Name: David M. Kastin
Title: Executive Vice President - Chief Legal Officer

**ASSIGNEE:**
**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**,
a Florida corporation

By: *Michael Shanahan*
Name: Michael Shanahan
Title: Senior Vice President, Real Estate
Federal I.D. No.: 22-1970303

4

DocuSign Envelope ID: FCD430DD-DD0B-4F22-B5DC-0B3FAFC195BD

## Schedule A

### Description of Assigned Assets

| Store Number | Address | Purchaser Entity |
|---|---|---|
| 149 | 400 Grossman Drive<br>Braintree, MA | Burlington Coat Factory of Texas, Inc. |
| 454 | 2701 N. Federal Highway<br>Ft. Lauderdale, FL | Burlington Coat Factory Warehouse Corporation |
| 591 | 10060 W. McDowell Road<br>Avondale, AZ | Burlington Coat Factory of Texas, Inc. |
| 1268 | Building # 4,<br>Sarasota, FL | Burlington Coat Factory Warehouse Corporation |
| 1309 | 160 Marketplace Boulevard,<br>Hamilton, NJ | Burlington Coat Factory Warehouse Corporation |
| 1405 | 208 Grand Hill Place<br>Holly Springs, NC | Burlington Coat Factory Warehouse Corporation |