UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Leslie C. Heilman, Esquire
Laurel D. Roglen, Esquire
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
E-mail: heilmanl@ballardspahr.com
      roglenl@ballardspahr.com

Michael S. Myers, Esquire
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: (602) 798-5446
Facsimile: (602) 798-5595
E-mail: myersm@ballardspahr.com

*Counsel for 209-261 Junction Road Madison Investors, LLC*

In Re:

BED BATH & BEYOND INC, *et al.*[1]

    Debtor.

Case No.: 23-13359 (VFP)

Chapter 11

Judge Vincent F. Papalia

(Jointly Administered)

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF 209-261 JUNCTION ROAD MADISON INVESTORS, LLC TO DEBTORS' NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

209-261 Junction Road Madison Investors, LLC (the "Landlord"), by and through its undersigned counsel, hereby files this limited objection to and reservation of rights (the "Objection") regarding Debtors' *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No 1539] (the "Rejection Notice"). In support thereof, the Landlord respectfully represents follows:

1. On April 23, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of New Jersey (the "Court"), which cases have been jointly consolidated for administrative purposes only (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Cases.[2]

2. Debtor Bed Bath & Beyond Inc., as tenant, leases retail space (the "Premises") for a Bed Bath & Beyond store located in the shopping center known as Prairie Towne Center at 215 Junction Road, Madison, Wisconsin from the Landlord pursuant to an unexpired lease of nonresidential real property (the "Lease").[3]

3. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

[3] The Debtors, as tenant, also lease retail space for a Buy Buy Baby store in the shopping center known as Prairie Towne Center at 215 Junction Road, Madison, Wisconsin from the Landlord. For the avoidance of doubt, this objection only relates to the Bed Bath & Beyond store location.

4. On April 24, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Docket No. 80]. On May 17, 2023, the Court entered an *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 382].

5. On July 26, 2023, the Debtors filed the Rejection Notice, which lists July 31, 2023 as the Rejection Effective Date for the Lease. Rejection Notice, Schedule 1, p. 2.

6. The Proposed Rejection Order filed as Exhibit A to the Rejection Notice provides:

> [T]he Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

Rejection Notice, Ex. A, ¶ 1.

7. The Debtors sent Landlord a surrender notice indicating that the Premises was to be surrendered as of July 31, 2023 at 11:59 p.m. and indicating that the Landlord would be permitted to rekey the Premises.

8. Despite the indication of intention to surrender, on August 1, 2023, the Debtors were still in control of and occupying the Premises.

9. The Landlord does not challenge the Debtors' right to reject the Lease pursuant to the Debtors' "business judgment." Rather, the Landlord objects to the Debtors attempt to reject the Lease while it was still occupying the Premises.

10. Prior to filing this Objection, the Landlord reached out to the Debtors regarding the rejection date proposed in the Rejection Notice, which negotiations remain ongoing. The Landlord is hopeful that it will be able to consensually resolve its Objection prior to a hearing on the Rejection Notice and files this objection out of an abundance of caution.

**LIMITED OBJECTION**

11. Debtors request that the Rejection Effective Date for the Lease occur prior in time to the date that the Lease was unequivocally surrendered to the Landlord.

12. The effective date of rejection should not occur until the Landlord has full dominion and control over the Premises in accordance with the Lease. The Court should not permit the Debtors to reject the Lease until such time as the Debtors have indeed exercised their business judgment to reject the Lease, and unequivocally surrendered the Premise to the Landlord.

13. One of the lynchpins to requiring notice of the effective date of rejection is the fact that the rejection notice is unequivocal such that the landlord will know that once the date for rejection is announced, the landlord is free to commence reletting activities. Here, that was not true for the Landlord. Although the Debtors noticed the Rejection Effective Date—July 31, 2023—on August 1, 2023, the Debtors had not unequivocally surrendered the Premises and were still occupying the Premise.

14. The relief the Debtors are seeking is inconsistent with Section 365. Section 365 requires immediate surrender upon rejection and protects the rights of the Landlord in the event a delay in surrender occurs through no fault of its own. *See* 11 U.S.C. § 365(d)(4)(A) ("the trustee shall immediately surrender that nonresidential real property to the lessor"); *In re Scarborough-St. James Corp.*, 2015 Bankr. LEXIS 3258, *9-10, 2015 WL 5672628 (Bankr. Del. September 24, 2015) ("[U]pon rejection of a lease of nonresidential real property, the trustee shall 'immediately

surrender that nonresidential real property to the lessor.'") (citing Section (d)(4)(A) of the Bankruptcy Code).

15. The concern with any Rejection Effective Date that predates the Landlord's unequivocal possession and control of the Premises is that such retroactive rejection presents a risk of loss to the Landlord. Upon rejection of a Lease, the Debtors arguably do not have an insurable interest in the Lease or the Premises, making the Landlord subject to uninsurable claims from third parties that enter onto the Premises after the effective date of rejection. This shifts the risk of loss for this period to the Landlord. An outcome that is not supported by the Bankruptcy Code and is contrary to the policy of Section 365.

16. The Debtors control the rejection of the Lease, and any rejection must provide that the Debtors unequivocally vacate and turnover the Premises to the Landlord prior to the Rejection Effective Date. The Landlord should not be subjected to any risk of loss from the Rejection Date occurring prior to the Landlord's complete control of the Premises. There is no basis in law or equity to require that the Landlord bear the entire cost and risks associated with the Debtors' rejection of the Lease, and the Court should not order the Landlord to provide rent-free use, occupancy, and storage, at its risk of loss.

17. For these reasons, any order approving the rejection of the Lease should be modified so that the Rejection Effective Date is the date that the property was actually surrendered.

## JOINDER AND RESERVATION OF RIGHTS

18. To the extent consistent with the objections expressed herein, Landlord joins in the objections of other landlords. Additionally, this Objection is without prejudice to Landlord's ability to raise further objections at the hearing hereon.

## **CONCLUSION**

19.    Based on the foregoing, the Landlord respectfully requests that the Court grant relief consistent with the foregoing objection; and such other and further relief as may be just and proper under all of the circumstances.

Dated: August 4, 2023

*/s/ Leslie C. Heilman*
Leslie C. Heilman, Esquire
Laurel D. Roglen, Esquire
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
E-mail: heilmanl@ballardspahr.com
        roglenl@ballardspahr.com

and

Michael S. Myers, Esquire
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: (602) 798-5446
Facsimile: (602) 798-5595
E-mail: myersm@ballardspahr.com

*Counsel for 209-261 Junction Road Madison Investors, LLC*