

**William S. Gyves**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7640
Fax: (212) 808-7897
wgyves@kelleydrye.com

August 3, 2023

<u>Via Email</u>
Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

Re:  *In re Bed Bath & Beyond Inc., et al.,*
<u>Case No. 23-13359</u>

Dear Judge Papalia:

We represent Pinnacle Hills, LLC ("Landlord"), the landlord to debtor Bed Bath & Beyond Inc. ("Debtor") with respect to the lease for its Store No. 1142 (the "Lease") located within the Pinnacle Hills Power Center in Rogers, Arkansas (the "Shopping Center"). Landlord has filed an objection (the "Objection") (ECF 1323) to Debtors' proposed assignment of the Lease to Michaels Stores, Inc. ("Michaels"). A hearing on the Objection is tentatively scheduled to proceed later this month, although no firm date has been set.

We write with respect to a narrow discovery dispute that has arisen between Landlord and Michaels. We have served upon Michaels a subpoena compelling expedited discovery in support of the Objection. Michaels initially maintained that a number of our demands were unduly burdensome and/or sought information falling outside the scope of permissible discovery. We countered that those demands were narrowly tailored to the issues raised in the Objection and Michaels' reply to same. (ECF 1383). Through multiple meet-and-confers from July 26, 2023 through this date, counsel have worked diligently and in good faith to resolve their differences on the proper scope of our discovery demands. All of those issues -- with the one exception prompting this letter -- have been resolved amicably.

In the Objection, Landlord argues, among other things, that the assignment of the Lease to Michaels would violate the exclusive use clauses in Landlord's existing lease with Hobby Lobby, Inc. ("Hobby Lobby") and disrupt the tenant mix and balance at the Shopping Center. Hobby Lobby is Michaels' chief competitor in the specialty arts and crafts retail industry. The one unresolved discovery issue relates to a statement made in a declaration submitted in reply to the Objection. There, senior Michaels' executive Todd Powers stated, "Michaels and Hobby Lobby locations co-exist in over 30 shopping centers across the country." Declaration of Todd Powers (ECF 1384), ¶4. Michaels relies on that statement to support its position that its proposed tenancy will not disrupt the tenant mix and balance at the Shopping Center. Our position is that by virtue of this statement, Michaels has opened the door to discovery with respect to its "co-existence" with Hobby Lobby in those thirty shopping centers. As part of that inquiry, we have requested copies of Michaels' leases in those thirty shopping centers. Michaels has refused, maintaining that the leases are irrelevant to this dispute; the request is unduly burdensome; and the production of the leases could result in the disclosure of

Honorable Vincent F. Papalia, U.S.B.J.
August 3, 2023

sensitive business information.  Given the time constraints surrounding the hearing on the Objection, we respectfully request Your Honor's intervention to resolve this impasse.

### The Subpoena at Issue

On July 24, 2023, we served upon Michaels a subpoena compelling the expedited production of documents (the "Subpoena").  A copy of the Subpoena is attached hereto as Exhibit A.  Despite extraordinary progress in resolving their differences with respect to the Subpoena (as reflected in the Appendix attached hereto), counsel have been unable to reach an agreement with respect to Request No. 4(a) (the "Disputed Request").  Request No. 4(a) states:  "With respect to the statement in paragraph 4 of the Powers Declaration that 'Michaels and Hobby Lobby locations co-exist in over 30 shopping centers across the country': [provide] a copy of the operative lease ... in each such shopping center in which Michaels is identified as the ... tenant[.]"

### The Controlling Legal Principles

Landlord's request for the thirty leases in question constitutes an absolutely appropriate attempt to obtain information relevant to one of the central issues raised by the Objection:  Whether Michaels' proposed tenancy in the Shopping Center complies with section 365(b)(3) of the Bankruptcy Code, including whether Michaels will disrupt tenant mix and balance under section 365(b)(3)(D).  The leases will provide information that may demonstrate why those thirty co-tenancies have no relevance to the proposed assignment here, including information regarding the term of Michaels' tenancy and use restrictions in place at each of the shopping centers in question.  Significantly, Michaels itself acknowledges that leases often provide key information regarding tenant mix and balance at a shopping center.  See ECF 1383, ¶27.

We submit that the leases sought through the Disputed Request are a proper subject of discovery given the overall mix of issues raised in the Objection and Michael's reply to same.  Federal Rule of Civil Procedure 26, made applicable here by Federal Rule of Bankruptcy Procedure 9014(c), permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  The Third Circuit has instructed that Rule 26 "allow[s] broad and liberal discovery."  Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999).  Courts have construed Rule 26 to provide for discovery encompassing "'any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  Kopacz v. Delaware River & Bay Auth., 225 F.R.D. 494, 497 (D.N.J. 2004).  Rule 26 "is construed liberally" to achieve this objective.  Campbell v. Sedgwick Detert, Moran & Arnold, 2013 WL 1314429, at *8 (D.N.J. Mar. 28, 2013); see also Jones v. DeRosa, 238 F.R.D. 157, 163 (D.N.J. 2006) ("Federal Rules of Civil Procedure adopt a liberal policy for providing discovery").

The broad scope of discovery "is warranted because the '[r]eview of all relevant evidence provides each party with a fair opportunity'" to present its case to the court.  Faiella v. Faiella, 2008 WL 1790410, at *4 (Bankr. D.N.J. Apr. 18, 2008).  Significantly, the concept of relevance is "more loosely construed at the discovery stage than at the trial."  Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990).  This strong preference for robust, probing discovery has been a pillar of civil litigation for decades.  See

**KELLEY DRYE & WARREN LLP**

Honorable Vincent F. Papalia, U.S.B.J.
August 3, 2023

Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation").

### Michaels' Objection Has No Legal Basis

Michaels' position with respect to the Disputed Request is directly contrary to these bedrock principles favoring liberal discovery. As reflected in the Appendix, Landlord voluntarily has withdrawn or modified many of its discovery demands in a good faith attempt to address Michaels' concerns and objections. It cannot do so with respect to the leases relating to Michaels' tenancy in the thirty shopping centers referenced by its own witness. At this point, we submit that the parties require the Court's assistance in declaring their respective rights and obligations with respect to the Disputed Request.

### Conclusion

For the reasons set forth above, we respectfully request that the Court at its earliest convenience schedule a conference to address and resolve this discovery impasse.

Respectfully submitted,

/s/William S. Gyves

William S. Gyves

WSG:cmc

cc:     Gregory Pesce, Esq.  (via email)
        Samuel Hershey, Esq.  (via email)
        Laura Baccash, Esq.  (via email)
        Devin Rivero, Esq.  (via email)
        Joshua A. Sussberg, Esq.  (via email)
        Emily E. Geier, Esq.  (via email)
        Derek I. Hunter, Esq.  (via email)
        Ross J. Fiedler, Esq.  (via email)
        Warren A. Usatine, Esq.  (via email)
        David M. Bass, Esq.  (via email)
        Philip Gross, Esq.  (via email)
        Casey McGushin, Esq.  (via email)

**KELLEY DRYE & WARREN LLP**

## APPENDIX

### Request Nos. 1-3

No dispute. Michaels advises that it will comply with these Requests.

### Request No. 4(a)

Michaels refuses to comply with this Request.

### Request No. 4(b)

Pinnacle Hills has withdrawn this Request.

### Request No. 4(c) and (d)

No dispute. Michaels objected to these Requests and Pinnacle Hills offered to limit them to the production of a site plan or similar document reflecting the information sought. Michaels rejected that proposed compromise. Pinnacle Hills then proposed that Michaels identify the thirty shopping centers in question in order to facilitate our independent search for the information sought. Michaels has accepted this proposal and advises that it will comply with these Requests as modified.

### Request No. 4(e) and (f)

Pinnacle Hills has withdrawn these Requests.

### Request Nos. 5-12

No dispute. Michaels advises that it will comply with these Requests.

### Request No. 13

No dispute. Michaels objected to this Request and Pinnacle Hills narrowed it to the production of a floor plan or similar document reflecting the information sought. Michaels advises that it will comply with this Request as modified.

### Request No. 14

No dispute. Michaels has agreed to produce the requested projections if they exist.

### Request No. 15

Pinnacle Hills has withdrawn this Request.

### Request Nos. 16-19

No dispute. Michaels objected to these Requests. It proposed that Pinnacle Hills limit them to encompass only communications between Michaels and Debtor prior to the date of the auction relating to the Lease. Pinnacle Hills agreed. Michaels advises that it will comply with these Requests as modified.

### Request No. 20

Pinnacle Hills has withdrawn this Request.

### Request Nos. 21-22

No dispute.  Michaels advises that it will comply with these Requests.

### Request Nos. 23-25

Pinnacle Hills has withdrawn these Requests.

### Request No. 26

No dispute.  Michaels advises that it will comply with this Request.

### Request No. 27

Pinnacle Hills has withdrawn this Request.

**KELLEY DRYE & WARREN LLP**

**<u>EXHIBIT A</u>**

**(Subpoena)**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| United States Bankruptcy Court | District of | **New Jersey** |
|---|---|---|

In re **BED BATH & BEYOND INC., et al.,**
_____
**Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. __**23-13359 (VFP)**__

Chapter __**11**__

_____
**Plaintiff**

v.

_____
**Defendant**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Michaels Stores, Inc., c/o White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A.

| PLACE | DATE AND TIME |
|---|---|
| William S. Gyves, Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007 Tel: (212) 808-7800; wgyves@kelleydrye.com | 07/31/23      5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 24, 2023

CLERK OF COURT

OR

_____          *William S. Gyves*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* creditor Pinnacle Hills, LLC      , who issues or requests this subpoena, are:
William S. Gyves, Kelley Drye & Warren LLP, 3 World Trade Ctr., NY, NY 10007;(212) 808-7800; wgyves@kelleydrye.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

## DEFINITIONS

1.      "Action" shall mean the bankruptcy proceedings captioned In re Bed Bath

& Beyond Inc., et al., Case No. 23-13359 (VFP) and pending in the United States Bankruptcy

Court for the District of New Jersey.

2.      "Bed Bath & Beyond" shall mean Bed Bath & Beyond Inc. and any and

all of its current and former officers, directors, employees, agents, representatives, predecessors,

successors, parents, subsidiaries, attorneys, affiliates and assigns and any other person acting or

purporting to act on its or their behalf.

3.      "Debtor" shall mean Bed Bath & Beyond.

4.      "Pinnacle Hills" shall mean Pinnacle Hills, LLC and any and all of its

current and former officers, directors, employees, agents, representatives, predecessors,

successors, parents, subsidiaries, attorneys, affiliates and assigns and any other person acting or

purporting to act on its or their behalf.

5.      "Promenade" shall mean the Pinnacle Hills Promenade located in Rogers,

Arkansas.

6.      "Shopping Center" shall mean the Power Center located within the

Promenade.

7.      "Michaels" shall mean Michaels Stores, Inc. and any and all of its current

and former officers, directors, employees, agents, representatives, predecessors, successors,

parents, subsidiaries, attorneys, affiliates and assigns and any other person acting or purporting to

act on its or their behalf.

8.      "Bed Bath & Beyond Lease" shall mean Lease Agreement dated June 1, 2007, as amended, by and between Pinnacle South LLC, as landlord, and Bed, Bath & Beyond with respect to premises located in the Shopping Center and a copy of which is attached as Exhibit A to the Powers Declaration as defined below.

9.      "First Amendment of Lease" shall mean the First Amendment of Lease dated February 10, 2021 by and between Pinnacle Hills and Bed Bath & Beyond with respect to the Bed Bath & Beyond Lease.

10.      "Hobby Lobby" shall mean Hobby Lobby Stores, Inc. and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns and any person acting or purporting to act on its or their behalf.

11.      "Hobby Lobby Lease" shall mean the Lease Agreement dated January 5, 2021 by and between Hobby Lobby Stores, Inc., as tenant, and Pinnacle Hills as landlord, with respect to premises located within the Shopping Center.

12.      "Exclusivity Provision" shall mean the terms set forth in Section 7.3 of the Hobby Lobby Lease.

13.      "Powers" shall mean Todd Powers, the Senior Vice President for Real Estate and Development for Michaels.

14.      The "Powers Declaration" shall mean the Declaration of Todd Powers filed on July 17, 2023 in the Action (ECF 1384).

15.      "Michaels' Reply" shall mean Michaels Stores, Inc.'s Reply to Objection of Pinnacle Hills, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 1142 filed in the Action (ECF 1383).

2

16.     "Sales by Product Category" shall have the meaning attributed to it for purposes of the financial statements of The Michaels Companies, Inc. for the fiscal year ended January 28, 2023.

17.     "You" or "Your" means Michaels.

18.     The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, by United States or private mail service, facsimile, memorandum, e-mail, text messages, telephone voice mail, hand delivery, computer transmission, conversation among persons or telephone.

19.     The term "information" shall be expansively construed and shall include, but not be limited to, facts, data, opinion, images, impressions, concepts and formulas.

20.     The term "document(s)" is used in the broadest sense and means all writings of any nature whatsoever, whether originals or copies, including all non-identical copies (whether different from the original because of notes made on or attached to them or otherwise), whether drafts, preliminary, proposed, or final versions, whether printed, recorded, produced or reproduced by any other mechanical process, whether written or produced by hand, within your possession, custody or control, including, but not limited to, contracts, agreements, arrangements, understandings, communications, including intra-bank communications, correspondence, telegrams, records, reports, studies, memoranda, including memoranda of telephone, personal, or intra-office conversations and memoranda of meetings or conferences, notes, advertisements, notices, telex communications, text messages, telephone bills and records, cables, books, diaries, forecasts, statistical statements, accountants' workpapers, graphs, summaries, lists, tabulations, charts, maps, diagrams, blueprints, tables, indices, pictures, recordings, tapes, microfilms, charges, accounts, minutes, brochures, pamphlets, circulars, trade

3

letters, press releases, stenographic, handwritten, or any other notes, projections, working papers, checks, check stubs, receipts, invoice vouchers, tape data sheets or data processing cards or discs, magnetic tapes, discs, drums, promotional devices, or any other documents or writings of whatever description, including, without limitation, any information contained in any computer or memory system, although not yet printed out, or any material underlying, supporting, or used in the preparation of any such documents.

21.    "Correspondence" shall mean any and all written or electronic communications of any kind, including without limitation, documents, letters, forms, memoranda, reports, notes, worksheets, drafts, working papers, contracts, agreements or other papers whether handwritten, typed, printed or reproduced photostatically or photographically, including all film, microfilm, photographs, audiotapes, videotapes, e-mails, text messages, drawings or other visual representations and any computer, magnetic, mechanical or electronic recordings. The term "correspondence" extends to and specifically encompasses all non-identical copies of any responsive documents and all such non-identical copies should be produced.

22.    The terms "relating to" or "regarding" shall be construed to include pertaining to, responding to, constituting, comprising, concerning, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing, identifying or evaluating, directly or indirectly, or in any way having any logical or factual connection whatsoever with this Action.

23.    "Oral communication" shall mean every oral manner of transmitting or receiving facts, information, opinions, and thoughts, including, but not limited to, any meetings, discussions, and telephone calls.

24.     All terms in these Requests have the broadest meaning accorded to them pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and all information and documents should be accorded with those rules.  In particular: (i) the terms "all" and "each" shall be construed as all and each; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope; and (iii) the use of the singular form of any word shall include the plural and vice versa.

## INSTRUCTIONS

1.     In the event that any document, or any portion of any document, within the scope of this request is withheld from production upon a claim of privilege, work product, or for any other reason, including, without limitation, that such document was lost, destroyed or otherwise disposed of since its preparation or receipt, You are requested to provide a list identifying each document so withheld, together with the following:

(a)     a statement constituting the basis for any claim of privilege, work product, or other ground of non-disclosure or non-production;

(b)     if, applicable, the full particulars or circumstances whereby the document was lost, destroyed or otherwise disposed of; and,

(c)     a brief description of the document including:

(i)     the type of document;

(ii)     the date of the document;

(iii)     the number of pages, attachments, and appendices;

(iv)     the name(s) of its author(s) or preparer(s) and an identification by employment and title of each such person;

5

    (v) the name(s) of each person to whom the document, or a copy thereof, was sent, shown or made accessible, or to whom it was explained, together with an identification of each such person;

    (vi) the subject matter of the document; and,

    (vii) last custodian of the document or copies thereof.

  2. In construing these Requests, the singular includes the plural number and vice versa; the masculine includes the feminine and neuter genders; the past tense includes the present tense where the clear meaning is not destroyed by the change in tense.

  3. A complete and legible copy may be produced in lieu of producing the document itself.

  4. With respect to the documents produced, You shall:

  (a) produce them as they are kept in the usual course of business or shall organize and label them to correspond with each numbered paragraph and each lettered subparagraph of this Request in response to which such documents are produced;

  (b) identify the source of each document by department, division, and/or person.

  5. The responses to this Request must include all documents possessed by Michaels' agents and employees, including attorneys and all persons acting on Michaels' behalf or under Michaels' control, or any affiliate or subsidiary of Michaels.

  6. All documents that respond in whole or in part, to any part of any paragraph of the following Requests shall be produced in their entirety, including all attachments and enclosures.

7.     In accordance with Federal Rule of Civil Procedure 26, these Requests are continuing in nature and require Michaels to make supplemental production(s) in a timely manner in the event that Michaels obtains or discovers additional information or documents after the documents requested herein are produced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### Request No. 1

A copy of the curriculum vitae, resume or similar document reflecting the educational and professional background of Powers.

### Request No. 2

A copy of the curriculum vitae, resume or similar document reflecting the educational and professional background of any person other than Powers who has submitted or will submit any affidavit, declaration or other form of testimony in support of Your position with respect to the Objection of Pinnacle Hills, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 1142 filed in this Action (ECF 1323).

### Request No. 3

A copy of the curriculum vitae, resume or similar document reflecting the educational and professional background of any person You expect to testify on Your behalf at the hearing on the Objection of Pinnacle Hills, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 1142 filed in this Action (ECF 1323).

### Request No. 4

With respect to the statement in paragraph 4 of the Powers Declaration that "Michaels and Hobby Lobby locations co-exist in over 30 shopping centers across the country":

a.     a copy of the operative lease (including any amendments, assignments, extensions or other modifications to same) in each

7

such shopping center in which Michaels is identified as the original
or successor tenant;

b.      a copy of the operative lease (including any amendments, assignments,
extensions or other modifications to same) in each such shopping center in which
Hobby Lobby is identified as the original or successor tenant;

c.      any and all documents reflecting the location of the
Michaels store in each such shopping center;

d.      any and all documents reflecting the location of the Hobby
Lobby store in each such shopping center;

e.      any and all documents referring, reflecting or relating to, or
otherwise constituting, any non-privileged communications
between Michaels and any person regarding the negotiation of
Michaels' lease in each such shopping center; and

f.      any and all documents referring, reflecting or relating to, or
otherwise constituting, any non-privileged communications
between Michaels and any person regarding the Hobby Lobby
tenancy at each such shopping center.

**Request No. 5**

With respect to the Pottery Barn store referenced in paragraph 4 of the Powers

Declaration, any and all documents referring, reflecting or relating to the floor space in that store

currently devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed

art, wall art and/or wall decor.

**Request No. 6**

With respect to the Dollar Tree store referenced in paragraph 4 of the Powers

Declaration, any and all documents referring, reflecting or relating to the floor space in that store

devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall

art and/or wall decor.

### Request No. 7

With respect to the Target store referenced in paragraph 4 of the Powers Declaration, any and all documents referring, reflecting or relating to the floor space in that store devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall art and/or wall decor.

### Request No. 8

With respect to the TJ Maxx store referenced in paragraph 4 of the Powers Declaration, any and all documents referring, reflecting or relating to the floor space in that store devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall art and/or wall decor.

### Request No. 9

With respect to the Haverty's store referenced in paragraph 4 of the Powers Declaration, any and all documents referring, reflecting or relating to the floor space in that store devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall art and/or wall decor.

### Request No. 10

With respect to the Williams Sonoma store referenced in paragraph 4 of the Powers Declaration, any and all documents referring, reflecting or relating to the floor space in that store devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall art and/or wall decor.

### Request No. 11

With respect to the Dillards store referenced in paragraph 4 of the Powers Declaration, any and all documents referring, reflecting or relating to the floor space in that store

9

devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall art and/or wall decor.

### Request No. 12

With respect to the JC Penney store referenced in paragraph 4 of the Powers Declaration, any and all documents referring, reflecting or relating to the floor space in that store devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall art and/or wall decor.

### Request No. 13

With respect to the Michaels store You anticipate operating in the Shopping Center, any and all documents referring, reflecting or relating to the floor space in that store that You anticipate will be devoted to the sale of art supplies, craft supplies, fabrics, photo frames, frames, framed art, wall art and/or wall decor.

### Request No. 14

Any and all documents referring, reflecting or relating to the Sales by Product Category projected for the Michaels store You anticipate operating in the Shopping Center, including without limitation any projections for the sales of (1) core arts and crafts products; (2) seasonal products; and/or (3) custom framing products as those terms are defined for purposes of the financial statements of The Michaels Companies, Inc. for the fiscal year ended January 28, 2023.

### Request No. 15

Any and all documents referring, reflecting or relating to, or otherwise constituting, any communications between You and Debtor regarding the Bed Bath & Beyond Lease.

**Request No. 16**

Any and all documents referring, reflecting or relating to, or otherwise constituting, any communications between You and Debtor regarding the assignment or potential assignment of the Bed Bath & Beyond Lease to Michaels.

**Request No. 17**

Any and all documents referring, reflecting or relating to, or otherwise constituting, any communications between You and Debtor with respect to the Hobby Lobby store located in the Shopping Center.

**Request No. 18**

Any and all documents referring, reflecting or relating to, or otherwise constituting, any communications between You and Debtor regarding the Hobby Lobby Lease generally and/or the Exclusivity Provision specifically.

**Request No. 19**

Any and all documents referring, reflecting or relating to, or otherwise constituting, any communications between You and Debtor regarding paragraph 4 of the First Amendment of Lease providing that "the restrictions set forth in subsection 13.2.1 of the [Bed Bath & Beyond] Lease shall not apply to the operations of a typical Hobby Lobby store."

**Request No. 20**

Any and all documents referring, reflecting or relating to any attempt by You to lease space in the Shopping Center or the Promenade prior to April 23, 2023.

**Request No. 21**

Any and all documents supporting the proposition, as stated at page 14 of Michaels' Reply, that "[t]here is no evidence" that the proximity of the Michaels and Hobby

11

Lobby stores in the thirty Shopping Centers referenced in the Powers Declaration impairs the tenant mix and balance in those shopping centers.

### Request No. 22

Any and all documents supporting the proposition, as stated at pages 4-5 and 14 of Michaels' Reply, that the assignment of the Bed, Bath & Beyond Lease to Michaels will not disrupt the tenant mix and balance of the Shopping Center.

### Request No. 23

A copy of any and all pleadings in any legal proceeding through which You have sought to enforce an exclusivity provision or analogous term in any lease relating to premises located within a shopping center or similar commercial development.

### Request No. 24

Any and all non-privileged documents referring, reflecting or relating to, or otherwise constituting, any negotiations or communications regarding Section 16.4 of Exhibit C (General Lease Provisions) to the Shopping Center Lease dated July 3, 2002 by and between Michaels and ███████████████████████ with respect to premises located within the ███████████████████

### Request No. 25

Any and all non-privileged documents referring, reflecting or relating to, or otherwise constituting, any negotiations or communications regarding paragraphs 5 and 6 of the Extension and Fifth Amendment of Lease dated May 1, 2014 by and between Michaels and ███████████████ with respect to the lease dated March 27, 1997 relating to premises located in the ███████████████████

12

**Request No. 26**

The financial statements (audited or unaudited) of The Michaels Companies, Inc.

for the quarterly period ending April 30, 2023.

**Request No. 27**

Copies of the leases (including any amendments, assignments, extensions or other

modifications to same) for the ███ Michaels stores located in Arkansas ███████████

██████████████████████████████████████████████████

████