**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION IN LIEU OF MOTION IN**
**SUPPORT OF ENTRY OF STIPULATION AND CONSENT ORDER**
**AUTHORIZING ABANDONMENT OF CERTAIN PERSONAL PROPERTY**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by
and through their undersigned co-counsel, Cole Schotz P.C., and Kirkland & Ellis LLP and
Kirkland & Ellis International LLP (collectively, "Kirkland"), respectfully state the following in
support of this application (the "Application"), pursuant to D.N.J. LBR 9021-1(b), seeking the
approval and entry of the proposed *Stipulation and Consent Order Authorizing Abandonment of
Certain Personal Property* (the "Proposed Stipulation"),[2] a copy of which is attached hereto as
**Exhibit 1**, and respectfully state as follows:

1.    On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for
relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors
are operating their businesses and managing their properties as debtors in possession pursuant to
sections 1107(a) and 1108 of the Bankruptcy Code. On April 24, 2023, the Court entered an order
[Docket No. 75] authorizing procedural consolidation and joint administration of these Chapter 11
Cases pursuant to Bankruptcy Rule 1015(b). On May 5, 2023, the United States Trustee for the
District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors
pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 218].

2.    On or about February 16, 2023, Evergreen Line ("Evergreen"), pursuant to Bill of
Lading EGLV143266086765, completed shipment of a certain shipping container,
ID EITU0018410 (the "Container"), containing certain goods ordered by the Debtors
(collectively, the "Cargo"), from Ningbo, China to the Garden City Terminal in Savannah, Georgia

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Proposed
Stipulation.

2

(the "Terminal").  The Bill of Lading was issued to Hong Kong Evert Company, Limited and

designated Debtor Liberty Procurement Co. Inc. as the consignee.

3.      The Georgia Ports Authority, which operates the Terminal, allowed the Container

to be held at the Terminal until February 23, 2023 without charge.  The Georgia Ports Authority

would then assess a demurrage charge for each subsequent day for which the Container is held at

the Terminal.  Due to the disruption of the Debtors' businesses and the Debtors' prepetition

liquidity shortage, the Debtors were unable to coordinate retrieval of the Cargo.

4.      As of the date hereof, Evergreen continues to hold the Container and Cargo on

behalf of the Debtors at the Terminal.  Evergreen has incurred approximately $30,350 in

demurrage charges on account of the unclaimed Container and Cargo, and such demurrage charges

will continue to accrue in the amount of $175 per day if the Container and Cargo are not claimed

or otherwise disposed of.  Evergreen further asserts a maritime lien on the Cargo to secure payment

of amounts associated with the shipment of the Cargo.

5.      On July 21, 2023, counsel for Evergreen contacted counsel for the Debtors to

inform the Debtors that Evergreen continued to hold the Container and Cargo.  Counsel for

Evergreen inquired into whether the Debtors intended to pay the demurrage charges and retrieve

the Cargo, or whether the Debtors intended to abandon the Container and Cargo.

6.      Evergreen and the Debtors (collectively, the "Parties") desire and agree on the form

of the Proposed Stipulation setting forth the Debtors' abandonment of the Container and Cargo

(collectively the "Abandoned Property") and Evergreen's authority to dispose of or otherwise use

the Abandoned Property in its sole discretion.

7.      Abandoning the Abandoned Property will benefit the Debtors' bankruptcy estates

by, among other things, resolving certain lien claims and demurrage charges asserted by

Evergreen, disposing of property of minimal or no material value or benefit to the Debtors' estates, and avoiding costs to the Debtors' estates related to the removal, storage, and disposition of the Abandoned Property.

8.      The Parties have agreed to the terms of the attached Proposed Stipulation.

9.      The Debtors submit that the Proposed Stipulation is in the best interest of the Debtors and their estates.

10.     This Application is submitted pursuant to D.N.J. LBR 9021-1 (b) in lieu of a motion in support of the Debtors' request that the Court enter the Proposed Stipulation as presented.

11.     No previous application for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed

Stipulation, in substantially the forms submitted herewith, granting the relief requested herein and

such other relief as is just and proper under the circumstances.

Dated: August 17, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      josuha.sussberg@kirkland.com
            emily.geier@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*