# EXHIBIT "A"

Michael J. Mackler, Esquire
N.J. Attorney Identification Number 036751994
GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL P.C.
A Professional Corporation
1030 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 344-7131 fax (609) 347-2052
Attorneys for Plaintiff

| | |
|---|---|
| *PHYLLIS EICHNER,*<br>                Plaintiff(s)<br>v.<br><br>*BED, BATH & BEYOND INC., BED, BATH &*<br>*BEYOND EMPLOYEE JOHN DOE, John Doe I-*<br>*V and/or Mary Doe I-V, XYZ Corporations and/or*<br>*ABC Partnerships jointly, severally, and in the*<br>*alternative,*<br><br>                Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-<br><br>*CIVIL ACTION*<br><br>*COMPLAINT AND JURY DEMAND* |

Plaintiff, Phyllis Eichner, residing at 9400 Atlantic Avenue in the City of Margate, County of Atlantic, and State of New Jersey, by way of Complaint against the defendants, says:

1. On or about September 25, 2020, the plaintiff, Phyllis Eichner, was a patron/business invitee upon the premises commonly known as Bed, Bath & Beyond located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey, which is owned and operated by defendants, Bed, Bath & Beyond Inc. and/or John Doe I-V, Mary Doe I-V, ABC Partnerships and/or XYZ Corporations.

2. On the aforesaid date, plaintiff was injured when she was struck by an automatic door while standing in the vestibule common/public area of defendant's store.

3. At all times material hereto, defendants knew and/or should have known that the sliding automatic door in the vestibule common/public area posed a foreseeable hazard to patrons standing in close proximity thereto.

4. On the date and time aforesaid, defendant, Bed, Bath & Beyond Employee John Doe, knew or should have known plaintiff was standing in the zone of danger posed by the sliding portion of the automatic door in the vestibule common/public area of defendant's store.

5. Defendant, Bed, Bath & Beyond Employee John Doe, negligently activated the sliding automatic door as aforesaid causing it to strike plaintiff.

6. Defendant, Bed, Bath & Beyond Employee John Doe, was negligent for failing to warn plaintiff of the foreseeable danger posed by activation of the sliding automatic door while she was standing in such close proximity to it that he knew or should have reasonably foreseen the risk of harm to plaintiff.

7. The area of defendant's business as aforesaid posed a foreseeable hazard to patrons/business invitees in the vestibule common/public area.

8. At all times material hereto, defendant, Bed, Bath & Beyond Employee John Doe, was acting in the scope and course of his employment with defendant, Bed, Bath & Beyond, and as such, defendant, Bed, Bath & Beyond, is vicariously liable for the negligence of defendant, Bed, Bath & Beyond Employee John Doe.

9. The defendants, their agents, servants, and representatives did have the duty to supervise and maintain its property so as to avoid injury to the plaintiff.

10. Defendants, (including Bed, Bath & Beyond Employee John Doe) their agents, servants, and representatives did have the duty to move about the property so as to avoid injury to the plaintiff.

11. The defendants, through their agents, representatives, and/or employees were negligent in breaching their duty to the plaintiff to use ordinary care and diligence to design, build, keep, and maintain, and inspect said premises in a condition reasonably safe for its intended uses, free of all defects and conditions which would render it dangerous and unsafe for the plaintiff or present an unreasonable risk of harm to the plaintiff in the use of said premises.

12. The defendants through their agents, representatives, and/or employees were further negligent in breaching their duty to exercise reasonable care to protect the plaintiff by inspection and other affirmative acts from the danger of a reasonably foreseeable injury occurring from the use of the premises in question.

13. The aforesaid act or occurrence was the result of the general negligence and carelessness of the defendants and the nuisance that was created and/or maintained and/or adopted by the defendants.

14. The defendants were further negligent and careless by failing to have proper and suitable lighting, signals, guards, coverings and warnings that would have alerted the plaintiff aforesaid dangerous condition.

15. The defendants through their agents, representatives and/or employees, were on notice or should have been on notice that unless vigilance was used, said dangerous condition would endanger the safety of the traveling public.

16. The defendants were further negligent and careless in permitting the dangerous condition to exist, despite the defendants, through their agents, representatives and/or employees, having notice of said dangerous condition.

17. The defendants through their agents, representatives and/or employees were further negligent and careless in failing to properly maintain the public area at the scene of the accident in a safe condition for the general public.

18. The aforesaid acts of negligence on the part of the defendants combined and concurring, were the proximate cause of the injuries sustained by the plaintiff as herein alleged.

19. The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible in whole or in part for the causation of the aforesaid accident. For the purposes of the within Complaint, said individuals and business entities have been nominated as John Doe I-V, Mary Doe I-V, ABC Partnerships and XYZ Corporations. The plaintiff pursuant to the Rules of Court for the State of New Jersey, reserve(s) the right to amend the within Complaint relative to additional defendants when and if the identity of said individuals or business entities becomes known.

20. As a result of the aforesaid accident, the plaintiff was struck by the automatic door as aforesiad; suffered severe and painful bodily injuries which necessitated obtaining medical treatment; was caused pain and suffering; was incapacitated from pursuing usual employment and other activities; and is left with permanent disabilities that will similarly incapacitate the plaintiff, caused the plaintiff pain and suffering and required medical treatment.

WHEREFORE, the plaintiff demands judgment against the defendants for damages, interest, attorneys' fees and costs of suit as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## DEMAND PURSUANT TO RULE 4:17-1 (b)(ii)

Plaintiff demands answers to Form C and C(2) Uniform Interrogatories in lieu of service of the Interrogatories themselves.

## NOTICE OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Michael J. Mackler, Esquire, is hereby designated as trial counsel in the above-captioned litigation for the firm of GOLDENBERG, MACKLER & SAYEGH, P.A. pursuant to Rule 4:25-4.

## CERTIFICATION UNDER RULE 4:5-1

I, MICHAEL J. MACKLER, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DEMAND FOR PRODUCTION OF DOCUMENTS

In accordance with R. 4:10-2 et seq. and R. 4:18-1 specifically, the plaintiffs, demand that the defendants, provide copies of all discoverable materials and information within thirty (30) days after the service of this request.

If the defendant believes something is not discoverable, please identify the item or information and state why it is not discoverable. If the item cannot be copied, please state what it is so a mutually convenient date and time can be agreed upon for inspection or reproduction of the item.

The following information and materials are requested:

1. The entire contents of any investigation file or files and any other documentary material in your possession including any and all investigative reports.

2. Any and all statements concerning this action, as defined by R.4:10-2 from any witnesses including any statements from the parties herein, or their respective agents, servants or employees.

3. Copies of all photographs of the parties involved, vehicles involved, scene or accident or any other photos which defendant intends to use in discovery or at time or trial. Also give name and address of photographer.

4. Any and all documents containing the name and home and business addresses of all individuals contacted as potential witnesses.

5. Names and addresses of any expert witnesses consulted and attached hereto copies of any reports received from experts and a copy of their Curriculum Vitae.

6. A copy of all insurance policies under which the defendant is provided coverage for the incident which is the subject matter of the Complaint.

7. Attach reports, photographs, videotapes of surveillance.

8. Any and all medical records and reports obtained concerning the plaintiffs.

9. Copies of the results of any "CIB" or claims index searches conducted by defendant and/or his insurance carrier on plaintiff.

10. Any and all studies, learned treatises, articles, peer reviews or any other such documents

relied upon by any expert hired by answering defendant in the formulation of any and all opinions of said expert.

11. Any and all incident and/or accident reports for other patrons and/or employees who were injured as a result of being struck by a sliding automatic door at any of defendant's locations in the past 10 years.

12. Any and all complaints filed against defendant for any other patrons and/or employees who were injured as a result of being struck by a sliding automatic door at any of defendant's locations in the past 10 years. For purposes of this request "complaints" includes any legal pleading in any Court including State Court, Federal Court or the Division of Workers' Compensation.

                                            GOLDENBERG, MACKLER, SAYEGH, MINTZ
                                            PFEFFER, BONCHI & GILL
                                            Attorneys for Plaintiff

                                            *s/Michael J. Mackler*

                                            MICHAEL J. MACKLER, ESQUIRE

Dated: July 19, 2021