# EXHIBIT "C"

Elizabeth A. Chalik, Esquire
NJ ID 017612001
**KENNEDYS CMK LLP**
1600 Market Street, Suite 1410
Philadelphia, PA 19103
(267) 479-6700
(215) 665-8475
Elizabeth.chalik@kennedyslaw.com

Counsel for Defendant,
Bed Bath & Beyond Inc.

| | |
|---|---|
| PHYLLIS EICHNER<br>Plaintiff<br><br>v.<br><br>BED BATH & BEYOND INC., BED BATH & BEYOND EMPLOYEE JOHN DOE, JOHN DOE I-V; and/or MARY DOE I-V; XYZ CORPORATIONS and/or ABC PARTNERSHIPS jointly, severally and in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY LAW DIVISION<br><br>DOCKET NO.: ATL-L-2254-21<br><br>Civil Action<br><br>**ANSWER, SEPARATE DEFENSES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL; DEMAND FOR ANSWERS TO FORM INTERROGATORIES; AND RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS; DEMAND FOR STATEMENT OF DAMAGES; PROOF OF MAILING** |

Defendant, Bed Bath & Beyond, Inc., by way of Answer to the Complaint of Phyllis Eichner ("Plaintiff"), hereby responds as follows:

1. Admitted in part; denied in part. It is admitted that Phyllis Eichner is the Plaintiff with respect to the above referenced matter. It is further admitted that Phyllis Eichner was present at the Bed Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Atlantic County, New Jersey on September 25, 2020. It is denied that Bed Bath & Beyond, Inc., owns the building in question. It is admitted that Bed Bath & Beyond, Inc., operates the Bed Bath & Beyond store located at the aforementioned address. The remainder of the averments contained in this paragraph are conclusions of law to which no answer is required.

2. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

3. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

4. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial. By way of further response, it is specifically denied that Bed Bath & Beyond employee, John Doe knew or should have known that Plaintiff was standing against the sliding portion of the automatic door in the vestibule.

5. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

6. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

7. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks

sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

8. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

9. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

10. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

11. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

12. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

13. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

14. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks

sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

15. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

16. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

17. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

18. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

19. No answer is required.

20. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, demands proof thereof at trial.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor and against Plaintiff, with an award of attorney's fees and costs associated with the defense of this litigation.

## **SEPARATE DEFENSES**

### **FIRST SEPARATE DEFENSE**

The claims asserted by Plaintiff is barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Answering Defendant.

## SECOND SEPARATE DEFENSE

Any damages suffered by Plaintiff resulted from the acts of third persons over whom Answering Defendant has/had no control.

## THIRD SEPARATE DEFENSE

The injuries and damages alleged in the Complaint are barred because Answering Defendant did not violate any duty owed to Plaintiff.

## FOURTH SEPARATE DEFENSE

Any damages or injuries suffered by Plaintiff were not caused in fact or proximately caused by the acts alleged against Answering Defendant.

## FIFTH SEPARATE DEFENSE

Plaintiff is barred from recovering damages from Answering Defendant by reason of her failure to mitigate damages.

## SIXTH SEPARATE DEFENSE

Pursuant to N.J.S.A. 2A:15-97, Answering Defendant are entitled to a credit for any and all medical bills for which Plaintiff either received or is entitled to receive benefits from any other source.

## SEVENTH SEPARATE DEFENSE

The injuries and damages alleged in the Complaint are barred because those injuries and damages were not the proximate or foreseeable result of any acts or omissions of Answering Defendant.

## EIGHTH SEPARATE DEFENSE

Any damages that may have been sustained by Plaintiff resulted from independent, intervening causes for which Answering Defendant cannot be held liable.

### NINTH SEPARATE DEFENSE

Any recovery by Plaintiff is subject to the limitations imposed under *N.J.S.A.* 2A:15-5.1.

### TENTH SEPARATE DEFENSE

The personal injuries and/or damages alleged to have been sustained by Plaintiff were caused entirely or in part through the conduct of Plaintiff, without any negligence fault or failure to act by Answering Defendant.

### ELEVENTH SEPARATE DEFENSE

Whatever damages and injuries Plaintiff may have sustained at the time and place alleged in the Complaint were caused by the comparative negligence of Plaintiff. Therefore, Plaintiff is completely barred from recovering any damages.

### TWELFTH SEPARATE DEFENSE

Whatever damages and injuries Plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part by the comparative negligence of Plaintiff, and, therefore, whatever amount of damages recovered, if any, shall therefore be diminished in that proportion which said negligence attributable to Plaintiff bears to the culpable conduct which caused said damage and injuries.

### THIRTEENTH SEPARATE DEFENSE

Any and all risks, hazards, defects, and danger, to the extent alleged, were of an open, obvious, apparent and inherent nature, and were known or should have been known to Plaintiff, and the risk of injuries and damages alleged to have been sustained were assumed in whole or in part by Plaintiff.

### FOURTEENTH SEPARATE DEFENSE

The Complaint may be barred, in whole or in part, by the doctrines of estoppel, laches, res judicata, and/or unclean hands.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred for failing to join indispensable parties, including but not limited to Stanley Black & Decker, as well as any parties who constructed the store in question.

### SIXTEENTH SEPARATE DEFENSE

Defendant reserves the right to assert such other separate defenses as continuing investigation and discovery may disclose.

Respectfully submitted,

**KENNEDYS CMK LLP**

By: /s/ *Elizabeth A. Chalik, Esquire*
Elizabeth A. Chalik
Counsel for Defendant,
Bed Bath & Beyond Inc.

Dated: January 7, 2022

### JURY DEMAND

Demand is made for trial by jury as to all issues.

Respectfully submitted,

**KENNEDYS CMK LLP**

By: /s/ *Elizabeth A. Chalik, Esquire*
Elizabeth A. Chalik
Counsel for Defendant,
Bed Bath & Beyond Inc.

Dated: January 7, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Elizabeth A. Chalik, Esquire is hereby designated as trial counsel for Answering Defendant.

## DEMAND FOR STATEMENT OF DAMAGES

Answering Defendant hereby demands that Plaintiff provide a statement as to the amount of damages claimed within five (5) days from receipt of this demand pursuant to R. 4:5-2.

## DEMAND FOR ANSWERS TO INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Defendant Bed Bath & Beyond Inc., hereby demands answers to Uniform Interrogatories Form A within sixty (60) days of the filing of this Answer.

**PLEASE TAKE FURTHER NOTICE** that Bed Bath & Beyond, Inc., reserves the right to serve additional interrogatories as permitted by the Rules of Court.

## NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, Answering Defendant demands that Plaintiff produce the documentation requested in the attached Request for Production of Documents within thirty (30) days, as prescribed by the Rules of Court.

Respectfully submitted,
**KENNEDYS CMK LLP**

By: /s/ *Elizabeth A. Chalik, Esquire*
　　Elizabeth A. Chalik
　　Counsel for Defendant,
　　Bed Bath & Beyond Inc.

Dated: January 7, 2022

68192012.1                                                                                          Page 8 of 11

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. I further certify that I have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action.

Respectfully submitted,

**KENNEDYS CMK LLP**

By: /s/ *Elizabeth A. Chalik, Esquire*
Elizabeth A. Chalik
Counsel for Defendant,
Bed Bath & Beyond, Inc.

Dated: January 7, 2022

## CERTIFICATION PURSUANT TO R. 4:6-1

I hereby certify that the within Answer and Separate Defenses have been filed and served pursuant to the Court Order permitting the filing of this Answer.

Respectfully submitted,

**KENNEDYS CMK LLP**

By: /s/ *Elizabeth A. Chalik, Esquire*
Elizabeth A. Chalik
Counsel for Defendant,
Bed Bath & Beyond Inc.

Dated: January 7, 2022

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Respectfully submitted,

**KENNEDYS CMK LLP**

By: /s/ *Elizabeth A. Chalik, Esquire*
Elizabeth A. Chalik
Counsel for Defendant,
Bed Bath & Beyond Inc.

Dated: January 7, 2022

## CERTIFICATION

I hereby certify that the original of the within Answer has been filed with the Clerk of Superior Court, Law Division, Atlantic County and all parties of record via the Court's e-filing system.

Respectfully submitted,

**KENNEDYS CMK LLP**

By: /s/ *Elizabeth A. Chalik, Esquire*
Elizabeth A. Chalik
Counsel for Defendant,
Bed Bath & Beyond Inc.

Dated: January 7, 2022

Elizabeth A. Chalik, Esquire
NJ ID 017612001
**KENNEDYS CMK LLP**
1600 Market Street, Suite 1410          Counsel for Defendant,
Philadelphia, PA 19103                  Bed Bath & Beyond Inc.
(267) 479-6700
(215) 665-8475
Elizabeth.chalik@kennedyslaw.com

| | |
|---|---|
| PHYLLIS EICHNER<br>　　　　　Plaintiff<br><br>v.<br><br>BED BATH & BEYOND INC., BED BATH & BEYOND EMPLOYEE JOHN DOE, JOHN DOE I-V; and/or MARY DOE I-V; XYZ CORPORATIONS and/or ABC PARTNERSHIPS jointly, severally and in the alternative,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY LAW DIVISION<br><br>DOCKET NO.: ATL-L-2254-21<br><br>Civil Action<br><br>**PROOF OF MAILING** |

I, Elizabeth A. Chalik, Esquire hereby certify that on this 7th day of January, 2022, I caused to be served Defendant, Bed Bath & Beyond Inc.'s Answer to Plaintiff's Complaint, via the Court's Electronic Filing System, upon the following counsel of record:

　　　　　Michael J. Mackler, Esquire
　　　　　Goldenberg, Mackler, Sayegh
　　　　　Mintz, Pfeffer, Bonchi & Gill PC
　　　　　1030 Atlantic Avenue
　　　　　Atlantic City, NJ 08401

　　　　　Respectfully submitted,

　　　　　**KENNEDYS CMK LLP**

　　　　　By: */s/ Elizabeth A. Chalik, Esquire*
　　　　　　　Elizabeth A. Chalik, Esquire
　　　　　　　*Attorney for Defendant*

Dated: January 7, 2022

Elizabeth A. Chalik, Esquire
NJ ID 017612001
**KENNEDYS CMK LLP**
1600 Market Street, Suite 1410
Philadelphia, PA 19103
(267) 479-6700
(215) 665-8475
Elizabeth.chalik@kennedyslaw.com

Counsel for Defendant,
Bed Bath & Beyond Inc.

| | |
|---|---|
| PHYLLIS EICHNER<br><br>Plaintiff<br><br>v.<br><br>BED BATH & BEYOND INC., BED BATH & BEYOND EMPLOYEE JOHN DOE, JOHN DOE I-V; and/or MARY DOE I-V; XYZ CORPORATIONS and/or ABC PARTNERSHIPS jointly, severally and in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY LAW DIVISION<br><br>DOCKET NO.: ATL-L-2254-21<br><br>Civil Action<br><br>**DEFENDANT, BED BATH & BEYOND, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF, PHYLLIS EICHNER** |

  Pursuant to Rule 4:17-1(b)(2), you are hereby requested to produce the below listed documents and/or items for purposes of discovery. This material will be examined and/or photocopied; photograph negatives will be processed and photographs reproduced. Said documents or tangible things are to be produced at the offices of Kennedys CMK, LLP 1600 Market Street, Suite 1410Philadelphia, PA 19103, and supplemental thereafter in accordance with Rule 4:17-1(b)(2).

  These requests are not directed merely to the person or party whose name appears above, but are meant to include that person's or party's agents, servants, insurers, employers, employees, investigators, attorneys and others similarly situated to named party or person.

  In addition, although the request seeks these documents within the next thirty (30) days, the request should also be deemed continuing, in that if there are further materials which come under the purview of any of these requests which are obtained should also be furnished in accordance with this request.

  If any document required to be produced by this Request is claimed by you to be not discoverable because it is privileged or for any other reason, then each such document should be identified in your Response by date, sender, recipient, persons to whom copies have been

furnished, and subject matter, and the basis for the claim of privilege or other reason should be stated in your Response.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1       The entire claims and investigation file or files including but not limited to communications to and from all insurance carriers, parties, Plaintiff, or potential parties, requests for investigation, and/or report/findings of investigators, both in-house and/or independent and/or all insurance policies of the Plaintiff, excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or respecting strategy or tactics and privileged communications from counsel.

2.      All statements and communications of any and all witnesses including any and all statements of Plaintiff and Defendant, including taped recordings, whether transcribed or not, as well as all written statements.

3.      Any and all documents and communications containing the name, home and business address and qualifications of all persons who have been retained or specially employed by Plaintiff(s) in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial or as to whom no such decision has yet been made, and attach any documents or communications received from said person(s). If there are no documents or communications, then the name of said person(s) as well as their home and business addresses should be provided.

4.      Any and all documents and communications which support Plaintiff's claims for wage loss and impairment of earning capacity and/or power.

5.      The name, home and business address, background and qualifications of any and all persons in the employ of Plaintiff, who in anticipation and/or preparation of litigation, is expected to be called to trial.

6.      Any and all documents and communications containing the name and home and business addresses of all individuals contacted as potential witnesses.

7.      Reports, communications, and/or documents prepared by any and all experts who will testify at trial.

8.      Reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert, potential expert, witness or potential witness has consulted or reviewed as a result or in preparation of this litigation or will consult or review.

9.      Resumes and qualifications of any and all experts who will testify at trial.

10.     Copies of any and all photographs, diagrams, drawings, charts, models, movie films or videotapes which relate, refer or pertain to Defendant, any other party to this action, the incident site and/or any instrumentality involved in the incident described in Plaintiff's Complaint.

11. Any and all documentation and communications substantiating any claim to Plaintiff's cause of action.

12. Copies of any and all bills, reports, notes and records prepared by any physician, hospital or healthcare provider who has examined, evaluated and/or treated Plaintiff for injuries allegedly sustained as a direct result of the instant matter.

13. Copies of any and all bills, reports, notes and records prepared by any physician, hospital or healthcare provider who has examined, evaluated and/or treated Plaintiff for injuries, diseases, deformities or impairments sustained by Plaintiff or suffered from by Plaintiff prior to and/or subsequent to the accident herein.

14. Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff's Complaint and/or the facts or circumstances leading up to and following said incident.

15. All property damage estimates rendered for any object belonging to the Plaintiff and/or Defendant which was involved in this alleged accident.

16. Any and all press releases concerning this alleged accident or any incident relating to this lawsuit.

17. Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

18. Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff, any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff's Complaint.

19. All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Defendant contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

20. Any and all documents of any nature whatsoever referred to in Plaintiff's Answers to Defendant's Interrogatories.

21. Any and all documents, bills, reports, notes, memoranda, summaries and/or records of any kind or description relating to the medical, dental, osteopathic, chiropractic, nursing, physical therapeutic and/or any other physical or mental examination, care and/or treatment of the party(ies) to whom this request is directed with regard to any alleged personal injuries which are the subject matter of this action and which documents or things are in the possession, custody or control of the party(ies) to whom this request is directed and/or their attorney, investigator, adjuster, insurer and/or other agent or representative;

22. Any and all bills, reports, notes, memoranda, summaries and/or records of any kind or description relating to any items of alleged property damage(s) and/or special or consequential damage(s) which are the subject matter of this action and which documents or things are in the

possession, custody or control of the party(ies) to whom this request is directed and/or any other agent or representative;

23. A copy of Plaintiff's W-2s and Federal tax returns (1040) for the past 10 years.

24. A copy of any and all medical records, nursing records, physical therapy records or mental examination records for any prior injuries to the same body parts you are claiming you injured in the accident that forms the basis of the above-captioned lawsuit.

25. A copy of any and all medical records, nursing records, physical therapy records or mental examination records for any injuries you sustained subsequent to the accident that forms the basis of this lawsuit to the same body parts.

26. A copy of any and all medical records in your possession for any general health problem you had at the time of this accident or developed subsequent to this accident.

27. All documents reflecting or relating to the actual or potential financing or funding of the prosecution of this litigation, including any litigation funding agreement.

28. A copy of any and all health insurance plan cards, including Medicare and Medicaid.

29. Any and all written descriptions of the incident in question.

30. Copies of any and all Complaints filed by you in connection with any personal injury matter.

31. Copies of the receipt for any purchase made at Bed Bath & Beyond on the date of the alleged incident.

32. Any and all copies of documents, emails, correspondences sent to your employer regarding time off or not returning to work.

33. A copy of your driver's license.

34. A copy of any and all medical records in your possession regarding treatment of your neck and back for the ten (10) years prior to the incident in question.

35. Any and all documents that support your claim for out-of-pocket medical bills including but not limited to bills, receipts, canceled checks.

36. Any and all photographs of any visible injuries you sustained.

37. Any and all photographs of the vestibule and/or doors in question.

38.   Any and all documents that in any way support your claim that the store or vestibule was not properly inspected, maintained, constructed or designed.

39.   Any and all documents identifying the name, address and phone number of any witnesses.

These requests are deemed to be continuing insofar as if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Defendants' counsel within thirty (30) days of receipt of same.

Respectfully submitted,

**KENNEDYS CMK LLP**

By: */s/ Elizabeth A. Chalik, Esquire*
    Elizabeth A. Chalik, Esquire
    *Attorney for Defendant*

Dated: December 10, 2021

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-002254-21

**Case Caption:** EICHNER PHYLLIS VS BED, BATH & BEYOND, INC.
**Case Initiation Date:** 07/19/2021
**Attorney Name:** ELIZABETH AMANDA CHALIK
**Firm Name:** KENNEDYS CMK LLP
**Address:** 1600 MARKET ST. STE 1410 PHILADELPHIA PA 19103
**Phone:** 2674796700
**Name of Party:** DEFENDANT : BED, BATH & BEYOND, INC.
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Answer W/Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: PHYLLIS EICHNER?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    If yes, please identify the requested accommodation:


**Will an interpreter be needed?** NO
    If yes, for what language:


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/07/2022
Dated

/s/ ELIZABETH AMANDA CHALIK
Signed