# EXHIBIT "D"

Exhibit D    Page 2 of 11

ATL-L-002254-21   11/11/2022 1:06:18 PM   Pg 1 of 10   Trans ID: LCV20223924790

Michael J. Mackler, Esquire
N.J. Attorney Identification Number 036751994
GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL P.C.
A Professional Corporation
1030 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 344-7131 fax (609) 347-2052
Attorneys for Plaintiff

| | |
|---|---|
| *PHYLLIS EICHNER,* <br> Plaintiff(s) <br> v. <br> *BED, BATH & BEYOND INC., BED, BATH & BEYOND EMPLOYEE DAN NGUYEN, HAMILTON COMMONS TEI EQUITIES, LLC, STANLEY ACCESS TECHNOLOGIES LLC, JOHN DOE/JANE DOE ARCHITECT, ABC BUSINESS/XYZ CORPORATION GENERAL CONTRACTOR, John Doe I-V and/or Mary Doe I-V, XYZ Corporations and/or ABC Partnerships jointly, severally, and in the alternative,* <br> Defendant(s) | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> ATLANTIC COUNTY <br><br> DOCKET NO.: ATL-L-2254-21 <br><br> *CIVIL ACTION* <br><br> *THIRD AMENDED COMPLAINT AND JURY DEMAND* |

Plaintiff, Phyllis Eichner, residing at 9400 Atlantic Avenue in the City of Margate, County of Atlantic, and State of New Jersey, by way of Complaint against the defendants, says:

## FIRST COUNT

1. On or about September 25, 2020, the plaintiff, Phyllis Eichner, was a patron/business invitee upon the premises commonly known as Bed, Bath & Beyond located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey, which is owned and/or operated by defendants, Bed, Bath & Beyond Inc. and/or John Doe I-V, Mary Doe I-V, ABC Partnerships and/or XYZ Corporations.

2. On the aforesaid date, plaintiff was injured when she was struck by an automatic door while standing in the vestibule common/public area of defendant's store.

3. At all times material hereto, defendants knew and/or should have known that the sliding automatic door in the vestibule common/public area posed a foreseeable hazard to patrons standing in close proximity thereto.

4. On the date and time aforesaid, defendant, Bed, Bath & Beyond Employee Dan Nguyen, knew or should have known plaintiff was standing in the zone of danger posed by the sliding portion of the automatic door in the vestibule common/public area of defendant's store.

5. Defendant, Bed, Bath & Beyond Employee Dan Nguyen, negligently activated the sliding automatic door as aforesaid causing it to strike plaintiff.

6. Defendant, Bed, Bath & Beyond Employee Dan Nguyen, was negligent for failing to warn plaintiff of the foreseeable danger posed by activation of the sliding automatic door while she was standing in such close proximity to it that he knew or should have reasonably foreseen the risk of harm to plaintiff.

7. The area of defendant's business as aforesaid posed a foreseeable hazard to patrons/business invitees in the vestibule common/public area.

8. At all times material hereto, defendant, Bed, Bath & Beyond Employee Dan Nguyen, was acting in the scope and course of his employment with defendant, Bed, Bath & Beyond, and as such, defendant, Bed, Bath & Beyond, is vicariously liable for the negligence of defendant, Bed, Bath & Beyond Employee Dan Nguyen.

9. The defendants, their agents, servants, and representatives did have the duty to supervise and maintain its property so as to avoid injury to the plaintiff.

10. Defendants including Bed, Bath & Beyond Employee Dan Nguyen, their agents, servants, and representatives did have the duty to move about the property so as to avoid injury to the plaintiff.

11. The defendants, through their agents, representatives, and/or employees were negligent in breaching their duty to the plaintiff to use ordinary care and diligence to design, build, keep, and maintain, and inspect said premises in a condition reasonably safe for its intended uses, free of all defects and conditions which would render it dangerous and unsafe for the plaintiff or present an unreasonable risk of harm to the plaintiff in the use of said premises.

12. The defendants through their agents, representatives, and/or employees were further negligent in breaching their duty to exercise reasonable care to protect the plaintiff by inspection and other

affirmative acts from the danger of a reasonably foreseeable injury occurring from the use of the premises in question.

13. The aforesaid act or occurrence was the result of the general negligence and carelessness of the defendants and the nuisance that was created and/or maintained and/or adopted by the defendants.

14. The defendants were further negligent and careless by failing to have proper and suitable lighting, signals, guards, coverings and warnings that would have alerted the plaintiff aforesaid dangerous condition.

15. The defendants through their agents, representatives and/or employees, were on notice or should have been on notice that unless vigilance was used, said dangerous condition would endanger the safety of the traveling public.

16. The defendants were further negligent and careless in permitting the dangerous condition to exist, despite the defendants, through their agents, representatives and/or employees, having notice of said dangerous condition.

17. The defendants through their agents, representatives and/or employees were further negligent and careless in failing to properly maintain the public area at the scene of the accident in a safe condition for the general public.

18. The aforesaid acts of negligence on the part of the defendants combined and concurring, were the proximate cause of the injuries sustained by the plaintiff as herein alleged.

19. The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible in whole or in part for the causation of the aforesaid accident. For the purposes of the within Complaint, said individuals and business entities have been nominated as John Doe I-V, Mary Doe I-V, ABC Partnerships and XYZ Corporations. The plaintiff pursuant to the Rules of Court for the State of New Jersey, reserve(s) the right to amend the within Complaint relative to additional defendants when and if the identity of said individuals or business entities becomes known.

20. As a result of the aforesaid accident, the plaintiff was struck by the automatic door as

aforesaid; suffered severe and painful bodily injuries which necessitated obtaining medical treatment; was caused pain and suffering; was incapacitated from pursuing usual employment and other activities; and is left with permanent disabilities that will similarly incapacitate the plaintiff, caused the plaintiff pain and suffering and required medical treatment.

WHEREFORE, the plaintiff demands judgment against the defendants for damages, interest, attorneys' fees and costs of suit as the Court may deem just and equitable.

## SECOND COUNT

21. Plaintiff repeats and incorporates each and every allegation as set forth in the preceding Count above as if set forth more fully herein.

22. At all times material hereto, defendant Hamilton Commons TEI Equities, LLC was and continues to be the owner of the property leased by defendant Bed Bath & Beyond Inc. located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey described in Count One.

23. Defendant Hamilton Commons TEI Equities, LLC was negligent in the design, construction and configuration the subject retail property generally and the vestibule specifically.

24. The negligence of defendant Hamilton Commons TEI Equities, LLC in the design, construction and configuration of the subject vestibule was a proximate cause of plaintiff's accident as aforesaid.

25. As a result of the aforesaid accident, the plaintiff was struck by the automatic door as aforesaid; suffered severe and painful bodily injuries which necessitated obtaining medical treatment; was caused pain and suffering; was incapacitated from pursuing usual employment and other activities; and is left with permanent disabilities that will similarly incapacitate the plaintiff, cause the plaintiff pain and suffering and required medical treatment.

WHEREFORE, the plaintiff demands judgment against the defendants for damages, interest, attorneys' fees and costs of suit as the Court may deem just and equitable.

## THIRD COUNT

26. Plaintiff repeats and incorporates each and every allegation as set forth in the preceding Counts above as if set forth more fully herein.

27. At all times material hereto, defendant Stanley Access Technologies LLC was and continues to be a company in the business of manufacturing, installing, and maintaining automatic doors and automatic door systems.

28. Based upon information and belief, defendant Stanley Access Technologies LLC did design and install the automatic doors and door systems at the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey.

29. Based upon information and belief, defendant Stanley Access Technologies LLC entered into a maintenance agreement with defendant Bed, Bath & Beyond Inc, and was responsible for the maintenance of the automatic doors at the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey.

30. Plaintiff alleges that defendant Stanley Access Technologies LLC was negligent in the design, installation, configuration and maintenance of the automatic doors and door systems located in the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey.

31. The negligence of defendant Stanley Access Technologies LLC in the installation, configuration, maintenance, and design of the automatic doors located in the vestibule of the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey, was a proximate cause of plaintiff's accident as set forth above.

32. As a result of the aforesaid accident, the plaintiff was struck by the automatic door as aforesaid; suffered severe and painful bodily injuries which necessitated obtaining medical treatment; was caused pain and suffering; was incapacitated from pursuing usual employment and other activities; and is left with permanent disabilities that will similarly incapacitate the plaintiff, cause the plaintiff pain and suffering and required medical treatment.

WHEREFORE, the plaintiff demands judgment against the defendants for damages, interest, attorneys' fees and costs of suit as the Court may deem just and equitable.

## FOURTH COUNT

33. Plaintiff repeats and incorporates each and every allegation as set forth in the preceding Counts above as if set forth more fully herein.

34. Plaintiff has not learned the identity of the Builder/General Contractor responsible for the construction of the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey.

35. For purposes of this Count, plaintiff designates the Builder/General Contractor responsible for the construction of the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey, as defendant "ABC Business/XYZ Corporation General Contractor".

36. Defendant "ABC Business/XYZ Corporation General Contractor" was negligent in the construction of the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey, generally and the vestibule and automatic door configuration therein specifically.

37. The negligence of defendant "ABC Business/XYZ Corporation General Contractor" as aforesaid was a proximate cause of plaintiff's accident as described in the First Count above.

38. As a result of the aforesaid accident, the plaintiff was struck by the automatic door as aforesaid; suffered severe and painful bodily injuries which necessitated obtaining medical treatment; was caused pain and suffering; was incapacitated from pursuing usual employment and other activities; and is left with permanent disabilities that will similarly incapacitate the plaintiff, cause the plaintiff pain and suffering and required medical treatment.

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## DEMAND PURSUANT TO RULE 4:17-1 (b)(ii)

Plaintiff demands answers to Form C and C(2) Uniform Interrogatories in lieu of service of the Interrogatories themselves.

## NOTICE OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Michael J. Mackler, Esquire, is hereby designated as trial counsel in the above-captioned litigation for the firm of GOLDENBERG, MACKLER & SAYEGH, P.A. pursuant to Rule 4:25-4.

## CERTIFICATION UNDER RULE 4:5-1

I, MICHAEL J. MACKLER, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DEMAND FOR PRODUCTION OF DOCUMENTS

In accordance with R. 4:10-2 et seq. and R. 4:18-1 specifically, the plaintiffs, demand that the defendants, provide copies of all discoverable materials and information within thirty (30) days after the service of this request.

If the defendant believes something is not discoverable, please identify the item or information and state why it is not discoverable. If the item cannot be copied, please state what it is so a mutually convenient date and time can be agreed upon for inspection or reproduction of the item.

The following information and materials are requested:

1. The entire contents of any investigation file or files and any other documentary material in your possession including any and all investigative reports.

2. Any and all statements concerning this action, as defined by R.4:10-2 from any witnesses including any statements from the parties herein, or their respective agents, servants or employees.

3. Copies of all photographs of the parties involved, vehicles involved, scene or accident or any other photos which defendant intends to use in discovery or at time or trial. Also give name and address of photographer.

4. Any and all documents containing the name and home and business addresses of all individuals contacted as potential witnesses.

5. Names and addresses of any expert witnesses consulted and attached hereto copies of any reports received from experts and a copy of their Curriculum Vitae.

6. A copy of all insurance policies under which the defendant is provided coverage for the incident which is the subject matter of the Complaint.

7. Attach reports, photographs, videotapes of surveillance.

8. Any and all medical records and reports obtained concerning the plaintiffs.

9. Copies of the results of any "CIB" or claims index searches conducted by defendant and/or his insurance carrier on plaintiff.

10. Any and all studies, learned treatises, articles, peer reviews or any other such documents relied upon by any expert hired by answering defendant in the formulation of any and all opinions of said expert.

11. Any and all incident and/or accident reports for other patrons and/or employees who were injured as a result of being struck by a sliding automatic door at any of defendant's locations in the past

10 years.

12. Any and all complaints filed against defendant for any other patrons and/or employees who were injured as a result of being struck by a sliding automatic door at any of defendant's locations in the past 10 years. For purposes of this request "complaints" includes any legal pleading in any Court including State Court, Federal Court or the Division of Workers' Compensation.

13. Any and all designs, plans, drawings or specifications for the design of the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey, including but not limited to the design and configuration of the entrance/exit vestibule therein as well as the installation of the automatic doors to said vestibule.

14. The complete contract between Stanley Access Technologies LLC and any other party, person or entity for the installation and maintenance of the automatic doors in the vestibule of the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey.

15. The complete maintenance history for any and all maintenance performed by Stanley Access Technologies LLC on the automatic doors in the vestibule of the Bed, Bath & Beyond store located at 190 Hamilton Commons, Mays Landing, Township of Hamilton, County of Atlantic, and State of New Jersey.

GOLDENBERG, MACKLER, SAYEGH, MINTZ
PFEFFER, BONCHI & GILL
Attorneys for Plaintiff

*s/Michael J. Mackler*
_____
MICHAEL J. MACKLER, ESQUIRE

Dated: November 11, 2022

Michael J. Mackler, Esquire
N.J. Attorney Identification Number 036751994
GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL
A Professional Corporation
1030 Atlantic Avenue, Atlantic City, New Jersey 08401
(609) 344-7131
Attorneys for Plaintiff

| | |
|---|---|
| *PHYLLIS EICHNER,*<br><br>*Plaintiff,*<br><br>v.<br><br>*BED, BATH & BEYOND INC., BED, BATH & BEYOND EMPLOYEE DAN NGUYEN, BFW/PIKE ASSOCIATES, LLC, STANLEY ACCESS TECHNOLOGIES LLC, LAURE-MANGUSO & ASSOCIATES ARCHITECTS, JOHN DOE/JANE DOE ARCHITECT, ABC BUSINESS/XYZ CORPORATION GENERAL CONTRACTOR, JOHN DOE I-V AND/OR MARY DOE I-V, XYZ CORPORATIONS AND/OR ABC PARTNERSHIPS jointly, severally, and in the alternative,*<br><br>*Defendant(s).* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>Docket No.: ATL-L-2254-21<br><br>*Civil Action*<br><br>**CONSENT ORDER** |

***THIS MATTER*** having been brought before the Court by consent of the parties, and for good cause having been shown;

***IT IS*** on this __10th__ day of __November__, 2022, ***ORDERED AND ADJUDGED*** as follows:

1. Plaintiff is hereby granted leave of court to file a third amended complaint to name Hamilton Commons TEI Equities, LLC as a defendant;

2. Plaintiff shall file and serve her third amended complaint within 20 days of the execution of this order.

3. A copy of the within order shall be served upon all counsel of record via eCourts or regular mail if counsel/party does not participate in eCourts.

*Stanley L. Bergman, Jr., J.S.C.*
STANLEY L. BERGMAN, JR., J.S.C.

| | |
|---|---|
| The undersigned herein consents to<br>the relief sought in the instant Order.<br><br>*s/Elizabeth A. Chalik*<br><br>ELIZABETH A. CHALIK, ESQUIRE<br>Attorney for Defendant, Bed, Bath & Beyond | The undersigned herein consents to<br>the relief sought in the instant Order.<br><br>*s/Michael J. Mackler*<br><br>MICHAEL J. MACKLER, ESQUIRE<br>Attorney for Plaintiff |