**GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL**
*A Professional Corporation*
660 New Road, Suite No. 1-A
Northfield, New Jersey 08225
(609) 646-0222   FAX (609) 646-0887
Attorneys for Phyllis Eichner (68336(1))

*BY:*   /s/ Francis J. Ballak
  *FRANCIS J. BALLAK, ESQUIRE. (FJB2746)*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| **BED BATH & BEYOND INC., et al.** | : | CASE NO.  23-13359 |
| | : | |
| *Debtors* | : | JUDGE:  VINCENT F. PAPALIA |

**BRIEF IN SUPPORT OF MOTION FOR AUTOMATIC RELIEF
ON BEHALF OF PHYLLIS EICHNER**

Pursuant to the provision of 11 U.S.C. §362(d), Phyllis Eichner ("Eichner") respectfully requests an Order granting limited relief from the automatic stay authorizing the Movant to resume a civil case which has been ongoing and pending in the Superior Court of New Jersey.  Any recovery against the Debtor would be limited to available insurance for personal injuries sustained while in a Bed bath and Beyond Store.

As set forth in the Statement of Counsel in support of the application, Eichner was injured while in a Bed Bath & Beyond store in Atlantic County in September of 2020.  In light of such, Eichner seeks relief from the automatic stay for the purpose of resuming the civil proceedings which have been ongoing in the Superior Court for approximately two years.  To these ends, it is

respectfully submitted that there is "cause" to grant Eichner relief from the automatic stay.

11 U.S.C.A. §362(d) provides, in pertinent part:

On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest [.]

"Initially, on a motion to lift or modify the automatic stay, the burden of proof is a shifting one. That is, section 362(d)(1) requires an initial showing of "cause" by the movant, while section 362(g) places the burden of proof on the Debtor for all issues other than "the Debtor's equity in property."" In re Telegroup, Inc., 237 B.R. 87, 91 (Bankr. D.N.J. 1999). Pursuant to 11 USC §524(e), regardless of any discharge a debtor might receive in a bankruptcy case, such discharge does not affect the liability of any other entity such as liability insurers of the debtor. The fresh start afforded to debtors is not intended to provide a method for insurance companies to escape their obligations.

Courts must determine whether "cause" exists to lift stay based on totality of circumstances in each particular case. In re Mid-Atlantic Handling Systems, LLC, 304 B.R. 111, 130 (Bankr. D.N.J. 2003); In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997). To these ends, although lack of adequate protection is the most common basis for granting relief from the automatic stay for "cause," other bases exist for finding "cause" as well. In re Mid-Atlantic, supra, 304 B.R. at 130; In re Telegroup, Inc. supra, 237 B.R. at 91. In fact, "The term 'cause' is viewed by many Courts as a 'broad and flexible concept.'" In re Mid-Atlantic, supra, 304 B.R. at 130 (citing In re The Score Bd., Inc., 238 B.R. 585, 593 (D.N.J. 1999)).

Furthermore, in determining whether to grant relief from the automatic stay so as to permit a

2

party in interest to continue prosecuting a matter in another forum, Courts will often rely upon the following factors: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the Debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the Debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) **impact of the stay on the parties and the balance of harms.**  In re Mid-Atlantic, supra, 304 B.R. at 130. [Emphasis added.]1

     Furthermore, a Court does not have to rely on all of these factors as the In re Mid-Atlantic only relied upon three factors. Id.

     For the reasons more fully set forth below, "On balance, these factors point towards the granting of [Eichner'] Motion for relief from the automatic stay". Id.  As to factor one, "permitting the state court litigation to proceed will result in a complete resolution of the issue of [the Debtor's] . . . liability to [Eichner]. Id.  As to factor two, it is not believed the continuation of the Superior Court case in order to proceed against insurance will interfere with the bankruptcy case. Factors

---

1 It is noted in In re Telegroup, Inc., 237 B.R. 87, 91 (Bankr. D.N.J. 199) the Court cites to a "benefit/detriment analysis" to determine "whether or not to allow non-bankruptcy litigation to continue in another forum" as follows:
    Whether (a) any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit, (b) the hardship to the [movant] by maintenance of the stay considerably outweighs the hardship to the [non-moving party], and (c) the [movant] has a

three and four are not believed to be applicable.  As to factor five it is believed counsel which has been defending was doing such under the policy referenced herein.  As to factor six, there are third parties involved.  As to factor seven, "permitting the state court action to proceed would not prejudice [the debtor]'s creditors since resolution of the issues before the state court must be addressed and damages, if any, fixed so that the extent of [the] creditors' claims are known." Id. At 130-131.  As to factor ten, it is believed that the ability to resume the matter in the Superior Court would be in the interest of judicial economy and afford the most expeditious and economical resolution possible for all litigants involved.  It is not believed there is any appreciable harm upon debtor if the stay was limited to permit the matter to resume in Superior Court as requested.

As to factor ten, it respectfully is submitted that it would be in the interest of judicial economy to permit Eichner to pursue her claims in state court.  Rather than Eichner' claims being left unresolved as a result of the stay, permitting Eichner to proceed against the available insurance will result in a timely and efficient resolution of her claims.

Additionally, a discharge in bankruptcy does not alter the right of a creditor to collect debt from third parties, such as liability insurers.  11 U.S.C. 524(e), First Fidelity Bank v. McAteer, 985 F.2d 114, 116 (3d Cir. 1993); Terwilliger v. Terwilliger, 206 F.3d 240, 247-248 (2d Cir. 2000).

Secondly, tort claimants may move for relief from the stay during the course of bankruptcy proceedings.  See, *e.g.*, Green v. Welsh, 956 F.2d 30, 34 (2d Cir. 1992); In re Honosky, 6 B.R. 667, 669 (Bankr. W. Va. 1980)(**Plaintiff, who sought to recover for injuries allegedly sustained when Debtor's coal truck struck her automobile, was entitled to lifting of automatic stay**, where the debtor produced no showing that the continuation of the civil suit would result in great prejudice to either the bankruptcy estate or to himself) [Emphasis added.]

---

probability of prevailing on the merits

Furthermore, it is Eichner who would be prejudiced if her requested relief is not granted. If Eichner is not granted relief, her claims will remain pending and uncertain for an unknown period of time and assuming the debtors receive a discharge and the case gets closed, would then be faced with having to request the court to reopen the case in order to then provide relief in order to name the Debtor's in name only in order to proceed against available insurance. Eichner will also be further delayed in proceeding against and/or collecting against the insurance company, as is a Creditor's/Claimant's right under 11 U.S.C. § 524(e). As the bankruptcy court does not have Congressional authority to determine personal injury actions, they must be heard by some other Court anyway and it is respectfully submitted that such should be handled within the Superior Court as requested.

Accordingly, based upon the foregoing, it is respectfully requested that the Court enter an Order granting Eichner relief from the automatic stay to resume the lawsuit in the Superior Court to pursue her claims against the Debtors limited to the extent of available insurances.

**GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL**
Attorneys for Phyllis Eichner

Dated: August 18, 2023

  /s/ Francis J. Ballak
FRANCIS J. BALLAK, ESQUIRE (FJB2746)