**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

**Order Filed on August 21, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)**

The relief set forth on the following pages, numbered two (2) through sixteen (16), is

**ORDERED**.

**DATED: August 21, 2023**

**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

Document Page 2 of 22

(Page | 2)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

Upon the *Debtors' Motion for Entry of an Order Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 193] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to sell (the "Sale") that certain unexpired lease (the "Lease") identified in the Assumption and Assignment Agreement (the "Agreement") attached hereto as **Exhibit 1** free and clear of liens, claims, encumbrances, and other interests to Barnes & Noble Booksellers, Inc., a Delaware corporation ("B&N"); (ii) approving the assumption and assignment of the Lease to B&N; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Agreement (defined herein"), as applicable.

65548/0001-45967902v1

(Page | 3)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Any responses or objections to, or reservations of rights regarding, the entry of this Order or the relief granted herein or requested in the Motion that have not been withdrawn, waived, or settled, or have not otherwise been resolved, if any, are hereby denied and overruled on the merits with prejudice. All holders of liens, claims, interests, and encumbrances (collectively, "Interests") and other persons and entities, including landlords, that failed to timely object, or withdrew their objections, to the Motion or this Order are deemed to consent to the relief granted herein for all purposes.

3. The Agreement, attached hereto as **Exhibit 1**, and all of the terms and conditions thereof, and the Sale of the Lease contemplated thereby (the "Sale"), are hereby approved in all respects. The failure to include specifically any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of the Agreement; it being the intent of this Court that, unless expressly provided otherwise in this Order, the Agreement and all of its provisions, payments and transactions, are authorized and approved in their entirety. Likewise, all of the provisions of this Order are not severable and mutually dependent.

65548/0001-45967902v1

(Page | 4)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

4. Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, acting by and through their existing agents, representatives and officers, are authorized to take any and all actions necessary and appropriate to consummate the Agreement and the Sale, in accordance with the terms and conditions of the Agreement and this Order.

5. Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, upon the closing of the Sale (the "Closing") and pursuant to and except as otherwise set forth in the Agreement, the Lease shall be transferred to B&N free and clear of all Interests in the Lease with all such Interests attaching to the proceeds of the Sale with the same force, effect and priority that such Interests had with respect to the Lease sold.

6. Each holder of any Interest against the Debtors, their estates, or the Lease (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.

7. Subject to the terms and conditions of this Order and the Agreement, upon the Closing, B&N shall be deemed to be substituted for the Debtors as a party to the Lease and all documents related to the Lease, and the Lease shall be deemed valid and binding, in good standing, in full force and effect in accordance with their terms, and, in accordance with sections 363 and 365 of the Bankruptcy Code, B&N shall be fully and irrevocably vested in all right, title,

65548/0001-45967902v1

(Page | 5)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

interest of the Debtors as tenant under the Lease, free and clear of all Interests of any kind or nature whatsoever.

8. On or before the date of the Closing Date, Debtors shall pay the applicable Cure Cost for the Lease to the landlord to the Lease (the "Landlord"). Payment of the applicable Cure Cost, either as agreed by the Debtors and the Landlord in writing or as otherwise determined by the Court, shall constitute the cure of all defaults arising under the Lease that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code). For the avoidance of doubt and notwithstanding anything to the contrary herein, the Debtors shall remain liable for any additional obligations under Lease that arise under section 365(d)(3) of the Bankruptcy Code between the date of the entry of this Order and the Closing. Moreover, to the extent that any such obligations are not paid in accordance with the terms of the Lease prior to the Closing, the Landlord shall be entitled to request, upon such notice and a hearing as the Bankruptcy Code and the Bankruptcy Rules require or this Court otherwise orders, immediate payment of such obligations under section 365(d)(3) of the Bankruptcy Code from the Debtors and their estates, and all rights of the Debtors and their estates in connection with any such request shall be reserved.

9. Except as otherwise agreed in writing between the Debtors and the Landlord, the determination of any disputed cure amount shall be expressly reserved for further proceedings, at which time the Debtors and the Landlord may schedule a further hearing before the Court on the issue of appropriate cure amount on at least seven (7) days' prior notice to the other party. Upon

65548/0001-45967902v1

(Page | 6)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

payment of Cure Cost, the Debtors and the Landlord are hereby barred and permanently enjoined from asserting against one another or B&N, including its agents, representatives, affiliates, and permitted successors and assigns, any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the Closing; *provided, however*, that nothing herein shall impair or prejudice the Landlord's right to recover from the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the Leased Premises on account of events that occurred prior to the effective date of assumption and assignment of the Lease to B&N. B&N shall not have any liability or obligation, including, but not limited to, any indemnification obligation to the Landlord in relation to or in connection with any default, action, liability or other cause of action under the Lease existing, arising, accruing or based upon events occurring prior to the Closing, whether asserted or not, except as specifically provided for in the Agreement.

10. All defaults or obligations for compensation of pecuniary loss and all other pre-petition and post-petition amounts under the Lease arising prior to the Closing, including, without limitation, legal fees, interest, late charges and refurbishing obligations are deemed fully and completely satisfied by the payment by the Debtors of the cure amount with respect to the Lease.

11. Except as set forth in this Order, from and after the assumption and assignment of the Lease to B&N in accordance with this Order, the terms of the Lease shall be binding upon B&N (and as may be modified by the Agreement attached hereto as **Exhibit 1**), including, without

65548/0001-45967902v1

Document Page 7 of 22

(Page | 7)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

limitation, in the case of the Lease, any indemnification obligations expressly contained in the Lease (but expressly limited to matters arising from and after the Closing Date (as defined in the Agreement), and any rent, common area maintenance, insurance, taxes, or similar charges expressly contained in the Lease that relate to periods from and after the Closing Date; *provided, however*, that B&N's assumption of obligations and liabilities under the Lease shall be limited to obligations arising from and after the Closing Date and which relate to periods from and after the Closing Date.

12. With respect to any provision of the Lease providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing occurs, B&N shall only be responsible for the prorated portion of percentage rent attributable to the period after the Closing calculated on a per diem basis.

13. Except as expressly set forth in the Agreement, B&N and its successors and assigns shall have no liability for any claim, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as a transferee or successor or otherwise, of any kind, nature or character whatsoever, by reason of any theory of law or equity.

14. The Debtors have met all requirements of sections 365(b) and 365(f) of the Bankruptcy Code in connection with the assumption and assignment of the Lease to B&N. The Lease is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code.

65548/0001-45967902v1

Document Page 8 of 22

(Page | 8)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

15. B&N has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Lease.

16. There shall be no rent accelerations, assignment fees, increases or any other fees charged to B&N or the Debtors as a result of the assumption and assignment of the Lease.

17. Any provisions in the Lease that prohibit or condition the assignment of the Lease or allow Landlord to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of the Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and B&N in connection with the assumption and assignment of the Lease. The Lease shall remain in full force and effect, without existing defaults, subject only to payment by of the appropriate Cure Cost.

18. On the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Lease, transferring good and marketable title in the Lease to B&N pursuant to the terms and allocations set forth in this Order and the Agreement.

19. To the maximum extent available under applicable law and to the extent provided for under the Agreement, B&N shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Lease and, to the maximum extent available under applicable law and to the extent

65548/0001-45967902v1

(Page | 9)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

provided for under the Agreement, all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to B&N as of the Closing. All existing licenses or permits applicable to the business shall remain in place for B&N benefit until either new licenses and permits are obtained or existing licenses and permits are transferred in accordance with applicable administrative procedures.

20. Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of B&N, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the premises associated with the Lease; *provided* that Landlord does not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

21. Solely with respect to the transaction contemplated by the Agreement and approved by this Order, any terms, conditions or provisions in the Lease, and/or any other contract and agreement the Debtors are a party to including, but not limited to, any restrictive covenant agreement with any third party, that (i) prohibit or condition the assignment of the Lease for any reason, including, but not limited to, any radius, tenant mix, prohibited use, exclusive use, and/or operating covenants, (ii) allow the Landlord to cancel, terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment the Lease, (iii) provide for additional payments, i.e., so called “profit”

65548/0001-45967902v1

(Page | 10)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

sharing/splitting, penalties, fees, charges or other financial accommodations in favor of the Landlord upon assignment of the Lease, or (iv) provide for any rights of first refusal on the Landlord's part, or any recapture or termination rights in favor of the Landlord, or any right of the Landlord to take an assignment of the Lease or by the Debtors in accordance therewith, are void, unenforceable, not binding upon and of no force and effect as to B&N, its affiliates successors and assigns. For the avoidance of doubt, to the extent the Lease contains use restrictions which would otherwise prohibit B&N from operating at the leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by B&N, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

22. Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in the Lease that purports to be personal only to a Debtor or Debtors or to a named entity in the Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the Assignee, in accordance with the terms of the Lease. The Debtors have timely exercised any applicable extension or renewal options under the Lease, and the Lease is all in full force and effect. The Debtors have not previously rejected the Lease and the Debtors' period to assume or reject the Lease has not otherwise expired.

23. Notwithstanding any term of the Lease (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an

65548/0001-45967902v1

(Page | 11)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

"REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, (a) B&N shall be authorized to use the leased premises, subject to section 365(b)(3) of the Bankruptcy Code, (b) B&N shall be authorized to operate its business at the leased premises, (c) B&N shall be authorized to make such alternations and modifications to the interior and exterior of the leased premises (including signage and existing tenant signage in the respective shopping center, such as, for example, signage affixed to the building panels on all pylons, monuments, directional and other ground and off-premises signs on which the Debtors are presently or have been represented) as are determined by B&N and as may be permitted pursuant to the Lease, (d) remain "dark" with respect to the leased premises for a reasonable period of time, but in no event less time than is permitted under the Lease or such other agreement between B&N and Landlord, after such assumption and assignment of the Lease until the date is necessary to permit, to remodel, restock, re-fixture, change signage and/or completion of the work described herein or such later date as may be reasonably required by B&N for restoration of the leased premises following any applicable casualty/condemnation event, and (e) exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges and options granted or provided to the Debtors in or under the Lease.

24. Notwithstanding anything to the contrary in this Order, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one

65548/0001-45967902v1

Document Page 12 of 22
(Page | 12)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

25. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Lease shall be self-executing, and neither the Debtors nor B&N shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

26. By virtue of the Sale, B&N and its affiliates, successors and assigns shall not be deemed or considered to, (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors, (b) have, de facto or otherwise, merged with or into any or all Debtors, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and B&N has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates. Except as expressly set forth in the Agreement, B&N and its affiliates, successors and assigns shall have no successor, transferee

65548/0001-45967902v1

(Page | 13)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, regulation or doctrine, whether known or unknown as of the Closing, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Closing, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the operation of the Lease prior to the Closing or arising based on actions of the Debtors taken after the Closing.

27. The Sale is undertaken by B&N without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of the Sale are duly stayed pending such appeal. B&N is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

28. Neither the Debtors nor B&N has engaged in any conduct that would cause or permit the Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. Accordingly, the Agreement and the Sale shall not be avoidable under

65548/0001-45967902v1

(Page | 14)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of Agreement or the Sale.

29. B&N is a party in interest and shall be entitled to be heard on all issues in these chapter 11 cases related to the Agreement, the transaction contemplated thereby, and the implementation or enforcement of this Order.

30. Following the Closing, no holder of any Interest in or against the Debtors and their bankruptcy estates or the Lease shall interfere with B&N's title to or use and enjoyment of Lease based on or related to such Interest.

31. The terms and provisions of the Agreement and this Order shall be binding in all respects upon the Debtors, their estates and their creditors, any affected third parties, all holders of equity interests in the Debtors, all holders of any claims, whether known or unknown, against the Debtors, any holders of claims against or on all or any portion of the Lease, including, but not limited to all contract counterparties, leaseholders, governmental units, and any trustees, examiners, administrators, responsible officers, estate representatives, or similar entities for the Debtors, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' chapter 11 cases, and each of their respective affiliates, successors and assigns. The Agreement and the Order shall inure to the benefit of the Debtors, their estates and creditors, B&N and their respective successors and assigns. The Agreement, the Sale and this Order shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors or any trustee, examiner or receiver.

65548/0001-45967902v1

(Page | 15)
Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

32. The Debtors, including their respective officers, employees and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this Order. The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this Order and the relief granted pursuant to this Order.

33. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in these chapter 11 cases, any subsequent chapter 7 or chapter 11 cases of the Debtors, or any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the terms of this Order or the Agreement.

34. In the event of any inconsistencies between this Order, the Motion, and the Agreement, this Order shall govern.

35. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

36. All time periods set forth in this Order and the Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

37. Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

65548/0001-45967902v1

(Page | 16)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER (I) AUTHORIZING THE SALE OF THAT CERTAIN UNEXPIRED LEASE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO BARNES & NOBLE BOOKSELLERS, INC.; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT OF SUCH LEASE; AND (III) GRANTING RELATED RELIEF (STORE NO. 1259)

38. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

39. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

40. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

65548/0001-45967902v1

**Exhibit 1**

Assumption and Assignment Agreement

**ASSUMPTION AND ASSIGNMENT AGREEMENT**

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of August 1, 2023, is by and between **BED BATH & BEYOND INC.**, a New York corporation ("Assignor") and **BARNES & NOBLE BOOKSELLERS, INC.**, a Delaware corporation ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Assignor to the Assignee.

**RECITALS**

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto, including rights under those certain Subordination, Non-Disturbance and Attornment Agreements executed in connection with such leases (collectively referred to as either the "Assigned Assets" or the "Leases" and individually an "Assigned Asset" or "Lease") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures") subject to approval by the Court in the Chapter 11 Cases and the entry of a court order which includes the terms of Assignee's bid for such Assigned Assets (the "Court Order").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto (individually, "Party" or collectively, "Parties") agree as follows:

**AGREEMENT**

1. Assignment and Assumption.

(a) As of the date hereof, Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Assets.

(b) As of the date hereof, Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Assigned Assets which arise from and after the date of entry of the Court Order and which relates to periods from and after the date of entry of the Court Order.

2. Payment of Purchase Price. Assignee shall, on the date of entry of the Court Order, deliver the purchase price for the Assigned Assets in the aggregate amount of Fifty Thousand and No/100 Dollars ($50,000.00) (the "Purchase Price") in immediately available funds wired to the account specified by Assignor.

3. Assumption of Liabilities. All defaults or other obligations of the Assignor arising or accruing prior to August 1, 2023 (including, but not limited to, fees, charges, adjustments, or reconciliations of Tenant's Pro Rata Share of Taxes, Common Area Charges, and other charges, whether billed or unbilled, due or not due (each, a "True-Up Charge") regardless of whether such True-Up Charge relates to a period

of time prior to the assignment of such Assigned Assets, but without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. §§ 362(b)(2) shall be cured by Assignor on or before the date of entry of the Court Order and Assignee shall have no liability or obligation arising or accruing under the Assigned Assets prior to the date of entry of the Court Order. Assignee shall assume all obligations with respect to the Assigned Assets arising from and after the date of entry of the Court Order.

4.    No Further Liability of Assignor. From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Assigned Assets arising from and after the date hereof.

5.    Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Assets.

6.    "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset(s). Notwithstanding the foregoing, Assignor represents and warrants: (a) Assignor is the tenant under all of the Leases; (b) each Lease is in full force and effect; (c) the Leases, as identified in Schedule A are complete in listing all documents comprising the Lease(s) and there are no other agreements (written or verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease(s) or that otherwise give rights with regard to use of the Premises; and (d) there are no service contracts for any of the Assigned Assets which will bind Assignee after the date of entry of the Court Order and Assignor shall terminate any and all service contracts with respect to the Assigned Assets and the Leases prior to the date of entry of the Court Order or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets.

7.    Intentionally Deleted.

8.    Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to principles of conflicts of law.

9.    Jurisdiction. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10.    No Reliance. Except as specifically set forth in this Agreement, each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. Except as set forth herein and as stated in the Court Order, in entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11.    Construction. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue

influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties. All terms and definitions used in this Agreement not herein defined are to be given the definition of the term as provided in the Lease(s), unless specifically stated otherwise.

12. Execution in Counterparts. This Agreement may be executed in one or more counterparts, each of which shall constitute an original, and which together shall constitute one and the same agreement. All signatures of the Parties to this Agreement may be transmitted by electronic signature, which shall be considered as an original signature for all purposes and shall have the same force and effect as an original signature. For these purposes, "electronic signature" shall mean electronically scanned and transmitted versions (e.g., via pdf file) of an original signature or an electronically inserted signature, signatures electronically inserted and verified by software such as DocuSign, or faxed versions of an original signature.

*[Signature Page to Follow]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**BED BATH & BEYOND INC.**,
a New York corporation

By: ______________________________
Name: ______________________________
Its: ______________________________

**ASSIGNEE**:
**BARNES & NOBLE BOOKSELLERS, INC.**,
a Delaware corporation

DocuSigned by:
By: ______________________________
D5E429CAB4484AD...
Name: James Daunt
Its: Chief Executive Officer

Date of Approval: August 2, 2023

Schedule A

Lease Dated October 29, 2007, for certain Bed Bath & Beyond Premises at Market Street Flowood Shopping Center, Flowood, Mississippi - BBB - #1259

Bid conditional on no recapture if dark for 12m from date of assignment, nor recapture for assignment of the lease.

Bid conditioned on any options having been served.