**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br>**Re:  Docket No. 2068, 2069** |

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

KE 99561826

**DEBTORS' OBJECTION TO THE APPLICATION FOR
ORDER SHORTENING TIME WITH RESPECT TO THE MOTION
OF BED BATH AND BEYOND COMMON STOCK EQUITY INTEREST
HOLDERS' MOTION, PURSUANT TO 11 U.S.C. § 105(A), FED. R. CIV. P. 60(B),
AND FED. R. BANKR. P. 9024 FOR AN ORDER VACATING THE ORDER
(I)(A) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE
STATEMENT, (B) APPROVING THE SOLICATION AND NOTICE PROCEDURES
WITH RESPECT TO CONFIRMATION OF THE PLAN, (C) APPROVING
THE FORMS AND BALLOTS AND NOTICES IN CONNECTION THEREWITH[2]**

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this objection (the "Objection") to the *Application for an Order Shortening Time* filed at Docket No. 2069 (the "Application") by Neely Das (the "Movant").[3]

---

[2] While the Application purports to seek an expedited hearing with respect to "*Bed Bath and Beyond Common Stock Equity Interest Holders' Motion, Pursuant to 11 U.S.C. § 105(A), Fed R. Civ P. 60(B), And Fed R. Bankr. P. 9024, For An Order Vacating The Order (I)(A) Conditionally Approving the Adequacy of The Disclosure Statement, (B) Approving the Solicitation And Notice Procedures With Respect to Confirmation of the Plan, (C) Approving the Forms of Ballots and Notices in Connection Therewith*," the Debtors have not been able to identify the referenced document on the docket. It appears that the Movant is seeking an expedited hearing with respect to the *Certification of Neely Das in Support of Bed Bath and Beyond Common Stock Equity Interest Holders' Motion, Pursuant to 11 U.S.C. § 105(A), Fed R. Civ P. 60(B), And Fed R. Bankr. P. 9024, For An Order Vacating The Order (I)(A) Conditionally Approving the Adequacy of The Disclosure Statement, (B) Approving the Solicitation And Notice Procedures With Respect to Confirmation of the Plan, (C) Approving the Forms of Ballots and Notices in Connection Therewith* filed at Docket No. 2068 (the "Das Certification").

[3] Capitalized terms used but not otherwise defined in this Objection shall have the meanings ascribed to them in: (a) the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration"); and (b) the *Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan, (C) Approving the Forms of Ballots and Notices in Connection Therewith, (D) Scheduling a Combined Disclosure Statement and Plan Confirmation Hearing and Certain Dates and Deadlines with Respect Thereto, and (E) Granting Related Relief, and (II)(A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Pan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Docket No. 1121] (the "Conditional DS Order"). A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

**Objection**

1. On August 2, 2023, after notice and a hearing (the "Conditional DS Hearing"), the Court entered the Conditional DS Order, authorizing the Debtors to commence the solicitation of votes on the Plan. Among other things, the Conditional DS Order established the schedule according to which the Debtors seek confirmation of the Plan and approval of the Disclosure Statement on a final basis. Pursuant to that schedule, the deadline by which parties may object to confirmation of the Plan or approval of the Disclosure Statement is on September 1, 2023, at 4:00 p.m. prevailing Eastern Time (the "Combined Objection Deadline").

2. Prior to the Conditional DS Hearing, Movant attempted to file an objection to entry of the Conditional DS Order, asserting several of the same allegations set forth in the Das Certification. During the Conditional DS Hearing, the Court ruled that it would not consider the "objection" on the basis that it lacked a signature from counsel, leaving the Court unable to identify the moving party. However, the Court noted that it would consider a procedurally proper objection filed by the Movant subsequent to the Conditional DS Hearing as an objection to confirmation of the Plan and/or final approval of the Disclosure Statement, as applicable. On August 10, 2023, despite the fact that the Court had already entered the Conditional DS Order, Movant filed an objection to entry of the Conditional DS Order which was substantively identical to the procedurally improper objection Movant had previously attempted to file.[4] And then, on August 28, 2023, Movant filed the Das Certification and the Objection.

---

[4] See *Bed Bath and Beyond Common Stock Equity Interest Holders' Objection to Debtors' Motion for Entry of an Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan, (C) Approving the Forms of Ballots and Notices in Connection Therewith, (D) Scheduling a Combined Disclosure Statement and Plan Confirmation Hearing and Certain Dates and Deadlines with Respect Thereto, and (E) Granting Related Relief, and (II)(A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Pan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Docket No. 1878].

3.  While the Debtors do not purport to fully address the substance of Movant's arguments set forth in the Das Certification through this Objection, and hereby reserve their rights to do so in the future, it is apparent that these arguments may properly be considered by the Court in the context of confirmation of the Plan and final approval of the Disclosure Statement. Just as Movant alleged in his prior filings, Movant appears to argue in the Das Certification that the Debtors have failed to account for certain existing equity interests as comprising part of the Debtors' estates, and consequently, the Debtors have failed to provide adequate information in the Disclosure Statement and seek confirmation of an unconfirmable Plan. Movant has failed to demonstrate any valid justification for seeking the extraordinary relief of vacating the Conditional DS Order, rather than addressing through an objection to confirmation of the Plan or final approval of the Disclosure Statement. The Court established the Combined Objection Deadline for parties asserting precisely these sorts of arguments related to the adequacy of the Disclosure Statement.

4.  Moreover, under the plain text of Rule 60(b), relief as to the Conditional DS Order is unavailable to Movant. Rule 60(b) provides that "a court may relieve a party . . . from a final judgment, order, or proceeding" for a number of reasons. Fed R. Civ. P. 60(b) (emphasis added). Here, the Conditional DS Order is, by definition and title, not a final order. Therefore, the relief available in Rule 60(b) simply does not cover an appeal related to the Conditional DS Order, and as such the Das Certification should be denied with respect to the Conditional DS Order. *See Kham & Nate's Shoes No. 2., Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1355 (7th Cir. 1990) ("Rule 60(b) . . . applies only to final decisions."); *In re Island View Crossing II, L.P.*, 604 B.R. 181, 193 n.6 (Bankr. E.D. Pa. 2019).

5.  Lastly, Movant has failed to demonstrate an exigent need for a hearing on the Das Certification on less than 24 hours' notice, as is requested in the Application. There is nothing

KE 99561826

alleged in the Application that would merit expedited consideration, nor has the Movant demonstrated any harm to himself that would result from failure to grant such relief. The Debtors do not object to the Das Certification being heard during the Combined Hearing scheduled for September 12, 2023, at 2:30 P.M. prevailing Eastern Time. However, the Court should not grant Movant's unmeritorious request for an extraordinarily expedited hearing, and accordingly, the Court should deny the Application.

6. In light of the Application's less than 24 hours' notice and the *Notice of Cancellation of All Matters Scheduled for Hearings on August 29, 2023 at 2:30 P.M. (ET)* [Docket No. 2073], the Debtors waive any oral argument related to the Application and request that the Court decide the matter on the papers.

[*Remainder of page intentionally left blank*]

KE 99561826

**WHEREFORE**, the Debtors respectfully request that the Court enter an order denying the Application, with prejudice, and granting such other relief as is just and proper under the circumstances.

Dated: August 28, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
         wusatine@coleschotz.com
         fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:   joshua.sussberg@kirkland.com
         emily.geier@kirkland.com
         derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

KE 99561826