UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

Order Filed on August 29, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In re: | Chapter 11 |
|---|---|
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH G&I IX PRIMROSE MARKETPLACE LLC

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED.**

**DATED: August 29, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

65548/0001-45933349v1

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH G&I IX PRIMROSE MARKETPLACE LLC |

This stipulation and consent order (the "Stipulation") is made by and between G&I IX Primrose Marketplace LLC ("Landlord") and Bed Bath & Beyond Inc., and its affiliates, as debtors and debtors in possession (the "Debtors," and together with Landlord, the "Parties"), including, as applicable, by and through their duly authorized undersigned counsel.

**WHEREAS,** on April 23, 2023 (the "Petition Date"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS,** the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS,** as of the Petition Date, Landlord and one of the Debtors were parties to an unexpired lease (the "Lease") of nonresidential real property located at 3308 South Glenstone Avenue, Springfield MO (Store #490) (the "Premises");

**WHEREAS**, the Parties have agreed upon the terms of the Lease Termination Agreement attached hereto as **Exhibit A** (the "Lease Termination Agreement"), for which the Parties seek approval hereby;

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Parties' Stipulation and are incorporated herein.

65548/0001-45933349v1

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH G&I IX PRIMROSE MARKETPLACE LLC |

2.  Pursuant to sections 105(a), 363(b)(1) and (f), and 365(a) of the Bankruptcy Code, the Debtors and Landlord are authorized to enter into and perform under the Lease Termination Agreement, attached hereto as **Exhibit A**, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.  The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the rejection and termination of the Lease, the Debtors' surrender of the Premises, the abandonment of the personal property and FF&E remaining in the Premises, the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes Landlord's release of any administrative claims and the Debtors' release of any claims to the Tenant Allowance (as defined in the Lease) are hereby approved in all respects.

3.  Upon the entry of this Stipulation and Consent Order, the Debtors' rejection and termination of the Lease shall occur without any further action required by the Debtors, and the Debtors surrender of the Premises to Landlord pursuant to the terms of the Lease Termination Agreement, including turnover of the keys and access code (or written confirmation that Landlord is authorized to change the locks), is hereby approved.

4.  The Debtors are authorized, pursuant to section 363(b)(1) of the Bankruptcy Code, to transfer any rights in and under the Lease and the Premises to Landlord, pursuant to the terms of the Lease Termination Agreement, which transfer shall, pursuant to section 363(f) of the Bankruptcy Code, be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH G&I IX PRIMROSE MARKETPLACE LLC |

transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto.

5. The Debtors, in their sole discretion, are authorized, pursuant to section 554(a) of the Bankruptcy Code, to abandon to Landlord any personal property, including the FF&E, remaining in the Premises as of the Termination Date, and Landlord and their representatives and managing agents are free to use or dispose of such abandoned property and FF&E in their sole and absolute discretion without liability to the Debtors or any entity.

6. The Debtors and Landlord are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

7. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), upon the Court's approval of this Stipulation, the relief set forth herein shall be effective and enforceable immediately upon entry hereof.

8. The requirement set forth in Local Rule 6007-1 that the Debtors file a notice of proposed abandonment is hereby deemed satisfied by the contents of the Application and Lease Termination Agreement or otherwise waived.

9. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

Dated: August 18, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:    msirota@coleschotz.com
              wusatine@coleschotz.com
              fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:    josuha.sussberg@kirkland.com
              emily.geier@kirkland.com
              derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*


/s/ *Turner N. Falk*
**SAUL EWING LLP**
Turner N. Falk, Esq.
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Telephone: (215) 972-7777
Email: turner.falk@saul.com

*Counsel for  G&I IX Primrose Marketplace LLC*

# EXHIBIT A

## Lease Termination Agreement

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "Agreement") is made as of this 31st day of July, 2023 by and between G&I IX PRIMROSE MARKETPLACE LLC ("Landlord") and BED BATH & BEYOND INC. ("Tenant" or "Debtor").

## RECITALS

WHEREAS, Landlord and Tenant entered into a certain lease dated January 9, 2002 (as amended, the "Lease"), covering certain premises located at 3308. South Glenstone Avenue, Springfield MO (Store #490) (the "Premises"), on the terms and conditions set forth therein;

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, the Parties desire to enter into this Agreement, for among things, Landlord is restored to possession of the Premises as of the Termination Date, the parties release the other and Landlord is able to dispose of any remaining equipment at the Premises in its sole and absolute discretion;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement:

## AGREEMENT

1. Recitals. The Recitals are incorporated herein as if set forth at length.

2. Lease Termination. The Lease is terminated effective July 31, 2023 (the "Termination Date").

3. Consideration. Landlord shall (i) pay Debtor the sum of $12,500.00, (ii) waive all pre-petition claims and waive all post-petition claims of Landlord under the Lease due from Debtors, and (iii) waive any claim for damages arising from the rejection of the Lease under 11 U.S.C. § 502(b)(6) as consideration for this Agreement (the "Consideration").

4. Landlord Release of Tenant. For valuable consideration, and the mutual covenants and agreements contained herein, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on

contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

5. **Tenant Release of Landlord.** For valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

6. In this connection, the parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that this Release has been negotiated and agreed upon in light of that realization and that, except as expressly limited above, it nevertheless hereby intends to release, discharge, and acquit the Released Parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

7. **Conditions Precedent.** As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

   (a) Tenant has delivered possession of the Premises to Landlord, it being acknowledged that Tenant shall deliver the Premises in their as-is condition and that Tenant shall have no repair obligations associated with surrender of the Premises;

   (b) Tenant has delivered to Landlord either (i) the keys, key codes, or security codes, if any, to Landlord contemporaneously therewith, or (ii) if such keys, keys codes and security codes, if any, are not available, notify Landlord in writing (an e-mail being sufficient) that Landlord may rekey the Premises;

   (c) An order has been entered by the Bankruptcy Court approving the entirety of this Agreement.

8. **Furniture, Fixtures and Equipment (FF&E).** Any FF&E remaining at the Premises after the Termination Date is deemed abandoned and the Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to the Debtor or any entity.

9. **Authority to Settle.** Each of the parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter

of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

10. <u>Entire Agreement</u>. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

11. <u>Advice of Counsel</u>. Each of the parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

12. <u>Attorneys' Fees</u>. Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

13. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

14. <u>Governing Law.</u> This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

15. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

16. <u>Miscellaneous</u>.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

65548/0002-45842479v1

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signatures appear on following page]*

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**G&I IX PRIMROSE MARKETPLACE LLC** a Delaware limited liability company
By:  G&I IX Primrose Marketplace JV LLC, a Delaware limited liability company, its Sole Member
    By:    RAF Primrose Marketplace LLC, an Ohio limited liability company, its Operating Manager
        By: RAF III, LLC, an Ohio limited liability company, its Managing Member

By: _[signature]_
Print Name: Andrew Kline
Its: Vice President


**BED BATH & BEYOND INC.**

By: _____
Print Name: _____
Its: _____

65548/0002-45842479v1