Robert L. LeHane, Esq.
Kristin S. Elliott, Esq.
Ravi Vohra, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: 212-808-7800
Fax: 212-808-7897
Email: rlehane@kelleydrye.com
       kelliott@kelleydrye.com
       rvohra@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: 973-503-5900

*Counsel for Landlord, Daly City Serramonte Center, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BED BATH & BEYOND INC., *et al.,* | : | Case No. 23-13359 (VFP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**STIPULATION OF UNDISPUTED FACTS REGARDING DALY CITY
SERRAMONTE CENTER, LLC'S OBJECTION TO PROPOSED
ASSIGNMENT OF SERRAMONTE LEASE TO BURLINGTON STORES**

Daly City Serramonte Center, LLC (the "Landlord"), landlord to debtor Bed Bath & Beyond Inc., ("BBBY," and together with Landlord, the "Parties") and BBBY, hereby stipulate to the following facts regarding the Landlord's pending objections (the "Objections")[1] to the proposed assignment of the Serramonte Lease (defined below) to Burlington Stores (defined below):

---
[1] Docket Nos. 1328 and 1929.

## RECITALS

1. On May 3, 2023, the above-captioned debtors (collectively, the "Debtors") filed a motion to establish procedures for the sale of leases. The Court granted that motion on May 22, 2023 (the "Sale Procedures Order").

2. Pursuant to the Sale Procedures Order, on June 30, 2023, the Debtors filed a notice to assume and assign BBBY's lease (the "Serramonte Lease") for premises located at 149 Serramonte Center #150, Daly City, California 94015 (the "Debtor Premises") to Burlington Coat Factory Warehouse Corporation or an affiliate thereof ("Burlington Stores").

3. On August 18, 2023, the Landlord filed a redacted copy of its lease with Ross Dress For Less, Inc. ("Ross," and its lease with the Landlord, the "Ross Lease") for premises the Landlord leases to Ross located at 147 Serramonte Center, Daly City, California 94015 (the "Ross Premises").

4. The Parties have conferred regarding the facts at issue in the Objections and agree that the facts set forth below are undisputed and shall be deemed established for all purposes related to the Objections.

## STIPULATED FACTS

5. The Debtor Premises and the Ross Premises are located within the Serramonte Center, located in Daly City, California.

6. The Serramonte Center is a shopping center within the meaning of section 365(b)(3) of the Bankruptcy Code.

7. The Serramonte Lease was executed prior to the Ross Lease.

8. The Tenant/Debtor is not a party to the Ross Lease.

2

9. Section 15.3(a) of the Ross Lease contains an exclusivity provision (the "Ross Exclusive Provision"), a copy of which is attached hereto as Exhibit A.

10. Burlington Stores is listed in the Ross Lease as an example of an Off Price Sale retailer (as that term is defined in the Ross Exclusive Provision) to which "Landlord shall not lease space nor allow . . . to: (i) use more than fifteen thousand (15,000) square feet of Leasable Floor Area of its premises for the primary use of the Off Price Sale . . . of merchandise . . . ."

11. The Debtor Premises is within the Southwest Quadrant (as defined in the Ross Lease) of the Serramonte Center.

12. Section 15.3(b) of the Ross Lease provides as follows:

If any of the provisions of Section 15.3(a) above is violated ("Protection Violation"), commencing on the first day of the Protection Violation and continuing throughout the period of the Protection Violation, Tenant, in lieu of all other remedies available at law or in equity (except for injunctive relief), shall have the ongoing right, exercisable by written notice to Landlord, either to terminate this Lease or to pay Substitute Rent within fifteen (15) days after the close of each calendar month. The parties agree that the monetary damages to be suffered by Tenant as a result of a breach by Landlord (or Landlord's tenant(s)) of the provisions of this Section 15.3 are difficult to ascertain and that the payment of Substitute Rent, after negotiation, constitutes the best estimate by the parties of the amount of such damage, and Tenant's payment of Substitute Rent shall therefore be in lieu of damages. If Tenant elects to terminate this Lease as provided in this Section 15.3, this Lease shall terminate on a date indicated by Tenant in its notice of termination, which in no event shall be sooner than thirty (30) nor later than ninety (90) days after the date of Tenant's notice of termination. In the event of termination, Landlord shall be obligated to pay Tenant for the Unamortized Cost of Tenant's leasehold improvements in the Store in an amount not to exceed One Hundred Fifty Thousand Dollars ($150,000), which costs Tenant agrees to specify in its notice of termination. If Tenant elects to pay Substitute Rent, (i) such payment of Substitute Rent shall be retroactive to the date any such Protection Violation commenced, and Tenant shall deduct any overpayments of Rent from Rent coming due under this Lease, and (ii) at such time as all such Protection Violations cease (the "Cure Date"), Rent shall resume at the rate which would have pertained at the Cure Date had the Protection Violation not occurred.

The provisions of this Section 15.3 shall apply to any subsequent Protection Violation. Notwithstanding the foregoing, if a Protection Violation is not due to Landlord's act or omission (but is due to the act of another tenant or occupant of the Shopping Center) and provided that Landlord diligently pursues all rights and remedies available to Landlord to cause such a Protection Violation to cease (including the commencement of litigation), then in such event, Tenant shall defer exercising its right to pay Substitute Rent for a period of not to exceed one hundred eighty (180) days and shall defer exercising its right to terminate this Lease for a period of one (1) year after the date the Protection Violation commences. If Landlord fails to cure the Protection Violation prior to the expiration of the applicable one hundred eighty (180) day or one (1) year period, then Tenant shall be permitted to immediately exercise its remedies hereunder.

13. Section 15.3(c) of the Ross Lease provides as follows:

The restrictions of this Section 15.3 shall not apply to the Existing Tenants set forth on **Exhibit K** attached hereto who, in accordance with the terms of existing leases or occupancy agreements in effect on the Effective Date, including any extensions, assignments or subleases thereof, cannot be prohibited from so operating. Landlord covenants and agrees that if Landlord has the right to deny its consent to a change in use of the premises occupied by any such Existing Tenant, Landlord shall not consent to a change in use of the premises which violates the restrictions of this Section 15.3.

14. The Tenant as defined in the Serramonte Lease is listed among the Existing Tenants on Exhibit K to the Ross Lease.

15. Section 3.2.1(b)(iii) of the Ross Lease provides as follows:

The Ross Prohibited Uses set forth in Section 3.2.1(a) above shall not apply to those tenants or occupants of the Shopping Center set forth on **Exhibit K** attached hereto who, in accordance with the terms of existing leases or occupancy agreements in effect on the Effective Date, including any extensions, assignments or subleases thereof ("Existing Tenants"), cannot be prohibited from so operating. Landlord covenants and agrees that if Landlord has the right to deny its consent to a change in use of the premises occupied by any such Existing Tenant, Landlord shall not consent to a change in use of the premises which violates the Ross Prohibited Uses.

4

16. Section 1.1.25 of the Serramonte Lease defines the "Permitted Use" to include "any other lawful retail use not specifically prohibited by the provisions of Subsection 13.1.1 below and provided that such other lawful retail use is consistent with the then existing character and quality of the Shopping Center."

17. Section 13.1.1. of the Serramonte Lease provides as follows:

> <u>Tenant's Permitted Use</u>. The Premises may be used and occupied for the Permitted Use (defined in Subsection 1.1.25 above). Tenant shall not use the Premises for any of the "Prohibited Uses" (defined in Exhibit L hereto annexed) or the "Existing Exclusives" (hereinafter defined in Subsection 13.3.1), to the extent then applicable.

18. The ordinary operation of a Burlington store by Burlington Stores is not among the Prohibited Uses as defined in Exhibit L to the Serramonte Lease.

19. Section 13.3.1. of the Serramonte Lease provides as follows:

> Tenant shall honor certain exclusives granted by Landlord to certain other tenants in the Shopping Center pursuant to the terms of leases which have been executed prior to the Effective Date and/or pursuant to any other public or private instrument affecting the Shopping Center (hereinafter, "**Existing Exclusives**") [a true and complete listing and description of such Existing Exclusives being attached hereto as Exhibit K-1], and shall not sublease, occupy or use all or any portion of the Premises, or permit all or any portion of the Premises to be occupied or used in violation of any such Existing Exclusive (except as may be specifically set forth on Exhibit K-1). Landlord represents and warrants that no Existing Exclusive(s) exist other than those listed on Exhibit K-1 hereto and that Exhibit K-1 is true accurate and complete, and covenants to indemnify, defend and hold Tenant harmless from and against all loss, cost, liability or expense (including, without limitation, reasonable legal fees) incurred by Tenant by reason of the enforcement by any person or entity of such unlisted Existing Exclusive. Notwithstanding the foregoing, (i) Tenant shall be entitled to enter into a separate agreement with any tenant or other occupant for whose benefit the Existing Exclusive is granted which nullifies or modifies the corresponding Existing Exclusive with regard to the Premises; and (ii) Tenant shall not be subject to the exclusive for the benefit of Starbucks on and after August 1, 2016.

20. Ross is not included among the Existing Exclusives within the meaning of Section 13.3.1 and is not listed on Exhibit K-1 to the Serramonte Lease.

21. Section 13.3.2. of the Serramonte Lease provides as follows:

Except as expressly set forth in this Section 13.3, Tenant shall not be obligated to honor any exclusive granted by Landlord to any tenant in the Shopping Center.

22. Section 15.1.1. of the Serramonte Lease provides as follows:

Tenant shall have the right from time to time, without the consent of Landlord, to assign Tenant's interest in this Lease and/or to sublet, concession or license all or any portion of the Premises, subject to all of the terms and conditions of this Lease (including, without limitation, Section 13.1) and provided the proposed tenant is a tenant typically found in similar shopping centers in California whose use is a retail use that is consistent with the then-existing character and quality of the Shopping Center.

Section 15.1.2 of the Serramonte Lease provides as follows: Except with respect to any transaction covered under Subsection 15.1.3 or Section 15.3 below, in the event Tenant proposes to assign this Lease or sublet, in a single transaction, the whole of the Premises, it shall first give notice thereof (the "*Assignment/Subletting Notice*") to Landlord, which notice shall specify the name and address of the proposed assignee or sublessee and the proposed use of the Premises to be made by such assignee or sublessee. Thereafter, Landlord shall have the option to terminate this Lease, which option shall be exercisable by giving notice to Tenant (the "*Termination Notice*") thereof within twenty (20) days after receipt of an Assignment/Subletting Notice from Tenant, in which event this Lease shall automatically terminate on the ninetieth (90th) day (the "*Termination Date*") after the date on which Tenant receives Landlord's Termination Notice, with the same force and effect as if the Termination Date had been designated as the expiration date of this Lease. Upon the Termination Date, Landlord and Tenant shall each be released from any and all liabilities thereafter accruing hereunder, except for those obligations which survive the expiration or other termination of this Lease pursuant to the express terms of this Lease. All Rent payable by Tenant hereunder shall be apportioned as of the Termination Date and Tenant shall promptly pay to Landlord any amounts so determined to be due and owing by Tenant to Landlord, and conversely Landlord shall promptly reimburse Tenant for any amounts prepaid by Tenant for periods subsequent to the Termination Date. Notwithstanding the foregoing,

6

Tenant shall have the right to avoid Landlord's termination by giving notice to Landlord (the "***Rescission Notice***"), within ten (10) days after receiving the Termination Notice, of its rescission of the Assignment/Subletting Notice, whereupon Landlord's Termination Notice shall be rendered null and void, and Tenant shall not assign this Lease or sublet the whole of the Premises as proposed in its Assignment/Subletting Notice. If Landlord does not give the Termination Notice within the aforesaid 20-day period, Landlord shall conclusively be deemed to have waived its termination rights hereunder with respect to such proposed assignment or subletting transaction, and Tenant may assign this Lease or sublet the entire Premises in accordance with its Assignment/Subletting Notice.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated: August 29, 2023

<div style="display: flex;">

<div>

*/s/ Robert L. LeHane*
Robert L. LeHane, Esq.
Kristin S. Elliott, Esq.
Ravi Vohra, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  212-808-7800
Fax: 212-808-7897
Email: rlehane@kelleydrye.com
  kelliott@kelleydrye.com
  rvohra@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: 973-503-5900

*Counsel for Landlord, Daly City Serramonte Center, LLC*

</div>

<div>

*/s/ Warren A. Usatine*
Warren A. Usatine, Esq.
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street Hackensack, N.J. 07601
Tel:  646-563-8932
Email: wusatine@coleschotz.com
  dbass@coleschotz.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Tel:  212-446-4800
Fax: 212-446-4900
Email: josuha.sussberg@kirkland.com
  emily.geier@kirkland.com
  derek.hunter@kirkland.com

*Counsel for the Debtors*

</div>

</div>