**HUSCH BLACKWELL LLP**
David Stauss (NJ I.D. #013862005)
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Telephone: 303.749.7200
Facsimile: 303.749.7272
Email: david.stauss@huschblackwell.com

**HUSCH BLACKWELL LLP**
Caleb T. Holzaepfel, Esq.
Admitted *pro hac vice*
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | § <br> § <br> § Chapter 11 <br> § <br> § Case No. 23-13359 (VFP) <br> § <br> § (Jointly Administered) |
| BED BATH & BEYOND INC., *et al.*, | |
| Debtors.[1] | |

**THE SAFETY NATIONAL PARTIES' LIMITED OBJECTION TO DEBTORS' JOINT CHAPTER 11 PLAN OF BED BATH & BEYOND INC. AND ITS DEBTOR AFFILIATES**

Safety National Casualty Corporation ("Safety National") and Safety Specialty Insurance Company ("Safety Specialty" and with Safety National, the "Safety National Parties"), by and through counsel, respectfully file this limited objection (the "Objection") to the *Debtors' Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and its Debtor Affiliates* [Dkt. No. 1712] (the "Plan"), and in support of this Objection would show the Court as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

## I.    INTRODUCTION

Under Art. V.D. of the Plan, the Debtors seek to assume all insurance policies held by the Debtors, including certain insurance policies with the Safety National Parties. Such assumption requires that the Debtors assume such insurance policies, including the Safety National Insurance Policies, as defined below, as they are and provide that the Debtors will fulfill all obligations under the insurance policies. The Plan and related documents are silent and do not provide an infrastructure for the Debtors to fulfill several obligations under the Safety National Insurance Policies. As such, the Safety National Parties file this limited objection requesting that specific language be included in the Plan and/or any Confirmation Order ratifying or affirming the rights and obligations under the Safety National Insurance Policies.

## II.    BACKGROUND

**A.    Debtors' Insurance Policies with Safety National**

1.    In 2012, Safety National entered into insurance programs with Debtor Bed Bath & Beyond, Inc. including, but not limited to, the following:

   a.   For policy periods from March 1, 2012 forward, such policy periods expiring March 1, 2024, Safety National provided and continues to provide excess workers' compensation coverage to Debtor (the "Worker's Comp Policy");

   b.   For policy periods from March 1, 2012 forward, such policy periods expiring March 1, 2024, Safety National provided and continues to provide retrospective workers' compensation coverage (Wisconsin) to Debtor (the "WI Worker's Comp Policy");

   c.   For policy periods from March 1, 2012 forward, such policy periods expiring March 1, 2024, Safety National provided and continues to provide commercial general liability coverage to Debtor (the "General Liability Policy"); and

   d.   For policy periods from March 1, 2012 forward, such policy periods expiring March 1, 2024, Safety National provided and continues to provide automobile casualty liability coverage to Debtor (the "Auto Policy", and

together with the Worker's Comp Policy, WI Worker's Comp Policy, and the General Liability Policy, the "Safety National Policy Agreements").

2. In conjunction with the Safety National Policy Agreements, Safety National entered into ancillary related agreements with Bed Bath & Beyond, including, but not limited to, an Indemnity Agreement (the "Ancillary Agreements").

3. Further, in 2019, Safety Specialty entered into an insurance program with the Debtor for Cyber Liability (2nd Excess) for the policy period September 15, 2019 forward, such policy periods ending September 15, 2023 (the "Safety Specialty Policy Agreement" and together with the Safety National Policy Agreements and Ancillary Agreements, the "Safety National Insurance Policies"). The Safety National Insurance Policies remain in effect, and both the Debtors and Safety National Parties continue to have ongoing obligations, including those related to administering and defending claims under the Safety National Insurance Policies.

4. Among other obligations, the Safety National Parties and Debtor Bed Bath & Beyond, Inc. continue to have obligations for the defense of claims or suits brought for damages covered by the Safety National Insurance Policies. Under the Safety National Insurance Policies, the Safety National Parties have an obligation to defend any claim, proceeding, or suit against Bed Bath & Beyond, Inc. for damages payable by the Safety National Insurance Policies. Under the Safety National Insurance Policies, Bed Bath & Beyond, Inc. also maintains a duty to cooperate and assist in the defense of any claim, proceeding or suit, including by providing corporate representatives and other agents with knowledge of the applicable claims for deposition, testimony, and to execute sworn documents in the course of litigation (the "Debtors' Defense Obligations").

5. Further, the Safety National Insurance Policies grant the Safety National Parties certain rights to collect on and satisfy any outstanding obligations owed by Bed Bath & Beyond,

Inc. including without limitation the right to draw on letters of credit posted for the Safety National Parties' benefit and on other collateral held outside of the Debtors' estates.

B. **Debtors' Chapter 11 Cases and Assumption and Treatment of the Safety National Insurance Policies**

6. On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 10].

7. On August 1, 2023, the Debtors filed their proposed Plan at Docket Number 1712. Article V.D of the Plan deals with treatment of Debtors' insurance policies and "any agreements, documents or instruments relating thereto." Art. V.D. states that all insurance policies of the Debtors will be considered executory contracts, and on the effective date of the plan "the Debtors shall be deemed to have assumed all insurance policies and any agreements, documents, and instruments related thereto," and such policies shall therefore become vested with the Debtors' estates.

8. Further Section V.C. of the Plan provides that any cure obligation related to assumption of any executory contract assumed pursuant to the Plan shall be satisfied pursuant to section 365(b)(1) of the Bankruptcy Code, by performance or payment of any cure obligation established either by a cure notice procedure outlined in the plan or such other terms agreed to by the executory contract parties. Section V.C. states that the Debtors will distribute cure notices to any applicable contract counterparties not later than eight (8) days prior to the plan voting deadline, which set the cure notice deadline for Thursday August 24, 2023. The Safety National Parties have

received no such cure notice and therefore are unaware of the Debtors' position on any cure amount owed to the Safety National Parties under the Safety National Insurance Policies.

9. Arts. V.C and V.D. are also silent on whether the Debtors maintain other obligations under the Safety National Insurance Policies and do not provide necessary infrastructure for meeting such obligations, such as the Debtors' Defense Obligations. Out of an abundance of caution, the Safety National Parties file this limited objection to the Plan, objecting to the extent the Plan (i) does not provide a means by which the Debtors may meet their obligations under the Safety National Insurance Policies, including, but not limited to, the Debtors' Defense Obligations, or (ii) locks the Safety National Parties into any default cure without notice.

### III.    LIMITED OBJECTION

10. Because the Plan provides that the Safety National Insurance Policies will be assumed and vested with the Debtors' estates, Safety National serves this limited objection to any language in the Plan, Plan Supplement, Confirmation Order, or any related documents that does not support the Debtors' fulfillment of the rights and obligations under the Safety National Insurance Policies. For the avoidance of doubt and to preserve the rights and obligations under the Safety National Insurance Policies, the Safety National Parties request that the following language regarding treatment of the Safety National Insurance Policies be included at Article V.D. of the Plan and/or any Confirmation Order.

> **Provisions Governing Safety National Contracts.** Notwithstanding any provision in the Disclosure Statement, Plan, Plan Supplement, Confirmation Order, any Assumption Notice, Cure Notice, schedule of assumed contracts and/or Cure Amounts, any agreements between the Debtors, and Plan Administrator, any other document related to any of the foregoing, or any other order of the Bankruptcy Court related to the Safety National Contracts (collectively the "<u>Bankruptcy Pleadings and Orders</u>"):
>
> > (1) For the avoidance of doubt, notwithstanding any provision in the Bankruptcy Pleadings and Orders or any other related document,

nothing shall alter, modify, amend, impair or prejudice the legal, equitable or contractual rights, obligations, and defenses of Safety National, the Debtors (or, after the Effective Date, the Wind-Down Debtors) or any other individual or entity, as applicable, under any of the Debtors' insurance policies with Safety National Casualty Corporation ("Safety National") or Safety Specialty Insurance Company ("Safety Specialty" and with Safety National, the "Safety National Parties") and related agreements (the "Safety National Insurance Policies"). Any such rights and obligations shall be determined under the Safety National Insurance Policies and applicable non-bankruptcy law. For the avoidance of doubt, nothing in the Bankruptcy Pleadings and Orders precludes the Safety National Parties' ability to draw down on any letter of credit, trust agreement, or security granted to the Safety National Parties pursuant to the Safety National Insurance Policies or any ancillary agreement.

(2) Nothing in the Bankruptcy Pleadings and Orders shall establish a cure amount, and all amounts due and owing under the Safety National Insurance Policies, if any, shall remain an obligation of the Wind-Down Debtors, which shall be paid in the ordinary course. In the event there is any dispute as to any cure amount under the Safety National Insurance Policies, the Court reserves jurisdiction to resolve any such disputes.

(3) As prescribed under the Safety National Insurance Policies, after the Effective Date, the Debtors and/or Wind-Down Debtors, through the Plan Administrator, shall maintain a duty to cooperate and assist in the defense of any claim, proceeding, or suit against the Debtors for damages payable by the Safety National Insurance Policies. Pursuant to Federal Rule of Bankruptcy Procedure 9001(5), the Plan Administrator shall be designated as the person authorized to act on behalf of the Debtors (or, after the Effective Date, the Wind-Down Debtors) in defense of any claim, proceeding, or suit against the Debtors for the purpose of liquidating the claim to seek to collect against the Safety National Insurance Policies. The Plan Administrator shall be further authorized to assist in the defense of such claims including by, though not limited to, providing documents and information required in the defense of any claims, proceeding, or suit, and signing interrogatory answers and other discovery responses. The Plan Administrator shall be authorized to execute such discovery materials based upon knowledge and information gained from the review of documents or other information in the Plan Administrator's possession "to the best of the Plan Administrator's knowledge, information and belief" and not based on personal knowledge of the Plan Administrator. The intent of this paragraph is to provide adequate provisions of the Debtors' defense obligations under the Safety National Insurance Policies, and nothing in this paragraph shall alter, modify, amend, impair or prejudice the legal,

(4) To the extent the automatic stay of section 362(a) of the Bankruptcy Code is not applicable as of the Plan Effective Date, the injunctions set forth in Article X of the Plan shall not prohibit Safety National to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court.

(5) The rights of Safety National to satisfy any of the Debtors' and/or Wind-Down Debtors' obligations under the Safety National Insurance Policies shall be determined under the Safety National Insurance Policies and applicable non-bankruptcy law.

## IV. ARGUMENT & AUTHORITIES

11. The Debtors are choosing to assume the Safety National Insurance Policies under Section 365 of the Bankruptcy Code, and as such, the Safety National Insurance Policies must be assumed in total, with all obligations and rights intact. "It is well-settled that an executory contract cannot be assumed in part and rejected in part…. Rather, a debtor "must assume the entire contract, *cum onere*"—the debtor must accept "both the obligations and the benefits of the executory contract." *In re Escarent Entities, L.P.*, 423 F. App'x 462, 466 (5th Cir. 2011) (citing *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir.1996); *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir.2000)); *see Tompkins ex. rel A.T. v. Troy Sch. Dist.,* 199 Fed. Appx. 463, 468 (6th Cir. 2006) (holding that it is a basic principle of contract law that a party to an agreement is constrained to accept the burden as well as the benefits of the agreement); *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.,* 457 F.3d 766, 773 (8th Cir. 2006) (finding that a party who accepts the benefit of a contract must also assume its burdens); *Bhushan v. Loma Alta Towers Owners Assoc., Inc.,* 148 Fed. Appx. 882, 888 (11th Cir. 2005) (stating "one who has accepted a contract's benefit may not challenge its validity in order to escape its burdens"); *S & O Liquidating P'ship v. C.I.R.,* 291 F.3d 454, 459 (7th Cir. 2002) ("A party who has accepted the benefits of a contract cannot 'have it both ways' by subsequently attempting to avoid its burdens.");

*In re Flemng Cos.* 499 F.3d 300, 308 (3d Cir. 2007) ("The [debtor]… may not blow hot and cold. If he accepts the contract he accepts it *cum onere.* If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.") (internal citations and quotations omitted) (alteration in original); *In re Texas Rangers Baseball Partners,* 521 B.R. 134, 180 (Bankr. N.D. Tex. 2014) ("A debtor may not merely accept the benefits of a contract and reject the burdens to the detriment of the other party."). Where an order of the bankruptcy court alters the rights and obligations under an assumed executory contract, the court is in effect modifying the agreement. *In re Escarent Entities, L.P.*, 423 F. App'x at 467. Where this is done without the consent of the non-debtor party, this is in essence an un-agreed to modification, and the "bankruptcy court thus violate[s] its obligation to ensure that [the Debtor] assume[s] the contract *in toto."* Id; *see, e.g., Wilson v. Career Educ. Corp.,* 729 F.3d 665, 679 (7th Cir. 2013) ("A court may not rewrite a contract to suit one of the parties but must enforce the terms as written.") (citation omitted); *In re Jeffrey L. Miller Investments, Inc.* 610 B.R. 692, 703 (Bankr. M.D. Fla. 2019) (stating that it is the court's "duty to enforce [a] contract as written- not rewrite it to make it more reasonable for one of the parties"); *In re Lloyd E. Mitchell, Inc.,* 06-13250-NVA, 2012 Bankr. LEXIS 5531 (Bankr. D. Md. Nov. 29, 2012) (noting that "insurance contracts cannot be re-written by th[e] Court").

12. Here, Safety National has not agreed to any modification of rights under the Safety National Insurance Policies, and as such, the Debtors must assume them as they were agreed to, with all rights and obligations of both contract parties intact. The Plan language at Art V.D. and documents related to the Plan do not provide infrastructure for the Debtors to meet their obligations under the Safety National Insurance Policies, including the Debtors' Defense Obligations. The Safety National Parties further do not have notice of the Debtor's position on cure amounts owed, so no cure has been established, and the Safety National Parties reserve all rights to object to any

cure under the Safety National Insurance Policies. Out of an abundance of caution and for avoidance of doubt, the Safety National Parties request that the above proposed language be included in the Plan or any Confirmation Order in order to clarify and preserve all rights and obligations under the Safety National Insurance Policies including the Debtors' Defense Obligations and satisfaction of any default cure.

13. Further, in order to assume an executory contract, a debtor must provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1)(C). Here, the Debtors have not provided adequate assurance of their future performance, and in particular, have not provided adequate assurance that they will perform the Debtors' Defense Obligations. As such, the Debtors must provide for the appointment of a representative as proscribed under Rule 9001(5) of the Federal Rules of Bankruptcy Procedure with knowledge of the applicable claims so that the Debtors may perform the Debtors' Defense Obligations in future, such as providing a corporate representative for deposition, testimony, and to execute sworn documents in the course of litigation.

## V.    RESERVATION OF RIGHTS

14. Safety National specifically reserves all of its rights with respect to the Safety National Insurance Policies and its right to further object to the Plan and any proposed cure amount, or assert any additional claims as appropriate.

## VI.    CONCLUSION

Accordingly, the Safety National Parties respectfully requests that the aforementioned language be included in the Plan or any Confirmation Order, and in the alternative that the Court deny confirmation of the *Debtors' Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc.*

*and its Debtor Affiliates*, and grant such other and further relief to which the Safety National Parties are justly entitled.

Dated: August 31, 2023　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　/s/ David Stauss
　　　　　　　　　　　　　　　　　　　　David Stauss (NJ I.D. #013862005)
　　　　　　　　　　　　　　　　　　　　**HUSCH BLACKWELL LLP**
　　　　　　　　　　　　　　　　　　　　1801 Wewatta Street, Suite 1000
　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　T: 303.749.7200; F: 303.749.7272
　　　　　　　　　　　　　　　　　　　　Email: david.stauss@huschblackwell.com

　　　　　　　　　　　　　　　　　　　　Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　**HUSCH BLACKWELL LLP**
　　　　　　　　　　　　　　　　　　　　736 Georgia Avenue, Suite 300
　　　　　　　　　　　　　　　　　　　　Chattanooga, Tennessee 37402
　　　　　　　　　　　　　　　　　　　　T: 423.755.2654; F: 423.266.5500
　　　　　　　　　　　　　　　　　　　　Email: caleb.holzaepfel@huschblackwell.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Safety National Casualty Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of August, 2023, a true and correct copy of *The Safety National Parties' Limited Objection to Debtors' Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* has been electronically filed with the Court via the CM/ECF system and will be served by electronic means through the CM/ECF system to the below and to all registered CM/ECF participants.

Debtors Counsel
Kirkland & Ellis LLP
Attn: Joshua A. Sussberg,
Attn: Emily E. Geier
Attn: Derek I. Hunter
601 Lexington Avenue
New York, New York 10022
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

Debtors Counsel
Cole Schotz P.C.
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
25 Main Street Hackensack
New Jersey 07601
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

United States Trustee
Fran B. Steele, Esq.
Alexandria Nikolinos
One Newark Center, Suite 2100
Newark, NJ 07102
Fran.B.Steele@usdoj.gov
alexandria.nikolinos@usdoj.gov

Counsel to the Official Committee of Unsecured Creditors
Robert J. Feinstein
Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

*/s/ David Stauss*
David Stauss (NJ I.D. #013862005)