| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Amish R. Doshi, Esq.<br>**DOSHI LEGAL GROUP, P.C.**<br>1979 Marcus Avenue, Suite 210E<br>Lake Success, NY 11042<br>Telephone: 516-622-2335<br>E:Mail: amish@doshilegal.com<br><br>Shawn M. Christianson, Esq.<br>**BUCHALTER, P.C.**<br>425 Market Street, Suite 2900<br>San Francisco, California 94105-2491<br>Telephone: (415) 227-0900<br>Email: schristianson@buchalter.com<br><br>**Attorneys For Oracle America, Inc.** | Case No. 23-11337 (VFP)<br><br>Chapter 11<br><br>Jointly Administered<br><br>Hearing Date: September 12, 2023<br>Hearing Time: 2:30 PM<br>Objection Date: September 1, 2023 |
| In re:<br><br>**BED BATH & BEYOND, INC., et al.,**<br><br><br>**Debtors.** | JUDGE: HON. VINCENT F PAPALIA<br><br>DOCKET NOS. 1712 |

## ORACLE AMERICA, INC.'S RIGHTS RESERVATION REGARDING DEBTORS' AMENDED JOINT CHAPTER 11 PLAN OF BED BATH & BEYOND, INC. AND ITS DEBTOR AFFILIATES ("<u>RIGHTS RESERVATION</u>")

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 case, submits this Rights Reservation in the event Bed Bath & Beyond, Inc., et al. ("Debtors") elect to assume any Oracle contracts in connection with the *Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and its Debtor Affiliates* [Dkt. No. 1712] ("<u>Plan</u>"). In support of the Rights Reservation, Oracle states:

**I.      INTRODUCTION**

1.      Through the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume or reject certain executory contracts.

2. At the time of filing this Rights Reservation, no Plan Supplement[1] has been filed nor has Oracle received a Cure Notice.

3. Therefore, it is unclear whether Oracle's contracts will be assumed or rejected through the Plan.

4. If Debtors intend to assume any Oracle agreements, Oracle reserves it rights to be heard regarding the proposed assumption, for Oracle's agreements are, or pertain to, one or more licenses of intellectual property, and therefore may not be assumed absent Oracle's consent.

5. At this time, Oracle does not consent to the proposed assumption because the Debtors have neither cured all outstanding invoices, nor given adequate assurance that such amounts will be paid in connection with any proposed assumption.

6. Accordingly, Oracle hereby reserves all of its rights regarding any proposal by the Debtors to assume any Oracle contract.

## II. FACTUAL BACKGROUND

7. The above captioned case was filed on April 23, 2023 ("Petition Date"), and an order directing joint administration was entered shortly thereafter.

8. Prior to the Petition Date, the Debtors and Oracle entered into a Cloud Services Agreement, and several License and Services Agreements with related ordering documents for software support and services (collectively, the "Oracle Agreements").

9. On or about July 6, 2023, Oracle filed a general unsecured claim in the amount of $5,212,487.12 [Claim #11333] ("GUC") and an administrative claim in the amount of $1,801,343.25[2] [Dkt. No. 1207] ("Administrative Claim, together with the GUC, the "Claims"). Both Claims were filed against debtor, Bed Bath & Beyond, Inc.

---

[1] Capitalized terms not defined herein shall have the same meaning as those set forth in the Plan.
[2] Since the filing of the Administrative Claim, Oracle and the Debtors have been working to reconcile the outstanding post-petition amounts owed.

10. On August 1, 2023, the Debtors filed the Plan, which provides for rejection of all executory contracts upon the Effective Date, other than those specifically assumed, or assumed and assigned.

11. The Plan states:

"On the Effective Date, except as otherwise provided herein, each Executory Contract and Unexpired Lease not previously rejected, assumed, assumed and assigned, or included in a Rejection Notice shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) **is specifically described in the Plan as to be assumed in connection with confirmation of the Plan, or is specifically scheduled to be assumed or assumed and assigned pursuant to the Plan or the Plan Supplement**; (2) is subject to a pending motion to assume such Unexpired Lease or Executory Contract as of the Confirmation Date; (3) is to be assumed by the Debtors or assumed by the Debtors and assigned to another third party, as applicable, in connection with any sale transaction that is the subject of a pending motion as of the Confirmation Date; (4) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan; (5) is a D&O Liability Insurance Policy; or (6) is listed on the Schedule of Rejected Executory Contracts and Unexpired Leases as of the Confirmation Date for rejection effective on a date that occurs after the Effective Date."

*See*, Art. V.A., emphasis added.

12. The Plan further states:

At least 8 days before the Voting Deadline, the Debtors shall distribute, or cause to be distributed, Cure Notices to the applicable third parties and their counsel (if known). Any objection by a counterparty to an Executory Contract or Unexpired Lease to the proposed assumption, assumption and assignment, or related Cure amount must be Filed by the Cure/Assumption Objection Deadline.

*See*, Art. V.C.

13. As of the date of filing this Rights Reservation, neither Oracle nor its counsel has received a Cure Notice.

14. On August 2, 2023, the Court entered an *Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Plan, (C) Approving the Forms of Ballots and Notices in Connection Therewith, (D) Scheduling a Combined Disclosure Statement Approval and Plan*

3

*Confirmation Hearing and Certain Dates and Deadlines With Respect Thereto, and (E) Granting Related Relief, and (II)(A) Extending The Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Dkt No. 1716] ("Order").

15. Pursuant to the Order, the Plan Supplement filing deadline is "[t]he date that is no later than fourteen (14) days prior to the Voting Deadline." (i.e., August 18th).

16. No Plan Supplement yet has been filed. Therefore, it is unclear whether the Oracle Agreements will be rejected or assumed through the Plan. If Debtors elect to assume the Oracle Agreements, all outstanding invoices must be paid in cure.

### III.   ARGUMENT

    **A.   The Debtors May Not Assume the Oracle Agreements Absent Oracle's Consent Because the Agreements Pertain to One or More Licenses of Intellectual Property**

17. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

18. Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed

4

intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

19. The Oracle Agreements are, or pertain to, non-exclusive licenses of copyrighted software.

20. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume the Oracle Agreements without Oracle's consent.

21. For the reasons discussed herein, Oracle does not consent to the Debtors' assumption of the Oracle Agreements at this time, should assumption, or assumption and assignment, of those agreements be contemplated.

**B.   In Order to Assume the Oracle Agreements, the Debtors Must Cure All Arrearages.**

22. Before assuming an unexpired executory contract, a debtor must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1).

23. Absent the foregoing, a debtor may not assume unexpired executory contracts.

24. If the Debtors intend to assume the Oracle Agreements, any outstanding cure amounts must be paid.

25. At present, Oracle is owed those amounts identified in the Claims, although reconciliation for the post-petition amounts owed remain ongoing.

26. Absent Debtors' cure of the outstanding amounts due Oracle, the Debtors may not assume the Oracle Agreements.

    **C.    Unless the Debtors Provide Adequate Assurance of Future Performance, the Court Should Not Allow Assumption of Oracle's Contracts.**

27.    In addition to requiring that defaults be cured, Section 365(b)(2) of the Bankruptcy Code obligates a debtor to provide adequate assurance of future performance under the contract before the executory contract may be assumed. *See* 11 U.S.C. § 365(b)(2).

28.    In light of the Debtors' present failure to provide either adequate assurance of prompt payment of the cure, or of future performance under the contracts, Oracle is unable to determine whether Debtors have complied, or will comply, with all of the requirements of section 365(b) of the Bankruptcy Code.

29.    Accordingly, Oracle reserves its rights to be heard regarding all assumption and cure issues, pending resolution of the significant cure discrepancy identified.

## IV.    CONCLUSION

30.    For the reasons set forth above, Oracle respectfully requests that the Court deny assumption of any Oracle contracts in the absence of Debtors' confirmation that they will cure the outstanding amounts due and owing to Oracle.

Dated: September 1, 2023
      Lake Success, New York

**DOSHI LEGAL GROUP, P.C.**

*Amish R. Doshi*
———————————————
Amish R. Doshi, Esq.
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
(516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
**BUCHALTER, P.C.**
425 Market Street, Suite 2900
San Francisco, California 94105-2491
Telephone: (415) 227-0900
Email: schristianson@buchalter.com

Peggy Bruggman, Esq.
Alice Miller, Esq.
**ORACLE AMERICA, INC**.
500 Oracle Parkway
Redwood City, California 94065

**Attorneys for Oracle America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I served a copy of *Oracle America, Inc.'S Rights Reservation Regarding Debtors' Amended Joint Chapter 11 Plan Of Bed Bath & Beyond, Inc. And Its Debtor Affiliates ("<u>Rights Reservation</u>")* on the parties listed on the below service list via email containing a pdf of the document. In addition, the parties entitled to receive notice by the Court's CM-ECF system were sent an email notification of such filing by the Court's CM-ECF System.

*Amish R. Doshi*

**Amish R. Doshi, Esq.**

### SERVICE LIST

Joshua A. Sussberg, PC – Joshua.sussberg@kirkland.com
Emily E. Geier P.C. – Emily.geier@kirkland.com
Derek I. hunter, Esq. – Derek.hunter@kirkland.com
Ross J. Fiedler – Ross.fiedler@kirkland.com
Charles B. Sterrett, Esq. – Charles.sterrett@kirkland.com
Michael D. Sirota, Esq. – msirota@coleschotz.com
Warren A. Usatine, Esq. – wusatine@coleschotz.com
Felice R. Yudkin, Esq. – fyudkin@coleschotz.com
Robert J. Feinstein, Esq. – rfeinstein@pszjlaw.com
Bradford J. Sandler, Esq. – bsandler@pszjlaw.com
Colin Robinson, Esq. – crobinson@pszjlaw.com
Fran B. Steele, Esq. – fran.b.steele@usdoj.com
Alexandria Nikolinos, Esq. – Alexandria.nikolinos@usdoj.gov