IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-13359 (VFP) |
| | § | |
| BED BATH & BEYOND, INC., *et al.,* | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**JOINT LIMITED OBJECTION OF THE TEXAS TAXING AUTHORITIES TO THE AMENDED JOINT CHAPTER 11 PLAN OF BED BATH & BEYOND INC. AND ITS DEBTOR AFFILIATES**
(Relates to Document No. 1712)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COME NOW the Texas Taxing Authorities[1], secured creditors and parties in interest and file this the following joint limited objection to Confirmation of the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates (the "Plan"), and respectfully show as follows:

**Jurisdiction**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq.*

---

[1] The Texas Taxing Authorities include all taxing authorities represented by Linebarger Goggan Blair & Sampson, Perdue Brandon Fielder Collins & Mott, and McCreary Veselka Bragg & Allen including but not limited to: Bexar County, Cameron County, Cypress-Fairbanks Independent School District, Dallas County, City of El Paso, Fort Bend County WCID #02, Fort Bend County, City of Frisco, Grayson County, Gregg County, Harris County, Hidalgo County, Jefferson County, Lewisville Independent School District, City of McAllen, McLennan County, City of Mesquite, Montgomery County, Nueces County, Parker CAD, Rockwall CAD, San Marcos CISD, Smith County, Tarrant County, Tom Green CAD, Victoria County, Wichita County Tax Office, Randall County Tax Office, Brazoria County, Brazoria County Special Road & Bridge, Alvin Independent School District, Alvin Community College, Brazoria County Drainage District #4, Pearland Municipal Management, Brazoria Municipal Utility District #06, Woodlands Metro Municipal Utility District, Woodlands Road Utility District, Clear Creek Independent School District, Humble Independent School District, Pasadena Independent School District, Spring Branch Independent School District, City of Houston, Lubbock Central Appraisal District, Midland County, City of Lake Worth, Crowley Independent School District, Grapevine-Colleyville Independent School District, Frisco Independent School District, Plano Independent School District, Bell County Tax Appraisal District, Bowie Central Appraisal District, Brazos County, Denton County, Guadalupe County, Hays County, Midland Central Appraisal District, Taylor County Central Appraisal District, City of Waco, Waco Independent School District and Williamson County.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

### Background

2.  The Texas Taxing Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

3.  The Texas Taxing Authorities have filed secured pre-petition tax claims for 2023 and prior tax years (the "Tax Claims") in the amount of $5,288,222.30. The Tax Claims are secured by tax liens on the real and tangible personal property of the Debtors located within their taxing boundaries (the "Tax Liens").

4.  The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code. Texas Property Tax Code § 32.05(b) provides that tax liens securing the property have priority over the claim of any creditor of a person whose property is encumbered by the lien. The Texas Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. The taxes are secured by first priority liens on the property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Tax Liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. *See* Texas Property Tax Code § 32.05 (b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The Tax Liens arise on January 1 of each tax year and "floats" to after acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The Tax Liens are *in solido* liens and are liens on all property of the Debtor. *See In re Universal Seismic*,

288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

## **Proposed Plan Treatment**

5. The Tax Claims are defined in the Plan as follows:

> 101. *"Other Secured Claim"* means any Secured Claim, other than claims arising under the Prepetition Credit Facilities or the DIP Documents, that is secured by a Lien senior to the Lien securing the DIP Claims, the ABL Claims, and the FILO Claims. For the avoidance of doubt, any Allowed Claim of the Texas Taxing Authorities (as defined in the Final DIP Order) that is a Secured Claim under applicable law shall be an Other Secured Claim.

6. The Tax Claims are designated as Class 2 claims and treated as follows:

> b. *Treatment*: In full and final satisfaction of each Allowed Other Secured Claim, except to the extent that a Holder of an Allowed Other Secured Claim agrees to a less favorable treatment, each Holder thereof will receive, with the consent of the DIP Agent: (a) payment in full in Cash from the Combined Reserve or as otherwise provided for in the DIP Budget; (b) delivery of the collateral securing any such Claim and payment of any interest required under section 506(b) of the Bankruptcy Code; (c) Reinstatement of such Claim; or (d) other treatment rendering such Claim Unimpaired.

## **Objections**

7. The Texas Taxing Authorities object to the confirmation of the Plan to the extent it fails to expressly provide for the retention of their pre- and post-petition tax liens in the proper priority under the Bankruptcy Code and Texas law, in and to the assessed collateral or the proceeds from the sale of such collateral, including any funds earmarked for taxes in the DIP Budget, the Combined Reserve and the WARN Reserve, until their claims, and any accrued post-petition interest, have been paid in full.

8. The Texas Taxing Authorities object to the confirmation of the Plan to the extent it fails to expressly provide for the payment of interest at the applicable non-bankruptcy. As senior secured creditors, the Texas Taxing Authorities are entitled to interest on their claims at the statutory rate

of 12% per annum from the petition date and continuing until the claims are paid in full. *See* 11 U.S.C. §§ 506(b) and 511.

9. The Texas Taxing Authorities object to the Plan to the extent that the Plan provides for the surrender of collateral to lienholders whose claims are junior to the Tax Liens, without payment of the Tax Claims.

10. Although the Texas Taxing Authorities are treated as Class 2 – Other Secured claims, the proposed distribution scheme for the Tax Claims is unclear. Pursuant to Class 2 Treatment, the Tax Claims are to be paid from the Combined Reserve or WARN Reserve unless otherwise provided for in the DIP budget. This treatment is consistent with the very last portion of Art. IV, Paragraph B of the Plan which states,

> *provided, further*, that pursuant to this Plan, Allowed Other Priority Claims, Allowed Priority Tax Claims, Allowed Administrative Claims (other than Professional Fee Claims or Allowed DIP Claims), and Allowed Other Secured Claims shall, unless otherwise provided for in the DIP Budget, be paid exclusively from (a) the Combined Reserve or WARN Reserve as applicable, and (b) Distributable Proceeds to the extent available from the Waterfall Recovery.

However, at the beginning of Art. IV, Paragraph B of the Plan, the Debtors provide for Distributable Proceeds[2] to be disbursed pursuant to the Waterfall Recovery and lists Allowed Other Secured Claims as fourth in priority of the Waterfall Recovery.

11. If it is the Debtors' intent to pay the Tax Claims first from the DIP Budget and then the Combined Reserve or Warn Reserve, or vice versa, with any shortfall coming from the Distributable Proceeds, the Texas Taxing Authorities object to being paid fourth in priority from the Waterfall Recovery, despite their senior secured lien status. Pursuant to the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate

---

[2] Any capitalized term not defined herein shall have the meaning originally ascribed to it in the Plan.

4

Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief at document # 729, (the "Final DIP Order") the Texas Taxing Authorities hold senior secured liens on the Distributable Proceeds (see Final DIP Order, ¶61) and object to creditors with junior liens being paid before the Tax Claims.

12. The Texas Taxing Authorities further object to Article IV, Paragraph C of the Plan. Specifically, the Texas Taxing Authorities object to the Plan Administrator using any portion of the Priority Claims Reserve to fund any wind-down expenses of the Debtors. The first full paragraph on page 30 of the Plan provides, the "Combined Reserve shall also be used by the Plan Administrator to satisfy the expenses of Wind-Down Debtors, and the Plan Administrator as set forth in the Plan and Wind-Down Budget." This Plan provision purports to allow the Plan Administrator to use both the Priority Claim Reserve and the Wind-Down Reserve to which the Texas Taxing Authorities object.

13. The Texas Taxing Authorities also object to the treatment provided in the second paragraph of page 30 of the Plan, which provides that the "WARN Reserve shall be used to pay WARN Costs, and, to the extent such Claims are not paid in full form the Combined Reserve, Allowed Priority Tax Claims." The Debtors have represented that to the extent the Tax Claims are not paid from the DIP Budget or from the Combined Reserve then they would be paid from the WARN Reserve (to the extent any funds were still left in the WARN Reserve); however, Allowed Other Secured Claims are left out of this Plan provision.

14. The Plan provides for various treatments in satisfaction of Class 2 claims without providing any specificity as to when the Tax Claims will be paid. The Texas Taxing Authorities' claims include 2022 and prior years taxes that were delinquent before the case was filed. The Texas Taxing Authorities assert that the 2022 and prior years taxes should be paid within fifteen days of the Effective Date and the 2023 taxes be paid when they come due in the next couple months.

5

15. Lastly, the Texas Taxing Authorities object to Article IX, Paragraph G, which prohibits amendments to claims after the Effective Date without prior authorization. The Texas Taxing Authorities' claims consist of estimated 2023 tax amounts, with the final tax amounts not available until October or November. Accordingly, the Texas Taxing Authorities should be allowed to amend their claims to reflect the certified final tax amounts without having to receive prior authorization to do so.

## Certificate of Conference

16. Counsel for The Texas Taxing Authorities will confer with counsel for the Debtors and attempt to reach agreement regarding these matters.

## Prayer

WHEREFORE, PREMISES CONSIDERED, The Texas Taxing Authorities respectfully request that the Court sustain their Objection to Confirmation of the Plan, and that it be granted such other and further relief, at law or in equity, as is just.

Dated:  September 1, 2023

Respectfully submitted


Counsel for the Texas Taxing Authorities

ANSELL GRIMM & AARON, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel:  973.247.9000
Email:  jbauchner@ansell.law

*By:*   *s/Joshua S. Bauchner*
         Joshua S. Bauchner, Esq.

Co-Counsel for the Texas Taxing Authorities

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.

*/s/ Melissa E. Valdez*
**Melissa E. Valdez**
Texas Bar No. 24051463
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 (phone)
mvaldez@pbfcm.com


LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP

*/s/   Tara L. Grundemeier*
**Tara L. Grundemeier**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Facsimile*
tara.grundemeier@lgbs.com


MCCREARY, VESELKA, BRAGG &
ALLEN, P.C.

*/s/Julie Anne Parsons*
**Julie Anne Parsons**
State Bar Number 00790358
P.O. Box 1269
Round Rock, Texas 78680
Telephone: (512) 323-3200
Fax: (512) 323-3205
Email: jparsons@mvbalaw.com

7