| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert L. LeHane, Esq.<br>Jennifer D. Raviele, Esq. (admitted *pro hac vice*)<br>Connie Choe, Esq.<br>**KELLEY DRYE & WARREN LLP**<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Tel: 212-808-7800<br>Fax: 212-808-7897<br>Email: rlehane@kelleydrye.com<br>           jraviele@kelleydrye.com<br>           cchoe@kelleydrye.com<br><br>-and-<br><br>One Jefferson Road<br>Parsippany, NJ 07504<br>Tel: 973-503-5900<br><br>*Counsel for Landlords* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>                              Debtors.[1] | Case No.: 23-13359 (VFP)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date: September 12, 2023 at 2:30 pm**<br>**Objection Deadline: September 4, 2023 at 5:00 p.m.** |

# LIMITED OBJECTION OF CERTAIN LANDLORDS TO AMENDED JOINT CHAPTER 11 PLAN OF BED BATH & BEYOND INC. AND ITS DEBTOR AFFILIATES

Basser Kaufman, Benderson Development Company LLC, Blumenfeld Development Group Ltd., Brookfield Properties Retail Inc., Hines Global REIT, Kite Realty Group, L.P., NNN REIT, Inc., Nuveen Real Estate, Oak Street Real Estate, Regency Centers

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

L.P., ShopCore Properties, and SITE Centers Corporation (each, a "Landlord", collectively the "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren LLP, submit this limited objection (this "Objection") to the *Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (as amended, modified, or supplemented from time to time, the "Plan"),[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Landlords do not generally object to the Plan or the Debtors' substantial efforts in maximizing the value of their estates, but oppose the Plan on a limited basis to extent it fails to require the Debtors to provide creditors, including the Landlords, with adequate notice and an opportunity to object to the disallowance of any Proof of Claim filed with respect to an Executory Contract or Unexpired Lease that has been assumed or assumed and assigned.

2. The Landlords shall continue to attempt to resolve the issues raised herein with the Debtors consensually, but reserve the right to argue these issues at the hearing.

## BACKGROUND

3. The Landlords are the owners or affiliates of or managing agents for the owners of shopping centers located throughout the United States where the Debtors lease retail space pursuant to written leases (each, a "Lease," and collectively, the "Leases") for certain locations (collectively, the "Leased Premises"). Most or all of the Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

---

[2] Docket No. 1712.

2

4. On April 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. Since the Petition Date, the Debtors have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On July 20, 2023, the Debtors filed their initial *Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor and its Affiliates*.[3] On August 1, 2023, the Debtors thereafter filed its *Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor and its Affiliates*.[4]

6. On August 2, 2023, the Court entered an *Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Plan, (C) Approving the Forms of Ballots and Notices in Connection Therewith, (D) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing and Certain Dates and Deadlines With Respect Thereto, and (E) Granting Related Relief, and (II)(A) Extending The Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief.*[5]

7. Article V.C. of the Plan states, in pertinent part:

> Any Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed or assumed and assigned shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these Chapter 11 Cases and/or receiving distributions from the Debtors on account of such claims in these Chapter 11 Cases. The Debtors or the Wind-Down Debtors, as applicable, shall be authorized to update the Claims Register to remove any claims Filed with respect to an Executory Contract or Unexpired Lease that has

---

[3] Docket No. 1429.

[4] Docket No. 1712.

[5] Docket No. 1716.

3

been assumed or assumed and assigned; *provided*, that the Debtors will provide notice to such Claimant at the address or email address on the Proof of Claim, to the extent such information is provided, informing such Claimant that its Claim will be removed from the Claims Register.

*See* Plan at Art. V. C.

## **OBJECTION**

8. Section 502 of the Bankruptcy Code provides that a "claim…, proof which is filed under section 501 of [the Bankruptcy Code], is deemed allowed unless a party in interest… objects." 11 U.S.C. § 502(a). "[I]f such an objection to a claim is made, the court, **after notice and a hearing**, shall determine the amount of such claim in lawful currency of the United States as of the filing of the petition, and shall allow such claim in such amount…." 11 U.S.C. § 502(b) (emphasis added).

9. Federal Rule of Bankruptcy Procedures ("Bankruptcy Rules" or "FRBP") 3007 provides that:

> An objection to the allowance of a claim and notice of objection that substantially confirms to the appropriate Official Form shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.

FRBP 3007(a)(1).

10. Article V.C. of the Plan, as proposed, could undermine the requirements of section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 by permitting the Debtors to unilaterally disallow claims without providing adequate notice and an opportunity to object to creditors. When the Debtors make this unilateral decision, the Plan states that the Debtors will provide "notice" to such creditors, without specifying the type of notice, whether an objection will be filed, and whether the affected creditor will be given adequate time to object and request a hearing for the Court to properly determine whether the claim should be allowed under section 502 of the Bankruptcy Code.

11. The Debtors should be required to comply with the provisions of the Bankruptcy Code and the Bankruptcy Rules that apply to the allowance and disallowance of claims. Therefore, the Plan should be modified to obligate the Debtors to file an objection to any claim that they seek to disallow, to serve such objection on the applicable claimant in accordance with the applicable rules of procedure, and to provide the claimant with at least thirty (30) days to object and an opportunity for a hearing.

## RESERVATION OF RIGHTS

12. The Landlords reserve the right to make such other and further objections as may be appropriate based upon any new information provided by the Debtors, or as may be developed through formal or informal discovery.

13. To the extent not inconsistent with this Objection, the Landlords join in the objections of other landlords and contract counterparties to the Plan.

## CONCLUSION

**WHEREFORE,** the Landlords respectfully request that the Court enter an order (i) denying confirmation of the Plan unless modified as set forth herein; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 4, 2023

Respectfully submitted,

*/s/ Robert L. LeHane*
Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq. (admitted *pro hac vice*)
Connie Y. Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: 212-808-7800
Fax: 212-808-7897
Email: rlehane@kelleydrye.com
       jraviele@kelleydrye.com
       cchoe@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: 973-503-5900

*Counsel for Landlords*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this September 4, 2023, a copy of the foregoing Objection was served via CM/ECF on all parties registered to receive such notice in the above-captioned cases.

       */s/ Robert L. LeHane*
       Robert L. LeHane