UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
Neelay Das
4682 Chabot Dr #10236
Pleasanton, CA 94588-2747

Email: neelay.bbby.njb@gmail.com

-and-

Gabriel Rostom
63 Rue de la Folie Regnault
75011 PARIS – France

Tel : +33756942880

FILED
JEANNE A. NAUGHTON, CLERK

AUG 31 2023

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

In Re:

BED BATH & BEYOND INC., et al.,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**BED BATH AND BEYOND COMMON STOCK EQUITY INTEREST
HOLDERS' REPLY IN SUPPORT OF THE APPLICATION FOR
ORDER SHORTENING TIME WITH RESPECT TO THE MOTION
OF BED BATH AND BEYOND COMMON STOCK EQUITY INTEREST
HOLDERS' MOTION, PURSUANT TO 11 U.S.C. § 105(A), FED. R. CIV. P. 60(B),
AND FED. R. BANKR. P. 9024 FOR AN ORDER VACATING THE ORDER
(I)(A) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

**STATEMENT, (B) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (C) APPROVING <u>THE FORMS AND BALLOTS AND NOTICES IN CONNECTION THEREWITH</u>**

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The undersigned holders (the "Stockholders") of equity interests in Bed Bath And Beyond's Common Stock file this reply (this "Reply") in support of the *Application For Order Shortening Time* [Docket No. 2069] (the "Scheduling Application") with respect to *Bed Bath And Beyond Common Stock Equity Interest Holders' Motion, Pursuant To 11 U.S.C. §105(A), Fed. R. Civ. P. 60(B), And Fed. R. Bankr. P. 9024, For An Order Vacating The Order (I) (A) Conditionally Approving The Adequacy Of The Disclosure Statement, (B) Approving The Solicitation And Notice Procedures With Respect To Confirmation Of The Plan, (C) Approving The Forms Of Ballots And Notices In Connection Therewith* [Docket No. 2068] (the "Motion to Vacate") and and in response to *Debtors' Objection To The Application For Order Shortening Time With Respect To The Motion Of Bed Bath And Beyond Common Stock Equity Interest Holders' Motion, Pursuant To 11 U.S.C. § 105(A), Fed. R. Civ. P. 60(B), And Fed. R. Bankr. P. 9024 For An Order Vacating The Order (I)(A) Conditionally Approving The Adequacy Of The Disclosure Statement, (B) Approving The Solicitation And Notice Procedures With Respect To Confirmation Of The Plan, (C) Approving The Forms And Ballots And Notices In Connection Therewith* [Docket No. 2074] (the "Debtors' Objection"), and respectfully state as follows:

### PRELIMINARY STATEMENT

1. In this section the Stockholders will set the record straight on Debtors' factually inaccurate characterization, in paragraph 2 of their Objection, of the Stockholders' objection filing efforts leading up to the filing of the Motion to Vacate and on Debtors' factually incorrect comparison, in the same paragraph of their objection, of the contents of the two objections filed by the Stockholders prior to filing the Motion to Vacate.

2

2. After a hearing (the "Conditional DS Hearing") on August 1, 2023 the Court entered the *Order (I) (A) Conditionally Approving The Adequacy Of The Disclosure Statement, (B) Approving The Solicitation And Notice Procedures With Respect To Confirmation Of The Plan, (C) Approving The Forms Of Ballots And Notices In Connection Therewith, (D) Scheduling A Combined Disclosure Statement Approval And Plan Confirmation Hearing And Certain Dates And Deadlines With Respect Thereto, And (E) Granting Related Relief, And (Ii) (A) Extending The Debtors' Exclusive Periods To File A Chapter 11 Plan And Solicit Acceptances Thereof Pursuant To Section 1121 Of The Bankruptcy Code And (B) Granting Related Relief* [Docket No. 1716] (the "DS Related Order") on August 2, 2023. Prior to the Conditional DS Hearing, on July 27, 2023, Neelay Das, one of the Stockholders, submitted a registration request on the Court's CM/ECF E-File system using his Pacer account, in order to E-File an objection to the Debtors' motion for conditional approval of the disclosure statement [Docket No. 1438], as a self-represented interested party, after not finding legal representation through an attorney. However, Neelay got notified via email, on Friday, July 28, 2023 that his registration request for CM/ECF E-File system was rejected on the basis of Court policy that only attorneys may e-file, advising to file all pleadings in paper at the court or through the mail. Realizing that the deadline of July 27, 2023 for filing objections, as stated in the above document, was already past due, on July 28, 2023, Neelay sent an email to US Trustee's counsel seeking help with finding legal representation to e-file his objection, while sharing a draft version of the objection letter, which was unsigned as he was still expecting to find legal representation from attorney(s) who could sign the objection letter. Over the weekend Neelay shared an updated draft version of the objection letter with the US Trustee's counsel without receiving any response from them. During the Conditional DS Hearing Neelay first came to know that his draft objection letter had been shared by the US Trustee's counsel with the Debtors' counsel and the Court, but was not considered during the hearing due to not being signed. So, to be accurate, the version of Neelay's objection letter that was discussed during the Conditional DS Hearing was a draft version and so, it was not signed, since when it was shared with US Trustee's counsel Neelay was still expecting to file via an attorney, if available. Subsequently, Neelay saw that he had received an email

3

from the Court Case Administrator asking for a signed copy of the objection letter that he had shared with US Trustee's counsel. So, the next day on August 2, 2023 Neelay and Gabriel, another shareholder, co-signed on to the updated version of the objection letter and it was served to the Court and Service Parties via email and docketed, as Docket No. 1728, but was immediately sealed pursuant to the Stockholders' simultaneous Application Requesting Redaction of Personal Information. Since the order on the Stockholders' Application Requesting Redaction of Personal Information was recently entered in Docket No. 2080, a redacted version of Docket No. 1728 is now simultaneously being filed.

3.　　On August 8, 2023, pursuant to Local Rule D.N.J. LBR 9013-4(e) the Stockholders filed, via email, an updated version of their objection [Docket No. 1878] to the Proposed Order filed by the Debtors' counsel in *Amended Disclosure Statement Relating To The Amended Joint Chapter 11 Plan Of Bed Bath & Beyond Inc. And Its Debtor Affiliates* [Docket No. 1713] (the "Disclosure Statement"), but that was not considered by the court since the corresponding order was already entered the next day in Docket No. 1716. Contrary to what Debtors' counsel purport, in paragraph 2 of the Objection, this Docket No. 1878 objection letter is substantively different from the previously filed Docket No. 1728 objection letter, which was served in unredacted form via email to all the Service Parties including the Debtors' counsel. From this it is apparent that Debtors' counsel have not reviewed the contents of these objection letters carefully.

4.　　So, since the Stockholders believe that there is a valid justification for seeking expedited relief from harm that will be caused to them, when solicitation culminates on September 1, 2023, pursuant to the currently approved Solicitation and Notice Procedures and Forms of Ballots and Notices in Connection Therewith in the DS Related Order, they filed the Motion to Vacate and the Scheduling Application requesting an expedited hearing on that. The following section addresses the legal arguments in Debtors' Objection.

REPLY

I. **HARM WILL BE CAUSED TO THE MOVANTS AND OTHER CLASS 9 HOLDERS OF INTERESTS IN BBB IF SOLICITATION CULMINATES ON SEPTEMBER 1, 2023, PURSUANT TO THE CURRENTLY APPROVED SOLICITATION AND NOTICE PROCEDURES AND FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH IN THE DS RELATED ORDER.**

5. The Debtors purport in paragraph 3 of their Objection that the Stockholders have failed to demonstrate any valid justification for seeking the extraordinary relief of vacating the DS Related Order and in paragraph 5 of the Objection the Debtors purport that the movants have not demonstrated any harm to themselves that would result from failure to grant such relief. However, that is incorrect. Pursuant to section IV.I.6 of the Disclosure Statement, claims from any creditors are disallowed from whom property is recoverable under section 542 of the Bankruptcy Code and so, claims from any creditors who have borrowed shares of Bed Bath and Beyond Common Stock or Preferred Stock are also disallowed. Furthermore pursuant to section IX.A of the disclosure statement holders whose claims have been disallowed are not entitled to vote to accept or reject the Plan[2]. However, Solicitation and Voting Procedures specified in article IX of the Disclosure Statement do not clearly specify that claims from any creditors who have borrowed shares of Bed Bath And Beyond Common Stock or Preferred Stock are disallowed until/unless they return those shares, even though section IV.I.6 of the Disclosure Statement implies that. Also, there are no procedures specified as part of the currently approved Solicitation And Notice Procedures With Respect To Confirmation Of The Plan or instructions specified in the currently approved Forms And Ballots And Notices In Connection Therewith, which validate that only creditors who have allowed claims are allowed to vote to accept or reject the Plan and that they are not holding on to borrowed shares of Bed Bath and Beyond Common Stock or Preferred Stock which are property of the estates recoverable under section 542 of the Bankruptcy Code which makes their claims disallowed. Although, the Voting Instructions specified in Exhibit 5E Class 6 2014 Senior Unsecured Notes Claims (Master Ballot) of the DS Related Order have some instructions to "Pre-validate" the individual Beneficial

---

[2] The term "The Plan" used in this document, when not part of the Title of another document, refers to AMENDED JOINT CHAPTER 11 PLAN OF BED BATH & BEYOND INC. AND ITS DEBTOR AFFILIATES [Docket No. 1712]

5

Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 6 2014 Senior Unsecured Notes Claims, there are no instructions to pre-validate the individual Beneficial Holder with respect to whether their claims are allowed. So, there is no established procedure to ascertain the validity of the voting results, once the voting completes, which leaves the possibility open that the Plan will be accepted based on invalid votes and also confirmed during the final confirmation hearing. Subsequently, there are limited avenues for relief available to the movants, who are part of a fully impaired class pursuant to the Plan, even if they sign the third part release opt-out forms, since it would be hard, if not impossible, to determine at a later time after the voting culminates, the number of creditors with disallowed claims by virtue of holding borrowed shares of Bed Bath and Beyond Common Stock or Preferred Stock, who were actually allowed to vote on the Plan and how it affected the final voting outcome.

6. The Debtors appear to have completely missed the argument in the Scheduling Application that if voting completes per the currently published plan it will cause irreparable harm to class 9 holders of Interests in BBB, the class under which the undersigned Stockholders have been categorized, as many class 9 holders of Interests in BBB would not sign up for the Release Opt-Out forms due to the misrepresentation in the form of such holders belonging to class 8, thereby inadvertently providing non-consensual release to the third parties and that will limit their legal avenues for further relief.

II. **RULE FED. R. CIV. P. 60(B) IS APPLICABLE TO THE ORDER (B) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (C) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, CONSIDERED AS FINAL JUDGMENT.**

7. The Debtors purport, in paragraph 4 of their Objection, that under the plain text of Rule 60(b), relief as to the entire DS Related Order is unavailable to Movants. However, that is incorrect. The judgment in the DS Related Order (B) Approving The Solicitation And Notice Procedures With Respect To Confirmation Of

The Plan, (C) Approving The Forms Of Ballots And Notices In Connection Therewith is considered Final Judgment, to which Rule 60(b) is applicable. Only the Judgement Conditionally Approving The Adequacy Of The Disclosure Statement in the DS Related order can be considered not final, to which Rule 60(b) is not applicable. 11 U.S.C. § 1125(f)(3)(B) states: "acceptances and rejections of a plan may be solicited based on a conditionally approved disclosure statement <u>if the debtor provides adequate information to each holder of a claim or interest that is solicited</u>…". So, the adequate information based on which acceptances or rejection of the plan are being solicited as part of the (B) Approved Solicitation And Notice Procedures With Respect To Confirmation Of The Plan, (C) Approved Forms Of Ballots And Notices In Connection Therewith is part of final approval with respect to these procedures and is not being conditionally approved. The approval of the above procedures in section **II.B** of the DS Related Order with the title "**Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**" is nowhere labeled or referred to as conditional. The arguments in support of the Application For Order Shortening Time in the Scheduling Application are based on applicability of Rule 60(b) to the above finally approved procedures. Moreover, in Bullard v. Blue Hills, 575 U. S. 496, 501[3] Chief Justice Roberts of the SUPREME COURT OF THE UNITED STATES delivered the opinion in the context of Bankruptcy proceedings "An order granting a motion for summary judgment is final; an order denying such a motion is not.". The above summary judgments granted as part of the granted motion in the DS Related order should hence be considered final, to which Rule 60(b) is applicable.

## CONCLUSION

8. The Requested Hearing date of August 29, 2023 per the Scheduling Application has been denied in the Order entered in Docket No. 2084 on the basis that the application to shorten the time period for hearing on the Motion to less than 24 hours was inconsistent with Due Process and fundamentally unfair and impractical and a hearing on the Motion To Vacate to be considered as an Objection to the Final Approval of the Disclosure Statement and Confirmation of The Plan has been

---

[3] https://www.law.cornell.edu/supremecourt/text/14-116

scheduled for September 12, 2023. However, the Movants will face, likely irreparable, harm if the relief requested in the Motion to Vacate is not granted before the September 1, 2023 plan acceptance voting deadline and the Plan is subsequently confirmed. Hence, the Movants respectfully request that the Court schedule a hearing on the matter, if possible or otherwise, decide the matter on the papers before the September 1, 2023 plan acceptance voting deadline.

Date:   August 31, 2023

_____
Neelay Das

Date:   August 31, 2023

_____
Gabriel Rostom