**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

# DECLARATION
## OF HOLLY ETLIN, CHIEF RESTRUCTURING OFFICER
## AND CHIEF FINANCIAL OFFICER OF BED BATH & BEYOND INC.,
## IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS
## AND THE MEXICO JV PARTNER, (II) AUTHORIZING THE DEBTORS TO PERFORM
## ALL OF THEIR OBLIGATIONS THEREUNDER, AND (III) GRANTING RELATED RELIEF

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

I, Holly Etlin, hereby declare under penalty of perjury:

1.  I am the Chief Restructuring Officer and Chief Financial Officer at Bed Bath & Beyond, Inc. and I have served as CFO since February 7, 2023, and was appointed CRO, effective as of the Petition Date [Docket No. 730]. I am also a Partner & Managing Director of the financial advisor to the Debtors, AlixPartners, LLP ("AlixPartners"), where I have worked since 2007. I have more than 30 years of experience in providing turnaround services for companies in the retail industry and have frequently been appointed as Interim CEO, Interim CFO and Chief Restructuring Officer of these businesses. I am admitted to the American College of Bankruptcy and the International Insolvency Institute and am a Certified Turnaround Professional (CTP) and Certified Insolvency Reorganization Advisor (CIRA). I am familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

2.  I submit this declaration (this "Declaration") in support of the Debtors' Motion for Entry of an Order (I) Approving the Settlement Agreement Between the Debtors and the Mexico JV Partner, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related (the "Motion"), filed contemporaneously herewith.[2]

3.  The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees working directly with me or under my supervision, direction, or control, or from the Debtors' records maintained in the ordinary course of business. I am not being compensated specifically for this testimony other than through payments received from the Debtors in the ordinary course of my employment. If I were called upon to testify, I could and would testify

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

## Qualifications

4.      I am a Partner and Managing Director of AlixPartners and am currently the CRO and CFO for the Debtors.  I have more than 30 years of experience in providing turnaround services for companies in the retail industry and have frequently been appointed to interim officer roles such as CEO, CFO, and chief restructuring officer.  I am admitted to the American College of Bankruptcy and the International Insolvency Institute and am a Certified Turnaround Professional.  I have been employed by AlixPartners since 2007 and have personally led notable, publicly disclosed restructuring assignments that include Tailored Brands, Inc., BCBG Max Azria Group, LLC, The Bon-Ton Stores, Inc., Pier 1 Imports, Inc., Borders Group, Inc., The Gymboree Corporation, Winn-Dixie, and New Century Financial Corp.

5.      I am generally familiar with the relationship between Bed Bath & Beyond Mexico S. de R.L. de C.V. ("Joint Venture"), Controladora Patos, S.A. de C.V. ("Mexico JV Partner" and together with with Joint Venture, the "Non-Debtor Parties"), on the one hand, and the Debtors and their affiliates (the "Debtors" or "Company Parties" and together with the Non-Debtor Parties, the "Parties") on the other.  I have taken part in discussions with other employees of the Debtors and the Debtors' advisors regarding the benefits of reaching a consensual settlement, and the risks of proceeding non-consensually.  I have a general understanding of the terms of the Settlement Agreement attached to the Debtors' proposed order (the "Order") as Exhibit 1.

6.      I believe that the Settlement Agreement represents a fair compromise of the Settlement Parties' competing interests.  The Settlement Agreement paves the way for a comprehensive resolution of the Non-Debtor Parties' relationship with the Debtors and maximizes value for the Debtors' estates by avoiding undue expenses related to the litigation of certain

3

Controversies (as defined in the Settlement Agreement). Therefore, I believe that entering into the Settlement Agreement is in the best interest of the Debtors and their estates.

## The Settlement Agreement

7. In the past few months, the Debtors and the Non-Debtor Parties have been negotiating a consensual resolution related to the Controversies. These negotiations resulted in the Settlement Agreement, which provides for, among other things, (a) the payment of $850,000 (the "Settlement Payment") to BBBY from the Non-Debtor Parties; (b) the mutual release and discharge of the Parties and their respective officers, directors, shareholders, members, attorneys, insurers, agents, independent contractors, employees, successors, legal representatives, assigns, parents, subsidiaries, and all affiliated entities by the Parties and their affiliates from all claims, disputes, demands, actions, suits, liabilities, and damages of any kind possibly incurred between the Parties with respect to any claims up to and including the execution of the Settlement Agreement; and (c) the agreement that the Non-Debtor Parties will not object to any plan of reorganization or liquidation in the Debtors' chapter 11 cases and shall not opt out of or otherwise object to the releases and exculpation provisions set forth in any such plan of reorganization or liquidation.[3]

8. Members of my team, the Debtors' other advisors, and I have worked closely with counsel to the Non-Debtor Parties to provide and obtain all necessary diligence with respect to the settled Controversies. Thus, I believe that the Settlement Agreement represents a fair and reasonable compromise of the Settlement Parties' competing interests and is a sound exercise of the Debtors' business judgment. I believe it is in the best interest of their estates to forego pursuing

---

[3] This summary of the Settlement Agreement is being provided for convenience only. In the event of any conflict between anything contained in the Motion or this Declaration—including this summary—and the Settlement Agreement, the Settlement Agreement shall control.

4

any claims against the Non-Debtor Parties covered by the Settlement Agreement and to avoid any substantial lengthy and costly litigation that would otherwise impede the Debtors' ability to expeditiously bring these Chapter 11 Cases closer to a full and final resolution of claims and interests.

9. For the reasons set forth above, I believe that entry into the Settlement Agreement is in the best interests of the Debtors' estates, their creditors, and other parties in interest and should be authorized and approved.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: September 15, 2023

/s/ Holly Etlin
Name: Holly Etlin
Title: Chief Restructuring Officer and Chief Financial Officer
Bed Bath & Beyond Inc.