**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION IN LIEU OF MOTION IN SUPPORT OF ENTRY
OF STIPULATION AND CONSENT ORDER APPROVING ABANDONMENT
OF PERSONAL PROPERTY AT DEBTORS' FORMER PREMISES LOCATED
IN RIVERSIDE, CALIFORNIA**

TO:   THE HONORABLE JUDGE VINCENT F. PAPALIA
      UNITED STATES BANKRUPTCY JUDGE:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned co-counsel, Cole Schotz P.C., and Kirkland & Ellis LLP and Kirkland & Ellis International LLP, respectfully state the following in support of this application (the "Application"), pursuant to D.N.J. LBR 9021-1(b), seeking the approval and entry of the proposed *Stipulation and Consent Order Approving Abandonment of Personal Property at Debtors' Former Premises Located in Riverside, California* (the "Proposed Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**, and respectfully state as follows:

1. On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 24, 2023, the Court entered an order [Docket No. 75] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On May 5, 2023, the United States Trustee for the District of New Jersey appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 218].

2. As of the Petition Date, Agua Mansa Commerce Phase I, LLC ("Landlord") and one of the Debtors were parties to an unexpired lease of nonresidential real property (the "Lease") located at 6120 Clinker Drive, Riverside, CA (the "Premises").

3. On June 13, 2023, the Debtors and Landlord entered into a Lease Termination Agreement (the "Lease Termination Agreement"), which was approved by the Court pursuant to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Proposed Stipulation.

65548/0001-46021468v1

that certain *Order Pursuant to Sections 365 and 363 Approving the Lease Termination Agreement with Agua Mansa Commerce Phase I, LLC* entered June 27, 2023 [Docket No. 1100].

4. In accordance with the Lease Termination Agreement, the Debtors surrendered the Premises to Landlord on June 30, 2023, and the Lease was terminated.

5. At the time of the surrender of the Premises, there existed certain personal property in the Premises, including personal property identified in the Lease Termination Agreement as being owned by Ryder Integrated Logistics ("Ryder") and addressed in Section 12 of the Lease Termination Agreement.  Following the surrender of the Premises, the parties determined that certain of the personal property remaining in the Premises, primarily consisting of office furniture and equipment and general office supplies, was owned by the Debtors (the "Debtor Personal Property"), which is of inconsequential value and benefit to the Debtors or their estates.

6. Consistent with the "Abandoned Property" provisions of the *Order (I) Authorizing and Approving Procedures To Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 382] previously approved by this Court and without otherwise modifying the Lease Termination Agreement, including Section 12 thereof, the Debtors and Landlord have agreed as follows:

(a) The Debtors shall abandon pursuant to sections 554 and 363 of the Bankruptcy Code, *nunc pro tunc* to the date the Premises was surrendered, the Debtor Personal Property to Landlord, without consideration, such that Landlord is free to use or dispose of the Debtor Personal Property in its sole and absolute discretion without liability to the Debtors or any other entity; such Debtor Personal Property being abandoned, hereafter, the "Abandoned Property".

(b) The Debtors shall not be liable for any cost, rent, or use and occupancy relating to the storage of the Debtor Personal Property for any period after the surrender of the Premises.

(c) Subject to the consent of Landlord, Ryder shall be permitted to retain or dispose any or all of the Abandoned Property without consideration to the Debtors, their estates or any other entity (other than Landlord, if applicable).

7. The Landlord and the Debtors respectfully request the Court's consideration as soon as permitted.

8. The Debtors submit that the Proposed Stipulation is in the best interest of the Debtors and their estates.

9. This Application is submitted pursuant to D.N.J. LBR 9021-1 (b) in lieu of a motion in support of the Debtors' request that the Court enter the Proposed Stipulation as presented.

10. No previous application for the relief sought herein has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

65548/0001-46021468v1

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Stipulation, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: September 18, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
         wusatine@coleschotz.com
         fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:   josuha.sussberg@kirkland.com
         emily.geier@kirkland.com
         derek.hunter@kirkland.com

*Co-Counsel for Debtors and
Debtors in Possession*