*Counsel for the Texas Taxing Authorities*:

Joshua S. Bauchner
ANSELL GRIMM & AARON, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel: 973.247.9000
Email: jbauchner@ansell.law.

*Co-Counsel for the Texas Taxing Authorities*:

Julie Anne Parsons
Texas State Bar No. 00790358
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
P. O. Box 1269
Round Rock, TX 78680-1269
Telephone: (512) 323-3200
Fax: (512) 323-3205
Email:  jparsons@mvbalaw.com

Melissa E. Valdez
Texas State Bar No. 24051463
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
1235 North Loop West, Suite 600
Houston, TX 77008
(713) 862-1860 (phone)
(713) 862-1429 (fax)
Email: mvaldez@pbfcm.com

Tara L. Grundemeier
SBN: 24036691
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
4828 Loop Central Drive, Suite 600
Houston, Texas 77081
(713) 844-3478 (phone)
(713) 844-3503 (fax)
tara.grundemeier@lgbs.com

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BED BATH & BEYOND INC.,** *et al* | **Case No. 23-13359 (VLP)** |

**Debtors**[1]                                                                                                    **Jointly Administered**

# JOINT MOTION OF TEXAS TAXING AUTHORITIES FOR A DETERMINATION OF HOLDBACK AMOUNT FROM THE COMBINED RESERVE

**TO THE HONORABLE VINCENT L. PAPALIA:**

1.      The Debtors commenced this case on April 23, 2023 by filing Chapter 11 voluntary petitions in this Court.

2.      The Texas Taxing Authorities[2] timely filed proofs of claim totaling over $5 million for ad valorem property taxes for tax years 2023 and prior.

3.      On April 23, 2023, Debtors filed their *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claim, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Doc No. 25].

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] The Texas Taxing Authorities include all taxing authorities represented by Linebarger Goggan Blair & Sampson, Perdue Brandon Fielder Collins & Mott, and McCreary Veselka Bragg & Allen including but not limited to: Bexar County, Cameron County, Cypress-Fairbanks Independent School District, Dallas County, City of El Paso, Fort Bend County WCID #02, Fort Bend County, City of Frisco, Grayson County, Gregg County, Harris County, Hidalgo County, Jefferson County, Lewisville Independent School District, City of McAllen, McLennan County, City of Mesquite, Montgomery County, Nueces County, Parker CAD, Rockwall CAD, San Marcos CISD, Smith County, Tarrant County, Tom Green CAD, Victoria County, Wichita County Tax Office, Randall County Tax Office, Brazoria County, Brazoria County Special Road & Bridge, Alvin Independent School District, Alvin Community College, Brazoria County Drainage District #4, Pearland Municipal Management, Brazoria Municipal Utility District #06, Woodlands Metro Municipal Utility District, Woodlands Road Utility District, Clear Creek Independent School District, Humble Independent School District, Pasadena Independent School District, Spring Branch Independent School District, City of Houston, Lubbock Central Appraisal District, Midland County, City of Lake Worth, Crowley Independent School District, Grapevine-Colleyville Independent School District, Frisco Independent School District, Plano Independent School District, Bell County Tax Appraisal District, Bowie Central Appraisal District, Brazos County, Denton County, Guadalupe County, Hays County, Midland Central Appraisal District, Taylor County Central Appraisal District, City of Waco, Waco Independent School District and Williamson County.

4.     On May 9, 2023, the Texas Taxing Authorities filed their *Limited Joint Objection* to Doc. No. 25 [Doc No. 283].

5.     The Court heard said Objection on June 14, 2023. At hearing, counsel for Debtors represented to the Court that there were more than enough funds in the DIP budget to fully pay the Texas Taxing Authority claims but that as added protection, Debtors were willing to grant the Texas Taxing Authorities liens on both the Priority Claims Reserve and the WARN Reserve. The Court found that the Texas Taxing Authorities were adequately protected with the granting of the additional liens.

On June 15, 2023, the Court entered *Final Order (I) Authorizing the Debtors to (A) Obtain Post-petition Financing and (B) Utilize Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Doc No. 729]. The Court's orders concerning the Texas Taxing Authorities are found on pages 104-105, paragraph 61, of said Final Order:

> Texas Taxing Authorities. Notwithstanding any provisions of the Motion, the Interim Order, this Final Order, or the other DIP Documents, any valid, binding, perfected, enforceable, and non-avoidable liens currently held by the Texas Taxing Authorities on account of allowed secured claims for taxes on any DIP Collateral that under applicable non-bankruptcy law are granted priority over a prior perfected security interest or lien (the "Texas Tax Liens") shall neither be primed by nor subordinated to any DIP Liens or Adequate Protection Liens granted under the Interim Order or this Final Order, and upon the sale of any DIP Collateral subject to the Texas Tax Liens, the Texas Tax Liens shall be paid by the Debtors and shall attach to the Priority Claims Reserve and WARN Reserve to the extent of any shortfall, with the same order of priority which the Texas Tax Liens had on the applicable DIP Collateral. All parties' rights to object to the priority, validity, amount, enforceability and extent of any purported claims and liens asserted by the Texas Taxing Authorities are fully reserved.

6.     Thereafter, Debtors proposed their Amended Joint Chapter 11 Plan. On September 1, 2023, the Texas Taxing Authorities filed their *Joint Limited Objection to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc No. 2112]. One

significant objection was to Debtors' proposal to pay junior lienholders and expend reserve funds, on which the Texas Taxing Authorities have liens, for wind-down expenses, prior to payment to the Texas Taxing Authorities.

7. On September 11, 2023, the Debtors filed Documents 2156 and 2157 objecting to the claims of the Texas Taxing Authorities and seeking determination of tax liability under 11 U.S.C. §505.

8. The Texas Taxing Authorities' Plan Objection was resolved by inclusion of agreed language in the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc No. 2172] entered by the Honorable Michael B. Kaplan on September 14, 2023. The agreed language is found on page 67 thereof, Section II, Paragraph 141, and is as follows:

> For the avoidance of doubt, any Claims of Texas Taxing Authorities (the "Texas Tax Claims"), unless subsequently disallowed, shall constitute Other Secured Claims entitled to Class 2 treatment under the Plan, and nothing in this Confirmation Order or the Plan shall impair or otherwise alter the rights and entitlements of the Texas Taxing Authorities under the Final DIP Order, including as set forth in paragraphs 61 and 62 of the Final DIP Order. The Debtors and Texas Taxing Authorities shall, within five Business Days of entry of the Confirmation Order, mutually agree to a holdback amount from the Combined Reserve, which amount shall be between $500,000 and $2.8 million, for the payment of Texas Tax Claims, with all parties' rights reserved as to the ultimate amount of such Texas Tax Claims. If the Debtors and Texas Taxing Authorities have not agreed to a holdback amount within five Business Days of entry of the Confirmation Order, the Debtors and Texas Taxing Authorities agree to jointly seek a determination of such amount from the Bankruptcy Court before the Effective Date. The Texas Taxing Authorities may amend their respective proofs of claim once the current year's ad valorem taxes are actually assessed without further agreement with the Debtors or Wind-Down Debtors, as applicable, or leave of the Bankruptcy Court.

The $2.8 million figure represents the estimated total necessary to satisfy the 2023 Texas Taxing Authorities' claims, based upon the 2023 assessed values and the 2022 tax rates. The

actual 2023 taxes based on the 2023 tax rates, which are not yet available, will be assessed shortly in October 2023. Debtors are attempting to reduce the $2.8 million figure to approximately $500,000.00 based upon their recent omnibus objection to the Texas Taxing Authorities' claims and motion to determine tax liability.

9. Five (5) business days have passed since entry of the Confirmation Order. Debtors and the Texas Taxing Authorities have been unable to reach an agreement as to the amount of the holdback.

10. The sole purpose of the reserve was to safeguard funds for the payment of certain claims including the claims of the Texas Taxing Authorities. As additional protection of payment to the Texas Taxing Authorities, the Court granted them liens on the Priority Claims Reserve and the WARN Reserve.

It is antithetical to hold back any amount less than $2.8 million. The Texas Taxing Authorities' liens on the sales proceeds from the sale of the Texas stores' collateral are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code. Texas Property Tax Code § 32.05(b) provides that tax liens securing the property have priority over the claim of any creditor of a person whose property is encumbered by the lien. The Texas Taxing Authorities' claims are for ad valorem taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. The taxes are secured by first priority liens on the property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The tax liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-

Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax liens arise on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax liens are in solido liens and are liens on all property of the Debtor. See In re Universal Seismic, Case 23-13359-VFP Doc 2112 Filed 09/01/23 Entered 09/01/23 13:29:22 Desc Main Document Page 2 of 7 3 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

Further, litigation under 11 U.S.C. §505 will be lengthy, increasing the risk to the Texas Taxing Authorities that reserve funds will be depleted prior to conclusion of Debtors' challenge to the tax claims. If the Texas Taxing Authorities prevail in the §505 matters, the tax liability will approximate the maximum $2.8 million requested[3]. It is only equitable that the full amount potentially necessary to satisfy the applicable taxes remains available for payment of the ultimately determined tax liabilities while Debtors or the Plan Administrator expend millions of other dollars of funds, on which the Texas Taxing Authorities have liens, to satisfy junior claims, wind-down and administrative expenses.

WHEREFORE, the Texas Taxing Authorities, as defined herein, request that the Court order the Debtors to set aside $2.8 million from the Combined Reserve for the benefit of payment of those Texas Taxing Authorities' tax liabilities ultimately determined in this case. Further, said Texas Authorities request such other and further relief to which they show themselves justly entitled.

---

[3] To be clear, the $2.8 million is just a cap allocated to the Texas Taxing Authorities within the Combined Reserve and is not a cap on the amount of any Allowed claims of the Texas Taxing Authorities.

Dated: September 22, 2023

Respectfully submitted,

*Counsel for the Texas Taxing Authorities*:

*/s/ Joshua S. Bauchner*
Joshua S. Bauchner
ANSELL GRIMM & AARON, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel: 973.247.9000
Email: jbauchner@ansell.law.

*Co-Counsel for the Texas Taxing Authorities*:

*/s/ Julie Anne Parsons*
Julie Anne Parsons
Texas State Bar No. 00790358
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
P. O. Box 1269
Round Rock, TX 78680-1269
Telephone: (512) 323-3200
Fax: (512) 323-3205
Email:  jparsons@mvbalaw.com

*/s/ Melissa E. Valdez*
Melissa E. Valdez
Texas State Bar No. 24051463
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
1235 North Loop West, Suite 600
Houston, TX 77008
(713) 862-1860 (phone)
(713) 862-1429 (fax)
Email: mvaldez@pbfcm.com

*/s/ Tara L. Grundemeier*
Tara L. Grundemeier
SBN: 24036691
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
4828 Loop Central Drive, Suite 600
Houston, Texas 77081
(713) 844-3478 (phone)
(713) 844-3503 (fax)
tara.grundemeier@lgbs.com

7