**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

Order Filed on September 29, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through thirteen (13), is

**ORDERED**.

**DATED: September 29, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

65548/0001-46057152v8

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 193] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through the Assumption and Assignment Agreement and the related assumption of the Leases (as defined below) to Burlington free and clear of liens, claims, encumbrances, and other interests, all as more fully set forth in the Motion, and upon entry of the *Order (I) Establishing Procedures To Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422] (the "Lease Sale Procedures Order"); and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion and this Order is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Assumption and Assignment Agreement between the Debtors and Burlington Coat Factory Warehouse Corporation and certain of its affiliates (collectively, "Burlington" or "Assignee") attached hereto as **Exhibit B** (the "Assumption and Assignment Agreement"), as applicable.

65548/0001-46057152v8

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

found that the Debtors' notice of the Motion and the corresponding assumption and assignment and sale of the Leases (as defined below) and all of the Debtors' rights therein was in accordance with the provisions of the Lease Sale Procedures Order and otherwise appropriate under the circumstances and no other notice need be provided; and in accordance with the Lease Sale Procedures Order, the Debtors having conducted the Phase 1 Lease Auction; and this Court having reviewed and considered, among other things, (i) the Motion, (ii) the *Notice of Successful and Backup Bidder with Respect to the Phase 1 Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases* [Docket No. 1114], (iii) the *Notice of Assumption of Certain Unexpired Leases* [Docket No. 1157]; (iv) the *Limited Objection and Joinder of Regency Centers L.P. and Daly City Serramonte Center, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Unexpired Non-Residential Real Property Leases for Store Nos. 3108 and 385* [Docket No. 1328] (the "Serramonte Objection"); (v) the *Objection By Landlord DPEG Fountains, LP to Debtors' Proposed Assumption and Assignment of Lease* [Docket No. 1340] (the "DPEG Objection"); (vi) the *Amended Objection By Landlord DPEG Fountains, LP to Debtors' Proposed Assumption and Assignment of Lease* [Docket No. 1344] (the "DPEG Amended Objection"); (vii) the *Certification of Nikhil Dhanani in Support of DPEG Fountains LP's Objection to the Notice of Assumption of Certain Unexpired Leases* [Docket No. 1573]; (viii) the *Supplemental Objection in Further Support of Opposition of Daly City Serramonte Center, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 3108* [Docket No. 1929] (the "Supplemental Serramonte Objection"

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

and together with the Serramonte Objection, the "Serramonte Objections"); (ix) the *Declaration of Ernst A. Bell in Support of Opposition of Daly City Serramonte Center, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 3108* [Docket No. 1930]; (v) the *Supplemental Objection and Joinder by DPEG Fountains, LP in Further Support of Its Objection to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 126* [Docket No. 1933] (the "DPEG Supplemental Objection" and together with the DPEG Objection and the DPEG Amended Objection, the "DPEG Objections" and together with the Serramonte Objections, the "Objections" ); (xi) *Burlington Stores, Inc.'s Omnibus Reply to Objections to Burlington's Assignment and Assumption of Leases and any Cure Amounts Related Thereto* [Docket No. 2058] (the "Burlington Reply"); (xii) the *Debtors' Omnibus Reply in Support of Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 2062] (the "Debtor's Omnibus Reply"); (xiii) the *Declaration of Emilio Amendola in Support of Debtors' Reply in Support of Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 2062-1]; (xiv) the *Stipulation of Undisputed Facts Regarding Daly City Serramonte Center, LLC's Objection to Proposed Assignment of Serramonte Lease to Burlington Stores* [Docket No. 2087], (xv) the *Joint Stipulated Facts* [Docket No. 2089] and (xvi) the arguments and representations of counsel made on the record at the hearing held before this Court on August 30, 2023 (the "Hearing") to consider approval of the Assumption and Assignment Agreement and the

65548/0001-46057152v8

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

related assumption and assignment of the Leases and such related relief granted herein; and this Court having determined that the Debtors having complied with the Lease Sale Procedures, and that the Debtors' entry into the Assumption and Assignment Agreement is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Leases; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Objections, as well as any other responses or objections to, or reservations of rights regarding, the entry of this Order or the relief granted herein, that have not been withdrawn, waived, or settled, or have not otherwise been resolved, if any, are hereby denied and overruled on the merits, including for the reasons set forth in the Court's bench opinion delivered on the record at the conclusion of the Hearing on August 30, 2023 (the "Bench Opinion"), which is incorporated herein by reference.

3. Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, the Debtors are hereby authorized and directed to sell the unexpired leases of non-residential real property as set forth on **Exhibit A** (as amended, the "Leases") to Burlington for the price previously agreed to, and in accordance with the terms of this Order and the Assumption and Assignment Agreement attached hereto as **Exhibit B**, hereby assume and assign such Leases to the applicable Burlington entity set forth on **Exhibit A** free and clear of any and all licensees, tenants, and/or subtenants, all license and concession agreements for all or any part of the leased

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

premises, all assigned contracts relating to the leased premises, and all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

4. The Debtors shall have sole responsibility for paying all cure costs (the "Cure Costs") required to assume and assign the Leases. As set forth on **Exhibit A**, certain cure costs are undisputed (the "Undisputed Cure Costs") and certain Cure Costs are disputed (the "Disputed Cure Costs"). Within seven (7) days of the Closing Date (the "Undisputed Cure Cost Payment Date"), the Debtors shall pay the Undisputed Cure Costs for the Leases, as set forth on **Exhibit A** attached hereto, which shall be paid from the proceeds of the Burlington Lease Sale and Assignment; provided, however, that the Debtors shall retain the right to seek to set off against the Disputed Cure Costs any amounts that the Landlords owes under the Leases, subject to all of the Landlords' rights and objections relating to Disputed Cure Costs, including, without limitation, the Debtors' attorneys' fees and other litigation expenses in connection with the dispute regarding the assignment of the Leases. The Debtors shall not be required to pay the Disputed Cure Costs on the Undisputed Cure Cost Payment Date but shall remain liable for the payment of the Disputed Cure Costs either upon an agreement between the Debtors and the applicable Landlord (as defined below) with respect to the Cure Costs or upon the Court's determination of such Cure Costs. Without otherwise relieving the Debtors from their obligation to satisfy the Cure Costs, the Leases shall be sold and assumed and assigned pursuant to the terms of this Order notwithstanding the non-payment of the Disputed Cure Costs on the Undisputed Cure Cost Payment Date. The Debtors shall reserve from the proceeds of the Burlington Lease Sale and Assignment an amount equal to

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

the Disputed Cure Costs (the "Disputed Cure Reserve"). Upon payment of any Disputed Cure Cost, the Debtors shall be permitted to release from the Disputed Cost Reserve such amounts in excess of the amount initially reserved on account of such Disputed Cure Cost. Upon the payment of all applicable Cure Costs the Debtors shall be permitted to release any amounts remaining in the Disputed Cure Reserve for the Debtors' use subject to the terms of the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 729]. Subject to the provisions of this paragraph, the determination of any Disputed Cure Costs shall be expressly reserved for further proceedings, at which time the Debtors and such affected Landlord with a Disputed Cure Cost may schedule a further hearing before the Court on the issue of appropriate Cure Costs on at least ten (10) business days' prior notice to the parties affected (the "Disputed Cure Costs and Related Issues Hearing"). Payment of the applicable Cure Costs, in such amounts as either set forth on **Exhibit A**, agreed by the Debtors and the applicable Landlord, or as otherwise determined by the Court, shall constitute the cure of all defaults arising under the Leases that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).

5. For the reasons stated in the Bench Opinion, the Debtors have provided adequate assurance of the Assignee's future performance under the Lease and have satisfied all of the

65548/0001-46057152v8

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

applicable requirements set forth in section 365 of the Bankruptcy Code, including sections 365(b)(3)(C) and 365(b)(3)(D), with respect to the assignment of the Leases to Burlington.

6. Burlington is a good faith purchaser of the Leases within the meaning of section 363(m) of the Bankruptcy Code.

7. There shall be no rent accelerations, assignment fees, increases or any other fees charged to Burlington or the Debtors as a result of the assumption and assignment of the Leases.

8. Effective as of the Closing Date (as defined in the Assumption and Assignment Agreement), the assignment of the Leases by the Debtors to each applicable Burlington entity shall constitute a legal, valid, and effective transfer of each such Lease notwithstanding: (a) any requirement for approval or consent by any person; and (b) both: (i) Section 15.3 of the lease between Daly City Serramonte Center, LLC (the "Serramonte Landlord") and Ross Dress for Less, Inc.; and (ii) Section 15.3 of the lease between Fountains Dunhill, LLC, as a predecessor in interest to DPEG Fountains, LP (the "Fountains Landlord" and together with the Serramonte Landlord, the "Landlords" and each a "Landlord") and Ross Dress for Less, Inc.; and vests each applicable Burlington entity with all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

9. Any provisions in the Leases that prohibit or condition the assignment of such Lease or allow the Landlord of such Lease to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease, constitute unenforceable anti-assignment provisions and

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

are void and of no force and effect as against the Debtors and Burlington in connection with the assumption and assignment of the Leases. The Leases shall remain in full force and effect, without existing defaults, subject only to payment by the Debtor of the appropriate Cure Cost, if any.

10. Upon payment of the applicable Cure Cost, if any, or agreement that no Cure Cost is owed to the applicable Landlord and upon entry of this Order, the Debtors and each Landlord are hereby barred and permanently enjoined from asserting against one another any default, claim, or liability existing, accrued, arising, or relating to the applicable Lease for the period prior to the Closing Date, and from and after the entry of this Order, each applicable Landlord and the Debtors are hereby barred and permanently enjoined from asserting against Burlington any default, claim, or liability existing, accrued, arising, or relating to the applicable Lease for the period prior to the Closing Date; *provided, however*, that nothing herein shall impair or prejudice either Landlord's rights to recover from the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the applicable premises subject to an applicable Lease on account of events that occurred prior to the Closing Date; and *provided further, however*, at the Disputed Cure Costs and Related Issues Hearing, the Debtors (or any party granted standing for the estates) shall retain the right to seek payment of their litigation expenses from the Landlords in connection with the dispute regarding the assignment of the Leases, and at least (7) days prior to such Disputed Cure Costs and Related Issues Hearing, the Debtors shall provide the Landlords with a breakdown of said litigation expenses per Lease.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

11. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Burlington shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

12. To the extent either Lease contains use restrictions which would otherwise prohibit Burlington from operating at the applicable leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Burlington, such use by Assignee is permitted for purposes of the assignment of the Leases.

13. Notwithstanding any term of the Leases to the contrary, any extension, renewal option, or other rights contained in any Lease that purports to be personal only to a Debtor or Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the applicable Burlington entity, in accordance with the terms of such Lease. The Debtors have timely exercised any applicable extension or renewal options under the Leases, and

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

the Leases are all in full force and effect. The Debtors have not previously rejected any of the Leases and the Debtors' period to assume or reject the Leases has not otherwise expired.

14. Except as set forth in this Order, from and after the assumption and assignment to Assignee of the Leases in accordance with this Order, the terms of each Lease shall be binding upon the applicable Burlington entity to which the particular Lease is assigned, including, without limitation, in the case of each Lease, any indemnification obligations expressly contained in such Lease but expressly limited to matters arising from and after the Closing Date, and any rent, common area maintenance, insurance, taxes, or similar charges expressly contained in such Lease that relate to periods from and after the Closing Date; *provided, however*, that Burlington's assumption of obligations and liabilities under the Leases shall be limited to obligations arising from and after the Closing Date and which relate to periods from and after the Closing Date. With respect to any provision of any Lease providing for calculation of rent based on a percentage of annual sales, for the annual period in which the Closing Date occurs, Burlington shall only be responsible for the prorated portion of percentage rent attributable to the period after the Closing Date calculated on a per diem basis.

15. Notwithstanding any provision of the Leases (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, Burlington shall not be required to operate its business from the leased premises for a reasonable period of time after the entry of this

65548/0001-46057152v8

| | |
|---|---|
| (Page \| 12) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

Order, in order to perform alterations and remodeling which shall be done in a manner consistent with the terms of the applicable Lease and to replace and modify existing signage to the extent necessary to operate at the premises as a Burlington store and consistent with its business operations and the terms of the Leases. Notwithstanding any provision of the Leases to the contrary (including any related REA or Master Lease), to the extent any Landlord's consent is required for any such alteration or signage modification, such Landlord's consent thereto shall not be unreasonably withheld, conditioned, or delayed.

16. The Landlords shall cooperate in good faith and execute and deliver, upon the request of Burlington, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the premises associated with the Leases; *provided* that the Landlords do not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

17. Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order. Moreover, and for the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance

(Page | 13)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SALE OF CERTAIN UNEXPIRED LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF |

policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19. In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

20. Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit A

Leases to be Assumed and Assigned

| Store Number | Address | Base Rent PSF[1] | Lease Expiration Date | Options | Purchaser Entity | Undisputed Cure Costs | Disputed Cure Costs |
|---|---|---|---|---|---|---|---|
| **126** | 12520 Fountain Lake Circle Stafford, TX | $12.00 | January 31, 2028 | 5 + 5 + 5 | Burlington Coat Factory of Texas, L.P. | $36,000.00 (September 2023 Rent) | $71,673.00 (Attorney's Fees/Costs)[2] |
| **3108** | 149 Serramonte Center #150 Daly City, CA*<br><br>*NOTE: This is a purchase of both the Bed Bath & Beyond Lease and the Buy Buy Baby Sublease | $23.00 | January 31, 2028 | 5 + 5 | Burlington Coat Factory of Texas, Inc. | $193,741.00 (Unpaid Pre and Post-Petition Rent) | $6,110.53, plus $35,000.00 (Attorney's fees/Costs) |

---

[1] The Base Rent (PSF) listed in this column is stated as of the date hereof, which Base Rent pursuant to the terms of the applicable Lease may adjust prior to the Lease Expiration Date and with respect to any applicable Options.

[2] Through August 2023.

65548/0001-46057152v3

65548/0001-46057152v8

## Exhibit B

Assumption and Assignment Agreement

## ASSUMPTION AND ASSIGNMENT AGREEMENT

**THIS ASSIGNMENT AND ASSUMPTION AGREEMENT** (the "Agreement"), dated as of **September _____, 2023**, is by and between **BED BATH AND BEYOND INC.**, a New York corporation ("Assignor") and **BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**, a Florida corporation, or its designated affiliates reflected on **Schedule A** ("Assignee"). For the avoidance of doubt, all provisions of the applicable assigned contract, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Assignor to the Assignee.

### RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto, with the term and address of each lease being as represented in the documents provided by Debtor's Broker of record, A&G Real Estate Partners, on Schedule A, including rights under those certain Subordination, Non-Disturbance and Recognition Agreements executed in connection with such leases (collectively referred to as either as the "Assigned Assets" or the "Leases" and individually an "Assigned Asset" or "Lease") with respect to the premises set forth on Schedule A (the "Premises"), which are subject to approval by the Court in the Chapter 11 Cases as described above (the "Court Order"); and

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto (individually, "Party" or collectively, "Parties") agree as follows:

### AGREEMENT

1. <u>Assignment and Assumption</u>. Effective as of the date the Bankruptcy Court enters an order pursuant to 11 U.S.C. 363(b) approving the assumption and assignment contemplated by this Agreement in a form approved by Assignee (the "Closing Date"), and upon payment of the Purchase Price as set forth below, but in no event later than August 7, 2023:

    (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Assets.

    (b) Except as specifically set forth in this Agreement, Assignee hereby assumes and undertakes to pay, perform and discharge all of Assignor's obligations and duties with respect to the Assigned Assets.

    (c) For the avoidance of doubt and notwithstanding any other provision of this Agreement, Assignee agrees it is responsible, on a prorated basis, for the costs of rent with respect to the Assigned Assets for the rental period from and after the Closing Date (for clarity, this includes the Closing Date). To the extent the Assignor has paid any rent costs with respect to any Premises prior to the Closing Date for the period from and after the Closing Date, Assignee shall reimburse Assignor for such amounts paid within seven (7) days of the later to occur of: (I) the Closing Date; or (II) the date

Assignor provides Assignee with documentation reasonably sufficient to establish Assignor's payment of such rent cost.

2. <u>Assigned Assets</u>. The Parties will work together in good faith and with diligent efforts to obtain the issuance of one or more Court Orders for all of the Assigned Assets.

3. <u>Payment of Purchase Price</u>. Assignee shall, on the Closing Date, deliver the purchase price for the Assigned Assets in the amount previously agreed to (the "<u>Purchase Price</u>"), in immediately available funds wired to the account specified by Assignor. The Parties acknowledge that if the assumption and assignment of the Assigned Assets (the "<u>Closing</u>") does not occur on the date of the final Court Order the Lease(s) may thereafter be rejected in the bankruptcy proceeding referenced above.

4. <u>Assumption of Liabilities</u>. All defaults or other obligations of Assignor arising or accruing prior to the Closing Date (including, but not limited to, fees, charges, adjustments, or reconciliations for taxes, insurance, CAM, and other charges, whether billed or unbilled, due or not due (each a "<u>True-Up Charge</u>") regardless of whether such True-Up Charge relates to a period of time prior to the assignment of such Assigned Asset(s), but without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. 365(b)(2)) shall be cured by Assignor on or before the Closing Date or as soon thereafter as reasonably practicable (or as otherwise agreed with the counterparty to such Assigned Asset), and Assignee shall have no liability or obligation arising or accruing under the Assigned Assets prior to the Closing Date. Assignee shall assume all obligations with respect to the Assigned Assets arising from and after the Closing Date.

5. <u>No Further Liability of Assignor</u>. From and after the Closing Date, Assignor shall have no further obligations and duties with respect to the Assigned Assets arising from and after the Closing Date.

6. <u>Further Assurances</u>. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Assets.

7. <u>"As Is Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Assets; *provided, however*, Assignor warrants and represents: (a) Assignor is the tenant under all of the Leases; (b) each Lease is in full force and effect; (c) the Leases are comprised of the documents made available to Assignee by Assignor via A&G Real Estate Partners and there are no other agreements (written or verbal) which grant any possessory interest in and to any space situated on or in the Premises under the Lease(s) or that otherwise give rights with regard to use of the Premises under the Lease or limit the use of the Premises; and (d) there are no service contracts for any of the Assigned Assets which will bind Assignee after the Closing and Assignor shall terminate any and all service contracts with respect to the Assigned Assets and the Leases prior to Closing or as soon as reasonably practicable thereafter. Subject to the foregoing representations and warranties, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets.

8. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to principles of conflicts of law.

Case 23-13359-VFP    Doc 2312    Filed 09/29/23    Entered 09/29/23 18:20:15    Desc Main
Document    Page 18 of 20

9. <u>Jurisdiction.</u> The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. <u>No Reliance</u>. Except as specifically set forth in this Agreement, each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

11. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12. <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

*[Signatures appear on following page]*

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**BED BATH & BEYOND INC.**,
a New York corporation


By:_____
Name:  David M. Kastin
Title:  Executive Vice President - Chief Legal Officer

**ASSIGNEE:**
**BURLINGTON COAT FACTORY**
**WAREHOUSE CORPORATION**,
a Florida corporation


By:_____
Name:  Michael Shanahan
Title:  Senior Vice President, Real Estate
Federal I.D. No.:  22-1970303

4

## Schedule A

### Description of Assigned Assets

| Store Number | Address | Base Rent PSF[1] | Lease Expiration Date | Options | Purchaser Entity |
|---|---|---|---|---|---|
| **126** | 12520 Fountain Lake Circle Stafford, TX | $12.00 | January 31, 2028 | 5 + 5 + 5 | Burlington Coat Factory of Texas, L.P. |
| **3108** | 149 Serramonte Center Daly City, CA* **NOTE:** This is a purchase of both the Bed Bath & Beyond Lease and the Buy Buy Baby Sublease | $23.00 | January 31, 2028 | 5 + 5 | Burlington Coat Factory of Texas, Inc. |

---

[1] The Base Rent (PSF) listed in this column is stated as of the date hereof, which Base Rent pursuant to the terms of the applicable Lease may adjust prior to the Lease Expiration Date and with respect to any applicable Options.