| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |

**Order Filed on September 27, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In Re: | Case No.: | 23-13359-VFP |
|---|---|---|
| Bed Bath & Beyond Inc. | Chapter: | 11 |
| | Judge: | Michael B. Kaplan |

**ORDER (I) APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE MEXICO JV PARTNER, (II) AUTHORIZING THE DEBTORS TO PERFORM ALL OF THEIR OBLIGATIONS THEREUNDER, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following page is **ORDERED**.

**DATED: September 27, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Emily E. Geier, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE MEXICO JV PARTNER, (II) AUTHORIZING THE DEBTORS TO PERFORM ALL OF THEIR OBLIGATIONS THEREUNDER, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through four (4),

is **ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Approving the Settlement Agreement Between the Debtors and the Mexico JV Partner, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Approving the Settlement Agreement Between the Debtors and the Mexico JV Partner, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing (i) entry into that certain settlement agreement attached as **Exhibit 1** to this Order (the "JV Settlement Agreement") between Bed Bath & Beyond Mexico S. de R.L. de C.V. ("Joint Venture"), Controladora de Patos, S.A. de C.V. ("Mexico JV Partner" and together with with Joint Venture, the "Non-Debtor Parties"), and the Debtors (together with the Non-Debtor Parties, the "Parties"), and (ii) the Debtors to perform all of their obligations thereunder; and (b) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Approving the Settlement Agreement Between the Debtors and the Mexico JV Partner, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related Relief |

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors and Mexico JV Partner are authorized to enter into the JV Settlement Agreement, substantially in the form attached hereto as **Exhibit 1** and the releases contemplated therein are hereby approved.

3. The JV Interests shall be deemed cancelled upon the Debtors' receipt of the Settlement Payment, pursuant to the terms of the JV Settlement Agreement.

4. Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the Initial Order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between the Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA, the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | Order (I) Approving the Settlement Agreement Between the Debtors and the Mexico JV Partner, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related Relief |

6. Notwithstanding Bankruptcy Rule 6004(h), 7062, 9014, or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

**JV Settlement Agreement**

# CONFIDENTIAL SETTLEMENT AGREEMENT[1]

This confidential Settlement Agreement is entered into as of September [●], 2023, in connection with the Chapter 11 Cases filed in the Bankruptcy Court, by and among Bed Bath & Beyond Inc., a New York corporation ("**BBBY**," and, together with each of the other debtors, debtors in possession, and subsidiaries collectively, the "**Debtors**" or the "**Company Parties**"), Bed Bath & Beyond Mexico S. de R.L. de C.V. ("**Joint Venture**"), a Mexico *sociedad de responsabilidad limitada de capital variable*, and Controladora de Patos, S.A. de C.V. ("**Mexico JV**," and together with Joint Venture, the "**Non-Debtor Parties**"), a Mexico *sociedad anónima de capital variable*. BBBY, Joint Venture, and Mexico JV are each referred to herein as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREAS, on April 23, 2023, the Debtors initiated the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, Joint Venture is owned equally by BBBY's wholly owned subsidiary, BBB Mexico L.L.C. ("**BBB JV**"), and Mexico JV pursuant to that certain investment agreement dated as of May 14, 2008 (as amended, supplemented, or otherwise modified from time to time in accordance with its terms, and all agreements entered into in connection therewith, the "**Joint Venture Agreement**");

WHEREAS, in connection with the Joint Venture Agreement, the parties executed that certain trademark license agreement dated May 14, 2008, as subsequently amended and restated by the first amended and restated trademark license agreement dated January 1, 2019, which expired on its terms on January 1, 2020, among, Debtor, Liberty Procurement Co., Inc., as licensor, and Joint Venture, as licensee (the "**Prior License**");

WHEREAS, on June 28, 2023, Overstock.com, Inc. acquired certain intellectual property assets (as defined in the Overstock Sale Order, the "**Acquired Assets**") of the Debtors free and clear of all interests, including all liens, claims, and encumbrances;

WHEREAS, the Company Parties, Joint Venture, and Mexico JV assert various claims ("**Controversies**") against one another, including, among others: (i) the Company Parties' claims for an account receivable owed by Joint Venture for $4,098,547 worth of inventory previously supplied to Joint Venture; and (ii) the Non-Debtor Parties' claims for not less than $15 million against the Company Parties for purported failure to honor certain obligations related to certain supplier and other arrangements;

WHEREAS, the Parties have determined that it is in their mutual best interest to settle the disputed issues raised in connection with the Controversies, the Prior License, the Joint Venture

---

[1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Term Sheet.

1

Agreement, as well as various other matters, in accordance with the terms set forth in the Term Sheet attached hereto as **Exhibit A**.

**NOW, THEREFORE,** in consideration of the representations, acknowledgments, promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, each Party, by and through its representative, hereby voluntarily, intentionally, and upon the advice and guidance of counsel, executes this Settlement Agreement and agrees as follows:

## SETTLEMENT TERMS

1. Cooperation. Each of the Parties shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

2. Effectiveness. Each of the Parties shall execute this Settlement Agreement through its designated representative. The obligations of this Settlement Agreement will become effective as of the date set forth in the Term Sheet attached as **Exhibit A** (the "*Effective Date*").

3. Releases by the Parties. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Non-Debtor Parties shall (a) support confirmation of any of the Debtors' now, or hereinafter, proposed chapter 11 plan(s), including all exhibits, supplements, and amendments thereto (the "***Plan***"); and (b) agree to be bound by the releases, exculpation, injunction, and discharge provisions provided in the Plan, and shall not object to the Plan, or, if applicable, withdraw any objection to the Plan, and shall not opt out of or otherwise object to the release provisions therein. In addition, and without limitation of the foregoing, the Company Parties and Non-Debtor Parties release each other, as well as their respective predecessors, successors, assigns, and their past, present and future officers, directors, affiliates, employees, agents, servants, and representatives from any and all liabilities, rights, claims, demands, obligations, damages (including claims for or award of costs and/or expenses, court costs and attorneys' fees), losses, causes of action in law or in equity arising from the Controversies, Joint Venture Agreement, the Prior License, or the Non-Debtor Parties' use of the trademarks subject to the Prior License prior to the Effective Date. For the avoidance of doubt, the affiliates of the Joint Venture within the scope of the above release include without limitation Importadora BBBMEX, S. de R.L. de C.V. and Servicios BBBMEX, S. de R.L. de C.V. Upon the Effective Date, any "Affiliate Undertaking" obligation that BBBY would otherwise have pursuant to the Joint Venture Agreement, is hereby terminated.

4. Entire Agreement. This Settlement Agreement and the Definitive Documents constitute the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary to (a) enforce this Settlement Agreement or (b) seek damages or injunctive relief in connection therewith.

5. <u>Representation and Warranties</u>.  Each Party specifically warrants and represents to the other Parties that it has full authority to act for and to enter into this Settlement Agreement, which Settlement Agreement constitutes a legal, valid and binding obligation of such Party.  Each of the Parties specifically warrants and represents that it has been fully informed of its terms, contents, conditions, and effects regarding the same, that it has had a full and complete opportunity to discuss this Settlement Agreement, including the settlement and the release, with its attorney or attorneys, that it is not relying in any respect on any statement or representation made by the other Parties, and that no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained in this Settlement Agreement.

6. <u>No Admissions</u>.  The Parties agree that this is a compromise and settlement of disputed claims and causes of action, and nothing contained herein shall be construed as an admission of liability or damages by, on behalf of or against any of the Parties.

7. <u>Further Assurances</u>.  Should any additional instruments be necessary or desirable to accomplish the purpose(s) of this Settlement Agreement or to establish the rights or discharge the obligations of either Party hereto, such additional instruments will be promptly executed and delivered upon the request of the other Parties.

8. <u>Construction of Settlement Agreement</u>.  This Settlement Agreement shall not be construed in favor of or against any Party on the basis that the Party did or did not author this Settlement Agreement or any attachment related to it.

9. <u>Survival of Representations</u>.  The representations set forth herein shall survive the completion of all actions contemplated herein.  Other provisions hereof which require action after execution hereof shall survive the execution hereof.

10. <u>Governing Law and Choice of Forum</u>.  This Settlement Agreement is governed by and shall be construed and enforced in accordance with the laws of the State of New Jersey, without regard to any choice of law provision.  The Parties hereby submit themselves to the exclusive jurisdiction of the Bankruptcy Court, with respect to interpretation and enforcement of, adjudication of any disputes arising out of or relating to or in any way involving, and implementation of this Settlement Agreement, the Term Sheet, and any Definitive Documents to the maximum extent of that court's jurisdiction.

11. <u>Headings</u>.  The headings in this Settlement Agreement are for convenience only and shall not be considered a part of or affect the construction or interpretation of any provision of this Settlement Agreement.

12. <u>Expenses</u>.  Each Party shall be solely responsible for the attorney's fees, costs, and expenses, if any, incurred by that Party in connection with the Chapter 11 Cases or this Settlement Agreement, as applicable.

13. <u>Materiality</u>.  The statements, representations, and acknowledgments in this Settlement Agreement are not mere recitations; rather, they are understood and relied upon as part of this Settlement Agreement by the Parties and are material hereto.

14. <u>No Oral Agreements</u>.  This Settlement Agreement represents the final agreement between the Parties with respect to the subject matter contained herein and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements between the Parties.

15. <u>Counterparts</u>.  This Settlement Agreement may be signed in any number of counterparts and each counterpart shall represent a fully executed original as if signed by both Parties.

16. <u>Confidentiality</u>.  The Parties agree to keep the terms and conditions of this Settlement Agreement confidential and not to share them with any other person, other than the Parties' attorneys, representatives, or insurers, without the specific written consent of all Parties.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by their duly authorized representatives effective as of the Effective Date.

[*Remainder of Page Intentionally Left Blank.*]

# SETTLEMENT TERM SHEET

### September [●], 2023

This term sheet (this "**Term Sheet**") sets forth certain material terms of a proposed settlement (the "**Settlement**"), in connection with *In re Bed Bath & Beyond Inc., et al.* Case No. 23-13359 (VFP) (the "**Chapter 11 Cases**") filed in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), reached by and among Bed Bath & Beyond Inc., a New York corporation ("**BBBY**," and, together with each of the other debtors, debtors in possession, and subsidiaries collectively, the "**Debtors**" or the "**Company Parties**"), Bed Bath & Beyond Mexico S. de R.L. de C.V. ("**Joint Venture**"), a Mexico *sociedad de responsabilidad limitada de capital variable*, and Controladora de Patos, S.A. de C.V. ("**Mexico JV**," and together with Joint Venture, the "**Non-Debtor Parties**"), a Mexico *sociedad anónima de capital variable*. BBBY, Joint Venture, and Mexico JV are each referred to herein as a "**Party**" and collectively as the "**Parties**."

The settlement contemplated herein shall be implemented pursuant to a Settlement Agreement (the "**Settlement Agreement**"), and other agreements and instruments ancillary thereto, as applicable, to be negotiated and agreed to among the Parties, each in their sole and absolute discretion, including that certain trademark license agreement to be negotiated and agreed to among Overstock.com, Inc. ("**Overstock**") and Joint Venture (collectively, the "**Definitive Documents**"), and is subject to approval by the Bankruptcy Court under rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**") and section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "**Bankruptcy Code**").

This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability.

### BACKGROUND

Joint Venture is owned equally by BBBY's wholly owned subsidiary, BBB Mexico L.L.C. ("**BBB JV**"), and Mexico JV pursuant to that certain investment agreement dated as of May 14, 2008 (as amended, supplemented, or otherwise modified from time to time in accordance with its terms, and all agreements entered into in connection therewith, the "**Joint Venture Agreement**").

In connection with the Joint Venture Agreement, the parties executed that certain trademark license agreement dated May 14, 2008, as subsequently amended and restated by the first amended and restated trademark license agreement dated January 1, 2019 (the "**Prior License**"), among, Debtor, Liberty Procurement Co., Inc., as licensor, and Joint Venture, as licensee. The Prior License expired on its terms on January 1, 2020.

On June 28, 2023, Overstock acquired certain intellectual property assets (as defined in the Bankruptcy Court's June 28, 2023 order filed at Docket No. 1117, the "**Acquired Assets**") of the Debtors free and clear of all claims, liens, rights, interests, and encumbrances.

Controversies

The Company Parties, Joint Venture, and Mexico JV have various claims ("**Controversies**") against one another. The Company Parties have, for example, an account receivable claim against Joint Venture in the amount of $4,098,547 for inventory previously supplied to Joint Venture. The Non-Debtor Parties assert claims for not less than $15 million against the Company Parties for purported failure to honor certain obligations related to certain supplier and other arrangements.

The Proposed Settlement

The Parties have determined that it is in their mutual best interest to settle the disputed issues raised in connection with the Controversies, as well as various other matters, in accordance with the terms set forth in the Term Sheet attached hereto as **Exhibit A**.

[*Signature pages follow.*]

## Exhibit A

## Settement Term Sheet

| Summary of Terms | |
|---|---|
| **Effective Date** | As soon as reasonably practicable after the execution and delivery of this Term Sheet, the Company Parties will file a motion seeking approval of the Settlement and the Parties shall enter into the Definitive Documents.  The Effective Date of all terms contained in the Settlement and Definitive Documents shall be the later of the dates upon which (i) the Bankruptcy Court enters the Settlement Order, and (ii) the Definitive Documents are fully executed. |
| **Settlement Payment** | Upon the Effective Date, the Non-Debtor Parties shall pay to BBBY an amount equal to 850,000 United States Dollars. |
| **JV Interests** | Upon the wiring of the Settlement Payment to BBBY, BBBY's JV Interests shall be deemed cancelled and BBB JV shall no longer be a member of Joint Venture, Importadora BBBMEX, S. de R.L. de C.V., or Servicios BBBMEX, S. de R.L. de C.V. |
| **Trademark License Agreement** | Upon entry into the Settlement Agreement, Mexico JV, as licensee, and Overstock, as licensor, shall execute a one-year trademark license agreement in a form agreeable to the Parties; *provided* that Mexico JV shall not be permitted to discuss, or negotiate, such one-year license with Overstock. |
| **Chapter 11 Plan** | The Non-Debtor Parties shall support confirmation of any of the Debtors' proposed chapter 11 plan(s), including all exhibits, supplements, and amendments thereto (the "***Plan***").  For the avoidance of doubt, the Non-Debtor Parties agree to be bound by the releases, exculpation, injunction, and discharge provisions provided in the Plan, and shall not object to the Plan, or, if applicable, withdraw any objection to the Plan, and shall not opt out of or otherwise object to the release provisions therein. |
| **Mutual Releases** | Without limitation, the Non-Debtor Parties and the Company Parties, release each other, as well as their respective predecessors, successors, assigns, and their past, present and future officers, directors, affiliates, employees, agents, servants, and representatives from any and all liabilities, rights, claims, demands, obligations, damages (including claims for or award of costs and/or expenses, court costs and attorneys' fees), losses, causes of action in law or in equity arising from the Joint Venture Agreement, the Prior License, or the Controversies prior to the Effective Date.  The Trademark License Agreement contains a release by Overstock of Joint Venture with respect to its use of trademark-related assets prior to the Effective Date. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the Settlement Order in form and substance acceptable to the Parties, as well as any other mutually-agreeable conditions. |
| **Expenses** | Expenses borne by any Party in connection with this Term Sheet, the Settlement Agreement, or any of the Definitive Documents shall be borne by such party. |
| **Confidentiality** | The existence and the content of this Term Sheet, Settlement Agreement, and Definitive Documentation are confidential as between the Parties. |

A-1

| Governing Law | This Term Sheet is governed by the laws of the State of New Jersey. |
|---|---|
| **Defined Terms** ||
| **Acquired Assets** | Certain of the Debtors' intellectual property assets, which Overstock purchased free and clear of all interests (including all liens, claims, and encumbrances), and which are defined in detail in the Overstock Sale Order. |
| **Bankruptcy Code** | Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time. |
| **Bankruptcy Court** | The United States Bankruptcy Court for the District of New Jersey. |
| **Bankruptcy Rules** | The Federal Rules of Bankruptcy Procedure. |
| **BBB JV** | BBB Mexico L.L.C. |
| **BBBY** | Bed Bath & Beyond Inc., a New York corporation. |
| **Chapter 11 Cases** | The Debtors' bankruptcy cases initiated by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, and jointly administered in the case captioned *In re Bed Bath & Beyond Inc., et al.*, Case No. 23-13359 (VFP). |
| **Company Parties** | The Debtors in the Chapter 11 Cases and subsidiaries. |
| **Controversies** | Any claims asserted or assertable by Joint Venture or Mexico JV against any Company Party prior to the Effective Date; and any claims asserted or assertable by any Company Party against Mexico JV or Joint Venture prior to the Effective Date. |
| **Debtors** | The debtors and debtors in possession in the Chapter 11 Cases. *See also* Company Parties. |
| **Definitive Documents** | The Settlement Agreement, and other agreements and instruments ancillary thereto, as applicable, to be negotiated and agreed to among the Parties, each in their sole and absolute discretion, including that certain trademark license agreement to be negotiated and agreed to among Overstock and the Joint Venture. |
| **Effective Date** | The later of the dates upon which (i) the Bankruptcy Court enters the Settlement Order and (ii) the Definitive Documents are fully executed. |
| **Joint Venture** | Bed Bath & Beyond Mexico S. de R.L. de C.V., a Mexico *sociedad de responsabilidad limitada de capital variable*. |
| **Joint Venture Agreement** | That certain investment agreement dated as of May 14, 2008, as amended, supplemented, or otherwise modified from time to time in accordance with its terms, and all agreements entered into in connection therewith. |
| **JV Interests** | BBBY's membership interests in Joint Venture, whether held by BBB JV (BBBY's subsidiary) or otherwise, and including without limitation BBB JV's equity interests in Importadora BBBMEX, S. de R.L. de C.V. and Servicios BBBMEX, S. de R.L. de C.V. |
| **Mexico JV** | Controladora de Patos, S.A. de C.V., a Mexico *sociedad anónima de capital variable*. |
| **Non-Debtor Parties** | Mexico JV and Joint Venture. |

| **Overstock** | Overstock.com, Inc., a Delaware corporation. |
|---|---|
| **Overstock Sale Order** | The Bankruptcy Court's *Order (I) Approving the Sale of Acquired Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Their Obligations Under the Stalking Horse Purchase Agreement, (III) Approving Assumption and Assignment of Certain Executory Contracts, and (IV) Granting Related Relief*, filed at Docket No. 1117 on June 28, 2023. |
| **Party or Parties** | BBBY, Joint Venture, and Mexico JV. |
| **Plan** | Any of the Debtors' now, or hereinafter, proposed chapter 11 plan(s) of reorganization, including all exhibits, supplements, and amendments thereto. |
| **Prior License** | That certain trademark license agreement entered into (in connection with the Joint Venture Agreement) among Debtors' affiliate, as licensor, and Joint Venture, as licensee, dated May 14, 2008, as subsequently amended and restated by the first amended and restated trademark license agreement dated January 1, 2019, which expired on January 1, 2020. |
| **Settlement** | The proposed settlement, in connection with the Chapter 11 Cases, between the Parties, resolving the disputed issues raised in connection with the Controversies, the Prior License, the Joint Venture Agreement, as well as various other matters. |
| **Settlement Agreement** | The confidential settlement agreement, executed by the Parties, in accordance with the Settlement terms set forth in the Term Sheet. |
| **Settlement Order** | The Bankruptcy Court's final order approving the Settlement Agreement pursuant to Bankruptcy Rule 9019. |
| **Settlement Payment** | Non-Debtor Parties' payment to BBBY on the Effective Date, in the amount of 850,000 United States Dollars. |
| **Term Sheet** | The term sheet setting forth the terms of the Settlement. |

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-13359-VFP |
| Bed Bath & Beyond Inc. | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Sep 27, 2023 | Form ID: pdf903 | Total Noticed: 13 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 29, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, NJ 07083-8107 |
| aty | + | Casey McGushin, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Charles B. Sterrett, Kirkland & Ellis, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Emily E. Geier, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Jacob E. Black, Kirkland and Ellis LLP,, 3101 Old Jacksonville Road, Springfield, IL 62704-6488 |
| aty | + | Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Max M Freedman, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Michael A. Sloman, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Noah Z. Sosnick, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Olivia F. Acuna, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Richard U.S. Howell, P.C, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Ross Fiedler, Kirklnd & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 29, 2023          Signature:      /s/Gustava Winters