**Exhibit 4**

**Letter Agreement**

**Execution Version**
**Strictly Confidential**

August 23, 2023-

Bed Bath & Beyond, Inc.
650 Liberty Avenue
Union, New Jersey 07083

c/o Kirkland & Ellis LLP
c/o Kirkland & Ellis International LLP
601 Lexington Avenue
New York, NY 10022
Attn: Joshua A. Sussberg, Emily E. Geier, Derek I. Hunter, and Ross J. Fiedler

c/o Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Attn: Michael D. Sirota, Warren A. Ustaine, Felice R. Yudkin, and David Bass

Re:    Letter Agreement Related to Assignment of Rogers, AR Lease in *In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J.) (Jointly Administered)

Dear Ross:

This letter agreement (this "Agreement") is being entered into as of August 23, 2023 (the "Effective Date") to confirm the understanding among Michaels Stores, Inc. ("Michaels") and the Debtors concerning the assignment of Store No. 1142 (Rogers, AR) to Michaels, including the full and final adjudication of the *Objection of Pinnacle Hills, LLC to Debtors' Motion for Order Authorizing Debtors to Assume and Assign Lease for Store No. 1142* [Docket No. 1323] (the "Objection") filed by Pinnacle Hills, LLC (the "Landlord") (collectively, the "Assignment Issues").[1]  By your execution of this Agreement, the Debtors irrevocably agree, in each case for itself and for and on behalf of its respective estate, to the matters described herein.

1.  **Scope of This Agreement**

    (a)    The subject matter of this Agreement consists of all actions by the Debtors with respect to any litigation involving the Assignment Issues until the Assignment Issues are fully and finally resolved by a "**Final Order**," which means an order or judgment of the Bankruptcy Court (or other court of competent jurisdiction) that has not been reversed, vacated, stayed, modified or amended, and as to which (a) the time to appeal, petition for *certiorari* or move for a reargument or rehearing has expired and as to which no appeal, petition for *certiorari* or other proceedings for a reargument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari,* reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court (or other court of competent jurisdiction) shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a reargument or rehearing shall have

---

[1]    The Objection is in connection with the unexpired lease for Store No. 1142, which the Debtors seek to assume and assign and is located in the Pinnacle Hills Promenade, an open-air retail development containing 105 retail stores and restaurants (as amended and extended, the "BBBY Lease").  The assumption and assignment of the BBBY Lease is subject to the Assumption and Assignment Agreement, dated as of August 23, 2023, by and between Bed Bath & Beyond, Inc. and Michaels Stores, Inc.

been denied with prejudice or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a reargument or rehearing shall have expired.

2. **Attorneys' Fees**

   (a) The undersigned hereby agree that Michaels shall pay or reimburse up to an aggregate amount of $150,000.00 for all reasonable attorneys' fees and reasonable out-of-pocket costs and expenses incurred by the Debtors' counsel in connection with, arising from or otherwise attributed to the Assignment Issues during the period of time from July 24, 2023 until entry of a Final Order regarding the Assignment Issues. The Debtors shall provide documentation of such fees based on a good-faith estimate set forth in a summary by timekeeper and a list of the tasks substantially related to the services rendered by the Debtors' counsel in connection with the Assignment Issues. Michaels reserves its rights regarding the sufficiency of any such documentation referenced in the preceding sentence.

   (b) The undersigned acknowledge that the BBBY Lease provides in relevant part in § 23.7 that "[i]n any action or proceeding hereunder . . . the prevailing party shall be entitled to recover from the other party the prevailing party's reasonable costs and expenses in such action or proceeding, including reasonable attorneys' fees, costs and expenses." Accordingly, the undersigned hereby agree that, to the extent applicable, the Debtors shall pursue the reimbursement of attorneys' fees, costs, and expenses related to the Assignment Issues from the Landlord and/or grant Michaels standing to pursue such amounts from the Landlord. The undersigned hereby agree that to the extent any funds received from the Landlord shall be used to (i) reduce any amounts that Michaels may owe to the Debtors under this Agreement and/or (ii) reimburse Michaels for any amounts that Michaels has paid to the Debtors pursuant to this Agreement.

   (c) Michaels reserves the right to seek payment of its attorneys' fees, costs and expenses from the Landlord.

3. **Cooperation**

   (a) The undersigned hereby agree that the Debtors shall take all reasonable actions to cooperate with Michaels in all efforts and matters related to the full and final prosecution of the Assignment Issues.

   (b) The undersigned hereby agree that the Debtors shall provide Michaels all filings related to the Assignment Issues, including all pleadings or responses, no later than forty-eight hours prior to the applicable filing date in order for Michaels to provide input or comments to the Debtors.

4. **Confidentiality**

   (a) In addition to the terms under that certain *Confidentiality Agreement* dated January 17, 2023 by and among the Debtors and Michaels, the undersigned hereby agree that the terms of this Agreement shall be kept strictly confidential unless otherwise ordered by the Bankruptcy Court.

**5.** **Miscellaneous**

(b)   This Agreement together with those documents expressly referred to herein embody the complete agreement and understanding among the parties hereto and supersede and preempt any prior understandings, agreements or representations by or among the parties hereto, written or oral, that may have related to the subject matter hereof in any way.

(c)   The provisions of this Agreement may not be amended, modified or waived except with the prior written consent of each of the parties to this Agreement.

(d)   The headings to Sections of this Agreement are for convenience of reference only and shall not form part of or affect the meaning or interpretation of this Agreement.

(e)   EACH PARTY HERETO HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT, THE RELATED DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY WHETHER ARISING IN CONTRACT OR IN TORT OR OTHERWISE.

(f)   This Agreement may be executed simultaneously in two or more separate counterparts, any one of which need not contain the signatures of more than one party, but each of which shall be an original and all of which together shall constitute one and the same agreement binding on all the parties hereto.

(g)   This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Agreement.

(h)   References herein to "$" are to United States Dollars.

[*Signature Page Follows*]

If the foregoing correctly sets forth our understanding, please indicate your acceptance of the terms hereof by returning to us an executed counterpart hereof, whereupon this Agreement shall become a binding agreement between us.

Sincerely,

**MICHAELS STORES, INC.**

By: *Todd Powers* (DocuSigned by: 8F6014D847D845A...)
Name: Todd Powers
Tile: SVP – Real Estate and Development

Agreed and accepted to as of the date first above written by,

**BED BATH BEYOND, INC.**

By: _____
Name: _____
Title:  Authorized Signatory