## Exhibit 12

**Hobby Lobby's Emails Submitted to the Court**

**Rivero, Devin**

| | |
|---|---|
| **From:** | Hershey, Samuel |
| **Sent:** | Friday, September 29, 2023 8:47 PM |
| **To:** | Malone, Robert K.; Gross, Philip J. |
| **Cc:** | Rosen, Kenneth A.; Seymour, Mary E.; Pesce, Gregory; Baccash, Laura; Rivero, Devin |
| **Subject:** | RE: Bed Bath & Beyond, Inc., Case No. 23-13359 – Lease Auction – Request for Court Conference As Soon as Possible |

Hi Robert,

Following up on this.  We are happy to discuss.

Best,
Sam

**Samuel P. Hershey**  | Partner
**T**  +1 (212) 819-2699    **M**  +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095
**WHITE & CASE**

---

**From:** Hershey, Samuel
**Sent:** Thursday, September 28, 2023 10:00 PM
**To:** 'Malone, Robert K.' <RMalone@gibbonslaw.com>; Gross, Philip J. <PGross@lowenstein.com>
**Cc:** Rosen, Kenneth A. <krosen@lowenstein.com>; Seymour, Mary E. <mseymour@lowenstein.com>; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Rivero, Devin <devin.rivero@whitecase.com>
**Subject:** RE: Bed Bath & Beyond, Inc., Case No. 23-13359 – Lease Auction – Request for Court Conference As Soon as Possible

Hi Robert,

Your email to the Court today raises the question whether there were communications between Qualified Bidders Hobby Lobby (either its principals or representatives), on the one hand, and the Landlord (either its principals or representatives, including its managing agent, Brookfield Properties Retail, Inc.), on the other hand, regarding the auction that occurred yesterday. I would appreciate your confirming by close of business tomorrow (1) whether such communications occurred, (2) the nature of such communications (parties involved, oral or written, etc.) and (3) the general content of those communications. We would also appreciate your confirming whether there is currently any contract or agreement (whether executed or under negotiation) between Hobby Lobby and the Landlord in connection with Hobby Lobby's bid at yesterday's auction.

We appreciate your prompt response and are available to discuss.

Best,
Sam

**Samuel P. Hershey**  | Partner
**T**  +1 (212) 819-2699    **M**  +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095
**WHITE & CASE**

**From:** Malone, Robert K. <RMalone@gibbonslaw.com>
**Sent:** Thursday, September 28, 2023 3:31 PM
**To:** Gross, Philip J. <PGross@lowenstein.com>; chambers_of_mbk@njb.uscourts.gov;
chambers_of_VFP@njb.uscourts.gov
**Cc:** rebecca_earl@njb.uscourts.gov; Juan_Filgueiras@njb.uscourts.gov; Rosen, Kenneth A. <krosen@lowenstein.com>;
Seymour, Mary E. <mseymour@lowenstein.com>; Pesce, Gregory <gregory.pesce@whitecase.com>; Hershey, Samuel
<sam.hershey@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Rivero, Devin
<devin.rivero@whitecase.com>; WGyves@KelleyDrye.com; KElliott@KelleyDrye.com; PWeintraub@KelleyDrye.com;
Robert L. Lehane <rlehane@kelleydrye.com>; ross.fiedler@kirkland.com; emily.geier@kirkland.com;
MSirota@coleschotz.com; WUsatine@coleschotz.com; dbass@coleschotz.com; bsandler@pszjlaw.com;
rfeinstein@pszjlaw.com; cdale@proskauer.com; MVolin@proskauer.com
**Subject:** RE: Bed Bath & Beyond, Inc., Case No. 23-13359 – Lease Auction – Request for Court Conference As Soon as
Possible
**Importance:** High

Dear Judges Kaplan and Papalia:

We are in receipt of the most recent missives sent last evening by Laura Baccash of White & Case to the parties
and now this afternoon, by Philip Gross of Lowenstein, co-counsel for Michael's the losing bidder to the Court
in connection with the Bed Bath & Beyond Lease for the store located in the Pinnacle Hills Shopping Center
located in Rogers, Arkansas.  Unfortunately, because of the spurious and totally unsubstantiated allegations of
"collusive bidding" made by Michael's through its co-counsel, we feel compelled to provide the Court  with this
brief response and objection to the request for a chambers conference and adjournment of the October 3rd Sale
Hearing.

After several rounds of bidding yesterday afternoon, the Debtors, along with the consultation parties, found
Hobby Lobby to have made the "highest & best offer" at $2.1 million. The auction held yesterday was
consistent with the Bidding Procedures and subsequent guidance provide by the Court during the Chambers
Conference held this past Tuesday September 26th . At the outset of the auction, the Debtors through its counsel
stated on the record that there were only two (2) Qualified Bids-- Hobby Lobby and Michael's and that the
bidding would be opened at the $1.7 million which was the last offer received from Hobby Lobby. Consistent
with section L of the Lease Sale Procedures Orders quoted by Michael's co-counsel in its email found below,
there were absolutely no communications whatsoever between Hobby Lobby and Michael's, both competitors
in the arts & crafts retail space who were the only Qualified Bidders who participated in the auction for the
Rogers, Arkansas Lease.

Michael's now contends that in addition to its unsubstantiated allegations of "collusive bidding"  that it also had
the "highest & best offer" at $2.05 million because it was also adding a "credit bid" by waiving what can only
be categorized  at best as a specious claim for "substantial contribution" under section 503 of the Bankruptcy
Code of approximately $1.0 million.  This is the figure that during Tuesday's chambers conference Michael's
counsel claimed to have incurred in fees in connection with the bidding for the Rogers, Arkansas Lease. It
should be noted that from the onset, Michael's  was never recognized as a "stalking horse" bidder as part of the
approval of the bid procedures and never sought bidding protections in the form of "expense reimbursement"
from this Court.

Accordingly, Hobby Lobby objects to any adjournment of the sale hearing. It should be noted that there has
been no request by the Debtors, the Creditors' Committee or Hobby Lobby for an adjournment. Simply stated,
Michael's  does not have the requisite standing to insist on either an adjournment of the hearing presently
scheduled for Tuesday, October 3rd at 2:00 pm or for the reason it claims that it now needs to engage in any
"discovery". It should be noted that during Tuesday's chambers conference call, no one, including both counsel
for Michael's who participated in the chambers conference call, voiced any objection to proceeding on Tuesday,

October 3rd . Now after it has not prevailed as the winning bidder and the Debtors' have exercised their business judgment to accept the Hobby Lobby bid as the "highest & best offer", Michael's seeks to act as a "spoiler" in its vain attempt set aside this auction which it agreed to participate in during the Tuesday chambers conference.

Therefore, for at least the reasons set forth above, Hobby Lobby does not see the need for a chambers conference as requested by counsel for Michael's and respectfully request that the sale hearing proceed as presently scheduled on October 3rd. Thank you

Respectfully yours,


**ROBERT K. MALONE** | Director
Chair, Financial Restructuring & Creditors' Rights Group
**t:** 973-596-4533 | **c:** 201-407-6235 | **f:** 973-639-6357
rmalone@gibbonslaw.com | bio | vCard

**Gibbons P.C.** | One Gateway Center | Newark, NJ 07102-5310
**m:** 973-596-4500 | **f:** 973-596-0545 | office | map



gibbonslaw.com | gibbonslawalert.com 

---

**From:** Gross, Philip J. <PGross@lowenstein.com>
**Sent:** Thursday, September 28, 2023 12:29 PM
**To:** chambers_of_mbk@njb.uscourts.gov; chambers_of_VFP@njb.uscourts.gov
**Cc:** rebecca_earl@njb.uscourts.gov; Juan_Filgueiras@njb.uscourts.gov; Rosen, Kenneth A. <krosen@lowenstein.com>; Seymour, Mary E. <mseymour@lowenstein.com>; gregory.pesce@whitecase.com; sam.hershey@whitecase.com; laura.baccash@whitecase.com; devin.rivero@whitecase.com; Malone, Robert K. <RMalone@gibbonslaw.com>; WGyves@KelleyDrye.com; KElliott@KelleyDrye.com; PWeintraub@KelleyDrye.com; Robert L. Lehane <rlehane@kelleydrye.com>; ross.fiedler@kirkland.com; emily.geier@kirkland.com; MSirota@coleschotz.com; WUsatine@coleschotz.com; dbass@coleschotz.com; bsandler@pszjlaw.com; rfeinstein@pszjlaw.com; cdale@proskauer.com; MVolin@proskauer.com
**Subject:** Bed Bath & Beyond, Inc., Case No. 23-13359 – Lease Auction – Request for Court Conference As Soon as Possible
**Importance:** High

Dear Chief Judge Kaplan and Judge Papalia,

As the Court is aware, White & Case LLP and Lowenstein Sandler LLP serve as co-counsel to Michaels Stores, Inc. ("Michaels") in the above-captioned Chapter 11 proceedings.

As the Court is further aware, the Debtors held a continued auction yesterday, September 27, 2023, for the sale and assignment of the Debtors' lease in Rogers, AR (the "Lease"). At the conclusion of the auction, the Debtors (in consultation with the Consultation Parties) selected the allegedly "Qualified Bid" (as defined in the Lease Sale Procedures Order [Docket No. 422]) from Hobby Lobby Stores, Inc. as the Successful Bid (for $2.1 million in cash consideration) and the Qualified Bid from Michaels (which bid was for $2.05 million in cash consideration, plus a waiver of its substantial contribution claims) as the Backup Bid (as defined in the Lease Sale Procedures Order).

Michaels objected on the record at the auction because Michaels believes that the auction was not conducted in accordance with the Lease Sale Procedures Order. Among other things, ==section L of the Lease Sale Procedures Orders==

required that "Qualified Bidders shall disclose to the Debtors all communications with other Qualified Bidders following the submission of a Qualified Bid until the sale of the Lease Assets is consummated."

The Debtors failed to require such disclosures from all Qualified Bidders, including Pinnacle Hills, LLC ("Pinnacle," and together with any affiliates of Pinnacle, and its managing agent, Brookfield Properties Retail, Inc., collectively, the "Landlord") and Hobby Lobby Stores, Inc. ("Hobby Lobby").  During the auction yesterday, Debtors' counsel admitted that no such communications had been disclosed to the Debtors by Landlord or Hobby Lobby regarding a proposal for the Lease as part of the auction today.  This is despite the evidence attached to Michaels' letter dated September 22, 2023 previously submitted to the Court evidencing that Landlord and Hobby Lobby have previously engaged in discussions since June regarding the Lease.

As such, Michaels intends to object to the sale and assignment of the Lease on a limited basis, and is entitled as a matter of due process to seek limited and targeted discovery regarding the following:

1.  The Debtors' implementation of the Lease Sale Procedures Order subsequent to the August 30 hearing, including any communications regarding same between the Debtors and the Landlord and Hobby Lobby, and their respective counsel; and

2.  Compliance of the Landlord and Hobby Lobby with section L of the Lease Sale Procedures Order and evidence regarding collusive bidding.

    a.  Specifically, exhibits attached to Michaels' prior letter to the Court dated September 22, 2023 revealed evidence that Landlord and Hobby Lobby engaged in direct communications regarding the Lease, and the possibility that Landlord offered Hobby Lobby other incentives to induce Hobby Lobby's increased bidding price. Accordingly, Hobby Lobby and Landlord should disclose and share copies of all documents and communications (including emails and text messages) between Hobby Lobby and Landlord that occurred after the sale hearing on August 30, 2023, including regarding (i) the Lease, Michaels, or bidding for the Lease, (ii) the current lease agreement between Hobby Lobby and Landlord related to the Rogers, Arkansas premises (including all amendments or modifications (or proposed modifications)), and (iii) the entry into or modification of any arrangement or agreement, including lease agreements anywhere in the country, for any rent abatements, concessions, consideration, accommodations, or any other transfer of value from Landlord to Hobby Lobby or vice versa.

3.  Depending on what the above limited discovery reveals, Michaels reserves the right to take 1 or 2 depositions.

To that end, Michaels requested last night that the Debtors consensually agree to a short adjournment of the sale and assignment hearing from this Tuesday, October 3, 2023 until Friday, October 13, 2023, to allow Michaels sufficient time to conduct the targeted discovery required and to brief the specific issues raised immediately prior and during the auction.

However, as of now, Michaels has not received any response to this request.  Accordingly, Michaels would respectfully request the Court please schedule a conference as soon as possible to discuss this modest adjournment of the sale hearing to October 13, 2023 (and related objection deadline, which we would respectfully request be extended to October 11th) and the discovery issues noted above.

Thank you,

Ken Rosen

**Kenneth A. Rosen, Esq.**
Of Counsel

Chair Emeritus, Bankruptcy & Restructuring Department
Lowenstein Sandler LLP

T: (973) 597-2548
M: (973) 493-4955

  



**Philip J. Gross**
Counsel
Lowenstein Sandler LLP

T: (973) 597-6246
M: (718) 637-3402

  



This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.

**Disclaimer**
The contents of this message, together with any attachments, may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please do not read this message or any attachments and please notify me immediately by reply e-mail or call Gibbons P.C. at 973-596-4500 and delete this message, along with any attachments, from your computer.