**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**MCELROY, DEUTSCH, MULVANEY**
 **& CARPENTER, LLP**
Jeffrey Bernstein, Esq.
570 Broad Street, Suite 1401
Newark, NJ 07102
Telephone: (973) 622-7711
E-mail: jbernstein@mdmc-law.com
       -AND-
Lawrence J. Hilton, Esq. (admitted *pro hac vice*)
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
E-mail: lhilton@onellp.com

*Attorneys for HRTC I, LLC*

In re:

BED BATH & BEYOND INC., *et al.*,[1]

Debtors.

Chapter 11
(Jointly Administered)

Case No. 23-13359 (VFP)

## MOTION OF HRTC I, LLC FOR LEAVE TO FILE A LATE ADMINISTRATIVE CLAIM

HRTC I, LLC ("HRTC I") moves for allowance to file a late administrative claim for post-petition rent under an unexpired lease for the time period from the Petition Date through July 31, 2023, the date on which the lease was rejected by the Debtors. As set forth below, HRTC I believes cause exists to grant the relief under 11 U.S.C. section 503(a) and respectfully states the following:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

## I    FACTUAL AND PROCEDURAL BACKGROUND

1. On April 24, 2023 ("Petition Date"), each of the above-captioned debtors ("Debtors.")[2] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code.")

2. As of the Petition Date, the Debtor and HRTC I were parties to an unexpired lease for the premises located at 9315 Dorchester, Highlands Ranch, CO (the "HRTC I Lease.")

3. HRTC I's lead counsel, ONE LLP ("Lead Counsel"), through local counsel, submitted an Application for Lawrence J. Hilton to Appear Pro Hac Vice in this case on June 23, 2023 [Doc. 930] and that Application was granted by order dated July 6, 2023 [Doc. 1226].

4. HRTC I's Lead Counsel received and reviewed the Court's Order Setting Bar Dates [Doc. 584] (the "Bar Date Order") within one or two days after it was entered on May 31, 2023. (*Declaration of Lawrence J. Hilton* ("Hilton Decl.") ¶ 3.) Lead Counsel forwarded the Bar Date Order to the firm's paralegal staff for calendaring. (*Id.*) Staff properly updated the calendar to reflect the General Claims Bar Date and the Rejection Damages Bar Date for claims based on the rejection of executory contracts and unexpired leases. (*Id.*)

5. HRTC I's Lead Counsel timely filed two proofs of claim in this case. First, on July 6, 2023, Lead Counsel filed a proof of claim for a prepetition claim on behalf of Ocean Ranch II, an affiliate of HRTC I. (Hilton Decl. ¶ 4, Exhibit 1.) Second, on September 14, 2023, Lead Counsel filed a claim based on the Debtor's rejection of HRTC I's Lease. (*Id.* Exhibits 2, 3.)

---

[2] 1 The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

6. However, the bar dates for administrative claims, including the date applicable to "counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected" (July 21, 2023) did not get calendared. (Hilton Decl. ¶ 5.) The reason is because the Lead Counsel failed to note the date when he reviewed the Bar Date order and when he forwarded the order to staff he did not properly instruct staff on how to calendar the administrative claims bar date which, at the time, was not a confirmed date but rather was dependent on future events, i.e., whether the HRTC I Lease would be assumed, assumed and assigned, or rejected. (*Id*.) Lead Counsel takes full responsibility for the error and the firm has implemented new procedures to ensure that the issue does not recur. (*Id*.)

7. The calendaring problem was limited to the single issue related to administrative rent claims. The Lead Counsel's firm properly calendared the dates related to the lease auction procedures. Anticipating the potential assumption of the HRTC I Lease, Lead Counsel, through local counsel, filed a Limited Objection to Cure Amount [Doc. 935] on June 23, 2023. (Hilton Decl. ¶ 6.)

8. On July 1, 2023, the Debtors filed their NOTICE OF (I) PHASE 2 LEASE AUCTION AND POTENTIAL LEASE SALE HEARING AND (II) EXTENSION OF DATES AND DEADLINES RELATED THERETO [Doc. 1162]. HRTC I's Lease was listed as one of the leases subject to the Phase 2 Lease Auction. (*Id*. at 21.)

9. HRTC I's lease was not assumed or assumed and assigned through the lease auction process. On July 26, 2023, Lead Counsel received notice that the HRTC I lease had been rejected effective on July 31, 2023 (the "Rejection Date"). [Doc. 1537]. (Hilton Decl. ¶ 8.)

3

10. Due to the Lead Counsel's failure to provide proper instruction for calendaring the July 21, 2023 bar date, he mistakenly believed that no bar date had yet been set for submission of administrative rent claims. (Hilton Decl. ¶ 9.)

11. On September 14, 2023, Lead Counsel filed the lease rejection claim for HRTC I. The schedule attached to the claim included the following reference to an anticipated administrative claim and set forth the amount and bases for calculating the claim:

> HRTC I will file a claim for administrative rent for the period from the Petition Date through the Lease Rejection/Surrender date. That claim will seek the following amounts:
>
> 1. Base Rent: 99 days x ($264,500 ÷ 365) = $71,741
> 2. Cam charges: 99 days x ($69,972 ÷ 365) = $18,979
> 3. Real Estate Taxes: 99 days x ($118,912 ÷ 365) = $32,253

(Hilton Decl. Exh. 3.)

12. In the process of preparing the Administrative Claim on September 28, 2023, Lead Counsel discovered that the July 21, 2023 bar date had been missed. Lead Counsel immediately began preparing this Motion and Declaration. (Hilton Decl. ¶ 10.)

## II. BASIS FOR RELIEF REQUESTED

13. Section 503(a) of the Bankruptcy Code provides that an entity may "tardily file" a request for payment of an administrative expense "if permitted by the court for cause." 11 U.S.C. § 503(a). Many courts apply the "excusable neglect" standard under Rule 9006(b)(1) in determining whether "cause" exists under section 503(a). Fed. R. Bankr. P. 9006. *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW), 2021 Bankr. LEXIS 1980, at *4 (Bankr. D. Del. July 27, 2021) ("*Bluestem*") (citing *In re AMF Bowling Worldwide, Inc.*, 520 B.R. 185, 196 (Bankr. E.D. Va. 2014); *In re Bridgeview Aerosol, LLC*, No. 09 B 41021, 2010 Bankr. LEXIS 1905, 2010 WL 2465401, at *2 (Bankr. N.D. Ill. June 16, 2010).The Supreme Court expanded the concept of

4

"excusable neglect" in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Rule allows for extensions due to "neglect," and that word "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388. The *Pioneer* Court concluded that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395 (footnote omitted).

14. Factors a court should consider in deciding whether neglect is excusable include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. These factors weigh in favor of granting the Motion. In evaluating the first factor, prejudice to the Debtors, courts are instructed to consider several relevant factors, including:

> (i) whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated, (ii) whether the payment of the claim would force the return of amounts already paid out under the confirmed plan or affect the distribution to creditors; (iii) whether payment of the claim would jeopardize the success of the debtor's reorganization; (iv) whether allowance of the claim would adversely impact the debtor actually or legally; and (v) whether allowance of the claim would open the floodgates to other future claims.

*In re Energy Future Holdings Corp.*, 619 B.R. 99, 110 (Bankr. D. Del. 2020).

15. These factors support granting the Motion. The Debtor was not caught unaware of the claim, as it was fully aware of its own occupation of the Leased Premises from the Petition Date through the Rejection Date. Moreover, the size of the claim, while not insubstantial, will not have any measurable impact on distributions to creditors, or the success of the reorganization. And based on the Debtor's most recent Monthly Operating Report [Doc. 2198], it does not appear that the Debtor has begun make payments to (non-professional) administrative claimants.

16. The second factor, length of delay, also favors granting the Motion. The Motion was filed 73 days after the July 21, 2023 bar date, but as noted, HRTC I's rejection claim filed on September 14, 2023, specifically referenced the pending administrative claim and stated the amount and bases of the proposed claim. (Hilton Decl. Exh. 3.) *See Bluestem* at *8 ("The Court finds that the length of delay of two to five months between the Administrative Claims Bar Date and the filing of the Vendors' Motions is not sufficient to warrant denying them. The Court notes that the claims reconciliation process is still ongoing and distributions to creditors have not begun.")

17. The third factor, the reason for the delay and whether it was within the movant's control, also supports granting the Motion. HRTC I's Lead Counsel admit that they inadvertently failed to properly calendar the administrative claims bar date and explained the reasons for that error. (Hilton Decl. ¶5.) However, that error was an isolated one, as Lead Counsel did properly calendar the bar dates for prepetition claims and for lease rejection claims, and timely filed two such claims. Lead Counsel also properly calendared dates related to the lease auction process and timely filed an objection to the proposed lease cure amount. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392 (footnotes omitted) (emphasis added).

18. Finally, there is no evidence that HRTC I was acting in bad faith. HRTC I did not attempt to deceive or delay the claims proceeding. HRTCI I's Lead Counsel has actively participated in the case and has otherwise fully complied with applicable bar dates and other

6

deadlines, such as the deadline to object to lease cure amounts. And HRTC I filed this Motion within two business days of discovering the missed bar date. (Hilton Decl. ¶1.)

19. Based on the foregoing, the Motion should be granted. "[T]he lack of any [alleged or demonstrated] prejudice to the [Debtors] or to the interests of efficient judicial administration, combined with the good faith of [the claimants] and counsel, weigh strongly in favor of permitting the tardy claim[s]." *Bluestem* at *10 (quoting *Pioneer*, 507 U.S. at 397-98.)

## CONCLUSION

For the reasons set forth above, HRTC I asserts that cause exists to allow HRTC I to tardily file its administrative rent claim. HRTC I requests permission to file its administrative claim through filing an amended proof of claim which includes the administrative portion, in a form substantially similar to Exhibit 4 attached to the Hilton Declaration and for such further and other relief as this Court deems just.

Dated: October 2, 2023

Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP**

*/s/ Jeffrey Bernstein*
Jeffrey Bernstein, Esq.
570 Broad Street, Suite 1401
Newark, NJ 07102
Telephone: (973) 565-2183
Facsimile: (973) 622-5314
E-mail: jbernstein@mdmc-law.com

-and-

Lawrence J. Hilton, Esq. (admitted *pro hac vice*)
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
E-mail: lhilton@onellp.com
*Attorneys for HRTC I, LLC*