| | |
|---|---|
| **THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** Jeffrey Bernstein, Esq. 570 Broad Street, Suite 1401 Newark, NJ 07102 Telephone: (973) 622-7711 E-mail: jbernstein@mdmc-law.com - AND - Lawrence J. Hilton, Esq. (admitted *pro hac vice*) **ONE LLP** 23 Corporate Plaza, Suite 150-105 Newport Beach, CA 92660 Telephone: (949) 502-2870 E-mail: lhilton@onellp.com  *Attorneys for HRTC I, LLC* | |
| In re:  BED BATH & BEYOND INC., *et al*.,[1]  Debtors. | Chapter 11 (Jointly Administered)  Case No. 23-13359 (VFP) |

## DECLARATION OF LAWRENCE J. HILTON, ESQ. IN SUPPORT OF THE MOTION OF HRTC I, LLC FOR LEAVE TO FILE A LATE ADMINISTRATIVE CLAIM

I, Lawrence J. Hilton, declare as follows:

1. I am a partner at the law firm of One LLP, counsel for the movant, HRTC I, LLC and its affiliate, Ocean Ranch II, LLC in this matter. I have personal knowledge of the following facts stated herein and, if called as a witness, I could and would competently testify thereto.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

2.  I submitted an Application to Appear Pro Hac Vice in this case on June 23, 2023 [Doc. 930] and that Application was granted by order dated July 6, 2023 [Doc. 1226].

3.  I received and reviewed the Court's Order Setting Bar Dates [Doc. 584] (the "Bar Date Order") within one or two days after it was entered on May 31, 2023.  I forwarded the Bar Date Order to the firm's paralegal staff for calendaring.  Staff properly updated the calendar to reflect the General Claims Bar Date and the Rejection Damages Bar Date for claims based on the rejection of executory contracts and unexpired leases.

4.  My office timely filed two proofs of claim in this case.  First, on July 6, 2023, my office filed a proof of claim for a prepetition claim on behalf of Ocean Ranch II, an affiliate of HRTC I.  A true and correct copy of the Ocean Ranch II proof of claim is attached hereto as **Exhibit 1.**  Second, on September 14, 2023, my office filed a claim based on the Debtor's rejection of HRTC I's Lease.  A true and correct copy of the HRTC I proof of claim is attached hereto as **Exhibit 2**, and an excerpt from the voluminous exhibits to the proof of claim is attached hereto as **Exhibit 3**.

5.  However, the bar dates for administrative claims, including the date applicable to "counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected" (July 21, 2023) did not get calendared.  The reason is because I did not note the date when I reviewed the Bar Date order.  When I forwarded the order to staff, I did not properly instruct staff on how to calendar the administrative claims bar date which, at the time, was not a confirmed date but rather was dependent on future events, i.e., whether the HRTC I Lease would be assumed, assumed and assigned, or rejected.  I take full responsibility for the error and the firm has implemented new procedures to ensure that the issue does not recur.

6. The calendaring problem was limited to the single issue related to administrative rent claims. The firm properly calendared the dates related to the lease auction procedures. Anticipating the potential assumption of the HRTC I Lease, my office filed a Limited Objection to Cure Amount [Doc. 935] on June 23, 2023.

7. On July 1, 2023, the Debtors filed their NOTICE OF (I) PHASE 2 LEASE AUCTION AND POTENTIAL LEASE SALE HEARING AND (II) EXTENSION OF DATES AND DEADLINES RELATED THERETO [Doc. 1162]. HRTC I's Lease was listed as one of the lease subject to the Phase 2 Lease Auction. (*Id*. at 21.)

8. HRTC I's lease was not assumed or assumed and assigned through the lease auction process. On July 26, 2023, my office received notice that the HRTC I lease had been rejected. [Doc. 1537].

9. Due to my failure to provide proper instruction for calendaring the July 21, 2023 bar date, I mistakenly believed that no bar date had yet been set and, on September 14, 2023, my office filed the lease rejection claim for HRTC I. The schedule attached to the claim included the following reference to an anticipated administrative claim and set forth the amount and bases for calculating the claim:

> HRTC I will file a claim for administrative rent for the period from the Petition Date through the Lease Rejection/Surrender date. That claim will seek the following amounts:
>
> 1. Base Rent: 99 days x ($264,500 ÷ 365) = $71,741
> 2. Cam charges: 99 days x ($69,972 ÷ 365) = $18,979
> 3. Real Estate Taxes: 99 days x ($118,912 ÷ 365) = $32,253

(Exh. 3.)

10. In the process of preparing the Administrative Claim on September 28, 2023, I discovered that my office had missed the July 21, 2023 bar date. I immediately began preparing

Case 23-13359-VFP    Doc 2397-1    Filed 10/02/23    Entered 10/02/23 18:51:01    Desc
Declaration of Lawrence Hilton   Esq.    Page 4 of 4

4

this Motion and Declaration. A copy of the [Proposed] Amended Proof of Claim including the administrative rent claim is attached hereto as **Exhibit 4**.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2023 at Austin, Texas.

                                                   */s/ Lawrence J. Hilton*
                                                   Lawrence J. Hilton