# Exhibit 1

**United States Bankruptcy Court, District of New Jersey (Newark)**

**Fill in this information to identify the case (Select only one Debtor per claim form)**

| | | | |
|---|---|---|---|
| ☑ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Ocean Ranch II, LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Lawrence J. Hilton
One LLP
23 Corporate Plaza
Suite 150-105
Newport Beach
CA
92660

Contact phone  949-502-2870
Contact email  lhilton@onellp.com

Where should payments to the creditor be sent? (if different)

c/o Tim Sullivan
Shea Properties
130 Vantis
Suite 200
Aliso Viejo
CA
92656

Contact phone  949-389-7261
Contact email  tim.sullivan@sheaproperties.com

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known)_____

Filed on ____ / ____ / ____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 16,629.10 . Does this amount include interest or other charges?

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money owed under real property lease

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                    $_____

**Amount of the claim that is secured:**        $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ 0

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. | **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No |
| | | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** $_____ |

| 14. | **Is all or part of the claim being asserted as an administrative expense claim?** | ☑ No |
| | | ☐ Yes. **Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred:** |

|  | ☐ **On or prior to June 27, 2023:** | $_____ |
|  | ☐ **After June 27, 2023:** | $_____ |
|  | **Total Administrative Expense Claim Amount:** | $_____ |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

07/06/2023

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | Lawrence J. Hilton | | |
| | First name | Middle name | Last name |
| Title | One LLP | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 23 Corporate Plaza | | |
| | Suite 150-105 | | |
| | Newport Beach | CA | 92660 |
| | Number     Street / City | State | ZIP Code |
| Contact phone | 949-502-2870 | Email | lhilton@onellp.com |

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:

City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☑ Yes
☐ No

-------------------------------------------------------------------------------------------------------------

Attachment Filename:

20230706 - Ocean Ranch II, LLC - Proof of Claim Form with Exhibits.pdf

**KROLL**

Electronic Proof of Claim Confirmation:  3335-1-NRGYX-562602855

Claim Electronically Submitted on (UTC) :  2023-07-06T18:28:42.115Z

Submitted by: Ocean Ranch II, LLC
lthomas@onellp.com

**KROLL**

# Exhibit 2

# United States Bankruptcy Court, District of New Jersey (Newark)

**Fill in this information to identify the case (Select only one Debtor per claim form)**

| | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

HRTC I LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Lawrence J. Hilton
One LLP
23 Corporate Plaza, Suite 150-105

Newport Beach
CA
92660

Contact phone  949-502-2870
Contact email  lhilton@onellp.com

Where should payments to the creditor be sent? (if different)

c/o Kelly Cook
Shea Properties
8351 E Belleview Ave.
Suite 100
Denver
CO
80237

Contact phone  303-804-3900
Contact email  Kelly.Cook@sheaproperties.com

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known)_____    Filed on ____ / ____ / _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  6  1  4  1

**7. How much is the claim?**  $ 505,582.00  .  **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Rejection of real property lease; Store No. 838

_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                            $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:**  $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed
☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____165,956.00_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

| 14. **Is all or part of the claim being asserted as an administrative expense claim?** | ☑ No | |
| | ☐ Yes. **Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred:** | |
| | ☐ **On or prior to June 27, 2023:** | $_____ |
| | ☐ **After June 27, 2023:** | $_____ |
| | **Total Administrative Expense Claim Amount:** | $_____ |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

---

| Part 3: | Sign Below |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

09/14/2023

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | Lawrence James Hilton | | |
| | First name | Middle name | Last name |
| Title | One LLP | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 23 Corporate Plaza, Suite 150-105 | | |
| | Number   Street | | |
| | Newport Beach | CA | 92660 |
| | City | State | ZIP Code |
| Contact phone | 949-502-2870 | Email | lhilton@onellp.com |

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**
☑ Yes
☐ No

-------------------------------------------------------------------------------------------------------------

Attachment Filename:

HRTC I Rejection Claim POC with Exhs.pdf

**KROLL**

Electronic Proof of Claim Confirmation:  3335-1-KRGME-781652095

Claim Electronically Submitted on (UTC) :  2023-09-14T21:06:22.884Z

Submitted by:  HRTC I LLC
lthomas@onellp.com

**KROLL**

# Exhibit 3

## <u>HRTC I LEASE REJECTION CLAIM SUMMARY</u>

**<u>Applicable Bankruptcy Code Section</u>**

11 U.S.C. § 502(b) provides, in pertinent part:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

> . . . .

> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
> (i) the date of the filing of the petition; and
> (ii) the date on which such lessor repossessed or the lessee surrendered, the leased property; plus
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates . . . .

**<u>Relevant Dates:</u>**

1. Petition Date:  April 23, 2023 [Dkt. No. 1]
2. Lease Rejection/Surrender Date:  July 31, 2023 [Dkt. No. 1537]
3. End of Lease Term (Extended): January 31, 2025 [Exhibit 2]

**<u>Section 502(b)(6)(A) Rent Reserved From and After Petition Date:</u>**

1. <u>Base Rent:</u>  The base rent per year is $264,500 [Exhibit 2 § (b)].  Rent for the "the greater of one year, or 15 percent" of the remaining Lease term is therefore **<u>$264,500</u>**.

2. <u>Cam Charges:</u> Monthly estimated CAM charges are $5,831. Cam charges for "the greater of one year, or 15 percent" of the remaining Lease term following the Petition Date are therefore **$69,972**.

3. <u>Real Estate Taxes:</u> for 2023 = $841,850 x 14.125057% = $118,912 for the year, or **$82,049** from and after Petition Date. Taxes for 2024 = $858,687 x 14.125057% = $121,290 for the year, or **$37,217** for partial year through April 23, 2024.

4. Other tenant expenses reimbursable under Lease: (a) Signage Removal: **$1,520**; (b) Utilities for August 2023: **$1,357**; (c) 2022 CAM Reconciliation expense shortage of **$5,984**.

**Total Gross Future Rent:  $462,599** (sum of Paragraphs 1-4 above).

**<u>Section 502(b)(6)(B) Unpaid Rent Due as of Petition Date</u>**

Unpaid Rent due as of the Petition Date is **$165,956**. This amount is calculated as follows: (1) 2022 real estate tax liabilities of $125,575.38, based on the 2022 Tax Assessment of $131,598.57, plus February and April late fees totaling $1,672.36 ($836.18 each), less a 2021 Tax Refund in the amount of ($7,695.55); and (2) prorated 2023 real estate tax liabilities as of the Petition Date in the amount of $36,488, which are due and owing under the HRTC I Lease.

**Sum of Future Rent + Rent Due on Petition Date**:  $462,599 + $165,956 = **$628,555**

**<u>Deductions for Administrative Rent Claim</u>**

HRTC I will file a claim for administrative rent for the period from the Petition Date through the Lease Rejection/Surrender date. That claim will seek the following amounts:

1. Base Rent: 99 days x ($264,500 ÷ 365) = $71,741
2. Cam charges: 99 days x ($69,972 ÷ 365) = $18,979
3. Real Estate Taxes:  99 days x ($118,912 ÷ 365) = $32,253

**Total Deductions:  $122,973**

**<u>Total Adjusted Lease Rejection Claim Amount:</u>** $628,555 - $122,973 = **$505,582**

# Exhibit 4

**Fill in this information to identify the case:**

Debtor 1    BED BATH & BEYOND, INC.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of New Jersey

Case number  23-13359-VFP

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | HRTC I LLC |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No |
| --- | --- |
| | ☐ Yes.  From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | c/o Lawrence J. Hilton, One LLP | c/o Kelly Cook, Shea Properties |
| | Name | Name |
| | 23 Corporate Plaza, Suite 150-105 | 8351 E Belleview Ave, Ste 100 |
| | Number        Street | Number        Street |
| | Newport Beach    CA    92660 | Denver    CO    80237 |
| | City        State    ZIP Code | City        State    ZIP Code |
| | Contact phone 949-502-2870 | Contact phone 303-804-3900 |
| | Contact email lhilton@onellp.com | Contact email Kelly.Cook@sheaproperties.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| 4. Does this claim amend one already filed? | ☐ No |
| --- | --- |
| | ☑ Yes.  Claim number on court claims registry (if known) 3335-1-KRGME-781652095  Filed on 09/14/2023 |
| | MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| --- | --- |
| | ☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  6  1  4  1

**7. How much is the claim?**

$_____505,582.00. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Rejection of real proprty lease; Store No. 838

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____165,956.00

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | | Amount entitled to priority |
|---|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $ _____

☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies.    $ _____122,973.00

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    10/01/2023
                     MM / DD / YYYY

/s/ Lawrence J. Hilton
_____
Signature

Print the name of the person who is completing and signing this claim:

Name    Lawrence J. Hilton
         First name         Middle name              Last name

Title    Attorney for Creditor HRTC I LLC

Company  One LLP
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  23 Corporate Plaza, Suite 150-105
         Number        Street
         Newport Beach                      CA          92660
         City                               State       ZIP Code

Contact phone    949-502-2870              Email   lhilton@onellp.com

# EXHIBIT 1

## HRTC I AMENDED CLAIM SUMMARY

**A.**    **LEASE REJECTION CLAIM**

**Applicable Bankruptcy Code Section**

11 U.S.C. § 502(b) provides, in pertinent part:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

> . . . .

> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
> (i) the date of the filing of the petition; and
> (ii) the date on which such lessor repossessed or the lessee surrendered, the leased property; plus
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates . . . .

**Relevant Dates:**

1. Petition Date:  April 23, 2023 [Dkt. No. 1]
2. Lease Rejection/Surrender Date:  July 31, 2023 [Dkt. No. 1537]
3. End of Lease Term (Extended): January 31, 2025 [Exhibit 2]

**Section 502(b)(6)(A) Rent Reserved From and After Petition Date:**

1. Base Rent:  The base rent per year is $264,500 [Exhibit 2 § (b)].  Rent for the "the greater of one year, or 15 percent" of the remaining Lease term is therefore **$264,500**.

2. Cam Charges:  Monthly estimated CAM charges are $5,831.  Cam charges for "the greater of one year, or 15 percent" of the remaining Lease term following the Petition Date are therefore **$69,972**.

3. Real Estate Taxes: for 2023 = $841,850 x 14.125057% = $118,912 for the year, or **$82,049** from and after Petition Date.  Taxes for 2024 = $858,687 x 14.125057% = $121,290 for the year, or **$37,217** for partial year through April 23, 2024.

4. Other tenant expenses reimbursable under Lease: (a) Signage Removal: **$1,520**; (b) Utilities for August 2023: **$1,357**; (c) 2022 CAM Reconciliation expense shortage of **$5,984**.

**Total Gross Future Rent:  $462,599** (sum of Paragraphs 1-4 above).

**Section 502(b)(6)(B) Unpaid Rent Due as of Petition Date**

Unpaid Rent due as of the Petition Date is **$165,956**.  This amount is calculated as follows: (1) 2022 real estate tax liabilities of $125,575.38, based on the 2022 Tax Assessment of $131,598.57, plus February and April late fees totaling $1,672.36 ($836.18 each), less a 2021 Tax Refund in the amount of ($7,695.55); and (2) prorated 2023 real estate tax liabilities as of the Petition Date in the amount of $36,488, which are due and owing under the HRTC I Lease.

**Sum of Future Rent + Rent Due on Petition Date**:  $462,599 + $165,956 = **$628,555**

**Total Adjusted Lease Rejection Claim Amount:**  $628,555 - $122,973[1] = **$505,582**

---

[1] Deduction for Administrative Rent Claim set forth in Section B.

**B.**    **ADMINISTRATIVE RENT CLAIM**

HRTC I asserts a claim for administrative rent for the period from the Petition Date through the Lease Rejection/Surrender date.  That consists of the following amounts:

1. Base Rent: 99 days x ($264,500$^2$ ÷ 365) = $71,741
2. Cam charges: 99 days x ($69,972 ÷ 365) = $18,979
3. Real Estate Taxes:  99 days x ($118,912 ÷ 365) = $32,253

**Total Claim:  $122,973**

**Authority**

Postpetition lease obligations may be allowed as an administrative claim under either 11 U.S.C. § 503(b)(1) or 11 U.S.C. § 365(d)(3).  To prevail under § 503(b)(1), a lessor must show the claims were "actual, necessary costs and expenses of preserving the estate," which means they "must benefit the estate as a whole."  A proceeding under § 365(d)(3), by comparison, can be much more expedient.  It avoids the more rigorous § 503(b)(1) analysis and instead requires "the trustee to perform obligations as they become due under the terms of the lease" regardless of their benefit—or detriment—to the estate.  To qualify as an administrative expense under § 365(d)(3), the obligations must satisfy two temporal requirements. They must arise "from or after the order for relief," and the duty continues "until such lease is assumed or rejected[.]"  *Hertz Gateway Ctr., L.P. v. KDA Grp., Inc. (In re KDA Grp., Inc.)*, 574 B.R. 556, 558-59 (Bankr. W.D. Pa. 2017) (footnotes omitted).

HRTC I's claim indisputably meets the standard under Section 365(d)(3), as it seeks rent pursuant to the terms of the HRTC I Lease from the Petition Date through the Rejection Date.  And it meets the standard under Section 503(b)(1) as well, as the Debtor's continued possession and operation at the leased premises clearly benefited the estate.

---

$^2$ See Second Amendment to Lease Agreement, Schedule A para. (b) ("Tenant shall pay fixed Rent during the Extension Term as follows: . . . for the period commencing on August 1, 2022 and ending on January 231, 2025 at the rate of $264,500.00 per year."

# EXHIBIT 2

## SECOND AMENDMENT TO LEASE AGREEMENT

THIS SECOND AMENDMENT TO LEASE AGREEMENT (*"Modification"*), dated as of the *14th* day of *OCTOBER*, 2019 (*"Modification Date"*) by and between HRTC I LLC, a Colorado limited liability company (*"Landlord"*), having an office c/o Shea Properties 6380 S. Fiddlers Green Circle, Suite 400, Greenwood Village, Colorado 80111 and BED BATH & BEYOND INC., a New York corporation (*"Tenant"*), having an office at 650 Liberty Avenue, Union, New Jersey 07083.

### W I T N E S S E T H :

WHEREAS, Landlord and Tenant are parties to that certain Lease Agreement dated as of May 24, 2004 (as amended and/or modified thereafter, the *"Lease"*), with respect to premises (*"Premises"*) located at the Highlands Ranch Town Center in Highlands Ranch, Colorado (*"Shopping Center"*); and

WHEREAS, Landlord and Tenant desire to modify the Lease on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Modification and other valuable consideration, receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      The recitals hereinabove set forth are incorporated into this Modification by this reference.  Capitalized terms used, but not defined herein, shall have the meanings ascribed them in the Lease.

2.      Notwithstanding anything contained in the Lease to the contrary, Landlord and Tenant hereby agree that the modifications to the Term, Renewal Periods and/or Rent that are outlined in Schedule A hereto shall govern and control from and after the Modification Date.

3.      Notwithstanding anything contained in the Lease to the contrary, Landlord and Tenant hereby agree that the modifications to certain other terms and provisions of the Lease to the extent outlined in Schedule B hereto shall govern and control from and after the Modification Date.

4.      It is the policy of Tenant and its subsidiaries and affiliates (collectively, *"the Company"*) to conduct all its business transactions in accordance with the highest ethical standards and all applicable laws (including but not limited to the U.S. Foreign Corrupt Practices Act).  No individual who is employed by or who represents the Company, and no individual or entity that contracts with the Company or otherwise performs services on behalf of the Company, is permitted to solicit, accept, offer, promise or pay any bribe, kickback or any other improper payment of money, products or services.  This includes, but is not limited to, any improper payment in exchange for (i) the Company's execution of this Modification, (ii) any action taken by such individual on behalf of the Company, or (iii) any action taken by a third party.  If any such improper actions are observed, contact our Legal Department (Attention: General Counsel) at Tenant's notification address and/or by telephone at 908-688-0888, so that the incident may be fully investigated.

5.      Landlord and Tenant each warrant and represent to the other that they did not deal with any real estate broker in connection with the negotiation, execution and delivery of this Modification, except for Retail Consulting Services (*"Tenant's Broker"*).  Tenant shall pay any commission due to Tenant's Broker in connection with this Modification pursuant to a separate written agreement between Tenant and Tenant's Broker.  Each party agrees to indemnify, defend, and save the other harmless from and against any and all liabilities, costs, causes of action, damages and expenses, including, without limitation, attorneys' fees, with respect to or arising out of any claims made by any real estate broker, agent or finder (other than Tenant's Broker) with respect to this Modification in breach of the foregoing representation or claiming to have worked with the indemnifying party in connection with the Lease.  The provisions of this Section shall survive the expiration or earlier termination of the Lease.

6.      Landlord represents and warrants to Tenant that, as of the date hereof, no third-party consents or approvals (including, without limitation, with respect to easement agreements and/or any lender or beneficiary of a deed of trust) are required in order for the terms and provisions of this Modification to be in full force and effect or, if any such consent is required, Landlord has obtained same prior to its execution hereof.  The parties represent and warrant to each other that the person signing on behalf of either Landlord or Tenant, as the case may be, has the authority to do so and for this Modification to be deemed in full force and effect.

7.      Upon the request of either party following the execution and delivery of this Modification, Landlord and Tenant shall execute an amended/restated short form lease or memorandum for recording, which shall be in form and substance as reasonably acceptable to both parties.  In no event shall the amount of Rent or any other monetary terms hereof be included in any such short form lease or memorandum.  Further, after the expiration or earlier termination of the Lease, Tenant agrees, by no later than thirty (30) days after Landlord's request, to execute and deliver a termination of such short form lease or memorandum in recordable form and this obligation shall survive expiration or termination of the Lease.  Tenant shall record any such short form lease or memorandum at Tenant's expense.

8.      The terms and conditions of this Modification shall be binding upon, and inure to the benefit of Landlord and Tenant and their respective heirs, executors, administrators, successors and assigns.  Except as specifically amended hereby, the Lease is unmodified, is hereby ratified by the parties hereto and remains in full force and effect.  In the event of any conflict or inconsistency between the terms and provisions of the Lease and this Modification, the terms and provisions of this Modification shall govern and control.

9.      This Modification may be executed in one or more counterparts, each of which shall be an original for all purposes, but all of which taken together shall constitute only one Modification to Lease.  The transmission of an image of any signed original document will have the same binding effect as an original bearing an original signature.  No party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

[Signature Page to Follow]

SIGNATURE PAGE FOR
SECOND AMENDMENT TO LEASE AGREEMENT
BETWEEN
HRTC I, LLC
AND
BED BATH & BEYOND INC.

IN WITNESS WHEREOF, the parties hereto have executed this Modification to Lease as of the day and year first above written.

**LANDLORD:**

HRTC I, LLC,
a Colorado limited liability company

By:   SHEA PROPERTIES MANAGEMENT
      COMPANY, INC., ~~a Delaware~~ corporation, its
      Manager

By: _____
Name: _____PETER CULSHAW_____
Its: Assistant Secretary

By: _____
Name: _____AUTHORIZED AGENT_____
Its: A~~ssistant Secretary~~   AUTHORIZED AGENT

**TENANT:**

BED BATH & BEYOND INC.,
a New York corporation

By: _____
Name:  Susan E. Lattmann
Title:   Chief Administrative Officer

## SCHEDULE A

The Lease is hereby amended to reflect that:

(a)   The Term is hereby extended for the period commencing on February 1, 2020 and ending on January 31, 2025 (the *"Extension Term"*).

(b)   Tenant shall pay Fixed Rent during the Extension Term as follows:  (i) for the period commencing on February 1, 2020 and ending on July 31, 2022 at the rate of $253,000.00 per year; and (ii) for the period commencing on August 1, 2022 and ending on January 31, 2025 at the rate of $264,500.00 per year.

(c)   In addition to the extension of the Term of the Lease pursuant to the Extension Term as set forth in this Modification, Tenant shall continue to retain its right and option to further extend the Term for the three (3) remaining Renewal Periods set forth in Section 2.2.2 of the Lease, on the terms set forth therein and this Modification.  Notwithstanding anything in the Lease to the contrary (including, without limitation, Section 1.1.43 of the Lease): (i) the second Renewal Period, if exercised, will commence on February 1, 2025 and expire on January 31, 2030 and Fixed Rent for such period shall be $343,160.00 per year; (ii) the third Renewal Period, if exercised, will commence on February 1, 2030 and expire on January 31, 2035 and Fixed Rent for such period shall be $378,580.00 per year; and (iii) the fourth Renewal Period, if exercised, will commence on February 1, 2035 and expire on January 31, 2040 and Fixed Rent for such period shall be $417,680.00 per year.  Subject to Section 2.2.2 of the Lease, the dates by which the second, third and fourth Renewal Options must be exercised are August 4, 2024, August 4, 2029, and August 4, 3034.

(d)   For each full calendar year occurring during the period commencing on January 1, 2020 and ending on December 31, 2024 (*"Percentage Rent Period"*), Tenant shall pay annual percentage rent (*"Percentage Rent"*) equal to six percent (6%) of all Gross Sales resulting from business conducted in, on or from the Premises during such calendar year in excess of Six Million Two Hundred Thousand Dollars ($6,200,000) (the *"Sales Break Point"*).  Within sixty (60) days after the close of each applicable calendar year, Tenant shall furnish to Landlord a compilation prepared by an officer of Tenant setting forth the amount of Gross Sales during the preceding calendar year and showing the amount of Percentage Rent, if any, required to be paid by Tenant for such calendar year, provided, however, that Tenant shall not be required to provide such compilation if the amount of Gross Sales for such calendar year is less than ninety percent (90%) of the Sales Break Point.  The full amount of any Percentage Rent due shall be paid to Landlord simultaneously with the furnishing of said compilation.  Notwithstanding the foregoing, Gross Sales generated during any period when Alternate Rent is payable under the Lease shall be excluded from the determination of Gross Sales for purposes of computing Percentage Rent hereunder.  The parties hereto acknowledge and agree that Tenant shall only be obligated to pay Percentage Rent (if due) during the Percentage Rent Period and shall not be obligated to pay Percentage Rent during any other period.

(e)   Landlord shall not disclose to any third party Tenant's Gross Sales or the amount of Percentage Rent paid or payable by Tenant, provided, however, that (i) such information was not previously disclosed by Tenant to such third party or to the public generally, and (ii) nothing contained herein shall restrict Landlord from disclosing such information as may be required by applicable Legal Requirements or to its accountants, attorneys, *bona fide* prospective purchasers, or current or prospective Mortgagees or underlying lessors of all or any portion of Landlord's interest in the Shopping Center (provided that each of such recipients shall be bound to the same non-disclosure provisions as are imposed upon Landlord).

(f)   Any dispute between the parties relative to the provisions of paragraphs (d) and (e) above, including, without limitation, the amount of Percentage Rent payable by Tenant, shall be submitted to arbitration in accordance with the provisions of Section 16.3 of the Lease.

(g)   Nothing contained in this Modification shall constitute a waiver by Landlord of its rights to recover amounts, if any, owed by Tenant pursuant to the Lease (as amended hereby) prior to the Modification Date.

## SCHEDULE B

The Lease is hereby amended to reflect that:

(a)     Landlord's Mailing Address is:

> HRTC I, LLC
> 6380 S. Fiddlers Green Circle, Suite 400
> Greenwood Village, Colorado 80111
> Attn: Peter Culshaw
>
> with a cc to:
>
> Shea Properties
> 6380 S. Fiddlers Green Circle, Suite 400
> Greenwood Village, Colorado 80111
> Attn: Legal Department"

(b)     Landlord shall not reveal to anyone, or otherwise make or publish any public statement or notice regarding the economic or other business terms of the Lease or this Modification (including, without limitation, the Rent), except as required by Legal Requirements; or except for disclosure to Landlord's accountants, attorneys, bona fide prospective purchasers, agents or current or prospective Mortgagees or underlying lessors of all or any portion of Landlord's interest in the Shopping Center, provided that each of such recipients shall be bound to the same non-disclosure provisions as are imposed upon Landlord.  Tenant shall not reveal to anyone, or otherwise make or publish any public statement or notice regarding the economic or other business terms of the Lease or this Modification (including, without limitation, the Rent), except as required by Legal Requirements; or except for disclosure to Tenant's accountants, attorneys, bona fide prospective purchasers, agents or current or prospective mortgagees of all or any portion of Tenant's interest in the Lease, provided that each of such recipients shall be bound to the same non-disclosure provisions as are imposed upon Tenant.

(c)     Exhibit M, item 11 of the Lease is hereby amended to reflect that Tenant hereby consents to a residential development in the area designated as "Future Performing Arts Center" on Exhibit B of the Lease consisting of approximately 135 affordable rental units for residents at least 55 years old (the "*Senior Housing Site*").  Notwithstanding anything in the Lease to the contrary: (i) parking for the aforesaid residential development shall be located in a parking structure ("*Parking Structure*") in the area outlined in red on Exhibit 1 (the "*Parking Parcel*"), attached hereto, with approximately 135 parking spaces allocated to the Senior Housing Site; (ii) overnight parking shall be permitted in such parking structure; (iii) any improvements constructed on the Senior Housing Site shall not be included for purposes of calculating the parking space per square foot of Floor Area requirement described in Section 5.2.4 of the Lease; (iv) Taxes shall not include any taxes or assessments attributable to the Senior Housing Site; (v) no costs incurred in connection with or associated with the operation, maintenance and repair of the Senior Housing Site shall be borne by or passed through to Tenant, as Common Areas Charges or otherwise; and (vi) no costs incurred in connection with or associated with the construction of or capital repairs or improvements to the Parking Structure shall be borne by or passed through to Tenant, as Common Areas Charges or otherwise.

EXHIBIT 1



# EXHIBIT 3

## Lease Ledger

| Lease Information | |
|---|---|

| | | |
|---|---|---|
| | **Date** | 05/16/2023 |
| | **Lease Id** | t0006141 |
| | **Property** | 55228 |
| | **Location** | Highlands Ranch TC I LLC (Phs I) |
| | **Assigned Space(s)** | 9315100 |
| | **Customer** | |
| **Lease Administration** | **ICS Code** | |
| **Bed, Bath & Beyond** | **Lease Type** | Retail |
| **650 Liberty Avenue** | **Sales Category** | General |
| **Union , NJ , 07083** | **Lease Term** | **From**   12/22/2004   **To**   01/31/2025 |
| | **Lease Area** | 23,000(Gross Sq Ft) |
| | **Monthly Rent** | 22041.67 |
| | **Office Phone** | (908)688-0888 |
| | **Fax  No** | |
| | **E-Mail** | leasepayable@bedbath.com |

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| | **Balance Forward** | | | **(5.00)** |
| 01/01/23 | Common Area Maintenance (01/2023) | 5,452.00 | | 5,447.00 |
| 01/01/23 | Insurance (01/2023) | 379.00 | | 5,826.00 |
| 01/01/23 | Base Rent (01/2023) | 22,041.67 | | 27,867.67 |
| 01/01/23 | Write off 2021 CAM Rec Balance | 5.00 | | 27,872.67 |
| 01/04/23 | Chk# 110146 | | 27,872.67 | 0.00 |
| 02/01/23 | Common Area Maintenance (02/2023) | 5,452.00 | | 5,452.00 |
| 02/01/23 | Insurance (02/2023) | 379.00 | | 5,831.00 |
| 02/01/23 | Base Rent (02/2023) | 22,041.67 | | 27,872.67 |
| 02/11/23 | Late Fee, 3% of $27872.67 | 836.18 | | 28,708.85 |
| 02/15/23 | Chk# 111306 | | 27,872.67 | 836.18 |
| 03/01/23 | Common Area Maintenance (03/2023) | 5,452.00 | | 6,288.18 |
| 03/01/23 | Insurance (03/2023) | 379.00 | | 6,667.18 |
| 03/01/23 | Base Rent (03/2023) | 22,041.67 | | 28,708.85 |
| 03/09/23 | ACH | | 27,872.67 | 836.18 |
| 03/27/23 | 2022 Tax Assessment | 131,598.57 | | 132,434.75 |
| 03/27/23 | 2021 Tax Refund | (7,695.55) | | 124,739.20 |
| 04/01/23 | Common Area Maintenance (04/2023) | 5,452.00 | | 130,191.20 |
| 04/01/23 | Insurance (04/2023) | 379.00 | | 130,570.20 |
| 04/01/23 | Base Rent (04/2023) | 22,041.67 | | 152,611.87 |
| 04/11/23 | Late Fee, 3% of $27872.67 | 836.18 | | 153,448.05 |
| 04/19/23 | ACH | | 27,872.67 | 125,575.38 |

| 0-30 Days | 31-60 Days | 61-90 Days | Above 90 Days | Amount Due |
|---|---|---|---|---|
| 836.18 | 123,903.02 | 836.18 | 0.00 | 125,575.38 |

# EXHIBIT 4

# Lease Ledger

| Lease Information | |
|---|---|

|  | | |
|---|---|---|
| | **Date** | 09/11/2023 |
| | **Lease Id** | t0006141 |
| | **Property** | 55228 |
| | **Location** | Highlands Ranch TC I LLC (Phs I) |
| | **Assigned Space(s)** | 9315100 |
| | **Customer** | |
| **Lease Administration** | **ICS Code** | |
| **Bed, Bath & Beyond** | **Lease Type** | Retail |
| **650 Liberty Avenue** | **Sales Category** | General |
| **Union , NJ , 07083** | **Lease Term** | **From** 12/22/2004  **To** 01/31/2025 |
| | **Lease Area** | 23,000(Gross Sq Ft) |
| | **Monthly Rent** | 22041.67 |
| | **Office Phone** | (908)688-0888 |
| | **Fax  No** | |
| | **E-Mail** | leasepayable@bedbath.com |

| Date | Description | Charges | Payments | Balance |
|---|---|---:|---:|---:|
| | **Balance Forward** | | | **(5.00)** |
| 01/01/23 | Common Area Maintenance (01/2023) | 5,452.00 | | 5,447.00 |
| 01/01/23 | Insurance (01/2023) | 379.00 | | 5,826.00 |
| 01/01/23 | Base Rent (01/2023) | 22,041.67 | | 27,867.67 |
| 01/01/23 | Write off 2021 CAM Rec Balance | 5.00 | | 27,872.67 |
| 01/04/23 | Chk# 110146 | | 27,872.67 | 0.00 |
| 02/01/23 | Common Area Maintenance (02/2023) | 5,452.00 | | 5,452.00 |
| 02/01/23 | Insurance (02/2023) | 379.00 | | 5,831.00 |
| 02/01/23 | Base Rent (02/2023) | 22,041.67 | | 27,872.67 |
| 02/11/23 | Late Fee, 3% of $27872.67 | 836.18 | | 28,708.85 |
| 02/15/23 | Chk# 111306 | | 27,872.67 | 836.18 |
| 03/01/23 | Common Area Maintenance (03/2023) | 5,452.00 | | 6,288.18 |
| 03/01/23 | Insurance (03/2023) | 379.00 | | 6,667.18 |
| 03/01/23 | Base Rent (03/2023) | 22,041.67 | | 28,708.85 |
| 03/09/23 | ACH | | 27,872.67 | 836.18 |
| 03/27/23 | 2022 Tax Assessment | 131,598.57 | | 132,434.75 |
| 03/27/23 | 2021 Tax Refund | (7,695.55) | | 124,739.20 |
| 04/01/23 | Common Area Maintenance (04/2023) | 5,452.00 | | 130,191.20 |
| 04/01/23 | Insurance (04/2023) | 379.00 | | 130,570.20 |
| 04/01/23 | Base Rent (04/2023) | 22,041.67 | | 152,611.87 |
| 04/11/23 | Late Fee, 3% of $27872.67 | 836.18 | | 153,448.05 |
| 04/19/23 | ACH | | 27,872.67 | 125,575.38 |
| 05/01/23 | Common Area Maintenance (05/2023) | 5,452.00 | | 131,027.38 |
| 05/01/23 | Insurance (05/2023) | 379.00 | | 131,406.38 |
| 05/01/23 | Base Rent (05/2023) | 22,041.67 | | 153,448.05 |
| 05/02/23 | ACH | | 20,177.12 | 133,270.93 |
| 05/17/23 | Legal Invoice # 117391 | 152.00 | | 133,422.93 |
| 06/01/23 | Common Area Maintenance (06/2023) | 5,452.00 | | 138,874.93 |
| 06/01/23 | Insurance (06/2023) | 379.00 | | 139,253.93 |
| 06/01/23 | Base Rent (06/2023) | 22,041.67 | | 161,295.60 |
| 06/02/23 | ACH | | 27,872.67 | 133,422.93 |
| 06/30/23 | Legal Invoice #117591 | 540.00 | | 133,962.93 |
| 07/01/23 | Common Area Maintenance (07/2023) | 5,452.00 | | 139,414.93 |
| 07/01/23 | Insurance (07/2023) | 379.00 | | 139,793.93 |
| 07/01/23 | Base Rent (07/2023) | 22,041.67 | | 161,835.60 |
| 07/03/23 | ACH | | 27,872.67 | 133,962.93 |
| 07/17/23 | Legal Inv.#79049 | 3,950.00 | | 137,912.93 |
| 07/17/23 | 2022 CAM Reconciliation | 5,984.41 | | 143,897.34 |
| 07/27/23 | Legal Invoice# 79581 | 4,800.00 | | 148,697.34 |

| 0-30 Days | 31-60 Days | 61-90 Days | Above 90 Days | Amount Due |
|---|---|---|---|---|
| 14,734.41 | 540.00 | 152.00 | 133,270.93 | 148,697.34 |