**EXHIBIT A**
ALVAREZ & MARSAL NORTH AMERICA, LLC
RETENTION ORDER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein
Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

---

Order Filed on June 16, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, BED, BATH & BEYOND, INC., ET AL., EFFECTIVE AS OF MAY 10, 2023**

The relief set forth on the following pages, numbered two (2) through five (6), is hereby

**ORDERED**.

**DATED: June 16, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Upon the application (the "Application") [2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with its and its affiliates' and wholly owned subsidiaries' respective agents, independent contractors, subcontractors, and employees, "A&M"), as financial advisor to the Committee, effective as of May 10, 2023, upon the terms set forth in the Application; and upon the Greenberg Declaration in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other or further notice of the Application need be given; and it appearing that, based on the representations in the Application and the Greenberg Declaration that A&M and its professionals are "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, and neither hold nor represent any adverse interest in these cases as required by section 1103(b) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interest of the Committee; and the Court having been advised that all formal and informal objections to the Application have been resolved, it is hereby

ORDERED that:

1. The Application is approved as set forth therein.

2. In accordance with Bankruptcy Code sections 328 and 1103, the Committee is authorized to employ and retain A&M effective as of May 10, 2023, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

3.      The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved.  However, the Debtors' obligations to indemnify A&M pursuant to the indemnification provisions included in the Application are subject to the following:

(a)     all requests by A&M for the payment of indemnification as set forth in this Order shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and this Order and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified if a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of its own bad faith, breach of fiduciary duty (if any), gross negligence, or fraud, or willful misconduct (including self-dealing);

(b)     in no event shall A&M be indemnified for any claim that either (i) a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, fraud, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of an indemnified party's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) the claim is settled prior to a judicial determination as to clauses (i) or (ii), but is determined by this Court, after notice

- 3 -

and a hearing pursuant to terms of the Application and this Order, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of the Application and this Order; and

(c)  in the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4.  All parties-in-interest shall retain the right to object to (1) any demand by the indemnified parties for indemnification, contribution, or reimbursement; and (2) any request for reimbursement of legal fees of A&M's independent legal counsel.

5.  A&M shall be authorized to use the services of certain subcontractors as set forth in the Application (the "Contractors") and shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that A&M pays the Contractors; (b) seek reimbursement for actual costs only; (c) require the Contractors to file Rule 2014 affidavits indicating that the Contractors have reviewed the Parties in Interest List in this case, disclose the Contractors' relationships, if any, with Parties in Interest List and indicate that the Contractors are disinterested; and (d) A&M

DOCS_DE:243333.2 08728/002

shall attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.

6.   A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, the Local Bankruptcy Rules, the Guidelines, and the Court's Interim Compensation Order and any amendments or modifications thereto.

7.   A&M will keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-1 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

8.   A&M will only bill 50% for non-working travel.

9.   Notwithstanding any other provision in this Order, the U.S. Trustee shall have the right to object to A&M's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code rather than section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of A&M's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&M's fees.

10.  Notwithstanding anything in the Application to the contrary and for the avoidance of doubt, A&M will not be entitled to recover attorneys' fees or expenses for defending its fee applications in these Chapter 11 Cases.

DOCS_DE:243333.2 08728/002

11.     The Committee will coordinate with A&M and its other retained professionals to minimize unnecessary duplication of the services provided by any of its retained professionals.

12.     Prior to charging any increases in its hourly rates, A&M shall provide ten-business-days' notice of any such increases to the Debtors, the U.S. Trustee, and the Committee, and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

13.     To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

14.     The Committee and A&M are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15.     This Order shall be immediately effective and enforceable upon its entry.

16.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by the Application.

17.     This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order and A&M's services for the Committee.