UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua
A. Sussberg, P.C. (admitted *pro hac vice*) Emily E. Geier,
P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

**Order Filed on October 4, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPROVING THE ACQUISITION OF DESIGNATION RIGHTS
AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON
TOC001 LLC**

The relief set forth on the following pages, numbered two (2) through thirteen (11), is
**ORDERED**.

**DATED: October 4, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing and approving, among other things, the Debtors' right to consummate Lease Sales, including through the Acquisition of Designation Rights Agreement (the "Designation Rights Agreement") among the Debtors as seller (hereinafter "Seller" or "Debtors"), A&M Properties, Inc. d/b/a Bel Air Properties as purchaser (hereinafter "Purchaser") and EDISON TOC001 LLC (hereinafter "Landlord"), as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Acquisition of Designation Rights Agreement attached hereto as **Exhibit 1** (the "Designation Rights Agreement"), as applicable.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

a hearing before this Court; and this Court having determined that the Debtors having complied with the Lease Sale Procedures, and that the Debtors' entry into the Designation Rights Agreement is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Lease (as defined in the Designation Rights Agreement); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.     The Debtors and Purchaser are authorized to enter into and perform under the Designation Rights Agreement, and to implement the Designation Rights Agreement and the transactions contemplated thereunder and hereunder.  The Designation Rights Agreement and all of the terms and conditions thereof are hereby approved in all respects.  Subject to the terms of the Designation Rights Agreement, including the procedures set forth in Section 2(b) of the Designation Rights Agreement, and subject to the entry of the Lease Sale Order (the form of which is attached hereto as **Exhibit 3**) (the "Lease Sale Order"), the Debtors[3] or any representative of the Debtors' estates, including the Plan Administrator, shall be authorized to assume and to assign the Lease set forth on **Exhibit 2** hereto to Purchaser or its designee pursuant to sections 363 and 365 of the Bankruptcy Code or to direct the Debtors to reject the Lease in accordance with the

---

[3] References to the Debtors in this Order and the Designation Rights Agreement shall apply with equal force to the Wind-Down Debtors and the Plan Administrator (each as defined in the *Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (the "Plan") attached to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order")).  In accordance with the Plan and the Confirmation Order, the Wind-Down Debtors and the Plan Administrator, as the case may be, shall succeed to all rights and remedies of the Debtors under the Designation Rights Agreement or this Order, and shall be substituted for the Debtors as the party in interest to perform under the Designation Rights Agreement and this Order.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

Designation Rights Agreement. The failure to include any particular provision of the Designation Rights Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Designation Rights Agreement be authorized and approved in its entirety.

2.      Purchaser shall have the sole, exclusive, and continuing right to select, identify and designate if the Lease set forth on **Exhibit 2** hereto shall be either: (i) rejected or (ii) assumed and assigned in connection with an assumption and assignment, to Purchaser or Purchaser's designee (all of which rights are referred to in this Order as the "Designation Rights"). The sale of the Designation Rights provided for in this Order shall not effect a conveyance of the Lease to Purchaser or its designee except for the Lease that Purchaser will specifically designate for itself or its designee in accordance with this Order. Notwithstanding anything to the contrary herein, subject to the terms of the Designation Rights Agreement and the entry of a Lease Sale Order, (a) the Debtors shall be authorized to transfer, convey, assign and set over to Purchaser or its designee, all of Debtors' right, title, and interest in and to the Lease, and (b) Purchaser or its designee shall be authorized to assume and undertake to pay, perform, and discharge all of Debtors' obligations and duties with respect to the Lease as set forth in this Order. For the avoidance of doubt, this Court (A) approves (x) the Designation Rights, and (y) such other terms of the Designation Rights Agreement and (B) any potential assumption and assignment of the Lease shall only occur, if applicable, upon the entry of the Lease Sale Order.

| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

3.        Subject to the terms of the Designation Rights Agreement, the deadline under 11 U.S.C. § 365(d)(4) by which the Debtors shall be permitted to assume or reject the Lease is, with the consent of the Landlord, extended through and including February 29, 2024.

4.        As set forth in the Designation Rights Agreement, The Designation Rights shall be deemed to have commenced on August 15, 2023, with the consent of Landlord, and shall expire, unless otherwise terminated in accordance with the Designation Rights Agreement, on February 29, 2024 (the "Designation Period"); *provided, however,* that the Designation Period may be extended upon mutual written agreement of Purchaser, the Debtors, and Landlord.

5.        During the Designation Period, Purchaser shall have all of Sellers' rights and obligations under the Lease, including the right to access and manage the Premises and upon entry of this Order, Purchaser shall be permitted to re-key the Premises.

6.        Except for base rent payment obligations under the Lease for the month of August 2023, which have been waived by Landlord, Purchaser shall be responsible for and shall timely satisfy the Lease obligations assumed by Purchaser under the Designation Rights Agreement by paying Landlord directly all amounts due to Landlord under the Lease for the Designation Period and, where the Debtors are obligated under the Lease to pay any such assumed amount directly to any third party, including any taxing authority, applicable vendor or service provider, Purchaser shall pay such amount directly to such third party taxing authority, applicable vendor or service provider.

7.        Except as otherwise provided under this Order or the Designation Rights Agreement, Purchaser shall pay any amounts that have accrued and come due under the Lease

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

prior to entry of the Designation Rights order within five (5) business days of the entry of this Order, *provided*, *however*, the Debtors shall, upon receipt of the proof of payment made by Landlord, be responsible for the reimbursement to Landlord of the costs associated with site clean-up (totaling $5,242.97) and repair work relating to the replacement of a leading valve (totaling $1,197.00).

8.      During the Designation Period, if Purchaser fails to cure any default in payment or performance of any obligation under the Lease within (5) five business days of receipt by Purchaser and Seller of written notice (which may be delivered by email to Purchaser and Seller) of such default from the Landlord, the Purchaser's Designation Rights and the Designation Period under the Designation Rights Agreement will immediately terminate and Seller shall cause the Lease to be rejected pursuant to the Lease Rejection Procedures.

9.      At any time during the Designation Period, Purchaser shall have the right, which right may be exercised at any time and from time to time, to provide written notice to the Debtors (each such notice, a "Lease Rejection Notice") of Purchaser's election to require the Debtors to reject the Lease.  Following the date that Purchaser delivers a Lease Rejection Notice to the Debtors, the Debtors shall cause the rejection of the Lease identified in the Lease Rejection Notice, pursuant to the *Order (i) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, and (ii) Granting Related Relief* (the "Procedures to Reject, Assume, or Assume and Assign") [Docket No. 382] or the Plan.  Purchaser shall not be responsible for any obligations and duties of the Lease that come due under the Lease after the last day of the month

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

in which the Lease Rejection Notice was received by Seller pursuant to the terms of the Designation Rights Agreement

10.     At any time during the Designation Period, Purchaser shall have the right, which right may be exercised at any time, to provide written notice to the Debtors (the "Lease Assumption Notice") of Purchaser' election to assume the Lease and assign same to Purchaser or its designee. The Lease Assumption Notice shall include the following:

   a.   the exact name of the proposed assignee;

   b.   the proposed use of Premises, which shall be subject to the terms and conditions of the Lease and that certain Operations and Easement Agreement dated April 28, 1994 between NCC Torrance/B Associates Limited Partnership and Sportmart, Inc. and recorded May 2, 1994 in Los Angeles County, California as Instrument # 94 841115;

   c.   the proposed form of Lease Sale order and proposed Agreement (which shall be the form attached hereto or in such form as shall be reasonably acceptable to Seller, Purchaser and Landlord);

   d.   reasonable information about financial condition and operating performance of the proposed assignee, any guarantor or sublessee, as applicable (the "Financial Information"); and

   e.   the deadline to object to assignment/cure which shall be at least 10 business days after Landlord's receipt of the Lease Assignment Notice and the information regarding the matters provided in sub-paragraph (d) above.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

11.     Landlord shall have a period of ten (10) business days after its receipt of the Lease Assumption Notice to file an objection with respect to the assignment and assumption of the Lease as set forth in the Lease Assumption Notice.  If there is an objection by Landlord, the Parties agree that the hearing to resolve the same shall be held on seven (7) days' notice if the Parties are unable to consensually resolve such objection.

12.     If Purchaser fails to deliver a Lease Assumption Notice during the Designation Period, then Purchaser shall be deemed to have elected to reject the Lease.

13.     All persons that are currently occupying the Premises related to some or all of the Lease are hereby directed to surrender possession of the Premises with respect to the Lease to Purchaser and vacate such Premises as set forth in the Designation Rights Agreement. To the extent required by the Designation Rights Agreement, the Debtors agree to exercise commercially reasonable efforts to assist Purchaser in assuring that all persons that are presently, or on the applicable closing date may be, in possession of some or all of the premises related to the Lease will surrender possession of such premises to Purchaser and vacate such premises as set forth in the Designation Rights Agreement.

14.     In addition to assuming all obligations that become due and are required to be paid during the Designation Period with respect to the Lease in accordance with this Order and the Designation Rights Agreement, to the extent that Purchaser delivers a Lease Assumption Notice to Seller, upon the effective date of the assumption and assignment of the Lease by Purchaser or its designee, Purchaser shall assume, to the extent not previously paid, (i) all obligations under the Lease that both become due and accrue after the Sale Closing with respect to the Lease and (ii) cure

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

all outstanding liabilities that were (x) due and/or (y) accrued but not yet due prior to the Sale Closing under the Lease, which cure amounts are listed on **Exhibit 2** hereto or such other amount as agreed to in writing by the party or set by further Order of the Bankruptcy Court  (the "Cure Costs").  Notwithstanding anything herein or in any other agreement to the contrary, any applicable Cure Costs for the Lease, including any amounts that had accrued but had not yet come due, if any, are set forth on **Exhibit 2** hereto, provided that any objection or dispute with respect to the Cure Costs shall be resolved in accordance with the Lease Sale Procedures.  The Lease Sale Order shall provide that upon satisfaction of the Cure Costs, Landlord shall be barred from asserting any additional amount other than the Cure Costs, including any other amounts, liabilities or claims with respect to the Lease that arose, accrued, or came due on or before entry of the Lease Sale Order.

15.    The terms and provisions of the Designation Rights Agreement and this Order shall be binding in all respects upon the Debtors (which shall include the Wind-Down Debtors) and their estates and their creditors, the Plan Administrator, any affected third parties, including Landlord, all holders of equity interests in the Debtors, all holders of any claims, whether known or unknown, against the Debtors, any holders of claims against or on all or any portion of the Lease, including, but not limited to all contract counterparties, leaseholders, governmental units, and any trustees, examiners, administrators, responsible officers, estate representatives, or similar entities for the Debtors, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the debtors' chapter 11 cases, and each of their respective affiliates, successors and assigns. The Designation Rights Agreement

| (Page | 10) | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

and the Order shall inure to the benefit of the Debtors (which shall include the Wind-Down Debtors) and their estates and their creditors, Purchaser, and their respective successors and assigns, including the Plan Administrator.

16.    Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

17.    The transactions contemplated by the Designation Rights Agreement are undertaken by Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall neither affect the validity of the Designation Rights to Purchaser unless such authorization is duly stayed before the closing date pending such appeal.

18.    Purchaser is a good faith purchaser and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code. The Debtors and Purchaser will be acting in good faith if they proceed to consummate the Lease Sale at any time after entry of this Order.

19.    In the event that there is a direct conflict between the terms of this Order, the Designation Rights Agreement, and any documents executed in connection therewith, the provisions contained in this (i) Order, (ii) the Designation Rights Agreement and (iii) any documents executed in connection therewith shall govern, in that order.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) APPROVING THE ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AMONG DEBTORS A&M PROPERTIES, INC. AND EDISON TOC001 LLC |

20.     The Designation Rights Agreement, and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof, without further order of the Court.

21.     Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.  For the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Designation Rights Agreement**

## ACQUISITION OF DESIGNATION RIGHTS AGREEMENT

This ACQUISITION OF DESIGNATION RIGHTS AGREEMENT (the "Agreement"), dated as of September _____, 2023, is by and between BED BATH & BEYOND INC. ("Seller"), A&M PROPERTIES, INC. D/B/A BEL AIR PROPERTIES ("Purchaser") and EDISON TOC001 LLC ("Landlord").

## RECITALS

WHEREAS, Seller, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered under case *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) (the "Chapter 11 Cases"); and

WHEREAS, Seller has agreed to:

(i)    sell, convey, assign, transfer and deliver to Purchaser, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Designation Rights (as defined below herein) with respect to the unexpired lease listed on Schedule A attached hereto (the "Lease") with respect to the premises set forth on Schedule A (the "Premises");

(ii)   take the actions set forth herein to cause the rejection of the Lease following the date that Purchaser delivers a Lease Rejection Notice (as hereinafter defined) to Seller; and

(iii)  assign the Lease to Purchaser or its designee upon receipt of a Lease Assumption Notice (as hereinafter defined) pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "Lease Sale Procedures"), as modified herein, subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the Premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1.    **Designation Rights**.  On the terms and conditions set forth in this Agreement, in consideration of the payment by Purchaser to Seller on the date hereof of the sum of One Hundred Thousand and 00/100 Dollars ($100,000.00), Purchaser shall have the sole, exclusive, and continuing right to select, identify and designate that the Lease shall be either: (i) rejected or (ii) assumed and assigned to Purchaser and/or an affiliate or an acceptable designee (all of which rights are referred to in this Agreement as the "Designation Rights"). The sale of the Designation Rights provided for in this Agreement shall not effectuate a conveyance of the Lease to Purchaser and are subject to approval by Order of the Court (the "Designation Rights Order").  Subject to the objection rights hereinafter reserved to Landlord effective upon expiration of the Landlord's Objection Period (as hereinafter defined) with no objection having been filed by Landlord, or, if

65548/0002-45946039v12

filed, the same having been resolved, upon entry of a separate Lease Sale Order[1] (a) Seller shall be authorized to transfer, convey, assign and set over to Purchaser and/or an affiliate or acceptable designee, its successors and assigns (the "Assignee"), all of Seller's right, title, and interest in and to the Lease, and (b) Assignee shall be authorized to assume and undertake to pay, perform, and discharge all of Seller's obligations and duties with respect to the Lease as set forth herein.  For the avoidance of doubt, the Designation Rights Order shall only approve the sale of Designation Rights and not the potential assumption and assignment of the Lease to Assignee which will be accomplished by a separate Lease Sale Order.

2.    **Designation Period**.    Subject to Bankruptcy Court approval, Purchaser's Designation Rights commenced on August 15, 2023 and expire February 29, 2024 (the "Designation Period"); *provided, however*, that the Designation Period may be extended upon mutual written agreement of Purchaser, Seller, and Landlord.  Landlord hereby agrees that the period during which the Lease may be assumed or rejected by Seller under Section 365(d)(4) of the Bankruptcy Code is hereby extended until the expiration of the Designation Period and that the Lease may be assumed or rejected by Seller under Section 365 of the Bankruptcy Code at any time during the Designation Period.  Seller and Purchaser acknowledge that Landlord hereby reserves all rights under Section 365 of the Bankruptcy Code with respect to the assignment and assumption of the Lease until the expiration of the Designation Period.

(a)    ***Rejection of Lease***.    At any time during the Designation Period, Purchaser shall have the right, which right may be exercised at any time and from time to time, to provide written notice to Seller (the "Lease Rejection Notice") of Purchaser's election to require Seller to reject the Lease.  Following the date that Purchaser delivers the Lease Rejection Notice to Seller, Seller shall cause the rejection of the Lease pursuant to the *Procedures to Reject, Assume, or Assume and Assign* or the plan of reorganization in the Seller's Chapter 11 Cases (the "Rejection Procedures") .[2]  Purchaser shall not be responsible for any obligations and duties of the Lease that come due under the Lease after the last day of the month in which the Lease Rejection Notice was received by Seller pursuant to the terms of this Agreement.

(b)    ***Assumption and Assignment of Lease***.    At any time during the Designation Period, Purchaser shall have the right, which right may be exercised at any time, to provide written notice to Seller and Landlord (the "Lease Assumption Notice") of Purchaser's election to assume the Lease and assign same to Purchaser or its designee, as set forth below. The Lease Assumption Notice shall include the following:

(i)    the exact name of the proposed assignee;

(ii)    the proposed use of Premises, which shall be subject to the terms and conditions of the Lease and that certain Operations and Easement Agreement dated April 28, 1994 between NCC Torrance/B Associates Limited Partnership and Sportmart, Inc. and recorded May 2, 1994 in Los Angeles County, California as Instrument # 94 841115;

---

[1] To the extent that words and phrases are capitalized but undefined in this Agreement and have been defined in the Lease Sale Procedures, those definitions are incorporated herein by reference.

[2] On May 17, 2023, the Court entered the *Order (i) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, and (ii) Granting Related Relief* (the "Procedures to Reject, Assume, or Assume and Assign")  [Docket No. 382].

65548/0002-45946039v12

(iii)    the proposed form of Lease Sale order and proposed Agreement (which shall be the form attached hereto or in such form as shall be reasonably acceptable to Seller, Purchaser and Landlord);

(iv)    reasonable information about financial condition and operating performance of the proposed assignee, any guarantor or sublessee, as applicable (the "Financial Information"); and

(v)    the deadline to object to assignment/cure which shall be at least 10 business days after Landlord's receipt of the Lease Assignment Notice and the information regarding the matters provided in sub-paragraph (iv) above.

Landlord shall have a period of ten (10) business days after its receipt of the Lease Assumption Notice to file an objection with respect to the assignment and assumption of the Lease as set forth in the Lease Assumption Notice.  If there is an objection by Landlord, the Parties agree that the hearing to resolve the same shall be held on seven (7) days' notice if the Parties are unable to consensually resolve such objection.

(c)    If Purchaser fails to deliver a Lease Assumption Notice during the Designation Period then Purchaser shall be deemed to have elected to reject the Lease pursuant to Section 2(a) above.

3.    **Payment of Purchase Price**.  Purchaser shall, on or before the effective date of the assumption and assignment of the Lease (the "Sale Closing"), deliver the purchase price for the Lease in the amount of $200,000.00 (the "Purchase Price") in immediately available funds wired to the account specified by Seller; provided, however, if the Court does not approve this Agreement, the Designation Rights, and/or the assumption and assignment of the Lease to Purchaser in accordance with the terms of this Agreement, including with respect to Purchaser's rights to exercise any renewal options or extensions under the Lease, this Agreement shall terminate and Purchaser shall not be liable for any other amounts, obligations, liabilities or duties under this Agreement or the Lease.

4.    **Obligations under the Lease During the Designation Period**.  Landlord waives base rent payment obligations under the Lease for the month of August, 2023.  Unless waived by Landlord, as aforesaid, Purchaser hereby assumes all tenant obligations under the Lease for the period commencing from the commencement of the Designation Period and continuing until the expiration of the Designation Period, including rent, real estate taxes, insurance, common area charges, maintenance and any other obligations owed by Seller under the Lease, *provided, however*, that Purchaser shall not be responsible for (i) any obligations already satisfied by Seller, (ii) any obligations under the Lease that come due under the Lease after the last day of the month in which Seller receives a Lease Rejection Notice from Purchaser pursuant to the terms of this Agreement.  For the period commencing October 1, 2023, through the end of the Designation Period, and without otherwise limiting Purchaser's right to secure insurance for the Premises, Purchaser shall reimburse Seller for any insurance actually carried by Seller ("Insurance Coverage").  Landlord's waiver of payment obligations set forth above shall not impair or limit Landlord's rights with respect to applicable Insurance Coverage as required under the Lease.  During the Designation Period, Purchaser shall have all of Sellers' rights and obligations under the Lease, including the right to access and manage the Premises.  Purchaser shall satisfy the Lease obligations assumed by Purchaser under this Agreement by paying

3

Landlord directly all amounts due to Landlord under the Lease for the Designation Period and, where tenant is obligated under the Lease to pay any such assumed amount directly to the taxing authority, applicable vendor or service provider, Purchaser shall pay amount directly to the taxing authority, applicable vendor or service provider. Purchaser shall pay any amounts that have accrued and come due under the Lease prior to entry of the Designation Rights order within five (5) business days of the entry of the Designation Rights Order. During the Designation Period, if Purchaser fails to cure any default in payment or performance of any obligation under the Lease within (5) five business days of receipt by Purchaser and Seller of written notice (which may be delivered by email to Purchaser and Seller) of such default from the Landlord, the Purchaser's Designation Rights and the Designation Period under this Agreement will immediately terminate and Seller shall cause the Lease to be rejected pursuant to the Lease Rejection Procedures.

5.    **Assumption of Assigned Liabilities**.  In addition to assuming all obligations that become due and are required to be paid during the Designation Period with respect to the Lease, as limited by paragraph 4 above, to the extent that Purchaser delivers a Lease Assumption Notice to Seller, upon the effective date of the assumption and assignment of the Lease by Purchaser and/or an affiliate, Purchaser shall assume (i) all obligations under the Lease that both become due and accrue after the Sale Closing with respect to the Lease and (ii) cure all outstanding liabilities that were (x) due and/or (y) accrued but not yet due prior to the Sale Closing under the Lease, which cure amount are listed on Schedule A hereto or such other amount as agreed to in writing by the party or set by further Order of the Bankruptcy Court  (the "Cure Costs").  Notwithstanding anything herein or in any other agreement to the contrary, any applicable Cure Costs for the Lease, including any amounts that had accrued but had not yet come due, if any, are set forth on Schedule A hereto, provided that any objection or dispute with respect to the Cure Costs shall be resolved in accordance with the Lease Sale Procedures.  The Lease Sale Order shall provide that upon satisfaction of the Cure Costs, the Lease Counterparty shall be barred from asserting any additional amount other than the Cure Costs, including any other amounts, liabilities or claims with respect to the Lease that arose, accrued, or came due on or before entry of the Lease Sale Order.

6.    **No Further Liability of Seller**.  From and after the Sale Closing, except as provided herein, Seller shall have no further obligations and duties with respect to the Lease.

7.    **Further Assurances**.  At any time and from time to time after the date hereof, at the request of Purchaser, and without further consideration, Seller and Landlord shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Purchaser may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Purchaser Seller's rights to the Lease.

8.    **"As Is Where Is" Transaction**.  Purchaser hereby acknowledges and agrees that Seller makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease.  Without limiting the foregoing, Seller hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Lease.   Purchaser further acknowledges that Purchaser has conducted an independent inspection and investigation of the physical condition of the Lease and all such other matters relating to or affecting the Lease as Purchaser deemed necessary or appropriate and that in proceeding with its acquisition of the Lease, Purchaser is doing so based upon such independent

inspections and investigations.  Accordingly, Purchaser will accept the Lease "AS IS" and "WHERE IS."

9.    **Designation Rights Order**.  A condition precedent to any obligations of the Parties under this Agreement shall be entry by the Court of the Designation Rights Order approving this Agreement in form and substance acceptable to Purchaser, Seller and Landlord in all respects.  To the extent that (i) the any party informally objects or files an objection to this Agreement or the proposed Designation Rights Order and such objection cannot be resolved prior to the applicable hearing and Purchaser determines it does not want to proceed or (ii) such Designation Rights Order is not approved by the Court, Purchaser shall not have any obligations under this Agreement or under the Lease and the Lease shall be rejected.

10.    **Compliance With Law**.  Purchaser hereby agrees to comply with all applicable laws. Purchaser agrees to indemnify and hold Seller harmless for any violation or alleged violation of this section.

11.    **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

12.    **Jurisdiction.**  The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

13.    **No Reliance**.  Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

14.    **Construction.**  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other.  The execution and delivery of this Agreement is the free and voluntary act of the Parties.

15.    **Execution in Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party

65548/0002-45946039v12

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**SELLER:**
**BED BATH & BEYOND INC.**

By: _____
Name
Its:

**PURCHASER:**
**A&M PROPERTIES, INC. d/b/a**
**Bel Air Properties**

By: _____
Name  David H. Leung
Its:      President

**LANDLORD:**
**EDISON TOC001 LLC**

By: _____
Name
Its:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**[*PROPOSED*] ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076)**

The relief set forth on the following pages, numbered two (2) through ten (10), is

**ORDERED**.

---

[1]       The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through Assumption and Assignment Agreements between the Debtors and the prospective assignee, all as more fully set forth in the Motion, and upon entry of the *Order (I) Establishing Procedures To Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422]; and upon the First Day Declaration; and the Court having approved and entered the *Order Approving the Acquisition of Designation Rights Agreement Among Debtors A&M Properties, Inc. and Edison TOC001 LLC* [Docket No. ____] (the "Designation Rights Order"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.  References to the Debtors in this Order and the Designation Rights Agreement shall apply with equal force to the Wind-Down Debtors and the Plan Administrator (each as defined in the *Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (the "Plan") attached to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order")).  In accordance with the Plan and the Confirmation Order, the Wind-Down Debtors and the Plan Administrator, as the case may be, shall succeed to all rights and remedies of the Debtors under the Designation Rights Agreement or this Order, and shall be substituted for the Debtors as the party in interest to perform under the Designation Rights Agreement and this Order.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion was appropriate under the circumstances and no other notice need

be provided; and this Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this

Court having determined that the Debtors having complied with the Lease Sale Procedures, and

that the Debtors' entry into the Assumption and Assignment Agreement with [*ASSIGNEE*]

("Assignee") is in the best interest of the Debtors and their estates and provides for the highest or

best offer for the Lease (as defined in the Assumption and Assignment Agreement); and upon all

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor **IT IS HEREBY ORDERED THAT**:

1.      The Debtors or the Plan Administrator and Assignee (as defined in the

Assumption and Assignment Agreement) are authorized to enter into and perform under the

Assumption and Assignment Agreement, and to implement the Assumption and Assignment

Agreement and the transactions contemplated thereunder and hereunder.  The Assumption and

Assignment Agreement and all of the terms and conditions thereof is hereby approved in all

respects.

2.      Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code,

the Plan Administrator is hereby authorized and directed to (a) sell and assume and assign to

Assignee, in accordance with the terms of the Assumption and Assignment Agreement, the

Lease (as identified in the Assumption and Assignment Agreement), free and clear of any and all

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

licenses, tenants and/or subtenants, license and concession agreements for all or any part of the

Premises, and all liens, claims and encumbrances, with such license and concession agreements

for all or any part of the Premises, and all liens, claims and encumbrances to attach to the

proceeds received on account of such transfer in the same order of priority and with the same

validity, force and effect that any creditor had prior to the transfer, subject to any claims and

defenses the Debtors and the Debtors' estates may have with respect thereto, and (b) execute and

deliver to the Assignee such documents or other instruments as the Assignee deems necessary to

assign and transfer the Lease to Assignee.

3.      Assignee has demonstrated adequate assurance of future performance and has

satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect

to the Lease.  Assignee is a good faith purchaser of the Lease within the meaning of section

363(m) of the Bankruptcy Code.

4.      There shall be no rent accelerations, assignment fees, increases or any other fees

charged to Assignee or the Debtors as a result of the assumption and assignment of the Lease.

5.      Effective as of the date of entry of this Order, the assignment of the Lease by the

Debtors to Assignee shall constitute a legal, valid, and effective transfer of such Lease

notwithstanding any requirement for approval or consent by any person and vests Assignee with

all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims,

and encumbrances pursuant to sections 363(f) and 365 of the Bankruptcy Code.

6.      Any provisions in the Lease that prohibit or condition the assignment of such

Lease or allow the landlord of such Lease (hereinafter, the "Landlord") to terminate, declare a

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

breach or default, recapture, impose any penalty, condition any renewal or extension, or modify

any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-

assignment provisions and are void and of no force and effect as against the Debtors and

Assignee in connection with the assumption and assignment of the Lease. The Lease shall

remain in full force and effect, without existing defaults, subject only to payment by of the

appropriate Cure Costs (defined below), if any.

7.      The applicable cure costs to assume and assign the Lease (the "Cure Costs") are

hereby fixed in the amount $[0.00], except as forth in this Order, on the record of the Hearing (if

any), as otherwise agreed between the Landlord, the Debtors, and/or the Assignee, or as

determined by Court order, as the case may be; *provided, however*, that Landlord shall not be

barred from seeking additional amounts from the Debtors on account of any defaults occurring

between the deadline to object to Cure Costs set forth in the Assumption and Assignment Notice

and the Assumption Date.

8.      Within three (3) business days of the Closing Date, the Assignee shall pay the

Landlord the Cure Costs.  Payment of the Cure Costs by the Debtors shall constitute the cure of

all defaults arising under the Lease that are required to be cured by section 365(b)(1)(A) of the

Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).  For the

avoidance of doubt and notwithstanding anything to the contrary herein, the Debtors shall remain

liable for any additional obligations under the Lease that arise under section 365(d)(3) of the

Bankruptcy Code between the date of the entry of this Order and the Closing Date.  Moreover, to

the extent that any such obligations are not paid in accordance with the terms of the Lease prior

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

to the Closing Date, the Landlord shall be entitled to request, upon such notice and a hearing as the Bankruptcy Code and the Bankruptcy Rules require or this Court otherwise orders, immediate payment of such obligations under section 365(d)(3) of the Bankruptcy Code from the Debtors and their estates, and all rights of the Debtors and their estates in connection with any such request shall be reserved.

9.     Upon payment of the applicable Cure Costs, the Debtors and the Landlord are hereby barred and permanently enjoined from asserting against one another or the Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order; *provided, however*, that nothing herein shall impair or prejudice the Landlord's rights with respect to the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the premises subject to the Lease with regard to events that occurred prior to the effective date of assumption and assignment of the Lease to Assignee.

10.     Assignee shall be deemed to be substituted for the Debtors as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the Assumption Date.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.  The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Assignee shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental

65548/0001-46195408v1

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the extent necessary the provisions of this Order.

12.     To the extent the Lease contains use restrictions which would otherwise prohibit Assignee from operating at the applicable leased premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Assignee, Landlord agrees that such use by Assignee is permitted for purposes of this assignment.

13.     Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in such Lease that purports to be personal only to a Debtor or Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the Assignee, in accordance with the terms of such Lease.  The Debtors have timely exercised any applicable extension or renewal options under the Lease, and the Lease is in all in full force and effect.  The Debtors have not previously rejected the Lease and the Debtors' period to assume or reject the Lease has not otherwise expired.

14.     Notwithstanding anything in the Motion, or the Assumption and Assignment Agreement to the contrary, and except as set forth in this Order, from and after the assumption and assignment to Assignee of the Leases in accordance with this Order, Assignee shall comply

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

with the terms of the Lease in their entirety (as may be modified in any written agreement

between Assignee and the Landlord (a "Landlord Agreement")), including, without limitation,

any indemnification obligations expressly contained in the Lease and any rent, common area

maintenance, insurance, taxes, or similar charges expressly contained in the Lease.  With respect

to any provision of the Lease providing for calculation of rent based on a percentage of annual

sales, for the annual period in which the Closing Date occurs, Assignee shall only be responsible

for the prorated portion of percentage rent attributable to the period after the Closing Date

calculated on a per diem basis.

15.    Notwithstanding any provision of the Lease (including any related reciprocal

easement agreement or declaration of covenants and restrictions or other land use agreement

(each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary,

including a covenant of continuous operation or a "go dark" provision, Assignee shall not be

required to operate its business from the leased premises for a reasonable period of time after the

entry of this Order, in order to perform alterations and remodeling which shall be done in a

manner consistent with the terms of the Lease and to replace and modify existing signage to the

extent necessary to operate at the premises under as a Assignee store and consistent with its

business operations and the terms of the Lease.  Notwithstanding any provision of the Lease to

the contrary (including any related REA or Master Lease), to the extent the Landlord's consent is

required for any such alteration or signage modification, the Landlord's consent thereto shall not

be unreasonably withheld, conditioned, or delayed.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

16.     The Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Assignee, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the Premises; *provided that* the Landlord does not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

17.     Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.  For the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

19.     The Debtors and Assignee are authorized to take any and all actions reasonably necessary or appropriate to consummate the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.

20.     In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

21.     Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule A

**Description of Lease Asset**

| LEASE | |
|---|---|
| **Lease #:** | Store ID: 3076 |
| Location Address: | 3700 West Torrance Blvd., Torrance CA |
| Purchase Price: | $300,000.00 |
| Cure Amount: | $75,739.35 |

7

**Exhibit 2**

**Description of Lease and Cure Amount**

| LEASE | |
|---|---|
| **Lease #:** | Store ID: 3076 |
| Location Address: | 3700 West Torrance Blvd., Torrance CA |
| Purchase Price: | $300,000.00[1] |
| Cure Amount: | $75,739.35 |

---

[1]  On June 25, 2023, Purchaser delivered to the Debtors a deposit in the amount of $10,000.  On [October 2], 2023, Purchaser paid the Debtors, subject to the entry of this Order, $90,000 for acquisition of the Designation Rights, together with $20,000 on account of the Cure Amount.  The remaining $200,000 Purchase Price shall be paid, as set forth in Section 3 of the Designation Rights Agreement.

# EXHIBIT 3

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Emily E. Geier, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>*Co-Counsel for Debtors and Debtors in Possession* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>        Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

### [*PROPOSED*] ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076)

The relief set forth on the following pages, numbered two (2) through ten (10), is

**ORDERED**.

---

[1]        The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), authorizing and approving, among other things, (a) the Lease Sale Procedures, and (b) the Debtors' right to consummate Lease Sales, including through Assumption and Assignment Agreements between the Debtors and the prospective assignee, all as more fully set forth in the Motion, and upon entry of the *Order (I) Establishing Procedures To Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 422]; and upon the First Day Declaration; and the Court having approved and entered the *Order Approving the Acquisition of Designation Rights Agreement Among Debtors A&M Properties, Inc. and Edison TOC001 LLC* [Docket No. ___] (the "Designation Rights Order"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion. References to the Debtors in this Order and the Designation Rights Agreement shall apply with equal force to the Wind-Down Debtors and the Plan Administrator (each as defined in the *Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (the "Plan") attached to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order")). In accordance with the Plan and the Confirmation Order, the Wind-Down Debtors and the Plan Administrator, as the case may be, shall succeed to all rights and remedies of the Debtors under the Designation Rights Agreement or this Order, and shall be substituted for the Debtors as the party in interest to perform under the Designation Rights Agreement and this Order.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion was appropriate under the circumstances and no other notice need

be provided; and this Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this

Court having determined that the Debtors having complied with the Lease Sale Procedures, and

that the Debtors' entry into the Assumption and Assignment Agreement with [*ASSIGNEE*]

("Assignee") is in the best interest of the Debtors and their estates and provides for the highest or

best offer for the Lease (as defined in the Assumption and Assignment Agreement); and upon all

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor **IT IS HEREBY ORDERED THAT**:

1.      The Debtors or the Plan Administrator and Assignee (as defined in the

Assumption and Assignment Agreement) are authorized to enter into and perform under the

Assumption and Assignment Agreement, and to implement the Assumption and Assignment

Agreement and the transactions contemplated thereunder and hereunder.  The Assumption and

Assignment Agreement and all of the terms and conditions thereof is hereby approved in all

respects.

2.      Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code,

the Plan Administrator is hereby authorized and directed to (a) sell and assume and assign to

Assignee, in accordance with the terms of the Assumption and Assignment Agreement, the

Lease (as identified in the Assumption and Assignment Agreement), free and clear of any and all

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

licenses, tenants and/or subtenants, license and concession agreements for all or any part of the

Premises, and all liens, claims and encumbrances, with such license and concession agreements

for all or any part of the Premises, and all liens, claims and encumbrances to attach to the

proceeds received on account of such transfer in the same order of priority and with the same

validity, force and effect that any creditor had prior to the transfer, subject to any claims and

defenses the Debtors and the Debtors' estates may have with respect thereto, and (b) execute and

deliver to the Assignee such documents or other instruments as the Assignee deems necessary to

assign and transfer the Lease to Assignee.

3.      Assignee has demonstrated adequate assurance of future performance and has

satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect

to the Lease.  Assignee is a good faith purchaser of the Lease within the meaning of section

363(m) of the Bankruptcy Code.

4.      There shall be no rent accelerations, assignment fees, increases or any other fees

charged to Assignee or the Debtors as a result of the assumption and assignment of the Lease.

5.      Effective as of the date of entry of this Order, the assignment of the Lease by the

Debtors to Assignee shall constitute a legal, valid, and effective transfer of such Lease

notwithstanding any requirement for approval or consent by any person and vests Assignee with

all right, title, and interest of the Debtors in and to such Lease, free and clear of all liens, claims,

and encumbrances pursuant to sections 363(f) and 365 of the Bankruptcy Code.

6.      Any provisions in the Lease that prohibit or condition the assignment of such

Lease or allow the landlord of such Lease (hereinafter, the "Landlord") to terminate, declare a

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

breach or default, recapture, impose any penalty, condition any renewal or extension, or modify

any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-

assignment provisions and are void and of no force and effect as against the Debtors and

Assignee in connection with the assumption and assignment of the Lease. The Lease shall

remain in full force and effect, without existing defaults, subject only to payment by of the

appropriate Cure Costs (defined below), if any.

7.      The applicable cure costs to assume and assign the Lease (the "Cure Costs") are

hereby fixed in the amount $[0.00], except as forth in this Order, on the record of the Hearing (if

any), as otherwise agreed between the Landlord, the Debtors, and/or the Assignee, or as

determined by Court order, as the case may be; *provided, however*, that Landlord shall not be

barred from seeking additional amounts from the Debtors on account of any defaults occurring

between the deadline to object to Cure Costs set forth in the Assumption and Assignment Notice

and the Assumption Date.

8.      Within three (3) business days of the Closing Date, the Assignee shall pay the

Landlord the Cure Costs.  Payment of the Cure Costs by the Debtors shall constitute the cure of

all defaults arising under the Lease that are required to be cured by section 365(b)(1)(A) of the

Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).  For the

avoidance of doubt and notwithstanding anything to the contrary herein, the Debtors shall remain

liable for any additional obligations under the Lease that arise under section 365(d)(3) of the

Bankruptcy Code between the date of the entry of this Order and the Closing Date.  Moreover, to

the extent that any such obligations are not paid in accordance with the terms of the Lease prior

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

to the Closing Date, the Landlord shall be entitled to request, upon such notice and a hearing as the Bankruptcy Code and the Bankruptcy Rules require or this Court otherwise orders, immediate payment of such obligations under section 365(d)(3) of the Bankruptcy Code from the Debtors and their estates, and all rights of the Debtors and their estates in connection with any such request shall be reserved.

9.      Upon payment of the applicable Cure Costs, the Debtors and the Landlord are hereby barred and permanently enjoined from asserting against one another or the Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order; *provided, however*, that nothing herein shall impair or prejudice the Landlord's rights with respect to the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the premises subject to the Lease with regard to events that occurred prior to the effective date of assumption and assignment of the Lease to Assignee.

10.      Assignee shall be deemed to be substituted for the Debtors as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the Assumption Date.

11.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.  The provisions of this Order authorizing the assignment of the Leases shall be self-executing, and neither the Debtors nor Assignee shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement provisions of this Order. Each and every federal, state, and local governmental

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

agency or department is hereby authorized to accept any and all documents and instruments

necessary and appropriate to effect, consummate, and/or implement the transactions

contemplated by this Order. A certified copy of this Order may be filed with the appropriate

clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement to the

extent necessary the provisions of this Order.

12.     To the extent the Lease contains use restrictions which would otherwise prohibit

Assignee from operating at the applicable leased premises in the ordinary course of its business,

including any restrictions on the sale of some or all of the items and goods typically sold by

Assignee, Landlord agrees that such use by Assignee is permitted for purposes of this

assignment.

13.     Notwithstanding any term of the Lease to the contrary, any extension, renewal

option, or other rights contained in such Lease that purports to be personal only to a Debtor or

Debtors or to a named entity in such Lease or to be exercisable only by a Debtor or Debtors or by

a named entity or an entity operating under a specific trade name may be freely exercised to their

full extent by the Assignee, in accordance with the terms of such Lease.  The Debtors have

timely exercised any applicable extension or renewal options under the Lease, and the Lease is in

all in full force and effect.  The Debtors have not previously rejected the Lease and the Debtors'

period to assume or reject the Lease has not otherwise expired.

14.     Notwithstanding anything in the Motion, or the Assumption and Assignment

Agreement to the contrary, and except as set forth in this Order, from and after the assumption

and assignment to Assignee of the Leases in accordance with this Order, Assignee shall comply

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

with the terms of the Lease in their entirety (as may be modified in any written agreement

between Assignee and the Landlord (a "Landlord Agreement")), including, without limitation,

any indemnification obligations expressly contained in the Lease and any rent, common area

maintenance, insurance, taxes, or similar charges expressly contained in the Lease. With respect

to any provision of the Lease providing for calculation of rent based on a percentage of annual

sales, for the annual period in which the Closing Date occurs, Assignee shall only be responsible

for the prorated portion of percentage rent attributable to the period after the Closing Date

calculated on a per diem basis.

15. Notwithstanding any provision of the Lease (including any related reciprocal

easement agreement or declaration of covenants and restrictions or other land use agreement

(each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary,

including a covenant of continuous operation or a "go dark" provision, Assignee shall not be

required to operate its business from the leased premises for a reasonable period of time after the

entry of this Order, in order to perform alterations and remodeling which shall be done in a

manner consistent with the terms of the Lease and to replace and modify existing signage to the

extent necessary to operate at the premises under as a Assignee store and consistent with its

business operations and the terms of the Lease. Notwithstanding any provision of the Lease to

the contrary (including any related REA or Master Lease), to the extent the Landlord's consent is

required for any such alteration or signage modification, the Landlord's consent thereto shall not

be unreasonably withheld, conditioned, or delayed.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076) |

16.     The Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Assignee, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening, and operating the Premises; *provided that* the Landlord does not incur any out of the ordinary material out-of-pocket costs as a result of such cooperation.

17.     Notwithstanding anything to the contrary in this Order or the Assumption and Assignment Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.  For the avoidance of doubt, nothing, including the Lease Sale Procedures and this Order, alters or modifies the terms and conditions of any insurance policies issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any agreements related thereto or effectuates a sale, assignment or transfer of any such policies or agreements or any of the rights, benefits, rights to payment, recoveries, claims and/or proceeds under such policies or agreements.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

(Page | 10)

Debtors:                 BED BATH & BEYOND INC., *et al*.

Case No.             23-13359-VFP

Caption of Order:    ORDER PURSUANT TO SECTIONS 365 AND 363 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH [*ASSIGNEE*] (STORE NO. 3076)

19.    The Debtors and Assignee are authorized to take any and all actions reasonably necessary or appropriate to consummate the Assumption and Assignment Agreement and the transactions contemplated thereunder and hereunder.

20.    In the event of any inconsistencies between this Order, the Motion, and the Assumption and Assignment Agreement, this Order shall govern.

21.    Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

22.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.