| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>Jeffrey Kurtzman, Esquire (JK-7689)<br>**KURTZMAN STEADY, LLC**<br>101 N. Washington Avenue, Suite 4A<br>Margate, NJ 08402<br>kurtzman@kurtzmansteady.com<br>Telephone: (215) 839-1222<br><br>Attorneys for Tamarack Village Shopping Center, A Limited Partnership | |
| In re:<br><br>BED BATH & BEYOND INC., et al.<br><br>        Debtors. | Case No. 23-13359 (VFP)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

**CERTIFICATION OF PETER BAROTT IN SUPPORT OF
TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP'S
MOTION FOR ALLOWANCE AND PAYMENT OF
<u>ADMINISTRATIVE EXPENSE CLAIM</u>**

Peter Barott, being duly sworn, hereby certifies as follows:

1. I am an adult individual and am the senior vice president for Muir Investment Holdings, LLC as an agent for Tamarack Village Shopping Center, a Limited Partnership, a Minnesota limited partnership ("Tamarack") which owns the property subject to the Lease (defined below).

2. I have personal knowledge of the business relationship between Tamarack Village Shopping Center ("Tamarack") and Bed Bath & Beyond, Inc. ("Debtor").

3. I have reviewed and am familiar with the motion for allowance and payment of administrative expense claim (the "Motion") seeking to reimburse Tamarack for certain real estate taxes paid on behalf of Debtor in the first half of 2023.

3968936.v1                                    17

4.  Based on my knowledge of this motion and the facts underlying this claim, I make the following declarations.

5.  On December 31, 2001, Tamarack and Debtor entered into a lease agreement for a period that was set to expire January 31, 2026 ("the Lease"). A true and correct copy of the Lease and amendments is attached hereto **Exhibit A.**

6.  Section 4.3 of the Lease outlined certain obligations for both Tamarack and Debtor as it relates to payment of Real Estate and Other Taxes.

7.  Under this same section, Tamarack is required to pay the applicable annual real estate taxes due on the property "before any fine, penalty, interest or cost may be added thereto for nonpayment thereof."

8.  Tamarack is also required to provide to Debtor with "a copy of the bill for Taxes issued by the applicable taxing authority, a computation of Tenant's Pro Rata Share of such Taxes and Proof of the payment of Taxes for the previous payment period."

9.  Once these documents are received, Debtor then has thirty days to pay the outstanding amount.

10. In 2023, Tamarack paid the real estate taxes due on the property as agreed under the Lease.

11. Debtor's pro-rata share of Real Estate Taxes Tamarack paid was $77,491.

12. Tamarack provided Debtor with an invoice and a computation of Debtor's pro-rata on May 23, 2023. A true and correct copy of the invoice delivered on May 23, 2023 is attached hereto as **Exhibit B.**

13. Unfortunately, Tamarack's managing agent failed to include a "copy of the bill for Taxes" in its notice to Debtor as outlined under Section 4.3 of the Lease.

3968936.v1                                18

14. Historically, Tamarack has provided a copy of the bill for Taxes along with a copy of the invoiced amount, but did not generally provide proof of payment as outlined under Section 4.3 of the Lease.

15. Debtor has never objected to the Tamarack's failure to strictly comply with the Lease by failing to provide proof of payment.

16. In fact, Debtor has paid all previous pro-rata shares of its real estate taxes every year since the signing of the original lease in 2001.

17. On June 21, 2023, Tamarack received e-mail correspondence from Debtor's attorney. In this e-mail, Debtor acknowledged that it has an outstanding payment obligation to Tamarack for the $77,491. A true and correct copy of this correspondence is attached hereto as **Exhibit C.**

18. On June 27, 2023, Tamarack received notice of Debtor's intention to reject the lease. Since that time, Debtor has refused to pay any portion of its outstanding pro-rata share of real estate taxes.

19. To the best of my knowledge, all facts stated in the Motion are true and accurate.

20. I understand that I am subject to the penalties of perjury if I have willfully misstated any of the information set forth herein.

Dated: October 12, 2023                    */s/ Peter Barott*
                                            PETER BAROTT