**WILENTZ, GOLDMAN & SPITZER, P.A.**
By: David H. Stein, Esq.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095-0958
Telephone: (732) 636-8000
Facsimile: (732) 726-6570
E-mail: *dstein@wilentz.com*
*Attorneys for Bexar County Appraisal District*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BED, BATH & BEYOND INC., et al.[1], | : | Case No. 23-13359 (VFP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| | : | |

## VERIFIED OBJECTION OF BEXAR COUNTY APPRAISAL DISTRICT TO DEBTORS' (I) OMNIBUS OBJECTION TO CERTAIN TAX CLAIMS, (II) MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS, AND RESERVATION OF RIGHTS

This Verified Objection and Reservation of Rights of Bexar County Appraisal District (the

"Appraisal District") to the Debtors' (I) Omnibus Objection To Certain Tax Claims, and (II)

Motion To Determine Tax Liability And Stay Proceedings (the "Motion") [Docket No. 2126],

submitted by and through its undersigned counsel, respectfully represents the following:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

#14077629 3 999999 802

1.      On April 23, 2023 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Appraisal District is a governmental unit and a political subdivision of the State of Texas charged with determining the market value of all taxable property located in Bexar County, Texas as of January 1 of each calendar year.  *See* Tex. Tax Code § 6.01 ("an appraisal district is a political subdivision of the state."); §23.01 TX. Prop. Tax Code. Additionally, political subdivisions of the state, including appraisal districts have sovereign immunity. *See Townsend v. Montgomery Cent. Appraisal Dist.*, 09-10-00394-CV, 2011 WL 3207955, at *4 (Tex. App.— Beaumont July 28, 2011. pet. denied).

3.      The Appraisal District is not a creditor in the instant case, did not file a proof of claim, and does not consent to the jurisdiction of the Bankruptcy Court.

4.      The sole responsibility of the Appraisal District in connection with the property taxation process in the State of Texas is to determine the "market value" of the subject property as of January 1 of the tax year and issue notices to property owners regarding that value.  Tex. Tax Code §23.01(a), 25.19. The assessment and collection of taxes based upon the market value as determined by the Appraisal District is the province of the Tax Assessor Collector for Bexar County, which actually sends bills to property owners, receives the tax funds from them, and in the case of default, collects the funds from property owners. Tex. Tax Code § 31.01, et seq.

5.      The Appraisal District asserts that this Court lacks the requisite subject matter jurisdiction to determine the market value of the Debtors' property located in Bexar County, Texas because the Debtors' rights to appeal the valuation determinations have either been waived or were

2

forfeited.[2]  Subject matter jurisdiction is a threshold issue that requires resolution before the Court

can proceed on an issue on which the party opposing the motion bears the burden of proving they

are properly before the court. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)

("Limitations periods in statutes waiving sovereign immunity are jurisdictional, and a court

exercising its equitable authority may not expand its jurisdiction beyond the limits established by

Congress."); *Lewis v. Federal Prison Indus., Inc.*, 953 F.2d 1277, 1285 (11th Cir. 1992)

("[E]quitable powers [of federal courts] cannot be used to expand or override the intent of

Congress to provide limited legal remedies...").

## OBJECTION

6.    The Appraisal District would show the Court that the Debtors are barred under

applicable Texas law and, therefore also under section 11 U.S.C. 505(a)(2)(C) from challenging

the notice value on the following properties identified on Exhibit 1 to the Lammert Declaration[3]

contained in the Motion:

| Store No. | Store Name | Property Address | PID |
|---|---|---|---|
| 430 | Bed Bath & Beyond | 1730 North FM 1604E, San Antonio, Texas | 827408 |
| 141 | Bed Bath & Beyond | 1730 North FM 1604E, San Antonio, Texas | 1328825 |
| 1002 | Bed Bath & Beyond | 6001 NW Loop 410, San Antonio, Texas | 1015969 |
| 1317 | Bed Bath & Beyond | 8262 Agora Parkway, San Antonio, Texas | 1142637 |

---

[2]  The Appraisal District admits that limitations has not expired on one of the six Property Identification numbers ("PIDs") – 827408.

[3]  There is a discrepancy between the challenged valuations in the Lammert Declaration and the Proposed form of Order.

3

| 3125 | Buy Baby | 522 NW Loop 410, Ste. 108, San Antonio, Texas | 1328820 |
|------|----------|------------------------------------------------|---------|

A.    **The Valuation Process**

7.    Section 23.01(a) of the Texas Property Tax Code (the "Tax Code") provides that all taxable property located within the boundaries of a county shall be appraised as of January 1 of the applicable tax year. Tex. Tax Code §23.01(a). By May 1 of each year, the chief appraiser is required to deliver to each property owner "a clear and understandable written notice … of the appraised value of the property owner's property". Tex. Tax Code § 25.19(a)(1) (the "Noticed Value"). Section 25.01 of the Tax Code requires the chief appraiser to prepare appraisal records listing all property that is taxable in the district and stating the appraised value of each by the 15th day of May in each calendar year. Tex. Tax Code § 25.01(a). Thereafter, each property owner has the right to challenge the Noticed Value by following the instructions provided in the Notice of Appraised Value and filing a notice of protest with Appraisal Review Board ("ARB") for the appraisal district in question. Tex. Tax Code §§ 41.41.

8.    Section 41.01 of the Tax Code generally establishes the duties of the ARB and §41.01(a)(1) empowers the ARB to "determine protests timely initiated by property owners. Tex. Tax Code §41.01(a). Section 41.02 provides that the ARB shall direct the chief appraiser to amend the appraisal roll to reflect any determination made by the ARB. Tex. Tax Code § 41.02. The failure to either pay the tax due or to file or prosecute a notice of protest with the ARB deprives the taxpayer of the right to challenge the valuation made an appraisal district. More specifically, a property owner who files a protest under Section 41.411 must pay the amount of taxes due on the portion of the taxable value of the property subject to the protest that is not in dispute before the delinquency date or the property owner forfeits the right to proceed to a final determination of the protest. Tex. Tax Code § 41.4115. Furthermore, to be entitled to a hearing and determination

4

of a protest, the property owner initiating the protest must file a written notice of the protest with the appraisal review board having authority to hear the matter protested not later than May 15 or the 30th day after the date that notice to the property owner was delivered to the property owner as provided by Section 25.19, whichever is later. Tex. Tax Code § 41.44. After filing a protest with the ARB, the property owner is entitled to a formal hearing before the ARB to determine its protest Tex. Tax Code § 41.45. The appraisal review board hearing a protest shall determine the protest and make its decision by written order. Tex. Tax Code § 41.47

## B.    The ARB Determination and De Novo Review.

9.    Section 42.21(a) provides for an appeal from the ARB's order determining value, and requires that a party who appeals "must file a petition for review with the **district court** within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline." Tex. Tax Code § 42.21(a). Failure to timely file a petition bars any appeal. *Id.* The petition **must** be brought against the appraisal district and must be brought in the county in which the appraisal review board that issued the order appealed is located. Tex. Tax Code §§ 42.21(b), 42.22. Further, section 42.21(d) mandates that service of that lawsuit must be accomplished in accordance with the requirements of Rule 106 of the Texas Rules of Civil Procedure. Tex. Tax Code §42.21 (d) Rule 106 requires that service be made personally or by registered or certified mail. Tex. R. Civ. P. 106(a)(1) and (2).

10.    According to the business records of the Appraisal District, the protest of the Noticed Value for each of the following were timely submitted to the ARB:

| Store No. | Store Name | Property Address | PID |
|---|---|---|---|
| 134 | Bed Bath & Beyond | 11745 IH 10 San Antonio, Texas | 827408 |
| 430 | Bed Bath & Beyond | 1730 North FM 1604E, San Antonio, Texas | 827407 |
| 141 | Bed Bath & Beyond | 1730 North FM 1604E, San Antonio, Texas | 1328825 |
| 1002 | Bed Bath & Beyond | 6001 NW Loop 410, San Antonio, Texas | 1015969 |
| 1317 | Bed Bath & Beyond | 8262 Agora Parkway, San Antonio, Texas | 1142637 |
| 3125 | Buy Baby | 522 NW Loop 410, Ste. 108, San Antonio, Texas | 1328820 |

*Id.* For each of the above-referenced PIDS except for number 1328820, the property owner had a hearing that resulted in an ARB order. However, Buy Baby failed to prosecute its protest of the Noticed Value for PID 1328820 and instead was a "no-show" for its formal hearing, accordingly, no changes were made to the Noticed Value. *Id.* As to the remainder, the ARB considered and issued their determination of value by a board order as to following PIDs on July 17, 2023:

| Store No. | Store Name | Property Address | PID |
|---|---|---|---|
| 430 | Bed Bath & Beyond | 1730 North FM 1604E, San Antonio, Texas | 827407 |
| 141 | Bed Bath & Beyond | 1730 North FM 1604E, San Antonio, Texas | 1328825 |
| 1002 | Bed Bath & Beyond | 6001 NW Loop 410, San Antonio, Texas | 1015969 |
| 1317 | Bed Bath & Beyond | 8262 Agora Parkway, San Antonio, Texas | 1142637 |

#14077629.3 999999.802

11.   As of the date hereof, the Appraisal District has not been served in accordance with Rule 106 TX. R. Civ. Pro. with an appeal to district court as to any of the above delineated PIDs. Further, the Appraisal District was not provided with the Notice of Objection to Your Claim attached as Exhibit 4 to the Motion. *Id.*

**C.    Opposition to Lammert Declaration.**

12.   In addition to and without waiving the objection to subject matter jurisdiction as more fully set forth above, the Appraisal District further objects to the Lammer Declaration on the grounds that it improperly sets forth the standard for assessment of market value by disregarding both requirements of the Tax Code and the rendition provided by the Debtors in support of the taxable values for the inventories contained in the Bexar County locations of the Debtors.

13.   Specifically, the Lammert Declaration suggests that the current financial distress of the Debtors and their inventory liquidation process commenced post-petition should supplant the market value determination of that same inventory as of January 1, 2023. The Tax Code, as noted above, mandates the determination of market value as of January 1 of the subject tax year. §23.01(a) Texas Prop. Code. "Market value" is defined in the Tax Code as

> "the price at which a property would transfer for cash or its equivalent under prevailing market conditions if:
>
> (A)   Exposed for sale in the open market with a reasonable for the seller to find a purchaser;
> (B)   Both the seller and the purchase know of all of the uses and purposes to which the property is adapted and for which it is capable of being used and of the enforceable restrictions on its use; and
> (C)   Both the seller and purchaser seek to maximize their gains and neither is in a position to advantage of the exigencies of the other."

Tex. Tax Code §1.04(7).

14.   The assessed value for each of the PIDs reflects the value ascribed by the Debtors in the renditions they filed with the Appraisal District.

7

15.    Subject to and without waiving the challenge to the subject matter jurisdiction of this Court, and given that this is a contested matter involving questions of law and fact requiring the exchange of discovery and or other information as required by Fed. R. Bankr. P. 9014, should the Bankruptcy Court decide that subject matter jurisdiction exists, the Appraisal District requests that discovery, a briefing schedule and evidentiary hearing be set with respect to the valuation challenge and that a procedure be coordinated with other respondents to the Motion in order to streamline the procedure regarding common issues between the parties, if any.

## RESERVATION OF RIGHTS

16.    The Appraisal District reserves the right to present such additional information as may become available subsequent to filing this Objection and to join and adopt any other arguments raised by other respondents to the Debtor's Motion.

## CONCLUSION

For the reasons set forth hereinabove, the Appraisal District respectfully requests that the Motion be denied in all respects as to the Appraisal District, and that the Court enter an order for such other and further relief as the Court deems equitable, just and proper under the circumstances.

Dated: October 11, 2023                    Respectfully submitted,

                                        **WILENTZ, GOLDMAN & SPITZER, P.A.**
                                        *Attorneys for Bexar County Appraisal District*


                                        By: _/s/ David H. Stein_____
                                            DAVID H. STEIN, ESQ.

#14077629.3 999999.802

## VERIFICATION OF LINDA RODRIGUEZ

I, Linda Rodriguez, hereby verify as follows:

1.      I am the Director of the Business Personal Property Department of Bexar County Appraisal District (the "Appraisal District"). The information contained in the objection is maintained in the ordinary course of business, based upon the business records of the Appraisal District and have been supplied to me by members of my staff in the normal operations of and in its normal business activities.

2.      I have reviewed the foregoing Objection of Bexar County Appraisal District to Debtors' Proposed Tax Amount and Reservation of Rights and the facts set forth therein are true and correct to the best knowledge, information and belief.

Dated: October 11, 2023

_____

Linda Rodriguez

Sworn to and subscribed before me
this 11 day of October, 2023

_____
Notary Public of the
State of Texas

ELIZABETH ANN TAMBUNGA
Notary Public, State of Texas
Comm. Expires 07-30-2024
Notary ID 10546554

9

#14077629.1 999999.802