| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**STRADLEY RONON STEVENS<br>& YOUNG, LLP**<br>Liberty View<br>457 Haddonfield Road, Suite 100<br>Cherry Hill, NJ 08002<br>Daniel M. Pereira, Esq.<br>(215) 564-8747<br>dpereira@stradley.com<br>Attorneys for ChannelAdvisors Corp. | |
| In re:<br><br>BED BATH & BEYOND INC., et al.<br><br>    Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP) |

### MOTION OF CHANNELADVISOR CORPORATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

ChannelAdvisor Corporation ("ChannelAdvisor"), by its undersigned counsel, Stradley Ronon Stevens & Young, LLP, respectfully seeks an order from this Court granting the Motion of ChannelAdvisor Corporation for Allowance and Payment of Administrative Expense Claim (the "Motion") pursuant to § 503(a) and § 503(b)(1)(A) of the United States Bankruptcy Code, 11 U.S.C. Sections 101 et seq. (the "Bankruptcy Code"). In support of the Motion, ChannelAdvisor respectfully represents as follows:

#### SUMMARY OF RELIEF REQUESTED

1. By this Motion, ChannelAdvisor seeks an order allowing and ordering payment by the Bed Bath & Beyond Inc. ("Debtor") of an administrative expense obligation arising from post-petition services rendered pursuant to that certain

ChannelAdvisor Corporation Mirakl Integration Agreement dated as of February 24, 2023 (as amended by that certain Amendment #1 to the ChannelAdvisor Corporation Mirakl Integration Agreement dated as of May 26, 2022, and as the same may have been or may be amended, modified, supplemented and/or restated from time to time, the "**Agreement**"). A copy of the Agreement is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.  Venue is proper pursuant to 28 U.S.C. § 1409.

4.  The statutory basis for the relief requested is 11 U.S.C. § 503(b).

## BACKGROUND

5.  On April 23, 2023 (the "Petition Date"), Debtor and its debtor affiliates (collectively, the "Debtors"), each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"). On or about April 24, 2023, this Court entered an order directing the joint administration of the Debtors' chapter 11 cases.

6.  The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7.  ChannelAdvisor is an e-commerce company that provides a proprietary cloud-based e-commerce marketplace management software and services enabling online sellers to sell on multiple channels.

8. Pursuant to the Agreement, ChannelAdvisor maintained the integration between its proprietary platform and Debtor's Mirakl online marketplace as more particularly described in the Agreement.

9. On June 13, 2023, Debtors filed the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Dkt. No. 714] (the "Notice").

10. Pursuant to the Notice, ChannelAdvisor was advised that the Agreement might be assumed by the Debtor pursuant to Section 365(a) of the Bankruptcy Code.

11. Both prior to and after the Petition Date, ChannelAdvisor continued to maintain and allow access to Debtor's integration to ChannelAdvisor's platform, but Debtor has failed to pay the annual fee. As a result of the foregoing and as evidenced by the attached Agreement, Debtor is indebted to Claimant in the amount of not less than $150,000.00.

12. The prorated, post-petition amount due under the Agreement is $125,753.42.

13. As of the date of this Request, no payments have been made to ChannelAdvisor for the services rendered pursuant to the Agreement.

14. Contemporaneously with the filing of this Motion, ChannelAdvisor is amending its proof of claim no. 11905 to assert a general unsecured claim for the pre-petition, prorated amounts due under the Agreement.

## BASIS FOR RELIEF

15. Section 503(b) of the Bankruptcy Code provides in pertinent part that allowed administrative expense claims exist for the "actual, necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case . . ."  11 U.S.C. § 503(b)(1)(A).  Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under § 503(b) of the Bankruptcy Code have first priority.  11 U.S.C. § 507(a)(1).

16. Both before and following the Petition Date, ChannelAdvisor continued to maintain and allow access to Debtor's integration to ChannelAdvisor's platform, but Debtor has failed to pay the annual fee.

17. The Debtor's continued post-petition access to ChannelAdvisor benefited the estates because it allowed the Debtor to connect its Mirakl online marketplace with the ChannelAdvisor platform during the pendency of this bankruptcy case and continue processing customer orders through such connection.

18. Accordingly, the amount due to ChannelAdvisor for post-petition services rendered constitutes an actual, necessary cost of preserving the estate

*Remainder of Page Intentionally Left Blank*

WHEREFORE, ChannelAdvisor respectfully requests that this Court enter an order approving the Motion For Payment of an Administrative Expense Claim in the amount of $125,753.42 and granting ChannelAdvisor such other and further relief as is just.

Dated: October 13, 2023

/s/ Daniel M. Pereira
Daniel M. Pereira, Esq. (#119862014)
Stradley Ronon Stevens & Young, LLP
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
(215) 564-8747
dpereira@stradley.com

*Attorneys for ChannelAdvisors Corp.*