| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br>James Vandermark (No. 013072009)<br>White and Williams LLP<br>1650 Market Street, Suite 1800<br>Philadelphia, PA 19103<br>Telephone: (215) 864-6250<br>vandermarkj@whiteandwilliams.com<br><br>and<br><br>Lawrence M. Schwab (Cal. Bar No. 85600)<br>Thomas M. Gaa (Cal. Bar. No. 130720)<br>Gaye N. Heck (Cal. Bar No. 170804)<br>**BIALSON, BERGEN & SCHWAB**<br>A Professional Corporation<br>830 Menlo Avenue, Suite 200<br>Menlo Park, California 94025<br>Telephone: (650) 857-9500<br>E-mail:  tgaa@bbslaw.com<br>             gheck@bbslaw.com<br><br>*Attorneys for Salesforce, Inc.* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>**Hon. Christine M. Gravelle**<br><br>(Jointly Administered) |

**REQUEST FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM OF SALESFORCE, INC.**

Salesforce, Inc. (f/k/a salesforce.com, inc.) ("**Salesforce**"), by and through the

---

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

1
C:\Users\Vandermarkj\Appdata\Roaming\Imanage\Work\Recent\Bialson_ Bergen And Schwab - Salesforce_ Inc. Re_ Bed_ Bath _ Beyond_\Salesforce - Request For Payment V4(31867387.1).Doc

31867387v.1

undersigned counsel, hereby Requests (the "**Administrative Expense Request**") entry of an order (the "**Administrative Expense Order**") (a) allowing an administrative expense in an amount not less than **US $573,397.15** (the "**Administrative Expense Claim**") incurred in connection with the provision of the Salesforce Services[2] (as hereinafter identified) provided by Salesforce to Bed Bath and Beyond Inc. ("**BB&B**") (BB&B and the other above-captioned debtors and debtors-in-possession, collectively, hereinafter referred to as the "**Debtors**"), and the acceptance and use of the Salesforce Services by BB&B, from and after the Petition Date through the Effective Date, pursuant to the Salesforce Contract, (b) directing the Administrative Expense Claim be paid in full within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders, (c) approving the *Reservation of Rights* asserted hereinafter, and (d) granting such other and further relief as may be deemed just and proper under the circumstances of this case.

This Administrative Expense Request is brought pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2), and is based on the matters set forth herein, the *Declaration of Kevin Ramirez in Support of The Request for Allowance and Payment of Administrative Expense of Salesforce, Inc.* (the "**Ramirez Declaration**") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## JURISDICTION AND VENUE.

---

[2] All capitalized terms shall have the meaning as set forth in this *Request for Allowance and Payment of Administrative Expenses* and, if not defined herein, as set forth in the Ramirez Declaration filed in support of this request.

31867387v.1

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.  Salesforce is a Delaware corporation, and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "**Salesforce Services**") to its business customers (individually, a "**Salesforce Customer**" and, collectively, "**Salesforce Customers**"). *See* Ramirez Declaration at ¶2.

### THE SALESFORCE CONTRACT

4.  Prior to April 23, 2023, the Debtors entered into those certain Order Forms (the "**Order Forms**"),[3] which are governed by their applicable *Master Subscription Agreements* (the "**MSAs**" and, together with the Order Forms, collectively the "**Salesforce Contract**").[4] Pursuant to the Salesforce Contract: (i) the Debtors ordered certain Salesforce Services and became obligated to pay in full the aggregate amounts due pursuant to this contract with respect to such services; (ii) Salesforce became obligated to provide the Salesforce Services to the Debtors; (iii) Salesforce has provided such services to the Debtors; and (iv) the Debtors accepted and utilized, and continue to accept and utilize, the Salesforce Services provided pursuant to the Salesforce Contract. *See* Ramirez Declaration at ¶7.

### BANKRUPTCY CASE

5.  On April 23, 2023 (the "**Petition Date**"): (A) Bed Bath & Beyond Inc. and the other Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the

---

[3] The Administrative Expense Claim Summary is attached hereto as <u>Exhibit A</u> and is incorporated by reference here in as if fully set forth.

[4] Due to the confidentiality provisions of the MSAs, a copy of the Salesforce Contract and related invoices (the "**Invoices**") are not attached to the Ramirez Declaration. However, subject to appropriate non-disclosure protections, a copy of the Salesforce Contract and the Invoices will be made available to the Debtors in connection with this Administrative Expense Request.

United States Code in the United States Bankruptcy Court for the District of New Jersey (the "**Court**") and, thereby, commenced their individual cases under chapter 11 (collectively, the "**Bankruptcy Cases**"); and (B) on April 24, 2023, the Court entered its order directing the joint administration of the Bankruptcy Cases (but not substantively consolidating such cases).[5]

6. On September 14, 2023, the Debtor filed its *Finding of Fact, Conclusion of Law, and Order, (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and its Debtor Affiliates* [ECF 2172] (the "**Confirmation Order**"). The Confirmation Order provides that certain executory contracts, including the Salesforce Contract, will be deemed rejected as of the date that the Plan[6] becomes effective (the "**Rejection Date**").

7. On September 29, 2023, the Debtor filed its *Notice Of (I) Entry of Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and its Debtor Affiliates And (II) Occurrence of Effective Date* [ECF 2311] (the "**Effective Date Notice**") providing, among other things, that the Plan became effective on September 29, 2023 (the **"Plan Effective Date"**) and that parties asserting a request for allowance and payment of Administrative Expense Claims arising between the Petition and the Plan Effective Date must file their request with the court on or before fourteen days following the Plan Effective date, i.e. October 13, 2023.

The Administrative Expense Claim

8. From and after the Petition Date through the Effective Date, the Debtor knowingly accepted the Salesforce Services provided and that provision of such services was in the ordinary course of business of the parties. *See Ramirez Declaration at ¶13*.

9. On September 26, 2023, the Debtors communicated to Salesforce via e-mail

---

[5] *See Order (A) Directing Joint Administration of Chapter 11 Cases And (B) Granting Related Relief* [ECF 75].

[6] *See, Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF 2160] (the "**Plan**").

-4-

31867387v.1

that they will be using the services through September 30, 2023. Accordingly, on September 28, 2023, Salesforce submitted to the Debtor a pro-rated Invoice No. 25019929B in the amount of $573,397.15 for services from April 23, 2023 through and including September 30, 2023[7]. *See Ramirez Declaration at ¶14*

10. From the commencement of the Salesforce Contract through the date of the Ramirez Declaration, the Debtors have failed to pay all post-petition Fees due and owing pursuant to the Salesforce Contract and, more specifically, an amount of not less than **US $573,397.15,** (the "**Administrative Expense Claim**") [8] remains due and owing to Salesforce pursuant to the Salesforce Contract for services due from the Petition Date through September 30, 2023**.** *See Ramirez Declaration at ¶15*.

## LEGAL AUTHORITY

### Administrative Expenses Are Allowed for Actual, Necessary Costs And Expenses of Preserving the Estate.

11. The Bankruptcy Code provides administrative status to claims for "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case. *In re Goody's Family Clothing Inc.,* 610 F.3d 812, 818 (3d Cir. 2010), *cert. denied,* 562 U.S. 1064, 131 S. Ct. 662, 178 L.Ed. 2d 483 (2010); *accord, In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001) *citing* 11 U.S.C. § 503(b).[9]  In the Third Circuit, the phrase "actual" and "necessary costs and expenses of preserving the estate*" should include costs ordinarily incident to operation of a business*, and not be limited to costs without which rehabilitation would be impossible." *Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir. 1999*)* [emphasis added] *citing Reading Co.*

---

[7] Due to the confidentiality provisions of the MSA, a copy of the Salesforce Contract and related invoices (the "**Invoices**") are not attached to the Ramirez Declaration. However, subject to appropriate non-disclosure protections, a copy of the Salesforce Contract and the Invoices will be made available to the Debtors in connection with the Administrative Expense Request.

[8] See, the Administrative Expense Claim Summary which is attached hereto as Exhibit A and is incorporated by reference here in as if fully set forth.

[9] *Accord, In re Valley Media, Inc.*, 279 B.R. 105, 141 (Bankr. D.Del. 2002); *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001); *In re Mid-American Waste*, 228 B.R. 816, 821 (Bankr. D. Del 1999).

*v. Brown*, 391 U.S. 471, 483, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968). It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

12. "To establish administrative expense priority the burden is on the claimant to demonstrate that the obligation claimed as administrative expenses (1) arose out a post-petition transaction with the debtor in possession and (2) directly and substantially benefitted the estate. *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.),* 181 F.3d 527, 532-33 (3d Cir. 1999). The principal purpose of 11 U.S.C. § 503 is to induce entities to do business with a debtor after bankruptcy by ensuring that those entities receive payment for services rendered. Section 503(b) contemplates some *quid-pro-qu*o wherein the estate accrues debt in exchange for some consideration necessary to the operation of the estate. *Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d at 689-90.

13. Thus, if a non-debtor party confers a benefit on a bankruptcy estate after the petition date pursuant to an executory contract, the non-debtor counterparty to that contract holds an administrative expense claim to the extent of the post-petition benefit conferred on the estate. *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36 (3rd Cir. 1989); *In re Waste Systems International, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) *citing NLRB v. Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). Any other result would improperly confer a benefit on the bankruptcy estate while permitting the estate to escape the contract's burdens.

14. Salesforce submits that its right to allowance and payment of the Administrative Expense Claim is clear: (A) Salesforce provided the Salesforce Services from the Petition Date though the Rejection Date pursuant to the Salesforce Contract; (B) BB&B (in its capacity as debtor-in-possession) knowingly and willingly accepted the Salesforce Services;

(C) the Salesforce Services were supplied to and beneficial to the debtor in possession in the operation of its business; and, (D) regardless whether, ultimately, the estate is liquidated or its business operations are sold as a going concern, utilization of the Salesforce Services by BB&B and/or the other Debtors preserves the Debtors' estates. Salesforce further submits that access to the Account, and usage of the Salesforce Services, directly and substantially benefitted the Debtors' estates by permitting the Debtors' continued post-petition operations without interruption.

15. Furthermore, on September 26, 2023, the Debtors communicated to Salesforce via e-mail that they will be using the services through September 30, 2023. Accordingly, on September 28, 2023, Salesforce submitted to the Debtor a pro-rated Invoice No. 25019929B in the amount of $573,397.15 for services from April 23, 2023 through and including September 30, 2023. *See Ramirez Declaration at Paragraph 14*.

16. Based on all these facts and circumstances, Salesforce submits that the provision of the Salesforce Services, unquestionably, constitutes "actual, necessary costs and expenses of preserving the estate" that should be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and should receive the highest priority in payment in this bankruptcy proceeding pursuant to 11 U.S.C. §507(a)(1).

## RESERVATION OF RIGHTS

17. Notwithstanding the foregoing, Salesforce expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, its "**Rights**") including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim already filed by Salesforce and/or any other claim or proof of claim that it may be filed in the future (collectively, the "**Claims**"), (B) the Administrative Expense Claim asserted hereby and/ or any further administrative expenses as may be asserted hereinafter (collectively, the "**Administrative Expenses**"), (C) a judicial determination of the amount(s) due and owing with regard to the

Claims and/or the Administrative Expenses, (D) this Administrative Expense Request in response to any submission by any party-in-interest including, without limitation, any objection to this Administrative Expense Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the Claims, this Administrative Expense Claim, any other Administrative Expenses or the Administrative Expense Requests as may be filed hereinafter (collectively, the "**Reservation of Rights**").

**WHEREFORE**, Salesforce respectfully requests the Court enter its Administrative Expense Order –

(A)   Allowing an administrative expense claim, in the amount not less than of **US $573,397.15** pursuant to the Salesforce Contract for Salesforce Services provided from the Petition Date through the Effective Date;

(B)  Directing the Debtors to pay the Administrative Expense Claim, in full, within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders;

(C)  approving the Reservation of Rights; and granting such other and further relief as may be deemed just and proper under the circumstances of this case.

Dated: October 13, 2023                                      Respectfully submitted,

                                                             WHITE AND WILLIAMS LLP

                                                             */s/ James Vandermark*
                                                             James Vandermark (No. 013072009)
                                                             White and Williams LLP
                                                             1650 Market Street, Suite 1800
                                                             Philadelphia, PA 19103
                                                             Telephone: (215) 864-6250
                                                             vandermarkj@whiteandwilliams.com

                                                             -and-

31867387v.1

BIALSON, BERGEN & SCHWAB,
A Professional Corporation
Thomas M. Gaa, Esq.
Gaye N. Heck, Esq.
830 Menlo Avenue, Suite 201
Menlo Park, CA 94025
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: Tgaa@bbslaw.com
E-mail: Gheck@bbslaw.com

*Attorneys for Creditor Salesforce, Inc.*