| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | U S. BANKRUPTCY COURT |
|---|---|
| Neelay Das<br>4682 Chabot Dr #10236<br>Pleasanton, CA 94588-2747<br><br>Email: neelay.bbby.njb@gmail.com<br><br><br><br>*Stockholder* | Gabriel Rostom<br>63 Rue de la Folie Regnault<br>75011 PARIS – France<br><br>Tel : +33756942880<br><br><br><br>*Stockholder* |
| In Re:<br>BED BATH & BEYOND INC., et al.,<br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

### APPLICATION FOR ORDER SHORTENING TIME

TO THE HONORABLE VINCENT F. PAPALIA, UNITED STATES BANKRUPTCY JUDGE:

The applicants, Neelay Das and Gabriel Rostom, the undersigned holders (the "Stockholders") of Common Stock equity interests in 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.), which has traded on Nasdaq exchange under the symbol "BBBY" and has traded over the counter under the symbol "BBBYQ" as recently as 09/29/2023, request that the time period to notice a hearing on the *Motion Of Common Stock Equity Interest Holders For Certification Of Direct Appeal To The United States Court Of Appeals For The Third Circuit* (the "Motion for Certification Of Direct Appeal") as required by D.N.J. LBR 9013-2(a) be shortened pursuant to Fed. R. Bankr. P 9006(c)(1), for the reason(s) set forth below:

        1.    <u>A shortened time hearing is requested because:</u> On September 28, 2023, the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

Applicants jointly noticed their appeal of the Court's *Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order"). The Debtors subsequently declared the plan Effective Date on 09/29/23, within hours of the Stockholders' Notice of Appeal getting docketed and then promptly proceeded to "cancel" all shareholder shares (see 09/29/2023 SEC Form 8K filing[2]) without recalling them, in violation of section 542 of the Bankruptcy Code and inconsistent with their own corporate by-laws procedures for transferring shares. Moreover, pursuant to part II.M. of the Confirmation Order (see Docket No. 2172, p. 43), cancellation of Stockholders' shares is not due until the later of the Effective Date or the date on which distributions are made. The *Notice Of (I) Entry Of The Order (A) Approving The Disclosure Statement On A Final Basis And (B) Confirming The Second Amended Joint Chapter 11 Plan Of Bed Bath & Beyond Inc. And Its Debtor Affiliates And (II) Occurrence Of Effective Date* [Docket No. 2311] states that the Administrative Claims Bar Date is fourteen (14) days following the Effective Date and so the date on which distributions are made did not occur on the Effective Date and has not occurred, yet. So, the Stockholders' shares were purportedly canceled on the Effective Date and before the date on which distributions are made, in direct violation of the Confirmation Order. The Stockholders are contemporaneously filing an *Emergency Motion Of Common Stock Equity Interest Holders For Stay And Associated Relief Pending Appeal Pursuant To Fed. R. Bankr. P. 8013(d) And 8007* to seek a stay on the Confirmation Order pending appeal and associated relief from this ongoing harm to their interests, that is occurring in violation of the order itself and also, because their appeal of the Confirmation Order is likely to succeed on the merits. If the Stockholders Emergency Motion is granted it will likely prevent substantial consummation of the Chapter 11 plan pending appeal and if not granted it will cause irreparable harm to the Stockholders because of irreversible cancellation of their equity interests, before the District Court or the Court of Appeals on Direct Appeal has a chance to grant the same relief. That is why a shortened time period to notice a hearing on the Motion for Certification Of Direct Appeal is warranted to expedite the resolution of the issues underlying the appeal.

2. <u>State the hearing dates requested:</u> The Applicants respectfully request that the Court hear the Motion at its earliest convenience.

---

[2] "As a result of the Confirmed Plan becoming effective, all of the Company's equity interests, consisting of outstanding shares of common stock and Series A Convertible Preferred Stock of the Company and related rights to receive or purchase shares of common stock, were cancelled on the Effective Date without consideration and have no value." *See SEC Form 8K filed on 09/29/2023 by the Debtor Corporation*: https://www.sec.gov/ix?doc=/Archives/edgar/data/0000886158/000119312523247428/d579010d8k.htm

3.    Reduction of the time period is not prohibited under Fed. R. Bankr. P 9006(c)(1).

The applicants request entry of the attached proposed *Order Shortening Time Period For Notice, Setting Hearing And Limiting Notice*.

.

Date:  10/13/2023

_____
Neelay Das

Date:  10/13/2023

_____
Gabriel Rostom (Oct 13, 2023 17:49 GMT+2)
Gabriel Rostom

**Proposed Order**