# EXHIBIT A

Blume Forte Fried, Zerres & Molinari **Attorney ID 010712003**
One Main Street
Chatham, NJ 07928
(973) 635-5400
LOCAL ATTORNEY FOR PLAINTIFF — Victoria Foster



| | |
|---|---|
| Victoria Foster,<br><br>    Plaintiffs,<br><br>  v s .<br><br>Bed Bath & Beyond, Inc., Fagor America, Inc.,<br>and FECNA America, Inc.<br><br>    Defendant(s) | SUPERIOR COURT OF NEW<br>JERSEY LAW DIVISION ESSEX<br>COUNTY DOCKET NO. L-2348-21<br><br>  Civil Action<br><br>**CONSENT ORDER** |

This matter having been opened to the Court by Blume, Forte, Fried, Zerres & Molinari,

A Professional Corporation, attorneys for the plaintiff, upon due notice to all counsel of record,

and the Court upon consent from all parties and for good cause shown;

On this 23rd day of March , 2022;

**IT IS HEREBY ORDERED** that:

1.     Plaintiff is hereby permitted to file an Amended Complaint to name Market

Solutions Group, Inc. d/b/a Zavor as a defendant in this action; and

2.     A copy of this Order shall be served upon all parties within seven days if not served

via eCourts.

Russell J. Passamano, JSC

We hereby agreed to form and
Entry of the within Order

Harris S. Feldman, Esq.
Blume Forte Fried, Zerres & Molinari
Local Attorney for Plaintiff,

267793234v.1

*Anthony M. Tracy*
Anthony M. Tracy, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
Attorney for Defendant Bed Bath & Beyond, Inc.

267793234v.1

PROPOSED AMENDED COMPLAINT

Blume Forte Fried, Zerres & Molinari **Attorney ID 010712003**
One Main Street
Chatham, NJ 07928
(973) 635-5400
LOCAL ATTORNEY FOR PLAINTIFF – Victoria Foster

| | |
|---|---|
| Victoria Foster,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>Bed Bath & Beyond, Inc., Fagor America, Inc., and FECNA America, Inc., Market Solutions Group, Inc. d/b/a Zavor, JOHN DOE 1-10 (a fictitious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products), ABC CORP. 1-10 (a fictitious name representing a class of fictitious defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product), XYZ CORP. 1-10 (a fictitious name representing a class of fictitious defendants who sold, distributed or advertised the product)<br><br>　　　　　Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION ESSEX COUNTY<br>DOCKET NO. ESX-L-2348-21<br><br>Civil Action<br><br>**COMPLAINT and JURY DEMAND** |

The Plaintiff, VICTORIA FOSTER, by and through her counsel, Meyers & Flowers, LLC, through their local counsel, Blume Forte Fried, Zerres & Molinari, hereby make this claim against the Defendants as follows:

<u>PARTIES</u>

1.　　At all times relevant to this complaint, Defendant Bed Bath & Beyond, Inc. was a New York corporation with its principal place of business in Union, New Jersey and at all relevant times to the claims set forth herein did business in Essex County at 530 W Mt Pleasant Ave, Livingston, New Jersey and 36 Clinton Rd, West Caldwell, New Jersey, thus making venue appropriate in Essex County.

2.      At all times relevant to this complaint, Defendant Fagor America, Inc. was a New Jersey corporation with its principal place of business in Lyndhurst, New Jersey.

3.      At all times relevant to this complaint, Defendant FECNA America, Inc. was a Delaware corporation with its principal place of business in Lyndhurst, New Jersey.

4.      At all times relevant to this complaint, Defendant Market Solutions Group, Inc. d/b/a Zavor (herein "Zavor") was a New Jersey corporation with its principal place of business in Palisades Park, New Jersey.

5.      New Jersey is the location of the principal place of business and/or headquarters of one or more of the defendants and as a result this matter may not be removed to federal court pursuant to diversity jurisdiction.

## COMMON ALLEGATIONS

3.  This is a personal action seeking recovery for substantial personal injuries and damages suffered by Plaintiff Victoria Foster after a Fagor America, Inc. Electric Multi-Cooker Pressure Cooker (Item Number: 670040230) (hereinafter the "subject Pressure Cooker") that was designed, manufactured, marketed, advertised, promoted, distributed and sold by and through Defendants, Bed Bath & Beyond, Inc., Fagor America, Inc., FECNA America, Inc., Zavor, JOHN DOE 1-10 (a fictitious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products), ABC CORP. 1-10 (a fictitious name representing a class of fictitious defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product), XYZ CORP. 1-10 (a fictitious name representing a class of fictitious defendants who sold, distributed or advertised the product) exploded and caused hot liquid and other contents to be discharged and severely burn her body.

4.  At all times relevant to this complaint, Fagor America, Inc., FECNA America, Inc., Zavor, and/or ABC CORP. 1-10 (a fictitious name representing a class of fictitious defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product) were engaged in the business of designing, manufacturing, promoting, marketing, advertising, distributing and selling pressure cookers and other household appliances.

5.  Fagor America, Inc., FECNA America, Inc., Zavor, and/or ABC CORP. 1-10 (a fictitious name representing a class of fictitious defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product) exercised substantial control over, and active involvement with, the design, manufacturing, testing, and quality assurance of its pressure cookers, including the subject Pressure Cooker.

6. Fagor America, Inc., FECNA America, Inc., Zavor, and/or ABC CORP. 1-10 (a fictitious name representing a class of fictitious defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product) were responsible for the content of its promotional and marketing materials and were responsible for the content of the materials accompanying its pressure cookers, including the instructions and warnings contained in its User's Manual and on-product labeling.

7. At all times relevant to this complaint Bed Bath & Beyond, Inc. was engaged in the business of operating retail stores throughout the United States and New Jersey through which Bed Bath & Beyond, Inc. advertised, marketed, promoted, distributed and sold a wide range of consumer goods, including pressure cookers.

8. Bed Bath & Beyond, Inc., JOHN DOE 1-10 (a fictitious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products) and/or XYZ CORP. 1-10 (a fictitious name representing a class of fictitious defendants who sold, distributed or advertised the product) were responsible for the content of its promotional and marketing materials and were responsible for the content of the materials accompanying pressure cookers it sold, including the subject Pressure Cooker.

9. Prior to the subject incident giving rise to this lawsuit, which occurred on or about July 11, 2020, Victoria Foster read Defendants' User's Manual, which included Defendants' representations regarding the subject Pressure Cooker's alleged safety "features". Of note, Defendants' User's Manual warranted:

    a. "While cooking under pressure you **will not** be able to open the lid until all of the pressure is released." (emphasis added)

    b. "The safety-floating valve controls the amount of pressure inside the cooker by allowing excess pressure to be released.

    c. "The safety pressure valve allows excess pressure to escape from the cooker

when it is being used for pressure cooking.  It works independently of the floating valve."

    d. "Pressure cooking is Fast, Easy, Healthy!"

    e. "All the pressure will be released in seconds [using the quick release method]."

10. Defendants represented and warranted to users and consumers, including Victoria Foster, that its pressure cookers, including the subject Pressure Cooker, have a lid that comes with a self-locking pin that will automatically lock when you slide it into place.  Defendants further represented and warranted to users and consumers, including Victoria Foster, that it will not unlock if there is pressure inside the unit.

11. Defendants also represented and warranted to users and consumers, including Victoria Foster, that "[y]ou will know when the pressure has been released because the floating valve will drop and you will be able to open the lid."  However, Defendants did not include a diagram, description, or any other means of identifying the proper position of the "floating valve" when the pressure cooker is safe to be opened versus when it is unsafe due to remaining pressure.

12. Victoria Foster reasonably believed the subject Pressure Cooker was incapable of pressurizing without its lid being placed in a fully locked position and that the lid could not come off if pressure remained inside the product.  Accordingly, Victoria Foster used the subject Pressure Cooker to prepare food items in a manner intended and directed by Defendants.

13. On July 11, 2020, Victoria Foster was using the subject Pressure Cooker in a reasonably foreseeable manner.

14. Despite operating the subject Pressure Cooker as intended and directed by Defendants, the heated contents of the subject Pressure Cooker suddenly and without warning exploded out of the subject Pressure Cooker and onto Victoria Foster as she attempted to

remove the lid.

15. As a direct and proximate cause of the contents erupting out of the subject Pressure Cooker, Victoria Foster was caused to suffer severe, painful burns to her chest, breasts, abdomen and leg, among other injuries, which necessitated medical treatment.

16. As a direct and proximate cause of the contents erupting out of Defendants' Pressure Cooker the Plaintiff, Victoria Foster, suffered serious and permanent injuries such as burns, scarring and disfigurement, lack of sensation, and sensitivity and great pain and anguish in mind and body.

17. Upon information and belief, Defendants were aware of safety issues, concerns and complaints of under-pressure incidents causing injury and/or property damage by electric pressure cookers that have the same or very similar lid-locking and pressure relief safety mechanisms.

18. Upon information and belief, Defendants were actively and substantially engaged with, supervising, and participating with making a number of design changes to the subject Pressure Cooker model line, including adding safety devices to the product to prevent the product from opening under pressure, achieving pressure unless and until the lid was fully locked and ensuring users can easily see when the product's lid was safe to be opened.

19. Despite Defendants' knowledge of the defective condition of the subject Pressure Cooker at the time it left their control, Defendants failed to take any corrective action to prevent further harm, including the Plaintiff's harm, but instead continued to represent and warrant the product to be safe.

20. The subject Pressure Cooker, as designed and/or manufactured by Defendants, was unsafe, unreasonably dangerous and defective in terms of its design, manufacturing and/or

warnings, because as designed and manufactured by Defendants, the subject Pressure Cooker's lid was capable of (and did) explode and come off in the ordinary, foreseeable, proper use of cooking food with the product, without any adequate warning to the consumer that such a failure would foreseeably occur.

21. The subject Pressure cooker at issue was designed and manufactured with a lid-locking mechanism that is inadequate to prevent the lid from being open while the unit and its contents are pressurized.

22. The subject Pressure cooker at issue was designed and manufactured with locking lugs that are inadequate to prevent the lid from being open while the unit and its contents are pressurized due to the material, size and shape.

23. The subject Pressure cooker at issue was designed and manufactured with strike plate that is inadequate to prevent the lid from being open while the unit and its contents are pressurized.

24. Defendants designed, manufactured, tested, promoted, marketed, advertised, distributed and sold the subject Pressure Cooker for use in consumer kitchens.

25. The subject Pressure Cooker reached Victoria Foster without substantial change in its condition and was stored and used in a reasonably foreseeable manner at the time and prior to the incident in question.

26. At all times relevant to this complaint, Victoria Foster used, maintained, cleaned and stored the subject Pressure Cooker consistent with the instructions provided by Defendants in the User's Manual.

## COUNT ONE

27. Plaintiff incorporates by reference paragraphs 1 through 26 of the Complaint at Law as if fully set forth herein.

28. Defendants have a duty to place into the stream of commerce, manufacture, test, label, distribute, market, advertise, promote, and sell pressure cookers and products that are not defective, unsafe and unreasonably dangerous when put to the use for which they are designed, manufactured, distributed, marketed, and sold.

29. Defendants did in fact design, manufacture, test, label, market, advertise, promote, supply, distribute and/or sell Fagor America, Inc. Electric Multi-Cooker pressure cookers to consumers, including the subject Pressure Cooker to Plaintiff's mother.

30. Defendants expected the subject Pressure Cooker it was designing, manufacturing, testing, labeling, marketing, advertising, promoting, supplying, distributing and selling to reach, and it did in fact reach, consumers in multiple states, including Plaintiff, without substantial change in the condition.

31. Before and at the time the subject Pressure Cooker left the possession of Defendants and the time the subject Pressure Cooker entered the stream of commerce, the subject Pressure Cooker's design was defective, unsafe and unreasonably dangerous. The risks inherent in the subject Pressure Cooker's design outweigh its utility, particularly given the availability of feasible, safer alternative designs which would not impair the functionality of the subject Pressure Cooker.

32. Defendants also marketed the subject Pressure Cooker in a defective manner, including that they failed to effectively warn or inform consumers, including Victoria Foster, of the unreasonably dangerous properties of the subject Pressure Cooker and methods by which consumers, such as Victoria Foster, could guard and/or mitigate such dangers.

33. These defects associated with the subject Pressure Cooker include but are not limited to the following:

a. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that the lid can be opened while the unit and its contents are under pressure;

b. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it was not reasonably fit for the uses intended or reasonably foreseeable by the Defendants;

c. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it may fail to seal its lid thereby allowing contents to escape the pressure cooker while in operation and pressurized;

d. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it contained safety mechanisms that fail to secure the lid while the pressure cooker is in operation and pressurized;

e. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it fails to provide a safe lid-locking system and/or mechanism to prevent the pressure cooker from opening while the contents and cooker are under pressure;

f. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that its locking mechanism fails to secure the lid to the Pressure Cooker when in operation and pressurized;

g. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it was able to achieve pressurization without being placed in the locked position;

h. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it fails to provide a safe lid-locking system and/or mechanism to prevent leakage of contents from the pressure cooker while it is under pressure;

i. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it lacked reasonable and adequate warnings to users of the pressure cooker as to its dangerous propensity;

j. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it lacked reasonable and adequate warnings to users of the pressure cooker as to how to safely use or operate the pressure cooker;

k. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it lacked warnings that were reasonably sufficient in size, placement, prominence, and in the manner in which said warnings were conveyed to users of the pressure cooker as to how to use or operate the product safely;

l. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it lacked warnings that were sufficient in size, placement, prominence, and in the manner in which said warnings were conveyed to users of the pressure cooker as to

its dangerous propensity;

m. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it was designed, manufactured and assembled using an unsafe plan or design and with materials, components, metals, plastics, and other parts which would cause or permit contents to escape the pressure cooker while in operation and pressurized;

n. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it failed to maintain and regulate its pressure under normal operating conditions;

o. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it contained pressure regulating and release components that fail to adequately regulate the pressure within the pressure cooker while in the normal course of operation;

p. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it was not subjected to appropriate performance or safety testing prior to being distributed, sold, or otherwise placed into the stream of commerce;

q. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications;

r. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that it lacked warnings adequately demonstrating how to depressurize the unit, including but not limited to, failing to identify or describe a safe or unsafe position of the "Floating Valve";

s. The subject Pressure Cooker is unsafe, unreasonably dangerous and defective in that the design, shape, size and material used in the locking lugs are inadequate to effectively perform their function in the lid-locking mechanism;

t. The subject Pressure Cooker was capable of releasing scalding hot contents while the unit and contents are under pressure when other pressure cooker unit designs do not have such risk;

u. Safer alternative pressure cooker unit designs existed that do not present the same risks associated with the subject Pressure Cooker;

v. Any alleged benefits of the subject Pressure Cooker are outweighed by the risks of the subject Pressure Cooker's lid opening while the unit and its scalding hot contents are pressurized;

w. The dangers associated with the subject Pressure Cooker outweigh any alleged utility in the subject Pressure Cooker's design. The nature and magnitude of the risk of the subject Pressure Cooker lid opening while the unit and its scalding hot contents are pressurized was high in light of the intended and reasonably foreseeable uses of

the product;

x. The likelihood that product users were aware of this risk was low, given that the subject Pressure Cooker was designed and advertised to be safe, easy to use had no adequate warnings about possible dangers; and

y. Was otherwise defective, unsafe and unreasonably dangerous and failed to incorporate reasonable safe alternative designs and/or warnings.

34. Upon information and belief, prior to the incident set forth herein, Defendants were aware of Fagor America, Inc. Electric Multi-Cooker Pressure Cookers exploding during ordinary, foreseeable use by consumers.

35. Upon information and belief, prior to the incident set forth herein, Defendants were aware that the lids of Fagor America, Inc. Electric Multi-Cooker Pressure Cookers were capable of being opened while the units and their contents were pressurized.

36. Upon information and belief, prior to the incident set forth herein, Defendants were aware of incidents where individuals were injured and/or burned by Fagor America, Inc. Electric Multi-Cooker Pressure Cookers exploding during ordinary, foreseeable use by consumers.

37. Upon information and belief, prior to the incident set forth herein, Defendants were aware of incidents where individuals were injured and/or burned when the lid of Fagor America, Inc. Electric Multi-Cooker Pressure Cookers were capable of being opened while the units and their contents were pressurized.

38. Upon information and belief, prior to the incident set forth herein, Defendants were aware of incidents where individuals were injured and/or burned when the lid-locking mechanism of Fagor America, Inc. Electric Multi-Cooker Pressure Cookers failed to prevent the lid from opening on a unit that was still pressurized.

39. At all times relevant to this complaint, Victoria Foster used the subject Pressure

Cooker for its intended purpose, cleaned and maintained it according to the User's Manual and stored it appropriately. There was no other reasonable cause of the subject Pressure Cooker failure to properly perform other than the subject Pressure Cooker being defective.

40. Defendants knew or reasonably should have known of the danger associated with the manner and circumstances of Victoria Foster's foreseeable use of the subject Pressure Cooker, which danger would not be obvious to the general public.

41. Defendants acted carelessly, recklessly, negligently and with gross negligence by directly designing, manufacturing, researching, testing, inspecting, marketing, advertising, promoting, supplying, distributing, and selling its product, without adequate warning regarding the hazardous potential of its product.

42. Due to the negligent and statutory violations of the Defendants, the subject Pressure Cooker exploded, and Plaintiff Victoria Foster was caused to suffer and sustain injuries of a permanent nature including, but not limited to, burns, scarring, and disfigurement. Victoria Foster also suffered great pain and anguish in both mind and body.    Victoria Foster was hindered and prevented from her usual and customary duties and affairs. Victoria Foster will be in the future caused to endure great pain, suffering and disability and has expended and become liable for substantial sums of medical care and services while endeavoring to become cured and healed of said injuries and will continue to expend and become liable for additional costs for future medical treatment. Victoria Foster was also caused to lose earnings and will continue to lose earnings. Furthermore, Victoria Foster was unable to and will in the future be unable to attend to her normal affairs and duties for an indefinite period of time.

43. Pursuant to N.J.S.A. 2A:58-C, et seq., (New Jersey Products Liability Act) Victoria Foster asserts all claims and causes of action against the Defendants, including, but not limited

to negligence, gross negligence, breach of express warranties, breach of implied warranties, breach of implied warranties of merchantability, breach of implied warranties of fitness for a particular purpose, strict liability, all claims and causes of actions pertaining to design, manufacture, advertising, marketing, promotion, sale and distribution of the defective subject Pressure Cooker which was not reasonably fit, suitable or safe for its intended purpose as it was defectively designed, manufactured, and/or failed to contain adequate warnings and/or instructions.

WHEREFORE, Plaintiff Victoria Foster demands judgment against the Defendants, for damages, punitive damages, cost of suit, interest, attorney's fees, and any other relief as this Court deems just and proper.

### COUNT TWO

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

53.    Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint at Law as if fully set forth herein.

54.    Defendants violated the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 et seq, by knowingly misrepresenting, concealing, suppressing, omitting and/or failing to disclose material information regarding the potential for highly dangerous explosion and/or eruption of the scalding contents under pressure from the subject Pressure Cooker under normal and foreseeable uses with the knowledge that Victoria Foster relied upon such concealment, suppression, omission, and failure to disclose in deciding to use the subject Pressure Cooker.

55.    Defendants acting as aforesaid, violated the Consumer Fraud Act by failing to disclose to Victoria Foster and her mother, that its product, the subject Pressure Cooker, was potentially defective in that the design of the subject Pressure Cooker would allow for the lid to open or be opened while the unit and its scalding hot contents were pressurized which could result in serious burns and injuries.

56.    Defendants violated the Consumer Fraud Act by the knowing use of false and misleading representations regarding the safety of the subject Pressure Cooker, and the increased risk of the lid opening or a user being able to open the lid under ordinary conditions without knowing the unit and its scalding hot contents were pressurized which could result in serious burns and injuries.

57.    Pursuant to Defendants' misrepresentations and omissions, Victoria Foster was falsely led to believe that the subject Pressure Cooker was safe and that it did not pose the risk of serious burns or injury from the lid opening or being opened while the unit and its scalding hot contents were pressurized.

58.    Victoria Foster suffered medical expenses, lost wages, and other ascertainable losses as a result of Defendants' actions and/or inactions.

WHEREFORE, Plaintiff Victoria Foster, demands judgment against the Defendants for compensatory damages, pain and suffering, cost, treble damages, punitive damages, reasonable attorney's fees, and any other relief as this Court deems just and proper.


## COUNT THREE

## PUNITIVE DAMAGES

59.    Plaintiff incorporates by reference paragraphs 1 through 58 of the Complaint at Law as if fully set forth herein.

60.    Defendants knew that the subject Pressure Cooker contained a potential for serious burns or injury but continued to design, manufacture, market, advertise, promote, sell and distribute Fagor America, Inc. Electric Multi-Cooker Pressure Cookers so as to maximize sales and profits at the expense of the health and safety of the public, including Victoria Foster,

in conscious and/or negligent disregard of the foreseeable risk of harm, burns or other injury from lid-removal while the units are pressurized.

61.    Defendants intentionally concealed or misrepresented facts known to it regarding the potential for Fagor America, Inc. Electric Multi-Cooker Pressure Cooker lids coming off or being removed while the unit and its scalding hot contents are pressurized.

62.    Defendants failed to provide adequate warnings to consumers about the risks Fagor America, Inc. Electric Multi-Cooker Pressure Cooker lids coming off or being removed while the unit and its scalding hot contents are pressurized.

63.    Defendants' aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safeties of consumers such as Victoria Foster, thereby entitling Victoria Foster to punitive damages in an amount appropriate to punish Defendant(s) and deter them from similar conduct in the future.

WHEREFORE, Plaintiff Victoria Foster, demands judgment against the Defendants for statutory, treble and/or punitive damages, attorney's fees and cost of suit and any other relief as this Court deems just and proper.

## COUNT FOUR

### EXPRESS WARRANTY

64.    Plaintiffs incorporate by reference paragraphs 1 through 63 of the Complaint at Law as if fully set forth herein.

65.    Pursuant to N.J.S.A. 2A:58C-2, the Defendants are liable to Victoria Foster in that the product designed, manufactured and/or distributed by the Defendants caused the serious and life-threatening injuries to Victoria Foster and was not reasonably fit, suitable or safe for its intended purpose in that it:

    a. Deviated from the design specifications, formulae or performance standards of the manufacturer, or from otherwise similar units manufactured to the same manufacturing specifications;

    b. Failure to include adequate warnings and/or instructions; and

    c. Was designed in a defective manner.

    66. Defendants named herein are strictly liable to Victoria Foster for the harm, damages and injuries complained of herein by reason of having sold and placed into the stream of commerce the subject Pressure Cooker which were unreasonably dangerous to its users.

    WHEREFORE, Plaintiff Victoria Foster, demands judgment against the Defendants for statutory, treble and/or punitive damages, attorney's fees and cost of suit and any other relief as this Court deems just and proper.

<u>JURY DEMAND</u>

    The Plaintiff demands a trial by jury as to all issues so triable herein.

<u>DEMAND FOR INSURANCE COVERAGE</u>

    Pursuant to <u>R</u>. 4:10-2(b), demand is made that Defendants disclose to Plaintiffs' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action; or indemnify or reimburse for payments made to satisfy the judgment; and provide Plaintiffs' attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any excess, catastrophic or umbrella policies.

## R. 4:5-1 CERTIFICATION

I have no knowledge of any other pending action or arbitration concerning the subject matter of this action.

Harris S. Feldman, Esq.
Local Attorney for Plaintiff
Blume Forte Fried, Zerres & Molinari
One Main Street
Chatham, NJ 07928
Tel: (973) 635-5400
HSF@njatty.com

Dated: March 4, 2022