# EXHIBIT B

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Gina Calabria, Esq. (Attorney I.D. No.: 29752002)
Anthony M. Tracy, Esq. (Attorney I.D. No.: 030841990)
7 Giralda Farms
Suites 100/110
Madison, New Jersey 07940
Tel: (973) 624-0800 * Fax: (973) 624-0808
Attorneys for Defendant Bed Bath & Beyond Inc.

| | |
|---|---|
| Victoria Foster,<br><br>      Plaintiff,<br><br>vs.<br><br>Bed Bath & Beyond, Inc., Fagor America, Inc., FECNA America, Inc., Market Solutions Group, Inc. d/b/a Zavor, JOHN DOE 1-10 ( a fictitious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products), ABC CORP. 1-10 (a fictitious name representing a class of fictitious defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product), and XYZ CORP. 1-10 (a fictitious name representing a class of fictitious defendants who sold, distributed or advertised the product)<br><br>      Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.: ESX-L-2348-21<br><br>Civil Action<br><br>**DEFENDANT BED BATH & BEYOND INC.'S ANSWERS TO FORM C AND C(4) INTERROGATORIES** |

TO: Harris S. Feldman, Esq.
   Blume Forte Fried, Zerres & Molinari
   1 Main Street
   Chatham, NJ 07928

   Frank V. Cesarone, Esq.
   Meyers & Flowers, LLC
   3 North Second Street
   Suite 300
   St. Charles, IL 60174

   Evert Van Kampen, Esq.
   Law Office of Linda S. Baumann
   67 E. Park Place
   Suite 201
   Morristown, NJ 08520

COUNSEL:

      **PLEASE TAKE NOTICE** that Defendant, Bed Bath & Beyond Inc. ("Defendant"), hereby provides answers to Form C and C(4) Interrogatories as follows:

    The information supplied in these answers is not based solely on the knowledge of the certifying person, but includes the knowledge of: that person, his/her employer, the agents or representatives of such employer, any other joint/co-defendants, or counsel (unless privileged). While the statements made and information contained in these interrogatory answers are true to the best of the certifying person's knowledge, the actual words used and/or the sentence structure may be that of counsel assisting in the preparation of these answers and thus does not necessarily purport to be the precise language of the person executing the certification.

## GENERAL OBJECTIONS

1. Defendant objects to these Interrogatories in their entirety as overly broad, unduly burdensome, vague, vexatious, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each interrogatory calling for an answer requiring "each," "every," "all," "any" or "each and every" persons, entities, documents, statements, facts or circumstances on the grounds that such interrogatories are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and that they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, defendant will construe these terms and phrases to request that defendant use reasonable diligence to locate relevant information or documents, based on an examination of those files that reasonably may be expected to yield relevant information or documents, and inquire of those who may reasonably be expected to possess responsive information or documents.

3. Defendant objects to all interrogatories and requests for information regarding "each," "every," "all," "any" or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s) or statement(s) on the grounds that defendant has not completed the investigation of facts relating to this action. Discovery and defendant's search for documents and related materials is ongoing. Accordingly, defendant reserves the right to rely on any facts, documents or other evidence that may develop or come to defendant's attention, subsequent thereto. The responses of defendant are set forth herein without prejudice to the right to assert additional objections or supplemental responses should defendant discover additional information or grounds for objections. Additionally, defendant reserves the right to supplement or amend these responses at any time prior to trial of this action.

4. Defendant objects to each interrogatory that seeks information with respect to documents or oral communications "relating to," "reflecting," "pertaining to," "concerning," "discussing," "referencing" or "referring to" certain facts or contentions on the grounds that these terms are vague and ambiguous, and do not describe the material sought with sufficient

particularity. Defendant further objects that requests using these terms are overly broad, unduly burdensome, oppressive and vexatious and that they seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the interrogatories to the extent they impose any duty or obligation upon defendant in excess of those duties and obligations imposed by the New Jersey Rules of Court.

6. Defendant objects to all interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-examination or self-critical analysis privilege, or any other legal privilege or immunity.

7. Defendant objects to all interrogatories that seek information in the possession or control of other parties to this action.

8. Defendant objects to these interrogatories to the extent that they require the understanding of legal concepts, statutory construction and/or court rules, and thus improperly seek a legal conclusion and/or legal reasoning which is not the appropriate subject matter of interrogatories.

9. Defendant objects to all interrogatories to the extent that they require defendant to detail its legal contentions and supporting facts on the ground that such requests are premature at this stage of discovery.

10. To the extent defendant answers these interrogatories; defendant does not concede that the information requested is relevant to this action. Defendant expressly reserves the right to object to further discovery of the subject matter of any of these interrogatories and the introduction into evidence of any answer or portion thereof, or of any document produced in response to these interrogatories.

11. Defendant reserves the right to challenge the competency, relevance, materiality and admissibility of information set forth herein in any subsequent proceeding, or the trial of this or any other action, and objects on those grounds to the use of these answers in any subsequent proceeding or the trial of this or any other action.

12. Defendant objects to all interrogatories to the extent they seek disclosure of confidential, commercial or business information.

13. The foregoing general objections are deemed incorporated in each of the following answers to interrogatories, to the extent applicable, and are in addition to any specific objections made in any of the following answers.

14. Please be advised that the service of any attached documents/records should not be construed as an adoptive admission as that term has been defined by the New Jersey Courts.

    (See, Skibinski v. Smith, 206 N.J. Super. 349 (App. Div. 1985), and Sallo v. Sabatino, 46 N.J. Super. 416 (App. Div. 1976)).

15. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.

## ANSWERS TO FORM C INTERROGATORIES

1. State: (a) the full name and residence address of each defendant; (b) if a corporation, the exact corporate name; and (c) if a partnership, the exact partnership name and the full name and residence of each partner.

(a) Bed Bath & Beyond Inc.
650 Liberty Avenue
Union, New Jersey 07083
(b) Same as in (a) above; and
(c) Not applicable.

2. Describe in detail your version of the accident or occurrence setting forth the date, location, time and weather.

**Defendant has no version of the alleged incident because defendant did not witness the incident. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

3. If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim or third-party action, (a) state the facts upon which you intend to predicate such defenses, counterclaim or third-party action; and (b) identify a copy of every document relating to such facts.

**Plaintiff failed to exercise the appropriate degree of due care and circumspection commensurate with the existing circumstances, failed to make reasonable safety observations, failed to take into account possible hazards, failed to act in a reasonable and prudent manner, and was otherwise careless and negligent.**

**Upon advice of counsel, defendant will rely upon all facts contained in these and other interrogatories, all discovery, and any and all facts that continuing investigation, examination and cross-examination may reveal.**

4. State the names and addresses of all persons who have knowledge of any relevant facts relating to the case.

**All parties to this lawsuit; all persons named in these and other interrogatories; all persons named in all other discovery; any and all eyewitnesses; any and all examining physicians; the custodians of any and all relevant medical records; the custodians of any and all relevant records; Holly Glazer, Category Manager for Bed Bath & Beyond Inc.; and any other witnesses or persons with relevant knowledge which continuing discovery, investigation, examination and cross-examination may reveal.**

5. State (a) the name and address of any person who has made a statement regarding this lawsuit; (b) whether the statement was oral or in writing; (c) the date the statement was made; (d) the name and address of the person to whom the statement was made; (e) the name and address of each person present when the statement was made; and (f) the name and address of each person who has knowledge of the statement.

Unless subject to a claim of privilege, which must be specified: (g) attach a copy of the statement, if it is in writing; (h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who has custody of it; and (i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

**See enclosed Affidavit of Holly Glazer, Category Manager for Bed Bath & Beyond Inc., bate stamped BBB-001. This document should not be construed as an adoptive admission on behalf of Defendant. In addition, Defendant identifies any statements as they may appear to be contained in the medical records/charts and treating notes of the Plaintiff. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

6. If you claim that the plaintiff made any statements or admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

**See response to Form C interrogatory No. 5. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

7. If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

**Unknown at this time. Defendant retains the right to amend this interrogatory answer with information which may be revealed through continuing discovery, investigation, examination and cross-examination.**

8. State the names and addresses of all eyewitnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

**Defendant is unaware of any eyewitnesses at this time. Defendant retains the right to amend this interrogatory answer with information which may be revealed through continuing discovery, investigation, examination and cross-examination.**

9.  If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

**None other than those photographs that have already been produced by plaintiff in discovery. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

10.  State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses.

**Defendant will identify any experts and supply their reports if and when such experts are retained. Defendant reserves the right to supplement this interrogatory in accordance with the Court Rules.**

11.  If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state: (a) the date of said accident; (b) the injuries you contend that plaintiff sustained; (c) the parties involved in said accident; (d) the source from which you obtained the information; and (e) attach a copy of any written documents regarding this information.

**Unknown at this time. Defendant retains the right to amend this interrogatory answer with information which may be revealed through continuing discovery, investigation, examination and cross-examination.**

12.  If you intend to rely on any statute, rule, regulation or ordinance, state the exact title and section.

**Defendant objects to this interrogatory on the grounds that it calls for disclosure of defendant's trial strategy. Without waiving this objection, defendant is unaware at this time of any statutes, regulations or ordinances. Defendant retains the right to amend this interrogatory answer with information which may be revealed through continuing discovery, investigation, examination and cross-examination.**

13.  Pursuant to R. 4:10-2(b), state whether there are any insurance agreements including excess policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

If the answer is "yes", attach a copy of each insurance agreement or policy, or in the alternative state: (a) number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f)

property damage limits; (g) medical payment limits; (h) name and address of person who has custody and possession thereof; and (i) where and when each policy or agreement can be inspected and copied.

(a)   Policy No. #: GL 4062767;

(b)   Safety National Casualty Corp.;

(c)   03/01/2020 to 03/01/2021;

(d)   Objection; this request is unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of objection, this defendant is insured under the aforesaid policy;

(e), (f) & (g)   $3 million combined bodily injury and property damage;

(h)   Bed Bath & Beyond Inc.;

(i)   will be made available for inspection upon reasonable request.

14.   Identify all documents that may relate to this action, and attach copies of each such document.

**See enclosed Affidavit of Holly Glazer, Category Manager for Bed Bath & Beyond Inc., bate stamped BBB-001, and Sku Total for Pressure Cooker 6Q SS Fagor, bate stamped BBB-002. These documents should not be construed as an adoptive admission on behalf of Defendant. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

15.   State whether you have ever been convicted of a crime. YES (   ) or NO (   ).

   If the answer is "yes," state: (a) date; (b) place; and (c) nature.

**Not applicable.**