<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq. (admitted *pro hac vice*)
Connie Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: 212-808-7800
Fax: 212-808-7897
Email: rlehane@kelleydrye.com
      jraviele@kelleydrye.com
      cchoe@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07504
Tel: 973-503-5900

*Counsel for NNN REIT, Inc.*

</td></tr>
</table>

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>               Debtors.[1] | Case No.: 23-13359 (VFP)<br><br>Chapter 11<br><br>(Jointly Administered) |

## APPLICATION OF NNN REIT, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

       NNN REIT, Inc. f/k/a National Retail Properties, LP (the "<u>Landlord</u>"), by and

through its undersigned counsel, Kelley Drye & Warren LLP, pursuant to sections 503(b) and

365(d)(3) of title 11 of the United States Code, files this application (this "<u>Application</u>") requesting

entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), for

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

allowance and payment of the Landlord's administrative expense claims (the "Administrative Expense Claims"), attached as **Exhibit 1** to the Order, in the amount totaling $64,819.73, as detailed on **Exhibit B** and supported by documentation attached hereto as **Exhibit C**.  In support of this Application, the Landlord represents, as follows:

## BACKGROUND

1.      The Landlord is the owner or affiliate of or managing agent for the owners of shopping centers located throughout the United States where the Debtors lease retail space pursuant to written leases (each, a "Lease," and collectively, the "Leases") for certain locations (collectively, the "Leased Premises").   Most or all of the Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

2.       On April 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.  Since the Petition Date, the Debtors have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      On September 14, 2023, the Court entered an order confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor and its Affiliates* (the "Plan").[2]  The Plan went effective on September 29, 2023 (the "Effective Date").[3]

4.      Pursuant to the Confirmation Order and Effective Date Notice, the deadline for creditors to file and serve requests for payment of administrative claims is fourteen (14) days after the Effective Date, which is October 13, 2023.

---

[2]        Docket Nos. 2172 (the "Confirmation Order").

[3]        Docket No. 2311 (the "Effective Date Notice").

5.      The Landlord is entitled to payment of the Administrative Expense Claims pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code for certain accrued and unpaid post-petition amounts totaling $64,819.73, as set forth on **Exhibit C** (the "Unpaid Post-Petition Amounts").

### JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

6.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

7.      The statutory predicates for the relief requested are 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A), 507(a)(2), and Rule 3001-1 of the Local Rules of the United States Bankruptcy Court of the District of New Jersey.

### BASIS FOR RELIEF REQUESTED

8.    Section 365(d)(3) of the Bankruptcy Code provides in relevant part as follows:

> The trustee shall timely perform all the obligations of the debtor…
> arising from and after the order for relief under any unexpired lease
> of nonresidential real property, until such lease is assumed or
> rejected, notwithstanding section 503(b)(1) of this title.[4]

11 U.S.C. § 365(d)(3).

9.      The plain language of section 365(d)(3) requires Debtors to "fully and timely" perform their obligations under the Leases.[5]  Such obligations include rent, common area maintenance costs, and other charges arising under the applicable lease.[6]  The majority of courts

---

[4]       11 U.S.C. § 365(d)(3).

[5]       *In re Simbaki, Ltd.*, Case No. 13-36878, 2015 WL 1593888, at *2 (Bankr. S.D. Tex. April 3, 2015) (internal citations omitted); *see also In re Imperial Beverage Group, LLC*, 457 B.R. 490, 497–500 (Bankr. N.D. Tex. 2011).

[6]       *See Simbaki*, 2015 WL 1593888, at *2.

that have considered the operation of section 365(d)(3), including this Court, have concluded that costs and expenses incurred for post-petition, pre-rejection performance under an unexpired nonresidential real property lease must be allowed as administrative expenses regardless of section 503(b)(1)(A) limitations.[7]

10.     Further, section 503(b)(1)(A) of the Bankruptcy Code affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate.  "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [section 503] plainly require that their claims be afforded priority."[8]  Section 507(a) of the Bankruptcy Code adds that administrative expense claims allowed under section 503(b) of the Bankruptcy Code will be given high priority.[9]

11.     Based on the foregoing, the Unpaid Post-Petition Amounts constitute actual and necessary costs of the estates, which the Debtors have not yet paid.

12.     Accordingly, the Landlord is entitled to allowance and immediate payment of its Administrative Expense Claims under the Leases pursuant to sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

13.     The Landlord reserves all rights with respect to its administrative claims, including, but not limited to, the right to amend and supplement its claims to include additional

---

[7]     See Id. at *2–*4; see also In re CHS Elecs., Inc., 265 B.R. 339, 341–42 (Bankr. S.D. Fla. 2001) (agreeing with "a majority of courts" that post-petition rent is entitled to administrative priority without regard to § 503(b)(1)); In re Liberty Outdoors, Inc., 205 B.R. 414, 417 (Bankr. E.D. Mo. 1997) (holding that the lessor is entitled to payment of unpaid expenses pursuant to section 365(d)(3) regardless of whether the expenses benefited or preserved the estate).

[8]     In re Goody's Family Clothing, Inc., 610 F.3d 812, 818 (3d Cir. 2010); In re Whistler Energy II, L.L.C., 931 F.3d 432, 443 (5th Cir. 2019); In re Jartran, Inc., 732 F.2d 584, 586 (7th Cir. 1984).

[9]     See Simbaki, 2015 WL 1593888, at *3.

post-petition amounts, including rents, taxes, interest, adjustments, costs, and attorneys' fees as provided for under the Lease.  The Landlord also reserves its right to file additional administrative claims for accrued, but unbilled adjustments, including year-end adjustments, when such amounts are billed.

## **<u>CONCLUSION</u>**

WHEREFORE**,** for the reasons set forth herein, the Landlord respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, allowing the Administrative Expense Claims attached to the Order as **<u>Exhibit 1</u>** in the total amount of $64,819.73; (ii) directing the Debtors to immediately pay such Administrative Expense Claims; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 13, 2023        Respectfully submitted,

*/s/ Robert L. LeHane*
Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq. (admitted *pro hac vice*)
Connie Y. Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  212-808-7800
Fax:  212-808-7897
Email:  rlehane@kelleydrye.com
      jraviele@kelleydrye.com
      cchoe@kelleydrye.com

*Counsel for NNN REIT, Inc.*

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq. (admitted *pro hac vice*)
Connie Choe, Esq.
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: 212-808-7800
Fax: 212-808-7897
Email: rlehane@kelleydrye.com
      jraviele@kelleydrye.com
      cchoe@kelleydrye.com
-and-

One Jefferson Road
Parsippany, NJ 07504
Tel: 973-503-5900

*Counsel for Landlord, NNN REIT, Inc.*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>                Debtors.[1] | Case No.: 23-13359 (VFP)<br><br>Chapter 11<br><br>(Jointly Administered) |

## ORDER GRANTING APPLICATION OF NNN REIT, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

    The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Upon the Application (the "Application") of NNN REIT, Inc. (the "Landlord"), for entry of an order granting the allowance and payment of administrative expense claims (the "Administrative Expense Claims") attached hereto as Exhibit 1; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having determined that notice of the Application provided by the Landlord was adequate and sufficient under the circumstances and that no further notice of the Application need be provided; and this Court having reviewed the Application and the exhibits thereto; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** as follows:

1.      The Administrative Expense Claims are hereby granted, approved, and allowed in the amount of $64,819.73.

2.      The Plan Administrator shall pay the Landlord the Administrative Expense Claims within seven (7) days of the entry of this Order.

## **EXHIBIT 1**

**Administrative Expense Claim**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE |
|---|---|

| In re: | Chapter 11 <br><br> Case Number: |  |
|---|---|---|

**NOTE:** This form should not be used for an unsecured claim arising prior to the commencement of the case. In such instances, a proof of claim should be filed.

Name of Creditor:
(The person or other entity to whom the debtor owed money or property.)

_____

Name and Addresses Where Notices Should Be Sent:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this request:
☐ replaces a previously filed request, dated:
☐ amends a previously filed request, dated:

**1. BASIS FOR CLAIM**

☐ Goods Sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number _____

**2. DATE DEBT WAS INCURRED:**

**3. TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE:** _____

☐ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

**4. Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☐ Real Estate    ☐ Motor Vehicle
☐ Other (Describe briefly) _____

Value of Collateral: $_____

☐ Check this box if there is no collateral or lien securing your claim.

**5. Credits:** The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

**6. Supporting Documents**: *Attach copies of supporting documents*, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.

DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.
If the documents are voluminous, attach a summary.

**7. Date-Stamped Copy**: To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

THIS SPACE IS FOR COURT USE ONLY

| Date: | Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney, if any). <br><br> *Robert S. Glenn* _____ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NOTE: The filing of this request will not result in the scheduling of a hearing to consider payment of your administrative claim but will result in the registry of your administrative claim with the Bankruptcy Court. If you wish to have a hearing scheduled on your claim, you must file a motion in accordance with D.N.J. LBR 3001-1(b).                    *rev.8/1/15*

## EXHIBIT B

### Unpaid Post-Petition Amounts

| Store No. | Debtor Entity | Address | Location | Landlord | Unpaid Post-Petition Amounts |
|---|---|---|---|---|---|
| 156 | Bed Bath & Beyond, Inc. | 10050 W. Broad Street | Glen Allen, VA | NNN REIT, Inc. f/k/a National Retail properties, LP | $25,603.19 |
| 233 | Bed Bath & Beyond, Inc | 7340 W. Bell Road | Glendale, AZ | NNN REIT, Inc. f/k/a National Retail properties, LP | $39,216.54 |
| | | | | Total: | $64,819.73 |

# EXHIBIT C

**Supporting Documentation**

**National Retail Properties, LP**
**Bed Bath & Beyond**
**Outstanding Balance**
**Includes Interest (0.00%) and Late Charges (0.00%)**
**As of**
**October 12, 2023**

Post-Petition ( Date 04/23/2022)

| Location | Month Due | Invoice Number | Description | Amount | Less Payments Received | Total Unpaid Balance | Days Late | Interest Charges | Late Charges | NSF Fee's | Total Charges | Total Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BBB - Glen Allen, VA #156 (00266.0120) | Apr-23 | 706468 | Rent | 12,417.78 | $ (12,417.78) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glen Allen, VA #156 (00266.0120) | May-23 | 92408 | Rent | $ 46,566.67 | $ (46,566.67) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glen Allen, VA #156 (00266.0120) | May-23 | 92554 | 2023 Reimbursable County RET (1st half) | $ 21,706.05 | $ (8,200.06) | $ 13,505.99 | 140 | $ - | $ - | $ - | $ - | $ 13,505.99 |
| BBB - Glen Allen, VA #156 (00266.0120) | Jun-23 | 716963 | Rent | $ 46,566.67 | $ (46,566.67) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glen Allen, VA #156 (00266.0120) | Jun-23 | 93017 | 23-24 Reimbursed Insurance | $ 12,097.20 | $ - | $ 12,097.20 | 133 | $ - | $ - | $ - | $ - | $ 12,097.20 |
| BBB - Glen Allen, VA #156 (00266.0120) | Jul-23 | Jul-23 | Rent | $ 46,566.67 | $ (46,566.67) | $ - | 103 | $ - | $ - | $ - | $ - | $ - |
| | | | | $ 185,921.04 | $ (160,317.85) | $ 25,603.19 | | $ - | $ - | $ - | $ - | $ 25,603.19 |

| Grand Total due from Tenant | | | | | | | | | | | | $ 25,603.19 |

**National Retail Properties, LP**
**Bed Bath & Beyond**
**Outstanding Balance**
**Includes Interest (0.00%) and Late Charges (0.00%)**
**As of**
**October 12, 2023**

0.00%    0.00%

**Post-Petition ( Date 04/23/2022)**

| Location | Month Due | Invoice Number | Description | Amount | Less Payments Received | Total Unpaid Balance | Days Late | Interest Charges | Late Charges | NSF Fee's | Total Charges | Total Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BBB - Glendale, AZ #233 (00312.0120) | Apr-23 | 707122 | Rent | $ 11,089.07 | $ (11,089.07) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glendale, AZ #233 (00312.0120) | Apr-23 | 708987 | CAM | $ 827.43 | $ (827.43) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glendale, AZ #233 (00312.0120) | Apr-23 | 92328 | 2023 Reimbursable County RET (2nd half) | $ 28,461.13 | $ - | $ 28,461.13 | 167 | $ - | $ - | $ - | $ - | $ 28,461.13 |
| BBB - Glendale, AZ #233 (00312.0120) | May-23 | 712549 | Rent | $ 41,584.03 | $ (41,584.03) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glendale, AZ #233 (00312.0120) | May-23 | 709768 | CAM | $ 3,102.86 | $ (3,102.86) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glendale, AZ #233 (00312.0120) | Jun-23 | 717030 | Rent | $ 41,584.03 | $ (41,584.03) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glendale, AZ #233 (00312.0120) | Jun-23 | 715570 | CAM | $ 3,102.86 | $ (3,102.86) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glendale, AZ #233 (00312.0120) | Jun-23 | 715570 | 23-24 Reimbursed Insurance | $ 10,755.41 | $ - | $ 10,755.41 | 104 | $ - | $ - | $ - | $ - | $ 10,755.41 |
| BBB - Glendale, AZ #233 (00312.0120) | Jul-23 | 717772 | Rent | $ 41,584.03 | $ (41,584.03) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| BBB - Glendale, AZ #233 (00312.0120) | Jul-23 | 720585 | CAM | $ 3,102.86 | $ (3,102.86) | $ - | 0 | $ - | $ - | $ - | $ - | $ - |
| | | | | $ 185,193.71 | $ (145,977.17) | $ 39,216.54 | | $ - | $ - | $ - | $ - | $ 39,216.54 |

| | |
|---|---|
| **Grand Total due from Tenant** | $ 39,216.54 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this October 13, 2023, a copy of the foregoing Application was served via CM/ECF on all parties registered to receive such notice in the above-captioned cases.

_/s/ Robert L. LeHane_____
Robert L. LeHane