# EXHIBIT B

**United States Bankruptcy Court, District of New Jersey (Newark)**

**Fill in this information to identify the case (Select only one Debtor per claim form)**

| | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| 1. Who is the current creditor? | CMR Limited Partnership |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ✔ No |
| --- | --- |
| | ☐ Yes. From whom? |

| 3. Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | c/o CRM Properties Group, Ltd.<br>Attn: Chris Siavelis<br>740 Waukegan Road, Suite 300<br><br>Deerfield<br>Illinois<br>60015<br><br>Contact phone  (847) 948-6500<br>Contact email  csiavelis@crmproperties.com | Contact phone<br>Contact email |

| 4. Does this claim amend one already filed? | ✔ No |
| --- | --- |
| | ☐ Yes. Claim number on court claims registry (if known)_____ Filed on ___ / ___ / ____<br>                                                                                                                MM  /  DD  /  YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ✔ No |
| --- | --- |
| | ☐ Yes. Who made the earlier filing? |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
| --- | --- |

| 6. Do you have any number you use to identify the debtor? | ☐ No |
| --- | --- |
| | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| 7. How much is the claim? | $ 47,033.80 . Does this amount include interest or other charges? |
| --- | --- |
| | ✔ No |
| | ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
| --- | --- |
| | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | Limit disclosing information that is entitled to privacy, such as health care information. |
| | Administrative Claim - Post-Petition Lease Obligations (Guaranty) |

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                        $_____

**Amount of the claim that is secured:**            $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.**  $___ Post-Petition Claim ___

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No |
| | ☐ **Yes.** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.  $_____ |

| 14. **Is all or part of the claim being asserted as an administrative expense claim?** | ☐ No |
| | ☑ **Yes.** Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred: |

|  | ☑ **On or prior to June 27, 2023:** | $ | see attached |
|  | ☑ **After June 27, 2023:** | $ | see attached |
|  | **Total Administrative Expense Claim Amount:** | $ | 47,033.80 |

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

---

### Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*D K*                                    07/21/2023

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | David L Kane |
| | First name            Middle name            Last name |
| Title | Vedder Price P.C. |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 222 North LaSalle Street, Suite 2400 |
| | Number       Street |
| | Chicago            Illinois            60601 |
| | City            State    ZIP Code |
| Contact phone | (312) 609-7500            Email  dkane@vedderprice.com |

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:             CMR Limited Partnership
Address1:         c/o Vedder Price P.C.
Address2:         Attn: David L Kane
Address3:         222 North LaSalle Street, Suite 2400
Address4:
City:             Chicago
State:            Illinois
Postal Code:      60601
Country:

Contact Phone:    (312) 609-7500
Contact Email:    dkane@vedderprice.com

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**
☑ Yes
☐ No
-------------------------------------------------------------------------------------------------------------
Attachment Filename:

CMR - Addendum and Schedule 1 to Administrative Claim.pdf

**KROLL**

Electronic Proof of Claim Confirmation:  3335-1-TIWTG-472925132

Claim Electronically Submitted on (UTC) :  2023-07-21T16:48:12.26Z

Submitted by:  CMR Limited Partnership
                       dkane@vedderprice.com

**KROLL**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

Courtney M. Brown
VEDDER PRICE P.C.
1633 Broadway, 31st Floor
New York, New York 10019
Tel.:  (212)407-7700
Email:  cmbrown@vedderprice.com

*Counsel for CMR Limited Partnership*

| | |
|---|---|
| In re: | Case No. 23-13359 (VFP) |
| BED BATH & BEYOND INC., *et al.*, | Chapter 11 |
| Debtors.[1] | Judge Vincent F. Papalia |
| | (Jointly Administered) |

### ADDENDUM TO ADMINISTRATIVE EXPENSE CLAIM OF
### CMR LIMITED PARTNERSHIP AGAINST BED BATH & BEYOND INC.
### AND BED BATH & BEYOND OF LINCOLN PARK, INC.

     1.     CMR Limited Partnership (the "Claimant" or "Lessor") submits the attached Administrative Proof of Claim against Bed Bath & Beyond of Lincoln Park, Inc. ("Lessee") and Bed Bath & Beyond Inc. ("Guarantor") pursuant to (a) that certain Lease Agreement dated as of December 13, 1993 by and between Lessor (as successor to Cole Taylor Bank) and Debtor (as amended, restated, supplemented or otherwise modified from time to time, the "Lease") and (b) that certain Guaranty of Lease Agreement dated as of December 13, 1993 by and between Lessor and Guarantor (as amended, restated, supplemented or otherwise modified from time to time, the "Guaranty").[2]

     2.     As more particularly set forth below, in accordance with Claimant's rights under Sections 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Copies of the Lease and Guaranty are attached hereto as Exhibit A.

"Bankruptcy Code"), the Lessee and Guarantor are each justly and truly currently liable to Claimant for a claim in the amount of not less than **$47,033.80** (as itemized in Schedule 1 hereto) for unpaid post-petition basic rent, administrative charges and prorated monthly CAM and real estate tax obligations arising under the Lease, which amounts are entitled to administrative priority under sections 503 and 507(a)(1) of the Bankruptcy Code (this "Administrative Claim"). Claimant's Administrative Claim accrued from and after April 22, 2023 (the "Petition Date"). The total amount of such Administrative Claim cannot fully be calculated or estimated at this time because such amounts continue to accrue on a daily basis, and accordingly Claimant does not waive its rights thereto for such additional amounts by not stating a specific amount at this time. Claimant asserts all such amounts and claims as specified herein against each of Lessee and Guarantor and their respective estates.

3.      The consideration for this indebtedness is as follows: pursuant to the Lease, Lessee agreed to lease the premises known as +/- 43,200 RSF on the first and second floors of the Clybourn Place retail center located at 1800 North Clybourn Avenue, Chicago, Illinois 60614. Pursuant to the Guaranty, Guarantor guaranteed all of Lessee's obligations to Claimant.

4.      Nothing herein shall prejudice any rights that Claimant may have against any other person or entity, including, without limitation, any of the other debtors, any of their officers or directors and/or any guarantor, pursuant to the terms of any agreements and/or any applicable law.

5.      In addition to this Administrative Claim, Lessee and Guarantor each remain liable to Claimant for the full amount of unsecured claims (and rejection damages) to be set forth in Claimant's separately filed proofs of claim.

6.      No judgment has been rendered upon this Administrative Claim or any part thereof.

7.      The amount of all payments has been credited and deducted for purpose of making this Administrative Claim.

8.      To the knowledge of the undersigned, this Administrative Claim is not subject to any valid right of setoff or counterclaim by Lessee or Guarantor.

9.      This Administrative Claim is being filed as a Claim entitled to priority under sections 503 and 507(a)(1) of the Bankruptcy Code. To the extent that the Administrative Claim asserted herein as an administrative priority claim is denied administrative expense priority under Sections 507(a)(1) and 503(b) of the Bankruptcy Code, Claimant reserves the right to claim that all or any part of such Administrative Claim against Lessor and/or Guarantor is a general unsecured claim. Without limiting the generality of the foregoing, nothing contained herein shall be deemed to be or construed as a waiver of any general unsecured claim, administrative priority claim, secured claim or right to specific performance that Claimant has or may have against Lessor or Guarantor any claims or obligations of any type that Claimant has or may have against any other person or entity.

10.      Claimant does not waive any setoff rights, any right to any security that might be held by it or for its benefit, or any right to claim specific assets, or any other right or rights of action that Claimant has or may have against Lessee, Guarantor or any other persons or entities, and Claimant expressly reserves all such rights. Claimant also reserves the right to amend or

supplement this amended Administrative Claim at any time and for any reason, including, but not limited to, (a) to increase or amend the claim, because of new information or otherwise, (b) to amend the specification of precise amounts claimed to be due in lieu of sums that are contingent, unliquidated or undetermined as of the date hereof, (c) to amend this Administrative Claim in respect of a claim or claims for damages for any amount due or to become due under the operative documents or other agreements related thereto, including, but not limited to, sums due as indemnification for taxes and continuing costs and expenses (including legal fees and disbursements) arising in relation to the operative documents or any such agreement and (d) to add or amend documents and other information on, and to describe further, any security interests and liens of Claimant.  The filing of this Administrative Claim is not:  (x) a waiver or release of Claimant's rights against any person, entity or property, (y) an election of remedy or (z) a waiver of any past, present or future default or event of default.  In filing this Administrative Claim, Claimant does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the claims asserted herein.  Claimant does not waive (1) its right to have final orders in non-core matters entered only after de novo review by a United States District Judge, (2) its right to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases, (3) its right to request the United States District Court to withdraw the reference or to abstain in any matter subject to mandatory or discretionary withdrawal or abstention, or (4) any other rights, claims, actions, defenses, setoffs, or recoupments to which it is or may be entitled under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

11.    Claimant requests that all notices, pleadings, and other communications of any kind regarding this Administrative Claim be given to and served upon (a) Claimant at CMR Limited Partnership, c/o CRM Properties Group, Ltd., 740 Waukegan Road, Suite 300, Deerfield, Illinois 60015, Attn:  Chris Siavelis, Senior Vice President, Tel.: (847) 948-6500 X22, Email: csiavelis@crmproperties.com; and (b) counsel for Claimant, Vedder Price P.C., 222 North LaSalle Street, Chicago, Illinois 60601, Attn:  David L. Kane, Esq., Tel.:  (312) 609-7500, Email: dkane@vedderprice.com.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

# SCHEDULE 1

**CMR LIMITED PARTNERSIP 1800 N. CLYBOURN CHICAGO, IL. - BED, BATH & BEYOND # 63 POST PETITION CLAIM**

## BBBY

| | BY MONTH | | | |
|---|---|---|---|---|
| | April 2023-Prorated (8 days) | May-23 | Jun-23 | Jul-23 |
| Monthly Base Rent | $ 19,911.18 | $ 74,666.93 | $ 74,666.93 | $ 74,666.93 |
| Monthly CAM | $ 1,718.89 | $ 6,445.83 | $ 6,445.83 | $ 6,445.83 |
| Monthly RET | $ 11,274.18 | $ 42,278.16 | $ 42,278.16 | $ 42,278.16 |
| Monthly Admin. | $ 145.08 | $ 544.05 | $ 544.05 | $ 544.05 |
| Monthly Totals | $ 33,049.33 | $ 123,934.97 | $ 123,934.97 | $ 123,934.97 |
| | | | | |
| Less Paid | $ - | $ (119,273.48) | $ (119,273.48) | $ (119,273.48) |
| | | | | |
| **Total Rent Due 4/23/23 Thru 7/23** | $ 404,854.24 | | | |
| | | | | |
| **Less Total Rent Paid 4/23/23 Thru 7/23** | $ (357,820.44) | | | |
| | | | | |
| **Post-Petition Balance Due\*** | $ 47,033.80 | | | |

## BBBY

| | BY PERIOD | |
|---|---|---|
| | April 23, 2023 thru June 27, 2023 | June 28, 2023 thru July 31, 2023 |
| Base Rent | $ 160,981.90 | $ 82,930.07 |
| CAM | $ 13,897.21 | $ 7,159.17 |
| RET | $ 91,151.72 | $ 46,956.94 |
| Admin. | $ 1,172.97 | $ 604.26 |
| Totals | $ 267,203.80 | $ 137,650.44 |
| | | |
| Less Paid | $ (236,161.49) | $ (121,658.95) |
| | | |
| **Total Rent Due 4/23/23 Thru 7/31/23** | $ 404,854.24 | |
| | | |
| **Less Total Rent Paid 4/23/23 Thru 7/31/23** | $ (357,820.44) | |
| | | |
| **Post-Petition Balance Due\*** | $ 47,033.80 | |

\*The Balance Due listed by month and by period is non-cumulative (i.e. total post-petition claim is $47,033.80 as of the filing date)