**LOCKE LORD LLP**
Andrew Braunstein
Jonathan W. Young (*pro hac vice*)
Hanna J. Redd (*pro hac vice*)
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Tel: 212-415-8600
andrew.braunstein@lockelord.com
jonathan.young@lockelord.com
hanna.redd@lockelord.com

*Counsel to Commission Junction LLC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtor. | Jointly Administered |

**APPLICATION OF COMMISSION JUNCTION LLC FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Commission Junction LLC, on behalf of itself and its applicable affiliates (individually and collectively, "***Commission Junction***"), files this Application (the "***Application***") for allowance and payment of Commission Junction's administrative expense claim (the "***Administrative Claim***"), pursuant to 11 U.S.C. § 503(a), for the value of licensing fees owing by the above-captioned debtors (the "***Debtors***") on or after the Petition Date (defined below). In support of this Application, COMMISSION JUNCTION submits (i) *Declaration of Marla Park in Support of the*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

134669033v.4

*Application of Commission Junction LLC for Allowance and Payment of Administrative Expense Claim* attached hereto as <u>Exhibit A</u> and incorporated herein, and (ii) a proposed order attached hereto as <u>Exhibit B</u>, and respectfully states as follows:

**Introduction and Background**

1. On April 23, 2023 (the "***Petition Date***"), Bed Bath & Beyond, Inc. and its affiliated debtors each filed voluntary petitions under title 11 of the United States Code (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the District of New Jersey (the "***Court***") commencing these jointly administered chapter 11 cases.

2. Pursuant to that certain *CJ Vantage Advertiser Service Agreement*, dated September 14, 2010 (as amended including pursuant to that certain *Service Agreement Amendment* dated May 4, 2021, the "***Agreement***"[2]), provides and facilitates certain advertising, promoting, and marketing services (the "***Services***") to the Debtors in accordance with the terms of the Agreement.[3] In exchange for the Services, the Agreement obligates the Debtors to pay Claimant for work performed in accordance with the applicable schedules to the Agreement.

3. On May 9, 2023, Commission Junction filed a timely proof of claim in the Bed Bath & Beyond, Inc. chapter 11 case. *See* Claim No. 266 filed against Bed Bath & Beyond, Inc. (the "***CJ Proof of Claim***"), attached hereto as <u>Exhibit C</u>, and incorporated herein by reference. Among other claims and asserted amounts, the CJ Proof of Claim asserted an amount due and owing of not less than $6,783,709.63 and postpetition amounts owing of $51,088.29, plus unliquidated amounts. Commission Junction's Proof of Claim asserted rights of setoff,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.
[3] Debtor maintains four Advertiser Programs with Claimant, identified as Bed Bath & Beyond, BuBuyBaby, Harmon Stores, and Bed Bath & Beyond Canada (the "***Debtor's Programs***"). For the sake of clarification, this Claim, and the amounts set forth herein, is asserted with respect to obligations and amounts owing to it that have already accrued, that continue to accrue, and that may accrue in the future for the Debtor's Programs, collectively.

recoupment, and other equitable rights to the fullest extent available. The Proof of Claim reserves all of Commission Junction's rights and preserves all defenses in connection therewith.

4. On August 2, 2023, the Court entered an order [Docket No. 2172] conditionally approving the adequacy of the *Amended Disclosure Statement Relating to the Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 1437], authorizing the Debtors to commence solicitation of acceptances and rejections to the *Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 1712] (as amended, including by the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160], the "**Plan**").

5. On September 14, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "**Confirmation Order**"), confirming the Debtors' Plan.

6. The Debtors subsequently filed its *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 2311] on September 29, 2023 (the "**Effective Date**").

7. The Plan provides that administrative expenses will be paid in full on the effective date of the Plan, or as the parties otherwise agree.

**Jurisdiction**

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

9. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

134669033v.4

10. The statutory bases for the relief requested herein are sections 105(a) and 503(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

**Relief Requested**

11. By this Application, Commission Junction seeks an allowed administrative expense claim of not less than $51,088.29 for post-petition services provided to the Debtor in the ordinary course of business, amounts which were previously asserted in the CJ Proof of Claim. Commission Junction hereby reasserts such amounts. In addition to these amounts, subsequent amounts due and owing to Commission Junction may have accrued after the Petition Date. Therefore, Commission Junction hereby asserts an administrative expense priority claim, pursuant to 11 U.S.C. § 507(a)(2) for any additional unliquidated amounts for Services that may have been provided after the Petition Date and that are entitled to administrative expense priority, to the extent applicable. Commission Junction is therefore entitled to an administrative priority claim pursuant to 503(b) and 507(a) of the Bankruptcy Code to the extent of any of Debtor's post-petition obligations that may have accrued under the Agreement.

12. Section 503(b) of the Bankruptcy Code provides that, upon the request of a party in interest, and "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). To qualify as an administrative expense under section 503(b)(1)(A), a claimant must demonstrate that the expense arises out of a transaction between the debtors and claimant, and that the transaction directly benefitted the debtors. In *re U Lock, Inc.*, Case No. 22-20823, 2023 WL 308210, at *3 (Bankr. W.D. Penn. Jan. 17, 2023); *In re Bluestem Brands, Inc.*, Case No. 20-10566, 2021 WL 3174911, at *5 (Bankr. D. Del. July 27, 2021).

13. The Services provided to the Debtor in the post-petition period benefitted the Debtors by enabling it to continue operating its business as a debtor in possession. Absent the Services provided by Commission Junction, the Debtors likely would have experienced interruption in its regular business, as advertising, promoting, and marketing services were crucial to its business and revenue generation. Because Commission Junction's continued relationship with the Debtors post-petition directly benefitted the Debtors and their estates, Commission Junction is entitled to an administrative expense claim in an amount representing the services provided to the Debtors between the Petition Date and the Effective Date.

14. This Application asserts, in part, unliquidated amounts, and is thus being filed out of an abundance of caution to preserve Commission Junction's rights. Commission Junction also reserves the right to request immediate payment of its Administrative Claim.

### **Reservation of Rights**

15. Commission Junction reserves the right to amend or supplement this Administrative Claim, or its filed proof of claim, at any time and in any manner and reserves all rights it may have under applicable law and the Bankruptcy Code, including, without limitation, the right to amend this Administrative Claim or to seek a judicial estimation of any unliquidated amounts asserted herein pursuant to 11 U.S.C. § 502(c) at any time.

**WHEREFORE**, Commission Junction respectfully requests that the Court enter an order (i) allowing the Administrative Claim in the amount of $51,088.29 plus additional unliquidated amounts that may have accrued and to be determined, and (ii) granting Commission Junction such other and further relief as may be just and fitting under the circumstances.

**DATED:** October 13, 2023

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/ Andrew Braunstein*
Andrew Braunstein
Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Tel: 212-415-8600
andrew.braunstein@lockelord.com

Jonathan W. Young (*pro hac vice*)
701 8th St., N.W., Suite 500
Washington, D.C. 20001
Tel: (202) 220-6900
jonathan.young@lockelord.com

Hanna J. Redd (*pro hac vice*)
111 Huntington Ave., 9th Floor
Boston, MA 02199
Tel: (617) 239-0100
hanna.redd@lockelord.com

*Attorneys for Commission Junction LLC and its Applicable Affiliates*