## Exhibit C

CJ Proof of Claim

134669033v.4

**United States Bankruptcy Court, District of New Jersey (Newark)**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

**Claim Number: 266**

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

| | | | |
|---|---|---|---|
| 1. | Who is the current creditor? | Commission Junction LLC, and its applicable affiliates<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor | |
| 2. | Has this claim been acquired from someone else? | ✔ No<br>☐ Yes. From whom? | |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>Address1: c/o Hanna J. Redd, Esq.<br>Address2: Locke Lord, LLP<br>Address3: 111 Huntington Ave., 9th Floor<br>Address4:<br>City: Boston<br>State: MA<br>Postal Code: 02199<br>Country:<br>Contact phone 6172390141<br>Contact email hanna.redd@lockelord.com | **Where should payments to the creditor be sent?** (if different)<br>Address1: 530 East Montcito St.<br>Address2:<br>Address3:<br>Address4:<br>City: Santa Barbara<br>State: CA<br>Postal Code: 93103<br>Country:<br>Contact phone<br>Contact email |
| 4. | Does this claim amend one already filed? | ✔ No<br>☐ Yes.   Claim number on court claims registry (if known) _____   Filed on ___/___/___  MM / DD / YYYY | |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ✔ No<br>☐ Yes. Who made the earlier filing? | |

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ $6,834.797.92

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Services provided.

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe: See attached addendum.

**Basis for perfection:** See attached addendum.

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) ____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property: See attached addendum.

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**  A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No  ☑ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 507(a)(2) ) that applies. | $ 51,088.29 |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No  ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Hanna J. Redd*    05/09/2023

Electronic Signature    Date

**Name of the person who is completing and signing this claim**

Name: Hanna J. Redd
   First name / Middle name / Last name

Title: Attorney

Company: Locke Lord LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: c/o Locke Lord, LLP    111 Huntington Ave., 9th Floor
   Number / Street
Boston    MA    02199
   City / State / ZIP Code / Country

Contact phone: 6172390141    Email: hanna.redd@lockelord.com

## Additional Noticing Addresses (if provided):

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

---

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

## Additional Supporting Documentation Provided

[✔] Yes
[ ] No

--------------------------------------------------------------------------------

Attachment Filename:

BB&B - POC for Filing.pdf

KROLL

**LOCKE LORD LLP**
Andrew Braunstein
Jonathan W. Young
Hanna J. Redd
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Tel: 212-415-8600
andrew.braunstein@lockelord.com
jonathan.young@lockelord.com
hanna.redd@lockelord.com

*Counsel to Commission Junction LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*.,[1] | Case No. 23-13359 (VFP) |
| Debtors. | Jointly Administered |

I. **NOTICES RESPECTING THIS CLAIM**

All notices respecting this claim must be served upon the following persons (the "***Notice Parties***"):

Andrew Braunstein
**LOCKE LORD LLP**
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
andrew.braunstein@lockelord.com

- and -

Jonathan W. Young

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

132833192v.2

LOCKE LORD LLP
701 8th Street, N.W., Suite 500
Washington, D.C. 20001
jonathan.young@lockelord.com

- and -

Hanna J. Redd
**LOCKE LORD LLP**
111 Huntington Ave., 9th Floor
Boston, MA 02199
hanna.redd@lockelord.com

II.     **NATURE AND DETAIL OF CLAIM**

Commission Junction LLC and its applicable affiliates (individually and collectively, "***Commission Junction***" or the "***Claimant***") hereby assert this proof of claim (the "***Claim***") pursuant to an Agreement (as defined below) by and between the Claimant and Bed Bath and Beyond Inc. (the "***Debtor***").  On April 23, 2023 (the "***Petition Date***"), the Debtor and certain of its affiliates, each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "***Court***").  The bankruptcy cases are jointly administered under the lead case of *In re Bed Bath & Beyond Inc.*, Case No. 23-13359 (the "***Bankruptcy Proceeding***"). Claimant asserts this Claim in an **amount not less than $6,834,797.92**.

Prior to the Petition Date, Claimant and the Debtor entered into that certain *CJ Vantage Advertiser Service Agreement*, dated September 14, 2010 (as amended, including pursuant to that certain *Service Agreement Amendment* dated May 4, 2021, the "***Agreement***"[2]).  Pursuant to the Agreement, Claimant agreed to provide and facilitate certain advertising, promoting, and marketing services (the "***Services***") to the Debtor, as client, in accordance with the terms of the Agreement.[3]  In exchange for the Services, the Agreement obligated the Debtor to pay Claimant for work performed in accordance with the applicable schedules to the Agreement.  Claimant performed under the Agreement on the Debtor's behalf, prior to the commencement of the Bankruptcy Proceeding.  Additionally, certain Services performed under the Agreement cannot be accurately invoiced immediately and, as such, are invoiced at a later time after the outstanding amounts are determined (the "***Reconciliation Amounts***").

As of the Petition Date, Debtor had not paid Claimant's invoices issued pursuant to the Agreement for the months of September through December, 2022, and January through March, 2023.  Claimant calculated the amount due and owing by the Debtor as of the Petition Date to be

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement. The Agreement is subject to confidentiality provisions, and will be provided to the Debtors upon reasonable request.

[3] Debtor maintains four Advertiser Programs with Claimant, identified as Bed Bath & Beyond, BuBuyBaby, Harmon Stores, and Bed Bath & Beyond Canada (the "***Debtor's Programs***").  For the sake of clarification, this Claim, and the amounts set forth herein, is asserted with respect to obligations and amounts owing to it that have already accrued, that continue to accrue, and that may accrue in the future for the Debtor's Programs, collectively.

-2-

132833192v.2

not less than $6,783,709.63 (the "**Prepetition Claim**"). Additionally, Claimant is investigating whether any Reconciliation Amounts are due and owing under the Agreement. Accordingly, a portion of this Claim is a protective and unliquidated proof of claim on account of any Reconciliation Amounts that may come due on account of pre-petition transactions. In addition to the Prepetition Claim, subsequent amounts due and owing to Claimant accrued after the Petition Date. Therefore, Claimant hereby asserts an administrative expense priority claim, pursuant to 11 U.S.C. § 507(a)(2), in the amount of not less than $51,088.29, which represents the amounts arising under the Agreement between the Petition Date and May 3, 2023. Claimant reserves the right to file an independent claim or motion for any amounts that are entitled to administrative expense priority, to the extent applicable.

Claimant asserts this Claim with respect to obligations and amounts owing to it that have already accrued, that continue to accrue, and that may accrue in the future. Claimant reserves the right, at any time in the future, (i) to amend this Claim at any time to state a liquidated balance, and (ii) to seek a judicial estimation of its Claim (or any unliquidated amounts asserted herein) pursuant to 11 U.S.C. § 502(c). Claimant also reserves the right to file an independent claim or motion for any amounts that are entitled to administrative expense priority.

Claimant asserts this Claim for all commissions and other obligations now or hereafter owing to Claimant on any of the accounts placed with or serviced on behalf of the Debtor. Claimant also asserts a claim for indemnification, reimbursement, and contribution in connection with any damages or liability incurred by the Claimant based on the Debtor's failure to fulfill its contractual obligations to Claimant or any third party publishers, or based on any other act or omission of the Debtor and its bankruptcy estate.

### III.  RESERVATION OF RIGHTS

The Claimant currently is investigating the elements of the Claim asserted herein and this Claim is being filed, in part, as a protective proof of claim, and is filed to protect the Claimant from the potential forfeiture of any and all rights against the Debtor. The filing of this Claim shall not constitute (a) a waiver or release by the Claimant of the rights of the Claimant against the Debtor or any other person or property, including the right to file an additional and/or separate claim; (b) a waiver by the Claimant to contest the jurisdiction of this Court with respect to the subject matter of the claims asserted in this proof of claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Claimant; or (c) an election of remedies or choice of law.

The Claimant reserves the right to further amend and/or supplement this Claim at any time and in any manner, and to file proofs of claim for additional claims in this case and the cases of jointly administered or related debtors which may be based on the respective rights and obligations arising under the relationship described herein or the same events and circumstances described herein. In addition, the Claimant reserves the right to attach or bring forth additional documentation supporting its claim and additional documents that may become available after further investigation and discovery.

The Claimant reserves all rights it may have under applicable law and the Bankruptcy Code, including, without limitation, the right to amend this Claim or to seek a judicial estimation of any unliquidated amounts asserted herein pursuant to 11 U.S.C. §502(c) at any time.

## IV. SETOFF, RECOUPMENT, SUBROGATION, ETC.

To the extent the Claimant has certain equitable rights or other rights, including without limitation, the rights of recoupment, setoff and subrogation, such rights are expressly asserted hereby, and the Claimant reserves all of its rights and preserves all defenses in connection therewith. This claim should be deemed secured to the extent of any setoff or recoupment rights now or hereafter held by the Claimant. The Claimant additionally reserves its rights with respect to any provision of any Order setting bar dates for filing proofs of claim in this case, which may purport to discharge the Claimant's setoff, recoupment or other equitable rights.

KROLL

Electronic Proof of Claim Confirmation: 3335-1-ZXXTC-924612685

Claim Electronically Submitted on (UTC) : 2023-05-09T19:01:20.41Z

Submitted by: Commission Junction LLC and its applicable affiliates
hanna.redd@lockelord.com