**HUSCH BLACKWELL LLP**
David Stauss (NJ I.D. #013862005)
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Telephone: 303.749.7200
Facsimile: 303.749.7272
Email: david.stauss@huschblackwell.com

**HUSCH BLACKWELL LLP**
Caleb T. Holzaepfel, Esq.
Admitted *pro hac vice*
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: 423.755.2654
Email: caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| BED BATH & BEYOND INC., *et al.*, | : |  |
|  | : | Case No. 23-13359 (VFP) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

**RESERVATION OF RIGHTS AND OBJECTION OF SAFETY NATIONAL CASUALTY CORPORATION AS TO NOTICE THE NOTICE OF MOTION TO MODIFY STAY AND FOR LEAVE TO PROCEED TO THE EXTENT OF INSURANCE PROCEEDS; AND FOR RELATED RELIEF**

Safety National Casualty Corporation ("Safety National"), by and through the undersigned counsel, hereby files this objection and reservation of rights (the "Objection") as to the *Notice of Motion to Modify Stay and for Leave to Proceed to the Extent of Insurance Proceeds;*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

HB: 4867-6852-3134.2

*and for Related Relief* filed by Sharmele Moore [Docket No. 2292] (the "Motion") In support of this Reservation of Rights, Safety National respectfully states a follows:

1. On September 26, 2023, movant Sharmele Moore ("Moore") filed her Motion, requesting relief from the automatic stay to pursue claims against Debtor Bed Bath & Beyond, Inc. (the "Debtor") and affiliates of the Debtor, to the "extent of insurance proceeds", under a certain lawsuit styled *Sharmele Moore v. Bed, Bath & Beyond, Inc., et al.*, Case No. 2301117 filed on March 17, 2023 in the Court of Common Pleas, Hamilton County, Ohio (the "State Court Lawsuit"). The State Court Lawsuit includes premises claims (the "Moore Claim") against the Debtors based on alleged injuries sustained by Moore on July 26, 2022 while she was a patron/business invitee in a Bed Bath & Beyond store located in Cincinnati, Ohio. The Motion requests that Moore be allowed to the Moore Claim against the Debtors under the State Court Lawsuit to the extent of applicable insurance.

2. On September 14, 2023, this Court issued its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Dkt. No. 2172] approving Debtors' *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. And Its Debtor Affiliates* (as may be modified, the "Plan") [Docket No. 2160].

3. The Effective Date of the Plan occurred on September 29, 2023 [Dkt. No. 2311].

4. The Plan Injunction enjoined claimants from continuing to assert pre-petition claims against Debtors:

HB: 4867-6852-3134.2

**F.    Injunction**

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that: (a) are subject to compromise and settlement pursuant to the terms of the Plan; (b) have been released by the Debtors pursuant to the Plan; (c) have been released by third parties pursuant to the Plan, (d) are subject to exculpation pursuant to the Plan; or (e) are otherwise discharged, satisfied, stayed or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date through and until the date upon which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed in accordance with the terms of the Plan, from taking any of the following actions against, as applicable, the Debtors, Wind-Down Debtors, the Released Parties, or the Exculpated Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities discharged, released, exculpated, or settled pursuant to the Plan.

For the avoidance of doubt, and notwithstanding the foregoing, nothing in this section shall release, compromise, impair, exculpate or in any way affect any Non-Released Claims, including the D&O Claims.

Plan, Art. 10.F.

## OBJECTION AND RESERVATION OF RIGHTS

5.    As a threshold issue, Movant seeks to "lift the automatic stay" through her Motion. Of course, pursuant to the Plan and Confirmation Order, the "automatic stay" does not prevent Movant from the relief she seeks; rather the Plan Injunction bars Moore from moving forward on her pre-petition claim against Debtors.

6.    Given Moore's failure to request appropriate relief from this Court, CBL requests that the request relief be denied.

7. Out of the abundance of caution, Safety National will respond the Motion as if Movant had requested relief from the Plan Injunction, as any request for relief from the Plan Injunction should also be denied.

8. Moore's motion seeks relief to pursue the Moore Claim the extent of insurance proceeds. However, based on the face of Moore's *Complaint* which seeks a face amount of $25,000 (but only list under $3,000 in medical expenses), the Motion should be denied as no insurance exists for the Moore Claim.

9. While Safety National is a general liability insurer of Debtor, the applicable insurance policy (the "Policy") contains a $1 million per incident self-insured retention ("SIR") limit. As such, Safety National has no obligations under the Policy absent claims above $1 million. In effect, Debtors have no insurance for the alleged Moore Claim.

10. While Safety National does not necessarily object to a proper motion to lift the Plan Injunction to liquidate the Moore Claim against Debtors, Safety National does object to any efforts to liquidate the Moore Claim "to the extent of insurance proceeds" as none exist.

## RESERVATION OF RIGHTS

11. As of the filing of this Objection, no proposed stipulation has been filed on the docket nor have the Debtors filed any objection to the Motion. Safety National will object to any stipulation or proposed order that attempts to modify the rights or defenses held by Safety National under its insurance poloicy, any applicable policy or contractual agreements between the Debtors and Safety National, the Bankruptcy Code, or other applicable law. Accordingly, Safety National hereby expressly reserves all of it rights, claims, counterclaims, defenses, and remedies under the Bankruptcy Code, its insurance policy, any applicable contractual agreements between the Debtors and Safety National, and other applicable law.

WHEREFORE the reasons set forth above, Safety National respectfully requests the Motion be denied.

Dated: October 17, 2023

Respectfully Submitted,

*/s/ David Stauss*
David Stauss (NJ I.D. #013862005)
**HUSCH BLACKWELL LLP**
1801 Wewatta Street, Suite 1000
Denver, CO 80202
T: 303.749.7200; F: 303.749.7272
Email: david.stauss@huschblackwell.com

Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
T: 423.755.2654; F: 423.266.5500
Email: caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

HB: 4867-6852-3134.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of October, 2023, a true and correct copy of *Safety National's Objection and Reservation of Rights* has been electronically filed with the Court via the CM/ECF system and will be served by electronic means through the CM/ECF system to the below and to all registered CM/ECF participants.

Debtors' Counsel
Kirkland & Ellis LLP
Attn: Joshua A. Sussberg,
Attn: Emily E. Geier
Attn: Derek I. Hunter
601 Lexington Avenue
New York, New York 10022
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

Debtors' Counsel
Cole Schotz P.C.
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
25 Main Street Hackensack
New Jersey 07601
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

United States Trustee
Fran B. Steele, Esq.
Alexandria Nikolinos
One Newark Center, Suite 2100
Newark, NJ 07102
Fran.B.Steele@usdoj.gov
alexandria.nikolinos@usdoj.gov

Counsel to the Plan Administrator
Robert J. Feinstein
Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

Counsel to Sharmele Moore
Paul Pflumm
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
ppflumm@mcdowelllegal.com

*/s/ David Stauss*
David Stauss (NJ I.D. #013862005)

HB: 4867-6852-3134.2