

SHARI L. FREIDENRICH, CPA
TREASURER-TAX COLLECTOR
COUNTY OF ORANGE
P.O. Box 4515
Santa Ana, California 92702-4515
Telephone: (714) 834-3411
Treasurer@ttc.ocgov.com

*Creditor, Pro Se*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BED BATH & BEYOND, INC. *et al.,* | ) | Case No. 23-13359 (VFP) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**OPPOSITION OF THE ORANGE COUNTY TREASURER-TAX COLLECTOR TO THE DEBTORS' (I) SECOND OMNIBUS OBJECTION TO CERTAIN TAX CLAIMS AND (II) MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS**

TO THE HONORABLE VINCENT F. PAPALIA, UNITED STATES BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

I, Shari L. Freidenrich, the Treasurer-Tax Collector for the County of Orange, California ("the OCTTC"), and a creditor in this proceeding, respectfully submit the following opposition to the above-captioned debtors' ("the Debtors") (I) Second Omnibus Objection to Certain Tax Claims and (II) Motion to Determine Tax Liability and Stay Proceedings. (Doc. No. 2180 filed September 15, 2023, "Motion"). As the OCTTC, I am responsible for the billing and collecting of all property taxes for the County of Orange and oversight of the Bankruptcy Unit handling the processing and submittal of our bankruptcy proof of claims. My opposition is based on the following

1

Points and Authorities, and the Declarations of Armando Azpeitia, Stephen Finch, and Al

Salguero.

## POINTS AND AUTHORITIES

### Introduction

1.     The OCTTC respectfully requests the Court abstain from performing the

function of an assessment appeals board to determine California property tax liability

and, accordingly, request that the Court deny the Objection and Motion of the Debtors.

The Debtors request a determination by the Court on their unpaid property taxes included

in proof of claims filed by the numerous California taxing authorities (the "California

Authorities, including the OCTTC, pursuant to section 505(a) of the Bankruptcy Code.

Debtors contend, without evidence, that the assessment values of their properties and tax

liabilities are excessive and inaccurate. Debtors appear to rely on unidentified post-lien

date sales after the Petition date of April 23, 2023, to value their property rather than an

accepted valuation methodology under California law that has a lien date of January 1,

2023. In addition, the Debtors' authorized employees submitted required tax forms on

May 6, 2023, representing that these values used were the true, correct and complete full

market values of the unsecured property as identified on the forms.  These fair market

valuations they confirmed were used to calculate the amount of property tax on the tax

bill. Finally, under California law, the owner on January 1, 2023 is responsible for paying

the unsecured taxes for the entire year, regardless if the property has been sold, as no

proration of unsecured property taxes is allowed.  This is different than real property,

where the owner only pays the property taxes only on the days that they owned the

secured property.

2.      Section 505 of the Bankruptcy Code is discretionary, and creditor, the OCTTC asks that the Court abstain from hearing Debtors' Motion. Property tax assessment in California is based on the concept of uniform assessment where taxpayers, such as the Debtors, have their appeals heard under the California Constitution by a local Assessment Appeals Board ("the AAB") that can apply California's complex substantive law to ensure uniformity of assessment is achieved. Deviating from this process jeopardizes the uniform assessment process under California law. Moreover, the burden to the Court would be significant given the amount of properties at issue and the requirement under California law that taxes be based on the situs of the property. Finally, there is a substantial burden to the County of Orange, as all of the OCTTC's, Assessor's, and County Counsel's staff are located exclusively in California.

3.      Debtors' Motion does not comport with the purpose and objectives established under section 505(a) of the Bankruptcy Code, and Debtors have not overcome the presumptive validity of the OCTTC's claim. OCTTC respectfully requests the Court deny this Motion in its entirety. Should the Court decline to abstain from hearing this matter, OCTTC hereby objects to the Debtors' introduction of any evidence at the hearing on the Objection and Motion, including, without limitation, the "appraisal", and other evidence which could not have been considered pursuant to applicable nonbankruptcy law.

## Background

### A.      Factual Background

4.      On April 23, 2023, (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5.      On May 1, 2023, OCTTC timely filed the following Proofs of Claim that are presumptively valid under Federal Rules of Bankruptcy Court, Rule 3001(f).

3

a.    Proof of Claim No. 99 for the following unsecured tax bills as unsecured, priority tax claims related to the Debtors' business property: 23-064955, 23-064956, 23-064957, 23-064958, 23-064959, 23-064960, 23-064961, and 23-064962 in the total amount of $46,841.39 (the "Claim No. 99");

b.    Proof of Claim No. 128 for the following unsecured tax bills as unsecured, priority tax claims related to the Debtors' business property: 23-068707 and 23-068708 in the total amount of $12,946.79 (the "Claim No. 128"); and,

c.    Proof of Claim No. 129 for the following secured tax bills as secured, prepetition tax claims for Assessor Parcel Nos. 784-661-42 and 784-661-47 for the Debtors' property at 25732 El Paseo, Mission Viejo, California in the total amount of $88,408.00 (the "Claim No. 129"). Debtor Bed, Bath & Beyond, Inc. is the assessee of record for this property. (Declaration of Al Salguero, ¶ 2.)

6.    As of January 1, 2023, Debtors operated several locations in the County of Orange, California. (Declaration of Steven Finch ("Finch Declaration") ¶ 3.)

7.    The Orange County Assessor ("Assessor") is required to annually assess taxable business personal property as of the lien date (January 1st). Business personal property includes all "[e]quipment out on lease, rent, or conditional sale to others" used in the operation of a business. Business Personal Property is reported to the Assessor annually on a form known as the Business Property Statement (Form 571-L). (Finch Declaration ¶ 2.)

8.    Form 571-L constitutes an official request from the Assessor for the taxpayer to declare all assessable business property situated in the county which the taxpayer owned, claimed, possessed, controlled, or managed on the tax lien date, and that the taxpayer signs (under penalty of perjury). Failure to file the statement during the time provided in section 441 of the Revenue and Taxation Code will compel the Assessor to

4

estimate the value of property from other information in the Assessor's possession and
add a penalty of 10 percent of the assessed value as required by section 463 of the
Revenue and Taxation Code. (Finch Declaration ¶¶ 3-5.)

9.    On or about May 6, 2023, Debtors filed their 2023 571-L business
property statements with the Assessor under penalty of perjury. (Finch Declaration ¶¶ 3-
4.)

10.    OCTTC is responsible for the collection of ad valorum taxes assessed
against real property and personal property located in the County of Orange. (Cal. Rev. &
Tax. Code, § 2903.)

11.    Based on the Assessor's valuation of the Debtors' personal property,
fixtures, equipment, and real property located in Orange County, the OCTTC generated
the tax bills referenced in Claim Nos. 99, 128, and 129. (Declaration of Armando
Azpeitia ("Azpeitia Declaration") ¶ 2.)

12.    Debtors incurred the tax liabilities claimed due pursuant to California
Revenue & Taxation Code sections 405, 2186, 2187, 2191.3, 2191.4 and 2193.
(Declaration of Armando Azpeitia. (*Id.* ¶ 3.)

13.    Claim Nos. 99 and 128 for property tax bills are entitled to priority under
Bankruptcy Code section 507(a)(8) because they were last due and payable without
penalty within one year before the date the Debtors filed the petition. (*Id.* ¶ 4.)

**B.    California Property Taxation Background**

14.    The basis for assessment of all real and personal property in California is
the California Constitution. Specifically, all property tax assessments are established by
the provisions of either article XIII or article XIII A (the constitutional article adopted
following the passage of Proposition 13). The California Constitution requires uniformity
of taxation of all property in California (Cal. Const., art. XIII, § 1) and requires that all
property be assessed in the county, city, and district in which it is situated. (Cal. Const.,

5

art. XIII, § 14.)

15.    There are several steps for property taxation in California all of which are governed by numerous State standards, procedures, and protections to ensure fair and uniform application of local property tax assessments. The vast majority of the California Legislature's enactments with respect to ad valorem assessment are found in the California Revenue and Taxation Code. Additionally, the California State Board of Equalization ("the BOE") is mandated to prescribe rules and regulations to govern local boards of equalization when equalizing and county assessors when assessing in compliance with the rulemaking procedures adopted by the California Office of Administrative Law.  Pursuant to that mandate, the BOE has adopted various Property Tax Rules which are contained in Title 18 of the California Code of Regulations.  These rules can be found at https://www.boe.ca.gov/proptaxes/ahcont.htm (the "Property Tax Rules").

16.    County elected assessors additionally rely on the Assessors' Handbook, which "is a series of manuals developed by the staff of the [BOE] in an open process. The objective of the Assessors' Handbook is to give county assessors, their staff, and other interested parties an understanding of the principles of property assessment and real and personal property appraisal for property tax purposes. The Assessors' Handbook presents the BOE staff's interpretation of rules, laws, and court decisions on property assessment." (https://www.boe.ca.gov/proptaxes/ahcont.htm.)

17.    The standard of valuation prescribed by the Legislature is that "[all] taxable property shall be assessed at its "fair market value" or "full cash value." (Cal. Rev. & Tax. Code, § 401.) "Full cash value," as defined in section 110 of the Revenue and Taxation Code, "means the amount at which property would be taken in payment of a just debt from a solvent debtor."(Cal. Rev. & Tax. Code, § 110.) "It provides, in other words, for an assessment at the price that property would bring to its owner if it were

6

offered for sale on an open market under conditions in which neither buyer nor seller could take advantage of the exigencies of the other." (*De Luz Homes, Inc. v. County of San Diego*, 45 Cal. 2d 546, 562 (1955).) Therefore, the definition of fair market value does not include the sales transactions by a debtor in bankruptcy.

18.     Assessors generally estimate value by analyzing market data on sales of similar property on or around the lien date of January 1, replacement costs, and income from the property (1 Bonbright, Valuation of Property, pp. 113-266; American Institute of Real Estate Appraisers, The Appraisal of Real Estate, pp. 75-85; Fisher, Real Estate in California, p. 157), and since no one of these methods alone can be used to estimate the value of all property, an assessor, subject to requirements of fairness and uniformity, may exercise his or her discretion in using one or more of them. (*Utah Const. Co.* v. *Richardson*, 187 Cal. 649, 652-653 (1921).) Significantly, with regard to personal property taxes, the assessment is made based upon information supplied by the taxpayer in a written form that is completed and submitted by an authorized employee as true, correct and complete.  (Finch Declaration ¶ 2.)

19.     An assessee dissatisfied with the annual assessment must first file an application for reduction with the AAB, which has authority to "equalize the values of all property on the local assessment roll by adjusting individual assessments." (Cal. Const., art. XIII, § 16; Cal. Rev. & Tax. Code, § 1603(a).) The AAB is an independent quasi-judicial constitutional body, separate, apart, and independent of the Assessor. (*Westinghouse v. County of Los Angeles*, 42 Cal. App. 3d 32, 42 fns. 6 and 7 (1974) (explaining that "[t]he special expertise in property valuation assignable to county boards of equalization justifies their classification as judicial bodies by California Constitution article XIII, section 9…").)

20.     The functioning of the AAB is governed by sections 1601 through 1645.5 of the Revenue and Taxation Code and sections 301 through 326 of the Property Tax

Rules. Section 1604(c) of the Revenue and Taxation Code requires the AAB to hear evidence and make final determination on an application for reduction of assessment of property within two years of timely filing of the application.

21.     In appeals involving personal property and fixtures, it may be necessary for the Assessor to perform an audit of the taxpayer's records to reach a final value conclusion. The Assessor would also be required to appear at the hearing to defend its valuation, only after the assessee met its burden, and would do so based on accepted valuation methodologies prescribed within the R&T Code.

22.     Subject to exceptions set by law, it is presumed that the assessor has properly performed official duties. (Cal. Evid. Code, § 664; 18 C.C.R. §321, subd. (a); *Texaco Producing v. County of Kern*, 66 Cal. App. 4th 1029 (1998).) The effect of this presumption is to impose upon the applicant the burden of proving that the value on the assessment roll is not correct, or where applicable, the property in question has not been otherwise correctly assessed. (Cal. Evid. Code § 660; *Texaco Producing*, supra, at 1046.) The law requires that the applicant present independent evidence relevant to the full value of the property or other issue presented by the applicant. (18 C.C.R. § 321, subd. (a).)

### Argument

**A.     Abstention is Proper**

23.     Under 28 U.S.C. section 1334(c)(1), a bankruptcy court has "broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" (*Sarfani, Inc. v. Miss. Dept. of Revenue (In re Sarfani, Inc.*), 527 B.R. 241, 252 (Bankr. N.D. Miss. 2015).) Bankruptcy Code section 505(a)(1) provides an additional basis for permissive abstention, because it provides that a court *may*, but is not required to, determine a debtor's tax liabilities. (*Ibid.*) In addition, Section 505(c) also states that the court may not so determine the amount arising in connection with an ad valorem tax on

real or personal property if the period for contesting ore redetermining that amount under applicable nonbankruptcy law has expires. Since the expiration period has not yet expired, the OCTTC respectfully requests that the court provide for the Debtors to be able to contest this amount using the local assessment appeals board already in place for each California taxing authority. If the local assessment appeals board determines a lower value, then a refund would be processed by the OCTTC so there is no reason to move this determination to the court as the Debtors' will fully have the ability to appeal any valuations if they file prior to November 30, 2023, and denying the objection does not harm the Debtors' rights. Finally, the Debtor's acceptance of the values they submitted on the Form 571-L as true, correct and complete on May 6, 2023, is further evidence that the Debtor accepted the fair market value as of that date.

24.      Bankruptcy courts' trend to abstain from hearing the majority of these cases and these particular courts have referred to the traditional abstention principles where the determination of taxes would not benefit the bankruptcy estate or the unsecured creditors, or in those particular cases where such determination would interfere with the uniformity of tax assessment associated with the specific tax jurisdiction in question. Specifically, Bankruptcy courts have properly looked to a number of factors when deciding whether to exercise their authority under section 505, including: "the complexity of the tax issue; (2) the need to administer the bankruptcy case in an expeditious fashion; (3) the burden on the bankruptcy court's docket; (4) the length of time necessary to conduct the hearing and to render a decision thereafter; (5) the asset and liability structure of the debtor; and (6) the potential prejudice to the debtor, the taxing authority, and creditors." (*In re New Haven Projects Ltd. Liability Co.*, 225 F.3d 283, 289 (2d Cir. 1999) (finding that unsecured creditors would not meaningly benefit from section 505 review and such review would frustrate the purpose of the statute). *See also ANC Rental Corp. v. Dallas County (In re ANC Rental Corp.)*, 316 B.R. 153, 159

(Bankr. D. Del. 2004).)

Equalization Should be Performed by the Local Assessment Appeals Board

25. There is an efficient review process available to Debtors within each of the local taxing authorities' jurisdiction, and "it seems most appropriate that the debtor in chapter 11 proceed with the systems already in place" for determining its state tax liability, "rather than substituting this court for that process." (*In re the Village at Oakwell Farms, Ltd.*, 428 B.R. 372, 375 (Bankr. W.D. Tex. 2010) *see also In re Altegrity, Inc.*, 544 B.R. 772 (Bankr. D. Del. 2016) (Delaware bankruptcy court abstained from determining debtor's Oklahoma tax liability, because debtor was already pursuing relief before Oklahoma Tax Commission).)

26. California property tax law is complex. Debtors attempt to ignore this complexity and ask the Court to take an approach to valuation that is not consistent with California law. The Court must apply California law if it were to approve the Debtors' Motion. (*In re Continental Credit Corp.*, 1 B.R. 680, 686 (Bankr. N.D. Ill. 1979). ("The bankruptcy court, in exercising its power to redetermine the proper taxes due and owing, must ascertain the amount properly due under the laws of the state at the time the assessments were made.").)

27. There are three major appraisal approaches for estimating value (cost, comparative sales, and income). The nature of the property, its market, and the availability of data will normally indicate which approach(es) is most applicable. This is supported by Property Tax Rule 3, which states, in part: "In estimating value as defined in section 2, the assessor shall consider one or more of the following [approaches to value], as may be appropriate for the property being appraised."(18 C.C.R., § 3.) Moreover, Property Tax Rule 324 requires that the taxpayer appealing an assessment value "shall be bound by the same principles of valuation that are legally applicable to the assessor." (18 C.C.R. § 324.) Although Debtors discuss fair market value in their

Objection and Motion, Debtors make no reference to any other principles governing valuation in California. (*See* Lammert Decl., Doc. No. 2180-2 at ¶¶ 1-14.) There is simply no basis for the court to analyze the debtors' tax liability differently simply because Debtors filed bankruptcy. (*Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 20 (2000).)

Uniformity of Assessment is at Stake

28.    Many courts have found abstention to be appropriate when uniformity of assessment is at issue. (*Central Valley Ag Enterprises*, 531 F.3d 750, 764 (9th Cir. 2008) (recognizing that uniformity of assessment is a basis for abstention); *In re New Haven Products Ltd. Liability Co.*, 225 F.3d at 288 (same); *In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 577-78 (Bankr. D. Del. 2005) ("Each tax authority must enjoy and apply a uniformity of assessment within its tax jurisdiction."); *In re ANC Rental Corp.*, 316 B.R. at 159 (abstention is often used where uniformity of assessment is an issue.).)

29.    Additionally, it would be prejudicial to California counties to have an out of state court determine the state tax issues implicated in the 505 Motion. (*In re ANC Rental Corp.*, 316 B.R. at 159 (finding that a local taxing authority in Texas would "be significantly prejudiced by having the taxes at issue determined by a Delaware court.") California county assessors are required to attend and present evidence at a hearing on the appeal of an assessment. They should not be required to travel out of state, unrepresented by County Counsel, to present evidence in a New Jersey bankruptcy proceeding. A valuation hearing in New Jersey would be very burdensome on the Assessor. Assessor staff is located exclusively in the County of Orange within the State of California. Assessor staff only appear in administrative proceedings before the Assessment Appeals Board, which are not formal court proceedings. The Assessor is represented at those hearings by legal counsel from the Office of County Counsel, whose attorneys are licensed in California, and not in New Jersey. (Cal. Govt. Code., § 31000.7; *William*

11

*Jefferson & Co., Inc. v. Board of Assessment and Appeals No. 3 ex rel. Orange County,*
695 F.3d 960, 961 (9th Cir. 2012).)

30.     Uniformity of Assessment is of the utmost importance to the Assessor and required under the California Constitution. This uniformity will be placed at risk should an out of state court, rather than our local Assessment Appeals Board, make a valuation determination at a hearing without the Assessor present, and based on valuation methods that are not accepted under the R&T Code. (Assessor Declaration).

The Court's Consideration of the 505 Motion Will Unnecessarily Burden the Court

31.     Debtors failed to present any evidence to demonstrate that the court's consideration of their 505 Motion would result in a more efficient administration of this estate. In fact, Debtors ignore the tremendous burden a 505 determination would place on the court's docket. Debtors are not just contesting the tax liability in a single county, Debtors are contesting tax liability in 26 separate and distinct counties. (Doc. No. 2180 {contesting liability in nine different counties) and Doc. No. 2181 (contesting liability in 17 different counties).). In addition, some of the counties, including OCTTC, have numerous property tax bills at issue.

32.     California property tax law does not permit the bulk valuation of property across counties. Instead, the California Constitution requires that all property be assessed in the county, city, and district in which it is situated. (Cal. Const., art. XIII, § 14.) Therefore, each counties' assessment should be determined at a separate and distinct evidentiary hearing. It is unclear how 26 separate hearings in a New Jersey Bankruptcy Court on California property tax issues promotes the purpose of section 505. Given this Court's other commitments, there is no reason to believe that it could hear and determine the issues Debtors have raised more efficiently than the local AABs, which are designed exclusively for this purpose. Moreover, because the R&T Code requires that the hearing take place within two years, there is not a risk of delay.

12

33.    Debtors have not set forth any argument or evidence as to how this court's Section 505(a)(1) determination would benefit other creditors or result in the efficient administration of this case. Instead, it appears that Debtors are attempting to circumvent state property tax law and avoid paying priority tax claims, thereby benefiting only the Debtors (and not the creditors).

**B.    Debtors' Valuation Does Not Comply with California Property Tax Rules**

34.    Even if the Court were to determine the valuation of Debtors' property under section 505, the Debtors have not met their burden. As explained above, the assessee has the burden of proving that the assessor has improperly valued the property, and Debtors are bound by same methods of valuation as Assessor. Debtors cannot meet this burden because their appraisal completely ignores the approaches to value accepted under California law. (Lammert Decl. ¶¶ 1-14.)

35.    Rather than asking this Court to apply state law, as the Court is required to do, Debtors appear to be arguing that the valuation methods prescribed under the laws of California are erroneous. (Lammert Decl. ¶ 6 (blanketly attacking the valuation methods used across the state of California).) Debtors then attempt to circumvent state law by lumping all the assessments of their property across jurisdictions together and asking this court to consider its post lien date sales during Debtors' insolvency. (*see* Lammert Decl. ¶¶ 6-13.).

36.    Contrary to Debtors' argument, "full cash value," as defined in section 110 of the Revenue and Taxation Code, "means the amount at which property would be taken in payment of a just debt from a *solvent* debtor." (Cal. Rev. & Tax. Code §110.) It does not include sales Debtor made after the lien date under exigent circumstances. Under Assessor's Handbook 504, sales of assets from a bankruptcy estate should not necessarily be considered valid indicators of market value under the definition of Revenue and Taxation Code section 110. (See Assessors' Handbook 504, p. 50, 130 (recognizing that

the buyer of property from a bankrupt's estate has the ability to take advantage of the

exigencies of the seller.).)

**C.     Debtors Have Not Produced Sufficient Evidence to Negate the Prima Facie
Validity of the Tax Collector's Claim**

37.     It is well settled that the timely filing of a Proof of Claim is prima facie

evidence of the validity and amount of the claim pursuant to Federal Rule of Bankruptcy

Procedure 3001(f). (*In re Mid-American Waste Sys.*, 284 B.R. 53, 65 (Bankr. Del. 2002).)

Once a proof of claim is properly executed and filed "it is a debtor who bears the initial

burden of going forward to produce evidence sufficient to negate the prima facie validity

of the filed claim." *In re Desert Village Ltd. P'ship*, 321 B.R. 443, 446 (Bankr. N.D.

Ohio 2004); *In re Allegheny International, Inc.*, 954 F.2d 167, 176 (3d Cir. 1992) (burden

shifts to objector to produce sufficient evidence to negate the prima facie validity of the

filed claim).) "This evidence must be a probative force equal to that of the creditor's

proof of claim." (*In re Hinkley*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986).)

38.     Moreover, where a claim is based on statute, not a writing, a taxing agency

is not required to attach documentation to its proof of claim in order to retain the

presumption of validity. (*In re Los Angeles Intl. Airport Hotel Assoc.,* 106 F. 3d 1479,

1480 (9th Cir. 1997).) A debtor taxpayer disputing a tax claim in bankruptcy has the

burden of proving it does not owe the tax. (*Raleigh v. Illinois Dept. of Revenue,* 530 US

15, 21-26 (2000).)

39.     Accordingly, the OCTTC retains the presumption of validity and the

burden remains with the Debtors to present evidence that the tax claim is invalid, paid, or

otherwise inapplicable. (*In re Lanza*, 51 B.R. 125 (Bankr. D.N.J. 1985).). In the case of

tax claims, burden of proof and persuasion is upon debtor taxpayer and Bankruptcy Rule

3001(f) was held not to shift the burden of proof to the taxing agency. (*In re Cobb*, 135

B.R. 640 (Bankr. D. Neb. 1992).)

**Conclusion**

40.     Debtors' Objection and Motion involves only state law issues. Resolution of those issues is more complex than asserted by the Debtors, and administration of the bankruptcy estate would not be affected if the court were to abstain. There are no "core" bankruptcy matters to be severed, and the numerous evidentiary hearing required to determine the Objection and Motion for each California taxing agency would place a burden on the Court's docket.  As a result, the Court should abstain from determining any tax liabilities allegedly at issue in Claim Nos. 99, 128, and 129.   Accordingly, the Objection and Motion should be denied.

Dated:  October 13, 2023

SHARI L. FREIDENRICH
TREASURER-TAX COLLECTOR
COUNTY OF ORANGE
P.O. Box 4515
Santa Ana, California 92702-4515
Telephone: (714) 834-7625
Treasurer@ttc.ocgov.com

## DECLARATION OF ARMANDO AZPEITIA IN SUPPORT
## OF THE ORANGE COUNTY TREASURER-TAX COLLECTOR'S
## OPPOSITION TO DEBTORS' OBJECTION AND MOTION

I, Armando Azpeitia, declare:

1.     I am employed as a Collection Officer II in the Bankruptcy Unit in the County of Orange, Office of the Treasurer-Tax Collector ("the OCTTC").   In that capacity, I know the proof of claim filing procedures for the Bankruptcy Unit and am familiar with the tax billing process, as part of the preparing the proof of claims. The facts set forth in this declaration are personally known to me, and I can competently testify to those facts.

2.     On May 1, 2023, I filed Proof of Claim No. 99 on behalf of the OCTTC for the following unsecured property tax bills as unsecured, priority tax claims related to the Debtors' business property: 23-064955, 23-064956, 23-064957, 23-064958, 23-064959, 23-064960, 23-064961, and 23-064962 in the total amount of $46,841.39 ("the Claim No. 99"). A true and correct copy of this claim is attached as Exhibit A.

3.     On May 1, 2023, I filed Proof of Claim No. 128 on behalf of the OCTTC for the following unsecured property tax bills as unsecured, priority tax claims related to the Debtors' business property: 23-068707 and 23-068708 in the total amount of $12,946.79 ("the Claim No. 128"). A true and correct copy of this claim is attached as Exhibit B.

4.     On May 1, 2023, I filed on behalf of the OCTTC for the following secured tax bills as secured, prepetition tax claims for Assessor Parcel Nos. 784-661-42 and 784-661-47 for the Debtors' property at 25732 El Paseo, Mission Viejo, California in the total amount of $88,408.00 ("Claim No. 129"). A true and correct copy of this claim is attached hereto as Exhibit C.

5.     Claim Nos. 99, 128, 129, and the taxes underlying them, remain unpaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of October, 2023, at Santa Ana, California.

_____
Armando Azpeitia

# Exhibit A

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | BED BATH & BEYOND OF CALIFORNIA LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court: | NEW JERSEY DISTRICT, NEWARK DIVISION |
| Case number | 2:23-13371 VFP          **Chapter: 11** |

## Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

County of Orange Treasurer-Tax Collector
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| County of Orange Treasurer-Tax Collector<br>Name | County of Orange Treasurer-Tax Collector<br>Name |
| PO Box 4515<br>Number      Street | PO Box 1438<br>Number      Street |
| Santa Ana          CA          92702-4515<br>City          State          ZIP Code | Santa Ana          CA          92702-1438<br>City          State          ZIP Code |
| Contact phone  714-834-3411 | Contact phone  714-834-3411 |
| Contact email  orangecountybk@TTC.OCGOV.com | Contact email  orangecountybk@TTC.OCGOV.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___2300016___

**7. How much is the claim?**   $ _46,831.49_____ . **Does this amount include interest or other charges?**
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Business County Property Taxes

**9. Is all or part of the claim secured?**
☒ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____
Amount of the claim that is secured:   $_____
Amount of the claim that is unsecured:   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☒ Yes. *Check all that apply:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 46,831.49 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/25/2023
                         MM / DD / YYYY

SHARI L. FREIDENRICH, Orange County Treasurer-Tax Collector

By Authorized Signer:
                   Signature

Print the name of the person who is completing and signing this claim:

| Name | Armando | | Azpeitia |
|---|---|---|---|
| | First name | Middle name | Last name |

Title   Collection Officer II

Company   County of Orange Treasurer-Tax Collector
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   PO Box 4515
               Number          Street

Santa Ana                              CA        92702
City                                        State      ZIP Code

Contact phone   714-834-3411          Email   orangecountybk@TTC.OCGOV.com

CREDITOR: COUNTY OF ORANGE

DEBTOR: BED BATH & BEYOND OF CALIFORNIA LLC

BK NBR 2300016    CASE NBR 2:23-13371 VF    CHAPTER 11

PETITION DATE 04/23/23

# Priority Unsecured Property Tax

11USC§507(a)(8)(B) Priority date: 04/23/22

| TCRef # ASMNT# | PROPERTY LOCATION / EFFECTIVE FISCAL TAX YEAR - TAX TYPE | BASE TAX DUE DATE | LATE 10% PENALTY | MONTHLY PENALTY | ESCAPE INTEREST | FEES | AMOUNT PAID | CLAIM TOTAL |
|---|---|---|---|---|---|---|---|---|
| 0032342 23-064955 | 13692 Jamboree Rd Irvine 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $8,152.38 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,152.38 |
| 0032342 23-064956 | 25732 El Paseo Mission Viejo 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $9,935.82 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $9,935.82 |
| 0032342 23-064957 | 3900 S Bristol St Suite C Santa Ana 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $3,926.56 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,926.56 |
| 0032342 23-064958 | 23041 Savi Ranch Pk Yorba Linda 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $6,310.08 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,310.08 |
| 0032342 23-064959 | 8390 On The Mall Suite 237 Buena Park 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $2,568.35 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,568.35 |
| 0032342 23-064960 | 12390 Seal Beach Bl Seal Beach 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $3,665.03 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,665.03 |
| 0032342 23-064961 | 22235 El Paseo Rancho Santa Margarita 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $1,987.26 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,987.26 |
| 0032342 23-064962 | 1320 S Beach Bl La Habra 2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $3,572.63 08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,572.63 |
| | | $40,118.10 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $40,118.10 |

Priority Total    $46,831.49

**Note: This Claim is subject to amendment in the event of an audit assessment, if the debtor has failed to file a Business Property Statement, or if the debtor has acquisitions subject to assessment.**

Liabilites are assessed each Lien Date of January 1 to the owner of record and billed for the fiscal year July 1 through June 30 that follows. RTC 2192

* Asterisked items reflect supplemental assessments, roll corrections, escape audits or the actual assessments of previously estimated amounts.
I certify the above to be a true and correct copy of the applicable property tax roll as of petition date.

Shari L. Freidenrich

County of Orange

Treasurer-Tax Collector

By:

Authorized Signer

4/25/2023

page 1

# CREDITOR: COUNTY OF ORANGE

**DEBTOR:** BED BATH & BEYOND OF CALIFORNIA LLC

BK NBR 2300016    CASE NBR 2:23-13371 VF    CHAPTER 11

PETITION DATE 04/23/23

## Priority Unsecured Property Tax

11USC§507(a)(8)(B) Priority date: 04/23/22

| TCRef #<br>ASMNT#<br>EFFECTIVE FISCAL TAX YEAR - TAX TYPE | PROPERTY LOCATION | BASE TAX<br>DUE DATE | LATE 10%<br>PENALTY | MONTHLY<br>PENALTY | ESCAPE<br>INTEREST | FEES | AMOUNT<br>PAID | CLAIM TOTAL |
|---|---|---|---|---|---|---|---|---|
| 0032342<br>23-064963 | 7777 Edinger Av Suite 236 Huntington Beach<br>2023 – Estimated Business Assessments, Dba: Bed Bath & Beyon | $4,507.12<br>08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,507.12 |
| 0032342<br>23-064964 | 32391 St Of The Golden Lantern Suite E Laguna Niguel<br>2023 – Estimated Business Assessments, Dba: Bed Bath & Beyond | $2,206.27<br>08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,206.27 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | $6,713.39 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,713.39 |

**Note: This Claim is subject to amendment in the event of an audit assessment, if the debtor has failed to file a Business Property Statement,**

**or if the debtor has acquisitions or dispositions of assets subject to assessment.**

Liabilities are assessed each Lien Date of January 1 to the owner of record and billed for the fiscal year July 1 through June 30 that follows. RTC 2192

\* Asterisked items reflect supplemental assessments, roll corrections, escape audits or the actual assessments of previously estimated amounts.

I certify the above to be a true and correct copy of the applicable property tax roll as of petition date.

Shari L. Freidenrich

County of Orange

Treasurer-Tax Collector

By: _____

Authorized Signer

4/25/2023

# Exhibit B

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | BUY BUY BABY, INC. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court: | NEW JERSEY DISTRICT, NEWARK DIVISION |
| Case number | 2:23-13400 VFP    **Chapter: 11** |

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| 1. Who is the current creditor? | County of Orange Treasurer-Tax Collector |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

**2. Has this claim been acquired from someone else?**

☒ No

☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| County of Orange Treasurer-Tax Collector | County of Orange Treasurer-Tax Collector |
| Name | Name |
| PO Box 4515 | PO Box 1438 |
| Number    Street | Number    Street |
| Santa Ana    CA    92702-4515 | Santa Ana    CA    92702-1438 |
| City    State    ZIP Code | City    State    ZIP Code |
| Contact phone  714-834-3411 | Contact phone  714-834-3411 |
| Contact email  orangecountybk@TTC.OCGOV.com | Contact email  orangecountybk@TTC.OCGOV.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☒ No

☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes.  Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☐ No

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _2300017_

7. **How much is the claim?**    $ _12,946.79_      . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Business County Property Taxes_

9. **Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate (when case was filed)** _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. **Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

Official Form 410           Proof of Claim           page 2

| | | Amount entitled to priority |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | |
| | ☒ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 12,946.79 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/25/2023
                              MM / DD / YYYY

SHARI L. FREIDENRICH, Orange County Treasurer-Tax Collector

By Authorized Signer:
                Signature

Print the name of the person who is completing and signing this claim:

| Name | Armando | | Azpeitia |
|---|---|---|---|
| | First name | Middle name | Last name |

Title      Collection Officer II

Company      County of Orange Treasurer-Tax Collector
                     Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      PO Box 4515
                     Number        Street

                     Santa Ana                                          CA          92702
                     City                                                      State      ZIP Code

Contact phone   714-834-3411                              Email   orangecountybk@TTC.OCGOV.com

CREDITOR: **COUNTY OF ORANGE**

DEBTOR: **BUY BUY BABY, INC.**

BK NBR 2300017     CASE NBR 2:23-13400 VF   CHAPTER 11     PETITION DATE   04/23/23

## Priority Unsecured Property Tax

11USC§507(a)(8)(B) Priority date: 04/23/22

| TCRef #<br>ASMNT# | PROPERTY LOCATION<br>EFFECTIVE FISCAL TAX YEAR - TAX TYPE | BASE TAX<br>DUE DATE | LATE 10%<br>PENALTY | MONTHLY<br>PENALTY | ESCAPE<br>INTEREST | FEES | AMOUNT<br>PAID | CLAIM TOTAL |
|---|---|---|---|---|---|---|---|---|
| 0750173<br>23-068707 | 25322 El Paseo Mission Viejo<br>2023 – Estimated Business Assessments, Store #3084 | $9,043.74<br>08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $9,043.74 |
| 0750173<br>23-068708 | 22999 Savi Ranch Pk Yorba Linda<br>2023 – Estimated Business Assessments,  Store #3095 | $3,903.05<br>08/31/23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,903.05 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | $12,946.79 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $12,946.79 |

Priority Total     $12,946.79

**Note: This Claim is subject to amendment in the event of an audit assessment, if the debtor has failed to file
a Business Property Statement, or if the debtor has acquisitions subject to assessment.**

Liabilites are assessed each Lien Date of January 1 to the owner of record and billed for the fiscal year July 1 through June 30 that follows. RTC 2192
* Asterisked items reflect supplemental assessments, roll corrections, escape audits or the actual assessments of previously estimated amounts.
I certify the above to be a true and correct copy of the applicable property tax roll as of petition date.

Shari L. Freidenrich
County of Orange
Treasurer-Tax Collector

By: _____
Authorized Signer

4/25/2023

page 1

# Exhibit C

**Fill in this information to identify the case:**

Debtor 1    BED BATH & BEYOND INC.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court:  NEW JERSEY DISTRICT, NEWARK DIVISION

Case number   2:23-13359 VFP                    Chapter: 11

---

Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

County of Orange Treasurer-Tax Collector
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No

☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

County of Orange Treasurer-Tax Collector
Name

PO Box 4515
Number      Street

Santa Ana        CA        92702-4515
City        State        ZIP Code

Contact phone   714-834-3411

Contact email   orangecountybk@TTC.OCGOV.com

Where should payments to the creditor be sent? (if different)

County of Orange Treasurer-Tax Collector
Name

PO Box 1438
Number      Street

Santa Ana        CA        92702-1438
City        State        ZIP Code

Contact phone   714-834-3411

Contact email   orangecountybk@TTC.OCGOV.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one): __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☒ No

☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                    Proof of Claim                    page 1

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __2300015__

**7. How much is the claim?** $ __88,408.00__

Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__Real Estate County Property Taxes__

**9. Is all or part of the claim secured?**

☐ No
☒ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☒ Other. Describe: __Parcel numbers 784-661-42 and 784-661-47__

Basis for perfection: __Statutory Lien__
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ __8,591,927 estimated Prop13 assessed__
Amount of the claim that is secured: $ __88,408.00__
Amount of the claim that is unsecured: $ __0.00__   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ __0.00__

Annual Interest Rate (when case was filed) __0__ %
☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.     $_____

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/25/2023
                  MM / DD / YYYY

SHARI L. FREIDENRICH, Orange County Treasurer-Tax Collector

By Authorized Signer:
          Signature

Print the name of the person who is completing and signing this claim:

| Name | Armando | | Azpeitia |
|---|---|---|---|
| | First name | Middle name | Last name |

Title      Collection Officer II

Company    County of Orange Treasurer-Tax Collector
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    PO Box 4515
           Number          Street

           Santa Ana                          CA       92702
           City                               State    ZIP Code

Contact phone   714-834-3411          Email   orangecountybk@TTC.OCGOV.com

CREDITOR: COUNTY OF ORANGE

DEBTOR: **BED BATH & BEYOND INC.**

BK NBR 2300015          CASE NBR 2:23-13359          CHAPTER 11          PETITION DATE 04/23/23

# Secured Pre-Petition Tax Liability

| TAX YEAR | PARCEL NO. PROPERTY LOCATION | BASE TAX VALUE(Assessed) | 10% LATE PENALTY | MONTHLY PENALTIES | FEES | AMOUNT PAID | ARREARAGE | CLAIM TOTAL |
|---|---|---|---|---|---|---|---|---|
| 2023 | Estimated Tax  784-661-42.00 25732 El Paseo Mission Viejo | $55,860.00  5,433,598 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $55,860.00 |
| 2023 | Estimated Tax  784-661-47.00 25732 El Paseo Mission Viejo | $32,548.00  3,158,329 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $32,548.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| TOTALS: | TAX VALUE 8,591,927 | $88,408.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $88,408.00 |

Note: This Claim is subject to amendment in the event of an audit assessment, if the debtor has failed to file a Business Property Statement,

or if the debtor has acquisitions or dispositions of assets subject to assessment.

Liabilites are assessed each Lien Date of January 1 to the owner of record and billed for the fiscal tax year July 1 through June 30 that follows.

* Asterisked items reflect supplemental assessments, roll corrections, escape audits and/or the actual assessments of previously estimated amounts.

I certify the above to be a true and correct copy of the applicable property tax roll as of petition date.

Shari L. Freidenrich

County of Orange

Treasurer-Tax Collector

By:
Authorized Signer

4/25/2023

## DECLARATION OF AL SALGUERO IN SUPPORT OF THE ORANGE COUNTY TREASURER-TAX COLLECTOR'S OPPOSITION TO DISBURSING OBJECTION

I, Al Salguero, declare:

1.      I am employed as a Real Estate Deputy Director by the County of Orange, Department of the Assessor. In that capacity, and as an employee of the Assessor's Department for the last twenty-seven years, I know the assessment and records procedures of the Assessor's Department. The facts set forth in this declaration are personally known to me and I can competently testify to those facts.

2.      BED BATH & BEYOND INC. ("Debtor") is the assessee of record of the real property at 25732 El Paseo, Mission Viejo, Ca (Assessor parcel numbers 784-661-42 and 784-661-47). Under Proposition 13, real property values on these two parcels, including land and improvements, are limited to an increase of no more than 2% for 2023. On June 3, 2023, the 2023 values of said parcels were determined by taking the 2022 enrolled values plus 2% for both land and improvements under the provisions of Proposition 13.


I declare under penalty of perjury under that the foregoing is true and correct.

Executed this October 12, 2023, at Orange, California.

Al Salguero

## DECLARATION OF STEVEN FINCH IN SUPPORT OF THE ORANGE COUNTY TREASURER-TAX COLLECTOR'S OPPOSITION TO DISBURSING OBJECTION

I, Steven Finch, declare:

1.      I am employed as a Managing Auditor-Appraiser by the County of Orange, Department of the Assessor. In that capacity, and as an employee of the Assessor's Department for the last twenty-two years, I know the assessment and records procedures of the Assessor's Department. The facts set forth in this declaration are personally known to me and I can competently testify to those facts.

2.      Under California Revenue and Taxation Code section 441, owners of personal property totaling more than $100,000 must annually file a statement with the county assessor as to what property it owns or controls in the County on January 1. This statement asks the owner to declare the original costs of its property. The Assessor then applies those costs to depreciation schedules to determine the market value of the property based on the replacement cost approach to value. The Assessor then enrolls the market value on the assessment roll.

3.      On May 6, 2023, Bed, Bath, & Beyond of California, LLC ("Debtor") filed Business Property Statements pursuant to California Revenue & Taxation Code Section 441. True and correct copies of these statements are attached as Exhibits A through J. In these statements, Debtor detailed, under penalty of perjury, what business property it held at the locations listed on Attachment A as of January 1, 2023. Based on Debtor's reported costs, the Assessor enrolled a total value of 3,172,903 for Debtor's business property for the locations listed on Attachment A.

4.      On May 6, 2023, Buy Buy Baby, Inc. ("Debtor") filed Business Property Statements pursuant to California Revenue & Taxation Code Section 441. True and correct copies of these statements are attached as Exhibits K through L. In these statements, Debtor detailed, under penalty of perjury, what business property it held at the locations listed on Attachment B as of

January 1, 2023.  Based on Debtor's reported costs, the Assessor enrolled a total value of

985,192 for Debtor's business property for the locations listed on Attachment B.

5.        On October 10, 2023, Bed, Bath, & Beyond of California, LLC assessments 2023-

043250 (13692 Jamboree Rd, Irvine) and 2023-038169 (32391 Street of the Golden Lantern,

Suite E, Laguna Niguel) were cancelled based on research confirming that these locations were

closed prior to January 1st, 2023.  The original enrolled assessments for these two locations were

based on prior years filings carried forward for 2023 pursuant to California Revenue & Taxation

Code Section 501 and State Board of Equalization *Assessor's Handbook 504: Assessment of*

*Personal Property and Fixtures* (page 136).


I declare under penalty of perjury under that the foregoing is true and correct.

Executed this 12th day of October, 2023, at Orange, California.

 

 

Steven Finch