UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

US BANKRUPTCY COURT
FILED
NEWARK, NJ
2023 OCT 17 A 11: 20
JEANNE A. NAUGHTON
BY: _____ DEPUTY CLERK

In re:

BED BATH & BEYOND INC., et al.,

    Debtors,

Case No.: 23-13359 (VFP)

Chapter 11

Date: October 24, 2023
Time: 10:00 a.m. (ET)
Courtroom: 3B

**DECLARATION OF PETER YU IN SUPPORT OF CREDITOR COUNTY OF CONTRA COSTA TREASURER TAX COLLECTOR'S RESPONSE TO DEBTORS' SECOND OMNIBUS OBJECTION**

I, Peter Yu, declare as follows:

1. I make this declaration based upon my own personal knowledge, except for matters set forth herein on information and belief, and as to those matters, I believe them to be true, and if called upon to testify herein, I could and would competently testify as follows:

2. I am employed by the County of Contra Costa ("County"). I have been employed by the County since February 1, 1997. I am the Division Chief of the Business Division with the County of Contra Costa Assessor. My responsibilities include overseeing the assessment of business personal property, Manager of the Audit Program, and oversee resolution of business personal property assessment appeals.

3. The Assessor is required to annually assess taxable business personal property as of the lien date (January 1st). Business Personal Property includes all "Equipment out on lease, rent, or conditional sale to others" used in the operation of a business. Business Personal Property is reported to the Assessor annually on a form known as the Business Property Statement (Form 571-L).

4. Form 571-L constitutes an official request from the Assessor for the

taxpayer to declare all assessable business property situated in the county which the taxpayer owned, claimed, possessed, controlled, or managed on the tax lien date, and that the taxpayer signs (under penalty of perjury). Failure to file the statement during the time provided in section 441 of the Revenue and Taxation Code will compel the Assessor to estimate the value of your property from other information in the Assessor's possession and add a penalty of 10 percent of the assessed value as required by section 463 of the Revenue and Taxation Code.

5. I am familiar with the tax records maintained by the Assessor in the normal course of business and specifically with information requested by the Assessor or furnished in the Property Statement.

6. As of January 1, 2023, Debtors operated two retail store locations in the County of Contra Costa.

7. Based on my review of the Assessor records it appears that Debtors submitted a Business Property Statement for 2023 to the Assessor dated May 8, 2023. The statement was signed under penalty of perjury by their VP of Tax. Based on my review of Assessor records, I determined that the Assessor assessed the Debtor's property exactly as it was reported by Debtors for the 2023 fiscal year. Pursuant to Revenue and Taxation Code Section 451, the Assessor is required to keep the information in the property statement secret, and therefore, cannot disclose any further details or produce a copy of the statement.

8. The Tax Collector issued unsecured tax bills for the personal property and fixtures located within the two different locations operated by Debtors for fiscal year 2023. The tax bills issued are 028428 and 008599 in the amount of $9,399.81. These tax bills are based on the values from the unsecured roll enrolled by the Assessor.

9. The debtors incurred the tax liabilities claimed due pursuant to California Revenue & Taxation Code §§ 2191.3, 2191.4 and 2193.

10. Pursuant to California Revenue and Taxation Code Section 2922, Unsecured (Personal) Property Taxes are due upon receipt of the Unsecured Property Tax Bill and

are last due without penalty on August 31.

11. If a taxpayer disagrees with the value established for a property, they should discuss the issue with the Assessor's staff in the county where the property is located. If an agreement cannot be reached, then taxpayers have a right to appeal the value under certain circumstances and limitations.

12. Debtors' deadline to file a personal property appeal application for the 2023 year is November 30, 2023.

13. To date, Debtors have not contacted the Assessor's Office to discuss their valuation, nor have they filed an Appeal Application for the 2023 tax year.

14. In appeals involving personal property and fixtures, it may be necessary for the assessor to perform an audit of the taxpayer's records to reach a final value conclusion. The Assessor would also be required to appear at the hearing to defend its valuation, only after the taxpayer met its burden, and would do so based on accepted valuation methodologies prescribed within the Revenue and Taxation Code.

15. I reviewed the declaration submitted by Debtors in their Second Omnibus Objection. Debtors do not appear to base their valuation on any accepted valuation method within the Revenue and Taxation Code. Instead, the valuation is based on post-lien date sales while the Debtors were insolvent.

16. A valuation hearing in New Jersey would be very burdensome on the Assessor. Assessor staff is located exclusively in the County of Contra Costa within the State of California. Assessor staff only appear in administrative proceedings before the Assessment Appeals Board, which are not formal court proceedings.

///

///

17. The County's legal advisor is the County Counsel, and Assistant County Counsel, Rebecca Hooley is the specific legal advisor to the Assessor. Ms. Hooley is not barred in New Jersey and is unable to represent the Assessor at a valuation hearing in a New Jersey court.

18. Uniformity of Assessment is of the utmost importance to the Assessor and required under the California Constitution. This uniformity will be placed at risk should an out of state court, rather than our local Assessment Appeals Board, make a valuation determination at a hearing without the Assessor present, and based on valuation methods that are not accepted under the Revenue and Taxation Code.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _16_ day of October 2023, at Martinez, California.

_____
Peter Yu

# PROOF OF SERVICE
(Code Civ. Proc., §§ 1012, 1013a, 1013b, 2015.5; Fed. Rules Civ.Proc., rule 5(b).)

**Re:** In re: Bed Bath & Beyond Inc., et al., Debtors
United States Bankruptcy County, District of New Jersey
Case No. 23-13359 (VFP)
Chapter 11

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Office of the County Counsel, 1025 Escobar Street, 3rd Floor, Martinez, CA 94553. On October 16, 2023, I served the following document(s) by the method(s) indicated below.

**DECLARATION OF PETER YU IN SUPPORT OF CREDITOR COUNTY OF CONTRA COSTA TREASURER TAX COLLECTOR'S RESPONSE TO DEBTORS' SECOND OMNIBUS OBJECTION**

☒ **By e-mail or electronic transmission.** I caused such document(s) to be emailed or electronically transmitted from e-mail address Eric.Suitos@cc.cccounty.us between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Transmission via electronic mail was consistent with the requirements of California Rules of Court 8.71.

| | |
|---|---|
| Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>COLE SCHOTZ P.C.<br>25 Main Street<br>Hackensack, NJ 07602-0800<br>E-Mail: wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>Attorneys for Debtors | |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on October 16, 2023, at Martinez, California.

_____
Eric Suitos

---

PROOF OF SERVICE                                                   23-13359 (VFP)