Creditor, Office of the Tax Collector for San Bernardino County
268 West Hospitality Lane, First Floor
San Bernardino, CA 92415-0018
Phone: (909) 382-3041 Fax: (909) 890-5797
Email: linda.mikulski@sbcountyatc.gov

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2023 OCT 17  A 11: 22

JEANNE ~ ~GHTON
BY: ~
~ CLERK

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., et al.,<br><br>Debtors, | Case No.: 23-13359 (VFP)<br><br>Chapter 11<br><br>**CREDITOR SAN BERNARDINO COUNTY TAX COLLECTOR'S RESPONSE TO DEBTOR'S SECOND OMNIBUS OBJECTION TO CERTAIN TAX CLAIMS AND OPPOSITION TO MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS**<br><br>Date:  October 24, 2023<br>Time: 10:00 a.m. (ET)<br>Judge: Honorable Vincent F. Papalia<br>Courtroom: 3B |

Respondent Creditor, San Bernardino County Office of the Tax Collector (SBTC), hereby responds to the Notice of Debtors' (I) Second Omnibus Objection to Certain Tax Claims and (II) Motion to Determine Tax Liability and Stay Proceedings.

## I.    INTRODUCTION

San Bernardino County Office of Tax Collector was never served with any documents related to this objection, and only became aware of this objection via other Counties. Pursuant to the documents shared by other Counties, the Debtors request a determination by the Court concerning their property tax liabilities respecting various taxing authorities, including SBTC, pursuant to Section 505(a) of the Bankruptcy Code. The Debtors contend, without evidence, that the assessment values of their properties and

1   tax liabilities are excessive and inaccurate.  However, Debtors appear to rely on their post

2   lien date sales to value their property rather than an accepted valuation methodology

3   under California Law.

4          Section 505 of the Bankruptcy Code is discretionary, and Creditor SBTC asks that

5   the court abstain from entertaining Debtors' motion.  Property tax assessment in

6   California is complex, and a New Jersey Court would be required to apply substantive

7   California law on issues that are intended to be decided by a local Assessment Appeals

8   Board ("AAB") under the California Constitution, placing the uniformity of assessment

9   at great risk.  In addition, the burden to the court would be tremendous given the amount

10  of properties at issue and the requirement under California law that taxes be based on the

11  situs of the property.  Finally, there is a substantial burden to SBTC, as all of its appraiser

12  staff and their legal advisor, Office of County Counsel, are located exclusively in

13  California.

14         The Debtors Motion does not comport with the purpose and objectives established

15  under Section 505(a) of the Bankruptcy Code, and Debtors' have not overcome the

16  presumptive validity of San Bernardino County's claim.  San Bernardino County

17  respectfully requests the Court deny this Motion, in its entirety. Should the Court decline

18  to abstain from hearing this matter, the County hereby objects to the Debtors'

19  introduction of any evidence at the hearing on the Motion, including, without limitation,

20  the "appraisal", and other evidence which could not have been considered pursuant to

21  applicable nonbankruptcy law.

22  **II.    STATEMENT OF FACTS**

23         1.     On April 23, 2023 (the "Petition Date"), the Debtors filed a voluntary

24  petition for relief under Chapter 11 of Title 11 of the United States Code (the

25  "Bankruptcy Code").

26         2.     On May 4, 2023, SBTC timely filed Proof of Claim number 1097 for

27  unsecured tax bills: 20220804882, 20220796798, 20220812874, 20220801530,

28  20220800243, 20220801179, and 20220796797, in the amount of $30,120.36. (*See*

2

Claim No. 1097).  Furthermore, included as Attachment A and filed on October 16, 2023 is an Amended Proof of Claim to including the following tax bills: 20230808149, 20230799987, 20230799988, 20230816066, 20230804888, 20230803559, 20230804527 resulting in a total claim amount of $41,133.45. Collectively the "Unsecured Priority Tax Claim").  The Proof of Claim is presumptively valid.  Fed R. Bankr., Rule 3001, subd. (f).

3.    As of January 1, 2023, Debtors operated several locations in the San Bernardino County.  (Declaration of Ruth Scott ¶ 6).

4.    The Assessor is required to annually assess taxable business personal property as of the lien date (January 1st).  Business Personal Property includes all "Equipment out on lease, rent, or conditional sale to others" used in the operation of a business.  Business Personal Property is reported to the Assessor annually on a form known as the Business Property Statement (Form 571-L).  (Scott Decl. ¶ 3).

5.    Form 571-L constitutes an official request from the Assessor for the taxpayer to declare all assessable business property situated in the county which the taxpayer owned, claimed, possessed, controlled, or managed on the tax lien date, and that the taxpayer signs (under penalty of perjury). Failure to file the statement during the time provided in section 441 of the California Revenue and Taxation Code will compel the Assessor to estimate the value of your property from other information in the Assessor's possession and add a penalty of 10 percent of the assessed value as required by section 463 of the California Revenue and Taxation Code. (Scott Decl. ¶ 4).

6.    On May 4, 2023Debtors filed their 2023 571-L business property statements with the Assessor, with the statements signed true, correct, and complete by their VP of Tax. (Scott Decl. ¶ 7).  The Assessor assessed the property exactly as it was reported by Debtors.  (*Id.*)

7.    The San Bernardino County Auditor-Controller/Treasurer/Tax Collector is responsible for the collection of ad valorum taxes assessed against real property and personal property located in the San Bernardino County. *See* Cal. Rev. & Tax. Code

1    §2903.

2       8.    The San Bernardino County Tax Collector issued 7 tax bills issued for fiscal

3    year 2023 for the personal property and fixtures located within the various different

4    locations operated by Debtors based on the Assessor's valuation.  (*See* Claim No. 1097).

5    These tax bills represent SBTC's Unsecured Priority Tax Claim.

6       9.    Debtors incurred the tax liabilities claimed due pursuant to California

7    Revenue & Taxation Code §§ 2191.3, 2191.4 and 2193. (Scott Decl. ¶ 9).

8       10.   The 2023 tax bills are entitled to priority under section 508(a)(8) because it

9    was last due and payable without penalty within one year before the date the Debtors

10   filed the instant petition.

11   **III.    COMPLEXITY OF CALIFORNIA PROPERTY TAX PROCEDURE**

12       The basis for assessment of all real and personal property in California is the

13   California Constitution. Specifically, all property tax assessments are established by the

14   provisions of either article XIII or article XIII A (the constitutional article adopted

15   following the passage of Proposition 13). The California Constitution requires uniformity

16   of taxation of all property in California (Cal. Const., art. XIII, § 1) and requires that all

17   property be assessed in the county, city, and district in which it is situated. Cal. Const.,

18   art. XIII, § 14.

19       There are several steps for property taxation in California all of which are

20   governed by numerous standards, procedures, and protections to ensure fair and uniform

21   application of local property tax assessments. The vast majority of the Legislature's

22   enactments with respect to ad valorem assessment are found in the California Revenue

23   and Taxation Code (hereinafter "R&T Code"). In addition, The State Board of

24   Equalization ("BOE") is mandated to prescribe rules and regulations to govern local

25   boards of equalization when equalizing, and county assessors when assessing, in

26   compliance with the rulemaking procedures adopted by the California Office of

27   Administrative Law. Pursuant to that mandate, the BOE has adopted various Property

28   Tax Rules which are contained in Title 18 of the California Code of Regulations. These

1  rules can be found at https://www.boe.ca.gov/proptaxes/ahcont.htm (last visited October

2  11, 2023) (hereinafter and cited to as "Property Tax Rules").[1]

3       Finally, local Assessors additionally rely on the Assessors' Handbook, which "is a

4  series of manuals developed by the staff of the BOE in an open process. The objective of

5  the Assessors' Handbook is to give county assessors, their staff, and other interested

6  parties an understanding of the principles of property assessment and real and personal

7  property appraisal for property tax purposes. Additionally, the Assessors' Handbook

8  presents the BOE staff's interpretation of rules, laws, and court decisions on property

9  assessment." (*See* https://www.boe.ca.gov/proptaxes/ahcont.htm, last visited October 11,

10  2023).

11  **A. <u>Assessment of Personal Property</u>**

12       The standard of valuation prescribed by the Legislature is that "[all] taxable

13  property shall be assessed at its full cash value." Cal. Rev. & Tax. Code, § 401. "Full

14  cash value," as defined in section 110 of the R&T Code, "means the amount at which

15  property would be taken in payment of a just debt from a solvent debtor." Cal. Rev. &

16  Tax. Code, § 110.  "It provides, in other words, for an assessment at the price that

17  property would bring to its owner if it were offered for sale on an open market under

18  conditions in which neither buyer nor seller could take advantage of the exigencies of the

19  other." *De Luz Homes, Inc. v. County of San Diego*, 45 Cal. 2d 546, 561-562 (Cal. 1955).

20  Therefore, the definition of fair market value does not include the sales transactions by a

21  debtor in bankruptcy.  Notably, the net earnings to be capitalized are not those of the

22  present owner of the property, "but those that would be anticipated by a prospective

23  purchaser. " *Id.* at p. 566.

24       Assessors generally estimate value by analyzing market data on sales of similar

25  property, replacement costs, and income from the property (*see* 1 Bonbright, Valuation of

26  Property, pp. 113-266; American Institute of Real Estate Appraisers, The Appraisal of

27       [1] Section 15606, subdivision (c) of the Government Code authorizes that the State

28  Board of Equalization ("SBE") will "prescribe rules and regulations to govern local
    boards of equalization when equalizing..."

Real Estate, pp. 75-85; Fisher, Real Estate in California, p. 157), and since no one of these methods alone can be used to estimate the value of all property, the assessor, subject to requirements of fairness and uniformity, may exercise his discretion in using one or more of them. *Utah Const. Co.* v. *Richardson*, 187 Cal. 649, 652-653 (Cal. 1921); *Southern Calif. Tel. Co.* v. *County of Los Angeles*, 45 Cal.App.2d 111, 116-118 Cal. App. 3d. 1941.) Significantly, with regard to personal property taxes, the assessment is made based upon information supplied by the taxpayer. (Scott Decl. ¶¶ 4-7).

**B. Review of Property Tax Assessment by the Assessment Appeals Board**

A property owner dissatisfied with the annual assessment must first file an application for reduction with the AAB, which has authority to "equalize the values of all property on the local assessment roll by adjusting individual assessments." Cal. Const., art. XIII, § 16; Cal. Rev. & Tax. Code §1603(a). The AAB is an independent quasi-judicial constitutional body, separate, apart, and independent of the Assessor's Office. *See, eg. Westinghouse v. County of LA*, 42 Cal. App. 3d 32, 42 fns. 6 and 7 (Cal. 1974) (explaining that "[t]he special expertise in property valuation assignable to county boards of equalization justifies their classification as judicial bodies by California Constitution article XIII, section 9…").

The functioning of the AAB is governed by sections 1601 through 1645.5 of the R&T Code and sections 301 through 326 of the Property Tax Rules. Section 1604(c) of the R&T Code requires the AAB to hear evidence and make final determination on an application for reduction of assessment of property within two (2) years of timely filing of the application. Cal. Rev. & Tax. Code §1604(c).

In appeals involving personal property and fixtures, it may be necessary for the assessor to perform an audit of the taxpayer's records to reach a final value conclusion. The Assessor would also be required to appear at the hearing to defend its valuation, only after the taxpayer met its burden, and would do so based on accepted valuation methodologies prescribed within the R&T Code. (Scott Decl. ¶ 14).

Subject to exceptions set by law, it is presumed that the assessor has properly

1  performed official duties. Cal. Evid. Code § 664; 18 C.C.R. §321, subd. (a); *Texaco*

2  *Producing v. County of Kern*, 66 Cal. App. 4th 1029 (Cal. 1998). The effect of this

3  presumption is to impose upon the applicant the burden of proving that the value on the

4  assessment roll is not correct, or where applicable, the property in question has not been

5  otherwise correctly assessed. Cal. Evid. Code § 660; *Texaco Producing, supra*, at p.

6  1046. The law requires that the applicant present independent evidence relevant to the

7  full value of the property or other issue presented by the applicant. 18 C.C.R. § 321,

8  subd. (a).

9  **IV.    ARGUMENT**

10    **A. Abstention is Proper**

11    Pursuant to 28 U.S.C. § 1334(c)(1), a bankruptcy court has "broad discretion to

12  abstain from hearing state law claims whenever appropriate 'in the interest of justice, or

13  in the interest of comity with State courts or respect for State law.'" *Sarfani, Inc. v. Miss.*

14  *Dept. of Revenue (In re Sarfani, Inc.)*, 527 B.R. 241, 252 (Bankr. N.D. Miss. 2015).

15  Section 505(a)(1) provides an additional basis for permissive abstention, because it

16  provides that a court *may*, but is not required to, determine a debtor's tax liabilities. *Id.*

17    Bankruptcy courts' trend to abstain from hearing the majority of these cases and these

18  particular courts have referred to the traditional abstention principles where the

19  determination of taxes would not benefit the bankruptcy estate or the unsecured creditors,

20  or in those particular cases where such determination would interfere with the uniformity

21  of tax assessment associated with the specific tax jurisdiction in question.

22    Specifically, Bankruptcy courts have properly looked to a number of factors when

23  deciding whether to exercise their authority under section 505, including: "the complexity

24  of the tax issue; (2) the need to administer the bankruptcy case in an expeditious fashion;

25  (3) the burden on the bankruptcy court's docket; (4) the length of time necessary to conduct

26  the hearing and to render a decision thereafter; (5) the asset and liability structure of the

27  debtor; and (6) the potential prejudice to the debtor, the taxing authority, and creditors."

28  *In re New Haven Projects Ltd. Liability Co.*, 225 F.3d 283, 289 (2d Cir. 1999) (finding that

1    unsecured creditors would not meaningly benefit from section 505 review and such review

2    would frustrate the purpose of the statute). *See also In re Lyondell Chem. Co.*, 2010 Bankr.

3    LEXIS 1271 at *6 (Bankr. S.D.N.Y. Apr. 19, 2010)(finding these factors weighed in favor

4    of abstention); *ANC Rental Corp. v. Dallas County (In re ANC Rental Corp.), 316* B.R.

5    153, 159 (Bankr. D. Del. 2004); *In re Galvano,* 116 B.R. 367, 372 (Bankr. E.D.N.Y. (1990)

6    (exercising discretion to abstain based on these factors).

7           1.  California Property Tax Law is Complex and Equalization Should be in the

8                Hands of the Local Assessment Appeals Board.

9           As detailed in Section III above, California property tax law is extremely complex.

10   Debtors attempt to ignore this complexity and ask the court to take an approach to valuation

11   that is not consistent with California law, which the court must apply if it were to consider

12   the 505 motion. *See* CM *Reed Almeda 1-3062, LLC v. Harris Cnty. (In re CM Reed Almeda*

13   *1-3062, LLC)*, 2017 Bankr. LEXIS 1155, *24-25 (BAP 9th Cir. 2017).

14          There are three major appraisal approaches for estimating value (cost, comparative

15   sales, and income). The nature of the property, its market, and the availability of data will

16   normally indicate which approach(es) is most applicable.  This is supported by Property

17   Tax Rule 3, which states, in part: "In estimating value as defined in section 2, the assessor

18   shall consider one or more of the following [approaches to value], as may be appropriate

19   for the property being appraised." 18 C.C.R. § 3.  Moreover, Property Tax Rule 324

20   requires that the taxpayer appealing an assessment value "shall be bound by the same

21   principles of valuation that are legally applicable to the assessor." 18 C.C.R. § 324.

22   Although Debtors discuss fair market value in their motion, Debtors make no reference to

23   any other principles governing valuation in California. (*See* Lambert Decl. ¶¶ 1-14.) There

24   is simply no basis for the court to analyze the debtors' tax liability differently simply

25   because Debtors filed bankruptcy. *See Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15,

26   20 (2000).

27          There is an efficient review process available to Debtors within each of the local

28   taxing authorities jurisdiction, and "it seems most appropriate that the debtor in chapter

11 proceed with the systems already in place" for determining its state tax liability,

"rather than substituting this court for that process." *In re the Village at Oakwell Farms,*

*Ltd.,* 428 B.R. 372, 375 (Bankr. W.D. Tex. 2010). This is particularly so when the debtor

is asking a New Jersey bankruptcy court to determine California tax issues; "why should

this court "start from scratch" when there is a more efficient tribunal that can determine

the valuation issues under applicable state law?" *In re CM Reed Almeda 1-3062, LLC,*

2017 Bankr. LEXIS at *24-25; *see also In re Altegrity, Inc.,* 544 B.R. 772, 778 (Bankr.

D. Del. 2016) (Delaware bankruptcy court abstained from determining debtor's

Oklahoma tax liability, because debtor was already pursuing relief before Oklahoma Tax

Commission).

   2. Uniformity of Assessment is at Stake

   Many courts have found abstention to be appropriate when uniformity of

assessment is at issue. *Central Valley Ag Enterprises,* 531 F.3d 750, 764 (9th Cir. 2008)

(recognizing that uniformity of assessment is a basis for abstention); *In re New Haven*

*Products Ltd. Liability Co.,* 225 F.3d at 288 (same); *In re Cable & Wireless USA, Inc.,*

331 B.R. 568, 577-78 (Bankr. D. Del. 2005) ("Each tax authority must enjoy and apply a

uniformity of assessment within its tax jurisdiction."); *In re ANC Rental Corp.,* 316 B.R.

163,159 (Bankr. D. Del. 2004) (abstention is often used where uniformity of assessment

is an issue); *Metromedia Fiber Network, Inc. v. Various State and Local Taxing*

*Authorities (In re Metromedia Fiber, Inc.),* 299 B.R. 251, 281 (Bankr. S.D.N.Y. 2003).

Additionally, it would be prejudicial to California counties to have a New Jersey

bankruptcy court determine the state tax issues implicated in the 505 Motion. *In re ANC*

*Rental Corp.,* 316 B.R. at 159 (finding that a local taxing authority in Texas would "be

significantly prejudiced by having the taxes at issue determined by a Delaware court.")

   County Assessors are required to attend and present evidence at a hearing on the

appeal of an assessment. They should not be required to travel out of state, unrepresented

by County Counsel, to present evidence in a New Jersey bankruptcy proceedings. A

valuation hearing in New Jersey would be very burdensome on the Assessor. Assessor

1  staff is located exclusively in San Bernardino County within the State of California.

2  Assessor staff only appear in administrative proceedings before the Assessment Appeals

3  Board, which are not formal court proceedings. (Scott Decl. ¶¶ 16-17). The County's

4  legal advisor is the County Counsel, and Deputy County Counsel, Kaleigh Ragon is the

5  specific legal advisor to the Assessor. Ms. Ragon is not barred in New Jersey and is

6  unable to represent the Assessor at a valuation hearing in a New Jersey court. (*Id.*)

7        Uniformity of Assessment is of the utmost importance to the Assessor and required

8  under the California Constitution. This uniformity will be placed at risk should an out of

9  state court, rather than our local Assessment Appeals Board, make a valuation

10  determination at a hearing without the Assessor present, and based on valuation methods

11  that are not accepted under the R&T Code. (Scott Decl. ¶ 18).

12        3.  The Court's Consideration of the 505 Motion Will Unnecessarily Burden the

13            Court

14        Debtors failed to present any evidence to demonstrate that the court's consideration

15  of their 505 Motion would result in a more efficient administration of this estate. In fact,

16  Debtors ignore the tremendous burden a 505 determination would place on the court's

17  docket. Debtors are not just contesting the tax liability in a single County, Debtors are

18  contesting tax liability in 26 separate and distinct counties. (*See* Doc. No. 2180

19  [contesting liability in nine different counties] and Doc. No. 2181 [contesting liability in

20  17 different counties]). In addition, some of the counties, like San Bernardino County,

21  have numerous property tax bills at issue.

22        California property tax law does not permit the bulk valuation of property across

23  counties. Instead, the California Constitution requires that all property be assessed in the

24  county, city, and district in which it is situated. Cal. Const., art. XIII, § 14. Therefore,

25  each counties' assessment should be determined at a separate and distinct evidentiary

26  hearing. It is unclear how 27 separate hearings in a New Jersey Bankruptcy Court on

27  California property tax issues promotes the purpose of section 505. Given this court's

28  other commitments, there is no reason to believe that it could hear and determine the

1    issues Debtors have raised more efficiently than the local AABs, which are designed

2    exclusively for this purpose.  Moreover, because the R&T Code requires that the hearing

3    take place within two years, there is not a risk of delay.

4        Debtors have not set forth any argument or evidence as to how this court's Section

5    505(a)(1) determination would benefit other creditors or result in the efficient

6    administration of this case.  Instead, it appears that Debtors are attempting to circumvent

7    state property tax law and avoid paying priority tax claims, thereby benefiting only the

8    Debtors (and not the creditors).

9    **B. Debtors Valuation Does Not Comply with Property Tax Rules**

10    Even if the Court were to determine the valuation of Debtors' property under section

11    505, Debtor has not met their burden.  As explained above, the property owner has the

12    burden of proving that the assessor has improperly valued the property, and Debtors are

13    bound by the same methods of valuation as the Assessor.  Debtors cannot meet this

14    burden because their appraisal completely ignores the approaches to value accepted under

15    California law.

16    Rather than asking this court to apply state law, as the court is required to do, Debtors

17    appear to be arguing that the valuation methods prescribed under the laws of California

18    are erroneous.  Debtors then attempt to circumvent state law by lumping all the

19    assessments of their property across jurisdictions together and asking this court to

20    consider its post lien date sales during Debtors' insolvency. (*see* Scott Decl. ¶¶ 3,15).

21    Contrary to Debtors' argument, "full cash value," as defined in section 110 of the

22    R&T Code, "means the amount at which property would be taken in payment of a just

23    debt from a *solvent* debtor." Cal. Rev. & Tax. Code §110 (*emphasis added*).  It does not

24    include sales Debtor made after the lien date under exigent circumstances.  Per the

25    Assessor's Handbook 504 p. 130, sales of assets from a bankruptcy estate should not

26    necessarily be considered valid indicators of market value under the definition of

27    Revenue and Taxation Code section 110. (See Assessors' Handbook 504, p. 50, 130

28    [recognizing that the buyer of property from a bankrupt's estate has the ability to take

11

1   advantage of the exigencies of the seller.]).

2

### C. Debtors Have Not Produced Sufficient Evidence to Negate the Prima Facie Validity of the Tax Collector's Claim

3

4   It is well settled that the timely filing of a Proof of Claim is prima facie evidence of

5   the validity and amount of the claim pursuant to Federal Rule of Bankruptcy Procedure

6   3001(f). *See also, In re Mid-American Waste Sys.*, 284 B.R. 53, 65 (Bankr. Del. 2002);

7   Once a proof of claim is properly executed and filed "it is a debtor who bears the initial

8   burden of going forward to produce evidence sufficient to negate the prima facie validity

9   of the filed claim." *In re Desert Village Ltd. P'ship*, 321 B.R. 443, 446 (Bankr. N.D.

10  Ohio 2004) (emphasis added) (citing *Morton v. Morton (In re Morton)*, 298 B.R. 301,

11  307 (B.A.P. 6th Cir. 2003); *see In re Allegheny International, Inc.*, 954 F.2d 167, 176 (3d

12  Cir. 1992) (burden shifts to objector to produce sufficient evidence to negate the prima

13  facie validity of the filed claim); *In re Planet Hollywood International*, 274 B.R. 391, 394

14  (D.Del. 2001). "This evidence must be a probative force equal to that of the creditor's

15  proof of claim." *In re Hinkley*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), aff'd., 89 B.R.

16  608, aff'd., 879 F.2d 859.  Stated another way, "the objecting party must come forth with

17  evidence which, if believed, would refute at least one of the allegations essential to the

18  claim." *In re Rally*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).  Only when "the debtor has

19  met that burden, the burden of going forward shifts back to the creditor, and the creditor

20  bears the ultimate burden of persuasion." *Morton*, 298 B.R. at 307.

21  Moreover, where a claim is based on statute, not a writing, a taxing agency is not

22  required to attach documentation to its proof of claim in order to retain the presumption

23  of validity. *In re Los Angeles Intl. Airport Hotel Assoc.*, 106 F. 3d 1479, 1480 (9th Cir.

24  1997).  A debtor taxpayer disputing a tax claim in bankruptcy has the burden of proving

25  it does not owe the tax. *Raleigh v. Illinois Dept. of Revenue*, 530 US 15, 21-26 (2000).

26  Accordingly, SBTC retains the presumption of validity and the burden remains

27  with the Debtor to present evidence that the tax claim is invalid, paid or otherwise

28  inapplicable. *See In re Bryant Tool & Mfg., Inc.*, 16 B.R. 723 (*Bankr. S.D. Fla.* 1982); *In*

*re Vic Snyder, Inc.*, 50 B.R. 631 (Bankr. E.D. Pa. 1985); *In re Lanza*, 51 B.R. 125 (Bankr.

D.N.J. 1985); *In re Lipetzky*, 66 B.R. 648 (Bankr. D. Mont. 1986); *In re Brickell Inv.*

*Corp.*, 85 B.R. 164. (Bankr. S.D. Fla. 1988). In the case of tax claims, burden of proof

and persuasion is upon debtor taxpayer and Bankruptcy Rule 3001(f) was held not to shift

the burden of proof to the taxing agency. *In re Cobb*, 135 B.R. 640 (Bankr. D. Neb.

1992).

## CONCLUSION

Debtors' 505 Motion involves only state law issues. Resolution of those issues is

more complex than asserted by the debtor, and administration of the bankruptcy estate

would not be affected if the court were to abstain. There are no "core" bankruptcy matters

to be severed, and the evidentiary hearing required to determine the 505 Motion would

place a burden on the court's docket. As a result, the court shall abstain from determining

any of the other tax years at issue in the Motion to Determine Tax Liability Pursuant to

11 U.S.C. § 505. Its exercise of jurisdiction under 11 U.S.C. § 505(a)(1) is permissive,

and the court should find that abstention appropriate in the interests of comity under 28

U.S.C. § 1334(c)(1).


DATED: October 16, 2023          CREDITOR SAN BERNARDINO COUNTY
                                 AUDITOR-CONTROLLER/TREASURER/TAX
                                 COLLECTOR

                                 By: /s/ *Linda Y Mikulski*
                                       Linda Mikulski, CPA
                                       Chief Deputy Tax Collector

13

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:                                         ) Case No.: 23-13359 (VFP)
                                               )
BED BATH & BEYOND INC., et al.,                ) Chapter 11
                                               )
    Debtors,                 )
                                               )
                                               ) Date:  October 24, 2023
                                               ) Time:  10:00 a.m. (ET)
                                               ) Courtroom:  3B
                                               )

**DECLARATION OF  RUTH SCOTT , PRINCIPAL APPRAISER IN SUPPORT OF CREDITOR SAN BERNARDINO COUNTY OFFICE OF TAX COLLECTOR'S RESPONSE TO DEBTORS' SECOND OMNIBUS OBJECTION**

I, Ruth Scott, declare as follows:

1.    I make this declaration based upon my own personal knowledge, except for matters set forth herein on information and belief, and as to those matters, I believe them to be true, and if called upon to testify herein, I could and would competently testify as follows:

2.    I am employed by the County of San Bernardino ("County").  I have been employed by the County since November, 1997.  I am the Principal Appraiser with the San Bernardino County Assessor.  My responsibilities include managing business, personal property and fixture valuations.

3.    The Assessor is required to annually assess taxable business personal property and fixtures as of the lien date (January 1st).  Business Personal Property includes all "Equipment out on lease, rent, or conditional sale to others" used in the operation of a business.  Business Personal Property is reported to the Assessor annually on a form known as the Business Property Statement (Form 571-L).

4.    Form 571-L constitutes an official request from the Assessor for the taxpayer to declare all assessable business property situated in the county which the

1   taxpayer owned, claimed, possessed, controlled, or managed on the tax lien date, and that

2   the taxpayer signs (under penalty of perjury). Failure to file the statement during the time

3   provided in section 441 of the Revenue and Taxation Code will compel the Assessor to

4   estimate the value of your property from other information in the Assessor's possession

5   and add a penalty of 10 percent of the assessed value as required by section 463 of the

6   Revenue and Taxation Code.

7       5.      I am familiar with the tax records maintained by the Assessor in the normal

8   course of business and specifically with information requested by the Assessor or

9   furnished in the Property Statement.

10      6.      As of January 1, 2023, Debtors operated several retail store locations in the

11  San Bernardino County.

12      7.      Based on my review of the Assessor records it appears that Debtors

13  submitted a Business Property Statement for 2023 to the Assessor dated May 4, 2023.

14  The statement was signed under penalty of perjury by their VP of Tax. Based on my

15  review of Assessor records, I determined that the Assessor assessed the Debtor's property

16  exactly as it was reported by Debtors for the 2023 fiscal year. Pursuant to Revenue and

17  Taxation Code Section 451, the Assessor is required to keep the information in the

18  property statement secret, and therefore, cannot disclose any further details or produce a

19  copy of the statement.

20      8.      The Tax Collector issued unsecured tax bills for the personal property and

21  fixtures located within the various different locations operated by Debtors for fiscal year

22  2023. The tax bills issued are: 20220804882, 20220796798, 20220812874,

23  20220801530, 20220800243, 20220801179, and 20220796797, in the amount of

24  $27,382.16. The following tax bills were also issued: 20230808149, 20230799987,

25  20230799988, 20230816066, 20230804888, 20230803559, 20230804527 the amount of

26  $41,133.45. These tax bills are based on the values from the unsecured roll enrolled by

27  the Assessor.

28

1

2    9.    The debtors incurred the tax liabilities claimed due pursuant to California

3    Revenue & Taxation Code §§ 2191.3, 2191.4 and 2193.

4    10.    Pursuant to California Revenue and Taxation Code Section 2922, Unsecured

5    (Personal) Property Taxes are due upon receipt of the Unsecured Property Tax Bill and

6    are last due without penalty on August 31.

7    11.    If a taxpayer disagrees with the value established for a property, they should

8    discuss the issue with the Assessor's staff in the county where the property is located.  If

9    an agreement cannot be reached, then taxpayers have a right to appeal the value under

10   certain circumstances and limitations.

11   12.    Debtors' deadline to file a personal property appeal application for the 2023

12   year is November 30, 2023.

13   13.    To date, Debtors have not contacted the Assessor's Office to discuss their

14   valuation, nor have they filed an Appeal Application for the 2023 tax year.

15   14.    In appeals involving personal property and fixtures, it may be necessary for

16   the assessor to perform an audit of the taxpayer's records to reach a final value

17   conclusion. The Assessor would also be required to appear at the hearing to defend its

18   valuation, only after the taxpayer met its burden, and would do so based on accepted

19   valuation methodologies prescribed within the Revenue and Taxation Code.

20   15.    I reviewed the declaration submitted by Debtors in their Second Omnibus

21   Objection. Debtors do not appear to base their valuation on any accepted valuation

22   method within the Revenue and Taxation Code.  Instead, the valuation is based on post-

23   lien date sales while the Debtors were insolvent.

24   16.    A valuation hearing in New Jersey would be very burdensome on the

25   Assessor.  Assessor staff is located exclusively in the San Bernardino County within the

26   State of California.  Assessor staff only appear in administrative proceedings before the

27   Assessment Appeals Board, which are not formal court proceedings.

28   ///

1       17.   The County's legal advisor is the County Counsel, and Deputy County

2    Counsel, Kaleigh Ragon is the specific legal advisor to the Assessor.  Ms. Ragon is not

3    barred in New Jersey and is unable to represent the Assessor at a valuation hearing in a

4    New Jersey court.

5       18.   Uniformity of Assessment is of the utmost importance to the Assessor and

6    required under the California Constitution.  This uniformity will be placed at risk should

7    an out of state court, rather than our local Assessment Appeals Board, make a valuation

8    determination at a hearing without the Assessor present, and based on valuation methods

9    that are not accepted under the Revenue and Taxation Code.

10       I declare under penalty of perjury under the laws of the State of California that the

11    foregoing is true and correct.

12       Executed this 16th day of October 2023, at San Bernardino, California.

Ruth Scott, Principal Appraiser

Fill in this information to identify the case:

Debtor 1      **Bed Bath & Beyond Inc., et al.,**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: __N/A__    District of __New Jersey__

Case number  __23  13359__

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

__San Bernardino County__
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**SAN BERNARDINO COUNTY**
**OFFICE OF THE TAX COLLECTOR**
Name

__268 WEST HOSPITALITY LANE, 1ST FLOOR__
Number    Street

__SAN BERNARDINO, CA 92415__
City          State          ZIP Code

Contact phone  __(909) 387-8308__

Contact email  _____

Where should payments to the creditor be sent? (if different)

Name

Number      Street

City          State          ZIP Code

Contact phone  _____

Contact email  _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☒ Yes.  Claim number on court claims registry (if known) _____

Filed on __05/04/2023__
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.  Who made the earlier filing?  _____

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ _41133.45_____ . Does this amount include interest or other charges?<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_TAXES_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes.   The claim is secured by a lien on property.<br><br>    **Nature of property:**<br>    ☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>    ☐ Motor vehicle<br>    ☐ Other. Describe: _____<br><br>    **Basis for perfection:** _____<br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:** $_____<br>    **Amount of the claim that is secured:** $ _0.00*_____<br>    **Amount of the claim that is unsecured:** $ _41133.45____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:** $ _0.00_____<br><br>    **Annual Interest Rate (when case was filed)** _18.00_%<br>    ☒ Fixed<br>    ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|
| | ☒ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 41133.45 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/13/2023
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Linda   Mikulski | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Deputy Tax Collector |
|---|---|

| Company | |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | |
|---|---|
| | Number      Street |

| | City | | State | ZIP Code |
|---|---|---|---|---|

| Contact phone | | Email | |
|---|---|---|---|

*Parcel #*

**022941101P003**

**022941101P004**

**027613176P005**

**029208251P004**

**029250102P001**

**039927109P000**

**104464145P000**

*Number of Parcels: 7*

**San Bernardino County**

**Auditor–Controller/Treasurer/Tax Collector**

**Ensen Mason CPA, CFA**
*Auditor–Controller/Treasurer/Tax Collector*

**John Johnson**
*Assistant Auditor–Controller/Treasurer/Tax Collector*

**Tori Roberts, CPA**
*Assistant Auditor–Controller/Treasurer/Tax Collector*

# CLAIM ATTACHMENT

The claim is subject to interest under California Revenue and Taxation Code Section 4103, 11 U.S.C. Section 506(b) and 11 U.S.C. Section 511, at **18% per annum**, as well as costs, fees and attorneys' fees

The claim will continue to increase and interest will continue to accrue until it is paid.

**Bill Display for 20230808149   10/13/2023**
**Parcel Number 0399-271-09-P000**

| Parcel Nbr: | 039927109P000 | Defaulted: | 2023-11-01 | Tax Type: | AU |
|---|---|---|---|---|---|
| Bill Nbr: | 20230808149 | Ext: | 2023-07-10 | Eff: | 2023-07-01 |
| Corr From: | 00000000000 | Corr To: | 0000000000 | Elig: | A - ELIG EXTENDED |
| Tax Rate Total | 0.010540 | Tax Rate Area | 000021019 | Tax Rate Year | 2022 |

| VALUATION TYPE | E - ASSESSED | Installment: | 01 |
|---|---|---|---|
| LAND | $0.00 | Due Amt: | $910.19 |
| PERSONAL PROPERTY | $41,959.00 | Delq Amt: | $1,047.21 |
| IMPROVEMENT | $42,197.00 | Due Date: | 2023-08-31 |
| PERS/PROP PENALTY | $0.00 | Total Tax: | $910.19 |
| IMPROVEMENT PENALTY | $0.00 | Pay Status: | NOTHING PAID |
| TOTAL VALUE | $84,156.00 | | |
| HOMEOWNER EXEMPTION | $0.00 | | |
| VETERAN EXEMPTION | $0.00 | | |
| OTHER EXEMPTION | $0.00 | | |
| NET VALUE | $84,156.00 | | |

| Service Agency | Amount | Service Agency | Amount |
|---|---|---|---|
| GENERAL TAX LEVY | $841.56 | VV COMM COLLEGE MEASURE JJ (760) 245 - 4271 | $17.33 |
| APPLE VALLEY UNIFIED BOND (760) 247 - 8001 | $28.10 | SCHOOL BONDS | $0.00 |
| SCHOOL STATE REPAYMENT | $0.00 | ##MOJAVE WTR BOND DEBT #2 (760) 946 - 7000 | $23.20 |
| #MOJAVE WATER BOND DEBT #1 (760) 946 - 7000 | $0.00 | | |

| OWNER TYPE | NAME | ADDRESS | ZIP | ASOFDATE |
|---|---|---|---|---|
| BILLED OWNER | BED BATH & BEYOND OF CALIFORNIA LLC | 650 LIBERTY AVE UNION NJ 07083 | 00000-0000 | JAN 01, 2023 |
| DBA | BED BATH BEYOND #1266 | | - | JAN 01, 2023 |
| SITUS ADDRESS | | 18815 BEAR VALLEY RD APP | | |

Prev

| | | |
|---|---|---|
| $ | 910.19 | 0399-271-09-P000 |
| $ | 8,386.73 | 0229-411-01-P004 |
| $ | 15,899.78 | 1044-641-45-P000 |
| $ | 3,225.85 | 0292-501-02-P001 |
| $ | 210.93 | 0276-131-76-P005 |
| $ | 4,087.94 | 0292-082-51-P004 |
| $ | 8,412.03 | 0229-411-01-P003 |
| $ | 41,133.45 | Grand Total |

**Bill Display for 20230799987    10/13/2023**
**Parcel Number 0229-411-01-P003**

| Parcel Nbr: | 022941101P003 | Defaulted: | 2023-11-01 | Tax Type: | AU |
|---|---|---|---|---|---|
| Bill Nbr: | 20230799987 | Ext: | 2023-07-10 | Eff: | 2023-07-01 |
| Corr From: | 00000000000 | Corr To: | 00000000000 | Elig: | A - ELIG EXTENDED |
| Tax Rate Total | 0.010466 | Tax Rate Area | 000015016 | Tax Rate Year | 2022 |

| VALUATION TYPE | E - ASSESSED | | Installment: | 01 |
|---|---|---|---|---|
| LAND | $0.00 | | Due Amt: | $8,412.03 |
| PERSONAL PROPERTY | $279,554.00 | | Delq Amt: | $9,299.23 |
| IMPROVEMENT | $524,195.00 | | Due Date: | 2023-08-31 |
| PERS/PROP PENALTY | $0.00 | | Total Tax: | $8,412.03 |
| IMPROVEMENT PENALTY | $0.00 | | Pay Status: | NOTHING PAID |
| TOTAL VALUE | $803,749.00 | | | |
| HOMEOWNER EXEMPTION | $0.00 | | | |
| VETERAN EXEMPTION | $0.00 | | | |
| OTHER EXEMPTION | $0.00 | | | |
| NET VALUE | $803,749.00 | | | |

| Service Agency | Amount | Service Agency | Amount |
|---|---|---|---|
| GENERAL TAX LEVY | $8,037.49 | CHAFFEY COLLEGE BOND (909) 652 - 6161 | $110.11 |
| CHAFFEY HIGH BOND (909) 988 - 8511 | $236.30 | SCHOOL BONDS | $0.00 |
| SCHOOL STATE REPAYMENT | $0.00 | CHINO BASIN WTR DEBT SERV | $0.00 |
| DEBT SERVICE | $0.00 | DEBT SERVICE | $0.00 |
| METRO WATER MID-VLY DEBT (800) 755 - 6864 | $28.13 | | |

| OWNER TYPE | NAME | ADDRESS | ZIP | ASOFDATE |
|---|---|---|---|---|
| BILLED OWNER | BUY BUY BABY INC | 650 LIBERTY AVE UNION NJ 07083 | 00000-0000 | JAN 01, 2023 |
| CARE OF | TAX DEPT | | - | JAN 01, 2023 |
| DBA | STORE #3096 | | - | JAN 01, 2023 |
| SITUS ADDRESS | | 11530 4TH ST RAN | | |

Prev

**Bill Display for 20230799988    10/13/2023**
**Parcel Number 0229-411-01-P004**

| Parcel Nbr: | 022941101P004 | Defaulted: | 2023-11-01 | Tax Type: | AU |
|---|---|---|---|---|---|
| Bill Nbr: | 20230799988 | Ext: | 2023-07-10 | Eff: | 2023-07-01 |
| Corr From: | 00000000000 | Corr To: | 00000000000 | Elig: | A - ELIG EXTENDED |
| Tax Rate Total | 0.010466 | Tax Rate Area | 000015016 | Tax Rate Year | 2022 |

| VALUATION TYPE | E - ASSESSED | | Installment: | 01 |
|---|---|---|---|---|
| LAND | $0.00 | | Due Amt: | $8,386.73 |
| PERSONAL PROPERTY | $471,799.00 | | Delq Amt: | $9,271.40 |
| IMPROVEMENT | $329,533.00 | | Due Date: | 2023-08-31 |
| PERS/PROP PENALTY | $0.00 | | Total Tax: | $8,386.73 |
| IMPROVEMENT PENALTY | $0.00 | | Pay Status: | NOTHING PAID |
| TOTAL VALUE | $801,332.00 | | | |
| HOMEOWNER EXEMPTION | $0.00 | | | |
| VETERAN EXEMPTION | $0.00 | | | |
| OTHER EXEMPTION | $0.00 | | | |
| NET VALUE | $801,332.00 | | | |

| Service Agency | Amount | Service Agency | Amount |
|---|---|---|---|
| GENERAL TAX LEVY | $8,013.32 | CHAFFEY COLLEGE BOND (909) 652 - 6161 | $109.78 |
| CHAFFEY HIGH BOND (909) 988 - 8511 | $235.59 | SCHOOL BONDS | $0.00 |
| SCHOOL STATE REPAYMENT | $0.00 | CHINO BASIN WTR DEBT SERV | $0.00 |
| DEBT SERVICE | $0.00 | DEBT SERVICE | $0.00 |
| METRO WATER MID-VLY DEBT (800) 755 - 6864 | $28.04 | | |

| OWNER TYPE | NAME | ADDRESS | ZIP | ASOFDATE |
|---|---|---|---|---|
| BILLED OWNER | BED BATH & BEYOND OF CALIFORNIA LLC | 650 LIBERTY AVE - TAX DEPT UNION NJ 07083 | 00000-0000 | JAN 01, 2023 |
| SITUS ADDRESS | | 11530 4TH ST RAN | | |

Prev

**Bill Display for 20230816066    10/13/2023**
**Parcel Number 1044-641-45-P000**

| | | | | | |
|---|---|---|---|---|---|
| Parcel Nbr: | 104464145P000 | Defaulted: | 2023-11-01 | Tax Type: | AU |
| Bill Nbr: | 20230816066 | Ext: | 2023-07-10 | Eff: | 2023-07-01 |
| Corr From: | 00000000000 | Corr To: | 00000000000 | Elig: | A - ELIG EXTENDED |
| Tax Rate Total | 0.010635 | Tax Rate Area | 000008007 | Tax Rate Year | 2022 |

| VALUATION TYPE | E - ASSESSED | | Installment: | 01 |
|---|---|---|---|---|
| LAND | $0.00 | | Due Amt: | $15,899.78 |
| PERSONAL PROPERTY | $469,961.00 | | Delq Amt: | $17,535.75 |
| IMPROVEMENT | $1,025,083.00 | | Due Date: | 2023-08-31 |
| PERS/PROP PENALTY | $0.00 | | Total Tax: | $15,899.78 |
| IMPROVEMENT PENALTY | $0.00 | | Pay Status: | NOTHING PAID |
| TOTAL VALUE | $1,495,044.00 | | | |
| HOMEOWNER EXEMPTION | $0.00 | | | |
| VETERAN EXEMPTION | $0.00 | | | |
| OTHER EXEMPTION | $0.00 | | | |
| NET VALUE | $1,495,044.00 | | | |

| Service Agency | Amount | Service Agency | Amount |
|---|---|---|---|
| GENERAL TAX LEVY | $14,950.44 | CHAFFEY COLLEGE BOND (909) 652 - 6161 | $204.82 |
| UPLAND UNIFIED SCHOOL BOND (909) 985 - 1864 | $692.20 | SCHOOL BONDS | $0.00 |
| SCHOOL STATE REPAYMENT | $0.00 | CHINO BASIN WTR DEBT SERV | $0.00 |
| METRO WATER ORIG DEBT SVC (800) 755 - 6864 | $52.32 | | |

| OWNER TYPE | NAME | ADDRESS | ZIP | ASOFDATE |
|---|---|---|---|---|
| BILLED OWNER | BED BATH & BEYOND OF CALIFORNIA LLC | 700 LIBERTY AVE UNION NJ 07083 | 00000-0000 | JAN 01, 2023 |
| DBA | BED BATH & BEYOND #1025 | | - | JAN 01, 2023 |
| SITUS ADDRESS | | 1865 N CAMPUS AVE UPL | | |

Prev

**Bill Display for 20230804888    10/13/2023**
**Parcel Number 0292-501-02-P001**

| | | | | | | |
|---|---|---|---|---|---|---|
| Parcel Nbr: | 029250102P001 | Defaulted: | 2023-11-01 | Tax Type: | AU | |
| Bill Nbr: | 20230804888 | Ext: | 2023-07-10 | Eff: | 2023-07-01 | |
| Corr From: | 00000000000 | Corr To: | 00000000000 | Elig: | A - ELIG EXTENDED | |
| Tax Rate Total | 0.012029 | Tax Rate Area | 000104104 | Tax Rate Year | 2022 | |

| VALUATION TYPE | E - ASSESSED | | Installment: | 01 |
|---|---|---|---|---|
| LAND | $0.00 | | Due Amt: | $3,225.85 |
| PERSONAL PROPERTY | $119,023.00 | | Delq Amt: | $3,594.43 |
| IMPROVEMENT | $149,151.00 | | Due Date: | 2023-08-31 |
| PERS/PROP PENALTY | $0.00 | | Total Tax: | $3,225.85 |
| IMPROVEMENT PENALTY | $0.00 | | Pay Status: | NOTHING PAID |
| TOTAL VALUE | $268,174.00 | | | |
| HOMEOWNER EXEMPTION | $0.00 | | | |
| VETERAN EXEMPTION | $0.00 | | | |
| OTHER EXEMPTION | $0.00 | | | |
| NET VALUE | $268,174.00 | | | |

| Service Agency | Amount | Service Agency | Amount |
|---|---|---|---|
| GENERAL TAX LEVY | $2,681.74 | SAN BDNO COMM COLLEGE BOND (909) 388 - 6909 | $120.67 |
| SCHOOL BONDS | $0.00 | REDLANDS UNIFIED BOND (909) 307 - 5300 | $74.82 |
| SCHOOL STATE REPAYMENT | $0.00 | SB VALLEY MUNI WTR DBT SVC (909) 387 - 9200 | $348.62 |

| OWNER TYPE | NAME | ADDRESS | ZIP | ASOFDATE |
|---|---|---|---|---|
| BILLED OWNER | BED BATH & BEYOND OF CALIFORNIA LLC | 700 LIBERTY AVE UNION NJ 07083 | 00000-0000 | JAN 01, 2023 |
| DBA | BED BATH & BEYOND #776 | | | JAN 01, 2023 |
| SITUS ADDRESS | | 27450 LUGONIA AVE RED | | |

Prev

**Bill Display for 20230803559   10/13/2023**
**Parcel Number 0276-131-76-P005**

| Parcel Nbr: | 027613176P005 | Defaulted: | 2023-11-01 | Tax Type: | AU |
|---|---|---|---|---|---|
| Bill Nbr: | 20230803559 | Ext: | 2023-07-10 | Eff: | 2023-07-01 |
| Corr From: | 00000000000 | Corr To: | 00000000000 | Elig: | A - ELIG EXTENDED |
| Tax Rate Total | 0.012406 | Tax Rate Area | 000002059 | Tax Rate Year | 2022 |

| VALUATION TYPE | E - ASSESSED | | Installment: | 01 |
|---|---|---|---|---|
| LAND | $0.00 | | Due Amt: | $210.93 |
| PERSONAL PROPERTY | $17,003.00 | | Delq Amt: | $278.03 |
| IMPROVEMENT | $0.00 | | Due Date: | 2023-08-31 |
| PERS/PROP PENALTY | $0.00 | | Total Tax: | $210.93 |
| IMPROVEMENT PENALTY | $0.00 | | Pay Status: | NOTHING PAID |
| TOTAL VALUE | $17,003.00 | | | |
| HOMEOWNER EXEMPTION | $0.00 | | | |
| VETERAN EXEMPTION | $0.00 | | | |
| OTHER EXEMPTION | $0.00 | | | |
| NET VALUE | $17,003.00 | | | |

| Service Agency | Amount | Service Agency | Amount |
|---|---|---|---|
| GENERAL TAX LEVY | $170.03 | COLTON CITY-DEBT SVC (909) 370 - 5036 | $0.00 |
| SAN BDNO COMM COLLEGE BOND (909) 388 - 6909 | $7.65 | SCHOOL BONDS | $0.00 |
| COLTON UNIFIED BOND (909) 580 - 5000 | $11.15 | SCHOOL STATE REPAYMENT | $0.00 |
| SB VALLEY MUNI WTR DBT SVC (909) 387 - 9200 | $22.10 | | |

| OWNER TYPE | NAME | ADDRESS | ZIP | ASOFDATE |
|---|---|---|---|---|
| BILLED OWNER | BED BATH & BEYOND OF CA LLC | 650 LIBERTY AVE - TAX DEPT UNION, NJ 07083 | 00000-0000 | JAN 01, 2023 |
| DBA | STORE #2681 | | - | JAN 01, 2023 |
| SITUS ADDRESS | | 1601 E COOLEY DR COL | | |

Prev

**Bill Display for 20230804527   10/13/2023**
**Parcel Number 0292-082-51-P004**

| | | | | | |
|---|---|---|---|---|---|
| Parcel Nbr: | 029208251P004 | Defaulted: | 2023-11-01 | Tax Type: | AU |
| Bill Nbr: | 20230804527 | Ext: | 2023-07-10 | Eff: | 2023-07-01 |
| Corr From: | 00000000000 | Corr To: | 00000000000 | Elig: | A - ELIG EXTENDED |
| Tax Rate Total | 0.012029 | Tax Rate Area | 000104104 | Tax Rate Year | 2022 |

| VALUATION TYPE | E - ASSESSED | | | |
|---|---|---|---|---|
| LAND | $0.00 | Installment: | 01 | |
| PERSONAL PROPERTY | $278,503.00 | Due Amt: | $4,087.94 | |
| IMPROVEMENT | $61,339.00 | Delq Amt: | $4,542.73 | |
| PERS/PROP PENALTY | $0.00 | Due Date: | 2023-08-31 | |
| IMPROVEMENT PENALTY | $0.00 | Total Tax: | $4,087.94 | |
| TOTAL VALUE | $339,842.00 | Pay Status: | NOTHING PAID | |
| HOMEOWNER EXEMPTION | $0.00 | | | |
| VETERAN EXEMPTION | $0.00 | | | |
| OTHER EXEMPTION | $0.00 | | | |
| NET VALUE | $339,842.00 | | | |

| Service Agency | Amount | Service Agency | Amount |
|---|---|---|---|
| GENERAL TAX LEVY | $3,398.42 | SAN BDNO COMM COLLEGE BOND (909) 388 - 6909 | $152.92 |
| SCHOOL BONDS | $0.00 | REDLANDS UNIFIED BOND (909) 307 - 5300 | $94.81 |
| SCHOOL STATE REPAYMENT | $0.00 | SB VALLEY MUNI WTR DBT SVC (909) 387 - 9200 | $441.79 |

| OWNER TYPE | NAME | ADDRESS | ZIP | ASOFDATE |
|---|---|---|---|---|
| BILLED OWNER | BUY BUY BABY INC | 650 LIBERTY AVE UNION NJ 07083 | 00000-0000 | JAN 01, 2023 |
| CARE OF | TAX DEPT | | - | JAN 01, 2023 |
| DBA | STORE #3097 | | - | JAN 01, 2023 |
| SITUS ADDRESS | | 27651 SAN BERNARDINO AVE RED | | |

Prev

1

### PROOF OF SERVICE

2

    I am employed in the County of San Bernardino, State of California. I am a citizen of the

3

United States, employed in the County of San Bernardino, State of California, over the age of 18

years and not a party to nor interested in the within action.

4

    On October 16, 2023, I served the following documents: **CREDITOR SAN**

5

**BERNARDINO COUNTY TAX COLLECTOR'S RESPONSE TO DEBTOR'S SECOND**

6

**OMNIBUS OBJECTION TO CERTAIN TAX CLAIMS AND OPPOSITION TO**

**MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS**

7

| | |
|---|---|
| Martin Luther King Jr. Federal Building | Cole Schotz P.C. |
| Atten: Clerk of the Bankruptcy Court | Attn: Warren A. Usatine, Esq |
| 50 Walnut Street | Felice R. Yudkin, Esq. |
| Newark, NJ 07102 | 25 Main Street |
| | Hackensak, NJ 07601 |

8

9

10

11

    The documents were served by the following means:

12

13

☒ **By overnight delivery- Via Federal Express.** I enclosed the documents in an envelope or

14

package provided by an overnight delivery carrier and addressed to the persons at the addresses

above. I placed the envelope or package for collection and overnight delivery at an office or regularly

15

utilized drop box of the overnight delivery carrier.

16

    I am a resident or employed in the county where the mailing occurred. The envelope or

17

package was placed in the mail at San Bernardino, California.

18

    I declare under penalty of perjury under the laws of the State of California, that the

19

foregoing is true and correct.

20

DATE: October 16, 2023

21

Yvonne M. Palermo

22

23

24

25

26

27

28

1