IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Hearing Date and Time: October 24, 2023 at 10:00 a.m. (ET)**<br>**Objection Deadline: October 17, 2023** |

**DECLARATION OF JOHN SLEEMAN IN SUPPORT OF OBJECTION OF COUNTY OF SANTA CLARA, COUNTY OF LOS ANGELES, COUNTY OF FRESNO AND COUNTY OF RIVERSIDE TO DEBTORS' MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS AS TO CERTAIN CALIFORNIA TAXING AUTHORITIES**

I, JOHN SLEEMAN, pursuant to Section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my information, knowledge, and belief:

1. I am employed by the County of Santa Clara's Office of the Assessor ("Assessor"). I have been a California State Board licensed appraiser/auditor since 1997, and have worked in the field of valuing business property for 26 years. I have been employed by the Assessor for 26 years. For the last 7 years I have served as the Division Chief of the Assessor's Business Division, which is the Division responsible for the valuation of all business personal property, fixtures, and improvements within Santa Clara County. I have personal knowledge of all facts stated in this Declaration, except for those asserted on information and belief, which facts I

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

believe to be true. If called upon to testify, I would and could testify competently to the truth of the facts stated in this Declaration.

2. I offer this Declaration in support of the *Objection of County of Santa Clara, County of Los Angeles, County of Fresno and County of Riverside to Debtors' Motion to Determine Tax Liability And Stay Proceedings As To Certain California Taxing Authorities* (the "Objection") filed in the bankruptcy case of *In re Bed Bath & Beyond, Inc., et al.* (Case No. 23-13359) (VFP) (collectively, the "Debtors").

3. I have custody and control of the Assessor's business records and documents relating to this matter. To the best of my knowledge, those records were prepared in the ordinary course of the Assessor's business at or near the time of the act, condition, or event of which they are related. Such records were prepared in the ordinary course of business by a person employed by the Assessor who has personal knowledge to make a record of such event. I have personally reviewed the files as it pertains to the Debtors prior to submitting this Declaration.

4. I am informed that on April 23, 2023 (the "Petition Date"), the Debtors filed for chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of New Jersey.

5. I have read and am familiar with the *Declaration of John W. Lammert in Support of Debtors' Motion to Determine Tax Liability and Stay Proceedings as to Certain California Taxing Authorities* [Doc No. 2181-2]. For business property valuation purposes under California law, Mr. Lammert's Declaration is inadequate in several respects. Firstly, it does not identify or address the valuation methodology actually used by the Assessor (the cost approach). Secondly, it does not provide an adequate explanation for the validity of Mr. Lammert's valuation conclusions.

6. The Assessor used the cost approach to value the properties at issue in this motion.

Mr. Lammert's Declaration is devoid of any mention of the cost approach and does not critique in any way the Assessor's use of that methodology. Instead, Mr. Lammert's Declaration appears to incorrectly assume that the Assessor used a comparative sales approach. In California, there are three primary valuations methods used to value properties: the comparative sales approach, the income approach, and the cost approach. When valuing business property, as is the case in the present matter, the cost approach is the most reliable. The California State Board of Equalization ("BOE") publishes Assessor Handbooks, which are guidelines for performing assessment valuations under California law. Assessor's Handbook 504 is entitled "Assessment of Personal Property and Fixtures" (the "Assessor's Handbook") and provides the guidelines for valuing business properties. A true and correct copy of the Assessor's Handbook is attached hereto as Exhibit "1". At page 50 of that publication, the BOE instructs all persons valuing California business properties that the cost approach "is the method of valuation used most frequently to value personal property and business fixtures for assessment purposes because it lends itself to mass appraisal and is employed based on information provided on yearly property statements." This is consistent with the instructions stated in California Code of Regulations, Title 18, section 6(a). The Assessor correctly utilized the cost approach to value the properties at issue in this motion.

   7. In utilizing the cost approach to determine values as of January 1, 2023, the Assessor relied on 2022 cost figures provided by the Debtor. Specifically, the Assessor relied upon annual cost figures reported in Business Property Statements signed under penalty of perjury by the Debtor's Vice President of Taxation. The Assessor had—and still has—no reason to believe those cost figures were untrue, and Mr. Lammert's Declaration does not in any way challenge those reported costs.

8. Based upon the information provided by Bed Bath & Beyond under penalty of perjury, the Assessor had every reason to believe that Bed Bath & Beyond was a going concern business in Santa Clara County as of the January 1, 2023, valuation date.

9. Additionally, in performing a cost approach to valuation an appraiser is required to break down the values between personal property, fixtures, and structures.  This is required under California Constitution, Article XIII, section 13, California Revenue and Taxation Code sections 602 and 607, and California Code of Regulations, Title 18, section 461.  The Assessor did that for the January 1, 2023, valuation.  Mr. Lammert's Declaration is devoid of any information indicating that he segregated those assets and valued them separately in accordance with California law.

10. Mr. Lammert's Declaration is deficient in other respects.  For example, although Mr. Lammert correctly identifies Revenue and Taxation Code section 110 as the definition of Fair Market Value, he does not address one of the important elements of that definition: ". . . under conditions in which neither buyer nor seller could take advantage of the exigencies of the other".  Here, Mr. Lammert appears to rely on sales figures from liquidation sales triggered by the Debtor's bankruptcy.  Assessors' Handbook, at page 130, instructs: "Sales of assets from a bankruptcy estate should not necessarily be considered valid indicators of market value under the definition of Revenue and Taxation Code section 110. The buyer of property from a bankrupt's estate has the ability to take advantage of the exigencies of the seller.  Frequently, the trustee's desire to liquidate the assets in an abbreviated period of time further impinges on the concept of 'open market transaction.'"  Mr. Lammert entirely ignores the important "exigency" element of the definition of Fair Market Value, which is a flaw in his sales analysis.  By relying on the

4

Debtor's distress sales, Mr. Lammert ignored other more reliable comparable sales where the buyer was not able to take advantage of the exigencies of the seller.

11. Additionally, Mr. Lammert states that his sales data comes from stores which are the subject of the Motion "and other stores throughout the Debtor's portfolio." This appears to mean that Mr. Lammert relied on liquidation sales at stores outside of California. Sales values outside of California are not a reliable measure of sales prices in California, which is one of the most—if not the most—expensive markets in the nation.

12. Moreover, Mr. Lammert declares the number of store closures between January 1, 2023, and the petition date, which is April 23, 2023. Those closures appear to be the basis for Debtor's sales figures. It is not clear when those sales took place. Under California Revenue & Taxation Code section 402.5, one cannot accept any sales data that is more than 90 days after the January 1, 2023, valuation date, thus any sales in April 2023 cannot be considered. Whether Mr. Lammert considered April 2023 sales in his valuation is unknown. Section 402.5 also requires that comparable sales shall be "sufficiently alike in respect to character, size, situation, usability, zoning, or other legal restriction." If Mr. Lammert performed the comparative sales analysis, his Declaration fails to identify and discuss these differences between the Debtor's properties and comparable properties that could affect their respective market values.

13. Finally, Mr. Lammert does not declare that his appraisal was made in compliance with Uniform Standards of Professional Appraisal Practice as promulgated by the Appraisal Standards Board of the Appraisal Foundation.

14. Under California Revenue and Taxation Code section 1603(b), the deadline by which the subject Debtor was required to file an appeal of the subject assessed values with the local Assessment Appeals Board expired on September 15, 2023. As of the date of this Declaration,

the Assessor is unable to locate any appeal of the subject assessed values filed by Debtors with the local Assessment Appeals Board.

    I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this October 16, 2023 in San José, California.

*[DocuSigned by: John E. Sleeman, 53DBA9E531CC46A]*

JOHN SLEEMAN