IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-13359 (VFP)<br>)<br>) (Jointly Administered)<br>)<br>) Hearing Date and Time: October 24,<br>) 2023 at 10:00 a.m. (ET)<br>) Objection Deadline: October 17, 2023 |

**DECLARATION OF CALVIN C. CHEN IN SUPPORT OF OBJECTION OF COUNTY OF SANTA CLARA, COUNTY OF LOS ANGELES, COUNTY OF FRESNO AND COUNTY OF RIVERSIDE TO DEBTORS' MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS AS TO CERTAIN CALIFORNIA TAXING AUTHORITIES**

I, CALVIN C. CHIEN, declare as follows:

1. I am the Principal Appraiser of the Personal Property Division in the South District of the Los Angeles County Assessor's Office. ("Assessor"). I have been with Assessor for 25 years, dealing with assessments, valuation issues, audits, and appeals. I am making this Declaration based upon my own personal knowledge, except for matters set forth herein on information and belief, and to those matters, I believe them to be true, and if called upon to testify herein, I could and would competently testify as follows:

2. I offer this Declaration in support of the *Objection of County of Santa Clara, County of Los Angeles, County of Fresno, and County of Riverside to Debtor's Motion to*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

*Determine Tax Liability and Stay Proceedings As to Certain California Taxing Authorities* (the "Objection.") [Docket No. 2181] filed in the bankruptcy case of *In re Bed Bath & Beyond, Inc., et al* (Case No. 23-13359) (VFP) (collectively, the "Debtors"). I have read and am familiar with the *Declaration of John W. Lammert in Support of Debtors' Motion to Determine Tax Liability and Stay Proceedings As to Certain California Taxing Authorities* [Docket No. 2181-2].

3. I have custody and control of the Assessor's business records and documents relating to this matter. To the best of my knowledge, those records were prepared in the ordinary course of the Assessor's business at or near the time of the act, condition, or event of which they are related. Such records were prepared in the ordinary course of business by persons employed by the Assessor who have personal knowledge to make a record of such event. I have personally reviewed the files as they pertain to the Debtors prior to submitting this Declaration.

4. The Assessor is required to annually assess taxable business personal property as of the lien date (January 1st). Business personal property is reported to the Assessor annually on a Business Property Statement (571-L form).

5. I am familiar with the records maintained by the Assessor in the normal course of business and specifically with information furnished in the 571-L forms.

6. Debtor, Buy Buy Baby, Inc. (Taxpayer) owns two stores, which are handled by the South District. We made two assessments (3877640001 & 3877640002) in 2023. I can attest that the appraisers followed the proper methodology. The assessed values were based on the historical costs filed by the Taxpayer on the 2023 571-L forms. Pursuant to California Revenue and Taxation Code section 451, the Assessor is mandated to keep the information on the Taxpayer's 571-L form confidential, therefore, cannot disclose any further detail herein or produce a copy of the statement. There are some exceptions per California Revenue and

Taxation Code section 408, such as upon order of a court. We accepted the reported costs by the Taxpayer in their 571-L form. California Code of Regulations, title 18 ("Property Tax Rule"), section 6, subdivision (a), states:

*The reproduction or replacement cost approach to value is used in conjunction with other value approaches and is preferred when neither reliable sales data (including sales of fractional interests) nor reliable income data are available and when the income from the property is not so regulated as to make such cost irrelevant. It is particularly appropriate for construction work in progress and for other property that has experienced relatively little physical deterioration, is not misplaced, is neither over- nor under improved, and is not affected by other forms of depreciation or obsolescence.*

7. The average service life and trend factors used to determine the fair market value ("FMV") of the subject property followed the Personal Property Handbook Memo ("PPHM") and the Business Assessment Factors from 2023 California Assessors' Association ("CAA") Position Paper.

8. The average service life guidelines were based on PPHM 5431-01-18. (Exhibit 1) We used the Personal Property ("PP") type to determine the average service life.

9. We followed the trend factor ("TF") guidelines from PPHM 5432-23 (Exhibit 2) to calculate the FMV. Appraisal Standards provided the trend factors based on PPHM 5430-01-25 (Exhibit 3) and Assessors' Handbook Section 581 "Equipment and Fixtures Index, Percent Good and Valuation factors" published by the California State Board of Equalization annually. The Los Angeles County PPHM are consistent with CAA's recommended average service life guidelines. The TF is calculated by multiplying the price index factor by the percent good factors. The price index factor is used to convert the original or acquisition cost to replacement

cost new. The percent good factor converts the replacement cost new to replacement cost new less normal depreciation.

10. The Assessor considered all three approaches (income, sales & cost) to value. However, only the cost approach was deemed to be applicable based on the information available at the time of the assessment. The Cost Approach is the most frequently used method to value personal property and fixtures for assessment purposes because it involves the use of mass appraisal method. As a result, the equipment reported in the 571-L forms was valued as a group based on the type of business and property classification. During the property statement season, the appraisers assign the appropriate PP type to each equipment category to determine the average service life and trend factor. The Taxpayer's reported historical cost was then multiplied by the trend factor to come up with the fair market value.

11. The 2023 assessed FMV for the Buy Buy Baby store located at 3700 Torrance Blvd, Torrance (3877640001) was $610,329. And the assessed FMV for the store located at 6621 Fallbrook Ave, Unit B, Los Angeles (3877640002) was $1,222,550.

12. The Taxpayer's opinion of value appears to be unsubstantiated. The sales data was collected based on going-out-of-business sales. California Revenue and Taxation Code section 110, subdivision (a), states:

*In addition to the meaning ascribed to them in the Revenue and Taxation Code, the words "full value", "full cash value", "cash value", "actual value", and "fair market value" mean the price at which a property, if exposed for sale in the open market with a reasonable time for the seller to find a purchaser, would transfer for cash or its equivalent under prevailing market conditions between parties who have knowledge of the uses to which the property may be put, both seeking to maximize their gains and neither being in a position to take advantage of the*

4

*exigencies of the other.* (See also Property Tax Rule 2, subdivision (a), which has similar language).

13. The information provided by the Taxpayer's expert Mr. Lammert does not show that it met the requirements of California Revenue and Taxation Code section 110, subdivision (a), or Property Tax Rule 2, subdivision (a). It is a skeletal declaration void of the essential elements. The Taxpayer sold its assets in a going-out-of-business sales environment. Mr. Lammert's declaration lacks facts on the kind of sale it was, and how it was conducted, etc. Clearly, in this case, the buyer could take advantage of the exigency of the seller. In addition, it is obvious that the Taxpayer was under time and financial duress. This would invalidate the stated sale value. Per Mr. Lammert's testimony, the store count in the United States was reduced from 834 to 360 for Bed Bath & Beyond locations and 132 to 120 for Buy Buy Baby stores. Importantly, it is not clear when the sales took place.

14. The Taxpayer's 2023 opinion of value for the Buy Buy Baby store at 3700 Torrance Blvd, Torrance (3877640001) is $152,582. The Assessor's 2023 opinion of value is $610,329. For the store at 6621 Fallbrook Ave, Unit B, Los Angeles, the Taxpayer's 2023 opinion of value is $71,784. The Assessor's 2023 opinion of value is $1,222,550.

15. I do not recommend that the Taxpayer's 2023 opinion of value be enrolled.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 16th day of October 2023, at Los Angeles, California.

Date: October 16, 2023

Calvin C. Chien