| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Robert J. Feinstein (admitted *pro hac vice*)<br>Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

### LIMITED OMNIBUS OBJECTION AND RESERVATION OF RIGHTS OF THE PLAN ADMINISTRATOR TO CERTAIN ADMINISTRATIVE CLAIMS

Michael Goldberg, as plan administrator (the "Plan Administrator"),[2] files this limited omnibus objection and reservation of rights (this "Objection") to certain filed administrative claims set forth on **Schedule 1** hereto (the "Administrative Claims") and respectfully states as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] The Plan Administrator has been appointed pursuant to the Debtors' Plan, as defined herein. The Plan Administrator is responsible for and has the authority to administer certain post-confirmation responsibilities under the Plan on behalf of the Wind-Down Debtors.

**Background**

1. On April 23, 2023, each of the above-captioned debtors (the "Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Code. During these chapter 11 cases, the Debtors continued to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are procedurally consolidated and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

2. On May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order").

3. On September 11, 2023, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan").[3] On September 14, 2023, the Court entered an Order confirming the Plan (the "Confirmation Order") [Docket No. 2172].

4. On September 29, 2023 (the "Effective Date"), the Debtors filed the *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 2311]. Pursuant to the Plan, on the Effective Date, the Plan Administrator became the sole representative of the Wind-Down

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

Debtors and assumed responsibility for purposes of resolving certain claims, performing claims reconciliation, and objecting to claims.

## Objection

5.     The Plan Administrator was recently appointed and is getting up to speed in these cases and is in process of reviewing the merits of the pre- and post-Effective Date filed requests for administrative expense claims set forth on **Schedule 1**.

6.     In an effort to reduce costs to these estates and avoid unnecessary litigation, the Plan Administrator intends to review and discuss the filed Administrative Claims with the respective claimants in an effort to reach resolution. Additional time is necessary for this process. Accordingly, the Plan Administrator requests that (a) an Administrative Claim filed with a hearing date[4] is adjourned to a date to be determined after consultation between the Plan Administrator and the claimant, with an objection deadline seven (7) days before the rescheduled hearing; and (b) any holder of a filed Administrative Claim listed on **Schedule 1** that is not currently scheduled for a hearing shall be set for a hearing, if necessary, after consultation between the Plan Administrator and claimant.

7.     No holder of an Administrative Claim set forth on **Schedule 1** will be prejudiced by this process. Additional time will allow the Plan Administrator to review and assess the validity of each asserted Administrative Claim and engage in a substantive dialogue with the claimant regarding the asserted claim.

---

[4] The Plan Administrator is filing contemporaneously with this Objection a request to adjourn the October 24, 2023 hearing to a date to be determined in accordance with D.N.J. LBR 5071-1.

**Reservation of Rights**

8. The rights of the Plan Administrator to object in the future to any of the Administrative Claims listed on **Schedule 1** on any ground, and to file further substantive or non-substantive objections based upon any such grounds, are fully reserved and preserved. The Plan Administrator also fully reserves the right to amend, modify and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

**Conclusion**

For the foregoing reasons, the Plan Administrator respectfully requests that the Court (a) adjourn any scheduled hearings on the Administrative Claims, as set forth on **Schedule 1**, to a date to be determined, with an objection deadline seven (7) days before such hearing; and (b) set any unscheduled Administrative Claim set forth on **Schedule 1** for a hearing date to be determined after consultation between the Plan Administrator and claimant.

Dated: October 19, 2023    */s/ Bradford J. Sandler*
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Email:    rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

## Schedule 1

| Docket No. | Description | Current Hearing Date |
|---|---|---|
| 2309 | F3 Metalworx's Administrative Expense Motion | **October 24, 2023 at 10:00 am[5]** |
| 2430 | Continental Web Press, Inc.'s Administrative Expense Request | |
| 2431 | Tamarack Village's Administrative Expenses Motion | **November 14, 2023 at 10:00 am** |
| 2437 | ChannelAdvisor's Administrative Expenses Motion | **November 14, 2023 at 10:00 am** |
| 2439 | Equity One's Administrative Expenses Motion | |
| 2441 | Salesforces' Administrative Expense Request | |
| 2443 | Pinnacle Hills' Administrative Expenses Motion | |
| 2444 | Oracle's Administrative Expenses Motion | |
| 2446 | Avalara's Administrative Expense Request | |
| 2447 | Google's Administrative Expense Request | |
| 2452 | Serota Islip's Administrative Expenses Motion | |
| 2456 | NNN Reit's Administrative Expenses Motion | |
| 2457 | DDRTC Marketplace's Administrative Expenses Motion | |
| 2458 | CMR's Administrative Expenses Motion | |
| 2459 | Edison DENJ011, Edison EHNJ001, Edison NNVA001, Edison UNNJ001, Oak Street ( Series 2021-1), and Oak Street Investment (Series 2021-2) Administrative Expenses Motion | |
| 2460 | Commission Junction's Administrative Expenses Motion | |

---

[5] A preliminary objection was filed to this administrative claim [Docket No. 2510], which preliminary objection also included a request to adjourn the hearing.

DOCS_LA:351901.1 08728/003