# EXHIBIT C

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Robert J. Feinstein<br>Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

### ORDER APPROVING AGREEMENT OF SALE
### WITH 550 MONTGOMERY INVESTMENTS LLC

The relief set forth on the following pages, numbered three (3) through nine (9), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER APPROVING AGREEMENT OF SALE WITH 550 MONTGOMERY INVESTMENTS LLC |

Upon the *Notice of Filing of Agreement of Sale with 550 Montgomery Investments LLC* (the "Sale Notice"),[2] by Michael Goldberg, plan administrator ("Plan Administrator"), appointed pursuant to the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan") as of the Effective Date, for entry of an order (this "Order"), approving the Agreement of Sale (as defined below) by and between the Plan Administrator and 550 Montgomery Investments LLC ("Purchaser"), substantially in the form attached hereto as **Exhibit 1** (together with all schedules, exhibits, and ancillary documents related thereto, in each case, as may be amended, modified or supplemented from time to time in accordance with the terms thereof, collectively, the "Agreement of Sale") providing for the sale to Purchaser of the Property, which includes (i) Real Property, including certain real property located at 2436 Penny Road, Claremont, County of Catawba and State of North Carolina, and (ii) Personal Property; and granting related relief, all as more fully set forth in the Sale Notice and Agreement of Sale; and the Court having entered the *Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Docket No. 92] (the "Bidding Procedures Order") in the chapter 11 cases of the above-captioned debtors and debtors in

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Sale Notice and the Agreement of Sale.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER APPROVING AGREEMENT OF SALE WITH 550 MONTGOMERY INVESTMENTS LLC |

possession (collectively, the "Debtors"); and the Plan Administrator, as the sole representative of the Wind-Down Debtors, having the authority pursuant to the Plan to liquidate, or otherwise dispose of any and all of the Wind-Down Debtors' assets, including the Property, in accordance with the Bidding Procedures; and the Court having jurisdiction to consider the Sale Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Sale Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Sale Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Sale Notice was appropriate pursuant to the Plan and under the circumstances and no other notice need be provided; and this Court having reviewed the Sale Notice and Agreement of Sale and having heard the statements in support of the relief requested therein at a hearing, if necessary, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Plan, and as further described in the Sale Notice, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, if any, and after due deliberation and sufficient cause appearing therefor, **THE COURT HEREBY FINDS THAT:**

A.    The Agreement of Sale was negotiated, proposed, and entered into by the Plan Administrator and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Plan Administrator nor the Purchaser has engaged in any conduct

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER APPROVING AGREEMENT OF SALE WITH 550 MONTGOMERY INVESTMENTS LLC |

that would cause or permit the Agreement of Sale to be avoided, or for any costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

B.  The Purchaser is consummating the sale of the Property in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is not an "insider" of any Debtor or the Wind-Down Debtors (as defined under section 101 (31) of the Bankruptcy Code). The Purchaser has proceeded in good faith in all respects in connection with the sale of the Property. The Purchaser is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

C.  The total consideration provided by the Purchaser, upon the terms and conditions set forth in the Agreement of Sale is the highest and best offer received by the Debtors and the Plan Administrator and constitutes fair value, fair, full and adequate consideration, reasonably equivalent value and reasonable market value for the Property for purposes of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and the other laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

D.  The Wind-Down Debtors are the sole and lawful owners of the Property. The Property constitutes property of the Debtors' estates and title thereto is vested in the Wind-Down Debtors within the meaning of section 541(a) of the Bankruptcy Code. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Property to the Purchaser will be, as of the Closing Date, a legal, valid, and effective transfer of the Property, which transfer vests or will vest the Purchaser with all right, title, and interest of the Wind-Down Debtors to the Property free and clear of (a) all liens (including any liens as that term is defined in section 101(37) of the Bankruptcy

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER APPROVING AGREEMENT OF SALE WITH 550 MONTGOMERY INVESTMENTS LLC |

Code) and encumbrances relating to, accruing, or arising at any time prior to the Closing Date (collectively, the "Liens") and (b) all debts arising under, relating to, or in connection with any act of the Debtors or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guarantees, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages, hypothecations, charges, indentures, loan agreements, instruments, collective bargaining agreements, leases, licenses, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter-ego, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (i) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtors' or the Purchaser's interests in the Property, or any similar rights, or (ii) in respect of taxes, restrictions, rights of first refusal, charges or interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (b), the "Claims"), and (c) all other encumbrances or interests (collectively, as set forth in clauses (a) through (c), the "Claims, Encumbrances, and Interests") relating to, accruing or arising any time prior to entry of this Order, with the exception of any such Liens or Claims that are expressly assumed by the Purchaser or otherwise permitted under the Agreement of Sale (the "Permitted Encumbrances").

Case 23-13359-VFP    Doc 2517-3    Filed 10/19/23    Entered 10/19/23 21:47:18    Desc
Exhibit C - Proposed Order    Page 8 of 11

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER APPROVING AGREEMENT OF SALE WITH 550 MONTGOMERY INVESTMENTS LLC |

E.     The Purchaser is not a continuation of, or successor to, the Debtors in any respect, and there is no continuity of enterprise between the Debtors and the Purchaser.

F.     This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, waives any stay, and expressly directs entry of judgment as set forth herein.

**THE COURT HEREBY ORDERS THAT:**

1.     The Agreement of Sale and all other ancillary documents, and all of the terms and conditions thereof are hereby approved pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

2.     The transactions contemplated by the Agreement of Sale are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale, unless such authorization and the sale is duly stayed pending such appeal. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

3.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the Plan Administrator is authorized to transfer the Property to the Purchaser in accordance with the terms of the Agreement of Sale and such transfer shall constitute a legal, valid, binding, and effective

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER APPROVING AGREEMENT OF SALE WITH 550 MONTGOMERY INVESTMENTS LLC |

sale and shall vest the Purchaser with title to the Property. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, other than Permitted Encumbrances, the Property shall be sold free and clear of all Claims, Encumbrances and Interests of any kind or nature whatsoever, with all such Claims, Encumbrances and Interests (as applicable) to attach to the cash proceeds of the Purchase Price ultimately attributable to the property against or in which such Claims, Encumbrances and Interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such Claims, Encumbrances and Interests had prior to the sale, subject to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

4. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Plan, the Sale Notice and the Agreement of Sale.

5. Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order and any and all other documents and instruments necessary and appropriate to consummate the sale of the Property to the Purchaser.

6. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing officers, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property.

(Page | 9)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER APPROVING AGREEMENT OF SALE WITH 550 MONTGOMERY INVESTMENTS LLC |

7. This Order constitutes a final order within the meaning of 28 U.S.C. §158(a). Notwithstanding any provision in the Bankruptcy Rules or Local Rules to the contrary, for cause shown, pursuant to Bankruptcy Rule 6004(h), this Order shall not be stayed, shall be effective immediately upon entry, and the Plan Administrator and the Purchaser are authorized to close the sale immediately upon entry of this Order.

8. The Sale Notice shall be deemed good and sufficient notice of the approval of the Agreement of Sale and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

**Agreement of Sale**