Merrill M. O'Brien, Esq.
O'Brien Thornton LLC
160 Park Street
Montclair, NJ  07042
T: 973-886-8853
F: 973-354-8029
obrien@obrienthornton.com
          and
Joseph A. Anesta, Esq.
Cameron & Mittleman LLP
301 Promenade Street
Providence, RI 02908
T: 401-331-5700
F: 401-331-5787
janesta@cm-law.com
*Attorneys for Creditor F3 Metalworx, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., et al[1] | Case No. 23-13359 (VFP) |
| | (Jointly Administered) |
| Debtors | |
| | Hearing Date: October 24, 2023 |

_____

**REPLY DECLARATION OF MERRILL M. O'BRIEN, ESQ.,
IN FURTHER SUPPORT OF CREDITOR F3 METALWORX, INC.'S MOTION FOR
THE ALLOWANCE AND PAYMENT OF POST-PETITION STORAGE CHARGES OF
$23,437 THROUGH OCTOBER 2023 AS AN ADMINISTRATIVE EXPENSE AND FOR
PAYMENT OF $3,750 PER MONTH AS A CONTINUING ORDINARY COURSE
ADMINISTRATIVE EXPENSE**

Pursuant to 28 U.S.C. 1746(2), Merrill M. O'Brien, declares the following to be true:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the web site of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

1.      On September 28, 2023, Creditor F3 Metalworx, Inc. ("F3"), by and through its

undersigned counsel, filed its motion for the allowance and payment of post-petition storage

charges of $23,437 through October 2023 as an administrative expense and for payment of $3,750

per month as a continuing ordinary course administrative expense [Doc. 2309] (the "<u>Motion</u>").

2.      Pursuant to the Court's April 25, 2023 Order Establishing Certain Notice, Case

Management, and Administrative Procedures, Doc 98 ("4/25/2023 Case Management Order"),

F3's Notice of Motion informed all parties that the deadline to file objections and responses to

the Motion was October 17, 2023 ("the <u>Objection Deadline</u>").

3.      As certified in F3's Certificate of No Objection, Doc 2506, filed October 18, 2023,

**Ex. A** hereto, no party filed an objection to F3's Motion.

4.      On October 19, 2023, Michael Goldberg, as plan administrator, filed a self-

described "preliminary objection and reservation of rights" ("Late Objection") as a purported late

objection to F3's Motion.

### <u>The Court Should Disregard The Late Objection.</u>

5.      The 4/25/2023 Case Management Order, Doc 98, para. 10, states, "Any party may

move for modification of this Order in accordance with Local Rule 9013-5(e)."  In addition, in

the Case Management Procedures approved by and attached to the Order, p. 20 of Doc 98, para.

3 entitled "<u>Extensions of Time</u>" provides the procedure for seeking and obtaining extensions of

time, and p. 21, para. 5 permits "any party may at any time apply for reconsideration or

modification of the Order approving these Case Management Procedures."

6.      To my knowledge, no party has moved for reconsideration or a modification of the

4/25/2023 Case Management Order, Doc 98, and no party has moved for an extension of time to

file an objection to F3's Motion.

7.      Significantly, the Late Objection offers no explanation at all for the late filing, does not even address its violation of the Case Management Order, and fails to even suggest a reason why the plan administrator should receive the proverbial "free pass" from the rules which apply to all other parties.

8.      Accordingly, the Court should disregard the untimely Objection filed by Mr. Goldberg because there is no reason to grant the plan administrator a *de facto* modification of the Case Management Order which has been in effect for almost six months.

## Even If The Court Were To Consider The Late Objection, Which It Should Not, The Court Should Grant F3's Motion Because The Late Objection Offers No Facts Which Rebut The Paglia Declaration And The Exhibits Thereto.

9.      The Court should also grant the motion because the Late Objection contains no facts which rebut the facts presented by F3's President and CEO Jason S. Paglia in his September 28, 2023 Declaration, Doc2309-1 ("Paglia Dec."). The Motion record establishes that it is undisputed that Bed, Bath, & Beyond, Inc. agreed with F3 to a storage agreement, and that BBB has stored, and continues to store, 125 pallets of BBB's Valance Bands. Paglia Dec. para. 12. The storage is substantial. BBB's prior warehouse storage services vendor, Calber Global, estimated that BBB's pallets constituted 20 truckloads. See Paglia Dec. paras. 7-10, and Exs. thereto.

10.      It is also undisputed that BBB has had the ability to issue a Rejection Notice to F3, and that BBB has not done so. See 9/14/2023 Order approving Plan and Disclosure Statement, Doc 2172, p. 117. In addition, BBB has also done nothing to abandon the Valance Bands, which F3 is obligated to maintain under the Bankruptcy Code because they are part of the estate.

11.      The Late Objection makes no mention of any plans to remove the Valance Bands from F3's warehouse. As for notice of the ongoing storage charges, BBB has had notice of F3's

Administrative Claim since at least July 7, 2023, in the form of F3's filed Claim. (See below and **Ex. B** hereto.) In addition, as late as August 2023, BBB's Manager – Store Set Up, Tom Campbell, was inquiring about the Valance Bands location, pallet count, and packaging.  Paglia Dec. Ex. G. This communication is consistent with BBB wanting and having access to its property which F3 is storing.

12.     The storage agreement underlying F3's Motion is supported by consideration, and the fees BBB agreed to pay are reasonable.  Paglia Dec. para. 17.  Furthermore, the storage services F3 has provided – and continues to provide – has allowed BBB to offer the Valance Bands shelving which it owns as an amenity to other retailers which are potential purchasers of BBB's retail leaseholds, from before the petition filing date through the present.  Paglia Dec. para. 18.

13.     In short, Mr. Goldberg's Objection offers no facts whatsoever regarding the subject storage agreement, or BBB's continued storage of its property at F3's warehouse, or BBB's plans to remove the huge volume of goods it is storing.

14.     Instead, the Late Objection states *wrongly* that "Claimant did not file an Administrative Expense Claim for amounts incurred through July or August by August 15, 2023, or September 15, 2023, respectively.  Claimant filed the Administrative Claim covering the entire post-petition period (and "through October 2023") on the Effective Date."  Objection paras. 5-6.

15.     Attached hereto as **Ex. B** are the following:

- Kroll Restructuring Administration's 9/11/23 record of F3's Claim # 12397 which clearly shows F3's "Admin Priority" Claim "*Date Filed 07/07/2023*" in the amount of $88,304 along with F3's General Unsecured Claim of $2,155,254.77.

- F3's signed 07/07/2023 Claim indicating the $3,750 per month storage charges continue to accrue; and

- The undersigned's 10/6/2023 cover letter to Kroll, with 10/6/2023 Amendment to F3 Claim, which the undersigned mailed pursuant to Kroll's claim instructions.

16.     Thus, the Late Objection's procedural defense based on filing deadlines, is not only extremely hypocritical, but also is factually *wrong*. Critically, the Late Objection contains no facts regarding the substantive agreement and the debtor's continued storage of BBB's property at F3.[2]

17.     In short, both procedurally and substantively, even if the Court were to overlook the lateness of the Objection, which it should not do, the Objection provides no factual basis to deny F3's Motion.

Dated: October 20, 2023                              s/Merrill O'Brien

---

[2] Affidavits of attorneys without personal knowledge are insufficient to rebut admissible evidence or to defeat motions based on admissible evidence. Fed. R. Civ. Pro. 56(c)4. The same is true in New Jersey state courts, to the extent N.J. procedural law governs the F3/BBB storage agreement. "Affidavits by attorneys of facts not based on their personal knowledge . . . constitute objectionable hearsay." See Comment to R. 1:6-6, N.J. Court Rules Annotated, Pressler & Verniero, 2023 Edition, p. 68, and the numerous cases cited therein.

Merrill M. O'Brien, Esq.
O'Brien Thornton LLC
160 Park Street
Montclair, NJ  07042
T: 973-886-8853
F: 973-354-8029
obrien@obrienthornton.com
      and
Joseph A. Anesta, Esq.
Cameron & Mittleman LLP
301 Promenade Street
Providence, RI 02908
T: 401-331-5700
F: 401-331-5787
janesta@cm-law.com
*Attorneys for Creditor F3 Metalworx, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., et al[1] | Case No. 23-13359 (VFP) |
| | (Jointly Administered) |
| Debtors | |
| | Hearing Date: October 24, 2023 |

**CERTIFICATION OF NO OBJECTION REGARDING CREDITOR F3 METALWORX, INC.'S MOTION FOR THE ALLOWANCE AND PAYMENT OF POST-PETITION STORAGE CHARGES OF $23,437 THROUGH OCTOBER 2023 AS AN ADMINISTRATIVE EXPENSE AND FOR PAYMENT OF $3,750 PER MONTH AS A CONTINUING ORDINARY COURSE ADMINISTRATIVE EXPENSE**

      1.      On September 28, 2023, Creditor F3 Metalworx, Inc. ("Movant"), by and through

its undersigned counsel, filed its motion for the allowance and payment of post-petition storage

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the web site of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Exhibit A to 10.20.2023 DECLARATION OF MERRILL M. O'BRIEN

charges of $23,437 through October 2023 as an administrative expense and for payment of $3,750 per month as a continuing ordinary course administrative expense [Doc. 2309] (the "Motion").

2.      The deadline for parties to file objections and responses to the Motion was October 17, 2023 ("the Objection Deadline"). To the best of the undersigned's knowledge, no objections or responses to the Motion were filed on the docket on or before the Objection Deadline. Further, Movant's Counsel has not received any informal responses to the Motion.

3.      The proposed order (the "Proposed Order") that was appended to the Motion is attached hereto as **Exhibit A**. Movant therefore respectfully requests that, consistent with the Court's April 25, 2023 Order Establishing Certain Notice, Case Management, and Administrative Procedures, Doc 98, the Court enter the attached Proposed Order at the earliest convenience of the Court.

O'Brien Thornton LLC
Attorneys for Creditor F3 Metalworx, Inc.

Dated: October 18, 2023

s/Merrill O'Brien
obrien@obrienthornton.com
160 Park Street
Montclair, NJ  07042
973-886-8853

Joseph A. Anesta, Esq.
Cameron & Mittleman LLP
janesta@cm-law.com
301 Promenade Street
Providence, RI 02908
T: 401-331-5700

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

_____

In re:                                                    Chapter 11

BED BATH & BEYOND INC., et al                Case No. 23-13359 (VFP)

                                                          (Jointly Administered)

                        Debtors.[1]

_____

**ORDER GRANTING MOTION BY CREDITOR F3 METALWORX, INC.
FOR THE ALLOWANCE AND PAYMENT OF POST-PETITION
STORAGE CHARGES OF $23,437 THROUGH OCTOBER 2023 AS AN
ADMINISTRATIVE EXPENSE AND FOR PAYMENT OF $3,750 PER
MONTH GOING FORWARD AS A CONTINUING ORDINARY COURSE
ADMINISTRATIVE EXPENSE**

The relief set forth on the following pages, numbered two through four (2-4), is

**ORDERED.**

Dated:

_____

**Hon. Vincent F. Papalia
United States Bankruptcy Judge**

_____

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are
0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax
identification number may be obtained on the website of the Debtors' claims and noticing agent
at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s
principal place of business and the Debtors' service address in these Chapter 11 Cases is 650
Liberty Avenue, Union, New Jersey 07083.

Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER GRANTING MOTION BY CREDITOR F3 METALWORX, INC.FOR THE ALLOWANCE AND PAYMENT OF POST-PETITION STORAGE CHARGES OF $23,437 THROUGH OCTOBER 2023 AS AN ADMINISTRATIVE EXPENSE AND FOR PAYMENT OF $3,750 PER MONTH GOING FORWARD AS A CONTINUING ORDINARY COURSE ADMINISTRATIVE EXPENSE

_____

**THIS MATTER** having come before the Court on motion by Creditor F3 Metalworx, Inc., for an Order for the allowance and payment of post-petition storage charges of $23,437 through October 2023 as an Administrative Expense Claim, and for payment of $3,750 per month going forward as a continuing ordinary course administrative expense pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a), and the Court having reviewed the September 28, 2023 Declaration of Jason Paglia, and the Exhibits thereto, and F3 Metalworx, Inc.'s memorandum of law in support of the motion, and the papers submitted in opposition to the motion, and having heard oral argument, and after due consideration and for good cause shown, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; (iv) upon consideration of the Motion and the relief requested and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

**IT IS** hereby

2

Debtors: BED BATH & BEYOND INC., *et al.*
Case No. 23-13359-VFP
Caption of Order: ORDER GRANTING MOTION BY CREDITOR F3 METALWORX,
INC.FOR THE ALLOWANCE AND PAYMENT OF POST-PETITION STORAGE CHARGES
OF $23,437 THROUGH OCTOBER 2023 AS AN ADMINISTRATIVE EXPENSE AND FOR
PAYMENT OF $3,750 PER MONTH GOING FORWARD AS A CONTINUING ORDINARY
COURSE ADMINISTRATIVE EXPENSE
_____

**ORDERED** that the Motion is granted and any objections thereto are
overruled; and it is further

**ORDERED** Creditor F3 Metalworx, Inc., is allowed, and the Debtor Bed,
Bath, and Beyond, Inc. shall pay to Creditor F3 Metalworx, Inc. $23,437 through
October 2023 as a Post-Petition Administrative Expense, within five days of the
entry of this Order; and it is further

**ORDERED** that the Debtor Bed, Bath, and Beyond, Inc. shall pay to Creditor
F3 Metalworx, Inc. $3,750 per month on the first day of each month beginning
November 1, 2023 and going forward as an ordinary course Administrative Expense
pending the Debtor's assumption or rejection of the Debtor's storage contract with
F3 Metalworx, Inc., and it is further

**ORDERED** that upon the Debtor's assumption or rejection of the Debtor's
storage contract with F3 Metalworx, Inc., the parties shall comply with 11 U.S.C. §
365, and it is further

Debtors: BED BATH & BEYOND INC., *et al.*

Case No. 23-13359-VFP

Caption of Order: ORDER GRANTING MOTION BY CREDITOR F3 METALWORX, INC.FOR THE ALLOWANCE AND PAYMENT OF POST-PETITION STORAGE CHARGES OF $23,437 THROUGH OCTOBER 2023 AS AN ADMINISTRATIVE EXPENSE AND FOR PAYMENT OF $3,750 PER MONTH GOING FORWARD AS A CONTINUING ORDINARY COURSE ADMINISTRATIVE EXPENSE

_____

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the assumption or rejection of the Debtor's storage contract with F3 Metalworx, Inc.

4

**Creditor**

F3 Metalworx, Inc.
12069 E. Main Road
North East, PA 16428

**Debtor Name**

Bed Bath & Beyond Inc.

**Date Filed**

07/07/2023

**Claim Number**

12397

**Schedule Number**

n/a

**Confirmation ID**

3335-1-YROVV-545166855

## Claim Amounts

| Claim Nature | Schedule Amount | C* U* D* | Asserted Claim Amount | C* U* F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|
| General Unsecured | | | | | | |
| Priority | | | $2,155,254.77 | | $2,155,254.77 | Asserted |
| Secured | | | | | | |
| 503(b)(9) Admin Priority | | | | | | |
| Admin Priority | | | $88,304.00 | U | $88,304.00 | Asserted |
| **Total** | **$0.00** | | **$2,243,558.77** | | **$2,243,558.77** | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

Kroll Restructuring Administration (formerly known as Prime Clerk) maintains this website for the public's convenience and for general informational purposes only. Anyone using this website is cautioned NOT to rely on any information contained on this Website, and any user of this website should not take or refrain from taking any action based upon anything included or not included on this website. We are not a law firm or a substitute for an attorney or law firm. Users of this website may want to seek legal counsel on the particular facts and circumstances at issue. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") filed in the bankruptcy case/s of the Debtor/s.

Nothing contained on this Site or in the Debtors' Schedules and Statements shall constitute an admission or a waiver of any of the Debtors' rights to assert claims or defenses. Any

Exhibit B to 10.20.2023 DECLARATION OF MERRILL M. O'BRIEN

**United States Bankruptcy Court, District of New Jersey (Newark)**

Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | |
|---|---|---|---|
| ☑ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim    Bed Bath & Beyond (Case No. 23-13359)

| | | |
|---|---|---|
| 1. | Who is the current creditor? | F3 Metalworx, Inc. |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor    Wire Weld |

| | | |
|---|---|---|
| 2. | Has this claim been acquired from someone else? | ☒ No |
| | | ☐ Yes. From whom? |

| | | | |
|---|---|---|---|
| 3. | Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | F3 Metalworx, Inc.<br>12069 E. Main Road<br>North East, PA 16428 | F3 Metalworx, Inc.<br>12069 E. Main Road<br>North East, PA 16428 |
| | | Contact phone    814-431-4140 | Contact phone    814-431-4140 |
| | | Contact email    jpaglia@f3metalworx.com | Contact email    jpaglia@f3metalworx.com |

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☒ No |
| | | ☐ Yes.  Claim number on court claims registry (if known)_____    Filed on ___ / ___ / _____ <br> MM / DD / YYYY |

| | | |
|---|---|---|
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
| | | ☐ Yes. Who made the earlier filing? |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☒ No |
| | | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | | |
|---|---|---|
| 7. | How much is the claim? | $ 2,243,558.71    . Does this amount include interest or other charges? |
| | | ☐ No |
| | | ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | | |
|---|---|---|
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |
| | | Goods Sold and Storage Fees    See Attachment to Proof of Claim |

Proof of Claim    page 2

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | No<br>☒ Yes. *Check one:*               **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____<br><br>☒ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies.    $ 88,304.00<br><br>* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. |

| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☒ No |
|---|---|
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $ _____ |

| 14. Is all or part of the claim being asserted as an administrative expense claim? | ☐ No |
|---|---|
| | ☒ Yes. Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim. If yes, please indicate when this claim was incurred: |

|  |  |
|---|---|
| ☐ On or prior to June 27, 2023: | $ 84,554.00 |
| ☐ After June 27, 2023: | $ 3,750.00 |
| Total Administrative Expense Claim Amount: | $ 88,304.00 |
| | plus $3,750/mo |

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

## Part 3:   Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  7 / 7 / 2023
    MM / DD / YYYY |

Signature

Name of the person who is completing and signing this claim:

| Name | Jason | | Paglia |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | President and CEO |
|---|---|

| Company | E3 Metalworx, Inc. |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 12069 E. Main Road |
|---|---|
| | Number    Street |
| | North East, PA 16428 |
| | City    State    ZIP Code |

| Contact phone | 814-431-4140 | Email |
|---|---|---|

United States Bankruptcy Court
District of New Jersey
Bed Bath & Beyond, Inc.
Case No. 23-13359

**Attachment to Proof of Claim filed by F3 Metalworx, Inc.**

The total of $2,243,558.77 includes accrued and unpaid storage charges of $88,304.00,
pursuant to 11 U.S.C §503(b)(3)(E), which Debtor Bed Bath & Beyond, Inc. agreed to pay
creditor F3 Metalworx, Inc.

These storage fees continue to accrue, pursuant to 11 U.S.C §503(b)(3)(E), at the rate of
$3,750/month.

P:\DOCS\WIREW\48317\AGREEMENT\2G24263.DOCX

Bed Bath & Beyond EPOC



File a Claim

EPOC Agreement

Debtor Selection

Instructions

Claim Information

Additional Claim Information

E-Sign

Attachments

Submission Information

**Form Submitted**

Thank you for submitting your Electronic Proof of Claim. A PDF copy of your claim filing (along with any supporting documentation you may have included, as a separate attachment) and your Confirmation ID has been sent from "noreply.efiling@ra.kroll.com" to the email address used to access the electronic filing platform. Please add this email to your allowed senders list. You may now close this browser tab.

‹    9 of 9    ›

## Submission Information

When you press "Submit" you will receive an email from "noreply.efiling@ra.kroll.com." Please add this email to your allowed senders list. This email will have a PDF copy of your claim filing (with your supporting documents as a separate attachment), as well as your Confirmation ID.

# O'BRIEN THORNTON LLC

### *Attorneys-at-Law*

MERRILL M. O'BRIEN (NJ, NY)
Attorney ID # 025341980
*Certified Civil Trial Attorney*

TERRY E. THORNTON (NJ, NY)
Attorney ID # 019141985

Bed Bath & Beyond Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163

Re: In re: BED BATH & BEYOND INC., et al
Case No. 23-13359 (VFP)

Dear Sir or Madam,

Enclosed for filing with Kroll as the Claims Agent, and pursuant to the Notice of Effective Date filed 09/29/2023, Doc 2311, is the creditor F3 Metalworx, Inc.'s amended Claim to include administrative expenses through October, 2023. The administrative portion of the claim increases monthly by $3,750, as detailed in F3 Metalworx, Inc.'s motion returnable 10/24/2023, Doc. 2309.

Please stamp the enclosed copy of the completed form received, and return in the enclosed stamped, addressed envelope. Thank you.

Sincerely,

Merrill M. O'Brien, Esq.

Cc: F3 Metalworx, Inc. Via email
    Joseph A. Anesta, Esq., via email

**United States Bankruptcy Court, District of New Jersey (Newark)**

Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | |
|---|---|---|---|
| ☑ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | F3 Metalworx, Inc.<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |
| 3. | **Where should notices and payments to the creditor be sent?**<br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>F3 Metalworx, Inc.<br>12069 E. Main Road<br>North East, PA 16428<br><br><br><br><br>Contact phone  814-431-4140<br>Contact email  jpaglia@f3metalworx.com | **Where should payments to the creditor be sent?** (if different)<br><br>Same<br><br><br><br><br>Contact phone _____<br>Contact email _____ |
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☑ Yes.  Claim number on court claims registry (if known) 12397       Filed on 07/07/2023<br>                                                                                                        MM / DD  / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. | **How much is the claim?** | $ _____ 2,254,808.77 . **Does this amount include interest or other charges?**<br>                                            ☐ No<br>                                            ☑ Yes. Attach statement itemizing interest, fees, expenses, or other<br>                                                   charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Goods Sold and Storage Fees. See Motion ECF Doc. 2309 |

| 9. Is all or part of the claim secured? | ☐ No |
| | ☑ Yes. The claim is secured by a lien on property. |

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: If and when Debtor abandons its stored property, F3 has lien.

**Basis for perfection:** Possession of stored Valance Bands

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ Minimal

**Amount of the claim that is secured:** $ Minimal

**Amount of the claim that is unsecured:** $ 2,254,808.77 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 2,231,371.27

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

| 10. Is this claim based on a lease? | ☑ No |
| | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| 11. Is this claim subject to a right of setoff? | ☑ No |
| | ☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No |
| | ☑ Yes. *Check one:* |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | | **Amount entitled to priority** |
|---|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies. | | $ 99,554.00 |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received $ _____<br>by the Debtor within 20 days before the date of commencement of the above case, in<br>which the goods have been sold to the Debtor in the ordinary course of such<br>Debtor's business. Attach documentation supporting such claim. |
| **14. Is all or part of the claim being asserted as an administrative expense claim?** | ☐ No<br><br>☑ Yes. Indicate the amount of your claim for costs and expenses of administration of<br>the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach<br>documentation supporting such claim. If yes, please indicate when this claim was<br>incurred: |

☑ On or prior to June 27, 2023:     $ _88,304.00_

☑ After June 27, 2023:     $ _11,250.00_

Total Administrative Expense Claim Amount:     $ _99,554.00_

*see attachment*

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

---

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/06/2023
         MM / DD / YYYY

_Merrill O'Brien_
Signature

**Name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | _Merrill_<br>First name | _M._<br>Middle name | _O'Brien, Esq._<br>Last name |
| Title | | | |
| Company | _O'Brien Thornton LLC_<br>Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | _160_<br>Number | _Park St._<br>Street | |
| | _Montclair_<br>City | _N.J._<br>State | _07042_<br>ZIP Code |
| Contact phone | _973 886 8853_ | Email | _obrien@obrienthornton.com_ |

United States Bankruptcy Court
District of New Jersey
Bed Bath & Beyond, Inc.
Case No. 23-13359

**Attachment to 10/6/2023 Amended Proof of Claim filed by F3 Metalworx, Inc.**

The total of $2,254,808.77 includes accrued and unpaid storage charges of $99,554.00, through October 2023, for unpaid storage charges which continue to accrue at the rate of $3,750 per month.  The Debtor has not rejected the F3 Metalworx, Inc./ Bed, Bath, & Beyond     Storage     Contract,     which     is     the     subject     of F3 Metalworx's motion returnable October 24, 2023, Doc. 2309.

This Amendment is filed as a protective measure due to the Debtor's declaring the Effective Date to be 9/29/2023 in the Debtor's Notice filed on 9/29/2023, Doc. 2311, which Notice indicates that administrative claims arising from executory contracts may have to be filed within 14 days of the Effective Date, depending on their nature.  Again, F3's executory contract with the Debtor continues, and F3 reserves all rights pursuant to that contract, including the right to file supplemental claims for administrative expenses going forward.