**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**BRYAN CAVE LEIGHTON PAISNER LLP**

Brigid Ndege, Esq. (NJ Bar No. 55032014)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5104
brigid.ndege@bclplaw.com

-and-

Jarret P. Hitchings, Esq.
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, North Carolina 28202
(704) 749-8965
jarret.hitchings@bclplaw.com

*Counsel to Ben Rosenzweig and Marjorie L. Bowen*

**KRIEGER KIM & LEWIN LLP**

Nick Lewin, Esq.
350 Fifth Avenue, 77th Floor
New York, New York 10118
(212) 390-9559
Nick.Lewin@KKLllp.com

*Counsel to Shelly Lombard*

Order Filed on October 26, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING ROSENZWEIG, MARJORIE L. BOWEN, AND SHELLY LOMBARD'S MOTION AND ALLOWING THE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS PURSUANT TO THE DEBTORS' D&O INSURANCE POLICY**

**DATED: October 26, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon consideration of the motion (the "Motion")[2] of Ben Rosenzweig, Marjorie L. Bowen, and Shelly Lombard ("Movants") for entry of an order authorizing the disbursement of insurance proceeds under Side A of the D&O Policy to fund Defense Costs, Inquiry Costs and other Loss incurred in connection with matters tendered by Movants under the D&O Policy, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. To the extent authorization is required, the Zurich American Insurance Company ("Zurich" or the "Insurer") is authorized to make payments to or on behalf of the Movants, as Insured Persons (as defined in the D&O Policy), for Defense Costs, Inquiry Costs and other Loss (as defined in the D&O Policy) incurred in connection with the Confidential Demand and any related matters (subject to the terms and conditions of the D&O Policy and Zurich's reservation of

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

rights), and the automatic stay is hereby lifted, to the extent applicable and necessary, to effectuate the relief granted herein.

3. Payments made by the Zurich under the D&O Policy pursuant to this order shall reduce the respective limits of liability of the applicable D&O Policy and shall not be considered a violation of the automatic stay, nor shall such proceeds be considered property of the Debtors' estates.

4. Nothing in this order shall modify or alter the terms, conditions, limitations and exclusions of the D&O Policy or the parties' contractual rights and obligations thereunder.

5. Nothing in this order constitutes (a) an admission as to the validity of any claim or cause of action against any of the Movants; (b) a waiver of the Movants' rights to dispute any claim or cause of action under applicable law or non-bankruptcy law; or (c) a waiver of the Movants' rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or cause of action or a waiver of the Movants' rights in any respect.

6. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of any applicable Bankruptcy Rules and the Local Rules are satisfied by such notice.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this order shall be immediately effective and enforceable upon its entry.

8. The Debtor, Zurich, and the Movants are authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this order.