**HUSCH BLACKWELL LLP**
David Stauss (NJ I.D. #013862005)
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Telephone: 303.749.7200
Facsimile: 303.749.7272
Email: david.stauss@huschblackwell.com

**HUSCH BLACKWELL LLP**
Caleb T. Holzaepfel, Esq.
Admitted *pro hac vice*
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | : | Case No. 23-13359 (VFP) |
| Debtors.[1] | : | (Jointly Administered) |

**RESERVATION OF RIGHTS AND OBJECTION OF SAFETY NATIONAL CASUALTY CORPORATION AS TO THE NOTICE OF MOTION TO MODIFY STAY AND PLAN INJUNCTION FOR LEAVE TO CONTINUE PENDING LITIGATION AGAINST DEBTOR TO RECOVER AGAINST DEBTOR'S INSURER AND FOR RELATED RELIEF**

Safety National Casualty Corporation ("Safety National"), by and through the undersigned counsel, hereby files this objection and reservation of rights (the "Objection") as to

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

HB: 4872-6665-9976.3

the *Notice of Motion for an Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor, to Recover Solely Against Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001(a)(3) and for Related Relief* by Victoria Foster [Docket No. 2453] (the "Motion"). In support of this Reservation of Rights, Safety National respectfully states as follows:

1.  On October 13, 2023, movant Victoria Foster ("Foster" or "Movant") filed her Motion, requesting relief from the automatic stay and plan injunction to pursue claims against Debtor Bed Bath & Beyond, Inc. (the "Debtor") to "recover solely against Debtor's insurer," under a certain lawsuit styled *Foster v. Bed Bath & Beyond, Inc., et al.,* Case No. L-2348-21 filed on or about March 23, 2021 in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Lawsuit"). The State Court Lawsuit includes claims (the "Foster Claim") against the Debtor based on alleged injuries sustained by Foster on or about July 11, 2020, while using a product purchased from a Bed Bath & Beyond store located in New Jersey. The Motion requests that Foster be allowed to pursue the Foster Claim against the Debtor under the State Court Lawsuit to recover solely against Debtor's insurer.

2.  On May 31, 2023, this Court issued its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Dkt. No. 584] (the "Bar Date Order").

3.  On September 14, 2023, this Court issued its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Dkt. No.

HB: 4872-6665-9976.3

2172] approving Debtors' *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. And Its Debtor Affiliates* (as may be modified, the "Plan") [Docket No. 2160].

4. The Effective Date of the Plan occurred on September 29, 2023 [Dkt. No. 2311].

## **OBJECTION AND RESERVATION OF RIGHTS**

5. As a threshold issue, Movant seeks to modify the automatic stay and plan injunction to pursue a claim against Debtor through her Motion. However, Movant has failed to file a proof of claim in the Debtors' above-captioned cases.

6. The Bar Date Order established July 7, 2023 (the "General Claims Bar Date"), as the last date for each person or entity to submit a proof of claim against the Debtors.

7. The Bar Date Order states in no uncertain terms that:

> 7. In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim.

Bar Date Order ¶ 7.

8. Except for certain exclusions that are inapplicable here, the General Claims Bar Date applies to all claims against the Debtors that arose prior to April 23, 2023, including the Foster Claim. Because Movant's claim arose prior to April 23, 2023, she was required to file a proof of claim by the General Claims Bar Date – and failed to do so.

9. Moreover, the confirmed Plan states, in relevant part, that:

> Any Claim or Interest that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim is or has been timely Filed, is not considered Allowed and shall be **expunged** without further

> action by the Debtors and without further notice to any party or action, approval, or order of the Bankruptcy Court.

Plan, Art. I.A.14 (emphasis added).

10. Given Foster's failure to timely file a proof of claim – the effect of this Court's Bar Date Order, the Plan, and applicable law – the Foster Claim is barred. As such, Safety National requests that the requested relief be denied.

11. Even if Movant had filed a timely notice of claim (which she did not), the requested relief should, nevertheless, be denied.

12. Foster's Motion seeks relief to pursue the Foster Claim and recover solely from the Debtor's insurer. The Motion should be denied because no insurance exists.

13. Movant cannot recover under the Safety National general liability policy ("Policy") issued to Debtors because any coverage under the Policy is subject to a $1 million self-insured retention per "occurrence" ("SIR"). The Policy expressly states that Safety National's obligation to pay damages and "defense costs" on behalf of Debtor applies only to the portion of "Ultimate Net Loss" in excess of the $1 million SIR. The Policy states: "Satisfaction of the [SIR] amounts by [Debtor] is a condition precedent to [Safety National's] liability for amounts in excess of the [SIR] regardless of insolvency or bankruptcy or inability to pay by [Debtor]" and that Debtor "make actual payment of all damages . . . and 'defense costs' for each 'occurrence'" until Debtor has paid the $1 million SIR. Accordingly, Safety National has no obligations under the Policy for the Foster Claim unless and until Debtor makes actual payment of damages and "defense costs" in the amount of $1 million, subject to all other terms, conditions, and exclusions in the Policy. Thus, there is no coverage under the Policy if: (1) the Foster Claim is not worth more than $1 million; and/or (2) the Debtor does not make actual payment of $1 million to satisfy the SIR.

14. While Safety National does not necessarily object to a motion to lift the Plan Injunction to liquidate the Foster Claim against Debtors, Safety National does object to any efforts to liquidate the Foster Claim to recover solely from the Debtors' insurance as none exists.

## **RESERVATION OF RIGHTS**

15. As of the filing of this Objection, no proposed stipulation has been filed on the docket nor have the Debtors filed any objection to the Motion. Safety National will object to any stipulation or proposed order that attempts to modify the rights or defenses held by Safety National under the Policy, any applicable policy or contractual agreements between the Debtors and Safety National, the Bankruptcy Code, or other applicable law. Accordingly, Safety National hereby expressly reserves all of its rights, claims, counterclaims, defenses, and remedies under the Bankruptcy Code, the Policy, any applicable contractual agreements between the Debtors and Safety National, and other applicable law.

WHEREFORE the reasons set forth above, Safety National respectfully requests the Motion be denied.

Dated: October 26, 2023    Respectfully Submitted,

*/s/ David Stauss*
David Stauss (NJ I.D. #013862005)
**HUSCH BLACKWELL LLP**
1801 Wewatta Street, Suite 1000
Denver, CO 80202
T: 303.749.7200; F: 303.749.7272
Email: david.stauss@huschblackwell.com

Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
T: 423.755.2654; F: 423.266.5500
Email: caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

HB: 4872-6665-9976.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October, 2023, a true and correct copy of *Safety National's Objection and Reservation of Rights* has been electronically filed with the Court via the CM/ECF system and will be served by electronic means through the CM/ECF system to the below and to all registered CM/ECF participants.

Debtors' Counsel
Kirkland & Ellis LLP
Attn: Joshua A. Sussberg,
Attn: Emily E. Geier
Attn: Derek I. Hunter
601 Lexington Avenue
New York, New York 10022
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

Debtors' Counsel
Cole Schotz P.C.
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
25 Main Street Hackensack
New Jersey 07601
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

United States Trustee
Fran B. Steele, Esq.
Alexandria Nikolinos
One Newark Center, Suite 2100
Newark, NJ 07102
Fran.B.Steele@usdoj.gov
alexandria.nikolinos@usdoj.gov

Counsel to the Plan Administrator
Robert J. Feinstein
Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

Counsel to Victoria Foster
David H. Stein, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095
dstein@wilentz.com

*/s/ David Stauss*
David Stauss (NJ I.D. #013862005)

HB: 4872-6665-9976.3