| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |  |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Robert J. Feinstein (admitted *pro hac vice*)<br>Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>Hayley R. Winograd (admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br>hwinograd@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | **Order Filed on November 1, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

### ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007

The relief set forth on the following pages, numbered two (2) through three (3), is **ORDERED**.

**DATED: November 1, 2023**

*[Signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007 |

This matter is before the Court on the *Emergency Motion of Common Stock Equity Interest Holders For Stay and Associated Relief Pending Appeal Pursuant to Fed. R. Bankr. P. 8013(d) and 8007* [Docket Nos. 2455, 2471] (the "Motion"), filed by Neelay Das and Gabriel Rostom (the "Appellants"), in which Appellants seek a stay of the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order") pending their appeal thereof (the "Appeal"). The Court has considered the *Opposition of the Plan Administrator to Emergency Motion of Common Stock Equity Interest Holders For Stay and Associated Relief Pending Appeal Pursuant to Fed. R. Bankr. P. 8013(d) and 8007* [Docket No. 2632] (the "Opposition"), filed by Michael Goldberg, plan administrator (the "Plan Administrator"), appointed pursuant to the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan") as well as the arguments set forth on the record at the hearing on October 31, 2023 (the "Hearing").

As an initial matter, the Court finds that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**I.      Analysis**

The Court notes that a stay pending appeal is an "extraordinary remedy." *El v. Marino*, 722 F. Appx. 262, 267 (3d Cir. 2018); *see also Conestoga Wood Specialties Corp. v Sec'y of U.S. Dept.*

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007 |

*of Health and Human Services*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (stays pending appeal are "rarely granted"); *Donald J. Trump for President, Inc. v Sec'y of Pennsylvania*, 830 F. Appx. 377, 389 (3d Cir. 2020). In order to be afforded such relief, a movant must establish each of the following four elements: (1) a "strong showing" of likelihood of success on the merits of its appeal; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay would serve the public interest. *See Marino*, 722 F. Appx. at 267. "In order to succeed on such a motion, the moving party must 'show satisfactory evidence on all four criteria.'" *In re W.R. Grace & Co.*, 475 B.R. 34, 205-06 (D. Del 2012) (quoting *Turner v. Citizens Nat'l Bank (In re Turner),* 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997)).

As set forth on the record, the Court adopts and incorporates by reference the arguments made by counsel for the Plan Administrator in the Opposition (ECF No. 2632) and on the record during the Hearing. Nevertheless, the Court provides the following analysis for purposes of clarity and determines that Appellants have failed to establish any of the four elements required to warrant the extraordinary remedy of a stay pending appeal of the Confirmation Order.

    **A. Likelihood of Success on the Merits of the Appeal**

The first factor—likelihood of success on the merits of the appeal—has been considered "the more important piece of the stay analysis." *S.S. Body Armor I., Inc. v Carter Ledyard & Milburn LLP*, 927 F.3d 763, 772 (3d Cir. 2019). Indeed, "a strong showing of the likelihood of success exists if there is 'a reasonable chance, or probability, of winning.'" *S.S. Body*, 927 F.3d at

(Page | 4)
Debtors:           BED BATH & BEYOND INC., *et al*.
Case No.           23-13359-VFP
Caption of Order:  ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007

772 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011)). In their Motion, Appellants argue that assert that they are likely to succeed on the merits of their Appeal because the Stock was property of the Debtors. However, Appellants' argument is misguided and without merit. Although § 541 defines property of the estate broadly, a company's stock company is owned and controlled by the shareholder and, contrary to Appellants' assertions—for which Appellants offer no support—company stock does *not* become property of the estate upon the filing of a bankruptcy. Thus, Appellants have not demonstrated likelihood of success on this argument.

Appellants next assert that the Bondholders' claims were disallowed because they held the Stock that was subject to turnover, and therefore, the Plan is not "fair and equitable" under Section 1129(b). This argument fails for the same reasons previously discussed because, to establish a claim for turnover under § 542, a debtor must establish by a preponderance of the evidence that (i) property being held by the third party was the debtor's property, and (ii) that the property was property the debtor could "use, sell, or lease . . . unless such property is of inconsequential value or benefit to the estate." 28 U.S.C. § 542(a); *see also In re Denby-Peterson*, 941 F.3d 115, 128 (3d Cir. 2019). As set forth above, the Stock at issue here is not—and was never—property of the estate; therefore, any turnover action under § 541 would fail and Appellants cannot establish the requisite likelihood of success to warrant a stay pending appeal.

Finally, the Court notes that Appellants' arguments that the plan is not "fair and equitable" are premised on the same misunderstanding that the Stocks are the Debtors' property. Appellants'

<mark>

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007 |

remaining points do not merit significant discussion as Appellants do not present any credible basis for their assertion that the Plan is not fair and equitable as required by 11 U.S.C. §1129(b)(2)(C). Under that provision, a plan is "fair and equitable" with respect to a class of interests if

> (i) the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or
>
> (ii) the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property.

11 U.S.C. 1129(b)(2)(C). Appellants have presented no compelling argument suggesting this provision has been violated. As the Plan Administrator points out, "the classes senior to Appellants are not being paid in full and no class junior to Appellants is receiving any recovery." *Opposition* 18, ECF No. 2632; *see, e.g., In re OSH 1 Liquidating Corp.*, No. 13BK11565, 2013 WL 7071945, at *8 (Bankr. D. Del. Dec. 20, 2013) (finding plan to be fair and equitable under § 1129(b)(2)(C) as to "Class 4 because there are no holders of Claims or Equity Interests that are junior to Class 4 that will receive or retain under the Plan any property"). Accordingly, Appellants fail to demonstrate a likelihood of success on these arguments sufficient to warrant a stay pending appeal.

### B. Irreparable Injury If the Stay is Not Granted

To establish irreparable injury in the context of seeking a stay pending appeal, a movant must identify a concrete injury that is "more apt to occur than not." *In re Revel AC, Inc.*, 802 F.3d 558, 569 (3d Cir. 2015). Moreover, case law establishes that—absent exceptional circumstances

Case 23-13359-VFP    Doc 2648    Filed 11/01/23    Entered 11/01/23 14:31:45    Desc Main
Document    Page 6 of 9

(Page | 6)
Debtors:            BED BATH & BEYOND INC., *et al*.
Case No.            23-13359-VFP
Caption of Order:   ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007

not present here—"a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement" *In re Revel AC, Inc.*, 802 F.3d at 572 (quoting *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011)).

In their Motion, Appellants argue they will be irreparably harmed if the Plan is not stayed because (a) if their Stock is cancelled before the Stock is turned over to the Debtors, Appellants will be "depriv[ed] of their rights to sell their shares at the considerably appreciated share that will eventually result from short sellers"; and (b) if estate assets are distributed pursuant to the Plan prior to the determination of the Appeal, their Appeal could be challenged as equitably moot. *Motion* ¶ 23, ECF No. 2622. As an initial matter, the alleged harm cited is purely economic and, therefore, is not the type of irreparable harm that can warrant a stay. Moreover, as the Plan Administrator points out, the Stock has already been cancelled and Debtors have no equity left to preserve. Thus, Appellants have no equity interests in Debtors and Appellants have failed to show that they will be irreparably injured if the stay is not granted.

### C. The stay will not substantially harm other parties

Appellants fail to establish that the stay will not substantially harm other parties. To the contrary, a stay pending appeal will prevent creditors from receiving timely distributions under the Plan. As expressed on the record during the hearing—in addition to concerns regarding Appellants' motives—the Court finds no basis to further delay distributions, and a stay pending appeal would operate to the detriment of deserving and innocent creditors.

| | |
|---|---|
| (Page \| 7) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007 |

**D. The stay would serve the public interest**

In their Motion, Appellants contend that a stay would serve the public interest because that there is a "strong public policy in favor of correct application of the law," and that a stay "preserves the ability to redress harm through appellate review." *Motion* ¶ 28. Setting aside that Appellants have failed to set forth a credible argument that there has been any incorrect application of the law, Appellants' motion ignores that there exists "a strong public policy in having bankruptcy 'proceedings continue to an orderly, efficient resolution to maximize and preserve the estate's assets for the sake of the creditors.' " *In re Extraction Oil & Gas, Inc.*, No. AP 20-50833, 2020 WL 7186847, at *5 (D. Del. Dec. 7, 2020) (*quoting In re Montgomery Ward, L.L.C.*, 388 B.R. 61, 628 (Bankr. E.D. Pa. 2008)). As expressed on the record, the Court finds that this policy would be thwarted by a stay restricting the Debtors from implementing the Plan pending resolution of this Appeal. Rather, its is this Court's view that the public's interest is best served by allowing creditors of the Debtors to begin receiving distributions under the Plan.

**II.    Conclusion**

The Court finds that Appellants' arguments reflect either a fundamental misunderstanding of the chapter 11 process or a frivolous attempt to disrupt and delay the orderly resolution of this bankruptcy case. As discussed on the record, the Court is concerned that continued litigation will waste estate resources and the Court is willing to consider requests for sanctions for further motion

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER DENYING EMERGENCY MOTION OF COMMON STOCK EQUITY INTEREST HOLDERS FOR STAY AND ASSOCIATED RELIEF PENDING APPEAL PURSUANT TO FED. R. BANK. P. 8013(D) AND 8007 |

practice. Having concluded that there is no basis in law or fact for the relief sought by the Appellants, it is hereby

**ORDERED** that the Motion is DENIED; and it is further

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Case 23-13359-VFP    Doc 2648    Filed 11/01/23    Entered 11/01/23 14:31:45    Desc Main
Document      Page 9 of 9