

**DAVID H. STEIN, ESQ.**

T: 732.855.6126
F: 732.726.6570
dstein@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

November 1, 2023

<u>*VIA ECF*</u>
Honorable Vincent F. Papalia
United States Bankruptcy Court
for the District of New Jersey
Martin Luther King, Jr. Federal Building
United States Court House
50 Walnut Street, Third Floor
Newark, New Jersey 07102

Re:  **Bed Bath & Beyond, Inc., et al.**
**Case No. 23-13359 (VFP)**
<u>**Hearing Date: November 7, 2023 at 10:00 a.m.**</u>

Dear Judge Papalia:

This law firm represents Victoria Foster (the "Movant"), having filed a Motion for Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation against the Debtor, to Recover Solely against the Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001(a)(3) and for Related Relief (the "Motion") [Docket No. 2453], which Motion is returnable before the Court on November 7, 2023 at 10:00 a.m.

We are in receipt of a Reservation of Rights and Objection (the "Objection") [Docket No. 2622], to the Motion filed on October 26, 2023 by Safety National Casualty Corporation (the "Insurer").  Kindly accept this letter brief in lieu of a more formal brief submitted in response to the Objection filed by the Insurer and in further support of the Motion.

A. **SUMMARY**

Movant makes the following points, more fully set forth below, in reply to the Objection:

a. The Insurer lacks standing to object to the Motion because the Insurer has no present pecuniary stake in its outcome and is not a party to the pending prepetition litigation between the Movant

and the Debtor.  Neither the Debtor nor any other estate representative has objected to the Motion.  Thus, the Motion should be granted.

b. The Objection is meritless..  First, the Objection seeks a determination of whether the relevant insurance policy covers the Debtor; however, "[i]n a relief from stay hearing, the only issue properly before the court, and thus the only one actually adjudicated, is whether the stay should be lifted because a creditor has shown a colorable claim."  Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 34 (1st Cir. 1994).  Clearly, Movant has a colorable claim.

Second, that Movant did not file a proof of claim is irrelevant.  Although Movant was a known creditor, a review of the Claims Agent's website indicates that she was not listed as a creditor on the Debtor's Petition and, accordingly, did not receive notice of the commencement of the case or of timely notice of the bar date.  See, Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995) (known creditor "must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.").  Thus, Movant could not have filed a timely proof of claim.  Moreover, at most Movant's failure to file a proof of claim means she "cannot participate in the reorganization."  Maertin v. Armstrong World Indus., Inc., 241 F. Supp. 2d 434, 457 (D.N.J. 2002).  Movant is not seeking to participate in the reorganization or otherwise affect the rights of the Reorganized Debtor or creditors, but instead is seeking to proceed against the Debtor's insurers, non-debtors who, by contract, are obligated to indemnify against Movant's claim.  The proceeds of the policy are not property of the bankruptcy estate and section 524(e) of the Bankruptcy Code prohibits the discharge of claims against the Insurer.  See, First Fid. Bank v. McAteer, 985 F.2d 114, 118 (3d Cir. 1993) ("Courts, relying on 11 U.S.C. § 524(e), have allowed claimants to proceed with tort claims against the debtor for the purpose of collecting from the debtor's liability insurer.").

c. Finally, the Insurer is mistaken that no insurance exists absent payment by the Debtor of the SIR (as defined in the Objection).  Failure of the debtor to pay the SIR does not excuse the insurer from performance under the contract, but gives rise to an unsecured claim by the insurer for any damages incurred by reason of the debtor's breach of the policy. Home Ins. Co. of Illinois v. Hooper, 691 N.E.2d 65 (Ill. App. 1998); In re Ames Dep't Stores, Inc., No. 93-4014, 1995 WL 311764 (S.D.N.Y. 1995)). See also Albany Ins. Co. v. Bengal Marine, Inc., 857 F.2d 250 (5th Cir. 1988); Columbia Casualty Co. v. Federal Press Co., 104 B.R. 56 (Bankr. N.D. Ind. 1989). See generally Patricia A. Bronte, 'Pay First' Provisions and the Insolvent Policyholder", The Insurance Coverage Law Bulletin, Vol. 3, No. 5 (2004); Patricia A Bronte et al., Coverage Issues for the Insolvent Policyholder, Coverage (ABA Section of Litigation), Vol. 14, No. 2 (2004)  The claim for the SIR, if it exists here at all, has been discharged by the Plan.  Insurer also remains free to argue in an appropriate proceeding (subject to a finding that it is acting in bad faith) that no insurance exists and that the Debtor must honor the SIR, notwithstanding that the SIR is an unsecured claim that has been discharged by confirmation of the Plan.

**B.    ARGUMENT**

By way of background, the Motion seeks relief from the automatic stay so that Movant, a young woman who was severely injured by a defective pressure cooker distributed and sold by Bed Bath & Beyond (the "Debtor"), may seek legal redress and recovery for her injuries in the Superior Court. According to the Motion, prior to the commencement of the Debtor's bankruptcy case, and as a result of having sustained personal injuries, Movant caused to have filed a lawsuit styled as <u>Foster v. Bed Bath and Beyond</u>, Superior Court of New Jersey, Essex County, Law Division, Case No. L-234 (21) (the "State Court Action"). Noteworthy is that the Debtor neither scheduled nor listed the Movant as a creditor in its Schedules and Statement of Financial Affairs as required by Fed. R. Bankr. P. 3003 (b)(1). Accordingly, Movant should not be barred by virtue of a discharge injunction or the confirmed plan based upon the fact that no actual notice was provided to her and that she was not listed as a creditor in these proceedings.

Also noteworthy is that, by virtue of the Motion, Movant seeks to limit her recovery against the Debtor (and the estate) based upon available insurance proceeds. Neither the Debtor nor the Plan Administrator has filed an objection to the Motion. The only party (or non-party) heard to complain and object to the Motion is the Insurer. Clearly this is not the forum to prosecute coverage matters affecting a personal injury claim, nor should such argument be entertained in the context of this Motion.

As more fully set forth in the Motion, during the course of the State Court Action, the Debtor responded to Movant's Interrogatories (the "Interrogatory Answers"), and in response to Interrogatory No. 13, Debtor identified available insurance coverage for claims raised in the State Court Action; however, the Debtor did not produce a copy of such insurance policy. Subsequently, on April 23, 2023, the Debtor filed bankruptcy. In the Objection, and despite sworn Interrogatory Answers by the Debtor to the contrary, the Insurer claims in the Objection that there is no insurance coverage available for Movant's claim, and relies upon obscure policy terms while failing to produce the underlying insurance policy for consideration. The Objection is simply inadequate, inconsistent with sworn Interrogatory Answers, uncertified, incomplete and should not be considered by the Court.

Furthermore, the Insurer does not have standing to object to the Motion, since it has no present pecuniary stake in its outcome and its arguments are pure conjecture. Moreover, the Insurer is not a party to the State Court Action or a representative of the Debtor's estate, and neither the Debtor nor the Plaintiff Administrator have opposed the Motion. In addition, granting the Motion will not result in a diminution of estate assets since Movant is limiting her recovery to available insurance proceeds – proceeds which exist as identified in the Interrogatory Answers submitted to the Court for consideration.

As part of the Motion, the Court should direct the Insurer to produce a copy of the insurance policy in question within seven (7) days from the entry of the Court Order in order to dispel any issue as to the existence or non-existence of available insurance.

The Insurer further posits that Movant has no coverage available under the policy to satisfy her damage claim first by virtue of a self-insured retention provision ("SIR"). Under the majority view,

an insurer must provide coverage above the SIR up to policy limits even if the policyholder cannot pay the initial amount. In Home Insurance Co. of Illinois v. Hooper, 294 Ill. App. 3d 626, 691 N.E.2d 65 (1st. Dist. 1998), the Illinois appellate court held that the insurer was obligated to indemnify the insured for that portion of the judgment or settlement exceeding the SIR. Here, the inability of the insured – the Debtor - to pay the SIR is irrelevant since the SIR can be deemed "satisfied" without actual payment. The filing of bankruptcy by the insured is intended to provide relief to the insured; it does not relieve the obligation of the Insurer under the policy. Keck, Mahin & Cate, 241 B.R. 583 (N.D. Ill. 1999). "[I]t makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge." Matter of Edgeworth, 993 F.2d 51, 54 (5th Cir. 1993). The protection from liability afforded to the debtor under the Bankruptcy Code does not affect the liability to provide coverage. First Fidelity Bank v. McTeer, 985 F.2d 114 (3rd Cir. 1993); In re Vanderveer Estates Holding, LLC, 328 B.R. 18 (Bankr. E.D.N.Y. 2005). Although the debtor may receive a discharge for the total amount of any claim, the insurer will remain obligated to the extent required by the insurance policy. In re W.G. Wade Shows, Inc., 234 B.R. 185 (Bankr. M.D.Fla.1999); Maertin v. Armstrong World Industries, Inc., 241 F.Supp.2d 434 (D.N.J. 2002).

The SIR provision, as purportedly contained in the insurance policy, has not been produced.. That issue would be decided in a specialized tribunal when and if the Insurer brings a claim in the State Court Action or decides not to resolve, in good faith, the Movant's claim in a fair and equitable manner. It is also inappropriate to allege the existence of the SIR without producing the policy while making a generalized allegation that Movant's claims are somehow limited. Furthermore, for the Insurer to suggest that Movant has no injuries is simply inappropriate.

Finally, this Court previously entered an Order granting relief from the automatic stay in a similar personal injury matter with respect to the lift stay motion filed by Sharmele Moore [Docket No. 2545] in which the Court reserved rights with respect to any claims or defenses involving the Insurer or the insurance policy.  Movant has no objection to a reservation of rights, if any, of the Insurer here.

Accordingly, given the Insurer's lack of standing, failure to produce the policy, the absence of any objection on behalf of the estate, and in the interest of fundamental fairness and equity, Movant respectfully requests that the Court enter an order granting the Motion granting relief from the automatic stay to allow Movant to continue to pursue her claims in the State Court Action, directing that the Insurance Policy be timely produced, and waiving the 14 day stay of the Order, together with such other and further relief as the Court deems equitable, just and proper under the circumstances.

Respectfully submitted,

/s/ David H. Stein

DAVID H. STEIN

DHS/wp

cc:    David Stauss, Esq.
       Caleb Holzapfel, Esq.
       Josh Sussberg, Esq.
       Fran Steele, Esq.
       Michael Sirota, Esq.
       Brad Sandler, Esq
       (All via ECF and Email)