UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

## ATTORNEY FEE APPLICATION COVER SHEET
## FOR THE PERIOD APRIL 23, 2023 THROUGH SEPTEMBER 30, 2023

| | |
|---|---|
| In re Bed Bath & Beyond Inc., *et al.*[1] | Applicant: Cole Schotz P.C. |
| Case No. 23-13359 (VFP) | Client:  Debtors and Debtors in Possession |
| Chapter 11 | Case Filed: April 23, 2023 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

_/s/ Michael D. Sirota_        11/1/2023
MICHAEL D. SIROTA             Date

---

### SECTION I
### FEE SUMMARY

Final Fee Application Covering the Period
April 23, 2023 through September 30, 2023:

| | |
|---|---|
| FEE TOTALS | $2,526,183.75 |
| DISBURSEMENTS TOTALS | $24,535.55 |
| TOTAL FEE APPLICATION | $2,550,719.30 |

| | FEES | EXPENSES |
|---|---|---|
| TOTAL PREVIOUS FEES REQUESTED: | $2,526,183.75 | $24,535.55 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $432,163.64 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $505,236.75 | N/A |
| TOTAL RECEIVED BY APPLICANT: | $2,020,947.00 | $24,535.55 |

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

---

**SECTION II**
**CASE HISTORY**

---

(1)    Date cases filed:  April 23, 2022

(2)    Chapter under which cases commenced:  Chapter 11

(3)    Date of retention:   June 2, 2023, *nunc pro tunc* to April 23, 2023. Se̲e̲ **Exhibit A**.

       If limit on number of hours or other limitations to retention, set forth: n/a

(4)    Summarize in brief the benefits to the estate and attach supplements as needed:  S̲e̲e̲
       narrative portion of fee application.

(5)    Anticipated distribution to creditors:

       (a)    Administrative expense: Paid in full.

       (b)    Secured creditors: To be paid in accordance with the *Second Amended Joint
              Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (the "P̲l̲a̲n̲").
              *See* E̲x̲h̲i̲b̲i̲t̲ ̲A̲ to the *Findings of Fact, Conclusions of Law, and Order (I)
              Approving the Disclosure Statement on a Final Basis and (II) Confirming the
              Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its
              Debtor Affiliates* [Docket No. 2172].

       (c)    Priority creditors: To be paid in accordance with the Plan.

       (d)    General unsecured creditors: To be paid in accordance with the Plan.

(6)    Final disposition of case and percentage of dividend paid to creditors (if applicable):
       This is the first and final compensation application.  The exact percentage of dividend
       paid to creditors is unknown at this time.

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[2] | (Jointly Administered) |

## FIRST AND FINAL APPLICATION OF COLE SCHOTZ P.C. FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331

---

[2]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

Cole Schotz P.C. ("Cole Schotz"), as co-counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby submits this first interim and final application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "Application") pursuant to (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey, (ii) the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Guidelines"), and (iii) this Court's *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court*, dated May 17, 2023 [Docket No. 377] (the "Interim Compensation Procedures Order"), for professional services rendered by Cole Schotz for the period commencing April 23, 2023 through and including September 30, 2023 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period.  In support of this Application, Cole Schotz respectfully represents as follows:

## BACKGROUND

1.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "First Day Declaration") and incorporated by reference herein.

2.      The Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2023, the Court entered an order [Docket No. 75] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to rule 1015(b) of the Bankruptcy Rules.  On May 5, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 218].

3.      On August 1, 2023, the Debtors filed their *Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1712] and their *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713] (the "Disclosure Statement").

4.      On September 11, 2023, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan")

5.      On September 14, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2172].

6.      On September 29, 2023, the effective date of the Plan occurred and the Debtors filed the *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 2311].

65548/0001-46204456

## INFORMATION REQUIRED BY THE GUIDELINES

### A.    The Scope of the Application

2.    Consistent with the Guidelines, Cole Schotz discloses the following concerning

the scope of the Application:

| Name of Applicant | Cole Schotz P.C. |
|---|---|
| Name of Client | Debtors in Possession |
| Petition Date | April 23, 2023 |
| Retention Date | Order signed June 1, 2023 [Docket No. 606] ("Retention Order"), effective April 23, 2023. |
| Date of Order Approving Employment | April 23, 2023; a true copy of the Retention Order is attached as **Exhibit A**. |
| Time Period Covered by Application | April 23, 2023 – September 30, 2023 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim and Final application under 11 U.S.C. §331 |
| Date and Terms of Administrative Fee Order | On May 17, 2023, this Court entered the Interim Compensation Procedures Order.  Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement.  The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $2,526,183.75 |
| Total Expenses Sought this Period | $24,535.55 |
| Total compensation approved by interim order to date | $0.00 |

4

| | |
|---|---|
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $747.54 |
| Blended rate in this application for all timekeepers | $719.69 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $2,020,947.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $24,535.55 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 29 |
| If applicable, difference between fees budgeted and compensation sought for this period | Cole Schotz  budgeted $2,216,800.00 in fees during the Compensation Period and incurred $2,526,183.75 in fees during the Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this period | 13 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [X]  Yes                  [] No
$2,487,485.75 |

### B.    Summary of Time Keepers and Rate Increases

3.    With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **Exhibit B** attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; (vii) current hourly rate contained in this application; and (viii) the number of rate increases since the inception of the case.  One rate increase was

implemented during the Compensation Period.  See *Notice of Increase of Hourly Rates of Professionals* [Docket No. 1952].

### C.    Customary and Comparable Compensation

4.    Cole Schotz submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the 2022 calendar year as compared to the Compensation Period.  As set forth in Exhibit C, Cole Schotz's blended hourly rate for all timekeepers during the Compensation Period was $719.69.

### D.    Statements from the Applicant

5.    Consistent with the Guidelines, Cole Schotz answers the following questions:

| Question | Answer |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are more than 10% above the budgeted amount.  At the request of the Debtors and co-counsel, Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E"), Cole Schotz expended significant time and resources related to the assumption and rejection of the Debtors' leases and related auctions and sales. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees). |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes (minimal time/fees). |
| Does the fee application includes any rate increases? | Yes. |

### E.    Budget and Staffing Plan

6.    Consistent with the Guidelines, Cole Schotz provided the Debtors with, and the Debtors approved, a budget and staffing plan for the Compensation Period.  Copies of the

6

approved budgets and staffing plan for the Compensation Period are attached hereto as **Exhibits**

**D-1** and **D-2**.  As set forth below, the total hours and fees actually incurred exceeded the budget

by more than 10% in the aggregate during the Compensation Period:

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|:---:|:---:|:---:|:---:|:---:|
| April 2023 | 146.00 | 248.20 | $116,800.00 | $165,706.50 |
| May 2023 | 625.00 | 549.70 | $500,000.00 | $383,988.50 |
| June 2023 | 500.00 | 689.40 | $400,000.00 | $506,493.25 |
| July 2023 | 500.00 | 994.70 | $400,000.00 | $703,508.75 |
| August 2023 | 500.00 | 588.90 | $400,000.00 | $413,809.25 |
| September 2023 | 500.00 | 439.20 | $450,000.00 | $352,677.50 |
| **Total** | **2,771.00** | **3,510.10** | **$2,216,800.00** | **$2,526,183.75** |

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

7.       Cole Schotz seeks allowance of compensation for professional services rendered

to the Debtors during the Compensation Period in the amount of $2,526,183.75.  In addition,

Cole Schotz seeks approval for reimbursement of expenses incurred in connection with the

rendition of its services in the aggregate amount of $24,535.55.  During the Compensation

Period, Cole Schotz attorneys and paraprofessionals expended a total of 3,510.10 hours for

which compensation is requested.  The fees charged by Cole Schotz in this proceeding are billed

in accordance with its existing billing rates and procedures in effect during the Compensation

Period.

8.       The following summary highlights the major areas in which Cole Schotz rendered

services during the Compensation Period.  As required by the Guidelines, the summary is

organized by project category.  A summary chart setting forth the number of hours spent and the

amount of compensation requested for each projected category is attached as **Exhibit E-1** and a

summary chart setting forth the amount of expenses requested by Cole Schotz in this Application

is attached as **Exhibit E-2**.  Detailed descriptions of services rendered are contained in Cole

Schotz's monthly fee statements for the Compensation Period.

### A.    Asset/Business Disposition

9.    This category includes time expended by Cole Schotz with respect to the Debtors'

asset and business disposition.   During the Compensation Period, Cole Schotz expended

significant time and resources participating in the auction and sale of the Debtors' numerous

store leases, including drafting and negotiating lease termination agreements with various

landlords.  Additionally, Cole Schotz assisted K&E in connection with the sale of the Debtors'

intellectual property.

### B.    Assumption and Rejection of Leases and Contracts

10.    This category includes significant time expended by Cole Schotz with respect to

the Debtors' assumption and rejection of leases and contracts.  As part of the sale of the Debtors'

lease assets, Cole Schotz assisted the Debtors in determining which leases could be assumed and

assigned and which leases should be rejected.  With respect to the leases being assumed and

assigned, Cole Schotz worked with the client to negotiate the cure amounts due under the leases

and negotiated and litigated numerous tenant mix and exclusivity issues.  Cole Schotz conducted

regular status calls with co-counsel, K&E, and the Debtors' real estate advisors, A&G Realty

Partners, LLC ("A&G") with respect to the assumption and rejection of lease assets and related

litigation.  Cole Schotz also researched related issues, prepared and commented on briefs and

memorandum and negotiated resolutions with respect to the leases.

### C.    Business Operations

11.    This category includes time expended by Cole Schotz with respect to the Debtors'

business operations. During the Compensation Period, Cole Schotz engaged in ongoing

discussions with the case professionals, including K&E and other interested parties, and analyzed

and made recommendations to the Debtors with respect to a variety of matters, including, among other things, the Debtors' first day pleadings and lease related issues. Moreover, Cole Schotz actively engaged in discussions with the Debtors, their advisors, and the U.S. Trustee regarding the Debtors' obligations under section 345 of the Bankruptcy Code.

### D.    Case Administration

12.    This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of these Chapter 11 Cases, including significant time expended by Cole Schotz at the outset of these cases strategizing and coordinating with the Debtors' employees and advisors regarding these Chapter 11 Cases and the customs, rules, and procedures of New Jersey Practice.  Cole Schotz has been responsible for interfacing with the U.S. Trustee as well as the Court.  The category also includes time attending various hearings, including the first day hearings and various status and chambers' conferences, and strategizing regarding the drafting and filing of various administrative motions and applications critical to the smooth and efficient functioning of these Chapter 11 Cases.  Cole Schotz's New Jersey expertise has been instrumental to the success of the Chapter 11 cases.

### E.    Claims Administration and Objections

13.    This category includes time expended by Cole Schotz with respect to the Debtors' claims administration and objections.  During the Compensation Period, Cole Schotz addressed numerous calls from creditors and assisted co-counsel K&E in preparing settlement agreements pursuant to the *Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of Notice of Settlement, and (III) Granting Related Relief* [Docket No. 1579].  As part of its responsibilities regarding the sale of lease assets, Cole Schotz reviewed, analyzed and negotiated administrative claims asserted by various landlords.  Cole Schotz also analyzed issues related to certain tax claims

under section 505 of the Bankruptcy Code and prepared and filed an omnibus objection and motion related to same.

### F.  **Employee Benefits/Pensions**

14.    This category includes time expended by Cole Schotz advising the Debtors and their advisors regarding the Debtors' obligations under the Worker Adjustment and Restraining Notification Act, including conducting research and preparing and issuing related notices.

### G.  **Fee Employment**

15.    This category includes time expended by Cole Schotz regarding the retention and compensation of various professionals in the Debtors' bankruptcy proceedings.  Among other things, Cole Schotz conducted a thorough conflicts check analysis and prepared the Debtors' application to retain Cole Schotz as its counsel.  Cole Schotz assisted the Debtors' other counsel and advisors, including K&E, AP Services, LLC, Kroll Restructuring Administration LLC, A&G, and Lazard Freres and Company LLC (collectively, the "Retained Professionals") in the preparation, filing, and service of their own professional retention papers and provided counsel regarding the Bankruptcy Rules, the Guidelines, and the Interim Compensation Procedures Order.  Cole Schotz served as the primary liaison between the Retained Professionals and the U.S. Trustee regarding various retention and disclosure inquiries and coordinated the drafting and submission of related supplements to the Retained Professionals' retention applications. Separately, Cole Schotz facilitated the filing of declarations and questionnaires for numerous ordinary course professionals, including responding to and addressing questions and comments from the U.S. Trustee regarding same.

### H.  **Fee Application Preparation**

16.    This category includes time expended by Cole Schotz preparing and filing its own monthly fee statements, advising the other Retained Professionals with respect to their monthly

10

fee statements and filing same, and coordinating the service of the foregoing and the filing of certifications of no objection with regard to same.

### I.    Financing

17.    This category includes time expended by Cole Schotz with respect to financing. During the Compensation Period, Cole Schotz worked with the Debtors and its other professionals regarding court approval of the debtor-in-possession financing and compliance with same.

### J.    Litigation

18.    This category includes time expended by Cole Schotz with respect to various litigation matters other than avoidance action litigation.  Cole Schotz conducted an extensive investigation of claims with respect to the Debtors' officers and directors.  Cole Schotz presented its findings to the board of the Debtors and provided counselling and advice related to same.

### K.    Plan of Reorganization and Disclosure Statement

19.    These time categories include time Cole Schotz spent strategizing with the Debtors and their advisors regarding the Plan and Disclosure Statement and the amendments thereto. Cole Schotz participated in and advised on the negotiation of the Plan and Disclosure Statement with key constituents, including the resolution of objections to the Plan and Disclosure Statement. Further, Cole Schotz prepared for and attended the confirmation hearing.

### RELIEF REQUESTED AND BASIS THEREFOR

20.    The professional services performed by Cole Schotz on the Debtors' behalf during the Compensation Period required an aggregate expenditure of 3,510.10 recorded hours by Cole Schotz's partners, associates and paraprofessionals.  Of the aggregate time expended, 2,499.00 recorded hours were expended by members of Cole Schotz, 759.10 recorded hours

were expended by associates, 249.00 recorded hours were expended by paraprofessionals, and 3 recorded hours were expended by litigation support.

21.     During the Compensation Period, Cole Schotz's hourly billing rates for attorneys and paraprofessionals ranged from $355.00 to $1,475.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $719.69, which represents a blended rate of $359.03 and $747.54 for paraprofessionals and attorneys, respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of services.

22.     Cole Schotz has incurred $24,535.55 in direct out-of-pocket expenses in providing professional services to the Debtors during the Compensation Period.  These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

23.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

24.     Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  See, In re Engel, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); see also In re Fleming Cos., 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The majority of courts which have interpreted section 330 of the Bankruptcy Code

have held that an element of whether such services are "necessary" is whether they benefitted the

bankruptcy estate.  Engel, 190 B.R. at 209.  Further, the test for determining necessity is

objective, focusing on what services a reasonable lawyer would have performed under the same

circumstances.  In re APW Enclosure Sys., Inc., No. 06-11378 (MFW), 2007 WL 3112414, at *3

(Bankr. D. Del. 2007) (citing Fleming, 304 B.R. at 89).  This test does not rely on hindsight to

determine the ultimate success or failure of the attorney's actions.  See id. (citing, inter alia,

Keate v. Miller (In re Kohl), 95 F.3d 713, 714 (8th Cir. 1996)).

25.    Once the court determines that a service was necessary, it also assesses the

reasonable value of the service.  11 U.S.C. § 303(a)(3).  Section 330(a)(3) of the Bankruptcy

Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be
> awarded . . . the court shall consider the nature, extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

13

26.     In determining the reasonableness of fees, courts routinely employ the following

twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3)

the skill requisite to perform the legal service properly; (4) the preclusion of employment by the

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the

undesirability of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases.  Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d

109, 123 n.8 (3d Cir. 1999).

27.     In addition, section 331 of the Bankruptcy Code provides that a debtor's attorney

employed under section 327 of the Bankruptcy Code may apply to the Court for interim

compensation not more than once every 120 days after an order for relief in a case under chapter

11. See 11 U.S.C. § 331; see also Interim Compensation Procedures Order.

28.     Here, as described above, Cole Schotz devoted a substantial amount of time and

effort to addressing the numerous issues involved in these Chapter 11 Cases.  Cole Schotz

respectfully submits that the services for which it seeks compensation in this Application were,

at the time rendered, believed to be necessary to effectively represent the Debtors, were

performed economically, effectively, and efficiently.  Because Cole Schotz's services benefitted

the bankruptcy estates, Cole Schotz respectfully submits that it performed "actual and necessary"

services compensable under section 330 of the Bankruptcy Code.

29.     Further, Cole Schotz submits that consideration of the relevant factors enumerated

in Lan Assocs. establishes that the compensation requested is reasonable in light of the nature,

extent, and value of such services to the Debtors:

(a)     *The Time and Labor Required*.  The professional services rendered by Cole Schotz on behalf of the Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered by the Debtors in these cases with skill and dispatch. Cole Schotz respectfully represents that the services rendered by it were performed efficiently, effectively, and economically.

(b)     *The Novelty and Difficulty of Questions*.  Many legal challenges have arisen in the course of these cases particularly related to the sale of the Debtors' lease assets. While these issues may not be particularly novel or unique to a large retailer, Cole Schotz's effective assistance has facilitated the efficient resolution of such issues.

(c)     *The Skill Required to Perform the Legal Services Properly*.  Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization and its knowledge of New Jersey practice and procedure contributed to the efficient and effective representation of the Debtors in these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Cole Schotz's representation of the Debtors did not preclude its acceptance of new clients.  However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to these Chapter 11 Cases.

(e)     *The Customary Fee*.  The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind.  Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors.  Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*.  Not applicable.

(g)     *Time Limitations Imposed by Client or other Circumstances*.  Not applicable.

(h)     *The Amount Involved and Results Obtained.*  Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i)     *The Experience, Reputation and Ability of the Attorneys*.  Cole Schotz is a professional association with approximately 170 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the Bankruptcy Courts for

15

the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(j)     *The Undesirability of the Case*.  Not applicable.

(k)     *Nature and Length of Professional Relationship*.  Not applicable.

(l)     *Awards in Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other chapter 11 cases.

In addition, consistent with section 331 of the Bankruptcy Code, this is Cole Schotz's second

interim fee application.  This application is made more than 120 days from the Petition Date.

See 11 U.S.C. § 331.

## CONCLUSION

WHEREFORE, Cole Schotz respectfully requests a first interim fee and final fee allowance as bankruptcy co-counsel for the Debtors during the Compensation Period in the amount of $2,526,183.75 for fees for services rendered, together with reimbursement of expenses in the amount of $24,535.55, for a total interim and final fee award of $2,550,719.30.

Respectfully submitted,

Dated: November 1, 2023

/s/ Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**Retention Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| |
| **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Emily E. Geier, P.C. (admitted *pro hac vice*) |
| Derek I. Hunter (admitted *pro hac vice*) |
| 601 Lexington Avenue |
| New York, New York 10022 |
| Telephone: (212) 446-4800 |
| Facsimile: (212) 446-4900 |
| joshua.sussberg@kirkland.com |
| emily.geier@kirkland.com |
| derek.hunter@kirkland.com |
| |
| **COLE SCHOTZ P.C.** |
| Michael D. Sirota, Esq. |
| Warren A. Usatine, Esq. |
| Felice R. Yudkin, Esq. |
| Court Plaza North, 25 Main Street |
| Hackensack, New Jersey 07601 |
| Telephone: (201) 489-3000 |
| msirota@coleschotz.com |
| wusatine@coleschotz.com |
| fyudkin@coleschotz.com |
| |
| *Proposed Co-Counsel for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re: | |
| BED BATH & BEYOND INC., *et al.*, | |
| Debtors. [1] | |

Order Filed on June 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: June 1, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

(Page 2)
Debtors:          BED BATH AND BEYOND INC., *et al*.
Case No.          23-13359 (VFP)
Caption of Order:  ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                  SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC*
                  TO THE PETITION DATE

---

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Cole Schotz P.C. ("Cole Schotz") as their bankruptcy co-counsel in these proceedings *nunc pro tunc* to the Petition Date; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title* 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declarations of Michael D. Sirota, Esq. and Holly Etlin in support thereof; and the Court being satisfied that Cole Schotz does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and 101(14) of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal and informal objections to the Motion have been resolved,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)
Debtors:            BED BATH AND BEYOND INC., *et al*.
Case No.            23-13359 (VFP)
Caption of Order:   ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                    SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC*
                    TO THE PETITION DATE

---

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the Debtors are hereby authorized and empowered to employ and retain Cole Schotz as their bankruptcy co-counsel in these Chapter 11 Cases effective as of the Petition Date.

3.      Any and all compensation to be paid to Cole Schotz for services rendered on the Debtors' behalf, including compensation for services rendered in connection with the preparation of the petition and accompanying papers, shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.  Cole Schotz also shall make a reasonable effort to comply with the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Cole Schotz in the Chapter 11 Cases.

4.      In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Cole Schotz shall coordinate with Kirkland & Ellis LLP, Kirkland & Ellis International LLP and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases.  As such, Cole Schotz shall use its best efforts to

(Page 4)
Debtors:                    BED BATH AND BEYOND INC., *et al.*
Case No.                    23-13359 (VFP)
Caption of Order:           ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                            SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC*
                            TO THE PETITION DATE

---

avoid duplication of services provided by any of the Debtors' other retained professionals in these

Chapter 11 Cases.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the

Application, Cole Schotz shall provide ten (10) days' prior notice of any such increases to the

Debtors, the United States Trustee, and any official committee appointed in the Debtors' Chapter 11

Cases and shall file such notice with the Court.  All parties in interest retain rights to object to any

rate increase on all grounds, including the reasonableness standard set forth in section 330 of the

Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330

of the Bankruptcy Code.

6.      Cole Schotz (i) shall only bill 50% for non-working travel; (ii) shall not seek the

reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any

objections to any of Cole Schotz's fee applications in this case; (iii) shall use the billing and expense

categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested

by Project Category"); and (iv) provide any and all monthly fee statements, interim fee applications,

and final fee applications in "LEDES" format to the United States Trustee.

7.      Notwithstanding anything in the Application or the Sirota Declaration to the contrary,

Cole Schotz shall seek reimbursement from the Debtors' estates for its engagement-related expenses

at the firm's actual cost paid.

(Page 5)

| | |
|---|---|
| Debtors: | BED BATH AND BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

8.      Notwithstanding anything in the Application and the Sirota Declaration to the contrary, Cole Schotz shall (i) to the extent that Cole Schotz uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Cole Schotz pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Cole Schotz; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases. No agreement or understanding exists between Cole Schotz and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Cole Schotz share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

9.      Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision that "Our bills are due and payable upon receipt" shall be null and void during the pendency of these bankruptcy cases.

10.      Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, during the pendency of the Chapter 11 Cases, Cole Schotz's retainer shall be treated like a security retainer and shall not be drawn down absent Court order.

(Page 6)

| | |
|---|---|
| Debtors: | BED BATH AND BEYOND INC., *et al*. |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

11.     As set forth in Cole Schotz's Standard Terms of Engagement for Legal Services, Cole Schotz's fees and expenses will be considered "earned" at the time they are incurred, notwithstanding the fact that any such amounts shall only be payable as set forth in any order granting that certain *Debtors' Motion For Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 105] and shall only be allowed upon entry of a Court order allowing them.

12.     Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision concerning fee disputes is null and void during the pendency of these Chapter 11 Cases.

13.     To the extent the Application, the Sirota Declaration, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

14.     The Debtors are authorized to take all action necessary to carry out this Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE[1] |
|---|---|---|---|---|---|---|
| Sirota, Michael | Member | Bankruptcy | 1986 | $900.00 | 1.50 | $600.00 (travel) |
| Sirota, Michael | Member | Bankruptcy | 1986 | $73,440.00 | 61.20 | $1,200.00 |
| Sirota, Michael | Member | Bankruptcy | 1986 | $17,995.00 | 12.20 | $1,475.00 |
| Usatine, Warren A. | Member | Bankruptcy | 1995 | $4,892.50 | 10.30 | $475.00 (travel) |
| Usatine, Warren A. | Member | Bankruptcy | 1995 | $278,445.00 | 293.10 | $950.00 |
| Usatine, Warren A. | Member | Bankruptcy | 1995 | $36,570.00 | 31.80 | $1,150.00 |
| Yudkin, Felice R. | Member | Bankruptcy | 2005 | $1,022.25 | 2.90 | $352.50 (travel) |
| Yudkin, Felice R. | Member | Bankruptcy | 2005 | $595.00 | 1.40 | $425.00 (travel) |
| Yudkin, Felice R. | Member | Bankruptcy | 2005 | $127,605.00 | 181.00 | $705.00 |
| Yudkin, Felice R. | Member | Bankruptcy | 2005 | $31,705.00 | 37.30 | $850.00 |
| Bass, David M. | Member | Bankruptcy | 1994 | $5,049.00 | 10.80 | $467.50 (travel) |
| Bass, David M. | Member | Bankruptcy | 1994 | $762,118.50 | 815.10 | $935.00 |
| Bass, David M. | Member | Bankruptcy | 1994 | $118,200.00 | 118.20 | $1,000.00 |
| Van Aalten, Seth | Member | Bankruptcy | 2004 | $4,750.00 | 5.00 | $950.00 |
| Ottaunick, Donald A. | Member | Litigation | 1984 | $249.00 | 0.30 | $830.00 |
| Jareck, Ryan T. | Member | Bankruptcy | 2008 | $85,693.50 | 123.30 | $695.00 |
| Jareck, Ryan T. | Member | Bankruptcy | 2008 | $1,085.00 | 1.40 | $775.00 |
| Manduke, Lauren M. | Member | Litigation | 2009 | $5,040.00 | 8.00 | $630.00 |
| Caslin, Christopher J. | Member | Real Estate | 2000 | $7,490.00 | 10.70 | $700.00 |
| Caslin, Christopher J. | Member | Real Estate | 2000 | $1,650.00 | 2.20 | $750.00 |
| Kochman, Randi W. | Member | Litigation | 1995 | $16,960.00 | 21.20 | $800.00 |

[1] One rate increase has been implemented during the Compensation Period.

UST Form 11-330-B (2013)
65548/0001-46274982v1

| Klein, Wendy F. | Member | Litigation | 1994 | $74,480.00 | 93.10 | $800.00 |
|---|---|---|---|---|---|---|
| Klein, Wendy F. | Member | Litigation | 1994 | $23,564.00 | 27.40 | $860.00 |
| Park, John W. | Member | Real Estate | 1994 | $204,820.00 | 292.60 | $700.00 |
| Park, John W. | Member | Real Estate | 1994 | $18,900.00 | 25.20 | $750.00 |
| Tsukerman, Mark | Member | Bankruptcy | 2010 | $112,000.00 | 179.20 | $625.00 |
| Tsukerman, Mark | Member | Bankruptcy | 2010 | $16,240.00 | 23.20 | $700.00 |
| Hollander, Rebecca W. | Member | Bankruptcy | 2014 | $5,940.00 | 10.80 | $550.00 |
| Carnes, Sarah A. | Member | Bankruptcy | 2014 | $17,404.00 | 22.90 | $760.00 |
| Mastroianni, Marissa A. | Member | Litigation | 2015 | $23,850.00 | 47.70 | $500.00 |
| Mastroianni, Marissa A. | Member | Litigation | 2015 | $1,800.00 | 3.00 | $600.00 |
| Fisch, Jordan A. | Member | Corporate | 1995 | $4,320.00 | 4.80 | $900.00 |
| Fisch, Jordan A. | Member | Corporate | 1995 | $4,439.00 | 4.60 | $965.00 |
| Clare, Jamie P. | Member | Litigation | 1988 | $11,232.00 | 15.60 | $720.00 |
| Percontino, Matteo | Associate | Bankruptcy | 2010 | $3,420.00 | 6.00 | $570.00 |
| Percontino, Matteo | Associate | Bankruptcy | 2010 | $28,638.00 | 44.40 | $645.00 |
| Milliaressis, Andreas D. | Associate | Bankruptcy | 2016 | $132,715.00 | 279.40 | $475.00 |
| Milliaressis, Andreas D. | Associate | Bankruptcy | 2016 | $26,220.00 | 45.60 | $575.00 |
| Churbuck, Bryant P. | Associate | Bankruptcy | 2018 | $11,868.00 | 25.80 | $460.00 |
| McMullan, Conor D. | Associate | Bankruptcy | 2019 | $28,800.00 | 76.80 | $375.00 |
| Dougherty, Jack M. | Associate | Bankruptcy | 2021 | $34,000.00 | 85.00 | $400.00 |
| Barone, Drew F. | Associate | Real Estate | 2018 | $150.00 | 0.30 | $500.00 |
| Cardoso, Nicholas J. | Associate | Litigation | 2022 | $747.50 | 2.30 | $325.00 |
| Alsharif, Zachary F. | Associate | Real Estate | 2022 | $1,407.00 | 4.20 | $335.00 |
| Love, Matthew M. | Associate | Real Estate | 2022 | $50,116.00 | 149.60 | $335.00 |
| Love, Matthew M. | Associate | Real Estate | 2022 | $1,880.00 | 4.70 | $400.00 |
| Chandhoke, Jasleen | Associate | Corporate | 2019 | $3,698.00 | 8.60 | $430.00 |
| Chandhoke, Jasleen | Associate | Corporate | 2019 | $7,420.50 | 15.30 | $485.00 |
| Alba, Luke S. | Associate | Corporate | 2022 | $1,235.00 | 3.80 | $325.00 |
| Alba, Luke S. | Associate | Corporate | 2022 | $2,810.50 | 7.30 | $385.00 |
| Pisano, Frances | Paralegal | Bankruptcy | n/a | $57,581.00 | 162.20 | $355.00 |
| Pisano, Frances | Paralegal | Bankruptcy | n/a | $7,980.00 | 21.00 | $380.00 |
| Ratkowiak, Pauline Z. | Paralegal | Bankruptcy | n/a | $7,848.00 | 21.80 | $360.00 |

2

| Ratkowiak, Pauline Z. | Paralegal | Bankruptcy | n/a | $3,503.50 | 9.10 | $385.00 |
|---|---|---|---|---|---|---|
| Calkin, Kim | Paralegal | Corporate | n/a | $106.50 | 0.30 | $355.00 |
| Calkin, Kim | Paralegal | Corporate | n/a | $950.00 | 2.50 | $380.00 |
| Sallie, Suhailah S. | Paralegal | Bankruptcy | n/a | $6,532.00 | 18.40 | $355.00 |
| Sallie, Suhailah S. | Paralegal | Bankruptcy | n/a | $532.00 | 1.40 | $380.00 |
| Morton, Larry | Paralegal | Bankruptcy | n/a | $4,366.50 | 12.30 | $355.00 |
| Feuerbach, Patt | Litigation Support | Litigation | n/a | $1,215.00 | 3.00 | $405.00 |

Client Name:            Bed Bath & Beyond Inc., et al.,
Case Number:            23-13359 (VFP)
Applicant's Name:       Cole Schotz P.C.
Date of Application:    November 1, 2023
Interim or Final:       Interim and Final

3

**EXHIBIT C**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| (using categories already maintained by the firm) | Billed by New Jersey Office Excluding Bankruptcy[1] | BILLED<br><br>In this fee application |
| Member | $623.92 | $840.51 |
| Counsel | n/a | n/a |
| Associate | $382.41 | $441.48 |
| Paraprofessionals | $312.96 | $359.03 |
| Other (please define) | $145.98[2] | $405.00 |
| All timekeepers aggregated | $516.69 | $719.69 |

Client Name:          Bed Bath & Beyond Inc., et al.,
Case Number:          23-13359 (VFP)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  November 1, 2023
Interim or Final:     Interim and Final

---

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated is the 2022 calendar year; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

[2] Timekeepers consist of Law Clerk, Litigation Support Specialists, Project Assistants, Summer Associates, and Legal Practice Assistants.

**EXHIBIT D-1**

**BUDGET FOR THE PERIOD**
**APRIL 23, 2023 THROUGH APRIL 30, 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 0.00 | $0.00 |
| Asset/Business Disposition | 5.00 | $4,000.00 |
| Assumption and Rejection of Leases and Contracts | 20.00 | $16,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 6.00 | $4,800.00 |
| Business Operations | 15.00 | $12,000.00 |
| Case Administration | 30.00 | $24,000.00 |
| Claims Administration and Objections | 5.00 | $4,000.00 |
| Corporate Governance and Board Matters | 5.00 | $4,000.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 |
| Fee Application Preparation | 0.00 | $0.00 |
| Fee Employment | 30.00 | $24,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 5.00 | $4,000.00 |
| Litigation | 5.00 | $4,000.00 |
| Meetings of Creditors | 5.00 | $4,000.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 0.00 | $0.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 0.00 | $0.00 |
| Reporting | 5.00 | $4,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **146.00** | **$116,800.00** |

**BUDGET FOR THE PERIOD MAY 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 30.00 | $24,000.00 |
| Assumption and Rejection of Leases and Contracts | 125.00 | $100,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 50.00 | $40,000.00 |
| Case Administration | 100.00 | $80,000.00 |
| Claims Administration and Objections | 20.00 | $16,000.00 |
| Corporate Governance and Board Matters | 5.00 | $4,000.00 |
| Employee Benefits/Pensions | 10.00 | $8,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 50.00 | $40,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 10.00 | $8,000.00 |
| Litigation | 120.00 | $96,000.00 |
| Meetings of Creditors | 10.00 | $8,000.00 |
| Disclosure Statement | 20.00 | $16,000.00 |
| Plan of Reorganization | 20.00 | $16,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 10.00 | $8,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **625.00** | **$500,000.00** |

2

**BUDGET FOR THE PERIOD JUNE 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 10.00 | $8,000.00 |
| Assumption and Rejection of Leases and Contracts | 125.00 | $100,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 25.00 | $20,000.00 |
| Case Administration | 80.00 | $64,000.00 |
| Claims Administration and Objections | 20.00 | $16,000.00 |
| Corporate Governance and Board Matters | 5.00 | $4,000.00 |
| Employee Benefits/Pensions | 5.00 | $4,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 10.00 | $8,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 10.00 | $8,000.00 |
| Litigation | 120.00 | $96,000.00 |
| Meetings of Creditors | 5.00 | $4,000.00 |
| Disclosure Statement | 15.00 | $12,000.00 |
| Plan of Reorganization | 15.00 | $12,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 10.00 | $8,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **500.00** | **$400,000.00** |

3

**BUDGET FOR THE PERIOD JULY 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 10.00 | $8,000.00 |
| Assumption and Rejection of Leases and Contracts | 125.00 | $100,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 25.00 | $20,000.00 |
| Case Administration | 80.00 | $64,000.00 |
| Claims Administration and Objections | 20.00 | $16,000.00 |
| Corporate Governance and Board Matters | 5.00 | $4,000.00 |
| Employee Benefits/Pensions | 5.00 | $4,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 10.00 | $8,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 10.00 | $8,000.00 |
| Litigation | 120.00 | $96,000.00 |
| Meetings of Creditors | 5.00 | $4,000.00 |
| Disclosure Statement | 15.00 | $12,000.00 |
| Plan of Reorganization | 15.00 | $12,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 10.00 | $8,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **500.00** | **$400,000.00** |

65548/0001-46276330v1

**BUDGET FOR THE PERIOD AUGUST 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 10.00 | $8,000.00 |
| Assumption and Rejection of Leases and Contracts | 125.00 | $100,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 25.00 | $20,000.00 |
| Case Administration | 80.00 | $64,000.00 |
| Claims Administration and Objections | 20.00 | $16,000.00 |
| Corporate Governance and Board Matters | 5.00 | $4,000.00 |
| Employee Benefits/Pensions | 5.00 | $4,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 10.00 | $8,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 10.00 | $8,000.00 |
| Litigation | 120.00 | $96,000.00 |
| Meetings of Creditors | 5.00 | $4,000.00 |
| Disclosure Statement | 15.00 | $12,000.00 |
| Plan of Reorganization | 15.00 | $12,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 10.00 | $8,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **500.00** | **$400,000.00** |

65548/0001-46276330v1

**BUDGET FOR THE PERIOD SEPTEMBER 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 10.00 | $8,000.00 |
| Assumption and Rejection of Leases and Contracts | 125.00 | $100,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 25.00 | $20,000.00 |
| Case Administration | 80.00 | $64,000.00 |
| Claims Administration and Objections | 20.00 | $16,000.00 |
| Corporate Governance and Board Matters | 5.00 | $4,000.00 |
| Employee Benefits/Pensions | 5.00 | $4,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 10.00 | $8,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 10.00 | $8,000.00 |
| Litigation | 120.00 | $96,000.00 |
| Meetings of Creditors | 5.00 | $4,000.00 |
| Disclosure Statement | 15.00 | $12,000.00 |
| Plan of Reorganization | 15.00 | $12,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 10.00 | $8,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **500.00** | **$400,000.00** |

Client Name:                          Bed Bath & Beyond Inc., et al.,
Case Number:                          23-13359 (VFP)
Applicant's Name:                     Cole Schotz P.C.
Date of Application:                  November 1, 2023
Interim or Final:                     Interim and Final

65548/0001-46276330v1

**EXHIBIT D-2**
**STAFFING PLAN FOR THE PERIOD APRIL 23, 2023 THROUGH SEPTEMBER 30, 2023**

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Member | 4 | $851.25 |
| | Counsel | - | - |
| | Sr. Associate (7 or more years since first admission) | 1 | $475.00 |
| | Associate (4-6 years since first admission) | - | - |
| | Jr. Associate (1-3 years since first admission) | - | - |
| | Paralegal | 1 | $355.00 |
| | Other (please define) | 0 | - |

This staffing plan (the "Staffing Plan") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.  The Staffing Plan is Cole Schotz's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

**EXHIBIT E-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis | 0.00 | $0.00 | 0.30 | $282.00 |
| Asset/Business Disposition | 75.00 | $60,000.00 | 413.70 | $311,916.50 |
| Assumption and Rejection of Leases and Contracts | 645.00 | $516,000.00 | 1,266.60 | $1,039,895.00 |
| Preference Actions/Response | 0.00 | $0.00 | 0.00 | $0.00 |
| Budgeting (Case) | 31.00 | $24,800.00 | 2.70 | $1,603.50 |
| Business Operations | 165.00 | $132,000.00 | 86.60 | $59,579.50 |
| Case Administration | 450.00 | $360,000.00 | 255.50 | $158,425.50 |
| Claims Administration and Objections | 105.00 | $84,000.00 | 207.30 | $112,615.00 |
| Corporate Governance and Board Matters | 30.00 | $24,000.00 | 0.30 | $360.00 |
| Data Analysis | 0.00 | $0.00 | 3.00 | $1,215.00 |
| Employee Benefits/Pensions | 30.00 | $24,000.00 | 98.80 | $62,297.50 |
| Fee Application Preparation | 125.00 | $100,000.00 | 85.90 | $44,700.50 |
| Fee Employment | 120.00 | $96,000.00 | 72.50 | $41,388.50 |
| Fee Objections | 0.00 | $0.00 | 0.00 | $0.00 |
| Financing | 55.00 | $44,000.00 | 51.90 | $45,003.00 |
| Litigation | 605.00 | $484,000.00 | 685.50 | $449,336.00 |
| Meetings of Creditors | 35.00 | $28,000.00 | 9.70 | $7,643.50 |
| Disclosure Statement | 80.00 | $64,000.00 | 18.30 | $13,173.50 |
| Plan of Reorganization | 80.00 | $64,000.00 | 64.80 | $58,991.00 |
| Real Estate | 0.00 | $0.00 | 38.80 | $31,402.50 |
| Relief from Stay | 25.00 | $20,000.00 | 25.70 | $21,333.00 |
| Reporting | 55.00 | $44,000.00 | 80.90 | $42,596.50 |
| Tax Issues | 0.00 | $0.00 | 14.40 | $9,967.50 |
| Valuation | 0.00 | $0.00 | 0.00 | $0.00 |
| Non-Working Travel | 60.00 | $48,000.00 | 26.90 | $12,458.75 |
| **Total:** | **2771.00** | **$2,216,800.00** | **3,510.10** | **$2,526,183.75** |

Client Name:              Bed Bath & Beyond Inc., et al.,
Case Number:              23-13359 (VFP)
Applicant's Name:         Cole Schotz P.C.
Date of Application:      November 1, 2023
Interim or Final:         Interim and Final

2

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Computer Assisted Legal Research | $2,221.30 |
| Facsimile | $0.00 |
| Long Distance Telephone/Conference Calls | $0.28 |
| In-House Reproduction | $9,337.40 |
| Outside Reproduction | $0.00 |
| Outside Research | $407.25 |
| Filing Fees | $1,644.50 |
| Court Fees | $144.00 |
| Court Reporting | $6,514.10 |
| Travel | $1,302.91 |
| Delivery Services / Federal Express | $2,898.81 |
| Postage | $0.00 |
| Other (Explain) – Data Hosting | $65.00 |
| **DISBURSEMENTS TOTAL** | **$24,535.55** |

| | |
|---|---|
| Client Name: | Bed Bath & Beyond Inc., et al., |
| Case Number: | 23-13359 (VFP) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | November 1, 2023 |
| Interim or Final: | Interim and Final |