**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**REAL ESTATE ADVISOR FEE APPLICATION COVER SHEET**
**FOR THE PERIOD APRIL 23, 2023 THROUGH SEPTEMBER 14, 2023**

In re: BED BATH & BEYOND INC., *et al.*          Applicant: Jones Lang Lasalle Americas, Inc.

Case No. 23-13359 (VFP)          Client:  Debtors and Debtors in Possession

Chapter 11          Case Filed: On April 23, 2023

**COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION**
**UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.**

**RETENTION ORDER ATTACHED.**

/s/ *David Knee*                               11/1/2023
David Knee                               Date

| SECTION I |
| :---: |
| FEE SUMMARY |

Final Fee Application Covering the Period
April 23, 2023, through September 14, 2023

FEE TOTALS                               $449,719.00
DISBURSEMENT TOTALS                               N/A
TOTAL FEE APPLICATION                               $449,719.00

Summary of Amounts Requested for Previous Periods

|  | FEES | EXPENSES |
| --- | --- | --- |
| TOTAL PREVIOUS FEES REQUESTED | $N/A | $N/A |
| TOTAL FEES ALLOWED TO DATE: | $N/A | $N/A |
| TOTAL RETAINER REMAINING: | $0.00 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $N/A | N/A |
| TOTAL RECEIVED BY APPLICANT: | $449,719.00 | N/A |

**SECTION II**
**CASE HISTORY**

(1)     Date cases filed:  April 23, 2023

(2)     Chapter under which case commenced:  Chapter 11

(3)     Date of retention: On June 1, 2023, effective as of April 23, 2023. *See* **Exhibit C**.

        If limit on number of hours or other limitations to retention, set forth: N/A

(4)     Summarize in brief the benefits to the estate and attach supplements as needed: *See* narrative portion of fee application.

(5)     Anticipated distribution to creditors:

        (a)     Administration expense:  Paid in full in accordance with the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (the "Plan"). *See* Exhibit A to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtors Affiliates* [Docket No. 2172].

        (b)     Secured creditors:  To be paid in accordance with the Plan.

        (c)     Priority creditors:  To be paid in accordance with the Plan.

        (d)     General unsecured creditors:  To be paid in accordance with the Plan.

(6)     Final disposition of case and percentage of dividend paid to creditors (if applicable):  On September 14, 2023, the Court entered an order confirming the Plan [Docket No. 2172]. Distributions to creditors will be made in accordance with the Plan.

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
"sirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, | Case No. 23-13359 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**FINAL FEE APPLICATION**
**OF JONES LANG LASALLE**
**AMERICAS, INC. FOR COMPENSATION**
**FOR SERVICES RENDERED AND EXPENSES INCURRED**
**AS REAL ESTATE CONSULTANT AND ADVISOR TO THE DEBTORS**
**FOR THE PERIOD FROM APRIL 23, 2023 THROUGH SEPTEMBER 14, 2023**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

TO:    THE HONORABLE VINCENT F. PAPALIA
          UNITED STATES BANKRUPTCY JUDGE

Jones Lang Lasalle Americas, Inc. ("JLL"), as real estate consultant and advisor to the above captioned debtors and debtors in possession (collectively, the "Debtors"), submits this application (the "Application") pursuant to sections 330 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and D.N.J. LBR 2016-1, as its final fee application for compensation for services rendered and reimbursement of expenses for the period April 23, 2023 September 14, 2023 (the "Compensation Period"). By this Application, JLL seeks allowance of compensation in the amount of $449,719.00 for services rendered by JLL to the Debtors during the Compensation Period (including approval of payment thereof heretofore made) and no reimbursement of out-of-pocket expenses. In support of the Application, JLL respectfully represents as follows:

## **JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **BACKGROUND**

2.      On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On April 24, 2023, the Court entered an order authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 75].

3.      On May 5, 2023, the United States Trustee for the District of New Jersey appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 218].

4.      As of the Petition Date, the Debtors were the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more.  In addition to their e-commerce website, the Debtors offered merchandise for sale through their Bed Bath & Beyond stores and buybuy BABY stores with locations across North America.  Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Holly Etlin, Chief Restructuring Officer and Chief Financial Officer of Bed Bath & Beyond Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] and the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713].

5.      On September 14, 2023, the Court entered an order confirming the Plan.

### RETENTION OF JONES LANG LASALLE AMERICAS, INC

6.      In consideration of various issues and needs that undoubtedly would arise in the Chapter 11 Case with respect to the Debtors' non-retail leasehold interests (the "Leases") and owned real property, the Debtors determined to retain the services of experienced real estate consultants.  The Debtors chose JLL because of JLL's extensive commercial real estate experience and knowledge and specific expertise in the industrial real estate industry.  JLL is a well-known and diversified real estate consulting and advisory firm whose professionals have extensive experience negotiating, restructuring, and disposing of real property and lease agreements, inside and outside of bankruptcy.

7.      Accordingly, on May 15, 2023, the Debtors filed the *Application for Entry of an Order (I) Authorizing the Employment and Retention of Jones Lang Lasalle Americas, Inc. as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief* [Docket No. 347] (the "Retention Application").

8.      In the Retention Application, the Debtors requested that this Court (i) approve the real estate services agreement between them, A&G Realty Partners, LLC and JLL dated as of May 11, 2023 (the "Services Agreement") and (ii) authorize their retention and employment of JLL to, among other things:  (a) ascertain the Debtor's goals, objectives and financial parameters with respect to the sale of the Leases and the Property, assist the Debtors with real estate strategies; (b) prepare and implement a marketing plan to sell the Leases and Property, (c) conduct a sale process for the Leases and the Property,  (d) represent the Debtors in, and negotiate, the sale of the Leases and the Property, (e) assist the Debtors and its counsel in the documentation of sale transactions involving the Leases and the Property; and (f) report periodically to the Debtor regarding the status of the Property.[2]

9.      Pursuant to the Services Agreement, and subject to Bankruptcy Court approval, the Debtors agreed to compensate JLL, *inter alia*, as follows:[3]

a.      *Lease or Property Sales*.  JLL shall earn and be paid a fee in the amount of one and one-half percent (1.5%) of the Gross Proceeds of a Lease Sale or the Property Sale.

---

[2]    All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Retention Application and the Services Agreement (as defined herein), as the case may be.

[3]    The parties agreed that in the event any Leases were assigned to a buyer as part of a broader transaction, JLL would not earn a fee on any consideration paid to the Company by or on behalf of such buyer.  JLL would earn a fee, however, for any individual Lease(s) included in such broader transaction for any such individual Lease with respect to which a Fee Event has occurred prior to the closing of such broader transaction.

10.     On June 5, 2023, the Court entered an *Order Authorizing the Employment and Retention of Jones Lang Lasalle Americas, Inc as Real Estate Advisor and Consultant to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief* [Docket No. 615] (the "Retention Order").  A true copy of the Retention Order is attached as **Exhibit C**.

11.     Pursuant to the Retention Order, the Debtors were authorized by this Court to retain and employ JLL as their real estate advisor and consultant effective as of the Petition Date, on the terms and conditions set forth in the Retention Application and Services Agreement and in accordance with the Fee Structure, except as provided otherwise by the Retention Order.

12.     The Retention Order stated that JLL shall not be required to file interim fee applications for its percentage fee based Services; *provided, however,* that JLL shall be required to file a final fee application upon completion of its Services which shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code, subject to the UST's rights to review pursuant to section 330 of the Bankruptcy Code.

13.     In compliance with the Retention Order, JLL hereby submits this Application.

**RELIEF REQUESTED**

14.     Pursuant to this Application, JLL seeks final allowance of fees in the amount of $449,719.00 for Services rendered on behalf of the Debtors during the Compensation Period, inclusive of the Pipeline Deal.  All services for which compensation is requested by JLL pursuant to this Application were performed for or on behalf of the Debtors in these Chapter 11 Cases.

15.     During the Compensation Period, JLL performed significant services on behalf of the Debtors including, but not limited to, extensive marketing of the Leases and owned real property, conducting sales of the Leases and property, negotiating with Landlords and other

parties, and facilitating closings of all transactions. The Services were performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these Chapter 11 Cases and typically faced by large corporate retail debtors in similar cases of this magnitude and complexity.

16.     As reflected in the attached **Exhibit A**, the Services JLL rendered in these cases resulted in Gross Proceeds to the Debtors' estates from Lease Sales in excess of $29,360,000. The fee for these Services to JLL totals $449,719.00. Back up for the calculation of said fee is included in the attached **Exhibit B**.

17.     The fees charged by JLL were billed in accordance with the Services Agreement and Retention Order and are reasonable in light of, among other things, (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context and (c) JLL's substantial experience with respect to real estate consulting and advisory services. The Fee Structure appropriately reflects the nature and scope of Services performed by JLL in these Chapter 11 Cases, the time constraints of these cases and the fee structures typically utilized by JLL. JLL also respectfully submits that such fees are reasonable based upon the customary compensation charged by similarly skilled professionals in comparable bankruptcy cases in the competitive real estate market.

WHEREFORE, JLL respectfully requests that the Court enter an order granting JLL a final fee allowance as real estate consultant and advisor for the Debtors in the amount of $449,719.00 (including approval of the payment thereof already made) and such other relief as the Court deems just and appropriate under the circumstances.

Dated: October __, 2023                    */s/ David Knee*
                                          David Knee

Vice Chairman
Jones Lang Lasalle Americas, Inc

# EXHIBIT A

## Invoices

 JLL

## Invoice

| | | | |
|---|---|---|---|
| **To:** | Bed Bath and Beyond | **Invoice Date:** | August 1, 2023 |
| | | **Invoice Number:** | LM670393 |
| **Attention:** | Accounts Payable | | |

| Commission for: | Retail Services | |
|---|---|---|
| **DESCRIPTION** | | **AMOUNT** |
| | Proceeds | |
| #650 Secaucus | $10,500,000 | $157,500 |
| Secaucus equipment allocation | ($250,000) | ($3,750) |
| #677 Lewisville | $500,000 | $7,500 |
| #8671 N. Las Vegas El Campo | $131,235 | $1,969 |
| #8650 Totowa | $3,000,000 | $45,000 |
| #653 & #655 Port Reading & N. Las Vegas Ann Rd | $3,500,000 | $52,500 |
| Las Vegas equipment allocation | ($1,500,000) | ($22,500) |
| #1692 Jurupa Valley | $14,100,000 | $211,500 |
| **TOTAL:** | | $449,719 |

**Due in Full:** $449,719.00

---

**Please Return This Coupon With Your Remittance To**

Jones Lang LaSalle Brokerage Inc.
101 Wood Avenue South, Suite 410
Iselin, NJ 08830
Attn: Pamela Flegler

**Invoice ID:** LM670393

**Tax ID #** 26-0348058

**Amount Paid**

Please call Pamela Flegler with questions 732-590-4161
or email to: pamela.flegler@am.jll.com

| **Wiring Transfer Instructions** | | | |
|---|---|---|---|
| **Bank Name:** | Harris Trust and Savings Bank 111 West Monroe Chicago, IL 60690 | **Bank ABA Number:** | 071-000-288 |
| | | **Credit Account Number:** | 320-510-1 |
| **Account Name:** | Jones Lang LaSalle Brokerage, Inc. Tax ID # 26-0348058 | | |
| **Reference:** | Please reference invoice number, property location and project name. | | |

**EXHIBIT B**

**Back-Up For Invoices in Exhibit A**

| Store Number | Address | City | ST | Sale Price | Transferee | Deductions for Fixture Values (allocated to Hilco) | Commissionable Consideration | Total Commission | 50% to JLL |
|---|---|---|---|---|---|---|---|---|---|
| 650 | 3 Enterprise Ave. N Ste 3 | Secaucus | NJ | $10,500,000 | Western Carriers | $250,000 | $10,250,000 | $307,500 | $153,750 |
| 677 | 2900 S. Valley Parkway | Lewisville | TX | $500,000 | Flexport | | $500,000 | $15,000 | $7,500 |
| 8671 | 5402 East El Cam | North Las Vegas | NV | $131,235 | Landlord | | $131,235 | $3,937 | $1,969 |
| 8650 | 11 Taft Road | Totowa | NJ | $3,000,000 | Landlord | | $3,000,000 | $90,000 | $45,000 |
| 90889 | 2436 Penny Road | Claremont | NC | $0 | TBD | | $0 | $0 | $0 |
| 653 | 1001 W. Middlesex Avenue | Port Reading | NJ | $1,500,000 | Landlord | | $1,500,000 | $45,000 | $22,500 |
| 655 | 5835 East Ann Road | North Las Vegas | NV | $2,000,000 | Landlord (w/653) | $1,500,000 | $500,000 | $15,000 | $7,500 |
| 1692 | 6120 Clinker Drive | Jurupa Valley, | CA | $14,100,000 | Landlord | | $14,100,000 | $423,000 | $211,500 |
| 657 | 860 John B. Brooks Road | Pendergrass | GA | $0 | REJECTED | | $0 | $0 | $0 |
| 693 | 71 Mall Road | Frackville | PA | $0 | REJECTED | | $0 | $0 | $0 |
| | | | | | | | | $899,437 | $449,719 |

## **EXHIBIT C**

**Retention Order [Docket No. 615]**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on June 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**DATED: June 1, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.   The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

**ORDER (I) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
JONES LANG LASALLE AMERICAS, INC.
AS REAL ESTATE ADVISOR AND CONSULTANT
TO THE DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING
THE TERMS OF JLL'S EMPLOYMENT, (III) WAIVING CERTAIN
TIMEKEEPING REQUIREMENTS, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered four (4) through nine (9), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

Upon the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Jones Lang LaSalle Americas, Inc. as Real Estate Advisor and Consultant to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief* [Docket No. 347] (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to, under sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, employ and retain Jones Lang LaSalle Americas, Inc. ("JLL"), as real estate advisor and consultant to the Debtors in accordance with that certain real estate services agreement executed in May 2023 by and between Debtor Bed Bath & Beyond Inc., A&G Realty Partners, LLC, and JLL, a copy of which is attached as **Exhibit 1** hereto (the "Real Estate Services Agreement"); (b) approving the terms of JLL's employment and retention, including the fee and expense structure and the indemnification provisions set forth in the Real Estate Services Agreement; (c) waiving certain timekeeping requirements of the Bankruptcy Rules, Local Rules, and the Trustee Guidelines; and (d) granting related relief, all as more fully set forth in the Application; and upon the First Day Declaration and the Knee Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal and informal objections to the Motion have been resolved, **IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** as set forth herein.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain JLL as their real estate advisor and consultant in accordance with the terms and conditions set forth in the Application and the Real Estate Services Agreement, as modified by this Order, effective as of the Petition Date.

3.      The Real Estate Services Agreement, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, the Fee Structure and indemnification provisions are approved pursuant to section 328(a) of the Bankruptcy Code and JLL shall be compensated, reimbursed, and indemnified pursuant to section 328(a) of the

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

Bankruptcy Code in accordance with the terms of, and at the times specified in, the Real Estate Services Agreement, as modified by this Order.

4.    The terms and provisions of the Real Estate Services Agreement are approved, and the Debtors are authorized to compensate JLL in accordance with the Real Estate Services Agreement. JLL shall not be required to file interim fee applications for its fixed fee Services; *provided*, *however*, that JLL shall be required to file a final fee application upon completion of its Services which shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code, subject to the rights of the U.S. Trustee to review pursuant to section 330 of the Bankruptcy Code as set forth in paragraph 6 below.

5.    Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and the United States Trustee Program's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines") JLL shall be granted a limited waiver of the information requirements such that JLL shall not be required to maintain records of detailed time entries in connection with the Services as that term is defined in the Real Estate Services Agreement; *provided* that in the event that JLL provides any Additional Services to the Debtors, JLL shall be required to file interim and final fee applications on an hourly basis only and the time detail provided for such fees may be provided in a summary fashion. Specifically, JLL will submit time records setting forth the hours spent on each activity and a

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

description of the Additional Services provided but will not break out its time into tenth-of-an-hour increments.

6.     Notwithstanding anything to the contrary in this Order, the Application, the Retention Agreement or the Knee Declaration, the U.S. Trustee shall retain the right and be entitled to object to JLL's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. The Debtors and JLL further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of JLL's compensation and reimbursement requests under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee on appeal or otherwise, with respect to the reasonableness of JLL's fees and compensation and reimbursement requests.

7.     In the event that, during the pendency of these Chapter 11 Cases, JLL requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in JLL's fee applications, and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines and approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, JLL shall only be reimbursed for any legal fees incurred in

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

8.      Nothing in this Order shall alter or limit any authorization, requirement or relief contained in, or prevent BBB Canada Ltd. and Bed Bath & Beyond Canada L.P. (collectively, "BBB Canada") from taking any action authorized pursuant to, or required by, the CCAA, the initial order in respect of BBB Canada (the "Initial Order") issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of BBB Canada pursuant to the Companies' Creditors Arrangement Act (Canada) or any Order granted thereunder, and to the extent of any inconsistency between this Order and the terms of the Initial Order or any other order of the CCAA Court or the CCAA , the order of the CCAA Court or the CCAA, as applicable, shall govern with respect to BBB Canada.

9.      JLL shall disclose any and all facts that may have a bearing on whether JLL, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest in these cases.  The obligation to disclose identified in this paragraph shall be a continuing obligation.

10.      With respect to controversies or claims arising out of or in any way related to the Services in the Real Estate Services Agreement notwithstanding any arbitration, dispute resolution, or exclusive jurisdiction provisions contained in the Real Estate Services Agreement, any disputes arising under the Real Estate Services Agreement shall be heard in this Court during the pendency of these Chapter 11 Cases.

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

11.     The Indemnification Provision set forth in the Real Estate Services Agreement is approved, subject during the pendency of these cases to the following:

a.     JLL shall not be entitled to indemnification, contribution, or reimbursement set forth in the Indemnification Provision, unless such indemnification, contribution, or reimbursement is approved by the Court;

b.     notwithstanding any provision of the Application and the Real Estate Services Agreement to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to any Indemnified Person under the Real Estate Services Agreement for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person's gross negligence, willful misconduct, bad faith, fraud or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege the breach of such Indemnified Person's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Person's gross negligence, willful misconduct, bad faith, fraud, or unconsented self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnification, contribution, or reimbursement under the terms of the Real Estate Services Agreement, as modified by this Order;

c.     if, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing the Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter (as modified by this Order) including, without limitation, the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over

(Page | 9)

| Debtors: | BED BATH & BEYOND INC., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLL's Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief |

any request for fees and expenses for indemnification, contribution, and/or reimbursement by any Indemnified Persons, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement; and

d.       any limitation on liability pursuant to the Real Estate Services Agreement or otherwise shall be eliminated.

12.      JLL will work to ensure that the services to be provided by JLL will not duplicate the services of any of the other professionals retained by the Debtors.

13.      None of the fees payable to JLL under the Real Estate Services Agreement shall constitute a "bonus" or fee enhancement under applicable law.

14.      To the extent that there may be any inconsistency between the terms of the Application, the Knee Declaration, the Real Estate Services Agreement, and this Order, the terms of this Order shall govern

15.      Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.      The Debtors and JLL are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit 1</u>

**Real Estate Services Agreement**



# REAL ESTATE SERVICES AGREEMENT
# AMONG A&G REALTY PARTNERS, LLC, JONES LANG LASALLE AMERICAS, INC., AND BED BATH AND BEYOND INC.

This Real Estate Services Agreement including the Schedules attached hereto (collectively the "Agreement") is made as of May 11, 2023 (the "Agreement Date"), by and among **A&G REALTY PARTNERS, LLC**, a New York limited liability company, with its principal place of business at 445 Broadhollow Road, Suite 410, Melville, New York 11797 ("A&G"), **JONES LANG LASALLE AMERICAS, INC.**, a Maryland corporation, with an address of 101 Wood Avenue South, Suite 410, Iselin, New Jersey 08830 ("JLL" and, together with A&G, the "RE Advisors"), and **BED BATH & BEYOND, INC.**, a New York corporation, with its principal place of business at 650 Liberty Avenue, Union, New Jersey 07083 (the "Company" and, together with the RE Advisors, collectively, the "Parties" and, individually, a "Party").

## WITNESSETH:

**WHEREAS**, on April 23, 2023, the Company and 73 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") bearing Case No. 23-13359 (VFP) (administratively consolidated);

**WHEREAS**, the Company (or one or more of the Debtors) (i) owns certain property located at 2436 Penny Road, Claremont, North Carolina (the "Property") and (ii) is the tenant under the leases for warehouse space more particularly identified on the attached Schedule A (collectively, the "Leases" and, individually, a "Lease"); and

**WHEREAS**, under the terms and conditions contained in this Agreement, and subject to Bankruptcy Court approval, the Company, on behalf of itself and the other Debtors, desires to retain the RE Advisors, and the RE Advisors are willing to provide the Services (as defined below) to the Company.

**NOW THEREFORE**, in consideration of the mutual covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    In accordance with the terms and conditions of this Agreement, and subject to Bankruptcy Court approval pursuant to Sections 327 and 328 of the Bankruptcy Code, the RE Advisors will provide the Company with the following services (collectively, the "Services"):

    a.    Ascertain the Company's goals, objectives and financial parameters with respect to the sale of the Leases (each, a "Lease Sale") and the Property (the "Property Sale");

    b.    Prepare and implement a marketing plan to sell the Leases and the Property;

    c.    Conduct a sale process for the Leases and the Property;

    d.   Represent the Company in, and negotiate, the sale of the Leases and the Property;

    e.   Assist the Company and its counsel in the documentation of sale transactions involving the Leases and the Property; and

    f.   Report periodically to the Company regarding the status of the project.

2.    <u>Term of Agreement</u>. Subject to Section 12 herein, this Agreement shall be for a term of six (6) months following the Agreement Date (the "<u>Term</u>") or until the Services are completed. The Term may be extended or renewed by written agreement of the Parties.

3.    <u>Compensation</u>. The RE Advisors shall earn and be paid a fee in the amount of three percent (3%) of the Gross Proceeds of a Lease Sale or the Property Sale (the "<u>Fee</u>"). "Gross Proceeds" shall be defined as the amount of total consideration paid or payable, or otherwise to be received by the Debtors in connection with the sale of the Property or any Leases including all (i) cash, securities or other property, (ii) any debt assumed, satisfied or paid by a purchaser or which remains outstanding at closing (including, without limitation, the amount of any indebtedness "credit bid" at any sale), and (iii) amounts placed in escrow and deferred, contingent payments and installment payments. With respect to a Lease Sale, "Gross Proceeds" also shall include any form of currency waived by a landlord of that Lease. The Fee shall be paid at the closing on each Lease Sale or the Property Sale, as the case may be. The RE Advisors shall file a final fee application under Section 328 of the Bankruptcy Code in connection with the Fee and any Marketing Expenses. The Fee shall be shared equally between the RE Advisors.

4.    <u>Additional Services.</u> The RE Advisors may provide additional services requested by the Debtors that are not otherwise specifically provided for in this Agreement. Any additional services will be mutually agreed upon by the Parties and documented in a separate written agreement.

5.    <u>Recordkeeping</u>. The Services to be provided by the RE Advisors pursuant to this Agreement are, in general, transactional in nature. Accordingly, the RE Advisors will not bill the Company by the hour or maintain time records.

6.    <u>Expenses and Disbursements</u>. The Debtors shall reimburse the RE Advisors for their reasonable, documented out-of-pocket expenses (including, but not limited to, marketing and travel) incurred in connection with its retention and provision of Services (the "<u>Marketing Expenses</u>"), provided, the Marketing Expenses shall be approved in advance by the Company (it is estimated that the Marketing Expenses shall not exceed approximately $20,000). Additionally, any legal fees and expenses incurred by the RE Advisors as a result of responding to any litigation or other type of inquiry, deposition or otherwise relating to the Services or this Agreement shall be reimbursed by the Debtors to the RE Advisors. Any undisputed reimbursable

expenses shall be paid to the RE Advisors within five (5) business days of receipt of an invoice therefor, except as otherwise provided by the Bankruptcy Court.

7.  Exclusive. During the Term of this Agreement, the RE Advisors shall have the sole and exclusive authority to perform the Services. All relevant inquiries regarding the Property or any Leases made to the Debtors, their agents or representatives (including professionals) shall be directed to the RE Advisors, *provided, however*, that nothing herein shall prohibit the Company's employees from communicating with a landlord of such Lease relating to day-to-day operations at the premises of such landlord. In the event the Debtors enter into an agreement for the sale of the Property or any Lease during the term of this Agreement, then regardless of the identity of the purchaser or the person who introduced such purchaser to the Debtors, or the date of closing thereunder, the RE Advisors shall be entitled to the Fee pursuant to the terms of Section 3 of this Agreement payable upon the closing of the transaction.

8.  Information. The Company shall make available to the RE Advisors such documents and other information which in the reasonable judgment of the RE Advisors are necessary or appropriate for the fulfillment of their assignment hereunder and the proper marketing of the Property and the Leases. All documents and information supplied to the RE Advisors by the Company shall, to the best of the Company's knowledge, be complete and accurate and the Company shall correct any information which it learns is incomplete or inaccurate. The Company understands that the information provided to the RE Advisors may be used in the preparation of marketing materials that will be distributed to prospective purchasers. The Company will be asked to approve all marketing materials in advance of their use. The Company acknowledges and agrees that, as between the RE Advisors and the Company, the Company is responsible for the accuracy and completeness of all information regarding the Property and the Leases that is provided by or at the direction of the Company to third parties. Additionally, the Company agrees to provide to the RE Advisors a copy of the final form of the closing or settlement statement(s) prepared in connection with the closing and settlement of the sale transaction(s).

9.  Analysis. To the extent that the RE Advisors prepare any analysis, valuation, appraisal or other report regarding the economic value of the Property or the Leases ("Analysis"), the Company acknowledges and agrees that any such Analysis will be an estimate only and will not constitute a representation, warranty, covenant or guaranty, either expressed or implied, regarding future events or performance. The Company further acknowledges and agrees that the Analysis will be used for its internal purposes only, and will not be disseminated to any third party without the written consent of the RE Advisors.

10. Use of Company Name. The RE Advisors may use the Company's name and logo to identify the Company as one of the RE Advisors' clients.

4

11.  <u>No Authority to Execute Agreements.</u>  The RE Advisors shall have no right or power to enter into any agreement in the name of or on behalf of the Company or to otherwise obligate the Company in any manner without the Company's prior written consent or approval.

12.  <u>Assignment</u>.  Neither Party may delegate or assign its rights and obligations under this Agreement in whole or in part to an unaffiliated third party without the prior written consent of the other Party.

13.  <u>Notices.</u>  Unless otherwise expressly provided herein or waived in writing by the Party to whom notice is given, any notice or other communication required or permitted hereunder will be effective if given in writing (i) when delivered by hand; (ii) three days after sent by certified mail, return receipt requested; (iii) when delivered by electronic email communication to the email address set forth below and verified by confirmed receipt; or (iv) one day after delivery to a commercial overnight courier, and addressed to the Parties as follows:

To the Company:  Bed Bath & Beyond, Inc.
650 Liberty Avenue
Union, New Jersey 07083
Attention: Wade Haddad, SVP Real Estate
Email: Wade.Haddad@BedBath.com

With a copy to:

Bed Bath & Beyond, Inc.
650 Liberty Avenue
Union, New Jersey 07083
Attention: Chief Restructuring Officer
Email: hetlin@alixpartners.com

To A&G:  A&G Realty Partners, LLC
445 Broadhollow Road, Suite 410
Melville, New York 11747
Attn:  Emilio Amendola
Tel: (631) 465-9507
Email: emilio@agrep.com

To JLL:  JLL-Northeast Industrial Region
101 Wood Avenue South, Suite 410
Iselin, New Jersey 08830
Attn:  Seth Geldzahler, Senior Managing Director
Tel: (732) 491-2170
Email: Seth.Geldzahler@jll.com

14. <u>Representations, Warranties and Covenants</u>. Each Party, severally not jointly, represents that it has all requisite power and authority to enter into this Agreement. This Agreement has been validly authorized by all necessary corporate action and constitutes a legal, valid and binding agreement of the Company and the RE Advisors. Each Party, severally not jointly, represents that this Agreement does not and will not violate any applicable law or conflict with any agreement, instrument, judgment, order or decree to which it is a party or by which it is bound. Furthermore, each Party, severally not jointly, represents and agrees that it will comply with all applicable laws, rules, regulations, orders or decrees during the term of this Agreement in performing its obligations hereunder. Each Party, severally not jointly, agrees to deal with the other fairly and in good faith so as to allow each Party to perform their duties and earn the benefit of this Agreement. The RE Advisors agree to utilize commercially reasonable efforts and diligence to achieve the purpose of this Agreement.

15. <u>Survival of Fee</u>. In the event the RE Advisors have had, and have documented, substantive discussions regarding a sale of the Property or any Lease with a third party prior to the termination or expiration of the term of this Agreement and a sale of the Property or any Lease by the Company to said third party is consummated within ninety (90) days after the termination or expiration of this Agreement, the RE Advisors shall be entitled to the Fee pursuant to the terms of Section 3 of this Agreement.

16. <u>Indemnification</u>. The Company agrees to indemnify the RE Advisors and their respective affiliates, officers, directors, employees, agents and independent contractors, and hold each of them harmless from and against all third party claims, demands, penalties, losses, liability or damage, including, without limitation, reasonable attorneys' fees and expenses, asserted against, resulting from (directly or indirectly), or related to the Services or actions or omissions of the RE Advisors or the Company taken pursuant to this Agreement, (including, but not limited to, any covenants, representations or warranties contained herein) or in any written agreement entered into in connection herewith except to the extent that such claims or liabilities arise as a direct result of the RE Advisors' fraud, gross negligence, or willful misconduct.

17. <u>Limitation on Liability</u>. Neither Party shall be responsible for any indirect, incidental, consequential, exemplary, punitive or other special damages (including, but not limited to, loss of profits and damage to reputation or business) arising under or by reason of this Agreement, the Services or any act or omission hereunder except to the extent of actual fraud, gross negligence, or willful misconduct. Neither Party shall be liable if it is unable to perform its responsibilities hereunder as a result of events beyond its control. Furthermore, except in the event the RE Advisors' errors and omissions policy is available to cover any claims against the RE Advisors hereunder, in no event shall the RE Advisors' liability for a default or breach of this Agreement exceed the amount of fees paid to the RE Advisors hereunder.

6

18. <u>Binding Effect. No Third-Party Beneficiaries</u>. This Agreement binds and inures to the benefit of the Parties hereto and their respective successors and permitted assigns and except as expressly provided herein, is not intended to confer any rights or remedies upon any person not a party to this Agreement.

19. <u>Waivers and Amendments</u>. Waiver by either Party of any default by the other Party shall not be deemed a waiver of any other default. This Agreement (including the Schedule (s) attached hereto) may not be waived, amended, or modified by either Party unless in writing and signed by all Parties hereto.

20. <u>Severability</u>. If any provision, or any portion of any provision, contained in this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, then it is the intent of the Parties to modify or limit such provision or portion thereof so as to be valid and enforceable to the extent permitted under applicable law. In the event that such provision or portion thereof cannot be modified, then such provision or portion thereof shall be deemed omitted and this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

21. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All prior agreements, representations, statements, negotiations, understandings, and undertakings are superseded by this Agreement.

22. <u>Counterpart Execution/Facsimile and Electronic Signatures</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original and all of which together shall constitute one document. Facsimile and electronic signatures on this Agreement and any document contemplated hereby shall be deemed to be original signatures.

23. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New Jersey without reference to its conflict of laws rules. Any dispute arising under or resulting from this Agreement shall be resolved exclusively by the Bankruptcy Court.

24. <u>Waiver of Jury Trial</u>. Each of the Parties unconditionally waives, to the extent legally permissible, the right to a jury trial in connection with any claim arising out of or related to this Agreement.

25. <u>Headings/Tenses</u>. The section headings and use of defined terms in the singular or plural tenses in this Agreement are solely for the convenience of the Parties. To the extent that there may be any inconsistency between the headings and/or the tenses and the intended meaning, the intent of the Parties or the provision, the terms of such provision shall govern.

26. <u>No Presumptions</u>. This Agreement shall be deemed drafted by all Parties and there shall be no presumption for or against any Party in the interpretation of this Agreement.

[SIGNATURES ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their respective duly authorized representatives effective as of the Agreement Date.

BED BATH & BEYOND, INC.

By: _Holly Etlin_____
      Name: Holly Etlin
      Title:  Chief Restructuring Officer and Chief
             Financial Officer

A&G REALTY PARTNERS, LLC

By: _____
      Name: Emilio Amendola
      Title:  Co-President

JONES LANG LASALLE AMERICAS, INC.

By: _David B Knee_____
      Name:  David Knee
      Title:  Vice Chairman

| Contract Description | Store # | Banner | Address | City / ST | State |
|---|---|---|---|---|---|
| Store Lease | 653 | BBB | 1001 W. Middlesex Avenue | Port Reading/Carteret, NJ | NJ |
| Store Lease | 677 | BBB | 2900 S. Valley Parkway | Lewisville, TX | TX |
| Store Lease | 655 | BBB | 5835 East Ann Road | North Las Vegas, NV | NV |
| Store Lease | 657 | BBB | 860 John B. Brooks Road | Pendergrass, GA | GA |
| Store Lease | 693 | BBB | 71 Mall Road | Frackville, PA | PA |
| Store Lease | 650 | BBB | 3 Enterprise Ave. N | Secaucus, NJ | NJ |
| Store Lease | 8671 | BBB | 5402 East El Campo | North Las Vegas, NV | NV |
| Store Lease | 8650 | BBB | 11 Taft Road | Totowa, NJ | NJ |
| Store Lease | 1692 | BBB | 6120 Clinker Drive, Bldg 1 | Jurupa Valley, CA | CA |

Form order – ntcorder

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

---

Case No.: 23–13359–VFP
Chapter: 11
Judge: Vincent F. Papalia

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Bed Bath & Beyond Inc.
650 Liberty Avenue
Union, NJ 07083

Social Security No.:

Employer's Tax I.D. No.:
11–2250488

---

## NOTICE OF JUDGMENT OR ORDER
### Pursuant to Fed. R. Bankr. P. 9022

Please be advised that on June 5, 2023, the court entered the following judgment or order on the court's docket in the above–captioned case:

Document Number: 615 – 347
Order Granting Application to Employ Order (I) Authorizing the Employment and Retention of JLL Realty Partners, LLC as Real Estate Consultant and Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Approving the Terms of JLLs Employment, (III) Waiving Certain Timekeeping Requirements, and (IV) Granting Related Relief as (Related Doc # 347). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 6/1/2023. (jf)

Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: June 5, 2023
JAN: jf

Jeanne Naughton
Clerk