DAVID EDELBERG, ESQ. (022381983)
**SCARINCI HOLLENBECK, LLC**
ATTORNEYS AT LAW
150 Clove Rd., 9th Floor.
Little Falls, New Jersey 07424
Telephone: (201) 896-7701
Fax: (201) 896-7084
Email: dedelberg@sh-law.com
*Attorneys for Placer County*
Our File: 15659.1000

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11<br>Case No. 23-13359 (VFP) |
| BED BATH & BEYOND INC, *et al.,* | (Jointly Administered) |
| Debtors. | Hearing Date: November 16th, 2023 @ 10:00 am |

TO: THE HONORABLE VINCENT F. PAPALIA U.S.B.J.:

**INTRODUCTION**

Placer County California ("Placer County"), through its counsel, Scarinci Hollenbeck LLC, respectfully responds to the application ("the Motion") of the Debtors Bed Bath & Beyond Inc. et al. ("Debtors") seeking: (i) to determine the Debtors' tax liability for personal property and fixtures (collectively, the "Personalty") for the calendar year 2023, and (ii) a stay of proceedings as to certain California taxing authorities, including Placer County, as follows:

1.  Placer County objects to the Motion on the basis that: (i) Debtors have failed to meet their burden of proving that Placer County's assessments of the Personalty were

1

somehow incorrect; (ii) Debtors have failed to meet their burden of demonstrating that Debtors' distressed, going out of business sales reflect the fair market value of the Personalty sold; (iii) Debtors have failed to present comparable sales, involving similar equipment, of a similar age and condition, to support their proposed massive reductions in the assessed values of the Personalty located in Placer County; (iv) this Court should exercise its discretion and abstain from hearing the Motion; and (v) Debtors' have failed to attempt to support their request for a stay of all tax proceedings, having overlooked the requisite issues, including irreparable harm and likelihood of success on the merits. Accordingly, Placer County respectfully requests that this Court deny the Motion.

2. Debtors are seeking to reduce Placer County's tax assessments for Personalty located at two (2) locations in Placer County consisting of: (i) a currently operating Buy Buy Baby store located at 1120 Galleria Boulevard, Suite 160, Roseville, California 95678 (the "Baby Location"), and (ii) a Bed Bath and Beyond Store located at 1120 Galleria Boulevard, Suite 140, Roseville, California 95678 (the "Bed Location", and collectively, the "Locations"). Certification of Jaime Kirkpatrick dated November 7, 2023 ("Kirkpatrick Cert.") ¶ 11.

3. The Baby Location's Personalty has an assessed valuation for 2023 of $1,353,290.00. Such valuation is based upon the sworn declaration of Debtors' *own* Vice President of Tax, Toni Anne Andrisano. A copy of Debtors' *sworn* listing of its Personalty, including Debtors' *sworn* valuations of same, are annexed to the Certification of Jaime Kirkpatrick, dated November 7, 2023 ("Kirkpatrick Cert.") as Exhibit A. Debtors are seeking to drastically reduce their own valuation of the Personalty of $1,353,290.00 to $59,083.00 (a reduction of approximately 96%) Kirkpatrick Cert. ¶¶ 13.

4866-6807-9501, v. 1

4.  The Bed Location's Personalty has an assessed valuation for 2023 of $5,140,860.00. Such valuation is also based upon the sworn declaration of the Debtors' Vice President of Tax, Toni Anne Andrisano. A copy of Debtors' listing of its Personalty, together with Debtors' sworn valuations of same, are annexed to the Kirkpatrick Cert. as Exhibit B. Debtors are seeking to drastically reduce their own valuation of the Personalty from $5,140,860.00 to $363,448.00 (a reduction of approximately 93%). Id. ¶ 14.

5.  Notably, these values are fixed as of January 1, 2023. Kirkpatrick Cert. ¶ 15.

6.  Placer County timely filed two proofs of claims regarding the Baby Location and the Bed Location as follows: (i) Claim Number 17910 filed on October 18, 2023 in the amount of $15,821.03 for the Baby Location, and (ii) Claim Number 17909 filed on October 18, 2023 in the amount of $60,075.72 for the Bed Location. Copies of these filed Proofs of Claim are annexed to the Kirkpatrick Cert. as Exhibits C and D. Kirkpatrick Cert. ¶ 16.

### CALIFORNIA PROPERTY TAX LAW PROVIDES COMPREHENSIVE PROCEDURES TO ASSURE ACCURATE AND UNIFORM FAIR MARKET VALUATIONS OF PERSONALTY.

7.  The California Constitution requires uniformity of taxation of property in California, except as provided in that Constitution or by Federal Law. (Cal. Const., art. XIII, § I.)

8.  There are several steps for property taxation in California: assessment, equalization, computation, and collection, all designed to achieve as closely as possible the mandated uniformity. Kirkpatrick Cert. ¶ 3. The California Constitution establishes public offices to administer these steps and provide interrelated functions in the property tax system. Id. The assessment and equalization functions are governed by numerous

standards, procedures, and protections to ensure fair and uniform application of local property tax assessments, and the computation and collection functions are mainly ministerial. Id.

9.  California Code of Regulations, title 18 contains state tax regulations promulgated by the California State Board of Equalization ("SBE"). They are available on the internet at https://www.boe.ca.gov/proptaxes/proptax.htm. Id. ¶ 2.

10. Placer County's claims are based upon Debtors' *own sworn* information provided to Placer County on May 4, 2023, signed under penalty of perjury by Debtors' Vice President of Tax.  Kirkpatrick Cert., ¶¶ 10-11.

11. Mr. Lammert completely fails to address the enormous shift in Debtors' valuation of the Personalty from May 4, 2023 to September 15, 2023. Presumably Mr. Lammert can explain what changed during the intervening 4.5 months that drastically altered Debtors' valuations.

12. There is significant quality control built into the system to assure appropriate and uniform application of California property tax assessment principles. At the assessment level, this is assured by the California State Board of Equalization ("SBE"). *Id.* at ¶ 2.) When a dispute arises, further protections are built into the system by providing for competent and independent assessment appeals boards. *Id.* at ¶¶ 2-8.

13. The SBE promulgates property tax rules that are binding statewide in order to ensure consistent application of California property tax laws.  *Id.*; Cal. Gov. Code, § 15606, subd. (c). The SBE also has a statutory duty to publish information that will promote uniformity in appraisal practices and in assessed values throughout the state. *See* Cal. Rev. & Tax. Code, § 401.5.

14. When taxpayers disagree with an assessment they may file an assessment appeal. Kirkpatrick Cert. ¶¶ 6-8. Under California Revenue and Taxation Code, Section 1603, a reduction in the assessment roll cannot be made unless the taxpayer files a timely written petition with the assessment appeals board. *Id.*

15. Article XIII, section 16 of the California Constitution establishes assessment appeals boards or county boards of equalization in each county. These tribunals are mandated to hear and determine valuation disputes between assessors and taxpayers. *Heavenly Valley v. El Dorado County Bd. of Equalization,* 84 Cal.App.4th 1323, 1344-1345 (2000); Cal. Rev. & Tax. Code, § 1610.8. All counties maintain such boards. These boards ensure that all real and personal property within the County is assessed fairly and according to applicable California law. Kirkpatrick Cert. ¶¶ 2-8.

16. After a determination by the local assessment appeals board, either party may file an action in California Superior Court to seek judicial review. Id. ¶ 8. The application for the assessment appeal and denial of relief by the assessment appeals board is a prerequisite to judicial review of a property tax assessment. *Stenocord Corp. v. City and County of San Francisco,* 2 Cat.3d 984, 990 (1970). The California Superior Court will not determine the appropriate value of the property in the event of an appeal. Rather, when the California Superior Court invalidates an assessment appeals board decision, the remedy is to remand the matter to the assessment appeals board for further hearings consistent with the court decision. *Heavenly Valley, supra,* at. 1343; see also Kirkpatrick Cert. ¶ 8.

## THE COURT SHOULD ABSTAIN FROM HEARING A DISPUTE REGARDING LOCAL PROPERTY TAX ASSESSMENTS

17. Placer County respectfully requests that this court exercise its authority to abstain from hearing a section 505 proceeding. 28 U.S.C. Sec. 1334(c); 11 U.S.C. Sec.505(a)(1); *See In re Sarfani, Inc.* 527 B.R. 241, 250-251 *(*Bankr. N.D. Miss. 2015).

18. Many courts have found abstention to be appropriate when uniformity of assessment is at issue. See, e.g., *Central Valley AG Enterprises v. United States,* 531 F.3d 750, 764 (9th Cir. 2008) (recognizing that uniformity of assessment is a basis for abstention); *In re New Haven Projects Ltd. Liability Co.,*. 225 F.3d 283, 288 (2d. Cir. 2000) (also recognizing that uniformity of assessment is a basis for abstention); *In re Cable & Wireless USA, Inc,*.331 B.R. 568, 577-578 (Bankr. D. Del. 2005) (tax authority must enjoy and apply a uniformity of assessment within its tax jurisdiction"); *In re ANC Rental Corp.,* 316 B.R. 153, 159 (Bankr. D. Del. 2004) (abstention is often used where uniformity of assessment is an issue); *In re Metromedia Fiber Network, Inc,*. 299 B.R. 251, 284 (Bankr. S.D.N.Y. 2003) ("Ad Valorem property taxation is governed by local law, and there is compelling local interest in `uniformity of assessment' in fairly allocating the local tax burden").

19. Moreover, it would be prejudicial to Placer County to have a New Jersey bankruptcy court determine the state tax issues implicated in the Motion. See *In re ANC Rental Corp., supra,* 316 B.R. at p. 159 (finding that a local taxing authority in Texas would "be significantly prejudiced by having the taxes at issue determined by a Delaware court").

20. In *In re Metromedia Fiber Network, Inc., supra,* 299 B.R. 251, the court exercised discretionary abstention under 28 U.S.C. § 1334(c)(1) and 11 U.S.C. § 505(a)(1)

where a Chapter 11 debtor sought to litigate local tax disputes in the bankruptcy court. There, a Chapter 11 debtor alleged that numerous state and local tax authorities had appraised the debtor's taxable property, subsequently assessed, and sought to collect the local property taxes based on valuations grossly in excess of the property's fair market value. Id. at p. 256. The debtor invoked the court's jurisdiction under section 505 of the Bankruptcy Code and asked the bankruptcy court to determine the fair market value of the property for tax purposes. Id.  Quoting from the United States Supreme Court decision in *Arkansas Corp. Com. v. Thompson* (1941) 313 U.S. 132, 145, the court stated:

> "[T]here is nothing in the history of bankruptcy or reorganization legislation to support the theory that Congress intended to set the federal courts up as super-assessment tribunals over state taxing agencies . . . . And the policy of revising and redetermining state tax valuations . . . would be a complete reversal of our historic national policy of federal non-interference with the taxing powers of states."

*Metromedia, supra,* 299 B.R. at p. 282.

21. The *Metromedia* court held also that abstention under title 28 United States Code, section 1334(a)(1), was proper because, among other factors, there is a compelling local interest in uniformity of assessment. *Metromedia, supra,* 299 B.R. at p. 283.

22. Thus, abstention is warranted due to California's compelling interest in maintaining its many systems designed to ensure fair and evenhanded application of its property tax system among its many taxpayers. Kirkpatrick Cert., ¶¶ 2-3.  Placer County submits that there is no need for the federal courts to interfere with this complex and well-balanced state system.

## DEBTORS HAVE FAILED TO PRODUCE ADMISSIBLE EVIDENCE SUFFICIENT TO MEET ITS BURDEN OF PROOF WITH RESPECT TO THE MOTION.

23. Debtors have failed to produce admissible evidence sufficient to meet its burden of proving: (i) a "corrected" assessed valuation of the Personalty, or (ii) otherwise overcome the presumption of correctness of the assessor's valuation pursuant to Cal. Code Regs. Tit. 18 § 321.

24. Debtors rely upon the conclusory Certification of John W. Lammert, dated September 15, 2023 (the "Lammert Cert."). Mr. Lammert is Executive Vice President of Assessment Technologies Ltd ("ATL"). Lammert Cert. ¶ 1. ATL was retained by Debtors in order to support the Motion.

25. The Motion relies entirely on Mr. Lammert's Certification to support its arguments that Placer County's assessments of the Personalty is incorrect. However, Mr. Lammert's Certification. is merely a self-serving statement that Debtors' proposed reductions are correct without any factual support or admissible evidence supporting these claims.

26. To be blunt, Debtors are asking the court to find that the reductions are merited because Mr. Lammert says that the reductions are merited.

27. Mr. Lammert describes in cursory terms his "analysis" of the Personalty at the Locations. Id. ¶¶ 5-6. Mr. Lammert vaguely asserts that he has " . . . been personally involved in ATL's review of the methodology applied by, and documents provided to and by, the California Authorities." Id.

28. Mr. Lammert fails to describe ATL's methodology and further fails to describe how such methodology was applied to Placer County.

8

29. Mr. Lammert fails to describe his actual involvement in ATL's process, whether he or anyone else visited the Locations, whether he observed the Personalty firsthand, which sales figures he bases his conclusions upon and why Debtors' figures today vary so drastically from their sworn statements submitted by Debtors' Vice President of Tax only a few months ago on May 4, 2023.

30. Mr. Lammert admits that his opinion is based upon distressed, going out of business bankruptcy sales - - which fail to constitute the arm's length, fair market valuation required by California Law. Lammert Cert. ¶¶ 12-13.

31. Moreover, Mr. Lammert fails to identify similar sales, involving similar property, of a similar age and condition, and the distress sale prices obtained by Debtors for similar equipment, of a similar age and condition as is being taxed by Placer County.

32. Mr. Lammert concludes based upon his vaguely described methodology " . . . that the California Authorities methodology employed in arriving at the purported Market Values of the Property is erroneous." Id ¶ 6.

33. Crucially, what knowledge of California Tax Law does Mr. Lammert possess? Mr. Lammert fails to indicate any knowledge whatsoever with respect to California law or how California statutes provide for determining the applicable tax. Id.  Moreover, Mr. Lammert fails to describe exactly what was "erroneous" regarding Placer County's assessment of the Personalty.

34. Due to the complete lack of information regarding ATL's methodology, Mr. Lammert's role in such methodology, information regarding comparable sales, Mr. Lammert's knowledge of California Tax Law, etc., Placer County respectfully requests that Mr. Lammert's Certification be stricken due to the lack of a foundation regarding Mr.

9

Lammert's knowledge, and the lack of any factual basis for Mr. Lammert's conclusory findings.

35. In California, the assessor's values are entitled to a presumption of correctness, putting the burden of proof on the taxpayer. Kirkpatrick Cert. ¶ 9. Mr. Lammert's statements are insufficient to meet that burden. *In re Cable & Wireless USA, Inc., supra,* 331 B.R. at pp. 579-580 (evidence failed to overcome presumption of the validity of local tax assessments).

### DEBTOR'S DISTRESSED GOING OUT OF BUSINESS SALES ARE NOT PROBATIVE OF FAIR MARKET VALUE

36. Debtors incorrectly purport to utilize *unidentified,* distressed, going out of business, bankruptcy sales as being indicative of fair market value. They are not.

37. The Lammert Declaration states, "Data from the Debtors' sales of store assets were collected from records provided by the Debtors and included sales from stores which are the subject of the Motion and other stores throughout the Debtors' portfolio. The Debtors submit that the sales prices derived from the Debtor Sales Data approximates the Fair Market Value definition, considering a willing buyer and seller." Lammert Cert. ¶ 12.

38. Lammert goes on to say that "From this source, the Debtors have *estimated* the Fair Market Value of the Property" as set forth in Exhibit 1 to his declaration. *Id* at ¶ 13 (emphasis added). Mr. Lammert fails to provide the Court with any data regarding actual sales, the age or condition of the Personalty involved in such sales, or the sale prices obtained by Debtors.

39. Furthermore, distressed asset sales arising from going out of business sales by a bankruptcy estate are *not* indicative of fair market value. Courts have recognized that sales from bankruptcy estates are not competent to set fair market values. See, e.g.,

4866-6807-9501, v. 1

*In re Cable & Wireless USA, Inc., supra,* 331 B.R. at pp. 579-580 (use of bankruptcy sale to value assets is "fundamentally flawed").

40. The Debtor has failed to overcome the presumption that the tax assessment is correct. At best, Mr. Lammert *estimates* Personalty's value *without* sharing the purportedly comparable sales data which forms the basis of his conclusory opinion. Thus, the Motion should be denied.

## JOINDER OF ARGUMENTS SUBMITTED BY OTHER CALIFORNIA TAXING ENTITIES

41. Placer. County understands that Debtors are concurrently challenging the assessed values of numerous other California taxing entities. *See* Doc. No. 2180 contesting liability in nine different counties, and Doc. No. 2181 contesting liability in 17 different counties. Thus, to the extent the issues overlap, Placer County expressly joins and incorporates by reference all arguments made by these other California counties in opposition to this Motion.

## RESERVATION OF RIGHTS

42. Placer County reserves its right to amend, modify, or supplement this Response, or to provide any additional information should the Court request.

## CONCLUSION

43. For the foregoing reasons, to be supplemented upon oral argument of the Motion, Placer County respectfully requests this Court's denial of the Motion.

**SCARINCI HOLLENBECK, LLC**
Counsel for Placer County California

Dated: November 8, 2023.                By: /s/ David Edelberg
                                              DAVID EDELBERG, ESQ