SOLANO COUNTY TAX COLLECTOR
Denise Dix, Tax Collections Manager
675 Texas Street #1900
Fairfield, California 94533-6337
Telephone: (707) 784-7485
E-mail: DDix@solanocounty.com

FILED
JEANNE A. NAUGHTON, CLERK
NOV 09 2023
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY D. [illegible] DEPUTY

*In Pro Se Priority Creditor*
*Solano County Tax Collector*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

BED BATH & BEYOND INC, *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**HEARING DATE AND TIME:, November 14, 2023, at 10:00 a.m.**

**COURTROOM: 3B**

**OPPOSITION OF SOLANO COUNTY TAX COLLECTOR TO BED BATH & BEYOND INC.'S MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS AS TO CERTAIN CALIFORNIA TAXING AUTHORITIES (DKT. NOS. 2181 THROUGH 2181-3)**

TO VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

[1] The last four digits of debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the debtors in these Chapter 11 cases and each such debtor's tax identification number may be obtained on the website of the debtors' claims and noticing agent at httpss://restructuring.ra.kroll.com/bbby. The location of debtor Bed Bath & Beyond Inc.'s principal place of business and the debtors' service address in these Chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

## INTRODUCTION

1. Debtor Bed Bath & Beyond Inc. et al. ("Debtor") has filed a motion ("the Motion") to determine tax liability and stay proceedings as to certain California taxing authorities, including Solano County. Debtor requests that this Court determine the fair market value of the property at issue to be what the Debtor currently claims to be the appropriate amount for the tax year 2023 (reducing the assessments by greater than 90 percent,) and to stay all related administrative or state proceedings related to the valuation of the property and related deadlines. Priority Creditor Solano County Tax Collector ("Solano County,") did not receive a copy of the Motion until after the October 24, 2023 hearing date, and objects to the Motion on the basis that: 1) the Court should exercise its discretion and abstain from hearing the Motion; and 2) the Debtor has failed to overcome the presumption that the assets were correctly valued by the Solano County Assessor, which based its assessment on information submitted by the Debtor. Accordingly, Solano County requests that this Court deny the motion and uphold its priority proof of claims for unpaid personal property taxes in full.

## BACKGROUND FACTS

### A. The Claims at Issue

2. Solano County filed two Priority Proof of Claims with the Claims Agent Kroll on October 17, 2023: one for the amount of $9,444.46, claim number 17919;

and the second for $2,112.46, claim number 17920. This was based on the following:

a. Bed Bath & Beyond of CA LLC; Bed Bath & Beyond #488, PIN 0000129891; located at 128 Browns Valley Prkwy., Vacaville CA 95687, total assessed value of $815,602, 2023 tax assessment of $9,444.46, claim number 17919.

b. Bed Bath & Beyond of CA LLC; Bed Bath & Beyond #1315, PIN 0000123289; located at 105 Plaza Dr. Unit 107, Vallejo CA 94591, total assessed value of $184,466, 2023 tax assessment of $2,112.46, claim number 17920.

(Declaration of Georgina Tamayo ("Tamayo Decl."), ¶ 2)

## B. The Uniformity of Application of California's complex Property Tax Law to Ensure Proper Valuation is an Essential State Policy

3. The California Constitution requires uniformity of taxation of property in California, except as provided in that Constitution or by Federal Law. (See Cal. Const., art. XIII, § 1.) To this end, the California Constitution establishes interrelated procedures used by elected officers to administer taxation of property including assessment, equalization, computation, and collection to achieve this uniformity. (See Cal. Const. art XIII.)

4. Title 18 of the California Code of Regulations contains state tax regulations promulgated by the California State Board of Equalization ("SBE"). They are available on the internet at https://www.boe.ca.gov/proptaxes/prop-tax-rules.htm.

5. The SBE also promulgates property tax rules that are binding statewide to ensure consistent application of California property tax laws. (Cal. Gov. Code, § 15606, subd. (c).) The SBE has a statutory duty to publish information that will promote uniformity in appraisal practices and in assessed values throughout the state. (*See* Cal. Rev. & Tax. Code, § 401.5.)

6. Assessment Appeals Boards (AABs) have been established in each County to handle disputes that arise between a taxpayer and a County Assessor. These boards are independent bodies that ensure that all real and personal property within the County are assessed fairly and according to applicable California law. (Cal. Const. art. X111, § 16.)

7. A determination by the local assessment appeals board is subject to judicial review by a California Superior Court. The application for the assessment appeal and denial of relief by the AAB is a prerequisite to judicial review of a property tax assessment. (*Stenocord Corp. v. City and County of San Francisco* (1970) 2 Cal.3d 984, 990.) Should the trial court determine that the AAB's decision is legally flawed, its task is to remand the matter back to the AAB rather than substitute its judgment for that of the AAB. (*Heavenly Valley Ski Resort v. El Dorado County Bd. of Education* (2000) 84 Cal.App.4th 1323, 1343.)

8. Assessments of business personal property taxes are made based upon information supplied by the taxpayer. (Cal. Rev. & Tax. Code, § 441.)

9. The claims at issue here are based upon such information that Debtor provided to the County on May 4, 2023, signed under penalty of perjury by the VP of Tax of Bed Bath & Beyond of CA LLC. (Berdejo Decl., ¶ 2.) The Solano County Assessor's Office based its tax assessment values on this information provided by the Debtor. (*Id.* at ¶ 3.)

**The Court Should Abstain from Hearing this Dispute Over Local Property Tax Assessments**

10. Debtor moves the court to hear what are essentially assessment appeals pursuant to section 505 (a) of title 11 (Bankruptcy) of the United States Code. Under this authority, hearing the matter is not mandated by the law. Section 505(a) provides that the hearing of this matter is left to the Court's discretion. Moreover, title 28 of the United States Code, section 1334(c) grants this court the authority to abstain from hearing a section 505 proceeding. (*See In re Sarfani, Inc.* (Bankr. N.D. Miss. 2015) 527 B.R. 241, 250-251.)

11. Abstention is appropriate when uniformity of assessment is at issue. (See, e.g., *Central Valley AG Enterprises v. United States* (9th Cir. 2008) 531 F.3d 750, 764 [recognizing that uniformity of assessment is a basis for abstention]; *In re New Haven Projects Ltd. Liability Co.* (2d. Cir. 2000) 225 F.3d 283, 288 [same]; *In re Cable & Wireless USA, Inc.* (Bankr. D. Del. 2005) 331 B.R. 568, 577-578 ["Each tax authority must enjoy and apply a uniformity of assessment within its tax jurisdiction"]; *In re ANC Rental Corp.* (Bankr. D. Del. 2004) 316

B.R. 153, 159 [abstention is often used where uniformity of assessment is an issue]; *In re Metromedia Fiber Network, Inc.* (Bankr. S.D.N.Y. 2003) 299 B.R. 251, 284 ["Ad Valorem property taxation is governed by local law, and there is compelling local interest in 'uniformity of assessment' in fairly allocating the local tax burden"].)

12. Specifically, case law supports a finding of prejudice to a California county should a bankruptcy court in another state determine the California state tax issues implicated in the 505 Motion. (*In re Metromedia Fiber Network, Inc.* (Bankr. S.D.N.Y. 2003) 299 B.R. 251, 284 ["Ad Valorem property taxation is governed by local law, and there is compelling local interest in 'uniformity of assessment' in fairly allocating the local tax burden"]; See *In re ANC Rental Corp., supra*, 316 B.R. at p. 159 [finding that a local taxing authority in Texas would "be significantly prejudiced by having the taxes at issue determined by a Delaware court"].)

13. The instant case should follow a New York Bankruptcy case's holding and abstain from hearing the present motion. (*In re Metromedia Fiber Network, Inc.*, *supra*, 299 B.R. 251.) Similarly, in Metromedia Fiber, a Chapter 11 debtor moved the bankruptcy court under section 505 of title 11, alleging that the assessments of debtor's taxable property were based on valuations grossly in excess of the property's fair market value. (*Id.* at p. 256.) Quoting from the United

States Supreme Court decision in *Arkansas Corp. Com'n. v. Thompson* (1941) 313 U.S. 132, 145, the bankruptcy court opined:

> "[T]here is nothing in the history of bankruptcy or reorganization legislation to support the theory that Congress intended to set the federal courts up as super-assessment tribunals over state taxing agencies . . . . And the policy of revising and redetermining state tax valuations . . . would be a complete reversal of our historic national policy of federal non-interference with the taxing powers of states."

(*Metromedia*, *supra*, 299 B.R. at p. 282.)

14. The *Metromedia* court held that abstention under title 28 United States Code, section 1334(a)(l), was proper because, among other factors, there is a compelling local interest in uniformity of assessment. (*Metromedia*, *supra*, 299 B.R. at p. 283.) As this uniformity is an important interest for both Solano County and California. abstention is appropriate in this case.

**The Court Should Deny the Motion, Because the Debtor Has Failed to Overcome the Presumption That the Assets Were Correctly Valued by the Solano County Assessor, Which Based Its Assessment on Information Submitted By the Debtor**

**15.** Debtor's only contention appears to be that the assessed tax values of Solano County are different from what its own hired consultant opines to be the "fair market value" of the property, and that based on its own consultant's assessment, the relevant taxes should be reduced by 94.8 percent and 91.90

percent, respectively. (Doc. No. 2181-2, p. 9 [seeking to reduce the assessments for two store locations in Solano County from $815,602 down to $42,186 (a 94.8 percent reduction), and from 184,466 down to 14,898 (a 91.9 percent reduction)].) Debtor has not presented any basis for its belief that numerous taxing authorities are using appraisal methods in violation of the applicable law governing them.

16. The only evidence Debtor submits in support of these substantial reductions is the Declaration of John W. Lammert. (Doc. No. 2181-2.) Mr. Lammert's declaration is merely self-serving opinion that is devoid of any evidence with respect to the particular properties at issue. As the taxpayer, Debtor has the burden of proof, but does not and cannot rebut the presumption of correctness afforded to the Solano County Assessor as a matter of law. (Cal. Rev. & Tax. Code, § 167; See *In re Cable & Wireless USA, Inc.*, *supra*, 331 B.R. at pp. 579-580 [evidence failed to overcome presumption of the validity of local tax assessments].)

**Debtor improperly uses bankruptcy sales for valuation purposes**

17. Debtor's Motion not only declines to acknowledge that the valuations used by the County were based on information provided by Debtor itself , but it also incorrectly tries to use the purported values from the sales of assets as part of its store closing process to determine the purported correct assessment. Mr. Lammert alleges that he collected data from the Debtors' sales of store assets and

contends that the Debtor Sales Data approximates "the Fair Market Value definition, considering a willing buyer and seller." (Doc. No. 2181-2, ¶ 12.) The Fair Market Value of the Property as indicated in Exhibit 1 to Mr. Lammert's declaration was based on these sale values. (*Id.* at ¶ 13.)

18. As discussed, Mr. Lammert asserts that Solano County's two tax assessments, which were based on information submitted by the Debtor itself, should be reduced from $815,602 down to $42,186 (a 94.8 percent reduction), and from &184,466 down to $14,898 (an 91.9 percent reduction). (Doc. No. 2181-2, p. 9.)

19. Under California law, fair market value should be based on an "open marker under conditions in which neither buyer nor seller could take advantage of the exigencies of the other." (Cal. Rev. & Tax. Code, § 110.) The SBE has opined that sales of assets from a bankruptcy estates are not indicative of appropriate California tax assessment values due to exigencies surrounding such sales. (See California State Board of Equalization, Assessor's Handbook Section 504, p. 140 [https://www.boe.ca.gov/proptaxes/pdf/ah504.pdf]) Courts have also recognized that sales from bankruptcy estates are not competent to set fair market values. (See, e.g., *In re Cable & Wireless USA, Inc.*, *supra*, 331 B.R. at pp. 579-580 [use of bankruptcy sale to value assets is "fundamentally flawed"].)

20. The Debtor has failed to provide sufficient evidence to overcome the

presumption that the tax assessment is correct; therefore, the Motion fails on the merits and should be denied.

## JOINDER OF ARGUMENTS SUBMITTED BY OTHER CALIFORNIA TAXING ENTITIES

21. Solano County understands that Debtor is concurrently challenging the assessed values of numerous other California taxing entities. (*See* Doc. No. 2180 [contesting liability in nine different counties] and Doc. No. 2181 [contesting liability in 17 different counties]). Thus, to the extent the issues overlap, Solano County expressly joins and incorporates by reference all arguments made by these other California counties in opposition to this Motion.

## RESERVATION OF RIGHTS

22. Solano County reserves its rights to amend, modify, or supplement this response, or to provide any additional information should the Court so request.

## CONCLUSION

23. The Court should abstain from hearing the Motion. If the Court chooses to hear the Motion, the Court should deny the Motion for the reasons stated above.

## ADDITIONAL INFORMATION

24. Address to which Debtor must return any reply to this response:

Georgina Tamayo
Deputy Tax Collector
Solano County Tax Collector
675 Texas Street #1900
Fairfield CA 94533-6337

Phone: (707) 784-7485
Email: TTCCC@solanocounty.com

25. Claims involved (for Business Personal Property): Claim number(s) 17919, in the amount of $9,444.46 and 17920, in the amount of $2,112.46.

Dated: November 2, 2023

CHUCK LOMELI
Solano County Tax Collector

By: ____________________
Denise Dix
Tax Collections Manager

In Pro Se, Solano County Tax Collector

# DECLARATION OF ERASMO BERDEJO

I, Erasmo Berdejo declare under penalty of perjury, the following:

1. I am employed as a Supervising Auditor Appraiser in the office of the Solano County Assessor and have been so employed from November 2014 to the present. This declaration is based upon my personal knowledge, as well as the books and records of the County. If called upon to testify in this action, I could and would testify competently to the matters set forth below.

2. On May 4, 2023, Bed Bath & Beyond of CA LLC submitted property tax statements to the Solano County Assessor's Office, signed by Toni-Anne Andrisano, its VP of Tax under penalty of perjury.

3. The Solano County Assessor Recorder's Office received and processed these business property statements. The Assessor Recorder's Office based its tax assessment values on this information provided by Bed Bath & Beyond in its business property statements.

4. The Solano County Assessor Recorder's Office was not made aware of the instant Motion in the pending Bankruptcy case concerning Bed Bath & Beyond until after the October 24, 2023 hearing date for the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 2, 2023

Erasmo Berdejo

# DECLARATION OF GEORGINA TAMAYO

I, Georgina Tamayo, hereby declare and state under penalty of perjury, the following:

1. I am currently employed in the office of the Solano County Tax Collector ("Tax Collector"), and have been so employed from August 1997, to the present. As an Accounting Clerk, I am responsible for filing proof of claims and collecting property taxes and penalties where taxpayers have declared bankruptcy. This declaration is based upon my personal knowledge, as well as the books and records of the County. If called upon to testify in this action, I could and would testify competently to the matters set forth below.

2. I filed the claims of the Solano County Tax Collector in this proceeding, and I have reviewed the files of the Solano County Tax Collector in connection with those claims. Attached as **Exhibit A** is a true and correct copy of the Proof of Claim I submitted in this matter. Based on that examination, the Debtor owes prepetition property taxes to the Solano County Tax Collector as follows:

A. Bed Bath & Beyond of CA LLC; Bed Bath & Beyond #488 PIN 000012981; located at 128 Browns Valley Prkwy, Vacaville CA 95687, total assessed value of $815,602, 2023 tax assessment of $9,444.46.

B. Bed Bath & Beyond of CA LLC; Bed Bath & Beyond

#1315, PIN 0000123289, located at 105 Plaza Dr. Unit 107, Vallejo CA 94591, total assessed value of $184,466, 2023 tax assessment of $2,112.46.

C. The total due for the 2023-24 fiscal tax year is $11,556.92 under California State law.

D. The Tax Collector filed a Priority Proof of Claim in the amount of $9,444.46 and $2,112.46 with the Claims Agent Kroll on October 17, 2023, in case Bed Bath & Beyond of California Limited Liability Company No. 23-13371 and was assigned Claim number(s) 17919 and 17920.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: November 2, 2023

Georgina Tamayo

# EXHIBIT A

Modified Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

SOLANO COUNTY TAX COLLECTOR

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No

☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

675 TEXAS STREET SUITE 1900

FAIRFIELD

CA

94533

Contact phone 7077847485

Contact email ttccc@solanocounty.com

**Where should payments to the creditor be sent?** (if different)

Contact phone ______

Contact email ______

**4. Does this claim amend one already filed?**

☑ No

☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing? ______

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 9 8 9 1

**7. How much is the claim?**

$ $9,444.46

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

LOCAL PROPERTY TAX

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: ______________________

**Basis for perfection:** ______________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: ______________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ $9,444.46 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br>☐ **Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** $________ |
| **14. Is all or part of the claim being asserted as an administrative expense claim?** | ☑ No<br>☐ **Yes. Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim. If yes, please indicate when this claim was incurred:**<br>☐ **On or prior to June 27, 2023:** $________<br>☐ **After June 27, 2023:** $________<br>**Total Administrative Expense Claim Amount:** $________ |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

G Tamayo 10/17/2023

Signature

**Name of the person who is completing and signing this claim:**

Name: GEORGINA TAMAYO (First name / Middle name / Last name)

Title: DEPUTY

Company: 
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 675 TEXAS STREET STE 1900 (Number Street)

FAIRFIELD (City) CA (State) 94533 (ZIP Code)

Contact phone: 7077847845 Email: ttccc@solanocounty.com

## Additional Noticing Addresses (if provided):

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

---

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

## Additional Supporting Documentation Provided

- [x] Yes
- [ ] No

---

Attachment Filename:

0000129891 23.24.pdf

Electronic Proof of Claim Confirmation: 3335-1-OVHRG-969970711

Claim Electronically Submitted on (UTC) : 2023-10-17T15:43:29.333Z

Submitted by: SOLANO COUNTY TAX COLLECTOR
ttccc@solanocounty.com

Modified Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

SOLANO COUNTY TAX COLLECTOR
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____________

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

675 TEXAS STREET SUITE 1900

FAIRFIELD
CA
94533

Contact phone 7077847485
Contact email ttccc@solanocounty.com

**Where should payments to the creditor be sent?** (if different)

Contact phone ____________
Contact email ____________

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? ____________

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 3 2 8 9

**7. How much is the claim?**

$ $2,112.46

**Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

LOCAL PROPERTY TAX

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed) ______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No
☑ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ $2,112.46 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | | |
|---|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br>☐ **Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $__________ |
| **14. Is all or part of the claim being asserted as an administrative expense claim?** | ☑ No<br>☐ **Yes. Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim. If yes, please indicate when this claim was incurred:**<br>☐ **On or prior to June 27, 2023:** $__________<br>☐ **After June 27, 2023:** $__________<br>**Total Administrative Expense Claim Amount:** $__________ | |

**THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

[signature] 10/17/2023

Signature

**Name of the person who is completing and signing this claim:**

Name: GEORGINA TAMAYO
First name Middle name Last name

Title: DEPUTY

Company: 
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 675 TEXAS STREET STE 1900
Number Street

FAIRFIELD CA 94533
City State ZIP Code

Contact phone: 7077847485 Email: ttccc@solanocounty.com

## Additional Noticing Addresses (if provided):

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

---

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

## Additional Supporting Documentation Provided

- [x] Yes
- [ ] No

---

Attachment Filename:

0000123289 23.24.pdf

Electronic Proof of Claim Confirmation: 3335-1-ROADQ-141040902

Claim Electronically Submitted on (UTC) : 2023-10-17T15:50:06.746Z

Submitted by: SOLANO COUNTY TAX COLLECTOR
ttccc@solanocounty.com

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SOLANO**

I am a resident of or employed in the County of Solano, State of California. I am over the age of 18. I am employed by the County of Solano (County) and my business address is County of Solano Tax Collector's Office, 675 Texas Street, Suite 1900, Fairfield, California 94533.

On November 2, 2023, I served the attached:

**OPPOSITION OF SOLANO COUNTY TAX COLLECTOR TO BED BATH & BEYOND INC.'S MOTION TO DETERMINE TAX LIABILITY AND STAY PROCEEDINGS AS TO CERTAIN CALIFORNIA TAXING AUTHORITIES**
**(DKT. NOS. 2181 THROUGH 2181-3)**

on:

| KIRKLAND & ELLIS LLP<br>Joshua A. Sussberg<br>Emily E. Geier,<br>Derek I. Hunter<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>derek.hunter@kirkland.com | COLE SCHOTZ P.C.<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschoiz.com<br>fyudkin@coleschotz.com |
|---|---|

[X] by overnight delivery. I enclosed a true copy of each of said documents in a sealed envelope or package provided by an overnight delivery carrier addressed to the above-named person(s) as indicated above, with delivery fees paid or provided for. I placed the envelope or package for collection and overnight delivery at an office or a regularly maintained drop box of the overnight delivery carrier.

[X] (STATE) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 2, 2023, at Fairfield, California.

Stephanie Martinez

FedEx ®

Express

F 10:30 1 FZ B03 RT 322

Extremely Urgent

ORIGIN ID:CCRA (707) 784-6305
STEPHANIE MARTINEZ
SOLANO COUNTY TAX COLLECTOR
675 TEXAS ST
1900
FAIRFIELD, CA 94533
UNITED STATES US

SHIP DATE: 03NOV23
ACTWGT: 1.00 LB
CAD: 256386490/INET4535

BILL SENDER

TO CLERK OF THE US BANKRUPTCY COURT
C/O HONORABLE VINCENT PAPALIA
50 WALNUT STREET

NEWARK NJ 07102
(973) 645-4764 REF:
INV:
PO: DEPT:

583J4/C5BD/9AE3









J234023101501uv

MON - 06 NOV 10:30A
PRIORITY OVERNIGHT
ASR

TRK# 0201 7739 6038 4510

07102

XE VAKA

NJ-US EWR



Insert shipping document here.