**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
In re:                                                              :         Chapter 11
                                                                       :
BED BATH & BEYOND, INC.             :         Case No. 23-13359-VFP
                         Debtors                   :
_____

**NOTICE OF MOTION, RESPONSE DEADLINE AND HEARING DATE**

Penelope Duczkowski and Joseph Duczkowski, w/h, has filed a Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362 with the Court for relief from the automatic stay.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult an attorney.)**

1.     If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before _____ you or your attorney must do **all** of the following:

(a)     file an answer explaining your position at

Clerk of the Bankruptcy Court
401 Market Street
Camden, NJ 08102

If you mail your answer to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

(b)     mail a copy to the movants' attorney:

David B. Pizzica, Esquire
Andrew S. Brown, Esquire
Michael T. Regan, Esquire
Pansini Law Group
1525 Locust Street - 15th Floor
Philadelphia, PA 19102
(215) 732-5555 (phone)
(215) 732-7872 (fax)

      2.      If you and your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

      3.      A hearing on the motion is scheduled to be held before the Honorable Vincent F. Papalia, U.S. Bankruptcy Judge, on _____ at _____ in Courtroom _____, United States Bankruptcy Court, 50 Walnut Street, Newark, NJ 07102, Courtroom 3. Unless the court orders otherwise, the hearing on this contested matter will be an evidentiary hearing at which time witnesses may testify with respect to disputed material factual issues in the manner directed by Fed. R. Bankr P. 9014(d).

      4.      If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

      5.      You may contact the Bankruptcy Clerk's office at (973) 645-4764 to find out whether the hearing has been canceled because no one filed an answer.

Date:  November 9, 2023

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
In re:                                                          :         Chapter 11
                                                                :
BED BATH & BEYOND, INC.                      :         Case No. 23-13359-VFP
                                    Debtors         :
_____

**ORDER GRANTING MOTION OF PENELOPE DUCZKOWSKI AND JOSEPH DUCZKOWSKI FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

This matter having come before the Court by way of Motion filed by Penelope Duczkowski and Joseph Duczkowski by and through her attorneys, Pansini and Pizzica, David B. Pizzica appearing, and after consideration of the arguments of the parties, and for good cause shown:

**IT IS HEREBY ORDERED**:

1. The Motion is hereby **GRANTED**.

2. The Automatic Stay and/or the Discharge Injunction is hereby modified to permit the Movants, Penelope Duczkowski and Joseph Duczkowski to institute and/or resume and prosecute to conclusion the personal injury lawsuit styled as <u>Duczkowski v. Bed, Bath & Beyond, Inc., et al.</u> pending in the Superior Court of New Jersey, Civil Law Division, Union County under Docket Number L-580-22.

3. Such relief and recovery is limited to the extent of available insurance coverage.

4. Movants may join the Debtor and/or any trustee appointed in this case as defendants in its action(s) irrespective of any conversation to any other chapter of the Bankruptcy Code.

5. The fourteen (14) day stay provisions of Fed. R. Bankr. P. 4001(a)(3) are hereby deemed waived and dispensed with.

**BY THE COURT:**

_____
**The Honorable Vincent F. Papalia
U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
In re:                                                              :         Chapter 11
:
BED BATH & BEYOND, INC.                             :         Case No. 23-13359-VFP
                                    Debtors           :
_____

**MOTION OF PENELOPE DUCZKOWSKI AND JOSEPH DUCZKOWSKI FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

Movants, Penelope Duczkowski and Joseph Duczkowski, by and through the undersigned attorneys, hereby files this Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362 and in support thereof avers as follows:

**I.      PARTIES**

1. Movants are Plaintiffs in a personal injury action commenced against Bed Bath & Beyond, Inc. in the Superior Court of New Jersey, Union County, Docket No. UNN-L-580-22.

2. Bed Bath & Beyond, Inc. ("Debtor") filed a Chapter 11 bankruptcy petition under 11 U.S.C. §101. et seq. on April 23, 2023.

**II.     JURISDICTION & VENUE**

3. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334 and §1409.

4. This is a core proceeding as defined by 28 U.S.C. §157.

5. The statutory predicate for the relief requested in this motion is 11 U.S.C. §362.

### III. BACKGROUND

6. Movant, Penelope Duczkowski, was seriously injured on November 12, 2020, was lawfully present on the aforesaid premises, was caused to be injured as a result of falling merchandise with the aforementioned defective and hazardous condition(s) then existing upon the aforesaid premises, resulting in serious and permanent injuries.

7. At all times material thereto, Debtor had in place adequate insurance protection for its role in causing the injuries suffered by movants as Debtor has answered discovery in the matter stayed in the Superior Court of New Jersey, Union County, that it has, at least, one (1) insurance policies applicable to movants' claims for damages. This includes Safety National Casualty Corp. policy number 112250488 (providing for $3,000,000.00 of insurance). See Exhibit "A" (Bed Bath & Beyond, Inc. response to Plaintiffs' Interrogatory 13). Thus, at a minimum, Debtor has $3,000,000.00 in insurance applicable to movants' claims.

8. As a result of the filing of this bankruptcy (Bed Bath & Beyond, Inc., Case No. 23-13359), the movants' case pending in the Superior Court of New Jersey, Union County, Docket No. UNN-L-580-22, **has been dismissed without prejudice**, subject to reinstatement without formal motion and without cost if the bankruptcy proceedings do not fully dispose of all issues between the parties.

### IV. GROUNDS FOR RELIEF

9. Pursuant to 11 U.S.C. §362 of the Bankruptcy Code, the automatic stay came into effect upon filing of Debtor's Chapter 11 bankruptcy.

2

10. §362 of the Bankruptcy Code provides that relief from the stay can be granted upon cause shown.

11. Federal Rule of Bankruptcy Procedure 4001(a)(3) provides that this Court has the discretion to enter an order waiving the fourteen (14) day stay provision.

**V.    CAUSE**

12. Movants are experiencing significant hardship as a result of the automatic stay.

13. In recovering against debtor, movants have agreed to be bound by the policy limit of any and all applicable insurance policies and any and all other available insurance coverage that are deemed to owe coverage to debtor for the claims made by movants. This includes, but is not limited to primary, excess and umbrella general liability and commercial policies and all other coverage.

14. Given the movants' agreement to be bound by the policy limits of any and all applicable insurance policies in recovering against debtor, there is no adverse impact on the debtor's bankruptcy estate if the automatic stay is modified pursuant to the relief requested in this motion.

15. The balance of the equities favors this Honorable Court's modification of the automatic stay to permit the movants to proceed with the trial in the underlying case against debtor with movants agreeing to be bound by the applicable insurance coverage.

16. Stay relief would further the interests of judicial economy by facilitating the prompt resolution of the State Court Action in the Superior Court.

17. Finally, the debtor will suffer minimal, if any, harm if its insurer and third parties are forced to defend the State Court Action in the Superior Court.

18. In the event that the Bankruptcy Court grants relief from the Automatic Stay, this Court has the discretion to balance the equities and enter an order waiving the fourteen (14) day stay provisions contained in Fed. R. Bankr. P. 4001(a)(3).

19. In examining the relative hardships, movant Penelope Duczkowski has suffered extensive, severe personal injuries and will likely suffer irreparable harm since her sole source of recovery is available insurance proceeds, which could diminish in value.

VI. **CONCLUSION**

20. Thus, as movants have shown good cause and as there will be no effect on the bankruptcy estate as movants will only be seeking recovery from insurance proceeds, movants respectfully request that this Honorable Court enter an order as proposed.

**WHEREFORE**, Movants respectfully request that this Honorable Court modify the automatic stay under 11 U.S.C. §362 to permit the movants to proceed with the lawsuit against Debtor and schedule a trial date certain and that this Honorable Court waive the fourteen (14) day stay provisions of Fed. R. Bankr. P. 4001(a)(3) so that Movant may seek to recover her claims against the available insurance policies without delay.

**Respectfully submitted,**

**PANSINI & PIZZICA**

DATE: **November 9, 2023**           BY:   **/s/ DAVID B. PIZZICA**
                                           **DAVID B. PIZZICA, ESQUIRE**
                                           **ANDREW S. BROWN, ESQUIRE**
                                           **MICHAEL T. REGAN, ESQUIRE**
                                           **Attorneys for Plaintiffs**