**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Gina Calabria, Esq. (Attorney I.D. No.: 29752002)
Kristen M. Gaffey, Esq. (Attorney I.D. No.:281152019)
7 Giralda Farms
Madison, NJ 07940
Tel: (973) 624-0800 * Fax: (973) 624-0808
**Attorneys for Defendant Bed Bath & Beyond Inc.**
**File No.: 19823-00187**

| | |
|---|---|
| PENELOPE DUCZKOWSKI AND JOSEPH DUCZKOWSKI, w/h, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: UNION COUNTY<br>: DOCKET NO.: UNN-L-0580-22 |
| Plaintiffs,<br>v. | :<br>: Civil Action<br>: |
| BED BATH & BEYOND INC.<br>Defendants. | : **DEFENDANT BED BATH & BEYOND**<br>: **INC.'S ANSWERS TO FORM C AND**<br>: **FORM C(2) INTERROGATORIES**<br>:<br>: |

**TO:** David Pizzica, Esq.
Pansini, Mezrow & Davis
1525 Locust Street, 15th Floor
Philadelphia, PA 19102
Attorneys for Plaintiffs

**COUNSEL:** Defendant Bed Bath & Beyond Inc. (hereinafter "Defendant"), by and through its attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby provides Responses and Objections to Form C and Form C(2) Interrogatories as follows:

The information supplied in these answers is not based solely on the knowledge of the certifying person, but includes the knowledge of: that person, his/her employer, the agents or representatives of such employer, any other joint/co-defendants, or counsel (unless privileged). While the statements made and information contained in these interrogatory answers are true to the best of the certifying person's knowledge, the actual words used and/or the sentence structure may be that of counsel assisting in the preparation of these answers and thus does not necessarily purport to be the precise language of the person executing the Certification.

1

## **GENERAL OBJECTIONS**

1. Defendant objects to these Interrogatories in their entirety as overly broad, unduly burdensome, vague, vexatious, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each interrogatory calling for an answer requiring "each," "every," "all," "any" or "each and every" persons, entities, documents, statements, facts or circumstances on the grounds that such interrogatories are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and that they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Defendant will construe these terms and phrases to request that Defendant use reasonable diligence to locate relevant information or documents, based on an examination of those files that reasonably may be expected to yield relevant information or documents, and inquire of those who may reasonably be expected to possess responsive information or documents.

3. Defendant objects to all interrogatories and requests for information regarding "each," "every," "all," "any" or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s) or statement(s) on the grounds that Defendant has not completed the investigation of facts relating to this action. Discovery and Defendant's search for documents and related materials is ongoing. Accordingly, Defendant reserves the right to rely on any facts, documents or other evidence that may develop or come to Defendant's attention, subsequent thereto. The responses of Defendant are set forth herein without prejudice to the right to assert additional objections or supplemental responses should Defendant discover additional information or grounds for objections. Additionally, Defendant reserves the right to supplement or amend these responses at any time prior to trial of this action.

4. Defendant objects to each interrogatory that seeks information with respect to documents or oral communications "relating to," "reflecting," "pertaining to," "concerning," "discussing," "referencing" or "referring to" certain facts or contentions on the grounds that these terms are vague and ambiguous, and do not describe the material sought with sufficient particularity. Defendant further objects that requests using these terms are overly broad, unduly burdensome, oppressive and vexatious and that they seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the interrogatories to the extent they impose any duty or obligation upon Defendant in excess of those duties and obligations imposed by the New Jersey Rules of Court.

6. Defendant objects to all interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-examination or self-critical analysis privilege, or any other legal privilege or immunity.

7. Defendant objects to all interrogatories that seek information in the possession or control of other parties to this action.

8. Defendant objects to these interrogatories to the extent that they require the understanding of legal concepts, statutory construction and/or court rules, and thus improperly seek a legal conclusion and/or legal reasoning which is not the appropriate subject matter of interrogatories.

9. Defendant objects to all interrogatories to the extent that they require Defendant to detail its legal contentions and supporting facts on the ground that such requests are premature at this stage of discovery.

10. To the extent Defendant answers these interrogatories; Defendant does not concede that the information requested is relevant to this action. Defendant expressly reserves the right to object to further discovery of the subject matter of any of these interrogatories and the introduction into evidence of any answer or portion thereof, or of any document produced in response to these interrogatories.

11. Defendant reserves the right to challenge the competency, relevance, materiality and admissibility of information set forth herein in any subsequent proceeding, or the trial of this or any other action, and objects on those grounds to the use of these answers in any subsequent proceeding or the trial of this or any other action.

12. Defendant objects to all interrogatories to the extent they seek disclosure of confidential, commercial or business information.

13. The foregoing general objections are deemed incorporated in each of the following answers to interrogatories, to the extent applicable, and are in addition to any specific objections made in any of the following answers.

14. Please be advised that the service of any attached documents/records should not be construed as an adoptive admission as that term has been defined by the New Jersey Courts. (See Skibinski v. Smith, 206 N.J. Super. 349 (App. Div. 1985), and Sallo v. Sabatino, 46 N.J. Super. 416 (App. Div. 1976)).

15. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.

## ANSWERS TO FORM C INTERROGATORIES

1. State: (a) the full name and residence address of each defendant; (b) if a corporation, the exact corporate name; and (c) if a partnership, the exact partnership name and the full name and residence of each partner.

    **(a)**     **Bed Bath & Beyond Inc.**
                  **650 Liberty Avenue**
                  **Union, New Jersey 07083**

    **(b)**     **Same as in (a) above; and**

    **(c)**     **Not applicable.**

2. Describe in detail your version of the accident or occurrence setting forth the date, location, time and weather.

**Defendant has no version of the alleged accident because Defendant did not witness the accident. Notwithstanding said objection, see attached Customer Incident Investigation Report, bate stamped BBB-000001-000005. This document should not be construed as an adoptive admission on behalf of Defendant. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

3. If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim or third-party action, (a) state the facts upon which you intend to predicate such defenses, counterclaim or third-party action; and (b) identify a copy of every document relating to such facts.

**Upon advice of counsel, Defendant objects as this interrogatory is overbroad, unduly burdensome, harassing, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, calls for information that is equally or more readily available to Plaintiff, impermissibly seeks to obtain the impressions, conclusions, or opinions of counsel, and seeks information protected by the attorney-client privilege, the work-product doctrine, discovery exemptions afforded to consulting experts, trial preparation materials, and/or information afforded any other applicable protection or privilege. See R. 4:17-5. Propounding Party is referred to the general denial of the Answer and to the affirmative allegations and/or affirmative defenses set forth therein. New Jersey case law permits a defendant in a lawsuit to file a general denial to a Complaint by asserting various affirmative defenses and/or affirmative allegations, which are pled to preserve them since investigation and discovery may give rise to facts that serve as a basis for such affirmative defenses and/or affirmative allegations.**

**Upon further advice of counsel, Plaintiff failed to exercise the appropriate degree of due care and circumspection commensurate with the existing circumstances, failed to make**

**reasonable safety observations, failed to take into account possible hazards, failed to act in a reasonable and prudent manner, and was otherwise careless and negligent.**

**Defendant will rely upon all facts contained in these and other interrogatories, all discovery, and any and all facts that continuing investigation, examination and cross-examination may reveal. Discovery and investigation continue and Defendant retains the right to amend, modify or supplement their response to this request.**

4. State the names and addresses of all persons who have knowledge of any relevant facts relating to the case.

**Upon advice of counsel, Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects to this interrogatory to the extent it seeks to invade the attorney-client communication privilege and attorney work-product doctrine. By way of further response and without waiving the foregoing general objections, upon information and belief, persons with knowledge of the subject accident include: all parties to this lawsuit; all persons named in these and other interrogatories; all persons named in all other discovery; any and all eyewitnesses, including Kate Van Ness, Assistant Store Manager; any and all investigating police officers; any and all examining physicians; the custodians of any and all relevant medical records; the custodians of any and all relevant records, and any other witnesses or persons with relevant knowledge which continuing discovery, investigation, examination, and cross-examination may reveal. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

5. State (a) the name and address of any person who has made a statement regarding this lawsuit; (b) whether the statement was oral or in writing; (c) the date the statement was made; (d) the name and address of the person to whom the statement was made; (e) the name and address of each person present when the statement was made; and (f) the name and address of each person who has knowledge of the statement.

 Unless subject to a claim of privilege, which must be specified: (g) attach a copy of the statement, if it is in writing; (h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who has custody of it; and (i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

**Upon advice of counsel, Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects to this interrogatory to the extent it seeks to invade the attorney-client communication privilege, work-product and attorney work-product doctrines. Subject to, and without waiving the foregoing objections, and those incorporated by reference, see attached Customer Incident Investigation Report, bate stamped BBB-000001-000005. This document should not be construed as an adoptive admission on behalf of Defendant.**

5

**In addition, Defendant identifies any statements as they may appear to be contained in the medical records/charts and treating notes of the Plaintiff regarding the incident alleged in Plaintiff's Complaint. Furthermore, adverse party statements may also appear in Plaintiff's discovery responses and at depositions, all of which are hereby identified by reference hereto upon their completion during discovery.**

**Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

6.      If you claim that the plaintiff made any statements or admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

**Defendant hereby incorporates by reference its objections and response to Interrogatory No. 5 above.**

7.      If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

**Upon advice of counsel, Defendant objects as this interrogatory is overbroad, unduly burdensome, harassing, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, calls for information that is equally or more readily available to Plaintiff, impermissibly seeks to obtain the impressions, conclusions, or opinions of counsel, and seeks information protected by the attorney-client privilege, the work-product doctrine, discovery exemptions afforded to consulting experts, trial preparation materials, and/or information afforded any other applicable protection or privilege. See R. 4:17-5. Propounding Party is referred to the general denial of the Answer and to the affirmative allegations and/or affirmative defenses set forth therein. New Jersey case law permits a defendant in a lawsuit to file a general denial to a Complaint by asserting various affirmative defenses and/or affirmative allegations, which are pled to preserve them since investigation and discovery may give rise to facts that serve as a basis for such affirmative defenses and/or affirmative allegations.**

**Upon further advice of counsel, Plaintiff failed to exercise the appropriate degree of due care and circumspection commensurate with the existing circumstances, failed to make reasonable safety observations, failed to take into account possible hazards, failed to act in a reasonable and prudent manner, and was otherwise careless and negligent.**

**Defendant will rely upon all facts contained in these and other interrogatories, all discovery, and any and all facts that continuing investigation, examination, and cross-examination may reveal. Defendant reserves the right to supplement this interrogatory with any and all**

relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.

8.  State the names and addresses of all eyewitnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

**Upon advice of counsel, Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects to this interrogatory to the extent it seeks to invade the attorney-client communication privilege, work-product and attorney work-product doctrines. Subject to, and without waiving the foregoing objections, and those incorporated by reference, Defendant is unaware of any eyewitnesses at this time. Discovery and investigation continue and Defendant retains the right to amend, modify or supplement its response to this request.**

9.  If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

**Upon advice of counsel, Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, and overbroad. In addition, this interrogatory seeks information that may be protected from disclosure by the attorney-client privilege and/or work product doctrine. By way of further response and without waiving the foregoing general objections, Defendant is not presently aware of any photographs or videos related to the incident alleged by Plaintiff. Defendant additionally reserves the right to rely upon GoogleMaps or GoogleEarth images depicting the general location where Plaintiff alleges the accident that is the subject of the Complaint occurred. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

10. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses.

**Defendant will identify all experts and supply its reports if and when such experts are retained to testify at trial. Defendant reserves the right to supplement this interrogatory in accordance with <u>R</u>. 4:10-2. Defendant reserves the right to call an expert witness, any expert witness named in Answers to Interrogatories propounded, answered by, and exchanged between the parties, any expert named in any record, report, pleading, documents, correspondence, and any expert named in any depositions taken or to be taken in the within matter.**

**Any and all narrative reports to be provided are furnished with the specific understanding that they do not constitute adoptive admissions. <u>Sallo v. Sabatino</u>, 146 N.J. <u>Super.</u> 416 (App.**

**Div. 1976), cert. denied 75 N.J. 24 (1977) and Skibinski v. Smith, 206 N.J. Super. 349 (App. Div. 1985).**

**Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

11.     If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state:  (a) the date of said accident; (b) the injuries you contend that plaintiff sustained; (c) the parties involved in said accident; (d) the source from which you obtained the information; and (e) attach a copy of any written documents regarding this information.

**Upon advice of counsel, Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, and overbroad. By way of further response and without waiving the foregoing general objections, upon information and belief, Defendant is unaware of any prior or subsequent accidents at this time. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

12.     If you intend to rely on any statute, rule, regulation or ordinance, state the exact title and section.

**Upon advice of counsel, Defendant objects to this interrogatory on the grounds that it seeks to invade the attorney work-product doctrine, in that it calls for the disclosure of Defendant's trial strategy.  Subject to, and without waiving the foregoing objections, Defendant intends to rely on any and all applicable statutes, regulations or ordinances. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

13.     Pursuant to R. 4:10-2(b), state whether there are any insurance agreements including excess policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

If the answer is "yes", attach a copy of each insurance agreement or policy, or in the alternative state:  (a) number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) name and address of person who has custody and possession thereof; and (i) where and when each policy or agreement can be inspected and copied.

**Upon advice of counsel, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information which is neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and seeks inadmissible and irrelevant information beyond the scope of Defendant's**

274977848v.1

obligations under the New Jersey Court Rules. Subject to, and without waiving the foregoing objections, and those incorporated by reference:

> **Safety National Casualty Corp.**
> **Policy No.: 112250488**
> **Policy Dates: March 1, 2020 to February 28, 2021**
> **Policy Limits: $3,000,000 combined bodily injury limit.**

14. Identify all documents that may relate to this action, and attach copies of each such document.

**Upon advice of counsel, Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects that this interrogatory is unduly burdensome and harassing. Defendant may rely upon all information contained in answers to interrogatories, notice to produce, demands for admissions, investigative reports, depositions, medical records, and any other information which continuing discovery and information may reveal. Subject to, and without waiving the foregoing objections, and those incorporated by reference, see attached Customer Incident Investigation Report, bate stamped BBB-000001-000005. This document should not be construed as an adoptive admission on behalf of Defendant. Defendant retains the right to amend this interrogatory answer with any and all relevant facts or materials which continuing discovery, investigation, examination and cross-examination may reveal.**

15. State whether you have ever been convicted of a crime. YES (   ) or NO (   ).
    If the answer is "yes," state: (a) date; (b) place; and (c) nature.

    **Not applicable.**

# ANSWERS TO FORM C(2) INTERROGATORIES

1.    If the accident or occurrence took place on or about any particular premises, area or location, or involved the use or presence of any object, thing, vehicle, equipment or property, state the name and address of the owner thereof.

**Upon advice of counsel, Defendant objects to this request on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects that this request is unduly burdensome and harassing. Subject to, and without waiving the foregoing objections, and those incorporated by reference, see Defendant's response to Form C Interrogatory #2.**

2.    If anyone other than the owner had any interest, custody, or possession or was in charge of such premises, area, location, object, thing, vehicle, equipment or property, state:  (a) the name and address of such person, firm or corporation; and (b) the nature and extent of such interest, custody, possession or charge.

**Upon advice of counsel, Defendant objects to this request on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects that this request is unduly burdensome and harassing. Subject to, and without waiving the foregoing objections, and those incorporated by reference, see Defendant's response to Form C Interrogatory #2. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

3.    If you were not present at the time of the accident or occurrence, state: (a) whether you had notice or knowledge thereof; (b) when, where, in what manner and from whom such notice or knowledge was received or acquired; and (c) whether there was any person(s) acting on your behalf present on the premises at the time of plaintiff's injury and, if so, include their name(s) and address(es).

**Upon advice of counsel, Defendant objects to this request on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects that this request is unduly burdensome, harassing, and seeks information protected by the attorney-client privilege, attorney work product and materials prepared in anticipation of litigation. Subject to, and without waiving the foregoing objections, and those incorporated by reference, upon advice of counsel, see Defendant's Responses to Form C Interrogatories #2, #4, and #8. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

4.    If prior to the accident or occurrence, you had actual notice or knowledge of the conditions, artificial or natural, alleged by the plaintiff to have caused or resulted in the accident or occurrence, state:  (a) on what date you had such actual notice or first acquired such knowledge; and (b) the manner in which such notice or knowledge was received or acquired.

**Upon advice of counsel, Defendant objects to this request on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects that this request is unduly**

**burdensome, harassing, and seeks information protected by the attorney-client privilege, attorney work product and materials prepared in anticipation of litigation. Subject to, and without waiving the foregoing objections, and those incorporated by reference, Defendant did not have any notice or knowledge of, nor was Defendant aware of any alleged "artificial or natural conditions" that may have resulted in Plaintiff's alleged accident. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

5.  If the complaint or any answers to interrogatories by plaintiff allege that artificial conditions caused or resulted in the accident or occurrence or was causally related thereto, state when and by whom such artificial conditions were created.

**Upon advice of counsel, Defendant objects to this request on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects that this request is unduly burdensome, harassing, and seeks information protected by the attorney-client privilege, attorney work product, and materials prepared in anticipation of litigation. Subject to, and without waiving the foregoing objections, and those incorporated by reference, Defendant did not have any notice or knowledge of, nor was Defendant aware of any alleged "artificial conditions" that may have resulted in Plaintiff's alleged accident. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

6.  If you had notice of or were in any manner made aware of any such artificial conditions, state when and what steps you took to eliminate them or make them safe or give any notice of their existence.

**Upon advice of counsel, Defendant objects to this request on the grounds that it is compound, vague, ambiguous and overbroad. Defendant further objects that this request is unduly burdensome, harassing and seeks information protected by the attorney-client privilege, attorney work product and materials prepared in anticipation of litigation. Subject to, and without waiving the foregoing objections, and those incorporated by reference, Defendant did not have any notice or knowledge of, nor was Defendant aware of any alleged "artificial conditions" that may have resulted in Plaintiff's alleged accident. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

7.  Do you, or does any person acting on your behalf, have any reports concerning the occurrence of plaintiff's injury?

    If the answer is "yes", state: (a) the full name, present or last known address and telephone number of the person making it; (b) the date made; (c) the purpose of each report, including, but not limited to, investigatory or accident report; (d) the field of expertise and relationship to you of the person making it; (e) whether or not it was made in the regular course of business; (f) the findings; (g) whether it was written or oral; and (h) if written, attach a copy hereto, and if oral, set forth the substance thereof.

11

274977848v.1

**Upon advice of counsel, Defendant objects to this request on the grounds that it is compound, vague, ambiguous, and overbroad. Defendant further objects to this interrogatory to the extent it seeks to invade the attorney-client communication privilege and attorney work-product doctrine. Subject to, and without waiving the foregoing objections, and those incorporated by reference, see attached Customer Incident Investigation Report, bate stamped BBB-000001-000005. This document should not be construed as an adoptive admission on behalf of Defendant. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination and cross-examination may reveal.**

8.     State whether any repairs were made to the premises or property after plaintiff's injury.
    If the answer is "yes", state:  (a) the full name and present or last known address of each person who endeavored to correct the condition; (b) indicate the nature of the work performed; and (c) describe in detail the exact nature and location of the condition as it was found to exist prior to any work performed.

**Defendant hereby incorporates by reference its objections and responses to Form C(2) Interrogatory Nos. 4-6 above.**

9.     Do you claim that plaintiff was not lawfully on said premises at the time of the occurrence of the injury?

    If the answer is "yes", state: (a) what you claim to be the legal status of plaintiff at said time; (b) the factual basis of your claim.

**Upon advice of counsel, Defendant objects to this request as it calls for a legal conclusion. Defendant further objects to this request on the grounds that it is compound, vague, ambiguous, and overbroad. In addition, Defendant objects that this request is unduly burdensome, harassing, and seeks information protected by the attorney-client privilege, attorney work product and materials prepared in anticipation of litigation. Subject to, and without waiving the foregoing objections, and those incorporated by reference, not at this time. Defendant retains the right to amend this interrogatory answer with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.**

## **CERTIFICATION**

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the answers are willfully false I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me and if such become later known or available, I shall serve them promptly on the propounding party.

Dated: _1/12/2023__               Title: ___Maria Iorlano_____
                                         _____
                                         On Behalf of Bed Bath & Beyond Inc.

274977848v.1

Forms

Claim Status

Approved for TPA

Claim Number

00000

Internal Tracking #

▉▉▉▉▉▉▉▉

| Store Info | Incident Info | Customer Info | LP Questionare | Print View |

BBB-000001

**Manager must complete this form and submit it within 24 hours of the alleged incident.**
In the event of a customer accident, it is the responsibility of the manager closest to the scene to take charge. The store manager, or the manager in charge, should be immediately notified and should direct activities from the time they arrive on the scene.

The store manager/management shall first complete an Employee Accident Investigation to interview the employee involved at the time of accident/injury to properly gather all information to complete the Incident Investigation Report in its entirety.

**Store #**
207

**Date of Incident**
11/12/2020

**Time of Incident**
2:15:00 PM

**Date Notified**
11/12/2020

**Phone #**
856-228-1256

**Prepared By**
Kate.VanNess

**Title**
ASM

## Description of Alleged Incident in Detail (as provided by Customer):

Note: Unless otherwise indicated, all information regarding alleged incident is provided by the customer. No statements or information contained in this report shall constitute an admission by BBB. All information is gathered and recorded solely for purposes of investigation.

**Location of Alleged Incident**
Cookware/Electrics

**What happened?**
Customer walking by the fry pan wall and a wok (upc:718117881237) fell off the hook and hit her on the top of the foot.

**How did it happen?**
Customer passing by

**Was the customer handling an object?**
○ Yes
● No

**If YES, what object?**

**Was a product sold at the store involved in the incident?**
● Yes
○ No

**If YES, please provide:**

| Vendor Name | SKU# |
|---|---|
| Creative Home & Kitchen | 60346049 |

| UPC# | Model# |
|---|---|
| 718117881237 | asian wok 5pc |

BBB-000002

**Was the product secured and tagged for safekeeping at the store in accordance with Chain of Custody Program?**

Note: Company policy requires that any product involved in an incident be tagged and sent to Corporate Risk Management for safekeeping.

**Was the product secured**

- ● Yes
- ○ No

**Were photographs taken?**

- ○ Yes
- ● No

If YES, provide the name of the person who took photos and the date. Hold the photos in a secure location for safekeeping until requested by the TPA.

**Photographer Name**

**Date Taken**

**Was the incident caught on video?**

- ○ Yes
- ● No

If YES, you must immediately make a copy of the video and hold in a secure location for safekeeping until requested by the TPA.

**Witness Information: (Name, Address, Home Phone, Work Phone, Relationship to BBB)**

**Number of Witnesses**

0

**Witness Information**

Witness Information

**Were authorities contacted? If so, provide name of the specific authority (e.g. Springfield Police Dept, State Police, etc.), officer's name and officer's badge number:**

---

**Cust. First Name**

Penelope

**Last Name**

Dyczkowski

**Home Address**

22 Mary Ellen Ln.

**City**

Sicklerville

**State/Province**

nj

**Zip/Postal Code**

**Phone**

**Gender**

Female

**Email**

penniduc@hotmail.com

**Alleged Caused of Incident**

Struck by Falling Object from height of 6 feet and below - shopping level

**If Others, Explain**

**Describe Object:**

5pc wok set

**Specific Primary Body Part (mark all that apply)**

- [ ] Head
- [ ] Face
- [ ] Eyes
- [ ] Nose
- [ ] Neck
- [ ] Right Shoulder
- [ ] Left Shoulder
- [ ] Back
- [ ] Right Arm
- [ ] Left Arm
- [ ] Right Elbow
- [ ] Left Elbow
- [ ] Right Wrist
- [ ] Left Wrist
- [ ] Right Hand
- [ ] Left Hand
- [ ] Right Thumb
- [ ] Left Thumb
- [ ] Fingers
- [ ] Right Knee
- [ ] Left Knee
- [ ] Right Leg
- [ ] Left Leg
- [ ] Right Ankle
- [ ] Left Ankle
- [x] Right Foot
- [ ] Left Foot
- [ ] Right Toes
- [ ] Left Toes
- [ ] Other

**If Other, explain**

**Specific Nature of Alleged Incident**

- [ ] Bruise
- [ ] Burn
- [ ] Concussion
- [ ] Cut
- [ ] Foreign Body
- [ ] Inflammation
- [ ] Multiple Injuries
- [ ] Sprain/Strain
- [ ] Unknown
- [ ] Other

**If Other or Multiple, explain:**

**Medical Provider Information:**

**How Alleged Incident was Handled**

First aid at store

**Doctor Information: (Name, Address, City, State, Zip, Phone, Extension, County)**

Dawn Topper1A Regulus DrTurnersville, NJ 08012856-256-7513

**Hospital Information: (Name, Address, City, State, Zip, Phone, Extension, County)**

Jefferson Washington Township Hospital435 Hurffville BBB-000004ys Rd Washington Township, NJ 08080 (856) 582-2500

If Ambulance responded, provide name, Address and Phone of Ambulance Company
 Not Applicable

Answer YES if the following situations apply:
 *Customer appeared fine and claimed they were okay
 *Customer refused medical treatment
 *Customer did not receive medical attention in store

Is this a RECORD ONLY claim?
○ Yes
● No

Does customer want to be contacted?   (Please Note: If the customer wants to be contacted, this cannot be a record only report.)
● Yes
○ No

Additional Comments: (Provide facts only. Do not provide opinions or speculation of cause of incident.)

Describe conditions of flooring (i.e., liquid, debris, display items on floor, worn or damaged carpeting, damaged wood, damaged transition strip, etc.):
 Clear, dry, clean

Corrective Action Taken by Supervisor/Investigator: (List specific action taken to correct cause of an accident, correct a condition, retrain an employee, etc.)
 Facing of pan removed

Manager's Comments
 Customer will be going to urgent care tonight if pain persists.