**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF GIBBONS P.C. FOR THE PERIOD FROM MAY 23, 2023 THROUGH SEPTEMBER 29, 2023**

| | |
|---|---|
| In re Bed Bath & Beyond, Inc., *et al.* | Applicant: Gibbons P.C. |
| Case No.: 23-13359 (VFP) | Client: Official Committee of Unsecured Creditors |
| Chapter 11 | Case Filed: April 23, 2023 |

**COMPLETITION AND SIGNING THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PURJURY PURSUANT TO 28 U.S.C. § 1746**

RETENTION ORDER ATTACHED

| | |
|---|---|
| /s/ *Robert K. Malone* | November 13, 2023 |
| **Robert K. Malone** | **Date** |

## SECTION I
## SUMMARY OF FEES

Final Fee Application For the Period May 23, 2023
Through September 29, 2023

|  | FEES | EXPENSES |
|---|---|---|
| TOTAL FEES REQUESTED IN APPLICATION: | $179,833.50[1] | $198.00 |
| TOTAL FEES ALLOWED TO DATE: | N/A | N/A |
| TOTAL RETAINER: | N/A | N/A |
| TOTAL HOLDBACK TO DATE: | N/A | N/A |
| TOTAL RECEIVED BY APPLICANT TO DATE: | $0.00 | $0.00 |

| Name of Professional and Title | Year Admitted | Rate | Hours | Fee |
|---|---|---|---|---|
| Peter J. Ulrich, Director | 1986 | $925.00 | 74.3 | $68,727.50 |
| Robert K. Malone, Director | 1985 | $1,075.00 | 25.0 | $26,875.00 |
| Eric B. Udowychenko, Director | 2016 | $565.00 | 29.2 | $16,498.00 |
| James J. Petrucci, Director | 2002 | $750.00 | 2.6 | $1,950.00 |
| Brett S. Theisen, Director | 2011 | $700.00 | 45.7 | $31,990.00 |
| Kyle P McEvilly, Associate | 2021 | $435.00 | 53.6 | $23,316.00 |
| Ellen Rosen, Case Manager | N/A | $325.00 | 0.2 | $65.00 |
| Neal Mitchell, Paralegal | N/A | $245.00 | 0.6 | $147.00 |
| Robin Traylor, Librarian | N/A | $265.00 | 1.0 | $265.00 |
| **Total** | | | **232.2** | **$169,833.50** |

## SECTION II
## SUMMARY OF SERVICES

| Service Code | Services Rendered | Hours | Fee |
|---|---|---|---|
| B110 | Case Administration | 7.30 | $3,440.00 |
| B120 | Asset Analysis and Recovery | 1.90 | $1,330.00 |
| B130 | Asset Disposition | 5.30 | $3,129.00 |
| B150 | Meetings of and Communications with Creditors | 3.40 | $2,172.00 |
| B160 | Fee and Employment Applications | 44.20 | $22,981.50 |
| B240 | Tax Issues | 158.10 | $128,646.00 |
| B320 | Plan and Disclosure Statement | 8.60 | $6,020.00 |
| L450 | Trial and Hearing Attendance | 3.40 | $2,115.00 |

---

[1] The total fees requested include an estimated $10,000.00 for fees incurred post-effective date for the preparation of this first and final fee application, of which $3,697.50 for 8.5 hours of services rendered is reflected in **Exhibit D** attached hereto.

2

### SECTION III
### SUMMARY OF DISBURSEMENTS

| Disbursements | Fee |
|---|---|
| Legal Research - Lexis | $198.00 |

### SECTION IV
### CASE HISTORY

(1) Date cases filed: April 23, 2022.

(2) Chapter under which cases commenced: Chapter 11.

(3) Date of retention: July 20, 2023, effective as of May 24, 2023.

    If limit on number of hours or other limitations to retention: No.

(4) Summarize in brief the benefits to the estate and attach supplements as needed:

    *See* narrative portion of fee application.

(5) Anticipated distribution to creditors:

    (a) Administrative expense creditors: Paid in full.

    (b) Secured creditors: To be paid in accordance with the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (the "Plan"). *See* Exhibit A to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [ECF No. 2172].

    (c) Priority creditors: To be paid in accordance with the Plan.

    (d) General unsecured creditors: To be paid in accordance with the Plan.

(6) Final disposition of case and percentage of dividend paid to creditors (if applicable):

    The exact percentage of dividend paid to creditors is unknown at this time.

**GIBBONS P.C.**
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Kyle P. McEvilly, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
E-Mail: rmalone@gibbonslaw.com
      btheisen@gibbonslaw.com
      kmcevilly@gibbonslaw.com

*Special Counsel to the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> **BED BATH & BEYOND, INC.,** *et al.*,[1] <br><br> Debtors. | Hon. Vincent F. Papalia <br> Chapter 11 <br> Case No. 23-13359 (VFP) <br> (Jointly Administered) |

**FIRST AND FINAL APPLICATION OF GIBBONS P.C. FOR COMPENSATION OF
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM MAY 23, 2023 THROUGH SEPTEMBER 29, 2023**

Gibbons P.C. ("Gibbons" or the "Firm"), as special counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), hereby submits this first and final application for compensation of professional services rendered and reimbursement of expenses (the "Application") pursuant to (i) section 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1

---

[1] The last four digits of Debtor Bed Bath & Beyond, Inc.'s tax identification number are 0488. A complete list of the Debtors in the Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond, Inc.'s principal place of business and the Debtors' service address in the Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (iv) *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases* (the "U.S. Trustee Guidelines") and (v) the *Order Granting Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained By Order of this Court* (the "Interim Fee Order") [ECF No. 377]. In support of the Application, Gibbons relies upon the *Declaration of Robert K. Malone Pursuant to 28 U.S.C. § 1746 in Support of the First and Final Application of Gibbons P.C. for Compensation of Professional Services Rendered and Reimbursement of Expenses for the Period from May 23, 2023 through September 29, 2023,* attached hereto as **Exhibit A**, and respectfully represents as follows:

## BACKGROUND

1. On April 23, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court (collectively, the "Chapter 11 Cases") [*See* ECF No. 1].

2. On May 5, 2023, the Office for the United States Trustee for Region Three (the "U.S. Trustee") appointed the Committee, consisting of the following members: (i) Ryder Integrated Logistics, Inc.; (ii) The Bank of New York Mellon; (iii) Intersoft Data Labs Inc.; (iv) KDM P.O.P. Solutions Group; (v) Shark Ninja Operating LLC; (vi) Lenox Corporation; and (vii) SITE Centers Corp. [ECF No. 218].

3. On May 17, 2023, the Court entered the Interim Fee Order, which, among other things, establishes certain procedures for the submission and payment of interim and final fee applications in the Chapter 11 Cases [ECF No. 377].

2

4. On July 20, 2023, the Court entered an *Order Authorizing the Employment and Retention of Gibbons P.C. as Special Counsel for the Official Committee of Unsecured Creditors Effective as of May 24, 2023* (the "Retention Order") [ECF No. 1424]. A true and correct copy of the Retention Order is attached hereto as **Exhibit B**.

5. On September 14, 2023, the Court entered an order confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (the "Plan"), which became effective on September 29, 2023 [ECF Nos. 2172, 2311].

### SUMMARY OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES REQUESTED

6. By the Application, Gibbons seeks entry of an order, substantially in the form attached hereto as **Exhibit C**, approving on a final basis, (a) professional compensation in the total amount of $179,833.50 (inclusive of estimated fees incurred for the preparation of the Fee Application) rendered by Gibbons professionals and paraprofessionals and (b) reimbursement of reasonable and necessary expenses incurred in connection with the professional services rendered in the total amount of $198.00, for the period from May 23, 2023 through September 29, 2023 (the "Application Period"), which are set forth in the Firm's invoice attached hereto as **Exhibit D**.

7. Gibbons rendered reasonable and necessary professional services as requested by the Committee and its professionals. During the Compensation period, Gibbons' blended hourly rate for serves rendered (considering the estimated amounts for preparation of this Application) was $774.00, which included 176.8 hours performed by Directors, 53.6 hours performed by an Associate, and 1.8 hours performed by paraprofessionals and administrative personnel. The following summaries describe certain work performed by Gibbons, which is organized by project category, as required by the U.S. Trustee Guidelines.

3

**A. Tax Issues**

8. Gibbons primarily worked with the Committee's other professionals to develop a strategy to preserve the Debtors' tax attributes, including net operating losses, for the benefit of their unsecured creditors. Ultimately, due to the expedited nature of the Chapter 11 Cases, complexity of the Chapter 11 Cases, and limited nature by which an entity may transfer certain tax attributes, no post-confirmation corporate structure was implemented through the Plan to monetize the Debtors' net operating losses. Many of the other categories of work performed by the Firm, including Asset Analysis and Recovery, Asset Disposition, and Plan and Disclosure Statement, overlapped with and complemented the Firms' services in connection with Tax Issues.

**B. Fee and Employment Applications**

9. Gibbons, as required by the Bankruptcy Code, Bankruptcy Rules, and Local Rules, prepared, filed and served its retention application and this Application, which requests compensation and reimbursement of expenses for the entire length of the Firm's engagement during the Chapter 11 Cases. To ensure that Gibbons complied with the foregoing authority, Gibbons personnel performed conflict searches on over 2000 interested parties and thoroughly examined each conflict search report to adequately disclose all connections with such parties. Gibbons' fees incurred in these categories were reasonable and necessary in light of the demands imposed on retained professionals and magnitude of parties involved in the Chapter 11 Cases.

**C. Case Administration, Asset Analysis and Recovery, Asset Disposition, Meetings of and Communications with Creditors, Plan and Disclosure Statement and Trial and Hearing Attendance**

10. As indicated above, services rendered in these categories overlapped with and complemented the Firm's services in connection with Tax Issues. This included reviewing pleadings filed with the Court, reviewing and analyzing the Debtors' financials concerning net

4

operating losses, communicating with unsecured creditors, including certain bond holders, analyzing the Debtors' disclosure statement and chapter 11 plan, and attending hearings conducted by the Court. The Firm's services in these categories were necessary and reasonable, as its goal was to preserve and monetizes the Debtor's net operating losses, and certain events during these Chapter 11 Cases necessarily impacted the ability to do so, including the sale of the Debtors' assets and change in ownership of the Debtors.

## **VALUATION OF SERVICES**

11. Section 330 of the Bankruptcy Code sets forth the extent of compensation allowed to professionals employed under section 328 of the Bankruptcy Code. Under section 330(a), bankruptcy courts may award only reasonable compensation for actual, necessary services rendered by a professional. *See* 11 U.S.C. § 330(a). Reasonableness is based upon, among other things, (i) the nature of the services provided; (ii) the extent of the services; (iii) the value of the services; (iv) the time spent on the services; and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3d Cir. 1994); *In re Lan Assoc. IX, L.P.*, 192 F.3d 109, 122 (3d Cir. 1999). Gibbons respectfully submits that this Application is reasonable when measured in light of the factors governing the Court's analysis and that all of the services performed by the Firm were actual and necessary services. In the seminal case of *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), twelve (12) factors were set forth, which courts are encouraged to consider when determining whether fees requested are reasonable for purposes of section 330(a). The factors include:

(1) The time and labor required;

(2) The novelty and difficulty of the questions presented;

(3) The skill requisite to perform the legal service properly;

5

(4) The preclusion of other employment by the attorney due to the acceptance of the case;

(5) The customary fee charged by the applicant;

(6) Whether the fee is fixed or contingent;

(7) The time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client; and

(12) The extent of awards in similar cases.

12. The Firm submits that, under all of the applicable criteria to bankruptcy cases, and based upon the factors to be considered under section 330 of the Bankruptcy Code, the compensation sought herein is reasonable based upon customary compensation charged by comparably skilled practitioners in non-bankruptcy matters.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code.

## NOTICE

14. Notice of the Application has been provided to (i) Bed Bath & Beyond Inc., 650 Liberty Avenue, Union, New Jersey 07083, Attn: David Kastin (david.kastin@bedbath.com) (ii) Cole Schotz P.C., as co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack,

New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com) ; (iii) Kirkland & Ellis LLP, as co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com), Emily E. Geier, P.C. (emily.geier@kirkland.com), Derek I. Hunter, Esq. (derek.hunter@kirkland.com); (iv) the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele, Esq. (fran.b.steele@usdoj.gov), John Schanne, Esq. (john.schanne@usdoj.gov), and Alexandria Nikolinos, Esq (alexandria.nikolinos@usdoj.gov); (v) counsel for JPMorgan Chase Bank, N.A. in its capacities as ABL agent under the Debtors' prepetition ABL facility and post-petition debtor in possession financing facility: Davis Polk & Wardwell, LLP, 450 Lexington Avenue, Boston, MA, 02110, Attn: Adam L. Shpeen, Esq. (adam.shpeen@davispolk.com), Steven Z. Szanzer, Esq. (szanzer@davispolk.com) and Michael Pera, Esq. (michael.pera@davispolk.com); (vi) counsel for Sixth Street Specialty Lending, Inc. in its capacities as FILO agent under the Debtor's prepetition ABL facility and post-petition debtor in possession financing facility: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David M. Hillman, Esq. (dhillman@proskauer.com) and Megan R. Volin, Esq. (mvolin@proskauer.com); (vii) counsel for the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Colin R. Robinson (crobinson@pszjlaw.com) via electronic mail, and all other parties that have formally requested notice in the Chapter 11 cases via the Court's CM/ECF System.

**WHEREFORE**, Gibbons respectfully requests entry of an order (i) allowing, on a final basis, compensation for reasonable and necessary services rendered to the Committee in the total amount of $179,833.50 and reimbursement of expenses incurred in the total amount of $198.00 for the period from May 23, 2023 through September 29, 2023; (ii) authorizing and directing the Debtors to pay Gibbons the allowed fees and expenses; and (iii) granting such other relief that the Court finds just and proper.

Dated: November 13, 2023
Newark, New Jersey

**GIBBONS P.C.**

By: /s/ *Robert K. Malone*
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Kyle P. McEvilly, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
E-Mail: rmalone@gibbonslaw.com
   btheisen@gibbonslaw.com
   kmcevilly@gibbonslaw.com

*Special Counsel to the Official Committee of Unsecured Creditors*