# TENANT ESTOPPEL CERTIFICATE

To: Series D, LLC and its successors and assigns

From: Bed Bath & Beyond Inc., a New York corporation ("**Tenant**")

Re: Bed Bath & Beyond #1107 – San Marcos, Texas

     The undersigned is Tenant under that certain Lease Agreement dated as of September 29, 2005 (the "**Lease**") between Lincoln PO Red Oak Village, LP ("**Landlord**") and Tenant, demising premises (the "**Premises**") in Red Oak Village (the "**Shopping Center**"), located in San Marcos, Texas. Tenant certifies, as of the date set forth below, as follows:

1. To Tenant's knowledge, the Lease is in full force and effect and has not been modified, amended or supplemented except as set forth on Schedule A attached hereto and made a part hereof. As hereinafter used, the term "Lease" shall mean the Lease as modified, supplemented and amended as set forth on Schedule A. Except for the Lease, there are no other agreements between Landlord and Tenant relating to the Premises or the Shopping Center, and Tenant has not delivered any notice of termination of the Lease to Landlord or to any other party.

2. The Rent Commencement Date was November 28, 2006, and rent has been paid to date.

3. Except as specifically permitted by the terms of the Lease, no Rent or Additional Rent has been prepaid more than one month in advance. There are no rental or other payments payable by Tenant with respect to the Lease except for those specifically set forth in the Lease.

4. Tenant has not delivered any notice of default to Landlord with respect to matters which remain uncured as of the date hereof. Tenant has not received any notice of default from Landlord with respect to matters which remain uncured as of the date hereof.

5. The Lease has not been assigned by Tenant and no portion of the Premises has been subleased.

6. No security deposit is payable by Tenant under the Lease.

7. Nothing contained herein shall amend, waive or rescind any of the terms or conditions of the Lease or relieve Landlord from any of its obligations under the Lease. Without limiting the foregoing, Tenant hereby reserves all of its rights and remedies under the Lease with respect to the Common Area Charges for

Series D, LLC and its successors and assigns
November 17, 2010
Page 2

    calendar years 2008 - 2010 (including, without limitation, the right to perform an audit of same as permitted under the Lease).

8. The liability of Tenant with respect to this Certificate shall be limited in the manner provided in Section 23.14 of the Lease.

9. The undersigned is duly authorized to execute this Certificate. Any reliance on the statements made herein is limited solely to the addressee hereof and shall not be for the benefit of any third party. Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Lease.

                                    BED BATH & BEYOND INC.

Dated: As of November 17, 2010        By: _____
                                                   Allan N. Rauch
                                                   Vice President – Legal and
                                                   General Counsel

J:\RealEst\Stores\1107 (San Marcos, TX)\estoppel - Nov 2010

Series D, LLC and its successors and assigns
November 17, 2010
Page 3

# SCHEDULE A TO ESTOPPEL CERTIFICATE
# FOR STORE #1107, SAN MARCOS, TEXAS

1. Letter from Lincoln Property Company to Tenant dated August 24, 2009 regarding their new mailing address.

2. Letter from Lincoln Property Company to Tenant dated April 20, 2009 regarding Landlord's new notice address.

3. Letter from Tenant to Landlord dated November 29, 2006 consenting to the operation of a typical Taco Bueno restaurant in the Shopping Center.

4. Subordination, Non-Disturbance and Attornment Agreement between Southwest Bank and Tenant, executed by Tenant only, and sent to Landlord on July 28, 2010.

5. Rent Commencement and Expiration Date Agreement dated as of February 14, 2007.

6. Subordination, Non-Disturbance and Attornment Agreement dated as of September 29, 2006 between JPMorgan Chase Bank, N.A. and Tenant and recorded on October 27, 2006 in the Hays County, TX Clerk's Office as Doc. #06032679 in Book OPR, Vol. 3039, Page 866.

7. Memorandum of Lease dated as of September 26, 2005 and recorded on December 29, 2005 in the Hays County, TX Clerk's Office as Doc. #05037454 in Book OPR, Vol. 2834, Page 263.

8. Letter Agreement dated July 18, 2005 between Marmaxx Operating Corp. and Tenant regarding exclusive use matters.

9. Letter Agreement dated October 25, 2005 between Ross Dress For Less, Inc. and Tenant regarding exclusive use matters.

J:\RealEst\Stores\1107 (San Marcos, TX)\estoppel - Nov 2010

1                                   Exhibit N

2                                   Marshall's Agreement



**BED BATH & BEYOND**
Beyond any store of its kind.

**Corporate Office**
650 Liberty Avenue
Union, NJ 07083
908/688-0888

July 18, 2005

Marmaxx Operating Corp.
770 Cochituate Road
Framingham, MA 07101

     RE:     Red Oak Village Shopping Center –
              San Marcos, TX (the "Shopping Center")

Ladies and Gentlemen:

        Reference is made to the Shopping Center, for which Marmaxx Operating Corp. ("MARMAXX"), and Bed Bath & Beyond Inc. ("BBB") are each either negotiating or have executed a lease for their respective retail premises. Notwithstanding the "exclusive use" provisions contained or to be contained in the respective leases of premises to BBB (the "BBB Lease") or MARMAXX (the "MARMAXX Lease"), BBB and MARMAXX hereby agree that only the following restrictions shall apply with respect to their respective premises so long as both the BBB Lease and the MARMAXX Lease remain in effect:

        1. Neither MARMAXX, nor any assignee(s) of the MARMAXX Lease, nor any sublessee(s) of all or any portion of the premises demised to MARMAXX pursuant to the MARMAXX Lease (the "MARMAXX Premises") shall use the MARMAXX Premises primarily as either (1) a home furnishings/linens/domestics store of the type currently operated by Bed Bath & Beyond, Linens 'N Things, HomePlace, J.C. Penney Home Store, HomeGoods or Strouds, or (2) a full-line linens/domestics store (e.g., selling sheets, bedspreads, comforters, duvets, pillows, pillow covers, chair pads, placemats, tablecloths, dish towels, etc.). For illustration purposes only, the restriction described above in this paragraph would not prevent the operation of the respective stores known as Pier One, Mikasa, Williams Sonoma, Container Store or Hold Everything, as same currently operate.

        2. Neither BBB, nor any assignees(s) of the BBB Lease, nor any sublessee(s) of all or any portion of the premises demised to BBB under the BBB Lease (the "BBB Premises") shall use, occupy, or devote more than 25,000 square feet of floor area in the BBB Premises for the sale or display of off-price apparel and related accessories (the merchandise referred to above is herein referred to as the *"Protected Merchandise"*). The computation of such floor area shall include on half (1/2) of all floor area in any aisles, corridors or similar spaces adjacent to or abutting any racks, gondolas,

#939089 v5

Marmaxx Operating Corp.
July 18, 2005
Page 2

shelves, cabinets, counters or other fixtures or equipment containing or used for the sale or display of the Protected Merchandise.

3. (a) Notwithstanding anything contained herein, the provisions of this agreement for the benefit of BBB shall be of no further force or effect (and the respective "exclusive use" provisions contained (or to be contained) in the BBB Lease shall no longer apply) from and after the cessation of use of the BBB Premises as a store operating primarily as either a home furnishings/linens/domestics store or a full-line linens/domestics store, for a period of nine (9) consecutive months (which cessation is not attributable to such periods of time which (1) result from alterations or renovations being performed in and to the BBB Premises, or (2) are caused by damage or destruction, eminent domain proceedings or actions, or events of force majeure).

(b) Notwithstanding anything contained herein, the provisions of this agreement for the benefit of MARMAXX shall be of no further force or effect (and the respective "exclusive use" provisions contained (or to be contained) in the MARMAXX Lease shall no longer apply) from and after the cessation of use of the MARMAXX Premises as a store operating primarily as an apparel store, for a period of nine (9) consecutive months (which cessation is not attributable to such periods of time which (1) result from alterations or renovations being performed in and to the MARMAXX Premises, or (2) are caused by damage or destruction, eminent domain proceedings or actions, or events of force majeure).

4. For purposes of this agreement, the term "primarily" shall mean more than forty percent (40%) of the gross building square footage of the applicable premises, as such premises may be relocated, expanded or decreased in size within the Shopping Center from time to time after the premises is initially opened at the size indicated Paragraph 5 below.

5.(a) Notwithstanding anything contained herein, the MARMAXX Premises, as of the date the tenant in the MARMAXX Premises initially opens for business, shall not exceed 31,000 square feet.

(b) Notwithstanding anything contained herein, the BBB Premises, as of the date the tenant in the BBB Premises initially opens for business, shall not exceed 25,300 square feet.

Please sign both of the enclosed counterparts of this agreement and return to the undersigned one fully-executed counterpart of this agreement to confirm your acceptance of and agreement to the foregoing. It shall be a condition precedent to the agreements herein set forth that BBB and MARMAXX each shall have entered into a lease or occupancy agreement for its premises in the Shopping Center within one year after the date hereof.

J:\FORMS\EXCLUSVE\TJ Maxx\San Marcos, TX (2c).doc

Marmaxx Operating Corp.
July 18, 2005
Page 3

      Thank you for your time and cooperation.

      Very truly yours,

      BED BATH & BEYOND INC.

By: _____
      Steven H. Temares
      President – Chief Executive Officer

Confirmed and agreed:
MARMAXX OPERATING CORP.

By: _____
    Ann McCauley
    Secretary/Clerk

By: _____
    Mary B. Reynolds
    Vice President/Treasurer