**WILENTZ, GOLDMAN & SPITZER P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
DAVID H. STEIN, ESQ.
*Attorneys for Levtex, LLC*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., et al.<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Case No.: 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>Hearing Date: January 9, 2024<br>                    at 10:00 a.m. |

### CERTIFICATION OF CHARLES GINN IN SUPPORT OF MOTION BY LEVTEX, LLC FOR ENTRY OF AN ORDER ALLOW PROOF OF CLAIM #3942

**CHARLES GINN**, of full age, hereby certifies as follows:

1. I am the Chief Financial Offer of Movant Levtex LLC, a California limited liability company ("Levtex" or the "Movant").

2. I submit this Certification in support of Levtex's Motion for entry of an order allowing Proof of Claim #3942 in the amount of $395,484.69 (the "Motion").

3. Except where noted otherwise, the facts set forth in this Certification are based on my personal knowledge and/or upon my review of agreements, documents, and records of regularly conducted business activity of Levtex, in connection with Bed Bath & Beyond, Inc. and its affiliates (collectively, the "Debtors") and on a review of the documents filed in this Chapter 11 case.

### BACKGROUND

4. Levtex is a family-owned business.

5. Starting in 2013, Levtex sold the Debtors bedding and decorative accessories on credit.

6. Levtex sold to the Debtors in two different ways. The "import" transactions involved Levtex delivering the goods and the related documents to the Debtors' agents in China. The "domestic" transactions involved delivering the goods to the Debtors' agents—Federal Express—in the United States, with the goods being directly shipped to the Debtors' customers.

7. As of April 23, 2023 (the "Petition Date"), Levtex was owed the principal sum of $395,484.69 for those goods. I attach as Exhibit "1" to this Certification a true copy of a spreadsheet that sets forth all of the invoices that make up that $395,484.69 total, which consists of two portions: $321,730.00 for the "import" transactions between Levtex and the Debtors, and $73,754.69 for the "domestic" transactions between Levtex and the Debtors. (In connection with filing the Proof of Claim, we provided the Debtors all of the underlying supporting documents, such as the invoices and the delivery documents. If, however, the Debtors want, we will provide those documents again.)

8. Nonetheless, the Debtors scheduled Levtex's claim as being only $80,714. I have tried to ascertain how the Debtors came up with that number, but I was unable to reconcile it with any combination of unpaid invoices, statements of account, communications between the parties, or anything else.

9. I therefore communicated with the Debtors to try to understand the scheduled amount of Levtex's claim and, more importantly, to agree on the actual outstanding balance and to correct the scheduled amount.

10. Based on my review of the accounting and my communications with the Debtors, I think I understand the main issue:

2

11. For domestic transactions, as recently as of January 25, 2023, we were able to reconcile Levtex's balances and transactions to the Debtors' domestic orders system's trial balance listing balances owed to Levtex that Debtors' Vendor Relations department (vrrepvendorgroup1@bedbath.com) sent us.

12. In addition, for the import transactions, we have confirmation in writing from a representative of the Debtors of the balance owed to Levtex for the import transactions in Debtors' import system, which matches the balance that Levtex asserts.

13. It appears that the Debtors looked only at its "domestic" accounting system in determining the amount to include in their Schedules—even though, as I discuss below, their Accounting Department *acknowledged* that the Debtors owe Levtex the "import" amount of $321,730.

14. I attach as Exhibit "2" to this Certification a true copy of an email chain between Levtex and the Debtors, from June 2023, redacted of a privileged email from me to Levtex's counsel. The earliest (bottom) emails in that email chain are between Michael Levin (Levtex's President) and the Debtors setting up a call about the discrepancy between the scheduled amount of Levtex's claim and the actual amount. Those emails and the follow-up phone call led the Debtors to send a spreadsheet to Mr. Levin from the Debtor's "Payment Authorization from Nexus portal," which spreadsheet Mr. Levin forwarded to me. I attach as Exhibit "3" to this Certification a true copy of that spreadsheet. That spreadsheet shows that the Debtors owe Levtex $321,730.00—which, as I discuss above, is the total of the invoices for the "import" sales.

15. I then reached out to the Debtors to try to get the scheduled amount of Levtex's claim corrected. I attach as Exhibit "4" to this Certification a true copy of an email chain between me and the Debtor about that issue. In the last (top) email in that chain, the Debtors merely referred me to Kroll, the Debtors' claim agent, which I did in the 5:21 p.m. email on June 7,

3

2023, in Exhibit 3. Of course, Kroll (which is just a claims agent) merely responded by stating that Levtex should file a proof of claim.

16. I am informed that therefore, on June 7, 2023, Levtex, through its counsel, timely filed Proof of Claim #3942 against Liberty Procurement Co. Inc., in the principal amount of $395,484.69. I attach as Exhibit "5" to this Certification a true copy of that Proof of Claim. (In addition, Levtex, through its counsel, emailed the supporting documentation; that documentation is so voluminous that Levtex's counsel could not upload it through the website portal of Kroll, the Debtors' claim agent, given the 5 Mb limitations in that portal, and therefore the Debtors' counsel told Levtex's counsel to email the documentation instead.) In connection with that Proof of Claim, we provided the Debtors a copy of Levtex's spreadsheet—Exhibit 1.

17. I am informed that based on these communications between the Debtors and me, Levtex's attorneys communicated with the Debtors' counsel, to ask the Debtors either to correct their schedules or to explain whether and, if so, how the Debtors disagree with the amount in Levtex's Proof of Claim #3942. I am further informed that the Debtors' counsel did not substantively respond to Levtex's counsel, necessitating this Motion.

18. Levtex understands that the timing of the allowance of Levtex's claim will not affect the timing of distributions to Levtex (assuming there is anything to distribute to general unsecured creditors) for these estates. But, for business reasons, Levtex needs this Court to enter a final order allowing Levtex's claim.

19. It would appear to be fairly simple matter for the Debtors to provide the breakdown of the balance listed in the Schedules to confirm whether the Debtors incorrectly excluded the import transactions and, if so, for the Debtors to amend the Schedules.

20. For certain business reasons that will not affect the administration of these estates, Levtex needs the Court to enter a final order allowing its claim.

4

I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

I am executing this Certification on this 13th day of November 2023, in Irwindale, California.

_____
Charles Ginn

5