

**DAVID H. STEIN, ESQ.**

T: 732.855.6126
F: 732.726.6570
dstein@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

November 17, 2023

*VIA ECF*
Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut Street, 3rd Floor
Newark, New Jersey 07102

Re:   **Bed Bath & Beyond Inc.,** *et al*
      **Chapter 11/Case No.: 23-13359 (VFP)**

Dear Judge Papalia:

This law firm is counsel to Levtex, LLC ("Levtex" or the "Movant"), a pre-petition supplier of goods to the Debtors. Please accept this letter brief in lieu of a more formal brief in support of Levtex's motion for entry of an Order allowing the general unsecured claim of Levtex filed as Claim No. 3942 (the "Motion"), which Motion is currently returnable on **January 9, 2024, at 10:00 a.m.**

**STATEMENT OF FACTS**
**I.  LEVTEX'S CLAIM**

The facts relevant to the Motion are set forth in the Certification of Charles Ginn filed in support of the Motion (the "Ginn Cert.")[1] being filed simultaneously herewith, which are incorporated by reference herein, and the record of the instant proceedings.

---

[1] Capitalized terms not otherwise defined herein shall have meanings ascribed to them in the Ginn Cert.

#14137636.2 181699.001

Levtex is a family-owned business and a long-time vendor of the Debtors, selling the Debtors bedding and decorative accessories on credit. The Debtors filed their voluntary petitions in bankruptcy on or about April 23, 2023 (the "Petition Date"). As of the Petition Date, Levtex was owed $395,484.69 and timely filed Proof of Claim #3942 against Debtor Liberty Procurement Co. Inc. in that sum.

Despite the amount owed to Levtex, the Debtors have scheduled Levtex as being owed $80,714. (Docket # 573, p. 2.) Levtex cannot "reverse engineer" said amount to match *any* combination of unpaid invoices, statements of account, communications between the parties, or anything else. It is Levtex's belief that the Debtors' scheduled amount of $80,714 relates only to domestic transactions, and incorrectly excludes the balance associated with three import transactions totaling $321,730.

After the Debtors' accounting department, in writing, confirmed to Levtex the accuracy of Levtex's accounting and the amount of its claim, Levtex, through counsel and directly with the Debtors, attempted to have the Debtors amend their schedules to reflect the accurate amount owed to Levtex. The Debtors, however, have not done so to date, nor have their counsel responded substantively.

Levtex understands that the timing of the allowance of Levtex's claim will not affect the timing of distributions to Levtex (assuming that any distributions are to be made to general unsecured creditors) for these estates; however, for business reasons which will not affect the administration of these estates, it is necessary that the Court to enter a final order allowing the Levtex claim as filed.

Hon. Vincent F. Papalia, U.S.B.J
November 17, 2023
Page 3

## II.  THE CHAPTER 11

On the Petition Date, the Debtors filed their voluntary petitions under Title 11, Chapter 11, of the United States Code (the "Bankruptcy Code"). The Court subsequently set a claims bar date of July 7, 2023. (Docket #584.)

On June 7, 2023, Levtex timely filed its Proof of Claim #3942 against Debtor Liberty Procurement Co. Inc., in the amount of $395,484.69.

On September 29, 2023, this Court entered an order (Docket #2311) confirming the Second Amended Plan of Reorganization (Docket #2160) (the "Plan"). The Plan provides a deadline of March 27, 2024 (180 days after confirmation) for objections to claims (Docket #2160, p.7). As the Court is aware, however, such deadlines are often extended, frequently for years.

## LEGAL ARGUMENT

## POINT I

## THIS COURT SHOULD ALLOW LEVTEX'S CLAIM

Section 502(a) of the Bankruptcy Code (the "Code") provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." Section 502(b) further provides that "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount," subject to exceptions not applicable here. Section 502(b) is prefaced with the introductory phrase "if such objection to a claim is made." Such introductory language is certainly how things normally occur: a holder of a general unsecured claim *generally* has no need for a determination of the allowed amount of its claim until distributions on the claim are

#14137636.2 181699.001

Hon. Vincent F. Papalia, U.S.B.J
November 17, 2023
Page 4

made - and before then, either a party in interest will have objected or the automatic/default allowance provision will apply.

The courts, however, do not interpret the introductory clause to require an objection to a claim before the Court may hear a motion to allow the claim, e.g. in connection with efforts to have late - filed claims be treated as though timely. One treatise has stated that "[t]he deadline for filing a proof of claim or interest … is crucial because, with few exceptions, late-filed claims will be *disallowed* (see 11 USC § 502(b)(9))." J. Fitzgerald et al., Rutter Group Practice Guide: Bankruptcy, National Edition (July 2023 Update) ("Rutter/Bankruptcy"), § 17:1170 (emphasis in original). That, however, is not literally correct - the late-filed claim is allowed, but subordinated. Id., § 17:1730, citing 11 U.S.C. 726(a)(3), and In re Drew, 256 B.R. 799, 802-806 (10th Cir. B.A.P. 2001). More importantly, under some circumstances, the late filed claim may be treated as though timely if the late filing was due excusable negligence. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395; see Hefta v. Off'l Comm. of Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3d 127, 133 (3d Cir. 2005). Therefore, an excusably negligent creditor that filed its claim late is not caught in purgatory - subordinated, without the right to file a motion to allow as though timely filed, left to hope that the trustee objects to the claim, which the trustee may/need not do (especially given that there usually are no distributions on late-filed claims), so that the creditor may then raise its excusable negligent in defense. The courts have permitted such a creditor to file a motion to allow the late-filed claim and to treat it as though timely filed, without regard to the introductory language in section 502(b) and without the necessity of an objection to the claim having been filed by some party in interest.

Hon. Vincent F. Papalia, U.S.B.J<br>
November 17, 2023<br>
Page 5

Likewise, Rule 3012 expressly permits any "party in interest" - presumably including the holder of a claim - to seek determination of the amount of a secured claim and/or a priority claim. Again, a party in interest need not wait for an objection to the claim to be filed.

### NOTICE

Notice of this Motion, together with the supporting certification, this letter brief, and a proposed form of Order, have been provided in accordance with the Certification of Service filed herewith.

### NO PRIOR REQUEST

No prior motion for the relief requested in this Motion has been made to this or any other court.

### RESERVATION OF RIGHTS

Movant expressly reserves the right to modify the relief requested in the Motion prior to or at the applicable hearing.

### CONCLUSION

For the foregoing reasons, the Movant respectfully requests entry of an order granting its Motion, allowing its Proof of Claim #3942 substantially in its filed form and for such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**
*Attorneys for Levtex, LLC*


By: /s/ *David H. Stein*
    DAVID H. STEIN

#14137636.2 181699.001