| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Robert J. Feinstein (admitted *pro hac vice*)<br>Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

# LIMITED OBJECTION OF THE PLAN ADMINISTRATOR TO MOTION OF TAMARACK VILLAGE SHOPPING CENTER FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Michael Goldberg, as plan administrator (the "Plan Administrator"),[2] files this limited objection (this "Objection") to the *Motion of Tamarack Village Shopping Center, a Limited Partnership for an Order for Allowance and Payment of Administrative Expense Claim Pursuant*

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] The Plan Administrator has been appointed pursuant to the Debtors' Plan, as defined herein.  The Plan Administrator is responsible for and has the authority to administer certain post-confirmation responsibilities under the Plan on behalf of the Wind-Down Debtors.

DOCS_LA:351901.1 08728/003

LA:4868-9394-0122.2 08728.003

to 11 U.S.C. § 503(b)(1) [Docket No. 2431] (the "Administrative Expense Motion") and respectfully states as follows:

**Background**

1. On April 23, 2023, each of the above-captioned debtors (the "Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Code. During these chapter 11 cases, the Debtors continued to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are procedurally consolidated and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

2. On May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order").

3. On September 11, 2023, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan").[3] On September 14, 2023, the Court entered an Order confirming the Plan (the "Confirmation Order") [Docket No. 2172].

4. On September 29, 2023 (the "Effective Date"), the Debtors filed the *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its*

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

*Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 2311]. Pursuant to the Plan, on the Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors and assumed responsibility for purposes of resolving certain claims, performing claims reconciliation, and objecting to claims.

## Limited Objection

*5.* The Plan Administrator does not object to allowance of the administrative claim of Tamarack Village Shopping Center, a Limited Partnership ("Claimant") in the full amount claimed ($77,491) (the "Tamarack Administrative Claim"), nor does the Plan Administrator object to payment of the Tamarack Administrative Claim in accordance with the Plan and *pro rata* with all other allowed chapter 11 administrative claims and at the same time that distributions are made on all other allowed chapter 11 administrative claims in these cases.

6. The Plan Administrator, however, objects to the Administrative Expense Motion to the extent the Administrative Expense Motion seeks to require the Plan Administrator to pay the Tamarack Administrative Claim immediately, ahead of payment to other holders of allowed administrative claims in these cases.

7. While the Plan contemplates payment of administrative claims on the Effective Date or as they become allowed, such payment is limited to availability of funds in the applicable waterfall funding source:

> . . . each Holder of an Allowed Administrative Claims shall be paid the unpaid portion of its Allowed Administrative Claim from the Combined Reserve on the latest of: (a) the Effective Date if such Administrative Claim is Allowed as of the Effective Date; (b) the date such Administrative Claim is Allowed or as soon as reasonably practicable thereafter; and (c) the date such Allowed Administrative Claim becomes due and payable, or as soon thereafter as is reasonably practicable; . . . . Holders of Allowed Administrative Claims shall receive payment in full from (a) first, the Combined Reserve; (ii) second, the Shared Proceeds Pool; and (iii) third, any remaining Distributable Proceeds after payment in full of al Allowed DIP Claims and Allowed FILO Claims.

Plan, Article II.A (emphasis added).

8. Accordingly, parties in interest, via the Plan, were made aware of the potential for delayed payments due to the funding sources described above. Notably, the Claimant did not object to confirmation of the Plan. *See*, *e.g*., Plan, Article II.A., Declaration Holly Etlin in support of confirmation [Docket No.2139], which states:

> I understand that Section 1129(a)(9) of the Bankruptcy Code requires that, "except to the extent that the holder of a particular claim has agreed to a different treatment," a plan must provide for all holders of allowed administrative expense claims to be paid in full in cash on the effective date and for all holders of allowed priority claims to be paid in full in cash (depending on the specific type of claim, either on the effective date of a plan or over time with interest). I have been advised that Article II of the Plan provides that all Allowed Administrative Claims will be paid in full from (i) first, the Combined Reserve, (ii) second, the Shared Proceeds Pool, and (iii) any remaining Distributable Proceeds after payment in full of all Allowed DIP Claims and Allowed FILO Claims.

9. The universe of allowed administrative claims has not been finalized. Accordingly, the Plan Administrator has not yet determined if the funding of the Combined Reserve is sufficient to allow for meaningful payment to holders of allowed administrative claims at this time, while continuing to reserve for unresolved administrative claims. There are no funds in the Shared Proceeds Pool at this time.

10. Accordingly, the Plan Administrator cannot pay the Tamarack Administrator Claim at this time, and any order that so requires would create a race to the courthouse for similar relief and result in administrative claims being treated differently from one another.

**Conclusion**

For the foregoing reasons, the Plan Administrator respectfully requests that the Court deny Claimant's request for immediate payment of the Tamarack Administrative Claim.

Dated:  January 5, 2024     */s/ Bradford J. Sandler*
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Email:    rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*