UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Donald F. Campbell, Jr., Esq. (DC8924)**
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701
Tel:  (732) 741 3900
Fax: (732) 224 6599
dcampbell@ghclaw.com
Attorneys for Creditor, Carla Cox Smith

In Re:

Bed Bath & Beyond, Inc.

Debtor.

Case No: 23-13359(VFP)

Chapter:  11 (Jointly Administered)

The Honorable Vincent F. Papalia, U.S.B.J.

Hearing Date: February 7, 2024 at 10:00 a.m.

## MOTION TO ALLOW LATE FILED CLAIM TO BE TREATED AS TIMELY FILED AND FOR RELEIF FROM SEPTEMBER 14, 2023 INJUCTION FOR PURSUING CLAIMS AGAINT DEBTOR

Carla Cox Smith, by and through her undersigned counsel, Giordano, Halleran & Ciesla, P.C., hereby moves the Court by Motion to deem late filed proof of claim as timely filed, and to lift an automatic stay and/or provide an exception to the September 14, 2023 injunction to allow Carla Cox Smith to pursue her personal injury claim against Debtor to the extent it is covered by liability insurance.  In support of said motion Carla Cox Smith (hereinafter "Smith"") states as follows:

### BACKGROUND

1.       On May 12, 2022, Smith was a business invitee of BED BATH & BEYOND at its Fairview Heights IL location.  While walking in the shopping isle of BED BATH &

BEYOND Smith was hit by an employee driving a stocking buggy (the "incident"). Smith sustained substantial and severe injuries requiring surgery.

2. On June 16, 2023, local counsel for Smith, Ben Sansone of Sansone & Lauber, ("Local Counsel") sent correspondence to the Bed Bath & Beyond Claims Department notifying the company of the incident and date of injury. Counsel further sought by formal notice and demand of all forms of evidence related to the incident. The June 16, 2023 correspondence is attached hereto as **Exhibit A.**

3. On August 11, 2023, Smith filed a Complaint for personal injury against BED BATH & BEYOND in The Circuit Court of St. Clair County, State of Illinois. A copy of the State Court Complaint is attached hereto as **Exhibit B.**

4. On October 26, 2023, Smith received a filing in the State Court action advising of the bankruptcy, the September 14, 2023 Injunction, and said Motion requesting the State court to enjoin further action on the claim. A copy of Bed Bath and Beyond 's Suggestion of Bankruptcy and Notice of Injunction is attached hereto as **Exhibit C.**

### BASIS FOR RELIEF REQUESTED

**A. THE COURT SHOULD ALLOW SMITH'S LATE FILED CLAIM TO BE TREATED AS TIMELY FILED AS SHE WAS NOT PROVIDED NOTICE**

5. On April 23, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. The Court set July 7, 2023, as the deadline for filing Proofs of Claims.

7. The Debtor did not list Smith as a creditor on the Debtor's petition or schedules, nor did the Debtor provide notice of its bankruptcy to Smith. See Affidavit of Service list filed on April 24, 2023 **[Docket No. 62].**

8. Smtih was never provided notice of the Debtor's bankruptcy, and only became

2

aware of the Debtor's bankruptcy filing when the Debtor filed a Suggestion of Bankruptcy in the State Court Action. By the time the Debtor provided said notice, the deadline to file a proof of claim had passed.

9. On September 14, 2023, the Debtor's plan was confirmed.

10. Fed. R. Bankr. P. 2002(a) requires that all creditors receive 21 days' notice by mail of, among other things, the meeting of the creditors and the time fixed by this Court for filing proofs of claim pursuant to Rule 3003(c).

11. "Fair or adequate notice has two basic elements: content and delivery." Fogel v. Zell, 221 F.3d 955, 962 (7th Cir. 2000). "If notice is unclear, the fact that it was received will not make it adequate," Id.; if the notice is not received, it is "inadequate unless the means chosen to deliver it was reasonable." Id. at 963.

12. Under Federal Rule of Bankruptcy Procedures 3003(c)(3), "the court shall fix and for cause shown may extend the time within which proofs of claims or interest may be filed."

13. In order for the court to allow a tardily filed claim, the petitioner must show excusable neglect for failure to timely file a proof of claim. Neglect is excusable where the debtor failed to "properly alert and notify" the creditor. See In re Spring Ford Indus., Inc., No. 02-15015DWS, 2003 WL 21785960, at *2 (Bankr. E.D. Pa. July 25, 2003). A copy of the unpublished decision is attached hereto as **Exhibit D**. The Court In re Spring Ford Indus., Inc. further stated, "even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." Id. at *3.

14. As stated, Local Counsel provided a letter to Bed Bath and Beyond in June of 2022, prior to the bankruptcy filing. Thus, the Debtor had sufficient knowledge of Smith as a

potential creditor. Smith did not receive formal notice of the Debtor's bankruptcy proceedings, nor did she receive informal notice, or otherwise have any actual knowledge of the Debtor's bankruptcy proceedings. As a result, the Debtor failed to provide fair and adequate notice to Smith prior to the bar date.

15. Smith filed a proof of claim on January 8, 2023. **See Exhibit E**. While the Debtor failed to property alert and notify Smith of the proceedings and bar date, Smith has since acted in good faith by retaining Giordano, Halleran & Ciesla, P.C. as counsel for this case. Accordingly, the undersigned seeks an Order from the Court Allowing Smith's Late Filed Claim to be Treated as Timely Filed.

**B. THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY IN ORDER TO PROCEED AGAINST INSURANCE PROCEEDS**

16. The underlying facts of the State Court Action are the same of those occurring in the State Court Complaint. In the interest of judicial efficiency, and for the reasons set forth below, Smith respectfully requests this Court enter an Order lifting the automatic stay to pursue collection against the insurance proceeds.

17. Upon information and belief, Bed Bath and Beyond has liability insurance to cover Smith's claim.

18. Pursuant to Section 524(a) of Title 11 to the United States Code, there is an exception to the automatic stay, or injunction in this matter, where the creditor is pursuing a claim solely to collect insurance proceeds.

19. Section 362(d)(1) of the Bankruptcy Code states in pertinent part:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section such as by terminating, annulling, modifying, or conditioning such stay –

4

> (1) **for cause**, including lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. § 362(d)(1) (emphasis added).

20. "[A]lthough lack of adequate protection is the most common basis for granting relief from the automatic stay for cause, other bases exist for finding cause as well." In re Telegroup, Inc., 237 B.R. 87, 91 (D.N.J. 1999) (citing Collier on Bankruptcy, section 362.07[3][a] (15th ed.)). While the Bankruptcy Code does not define "cause" under section 362(d)(1), courts will determine there is "cause" to lift the automatic stay "based on the totality of the circumstances in each particular case." In re Wilson, 116 F.3d 87, 90 (3rd Cir. 1997). Significantly, relief from the automatic stay may be granted when it is "necessary to permit litigation to be *concluded* in another forum, particularly if the non-bankruptcy suit involves multiple parties or is ready for trial." Telegroup, 237 B.R. at 91 (citations omitted) (emphasis in original).

21. Additionally, in determining whether to grant relief from the automatic stay, the Third Circuit generally analyzes the following twelve factors, also known as the Sonnax factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay

5

on the parties and the balance of harms.

In re Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax, Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990); see also Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc., LLC (In re Mid-Atlantic Handling Sys.), 304 B.R. 111, 130 (Bankr. D.N.J. 2003).

22. Here, the Sonnax factors are applicable and favor modifying the automatic stay.

23. The relief from stay would allow for a full adjudication of the State Court Action, rather than partial relief.

24. If the automatic stay is lifted, Debtor would not be required to devote substantial resources and efforts to defend against Smith's claim, as Smith is seeking lift of stay for the limited purpose of obtaining judgment or otherwise resolving the claim and collecting solely against any applicable liability insurance, further confirming that granting relief would not interfere with the bankruptcy case.

25. Litigation in another forum would not harm other creditors, and it would likely benefit them. Bifurcating the proceedings may actually harm the creditors because it could create two conflicting judgments in the Bankruptcy Court and the State Court.

26. The interests of judicial economy warrant the entire controversy being adjudicated in the State Court. Here, although the parties have yet to engage in discovery, there would be no hardship to the Debtor as Smith seeks to lift the stay to proceed against insurance proceeds only. See, e.g., In re Neal, 176 B.R. 30 (Bankr. D. Idaho 1994) (finding cause existed to lift the automatic stay as a matter of judicial economy, to allow creditor to pursue tort claims against Chapter 7 debtor in state court, where parties had already expended considerable resources in state court, state court was already familiar with facts of the case,

6

and <u>no hardship to debtors would result from litigation the matter in state rather than in bankruptcy courts</u>).

27. While the Debtor would not be harmed by a lift of the automatic stay to fully adjudicate the State Court Proceeding – inasmuch as the liability portion is concerned – Smith would be severely impacted if the stay were not lifted, as she would be fighting what is in essence the same facts on two fronts – the State Court and a Bankruptcy Court Adversary Proceeding.

**WHEREFORE**, Smith hereby requests that this Court grant an order (i) allowing the late filed proof of claim to be treated as timely filed and (ii) relief from the September 14, 2023 injunction and any automatic stay to allow Smith to pursue her Illinois State court claim to the extent it is covered by liability insurance and (iii) for whatever other relief this court deems just and proper.

Respectfully submitted,

*/s/ Donald F. Campbell, Jr.*

Dated: January 12, 2024                DONALD F. CAMPBELL, JR.