UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY  10017
PH: (212) 561-7700
FAX: (212) 567-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

**Order Filed on March 6, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

BED BATH & BEYOND INC., et al.,[1]

        Debtors.

Chapter 11

Case No. 23-13359 (VFP)

**STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004**

The relief set forth on the following pages, numbered 2 through 12, is hereby **ORDERED**.

**DATED: March 6, 2024**

                                                    /s/ Vincent F. Papalia
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

ACTIVE\1606177931.2

**Error! Unknown document property name.**

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No.: | 23-13359 (VFP) |
| Caption of Order: | STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004 |

This stipulation and order (the "Stipulation") is entered into by and between Michael Goldberg, solely in his capacity as plan administrator (the "Plan Administrator") [2] appointed in the chapter 11 bankruptcy cases of Bed Bath & Beyond Inc. ("BB&B") and certain of its affiliates described in the Recitals below (collectively, and together with BB&B, the "Debtors"), on behalf of himself, the Debtors, the Debtors' estates, and all of the Debtors' successors and affiliates, and The Travelers Indemnity Company and those certain of its property casualty insurance affiliates that issued one or more policies to the Debtor(s) (collectively, "Travelers" and, together with the Trustee, the "Parties" and each a "Party").

## RECITALS

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each of the above-captioned Debtors, including BB&B, filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

**WHEREAS**, during the chapter 11 cases, the Debtors continued to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

---

[2] The Plan Administrator has been appointed pursuant to the Debtors' confirmed Plan (as defined herein). The Plan Administrator is responsible for and has the authority to administer certain post-confirmation responsibilities under the Plan on behalf of the Wind-Down Debtors (as defined in the Plan).

(Page 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No.: | 23-13359 (VFP) |
| Caption of Order: | STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004 |

**WHEREAS**, these cases were administratively consolidated and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") at Case No. 23-13359 (VFP); and

**WHEREAS**, on September 14, 2023, the Bankruptcy Court entered an Order [ECF No. 2172] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2160] (the "Plan"). The Plan and the Confirmation Order provide for and authorize the appointment of the Plan Administrator. On September 29, 2023, the Debtors filed the *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates and (II) Occurrence of Effective Date* [ECF No. 2311];

**WHEREAS**, the Plan Administrator has full discretion to settle any Claim or Cause of Action (as defined in the Plan) where the amount at issue is Ten Million Dollars (US $10,000,000) or less, and no Court approval is required for any such settlement; and

**WHEREAS**, prior to the Petition Date, Travelers issued certain policies providing workers' compensation insurance, general liability insurance, and automobile liability insurance to one or more of the Debtors in various states. A true and correct list of all such policies is attached hereto as **Exhibit A** (together, the "Travelers Policies"); and

**WHEREAS**, Travelers issued the Travelers Policies in conjunction with a series of additional agreements governing the relationship between Travelers and the Debtors as described therein (collectively, the "Program Agreements" and, together with the Travelers Policies, the

(Page 4)
Debtors:         BED BATH & BEYOND INC., *et al.*
Case No.:        23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

"Travelers Program"). A true and correct list of all such Program Agreements is attached hereto as **Exhibit B**; and

WHEREAS, the Travelers Program was in effect from March 1, 2001 through March 1, 2007; and

**WHEREAS,** the Travelers Policies are loss-sensitive, meaning that in addition to premium, the Debtors are obligated to pay certain self-funded retentions and loss and other charge reimbursement obligations that reflect, in part, the actual losses and expenses under the Travelers Program, subject to contractual limitations (the "Deductible Obligations"). The billing and reimbursement process and the Deductible Obligations continue after the expiration date of the Travelers Policies because loss activity continues to accrue; and

**WHEREAS,** pursuant to the Travelers Program, among other things, the Deductible Obligations are backed by a letter of credit issued by JP Morgan Chase Bank, N.A. for the benefit of Travelers in the amount of $2,623,000 (LOC #NUSCGS033949) (the "Letter of Credit" or the "Collateral"); and

**WHEREAS,** Travelers has not drawn on the Letter of Credit; and

**WHEREAS**, in connection with the Debtors' bankruptcy cases, Travelers filed a proof of claim asserting an unliquidated claim backed by the Collateral (POC #8004) (the "Travelers POC"); and

**WHEREAS,** the Parties engaged in negotiations concerning the treatment of the Travelers POC and the division of the Collateral between Travelers and the Plan Administrator, on behalf of

(Page 5)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No.: 23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

himself, the Debtors, the Debtors' estates, and all of the Debtors' successors and affiliates (the "Estates"); and

**NOW, THEREFORE**, in consideration of the foregoing, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the Parties enter into this Stipulation and agree to be bound by its terms.

## SETTLEMENT

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Effective Date.** This Stipulation shall become effective upon the date (the "Effective Date"): (i) that it is "So Ordered" by the Bankruptcy Court and such Order becomes final, without any appeal or modification thereof, and (ii) that all applicable appeal periods have expired and no appeals or other challenges are pending, subject only to the terms set forth herein.

3. **Court Approval.** Following the execution of this Stipulation by all Parties, the Plan Administrator will promptly seek approval of this Stipulation by the Bankruptcy Court. During the period between the execution of this Stipulation by the Parties and the Effective Date, this Stipulation shall constitute a binding agreement, and the Parties shall do nothing contrary to the terms set forth herein.

4. **Collateral Disposition.** The Parties acknowledge that

   a. Within ten (10) business days after the occurrence of the Effective Date, Travelers shall effectuate a draw on the Letter of Credit in the amount of $1,950,000 (the

(Page 6)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No.: 23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

"<u>Retained Collateral</u>") in accordance with and subject to the terms of the Letter of Credit and/or non-bankruptcy law;

b.  Within five (5) business days after Travelers' receipt of the Retained Collateral, Travelers shall fully and finally release the Letter of Credit to the issuing bank with instructions that the issuing bank may cancel and release the remainder of the Letter of Credit.

5.  **<u>No Further Monetary Obligations.</u>** Upon disposition of the Collateral in accordance with this Stipulation: (i) the Plan Administrator, the Debtors and the Estates shall not have any further monetary obligations to Travelers, including without limitation any Deductible Obligations; (ii) Travelers shall not have any further monetary obligations to the Debtors, the Estate, or the Plan Administrator, *provided that* nothing herein shall relieve Travelers of its obligations set out in paragraph 10 hereof; and (iii) Travelers shall look solely to the Retained Collateral for payment of any obligations under the Program Agreements or the Travelers Policies.

6.  **<u>Release By Travelers.</u>** In consideration of the promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, upon the date that Travelers releases and cancels the balance of the Letter of Credit in accordance with paragraph 4(b) of this Stipulation and subject to the provisions of this Stipulation, specifically including, but not limited to, Paragraph 10, Travelers releases, acquits and forever discharges the Plan Administrator, the Debtors and the Estates, and their successors and assigns, of and from any and all claims, counterclaims, rights, demands, or obligations, actions, causes of action, costs, damages, losses, liabilities, and attorneys' fees, of any kind involving,

Case 23-13359-VFP    Doc 2915    Filed 03/06/24    Entered 03/06/24 15:09:14    Desc Main
Document    Page 7 of 14

(Page 7)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No.: 23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

related to, or arising under any federal, state, or local statute, regulation, ordinance, common law, at law or equity, whether asserted or unasserted, known or unknown, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, actually or potentially existing, which Travelers may have against any Debtor, any Estate, or the Plan Administrator from the beginning of time through the Effective Date arising out of or related to the Travelers Program, the Travelers Policies, the Program Agreements, the Collateral, the Retained Collateral, the Travelers POC and/or the Deductible Obligations (collectively, the "Travelers Released Claims"); *provided however that* the release set forth in this paragraph shall not apply to the obligations expressly set forth in this Stipulation. For the avoidance of doubt, upon the Effective Date, Travelers shall retain the Retained Collateral and may use, apply or otherwise dispose of the Retained Collateral in its sole and absolute discretion in the discharge and performance of its obligations under the Travelers Policies.

7. **Release By Estate.** In consideration of the promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, upon the date that Travelers releases and cancels the balance of the Letter of Credit in accordance with paragraph 4(b) of this Stipulation and subject to the provisions of this Stipulation, specifically including, but not limited to, Paragraph 10, the Plan Administrator, for himself, the Debtors and the Estates, releases, acquits, and forever discharges Travelers and its successors and assigns, of and from any and all claims, counterclaims, rights, demands, or obligations, actions, causes of action, costs, damages, losses, liabilities, and attorneys' fees, of any kind involving, related to, or arising under any federal, state, or local statute, regulation,

(Page 8)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No.: 23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

ordinance, common law, at law or equity, whether asserted or unasserted, known or unknown, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, actually or potentially existing, which the Plan Administrator, the Debtors and/or the Estates may have against Travelers from the beginning of time through the Effective Date arising out of or related to the Travelers Program, the Travelers Policies, the Program Agreements, the Collateral, the Retained Collateral, the Travelers POC, and/or the Deductible Obligations (collectively, the "Estate Released Claims"); *provided however that* the release set forth in this paragraph shall not apply to the obligations expressly set forth in this Stipulation. For the avoidance of doubt, the Estate Released Claims shall include, but not be limited to, causes of action arising under Chapter 5 of the Bankruptcy Code, if any, arising out of or related to the Travelers Policies, the Program Agreements, the Collateral, the Retained Collateral, and/or the Deductible Obligations.

8. **Satisfaction of Claim.** Travelers hereby confirms that, upon its receipt of the Retained Collateral, the Travelers POC shall be deemed allowed and finally and fully satisfied and may be designated as satisfied on the Claims Register.

9. **Compromise of Claims.** The Parties acknowledge that this Stipulation is a compromise of disputed claims related to the Collateral, the Travelers POC, and the Travelers Program, and that neither Party admits, and each expressly denies, any liability on its part.

10. **Continuing Obligations.** Notwithstanding anything herein:

   a. Travelers shall continue to handle, administer, adjust, settle, and/or pay (collectively, "Claim Administration") covered claims under the Travelers Policies (each, an "Insured Claim"), and the automatic stay and any Plan injunction, to the extent applicable, shall be deemed lifted as to Travelers without further court order to permit Travelers to perform Claim Administration;

Case 23-13359-VFP    Doc 2915    Filed 03/06/24    Entered 03/06/24 15:09:14    Desc Main
Document    Page 9 of 14

(Page 9)
Debtors:         BED BATH & BEYOND INC., *et al.*
Case No.:        23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE
                 OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS
                 TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING
                 TRAVELERS PROOF OF CLAIM NO. 8004

    b.    This Stipulation does not release the Debtors or the Plan Administrator under the Travelers Policies and/or the law from duties to cooperate with Travelers in the Investigation and administration of claims. Such cooperation shall include, without limitation, the continued delivery to Travelers, upon request, of reasonably available information regarding the claims that are in the Plan Administrator's possession, custody, or control, and the authorization of third parties in possession of such information to deliver it to Travelers; and

    c.    Nothing in this Stipulation will be deemed:

        i.    to modify the coverage provided by the Travelers Policies or in any way to affect or to impair Travelers' rights or obligations under the Travelers Policies, including rights, defenses, and obligations concerning claims and coverage, which will be determined thereunder;

        ii.    to create or permit a direct right of action by any holder of any claim against Travelers or the Plan Administrator, the Debtors or any Estate;

        iii.    to preclude or limit, in any way, the rights of Travelers to contest and/or litigate with any holder of any claim, the existence, primacy, and/or scope of available coverage under any alleged applicable Travelers Policy; or

        iv.    to relieve any holder of any claim from any obligation to file a proof of claim in the Debtors' bankruptcy cases.

11.    **Costs and Expenses.** The Parties shall be responsible for and shall bear their own costs, expenses and attorneys' fees incurred in connection with this Stipulation and the negotiations related to and the preparation and performance of this Stipulation, and they shall not seek reimbursement of any such costs, expenses and attorneys' fees from any other Party.

12.    **Authority.** Each person signing this Stipulation represents and warrants that they have been duly authorized and have the requisite authority to execute and deliver this Stipulation

(Page 10)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No.: 23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

13. **Non-Reliance.** The Parties represent and acknowledge that, in executing this Stipulation, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

14. **Advice of Counsel.** The Parties further declare that, in making this Stipulation, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Stipulation.

15. **Construction.** Each Party has reviewed this Stipulation and that each fully understands and voluntarily accepts all the provisions contained in this Stipulation. This Stipulation was the product of negotiations between the Parties and any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

16. **Entire Agreement.** This Stipulation sets forth the entire agreement between the Parties concerning the subject matter hereof and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

(Page 11)
Debtors: BED BATH & BEYOND INC., *et al.*
Case No.: 23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

17. **Modification.** No modification of this Stipulation shall be binding or enforceable unless in writing and signed by the Parties.

18. **Successors and Assigns.** This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

19. **Governing Law and Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Connecticut without regard to the conflicts of laws or principles thereof. The Parties acknowledge that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

20. **Counterparts.** This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

21. **Survival.** Subject to the occurrence of the Effective Date, the representations, warranties, covenants and other provisions set forth herein shall survive the execution of this Agreement and the effectiveness of the releases granted hereunder.

*-Signature Page to Follow-*

(Page 12)
Debtors:        BED BATH & BEYOND INC., *et al.*
Case No.:       23-13359 (VFP)
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO THE TRAVELERS INDEMNITY COMPANY AND RESOLVING TRAVELERS PROOF OF CLAIM NO. 8004

DATED:  New York, New York
        February 26, 2024

                                MICHAEL GOLDBERG, Plan Administrator
                                By his Attorneys,

                                */s/ Bradford J. Sandler*
                                ROBERT J. FEINSTEIN (admitted *pro hac vice*)
                                BRADFORD J. SANDLER
                                PAUL J. LABOV
                                COLIN R. ROBINSON
                                **PACHULSKI STANG ZIEHL & JONES LLP**
                                780 Third Avenue, 34th Floor
                                New York, New York 10117
                                Telephone:      (212) 561-7700
                                Email:          rfeinstein@pszjlaw.com
                                                bsandler@pszjlaw.com
                                                plabov@pszjlaw.com
                                                crobinson@pszjlaw.com

DATED:  New Haven, Connecticut
        February 26, 2024

                                THE TRAVELERS INDEMNITY COMPANY,
                                By its Attorneys,

                                */s/ Joshua W. Cohen*
                                JOSHUA W. COHEN
                                **DAY PITNEY LLP**
                                195 Church Street, 15th Floor
                                New Haven, CT 06510
                                Telephone:      (203) 752 5000
                                Email:          jwcohen@daypitney.com

.
**Error! Unknown document property name.**

## Exhibit A

### Travelers Policies

| Policy Year | Policy Number |
|---|---|
| **3/1/2006 – 3/1/2007** | 95T85771 |
| | 95T85783 |
| **3/1/2001 – 3/1/2002** | 95T87740 |
| **3/1/2002 – 3/1/2003** | 95T87740 |
| **3/1/2004 – 3/1/2005** | 95T89481 |
| **3/1/2005 – 3/1/2006** | 95T90338 |
| **3/1/2006 – 3/1/2007** | 95T90652 |
| | 95T90664 |
| | 95T90676 |

# Exhibit B

## Program Agreements

1. Indemnity Agreement effective March 1, 2001 by and between United States Fidelity and Guaranty Company and/or the property casualty insurance company affiliates and subsidiaries issuing policies under the Indemnity Agreement and Bed Bath & Beyond

2. Amendment #1 to Indemnity Agreement effective March 1, 2001 between United States Fidelity and Guaranty and Bed Bath & Beyond, effective March 1, 2002

3. Amendment # 2 to Indemnity Agreement effective March 1, 2001 between United States Fidelity and Guaranty and Bed Bath & Beyond, effective March 1, 2003

4. Amendment # 3 to Indemnity Agreement effective March 1, 2001 between United States Fidelity and Guaranty and Bed Bath & Beyond, effective March 1, 2004

5. Amendment # 4 to Indemnity Agreement effective March 1, 2001 between United States Fidelity and Guaranty and Bed Bath & Beyond, effective March 1, 2005

6. Amendment # 5 to Indemnity Agreement effective March 1, 2001 between United States Fidelity and Guaranty and Bed Bath & Beyond, effective March 1, 2006