**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**MCELROY, DEUTSCH, MULVANEY**
  **& CARPENTER, LLP**
Jeffrey Bernstein, Esq.
570 Broad Street, Suite 1401
Newark, NJ 07102
Telephone: (973) 622-7711
E-mail: jbernstein@mdmc-law.com
        -AND-
Lawrence J. Hilton, Esq. (admitted *pro hac vice*)
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
E-mail: lhilton@onellp.com

*Attorneys for HRTC I, LLC*

In re:

BED BATH & BEYOND INC., *et al*.,[1]

Debtors.

Chapter 11
(Jointly Administered)

Case No. 23-13359 (VFP)

## HRTC I, LLC'S REPLY TO PLAN ADMINISTRATOR'S OBJECTION TO MOTION FOR LEAVE TO FILE ADMINISTRATIVE CLAIM

In its Motion for Leave to File Late Administrative Claim (the "Motion") (Dkt. No. 2397), HRTC I, LLC ("HRTC I") demonstrated grounds for relief the "excusable neglect" standard of Bankruptcy Rule 9006(b)(1). The Plan Administrator's Objection ("Objection") does not defeat HRTC I's requested relief. All of the Plan Administrator's authorities are fundamentally distinguishable both as to the nature of the initial missed filing and, more importantly, the steps taken by the claimant when the error was discovered.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

### A. HRTC I Established Excusable Neglect.

In its Motion, HRTC I explained that although its counsel received the bar date notice and properly calendared the general unsecured claims bar date and the lease rejection claims bar date (and timely filed multiple claims on those dates), the bar date for administrative claims did not get calendared.

The reason was because the administrative claims bar date was not an absolute bar date, but was contingent on future events, i.e., whether HRTC I's lease would later be assumed or rejected. (Hilton Decl. [Dkt. No. 2397-1] ¶ 5.) Thus, the date was not one which could simply be plugged into an electronic calendar by legal staff with a pop-up reminder, and counsel's paralegal staff did not understand how to properly calendar the contingent date. (*Id.*) HRTC I's counsel does not claim to be blameless, but rather takes full responsibility, *id.*, while noting that under *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), extensions may be granted upon a showing of "neglect," and that word "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.

In his Objection, the Plan Administrator relies heavily on *In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004). (Objection ¶ 13.) But the facts in *Kmart* were very different. The first of the key factors emphasized by the bankruptcy court and affirmed by the Seventh Circuit in *Kmart* was the fact that claimant's counsel was fully aware of the unsecured claims bar date, but waited until the last day to send a clerk to the post office to mail the claim from the Virgin Islands, and then failed to make any effort to ensure that the claim was ever filed. Then, when counsel actually learned that the claim was not timely filed, they waited another 28 days before filing the Rule 9006 motion. It is easy to see why the *Kmart* court would find that conduct to fall short of "excusable." But the conduct is in stark contrast to this case, where HRTC I's counsel

learned that the bar date had been missed on Thursday, September 28, 2023 and filed its Motion the following Monday—two business days later.

The Seventh Circuit also noted that in the Kmart bankruptcy three late-filed administrative claims had been allowed by the bankruptcy court because "the three administrative claimants' Rule 9006(b) motions were not as tardy as Simmons's (two filing seventy days after the bar date, and one forty-eight days later)." *Id*. at 714.

The Plan Administrator's reliance on *In re Enron Corp.*, 419 F.3d 115 (2d Cir. 2005) is also misplaced, as that case involved materially different facts. There, claimant's counsel admitted that they were aware of the bar date, but neglected to file a timely claim because they "were so heavily focused upon and involved in negotiations with personnel of Enron North America and its attorneys regarding the rejection of the 1996 Agreement and the assumption and assignment of [an unrelated agreement], that they neglected to include with the Midland Claim a claim under the 1996 Guaranty." *Id*. at 126. Not only are the *Enron* facts very different from this case, but one of the cases cited by the *Enron* court, where a late administrative claim was allowed, is very similar to the facts here. *See Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (applying flexible reading of *Pioneer* and affirming trial court's decision to allow late-filed notice of appeal based on excusable neglect consisting of paralegal's misreading of the rule governing the deadlines for appeal), cert. denied, 161 L. Ed. 2d 602, 125 S. Ct. 1726 (2005).

Similarly, as in both *Kmart* and *Enron*, *In re Musicland Holding Corp.*, 356 B.R. 603 (Bankr. S.D.N.Y. 2006) involved a case where the claimant's counsel was fully aware of the claims bar date and prepared a claim, but due to an internal miscommunication, the claim was not filed. The *Musicland* court did not find that the error itself precluded relief under Rule 9006,

but again focused on counsel's failure to ensure that a claim it was fully aware needed to be filed actually made it onto the claims register. *Id*. at 609.

Thus, the common thread in all of the Plan Administrator's authorities is the neglect by claimants who were fully aware of the applicable bar dates and failed to take steps to ensure that known claims were actually filed, and then delayed in seeking relief under Rule 9006. Here, once the administrative claims bar date was missed and did not get calendared, there were no "red flags" or follow-up events to alert HRTC I's counsel. It was only when counsel began preparing the administrative claim for what he believed would be an early filing that the mistake was discovered. And counsel immediately prepared and filed its Motion. (Hilton Decl. ¶¶ 9, 10.)

### B. The Plan Administrator has not Identified any Real Prejudice to Creditors or the Estate.

The Plan Administrator asserts that allowing the late claim will be prejudicial to the estate and creditors, but has not shown any actual prejudice. First, as noted in the Motion, this is not like *Kmart*, where a completely unknown creditor claiming to have been injured at a Kmart store attempted to file a late claim for $750,000. In this case, the Debtor was not caught unaware of the claim, as it was fully aware of its own occupation of the Leased Premises from the Petition Date through the Rejection Date.

Nor is the Plan Administrator's argument that allowing HRTC I's claim to be filed late will open the floodgates to "countless" other claims compelling. It has now been more than five months since the Motion was filed. During that time period, HRTC I's counsel and the Plan Administrator's counsel have regularly communicated about settlement and adjourned the hearing several times. Notably, while a small number of motions regarding unsecured claims have been filed, HRTC I's counsel is unaware of any motions similar to this one, involving

administrative claims, having been filed. And if any administrative claimant were to come forward now, seven months after the bar date passed, their requests would be properly be denied on the basis of the delay in seeking relief, as in *Kmart* and *Musicland*.

And the argument that allowing a late claim will somehow interfere with administration of the case is contrary to the evidence, which shows that as of the time the Motion was filed and the Plan Administrator was fully aware of the existence and amount of the proposed claim, no payments had been made to administrative claimants [Dkt. No. 2198], and the Plan Administrator provides no evidence to establish any such harm.

### C.  HRTC Acted Promptly Once it Learned of the Missed Deadline.

As discussed above and in the Hilton Declaration, HRTC I filed its Rule 9006 motion two court days after learning of the mistake and 70 days after the expiration of the bar date. In its Motion, HRTC I provided authority that a "delay of two to five months between the Administrative Claims Bar Date and the filing of the Vendors' Motions is not sufficient to warrant denying them. The Court notes that the claims reconciliation process is still ongoing and distributions to creditors have not begun." *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW), 2021 Bankr. LEXIS 1980, at *4 (Bankr. D. Del. July 27, 2021). In response, the Plan Administrator cites two cases: *In re Quartercall Comm.'s Inc.*, No. 95-15090-AM, 1996 Bankr. LEXIS 2042 at *13 (Bankr. E.D. Va. May 15, 1996) and *In re Rose's Stores*, 165 B.R. 410, 412 (Bankr. E.D.N.C. 1994). Neither of those cases is on point.

In fact, in *Quartercall* the late claim was allowed despite the court's finding that "[b]oth the [claimants] and their attorney were unquestionably negligent: they for not reading the meeting of creditors notice more carefully, he for not asking for a copy and not reviewing the local rules." The court found that despite the negligence, claimants and their counsel offered a sufficient explanation for their misreading of the bar date notice. *Quartercall* at *13.

And in *In re Rose's* the claimant's request to file a late claim was denied not because of ant delay, but rather because the claimants failed to establish that the failure to initially file was in any way excusable. Rose's, 165 B.R. at 412 ("Ms. Myers has not given any excuse for her failure to file the proof of claim other than that the notice of the bar date was misplaced.")

### D.  The Plan Administrator Does not Dispute HRTC I's Good Faith.

The final factor, HRTC I's good faith, is not in dispute as the Plan Administrator does not challenge that issue. (See Objection at ¶ 22.)

### Conclusion

For the reasons set forth above, cause exists to allow HRTC I to tardily file its administrative rent claim and it respectfully requests that the Court grant this Motion.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: March 8, 2024

*/s/ Jeffrey Bernstein*
Jeffrey Bernstein, Esq.
570 Broad Street, Suite 1401
Newark, NJ 07102
Telephone: (973) 565-2183
Facsimile: (973) 622-5314
E-mail: jbernstein@mdmc-law.com

-and-

Lawrence J. Hilton, Esq. (admitted *pro hac vice*)
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
E-mail: lhilton@onellp.com

*Attorneys for HRTC I, LLC*