**WILENTZ, GOLDMAN & SPITZER P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
DAVID H. STEIN, ESQ.
*Attorneys for Levtex, LLC*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., et al.<br><br>  Debtors. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Case No.: 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>Hearing Date: March 19, 2024<br>           at 10:00 a.m. |

**REPLY CERTIFICATION OF CHARLES GINN IN SUPPORT OF MOTION BY LEVTEX LLC FOR ENTRY OF AN ORDER ALLOW <u>PROOF OF CLAIM #3942</u>**

**CHARLES GINN**, of full age, hereby certifies as follows:

1. I am the Chief Financial Offer of Movant Levtex LLC, a California limited liability company ("Levtex").

2. I submit this Reply Certification in support of Levtex's Motion (Dkt. 2705) for entry of an order allowing Proof of Claim #3942 in the amount of $395,484.69, with $73,754.69 of that sum to be entitled to administrative expense priority under Bankruptcy Code section 503(b)(9) (the "Motion").

3. Except where noted otherwise, the facts set forth in this Certification are based on my personal knowledge and/or upon my review of agreements, documents, and records of regularly conducted business activity of Levtex, in connection with Bed Bath & Beyond, Inc. and its affiliates (collectively, the "Debtors") and on a review of the documents filed in this Chapter 11 case.

1

**MECHANIC'S OF THE "DROP SHIPMENTS" TO THE DEBTORS' CUSTOMERS**

4. As I explained in my Certificate filed November 17, 2023 (Dkt. 2705-1), Levtex sold to the Debtors in two different ways. The "import" transactions involved Levtex delivering the goods and the related documents to the Debtors' agents in China. The "domestic" transactions involved delivering the goods to the Debtors' agent—Federal Express ("FedEx")—in the United States, with the goods being directly shipped to the Debtors' customers.

5. As of April 23, 2023 (the "Petition Date"), Levtex was owed the principal sum of $395,484.69 for those goods, of which $321,730.00 was for the "import" transactions between Levtex and the Debtors, and $73,754.69 was for the "domestic" transactions between Levtex and the Debtors. (In connection with filing the Proof of Claim, we provided the Debtors all of the underlying supporting documents, such as the invoices and the delivery documents. If, however, the Debtors want, we will provide those documents again.)

6. Delivering the goods to FedEx in the United States, with the goods being directly shipped to the Debtors' customers, is very common in the retail industry, especially since the COVID-19 pandemic started in 2020. (This method of delivering goods directly to Levtex's customer is often called "drop shipping.")

7. Here, the Debtors directed Levtex to whom, and to where, to ship, via which trucking company (here, FedEx, but it could be others, such as UPS).

8. The FedEx account was the Debtors' FedEx account (No. 195374104), not Levtex's FedEx account. The Debtors, not Levtex, contracted with FedEx, and paid FedEx. The Debtors, not Levtex, could stop the shipment once Levtex gave the goods to FedEx. Likewise, the Debtors, not Levtex, could redirect the shipment once Levtex gave the goods to FedEx (if, for example, the customer's address was wrong or changed). Once the goods were delivered to FedEx, Levtex relinquished custody, control, and title to the Debtors, and the Debtors received

benefit for the sale of goods to the Debtors' customers and the resulting accounts receivable—the real benefit out of the deal.

    I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

    I am executing this Certification on this 11th day of March 2024, in Irwindale, California.

                                                                 Charles Ginn