| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>**District of New Jersey**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Robert J. Feinstein (admitted *pro hac vice*)<br>Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel for the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**MOTION FOR AN ORDER AUTHORIZING PLAN ADMINISTRATOR TO FILE UNDER SEAL MOTION FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 (I) APPROVING SETTLEMENT RESOLVING DISPUTE OVER DISPOSITION OF COLLATERAL BACKING OBLIGATIONS TO SAFETY NATIONAL CASUALTY CORPORATION; (II) RESOLVING, IN PART, SAFETY PROOFS OF CLAIM NOS. 10483 & 18738; AND (III) GRANTING RELATED RELIEF**

TO: THE HONORABLE JUDGE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

affiliated debtors (the "Debtors"), hereby files this motion (the "Seal Motion") for entry of an order, substantially in the form submitted concurrently herewith (the "Proposed Order"), authorizing the Plan Administrator to file under seal and redact certain portions of the docket the *Plan Administrator's Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 (i) Approving Settlement Resolving Dispute Over Disposition of Collateral Backing Obligations to Safety National Casualty Corporation; (ii) Resolving, In Part, Safety Proofs of Claim Nos. 10483 & 18738; and (iii) Granting Related Relief* (the "Motion").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are section 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

**A.    The Bankruptcy Cases**

3. On April 23, 2023 (the "Petition Date"), each Debtor, including Bed Bath & Beyond Inc. ("BB&B"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). During the Chapter 11 Cases, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections

---

[2]    Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases were procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On May 5, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee"). *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 218].

5. On September 14, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 111 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2160] (as amended, the "Plan").

6. On September 29, 2023, the effective date of the Plan occurred (the "Plan Effective Date"). On the Plan Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims. *See* Plan, Article IV, at § B.

**B.    The Motion**

7. Prior to the Petition Date, Safety National Casualty Corporation ("Safety") issued certain policies providing workers' compensation insurance, general liability insurance, and automobile insurance to one or more of the Debtors in various states. Safety has filed proofs of claim for reimbursement obligations that remain under the Safety policies. The Plan Administrator has negotiated terms for the resolution of such reimbursement obligations with

respect to certain of the Safety policies in exchange for certain consideration as set forth in the Motion.

## RELIEF REQUESTED

8. By this Seal Motion, the Plan Administrator seeks entry of the Proposed Order (i) authorizing the Plan Administrator to file an unredacted copy of the Motion under seal; (ii) ordering that the unredacted version of the Motion remain confidential and not be made available to anyone other than the Court; and (iii) authorizing the Plan Administrator to redact confidential portions of the Motion that disclose sensitive commercial information and to file such redacted versions on the docket in the Chapter 11 Cases.

## BASIS FOR RELIEF

9. Section 107(b) of the Bankruptcy Code provides, in pertinent part:

> On the request of a party in interest, the bankruptcy court shall…
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information….[3]

10. Bankruptcy Rule 9018 in turn, explains the process by which a party-in-interest may seek relief under Bankruptcy Code section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….[4]

11. Once it is established that information sought to be protected can be categorized as confidential commercial information, the Bankruptcy Code does not require a party seeking protection to demonstrate cause. In fact, if information qualifies as commercial information

---

[3] 11 U.S.C. § 107(b).

[4] Fed. R. Bankr. P. 9018; *see also* D.N.J. LBR 9018-1.

under Bankruptcy Code section 107(b), then "the court is required to protect a requesting interested party and has no discretion to deny the application."[5]

12.    The Plan Administrator submits that certain discrete information in the Motion falls within the scope of information that the Court may protect pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018.  Courts in this Circuit have noted that section 107(b) is "meant to shield entities from disclosure of commercial information that, if disclosed, would result in 'an unfair advantage to competitors' and 'cause the entity commercial injury.'"[6]

13.    The Motion contains certain commercial information, including financial and business terms.  Disclosure of such information would be detrimental to the respective business interests of the Plan Administrator and Safety.  Requiring the Plan Administrator to disclose such information would have a chilling effect by discouraging future commutation transactions.

14.    Accordingly, the Plan Administrator requests entry of the Proposed Order authorizing it to redact discrete information included in the Motion and exhibits that will be available on the public docket in the Chapter 11 Cases.

## NOTICE

15.    Notice of the Seal Motion is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings.**  Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties:  (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable,

---

[5] *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Farmland Indus., Inc.*, 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003).

[6] *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (internal citations and quotations omitted).

or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

16. Pursuant to Paragraph 124, notice of the Seal Motion was given to (i) the U.S. Trustee; (ii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Plan Effective Date; and (iii) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 2, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         plabov@pszjlaw.com
         crobinson@pszjlaw.com

*Counsel to the Plan Administrator*