Order Filed on April 9, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE SETTLEMENT OF AD VALOREM TAX CLAIMS OF TEXAS TAXING AUTHORITIES, (II) AUTHORIZING THE USE OF $2.8 MILLION SET ASIDE TO SATISFY CLAIMS OF TEXAS TAXING AUTHORITIES, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3), is **ORDERED**.

**DATED: April 9, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SETTLEMENT OF AD VALOREM TAX CLAIMS OF TEXAS TAXING AUTHORITIES, (II) AUTHORIZING THE USE OF $2.8 MILLION SET ASIDE TO SATISFY CLAIMS OF TEXAS TAXING AUTHORITIES, AND (III) GRANTING RELATED RELIEF |

Upon consideration of the *Motion of Plan Administrator for Entry of an Order (I) Authorizing the Settlement of Ad Valorem Tax Claims of the Texas Taxing Authorities, (II) Authorizing the Use of $2.8 Million Set Aside to Satisfy the Claims for the Texas Taxing Authorities, and (III) Granting Related Relief* (the "Motion") filed by Michael Goldberg, in its capacity as Plan Administrator (the "Plan Administrator") of the WindDown Debtors established in the above-captioned chapter 11 case, and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Plan Administrator is authorized, but not directed, to enter into settlements of the Texas Tax Claims relating to taxable years 2022 and 2023, as he may determine in his sole and independent discretion, without any further order or action of the Court. The Plan Administrator is further authorized to pay any Allowed Texas Tax Claim from the Texas Reserve, without further order or action of the Court.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER (I) AUTHORIZING THE SETTLEMENT OF AD VALOREM TAX CLAIMS OF TEXAS TAXING AUTHORITIES, (II) AUTHORIZING THE USE OF $2.8 MILLION SET ASIDE TO SATISFY CLAIMS OF TEXAS TAXING AUTHORITIES, AND (III) GRANTING RELATED RELIEF |

3. The Plan Administrator is authorized, but not directed, to pay any applicable fees and costs of the Tax Advisors, solely as such fees and expenses relate to the Texas Tax Claims, from the Texas Reserve, without further order or action of the Court.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Plan Administrator, Winddown Debtors, or Debtors, as applicable, (ii) a waiver of the Plan Administrator's, Winddown Debtors', or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Plan Administrator's, Winddown Debtors', or any other party-in-interest's rights under the Bankruptcy Code, Plan Documents, or any other applicable non-bankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

5. This Court shall retain exclusive jurisdiction and power to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.