| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**McDonnell Crowley, LLC**<br>115 Maple Avenue<br>Red Bank, NJ 07701<br>(732) 383-7233<br>Brian T. Crowley<br>bcrowley@mchfirm.com<br><br>-and-<br><br>**THE LAW OFFICES OF RICHARD J. CORBI PLLC**<br>1501 Broadway, 12th Floor<br>New York, NY 10036<br>(646) 571-2033<br>Richard J. Corbi (*pro hac vice* forthcoming)<br>rcorbi@corbilaw.com<br><br>*Counsel to Taussig Risk Capital, Advisors, Inc.*<br><br>In re:<br><br>BED BATH & BEYOND, INC., *et al*.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |
|---|---|

# DECLARATION OF HUGH F. HILL IV

I, Hugh F. Hill IV, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1. I am a partner at Taussig Risk Capital Advisors, Inc. ("TRCA").

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

2.  I submit this declaration (the "**Declaration**")[2] in support of the Objection to the *Plan Administrator's Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 (I) Approving Settlement Resolving Dispute Over Disposition of Collateral Backing Obligations to Safety National Casualty Corporation; (II) Resolving, in part, Safety Proofs of Claim Nos. 10483 & 18738; (III) Granting Related Relief* [Doc. No. 2941] (the **"TRCA Objection"**), and the *Declaration of Richard J. Corbi, Esq. in Support of TRCA's Objection to the Plan Administrator's Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 (I) Approving Settlement Resolving Dispute Over Disposition of Collateral Backing Obligations to Safety National Casualty Corporation; (II) Resolving, in part, Safety Proofs of Claim Nos. 10483 & 18738; (III) Granting Related Relief* (the "**Corbi Declaration**") in further support of the TRCA Objection.

3.  Except as otherwise noted, the facts set forth herein are personally known to me and, if called as a witness, I could and would testify thereto.

4.  A true and correct copy of the First LOI sent to CAC on October 10, 2023, subject to certain caveats based on lack of information repeatedly requested by TRCA, is attached hereto as **Exhibit A**.

5.  A true and correct copy of the December LOI sent on December 11, 2023 to CAC is attached hereto as **Exhibit B**.

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Disguised Sale Motion or Objection, as applicable.

2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed this 11th day of April, 2024, in New York, New York.

HUGH F. HILL IV

**Exhibit A**

TAUSSIG CAPITAL

Transaction Proposal<br>Non-Binding Letter of Intent (LOI)<br>V2.0 (October 10, 2023)

| Parties | Bed Bath & Beyond, Inc. and/or its affiliates as Debtors (collectively, "BBB")<br><br>TCI Holdings, Inc. (TCI) and affiliated companies and designees |
|---|---|
| Contract | Assumption of Retention Obligation Contract ("AROC") / Deductible Indemnity Contract / Loss Portfolio Transfer |
| Assumed Obligations | TCI will assume the following obligations from BBB:<br><br>I. Any and all of BBB's obligation to reimburse Safety National Casualty Corporation and Safety First Insurance Company (collectively, "Safety National") for self-insured retention and deductible payments, any reimbursement costs, and any indemnification obligations, due under specified workers compensation, auto, and general liability insurance policies issued to BBB by Safety National (the "Policies") (Safety National sometimes referred to herein as "Insurance Companies");<br><br>• Policy Numbers: LDS4045802 (Workers Comp), PS 4045803 (Workers Comp), CA6675897 (Auto), and GL4062767 (General Liability)<br><br>II. Any and all of BBB's obligation owed to any party or third party under the Policies (including claimants); and<br><br>III. Any and all of BBB's obligations to manage and administer the specified deductible and retention plans, including oversight of claims settlement and administration. |

Page 1

Transaction Proposal
Non-Binding Letter of Intent (LOI)
V2.0 (October 10, 2023)

| **Transaction** | The transaction will cause a release of cash collateral supporting two existing Letter of Credit issued by JP Morgan Chase Bank, one for $39,750,000 and the other for $4,250,000 held by Safety National (the "LoCs") which LoCs are being held by Safety National for BBB respective deductible payments. Cash collateral for the LoCs is estimated to be $45,100,000.<br><br>There is also an estimated $15,000,000 held as cash in trust by Safety National for BBB's existing liabilities under the policies (the "Trust Money").<br><br>The proposed transaction is executed in the following simultaneous parts:<br><br>I. TCI, through an affiliated insurance entity, issues an AROC or similar contract for BBB's obligations to Safety National under the Policies, up to $44,000,000, upon payment by BBB of a $35,000,000 premium to TCI (the "Premium"), which payment shall be made from the proceeds of the cash collateral currently held by JP Morgan Chase following release (or transfer) of the LoCs as described herein. TCI will either assume the LoCs or replace the LoCs held by Safety National with letters of credit of equivalent value, issued by a Member of the Federal Reserve System and approved by the National Association of Insurance Commissioners ("NAIC").<br><br>II. TCI assumes any and all BBB's obligations under existing Policies.<br><br>III. The payment of the Premium to TCI shall result in estimated cash proceeds to BBB of approximately $10,000,000 from either a direct payment by TCI or indirectly via the cancellation and replacement of the current LoCs and the release of the cash in the JP Morgan Chase accounts securing the current LoCs.<br><br>IV. TCI assumes all management and administration obligations from BBB for all the Policies, eliminating all further expenses of BBB with respect to the Assumed Obligations to the Insurance Companies<br><br>                                                                                                                                                                     I. |
|---|---|

Case 23-13359-VFP    Doc 2958-1    Filed 04/11/24    Entered 04/11/24 10:09:25    Desc
Certification of Hill in Support of Objection with attachments    Page 7 of 18

Transaction Proposal
Non-Binding Letter of Intent (LOI)
V2.0 (October 10, 2023)

|  | *Trust Account:* <u>Release of the $15 million held by Safety National</u>:<br><br>• TCI will, concurrently with the above-described LoC replacement trade, work with BBB to negotiate the return or 'refund' to BBB of the Trust Money held by Safety National.<br><br>• This is anticipated to be in two possible forms:<br>    o (i) a direct payment from Safety National to BBB of the Trust Money; or<br>    o (ii) a crediting to TCI of the Trust Money for the deductible obligations assumed by TCI from BBB.<br><br>• If the Trust Money is credited to TCI, there will be a refund of Premium received by TCI equal to the amount of such credit applied by Safety National.<br><br>• For the avoidance of doubt, it is TCI's intention to close the LoC substitution, assumption of liability transaction as quickly as possible. It is anticipated that that the release of the Trust Money will take longer to resolve and accordingly should not delay closing of that portion of the transaction. |
|---|---|
| **Delivery of Final Terms** | As soon as possible following the countersignature of this Letter-of-Intent. |
| **Target Closing Date** | November 15, 2023 |

Transaction Proposal
Non-Binding Letter of Intent (LOI)
V2.0 (October 10, 2023)

| **Confirmatory Due Diligence Process** | TCI requires BBB to grant access to insurers, claims administrators and actuaries. TCI requires access to: <br><br> A. Comprehensive loss runs for all open claims, inclusive of claimant names. <br><br> B. Details of all (open) claims with combined claim payments and case reserves in excess of $50,000, as well as closed claims in excess of $250,000. <br><br> C. Access to all Proofs of Claim, Scheduled Claims and information related thereto, whenever filed, in the BBB bankruptcy proceeding relating to the Assumed Obligations. <br><br> D. Agreements with all parties engaged by BBB in the management and administration of claims. This includes BBB claims handing and reserving instructions <br><br> E. Actuarial reports <br><br> F. Insurance company documents including: <br>     1. Insurance policies, including aggregate or stop-loss policies and endorsements <br>     2. Program management agreements <br>     3. Collateral agreements <br>     4. Any related agreement or "side letter" addressing claims processing, security and collateral or any other right or obligation of BBB or the Insurance Companies <br>     5. Details of any insurance regulatory action related to BBB's insurance programs <br>     6. Letter of credit instruments and security trust agreements, including details of assets on deposit in support of LoCs <br>     7. Claims escrow agreements |
|---|---|
| **BBB Diligence Process** | TCI will provide BBB customary reporting, inspection, and audit rights to be defined in the definitive documents. <br><br> TCI will provide BBB with financial due diligence materials sufficient to demonstrate TCI's ability to perform under this agreement. |

Case 23-13359-VFP    Doc 2958-1    Filed 04/11/24    Entered 04/11/24 10:09:25    Desc Certification of Hill in Support of Objection with attachments    Page 9 of 18

Transaction Proposal
Non-Binding Letter of Intent (LOI)
V2.0 (October 10, 2023)

| | |
|---|---|
| **Subjectivities** | This transaction is contingent on the following:<br><br>1. Approval of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");<br><br>2. Agreement of insurance companies to accept replacement collateral (or Bankruptcy Court orders compelling the same); and<br><br>3. Assignment of third-party administrator contracts to TCI or its designee; or similar negotiated arrangements with respect to the Assumed Obligations |
| **Exclusivity / Termination Provision** | BBB agrees to grant to TCI 30 days (the "Exclusivity Period") from countersignature of this letter of intent to complete due diligence and deliver a binding AROC or Deductible Indemnity policy to BBB in accordance in all respects with this letter of intent (hereinafter, the "AROC Policy"). BBB may solicit and/or accept competing offers during the Exclusivity Period, provided, however, that BBB agrees, and will seek approval of the Bankruptcy Court if so warranted, to pay TCI a one-time $500,000 expense reimbursement fee if BBB (i) accepts an offer similar to this proposal during the Exclusivity Period; (ii) declines to accept the binding AROC Policy delivered by TCI after the Exclusivity Period and solicits and accepts competing and/or similar offers, including a Loss Portfolio Transfer, Commutation or other similar arrangement from any party (including Safety National); and / or does any of the foregoing in an official auction or auction-like process, in which such process BBB agrees to designate TCI as the 'stalking horse' entitled to the above-referenced $500,000 as a stalking horse fee. |
| **Governing Law:** | The proposed transaction is subject to the laws of New York. |
| **Jurisdiction** | The parties agree that the proposed transaction shall be subject to the jurisdiction of the Bankruptcy Court, unless BBB agrees to waive such jurisdiction. |



Transaction Proposal
Non-Binding Letter of Intent (LOI)
V2.0 (October 10, 2023)

Sincerely,

TCI HOLDINGS, INC

/s/ Hugh Hill
Hugh Hill,
authorized
signatory

AGREED AND ACCEPTED

Bed Bath & Beyond

By: _____

Name: _____

Title: _____

Date: _____

Page **6**

**Exhibit B**

Transaction Proposal
Letter of Intent (LOI) V4.0
(December 11, 2023)

| Parties | Bed Bath & Beyond, Inc. and/or its affiliates as Debtors (collectively, "BBB") <br><br> TCI Holdings, Inc. ("TCI") and affiliated companies and designees, or assignees as designated by authorized signatory |
|---|---|
| Contract | 1) Assumption of Retention Obligation Contract ("AROC") / Deductible Indemnity Contract / Loss Portfolio Transfer <br> 2) Purchase of Oak Insurance Company Inc. ("Oak") |
| Assumed Obligations | TCI will assume the following obligations from BBB: <br><br> I. Any and all of BBB's obligation to reimburse Safety National Casualty Corporation and Safety First Insurance Company (collectively, "Safety National") for self-insured retention and deductible payments, any reimbursement costs, and any indemnification obligations, due under specified workers compensation, auto, and general liability insurance policies issued to BBB by Safety National (the "Policies") (Safety National sometimes referred to herein as "Insurance Companies"); <br><br> • Policy Numbers: LDS4045802 (Workers Comp), PS 4045803 (Workers Comp), CA6675897 (Auto), and GL4062767 (General Liability) <br><br> II. Any and all of BBB's obligation owed to any party or third party under the Policies (including claimants); and <br><br> III. Any and all of BBB's obligations to manage and administer the specified deductible and retention plans, including oversight of claims settlement and administration. |

Page 1

Transaction Proposal
Letter of Intent (LOI) V4.0
(December 11, 2023)

| **Transaction** | The series of transactions embodied herein ("Transaction") will cause a release of cash collateral supporting two existing Letter of Credit issued by JP Morgan Chase Bank, one for $39,750,000 and the other for $4,250,000 held by Safety National (the "LoCs") which LoCs are being held by Safety National for BBB respective deductible payments. Cash collateral for the LoCs is estimated to be $45,100,000. <br><br> There is also an estimated $15,748,738.8 held as cash in trust at Computershare Corporate Trust Account #92254400 by Safety National for Oak / BBB's existing liabilities under the policies (the "Trust Money"). <br><br> Oak has been reported to hold $8,736,865 in short term U.S. Government securities, which was reserved for the Safety National Workers Comp policy years 2016-21 (the "Oak Money"). <br><br> The proposed Transaction is executed in the following simultaneous parts: <br><br> I. TCI and / or an affiliated or designated entity, will purchase the equity of Oak and assume the Oak Money. <br><br> II. Oak will then issue an AROC, LPT or similar insurance contract for BBB's obligations to Safety National under the Policies, up to $44,000,000, upon payment by BBB of a $28,263,135 premium to TCI (the "Premium"), which payment shall be made from the proceeds of the cash collateral currently held by JP Morgan Chase following release (or transfer) of the LoCs as described herein. TCI will replace the LoCs held by Safety National with letters of credit of equivalent value ($44,000,000), issued by a U.S. National Bank that is a Member of the Federal Reserve System and approved by the National Association of Insurance Commissioners ("NAIC"). The new $44,000,000 letters of credit will be fully collateralized by $28,263,135 premium received by TCI, the Oak Money, and additional collateral from TCI of $7,000,000. <br><br> III. TCI, via Oak (styled "New Oak"), assumes any and all BBB's obligations under existing Policies. <br><br> IV. The payment of the Premium to TCI in conjunction with TCI's issuance of the new letter of credit to Safety National to secure the obligations assumed by New Oak shall result in estimated cash net proceeds to BBB of approximately $16,836,865 from the cancellation of BBB's current LoCs and the corresponding release of the cash securing the current LoCs (the "Release"). <br><br> V. TCI assumes all management and administration obligations from BBB for all the Policies, eliminating all further expenses of BBB with respect to the Assumed Obligations to the Insurance Companies. |
|---|---|

Page **2**

Transaction Proposal
Letter of Intent (LOI) V4.0
(December 11, 2023)

|  |  |
|---|---|
|  | *Trust Account:* <u>Release of the $15 million held by Safety National</u>:<br><br>• TCI will, concurrently with the above-described purchase of Oak / LoC replacement trade and after the close of the same, work with BBB to negotiate the return or 'refund' to BBB of the Trust Money held by Safety National.<br><br>• This is anticipated to be in two possible forms:<br>    ◦ (i) a direct payment from Safety National to BBB of the Trust Money; or<br>    ◦ (ii) a crediting to Oak of the Trust Money for the deductible obligations assumed by Oak / TCI from BBB.<br><br>• If the Trust Money is credited to Oak / TCI, there will be a simultaneous transfer of funds received by Oak equal to the amount of such credit applied by Safety National.<br><br>• For the avoidance of doubt, it is TCI's intention to close the LoC substitution and assumption of liability transaction as quickly as possible in a closing approved by the Bankruptcy Court. Any part of Trust Monies not approved for transfer to BBB shall be returned as soon as permissible under the supervision of the Bankruptcy Court and accordingly shall not delay other permitted elements of the closing including but not limited to the provision of the replacement letter of credit, the Premium payment, and corresponding Release of capital.<br><br>*Oak Assets:* <u>$8,736,865 of government securities, and cash equivalents held in Oak shall be retained by TCI after the acquisition of Oak.</u><br><br>• This obviate the costs and time working with Safety National and regulators to have those amounts returned to BBB from Oak, and lowers the requested premium (as evidenced in the prior LOI submitted).<br><br>• It has been stated that Oak has minimal retained liabilities related to 2021 medical stop-loss insurance. Provided these liabilities are less than $37,000, there shall be no adjustment to the pricing in the proposed structure. |
| **Delivery of Final Terms** | As soon as possible following the countersignature of this Letter-of-Intent. |
| **Target Closing Date** | January 15, 2024 |

Page 3

Transaction Proposal
Letter of Intent (LOI) V4.0
(December 11, 2023)

| | |
|---|---|
| **Confirmatory Due Diligence Process** | TCI requires BBB to grant access to insurers, claims administrators and actuaries. TCI requires access to:<br><br>A. Comprehensive loss runs for all open claims, inclusive of claimant names.<br><br>B. Details of all (open) claims with combined claim payments and case reserves in excess of $50,000, as well as closed claims in excess of $250,000.<br><br>C. Access to all Proofs of Claim, Scheduled Claims and information related thereto, whenever filed, in the BBB bankruptcy proceeding relating to the Assumed Obligations.<br><br>D. Agreements with all parties engaged by BBB in the management and administration of claims. This includes BBB claims handing and reserving instructions<br><br>E. Actuarial reports<br><br>F. Oak's most-recent unaudited financial statements, regulatory filings, and any audited financials issues after February of 2022.<br><br>G. Insurance company documents including:<br>   1. Insurance policies, including aggregate or stop-loss policies and endorsements<br>   2. Program management agreements<br>   3. Collateral agreements<br>   4. Any related agreement or "side letter" addressing claims processing, security and collateral or any other right or obligation of BBB or the Insurance Companies<br>   5. Details of any insurance regulatory action related to BBB's insurance programs<br>   6. Letter of credit instruments and security trust agreements, including details of assets on deposit in support of LoCs<br>   7. Claims escrow agreements |

Page **4**



Transaction Proposal
Letter of Intent (LOI) V4.0
(December 11, 2023)

| | |
|---|---|
| **BBB Diligence Process** | TCI and its affiliates will provide BBB customary reporting, inspection, and audit rights to be defined in the definitive documents.<br><br>TCI and its affiliates will provide BBB with financial due diligence materials sufficient to demonstrate their ability to perform under this agreement. |
| **Subjectivities** | This transaction is contingent on the following:<br><br>1. Approval of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");<br>2. Agreement of insurance companies to accept replacement collateral (or Bankruptcy Court orders compelling the same); and<br>3. Assignment of third-party administrator contracts to TCI or its designee; or similar negotiated arrangements with respect to the Assumed Obligations.<br><br>By signing this Letter of Intent, BBB agrees to take all steps reasonably necessary to effectuate this transaction with Safety National, including, but not limited to, bringing legally permissible actions in the Bankruptcy Court to compel Safety National to honor its legal and contractual obligations and effectuate this transaction should such actions be required. |
| **Exclusivity / Termination Provision** | BBB agrees to grant to TCI 30 days (the "Exclusivity Period") from countersignature of this letter of intent to complete due diligence and deliver a binding AROC, LPT, or Deductible Indemnity policy to BBB in accordance in all respects with this letter of intent (hereinafter, the "Policy"). BBB may solicit and/or accept competing offers during the Exclusivity Period, provided, however, that BBB agrees, and will seek approval of the Bankruptcy Court if so warranted, to pay TCI a one-time $500,000 expense reimbursement fee if BBB (i) accepts an offer similar to this proposal during the Exclusivity Period; (ii) declines to accept the binding Policy delivered by TCI after the Exclusivity Period and solicits and accepts competing and/or similar offers, including a Loss Portfolio Transfer, Commutation or other similar arrangement from any party (including Safety National); and / or does any of the foregoing in an official auction or auction-like process, in which such process BBB agrees to designate TCI as the 'stalking horse' entitled to the above-referenced $880,000 or 2% of the enterprise value as a stalking horse fee. |
| **Governing Law:** | The proposed transaction is subject to the laws of New York. |

Page **5**



Transaction Proposal
Letter of Intent (LOI) V4.0
(December 11, 2023)

| **Jurisdiction** | The parties agree that the proposed transaction shall be subject to the jurisdiction of the Bankruptcy Court. |
|---|---|

Sincerely,

TCI HOLDINGS, INC

/s/ Hugh Hill
Hugh Hill,
authorized
signatory

AGREED AND ACCEPTED

Bed Bath & Beyond

By: _____

Name: _____

Title: _____

Date: _____

Page **6**

Transaction Proposal
Letter of Intent (LOI) V4.0
(December 11, 2023)

Exhibit 1

| Proposed Capitalization of the "New" Oak by TCI & Distributions to BBB Creditors | Amount |
|---|---|
| Additional TCI Collateral for "New" Oak to issue replacement L/C to Safety Nat [1] | $ 7,000,000 |
| Premium Paid to "New" Oak by Bed Bath & Beyond [2] | $ 28,263,135 |
| Net Assets of Existing Oak Captive [3] | $ 8,736,865 |
| **Total Assets** | **$ 44,000,000** |
| New L/C Issued to Safety First from New Oak from TCI's Bank [4] | $ 44,000,000 |
| Simultaneous Release of Bed Bath & Beyond's L/Cs from JPMorgan [5] | $ (44,000,000) |
| Release of Assets Securing the JP Morgan L/Cs [6]: | $ 45,100,000 |
| Premium paid to the "New" Oak Captive to be owned by TCI | $ (28,263,135) |
| Net Assets to the Bed Bath & Beyond Estate [7] | $ 16,836,865 |
| Plus Additional Cash held in Trust at Safety National [8] | $ 15,748,738 |
| **Total Net Cash to Bed Bath & Beyond Estate & Estate Creditors** | **$ 32,585,603** |

1) TCI, or designees shall issue an L/C or other assets (cash/securities) to New Oak to support at least $7 million in
2) BBB will wire premium to New Oak from ~$45 million of cash released by swap & cancellation of existing L/Cs
3) Per CAC Specialty guidance
4) TCI's bank provides pre-approved L/C as part of the series of transactions per pre-approved closing statement
5) JP Morgan cancelled L/Cs swapped at closing releasing BBB's cash collateral in full
6) Total funds pledged to JPM based on 102.5% over-collateralization requirement per CAC
7) Remainder of cash collateral available for BBB creditors
8) BBB's cash deposit provided to Safety National remitted back to BBB estate for creditors