**HUSCH BLACKWELL LLP**
David Stauss (NJ I.D. #013862005)
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Telephone: 303.749.7200
Facsimile: 303.749.7272
Email: david.stauss@huschblackwell.com

**HUSCH BLACKWELL LLP**
Caleb T. Holzaepfel, Esq.
Admitted *pro hac vice*
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------x
                                                         :
  In re                                                  :    Chapter 11
                                                         :
  BED BATH & BEYOND INC., *et al.*,                      :
                                                         :    Case No. 23-13359 (VFP)
                                                         :
         Debtors.[1]                                     :    (Jointly Administered)
                                                         :
----------------------------------------------------------x

### OBJECTION OF SAFETY NATIONAL CASUALTYCORPORATION AS TO NOTICE OF MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY AND PLAN INJUNCTION TO ALLOW MOVANT TO CONTINUE PENDING LITIGATION AGAINST THE DEBTOR, TO RECOVER SOLELY AGAINST DEBTOR'S INSURER, WAIVING THE PROVISIONS OF FED. R.  BANKR. P. 4001(a)(3) AND FOR RELATED RELIEF

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

1

Safety National Casualty Corporation ("Safety National"), by and through the undersigned counsel, hereby files this objection and reservation of rights (the "Objection") as to the *Notice of Motion for Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor, to Recover Solely Against Debtor's Insurance, Waiving the Provisions of Fed. R. Bankr. P. 4001(a)(3) and for Related Relief* filed by Alfred Zeve [Docket No. 2936] (the "Motion"). In support of this Objection, Safety National respectfully states a follows:

1. On March 28, 2024, movant Alfred Zeve ("Zeve" or "Movant") filed his Motion, requesting relief from the automatic stay to pursue claims against Debtor Bed Bath & Beyond, Inc. affiliates of the Debtor (collectively, the "Debtors") and, to "recover solely against the Debtor's insurers and insurance policies" pursuant to that pending case *Alfred Zeve v. Bed, Bath & Beyond, Inc., et al.*, Case No. DC-23-01958 filed on February 10, 2023 in the District Court of Dallas County, Texas, 101th Judicial District (the "State Court Lawsuit"). The State Court Lawsuit includes premises claims (the "Zeve Claim") against the Debtors based on alleged injuries sustained by Zeve on February 27, 2021 while he was a patron/business invitee in a Bed Bath & Beyond store located in Dallas, Texas. The Motion requests that Zeve be allowed to the pursue Zeve Claim against the Debtors under the State Court Lawsuit to the extent of applicable insurance.

2. Safety National provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $1 Million Self-Insured Retention Limit (the "SIR").

3. On May 31, 2023, this Court issued its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date,*

2

*(III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Dkt. No. 584] (the "Bar Date Order").

4. The Bar Date Order established July 7, 2023 (the "General Claims Bar Date"), as the last date for each person or entity to submit a proof of claim against the Debtors.

5. On September 14, 2023, this Court issued its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Dkt. No. 2172] approving Debtors' *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. And Its Debtor Affiliates* (as may be modified, the "Plan") [Docket No. 2160].

6. The Plan assumed the Safety National Insurance Policies on the Effective Date.

7. The Effective Date of the Plan occurred on September 29, 2023 [Dkt. No. 2311].

## OBJECTION AND RESERVATION OF RIGHTS

8. As a threshold issue, Movant seeks to modify the automatic stay and plan injunction to pursue a claim against Debtor through his Motion. However, Movant has failed to timely file a proof of claim in the Debtors' above-captioned cases. Moreover, given the amount of the Zeve Claim (as defined below) and the SIR limits of the Safety National Insurance Policies, there is no insurance to cover the Zeve Claim. Finally, relief from the Plan Injunction is likely to incur administrative costs to the Estate – and for no purpose and there will be no avenue of recovery to Movant from insurance.

***The Motion Should Be Denied as Zeve Failed to Timely File His Proof of Claim, and as Such, His Claim Against Debtors Has Been Expunged.***

9. The General Claims Bar Date was July 7, 2023.

10. Zeve filed a proof of claim on July 21, 2023. *See Claims Register*, Claim Number 14513 (the "Zeve POC"). The Zeve POC asserts a claim for $245,000.

3

11. The Bar Date Order states in no uncertain terms that:

> 7. In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim.

Bar Date Order ¶ 7.

12. Except for certain exclusions that are inapplicable here, the General Claims Bar Date applies to all claims against the Debtors that arose prior to April 23, 2023, including the Zeve Claim. Because Zeve's claim arose prior to April 23, 2023, he was required to file a proof of claim by the General Claims Bar Date – and failed to do so.

13. Moreover, the confirmed Plan states, in relevant part, that:

> Any Claim or Interest that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim is or has been timely Filed, is not considered Allowed and shall be expunged without further action by the Debtors and without further notice to any party or action, approval, or order of the Bankruptcy Court.

Plan, Art. I.A.14 (emphasis added)

14. Zeve has failed to file a motion to deem the late Zeve POC as timely filed.

15. As noted in the *Certification of Counsel* attached in support of the Motion, "Debtor filed a Suggestion of Bankruptcy in the State Court Action, advising the State Court that the Debtor had filed a voluntary Chapter 11 petition on April 23, 2023." Motion, *Certification of Counsel*, ¶ 5. As such, by Zeve's counsels' own admission, Zeve had notice of Debtors' bankruptcy, and failed to timely file the Zeve POC. The Zeve POC (and by result the Zeve Claim against Debtors) has now been expunged by operation of the Plan and the Bar Date Order. As such, this Court

4

should deny the Motion.

***The Motion Should Be Denied as There is No Insurance for the Zeve Claim and Any Allowed Claim Based on the Zeve Claim Would be a General Unsecured Claim Against the Estate.***

16. Moreover, as this Court is aware – the Debtors were self-insured for general liability causes of action. Safety National only provided coverage to Debtors on general liability claims (like the Zeve Claim) when the SIR limit was met.

17. As is clear from the face of this Motion and the attached State Court Lawsuit, the Zeve Claim "seeks only monetary relief of $250,000 or less". In fact, the Zeve POC asserts a claim for only $245,000.

18. Notwithstanding the fact that the Zeve Claim was expunged pursuant to the terms of the Plan, there is no insurance proceeds to pursue. Even if allowed in full, the Zeve Claim would be a general unsecured claim against the Estate for $245,000 – a claim that falls three-quarters of million dollars below the SIR limit required for the Safety National Insurance Policies to be implicated. Safety National objects to any efforts to liquidate the Zeve Claim in the State Court Lawsuit to the extent of insurance proceeds as none exist.

***Lifting of the Plan Injunction is Likely to Incur Costs to the Estate.***

19. The Safety National Insurance Policies were assumed pursuant to the Plan on the Effective Date. *See* Plan, Art. V.D.

20. Debtors are obligated under the Safety National Insurance Policies to defend or resolve claims below the SIR limit.

21. The Safety National Insurance Policies, among other things, also obligate Debtors to indemnify and reimburse Safety National for any defense costs Safety National incurs below the SIR limit.

5

22. To the extent the Plan Injunction is lifted for Zeve to pursue the Zeve Claim, the Estate will either (i) be required to defend the Zeve Claim in the State Court Lawsuit, or (ii) if the Estate chooses not to defend, will incur administrative claim obligations to Safety National for its defense of the Zeve Claim in the State Court Lawsuit.

23. Relief from the Plan Injunction would only serve to cost a cash-strapped Estate valuable resources.

***Reservation of Rights***

24. As of the filing of this Objection, no proposed stipulation has been filed on the docket nor have the Debtors filed any objection to the Motion. Safety National objects to any proposed order that attempts to modify the rights or defenses held by Safety National under the Safety National Insurance Policies, any other applicable policy or contractual agreements between the Debtors and Safety National, the Bankruptcy Code, or other applicable law. Accordingly, Safety National hereby expressly reserves all of it rights, claims, counterclaims, defenses, and remedies under the Bankruptcy Code, its insurance policy, any applicable contractual agreements between the Debtors and Safety National, and other applicable law.

WHEREFORE the reasons set forth above, Safety National respectfully requests the Motion be denied.

Dated: April 16, 2023

Respectfully Submitted,

*/s/ David Stauss*
David Stauss (NJ I.D. #013862005)
**HUSCH BLACKWELL LLP**
1801 Wewatta Street, Suite 1000
Denver, CO 80202
T: 303.749.7200; F: 303.749.7272
Email: david.stauss@huschblackwell.com

Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
T: 423.755.2654; F: 423.266.5500
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 16th day of April, 2023, a true and correct copy of Safety National's *Objection* has been electronically filed with the Court via the CM/ECF system and will be served by electronic means through the CM/ECF system to the below and to all registered CM/ECF participants.

Debtors' Counsel
Kirkland & Ellis LLP
Attn: Joshua A. Sussberg,
Attn: Emily E. Geier
Attn: Derek I. Hunter
601 Lexington Avenue
New York, New York 10022
joshua.sussberg@kirkland.com
emily.geier@kirkland.com
derek.hunter@kirkland.com

United States Trustee
Fran B. Steele, Esq.
Alexandria Nikolinos
One Newark Center, Suite 2100
Newark, NJ 07102
Fran.B.Steele@usdoj.gov
alexandria.nikolinos@usdoj.gov

Counsel to Sharmele Moore
Paul Pflumm
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
ppflumm@mcdowelllegal.com

Debtors' Counsel
Cole Schotz P.C.
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
25 Main Street Hackensack
New Jersey 07601
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

Counsel to the Plan Administrator
Robert J. Feinstein
Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

*/s/ David Stauss*
David Stauss (NJ I.D. #013862005)

7