UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In re:

Bed Bath & Beyond Inc.,

    Debtor.

Neelay Das, et al,

    Appellants,

v.

Bed Bath & Beyond Inc., et al,

    Appellee.

Civil Action No. 23-20787 (MEF)

**ORDER**

The Appellants filed a notice of appeal from a Bankruptcy Court order on September 29, 2023. The Appellants did not file a designation of record within 14 days, as required by Federal Rule of Bankruptcy Procedure 8009. A certification of failure to file the designation of record was entered on November 6, 2023. On November 6, 2023, the Court ordered the Appellants to file a designation of record. The Appellants did so on December 4, 2023.

The Court previously issued two orders calling for the Appellants response to other matters, on January 25, 2024, and March 15, 2024. The Appellants failed to respond to these orders.

To date, the Appellants have not filed a brief, as required by Federal Rule of Bankruptcy Procedure 8018. On April 10, 2024, the Court issued an order instructing the Appellants to file a

brief, or explain why they have not done so, on or before May 1. The order informed the Appellants that failure to do so would result in the case being dismissed. There has been no response from the Appellants.

This case is not being prosecuted by the Appellants.

In addition, under Federal Rule of Bankruptcy Procedure 8003(a)(2) the Court may dismiss the appeal if the Appellants fails to "take any step" that is required by the rules. Here, the Appellants have failed to file their brief for almost four months, despite an order instructing them to do so.

Accordingly, this appeal will be dismissed without prejudice.[1]

The Clerk of the Court shall provide the Appellants with a copy of this order by regular mail.

IT IS on this 7th day of May, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[1] Generally, to ensure a party still has their "day in court," Knoll v. City of Allentown, 707 F.3d 406, 410 (3d Cir. 2013), the Court must consider the six factors enumerated by the Third Circuit in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) before dismissing a case. However, the Court need not consider these factors when the dismissal will be without prejudice. See Choi v. Kim, 258 F. App'x 413, 416 n.5 (3d Cir. 2007); Foreman v. Previziz, 2015 WL 1931453, at *1 (D.N.J. Apr. 27, 2015).