**Christopher Perez, Esq., Attorney ID No. 043602005**
**HANNA | PEREZ** PC
**185 Route 17 South**
**Paramus, New Jersey 07652**
**(201) 224-9400, Fax: (201) 224-9401**
**Attorney for Plaintiff, LUSE AKDEMIR**

| | |
|---|---|
| LUSE AKDEMIR, *Plaintiff,* vs. BED BATH & BEYOND, INC.; DISPLAY MAX, INC.; JOHN DOES 1-5 (unknown individual property owners); ABC CORP. 1-5 (unknown corporate property owners); JOHN DOES 6-10 (unknown individual maintenance persons); ABC CORP. 6-10 (unknown corporate maintenance companies); JOHN DOES 11-15 (unknown individual display installation persons); ABC CORP. 11-15 (unknown corporate display installation companies); *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. MID-L- *Civil Action* **COMPLAINT, JURY DEMAND, & DISCOVERY DEMANDS** |

Plaintiff, LUSE AKDEMIR, residing at 761 Buchanan Court, in the Borough of Paramus, County of Bergen, and State of New Jersey, by way of Complaint against the defendants, declares:

## FIRST COUNT

1. At all times relevant herein, defendant, BED BATH & BEYOND, INC., is a corporation duly organized in the State of Delaware and engaged in the merchandise retail business, with its headquarters located in Union, New Jersey.

2. At all times relevant herein, defendant, DISPLAY MAX, INC., is a corporation engaged in the business of commercial fixture, decor and display installation, with its headquarters located in Howell, Michigan.

3. Upon information and belief, at all times relevant herein defendant, BED BATH & BEYOND, INC., entered a contract with defendant, DISPLAY MAX, INC., entered into a contract, under the terms of which it was to install shelving, racking, and other display-related installations on the premises of defendant, BED BATH & BEYOND, INC., within the interior of the store located at 300 Ikea Drive, in the Borough of Paramus, County of Bergen, and State of New Jersey.

4. At all times relevant herein, defendant, BED BATH & BEYOND, INC., was doing business in the County of Middlesex, including a BED BATH & BEYOND location in North Brunswick Township, making venue in Middlesex County proper pursuant to R. 4:3-2(b).

5. On or about February 16, 2021, plaintiff, LUSE AKDEMIR, was lawfully on the premises of defendant, BED BATH & BEYOND, INC.; JOHN DOES 1-5 (unknown individual property owners), and/or ABC CORP. 1-5 (unknown corporate property owners), located at 300 Ikea Drive, in the Borough of Paramus, County of Bergen, and State of New Jersey ("The Premises").

6. At the same time, BED BATH & BEYOND, INC.; DISPLAY MAX, INC.; JOHN DOES 1-5 (unknown individual property owners); ABC CORP. 1-5 (unknown corporate property owners); JOHN DOES 6-10 (unknown individual maintenance persons); ABC CORP. 6-10 (unknown corporate maintenance companies); JOHN DOES 11-15 (unknown individual display installation persons); and/or ABC CORP. 11-15 (unknown corporate display installation companies) were the owners or were in control, dominion, and/or operation of The Premises.

7. At the same time, the aforesaid defendants, were negligent in the ownership; operation; supervision; management; construction; remodeling; maintenance; repair; supervision; cleaning; monitoring; arrangement; display design, installation, and configuration; and/or upkeep of

The Premises, the business thereon, including the shelving, racking, and other display-related installations within the interior of the business.

8. At the same time and place, the aforesaid defendants negligently and carelessly allowed a dangerous condition to exist on the property, and/or failed to warn of same, causing plaintiff to become seriously injured.

9. As a direct and proximate cause of defendants' negligence, plaintiff, LUSE AKDEMIR, sustained serious injuries, has suffered and will continue to suffer extraordinary pain and mental anguish, will be permanently physically disabled, has expended and will continue to expend large sums of money for medical care, and has lost substantial employment earnings and will continue to do so in the future.

**WHEREFORE**, plaintiff, LUSE AKDEMIR, demands judgment against defendants, jointly, severally or in the alternative, for damages, together with interest, costs of suit, attorney's fees, and any further relief the Court deems fair and just.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Christopher Perez, Esq., is designated trial counsel.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues herein.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that all defendants provide answers to Form C and C(2) interrogatories.

### DEMAND FOR SUPPLEMENTAL INTERROGATORIES

1. Please state the name(s) of any person or entity who is responsible for operation; supervision; management; construction; remodeling; maintenance; repair; supervision; cleaning; monitoring; arrangement; display design, installation, and configuration; and/or upkeep of the property known as BED BATH & BEYOND, INC. located at 300 Ikea Drive, in the Borough of Paramus, County of Bergen, and State of New Jersey (the "Premises").

2. Describe in detail any and all steps taken by defendant to display bed sheet products in the store in a safe manner.

3. Describe in detail any and all steps taken by defendant to monitor, inspect, and/or safely arrange bed sheets on display for sale within the store.

## **DEMAND FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 4:18-1, et seq., plaintiff hereby demands that all defendants provide the following documents:

1. Any and all statements or reports made by any person or governmental entity concerning this civil action or its subject matter.

2. Copies of any and all photographs or videos in your possession of the property including the incident location, the alleged condition, or the parties involved in this accident.

3. Copies of any claims information bureau or other insurance claims searches or other documents referencing any prior or subsequent injuries and/or claims by the plaintiff.

4. Copies of any statements made by any person with regard to the incident or having to do with the subject matter of this action.

5. Copies of any and all expert reports, reports of diagnostic tests, hospital and medical records, X-rays, CAT scan films, MRI films and any other films and bills relating to any condition or injury sustained by the plaintiff.

6. Copies of all written reports or summaries of oral reports of all expert or treating or examining physicians along with their curriculum vitae.

7. Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom defendant intends to call at the time of trial.

8. Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

9. Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to this litigation.

10. All documents, tangible evidence or other items relevant to the incident set forth in the plaintiff's complaint.

11. If you are not supplying any statement, report, medical record or other item requested herein, identify the item; indicate who has possession of the item; specify their address and state the reason why the items are not being provided.

12. All documents referred to in defendants' other discovery responses.

13. Any and all incident reports that were drafted, generated recorded, prepared, and/or filed regarding the plaintiff's accident which occurred on or about May 10, 2017 at the Premises.

14. Any and all writings, logs, journals, entries, and/or memorializing record related to the inspection, maintenance, operation, management, product arrangement, product display, and supervision of the area where the incident occurred.

### DEMAND FOR DOCUMENTS PURSUANT TO RULE. 4:18-2

Pursuant to R. 4:18-2, demand is hereby made for the production of all documents referred to in the answer or any other responsive pleading within 5 days hereof.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied., (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

### CERTIFICATION

Pursuant to R. 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding.

**HANNA | PEREZ** PC
Attorney for Plaintiffs

By: */s/ Christopher Perez*
CHRISTOPHER PEREZ, ESQ.

Dated: January 25, 2023