**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

BED BATH & BEYOND INC., *et al.*,

    Debtors.[1]

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY AND PLAN INJUNCTION TO ALLOW MOVANT TO CONTINUE PENDING LITIGATION AGAINST THE DEBTOR AND RECOVER SOLELY AGAINST DEBTOR'S INSURER, WAIVING THE PROVISIONS OF FED. R. BANKR. P. 4001 (a) (3) AND FOR RELATED RELIEF**

**HANNA │PEREZ PC**
Joseph James Gianetti, Esq.
Attorney ID No. 093352013
185 Route 17 South
Paramus, New Jersey 07652
(201) 224-9400, Fax: (201) 224-9401
Attorney for LUSE AKDEMIR

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

INTRODUCTION.............................................................................................................1

BACKGROUND FACTS .................................................................................................1

AKDEMIR'S PERSONAL INJURIES .............................................................................2

DEBTOR'S INSURANCE FOR AKDEMIR'S CLAIMS .................................................2

THE AUTOMATIC STAY AND THE PLAN INJUNCTION ....................................... 3

LEGAL ARGUMENT .....................................................................................................4

      A.     The Automatic Stay Should Be Terminated to Permit Akdemir to Continue
the State Court Action .............................................................................4

      B.     The Automatic Stay Should Be Terminated Pursuant to 11 U.S.C. § 362(d)
(1)For Cause.........................................................................................4

      C.     The Automatic Stay Should Be Terminated Pursuant to 11 U.S.C. § 362(d)
(1) Because the Debtor Lacks an Equity in the Policy and the Policy Is Not
Necessary to an Effective Reorganization...................................................6

      D.     Waiver of the Fourteen Day Stay Provision of  Fed. R. Bankr. P.
4001(a)(3)...............................................................................................8

CONCLUSION ................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**<u>PAGE</u>**

**Cases**

Acands, Inc. v. Travelers Cas. & Sur. Co.,
    435 F.3d 252 (3d Cir. 2006) ............................................................................................... 3

Califano v. Yamasaki,
    442 U.S. 682 (1979) ........................................................................................................... 7

First Fid. Bank v. McAteer,
    985 F.2d 114 (3d Cir. 1993) ............................................................................................... 3

Gammon, Inc. v. Lemelson,
    442 F. Supp. 211 (D.N.J. 1977) ........................................................................................ 7

In re Abeinsa Holding, Inc.,
    2016 WL 5867039 (Bankr. D. Del. Oct. 6, 2016) ............................................................ 5

In re Amiel Restaurant Partners, LLC,
    510 B.R. 744 (Bankr. D.N.J. 2014) ................................................................................... 4

In re Indian Palms Assocs., Ltd.,
    61 F.3d 197 (3d Cir. 1995) ................................................................................................ 6

In re Louisiana Word Exposition, Inc.,
    832 F.2d 1391 (5th Cir. 1987) ........................................................................................... 3

In re Mid-Atl. Handling Sys., LLC,
    304 B.R. 111 (Bankr. D.N.J. 2003) ................................................................................... 4

In re Mireskandari,
    2019 WL 2011102 (Bankr. D.N.J. May 6, 2019) .............................................................. 5

Matter of Edgeworth,
    993 F.2d 51 (5th Cir. 1993) ............................................................................................... 3

Matter of Newark Airport/Hotel Ltd. P'ship,
    156 B.R. 444 (Bankr. D.N.J.), aff'd sub nom. FGH Realty Credit Corp. v Newark
    Airport/Hotel Ltd. P'ship, 155 B.R. 93 (D.N.J. 1993) .................................................... 6

Sec. & Exch. Comm'n v. Warren,
    583 F.2d 115 (3d Cir. 1978) ............................................................................................. 7

United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,
    484 U.S. 365 (1988) .......................................................................................................... 6

# TABLE OF AUTHORITIES (cont'd)

**PAGE**

**Statutes**

11 U.S.C. § 1141(d) (3) (A) ........................................................................................... 7

11 U.S.C. § 362(a) (1) ................................................................................................... 3

11 U.S.C. § 362(d) ......................................................................................................... 4

11 U.S.C. § 362(d) (1) ................................................................................................... 4

11 U.S.C. § 362(d) (2) ................................................................................................... 4

11 U.S.C. § 362(g) (2) ................................................................................................... 5

11 U.S.C. §362(a) (3) ..................................................................................................... 3

**Rules**

Fed. R. Bankr. P. 4001 (a) (3) ....................................................................................... 8

**Other Authorities**

https://restructuring.ra.kroll.com/bbby ........................................................................ i

## INTRODUCTION

Luse Akdemir ("**Akdemir**") suffered substantial personal injuries from an accident that occurred on February 16, 2021, inside of the Bed Bath & Beyond store located in Paramus, New Jersey. Specifically, a pair of large, heavy metal pliers fell from a high shelf and struck Ms. Akdemir. As a result of the accident, plaintiff sustained serious injuries to her cervical spine, as well as substantial economic losses. Akdemir has a pending lawsuit styled as Akdemir v. Bed Bath & Beyond, Inc. et. al in the Superior Court of New Jersey, Law Division, Bergen County, under Docket Number BER-L-3313-23, (the **"State Court Action"**) in which Bed Bath & Beyond is a named defendant. The State Court Action is presently stayed as to Bed Bath & Beyond because of their pending bankruptcy.  On the date of Ms. Akdemir's injury, Bed Bath & Beyond had available an insurance policy with Safety National to cover her injuries.  Akdemir now seeks relief from the Automatic Stay to continue the State Court Action and to recover solely against the Debtor's insurer, and respectfully submits the following:

## BACKGROUND FACTS

On April 23, 2023 (the "**Petition Date**"), the Debtor, Bed, Bath & Beyond, Inc. (the "**Debtor**") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in this Court, thereby commencing this bankruptcy case.

On September 14, 2023, this Court entered its "*Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates*" [ECF 2172] ("**Confirmation Order**") confirming the "*Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates"* [ECF 1712] (as confirmed, the "**Plan**").

-1-

## AKDEMIR'S PERSONAL INJURIES AND THE DEBTOR'S INSURANCE FOR AKDEMIR'S CLAIMS

Prior to the Petition Date, the Debtor was engaged in the business of operating retail stores throughout the United States, including in the State of New Jersey. Akdemir suffered substantial personal injuries from an accident that occurred on February 16, 2021, inside of the Bed Bath & Beyond store located in Paramus, New Jersey. Specifically, a pair of large, heavy metal pliers fell from a high shelf and struck Ms. Akdemir. As a result of the accident, plaintiff sustained serious injuries to her cervical spine, as well as substantial economic losses.

On or about January 25, 2023, Akdemir commenced the State Court Action against the Debtor and third parties to recover damages resulting from her personal injuries. This case remains active. See Certification of Joseph James Gianetti, Esq. dated May 16, 2024 (the "Gianetti Cert.") at ¶ 4 and **Exhibit A**.

On May 5, 2023, counsel for Bed Bath and Beyond, Inc. in the Superior Court action filed a Notice of Pendency of Bankruptcy and Automatic Stay of Proceedings. On May 25, 2023, the Honorable Michael V. Cresitello, Jr., P.J.Cv. entered an Order in the Superior Court action staying the case against Bed Bath and Beyond. See Gianetti Cert. at ¶¶ 5,6 and **Exhibits B & C**.

On the date of Ms. Akdemir's injury, Debtor had available an insurance policy with Safety National to cover her injuries. Specifically, by way of letter dated December 15, 2021, CorVel Corporation confirmed that they are the Third Party Administrator for Bed Bath & Beyond, and advised that Safety National is the insurance carrier who underwrote the insurance policy that was in effect at the time of Ms. Akdemir's accident.  See Gianetti Cert. at ¶¶ 9, 11 and **Exhibit F.**

Ms. Akdemir now seeks relief from the Automatic Stay to continue to prosecute the State Court Action and to recover only against Debtor's insurers and insurance policies.

## THE AUTOMATIC STAY AND THE PLAN INJUNCTION

Upon the Debtor's filing of its bankruptcy case, the State Court Action was automatically stayed against the Debtor only, pursuant to section 362 of the Bankruptcy Code (the "***Stay***") which, among other things, operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a) (1). Similarly, 11 U.S.C. §362(a) (3) operates as a stay of "any act to obtain possession of property of the estate or to exercise control over property of the estate."

Pursuant to Article X, Section F. (at 53-54), the Plan enjoins certain creditors, including arguably Akdemir, from, *inter alia*, "commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to" any claim Akdamir may have against the Debtor. See also Confirmation Order at ¶137 at 65 (providing  for continuation of the automatic stay and the Plan injunction to "remain in full force and effect in accordance with their terms").

Accordingly, Akdemir seeks to modify the Automatic Stay and the Plan injunction to be allowed to continue the State Court Action against the Debtor solely to recover against the Debtor's insurer(s). Such relief from the Automatic Stay is required since the Policy is property of the estate (although the Policy's proceeds are not property of the estate), and continued litigation may diminish future recoveries from that Policy. Acands, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252, 261 (3d Cir. 2006), see, Matter of Edgeworth, 993 F.2d 51, 56 (5th Cir. 1993) (medical malpractice policy); First Fid. Bank v. McAteer, 985 F.2d 114, 118 (3d Cir. 1993) (credit life insurance policy); In re Louisiana Word Exposition, Inc., 832 F.2d 1391 (5th Cir. 1987) (directors

-3-

and officers liability policy); In re Amiel Restaurant Partners, LLC, 510 B.R. 744 (Bankr. D.N.J. 2014) (casualty policy).  Relief from the Plan injunction is required to the extent it prohibits Akdemir from continuing the State Court Action solely against the Debtor's insurers.

## LEGAL ARGUMENT

**A.    The Automatic Stay Should Be Terminated to Permit Akdamir to Continue the State Court Action**

Akdemir requests that the Court modify the Automatic Stay to permit her to continue the State Court Action to judgment and to enforce any judgment she receives, by execution, levy or otherwise, against the Debtor's insurer and the Policy.  Akdemir will not seek the enforcement of any judgment against the Debtor or its assets other than the Policy.

11 U.S.C. § 362(d) provides

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

Here, Akdemir submits that the Court should allow this Motion pursuant to Section 362(d) (1), or alternatively, under section 362(d) (2).

**B.    The Automatic Stay Should Be Terminated Pursuant to 11 U.S.C. § 362(d) (1) For Cause**

This Court must define whether "cause" exists under section 362(d) (1) based on the totality of circumstances in each particular case because the statute does not define the term "cause."  In re Mid-Atl. Handling Sys., LLC, 304 B.R. 111, 129–30 (Bankr. D.N.J. 2003).  "[R]elief from the stay may be granted when it is necessary to permit litigation to be *concluded* in another forum ......" Id. at 130 (citations and internal quotations omitted) (emphasis in original); In

re Mireskandari, 2019 WL 2011102 at *2 (Bankr. D.N.J. May 6, 2019).

> To determine whether it is necessary to allow prosecution to continue in another forum, courts consider whether: (1) relief would result in a partial or complete resolution of issues; (2) there is a connection with or interference with the bankruptcy case; (3) the other proceeding involves the debtor as a fiduciary; (4) a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) the debtor's insurer has assumed full responsibility for defending it; (6) the action primarily involves third parties; (7) litigation in another forum would prejudice the interest of creditors; (8) the judgment claim arising from the other action is subject to equitable subordination; (9) the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) stay relief would further the interests of judicial economy and lead to an expeditious and economical resolution of litigation; (11) the parties are ready for trial in the other proceeding; and (12) imposition or relief from the stay will cause significant harm to either of the parties.

In re Mid-Atl. Handling Sys., LLC, 304 B.R. at 130; In re Mireskandari, 2019 WL

011102, at *2.

Pursuant to 11 U.S.C. § 362(g) (2), the burden to resist lifting of the Automatic Stay rests entirely with the Debtor. This statute "by its burden shifting, seems almost . . . to ask 'why shouldn't the stay be lifted'" rather than asking "why should the court lift the stay." In re Abeinsa Holding, Inc., 2016 WL 5867039, at *3 (Bankr. D. Del. Oct. 6, 2016).

Here, the Debtor cannot meet its burden of resisting the Motion. The relevant factors cited above are 5, 6, 10 and 12. All of these factors weigh heavily towards granting the Motion. The Debtor has conceded the Policy provides coverage. That coverage is the exclusive source of payment to Akdemir - indeed, Akdemir does not assert a claim seeking recovery from other assets of the estate (factor 5). There are multiple defendants in the State Court Action, including multiple unknown parties who participated in the actionable activities for which Akdemir seeks recovery (factor 6). Stay relief would further the interests of judicial economy by facilitating the prompt resolution of the State Court Action in the Superior Court (factor 10). Finally, the Debtor cannot meet its burden of demonstrating any harm if the stay is modified, because the Debtor will suffer minimal, if any, harm if its insurer and third parties are forced to defend the State Court Action in in the Superior Court (factor 12).

-5-

C.     **The Automatic Stay Should Be Terminated Pursuant to 11 U.S.C. § 362(d) (2) Because the Debtor Lacks an Equity in the Policy and the Policy Is Not Necessary to an Effective Reorganization**

"The classic test for determination under section 362(d) (2) focuses on a comparison between the total liens against the property and the property's current value." In re Indian Palms Assocs., Ltd., 61 F.3d 197, 206 (3d Cir. 1995). Here, Akdemir will recover only from the policy proceeds. The Debtor has no interest in the Policy proceeds, so there cannot be equity in the Policy. Although the Debtor has failed and refused to produce a copy of the Policy, upon information and belief, the Debtor is not entitled to a refund or rebate of any portion of the premiums it paid unless it cancels or terminates the Policy. Also upon information and belief, the Debtor has not terminated or canceled the Policy and the Debtor has no right to any insurance proceeds in excess of the amounts necessary to pay Akdemir (if any), as there is no ability of the Debtor to access the policy proceeds under any circumstances for its own use. Instead, upon information and belief, only Akdemir and similarly situated tort claimants have any right or claim to any of the policy proceeds. Thus, there is no equity for the Debtor in the Policy above the amounts owed to Akdemir.

Similarly, the Policy is not necessary to an effective reorganization. The burden is on the Debtor to demonstrate that "if there is conceivably to be an effective reorganization, [the Policy] will be needed for it; but that the property is essential for an effective reorganization that is in prospect." United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375–76 (1988) (emphasis omitted); Matter of Newark Airport/Hotel Ltd. P'ship, 156 B.R. 444, 449 (Bankr. D.N.J.), aff'd sub nom. FGH Realty Credit Corp. v Newark Airport/Hotel Ltd. P'ship, 155 B.R. 93 (D.N.J. 1993). Here the Plan has been confirmed. The Plan makes clear **no** reorganization is in prospect, because by its terms, the Plan is a liquidating Plan, in which the Debtor liquidates rather than reorganizes. See, e.g., Plan Art. I, §92 (defining "Liquidation"), §94 (defining "Liquidating Trust"), §96 (defining "Liquidation Transactions"), Art. IV, § A. (requiring

-6-

the Debtors to take all actions to liquidate), Art. VII, §B (requiring the Plan Administrator to implement the Plan), § C. (establishing Liquidating Trust and requiring it to liquidate assets), Nowhere does the Plan, either directly or by fair implication, provide that the Policy is necessary or is "essential" for any liquidation that is in prospect; the Policy, which only provides coverage in the past, is not essential to any liquidation of the Debtor's assets.

Similarly, the Plan injunction should be modified to permit Akdemir to continue the State Court Action and to recover solely against the Debtor's insurers. As a threshold matter, it is unclear whether and how the injunction works. 11 U.S.C. § 1141(d) (3) (A) provides that where, as here, the Plan Provides for the liquidation of all or substantially all of the property of the estate, the Plan does not discharge a Debtor. The Plan injunction provides the Debtor with precisely the same outcome as would exist if the Plan discharged the Debtor. Thus, the effects, if any, of the discharge injunction are unclear at best, because the Plan injunction effects a discharge of the Debtor, thereby conflicting with the unambiguous and unconditional denial of a discharge to the Debtor and violating the Bankruptcy Code. See, Califano v. Yamasaki, 442 U.S. 682, 705 (1979) (federal courts retain their equitable power to issue injunctions but only absent a clear command by Congress otherwise).

Assuming *arguendo* that the Plan injunction is effective against Akdemir according to its terms, the Court, nevertheless, should modify it as requested. "Motions to dissolve an injunction are addressed to the sound discretion of the [court]." Sec. & Exch. Comm'n v. Warren, 583 F.2d 115, 121 (3d Cir. 1978) "A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." Id. (quotation omitted). The Court can also consider whether the injunction "works extreme and unnecessary hardship upon" Akdemir. Id; see also, Gammon, Inc. v. Lemelson, 442 F. Supp. 211, 216 (D.N.J. 1977) (issuing court retains the authority to modify the terms of injunctions) (citations and internal quotations omitted).

Here, again assuming that the Plan injunction is enforceable against Akdemir, then

Akdemir submits that the Court should exercise its discretion to modify the Plan injunction. If enforceable against Akdemir, the Plan injunction constitutes and extreme and unnecessary hardship upon Akdemir because it prohibits Akdemir from continuing the State Court Action in order to recover from the Debtor's insurers. Conversely, the only hardship to the Debtor in modifying the Plan injunction would be that the Debtor would need to devote time cooperating with its insurer(s) to defend the State Court Action, a harm which is dwarfed by the harm which will be suffered by Akdemir if she cannot recover from the Debtor's insurers.

In sum, there is obvious and significant need for the Plan injunction to be modified to permit Akdemir to recover solely from the Debtor's insurers, while there would be little, if any, harm to the Debtor arising from the proposed modification. The harm to Akdemir arising from continuation of the Plan injunction is both extreme (it arguably prohibits her from any recovery in this case because the Debtor failed to schedule Akdemir as a creditor and to provide her with timely notice of its bankruptcy proceeding) and unnecessary (there is no material harm to the Debtor, much less any harm to Debtor which would outweigh the harm to Akdemir from continuation of the injunction). Accordingly, Akdemir submits that modification of the Automatic Stay and the Plan injunction are both warranted.

**D.      Waiver of the Fourteen Day Stay Provision of  Fed. R. Bankr. P. 4001(a)(3)**

In the event that the Bankruptcy Court grants relief from the Automatic Stay, this Court has the discretion to balance the equities and enter an order waiving the fourteen (14) day stay provisions as contained in Fed. R. Bankr. P. 4001 (a) (3).  In examining the relative hardships, the Movant has suffered extensive personal injuries and will likely suffer irreparable harm since her sole source of recovery is available insurance proceeds, which could diminish in value. Accordingly, it is respectfully requested that the Court waive the fourteen (14) day stay provisions of Fed. R. Bankr. P. 4001 (a) (3) so that Movant may seek to recover her claims against any available insurance policies without delay and to avoid the continuing and irreparable harm being

visited upon her.

## <u>CONCLUSION</u>

For the foregoing reasons, Akdemir respectfully requests that the Court enter an Order modifying the Automatic Stay and Plan injunction to allow Akdemir to continue the State Court Action to judgment, to enforce any judgment she receives in the State Court Action against the Debtor's insurer and the Policy, whether by execution, levy, collection or otherwise, to waive the 14 day stay provided by Fed. R. Bankr. P. 4001(a) (3) and granting such other and further relief as the Court may deem equitable and just under the circumstances.

DATED: May 16, 2024

**HANNA PEREZ, PC**
Attorneys for Luse Akdemir

By:      */s/ Joseph James Gianetti*
JOSEPH JAMES GIANETTI, ESQ.