| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Marianna Udem<br>Brigette McGrath<br>ASK LLP<br>60 East 42nd Street, 46th Floor<br>New York, NY 10165<br>Telephone: (212) 267-7342<br>Facsimile: (212) 918-3427<br>mudem@askllp.com<br>bmcgrath@askllp.com<br><br>*Special Counsel to the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br>                      Debtor. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),[2]<br>                      Plaintiff,<br><br>v.<br><br>Irwin Naturals; and Performance Sales & Marketing, Inc.,<br>                      Defendants. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. § 542 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

Michael Goldberg, in his capacity as Plan Administrator (the "Plaintiff" or "Plan Administrator") for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) and its affiliated debtors (each, a "Debtor" and collectively, the "Wind-Down Debtors" or "Debtors") in the above-captioned case, files this complaint (the "Complaint") against Irwin Naturals and Performance Sales & Marketing, Inc. (the "Defendants") for turnover of the Debtors' property, and to disallow any claims held by Defendants. In support of this Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1. Plaintiff seeks turnover of property of the estate, or the value of such property, in the possession of Defendant pursuant to section 542 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendants have filed or asserted against the Debtors or that has been scheduled for Defendants. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). The underlying chapter 11 bankruptcy case is captioned *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP).

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

5. Venue of the Debtors' chapter 11 case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502 and 542 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL BACKGROUND

7. On April 23, 2023 (the "Petition Date"), each Debtor, including Bed Bath & Beyond Inc. ("BB&B"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). During the Chapter 11 Cases, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases were procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).

8. On September 14, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2160] (as amended, the "Plan").

9. On September 29, 2023, the effective date of the Plan occurred (the "Plan Effective Date"). On the Plan Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors. *See* Plan, Article IV, at § F.

## THE PARTIES

10. Pursuant to the Plan and the Confirmation Order, Plaintiff assumed responsibility for, *inter alia*, investigating, prosecuting, and compromising any and all of the Wind Down Debtors' causes of action including claims under chapter 5 of the Bankruptcy Code.

11. Upon information and belief, Irwin Naturals was, at all relevant times a vendor or creditor that produced plant based medicines to or for the Debtors. Upon further information and belief, at all relevant times, Irwin Naturals' principal place of business has been and is located at 5310 Beethhoven Street, Los Angeles, California 90066. Plaintiff is informed and believes and on that basis alleges that Irwin Naturals is a corporation residing in and subject to the laws of Nevada.

12. Upon information and belief, Performance Sales & Marketing, Inc. was, at all relevant times a vendor or creditor that produced plant based medicines; and provided consumer products brokerage services to or for the Debtors. Upon further information and belief, at all relevant times, Performance Sales & Marketing, Inc.'s principal place of business has been and is located at 1037 Route 46 East, Clifton, New Jersey 07011. Plaintiff is informed and believes and on that basis alleges that Performance Sales & Marketing, Inc. is a corporation residing in and subject to the laws of New Jersey .

## FACTUAL BACKGROUND

13. As more fully discussed in the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and Its Debtor Affiliates* (the "Disclosure Statement"),[3] the Debtors were the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more. At

---

[3] Case No. 23-13359, ECF No. 1690.

their peak, the Debtors operated over 970 stores across all 50 states and had additional operations spanning Canada, Mexico, and Puerto Rico.

14. As with many brick and mortar retailers, the Debtors were very negatively impacted by the COVID-19 pandemic. However, the twelve months prior to the Petition Date were the most difficult and turbulent in the Debtors' storied history. From "meme stock" mania to credit agreement defaults and back again, the Debtors explored various potentially value-maximizing alternatives in an effort to turn around their business and stave off chapter 11. In response to both macroeconomic factors and more specific business challenges, the Debtors' leadership formulated and attempted to implement a turnaround plan that was designed to refocus the business on its founding principles and restore consumer confidence. To that end, the Debtors secured credit agreement waivers and amendments and were able to access the equity markets in February and March of 2023 in a last-ditch effort to avoid bankruptcy. But, in store sales continued to decline—with fourth quarter sales falling by almost $1 billion dollars year over year—and strained vendor credit relationships which led to a lack of inventory. Ultimately, the Debtors were unable to service their funded debt obligations while simultaneously supplying sufficient inventory to their store locations.

15. As described in Article III, Section B.6 of the Plan, General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

16. Prior to the Petition Date, the Debtors maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Turnover of Property or the Value of Such Property – 11 U.S.C. § 542)

17. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

18. Pursuant to the terms of various agreements governing the business transactions between the Debtors and the Defendant, the Debtors were entitled to receive funds for various deductions and in connection with vendor programs such as rebates, advertising campaigns, and vendor markdowns, among other things (the "Deduction/Program Funds").

19. Both before and during the Preference Period, one or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendants, for which the Debtors did not receive goods and/or services (the "Non-Receipt Payments," and together with the Deduction/Program Funds, the "Turnover Amount").

20. Defendants are currently holding the Turnover Amount in the amount of $63,633.89.

21. The Turnover Amount constitutes property of one or more of the Debtors' estates under section 541 of the Bankruptcy Code.

22. Defendants have no claim or right to maintain possession of the Turnover Amount.

23. Defendants should be compelled to deliver the Turnover Amount or the value of such Turnover Amount to the Debtors pursuant to 11 U.S.C. § 542.

### Second Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

24. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

6

25. Defendant is currently in possession of the Turnover Amount, which is property of the Debtors' estates pursuant to section 541 of the Bankruptcy Code. Defendant has not turned over such property, and has no right to retain such property.

26. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against Plaintiff or the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the Turnover Amount.

27. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the Turnover Amount.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief against Defendant:

A. On Plaintiff's First Claim for Relief, that the Court enter an order compelling Defendant to immediately turn over the Turnover Amount or equivalent value;

B. On Plaintiff's Second Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors or Plaintiff until Defendant returns the Turnover Amount to Plaintiff pursuant to section 502(d) and (j) of the Bankruptcy Code; and

C. Such other and further relief as this Court may deem just and proper.

Dated: May 17, 2024

        **ASK LLP**

        By: /s/ *Brigette McGrath*
        Brigette McGrath Esq., NJ SBN 01000-2011
        Joo Hee Park, Esq., MN SBN 0504910
        ASK LLP
        2600 Eagan Woods Drive, Suite 400
        St. Paul, MN  55121
        Telephone: (651) 289-3863
        Fax: (651) 406-9676
        Email: jpark@askllp.com

        *-and-*

        Marianna Udem, Esq., NJ SBN 03659-2006
        60 East 42nd Street, 46th Fl.
        New York, NY  10165
        Telephone: (212) 267-7342
        Fax: (212) 918-3427

        *Attorneys for Plaintiff*