

**DAVID H. STEIN, ESQ.**

T: 732.855.6126
F: 732.726.6570
dstein@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

May 22, 2024

<u>*VIA ECF*</u>
Honorable Vincent F. Papalia
United States Bankruptcy Court
for the District of New Jersey
Martin Luther King, Jr. Federal Building
United States Court House
50 Walnut Street, Third Floor
Newark, New Jersey 07102

Re:    **Bed Bath & Beyond, Inc., et al.**
       **Case No. 23-13359 (VFP)**
       <u>**Hearing Date: May 29, 2024 at 10:00 a.m.**</u>

Dear Judge Papalia:

This law firm represents Alfred Zeve ("Zeve" or the "Movant"), having filed a Motion for an

Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending

Litigation against the Debtor, to Recover Solely against the Debtor's Insurer, Waiving the Provisions

of Fed. R. Bankr. P. 4001(a)(3) and for Related Relief (the "Motion") [Docket No. 2936], which

Motion is currently returnable before the Court on May 29, 2024.  Filed contemporaneously herewith

is the Supplemental Certification of Michael A. Zimmerman dated May 22, 2024 filed in support of

the Motion (the "Zimmerman Cert.")[1], the facts of which are incorporated into this letter brief as if

fully set forth herein at length.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Zimmerman Cert.

Movant is in receipt of the Objections of Safety National Casualty Corporation (the "Insurer") [Docket No. 2977] and Michael Goldberg, in his capacity of Plan Administrator ("Goldberg") [Docket No. 3067] to the Motion  Kindly accept this letter brief in lieu of a more formal brief submitted in response to the Objections filed by the Insurer and Goldberg and in further support of the Motion.

As more fully set forth in the Zimmerman Cert., Zeve was never listed as a creditor in this proceeding, despite the fact that the State Court Action had been filed almost two months prior to the filing of the Debtor's bankruptcy petition and, accordingly, notice of the Bar date was never provided to Zeve.  Moreover, counsel for Zeve filed a Proof of Claim, albeit late, as a place marker and initial estimate of personal injury damages and economic loss. Said damages were preliminary in nature due to the fact that Zeve is still receiving underlying treatment for his injuries.

Given the fact that Zeve was not provided with good and sufficient notice of the Bar date to file a claim, as well as the fact that the General Liability Policy issued by Security National Casualty Corporation was intended to protect those in Zeve's position, Zeve requests relief from the Automatic Stay so that he may conclude the State Court Action, thereby establishing his personal injury damages and economic loss claims, and thereafter recover such claims solely against the Debtor's General Liability Policy.

A.    **SUMMARY**

Movant makes the following points, more fully set forth below, in reply to the Objections:

a. The Insurer, which provided general liability coverage to the Debtor, lacks standing to object to the Motion because the Insurer has no present pecuniary stake in its outcome and is not a party to the pending prepetition litigation between the Movant and the Debtor.

b. Whether Movant timely filed a proof of claim is irrelevant. Although Movant was a known creditor at the time of the bankruptcy filing, a review of the Claims Agent's website indicates

that he was not listed as a creditor on the Debtor's Petition and, accordingly, did not receive notice of the commencement of the case or timely notice of the bar date. See, Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995) (known creditor "must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.").

c.  The fact that a Suggestion of Bankruptcy was filed in the State Court Action (as defined below) is also irrelevant, as it merely reported the filing of bankruptcy by the Debtor and did not include any notice of the bar date.

d.  Moreover, at most, Movant's failure to timely file a proof of claim means that he "cannot participate in the reorganization." Maertin v. Armstrong World Indus., Inc., 241 F. Supp. 2d 434, 457 (D.N.J. 2002).

e.  Movant is not seeking to participate in the reorganization or otherwise affect the rights of the Reorganized Debtor or creditors, but instead is seeking to proceed against the Debtor's insurers, non-debtors who, by contract, are obligated to indemnify against Movant's claim.

f.  The proceeds of the insurance policy are not property of the bankruptcy estate and Section 524(e) of the Bankruptcy Code prohibits the discharge of claims against the Insurer. See, First Fid. Bank v. McAteer, 985 F.2d 114, 118 (3d Cir. 1993) ("Courts, relying on 11 U.S.C. § 524(e), have allowed claimants to proceed with tort claims against the debtor for the purpose of collecting from the debtor's liability insurer.").

g.  The Insurer is mistaken that no insurance exists absent payment by the Debtor of the SIR (as defined in the Objection). Failure of the debtor to pay the SIR does not excuse the insurer from performance under the contract, but gives rise to an unsecured claim by the insurer for any damages incurred by reason of the debtor's breach of the policy. Home Ins. Co. of Illinois v. Hooper, 691 N.E.2d 65 (Ill. App. 1998); In re Ames Dep't Stores, Inc., No. 93-4014, 1995 WL

311764 (S.D.N.Y. 1995)). See also <u>Albany Ins. Co. v. Bengal Marine, Inc.</u>, 857 F.2d 250 (5th

Cir. 1988); <u>Columbia Casualty Co. v. Federal Press Co.</u>, 104 B.R. 56 (Bankr. N.D. Ind. 1989).

See generally Patricia A. Bronte, <u>'Pay First' Provisions and the Insolvent Policyholder"</u>, The

Insurance Coverage Law Bulletin, Vol. 3, No. 5 (2004); Patricia A Bronte et al., <u>Coverage</u>

<u>Issues for the Insolvent Policyholder</u>, Coverage (ABA Section of Litigation), Vol. 14, No. 2

(2004)

h.  The claim for the SIR, if it exists here at all, has been discharged by the Plan.  Insurer also

remains free to argue in an appropriate proceeding (subject to a finding that it is acting in bad

faith) that no insurance exists and that the Debtor must honor the SIR, notwithstanding that the

SIR is an unsecured claim that has been discharged by confirmation of the Plan.

i.  Finally, "[i]n a relief from stay hearing, the only issue properly before the court, and thus the

only one actually adjudicated, is whether the stay should be lifted because a creditor has shown

a colorable claim."  <u>Grella v. Salem Five Cent Sav. Bank</u>, 42 F.3d 26, 34 (1st Cir. 1994).

Clearly, Movant has established a colorable claim and has suffered substantial personal injuries

and economic loss and should be permitted to prosecute his claims.

B.    **<u>LEGAL ARGUMENT</u>**

By way of additional background, the Motion seeks relief from the automatic stay so that

Movant, who was severely injured when he entered, as a business invitee and patron, the retail store

located in Dallas, Texas owned and operated by Debtor; slipped and fell on liquid which was left on

the entrance floor; and suffered substantial personal injuries causing bodily harm.  The legal arguments

contained in Zeve's moving papers are incorporated herein at length.

On February 10, 2023, two months prior to the commencement of this bankruptcy case, Movant

filed a lawsuit styled as <u>Alfred Zeve v. Bed, Bath & Beyond, Inc. d/b/a Bed, Bath & Beyond,</u> pending

in the District Court of Dallas County, Texas, 101st Judicial District (the "State Court") under Docket

Number DC-23-01958 (the "State Court Action").   Noteworthy is that the Debtor neither scheduled

nor listed the Movant as a creditor in its Schedules and Statement of Financial Affairs as required by

Fed. R. Bankr. P. 3003 (b)(1).

Based upon the fact that no actual notice was provided to Movant and that he was not listed as

a creditor in these proceedings, Movant's claims should not be barred by virtue of a discharge

injunction or the confirmed plan.

### i.    *Relief from the Automatic Stay is Appropriate*

Zeve seeks to modify the Automatic Stay and the Plan injunction to be allowed to continue the

State Court Action against the Debtor solely to recover against the Debtor's insurer(s). Such relief

from the Automatic Stay is required since the Policy is property of the estate (although the Policy's

proceeds are not property of the estate), and continued litigation may diminish future recoveries from

that Policy. <u>Acands, Inc. v. Travelers Cas. & Sur. Co.,</u> 435 F.3d 252, 261 (3d Cir. 2006), see, <u>Matter</u>

<u>of Edgeworth</u>, 993 F.2d 51, 56 (5th Cir. 1993) (medical malpractice policy); <u>First Fid. Bank v.</u>

<u>McAteer,</u> 985 F.2d 114, 118 (3d Cir. 1993) (credit life insurance policy); <u>In re Louisiana Word</u>

<u>Exposition, Inc.</u>, 832 F.2d 1391 (5th Cir. 1987) (directors and officers liability policy); <u>In re Amiel</u>

<u>Restaurant Partners, LLC</u>, 510 B.R. 744 (Bankr. D.N.J. 2014) (casualty policy).

### ii.    *The Discharge Injunction Should Not Apply*

Goldberg argues that the Plan injunction should not be modified to permit Zeve to continue the

State Court Action and to recover solely against the Debtor's insurers.  As a threshold matter, it is

unclear whether and how the injunction works. 11 U.S.C. § 1141(d) (3) (A) provides that where, as here, the Plan provides for the liquidation of all or substantially all of the property of the estate, the Plan does not discharge a Debtor.

The Plan injunction provides the Debtor with precisely the same outcome as would exist if the Plan discharged the Debtor. Thus, the effects, if any, of the discharge injunction are unclear at best, because the Plan injunction effects a discharge of the Debtor, thereby conflicting with the unambiguous and unconditional denial of a discharge to the Debtor and violating the Bankruptcy Code. See, Califano v. Yamasaki, 442 U.S. 682, 705 (1979) (federal courts retain their equitable power to issue injunctions but only absent a clear command by Congress otherwise).

Assuming *arguendo* that the Plan injunction is effective against Zeve according to its terms, the Court, nevertheless, should modify it as requested. "Motions to dissolve an injunction are addressed to the sound discretion of the [court]." Sec. & Exch. Comm'n v. Warren, 583 F.2d 115, 121 (3d Cir. 1978)   "A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." Id. (quotation omitted).  The Court can also consider whether the injunction "works extreme and unnecessary hardship upon" Zeve.  Id; see also, Gammon, Inc. v. Lemelson, 442 F. Supp. 211, 216 (D.N.J. 1977) (issuing court retains the authority to modify the terms of injunctions) (citations and internal quotations omitted).

Here, again assuming that the Plan injunction is enforceable against him, Zeve submits that the Court should exercise its discretion to modify the Plan injunction.  If enforceable against Zeve, the Plan injunction constitutes an extreme and unnecessary hardship upon Zeve because it prohibits him from continuing the State Court Action in order to recover solely from the Debtor's insurers under a General Liability Policy which was designed to cover personal injury claims such as those held by Zeve.  Conversely, the only hardship to the Debtor in modifying the Plan injunction would be that

Goldberg would be required to devote a minimal amount of time cooperating with its insurer(s) to defend the State Court Action, a harm which is dwarfed by the harm which will be suffered by Zeve if he cannot recover from the Debtor's insurers.

The harm to Zeve arising from continuation of the Plan injunction is extreme and unnecessary; accordingly, Zeve submits that modification of the Automatic Stay and the Plan injunction are both warranted and appropriate.

### iii.    The Self-Insured Retention Provision is Inapplicable and Imprecise

The Objections also assert that there is no insurance coverage available for Movant's claim, and rely upon obscure policy terms to substantiate these assertions.  Initially it must be noted that the Insurer does not have standing to object to the Motion, since it has no present pecuniary stake in its outcome, is not a party to the State Court Action, and its arguments are pure conjecture. In addition, granting the Motion will not result in a diminution of estate assets since Movant is limiting his recovery to available insurance proceeds.

The Objections posit that Movant has no coverage available under the policy to satisfy his damage claim first by virtue of a self-insured retention provision ("SIR").  Under the majority view, an insurer must provide coverage above the SIR up to policy limits even if the policyholder cannot pay the initial amount. In Home Insurance Co. of Illinois v. Hooper, 294 Ill. App. 3d 626, 691 N.E.2d 65 (1st. Dist. 1998), the Illinois appellate court held that the insurer was obligated to indemnify the insured for that portion of the judgment or settlement exceeding the SIR. Here, the inability of the insured – the Debtor - to pay the SIR is irrelevant since the SIR can be deemed "satisfied" without actual payment. The filing of bankruptcy by the insured is intended to provide relief to the insured; it does not relieve the obligation of the Insurer under the policy. Keck, Mahin & Cate, 241 B.R. 583 (N.D. Ill. 1999).  "[I]t makes no sense to allow an insurer to escape coverage for injuries caused by its

insured merely because the insured receives a bankruptcy discharge." <u>Matter of Edgeworth</u>, 993 F.2d 51, 54 (5th Cir. 1993). The protection from liability afforded to the debtor under the Bankruptcy Code does not affect the liability to provide coverage. <u>First Fidelity Bank v. McTeer</u>, 985 F.2d 114 (3rd Cir. 1993); <u>In re Vanderveer Estates Holding, LLC</u>, 328 B.R. 18 (Bankr. E.D.N.Y. 2005). Although the debtor may receive a discharge for the total amount of any claim, the insurer will remain obligated to the extent required by the insurance policy. <u>In re W.G. Wade Shows, Inc.</u>, 234 B.R. 185 (Bankr. M.D.Fla.1999); <u>Maertin v. Armstrong World Industries, Inc.</u>, 241 F.Supp.2d 434 (D.N.J. 2002).

The applicability of the SIR provision, as purportedly contained in the insurance policy, would be decided in a specialized tribunal when and if the Insurer brings a claim in the State Court Action or decides not to resolve, in good faith, the Movant's claim in a fair and equitable manner.

Finally, this Court has previously entered Orders granting relief from the automatic stay in similar personal injury matters with respect to the lift stay motions filed by Sharmele Moore [Docket No. 2545] and Victoria Foster [Docket No. 2677] in which the Court reserved rights with respect to any claims or defenses involving the Insurer or the insurance policy in question. Movant has no objection to a reservation of rights, if any, involving the Insurer or the insurance policy.

## IV.    *Waiver of the Fourteen Day Stay Provision of Fed. R. Bankr. P. 4001(a)(3) is Appropriate*

In the event that the Bankruptcy Court grants relief from the Automatic Stay, this Court has the discretion to balance the equities and enter an order waiving the fourteen (14) day stay provisions as contained in Fed. R. Bankr. P. 4001(a) (3).  In examining the relative hardships, the Movant has suffered extensive personal injuries and will likely suffer irreparable harm since his sole source of recovery is available insurance proceeds, which could diminish in value.

Accordingly, it is respectfully requested that the Court waive the fourteen (14) day stay provisions of Fed. R. Bankr. P. 4001 (a) (3) so that Movant may seek to recover his claims against any

available insurance policies without delay and to avoid the continuing and irreparable harm being visited upon him.

## **CONCLUSION**

Accordingly, Movant respectfully requests that the Court enter an order granting the Motion granting relief from the automatic stay to allow Movant to continue to pursue his claims in the State Court Action, directing that the Insurance Policy be timely produced, and waiving the 14 day stay of the Order, together with such other and further relief as the Court deems equitable, just and proper under the circumstances.

Respectfully submitted,

*/s/ David H. Stein*
DAVID H. STEIN

DHS/wp
cc:
 Bradford Sandler, Esq.
 Robert Feinstein, Esq.
 David Stauss, Esq.
 Caleb Holzapfel, Esq.
 (All via ECF and Email)

#14422474.1 182791.001