<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

</td></tr>
</table>

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS FILED BY BRANDON ADAM MEADOWS (Claim Nos. 12957 and 18124)

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors") files this *Objection to Claims 12957 and Claim 18124 Filed by*

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2]  Pursuant to the Certificate *of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc*., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

*Brandon Adam Meadows* (the "Objection").[3] Pursuant to the Objection and the Declaration of

Michael Goldberg attached as **Exhibit A** (the "Goldberg Dec."), the Plan Administrator moves

the Court for entry an order, substantially in the form attached hereto as **Exhibit B** (the

"Proposed Order") disallowing Claim 12957 and Claim 18124 in their entirety. To the extent that

the Court allows Claim 12957 and/or Claim 18124 in any amount, the Plan Administrator

requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim. In

support of this Objection, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18,

2012 (Simandle, C.J.). The Plan Administrator confirms consent to the Court entering a final

order in connection with this Objection to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought in this Objection are sections 105

and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1

of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the

"Local Rules").

---

[3]   Capitalized terms use but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

# BACKGROUND

## A.    General Background

4.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

5.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

6.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311] On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[4]

7.      The Plan Administrator currently has until September 30, 2024 to object to Claims (the "Claim Objection Bar Date"), which date may be extended by the Court upon the

---

[4] Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at § B.

request of the Plan Administrator.[5] [Doc. No. 2933] To date, over twenty-one thousand  (21,000) proofs of claim have been filed against the Debtors, including approximately thirteen hundred (1300) claims that seek administrative priority. Pursuant to the Plan, unless a Court order has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed.[6]

## B.    **Schedules and Claims Process**

8.      On May 30, 2023, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Doc. Nos. 499-568, 570-573] (collectively, and as each may have been amended from time to time, the "Schedules and Statements") in the Chapter 11 Cases.

9.      On May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim,*

---

[5] Pursuant to the Plan, the "*Claims Objection Bar Date* means the deadline for objecting to a Claim, which shall be on the date that is 180 days after the Effective Date (as may be extended by the Court upon the request of the Debtors or the Wind-Down Debtors)." Plan, Article I.A, at § 28. The original Claims Objection Bar Date was March 27, 2024. Pursuant to court order [Doc. No. 2933], the Court extended the deadline to September 30, 2024.

[6] The Plan provides, "Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Cases allowing such Claim." Plan, Article IV, at § A. "Allowed" means, with respect to any Claim or Interest, except as otherwise provided herein: (a) a Claim or Interest that is evidenced by a Proof of Claim timely Filed by the Bar Date or a request for payment of Administrative Claim timely Filed by the Administrative Claims Bar Date (or for which Claim or Interest under the Plan, the Bankruptcy Code, or a Final Order of the Bankruptcy Court a Proof of Claim or a request for payment of Administrative Claim is not or shall not be required to be Filed) . . . provided that, with respect to a Claim or Interest described in clauses (a) and (b) above, such Claim or Interest shall be considered Allowed only if and to the extent that with respect to such Claim or Interest no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or if such an objection is so interposed, such Claim or Interest shall have been Allowed by a Final Order." Plan, Article I.A, at § 14.

*(IV) Approving Notice Thereof, and (V) Granting Related Relief* [Doc. No. 584] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these Chapter 11 cases.

10.    The Bar Date Order established (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "General Claims Bar Date"); (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim (the "Rejection Damages Bar Date").

11.    With respect to Administrative Claims, the Bar Date Order provides:

> Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert an Administrative Expense Claim pursuant to 503(b), other than claims arising pursuant to section 503(b)(9), or 507(a)(2), shall submit a written proof of such Claim so that it is actually received by the Notice and Claims Agent before (a) on July 7, 2023 for claims incurred through June 27, 2023, (b) for all claims arising after June 27, 2023, on the 15th day of the month following the month in which the claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative

> Claims Bar Date"), in accordance with this Bar Date Order;
> provided, however, that notwithstanding anything to the contrary
> herein, counterparties to unexpired leases of non-residential real
> property—which leases have not been assumed, assumed and
> assigned, or rejected— shall be required to file Administrative
> Claims no later than July 21, 2023.

Bar Date Order, ¶ 6.[7] The Effective Date of the Plan was September 29, 2023, so the last

Administrative Claims Bar Date for claims incurred after July 7, 2023 was October 13, 2023.

12.     On June 5, 2023, the Debtors caused a bar date notice to be published in The New

York Times. [Doc. No. 638.] With the assistance of Kroll Restructuring Administration LLC (the

"Claims and Noticing Agent"), on May 31, 2023, the Debtors also served the Bar Date Order and

a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set

forth in the Case Management Order. [Doc. No. 893]. The Bar Date Order and Proof of Claim

Forms were also published on the Debtors' case website maintained by the Claims and Noticing

Agent at https://restructuring.ra.kroll.com/bbby.

**C.     The Objectionable Claims**

13.     In the ordinary course of business, including subsequent to the Petition Date, the

Debtors maintained books and records (the "Books and Records") that reflect, among other

things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator

and his professionals are in the process of reviewing, comparing, and reconciling proofs of claim

(including any supporting documentation) with the Debtors' Schedules and its Books and

---

[7] The Confirmation Order provides, "Except as otherwise provided in the Plan, requests for payment of Administrative Claims must be Filed no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to File and serve a request for such payment of such Administrative Claims that do not file and serve such a request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, any purchasers of their assets, or their respective property, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date." Confirmation Order, ¶ 123.

Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection. This Objection addresses two such claims.

14.     On or about July 15, 2023, Brandon Adam Meadows ("Claimant") filed a proof of claim (docketed as Claim 12957) against debtor Bed Bath & Beyond Inc. ("BBB") in the amount of one billion, five hundred thousand dollars ($1,000,500,000.00). The basis of the claim is listed as "Asset management". Without any supporting documentation or description, Claimant indicates that Claim 12957 is (a) secured by both real estate and a motor vehicle in the amount of $114,000.00; (b) is based on a lease with a cure amount of $114,000.00 as of the Petition Dates; (c) is entitled to priority under 11 U.S.C. §§ 507(a)(1)(A) or (a)(1)(B) (domestic support obligations) ($17,642.00); (d) is entitled to priority under 11 U.S.C. § 507(a)(7)(deposits) ($3,350.00); (e) is entitled to priority under 11 U.S.C. § 507(a)(4)(wages) ($114,000.00); (f) is entitled to priority under 11 U.S.C. § 507(a)(8)(taxes) ($114,000.00); (g) is entitled to priority under 11 U.S.C. § 507(a)(5)(employee benefit plans) ($20,050.00); and (h) is entitled to administrative priority under 11 U.S.C. § 503(b)(9) ($20,500.00). There are no attachments or supporting documentation for Claim 12957.[8]

15.     On or about October 26, 2023, Claimant filed a proof of claim (docketed as Claim 18124) against debtor Alamo Bed Bath & Beyond Inc. ("Alamo BBB") in the amount of four hundred and twenty-five million five hundred thousand dollars ($425,500,000.00). The basis of the claim is listed as "money".[9]  Claimant indicates that Claim 18124 is (a) secured by both real estate and a motor vehicle in the amount of $425,000,000.00; (b) is based on a lease with a cure amount of $114,207.20 as of the Petition Dates; (c) is entitled to priority under 11 U.S.C. §§

---

[8] A true and correct copy of Claim 12957 (with personal identifying information redacted) is attached as **Exhibit C**.

[9] He also indicates that this claim amends a claim that was filed o 12/19/2022, 4 months before the Debtors filed these Chapter 11 Cases.

507(a)(1)(A) or (a)(1)(B) (domestic support obligations) ($5,000.00); (d) is entitled to priority under 11 U.S.C. § 507(a)(7)(deposits) ($3,350.00); (e) is entitled to priority under 11 U.S.C. § 507(a)(4)(wages) ($32,176.10); (f) is entitled to priority under 11 U.S.C. § 507(a)(8)(taxes) ($114,207.20); (g) is entitled to priority under 11 U.S.C. § 507(a)(5)(employee benefit plans) ($10,000.00); (h) is entitled to administrative priority under 11 U.S.C. § 503(b)(9) ($425,000,000.00) and (i) is entitled to administrative priority under 11 U.S.C. § 503(b) ($10,000,000,000.00). The attachment to Claim 18124 appears to be an online report made by Claimant to the Federal Bureau of Investigation based on an incident on December 22, 2022 related to an Equifax data breach settlement. The description of the incident is entirely unintelligible, and while Claimant mentions the International Monetary Fund, H&R Block, the FBI, BlockFI, the IRS, Western Union, Amazon, Capital One, Equifax and Verizon, it nowhere mentions any of the Debtors.[10]

## **RELIEF REQUESTED**

16.    By this Objection, the Plan Administrator seeks entry of an order, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1 disallowing and expunging the Objectionable Claims. To the extent that the Court allows Claim 12957 and/or Claim 18124 in any amount, the Plan Administrator requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim.

## **BASIS FOR RELIEF**

17.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

---

[10] A true and correct copy of Claim 18124 (with personal identifying information redacted) is attached as **Exhibit D**.

objects." 11 U.S.C. § 502(a). The Plan Administrator has the right and the duty to object to the

allowance of any Claim that is improper. *See* Plan, Article IV, at § B; 11 U.S.C. § 1106(a)(1).

18.     When asserting a claim against a bankrupt estate, a claimant must allege facts

that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re*

*Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with

section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie

evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f). To receive the

benefit of prima facie validity, however, the proof of claim must "allege facts sufficient to

support the claim." *Allegheny*, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support

a legal liability to the claimant satisfies the claimant's initial obligation to go forward.").

Initially, the burden of proof lies on the claimant; if the claimant supports his claim with

sufficient facts or documentation, the claim is deemed prima facie valid. *In re Devonshire PGA*

*Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (*citing Allegheny*, 954 F.2d at 173–74);

*Lampe v. Lampe,* 665 F.3d 506, 514 (3d Cir. 2011).

19.     A party wishing to dispute a claim that meets the burden of prima facie validity

must produce evidence in sufficient force to negate the claim's prima facie validity. *Allegheny*,

954 F.2d at 173. In practice, the objecting party must produce evidence that would refute at least

one of the allegations essential to the claim's legal sufficiency. *Id*. at 173-74. Once the objecting

party produces such evidence, the burden shifts back to the claimant to prove the validity of his

or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion

is on the claimant. *Id*.

20.     The Plan Administrator objections to the Objectionable Claims on the following

grounds: (i) the Objectionable Claims are unenforceable against the Debtors and the property of

the Debtors (11 U.S.C. § 502(b)(1)); (ii) the Objectionable Claims were filed after the applicable

Bar Dates (11 U.S.C. § 502(b)(9)); and (iii) The Objectionable Claims are not entitled to pre-

petition priority (11 U.S.C. § 507), administrative priority (11 U.S.C. § 503(b)) and are not

secured (11 U.S.C. § 506).

A.     **The Objectionable Claims are unenforceable against the Debtors and their property pursuant to 11 U.S.C. § 502(b)(1).**

21.     If an objection to a claim is brought, the Court "shall" determine the amount of

the claim as of the petition date and "shall" allow the claim in that amount, except to the extent

that "such claim is unenforceable against the debtor and property of the debtor, under any

agreement or applicable law for a reason other than because such claim is contingent or

unmatured." 11 U.S.C. § 502(b)(1). The Objectionable Claims should be disallowed in their

entirety because they do not allege facts sufficient to establish any legal liability of the Debtors

to Claimant.  The Debtors books and records also indicate no liabilities are owing to Claimant.

22.     Claim 12957, which asserts a claim for over $1 billion against BBB lists the basis

of the Claim as "asset management" and contains no supporting documentation at all. It alleges

exactly zero facts period, much less any alleged facts that would support a finding that BBB or

any other Debtor is liable to Claimant.  Therefore, Claim 12957 must be disallowed.

23.     Claim 18124, which asserts an administrative claim for almost half a billion

dollars, lists the basis of the Claim as "money," and while the supporting documentation makes

allegations against various unrelated third parties, Claimant makes no allegations at all against

Alamo BBB or any other Debtor entity, much less any allegations that would support a finding

that Alamo BBB or any other Debtor is liable to Claimant.  Therefore, Claim 18124 must be

disallowed.

B.   **The Objectionable Claims were filed after the applicable Bar Dates (11 U.S.C. § 502(b)(9)).**

24.    Section 502(b)(9) of the Bankruptcy Code permits the Court to disallow a claim that is not timely filed. 11 U.S.C. § 502(b)(9). The Objectionable Claims should be disallowed because neither was timely filed.  As was noted above, (i) the General Claims Bar Date was July 7, 2023; (ii) for administrative claims arising before June 27, 2023, the Administrative Bar Date was July 7, 2023 (the "First Administrative Claims Bar Date"); and (iii) for administrative claims arising after June 27, 2023, the Administrative Bar Date was October 13, 2023 (the "Second Administrative Claims Bar Date").

25.    Claim 12957 (which asserts both general unsecured, priority and administrative claims) was filed on July 15, 2023, 8 days after the General Claims Bar Date and the First Administrative Bar Date. Claim 18124 (which asserts both priority and administrative claims) was filed on October 26, 2023, 10 weeks after the General Claims Bar Date and the First Administrative Claim Bar Date and 13 days after the Second Administrative Claims Bar date. Accordingly, the Court should disallow the Objectionable Claims as being untimely filed.

C.   **Any allowed amounts of the Objectionable Claims should be reclassified as Class 6 General Unsecured Claims.**

26.    As was set forth above, the Plan Administrator requests that the Objectionable Claims be disallowed in their entirety. To the extent that the Court determines that any amount of the Objectionable Claims should be allowed, the Plan Administrator requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim.

   *a.    The Objectionable Claims are not entitled to priority under Bankruptcy Code section 507.*

27.    The Objectionable Claims improperly assert priority unsecured status pursuant to various provisions of 11 U.S.C. § 507(a), none of which Claimant has even attempted to

establish. Claimant asserts that a portion of each Objectionable Claim is entitled to priority as a

domestic support obligation pursuant to 11 U.S.C. §§ 507(a) (1)(A) or (a)(1)(B), an obligation

that can only be owed to a spouse, a former spouse, or a child of the debtor or a governmental

entity that is asserting the claim on their behalf.[11] It goes without saying that neither BBB nor

Alamo BBB owe any domestic support obligations to Claimant. Claimant also asserts that a

portion of each Objectionable Claim is entitled to priority as a deposit pursuant to 11 U.S.C. §

507(a)(7), but it is obvious from the face of each Objectionable Claim that no portion of the

claims are related to the "purchase, lease, or rental of property, or the purchase of services, for

the personal, family, or household use of such individuals, that were not delivered or

provided."[12] Claimant further asserts that a portion of each Objectionable Claim is entitled to

priority as wages, salaries or commissions earned within 180 days prior to the Petition Dates

(and/or related contributions to employee benefit plans) pursuant to 11 U.S.C. § 507(a)(4)[13] and

11 U.S.C. § 507(a)(5).[14]  Again, it is clear from the face of the Objectionable Claims, which state

---

[11] The following claims are first in order of priority: (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law." 11 U.S.C. § 507(a)(1).

[12] The following claims are seventh in order of priority, "allowed unsecured claims of individuals, to the extent of $3,350 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." 11 U.S.C. § 507(a)(7).

[13] The following claims are fourth in order of priority, "allowed unsecured claims, but only to the extent of $10,000 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor." 11 U.S.C. § 507(a)(4).

[14] The following claims are fifth in order of priority, "allowed unsecured claims for contributions to an employee benefit plan—(A) arising from services rendered within 180 days before the date of the filing of the petition or the

the basis as "asset management" and "money" that these claims are not related to wages or employee benefits. Furthermore, the Plan Administrator has no employment records related to Claimant. Finally, Claimant asserts that a portion of each Objectionable Claim is entitled to priority as a tax owing to a governmental unit pursuant to 11 U.S.C. § 507(a)(8)(taxes) notwithstanding the fact that Claimant is not a government unit.[15]

28.     Accordingly, the Objectionable Claims do not qualify for priority status under any provision  of section 507(a)(7) of the Bankruptcy Code and, if not disallowed in their entirety, any allowed amount should be reclassified as a Class 6 General Unsecured Claim under the Plan.

**b.**     ***The Objectionable Claims are not entitled to priority as administrative expenses pursuant to Bankruptcy Code sections 507(a)(2) and 503(b).***

29.     The Objectionable Claims also improperly assert administrative status pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b). Section 503 states, in relevant part, "After notice and a hearing, there shall be allowed administrative expenses, . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A).  To establish administrative expense priority the burden is on the claimant to demonstrate that the obligation claimed as an administrative expenses (1) arose out a post-petition transaction with the debtor in possession and (2) directly and substantially benefitted the estate. *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999). The administrative claimant carries "'the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that

---

date of the cessation of the debtor's business, whichever occurs first; but only (B) for each such plan, to the extent of—(i) the number of employees covered by each such plan multiplied by $10,000; 2 less (ii)the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan."  11 U.S.C. § 507(a)(5).

[15] The following claims are eighth in order of priority, "allowed unsecured claims of governmental units, only to the extent that such claims are for . . ." certain taxes. 11 U.S.C. § 507(a)(8).

such costs and expenses were necessary to preserve the value of the estate assets.'" *Id.* at 534

(*quoting In re O'Brien Environmental Energy, Inc.*, No. 94-26723, slip op. at 30 (Bankr. D.N.J.

Nov. 8, 1996)); *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172-73 (3rd Cir. 2012) ("The party

asserting an administrative expense claim bears the burden of demonstrating that it deserves

administrative expense status."). As the Third Circuit has previously noted:

> These requirements balance two important goals. By giving
> priority to those claims that help keep the debtor-in-possession
> functioning, "sections 503 and 507 advance the estate's interest in
> survival above all other financial goals." *Zagata Fabricators, Inc.
> v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990). By
> limiting priority to those claims that are actual and necessary, the
> Code prevents the estate from being consumed by administrative
> expenses, and preserves the estate for the benefit of the creditors.
> *See Pa. Dep't of Envtl. Res. v. Tri-State Clinical Labs, Inc.*, 178
> F.3d 685, 690 (3d Cir. 1999) (holding that "Chapter 11 is intended
> to rehabilitate the debtor and avoid forfeiture by creditors")
> (quotations and brackets omitted). Consistent with the objective of
> preserving the estate for creditors, the burden to demonstrate that
> an expense deserves administrative priority lies with the party
> asserting such priority.

*In re Marcal Paper Mills, Inc.,* 650 F.3d 311, 315 (3d. Cir. 2011).

30.    To the extent that the Objectionable Claims are not disallowed in their entirety,

any allowed amounts should be reclassified as Class 6 General Unsecured Claims because such

claims do not satisfy the requirements of section 503(b)(1)(A) of the Bankruptcy Code. Claimant

has failed to provide any evidence demonstrating the Objectionable Claims arose from post-

petition transactions with the Debtors. In fact, with respect to Claim 18124, Claimant alleges that

the claim is based on an incident that occurred on December 22, 2022, 4 months before the

Petition Dates. See Claim 18124, at 6. Moreover, Claimant has not and cannot establish that the

Objectionable Claims provided an actual and concrete benefit to the Debtors' estates. The

Objectionable Claims were not actual and necessary costs or expenses of preserving the estates

entitled to administrative priority under the Bankruptcy Code. Accordingly, because Claimant cannot satisfy the heavy burden under section 503(b)(1)(A), to the extent allowed in any amount, the Objectionable Claims should be reclassified as Class 6 General Unsecured Claims.

          *c.*     ***The Objectionable Claims are not entitled to secured status pursuant to Bankruptcy Code section 506.***

       31.     The Objectionable Claims improperly assert secured status where such claims do not contain any valid basis for treatment as secured claims. To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the debtor's estate has an interest. 11 U.S.C. § 506(a). Moreover, Bankruptcy Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). If a creditor cannot demonstrate that its claim is secured by a lien or other security interest in the property of the debtor's estate, the claim must be treated as unsecured.

       32.     Here, the Objectionable Claims lack *prima facie* validity of secured status. Claimant has failed to include any documentation or explanatory support establishing his claims are secured by any interest in the Debtors' property. As a result, to the extent not disallowed in their entirety, any allowed amount of the Objectionable Claims should be reclassified as Class 6 General Unsecured Claims.

       33.     Accordingly, and for the reasons set forth above, the Plan Administrator requests that the Court sustain the Objection and disallow and expunge the Objectionable Claims. To the extent that the Court allows the Objectionable Claims in any amount, the Plan Administrator requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim.

## SEPARATE CONTESTED MATTERS

34.    Each claim subject to this Objection and the response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by this Court will be deemed a separate order with respect to such claim.

## RESERVATION OF RIGHTS

35.    Nothing contained in this Objection or any actions taken by the Plan Administrator pursuant to the relief requested herein is intended or should be construed as (a) an admission as to the validity or amount of any claim against the Debtors; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtors and the Plan Administrator reserve the right to object to the Objectionable Claims on any other ground that bankruptcy and non-bankruptcy law permits.

## NOTICE

36.    Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings**. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent

pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

37.     Pursuant to Paragraph 124, notice of the Objection and the hearing thereon was given to (i) the Claimant; (ii) the U.S. Trustee; (iii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (iv) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances

## NO PRIOR REQUEST

38.     No prior request for the relief sought in this Objection has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the Proposed Order, (1) disallowing and expunging the Objectionable Claims in their entirety, and (2) to the extent either Objectionable Claim is allowed in any amount, reclassifying any allowed amount of any Objectionable Claim as a Class 6 General Unsecured Claim, and (3) such other and further relief as is just and proper under the circumstances.

Dated:  July 22, 2024

*/s/ Bradford J. Sandler*

Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Email:        bsandler@pszjlaw.com
              plabov@pszjlaw.com
              crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

**Exhibit A**

**Declaration of Michael Goldberg**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF PLAN ADMINISTRATOR MICHAEL GOLDBERG IN SUPPORT OF OBJECTION TO CLAIMS FILED BY BRANDON ADAM MEADOWS (Claim Nos. 12957 and 18124)

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as follows:

1.     I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and 73 affiliated debtors (the "Debtors"). I give this declaration in

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

support of the *Objection to  Claims 12957 and Claim 18124 Filed by Brandon Adam Meadows* (the "Objection").[3]

2.      Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents including the Objectionable Claims and the Objection; (c) information provided to me by, or discussions with, members of my management team, other employees, or the Debtors' other advisors; and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

4.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

5.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311]

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or in the Plan.

6.      On the Effective Date, I became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.

7.      The current Claims Objection Bar Date is September 30, 2024, which date may be further extended by the Court. To date, over twenty-one thousand  (21,000) proofs of claim have been filed against the Debtors, including approximately thirteen hundred (1300) claims that seek administrative priority.

8.      In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. My professionals and I are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection. The Objection addresses two such Claims.

9.      To the best of my knowledge and belief, and based on the information and records available to me, the Objectionable Claims should be disallowed in their entirety because they do not allege facts sufficient to establish a legal liability of the Debtors to Claimant. Furthermore, the Debtors books and records reveal no legal liability to Claimant.

10.      To the extent that the Objectionable Claims are allowed in any amount (which I oppose), any allowed amount should be reclassified as a Class 6 General Unsecured Claims because they improperly assert administrative, secured, or priority status where no basis for such treatment exists.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: July 22, 2024                              */s/ Michael Goldberg*_____
                                                          By: Michael Goldberg
                                                          In His Capacity as Plan Administrator to 20230930-
                                                          DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond
                                                          Inc.) and 73 affiliated debtors

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## ORDER SUSTAINING PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS FILED BY BRANDON ADAM MEADOWS AND DISALLOWING SUCH CLAIMS (Claim Nos. 12957 and 18124)

The relief set forth on the following pages, numbered two (2) through three (3), is

**ORDERED**.

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Upon the objection (the "Objection")[1] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, seeking entry of an order (this "Order") disallowing Claims 12957 and Claim 18124 and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg* in support thereof; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED THAT:**

1.    The Objection is sustained.

2.    Claim 12957 is disallowed in its entirety and is expunged.

3.    Claim 18124 is disallowed in its entirety and is expunged.

4.    The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1

5.      Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

6.      The Court shall retain jurisdiction to construe and enforce this Order.

# EXHIBIT C

## United States Bankruptcy Court, District of New Jersey (Newark)

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath and Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Claim Number: 12957

Modified Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | **Brandon Adam Meadows** |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

2. Has this claim been acquired from someone else?
- [✓] No
- [ ] Yes. From whom? _____

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

▮▮▮▮▮▮
▮▮▮▮
▮▮▮▮▮▮▮

▮▮▮▮
▮
▮▮

Contact phone ▮▮▮▮▮▮
Contact email ▮▮▮▮▮▮▮

Where should payments to the creditor be sent? (if different)

Contact phone _____
Contact email _____

4. Does this claim amend one already filed?
- [ ] No
- [ ] Yes.  Claim number on court claims registry (if known)_____   Filed on _____
MM / DD / YYYY

5. Do you know if anyone else has filed a proof of claim for this claim?
- [ ] No
- [ ] Yes. Who made the earlier filing? _____

## Part 2:  Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
- [ ] No
- [ ] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  8  8  5  1

7. How much is the claim?   $ $1,000,500,000   Does this amount include interest or other charges?
- [✓] No
- [ ] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Asset management

| 9. **Is all or part of the claim secured?** | ☐ No |
|---|---|
| | ☑ Yes. The claim is secured by a lien on property. |

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☑ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ ____$114,000____

**Amount of the claim that is secured:**  $ ____$114,000____

**Amount of the claim that is unsecured:** $ ____17642____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ ____50,000____

**Annual Interest Rate** (when case was filed) ____10____ %

☑ Fixed
☐ Variable

| 10. **Is this claim based on a lease?** | ☐ No |
|---|---|
| | ☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $ ____114,000____ |

| 11. **Is this claim subject to a right of setoff?** | ☐ No |
|---|---|
| | ☑ Yes. Identify the property: ███████████ _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No |
|---|---|
| | ☑ Yes. *Check one:* |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | | Amount entitled to priority |
|---|---|---|
| ☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ ____17642____ |
| ☑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ ____3,350____ |
| ☑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ ____114,000____ |
| ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ ____114,0000____ |
| ☑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ ____20050____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | | $ _____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☑ **Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____20,050 |
|---|---|---|

| 14. **Is all or part of the claim being asserted as an administrative expense claim?** | ☐ No<br>☑ **Yes. Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim. If yes, please indicate when this claim was incurred:** | |
|---|---|---|
| | ☑ **On or prior to June 27, 2023:** | $_____0 |
| | ☑ **After June 27, 2023:** | $_____0 |
| | **Total Administrative Expense Claim Amount:** | $_____0 |

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Brandon Meadows*

07/15/2023

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | Brandon Adam Meadows | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Pay Pal | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | | | |
| | Number        Street | | |
| | City | State | ZIP Code |
| Contact phone | | Email | |

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☐ Yes
☑ No

-----------------------------------------------------------------------------------------------------------------

Attachment Filename:

**KROLL**

Electronic Proof of Claim Confirmation:  **3335-1-TAZPR-439200844**

Claim Electronically Submitted on (UTC) :  **2023-07-15T01:05:21.805Z**

Submitted by:  **Brandon Adam Meadows**

**KROLL**

# EXHIBIT D

## United States Bankruptcy Court, District of New Jersey (Newark)

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☑ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

**Claim Number: 18124**

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Brandon Adam Meadows

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes. From whom?  Equifax administration

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

██████████████████
██████████████████████
████████

██████████
██
████

Contact phone ███████████
Contact email ██████████████

Where should payments to the creditor be sent? (if different)

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.   Claim number on court claims registry (if known)  P92U5-ES87T _____

Filed on  12/19/2022
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☑ Yes. Who made the earlier filing?  Sabrina S. _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____ ____ ____ ____

**7. How much is the claim?**

$ 425000000

Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☑ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ 10000000000

**Amount of the claim that is secured:**    $ 425000000

**Amount of the claim that is unsecured:**  $ 425000000 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ 425000000

**Annual Interest Rate** (when case was filed) ___15___ %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ 114,207.20

**11. Is this claim subject to a right of setoff?**

☐ No

☑ Yes. Identify the property: Equifax data breach Identity theft

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ 5,000 |
| ☑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ 3350 |
| ☑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 32176.10 |
| ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 114,207.20 |
| ☑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ 10,000 |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | $ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | | |
|---|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $ 425000000 |

| | |
|---|---|
| 14. **Is all or part of the claim being asserted as an administrative expense claim?** | ☐ No<br>☑ Yes. **Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred:** |

| | | |
|---|---|---|
| | ☑ **On or prior to June 27, 2023:** | $ 425000000 |
| | ☑ **After June 27, 2023:** | $ 425000000 |
| | **Total Administrative Expense Claim Amount:** | $ 10,000000000 |

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Brandon Meadows*

10/26/2023

_____
Signature

**Name of the person who is completing and signing this claim:**

Name    Brandon Adam Meadows
_____
First name          Middle name          Last name

Title    Equifax settlement administration
_____

Company
_____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address
_____
Number          Street

_____
City          State          ZIP Code

Contact phone _____    Email _____

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
 Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☑ Yes
☐ No

--------------------------------------------------------------------------------------------------------------

Attachment Filename:

IC3 Complaint Referral Form (9).pdf

**KROLL**

FEDERAL BUREAU OF INVESTIGATION

## Victim Information

| | |
|---|---|
| Name: | Brandon Adam Meadows |
| Are you reporting on behalf of a business? | |
| Business Name: | |
| Is the incident currently impacting business operations? | |
| Age: | 30 - 39 |
| Address: | |
| Address (continued): | |
| Suite/Apt./Mail Stop: | |
| City: | |
| County: | |
| Country: | |
| State: | |
| Zip Code/Route: | |
| Phone Number: | |
| Email Address: | |
| Business IT POC, if applicable: | Krolls Restructuring Administration |
| Other Business POC, if applicable: | Yahoo.com |

## Financial Transaction(s)

| | |
|---|---|
| Transaction Type: | WireTransfer |
| If other, please specify: | |
| Transaction Amount: | 586000000.00 |
| Transaction Date: | 12/22/2022 |
| Was the money sent? | Yes |
| | |
| Victim Bank Name: | Gladys Irene Smith |
| Victim Bank Address: | P.o.Box 47 Gainsville |
| Victim Bank Address (continued): | Texas 76241 |
| Victim Bank Suite/Mail Stop: | FNB community Bank 4330 Se 29th Street |
| Victim Bank City: | Oklahoma |
| Victim Bank Country: | United States of America |
| Victim Bank State: | Texas |

| | |
|---|---|
| Victim Bank Zip Code/Route: | 73115 |
| Victim Name on Account: | Gladys irene Smith |
| Victim Account Number: | ████████ |

| | |
|---|---|
| Recipient Bank Name: | Brandon Adam Meadows |
| Recipient Bank Address: | ████████████ |
| Recipient Bank Address (continued): | █████████████████ |
| Recipient Bank Suite/Mail Stop: | ██████ |
| Recipient Bank City: | ████████ |
| Recipient Bank Country: | ████████████ |
| Recipient Bank State: | ███████ |
| Recipient Bank Zip Code/Route: | ████ |
| Recipient Name on Account: | Brandon |
| Recipient Bank Routing Number: | ██████ |
| Recipient Account Number: | ███████████ |
| Recipient Bank SWIFT Code: | CUCXCATTXXX |

## Description of Incident

Provide a description of the incident and how you were victimized. Provide information not captured elsewhere in this complaint form.

Yes one of my block fi customers reported a transaction from Western Union remission and my account was rejected the tax return for 8 years of a duplicate account error showing was a income from my account and contact my treasury department with collection notice and my net spend card from my bank Western Union Remission was IMF delayed in payment fed ex delivery of 586 million dollars and my phone was stolen and hacked my account from a bankruptcy with Amazon Employee Paige Thompson and bankruptcy bank director Sam Fried was block fi wallet conspiracy chapter 11 bankruptcy and my account Capital One and Amazon was blocked off with coinbase FTX and Block Fi Wallet. Along with Capital One Bank direct deposit with Equifax data breach case number 78715292 from Experian Identity Works My true Identity with a pawned account and Equifax data Breach from Experian data breach Identity servers I filed a claim

and bankruptcy with Krolls Restructure and my account was on hold from trading my accounts with Finmaxtradeoptions which I have a delayed payment of $1530 from my atm bank with Irene Smith. Asked me to complaint my direct deposit was delayed from 2015 with H&R Block I filed a yahoo data breach with my taxes from 2015 and direct deposit did not come was delayed in payment so I filed a 2016 to 2022 current years 6 from my settlement breach and escalated to claims department with Western Union so I sent off my Efile direct Deposit 2021 and changed back to H&R Block 2022 and my Identity was reported stolen from the credit bureau in a data breach and asked to file a chapter 11 bankruptcy from arbitration of my Capital one bank cyber security incident in 2019. So I looked up my records and H&R Block had my 1040 X ammended return and asked for $100 to file my taxes and was in the process but was a 14039 B affidavit with my account and asked to look up a loan from Verizon with the Social Security Office because my account was showing error from a report from Verizon that my account was not stable had not been reasonable to call the IRS or Social Security Office with the help me.ID and asked me to contact the IRS with proof and send in the documents could not verify over the phone. I asked to pick up my check the identity theft of my phone my email BamBam@yahoo.com my identity was stolen someone named Sam was using my account.with a another phone number deactivated not on my email account. Because of the fraud of picking up my check Geek Buddy my account was showing a false return and Fed Ex did not pick up my package from Western Union Remission on my license theft portal dmv business account and my license was sent to Equifax data breach Settlement for a check on my account ID restoration data breach and asked to file a bankruptcy with my account agent. So as a victim I asked to call Business account and request a review for burglary larceny and subpoena witness that my account was Arbitration of the American Arbitration Association.

## Information About The Subject(s) Who Victimized You

| | |
|---|---|
| Name: | Brandon Adam Meadows |
| Business Name: | Equifax |
| Address: | |
| Address (continued): | |
| Suite/Apt./Mail Stop: | |
| City: | |
| Country: | |
| State: | |
| Zip Code/Route: | |
| Phone Number: | |
| Email Address: | |
| Website: | |
| IP Address: | |



## Other Information

If an email was used in this incident, please provide a copy of the entire email including full email headers.



Are there any other witnesses or victims to this incident?

Jeffrey Meadows
Carmen Lanette Meadows
Jorge Mondragon
Randy Smith
Tabitha Ensley
Jeff Ensley

If you have reported this incident to other law enforcement or government agencies, please provide the name, phone number, email, date reported, report number, etc.

Sabrina S. Equifax Data Settlement case number 78715292 18552522736 Michelle Corn lillie 8282504619 case number 2023007072

Check here if this an update to a previously filed complaint: ☑

## Who Filed the Complaint

Were you the victim in the incident described above? Yes
Name:
Business Name:
Phone Number:
Email Address:

## Digital Signature

By digitally signing this document, I affirm that the information I provided is true and accurate to the best of my knowledge. I understand that providing false information could make me subject to fine, imprisonment, or both. (Title 18, U.S.Code, Section 1001)

Digital Signature: Brandon Adam
                    Meadows

Thank you. Your complaint was submitted to the IC3. Please save or print a copy of your complaint before closing this window. *This is the only time you will have to make a copy of your complaint.*

FAQs     Disclaimer     Privacy Notice     About IC3

Electronic Proof of Claim Confirmation:  3335-1-AOAKJ-354584310

Claim Electronically Submitted on (UTC) :  2023-10-26T06:40:38.262Z

Submitted by:  Equifax settlement data breach/credit reports

███████████████████

**KROLL**