**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)** Marianna Udem
Brigette McGrath
ASK LLP
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
mudem@askllp.com
bmcgrath@askllp.com

*Special Counsel to the Plan Administrator*

Order Filed on August 8, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND, INC., *et al.*,[1]

               Debtor.

---

Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),[2]

               Plaintiff,

v.

Defendants Listed on Exhibit "1,"

               Defendants.

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**DATED: August 8, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

1

**ORDER GRANTING MOTION FOR ORDER ESTABLISHING
STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO
SECTIONS 502, 542, 547, 548, 549, AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 542, 547, 548, 549, and 550 of the Bankruptcy Code,* (the "Procedures Motion"),[3] filed by Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) (the "Plaintiff" or "Trustee"), by and through his undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7012, 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1 and 9019-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), establishing streamlined procedures governing all adversary proceedings brought by Plaintiff under sections 502, 542, 547, 548, 549, and 550 of the Bankruptcy Code, which are identified in **Exhibit 1** attached hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefore, it is hereby:

---

[3] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects as set forth herein; and it is further

**ORDERED**, the procedures governing all parties to the Avoidance Actions are as follows:

**A.  Effectiveness of the Procedures Order**

1. This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions.

2. This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.  Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.  Waiver of Requirement to Conduct Pretrial Conference**

4. Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rule 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at the initial pretrial conference or any subsequently scheduled pretrial conferences.

**D.  Waiver of Requirement to Conduct Scheduling Conference**

5. Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 and Local Rule 7016-1 (conferring before pretrial conference/discovery plan), is hereby waived and is not applicable to the Avoidance Actions except as otherwise set forth in Paragraph 6(i) and (ii) of this Order. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f) or a Joint Order Scheduling Pretrial Proceedings and Trial as required under Local Rule 7016-1.

**E.  Discovery, Mediation, and Dispositive Motion Schedule**

6. The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process; provided further, that the proposed stay also will not preclude either party from requesting pre-mediation formal discovery. If any party to an Avoidance Action requests pre-mediation formal discovery, then:

    i.    Should the non-requesting party consent to pre-mediation formal discovery, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "<u>Scheduling Order</u>") that will provide for the completion of fact and expert discovery in advance of mediation; and

    ii.    If the non-requesting party does not consent to pre-mediation formal discovery:

        a.    The requesting party may request relief from the stay of discovery by filing with the Court (with copy to chambers and to the other party to the Avoidance Action) a letter, not to exceed two pages including exhibits, outlining the dispute;

        b.    Any reply to such letter (if any) must be filed with the Court (with copy to chambers and to the other party to the Avoidance Action) within two business days after the filing of the letter set forth in Paragraph 6.ii.a. above and shall also be no longer than two pages, including exhibits;

        c.    The Court will inform the parties if it requires a conference call or formal motion to resolve the dispute; and

        d.    Upon resolution of the dispute, either by agreement of the parties or at the direction of the Court, the parties shall either (a) continue with informal discovery and the Mediation Process; or (b) conduct a Rule 26(f) conference and submit a Scheduling Order to the Court.

7.    Any open Avoidance Actions that have not been resolved and/or settled by September 2, 2024 (the "<u>Remaining Avoidance Actions</u>"), shall be referred to mandatory mediation (except with respect to any Avoidance Action as to which a Scheduling Order has been entered as provided in Paragraph 6 of this Order).

8.    Between September 3, 2024 and September 10, 2024, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list (the "<u>Mediator List</u>") of proposed mediators (each a "<u>Mediator</u>," collectively, the "<u>Mediators</u>"), attached to the Procedures Motion as **Exhibit C**. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com.** If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

9.    Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflict checks on the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. Once the mediator selection period closes and a Mediator is selected or assigned, as applicable, the Plaintiff will file a notice of mediation indicating which mediator was selected.

10. On September 11, 2024, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

11. Plaintiff will give at least 21 days written notice of the first date, time, and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be served on the applicable Defendant.

12. Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a Local Form Mediation Report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

13. All mediations of the Remaining Avoidance Actions must be concluded by December 31, 2024.

14. Any open Avoidance Actions shall be required to provide the disclosures required under Bankruptcy Rule 7026(a)(1) (the "Initial Disclosures") on or before January 31, 2025.

15. All written interrogatories, document requests, and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. All written interrogatories, document requests, and requests for admission, if any, must be served upon the adverse party concurrently with the deadline to provide Initial Disclosures or no later than January 31, 2025.

16. The parties to the Avoidance Actions shall have through and including April 30, 2025, to complete non-expert fact discovery, including depositions of fact witnesses.

17. Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within 2 business days. The letter, excluding exhibits, shall be no longer than 2 pages. The Court shall then inform the parties if it will require a conference call or formal motion.

18. Under the provisions of Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, or experts and reports concerning an issue to which the party bears the burden of proof, if any, shall be made to the adverse party on or before June 30, 2025.

19. Under the provisions of Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party on or before July 31, 2025.

20. All expert discovery, including expert witness depositions, shall be concluded on or before August 29, 2025.

21. All dispositive motions shall be filed and served by September 30, 2025. Local Rule 7056-1 shall apply.

**F.     Mediation Procedures and Requirements**

22. The mediations will be held via video conference unless the parties and Mediator agree to conduct an in-person mediation. Local Rule 9019-2 shall govern the mediations, except as otherwise set forth herein.

23. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least one <u>counsel for each party and a representative of each party having full settlement authority</u> shall attend the mediation via video conference.

24. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

25. The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

26. The parties must participate in the scheduling of mediation and mediate in good faith. If the Mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions pursuant to Local Rule 9019-2. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

27. Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

28. The fees and expenses of the Mediator shall be split equally by the parties on a per case basis, unless otherwise agreed by the parties in writing. The Mediator's fees shall be fixed as follows:

   a. cases with a claim amount (as reflected in the complaint) of less than $250,000: $5,000.00 per case;

    b. cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $6,500 per case; and

    c. cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $8,000 per case.

29. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

30. Mediation statements are due 7 calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

31. Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

32. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-2 shall apply.

33. All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-2 shall apply.

## G. Initial Pretrial Conference; Avoidance Actions Hearings

34. The initial pretrial conference shall have been deemed to be held on August 8, 2024 at 10:00 a.m. (ET). Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to future date(s), if any, as properly noticed.

35. If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court. At the next scheduled omnibus hearing or at such other date convenient to the Court, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

**H. Miscellaneous**

36. The Local Rules shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

37. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# Exhibit 1

| Defendant Name | Adversary No. |
|---|---|
| ABC Works, LLC | 24-01229 |
| Accertify, Inc. | 24-01232 |
| Action Plumbing, Inc. | 24-01235 |
| Aden & Anais, Inc. | 24-01333 |
| Adobe Systems Incorporated | 24-01238 |
| Advanced Systems, Inc. | 24-01240 |
| AFS Global Freight Management, LLC | 24-01334 |
| Agree Limited Partnership | 24-01243 |
| Alight Solutions LLC | 24-01335 |
| American Textile Company, Inc. | 24-01388 |
| Argo, Inc. dba ARGO-EFESO | 24-01250 |
| Artsana USA, Inc. | 24-01336 |
| ASK Apparels | 24-01253 |
| Audio Visual Associates, Inc. | 24-01256 |
| Aussie Bubs, Inc. | 24-01339 |
| Avanti Linens, Inc. | 24-01258 |
| Baby Delight, Inc. | 24-01341 |
| Baby Trend, Inc. | 24-01344 |
| BabyVision, Inc. | 24-01260 |
| Bacon & Graham, Inc. | 24-01261 |
| Belz Investco GP | 24-01263 |
| Best Chairs Incorporated | 24-01349 |
| Brabantia U.S.A. Inc. | 24-01266 |
| Brink's, Incorporated | 24-01413 |
| Britannica Home Fashions, Inc. | 24-01379 |
| Britax Child Safety, Inc. | 24-01351 |
| Broadspire Services, Inc. | 24-01269 |
| Bundle of Dreams,LLC | 24-01272 |
| C & T International Inc. | 24-01353 |
| Caliber Americas LLC | 24-01337 |
| Capital Brands Distribution, LLC | 24-01381 |
| Caraway Home, Inc. | 24-01356 |
| CBRE, Inc. | 24-01276 |
| Cellco Partnership dba Verizon Wireless | 24-01277 |
| Children's Products LLC | 24-01278 |
| Clean Earth Environmental Solutions, Inc. | 24-01279 |
| Cleo Communications, Inc. | 24-01280 |
| Clipper Corporation | 24-01281 |
| Columbus Trading-Partners USA Inc. | 24-01358 |
| Complete Solutions and Sourcing, Inc. | 24-01338 |
| Conair LLC dba Conair Corp. LLC | 24-01283 |
| Concentric, LLC fdba Stangco Industrial Equipment, LLC | 24-01340 |
| Corptax, Inc. | 24-01370 |

| | |
|---|---|
| Corvel Enterprise Comp, Inc. | 24-01296 |
| Cuckoo Electronics America Inc. | 24-01298 |
| Daniel J. Edelman, Inc. | 24-01304 |
| Data Networks of America, Inc. | 24-01307 |
| DataPipe, Inc. | 24-01369 |
| DecisionPoint Systems, Inc. | 24-01308 |
| Delta Enterprise Corp. dba Delta Enterprise Import | 24-01391 |
| Design Ideas, Limited | 24-01311 |
| Devgiri Exports, LLC | 24-01359 |
| Discovery Refuse Management, Inc.d ba DRM Waste Management | 24-01314 |
| DocuSign, Inc. | 24-01319 |
| DoorDash, Inc. | 24-01322 |
| Dream on Me, Inc. | 24-01324 |
| Drinkpod LLC | 24-01329 |
| Engineered Network Systems, Inc. | 24-01328 |
| Equifax Workforce Solutions LLC fdba Talx Corporation | 24-01342 |
| Evenflo Company, Inc. | 24-01360 |
| EvensonBest LLC | 24-01327 |
| Federal Heath Sign Company, LLC | 24-01326 |
| Flexprint, LLC | 24-01325 |
| Focal Point South Consulting Inc. | 24-01323 |
| Foresold LLC. | 24-01401 |
| Foundations Worldwide, Inc. | 24-01361 |
| Fridababy, LLC | 24-01364 |
| Furniture Store Express, Inc. | 24-01321 |
| Garda CL Atlantic, Inc. | 24-01414 |
| Gartner, Inc. | 24-01371 |
| Geometric Results, Inc. | 24-01320 |
| Gotham Technology Group, LLC | 24-01318 |
| Gourmet Settings Inc. | 24-01366 |
| Groupby USA Inc. | 24-01317 |
| Halo Innovations, Inc. | 24-01368 |
| Handi-Craft Company | 24-01316 |
| Hatch Baby, Inc. | 24-01374 |
| Hawaii Medical Service Association | 24-01315 |
| Headspace, Inc. | 24-01372 |
| HMM (America), Inc. fdba H.M.M. Co., Inc. | 24-01313 |
| Hoobei USA, Inc. | 24-01312 |
| Hub Group, Inc. dba Nonstop Delivery | 24-01310 |
| Hundley Lane Group Inc. | 24-01417 |
| iEnjoy LLC | 24-01309 |
| IMC Companies, LLC fdba Pacific Dryage Services LLC | 24-01306 |
| Infosys Limited | 24-01305 |
| Intelligrated Systems, LLC | 24-01303 |

| | |
|---|---|
| Intralinks, Inc. | 24-01302 |
| Irwin Naturals; and Performance Sales & Marketing, Inc. | 24-01402 |
| Johanson Transportation Service | 24-01300 |
| JTS Capital Realty 2 LLC | 24-01299 |
| Kids II Far East Limited | 24-01297 |
| Laural Home LLC | 24-01295 |
| Le Creuset of America, Inc. | 24-01294 |
| Legacy Companies LLC fdba EdgeCraft Corp. | 24-01403 |
| Levin Management Corporation | 24-01293 |
| LHI, Inc. fdba LumiSource, Inc. | 24-01292 |
| M & L Enterprise Group Inc. | 24-01345 |
| M Design Village, LLC | 24-01375 |
| M&D Real Estate, LP | 24-01346 |
| M. Booth & Associates LLC | 24-01418 |
| MagicLinks, Inc. | 24-01291 |
| Maintenx International Service Management Group, Inc. | 24-01290 |
| Managed Business Communication Inc. | 24-01289 |
| Maxwell Builders, Inc. | 24-01288 |
| MercuryGate International, Inc. | 24-01347 |
| Meridian Compensation Partners, LLC | 24-01287 |
| MicroStrategy Incorporated | 24-01286 |
| Miele, Incorporated | 24-01404 |
| Milk Street Products, LLC | 24-01376 |
| Mirakl Incorporated | 24-01285 |
| MLO Great South Bay LLC | 24-01348 |
| Mobile Mini Texas Limited Partnership | 24-01284 |
| Monahan Products, LLC | 24-01378 |
| Monica & Andy, Inc. | 24-01282 |
| NASDAQ Corporate Solutions, LLC | 24-01275 |
| NCR Corporation | 24-01377 |
| Nespresso USA, Inc. | 24-01380 |
| Noritake Co., Inc. | 24-01273 |
| NP New Castle, LLC | 24-01271 |
| Oliver Wyman, Inc. | 24-01270 |
| OneTrust LLC | 24-01268 |
| OnPoint Capital, LLC | 24-01350 |
| Oogie Solutions LLC | 24-01382 |
| Open Text, Inc. | 24-01267 |
| ORF V Sugar Creek Plaza, LLC | 24-01352 |
| Owlet Baby Care Inc. | 24-01385 |
| OXO International, Inc. dba OXI International Ltd. | 24-01387 |
| Pearhead, Inc. | 24-01390 |
| Pem-America, Inc. | 24-01265 |
| Perrysburg Enterprises, Inc. | 24-01264 |
| Pivotal 650 California ST., L.L.C. | 24-01354 |

| | |
|---|---|
| Platinum Security, Inc. | 24-01262 |
| Poly-Wood, LLC | 24-01259 |
| Port City Logistics Inc. | 24-01257 |
| Premier Brands of America Inc. | 24-01393 |
| Protiviti Inc. | 24-01255 |
| Rackspace Technology Global, Inc. fdba Rackspace Hosting, Inc. | 24-01254 |
| Ranch Town Center, LLC | 24-01252 |
| Raymond Accounts Management, Inc. | 24-01251 |
| RB Health US LLC | 24-01405 |
| Regal Home Collections Inc. | 24-01249 |
| Regalo International, LLC | 24-01248 |
| Retail Zipline, Inc. | 24-01247 |
| Riskified, Inc. | 24-01246 |
| ROOT Technology ltd. | 24-01245 |
| RXO Corporate Solutions, LLC | 24-01244 |
| Safavieh Intl LLC | 24-01242 |
| SASR Workforce Solutions, LLC | 24-01419 |
| Scentsible, LLC dba Poo-Pourri | 24-01392 |
| Schindler Elevator Corporation | 24-01241 |
| Schneider Logistics, Inc. | 24-01420 |
| Schneider National, Inc. | 24-01355 |
| Sealed Air Corporation (US) | 24-01421 |
| Securitas Electronic Security, Inc. | 24-01412 |
| Shelterlogic Corp. | 24-01406 |
| Simply Mommy LLC | 24-01395 |
| Smart Trike USA LLC | 24-01239 |
| SodaStream USA Inc. | 24-01400 |
| Spectrum Brands, Inc. fdba Applica Consumer Products | 24-01407 |
| St. George Distribution Corp. | 24-01415 |
| Stokke, L.L.C. | 24-01397 |
| Storebound LLC | 24-01237 |
| Storflex Holdings, Inc. | 24-01236 |
| Stork Craft Manufacturing Inc. | 24-01410 |
| Studio Mococo LLC | 24-01234 |
| Summerlin Operating Company, LLC | 24-01233 |
| Sumo Logic, Inc. | 24-01357 |
| Sunham Home Fashions, LLC | 24-01408 |
| Taft Associates | 24-01231 |
| Taylored Transload, LLC | 24-01230 |
| The Boppy Company, LLC | 24-01398 |
| The Centre at Deane Hill GP | 24-01362 |
| The Family Center | 24-01228 |
| The Haddad Apparel Group, Ltd. | 24-01394 |
| The Honest Company, Inc. | 24-01396 |

| | |
|---|---|
| The Step2 Company, LLC | 24-01383 |
| Thorley Industries LLC dba 4moms | 24-01399 |
| T-Mobile USA, Inc, | 24-01227 |
| Tote Maritime Alaska, LLC fdba Totem Ocean Trailer Express | 24-01226 |
| Trilliant Food and Nutrition, LLC | 24-01409 |
| Triple B Mssion Viejo LLC | 24-01225 |
| Twilio Inc. | 24-01224 |
| US Maintenance | 24-01223 |
| Valley & Plainfield Associates, L.P. | 24-01222 |
| Verizon Business Network Services LLC | 24-01416 |
| Verizon Communications Inc. | 24-01363 |
| W & H Systems, Inc. | 24-01422 |
| W.R. Partners, L.L.C. | 24-01221 |
| W.W. Grainger, Inc. dba Grainger | 24-01220 |
| Walker Edison Furniture Company LLC | 24-01219 |
| Weingarten Nostat, LLC fdba Weingarten Nostat, Inc. | 24-01365 |
| Westwood Design, Inc. | 24-01389 |
| Willis Towers Watson Northeast, Inc. fdba Willis of New York, Inc. | 24-01218 |
| WompMobile, Inc. | 24-01217 |
| Workiva Inc. | 24-01216 |
| World Distribution Services LLC | 24-01367 |
| YSM-Ponderosa, LLC | 24-01215 |
| Yusen Logistics (Americas) Inc. | 24-01214 |
| Zadro, Inc. | 24-01384 |
| Zero Technologies, LLC | 24-01411 |
| Zwilling J.A. Henckels, LLC | 24-01386 |