<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

</td></tr>
</table>

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.,* [1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## APPLICATION IN LIEU OF MOTION IN SUPPORT OF ENTRY OF POST-EFFECTIVE DATE PROTECTIVE ORDER

TO:    HONORABLE VINCENT F. PAPALIA
       United States Bankruptcy Judge

20230930-DK-BUTTERFLY-1, INC. formerly known as Bed Bath & Beyond Inc. and

its affiliated debtors (collectively, the "<u>Debtors</u>" or the "<u>Wind-Down Debtors</u>") and Michael I.

Goldberg as Plan Administrator thereof (the "<u>Plan Administrator</u>") established pursuant to the

Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and its debtor affiliates,

dated September 11, 2023, as confirmed by order [D.I. 2172] of this Court in the above-

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

captioned bankruptcy cases, by and through their undersigned counsel, hereby submit this application in lieu of motion (the "Application"), pursuant to D.N.J. LBR 9021-1(b), seeking the approval and entry of the proposed Post-Effective Date Protective Order (the "Proposed Protective Order"),[2] a copy of which is attached hereto as Exhibit 1, and respectfully state as follows:

1.      On April 23, 2023 (the "Petition Date"), BBBY and certain of its affiliates commenced cases under chapter 11 by filing voluntary petitions in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Joint administration of the Debtors' cases was authorized by the Court by entry of an order on April 24, 2023 [D.I. 75].

3.      On September 14, 2023, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates (the "Confirmation Order") [D.I. 2172].

4.      Exhibit A to the Confirmation Order is the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates (the "Bankruptcy Plan"). *See* D.I. 2172, Ex. A.

5.      The Confirmation Order provides that "Article IV.F of the Plan appropriately provides for the preservation by the Debtors of certain Causes of Action in accordance with section 1123(b)(3)(B) of the Bankruptcy Code." *Id.*, at ¶ 46; *see also* Bankruptcy Plan, Art. IV.F.

6.      The Confirmation Order provides that:

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the proposed Protective Order.

> *The Plan provides that all Causes of Action shall automatically vest in the Wind-Down Debtors*, and the ***Plan Administrator***, subject to the oversight of the Oversight Committee, ***shall have the right and authority to investigate, commence, prosecute, or settle, as appropriate, any and all of the Non-Released Claims***, whether arising before or after the Petition Date.

*Id*., at ¶ 47 (emphasis added); *see also* Bankruptcy Plan, Article IV.F.7.

7.      The Bankruptcy Plan provides that:

> On and after the Effective Date, if applicable, the Wind-Down Debtors shall continue in existence for purposes of … (e) enforcing and prosecuting claims, interests, rights, and privileges under all Causes of Action in an efficacious manner and only to the extent the benefits of such enforcement or prosecution are reasonably believed to outweigh the costs associated therewith,…

Bankruptcy Plan, Article IV.F.3.

8.      The Bankruptcy Plan provides that:

> In accordance with section 1123(b)(3) of the Bankruptcy Code, on the Effective Date, any Causes of Action that a Debtor (or its Estate) may hold against any Entity shall automatically vest in and become property of the Wind Down Debtors. The Wind Down Debtors and the Plan Administrator, as applicable, through their authorized agents or representatives, shall retain and may exclusively enforce any and all Causes of Action vested, transferred, or assigned to such entity. The Debtors or the Plan Administrator as applicable shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court.

Bankruptcy Plan, Article IV.F.3.7.

9.      The Bankruptcy Plan defines "Causes of Action" as follows:

> *any action*, Claim, cross claim, third party claim, damage, judgment, ***cause of action***, controversy, demand, right, ***action***, ***suit***, obligation, liability, debt, account, defense, offset, power, privilege, license, Lien, indemnity, interest, guaranty, or franchise of any kind or character whatsoever, whether known or unknown, ***foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, disputed or undisputed***, secured or unsecured, assertable directly or derivatively, matured or unmatured, suspected or unsuspected, in contract or ***in tort***, ***at law or in equity***, or pursuant to any other theory of law or otherwise. ***For the avoidance of doubt, "Causes of Action" include:*** (a) any right of setoff, counterclaim, or recoupment and any claim

arising from any contract or for breach of duties imposed by law or in equity; *(b)*
*any claim based on or relating to, or in any manner arising from, in whole or in*
*part*, tort, breach of contract, ***breach of fiduciary duty***, violation of local, state,
federal, or foreign law, or breach of any duty imposed by law or in equity,
including securities laws, negligence, and gross negligence; …

Bankruptcy Plan, Article IV.F.3.7 (emphasis added).

10.     The Bankruptcy Plan's Effective Date occurred on September 29, 2023.

11.     Following the occurrence of the Bankruptcy Plan's Effective Date, the Plan
Administrator commenced his investigation of the Non-Released Claims. In one instance, the
Plan Administrator requested that a third-party subpoena recipient (the "Subpoena Recipient")
provide documents responsive to a Bankruptcy Rule 2004 document subpoena, and the
Subpoena Recipient has agreed to comply with the Plan Administrator's document subpoena,
subject to the negotiation and execution of a confidentiality agreement to protect certain
Confidential and Highly Confidential Discovery Material from public disclosure. Accordingly,
the Plan Administrator and the Subpoena Recipient negotiated the terms of the Proposed
Protective Order to govern the exchange of Discovery Material in these Chapter 11 Cases and
any related adversary proceedings.

12.     While the Plan Administrator and the Subpoena Recipient have agreed on the
form of the proposed Protective Order subject to court approval, the Subpoena Recipient wishes
to remain anonymous and thus has not executed a stipulation binding the Subpoena Recipient
and the Plan Administrator to the terms of the proposed Protective Order.

13.     This Application is submitted pursuant to D.N.J. LBR 9021-1(b) in lieu of a
motion in support of the Plan Administrator's request that the Court enter the Proposed
Protective Order as presented. The Plan Administrator submits that the Proposed Protective
Order is in the best interests of the Wind Down Debtors and their estates as it will facilitate the
prompt exchange and review of documents by the Plan Administrator in furtherance of the Plan

Administrator's investigation, while maintaining the third-party's assertion that such documents are confidential.

14.    No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Wind-Down Debtors respectfully request that the Court enter the proposed form of Proposed Protective Order, and grant such other relief as the Court deems just and appropriate under the circumstances.

Dated: August 12, 2024

By: */s/ Colin R. Robinson*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Email: rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        plabov@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice)*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.,* [1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## POST-EFFECTIVE DATE PROTECTIVE ORDER

The relief set forth on the following pages, numbered two (2) through fifteen (15), is hereby ORDERED

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

WHEREAS, on April 23, 2023 (the "Petition Date"), each Debtor commenced a voluntary case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court" or "Court");

WHEREAS, the Plan Administrator has sought information from a certain third-party subpoena recipient (the "Subpoena Recipient") and may serve additional discovery requests seeking information from the Subpoena Recipient and other parties in these chapter 11 cases and related adversary proceedings (all documents and information provided pursuant to such requests are collectively referred to as the "Discovery Material" or "Discovery Materials");

WHEREAS, the Plan Administrator and the Subpoena Recipient have agreed that the Discovery Materials shall be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26 to protect privilege and the confidentiality of sensitive information; and

WHEREAS, the Plan Administrator and the Subpoena Recipient have agreed to be bound by the terms of this Protective Order, subject to approval by the Court.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.     Designation of Documents. Any party producing Discovery Material (the "Producing Party") in response to formal or informal discovery requests promulgated by the Plan Administrator (the "Receiving Party") may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

(a)     Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith that such

Discovery Material constitutes or includes information that: (i) constitutes or contains technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure 7026 or 9018; (ii) is subject by law, by contract, or Court order to a legally protected right of privacy; or (iii) the Producing Party is under a preexisting obligation to a third-party to treat as confidential.

(b)    <u>Highly Confidential Material</u>: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith that such Discovery Material is of such a confidential nature that a risk of competitive injury may be created if it were disclosed to persons other than those identified in Paragraph 2 of this Protective Order, such as trade secrets or sensitive personal, financial, or business information.

(c)    <u>Exclusions</u>: Confidential Material and Highly Confidential Material does not include information which: (a) is or becomes generally available to the public other than as a result of a disclosure by the Receiving Party in violation of this Stipulation or another improper disclosure by any person; (b) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Party; (c) becomes available to the Receiving Party on a non-confidential basis from a person other than the Producing Party who is not otherwise bound by a confidentiality agreement prohibiting disclosure of such information; (d) has been independently developed by the Receiving Party without reference to any Confidential or Highly Confidential Material; or (e) the Producing Party has previously authorized the Receiving Party in writing to divulge or communicate to third parties.

A Producing Party shall designate Discovery Materials as Confidential or Highly Confidential Discovery Material by applying the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Discovery Materials. The failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate Discovery Material after such Discovery Material has been produced in accordance with Paragraph 9, with the effect that such Discovery Material is subject thereafter to the protections of this Stipulation.

2.     <u>Treatment of Confidential and Highly Confidential Discovery Material</u>. Any Discovery Material designated as "Confidential" or "Highly Confidential" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation.

(a)     <u>Disclosing Highly Confidential Material</u>. Highly Confidential Material shall only be disclosed to outside counsel and in-house counsel to a Receiving Party, and legal assistants, secretaries, staff, or agents, and outside consultants, financial advisors, or experts to such Receiving Party. The Plan Administrator, Members of the Oversight Committee, outside consultants, financial advisors, or experts to Parties may only receive Highly Confidential Discovery Material after executing a Non-Disclosure Declaration in

the form annexed as an Exhibit A hereto. Counsel for the Plan Administrator may also provide their client, members of the Oversight Committee, outside consultants, financial advisors, or experts to such Party with high level summaries of Highly Confidential Discovery Material provided that such persons agree in writing (in a Non-Disclosure Declaration) that no such information will be made public in any form.

(b)      Disclosing Confidential Material. In addition to the persons identified in the above section 2(a), Confidential Material shall only be disclosed to:

(i)      employees of Sixth Street Partners;

(ii)      Any current employee, officer, director, or other manager or member of the Debtors and/or any affiliate of the Debtors;

(iii)      Court officials involved in these chapter 11 cases;

(iv)      Court-reporting personnel involved in taking or transcribing testimony in these chapter 11 cases;

(v)      Authors and addressees of the designated Discovery Material;

(vi)      Any other person designated by order of the Court; and

(vii)      Any mediator engaged by the Parties or appointed by the Court.

3.      Public Disclosure, Including, But Not Limited to Disclosure Made in Support or Opposition the Chapter 11 Plan and Associated Releases. Any public filing or communication that seeks to quote or otherwise include Confidential or Highly Confidential Material, shall be filed under seal with the Bankruptcy Court in accordance with the procedures provided in Paragraph 7 below.

4.      Permitted Purposes. All Discovery Materials disclosed pursuant to this Stipulation, whether or not containing Confidential or Highly Confidential Materials, shall be used solely in connection with these chapter 11 cases (including any adversary proceeding or contested matter in these chapter 11 cases) and not for any other legal, business, commercial,

competitive, personal, or other purpose. Any summary, compilation, notes, memoranda, analysis, copy, electronic image, or database containing Confidential or Highly Confidential Material, and any electronic image or database containing Confidential or Highly Confidential Material shall be subject to the terms of this Stipulation to the same extent as the Discovery Material from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived. No Confidential or Highly Confidential Material shall be used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings. Notwithstanding the foregoing, nothing in the Stipulation shall prevent a Receiving Party from using or disclosing its own Discovery Materials in any way or from using in any way any Discovery Materials to the extent such Discovery Materials (i) were already in the Receiving Party's possession when the same Discovery Materials are received from a Producing Party and are not subject to any other obligation of confidentiality to any other person; (ii) are received or become available to a Receiving Party on a non-confidential basis that does not violate this Stipulation or any other obligation of confidentiality to any other person; (iii) were independently developed by such Receiving Party without reference to any Confidential or Highly Confidential Material; or (iv) are published or become publicly available in a manner that is not in violation of this Stipulation or of any obligation of confidentiality to any other person.

5.     <u>Third Party Disclosures</u>. The production of any Confidential or Highly Confidential Discovery Material by any non-party in these chapter 11 cases shall be subject to and governed by the terms of this Protective Order.

6.     <u>Preservation of Privileges and Clawbacks</u>. This Protective Order is entered pursuant to Federal Rule of Evidence 502(d). In accordance therewith, all privileges, protections, confidentiality, and immunities (including, without limitation, the attorney-client privilege and

the attorney work product doctrine) shall remain in effect as to any privileged Discovery

Material shared, and shall not be waived or in any way impaired in connection with these chapter

11 cases, including in connection with any or current or subsequent adversary proceeding or

contested matter in these chapter 11 cases or in any other Federal, State or other proceeding

outside these cases, by production, or by disclosing such Discovery Material to the Court in the

context of resolving a request or dispute as to sealing.

(a)    Any Receiving Party that determines it may have inadvertently received

protected information shall promptly notify the Producing Party. If a Producing Party that

produces or otherwise discloses information thereafter claims that such information is

protected by any privilege or attorney work product protection ("Disclosed Protected

Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of

any claim of privilege or work product protection that the Producing Party would

otherwise be entitled to assert with respect to the Disclosed Protected Information and its

subject matter in this proceeding or in any other federal or state proceeding. The parties

stipulate by entering this Protective Order that the Court shall provide the maximum

protection allowed by Rule 502(d).

(b)    Any Producing Party may request, in writing, the return of any Disclosed

Protected Information by identifying it and stating the basis for withholding such material

or information from production.

(c)    If a Producing Party requests the return of such Disclosed Protected

Information then in the custody of one or more parties Receiving Parties, the Receiving

Parties shall immediately stop any review of the document, and—unless it contests the

claim of attorney-client privilege or work product protection—within five (5) business

days of receipt of written notice (i) destroy or return to the Producing Party the Disclosed

Protected Information and all copies thereof, and (ii) provide a certification of counsel

that all of the Disclosed Protected Information has been returned or destroyed.

(d)      If a Receiving Party wishes to challenge the claim of privilege or work

product protection, it must sequester the material until the issue can be resolved and may

not review it for any reason. The parties agree to meet and confer regarding the

challenge, and if, at the conclusion of that process, the parties are still not in agreement,

they may bring the issue to the Court for resolution.

7.      <u>Sealing of Designated Material Filed With or Submitted to the Court</u>. For the

avoidance of doubt, no papers containing Confidential or Highly Confidential Discovery

Material shall be disseminated to creditors or other stakeholders generally without the Producing

Party's express written consent or an order of the Court permitting such dissemination. For the

further avoidance of doubt, no Receiving Party shall attempt to file any Discovery Material that

contains privileged information with the Court under any circumstances. Otherwise, pleadings,

documents, or other papers (or attachments thereto) containing Confidential or Highly

Confidential Discovery Material that a Receiving Party seeks to file with the Court shall be

handled in the following manner:

(a)      The pleadings, documents, or other papers (or attachments thereto)

containing Designated Materials should be redacted to remove all portions containing

Designated Material, and the Receiving Party seeking to file or communicate these

materials to creditors (the "<u>Filing Party</u>") shall file the pleadings, documents, or other

papers (or attachments thereto) with the aforementioned redactions on the Court's

electronic docket;

(b)     The Filing Party shall, contemporaneously with the aforementioned redacted filing, file (i) a motion to seal (a "Motion to Seal") under section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"); and (ii) unredacted copies of the pleadings, documents, or other papers under seal, also pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 ; and

(c)     The Filing Party shall serve the Debtors and the U.S. Trustee with unredacted copies of any sealed filing.

(d)     Each Filing Party shall use best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) to remove Designated Material from pleadings, documents, or other papers (or attachments thereto). If a Filing Party believes in good faith that a pleading relies on Designated Material to such a degree that it is impractical for the Filing Party to conclusively determine all aspects of the pleading that could disclose Designated Material, the Filing Party may file the entire pleading under seal, and serve the Producing Parties with proposed redactions. In such event, the Producing Parties shall propose any additional requested redactions within five (5) business days (or indicate which proposed redactions are not required), at which point a redacted pleading shall be filed.

(e)     The Court shall decide whether sealing is appropriate pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Until the Court decides the Motion to Seal, the pleading, document, or other paper (or attachments thereto) shall remain under seal.

8.      <u>Compelled Disclosure</u>. Notwithstanding the foregoing, solely in the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand, or other similar legal or investigative process) to disclose any of the Confidential or Highly Confidential Discovery Material, to the extent permitted by law the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation in respect of such request or requirement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential or Highly Confidential Discovery Material or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the Confidential or Highly Confidential Discovery Material which its counsel advises it is legally required to be disclosed, provided that the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the Confidential or Highly Confidential Discovery Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential or Highly Confidential Discovery Material by the party to whom such material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances. In no event will a Receiving Party oppose action by a Producing Party to obtain a protective order or other relief to prevent the disclosure of the Confidential or Highly Confidential Discovery Material or to obtain reliable assurance that

confidential treatment will be afforded the Confidential or Highly Confidential Discovery Material.

9.      <u>No Waiver</u>. Neither this Stipulation nor disclosure of any Confidential or Highly Confidential Discovery Material by a Producing Party shall be deemed by implication or otherwise to vest in the Receiving Party rights in or to such Confidential or Highly Confidential Discovery Material other than the right to use such Confidential or Highly Confidential Discovery Material solely in accordance with this Stipulation. It is understood and agreed by the Receiving Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege pursuant to this Stipulation. If at any time a Producing Party determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as "Confidential" or "Highly Confidential," the Producing Party may apprise the Parties in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential or Highly Confidential Discovery Materials under the terms of this Stipulation and Protective Order, provided, however, that the Producing Party shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "Confidential" or the legend "Highly Confidential," of any such Discovery Materials at which time the Receiving Party shall promptly return to the Producing Party the copies of such substituted Discovery Materials. Entry into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

10.     <u>Objections to Designation</u>. By agreeing to this Protective Order, the Receiving

Parties do not concede that any material designated as Confidential Information does in fact

contain or reflect information that may be protected under the Applicable Rules and Law or that

has been properly designated as Confidential Information. Any Receiving Party may move at any

time for relief from the provisions of this Protective Order with respect to confidentiality

designations as set forth herein. In the event a Receiving Party objects to any designation of

testimony or Discovery Materials as "Confidential" or "Highly Confidential" or wants to show

Highly Confidential documents to its clients or other persons other than counsel, retained

professionals, or retained experts, the Receiving Party shall so inform the Producing Party,

stating the grounds of the objection. The Parties shall have five business (5) days to meet and

confer and resolve any objection involving less than 20 documents, at the end of which the

Producing Party may seek a ruling from the Court, on no less than ten (10) business days' notice

to the Receiving Party, provided that no Confidential or Highly Confidential Discovery Material

shall be filed in the public record or otherwise disclosed prior to a determination by the Court

that it does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code

and Bankruptcy Rule 9018. If a Receiving Party challenges the designation of more than 20

documents, the Receiving Party and Producing Party shall work in good faith to establish a

reasonable schedule for addressing challenges to confidentiality designations. For the avoidance

of doubt, a Receiving Party may object to the designation at any time and is not required to do so

within any specific time period.

11.     <u>Use in Depositions</u>. If Confidential or Highly Confidential Discovery Materials

are utilized in a deposition, then it shall be indicated on the record by counsel for one of the

parties, third parties or witnesses (or, if counsel for the Producing Party is present, by counsel for

the Producing Party) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential Discovery Material, in which case the transcript of the designated testimony (if any) shall be bound in a separate volume and marked "Confidential Discovery Material Governed by Protective Order" or "Highly Confidential Discovery Material Governed by Protective Order" by the reporter. Any Producing Party may also designate the actual transcript of a deposition or any portion thereof as "Confidential" or "Highly Confidential" by stating as such on the record of such deposition. All depositions shall be treated as "Highly Confidential" under this Stipulation and Protective Order until five business days after a transcript is made available by the Court Reporter to the person defending the deposition and all Producing Parties to the extent any of their Discovery Materials was disclosed or discussed during the deposition, and during that five-day period the person defending the deposition and the Producing Parties should advise the Parties and the Court Reporter of what additional portions of the deposition, if any, should receive a "Highly Confidential" or a "Confidential" designation.

12.    <u>Use In Open Court</u>. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 24 hours (or if not practicable, as soon as practicable) prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any party who desires to offer or use Designated Material it received from a Producing Party shall meet and confer in good faith with the Producing Party together with any other person who have expressed interest in participating in such trial or hearing to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the parties are unable to resolve a dispute related to such

Designated Material, the parties will jointly contact the Court regarding a conference prior to the start of trial or hearing to address confidentiality issues, and the Producing Party will bear the burden of demonstrating why such Designated Material should remain confidential at such trial or hearing. No Designated Material marked Confidential or Highly Confidential may be used in open court without the Producing Party's consent prior to the Court having made such a determination.

13.    <u>Use by Any Professional Firm or Individual Retained in Connection With These Chapter 11 Cases</u>. Counsel for the party retaining any professional firm or individual in connection with these chapter 11 cases, including outside consultants, financial advisors or experts (collectively, the "<u>Permitted Recipients</u>," and each a "<u>Permitted Recipient</u>") shall provide a copy of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as an Exhibit A hereto prior to the Permitted Recipient receiving any Confidential or Highly Confidential Discovery Material.

14.    <u>Enforcement Pending Entry</u>. All Producing and Receiving Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation as an order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of these chapter 11 cases.

15.    <u>Disposition of Confidential or Highly Confidential Discovery Material</u>. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving any and all disputes among the parties arising out of or relating to these

chapter 11 cases and/or adversary proceedings, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties. Discovery Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files. To the extent any Confidential or Highly Confidential Discovery Material exist in whole or in part on computer backup tapes or otherwise not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning the Discovery Materials to the Producing Party, but such retained information shall continue to be treated in accordance with this Stipulation. This paragraph 15 applies to Confidential and Highly Confidential Discovery Material only and does not require that counsel for the Parties destroy work product or correspondence.

16.    Any Party or non-party may seek relief from, or modification of, this Stipulation or any provision thereof by properly noticed motion to the Court.

17.    This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original and electronic signatures shall be deemed original signatures.

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.,* [1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

I, _____, state that:

1.      My address is _____.

2.      My present occupation or job description is _____.

3.      I have received a copy of the Protective Order (the "Stipulation") entered in the above-entitled action on _____.

4.      I have carefully read and understand the provisions of the Stipulation.

5.      I will comply with all provisions of the Stipulation.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential or Highly Confidential Discovery Material that is disclosed to me.

7.      I will return or destroy all Confidential or Highly Confidential Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Discovery Material.

---

[1]      The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the

Stipulation in this action.

Dated: _____                    _____