| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Morgan V. Manley, Esq.<br>SMITH GAMBRELL & RUSSELL LLP<br>1301 Avenue of the Americas, 21st Floor<br>New York, NY 10019<br>Tel: 212.907.9700<br>E-mail: mmanley@sgrlaw.com<br>*Counsel for Federal Heath Sign Company, LLC* | |
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.),<br><br>Plaintiff,<br><br>v.<br><br>Federal Heath Sign Company, LLC,<br><br>Defendant. | Adv. No. 24-01326-VFP |

**DEFENDANT'S ANSWER TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Federal Heath Sign Company, LLC ("Defendant"), by and through its undersigned counsel, states for its Answer to the Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 (the "Complaint") as follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

1

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

**ANSWER**: Defendant admits that Plaintiff seeks to avoid and recover certain transfers alleged to be preferential or fraudulent under sections 547, 548, and 550 of the Bankruptcy Code, but denies that such transfers are avoidable or recoverable from Defendant under the Bankruptcy Code.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**ANSWER**: Defendant admits that Plaintiff seeks to disallow Defendant's claims against the Debtors pursuant to sections 502(d) and (j) of the Bankruptcy Code, but denies that such claims are subject to disallowance. Defendant denies the remaining allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). The

underlying chapter 11 bankruptcy case is captioned In re Bed Bath & Beyond, Inc., Case No. 23-13359 (VFP).

**ANSWER**: Admitted.

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

**ANSWER**: Defendant admits that 28 U.S.C. § 157(b)(2) defines the claims in this adversary proceeding to be "core" proceedings, but denies that statute is determinative of whether this proceeding is a core bankruptcy proceeding under the law.

5. Venue of the Debtors' chapter 11 case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**ANSWER**: Admitted.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**ANSWER**: Admitted.

**PROCEDURAL BACKGROUND**

7. On April 23, 2023 (the "Petition Date"), each Debtor, including Bed Bath & Beyond Inc. ("BB&B"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). During the Chapter 11 Cases, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases were procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).

**ANSWER**: Admitted.

8. On September 14, 2023, the Court entered the Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates [ECF No. 2172] (the "Confirmation Order"), confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates [ECF No. 2160] (as amended, the "Plan").

**ANSWER**: Admitted.

9. On September 29, 2023, the effective date of the Plan occurred (the "Plan Effective Date"). On the Plan Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors. See Plan, Article IV, at § F.

**ANSWER**: Admitted.

## THE PARTIES

10. Pursuant to the Plan and the Confirmation Order, Plaintiff assumed responsibility for, inter alia, investigating, prosecuting, and compromising any and all of the Wind Down Debtors' causes of action including claims under chapter 5 of the Bankruptcy Code.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, on that basis, denies such allegations.

11. Upon information and belief, Defendant was, at all relevant times a vendor or creditor that provided display advertising services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business has been and is located at 7501 S. Quincy Street, #175, Willowbrook, Illinois 60527. Plaintiff is informed and believes and on that basis alleges that Defendant is a limited liability company residing in and subject to the laws of Delaware.

**ANSWER**: Defendant admits that it was a creditor that provided services to or for the Debtors from time to time and that it is a Delaware limited liability company. Defendant denies the remaining allegations of paragraph 11.

## FACTUAL BACKGROUND

12. As more fully discussed in the Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and Its Debtor Affiliates (the "Disclosure Statement"),3 the Debtors were the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more. At their peak, the Debtors operated over 970 stores across all 50 states and had additional operations spanning Canada, Mexico, and Puerto Rico.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, on that basis, denies such allegations.

13. As with many brick and mortar retailers, the Debtors were very negatively impacted by the COVID-19 pandemic. However, the twelve months prior to the Petition Date were the most difficult and turbulent in the Debtors' storied history. From "meme stock" mania to credit agreement defaults and back again, the Debtors explored various potentially value-maximizing alternatives in an effort to turn around their business and stave off chapter 11. In response to both macroeconomic factors and more specific business challenges, the Debtors' leadership formulated and attempted to implement a turnaround plan that was designed to refocus the business on its founding principles and restore consumer confidence. To that end, the Debtors secured credit agreement waivers and amendments and were able to access the equity markets in February and March of 2023 in a last-ditch effort to avoid bankruptcy. But, in store sales continued to decline—with fourth quarter sales falling by almost $1 billion dollars year over year—and strained vendor

credit relationships which led to a lack of inventory. Ultimately, the Debtors were unable to service their funded debt obligations while simultaneously supplying sufficient inventory to their store locations.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, on that basis, denies such allegations.

14. As described in Article III, Section B.6 of the Plan, General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, on that basis, denies such allegations.

15. Prior to the Petition Date, the Debtors maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, on that basis, denies such allegations.

16. During the ninety (90) days before and including the Petition Date, that is between January 23, 2023, and April 23, 2023 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, on that basis, denies such allegations.

17. Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements for the purchase of goods and/or services from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices,

6

communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and the "Payment Date."

**ANSWER**: Defendant admits that Plaintiff and Defendant entered into certain agreements for services. Defendant admits that it received payments totaling $102,183.74 on or about the dates set forth in on Exhibit A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, on that basis, denies such allegations.

18. One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

**ANSWER**: Defendant admits that it received payments totaling $102,183.74 on or about the dates set forth in on Exhibit A, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and, on that basis, denies such allegations.

19. Plaintiff is seeking to avoid all of the Transfers made by the applicable Debtor(s) to Defendant within the Preference Period.

**ANSWER**: Defendant admits that Plaintiff seeks to avoid all of the Transfers made by Plaintiff to Defendant within the Preference Period, but denies that such transfers are avoidable or recoverable.

20. On or about November 15, 2023, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

**ANSWER**: Denied.

21. Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession and identified that Defendant potentially has $0.00 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the Debtors' electronic books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this preliminary new value number is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value.

**ANSWER**: Defendant admits that it bears the burden of proof on its affirmative defenses, but lacks knowledge or information to form a belief as to the remaining allegations of Paragraph 21 and, on that basis, denies such allegations.

SGR/71406695.1

22. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), including the review and evaluation described in the two immediately preceding paragraphs, Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, on that basis, denies such allegations.

23. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee, in accordance with the Bankruptcy Code and for the benefit of all creditors of the Debtors' estates. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**ANSWER**: Denied.

## CLAIMS FOR RELIEF
### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

24. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

**ANSWER**: Defendant incorporates its answers to the previous allegations of this complaint as though fully set forth in this count.

25. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on Exhibit A made each Transfer to or for the benefit of Defendant in an aggregate amount not less than $102,183.74.

**ANSWER**: Defendant admits that it received transfers identified on Exhibit A totaling $102,183.74 on or about the dates set forth therein, but denies the remaining allegations of Paragraph 25.

26. Each Transfer was made from the Debtor(s) identified on Exhibit A, and constituted transfers of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, on that basis, denies such allegations.

27. Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on Exhibit A the goods and/or services identified in this Complaint and in the Agreements, as more fully set forth on Exhibit A hereto, for which the Debtor(s) identified on Exhibit A were obligated to pay following delivery in accordance with the Agreements.

**ANSWER**: Defendant admits that it was a creditor of at the time of each Transfer. Defendant denies the remaining allegations of paragraph 27.

10

28. Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit A to Defendant.

**ANSWER**: Admitted.

29. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit A to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on Exhibit A hereto.

**ANSWER**: Denied.

30. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

**ANSWER**: Defendant lacks knowledge of information sufficient to form a belief as to the truth of the first sentence of Paragraph 30 and, accordingly, denies such allegation. Defendant admits that section 547(f) of the Bankruptcy Code provides that Plaintiff is presumed to have been insolvent on and during the Preference Period.

31. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

**ANSWER**: Admitted.

32. As a result of each Transfer, Defendant received more than Defendant would have received if: (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed

in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, the Debtors' liabilities exceed their assets such that the Debtors' unsecured creditors will not receive payment of their claims in full from the Debtors' bankruptcy estates.

**ANSWER**: Defendant denies the allegations in the first sentence of Paragraph 32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and, accordingly, denies such allegations.

33. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**ANSWER**: Denied.

### Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

34. Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

**ANSWER**: Defendant incorporates its answers to the previous allegations of this complaint as though fully set forth in this count.

35. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by one Debtor without a corresponding transfer into the payment account by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

  A The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

  B. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

  C. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

  **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, on that basis, denies such allegations.

  36. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

  **ANSWER**: Denied.

### Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

  37. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Fourth Claim for Relief.

  **ANSWER**: Defendant incorporates its answers to the previous allegations of this complaint as though fully set forth in this count.

  38. Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code, and any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "Avoidable Transfers").

  **ANSWER**: Denied.

  39. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

**ANSWER**: Defendant admits that it was the initial transferee of the transfers identified on Exhibit A, but denies that such transfers are avoidable, and, on that basis, denies the remaining allegations of Paragraph 39.

40. Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**ANSWER**: Denied.

**Fourth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

41. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

**ANSWER**: Defendant incorporates its answers to the previous allegations of this complaint as though fully set forth in this count.

42. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

**ANSWER**: Denied.

43. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

**ANSWER**: Defendant admits that it has not paid the amount of the Avoidable Transfers or turned over such property, but denies the remaining allegations of Paragraph 43.

44. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against Plaintiff or the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

Document    Page 15 of 18

**ANSWER**: Denied.

45. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

**ANSWER**: Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may not avoid the Transfers under 11 U.S.C. § 547(c)(1) to the extent that such transfers were intended by the applicable debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the applicable debtor; and in fact was a substantially contemporaneous exchange. Specifically, Defendant states that the Transfers were payments on account of properly filed and perfected mechanics' liens which were released contemporaneously with the Transfers.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff may not avoid the Transfers under 11 U.S.C. § 547(c)(2)(A) because the transfers were in payment of debts incurred by the applicable debtor in the ordinary course of business or financial affairs of the applicable debtor and Defendant, and such transfers were made in the ordinary course of business or financial affairs of the applicable debtor and Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff may not avoid the Transfers under 11 U.S.C. § 547(c)(2)(B) because the transfers were in payment of debts incurred by the debtor in the ordinary course of business or financial affairs of the applicable debtor and Defendant, and such transfers were made according to ordinary business terms.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may not avoid the Transfers under 11 U.S.C. § 547(c)(4) to the extent that after such transfers, Defendant gave new value to or for the benefit of the debtors not secured by an otherwise unavoidable security interest and on account of which new value the debtors did not make an otherwise unavoidable transfer to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff may not avoid the Potentially Fraudulent Transfers to Defendant under section 548 of the Bankruptcy Code because any such transfers were taken for value and in good faith are protected from avoidance by 11 U.S.C. § 548(c).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover any transfers from Defendant because, to the extent any such transfer is avoided, Defendant was a transferee that took for value in good faith without knowledge of the voidability of such transfer and/or was an immediate or mediate good faith transferee of such transferee and such transfer is protected from recovery by 11 U.S.C. § 550(b).

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts all rights of recoupment, recovery, and setoff. Specifically, Defendant asserts a right to setoff and recoupment of its proofs of claim, including any administrative expense claim, filed in the debtors' bankruptcy cases against all claims brought by the Plaintiff.

Defendant reserves the right to assert and rely on any other defenses that may become available or may be disclosed by additional investigation or discovery and reserves its right to amend this answer and assert such other defenses.

Dated: August 15, 2024          **SMITH GAMBRELL & RUSSELL LLP**

By: /s/ Morgan V. Manley
    One of Its Attorneys

Morgan V. Manley, Esq.
SMITH GAMBRELL & RUSSELL LLP
1301 Avenue of the Americas, 21st Floor
New York, NY 10019
Tel: 212.907.9700
E-mail: mmanley@sgrlaw.com
*Counsel for Federal Heath Sign Company, LLC*

**CERTIFICATE OF SERVICE**

      I, Morgan V. Manley, hereby certify that on August 15, 2024, I caused a true and correct copy of the foregoing *Defendant's Answer to Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550*, to be filed with the Court and served upon all parties who receive notice electronically pursuant to the Local Bankruptcy Rules and the Court's electronic noticing system.

                                                 /s/ Morgan V. Manley

SGR/71406695.1