| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>Email:       rfeinstein@pszjlaw.com<br>                   bsandler@pszjlaw.com<br>                   crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>                                Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>Hearing Date: September 10, 2024<br>                             at 10:00 a.m. (ET) |

**PLAN ADMINISTRATOR'S OPPOSITION TO FORMER AND CANCELED SHAREHOLDER'S UNTIMELY MOTION FOR "CLOSED DOOR HEARING" REGARDING PLAN ADMINISTRATOR'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011**

Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

4875-7145-3922.3 08728.003

"Debtors"), files this opposition (the "Opposition") in opposition to the undocketed and untimely *Motion for "Closed Door Hearing" Regarding Sanctions Against Pro Sec Shareholder* (the "Motion") brought by an unidentified individual purporting to be a former shareholder of Bed Bath & Beyond, Inc. (the "Former Shareholder").[3] In support of the Opposition, the Plan Administrator states as follows:

## PRELIMINARY STATEMENT

1. Over the Plan Administrator' objections, this Court has permitted the Former Shareholder to proceed via his pseudonym, "ML" and to redact all of his identifying personal information in the pleadings he has filed with this Court.[4] Unsatisfied with this extraordinary relief, the Former Shareholder requests that this Court grant even more extraordinary relief and seal the courtroom in connection with the September 10, 2024 hearing on the *Plan Administrator's Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011* (the "Sanctions Motion") [Docket No. 3432]. To that end, and in contravention of the applicable Local Rules, the Former Shareholder, who despite his purported fears about "potential retaliation and harassment," Motion ¶ 4, continues to post on social media concerning the Debtors and his litigation before this Court, filed his Motion for a "closed door" hearing less than 48 hours before the hearing on the Sanctions Motion is scheduled to begin.

2. In addition to being untimely, as discussed in greater detail below, the Motion is utterly without merit because it provides no substantiated facts that justify the extraordinary relief it seeks, and it should, accordingly, be denied in all respects.

---

[3] As of the filing of this Opposition, the Motion remains undocketed.

[4] The Former Shareholder continues to defy two orders of this Court [Docket. Nos. 3314 and 3473] which require him to provide his name and certain other identifying information to the Plan Administrator.

4875-7145-3922.3 08728.003                                    2

## ARGUMENT

3. As a threshold matter, the Motion is untimely. The Plan Administrator filed its Sanctions Motion on July 24, 2024, and the hearing, which was originally scheduled for August 27, 2024 at 10:00 a.m. was rescheduled for September 10, 2024 at 10:00 a.m.[5] Although he has been aware of the pendency of the Sanctions Motion since July 24, 2024, the Former Shareholder emailed his Motion to the Court, the U.S. Trustee, and counsel for the Plan Administrator at the eleventh hour on 12:17 a.m. Eastern Time on September 9, 2024.

4. This contravenes Rule 9013-2 of the Local Rules United States Bankruptcy Court, District of New Jersey (the "Local Bankruptcy Rules") which provides: "[U]nless specified elsewhere in these Rules, a motion must be filed and served not later than 21 days before the hearing date. . . . A movant seeking shortened time for hearing on a motion must file Local Forms Application for Order Shortening Time and Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice." Local Bankruptcy Rule 9013-2.

5. The Former Shareholder did not file the Motion on twenty-one days notice and did not seek to shorten time, and the fact that he is proceeding *pro se*, does not excuse his failure to comply with the applicable rules.[6]

6. Moreover, in the addition to being untimely, the Motion is without merit. In *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1050 (3rd Cir. 1983),[7] the Court of Appeals for the Third Circuit held that the public has both common law and constitutional interests in being

---

[5] The Former Shareholder has not filed an opposition to the Sanctions Motion.

[6] See *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (cited by the Former Shareholder at Motion ¶ 30) (the right to appear *pro se* in Federal Court "does not exempt a party from compliance with relevant rules of procedural and substantive law . . .").

[7] Cited by the Court in denying similar relief with respect to the Hearing on the Equity Committee Motion (defined below).

present at hearings in federal courts and that in determining "to exclude the public from proceedings or transcripts of proceedings, the record must demonstrate an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 1073 (citations omitted). Here, no such record of an "overriding interest" has been made.

7. Although in the Motion, the Former Shareholder asserts that in his "included Exhibit A, [he] outlined several specific concerns regarding retaliation and harassment," Motion at ¶ 15," there is no Exhibit A to the Motion. To the extent he is referring to Exhibit A to his *Former and Canceled Shareholder's Motion for Redaction of Certain Information and Appointment of Post-Effective Date Equity Security Holders Committee* (the "Equity Committee Motion") [Docket No. 3477], as this Court held previously, there is simply nothing contained in that Exhibit A that justifies sealing the courtroom.[8] And to the extent, the Former Shareholder is referring to an Exhibit A to some motion that has not been filed or has not been served upon the Plan Administrator, such reference is patently inappropriate and of no moment.

8. Further, the Former Shareholder continues to discuss the Debtors and his litigation before this Court on social media as recently as on September 8, 2024. *See* **Exhibit A**. He should not be permitted to discuss the case at his whim in the public on social media and then to come to this Court seeking the extraordinary measure of a private hearing.

9. At the August 8, 2024 hearing before this Court on the Equity Committee Motion, this Court denied the Former Shareholder's request to seal the courtroom with respect to that hearing. In connection with that denial the Court noted:

---

[8] *See* Transcript of Hearing on Equity Committee Motion (the "Transcript") at 6:4-9:4.

- The Former Shareholder's personal identifying information "has not become publicly available as a result of this case." Transcript at 5:23-25.

- "no one knows your personally identifying information as a result of these bankruptcy proceedings." Transcript at 8:7-8.

- "The amorphous community . . . they know whatever they know about you completely independently of here." Transcript at 8:23-9:1.

This is all still true. Simply put, there is no basis for granting the Motion and providing extraordinary relief sought therein.

## CONCLUSION

10. Former Shareholder has not demonstrated any basis for entitlement to the extraordinary relief of a non-public hearing on the Sanctions Motion. Accordingly, this Court should deny the Motion and grant such additional relief as it deems just and proper under the circumstances.

Dated: September 9, 2024              **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

# **EXHIBIT A**







**Nayr Nehoc** @nayr_nehoc · 20h

I think they are referencing bankruptcy code 1109(b) for what constitutes a "party in interest". In 1109(b) it includes equity holders, but in this case they are arguing there aren't any equity holders now, so they are no longer "parties in interest".

 1       3   226

Show replies



**DT Memes** 🇮🇹 🇬🇧 @Dannyte83 · 23h
Why does is say BBB and not BBBY?

 75



**Nayr Nehoc** @nayr_nehoc · 22h
That's just the abbreviation they decided to use in that document.

> Case 23-13359-VFP   Doc 2172   Filed 09/14/23   Entered 09/14/23 19:27:19   Desc Main
> Document   Page 81 of 144
>
> **INTRODUCTION**
>
> Bed Bath & Beyond Inc. ("BBB") and its debtor affiliates, as debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors"), propose this first amended joint plan of reorganization (the "Plan") for the resolution of outstanding Claims against, and Interests in, the Debtors pursuant to chapter 11 of the Bankruptcy Code. Capitalized terms used and not otherwise defined shall have the meanings ascribed to such terms in Article I.A hereof. Holders of Claims and Interests may refer to the Disclosure Statement for a discussion of the Debtors' history, businesses, assets, results of operations, historical financial information, and projections of future operations, as well as a summary and description of the Plan. The Debtors are the proponents of the Plan within the meaning of section 1129 of the Bankruptcy Code, and the Plan constitutes a separate plan of reorganization for each of the Debtors.

       3   79