**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:    rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       plabov@pszjlaw.com
       crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR**
**HEARING ON SEPTEMBER 10, 2024, AT 10:00 A.M. (ET)**

**Please note that this hearing will be conducted in person or via Court Solutions before the Honorable Vincent F. Papalia, in the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, 3rd Floor, Courtroom 3B, Newark, New Jersey 07102.**

**Any parties wishing to participate telephonically must do so by making arrangements through Court Solutions (www.court-solutions.com).**

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

## I.  MATTER RESOLVED BY CERTIFICATION OF NO OBJECTION

1. Plan Administrator's Motion Pursuant to Section 105 of the Bankruptcy Code for Entry of an Order (I) Approving the Close-Out Agreement with Arch; (II) Withdrawing Proofs of Claim Nos. 10344 and 11343; and (III) Granting Related Relief [Docket No. 3453].

   **Responses Received:**

   A. None.

   **Related Documents:**

   A. Notice of Plan Administrator's Motion Pursuant to Section 105 of the Bankruptcy Code for Entry of an Order (I) Approving the Close-Out Agreement with Arch; (II) Withdrawing Proofs of Claim Nos. 10344 and 11343; and (III) Granting Related Relief [Docket No. 3454].

   B. Certification of No Objection Regarding Plan Administrator's Motion Pursuant to Section 105 of the Bankruptcy Code for Entry of an Order (I) Approving the Close-Out Agreement with Arch; (II) Withdrawing Proofs of Claim Nos. 10344 and 11343; and (III) Granting Related Relief [Docket No. 3510].

   **Status:**  No objections were filed or responses received in response to the motion. A certificate of no objection has been filed.  No hearing is necessary unless the Court has questions regarding the motion.

## II.  MATTER GOING FORWARD

2. Plan Administrator's Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 [Docket No. 3432].

   **Responses Received:**

   A. No opposition was filed to the Motion.

   **Related Documents:**

   A. Declaration of Bradford J. Sandler in Support of Plan Administrator's Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 [Docket No. 3433].

   B. Notice of Hearing on Plan Administrator's Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 [Docket No. 3434].

C.      Certificate of Service [Docket No. 3435].

D.      Order Granting Shareholder's Motion for Redaction of Certain Information and Denying Shareholder's Motion for Appointment of Equity Security Holders Committee Relief  [Docket No. 3473].

E.      Former Shareholder's Motion for a Closed Door Hearing Regarding Sanctions Against Pro Se Shareholder [Submitted September 9, 2024; no docket number yet].

F.      Plan Administrator's Opposition to Former and Canceled Shareholder's Untimely Motion for "Closed Door Hearing" Regarding Plan Administrator's Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 [Docket No. 3508].

G.      Certificate of Service [Docket No. 3509].

**Status:**  This matter is going forward.  Just after midnight on Monday, September 9, 2024, the Plan Administrator was served by email with a *Motion for a Closed Door Hearing Regarding Sanctions Against Pro Se Shareholder* (the "Secret Hearing Motion"). The Plan Administrator objects to the relief requested in the Secret Hearing Motion, and in spite of the entirely inadequate notice, he filed an opposition [Docket No. 3508]. As of this date, the **Former Shareholder still has not complied** with this Court's *Order Granting Shareholder's Motion for Redaction of Certain Information and Denying Shareholder's Motion for Appointment of Equity Security Holders Committee Relief* (the "Equity Committee Order") dated August 21, 2024 [Docket No. 3473] pursuant to which he was required to serve copies of the "Motion and Reply (without any redactions and showing his full legal name and full residential address and email) on counsel for the Plan Administrator. . . ." no later than seven business days after the entry of the order (August 30, 2024). At 4:50 p.m. on Monday, September 9, 2024, Former Shareholder emailed a *Motion to Stay Order to Deliver Personally Identifiable Information* (the "Stay Motion") to counsel to the Plan Administrator, which he noticed for hearing on September 10, 2024 at 10:00 am. The Plan Administrator opposes the Stay Motion, does not consent to it being heard on less than 24-hours' notice and reserves his rights to object to it on any and all grounds.

## III.    MATTERS ADJOURNED TO SEPTEMBER 24, 2024, AT 10:00 A.M. (ET)

3.      Motion of Penelope Duczkowski and Joseph Duczkowski for Relief from Automatic Stay Pursuant to 11 U.S.C. §362 [Docket No. 2679].

**Responses Received:**

A.      Amended Notice of Motion, Response Deadline and Hearing Date [Docket No. 2723].

B.    Limited Objection and Reservation of Rights of the Plan Administrator to Motion for Relief from Automatic Stay filed by Penelope Duczkowski [Docket No. 2760].

C.    Supplemental Opposition of the Plan Administrator to Amended Motion for Relief from the Automatic Stay (11 U.S.C. § 362) [Docket No. 2987].

D.    Safety National Casualty Corporation's Joinder to Plan Administrator's Supplemental Opposition to Amended Motion for Relief from Automatic Stay [Docket No. 3065].

E.    Reply Brief in Support of Motion for Relief [Docket No. 3293].

F.    Plan Administrator's Omnibus Sur-Reply to Zeve and Duczkowski Motion for Order Modifying the Automatic Stay and/or the Plan Injunction [Docket No. 3299].

**Related Documents:**

A.    Determination of Adjournment Request [Docket No. 2770].

B.    Determination of Adjournment Request [Docket No. 2773].

C.    Determination of Adjournment Request [Docket No. 2898].

D.    Determination of Adjournment Request [Docket No. 2922].

E.    Determination of Adjournment Request [Docket No. 2931].

F.    Determination of Adjournment Request [Docket No. 2953].

G.    Determination of Adjournment Request [Docket No. 2983].

H.    Determination of Adjournment Request [Docket No. 3071].

I.    Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3304].

J.    Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3345].

K.    Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3352].

L.    Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3483].

M.      Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3506].

**Status:**  This matter is adjourned to September 24, 2024, at 10:00 a.m. (ET).

4.      Notice of Motion for an Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor, to Recover Solely Against Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001 (a) (3) and for Related Relief [Docket No. 2936].

**Responses Received:**

A.      Objection of Safety National Casualty Corporation as to Notice of Motion for an Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor, to Recover Solely Against Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001(a)(3) and for Related Relief [Docket No. 2977].

B.      Opposition of the Plan Administrator to Motion for Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor, to Recover Solely Against Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001 (a) (3) and for Related Relief [Docket No. 3067].

C.      Supplemental Certification of Michael A. Zimmerman in Support of Motion for an Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor and Recover Solely Against Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001 (a)(3) and for Related Relief [Docket No. 3288].

D.      Plan Administrator's Omnibus Sur-Reply to Zeve and Duczkowski Motion for Order Modifying the Automatic Stay and/or the Plan Injunction [Docket No. 3299].

**Related Documents:**

A.      Determination of Adjournment Request [Docket No. 2936].

B.      Determination of Adjournment Request [Docket No. 2978].

C.      Determination of Adjournment Request [Docket No. 3071].

D.      Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3304].

E.      Letter to The Honorable Vincent F. Papalia from Paul J. Labov on

Behalf of the Plan Administrator [Docket No. 3345].

F. Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3352].

G. Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3483].

H. Letter to The Honorable Vincent F. Papalia from Paul J. Labov on Behalf of the Plan Administrator [Docket No. 3506].

**Status:** This matter is adjourned to September 24, 2024, at 10:00 a.m. (ET).

5. Notice of Motion for an Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor, to Recover Solely Against Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001 (A) (3) and for Related Relief [Docket No. 3195].

**Related Documents:**

A. Determination of Adjournment Request [Docket No. 3319].

B. Determination of Adjournment Request [Docket No. 3351].

C. Determination of Adjournment Request [Docket No. 3466].

D. Determination of Adjournment Request [Docket No. 3482].

E. Determination of Adjournment Request [Docket No. 3507].

**Status:** This matter is adjourned to September 24, 2024, at 10:00 a.m. (ET).

Dated: September 9, 2024

*/s/ Colin R. Robinson*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Email:          rfeinstein@pszjlaw.com
                 bsandler@pszjlaw.com
                 plabov@pszjlaw.com
                 crobinson@pszjlaw.com
*Counsel to the Plan Administrator*