| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** Robert J. Feinstein (admitted *pro hac vice*) Bradford J. Sandler Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | Order Filed on September 12, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br>                    Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>Hearing: Sept. 10, 2024 |

## ORDER GRANTING PLAN ADMINISTRATOR'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**:

**DATED: September 12, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

The Court has considered the *Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011* filed by Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "**Debtors**") [Doc No. 3432] (the "Motion"); and the Court having held a hearing on the Motion on September 10 2024, and the Court having found that Plan Administrator gave adequate notice of the Motion pursuant to Federal Rule of Bankruptcy Procedure 9011(c) prior to filing the Motion; and that Former Shareholder did not withdraw his *Motion for the Appointment of an Official Committee of Equity Security Holders* (the "Former Shareholder Motion") [Doc. No. 3432]; and the Court having noted that the Former Shareholder did not file an objection to the Motion; and that the Former Shareholder's request for the appointment of a committee of equity security holders pursuant to Bankruptcy Code section 1102 is not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and that the allegations and other factual contentions set forth in the Former Shareholder Motion in support of the appointment of a committee of equity security holders pursuant to Bankruptcy Code section 1102 have no competent evidentiary support and, to the extent specifically identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and having found that Former Shareholder failed to conduct a reasonable inquiry into the facts and law prior to filing the Former Shareholder Motion; and the Court having ~~jurisdiction to consider the~~ Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. §

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

157(b); and venue being proper in this Court pursuant to 28 U.S.C.§§ 1408 and 1409; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore; and for the reasons stated on the record at the hearing held on September 10, 2024 at which the Former Shareholder appeared and participated;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Former Shareholder is ordered to pay the Plan Administrator $2,500 in sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 (the "Sanction Amount"). The Sanction Amount shall be paid in equal monthly installments of $500 a month commencing on October 1, 2024, and continuing on the first day of each month thereafter until paid in full.

3. Former Shareholder may not file any further pleadings, motions, motions for reconsideration or other applications (collectively, the "motion or other papers"), including (without limitation) any motion or other papers that directly or indirectly seek the same or similar relief that has previously been denied by this Court, without first:

(a) sending a letter to this Court, with copies to all parties in interest, requesting permission to file such a motion or other papers that summarizes the relief requested and the factual and legal basis therefor and, if a motion that directly or indirectly seeks reconsideration of any previous relief granted by the Court, the new and/or different grounds on which such a motion or other paper is based, which letter may include a summary or copy of any such proposed motion or other paper;

(b) including a Certification, made under penalty of perjury:

(i) representing that the proposed motion or other paper complies with the requirements of Federal Rule of Bankruptcy Procedure 9011(a) and (b).

(ii) confirming that the Former Shareholder has not previously sought, directly or indirectly, the same or similar relief from this Court; and

    (iii) setting forth the asserted new and/or different grounds under which the Court should consider such filings and that any new or different information on which such filing is based was not previously available to the Former Shareholder.

    4. No party shall be required to respond to any such proposed motion or other paper unless and until the Court approves the filing of same; provided, however, that in the event the Former Shareholder seeks such approval, any party-in-interest may file a short response or opposition to the Former Shareholder's request and indicate the basis for any response or opposition. In the event such approval is granted, the Court shall establish a schedule for further proceedings relating to such motion or other paper. If such approval is denied, no further responses shall be required or hearing conducted with respect to such motion or other paper.

    4. Former Shareholder is again directed to immediately comply with this Court's Orders of June 12, 2024 [Doc. No. 3314] and August 21, 2024 [Doc. No. 3473], which required that the Former Shareholder provide counsel for the Plan Administrator with "the personal identifying information of the Shareholder" on the papers submitted in connection with Former Shareholder Motion, which information shall at all times remain subject to the confidentiality provisions of such Orders.

    5. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.