<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        plabov@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

</td></tr>
</table>

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS**
(Duplicate Tax Claims Filed Against Same Debtor)

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan
Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and
affiliated debtors (the "Debtors"), files this *Second Omnibus Objection to Certain Claims*

---

[1]     The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of
the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the
website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2]     Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which
was filed with the State of New York Department of State on September 21, 2023, the name of the entity
formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No.
230921001833 DOS ID 315602].

*(Duplicate Tax Claims Filed Against  Same Debtor)* (the "Objection").[3] Pursuant to the

Objection, the Plan Administrator moves the Court for entry an order substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), disallowing each claim identified in

Section A (entitled "Duplicate Tax Claims to be Disallowed") on **Exhibit 1** to the Proposed

Order (the "Disputed Claims") because each Disputed Claim is a duplicate of another claim filed

by the identical claimant, against the same Debtor entity, and related to the same claim subject

matter, which claims are identified in Section B (entitled "Surviving Tax Claims") on **Exhibit 1**

to the Proposed Order (the "Surviving Claims"). Accordingly, each Disputed Claim should be

disallowed.  The Plan Administrator does not seek to disallow or otherwise alter the Surviving

Claims at this time, but they will remain subject to future objection. In support of the Objection,

the Plan Administrator respectfully states as follows:[4]

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

*of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle,

C.J.). The Plan Administrator confirms consent to the Court entering a final order in connection

with this Objection to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with Article III

of the United States Constitution.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined
below) and Confirmation Order (defined below), as applicable.

[4]    The Objection is supported by the Declaration of Michael Goldberg attached as **Exhibit B** (the "Goldberg
Dec.").

3.     The statutory predicates for the relief sought in this Objection are sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

### A.     General Background

4.     On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

5.     Pursuant to the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Doc. No. 584] (the "Bar Date Order"), the Court set (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "General Claims Bar Date"); and (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"). Pursuant to the Plan and the Bar Date Order, October 13, 2023 was the last date by which creditors asserting claims entitled to administrative priority pursuant to Bankruptcy Code section 503 were required to file requests for payment

("Administrative Claims Bar Date").[5] Professional Fee Claims were required to be filed by October 29, 2023.

6.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. No. 2160] (the "Plan").

7.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311] On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[6]

8.      The Plan Administrator currently has until September 30, 2024, to object to Claims (the "Claim Objection Bar Date"), which date may be extended by the Court upon the request of the Plan Administrator.[7] [Doc. No. 2933]  Pursuant to the Plan, unless a Court order

---

[5]    Bar Date Order, ¶ 6; Plan, Article I.A, at § 12; Confirmation Order, ¶ 123.

[6]    Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at § B.

[7]    Pursuant to the Plan, the "*Claims Objection Bar Date* means the deadline for objecting to a Claim, which shall be on the date that is 180 days after the Effective Date (as may be extended by the Court upon the request of the Debtors or the Wind-Down Debtors)." Plan, Article I.A, at § 28. The original Claims Objection Bar Date was March 27, 2024. Pursuant to court order [Doc. No. 2933], the Court extended the deadline to September 30, 2024.

has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed.[8] On September 3, 2024, the Plan Administrator filed his *Second Motion for Entry of An Order Extending the Time to Object to Claims* [Doc. No. 3495] (the "Second Extension Motion"), pursuant to which he seeks to extend the Claim Objection Bar Date to March 31, 2025. The Court will hold a hearing on the Second Extension Motion, if necessary, on September 24, 2024.

9.      According to the Debtors' official noticing and claims agent Kroll (the "Claims Agent"), as of August 29, 2024, creditors have filed 20,260 proofs of claim against the Debtors (the "Claims"), and while it is likely that many of the Claims are overstated and should be reduced, disallowed and/or should be reclassified as General Unsecured Claims, the current asserted amount of General Unsecured Claims, Administrative Claims and Priority Claims is $3 billion, $46.7 million and $556.6 million, respectively.

**B.      The Disputed Claims**

10.      In the ordinary course of business, including after the Petition Dates, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator and his professionals (including the Claims Agent) are in the process of reviewing, comparing, and

---

[8]      The Plan provides, "Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Cases allowing such Claim." Plan, Article IV, at § A. "Allowed" means, with respect to any Claim or Interest, except as otherwise provided herein: (a) a Claim or Interest that is evidenced by a Proof of Claim timely Filed by the Bar Date or a request for payment of Administrative Claim timely Filed by the Administrative Claims Bar Date (or for which Claim or Interest under the Plan, the Bankruptcy Code, or a Final Order of the Bankruptcy Court a Proof of Claim or a request for payment of Administrative Claim is not or shall not be required to be Filed) . . . provided that, with respect to a Claim or Interest described in clauses (a) and (b) above, such Claim or Interest shall be considered Allowed only if and to the extent that with respect to such Claim or Interest no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or if such an objection is so interposed, such Claim or Interest shall have been Allowed by a Final Order." Plan, Article I.A, at § 14.

reconciling proofs of claim (including any supporting documentation) with the Debtors'

schedules and its Books and Records. This reconciliation process includes identifying particular

Claims and categories of Claims that may be subject to objection.

11.     Based on that review, the Plan Administrator believes that each of the claims

listed on **Exhibit 1** to the Proposed Order in Section A entitled, "Duplicate Tax Claims to be

Disallowed" (each a Disputed Claim) is a Claim that is a duplicate of another claim filed by the

identical claimant, against the same Debtor entity, and related to the same claim subject matter,

which is listed in Section B entitled, "Surviving Tax Claims" (each a "<u>Surviving Claim</u>").

Accordingly, each Disputed Claim substantively duplicates the respective Surviving Claim and

should be disallowed.

## <u>RELIEF REQUESTED</u>

12.     Pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007,

and Local Rules 3007-1, 3007-2, and 9013-1, the Plan Administrator asks the Court to disallow

each Disputed Claim.[9]

---

[9]     Bankruptcy Rule 3007(e) authorizes the Plan Administrator to join up to 100 claims in an omnibus objection
where the objection is based on the grounds that the claims: (1) duplicate other claims; (2) have been filed in the
wrong case; (3) have been amended by subsequently filed proofs of claim; (4) were not timely filed; (5) have
been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6)
were presented in a form that does not comply with applicable rules, and the objection states that the objector is
unable to determine the validity of the claim because of the noncompliance; (7) are interests, rather than claims;
or (8) assert priority in an amount that exceeds the maximum amount under §507 of the Code. Fed. R. Bankr. P.
3007(d)-(e). District of New Jersey Local Bankruptcy Rule 3007-1 expands the permissible categories for
omnibus objections. It provides, "An omnibus objection to claims may be filed to reduce the amount of a claim
or to modify a claim's priority status." D.N.J. LBR 3007-2. *See* 2017 Comment to D.N.J. LBR 3007-2 ("This
Rule is new. Promulgated under Bankruptcy Rule 3007(c), the rule expands the grounds upon which an
omnibus objection may be based beyond those set forth under Bankruptcy Rule 3007(d).")

## BASIS FOR RELIEF

### A.      Allowance under Bankruptcy Code section 502(a)

13.      Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The Plan Administrator has the right and the duty to object to the allowance of any Claim that is improper. *See* Plan, Article IV, at § B; 11 U.S.C. § 1106(a)(1).

14.      When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, the proof of claim must "allege facts sufficient to support the claim." *Allegheny*, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed prima facie valid. *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (*citing Allegheny*, 954 F.2d at 173–74); *Lampe v. Lampe,* 665 F.3d 506, 514 (3d Cir. 2011).

15.      A party wishing to dispute a claim that meets the burden of prima facie validity must produce evidence in sufficient force to negate the claim's prima facie validity. *Allegheny*, 954 F.2d at 173. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his

or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id*.

**B.**     **Disallowance under Bankruptcy Code section 502(b)(1)**

16.     Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). As was noted above, each claimant that filed a Disputed Claim filed multiple proofs of claim representing a single obligation of the Debtor. As such, the Disputed Claims (i.e., the duplicate claims) are not enforceable against the Debtors or their property and should be disallowed. Disallowing and expunging these claims will prevent the claimants from receiving multiple recoveries for a single claim. The Surviving Claims will remain, subject to any other objection the Plan Administrator may bring in the future.

**SEPARATE CONTESTED MATTERS**

17.     Each claim subject to this Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by this Court will be deemed a separate order with respect to such claim.

**RESERVATION OF RIGHTS**

18.     Nothing contained in this Objection or any actions taken by the Plan Administrator pursuant to the relief requested herein is intended or should be construed as (a) an admission as to the validity or amount of any claim against the Debtors; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property

of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

19.     The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted. Should one or more of the grounds of objection stated in this Objection be overruled, the Plan Administrator reserves the right to object to the Disputed Claims and the Surviving Claims on any other ground that bankruptcy and non-bankruptcy law permits.

## NOTICE

20.     Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings**. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

21.     Pursuant to Paragraph 124, notice of the Objection and the hearing thereon was given to (i) the Claimants holding the Disputed Claims listed on **Exhibit 1** to the Proposed Order at the addresses set forth for notice on the Disputed Claims; (ii) the U.S. Trustee; (iii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (iv) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances.

## NO PRIOR REQUEST

22.    No prior request for the relief sought in this Objection has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the Proposed Order attached as **Exhibit A**, disallowing each of the claims listed on Exhibit 1 to the under Section A as a "Duplicate Tax Claim to be Disallowed" and granting such other and further relief as is just and proper under the circumstances.

Dated:  September 18, 2024

*/s/ Bradford J. Sandler*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:    rfeinstein@pszjlaw.com
            bsandler@pszjlaw.com
            plabov@pszjlaw.com
            crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

**Exhibit A**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile:  (212) 561-7777<br>Email:  rfeinstein@pszjlaw.com<br>          bsandler@pszjlaw.com<br>          plabov@pszjlaw.com<br>          crobinson@pszjlaw.com | |
| *Counsel to the Plan Administrator* | |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## ORDER SUSTAINING PLAN ADMINISTRATOR'S
## SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS
## (<u>Duplicate Tax Claims Filed Against Same Debtor</u>)

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS (DUPLICATE TAX CLAIMS FILED AGAINST SAME DEBTOR) |

Upon the objection (the "<u>Objection</u>")[1] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, seeking entry of an order (this "<u>Order</u>") disallowing the claims identified on the attached **Exhibit 1** under Section A as a "Duplicate Tax Claim to be Disallowed" (the "<u>Disputed Claims</u>"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg in Support of Plan Administrator's Second Omnibus Objection to Certain Claims (Duplicate Tax Claims Filed Against Same Debtor)*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED THAT:**

1.     The Objection is sustained.

2.     Each Claim listed on the attached **Exhibit 1** under Section A as a "Duplicate Tax Claim to be Disallowed" is hereby disallowed.

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS (DUPLICATE TAX CLAIMS FILED AGAINST SAME DEBTOR) |

3.     The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

4.     Nothing in this Order shall affect any party's rights with respect to the Surviving Claims, and all parties' rights with respect to the Surviving Claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Surviving Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5.     Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7.     Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8.     The Court shall retain jurisdiction to construe and enforce this Order.

4855-9453-3600.2 08728.003

**Exhibit 1 to Exhibit A**

**List of Disputed Claims**

1

Bed Bath & Beyond, Inc., et al.
Case No. 23-13359 (VFP)
Exhibit 1

| No. | SECTION A – DUPLICATE TAX CLAIMS TO BE DISALLOWED | | | | | | SECTION B – SURVIVING TAX CLAIMS<br>Surviving Tax Claims Remain Subject to Further Objection | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Asserted Debtor | Claim No. | Date Filed | Claimant Name and Address | Priority | Claim Amount | Asserted Debtor | Claim No. | Date Filed | Claimant Name and Address | Priority | Claim Amount |
| 1 | Bed Bath & Beyond Inc. | 37 | 4/26/2023 | State of Alabama, Department of Revenue<br>Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | Secured<br>Admin<br>503(b)(9)<br>Priority $57,807.00<br>GUC $19,741.81<br>Total $77,548.81 | | Bed Bath & Beyond Inc. | 23 | 4/25/2023 | State of Alabama, Department of Revenue<br>Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | Secured<br>Admin<br>503(b)(9)<br>Priority $57,807.00<br>GUC $19,741.81<br>Total $77,548.81 | |
| 2 | Bed Bath & Beyond Inc. | 10372 | 7/6/2023 | WA Department of Revenue<br>2101 4th Ave Suite 1400<br>Seattle, WA 98121 | Secured<br>Admin $67,224.69<br>503(b)(9)<br>Priority<br>GUC<br>Total $67,224.69 | | Bed Bath & Beyond Inc. | 10334 | 7/6/2023 | WA Department of Revenue<br>2101 4th Ave Suite 1400<br>Seattle, WA 98121 | Secured<br>Admin $67,224.69<br>503(b)(9)<br>Priority<br>GUC<br>Total $67,224.69 | |
| 3 | Bed Bath & Beyond Inc. | 11423 | 7/6/2023 | WA Department of Revenue<br>2101 4th Ave., Suite 1400<br>Seattle, WA 98121 | Secured<br>Admin $67,224.69<br>503(b)(9)<br>Priority<br>GUC<br>Total $67,224.69 | | Bed Bath & Beyond Inc. | 10334 | 7/6/2023 | WA Department of Revenue<br>2101 4th Ave Suite 1400<br>Seattle, WA 98121 | Secured<br>Admin $67,224.69<br>503(b)(9)<br>Priority<br>GUC<br>Total $67,224.69 | |
| 4 | Buy Buy Baby, Inc. | 39 | 4/26/2023 | State of Alabama, Department of Revenue<br>Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | Secured<br>Admin<br>503(b)(9)<br>Priority $44,125.03<br>GUC $7,302.06<br>Total $51,427.09 | | Buy Buy Baby, Inc. | 27 | 4/25/2023 | State of Alabama, Department of Revenue<br>Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | Secured<br>Admin<br>503(b)(9)<br>Priority $44,125.03<br>GUC $7,302.06<br>Total $51,427.09 | |
| 5 | Buy Buy Baby, Inc. | 17903 | 10/17/2023 | NM Taxaction & Revenue Department<br>PO Box 8575<br>Albuquerque, NM 87198-8575 | Secured<br>Admin<br>503(b)(9)<br>Priority $28,782.09<br>GUC $3,454.39<br>Total $32,236.48 | | Buy Buy Baby, Inc. | 4161 | 6/6/2023 | NM Taxaction & Revenue Department<br>PO Box 8575<br>Albuquerque, NM 87198-8575 | Secured<br>Admin<br>503(b)(9)<br>Priority $28,782.09<br>GUC $3,454.39<br>Total $32,236.48 | |
| 6 | Bed Bath & Beyond of California Limited Liability Company | 1273 | 5/15/2023 | City of Westminster Colorado<br>4800 West 92nd Ave<br>Westminster, CO 80031 | Secured<br>Admin<br>503(b)(9)<br>Priority $24,414.39<br>GUC<br>Total $24,414.39 | | Bed Bath & Beyond of California Limited Liability Company | 430 | 5/9/2023 | City of Westminster Colorado<br>4800 W 92nd Ave<br>Westminster, CO 80031 | Secured<br>Admin<br>503(b)(9)<br>Priority $24,414.39<br>GUC<br>Total $24,414.39 | |
| 7 | Bed Bath & Beyond Inc. | 17999 | 9/6/2023 | Tax Collector, City of Norwalk<br>125 East Avenue<br>Room 105<br>Norwalk, CT 06851 | Secured<br>Admin<br>503(b)(9)<br>Priority $21,144.54<br>GUC<br>Total $21,144.54 | | Bed Bath & Beyond Inc. | 16886 | 9/5/2023 | Tax Collector, City of Norwalk<br>125 East Avenue<br>Room 105<br>Norwalk, CT 06851 | Secured<br>Admin<br>503(b)(9)<br>Priority $21,144.54<br>GUC<br>Total $21,144.54 | |
| 8 | Bed Bath & Beyond Inc. | 38 | 4/26/2023 | State of Alabama, Department of Revenue<br>Attn: Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | Secured<br>Admin<br>503(b)(9)<br>Priority $10,863.00<br>GUC $3,172.00<br>Total $14,035.00 | | Bed Bath & Beyond Inc. | 16 | 4/25/2023 | State of Alabama, Department of Revenue<br>Attn: Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | Secured<br>Admin<br>503(b)(9)<br>Priority $10,863.00<br>GUC $3,172.00<br>Total $14,035.00 | |
| 9 | Liberty Procurement Co. Inc. | 18210 | 10/25/2023 | State of Minnesota, Department of Education<br>Minnesota Revenue<br>PO Box 6447 - BKY<br>St Paul, MN 55164-0447 | Secured<br>Admin<br>503(b)(9)<br>Priority $7,327.11<br>GUC $1,875.45<br>Total $9,202.56 | | Liberty Procurement Co. Inc. | 18082 | 10/23/2023 | State of Minnesota, Department of Revenue<br>PO Box 64447 - BKY<br>St Paul, MN 55164-0447 | Secured<br>Admin<br>503(b)(9)<br>Priority $7,327.11<br>GUC $1,875.45<br>Total $9,202.56 | |

Bed Bath Beyond, Inc., et al.
Case No. 23-13359 (VFP)
Exhibit 1

## SECTION A – DUPLICATE TAX CLAIMS TO BE DISALLOWED

| No. | Asserted Debtor | Claim No. | Date Filed | Claimant Name and Address | Priority | Claim Amount |
|---|---|---|---|---|---|---|
| 10 | Buy Buy Baby, Inc. | 1289 | 5/15/2023 | City of Westminster Colorado 92nd Ave Westminster, CO 80031 | Secured / Admin / 503(b)(9) / Priority / GUC / Total | $9,160.51 (Priority); Total $9,160.51 |
| 11 | Bed Bath & Beyond Inc. | 13063 | 7/10/2023 | Douglas County Treasurer 100 Third St. Ste 120 Castle Rock, CO 80104 | Secured $8,436.89 / Admin / 503(b)(9) / Priority $393.77 / GUC / Total | $8,830.66 |
| 12 | Bed Bath & Beyond Inc. | 13475 | 7/6/2023 | Douglas County Treasurer 100 Third St, Ste 120 Castle Rock, CO 80104 | Secured $8,830.66 / Admin / 503(b)(9) / Priority / GUC / Total | $8,830.66 |
| 13 | Bed Bath & Beyond Inc. | 7659 | 6/29/2023 | Town of Fairfield Attention Tax Collector 611 Old Post Road Fairfield, CT 06824 | Secured / Admin / 503(b)(9) / Priority $6,744.36 / GUC / Total | $6,744.36 |
| 14 | Bed Bath & Beyond Inc. | 3292 | 5/31/2023 | James City County Treasurer P.O Box 8701 Williamsburg, VA 23187 | Secured $5,017.78 / Admin / 503(b)(9) / Priority / GUC / Total | $5,017.78 |
| 15 | Bed Bath & Beyond Inc. | 18957 | 12/18/2023 | Richland County Treasury Post Office Box 11947 Columbia, SC 29211 | Secured / Admin / 503(b)(9) / Priority $4,426.72 / GUC / Total | $4,426.72 |
| 16 | Bed Bath & Beyond Inc. | 12273 | 7/7/2023 | JOHNSON COUNTY TREASURER 86 W COURT ST FRANKLIN, IN 46131 | Secured / Admin / 503(b)(9) / Priority $3,180.08 / GUC / Total | $3,180.08 |
| 17 | Bed Bath & Beyond Inc. | 15896 | 8/8/2023 | Municipality of Monroeville 2700 Monroeville Blvd Monroeville, PA 15146 | Secured / Admin / 503(b)(9) / Priority / GUC $3,000.00 / Total | $3,000.00 |
| 18 | Bed Bath & Beyond Inc. | 15556 | 7/25/2023 | City of San Diego Office of the City Treasurer- Delinquent Account PO Box 129039 San Diego, CA 92112 | Secured / Admin / 503(b)(9) / Priority $1,282.98 / GUC $1,157.90 / Total | $2,440.88 |

## SECTION B – SURVIVING TAX CLAIMS
Surviving Tax Claims Remain Subject to Further Objection

| Claimant Name and Address | Date Filed | Claim No. | Asserted Debtor | Priority | Claim Amount |
|---|---|---|---|---|---|
| City of Westminster Colorado 4800 W 92nd Ave Westminster, CO 80031 | 5/9/2023 | 307 | Buy Buy Baby, Inc. | Secured / Admin / 503(b)(9) / Priority $9,160.51 / GUC / Total | $9,160.51 |
| Douglas County Treasurer 100 Third St, Ste 120 Castle Rock, CO 80104 | 7/3/2023 | 13232 | Bed Bath & Beyond Inc. | Secured $8,436.89 / Admin / 503(b)(9) / Priority $393.77 / GUC / Total | $8,830.66 |
| Douglas County Treasurer 100 Third St, Ste 120 Castle Rock, CO 80104 | 7/3/2023 | 13237 | Bed Bath & Beyond Inc. | Secured $8,830.66 / Admin / 503(b)(9) / Priority / GUC / Total | $8,830.66 |
| Town of Fairfield Town of Fairfield Tax Collector 611 Old Post Road Fairfield, CT 06824 | 5/22/2023 | 2129 | Bed Bath & Beyond Inc. | Secured / Admin / 503(b)(9) / Priority $6,744.36 / GUC / Total | $6,744.36 |
| JAMES CITY COUNTY TREASURER PO BOX 8701 WILLIAMSBURG, VA 23187 | 5/30/2023 | 3609 | Bed Bath & Beyond Inc. | Secured $5,017.78 / Admin / 503(b)(9) / Priority / GUC / Total | $5,017.78 |
| Richland County Treasury Post Office Box 11947 Columbia, SC 29211 | 12/14/2023 | 18958 | Bed Bath & Beyond Inc. | Secured / Admin / 503(b)(9) / Priority $4,426.72 / GUC / Total | $4,426.72 |
| JOHNSON COUNTY TREASURER 86 W. COURT STREET FRANKLIN, IN 46131 | 6/27/2023 | 12316 | Bed Bath & Beyond Inc. | Secured / Admin / 503(b)(9) / Priority $3,180.08 / GUC / Total | $3,180.08 |
| Municipality of Monroeville 2700 Monroeville Blvd Monroeville, PA 15146 | 5/19/2023 | 1780 | Bed Bath & Beyond Inc. | Secured / Admin / 503(b)(9) / Priority / GUC $3,000.00 / Total | $3,000.00 |
| City of San Diego Office of the City Treasurer-Delinquent Account PO Box 129039 San Diego, CA 92112 | 7/25/2023 | 14975 | Bed Bath & Beyond Inc. | Secured / Admin / 503(b)(9) / Priority $1,282.98 / GUC $1,157.90 / Total | $2,440.88 |

Bed Bath Beyond, Inc., et al.
Case No. 23-13359 (VFP)
Exhibit 1

## SECTION A – DUPLICATE TAX CLAIMS TO BE DISALLOWED

| No. | Asserted Debtor | Claim No. | Date Filed | Claimant Name and Address | Priority | Claim Amount |
|---|---|---|---|---|---|---|
| 19 | Bed Bath & Beyond Inc. | 17995 | 10/10/2023 | Winchester City Treasurer<br>21 South Kent<br>Suite 101<br>Winchester, VA 22601 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** |  <br> <br> <br>$1,936.71<br>$503.27<br>$2,439.98 |
| 20 | Bed Bath & Beyond Inc. | 17997 | 10/6/2023 | Hernando County Tax Collector<br>20 N Main St<br>RM 112<br>Brooksville, FL 34601-2892 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** | $1,743.91<br> <br> <br> <br> <br>$1,743.91 |
| 21 | Bed Bath & Beyond Inc. | 8371 | 6/21/2023 | Houston County Revenue Commissioner<br>P.O. Box 6406<br>Dothan, AL 36302 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** |  <br> <br> <br>$1,172.16<br> <br>$1,172.16 |
| 22 | Bed Bath & Beyond Inc. | 7513 | 6/26/2023 | Macomb County Treasurer's Office, Attn: Lawrence Rocca, Treasurer<br>One South Main St., 2nd Floor<br>Mount Clemens, MI 48043 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** | $222.09<br> <br> <br> <br> <br>$222.09 |
| 23 | Bed Bath & Beyond Inc. | 7109 | 6/30/2023 | Macomb County Treasurer's Office, Attn: Lawrence Rocca, Treasurer<br>Paige H. Bachand<br>One South Main Street<br>2nd Floor<br>Mount Clemens, MI 48043 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** | $222.09<br> <br> <br> <br> <br>$222.09 |

## SECTION B – SURVIVING TAX CLAIMS
### Surviving Tax Claims Remain Subject to Further Objection

| Asserted Debtor | Claim No. | Date Filed | Claimant Name and Address | Priority | Claim Amount |
|---|---|---|---|---|---|
| Bed Bath & Beyond Inc. | 17775 | 10/10/2023 | WINCHESTER CITY TREASURER<br>21 SOUTH KENT<br>SUITE 101<br>WINCHESTER, VA 22601 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** |  <br> <br> <br>$1,936.71<br>$503.27<br>$2,439.98 |
| Bed Bath & Beyond Inc. | 17704 | 10/6/2023 | Hernando County Tax Collector<br>20 N Main St<br>RM 112<br>Brooksville, FL 34601-2892 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** | $1,743.91<br> <br> <br> <br> <br>$1,743.91 |
| Bed Bath & Beyond Inc. | 3025 | 5/26/2023 | Houston County Revenue Commissioner<br>P.O. Box 6406<br>Dothan, AL 36302 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** |  <br> <br> <br>$1,172.16<br> <br>$1,172.16 |
| Bed Bath & Beyond Inc. | 4170 | 6/6/2023 | Macomb County Treasurer's Office, Attn: Lawrence Rocca, Treasurer<br>One South Main St.<br>2nd Floor<br>Mount Clemens, MI 48043 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** | $222.09<br> <br> <br> <br> <br>$222.09 |
| Bed Bath & Beyond Inc. | 4170 | 6/6/2023 | Macomb County Treasurer's Office, Attn: Lawrence Rocca, Treasurer<br>One South Main St.<br>2nd Floor<br>Mount Clemens, MI 48043 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>**Total** | $222.09<br> <br> <br> <br> <br>$222.09 |

**<u>Exhibit B</u>**

**Declaration of Michael Goldberg**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*) Bradford J. Sandler, Esq. Paul J. Labov, Esq. Colin R. Robinson, Esq. PACHULSKI STANG ZIEHL & JONES LLP 780 Third Avenue, 34th Floor New York, NY 10017 Telephone: (212) 561-7700 Facsimile:  (212) 561-7777 Email:  rfeinstein@pszjlaw.com        bsandler@pszjlaw.com        plabov@pszjlaw.com        crobinson@pszjlaw.com | |
| *Counsel to the Plan Administrator* | |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS (<u>Duplicate Tax Claims Filed Against Same Debtor</u>)

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as follows:

1.      I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and 73 affiliated debtors (the "<u>Debtors</u>"). I give this declaration in support of the

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2]   Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc*., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

4855-9453-3600.2 08728.003

*Plan Administrator's Second Omnibus Objection to Certain Claims (Duplicate Tax Claims –*

*Same Debtor)* (the "Objection").[3]

2.       Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents and the Objection; (c) information provided to me by, or discussions with, members of my management team, other employees, my Professionals (including the Claims Agent); and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3.       On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

4.       On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. No. 2160] (the "Plan").

5.       On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311]

---

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or in the Plan.

6.      On the Effective Date, I became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.

7.      I currently have until September 30, 2024, to object to Claims (the "Claim Objection Bar Date"). On September 3, 2024, my counsel filed and served a *Second Motion for Entry of An Order Extending the Time to Object to Claims* [Doc. No. 3495] (the "Second Extension Motion"), pursuant to which I seek to extend the Claim Objection Bar Date to March 31, 2025.

8.      According to the Debtors' official noticing and claims agent Kroll (the "Claims Agent"), as of August 29, 2024, creditors have filed 20,260 proofs of claim against the Debtors (the "Claims"), and while it is likely that many of the Claims are overstated and should be reduced, disallowed and/or should be reclassified as General Unsecured Claims, the current asserted amount of General Unsecured Claims, Administrative Claims and Priority Claims is $3 billion, $46.7 million and $556.6 million, respectively.

9.      In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. My professionals and I are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

10.     Based on that review, I am informed and believe that each of the claims listed on **Exhibit 1** to the Proposed Order in Section A entitled,  "Duplicate Tax Claims to be

4855-9453-3600.2 08728.003

Disallowed" (each a Disputed Claim) is a Claim that is a duplicate of another claim filed by the identical claimant, against the same Debtor entity, and related to the same claim subject matter, (which claims are listed in Section B entitled, "Surviving Tax Claims" (each a "Surviving Claim")). Accordingly, each Disputed Claim substantively duplicates the respective Surviving Claim, and each Disputed Claim should be disallowed.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: September 18, 2024           */s/ Michael Goldberg*
                                    By: Michael Goldberg
                                    In His Capacity as Plan Administrator to
                                    20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath &
                                    Beyond, Inc.) and 73 affiliated debtors

4855-9453-3600.2 08728.003