| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**District of New Jersey**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** Robert J. Feinstein<br>Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile:  (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel for the Plan Administrator* | **Order Filed on September 24, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## SECOND ORDER EXTENDING THE PERIOD WITHIN WHICH THE PLAN ADMINISTRATOR MAY OBJECT TO CLAIMS

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**:
**DATED: September 24, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4867-8786-7104.1 08728.003

Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: SECOND ORDER EXTENDING THE PERIOD WITHIN WHICH THE PLAN ADMINISTRATOR MAY OBJECT TO CLAIMS

---

Upon consideration of the Second Motion for Entry of an Order Extending the Period Within Which the Plan Administrator May Object to Claims (the "Motion") [Doc. No. 3495] filed by Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time period within which the Plan Administrator may file objections to Claims of all priority levels – including but not limited to all Secured Claims, Administrative Claims (whether filed as proofs of claims or as requests for payment and/or motions on the docket), Priority Claims and/or General Unsecured Claims is extended through and including the later of (a) March 31, 2025, or (b) one hundred eighty (180) days following the date that a Proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim (the "Claims Objection Bar Date").

3. This Order shall be without prejudice to the rights of the Plan Administrator to seek further extensions of the Claims Objection Bar Date.

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: SECOND ORDER EXTENDING THE PERIOD WITHIN WHICH THE PLAN ADMINISTRATOR MAY OBJECT TO CLAIMS

---

4. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

# EXHIBIT B

| |
|---|
| **UNITED STATES BANKRUPTCY COURT** |
| **District of New Jersey** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Robert J. Feinstein |
| Bradford J. Sandler |
| Paul J. Labov |
| Colin R. Robinson |
| PACHULSKI STANG ZIEHL & JONES LLP |
| 780 Third Avenue, 34th Floor |
| New York, NY 10017 |
| Telephone: (212) 561-7700 |
| Facsimile:  (212) 561-7777 |
| rfeinstein@pszjlaw.com |
| bsandler@pszjlaw.com |
| plabov@pszjlaw.com |
| crobinson@pszjlaw.com |
| |
| *Counsel for the Plan Administrator* |

| In re: | Chapter 11 |
|---|---|
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF PLAN ADMINISTRATOR MICHAEL GOLDBERG
IN SUPPORT OF SECOND MOTION FOR ENTRY OF AN ORDER
<u>EXTENDING THE PERIOD TO OBJECT TO CLAIMS</u>**

Pursuant to <u>28 U.S.C. § 1746</u>, I, Michael Goldberg, under penalty of perjury,

declare as follows:

1. I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed

Bath & Beyond Inc.)[2] and 73 affiliated debtors (the "<u>Debtors</u>"). I give this declaration in

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc*., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc*. [Filing ID No. 230921001833 DOS ID 315602].

4865-1731-1198.1 08728.003

support of the *Second Motion for Entry of Order Extending Time to Object to Claims* (the "Motion"). Pursuant to the Motion, I seek entry of an order extending the time to object to Claims of all priority levels (including but not limited to all Secured Claims, Administrative Claims - whether filed as proofs of claims or as requests for payment and/or motions on the docket - Priority Claims and/or General Unsecured Claims) through and including March 31, 2025.[3]

2. Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents including the Motion; (c) information provided to me by, or discussions with, members of my management team, other employees, or the Debtors' other advisors; and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3. According to the Debtors' Claims and Noticing Agent Kroll ("Kroll"), as of August 29, 2024, creditors have filed 20,260 proofs of claim against the Debtors ("Total Claims"), and the current amount of asserted General Unsecured Claims is $3,039,680,861. While it is likely that many of the Administrative, Priority and Secured Claims are overstated and/or should be reclassified as General Unsecured Claims, according to the official claims register generated by Kroll, the Current Asserted Amount of such claims are listed below.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or in the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (as amended, the "Plan").

| Administrative, Priority and Secured Claims Summary as of 8/29/2024 | | |
|---|---|---|
| **Claim Type** | **No. of Claims** | **Current Asserted Amount** |
| Administrative Claims (11 U.S.C. § 503) | 1368 | $46,756,991.00 |
| Priority Claims (11 U.S.C. § 507) | 1362 | $556,618,451.00 |
| Secured Claims (11 U.S.C. § 506) | 623 | $73,287,092.00 |

4. My team and I have identified numerous categories of Claims that were filed with alleged Administrative, Priority or Secured portions (each as defined below): Landlord Claims, 503(b)(9) Claims, Trade Claims, Tax Claims, Customer Claims, IT Claims, Insurance Claims, PI Claims and Other Claims. In addition to the substantive objections that we have brought and/or will bring (if appropriate) (the "Substantive Objections"), within each category, there are: (a) claims that simply need to be reclassified as general unsecured claims, and (b) claims that should be disallowed on non-substantive grounds (duplicates claims against same debtor, duplicate claims filed against multiple debtors, claims that have been amended and superseded, contingent claims) (the "Non-Substantive Objections"). As is further detailed below, we have made significant progress on both Substantive and Non-Substantive Objections.

5. *Brandon Adam Meadows Claims*: On August 27, 2024, the Court entered an order [Doc. 3491] disallowing proof of claim 12957 filed in the amount of $1,000,500,000.00 and proof of claim 18124 filed in the amount of $10,850,164,733.30, both of which alleged that significant portions were entitled to Administrative, Secured and/or Priority status.

6. *Landlord Claims*: My team and I have identified over 260 substantive proofs of claims filed by landlords that assert some portion as an Administrative Claim (the "Landlord Claims"). On May 24, 2024, my counsel filed and served the *Notice Of Adjustment To Proofs*

*Of Claim Without Objection (Satisfied Administrative Lease Claims) [Doc. 3294]* pursuant to which we notified each claimant that its claim would be expunged because it had been satisfied in connection with the assumption assignment of the applicable lease. The Claims Agent subsequently expunged those 18 Landlord Claims. My team and I are in the process of reviewing and preparing objections (where appropriate) to the remaining 245 Landlord Claims, which arise from leases that were rejected. I have has also entered into stipulations settling lease claims with F3Metalworks, Inc. [Doc. 3474], Realty Income Corporation [Doc. No. 3471], Junction Road Madison Investors, LLC [Doc. 2966], and RPT Realty, L.P. [Doc. No. 2965].

7. *503(b)(9) Claims*: My team and I have identified approximately 96 substantive proofs of claims filed by vendors that assert some portion as entitled to priority under Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claims"). I opposed a motion filed by vendor *Levtex LLC* [Doc. No. 2705], and on April 12, 2024, obtained an order denying 503(b)(9) status to goods that were drop-shipped from the vendor to the Debtors' customers. [Doc. No. 2967]. My team and I are in the process of reviewing and preparing objections (where appropriate) to the remaining 503(b)(9) Claims, numerous of which have the same issue with respect to drop-shipments.

8. *Other Trade Claims:* My team and I have identified numerous proofs of claims filed by vendors that assert some portion as a Priority, Administrative or Secured Claim (the "Other Trade Claims") and are in the process of reviewing and preparing objections (where appropriate) to the Other Trade Claims.

9. *Customer Claims:* My team and I have identified approximately 1195 proofs of claims filed by customers based on gift cards and/or merchandise returns that assert some portion as a Priority, Administrative or Secured Claim (the "Customer Claims"). On August 22,

2024, my counsel filed the *First Omnibus Objection (Substantive) to Certain Claims (Reclassified Gift Card/Merchandise Credit Claims No. 1)* [Doc. No. 3475] that seeks to reclassify 100 of those Customer Claims as Class 6 General Unsecured Claims. The matter is set for hearing on September 24, 2024 at 10: 00 a.m.. Assuming that the Court sustains the objection, we will bring similar objections to the other 1095 Customer Claims.

10. *Information Technology Claims*: My team and I have identified numerous proofs of claims filed by providers of informational technology services that assert some portion as a Priority, Administrative or Secured Claim (the "IT Claims") and are in the process of reviewing and preparing objections (where appropriate). I have also entered into stipulations settling IT Claims with Microsoft Corporation and Workday, Inc.

11. *Insurance Company Claims*: My team and I negotiated and obtained court approval for a series of LPT Transactions that resolved significant claims filed by the Debtors' insurance companies (general liability, workers compensation, et cetera) and transferred the estates' continuing exposure (certain deductibles, self-insured retentions and other reimbursement obligations) to the insurers. More specifically, on April 11, 2024, the Court entered the *Stipulation and Consent Order (A) Settling Dispute Over Disposition of Collateral Backing Obligations to Safety National Casualty Corporation; (B) Resolving, in Part, Safety Proof of Claim NOS. 10483 and 18738; and (C) Granting Related Relief* [Doc. No. 2963]. On March 6, 2024, the Court entered the *Stipulation and Consent Order Resolving Dispute over Disposition of Collateral Backing Obligations to the Travelers Indemnity Company and Resolving Travelers Proof of Claim No. 8004* [Doc. No. 2915]. On June 4, 2024, the Court entered its *Order Granting Motion for the Plan Administrator Pursuant to Section 105 of the Bankruptcy Code for Entry of an Order (I) Approving Settlement Agreement with Chubb*

*Companies; (II) Withdrawing Proof of Claim No. 11413; and (III) Granting Related Relief* [Doc. No. 3308]. A hearing on the *Motion Pursuant to Section 105 of the Bankruptcy Code for Entry of an Order (I) Approving the Close-Out Agreement with Arch; (II) Withdrawing Proofs of Claim Nos. 10344 and 11343; and (III) Granting Related Relief* [Doc. No 3453] is set for September 10, 2024.

12. *Tax Claims*: My team and I have identified over 500 hundred substantive claims filed by taxing authorities that assert Priority, Administrative or Secured (the "Tax Claims") status and we have been working to resolve them with the appraisal districts and comptrollers in 46 states, as well as with the Internal Revenue Service and Puerto Rico. As is described below, the we have made significant progress in connection with tax claims filed by taxing authorities in Texas and in California.

13. *Texas Tax Claims*. On September 11, 2023, the Debtors filed their (I) *Omnibus Objection to Certain Tax Claims and (II) Motion to Determine Tax Liability and Stay Proceedings* [Doc. No. 2156] (the "Omnibus Texas Tax Objection"). The Omnibus Texas Tax Objection sought entry of an order (i) establishing the property market value bases upon which to compute taxes for tax year 2023 for the Debtors' property in certain Texas counties set forth therein and to stay state proceedings and (ii) modifying or reducing applicable claims filed by the Texas Taxing Authorities. On that same date, the Debtors filed their *Motion to Determine Tax Liability and Stay Proceedings* [Doc. No. 2157] (the "Texas Tax Determination Motion," and together with the Omnibus Texas Tax Objection, the "Texas Tax Relief Pleadings"). The Texas Tax Determination Motion sought entry of an order establishing the property market value bases upon which to compute taxes for tax year 2023 for the Debtors' property in Bell and Potter-Randal counties and to stay related state proceedings. Post-Effective Date, I prosecuted

the motions on behalf of the estates and began negotiating with the applicable claimants. On April 9, 2024, I obtained authority to settle and pay the Texas Tax Claims from funds that had been escrowed for that purpose in connection with confirmation. *See Order (I) Authorizing the Settlement of Ad Valorem Tax Claims of Texas Taxing Authorities, (II) Authorizing the Use of $2.8 Million Set Aside to Satisfy Claims of Texas Taxing Authorities, and (III) Granting Related Relief.* [Doc. No. 2954]. My team and I were able to negotiate settlements with nearly all of the Texas Taxing Authorities, encompassing approximately seventy-eight (78) proofs of claim and those where a settlement was not reached have been otherwise resolved and paid in connection with 2023 *Ad Valorem* tax claims. On August 26, 2024, my counsel filed Notices of Withdrawal of the Texas Tax Relief Pleadings. [Doc. Nos. 3184, 3185]. A joint motion [Docket No. 2664] by the Texas Taxing Authorities seeking to compel payment of certain taxes relating to tax year 2022 is set to be heard on October 16, 2024. My team and I have been able to negotiate a resolution with the Texas Taxing Authorities, which, if approved, will resolve all Texas Taxing Authority claims relating to 2022 *Ad Valorem* taxes.

    14.    *California Tax Claims*. On September 15, 2023, the Debtors filed their (I) *Omnibus Objection to Certain Tax Claims and (II) Motion to Determine Tax Liability and Stay Proceedings* [Doc. No. 2180] (the "Omnibus California Tax Objection"). The Omnibus California Tax Objection sought entry of an order (i) establishing the property market value bases upon which to compute taxes for tax year 2023 for the Debtors' property in certain California counties set forth therein and to stay state proceedings and (ii) modifying or reducing applicable claims filed by the California Taxing Authorities. On that same date, the Debtors filed their *Motion to Determine Tax Liability and Stay Proceedings* [Doc. No. 2181] (the "California Tax Determination Motion," and together with the Omnibus California Tax

Objection, the "California Tax Relief Pleadings"). The California Tax Determination Motion sought entry of an order establishing the property market value bases upon which to compute taxes for tax year 2023 for the Debtors' property in certain counties and to stay related state proceedings. Post-Effective Date, I prosecuted the motions on behalf of the estates and began negotiating with the applicable claimants. On January 1, 2024, the court entered an order sustaining the Omnibus California Tax Objection with respect to certain claimants. [Doc. No. 2784]. My team and I subsequently negotiated stipulations with several of the California Taxing Authorities pursuant to which their claims have been reduced, allowed and paid. Accordingly, on February 27, 2024, my counsel withdrew the California Tax Determination Motion as to (i) the County of Fresno; (ii) the County of Los Angeles; (iii) San Mateo County Treasurer-Tax Collector and (iv) the County of Santa Clara. [Doc. No. 2911]. On August 26, 2024, my counsel withdrew the California Tax Relief Pleadings with respect to the remining claimants. [Doc. Nos. 3487, 3486]. In total, all – approximately twenty-seven (27) claims – relating to 2023 *Ad Valorem* taxes have been resolved.

15. *Personal Injury Claims*: Since the Effective Date multiple individuals have filed motions for relief from the automatic stay to liquidate their pre-petition personal injury claims in various state courts. Three such motions are currently pending and are set for hearings and/or status conferences on September 10, 2024.[4]  As the Court is aware, because the Debtors' general liability insurance has a one million dollar self-insured retention for claims that arise after March 1, 2020 (including defense costs), each dollar spent fighting these actions in state court results in a dollar for dollar reduction of funds available to pay Administrative, Priority and other General Unsecured Creditors, thereby elevating pre-petition general unsecured claims

---

[4] *See* Zeve [Doc. No. 2936], Akdemir [Doc. No 3195], and Duczkowski [2679].

to administrative priority status. Accordingly, I opposed (and continue to oppose) relief from stay.[5] As a result of the hearing the Court held on the Zeve and Duczkowski matters, my team and I have been working closely with state court counsel to the movants and counsel to its insurer Safety National to develop a set of alternative dispute resolution procedures to govern the approximately 100 personal injury claims filed against the Debtors (the "Proposed ADR Procedures"), which we expect to file a motion to approve by the end of September.

16. *Equity Holder Claims*: My team and I have identified alleged Administrative, Secured and Priority Claims filed by former equity holders in BBB (the "Equity Holder Claims") and are in the process of preparing an objection that seeks to disallow such claims on the grounds that all Interests were extinguished under the Plan. As the Court is aware, however, during the First Extension Period, an alleged former shareholder who has identified himself only as "ML" filed a motion to appoint an equity committee, which I opposed.[6] The Court denied the motion on August 21 2024 [Doc. No. 3473]. A *Motion for Sanctions* against ML [Doc. No. 3432] is currently set for hearing on September 10, 2024.

17. *Non-Substantive Objections*: My team and I have identified hundreds of Administrative, Priority and/or Secured Claims that are subject to objection because they: (i) have been amended; (ii) are duplicative of other claims filed against the same debtor; (iii) are duplicative of other claims filed against multiple debtors; and/or (iv) are filed against the wrong debtor. Some of these objections may be brought pursuant to the Plan's "notice of adjustment" procedure; others will require a formal objection, and my team and I are in the process of preparing both. On August 28, 2024, my counsel filed and served the *Notice of Adjustment to Proofs of Claim Without Objection (Amended Administrative, Priority and Secured Claims)*

---

[5] *See* Duczkowski [Doc. Nos. 2760, 2987, 3299], Zeve [Doc. Nos. 3067, 3299].

[6] *See* Doc. Nos. 3312, 3314, 3331, 3332, 3440, 3477.

[*Doc.3493*] pursuant to which each claimant was notified that its claim will be expunged because it has been amended by a superseding proof of claim. Pursuant to this Notice of Adjustment, 182 claims that assert some portion as Administrative, Priority and/or Secured will be purged.

18. *Collections (General)*: In addition to working to reduce the pool of Administrative, Secured and Priority Claims, my team and I are also continuing to collect and liquidate the Debtors' assets. My team and I have collected $17.9 million in credit reserve returns, $11.7 million in various tax refunds, $31.7 million in release of cash and collateral associated with LPT transactions, $7.1 million in release of customs collateral, $9.3 million in vendor refunds and rebates, and $22.9 million in miscellaneous sales and recoveries.

19. *Collections (Causes of Action (Preferences))*: On or about May 16-17, 2024, my counsel filed 207 preference actions as adversary proceedings in this Court (the "Preference Actions") pursuant to which I seek to recover preferential payments of $87.6 million. As of August 30, 2024, 163 Preference Actions are still pending. To date, I have collected $5.2 million in preference recoveries (net of fees and costs).

20. *Collections (Causes of Action (Other))*: I have also initiated the following additional causes of action: (i) *In re Bed, Bath & Beyond, Inc. et al (Goldberg v. New Jersey Economic Development Authority),* Adv. No. 24-01443 ( (Bankr. D.N.J. June 3, 2024) (seeks to recover $19.3 million in refunds); (ii) *In re Bed, Bath & Beyond, Inc. et al (Goldberg v. Internal Revenue Service),* Adv. No. 24-01533 (Bankr. D.N.J. August 16, 2024) (seeks to recover $22.9 million in refunds); (iii) *20230930-DK-Butterfly-1, Inc., v. HBC Investments LLC et al*, Case No. 24-cv-3370, (S.D.N.Y. May 2, 2024) (alleges in excess of $310 million in damages); (iv) *20230930-DK-Butterfly-1, Inc.. v. Ryan Cohen et al*. (S.D.N.Y. August 1, 2024) (alleges in

excess of $47 million in damages); (v) *20230930-DK-Butterfly-1, Inc. v. Edelman et al.*, Case No. 652164/2024 (Sup.Ct. N.Y. York, April 26, 2024) (alleging in excess of $343 million in damages).

21. Given all of my duties and responsibilities and the magnitude of the asserted Administrative and Priority Claims, my team and I need additional time to evaluate and object to Claims. Our first priority with respect to Claims is reconciling the Administrative Claims. The Plan contemplates payment of Administrative Claims on the Effective Date (if Allowed at that time) or as they become Allowed; however, payment on account of Allowed Administrative Claims is limited to availability of funds in the applicable waterfall funding source. As was noted above, there are $46.8 million in Asserted Current Administrative Claims and $557 million of Asserted Current Priority Claims, whereas the Combined Reserve turned over to me on the Effective Date was $10 million, $2.8 million of which was set aside for the Texas Taxing Authorities (and $1,424,458.00 of which has been drawn to pay those taxes). There is currently $0.00 in the Shared Proceeds Pool; and while I have made payments totaling $76.6 million in principal and $17.4 million in interest on account of the Allowed DIP Claims and the Allowed FILO Claims, there is still $348.8 million in principal outstanding (plus interest) before there will be any "remaining Distributable Proceeds" to distribute to holders of Allowed Administrative Claims.

22. Absent a significant reduction in the asserted Administrative Claims and meaningful recoveries added to the Shared Proceeds Pool, under the distribution waterfall set forth in the Plan, it is unlikely that Allowed Administrative Claims will be paid in full. To the extent that I determine that I am only able to make a pro rata distribution on account of Allowed Administrative Claims, I will file a motion seeking appropriate relief to do so.

23. Extending the Claims Objection Bar Date is in the best interests of all stakeholders. The extension sought will afford my professionals and I an opportunity to make more fully informed decisions concerning the resolution of pending Claims, in the interests of ensuring ratable distributions among and maximizing value for legitimate creditors. This is the second requested extension.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: September 3, 2024        /s/ Michael Goldberg
                                By: Michael Goldberg
                                In His Capacity as Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) and 73 affiliated debtors