**THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT 1</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       plabov@pszjlaw.com
       crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S**
**THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS**
**<u>(Reclassified Gift Card/Merchandise Credit Claims No. 11)</u>**

Michael Goldberg, solely in his capacity as the Plan Administrator (the "<u>Plan Administrator</u>") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

affiliated debtors (the "Debtors"), files his *Thirteenth Omnibus Objection (Substantive) to Certain Claims (Reclassified Gift Card/Merchandise Credit Claims No. 11)* (the "Objection").[3] Pursuant to the Objection, the Plan Administrator moves the Court for entry an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), that reclassifies each claim listed on **Exhibit 1** to the Proposed Order (the "Disputed Claims") as a general unsecured claim. The holder of each Disputed Claim (each a "Claimant") has filed a proof of claim that asserts a claim related to a gift card and/or a merchandise credit that the Claimant contends is entitled to treatment as either: (i) a priority unsecured claim pursuant to Bankruptcy Code section 507(a); (ii) an administrative claim pursuant to Bankruptcy Code section 503(b), or (iii) a secured claim. For the reasons set forth below, each Disputed Claim should be reclassified as a general unsecured claim. At this time, the Plan Administrator merely seeks a reclassification of each Disputed Claim and does not seek to disallow or reduce the amount of any Disputed Claim. He reserves the right to do so pursuant to future objection. In support of the Objection, the Plan Administrator respectfully states as follows:[4]

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Plan Administrator confirms consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

[4] The Objection is supported by the Declaration of Michael Goldberg attached as **Exhibit B** (the "Goldberg Dec.").

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought in this Objection are sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

### A.      General Background

4.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

5.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

6.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311] On the Effective Date, the Plan Administrator became the sole

representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[5]

7.    The Plan Administrator currently has until March 31, 2025 to object to Claims (the "Claim Objection Bar Date"), which date may be extended by the Court upon the request of the Plan Administrator.[6] As of August 29, 2024, creditors have filed 20,260 proofs of claim against the Debtors ("Total Claims"), including over thirteen hundred (1,300) claims that assert administrative status pursuant to Bankruptcy Code section 503(b) and almost twelve hundred (1,200) that assert priority pursuant to Bankruptcy Code section 507.[7] The current amount of asserted Class 6 General Unsecured Claims is over $3 billion. *Id.*  Pursuant to the Plan, unless a Court order has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed.[8]

---

[5] Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at § B.

[6] Pursuant to the Plan, the "*Claims Objection Bar Date* means the deadline for objecting to a Claim, which shall be on the date that is 180 days after the Effective Date (as may be extended by the Court upon the request of the Debtors or the Wind-Down Debtors)." Plan, Article I.A, at § 28. The original Claims Objection Bar Date was March 27, 2024. The Court extended the deadline to September 30, 2024 [Doc. No. 2933] and then to March 31, 2025 [Doc. No. 3541].

[7] See Declaration of Michael Goldberg in support of *Second Motion for Entry of Order Extending Time to Object to Claims* [Doc. No. 3495].

[8] The Plan provides, "Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Cases allowing such Claim." Plan, Article IV, at § A. "Allowed" means, with respect to any Claim or Interest, except as otherwise provided herein: (a) a Claim or Interest that is evidenced by a Proof of Claim timely Filed by the Bar Date or a request for payment of Administrative Claim timely Filed by the Administrative Claims Bar Date (or for which Claim or Interest under the Plan, the Bankruptcy Code, or a Final Order of the Bankruptcy Court a Proof of Claim or a request for payment of Administrative Claim is not or shall not be required to be Filed) . . . provided that, with

**B.**     **Schedules and Claims Process**

8.     On May 30, 2023, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Doc. Nos. 499-568, 570-573] (collectively, and as each may have been amended from time to time, the "Schedules and Statements") in the Chapter 11 Cases.

9.     On May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Doc. No. 584] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these Chapter 11 cases.

10.     The Bar Date Order established (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "General Claims Bar Date"); (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for

---

respect to a Claim or Interest described in clauses (a) and (b) above, such Claim or Interest shall be considered Allowed only if and to the extent that with respect to such Claim or Interest no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or if such an objection is so interposed, such Claim or Interest shall have been Allowed by a Final Order." Plan, Article I.A, at § 14.

damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on

which the Debtors provided notice of an amendment or supplement to the Schedules, as the

deadline for when claimants holding Claims that the filing, amendment, or supplement affected

must file Proofs of Claim with respect to such claim (the "Rejection Damages Bar Date").

11.     With respect to Administrative Claims, the Bar Date Order provides:

> Except as otherwise provided herein, all persons and entities
> including, without limitation, individuals, partnerships,
> corporations, joint ventures, and trusts, that assert an
> Administrative Expense Claim pursuant to 503(b), other than
> claims arising pursuant to section 503(b)(9), or 507(a)(2), shall
> submit a written proof of such Claim so that it is actually received
> by the Notice and Claims Agent before (a) on July 7, 2023 for
> claims incurred through June 27, 2023, (b) for all claims arising
> after June 27, 2023, on the 15th day of the month following the
> month in which the claim arose, and (c) fourteen days following
> the effective date of any confirmed plan (the "Administrative
> Claims Bar Date"), in accordance with this Bar Date Order;
> provided, however, that notwithstanding anything to the contrary
> herein, counterparties to unexpired leases of non-residential real
> property—which leases have not been assumed, assumed and
> assigned, or rejected— shall be required to file Administrative
> Claims no later than July 21, 2023.

Bar Date Order, ¶ 6.[9] The Effective Date of the Plan was September 29, 2023, so the last

Administrative Claims Bar Date for claims incurred after July 7, 2023 was October 13, 2023.

12.     On June 5, 2023, the Debtors caused a bar date notice to be published in The New

York Times. [Doc. No. 638.] With the assistance of Kroll Restructuring Administration LLC (the

"Claims Agent"), on May 31, 2023, the Debtors also served the Bar Date Order and a Proof of

Claim Form by email and/or first-class mail in accordance with the procedures set forth in the

---

[9] The Confirmation Order provides, "Except as otherwise provided in the Plan, requests for payment of
Administrative Claims must be Filed no later than the Administrative Claims Bar Date. Holders of Administrative
Claims that are required to File and serve a request for such payment of such Administrative Claims that do not file
and serve such a request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and
enjoined from asserting such Administrative Claims against the Debtors, any purchasers of their assets, or their
respective property, and such Administrative Claims shall be deemed compromised, settled, and released as of the
Effective Date." Confirmation Order, ¶ 123.

Case Management Order. [Doc. No. 893]. The Bar Date Order and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims Agent at https://restructuring.ra.kroll.com/bbby.

13.     In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator and his professionals (including the Claims Agent) are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

## C.    The Disputed Claims

14.     Pre-petition, certain of the Debtors sold and/or issued gift cards and offered them as merchandise credit in connection with returns (the "Gift Cards").[10] The Debtors did not sell Gift Cards post-petition. Post-petition, in connection with the *Debtors' Motion for Order (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief* [Doc. No. 28] (the "Store Closing Motion"), the Debtors obtained both interim and final orders with respect to Gift Cards.

15.     The interim order provided, "For the first fourteen (14) days from the date of entry of this Interim Order, the Debtors shall continue to accept the Debtors' validly-issued gift certificates, gift cards, and loyalty certificates issued prior to the Sale Commencement Date in

---

[10] Merchandise credits were also issued without gift cards. This Objection addresses all claims for merchandise credits, whether issued with or out without a physical gift card.

their e-commerce business or in-store in the ordinary course of business. After the expiration of the fourteen days to utilize gift certificates, gift cards, and loyalty certificates on the e-commerce platform or in-store, all such validly-issued gift certificates, gift cards, and loyalty certificates will no longer be accepted by the Debtors and **deemed to have no remaining value**. Notwithstanding any policy or state law to the contrary, the gift cards, gift certificates, and loyalty certificates are not redeemable for cash at any time."[11]   The final order provided, "The Debtors shall no longer accept gift certificates, gift cards, or loyalty certificates in their e-commerce business or in-store, **and all such gift certificates, gift cards, and loyalty certificates are deemed to have no remaining value**. Notwithstanding any policy or state law to the contrary, the gift cards, gift certificates, and loyalty certificates are not redeemable for cash at any time."[12]

16.     During the claim review process, the Claims Agent identified 1,195 proofs of claim that are based on unredeemed Gift Cards and/or merchandise credits which improperly assert secured, administrative and/or priority claims (collectively, the "Misclassified Gift Card Claims").[13] The interim and final orders on the Store Closing Motion arguably render all claims based on Gift Cards subject to disallowance in full, even as general unsecured claims. At this time, however, the Plan Administrator only seeks an order reclassifying the Misclassified Gift

---

[11] *See Interim Order (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief [*Doc. No 102] at ¶ 33.

[12] *See Final Order (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief* [Doc. No. 641], at ¶ 33.

[13] The Plan Administrator will be objecting to all 1,195 Misclassified Gift Card Claims that have been improperly filed as secured, administrative and/or priority claims. This Objection addresses 100 of the Misclassified Gift Card Claims.

Card claims as general unsecured claims. He reserves his rights, however, to seek full disallowance of all such claims.

17.    On August 22, 2024, the Plan Administrator filed his *First Omnibus Objection (Substantive) to Certain Claims (Reclassified Gift Card/Merchandise Credit Claims No. 1)* [Doc. No. 3475], which sought the same relief sought herein with respect to the first 100 of the 1195 Misclassified Gift Card Claims. The Court entered an order granting the First Omnibus Objection and reclassifying the 100 Misclassified Gift Card Claims that were the subject of the First Omnibus Objection as Class 6 General Unsecured Claims on September 25, 2024 [Doc. No. 3540].

## **RELIEF REQUESTED**

18.    The 100 Disputed Claims listed on **Exhibit 1** to the Proposed Order have been identified by the Claims Agent as Misclassified Gift Card Claims that have been improperly filed as secured, administrative and/or priority claims. Accordingly, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, the Plan Administrator asks the Court to reclassify each of the Disputed Claims as a general unsecured claim.[14]

---

[14] Bankruptcy Rule 3007(e) authorizes the Plan Administrator to join up to 100 claims in an omnibus objection where the objection is based on the grounds that the claims: (1) duplicate other claims; (2) have been filed in the wrong case; (3) have been amended by subsequently filed proofs of claim; (4) were not timely filed; (5) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) are interests, rather than claims; or (8) assert priority in an amount that exceeds the maximum amount under §507 of the Code. Fed. R. Bankr. P. 3007(d)-(e). District of New Jersey Local Bankruptcy Rule 3007-1 expands the permissible categories for omnibus objections. It provides, "An omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2. *See* 2017 Comment to D.N.J. LBR 3007-2 ("This Rule is new. Promulgated under Bankruptcy Rule 3007(c), the rule expands the grounds upon which an omnibus objection may be based beyond those set forth under Bankruptcy Rule 3007(d).")

**BASIS FOR RELIEF**

19.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The Plan Administrator has the right and the duty to object to the allowance of any Claim that is improper. *See* Plan, Article IV, at § B; 11 U.S.C. § 1106(a)(1).

20.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, the proof of claim must "allege facts sufficient to support the claim." *Allegheny*, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed prima facie valid. *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (*citing Allegheny*, 954 F.2d at 173–74); *Lampe v. Lampe,* 665 F.3d 506, 514 (3d Cir. 2011).

21.     A party wishing to dispute a claim that meets the burden of prima facie validity must produce evidence in sufficient force to negate the claim's prima facie validity. *Allegheny*, 954 F.2d at 173. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his

or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

22.     The Plan Administrator objects to each of the Disputed Claims identified on **Exhibit 1** to the Proposed Order, which consist of Gift Card Claims that improperly assert secured, administrative or priority status. Based on the Claims Agent's review of the Disputed Claims, the Debtors' books and records and applicable caselaw, the Plan Administrator has determined that there is no basis for the priority, administrative or secured status asserted with respect to the Disputed Claims, and asks that each Disputed Claim be reclassified as a general unsecured claim.

A.     <u>**The Disputed Claims are not entitled to priority pursuant to 11 U.S.C. § 507(a)(7).**</u>

23.     Many of the Disputed Claims identified on **Exhibit 1** to the Proposed Order improperly assert priority unsecured status pursuant to section 507(a)(7) of the Bankruptcy Code. Section 507(a)(7) of the Bankruptcy Code provides priority status for certain pre-petition deposits made by individuals. Specifically, section 507(a)(7) of the Bankruptcy Code provides that the following claims are seventh in order of priority:

> allowed unsecured claims of individuals, to the extent of $3,350 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

11 U.S.C. § 507(a)(7).

24.     Holders of the Disputed Claims are not entitled to priority status under section 507(a)(7) of the Bankruptcy Code because such claims do not represent "deposits" within the meaning of section 507(a)(7) of the Bankruptcy Code. *See In re City Sports, Inc.,* 554 B.R. 329, 338 (Bankr. D. Del. 2016)("In the case of a money order, a store credit, or a gift card, the

transaction is complete once those instruments are issued. Therefore, those instruments do not come under the definition of "deposit," and section 507(a)(7) does not afford them priority status."), *reconsideration denied, In re City Sports, Inc.,* 2017 Bankr. LEXIS 36 (Bankr. D. Del., Jan. 3, 2017).[15] *See also In re Util. Craft, Inc.*, 2008 Bankr. LEXIS 3564, *11 (Bankr. M.D. N.C. Dec. 29, 2008) ("After reviewing the statutory language, the legislative history, and prior case law, this court finds that the Creditor's Store Credit is not entitled to priority status pursuant to § 507(a)(7).").

25.    Pursuant to established case law, claims based on gift cards and store credit are not entitled to priority as deposits under section 507(a)(7). Furthermore, even assuming arguendo that they were, as final order approving the Store Closing Motion makes clear, after the initial 14 day period, the Gift Cards had "no remaining value" and were not redeemable for cash "at any time". Accordingly, the Disputed Claims should, at a minimum, be reclassified as general unsecured claims.

**B.    The Disputed Claims are not entitled to priority under 11 U.S.C. §§ 507(a)(2) and 503(b).**

26.    Certain of the Disputed Claims identified on **Exhibit 1** to the Proposed Order also improperly assert administrative status pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b). Section 503 states, in relevant part, "After notice and a hearing, there shall be allowed administrative expenses, . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). To establish administrative expense priority the burden is on the claimant to demonstrate that the obligation claimed as an administrative expenses (1) arose out a post-petition transaction with the debtor in possession and (2) directly and substantially

---

[15] In *City Sports*, the Bankruptcy Court disagreed with its earlier decision in *In re WW Warehouse, Inc.*, 313 B.R. 588 (Bankr. D. Del. 2004) in which it held that certain claims based on gift certificates were entitled to priority under 507(a)(7).

benefitted the estate. *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999). The administrative claimant carries "'the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.'" *Id*. at 534 (*quoting In re O'Brien Environmental Energy, Inc.*, No. 94-26723, slip op. at 30 (Bankr. D.N.J. Nov. 8, 1996)); *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172-73 (3rd Cir. 2012) ("The party asserting an administrative expense claim bears the burden of demonstrating that it deserves administrative expense status."). As the Third Circuit has previously noted:

> These requirements balance two important goals. By giving priority to those claims that help keep the debtor-in-possession functioning, "sections 503 and 507 advance the estate's interest in survival above all other financial goals." *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990). By limiting priority to those claims that are actual and necessary, the Code prevents the estate from being consumed by administrative expenses, and preserves the estate for the benefit of the creditors. *See Pa. Dep't of Envtl. Res. v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 690 (3d Cir. 1999) (holding that "Chapter 11 is intended to rehabilitate the debtor and avoid forfeiture by creditors") (quotations and brackets omitted). Consistent with the objective of preserving the estate for creditors, the burden to demonstrate that an expense deserves administrative priority lies with the party asserting such priority.

*In re Marcal Paper Mills, Inc.,* 650 F.3d 311, 315 (3d. Cir. 2011).

27.     The Disputed Claims asserted as administrative expense claims should be reclassified because such claims do not satisfy the requirements of section 503(b)(1)(A) of the Bankruptcy Code. Initially, the Claimants have failed to provide any evidence demonstrating their claims arose from post-petition transactions with the Debtors. This is because they cannot. The Debtors did not sell Gift Cards post-petition. Moreover, the Claimants

have not and cannot establish that their claims provided an actual and concrete benefit to the Debtors' estates. The gift card claimants provided no value to the estates and had no impact on the continued operation of the Debtors' businesses during the post-petition period. Accordingly, because the Claimants cannot satisfy their heavy burden under section 503(b)(1)(A), the Disputed Claims asserted as administrative expense claims should be reclassified as general unsecured claims.[16]

## C.     The Disputed Claims are not secured.

28.     Certain of the Disputed Claims identified on **Exhibit 1** to the Proposed Order improperly assert secured status where such claims do not contain any valid basis for treatment as secured claims. To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the debtor's estate has an interest. 11 U.S.C. § 506(a). Moreover, Bankruptcy Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). If a creditor cannot demonstrate that its claim is secured by a lien or other security interest in the property of the debtor's estate, the claim must be treated as unsecured.

29.     Here, the Disputed Claims lack *prima facie* validity of secured status. The Claimants have failed to include any documentation or explanatory support establishing their

---

[16] Certain of the Disputed Claims identified on **Exhibit 1** to the Proposed Order also improperly assert administrative status pursuant to 11 U.S.C. § 503(b)(9), which provides, "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . . including---the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). To prevail on a 503(b)(9) claim, Claimants must establish: (1) that they sold goods to the Debtors; (2) the goods were received by the Debtors within twenty days prior to filing; and (3) the goods were sold to the Debtors in the ordinary course of business. *In re Goody's Family Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009) (emphasis added). None of the Disputed Claims makes such a showing. Accordingly, each Disputed Claim that alleges priority pursuant to section 503(b)(9) should be reclassified as a general unsecured claim.

claims are secured by any interest in the Debtors' property. As a result, such claims are unenforceable against the Debtors, and should be reclassified as general unsecured claims.

## **SEPARATE CONTESTED MATTERS**

30.     Each claim subject to this Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by this Court will be deemed a separate order with respect to such claim.

## **RESERVATION OF RIGHTS**

31.     Nothing contained in this Objection or any actions taken by the Plan Administrator pursuant to the relief requested herein is intended or should be construed as (a) an admission as to the validity or amount of any claim against the Debtors; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

32.     The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted. Should one or more of the grounds of objection stated in this Objection be overruled, the Plan Administrator reserves the right to object to the Disputed Claims on any other ground that bankruptcy and non-bankruptcy law permits.

## NOTICE

33.     Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings**. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

34.     Pursuant to Paragraph 124, notice of the Objection and the hearing thereon was given to (i) the Claimants holding the Disputed Claims listed on **Exhibit 1** to the Proposed Order at the addresses set forth for notice on the Disputed Claims (which addresses have been redacted for privacy for individual Claimants); (ii) the U.S. Trustee; (iii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (iv) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances

## NO PRIOR REQUEST

35.     No prior request for the relief sought in this Objection has been made to this or any other court.

## <u>CONCLUSION</u>

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the

Proposed Order attached as **Exhibit A**, reclassifying each of the Disputed Claims listed on

**Exhibit 1** and granting such other and further relief as is just and proper under the

circumstances.

Dated:  October 16, 2024

*/s/ Bradford J. Sandler*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email: rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        plabov@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

**<u>Exhibit A</u>**

**Proposed Order**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>Email:  rfeinstein@pszjlaw.com<br>            bsandler@pszjlaw.com<br>            plabov@pszjlaw.com<br>            crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## ORDER SUSTAINING PLAN ADMINISTRATOR'S
## THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS
## (Reclassified Gift Card/Merchandise Credit Claims No. 11)

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (RECLASSIFIED GIFT CARD/MERCHANDISE CREDIT CLAIMS NO. 11) |

Upon the objection (the "Objection")[1] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, seeking entry of an order (this "Order") reclassifying the claims identified on the attached **Exhibit 1** (the "Reclassified Claims" or "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is sustained.

2.      The Disputed Claims set forth on the attached **Exhibit 1** are hereby reclassified as general unsecured claims.

3.      The Claims and Noticing Agent is authorized to modify the Claims Register to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (RECLASSIFIED GIFT CARD/MERCHANDISE CREDIT CLAIMS NO. 11) |

reflect the relief granted by this Order.

4.     Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5.     Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim, including the claims set forth on **Exhibit 1** hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6.     Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (RECLASSIFIED GIFT CARD/MERCHANDISE CREDIT CLAIMS NO. 11) |

7.     Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8.     The Court shall retain jurisdiction to construe and enforce this Order.

4863-3892-9132.2 08728.003

**<u>Exhibit 1 to Exhibit A</u>**

**List of Disputed Claims**

1

BED BATH BEYOND INC., Case No. 23-13359 (VFP)

Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | Sober, Dana | 2/1/2024 | 19380 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $200.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $200.00 | |
| | | | | | Total | $200.00 | Total | $200.00 | |
| 2 | Sok, Helen | 8/25/2023 | 16580 | Buy Buy Baby, Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $250.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $250.00 | |
| | | | | | Total | $250.00 | Total | $250.00 | |
| 3 | Solis Arellano, Valarie Monique | 6/30/2023 | 7126 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $100.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 4 | Soni, Bela Paresh | 6/1/2023 | 3348 | Bed Bath & Beyond Inc. | Secured | $360.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $360.00 | |
| | | | | | Total | $360.00 | Total | $360.00 | |
| 5 | Soni, Kinjal | 7/21/2023 | 14523 | Bed Bath & Beyond Inc. | Secured | $70.39 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $70.39 | |
| | | | | | Total | $70.39 | Total | $70.39 | |
| 6 | Soodeen, Carissa | 2/11/2024 | 19439 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 7 | Soto, Jacy Ann | 6/5/2023 | 5314 | Bed Bath & Beyond Inc. | Secured | $300.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $300.00 | |
| | | | | | Total | $300.00 | Total | $300.00 | |
| 8 | Soto, Melisa Tamayo | 7/7/2023 | 11923 | Buy Buy Baby of Rockville, Inc. | Secured | $100.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 9 | Soto, Mireya Isabel | 8/6/2023 | 15811 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $25.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $25.00 | |
| | | | | | Total | $25.00 | Total | $25.00 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)
Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 10 | Spahn, Louis Edward | 5/16/2023 | 1447 | Buy Buy Baby, Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $200.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $200.00 | |
| | | | | | Total | $200.00 | Total | $200.00 | |
| 11 | Spangrud, Mark Anthony | 6/30/2023 | 12904 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $2,815.54 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.02 | GUC | $2,815.56 | |
| | | | | | Total | $2,815.56 | Total | $2,815.56 | |
| 12 | Spencer, Angela | 6/1/2023 | 3374 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $50.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 13 | Spencer, Kate | 5/9/2023 | 414 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $1,000.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $1,000.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $2,000.00 | |
| | | | | | Total | $2,000.00 | Total | $2,000.00 | |
| 14 | Spillmon, Shaundria Shanee | 7/6/2023 | 9651 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 15 | Spitze, Evalyn Horowitz | 6/11/2023 | 5077 | Bed Bath & Beyond Inc. | Secured | $50.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | Unliquidated | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 16 | Sponenburgh, Ad | 6/18/2023 | 6412 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 17 | Spoon, Craig | 5/30/2023 | 3217 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $104.06 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $104.06 | |
| | | | | | Total | $104.06 | Total | $104.06 | |
| 18 | Springer, Nanette | 10/15/2023 | 17863 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $50.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)

Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 19 | Sprouse, Eric | 7/17/2023 | 14029 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $100.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 20 | Stafford, Sophia | 5/16/2023 | 1431 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $50.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 21 | Staples, Tracy | 5/10/2023 | 612 | Bed Bath & Beyond Inc. | Secured | $45.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $45.00 | |
| | | | | | Total | $45.00 | Total | $45.00 | |
| 22 | Stark, Emily | 7/5/2023 | 9488 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $50.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 23 | Stdenis, Thomas | 5/22/2023 | 2439 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $100.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 24 | Stdenis, Thomas | 7/3/2023 | 13218 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $100.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 25 | Steelman, Joy | 9/13/2023 | 17455 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $16.89 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $16.89 | |
| | | | | | Total | $16.89 | Total | $16.89 | |
| 26 | Steinbarge, Donna Jean | 7/5/2023 | 9522 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $250.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $250.00 | |
| | | | | | Total | $250.00 | Total | $250.00 | |
| 27 | Stentella, Yana | 7/10/2023 | 11776 | Buy Buy Baby, Inc. | Secured | $182.23 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $182.23 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $364.46 | |
| | | | | | Total | $364.46 | Total | $364.46 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)
Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 28 | Sterling, Sydney | 5/31/2023 | 3147 | Bed Bath & Beyond Inc. | Secured | Unliquidated | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | Unliquidated | 503(b)(9) | $0.00 | |
| | | | | | Priority | $25.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $25.00 | |
| | | | | | Total | $25.00 | Total | $25.00 | |
| 29 | Stockton, Annelie | 7/5/2023 | 9501 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $150.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $150.00 | |
| | | | | | Total | $150.00 | Total | $150.00 | |
| 30 | Stocoleas, Galina | 7/7/2023 | 11662 | Bed Bath & Beyond Inc. | Secured | $50.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 31 | Stokes, Deanna Trimmer | 7/16/2023 | 13848 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $25.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $25.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | Unliquidated | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 32 | Stone, Deb | 7/7/2023 | 10008 | Bed Bath & Beyond Inc. | Secured | $25.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $25.00 | |
| | | | | | Total | $25.00 | Total | $25.00 | |
| 33 | Storey, Regina | 6/29/2023 | 7787 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $200.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $200.00 | |
| | | | | | Total | $200.00 | Total | $200.00 | |
| 34 | Storicks, Melinda | 6/4/2023 | 5561 | BBB Value Services Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $25.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $25.00 | |
| | | | | | Total | $25.00 | Total | $25.00 | |
| 35 | Stover, Shawn | 6/7/2023 | 3894 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $175.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $175.00 | |
| | | | | | Total | $175.00 | Total | $175.00 | |
| 36 | Strenk, Dorothy Yvette | 7/29/2023 | 15314 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $50.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)
Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 37 | Strohmeyer, Jill | 5/11/2023 | 711 | Bed Bath & Beyond of Overland Park Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $200.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $200.00 | |
| | | | | | Total | $200.00 | Total | $200.00 | |
| 38 | Su, Pei-Yi | 7/10/2023 | 10653 | Bed Bath & Beyond Inc. | Secured | $100.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 39 | Su, YaoFeng | 6/4/2023 | 4612 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 40 | Subburaj, Ravikumar | 7/10/2023 | 10693 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 41 | Suchman, Emily Marion | 6/26/2023 | 6901 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $514.82 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $514.82 | |
| | | | | | Total | $514.82 | Total | $514.82 | |
| 42 | Suguitan, Janice | 6/23/2023 | 7481 | Bed Bath & Beyond Inc. | Secured | $50.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 43 | Sutton , Alison | 6/8/2023 | 3837 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $100.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 44 | Sweat, Don | 6/26/2023 | 6269 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $150.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $150.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $300.00 | |
| | | | | | Total | $300.00 | Total | $300.00 | |
| 45 | Sy, May | 6/20/2023 | 6754 | Buy Buy Baby, Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $400.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $400.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $800.00 | |
| | | | | | Total | $800.00 | Total | $800.00 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)

Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount Claim Nature | Asserted Claim Amount Claim Amount | Reclassified Claim Amount Claim Nature | Reclassified Claim Amount Claim Amount | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| 46 | Syed, Aysha | 10/1/2023 | 17595 | Bed Bath & Beyond Inc. | Secured | $28.47 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $28.47 | |
| | | | | | Total | $28.47 | Total | $28.47 | |
| 47 | Tacchini, Darnella | 8/1/2023 | 15490 | Bed Bath & Beyond of California Limited Liability Company | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 48 | Taylor, Adrianna | 5/20/2023 | 1972 | bed 'n bath Stores Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $300.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $300.00 | |
| | | | | | Total | $300.00 | Total | $300.00 | |
| 49 | Taylor, Carol | 6/8/2023 | 3945 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $50.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 50 | Tecson, Misty | 12/9/2023 | 18764 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 51 | Temm, Chelsea | 6/4/2023 | 4252 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $100.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 52 | Terrado, Josemaria Tan | 1/18/2024 | 19250 | Bed Bath & Beyond of California Limited Liability Company | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $50.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | Unliquidated | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 53 | Tewolde, Furtuna Habte | 6/26/2023 | 6217 | Harmon of Westfield, Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $193.76 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $193.76 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $387.52 | |
| | | | | | Total | $387.52 | Total | $387.52 | |
| 54 | Thevabalasingham, Kim | 5/22/2023 | 2074 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)
Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 55 | Thevabalasingham, Kimberly | 7/7/2023 | 10862 | Bed Bath & Beyond of Knoxville Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 56 | Thirumazhisai, Nandhini | 7/27/2023 | 15178 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $50.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 57 | Thomas, Heather | 5/9/2023 | 375 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $50.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 58 | Thomas, Rebecca | 7/3/2023 | 8339 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $150.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $150.00 | |
| | | | | | Total | $150.00 | Total | $150.00 | |
| 59 | Thompson, Janet Dee | 6/13/2023 | 5318 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $100.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 60 | Thompson, Tahara | 7/17/2023 | 14074 | Bed Bath & Beyond Inc. | Secured | $25.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $25.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $25.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $75.00 | |
| | | | | | Total | $75.00 | Total | $75.00 | |
| 61 | Thornton, Lambrie | 5/19/2023 | 1734 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $150.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $150.00 | |
| | | | | | Total | $150.00 | Total | $150.00 | |
| 62 | Thorson, Jan | 6/15/2023 | 4780 | Buy Buy Baby, Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $100.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 63 | Tieu, Emily | 7/19/2023 | 14366 | Bed Bath & Beyond Inc. | Secured | $25.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $25.00 | |
| | | | | | Total | $25.00 | Total | $25.00 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)

Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 64 | Tiffany, Rosemary | 8/9/2023 | 15985 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$100.00<br>$0.00<br>$0.00<br>$100.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$100.00<br>$100.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 65 | Timpano, Barbara | 7/5/2023 | 9309 | BBB Value Services Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$319.00<br>$0.00<br>$319.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$319.00<br>$319.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 66 | To, Lida | 11/23/2023 | 18504 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$430.00<br>$0.00<br>$0.00<br>$430.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$430.00<br>$430.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 67 | Tobia, Marissa | 5/24/2023 | 2486 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$1,078.02<br>$0.00<br>$0.00<br>$1,078.02 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,078.02<br>$1,078.02 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 68 | Torrente, Melanie Nicole | 10/26/2023 | 18126 | Bed Bath & Beyond of California Limited Liability Company | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $250.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$250.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$250.00<br>$250.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 69 | Torres, Cindy | 7/3/2023 | 18814 | BBB Value Services Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$50.00<br>$0.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 70 | Torres, Edna | 7/10/2023 | 10674 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$75.00<br>$0.00<br>$75.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$75.00<br>$75.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 71 | Torres, Richard | 10/28/2023 | 18149 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$50.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 72 | Townsend, Jackie | 6/2/2023 | 5006 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$500.00<br>$500.00<br>Unliquidated<br>$0.00<br>$1,000.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,000.00<br>$1,000.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)
Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 73 | Trammell, Nichole | 2/26/2024 | 19550 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$25.00<br>$0.00<br>$25.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$25.00<br>$25.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 74 | Tran, Vu Hoang | 8/2/2023 | 15610 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$50.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 75 | Trippie, Alexandria | 5/31/2023 | 3876 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$100.00<br>$0.00<br>$0.00<br>$100.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$100.00<br>$100.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 76 | Trollman, Georgette Alicia | 8/24/2023 | 16545 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$129.56<br>$0.00<br>$129.56 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$129.56<br>$129.56 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 77 | Troy, Diane M | 6/27/2023 | 5971 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $50.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$100.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$100.00<br>$100.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 78 | Trudell, Laurie | 10/30/2023 | 18163 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$50.00<br>$50.00<br>$0.00<br>$100.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$100.00<br>$100.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 79 | Turner, Anna | 6/19/2023 | 4932 | Bed Bath & Beyond of California Limited Liability Company | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$50.00<br>$50.00<br>$0.00<br>$0.00<br>$100.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$100.00<br>$100.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 80 | Tzvetkova, Tania Nikolova | 6/19/2023 | 6009 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$30.00<br>$0.00<br>$30.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$30.00<br>$30.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 81 | Udell, Jodi | 6/22/2023 | 5834 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$138.99<br>$138.99<br>$0.00<br>$277.98 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$277.98<br>$277.98 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)
Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 82 | Upadhyaya, Rekha | 6/23/2023 | 6102 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $50.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 83 | Uphoff, Ciara | 5/14/2023 | 1010 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $50.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$100.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$100.00<br>$100.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 84 | Uyemastsu, Carly | 5/10/2023 | 357 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $50.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 85 | Vacek, Jeffrey | 6/16/2023 | 4718 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$200.00<br>$0.00<br>$200.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$200.00<br>$200.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 86 | Vadnais, Candace | 5/15/2023 | 1156 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$29.74<br>$0.00<br>$0.00<br>$29.74 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$29.74<br>$29.74 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 87 | Vadnais, Candace | 7/3/2023 | 13129 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$29.74<br>$0.00<br>$0.00<br>$29.74 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$29.74<br>$29.74 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 88 | Valdivia, Janet | 8/23/2023 | 16514 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$75.00<br>$0.00<br>$0.00<br>$0.00<br>$75.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$75.00<br>$75.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 89 | Valenzuela, Bianca Christine | 10/22/2023 | 18059 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $100.00<br>$0.00<br>$100.00<br>$0.00<br>$100.00<br>$300.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$300.00<br>$300.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| 90 | Vallejo, Rosalinda | 6/13/2023 | 5293 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$50.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)

Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 91 | Vallesteros, Shaela | 6/28/2023 | 8597 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $237.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $237.00 | |
| | | | | | Total | $237.00 | Total | $237.00 | |
| 92 | Van Blarcom, Janice M | 10/2/2023 | 17591 | Bed Bath & Beyond Inc. | Secured | $87.42 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $174.84 | Admin | $0.00 | |
| | | | | | 503(b)(9) | Unliquidated | 503(b)(9) | $0.00 | |
| | | | | | Priority | $87.42 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $349.68 | |
| | | | | | Total | $349.68 | Total | $349.68 | |
| 93 | Varughese, Linda R | 7/25/2023 | 14969 | BBB Value Services Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $200.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $200.00 | |
| | | | | | Total | $200.00 | Total | $200.00 | |
| 94 | Vega-Strmiska, Tina L. | 7/25/2023 | 14967 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $150.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $150.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $300.00 | |
| | | | | | Total | $300.00 | Total | $300.00 | |
| 95 | Velez, Yvonne | 11/2/2023 | 18216 | Buy Buy Baby, Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $100.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | Unliquidated | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $100.00 | |
| | | | | | Total | $100.00 | Total | $100.00 | |
| 96 | Velky, Daniel | 6/30/2023 | 6942 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $50.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $50.00 | |
| | | | | | Total | $50.00 | Total | $50.00 | |
| 97 | Veloso, Patricia | 7/3/2023 | 8389 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $700.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $700.00 | |
| | | | | | Total | $700.00 | Total | $700.00 | |
| 98 | Venokur, Sari B | 6/14/2023 | 6862 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $150.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $150.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $300.00 | |
| | | | | | Total | $300.00 | Total | $300.00 | |
| 99 | Vergara, Karen | 5/16/2023 | 1433 | Buy Buy Baby, Inc. | Secured | $357.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $200.21 | GUC | $557.21 | |
| | | | | | Total | $557.21 | Total | $557.21 | |

BED BATH BEYOND INC., Case No. 23-13359 (VFP)

Exhibit 1 to Order Sustaining Plan Administrator's Thirteenth Omnibus Objection (Reclassified Gift Card/Merchandise Credit Claims No. 11)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 100 | Verhovski, Elena | 7/6/2023 | 11221 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is not entitled to administrative, priority or secured status. The Plan Administrator asks the Court to reclassify the claim as a general unsecured claim. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $587.52 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $587.52 | |
| | | | | | Total | $587.52 | Total | $587.52 | |

## Exhibit B

**Declaration of Michael Goldberg**

4863-3892-9132.2 08728.003

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        plabov@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

</td></tr>
</table>

|  |  |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF MICHAEL GOLDBERG
### IN SUPPORT OF PLAN ADMINISTRATOR'S THIRTEENTH OMNIBUS
### OBJECTION (SUBSTANTIVE) TO CLAIMS
### (Reclassified Gift Card/Merchandise Credit Claims No. 11)

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as

follows:

1.       I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath &

Beyond Inc.)[2] and 73 affiliated debtors (the "Debtors"). I give this declaration in support of the

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

3

*Plan Administrator's Thirteenth Omnibus Objection (Substantive) to Claims (Reclassified Gift Card/Merchandise Credit Claims No. 11)* (the "Objection").[3]

2.      Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents and the Objection; (c) information provided to me by, or discussions with, members of my management team, other employees, my Professionals (including the Claims Agent); and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

4.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

5.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311]

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or in the Plan.

4863-3892-9132.2 08728.003

6.      On the Effective Date, I became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.

7.      In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. My professionals and I are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

8.      During the claim review process, the Claims Agent identified 1,195 proofs of claim that are based on unredeemed gift cards and/or merchandise credits which improperly assert secured, administrative and/or priority claims (the "Misclassified Gift Card Claims").

9.      To the best of my knowledge and belief, and based on the information and records available to me, the Disputed Claims identified on **Exhibit 1** to the Proposed Order are Misclassified Gift Card Claims that should be reclassified because they improperly assert administrative, secured, or priority status where no basis for such treatment exists. Failure to reclassify the Disputed Claims could result in the Claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted. As such, I believe the reclassification of the Disputed Claims is appropriate.

4863-3892-9132.2 08728.003

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: October 16, 2024

*/s/ Michael Goldberg*
By: Michael Goldberg
In his capacity as Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) and 73 affiliated debtors

6

4863-3892-9132.2 08728.003