UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Case No. 23-13359 (VFP)
Chapter 11
(Jointly Administered)

**Bed Bath and Beyond Shareholder**
*(Personal Information Protective Order)*
**228 Park Ave S PMB 932020**
**New York, New York 10003-1502**
**147Aurora741@gmail.com**

In re:
BED BATH & BEYOND INC., et al.,
Debtors.

## REQUEST FOR REDACTION EXHIBIT

Notice is hereby given that I, Bed Bath & Beyond Shareholder, a pro se litigant and former shareholder of Bed Bath & Beyond Inc., **respectfully request that the transcript of the Sanction Hearing held on September 10, 2024 be fully redacted from the public record.** Given the sensitive nature of the case and my involvement, full redaction is warranted to protect my personal safety, rights, and the confidential context of discussions that took place during the hearing. Below, I outline the reasons for this request, which include significant concerns over previously exposed personal information, a perceived violation of my protective order, potential retaliation, and the undue burden placed on me as a pro se litigant.

### 1. Concerns Over Retaliation

Since the inception of this case, **I have faced numerous threats and ongoing harassment due to my involvement.** I am in a precarious and inherently exposed position as the sole former shareholder of a now cancelled stock where household investors were diluted by 600 million shares to serve as exit liquidity for financial institutions and market makers who were naked short the stock. Throughout this process, I have been attempting to speak out about serious alleged injustices, which I believe point to a conspiracy involving deliberate actions by several high-powered firms, executives, and financial institutions. The financial implications are astronomical, and there are highly probable civil and criminal repercussions involved. I am convinced that significant misconduct occurred before, during, and after the confirmation of the bankruptcy plan. The powerful financial entities at the core of this case have both the resources and motivation to take retaliatory legal or personal actions against me if my identity or arguments are made public.

Allowing the full transcript to be posted could provide potentially nefarious actors with additional context regarding the depth of my knowledge about the alleged improper conduct and breach of duty by various parties. This makes me a significant liability to those who stand to lose a great deal.

### 2. Good Faith Efforts and Lack of Support

1

Throughout this process, **I have made countless attempts to act in good faith.** Although my official request for a closed-door hearing was late, I made my intention known well in advance via email, within the prescribed timeframe. I believed the seriousness of my concerns warranted consideration and leniency. Notably, exceptions for same-day requests have been accepted by the court in recent history, such as docket number 3537, which was filed on the morning of September 24, 2024, for a hearing scheduled later that same day. As a pro se litigant, the disparity between how my request was handled and other same-day requests confuses and concerns me.

Additionally, my attempts to engage regulatory and enforcement agencies to investigate potential misconduct have gone unanswered. Public disclosure of the transcript could further undermine any future investigations and expose me to greater harm, while jeopardizing the integrity of this case.

### 3. Clerical Error Leading to Exposure of Personal Information

On September 27, 2024, my **Notice of Appeal** was filed with the District Court, appealing the **Order Granting Plan Administrator's Motion for Sanctions Pursuant to FRBP 9011**. Due to a clerical error by the bankruptcy clerk, both **redacted and unredacted** versions of my filing were uploaded, making my personal details publicly accessible for several hours. This breach exposed me to significant risk and underscores the vulnerability of my personal information in this case.

This incident demonstrates the real risk of further accidental disclosures. If the Sanction Hearing transcript is made public, irreparable harm could occur, particularly if my statements and the context of the hearing are available to the general public. The exposure of this information could result in significant personal and legal repercussions.

### 4. Potential Violation of Protective Order and Risks of Retaliation

On August 2, 2024, docket number 3440 was filed by the plan administrator's counsel (PSZJ), which I believe violated my protective order. Specifically, the filing linked my alleged social media activity with my legal filings, deliberately connecting my identity with my presence in court. This action appeared to be an attempt to undermine the protective measures I had in place and further expose my identity to public scrutiny and potential retaliation.

This matter is an area of contention that I will be addressing in the **Brief of my Sanction Appeal**, but it is relevant here as it highlights the aggressive and possibly unlawful actions taken against me. These actions take advantage of my inability to contest them due to a lack of counsel, which directly results from the financial loss I incurred from this investment. Publicly releasing the transcript could further compromise my personal safety and legal standing, making these sensitive issues accessible to parties who may seek to retaliate or act in bad faith.

### 5. Transparency Issues and Disparity in Protection

Throughout the bankruptcy process, there has been extensive redaction and confidentiality surrounding the actions of debtor professionals, creditor committees, and advisors. According to Kirkland & Ellis's fee statements, over 200 hours were spent redacting privileged or confidential information. Additionally, numerous NDAs, rights offerings, and confidentiality agreements have been

2

utilized, a dynamic that has continued post-plan confirmation with the confidential "streamlined procedures" applied to the 200 preference period payments filed thus far. Crucial disclosures were not made until after the plan was confirmed, and closed-door hearings, along with heavily redacted filings, persist—particularly in adversary cases like HBC & Ryan Cohen 16(b)s, the Board of Directors' breach of duty, and nothing regarding 9 of the 13 shipping cases.

Meanwhile, my legal efforts—specifically my **Hearing for the Motion to Implement Equity Committee Representation** and the **Sanction Hearing**—have been subjected to public scrutiny and, more importantly, **misinformation**. Given that the Sanction Hearing, along with its legal ramifications and financial penalties, **affects only me and no one else**, I hope the court will carefully consider all discussions from that hearing. I believe some statements made during the hearing could have significant legal implications that will be crucial in the appeal process. As that process is still pending, I urge that the hearing transcript be treated with the utmost sensitivity.

### 6. Burden as a Pro Se Litigant

As a pro se litigant, I am at a significant disadvantage in this case, particularly when facing well-resourced adversaries. Having to go section by section to justify redaction of sensitive parts of the transcript would place an unreasonable burden on me. The complexity of this case, combined with the lack of legal representation, makes it overwhelming to manage both the appeal process and the burden of justifying specific redactions.

### Conclusion

In light of the arguments presented above, **I respectfully request that the court redact the full transcript of the Sanction Hearing to protect my rights, personal safety of my family, and confidentiality**. The risks posed by public disclosure of this information are substantial, and full redaction is the only appropriate solution to mitigate these risks.

However, should the court find full redaction too broad, I am willing to collaborate to redact specific sensitive sections. In such a case, I would request explicit direction from the court regarding subjectivity and materiality, so that I can base my justifications accordingly. I kindly ask the court to consider the significant burden this places on me as a pro se litigant and the sensitive nature of my efforts to protect my rights as a former shareholder of Bed Bath & Beyond.

Thank you for your time and consideration.

Respectfully Submitted,

**Bed Bath and Beyond Shareholder**
*(Personal Information Filed Under Seal)*
Pro Se
**Dated: October 7th, 2024**
