<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:      bsandler@pszjlaw.com
           plabov@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

</td></tr>
</table>

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER (A) ALLOWING CERTAIN PERSONAL INJURY CLAIMS AND (B) GRANTING RELATED RELIEF**

Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors"), hereby moves (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) allowing the Subject Claims (defined below) identified on **Exhibit 1** to the Proposed Order as Class 6 General Unsecured Claims in

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2]    Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

the face amount of such claims, as identified on **Exhibit 1** in full and final satisfaction of such Claims as and against the Debtors' estates; (ii) requiring holders of the Subject Claims, to the extent litigation has been initiated, to dismiss or otherwise withdraw such litigation with prejudice against the Debtors; and (iii) granting related relief.  In support of this Motion, the Plan Administrator states as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      The Plan Administrator files this Motion to conduct the claims reconciliation process as efficiently and expediently as possible thereby maximizing value for all stakeholders while protecting claimants' rights.  Based on his ongoing review, the Plan Administrator believes that numerous Claims[3] asserting damages for pre-petition personal injuries were filed against the Debtors' estates (collectively, the "<u>PI Claims</u>").  The PI Claims vary widely, ranging from approximately $10,000 up to approximately $30,000,000, in addition to certain PI Claims which are asserted in an unliquidated amount.  **Based on his current review of the PI Claims to date, the Plan Administrator believes that the relief requested in this Motion, coupled with that certain *Commutation Addendum* and related agreements approved by the Court [Docket No. 2963] concerning PI Claims arising prior to March 1, 2020, resolves the vast majority of PI Claims pending against the Estates.**

2.      Each of the PI Claims is contingent and unliquidated insofar as the amount of damages has not been determined by a court or other applicable tribunal. The Plan Administrator and his professionals are advanced in the process of evaluating each of the PI Claims in order to determine the most efficient way to address such claims, bearing in mind numerous factors such as: (i) the likely recoveries in these cases; (ii) the costs, delay, and difficulty in liquidating each

---

[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan (defined below).

of the PI Claims, particularly in light of the procedural and jurisdictional issues inherent in bankruptcy cases; and (iii) the terms of the Plan and Confirmation Order.

3.      Indeed, the Plan Administrator and his professionals have been in extensive discussions with certain holders of PI Claims and the appliable insurer about certain alternative dispute or estimation procedures appliable to the PI Claims in order to liquidate or otherwise resolve the PI Claims in the most efficient and reasonable means possible under the circumstances.  Rather than pursue such alternative procedures at this time, the Plan Administrator has identified twenty-one (21) PI Claims (the "Subject Claims"), as set forth on **Exhibit 1** to the Proposed Order, which assert damages at or below the applicable SIR (defined below) amount, or have been consensually liquidated or modified to bring them in line with a more realistic litigation outcomes.[4]

4.      Counsel for the Plan Administrator has reviewed each of the Subject Claims to determine as a threshold matter whether litigation costs and any eventual liability could rise (or have arisen) to an amount set forth in the respective proof of claim.  Without opining on the validity of the Subject Claims, liquidating the Subject Claims will be costly to the Debtors, as well as the holders of the Subject Claims, both in terms of time and available resources.

5.      Moreover, the Disclosure Statement sets forth that expected recoveries for the holders of Class 6 General Unsecured Claims ranged from 0% to 2.5%.[5]  However, given the amount of outstanding administrative expense claims and funds available, and absent a meaningful change with respect thereto, there are significant hurdles that must be cleared before

---

[4]     Claim Nos. 1825, 19186, 1220, and 1477 have been liquidated or modified on Exhibit 1 to the Proposed Order by agreements between the Plan Administrator and the respective Claimant.

[5]     *See Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713]

a distribution can be made to the holders of General Unsecured Claims.[6] Given the amounts asserted by the Subject Claims and the potential distributions thereon, litigating or liquidating such claims further is likely to reduce recoveries to creditors.

6.      Allowing the Subject Claims at the asserted amount is the most efficient and fair use of the Debtors' resources, as it benefits both the claimants and other creditors of the estates. Each of the Insurance Policies has an applicable self-insured retention (an "SIR").[7] As noted above, each of the Subject Claims assert damages at or below the applicable SIR amount, or have been consensually modified to do so, and thus, the relief requested does not threaten or implicate any of the Insurance Polices assumed under the Plan.  Allowing the Subject Claims as requested herein also does not implicate any jurisdictional issues or issues related to the Plan's injunctive provisions.  As a result, and based on its review of the previously identified factors, the Plan Administrator believes it is most efficient and in the best interests of Class 6 General Unsecured Claims, as well as all other parties, to Allow the Subject Claims as Class 6 General Unsecured Claims in the amounts identified on **Exhibit 1**.

7.      Although the Plan does not require the Plan Administrator to seek Court approval prior to settling, resolving, or Allowing any Claim, the Plan Administrator files this Motion out of an abundance of caution and to promote transparency and participation in the Claims reconciliation process.  To the extent any holder of a Subject Claim disagrees or otherwise has concerns with the Allowance of their Claim or any other relief requested herein, the Plan

---

[6]     *See Declaration of Michael Goldberg in Support of the Motion for Entry of Order Extending Time to Object to Claims* [Docket No. 2906], p. 24 ¶ 13 ("Absent a significant reduction in the asserted Administrative Claims and meaningful recoveries added to the Shared Proceeds Pool, under the distribution waterfall set forth in the Plan, it is unlikely that Allowed Administrative Claims will be paid in full.").

[7]     The exact amount of an applicable SIR may vary based on the terms of an applicable Insurance Policy, which amount may decrease based on the terms thereof, including with respect to the advancement of defense costs. However, for purposes of the Plan Administrator's analysis for the relief requested, the Plan Administrator assumed no such amounts were paid given, *inter alia*, the likely recoveries in these cases.

Administrator remains available to discuss and address any such issues. Additionally, the Plan Administrator has conferred with certain holders of the Subject Claims regarding the relief requested herein and understand they are supportive of the Motion.

8.      Accordingly, the Plan Administrator seeks entry of an order, substantially in the form of the Proposed Order attached hereto, (i) Allowing the Subject Claims identified on **Exhibit 1** to the Proposed Order as Class 6 General Unsecured Claims in the face amount of such claims, as identified in **Exhibit 1** in full and final satisfaction of such Claims as and against the Debtors' estates; (ii) requiring holders of the Subject Claims, to the extent litigation has been initiated, to dismiss or otherwise withdraw such litigation with prejudice against the Debtors; and (iii) granting related relief.[8]

## Jurisdiction and Venue

9.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and Article XIII of the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* confirmed on September 14, 2023. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10.     Pursuant to Bankruptcy Rule 7008, the Plan Administrator consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined

---

[8]    For the avoidance of doubt, the Plan Administrator reserves all rights to later assert any objections to or otherwise contest any Claim filed by a holder of a Subject Claim, other than a Subject Claim, on any basis, including that any such further Claim is duplicative of a Subject Claim.

4889-8880-9937.7 08728.003

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

11.     The statutory bases for the relief requested in this Motion are sections 105(a)

and 502 of the Bankruptcy Code, and Rule 9013-1, 9013-2, 9013-3, and 9013-4 of the

Bankruptcy Local Rules for the District of New Jersey (the "Bankruptcy Local Rules").

**Background**

**A.      General Background**

12.     On April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary

petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11

Cases were procedurally consolidated and jointly administered pursuant to Bankruptcy Rule

1015(b). The Debtors continued to operate their businesses and manage their assets as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective

Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this

case.

13.     On May 5, 2023, the United States Trustee for the District of New Jersey (the

"U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102

of the Bankruptcy Code (the "Unsecured Creditors' Committee"). *See Notice of Appointment of*

*Official Committee of Unsecured Creditors* [Docket No. 218].

14.     On September 14, 2023 (the "Confirmation Date"), the Court entered the

*Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a*

*Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath &*

*Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order"), confirming

the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates*

6

[Docket No. 2160] (as amended, the "Plan").  The Plan is a liquidating plan that sought to orderly wind-down the retail chain and the Debtors' businesses. *See Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713], pp. 3-5.

15.    The Plan went effective on September 29, 2023 (the "Effective Date"). *See Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 2311].

16.    On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, evaluating, objecting to, and litigating claims, as well as settling, compromising, and resolving any Disputed Claim, subject to certain limitations and procedures, all as more fully set forth in the Plan and discussed below.  *See, e.g.,* Plan, at art. IV.F, IX.B.

**B.    Claims Reconciliation Process and the PI Claims**

17.    On May 31, 2023, the Court entered its *Order (I) Setting Bar Dates for Submitting Proofs of Claims, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claims, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order") establishing, among other deadlines, July 7, 2023 as the deadline by which all persons and entities, other than the government, to file proofs of claims (the "Bar Date").

18.    As set forth above, numerous PI Claims were filed against the Debtors, which range from approximately $10,000 to approximately $30 million, in addition to asserted

unliquidated amounts.  Each of the PI Claims is contingent and unliquidated insofar as the amount of damages has not been determined by a court or other applicable tribunal.

19.     Article IX.A provides, in pertinent part that "no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order . . . allowing such Claim." Plan, art. IX.A. Plan, art. VI.G.2.

20.     On the Effective Date, (i) the Debtors were deemed to have assumed all Insurance Policies that identify one of the Debtors as the first named insured or as a counterparty thereto in their entireties pursuant to sections 105 and 365 of the Bankruptcy Code and (ii) all of the Debtors' rights and obligations under all of the Insurance Policies vested, unaltered and in their entireties, with the Plan Administrator. *See* Plan, at Art. V.D. The Debtors' applicable general liability insurance policies impose a self-insured retention limit (the "SIR") of $1,000,000.00 per incident.  Additionally, Article VI.G.2. of the Plan provides that, "No distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Insurance Policies until the holder of such Allowed Claim has exhausted all remedies with respect to such Insurance Policy."  However, as discussed above, none of the Subject Claims exceed the amount of the appliable SIR.

## Basis for Relief

21.     Section VI.G.2, *inter alia*, requires that PI Claimants exhaust all remedies with respect to the applicable Insurance Policy before the PI Claimant will receive any distributions under the Plan; however, none of the Subject claims are in excess of the appliable SIR amount and do not implicate the appliable Insurance Policies.

22.     Section IX.B of the Plan provides the Plan Administrator the authority to litigate, settle, compromise, or resolve any issues as to any and all Claims, regardless of whether such

Claims are in a Class or otherwise.   Additionally, section 502(b) of the Bankruptcy Code provides, *inter alia*, that the Court may determine the amount of a claim and may allow such claim upon objection by any party.[9]

23.     Under Article XIII of the Plan, the Court has jurisdiction to, among other things, hear matters related to the allowance, disallowance, determination, estimation, classification, and liquidation of Claims.   Section 105(a) of the Bankruptcy Code, in turn, provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets, as long as the powers conferred under section 105 of the Bankruptcy Code are "applied in a manner consistent with the [Bankruptcy] Code." *In re Morristown & E.R. Co.*, 885 F.2d 98, 100 (3d. 1989); *see also Joubert v. ABN Mortg. Group, Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir. 2005).

24.     Additionally, the asserted amounts in the unmodified Subject Claims are judicial admissions regarding, *inter alia*, the amount of the applicable Subject Claim.   *See Jordan v. Greentree Consumer Disc. Co. (In re Jordan)*, 403 B.R. 339, 351-52 (Bankr. W.D. Pa. 2009) (determining that statements made in a proof of claim were binding judicial admissions and collecting cases); *see also In re Laura Cantor*, No. 22-10406, 2024 Bankr. LEXIS 152, at *18 (Bankr. D.N.J. Jan. 23, 2024) (finding that statements made in a proof of claim, signed under penalty pf perjury, were admissions by the filer of the proof of claim).   Moreover, allowing the Subject Claims will finally resolve and determine all matters with respect thereto as to the Debtors' Estates in the same manner as a final judgment.   *See In re Blackhawk Corp.*, No. 13-

---

[9]   To the extent required to comply with section 502(b) for allowance purposes, this Motion should be considered an objection within the meaning of section 502(b).

10282(KG), 2016 Bankr. LEXIS 2217, at *3 (Bankr. D. Del. May 26, 2016) (quoting *EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007).

25.     The Plan Administrator believes that the relief requested herein is in the best interest of the Debtors and all stakeholders.  Counsel for the Plan Administrator has reviewed each of the Subject Claims to determine as a threshold matter whether litigation costs and any eventual liability could rise (or have arisen) to the amount set forth in the proof of claim. Without taking a position as to the validity of the Subject Claims, the Plan Administrator has determined that each of the Subject Claims assert Claims below the SIR amount or will be consensually modified to do so.  The Plan Administrator believes that moving for the allowance of the Subject Claims as Class 6 General Unsecured Claims in the facially asserted amount thereof at this time will provide certainty to the holders of the Subject Claims regarding the amount of their Claims, as well as avoid any dispute as to the proper allowed amount of the Claim when and if the Plan Administrator becomes ready to make any distribution thereon. Moreover, Allowing the Subject Claims in the amounts asserted as identified in **Exhibit 1** will avoid the Plan Administrator's expenditure of its limited resources, as well as corresponding expenditures by any of the holders of the Subject Claims, required to liquidate or litigate such Claims further.  Limiting such expenditures of time and resources remains particularly appropriate given the likely recoveries (if any) for the holders of Class 6 Claims under the Plan.

26.     The relief requested herein also furthers the objectives and spirit of the Plan which requires, in essence, the Subject Claims to exhaust all remedies, including against the Insurance Policies, prior to seeking to recover against the estates but, as discussed above, none of the Subject Claims assert liabilities in excess of the SIR amount or has been modified to do so. Indeed, allowing the Subject Claims will merely provide the holders thereof exactly what they

asked for in the appliable Subject Claim (or as modified by consent).  In this regard, Article IX.G of the Plan, *inter alia*, prohibits the amendment of a proof of claim without Court order or the Plan Administrator's consent, and none of the holders of the Subject Claims have moved to amend their Claims following the Effective Date nor have such holders made a request to the Plan Administrator to amend their Claims.

27.    Allowing the Subject Claims as requested herein will avoid implicating the Insurance Policies, and the Plan Administrator believes it is in the best interest of the Debtors and all stakeholders to Allow the Subject Claims in the amount identified on **Exhibit 1** to the Proposed Order.  Additionally, because Allowance of the Subject Claims as identified herein will fully resolve such Claims and any pending litigation with respect thereto as discussed above, the Plan Administrator believes it to be appropriate for the holders of the Subject Claims to dismiss or otherwise withdraw, with prejudice, any pending litigation related to the Subject Claims as to the Debtors.

28.    Accordingly and for the foregoing reasons, the Plan Administrator believes that the relief requested herein is in the best interests of all parties, will efficiently address the issues presented by the Subject Claims, and advance these cases towards their ultimate conclusion. Furthermore, the Plan Administrator has conferred with certain of the holders of the Subject Claims regarding the relief requested herein and understand they are supportive of the Motion.

### Reservation of Rights

29.    The Plan Administrator expressly reserves all of its rights as to the PI Claims, including the Subject Claims, and any other Claim asserted by a holders of a Subject Claim. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Plan Administrator's, any insurance

11

carrier under an applicable Insurance Policy, or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Plan Administrator's or any other party-in-interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

## **Notice**

30.    Notice of this Motion has been given to (i) the holders of the Subject Claims and (ii) those parties registered to receive electronic notification via the Court's CM/ECF noticing system.  The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

*[Remainder of page intentionally left blank]*

4889-8880-9937.7 08728.003

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and such other relief as the Court deems just and proper under the circumstances.

Dated:  October 25, 2024

*/s/ Paul J. Labov*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:     (212) 561-7700
Facsimile:     (212) 561-7777
Email:          bsandler@pszjlaw.com
                plabov@pszjlaw.com
                crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

# Exhibit A

## (*Proposed Order*)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:    (212) 561-7700<br>Facsimile:    (212) 561-7777<br>Email:      bsandler@pszjlaw.com<br>            plabov@pszjlaw.com<br>            crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## ORDER (A) ALLOWING CERTAIN PERSONAL INJURY CLAIMS AND (B) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through five (5), is

**ORDERED**.

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Page:        2
Debtors:     Bed Bath & Beyond, Inc., et al.
Case No.:    23-13359 (VFP)
Caption:     Order (A) Allowing Certain Personal Injury Claims and (B) Granting Related
             Relief

---

Upon the *Motion for Entry of an Order (A) Allowing Certain Personal Injury Claims and (B) Granting Related Relief* (the "Motion")[2] of Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[3] and affiliated debtors (the "Debtors"), for entry of an order (this "Order"), (i) allowing the Subject Claims identified on **Exhibit 1** hereto as Class 6 General Unsecured Claims in the face amount of such claims, as identified on **Exhibit 1** in full and final satisfaction of such Claims as and against the Debtors, (ii) requiring holders of the Subject Claims, to the extent litigation has been initiated, to dismiss or otherwise withdraw such litigation with prejudice against the Debtors, and (iii) granting related relief, all as is more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3]   Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc*., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

Page:        3
Debtors:     Bed Bath & Beyond, Inc., et al.
Case No.:    23-13359 (VFP)
Caption:     Order (A) Allowing Certain Personal Injury Claims and (B) Granting Related
             Relief

---

Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The PI Claims identified in **Exhibit 1** hereto (collectively, the "Subject Claims") are hereby Allowed as Class 6 General Unsecured Claims in the amounts identified on Exhibit 1, in full and final satisfaction of such Claims as and against the Debtors and their estates.

2.      For the avoidance of doubt, the Subject Claims will solely be entitled to be treated as Class 6 General Unsecured Claims and will receive distributions (if any) in accordance with the terms of the Plan.

3.      Kroll Restructuring Administration LLC, as claims, noticing, and solicitation agent, is authorized and directed to update the claims register in these chapter 11 cases to reflect the relief granted in this Order.

4.      No later than thirty (30) days following entry of this Order, the holders of the Subject Claims shall cause any pending litigation underlying the Subject Claims to be dismissed or otherwise withdrawn, with prejudice, as to all Debtors and their estates.

4889-8880-9937.7 08728.003

Page:        4
Debtors:     Bed Bath & Beyond, Inc., et al.
Case No.:    23-13359 (VFP)
Caption:     Order (A) Allowing Certain Personal Injury Claims and (B) Granting Related
             Relief

_____

5.      Nothing in this Order shall obligate the Plan Administrator, the Debtors, the holders of the Subject Claims, or any insurance carrier to settle or pursue settlement of any particular Claim.

6.      Nothing in this Order, nor any actions taken pursuant hereto, shall constitute admissible evidence against any party in any action or proceeding other than one to enforce the terms of this Order.

7.      The limited relief set forth herein shall not be construed as an admission of liability by the Debtors regarding any claim or cause of action arising from or in relation to the Subject Claims or any other matter.  The Debtors deny any and all liability and wrongdoing. This Order represents the compromise and resolution of disputed claims.

8.      For the avoidance of doubt, nothing in this Order shall be construed as an agreement to treat any damages or expenses resulting or arising from the Subject Claims, or commencement and prosecution thereof, as post-petition claims.  For the further avoidance of doubt, nothing in this Order shall be construed to alter treatment of any liquidated Claim under the Plan.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Plan Administrator's or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Plan Administrator's or any other party-in-interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, or (iv) an approval, adoption, assumption, or rejection of

4

Page:        5
Debtors:     Bed Bath & Beyond, Inc., et al.
Case No.:    23-13359 (VFP)
Caption:     Order (A) Allowing Certain Personal Injury Claims and (B) Granting Related
             Relief

---

any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. For the avoidance of doubt, the Plan Administrator's rights to object to any Claim filed by the holders of the Subject Claims, other than the Subject Claims, on any grounds whatsoever are expressly preserved.

10.     Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

11.     The Plan Administrator, the Debtors, the holders of the Subject Claims, and any insurance carrier affected by this Order are authorized to take all actions necessary or appropriate to effectuate the relief granted herein.

12.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4889-8880-9937.7 08728.003

**<u>Exhibit 1</u>**

(***The Subject Claims***)

| Ref. No. | Creditor | Claim No. | Debtor | Date Filed | Claim Amount |
|---|---|---|---|---|---|
| 1 | Almanzar, Altagracia Diaz | 18258 | Bed Bath & Beyond Inc. | 11/3/2023 | $45,000.00 |
| 2 | Baldwin, Edward | 16744 | Bed Bath & Beyond Inc. | 8/30/2023 | $50,000.00 |
| 3 | Bowers, Margaret Anne | 18934 | Bed Bath & Beyond Inc. | 12/20/2023 | $10,738.00 |
| 4 | Brown, Deralynn | 9941 | Bed Bath & Beyond Inc. | 7/6/2023 | $100,000.00 |
| 5 | Cox Smith, Carla | 19186 | Bed Bath & Beyond Inc. | 1/11/2024 | $400,000.00 |
| 6 | Eichner, Phyllis | 3642 | Bed Bath & Beyond Inc. | 6/2/2023 | $500,000.00 |
| 7 | Frey, Jeffrey | 18218 | Bed Bath & Beyond of Portland Inc. | 11/2/2023 | $200,000.00 |
| 8 | Gonzalez, Jr., Noel | 19009 | San Antonio Bed Bath & Beyond Inc. | 12/27/2023 | $145,000.00 |
| 9 | Haner, Tiffany | 17645 | Bed Bath & Beyond Inc. | 10/4/2023 | $95,000.00 |
| 10 | Hernandez, Gisella | 8530 | Bed Bath & Beyond Inc. | 6/20/2023 | $100,000.00 |
| 11 | Hoyle, Keela Latrae | 17748 | Bed Bath & Beyond Inc. | 10/9/2023 | $30,000.00 |
| 12 | Leone, Vinese A. | 13669 | Bed Bath & Beyond Inc. | 7/7/2023 | $750,000.00 |
| 13 | Maloney-Najjar, Kelley | 1220 | Harmon Stores, Inc. | 5/15/2023 | $100,000.00 |
| 14 | Parrish, Beverly | 20280 | Bed Bath & Beyond Inc. | 9/4/2024 | $472,000.00 |
| 15 | Paul, Angela | 16938 | Bed Bath & Beyond Inc. | 9/14/2023 | $100,000.00 |
| 16 | Richards-Coley, Nicole | 1477 | Bed Bath & Beyond Inc. | 5/16/2023 | $250,000.00 |
| 17 | Rzeczkowski, Vicki | 13645 | Bed Bath & Beyond Inc. | 7/3/2023 | $50,000.00 |
| 18 | Salazar, Anna | 19710 | Bed Bath & Beyond Inc. | 3/26/2024 | $100,000.00 |
| 19 | Schwoyer, Christy | 15025 | Bed Bath & Beyond Inc. | 7/26/2023 | $135,000.00 |
| 20 | Shaw, Shelley | 14310 | Bed Bath & Beyond Inc. | 7/19/2023 | $75,000.00 |
| 21 | Zeve, Alfred | 14513 | Bed Bath & Beyond Inc. | 7/21/2023 | $245,000.00 |