**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WILENTZ, GOLDMAN & SPITZER, P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey 07095-0958
DAVID H. STEIN, ESQ.
Telephone: (732) 636-8000
*Attorneys for Movant, Alfred Zeve*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al*., | Case No. 23-13359 (VFP) |
| Debtors.[2] | (Jointly Administered) |

### ALFRED ZEVE'S MOTION TO SEAL CERTIFICATION OF MICHAEL ZIMMERMAN AND THE EXHIBIT ATTACHED THERETO AND SUPPLEMENTAL LETTER RESPONSE

Alfred Zeve ("Zeve" or "Movant"), by and through his undersigned counsel, hereby moves this Court for entry of an order pursuant to 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), in substantially the form attached hereto as Exhibit "A" ("Proposed Order"), authorizing Movant to file under seal the Certification of Michael Zimmerman and the Exhibit attached thereto dated November 1, 2024 and the

---

[2] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

#14725457.1

Supplemental Letter Response dated November 4, 2024 in the above-captioned chapter 11 case (the "Motion to Seal"). In support of this Motion to Seal, the Movant represents as follows:

**JURISDICTION**

1. The Court has subject-matter jurisdiction to hear and decide this Motion to Seal, the relief requested herein, and any responses and objections thereto pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (G), and (O), as to which this Court has the statutory and constitutional authority to enter a final order. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal grounds supporting the relief requested herein are sections 107(b) and 105(a) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9018-1 of the Local Rules.

**RELEVANT FACTUAL BACKGROUND**

3. On March 28, 2024 Zeve filed a Motion to Lift the Automatic Stay (the "Lift Stay Motion") in these proceedings. On October 23, 2024, the Court authorized and permitted Zeve to supplement the record regarding the nature and extent of damages. The hearing on the Lift Stay Motion has been continued to November 26, 2024.

4. To supplement the record, Movant will file a Supplemental Certification of Michael Zimmerman and Supplemental Letter Response (the "Confidential Documents") which will contain personal identifiers, medical treatment information and medical diagnosis information which are protected from disclosure and which includes information and/or documentation: (a) that contains sensitive confidential information, and (b) that contains private or confidential personal information related to medical diagnosis, medical treatment and personal identifier information governed by Sections 105(a) and 107(b) of title 11 of the United States

-2-

#14725457.1

Code, Rule 9018 of the Federal Rules of Bankruptcy Procedures, and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey and under the Federal Health Insurance Portability Act ("HIPAA"), 42 CFR part 164 and the Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule") and 45 C.F.R. § 164.502(a) which provides for the nondisclosure of a patient's protected health information.

5. Movant is within his rights to file a Motion to Seal in accordance with Local Rule 9018-1 if and when "Confidential" information and/or documents must be docketed. See Confidentiality Order at ¶ 9.

## THE RELIEF REQUESTED AND THE BASIS THEREFOR

6. By and through this Motion to Seal, the Movant seeks entry of the Proposed Order sealing the Confidential Documents.

7. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

> 11 U.S.C. § 107(b)(1).

8. Pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . .

> Fed. R. Bankr. P. 9018.

-3-

#14725457.1

9. Further, section 105(a) of the Bankruptcy Code grants courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

10. "The sealing of confidential documents and information is an accepted practice in the District of New Jersey." *Immunomedics, Inc. v. Roger Williams Med. Ctr*., 2017 U.S. Dist. LEXIS 221058 (D.N.J. Jan. 18, 2017); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (explaining that "orders [of confidentiality] . . . are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings").

11. Here, the Movant asserts the Confidential Documents contains sensitive personal and confidential information, including medical diagnosis and medical treatment information.

12. The Court has authority to restrict access to certain papers and grant protective orders. See *In re Wells Fargo Bank, N.A.,* 2019 WL 642850, at *2 (Bankr. W.D. Pa. Feb. 14, 2019); *In re Owens Corning Armstrong World Indus., Inc.,* 560 B.R. 229, 237 (Bankr. D. Del. 2016) ("[A] court retains the authority to seal documents when justice so requires.").

13. If the Court determines that the documents fall within the scope of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

14. Granting the Motion to Seal would preserve any confidential personal identifier information and the protections afforded by the Federal Rules while allowing the Movant to rely upon the Confidential Documents in support of the Motion.

#14725457.1

15. In, light of the foregoing, the Supplemental Zimmerman Certification, the exhibit attached thereto, and the Supplemental Letter response fall within the parameters of Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code.

16. In accordance with Local Rule 9018-1 and the Court's designated CM/ECF Process to Electronically Request that a Document be Sealed, contemporaneously with the filing of this Motion to Seal, Movant is filing the Confidential Documents under seal.

## WAIVER OF MEMORANDUM OF LAW

17. The Movant respectfully requests that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the basis upon which the Movant relies is incorporated and set forth herein and this Motion to Seal does not raise any novel issues.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made by the Movant to this or any other court.

19. Notice of this Motion to Seal has been given to (i) counsel to the Plan Administrator; (ii) counsel to Safety National Casualty Corp.; (iii) the Office of the United States Trustee for the District of New Jersey; and (iv) all parties that have requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Movant submits that no other or further notice is required.

WHEREFORE, the Movant request that this Court enter the Proposed Order authorizing the sealing of the Confidential Documents.

#14725457.1

Dated:  November 4, 2024

                    Respectfully submitted,

                    **WILENTZ, GOLDMAN & SPITZER, P.A.**
                    *Attorneys for Movant, Alfred Zeve*


                    By:   */s/ David H. Stein*
                            DAVID H. STEIN, ESQ.

#14725457.1