**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        plabov@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S**
**REPLY TO INFORMAL OPPOSITION OF DEBRA BOGARD TO**
**FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS**
**(Reclassified Gift Card/Merchandise Credit Claims No. 2)**

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan

Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

affiliated debtors (the "Debtors"), files this reply to the informal opposition of Debra Bogard to his *Fourth Omnibus Objection (Substantive) to Certain Claims (Reclassified Gift Card/Merchandise Credit Claims No. 2)* (the "Reply"). In support of the Reply, the Plan Administrator respectfully states as follows:

1.      On October 8, 2024, the Plan Administrator filed the *Fourth Omnibus Objection (Substantive) to Certain Claims (Reclassified Gift Card/Merchandise Credit Claims No. 2)* (the "Objection") [Doc. No. 3552].[3] Pursuant to the Objection, the Plan Administrator objected to 100 proofs of claim that assert claims related to a gift card and/or a merchandise credit that the Claimants contend are entitled to treatment as either: (i) a priority unsecured claim pursuant to Bankruptcy Code section 507(a); (ii) an administrative claim pursuant to Bankruptcy Code section 503(b), or (iii) a secured claim. The Plan Administrator does not seek to disallow any of the Disputed Claims at this time, but seeks simply to reclassify them as Class 6 General Unsecured Claims.

2.      On October 8, 2024, the Objection and the Notice of Objection [Doc. No. 3553] were served via first class mail on, *inter alia*, the Claimants holding the Disputed Claims. [Doc. No. 3586].

3.      The deadline to respond to the Objection was November 6, 2024.

4.      On October 31, 2024, counsel to the Plan Administrator received an email from Debra Bogard ("Claimant") in which she states, "I am objecting to being reclassified as

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

general and felt BBB was negligent in the manner in which they did not adequately address their gift card customers." *See* October 31 email attached as **Exhibit A**.

5.      On November 1, 2024, chambers advised Claimant to mail a letter to the Court if she wished to respond to the Objection. *See* November 1 email attached as **Exhibit B**.

6.      As of the filing of this Reply, no responses to the Objection have been filed on the docket and the Plan Administrator is unaware of any mailing or filing made by Claimant in response to the November 1, 2024 email. In an abundance of caution, however, the Plan Administrator briefly addresses the substance of Claimant's October 31 email.

7.      On February 6, 2024, Claimant filed a proof of claim for $50.00 the basis of which is "unable to use gift card". *See* Claim 19411 attached as **Exhibit C**. In addition to being untimely filed, Claimant asserts priority pursuant to 11 U.S.C. § 503(b)(9), for which, as the Objection makes clear, her claim does not qualify.

8.      Bankruptcy Code section 503(b)(9) provides, "After notice and a hearing, there shall be allowed, administrative expenses . . . . including---the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).  As was set forth in the Objection:

> To prevail on a 503(b)(9) claim, Claimants must establish: (1) that they sold goods to the Debtors; (2) the goods were received by the Debtors within twenty days prior to filing; and (3) the goods were sold to the Debtors in the ordinary course of business. *In re Goody's Family Clothing, Inc*., 401 B.R. 131, 133 (Bankr. D. Del. 2009) (emphasis added). None of the Disputed Claims makes such a showing. Accordingly, each Disputed Claim that alleges priority pursuant to section 503(b)(9) should be reclassified as a general unsecured claim.

Objection at 14, n.16.  Claimant has failed to establish that Claimant sold goods to the Debtors
(which goods were received by the Debtors) in the ordinary course of business within 20 days of
the bankruptcy filing. Accordingly, Claim 19411 is not entitled to priority pursuant to section
503(b)(9) and should be reclassified as a General Unsecured Claim.

Dated:  November 8, 2024

*/s/ Colin R. Robinson*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Email:          rfeinstein@pszjlaw.com
                 bsandler@pszjlaw.com
                 plabov@pszjlaw.com
                 crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

# EXHIBIT A

**From:** ████████████████████████
**Date:** Thursday, October 31, 2024 at 1:05 PM
**To:** Robert Feinstein <rfeinstein@pszjlaw.com>, chambers_of_vfp@njb.uscourts.gov <chambers_of_vfp@njb.uscourts.gov>
**Cc:** Bradford J. Sandler <bsandler@pszjlaw.com>
**Subject:** Response to bed,bath,beyond objection

Dear Sirs,

I am attempting to respond to above matter. I received the letter filed October 8,2024 in the mail on October 28,2024 in which the response is due by Nov 6, 2024. Hardly leaving me to answer in a timely response via snail mail.

I read the letter no less than 5 times and do not know what kind of a response you are seeking.  I am objecting to being reclassified as general and felt BBB was negligent in the manner in which they did not adequately address their gift card customers.

Please follow up with a response in which I can act accordingly to the objection notice.

Respectfully,
Debra Bogard

# EXHIBIT B

**From:** Chambers_of VFP ██████████████████████
**Date:** Friday, November 1, 2024 at 9:35 AM
**To:** ████████████████████████ Robert Feinstein <rfeinstein@pszjlaw.com>
**Cc:** Bradford J. Sandler <bsandler@pszjlaw.com>
**Subject:** RE: Response to bed,bath,beyond objection

Ms. Debra Bogard,

If you wish to respond/object to the Plan Administrator's Fourth Omnibus Objection to claims, filed on October 8, 2024, you may mail a letter to  this court at the address listed below my signature and also send a copy to the Plan Administrator's Law Firm – Bradford Sandler via email and or mail.

Please note- any document you wish to file with this Court should be either mailed or hand delivered, submission via Email will not be considered for filing on the Court docket.

Sincerely,

**Juan Filgueiras**
Courtroom Deputy to Judge Vincent F. Papalia
U.S. Bankruptcy Court
50 Walnut Street
Newark, NJ 07102
973-645-3262

**From:** ██████████████████████
**Sent:** Thursday, October 31, 2024 1:03 PM
**To:** rfeinstein_pszjlaw.com <rfeinstein@pszjlaw.com>; Chambers_of VFP ██████████████████
**Cc:** bsandler_pszjlaw.com <bsandler@pszjlaw.com>
**Subject:** Response to bed,bath,beyond objection

<mark>CAUTION - EXTERNAL:</mark>

Dear Sirs,

I am attempting to respond to above matter. I received the letter filed October 8,2024 in the mail on October 28,2024 in which the response is due by Nov 6, 2024. Hardly leaving me to answer in a timely response via snail mail.

I read the letter no less than 5 times and do not know what kind of a response you are seeking. I am objecting to being reclassified as general and felt BBB was negligent in the manner in which they did not adequately address their gift card customers.

Please follow up with a response in which I can act accordingly to the objection notice.

Respectfully,
Debra Bogard

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT C

## United States Bankruptcy Court, District of New Jersey (Newark)

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath and Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

Modified Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Debra Bogard**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?      Where should payments to the creditor be sent? (if different)<br><br>████████<br><br><br>████████<br>██<br>███<br><br>Contact phone █████████      Contact phone _____<br>Contact email ██████████      Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known)_____    Filed on _____<br>                                                MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _6_ _4_ _2_ _8_ |
| 7. How much is the claim? | $ 50.00      **Does this amount include interest or other charges?**<br>                                     ☑ No<br>                                     ☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br>                                            charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>unable to use gift card |

| 9. **Is all or part of the claim secured?** | ☑ No |
|---|---|

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**          $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

| 10. **Is this claim based on a lease?** | ☑ No |
|---|---|

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

| 11. **Is this claim subject to a right of setoff?** | ☑ No |
|---|---|

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No |
|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).          $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).          $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).          $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).          $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).          $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(     ) that applies.          $_____

*\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.*

| | | |
|---|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____50.00 |

| | |
|---|---|
| 14. **Is all or part of the claim being asserted as an administrative expense claim?** | ☑ No<br>☐ Yes. **Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim. If yes, please indicate when this claim was incurred:** |

|  |  |
|---|---|
| ☐ On or prior to June 27, 2023: | $_____ |
| ☐ After June 27, 2023: | $_____ |
| **Total Administrative Expense Claim Amount:** | $_____ |

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

_Debra Bogard_      02/06/2024

   Signature

**Name of the person who is completing and signing this claim:**

Name    Debra L Bogard
     First name       Middle name       Last name

Title

Company
     Identify the corporate servicer as the company if the authorized agent is a servicer.

Address
     Number      Street
     City       State      ZIP Code

Contact phone   _____    Email _____

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
 Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

| | |
|---|---|
| ☐ | Yes |
| ✓ | No |

----------------------------------------------------------------------------------------------------

Attachment Filename:

KROLL

Electronic Proof of Claim Confirmation:  3335-1-LHPPV-304329900

Claim Electronically Submitted on (UTC) :  2024-02-06T19:59:45.702Z

Submitted by:  Debra Bogard

**KROLL**