| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br> Robert J. Feinstein (admitted *pro hac vice*) <br> Bradford J. Sandler <br> Colin R. Robinson <br> PACHULSKI STANG ZIEHL & JONES LLP <br> 780 Third Avenue, 34th Floor <br> New York, NY 10017 <br> Telephone:  (212) 561-7700 <br> Facsimile:  (212) 561-7777 <br> rfeinstein@pszjlaw.com <br> bsandler@pszjlaw.com <br> crobinson@pszjlaw.com <br><br> *Counsel to the Plan Administrator* | |
| In re: <br><br> BED BATH & BEYOND INC., *et al.*,[1] <br><br>                     Debtors. | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> (Jointly Administered) <br><br> Hearing Date: November 19, 2024 <br>                at 11:00 a.m. |

**PLAN ADMINISTRATOR'S OPPOSITION TO
MOTION OF BED BATH AND BEYOND SHAREHOLDER FOR
CONSIDERATION AND RELIEF REQUESTING REDACTION
OF SHAREHOLDER'S SANCTION HEARING TRANSCRIPT**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4891-4668-4150.1 08728.003

Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors"), files this opposition (the "Opposition") to the *Motion for Consideration and Relief Requesting Redaction of Shareholder Sanction Hearing Transcript* (the "Motion") [Docket No. 3666] brought by an unidentified individual purporting to be a former shareholder of Bed Bath & Beyond (the "Former Shareholder"). In support of the Opposition, the Plan Administrator states as follows:

## PRELIMINARY STATEMENT

1. Over the Plan Administrator's objections, this Court (the "Court") has permitted the Former Shareholder to proceed via his pseudonym, "ML," and to redact all of his personal information in the pleadings he has filed with this Court. Unsatisfied with this extraordinary relief, by his Motion, the Former Shareholder requests that this Court grant even more extraordinary relief and redact the entire transcript (the "Transcript") of the hearing on the Sanctions Motion.[3]

2. As discussed in greater detail below, the Motion should be denied, because (1) it was brought in contravention of the Sanctions Motion Order; (2) Former Shareholder failed to comply with Rule 9037-1 of the Local Rules United States Bankruptcy Court of the District of New Jersey (the "Local Rules"); and (3) Former Shareholder has provided no basis for redacting any portion of the Transcript, let alone its entirety.

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms are defined below.

## BACKGROUND

3. On September 10, 2024, this Court held a hearing (the "Hearing") on the Plan Administrator's Motion for Sanctions (the "Sanctions Motion") against the Former Shareholder. At the Sanctions Motion Hearing, the Court (1) denied the Former Shareholder's eleventh hour request that the Hearing be conducted in a sealed courtroom; and (2) granted the Sanctions Motion.

4. On September 12, 2024, this Court entered its *Order Granting Plan Administrator's Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure* (the "Sanctions Motion Order") [Docket No. 3514].[4]

5. In addition to imposing monetary sanctions, the Sanctions Motion Order specifically barred the Former Shareholder from filing "any further pleadings, motions, motions for reconsideration or other applications" without (1) sending a letter to this Court requesting permission to file such motion, and (2) including a Certification made under penalty of perjury, that, among other things, represented that the proposed pleading complied with the requirements of Federal Rule of Bankruptcy 9011(a) and (b)." *See* Sanctions Motions Order ¶ 3.

6. Immediately after the Hearing, counsel for the Plan Administrator ordered the Transcript from the transcriber. On September 16, 2024, the following entry appeared on the Court's docket:

> Transcript regarding Hearing Held 09/10/24 (related document:3432 Motion for Sanctions filed by Other Prof. Plan Administrator, 3453 Motion (Generic) filed by Other Prof. Plan Administrator). The transcript may be viewed at the Bankruptcy Court Clerk's Office. For information about how to contact the transcriber, call the Clerk's Office. **Notice of Intent to Request Redaction Deadline Due By 9/23/2024. List of Items to be**

---

[4] Former Shareholder filed a Notice of Appeal of the Sanctions Motion Order on September 27, 2024, Docket No 2543; however, he has not sought a stay of that Order in any court.

> **Redacted Due By 10/7/2024**. Redacted Transcript Submission Due
> By 10/17/2024. Remote electronic access to the transcript will be
> restricted through 12/16/2024. (No Underlying Document).

Docket No. 3525 (emphasis added). Despite the clear instructions set out on the Court's docket, Former Shareholder did not file a Notice of Intent to Request Redaction with this Court.

## ARGUMENT

7. The Motion should be denied in all respects.

8. First, the Motion must be denied because it in violation of the Sanctions Motion Order which has not been stayed, and which, as noted above, sets out a specific protocol that the Former Shareholder must follow before filing a motion with this Court. Former Shareholder did not follow this protocol, and his repeated flouting of this Court's orders should not be countenanced.[5]

9. In a similar vein, the Motion must be denied because Former Shareholder did not follow Local Rule 9037-1 which provides explicitly that "an entity seeking to redact from a filed transcript information set forth in Bankruptcy Rule 9037(a) must file Local Form Notice of Intent to Request Redaction not later than 7 days after the filing of the transcript; and file and provide to the transcriber Local Form List of Items to be Redacted not later than 21 days after the filing of the transcript." Local Rule 9037-1. Former Shareholder did not file the requisite Notice of Intent to Redact Redaction within 7 days of the filing of the Transcript or otherwise.[6]

10. Finally, and critically, as was the case with his untimely motion for a sealed courtroom hearing, Former Shareholder has not come forward with any substantiated facts that

---

[5] The Former Shareholder has continued to defy two orders of this Court [Docket Nos. 3314 and 3473] which require him to provide his name and certain other identifying information to the Plan Administrator. In addition, despite the fact that he did not seek a stay of the Sanctions Motion in any court, he has failed to pay the monetary sanctions that this Court ordered.

[6] It is unclear whether Former Shareholder provided the transcriber with the List of Items to be Redacted.

justify the extraordinary relief of sealing the entire Transcript, or, indeed, any portion of it. Rather, once again, Former Shareholder relies upon speculative concerns over retaliation, his lack of counsel, redaction or protection of material in other proceedings before this Court that are unrelated to Former Shareholder or his motions, and the purported burden to him as a *pro se* litigant.  *See* Exhibit to Motion.

11. In *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1050 (3rd Cir. 1983), the Court of Appeals for the Third Circuit held that the public has both common law and constitutional interests in being present at hearings in federal courts and that in determining "to exclude the public from proceedings or transcripts of proceedings, the record must demonstrate an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 1073 (citations omitted).  Here, no such record of an "overriding interest" has been made.

## CONCLUSION

12. For the reasons stated above, the Plan Administrator respectfully requests that the Court deny the Motion and respectfully requests that the Court grant any additional relief the Court deems just and proper under the circumstances.

*[Remainder of page left intentionally blank]*

| | |
|---|---|
| Dated: November 12, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Bradford J. Sandler* |
| | Robert J. Feinstein (admitted *pro hac vice*) |
| | Bradford J. Sandler |
| | Colin R. Robinson |
| | PACHULSKI STANG ZIEHL & JONES LLP |
| | 780 Third Avenue, 34th Floor |
| | New York, NY 10017 |
| | Telephone: (212) 561-7700 |
| | Facsimile: (212) 561-7777 |
| | Email: rfeinstein@pszjlaw.com |
| | bsandler@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | *Counsel to the Plan Administrator* |