UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Case No. 23-13359 (VFP)
Chapter 11 *(Jointly Administered)*

**Bed Bath and Beyond Shareholder**
*(Personal Information Protective Order)*
228 Park Ave S PMB 932020
New York, New York 10003-1502
147Aurora741@gmail.com

In re: BED BATH & BEYOND INC., et al.,

### Shareholder's Response to Plan Administrator's Objection and Request for Relief

**Honorable Judge Papalia,**

I respectfully submit this response to the Plan Administrator's objection to my Motion for Consideration and Relief Requesting Redaction of Shareholder's Sanction Hearing Transcript. I believe many of the objection responses I am providing below were pre-emptively included within my original request (DN-3666), however I seek to clarify the context and intent of my redaction request, re-address the procedural challenges I have encountered, and humbly implore the court to intervene to provide additional relief in light of personal safety concerns and my ongoing appeal.

### Clarifying the Basis of My Redaction Request

My request for redaction is grounded in personal safety concerns, not an attempt to obscure the record. As a pro se litigant openly challenging major financial entities, I am in a vulnerable position that continues to go unrecognized. The objections completely overlook and ignore the grave risks I face due to prior confidentiality breaches, public exposure, and threats. Given the extensive redactions granted in other causes of action within these proceedings, I urge the court to afford similar protections to me for the safety of my family. My goal is to participate safely and fairly, without fear of reprisal. Specifically:

- **Personal Safety Risks and Confidentiality Needs:** My request for redaction stems not from an attempt to obscure the court's processes or the public record, but rather from an urgent need to safeguard my personal safety and that of my family. The sensitive nature of my involvement, as a pro se litigant openly challenging significant corporate and financial entities, places me in a uniquely vulnerable position. The Plan Administrator's objection fails to acknowledge the gravity of this threat, as well as the mental and emotional toll it has taken on myself and my family.
- **Consistency with Fair Process:** As the court is aware there have been several filings and hearings within the bankruptcy and continuing post plan-confirmation have been conducted with significant redactions or closed-door proceedings, seemingly without question/opposition. Yet, efforts to protect myself (and most importantly my children/family) have been consistently met with resistance, scrutiny, and a complete lack of appreciation of the immense implications my pursuits would have if successful. The argument that my situation warrants less confidentiality is troubling, and I would respectfully urge the court to consider the necessity of confidentiality for individuals who are acting without legal representation in cases of significant personal risk.
- **Broad Exposure and Open Access Concerns:** As highlighted in the Request for Redaction, the sensitive personal information, including my identity and family's place of residence, was leaked, and I continue to feel highly exposed. This has compounded the risks to my family and underscores why redaction is not only appropriate but necessary to prevent further harm. I believe that the Plan Administrator's objection underestimates the real and pressing concerns around public exposure.

### Administrative and Procedural Challenges

As a pro se litigant without a legal background, I am navigating an extraordinarily complex, administratively burdensome case. My efforts to adhere to procedural requirements have been genuine and proactive, yet have been hindered by the following challenges:

1

- **Absence of Legal Guidance:** The objection's implication that I am intentionally violating procedure misrepresents the substantial hurdle I have as a pro se with no legal background. As extensively argued - my administrative delays and procedural inconsistencies stem from a lack of familiarity with the legal system, not from any lack of good faith or intention to meet court requirements. I have actively reached out for procedural guidance, submitted clarifications, and attempted to comply to the best of my ability given my limited resources and knowledge.
- **Administrative Burden:** Additionally, the objection fails to account for the practical difficulties of fulfilling extensive administrative and procedural tasks associated with conducting a full, independent investigation into a case of immense scope and complexity. There is **significant, ongoing oversimplification** of the burdens *(and potential danger)* my family and I are experiencing as a direct result of me trying to bring truth and justice in this court of law. I respectfully submit that **my efforts are continuing to be unfairly characterized**, given the substantive challenges of this pro se undertaking.

### Unintentional Procedural Missteps

The objections made by the Plan Administrator does not include a timeline of email communications I made to Chambers, the Office of the US Trustee, and Plan Administrator representatives that were done in good faith attempting to "get ahead" and confirm the upcoming procedural deadlines:

- On 9/19/24 I sent an email to Chambers, the Office of the US Trustee, and Mr. Sandler of PSZJ attempting to make clear that I was deeply concerned that I felt I did not rights, or even a right to be heard, and was diligently working to understand if/how I could appeal. Within that same email I attempted to openly clarify my interpretation of the deadlines and next steps.
- On 9/25/24 & 9/26/24 I sent follow up emails attempting to clarify my intent and seek guidance relating to what I was considering and my potential intent to submit a Notice of Appeal.
- On 9/27/24 my Notice of Appeal was submitted/uploaded to Kroll – however it unfortunately exposed my personal information to the public – a document that can easily be found online to this day. **This caused and continues to cause significant distress for our family.**
- On 10/4/24 I again reached out to Chambers and the Office of the US Trustee to hopefully receive clarification for how/why it was uploaded incorrectly and to seek guidance specifically relating to the request for redaction.
- I heard back on from the Courtroom Clerk on 10/5/24 (Saturday) who provided the generic rules relating to transcript redaction procedures. Given my circumstances are extraordinary, I spent the rest of the weekend away from my family preparing the Request for Redaction, to which was mailed by EOD that following Monday 10/7/24, and emailed an electronic version on 10/8/24.
- On 10/10/24, I heard back from the Courtroom Clerk stating the electronic submission and request for full redaction would not be considered as filed; **if I needed to redact more than Personal Data Identifiers it would require a motion.** And so, this is what I did.
- Within the submission I attempted to say I did not need or want a Hearing and simply filled it out as "TBD (if needed)" with the hopes that was all that was needed to consider the request for redaction.

To suggest the procedural exceptions reflect a deliberate unwillingness to comply with court procedures, or act against the Sanction Order Guidelines, grossly misrepresents my intent and fails to recognize the inherent difficulties I face as a pro se appellant in relation to timing, the vast scope of issues needing to be researched, and my difficulty as a "normal person" to meet what I feel are *impossible* deadlines and array of complex issues and procedures to prepare and highlight.

### Request for Procedural Relief or Guidance

Considering the challenges detailed above, and given my pending appeal, I humbly and respectfully request procedural relief and guidance. Specifically:

- **Motion to Stay or Extend:** I am currently in the process of preparing a substantive appeal with implications that relate to the issues raised by the Plan Administrator. A stay or extension on this matter

2

would allow me to focus on my appeal, which has the potential to impact the plan itself, and the sanction imposed. This request is in good faith, not as a delay tactic, but as a necessary measure to ensure I can continue to effectively present my case without undue interference.

- **Motion for Closed-Door Hearing Request:** Should the court find a stay or extension inappropriate; I respectfully request that the upcoming hearing be conducted as a closed-door proceeding. Given prior inadvertent public disclosures and the sensitivity of my position, I believe a closed-door hearing would afford me the ability to speak openly and honestly about my concerns and the risks I face. Without such confidentiality, I fear I may be unable to fully express the gravity of the threats posed to my safety and would be unable to fairly contest them in real time. Allowing the Request for Redaction Hearing (as well as Sanction Hearing Transcript) to be openly to the public, to which I have shown I receive extensive harassment and threats that causes my family significant distress. Additionally, I have shown several instances of **intentional misinformation and misrepresentation** of my intentions that further enable the harassment we receive and implicitly increases the risks and dangers we need to be protected from.

### Extraordinary Implications of the Appeal and Need for Protective Measures

The objections raised by the Plan Administrator overlook the extraordinary scope and profound implications of my involvement and concerns in this case. My request for redaction is not only a matter of personal safety but reflects the need for a protective approach given the broader significance of the issues I am raising. This case challenges fundamental aspects of corporate transparency, procedural fairness, and accountability to shareholders within the bankruptcy process.

- **Broader Legal and Financial Impact**: The issues I am raising address critical questions surrounding transparency, fairness, and obligations to equity holders in bankruptcy cases. The outcome of these proceedings could establish important precedents for stronger protections of shareholder rights, especially when misconduct is alleged. These implications go beyond the immediate case and bear on future bankruptcy proceedings, particularly where retail shareholders allege significant harm due to complex financial dealings and conflicts of interest.

- **Personal Safety and Retaliation Risks**: The objections dismiss my documented concerns for safety. These concerns are based on my exposure from openly challenging high-profile financial and institutional actors. The objections disregard the context of prior confidentiality breaches, ongoing public exposure risks, and the potential for retaliatory actions against myself and my family. Given these realities, my request for redaction or sealing is necessary to mitigate undue risks while I continue to present evidence that challenges influential entities.

- **Need for Redaction and Closed Proceedings**: The ruling cited from the Third Circuit's ruling in *Publicker Industries, Inc. v. Cohen, 733 F.2d 1050 (3rd Cir. 1983)* emphasizes that the public's right to access court proceedings can be overridden if closure is essential to protect higher values. Here, the potential harm arising from the exposure of sensitive information, along with documented safety concerns, justifies a narrowly tailored approach to protect those interests and I believe I have extensively documented throughout this pursuit of truth and accountability that "overriding interest" should be applied.

The improper conduct I am alleging to be associated with the Bed Bath and Beyond representatives is *extraordinary* and thus, I am imploring the court provide *extraordinary relief*. In doing so, I can hopefully re-focus and dedicate the time needed to complete the brief for my Sanction Appeal as soon as possible.

### Update on Appeal and Broader Concerns Regarding Procedural Fairness and Safety

In the interest of transparency for the bankruptcy courts and its audiences, I would like to provide an update regarding my ongoing appeal, particularly as it bears on critical issues in the bankruptcy case. I submitted my Statement of Issues on Appeal on November 8, 2024, but have not yet received a response from the appellate court. Within that submission I conveyed by **profound disappointed** regarding the lack of appreciation shown for the significant personal risk and the far-reaching implications of my efforts if successful. Since I first engaged with the court in April 2024, I have repeatedly sought intervention by the DOJ, FBI, SEC or any relevant authorities, however my numerous requests have been unanswered. I appreciated the US Trustee's counsel

3

offering to make a criminal referral on my behalf, but I am disappointed that there has been no follow-up to this date. There is **substantial, ongoing foreign influence** affecting retail shareholder communities, these court proceedings, and our capital markets overall that **warrants immediate investigation** as they are continuing to be seemingly completely unacknowledged.

When I initially filed the Motion for an Equity Committee, my intent was straightforward: Former shareholders who were **severely and irreparably financially harmed** and could not afford counsel directly because of the actions taken by the Debtors and their representatives, sought to ask questions and clarify concerns. However, to date there has been no attempt by the Plan Administrator, US Trustee, or court to simply provide clarity, or address those individual concerns/questions, suggesting that it is "too late" for shareholders to obtain answers. Such disregard only exacerbates the impact of this bankruptcy on equity holders.

Additionally, I am highly troubled by the pursuit of Class Certification by another purported shareholder group (Bratya), which the estate claims represents former shareholders, though this is patently false. Their arguments, including claims against Ryan Cohen and support for a Section 16(b) lawsuit, directly contradict the broader retail shareholder community's actual concerns and experience. These positions reflect only a small fraction of former shareholders and ignore the interests of those who collectively owned hundreds of millions of shares before cancellation.

As more time passes, more information has surfaced, revealing the extent of corporate malpractice by the debtor's professionals through disclosures related to ongoing third-party adversary cases, albeit limited and heavily redacted. The evidence suggests that the Company was **deliberately driven to bankruptcy**, yet there has been zero accountability for those responsible during the final year of operations. Violations of Bankruptcy Fraud, Breach of Fiduciary Duties (Loyalty, Good Faith, and Care), and numerous other inconsistencies demand immediate investigation by the proper authorities. These are supposed to be serious offenses, yet they remain unaddressed while the burden has unjustly fallen on an individual, insolvent, former shareholder.

My inability to afford counsel directly led to the denial of the Equity Committee motion, not due to the legitimacy of the concerns I raised, but because I was not represented. As a pro se litigant, I have been sanctioned for seeking clarification and advocating for shareholder rights. Should my appeal succeed, I believe there would likely be substantial civil, criminal, and monetary repercussions for large financial institutions involved in this case.

My appeal is about more than my individual situation and Sanction – it speaks to the broader issues facing everyday Americans in the current economic environment:

- **Deteriorated Public Trust:** The public's faith in financial markets, regulatory agencies, and the court system has eroded due to systemic inequities, corporate abuses, and a revolving door between agencies and the most powerful financial institutions, which evade accountability for reckless overleveraging.
- **Chevron Deference Reversal:** With the recent reversal of Chevron Deference, the courts now bear greater responsibility for scrutinizing regulatory inaction, which the SEC recently admitted has caused significant harm to individual shareholders.
- **Economic Pressures on Americans**: Americans continue to endure hardships from COVID-19, inflation, and geopolitical conflicts—burdens exacerbated by irresponsible government spending and financial institutions reaping immense rewards without consequence.

In the wake of a pivotal election, these issues underscore the importance of shareholder protection and the role of the courts in upholding transparency and justice. The declarations of Company's representatives, their actions, and justifications echo misleading mainstream media narratives that grossly misrepresent "meme stock madness" or "shift in consumer trends" or "inability for the company to compete with big box retailers like Target and Amazon" rather than holding executives accountable. I urge the court to recognize the profound implications of my case and its relevance to protecting equity holders and reinforcing market integrity.

### Conclusion and Final Requests for Relief

In closing, I reiterate that my request for redaction and related procedural protections arises from genuine safety concerns as well as my commitment to ensuring a fair and transparent process. The Plan Administrator's objection

dismisses the specific risks I face as a pro se litigant and the extraordinary implications of this case, which involve complex financial, legal, and ethical concerns extending beyond the immediate proceedings.

Following this response, I am seeking guidance and relief from the Appellate Court. My primary goal is to protect my rights and personal safety while addressing the far-reaching implications of this case. However, each response, like this one, requires substantial time that could otherwise be spent on preparing my Sanction Appeal brief. The process of preparing and submitting these documents is a significant logistical and financial burden, particularly given that prior requests for Closed-Door Hearings and Extensions for the Equity Committee and Sanction Hearings were not accepted.

To demonstrate my commitment despite these hardships, I will be submitting this response via FedEx overnight, ensuring it arrives as soon as possible despite additional financial strain. This "investment" continues to devastate my family's stability, mental health, and finances, but I remain committed to seeing this process through.

I respectfully request that the Court consider my response in the following ways:

1. **The Critical Need for Redaction**: To protect my personal safety, particularly given prior disclosures and the risks of exposure I face.
2. **Acknowledgment of Administrative Burdens**: As a pro se litigant, I face inherent challenges that affect procedural consistency; these are not reflective of unwillingness to comply, but of limited resources and complex demands.
3. **Procedural Relief**: I request either a stay, extension, or closed-door hearing to enable a fair, unencumbered process for addressing my concerns and for preparing my appeal.

I humbly request an extension *(or stay in its entirety)* for the hearing for next week, or procedural guidance from the court on how to proceed.

Thank you for your time and consideration.

**Respectfully Submitted,**


**Bed Bath & Beyond Shareholder**
Pro Se
**Dated:** November 14th, 2024