| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>Email:  rfeinstein@pszjlaw.com<br>          bsandler@pszjlaw.com<br>          plabov@pszjlaw.com<br>          crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S
REPLY TO INFORMAL OPPOSITION OF CLAIMANT TO
ELEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS
(Reclassified Gift Card/Merchandise Credit Claims)**

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

4878-4349-3118.1 08728.003

affiliated debtors (the "Debtors"), files this reply to the informal opposition of claimant Larina Peters to his *Eleventh Omnibus Objection (Substantive) to Certain Claims (Reclassified Gift Card/Merchandise Credit Claims No. 9)* (the "Reply"). In support of the Reply, the Plan Administrator respectfully states as follows:

1. On October 16, 2024, the Plan Administrator filed his *Eleventh Omnibus Objection (Substantive) to Certain Claims (Reclassified Gift Card/Merchandise Credit Claims No.7)* (the "Objection") [Doc. No. 3571].[3] Pursuant to the Objection, the Plan Administrator objected to 100 proofs of claim that assert claims related to a gift card and/or a merchandise credit that the Claimants contend are entitled to treatment as either: (i) a priority unsecured claim pursuant to Bankruptcy Code section 507(a); (ii) an administrative claim pursuant to Bankruptcy Code section 503(b), or (iii) a secured claim. The Plan Administrator does not seek to disallow any of the Disputed Claims at this time, but seeks simply to reclassify them as Class 6 General Unsecured Claims.

2. On October 17, 2024, the Objection and the Notice of Objection [Doc. No. 3572] were served via first class mail on, *inter alia*, the Claimants holding the Disputed Claims. [Doc. No. 3677].

3. The deadline to respond to the Objection was November 19, 2024.

4. Other than Claimant's Response discussed below, as of the filing of this Reply, no other responses to the Objection have been filed on the docket or received informally by the Plan Administrator.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

5. On or about November 13, 2024, counsel to the Plan Administrator received a letter (the "Response") from Larina Peters ("Claimant") in which she states, "This is an official objection to reclassification of the debt of Bed Bath and Beyond Inc. debtor 0488 represented by Michael Goldberg vs. Larina Peters claim #13847. Case #23- 13359-VFP Doc. 3571. I would like this considered for secured and priority status.  This was a breach of contract $186.04 for purchase of a gift cards. The company stopped accepting gift cards and gave no notice to customers prior to the sale. I am adjusting this claim to include a $75.00 administration fee to fight this breach and $1.46 in postage. This claim is to now be amended to $262.50." *See* Response attached as **Exhibit A**.[4]

6. On July 16, 2023, Claimant filed a proof of claim (the "Disputed Claim") for $184.04 the basis of which is "3 gift card not able to use $186.04". *See* Claim 13847 attached as **Exhibit B**. Claimant asserts that the Disputed Claim is entitled to priority pursuant to 11 U.S.C. § 507(a) and 11 U.S.C. § 503(b)(9).

7. For the reasons set forth in the Objection and summarized briefly below, the Disputed Claim should be reclassified as a Class 6 General Unsecured Claim:

    a. <u>11 U.S.C. § 507(a)(7):</u> Claimant failed to designate any applicable subsection under section 507(a) that applies to her claim of priority. To the extent she seeks priority under subsection 507(a)(7), as was briefed in the Objection, claims based on gift cards do not qualify as "deposits" within the meaning of section 507(a)(7) of the Bankruptcy Code. *See*

---

[4] Claimant's email, phone number and address (if applicable) have been redacted for privacy from Claimant's Response and Claimant's Proof of Claim.

Objection at ¶¶ 23-25. Accordingly, the Disputed Claim should be reclassified as a General Unsecured Claim.

    b.  11 U.S.C. § 503(b)(9): Claimant has failed to establish: (1) that she sold goods to the Debtors; (2) the goods were received by the Debtors within twenty days prior to filing; and (3) the goods were sold to the Debtors in the ordinary course of business. *See* Objection at 14, n.16. Accordingly, the Disputed Claim should be reclassified as a General Unsecured Claim.

  8.  For the foregoing reasons, the Plan Administrator respectfully requests that the Court grant the Objection and reclassify all of the Disputed Claims as Class 6 General Unsecured Claims.

Dated: November 22, 2024

*/s/ Colin R. Robinson*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Email: rfeinstein@pszjlaw.com
    bsandler@pszjlaw.com
    plabov@pszjlaw.com
    crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

4878-4349-3118.1 08728.003

# EXHIBIT A

Nov. 9, 2024

Pachulski Stang Ziehl & Jones LLP
780 Third Ave, 34th Floor
New York, NY 10017

To Whom it May Concern,

This is an official objection to reclassification of the debt of Bed Bath and Beyond Inc. debtor 0488 represented by Michael Goldberg vs. Larina Peters claim #13847. Case #23-13359-VFP Doc. 3571. I would like this considered for secured and priority status.
This was a breach of contract $186.04 for purchase of a gift cards. The company stopped accepting gift cards and gave no notice to customers prior to the sale.
I am adjusting this claim to include a $75.00 administration fee to fight this breach and $1.46 in postage. This claim is to now be amended to $262.50.

Please feel free to contact me with any further questions.

Sincerely,

*Larina Peters*
Larina Peters
[redacted]

# EXHIBIT B

**United States Bankruptcy Court, District of New Jersey (Newark)**

Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | |
|---|---|---|---|
| ☐ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☒ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

**Claim Number: 13847**

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Larina M Peters
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: None

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

[redacted]

Contact phone [redacted]
Contact email [redacted]

Where should payments to the creditor be sent? (if different)

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 3 gift card not able to use $186.04

Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

total $186.04

| | | |
|---|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable | |
| 10. Is this claim based on a lease? | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ | |
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☐ Yes. Identify the property: _____ | |
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☑ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies.<br><br>\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ |

**Proof of Claim** page 2

| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☐ No<br>☑ **Yes.** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $ 186.04 |
|---|---|---|
| 14. Is all or part of the claim being asserted as an administrative expense claim? | ☑ No<br>☐ **Yes.** Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim. If yes, please indicate when this claim was incurred:<br><br>☐ On or prior to June 27, 2023:  $ _____<br>☐ After June 27, 2023:  $ _____<br>**Total Administrative Expense Claim Amount:**  $ _____<br><br>THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Larina Peters*    07/16/2023
Signature

**Name of the person who is completing and signing this claim:**

Name: Larina M Peters (First / Middle / Last)

Title: 

Company: 

Address: [redacted]

Contact phone: [redacted]   Email: [redacted]

## Additional Noticing Addresses (if provided):

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

---

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

## Additional Supporting Documentation Provided
☐ Yes
☑ No

------------------------------------------------------------------------------

Attachment Filename:

KROLL

**Electronic Proof of Claim Confirmation:** 3335-1-JSKYX-963680774

**Claim Electronically Submitted on (UTC):** 2023-07-16T23:00:03.967Z

**Submitted by:** Larina Peters

KROLL