# EXHIBIT A

# FIFTH MODIFICATION OF ACQUISITION OF DESIGNATION
# RIGHTS AGREEMENT AND SETTLEMENT AGREEMENT

This Fifth Modification of Acquisition of Designation Rights Agreement and Settlement Agreement (the "Agreement"), dated as of June [•], 2024, is made by and among Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.) and affiliated debtors (the "Debtors"), A&M PROPERTIES, INC. D/B/A BEL AIR PROPERTIES ("Purchaser"), and OAK STREET INVESTMENT GRADE NET LEASE FUND SERIES 2021-1, LLC (as assignee of EDISON TOCA001 LLC) ("Landlord" and, collectively with the Plan Administrator and Purchaser, the "Parties").

On September 29, 2023, the Parties entered into that certain *Acquisition of Designation Rights Agreement* (the "DRA"). On October 4, 2023, the United States Bankruptcy Court for the District of New Jersey approved the DRA pursuant to an order entered at docket number 2410 in the bankruptcy cases of *In re Bed Bath & Beyond Inc., et al.* On February 12, 2024, the Plan Administrator served on Landlord the *Lease Assumption Notice* (the "Notice") pursuant to the DRA regarding the Lease Agreement dated December 20, 2019, by and between Edison TOCA001 LLC, as landlord, and Bed Bath & Beyond Inc., as tenant, with respect to premises located at 3700 West Torrance Boulevard, Torrance, California 90503 (the "Lease").

On February 29, 2024, the Parties entered into the *Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period[1] and deadline for Landlord to object to the Notice from February 29, 2024 through and including March 8, 2024.

On March 8, 2024, the Parties entered into the *Second Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period and deadline for Landlord to object to the Notice from March 8, 2024 through and including March 15, 2024.

On March 14, 2024, the Parties entered into the *Third Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period and deadline for Landlord to object to the Notice from March 15, 2024 through and including March 29, 2024.

On March 29, 2024, the Parties entered into the *Fourth Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period and deadline for Landlord to object to the Notice from March 29, 2024 through and including April 5, 2024.

Pursuant to paragraph 2 of the DRA, the Parties hereby agree to further extend the Designation Period from April 5, 2024 through and including December 31, 2024. The Parties also agree to further extend the deadline for Landlord to object to the Notice from April 5, 2024 through and including December 31, 2024.

---

[1] Capitalized terms used, but not defined, herein shall have the meanings given to them in the DRA.

In consideration for this Agreement, Landlord agrees to accept and Purchaser agrees to pay the following amounts to Landlord via wire transfer within three (3) days of execution of this Agreement:

| **Description** | **Amount** |
|---|---|
| Rent | $300,233.22 |
| Insurance | $36,905.00 |
| Attorneys' Fees | $100,909.50 |
| **TOTAL** | **$438,047.72** |

Purchaser also acknowledges its obligation to timely pay, among other things, Real Estate Taxes pursuant to section 7 of the Lease.

For the avoidance of doubt, the obligation to pay rent and related charges under the Lease during the Designation Period is solely the obligation of Purchaser. Neither the Plan Administrator nor the Debtors shall be liable to Landlord for such amounts.

During the Designation Period, the Parties agree that Purchaser is permitted to exercise its right, under section 2(b) of the DRA, to provide written notice to Plan Administrator and Landlord of Purchaser's election to assume and assign the Lease to Purchaser's designee. Purchaser's selection of a designee must comply with the requirements set forth in the DRA and the Lease, including, but not limited to, section 21 of the Lease. Purchaser may not assume and assign the Lease without the consent of Landlord and the decision to consent is in Landlord's sole and absolute discretion.

The Parties agree that this will be the final extension of the Designation Period and the deadline for Landlord to object to the Notice.

If Purchaser does not, by December 31, 2024, serve a notice pursuant to section 2(b) of the DRA on Plan Administrator and Landlord of its intent to assume and assign the Lease to an tenant acceptable to Landlord, as set forth herein, then: (i) the Lease shall be deemed rejected under the Bankruptcy Code effective as of December 31, 2024; (ii) Plan Administrator shall promptly file a proposed rejection order in the form attached hereto as **Exhibit A** with the Court under certification of counsel; and (iii) Purchaser will not oppose such rejection of the Lease.

IN WITNESS WHEREOF, the Parties have executed this Fifth Modification of Acquisition of Designation Rights Agreement and Settlement Agreement as of the date first above written.

**PLAN ADMINISTRATOR:**
**20230930-DK-BUTTERFLY-1, INC.**
**(F/K/A BED BATH & BEYOND, INC.)**

By: _____
Name: Michael Goldberg
Its: Plan Administrator

**PURCHASER:**
**A&M PROPERTIES, INC. (D/B/A**
**BEL AIR PROPERTIES)**

By: _____
Name: David Leung
Its: President

**LANDLORD:**
**OAK STREET INVESTMENT GRADE**
**NET LEASE FUND SERIES 2021-1,**
**LLC (AS ASSIGNEE OF EDISON**
**TOCA001 LLC)**

By: _____
Name: Michael Reiter
Its: Authorized Signatory

3

# **EXHIBIT A**

# **FORM OF LEASE REJECTION ORDER**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**CONSENT ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASE AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.  The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 650 Liberty Avenue, Union, New Jersey 07083.

| | |
|---|---|
| (Page \| 2) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASE AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF |

Pursuant to the *Fifth Modification of Acquisition of Designation Rights Agreement and Settlement Agreement* (the "DRA"), entered during June 2024, by and among Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.) and affiliated debtors (the "Debtors"), A&M PROPERTIES, INC. D/B/A BEL AIR PROPERTIES ("Purchaser"), and OAK STREET INVESTMENT GRADE NET LEASE FUND SERIES 2021-1, LLC (as assignee of EDISON TOCA001 LLC) ("Landlord" and, collectively with the Plan Administrator and Purchaser, the "Parties"), which is attached hereto as **Exhibit A** and authorized the Plan Administrator, in the event the Purchaser did not serve, by December 31, 2024, a notice pursuant to section 2(b) of the DRA on the Plan Administrator and Landlord of the Purchaser's intent to assume and assign the Lease set forth on **Exhibit B** attached hereto to a tenant acceptable to Landlord, to file this consent order pursuant to Local Rule 9021-1 (this "Consent Order"), (a) authorizing the Plan Administrator to reject the Lease set forth on **Exhibit B** attached hereto, effective as of the Rejection Date, (b) authorizing the Plan Administrator to abandon any Personal Property located at any such store location, effective as of the Rejection Date, and (c) granting related relief, all as more fully set forth in the DRA; and upon such notice pursuant to section 2(b) of the DRA not being served by the Purchaser on the Plan Administrator and Landlord as required by December 31, 2024; and upon the First Day Declaration; and the Court having jurisdiction to consider the DRA and the relief set forth therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASE AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF |

that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the DRA was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the DRA; and this Court having determined that there are appropriate legal and factual bases for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having been advised that all formal or informal objections to the DRA have been resolved,

**IT IS HEREBY ORDERED THAT:**

1. This Court **GRANTS** the relief set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Lease identified on **Exhibit B** attached hereto is hereby rejected, to be effective as of the Rejection Date set forth on **Exhibit B**.

3. The Plan Administrator shall not be liable for any additional administrative expenses arising after the Rejection Date with respect to the Lease.

4. Nothing herein shall prejudice any party's rights to assert that the Lease is not, in fact, executory within the meaning of section 365 of the Bankruptcy Code.

5. The Plan Administrator is authorized to abandon any Personal Property located at the premises identified in **Exhibit B** (the "Premises"), free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

6. Any Personal Property located at the Premises is deemed abandoned, as of the Rejection Date, free and clear of all liens, claims, encumbrances, interests, and rights of third

| | |
|---|---|
| (Page \| 4) | |
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASE AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF |

parties and the counterparty to the Lease may use or dispose of such Personal Property in their sole and absolute discretion, without further notice or order of this Court, and without liability to the Plan Administrator or third parties.

7. Notwithstanding any other provision of this Order, (a) the Plan Administrator is not authorized to abandon, and is directed to remove, any hazardous materials as defined under applicable law from the Premises as and to the extent it is required to do so by applicable law and (b) to the extent the Plan Administrator seeks to abandon personal property that contain any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Plan Administrator shall remove the Confidential Information from such personal property before abandonment.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity,

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | CONSENT ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASE AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF |

or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights or any other party-in-interest's rights to subsequently dispute such claim.

9.     Nothing in the DRA or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

10.    Nothing contained in this Order is intended or should be construed to create an administrative priority claim.

11.    Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.    The Plan Administrator is authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **EXHIBIT A**

# FIFTH MODIFICATION OF ACQUISITION OF DESIGNATION RIGHTS AGREEMENT AND SETTLEMENT AGREEMENT

This Fifth Modification of Acquisition of Designation Rights Agreement and Settlement Agreement (the "Agreement"), dated as of June [•], 2024, is made by and among Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.) and affiliated debtors (the "Debtors"), A&M PROPERTIES, INC. D/B/A BEL AIR PROPERTIES ("Purchaser"), and OAK STREET INVESTMENT GRADE NET LEASE FUND SERIES 2021-1, LLC (as assignee of EDISON TOCA001 LLC) ("Landlord" and, collectively with the Plan Administrator and Purchaser, the "Parties").

On September 29, 2023, the Parties entered into that certain *Acquisition of Designation Rights Agreement* (the "DRA"). On October 4, 2023, the United States Bankruptcy Court for the District of New Jersey approved the DRA pursuant to an order entered at docket number 2410 in the bankruptcy cases of *In re Bed Bath & Beyond Inc., et al.* On February 12, 2024, the Plan Administrator served on Landlord the *Lease Assumption Notice* (the "Notice") pursuant to the DRA regarding the Lease Agreement dated December 20, 2019, by and between Edison TOCA001 LLC, as landlord, and Bed Bath & Beyond Inc., as tenant, with respect to premises located at 3700 West Torrance Boulevard, Torrance, California 90503 (the "Lease").

On February 29, 2024, the Parties entered into the *Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period[1] and deadline for Landlord to object to the Notice from February 29, 2024 through and including March 8, 2024.

On March 8, 2024, the Parties entered into the *Second Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period and deadline for Landlord to object to the Notice from March 8, 2024 through and including March 15, 2024.

On March 14, 2024, the Parties entered into the *Third Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period and deadline for Landlord to object to the Notice from March 15, 2024 through and including March 29, 2024.

On March 29, 2024, the Parties entered into the *Fourth Modification of Acquisition of Designation Rights Agreement*, which extended the Designation Period and deadline for Landlord to object to the Notice from March 29, 2024 through and including April 5, 2024.

Pursuant to paragraph 2 of the DRA, the Parties hereby agree to further extend the Designation Period from April 5, 2024 through and including December 31, 2024. The Parties also agree to further extend the deadline for Landlord to object to the Notice from April 5, 2024 through and including December 31, 2024.

---

[1] Capitalized terms used, but not defined, herein shall have the meanings given to them in the DRA.

In consideration for this Agreement, Landlord agrees to accept and Purchaser agrees to pay the following amounts to Landlord via wire transfer within three (3) days of execution of this Agreement:

| **Description** | **Amount** |
|---|---|
| Rent | $300,233.22 |
| Insurance | $36,905.00 |
| Attorneys' Fees | $100,909.50 |
| **TOTAL** | **$438,047.72** |

Purchaser also acknowledges its obligation to timely pay, among other things, Real Estate Taxes pursuant to section 7 of the Lease.

For the avoidance of doubt, the obligation to pay rent and related charges under the Lease during the Designation Period is solely the obligation of Purchaser. Neither the Plan Administrator nor the Debtors shall be liable to Landlord for such amounts.

During the Designation Period, the Parties agree that Purchaser is permitted to exercise its right, under section 2(b) of the DRA, to provide written notice to Plan Administrator and Landlord of Purchaser's election to assume and assign the Lease to Purchaser's designee. Purchaser's selection of a designee must comply with the requirements set forth in the DRA and the Lease, including, but not limited to, section 21 of the Lease. Purchaser may not assume and assign the Lease without the consent of Landlord and the decision to consent is in Landlord's sole and absolute discretion.

The Parties agree that this will be the final extension of the Designation Period and the deadline for Landlord to object to the Notice.

If Purchaser does not, by December 31, 2024, serve a notice pursuant to section 2(b) of the DRA on Plan Administrator and Landlord of its intent to assume and assign the Lease to an tenant acceptable to Landlord, as set forth herein, then: (i) the Lease shall be deemed rejected under the Bankruptcy Code effective as of December 31, 2024; (ii) Plan Administrator shall promptly file a proposed rejection order in the form attached hereto as **Exhibit A** with the Court under certification of counsel; and (iii) Purchaser will not oppose such rejection of the Lease.

IN WITNESS WHEREOF, the Parties have executed this Fifth Modification of Acquisition of Designation Rights Agreement and Settlement Agreement as of the date first above written.

**PLAN ADMINISTRATOR:**
**20230930-DK-BUTTERFLY-1, INC.**
**(F/K/A BED BATH & BEYOND, INC.)**

By: _____
Name: Michael Goldberg
Its: Plan Administrator

**PURCHASER:**
**A&M PROPERTIES, INC. (D/B/A**
**BEL AIR PROPERTIES)**

By: _____
Name: David Leung
Its: President

**LANDLORD:**
**OAK STREET INVESTMENT GRADE**
**NET LEASE FUND SERIES 2021-1,**
**LLC (AS ASSIGNEE OF EDISON**
**TOCA001 LLC)**

By: _____
Name: Michael Reiter
Its: Authorized Signatory

3

## EXHIBIT B

| Non-Debtor Counterparty | Contract Description | Store No. | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|
| Oak Street Investment Grade Net Lease Fund Series 2021-1, LLC (f/k/a Edison TOCA001 LLC) | Store Lease | 3076 | 3700 West Torrance Boulevard, Torrance, CA 90503 | December 31, 2024 | Miscellaneous FF&E and/or retail fixtures |