| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. 9004-1(b)** CHRISTOPHER D. LOIZIDES, ESQ LOIZIDES, P.A. 1225 King Street, Suite 800 Wilmington, Delaware 19801. Telephone: 302-654-0248 Email: loizides@loizides.com Attorney for Laura Alevy | |
| In re: BED BATH & BEYOND INC., *et al.* Debtors.[1] | Case No. 23-13359(VFP) (Joint Admin.) Chapter 11 Hearing Date: March 4, 2025 at 10:00 a.m. Judge: Papilla |

**CERTIFICATION OF STEVEN LEIBEL IN SUPPORT OF THE MOTION OF LAURA ALEVY TO OBTAIN AN ORDER (I) MODIFYING THE AUTOMATIC STAY AND PLAN INJUNCTION TO ALLOW MOVANT TO PURSUE PERSONAL INJURY LITIGATION AGAINST THE DEBTOR(S), (II) FOR LEAVE TO FILE A PROOF OF CLAIM AFTER THE BAR DATE AND (III) WAIVING THE PROVISIONS OF FED. R. BANKR. P. 4001(a)(3)**

I, Steven Leibel, attorney for Laura Alevy, submit this Certification in support of the

*Motion of Laura Alevy to Obtain an Order (I) Modifying the Automatic Stay and Plan Injunction*

*to Allow Movant to Pursue Personal Injury Litigation Against the Debtor(s), (II) for Leave to*

*File a Proof of Claim after the Bar Date and (III) Waiving the Provisions of Fed. R. Bankr. P.*

*4001(a)(3)* (the "***Motion***").

1.     I am an attorney at law of the State of Georgia and am a member of the law firm

of Steven Leibel, P.C., which is acting as counsel for Laura Alevy ("***Movant***" or "***Alevy***"),

personal injury claimant involving injuries sustained resulting from an incident occurring on

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

April 3, 2023 at the Bed, Bath & Beyond store located at 1545 Market Place Boulevard,

Cumming, GA 30041 (the "***Store***"), which, on information and belief, was at all relevant times

owned and operated by debtor Bed Bath & Beyond, Inc. (the "***Debtor***").

2.	In preparing this Certification, I reviewed and relied upon records in Ms. Alevy's

files and the assistance and support of my law firm's staff in assembling the information.  The

information contained herein is accurate and true to the best of my knowledge, information and

belief.

3.	After graduating Emory Law School in 1980, I have been trying cases for the last

45 years with extensive experience in personal injury and medically related issues. I formerly

served as a Commission member of the Brain and Spinal Injury Trust Fund Commission of the

State of Georgia, and I'm well acquainted with brain injuries and their sequelae. My professional

experience includes record verdicts in excessive of millions of dollars, including the 4th largest

verdict in the United States in 2014.

4.	Alevy suffered substantial personal injuries from an incident involving an

accident on April 3, 2023 at the Store.

5.	Among the injuries Ms. Alevy sustained is a concussion. Ms. Alevy had a

preexisting condition of headaches from an automobile accident and the Accident significantly

exacerbated that condition.

6.	In my direct experience as a personal injury attorney in Georgia, an injured party

suffering from Post Concussion Syndrome should be able to recover significantly more than $1

million in damages. In this case, the client is suffering from a significant exacerbation of a pre-

existing concussion syndrome. She has had additional problems with headaches, memory loss,

cognitive impairment, and loss of income. It has also caused her a loss of relationship with her

husband, as she has been unable to care for him with his MS condition. A recent MRI shows brain matter consistent with post-concussion syndrome. As a result of this fall, she is not able to teach to a classroom and has lost income. She was making $4,000 per month prior to the fall. She is now making $1,400 per month. She has suffered over $500,000 in both medical and lost wage claims. We believe the case has a value of up to $2,000,000.

7.    On April 14, 2023 – just over one week before the Debtor filed its bankruptcy petition on April 23, 2023 (the "*Petition Date*"), I sent a letter (the "*Spoliation Letter*") via certified mail, return receipt requested, to the Debtor at its address in Cumming Georgia and (the "*Spoliation Letter*") also to its registered agent in Georgia. A true and correct copy of my April 14, 2023 letter is attached hereto as Exhibit "1".

8.    Among other things, in my April 14 letter, I

   a.  Informed the Debtor of the Accident and Ms. Alevy's injuries occurring on April 3, 2023 at the Store;

   b.  Requested, pursuant to O.C.G.A. § 33-3-28, a copy of the declaration page of any policy of insurance that covered Ms. Alevy's injuries;

   c.  Requested any statements or video recordings with respect to the Accident; and

   d.  Instructed the Debtor to place a litigation hold on relevant documents including videos and photography.

9.    According to the signed returned receipt included in Exhibit "1" hereto, an agent of the Debtor signed to acknowledge receipt of the Spoliation Letter on April 15, 2023.  While there is no signed return receipt from the Debtor's Georgia registered agent, the USPS tracking

information (included in Exhibit "1") reflects that the registered agent received the Spoliation

Letter on April 15, 2023.

10.    Sandra Hazelton, liability claims specialist with the Third Party Claims

Administrator for Safety National, Debtor's insurer, wrote me a letter dated June 1, 2023

acknowledging receipt of the Spoliation Letter and making certain informational requests,

including through a HIPPA release form.  A true and correct copy of Ms. Hazelton's June 1, 2023

letter is attached hereto as Exhibit "2".

11.    I have no record or recollection of receiving notice of the Debtor's bankruptcy

filing.

12.    I have no record or recollection of receiving notice of the bar date for filing proofs

of claim in the Debtor's bankruptcy case.

13.    I first became aware that the Debtor had filed for bankruptcy around the time of

December 2023. Accordingly, Ms. Alevy did not commence an action against Debtor to recover

on her injuries consequent to the Accident.

I certify under penalty of perjury that the above is true.

Date: February 7, 2025

Steven Leibel
STEVEN LEIBEL, P.C.
3619 S Chestatee
Dahlonega, Ga 30533
404-892-0700