| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| James P. Chou, Esq.<br>Christie R. McGuinness, Esq.<br>Saul Ewing, LLP<br>1270 6th Avenue, # 2800<br>New York, NY 10020<br>Telephone:    (212) 980-7200<br>Facsimile:    (212) 980-7210<br>Email:    James.Chou@Saul.com<br>        Christie.McGuinness@Saul.com<br><br>*Counsel to Mark Tritton* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

### STIPULATION AND CONSENT ORDER PERMITTING THE ADVANCEMENT OF DEFENSE COSTS UNDER THE DEBTORS' DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICIES

The relief set forth on the following pages, numbered two (2) through eight (8) is hereby

ORDERED.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

This stipulation and consent order (the "Stipulation") is made by and between Michael I. Goldberg as Plan Administrator for the Wind-Down Debtors in the above-captioned chapter 11 cases (the "Plan Administrator"), and (Mark Tritton ("Tritton") with the Plan Administrator, the "Parties"), by and through their respective undersigned counsel, permitting the advancement of Defense Costs and other Losses (as each term is defined in the D&O Policy) under Side A of the Directors & Officers Liability Insurance Policy No. 8702221-00 (the "D&O Policy") issued by Zurich American Insurance Company ("Zurich" or the "Insurer") to Debtor Bed Bath & Beyond, Inc. ("BBBY"), incurred by Tritton in connection with the New York State Department of Taxation and Finance's sales and use tax audits and proposed assessments of Tritton as an alleged responsible person of Bed, Bath & Beyond, Inc. ("BBBY"), Best Buy Baby, Inc., Harmon Stores, Inc., ("Harmon") and Christmas Tree Shops, LLC ("CTS'), (BBBY, Harmon and CTS are referred to as the "entities") noticed in accordance with the D&O Policy. The Parties stipulate, agree, and state as follows:

## RECITALS

**WHEREAS**, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 23, 2023, in the United States Bankruptcy Court in the District of New Jersey (this "Court");

**WHEREAS**, the Debtors continued to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on July 20 and 21, 2023, the Debtors filed their Joint Plan of Reorganization (as subsequently amended, the "Plan")[2] and the Disclosure Statement related thereto;

---

[2] Capitalized terms not otherwise defined herein or in the D&O Policy shall have the meanings ascribed to them in the Plan.

**WHEREAS**, on September 14, 2023, the Court entered an order approving the Disclosure Statement on a final basis and confirming the Plan, and on September 29, 2023, the Effective Date of the Plan occurred, and the Plan was consummated;

**WHEREAS**, pursuant to the Plan, on the Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors;

**WHEREAS**, at various times prior to April 23, 2023, the Insured, Mark Tritton, served as a director and/or officer of BBBY and the other entities;

**WHEREAS**, Side A of the D&O Policy, set forth in the chart below, issued by Zurich to Debtor BBBY allows Zurich to advance Defense Costs and other Loss, subject to the terms and conditions of the D&O Policy, on behalf of the Insureds[3] incurred in connection with certain matters noticed in accordance with the D&O Policy:

| Insured's Name | Policy Number |
|---|---|
| Bed Bath & Beyond, Inc. | DOC 8702221-00 |

**WHEREAS**, for the policy period originally running from September 15, 2021 to September 2022 (the "Policy Period"), the Debtors maintained the D&O Policy issued by Zurich with an aggregate limit of liability of $10,000,000 subject to the terms and conditions of the D&O Policy;

**WHEREAS,** the New York State Department of Taxation and Finance has commenced a sales and use tax audit of the above listed entities and has proposed assessments against the entities and Tritton's as a responsible person thereof;

**WHEREAS**, Zurich has agreed to advance the Defense Costs to Tritton under the D&O

---

[3] For the avoidance of doubt, the term "Insureds" shall have the same meaning as the definition of the defendants in the Plan Administrator Action as defined in the June 26, 2024 Preliminary Coverage Opinion by Wiley Rein LLP on behalf of Zurich Insurance Company.

Policy pursuant to the D&O Policy's terms, subject to its reservation of rights and upon entry of an order of the Bankruptcy Court permitting such advancements;

**WHEREAS**, Tritton believes that under Article V.D. of the Plan, the injunction contained in Article X of the Plan (the "Plan Injunction") would not prevent any Insurer from paying Loss on behalf of Tritton under any D&O Liability Insurance Policy, including the D&O Policy, to the extent coverage is available under such policy, subject to and in accordance with its terms and conditions;

**WHEREAS**, as set forth in Article V.D. of the Plan, the Plan provides that after the Effective Date, the Plan Administrator shall not terminate or otherwise reduce the coverage under any D&O Liability Insurance Policies, including the D&O Policy, in effect on the Effective Date, with respect to conduct occurring prior thereto, and all officers, directors, trustee, managers, and members of the entities or Debtor who served in such capacity at any time before the Effective Date shall be entitled in accordance with, and subject in all respects to, the terms and conditions of any applicable D&O Liability Insurance Policy, which shall not be altered, to the full benefits of any such D&O Liability Insurance Policy for the full term of such D&O Liability Insurance Policy regardless of whether such officers, directors, trustees, managers, or members remain in such position after the Effective Date;

**WHEREAS**, to the extent authorization is required to permit advancement of Defense Costs under the D&O Policy, Tritton seeks relief to allow Zurich to advance such Defense Costs under the D&O Policy pursuant to the D&O Policy's terms and conditions upon entry of an order of the Bankruptcy Court permitting such advancements; and

**WHEREAS**, the Stipulation shall be without prejudice to any further requests from the Insureds to advance costs and expenses from the D&O Policy or any other D&O Liability Insurance Policy in connection with any other actions or claims covered by such policies;

**WHEREAS**, Tritton has received Notices of Determination from the New York State (the "State" or "New York State") Department of Taxation and Finance asserting that Tritton is liable for certain tax liabilities as an Officer/Responsible Person arising from the alleged failure by the Company and certain of its affiliated companies to pay alleged sales and use tax for time periods that fall within the timeframe beginning September 1, 2020, and ending on February 28, 2023 (the "New York Tax Matters");

**WHEREAS**, Tritton has needed to appoint counsel to assist and defend him against the State's determination of the potential liabilities in the New York Tax Matters;

**WHEREAS**, Zurich has agreed to advance the Insured's Defense Costs relating to the New York Tax Matters under the D&O Policy pursuant to the D&O Policy's terms, subject to its reservation of rights and upon entry of an order of the Bankruptcy Court permitting such advancements;

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing recitals, it is hereby stipulated, consented, and agreed to by and among the Plan Administrator and Tritton effective upon the Court's approval and entry of this Stipulation that:

1.      To the extent the automatic stay, if applicable, and/or the Plan Injunction would otherwise prohibit the advancement of Defense Costs under the D&O Policy, Zurich is authorized to make payments for Defense Costs (as defined in the D&O Policy), incurred by

Tritton. The automatic stay, if applicable, and the Plan Injunction is hereby lifted, to the extent

applicable and necessary, to effectuate the relief granted herein.

2.      Subject in all respects to the terms of the D&O Policy and the Plan

Administrator's complete reservation of rights set forth herein, payments made by Zurich under

the D&O Policy pursuant to this Stipulation shall reduce the respective limits of liability of the

applicable policy and shall not be considered a violation of the automatic stay, if applicable, or the

Plan Injunction. For the avoidance of doubt, this Order does not determine whether the proceeds

of the D&O Policy are property of the Debtors' bankruptcy estates. The Parties' rights, claims,

and defenses therewith are fully reserved.

3.      The Plan Administrator may request from Zurich no more than once a

month, and if so requested Zurich shall provide via e-mail, the aggregate amount of fees and

expenses paid under the D&O Policy for the preceding quarter. No further disclosure relating to

advances or payments under the D&O Policy shall be provided without further order of the

Bankruptcy Court, with respect to which the Parties reserve their rights. For the avoidance of

doubt, any information provided by the Insureds (or their designee) to Zurich and subsequently

provided by Zurich to the Plan Administrator shall remain strictly confidential, and the provision

of such information shall not waive, or be deemed to waive, any applicable privilege of the

Insureds or Zurich.

4.      To the extent the Insureds seek payment under any other D&O Liability

Insurance Policy for Loss in connection with the NY Department of Taxation and Finance Sales

Tax Audit and the Plan Administrator, Tritton, and the applicable Insurer(s), including, if

applicable, Zurich, agree that coverage is available for such Loss, no further order of the

Bankruptcy Court shall be required for the applicable Insurer(s) to make any payments for such

6

Loss, subject to the terms and conditions of the applicable D&O Liability Insurance Policy and subject in all respects to the reservation of rights and reporting requirements contained herein.

5.      This Stipulation is without prejudice to the rights of any party with respect to the D&O Policy, in accordance with this Stipulation and all such rights are expressly preserved.

6.      Nothing in this Stipulation constitutes (a) an admission as to the validity of any claim or cause of action against any of the Insureds; (b) a waiver of the Insureds' rights to dispute any claim or cause of action under applicable law or non-bankruptcy law; or (c) a waiver of the Insureds' rights under the Plan, the Bankruptcy Code or under any other applicable law. Any payment made pursuant to the Stipulation is not intended to be and should not be construed as an admission to the validity of any claim or cause of action or a waiver of the Insureds' rights in any respect.

7.      This Stipulation does not modify or alter any provision of the D&O Policy, or the Plan.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Stipulation shall be immediately effective and enforceable upon its entry. To the extent there is any conflict between the terms of this Stipulation and the Plan, the terms of the Plan control.

9.      The Plan Administrator, Zurich, and Tritton are authorized to take all actions necessary to effectuate the relief granted in this Stipulation.

10.     This Court shall retain jurisdiction over the implementation of this Stipulation.

Dated:  February 11, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Colin R. Robinson, Esq.*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
        plabov@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel for the Plan Administrator*


**Saul Ewing LLP**

 */s/ Christie R. McGuinness, Esq.*
James P. Chou, Esq.
Christie R. McGuinness, Esq.
1270 6th Avenue, # 2800
New York, NY 10020
Telephone:   (212) 980-7200
Facsimile:   (212) 980-7210
Email:       James.Chou@Saul.com
             Christie.McGuinness@Saul.com

*Counsel to Mark Tritton*