| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. 9004-1(b)** CHRISTOPHER D. LOIZIDES, ESQ LOIZIDES, P.A. 1225 King Street, Suite 800 Wilmington, Delaware 19801. Telephone:  302-654-0248 Email: loizides@loizides.com *Attorney for Laura Alevy and David Alevy* | |
| In re: BED BATH & BEYOND INC., *et al.* Debtors.[1] | Case No. 23-13359(VFP) (Joint Admin.) Chapter 11 |

### STIPULATION BY AND AMONG THE PLAN ADMINISTRATOR, ON BEHALF OF THE WIND-DOWN DEBTORS, SAFETY NATIONAL CASUALTY CORPORATION, AND LAURA ALEVY AND DAVID ALEVY CONCERNING TOLLING

This stipulation (the "Stipulation") is entered into among Michael Goldberg, in his capacity as Plan Administrator under the Plan (as defined herein) (the "Plan Administrator"), on behalf of the Wind-Down Debtors (as defined herein) and with respect to the bankruptcy cases of the above-captioned debtors (collectively, the "Debtors), Safety National Casualty Corporation ("Safety National"), and Laura Alevy and David Alevy (the "Claimants," and together with the Plan Administrator and Safety National, the "Parties"), who stipulate and agree as of February 19, 2025 (the "Stipulation Effective Date") as follows:

**WHEREAS**, Claimants assert that on April 3, 2023 at the Bed, Bath & Beyond store located at 1545 Market Place Boulevard, Cumming, GA 30041 (the "Store"), which, on information and belief, was at all relevant times owned and operated by debtor Bed Bath &

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Beyond, Inc., Laura Alevy was walking in the Store and fell forward to the ground and suffered injuries as a result of Debtor(s)' negligence (the "Accident") and that David Alevy has suffered a consequent loss of consortium.

**WHEREAS**, Safety National provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $1 Million Self-Insured Retention Limit (the "SIR").

**WHEREAS**, on April 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"), which triggered these bankruptcy proceedings (the "Bankruptcy Proceedings").

**WHEREAS**, upon the Debtors' filing of their chapter 11 petitions, any actions filed in state or federal court against one or multiple of the Debtors were stayed automatically pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") as to the Debtors.

**WHEREAS,** On September 14, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* (Docket No. 2172, the "Confirmation Order") which confirmed the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* (the "Plan"). The Plan assumed the Safety National Insurance Policies on the Plan Effective Date (defined below).

**WHEREAS,** as stated in the Debtors' notice of the occurrence of the effective date (Docket No. 2311), the "Effective Date" of the Plan was September 29, 2023 (the "Plan Effective Date").

**WHEREAS,** pursuant to Section IV.F.4. of the Plan, as of the Plan Effective Date, the Plan Administrator was appointed as the sole representative of the "Wind-Down Debtors" as

defined in Plan Section I.A.154 (the "Wind-Down Debtors"). The Plan Administrator has succeeded to the rights of the Debtors except as otherwise provided in the Plan.

**WHEREAS,** on February 10, 2025, Claimants filed the *Motion of Laura Alevy and David Alevy to Obtain an Order (I) Modifying the Automatic Stay and Plan Injunction to Allow Movants to Pursue Personal Injury Litigation Against the Debtor(s) (II) for Leave to File Proofs of Claim after the Bar Date and (III) Waiving the Provisions of Fed. R. Bankr. P. 4001(a)(3)* (Docket No. 3855, the "Injunction Relief Motion") which sought, *inter alia*, relief from the plan injunction to commence and prosecute litigation in the courts of the State of Georgia against the Debtors to recover against Safety National on account of the claims arising from or related to the Accident and also leave to file proofs of claim after the applicable bar date.

**WHEREAS**, the Parties wish to stipulate to the tolling of the statute of limitations as to any claims the Claimants, or either of them, have or may have against any of the Debtors and/or the Safety National Insurance Policies (the "Tolled Claims").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

1.      The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2.      Tolling of All Claims.  The running of time under any statutes of limitation or similar statutes or rules applicable to the Tolled Claims shall be tolled and shall not expire until the later of (a) 11:59 p.m. Eastern Standard Time on July 3, 2025 (the "Tolling Date"), or (ii) the date upon which any applicable statutes of limitations or similar statutes or rules applicable to the Tolled Claims would otherwise expire in the absence of this Stipulation. The Plan Administrator, on behalf of himself and the Wind-Down Debtors, and Safety National agree and covenant that he/they/it will not assert the defense of statute of limitations or any other time-based related

3

defense based on a failure to commence or prosecute a cause-of-action as to the Tolled Claims between the Stipulation Effective Date and the Tolling Date with respect to any such cause-of-action that is commenced or re-commenced prior to the expiration of the Tolling Date. Nothing in Stipulation shall be construed to revive or toll any limitations period(s) with respect to any causes-of-action that expired on or before the Stipulation Effective Date. If any statute of limitations applicable to any Tolled Claim would not expire by its own terms until after the Tolling Date, then each such statute of limitations shall not be deemed to have been affected by this Stipulation.

3.    <u>No Admission of Validity of Claims</u>.  Nothing in this Stipulation shall constitute an admission or agreement by the Plan Administrator or Safety National that any Tolled Claims are valid or meritorious, or otherwise waive, impair, or otherwise prejudice or limit, in any way, any defenses of the Plan Administrator or Safety National, except as expressly set forth in paragraph 2 hereof.

4.    <u>No Admission of Applicability</u>. This Stipulation does not constitute an admission or acknowledgment by any of the Parties that any particular period of limitations is applicable to any particular claim(s).

5.    <u>Voluntary Execution</u>.  Each of the Parties acknowledges that each is entering into this Stipulation of its, his or her own free will, having been given a full and fair opportunity to consult with counsel, and that each in fact has consulted with counsel.

6.    <u>Modification</u>.  This Stipulation and the terms hereof shall not be modified, amended, suspended, waived or altered except by a writing signed by all of the Parties.

7.    <u>Drafter</u>.  For purposes of construing this Stipulation, each of the Parties shall be deemed the equal drafter.

8.      <u>Governing Law</u>.  This Stipulation shall be interpreted, enforced and governed by the internal laws of the State of Georgia, without regard to principles of conflicts of law.

9.      <u>Authority</u>.  Each of the Parties represents that they have the authority to enter into this Stipulation.  Each of the undersigned represents that they have authority to agree to and execute this Stipulation on behalf of their respective clients.

10.      <u>Execution in Counterparts</u>.  This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11.      <u>Facsimile or Electronic Signature</u>.  Each of the Parties agrees that a signature on this Stipulation transmitted by facsimile or electronically (e.g., by PDF) will have the same force and effect as an original ink signature.  Each of the Parties agrees that, upon demand, each will provide the other with an original ink signature.

12.      <u>Merger Clause</u>.  The provisions of this Stipulation comprise all of the terms, conditions, agreements and representations of the Parties respecting the tolling of any time periods applicable to the Tolled Claims.

**Stipulated and Agreed by:**

Respectfully Submitted,

David Stauss (NJ I.D. #013862005)
**HUSCH BLACKWELL LLP**
1801 Wewatta Street, Suite 1000
Denver, CO 80202
T: 303.749.7200; F: 303.749.7272
Email: david.stauss@huschblackwell.com

/s/*Caleb T. Holzaepfel*
Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402

T: 423.755.2654; F: 423.266.5500
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

*/s/ Christopher D. Loizides*
Christopher D. Loizides (NJ I.D. #021921991)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, Delaware 19801.
Telephone:  302-654-0248
Email: loizides@loizides.com

and

*/s/ Steven Leibel*
Steven Leibel
LEIBEL LAW
Folger House
3619 S Chestatee
Dahlonega, Ga 30533
404-892-0700

*Attorneys for Laura Alevy and David Alevy*

*/s/ Paul J. Labov*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Attorneys for the Plan Administrator*