**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Marianna Udem
Brigette McGrath
ASK LLP
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
mudem@askllp.com
bmcgrath@askllp.com

*Special Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND, INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtor. | (Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),[2] Plaintiff, v. Defendants Listed on Exhibit "A," Defendants. | |

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

**MOTION FOR ORDER ESTABLISHING STREAMLINED
PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS
502, 542, 547, 548, 549, AND 550 OF THE BANKRUPTCY CODE**

Pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1 and 9019-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) (the "Plaintiff" or "Trustee"), by and through his undersigned counsel, hereby moves (the "Procedures Motion") for an order establishing procedures governing all adversary proceedings brought by Plaintiff pursuant to sections 502, 542, 547, 548, 549, and 550 of the Bankruptcy Code, as identified on the schedule attached hereto as **Exhibit A** (the "Avoidance Actions").[3] In support of the Procedures Motion, Plaintiff respectfully states as follows:

## PRELIMINARY STATEMENT

1.      In order to efficiently administer and resolve the volume of Avoidance Actions filed in the above-referenced bankruptcy cases (the "Bankruptcy Cases"), Plaintiff proposes that certain procedures be implemented to (a) eliminate the requirements of a Bankruptcy Rule 7026(f) and Local Rule 7016-1 scheduling conference and order and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions; (b) establish extensions to the responsive pleading deadline;

---

[3] On August 8, 2024, the Court entered an Order Granting Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 542, 547, 548, 549, and 550 of the Bankruptcy Code [D.I. 3445] (the "First Procedures Order"). The First Procedures Order granted relief that is substantially similar to the relief sought in the current Procedures Motion.

and (c) establish procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation in accordance with Local Rule 9019-2 (collectively, the "Proposed Procedures").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider the Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The statutory bases for the relief requested in the Procedures Motion are sections 105(a), 105(d), 502, 542, 547, 548, 549, and 550 of the Bankruptcy Code; Rules 7012, 7016, 7026, and 9006 of the Bankruptcy Rules; and Local Rules 7016-1 and 9019-2.

## BACKGROUND

5.      On April 23, 2023 (the "Petition Date"), each debtor (collectively, the "Debtors" or "Wind-Down Debtors"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  During the Chapter 11 Cases, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases were procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On September 14, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 111 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2160] (as amended, the

"Plan").

7.     On September 29, 2023, the effective date of the Plan occurred (the "Plan Effective Date"). On the Plan Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors. *See* Plan, Article IV, at § F.

8.     Pursuant to the Plan and the Confirmation Order, Plaintiff assumed responsibility for, *inter alia*, investigating, prosecuting, and compromising any and all of the Wind-Down Debtors' causes of action, including the Avoidance Actions listed on **Exhibit A** hereto.

## RELIEF REQUESTED

9.     Plaintiff has commenced approximately 47 Avoidance Actions against the defendants set forth on **Exhibit A** (each, a "Defendant" and, collectively, the "Defendants").

10.     By this Procedures Motion, Plaintiff seeks an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order") approving the Proposed Procedures in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## THE PROPOSED PROCEDURES

11.     The following is a summary of the Proposed Procedures.  The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures. Interested

parties should refer to the Proposed Order attached hereto as **Exhibit B** for a complete understanding of the Proposed Procedures:[4]

### A.    Extension of Time to Respond to Complaints

12.    The Proposed Procedures extend a Defendant's time to answer or otherwise respond to a complaint by up to sixty (60) calendar days after the Defendant's initial response time expires. This extension will help to maximize the number of Avoidance Actions that Plaintiff is able to settle expeditiously and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

### B.    Waiver of Pretrial and Scheduling Conferences;
### Stay of Discovery Until Conclusion of the Mediation Process

13.    Plaintiff also requests that the Court (a) waive the requirement of an initial pretrial conference pursuant to Fed. R. Civ. P. 16, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016; (b) except as otherwise provided below, waive the requirement of a scheduling conference pursuant to Fed. R. Civ. P. 26(f), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026; and (c) stay formal discovery in all Avoidance Actions until conclusion of the Mediation Process (as defined below). Waiving and/or staying these requirements will facilitate settlement, minimize costs, and alleviate the Court's administrative burden with respect to the Avoidance Actions.

14.    Local Rule 7016-1 provides that the parties must confer on the dates to be included in the Joint Order Scheduling Pretrial Proceedings and Trial (the "Joint Order") and that, if the parties agree on dates and submit the Joint Order at least three (3) days before the scheduled pretrial conference, they do not need to appear at a pretrial conference. Here, good cause exists to waive

---

[4] To the extent that there are any inconsistencies between the summary and description of the Proposed Procedures set forth in this Procedures Motion and the Proposed Order, the Proposed Order shall control.

both the conference about the Joint Order and the pretrial conference. Plaintiff's counsel served

the Procedures Motion proposing Plaintiff's approximately two (2) months before a hearing is

scheduled on the same. This timeline provides any Defendant with an opportunity to discuss

particular issues with Plaintiff's counsel and work toward a mutually acceptable resolution prior

to the deadline to formally object to the Procedures Motion. Conversely, should a defendant take

no issue with the Proposed Procedures, a defendant is spared the expense of attending a pretrial

and motion hearing.

15.      The stay of discovery is consistent with Local Rules, and specifically Local Rule

9019-2(g), which provides for a stay of discovery schedules except for initial disclosures. Plaintiff

proposes to apply these procedures to all Avoidance Actions, including a stay of initial disclosures

because early mediation – with discovery to follow only if mediation is unsuccessful – benefits all

parties by potentially obviating the need for incurring the burdens and costs associated with formal

discovery and, thereafter, trial. At the same time, the stay of discovery will not limit the informal

exchange of documents or information at any time during settlement discussions or in mediation

in an attempt to resolve the Avoidance Action.

16.      Moreover, the proposed stay will not preclude either party from requesting pre-

mediation formal discovery. Should the non-requesting party consent to formal discovery in

advance of mediation, the parties will conduct a Rule 26(f) conference and submit a discovery

scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the

completion of fact discovery before the Mediation Process. The Proposed Procedures provide that,

if the non-requesting party does not consent to pre-mediation formal discovery, the requesting

party may request relief from the stay of discovery by filing a 2-page letter with the Court, with a

copy to chambers, outlining the dispute.

17.    Following the conclusion of the Mediation Process, if mediation is unsuccessful, the Proposed Procedures provide a uniform timeline for service of Rule 26(a) initial disclosures, and, thereafter, the completion of fact and expert discovery.  In light of the number of Avoidance Actions, the implementation of a uniform timeline for discovery and motion practice is critical to providing a structured, efficient process for resolution of the Avoidance Actions. The result will be a process that fosters an expeditious resolution of the Avoidance Actions for the benefit of all parties, discourages dilatory litigation tactics, and eases the administrative burden of the Court.

C.    **The Mediation Process**

18.    Mandatory Mediation. The Proposed Procedures provide that, unless otherwise agreed by Plaintiff and a Defendant, any Avoidance Action that has not settled by May 30, 2025, will be referred to mediation (the "Mediation Process"). Mediation will be privileged and confidential, and proceedings, discussions, and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing, or responsibility.

19.    Mediators. Mediators will be chosen by Defendants from the list of mediators attached hereto as **Exhibit C** (the "Mediators"). Unless extended, Defendants must select a mediator in writing between June 1, 2025 through June 15, 2025. If a Defendant does not timely choose a Mediator, Plaintiff will assign a Mediator. Limiting the number of Mediators assigned to the Avoidance Actions will, among other things, (a) minimize the time and expense of negotiating with Defendants over the selection of a Mediator, and (b) ensure that the Mediators quickly develop a strong understanding of the facts and issues common to all of the Avoidance Actions.

20.    Time/Place of Mediation. Avoidance Actions will be mediated by video conference unless the parties and the Mediator agree to conduct an in-person mediation. Each Mediator will

provide Plaintiff with dates on which he or she is available. Plaintiff's counsel will contact

Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator.

Mediation will then be scheduled on a first-come, first-served basis, and Defendants will receive

at least twenty-one (21) calendar days' written notice of the date and time of mediation.

21.     <u>Position Papers/Presentations</u>. At least seven (7) calendar days before mediation,

Plaintiff and the applicable Defendant will be required to exchange position statements and provide

such statements to the Mediator, except that any party that has confidential information may share

the same solely with the Mediator. The Mediator will have full authority to determine the nature

and order of the parties' presentations, and he/she may implement additional procedures as are

reasonable and practical under the circumstances. If any party fails to make required submissions

or attend mediation, in addition to the remedies under Local Rule 9019-2(j), the non-defaulting

party may file a motion for default judgment or to dismiss the Avoidance Action.

22.     <u>Attendance at Mediation</u>. Consistent with the spirit of the Local Rules, the Proposed

Procedures anticipate that parties will participate in mediation in good faith with a view towards

settling the Avoidance Actions. Accordingly, at least one counsel for each party and a

representative of each party with full settlement authority must attend the mediation.

23.     <u>Mediator's Report</u>. In accordance with Local Rule 9019-2(p), the Mediator will file

the Local Form Mediation Report no later than seven (7) days after the mediation concludes.

24.     <u>Fees</u>. In accordance with Local Rule 9019-1(g), the parties will share the mediation

fees and expenses equally. The Proposed Procedures provide for a fixed fee payable to the

Mediator depending on the size of the action.

25.     <u>Conflicts of Interest.</u> Without the prior consent of both parties, no Mediator will

mediate an Avoidance Action in which his/her law firm represents a party. If a Mediator's law

firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall. So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action.

### D.    Avoidance Action Hearings

26.    The initial pretrial conference shall have been deemed to be held on April 24, 2025, at 10:00 a.m. (ET). Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to future date(s), if any, as properly noticed.

### ARGUMENT

27.    There is ample authority for the Court to approve the Proposed Procedures. Specifically, Bankruptcy Rule 7016(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation. *See, e.g.,* Fed. R. Bankr. P. 7016(b)(3)(B). Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d).

28.    The Proposed Procedures are also consistent with the Local Rules and are similar to procedures adopted in other cases in the Third Circuit and elsewhere. *See, e.g., In re HRB Winddown, Inc., et al.,* Case No. 19-12689 (BLS) (Bankr. D. Del. March 4, 2022); *In re CR*

9

*Holding Liquidating, Inc., et al.,* Case No. 19-10210 (LSS) (Bankr. D. Del. Jan. 14, 2020); *In re Sears Holdings Corp., et al.,* Case No. 18-23538 (RDD) (Bankr. S.D.N.Y., Dec. 20, 2020); *In re RML, Inc. (Revlon, Inc.), et al.,* Case No. 22-10784 (Bankr. S.D.N.Y., June 15, 2022).

29.    The Proposed Procedures will (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant, (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions, (c) minimize the Court's administrative burden, furthering the goals of judicial economy and the conservation of judicial resources, and (d) maximize the recovery of funds for creditors of the estate. To the extent that the Proposed Procedures deviate from otherwise applicable rules and orders, Plaintiff submits that such variations are warranted in light of the number of Avoidance Actions associated with these Cases, absent which it will be more difficult for this Court to administer these matters. Accordingly, Plaintiff believes that the Proposed Procedures are appropriate under the circumstances and in the best interest of the estates' creditors, as well as all other parties to the Avoidance Actions, and should be approved.

## NOTICE

30.    Notice of this Procedures Motion has been provided to: (i) the United States Trustee for the District of New Jersey and (ii) all entities that are Defendants in the Avoidance Actions as of the date hereof, which are identified on **Exhibit A**. Plaintiff respectfully submits that such notice is adequate and that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant the Procedures Motion, enter the Proposed Order in the form attached hereto as **Exhibit B** and grant such other and further relief as the Court deems just and proper.

Dated: March 3, 2025

**ASK LLP**

By:  /s/ *Brigette McGrath*
Brigette McGrath Esq., NJ SBN 01000-2011
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: 651-289-3865
Fax: (651) 406-9676
Email: bmcgrath@askllp.com

-and-

Marianna Udem, Esq.
60 East 42nd Street, 46th Fl.
New York, NY  10165
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Attorneys for Plaintiff*