**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Hearing Date:**       **April 22, 2025**<br>**Hearing Time:**       **10:00 a.m. (ET)**<br>**Response Deadline:**   **April 15, 2025**<br><br>**ORAL ARGUMENT WAIVED UNLESS RESPONSES ARE TIMELY FILED** |

## PLAN ADMINISTRATOR'S OBJECTION TO CLAIM
## FILED BY JASON COGGINS
## (Claim No. 2192)

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the Certificate *of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly

affiliated debtors (the "Debtors") files this *Objection to Claim 2192 Filed by Jason Coggins* (the "Objection").[3] Pursuant to the Objection and the Declaration of Michael Goldberg attached as **Exhibit A** (the "Goldberg Dec."), the Plan Administrator moves the Court for entry an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order") disallowing Claim 2192 in its entirety. To the extent that the Court allows Claim 2192 in any amount, the Plan Administrator requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim. In support of this Objection, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Plan Administrator confirms consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought in this Objection are sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

---

known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms use but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

## BACKGROUND

### A.      General Background

4.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

5.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

6.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311] On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[4]

7.      The Plan Administrator currently has until March 31, 2025 to object to Claims (the "Claim Objection Bar Date"), which date may be extended by the Court upon the request of

---

[4] Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at § B.

the Plan Administrator.[5] On March 4, 2025, the Plan Administrator filed his *Third Motion for Order Extending the Period to Object to Claims* [Doc. No. 3928, 3929] (the "Extension Motion"), pursuant to he seeks to extend the Claims Objection Bar Date to September 29, 2025. Pursuant to the Plan, unless a Court order has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed.[6]

8.      As of February 24, 2025, creditors have filed 20,621 proofs of claim against the Debtors ("Total Claims"), including over thirteen hundred (1,300) claims that assert administrative status pursuant to Bankruptcy Code section 503(b), over thirteen hundred (1,300) that assert priority pursuant to Bankruptcy Code section 507 and over six hundred (600) that alleged they are secured. The current amount of asserted Class 6 General Unsecured Claims is over $3 billion.

---

[5] Pursuant to the Plan, the "*Claims Objection Bar Date* means the deadline for objecting to a Claim, which shall be on the date that is 180 days after the Effective Date (as may be extended by the Court upon the request of the Debtors or the Wind-Down Debtors)." Plan, Article I.A, at § 28. The original Claims Objection Bar Date was March 27, 2024. The Court extended the deadline to September 30, 2024 [Doc. No. 2933] and then to March 31, 2025 [Doc. No. 3541].

[6] The Plan provides, "Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Cases allowing such Claim." Plan, Article IV, at § A. "Allowed" means, with respect to any Claim or Interest, except as otherwise provided herein: (a) a Claim or Interest that is evidenced by a Proof of Claim timely Filed by the Bar Date or a request for payment of Administrative Claim timely Filed by the Administrative Claims Bar Date (or for which Claim or Interest under the Plan, the Bankruptcy Code, or a Final Order of the Bankruptcy Court a Proof of Claim or a request for payment of Administrative Claim is not or shall not be required to be Filed) . . . provided that, with respect to a Claim or Interest described in clauses (a) and (b) above, such Claim or Interest shall be considered Allowed only if and to the extent that with respect to such Claim or Interest no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or if such an objection is so interposed, such Claim or Interest shall have been Allowed by a Final Order." Plan, Article I.A, at § 14.

B.    **Schedules and Claims Process**

9.      On May 30, 2023, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Doc. Nos. 499-568, 570-573] (collectively, and as each may have been amended from time to time, the "Schedules and Statements") in the Chapter 11 Cases.

10.     On May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Doc. No. 584] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these Chapter 11 cases.

11.     The Bar Date Order established (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "General Claims Bar Date"); (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the

deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim (the "Rejection Damages Bar Date").

12.    With respect to Administrative Claims, the Bar Date Order provides:

> Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert an Administrative Expense Claim pursuant to 503(b), other than claims arising pursuant to section 503(b)(9), or 507(a)(2), shall submit a written proof of such Claim so that it is actually received by the Notice and Claims Agent before (a) on July 7, 2023 for claims incurred through June 27, 2023, (b) for all claims arising after June 27, 2023, on the 15th day of the month following the month in which the claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"), in accordance with this Bar Date Order; provided, however, that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

Bar Date Order, ¶ 6.[7] The Effective Date of the Plan was September 29, 2023, so the last Administrative Claims Bar Date for claims incurred after July 7, 2023 was October 13, 2023.

13.    On June 5, 2023, the Debtors caused a bar date notice to be published in The New York Times. [Doc. No. 638.] With the assistance of Kroll Restructuring Administration LLC (the "Claims Agent"), on May 31, 2023, the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set forth in the Case Management Order. [Doc. No. 893]. The Bar Date Order and Proof of Claim Forms were

---

[7] The Confirmation Order provides, "Except as otherwise provided in the Plan, requests for payment of Administrative Claims must be Filed no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to File and serve a request for such payment of such Administrative Claims that do not file and serve such a request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, any purchasers of their assets, or their respective property, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date." Confirmation Order, ¶ 123.

also published on the Debtors' case website maintained by the Claims Agent at https://restructuring.ra.kroll.com/bbby.

14.    In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator and his professionals (including the Claims Agent) are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

## C.    The Disputed Claim

15.    On or about May 22, 2023, Jason Coggins ("Claimant") filed a proof of claim (docketed as Claim 2192 (the "Disputed Claim")) against debtor Bed Bath & Beyond Inc. ("BBB") in the amount of five hundred million dollars ($500,000,000.00). The basis of the claim is listed as "Lost Wages". Without any supporting documentation or description, Claimant indicates that the Disputed Claim is (a) secured by a motor vehicle in an undetermined amount; (b) is based on a lease with a cure amount of $500,000,000.00 as of the Petition Date; (c) is entitled to priority under 11 U.S.C. § 507(a)(7)(deposits) in the amount of $200,000.00; (d) is entitled to priority under 11 U.S.C. § 507(a)(4)(wages) in the amount of in the amount of $200,000,000.00 and (e) is entitled to administrative priority under 11 U.S.C. § 503(b)(9) in an undetermined amount. There are no attachments or supporting documentation for the Disputed Claim.[8]

---

[8] A true and correct copy of the Disputed Claim (with personal identifying information redacted) is attached as **Exhibit C**.

## RELIEF REQUESTED

16.    By this Objection, the Plan Administrator seeks entry of an order, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1 disallowing and expunging the Disputed Claim. To the extent that the Court allows the Disputed Claim in any amount, the Plan Administrator requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim.

## BASIS FOR RELIEF

30.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The Plan Administrator has the right and the duty to object to the allowance of any Claim that is improper. *See* Plan, Article IV, at § B; 11 U.S.C. § 1106(a)(1).

17.    When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, the proof of claim must "allege facts sufficient to support the claim." *Allegheny*, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed prima facie valid. *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (*citing Allegheny*, 954 F.2d at 173–74); *Lampe v. Lampe,* 665 F.3d 506, 514 (3d Cir. 2011).

18.     A party wishing to dispute a claim that meets the burden of prima facie validity must produce evidence in sufficient force to negate the claim's prima facie validity. *Allegheny*, 954 F.2d at 173. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id*.

19.     The Plan Administrator objects to the Disputed Claim on the following grounds: (i) the Disputed Claim is unenforceable against the Debtors and the property of the Debtors (11 U.S.C. § 502(b)(1)) and (ii) the Disputed Claim is not entitled to pre-petition priority (11 U.S.C. § 507), is not entitled to administrative priority (11 U.S.C. § 503(b)) and is not secured (11 U.S.C. § 506).

**A.      The Disputed Claim is unenforceable against the Debtors and their property pursuant to 11 U.S.C. § 502(b)(1).**

20.     If an objection to a claim is brought, the Court "shall" determine the amount of the claim as of the petition date and "shall" allow the claim in that amount, except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The Disputed Claim should be disallowed in its entirety because it does not allege facts sufficient to establish any legal liability of the Debtors to Claimant.

21.     The Debtors' books and records indicate no liabilities are owing to Claimant, and Clamant fails to establish any facts as to his alleged "lost wages" that would support any valid claim against BBB much less a claim for $500 million.[9]

22.     In fact, the Plan Administrator is informed and believes that all wages, salaries and commissions owing to the Debtors' Employees (including Claimant) for the pre-petition (and post-petition) periods have been paid in full.[10]

23.     On the Petition Date, the Debtors filed their *Motion for Entry of Interim and Final Orders (1) Authorizing the Debtors to (a) Pay Prepetition Wages, Salaries Other Compensation and Reimbursable Expenses and (b) Continue Employee Benefit Programs and (II) Granting Related Relief* (the "Priority Wage Motion") [Doc. 11]. Pursuant to the Priority Wage Motion, the Debtors sought authority to pay $76 million in pre-petition compensation and benefits to their workforce (consisting of 14,000 nonseasonal employees, 6000 of which worked full-time and 8,000 of which worked part-time) (the "Employees") which the Debtors outlined as follows:

| Employee Related Obligation | Amount |
|---|---|
| Employee Compensation | $29,400,000.00 |
| Independent Contractor Compensation | $389,000.00 |
| Payroll Processing Fees | $6,200,000.00 |
| Withholding and Deduction Obligations | $10,900,000.00 |
| Reimbursable Expenses | $1,200,000.00 |
| Health Insurance Programs | $7,500,000.00 |
| Life and AD&D Insurance and Disability | $344,000.00 |
| Workers' Compensation Program | $14,700,000.00 |
| Paid Leave | $4,400,000.00 |
| Supplemental Benefits Programs | $500,000.00 |
| | |
| Total | $76,133,000 |

---

[9] The Schedules and SOFA for BBB do not schedule any claim for Claimant. [Doc. 568].

[10] There is a possible exception for certain claims of management, former management and certain other Insiders that are not relevant to this Objection.

24.     The Priority Wage Motion was approved by this Court on an interim basis on April 24, 2023 [Doc. 77] (the "Interim Priority Wage Order") and on a final basis on May 18, 2023 [Doc. 388] ( the "Final Priority Wage Order") . Pursuant to the Final Priority Wage Order, the Debtors were authorized to pay all pre-petition and post-petition Employee Compensation to the Employees in the ordinary course of business without further order of the Court and (with the exception of Insiders) even in excess of the limits set forth in Bankruptcy Code sections 507(a)(4)[11] and 507(a)(5).[12] The Plan Administrator is informed and believes that the Debtors did so.  Accordingly, the Plan Administrator submits that no "lost wages" are owing to Claimant and requests that the Court disallow the Disputed Claim.

**B.    Any allowed amount of the Disputed Claim should be reclassified as a Class 6 General Unsecured Claim.**

25.     As was set forth above, the Plan Administrator requests that the Disputed Claim be disallowed in its entirety. To the extent that the Court determines that any amount of the Disputed Claim should be allowed, the Plan Administrator requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim.

*a.      The Disputed Claim is not entitled to priority under Bankruptcy Code section 507.*

---

[11] The following claims are fourth in order of priority, "allowed unsecured claims, but only to the extent of $10,000 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor." 11 U.S.C. § 507(a)(4).

[12] The following claims are fifth in order of priority, "allowed unsecured claims for contributions to an employee benefit plan—(A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only (B) for each such plan, to the extent of—(i) the number of employees covered by each such plan multiplied by $10,000; 2 less (ii)the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan."  11 U.S.C. § 507(a)(5).

26.     The Disputed Claim improperly asserts priority unsecured status pursuant to various provisions of 11 U.S.C. § 507(a), none of which Claimant has even attempted to establish. Claimant also asserts that $200,000.00 of the Disputed Claim is entitled to priority as a deposit pursuant to 11 U.S.C. § 507(a)(7), but it is obvious from the face of the Disputed Claim that no portion of the claim (which is for "lost wages") is related to the "purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided."[13] Claimant further asserts that $200 million of the Disputed Claim is entitled to priority as wages, salaries or commissions earned within 180 days prior to the Petition Dates pursuant to 11 U.S.C. § 507(a)(4). As was noted above, the Debtor's books and records reflect that no wages, salaries or commissions are owing to Claimant much less any earned within the 180 days prior to the Petition Date. Accordingly, the Disputed Claim does not qualify for priority status under any provision of section 507(a) of the Bankruptcy Code and, if not disallowed in its entirety, any allowed amount should be reclassified as a Class 6 General Unsecured Claim under the Plan.

> **b.**     **The Disputed Claim is not entitled to priority as an administrative expense pursuant to Bankruptcy Code sections 507(a)(2) and 503(b)(9)).**

27.     The Disputed Claim also improperly asserts administrative status pursuant to 11 U.S.C. § 503(b)(9), which provides, "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . . including---the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). To

---

[13] The following claims are seventh in order of priority, "allowed unsecured claims of individuals, to the extent of $3,350 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." 11 U.S.C. § 507(a)(7).

prevail on a 503(b)(9) claim, Claimants must establish: (1) that they sold goods to the Debtors; (2) the goods were received by the Debtors within twenty days prior to filing; and (3) the goods were sold to the Debtors in the ordinary course of business. *In re Goody's Family Clothing, Inc*., 401 B.R. 131, 133 (Bankr. D. Del. 2009) (emphasis added). Claimant has made no such a showing.

### c.    The Disputed Claim is not entitled to secured status pursuant to Bankruptcy Code section 506.

28.    The Disputed Claim improperly asserts secured status where it does not contain any valid basis for treatment as a secured claim. To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the debtor's estate has an interest. 11 U.S.C. § 506(a). Moreover, Bankruptcy Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). If a creditor cannot demonstrate that its claim is secured by a lien or other security interest in the property of the debtor's estate, the claim must be treated as unsecured.

29.    Here, the Disputed Claim lacks *prima facie* validity of secured status. Claimant has failed to include any documentation or explanatory support establishing his claim is secured by any interest in the Debtors' property. As a result, to the extent not disallowed in its entirety, any allowed amount of the Disputed Claim should be reclassified as a Class 6 General Unsecured Claim.

30.    Accordingly, and for the reasons set forth above, the Plan Administrator requests that the Court sustain the Objection and disallow and expunge the Disputed Claim. To the extent that the Court allows the Disputed Claim in any amount, the Plan Administrator requests that any allowed amount be reclassified as a Class 6 General Unsecured Claim.

## **RESERVATION OF RIGHTS**

31.    Nothing contained in this Objection or any actions taken by the Plan Administrator pursuant to the relief requested herein is intended or should be construed as (a) an admission as to the validity or amount of any claim against the Debtors; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtors and the Plan Administrator reserve the right to object to the Disputed Claim on any other ground that bankruptcy and non-bankruptcy law permits.

## **NOTICE**

32.    Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings**. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule

2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

33.    Pursuant to Paragraph 124, notice of the Objection and the hearing thereon was given to (i) the Claimant; (ii) the U.S. Trustee; (iii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (iv) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances

## NO PRIOR REQUEST

34.    No prior request for the relief sought in this Objection has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the Proposed Order disallowing and expunging the Disputed Claim and granting such other and further relief as is just and proper under the circumstances.

Dated:  March 12, 2025

*/s/ Bradford J. Sandler*

Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Email:          bsandler@pszjlaw.com
                    plabov@pszjlaw.com
                    crobinson@pszjlaw.com

*Counsel to the Plan Administrator*

**<u>Exhibit A</u>**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Bradford J. Sandler | |
| Paul J. Labov | |
| Colin R. Robinson | |
| PACHULSKI STANG ZIEHL & JONES LLP | |
| 780 Third Avenue, 34th Floor | |
| New York, NY 10017 | |
| Telephone:  (212) 561-7700 | |
| Facsimile:  (212) 561-7777 | |
| bsandler@pszjlaw.com | |
| plabov@pszjlaw.com | |
| crobinson@pszjlaw.com | |
| *Counsel to the Plan Administrator* | |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

### ORDER SUSTAINING PLAN ADMINISTRATOR'S OBJECTION TO CLAIM FILED BY JASON COGGINS (<u>Claim No. 2192</u>)

The relief set forth on the following page is **ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Upon the objection (the "Objection")[2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, seeking entry of an order (this "Order") disallowing Claim 2192 and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg* in support thereof; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is sustained.

2.      Claim 2192 is disallowed in its entirety and is expunged.

4.      The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

5.      Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

6.      The Court shall retain jurisdiction to construe and enforce this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

**Exhibit B**

**Declaration of Michael Goldberg**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| --- | --- |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Bradford J. Sandler<br>Paul J. Labov<br>Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## DECLARATION OF PLAN ADMINISTRATOR MICHAEL GOLDBERG IN SUPPORT OF OBJECTION TO CLAIM FILED BY JASON COGGINS (Claim No. 2192)

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as follows:

1.       I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and 73 affiliated debtors (the "Debtors"). I give this declaration in support of the *Objection to  Claim 2192 Filed by Jason Coggins* (the "Objection").[3]

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833

2.      Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents including the Disputed Claim and the Objection; (c) information provided to me by, or discussions with, members of my management team, other employees, or the Debtors' other advisors; and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

4.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

5.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311]

---

DOS ID 315602].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or in the Plan.

6.    On the Effective Date, I became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.

7.    As of February 24, 2025, creditors have filed 20,621 proofs of claim against the Debtors ("Total Claims"), including over thirteen hundred (1,300) claims that assert administrative status pursuant to Bankruptcy Code section 503(b), over thirteen hundred (1,300) that assert priority pursuant to Bankruptcy Code section 507 and over six hundred (600) that alleged they are secured. The current amount of asserted Class 6 General Unsecured Claims is over $3 billion.

8.    In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. My professionals and I are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

9.    On or about May 22, 2023, Jason Coggins ("Claimant") filed a proof of claim (docketed as Claim 2192 (the "Disputed Claim")) against debtor Bed Bath & Beyond Inc. ("BBB") in the amount of five hundred million dollars ($500,000,000.00). The basis of the claim is listed as "Lost Wages". Without any supporting documentation or description, Claimant indicates that the Disputed Claim is (a) secured by a motor vehicle in an undetermined amount; (b) is based on a lease with a cure amount of $500,000,000.00 as of the Petition Date; (c) is entitled to priority under 11 U.S.C. § 507(a)(7)(deposits) in the amount of $200,000.00;

(d) is entitled to priority under 11 U.S.C. § 507(a)(4)(wages) in the amount of in the amount of

$200,000,000.00 and (e) is entitled to administrative priority under 11 U.S.C. § 503(b)(9) in an

undetermined amount. There are no attachments or supporting documentation for the Disputed

Claim.

      10.     The Debtors books and records reveal no legal liability to Claimant.[4]  In

fact, I am informed and believe that all wages, salaries and commissions owing to the Debtors'

Employees for the pre-petition (and post-petition) periods have been paid in full.[5]

      11.     Accordingly, to the best of my knowledge and belief, and based on the

information and records available to me, the Disputed Claim should be disallowed in its entirety

because its does not allege facts sufficient to establish a legal liability of the Debtors to

Claimant.

      12.     To the extent that the Disputed Claim is allowed in any amount (which I

oppose), any allowed amount should be reclassified as a Class 6 General Unsecured Claim

because Claimant improperly asserts administrative, secured, or priority status where no basis

for such treatment exists.

     I declare under penalty of perjury that the foregoing statements are true and correct to the

best of my knowledge, information and belief.

Dated: March 12, 2025               */s/ Michael Goldberg*_____
                                  By: Michael Goldberg
                                  In His Capacity as Plan Administrator to 20230930-
                                  DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond
                                  Inc.) and 73 affiliated debtors

---

[4] The Schedules and SOFA for BBB do not schedule any claim for Claimant. [Doc. 568].

[5] There is a possible exception for certain claims of management, former management and certain other Insiders that are not relevant to this Objection.

**Exhibit C**

**Disputed Claim**

# United States Bankruptcy Court, District of New Jersey (Newark)

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath and Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

**Claim Number: 2192**

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Jason Coggins

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    Bed bath and beyond

**2. Has this claim been acquired from someone else?**

[✓] No

[ ] Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Address1: ▮▮▮▮ | Address1: |
| Address2: | Address2: |
| Address3: | Address3: |
| Address4: | Address4: |
| City: ▮▮▮ | City: |
| State: ▮▮ | State: |
| Postal Code: ▮▮ | Postal Code: |
| Country: | Country: |
| Contact phone ▮▮▮▮ | Contact phone _____ |
| Contact email ▮▮▮▮ | Contact email _____ |

**4. Does this claim amend one already filed?**

[✓] No

[ ] Yes. Claim number on court claims registry (if known)_____    Filed on ___/___/_____
                                                                     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[✓] No

[ ] Yes. Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __0__ __7__ __1__ __0__ |

---

7. How much is the claim?    $ 500000000

Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Lost wages

---

9. Is all or part of the claim secured?

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☑ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**  $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ 500000000

**Annual Interest Rate** (when case was filed) __20000000__ __00__ %

☐ Fixed

☐ Variable

---

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

---

11. Is this claim subject to a right of setoff?

☐ No

☑ Yes. Identify the property: Car _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ 200000 |
| ☑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 200000000 |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(     ) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**   $

---

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

05/22/2023

_____   _____
Electronic Signature         Date

**Name of the person who is completing and signing this claim**

| Name | Jason | W | Coggins |
|---|---|---|---|
| | First name | Middle name | Last name |

Title   Fork lift

Company   Bed bath and beyond

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

| Number | Street | | |
|---|---|---|---|
| City | | State | ZIP Code   Country |

Contact phone                     Email

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
 Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☐ Yes
☑ No

-----------------------------------------------------------------------------------------------------------

Attachment Filename:

KROLL

Electronic Proof of Claim Confirmation:  3335-1-ZUPRN-336203001

Claim Electronically Submitted on (UTC) :  2023-05-22T19:26:15.566Z

Submitted by:  Jason Coggins

**KROLL**