| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>Email: bsandler@pszjlaw.com<br>         plabov@pszjlaw.com<br>         crobinson@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND, INC., et al.,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## STIPULATION AND CONSENT ORDER ALLOWING CLAIM NO. 1582, ABANDONING CERTAIN PROPERTY, AND MODIFYING THE PLAN INJUNCTION

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

This stipulation and consent order (the "Stipulation") is made by and between Marlite Inc. ("Marlite"), and Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator",) to 20230930-DK-Butterfly-1, Inc. (the "Wind-Down Debtors") (f/k/a Bed Bath & Beyond Inc. and affiliated Debtors, the "Debtors")[2] The Marlite and Plan Administrator, by and through their undersigned counsel, shall be collectively referred to herein as the "Parties" or individually as the "Party."

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**WHEREAS,** on September 11, 2023, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan"), and on August 1, 2023, the Debtors filed the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713] (the "Disclosure Statement").

**WHEREAS,** on September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order").[3]

**WHEREAS**, on September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). On the Effective Date, the Plan Administrator became the sole representative of the Wind-

---

[2] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].
[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

Down Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[4]

**WHEREAS**, on or about May 17, 2023, Marlite filed a proof of claim against Debtor BBBI in the amount of $2,918,137.97 in connection with the sale of goods and storage fees, among other items, which is listed as Claim 1582 on the Debtors' claim register ("Claim 1582").

**WHEREAS,** Marlite continued to store the materials identified in Claim 1582 after the Petition Date and after the Effective Date (the "Stored Materials").

**WHEREAS,** the Plan Administrator and Debtors do not object to the entry of Claim 1582 as an allowed claim, but dispute liability related to the post-petition storage of the Stored Materials and seek to abandon the Stored Materials.

**WHEREAS,** Marlite is stayed from disposing of the Store Materials by the filing of the chapter 11 petitions pursuant to Bankruptcy Code section 362 and subsequently by the injunction set forth in the Plan and Confirmation Order (the "Plan Injunction").

**WHEREAS,** the Parties have agreed upon the terms set forth in this Stipulation, for which the Parties seek approval hereby.

---

[4] *See* Plan, Article IV, at § B ("Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.").

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Parties' Stipulation and are incorporated herein.

2. The Plan Administrator and Debtors hereby abandon the Stored Materials under Section 554 of the Bankruptcy Code.

3. The Plan Injunction is hereby modified solely for the purposes of allowing Marlite to dispose of the Stored Materials.

4. Claim 1582 is deemed Allowed and shall be an Allowed Claim.

5. Marlite waives any and all claims for post-petition storage and preservation of the Stored Materials.

6. Marlite, the Plan Administrator, and their respective agents are authorized and may take all actions necessary to effectuate the relief provided by this Stipulation.

7. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

8. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of this Order by the Court.

9. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties and an order of the Bankruptcy Court.

10. The Bankruptcy Court retains exclusive jurisdiction and power to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

Dated:  April 8, 2025

| | |
|---|---|
| **BARACK FERRAZZANO KIRSCHBAUM LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| */s/ Nathan Q. Rugg* <br> Nathan Q. Rugg, Esq. <br> Alexander F. Berk, Esq. <br> 200 W. Madison Street, Suite 3900 <br> Chicago, IL 60606 <br> Telephone:  (312) 984-3100 <br> Facsimile:  (312) 984-3150 <br> Email:  nathan.rugg@bfkn.com <br> alexander.berk@bfkn.com | */s/ Colin R. Robinson* <br> Bradford J. Sandler, Esq. <br> Paul J. Labov, Esq. <br> Colin R. Robinson, Esq. <br> 780 Third Avenue, 34th Floor <br> New York, NY 10017 <br> Telephone:  (212) 561-7700 <br> Facsimile:  (212) 561-7777 <br> Email:  bsandler@pszjlaw.com <br> plabov@pszjlaw.com <br> crobinson@pszjlaw.com |