| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>Peter O. Larsen (*pro hac vice* admission pending)<br>Raye Elliott (*pro hac vice* admission pending)<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>Facsimile: (904) 798-3730<br>peter.larsen@akerman.com<br>raye.elliott@akerman.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc., *et.al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359(VFP)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc.,<br>Plaintiff,<br><br>v.<br><br>PUERTO RICO DEPARTMENT OF TREASURY, an agency of the Commonwealth of Puerto Rico,<br>Defendant. | Adversary Proceeding No. _____ |

# **COMPLAINT**

4898-6499-6150.1 08728.003

Michael Goldberg, in his capacity as Plan Administrator (the "Plan Administrator" or "Plaintiff") for 20230930-DK-Butterfly-1, Inc.[1] f/k/a Bed Bath and Beyond, Inc.[2] and affiliated debtors (the "Debtors"), by and through undersigned counsel, files this adversary complaint against the Puerto Rico Department of Treasury, an agency of the Commonwealth of Puerto Rico (the "Department") and alleges as follows:

## Nature of the Action

1. The Plan Administrator brings this action against Defendant for a declaratory judgment that no liability exists under a $1 million surety bond posted with the Department and for a declaratory judgment that the surety bond is deemed released.

## The Parties

2. The Plan Administrator is the sole representative of the Debtors and assumed responsibility for collecting assets of the bankruptcy estate, as more fully set forth in the Debtors' confirmed Chapter 11 Plan as discussed below.

3. Defendant, the Department, is an executive branch agency of the United States Commonwealth of Puerto Rico which collects taxes on behalf of the Commonwealth.

## Jurisdiction and Venue

4. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 505(a).

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond, Inc. which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond, Inc." was changed to 20230930-DK-Butterfly, Inc.

[2] The last four digits of Debtor Bed Bath & Beyond, Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby/.

4898-6499-6150.1 08728.003                     2

6.    Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7.    The statutory and legal predicates for relief requested by this Complaint are sections 105 and 505 of title 11, United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001, *et. seq.*

## Factual Background

**A.**    **General Case Background**

8.    On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this case.

9.    On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. 2160] (as amended, the "Plan").

10.    On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). *See* Docket No. 2311. On the Effective Date, the Plan Administrator became the sole representative of the Wind Down Debtors and assumed responsibility for, *inter alia,* investigating, prosecuting and compromising any and all of the Wind Down Debtors' claims and causes of action. *See, e.g.,* Plan at Art. IV.F, VII.A.

B. **Surety Bond Posted With Department**

11. Prior to the commencement of these bankruptcy cases, the Debtors were leading retailers throughout the United States and had stores located in the Commonwealth of Puerto Rico.

12. Puerto Rico imposes sales tax on the sale of most goods sold in Puerto Rico. *See* 13 Laws of Puerto Rico Annotated ("L.P.R.A.") § 32021.

13. In order to ensure payment of the sales tax, the Puerto Rico Secretary of the Treasury may require a retailer to make a cash deposit or post a surety bond. *See* 13 L.P.R.A. § 32150.

14. Puerto Rico also imposes use tax on all taxable items imported into Puerto Rico. *See* 13 L.P.R.A. § 32022. The use tax is required to be paid on imported taxable items before the importer takes possession of the items. *See* 13 L.P.R.A. § 32103.

15. However, 13 L.P.R.A. § 32103(b) permits a taxpayer to post a surety bond with the Department and pay use taxes to the Department on a monthly basis while taking possession of the taxable imported items before paying the use tax.

16. The Debtor formerly known as Bed Bath & Beyond, Inc. (the "Debtor") posted a surety bond dated August 25, 2020 (the "Bond") with the Department in the amount of $1 million to guarantee payment of sales and use taxes on a monthly basis. A copy of the Bond is attached as **Exhibit A**.[3]

17. The Bond was issued by Arch Insurance Company ("Arch").

18. The Debtor was required to provide collateral to Arch for issuance of the Bond in the form of a $1 million cash deposit (the "Bond Collateral").

---

[3] The Bond is in Spanish. An uncertified English translation of the Bond is attached as **Exhibit B**.

19. The Bond states (as translated into English), "This bond shall be cancelled once the surety and/or principal request the cancellation thereof and the Secretary of the Treasury or his legal successor notifies his acceptance, as well as any tax due for the period covered by the bond."[4]

20. The Debtor paid all sales and use taxes owed to the Department.

21. The Department has not filed a proof of claim in this case for any amount of sales and use tax owed to the Department. The only proof of claim filed by the Puerto Rico Department of Treasury in this bankruptcy case is for corporate income tax, and not sales and use tax. *See* Proof of Claim 254[5] filed by the Department. The Bond does not guarantee payment of corporate income tax.

22. By letter dated September 16, 2024, counsel for the Debtor formally requested that the Department cancel and release the Bond, since no sales and use taxes covered by the Bond are owed to the Department by the Debtor.

23. In response, the Department requested that Arch formally cancel the Bond which Arch did by Notice of Cancellation dated October 22, 2024.

24. However, after receiving the requested cancellation of the Bond from Arch and despite repeated requests by the Plan Administrator, the Department has failed and refused to release the Bond.

25. Arch requires that the Bond be released by the Department before Arch will return the Bond Collateral to the Debtor.

26. The Department has failed and refused to release the Bond.

---

[4] The last paragraph on the first page of the Bond states in Spanish, "Esta fianza quedará cancelada una vez el fiador y/o fiado soliciten la cancelacion de la misma y el Secretario de Hacienda o su sucesor legal notique su aceptación, asi como cualquier arbitrio adeudad para el periodo comprendido en la fianza."

[5] The Plan Administrator intends to file an objection to this claim because the Debtor's books and records do not reflect any income taxes owed to the Department.

## Count I
### (Declaratory Judgment – No Liability Under the Bond)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

28. This is an action for equitable and declaratory relief brought pursuant to Rule 7001(a) and (i), Fed. R. Bankr. P. and 11 U.S.C. § 105 for a declaration that the Debtor owes no sales and use taxes to the Department and therefore no past, present or future liability exists under the Bond.

29. The only proof of claim filed by the Puerto Rico Department of Treasury in this bankruptcy case is for corporate income tax and not sales and use tax. *See* Proof of Claim 254 filed by the Department. The Bond does not guarantee payment of corporate income tax.

30. The Debtor's books and records do not reflect any sales or use taxes owed to the Puerto Rico Department of Treasury.

31. The Debtor requests that the Court declare that the Debtor has no liability for any amounts of sales and use tax to the Puerto Rico Department of Treasury and therefore no past, present or future liability exists under the Bond.

## Count II
### (Declaratory Judgment – Deemed Release of the Bond)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

33. In the alternative to Count I of this Complaint and in the event that the Department does not respond to this Complaint, Plaintiff requests that the Court deem the Bond released such that the Department cannot make any claims under the Bond.

34. Given the Department's lack of response to the Plan Administrator's repeated requests for release of the Bond, Plaintiff is concerned that the Department will not respond to this Complaint.

35. Accordingly, Plaintiff requests that the Court declare that the Bond is released and that the Department may not make any claims under the Bond.

**Prayer for Relief**

WHEREFORE, Michael Goldberg, in his capacity as Plan Administrator respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment declaring that no past, present or future liability for sales or use taxes exists under the Bond;

ii. Pursuant to Count II, enter judgment declaring that the Bond is released and that the Defendant may not make any claims under the Bond;

iii. Award Plaintiff costs, and expenses of this suit; and

iv. Grant the Plaintiff such other and further relief the Court deems just.

Dated: April 14, 2025

/s/ Colin R. Robinson
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:    bsandler@pszjlaw.com
    plabov@pszjlaw.com
    crobinson@pszjlaw.com

and

Peter O. Larsen (*pro hac vice* admission pending)

        Raye Elliott (*pro hac vice* admission pending)
        50 North Laura Street, Suite 3100
        Jacksonville, FL 32202
        Telephone:   (904) 798-3700
        Facsimile:    (904) 798-3730
        Email:        peter.larsen@akerman.com
                        raye.elliott@akerman.com

        Counsel to the Plan Administrator