# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Mark Lichtenstein, Esq.
AKERMAN LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone:     (212) 880-3800
Facsimile:      (212) 880-8965
Email: mark.lichtenstein@akerman.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

**STIPULATION AND**
**CONSENT ORDER RESOLVING CERTAIN OBLIGATIONS**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED.**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

80693860;6

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CERTAIN OBLIGATIONS |

This Stipulation and Consent Order Resolving Certain Obligations (the "Stipulation") is entered into by and between Iron Mountain Management LLC ("Iron Mountain") and Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (the "Wind-Down Debtors") (f/k/a Bed Bath & Beyond Inc. and affiliated Debtors) (collectively, the "Debtors").[2] Iron Mountain and the Plan Administrator, by and through their undersigned counsel, shall be collectively referred to herein as the "Parties" or, individually, as the "Party."

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

**WHEREAS**, on September 11, 2023, Debtors filed the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan") and, on August 1, 2023, Debtors filed the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713] (the "Disclosure Statement");

**WHEREAS**, on September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II)*

---

[2] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

2

80693860;6

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CERTAIN OBLIGATIONS |

*Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order").[3]

**WHEREAS**, on September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). On the Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation and objecting to claims.[4]

**WHEREAS**, Debtors have several accounts with Iron Mountain for storage of physical inventory and electronic data; two tape accounts, 55113.188278, 55119.187689 (the "Tape Accounts"); and one cloud account, 44090.186297 (the "Cloud Account") (collectively, the "Accounts.")

**WHEREAS**, prior to the Plan confirmation and shortly thereafter, Debtors indicated that they wished to discontinue the storage services with Iron Mountain, but Iron Mountain continued to store physical inventory as well as providing cloud services. Invoices continued to accrue and have gone unpaid.

**WHEREAS**, Iron Mountain provided the Plan Administrator with certain quotes, pursuant to certain standard pricing schedules maintained by Iron Mountain, for the cost to retrieve,

---

[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

[4] *See* Plan, Article IV, at § B ("Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.").

3

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CERTAIN OBLIGATIONS |

administer and destroy the physical inventory in the accounts along with the post-petition storage fees and storage charges on the Accounts, which total over $500,000.00 (the "Closure Costs").

**WHEREAS**, on July 6, 2023, Iron Mountain filed a proof of claim against Debtors in the amount of $840,385.55, Claim No. 11420, in connection with the Accounts and on a post-petition basis, $562,969.29 remain due and owing in connection with the Accounts.

**WHEREAS**, given the status of Debtors' bankruptcy case and lack of sufficient funds to pay the full Closure Costs (as set forth in the Quotes) for the Accounts, the Plan Administrator and Iron Mountain conferred regarding the amount claimed under the Accounts and the Closure Costs, and the relative costs and benefits of a consensual resolution of, or a contested matter regarding, the Closure Costs and other amounts due under the Accounts to each of the Parties.

**WHEREAS**, the Parties now wish to settle and resolve the amounts claimed owing and any and all other claims between them relating to the Accounts, including the Closure Costs.

**WHEREAS**, the Parties have agreed upon the terms set forth in this Stipulation, for which the Parties seek Court approval hereby.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, WHICH THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

**WHEREAS**,

1. The recitals set forth above are hereby made an integral part of the Parties' Stipulation and are incorporated herein.

2. The Settlement Payment:

    a. Within five (5) days of the Bankruptcy Court's approval of this Agreement, the Plan Administrator shall pay $30,000.00 (the "Settlement Payment") to Iron Mountain in satisfaction of the Closure Costs.

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CERTAIN OBLIGATIONS |

      b. Upon receipt of the Settlement Payment, Iron Mountain is authorized and directed to destroy all remaining inventory and electronic data, and close the Accounts in the manner, and on the timeline, it determines appropriate in its sole discretion.

      c. Following remittance of the Settlement Payment, Iron Mountain shall release all claims it holds or may hold against the Debtors in connection with the Accounts, including the Closure Costs.

3. The Parties, for themselves and their agents, servants, employees, attorneys, insurers, heirs, affiliates, business enterprises, partnerships, associations, successors, assigns, executors, nominees and administrators, do release, remise, acquit and forever discharge the other, as well as their past, present and future partners, directors, officers, shareholders, executives, administrators, parent companies, subsidiaries, divisions, employees, servants, insurers, representatives, affiliates, franchisees, franchisors, agents, assigns, clients, attorneys, predecessors and successors-in-interest, and all other persons, firms, partnerships or corporations liable, or who might be claimed to be liable with respect to the Agreements of and from any and all actions, causes of action, claims, suits, demands, rights, debts, dues, obligations, accounts, contracts, agreements, controversies, judgments, damages, losses, costs, expenses, fees, attorneys' fees, sanctions, executions, liabilities, obligations and any and all other liabilities of any kind whatsoever, either in law or equity, whether known or unknown, suspected or unsuspected which could have been asserted from the beginning of time to the date hereof against each other solely relating to the Accounts, including the Closure Costs.

4. Except for the relief expressly granted herein, nothing in this Stipulation shall amend or otherwise alter the terms and conditions of the Plan and/or Confirmation Order.

5. The Plan Administrator and his agents and any third parties are authorized and shall take all actions necessary to effectuate the relief provided under this Stipulation.

DEBTORS: BED BATH & BEYOND INC., *et al.*
CASE NO. 23-13359 (VFP)
CAPTION OF ORDER: STIPULATION AND CONSENT ORDER RESOLVING CERTAIN OBLIGATIONS

6. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

7. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon approval by the Court.

8. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties and an order of the Bankruptcy Court.

9. The Bankruptcy Court retains exclusive jurisdiction and power to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

Dated: April 15, 2025

/s/*Mark Lichtenstein*
Mark Lichtenstein, Esq.
AKERMAN LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
Email: mark.lichtenstein@akerman.com

*Counsel to the Plan Administrator*

/s/*Jacqueline M. Doyle*
Jacqueline M. Doyle, Esq.
HACKETT FEINBERG
155 Federal Street, 9th Floor
Boston, MA 02110
Telephone: (617) 422-0200
Facsimile: (617) 422-0383
Email: jmp@bostonbusinesslaw.com

*Counsel to Iron Mountain Management LLC*

6