| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>Peter O. Larsen (*pro hac vice* admission pending)<br>Raye Elliott (*pro hac vice* admission pending)<br>AKERMAN LLP<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>Facsimile: (904) 798-3730<br>peter.larsen@akerman.com<br>raye.elliott@akerman.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc., *et.al.*,<br><br>          Debtors. | Chapter 11<br><br>Case No. 23-13359(VFP)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc.,<br>          Plaintiff,<br><br>v.<br><br>IDAHO STATE TAX COMMISSION, an agency of the State of Idaho,<br>          Defendant. | Adversary Proceeding No. _____ |

# **COMPLAINT**

Michael Goldberg, in his capacity as Plan Administrator (the "Plan Administrator" or "Plaintiff") for 20230930-DK-Butterfly-1, Inc.[1] f/k/a Bed Bath and Beyond, Inc.[2] and affiliated debtors (the "Debtors"), by and through undersigned counsel, files this adversary complaint against the Idaho State Tax Commission, an agency of the State of Idaho (the "Commission") and alleges as follows:

## Nature of the Action

1. The Plan Administrator brings this action against Defendant for turnover of certain tax overpayments made by the Debtors to the Commission.

## The Parties

2. The Plan Administrator is the sole representative of the Debtors and assumed responsibility for collecting assets of the bankruptcy estate, as more fully set forth in the Debtors' confirmed Chapter 11 Plan as discussed below.

3. Defendant, the Commission, is an executive branch agency of the State of Idaho, which collects taxes on behalf of the State.

## Jurisdiction and Venue

4. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 505(a).

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

---

[1] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond, Inc. which was filed with the State of New York Commission of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond, Inc." was changed to 20230930-DK-Butterfly, Inc.

[2] The last four digits of Debtor Bed Bath & Beyond, Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby/.

6. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for relief requested by this Complaint are sections 105, 505, and 542 of title 11, United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001, *et. seq.*

**Factual Background**

A. **General Case Background**

8. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this case.

9. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. 2160] (as amended, the "Plan").

10. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). *See* Docket No. 2311. On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia,* investigating, prosecuting and compromising any and all of the Debtors' claims and causes of action. *See, e.g.,* Plan at Art. IV.F, VII.A.

**B.      Overpayment to the Commission**

11.     Prior to the commencement of these bankruptcy cases, the Debtors were leading retailers throughout the United States and had stores located in the State of Idaho.

12.     Pursuant to Idaho tax statutes, the Debtors regularly paid Idaho state income taxes to the Commission that were due and owing on the income of the Debtors.

13.     Prior to the Petition Date, the Debtor formerly known as Bed Bath & Beyond, Inc. ("BBB") submitted income tax payments to the Commission in excess of what it actually owed to the Commission in the total amount of $48,653 (the "Overpayment") for fiscal year ending February 26, 2022.

14.     The Commission is currently holding the Overpayment and has not returned it to the Debtors.

15.     The only proof of claim filed by the Commission in this case is Claim 3603 in the amount of $614.04 (the "Claim") for a sales and use tax penalty.

**C.      Setoff and the Confirmation Order**

16.     The Confirmation Order states at paragraph 114(e)(4) that,

> Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that: . . . . (e) are otherwise discharged, satisfied, or stayed or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed in accordance with the terms of the Plan, from taking any of the following actions against, as applicable, the Debtors, Wind-Down Debtors, the Released Parties, or the Exculpated Parties: . . . (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a document filed with

        the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise.

17. The confirmed Plan contains the identical language at Article X, Section F.

18. The Commission did not preserve a right to setoff in a writing filed with the Bankruptcy Court.

## Count I
### (Turnover of Overpayment)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 above as if fully set forth herein.

20. The Commission is in possession of the Overpayment.

21. The Overpayment is property of the Debtors' estate under § 541.

22. The Overpayment constitutes a debt that the Commission owes to the Debtor, BBB that is property of the estate and that is matured, payable on demand, or payable on order.

23. The Plan Administrator believes that the Commission may have used the Overpayment as a set off against prepetition tax liability owed by the Debtors.

24. Pursuant to the Confirmation Order and the terms of the Confirmed Plan, a creditor is not permitted to set off against any property of the Debtors unless the creditor has preserved the right to set off in a writing filed with the Bankruptcy Court.

25. The Commission did not preserve any right to set off in any writing filed with the Court.

26. The Commission is not permitted to set off the Overpayment.

27. Alternatively, if not for the Overpayment, any prepetition tax liability owed to the Commission would ordinarily be paid as unsecured tax claims and/or Priority Tax Claims pursuant to the Plan and Confirmation Order.

28. The Plan provides for payment of Priority Tax Claims from the Combined Reserve which consists of the collapsed Priority Claims Reserve and Wind-Down Reserve created pursuant to the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay and (V) Granting Related Relief (Doc. 729) (the "Final DIP Order").

29. Pursuant to the Final DIP Order, the Priority Claims Reserve consists of a $10 million reserve to be used to pay Chapter 11 administrative expense claims and Priority Tax Claims.

30. Pursuant to the Order (I) Authorizing the Settlement of Ad Valorem Tax Claims of Texas Taxing Authorities, (II) Authorizing the Use of $2.8 Million Set Aside to Satisfy Claims of Texas Taxing Authorities, and (III) Granting Related Relief (Doc. 2954), $2.8 million of the Priority Claims Reserve was used to pay Texas ad valorem tax claims, leaving $7.2 million in the Priority Claims Reserve.

31. While the Plan Administrator is still in the process of filing objections to many of the Priority Tax Claims, the Plan Administrator does not believe there will be sufficient funds in the Priority Claims Reserve to fully pay all Chapter 11 administrative expense claims and Priority Tax Claims in full.

32. Under 11 U.S.C. § 553, the application of setoff is permissive and is within the equitable discretion of the Court.

33. Any attempted set off in this case is inappropriate against the prepetition tax liability for which the Commission did not file a claim, in part because the Commission would be receiving significantly more than other similarly situated Priority Tax and/or Unsecured Claimants.

34. Such use of set off would not be consistent with the purposes of the Bankruptcy Code as a whole.

35. Accordingly, pursuant to § 542, the Commission should be compelled to turn over the Overpayment to the Debtors.

**Prayer for Relief**

WHEREFORE, Michael Goldberg, in his capacity as Plan Administrator respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment compelling the Commission to turn over the Overpayment;

ii. Award Plaintiff costs, and expenses of this suit; and

iii. Grant the Plaintiff such other and further relief the Court deems just.

Dated: April 22, 2025

*/s/ Colin R. Robinson*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
Email:       bsandler@pszjlaw.com
             plabov@pszjlaw.com
             crobinson@pszjlaw.com

and

Peter O. Larsen (*pro hac vice* admission pending)
Raye Elliott (*pro hac vice* admission pending)
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730
Email: peter.larsen@akerman.com
raye.elliott@akerman.com

Counsel to the Plan Administrator