| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** Bradford J. Sandler, Esq. Paul J. Labov, Esq. Colin R. Robinson, Esq. PACHULSKI STANG ZIEHL & JONES LLP 780 Third Avenue, 34th Floor New York, NY 10017 Telephone: (212) 561-7700 Facsimile: (212) 561-7777 bsandler@pszjlaw.com plabov@pszjlaw.com crobinson@pszjlaw.com  Peter O. Larsen (*pro hac vice* admission pending) Raye Elliott (*pro hac vice* admission pending) AKERMAN LLP 50 North Laura Street, Suite 3100 Jacksonville, FL 32202 Telephone: (904) 798-3700 Facsimile: (904) 798-3730 peter.larsen@akerman.com raye.elliott@akerman.com  *Counsel to the Plan Administrator* | |
| In re:  20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc., *et.al.*,  Debtors. | Chapter 11  Case No. 23-13359(VFP)  (Jointly Administered) |
| MICHAEL GOLDBERG, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc., Plaintiff,  v.  PENNSYLVANIA DEPARTMENT OF REVENUE, an agency of the Commonwealth of Pennsylvania, Defendant. | Adversary Proceeding No. _____ |

# **COMPLAINT**

81066295;1

Michael Goldberg, in his capacity as Plan Administrator (the "Plan Administrator" or "Plaintiff") for 20230930-DK-Butterfly-1, Inc.[1] f/k/a Bed Bath and Beyond, Inc.[2] and affiliated debtors (the "Debtors"), by and through undersigned counsel, files this adversary complaint against the Pennsylvania Department of Revenue, an agency of the Commonwealth of Pennsylvania (the "Department") and alleges as follows:

### Nature of the Action

1. The Plan Administrator brings this action against Defendant for turnover of certain tax overpayments made by the Debtors to the Department.

### The Parties

2. The Plan Administrator is the sole representative of the Debtors and assumed responsibility for collecting assets of the bankruptcy estate, as more fully set forth in the Debtors' confirmed Chapter 11 Plan as discussed below.

3. Defendant, the Department, is an executive branch agency of the State of Pennsylvania, which collects taxes on behalf of the State.

### Jurisdiction and Venue

4. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 505(a).

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

---

[1] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond, Inc. which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond, Inc." was changed to 20230930-DK-Butterfly, Inc.

[2] The last four digits of Debtor Bed Bath & Beyond, Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby/.

6. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for relief requested by this Complaint are sections 105, 505, and 542 of title 11, United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001, *et. seq.*

## Factual Background

### A. General Case Background

8. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this case.

9. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. 2160] (as amended, the "Plan").

10. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). *See* Docket No. 2311. On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia,* investigating, prosecuting and compromising any and all of the Debtors' claims and causes of action. *See, e.g.,* Plan at Art. IV.F, VII.A.

**B.    Overpayments to the Department**

11.    Prior to the commencement of these bankruptcy cases, the Debtors were leading retailers throughout the United States and had stores located in the State of Pennsylvania.

12.    Pursuant to Pennsylvania tax statutes, the Debtors regularly paid Pennsylvania state income taxes to the Department that were due and owing on the income of the Debtors.

13.    Prior to the Petition Date, the Debtor formerly known as Bed Bath & Beyond, Inc. ("BBB") and the Debtor formerly known as BBB Value Services, Inc. ("VSI") submitted income tax payments to the Department in excess of what they actually owed to the Department in the amount of $131,825 (collectively, the "Overpayments").

14.    The Department is currently holding the Overpayments and owes these debts to BBB and VSI.

**C.    Setoff and the Confirmation Order**

15.    The Confirmation Order states at paragraph 114(e)(4) that,

> Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that: . . . . (e) are otherwise discharged, satisfied, or stayed or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, through and until the date upon which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed in accordance with the terms of the Plan, from taking any of the following actions against, as applicable, the Debtors, Wind-Down Debtors, the Released Parties, or the Exculpated Parties: . . . (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise.

16. The confirmed Plan contains the identical language at Article X, Section F.

17. The Department did not preserve a right of set off in any writing filed with the Court.

**D.    The Claims**

18. The Department filed the following proofs of claim in the case: (a) Claim 213 for Debtor BBB in the amount of $740,487.80; and (b) Claim 214 for Debtor Buy Buy Baby, Inc. ("Baby") in the amount of $62,208.69 (collectively, the "Claims").

## Count I
### (Turnover of Overpayments)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 above as if fully set forth herein.

20. The Department is in possession of the Overpayments.

21. The Overpayments are property of the Debtor's estate under § 541.

22. The Overpayments constitute debts that the Department owes to the Debtors that are property of the estate and that are matured, payable on demand, or payable on order.

23. The Plan Administrator believes that the Department intends or may intend to use the Overpayments as a set off against the Claims owed by the Debtors.

24. Pursuant to the Confirmation Order and the terms of the Confirmed Plan, a creditor is not permitted to set off against any property of the Debtors unless the creditor has preserved the right to set off in a writing filed with the Bankruptcy Court.

25. The Department did not preserve any right to set off in any of the Claims it filed or in any other writing filed with the Court.

26. The Department is not permitted to set off the Overpayments against the Claims.

27. If not for the Overpayments, the Claims would ordinarily be paid as unsecured tax claims and/or Priority Tax Claims pursuant to the Plan and Confirmation Order.

28. The Plan provides for payment of Priority Tax Claims from the Combined Reserve which consists of the collapsed Priority Claims Reserve and Wind-Down Reserve created pursuant to the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay and (V) Granting Related Relief (Doc. 729) (the "Final DIP Order").

29. Pursuant to the Final DIP Order, the Priority Claims Reserve consists of a $10 million reserve to be used to pay Chapter 11 administrative expense claims and Priority Tax Claims.

30. Pursuant to the Order (I) Authorizing the Settlement of Ad Valorem Tax Claims of Texas Taxing Authorities, (II) Authorizing the Use of $2.8 Million Set Aside to Satisfy Claims of Texas Taxing Authorities, and (III) Granting Related Relief (Doc. 2954), $2.8 million of the Priority Claims Reserve was used to pay Texas ad valorem tax claims, leaving $7.2 million in the Priority Claims Reserve.

31. While the Plan Administrator is still in the process of filing objections to many of the Priority Tax Claims, the Plan Administrator does not believe there will be sufficient funds in the Priority Claims Reserve to fully pay all Chapter 11 administrative expense claims and Priority Tax Claims in full.

32. Under 11 U.S.C. § 553, the application of set off is permissive and is within the equitable discretion of the Court.

81066295;1

33. If the Department is permitted to use the Overpayments to set off against the Claims, the Department would be receiving significantly more than other similarly situated Priority Tax and/or Unsecured Claimants.

34. Such use of set off would not be consistent with the purposes of the Bankruptcy Code as a whole.

35. Accordingly, pursuant to § 542, the Department should be compelled to turn over the Overpayments to the Debtors.

## Prayer for Relief

WHEREFORE, Michael Goldberg, in his capacity as Plan Administrator respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment compelling the Department to turn over the Overpayments;

ii. Award Plaintiff costs, and expenses of this suit; and

iii. Grant the Plaintiff such other and further relief the Court deems just.

Dated: April 22, 2025

*/s/ Colin R. Robinson*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:    bsandler@pszjlaw.com
    plabov@pszjlaw.com
    crobinson@pszjlaw.com

and

Peter O. Larsen (*pro hac vice* admission pending)
Raye Elliott (*pro hac vice* admission pending)
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone:	(904) 798-3700
Facsimile:	(904) 798-3730
Email:	peter.larsen@akerman.com
	raye.elliott@akerman.com

Counsel to the Plan Administrator

81066295;1