**VAISMAN LAW OFFICE**
**Edward N. Vaisman, Esq., 0015372003**
33 Wood Avenue South, Ste 600
Iselin, NJ 08830
(732) 925-6090
vaismanlaw@gmail.com

Attorney for John Mark McKenzie

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., et al. | Case No. 23-13359 (VFP) |
| Debtor. | (Joint Administration Requested) |
| | Hearing Date: May 28, 2025 at 10:00 A.M. |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND**
**MEMORANDUM OF LAW IN SUPPORT**

TO:    THE HONORABLE JUDGE VINCENT F. PAPALIA
            UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

Creditor John Mark McKinzie ("Creditor" or "Movant") respectfully states the following in support of this motion (the "Motion"):

**REQUEST FOR RELIEF**

1.      Movant seeks an order, substantially in the form attached hereto, by and through its

undersigned counsel, pursuant to Section 362(d)(1) Title 11, United States Code ("Bankruptcy Code") and Rule 4001 of the Rules of Bankruptcy Procedure, modifying the automatic stay to allow certain claims to proceed against the Debtor, Bed Bath & Beyond Inc. ("Debtor"), in a Indiana Superior Court proceeding to the point of judgment and allocation of liability only with any recovery against Debtor in such proceeding limited solely to the Debtor's applicable insurance proceeds which are payable by third parties and waiving any stay pursuant to Fed. R. Bankr. P. 4001(a)(3) (the "Motion"), and respectfully states as follows:

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein are §§ 105(a), 362(d)(1) of title 11 of the United States Code, rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 4001-1, and 9013-1-4 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## BACKGROUND

5. At the time of the filing of the petition, Movant had an action pending in the Superior Court, State of Indiana, County of Hamilton against debtor and two non-debtor co-defendants entitled *John Mark Mckinzie v. Bed Bath & Beyond, Inc., d/b/a Bed Bath & Beyond, Washington Prime Group, LP, and ABM Industry Groups, LLC, Cause No.: 29D04-2112-CT-009352.* Attached to Certification of Nicholas Tuttle, Esq. in Support of

Motion for Relief From Stay as Exhibit "A" is the First Amended Complaint for Damages which alleges nine claims for relief based on negligence in failing to maintain safe premises, failing to warn, and allowing a hazardous condition to exist for an unreasonable amount of time. The Movant has sustained serious injuries due to slipping and falling on an icy and hazardous surface inside of the parking lot of *Bed Bath & Beyond, Inc* at 1950 East Greyhound Pass, Carmel, IN 46033. Movant sustained severe injuries including: a fractured radius, fractured distal fibula, fractured metatarsal, exacerbation of a T12 compression fracture, and ongoing pain and suffering. He has incurred significant medical expenses and lost wages.

6.   Movant understands that the debtor is insured by a policy of insurance held by Safety National Casualty Corp. An excerpt from the policy is attached as Exhibit "B" to the Certification of Edward N. Vaisman, Esq. Movant seeks modification of the stay to continue the State Court Action as to the Debtor to the extent of said insurance coverage.

7.   Prior to the filing of the petition, the State Court Action was ready for trial in 2022. However, due to the filing of the bankruptcy petition, the judge in the State Court Action has stayed the entire action, including as to the six non-debtor defendants. Therefore, relief from stay is needed in order for Movant to continue to prosecute his claims in the State Court Action.

### **GROUNDS FOR RELIEF**

11 U.S.C. § 362(d) provides the following, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest …

"Initially, on a motion to lift or modify the automatic stay, the burden of proof is a shifting one. That is, section 362(d)(1) requires an initial showing of 'cause' by the movant, while section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property."' *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999), citing *In re Holly's Inc.*, 140 B.R. 643 (Bankr.W.D.Mich.1992).

"Cause" is a "broad and flexible concept." *In re Mid Atlantic Handling Systems. LLC*. 304 B.R. 111, 130 (Bankr. D.N.J. 2003). The court must determine whether cause exists based on a totality of the circumstances present in each particular case. See e.g. *In re Mid-Atlantic*. 304 B.R. at 130. Thus, while the lack of adequate protection is a common basis for granting stay relief, other basis can constitute cause as well. *Id*., at 130.

"In determining whether to grant relief from the automatic stay so as to permit a party in interest to continue prosecuting a matter in another forum, courts will often rely upon the following factors: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary;  4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation  in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding;  and 12) impact of the stay on the parties and the balance of the harms. *In re Ice Cream  Liquidation, Inc.*, 281 B.R. 154, 165 (Bankr.D.Conn.2002); *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984) (utilizing same factors). All twelve factors are not necessarily present in a particular case, and a court need not rely on any plurality of factors in deciding whether to lift the automatic stay. *In re Ice Cream Liquidation, Inc.*, 281 B.R. at 165." *In re Mid-Atlantic*, 304 B.R. at 130.

In the instant case, factors one, two, six, seven, ten, eleven and twelve predominate and all weigh in favor of granting stay relief. As to factor one, permitting the litigation to proceed would result in

a complete resolution of Movant's claims in the State Court Action. Regarding factor two, allowing the litigation to proceed would have no interference with the bankruptcy case. As to factor six, the State Court Action primarily involves third parties, i.e. six non-debtor defendants. As to factor seven, since the instant bankruptcy case is could become a liquidation case, litigating the State Court Action would not prejudice the interests of other creditors. Regarding factor ten, allowing the State Court Case to proceed would be in the interest of overall judicial economy and not continue to clog the docket.  As to factor eleven, the parties are ready for trial. Regarding factor twelve, because the state court judge has stayed the entire action, Movant cannot proceed to trial on his claims. At the same time, "debtor" may end up not reorganizing as a going concern, so allowing the State Court Action to proceed will not interfere with any reorganization efforts. Therefore, the balance of harms affects Movant to a much greater extent than the debtor.  Finally, it is well-settled that absent a showing of great prejudice, tort claimants may obtain relief from the stay during bankruptcy proceedings. See e.g. Green v. Welsh, 956 F. 2nd 30, 34 (2d Cir. 1992).

In the instant case, there is no prejudice or harm to "debtor" as Movant seeks to proceed against the available insurance provider. Rather, Movant will be prejudiced if his request for stay relief is denied, as his claims will remain pending and uncertain for an indefinite period of time.

### WAIVER OF MEMORANDUM OF LAW

Movant respectfully requests that the Court waive the requirement to file a separate  memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

## CONCLUSION

Accordingly, for all of the foregoing reasons, Movant respectfully requests that this Court enter an order modifying the automatic stay to continue litigation of his claims in the State Court or Indiana, Action as set-forth in the attached form of Order.

Respectfully submitted,

By: /s/*Edward N Vaisman*
Edward N. Vaisman NJ Bar #001537 2003
Vaisman Law Offices
33 Wood Avenue South, Ste 600
Iselin, NJ 08830
Telephone: (732) 925-6090
Email: vaismanlaw@gmail.com
Attorney for John Mark McKenzie