

Filed: 10/6/2023 1:01 PM
Clerk
Hamilton County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HAMILTON SUPERIOR COURT NO. 4 |
| | ):SS | |
| COUNTY OF HAMILTON | ) | CAUSE NO.: 29D04-2112-CT-009352 |

JOHN MARK MCKINZIE,

        Plaintiff,

vs.

BED BATH & BEYOND, INC., d/b/a
BED BATH & BEYOND,
WASHINGTON PRIME GROUP, LP,
and ABM INDUSTRY GROUPS, LLC,

        Defendants.

## AMENDED COMPLAINT FOR DAMAGES

Comes now the Plaintiff, John Mark McKinzie, by counsel, and for his Amended Complaint for Damages against the Defendants, Bed Bath & Beyond, Inc., d/b/a Bed Bath & Beyond, Washington Prime Group, LP, and ABM Industry Groups, LLC, alleges and asserts that:

1. At all times mentioned herein, Plaintiff, John Mark McKinzie ("Mark McKinzie"), was a resident of the County of Hamilton, State of Indiana.

2. At all times mentioned herein, Defendant, Bed Bath & Beyond, Inc. ("Bed Bath & Beyond") was a business located at 1950 East Greyhound Pass, Carmel, IN 46033.

3. At all times mentioned herein, Defendant Bed Bath & Beyond was a company doing business as a foreign for-profit corporation, Inc., whose registered agent is located at 650 Liberty Avenue, Union, NJ 07083, USA.

4. At all times mentioned herein, Defendant Washington Prime, LLP ("Prime") was a business located at 111 Monument Circle Suite 3500, Indianapolis, IN 46204-5113.

5. At all times mentioned herein, Defendant "Prime" owned and/or managed, as a domestic limited partnership, the Bed Bath & Beyond located in Village Park Plaza.

6. At all times mentioned herein, Defendant ABM Industry Groups, LLC ("ABM") was a company with a registered agent located at 334 N. Senate Avenue, Indianapolis, IN 46204.

7. At all times mentioned herein, Defendant ABM Industry Groups, LLC, was contracted to maintain the premises at the Bed Bath & Beyond located in Village Park Plaza.

8. On or about Friday, November 26, 2021, at 10:15 A.M., Plaintiff, Mark McKinzie, was lawfully on the premises of Bed Bath & Beyond as an invitee.

9. Plaintiff had parked near the Bed Bath & Beyond entrance and was walking through the parking lot when he slipped and fell, causing injuries.

10. Fault for Plaintiff's injuries rest solely with the Defendants.

11. At the aforesaid time and place, Defendants had a duty to maintain the parking lot of the premises in a safe condition for persons lawfully present, including the Plaintiff and all invitees.

12. At the aforesaid time and place, Defendants had a duty to maintain the parking lot next to the premises in a safe condition for persons lawfully present, including the Plaintiff and all invitees.

13. At said time and place, Defendants via acts or omissions of agents, servants, or employees, permitted or caused the parking lot at Bed Bath & Beyond, 1950 East Greyhound Pass, Carmel, IN 46033, to become a slipping hazard due to slippery and/or, icy pavement.

14. At said time and place, Defendants, via acts or omissions of agents, servants, or employees, permitted, or caused the parking lot in Village Park Plaza, LLC at 1950 East Greyhound Pass, Carmel, IN 46033, to become a trip hazard due to slippery and/or icy pavement.

15. As a direct and proximate result of Defendants' actions, Plaintiff slipped and fell, sustaining injuries, including left ankle pain, back pain, left wrist pain, fracture of radius, fracture of distal fibula, fracture of metatarsal bone of left foot, acute flare of chronic $T_{12}$ compression fracture,

and pain and suffering.

16. At the aforesaid time and place, Defendants, by and through agents, servants, or employees, acted with less than reasonable care and breached the duty to invitees via one or moreof the following careless and negligent acts and/or omissions:

   a. Failed to maintain the entrance to the premises free of objects and/or substances that could cause a slip and fall;
   b. Failed to warn the Plaintiff and other persons lawfully on the premises of the dangerous condition when Defendants knew, or should have known, in the exerciseof ordinary care that said warning was necessary to prevent injury to the Plaintiff or others lawfully on the premises;
   c. Failed to make a reasonable inspection of the premises when Defendants knew, orshould have known, that said inspection was necessary to prevent injury to the Plaintiff or others lawfully on the premises;
   d. Allowed the aforementioned danger on the premises for an unreasonable length of time;
   e. Created a false sense of security for invitees by not warning them of the danger;
   f. Failed to take steps to remove said hazards by slippery pavement in the parking lot;and,
   g. Failed to make the premises safe for invitees, including the Plaintiff;
   h. Failed to keep pedestrians away from the dangerous conditions in the parking lot; and,
   i. Were otherwise careless and negligent in the operation of the premises.

17. As a direct and proximate result of Defendants' actions, Plaintiff engaged the services of medical personnel, physicians, and/or hospitals for medical care and treatment, medication, and diagnostic testing.

18. Plaintiff has incurred (and might incur in the future) reasonable medical expenses for such treatment above to treat the injuries.

19. As a direct and proximate result of the actions of Defendants, Plaintiff, has incurred physical, economic, personal, and financial damages.

WHEREFORE, Plaintiff, Mark McKinzie, prays for judgment against Defendants, Bed Bath & Beyond, Inc., d/b/a Bed Bath & Beyond and VPP, LLC, Washington Prime Group, LP, and ABM Industry Groups, LLC, in an amount which is reasonable in the premises, and which will fully and fairly compensate Plaintiff for injuries and damages, pain and suffering, medical expenses, lost wages, costs of this action, pre- judgment interest and for all other just and proper relief in the premises.

    Respectfully submitted,

    **YOSHA COOK & TISCH**

    Brandon A. Yosha
    Attorney No.: 36138-29
    YOSHA COOK & TISCH
    9102 N. Meridian St., Ste 535
    Indianapolis, IN 46260
    Tel: 317.334.9200
    Fax: 317.566.3578
    Email: byosha@yoshalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October 2022, the foregoing document was served by the Court's IEFS to all counsel of record:

Alexander A. Fay
Cassiday Schade, LLP
101 W. Ohio Street, Suite 1275
Indianapolis, IN 46204
afay@cassiday.com

_____
Brandon A Yosha, #36138-29
*Attorney for Plaintiff*