|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> Bradford J. Sandler, Esq. <br> Paul J. Labov, Esq. <br> Colin R. Robinson, Esq. <br> PACHULSKI STANG ZIEHL & JONES LLP <br> 1700 Broadway, 36th Floor <br> New York, NY 10019 <br> Telephone: (212) 561-7700 <br> Facsimile: (212) 561-7777 <br> Email: bsandler@pszjlaw.com <br> plabov@pszjlaw.com <br> crobinson@pszjlaw.com <br><br> *Counsel to the Plan Administrator* | Order Filed on May 7, 2025 <br> by Clerk <br> U.S. Bankruptcy Court <br> District of New Jersey |
| In re: <br><br> BED BATH & BEYOND, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> (Jointly Administered) |

## STIPULATION AND CONSENT ORDER RESOLVING CLAIMS

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED.**

**DATED: May 7, 2025**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CLAIMS |

This stipulation and consent order (the "Stipulation") is made by and between Alfred Zeve (the "Claimant"), Safety National Casualty Corporation ("Safety"), and Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator,) to 20230930-DK-Butterfly-1, Inc. (the "Wind-Down Debtors") (f/k/a Bed Bath & Beyond Inc. and affiliated Debtors, the "Debtors")[2] The Claimant, Safety and Plan Administrator, by and through their undersigned counsel, shall be collectively referred to herein as the "Parties" or individually as the "Party."

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**WHEREAS**, on September 11, 2023, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan"), and on August 1, 2023, the Debtors filed the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713] (the "Disclosure Statement").

**WHEREAS**, on September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order").[3]

---

[2] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CLAIMS |

**WHEREAS,** on September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). On the Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[4]

**WHEREAS**, on or about February 10, 2023, Claimant filed that certain lawsuit in the 101st District Court of Dallas County, Texas, styled as *Zeve. v. Bed, Bath and Beyond Inc.,* under case number DC-23-01958 (the "Lawsuit"), alleging, *inter alia*, certain personal injury claims against Debtor Bed Bath & Beyond, Inc. ("BBBI"), as more fully set forth therein.

**WHEREAS**, on or about July 21, 2023, Claimant filed a proof of claim against Debtor BBBI in the amount of $245,000 on account of the Lawsuit, which is listed as Claim 14513 on the Debtors' claim register ("Claim 14513").

**WHEREAS**, on or about March 28, 2024, Claimant filed that certain *Motion for an Order Modifying the Automatic Stay and Plan Injunction to Allow Movant to Continue Pending Litigation Against the Debtor and Recover Solely Against Debtor's Insurer, Waiving the Provisions of Fed. R. Bankr. P. 4001(a)(3) and For Related Relief* [Docket No. 2936] (the "Motion for Relief"). The Plan Administrator and Safety oppose the Stay Relief Motion. *See, e.g.,* Docket Nos. 2977 & 3067.

---

[4] *See* Plan, Article IV, at § B ("Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.").

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CLAIMS |

**WHEREAS**, on October 23, 2024, the Court held a status conference on, *inter alia*, the Motion for Relief, at which the Court (i) set the Motion for Relief for hearing (the "Hearing") on November 26, 2024, at 11:00 a.m.; (ii) set November 5, 20924 as the deadline for the Claimant to file a supplement (the "Supplement") to the Motion for Relief, (iii) set November 15, 2024 as the deadline for the Plan Administrator and Safety to file a response to the Supplement and Motion for Relief; and (iv) set October 25, 2024 as the deadline for the Plan Administrator to file its motion to allow certain personal injury claims, including Claim 14513. *See* Docket No. 3665.

**WHEREAS**, on October 25, 2024, the Plan Administrator timely filed its *Plan Administrator's Motion for Entry of an Order (A) Allowing Certain Personal Injury Claims and (B) Granting Related Relief* [Docket No. 3669] (the "Allowance Motion"), seeking, *inter alia*, to allow certain personal injury Claims, including Claim 14513.

**WHEREAS**, on November 4, 2024, Claimant timely filed its Supplement under seal in which Claimant sought to establish that its claim against the Debtors had a value of $1,550,000.00. *See* Docket Nos. 3680 & 3681.

**WHEREAS**, the Debtors deny the claims made by Claimant in the Lawsuit and Claim 14513.

**WHEREAS**, the Lawsuit was stayed by the filing of the chapter 11 petitions pursuant to Bankruptcy Code section 362 and subsequently by the injunction set forth in the Plan and Confirmation Order (the "Plan Injunction").

**WHEREAS**, on November 12, 2024, the Parties jointly submitted and this Court issued its *Stipulation and Consent Order Modifying the Plan Injunction* [Docket No. 3692], that provided for a limited lift of the Plan Injunction to permit the Parties to mediate Claimants' claims.

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CLAIMS |

**WHEREAS**, on February 17, 2025, the Parties reached a global settlement at the mediation formalized by in a Mediated Settlement Agreement signed by Alfred Zeve, Michael A. Zimmerman as counsel for Zeve, and Court Smith of Plunk Smith PLLC for Safety National.

**WHEREAS**, the Parties have agreed upon the terms set forth in this Stipulation, for which the Parties seek approval hereby.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

**WHEREAS**,

1. The recitals set forth above are hereby made an integral part of the Parties' Stipulation and are incorporated herein.

2. The Parties have reached a global settlement which terms have been prescribed to a written Settlement Agreement (the "Settlement"). Certain terms of the Settlement remain confidential, however, in brief summation, the terms of the Settlement are as follows:

    a. Safety National shall remit certain monetary amounts to Zeve according to the terms of the Settlement;

    b. Plan Administrator shall allow Claim No. 14513 in the amount of $245,000.00 as a Class 6 General Unsecured Claim (*i.e.* the Allowed Zeve Claim (defined below)); and in exchange and consideration for (a) and (b);

    c. Following remittance of the payment pursuant to (a), Claimant shall release Safety National for any and all claims it may hold; and

    d. Claimant shall release Plan Administrator for any and all other claims it

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CLAIMS |

may hold, but shall still maintain the Allowed Zeve Claim (defined below) against the Debtors and the estate, which shall have the treatment set forth herein.

3. The Motion for Relief and the Allowance Motion (solely as to the Claimant and Claim No. 14513) are hereby withdrawn by Claimant as moot.

4. Claim 14513 is allowed in the amount of $245,000 and shall be treated solely as a Class 6 General Unsecured Claim in accordance with the terms of the confirmed Plan (the "Allowed Zeve Claim").

5. Claimant hereby releases BBBI and Plan Administrator and their predecessors, successors, assigns, affiliates, subsidiaries, related entities, past, present and future officers, directors, board members, shareholders, members, partners, employees, attorneys, agents, fiduciaries, and all persons or entities acting on any one or more of their behalves from any and all claims, losses, obligations, liabilities, damages, judgments, costs, or expenses (including attorney fees) of any kind whatsoever, whether direct or indirect, fixed or contingent, liquidated or non-liquidated, disputed or undisputed, asserted or not asserted, matured or not matured, known or unknown, including, but not limited to, the facts which form the basis of Claim 14513 and any claim, counterclaim, right, remedy or other cause of action that was asserted, could have been asserted, or might have been asserted. Notwithstanding the foregoing, the Allowed Zeve Claim shall be treated as set forth herein.

6. BBBI and Plan Administrator hereby release Claimant and his predecessors, successors, assigns, affiliates, attorneys, agents, fiduciaries, and all persons or entities acting on his behalf from any and all claims, losses, obligations, liabilities, damages, judgments, costs, or

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CLAIMS |

expenses (including attorney fees) of any kind whatsoever, whether direct or indirect, fixed or contingent, liquidated or non-liquidated, disputed or undisputed, asserted or not asserted, matured or not matured, known or unknown, including, but not limited to, the facts which form the basis of Claim 14513 and any claim, counterclaim, right, remedy or other cause of action that was asserted, could have been asserted, or might have been asserted.

7.  Following remittance of payment by Safety National pursuant to the terms of the Settlement Agreement, Claimant hereby releases Safety National and their predecessors, successors, assigns, affiliates, subsidiaries, related entities, past, present and future officers, directors, board members, shareholders, members, partners, employees, attorneys, agents, fiduciaries, and all persons or entities acting on any one or more of their behalves from any and all claims, losses, obligations, liabilities, damages, judgments, costs, or expenses (including attorney fees) of any kind whatsoever, whether direct or indirect, fixed or contingent, liquidated or non-liquidated, disputed or undisputed, asserted or not asserted, matured or not matured, known or unknown, including, but not limited to, the facts which form the basis of Claim 14513 and any claim, counterclaim, right, remedy or other cause of action that was asserted, could have been asserted, or might have been asserted.

8.  Except for the relief expressly granted herein, nothing in this Stipulation shall amend or otherwise alter the terms and conditions of the Plan and/or Confirmation Order.

9.  The Plan Administrator and his agents and any third parties are authorized and shall take all actions necessary to effectuate the relief provided by this Stipulation.

DEBTORS: BED BATH & BEYOND INC., *et al.*
CASE NO. 23-13359 (VFP)
CAPTION OF ORDER: STIPULATION AND CONSENT ORDER RESOLVING CLAIMS

10. The Settlement Agreement is incorporated herein by reference. To the extent enforcement or a dispute related to the Settlement or the Settlement Agreement arises, the Parties shall file the Settlement Agreement under seal.

11. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

12. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of this Order by the Court.

13. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties and an order of the Bankruptcy Court.

14. The Bankruptcy Court retains exclusive jurisdiction and power to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

| | |
|---|---|
| DEBTORS: | BED BATH & BEYOND INC., *et al.* |
| CASE NO. | 23-13359 (VFP) |
| CAPTION OF ORDER: | STIPULATION AND CONSENT ORDER RESOLVING CLAIMS |

Dated: May 5, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Paul J. Labov*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel for the Plan Administrator*

**WILENTZ, GOLDMAN & SPITZER, P.A.**

*/s/ David H. Stein*
David H. Stein
90 Woodbridge Center Drive,
Suite 900, Box 10
Woodbridge, New Jersey 07095-0958
(732) 636-8000 (phone)
dstein@wilentz.com

*Counsel for Claimant, Alfred Zeve*

**HUSCH BLACKWELL LLP**

*/s/ Caleb T. Holzapfel*
David Strauss
(NJ I.D. #013862005)
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Telephone: 303.749.7200
Facsimile: 303.749.7272
Email: david.stauss@huschblackwell.com

- and -

Caleb T. Holzaepfel, Esq.
Admitted pro hac vice
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: 423.755.2654
Email: caleb.holzaepfel@huschblackwell.com

*Counsel for Safety National Casualty Corporation*

**LAW OFFICES OF ZIMMERMAN, COTNER, RESSETAR, BENNETT & LANE, P.C.**

*/s/ Michael A. Zimmerman*
Michael A. Zimmerman
Texas State Bar No. 22271400
3501 West Waco Drive
Waco, Texas 76710
(254) 752-9688 (phone)
(254) 752-9680 (fax)
mzimmerman@zlawhelp.com

*Counsel for Claimant, Alfred Zeve*