**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**In re:**

**Bed Bath & Beyond Inc., et al.,**

Debtors.[1]

**Case No. 23-13359 (VFP)**

**Chapter 11 (Jointly Administered)**

---

**NOTICE OF MOTION TO COMPEL DISCLOSURE OF SHAREHOLDER LEDGER AND RECONCILE SHARE DISCREPANCY TO MAXIMIZE ESTATE VALUE**

Jeffrey Mead Kurzon, appearing *pro se*, respectfully moves for limited post-confirmation relief in the form of an order compelling the Plan Administrator—and/or other appropriate parties—to disclose the shareholder ledger maintained by Equiniti Trust Company (formerly AST) as of the Plan's effective date, and to reconcile the documented discrepancy in share counts between Cede & Co. and the total number of issued and outstanding shares.

This motion is not a collateral attack on the Plan and does not seek to unwind or delay any portion of its implementation. Instead, it is a targeted and good-faith request, made under the Bankruptcy Code and basic principles of transparency and due process, to

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

compel the factual disclosures necessary to assess whether property interests were

lawfully canceled—and whether the estate retains claims against third parties for

potential dilution, fraud, or harm to estate value.

A proposed form of order is submitted herewith.

## RELIEF REQUESTED

Movant respectfully requests that the Court enter an order requiring the Plan

Administrator (or appropriate party in control of the records) to:

1. **Disclose the full shareholder ledger** maintained by Equiniti Trust Company

   (f/k/a AST) as of (a) September 14, 2023 (Plan confirmation), and (b) September

   29, 2023 (Plan effective date and equity cancellation);

2. **Submit a written explanation and reconciliation** of the discrepancy between

   the number of shares reported as held by Cede & Co. (as shown in Dkts. 219 and

   2631) and the number of shares reported as outstanding by the Debtors; and

3. **Preserve the rights of equity holders** to pursue further relief, claims, or

   remedies as warranted based on what this disclosure reveals.

## BASIS FOR RELIEF

The relief sought is grounded in the Plan Administrator's fiduciary duty to maximize

estate value and investigate fraud, and is warranted by discrepancies in the record that

remain unaddressed despite being brought to light prior to the Plan's final decree.

As detailed in the accompanying Certification:

- Debtors' filings reflect contradictory figures of **428 million** (Dkt. 25) and **739
  million** (Dkt. 10) shares outstanding as of the Petition Date.

- Dkt. 219 lists **776 million shares held by Cede & Co.,** exceeding either count.

- On October 27, 2023, Plan Administrator counsel filed "Null, Void, and Worthless" instructions reflecting a reduced holding of **701 million shares**—a drop of approximately **75 million shares** for which no reconciliation has been disclosed (Dkt. 2631).

- Movant made both private and public attempts to obtain this information from the Plan Administrator and Equiniti, without success.

These facts reflect a facial discrepancy that threatens the integrity of the record and suggests potential synthetic dilution or failure to reconcile beneficial ownership—implicating not only the rights of equity holders, but also the possible existence of valuable estate claims that remain unprosecuted.

## CONSTITUTIONAL AND STRUCTURAL SIGNIFICANCE

This motion also raises important questions under:

- **The Due Process Clause** (Fourteenth Amendment), where property rights may have been canceled without proper verification, individualized notice, or opportunity to contest;

- **The Takings Clause** (Fifth Amendment), if securities were extinguished under color of law absent legal justification or compensation; and

- **The Commerce Clause** (Article I, Section 8), given cross-border clearing activity through Canadian firms (e.g., Canaccord Genuity), which may have exposed foreign-cleared equity to cancellation without constitutional safeguards.

Movant respectfully requests the Court take notice of these issues and, if necessary, **certify the constitutional questions pursuant to 28 U.S.C. § 2403** for further adjudication.

## PRESERVATION OF RIGHTS

Movant expressly does not seek to delay, unwind, or interfere with any scheduled distributions, plan milestones, or administrative resolutions in these Chapter 11 proceedings. This motion is limited in scope and seeks only to compel transparency and factual reconciliation of a material discrepancy—one acknowledged in the record and left unresolved through confirmation.

Movant acknowledges that, pursuant to the confirmed Second Amended Joint Chapter 11 Plan (Dkt. No. 2160), causes of action belonging to the estate, including claims for securities fraud or market misconduct, are vested in the Plan Administrator for potential investigation and prosecution. Nothing herein is intended to usurp or circumvent that assignment.

However, should the Plan Administrator decline to act, or should this Court determine that the factual basis for potential claims may not be developed due to the absence of reconciliation, Movant respectfully submits that:

- Equity holders retain residual rights to seek redress for direct harm (constitutional, statutory, or common law) suffered due to the destruction of property without proper process;

- Movant, individually and on behalf of similarly situated shareholders, may retain the right to petition this or another court for relief, including on constitutional grounds;

- To the extent the Plan Administrator's inaction is shown to prejudice the estate, Movant reserves the right to challenge such inaction under applicable law.

Accordingly, Movant formally reserves all rights, including but not limited to:

- Constitutional claims under the Fifth and Fourteenth Amendments;

- The right to seek declaratory relief or certiorari review of due process violations;

- The right to raise claims for failure to investigate known discrepancies, where such failure may constitute breach of fiduciary duty or negligence in the administration of estate claims;

- And all other rights not expressly waived under the Plan or confirmation order.

Nothing in this filing shall be construed as a waiver of Movant's rights under federal or state law, or as a challenge to the Plan's effectiveness or implementation. This motion is a good-faith effort to ensure that the Plan Administrator fulfills their obligations, that potential estate value is not left on the table, and that constitutional norms are preserved.

## GOOD FAITH AND ESTATE VALUE

This motion is brought in good faith, not to delay any estate resolution, but rather to enhance it. Movant affirms under oath that this request is made solely to preserve shareholder rights, promote judicial transparency, and ensure the Plan Administrator fulfills his obligations to maximize estate value—including by pursuing any unliquidated claims related to synthetic shares or improper cancellations.

## CONCLUSION

The record reflects an unsolved discrepancy in share ownership and cancellation. The numbers do not add up. Whether the cause is clerical error, broker misconduct, systemic

fraud, or clearinghouse failure, shareholders—and the Court—are entitled to know.

Disclosure is a prerequisite to justice. Reconciliation is a prerequisite to closure.

For these reasons, Movant respectfully requests that the Court grant the relief described

above.

---

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and**

**discuss them with your attorney, if you have one in this bankruptcy case. (If you do**

**not have an attorney, you may wish to consult one.)**

If you do not want the court to grant this motion, or if you want the court to consider your

views, you or your attorney must file with the clerk at the address listed below, a written

response explaining your position no later than 7 days prior to the hearing date.

**Hearing Date:** To be scheduled by the Court

**Hearing Time:** To be scheduled by the Court

**Hearing Location:**

U.S. Bankruptcy Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102
**Courtroom Number:** [TBD]

If you mail your response to the Clerk for filing, you must mail it early enough so that the

court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

| - **Plan Administrator's Counsel:** <br> Bradford J. Sandler, Esq. <br> Pachulski Stang Ziehl & Jones LLP <br> 919 N. Market Street, 17th Floor <br> Wilmington, DE 19801 <br> bsandler@pszjlaw.com | - **Debtors' Counsel:** <br> Joshua A. Sussberg, Esq. <br> Kirkland & Ellis LLP <br> 601 Lexington Avenue <br> New York, NY 10022 <br> joshua.sussberg@kirkland.com |
| --- | --- |
| - **U.S. Trustee:** <br> Fran B. Steele, Esq. <br> Office of the United States Trustee <br> One Newark Center <br> 1085 Raymond Blvd., Suite 2100 <br> Newark, NJ 07102 <br> Fran.B.Steele@usdoj.gov | - **Debtors' Counsel:** <br> Michael D. Sirota, Esq. <br> COLE SCHOTZ P.C. <br> Court Plaza North, 25 Main Street <br> Hackensack, New Jersey 07601 <br> Email: msirota@coleschotz.com |

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Signed in accordance with **and under 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

Executed and respectfully submitted on: May 19, 2025

/s/ Jeffrey Mead Kurzon
Jeffrey Mead Kurzon
*Pro Se, Pro Bono (not admitted; not pro hac vice), Pro Patria, Pro Publico**
P.O. Box 454
Peterborough, NH 03458

* Appearing pro se, in the public interest, and without compensation or admission pro hac vice. Movant is an attorney admitted in the States of New York and Massachusetts, inter alia the U.S. District Court for the Southern District of New York, the Second Circuit Court of Appeals, and the United States Supreme Court. Not admitted in New Hampshire or New Jersey.