|  |  |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Ed Corma, Esq.<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>Email: rfeinstein@pszjlaw.com<br>       bsandler@pszjlaw.com<br>       plabov@pszjlaw.com<br>       ecorma@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | **Order Filed on May 23, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re: BED BATH & BEYOND INC.,<br><br>*et al.*,[1]<br><br>                          Debtors. | Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## STIPULATION AND CONSENT ORDER BETWEEN
## THE PLAN ADMINISTRATOR AND JOHN MARK MCKINZIE

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

**DATED: May 23, 2025**

                                               **Honorable Vincent F. Papalia**
                                               **United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4920-4017-6195.5 08728.003

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE |

This stipulation and consent order (the "Stipulation") is made by and between John Mark McKinzie ("Claimant"), and Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator",) to 20230930-DK-Butterfly-1, Inc. (the "Wind-Down Debtors") (f/k/a Bed Bath & Beyond Inc. and affiliated Debtors, the "Debtors").[2] Claimant and the Plan Administrator, by and through their undersigned counsel, shall be collectively referred to herein as the "Parties" or individually as a "Party."

## RECITALS

A.  Prepetition, Claimant initiated a lawsuit styled as *John Mark Mckinzie v. Bed Bath & Beyond, Inc., d/b/a Bed Bath & Beyond, Washington Prime Group, LP, and ABM Industry Groups, LLC,* before the Superior Court, State of Indiana, County of Hamilton (the "State Court") and assigned Cause No.: 29D04-2112-CT-009352 (the "Lawsuit"), alleging certain personal injuries sustained at a location operated by the Debtors on November 26, 2021. The Debtors and the Wind-Down Debtors dispute the allegations and claims asserted in the Lawsuit (the "Claimant's Claims").

B.  On April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

---

[2]  Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

4920-4017-6195.5 08728.003

(Page | 3)
Debtors: BED BATH & BEYOBD, INC., *et al.*
Case No.: 23-13369-VFP
Caption of Order: STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE

The cases were jointly administered under the lead case, *In re Bed Bath & Beyond, Inc.*, et al., Case No. 23-13359 (Bankr. D. NJ) (VFP).[3]

C. On May 17, 2023, the State Court entered an order staying the Lawsuit in light of the Debtors'' bankruptcy filing.

D. On May 31, 2023, the Court entered its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order"). The Bar Date Order, *inter alia*, established (i) July 7, 2023 as the general claims bar date; (ii) October 20, 2023 as the governmental unit bar date; (iii) July 7, 2023 as the administrative expense claims bar date pursuant to Bankruptcy Code §503(b), other than claims arising pursuant to section 503(b)(9) or 507(a)(2); (iv) a bar date for claims arising from the rejection of executory contracts and unexpired leases; and (v) a bar date for the filing of claims related to the amendment of any of the Debtors' Schedules of Assets and Liabilities (collectively, the "Bar Dates"). Claimant disputes receiving adequate notice of the Bar Dates and Bar Date Order, and did not file a proof of claim on account of the Claimant's Claims asserted in the Lawsuit.

E. On September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor*

---

[3] Unless otherwise indicated, docket references in this Stipulation refer to the lead case docket.

4920-4017-6195.5 08728.003

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE |

*Affiliates* [Docket No. 2172] (the "Confirmation Order").[4] The Effective Date of the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan") occurred on September 29, 2023 [Docket No. 2311], and the Plan Administrator was appointed pursuant to the terms of the Plan.

F. The Plan provides that, *inter alia*, "the powers of the Plan Administrator shall include any and all powers and authority to implement the Plan and to administer and distribute the Distribution Reserve Accounts and wind down the business and affairs of the Debtors and Wind-Down Debtors, including (all without further order of the Bankruptcy Court): (1) liquidating, receiving, holding, investing, supervising, and protecting the assets of the WindDown Debtors (2) taking all steps to execute all instruments and documents necessary to effectuate the distributions to be made under the Plan from the Distribution Reserve Accounts; (3) making distributions from the Distribution Reserve Accounts as contemplated under the Plan; (4) establishing and maintaining bank accounts in the name of the Wind-Down Debtors; (5) subject to the terms set forth herein, employing, retaining, terminating, or replacing professionals to represent it with respect to its responsibilities or otherwise effectuating the Plan to the extent necessary; (6) paying all reasonable fees, expenses, debts, charges, and liabilities of the Wind-Down Debtors; (7) administering and paying taxes of the Wind-Down Debtors, including filing tax returns; (8) representing the interests of the Wind-Down Debtors or the Estates before any taxing authority in all matters, including any action, suit, proceeding, or audit; (9) investigating commencing, prosecuting, or settling the Non-Released Claims; and (10) exercising such other

---

[4] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

(Page | 5)
Debtors: BED BATH & BEYOBD, INC., *et al.*
Case No.: 23-13369-VFP
Caption of Order: STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE

powers as may be vested in it pursuant to order of the Bankruptcy Court or pursuant to the Plan, or as it reasonably deems to be necessary and proper to carry out the provisions of the Plan. *See* Plan at Art VII.A.

G. On May 1, 2025, Claimant filed its *Motion for Relief From the Automatic Stay and Memorandum of Law in Support* [Docket No. 4099] (the "Motion"), *inter alia*, seeking relief from the automatic stay with respect to the Lawsuit. The Debtors and the Wind-Down Debtors dispute the merits of the Motion and oppose the relief requested therein.

H. The Parties desire to resolve the Claimant's Claims, the Motion, and related Lawsuit on the terms set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL OF THIS STIPULATION, IT IS ORDERED THAT:**

1. The Claimant's Claims are hereby allowed as a single Class 6 General Unsecured Claim in the total amount of ten thousand dollars ($10,000.00) (the "Allowed Claim").

2. For the avoidance of doubt, the Allowed Claim shall be solely paid in accordance with the terms of the Plan, as and when distributions, if any, to Allowed Class 6 General Unsecured Claims are made.

3. Upon execution or filing of this Stipulation, the Motion is deemed withdrawn, and the withdrawal of the Motion shall be deemed with prejudice only upon Court approval of this Stipulation.

4. Claimant hereby stipulates and agrees that any other claims (other than the Allowed Claim), whether scheduled, filed, asserted, or made by Claimant in the Debtors' chapter 11 cases are hereby withdrawn, with prejudice, in their entirety without the necessity for any further

4920-4017-6195.5 08728.003

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE |

objection, notice, or filing. Claimant hereby stipulates and agrees that Claimant will not file or assert any other claims in the Debtors' chapter 11 cases and shall not be entitled to any distribution from the Plan Administrator other than as expressly provided for herein with respect to the Allowed Claim.

5. The Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, shall update the claims register to reflect the relief granted in this Stipulation.

6. The terms of this Stipulation shall be immediately effective and enforceable upon entry by the Court.

7. Nothing in this Stipulation shall be construed as an admission of liability or wrongdoing and the Debtors, Wind-Down Debtors, and the Plan Administrator, deny any and all liability and wrongdoing. This Stipulation merely represents a complete compromise of any and all claims filed, asserted, or otherwise held by Claimant, including without limitation, the Lawsuit and the Claimant's Claims, in order to avoid further litigation and, ultimately, a trial on the merits. The terms of this Stipulation affect the Lawsuit and the Claimant's Claims against the Debtors and the Wind-Down Debtors only and are not an admission of the Debtors', the Wind-Down Debtors' or the Plan Administrator's liability to Claimant or any third party.

8. This Stipulation resolves all claims, demands, and causes of action that Claimant has filed or could file against the Debtors or the Wind-Down Debtors, or any of the Released Parties (as defined below). No later than 5 business days following Court approval of this Stipulation, Claimant shall cause the Lawsuit to be dismissed with prejudice against the Released Parties.

(Page | 7)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE |

9. The Parties agree that the Allowed Claim shall be in full and final satisfaction, discharge, and release, of any and all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown) held by Claimant, on Claimant's own behalf and on behalf of Claimant's heirs, administrators, personal representatives, executors, assigns, attorneys, and/or anyone claiming by or through Claimant, against the Plan Administrator, the Wind-Down Debtors, the Debtors, their estates, and their respective subsidiaries, affiliates, managed entities, directors, officers, employees, issuer(s), insurer(s), third party administrators under any insurance policies, attorneys, advisors, agents, successors and assigns (collectively, the "Released Parties").[5]

10. This Agreement shall not affect any of Claimant's legal rights to continue litigation and pursue a recovery against the Non-Released Parties, and the automatic stay, to the extent appliable, shall not apply to the Non-Released Parties.

11. Claimant acknowledges that the Released Parties had limited liability, if any at all, for the subject incident giving rise to the Lawsuit and wishes to enter into this Agreement to allow Claimant to continue litigation against the liable parties in the Indiana state court.

12. Released parties acknowledge that Claimant alleges serious, permanent, and life-altering injuries in the subject incident that gave rise to the Lawsuit.

---

[5] The term "Released Parties" specifically excludes: Washington Prime, L.P., ABM Industry Groups, LLC, and DC Construction, the other Defendants in the Lawsuit filed in State Court, including each of the other Defendants' their respective subsidiaries, affiliates, managed entities, directors, officers, employees, issuer(s), insurer(s), third party administrators under any insurance policies, attorneys, advisors, agents, successors and assigns (collectively, the "Non-Released Parties").

(Page | 8)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE |

13. Claimant expressly acknowledges and agrees that Claimant will be responsible for all liens, subrogation, and/or any other bills pertaining to the Lawsuit, the Claimant's Claims, or the Allowed Claim, which are known or unknown and which have not been paid. In consideration of the foregoing terms of this Stipulation, Claimant agrees to satisfy all liens and to indemnify and hold harmless the Released Parties as to any and all claims, debts, liens, subrogation claims, expenses, and all other bills or damages from any medical provider, creditor, lienholder, insurer, Medicare, Medicaid, Social Security, Tri-Care, or other person, firm, or other governmental entity arising out of the incidents made the basis of the Lawsuit, the Claimant's Claims, or Allowed Claim, and to pay any and all litigation expenses incurred by the Released Parties, and to waive any statutory exemptions applicable to them resulting from the adjudication of any such liens or claims.

14. The Parties shall bear their own respective attorneys' fees and costs arising from this Stipulation and the Lawsuit or the actions of respective counsel to each of the Parties in connection with this matter and all matters related to the investigation and litigation of the Claimant's Claims.

15. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, including the settlement, resolution, and liquidation of the Lawsuit and Claimant's Claims, and supersedes any and all prior agreements and undertakings, whether written or oral, between the Parties relating to the subject matter hereof.

16. This Stipulation is intended by the Parties to binding upon: (a) the Plan Administrator's, the Debtors', and the Wind-Down Debtors' respective successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE |

affiliated entity of the Plan Administrator, the Debtors, or the Wind-Down Debtors, as applicable; and (b) Claimant's heirs, administrators, personal representatives, executors, assigns, attorneys, and/or anyone claiming by or through Claimant.

17. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

18. This Stipulation may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

19. Nothing in this Stipulation, nor any actions taken pursuant hereto, shall constitute admissible evidence in any court against any party in any action or proceeding, including the Lawsuit, other than one to enforce the terms of this Stipulation and Order.

20. Nothing in this Stipulation or any actions taken pursuant hereto is intended to be nor shall be construed as: (a) an admission as to the allowed amount of, basis for, or validity of any claim, other than the Allowed Claim, against the Debtors, the Wind-Down Debtors, or the Plan Administrator under the Bankruptcy Code or applicable non-bankruptcy law; (b) a waiver of the right of the Wind-Down Debtors or the Plan Administrator to dispute any claim; (c) a promise or requirement to pay any claim, other than the Allowed Claim to the extent set forth herein, in accordance with the terms of the Plan; (d) a waiver or limitation, except as otherwise stated herein, of the rights and defenses of the Wind-Down Debtors or the Plan Administrator under the Bankruptcy Code and any other applicable law.

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, AND JOHN MARK MCKINZIE |

21. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and any claimed ambiguity shall be construed neither for nor against any of the Parties.

22. This Stipulation shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

23. The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: May 22, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Paul J. Labov*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Ed Corma, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
　　　　bsandler@pszjlaw.com
　　　　plabov@pszjlaw.com
　　　　ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

**VAISMAN LAW OFFICES**

*/s/ Edward N. Vaisman*
Edward N. Vaisman
NJ Bar #001537 2003
33 Wood Avenue South, Ste 600
Iselin, NJ 08830
Telephone: (732) 925-6090
Email: vaismanlaw@gmail.com

*Counsel for Claimant*