# Razaq Asmailzada

## Shareholder Bankrupt BBBYQ

6315 Savoy Dr unit 328
Houston TX 77036
Razaq.asmailzada@gmail.co
m
832-605-2062

*[Court stamp:]* U.S. BANKRUPTCY COURT FILED NEWARK, NJ — 2025 JUN 26 A 11: 39 — JEANNE A. NAUGHTON — BY: DEPUTY CLERK

**June/15/2025**

**Dear Sir/Madam,**

Clerk of Court
U.S.A Court District New Jersey
Martin Luther King, Jr .Federal Building
50 Walnut St
Newark,NJ 07102

With due respect, this is Razaq Asmailzada shareholder of Bankrupt company BBBYQ hereby I let you know that I am disagree with the Objection of Michael Goldberg. In addition, I am requesting to be appear by Zoom call on JULY/01/2025 at 10:00 am Eastern time. I appreciate that to sent the invitation link.
Note: I disagree about the statement by Mr Micheal Goldberg. My investments total of $101,000.00 USD shares bought through Robinhood Brokerage when the BBBYQ INC files for  Bankruptcy all my shares and capital removed from my Robinhood holdings account all my assets removed and I haven't received any refund from investment.

In addition, I RAZAQ ASMAILZADA as a individual investor and Shareholder of  BBBYQ Bed Bath and beyond Inc I own and purchased 165,288.00 shares of BBBYQ from the the Rabinhood Broker App that is worth about $.101,000.00

On Oct 18 all my shares was removed due to BED BATH AND BEYOND INC Bankruptcy.
I claim to BBBYQ company that those shares I didn't not sell has removed with out let me know and I didn't get any refund back. I really appreciate your cooperation to assist me get my refund and SHARES.
Thank you

Sincerely,

Your Name
M.Razaq Ismailzada

***CUST BBBY 3335 SRF 88536 PackID: 4 ADRID: 20643011 SVC: Eighteenth Omni
ASMAILZADA, RAZAQ
6315 SAVOY DRIVE UNIT 328
MAIL BOX -91
HOUSTON TX 77036

SRF 88536

> **THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY AND DISALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 1 ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
      bsandler@pszjlaw.com
      plabov@pszjlaw.com
      ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Hearing Date:** July 1, 2025<br>**Hearing Time:** 10:00 a.m. (ET)<br>**Response Deadline:** June 24, 2025<br><br>**ORAL ARGUMENT WAIVED UNLESS RESPONSES ARE TIMELY FILED** |

---

## NOTICE OF OBJECTION TO YOUR CLAIM

---

TO: ASMAILZADA, RAZAQ

**EACH CLAIMANT LISTED ON EXHIBIT A TO THE OBJECTION**[2]

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[3] and affiliated debtors (the "Debtors") has filed the enclosed *Plan Administrator's Eighteenth Omnibus Objection (Substantive) to Claims (Equity Claims)* (the "Objection"). Pursuant to the Objection, the Plan Administrator asks the Court to enter an order that: (a) finds that each Disputed Claim is not a "claim" against the Debtors' estates but rather an "Interest" in BBB as defined by section 101(16) of the Bankruptcy Code and Article I.A.87 of the Debtors' Second Amended Joint Plan (the "Plan"); (b) reclassifies each Disputed Claim as a Class 9 Interest pursuant to the Article III.B.9(a) of the Plan; and (c) holds that each Disputed Claim will be treated as a Class 9 Interest pursuant to the Plan, which provides, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Plan, Article III.B(9). You should look for your name on **Exhibit 1** attached to the Proposed Order (Exhibit A to the Objection) enclosed herewith and review the Objection carefully.

If you disagree with the Objection, you must file a response to the Objection with the Clerk of the Bankruptcy Court at the address below on or before **June 24, 2025.**

---

[2] In accordance with Local Bankruptcy Rule 3007-2, the Claims Agent served a separate copy of this Notice that was specifically tailored to each individual identified on Exhibit A to the Objection.

[3] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

Clerk of Court
United States Bankruptcy Court
 for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

At the same time, you must also serve a copy of the response upon the Plan Administrator's attorneys:

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019

If you file a response, you or your attorney must appear at a hearing on the Objection that will be held before the Honorable Vincent F. Papalia on **July 1, 2025, at 10:00 a.m. Eastern Time** at the United States Bankruptcy Court, Courtroom No. 3B, Martin Luther King, Jr. Federal Building, 50 Walnut Street Newark, New Jersey 07102.

**PLEASE TAKE NOTICE** that parties may request to appear by Zoom or telephonically by sending an email to Chambers_of_vfp@njb.uscourts.gov by no later than 3:00 p.m. one (1) business day prior to the scheduled hearing.

**IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

4914-7756-4996.1 08728.003

Dated:  May 27, 2025

*/s/ Bradford J. Sandler*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:          rfeinstein@pszjlaw.com
                    bsandler@pszjlaw.com
                    plabov@pszjlaw.com
                    ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

4914-7756-4996.1 08728.003

SRF 88536

THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY AND DISALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 1 ATTACHED TO THE PROPOSED ORDER.

*Counsel to the Plan Administrator*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
ecorma@pszjlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

In re:

BED BATH & BEYOND INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

PLAN ADMINISTRATOR'S
EIGHTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS
(Equity Claims)

Hearing Date: July 1, 2025
Hearing Time: 10:00 a.m. (ET)
Response Deadline: June 24, 2025

ORAL ARGUMENT WAIVED
UNLESS RESPONSES ARE
TIMELY FILED

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4910-3168-2427.2.08728.003

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors"), files his *Eighteenth Omnibus Objection (Substantive) to Certain Claims (Equity Claims)* (the "Objection"),[3] Pursuant to the Objection, the Plan Administrator objects to each proof of claim (the "Disputed Claims") listed on Exhibit 1 to the proposed order granting this Objection (the "Proposed Order"). Each Disputed Claim is based on the Claimant's alleged equity interest ("Interest") in Bed Bath & Beyond, Inc. ("BBB").[4] In addition, each Claimant contends that the Disputed Claim (on some portion thereof) is entitled to treatment as either: (i) a priority unsecured claim pursuant to Bankruptcy Code section 507(a); or (ii) an administrative claim pursuant to Bankruptcy Code section 503(b), or (iii) a secured claim.

Pursuant to the Objection, the Plan Administrator asks the Court to enter an order that: (a) finds that each Disputed Claim is not a "claim" against the Debtors' estates but rather an "Interest" in BBB as defined by section 101(16) of the Bankruptcy Code and Article I.A.87 of the Debtors' Plan; (b) reclassifies each Disputed Claim as a Class 9 Interest pursuant to the Article III.B.9(a) of the Plan; and (c) holds that each Disputed Claim will be treated as a Class 9 Interest pursuant to the Plan, which provides, "Each Allowed Interest in BBB shall be cancelled, released, and extinguished, and will be of no further force or effect and no Holder of Interest in BBB shall be entitled to any recovery or distribution under the Plan on account of such

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.* which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 3156402].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

[4] The Proposed Order is attached to the Objection as Exhibit A.

2

4910-3168-2427.2.08728.003

Interests." Plan, Article III.B(9). In support of the Objection, the Plan Administrator respectfully states as follows:[5]

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Plan Administrator confirms consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Objection are sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

### BACKGROUND

**A. General Background**

4. On April 23, 2023, the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections

---

[5] The Objection is supported by the Declaration of Michael Goldberg attached as **Exhibit B** (the "**Goldberg Dec.**").

4910-3168-2672.2 08728.003

1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

5. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

6. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311] On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[6]

**B. The Equity Interests**

7. Prior to the Petition Date, the common stock in Bed Bath & Beyond, Inc. ("BBB") was publicly traded on the NASDAQ. The stock was delisted on May 3, 2023.[7]

8. All equity securities in BBB constitute "Interests" under the Plan,[8] and the Plan classifies all Interests in BBB in Class 9. Plan, Article III.B.9(a) ("Class 9 consists of all Interests in BBB.").

---

[6] Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at § B.

[7] Market Watch, "Nasdaq kicks off Bed Bath & Beyond delisting process," available at https://www.marketwatch.com/story/bed-bath-and-beyonds-stock-set-for-nasdaq-delisting-as-market-opens8cbe5ee6.

4910-3168-2672.2 08728.003

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert J. Feinstein, Esq. (admitted pro hac vice)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
ecorma@pszjlaw.com

Counsel to the Plan Administrator

| In re: | Chapter 11 |
|---|---|
| BED BATH & BEYOND INC., et al.,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF EIGHTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (Equity Claims)**

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as follows:

1. I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.)[2] and 73 affiliated debtors (the "Debtors"). I give this declaration in support of the

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtors' tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc, which was filed with the State of New York Department of State on September 14, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly-1, Inc. [Filing ID No. 230921001833 DOS ID 315601].

Plan Administrator's Eighteenth Omnibus Objection (Substantive) to Claims (Equity Claims) (the "Objection").[3]

2. Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents and the Objection; (c) information provided to me by, or discussions with, members of my management team, other employees, my Professionals (including the Claims Agent); and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

4. On September 14, 2023 (the "Confirmation Date"), the Court entered the Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates [Docket No. 2172] (the "Confirmation Order"), confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates [Docket No. 2160] (the "Plan").

5. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311]

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or in the Plan.

BED BATH BEYOND INC., Case No. 23-13359 (VFP)
Exhibit 1 to Order Sustaining Plan Administrator's 18th Omnibus Objection to Claims (Equity Claims)

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount: Claim Nature | Asserted Claim Amount: Claim Amount | Grounds for Objection & Disposition of Objection is Granted |
|---|---|---|---|---|---|---|---|
| 10 | Martin, Clay | 9/12/2024 | 20298 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$2,257.33<br>$0.00<br>$2,257.33 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such interest. |
| 11 | Proce, Peter | 4/22/2025 | 20713 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$228,006.00<br>$0.00<br>$0.00<br>$228,006.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such interest. |
| 12 | Shahiduzzaman, Mohammad | 10/20/2023 | 17986 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $9,842.00<br>$0.00<br>$0.00<br>$0.00<br>$9,842.00<br>$19,684.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such interest. |
| 13 | Volkov, Andrei Alexandrovich | 8/23/2023 | 16500 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$4,972.36<br>$0.00<br>$4,972.36 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such interest. |

4910-3168-2627.2 08728.003

**Exhibit B**

**Declaration of Michael Goldberg**

6.    On the Effective Date, I became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.

7.    The Claims Objection Bar Date is currently September 29, 2025.

8.    In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "**Books and Records**") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. My Professionals and I are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

9.    Each Disputed Claim identified on **Exhibit 1** to the Proposed Order has been identified as a claim based on the Claimant's alleged equity interest in Bed Bath & Beyond Inc. ("**BBB**"). Further, each Disputed Claim (or portion thereof) asserts (i) a priority unsecured claim pursuant to Bankruptcy Code section 507(a); (ii) an administrative claim pursuant to Bankruptcy Code section 503(b), and/or or (iii) a secured claim.

10.    In accordance with the Plan, each Disputed Claim should be reclassified as a Class 9 Interest.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: May 27, 2025

                                                    */s/ Michael Goldberg*
                                                    By: Michael Goldberg
                                                    In his capacity as Plan Administrator to 20230930-
                                                    DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond
                                                    Inc.) and 73 affiliated debtors

released and extinguished, and will be of no further force and effect, and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Plan, Article III.B.9(b).

10. The Plan also provides, "Class 9 is impaired. Holders of Interests in BBB are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote to accept or reject the Plan." Plan, Article III.B.9(c), Confirmation Order, at ¶ 15 ("Holders of Interests in Class 9 and Class 10 (the 'Deemed Rejecting Classes') are Impaired under the Plan and are therefore, deemed to have rejected the Plan.").

11. Accordingly, the Plan was and is clearly a liquidating plan that wipes out equity and does not provide for the issuance of new equity interests. Confirmation Order, at ¶ 27 ("The Plan does not provide for the issuance of new equity interests.").

12. Shortly after the Effective Date, on October 18, 2023, the CUSIP numbers associated with the extinguished Interests, as well as the Debtors' other securities were cancelled.[9]

[8] Plan, Article I.A.87 ("'Interest' means any equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor."). The Bankruptcy Code defines "equity security" as, "(A) share in a corporation, whether or not transferable or denominated 'stock', or similar security." 11 U.S.C. § 101(16).

[9] As the Plan Administrator has previously stated, "In order to effectuate the administrative cancellation of the CUSIP numbers associated with the BBB common stock, preferred stock and warrants, on October 18, 2023, counsel for the Debtors prepared on my behalf: Null, Void and Worthless Event Questionnaires (the 'NVWQ') for each class of security. A true and correct copy of the NVWQ for Common Stock is attached hereto as Exhibit A, the NVWQ for Preferred Stock is attached hereto as Exhibit B, and the NVWQ for Warrants is attached hereto as Exhibit C. These Exhibits are incorporated herein for all purposes. Equinti, BBB's transfer agent, submitted the three attached NVWQs to Depository Trust Corporation ('DTC') to complete the deletion process. I have been informed by DTC that the process has been completed and all CUSIP numbers for BBB common stock, preferred stock and warrants have been cancelled." See Declaration of Michael Goldberg in Support of the Emergency Motion of Common Stock Equity Interest Holders For Certification of Direct Appeal to the United States Court of Appeals for the Third Circuit and (i) the Emergency Motion of Common Stock Equity Interest Holders for Stay and Associated Relief Pending Appeal Pursuant to Fed. R. Bankr. P. 8013(a) and 8007 [Doc. Nos. 2631], at ¶ 7.

C. **Claim Objection Bar Date**

13. The Plan Administrator currently has until September 29, 2025 to object to Claims (the "Claim Objection Bar Date"), which date may be extended by the Court upon the request of the Plan Administrator.[10] Pursuant to the Plan, unless a Court order has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed.[11]

D. **Schedules and Claims Process**

14. On May 30, 2023, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Doc. Nos. 499-568, 570-573] (collectively, and as each may have been amended from time to time, the "Schedules and Statements") in the Chapter 11 Cases.

15. On May 31, 2023, the Court entered the Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim,

[10] Pursuant to the Plan, the "Claims Objection Bar Date means the deadline for objecting to a Claim, which shall be on the date that is 180 days after the Effective Date (as may be extended by the Court upon the request of the Debtors or the Wind-Down Debtors)." Plan, Article I.A. § 28. The original Claims Objection Bar Date was March 27, 2024. Pursuant to subsequent orders, the Court extended the deadline to September 30, 2024 [Doc. No. 3541] and September 29, 2025 [Doc. No. 3965].

[11] The Plan provides, "Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Cases allowing such Claim." Plan, Article IV.A, at § A. "Allowed" means, with respect to any Claim or Interest, except as otherwise provided herein: (a) a Claim or Interest that is evidenced by a Proof of Claim timely Filed by the Bar Date or a request for payment of Administrative Claim timely Filed by the Administrative Claims Bar Date (or for which Claim or Interest under the Plan, the Bankruptcy Code, or a Final Order of the Bankruptcy Court a Proof of Claim or a request for payment of Administrative Claim is not or shall not be required to be Filed) . . . provided that, with respect to a Claim or Interest described in clauses (a) and (b) above, such Claim or Interest shall be considered Allowed only if and to the extent that with respect to such Claim or Interest no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or if such an objection is so interposed, such Claim or Interest shall have been Allowed by a Final Order." Plan, Article I.A, at § 14.

*(IV) Approving Notice Thereof, and (V) Granting Related Relief* [Doc. No. 584] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these Chapter 11 cases.

16. The Bar Date Order established (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "General Claims Bar Date"); (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim (the "Rejection Damages Bar Date").

17. With respect to Administrative Claims, the Bar Date Order provides:

Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert an Administrative Expense Claim pursuant to 503(b), other than claims arising pursuant to section 503(b)(9), or 507(a)(2), shall submit a written proof of such Claim so that it is actually received by the Notice and Claims Agent before (a) on July 7, 2023 for claims incurred through June 27, 2023, (b) for all claims arising after June 27, 2023, on the 15th day of the month following the month in which the claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"), in accordance with this Bar Date Order;

provided, however, that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

Bar Date Order, ¶ 6.[12] The Effective Date of the Plan was September 29, 2023, so the last Administrative Claims Bar Date for claims incurred after July 7, 2023 was October 13, 2023.

18. On June 5, 2023, the Debtors caused a bar date notice to be published in The New York Times. [Doc. No. 638.] With the assistance of Kroll Restructuring Administration LLC (the "Claims Agent"), on May 31, 2023, the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set forth in the Case Management Order. [Doc. No. 893]. The Bar Date Order and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims Agent at https://restructuring.ra.kroll.com/bbby.

19. In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator and his professionals (including the Claims Agent) are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

12 The Confirmation Order provides, "Except as otherwise provided in the Plan, requests for payment of Administrative Claims must be Filed no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to File and serve a request for such payment of such Administrative Claims that do not file and serve such a request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, any purchasers of their assets, or their respective property, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date." Confirmation Order, ¶ 123.

E.     **The Disputed Claims**

20.     Each Disputed Claim is based on the Claimant's alleged equity Interest in BBB.

In addition, each Claimant contends that the Disputed Claim (or some portion thereof) is entitled to treatment as either: (i) a priority unsecured claim pursuant to Bankruptcy Code section 507(a); (ii) an administrative claim pursuant to Bankruptcy Code section 503(b), or (iii) a secured claim. Pursuant to the Objection, the Plan Administrator asks the Court to enter an order that: (a) finds that each Disputed Claim is not a "claim" against the Debtors' estates but rather an "Interest" in BBB as defined by section 101(16) of the Bankruptcy Code and Article I.A.87 of the Debtors' Plan; (b) reclassifies each Disputed Claim as a Class 9 Interest pursuant to the Article III.B.9(a) of the Plan, which provides, "Each Allowed Interest in BBB shall be cancelled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Plan, Article III.B(9).[13]

**RELIEF REQUESTED**

21.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . .

---

[13] Bankruptcy Rule 3007(e) authorizes the Plan Administrator to join up to 100 claims in an omnibus objection where the objection is based on the grounds that the claims: (1) duplicate other claims; (2) have been filed in the wrong case; (3) have been amended by subsequently-filed proofs of claim; (4) were not timely filed; (5) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) are interests, rather than claims; (8) assert priority in an amount that exceeds the maximum amount under §507 of the Code. Fed. R. Bankr. P. 3007(d)-(e). District of New Jersey Local Bankruptcy Rule 3007-1 expands the permissible categories for omnibus objections. It provides, "An omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2. See 2017 Comment to D.N.J. LBR 3007-2 ("This Rule is new. Promulgated under Bankruptcy Rule 3007(b), the rule expands the grounds upon which an omnibus objection may be based beyond those set forth under Bankruptcy Rule 3007(d).")

objects." 11 U.S.C. § 502(a). The Plan Administrator has the right and the duty to object to the allowance of any Claim that is improper. See Plan, Article IV, at § B; 11 U.S.C. § 1106(a)(1).

22.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, the proof of claim must "allege facts sufficient to support the claim." Allegheny, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed prima facie valid. In re Devonshire PGA Holdings LLC, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (citing Allegheny, 954 F.2d at 173–74); Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011).

23.     A party wishing to dispute a claim that meets the burden of prima facie validity must produce evidence in sufficient force to negate the claim's prima facie validity. Allegheny, 954 F.2d at 173. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. Id. at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of this party or the claim by a preponderance of the evidence. Id. at 174. Ultimately, the burden of persuasion is on the claimant. Id.

24.    Each Disputed Claim, on its face, indicates that it is based on the Claimant's alleged stock or ownership interest in BBB. Accordingly, pursuant to section 101(16) of the Bankruptcy Code and Article I.A.87 of the Plan, each Disputed Claim is an Interest.

25.    The Plan classifies Interests in Class 9. Plan, Article III.B.9(a). Accordingly, each Disputed Claim must be reclassified as a Class 9 Interest.

26.    The Plan treats all Allowed Class 9 Interests as follows, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Plan, Article III.B.9). Accordingly, each Disputed Claim is not entitled to any recovery or distribution under the Plan.

## SEPARATE CONTESTED MATTERS

27.    Each claim subject to this Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by this Court will be deemed a separate order with respect to such claim.

## RESERVATION OF RIGHTS

28.    Nothing contained in this Objection or any actions taken by the Plan Administrator pursuant to the relief requested herein is intended or should be construed as (a) an admission as to the validity or amount of any claim against the Debtors; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim or interest; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of

4910-3168-2627.2 08728.003

11

action which may exist against any entity under the Bankruptcy Code or any other applicable law.

29.    The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) or interests that may be asserted. Should one or more of the grounds of objection stated in this Objection be overruled, the Plan Administrator reserves the right to object to the Disputed Claims on any other ground that bankruptcy and non-bankruptcy law permits.

## NOTICE

30.    Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings.** Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

31.    Pursuant to Paragraph 124, notice of the Objection and the hearing thereon was given to (i) the Claimants holding the Disputed Claims listed on Exhibit 1 to the Proposed Order at the addresses set forth for notice on the Disputed Claims (which addresses have been redacted for privacy for individual Claimants); (ii) the U.S. Trustee; (iii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (iv) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances

4910-3168-2627.2 08728.003

12

**NO PRIOR REQUEST**

32.    No prior request for the relief sought in this Objection has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Order attached as **Exhibit A** and granting such other and further relief as is just and proper under the circumstances.

Dated: May 27, 2025

/s/ Bradford J. Sandler
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

**Exhibit A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S
EIGHTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS
(Equity Claims)**

The relief set forth on the following pages, numbered two (2) through four (4), is ORDERED.

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4910-3168-2627.2.08728.003

---

(Page │ 2)
Debtors:          BED BATH & BEYOND INC., *et al.*
Case No.          23-13359-VFP
Caption of Order: ORDER SUSTAINING PLAN ADMINISTRATOR'S EIGHTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (Equity Claims)

Upon the objection (the "Objection")[2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained.

2. Each Disputed Claim set forth on Exhibit 1 is an "Interest" in BBB as defined by section 101(16) of the Bankruptcy Code and Article I.A.87 of the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan").

3. Each Disputed Claim set forth on Exhibit 1 is reclassified as a Class 9 Interest

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

Exhibit 1 to Exhibit A

List of Disputed Claims

Case 23-13359-VFP    Doc 4136-1    Filed 05/27/25    Entered 05/27/25 17:57:05    Desc
Exhibit 1 to Order Sustaining Administrator's Objection to Claims [Equity Claims]

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim History | Asserted Claim Amount | Grounds for Objection & Disposition if Objection is Granted |
|---|---|---|---|---|---|---|---|
| 1 | Azmalzada, Razaq | 11/31/2023 | 18352 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$101,000.00<br>$0.00<br>$101,000.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 2 | Azmalzada, Razaq | 12/5/2023 | 18817 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$101,000.00<br>$0.00<br>$101,000.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 3 | Babatunde, Omosholape David | 11/6/2023 | 18774 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $16,535.00<br>$16,700.00<br>$18,535.00<br>$18,535.00<br>$0.00<br>$102,245.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 4 | Braizard, Jessica Lynn | 5/16/2023 | 1468 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$27.93<br>$0.00<br>$27.93 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 5 | Francis, Henish | 8/28/2023 | 16644 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $2,566.00<br>$0.00<br>$0.00<br>$0.00<br>$2,566.00<br>$2,566.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 6 | Jung, Yun Gil | 8/30/2023 | 16726 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $16,318.08<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$16,318.08 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 7 | Khatun, Junol Ara | 10/20/2023 | 17987 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $3,633.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,633.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 8 | Kumari, Chanda | 6/26/2023 | 6920 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$2,000.00<br>$0.00<br>$2,000.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |
| 9 | Kundu, Aniruddha | 8/29/2023 | 16696 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$35,000.00 | The Disputed Claim is based on Claimant's alleged equity interest in Bed Bath & Beyond, Inc.. Pursuant to Article III.B(9) of the Plan, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Accordingly, the Plan Administrator asks the Court to (1) classify the Disputed Claim as a "Class 9 Interest" and (2) in accordance with the Plan, hold that Claimant is not entitled to any recovery or distribution under the Plan on account of such Interest. |

Case 23-13359-VFP    Doc 4136-1    Filed 05/27/25    Entered 05/27/25 17:57:05    Desc
Exhibit A    Page 4 of 8

(Page | 3)
Debtors:          BED BATH & BEYOND INC., et al.
Case No.          23-13359-VFP
Caption of Order: ORDER SUSTAINING PLAN ADMINISTRATOR'S EIGHTEENTH
                  OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (Equity
                  Claims)

pursuant to the Article III.B.9(a) of the Plan.

4.    Each Disputed Claim set forth on Exhibit 1 will be treated as a Class 9 Interest pursuant to the Plan, which provides, "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." Plan, Article III.B(9).

5.    The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

6.    Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

7.    Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including the Disputed Claims set forth on Exhibit 1 hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed

3

Case 23-13359-VFP    Doc 4136-1    Filed 05/27/25    Entered 05/27/25 17:57:05    Desc
Exhibit A    Page 5 of 8

(Page | 4)
Debtors:          BED BATH & BEYOND INC., et al.
Case No.          23-13359-VFP
Caption of Order: ORDER SUSTAINING PLAN ADMINISTRATOR'S EIGHTEENTH
                  OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (Equity
                  Claims)

Claims.

8.    Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on Exhibit 1 hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

9.    Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

10.   The Court shall retain jurisdiction to construe and enforce this Order.

4



**P**

**$10.10**

Origin: 77074
06/20/25
4813970033-5

## PRIORITY MAIL®

**PRIORITY®**
**MAIL**

0 Lb 3.30 Oz

**RDC 03**

EXPECTED DELIVERY DAY:  06/23/25

**C014**

SHIP
TO:
    50 WALNUT ST
    NEWARK NJ 07102-3551

**USPS TRACKING® #**

9505 5116 3173 5171 8650 63



To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

■ Exp
■ Dor
■ USI
■ Lim
■ Wh

...ons apply).*

...y international destinations.

...s required.

...clusions see the

...l limitations of coverage.

*Insura
Domes
** See l

FL
ONE

TR

This package is made from post-consumer waste. Please recycle – again.

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER
POUCH
how2recycle.info

FRO

6 31