UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Colleen G. Thomas (admitted *pro hac vice*)
Thomas Law Office
30 North Western Avenue
Carpentersville, IL 60110
(847) 426-7990
Collections@CGTLaw.com
Attorney for Continental Web Press, Inc.

Case No.: 23-13359
Chapter: 11
Judge: VFP

In Re: BED BATH & BEYOND, INC., et al.,
Debtors.

### CONTINENTAL WEB PRESS, INC., RESPONSE TO PLAN ADMINISTRATORS' NINETEENTH OMNIBUS OBJECTION TO ADMINISTRATIVE CLAIM

NOW COMES Creditor, Continental Web Press, Inc., by and through its attorney, Colleen G. Thomas, and for its Response to Debtors' Nineteenth Omnibus Objection to Administrative Claim, states as follows:

Debtor argues first that Creditor was late in filing a proof of claim because it did not file by July 7, 2023. However, according to the Notice of Bar Date, no proof of claim was required if the creditor was listed on the Debtor's schedules, agreed to the amount, nature, and priority. Creditor is listed on page 251 of Debtor's bankruptcy filing. In this case, Creditor agreed to the same, and therefore, needed not file a proof of claim.

Additionally, the Notice of Bar Date provides that the bar date of July 7, 2023, may be changed by notice to all creditors. That Bar Date was changed when the Notice of Administrative Claims Bar Date was issued, which required all Administrative Claims to be filed no later than 14 days after September 29, 2023. In accordance with this revised notice, Creditor filed an Administrative Claim pursuant to section 503(b)(9), which sum was included in the

Debtor's schedules. Creditor attached the invoice for the work, showing that it was within 20 days of the filing of the bankruptcy, and the printed materials that were provided to the Debtor. Creditor filed the Administrative Proof of Claim and Request for Payment on October 9, 2023. Therefore, Creditor complied with all applicable deadlines.

Second, Debtor claims that Creditor did not provide goods to Debtor. However, Debtor provided printed materials to Debtor. Debtor paid Creditor for the postage, and at the demand of Debtor, Creditor delivered the printed materials to the U.S. Post Office. Therefore, Creditor qualifies for delivering goods to Debtor. Debtor's argument that delivery to customers is not delivery to Debtor. However, Debtor paid to Creditor the postage to deliver to the U.S. Post Office, not to customers of Debtor. Additionally, the delivery was complete when it arrived at the U.S. Post Office, and it was at Debtor's specific request. Therefore, delivery was made as well.

WHEREFORE, Creditor, Continental Web Press, Inc., respectfully requests this Court to deny Debtor's Nineteenth Omnibus Objection to Administrative Claims as it pertains to Continental Web Press, Inc., and to grant it administrative priority claim status for its April 7, 2023, invoice, and to allow the remainder of its unsecured Class 6 General Creditor Status for the balance.

Respectfully submitted,

/s/ Colleen G. Thomas,

Colleen G. Thomas (admitted *pro hac vice*)
Thomas Law Office
30 North Western Avenue
Carpentersville, IL 60110
(847) 426-7990
Collections@CGTLaw.com
Attorney for Continental Web Press, Inc