**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND CONSENT ORDER BETWEEN**
**THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY**

        The relief set forth on the following pages, numbered two (2) through eleven (11), is hereby

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained at https://restructuring.ra.kroll.com/bbby.

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

This stipulation and consent order (the "Stipulation") is made by and between Laura Alevy ("Mrs. Alevy") and David Alevy ("Mr. Alevy") (Mrs. Alevy and Mr. Alevy are collectively, the "Claimants"), and Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (the "Wind-Down Debtors") (f/k/a Bed Bath & Beyond Inc. and affiliated Debtors, the "Debtors").[2] Claimants and the Plan Administrator, by and through their undersigned counsel, shall be collectively referred to herein as the "Parties" or individually as a "Party."

## RECITALS

A.    Claimants allege that Mrs. Alevy sustained personal injuries on April 3, 2023 at a store operated by Debtor Bed Bath & Beyond., Inc. ("BBB") located at 1545 Market Place Boulevard, Cumming, GA 30041 (the "Incident"), and that Mr. Alevy has suffered a loss of consortium therefrom (the "Claimants' Claims"). The Debtors, the Wind-Down Debtors and the Plan Administrator dispute the Claimants' Claims.

B.    On April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The cases were jointly administered under the lead case, *In re Bed Bath & Beyond, Inc.*, et al., Case No. 23-13359 (Bankr. D. NJ) (VFP).[3]

---

[2]    Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

[3]    Unless otherwise indicated, docket references in this Stipulation refer to the lead case docket.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

C.      On May 31, 2023, the Court entered its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order").  The Bar Date Order established (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor; (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor; (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim (the "Bar Dates").

D.      On June 5, 2023, the Debtors caused a bar date notice to be published in The New York Times. [Doc. No. 638.] With the assistance of Kroll Restructuring Administration LLC (the "Claims Agent"), on May 31, 2023, the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set forth in the Case Management Order. [Doc. No. 893]. The Bar Date Order and Proof of Claim Forms were also

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

published on the Debtors' case website maintained by the Claims Agent at https://restructuring.ra.kroll.com/bbby.

E.    Claimants dispute receiving adequate notice of the Bar Dates and Bar Date Order, and did not file a proof of claim on account of the Claimants' Claims.

F.    On September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order").[4]  The Effective Date of the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan") occurred on September 29, 2023 [Docket No. 2311], and the Plan Administrator was appointed pursuant to the terms of the Plan.

G.    On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims. Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless

---

[4] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed

Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3)

administer and adjust the Claims Register to reflect any such settlements or compromises without

any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at §

B.

H.      Pre-petition, Safety National Casualty Corporation ("Safety National") provided

general liability insurance coverage to Debtors pursuant to certain insurance policies and related

documents (the "Safety National Insurance Policies") subject to a $1 Million Self-Insured

Retention Limit (the "SIR").

I.      On February 10, 2025, Claimants filed their *Notice of Motion and Motion For

Order (I) Modifying The Automatic Stay and Plan Injunction to Allow Movants to Pursue Personal

Injury Litigation against the Debtor(s), (ii) For Leave to File Proofs of Claim After the Bar Date

and (iii) Waiving the Provisions of Fed. R. Bankr. P. 4001(a)(3)* [Doc. No. 3855] (the "Motion"),

which sought, *inter alia*, relief from the plan injunction to commence and prosecute litigation in

the courts of the State of Georgia against the Debtors to recover against Safety National on account

of the claims arising from or related to the Incident and also leave to file proofs of claim after the

applicable bar date. A hearing on the Motion was originally set for March 4, 2025 at 10:00 a.m.

(the "Hearing").

J.      The Debtors and the Wind-Down Debtors dispute the merits of the Motion and

oppose the relief requested therein.

K.      On February 25, 2025, Safety National filed an opposition to the Motion [Doc. No.

3919].

(Page | 6)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

L.      On February 25, 2025, the Plan Administrator, Safety National and Claimants entered into a tolling agreement with respect to Claimants' Claims [Doc. No. 3922].

M.      While the Parties attempted to resolve the matter consensually, the Parties entered into a number of agreements to adjourn the Hearing on the Motion and extend the date by which the Plan Administrator could oppose the Motion.. The Hearing on the Motion is currently set for July 29, 2025 at 10:00 a.m.

N.      Safety National and Claimants have entered into a separate settlement (the "Safety National Settlement"), the terms of which are confidential.

O.      The Parties have conducted good faith negotiations with respect to the Incident, the Motion and the Claimants' Claims, which  the Parties desire to resolve on the terms set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL OF THIS STIPULATION, IT IS ORDERED THAT:**

1.      The Claimants' Claims are hereby allowed as a single Class 6 General Unsecured Claim in the total amount of five hundred thousand dollars ($500,000.00) (the "Allowed Claim"). The entered order approving this Stipulation will serve as the Claimants' proof of the Allowed Claim and they shall not be required to file a proof of claim.

2.      For the avoidance of doubt, the Allowed Claim shall be paid solely in accordance with the terms of the Plan, as and when distributions, if any, to Allowed Class 6 General Unsecured Claims are made.

3.      Upon execution or filing of this Stipulation, the Motion is deemed withdrawn, and the withdrawal of the Motion shall be deemed with prejudice upon Court approval of this Stipulation.

(Page | 7)
Debtors:                    BED BATH & BEYOBD, INC., *et al.*
Case No.:                   23-13369-VFP
Caption of Order:           STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
                            ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY

4.      Claimants hereby stipulate and agree that any other claims (other than the Allowed Claim), whether scheduled, filed, asserted, or made by Claimants in the Debtors' chapter 11 cases are hereby withdrawn, with prejudice, in their entirety without the necessity for any further objection, notice, or filing.  Claimants hereby stipulate and agree that Claimants will not file or assert any other claims in the Debtors' chapter 11 cases and shall not be entitled to any distribution from the estates, the Debtors, the Wind Down Debtors and/or the Plan Administrator other than as expressly provided for herein with respect to the Allowed Claim.

5.      The Claims Agent shall update the official claims register to reflect the relief granted in this Stipulation.

6.      The terms of this Stipulation shall be immediately effective and enforceable upon entry by the Court.

7.      Nothing in this Stipulation shall be construed as an admission of liability or wrongdoing, and the Debtors, Wind-Down Debtors and the Plan Administrator deny any and all liability and wrongdoing. This Stipulation merely represents a complete compromise of the Released Claims (as defined below) in order to avoid further litigation.

8.      This Stipulation resolves all claims, demands, and causes of action that Claimants have filed or could file against the Debtors, the Wind-Down Debtors, or the Plan Administrator. The Parties agree that the allowance of the Allowed Claim shall be in full and final satisfaction, discharge, and release, of any and all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown) including but not limited to claims, demands and causes of action arising from the Incident and the Claimants' Claims (collectively, the "Released Claims")

(Page | 8)

| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

held by Claimants, on Claimants' own behalf and on behalf of Claimants' heirs, administrators, personal representatives, executors, assigns, attorneys, and/or anyone claiming by or through Claimants against the Plan Administrator, the Wind-Down Debtors, the Debtors, their estates, and their respective subsidiaries, affiliates, managed entities, directors, officers, employees, issuer(s), insurer(s), third party administrators under any insurance policies, attorneys, advisors, agents, successors and assigns (collectively, the "Released Parties"); provided however, that nothing herein shall have any effect on the Safety National Settlement.

9.      For avoidance of doubt, relief from the Plan Injunction is not granted pursuant to this Stipulation and Claimants agree that they will not commence or continue any action(s) based on the Released Claims against any of the Released Parties.

10.      Claimants expressly acknowledge and agree that Claimants will be responsible for all valid liens, subrogation, and/or any other bills pertaining to the Incident, the Claimants' Claims, or the Allowed Claim, which are known or unknown and which have not been paid. In consideration of the foregoing terms of this Stipulation, Claimants agree to satisfy all valid liens and to indemnify and hold harmless the Released Parties as to any and all claims, debts, liens, subrogation claims, expenses, and all other bills or damages from any medical provider, creditor, lienholder, insurer, Medicare, Medicaid, Social Security, Tri-Care, or other person, firm, or other governmental entity arising out of the Incident, the Claimants' Claims, or the Allowed Claim, and to pay any and all litigation expenses incurred by the Released Parties (if incurred pursuant to this paragraph), and to waive any statutory exemptions applicable to them resulting from the adjudication of any such liens or claims; provided, however, that the sole remedy of any Released

Debtors:            BED BATH & BEYOBD, INC., *et al.*
Case No.:           23-13369-VFP
Caption of Order:   STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
                    ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY

Party to enforce any of the obligations under this paragraph is limited to offsetting any distribution that would otherwise be payable to Claimants.

11.    The Parties shall bear their own respective attorneys' fees and costs arising from this Stipulation, the Incident, the Motion and the Claimants' Claims or the actions of respective counsel to each of the Parties in connection with this matter and all matters related to the investigation and litigation of the Claimants' Claims.

12.    This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, including the settlement, resolution, and liquidation of the Incident and Claimants' Claims, and supersedes any and all prior agreements and undertakings, whether written or oral, between the Parties relating to the subject matter hereof.

13.    This Stipulation is intended by the Parties to binding upon: (a) the Plan Administrator's, the Debtors', and the Wind-Down Debtors' respective successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Plan Administrator, the Debtors, or the Wind-Down Debtors, as applicable; and (b) Claimants' heirs, administrators, personal representatives, executors, assigns, attorneys, and/or anyone claiming by or through Claimants.

14.    The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

15.    This Stipulation may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

4926-5004-9094.5 08728.003

(Page | 10)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

16.    Nothing in this Stipulation, nor any actions taken pursuant hereto, shall constitute admissible evidence in any court against any party in any action or proceeding other than one to enforce the terms of this Stipulation and Order.

17.    Nothing in this Stipulation or any actions taken pursuant hereto is intended to be nor shall be construed as: (a) an admission as to the allowed amount of, basis for, or validity of any claim against the Debtors, the Wind-Down Debtors, or the Plan Administrator under the Bankruptcy Code or applicable non-bankruptcy law; (b) a waiver of the right of the Wind-Down Debtors or the Plan Administrator to dispute any claim; (c) a promise or requirement to pay any claim, other than the Allowed Claim to the extent set forth herein, in accordance with the terms of the Plan; (d) a waiver or limitation, except as otherwise stated herein, of the rights and defenses of the Wind-Down Debtors or the Plan Administrator under the Bankruptcy Code and any other applicable law.

18.    The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and any claimed ambiguity shall be construed neither for nor against any of the Parties.

19.    This Stipulation shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

(Page | 11)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR & LAURA ALEVY AND DAVID ALEVY |

20.     The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Edward A. Corma*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
           bsandler@pszjlaw.com
           ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

**LOIZIDES, P.A**

*/s/ Christopher D. Liozides*
Christopher D. Loizides, Esq.
**LOIZIDES, P.A**
1225 King Street, Suite 800
Wilmington, Delaware 19801.
Telephone:302-654-0248
Email: loizides@loizides.com

-and-

**LEIBEL LAW**
**STEVEN LEIBEL, P.C.**

*/s/ Steven Leibel*
Steven Leibel, Esq.
**LEIBEL LAW**
**STEVEN LEIBEL, P.C**
Folger House
3619 S Chestatee
Dahlonega, Ga 30533
Telephone: 404-892-0700
Email: steven@leibel.com

*Counsel for Claimants*