# EXHIBIT B

**Declaration**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT** |
| **DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*) |
| Bradford J. Sandler, Esq. |
| Erin Gray, Esq. (admitted *pro hac vice*) |
| Edward A. Corma, Esq. |
| PACHULSKI STANG ZIEHL & JONES LLP |
| 1700 Broadway, 36th Floor |
| New York, NY 10019 |
| Telephone:  (212) 561-7700 |
| Facsimile:  (212) 561-7777 |
| Email:    rfeinstein@pszjlaw.com |
|             bsandler@pszjlaw.com |
|             egray@pszjlaw.com |
|             ecorma@pszjlaw.com |
| |
| *Counsel to the Plan Administrator* |

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| | |
| Debtors. | (Jointly Administered) |

### DECLARATION OF PLAN ADMINISTRATOR MICHAEL GOLDBERG
### IN SUPPORT OF FOURTH MOTION FOR ENTRY OF AN ORDER
### EXTENDING THE PERIOD TO OBJECT TO CLAIMS

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as

follows:

1.    I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath &

Beyond Inc.)[2] and 73 affiliated debtors (the "Debtors" or the "Wind-Down Debtors")). I give this

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

declaration in support of the *Fourth Motion for Entry of Order Extending Time to Object to Claims* (the "Motion"). Pursuant to the Motion, I seek entry of an order extending the time to object to Claims of all priority levels (including but not limited to all Secured Claims, Administrative Claims - whether filed as proofs of claims or as requests for payment and/or motions on the docket - Priority Claims and/or General Unsecured Claims) and Interests through and including March 30, 2026.[3]

2.       Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents including the Motion; (c) information provided to me by, or discussions with, members of my management team, other employees, or the Debtors' other advisors; and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3.       Since my appointment, I (with the assistance of my staff and Professionals) have, among other things: (i) reconciled, settled and/or objected to approximately 1,700 Administrative Claims (unclassified), Priority Tax Claims (unclassified), Other Priority Claims (Class 1) and Other Secured Claims (Class 2) (collectively, the "Administrative and Priority Class Claims"); (ii) recovered and collected significant value related to the Debtors' remaining Assets, such as reserves held by credit card companies, excess collateral held by insurance companies, prepayments held by vendors and refunds owed by various federal, state and local taxing authorities; (iii) concluded Asset sales; (iv) investigated, filed, prosecuted and/or settled over 250 Causes of Action; (v) negotiated extensively with taxing authorities over the amounts and

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or in the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (as amended, the "Plan").

priority of alleged tax claims, resolving many of those claims; (vi) responded to a plethora of motions filed by parties in interest in the bankruptcy court seeking, *inter alia*, Allowance of Claims and relief from the automatic stay; (vii) prepared and filed Post Confirmation Operating Reports; (viii) prepared and filed all required federal, state and local tax returns; and (ix) made distributions on account of Allowed DIP Claims (Class 3) and Allowed FILO Claims (Class 4), and certain Allowed Secured Claims (Class 2) (i.e., the Allowed Texas Tax Claims).

4.      More specifically, with respect to Causes of Action (which remain the primary future source of recoveries under the Plan), as of June 30, 2025, we have (i) filed 260 adversary proceedings pursuant Bankruptcy Code sections 547 that seek to recover preferential payments (the "Preference Actions"), 89 of which remain pending; and (ii) 17 adversary proceedings pursuant Bankruptcy Code sections 542 that seek to recover tax refunds, overpayments, collateral and/or other cash assets I contend the defendant is holding (the "Turnover Actions") (and some of which also object to the defendant's claims), 15 of which remain pending. I have also initiated (and/or continued to prosecute) the following additional Causes of Action outside of this Court which are still pending: (1) *20230930-DK-Butterfly-1, Inc., v. HBC Investments LLC et al*, Case No. 24-cv-3370 (S.D.N.Y. May 2, 2024); (2) *20230930-DK-Butterfly-1, Inc. v. Ryan Cohen et al*. (S.D.N.Y. August 1, 2024); (3) *Bed Bath & Beyond Inc., et al v. Anthem, Inc., f/k/a WellPoint, Inc. d/b/a Anthem Blue Cross Life and Health Insurance Company, Blue Cross of California, et al*., Case No.  2:22-cv-01256-SGC (N.D. Ala. Sep. 27, 2022); (4*) Bed Bath & Beyond Inc. v. Orient Overseas Container Line Limited and OOCL (Europe) Limited*, Case No. 23-02 (Federal Maritime Commission, April 27, 2023); (5) *20230930-DK-Butterfly-1, Inc. v. BAL Container Line Co., Limited*, Case No. 25-02 (Federal Maritime Commission, Jan.7, 2025); (6) *20230930-DK-BUTTERFLY-1, Inc. v. Evergreen Marine Corp. (Taiwan) Ltd., et al*, Case No.

24-12 (Federal Maritime Commission, Feb. 21, 2021); (7) *Bed Bath & Beyond Inc. v. Yang Ming Marine Transport Corp.*, Case No. 23-10 (Federal Maritime Commission, September 7, 2023). I also initiated (and/or continued to prosecute) the following additional Causes of Action outside of this Court which are now settled: (1) *20230930-DK-Butterfly-1, Inc. v. MSC Mediterranean Shipping Company SA*, Case No. 23-12 (Federal Maritime Commission, Nov. 28, 2023); (2) *20230930-DK-Butterfly-1, Inc. v. Edelman et al.*, Case No. 652164/2024 (Sup.Ct. N.Y. York, April 26, 2024). I have settled claims against numerous shippers without formal litigation, including Ocean Network Express (ONE), Hapag Lloyd, and COSCO Shipping Lines. I have also initiated an arbitration against *KPMG LLP,* which is ongoing. I am continuing to investigate potential Causes of Action and will continue to commence cases where I believe the estates may benefit.

5.     Starting on the Effective Date with unrestricted cash of approximately $11 million, I have collected an additional $180 million through June 30, 2025, from which I have made distributions on account of Allowed Class 3 Claims and Allowed Class 4 Claims and Plan Administrator Expenses totaling $188 million.

6.     According to the Debtors' Claims and Notice Agent Kroll, as of August 22, 2025, creditors have filed 20,848 proofs of claim against the Debtors ("Total Claims"). My professionals and I have filed 22 rounds of omnibus objections to Administrative and Priority Class Claims. Through these efforts (including negotiated resolutions), approximately 1,700 Administrative and Priority Class Claims have been disallowed, expunged or reclassified as Class 6 General Unsecured Claim. At this time, there are approximately 1,400 additional Administrative and Priority Class Claims pending review, resolution and/or objection.

7.     While my Professionals and I have concluded that the majority of the Asserted Administrative and Priority Class Claims are overstated and will be disallowed, significantly reduced, withdrawn and/or reclassified as Class 6 General Unsecured Claims, below is a summary of the outstanding Claims asserted against the Debtors as of the Effective Date and as of August 22, 2025 (excluding the Allowed Claims of the Debtors' pre-petition secured lenders (i.e., the Class 3 (Allowed DIP Claims) and Allowed Class 4 Claims (Allowed FILO Claims)):[4]

| Claim Type | Asserted Amounts as of 09/29/2023 | Current Amounts as of 08/22/2025[5] |
|---|---|---|
| Administrative Claims (11 U.S.C. § 503) | $60.6 million | $39.9 million |
| Priority Claims (11 U.S.C. § 507) (Including Priority Tax Claims and Other Priority Claims) | $348.5 million | $195.7 million |
| Other Secured Claims (11 U.S.C. § 506) | $57.5 million | $57.2 million |
| General Unsecured Claims | $4.2 billion | $2.8 billion |

8.     The Plan provides for a Combined Reserve, which is the only guaranteed source of funding for Allowed Administrative Claims (unclassified), Allowed Priority Tax Claims (unclassified), Allowed Other Priority Claims (Class 1) and Allowed Other Secured Claims (Class 2).   The Combined Reserve totaled $10 million when it was turned over to me on the Effective Date. Pursuant to the Confirmation Order, $2.8 million of the Combined Reserve was subject to a set aside for the Texas Taxing Authorities. Through June 30, 2025, I have paid $1.8 million to the Texas Taxing Authorities (and professionals responsible for negotiating the Texas

---

[4] All claims figures were provided by the Debtors' Claims and Noticing Agent Kroll.

[5] The "Current Asserted Amount" is the total amount claimed in that category as is asserted on the filed Proofs of Claim except: (a) the Current Asserted Amount of any Disallowed Claim is $0.00; (b) the Current Asserted Amount of any claim that has been Allowed is the Allowed Amount per order or stipulation, and (c) the Current Asserted Amount of any satisfied claim is $0.00.

Tax Claims) from the Combined Reserve on account of their Allowed Class 2 Claims. Currently, there is $8.5 million in the Combined Reserve.

9.      As set forth above, the amount of alleged Administrative and Priority Class Claims greatly exceeds the amount of the Combined Reserve. Accordingly, in my  business judgment, until I know the universe of Allowed Administrative Claims and Priority Class Claims, I am not paying any of them to ensure that each Holder of an Allowed Administrative Claim eventually receives its appropriate *pro rata* share of the Combined Reserve.

10.      There is a mechanism (the "Sharing Mechanism") under the Plan that has the potential to increase the amount of funds available for distribution to Holders of Allowed Administrative Claims and Priority Class Claims as well as Allowed Class 6 General Unsecured Claims by allowing the Wind-Down Debtors' estates to participate in certain percentage recoveries from Causes of Action which are deposited into a Shared Proceeds Pool. However, the Plan's threshold for the activation of the Sharing Mechanism has not been met, and I am unable to say at this time if (or when) it will be met.

11.      My Professionals and I have initiated hundreds of Causes of Action in an effort to bring additional monies into the estates and have objected to almost two thousand Administrative and Priority Class Claims (including those made in connection with the Preference Actions and the Turnover Actions). A great many of these Causes of Action were prepared and filed during the Third Extension Period given the expiration of the 2-year avoidance action window on April 23, 2025.

12.      Given all of my duties and responsibilities, the progress my Professionals and I have made and the magnitude of the asserted Administrative and Priority Class Claims, I need additional time to evaluate and object to Claims.  My Professionals and I are continuing to work

through the process of evaluating the Administrative and Priority Class Claims for the purpose of allowance or objection, but perhaps more importantly, to determine the realistic pool of Allowed Administrative Claims before I can determine if the funding of the Combined Reserve is sufficient to allow for payment to holders of Allowed Administrative Claims (as they become Allowed), while continuing to reserve for unresolved Administrative Claims given the disparity between the funding in the Combined Reserve and the asserted Administrative Claims.

13.     As has been noted previously, absent a significant reduction in the asserted Administrative Claims and meaningful recoveries added to the Shared Proceeds Pool, under the distribution Waterfall Recovery set forth in the Plan, it is unlikely that Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (Class 1) or Allowed Other Secured Claims (Class 2) will be paid in full. To the extent that I am only able to make a pro rata distribution on account of Allowed Administrative Claims, I will file a motion seeking appropriate relief to do so.

14.     Extending the Claims Objection Bar Date is in the best interests of all stakeholders.  The extension sought will afford my Professionals and me an opportunity to make more fully informed decisions concerning the resolution of pending Claims, in the interests of ensuring ratable distributions among and maximizing value for legitimate creditors.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: August 29, 2025

*/s/ Michael Goldberg*
By: Michael Goldberg
In his capacity as Plan Administrator to
20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed
Bath & Beyond Inc.) and 73 affiliated debtors