| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Erin Gray, Esq. (admitted *pro hac vice*)<br>Edward A. Corma, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>Email:  rfeinstein@pszjlaw.com<br>         bsandler@pszjlaw.com<br>         egray@pszjlaw.com<br>         ecorma@pszjlaw.com<br><br>*Counsel to the Plan Administrator* |

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Hearing Date:  September 3, 2025**<br>**Hearing Time:  10:00 a.m. (ET)**<br>**Responses Due: August 27, 2025** |

**PLAN ADMINISTRATOR'S REPLY TO CLAIMANT'S RESPONSE TO
TWENTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS
(503(b)(9) Claims No. 4)**

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan

Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

4920-5580-4260.1 08728.003

affiliated debtors (the "Debtors" or the "Wind-Down Debtors"), files this reply to the response submitted by Water-Stream LLC ("Claimant") to the *22nd Omnibus Objection (Substantive) to Certain Claims (503(b)(9) Claims No.3)* (the "Objection") [Doc. No. 4266].[3]

1. Pursuant to the Objection, the Plan Administrator objected to Claim 2654 ("Claim 2654" or the "Disputed Claim") filed by Claimant for $10,166.04 which Claimant alleged is entitled to priority under Bankruptcy Code section 503(b)(9). A copy of the Disputed Claim is attached hereto as **Exhibit A**.

2. In the Objection, the Plan Administrator argued that the Disputed Claim was not entitled to administrative status because (a) Claimant filed to provide documentation establishing that the subject goods, if any, were actually received by the Debtors on or after April 3, 2023; and (b) The Plan Administrator is informed and believes that the subject goods were drop-shipped directly to the Debtor's customers; therefore, the goods were not "received by the debtor" as required by section 503(b)(9).

3. To be clear, the Plan Administrator does not contest the amount of the Disputed Claim. The Plan Administrator only contends that the Disputed Claim is not entitled to priority under Bankruptcy Code section 503(b)(9) and should be reclassified as a Class 6 General Unsecured Claim.

4. On or about August 21, 2025, Claimant emailed the documents attached hereto as **Exhibit B** to counsel (the "Response").[4] In its Response, Claimant does not provide any evidence that it delivered the subject April 3, 2023 and April 22, 2023 (the "503(b)(9) Period").

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

[4] As of the filing of this Reply, the Response has not been filed on the docket. In his email, Claimant indicates that there are exhibits attached to the Response but counsel received only a list of exhibits, not the exhibits themselves.

In fact, the invoice listing attached to the proof of claim (**Exhibit A**) shows the latest invoice date as January 9, 2023 and the latest payment due date as February 8, 2023.

5. As all of the subject goods were invoiced before the 503(b)(9) Period and the Claimant has provided no evidence that any of the subject goods were received by the Debtors during the 503(b)(9) Period, the Court should sustain the Objection and reclassify the Disputed Claim as a Class 6 General Unsecured Claim.

6. To the extent that the Claimant submits additional documentation in connection with the hearing on this matter, the Plan Administrator reserves his right to supplement this Reply.

WHEREFORE, the Plan Administrator asks that the Court enter the Proposed Order and reclassify the Disputed Claim as a Class 6 General Unsecured Claim.

Dated: August 29, 2025

/s/ Edward A. Corma
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq.
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
egray@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*