| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq. Erin E. Gray, Esq.<br>(admitted *pro hac vice*)<br>Edward A. Corma, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br><br>Email:    rfeinstein@pszjlaw.com<br>             bsandler@pszjlaw.com<br>             egray@pszjlaw.com<br>             ecorma@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | <br><br>**Order Filed on September 5, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:BED BATH & BEYOND INC.,<br><br>*et al.*,[1]<br><br>                                Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Original Hearing Date and Time**<br><br>**August 12, 2025 at 10:00 a.m. (ET)<br>Response Deadline: August 5, 2025**<br><br>**Continued Hearing Date and Time<br>September 3, 2025 at 10:00 a.m. (ET)<br>Response Deadline: August 27, 2025** |

**SUPPLEMENTAL ORDER SUSTAINING PLAN ADMINISTRATOR'S
TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (503(B)(9)
CLAIMS NO. 3) AS TO CLAIM 172 OF PEM-AMERICA, INC.**

The relief set forth on the following pages, numbered two (2) through three (3), is **ORDERED**.

**DATED: September 5, 2025**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4912-9846-9732.1 08728.003

Debtors:         BED BATH & BEYOND INC., *et al*.
Case No.         23-13359-VFP
Caption of Order: SUPPLEMENTAL ORDER SUSTAINING PLAN ADMINISTRATOR'S TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS

Upon the objection (the "Objection")[2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on **Exhibit 1** (the "Disputed Claims") to Exhibit A of the Objection [Doc. No. 4169]; and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. 4170, 4262], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained.

2. Claim 172 of Pem-America, Inc. shall be reclassified as a Class 6 General Unsecured Claim in the total amount of $204,193.97.

3. The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

4. Nothing in this Order shall affect any party's rights with respect to the Disputed

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | SUPPLEMENTAL ORDER SUSTAINING PLAN ADMINISTRATOR'S TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS |

Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5. Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including any Disputed Claim, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in the Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6. Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

7. The Court shall retain jurisdiction to construe and enforce this Order.