**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          egray@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** October 15, 2025<br>**Hearing Time:** 10:00 a.m. (ET)<br>**Response Deadline:** October 8, 2025 |

**PLAN ADMINISTRATOR'S REPLY TO CLAIMANT
SAFAVIEH INTL LLC'S RESPONSE TO PLAN ADMINISTRATOR'S
TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS
(503(b)(9) Claims No. 3)**

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

affiliated debtors (the "Debtors"), files this reply to the response (the "Response") [Doc. No. 4280] submitted by Safavieh Intl LLC ("Claimant") to the *Plan Administrator's 21st Omnibus Objection (Substantive) to Certain Claims (503(b)(9) Claims No.3)* (the "Objection") [Doc. No. 4169].

1. Pursuant to the Objection, the Plan Administrator objected to Claim No. 50 (filed on April 8, 2023) for a total of total $68,701.01, $67,421.29 of which Claimant contends is entitled to priority under Bankruptcy Code section 503(b)(9) and $1,279.72 of which Claimant contends is a general unsecured claim.[3] The Plan Administrator objected on the following grounds, " Claim is amended and superseded by Claim 20393. Accordingly, this claim should be disallowed."

2. The Plan Administrator also objected to Claim No. 20393 (filed on November 5, 2024) for a total of $878,701.01, $67,421.29 of which Claimant contends is entitled to priority under Bankruptcy Code section 503(b)(9).[4] Claimant also contends that its claim is secured by possession of "specially manufactured inventory" and that its claim is entitled to priority under Bankruptcy Code section 507(a) in an unknown amount. The Plan Administrator objected on the following grounds, "This claim should be reclassified as a Class 6 General Unsecured Claim because: (1) Claimant has failed to provide documentation establishing that the subject goods, if any, were actually received by the Debtors on or after April 3, 2023. (2) The Plan Administrator is informed and believes that the subject goods were "drop shipped" directly to the customer. Accordingly, claim is not entitled to priority under Section 503(b)(9)."

---

[3] A copy of Claim 50 is attached as **Exhibit A**.

[4] A copy of Claim 20393 is attached as **Exhibit B**.

3. Claimant's Response states, "Safavieh respectfully requests the entry of an order: (i) disallowing its priority claim; (ii) adding the amount of the disallowed priority claim to its GUC, and (iii) allowing Safavieh's GUC in such increased amount." Response at 1.

4. Accordingly, the Plan Administrator and Claimant appear to agree (i) that Claim 50 (which is amended and superseded by Claim 20393) should be disallowed and (ii) that the priority portion of Claim 20393 ($67,427.79) should be reclassified as a general unsecured claim, which would result in, as requested by the Plan Administrator, a total Class 6 General Unsecured Claim of $878,701.01.[5]

5. Where the Plan Administrator and Claimant disagree is that Claimant seeks to have Claim 20393 "allowed," and the Plan Administrator is not prepared to do so at this time.

6. On or about May 16, 2024, the Plan Administrator filed his *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, AND 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") [Case No. 24-01242] (the "Adversary Action"). Pursuant to the Complaint, the Plan Administrator seeks to recover transfers to Claimant made during the 90 days prior to the Petition Date totaling $779,078.11. *See* Complaint at Exhibit A.

7. The Complaint provides, "In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code." Complaint at ¶ 2. The Complaint further provides, "Pursuant to section 502(d) of the Bankruptcy Code, any and all

---

[5] Claim 20393 makes clear that the total claim calculation already includes the alleged 503(b)(9) portion. It states, "**Safavieh Amended Claim Calculation** Goods Sold $68,701.01 (inclusive of $67,427.79 20 day priority claim) Specially Manufactured Goods Inventory (cost) - $546,983.20 Storage charges of Specially Manufactured Goods ($20,000/mo) = $240,000.00." See Claim 20393 at 6.

Claims of Defendant and/or its assignee, against Plaintiff or the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs." Complaint at ¶ 44.

8.  The Adversary Action is still pending and until such time as that action is resolved and any Transfers are repaid, Claim 20393 should not be allowed.

9.  In addition, while the Plan Administrator did not originally object to the amount of Claim 20393 (he merely sought to reclassify it as a Class 6 General Unsecured Claim), he reserved his rights to do so. *See* Objection at ¶ 29 ("***The Plan Administrator also reserves the right to file other and further objections to any Disputed Claim that is reclassified as a Class 6 General Unsecured Claim pursuant to the Proposed Order***."). The Plan Administrator is currently deferring reconciling and filing objections to the vast majority of general unsecured claims given that it is unclear at this time whether or not there will be a distribution to Class 6. He, however, reserves his rights to do so.[6] The Objection merely sought to reclassify Claim 20393; the "allowed" amount, if any, of Claim 20393 is for another day.[7]

WHEREFORE, the Plan Administrator asks that the Court enter an order (i) disallowing Claim 50 and (ii) reclassifying Claim 20393 as a Class 6 General Unsecured Claim in the amount of $878,701.01.

---

[6] Pursuant to the Plan, unless a Court order has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed. (Plan, Article I.A, at § 14). The current Claims Objection Bar Date is March 30, 2026.

[7] For example, pursuant to Claim 20393, Claimant appears to be trying to charge the Debtors for inventory that it never actually delivered to the Debtors, and a year of storage for inventory that it could have possibly sold to a third party.

|  |  |
|---|---|
| Dated: October 13, 2025 | */s/* Edward A. Corma, Esq. |
|  | Robert J. Feinstein, Esq. (admitted *pro hac vice*) |
|  | Bradford J. Sandler, Esq. |
|  | Erin Gray, Esq. |
|  | Edward A. Corma, Esq. |
|  | **PACHULSKI STANG ZIEHL & JONES LLP** |
|  | 1700 Broadway, 36th Floor |
|  | New York, NY 10019 |
|  | Telephone: (212) 561-7700 |
|  | Facsimile: (212) 561-7777 |
|  | Email: rfeinstein@pszjlaw.com |
|  | bsandler@pszjlaw.com |
|  | egray@pszjlaw.com |
|  | ecorma@pszjlaw.com |
|  | |
|  | *Counsel to the Plan Administrator* |