| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> Robert J. Feinstein, Esq. (admitted *pro hac vice*) <br> Bradford J. Sandler, Esq. <br> Erin Gray, Esq. (admitted *pro hac vice*) <br> Edward A. Corma, Esq. <br> PACHULSKI STANG ZIEHL & JONES LLP <br> 1700 Broadway, 36th Floor <br> New York, NY 10019 <br> Telephone:  (212) 561-7700 <br> Facsimile:  (212) 561-7777 <br> Email:  rfeinstein@pszjlaw.com <br>        bsandler@pszjlaw.com <br>        egray@pszjlaw.com <br>        ecorma@pszjlaw.com <br><br> *Counsel to the Plan Administrator* |

| | |
|---|---|
| In re: <br><br> BED BATH & BEYOND INC., *et al.*,[1] <br><br>                Debtors. | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> (Jointly Administered) <br><br> **Hearing Date:  October 16, 2025** <br> **Hearing Time:  10:00 a.m. (ET)** |

### PLAN ADMINISTRATOR'S REPLY TO RESPONSE OF EVA MARIE BEALE TO TWENTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS (503(b)(9) Claims No. 4)

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors" or the "Wind-Down Debtors"), files this reply to the response

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

4924-8717-4513.3 08728.003
4924-8717-4513.3 08728.003

submitted by Eva Marie Beale ("Claimant") to the *22nd Omnibus Objection (Substantive) to Certain Claims (503(b)(9) Claims No.4)* (the "Objection") [Doc. No. 4266].[3]

A.     **General Background.**

1.     Pursuant to the Objection, the Plan Administrator objected to Claim 9578 (filed on 7/6/23) pursuant to which Claimant asserted a total claim of $400,000 for "Illegal use of IP for the Mark Grey Gardens® BB&B website, brick-and-mortar, 3rd party retailers". While the total claim is listed as $400,000.00, Claimant asserts that $400,000.00 is entitled to priority under "Bankruptcy Code section 507(a)(willful TM use)"; $400,000.00 is entitled to administrative priority as a pre-petition 20-day goods claim under Bankruptcy Code section 503(b)(9), and $500,000.00 is entitled to administrative priority as a post-petition claim pursuant to Bankruptcy Code section 503(b).[4] The Plan Administrator objected to Claim 9578 as follows:

> This claim should be reclassified as a Class 6 General Unsecured Claim because: (1) Claim is for alleged trademark violations (not goods received by the Debtors on or after April 3, 2023). Accordingly, claim is not entitled to priority under Section 503(b)(9). (2) This claim is not entitled to administrative priority under Section 503(b)(1) because claimant has failed to establish that this claim (a) arose out a post-petition transaction with the debtor in possession and (b) directly and substantially benefitted the estate. (3) Claim is not entitled to priority under provision of Section 507(a).

*See* Exhibit 1 to the Objection at 24. The Plan Administrator did not seek to disallow or reduce Claim 9578 pursuant to the Objection. He merely seeks to reclassify it as a Class 6 General Unsecured Claim. However, he reserved his rights to assert other and further objections to the claim.

2.     The Plan Administrator also objected to Claim 10740 (filed on 7/7/23) pursuant to which Claimant asserted a total claim of $100,000 for "Unauthorized use of creditors Intellectual

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

[4] A copy of Claim 9578 is attached hereto as **Exhibit A.**

Property in commerce". While the total claim is listed as $100,000.00, Claimant asserts that $100,000.00 is entitled to priority under "Bankruptcy Code section 507(a) (illegal TM use)"; an unknown amount is entitled to administrative priority as a pre-petition 20-day goods claim under Bankruptcy Code section 503(b)(9), and $500,000.00 is entitled to administrative priority as a post-petition claim pursuant to Bankruptcy Code section 503(b).[5] The Plan Administrator objected to Claim 10740 as follows:

> This claim should be disallowed and expunged because it is based on the same liabilities alleged in Claim 9578.

*See* Exhibit 1 to the Objection at 24.

3. In response to the Objection (and after the Plan Administrator agreed to give Claimant an adjournment of the original hearing on the Objection and an extension of time to respond), on October 8, 2025, Claimant emailed counsel to the Plan Administrator a *Motion for Allowance and Payment of Chapter 11 Administrative Expense Claim Under Sections 503(a) and 503(b)* (the "Motion").[6] A motion requires 21 days notice prior to the hearing date; however, for the purpose of this hearing, the Plan Administrator treats the Motion as a response to the Objection.[7]

4. Both proofs of claim filed by Claimant (and the Motion) allege the same set of facts and applicable law. They each assert that the Debtors' sale of bath products under the "Bee & Willow"™ brand name infringed (the "Infringement Claims") on trademarks she alleges that she owns on the phrase "Grey Gardens" (the "Alleged Trademark Rights").

---

[5] A copy of Claim 10740 is attached hereto as **Exhibit B.**

[6] A copy of the Motion is attached as **Exhibit C**. As of the filing of this Reply., the Motion is not yet on the Court's docket.

[7] *See* D.N.J. LBR 9013-2(1)("Unless specified elsewhere in these Rules, a motion must be filed and served under Bankruptcy Rule 7004 not later than 21 days before the hearing date."). Accordingly, the Motion is procedurally improper.

5. Claimant originally asserted the Infringement Claims against the Debtors via email in May of 2022 and by letter from her counsel on June 24, 2022. *See* Claim 9578 at **Exhibit A**.

6. By letters dated June 29, 2022 and August 1, 2022, counsel to Bed Bath & Beyond, Inc. ("BBB") denied and rejected Claimant's Infringement Claims (the "McGuire Letters").[8]

7. In the June 29, 2022 letter to Claimant's then counsel, Richard McGuire, the Debtors' Assistant General Counsel, stated:

> Bed Bath & Beyond denies any infringement of your client's rights in GREY GARDENS and rejects the demands in your letter of June 24, 2022.
>
> As an initial matter, it does not appear that any of the registrations cited in you letter cover the types of goods accused. Therefore, it is unclear that your client's rights extend to those goods.
>
> Furthermore, Bed Bath & Beyond's use of GREY GARDENS was purely descriptive; each accused product is colored grey and bears a floral garden pattern.
>
> Nevertheless, in an abundance of caution, Bed Bath & Beyond is taking active steps to change the wording on the advertising of its products. Going forward, products will be identified as a "garden pattern in grey" (or substantially similar language). For example, the shower curtain is now described as "Bee & Willow™ Garden Floral 72-Inch x 72-Inch Shower Curtain in Grey". Similar changes are being made and published for all applicable goods.
>
> We trust these efforts will resolve this matter.
>
> *See* Exhibit D.

8. In a follow-up communication dated August 1, 2022 to Claimant's then counsel, Mr. McGuire states:

---

[8] Copies of the BBB Letters are attached as **Exhibit D**.

4924-8717-4513.3 08728.003

> Bed Bath & Beyond continues to deny any infringement of your client's rights in GREY GARDENS and rejects the demands in your letter of June 24, 2022.
>
> Your allegation that Bed Bath & Beyond's use of GREY GARDENS is "classic trademark use" is unsupported by the facts. Each product clearly bears the BEE & WILLOW brand with a TM. Grey Gardens is used to describe the design on the product; a garden design in a grey color.
>
> Furthermore, there is no credible argument the products are closely related. Your client's rights in class 21 cover tea sets, dinnerware, and dishes. The accused products are all bathroom accessories. These products are unlikely to be seen as related by customers. Your clients' rights in class 24 relate to textiles to be used in the manufacture of commercial products, and not for commercial products themselves. Therefore, the target customers for these products are completely distinct. Your clients' covered goods would be purchased by consumer product manufactures, not consumers. Therefore, there is no credible argument the products are closely related.
>
> While we will continue to make the changes previously described, Bed Bath & Beyond will not be taking any further action on this matter.
>
> *See* Exhibit D.

9. On April 23, 2023 (the "Petition Date"), the Debtors filed their chapter 11 petitions.

10. The Plan Administrator is informed and believes that Claimant did not file suit against BBB or any of the Debtors prior to the Petition Date for the alleged Infringement Claims.

11. On the Petition Date, the Debtors filed (i) a motion to approve store closing procedures and liquidation sales (the "Closing Motion")[9] and (ii) a motion to approve bidding

---

[9] *See* Debtors' Motion for Entry of an Order (I)(A) Approving the Auction and Bidding Procedures; (B) Approving Stalking Horse Bid Protections; (C) Scheduling Bid Deadlines and an Auction; (D) Approving the Form and Manner of Notice Thereof; (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets, and (D) Granting Related Relief [Docket No. 29].

4924-8717-4513.3 08728.003

procedures for and a sale of , among other things, the Debtors' intellectual property, including the domain name bedbathandbeyond.com (the "Sale Motion").[10]

12. The Closing Motion was approved by the Court on an interim basis on April 25, 2023 [Docket No. 102] and on a final basis on June 7, 2023 [Docket No. 641] (the "Closing Orders"].[11]

13. The Sale Motion was approved by the Court on an interim basis on April 25, 2023 [Docket No. 92] and on a final basis on June 28, 2023 [Doc. No. 1117] (the "Sale Orders").[12] Pursuant to the Sale Orders, the Debtors' rights to www.bedbathandbeyond.com were sold to Overstock.com, Inc. The sale to Overstock closed on June 28, 2023.

14. The last date that the Debtors sold merchandise on www.bedbathandbeyond.com was May of 2023.

15. The last day that the Debtors sold merchandise in any of their brick and mortar stores was July 31, 2023 (the "Closing Date").

16. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming

---

[10] *See* Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief [Docket No. 28].

[11] *See* Final Order (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief.

[12] On June 28, 2023, the Court entered its Order (I) Approving the Sale of Acquired Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Their Obligations Under the Stalking Horse Purchase Agreement, (III) Approving Assumption and Assignment of Certain Executory Contracts, and (IV) Granting Related Relief [Docket No. 1117].

the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (the "Plan"). On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311].

17. On July 28, 2025, the Plan Administrator filed the Objection. For the reasons set forth below, the Plan Administrator asks the Court to reject the arguments made by Claimant in the Motion and grant the relief requested in the Objection.

B. **Claim 10740 sets forth the same liabilities as claim 9578; therefore, it must be disallowed in full.**

18. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). Claim 10740, which does not seek to amend Claim 9578 but merely alleges the exact same Infringement Claims, is duplicative of Claim 9578. Accordingly, it is unenforceable against the Debtors or their property and should be disallowed and expunged. Claimant neither mentions nor contests this in the Motion.

C. **Claim 9578 is not entitled to priority under Bankruptcy Code section 503(b)(9).**

19. Claimant's Infringement Claims are not entitled to priority under Bankruptcy Code section 503(b)(9), which applies to goods received by the Debtors in the 20 days prior to bankruptcy. Claimant neither mentions nor contests this in the Motion. Accordingly, the Court should deny administrative status to Claim 9578 under section 503(b)(9).

D. **Claim 9578 is not entitled to priority under Bankruptcy Code section 507(a).**

20. Claimant's Infringement Claims are not entitled to priority under any provision of Bankruptcy Code section 507(a). On both proofs of claim, Claimant cites to a provision of section 507(a) that does not exist: "507 (a) (illegal TM use)" and "507(a)(willful TM use)".

4924-8717-4513.3 08728.003

Claimant neither mentions nor contests this in the Motion. Accordingly, the Court should deny priority status to Claim 9578 under section 507(a).

E.     **Claimant's Infringement Claims are not entitled to priority under Bankruptcy Code section 503(b)(1)(a).**

21.    For the reasons set forth in the McGuire Letters, the Plan Administrator asserts that the Debtors did not infringe on Claimant's Alleged Trademark Rights.

22.    Claimant's evidence does not support her Infringement Claims. In fact, her own suggests that the Debtors "in an abundance of caution . . . took active steps to change the wording on the advertising of its products" discussed in the June 24, 2022 letter. Claimant offers as evidence a screen shot of a search results page showing a google search for "bed batg and beyond bee willow grey gardens". The search results show a "Bee & Willow™ garden floral bath accessory" and a "Garden floral soap/lotion dispenser in Grey". *See* Motion at ¶ 20. Neither one of these search results show the terms "Grey Gardens" and they mirror the "garden floral" language mentioned in the June 24, 2022 letter.

23.    Furthermore, it is unclear even when these products were advertised. Claimant states that she performed this google search on June 24, 2023, but as noted above, the last day that the Debtors sold merchandise online was in May of 2023. It is unclear why or how the search results would have shown the products on June 24, 2023 except that it could have been on account of google's caching system. According to netreputation.com, "Even after content has been deleted from a page or entire sections of a website have been removed, Google may still display it in search results. This happens because of caching: Google stores a version of your page in its index, allowing users to access information quickly, even if the original page is down or updated." Valeria G., *Why Does Google Still Show Deleted or Removed Content*?

https://www.netreputation.com/why-google-continues-to-show-content-you-already-had-removed/ (May 25, 2025). *See also Trombetta v. Novocin*, 2024 U.S. Dist. LEXIS 28629, at *26 (S.D.N.Y. Feb. 20, 2024) ("[Defendant proffers expert testimony explaining that Google searches could have returned a result for the Listing that would not actually have opened a live page on [defendant's] website after the listing was removed on February 4, 2016, because Google's search engine "caches" data from outdated webpages. (Stricchiola Rpt. ¶¶ 21-22, 24-25.) In other words, even if [Defendant] had removed the listing in February 2016, Google could still display snippets of the deactivated webpage from its saved data. (Id. ¶ 21.)"), *motion to recon. denied, Trombetta v. Novocin*, 2025 U.S. Dist. LEXIS 69257, at *8 (S.D.N.Y. Mar. 7, 2025).

24.  Claimant also alleges that the Debtors infringed on Claimant's Alleged Trademark Rights based on screen shots of product pages for Bee & Willow products that do use the term "Grey Gardens" that she alleges she took on July 5, 2023. *See* Motion at ¶ 21. Notably all of the product information is in Spanish and the URL is www.bedbathandbeyond.com.mx. *See* Motion at ¶ 21. This is the website of a former **nondebtor** joint venture called Bed Bath & Beyond Mexico S. de R.L. de C.V. ("Mexican Joint Venture"), which was owned equally by BBB's wholly-owned **non-debtor** subsidiary, BBB Mexico L.L.C., and Controladora Patos, S.A. de C.V.. Neither BBB Mexico L.L.C. nor the Mexican Joint Venture (Bed Bath & Beyond Mexico S. de R.L. de C.V.) were debtors in these cases. Accordingly, any Infringement Claim against those entities may not be pursued against the Debtors.[13]

---

[13] The Debtors' equity interest in the Mexican Joint Venture was an asset of the bankruptcy estates and it was cancelled pursuant to a Settlement Agreement between the Debtors, Bed Bath & Beyond Mexico S. de R.L. de C.V. and Controladora Patos, S.A. de C.V. that was approved by this Court by order entered on September 27, 2023 [Docket No. 2295].

25. Claimant has failed to establish that the Debtors-in-Possession infringed on her Alleged Trademark Rights; (ii) that the acts that constituted the alleged infringement occurred *post-petition,* or (iii) that any alleged infringement directly and substantially benefitted the estates. Accordingly, her request for administrative status must be denied.

WHEREFORE, the Plan Administrator asks the Court to (i) disallow Claim 10740; and (ii) reclassify Claim 9578 as a Class 6 General Unsecured Claim, subject to other and further objection.

Dated: October 14, 2025

*/s/ Edward A. Corma*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq.
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
egray@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*