# EXHIBIT B

## United States Bankruptcy Court, District of New Jersey (Newark)

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath and Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc.(Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

**Claim Number: 10740**

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Eva  Marie Beale** <br> Name of the current creditor (the person or entity to be paid for this claim) <br> Other names the creditor used with the debtor   **Grey Gardens** |
| 2. Has this claim been acquired from someone else? | ✓ No <br> ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | ███████████ | |
| | Contact phone  ████████ | Contact phone  _____ |
| | Contact email  ████████ | Contact email  _____ |

| | |
|---|---|
| 4. Does this claim amend one already filed? | ✓ No <br> ☐ Yes.  Claim number on court claims registry (if known)_____    Filed on ____ / ____ / ____  <br> MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ✓ No <br> ☐ Yes. Who made the earlier filing? _____ |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. How much is the claim? | $ **$100,000**    Does this amount include interest or other charges? <br> ✓ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br> Limit disclosing information that is entitled to privacy, such as health care information. <br> **Unauthorized use of creditors Intellectual Property in commerce** |

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(_illegal_) that applies. | $ 100,000.00 |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | | |
|---|---|---|
| **13.** Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☐ No<br>☑ **Yes.** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $ _____ |

| | | |
|---|---|---|
| **14.** Is all or part of the claim being asserted as an administrative expense claim? | ☐ No<br>☑ **Yes.** Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred: | |
| | ☑ **On or prior to June 27, 2023:** | $ __$400,000__ |
| | ☑ **After June 27, 2023:** | $ __$100,000__ |
| | **Total Administrative Expense Claim Amount:** | Pre and post $500,000 based on willful and unauthorized trademark infringement.<br>$ _____ |

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Eva Beale*

07/07/2023
_____
Signature

Name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | EVA MARIE BEALE |
| | First name            Middle name            Last name |
| Title | OWNER // GREY GARDENS |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | |
| | Number          Street |
| | ▉▉▉▉▉▉▉▉▉▉▉▉ |
| | City            State      ZIP Code |
| Contact phone | ▉▉▉▉▉▉     Email ▉▉▉▉▉ |

## Additional Noticing Addresses (if provided):

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

_____

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
Country:

Contact Phone:
Contact Email:

## Additional Supporting Documentation Provided

☑ Yes
☐ No

---------------------------------------------------------------------------------------------------------------------

Attachment Filename:

BB&B Administrative Claim Motion .pdf

**KROLL**

Eva Marie Beale, DBA Grey Gardens Pro Se



*Movant Eva Marie Beale (Pro Se)*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| Bed Bath& Beyond Inc. | ) | Case No. 23-13359 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION FOR ALLOWANCE AND PAYMENT
OF CHAPTER 11 ADMINISTRATIVE EXPENSE
<u>CLAIM UNDER SECTIONS 503(a) AND 503(b)(1)</u>**

Eva Marie Beale ("Beale"), Pro Se, hereby requests the entry of an order, under 11

U.S.C. §§ 503(a) and 503(b)(1), allowing Beale an administrative expense claim in an amount to

be determined after an accounting, and directing Bed Bath & Beyond Inc  and its affiliated

debtors (individually, "Respondent Debtor") and collectively, "Respondent Debtors" to pay such

claim immediately upon determination. In support, Beale states as follows:

### JURISDICTION AND VENUE

1.    The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

157 and 1334(b section 13 of 15D OF THE SECURITIES EXCHANGE ACT OF 1934

2.    This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

3.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4.      On April 23, 2023 (the "Petition Date"), Bed Bath & Beyond Inc. and seventy-three affiliated debtors (collectively, the "Debtors") each filed voluntary petition for relief under Chapter 11 of the United States Code (the "Chapter 11") in this Court... These chapter 11 cases are pending before the Honorable Vincent F. Papalia and are jointly administered under Case No. 23-133359.

5.      On May 31, 2023, the Court entered *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief (*[ECF No. 584]. Under this Order, the last day to file an administrative claim for claims incurred through June 27, 2023 is July 7, 2023, for claims arising after June 27, 2023 is on the 15th day of the month following the month in which the claim arose, and fourteen days following the effective of any confirmed plan, provided, however, that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

*Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 657]. DELETE?

### SUMMARY OF ADMINISTRATIVE CLAIM

6.      This administrative claim covers the post-petition period, beginning with Respondent Debtors filing their respective voluntary petitions for relief on April 23, 2023.  Claims arising from acts committed by a debtor in possession giving rise to tort liability, including intellectual

property infringement, are accorded administrative expense status. *See Reading Co. v. Brown*, 391 U.S. 471, 484 (1968); *Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp.*, 443 F.2d 867, 874 (2d Cir. 1971); *In re Eagle-Picher Indus., Inc.*, 447 F.3d 461, 464–65 (6th Cir. 2006) (citing with approval the practices of courts in allowing tort, patent infringement, and trademark infringement claims as administrative expenses).

7.    The instant administrative expense claim is based on Respondent Debtors' tortious activities with respect to Beale's trademark rights in and to the federally registered mark GREY GARDENS. Specifically, this motion seeks payment of administrative expenses and, as and if appropriate, injunctive relief to redress Respondent Debtors' infringement of Beale's trademark by their unauthorized use in commercial advertising or promoting of Beale's trademark in connection with the sale, offering for sale, distribution, and advertising of Respondent Debtors' goods and services. In particular, Respondent Debtors have, without Beale's authorization or permission, used GREY GARDENS in connection with their own products for the home, and are marketing and selling such products throughout the United States, and Mexico including but not limited to in this District. Such use of the GREY GARDENS mark impermissibly creates a likelihood of confusion and an association between Beale and Respondent Debtors in the minds of consumers. As a result, to protect the goodwill that Beale has established in the GREY GARDENS mark, Beale moves and brings these claims for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition under New Jersey law. As described below, Beale seeks administrative expenses (damages), an

accounting of Respondent Debtors' profits flowing from their use of the infringing mark,

injunctive relief, and such other relief as the Court deems just and proper.

### THE PARTIES

8.    Movant Beale is an individual residing at ████████████████████████████

Beale maintains the retail website www.greygardensoffical.com and is the owner of registered

trademarks and service marks in multiple classes for the term GREY GARDENS.

9.    Upon information and belief, Respondent Debtor Bed Bath & Beyond Inc. ("BB&B") is a

business incorporated under the laws of the State of New Jersey with a principal place of

business at 650 Liberty Avenue, NJ  07083.  Upon further information and belief, Bed Bath &

Beyond and its subsidiaries are omni channel retailer that sells a wide assortment of merchandise

for the Home, Baby, Beauty and Wellness markets. and distributes its products across retail and

digital channels in North America.

10.    Upon information and belief, there is one "Bed Bath & Beyond Inc." entity among the

Debtors:  Bed Bath & Beyond Inc. Upon  further information and belief, Bed Bath & Beyond is

solely responsible for all branches and retailers directly or indirectly. Upon information and

belief, Bed Bath & Beyond was responsible for the "Grey Gardens" products to its brick-and-

mortar stores as well as third party retailers.


### FACTS COMMON TO ALL COUNTS

11.    Beale has promoted and used the term "Grey Gardens" in commerce since 2002 and has

invested significant funds, time, and effort in developing her online retail business at

www.greygardensofficial.com. Through this website, Beale sells a variety of goods—including

clothing and fabrics—aimed at recreating and honoring the style and taste of Edith Bouvier Beale.

12.    Edith Bouvier Beale was a famous New York socialite in the middle part of the last century, and Movant Beale is married to her nephew. Edith Bouvier Beale and her mother (Edith Ewing Bouvier Beale) were the subjects of the 1975 documentary entitled *Grey Gardens*. The term "Grey Gardens" originally referred to the East Hampton, New York estate that the Beale family owned. The documentary garnered significant critical acclaim. In 2010, the Library of Congress selected *Grey Gardens* for preservation in the United States National Film Registry as being "culturally, historically, or aesthetically significant . . . ." *See Hollywood Blockbusters, Independent Films and Shorts Selected for 2010 National Film Registry*, Library of Congress, available at https://www.loc.gov/item/prn-10-273/2010-national-film-registry-announced/2010-12-28/.

13.    Beale wrote a book about Edith Bouvier Beale entitled *Edith Bouvier Beale of Grey Gardens: A Life in Pictures* (2008) and edited Edith Bouvier Beale's childhood diary, entitled *I Only Mark The Hours That Shine ~ Little Edie's Diary 1929* (2010). *See, e.g.,* https://greygardensofficial.com/collections/grey-gardens-books.

14.    After Edith Bouvier Beale's passing in 2002, Movant Beale inherited certain pieces of jewelry and other items from the estate and began selling them under the name "Grey Gardens Treasures."

15.    Soon thereafter, in or about 2003, Beale continued growing her business and began selling replica items inspired by Edith Bouvier Beale's possessions. Beale began using the term "Grey Gardens Collections" as a trade name in 2007 and still operates an unincorporated retail business under this trade name.

16.     Beale has continuously used the term "Grey Gardens" to identify her goods since she began promoting her business in 2002.

17.     Beale launched her retail website, www.greygardenscollections.com, in or about February 2008 (and that currently redirects to https://greygardensofficial.com/pages/our-story).

18.     Through extensive and continuous use of the term "Grey Gardens" to identify Beale's products, that term has developed a secondary meaning in the marketplace beyond its original use of identifying the Beale family estate. Beale later sought to protect her use of the term "Grey Gardens" by registering a standard character mark with the United States Patent and Trademark Office ("USPTO") in various international classes, as set forth below:

| U.S. Reg. No. | Reg. Date | International Class No. |
|---|---|---|
| 3599590 | March 31, 2009 | 24 (Fabrics) |
| 3599720 | March 31, 2009 | 14 (Jewelry); 24 (Fabrics); 35 (Online retail business) |
| 4139383 | May 8, 2012 | 21 (Dinnerware) |
| 4139384 | May 8, 2012 | 3 (Fragrances, Lotions) |
| 4885280 | January 12, 2016 | 25 (Women's clothing) |
| 4992444 | July 5, 2016 | 35 (Online retail business) |
| 5213903 | May 30, 2017 | 4 (Scented candles) |
| 5213906 | May 30, 3017 | 18 (Backpacks) |
| 5223336 | June 13, 2017 | 16 (Paper cards) |
| 5228564 | June 20, 2017 | 33 (Wines) |
| 5349127 | December 5, 2017 | 21 (Tea sets); 30 (Tea) |

Attached as **Exhibit A** are true and accurate copies of the Certificates of Registration for these trademarks and service marks.

19.     The instant claim is not Beale's first encounter with Bed Bath & Beyond seeking redress for trademark infringement. On April 28, 2022, Beale corresponded with a Bed Bath & Beyond employee named Ms. Kelli Del Sordi concerning the infringement of Beale's GREY GARDENS mark by Bed Bath & Beyond Inc.  Ms. Del Sordi advised Beale to contact Bed Bath & Beyond

6

in -house intellectual property counsel, Mr. Richard McGuire.  Despite a series of written communications between Beale's previous counsel, which included requests for information to ascertain sales and revenue information, Bed Bath and Beyond never furnished responsive information and the matter was not resolved. Accordingly, on July 5, 2023, after becoming aware of these bankruptcy proceedings, Beale filed a claim for pre-petition expenses, to which Kroll Restructuring Administration LLC assigned Electronic Proof of Claim _3335-1-MBESP=571613477.  That Proof of  Claim included (a) the cease-and-desist letter from Beale (via prior counsel) and (b) screenshots of infringing products; it is unrelated to the relief sought by the instant motion.

20.  After these Chapter 11 proceedings were filed, Beale discovered Respondent Debtors' advertising and marketing of products bearing the GREY GARDENS mark evident in the URLS and tag words GREY GARENS —and using the identical spelling for "Grey" found in Beale's registered marks. Specifically, Beale became aware shortly after the post-petition period began that Respondent Debtors were offering for sale, namely a Grey Gardens catalog of products under the name Grey Gardens evident in the URL. Below screenshot, which Beale took on July 5,2023, shows that these products were being advertised and offered for sale through Bed Bath * Beyond stores.


June 24, 2023





July 5, 2023

      8.    Beale took additional screenshots of this Internet advertising activity through the

post-petition period—a selection of which is reproduced below:







July 5,2023

21.    As these screenshots show, infringing GREY GARDENS products originating from Respondent Debtor Bed Bath & Beyond were advertised and offered for sale , despite multiple contacts from Beale apprising Bed Bath & Beyond of Beale's federal trademark registrations and rights;

22.    Respondent.t Debtors' infringement of Beale's rights in and to GREY GARDENS has been and continues to be knowing, willful, and egregious and constitutes intentional or reckless disregard of Beale's rights as registrant and owner of the GREY GARDENS mark.

## COUNT I

### (Lanham Act Trademark Infringement, 15 U.S.C. § 1114)

23.    Beale repeats and realleges each and every allegation in the preceding paragraphs  of this Motion as though fully set forth herein.

24.     Beale is the owner of federal trademark registrations for the GREY GARDENS mark.

25.     By her registration and extensive use and promotion of the federally registered GREY

GARDENS mark, Beale has established a strong association in the public mind between the

GREY GARDENS mark and the goods and services that Beale offers.

26.     Without authorization or consent, Respondent Debtors, through conscious and deliberate

acts, have reproduced and/or copied the GREY GARDENS mark in connection with the offering

for sale, distribution, and/or advertisement of goods bearing the GREY GARDENS mark.

27.     Respondent Debtors' aforesaid activities have caused or are likely to cause confusion,

mistake, or deception among relevant consumers, who have been deceived into believing that

Respondent Debtors' goods bearing GREY GARDENS are connected with, or sponsored or

approved by, Beale. This has been to the detriment of Beale's reputation, goodwill, and sales.

28.     Respondent Debtors' unlawful acts constitute trademark infringement in violation of

Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.     Upon information and belief, Respondent Debtors' acts have been willful, deliberate, and

intended to benefit Respondent Debtors at Beale's expense.

30.     Beale has suffered, and will continue to suffer, monetary damages by Respondent Debtors'

unlawful acts in an amount to be determined at trial.

31.     Beale has no adequate remedy at law to compensate fully for the damages that would be

caused by further infringement of the GREY GARDENS marks by Respondent Debtors, unless

future unlawful acts and infringements of this kind are enjoined by this Court.

32.     This is an exceptional case under 15 U.S.C. § 1117.

## COUNT II

### (Lanham Act Unfair Competition, 15 U.S.C. § 1125(a))

33.    Beale repeats and realleges each and every allegation in the preceding paragraphs of this Motion as though fully set forth herein.

34.    By misappropriating and/or using marks confusingly similar to the federally registered GREY GARDENS mark, Respondent Debtors have misrepresented to the relevant consuming public that Beale has endorsed, sponsored, and/or is affiliated with Respondent Debtors and their goods and services under GREY GARDENS, thereby creating a likelihood of confusion as to the source or sponsorship of Respondent Debtors' advertising, business, goods, and services.

35.    Respondent Debtors' unlawful conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.    Upon information and belief, Respondent Debtors' acts have been willful, deliberate, and intended to benefit Respondent Debtors at Beale's expense.

37.    Beale has suffered, and will continue to suffer, monetary damages as a result of Respondent Debtors' unlawful acts in an amount to be determined at trial.

38.    Beale has no adequate remedy at law to compensate her fully for the damages that would be caused by any further infringement of the GREY GARDENS mark by Respondent Debtors, unless future unlawful acts and infringements of this kind are enjoined by this Court.

39.    This is an exceptional case under 15 U.S.C. § 1117.

**COUNT III**

**(Trademark Infringement and Unfair Competition)**

**(New Jersey Law)**

40.    Beale repeats and realleges each and every allegation in the preceding paragraphs of this Motion as though fully set forth herein.

41.    Respondent Debtors' unauthorized use of marks identical to the GREY GARDENS mark is likely to cause confusion, mistake, or deception with Beale or her products or services bearing the GREY GARDENS mark, or result in the mistaken belief by purchasers and others that Respondent Debtors or their products or services under GREY GARDENS are sponsored, approved or licensed by Beale, or are otherwise connected to Beale.

42.    Respondent Debtors' unauthorized use of marks identical to the GREY GARDENS mark constitutes trademark infringement and unfair competition in violation of the laws of the state of New Jersey, including, but not limited to the New Jersey Trademark Act, , N.J.S.A. 56:3-13a et seq., the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1 and New Jersey common law.

43.    Upon information and belief, Respondent Debtors' activities have been willful, intentional, or in reckless disregard of Beale's aforesaid rights.

44.    By reason of Respondent Debtors' acts as alleged above, Beale has suffered, and will continue to suffer, damage and injury to her business and reputation, and may sustain serious losses of revenues and profits. Beale may have already suffered monetary damages in an indeterminate amount.

45.    Respondent Debtors' aforesaid acts are greatly and irreparably damaging to Beale and will continue to damage Beale unless enjoined by this Court. Beale is without adequate remedy at law.

## NO PRIOR REQUEST

46.    Beale has made no previous application for the relief sought herein to this or any other court.

## REQUEST FOR DISCOVERY

14

47.    Beale requests leave of this Court to file targeted discovery on Respondent Debtors designed to provide Beale with the information necessary for putting forward an amount for her administrative expense (damages) resulting from Respondent Debtors' infringing activities during the post-petition period. The requested discovery is aimed at ascertaining (a) the volume of Respondent Debtors' sales of product bearing or sold under the GREY GARDENS mark, (b) the wholesale and retail prices for those products, (c) the breakdown of wholesale versus retail sales, (d) the costs associated with developing, producing, advertising (including online advertising), selling, and distributing those products, (e) profits on all products that Respondent Debtors sold under the GREY GARDENS mark, and (f) the process by which Respondent Debtors' selected GREY GARDENS for use on any of their products, including any investigation or search for conflicting marks.

    **WHEREFORE,** Movant Beale prays:

    That Beale be awarded administrative expenses (damages) and other relief as follows:

    A.    In accordance with 15 U.S.C. § 1117(a), an award of treble the actual damages Beale suffered, and the wrongful profits enjoyed by Respondent Debtors, enhanced as the Court deems appropriate, as well as Beale's costs;

    B.    In accordance with New Jersey common aw, Beale's actual damages or Respondent Debtor' profits;

    C.    In accordance with 15 U.S.C. § 1117, prejudgment interest;

    D.    In accordance with 15 U.S.C. § 1117, prejudgment interest;

E.      That a preliminary and permanent injunction be granted against Respondent

Debtors, including against acts of infringement and any fraudulent, malicious, misleading or

deceptive statements to any third party, to prevent any further damage to Beale;

F.      That this Court declare the substantial rights of Beale as above set forth and that

the actions and activities of Respondent Debtors are infringements that must be stopped; and

G.      Granting Beale any other and further relief as this Court deems just and proper.

Dated: July 7, 2023                           Respectfully submitted,

                                              Movant , *Eva Marie Beale*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7,2023, I served a copy of MOTION FOR ALLOWANCE

(via email )AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM

UNDER SECTIONS 503(a) AND 503(b)(1) on the parties listed on the below service list via the

methods described above their names.

## SERVICE LIST

**By E-Mail Only**
Joshua A. Sussberg, P.C.– Joshua.sussberg@kirkland.com
Enily E Geier P.C.- Emily.geier@kirkland.co
Derek I. Hunter,Partner – derek.hunter@kirkland.com
Michael D. Sirota – msirota@coleschotz.com

Warrend A. Usatine – wusatine@coleschotz.com

Felice R. Yudkin- - fyudkin@coleschotz.com

-

Electronic Proof of Claim Confirmation:  3335-1-OJBUX-648976855

Claim Electronically Submitted on (UTC) :  2023-07-07T23:58:34.352Z

Submitted by:  Eva Marie Beale

**KROLL**