Hearing Date: October 15, 2025

Eva Marie Beale, DBA Grey Gardens (Pro Se)
29 Renz Road
Mill Valley, CA 94941
Telephone (415-601-9806) \

*Movant Eva Marie Beale (Pro Se)*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Bed Bath & Beyond Inc. | Case No. 23-13359 |
| Debtors. | (Jointly Administered) |

**MOTION FOR ALLOWANCE AND PAYMENT
OF CHAPTER 11 ADMINISTRATIVE EXPENSE
CLAIM UNDER SECTIONS 503(a) AND 503(b)(1)**

Eva Marie Beale ("Beale"), Pro Se, hereby requests the entry of an order, under 11 U.S.C. §§ 503(a) and 503(b)(1), allowing Beale an administrative expense claim in an amount to be determined after an accounting, and directing Bed Bath & Beyond Inc. and its affiliated debtors (individually, "Respondent Debtor" and collectively, "Respondent Debtors") to pay such claim immediately upon determination. In support, Beale states as follows:

**JURISDICTION AND VENUE**

1.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

2.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

3.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

1

## BACKGROUND

4. On April 23, 2023 (the "Petition Date"), Bed Bath & Beyond Inc. and seventy-three affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11") in this Court. These chapter 11 cases are pending before the Honorable Vincent F. Papalia and are jointly administered under Case No. 23-13359.

5. On August 29, 2025, the parties agreed to an adjournment for Claim Nos. 9578 and 10740, previously filed by the undersigned, concerning the Plan Administrator's Twenty-Second Omnibus Objection (Substantive) to Claims (503(b)(9) Claims No. 4) [Docket No. 4266]. This submission is being filed in accordance with that agreement.

## SUMMARY OF ADMINISTRATIVE CLAIM

6. This administrative claim covers the post-petition period, beginning with Respondent Debtors filing their respective voluntary petitions for relief on April 23, 2023. Claims arising from acts committed by a debtor in possession giving rise to tort liability, including intellectual property infringement, are accorded administrative expense status. *See Reading Co. v. Brown*, 391 U.S. 471, 484 (1968); *Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp.*, 443 F.2d 867, 874 (2d Cir. 1971); *In re Eagle-Picher Indus., Inc.*, 447 F.3d 461, 464–65 (6th Cir. 2006) (citing with approval the practices of courts in allowing tort, patent infringement, and trademark infringement claims as administrative expenses).

7. The instant administrative expense claim is based on Respondent Debtors' tortious activities with respect to Beale's trademark rights in and to the federally registered mark GREY GARDENS. Specifically, this motion seeks payment of administrative expenses and, as and if appropriate, injunctive relief to redress Respondent Debtors' infringement of Beale's

trademark by their unauthorized use in commercial advertising or promoting of Beale's trademark in connection with the sale, offering for sale, distribution, and advertising of Respondent Debtors' goods and services. In particular, Respondent Debtors have, without Beale's authorization or permission, used GREY GARDENS in connection with their own products for the home, and are marketing and selling such products throughout the United States, and Mexico including but not limited to in this District. Such use of the GREY GARDENS mark impermissibly creates a likelihood of confusion and an association between Beale and Respondent Debtors in the minds of consumers. As a result, to protect the goodwill that Beale has established in the GREY GARDENS mark, Beale moves and brings these claims for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition under New Jersey law. As described below, Beale seeks administrative expenses (damages), an accounting of Respondent Debtors' profits flowing from their use of the infringing mark, injunctive relief, and such other relief as the Court deems just and proper.

## THE PARTIES

8.   Movant Beale is an individual residing at 29 Renz Road, Mill Valley, California 94941. Beale maintains the retail website www.greygardensoffical.com and is the owner of registered trademarks and service marks in multiple classes for the term GREY GARDENS.

9.   Upon information and belief, Respondent Debtor Bed Bath & Beyond Inc. ("BB&B") is a business incorporated under the laws of the State of New Jersey with a principal place of business at 650 Liberty Avenue, NJ 07083. Upon further information and belief, Bed Bath & Beyond and its subsidiaries are an omni channel retailer that sells a wide assortment of

merchandise for the Home, Baby, Beauty and Wellness markets, and distributes its products across retail and digital channels in North America.

10. Upon information and belief, there is one "Bed Bath & Beyond Inc." entity among the Debtors: Bed Bath & Beyond Inc. Upon further information and belief, Bed Bath & Beyond is solely responsible for all branches and retailers directly or indirectly. Upon information and belief, Bed Bath & Beyond was responsible for the "Grey Gardens" products to its brick-and-mortar stores as well as third party retailers.

**FACTS COMMON TO ALL COUNTS**

11. Beale has promoted and used the term "Grey Gardens" in commerce since 2002 and has invested significant funds, time, and effort in developing her online retail business at www.greygardensofficial.com. Through this website, Beale sells a variety of goods—including clothing and fabrics—aimed at recreating and honoring the style and taste of Edith Bouvier Beale.

12. Edith Bouvier Beale was a famous New York socialite in the middle part of the last century, and Movant Beale is married to her nephew. Edith Bouvier Beale and her mother (Edith Ewing Bouvier Beale) were the subjects of the 1975 documentary entitled *Grey Gardens*. The term "Grey Gardens" originally referred to the East Hampton, New York estate that the Beale family owned. The documentary garnered significant critical acclaim. In 2010, the Library of Congress selected *Grey Gardens* for preservation in the United States National Film Registry as being "culturally, historically, or aesthetically significant . . . ." *See Hollywood Blockbusters, Independent Films and Shorts Selected for 2010 National Film Registry*, Library of Congress, available at https://www.loc.gov/item/prn-10-273/2010-national-film-registry-announced/2010-12-28/.

4

13. Beale wrote a book about Edith Bouvier Beale entitled *Edith Bouvier Beale of Grey Gardens: A Life in Pictures* (2008) and edited Edith Bouvier Beale's childhood diary, entitled *I Only Mark The Hours That Shine ~ Little Edie's Diary 1929* (2010). *See, e.g.,* https://greygardensofficial.com/collections/grey-gardens-books.

14. After Edith Bouvier Beale's passing in 2002, Movant Beale inherited certain pieces of jewelry and other items from the estate and began selling them under the name "Grey Gardens Treasures."

15. Soon thereafter, in or about 2003, Beale continued growing her business and began selling replica items inspired by Edith Bouvier Beale's possessions. Beale began using the term "Grey Gardens Collections" as a trade name in 2007 and still operates an unincorporated retail business under this trade name.

16. Beale has continuously used the term "Grey Gardens" to identify her goods since she began promoting her business in 2002.

17. Beale launched her retail website, www.greygardenscollections.com, in or about February 2008 (and that currently redirects to https://greygardensofficial.com/pages/our-story).

18. Through extensive and continuous use of the term "Grey Gardens" to identify Beale's products, that term has developed a secondary meaning in the marketplace beyond its original use of identifying the Beale family estate. Beale later sought to protect her use of the term "Grey Gardens" by registering a standard character mark with the United States Patent and Trademark Office ("USPTO") in various international classes, as set forth below:

| U.S. Reg. No. | Reg. Date | International Class No. |
|---|---|---|
| 3599590 | March 31, 2009 | 24 (Fabrics) |
| 3599720 | March 31, 2009 | 14 (Jewelry); 24 (Fabrics); 35 (Online retail business) |
| 4139383 | May 8, 2012 | 21 (Dinnerware) |
| 4139384 | May 8, 2012 | 3 (Fragrances, Lotions) |
| 4885280 | January 12, 2016 | 25 (Women's clothing) |

| 4992444 | July 5, 2016 | 35 (Online retail business) |
| 5213903 | May 30, 2017 | 4 (Scented candles) |
| 5213906 | May 30, 3017 | 18 (Backpacks) |
| 5223336 | June 13, 2017 | 16 (Paper cards) |
| 5228564 | June 20, 2017 | 33 (Wines) |
| 5349127 | December 5, 2017 | 21 (Tea sets); 30 (Tea) |
| 6228912 | December 22, 2020 | 27 (Wallpaper) |
| 6339340 | May 4, 2021 | 35 (Online retail store service featuring home decorating products) |
| 6867419 | October 4, 2022 | 25 (Clothing, namely, Tee Shirts and Pajamas) |

19. The instant claim is not Beale's first encounter with Bed Bath & Beyond seeking redress for trademark infringement. On April 28, 2022, Beale corresponded with a Bed Bath & Beyond employee named Kelli Del Sordi concerning the infringement of Beale's GREY GARDENS mark by Bed Bath & Beyond Inc. Ms. Del Sordi advised Beale to contact Bed Bath & Beyond's in-house intellectual property counsel, Richard McGuire. Despite a series of written communications between Beale's then counsel and Mr. McGuire, which included requests for information to ascertain sales and revenue information, Bed Bath & Beyond never furnished responsive information and the matter was not resolved. Accordingly, on July 5, 2023, after becoming aware of these bankruptcy proceedings, Beale filed a claim for pre-petition expenses, to which Knoll Restructuring Administration LLC assigned Electronic Proof of Claim_3335-1-MBESP-671613477. That Proof of Claim included (a) the cease-and-desist letter from Beale (via prior counsel) and (b) screenshots of infringing products; it is unrelated to the relief sought by the instant motion.

20. After these Chapter 11 proceedings were filed, Beale discovered Respondent Debtors' continuing advertising and marketing of products bearing the GREY GARDENS mark evident in the URLs and tag words "GREY GARDENS"—and using the identical spelling for "Grey" found in Beale's registered marks. Specifically, Beale became aware shortly after the

post-petition period began that Respondent Debtors were offering for sale infringing products, namely, a Grey Gardens catalog of products under the name Grey Gardens evident in the URL. The below screenshot, which Beale took on June 24, 2023—i.e., in the post-petition period—clearly shows that these products were being advertised and offered for sale through Bed Bath & Beyond online stores. In other words, products originating from Respondent Debtor Bed Bath & Beyond were advertised and offered for sale, despite multiple contacts from Beale apprising Bed Bath & Beyond of Beale's federal trademark registrations and rights.



21.    Beale took additional screenshots of this Internet advertising activity through the post-petition period—a selection of which, taken on July 5, 2023, are reproduced below:





9



22.     As these screenshots show, infringing GREY GARDENS products originating from Respondent Debtor Bed Bath & Beyond were advertised and offered for sale, despite multiple contacts from Beale apprising Bed Bath & Beyond of Beale's federal trademark registrations and rights. To the extent that these screenshots were from a Bed Bath & Beyond online retail store where the URL ended in ".com.mx," Beale was able to access that website from the United States (from her home of record).

23.     Respondent Debtors' infringement of Beale's rights in and to GREY GARDENS has been and continues to be knowing, willful, and egregious and constitutes intentional or reckless disregard of Beale's rights as registrant and owner of the GREY GARDENS mark.

## COUNT I

### (Lanham Act Trademark Infringement, 15 U.S.C. § 1114)

24. Beale repeats and realleges each and every allegation in the preceding paragraphs of this Motion as though fully set forth herein.

25. Beale is the owner of federal trademark registrations for the GREY GARDENS mark.

26. By her registration and extensive use and promotion of the federally registered GREY GARDENS mark, Beale has established a strong association in the public mind between the GREY GARDENS mark and the goods and services that Beale offers.

27. Without authorization or consent, Respondent Debtors, through conscious and deliberate acts, have reproduced and/or copied the GREY GARDENS mark in connection with the offering for sale, distribution, and/or advertisement of goods bearing the GREY GARDENS mark.

28. Respondent Debtors' aforesaid activities have caused or are likely to cause confusion, mistake, or deception among relevant consumers, who have been deceived into believing that Respondent Debtors' goods bearing GREY GARDENS are connected with, or sponsored or approved by, Beale. This has been to the detriment of Beale's reputation, goodwill, and sales.

29. Respondent Debtors' unlawful acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Upon information and belief, Respondent Debtors' acts have been willful, deliberate, and intended to benefit Respondent Debtors at Beale's expense.

11

31. Beale has suffered, and will continue to suffer, monetary damages by Respondent Debtors' unlawful acts in an amount to be determined at trial.

32. Beale has no adequate remedy at law to compensate fully for the damages that would be caused by further infringement of the GREY GARDENS marks by Respondent Debtors, unless future unlawful acts and infringements of this kind are enjoined by this Court.

33. This is an exceptional case under 15 U.S.C. § 1117.

## COUNT II

### (Lanham Act Unfair Competition, 15 U.S.C. § 1125(a))

34. Beale repeats and realleges each and every allegation in the preceding paragraphs of this Motion as though fully set forth herein.

35. By misappropriating and/or using marks confusingly similar to the federally registered GREY GARDENS mark, Respondent Debtors have misrepresented to the relevant consuming public that Beale has endorsed, sponsored, and/or is affiliated with Respondent Debtors and their goods and services under GREY GARDENS, thereby creating a likelihood of confusion as to the source or sponsorship of Respondent Debtors' advertising, business, goods, and services.

36. Respondent Debtors' unlawful conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Upon information and belief, Respondent Debtors' acts have been willful, deliberate, and intended to benefit Respondent Debtors at Beale's expense.

38. Beale has suffered, and will continue to suffer, monetary damages as a result of Respondent Debtors' unlawful acts in an amount to be determined at trial.

39. Beale has no adequate remedy at law to compensate her fully for the damages that would be caused by any further infringement of the GREY GARDENS mark by Respondent Debtors, unless future unlawful acts and infringements of this kind are enjoined by this Court.

40. This is an exceptional case under 15 U.S.C. § 1117.

## COUNT III

### (Trademark Infringement and Unfair Competition)

### (New Jersey Law)

41. Beale repeats and realleges each and every allegation in the preceding paragraphs of this Motion as though fully set forth herein.

42. Respondent Debtors' unauthorized use of marks identical to the GREY GARDENS mark is likely to cause confusion, mistake, or deception with Beale or her products or services bearing the GREY GARDENS mark, or result in the mistaken belief by purchasers and others that Respondent Debtors or their products or services under GREY GARDENS are sponsored, approved or licensed by Beale, or are otherwise connected to Beale.

43. Respondent Debtors' unauthorized use of marks identical to the GREY GARDENS mark constitutes trademark infringement and unfair competition in violation of the laws of the state of New Jersey, including, but not limited to, the New Jersey Trademark Act, N.J.S.A. 56:3-13a et seq., the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1 and New Jersey common law.

44. Upon information and belief, Respondent Debtors' activities have been willful, intentional, or in reckless disregard of Beale's aforesaid rights.

45. By reason of Respondent Debtors' acts as alleged above, Beale has suffered, and will continue to suffer, damage and injury to her business and reputation, and may sustain

serious losses of revenues and profits. Beale may have already suffered monetary damages in an indeterminate amount.

46. Respondent Debtors' aforesaid acts are greatly and irreparably damaging to Beale and will continue to damage Beale unless enjoined by this Court. Beale is without adequate remedy at law.

## NO PRIOR REQUEST

47. Beale has made no previous application for the relief sought herein to this or any other court.

## REQUEST FOR DISCOVERY

48. Beale requests leave of this Court to file targeted discovery on Respondent Debtors designed to provide Beale with the information necessary for putting forward an amount for her administrative expense (damages) resulting from Respondent Debtors' infringing activities during the post-petition period. The requested discovery is aimed at ascertaining (a) the volume of Respondent Debtors' sales of product bearing or sold under the GREY GARDENS mark, (b) the wholesale and retail prices for those products, (c) the breakdown of wholesale versus retail sales, (d) the costs associated with developing, producing, advertising (including online advertising), selling, and distributing those products, (e) profits on all products that Respondent Debtors sold under the GREY GARDENS mark, and (f) the process by which Respondent Debtors' selected GREY GARDENS for use on any of their products, including any investigation or search for conflicting marks.

**WHEREFORE,** Movant Beale prays:

That Beale be awarded administrative expenses (damages) and other relief as follows:

A.   In accordance with 15 U.S.C. § 1117(a), an award of treble the actual damages Beale suffered, and the wrongful profits enjoyed by Respondent Debtors, enhanced as the Court deems appropriate, as well as Beale's costs;

B.   In accordance with New Jersey common law, Beale's actual damages or Respondent Debtors' profits;

C.   In accordance with 15 U.S.C. § 1117, prejudgment interest;

D.   That a preliminary and permanent injunction be granted against Respondent Debtors, including against acts of infringement and any fraudulent, malicious, misleading or deceptive statements to any third party, to prevent any further damage to Beale;

E.   That this Court declare the substantial rights of Beale as above set forth and that the actions and activities of Respondent Debtors are infringements that must be stopped; and

F.   Granting Beale any other and further relief as this Court deems just and proper.

Dated: October 8, 2025         Respectfully submitted,

                               /s/ Eva Marie Beale
                               Pro Se
                               29 Renz Road
                               Mill Valley, CA 94941

15

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, I served a copy of MOTION FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM UNDER SECTIONS 503(a) AND 503(b)(1) on the individuals listed on the below service list via the methods described above their respective names.

## SERVICE LIST

**By E-Mail Only**

Robert J. Feinstein, Esq. (admitted pro hac vice)
Bradford J. Sandler, Esq.
Erin E. Gray, Esq. (admitted pro hac vice)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Email: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       egray@pszjlaw.com
       ecorma@pszjlaw.com

16