| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**McKOOL SMITH P.C.**<br>Jon Corey (*pro hac vice* pending)<br>1717 K Street, NW, Suite 1000<br>Washington, D.C. 20006<br>202-370-8300<br><br>David I. Schiefelbein<br>Daniel I. Hendler (*pro hac vice* pending)<br>1301 Avenue of the Americas<br>32nd Floor<br>New York, NY 10019<br>212-402-9400<br>E-mail:  jcorey@mckoolsmith.com<br>            dschiefelbein@mckoolsmith.com<br>            dhendler@mckoolsmith.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,<br><br>Debtors.³ | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

## AGREED QUALIFIED PROTECTIVE ORDER

The relief set forth on the following pages, numbered two (2) through seventeen (17), is hereby ORDERED.

DATED: _____ __, 2026

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

---

[3] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

1

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each Debtor commenced a voluntary case (the "Bankruptcy") under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court" or "Court");

**WHEREAS**, the Plan Administrator has requested that Aetna Life Insurance Co. provide documents responsive to a Bankruptcy Rule 2004 document subpoena, and Aetna Inc. and certain affiliated entities (collectively, "Aetna") have proposed to produce certain documents (collectively referred to as the "Discovery Materials") subject to the entry of an Agreed Qualified Protective Order to, *inter alia*, protect certain material from public disclosure;

**WHEREAS**, the Plan Administrator and Aetna (individually, a "Party" and collectively, the "Parties") have agreed that the Discovery Materials shall be subject to an Agreed Qualified Protective Order pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26 to protect privilege and the confidentiality of sensitive information; and

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**1.    Applicability**. This Protective Order is applicable to the Parties that produce or exchange documents or information in connection with the above-referenced bankruptcy cases (collectively, the "Proceeding").

**2.    Non-waiver.** The production of documents and information shall not constitute a waiver in these bankruptcy cases, or any other litigation or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter.  This Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in connection with the Proceeding is not waived as a result of disclosure of those documents in connection with the

2

Proceeding, and this Protective Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to these bankruptcy cases. The fact of production of privileged information or documents by any producing Party in connection with the Proceeding shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

3. **Scope of Use.** All "Confidential" and "Confidential—Attorney's Eyes Only" information (collectively "Confidential Material") produced or exchanged in the course of this Proceeding shall be used solely for the purpose of prosecuting or defending the Parties' claims or defenses against one another, including through claims processing, administrative appeals, negotiation, mediation, arbitration, trial preparation, trial, and/or appeal, and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

4. **Designation of Information.** A Party may designate any documents or other information furnished or disclosed to or by any other Party or its counsel (meaning legal counsel/attorney, throughout this Protective Order) in connection with the Proceeding as "Confidential" or "Confidential—Attorney's Eyes Only" solely in the manner set forth in this Protective Order. In designating Confidential Material, a Party will make such designation only as to that information that it in good faith believes is confidential information. Confidential Material is only defined as information set forth and defined in Paragraphs 5, 6, 7, 9, 10, and 11, below. Information or material which is generally available to the public (not including the particular patients, if any, whose information is being disclosed), including catalogues, advertising materials, and the like, shall not be classified as Confidential Material. A pleading shall not be wholesale designated as "Confidential" or "Confidential—Attorney's Eyes Only," or filed under seal, because it contains

3

Confidential Material. Rather, the filer of such pleading must file any such information deemed Confidential Material as an Exhibit, which may be filed under seal as described in Paragraph 10 herein. If such pleading references or otherwise discusses such Confidential Material in a manner which would reveal the content of information otherwise sought to be protected as Confidential Material, only that discussion of Confidential Material may be redacted from such pleading.

5.   **HIPAA Information.** The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal information, including Protected Health Information, Individually Identifiable Information, and any other protected information, as defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, and agree that any such information may be designated as "Confidential."

    a.  **Protected Health Information.** Protected Health Information, as used herein, shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to: medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from patient health information.

    b.  **Individually Identifiable Information.** Individually Identifiable Information, as used herein, means information referred to and identified in 45 C.F.R. §164.514(b), including, but not limited to: name; address; names of relatives; name of employers; all elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; or any other unique identifying numbers, characteristic, or code of any patient.

    c.  **Covered Entities.** Additionally, the Parties and their attorneys in this Proceeding, and any "covered entities," as that term is defined in 45 C.F.R. § 160.103, are hereby authorized to receive, subpoena, disclose, and transmit Confidential Material to the extent and subject to the conditions outlined herein. Nothing in this

4

Protective Order shall be deemed a determination as to any person's status as a "covered entity."

6. **"Confidential" Designation.** A Party may only designate as "Confidential" any document or any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects: (a) proprietary, business sensitive, or confidential information; (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law; or (c) Patient Health Information, Patient Identifying Information, or the information described in Paragraphs 5, 5a, and 5b above.

7. **"Confidential—Attorney's Eyes Only" Designation.** A Party may designate as "Confidential—Attorney's Eyes Only" any document or portion of a document, and any other thing, material, testimony, or other information, including trade secrets, that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those specified herein in Paragraph 14 could reasonably be expected to result in injury to that Party.

8. **Time Period for Protection.** Except as otherwise provided below, any document or information produced, given, or served in connection with the Proceeding and designated by the producing Party as Confidential Material, or any information contained in or derived from any of the foregoing Confidential Material, shall be subject to the provisions of this Protective Order, including after the termination of these bankruptcy cases, until further Order of this Court.

9. **Document Production and Exhibits.** Confidential Material shall be designated as "Confidential" or "Confidential—Attorney's Eyes Only" by including a legend of "Confidential" or "Confidential—Attorney's Eyes Only" on each page thereof as to which confidentiality is claimed. Any mark made to identify a document as "Confidential" or "Confidential—Attorney's Eyes Only" shall be made so as not to obscure any of the Confidential Material's content if reasonably practicable. With respect to any Confidential Material designated "Confidential" or "Confidential—Attorney's

5

Eyes Only" that is not produced in paper form (such as flash drives, compact discs, DVDs, magnetic media, and other Confidential Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Confidential Material with a cover labeled "Confidential" or "Confidential—Attorney's Eyes Only" and shall inform Plan Administrator's counsel in writing of the "Confidential" or "Confidential—Attorney's Eyes Only" designation of such Confidential Material at the time it is produced.

10. **Documents Generated During Suit.** All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, paraphrase, summarize, or otherwise containing any information designated as "Confidential" or "Confidential—Attorney's Eyes Only" by a Party, if filed with a court, shall be filed pursuant to the rules governing sealed documents for such court. More specifically, any such document filed with this Court should be marked "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER, " and electronically filed with this Court under the appropriate event code "[f]ile a sealed document per court order" that is found under the "Bankruptcy" link. For all other courts, subject to any applicable local rule of such court regarding procedure for sealed pleadings, any courtesy copies served on such court shall be filed in an envelope labeled with the caption of the suit, a description of the contents of the envelope, the words "Confidential" or "Confidential— Attorney's Eyes Only," and the following statement:

> THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AGREED PROTECTIVE ORDER ENTERED BY THE PARTIES IN THIS LITIGATION, AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY THE COURT OR BY AGREEMENT OF THE PARTIES WHOSE CONFIDENTIAL INFORMATION IS CONTAINED WITHIN."

If any request to seal is made and not granted in whole or in part, the Confidential Material at issue shall be filed in whatever manner directed by the court in which the litigation is pending.

11. **Depositions.** In the event that a deposition is taken that includes reference to

Confidential Material produced in connection with the Proceeding and subject to this Protective Order, any Party may designate a deposition or portion thereof as "Confidential" or "Confidential—Attorney's Eyes Only" by making such designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Confidential—Attorney's Eyes Only" within thirty (30) business days after receiving the transcript and exhibits and so informing all other Parties of such designation. Until the 30-day period to designate deposition testimony as "Confidential" or "Confidential—Attorney's Eyes Only" has passed, the deposition transcript shall be treated as "Confidential—Attorney's Eyes Only." Notwithstanding the above, persons attending depositions by agreement of the Parties must leave the room before any discussion of any Confidential Material, unless the person is entitled to review the Confidential Material under the applicable provisions of Paragraphs 13 and 14 of this Protective Order.

12. **Restrictions on Use of Confidential Material.** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, information designated as "Confidential" or "Confidential—Attorney's Eyes Only":

    (a) Shall be maintained in confidence by the counsel to which it is furnished;

    (b) May be disclosed by such counsel only to authorized persons entitled to access thereto under Paragraphs 13 and 14 below;

    (c) May be used by such counsel and the authorized person to whom it is disclosed only for the purposes permitted under Paragraph 3 above and for no other purpose; and

    (d) May be photocopied or reproduced only as reasonably necessary to pursue the Parties' claims and defenses against one another.

Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Party designating the information as "Confidential" or "Confidential—Attorney's Eyes Only" consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or

7

"Confidential—Attorney's Eyes Only" information in the examination or cross-examination of any person who is identified or indicated on the documents as being an author, source, or recipient of the Confidential Material, or the designated representative of any Party who testifies on a subject matter that includes Confidential Material, irrespective of which Party produced such information.

13. **Authorized Users of "Confidential Materials."** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, materials designated as "Confidential" subject to this Protective Order, or extracts or summaries therfrom, shall not be given or shown to any person except the following:

(a) In-house counsel and outside counsel of record for any Party engaged in pursuing such Party's claims or defenses against the other Party and the regular employees of such outside counsel to whom it is necessary that the material be shown for such purposes;

(b) Any individual Party and employees of a corporate Party actively engaged in pursuing the Party's claims or defenses against the other Party;

(c) Persons not owners, officers, directors, managers, shareholders, or employees of any Party who are (i) third-party contractors and the employees of such contractors actively engaged in pursuing the Party's claims or defenses, (collectively, "Outside Contractors"), or (ii) expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of the Party's claims or defenses for mediation, arbitration or trial, including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Contractor or Outside Expert, in their capacity as such, has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A;

(d) Any Party's outside copy/document preparation service, which includes any e-discovery consultants and trial consultants;

(e) Any mediator or arbitrator;

(f) Any court of competent jurisdiction, other court officials (including court reporters) and the trier of fact, pursuant to a sealing order; and

(g) Any other person who subsequently is designated by (i) written agreement of all the Parties after a request by one of them, or (ii) by order of the Court upon motion by a Party, after notice to all the Parties.

No person allowed to view materials designated as "Confidential" shall use any such materials for any purpose except as reasonably necessary solely in connection with or to assist in the pursuit or

defense of the claims between the Parties, and each person shall make the best efforts necessary to protect the confidentiality of the material.

14. **Authorized Users of "Confidential—Attorney's Eyes Only" Material.** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, materials designated as "Confidential—Attorney's Eyes Only" subject to this Protective Order, or extracts or summaries therefrom, shall not be given or shown to any person except those persons described in Paragraphs 13 (a), (c), (d), (e), (f) and (g) above. No person allowed to view materials designated as "Confidential—Attorney's Eyes Only" shall use any such materials for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties, and each person shall make the best efforts necessary to protect the confidentiality of the material. Nothing in the Protective Order is intended to prevent a Party or its employees from reviewing the Party's own "Confidential" or "Confidential— Attorney's Eyes Only" material.

15. **Disclosure to Unauthorized Persons.** No person or entity shall disclose Confidential Material to any person not designated in Paragraphs 13 or 14 above except as specifically provided for in this Paragraph 15. The names of the persons to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such persons shall be provided in writing to counsel for the producing Party fourteen (14) days in advance of disclosure to afford counsel an opportunity to object to disclosure. If no objection is made within the 14-day period, disclosure to such named persons may be made after the expiration of such 14-day period. If an objection is made within the 14-day period, the Party proposing the disclosure must seek an Order from the Court to allow the proposed disclosure and such Confidential Material shall not be disclosed pending a decision by the Court on such motion. Any person who becomes authorized to receive Confidential Material pursuant to this Paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion for disclosure) shall, unless the Court directs otherwise, prior to the receipt

9

of Confidential Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16. **Subpoena or Other Demand for Production.** If a Party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated by another Party as "Confidential" or "Confidential—Attorney's Eyes Only," the Party receiving the request for such materials shall: (a) within a reasonable time, but in any event, no later than seven (7) days after counsel's receipt of such request or demand and prior to responding to the request or demand, notify counsel for the Party whose material is sought, in writing and by providing a copy of the request or demand; (b) provide a reasonable time for the Party whose material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested material; and (c) provided that the Party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, shall not produce or disclose the requested material without written consent of the Party whose material is sought or until ordered by a court of competent jurisdiction to do so. Confidential Material produced or disclosed in accordance with this Paragraph 16 shall continue to be subject to the remaining provisions of this Protective Order.

17. **Challenging Designation.** If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that Party must notify the producing Party in writing and provide a description of the Confidential Material which the objecting Party believes should be freed from the constraints of this Protective Order, and serve copies of such notice to counsel for all other Parties herein. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within twenty-one (21) days from the date of service of the written objection, the producing Party must make a motion to the Court for an order confirming that the information at issue is subject to this Protective Order. The Party asserting the "Confidential" or "Confidential—Attorney's Eyes Only" designation shall have the burden of showing why such information is entitled to confidential treatment. If such a motion is timely filed on or before the 21st day after the date of service of the written objection, the protection afforded by the Protective Order shall continue until the Court enters a final order disposing the motion. Failure of the producing Party to file a motion within the 21-day period shall be deemed a waiver of the designation of the challenged material.

18. **Use of Confidential Material at Trial.** In the event that any material designated as "Confidential" or "Confidential—Attorney's Eyes Only" is used at trial, a pre-trial conference or hearing, or in mediation or arbitration, it shall not lose its confidential status through such use, and the Party using such material shall take all reasonable steps to maintain its confidentiality during such use, including without limitation, requesting that the court in which the proceeding is pending seal any transcript with respect to such trial, pre-trial conference, or hearing. At least thirty (30) days prior to trial, the Parties shall confer, and if necessary, submit any motions to the relevant court to vary any terms of this Protective Order with respect to use or treatment at trial of material designated as "Confidential" or "Confidential—Attorney's Eyes Only."

19. **No Waiver.** This Protective Order shall not be deemed a waiver of:

(a) Any Party's right to object to any discovery requests on any ground;

(b) Any Party's right to seek an order compelling discovery with respect to any discovery request;

(c) Any Party's right to object to the admission of any evidence on any ground;

(d) Any Party's right to use its own documents and its own "Confidential" or "Confidential—Attorney's Eyes Only" material in its sole and complete discretion; or

(e) The status of any material as a trade secret.

20. **Retroactive Designation and Inadvertent Disclosure.** Documents previously produced shall be retroactively designated by notice in writing of the designated confidentiality class of each document (including, if possible, by Bates number). The inadvertent or unintentional designation or production of documents containing, or other disclosure of, confidential information without being designated as "Confidential" or "Confidential— Attorney's Eyes Only" at the time of designation, production, or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party becomes aware of the error.

21. **Inadvertent Production of Privileged Materials**. In the event that a Party asserts that it inadvertently failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all Parties to whom such privileged material was produced or disclosed of the producing Party's intent to assert a claim of privilege or work product over such materials. Upon such notice:

(a) If the receiving Party intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following

12

    notice by the producing Party, the receiving Party: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the Party disclosed it before being notified. If the receiving Party intends to challenge the designation of the document(s), it shall move the Court for relief within ten (10) business days following notification by the producing Party.

  (b) If the receiving Party does not intend to challenge the designation of the document(s) as privileged material, the receiving Party shall: (i) take reasonable steps to retrieve the privileged material if it disclosed or disseminated such information before being notified; and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

  **22.** **Re-production of Electronic Media Containing Privileged Material.** Where the Parties agree, or the Court orders, that inadvertently produced material is protected by the attorney-client, work product, or other privilege, and such material was originally produced in electronic format on media containing production materials, the producing Party shall promptly provide replacement production media, omitting the privileged material, to the receiving Party.

  **23.** **Identification of Inadvertently Disclosed Privileged Material by the Receiving Party.** Nothing in this Protective Order shall relieve counsel for any receiving Party of any existing duty or obligation to return, and not to review, any privileged or work product materials without being requested by the producing Party to do so. Rather, in the event a receiving Party becomes aware that it is in possession of what appears to be inadvertently produced privileged material, then the receiving Party shall immediately: (i) cease any further review of that material; and (ii) notify the producing Party of the apparent inadvertent production, inquiring whether the producing Party intended for the material to be produced. In the event the producing Party confirms the inadvertent production of the privileged material, the receiving Party shall: (i) take reasonable steps to retrieve the privileged material from any persons to whom it disclosed or distributed such material; and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision,

return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

**24.    Modification or Amendment of Agreed Order.** This Protective Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown. No oral waivers of the terms of this Protective Order shall be permitted between the Parties, except any oral agreement on the record in court or deposition. Nothing herein shall prevent the Court from *sua sponte* altering the provisions of this Protective Order.

**25.    Conclusion of Proceedings.** The provisions of this Protective Order shall continue in effect with respect to any material designated as "Confidential" or "Confidential— Attorney's Eyes Only" until expressly released by the producing Party of such material, and such effectiveness shall survive the final determination of all claims between the Parties. Within sixty(60) days after the entry of a final and non-appealable order resolving all remaining claims between the Parties, all material designated as "Confidential" or "Confidential—Attorney's Eyes Only," including all copies, derivations, and summaries thereof, shall be either: (a) returned to the disclosing Party; or (b) destroyed or deleted, with a written certification provided to the disclosing Party. Any person, including outside experts, who is authorized to receive, and has received documents hereunder shall be bound by this Paragraph 25, including the requirements to return, destroy, or delete such documents. However, counsel of record are permitted to retain a copy of all pleadings and attorney work product, which work product may contain "Confidential" or "Confidential—Attorney's Eyes Only" material. For purposes of this Protective Order, the "final determination of all claims between the Parties" shall be deemed to be the later of: (i) full settlement of all claims between the Parties; (ii) final judgment after the completion and exhaustion of all lawsuits, appeals, rehearings, remands, trials and reviews, if any, of such claims; or (iii) the expiration of all time limits under federal law for the filing of or application for all lawsuits, appeals, rehearings, remands, trials or reviews of such claims, including

the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. This Court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Material for enforcement of the provisions of this Protective Order.

**AGREED AS TO FORM AND SUBSTANCE:**

*/s/Joseph S. Sheerin*
**McGUIREWOODS LLP**
  Aaron G. McCollough, Esq.
  77 West Wacker Drive, Suite 4100
  Chicago, IL 60601
  Telephone: (312) 849-8256
  Facsimile: (312) 698-4522
  amccollough@mcguirewoods.com
  -and-
  Joseph S. Sheerin, Esq.
  Gateway Plaza, 800 East Canal Street
  Richmond, VA 23219
  Telephone: (804) 775-1135
  Facsimile: (804) 698-2076
  jsheerin@mcguirewoods.com

  *Counsel for Aetna Inc. and Affiliates*

  */s/David I. Schiefelbein*
**McKOOL SMITH P.C.**
Jon Corey (*pro hac vice* pending)
1717 K Street, NW, Suite 1000
Washington, D.C. 20006
202-370-8300
-and-
David I. Schiefelbein
Daniel I. Hendler (*pro hac vice* pending)
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-402-9400
E-mail:  jcorey@mckoolsmith.com
             dschiefelbein@mckoolsmith.com
             dhendler@mckoolsmith.com

*Counsel to the Plan Administrator*

### End of Order ###

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*, [1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## **EXHIBIT A - AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1. I am familiar with and agree to be bound by the terms of the Agreed Protective Order at Docket No. ___ in Case No. 23-13359 (VFP), pending in the Bankruptcy Court for the District of New Jersey.

2. I will only make such copies of or notes concerning documents designated "Confidential" or "Confidential—Attorney's Eyes Only" as are necessary to enable me to render the assistance required in connection with the pursuit or defense of claims between the Parties, as defined in the Agreed Protective Order, and all such notes and copies shall be preserved in a separate file maintained as "Confidential" and marked for disposal or destruction upon the final determination of all claims between the Parties. Upon the final determination of such claims, I shall promptly destroy all "Confidential" or "Confidential—Attorney's Eyes Only" materials provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of "Confidential" or "Confidential—Attorney's Eyes Only" material to any unauthorized person. I will not intentionally use "Confidential" or "Confidential—Attorney's Eyes Only" material for any purpose other than the prosecution or defense of claims between the Parties.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

1

4. I consent to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey (without any time limit) for the purpose of enforcing the terms of the Protective Order.

DATED this____ day of_____, ____.

BY: _____
    (Signature)

_____
(Printed Name)

2