| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Steven R. Wirth<br>Peter O. Larsen<br>Raye Elliott<br>AKERMAN LLP<br>401 East Jackson Street, Suite 1700<br>Tampa, FL 33602<br>Telephone: (813) 223-7333<br>Facsimile: (813) 223-2837<br>steven.wirth@akerman.com<br>peter.larsen@akerman.com<br>raye.elliott@akerman.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc., *et.al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 23-13359(VFP)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc.,<br><br>       Plaintiff,<br>v.<br><br>INTERNAL REVENUE SERVICE, an agency of the United States of America,<br><br>       Defendant. | Adversary Proceeding No. _____ |

## **COMPLAINT**

---

[1] The last four digits of Debtor Bed Bath & Beyond, Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby/.

83804797;3

Michael Goldberg, in his capacity as Plan Administrator (the "Plan Administrator" or "Plaintiff") for 20230930-DK-Butterfly-1, Inc. f/k/a Bed Bath and Beyond, Inc.[2] and affiliated debtors (the "Debtors"), by and through undersigned counsel, files this adversary complaint against Defendant, Internal Revenue Service (the "IRS"), an agency of the United States of America, and alleges as follows:

## Nature of the Action

1.   The Plan Administrator brings this action on behalf of Debtors against Defendant to recover the overpayment of federal income tax plus accrued interest thereon that has been retained by Defendant under the Internal Revenue Code of 1986, as amended from time to time (the "IRC") and to object to certain proofs of claim filed by Defendant.

## The Parties

2.   The Plan Administrator is the sole representative of the Debtors and assumed responsibility for collecting assets of the bankruptcy estate, as more fully set forth in the Debtors' confirmed Chapter 11 Plan as discussed below.

3.   Defendant, IRS, is an agency of the United States of America.

## Jurisdiction and Venue

4.   The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 505(a).

5.   This is a core proceeding under 28 U.S.C. § 157(b).

6.   Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond, Inc. which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond, Inc." was changed to 20230930-DK-Butterfly, Inc.

83804797;3

7. The statutory and legal predicates for relief requested by this Complaint are sections 105, 505, 541, and 542 of title 11, United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001, *et. seq.*

## Factual Background

**A. General Case Background**

8. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this case.

9. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. 2160] (as amended, the "Plan").

10. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). *See* Docket No. 2311. On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia,* investigating, prosecuting and compromising any and all of the Debtors' claims and causes of action. *See, e.g.,* Plan at Art. IV.F, VII.A.

**B.     IRS Returns and Audit**

11.     Prior to the commencement of these bankruptcy cases, the Debtors were leading retailers that operated retail stores and e-commerce sites throughout the United States.

12.     For its tax years ending February 28, 2015, February 29, 2016, February 28, 2017, February 28, 2018, February 28, 2019, February 29, 2020, and February 28, 2021, (collectively, the "Tax Years"), the Debtor formerly known as Bed Bath & Beyond, Inc. ("BBB") timely filed Forms 1120, *U.S. Corporation Income Tax Returns* (collectively, the "Tax Returns") for each of the Tax Years.

13.     The IRS conducted a review of the Tax Returns for each of the Tax Years.

14.     On or about September 11, 2024, the IRS issued a revised Corrected Form 4549 Report of Income Tax Examination Changes (the "RAR") determining that BBB was not liable for any amount of federal income tax for the Tax Years and instead was entitled to an overpayment refund of $6,358,946 (the "Tax Refunds"), calculated as a result of the balance due or overpayment, as applicable, of each of the Tax Years, as follows:

| Tax Period Ending | Balance due or (Overpayment) |
|---|---|
| 2/28/2015 | ($3,363,826) |
| 2/27/2016 | $4,032,414 |
| 2/25/2017 | ($1,686,981) |
| 3/3/2018 | ($3,396,349) |
| 3/2/2019 | ($1,944,194) |
| 2/29/2020 | $0 |
| 2/27/2021 | $0 |
| **Total** | ($6,358,936) |

A copy of the RAR is attached as **Exhibit A**.

15.     Due to the amount of the Tax Refunds, the IRS's Audit of the Tax Refund Years and resulting Tax Refunds was required to be reviewed by the Congressional Joint Committee on Taxation (the "Joint Committee") as required by 26 U.S.C. § 6405.

16. By letter dated May 2, 2025 (the "Approval Letter"), the IRS notified the Plan Administrator that the Joint Committee had approved the Tax Refunds. A copy of the Approval Letter is attached as **Exhibit B**.

17. The May 2, 2025 Approval Letter indicated that the IRS was processing the Tax Refunds. Additionally, the IRS auditor in charge of the Audit notified the Plan Administrator's representative that the IRS central processing center would be responsible for processing the Tax Refunds.

18. As of the filing of this Complaint, the Plan Administrator has not received the Tax Refunds.

19. As of the filing of this Complaint the statute of limitations for assessment and collection of deficiency in tax for all of the Tax Years has expired.

20. As of the filing of this Complaint, the IRS transcripts of the Debtors' accounts with the IRS do not show any amounts owed to the IRS for any taxes.

21. Upon inquiry with the IRS concerning payment of the Tax Refunds, IRS representatives indicated that a "hold" was placed on the Tax Refunds due to the Debtors' bankruptcy cases.

22. There is nothing in the IRC or Bankruptcy Code which authorizes the IRS to withhold payment of the Tax Refunds. Thus, BBB is entitled to full and immediate payment of the Tax Refunds, plus accrued interest.

**C.    IRS Claim**

23. On March 13, 2024, the IRS filed Proof of Claim 19643 in the amount of $50,000,000 which amended a prior filed claim.

24. Claim 19643 consists entirely of estimated income tax for the Tax Years since the IRS had not completed its audit of the Tax Years at the time the claim was filed.

## Count I
**(Turnover of Property Pursuant to 11 U.S.C. § 542)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

26. Defendant is in possession, custody and control of the Tax Refunds in an amount not less than $6,358,936, plus accrued and unpaid interest thereon.

27. Defendant is not a custodian for the Tax Refunds.

28. The Tax Refunds constitute a valid and existing debt, due and owing by Defendant to the Debtors.

29. The Tax Refunds are property of the Debtors' estates under § 541 and constitutes a debt that is matured, payable on demand, or payable on order.

30. Despite repeated requests to do so, Defendant has not turned over or paid the Tax Refunds to the Plaintiff.

31. Accordingly, pursuant to § 542, Defendant should be compelled to immediately turn over and deliver to the Plaintiff the Tax Refunds in an amount not less than $6,358,936 or such other amount determined to be due to the Debtor by the Court.

## Count II
**(Objection to Claim)**

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

33. This is an objection to Claim 19643.

34. As evidenced by the attached RAR the Debtors have no liability to the IRS for income tax for the Tax Years and, instead, are due a refund.

35. The Debtors paid all taxes due and owing to the IRS for the Tax Years.

36. The Debtors' books and records reflect that all taxes due and owing to the IRS for the Tax Years have been paid.

37. Claim 19643 should be disallowed in full.

### Prayer for Relief

WHEREFORE, Michael Goldberg, in his capacity as Plan Administrator respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment requiring Defendant to immediately turn over and deliver to Plaintiff the Tax Refunds in an amount not less than $6,358,936, plus any accrued interest thereon, and/or such other amount determined to be due to the Debtors by the Court;

ii. Pursuant to Count II, enter judgment disallowing Claim 19643 in full.

iii. Award Plaintiff costs, and expenses of this suit; and

iv. Grant the Plaintiff such other and further relief the Court deems just.

Dated: February 3, 2026                **AKERMAN LLP**

By: */s/ Steven R. Wirth*
Steven R. Wirth, Esq.
Email: steven.wirth@akerman.com
Raye C. Elliott, Esq. (*pro hac vice* admission forthcoming)
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

and

Peter O. Larsen, Esq. (*pro hac vice* admission forthcoming)
Email: peter.larsen@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

83804797;3

*Counsel for the Plan Administrator*

83804797;3