**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         egray@pszjlaw.com
         ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** **February 10, 2026** <br> **Hearing Time:** **10:00 a.m. (ET)** <br> **Response Deadline:** **February 3, 2026** <br> **Related Doc. Nos:** **4497, 4599** |

### PLAN ADMINISTRATOR'S REPLY TO CLAIMANTS' RESPONSE TO THIRTIETH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF EMPLOYEE CLAIMS NO. 4)

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan

Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

affiliated debtors (the "<u>Debtors</u>" or the "<u>Wind-Down Debtors</u>"), files this reply to (i) the response submitted by Tamara Thorpe ("<u>Ms. Thorpe</u>") [Doc. No. 4599]   (the "<u>Thorpe Response</u>") and (ii) the response submitted by Maria Perez ("<u>Ms. Perez</u>") [undocketed] (the "<u>Perez Response</u>") (Perez and Thorpe are collectively, "<u>Claimants</u>") to his *Thirtieth Omnibus Objection to Claims (Reclassification of Employee Claims No. 4)* (the "<u>Objection</u>").[3]

## A.    **The Thorpe Response**

1.      Pursuant to the Objection, the Plan Administrator objected to Claim 13626 (the "<u>Thorpe Claim</u>") filed by Ms. Thorpe for $19,267.88 which Ms. Thorpe alleged is entitled to priority under Bankruptcy Code section 507(a)(4). The basis of the claim is "loss of employment due to bankruptcy without severance pay".  A copy of the Thorpe Claim is attached hereto as **Exhibit A**.

2.      Pursuant to the Objection, the Plan Administrator objected to the Thorpe Claim on the following grounds:

> Claimant is a former employee of the Debtors. Claim is for severance. The Plan Administrator objects to the claim on the following grounds:(1) Claimant was not offered severance at termination. (2) Claim is not entitled to priority under Bankruptcy Code section 507(a)(4) because it was not earned within the Priority Period.  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim.

Exhibit A to Objection [Doc. 4497-1], at 13/16.

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

3.      In her response, Ms. Thorpe states, "I the claimant meet the requirements of 507(a)(4) due to my tenure and no offering of severance pay. My tenure began in February of 2004, which is beyond the 180 day notices. I should remain as a priority claimant and not be disallowed, expunged or reclassified." Thorpe Response [Doc. No. 4599] at 1.

**B.      The Perez Claim**

4.      Pursuant to the Objection, the Plan Administrator objected to Claim 2932 (the "Perez Claim") filed by Perez for $15,000.00 which Perez alleged is entitled to priority in an unliquidated amount under Bankruptcy Code section 507(a)(4) and as an administrative claim pursuant to Bankruptcy Code section 503(b)(1). The basis of the claim is "severance pay".  A copy of the Perez Claim is attached hereto as **Exhibit B**.

5.      Pursuant to the Objection, the Plan Administrator objected to the Perez Claim on the following grounds:

> Claimant is a former employee of the Debtors. Claim is for severance. The Plan Administrator objects to the claim on the following grounds:(1) The Debtors books and records indicate that all amounts owing to Claimant have been paid. (2) Claimant was not offered severance at termination. (3) Claim is not entitled to priority under Bankruptcy Code section 507(a)(4). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim.

Exhibit A to Objection [Doc. 4497-1], at 13/16.

6.      In her response, Ms. Perez states, "I Maria Perez being a former employee of BBB employee no XXXXXX for 24 years disagree with the Objection of Claim responds and feel that I am rightfully due severance pay in the amount of $15,000 for my many years of loyal service with Bed Bath and Beyond. I started my employment with Bed Bath and Beyond.

approximately on Jan 2000, and remained a loyal employee until the company closed the store

located in Tukwila Washington." Perez Response [undocketed] at 1.[4]

**C.**    **No Severance Benefits are Owed to Claimants**

7.    Both Claimants seek payment for severance benefits to which they are not

entitled.  With respect to claims for severance, the Objection and supporting declaration state:

> 42. Pre-petition, the Company had offered discretionary severance to
> certain  Employees who were terminated without cause (the "Discretionary
> Severance"). By March of 2023, however, the Debtors had stopped offering
> Discretionary Severance due to the company's extreme financial distress. The
> Plan Administrator is informed and believes that all Employees who were offered
> Discretionary Severance at the time of termination were paid.

> 43. Furthermore, the Plan Administrator is informed and believes that the
> Debtors paid all obligations owing to Employees (if any) pursuant to the Worker
> Adjustment and Retraining Notification Act (the "Federal WARN Act") and its
> state law equivalents including New Jersey's *Millville Dallas Airmotive Plan Job
> Loss Notification Act*, N.J. Stat. § 34:21-2, (the "NJ WARN Act"). In addition to
> its notice requirements, the NJ WARN Act requires an employer to provide
> severance pay to affected employees equal to one week of pay for each full year
> of employment ("NJ Severance"). The Plan Administrator is informed and
> believes that the Debtors fully paid each Claimant who was entitled to NJ
> Severance.

> 44. Finally, to the extent that a Severance Claim is made pursuant to a pre-
> petition employment contract ("Contractual Severance"), the Plan Administrator
> is informed and believes that the Contractual Severance is not entitled to priority
> pursuant to Bankruptcy Code section 507(a)(4) either because (a) the severance
> was not earned within the Priority Period and/or (b) because post-petition
> payments to Claimant on account of pre-petition wages and benefits earned
> during the Priority Period already meet or exceed the Priority Limit.

8.    Neither Claimant is entitled to severance pay. Neither Claimant was entitled to

Discretionary Severance. Ms. Thorpe and Ms. Perez left the Debtors' employ on or about July

31, 2023, long after the Debtors had discontinued offering Discretionary Severance to departing

employees. The Plan Administrator is informed and believes, however, that Ms. Thorpe and Ms.

---

[4] A redacted version of the Perez Response is attached as Exhibit C.

Perez were both paid in full for their post-petition wages and benefits, including certain bonuses that each received for staying through the closing of their respective stores. Furthermore, neither Claimant was a resident of New Jersey and consequently were not entitled to NJ Severance (which was required by statute), and neither Claimant is a party to an employment contract pursuant to which they might assert a claim for Contractual Severance.

9.     Even though Claimants did not have and have not established a legal right to severance, the Plan Administrator does not seek to disallow their claims but merely to reclassify their claims as Class 6 General Unsecured Claims.

WHEREFORE, the Plan Administrator asks the Court to enter the proposed Order granting his Objection and reclassifying Claimants' claims as Class 6 General Unsecured Claims.

Dated:  February 9, 2026                    /s/ Edward A. Corma
                                            Robert J. Feinstein, Esq. (admitted *pro hac vice*)
                                            Bradford J. Sandler, Esq.
                                            Erin Gray, Esq. (admitted *pro hac vice*)
                                            Edward A. Corma, Esq.
                                            **PACHULSKI STANG ZIEHL & JONES LLP**
                                            1700 Broadway, 36th Floor
                                            New York, NY 10019
                                            Telephone:  (212) 561-7700
                                            Facsimile:  (212) 561-7777
                                            Email: rfeinstein@pszjlaw.com
                                                   bsandler@pszjlaw.com
                                                   egray@pszjlaw.com
                                                   ecorma@pszjlaw.com

                                            *Counsel to the Plan Administrator*

# EXHIBIT A

**Thorpe Claim**

**United States Bankruptcy Court, District of New Jersey (Newark)**

| **Fill in this information to identify the case (Select only one Debtor per claim form):** | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath & Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio Bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

[  ] Date Stamped Copy Returned
[  ] No Self-Addressed Stamped Envelope
[ ✗ ] No Copy Provided

RECEIVED

JUL 06 2023

KROLL RESTRUCTURING
ADMINISTRATION



231335980001642

**Claim Number: 13626**

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | THORPE, TAMARA<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ☒ No<br>☐ Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>THORPE, TAMARA<br>█████████████<br><br><br><br><br>Contact phone ████████████<br>Contact email ████████████ | Where should payments to the creditor be sent? (if different)<br><br><br><br><br>Contact phone _____<br>Contact email _____ |
| 4. | Does this claim amend one already filed? | ☒ No<br>☐ Yes. Claim number on court claims registry (if known)_____ | Filed on _____<br>MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ | |

## Part 2:  Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ████████ |
| 7. | How much is the claim? | $ 19,267.88  Does this amount include interest or other charges?<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>loss of employement due to Bankruptcy without Severance pay |

| 9. **Is all or part of the claim secured?** | ☒ No |
| | ☐ Yes. The claim is secured by a lien on property. |

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

| 10. **Is this claim based on a lease?** | ☒ No |
| | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| 11. **Is this claim subject to a right of setoff?** | ☒ No |
| | ☐ Yes. Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No |
| | ☒ Yes. *Check one:* |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☒ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 19,267.88 |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $ _____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☒ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $ _____ |
|---|---|---|

| 14. Is all or part of the claim being asserted as an administrative expense claim? | ☒ No<br><br>☐ Yes. Indicate the amount of your claim for costs and expenses of administration of the estates pursuant to 503(b), other than section 503(b)(9), or 507(a)(2). Attach documentation supporting such claim.  If yes, please indicate when this claim was incurred: |  |
|---|---|---|
|  | ☐ On or prior to June 27, 2023: | $ _____ |
|  | ☐ After June 27, 2023: | $ _____ |
|  | Total Administrative Expense Claim Amount: | $ _____ |

THIS SECTION SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS. THIS SECTION SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2); PROVIDED, HOWEVER; THIS SECTION SHOULD NOT BE USED FOR CLAIMS PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   6 / 28 / 2023
                  MM / DD / YYYY

Signature

**Name of the person who is completing and signing this claim:**

Name     Tamara        Michelle        Thorpe
         First name    Middle name     Last name

Title    Store manager

Company  Bed Bath & Beyond
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  ███████████████████████████████

         ███████████████████████████████
         City                State   ZIP Code

Contact phone  ███████████    Email  ███████████



RECEIVED

JUL 06 2023

KROLL RESTRUCTURING
ADMINISTRATION

Retail

U.S. POSTAGE PAID
FCM LG ENV
ORLANDO, FL 32828
JUN 30, 2023

10163

$1.50

RDC 29    R2304M116087-07

Tamara Thorpe

Bed Bath & Beyond Inc. Claims Processing Center

C/O Kroll Restructuring Administration LLC

Grand Central Station, PO BOX 4850

New York, NY. 10163-4850

Received

JUL 06 2023

Kroll Restructuring Administration

## EXHIBIT B

**Perez Claim**

## United States Bankruptcy Court, District of New Jersey (Newark)

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☒ Bed Bath & Beyond Inc. (Case No. 23-13359) | ☐ Alamo Bed Bath and Beyond Inc. (Case No. 23-13360) | ☐ BBB Canada LP Inc. (Case No. 23-13361) | ☐ BBB Value Services Inc. (Case No. 23-13362) |
| ☐ BBBY Management Corporation (Case No. 23-13363) | ☐ BBBYCF LLC (Case No. 23-13364) | ☐ BBBYTF LLC (Case No. 23-13365) | ☐ bed 'n bath Stores Inc. (Case No. 23-13396) |
| ☐ Bed Bath & Beyond of Annapolis, Inc. (Case No. 23-13366) | ☐ Bed Bath & Beyond of Arundel Inc. (Case No. 23-13367) | ☐ Bed Bath & Beyond of Baton Rouge Inc. (Case No. 23-13368) | ☐ Bed Bath & Beyond of Birmingham Inc. (Case No. 23-13369) |
| ☐ Bed Bath & Beyond of Bridgewater Inc. (Case No. 23-13370) | ☐ Bed Bath & Beyond of California Limited Liability Company (Case No. 23-13371) | ☐ Bed Bath & Beyond of Davenport Inc. (Case No. 23-13372) | ☐ Bed Bath & Beyond of East Hanover Inc. (Case No. 23-13373) |
| ☐ Bed Bath & Beyond of Edgewater Inc. (Case No. 23-13374) | ☐ Bed Bath & Beyond of Falls Church, Inc. (Case No. 23-13375) | ☐ Bed Bath & Beyond of Fashion Center, Inc. (Case No. 23-13376) | ☐ Bed Bath & Beyond of Frederick, Inc. (Case No. 23-13377) |
| ☐ Bed Bath & Beyond of Gaithersburg Inc. (Case No. 23-13378) | ☐ Bed Bath & Beyond of Gallery Place L.L.C. (Case No. 23-13379) | ☐ Bed Bath & Beyond of Knoxville Inc. (Case No. 23-13380) | ☐ Bed Bath & Beyond of Lexington Inc. (Case No. 23-13381) |
| ☐ Bed Bath & Beyond of Lincoln Park Inc. (Case No. 23-13382) | ☐ Bed Bath & Beyond of Louisville Inc. (Case No. 23-13383) | ☐ Bed Bath & Beyond of Mandeville Inc. (Case No. 23-13384) | ☐ Bed, Bath & Beyond of Manhattan, Inc. (Case No. 23-13397) |
| ☐ Bed Bath & Beyond of Opry Inc. (Case No. 23-13385) | ☐ Bed Bath & Beyond of Overland Park Inc. (Case No. 23-13386) | ☐ Bed Bath & Beyond of Palm Desert Inc. (Case No. 23-13387) | ☐ Bed Bath & Beyond of Paradise Valley Inc. (Case No. 23-13388) |
| ☐ Bed Bath & Beyond of Pittsford Inc. (Case No. 23-13389) | ☐ Bed Bath & Beyond of Portland Inc. (Case No. 23-13390) | ☐ Bed Bath & Beyond of Rockford Inc. (Case No. 23-13391) | ☐ Bed Bath & Beyond of Towson Inc. (Case No. 23-13392) |
| ☐ Bed Bath & Beyond of Virginia Beach Inc. (Case No. 23-13393) | ☐ Bed Bath & Beyond of Waldorf Inc. (Case No. 23-13394) | ☐ Bed Bath & Beyond of Woodbridge Inc. (Case No. 23-13395) | ☐ Buy Buy Baby of Rockville, Inc. (Case No. 23-13398) |
| ☐ Buy Buy Baby of Totowa, Inc. (Case No. 23-13399) | ☐ Buy Buy Baby, Inc. (Case No. 23-13400) | ☐ BWAO LLC (Case No. 23-13401) | ☐ Chef C Holdings LLC (Case No. 23-13402) |
| ☐ Decorist, LLC (Case No. 23-13403) | ☐ Deerbrook Bed Bath & Beyond Inc. (Case No. 23-13404) | ☐ Harmon of Brentwood, Inc. (Case No. 23-13405) | ☐ Harmon of Caldwell, Inc. (Case No. 23-13406) |
| ☐ Harmon of Carlstadt, Inc. (Case No. 23-13407) | ☐ Harmon of Franklin, Inc. (Case No. 23-13408) | ☐ Harmon of Greenbrook II, Inc. (Case No. 23-13409) | ☐ Harmon of Hackensack, Inc. (Case No. 23-13410) |
| ☐ Harmon of Hanover, Inc. (Case No. 23-13411) | ☐ Harmon of Hartsdale, Inc. (Case No. 23-13412) | ☐ Harmon of Manalapan, Inc. (Case No. 23-13413) | ☐ Harmon of Massapequa, Inc. (Case No. 23-13414) |
| ☐ Harmon of Melville, Inc. (Case No. 23-13415) | ☐ Harmon of New Rochelle, Inc. (Case No. 23-13416) | ☐ Harmon of Newton, Inc. (Case No. 23-13417) | ☐ Harmon of Old Bridge, Inc. (Case No. 23-13418) |
| ☐ Harmon of Plainview, Inc. (Case No. 23-13419) | ☐ Harmon of Raritan, Inc. (Case No. 23-13420) | ☐ Harmon of Rockaway, Inc. (Case No. 23-13421) | ☐ Harmon of Shrewsbury, Inc. (Case No. 23-13422) |
| ☐ Harmon of Totowa, Inc. (Case No. 23-13423) | ☐ Harmon of Wayne, Inc. (Case No. 23-13424) | ☐ Harmon of Westfield, Inc. (Case No. 23-13425) | ☐ Harmon of Yonkers, Inc. (Case No. 23-13426) |
| ☐ Harmon Stores, Inc. (Case No. 23-13427) | ☐ Liberty Procurement Co. Inc. (Case No. 23-13428) | ☐ Of a Kind, Inc. (Case No. 23-13429) | ☐ One Kings Lane LLC (Case No. 23-13430) |
| ☐ San Antonio bed Bath & Beyond Inc. (Case No. 23-13431) | ☐ Springfield Buy Buy Baby, Inc. (Case No. 23-13432) | | |

**Claim Number: 2932**

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Maria Perez

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

[✓] No
[ ] Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

| | |
| --- | --- |
| Address1: | ███████████ |
| Address2: | |
| Address3: | |
| Address4: | |
| City: | █████████ |
| State: | |
| Postal Code: | ████ |
| Country: | |
| Contact phone | █████████ |
| Contact email | ███████████ |

Where should payments to the creditor be sent? (if different)

| | |
| --- | --- |
| Address1: | |
| Address2: | |
| Address3: | |
| Address4: | |
| City: | |
| State: | |
| Postal Code: | |
| Country: | |
| Contact phone | |
| Contact email | |

**4. Does this claim amend one already filed?**

[✓] No
[ ] Yes. Claim number on court claims registry (if known)_____

Filed on _____
        MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[✓] No
[ ] Yes. Who made the earlier filing? _____

**Part 2:**  Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ▊▊ ▊▊ ▊▊ ▊▊

**7. How much is the claim?**  $ 15.000.00

Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Severance Pay

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:      $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☑ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Maria Perez*

05/29/2023

_____        _____
Electronic Signature                                    Date

**Name of the person who is completing and signing this claim**

| Name | Maria Perez | A | Perez |
|---|---|---|---|
| | First name | Middle name | Last name |

Title _____

Company _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

Number        Street

_____

City        State        ZIP Code        Country

Contact phone _____        Email _____

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:
_____

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
 Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☐ Yes
☑ No

-----------------------------------------------------------------------------------------------------------

Attachment Filename:

KROLL

Electronic Proof of Claim Confirmation:  3335-1-CWLKF-152393425

Claim Electronically Submitted on (UTC) :  2023-05-29T16:22:01.488Z

Submitted by:  Maria Perez

**KROLL**

**<u>EXHIBIT C</u>**

**Perez Response**

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                    MM / DD  /  YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name      _____
          First name          Middle name          Last name

Title     _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
          Number      Street

          _____
          City                    State    ZIP Code

Contact phone  _____    Email  _____





# Response to Objection Of Claim

**February 3rd 2026**

Claimant: Maria A Perez

████████████████████████████████

Regarding Case 23-13359-VFP

Claim No: 2932

Exhibit 1

To: Administration Attorney Erin Gray

Pachulski Stang Ziehl & Jones LLC

170 Broadway, 36th Floor

New York, NY 10019

 Claimant: Bed, Bath and Beyond Debtor.

Clerk o Court US Bankruptcy Court for the District of New Jersey Martin Luther King Jr.
Federal Building 50 Walnut Street Newark, NJ 07102

I, Maria A Perez being a former employee for BBB employee no:███████ for 24 years disagree
with the Objection of Claim responds and feel that I am rightfully due severance pay in the amount
of $15,000 for my many years of loyal service with Bed Bath and Beyond. I started my
employment with Bed Bath and Beyond approximately on Jan 2000, and remained a loyal
employee until the company closed the store located in Tukwila Washington.

Please see copy of attached paystub and w2 form as evidence of employment.

Sincerely,

Maria A Perez

Signed _Maria a. Perez_    Dated _2/3/2026_