UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**PACHULSKI STANG ZIEHL & JONES LLP**
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler
Erin Gray (admitted *pro hac vice*)
Edward A. Corma
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Email:  rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         egray@pszjlaw.com
         ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>Judge:  Vincent F. Papalia<br><br>(Jointly Administered)<br><br>**Continued Status Conference<br>April 21, 2026 at 10:00 a.m. (ET)**<br><br>**Related to: Docket Nos. 4266 & 4354** |

## AGREEMENT AND CONSENT ORDER BETWEEN PLAN ADMINISTRATOR AND EVA MARIE BEALE

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these Chapter 11 Cases (collectively, the "Debtors" and each a "Debtor") and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Debtors:          BED BATH & BEYOND INC., *et al.*
Case No.          23-13359-VFP
Caption of Order:    AGREEMENT AND CONSENT ORDER

This agreement and consent order (the "Agreement") dated March 18, 2026, is made by and between Eva Marie Beale ("Claimant") and Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors" or the "Wind-Down Debtors") (together, the "Parties"), including, as applicable, by and through their duly authorized undersigned counsel.

**RECITALS**

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS**, the Debtors' chapter 11 cases were procedurally consolidated.

**WHEREAS**, on September 14, 2023, this Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (as amended, the "Plan").[3]

**WHEREAS,** on September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). On the Effective Date, the Plan Administrator became the sole representative

---

2  Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].
3 Capitalized terms that are not defined herein have the meanings given to them in the Plan.

Debtors:          BED BATH & BEYOND INC., *et al.*
Case No.          23-13359-VFP
Caption of Order:    AGREEMENT AND CONSENT ORDER

of the Wind-Down Debtors and assumed responsibility for, *inter alia*, resolving claims,

performing claims reconciliation and objecting to claims.[4]

**WHEREAS**, Claimant filed the following proofs of claim against the Debtors

(collectively, the "Claimant's Claims").

| Claim No. | Date Filed | Debtor | Amount/Priority |
|-----------|-----------|--------|-----------------|
| 10740 | 7/7/23 | Bed Bath & Beyond, Inc. | $100,000.00 total ($100,000.00 priority, $500,000.00 administrative) |
| 9578 | 7/6/23 | Bed Bath & Beyond, Inc. | $400,000.00 total ($400,000.00 priority; $500,000.00 administrative) |

**WHEREAS**, on or about July 28, 2025, the Plan Administrator filed the *Twenty-Second Omnibus Objection (Substantive) to Claims (503(b)(9) Claims No. 4)* (the "Objection") [Docket No. 4266] pursuant to which he objected to, *inter alia*, Claimant's Claims. The hearing on the Objection was scheduled for September 2, 2025 at 10:00 a.m. (the "Hearing").

**WHEREAS** the Hearing was continued to October 15, 2025.

**WHEREAS**, on or about October 8, 2025, Claimant filed a *Motion for Allowance and Payment of Chapter 11 Administrative Expense Claim* [Doc. No. 4354] (the "Administrative Motion").

**WHEREAS** pursuant to the Administrative Motion and Claimant's Claims, Claimant alleges that the Debtors infringed (the "Alleged Infringement") on certain

---

4  *See* Plan, Article IV, at § B ("Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.").

Debtors:           BED BATH & BEYOND INC., *et al.*
Case No.           23-13359-VFP
Caption of Order:    AGREEMENT AND CONSENT ORDER

alleged trademark rights related to Grey Gardens®  (the "Trademark Rights") both

before April 23, 2023 (the "Prepetition Infringement Claim") and after April 23, 2023

(the "Postpetition Infringement Claim").

**WHEREAS**, on or about October 14, 2025, the Plan Administrator filed a preliminary

response to the Administrative Motion [Doc. No. 4350] (the "Response") in which the Plan

Administrator denied any Alleged Infringement.

**WHEREAS**, after the Hearing, the Court entered the *Supplemental Order Partially*

*Granting Twenty-Second Omnibus Objection to Claim as to Claims 10740 and 9578 filed by Eva*

*Marie Beale* [Doc. No. 4432] (the "Order").

**WHEREAS**, pursuant to the Order, Claim 10740 was treated as follows:

"Claim No. 10740 is disallowed as duplicative."

**WHEREAS**, pursuant to the Order, Claim 9578 was treated as follows:

"With respect to Claim 9578, the Court finds and orders as follows:
(i) No amount of Claim No. 9578 is entitled to priority under
Bankruptcy Code section 507. (ii) No amount of Claim No. 9578 is
entitled to priority under Bankruptcy Code section 503(b)(9). (iii)
All amounts of Claim No. 9578 attributable to acts of Alleged
Infringement that took place before April 23, 2023 (i.e., the
Prepetition Infringement Claim) are reclassified as Class 6 General
Unsecured Claim, subject to the Plan Administrators' right to further
object to the Prepetition Infringement Claim as reclassified. (iv) As
is set forth below, the Court will hold further proceedings on what,
if any, portion of Claim No. 9578 is entitled to priority as an
administrative expense pursuant to section 503(b)(1)(A) of the
Bankruptcy Code."

**WHEREAS,** the Court also set a status conference on the Administrative Motion and the

Objection for December 2, 2025 at 11:00 a.m., which was subsequently continued upon the

agreement of the parties to April 21, 2026 at 10:00 a.m..

4903-6126-2459.5 08728.003                    4

Debtors:            BED BATH & BEYOND INC., *et al.*
Case No.            23-13359-VFP
Caption of Order:   AGREEMENT AND CONSENT ORDER

WHEREAS, the Parties have negotiated in good faith and have agreed to settle their

disputes with respect to the Claimant's Claims, the Objection and the Administrative Motion

upon the terms set forth in this Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, for good and valuable

consideration, the receipt and sufficiency of which is hereby acknowledged, and the Parties

intending to be legally bound, the Parties agree that:

1.      **Incorporation**.  The Recitals set forth above are incorporated herein as though

fully set forth at length.

2.      **Authority**.  The Parties warrant that they are authorized to enter into this

Agreement and that by the signatures of counsel (or individually) below, it will become a binding

agreement.

3.      **Allowed Claim**. Claim 9578 shall be Allowed in the total amount of $430,000.00

comprised of the following: (a) an Allowed Administrative Claim in the amount of $40,000.00

(the "Allowed Administrative Claim") and (b) an Allowed Class 6 General Unsecured Claim in

the amount of $390,000.00 (the "Allowed General Unsecured Claim").

4.      **Distributions on Allowed Claims**.  (a) No distributions will be made on account

of the Allowed General Unsecured Claim other than in accordance with the terms of the Plan and

Confirmation Order. (b) Payment of the Claimant's Allowed Administrative Claim will be made

*pro rata* with all other Chapter 11 Allowed Administrative Claims and at the same time that

distributions are made on all other Chapter 11 Allowed Administrative Claims in these cases.

Claimant acknowledges that the Plan Administrator is not making distributions on Allowed

Debtors:          BED BATH & BEYOND INC., *et al.*
Case No.          23-13359-VFP
Caption of Order:   AGREEMENT AND CONSENT ORDER

Administrative Claims at this time, and that the Plan Administrator makes no representations as to the amount and/or timing of any such distributions.

5.      **Full Resolution**. This Agreement resolves all claims (whether Unsecured, Secured, Priority, Administrative or otherwise), demands and/or causes of action of Claimant against the Debtors and their estates, the Debtors-in-Possession, the Wind-Down Debtors and/or the Plan Administrator that arose prior to the Effective Date of this Agreement, including but not limited to any and all claims, demands and/or causes of action related to Claimant's alleged rights in and to the Trademark Rights, the Alleged Infringement, the Prepetition Infringement Claim, the Postpetition Infringement Claim, Claim 10740, Claim 9578, and the Administrative Claim Motion (the "Released Claims"). Claimant acknowledges that it is her intention to fully waive and release the Released Claims. In connection with such waiver and relinquishment, Claimant acknowledges that she (or her attorneys) may hereafter discover facts different from or in addition to the facts that they now know or believe to be true with respect to the subject matter of this Agreement, but that it is her intention to hereby fully, finally, absolutely, and forever release the Released Claims, notwithstanding the discovery of any such different or additional facts.

6.      **No Admission.** Each Party expressly recognizes that neither this Agreement, nor any other action taken to comply with this Agreement represents an admission of liability or responsibility on the part of either Party. Neither this Agreement nor any action taken to comply with its provisions shall be construed as, or used as, an admission of any fault, wrongdoing or liability whatsoever in this or any other matter.

7.      **Entire Agreement**.  This Agreement constitutes the entire agreement between the Parties with respect to its subject matter and supersedes all prior oral and written negotiations and

4903-6126-2459.5 08728.003                    6

Debtors:          BED BATH & BEYOND INC., *et al.*
Case No.          23-13359-VFP
Caption of Order:    AGREEMENT AND CONSENT ORDER

agreements with respect to such subject matter. No other promise, inducement, or agreement not

stated herein has been made to them in connection with this Agreement.

8.    **No Oral Modifications**. This Agreement shall not be modified, altered, amended

or vacated without the written consent of all Parties or an order of the Bankruptcy Court.

9.    **Acknowledgement of Self-Representation**. Claimant hereby acknowledges and

stipulates that she is representing herself in the negotiation and execution of this Agreement.

Claimant further acknowledges that the Plan Administrator and his counsel have not provided any

legal advice to Claimant. Claimant has been advised and encouraged to seek and has had the full

opportunity to obtain independent legal counsel to review this document and understand her rights

and obligations hereunder. Claimant enters this Agreement knowingly, voluntarily, and without

reliance on any statements or representations by the Plan Administrator or his counsel regarding

the legal effect of this Agreement.

10.    **Claims Agent**. The Plan Administrator and his agents and any third parties,

(including the Claims and Noticing Agent Kroll Restructuring Administration) are authorized and

shall take all actions necessary to effectuate the relief provided by this Agreement including

modifying the Official Claims Register in these cases.

11.    **Third Parties**. This Agreement shall be binding upon and inure to the benefit of

the Parties' successors, agents, assigns, including any bankruptcy trustees and estate

representatives.

12.    **Effective Date**. The terms and conditions of this Agreement shall be immediately

effective and enforceable upon full execution by the last Party, and the effective date of the

Agreement (the "Effective Date") shall be the date entered by the Bankruptcy Court.

4903-6126-2459.5 08728.003                    7

Debtors:          BED BATH & BEYOND INC., et al.
Case No.          23-13359-VFP
Caption of Order:    AGREEMENT AND CONSENT ORDER

13.    <u>Deemed Withdrawal</u>. Upon the Effective Date of this Agreement, the Administrative Motion and the Objection shall be deemed withdrawn.

14.    <u>Jurisdiction</u>. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Agreement.

15.    <u>Attorneys' Fees and Costs</u>. Each Party shall bear its own fees and costs in connection with these cases, Claimant's Claims, the Objection, the Administrative Motion and the Agreement.

PACHULSKI STANG ZIEHL & JONES LLP        EVA MARIE BEALE

_____            _____

Robert J. Feinstein (admitted *pro hac vice*)    Eva Marie Beale
Bradford J. Sandler                  29 Renz Road
Erin Gray (admitted *pro hac vice*)        Mill Valley, California 94941
Edward A. Corma                  Telephone: (415) 601-9806
1700 Broadway, 36th Floor            Email: info@greygardensofficial.com
New York, NY 10019
Telephone: (212) 561-7700            *In propia persona*
Email: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       egray@pszjlaw.com
       ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

4903-6126-2459.5 08728.003                    8