**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          egray@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** **June 23, 2026**<br>**Hearing Time:** **10:00 a.m. (ET)**<br>**Response Deadline:** **June 16, 2026** |
| | **Related Docket No. 4741** |

**CERTIFICATION OF COUNSEL REGARDING PLAN ADMINISTRATOR'S**
**THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(Miscellaneous Reclassified Administrative Claims)**

The undersigned hereby certifies that:

1.    On May 19, 2026, Michael Goldberg, solely in his capacity as the Plan

Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath &

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Beyond Inc.)[2] and affiliated debtors (the "Debtors" or the "Wind-Down Debtors") filed the

*Plan Administrator's Thirty-Second Omnibus Objection to Claims (Miscellaneous Reclassified*

*Administrative Claims)* [Docket No. 4741] (the "Omnibus Objection")[3] and the *Notice of*

*Objection to Your Claim* [Docket No. 4742] (the "Notice").

2.     Kroll Restructuring Administration LLC served the Omnibus Objection and

Notice on May 21, 2026, upon the parties listed in the *Affidavit of Service* [Docket No. 4746].

3.     Pursuant to the Notice, the deadline for parties to file responses to the Omnibus

Objection was on June 16, 2026 (the "Objection Deadline"). No objections or responses to the

Omnibus Objection were filed on the docket on or before the Objection Deadline. The Plan

Administrator received an informal response from Cisco Systems Capital Corporation

("Cisco") in regard to its Claim No. 7049 (the "Cisco Claim"). The Plan Administrator and

Cisco resolved the issue by removing the Cisco Claim from the exhibit and adding the

language set forth in paragraph 9 of the revised proposed Order attached hereto as **Exhibit A**

(the "Order").

4.     It is hereby respectfully requested that the Court enter the Order. A redline of the

revised Order showing the changes from version originally filed with the Omnibus Objection is

attached hereto as **Exhibit B**.

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Omnibus Objection.

Dated:  June 18, 2026

*/s/ Edward A. Corma*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       egray@pszjlaw.com
       ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

4929-6709-4197.2 08728.003                          3

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        egray@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Hearing Date:**     **June 23, 2026**<br>**Hearing Time:**     **10:00 a.m. (ET)**<br>**Response Deadline:**  **June 16, 2026**<br><br>**Related Doc. No. 4741** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS**
**(Miscellaneous Reclassified Administrative Claims)**

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4926-0321-6821.3 08728.003

(Page | 2)
Debtors:            BED BATH & BEYOND INC., *et al*.
Case No.            23-13359-VFP
Caption of Order:   ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-
                    SECOND OMNIBUS OBJECTION TO CLAIMS

Upon the objection (the "<u>Objection</u>") [Doc. No. 4741][2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "<u>Disputed Claims</u>"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. 4742, 4746], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is sustained.

2.      As is set forth in the column entitled "Claim Amount & Classification if Objection Granted" on **Exhibit 1** to this Order, each Disputed Claim is either (i) reclassified as a Class 6 General Unsecured Claim or (ii) disallowed.

3.      The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

4926-0321-6821.3 08728.003

(Page | 3)
Debtors:          BED BATH & BEYOND INC., *et al*.
Case No.          23-13359-VFP
Caption of Order: ORDER   SUSTAINING   PLAN   ADMINISTRATOR'S   THIRTY-
                  SECOND OMNIBUS OBJECTION TO CLAIMS

4.      Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5.      Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including the Disputed Claims set forth on **Exhibit 1** hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6.      Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

3

4926-0321-6821.3 08728.003

(Page | 4)

Debtors:                BED BATH & BEYOND INC., *et al*.

Case No.                23-13359-VFP

Caption of Order:   ORDER   SUSTAINING   PLAN   ADMINISTRATOR'S   THIRTY-
SECOND OMNIBUS OBJECTION TO CLAIMS

7.      Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8.      The Court shall retain jurisdiction to construe and enforce this Order.

9.      Claim 7049 filed by Cisco Systems Capital Corporation is deemed to have been amended and superseded by Claim 18085 filed by Cisco Systems Capital Corporation and the Claims Agent is authorized to update the official claims register accordingly.

4

4926-0321-6821.3 08728.003

## <u>Exhibit 1</u>

## List of Disputed Claims

1

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount & Classification as Filed | | Claim Amount & Classification if Objection Granted | | Grounds for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim as Filed | | Claim if Objection Granted | | |
| | | | | | Claim Class | Claim Amount | Claim Class | Claim Amount | |
| 1 | American Plastic Toys Inc. | 6/27/2023 | 8744 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$10,372.63<br>$0.00<br>$0.00<br>$2,796.47<br>$13,169.10 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,169.10<br>$13,169.10 | The basis of the Claim is the sale of goods to the Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds:  Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 2 | Baum, Annneen | 7/5/2023 | 9413 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$4,934.83<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim is unspecified and unsupported. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 3 | Baum, Annneen | 7/6/2023 | 12817 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$4,934.83<br>$4,934.83<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9).  See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 4 | City of Ann Arbor Treasurer | 8/30/2023 | 16748 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$555.27<br>$0.00<br>$0.00<br>$0.00<br>$555.27 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$555.27<br>$555.27 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| # | Claimant | Date | Claim # | Debtor | Asserted | | Modified | | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|
| 5 | City of Houston Public Works | 10/10/2023 | 18018 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $1,763.76 $0.00 $0.00 $0.00 $1,763.76 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $1,763.76 $1,763.76 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 6 | City of Houston Public Works | 10/10/2023 | 18019 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $978.93 $0.00 $0.00 $0.00 $978.93 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $978.93 $978.93 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 7 | Consumer Energy Company | 7/12/2024 | 20167 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $14,681.50 $0.00 $0.00 $0.00 $14,681.50 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $14,681.50 $14,681.50 | Claim is related to alleged post-petition utility services. The Plan Administrator objects to the claim on the following grounds: (1) Claim is late filed. (2) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession during the service period requested. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 8 | Designer Greeting | 7/24/2023 | 14853 | Liberty Procurement Co. Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $10,329.60 $0.00 $0.00 $0.00 $10,329.60 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $10,329.60 $10,329.60 | The basis of the Claim is the sale of goods to Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds:  Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 9 | GoDaddy Corporate Domains, LLC | 6/28/2023 | 7561 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $4,186.50 $0.00 $0.00 $0.00 $4,186.50 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $4,186.50 $4,186.50 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| # | Name | Date | Claim # | Debtor | | | | |
|---|------|------|---------|--------|---|---|---|---|
| 10 | GoDaddy Corporate Domains, LLC | 8/14/2023 | 16191 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $906.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $906.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $906.00<br>Total $906.00 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 11 | HR Direct | 7/1/2023 | 8618 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $6,271.84<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $6,271.84 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $6,271.84<br>Total $6,271.84 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 12 | Isoff, Maternst | 6/19/2023 | 4650 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $500,000.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $500,000.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $500,000.00<br>Total $500,000.00 | The basis of the Claim is "owed money on credit". The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 13 | Kimes, Dobaniqua | 6/20/2023 | 8978 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $705.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $705.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $705.00<br>Total $705.00 | "The basis of the claim is "services" The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 14 | Shaftal, Melany | 6/23/2023 | 11490 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $50.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $50.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $50.00<br>Total $50.00 | Claimant has provided no basis on which to detemine the basis of the Claim. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

**Exhibit B**

**Redline**

4929-6709-4197.2 08728.003

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
            bsandler@pszjlaw.com
            egray@pszjlaw.com
            ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:        June 23, 2026**<br>**Hearing Time:        10:00 a.m. (ET)**<br>**Response Deadline:   June 16, 2026** |
| | **Related Doc. No——. 4741** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS**
**(Miscellaneous Reclassified Administrative Claims)**

The relief set forth on the following pages, numbered two (2) through four (4), is

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

(Page | 2)
Debtors:            BED BATH & BEYOND INC., *et al*.
Case No.            23-13359-VFP
Caption of Order:   ORDER   SUSTAINING   PLAN   ADMINISTRATOR'S   THIRTY-
                    SECOND OMNIBUS OBJECTION TO CLAIMS

**ORDERED**.

4926-0321-6821.1 08728.003

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS |

Upon the objection (the "Objection") [Doc. No. ——]4741][2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. ——, ——],4742, 4746], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained.

2. As is set forth in the column entitled "Claim Amount & Classification if Objection Granted" on **Exhibit 1** to this Order, each Disputed Claim is either (i) reclassified as a Class 6 General Unsecured Claim or (ii) disallowed.

3. The Claims and Noticing Agent is authorized to modify the Claims Register to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

3

(Page | 4)
Debtors:         BED BATH & BEYOND INC., *et al*.
Case No.         23-13359-VFP
Caption of Order:   ORDER   SUSTAINING   PLAN   ADMINISTRATOR'S   THIRTY-
SECOND OMNIBUS OBJECTION TO CLAIMS

---

reflect the relief granted by this Order.

4.      Nothing in this Order shall affect any party's rights with respect to the Disputed

Claims as reclassified, and all parties' rights with respect to such claims are reserved,

including, for the avoidance of doubt, the Plan Administrator's or any estate representative's

rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or

nonbankruptcy law.

5.      Nothing in this Order shall be deemed (i) an admission as to the validity of any

claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's

rights to dispute any claim or interest, including the Disputed Claims set forth on **Exhibit 1**

hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the

Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or

admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or

limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy

Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed

Claims.

6.      Each Disputed Claim and the objections by the Plan Administrator thereto, as set

forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by

Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with

respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant

whose claim is subject to this Order shall only apply to the contested matter which involves

such claimant and shall not act to stay the applicability and/or finality of this Order with

4

4926-0321-6821.1 08728.003

(Page | 5)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS |

respect to the other contested matters listed in the Objection or this Order.

7.      Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8.      The Court shall retain jurisdiction to construe and enforce this Order.

5

4926-0321-6821.1 08728.003

9.      Claim 7049 filed by Cisco Systems Capital Corporation is deemed to have been amended and superseded by Claim 18085 filed by Cisco Systems Capital Corporation and the Claims Agent is authorized to update the official claims register accordingly.

4926-0321-6821.3 08728.003

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount & Classification as Filed | | Claim Amount & Classification if Objection Granted | | Grounds for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim as Filed | | Claim if Objection Granted | | |
| | | | | | Claim Class | Claim Amount | Claim Class | Claim Amount | |
| 1 | American Plastic Toys Inc. | 6/27/2023 | 8744 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$10,372.63<br>$0.00<br>$0.00<br>$2,796.47<br>$13,169.10 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,169.10<br>$13,169.10 | The basis of the Claim is the sale of goods to the Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds:  Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 2 | Baum, Annneen | 7/5/2023 | 9413 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$4,934.83<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim is unspecified and unsupported. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 3 | Baum, Annneen | 7/6/2023 | 12817 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$4,934.83<br>$4,934.83<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9).  See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 4 | ~~CISCO SYSTEMS CAPITAL CORPORATION~~ | ~~6/30/2023~~ | ~~7049~~ | ~~Bed Bath & Beyond Inc.~~ | ~~Secured~~<br>~~Admin~~<br>~~503(b)(9)~~<br>~~Priority~~<br>~~GUC~~<br>~~Total~~ | ~~$0.00~~<br>~~$26,583.81~~<br>~~$0.00~~<br>~~$0.00~~<br>~~$3,206,871.12~~<br>~~$3,233,454.93~~ | ~~Secured~~<br>~~Admin~~<br>~~503(b)(9)~~<br>~~Priority~~<br>~~GUC~~<br>~~Total~~ | ~~$0.00~~<br>~~$0.00~~<br>~~$0.00~~<br>~~$0.00~~<br>~~$0.00~~<br>~~$0.00~~ | ~~This claim has been amended and superceded by Claim 18085. The Plan Administrator asks that the Court disallow the Claim in full.~~ |
| 5 | City of Ann Arbor Treasurer | 8/30/2023 | 16748 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$555.27<br>$0.00<br>$0.00<br>$0.00<br>$555.27 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$555.27<br>$555.27 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6 | City of Houston Public Works | 10/10/2023 | 18018 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $1,763.76<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $1,763.76 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $1,763.76<br>Total $1,763.76 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 7 | City of Houston Public Works | 10/10/2023 | 18019 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $978.93<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $978.93 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $978.93<br>Total $978.93 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 8 | Consumer Energy Company | 7/12/2024 | 20167 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $14,681.50<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $14,681.50 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $14,681.50<br>Total $14,681.50 | Claim is related to alleged post-petition utility services. The Plan Administrator objects to the claim on the following grounds: (1) Claim is late filed. (2) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession during the service period requested. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 9 | Designer Greeting | 7/24/2023 | 14853 | Liberty Procurement Co. Inc. | Secured $0.00<br>Admin $10,329.60<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $10,329.60 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $10,329.60<br>Total $10,329.60 | The basis of the Claim is the sale of goods to Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds:  Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 10 | GoDaddy Corporate Domains, LLC | 6/28/2023 | 7561 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $4,186.50<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $4,186.50 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $4,186.50<br>Total $4,186.50 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11 | GoDaddy Corporate Domains, LLC | 8/14/2023 | 16191 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $906.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $906.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $906.00<br>Total $906.00 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 12 | HR Direct | 7/1/2023 | 8618 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $6,271.84<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $6,271.84 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $6,271.84<br>Total $6,271.84 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 13 | Isoff, Maternst | 6/19/2023 | 4650 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $500,000.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $500,000.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $500,000.00<br>Total $500,000.00 | The basis of the Claim is "owed money on credit". The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 14 | Kimes, Dobaniqua | 6/20/2023 | 8978 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $705.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $705.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $705.00<br>Total $705.00 | "The basis of the claim is "services" The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 15 | Shaftal, Melany | 6/23/2023 | 11490 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $50.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $50.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $50.00<br>Total $50.00 | Claimant has provided no basis on which to detemine the basis of the Claim. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |