**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         egray@pszjlaw.com
         ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

In re:

BED BATH & BEYOND INC., *et al.*,[1]

Debtors.

**Order Filed on June 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

| | |
|---|---|
| **Hearing Date:** | **June 23, 2026** |
| **Hearing Time:** | **10:00 a.m. (ET)** |
| **Response Deadline:** | **June 16, 2026** |

**Related Doc. No. 4741**

## ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS
### (Miscellaneous Reclassified Administrative Claims)

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

**DATED: June 24, 2026**

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4926-0321-6821.5 08728.003

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS |

Upon the objection (the "Objection") [Doc. No. 4741][2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. 4742, 4746], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is sustained.

2.      As is set forth in the column entitled "Claim Amount & Classification if Objection Granted" on **Exhibit 1** to this Order, each Disputed Claim is either (i) reclassified as a Class 6 General Unsecured Claim or (ii) disallowed.

3.      The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4926-0321-6821.5 08728.003

(Page | 3)
Debtors:          BED BATH & BEYOND INC., *et al*.
Case No.          23-13359-VFP
Caption of Order: ORDER   SUSTAINING   PLAN   ADMINISTRATOR'S   THIRTY-
SECOND OMNIBUS OBJECTION TO CLAIMS

4.      Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5.      Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including the Disputed Claims set forth on **Exhibit 1** hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6.      Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4926-0321-6821.5 08728.003

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al.* |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS |

7. Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8. The Court shall retain jurisdiction to construe and enforce this Order.

9. Claim 7049 filed by Cisco Systems Capital Corporation is deemed to have been amended and superseded by Claim 18085 filed by Cisco Systems Capital Corporation and the Claims Agent is authorized to update the official claims register accordingly.

10. The hearing as to claims 9413 and 12817 filed by Anneen Baum has been continued to August 4, 2026, at 10:00 a.m.

4926-0321-6821.5 08728.003

## Exhibit 1

**List of Disputed Claims**

4926-0321-6821.5 08728.003

Exhibit 1 to Order Sustaining Plain Administrator's 32nd Omnibus Objection to Claims

| | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount & Classification as Filed | | Claim Amount & Classification if Objection Granted | | Grounds for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim as Filed | | Claim if Objection Granted | | |
| | | | | | Claim Class | Claim Amount | Claim Class | Claim Amount | |
| 1 | American Plastic Toys Inc. | 6/27/2023 | 8744 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$10,372.63<br>$0.00<br>$0.00<br>$2,796.47<br>$13,169.10 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,169.10<br>$13,169.10 | The basis of the Claim is the sale of goods to the Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds: Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 2 | City of Ann Arbor Treasurer | 8/30/2023 | 16748 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$555.27<br>$0.00<br>$0.00<br>$0.00<br>$555.27 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$555.27<br>$555.27 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 3 | City of Houston Public Works | 10/10/2023 | 18018 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$1,763.76<br>$0.00<br>$0.00<br>$0.00<br>$1,763.76 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,763.76<br>$1,763.76 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 4 | City of Houston Public Works | 10/10/2023 | 18019 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$978.93<br>$0.00<br>$0.00<br>$0.00<br>$978.93 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$978.93<br>$978.93 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

Exhibit 1 to Order Sustaining Plain Administrator's 32nd Omnibus Objection to Claims

| 5 | Consumer Energy Company | 7/12/2024 | 20167 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $14,681.50<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $14,681.50 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $14,681.50<br>Total $14,681.50 | Claim is related to alleged post-petition utility services. The Plan Administrator objects to the claim on the following grounds: (1) Claim is late filed. (2) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession during the service period requested. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 6 | Designer Greeting | 7/24/2023 | 14853 | Liberty Procurement Co. Inc. | Secured $0.00<br>Admin $10,329.60<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $10,329.60 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $10,329.60<br>Total $10,329.60 | The basis of the Claim is the sale of goods to Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds: Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 7 | GoDaddy Corporate Domains, LLC | 6/28/2023 | 7561 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $4,186.50<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $4,186.50 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $4,186.50<br>Total $4,186.50 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 8 | GoDaddy Corporate Domains, LLC | 8/14/2023 | 16191 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $906.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $906.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $906.00<br>Total $906.00 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

Exhibit 1 to Order Sustaining Plain Administrator's 32nd Omnibus Objection to Claims

| # | Name | Date | Claim # | Debtor | | | | Basis for Objection |
|---|------|------|---------|--------|---|---|---|---------------------|
| 9 | HR Direct | 7/1/2023 | 8618 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $6,271.84<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $6,271.84 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $6,271.84<br>Total $6,271.84 | | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 10 | Isoff, Maternst | 6/19/2023 | 4650 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $500,000.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $500,000.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $500,000.00<br>Total $500,000.00 | | The basis of the Claim is "owed money on credit". The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 11 | Kimes, Dobaniqua | 6/20/2023 | 8978 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $705.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $705.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $705.00<br>Total $705.00 | | "The basis of the claim is "services" The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 12 | Shaftal, Melany | 6/23/2023 | 11490 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $50.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $50.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $50.00<br>Total $50.00 | | Claimant has provided no basis on which to detemine the basis of the Claim. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |