**Exhibit A**

**Proposed Order**

4911-3464-0822.3 08728.003

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          egray@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Hearing Date:**　　**August 4, 2026**<br>**Hearing Time:**　　**10:00 a.m. (ET)**<br>**Response Deadline:**　**July 28, 2026**<br><br>**Related Doc. No ___** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S
THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
(Reclassified Administrative Claims)**

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4911-3464-0822.3 08728.003

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS |

---

Upon the objection (the "Objection") [Doc. No. ___][2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. ___, ___], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained.

2. As is set forth in the column entitled "Claim Amount & Classification if Objection Granted" on **Exhibit 1** to this Order, each Disputed Claim is reclassified as a Class 6 General Unsecured Claim.

3. The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4911-3464-0822.3 08728.003

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS |

4.     Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5.     Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including the Disputed Claims set forth on **Exhibit 1** hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6.     Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4911-3464-0822.3 08728.003

(Page | 4)

Debtors:                    BED BATH & BEYOND INC., *et al.*
Case No.                    23-13359-VFP
Caption of Order:           ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

---

7.      Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8.      The Court shall retain jurisdiction to construe and enforce this Order.

4911-3464-0822.3 08728.003

## Exhibit 1

## List of Disputed Claims

1

| | | | | | Claim Amount & Classification as Filed | | Claim Amount & Classification if Objection Granted | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim as Filed | | Claim if Objection Granted | | |
| A | B | C | D | E | F | J | H | I | J |
| | Name of Claimant | Date Claim Filed | Claim No. | Debtor Name | Claim Class | Claim Amount | Claim Class | Claim Amount | Grounds for Objection |
| 1 | Acxiom LLC | 8/14/2023 | 16180 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$463,556.45<br>$0.00<br>$0.00<br>$769,690.94<br>$1,233,247.39 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,233,247.39<br>$1,233,247.39 | Claim is related to a pre-petition service contract that expired by its own terms in August 2023 or (assuming it was executory on the Petition Date) was rejected upon the Effective Date (9/29/2023).  More specifically, the Claimant asserts an Alleged Administrative Claim for unpaid post-petition charges from the Petition Date through July 31, 2023 pursuant to that certain "Acxiom Services Agreement, as amended, effective August 14, 2012; Statement of Work #005 Acxiom Identity Builder Solution, effective October 23, 2017, with a current renewal term ending August 19, 2023." Claimant admits that Debtors paid Claimant $325,832.51 post-petition that it has not applied to reduce the Alleged Administrative Claim. See Claim 16180 at 5. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, the Debtors paid Claimant $510,925.79 post-petition (the "Post-Petition Payments"), which the Plan Administrator is informed and believes is the entirety of the amount owing to Claimant that may have been entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(1)(A). (2) To the extent that Claimant alleges any amount in excess of the Post-Petition Payments is owing as an administrative expense, the Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates.  Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |
| 2 | Blue Yonder, Inc. | 7/10/2023 | 10696 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$760,833.11<br>$0.00<br>$0.00<br>$0.00<br>$760,833.11 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$760,833.11<br>$760,833.11 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023). More specifically, the Claimant asserts an Alleged Administrative Claim under that certain "*Cloud Services Subscription and Professional Services Agreement, Schedules 2A and 3A dated June 28, 2019*" pursuant to which Claimant asserts it is owed, on an administrative basis, "annual subscription fees" for Schedules 2A and 3A that renewed automatically on June 28, 2023 (for the period 6/28/23-6/28/24), totaling $760,833.11. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, the Debtors paid Claimant $213,789.54 post-petition (the "Post-Petition Payments"), which the Plan Administrator is informed and believes is the entirety of the amount owing to Claimant that may have been entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(1)(A). (2) To the extent that Claimant alleges any amount in excess of the Post-Petition Payments is owing as an administrative expense, the Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates.  Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |
| 3 | Blue Yonder, Inc. | 9/5/2023 | 16983 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$1,795,000.00<br>$0.00<br>$0.00<br>$0.00<br>$1,795,000.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,795,000.00<br>$1,795,000.00 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023). More specifically, the Claimant asserts an Alleged Administrative Claim under that certain "Cloud Services Subscription and Professional Services Agreement, Schedule 4A dated September 1, 2021" pursuant to which Claimant asserts it is owed, on an administrative basis, an "annual subscription fee" for Schedules 4A that renewed automatically on September 1, 2023 (for the period 9/1/23-8/31/24), totaling $1,795,000.  The Plan Administrator objects to the claim on the following grounds: (i) Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates.  More specifically, the Plan Administrator is informed and believes that the Debtors did not use the service pursuant to Schedule 4A in the 29 days between the automatic reneweal chagre on 9/1/23 and the Effective Date (9/29/23).  Furthermore, unperformed post-rejection services do not render a benefit to the estate for the purpose of section 503(b). Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 4 | IBM Corp | 7/25/2023 | 15010 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $467,586.26<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $467,586.26 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $467,586.26<br>Total $467,586.26 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023).  More specifically, the Claimant asserts an Alleged Administrative Claim under that certain "Passport Advantage Agreement No 35039, dated December 29, 2022" pursuant to which Claimant asserts it is owed, on an administrative basis, annual subscription and support renewal fees for the pre-petition period (1/1/23-4/22/23); the post-petition period (4/23/23-9/29/23) and the post rejection period (9/30/23-12/30/23). Both invoices attached to the Claim are dated 1/3/2023, pre-petition.  The Plan Administrator objects to the claim on the following grounds: (1) Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates.  Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire Claim as a Class 6 General Unsecured Claim, subject to other and further objection. |
| 5 | IBM Corp | 7/25/2023 | 15011 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $259,585.27<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $259,585.27 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $259,585.27<br>Total $259,585.27 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023). More specifically, the Claimant asserts an Alleged Administrative Claim under that certain "IBM Maintenance and Services Agreement dated July 1, 2022" pursuant to which Claimant asserts it is owed, on an administrative basis, fees totaling $259,585.27.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, the Debtors paid Claimant $256,296.71 post-petition (the "Post-Petition Payments"), which the Plan Administrator is informed and believes is the entirety of the amount owing to Claimant that may have been entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(1)(A). (2) To the extent that Claimant alleges any amount in excess of the Post-Petition Payments is owing as an administrative expense, the Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates.  Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |
| 6 | Infosys Limited | 7/6/2023 | 12541 | Bed Bath & Beyond Inc. | Secured $0.00<br>Admin $1,050,000.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $555,600.00<br>Total $1,605,600.00 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $1,605,600.00<br>Total $1,605,600.00 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023). More specifically, the Claimant asserts an Alleged Administrative Claim under that certain "Master Services Agreement, dated on or about November 26, 2003" pursuant to which Claimant asserts it is owed, on an administrative basis, fees totaling $1,050,000.00 for undetailed amounts allegeldy arising after June 27, 2023.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, the Debtors paid Claimant $1,050,000.00 post-petition (the "Post-Petition Payments"), which the Plan Administrator is informed and believes is the entirety of the amount owing to Claimant that may have been entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(1)(A). (2) To the extent that Claimant alleges any amount in excess of the Post-Petition Payments is owing as an administrative expense, the Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |

| # | Claimant | Date | Claim No. | Debtor | | Amount | | Amount | Objection |
|---|---|---|---|---|---|---|---|---|---|
| 7 | Infosys McCamish Systems LLC | 7/6/2023 | 12399 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023). More specifically, the Claimant asserts an Alleged Administrative Claim under that certain "ServiceNow Sublicense Agreement, dated on or about March 19, 2018" pursuant to which Claimant asserts it is owed, on an administrative basis, fees totaling $794,806.00 for undetailed amounts allegeldy arising after June 27, 2023.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, the Debtors paid Claimant $774,014.10 post-petition (the "Post-Petition Payments"), which the Plan Administrator is informed and believes is the entirety of the amount owing to Claimant that may have been entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(1)(A). (2) To the extent that Claimant alleges any amount in excess of the Post-Petition Payments is owing as an administrative expense, the Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |
| | | | | | Admin | $794,806.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $1,314,566.28 | GUC | $2,119,372.28 | |
| | | | | | Total | $2,119,372.28 | Total | $2,119,372.28 | |
| 8 | Manhattan Associates, Inc. | 8/15/2023 | 16250 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023). More specifically, the Claimant asserts an Alleged Administrative Claim under numerous pre-petition contrats for support services pursuant to which Claimant asserts it is owed, on an administrative basis, fees totaling $620,978.00 for amounts allegeldy arising after June 27, 2023.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, the Debtors paid Claimant $679,671.14 post-petition (the "Post-Petition Payments"), which the Plan Administrator is informed and believes is the entirety of the amount owing to Claimant that may have been entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(1)(A). (2) To the extent that Claimant alleges any amount in excess of the Post-Petition Payments is owing as an administrative expense, the Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |
| | | | | | Admin | $620,978.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $620,978.00 | |
| | | | | | Total | $620,978.00 | Total | $620,978.00 | |
| 9 | Salesforce, Inc. | 8/15/2023 | 18097 [Also filed on docket as Doc. No. 2441] | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claim is related to a pre-petition service contract. Assuming arguendo that it was executory on the Petition Date, the contract was rejected upon the Effective Date (9/29/2023). More specifically, the Claimant asserts an Alleged Administrative Claim under that certain "Master Services Agreement, dated February 3, 2021" pursuant to which Claimant asserts it is owed, on an administrative basis, fees totaling $573,397.15.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, the Debtors paid Claimant $1,153,565.89 post-petition (the "Post-Petition Payments"), which the Plan Administrator is informed and believes is the entirety of the amount owing to Claimant that may have been entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(1)(A). (2) To the extent that Claimant alleges any amount in excess of the Post-Petition Payments is owing as an administrative expense, the Claim is not entitled to administrative priority under section 503(b) because Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Plan Administrator asks the Court for an order reclassifying the entire claim as a Class 6 General Unsecured Claim, subject to other and further objection. |
| | | | | | Admin | $573,397.15 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $7,237,376.71 | GUC | $7,810,773.86 | |
| | | | | | Total | $7,810,773.86 | Total | $7,810,773.86 | |