# PANSINI & PIZZICA
### ATTORNEYS AT LAW
15TH  FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

———

DAVID B. PIZZICA**
J. FRED LORUSSO**
ANDREW S. BROWN**
LAURA S. PANSINI

**ALSO MEMBER OF NJ BAR

(215) 732-5555
(215) 732-7872 (Fax)

———

www.pansinilaw.com

MICHAEL O. PANSINI
(1960 – 2023)

July 6, 2026

**VIA ECF**
The Honorable Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, New Jersey 07102

> **Re:   Bed Bath & Beyond, Inc.**
> **Case No. 23-13359 (VFP)**
> **Duczkowski Stay Relief Motion**

Dear Judge Papalia:

This firm represents Plaintiffs/Movants, Penelope and Joseph Duczkowski, and respectfully submits this letter, pursuant to the Agreed Upon Schedule [Doc. 4749], in advance of the August 11, 2026 hearing on the merits of their Motion for Relief from the Automatic Stay. Plaintiffs rely upon and incorporate their briefing and arguments set forth in their initial briefing in support of the Motion [Docs. 2723, 3293].

Additionally, Plaintiffs enclose herewith a copy of Plaintiffs' Mediation Memorandum that was submitted to the Honorable Peter E. Doyne in connection with the March 12, 2026, mediation before His Honor (Exhibit "A"), along with a March 2026 nerve block injection note (Exhibit "B"). Given the protected information included in this submission, they are being filed under seal pursuant to the June 17, 2026 agreed upon scheduling order [Doc. 4749].

The Mediation Memorandum provides further context regarding the catastrophic nature of Penny's injuries and supports Plaintiffs' position that the value of the claim substantially exceeds the applicable self-insured retention ("SIR").

Finally, when Plaintiffs first sought relief from the automatic stay, the bankruptcy estate cautioned that granting such relief could open the proverbial floodgates of litigation. Time has demonstrated otherwise. The anticipated flood of litigation has simply not materialized. Instead, the practical effect has been that Plaintiffs alone continue to be deprived of their day in court while their claims remain delayed without the parade of similar motions that was once predicted.

Page Two
The Honorable Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
July 6, 2026

For these reasons, and for those set forth in Plaintiffs' original submissions, Plaintiffs respectfully request that the Court grant the requested relief from the automatic stay. Plaintiffs further reserve the right to submit additional briefing by August 6, 2026 pursuant to the Agreed Upon Schedule [Doc. 4749].

Respectfully submitted,

PANSINI & PIZZICA

DAVID B. PIZZICA
J. FRED LORUSSO

JFL/kas
Enclosure