**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        egray@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** **August 11, 2026** |
| | **Hearing Time:** **10:00 a.m. (ET)** |
| | **Response Deadline:** **August 4, 2026** |
| | **ORAL ARGUMENT WAIVED UNLESS RESPONSES ARE TIMELY FILED** |

**PLAN ADMINISTRATOR'S MOTION**
**FOR ENTRY OF AN ORDER AUTHORIZING (I) THE**
**STIPULATION AND CONSENT ORDER BETWEEN THE PLAN**
**ADMINISTRATOR, SAFETY NATIONAL CASUALTY CORPORATION**
**& DARDANA HALIMI AND (II) GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained at https://restructuring.ra.kroll.com/bbby.

4899-5659-2059.4 08728.003

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors" or the "Wind-Down Debtors"), submits this motion (this "Motion"), under section 105 of title 11 of the United States Code (the "Bankruptcy Code") and, to the extent applicable, Rule 9019(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rule 9019-3(a) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Local Rules"), for entry of an order (I) authorizing and approving the Stipulation and Consent Order attached hereto as **Exhibit A** (the "Stipulation and Consent Order") between the Plan Administrator, Dardana Halimi ("Claimant"), and Safety National Casualty Corporation ("Safety National", and collectively with Claimant and the Plan Administrator, the "Parties").[3]  The Stipulation and Consent Order resolves Claimant's contingent, unliquidated personal injury claims against the Debtors' estates and any potential claims against the Debtors based on the incident by Safety National without any payment from the Debtors' estates. The Stipulation and Consent Order is the product of good faith and arm's-length negotiations, and it benefits the estates by halting potentially costly and time-consuming litigation and by providing a distribution to Claimant from insurance proceeds only (pursuant to a separate agreement to which the Plan Administrator is not a party). Pursuant to the Plan, the Plan Administrator has broad authority to enter into settlements without Court approval. Because the Stipulation and Consent Order requires Claimant to dismiss her State Court Lawsuit and provides relief from the Plan Injunction to do so, however, the Plan Administrator, out of an abundance of

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Terms not defined herein shall be ascribed the same meaning as in the Stipulation and Consent Order.

caution, brings this Motion.  Accordingly, the Plan Administrator requests that the Court approve and enter the Stipulation and Consent Order. In further support of this Motion, the Plan Administrator respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The Plan Administrator confirms his consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 105 of the Bankruptcy Code and, to the extent applicable, Bankruptcy Rule 9019.

## BACKGROUND

5.      Claimant alleges that she sustained personal injuries (the "Claimant's Claims") on September 20, 2020 at a store operated by Debtor Bed Bath & Beyond., Inc. ("BBB") located at 620 Sixth Avenue, New York, New York (the "Incident"). The Wind-Down Debtors, Safety National and the Plan Administrator dispute the Claimant's Claims.

6.      On May 19, 2021, Claimant commenced a civil action against BBB, in the Supreme Court of the State of New York, County of New York, assigned Index No.: 154918/2021 (the "State Court Lawsuit").

7.      On April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. The cases are jointly administered under the lead case, *In re Bed Bath & Beyond, Inc.*, et al., Case No. 23-13359 (Bankr. D. NJ) (VFP).[4]

8.      On May 31, 2023, the Court entered its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order").  The Bar Date Order established July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Bar Date").

9.      On May 8, 2023, Claimant filed a proof of claim against BBB pursuant to which she asserted a claim in the amount of $30,000,000 for alleged damages arising from the Incident, which was assigned Claim Number 417 (the "Claim 417"). On May 15, 2023, Claimant also filed a proof of  claim against BBB and Bed, Bath & Beyond of Manhattan, Inc. pursuant to which she asserted a claim in the amount of $30,000,000 for alleged damages arising from the Incident, which was assigned Claim Number 1280 ("Claim 1280"). (Claim 417 and Claim 1280 are the "Proofs of Claim"). Claim 1280 was subsequently expunged.

---

[4] Unless otherwise indicated, docket references in this Stipulation and Consent Order refer to the lead case docket.

10.     On September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order").[5]  The Effective Date of the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan") occurred on September 29, 2023 [Docket No. 2311], and the Plan Administrator was appointed pursuant to the terms of the Plan.

11.     On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims. Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at § B.

---

[5] A capitalized term used but not defined herein or in the Stipulation and Consent Order shall have the meaning ascribed to it in the Confirmation Order.

12. Pre-petition, Safety National provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $1 Million Self-Insured Retention Limit (the "SIR").

13. Following the Effective Date, Claimant reached out to Safety National in order to seek recovery for Claimant's Claims from the Safety National Insurance Policies. Following good faith negotiations, Safety National and Claimant entered into a settlement agreement to which the Plan Administrator is not a party (the "Halimi-Safety National Settlement Agreement") whereby, in relevant part, Safety National shall remit certain funds to Claimant (the "Settlement Payment") in exchange for a release and dismissal of the State Court Lawsuit with prejudice. Claimant has agreed to not seek recovery from the Debtors' Estates on account of Claimant's Claims and or the Proofs of Claim, and that her Proofs of Claim shall be disallowed upon receipt of the Settlement Payment in accordance with the Settlement Agreement. Furthermore, Safety National has agreed to waive and release any and all claims, causes of actions and/or rights to recovery, reimbursement and/or indemnification and any and all defense costs, fees and/or expenses related thereto (whether arising under the Safety National Insurance Policies and the SIR or otherwise) against the Debtors and their estates, the Wind-Down Debtors and their estates and the Plan Administrator related to Claimant's Claims, the State Court Lawsuit, the Proofs of Claim, the Halimi-Safety National Settlement Agreement and/or the Settlement Payment.

**REQUESTED RELIEF**

14. The Plan Administrator seeks entry of the Stipulation and Consent Order**:** (a) authorizing a modification of the Plan Injunction in favor of Claimant for the limited purpose of permitting the Claimant to dismiss the State Court Lawsuit upon receipt of the Settlement Payment from Safety National, (b) approving the Stipulation and Consent Order, including, without

limitation, the disallowance of the Proofs of Claim and the releases contained therein upon

Claimant's receipt of the Settlement Payment from Safety National; and (c) granting related relief.

15.     The chart below contains a summary of certain key terms of the Settlement

Agreement:

| Topic | Settlement Terms[6] |
|---|---|
| **Settlement Payment** | Safety National shall pay Claimant the Settlement Payment pursuant to the terms of the Halimi-Safety National Settlement Agreement. |
| **Plan Injunction Modification** | Plan Injunction shall be modified to permit Claimant to dismiss the State Court Lawsuit with prejudice following consummation of the Halimi-Safety National Settlement Agreement and receipt of the Settlement Payment from Safety National (the "Injunction Modification"). The Plan Injunction is not lifted for any other purpose. |
| **Settlement Payment Confirmation** | Counsel to Claimant shall notify the Plan Administrator in writing by email within 5 business days of the receipt of the payment of the Settlement Payment to Claimant to confirm that the Settlement Payment has been made in accordance with the Halimi-Safety National Settlement Agreement (the "Settlement Payment Confirmation"). |
| **Disallowance of Proofs of Claim** | Contingent on receipt of the Settlement Payment, Claimant's Proofs of Claim shall be disallowed.  The Plan Administrator and the Debtors' claims agent are authorized and directed to expunge the Proofs of Claim upon presentation of the Settlement Payment Confirmation without further notice to or approval from the Bankruptcy Court. |
| **Dismissal of the State Court Lawsuit** | Contingent on receipt of the Settlement Payment, Claimant shall dismiss the State Court Lawsuit with prejudice. |
| **Releases** | Contingent on receipt of the Settlement Payment, Safety National and Claimant shall release Plan Administrator for all claims and causes of action related to Claimant's Claims. |

---

[6] Capitalized terms used but not otherwise defined in this chart shall have the meanings set forth in the Stipulation and Consent Order.  In the event of any inconsistency between this summary chart and the Stipulation and Consent Order, the latter controls.

**BASIS FOR RELIEF**

A. **The Stipulation and Consent Order Satisfies Bankruptcy Rule 9019 and Should Be Approved.**

16. As was noted above, pursuant to the Plan, the Plan Administrator has broad authority to enter into settlements without Court approval. Due to the Injunction Modification, however, the Plan Administrator seeks an order approving the Stipulation and Consent Order in an abundance of caution.

17. Bankruptcy Rule 9019(a) provides, in relevant part, "On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a). In addition, section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

18. As the Third Circuit noted in *Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996):

> To minimize litigation and expedite the administration of a bankruptcy estate, "compromises are favored in bankruptcy." 9 *Collier on Bankruptcy* P 9019.03[1] (15th ed. 1993). Indeed, it is an unusual case in which there is not some litigation that is settled between the representative of the estate and an adverse party. Under Bankruptcy Rule 9019, a bankruptcy judge has the authority to approve a compromise of a claim, provided that the debtor, trustee and creditors are given twenty days' notice of the hearing on approval of a compromise or settlement by the trustee. Bankruptcy Rule 2002(a)(3).

*Id*. at 393.

19. The decision to approve a settlement pursuant to Rule 9019 "lies within the sound discretion of the Bankruptcy Court." *In re Still*, 444 B.R. 520, 523 (Bankr. E.D. Pa. 2010). "A bankruptcy court must determine whether a settlement is 'fair and equitable' and in the 'best

interests of the estate.'" *In re Petersburg Regency LLC*, 540 B.R. 508, 535 (Bankr. D.N.J. 2015)

(*quoting In re TCI 2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010)). Furthermore:

> The Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re Martin*, 91 F.3d at 393. The Third Circuit "recognize[s] four criteria that a bankruptcy court should consider in striking this balance": (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.

*In re Petersburg Regency LLC*, 540 B.R. at 535-36.

20.     Rule 9019 approval does not require the bankruptcy court to conduct a "mini-trial" on the merits. Instead, "courts should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *See Travelers Cas. & Sur. Co. v. Future Claimants Representative, Civil Action No. 07-2785 (FLW), 2008 U.S. Dist. LEXIS 23496, at \*13 (D.N.J. Mar. 25, 2008); Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)("In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'") (internal citations omitted), *cert. den.*, 464 U.S. 822 (1983).

21.     Here, the Stipulation and Consent Order is fair and equitable and approval is in the best interests of the Wind-Down Debtors' estates. The Settlement Payment is being paid entirely by Safety National. The estates are paying nothing. Nor are the estate's giving up anything. The Stipulation and Consent Order: (i) disallows the Proofs of Claim pursuant to which Claimant alleges $30 million in damages against BBB for personal injuries, which will increase potential recoveries (if any) to other Class 6 General Unsecured Creditors; (ii) obviates the need for any

motion practice around whether the Plan Injunction should be modified to permit the Claimant to liquidate her claim in State Court, which will save the estates' attorneys' fees and costs (and the Plan Administrator's time) related thereto, and (iii) dismisses the State Court Lawsuit without the Debtors' estates having to make any payments to Claimant. Furthermore, it resolves any disputes between the Plan Administrator and Safety National by providing a complete release of Safety National's claims (if any) against the estates under the Safety National Insurance Policies and/or the SIR with respect to the Incident, Claimants' Claims, the State Court Lawsuit and the Proofs of Claim.

22. For all these reasons, the Plan Administrator submits that entry into the Stipulation and Consent Order is a sound exercise of his business judgment and that the compromises reached with Safety National and Claimant reflected in the Stipulation and Consent Order are fair, reasonable, and in the best interest of the Debtors' estates and creditors. The Plan Administrator respectfully requests that the Court approve and authorize the Stipulation and Consent Order.

## WAIVER OF MEMORANDUM OF LAW

23. The Plan Administrator requests a waiver of the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Plan Administrator relies is set forth herein, and the Motion does not raise any novel issues of law..

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made.

## RESERVATION OF RIGHTS

25. Nothing contained herein or any action taken pursuant to relief requested is intended to be or shall be construed as: (a) an admission as to the validity of any claim against the Safety National, the Plan Administrator, or the Debtors and/or the Wind-Down Debtors; (b) a waiver of the Wind-Down Debtors', the Plan Administrator's, Safety National's or any party in

interest's rights to dispute any other claim; (c) a separate promise or requirement to pay; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; or (e) a waiver of any party in interest's rights under the Bankruptcy Code or any other applicable law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any party in interest's rights.

## **NOTICE**

26.     Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings**. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

27.     Pursuant to Paragraph 124, notice of the Motion and the hearing thereon was given to (i) Claimant (through Claimant's counsel); (ii) Safety National; (iii) the U.S. Trustee; (iv) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (v) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the

Stipulation and Consent Order attached as **Exhibit A** and granting such other and further relief as

is just and proper under the circumstances.

Dated:  July 15, 2026

*/s/ Edward A. Corma*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          egray@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

4899-5659-2059.4 08728.003                    12

## Exhibit A

### [Stipulation and Consent Order]

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Ed Corma, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>Email: rfeinstein@pszjlaw.com<br>    bsandler@pszjlaw.com<br>    ecorma@pszjlaw.com<br><br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |

### STIPULATION AND CONSENT ORDER
### BETWEEN THE PLAN ADMINISTRATOR, SAFETY
### NATIONAL CASUALTY CORPORATION & DARDANA HALIMI

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained at https://restructuring.ra.kroll.com/bbby.

4913-6643-3715.4 08728.003

(Page | 2)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, SAFETY NATIONAL CASUALTY CORPORATION & DARDANA HALIMI |

This stipulation and consent order (the "Stipulation") is made by and between Dardana Halimi (the "Claimant"), Safety National Casualty Corporation ("Safety National") and Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.) and affiliated Debtors (the "Debtors" or the "Wind-Down Debtors").[2] Claimant, Safety National and the Plan Administrator, by and through their undersigned counsel, shall be collectively referred to herein as the "Parties" or individually as a "Party."

## RECITALS

A.      Claimant alleges that she sustained personal injuries (the "Claimant's Claims") on September 20, 2020 at a store operated by Debtor Bed Bath & Beyond., Inc. ("BBB") located at 620 Sixth Avenue, New York, New York (the "Incident"). The Wind-Down Debtors, Safety National and the Plan Administrator dispute the Claimant's Claims.

B.      On May 19, 2021, Claimant commenced a civil action against BBB, in the Supreme Court of the State of New York, County of New York, assigned Index No.: 154918/2021 (the "State Court Lawsuit").

C.      On April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

---

2    Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

(Page | 3)

| | |
|---|---|
| Debtors: | BED BATH & BEYOBD, INC., *et al.* |
| Case No.: | 23-13369-VFP |
| Caption of Order: | STIPULATION AND CONSENT ORDER BETWEEN THE PLAN ADMINISTRATOR, SAFETY NATIONAL CASUALTY CORPORATION & DARDANA HALIMI |

The cases are jointly administered under the lead case, *In re Bed Bath & Beyond, Inc.*, et al., Case No. 23-13359 (Bankr. D. NJ) (VFP).[3]

D.     On May 31, 2023, the Court entered its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order"). The Bar Date Order established July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Bar Date").

E.     On May 8, 2023, Claimant filed a proof of claim against BBB pursuant to which she asserted a claim in the amount of $30,000,000 for alleged damages arising from the Incident, which was assigned Claim Number 417 (the "Claim 417"). On May 15, 2023, Claimant also filed a proof of claim against BBB and Bed, Bath & Beyond of Manhattan, Inc. pursuant to which she asserted a claim in the amount of $30,000,000 for alleged damages arising from the Incident, which was assigned Claim Number 1280 ("Claim 1280"). (Claim 417 and Claim 1280 are the "Proofs of Claim"). Claim 1280 was subsequently expunged.

F.     On September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor*

---

[3]   Unless otherwise indicated, docket references in this Stipulation refer to the lead case docket.

(Page | 4)
Debtors:              BED BATH & BEYOBD, INC., *et al.*
Case No.:             23-13369-VFP
Caption of Order:     STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
                      ADMINISTRATOR, SAFETY NATIONAL CASUALTY
                      CORPORATION & DARDANA HALIMI

*Affiliates* [Docket No. 2172] (the "Confirmation Order").[4]  The Effective Date of the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan") occurred on September 29, 2023 [Docket No. 2311], and the Plan Administrator was appointed pursuant to the terms of the Plan.

G.      On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims. Pursuant to the Plan, "Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan, Article IV, at § B.

---

[4] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

(Page | 5)
Debtors:            BED BATH & BEYOBD, INC., *et al.*
Case No.:           23-13369-VFP
Caption of Order:   STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
                    ADMINISTRATOR, SAFETY NATIONAL CASUALTY
                    CORPORATION & DARDANA HALIMI

H.      Pre-petition, Safety National Casualty Corporation ("Safety National") provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $1 Million Self-Insured Retention Limit (the "SIR").

I.      Following the Effective Date, Claimant reached out the Safety National in order to seek recovery for Claimant's Claims from the Safety National Insurance Policies. Following good faith negotiations, Safety National and Claimant have entered into a settlement agreement whereby, in relevant part, Safety National shall remit certain funds to Claimant (the "Settlement Payment") in exchange for a release and dismissal of the State Court Lawsuit (the "Settlement Agreement") with prejudice. Claimant has agreed to not seek recovery from the Debtors' Estates on account of Claimant's Claims and or the Proofs of Claim, and that her Proofs of Claim be disallowed upon receipt of the Settlement Payment in accordance with the Settlement Agreement. Furthermore, Safety National has agreed to waive and release any and all claims, causes of actions and/or rights to recovery, reimbursement and/or indemnification and any and all defense costs, fees and/or expenses related thereto (whether arising under the Safety National Insurance Policies and the SIR or otherwise) against the Debtors and their estates, the Wind-Down Debtors and their estates and the Plan Administrator related to Claimant's Claims, the State Court Lawsuit, the Proofs of Claim, the Settlement Agreement/or Settlement Payment.

J.      The Parties have conducted good faith negotiations with respect to the Incident and the Claimant's Claims, which the Parties desire to resolve on the terms set forth herein.

(Page | 6)
Debtors:              BED BATH & BEYOBD, INC., *et al.*
Case No.:             23-13369-VFP
Caption of Order:     STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
                      ADMINISTRATOR, SAFETY NATIONAL CASUALTY
                      CORPORATION & DARDANA HALIMI

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON**

**COURT APPROVAL OF THIS STIPULATION, IT IS ORDERED THAT:**

1.      The Parties hereby stipulate and agree that the Plan Injunction shall be modified to permit Claimant to dismiss the State Court Lawsuit with prejudice following consummation of the Settlement Agreement with Safety National and receipt of the Settlement Payment from Safety National (the "Injunction Modification"). The Plan Injunction is not lifted for any other purpose. Should the Settlement Agreement with Safety National fail to be consummated for any reason: (a) the Injunction Modification is null and void and the Plan Injunction shall remain fully in effect unless and until Claimant obtains an order from the Bankruptcy Court modifying it, which the Plan Administrator reserves his rights to oppose, and (b) this Stipulation and the Settlement Agreement (and all communications related thereto) shall not be admissible as evidence by Claimant in support of any application to the Bankruptcy Court lift or modify the Plan Injunction.

2.      Counsel to Claimant shall notify the Plan Administrator in writing by email within 5 business days of the receipt of the payment of the Settlement Payment to Claimant to confirm that the Settlement Payment has been made in accordance with the Settlement Agreement (the "Settlement Payment Confirmation"). The Plan Administrator and the Debtors' claims agent are authorized and directed to expunge the Proofs of Claim upon presentation of the Settlement Payment Confirmation without further notice to or approval from the Bankruptcy Court.

3.      This Stipulation resolves all claims, demands, and causes of action that Claimant has filed or could file against the Debtors and their estates, the Wind-Down Debtors and their estates and the Plan Administrator. Effective upon receipt of the Settlement Payment in accordance

(Page | 7)
Debtors:                    BED BATH & BEYOBD, INC., *et al.*
Case No.:                  23-13369-VFP
Caption of Order:    STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
ADMINISTRATOR, SAFETY NATIONAL CASUALTY
CORPORATION & DARDANA HALIMI

with the Settlement Agreement, Claimant releases any and all claims, demands and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown) against the Debtors and their estates, the Wind-Down Debtors and their estates and the Plan Administrator (and their respective subsidiaries, affiliates, managed entities, directors, officers, employees, attorneys, agents, insurer(s), third party administrators under any insurance policies, and their successors and assigns (the "Released Parties") that are held by Claimant, on Claimant's own behalf and on behalf of Claimant's heirs, administrators, personal representatives, executors, assigns, attorneys including but not limited to all claims related to Claimant's Claims, the State Court Lawsuit, the Incident, and the Proofs of Claim (the "Released Claims"). Nothing herein shall have any effect on any Settlement Agreement between Safety National and Claimant. The Released Claims contemplated by this paragraph are expressly conditioned upon Safety National's payment to Claimant of the Settlement Payment.

4.    Safety National waives and releases any and all claims, causes of actions and/or rights to recovery, reimbursement and/or indemnification and any and all defense costs, fees and/or expenses related thereto (whether arising under the Safety National Insurance Policies and the SIR or otherwise) against the Debtors and their estates, the Wind-Down Debtors and their estates and the Plan Administrator related to Claimant's Claims, the State Court Lawsuit, the Proofs of Claim, the Settlement Agreement/or Settlement Payment.

5.    The terms of this Stipulation shall be immediately effective and enforceable upon entry by the Bankruptcy Court.

(Page | 8)
Debtors:            BED BATH & BEYOBD, INC., *et al.*
Case No.:           23-13369-VFP
Caption of Order:   STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
                    ADMINISTRATOR, SAFETY NATIONAL CASUALTY
                    CORPORATION & DARDANA HALIMI

6.      Nothing in this Stipulation shall be construed as an admission of liability or wrongdoing, and the Debtors, Wind-Down Debtors, Safety National, and the Plan Administrator deny any and all liability and wrongdoing. This Stipulation merely represents a complete compromise of the Claimant's Claims in order to avoid further litigation.

7.      Nothing in this Stipulation shall be construed as an interpretation, position, or holding regarding Debtors, Wind-Down Debtors, Safety National, and the Plan Administrator's rights and/or obligations related to or under the Safety National Insurance Policies or any terms thereunder. Rather, this Stipulation is entered into by all Parties as good faith settlement and shall have no bearing or consequence related to any other matter related to Debtors, Wind-Down Debtors, Safety National, the Plan Administrator, or any other claim holder that is not the Claimant.

8.      The Parties shall bear their own respective attorneys' fees and costs arising from, among other things, this Stipulation, the Incident, the Proofs of Claim, the Settlement Agreement, the Settlement Payment, the State Court Lawsuit and the Claimant's Claims or the actions of respective counsel to each of the Parties in connection with this matter and all matters related to the investigation, litigation and settlement of the Claimant's Claims.

9.      This Stipulation (and the Settlement Agreement to which the Plan Administrator is not a party) contain the entire agreement by and between the Parties with respect to the subject matter hereof, including the settlement, resolution, and liquidation of the State Court Lawsuit, the

(Page | 9)
Debtors:              BED BATH & BEYOBD, INC., *et al.*
Case No.:             23-13369-VFP
Caption of Order:     STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
                      ADMINISTRATOR, SAFETY NATIONAL CASUALTY
                      CORPORATION & DARDANA HALIMI

Incident, Claimant's Claims, and the Proofs of Claim and supersedes any and all prior agreements and undertakings, whether written or oral, between the Parties relating to the subject matter hereof.

10.      This Stipulation is intended by the Parties to binding upon: (a) the Plan Administrator's, the Debtors', and the Wind-Down Debtors' respective successors, agents, assigns, including bankruptcy trustees and estate representatives and (b) Claimant's heirs, administrators, personal representatives, executors, assigns, attorneys, and/or anyone claiming by or through Claimant.

11.      The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

12.      This Stipulation may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

13.      Nothing in this Stipulation, nor any actions taken pursuant hereto, shall constitute admissible evidence in any court against any party in any action or proceeding other than one to enforce the terms of this Stipulation and Order.

14.      The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and any claimed ambiguity shall be construed neither for nor against any of the Parties.

15.      This Stipulation shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

(Page | 10)
Debtors:            BED BATH & BEYOBD, INC., *et al.*
Case No.:           23-13369-VFP
Caption of Order:   STIPULATION AND CONSENT ORDER BETWEEN THE PLAN
ADMINISTRATOR, SAFETY NATIONAL CASUALTY
CORPORATION & DARDANA HALIMI

16.    The Court retains jurisdiction and power with respect to all matters arising from or

related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction

to resolve any disputes or controversies arising from or related to this Stipulation.

**PACHULSKI STANG ZIEHL & JONES LLP**      **HUSCH BLACKWELL LLP**

/s/   *Edward A. Corma*                     /s/  *Caleb Holzaepfel*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)   Caleb Holzaepfel
Bradford J. Sandler, Esq.                   736 Georgia Avenue, Suite 300
Ed Corma, Esq.                              Chattanooga, TN 37402
1700 Broadway, 36th Floor                   Telephone:423.266.5500
New York, NY 10019                          Facsimile:423.266.5499
Telephone:  (212) 561-7700                  Email:
Facsimile:  (212) 561-7777                  caleb.holzaepfel@huschblackwell.com
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com                *Attorneys for Safety National Casualty*
        ecorma@pszjlaw.com                  *Corporation*

*Counsel to the Plan Administrator*

**ROSENBERG, MINC, FALKOFF & WOLFF,
LLP**

/s/

Robert H. Wolff, Esq.
Atty Bar # 00124/986
Attorneys for Claimant
DARDANA HALIMI
122 East 42nd Street, Suite 3800
New York, New York 10168
(T) (212) 697-9280
(F) (212) 697-9284
rwolff@rmfwlaw.com

*Attorneys for Dardana Halimi*