

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin E. Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         egray@pszjlaw.com
         ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

**Order Filed on July 31, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| n re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br>Case No. 23-13359 (VFP)<br>(Jointly Administered)<br>Hearing Date:  August 11, 2026<br>Hearing Time:  11:00 a.m.<br>Re: Docket Nos. 2679, 2723 |

**STIPULATION AND CONSENT ORDER BETWEEN
PLAN ADMINISTRATOR, JOSEPH & PENELOPE DUCZKOWSKI
AND SAFETY NATIONAL CASUALTY CORPORATION**

The relief set forth on the following pages, numbered two (2) through twelve (12), is hereby

ORDERED.

**DATED: July 31, 2026**

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

---

[1]  The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4920-7074-3489.2 08728.003

| Debtors: | Bed Bath & Beyond Inc., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, |
| | Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

This stipulation and consent order (the "Stipulation") is made by and between Penelope and Joseph Duczkowski (the "Claimants"), Safety National Casualty Corporation ("Safety"), and Michael Goldberg, in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc. and affiliated debtors (the "Wind-Down Debtors" or the "Debtors").[2]  The Claimants, Safety and the Plan Administrator, by and through their undersigned counsel, shall be collectively referred to herein as the "Parties" or individually as the "Party."[3]

## RECITALS

**WHEREAS,** Claimants claim that they sustained damages (the "Claimants' Claims") related to an incident they allege occurred on November 12, 2020 (the "Incident") at a store operated by debtor Bed Bath & Beyond., Inc. ("BBB") located at 1755 Deptford Center Road, Deptford, New Jersey.

**WHEREAS**, on or about February 25, 2022, Claimants filed suit in the Superior Court of New Jersey, Law Division, Union County, styled as *Duczkowski, et al. v. Bed, Bath and Beyond Inc., et al.* under case number L-580-22 (the "State Court Lawsuit"), alleging, *inter alia*, certain personal injury claims against BBB as more fully set forth therein.

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

---

[2] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms that are not defined herein have the definitions in the Plan.

Debtors:            Bed Bath & Beyond Inc., *et al.*
Case No.           23-13359 (VFP)
Caption of Order:   Stipulation and Consent Order Between Plan Administrator,
                    Joseph & Penelope Duczkowski and Safety National Casualty Corporation

**WHEREAS,** on May 31, 2023, the Court entered its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order").  The Bar Date Order established July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Bar Date").

**WHEREAS**, on or about August 9, 2023, Claimants filed a proof of claim against Debtor BBB in the amount of $3,000,000.00 on account of the State Court Lawsuit, which is listed as Claim 18851 on the Debtors' claim register ("Claim 18851").

**WHEREAS**, on September 11, 2023, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2160] (the "Plan"), and on August 1, 2023, the Debtors filed the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 1713] (the "Disclosure Statement").

**WHEREAS**, on September 14, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order").[4]

---

[4] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

Debtors:              Bed Bath & Beyond Inc., *et al.*
Case No.              23-13359 (VFP)
Caption of Order:     Stipulation and Consent Order Between Plan Administrator,
                      Joseph & Penelope Duczkowski and Safety National Casualty Corporation

**WHEREAS,** on September 29, 2023, the effective date of the Plan occurred (the "Plan Effective Date"). On the Plan Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[5]

**WHEREAS,** pre-petition, Safety provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents including but not limited to a policy identified as GL 4062767 (the "Safety National Insurance Policies") which is subject to a $1 Million Self-Insured Retention Endorsement (the "SIR").

**WHEREAS**, on or about July 6, 2023, Safety filed a proof of claim against debtor BBB (Claim No. 10483) and a second proof of claim amending its initial proof of claim (Claim No.18738) (as amended, the "Safety POC") on December 6, 2023. Pursuant to the Safety POC, Safety asserts contingent, unliquidated administrative and general unsecured claims against the Debtors arising under certain of the Safety National Insurance Policies.[6]

---

[5] *See* Plan, Article IV, at § B ("Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.").

[6] Claim 10483 was deemed to have been superseded by Claim 18738 pursuant to that *Stipulation and Consent Order (A) Settling Dispute Over Disposition of Collateral Backing Obligations to Safety National Casualty Corporation; (B) Resolving, in Part, Safety Proof of Claim NOS. 10483 and 18738; and (C) Granting Related Relief* [Docket No. 2963] (the "Safety Collateral Order"). The Safety Collateral Order further provides, "**Partial Satisfaction of Safety POC.** Safety hereby confirms that, upon its receipt of the Consideration as defined in the Commutation Addendum, Safety shall amend the Safety POC to reserve its rights or assert pre-petition claims, as the case may be, only in relation to the non-Subject Policies. Safety shall remove any claim as to the Subject Policies in the amended Safety POC."

| Debtors: | Bed Bath & Beyond Inc., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, |
| | Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

**WHEREAS**, the Plan Administrator, on behalf of the Wind-Down Debtors and the Debtors, denies the claims made by Claimants in the State Court Lawsuit and Claim 18851.

**WHEREAS**, Safety denies the claims made by Claimants in the State Court Lawsuit and Claim 18851.

**WHEREAS**, the Lawsuit was stayed by the filing of the chapter 11 petitions pursuant to Bankruptcy Code section 362 and subsequently by the injunction set forth in the Plan and Confirmation Order (the "Plan Injunction").

**WHEREAS**, on or about November 11, 2023, Claimants filed their *Motion for Relief from Stay* [Docket No. 2679], which was amended on November 28, 2023 [Docket No. 2723] (as amended, the "Stay Relief Motion"). The Plan Administrator and Safety opposed the Stay Relief Motion. *See, e.g.,* Docket Nos. 2760, 2987, 3065, 3299.[7]  A hearing on the Stay Relief Motion was initially held on May 29, 2024 and was subsequently continued from time to time.

**WHEREAS** on or about October 21, 2024, pursuant to the agreement of the Parties, the Plan Injunction was modified solely for the purposes of allowing the Parties to engage in settlement discussions and to participate in a mediation (the "Mediation") concerning the resolution of the State Court Lawsuit and Claim 18851. *See* Docket No. 3588.

**WHEREAS**, on March 12, 2026, an in-person Mediation was held with Peter Doyne, A.J.S.C. (ret.) (the "Mediator").

**WHEREAS**, on March 17, 2026, the Mediator filed an *Impasse Notice* with respect to the Mediation. *See* Docket No. 4632.

---

[7] *See also* Claimants' Reply Brief in Support of Motion. [Docket No. 3293]

| Debtors: | Bed Bath & Beyond Inc., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

**WHEREAS**, on June 9, 2026, the Bankruptcy Court held a status conference on the Stay Relief Motion.

**WHEREAS**, on June 17, 2026, the Parties agreed to the following schedule with respect to the Stay Relief Motion: (1) Claimants shall file and serve their supplemental briefing, if any, no later than Monday, July 6, 2026. (2) The Plan Administrator and Safety shall each file and serve their supplemental briefings, if any, no later than Monday, July 27, 2026.  (3) All parties shall file and serve their responsive pleadings to 1 and/or 2, if any, no later than Thursday, August 6, 2026. (4) The Court will hold a hearing on the merits of the Stay Relief Motion on Tuesday, August 11, 2026 at 11:00 a.m. (5) In connection with the briefings set forth above, the parties are authorized to file any private medical information under seal. (the "Scheduling Order"). *See* Docket No. 4749.

**WHEREAS,** on July 6, 2026, Claimants transmitted to the Court and the Plan Administrator a Letter Brief with the exhibits submitted under seal. *See* Docket No. 4761.

**WHEREAS**, the Parties have conducted good faith negotiations with respect to the Stay Relief Motion, which the Parties desire to resolve on the terms set forth herein.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. **Recitals**. The recitals set forth above are hereby made an integral part of the Stipulation and Consent Order and are incorporated.

2. **Court Approval**. The Stipulation and Consent Order will be presented to the Bankruptcy Court for approval pursuant to D.N.J. LBR 9019-4 (a), which provides, "*Consent order resolving pending motion or adversary proceeding*. A proposed consent order resolving a

4920-7074-3489.2 08728.003

| | |
|---|---|
| Debtors: | Bed Bath & Beyond Inc., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

motion or adversary proceeding must be submitted to the chambers' email address. It must attach a filed copy of Local Form Certification Concerning Proposed Order."

3. **Effective Date**. This Stipulation and Consent Order shall not become effective unless and until it is entered by the Bankruptcy Court. Upon entry, the terms and conditions of this Stipulation and Consent Order shall be immediately effective and enforceable (the "Effective Date").

4. **Application**. *This Stipulation and Consent Order is not meant in any way to resolve any claims or causes of action that the Claimants and/or the estates may have against third parties and/or parties that are not signatories to this Stipulation and Consent Order.*

5. **Plan Injunction Modification**. On the Effective Date, the Plan Injunction shall be modified for the sole and limited purpose of: (i) allowing Claimants relief from the automatic bankruptcy stay (to the extent applicable) to allow Claimants to liquidate Claimants' Claims in the State Court Lawsuit nominally against BBB, including without limitation, up and through judgment and any appeals or settlement, subject to the terms of this Order, and (ii) allowing Claimants to execute, levy, and collect upon any judgment rendered against BBB in the State Court Lawsuit exclusively from the proceeds of applicable insurance policies only.  Other than the Safety Allowed Administrative Claim described in paragraph 9 below and the *de minimis* costs described in paragraph 6 below, the Plan Administrator, the Debtors and their estates, the Wind-Down Debtors and their estates (and their respective successors and assigns) shall not be obligated to pay any amounts owed or awarded in connection with the State Court Lawsuit or the Claimants' Claims, including, but not limited to, any monetary damages, deductibles, self-insured retention, attorneys' fees and expenses and/or any other defense costs.

| Debtors: | Bed Bath & Beyond Inc., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

6.      **Limitations on Plan Administrator's Participation in the State Court Lawsuit**.

The Plan Administrator shall not be obligated to participate or otherwise expend any resources in the State Court Lawsuit, except to the extent a reasonable information, discovery signing, or document request is made to the Plan Administrator by Safety or Claimants, provided, however, that (a) (i) the Plan Administrator shall only be required to make a reasonable inquiry as to whether he can comply with any such request; and (ii) comply, to the extent required, by the applicable Safety National Insurance Policy, the Plan and Confirmation Order, and this Stipulation; and (b) the Plan Administrator shall not be required to spend his own fees and costs above $1,500 in complying with any such reasonable requests, and any amounts above $1,500 shall be at the sole costs of the requesting party, and (c) nothing in this Order shall modify any terms or conditions of the Plan Administrator Agreement (as defined in the Plan and, collectively, with the Confirmation Order and the Plan, the "Plan Documents") whatsoever, or otherwise limit the Plan Administrator's discretion under the Plan Documents with respect to matters involving administration of the estates, including but not limited to the dissolution of any Debtor, and/or the maintenance and disposition of the Debtors' books and records.

7.      **Claim Disallowed**.  Upon the Effective Date, Claim 18851 is deemed disallowed, and the Claims Agent is authorized to amend the Official Claims Register accordingly. Claimants will not file any other proofs of claim against the Debtors.  For the avoidance of doubt, nothing in this paragraph 7 and Stipulation and Consent Order shall constitute collateral estoppel, res judicata or law of the case against the Claimants claims against Safety in the State Court Lawsuit.

8.      **Safety to Defend.**  In consideration for the Safety Allowed Administrative Claim**,** Safety will defend the State Court Lawsuit and will be fully responsible for all defense fees and

Debtors:          Bed Bath & Beyond Inc., *et al.*
Case No.          23-13359 (VFP)
Caption of Order: Stipulation and Consent Order Between Plan Administrator,
                  Joseph & Penelope Duczkowski and Safety National Casualty Corporation

defense costs in the State Court Lawsuit (whether incurred pre-petition, post-petition and/or post-confirmation) (the "Defense Costs").  For the avoidance of doubt, neither the Plan Administrator, nor the Debtors (or Debtors' Estates) nor the Wind-Down Debtors (or the Wind-Down Debtors' Estates shall be responsible for any Defense Costs or reimbursement related to a payment, if any, made by Safety to Claimants related to Claimants' Claims. Notwithstanding the foregoing, nothing in this section shall be construed as interpreting any Safety National Insurance Policy as obligating Safety to make any payment on behalf of the Plan Administrator, Debtors, or the Wind-Down Estates, or obligating Safety to make any payment to Claimants.  As more fully described in paragraph 12, this Stipulation is insurance neutral and does not speak to or determine Safety or Claimant's rights, if any, under any Safety National Insurance Policy or whether coverage exists or does not exist under any Safety National Insurance Policy for Claimants' Claims.

9.        **Safety's Allowed Administrative Claim**.  Safety will receive an Allowed Administrative Claim in the amount of the lesser of (a) the actual Defense Costs or (b) $150,000.00 (the "Safety Allowed Administrative Claim"). At the conclusion of the State Court Lawsuit, Safety will present to the Plan Administrator redacted versions of the invoices for Defense Costs to support its Allowed Administrative Claim, which may be approved by the Plan Administrator in his sole judgment without further application to or order from the Bankruptcy Court.  Following provision of evidence of its Defense Costs and approval by the Plan Administrator, Safety is authorized to file a notice in the above captioned Case of the amount of the Safety Allowed Administrative Claim, which shall be deemed a Chapter 11 Allowed Administrative Claim.

10.       **Distributions on the Safety Allowed Administrative Claim**. The Safety Allowed Administrative Claim will be paid *pro rata* with all other Chapter 11 Allowed Administrative

4920-7074-3489.2 08728.003                         9

| Debtors: | Bed Bath & Beyond Inc., *et al.* |
|---|---|
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

Claims and at the same time that distributions are made on all other Chapter 11 Allowed Administrative Claims in these cases. Safety acknowledges that the Plan Administrator is not making distributions on Allowed Administrative Claims at this time, and that the Plan Administrator makes no representations as to the amount and/or timing of any such distributions.

11.    **Safety's Release**. Safety waives and releases any and all claims, causes of actions and/or rights to recovery, reimbursement and/or indemnification and any and all defense costs, fees and/or expenses related thereto (whether arising under the Safety National Insurance Policies and the SIR or otherwise) against the Debtors and their estates, the Wind-Down Debtors and their estates, and the Plan Administrator related to the Incident, Claimants' Claims, the State Court Lawsuit and Claim 18851 ("Safety's Reimbursement Claims"). Safety's Reimbursement Claims are specifically excluded from the Safety POC.

12.    **Safety's Reservation of Rights**.  Nothing in this Stipulation or the Order approving this Stipulation shall be considered or construed as an amendment to, interpretation, or modification of the Plan, the Confirmation Order, or the Safety National Insurance Policies. Moreover, nothing in this Stipulation or Order is an acknowledgement or statement that coverage for Claimants' Claims exists or does not exist.  This Order is insurance neutral, neither modifying the coverage obligations of an insurer, if any, nor modifying or affecting any Claimants' rights, if any, under any insurance policy, including, but not limited to, the Safety National Insurance Policies or applicable law.  As such, all rights and defenses, including coverage defenses, related to Claimants' Claims under the Safety National Insurance Policies and applicable law are reserved.

13.    **Other Claims or Causes of Action**. Safety and the Plan Administrator reserve all their rights to their claims and defenses under the Safety National Insurance Policies and the SIR

Debtors:        Bed Bath & Beyond Inc., *et al.*
Case No.        23-13359 (VFP)
Caption of Order:   Stipulation and Consent Order Between Plan Administrator,
                Joseph & Penelope Duczkowski and Safety National Casualty Corporation

with respect to all other unresolved claims (other than those arising from the Incident and the State Court Lawsuit). Nothing in this Stipulation shall be construed as an interpretation, position, or holding regarding the Debtors, Wind-Down Debtors, Safety's, and the Plan Administrator's rights and/or obligations related to or under the Safety National Insurance Policies or any terms thereunder. Rather, this Stipulation is entered into by all Parties as good faith settlement and shall have no bearing or consequence related to any other matter related to Debtors, Wind-Down Debtors, Safety, the Plan Administrator, or any other claim holder that is not the Claimants. Nothing in this Stipulation, nor any actions taken pursuant hereto, shall constitute admissible evidence against any Party in any action or proceeding other than one to enforce the terms of this Stipulation.

14.    **Scheduling Order.** Pending entry of the Stipulation and Consent order, all of the dates and deadlines in the Scheduling Order shall be held in abeyance. In the event that the Bankruptcy Court does not enter the Stipulation and Consent Order, the parties will meet and confer to establish a new scheduling order.

15.    **No Admissions**. Nothing in this Stipulation and Consent Order shall be construed as an admission of liability or wrongdoing, and the Debtors, the Wind-Down Debtors, Safety and the Plan Administrator deny any and all liability and wrongdoing.

16.    **No Plan Modification.** Except for the relief expressly granted herein, nothing in this Stipulation shall amend or otherwise alter the terms and conditions of the Plan and/or Confirmation Order.

17.    **Attorneys' Fees**. The Parties shall bear their own respective attorneys' fees and costs arising from, among other things, this Stipulation, the Stay Relief Motion, Claim 18851 and

4920-7074-3489.2 08728.003                11

| Debtors: | Bed Bath & Beyond Inc., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

the actions of respective counsel to each of the Parties in connection with this matter.

18.     **Retention of Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to resolve any disputes arising from or related to this Stipulation and to interpret, implement and enforce the provisions of this Stipulation.

19.     **Entire Agreement**. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and supersedes any and all prior agreements and undertakings, whether written or oral, between the Parties relating to the subject matter hereof.

20.     **Successors.** This Stipulation is intended by the Parties to binding upon: (a) the Plan Administrator's, the Debtors', and the Wind-Down Debtors' respective successors, agents, assigns, including bankruptcy trustees and estate representatives and (b) Claimants' heirs, administrators, personal representatives, executors, assigns, attorneys, and/or anyone claiming by or through Claimants.

21.     **Authority**. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

22.     **Execution**. This Stipulation may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

23.     **Ambiguity**. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and any claimed ambiguity shall be construed neither for nor against any of the Parties.

24.     **Writing Required**. This Stipulation shall not be modified, altered, amended, or

4920-7074-3489.2 08728.003                                                12

| | |
|---|---|
| Debtors: | Bed Bath & Beyond Inc., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

supplemented except by a writing executed by the Parties or their authorized representatives.

Dated:  July 28, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Edward A. Corma*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin E. Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     rfeinstein@pszjlaw.com
               bsandler@pszjlaw.com
               egray@pszjlaw.com
               ecorma@pszjlaw.com

*Counsel for the Plan Administrator*

Dated:  July 26, 2026

**HUSCH BLACKWELL LLP**

*/s/ Rebecca R. Starner*

Rebecca R. Starner
(NJ I.D. #304872019)
1801 Pennsylvania Ave., NW, Suite 1000
Washington, DC 20006
Tel: 202.378.2300
Email: Rebecca.Starner@huschblackwell.com
- and -
Caleb T. Holzaepfel, Esq.
Admitted pro hac vice
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: 423.755.2654
Email: caleb.holzaepfel@huschblackwell.com

Dated:  July 28, 2026

**PANSINI LAW FIRM, P.C.**

*/s/ Fred Lorusso*

J. Fred Lorusso, Esq.
1525 Locust Street - 15th Floor
Philadelphia, PA 19102
(215) 732-5555 (phone)
(215) 732-7872 (fax)
florusso@pansinilaw.com

*Counsel for Penelope Duczkowski and Joseph Duczkowski*

Dated:  July 28, 2026

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**

*Richard J. Corbi*

Richard J. Corbi, Esq. (admitted *pro hac vice*)
104 West 40th Street, 4th Floor
Tel: (646) 571-2033
Email: rcorbi@corbilaw.com

*Co-Counsel for Penelope Duczkowski and Joseph Duczkowski*

| Debtors: | Bed Bath & Beyond Inc., *et al.* |
| Case No. | 23-13359 (VFP) |
| Caption of Order: | Stipulation and Consent Order Between Plan Administrator, |
| | Joseph & Penelope Duczkowski and Safety National Casualty Corporation |

*Counsel for Safety National Casualty
Corporation*