**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin E. Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          egray@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

1.      I, Lisa Petras:

☐  represent the _____ in this matter.

☒  am the secretary/paralegal for Pachulski Stang Ziehl & Jones LLP, who represents the Plan Administrator.

☐  am the _____ in this matter am representing myself.

2.      On July 21, 2026, I caused true and correct copies of the following to be served upon Anneen Baum (the "Claimant") via the methods listed in the chart below:  Letter from Erin Gray dated July 21, 2026 with the following attachments (i) a free-standing copy of Exhibit A-1 to the proposed Order Sustaining Plan Administrator's Thirty-Second Omnibus Objection to Claims showing only the Plan Administrator's grounds for objection to claims of the Claimant in 16 point font; (ii) Email correspondence and attachments from Erin E.

---

[1]   The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Gray to Claimant dated June 24, 2026, and (iii) Email correspondence and attachments from Erin E. Gray to Claimant dated June 29, 2026. A copy of the documents served on July 21, 2026 is attached as **Exhibit A**.

| Name and Address of Party Served | Mode of Service |
|---|---|
| Anneen Baum<br>*Address Redacted*<br>*Email Addresses Redacted* | ☒ Overnight mail<br>☒ Regular mail<br>☒ Electronic mail |

3.      I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:  July 31, 2026

/s/ *Lisa Petras*

Lisa Petras

4937-1752-7487.1 08728.003

## EXHIBIT A



## PACHULSKI STANG ZIEHL & JONES

**LOS ANGELES**

10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

**NEW YORK**

1700 BROADWAY, 36TH FL.
NEW YORK, NEW YORK 10019
212.561.7700

**WILMINGTON**

919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

**HOUSTON**

700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

**SAN FRANCISCO**

ONE SANSOME STREET, 34TH FL, STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

Erin E. Gray

July 21, 2026

310.277.6910
egray@pszjlaw.com

<u>**Via Email, First Class Mail and Overnight Delivery Service**</u>

Ms. Anneen Baum



(ph)
email:
email:
email:

Re:     **Bed Bath & Beyond, Inc., Case No. 23-13359: 32nd Omnibus Objection to Claims– Claims 12817 and 9413**

Dear Ms. Baum:

This firm represents Michael Goldberg in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond, Inc.).

On May 21, 2026, you were served via first class mail at the above address with a copy of the Plan Administrator's *Thirty-Second Omnibus Objection to Claims* [Docket No. 4741] (the "Objection") and a *Notice of Hearing* [Docket No. 4742] (the "Notice"). [*See* Proof of Service at Docket No. 4746].

Pursuant to the Objection, we notified you that the Plan Administrator was objecting to your Claims on the following grounds:

**Claim 9413 $4,934.83 alleged to be an Administrative Claim**: "The basis of the Claim is unspecified and unsupported. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose

4914-7932-8703.1 08728.003



Ms. Anneen Baum
July 21, 2026
Page 2

from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim."

**Claim 12817: <u>$4,934.83 alleged to be a § 503(b)(9) Administrative Claim and a §507 Priority Claim</u>**: "The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9).  See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim."

The Notice advised you that you that there would be a hearing on the Objection on June 23, 2026 at 10:00 a.m. and that you must file a response with the Court and serve it on our office no later than June 16, 2026 if you oppose the Objection.

It is my understanding that you subsequently reached out to the Court to request an accommodation and to ask that we provide you with a copy of the Objection in a larger font so that you would be able to read the grounds for objection.

On June 24, 2026, I emailed a larger font version of the exhibit to the Objection (which includes the grounds for objection to your Claims as set forth above) to you at the email address you had been using to communicate with the Court: ██████████████

On June 29, 2026, I emailed you a copy of the *Order Granting the Plan Administrator's Thirty Second Omnibus Objection to Claims* [Docket No. 4754 (the "<u>Order</u>"), which continued the hearing on the Objection as to your Claims to August 4, 2026 at 10:00 a.m. and advised you that your opposition, if any, to the Objection must be filed with the Court and served on our office no later than July 28, 2026. I sent the June 29th email to both ███████████████ and ███████████████

On Friday, July 17, 2026, I understand that you contacted the Court and said that you did not receive my June 24, 2026 email, and



Ms. Anneen Baum
July 21, 2026
Page 3

that Mr. Filgueiras emailed you a word version of the Objection at that time.

Our of an abundance of caution and as a courtesy, I am enclosing the following:

1.    A free standing copy of Exhibit A to the Objection showing only the Plan Administrator's grounds for objection to your Claims (as quoted above in the text of this letter) in 16 point font.

2.    A copy of my June 24, 2026 email to you with attachments.

3.    A copy of my June 29, 2026 email to you with attachments.

Please be advised that the Plan Administrator plans to move forward with his Objection to your Claims at the hearing on August 4, 2026. Accordingly, your response, if any, must be filed with the Court and served on my office no later than July 28, 2026.

Very truly yours,

*/s/ Erin E. Gray*

Erin E. Gray

EEG
cc:    Ms. Laura Crossen (*via email*)

4914-7932-8703.1 08728.003

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount and Classification as Filed | | Claim Amount and Classification if Objection Granted | | Grounds for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim as Filed | | Claim if Objection Granted | | |
| | | | | | Claim Class | Claim Amount | Claim Class | Claim Amount | |
| 1 | Baum, Anneen | 7/5/2023 | 9413 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$4,934.83<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim is unspecified and unsupported. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 2 | Baum, Anneen | 7/6/2023 | 12817 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$4,934.83<br>$4,934.83<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9).  See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

**From:** Erin Gray
**Sent:** Wednesday, June 24, 2026 8:16 PM
**To:** ▓▓▓▓▓▓▓▓▓▓
**Cc:** Juan Filgueiras (chambers_of_vfp@njb.uscourts.gov) <chambers_of_vfp@njb.uscourts.gov>
**Subject:** In re Bed Bath & Beyond: 32nd Omnibus Objection to Claims (Docket 4741) (Claims of Annen Baum)

Dear Ms. Baum:

We represent the Plan Administrator in *In re Bed Bath & Beyond, Inc.*

Per your request to the Court, I have attached a copy of the Plan Administrator's 32nd Omnibus Objection to Claims (the "Objection") and the original Notice of Hearing (which I understand the Court may be continuing to August 4, 2026 at 10:00 a.m.). If the Court does reset the hearing to August 4, 2026, please note that your opposition to the Objection must be filed with the clerk of the Court and served on me no later than July 28, 2026 (7 days prior to the hearing). Please review the Notice for more specific instructions. You may serve me by email at this address.

I have also attached a document entitled, "BBB Exhibit 1 to 32nd Omnibus Objection re Anneen Baum" (the "Exhibit") which lists our grounds for objection only to your Claims and is in a slightly larger font.
You will be able to make the font in the Objection, the Notice and the Exhibit appear larger in the view settings for your computer screen.

Please be advised that I am unable to provide you any legal advice in connection with the Objection.

Sincerely,

**Erin Elizabeth Gray**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Mobile: 843.693.8141
egray@pszjlaw.com



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

THIS OMNIBUS OBJECTION SEEKS TO DISALLOW OR RECLASSIFY
CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS
OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
**EXHIBIT 1** ATTACHED TO THE PROPOSED ORDER.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:   rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        egray@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**        **June 23, 2026**<br>**Hearing Time:**        **10:00 a.m. (ET)**<br>**Response Deadline:**   **June 16, 2026** |
| | **ORAL ARGUMENT WAIVED UNLESS<br>RESPONSES ARE TIMELY FILED** |

**PLAN ADMINISTRATOR'S THIRTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS**
**(Miscellaneous Reclassified Administrative Claims)**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4933-1678-8390.6 08728.003

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors" or the "Wind-Down Debtors"), files his *Thirty-Second Omnibus Objection to Claims* (the "Objection").[3] Each claimant ("Claimant") listed on **Exhibit 1** to the proposed order granting this Objection (the "Proposed Order")[4] filed a proof of claim (the "Disputed Claim") that asserts (in whole or in part) an administrative claim. In each case, the Claimant has failed to establish that the Disputed Claims arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the Debtors' estates. Accordingly, the Disputed Claims are not entitled to administrative priority pursuant Bankruptcy Code section 503(b)(1)(A), and the Plan Administrator asks the Court to reclassify each Disputed Claim as a Class 6 General Unsecured Claim, subject to other and further objection.[5] In a number of instances, the Plan Administrator also seeks to disallow a Disputed Claim that has been amended or is a duplicate of another Disputed Claim filed by the same Claimant.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Plan Administrator confirms consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

[4] The Proposed Order is attached to the Objection as **Exhibit A**.

[5] The Objection is supported by the Declaration of Michael Goldberg attached as **Exhibit B** (the "Goldberg Dec.").

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought in this Objection are sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").[6]

## BACKGROUND

**A.    General Background**

4.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

5.      On the Petition Date, the Debtors filed (i) a motion to approve store closing procedures and liquidation sales (the "Closing Motion")[7] and (ii) a motion to approve bidding

---

[6] Bankruptcy Rule 3007(e) authorizes the Plan Administrator to join up to 100 claims in an omnibus objection where the objection is based on the grounds that the claims: (1) duplicate other claims; (2) have been filed in the wrong case; (3) have been amended by subsequently filed proofs of claim; (4) were not timely filed; (5) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) are interests, rather than claims; or (8) assert priority in an amount that exceeds the maximum amount under §507 of the Code. Fed. R. Bankr. P. 3007(d)-(e). District of New Jersey Local Bankruptcy Rule 3007-1 expands the permissible categories for omnibus objections. It provides, "An omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2. *See* 2017 Comment to D.N.J. LBR 3007-2 ("This Rule is new. Promulgated under Bankruptcy Rule 3007(c), the rule expands the grounds upon which an omnibus objection may be based beyond those set forth under Bankruptcy Rule 3007(d).")

[7] *See* Debtors' Motion for Entry of an Order (I)(A) Approving the Auction and Bidding Procedures; (B) Approving

procedures for and a sale of, among other things, the Debtors' intellectual property. (the "Sale Motion").[8] The Closing Motion was approved by the Court on an interim basis on April 25, 2023 [Doc. No. 102] and on a final basis on June 7, 2023 [Doc. No. 641] (the "Closing Orders"].[9] The Sale Motion was approved by the Court on an interim basis on April 25, 2023 [Doc. No. 92] and on a final basis on June 28, 2023 [Doc. No. 1117] (the "Sale Orders").[10]

6.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. No. 2160] (the "Plan").

7.      On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311]

8.      On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims. (Plan, Article IV, at § B)

---

Stalking Horse Bid Protections; (C) Scheduling Bid Deadlines and an Auction; (D) Approving the Form and Manner of Notice Thereof; (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets, and (D) Granting Related Relief [Doc. No. 29].

[8] *See* Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief [Doc. No. 28].

[9] *See* Final Order (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief.

[10] On June 28, 2023, the Court entered its Order (I) Approving the Sale of Acquired Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Their Obligations Under the Stalking Horse Purchase Agreement, (III) Approving Assumption and Assignment of Certain Executory Contracts, and (IV) Granting Related Relief [Doc. No. 1117].

9.    During the chapter 11 cases and pursuant to the Plan, all of the Wind-Down Debtors' Assets were (or are being) liquidated. Before the Effective Date, the Debtors sold the Bed Bath & Beyond, buybuy Baby, and Harmon brands and related intellectual property (including the right to use those names in connection with the buyers' businesses). Any post-confirmation operations associated with the above names are unrelated to the Wind-Down Debtors and will not affect recoveries to creditors under the Plan.

**B.    Claim Objection Bar Date**

10.    The Plan Administrator currently has until September 30, 2026 to object to Claims (the "Claim Objection Bar Date"), which date may be extended by the Court upon the request of the Plan Administrator.[11] Pursuant to the Plan, unless a Court order has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed. (Plan, Article I.A, at § 14).

**C.    Schedules and Claims Process**

11.    On May 30, 2023, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Doc. No. Nos. 499-568, 570-573] (collectively, and as each may have been amended from time to time, the "Schedules and Statements") in the Chapter 11 Cases.

12.    On May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative*

---

[11] Pursuant to the Plan, the "*Claims Objection Bar Date* means the deadline for objecting to a Claim, which shall be on the date that is 180 days after the Effective Date (as may be extended by the Court upon the request of the Debtors or the Wind-Down Debtors)." Plan, Article I.A, at § 28. The original Claims Objection Bar Date was March 27, 2024. Pursuant to subsequent orders, the Court extended the deadline to September 30, 2024 [Doc. No. 2933], March 31, 2025 [Doc. No. 3541], September 29, 2025 [Doc. No. 3963], March 30, 2026 [Doc. No. 4337] and September 30, 2026 [Doc. No. 4634].

*Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim,*

*(IV) Approving Notice Thereof, and (V) Granting Related Relief* [Doc. No. 584] (the "Bar Date

Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the

"Proofs of Claim") in these Chapter 11 cases.

13.      The Bar Date Order established (a) July 7, 2023, as the last date and time for

certain creditors other than governmental units to file Proofs of Claim based on prepetition

Claims against any Debtor (the "General Claims Bar Date"); (b) October 20, 2023, as the last

date and time for each governmental unit to file Proofs of Claim against any Debtor (the

"Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date and (ii) any date this

Court may fix in the applicable order authorizing rejection of any executory contract or

unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the

date of entry of such order, as the deadline by which claimants asserting claims resulting from

the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for

damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on

which the Debtors provided notice of an amendment or supplement to the Schedules, as the

deadline for when claimants holding Claims that the filing, amendment, or supplement affected

must file Proofs of Claim with respect to such claim (the "Rejection Damages Bar Date").

14.      With respect to other Administrative Claims other than claims arising pursuant to

section 503(b)(9), the Bar Date Order provides:

> Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert an Administrative Expense Claim pursuant to 503(b), other than claims arising pursuant to section 503(b)(9), or 507(a)(2), shall submit a written proof of such Claim so that it is actually received by the Notice and Claims Agent before (a) on July 7, 2023 for claims incurred through June 27, 2023, (b) for all claims arising after June 27, 2023, on the 15th day of the month following the month in which the claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"), in accordance with this Bar Date Order; provided, however, that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

Bar Date Order, ¶ 6.[12] The Effective Date of the Plan was September 29, 2023, so the last Administrative Claims Bar Date for claims incurred after July 7, 2023 was October 13, 2023.

15. On June 5, 2023, the Debtors caused a bar date notice to be published in The New York Times. [Doc. No. 638.] With the assistance of Kroll Restructuring Administration LLC (the "Claims Agent"), on May 31, 2023, the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set forth in the Case Management Order. [Doc. No. 893]. The Bar Date Order and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims Agent at https://restructuring.ra.kroll.com/bbby.

---

[12] The Confirmation Order provides, "Except as otherwise provided in the Plan, requests for payment of Administrative Claims must be Filed no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to File and serve a request for such payment of such Administrative Claims that do not file and serve such a request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, any purchasers of their assets, or their respective property, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date." Confirmation Order, ¶ 123.

D.        **Claims Asserted Against the Estates**

16.       As of April 29, 2026, creditors have filed 20,988 proofs of claim against the Debtors ("Total Claims"). To date, the Plan Administrator has filed 31 rounds of omnibus objections to Administrative Claims (unclassified), Priority Tax Claims (unclassified), Other Priority Claims (Class 1) and Other Secured Claims (Class 2) (collectively, the "Administrative and Priority Class Claims"). Through his efforts (including negotiated resolutions), 1,952 Administrative and Priority Class Claims have been disallowed, expunged or reclassified as Class 6 General Unsecured Claims. There are approximately 843 additional Administrative and Priority Class Claims pending review, resolution and/or objection.

17.       While the Plan Administrator and his Professionals have concluded that the majority of the Asserted Administrative and Priority Class Claims are overstated and will be disallowed, significantly reduced, withdrawn and/or reclassified as Class 6 General Unsecured Claims, below is a summary of the outstanding Claims asserted against the Debtors as of the Effective Date and as of April 29, 2026 (excluding the Allowed Claims of the Debtors' pre-petition secured lenders (i.e., the Class 3 (Allowed DIP Claims) and Allowed Class 4 Claims (Allowed FILO Claims)):[13]

---

[13] All Claims figures were provided by the Debtors' Claims and Noticing Agent, Kroll.

| Claim Type | Asserted Amounts as of 09/29/2023 | Current Asserted Amounts as of 04/29/26[14] |
|---|---|---|
| Administrative Claims (11 U.S.C. § 503) | $60.6 million | $29.0 million |
| Priority Claims (11 U.S.C. § 507) (Including Priority Tax Claims and Other Priority Claims) | $348.5 million | $116.1 million |
| Other Secured Claims (11 U.S.C. § 506) | $57.5 million | $48.1 million |
| General Unsecured Claims | $4.2 billion | $2.7 billion |

**E.**    **Source of Funding for Allowed Administrative and Priority Class Claims**

18.    The Plan provides for a Combined Reserve, which is the only guaranteed source of funding for Allowed Administrative Claims (unclassified), Allowed Priority Tax Claims (unclassified), Allowed Other Priority Claims (Class 1) and Allowed Other Secured Claims (Class 2). The Combined Reserve totaled $10 million when it was turned over to the Plan Administrator on the Effective Date. Pursuant to the Confirmation Order, $2.8 million of the Combined Reserve was subject to a set aside for the Texas Taxing Authorities. As of June 30, 2025, the Plan Administrator had paid $1.6 million to the Texas Taxing Authorities (and professionals responsible for negotiating the Texas Tax Claims) from the Combined Reserve on account of their Allowed Class 2 Claims. Currently, there is $8.5 million in the Combined Reserve.[15]

19.    As set forth above, the amount of alleged Administrative and Priority Class Claims greatly exceeds the amount of the Combined Reserve. Accordingly, in the Plan Administrator's business judgment, until he knows the universe of Allowed Administrative and

---

[14] The "Current Asserted Amount" is the total amount claimed in that category as is asserted on the filed Proofs of Claim except: (a) the Current Asserted Amount of any Disallowed Claim is $0.00; (b) the Current Asserted Amount of any claim that has been Allowed is the Allowed Amount per order or stipulation, and (c) the Current Asserted Amount of any satisfied claim is $0.00.

[15] There is a waterfall mechanism in the Plan that provides for a sharing of certain proceeds of the Debtors' Assets after creditors holding Allowed Class 3 Claims and Allowed Class 4 Claims receive payments equal to the "Initial Sharing Threshold," which threshold has not yet been met.

Priority Class Claims, he is not paying any of them to ensure that each Holder of an Allowed

Administrative Claim, Allowed Priority Tax Claim, Allowed Other Secured Claim and Allowed

Other Priority Claim eventually receives its appropriate *pro rata* share of the Combined Reserve.

## RELIEF REQUESTED

20.     The Plan Administrator requests that the Court enter the Proposed Order

reclassifying each Disputed Claim as a Class 6 General Unsecured Claim and/or disallowing

each Disputed Claim that (i) has been amended or (ii) is a duplicate.

21.     While a properly executed and timely filed proof of claim that alleges a *pre-

petition claim* "is deemed allowed, unless a party in interest . . . objects." (11 U.S.C. § 502(a)),

where a Claimant alleges that its claim is entitled to administrative expense status under

Bankruptcy Code section 503, the claimant must both seek *allowance* and establish *entitlement*.

*See* 11 U.S.C. § 503(b) (allowing administrative expenses only "after notice and a hearing".).

Because administrative expenses are given priority over both priority unsecured and general

unsecured creditors, it is generally accepted that its requirements must be strictly construed). *See*

*In re Jughandle Brewing Co., LLC*, 2024 Bankr. LEXIS 1305, *6 (Bankr. D.N.J. June 3, 2024).

22.     As was noted above, each of the Disputed Claims improperly asserts

administrative status pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b). Section 503(b) states, in

relevant part, "After notice and a hearing, there shall be allowed administrative expenses, . . .

including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . ." 11

U.S.C. § 503(b)(1)(A). To establish administrative expense priority under this provision, the

burden is on the Claimant to demonstrate that the obligation claimed as an administrative

expenses (1) arose out a post-petition transaction with the debtor in possession and (2) directly

and substantially benefitted the estate. *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999). The administrative claimant carries "'the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.'" *Id.* at 534 (*quoting In re O'Brien Environmental Energy, Inc.*, No. 94-26723, slip op. at 30 (Bankr. D.N.J. Nov. 8, 1996)); *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172-73 (3rd Cir. 2012) ("The party asserting an administrative expense claim bears the burden of demonstrating that it deserves administrative expense status."). As the Third Circuit has previously noted:

> These requirements balance two important goals. By giving priority to those claims that help keep the debtor-in-possession functioning, "sections 503 and 507 advance the estate's interest in survival above all other financial goals." *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990). By limiting priority to those claims that are actual and necessary, the Code prevents the estate from being consumed by administrative expenses, and preserves the estate for the benefit of the creditors. *See Pa. Dep't of Envtl. Res. v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 690 (3d Cir. 1999) (holding that "Chapter 11 is intended to rehabilitate the debtor and avoid forfeiture by creditors") (quotations and brackets omitted). Consistent with the objective of preserving the estate for creditors, the burden to demonstrate that an expense deserves administrative priority lies with the party asserting such priority.

*In re Marcal Paper Mills, Inc.,* 650 F.3d 311, 315 (3d. Cir. 2011).

23. The Disputed Claims asserted as administrative expense claims should be reclassified because such claims do not satisfy the requirements of section 503(b)(1)(A) of the Bankruptcy Code. Claimants have not provided any evidence demonstrating: (i) that their claims arose from post-petition transactions with the Debtors and (ii) that that their Claims provided an actual and concrete benefit to the Debtors' estates. Because the Claimants have not satisfied their heavy burden under section 503(b)(1)(A), the Disputed Claims asserted as administrative

expense claims under 503(b)(1) should be reclassified as Class 6 General Unsecured Claims, which will remain subject to other and further objection.

## SEPARATE CONTESTED MATTERS

24.      Each claim subject to this Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by this Court will be deemed a separate order with respect to such claim.

## RESERVATION OF RIGHTS

25.      Nothing contained in this Objection or any actions taken by the Plan Administrator pursuant to the relief requested herein is intended or should be construed as (a) an admission as to the validity or amount of any claim against the Debtors; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim or interest; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

26.      The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) or interests that may be asserted. Should one or more of the grounds of objection stated in this Objection be overruled, the Plan Administrator reserves the right to object to the Disputed Claims on any other ground that bankruptcy and non-bankruptcy law permits. *The Plan*

4933-1678-8390.6 08728.003                    12

*Administrator also reserves the right to file other and further objections to any Disputed Claim that is reclassified as a Class 6 General Unsecured Claim pursuant to the Proposed Order.*

## NOTICE

27.     Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings**. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

28.     Pursuant to Paragraph 124, notice of the Objection and the hearing thereon was given to (i) the Claimants holding the Disputed Claims listed on **Exhibit 1** to the Proposed Order at the addresses set forth for notice on the Disputed Claims (which addresses have been redacted for privacy for individual Claimants); (ii) the U.S. Trustee; (iii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (iv) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Objection has been made to this or any other court.

4933-1678-8390.6 08728.003                                         13

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the

Proposed Order attached as **Exhibit A** and granting such other and further relief as is just and

proper under the circumstances.

Dated:  May 19, 2026

*/s/ Edward A. Corma*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         egray@pszjlaw.com
         ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

4933-1678-8390.6 08728.003                                14

**Exhibit A**

**Proposed Order**

4933-1678-8390.6 08728.003

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          egray@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Hearing Date:**　　　**June 23, 2026**<br>**Hearing Time:**　　　**10:00 a.m. (ET)**<br>**Response Deadline:**　**June 16, 2026**<br><br>**Related Doc. No ___** |

### ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS
(Miscellaneous Reclassified Administrative Claims)

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4933-1678-8390.6 08728.003

(Page | 2)

Debtors: BED BATH & BEYOND INC., *et al*.

Case No. 23-13359-VFP

Caption of Order: ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS

---

Upon the objection (the "Objection") [Doc. No. ___][2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. ___, ___], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained.

2. As is set forth in the column entitled "Claim Amount & Classification if Objection Granted" on **Exhibit 1** to this Order, each Disputed Claim is either (i) reclassified as a Class 6 General Unsecured Claim or (ii) disallowed.

3. The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

(Page | 3)

Debtors: BED BATH & BEYOND INC., *et al*.
Case No. 23-13359-VFP
Caption of Order: ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS

---

4. Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5. Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including the Disputed Claims set forth on **Exhibit 1** hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6. Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

3

4933-1678-8390.6 08728.003

(Page | 4)

Debtors: BED BATH & BEYOND INC., *et al.*

Case No. 23-13359-VFP

Caption of Order: ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS

---

7. Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8. The Court shall retain jurisdiction to construe and enforce this Order.

4

**Exhibit 1**

**List of Disputed Claims**

4933-1678-8390.6 08728.003

| | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount & Classification as Filed | | Claim Amount & Classification if Objection Granted | | Grounds for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim as Filed | | Claim if Objection Granted | | |
| | | | | | Claim Class | Claim Amount | Claim Class | Claim Amount | |
| 1 | American Plastic Toys Inc. | 6/27/2023 | 8744 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $10,372.63 $0.00 $0.00 $2,796.47 $13,169.10 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $13,169.10 $13,169.10 | The basis of the Claim is the sale of goods to the Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds: Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 2 | Baum, Annneen | 7/5/2023 | 9413 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $4,934.83 $0.00 $0.00 $0.00 $4,934.83 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $4,934.83 $4,934.83 | The basis of the Claim is unspecified and unsupported. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 3 | Baum, Annneen | 7/6/2023 | 12817 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $4,934.83 $4,934.83 $0.00 $4,934.83 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $4,934.83 $4,934.83 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 4 | CISCO SYSTEMS CAPITAL CORPORATION | 6/30/2023 | 7049 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $26,583.81 $0.00 $0.00 $3,206,871.12 $3,233,454.93 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $0.00 $0.00 | This claim has been amended and superceded by Claim 18085. The Plan Administrator asks that the Court disallow the Claim in full. |
| 5 | City of Ann Arbor Treasurer | 8/30/2023 | 16748 | Bed Bath & Beyond Inc. | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $555.27 $0.00 $0.00 $0.00 $555.27 | Secured Admin 503(b)(9) Priority GUC Total | $0.00 $0.00 $0.00 $0.00 $555.27 $555.27 | The basis of the Claim is prepetition utility services. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | City of Houston Public Works | 10/10/2023 | 18018 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$1,763.76<br>$0.00<br>$0.00<br>$0.00<br>$1,763.76 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,763.76<br>$1,763.76 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 7 | City of Houston Public Works | 10/10/2023 | 18019 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$978.93<br>$0.00<br>$0.00<br>$0.00<br>$978.93 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$978.93<br>$978.93 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 8 | Consumer Energy Company | 7/12/2024 | 20167 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$14,681.50<br>$0.00<br>$0.00<br>$0.00<br>$14,681.50 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$14,681.50<br>$14,681.50 | Claim is related to alleged post-petition utility services. The Plan Administrator objects to the claim on the following grounds: (1) Claim is late filed. (2) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession during the service period requested. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 9 | Designer Greeting | 7/24/2023 | 14853 | Liberty Procurement Co. Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$10,329.60<br>$0.00<br>$0.00<br>$0.00<br>$10,329.60 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$10,329.60<br>$10,329.60 | The basis of the Claim is the sale of goods to Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds:  Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 10 | GoDaddy Corporate Domains, LLC | 6/28/2023 | 7561 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$4,186.50<br>$0.00<br>$0.00<br>$0.00<br>$4,186.50 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,186.50<br>$4,186.50 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| # | Claimant | Date | Claim # | Debtor | Asserted | | Modified | | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|
| 11 | GoDaddy Corporate Domains, LLC | 8/14/2023 | 16191 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$906.00<br>$0.00<br>$0.00<br>$0.00<br>$906.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$906.00<br>$906.00 | The basis of the Claim is a prepetition contract. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 12 | HR Direct | 7/1/2023 | 8618 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$6,271.84<br>$0.00<br>$0.00<br>$0.00<br>$6,271.84 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$6,271.84<br>$6,271.84 | The basis of the Claim is a prepetition contract. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 13 | Isoff, Maternst | 6/19/2023 | 4650 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$500,000.00<br>$0.00<br>$0.00<br>$0.00<br>$500,000.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$500,000.00<br>$500,000.00 | The basis of the Claim is "owed money on credit". The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 14 | Kimes, Dobaniqua | 6/20/2023 | 8978 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$705.00<br>$0.00<br>$0.00<br>$0.00<br>$705.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$705.00<br>$705.00 | "The basis of the claim is "services" The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 15 | Shaftal, Melany | 6/23/2023 | 11490 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$50.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | Claimant has provided no basis on which to detemine the basis of the Claim. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

# Exhibit B

## Declaration of Michael Goldberg

4933-1678-8390.6 08728.003

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         egray@pszjlaw.com
         ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** **June 23, 2026**<br>**Hearing Time:** **10:00 a.m. (ET)**<br>**Response Deadline:** **June 16, 2026** |
| | **ORAL ARGUMENT WAIVED UNLESS RESPONSES ARE TIMELY FILED** |

**DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF**
**PLAN ADMINISTRATOR'S THIRTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS**
**(Miscellaneous Reclassified Administrative Claims)**

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as

follows:

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

1

4933-1678-8390.6 08728.003

1.      I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and 73 affiliated debtors (the "Debtors"). I give this declaration in support of the *Plan Administrator's Thirty-Second Omnibus Objection to Claims (Miscellaneous Reclassified Administrative Claims)* (the "Objection").[3]

2.      Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents and the Objection; (c) information provided to me by, or discussions with, members of my management team, other employees, my Professionals (including the Claims Agent); and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

3.      On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

4.      On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or in the Plan.

2

the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. No. 2160] (the "Plan").

5. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311].

6. On the Effective Date, I became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.

7. The Claims Objection Bar Date is currently September 30, 2026.

8. The amount of alleged Administrative and Priority Class Claims greatly exceeds the amount of the Combined Reserve. Accordingly, in my business judgment, until I know the universe of Allowed Administrative and Priority Class Claims, I am not paying any of them to ensure that each Holder of an Allowed Administrative Claim, Allowed Priority Tax Claim, Allowed Other Secured Claim and Allowed Other Priority Claim eventually receives its appropriate *pro rata* share of the Combined Reserve.

9. In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. My Professionals and I are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying the particular Claims and categories of Claims that are subject to this Objection.

10. Based upon a careful review and analysis of the Disputed Claims identified on **Exhibit 1** to the Proposed Order, the Debtors' books and records, the claims register and the

Court's docket, my Professionals and I have determined that each Claimant has failed to establish that its Disputed Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the Debtors' estates. Accordingly, the Disputed Claims are not entitled to administrative priority pursuant Bankruptcy Code section 503(b)(1)(A), and I ask the Court to reclassify each Disputed Claim as a Class 6 General Unsecured Claim, subject to other and further objection. To the extent that a Disputed Claim is amended by or is a duplicate of another Claim filed by the Claimant, I ask the Court to disallow those Disputed Claims in full.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: May 19, 2026

*/s/ Michael Goldberg*
By: Michael Goldberg
In his capacity as Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) and 73 affiliated debtors

4

4933-1678-8390.6 08728.003

> **THIS OMNIBUS OBJECTION SEEKS TO DISALLOW OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 1 ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         egray@pszjlaw.com
         ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**      **June 23, 2026** |
| | **Hearing Time:**      **10:00 a.m. (ET)** |
| | **Response Deadline:**    **June 16, 2026** |
| | **ORAL ARGUMENT WAIVED UNLESS RESPONSES ARE TIMELY FILED** |

## NOTICE OF OBJECTION TO YOUR CLAIM

**TO:   EACH CLAIMANT LISTED ON EXHIBIT A TO THE OBJECTION**[2]

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[3] and affiliated debtors (the "Debtors"), has filed the enclosed *Plan Administrator's Thirty-Second Omnibus Objection to Claims (Miscellaneous Reclassified Administrative Claims)* (the "Objection"). Pursuant to the Objection and as is specifically set forth on **Exhibit 1** to the Proposed Order (Exhibit A to the Objection), the Plan Administrator asks the Court to enter an order either (i) reclassifying all or a portion of each Disputed Claim as a Class 6 General Unsecured Claim or (ii) disallowing each Dispured CLaim in full. You should look for your name on **Exhibit 1** attached to the Proposed Order (Exhibit A to the Objection) enclosed herewith and review the Objection carefully.

If you disagree with the Objection, you must file a response to the Objection with the Clerk of the Bankruptcy Court at the address below on or before **June 16, 2026.**

> Clerk of Court
> United States Bankruptcy Court
>   for the District of New Jersey
> Martin Luther King, Jr. Federal Building
> 50 Walnut Street
> Newark, NJ 07102

At the same time, you must also serve a copy of the response upon the Plan Administrator's attorneys:

---

[2] In accordance with Local Bankruptcy Rule 3007-2, the Claims Agent served a separate copy of this Notice that was specifically tailored to each individual identified on Exhibit A to the Objection.

[3] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Erin Gray, Esq.
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019

If you file a response, you or your attorney must appear at a hearing on the Objection that will be held before the Honorable Vincent F. Papalia on **June 23, 2026, at 10:00 a.m. Eastern Time** at the United States Bankruptcy Court, Courtroom No. 3B, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, New Jersey 07102.

**PLEASE TAKE NOTICE** that parties may request to appear by Zoom or telephonically by sending an email to Chambers_of_vfp@njb.uscourts.gov by no later than 3:00 p.m. one (1) business day prior to the scheduled hearing.

**IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated:  May 19, 2026

*/s/ Edward A. Corma, Esq.*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        egray@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

4900-8621-6108.1 08728.003

Exhibit 1 to Order Sustaining Plan Administrator's 32nd Omnibus Objection to Claims

| | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount & Classification as Filed | | Claim Amount & Classification if Objection Granted | | Grounds for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim as Filed | | Claim if Objection Granted | | |
| | | | | | Claim Class | Claim Amount | Claim Class | Claim Amount | |
| 1 | Baum, Anneen | 7/5/2023 | 9413 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$4,934.83<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim is unspecified and unsupported. The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 2 | Baum, Anneen | 7/6/2023 | 12817 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$4,934.83<br>$4,934.83<br>$0.00<br>$4,934.83 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,934.83<br>$4,934.83 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9).  See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

**From:** Erin Gray
**Sent:** Monday, June 29, 2026 10:52 AM
**To:**
**Subject:** In re Bed Bath & Beyond, Inc.

Dear Ms. Baum:

Attached please find the Court's order with respect to the Plan Administrator's objection your claims, which continued the hearing, as expected, to 8/4/2026 at 10 am. As I indicated previously, this means that your written response (if any) to the objection must be filed with the court and emailed to me no later than July 28, 2026.

Sincerely,

**Erin Elizabeth Gray**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Mobile: 843.693.8141
egray@pszjlaw.com



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

1

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          egray@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

Order Filed on June 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BED BATH & BEYOND INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

| Hearing Date: | **June 23, 2026** |
|---|---|
| Hearing Time: | **10:00 a.m. (ET)** |
| Response Deadline: | **June 16, 2026** |

**Related Doc. No. 4741**

## ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS
### (Miscellaneous Reclassified Administrative Claims)

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

**DATED: June 24, 2026**

Honorable Vincent F. Papalia
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

4926-0321-6821.5 08728.003

(Page | 2)

Debtors:           BED BATH & BEYOND INC., *et al.*
Case No.           23-13359-VFP
Caption of Order:  ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS

Upon the objection (the "Objection") [Doc. No. 4741][2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. 4742, 4746], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is sustained.

2.      As is set forth in the column entitled "Claim Amount & Classification if Objection Granted" on **Exhibit 1** to this Order, each Disputed Claim is either (i) reclassified as a Class 6 General Unsecured Claim or (ii) disallowed.

3.      The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4926-0321-6821.5 08728.003

(Page | 3)

Debtors:          BED BATH & BEYOND INC., *et al*.
Case No.          23-13359-VFP
Caption of Order: ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-
                  SECOND OMNIBUS OBJECTION TO CLAIMS

4.      Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5.      Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including the Disputed Claims set forth on **Exhibit 1** hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6.      Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4926-0321-6821.5 08728.003

(Page | 4)

| | |
|---|---|
| Debtors: | BED BATH & BEYOND INC., *et al*. |
| Case No. | 23-13359-VFP |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS |

7.     Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8.     The Court shall retain jurisdiction to construe and enforce this Order.

9.     Claim 7049 filed by Cisco Systems Capital Corporation is deemed to have been amended and superseded by Claim 18085 filed by Cisco Systems Capital Corporation and the Claims Agent is authorized to update the official claims register accordingly.

10.     The hearing as to claims 9413 and 12817 filed by Anneen Baum has been continued to August 4, 2026, at 10:00 a.m.

4

4926-0321-6821.5 08728.003

## Exhibit 1

### List of Disputed Claims

4926-0321-6821.5 08728.003

Exhibit 1 to Order Sustaining Plain Administrator's 32nd Omnibus Objection to Claims

| | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim as Filed | | Claim if Objection Granted | | Grounds for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Claim Amount & Classification as Filed** | | **Claim Amount & Classification if Objection Granted** | | |
| | | | | | Claim Class | Claim Amount | Claim Class | Claim Amount | |
| 1 | American Plastic Toys Inc. | 6/27/2023 | 8744 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | The basis of the Claim is the sale of goods to the Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds: Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| | | | | | Admin | $10,372.63 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $2,796.47 | GUC | $13,169.10 | |
| | | | | | Total | $13,169.10 | Total | $13,169.10 | |
| 2 | City of Ann Arbor Treasurer | 8/30/2023 | 16748 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| | | | | | Admin | $555.27 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $555.27 | |
| | | | | | Total | $555.27 | Total | $555.27 | |
| 3 | City of Houston Public Works | 10/10/2023 | 18018 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| | | | | | Admin | $1,763.76 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $1,763.76 | |
| | | | | | Total | $1,763.76 | Total | $1,763.76 | |
| 4 | City of Houston Public Works | 10/10/2023 | 18019 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | The basis of the Claim is prepetition utility services.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023 for which Claimant has not already been paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| | | | | | Admin | $978.93 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $978.93 | |
| | | | | | Total | $978.93 | Total | $978.93 | |

Exhibit 1 to Order Sustaining Plain Administrator's 32nd Omnibus Objection to Claims

| # | Claimant | Date | Claim # | Debtor | | | | |
|---|---|---|---|---|---|---|---|---|
| 5 | Consumer Energy Company | 7/12/2024 | 20167 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$14,681.50<br>$0.00<br>$0.00<br>$0.00<br>$14,681.50 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$14,681.50<br>$14,681.50 | Claim is related to alleged post-petition utility services. The Plan Administrator objects to the claim on the following grounds: (1) Claim is late filed. (2) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession during the service period requested. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 6 | Designer Greeting | 7/24/2023 | 14853 | Liberty Procurement Co. Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$10,329.60<br>$0.00<br>$0.00<br>$0.00<br>$10,329.60 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$10,329.60<br>$10,329.60 | The basis of the Claim is the sale of goods to Debtors pre-petition. The Plan Administrator objects to the claim on the following grounds: Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates. Accordingly, the Claim is not entitled to administrative priority under section 503(b). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 7 | GoDaddy Corporate Domains, LLC | 6/28/2023 | 7561 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$4,186.50<br>$0.00<br>$0.00<br>$0.00<br>$4,186.50 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,186.50<br>$4,186.50 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 8 | GoDaddy Corporate Domains, LLC | 8/14/2023 | 16191 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$906.00<br>$0.00<br>$0.00<br>$0.00<br>$906.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$906.00<br>$906.00 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

Exhibit 1 to Order Sustaining Plain Administrator's 32nd Omnibus Objection to Claims

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | HR Direct | 7/1/2023 | 8618 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | The basis of the Claim is a prepetition contract.  The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any services to the debtors-in-possession on or after April 23, 2023 for which Claimant was not already paid.  As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. | |
| | | | | | Admin | $6,271.84 | Admin | $0.00 | | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | | |
| | | | | | Priority | $0.00 | Priority | $0.00 | | |
| | | | | | GUC | $0.00 | GUC | $6,271.84 | | |
| | | | | | Total | $6,271.84 | Total | $6,271.84 | | |
| 10 | Isoff, Maternst | 6/19/2023 | 4650 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | The basis of the Claim is "owed money on credit". The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. | |
| | | | | | Admin | $500,000.00 | Admin | $0.00 | | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | | |
| | | | | | Priority | $0.00 | Priority | $0.00 | | |
| | | | | | GUC | $0.00 | GUC | $500,000.00 | | |
| | | | | | Total | $500,000.00 | Total | $500,000.00 | | |
| 11 | Kimes, Dobaniqua | 6/20/2023 | 8978 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | "The basis of the claim is "services" The Plan Administrator objects to the claim on the following grounds: (1) According to the Debtors' books and records, Claimant did not provide any goods or services to the debtors-in-possession on or after April 23, 2023. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. | |
| | | | | | Admin | $705.00 | Admin | $0.00 | | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | | |
| | | | | | Priority | $0.00 | Priority | $0.00 | | |
| | | | | | GUC | $0.00 | GUC | $705.00 | | |
| | | | | | Total | $705.00 | Total | $705.00 | | |
| 12 | Shaftal, Melany | 6/23/2023 | 11490 | Bed Bath & Beyond Inc. | Secured | $0.00 | Secured | $0.00 | Claimant has provided no basis on which to detemine the basis of the Claim. As Claimant has not established that the Claim arose from a post-petition transaction with the debtors-in-possession that directly and substantially benefitted the estates, the Claim is not entitled to administrative priority under section 503(b).  While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. | |
| | | | | | Admin | $50.00 | Admin | $0.00 | | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | | |
| | | | | | Priority | $0.00 | Priority | $0.00 | | |
| | | | | | GUC | $0.00 | GUC | $50.00 | | |
| | | | | | Total | $50.00 | Total | $50.00 | | |