**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 1 ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
egray@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** **October 6, 2026**<br>**Hearing Time:** **10:00 a.m. (ET)**<br>**Response Deadline:** **September 29, 2026** |
| | **ORAL ARGUMENT WAIVED UNLESS RESPONSES ARE TIMELY FILED** |

**PLAN ADMINISTRATOR'S THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**
**(Reclassified Priority Claims)**

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

Michael Goldberg, solely in his capacity as the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors" or the "Wind-Down Debtors"), files his *Thirty-Fifth Omnibus Objection to Claims* (the "Objection").[3] Each claimant ("Claimant") listed on **Exhibit 1** to the proposed order granting this Objection (the "Proposed Order") filed a proof of claim (a "Disputed Claim") that asserts (in whole or in part) a priority claim pursuant to various subsections of Bankruptcy Code section 507(a).[4] As is set forth on Exhibit 1 to the Proposed Order and based on a careful review of the Debtors' books and records, none of the Disputed Claims qualify for priority treatment, and the Plan Administrator asks the Court to reclassify each Disputed Claim as a Class 6 General Unsecured Claim.[5]

In many instances, the Plan Administrator contends that all or some portion of each Disputed Claim is not owing at all. The Plan Administrator, however, is not seeking to reduce or disallow any Disputed Claim at this time, only to reclassify them as Class 6 General Unsecured Claims.[6] The Plan Administrator is currently deferring reconciling and filing objections to the vast majority of General Unsecured Claims given that it is unclear at this time whether there will be a distribution to Class 6. He reserves his right to do so, however, at a future date.

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc*., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and Confirmation Order (defined below), as applicable.

[4] In some instances, a Claimant may also contend that its claim is secured and/or entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(9). For the reasons set forth below and on Exhibit 1, all such Disputed Claims should be reclassified as Class 6 General Unsecured Claims.

[5] The Proposed Order is attached to the Objection as **Exhibit A**.

[6] The exception to this is where a Disputed Claim has been amended by or is a duplicate of another Disputed Claim or where the Disputed Claim was filed after the Bar Date. In those instances, the Plan Administrator seeks an order disallowing the Disputed Claim.

Accordingly, the Plan Administrator asks for the Court to enter the Proposed Order reclassifying each Disputed Claim as a Class 6 General Unsecured Claim, subject to other and further objection. In support of the Objection, the Plan Administrator respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Plan Administrator confirms consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Objection are sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").[7]

[7] Bankruptcy Rule 3007(e) authorizes the Plan Administrator to join up to 100 claims in an omnibus objection where the objection is based on the grounds that the claims: (1) duplicate other claims; (2) have been filed in the wrong case; (3) have been amended by subsequently filed proofs of claim; (4) were not timely filed; (5) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) are interests, rather than claims; or (8) assert priority in an amount that exceeds the maximum amount under §507 of the Code. Fed. R. Bankr. P. 3007(d)-(e). District of New Jersey Local Bankruptcy Rule 3007-1 expands the permissible categories for omnibus objections. It provides, "An omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2. *See* 2017 Comment to D.N.J. LBR 3007-2 ("This Rule is new. Promulgated under Bankruptcy Rule 3007(c), the rule expands the grounds upon which an omnibus objection may be based beyond those set forth under Bankruptcy Rule 3007(d).")

## BACKGROUND

### A. General Background

4. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

5. On the Petition Date, the Debtors filed (i) a motion to approve store closing procedures and liquidation sales (the "Closing Motion")[8] and (ii) a motion to approve bidding procedures for and a sale of, among other things, the Debtors' intellectual property. (the "Sale Motion").[9] The Closing Motion was approved by the Court on an interim basis on April 25, 2023 [Doc. No. 102] and on a final basis on June 7, 2023 [Doc. No. 641] (the "Closing Orders"].[10] The Sale Motion was approved by the Court on an interim basis on April 25, 2023 [Doc. No. 92] and on a final basis on June 28, 2023 [Doc. No. 1117] (the "Sale Orders").[11]

---

[8] *See* Debtors' Motion for Entry of an Order (I)(A) Approving the Auction and Bidding Procedures; (B) Approving Stalking Horse Bid Protections; (C) Scheduling Bid Deadlines and an Auction; (D) Approving the Form and Manner of Notice Thereof; (E) Approving the Form APA, and (II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets, and (D) Granting Related Relief [Doc. No. 29].

[9] *See* Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief [Doc. No. 28].

[10] *See* Final Order (I) Authorizing the Debtors to Assume the Consulting Agreements, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief.

[11] On June 28, 2023, the Court entered its Order (I) Approving the Sale of Acquired Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Their Obligations Under the Stalking Horse Purchase Agreement, (III) Approving Assumption and Assignment of Certain Executory Contracts, and (IV) Granting Related Relief [Doc. No. 1117].

6. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. No. 2160] (the "Plan").

7. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311]

8. On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims. (Plan, Article IV, at § B)

9. During the chapter 11 cases and pursuant to the Plan, all of the Wind-Down Debtors' Assets were (or are being) liquidated. Before the Effective Date, the Debtors sold the Bed Bath & Beyond, buybuy Baby, and Harmon brands and related intellectual property (including the right to use those names in connection with the buyers' businesses). Any post-confirmation operations associated with the above names are unrelated to the Wind-Down Debtors and will not affect recoveries to creditors under the Plan.

**B. Claim Objection Bar Date**

10. The Plan Administrator currently has until September 30, 2026 to object to Claims (the "Claim Objection Bar Date"), which date may be extended by the Court upon the request of the Plan Administrator.[12] On August 21, 2026, the Plan Administrator filed this *Sixth*

[12] Pursuant to the Plan, the "*Claims Objection Bar Date* means the deadline for objecting to a Claim, which shall be on the date that is 180 days after the Effective Date (as may be extended by the Court upon the request of the Debtors or the Wind-Down Debtors)." Plan, Article I.A, at § 28. The original Claims Objection Bar Date was March 27, 2024. Pursuant to subsequent orders, the Court extended the deadline to September 30, 2024 [Doc. No. 2933],

*Motion for An Order Extending the Deadline to File Objections to Claims* [Docket No. 4875] which seeks an extension of the Claims Objection Bar Date to March 31, 2027. A hearing on the motion is set for September 15, 2026 at 10:00 a.m. E.T. [Docket No. 4876]

11. Pursuant to the Plan, unless a Court order has been entered allowing it, no Claim is deemed to be Allowed until the Claims Objection Bar Date (along with any bankruptcy court approved extension thereof) has passed. (Plan, Article I.A, at § 14).

**C. <u>Schedules and Claims Process</u>**

12. On May 30, 2023, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Doc. No. Nos. 499-568, 570-573] (collectively, and as each may have been amended from time to time, the "<u>Schedules and Statements</u>") in the Chapter 11 Cases.

13. On May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Doc. No. 584] (the "<u>Bar Date Order</u>") establishing certain dates and deadlines for filing proofs of claim (collectively, the "<u>Proofs of Claim</u>") in these Chapter 11 cases.

14. The Bar Date Order established (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "<u>General Claims Bar Date</u>"); (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the

---

March 31, 2025 [Doc. No. 3541], September 29, 2025 [Doc. No. 3963], March 30, 2026 [Doc. No. 4337] and September 30, 2026 [Doc. No. 4634].

"Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim (the "Rejection Damages Bar Date").

15. With respect to other Administrative Claims other than claims arising pursuant to section 503(b)(9), the Bar Date Order provides:

> Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert an Administrative Expense Claim pursuant to 503(b), other than claims arising pursuant to section 503(b)(9), or 507(a)(2), shall submit a written proof of such Claim so that it is actually received by the Notice and Claims Agent before (a) on July 7, 2023 for claims incurred through June 27, 2023, (b) for all claims arising after June 27, 2023, on the 15th day of the month following the month in which the claim arose, and (c) fourteen days following the effective date of any confirmed plan (the "Administrative Claims Bar Date"), in accordance with this Bar Date Order; provided, however, that notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property—which leases have not been assumed, assumed and assigned, or rejected— shall be required to file Administrative Claims no later than July 21, 2023.

Bar Date Order, ¶ 6.[13] The Effective Date of the Plan was September 29, 2023, so the last Administrative Claims Bar Date for claims incurred after July 7, 2023 was October 13, 2023.

---

13 The Confirmation Order provides, "Except as otherwise provided in the Plan, requests for payment of Administrative Claims must be Filed no later than the Administrative Claims Bar Date. Holders of Administrative

16. On June 5, 2023, the Debtors caused a bar date notice to be published in The New York Times. [Doc. No. 638.] With the assistance of Kroll Restructuring Administration LLC (the "Claims Agent"), on May 31, 2023, the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set forth in the Case Management Order. [Doc. No. 893]. The Bar Date Order and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims Agent at https://restructuring.ra.kroll.com/bbby.

## D. Claims Asserted Against the Estates

1. As of August 1, 2026, creditors have filed 21,041 proofs of claim against the Debtors ("Total Claims"). To date, the Plan Administrator has filed 34 rounds of omnibus objections to Administrative Claims (unclassified), Priority Tax Claims (unclassified), Other Priority Claims (Class 1) and Other Secured Claims (Class 2) (collectively, the "Administrative and Priority Class Claims"). Through his efforts (including negotiated resolutions), 1981 Administrative and Priority Class Claims have been disallowed, expunged or reclassified as Class 6 General Unsecured Claims. There are approximately 832 additional Administrative and Priority Class Claims pending review, resolution and/or objection.

2. While the Plan Administrator and his Professionals have concluded that the majority of the Asserted Administrative and Priority Class Claims are overstated and will be disallowed, significantly reduced, withdrawn and/or reclassified as Class 6 General Unsecured Claims, below is a summary of the outstanding Claims asserted against the Debtors as of the Effective Date and as of August 1, 2026 (excluding the Allowed Claims of the Debtors' pre-

---

Claims that are required to File and serve a request for such payment of such Administrative Claims that do not file and serve such a request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, any purchasers of their assets, or their respective property, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date." Confirmation Order, ¶ 123.

petition secured lenders (i.e., the Class 3 (Allowed DIP Claims) and Allowed Class 4 Claims (Allowed FILO Claims)):[14]

| Claim Type | Asserted Amounts as of 09/29/2023 | Current Asserted Amounts as of 08/01/26[15] |
|---|---|---|
| Administrative Claims (11 U.S.C. § 503) | $60.6 million | $21.6 million |
| Priority Claims (11 U.S.C. § 507) (Including Priority Tax Claims and Other Priority Claims) | $348.5 million | $115.0 million |
| Other Secured Claims (11 U.S.C. § 506) | $57.5 million | $26.3 million |
| General Unsecured Claims | $4.2 billion | $2.7 billion |

## E. <u>Source of Funding for Allowed Administrative and Priority Class Claims</u>

17. The Plan provides for a Combined Reserve, which is the only guaranteed source of funding for Allowed Administrative Claims (unclassified), Allowed Priority Tax Claims (unclassified), Allowed Other Priority Claims (Class 1) and Allowed Other Secured Claims (Class 2). The Combined Reserve totaled $10 million when it was turned over to the Plan Administrator on the Effective Date. Pursuant to the Confirmation Order, $2.8 million of the Combined Reserve was subject to a set aside for the Texas Taxing Authorities. The Plan Administrator has paid $1.6 million to the Texas Taxing Authorities (and professionals responsible for negotiating the Texas Tax Claims) from the Combined Reserve on account of their Allowed Class 2 Claims. Currently, there is $8.7 million in the Combined Reserve.[16]

[14] All Claims figures were provided by the Debtors' Claims and Noticing Agent, Kroll.

[15] The "Current Asserted Amount" is the total amount claimed in that category as is asserted on the filed Proofs of Claim except: (a) the Current Asserted Amount of any Disallowed Claim is $0.00; (b) the Current Asserted Amount of any claim that has been Allowed is the Allowed Amount per order or stipulation, and (c) the Current Asserted Amount of any satisfied claim is $0.00. This figure does not include an additional $3.2 million in requests for payments of administrative claims that are on the docket (as opposed to being filed as proofs of claim).

[16] There is a waterfall mechanism in the Plan that provides for a sharing of certain proceeds of the Debtors' Assets after creditors holding Allowed Class 3 Claims and Allowed Class 4 Claims receive payments equal to the "Initial Sharing Threshold," which threshold has not yet been met.

18. As set forth above, the amount of alleged Administrative and Priority Class Claims greatly exceeds the amount of the Combined Reserve. Accordingly, in the Plan Administrator's business judgment, until he knows the universe of Allowed Administrative and Priority Class Claims, he is not paying any of them to ensure that each Holder of an Allowed Administrative Claim, Allowed Priority Tax Claim, Allowed Other Secured Claim and Allowed Other Priority Claim eventually receives its appropriate *pro rata* share of the Combined Reserve.

**RELIEF REQUESTED**

19. Each Claimant listed on **Exhibit 1** to the Proposed Order filed a proof of claim that asserts (in whole or in part) a priority claim pursuant to Bankruptcy Code section 507(a), which provides a special series of priorities for certain claims related to (1) domestic support obligations (§ 507(a)(1)); (2) expenses of administration allowed under section 503(b) (§ 507(a)(2)); (3) gap claims in involuntary cases (§ 507(a)(3)), (4) certain prepetition wage and commission claims (§ 507(a)(4)); (5) certain prepetition claims for employee benefits (§ 507(a)(5)), (6) claims of grain producers and fisherman (§ 507(a)(6)); (7) prepetition claims for certain deposits (§ 507(a)(7)); (8) tax claims; (§ 507(a)(8)); (9) claims based on debtor's commitment to maintain the capital of an insured institution (§ 507(a)(9)); and (10) personal injury or wrongful death claims caused by a debtor's DUI (§ 507(a)(10)). In some instances, the Claimant also asserts that the Disputed Claim is entitled to administrative priority pursuant Bankruptcy Code section 503(b), or is secured. As is set forth on Exhibit 1 to the Proposed Order, none of the Disputed Claims qualify for priority status, and the Plan Administrator asks the Court to reclassify each Disputed Claim as a Class 6 General Unsecured Claim.

## BASIS FOR RELIEF

### A. None of the Disputed Claims satisfy the requirements of Bankruptcy Code Section 507(a).

20. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The Plan Administrator has the right and the duty to object to the allowance of any Claim that is improper. *See* Plan, Article IV, at § B; 11 U.S.C. § 1106(a)(1).

21. When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, the proof of claim must "allege facts sufficient to support the claim." *Allegheny*, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed prima facie valid. *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (*citing Allegheny*, 954 F.2d at 173–74); *Lampe v. Lampe,* 665 F.3d 506, 514 (3d Cir. 2011).

22. A party wishing to dispute a claim that meets the burden of prima facie validity must produce evidence in sufficient force to negate the claim's prima facie validity. *Allegheny*, 954 F.2d at 173. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. at 173-74. Once the objecting

party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id*.

23. Creditors asserting priority treatment bear the burden of establishing that their claims are legally entitled to priority. *See In re Bos. Reg'l Med. Ctr.*, 264 B.R. 222, 226 (Bankr. D. Mass. 2001) (Holding, in the context of a claim seeking priority pursuant to section 507(a)(8), "because priority contravenes the fundamental bankruptcy principle of equality of distribution among creditors, the claimant bears the **burden** of proving its entitlement to priority, *In re Hemingway Transport, Inc*., 954 F.2d 1, 4-5 (1st Cir.1992), and that courts construe the priority provisions of the Bankruptcy Code narrowly. *Woods v. City National Bank & Trust Co. of Chicago,* 312 U.S. 262, 268, 61 S. Ct. 493, 85 L. Ed. 820 (1941)."), *aff'd Boston Reg'l Med. Ctr., Inc. v. Mass. Div. of Health Care Fin. & Policy (In re Boston Reg'l Med. Ctr., Inc.),* 365 F.3d 51 (1st Cir. Mass., 2004); *In re Miller*, 610 B.R. 678, 681 (Bankr. S.D. Ala. 2019) (Holding, in the context of a claim seeking priority pursuant to section 507(a)(7), "[t]he burden is on the party seeking priority status to prove its claim qualifies."); *In re Elec. Theatre Rests., Inc.*, 85 B.R. 45, 47 (Bankr. N.D. Ohio 1988)(Holding in the context of a claim seeking priority pursuant to section 507(a)(8), "[a]lthough the burden of proof is on the objecting Debtor to sustain its objection to a claim, the party seeking a priority status for its claim is obliged to prove that the requisite elements for a priority claim have been met."); *In re Loader*, 406 B.R. 72, 76 (Bankr. D. Idaho 2009) (Holding in the context of a claim seeking priority pursuant to section 507(a)(10) that the creditor "has the burden of proving, by a preponderance of the evidence, that her claim is entitled to priority.").

24. For the reasons set forth on Exhibit A to the Proposed Order, none of the Disputed Claims qualify for priority treatment under Bankruptcy Code section 507(a). Because the official proof of claim form invites creditors who may not understand the requirements and limitations of section 507(a) to simply check a box to indicate a claim of priority, however, there are many proofs of claim in these cases which appear to have absolutely no basis for a claim of priority. They either do not qualify on their face for priority treatment and/or no evidence is supplied to support the claimed priority. As all of the Creditors holding the Disputed Claims have failed to establish their entitled to priority treatment, the Plan Administrator asks that all of the Disputed Claims be reclassified as a Class 6 General Unsecured Claim, subject to other and further objection.[17]

## SEPARATE CONTESTED MATTERS

25. Each claim subject to this Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by this Court will be deemed a separate order with respect to such claim.

## RESERVATION OF RIGHTS

26. Nothing contained in this Objection or any actions taken by the Plan Administrator pursuant to the relief requested herein is intended or should be construed as (a) an

[17] Some of the Disputed Claims assert that the claim is, in whole or in part, entitled to priority as an Administrative Claim under Bankruptcy Code section 503(b)(9), which provides, "[a]fter notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including---the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). As is set forth on Exhibit 1 to the Proposed Order, none of the Disputed Claims qualifies for priority treatment under section 503(b)(9). In addition, some of the Disputed Claims improperly assert secured status. To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the debtor's estate has an interest. 11 U.S.C. § 506(a). Moreover, Bankruptcy Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). If a creditor cannot demonstrate that its claim is secured by a lien or other security interest in the property of the debtor's estate, the claim must be treated as unsecured.

admission as to the validity or amount of any claim against the Debtors; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim or interest; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

27. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) or interests that may be asserted. Should one or more of the grounds of objection stated in this Objection be overruled, the Plan Administrator reserves the right to object to the Disputed Claims on any other ground that bankruptcy and non-bankruptcy law permits. ***The Plan Administrator also reserves the right to file other and further objections to any Disputed Claim that is reclassified as a Class 6 General Unsecured Claim pursuant to the Proposed Order***.

## NOTICE

28. Notice of this Objection is governed by paragraph 124 of the Confirmation Order, which provides:

> **Notice of Subsequent Pleadings**. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind-Down Debtors and their counsel; (b) the U.S. Trustee; (c) the Plan Administrator; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or Wind-Down Debtors, as applicable, or files a request for notice under Bankruptcy Rule

2002 after the Effective Date. The Notice and Claims Agent shall not be required to file updated service lists.

29. Pursuant to Paragraph 124, notice of the Objection and the hearing thereon was given to (i) the Claimants holding the Disputed Claims listed on **Exhibit 1** to the Proposed Order at the addresses set forth for notice on the Disputed Claims (which addresses have been redacted for privacy for individual Claimants); (ii) the U.S. Trustee; (iii) all parties who filed requests for notice under Bankruptcy Rule 2002 after the Effective Date, and (iv) all parties who are registered to receive electronic notice in these Chapter 11 Cases. The Plan Administrator respectfully submits that such notice is sufficient under the circumstances

## NO PRIOR REQUEST

30. No prior request for the relief sought in this Objection has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the Proposed Order attached as **Exhibit A** and granting such other and further relief as is just and proper under the circumstances.

Dated: August 28, 2026

*/s/ Edward A. Corma*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
egray@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

# **Exhibit A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
egray@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

In re:

BED BATH & BEYOND INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**Hearing Date:** **October 6, 2026**
**Hearing Time:** **10:00 a.m. (ET)**
**Response Deadline:** **September 29, 2026**

**Related Doc. No ___**

**ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**
**(Reclassified Priority Claims)**

The relief set forth on the following pages, numbered two (2) through four (4), is **ORDERED**.

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

---

Upon the objection (the "Objection") [Doc. No. ___][2] of the Plan Administrator, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2, and 9013-1, objecting to the claims identified on the attached **Exhibit 1** (the "Disputed Claims"); and upon consideration of the record of these chapter 11 cases and the *Declaration of Michael Goldberg*; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Objection and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Objection having been provided [Doc. Nos. ___, ___], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained.

2. As is set forth in the column entitled "Claim Amount & Classification if Objection Granted" on **Exhibit 1** to this Order, each Disputed Claim is reclassified as a Class 6 General Unsecured Claim.

3. The Claims and Noticing Agent is authorized to modify the Claims Register to reflect the relief granted by this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4. Nothing in this Order shall affect any party's rights with respect to the Disputed Claims as reclassified, and all parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Plan Administrator's or any estate representative's rights to object in the future to any Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

5. Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Debtors' or Plan Administrator's rights to dispute any claim or interest, including the Disputed Claims set forth on **Exhibit 1** hereto, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in this Objection; (v) a waiver or limitation of any of the Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the Disputed Claims.

6. Each Disputed Claim and the objections by the Plan Administrator thereto, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007. This Order shall be deemed a separate Order with respect to each such Disputed Claim. Any stay of this Order pending appeal by any Claimant whose claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7. Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

8. The Court shall retain jurisdiction to construe and enforce this Order.

# Exhibit 1

## List of Disputed Claims

Exhibit 1 to Order Sustaining Plain Administrator's 35th Omnibus Objection to Claims

| | | | | | Claim as Filed | | Claim if Objection Granted | | |
|---|---|---|---|---|---|---|---|---|---|
| # | Name of Claimant | Date Claim Filed | Claim No. | Debtor Name | Claim Class | Claim Amount | Claim Class | Claim Amount | Grounds for Objection |
| 1 | ABC Works L.L.C. | 5/4/2023 | 189 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$6,370.00<br>$0.00<br>$6,370.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$6,370.00<br>$6,370.00 | Claim is for "services performed" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) (1) Claim does not relate to wages or benefits for services performed during the Priority Period Accordingly, Claim is not entitled to priority under section 507(a)(4) or (a)(5). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 2 | Albu, Madalina | 5/20/2023 | 1868 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$2,887.00<br>$0.00<br>$2,887.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,887.00<br>$2,887.00 | Claim is for "services performed" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim does not relate to wages or benefits for services performed during the Priority Period. Accordingly, Claim is not entitled to priority under section 507(a)(4) or (a)(5). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 3 | Blue Label Systems, Inc. | 5/1/2023 | 96 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$11,550.00<br>$0.00<br>$11,550.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$11,550.00<br>$11,550.00 | Claim is for "services performed" from a third party vendor for services that were performed outside the Priority Period. The Plan Administrator objects to the Claim on the following grounds: (1) Claim does not relate to wages or benefits for services performed during the Priority Period. Accordingly, Claim is not entitled to priority under section 507(a)(4) or (a)(5). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 4 | Boyd, Judith | 5/24/2025 | 20758 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$7,500.00<br>$0.00<br>$7,500.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$7,500.00<br>$7,500.00 | Claim is for "company bankruptcy." Claimant does not identify any basis for treatment as a priority claim under section 507(a). Nor does Claimant provide any supporting documentation. Claim is also late filed. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 5 | Chavez, Ramona | 7/15/2023 | 13131 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $25.00<br>$0.00<br>$25.00<br>$25.00<br>$25.00<br>$25.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$25.00<br>$25.00 | Claim is for "good sold" without any supporting documentation. The Plan Administrator objects to the Claim on the following grounds: (1) Claim does not relate to wages or benefits for services performed during the Priority Period. Accordingly, Claim is not entitled to priority under section 507(a)(4) or (a)(5).(4),(2) Claim is not secured. (3) Claim is not related to goods received by the Debtor within 20 days before the Petition Date and is not entitled to administrative status pursuant to section 503(b)(9). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 6 | Cision US Inc. | 6/21/2023 | 6879 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$3,396.05<br>$56,725.43<br>$60,121.48 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$60,121.48<br>$60,121.48 | Claim is for "services performed" by a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 7 | City of Largo | 1/31/2024 | 19374 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$15,207.21<br>$0.00<br>$15,207.21 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$15,207.21<br>$15,207.21 | Claim is made by a utility provider. The Plan Administrator objects to the Claim on the following grounds: (1) As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8).. (2) Claim was late filed. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 8 | City of Seal Beach | 6/27/2023 | 12545 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$804.25<br>$0.00<br>$804.25 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$804.25<br>$804.25 | Claim is made by a utility provider. The Plan Administrator objects to the Claim on the following grounds: (1) As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8).. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 9 | Consolidated Edison Company of New York, Inc. | 6/29/2023 | 12808 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$11,523.07<br>$0.00<br>$11,523.07 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$11,523.07<br>$11,523.07 | Claim is made by a utility provider. The Plan Administrator objects to the Claim on the following grounds: (1) As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 10 | Creative Circle, LLC | 4/28/2023 | 83 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$188,274.00<br>$223,039.75<br>$411,313.75 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$411,313.75<br>$411,313.75 | Claim is made by a staffing agency. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4). *See In re GUE Liquidation Cos.* , No. 19-11240, 2021 Bankr. LEXIS 784, at *15 (Bankr. D. Del. Mar. 26, 2021)(holding that a claim of a staffing agency is not entitled to priority under section 507(a)(4) which only applies to claims of individuals) While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 11 | De Azevedo, Bruno Campos | 6/2/2026 | 20993 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$300.00<br>$300.00<br>$300.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$300.00<br>$300.00 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 12 | DeSousa, Adelia | 7/5/2023 | 9398 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$150.00<br>$0.00<br>$150.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$150.00<br>$150.00 | The basis of the claim is not identified. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(7), which applies to claims based on certain pre-petition deposits. To the extent Claimant is asserting a Claim based on a gift card, this Court has previously held that gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9).*See* Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117 .While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 13 | Easton Suburban Water Auth | 6/23/2023 | 12532 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$114.29<br>$0.00<br>$114.29 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$114.29<br>$114.29 | Claim is made by a utility provider. The Plan Administrator objects to the Claim on the following grounds: (1) As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 14 | Eaton, Amber Skye | 7/5/2023 | 9256 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$1,650.00<br>$850.00<br>$2,500.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,500.00<br>$2,500.00 | Basis of the Claim is "rental lease" without any supporting documentation. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(7), which applies to claims based on certain pre-petition deposits. To the extent Claimant is asserting a Claim based on a gift card, this Court has previously held that gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 15 | Frew, Saylor | 6/27/2023 | 6643 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$200.00<br>$0.00<br>$200.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$200.00<br>$200.00 | Basis of the Claim is "good sold" without any supporting documentation. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(7), which applies to claims based on certain pre-petition deposits. To the extent Claimant is asserting a Claim based on a gift card, this Court has previously held that gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 16 | Garner, Chrystine | 3/23/2025 | 20668 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$100.00<br>$0.00<br>$100.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$100.00<br>$100.00 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 17 | Go Mama Go Designs LLC | 5/17/2023 | 1552 | BBBY Management Corporation | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$6,526.69<br>$0.00<br>$6,526.69 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$6,526.69<br>$6,526.69 | Claim is for "goods sold and shipped" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 18 | Graham, Driaella | 5/24/2023 | 2500 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$419.70<br>$0.00<br>$419.70 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$419.70<br>$419.70 | Basis of the Claim is services performed outside the Priority Period. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 19 | Greenville Utilities Commission | 6/30/2023 | 12262 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$5,558.58<br>$0.00<br>$5,558.58 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$5,558.58<br>$5,558.58 | Claim is made by a utility provider. The Plan Administrator objects to the Claim on the following grounds: As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 20 | HABIBI IMPORTS/OKL | 6/21/2023 | 12834 | Liberty Procurement Co. Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$195.00<br>$0.00<br>$195.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$195.00<br>$195.00 | Claim is for "goods" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 21 | Hatcher Packs, LLC | 5/24/2023 | 2387 | BBB Canada LP Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$15,150.00<br>$7,574.00<br>$22,724.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$22,724.00<br>$22,724.00 | Claim is for "goods" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 22 | Holder, Julie Anne | 4/1/2024 | 19736 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$116.81<br>$0.00<br>$116.81 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$116.81<br>$116.81 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 23 | Howard County Maryland | 6/13/2023 | 5195 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$448.56<br>$0.00<br>$448.56 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$448.56<br>$448.56 | Basis of the claim is a "disposable bag fee". The Plan Administrator objects to the Claim on the following grounds: (1) As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 24 | Hundley Lane Group | 7/19/2023 | 14265 | Buy Buy Baby, Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$15,150.00<br>$13,720.00<br>$28,870.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$28,870.00<br>$28,870.00 | Claim is for "Store built, construction" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 25 | Hundley Lane Group | 7/19/2023 | 14278 | Buy Buy Baby, Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$15,150.00<br>$12,473.48<br>$27,623.48 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$27,623.48<br>$27,623.48 | Claim is for "Store built, construction" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 26 | Johnson, Melissa | 5/26/2023 | 2708 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$5,239.99<br>$0.00<br>$5,239.99 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$5,239.99<br>$5,239.99 | Claim is for "services performed" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 27 | Johnson , Melissa | 6/30/2023 | 13280 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$5,239.99<br>$0.00<br>$5,239.99 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Claim is a duplicate of claim 2708 and should be disallowed in full. |
| 28 | KARUR GOLDLINE EXPORTS PVT LTD | 6/27/2023 | 8639 | Liberty Procurement Co. Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$287,339.61<br>$0.00<br>$287,339.61 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$287,339.61<br>$287,339.61 | Claim is for "goods sold" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 29 | Mitchell, Alton Antonio | 6/21/2023 | 6627 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$150,000.00<br>$0.00<br>$150,000.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$150,000.00<br>$150,000.00 | Claim is for "services performed" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 30 | Monsoon Impex Private Limited | 5/16/2023 | 1333 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$434,215.27<br>$0.00<br>$434,215.27 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$434,215.27<br>$434,215.27 | Claim is for "goods" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 31 | Morning Glamour LLC | 5/15/2023 | 1250 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$15,150.00<br>$113,070.65<br>$128,220.65 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$128,220.65<br>$128,220.65 | Claim is for "goods" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 32 | Morris, Pamela | 7/6/2023 | 9918 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$7,500.00<br>$0.00<br>$7,500.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$7,500.00<br>$7,500.00 | Claim is for "services performed" from a third party vendor for services that were performed outside the Priority Period. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 33 | Pasargad Carpets, Inc | 5/9/2023 | 316 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$1,500.00<br>$260.00<br>$1,760.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,760.00<br>$1,760.00 | Claim is for "goods sold". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 34 | PopYum LLC | 5/1/2023 | 126 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$14,841.80<br>$0.00<br>$14,841.80 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$14,841.80<br>$14,841.80 | Claim is for "goods sold". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 35 | Quality Export | 5/25/2023 | 2653 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$11,000.00<br>$104,527.98<br>$115,527.98 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$115,527.98<br>$115,527.98 | Claim is for "goods sold". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 36 | RegistryFinder.com LLC | 5/25/2023 | 2565 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$4,347.58<br>$7,646.63<br>$11,994.21 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$11,994.21<br>$11,994.21 | Claim is for "services performed/referral commissions" by a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 37 | S. Guerriero Landscape Maintenance Contractors, Inc. | 5/10/2023 | 679 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$15,150.00<br>$10,394.16<br>$25,544.16 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$25,544.16<br>$25,544.16 | Claim is for "services performed" by a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 38 | Sao Media Labs LLC | 5/10/2023 | 661 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$16,600.00<br>$1,551.13<br>$18,151.13 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$18,151.13<br>$18,151.13 | Claim is for "services performed" by a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 39 | Soji Health | 7/6/2023 | 9680 | Harmon Stores, Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$7,271.81<br>$0.00<br>$7,271.81 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$7,271.81<br>$7,271.81 | Claim is for "goods sold". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 40 | Sun Life Health Insurance Company (U.S.) | 6/26/2023 | 6353 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$51,064.73<br>$0.00<br>$51,064.73 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$51,064.73<br>$51,064.73 | Claim is for "unpaid premiums". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(5). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 41 | Synthesis Home Textiles Private Limited | 5/20/2023 | 1891 | Liberty Procurement Co. Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$379,962.11<br>$0.00<br>$379,962.11 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$379,962.11<br>$379,962.11 | Claim is for goods sold. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 42 | Synthesis Home Textiles Private Limited | 5/15/2023 | 1141 | Liberty Procurement Co. Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$110,005.16<br>$0.00<br>$110,005.16 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$110,005.16<br>$110,005.16 | Claim is for "po cancelled-debit claim". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 43 | Texas Barcode Systems. Ltd. | 6/28/2023 | 12811 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$133.17<br>$1,659.21<br>$1,792.38 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,792.38<br>$1,792.38 | Claim is for "goods and services provided" by a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) As the Claim is not an unsecured claim of a governmental unit for applicable taxes, Claim is not entitled to priority under section 507(a)(8). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 44 | Thompson, Monique Kathlene | 7/4/2023 | 8663 | BBBY Management Corporation | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$600.00<br>$0.00<br>$600.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$600.00<br>$600.00 | Claim is for "goods sold" from a third party vendor. The Plan Administrator objects to the Claim on the following grounds: (1) To the extent Claimant is asserting a Claim based on a gift card, this Court has previously held that gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 45 | Valdez, Carla | 7/3/2023 | 8107 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$539.51<br>$0.00<br>$539.51 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$539.51<br>$539.51 | Basis of the Claim is services performed outside the Priority Period. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 46 | Vega, Moises | 2/13/2025 | 20609 | Bed Bath & Beyond of California Limited Liability Company | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$5,846.85<br>$0.00<br>$5,846.85 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$5,846.85<br>$5,846.85 | Claim is based on a judgment entered against the Debtors post-petition in violation of the automatic stay. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. (2) Claim is also late filed. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 47 | Vietze, Dan | 4/27/2025 | 20718 | BBB Value Services Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$50.00<br>$50.00<br>$0.00<br>$50.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50.00<br>$50.00 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 48 | Wagner Service Solutions INC | 7/3/2023 | 12901 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$10,099.61<br>$0.00<br>$10,099.61 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$10,099.61<br>$10,099.61 | Claim is made by a staffing agency. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4). See In re GUE Liquidation Cos., No. 19-11240, 2021 Bankr. LEXIS 784, at *15 (Bankr. D. Del. Mar. 26, 2021)(holding that a claim of a staffing agency is not entitled to priority under section 507(a)(4) which only applies to claims of individuals) While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 49 | Wowkido LLC | 6/29/2023 | 9139 | Bed Bath & Beyond Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$43,500.00<br>$53,396.69<br>$96,896.69 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$96,896.69<br>$96,896.69 | Basis of the claim is "goods sold". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a)(4), which applies only to "wages, salaries or commissions . . . earned by an individual "or to certain sales commissions earned by independent contractors earned within 180 days of the Petition Date. (2) Nor is Claim entitled to priority under any other subsection of 507(a). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 50 | Xiamen Helios I/E CO. LTD | 6/17/2023 | 4674 | Liberty Procurement Co. Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$62,060.00<br>$0.00<br>$62,060.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$62,060.00<br>$62,060.00 | Basis of the claim is "cargos were ready but the order cancelled". The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 51 | Xiong, Pao | 6/30/2023 | 12267 | bed 'n bath Stores Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>Unliquidated<br>$0.00<br>$0.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Basis of the Claim is not identified nor quantified nor supported. The Plan Administrator objects to the Claim on the following grounds: (1) Claim is not entitled to priority under section 507(a). While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |
| 52 | Zazai, Shoghla | 3/27/2025 | 20678 | Bed Bath & Beyond of California Limited Liability | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$307.00<br>$0.00<br>$307.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$307.00<br>$307.00 | The basis of the Claim appears to be gift cards. As this Court has previously held, gift cards do not qualify for priority pursuant to 11 U.S.C. §§ 507(a)(7), 503(b)(1) or 503(b)(9). See Doc. Nos. 3696, 3734, 3735, 3736, 3737, 3738, 3739, 4114, 4117. While the Plan Administrator reserves his right to further object to the Claim and/or seek its disallowance, at this time, he seeks only to have the Claim reclassified as Class 6 General Unsecured Claim. |

# <u>Exhibit B</u>

## Declaration of Michael Goldberg

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Erin Gray, Esq. (admitted *pro hac vice*)
Edward A. Corma, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
egray@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

In re:

BED BATH & BEYOND INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 23-13359 (VFP)

(Jointly Administered)

**Hearing Date:** **October 6, 2026**
**Hearing Time:** **10:00 a.m. (ET)**
**Response Deadline:** **September 29, 2026**

**ORAL ARGUMENT WAIVED UNLESS RESPONSES ARE TIMELY FILED**

# DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF PLAN ADMINISTRATOR'S THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS

**(Reclassified Priority Claims)**

Pursuant to 28 U.S.C. § 1746, I, Michael Goldberg, under penalty of perjury, declare as follows:

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

3. I am the Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and 73 affiliated debtors (the "Debtors"). I give this declaration in support of the *Plan Administrator's Thirty-Fifth Omnibus Objection to Claims* (the "Objection").[3]

4. Except as otherwise indicated, the statements in this declaration are based on: (a) my personal knowledge of the Debtors' business operations since my appointment as Plan Administrator; (b) my review of relevant documents and the Objection; (c) information provided to me by, or discussions with, members of my management team, other employees, my Professionals (including the Claims Agent); and/or (d) my general experience and knowledge. I am authorized to submit this declaration. If called upon to testify, I can and will testify competently as to the facts set forth herein.

5. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).

6. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. No. 2160] (the "Plan").

---

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or in the Plan.

7. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). [Doc. No. 2311].

8. On the Effective Date, I became the sole representative of the Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.

9. The Claims Objection Bar Date is currently September 30, 2026.

10. The amount of alleged Administrative and Priority Class Claims greatly exceeds the amount of the Combined Reserve. Accordingly, in my business judgment, until I know the universe of Allowed Administrative and Priority Class Claims, I am not paying any of them to ensure that each Holder of an Allowed Administrative Claim, Allowed Priority Tax Claim, Allowed Other Secured Claim and Allowed Other Priority Claim eventually receives its appropriate *pro rata* share of the Combined Reserve.

11. In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. My Professionals and I are in the process of reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying the particular Claims and categories of Claims that are subject to this Objection.

12. Based upon a careful review and analysis of the Disputed Claims identified on **Exhibit 1** to the Proposed Order, the Debtors' books and records, the claims register and the Court's docket, my Professionals and I have determined that none of the Disputed Claims is entitled to priority as a priority pre-petition claim pursuant to Bankruptcy Code section 507(a),

qualifies as a post-petition administrative claim pursuant to Bankruptcy Code section 503(b)(9), or is secured. On that basis, I request that the Court enter the proposed Order reclassifying each Disputed Claim as a Class 6 General Unsecured Claim.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: August 28, 2026

*<u>/s/ Michael Goldberg</u>*
By: Michael Goldberg
In his capacity as Plan Administrator to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) and 73 affiliated debtors