| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert J. Feinstein, Esq. (admitted *pro hac vice*)<br>Bradford J. Sandler, Esq.<br>Erin Gray, Esq. (admitted *pro hac vice*)<br>Edward A. Corma, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>Email: rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>egray@pszjlaw.com<br>ecorma@pszjlaw.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>BED BATH & BEYOND INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered)<br><br>**Continued Hearing Date:**<br>**Hearing Date: November 17, 2026**<br>**Hearing Time: 10:00 a.m. (ET)**<br>**Response Deadline: November 10, 2026**<br><br>**Related Doc No. 4758** |

**STIPULATION AND CONSENT ORDER BETWEEN PLAN ADMINISTRATOR AND SALESFORCE, INC.**

This stipulation and consent order (the "Stipulation") dated October 27, 2026, is made by and between SALESFORCE, INC. ("Claimant") and Michael Goldberg, solely in his capacity as

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bbby.

the Plan Administrator (the "Plan Administrator") to 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)[2] and affiliated debtors (the "Debtors" or the "Wind-Down Debtors") (together, the "Parties"), including, as applicable, by and through their duly authorized undersigned counsel.

## RECITALS

**WHEREAS**, on April 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS**, the Debtors' chapter 11 cases were procedurally consolidated.

**WHEREAS**, on May 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* [Docket No. 584] (the "Bar Date Order").

**WHEREAS**, the Bar Date Order established July 7, 2023 (with respect to most Claims, including some Administrative Claims) and 14 days after the Effective Date (i.e., October 13, 2023) with respect to some Administrative Claims as the dates by which all Claims against the Debtors must be filed (the "Bar Dates").

**WHEREAS**, on September 14, 2023, this Court entered the *Findings of Fact,*

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

*Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Docket No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Docket No. 2160] (as amended, the "Plan").[3]

**WHEREAS,** on September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). On the Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims.[4]

**WHEREAS,** as of the Petition Date, Bed Bath & Beyond, Inc. ("BBB") and Claimant were parties to certain Master Subscription Agreements (along with the applicable order forms, and amendments and schedules thereto, collectively the "Contract").

**WHEREAS,** assuming arguendo that the Contract had not expired pre-petition, it was rejected as of the Effective Date.

**WHEREAS**, Debtor BBB scheduled a general unsecured claim for Claimant in the amount of $ 4,592,474.11(the "Scheduled Claim").[5]

**WHEREAS**, on or about August 15, 2023, Claimant filed Proof of Claim No. 18097

[3] Capitalized terms that are not defined herein have the meanings given to them in the Plan.

[4] *See* Plan, Article IV, at § B ("Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Administrator or the Wind-Down Debtors, as applicable, in consultation with the DIP Agent or FILO Agent, shall have the sole authority to File and prosecute objections to Claims, and the Wind-Down Debtors shall have the sole authority, in consultation with the DIP Agent or FILO Agent, to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.").

[5] *See* Schedule 5269673.

against debtor Bed, Bath & Beyond Inc., which asserts a general unsecured claim for $7,237,376.71 (the "Asserted GUC Claim") and an administrative claim for $ 573,397.15 (the "Asserted Admin Claim") for a total of $7,810,773.86.[6]

**WHEREAS**, on October 13, 2023, Claimant filed an *Application for Payment of Administrative Expense* (the "Application") pursuant to which it sought $573,397.15 as an administrative expense. *See* Doc. No. 2441.

**WHEREAS**, on or about October 19, 2023, the Plan Administrator filed a *Limited Omnibus Objection and Reservation of Rights* with respect to the Application. *See* Doc. No. 2513.

**WHEREAS**, June 29, 2026, pursuant to the *Thirty-Fourth Omnibus Objection to Claims* [Doc. No. 4758] (the "Objection"), the Plan Administrator objected to Claim 18097 and the Application and sought an order reclassifying the entirety of Claim 18097 as a Class 6 General Unsecured Claim.

**WHEREAS**, the current hearing on the Objection is set for November 3 at 10:00 a.m. (the "Hearing").

**WHEREAS**, the Parties have negotiated in good faith and have agreed to settle their disputes with respect to the Objection upon the terms set forth in this Stipulation.

**AGREEMENT**

**NOW, THEREFORE,** in consideration of the foregoing recitals, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and the Parties intending to be legally bound, the Parties agree that:

[6] Claim 7040, also filed by Claimant was previously deemed to be amended and superseded by Claim 18097. *See* Doc. No. 3493.

1. **Incorporation**. The Recitals set forth above are incorporated herein as though fully set forth at length.

2. **Authority**. The Parties warrant that they are authorized to enter into this Agreement and that by the signatures of counsel below, it will become a binding agreement.

3. **Treatment of Claim 18097**

(a) **The Allowed Administrative Claim**: In full and final settlement of the Asserted Admin Claim and the Application, the administrative portion of Claim 18097 shall be reduced and allowed as an expense of administration in the amount of $358,800.00 (the "Allowed Administrative Claim").

(b) **The Asserted GUC Claim**: The remainder of the Asserted Administrative Claim ($214,597.15) shall be reclassified into the Asserted GUC Claim, leaving a total Asserted GUC Claim of $7,451,973.86, which remains subject to other and further objection. Both Parties reserve all their rights to object to and defend any objections to the Asserted GUC Claim.

4. **Scheduled Claim**. The Scheduled Claim is deemed disallowed as having been superseded by Claim 18097.

5. **Distributions on the Allowed Administrative Claim**. The Allowed Administrative Claim will be paid *pro rata* with all other Chapter 11 Allowed Administrative Claims and at the same time that distributions are made on all other Chapter 11 Allowed Administrative Claims in these cases. Claimant acknowledges that the Plan Administrator is not

making distributions on Allowed Administrative Claims at this time, and that the Plan Administrator makes no representations as to the amount and/or timing of any such distributions.

6. **Full Resolution**. Except for the reservation of rights with respect to the Asserted GUC Claim, this Stipulation resolves all of Claimant's claims (whether Unsecured, Secured, Priority, Administrative or otherwise), demands and/or causes of action (whether known or unknown, contingent, unliquidated or liquidated) that Claimant holds against the Debtors and their Estates, the Debtors-in-Possession, the Wind-Down Debtors and their Estates, and/or the Plan Administrator that arose prior to the Stipulation Effective Date. Claimant will not file any additional claims, nor will Claimant seek to amend Claim 18097.

7. **Claims Agent**. The Plan Administrator and his agents and any third parties, (including the Claims and Noticing Agent Kroll Restructuring Administration) are authorized and shall take all actions necessary to effectuate the relief provided by this Stipulation including modifying the Official Claims Register in these cases.

8. **Third Parties**. This Stipulation shall be binding upon and inure to the benefit of the Parties' successors, agents, assigns, including any bankruptcy trustees and estate representatives.

9. **Effective Date**. The effective date of the Stipulation (the "Stipulation Effective Date") shall be the date entered by the Bankruptcy Court.

10. **Hearing**. Upon entry of the Stipulation, the Hearing will be taken off calendar.

11. **No Oral Modifications**. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties or an order of the Bankruptcy Court.

12. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

13. **Attorneys' Fees and Costs**. Each Party shall bear its own fees and costs in connection with these cases, the Objection and the Stipulation.

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Edward A. Corma*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq.
Edward A. Corma, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Plan Administrator*

**WHITE AND WILLIAMS LLP**

James C. Vandermark
James Vandermark
Jeremiah Vandermark
White and Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103
Telephone: (215) 864-6250
vandermarkj@whiteandwilliams.com
vandermarkjj@whiteandwilliams.com

- and -

BIALSON, BERGEN & SCHWAB,
A Professional Corporation

Thomas M. Gaa, Esq.
Gaye N. Heck, Esq.
830 Menlo Avenue, Suite 201
Menlo Park, CA 94025
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: gaye@bbslaw.com

*Counsel to Salesforce, Inc.*